<u>COMPOSITE EXHIBIT D</u>

INFORMATION DOCUMENT REQUEST RESPONSES

# BAKER DONELSON

MONARCH PLAZA · 3414 PEACHTREE ROAD, N.E. · SUITE 1600 · ATLANTA, GEORGIA 30326 ·
404.577.6000 · bakerdonelson.com

IVY N. CADLE
**Direct Dial**: 478.765.1823
**Direct Fax**: 404-221-6501
**E-Mail Address**:
icadle@bakerdonelson.com

January 5, 2022

**VIA ELECTRONIC MESSAGING PLATFORM**

Monica Lord, Revenue Agent
619-615-3762

     Re:   *Morgan Seven Islands 274, LLC – Response to IDR #1-2*

Dear Stephanie:

     We are writing in response to the Information Document Requests #1 and 2 (the "IDRs") dated December 1, 2022, regarding our client, Morgan Seven Islands 274, LLC (EIN 85- 0642017) ("Partnership"), and your audit of its 2020 Form 1065 (U.S. Return of Partnership Income).

     We are providing responses to the IDRs below.  To facilitate review, your requests are set forth in bold text, while our responses are in normal text.  This letter and the responsive documents referenced herein will be uploaded to the agreed upon secure messaging platform.

---

## IDR #1

1. **Copies of all 1065 tax returns and associated K-1s filed for the period 1/1/2020 to 12/31/2020. If more than one return was filed in this period, provide copies of all returns. Include all attachments.**

     The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

2. **Copies of Financial Statements and related notes for tax year December 31, 2020; please include the Certified Public Accountant's audit, review or compilation report.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

3. **A copy of your Form 1065 Preparer's "Tax" Working Trial Balances for the tax year of December 31, 2020, including general ledger to tax reconciliation work papers (including account groupings) created or used in the process of preparing the Federal Income Tax return for the year ended December 31, 2020.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

4. **A copy of the Partnership or LLC Operating Agreements, including all exhibits and attachments, and all amendments from the start of the Partnership through the current date.**

A copy of the Partnership's Operating Agreement and Amended and Restated Operating Agreement are enclosed at Bates Stamp MORG000001.

5. **A copy of the Partners' Basis/Capital Accounts analysis since inception. Describe for each partner how the partnership interest or membership interest was acquired, the nature and amount of the contribution to the partnership made or consideration paid to acquire the partnership interest, when the partnership interest was acquired, and the capital and profits interest represented by the partnership interest.**

Morgan Seven Islands 230, LLC acquired 187.82 acres of real property from (i) Beverly Joy Stephenson and John Lawrence Stephenson, as Co Trustees of the Beverly Joy Stephenson Revocable Trust, Dated July 2, 1999, by virtue of that certain Quitclaim Deed, dated January 2, 2017 and recorded on January 12, 2017 in Deed Book 585, Page 34 in the official records of the Superior Court Clerk Clerk's Office of Morgan County, State of Georgia, and (ii) Robert J. Bell, as the Sole Trustee of The Robert J. Bell Revocable Trust Under Agreement, Dated May 5, 2008, by virtue of that certain Trustees Trustees' Deed, dated January 4, 2017 and recorded on January 12, 2017 in Deed Book 585, Page 52 in the official records of the Superior Court Clerk Clerk's Office of Morgan County, State of Georgia.

Morgan Saffold 23, LLC acquired 86.05 acres from Cheryl Cathey Saffold by virtue of (i) that certain Limited Warranty Deed, dated October 20, 2017 and recorded on November 15, 2017 in Deed Book 599, Page 96 in the official records of the Superior Court Clerk's Office of Morgan County, State of Georgia, and (ii) that certain Limited Warranty Deed, dated May 16, 2018 and recorded on May 29, 2018 in Deed Book 608, Page 880 in the official records of the Superior Court Clerk's Office of Morgan County, State of Georgia.

On June 11, 2020, Morgan Seven Islands 230, LLC contributed 187.82 acres and Morgan Saffold 23, LLC contributed 86.05 acres of real property to Morgan Seven Islands 274, LLC, pursuant to IRC Section 721, in exchange for a 53.99% membership interest and a 46.01%

*****Morgan Seven Islands 274, LLC*****   2

membership interest, respectively, in Morgan Seven Islands 274, LLC. Both Limited Warranty Deeds of Contribution were recorded in Morgan County on June 20, 2020.

On September 17, 2020, Morgan Seven Islands 230, LLC and Morgan Saffold 23, LLC sold 52.91% of the membership interest in the Partnership and 45.09% of the membership interest in the Partnership, respectively, to Buckhead Morgan Investors, LLC.

The following copies are enclosed:

- Membership Interest Purchase and Contribution Agreement between Morgan Saffold 23, Morgan Seven Islands 230 and Buckhead Morgan Investors at Bates Stamp MORG000092;
- Assignment of Membership Interest (Morgan Seven Islands 274) - Morgan Seven Islands 230, LLC and Morgan Saffold 23, LLC to Buckhead Morgan Investors, LLC at Bates Stamp MORG000121;
- QuitClaim Deed - Beverly Joy Stephenson Revocable Trust to Morgan Seven Islands 230, LLC at Bates Stamp MORG000125;
- Trustee's Deed - Robert Bell Revocable Trust to Morgan Seven Islands 230 at Bates Stamp MORG000128;
- Limited Warranty Deed of Contribution – Morgan Saffold 23 to Morgan Seven Islands 274 at Bates Stamp MORG000132;
- Limited Warranty Deed of Contribution - Morgan Seven Islands 230 to Morgan Seven Islands 274 at Bates Stamp MORG000137;
- Limited Warranty Deed - Cheryl Saffold to Morgan Saffold 23 at Bates Stamp MORG000142;
- Limited Warranty Deed - Cheryl Saffold to Morgan Saffold 23 at Bates Stamp MORG000145;
- Corrected Limited Warranty Deed of Contribution - Morgan Seven Islands 230 to Morgan Seven Islands 274 at Bates Stamp MORG000148;
- Corrected Limited Warranty Deed of Contribution - Morgan Saffold 23 to Morgan Seven Islands 274 at Bates Stamp MORG000153;
- Membership Interest Issuance and Contribution Agreement (Morgan Seven Islands 274) - Morgan Seven Islands 230, LLC at Bates Stamp MORG000158; and
- Membership Interest Issuance and Contribution Agreement (Morgan Seven Islands 274) - Morgan Saffold 23, LLC at Bates Stamp MORG000169.

**6. A diagram and narrative of the partnership structure, including all related entities, and an explanation of how the entities interact from a business perspective and the type of return filed by each entity.**

A copy of the Transaction Summary Outline is enclosed at Bates Stamp MORG000179.

