UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MORGAN SEVEN ISLANDS 274, LLC | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**PETITION TO QUASH THE INTERNAL REVENUE SERVICE'S SUMMONS TO MORGAN SEVEN ISLANDS, LLC**

Petitioner, Morgan Seven Islands 274, LLC, through its counsel, pursuant to 26 U.S.C. § 7609(b)(2) petitions this Court to quash the Internal Revenue Service's summons issued upon Morgan Seven Islands 274, LLC, or in the alternative, to modify the scope of the summons as prayed for herein. On personal knowledge of its representatives as to its own activities and upon information and belief of such representatives as to the activities of others, Petitioner alleges the following in support of this Petition:

**INTRODUCTION**

1. This is a proceeding pursuant to 26 U.S.C. § 7609(b)(2) to quash the Internal Revenue Service's ("IRS") summons (the "Summons") issued upon Morgan

Seven Islands 274, LLC ("Petitioner" or "MSI 274") in the matter of the IRS audit of the Form 1065 filed by MSI 274 for the year 2020 (the "Audit"). A copy of the Summons is attached hereto as Exhibit A.

2.  In 2020, MSI 274 made a fee simple donation of certain property consisting of a total of 273.87 acres located in Buckhead, Morgan County, Georgia (the "Property") to The Barn Group Land Trust, Inc. (the "Land Trust"), a Georgia nonprofit corporation and a 501(c)(3) tax-exempt organization and a qualified land trust for purposes of Section 170(h)(3) of the Internal Revenue Code (the "Code") (collectively, the "Transaction").

3.  In connection with the Transaction, MSI 274, by and through its legal counsel, engaged an independent "qualified appraiser", Mr. Thomas Spears of Global Valuation & Consulting, Inc. ("Global Valuation"), to value the Property based on the highest and best use and the effect on the Property should MSI 274 make a "charitable contribution" pursuant to Section 170(c) of the Code of the entire fee simple interest of the Property.

4.  The IRS issued a "Notice of Selection for Examination," dated September 22, 2022, to MSI 274, which put MSI 274 on notice of the Audit (the "Audit Notice"). A copy of the Audit Notice is attached hereto as Exhibit B.

5.      Thereafter, the IRS issued: (a) a "Notice of Administrative Proceeding (NAP) – Partnership" to MSI 274 and (b) a "Notice of Administrative Proceeding (NAP) – Partnership Representative" to Eugene Pearson, in his capacity as "Representative, Designated Individual" for MSI 274 (the "NAPs"), with each NAP dated November 22, 2022.  Copies of the NAPs are attached hereto as Composite Exhibit C.

6.      During the course of the Audit and up to the date of this Petition, the IRS, through Revenue Agent Monica Lord ("Agent Lord"), has issued six (6) separate Information Document Requests (each, an "IDR" and, collectively, the "IDRs") to MSI 274 seeking various documents and records allegedly relevant to the Audit. MSI 274 has provided complete responses to each of the IDRs (the "IDR Responses"). Copies of the IDR Responses are attached hereto as Composite Exhibit D. To date, MSI 274 has produced 718 documents (in total, over 7,350 pages) in connection with the IDR Responses.

7.      The eleventh-numbered request of the second IDR issued by Agent Lord ("IDR #2") requested, *inter alia*, "[a]ll correspondence between/among appraisers [*i.e.*, Mr. Spears] and other advisors [*sic*] consultants, the donor [*i.e.*, MSI 274] and the donee [*i.e.*, the Land Trust] of the subject property [*i.e.*, the Property]."

3

8. MSI 274, by and through counsel, provided Agent Lord with: (A) a fulsome and timely response to IDR #2, (B) a separate letter, dated June 2, 2023, explaining the extension of the attorney-client privilege to Mr. Spears pertaining to the Transaction under *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961) and related case law (the "Privilege Letter"), and (C) a separate privilege log ("Privilege Log") describing the documents that were withheld. The Privilege Letter asserted the attorney-client privilege over all of the documents contained in the Privilege Log.

9. On July 13, 2023, Agent Lord issued the Summons to counsel for MSI 274 via facsimile transmission (the "Summons Issuance Date").[1] *See* Exhibit A.

10. The Summons requires MSI 274 to appear before Agent Lord on August 2, 2023 at 10 a.m. at 2300 Lake Park Drive, Ste. 450, Smyrna, Georgia 30080 or via a Microsoft TEAMS videoconference link to give testimony and produce, for examination, the books, records, paper, and other data requested in the Summons (the "Requested Appearance Date").

