# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **TYMACIA FLOYD,**<br><br>　　Plaintiff,<br><br>v.<br><br>**LAWRENCE HOLLAND,**<br>in his individual capacity; and<br>**CITY OF ATLANTA**<br><br>　　**Defendants.** | CIVIL ACTION<br>FILE NO.<br><br>COMPLAINT FOR VIOLATIONS OF<br>FOURTH AMENDMENT<br>TO THE UNITED STATES<br>CONSTITUTION; 42 U.S.C. § 1983;<br>BATTERY; NEGLENCE.<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW Tymacia Floyd (hereinafter "Ms. Floyd" or "Plaintiff"), through her undersigned counsel, files this Complaint against the above-named Defendants Lawrence Holland (hereinafter "Defendant Holland"), and City of Atlanta (hereinafter "Defendant City"), and in support thereof states as follows:

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343

over Plaintiffs' claims under the U.S. Constitution, which are brought both directly and under 42 U.S.C. §1983.

2.

This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

4.

Plaintiff placed the Defendant City on notice pursuant to O.C.G.A § 36-33-5 within the six (6) month time frame from the incident. See Exhibit A

## PARTIES

### *PLAINTIFFS*

5.

At all times relevant hereto, Plaintiff Tymacia Floyd was a resident of the State of Georgia and a citizen of the United States of America.

### *DEFENDANTS*

6.

At all times relevant hereto, Defendant Lawrence Holland was acting under

color of state law in his capacity as a law enforcement officer employed by the City of Atlanta. Defendant Holland is sued in his individual capacity.

7.

The City of Atlanta is the governing body that is responsible and has control over the Atlanta Police Department and can be served with process on Mayor Andre Dickens, 55 Trinity Avenue, Suite 2500, Atlanta, Georgia 30303. Pursuant to O.C.G.A. 33-24-51, City of Atlanta waives its immunity by the purchase of vehicle liability insurance.

**STATEMENT OF FACTS**

8.

On July 27, 2021, Plaintiff was on Bankhead Highway waiting to turn left onto Commercial Avenue in Atlanta, Fulton County, Georgia.

9.

At some point, while Plaintiff was waiting to turn left onto Commercial Avenue, Defendant Holland knowingly, intentionally, recklessly and with actual malice drove his City of Atlanta Police Department issued vehicle at a high rate of speed and struck the rear of Plaintiff's vehicle.

10.

City of Atlanta Police Department was called to the scene of the accident to

investigate and provide a police report.

11.

Defendant Holland's vehicle was towed away from the scene, due to the extensive damage caused by the impact.

12.

As a direct and proximate result of Defendant Holland's knowing, intentional, reckless, and malicious conduct, Plaintiff sustained bodily injury and property damage.

13.

These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, and great pain and emotional distress, by the conduct of Defendant Holland.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Unlawful seizure in violation of the
### Fourth Amendment
(Against Defendant Holland)

14.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13 of this Complaint.

15.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

16.

Plaintiff in this action is a citizen of the United States and Defendant Holland is a person for purposes of 42 U.S.C. § 1983.

17.

Defendant Holland, at all times relevant hereto, was acting under the color of state law in his capacity as a police officer for the City of Atlanta and his acts or omissions were conducted within the scope of his official duties or employment.

18.

Plaintiff also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from an unlawful seizure by law enforcement.

19.

Any reasonable City of Atlanta Police Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

20.

No reasonable officer in Defendant's position could have believed that driving at a high rate of speed would not have caused death or injury to another.

21.

Defendant Holland's actions, as described herein, were objectively unreasonable in light of the facts and circumstances and violated the Plaintiff's Fourth Amendment rights.

22.

Defendant Holland's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

23.

Defendant Holland unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unlawfully restraining the Plaintiff of her freedom..

24.

Defendant Holland engaged in conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

25.

Defendant Holland did so with shocking and willful indifference to Plaintiff's rights and his conscious awareness that he would cause Plaintiff severe physical and emotional injuries.

26.

The acts or omissions of Defendant Holland were moving force behind Plaintiff's injuries.

27.

The acts or omissions of Defendant Holland as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages.

28.

Defendant Holland is not entitled to qualified immunity for his actions.

29.

As a proximate result of Defendant Holland's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

30.

Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

31.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendant Holland under 42 U.S.C. § 1983, in that the actions of Defendant Holland have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Unlawful use of force in violation of the**
**Fourth Amendment**
(Against Defendant Holland)

32.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13 of this Complaint.

