IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAYE TRAYLOR,<br><br>  Plaintiff,<br><br>v.<br><br>ROSEDALE TRANSPORT LIMITED, and HAROLD ARTHUR LAKE,<br><br>  Defendants. | CIVIL ACTION<br>NO.: _____ |

**NOTICE OF REMOVAL BY DEFENDANT
ROSEDALE TRANSPORT LIMITED**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Rosedale Transport Limited ("Rosedale"), without waiver of personal jurisdiction, sufficiency of service of process, or sufficiency of process, hereby removes the civil action now pending in the State Court of Cobb County, Georgia, Civil Action No. 23-A-2434 styled as *Raye Traylor vs. Rose Transport Limited and Harold Arthur Lake* (the "State Court Action') to this Court, and respectfully shows this Honorable Court as follows:

**PROCEDURAL BACKGROUND**

1.  On May 31, 2023, Plaintiff Raye Traylor (the "Plaintiff") filed her Complaint for Damages against Defendants Rosedale and Lake in the State Court

1

Action, the subject of which is a motor vehicle accident that allegedly occurred on April 25, 2022 in Marietta, Georgia. (Complaint at ¶¶ 5, 8). Attached hereto as **Exhibit "1"** are true and correct copies of the Complaint and all other filings of record in the State Court Action pursuant to 28 U.S.C. § 1446(a).

2.     On June 1, 2023, the Clerk of the State Court of Cobb County issued a Summons for Plaintiff to serve upon Defendant Rosedale.

3.     On June 1, 2023, the Clerk of the State Court of Cobb County issued a Summons for Plaintiff to serve upon Defendant Lake.

4.     On June 6, 2023, Plaintiff purportedly served Rosedale with her Summons and Complaint by delivering copies of those documents to Mr. David Lee Cates of Rogers & Cates, P.C. located at 230 Henderson Mill Road, Suite 312, Atlanta, GA 30345.

5.     By filing this Notice of Removal, Defendant Rosedale does not waive their right to personal jurisdiction, service of process, or sufficiency of process. Defendants Rosedale and Lake also reserve the right to assert any defenses and objection to which they may become entitled.

**COMPLETE DIVERSITY EXISTS**

6.     Pursuant to 28 U.S.C. § 1332, the Court has subject-matter jurisdiction over this action because there is complete diversity of citizenship between Plaintiff

and Defendants and in the amount in controversy exceeds the value of $75,000, exclusive of interest and costs.

7.      Plaintiff is a citizen of the State of Georgia. Attached hereto as **Exhibit "2"** is a true and correct copy of the Georgia Motor Vehicle Crash Report (the "Accident Report") for the subject accident. Page 1 of the Accident Report reflects that the Plaintiff resides in Alpharetta, Georgia.

8.      Defendant Rosedale is a foreign corporation organized under the laws of Canada with its principal place of business located in Ontario. (Compl. ¶ 2).

9.      Defendant Lake is a citizen and resident of Canada residing at 530 Purdy Road, Colborne, Ontario, K0K 1S0. (Compl. ¶ 4).

10.     Upon information and belief, and based upon the available record in the State Court Action, Defendant Lake has not been served.

11.     On July 24, 2023, the State Court of Cobb County, Georgia entered an Order Dismissing Less than All Parties (the "Order to Drop Zurich"). Pursuant to the Order to Drop Zurich, the State Court dropped Defendant Zurich American Insurance Company ("Zurich") as a party and modified the style and caption of the State Court action accordingly. (*See* Ex. 1, pg. 46).

12.     Therefore, the only defendants in this action are Defendants Rosedale and Harold Arthur Lake.

3

## THE AMOUNT IN CONTROVERSY IS SUFFICIENT TO ESTABLISH DIVERSITY JURISDICTION

13. The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

14. Although Plaintiff's Complaint does not specify the amount in controversy, it alleges that Plaintiff suffered severe and permanent injuries (including but not limited to disc herniations) that required extensive treatment. (Compl. ¶ 14). Courts have held that where the plaintiff alleges permanent and severe injuries, there is sufficient evidence to conclude the jurisdictional amount in controversy has been met. *See*, e.g., *Purdiman v. Organon Pharm. USA, Inc.*, No. 2:08-cv-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008) (complaint alleging plaintiff sustained "permanent and debilitating injuries" sufficient for the court to conclude that the amount of damages exceeds $75,000.00); *Turner v. Wilson Foods Corp.*, 711 F. Supp. 624, 626 (N.D. Ga. 1989) (complaint alleging severe and permanent injuries, pain and suffering and lifelong medical expenses "provided defendant with the necessary information to intelligently ascertain that it had grounds for removal to federal court").

