ID# E-QYTUBXDF-U4L
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-2434

MAY 31, 2023 06:49 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RAYE TRAYLOR,

      *Plaintiff,*

vs.

ROSEDALE TRANSPORT LIMITED,
ZURICH AMERICAN INSURANCE
COMPANY, and HAROLD ARTHUR
LAKE,

      *Defendants.*

CIVIL ACTION FILE
NO.: _____

***JURY TRIAL DEMANDED.***

## COMPLAINT

Raye Traylor, "Plaintiff," makes and files this Complaint against Rosedale Transport Limited, Zurich American Insurance Company, and Harold Arthur Lake (referred to collectively as "Defendants"), as follows:

### PARTIES & JURISDICTION

**1.**

Plaintiff is a citizen and resident living in the State of Georgia, and she is subject to the jurisdiction of this Court.

**2.**

Defendant Rosedale Transport Limited ("Rosedale") is an alien for profit corporation that exists under the laws of the Province of Ontario, Canada with a principal place of business located in Ontario. Defendant Rosedale authorized to do business in Georgia, in addition to the United States of America. Defendant Rosedale may be served by delivering a copy of the Summons and Complaint to its registered agent, Rowland W. Uloth, 6845 Invader Crescent, Mississauga, Ontario



Canada, L5T 2B7, and it is subject to the jurisdiction of this Court. A courtesy copy of the Summons and Complaint may also be served on Defendant Rosedale's BOC-3 agent, David Lee Cates, at ROGERS & CATES P.C., 2300 Henderson Mill Road, Suite 330, Atlanta, Dekalb County, Georgia 30345, and it is subject to the jurisdiction of this Court.

**3.**

Defendant Zurich American Insurance Company ("Zurich Insurance") is an insurance company existing under the laws of the State of New York with a principal place of business located in Illinois. Defendant Zurich Insurance may be served by delivering a copy of the Summons and Complaint to its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092, and said Defendant is subject to the juresidction of this Court.

**4.**

Defendant Harold Arthur Lake ("Lake") is a citizen and resident of the Province of Ontario, Canada, and said he may be served with a copy of the Summons and Complaint at his residential address of 530 Purdy Road, Colborne, Ontario, Canada K0K 1S0.

**5.**

This lawsuit arises out of a motor vehicle collision that happened on I-75 northbound in Marietta, Cobb County, Georgia (the "subject-crash").

**6.**

Jurisdiction and venue are proper in this Court.

**7.**

Jurisdiction and venue are proper under O.C.G.A. § 40-12-3 as Defendant Lake is a non-resident motorist and the subject-crash happened in Cobb County, Georgia.

## FACTUAL BACKGROUND

**8.**

On April 25, 2022, Plaintiff was traveling northbound on I-75.

**9.**

At the same time, Defendant Lake was operating a tractor-trailer directly behind Plaintiff's vehicle on I-75 northbound.

**10.**

As Plaintiff traveled northbound on I-75, Defendant Lake failed to keep a proper lookout, followed too closely, and collided with the rear of Plaintiff's vehicle.

**11.**

At all relevant times, Plaintiff was operating her vehicle in a safe and prudent manner as she traveled on I-75 northbound.

**12.**

Defendant Rosedale was the owner of the tractor-trailer that Defendant Lake was driving at the time of the subject-crash.

**13.**

Following the subject-crash, Defendant Lake was cited for following too closely pursuant to O.C.G.A. § 40-6-49.

**14.**

As a result of the subject-crash, Plaintiff suffered severe and permanent injuries (including but not limited to cervical disc herniations) that required extensive treatment.

*** *Allegations continue on next page* ***

## COUNT I — *Negligence of Defendant Lake*

### 15.

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #14 above as if fully restated.

### 16.

Defendant Lake owed a duty to exercise due care while operating his tractor-trailer; to keep a proper lookout; to maintain a safe following distance; to operate his vehicle at safe speed based on conditions present; to pay attention and avoid driver distractions at all times; to not follow other vehicles too closely; to take proper evasive action when necessary; to properly control his vehicle; and, to drive and operate his vehicle in a safe and reasonable manner.

### 17.

Defendant Lake breached those duties and, therefore, he was negligent in colliding with Plaintiff's vehicle.

### 18.

Defendant Lake's negligence is the sole and proximate cause of the subject-crash, and Plaintiff's resulting injuries and damages.

## COUNT II — *Imputed Liability of Defendant Rosedale*

### 19.

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #18 above as if fully restated.

### 20.

At the time of the subject-crash, Defendant Lake was an employee of and/or operating the tractor-trailer under dispatch for Defendant Rosedale.

**21.**

At the time of the subject-crash, Defendant Lake was driving the tractor-trailer for and/or in furtherance of Defendant Rosedale's business.

**22.**

At the time of the subject-crash, Defendant Lake was acting within the course and scope of his employment with Defendant Rosedale.

