# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WANDA PATTERSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| DELTA AIR LINES, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Wanda Patterson ("Plaintiff" or "Ms. Patterson") brings this Complaint for Damages and Equitable Relief against Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), alleging as follows:

## INTRODUCTION

1.      Plaintiff Wanda Patterson is a dedicated customer service professional who has been proud to serve Delta's customers since 2000. She is also an individual with a disability—an inflammatory autoimmune condition which affects her breathing and placed her at dramatically increased risk for infection and disease caused by airborne particulate matter emitted from the constant construction projects at Delta's facilities at and near the Atlanta Hartsfield-Jackson Airport.

As a ticketing reservation agent who did all of her work with Delta's customers over the telephone and computer, Ms. Patterson asked for and received the reasonable accommodation of being permitted to work from home in November 2016. When she had an acute episode related to her disability after being required to attend an in-person training in March 2019, she requested that her reasonable accommodation be extended to include occasional training sessions as well, but Delta denied her request and forced her to take a leave of absence which she remains on against her will to this day.

2.      Plaintiff asserts claims for unlawful discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*. ("ADA"). She seeks back pay and lost economic benefits of employment, reinstatement or front pay in lieu of reinstatement, compensatory and punitive damages, reasonable attorney's fees and costs of litigation, and any other relief that this Court deems just.

## PARTIES

3.      Plaintiff is a resident of DeKalb County in the State of Georgia and subjects herself to the jurisdiction of this Court.

4.      Plaintiff is an "employee" as defined by the ADA.

5.      Plaintiff is a "qualified individual with a disability" as that term is used and defined by the ADAAA.

6.      Defendant Delta Air Lines, Inc. is a for-profit corporation licensed to do business in the State of Georgia and having its principal office address at 1030 Delta Boulevard, Department 982, in Atlanta, GA 30534.

7.      Defendant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

8.      At all times relevant and material to this Complaint, Plaintiff has been employed by Defendant within the meaning of the ADA.

## JURISDICTION AND VENUE

9.      Plaintiff's claims present federal questions over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 2000e-5(f)(3) because the parties reside and/or conduct business within this district, and the unlawful employment practices giving rise to the claims occurred in this district.

11.     Plaintiff exhausted all administrative remedies in this matter by filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission and receiving a Notice of Right to Sue issued by the Commission.

12.     This action has been timely commenced, within 90 days of Plaintiff's receipt of the Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commission.

## FACTUAL ALLEGATIONS

13.     Ms. Patterson began her employment with Delta almost 23 years ago on August 28, 2000.

14.     Ms. Patterson has never had performance problems of any kind and has never violated company policy; rather, she earned numerous accolades and honor passes and was the first part-time employee to make over $1,000,000 in sales.

15.     Ms. Patterson suffers from an inflammatory autoimmune disability that has rendered her extremely sensitive to environmental pollutants, causing her to experience shortness of breath, coughing, and other respiratory complications.

16.     In August 2011, Ms. Patterson was exposed to chemical fumes at Delta from the mixtures of cleaning products used at the workplace, which exacerbated her disability and caused her health to suffer.

17.     In November 2015, Ms. Patterson was exposed to dust and other airborne particular matter resulting from construction work to redesign and renovate Ms. Patterson's worksite, and this caused another setback for her health, including a chronic cough which required her to take new medication.

18.     In approximately 2016, Ms. Patterson was allowed to work from home permanently when Delta's Work@Home Program began including part-time employees like Ms. Patterson.

19.     In 2018, Ms. Patterson was diagnosed with severe obstructive lung disease secondary to her inflammatory autoimmune disease and asthma.

20.     In May 2018, Ms. Patterson requested a reasonable accommodation from Delta in the form of being allowed to attend occasional trainings and other meetings—the only things she needed to come into the office to do for her job— remotely rather than visit the Delta Engagement Center where these trainings and meetings are held and where the construction work results in airborne particulate matter that adversely affects Ms. Patterson's health.

21.     On July 18, 2018, Ms. Patterson submitted to Delta's Accommodations Department a completed "Physician's Certification for Job Accommodation," which explained that, because of her disabilities, Ms. Patterson needed to avoid being in any areas where there was construction, painting, or any cleaning supplies, and requesting that she be allowed to conduct all of her work for Delta remotely.

22.     On December 19, 2018, Ms. Patterson had a conference call with Delta and her request for accommodation was denied.

23.     On March 26, 2019, an attorney with the Georgia Advocacy Office sent a letter to Delta on Ms. Patterson's behalf, asking that Ms. Patterson be exempted from mandatory in-person training because of her disabilities.

24.     Ms. Patterson communicated with the Delta Accommodations Department on April 23, 2019, and explained that her medical condition worsened, and her doctor had added oxygen to her treatment.

25.     On May 7, 2019, Delta denied Ms. Patterson's reasonable accommodation request, stating that attending certain trainings in person was an essential function of her job, she could therefore not be allowed to attend them remotely via teleconferencing or videoconferencing, and that all Delta would permit her was a leave of absence for her disability.

26.     But there were no meetings that Ms. Patterson could not attend; there were only monthly meetings that were held remotely and trainings which could be done over the computer.

27.     Another employee with a disability also requested reasonable accommodation like Ms. Patterson, but was similarly denied and was forced onto involuntary medical leave.

28.     Yet, many other remote employees with similar jobs to Ms. Patterson's were never required to attend any in-person trainings or meetings at the Engagement Center, including Katrina Durrah.