**7. A copy of any sales/purchase agreements for 50% or more of the partnership that occurred during the year ending December 31, 2020.**

See the response to IDR #1 Question 5 above.

*****Morgan Seven Islands 274, LLC*****  3

4858-4820-0263

8. **If more than 50% of the partnership/LLC ownership was sold during the twelve-month period ending December 31, 2020, provide a statement listing the total purchase price that was paid, percentage interest sold, and the date of the sale. This should include a membership interest purchase agreement (or similar document) and closing statement for the transaction.**

The Partnership is in process of gathering additional information and contacting third parties and continues to diligently review its records for any documents responsive to this request and will supplement this response when such documents are located.

9. **A brief narrative of the history of the partnership, explaining if it was a TEFRA or BBA partnership during the tax year under audit, when was it started, what significant tax elections have been made, the nature of the business, and the major transactions that have occurred to date. The business plan to make a profit in the future should be adequately explained.**

The information sought in this request is in the Private Placement Memorandum of Buckhead Morgan Investors, LLC, which is enclosed at Bates Stamp MORG000185.

10. **A narrative describing the history of the tax basis of the real estate owned by the LLC. The narrative should answer the following questions: When was the property originally contributed to the LLC and what was the cost basis at that time? Were any adjustments made to the cost basis for I.R.C. § 754 elections or for any other reason? Did the conservation easement donations impact the tax basis of the property? How was this adjustment calculated?**

See the response to IDR #1 Question 5 above.

The Partnership is in process of gathering additional information and contacting third parties and continues to diligently review its records for any documents responsive to this request and will supplement this response when such documents are located.

11. **Copies of any Forms 1099 and 1096 issued for the 2020 calendar year.**

The Partnership is in process of gathering additional information and contacting third parties and continues to diligently review its records for any documents responsive to this request and will supplement this response when such documents are located.

## IDR #2

1. **Summary, listing, worksheet, and any other records identifying all cash and non-cash donations made during 2020. Include the name of the donee organization, the date and amount of the contribution.**

*****Morgan Seven Islands 274, LLC***** 4

4858-4820-0263

The following copies are enclosed:

- Acknowledgement and Receipt of Charitable Donation (Stewardship Fee) - Morgan Seven Islands 274 at Bates Stamp MORG000420;
- Contemporaneous Written Acknowledgment Letter (pursuant to IRC § 170(f)(8)) - Morgan Seven Islands 274 at Bates Stamp MORG000421; and
- Limited Warranty Deed of Gift (The Barn Group Land Trust) - Morgan Seven Islands 274 - RECORDED 12.31.20 (BK 660, PG 982) at Bates Stamp MORG000422.

The Partnership is in process of gathering additional information and contacting third parties and continues to diligently review its records for any documents responsive to this request and will supplement this response when such documents are located.

2. **Worksheets, computations, and any other records showing how the charitable contribution on the 2020 return was computed, including how any limitations and carryovers were computed.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

3. **All Forms 8282 received from the donee organization.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

4. **Provide a detailed history of the subject property including the ownership of the subject property, the use of the subject property, sales or dispositions of any interests or rights in the subject property, and any restrictions placed on the subject property before the date of the donation. Include in your response all attempts to obtain zoning, variances, or permits relating to the subject property. Provide all documents that support your response.**

The Partnership objects to this request on the grounds that it is overly broad and unduly burdensome due to the lack of temporal limitations. Subject to its objection and without waiving the same, in addition to the documents provided in response to IDR # 1 Questions 5 and 9, the Partnership is enclosing a copy of the Title Commitment prepared by Stewart Title Guaranty Company at Bates Stamp MORG000430.

5. **Purchase documents for the subject property by the taxpayer including, but not limited to, all closing documents, purchase offer, purchase agreement, closing statement, title insurance, mortgage(s), deed(s), transfer agreement and any other records showing the original purchase of the property by the taxpayer, including all restrictions and covenants. If the subject property was transferred from a related**

*****Morgan Seven Islands 274, LLC*****     **5**

entity, provide the purchase documents from the seller who had no connection to the taxpayer or related entities.

In addition to the documents provided in response to IDR # 1 Questions 5, the Partnership is enclosing a copies of the following:

- Sellers Closing Certificate (Morgan Seven Islands 230, LLC) at Bates Stamp MORG000448;
- Sellers Closing Certificate (Morgan Saffold 23, LLC) at Bates Stamp MORG000450; and
- Owners Policy of Title Insurance - Morgan Seven Islands 274 - Stewart Title Guaranty Company at Bates Stamp MORG000452.

6. **If not included in the request above, your acquisition date and any consideration or other property exchanged for the subject property.**

See the response to IDR #1 Question 5 and IDR #2 Question 5 above.

7. **Property deed, quit claim deed, transfer agreement, and any other records showing the transfer of property by the donor to the donee, including all restrictions and covenants, modifications, amendments, substitutions, and any drafts of the deed with respect to the subject property.**

See the response to IDR #2 Question 1 above.

8. **All other documents in connection to the donation of the subject property to the donee. Documents would include, documents evidencing the underlying terms of the donation, gift letter, instructions, suggestions on the disposition of the property, restrictions on the use, reserved rights of the donor of the use of the subject property.**

See the response to IDR #2 Question 1 above. Additionally, a copy of the Legal Opinion prepared by the law firm Hall Booth for The Barn Group Land Trust, LLC at Bates Stamp MORG000464.

9. **Contemporaneous written acknowledgement, receipts, letter, and any other records received from the donee acknowledging the receipt of the property at or near the time of the donation.**

See the response to IDR #2 Question 1 above
.

10. **All appraisals and valuations of the subject property that were completed for donation, gifting, financing, valuation, sale, purchase, and any other purpose. Include all appraisals that were completed any time before or after the date of donation.**

A copy of the Qualified Appraisal prepared by Global Valuation Services for Morgan Seven Islands 274 is enclosed at Bates Stamp MORG000474.

**\*\*\*\*\*Morgan Seven Islands 274, LLC\*\*\*\*\***   6

**11. All documents, data, and reports provided to appraisers of the Subject Property; all correspondence between/among appraisers and other advisors consultants, the donor, and the donee of the subject property.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

**12. All documents relating to the appraiser(s), such as engagement letters, highest and best use analyses, reports/communication from third parties regarding the potential development and/or uses of the Subject Property, copies of checks, and/or invoices.**

The Partnership objects to this request to the extent it calls for documents and information protected under the attorney work product doctrine and attorney client privilege. Subject to its objection and without waiving the same, the Partnership states: see response to IDR #2 Questions 10 above. Copies of the following additional responsive documents are enclosed:

- Fee Agreement - Qualified Appraisal - Global Value and Consulting Inc. (Spears) at Bates Stamp MORG000856; and
- Fee Agreement - Amendment - Qualified Appraisal - Global Value and Consulting, Inc. (Spears) - Morgan Seven Islands 274 at Bates Stamp MORG000859.