11. The Summons requires MSI 274 to mail "the information contained in the included attachment, ATTACHMENT A TO SUMMONS" to Agent Lord by July 27, 2023" (the "Production Date").

---

[1] On July 18, 2023, MSI 274 waived service of the Summons.

4

12. In pertinent part, Section I(A) of Attachment A to the Summons seeks the production of the following correspondence for the time period beginning January 2020 and ending on the date of the filing of the 2020 tax return (the "Time Period"):

> A. Copies of all correspondence: emails, letters, faxes, texts, instant messages, direct messages and any other written communication, between you and the following individuals, to include any attached documents:
>
> 1. Thomas Spears, Global Valuation
> 2. John Pearson/Eugene Pearson, Cold River Partners, LLC
> 3. Eugene Pearson, EvrSource Capital, LLC
>
> and any other individuals with the following organizations:
>
> 4. Global Valuation
> 5. Cold River Partners, LLC
> 6. EvrSource Capital, LLC
>
> and any other individual, company, partnership, or organization that was involved with:
>
> 7. The donation of fee simple property held in Morgan Seven Islands, 274, LLC, located in Buckhead[,] Georgia, to The Barn Group Land Trust, Inc. The Real Property consists of two parcels totaling approximately 273.87 acres, more or less, of mostly unimproved land located in Morgan County, State of Georgia.
> 8. Acquisition of real property/membership interests in Morgan Seven Islands 274, LLC.
> 9. Appraisals of real property described in 7 above.
> 10. Voting on use of the property described in 7 above, or
> 11. Contribution of the property described in 7 above or any interest in the property.

## PARTIES

13. MSI 274 is a limited liability company organized under the laws of the State of Georgia, with its principal place of business located at 6435 Shiloh Road, Suite A, Alpharetta, Georgia 30005.

14. The IRS is a United States government administrative agency.

## JURISDICTION AND VENUE

15. This is an action to quash the IRS Summons served on MSI 274 pursuant to 26 U.S.C. § 7609(b)(2). This Court has jurisdiction over the proceeding pursuant to 26 U.S.C. § 7609(h)(1) because MSI 274 resides and can be found in the Northern District of Georgia.

16. The Summons Issuance Date occurred on July 13, 2023 and, therefore, this Petition is timely filed within the 20 days allotted by 26 U.S.C. § 7609(b)(2)(a).[2]

## PETITION TO QUASH

17. Under 26 U.S.C. § 7602(a)(1), the IRS may summon a party to produce documents or records which may be "relevant or material" to the liability of any person.

---

[2] Twenty days following July 13, 2023 is August 2, 2023.

4857-8929-1890v5

18. While the IRS has broad power to issue summons under 26 U.S.C. § 7602, this power remains "subject to the traditional privileges and limitations." *United States v. Euge*, 444 U.S. 707, 714 (1980). Challenges to an IRS summons may be based upon the assertion of "appropriate defenses." *Id.* at 719.

19. In order to succeed in enforcing a summons, the IRS "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed." *United States v. Powell*, 379 U.S. 48, 57-58, 85 S. Ct. 248, 255 (1964). These four (4) factors are generally known as the "*Powell* factors."

20. A district court may quash an IRS summons if the resisting party disproves <u>any</u> of the four *Powell* factors or successfully challenges the summons on any appropriate ground. Such grounds include the violation of a substantial countervailing policy, an excessive burden placed on a taxpayer, and overbreadth of the summons. *United States v. Cox*, 73 F. Supp. 2d 751, 758 (S.D. Tex. 1999). "A summons may not be enforced when it represents an abuse of the court's process, such as when it is issued solely to harass a party, to pierce legal privileges, to pressure settlement of collateral disputes, or for any other "bad faith" purpose." *Id.*

21. The Summons was issued, on its face, for an improper purpose. Specifically, the Summons is neither directed at, nor limited to, records relating to the supposed tax liability of MSI 274. Instead, the Summons deliberately targets documents previously withheld by MSI 274 pursuant to claimed privilege.

22. Even if the Summons had been issued for a proper purpose, the manner in which it is written is so overbroad and invasive as to render it unenforceable and the blatant overbreadth can only reasonably be attributed to an IRS fishing expedition to: (1) harass MSI 274, (2) improperly obtain privileged material to which IRS is not entitled, and (3) pressure MSI 274 to settle unrelated collateral issues.

23. On the basis of this Petition and the timely beginning of this proceeding, *see* Paragraph 16 of this Petition, MSI 274 shall not be required to appear for the Requested Appearance and shall not appear before the IRS, if at all, to give the testimony or produce the records requested in the Summons until this Court has adjudicated and ruled upon this Petition, all pursuant to 26 U.S.C. § 7609(d)(2).