33.

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

34.

Plaintiff in this action is a citizen of the United States and all of the Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

35.

Defendant Holland, at all times relevant hereto, was acting under the color of state law in his capacity as a police officer for the City of Atlanta and his acts or omissions were conducted within the scope of his official duties or employment.

36.

Plaintiff also had the clearly established Constitutional right under the Fourth Amendment to be secure in his person from an unlawful use of force.

37.

Plaintiff's vehicle was forcefully struck from behind by Defendant Holland vehicle, which was being operated at a high rate of speed.

38.

Any reasonable City of Atlanta Police Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

39.

Defendant Holland's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by Defendant Holland shocks the conscience and violated the Fourth Amendment rights.

40.

Defendant Holland unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby

unreasonably restraining the Plaintiff of his freedom.

41.

The force used constituted deadly force in that it could have caused death and did cause bodily injury.

42.

Defendant Holland engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

43.

Defendant Holland did so with shocking and willful indifference to Plaintiff's rights and his conscious awareness that he would cause Plaintiff severe physical and emotional injuries.

44.

The acts or omissions of Defendant Holland were moving forces behind Plaintiff's injuries.

45.

The acts or omissions of Defendant Holland as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages.

46.

Defendant Holland is not entitled to qualified immunity for his actions.

47.

As a proximate result of Defendant Holland's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

48.

Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

49.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## THIRD CLAIM FOR RELIEF
### (BATTERY)
### (Georgia Common Law)
(Against All Defendants)

50.

Plaintiff realleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 13 of this Complaint.

51.

Defendant Holland made an intentional unjustifiable and unlawful harmful physical contact by using his vehicle to strike Plaintiff's vehicle and caused serious bodily injury on the aforementioned date.

52.

Defendant Holland acted with actual malice at the time he made an intentional unjustifiable and unlawful harmful physical contact by using his vehicle to strike Plaintiff's vehicle and caused serious bodily injury on the aforementioned date.

53.

Defendant Holland's action caused the Plaintiff to suffer from bodily injury and emotional distress from her physical battery.

54.

Defendants Holland's actions against Plaintiff were unreasonable and unlawful. Defendant Holland acted with a depraved indifference to human life and conscious disregard for the safety of the general public, constituted an intentional unwelcome and unprivileged touching of Plaintiff, and was undertaken in bad faith and with actual malice.

55.

At the time of the complained incident, Defendant Holland was acting within the scope of his employment with the City of Atlanta. At the time, Defendant Holland committed the acts described herein, he was acting within the course and scope of his employment and/or agency with The City of Atlanta Police Department. As such, The City of Atlanta is liable for the intentional acts of Defendant Holland. Therefore, the intentional acts of Defendant Holland are imputed to The City of Atlanta through the doctrines of agency, vicarious liability and respondeat superior.

## FOURTH CLAIM FOR RELIEF
### (NEGLIGENCE)
### (Georgia Common Law)
(Against All Defendants)
(Plead in the Alternative Pursuant to Federal Rule of Civil Procedure 8(d)(2).)

56.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13 of this Complaint.

57.

Defendant Holland's negligence, which constitutes the direct and proximate cause of the injury to the Plaintiff, also consisted of, but was not limited to, the following:

    a) Driving in reckless disregard for the safety of others in violation of O.C.G.A. § 40-6-390;

    b) Failing to exercise ordinary care in violation of O.C.G.A. § 51-1-2-64;

    c) Failing to maintain reasonable control of a vehicle;

    d) Failing to operate a vehicle in a safe fashion under the circumstances; and

    e) Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

58.

Defendant Holland was negligent in failing to travel at a reasonable speed.

59.

As a direct and proximate result of Defendant Holland's negligence, Plaintiff has suffered bodily injuries and property damage.

## **PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determine by a jury;

B. Economic losses on all claims allowed by law;

C. Special damages in an amount to be determined at trial;

D. Punitive damages on all claims allowed by law against individual Defendants;

E. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. Pre- and post-judgment interest at the lawful rate; and,

G. Any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this the 27th of July 2023

*/s/Crystal R. Carey*
Crystal R. Carey
Georgia Bar No.: 808839

Harry M. Daniels
Georgia Bar No.: 234158
The Law Offices of Harry M. Daniels, LLC
4751 Best Road Ste. 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com
carey@harrymdaniels.com