15. Additionally, the Supreme Court has held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy

exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

16. Plaintiff's pre-suit demand asserted past medical expenses totaling $18,361.21.

17. In addition to past and future medical expenses, Plaintiff is seeking recovery for past and future lost wages and past and future mental and physical pain and suffering. (Compl. ¶¶ 42-43). Plaintiff's pre-suit demand asserted physical pain and suffering damages totaling $35,800.00 based on 179 days of physical pain and suffering valued at $200 per day; emotional pain and suffering damages totaling $33,900.00 based on 339 days of emotional pain and suffering valued at $100 per day; and future pain and suffering damages totaling $37,230.00 based on a 34-year life expectancy valued at $3 per day. By Plaintiff's own estimation her damages are no less than $125,291.21.

18. When determining whether the amount-in-controversy amount has been met, the district court must assess the jurisdictional facts at the time of removal. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009).

19. "'Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.'"

Ramos v. Aetna Life Ins. Co., No. 1:17-CV-160-CAP, 2017 WL 7805607, at *1 (N.D. Ga. Feb. 17, 2017) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010)) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)).

20. "'Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Id.* at * 1 (quoting *Pretka*, 608 F.3d at 770).

21. Finally, Plaintiff asserted a claim for punitive damages alleging that Defendants' alleged actions and conduct "were reckless, willful and wanton, and demonstrate a conscious indifference to the consequences of their actions." (Compl. ¶ 46). In the determination of the amount in controversy, punitive damages must be considered.

22. Based upon her allegations, Plaintiff's claimed damages could easily exceed $75,000.00, exclusive of interest and costs. (Compl. Wherefore, following ¶ 46).

## **REMOVAL TO THIS COURT IS PROCEDURALLY PROPER**

23. Venue is proper in this district pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Northern District of Georgia embraces the venue where the State Court Action is pending.

24. Further, removal is timely pursuant to 28 U.S.C. § 1446(b) because Rosedale and Lake filed this Notice of Removal prior to being served and/or within thirty days of alleged service.

25. Pursuant to 28 U.S.C. § 1446(d), Defendant Rosedale has provided written notice to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the State Court of Cobb County, Georgia.

26. To date, Defendant Lake has not been served with Plaintiff's Complaint, and no affidavit of service has been filed.

27. Rosedale is a foreign, for-profit corporation that exists under the laws of the Province of Ontario, Canada with its principal place of business in Ontario. (Compl. ¶ 2).

28. Rosedale may be served by delivering a copy of the Summons and Complaint to its registered agent, Rowland W. Uloth at 6845 Invader Crescent, Mississauga, Ontario, Canada, L5T 2B7. (Compl. ¶ 2).

29. Plaintiff attempted to serve Rosedale by delivering the Summons and Complaint David Lee Cates as the purported local BOC-3 agent for National Resident Agent Service, Inc. ("NRAS") on June 6, 2023. (Ex. 1, p. 38). However, Mr. Cates has not served as a locally-designated agent for receipt of service on NRAS's behalf since July 2022. (*See* the Affidavit of David Lee Cates (the "Cates

7

Affidavit"), attached hereto as **Exhibit "3"**, at ¶¶ 4, 6; *see also* the Affidavit of Margaret Hagan (the "Hagan Affidavit"), attached hereto as **Exhibit "4"**, at ¶¶ 7-8).

30. Further, NRAS has not served as Rosedale's agent for service of process in the United States since February 2016. (Ex. 4, Hagan Aff., at ¶ 6).

31. Consequently, Defendant Rosedale reserves the affirmative defenses of lack of personal jurisdiction, insufficient service of process, and insufficient process.

## CONCLUSION

WHEREFORE, Defendant Rosedale respectfully requests the Court assume jurisdiction over this matter.

Respectfully submitted, this 27th day of July, 2023.

                **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

                */s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Georgia Bar No. 562374
Nicole M. Henderson
Georgia Bar No. 465276
*Counsel for Defendant Rosedale Transport Limited*

3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
470-419-6650 (main)
470-419-6651 (facsimile)
lee.washburn@wilsonelser.com
nicole.henderson@wilsonelser.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1(c). This filing has been prepared using size 14 Times New Roman font.

                                          **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

                                          */s/ Lawrence Lee Washburn IV*
                                          Lawrence Lee Washburn IV
                                          Georgia Bar No. 562374
                                          *Attorney for Defendant*
                                          *Rosedale Transport Limited*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing **DEFENDANT ROSEDALE TRANSPORT LIMITED'S NOTICE OF REMOVAL** by filing it using the Clerk of Court's CM/ECF e-filing system which will send electronic notification to the following counsel of record, and via e-mail service addressed to:

> Parker M. Green
> Morgan & Morgan
> 178 S. Main Street
> Suite 300
> Alpharetta, Georgia 30009
> pgreen@forthepeople.com
> *Attorney for Plaintiff*

Dated: July 27, 2023.

> /s/ Lawrence Lee Washburn IV
> Georgia Bar No. 562374
> *Attorney for Defendant*
> *Rosedale Transport Limited*