**23.**

Defendant Rosedale is responsible for Defendant Lake's negligence under the theory of *respondent superior* or vicarious liability.

**24.**

Defendant Rosedale is an interstate motor carrier and, pursuant to federal and state law, it is responsible for the actions and omissions of Defendant Lake in this crash under the doctrine of lease liability, agency, or apparent agency.

### COUNT III — *Negligent Hiring, Training & Supervision of Defendant Rosedale*

**25.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #24 above as if fully restated.

**26.**

Defendant Rosedale was negligent in hiring Defendant Lake and entrusting him to operate the tractor-trailer.

**27.**

Defendant Rosedale was negligent in failing to properly train Defendant Lake.

**28.**

Defendant Rosedale was negligent in failing to properly ensure that Defendant Lake was qualified to operate a tractor-trailer.

**29.**

Defendant Rosedale was negligent in failing to properly supervise Defendant Lake.

**30.**

Defendant Rosedale's negligence in hiring Defendant Lake and entrusting him to operate the tractor-trailer, and in failing to properly train and supervise Defendant Lake, was the sole and proximate cause of the subject-crash, and Plaintiff's resulting injuries.

## COUNT IV — *Direct Action*

**31.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #30 above as if fully restated.

**32.**

Defendant Zurich Insurance is subject to direct action as the insurer for Defendant Rosedale pursuant to O.C.G.A. § 40-2-140.

**33.**

Defendant Zurich Insurance was the insurer of Defendant Rosedale at the time of the subject-crash and issued a liability policy to comply with the filing requirements under Georgia law for intrastate and interstate transportation.

**34.**

Defendants Zurich Insurance and Rosedale are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 and similar laws.

**35.**

Defendant Zurich Insurance is responsible for any judgment rendered against Defendant Rosedale Transport Limited.

## COUNT V — *Attorneys' Fees & Expenses of Litigation*

**36.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #35 above as if fully restated.

**37.**

Defendants, individually and by and through their representatives, have been stubbornly litigious and caused Plaintiff unnecessary trouble and expense.

**38.**

Defendants are liable to Plaintiff for the expenses of litigation, including attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## COUNT VI — *Damages*

**39.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #38 above as if fully restated.

**40.**

As a result of Defendants' negligence, Plaintiff suffered severe and permanent injuries that required extensive medical treatment, which continues as of this filing.

**41.**

As a result of Defendants' negligence, Plaintiff has already incurred past medical expenses and will continue to incur future medical expenses.

**42.**

As a result of Defendants' negligence, Plaintiff missed time from work and has a claim for past and future lost wages.

**43.**

As a result of Defendants' negligence, Plaintiff has a claim for past and future mental and physical pain and suffering.

**44.**

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries and damages resulting from the subject-crash.

## COUNT VII — *Punitive Damages*

**45.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #44 above as if fully restated.

**46.**

Defendants' actions and conduct were reckless, willful and wanton, and demonstrate a conscious indifference to the consequences of their actions and, therefore, entitle Plaintiff to an award of punitive damages in this matter.

**WHEREFORE**, Plaintiff prays that she has a trial on all issues and judgment against the above-named Defendants as follows:

(a)     That Plaintiff recovers the full value of her past and future medical expenses and loss of capacity to earn a living;

(b)     That Plaintiff recovers for her physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(c)     That Plaintiff recovers for her permanent disabilities and loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

(d)     That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury; and

(e)     That Plaintiff recovers such other and further relief as is just and proper.

This 31ˢᵗ day of May, 2023.

**MORGAN & MORGAN**

By: */s/Parker Green*

**PARKER M. GREEN**
Georgia Bar No. 130593
*Attorney for Plaintiff*

178 S. Main Street, Suite #300
Alpharetta, Georgia 30009
(404) 790-0117 (mobile)
pgreen@forthepeople.com

**General Civil and Domestic Relations Case Filing Information Form**

ID# E-QYTUBXDF-HAH
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2434**

☐ Superior or ☑ State Court of ___Cobb_____ County

MAY 31, 2023 06:49 PM

| For Clerk Use Only | | |
|---|---|---|
| Date Filed _05-31-2023_ | Case Number _23-A-2434_ | *Robin C. Bishop* |
| **MM-DD-YYYY** | | Robin C. Bishop, Clerk of State Court |
| | | Cobb County, Georgia |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Traylor, Raye | | | | | Rosedale Transport Limited | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Zurich American Insurance Company | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Lake, Harold A | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____    **Bar Number** _____    **Self-Represented** ☑

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
      **Case Number**                          **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____    **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20



# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-QYTUBXDF-FVY
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2434**

**MAY 31, 2023 06:49 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER  23-A-2434

$198.00 COST PAID

Traylor, Raye

_____
**PLAINTIFF**

**VS.**

Rosedale Transport Limited
Zurich American Insurance Company
Lake, Harold A

_____
**DEFENDANTS**

## SUMMONS

TO: ROSEDALE TRANSPORT LIMITED

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Parker Green**
> **Morgan**
> **178 S. Main Street Unit 300**
> **Alpharetta, Georgia 30009**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 1st day of June, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia



# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

**ID# E-QYTUBXDF-GXM**
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2434**

**MAY 31, 2023 06:49 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER    23-A-2434

$198.00 COST PAID

Traylor, Raye

_____

**PLAINTIFF**

                                                    **VS.**

Rosedale Transport Limited
Zurich American Insurance Company
Lake, Harold A

_____

**DEFENDANTS**

### SUMMONS

TO: LAKE, HAROLD A

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Parker Green**
> **Morgan**
> **178 S. Main Street Unit 300**
> **Alpharetta, Georgia 30009**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 1st day of June, 2023.**

                            Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia



# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-QYTUBXDF-CNA
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2434**

**MAY 31, 2023 06:49 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER   <u>23-A-2434</u>

$198.00 COST PAID

Traylor, Raye

_____

**PLAINTIFF**

**VS.**

Rosedale Transport Limited
Zurich American Insurance Company
Lake, Harold A

_____

**DEFENDANTS**

## SUMMONS

TO: ZURICH AMERICAN INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Parker Green**
> **Morgan**
> **178 S. Main Street Unit 300**
> **Alpharetta, Georgia 30009**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 1st day of June, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia



ID# E-QYTUBXDF-5CZ
:  fFILED IN'OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORG(A
**23-A-2434**
NiAY 31, 2023 06:49 PM

Robin,C. Bishop, CierkdrStateCoucC.'
Cobb County,,Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RAYE TRAYLOR,

        Plaintiff,

vs.

ROSEDALE TRANSPORT LIMITED,
ZURICH AMERICAN INSURANCE
COMPANY, and HAROLD ARTHUR
LAKE,

        Defendants.

CIVIL ACTION FILE
NO..

## PLAINTIFF'S FIRST REOUESTS FOR ADMISSIONS
## TO DEFENDANT HAROLD ARTHUR LAKE

TO:     Defendant Harold Arthur Lake, by and through his
            Counsel of Record

       Plaintiff, pursuant to O.C.G.A. § 9-11-36, submits to the above-named Defendant Harold

Arthur Lake ("Lake") for response within Forty-Five (45) days a$er service hereof, in the form

provided by law, the following requests for admission:

       Admit that Defendant Lake was an employee or agent of Rosedale Transport Limited

("Rosedale") at the time of the incident described in the Complaint.

2.

       Admit Defendant Lake was acting within the scope of his employment or agency with

Defendant Rosedale at the time of the incident described in the Complaint.

3.

       Admit that Defendant Rosedale is responsible for the actions of Defendant Lake at all times

relevant to this litigation.

umumaummmiiuiimuoiiwiumiiiummiieimmiuumumiimaiiimimmiimmuiiiiimioiiiaiiim

4.

Admit that'you have been properly served with the Summons and Complaint.

5.

Admit that you are subject to the personal jurisdiction of this Court.

6.

Admit that this Court has subject-matter jurisdiction.in this case.

7.

Admit that Venue is proper in this Court.

8.

Admit that you are properly named in the Complaint.

9.

Admit that you do not assert any defense based on insufficiency of process or insufficiency of service of process.

10.

Admit that you are 100% responsible for causing the subject-collision.

11.

Admit that you are partially responsible for causing the subject-collision.

12.

Admit that a non-party did not cause or contribute to causing the subject-collision.

13.

Admit that Plaintiff did not cause or contribute to causing subject-collision.

14.

Admit that Plaintiff was injured because of the subject-collision.

15.

Admit that Plaintiff incurred medical expenses as a result of the subject-collision.

16.

Admit that Plaintiff was required to undergo medical care and treatment as a result of the subject-collision.

17.

Admit that you were traveliiig northbound on Interstate 75" at the time of the incident described in the Complaint.

18.

Admit that you were following Plaintiffls vehicle too closely at the time of the incident described in the Complaint.

19.

Admit that you collided with Plaintiff's vehicle due to following too closely.

20.

Admit that you did not keep a proper lookout prior to the subject-crash.

21.

Admit that you failed to maintain a safe following distance between his vehicle and Plaintiff's vehicle when the subject-crash happened.

22.

Admit that you received a citation following the subject-collision for following too closely pursuant to O.C.G.A. § 40-6-49.

23.

Admit that you pleaded guilty to following too closely citation that you received after the subject-collision pursuant to O.C.G.A. § 40-6-49.

## 24.

Admit that you paid a fine in consequence to the following too closely citation he received pursuant to O.C.G.A. § 40-6-49.

## 25.

Admit that you were driving distracted at the tirne of the subject-crash.

## 26.

Admit that you were fatigued as he operated the tractor-trailer directly behind Plaintiffs vehicle at the time of the subject-crash.

Served with the Co`nnlaint.