29.     And there are today employees at Delta, such as Ms. Durrah, who hold jobs similar to Ms. Patterson's, who are not required to attend any in-person trainings or meetings.

30.     Since Ms. Patterson was forced to take involuntary medical leave, Delta has continued to undertake renovation, construction, and cleaning projects at the Engagement Center which pose an unnecessary threat to Ms. Patterson's health.

31.     Ms. Patterson continues to be able, willing, and desirous of performing her job remotely, but Delta continues to deny her the ability to do so and has also refused to transfer or reassign her to a position that in its view can be performed remotely without the requirement of appearing at the Engagement Center.

## COUNT I

## DISCRIMINATION IN VIOLATION OF THE ADA

32.     Plaintiff incorporates all preceding paragraphs of this Complaint as if set forth fully herein.

33.     At all relevant times, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

34.     At all times relevant, Plaintiff was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1), inasmuch as she had mental and physical impairments that substantially limited one or more major life activities, she had a record of such impairments, and/or she was regarded as a person with such impairments.

35.     At all relevant times, Plaintiff was a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and she was able to perform the essential functions of her job with or without a reasonable accommodation.

36.     Defendant intentionally discriminated against Plaintiff by subjecting her to adverse employment actions including, but not limited to, the denial of a requested reasonable accommodation placing her on involuntary disability leave, because of her disabilities.

37.     Defendant violated Plaintiff's rights under the ADA, 42 U.S.C. § 12112, by discriminating against her on the basis of her disabilities.

38.     As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job

related benefits, including social security, all in an amount to be established at a trial by jury.

39.     Defendant's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

40.     Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Plaintiff's federally protected rights, and she is therefore entitled to punitive damages.

41.     Plaintiff is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, she is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT II

## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADAAA

42.     Plaintiff incorporates all preceding paragraphs of the Complaint as if set forth fully herein.

43.     At all relevant times, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

44.     At all times relevant, Plaintiff was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(1), inasmuch as she had physical or

mental impairment that substantially limited one or more major life activities, she had a record of such impairments, and/or she was regarded as a person with such impairments.

45.     At all relevant times, Plaintiff has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and able to perform the essential functions of her job with or without a reasonable accommodation.

46.     Defendant intentionally discriminated against Plaintiff by failing and refusing to accommodate her requests for reasonable accommodation and by not permitting her to attend training and other occasional required meetings remotely.

47.     Defendant's actions amount to a violation of 42 U.S.C. § 12112(a)-(b)(5)(A), which prohibits discrimination on the basis of disability in the form of not making reasonable accommodations for disabilities.

48.     As a direct and proximate result of Defendant's intentional discrimination and failure and refusal to accommodate Plaintiff, she has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at a trial by jury.

49.    Defendant's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

50.    Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Plaintiff's federally protected rights, and she is therefore entitled to punitive damages.

51.    Plaintiff is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, she is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT III

### RETALIATION IN VIOLATION OF THE ADAAA

52.    Plaintiff incorporates all preceding paragraphs of the Complaint as if set forth fully herein.

53.    At all relevant times, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

54.    At all times relevant, Plaintiff was an individual with a disability as defined by the ADAAA, 42 U.S.C. § 12102(1), inasmuch as she had mental and physical impairments that substantially limited one or more major life activities,

she had a record of such impairments, and/or she was regarded as a person with such impairments.

55.     At all relevant times, Plaintiff was a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and she was able to perform the essential functions of her job with or without a reasonable accommodation.

56.     Plaintiff engaged in statutorily protected activity within the meaning of the ADA by requesting reasonable accommodation, complaining of Defendant's denial of reasonable accommodations, and/or otherwise attempting to assert or exercise her statutory rights under the ADA.

57.     Defendant intentionally retaliated against Plaintiff by subjecting her to adverse employment actions including, but not limited to, the denial of a requested reasonable accommodation and forcing her to take mandatory disability leave when she was able to perform the essential functions of her job.

58.     As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at a trial by jury.

59.     Defendant's actions have caused and will continue to cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

60.     Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Plaintiff's federally protected rights, and she is therefore entitled to punitive damages.

61.     Plaintiff is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, she is entitled to an award of damages for future lost wages and benefits of employment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demand a **TRIAL BY JURY** and that the following relief be granted:

a.     A declaratory judgment that Defendant violated the ADA;

b.     Full back pay and all fringe and pension benefits, including but not limited to bonuses, raises, vacation time, paid time off, and the like, which Plaintiff would have received but for the unlawful discrimination perpetrated by Defendant, with prejudgment interest;

c.     Compensatory damages in an amount to be determined by a jury for Plaintiff's emotional distress,

d.      Punitive damages in an amount to be determined by a jury;

e.      Reasonable attorney's fees and expenses of litigation;

f.      Prejudgment interest at the rate allowed by law;

h.      Injunctive relief prohibiting Defendant from further unlawful conduct

of the type described herein; and

i.      Any other relief this Court deems proper and just.

Respectfully submitted this 27th day of July, 2023.

**BEAL SUTHERLAND
BERLIN & BROWN**

*/s/ Brian J. Sutherland*
Brian J. Sutherland
Georgia Bar No. 105408
brian@beal.law
Rachel Berlin Benjamin
Georgia Bar No. 707419
rachel@beal.law
945 East Paces Ferry Road
Suite 2000
Atlanta, Georgia 30326

*Attorneys for Plaintiff*