The Partnership is in process of contacting third parties and continues to diligently review its records for any documents responsive to this request and will supplement this response when such documents are located.

**13. Evidence of fees charged by the appraiser(s), such as engagement letters, highest and best use analyses, reports from third parties regarding the potential development and/or uses of the subject property, copies of checks, and/or invoices not provided in response to the preceding request.**

The Partnership objects to this request to the extent it calls for documents and information protected under the attorney work product doctrine and attorney client privilege. Subject to its objection and without waiving the same, the Partnership states: see response to IDR #2 Questions 10 and 12 above.

The Partnership is in process of contacting third parties and continues to diligently review its records for any documents responsive to this request and will supplement this response when such documents are located.

**14. Provide copies of any timber inventory conducted on the subject property prior to the date of the donation, if applicable.**

NA.

*****Morgan Seven Islands 274, LLC*****    **7**

4858-4820-0263

15. **Provide copies of any agricultural use plan, land management plan, forest management plan or any other management or land use plan for the subject property prior to the date of the donation, if applicable.**

The Partnership is in process of contacting third parties and continues to diligently review its records for any documents responsive to this request and will supplement this response when such documents are located.

16. **Provide copies of all evaluations or reports referenced in the qualified appraisal or relied upon by the appraiser with respect to the subject property.**

See response to IDR #2 Questions 10, above. The Partnership is in the process of contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

17. **Surveys, contracts, cancelled checks, deeds, invoices, settlement statements, acknowledgement statements, and any other records to support the appraised value and cost basis.**

See response to IDR #2 Questions 10, above. The Partnership is in the process of contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

18. **Copy of all documents, data, reports, and letter agreements given to appraisers, and all correspondence among appraisers, the donor, and the donee.**

See response to IDR #2 Questions 10, above. The Partnership is in the process of contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

19. **Listing agreement, broker and real estate contracts or agreements, valuations, advertisements, and any other records related to the listing of the property for sale within five years prior to the donation, and any time after the donation date.**

See response to IDR #2 Questions 10, above. The Partnership is in the process of contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

20. **All executed and draft offers, bids, purchase agreements, accepted or rejected, related to any offer to purchase the property.**

See response to IDR #2 Questions 10, above. The Partnership is in the process of contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

**21. The date, cost, and documentation for all improvements made to the subject property subsequent to the date it was acquired by the taxpayer.**

No improvements have been made to the subject property since it was acquired by the Partnership.

**22. All insurance policies and indemnification agreements related to the subject property or any uses of the property, and any documents related to any premium payments or claims associated with such policies from the time the taxpayer acquired an interest in the property (directly or indirectly) to the date of donation.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

**23. Copies of all loan applications covering the period two years prior to the date of the purchase of the subject property through the donation date.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

**24. For cases where the claimed highest and best use of the subject property is mining, the following documents should be requested; all permit applications, permits, and correspondence to and from the local/county, state, and federal offices regarding the proposed mineral development and all related activities, including but not limited mining, environmental, air quality, water, and other permits.**

NA

**25. Zoning records, legal claims, and ordinances related to the subject property between the purchase date and the donation date.**

As noted in the qualified appraisal, the subject property was annexed into the Town of Buckhead on December 1, 2020. As such, the zoning was changed to Interstate Mixed Use (IMU) District.

**26. All development plans at any stage relating to the subject property from the date of the taxpayer's purchase to the donation date.**

A copy of the Concept Plan for Buckhead Station at Seven Islands prepared by Falcon Design Consultants is enclosed at Bates Stamp MORG000862.

**27. All applications for changes in the zoning of the subject property.**

4858-4820-0263

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

**28. All zoning meeting presentations, meeting notes, etc. during the period the taxpayer has any direct or indirect ownership interest in the property.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

**29. All documents relating to any mitigation with respect to the subject property.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

**30. Identify all encumbrances on the subject property from the date of acquisition to the date of donation.**

See Partnership's response to IDR #2 Question 4, above.

**31. Copy of any homeowner's/property owner's association/area agreement and by laws regarding the uses of the subject property from the time of purchase by the taxpayer to the donation date.**

NA

**32. All conveyance documents pertaining to any real property adjacent to or nearby the subject property in which the taxpayer holds interest directly or indirectly.**

NA

**33. All appraisals, loan applications, property tax valuation or any other document that would indicate the value of any real property adjacent to or nearby the subject property, in which the taxpayer holds an interest directly or indirectly, from the time of purchase of the subject property by the taxpayer to the donation date.**

The Partnership does not hold any other property nearby or adjacent to the subject property.

**34. Copies of any plans, applications, permits, leases, or similar documents pertaining to any use of the subject property or any other real property in which the taxpayer or a related individual or entity, as defined in I.R.C. §§ 267(b) or 707(b), holds an interest.**

The Partnership objects to this request on the grounds that it is overly broad and unduly burdensome as it contains no geographic or temporal limitations. Furthermore, the Partnership

objects to the request on the grounds that it seeks information regarding wholly unrelated pieces of property that have no impact or relation to the Partnership's Form 1065 filed for the year 2020. Subject to its objection and without waiving the same, see the Partnerships responses to IDR #1 Question 9 and IDR #2 Question 26, above.

**35. Correspondence between partners, investors, promoters, third parties, and donnees pertaining to the taxpayer's activities on property adjacent to or near the subject property.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

**36. Identify by providing the address or parcel number all property in close proximity of the subject property owned directly or indirectly by the Taxpayer. The term close proximity means adjacent, contiguous, within the same geographic county, city, neighboring city, or county if near border of a city of county or within 100 miles of the subject property.**

The Partnership objects to the request on the grounds that it seeks information regarding wholly unrelated pieces of property that have no impact or relation to the Partnership's Form 1065 filed for the year 2020.

**37. All real property tax statements for the subject property for the period that includes the date of donation, and the periods from the date of purchase of the property to the date immediately following the donation.**

A copy of the real property tax assessment for the subject property for the years 2020 and 2021 is enclosed at Bates Stamp MORG000863.

**38. All petitions filed and/or requests for property tax adjustments for the subject property from the date of purchase of the subject property to the date immediately following the donation.**

The Partnership did not request a tax adjustment or file an appeal of the tax assessments for the subject property.