Documentation Already in the IRS's Possession

24. As stated above in Paragraph 6 of this Petition, Agent Lord has already issued six (6) IDRs in the course of the Audit and MSI 274 has delivered the IDR Responses.

25. Therefore, to the extent the Summons requests documentation either: (A) already in the possession of the IRS by virtue of being delivered to the IRS within the IDR Responses or (B) withheld by MSI 274 from the IDR Responses on the basis of an applicable, claimed privilege (and, thus, the IRS is not entitled to lawful possession of same), then the Summons violates the third *Powell* factor.

Privileges

26. As listed above in Paragraph 12 of this Petition, the requests in Sections I(A)(1) and I(A)(5) of Attachment A of the Summons, seeks correspondence between MSI 274 and: (1) Thomas Spears, Global Valuation, and (5) any other individuals with Global Valuation.

27. To the extent that these requests seek the same correspondence that is withheld subject to the Privilege Letter and described in the Privilege Log, then these requests seek information already in possession of the IRS and/or have been made in an effort to pierce the legal privileges claimed in the Privilege Letter over the withheld documents described in the Privilege Log, in either case, in violation of the third *Powell* factor. *See* Paragraphs 20 & 21 of this Petition.

Legitimate Purpose - Overbreadth

28. "An IRS summons is overbroad if it 'does not advise the summoned party what is required of him with sufficient specificity to permit him to respond

9

4857-8929-1890v5

adequately to the summons.'" *United States v. Medlin*, 986 F.2d 463, 467 (11th Cir. 1993). In contrast, a "summons is not overbroad if it 'specifie[s] the subject matter of the documents requested, the source of those documents and the limited time period from which the documents [a]re to be drawn.'" *Miccosukee Tribe of Indians v. United States*, 698 F.3d 1326, 1332 (11th Cir. 2012).

29.   Importantly, while the Summons (in Section I of Attachment A) separately defines the term "Transaction", this term is <u>not</u> employed to limit the scope of the requests for correspondence listed in Section I(A) of Attachment A of the Summons to those pertaining to the Transaction. These requests in Section I(A) are also <u>not</u> limited to correspondence pertaining to the Property.

30.   Rather, and as outlined above in Paragraph 12 of this Petition, Section I(A) of Attachment A of the Summons requests "all correspondence" between MSI 274 and any of Thomas Spears, John Pearson (in his alleged capacity on behalf of one business entity), Eugene Pearson (in his capacity on behalf of any of three business entities), and five separate business entities, <u>all without regard to the subject matter of such correspondence</u>. In other words, these requests for correspondence wholly lack specificity as to their subject matter and, thus, subjects <u>all</u> correspondence during the applicable time period between MSI 274, on the one hand, and each of these persons or entities, on the other, to production pursuant to

10

the Summons. Such potentially limitless requests flies in the face of the Congressional intent to limit the IRS's power to summon documentation and testimony to that which is "relevant or material" to the tax liability of any person, as expressed in 26 U.S.C. § 7602(a)(1). Furthermore, the utter lack of specificity in these requests fails to permit MSI 274 to respond adequately to the Summons under *Medlin.*

31.     Throughout the Time Period, MSI 274, Cold River Partners, LLC, EvrSource Capital, LLC, and other custodian individuals and entities that were involved in the Transaction engaged in near constant email correspondence regarding many potential and completed business transactions including, but not limited to, the Transaction.

32.     Eugene Pearson serves as a principal of MSI 274, Cold River Partners, LLC, EvrSource Capital, LLC, and other entities involved in the Transaction.

33.     From a preliminary review of Eugene Pearson's business email correspondence with relevant custodians, it is readily apparent that he has not always made clear in his communications regarding which exact entity he is writing on behalf of. Additionally, many of these emails contain discussions regarding multiple potential or completed business deals.

34. Upon information and belief (through a preliminary review of relevant custodians' correspondence using relevant search terms), the overly broad requests in Section I(A) of Attachment A of the Summons would result in the production of over 50,000 separate responsive communications (estimated), with over 91% of these responsive communications not pertaining to the Transaction or the Property in any way.

35. This district court has recognized that specificity in the subject matter of the requests in an IRS summons bears directly on the overbreadth of a Summons and is dispositive on both the first *Powell* factor (requiring a legitimate purpose) and the second *Powell* factor (relevancy to a legitimate purpose). *See United States v. Moore*, NO. 1:20-cv-02413-LMM-LTW, 2020 U.S. Dist. LEXIS 245433, *20 (N.D.Ga. Jul. 20, 2020) ("If, for example, the IRS requested documents relating to Respondent's commercial real estate, zoning and land use practice, that request would be overbroad…[such documents would not be] 'relevant or material' to the issue of Respondent's captive management practice, *i.e.*[,] they would not be sought for 'a legitimate purpose' and would not 'be relevant to [any legitimate] purpose"), *aff'd*, 2022 U.S. App. LEXIS 21728 (11th Cir. Aug. 5, 2022).