This 31st day of May, 2023.

MORGAN & MORGAN

By:/s| Pcrke.r (~v'ee4vv

PARKER M. GREEN
Georgia Bar No. 130593

Attorney for Plaintiff

178 S. Main Street, Ste. #300
Alpharetta, Georgia 30009
(404) 790-0117 (mobile)
p,areen@forthepeople.com

ID# E-QYTUBXDF-5CZ
: fFILED IN'OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORG(A
**23-A-2434**
NiAY 31, 2023 06:49 PM

Robin,C. Bishop, CierkdrStateCoucC.'
Cobb County,,Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RAYE TRAYLOR,

           Plaintiff,

vs.

ROSEDALE TRANSPORT LIMITED,
ZURICH AMERICAN INSURANCE
COMPANY, and HAROLD ARTHUR
LAKE,

           Defendants.

CIVIL ACTION FILE
NO..

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
## TO DEFENDANT HAROLD ARTHUR LAKE

TO:     Defendant Harold Arthur Lake, by and through his
            Counsel of Record

Plaintiff, pursuant to O.C.G.A. § 9-11-36, submits to the above-named Defendant Harold

Arthur Lake ("Lake") for response within Forty-Five (45) days a$er service hereof, in the form

provided by law, the following requests for admission:

Admit that Defendant Lake was an employee or agent of Rosedale Transport Limited

("Rosedale") at the time of the incident described in the Complaint.

2.

Admit Defendant Lake was acting within the scope of his employment or agency with

Defendant Rosedale at the time of the incident described in the Complaint.

3.

Admit that Defendant Rosedale is responsible for the actions of Defendant Lake at all times

relevant to this litigation.

umumaummmiiuiimuoiiwiumiiiiummiieimmiuumumiimaiiimimmiimmuiiiiimioiiiaiiim

ID# E-QYTUBXDF-5WL
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2434**

**MAY 31, 2023 06:49 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RAYE TRAYLOR,

*Plaintiff,*

vs.

ROSEDALE TRANSPORT LIMITED,
ZURICH AMERICAN INSURANCE
COMPANY, and HAROLD ARTHUR
LAKE,

*Defendants.*

CIVIL ACTION FILE
NO.: _____

### PLAINTIFF'S 1ST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

**TO:**   ***Defendants by and through their counsel of record.***

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendants

for response within forty-five (45) days after service hereof, in the form provided by law, the

following interrogatories and request for production of documents.

The within interrogatories and request for production of documents are continuing in nature

and require supplemental response upon the discovery of other or further information or documents

pertinent thereto.   In answering the following interrogatories, Defendants are required to give full

and complete information based upon the knowledge, information and belief of all agents,

employees, investigators, adjusters, and insurers of said Defendants.

**1.**

State the name and address of any individual or entity, including any party, who, to your

knowledge, information or belief:

(a)   Was an eyewitness to the incident complained of in this action;

(b)   Has knowledge of any fact or circumstance upon which your defense is based;



(c)   Had any ownership or lease interest in the vehicle driven by Defendant Lake on the date of the incident referred to in the Complaint and, for each, describe the nature of the interest; and,

(d)   Has conducted any investigation relating to the incident complained of or the background, employment, medical history, or activities of Plaintiff.

**2.**

To your knowledge, information or belief, has any person identified in your answer to the preceding interrogatory given or prepared any statement or report in connection with this action? If so, describe each such statement or report and provide the name and address of the person having custody and control thereof.

**3.**

Forty-Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all such statements or reports.  In lieu thereof, you may attach copies to your answers to these interrogatories.

**4.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of the bill of sale, title, or any other documents relating to the ownership of the vehicle driven by Defendant Lake on the date of the subject-crash.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**5.**

Please provide your current address, current employer, employer on the date of the incident, date of birth, social security number, and driver's license number.

**6.**

Please state the nature of your relationship with any Defendant named above (*i.e.*, family, kin, friends, employer/employee, contractor, coworkers, friends, etc.).

**7.**

Was Defendant Lake on the business of any individual or entity at the time of the incident referred to in the Complaint?  If so, please identify each such individual or entity, stating their name, address, employer, and telephone number.

**8.**

State the point of origin, destination, and reason for the trip that Defendant Lake was making at the time of the incident referred to in the Complaint.

**9.**

Please identify all motor vehicle collisions and moving violations for Defendant prior to and subsequent to the incident referred to in the Complaint, including the date of the event, the location, the jurisdiction and a description of the event.

**10.**

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles, and/or Plaintiff? If so, please describe such videotapes, photographs, plats, or drawings and give the name and address of the person having custody and control thereof.

**11.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all such videotapes, photographs, plats, or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

**12.**

Has any entity issued a policy of liability insurance to Defendant?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

**13.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any policy of insurance identified in response to the preceding request.  In lieu of this, you may attach copies to your answers to these interrogatories.