**39. All correspondence, including but not limited to, emails, consents, letters, memorandums, notes, documents, in any format relating to the communication between the taxpayer (donor) and the donee regarding the Subject Property.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

4858-4820-0263

40. **Agreements, instructions, contracts, statements, correspondence, letters, and any other records detailing what the donee was allowed to do with the donated property, including any restrictions, intended purpose, target owners, and any other agreements between the donor and the done regarding the transfer of subject property.**

Copies of the following documents are enclosed:

- Baseline Documentation Report at Bates Stamp MORG000871; 4839-0429-3844
- Engagement Letter with The Barn Group Land Trust at Bates Stamp MORG000926;
- The Barn Environmental Group, Inc Articles of Incorporation at Bates Stamp MORG000930;
- Bylaws of The Barn Group Land Trust, Inc. at Bates Stamp MORG000934;
- The Barn Group - Corporate Resolution for Reincorporation at Bates Stamp MORG000942;
- IRS Determination Letter - The Barn Environmental Group Inc. (Oct. 14, 2015) at Bates Stamp MORG000948; and
- Certificate of Existence (The Barn Group) at Bates Stamp MORG000950.

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

41. **All workpapers, summary statements, organizers, questionnaires, and other documents used for, or prepared during, the preparation of the tax return including documents used by the return preparer for the tax year at issue. The names, addresses, and pertinent tax identification numbers of all parties who promoted or recommended investment in the entity that donated the subject property or recommended the Donation.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

42. **Copies of all contracts, purchase/sale agreements, and other documents and materials, including, but not limited to, legal and tax opinions and memoranda provided to you with respect to the subject property.**

In addition to the contracts, purchase/sale agreements, and other documents and materials produced elsewhere in these responses, copies of the following documents are enclosed:

- Certificate of Formation (Buckhead Morgan Investors) at Bates Stamp MORG000951;
- Enclave Investors, LLC - Certificate of Formation at Bates Stamp MORG000953;

4858-4820-0263

- Certificate of Organization and Articles of Organization (Morgan Saffold 23) at Bates Stamp MORG000955;
- Certificate of Organization and Articles of Organization (Morgan Seven Islands 230) at Bates Stamp MORG000957;
- Amended and Restated Operating Agreement of Morgan Seven Islands 230, LLC at Bates Stamp MORG000959;
- Basis and Intent Letter (Hargrave & Freeman) - Morgan Seven Islands 230 (7-9-2019) at Bates Stamp MORG000979;
- Basis and Intent Letter (Hargrave & Freeman) - Morgan Saffold 23 (7-9-2020) at Bates Stamp MORG000980;
- Operating Agreement of Morgan Saffold 23, LLC at Bates Stamp MORG000990;
- Legal Description -Tract 1 and Tract 2 (273.87 acres) at Bates Stamp MORG001010;
- Amended and Restated Operating Agreement of Golden Eagle Capital Investments at Bates Stamp MORG001012;
- Consent of Organizer - Morgan Seven Islands 274, LLC at Bates Stamp MORG001029;
- Market Study Analysis Report at Bates Stamp MORG001030; 4831-9986-7594
- Organization by Unanimous Written Consent of Buckhead Morgan Investors, LLC at Bates Stamp MORG001043;
- Written Consent of Manager in Lieu of Organizational Meeting (Morgan Seven Islands 274) at Bates Stamp MORG001049;
- Phase I Environmental Site Assessment at Bates Stamp MORG001055;
- Development Management Agreement - Morgan Seven Islands 274, Cold River Partners and EvrSource Capital at Bates Stamp MORG001080;
- Limited Liability Company Agreement of Buckhead Morgan Investors, LLC at Bates Stamp MORG001116;
- Management and Consulting Services Agreement - Morgan Seven Islands 274, Buckhead Morgan Investors, EvrSource & Indian Creek at Bates Stamp MORG001151;
- Placement Agreement (Sequence Financial) - Buckhead Morgan Investors at Bates Stamp MORG001157;
- NY Blue Sky Notice – State Notice Further State Notice (NY) – Buckhead Morgan Investors LLC at Bates Stamp MORG001168;
- NY Blue Sky Notice - Form 99 (NY) - Buckhead Morgan Investors at Bates Stamp MORG001169;
- SEC FORM D - Buckhead Morgan Investors, LLC (filed 1.11.21) at Bates Stamp MORG001173;
- Buckhead Morgan Investors, LLC - Power of Attorney at Bates Stamp MORG001083;
- Escrow Letter - Buckhead Morgan at Bates Stamp MORG001185;
- Written Consent of Sole Manager of Buckhead Morgan Investors approving (a) Breaking Escrow, and (b) call for Mandatory Member Vote at Bates Stamp MORG001186;

- Buyers Closing Certificate (Buckhead Morgan Investors) at Bates Stamp MORG001193;
- Written Consent of Members and Manager (i) approving sale of Morgan Seven Islands 274 Interest to Buckhead Morgan Investors,(ii) admission of Buckhead Morgan Investors at Bates Stamp MORG001195;
- Sellers 1446(f) Affidavit (Morgan Saffold 23, LLC) - Buckhead Morgan Investors at Bates Stamp MORG001203;
- Sellers 1446(f) Affidavit (Morgan Seven Islands 230, LLC) - Buckhead Morgan Investors at Bates Stamp MORG001205;
- Written Consent of Sole Manager of Buckhead Morgan Investors (a) Closing of Offering, (b) Approving Purchase of Morgan Seven Islands 274 Interest, (c) Capital Contribution at Bates Stamp MORG001207;
- State Blue Sky Law Notice Filings (EFD Filings) - Buckhead Morgan Investors, LLC (filed 1.12.21) at Bates Stamp MORG001213;
- Written Consent of Manager and Members of Morgan Seven Islands 274 - Mandatory Member Vote on Business Operations (approving donation) at Bates Stamp MORG001223;
- Owner's Affidavit - Morgan Seven Islands 274, LLC at Bates Stamp MORG001228;
- State Securities Filing Acknowledgment (AL) - Buckhead Morgan Investors, LLC at Bates Stamp MORG001241; and
- Form 8283 - Morgan Seven Islands 274 – 2020 at Bates Stamp MORG001233.

Further, the Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

**43. Provide a list of all persons (individually or as representatives of entities) who have knowledge of any aspect of the purchase, appraisal, use, or donation of the subject property.**

The Partnership objects to this request on the grounds that it is overly broad and unduly burdensome. The Partnership wishes to be cooperative and will attempt to respond to a more specific request if it is made.