36. In other words, these overly broad requests in the Summons, as written, amount to requesting the correspondence for, at a minimum, the entirety (or almost

12

the entirety) of Eugene Pearson's business dealings during the Time Period and the vast majority of the documents requested are not relevant or material to the IRS' inquiry into the potential tax liability of MSI 274.

37. This overbreadth (and related lack of specificity) of the Summons violates both the first and second *Powell* factors.

Procedural Requirements

38. 26 U.S.C. § 7609(d) provides, in pertinent part, that:

> No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -
> (1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or
> (2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

39. The Summons sets both the Requested Appearance Date and the Production Date less than 23 days after the Summons Issuance Date, each in violation of the Congressionally mandated 23 days' notice provided for in 26 U.S.C. § 7609(d)(1).[3]

---

[3] The Requested Appearance Date (August 2, 2023) falls 20 days after the Issuance Summons Date (July 13, 2023), while the Production Date (July 27, 2023) falls only 14 days after the Issuance Summons Date.

4857-8929-1890v5

40. Especially in light of the already-demonstrated overbreadth of the Summons, *see* Paragraphs 28-37 of this Petition, in seeking "all correspondence" between MSI 274 and various individuals and entities <u>without regard to the subject matter of such correspondence</u>, MSI 274 is prejudiced by each day of the Congressionally mandated 23 days not afforded to it by the IRS in the Summons. *See G2A.COM Sp. z o.o. (Ltd.) v. United States*, C.A. No. 17-mc-177-LPS, 2018 U.S. Dist. LEXIS 150790, *15 (D. Del. Sept. 5, 2018) (finding lack of prejudice on the basis that the IRS "mailed notice of a summons…more than 23 days before the summons'…production date").

41. These failures of the IRS in the issuance of the Summons violates the fourth *Powell* factor.

## **CONCLUSION**

42. As demonstrated above, Petitioners have shown that the Summons has violated <u>each of the four</u> *Powell* factors (*i.e.*, it is without legitimate purpose, bears a lack of relevance of the inquiry to the purpose, the information sought is already within the IRS's possession, and the Summons violates procedural requirements on its face), and Petitioner is entitled to relief as prayed for herein.

# PRAYER FOR RELIEF

WHEREFORE, Petitioner, Morgan Seven Islands 274, LLC, based upon the foregoing, respectfully requests that this Court enter an Order:

(1) quashing the IRS Summons to MSI 274; or, in the alternative,

(2) modifying the IRS Summons to MSI 274 as follows:

    A. The exclusion of those documents and correspondence already in the possession of the IRS;

    B. The exclusion of those documents and correspondence subject to a claimed privilege;

    C. The exclusion of those documents and correspondence which do not pertain to the Transaction or the Property;

    D. The provision of the mandatory 23 days' notice from the Court's Order to appear before the IRS to both give testimony and to produce properly requested records and documents; and

    E. The provision of such further relief as is just and appropriate.

                                                  Respectfully submitted,

                                                  IVY CADLE, ESQ.

                                      By: /s/ Ivy N. Cadle
                                              Ivy N. Cadle
                                              Georgia Bar No. 353227
                                              BAKER DONELSON

Gateway Plaza
300 Mulberry Street
Suite 201
Macon, GA 31201
Telephone: (478) 765-1823
Fax: (478) 750-1777
Email: icadle@bakerdonelson.com
*Counsel for Morgan Seven Islands 274, LLC*

4857-8929-1890v5

## CERTIFICATE OF FONT

I HEREBY CERTIFY that the foregoing document has been prepared in 14-point Times New Roman font and complies with Local Rule 5.1(C), NDGa.

This 26th day of July, 2023.

By: /s/ Ivy N. Cadle

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing.

By: /s/ Ivy N. Cadle

# **SERVICE LIST**

***Morgan Seven Islands 274, LLC v. United States of America,*
Case No. TBD
United States District Court, Northern District of Georgia**

Monica L. Lord
Internal Revenue Service
333 West Broadway, MS 8885
San Diego, California 32101
Phone: (619) 615-3762
Fax: (855) 889-2996
E-mail: monica.l.lord@irs.gov

*Service List*

4857-8929-1890v5