**14.**

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

**15.**

Do you contend that Plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

**16.**

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which they are expected to testify, state in detail the opinions held by each such expert or technician, and give a complete summary of the grounds for each opinion held.

**17.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any videotape, photograph, report, data, handwritten or typed notes, memoranda, statements, and/or other document or material reviewed by or generated by an

individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**18.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Morgan & Morgan Atlanta, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any documents obtained through or in response to a request for production of documents, subpoena, or open records/freedom of information law.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**19.**

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

**20.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of Morgan & Morgan Atlanta, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any documents obtained via or through a request for production of documents, subpoena, open records request, or FOIA request.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**21.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Morgan & Morgan Atlanta, PLLC, 178 S. Main Street,

Suite #300, Alpharetta, GA 30009, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting Plaintiffs.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**22.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any PSP report or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**23.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of Defendant Lake's driver qualification file, which includes but is not limited to the following:

(a)     Application for employment;

(b)     Copy of his CDL license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his driving record;

(g)     Carrier's inquiry into his employment record;

(h)     Documents regarding carrier's annual review of his driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)     Certification of driver's road test;

(k)     Medical examiners certificate;

(l)     Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

(n)     Drug testing records; and

(o)     Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**24.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of Defendant's driver's license.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**25.**

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant on the date of the incident.

**26.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**27.**

Describe the vehicle operated by Defendant Lake at the time of the subject-collision, including but not limited to the year, make, model, mileage, maintenance history, all features,

specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios or other descriptive information regarding the vehicle.

**28.**

Please identify the name, address, and phone number of any repair or maintenance facility that has performed work on the vehicle driven by Defendant Lake at the time of the incident described in the complaint for the past five years.

**29.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Lake on the day of the incident referred to in the Complaint for the 1-year period preceding this incident and the 6-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**30.**

If Defendant has ever been convicted of any crime, please identify the date of the offense, the jurisdiction and a description of the offense.

**31.**

Did you conduct a post-accident alcohol and controlled substance test on Defendant Lake? If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed; and

(d)     The results of the test.

**32.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Lake.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**33.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, the accident register for Defendant for the 1-year period that preceded the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**34.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Lake.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**35.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**36.**

If post-accident testing was not performed on Defendant Lake please state the reasons such testing did not occur.

**37.**

Was a post-accident report completed and sent to the Federal Highway Administration?  If not, please state the reasons that a post-accident report was not completed.

**38.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any tax records or tags for the vehicle driven by Defendant Lake at the time of the subject-incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**39.**

Please state in detail any steps taken by Defendants to supervise the driving of Defendant Lake.

**40.**

Forty-Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any lease, contract, or other agreement regarding vehicle driven by Defendant Lake on the day of the subject-collision.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**41.**

Please state in detail the factual basis for each defense you have raised in your Answer and/or response to the Complaint in the above-styled action.

**42.**

Forty -Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of the bill of sale, title, or any other documents relating to ownership of the vehicle that Defendant Lake operated on the date of the subject-crash. In lieu of this, you may attach copies thereof to your answers to these requests.

**43.**

Forty -Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies any lease, employment contract, or any other documents regarding the employment status of Defendant Lake. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**44.**

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

**45.**

Forty -Five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six month period prior to the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**46.**

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, and the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Lake.

**47.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of Morgan & Morgan Atlanta, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any trip reports or dispatch records in regard to Defendant Lake for the 2-week period preceding the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**48.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of Morgan & Morgan Atlanta, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of all driver's logs or timecards for Defendant Lake for the 6-month period preceding the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**49.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of Morgan & Morgan Atlanta, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of the bill of lading for any load that Defendant Lake carried for the 8-day period preceding the incident referred to in the Complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**50.**

With respect to the load that Defendant Lake was transporting at the time of the subject-collision, please identify:

(a)     Where the load originated;

(b)     The contents thereof;

(c)     The weight of said load;

(d)     The final destination of the load; and

(e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

**51.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Lake on the day of the incident referred to in the Complaint for the 1-year period preceding this incident and the 6-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**52.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Lake for the 6-month period preceding the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**53.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, a copy of Defendant Lake's personnel file and/or employment file for the 2-year period preceding the day of the incident referred to in the Complaint and the 6-month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**54.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any driver manuals, guidelines, rules, or regulations issued to drivers by Defendant or kept by Defendant.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**55.**

State the extent of any training provided to Defendant Lake by this Defendant or any outside agency since the date of Defendant Lake' application for employment or the date he began driving for this Defendant, whichever came first.

**56.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, copies of any documents relating to any training received by Defendant Lake.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**57.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any permits or licenses regarding the tractor and trailer driven by Defendant Lake and the load transported by Defendant Lake at the time of the incident referred to in the Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**58.**

Please explain the nature of the employment relationship between Defendant Lake and this Defendant (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

**59.**

With respect to Defendant Lake, please state the driver's mode of compensation.