**44. Copies of any prospectus, private placement memorandum (and supplements thereto), brochures, seminar materials, subscription offers, registration forms, or similar documents explaining to potential investors or subscribed investors the costs and benefits of donating the subject property.**

Copies of the following documents are enclosed:

- Subscription Agreement (Buckhead Morgan Investors) - EvrSource Capital, LLC (109,440 shares) at Bates Stamp MORG001242;
- Subscription Agreement (Buckhead Morgan Investors) - Indian Creek Investments (36,480 shares) at Bates Stamp MORG001248;

*****Morgan Seven Islands 274, LLC*****    14

- Subscription Escrow Agreement (Truist Bank) - Buckhead Morgan Investors at Bates Stamp MORG001254;
- First Amendment to Subscription Escrow Agreement - Buckhead Morgan Investors LLC Truist Bank and Sequence Financial Specialists at Bates Stamp MORG001271;
- Second Amendment to Subscription Escrow Agreement (Truist) – Buckhead Morgan Investors at Bates Stamp MORG001275;
- Private Placement Memorandum of Buckhead Morgan Investors, LLC - FINAL INVESTOR PACKAGE at Bates Stamp MORG001279;
- Closing Settlement Statement for Private Placement and MIPCA at Bates Stamp MORG001514;
- First Supplement to Private Placement Memorandum of Buckhead Morgan Investors, LLC at Bates Stamp MORG001522; and
- Second Supplement to Private Placement Memorandum of Buckhead Morgan Investors LLC at Bates Stamp MORG001525.

**45. The names and addresses of all individuals, entities, and/or governing bodies (the Securities and Exchange Commission, federal and state oversight agencies, etc.) that received any of the materials described.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

**46. The names and addresses of all parties to whom fees or other compensation were paid as a result of the taxpayer's decision to donate the subject property. List the amount of the fees or compensation paid to each party.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

**47. All articles of organization and operating agreements (including any amended and restated operating agreements) governing your S corporation or partnership.**

See the Partnership's response to IDR #1 Question 4 above. In addition, copies of the following documents are enclosed:
- Certificate of Organization and Articles of Organization at Bates Stamp MORG001528; and
- IRS Notice regarding Federal EIN at Bates Stamp MORG001532.

**48. Evidence of payment to the preparer(s) of returns claiming the charitable contribution deduction, such as engagement letters, copies of checks, and/or invoices.**

*****Morgan Seven Islands 274, LLC*****     **15**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

**49. Identify all individuals with whom the taxpayer consulted, discussed, talked with about the donation of the subject property.**

The Partnership is in the process of gathering additional information and contacting third parties to obtain the requested communications and will supplement this response to the extent required by law when such documents are obtained.

If you have any questions, please send them in the form of additional IDRs.

Sincerely,

*Ivy N Cadle*

Ivy N. Cadle, Esq.

Enclosures

4858-4820-0263

# BAKER DONELSON

MONARCH PLAZA · 3414 PEACHTREE ROAD, N.E. · SUITE 1600 · ATLANTA, GEORGIA 30326 ·
404.577.6000 · bakerdonelson.com

J. TYLER COX
**Direct Dial**: 478.765.1820
**Direct Fax**: 404-221-6501
**E-Mail Address**:
tcox@bakerdonelson.com

April 30, 2023

**VIA ELECTRONIC MESSAGING PLATFORM**

Monica Lord, Revenue Agent
619-615-3762

> Re:   *Morgan Seven Islands 274, LLC – Response to IDR #3*

Ms. Lord:

We are writing to supplement our client, Morgan Seven Islands 274, LLC (EIN 85-0642017) ("Partnership")'s response to IDR #1-2, dated January 5, 2023, in response to the Information Document Requests #1 and 2 (the "IDRs") dated December 1, 2022, regarding Partnership, and your audit of its 2020 Form 1065 (U.S. Return of Partnership Income).

To facilitate review, your requests are set forth in bold text, while Partnership's responses are in normal text.  This letter and the responsive documents referenced herein will be uploaded to the agreed upon secure messaging platform.

---

## IDR #3

1. **IDR 1, Item 4 - Amended Op agreement:**
   **(Pg 55) As describe in section 10.6 -**
   **a) Provide the notification documents calling for "BMI Vote on Business Operations"**
   **b) Provide the documents that traced the vote and recorded the outcome.**
   **c) Provide the "Notice of BMI Member Vote" document, discussing results of vote.**

A copy of the notification email calling for the "BMI Vote on Business Operations" is enclosed at MORG003561. A copy of the Copies of the requested documents are enclosed at Bates Stamp MORG003562. A copy of the "Notice of BMI Member Vote" is enclosed at MORG003565.

2.   **IDR 1, Item 5 - Deeds:**
**(pg 128) Deed speaks of ½ interest.**
**a) Who owns the other half?**
**b) Where is that other half referenced? Doc?**
**(pg 130) Mentions 10 acres not part of Deed. Doesn't someone else have 50% of this also, as per page 128? Explain.**

On January 4, 2017, Robert J. Bell, as sole trustee of The Robert J. Bell Revocable Trust, conveyed all of Grantor's right, title and interest, the same being a one-half undivided interest, to Morgan Seven Islands 230, LLC. The same day, Beverly Joy Stephenson and John Lawrence Stevenson conveyed a quit claim deed to Morgan Seven Islands 230, LLC, representing the remaining interest in the property conveyed by Robert J. Bell. See MORG_000125.

The 10.758 acres referenced on MORG_000130 are Morgan County Parcel ID 052 040 B, which is not part of the subject property.

3.   **IDR 1, item 10- Appraisals:**
**Include all appraisals that were completed any time before or after the date of donation.**
**a) Were there no appraisals completed for the multiple sales of Tract 2 (86 acres) from 2017 to 2018? Please provide those appraisals.**
**b) Page 856 engagement letter speaks to the Appraisal conducted for Baker, Donelson, Bearman, Caldwell & Berkowitz, PC. Please provide copy.**

Partnership is not aware of any appraisals completed for the sales of Tract 2 from 2017 to 2018. MORG_000856 references the Kovel Letter entered into between Global Valuation and Consulting, Inc. and Baker Donelson dated August 21, 2020, and does not refer to a separate appraisal prepared for Baker Donelson.

4.   **IDR 1, item 34-Plans:**
**Exam modifies to request for the timeframe of 2017 year to current year, for Morgan County and the surrounding Counties in Georgia.**

Partnership has provided a copy of the Concept plan for the subject property at MORG_000862. Copies of the documents related to the zoning and use of the subject property were provided at MORG_2343 through MORG_003289.

Partnership has an ownership interest in one other parcel in the area specified by this request. Morgan Seven Islands 230, LLC owns a 99% interest in Morgan Seven Islands 42, LLC, which owns Morgan County Tax Parcel # 052 032. Partnership has no responsive documents related to this parcel.

5.   **IDR 1, Item 36:**
**Exam needs to determine if properties are wholly unrelated or if they have impact or relation to Form 1065. Please provide the information requested so I may complete my compliance checks.**

See Partnership's Supplemental Response to IDR#1, Question 36 dated March 31, 2023.