**60.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, the payroll information concerning Defendant Lake for the 6-months prior to and the 2-months subsequent to said collision and his check for the time period covering the date of the subject-crash.  (Note: *Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.*).  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**61.**

Has Defendant ever been cited by the Department of Transportation (federal or state), Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations?  If so, please state for each instance:

      (a)      The date of the violation;

      (b)      A description of the violation;

      (c)      The location where the violation occurred;

      (d)      The agency issuing the citation; and

      (e)      The ultimate disposition of the charges.

**62.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any document concerning any violation(s) that you identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**63.**

Has Defendant ever been disqualified or placed out-of-service?  If so, please state in detail for each instance.

      (a)      The dates of disqualification; and

      (b)      The reason for the disqualification

**64.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, any document concerning any disqualification or out-of-service

identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**65.**

Does this Defendant, on its own or through its insurer, or through any other person or business, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs?  If so, please state the name and business of each entity through which such information was requested or obtained concerning Defendant Lake, and the dates upon which such information was obtained for Defendant Lake operating the vehicle involved in the subject-crash.

**66.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Lake since the commencement of said driver's employment with this Defendant up and through the date of trial.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**67.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject-collision

which is made the basis of this lawsuit.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**68.**

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiff at the law offices of MORGAN & MORGAN ATLANTA, PLLC, 178 S. Main Street, Suite #300, Alpharetta, GA 30009, all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant and/or this Defendant's operations.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**69.**

Please identify the U.S. D.O.T.# for the vehicle Defendant Justus was operating in the subject-crash.

***Served with Plaintiffs' Complaint.***

This 31st day of May, 2023.

**MORGAN & MORGAN ATLANTA, PLLC**

By: */s/ Parker Green*

**PARKER M. GREEN**
Georgia Bar No. 130593
*Attorney for Plaintiff*

178 S. Main St., Suite #300
Alpharetta, GA 30009
(404) 790-0117 (mobile)
pgreen@forthepeople.com

ID# E-ESL53KFX-2RM
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-2434

JUN 05, 2023 03:26 PM

State Court
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# AFFIDAVIT OF SERVICE

**State of Georgia**      **County of Cobb**

Case Number: 23-A-2434

Plaintiff: **RAYE TRAYLOR**
vs.
Defendants: **ROSEDALE TRANSPORT LIMITED, ZURICH AMERICAN INSURANCE COMPANY, and HAROLD ARTHUR LAKE**

For:
Morgan & Morgan Atlanta PLLC
191 Peachtree Street, N.E.
Ste 4200
Atlanta, GA 30303

Received by Absolute Legal Services to be served on **Zurich American Insurance Company Registered Agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **2nd day of June, 2023** at **1:40 pm, I:**

served **Zurich American Insurance Company Registered Agent: Corporation Service Company** by delivering a true copy of the **SUMMONS TO ROSEDALE TRANSPORT LIMITED; SUMMONS TO ZURICH AMERICAN INSURANCE COMPANY; SUMMONS TO HAROLD A LAKE; COMPLAINT; PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS ROSEDALE TRANSPORT LIMITED AND ZURICH AMERICAN INSURANCE COMPANY; PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT HAROLD ARTHUR LAKE** with the date and hour of service endorsed thereon by me, to: **Alisha Smith Registered Agent: Corporation Service Company**, title: **CSC Coordinator,** a person authorized to accept process for the Company, **Zurich American Insurance Company Registered Agent: Corporation Service Company,** at the address of: **2 Sun Court, Suite 400, Peachtree Corners, GA 30092.**

**Description** of Person Served: Age: 42, Sex: F, Race/Skin Color: Black, Height: 5'8", Weight: 150, Hair: Black, Glasses: N

I certify that I am a citizen of the United States over the age of 18 and have no interest in the above-styled case.

Signed and sworn before me on the _____ day of
_____ by the affiant who is
personally known to me or produced identification.

_____
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Legal Services**
**930 New Hope Road**
**Suite 11-110**
**Lawrenceville, GA 30045**
**(770) 736-8106**

Our Job Serial Number: RBC-2023001239
Ref: TRAYLOR

TIFFANY HORTON
NOTARY
EXPIRES
GEORGIA
5-18-2027
PUBLIC
GWINNETT COUNTY

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

ID# E-VQ3FVJVJ-NCV
🌊 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2434**

JUN 08, 2023 04:00 PM

*State Court*
*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## AFFIDAVIT OF SERVICE

**State of Georgia**                     **County of Cobb**

Case Number: 23-A-2434

Plaintiff: **RAYE TRAYLOR**
vs.
Defendants: **ROSEDALE TRANSPORT LIMITED, ZURICH AMERICAN INSURANCE COMPANY, and HAROLD ARTHUR LAKE**

For:
Morgan & Morgan Atlanta PLLC
191 Peachtree Street, N.E.
Ste 4200
Atlanta, GA 30303