6. **IDR 1, Item 42 (pg 954):**
   **Who are Enclave Investors, LLC?**
   **How are they part of the transaction?**

The Certificate of Formation for Enclave Investors, LLC was inadvertently included in the production at MORG_000953-MORG_000954. Enclave Investors, LLC is wholly unrelated to the Subject Property and the Partnership.

7. **IDR 1-pg 228**
   **OFFERING PG 31- Provide the Appraisal Review conducted by Scot Torkelson of Schmidt Financial, Inc., dba Value Consulting Group ("VCG").**

A copy of the Appraisal Review conducted by Scot Torkelson is enclosed at MORG003567.

8. **IDR 1-pg 291**
   **OFFERING PG 94- Section B. FINANCIAL STATEMENTS AND REPORTS**
   **Provide the report of the financial condition of the Company and the results of its operations, as of the close of the 2022 and 2023 years.**

A copy of the Financial Reports for Morgan Seven Islands and Buckhead Morgan Investors for the years 2021 and 2022 are enclosed at MORG003593.

9. **IDR 2, item 4-use & prohibitions:**
   **Exam modifies request to specify for the timeframe of past 10 years.**

See Partnership's Supplemental Response to IDR #2 Question 4 dated March 31, 2023.

10. **IDR 2- pgs 439 & 440- section 8a-e, Title Insurance document**
    **a) Provide all the Applications for Conservation Use Assessment of Agricultural Property (CUVA), to include CUVAs mentioned in items 8a through 8e.**
    **b) Provide the CUVA acceptance documents and all other communications on the CUVAs.**
    **c) Provide the calculation and all communications on the CUVA Penalty.**
    **(See attachment 1 & pg 1520)**

See the CUVA applications enclosed at MORG003601. See the CUVA communications, calculation, payment and receipts enclosed at MORG003610.

11. **IDR 2- Investor list - pg 1191:**
    **a) Schedule reports $100,000 but investor is marked as N/A.**
    **What happened to these shares?**
    **Who owns?**

The investor listed as "n/a" at MORG001191 is the Taylor Family Trust, EIN 568170842. The investor list at MORG001191 failed to include the name of the Trustee, which was Lester Edward Taylor, Jr. The Investor Voting Tally Sheet enclosed in response to Item 1, above, shows that these shares voted for the charitable donation of the Subject Property on December 30, 2020. Partnership is enclosing a copy of the Subscription Agreement between Taylor Family Trust and Buckhead Morgan Investors, LLC and the Investor Ballot executed by Lester E. Taylor.

**12.     IDR 2- pg 1192 EXH B**
**Provide the missing exhibit B, Member Ballot doc**

A copy of the Buckhead Morgan Investors Investor Ballot Form for Mandatory Member Vote is enclosed at MORG003617.

**13.     IDR 2- pg 1227 Affidavit as to ownership**
**a) Who was this prepared for?**
**b) Was it filed with County Office? Where?**

The affidavit was prepared for Stewart Title Guarantee Company pursuant to Schedule B of the Title Commitment produced at MORG000430. The affidavit was not recorded as the Title Commitment did require the affidavit to be recorded with the county.

**14.     IDR 2- Settlement Agreement- pg 1521**
**See attachment 1 for items requested.**

The payment of $350,000 to EvrSource Capital, LLC was included on line 6 of the Form 8886 for Buckhead Morgan Investors, LLC. The documents related to the CUVA penalty are enclosed in response to IDR#3, Item 10, above. The Appraisal Review is enclosed in response to IDR#3, Item 7, above.

The Fee Agreements between Morgan Seven Islands 274, LLC and Global Valuation and Consulting, Inc. ("Global Valuation") dated August 21, 2020 and January 20, 2021 do not represent a reduction in the fee charged by the appraiser. These are two separate agreements for two separate assignments.

Global Valuation prepared a market analysis to determine the highest and best use of the Property and to identify the key property and market attributes to influence value of the Property in contemplation of the proposed development. Then, pursuant to the August 21, 2020 agreement, the appraiser provided a preliminary valuation of the fair market value of the Property as developed in accordance with the planned development and effective as of October 21, 2020. Pursuant to the January 20, 2021 agreement, the appraiser finalized the qualified appraisal previously provided at MORG000474.

The "Appraisal" referenced in the Closing Statement and Statements of Receipts and Disbursements and for which Golden Eagle Capital Investments, LLC was reimbursed $24,000 is referenced separately on the Form 8886 for Buckhead Morgan Investors, LLC as fees paid to Kenny and Associates, Inc.

Partnership has requested materials from third parties in order to provide complete responses to the questions in this item regarding reimbursements for appraisal related costs.

4866-2787-8992

Partnership will supplement this response when it receives documents and materials from such third parties.

      If you have any questions, please send them in the form of additional IDRs.

                Sincerely,

                J. Tyler Cox, Esq.

Enclosures

# BAKER DONELSON

MONARCH PLAZA · 3414 PEACHTREE ROAD, N.E. · SUITE 1600 · ATLANTA, GEORGIA 30326 ·
404.577.6000 · bakerdonelson.com

IVY N. CADLE
**Direct Dial**: 478.765.1823
**Direct Fax**: 404-221-6501
**E-Mail Address**: icadle@bakerdonelson.com

May 12, 2023

## VIA ELECTRONIC MESSAGING PLATFORM

Monica Lord, Revenue Agent
619-615-3762

     Re:   *Morgan Seven Islands 274, LLC – Response to IDR #4*

Dear Monica:

     We are writing in response to the Information Document Requests #4 (the "IDR") dated April 19, 2023, regarding our client, Morgan Seven Islands 274, LLC (EIN 85- 0642017) ("Partnership"), and your audit of its 2020 Form 1065 (U.S. Return of Partnership Income).

     We are providing responses to the IDRs below.  To facilitate review, your requests are set forth in bold text, while our responses are in normal text.  This letter and the responsive documents referenced herein will be uploaded to the agreed upon secure messaging platform.

---

## IDR #4

**IDR #2 Supplemental response-follow up:**

    **ITEM 4-**
    **a)  MORG001874 -Provide the Due Diligence Review**

     The Partnership objects to this request on the grounds that it calls for material protected under the attorney client privilege and attorney work product doctrines. The Due Diligence Opinion was prepared by Mick Law P.C. will not be produced.

    **ITEM 11-**
    **a)  Provide Appraisal from Larry Singleton.**
    **b)  Correspondence between/among appraisers and the donor, including the Partnership Representative.**

a) Larry Singleton was engaged to prepare an appraisal report in October 2020 when Tom Spears, who had already been hired to prepare an appraisal, was hospitalized in the fall of 2020. However, Tom Spears soon recovered and was able to complete the qualified appraisal himself. Larry Singleton was instructed not to complete the appraisal as it was no longer necessary.

b) The Partnership objects to this request on the grounds that it calls for material protected under the attorney client privilege and attorney work product doctrines.