Received by Absolute Legal Services to be served on **Rosedale Transport Limited BOC-3 Agent: Mr. David Lee Cates, Rogers & Cates, P.C., 2300 Henderson Mill Road, Suite 330, Atlanta, GA 30345**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **6th day of June, 2023** at **3:30 pm, I:**

served **Rosedale Transport Limited BOC-3 Agent: Mr. David Lee Cates** by delivering a true copy of the **SUMMONS TO ROSEDALE TRANSPORT LIMITED; SUMMONS TO ZURICH AMERICAN INSURANCE COMPANY; SUMMONS TO HAROLD A LAKE; COMPLAINT; PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS ROSEDALE TRANSPORT LIMITED AND ZURICH AMERICAN INSURANCE COMPANY; PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT HAROLD ARTHUR LAKE** with the date and hour of service endorsed thereon by me, to: **David Lee Cates,** title: **BOC-3 Agent,** a person authorized to accept process for the Company, **Rosedale Transport Limited BOC-3 Agent: Mr. David Lee Cates,** at the address of: **Rogers & Cates, P.C., 2300 Henderson Mill Road, Ste 312, Atlanta, GA 30345.**

**Description** of Person Served: Age: 65, Sex: M, Race/Skin Color: White, Height: 5'9", Weight: 160, Hair: Salt & Pepper, Glasses: Y

I certify that I am a citizen of the United States over the age of 18 and  have no interest in the above-styled case.

Signed and sworn before me on the _____ day of
_____ by the affiant who is
personally known to me or produced identification.

NOTARY PUBLIC

**Christopher Todd Horton**
Process Server ID No. CPS243

**Absolute Legal Services**
**930 New Hope Road**
**Suite 11-110**
**Lawrenceville, GA 30045**
**(770) 736-8106**

Our Job Serial Number: RBC-2023001240
Ref: TRAYLOR



TIFFANY HORTON
NOTARY
EXPIRES
GEORGIA
5-18-2027
PUBLIC
GWINNETT COUNTY

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

ID# E-3YAAEZ4G-GTJ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-2434

JUN 23, 2023 11:56 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RAYE TRAYLOR | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | CIVIL ACTION FILE NO. |
| ROSEDALE TRANSPORT LIMITED, ZURICH | ) | |
| AMERICAN INSURANCE COMPANY, and | ) | 23-A-2434 |
| HAROLD ARTHUR LAKE, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## NOTICE OF APPEARANCE OF COUNSEL

COME NOW, Lawrence Lee Washburn IV and Nicole Henderson of the law firm of

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and hereby files this Notice of Appearance

as Counsel on behalf of Defendant Rosedale Transport Limited in the above-captioned matter.

Please direct all future correspondence, pleadings, and other notices to:

Lawrence Lee Washburn IV
Nicole Henderson
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3348 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
470-419-6650 (Main)
470-419-6651 (Fax)
lee.washburn@wilsonelser.com
nicole.henderson@wilsonelser.com

*(Signature of Counsel on following page)*

1

10339313v.1



Respectfully submitted this 23rd day of June, 2023.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

3348 Peachtree Road, N.E.                    /s/ Lawrence Lee Washburn IV
Suite 1400                                    Lawrence Lee Washburn IV
Atlanta, Georgia 30326                        Georgia Bar No. 562374
470-419-6650 (Main)                           Nicole Henderson
470-419-6651 (Fax)                            Georgia Bar No. 465276
lee.washburn@wilsonelser.com                  *Counsel for Defendant Rosedale*
nicole.henderson@wilsonelser.com              *Transport Limited*

2

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| RAYE TRAYLOR | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) CIVIL ACTION FILE NO. |
| ROSEDALE TRANSPORT LIMITED, ZURICH | ) |
| AMERICAN INSURANCE COMPANY, and | ) 23-A-2434 |
| HAROLD ARTHUR LAKE, | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the within and

forgoing **NOTICE OF APPEARANCE OF COUNSEL** by filing it using Clerk of Court's

PeachCourt e-filing system which will generate an electronic notice to the following counsel of

record:

Parker Green
Morgan & Morgan
178 S. Main Street, Suite 300
Alpharetta, GA 30009
pgreen@forthepeople.com
*Counsel for Plaintiff*

Submitted this 23rd day of June, 2023.

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV

3

ID# EFFFZGSTU-DYR
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-2434

JUL 14, 2023 12:52 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| RAYE TRAYLOR, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO.: 23-A-2434 |
| ROSEDALE TRANSPORT LIMITED, ZURICH AMERICAN INSURANCE COMPANY, and HAROLD ARTHUR LAKE, | |
| Defendants. | |

## CONSENT MOTION TO DISMISS LESS THAN ALL PARTIES

COME NOW Plaintiff RAYE TRAYLOR ("Traylor"), Defendant ROSEDALE TRANSPORT LIMITED ("Rosedale"), Defendant HAROLD ARTHUR LAKE ("Lake") and Defendant ZURICH AMERICAN INSURANCE COMPANY (improperly named in the complaint) ("Zurich American"), by and through undersigned counsel, and pursuant to O.C.G.A. § 9-11-21 hereby jointly move to dismiss Defendant Zurich American without prejudice.