**ITEM 12-**
a) **MORG003150 - Provide the attorney letter referenced in email, discussing senior complex.**
b) **MORG003190 -Provide the Tax Opinion referenced in email- Wednesday, June 16, 2021 3:08 PM**
c) **Correspondence between donor/Mr. Pearson/Buckhead and Appraiser Thomas Spears.**

a) The attorney letter was never requested as it was determined that it would not be necessary for the project.
b) The tax opinion referenced in this email concerns a different entity, and not Morgan Seven Islands 274, LLC or its members.
c) The Partnership objects to this request on the grounds that it calls for material protected under the attorney client privilege and attorney work product doctrines.

**ITEM 18-**
**All Correspondence among Appraisers and donor**

The Partnership objects to this request on the grounds that it calls for material protected under the attorney client privilege and attorney work product doctrines.

**ITEM 28-**
**Presentation Materials. \*\*Exam does not see these items within correspondence. Provide the presentation materials.**

No presentation materials were used.

**ITEM 45-**
**Provide the names and <u>addresses</u> of "individuals" / entities that received materials.**
**Note: Ledger provided (IDR 1, item 3) has a blank tab for investors personal information/addresses.**

A list of the investors' addresses is enclosed at MORG003619.

**ITEM 49-**
**No communications with appraisers.**

**\*\*\*\*\*Morgan Seven Islands 274, LLC\*\*\*\*\***  **2**

Communications between the Partnership, Baker Donelson, and the appraisers is privileged under the attorney client communications and attorney work product doctrines and will not be produced.

If you have any questions, please send them in the form of additional IDRs.

Sincerely,

*Ivy N Cadle*

Ivy N. Cadle, Esq.

Enclosures

4858-4820-0263

# BAKER DONELSON

MONARCH PLAZA · 3414 PEACHTREE ROAD, N.E. · SUITE 1600 · ATLANTA, GEORGIA 30326 ·
404.577.6000 · bakerdonelson.com

J. TYLER COX
**Direct Dial**: 478.765.1820
**Direct Fax**: 404-221-6501
**E-Mail Address**: tcox@bakerdonelson.com

June 2, 2023

**VIA ELECTRONIC MESSAGING PLATFORM**

Monica Lord, Revenue Agent
619-615-3762

Re: *Morgan Seven Islands 274, LLC*
*Response to Agent's request that Taxpayer produce all privileged documents*

Dear Agent Lord:

I am responding to your message dated May 30, 2023, where you withdrew IDR #5 requesting a privilege log for our client Morgan Sevan Islands 274, LLC. In your message, you state that there is no privilege because *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961) does not apply. You then state that you expect all information and communications withheld from our responses to IDRs 1, 2, and 4 to be produced by June 2, 2023. We offer this response in an effort to cooperate with the Internal Revenue Service in its audit of our client's Form 1065 Tax Return for the year 2020.

We respectfully disagree with your legal interpretation of attorney client privilege. Your request for all withheld communications seeks confidential communications between Morgan Seven Islands 274, LLC and its attorneys. Communications between Morgan Seven Islands 274, LLC and its attorneys are privileged regardless the status of the Kovel letter. As such, we are not at liberty to produce that information.

We must also respectfully disagree with your interpretation attorney client privilege or work-product privilege extended by the Kovel letter. We reached this decision after considering the case citations you provided in your message. *Bernardo v. C.I.R.,* 104 T.C. 677, 683, states that "The attorney-client privilege undeniably extends to communications with "one employed to assist the lawyer in the rendition of professional legal services" and "the attorney-client privilege protects communications or reports by third parties, made at the request of the client, to the client's attorney." *Id. Bernardo* held that communications between the appraiser and the attorney were not privileged because those communications were not kept confidential. They were shared with the accountant in that case, and that is why they were not protected by attorney client privilege. *Id.* Here, Morgan Seven Islands 274, LLC has kept the withheld communications confidential, and we respectfully maintain that attorney-client privilege applies.

The second case you cited in your message is *United States v. Wachovia Bank, N.D.*, 8:09-CV-1443-17AEP, 2011 WL 13302099 (M.D. Fla. June 7, 2011). This case held that an appraiser's communications were not confidential because "nothing in the engagement letter nor in Defendant's pleadings suggest that Comstock's services were 'necessary' or 'highly useful' to the provision of legal advice." *Id.* at 2. As discussed below, this is not the case here.

4885-6057-6103

You correctly point out in your message that page two of the Kovel letter states the intended use of the appraisal report was for "internal management decision making". The full sentence reads "The intended use of the Appraisal and the Appraisal Report is for internal management decision making and financing purposes for the potential donation of a conservation easement on the Property and/or income tax purposes and not for financing purposes." We have dutifully produced the Appraisal and the Appraisal Report to you, as we wish to be as cooperative as possible. However, we must respectfully disagree with your conclusion that no communications between Global and Baker Donelson were made for purposes of assisting Baker Donelson in providing legal advice as we discuss below.

Without waiving the privilege, we point to the Kovel letter dated August 21, 2020 which states that Global was engaged "to provide the law firm of Baker Donelson, Bearman, Caldwell & Berkowitz, PC . . . advisory services in connection with the highest and best use valuation and preparation of a 'qualified appraisal' (as such term is defined under Internal Revenue Code § 170(f)(11)(E) and Treasury Regulation 1.170A-17(a)) (the "Appraisal"), as well as an 'after value' appraisal in connection with a possible conservation easement (collectively, the 'Engagement') for that certain real Property held by Morgan Seven Islands 274, LLC lying in Morgan County, Georgia."

The Kovel letter further states that "The Law Firm is retaining the Consultant to perform the Engagement and to provide technical advice to the Client Group. Further, communications among the Consultant, the Client Group and/or the Law Firm are protected from disclosure through the attorney-client privilege pursuant to *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961). All correspondence related to this engagement (e.g., appraisals, memoranda and reports) shall be addressed to the Law Firm, to the attention of William M. Osterbrock and Ivy N. Cadle."

Based on the above, we believe the withheld communications are privileged. Again, it is our intention to cooperate with the Internal Revenue Service's audit. As such, we are enclosing a privilege log and redacted versions of the withheld documents so as to provide a more thorough explanation of what materials have been withheld and under what grounds. Our cooperation must be limited by our professional and ethical responsibility to maintain the confidentiality of all privileged documents. It is our hope that the enclosed privilege log will show that we have complied with your requests in a manner consistent with Morgan Seven Islands 274, LLC's legal obligations in our efforts to be cooperative in this process. We do want to cooperate with you, and we hope you can see that from the time and effort required to prepare this response.