All Parties agree to the dismissal of Defendant Zurich American from this case without prejudice. With this dismissal, the case will remain pending against Defendant Rosedale and Defendant Lake.

This 14th day of July, 2023.

*/s/ Parker M. Green*_____
Parker M. Green, Esq.
Georgia Bar No. 130593
MORGAN & MORGAN
178 S. Main Street
Suite 300
Alpharetta, GA 30009
*Attorney for Plaintiff*

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Georgia Bar No. 562374
Nicole Henderson
Georgia Bar No. 465276
WILSON ELSER MOSKOWITZ
EDELMAN AND DICKER LLP
3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
(404) 419-6650 (phone)
(404) 419-6651 (fax)

lee.washburn@wilsonelser.com
nicole.henderson@wilsonelser.com
*Attorneys for Defendants Rosedale*
*Transport Limited, Zurich American*
*Insurance, and Harold Arthur Lake*

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RAYE TRAYLOR,

     Plaintiff,

v.

ROSEDALE TRANSPORT LIMITED,
ZURICH AMERICAN INSURANCE
COMPANY, and HAROLD ARTHUR LAKE,

     Defendants.

CIVIL ACTION FILE
NO.: 23-A-2434

### (PROPOSED) ORDER DISMISSING LESS THAN ALL PARTIES

This matter comes before the Court on the Consent Motion to Dismiss Less Than All Parties (the "Motion to Dismiss") filed by Plaintiff and Defendants. Upon consideration of the Motion to Dismiss and all other matters of record, the Court, pursuant to O.C.G.A. §§ 9-11-21 and 9-11-41, **GRANTS** the Motion to Dismiss and **DISMISSES** Plaintiff's claims against Defendant Zurich American Insurance Company ("Zurich American") without prejudice and **DROPS** Defendant Zurich American as a party-defendant to this action. Each party to the Motion to Dismiss shall bear its own costs and expenses. The style and caption of this action shall be amended accordingly.

Any remaining disputes between Plaintiff and remaining Defendants are not affected by this Order.

**SO ORDERED** this _____ day of _____, 2023.

_____
HONORABLE JANE P. MANNING
Judge, State Court of Cobb County, Georgia

284851827v.1

**[SIGNATURE OF COUNSEL ON FOLLOWING PAGE]**

Prepared and Consented to by:

| | |
|---|---|
| */s/ Parker M. Green*_____ | */s/ Lawrence Lee Washburn IV* |
| Parker M. Green, Esq. | Lawrence Lee Washburn IV |
| Georgia Bar No. 130593 | Georgia Bar No. 562374 |
| MORGAN & MORGAN | Nicole Henderson |
| 178 S. Main Street | Georgia Bar No. 465276 |
| Suite 300 | WILSON ELSER MOSKOWITZ |
| Alpharetta, GA 30009 | EDELMAN AND DICKER LLP |
| *Attorney for Plaintiff* | 3348 Peachtree Road NE |
| | Suite 1400 |
| | Atlanta, GA 30326 |
| | (404) 419-6650 (phone) |
| | (404) 419-6651 (fax) |
| | lee.washburn@wilsonelser.com |
| | nicole.henderson@wilsonelser.com |
| | *Attorneys for Defendants Rosedale* |
| | *Transport Limited, Zurich American* |
| | *Insurance, and Harold Arthur Lake* |

ID# J-RA3HPSTW-DL5
🍃 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**23-A-2434**

**JUL 25, 2023 10:29 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RAYE TRAYLOR,

    Plaintiff,

v.

ROSEDALE TRANSPORT LIMITED,
ZURICH AMERICAN INSURANCE
COMPANY, and HAROLD ARTHUR LAKE,

    Defendants.

CIVIL ACTION FILE
NO.: 23-A-2434

### (~~PROPOSED~~) ORDER DISMISSING LESS THAN ALL PARTIES

This matter comes before the Court on the Consent Motion to Dismiss Less Than All Parties (the "Motion to Dismiss") filed by Plaintiff and Defendants. Upon consideration of the Motion to Dismiss and all other matters of record, the Court, pursuant to O.C.G.A. §§ 9-11-21 and 9-11-41, **GRANTS** the Motion to Dismiss and **DISMISSES** Plaintiff's claims against Defendant Zurich American Insurance Company ("Zurich American") without prejudice and **DROPS** Defendant Zurich American as a party-defendant to this action. Each party to the Motion to Dismiss shall bear its own costs and expenses. The style and caption of this action shall be amended accordingly.

Any remaining disputes between Plaintiff and remaining Defendants are not affected by this Order.

**SO ORDERED** this 24TH day of July, 2023.

HONORABLE JANE P. MANNING
Judge, State Court of Cobb County, Georgia