Sincerely,

J. Tyler Cox, Esq.

Cc:
Ivy Cadle, Esq. (icadle@bakerdonelson.com)
William Osterbrock, Esq. (wosterbrock@osterbrocklaw.com)

Enclosures: Privilege Log

*****Morgan Seven Islands 274, LLC*****   2

4885-6057-6103

# BAKER DONELSON

MONARCH PLAZA · 3414 PEACHTREE ROAD, N.E. · SUITE 1600 · ATLANTA, GEORGIA 30326 ·
404.577.6000 · bakerdonelson.com

Ivy N. Cadle
**Direct Dial**: 478.765.1823
**Fax**: 404-221-6501
**E-Mail Address**: icadle@bakerdonelson.com

June 23, 2023

**VIA Federal Express**

Monica Lord, Revenue Agent
Internal Revenue Service
333 W. Broadway
San Diego, CA 92101

     Re:  *Morgan Seven Islands 274, LLC – Response to IDR #6*

Agent Lord:

     We are writing in response to the Information Document Requests #6 (the "IDR") dated May 9, 2023, regarding our client, Morgan Seven Islands 274, LLC (EIN 85-0642017) ("Partnership"), and your audit of its 2020 Form 1065 (U.S. Return of Partnership Income).

     In our effort to cooperate with the IRS, we are providing responses to the IDR below. To facilitate review, your requests are set forth in bold text, while our responses are in normal text. As further part of this cooperative effort, this letter and the responsive documents referenced herein will be placed on an encrypted USB drive and mailed to you today via Federal Express. You will be faxed a separate letter containing the Federal Express tracking information and the password to access the USB drive.

---

### IDR #6

1. **Per IDR 3, #14 -Provide copies of any market analysis reports.**

     As part of Partnership's ongoing efforts to cooperate with the IRS, the market analysis report in question was provided on January 5, 2022 with Partnership's Response to IDR #1. Please see to Bates Stamp Number MORG000593.

2. **Per IDR 3, #14 -Provide copy of the preliminary valuation of FMV.**

Partnership seeks to cooperate with this audit, and it continues to object to this request and all requests for information protected under the work product and attorney client privilege. The preliminary appraisal was prepared by Tom Spears of Global Valuation and has been kept confidential. It was provided to Partnership only after Partnership and had entered into the previously provided Kovel Letter Agreements. Partnership is endeavoring to cooperate with the IRS in this matter and the materials sought hereunder are subject to the work product and attorney client privilege.

3. **Provided the original contact [sic] to the amended contract on pg 859, of IDR 2 original response.**

The original contract in question was previously provided on January 5, 2022 with Partnership's Response to IDR #1. As we discussed in cooperation with you on May 12, 2023, please see the fee agreement dated August 21, 2020 and signed August 24, 2020 at Bates Stamp Number MORG000856.

4. **Provide all engagement letters/contracts, with Mr. Spears, that total $57,500 listed on MSI F8886.**

In order to cooperate with the IRS's audit of its 2020 tax return more thoroughly, Partnership was able to obtain copies of engagement letters between Global Valuation & Consultants, LLC ("Global Valuation") and third parties by reaching out to those third parties for assistance. Please find the following documents are enclosed:

- On June 6, 2019, Global Valuation and Southern Consulting Services, LLC entered into an engagement letter with to appraise 228 acres of the Subject Property for $31,500. See Bates Stamp Number MORG007213.
- On July 23, 2019, Global Valuation and Southern Consulting Services, LLC replaced the June 6, 2019 engagement letter with a new engagement letter to appraise 321.08 acres of the Subject Property for $42,000. See Bates Stamp Number MORG007215.
- On April 17, 2020, Global Valuation and Southern Consulting Services, LLC entered into an engagement letter with to complete the appraisal of the 321.08 acres for an additional $8,000. See Bates Stamp Number MORG007216.

In addition to the above listed documents, and in a spirit of cooperation with this audit investigation, Partnership refers you to the fee agreements with Global Valuation to which Partnership is a party. Those fee agreements were entered after the Subject Property was transferred to Partnership. A fee agreement was entered into on August 24, 2020 between Global Valuation, Partnership, and Baker Donelson Bearman Caldwell & Berkowitz, P.C. for $10,250. See previously provided Bates Stamp Number MORG000856. On January 27, 2021, Global Valuation, Partnership, and Baker Donelson Bearman Caldwell & Berkowitz, P.C. entered into the

**\*\*\*\*\*Morgan Seven Islands 274, LLC\*\*\*\*\*** **2**

Amended Fee Agreement which change the fee amount from $10,250 to $7,500. See previously provided Bates Stamp Number MORG000859.

Thus, the total amount the that Southern Consulting Services, LLC and Partnership agreed to pay Global Valuation was $57,500 ($42,000 + $8,000 + $7,500).

**5. Provide engagement letter/contract for the $24,000 paid to Mr. Spears, listed on the closing statement. (See attachment to IDR #3)**

As we discussed on May 12th, the $24,000 payment referenced in IDR #3 was a payment to Kenny & Associates, not Mr. Spears. To cooperate with the ongoing audit investigation, a more detailed explanation of the corresponding contract is provided in response to Item 6 below.

**6. Provide the engagement letter and appraisal report prepared by Kenny & Associates.**

In order to cooperate with the IRS's audit of its 2020 tax return more thoroughly, Partnership was able to obtain copies from third parties of the engagement letter and appraisal report requested.

On June 8, 2018, Morgan Seven Islands 230, LLC and Morgan Saffold 23, LLC entered into an engagement with Kenny & Associates under which Kenny & Associates agreed to provide an appraisal report of the subject property for $30,000. On October 1, 2018, Kenny and Associates produced a draft appraisal report. However, the draft report did not include the Market Analysis which Morgan Seven Islands 230, LLC and Morgan Saffold 23, LLC had anticipated. As such, the parties agreed to reduce the appraisal fee from $30,000 to $24,000. The report was not completed as it became apparent the property may be rezoned, making the appraisal irrelevant.

As part of Partnership's ongoing efforts to cooperate with the IRS, a copy of the engagement letter dated June 6, 2018 between Morgan Seven Islands 230, LLC, Morgan Saffold 23, LLC, and Kenny & Associates is enclosed at Bates Stamp Number MORG007217. A copy of the draft appraisal report by Kenny & Associates is enclosed at Bates Stamp Number MORG007222.

If you have any questions, please send them in the form of additional IDRs and we will be happy to provide responses in writing.

Sincerely,

*Ivy N Cadle*

Ivy N. Cadle, Esq.

Enclosures

*****Morgan Seven Islands 274, LLC*****   3

4853-7896-5356