## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **SHERYL MURPHY,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | |
| **vs.** | |
| **RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY,** and **VICTOR MALDONADO-VILLANUEVA,** | **REMOVED FROM STATE COURT OF DEKALB COUNTY, GEORGIA CIVIL ACTION FILE NO. 23A00896** |
| **Defendants.** | |

## <u>DEFENDANTS' NOTICE OF REMOVAL</u>

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COME NOW **RICH TRANSPORT, LLC, THIRD COAST INSURANCE COMPANY,** and **VICTOR MALDONADO-VILLANUEVA** (hereinafter "Defendants"), and file the following Notice of Removal to United States District Court, showing the Court as follows:

1.    A civil action was filed on February 27, 2023 in the State Court of Dekalb County, State of Georgia. That action is designated there as Civil Action File No.: 23A00896.

2.    On June 16, 2023, Defendant Rich Transport, LLC served Plaintiff with Requests for Admission related to the amount in controversy claimed. Plaintiff responded to Defendant's Requests for Admission on July 20, 2023.

3.    In Plaintiff's Responses to the Requests for Admission, Plaintiff admitted the following:

    a.  Plaintiff is seeking more than $75,000.00 in this lawsuit. (Pl.'s Responses to Def. RFAs ¶ 2).

    b.  Plaintiff does contend that Plaintiff is entitled to recover more than $75,000.00 in this lawsuit. (Pl.'s Responses to Def. RFAs ¶ 4).

    c.  Plaintiff did suffer more than $75,000 in damages from the incident alleged in this lawsuit. (Pl.'s Responses to Def. RFAs ¶ 6).

    d.  Plaintiff is entitled to recover more than $75,000.00 in damages from the incident alleged in this lawsuit. (Pl.'s Responses to Def. RFAs ¶ 8).

e. Plaintiff's damages in this lawsuit are not limited to $75,000.00 or less. (Pl.'s Responses to Def. RFAs ¶ 10).

4. Accordingly, the amount in controversy exceeds $75,000.00. Plaintiff's complaint makes a claim for past and future medical expenses and past and future lost wages. Plaintiff's complaint also makes a claim for punitive damages. Plaintiff's Responses to Defendant's Requests for Admission clearly state Plaintiff is seeking more than $75,000.00 in this lawsuit and that Plaintiff suffered more than $75,000.00 in damages from the alleged incident. Plaintiff responded to Defendant's Requests for Admission on July 20, 2023. Accordingly, this removal is timely filed.[1]

---

[1] Title 28 U.S.C. § 1446(b) provides the governing standard. It gives a defendant 30 days to act, and it creates two events that trigger that 30-day clock to run. The first triggering event is the defendant's receipt of the initial pleading. If the initial pleading does not demonstrate removability, then the second triggering event is the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). Documents that may trigger the (b)(3) clock to run include those from the state court proceeding or answers to discovery requests to the extent those two categories of documents inform what the amount in controversy is. § 1446(c)(3)(A). *See Wopshall v. Travelers Home & Marine Ins. Co., 369 F.Supp.3d 1283 (S.D. Fla. 2019).*

5.    Defendants file herewith a copy of all process, pleadings, and orders received by Defendants in Civil Action File No.: 2023CV00435, pursuant to 28 USC § 1446 (attached hereto as "Exhibit A").

6.    Defendant Rich Transport LLC d/b/a Rich Logistics, is now, was at the commencement of Civil Action File No.: 23A00896, and at all times since has been a limited liability company organized and existing under the laws of the State of Delaware. (Pl.'s First Amended Compl. ¶ 2)

7.    Defendant Rich Transport LLC d/b/a Rich Logistics' Principal Office at the time of filing of Civil Action File No.: 23A00896 was, and all times since has been located at 4600 East McCain Blvd North Little Rock, Arkansas 72117.

8.    Defendant Rich Transport, LLC d/b/a Rich Logistics is a single-member limited liability company of which the sole member is CAT Acquisition Holdings, LLC. Rich Transport, LLC has no sub-members.

9.    CAT Acquisition Holdings, LLC is now, was at the time of the commencement of the Civil Action File No.: 23A00896, and at all times since has been a limited liability company organized and existing under the laws of the State of Delaware.

10.    CAT Acquisition Holdings, LLC's Principal Office is now and was at the time of the commencement of the Civil Action File No.: 23A00896, located at 4600 E. McCain Blvd. N. Little Rock, Arkansas 72117.

11.    CAT Acquisition Holdings, LLC is a single-member limited liability company of which the sole member is CAT Acquisition Canada, Inc. CAT Acquisition Holdings, LLC has no sub-members.

12.    CAT Acquisition Canada, Inc. is now, was at the time of the commencement of the Civil Action File No.: 23A00896, and at all times since, has been a corporation organized and existing under the laws of the country of Canada. CAT Acquisition Canada, Inc. was formerly known as 12169797 Canada Inc, including during the time of the incident giving rise to this action.

13.    CAT Acquisition Canada, Inc.'s Principal Office is now and was at the time of the commencement of the Civil Action File No.: 23A00896, located at 200-1590, rue Ampère Boucherville, J4B 7L4 Quebec, Canada.

14.    Defendant Third Coast Insurance Company, is now, was at the commencement of Civil Action File No.: 23A00896, and at all times

since has been an insurance company organized and existing under the laws of the State of Michigan. (Pl.'s First Amended Compl. ¶3).

15.  Defendant Third Coast Insurance Company's Principal Office at the time of filing of Civil Action File No.: 23A00896 was, and at all times since has been located in the state of Michigan.

16.  Defendant Victor Maldonado-Villanueva is a Mexican national residing at Marte 122, Barrio Estrella, Monterrey, Nuevo Leon, Mexico 64102.

17.  Upon information and belief, Plaintiff is an individual residing in the State of Georgia. (Pl.'s First Amended Compl. ¶ 1).

18.  The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by the Defendants pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the Parties, the Parties are not residents of the same State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

a.  The amount in controversy exceeds $75,000.00.

b.  Plaintiff's complaint makes a claim for past and future medical expenses and past and future lost wages.  (Pl.'s Compl. ¶ 30-31)

c. Plaintiff's Responses to Defendant Rich Transport LLC's First Requests for Admission clearly state that Plaintiff is seeking more than $75,000.00 in this lawsuit and that Plaintiff suffered more than $75,000.00 in damages from the incident alleged in this lawsuit. (Pl.'s Responses to Def. RFAs) (attached hereto as "Exhibit B").

d. "Amount in controversy" means simply the amount sought by Plaintiff that can be legally awarded by the fact-finder. "The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are: In other words, an amount that a plaintiff claims is not 'in controversy' if no fact finder could legally award it." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir., 2002). "[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir., 2010). In a tort case the amount in controversy includes "general, special, and punitive damages." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir., 2001).

e.  The amount in controversy requirement for diversity jurisdiction is
    satisfied in this case because it is clear from the face of Plaintiff's
    Complaint and Plaintiff's Responses to Defendant's Requests for
    Admission that the "matter in controversy exceeds the sum or value
    of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

f.  Pursuant to 28 U.S.C. §1446 (c)(2)(A), Defendants state the amount
    in controversy exceeds the sum of $75,000.00 as Plaintiff has
    alleged that as a result of the incident, she incurred special damages
    and has incurred substantial medical expenses and will likely incur
    expenses in the future (Compl. ¶¶ 42, 43.)

g.  The Court should infer from Plaintiff's purported damages,
    including her alleged past, present, and future claims for damages
    and Plaintiff's Responses to Defendant's Requests for Admission
    that she is seeking recovery in an amount in excess of this Court's
    jurisdictional minimum. Plaintiff's allegations weigh heavily in
    favor of finding that the Complaint and accompanying discovery
    responses state an amount in controversy in excess of $75,000.00.
    *See e.g.*, *Carr v. Halloway*, Civil Action No. 5:09-cv-327 (HL),
    2010 U.S. Dist. LEXIS 104878, at *8-9 (M.D. Ga. Oct. 1, 2010)

(finding that, based on the Court's judicial experience and common sense, the plaintiff's claim likely would result in a pain and suffering award that would bring Plaintiff's case in excess of $75,000.00 even though plaintiff did not assign dollar figures to the amount of his claimed damages for pain and suffering); *Gebbia v. Wal-Mart Stores, Inc.,* 233 F. 3d 880, 882 (5th Cir. 2000) (internal citations omitted) (holding that the amount in controversy was facially apparent from the pleadings where the plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and disfigurement). In sum, Plaintiff's allegations in her Complaint and Responses to Defendant's Requests for Admission make clear that her claim for damages satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a).

19. Defendants attach hereto a copy of Defendants' Notice of Removal to United States District Court which has been sent for filing in the State Court of Dekalb County, State of Georgia, marked as Exhibit "C".

20. All Defendants agree to this removal.

WHEREFORE the Defendants pray that the above action now pending against them in the State Court of Dekalb County, State of Georgia, be removed to this Court.

Respectfully submitted this 27th day of July 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*
JAMES E. GILSON
191 Peachtree Street, N.E.          Georgia State Bar No. 001150
Suite 2900                          MICHAEL L. PETERZELL
Atlanta, Georgia  30303-1775        Georgia State Bar No. 219104
T: (404) 954-5000                   *Counsel for Defendants*
F:  (404) 954-5020
jgilson@hallboothsmith.com
mpeterzell@hallboothsmith.com

## **LOCAL RULE 7.1D CERTIFICATION**

Pursuant to Local Rule 7.1D for the Northern District of Georgia, counsel for Defendants certifies that the above and foregoing is a computer document prepared in Times New Roman (14 point) font, in accordance with Local Rule 5.1B and C.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **SHERYL MURPHY,** | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | |
| **vs.** | |
| **RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY, and VICTOR MALDONADO-VILLANUEVA,** | **REMOVED FROM STATE COURT OF DEKALB COUNTY, GEORGIA CIVIL ACTION FILE NO. 23A00896** |
| **Defendants.** | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the within and foregoing

**DEFENDANTS' NOTICE OF REMOVAL** with the Clerk of Court electronically

which will automatically send an e-mail notification of such filing to the following:

Doug Blatecky
Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, GA  30060
dblatecky@forthepeople.com

[Signatures on Next Page]

Respectfully submitted this 27th day of July 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*
JAMES E. GILSON

191 Peachtree Street, N.E.          Georgia State Bar No. 001150
Suite 2900                          MICHAEL L. PETERZELL
Atlanta, Georgia  30303-1775        Georgia State Bar No. 219104
T: (404) 954-5000                   *Counsel for Defendants*
F:  (404) 954-5020
jgilson@hallboothsmith.com
mpeterzell@hallboothsmith.com

Exhibit A

23A00896

No. _____

**Date Summons Issued and E-Filed**
5/26/2023

_____
PK

_____
Deputy Clerk

Deposit Paid $ _____

[X] **JURY**

## STATE COURT OF DEKALB COUNTY
### GEORGIA, DEKALB COUNTY

**SUMMONS**

Sheryl Murphy
_____

_____
Plaintiff's name and address

**vs.**

Third Coast Insurance Company
_____

_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:
Max Rubinson
_____
Name
1350 Church Street Extension, Suite 300, Marietta, GA 30060
_____
Address
770-702-9074                                              749711
_____
Phone Number                                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____     _____
Defendant's Attorney                                              Third Party Attorney

_____     _____
Address                                                                   Address

_____     _____
Phone No.                        Georgia Bar No.            Phone No.           Georgia Bar No.

### TYPE OF SUIT

☐ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☐**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

STATE COURT OF
DEKALB COUNTY, GA.
E-file summons1-2016      **5/25/2023 11:24 PM**
**E-FILED**
**BY: Phyleta Knighton**

23A00896

Exhibit A

No. _____

**Date Summons Issued and E-Filed**
5/26/2023

_____
PK

_____
Deputy Clerk

Deposit Paid $ _____

[X] **JURY**

### STATE COURT OF DEKALB COUNTY
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Sheryl Murphy
_____

_____
Plaintiff's name and address

**vs.**

Victor Maldonado-Villanueva
_____

_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Max Rubinson
_____
Name
1350 Church Street Extension, Suite 300, Marietta, GA 30060
_____
Address
770-702-9074                                        749711
_____
Phone Number                               Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                                               Third Party Attorney
_____          _____
Address                                                                    Address
_____          _____
Phone No.                    Georgia Bar No.             Phone No.              Georgia Bar No.

### TYPE OF SUIT

☐ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐Other
                                                                    Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☐**(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

STATE COURT OF
DEKALB COUNTY, GA.
E-file summons1-2016     **5/25/2023 11:24 PM**
**E-FILED**
**BY: Phyleta Knighton**

Exhibit A

23A00896

No. _____

Date Summons Issued and Filed
2/27/2023

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

☒ **ANSWER**

☒ **JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Sherly Murphy
_____

_____

(Plaintiff's name and address)

**vs.**

Victor Maldonado-Villanueva
_____

_____

(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Max Rubinson, Morgan & Morgan Atlanta PLLC
_____
(Name)

1350 Church Street Extension, Suite 300, Marietta GA 30060
_____
(Address)

770-702-9074                                           749711
_____
(Phone Number)                      (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____          _____

Defendant's Attorney                              Third Party Attorney

_____          _____

Address                                           Address

_____          _____

Phone No.              Georgia Bar No.            Phone No.              Georgia Bar No.

**TYPE OF SUIT**

☐ Account            ☒ Personal Injury          Principal        $ _____
☐ Contract           ☐ Medical Malpractice
☐ Note               ☐ Legal Malpractice        Interest         $ _____
☐ Trover             ☐ Product Liability
                     ☐ Other                     Atty Fees        $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT OF
DEKALB COUNTY, GA.
23A00896
2/24/2023 11:59 PM
E-FILED
BY: Monica Gay

23A00896

Exhibit A

No. _____

**Date Summons Issued and E-Filed**
5/26/2023

~~PK~~

_____
Deputy Clerk

Deposit Paid $ _____

[X] **JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Sheryl Murphy
_____

_____
Plaintiff's name and address

**vs.**

Rich Transport LLC d/b/a Rich Logistics
_____

_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:
Max Rubinson
_____
Name
1350 Church Street Extension, Suite 300, Marietta, GA 30060
_____
Address
770-702-9074                                                749711
_____
Phone Number                                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____     _____
Defendant's Attorney                                            Third Party Attorney

_____     _____
Address                                                                   Address

_____     _____
Phone No.                          Georgia Bar No.         Phone No.             Georgia Bar No.

**TYPE OF SUIT**

☐ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐ Other

                                                                     Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☐(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

Exhibit A

23A00896

No. _____

Date Summons Issued and Filed
2/27/2023

/s/ Monica Gay
_____
Deputy Clerk

Deposit Paid $ _____

☒ **ANSWER**

☒ **JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Sherly Murphy
_____

_____
(Plaintiff's name and address)

**vs.**

Rich Transportation LLC
_____

_____
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Max Rubinson, Morgan & Morgan Atlanta PLLC
_____
(Name)

1350 Church Street Extension, Suite 300, Marietta GA 30060
_____
(Address)

770-702-9074                           749711
_____
(Phone Number)                      (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____
Defendant's Attorney

_____

_____
Address

_____
Phone No.            Georgia Bar No.

_____
Third Party Attorney

_____

_____
Address

_____
Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☐ Account            ☒ Personal Injury
☐ Contract          ☐ Medical Malpractice
☐ Note               ☐ Legal Malpractice
☐ Trover             ☐ Product Liability
                          ☐ Other

☐ Transferred From _____

Principal        $ _____

Interest         $ _____

Atty Fees        $ _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT OF
DEKALB COUNTY, GA.
23A00896
2/24/2023 11:59 PM
E-FILED
BY: Monica Gay

Exhibit A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

SHERYL MURHPY,

      Plaintiff,

v.

RICH TRANSPORTATION LLC., ET. AL.,

      Defendant.

CIVIL ACTION

FILE NO. <u>23A00896</u>

## SUBSTITUTION OF COUNSEL

COMES NOW Doug Blatecky, of the law firm of Morgan & Morgan and enters his

substitution of counsel for the Plaintiff as follows.

**Doug Blatecky**
**Georgia Bar No. 747274**
**1350 Church Street Extension, Suite 300**
**Marietta, Georgia 30060**
**Phone: (404) 965-8861**
**Email: dblatecky@forthepeople.com**

All further pleadings, orders, and notices should be sent to substitute counsel.

Respectfully submitted, this 13th day of July 2023

MORGAN & MORGAN ATLANTA, PLLC

/s/ Doug Blatecky
Doug Blatecky
Attorney for Plaintiff
Georgia Bar No. 747274

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
Phone: (404) 965-8861
Email: dblatecky@forthepeople.com

Exhibit A

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing SUBSTITUTION OF COUNSEL on all counsel of record for all parties in this case by filing the same through the Court's e-filing system, which will automatically send a copy by STATUTORY ELECTRONIC SERVICE as follows:

This 13th day of July 2023

MORGAN & MORGAN ATLANTA, PLLC

/s/ Doug Blatecky
Doug Blatecky
Attorney for Plaintiff
Georgia Bar No. 747274

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
Phone: (404) 965-8861
Email: dblatecky@forthepeople.com

Exhibit A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

SHERYL MURHPY,

     Plaintiff,

v.

RICH TRANSPORTATION LLC., ET. AL.,

     Defendant.

CIVIL ACTION

FILE NO. <u>23A00896</u>

### SUBSTITUTION OF COUNSEL

COMES NOW Doug Blatecky, of the law firm of Morgan & Morgan and enters his

substitution of counsel for the Plaintiff as follows.

**Doug Blatecky**
**Georgia Bar No. 747274**
**1350 Church Street Extension, Suite 300**
**Marietta, Georgia 30060**
**Phone: (404) 965-8861**
**Email: dblatecky@forthepeople.com**

All further pleadings, orders, and notices should be sent to substitute counsel.

Respectfully submitted, this 13th day of July 2023

MORGAN & MORGAN ATLANTA, PLLC

/s/ Doug Blatecky

Doug Blatecky
Attorney for Plaintiff
Georgia Bar No. 747274

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
Phone: (404) 965-8861
Email: dblatecky@forthepeople.com

Exhibit A

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing SUBSTITUTION OF COUNSEL on all counsel of record for all parties in this case by filing the same through the Court's e-filing system, which will automatically send a copy by STATUTORY ELECTRONIC SERVICE as follows:


This 13th day of July 2023

MORGAN & MORGAN ATLANTA, PLLC

/s/ Doug Blatecky
Doug Blatecky
Attorney for Plaintiff
Georgia Bar No. 747274

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
Phone: (404) 965-8861
Email: dblatecky@forthepeople.com

Exhibit A

| | |
|---|---|
| TO: | All Judges, Clerks of Court, and Counsel of Record |
| FROM: | James E. Gilson, Esquire |
| RE: | Notice of Leave of Absence |
| DATE: | June 16, 2023 |

COMES NOW, James E. Gilson, and respectfully notifies all Judges before whom he has pending cases, all affected Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Uniform State Court Rule 16.

1. The period of leave during which James E. Gilson, Esquire, will be away from the practice of law is:

- June 26th, 2023, through June 30th, 2023.
- July 5th, 2023, through July 10th, 2023.
- August 15th, 2023, through August 21st, 2023.
- September 5th, 2023, through September 11th, 2023.

2. Unless opposing counsel files a written objection within (10) days with the Clerk of Court, with a copy to the Court and all counsel of record, or the Court responds denying the leave, such leave will stand granted without entry of an Order pursuant to Uniform Superior Court Rule 16.1(c).

Respectfully submitted this 16th day of June, 2023.

**HALL BOOTH SMITH, P.C**

*/s/ James E. Gilson*
JAMES E. GILSON
Georgia Bar No.: 001150

191 Peachtree Street
Suite 2900
Atlanta, GA 30303
Tel: (404) 954-5000
Fax: (404) 954-5020
Email: jgilson@hallboothsmith.com

1

**STATE COURT OF
DEKALB COUNTY, GA.
6/16/2023 2:53 PM
E-FILED
BY: Kelly M Johnson**

Exhibit A

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the within and foregoing Notice of Leave of Absence for James E. Gilson upon all Judges, Clerks and Opposing Counsel listed on the attached Exhibit "A" electronically via Odyssey eFileGA:

This 16th day of June 2023.

**HALL BOOTH SMITH, P.C**

*/s/ James E. Gilson*
JAMES E. GILSON
Georgia Bar No.: 001150

191 Peachtree Street
Suite 2900
Atlanta, GA 30303
Tel: (404) 954-5000
Fax: (404) 954-5020
Email: jgilson@hallboothsmith.com

2

**EXHIBIT A**

| Name/Number of Case | Court Pending/Judge | Opposing Counsel |
|---|---|---|
| ALVARES, Shahaney v. Benjamin McGinnis, Moeller Trucking, Inc., Arch Insurance Company, Arch Insurance Group, Inc., and Arch Insurance Solutions, Inc.<br><br>CAFN: 1:23-CV-01986-ELR | U.S District Court Northern District of GA Atlanta Division<br><br>Judge Eleanor L. Ross | Kenneth Paul Raley, III Kaufman Law, P.C. 12 Beck Street NW Atlanta, GA 30318 404-596-8158 kr@kaufmanlawfirm.com |
| KOLBA, Lauren Amelia, and Igor Kolba v. James Lee Doan, Iron Mountain Information Mgt. Services, Inc., and Penske Truck Leasing Co.<br><br>CAFN: 2022-CV-0257 | Lowndes County Superior Court<br><br>Judge James L. Prine | Kari Anne Bowden Smith, Hannan, Parker & Bowden, P.C. 610 North Patterson St Suite B Valdosta, Georgia 31601 229-242-4649 kabowden@shplaw.com |
| HULLANDER, Glen v. Kevin Whitaker, RaceTrac, Inc., RaceTrac Petroleum, Inc., and Arch Insurance Company.<br><br>CAFN: 27-A-977 | Cobb County State Court<br><br>Judge Diana Simmons | Anne Marie Du Toit Catherine D. Payne Payne & Du Toit Law Firm 2275 Marietta Blvd NW Suite 270-245 Atlanta, GA 30318 adutoit@pdtfirm.com cpayne@pdtfirm.com |
| MITCHELL, Todd v. All American Automotive & Towing, LLC, a foreign limited liability company; and John Does 1-3, individual.<br><br>CAFN: 22-EV-003315 | Fulton County State Court<br><br>Judge Diane E. Bessen | Gerardo Briceno G. Briceno Attorneys at Law 3294 River Exchange Dr Suite 420 Peachtree Corners, GA 30092 404-482-3330 gbriceno@gbricenolaw.com |
| ONEWAY XPRESS, LLC v. Iron Mountain Information Mgt. Services, et al.<br><br>CAFN: 20-EV-006482 | Fulton County State Court<br><br>Judge Eric Richardson | David M. Kupsky McKenney & Froelich 50 Polk Street Marietta, GA 30064 david@kupskylaw.com |
| TIPTON, Raymond v. Payne Inc.<br><br>CAFN: 2:23-CV-00033-LGW-BWC | U.S District Court Southern District of GA Brunswick Division<br><br>Judge Lisa G. Wood | Daniel B. Snipes Taulbee Rushing Snipes Marsh & Hodgin P.O Box 327 12 Siebald St Statesboro, GA 30459 912-764-9055 |

Exhibit A

| | | dsnipes@statesborolawgroup.com |
|---|---|---|
| PETNO, Thelma v. Payne, Inc.<br><br>CAFN: 2:23-CV-00031-LGW-BWC | U.S District Court<br>Southern District of GA<br>Brunswick Division<br><br>Judge Lisa G. Wood | Daniel B. Snipes<br>Taulbee Rushing Snipes Marsh & Hodgin<br>P.O Box 327<br>12 Siebald St<br>Statesboro, GA 30459<br>912-764-9055<br>dsnipes@statesborolawgroup.com |
| REID, Tiffany et al. v. Deaton Holdings, Inc.<br><br>CAFN: 22-CV-00218 | Floyd County Superior Court<br><br>Judge William F. Sparks | Michael L. Goldberg<br>Fried Goldberg, LLC<br>Three Alliance Center<br>3550 Lenox Road<br>Suite 1500<br>Atlanta, GA 30326<br>michael@friedgoldberg.com<br><br>Robert K. Finnell<br>The Finnell Firm<br>1 West 4th Avenue<br>Suite 200<br>P.O. Box 63<br>Rome, GA 30161 |
| REID, Tiffany et al. v. NFI Interactive Logistics, LLC<br><br>CAFN: 22-C-00575-S2 | Gwinnett County State Court<br><br>Judge Shawn F. Bratton | Michael L. Goldberg<br>Eric J. D. Rogers<br>Fried Goldberg, LLC<br>Three Alliance Center<br>3550 Lenox Road<br>Suite 1500<br>Atlanta, GA 30326<br>michael@friedgoldberg.com<br>eric@friedgoldberg.com<br><br>Robert K. Finnell<br>The Finnell Firm<br>1 West 4th Avenue<br>Suite 200<br>P.O. Box 63<br>Rome, GA 30161 |
| SALGADO, Jasmin v. Jason Schweigert, Moller Trucking, Inc. and XYZ Corporations #1-3<br><br>CAFN: 2023-CV-00435 | Clayton County State Court | Anita Marie Lamar<br>Stephen Alan Shea<br>Lamar Law Office, LLC<br>P.O. Box 2558<br>Tucker, GA 30085<br>678-819-5276<br>anita@atlantalegalcare.com<br>sshea@atlantalegalcare.com |

Exhibit A

| | | |
|---|---|---|
| WILLIAMS, George v. Melvin Parks<br><br>CAFN: 23-EV-001783 | Fulton County State Court<br><br>Judge Jay M. Roth | Brooks P. Neely<br>The Zagoria Law Firm, LLC<br>5180 Roswell Road<br>South Building<br>Suite S-100<br>Atlanta, GA 30342<br>404-653-0023<br>brooks@lawzagoria.com |
| VIGIL-SHUCK, Hope v. Craig Squire and Cornerstone Cargo, LLC<br><br>CAFN: 1:23-CV-00747-MHC | U.S. District Court<br>Northern District of GA<br>Atlanta Division<br><br>Judge Mark H. Cohen | Andrew Cobb<br>Peter Farris Jaraysi<br>Tiffany Lynn Nanguy<br>Jaraysi Law, LLC<br>2250 Satellite Blvd<br>Suite 120<br>Duluth, GA 30308<br>770-547-5441<br>acobb@slocumblaw.com<br>peter@jaraysilawfirm.com<br>tiffany@jaraysilawfirm.com |
| FOX, Jacqueline v. Joginder Singh, Sahib Trucking, LLC, and Progressive Insurance Company<br><br>CAFN: 22-C-04152-S6 | Gwinnett County State Court<br><br>Judge Veronica Cope | Tiffany Robinson<br>Morgan & Morgan Atlanta, PLLC<br>P.O. Box 57007<br>Atlanta, GA 30343<br>404-965-8811<br>tmrobinson@forthepeople.com |
| HOLSEY, Tonya v. Illinois Tool Works, Inc., and Christopher L. Haggy<br><br>CAFN: 21-C-05829-S6 | Gwinnett County State Court<br><br>Judge Veronica Cope | Michael M. Calabro<br>Steven Loube<br>Lowe Law Firm, P.C.<br>3644 Chamblee Tucker Road<br>Suite F<br>Atlanta, GA 30341<br>770-615-8001<br>calabro@lowelawatl.com<br>steven@lowelawatl.com |
| MCNEIL, Aaron v. Arch Insurance Company, America's Second Harvest of Coastal Georgia, Inc., and Aaron Barr<br><br>CAFN: STCV22-00435 | Chatham County State Court<br><br>Judge Gregory Sapp | Robert Sean McEvoy<br>Witherite Law Group, LLC<br>Bank of America Plaza<br>600 Peachtree Street NE<br>Suite 4010<br>Atlanta, GA 30308<br>800-878-2597<br>sean.mcevoy@witheritelaw.com |
| SPEAKS, Makayla K. v. SBJ Recycling, Inc., Allmerica Financial Benefit Insurance Company, and Paul Norquest | Whitfield County Superior Court<br><br>Judge William T. Boyett | Morgan G. Adams<br>Danny R. Ellis<br>Truck Wreck Justice, PLLC<br>1419 Market Street<br>Chattanooga, TN 37402<br>danny@truckwreckjustice.com |

Exhibit A

| | | |
|---|---|---|
| CAFN: 20CI00036 | | adams@truckwreckjustice.com<br><br>Eric R. Mull<br>Katelyn E. Fischer<br>Drew Eckl & Farnham, LLP<br>235 Peachtree St NE<br>Suite 1900<br>Atlanta, GA 30303<br>404-885-1400<br>mulle@deflaw.com<br>fischerk@deflaw.com |
| CAMPBELL, Meredith v. Wright Transportation, Inc., and Gary Isphording<br><br>CAFN: 1:22-cv-01943-SEG | U.S. District Court<br>Northern District of GA<br>Atlanta Division<br><br>Judge Sarah E. Geraghty | Vangelis Zafiroulis<br>William T. Joyner<br>Haug Law Group, LLC<br>8237 Dunwoody Place<br>Atlanta, GA 30350<br>470-258-1322<br>vangelis@hauglawgroup.com<br>wjoyner@hauglawgroup.com<br><br>Melissa Scheidel<br>The Law Office of Melissa Scheidel, LLC<br>4780 Ashford Dunwoody Rd<br>Suite A-437<br>Atlanta, GA 30338<br>404-793-3145<br>melissa.scheidel@gmail.com |
| FITZGERALD, Cierra v. LE Schwartz & Son, Inc., and Takelvin J. Raines Gordon<br><br>CAFN: 23-SCCV-095352 | Bibb County State Court<br><br>Judge JBH | Michael M. Smith<br>Clark, Smith & Sizemore, LLC<br>150 College Street<br>Macon, GA 31201<br>478-254-5040<br>mike@clarksmithsizemore.com |
| HARMON, Henry v. Wright Transportation, Inc., and Jessica Johnson<br><br>CAFN: 1:22-CV-04195 | U.S. District Court<br>Northern District of GA<br>Atlanta Division<br><br>Judge Eleanor L. Ross | Leonid Michael Felgin<br>Law Office of Lisa Luong, P.C.<br>4554 Jimmy Carter Blvd.<br>Norcross, GA 30393<br>770-598-0960<br>lfelgin1@gmail.com<br><br>Noah S. Rosner<br>Rosner Law Group, P.C.<br>8325 Dunwoody Place<br>Northridge 400, Bldg. 2<br>Atlanta, GA 30342<br>770-408-1221<br>noahrosner@yahoo.com |
| MURPHY, Sheryl v. | DeKalb County State Court | Mark E. Robinson<br>Morgan & Morgan Atlanta, PLLC |

6

Exhibit A

| | | |
|---|---|---|
| Rich Transportation, LLC, and Victor Maldonado-Vallanueva<br><br>CAFN: 23A00896 | Judge Ana Mara Martinez | 1350 Church Street Extension Suite 300 Marietta, GA 30060 770-702-9074 mrubinson@forthepeople.com |
| AWE, Tiatiana, et al. v. Napoleon Armstrong, et al.<br><br>CAFN: 22-A-03970 | DeKalb County State Court<br><br>Judge Mike Jacobs | Kristina Ducos The Ducos Law Firm, LLC 600 W. Peachtree Suite 3710 Atlanta, GA 30308 678-628-2667 kducos@asilpc.com |
| FRAZIER, Jordan v. Heartland Express, Corp., and Adeem Berry<br><br>CAFN: 21-EV-007615 | Fulton County State Court<br><br>Judge Fred C. Eady | Robert O. Bozeman Roodgine D. Bray Davis Bozeman Law Firm, P.C. 4153-C Flat Shoals Parkway Suite 332 Decatur, GA 30034 404-244-2004 rbozeman@davisbozemanlaw.com rbray@davisbozemanlaw.com |
| MCGILBERRY, Lakisha v. Arch Insurance Co., Bartow Paving Co., Inc., Strickline Investments, LLC, Aaron Solomon Bowling<br><br>CAFN: 22-A-3414-2 | Cobb County State Court<br><br>Judge Allison B. Staller | Benjamin S. Persons The Persons Firm, LLC 531 Roselane Street NW Suite 200 Marietta, GA 30060 770-424-5125 ben@personsfirm.com |
| COLCORD, Deana v. Sharron Lambert and Independent Motor Carriers, LLC<br><br>CAFN: 20-SV-00703 | Douglas County State Court<br><br>Judge Eddie Barker | James K. Murphy Murphy Law Firm, LLC 8302 Office Park Drive Douglasville, GA 30134 770-949-6851 jameskmurphy@murphylaywer.com<br><br>James Attwood The Attwood Firm, LLC One Decatur Town Center 150 East Ponce de Leon Ave Suite 200 Decatur, GA 30030 404-907-3539 jattwood@taf-llc.com |
| QORI, Jonild v. Federated Mutual Insurance Company, Casteel Heating & Cooling, LLC, and Scott Robertson<br><br>CAFN: 22-C-01331-S3 | Gwinnett County State Court<br><br>Judge Carla Brown | Arthur R. York The York Firm, LLC 1776 Briarcliff Road NE Suite 200 Atlanta, GA 30306 404-990-3388 arthur@theyorkfirm.com |

Exhibit A

| NAYLOR, Lorenzo v. Moeller Trucking, Inc., and Thomas Anderton CAFN: 23-A-00367 | Dekalb County State Court Judge Kimberly Anderson | Shaun Moore Parsons Law, LLC 208 Pickle Ferry Road, Suite B Cumming, GA 30040 678-314-1553 smoore@parsons-lawfirm.com |
|---|---|---|

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**SHERYL MURPHY,**

**Plaintiff,**

**v.**

**RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY, and VICTOR MALDONADO-VILLANUEVA,**

**Defendants.**

**CIVIL ACTION FILE NUMBER:**

**23A00896**

---

### DEFENDANT THIRD COAST INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

COMES NOW, **THIRD COAST INSURANCE COMPANY** ("Defendant"), and files its Answer and Affirmative Defenses to Plaintiff's Complaint, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that it was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

### THIRD DEFENSE

Plaintiff's alleged damages may have been proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.

Exhibit A

## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, may have avoided the incident referenced in Plaintiff's Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

The sole and proximate cause of the accident referenced in Plaintiff's Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant.  Therefore, Plaintiff is barred from any recovery against this Defendant.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims. Further, in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

The injuries, damages, and losses alleged in Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom this Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom this Defendant had no legal relationship by which liability could be attributed to it.

## NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of

11865.0028

2

Exhibit A

this Defendant and any alleged injuries to Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate her damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

## TWELFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## THIRTEENTH DEFENSE

Plaintiff's claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond the control of this Defendant.

## FOURTEENTH DEFENSE

Plaintiff's recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

## FIFTEENTH DEFENSE

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## SIXTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

Exhibit A

## <u>PARTIES, JURISDICTION, AND VENUE</u>

1.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Amended Complaint.

3.

Defendant admits Paragraph 3 of the Amended Complaint.

4.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Amended Complaint.

## <u>BACKGROUND</u>

6.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Amended Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of the Amended Complaint.

8.

Defendant admits Paragraph 8 of the Amended Complaint.

11865.0028

4

Exhibit A

9.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Amended Complaint.

## **COUNT I – NEGLIGENCE**

10.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 9 as if fully restated.

11.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

## **COUNT II – IMPUTED LIABILITY**

14.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 13 as if fully restated.

15.

Defendant admits Paragraph 15 of the Amended Complaint.

Exhibit A

16.

Defendant admits Paragraph 16 of the Amended Complaint.

17.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

## <u>COUNT III – NEGLIGENT HIRING, TRAINING, & SUPERVISION</u>

18.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 17 as if fully restated.

19.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Amended Complaint.

21.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Amended Complaint.

22.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

Exhibit A

## **COUNT IV – DIRECT ACTION**

### 23.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 22 as if fully restated.

### 24.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Amended Complaint.

### 25.

Defendant admits Paragraph 25 of the Amended Complaint.

### 26.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Amended Complaint.

### 27.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

## **COUNT V – DAMAGES**

### 28.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 27 as if fully restated.

### 29.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Amended Complaint.

### 30.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

31.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Amended Complaint.

32.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of the Amended Complaint.

## COUNT VI – PUNITIVE DAMAGES

33.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 32 as if fully restated.

34.

Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

## COUNT VII – ATTORNEY'S FEES AND EXPENSES

35.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 34 as if fully restated.

36.

Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

Exhibit A

37.

Defendant denies that Plaintiff is entitled to the relief prayed for in the "Wherefore" clause of Plaintiff's Amended Complaint.

38.

Defendant denies all allegations of Plaintiff's Amended Complaint for Damages not expressly admitted herein.

WHEREFORE, Defendant, having fully answered Plaintiffs' Amended Complaint for Damages, prays as follows:

a) that it be discharged without cost or liability;

b) that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that it have such other relief as the Court deems just and proper.

Respectfully submitted this **12th** day of July, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*
JAMES E. GILSON
Georgia Bar No.: 001150

*/s/ Michael L. Peterzell*
MICHAEL L. PETERZELL
Georgia Bar No. 219104
*Attorneys for Third Coast Insurance Company*

191 Peachtree Street Suite 2900
Atlanta, Georgia 30303
T: 404-954-5000
F: 404-954-5020
jgilson@hallboothsmith.com
mpeterzell@hallboothsmith.com
**DEFENDANT DEMANDS A
TWELVE PERSON JURY**

11865.0028

9

STATE COURT OF
DEKALB COUNTY, GA.
7/12/2023 5:12 PM
E-FILED
BY: Kelly Johnson

Exhibit A

10

Exhibit A

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **SHERYL MURPHY,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE NUMBER:** |
| | **23A00896** |
| **RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY, and VICTOR MALDONADO-VILLANUEVA,** | |
| **Defendants.** | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT THIRD COAST INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** via Odyssey eFileGA and/or email:

Max E. Rubinson
Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
mrubinson@forthepeople.com
*Attorney for Plaintiff*

This **12th** day of July 2023.

**[Signatures on following page]**

Exhibit A

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*
JAMES E. GILSON
Georgia Bar No.: 001150

191 Peachtree Street Suite 2900
Atlanta, Georgia 30303
T: 404-954-5000
F: 404-954-5020
jgilson@hallboothsmith.com
mpeterzell@hallboothsmith.com

*/s/ Michael L. Peterzell*
MICHAEL L. PETERZELL
Georgia Bar No. 219104
*Attorneys for Third Coast Insurance Company*

Exhibit A

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **SHERYL MURPHY,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NUMBER:** |
| **v.** | **23A00896** |
| **RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY, and VICTOR MALDONADO-VILLANUEVA,** | |
| **Defendants.** | |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY to the Clerk of Court that on this day I have filed the foregoing Rule 5.2

Certificate of Service of Discovery with the Clerk electronically and that I have served a true copy

of the following:

- ***DEFENDANT RICH TRANSPORT, LLC'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF***

- ***DEFENDANT RICH TRANSPORT, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF***

- ***DEFENDANT RICH TRANSPORT, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF***

via email, addressed to counsel of record as follows:

Max E. Rubinson
Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
mrubinson@forthepeople.com
*Attorney for Plaintiff*

This 16th day of June, 2023.

Exhibit A

**HALL BOOTH SMITH, P.C.**

/s/  *James E. Gilson*

_____

JAMES E. GILSON
Georgia Bar No.: 001150
*Attorney for Defendant Rich Transport, LLC.*

191 Peachtree Street
Suite 2900
Atlanta, Georgia 30303
404-954-5000
404-954-5020 – Fax
jgilson@hallboothsmith.com

STATE COURT OF
DEKALB COUNTY, GA.
6/16/2023 12:10 PM
E-FILED
BY: Kelly Johnson

Exhibit A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**SHERYL MURPHY,**

**Plaintiff,**

v.

**RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY, and VICTOR MALDONADO-VILLANUEVA,**

**Defendants.**

**CIVIL ACTION FILE NUMBER:**

**23A00896**

---

### DEFENDANT VICTOR MALDONADO-VILLANUEVA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, **VICTOR MALDONADO-VILLANUEVA** ("Defendant"), and files his Answer and Affirmative Defenses to Plaintiff's Complaint, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that he was negligent in any manner, or that any negligent act or omission on his part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

### THIRD DEFENSE

Plaintiff's alleged damages may have been proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from this Defendant.

102242305.1
11865.0028

Exhibit A

## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, may have avoided the incident referenced in Plaintiff's Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

The sole and proximate cause of the accident referenced in Plaintiff's Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant.  Therefore, Plaintiff is barred from any recovery against this Defendant.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims. Further, in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

The injuries, damages, and losses alleged in Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom this Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom this Defendant had no legal relationship by which liability could be attributed to it.

## NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of

11865.0028                                    2

this Defendant and any alleged injuries to Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate her damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

## TWELFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## THIRTEENTH DEFENSE

Plaintiff's claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond the control of this Defendant.

## FOURTEENTH DEFENSE

Plaintiff's recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

## FIFTEENTH DEFENSE

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## SIXTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

11865.0028                                3

Exhibit A

## **PARTIES, JURISDICTION, AND VENUE**

1.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Amended Complaint.

3.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4.

Defendant admits Paragraph 4 of the Amended Complaint.

5.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Amended Complaint.

## **BACKGROUND**

6.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Amended Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of the Amended Complaint.

8.

Defendant admits Paragraph 8 of the Amended Complaint.

Exhibit A

9.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Amended Complaint.

## COUNT I – NEGLIGENCE

10.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 9 as if fully restated.

11.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

## COUNT II – IMPUTED LIABILITY

14.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 13 as if fully restated.

15.

Defendant admits Paragraph 15 of the Amended Complaint.

16.

Defendant admits Paragraph 16 of the Amended Complaint.

17.

Defendant admits Paragraph 17 of the Amended Complaint.

## COUNT III – NEGLIGENT HIRING, TRAINING, & SUPERVISION

18.

Defendant incorporates by reference herein its answers to allegations contained in the prior

paragraphs 1 through 17 as if fully restated.

19.

Defendant is without knowledge or information sufficient to form a belief about the truth

of the allegations contained in Paragraph 19 of the Amended Complaint.

20.

Defendant is without knowledge or information sufficient to form a belief about the truth

of the allegations contained in Paragraph 20 of the Amended Complaint.

21.

Defendant is without knowledge or information sufficient to form a belief about the truth

of the allegations contained in Paragraph 21 of the Amended Complaint.

22.

Defendant is without knowledge or information sufficient to form a belief about the truth

of the allegations contained in Paragraph 22 of the Amended Complaint.

## COUNT IV – DIRECT ACTION

23.

Defendant incorporates by reference herein its answers to allegations contained in the prior

Exhibit A

paragraphs 1 through 22 as if fully restated.

24.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Amended Complaint.

25.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Amended Complaint.

26.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Amended Complaint.

27.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

## <u>COUNT V – DAMAGES</u>

28.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 27 as if fully restated.

29.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Amended Complaint.

30.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

Exhibit A

31.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Amended Complaint.

32.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of the Amended Complaint.

## COUNT VI – PUNITIVE DAMAGES

33.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 32 as if fully restated.

34.

Defendant denies the allegations contained in Paragraph 7 of the Amended Complaint.

## COUNT VII – ATTORNEY'S FEES AND EXPENSES

35.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 34 as if fully restated.

36.

Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

37.

Defendant denies that Plaintiff is entitled to the relief prayed for in the "Wherefore" clause of Plaintiff's Amended Complaint.

Exhibit A

38.

Defendant denies all allegations of Plaintiff's Amended Complaint for Damages not expressly admitted herein.

WHEREFORE, Defendant, having fully answered Plaintiffs' Amended Complaint for Damages, prays as follows:

a) that it be discharged without cost or liability;

b) that it have a trial by a jury of twelve persons as to all issues properly triable by a jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that it have such other relief as the Court deems just and proper.

Respectfully submitted this **12th** day of July, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*
JAMES E. GILSON
Georgia Bar No.: 001150

*/s/ Michael L. Peterzell*
MICHAEL L. PETERZELL
Georgia Bar No. 219104
*Attorneys for Defendant Victor Maldonado-Villanueva*

191 Peachtree Street Suite 2900
Atlanta, Georgia 30303
T: 404-954-5000
F: 404-954-5020
jgilson@hallboothsmith.com
mpeterzell@hallboothsmith.com
**DEFENDANT DEMANDS A
TWELVE PERSON JURY**

STATE COURT OF
DEKALB COUNTY, GA.
7/12/2023 5:12 PM
E-FILED
BY: Kelly Johnson

11865.0028

9

Exhibit A

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **SHERYL MURPHY,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NUMBER:** |
| **v.** | **23A00896** |
| **RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY, and VICTOR MALDONADO-VILLANUEVA,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT VICTOR MALDONADO-VILLANUEVA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** via Odyssey eFileGA and/or email:

Max E. Rubinson
Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
mrubinson@forthepeople.com
*Attorney for Plaintiff*

This **12th** day of July 2023.

**[Signatures on following page]**

11865.0028                                          10

Exhibit A

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*
JAMES E. GILSON
Georgia Bar No.: 001150

*/s/ Michael L. Peterzell*
MICHAEL L. PETERZELL
Georgia Bar No. 219104
*Attorneys for Defendant Victor Maldonado-Villanueva*

191 Peachtree Street Suite 2900
Atlanta, Georgia 30303
T: 404-954-5000
F: 404-954-5020
jgilson@hallboothsmith.com
mpeterzell@hallboothsmith.com

11865.0028

11

Exhibit A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**SHERYL MURPHY,**

**Plaintiff,**

**v.**

**RICH TRANSPORT LLC d/b/a RICH
LOGISTICS, THIRD COAST
INSURANCE COMPANY, and VICTOR
MALDONADO-VILLANUEVA,**

**Defendants.**

**CIVIL ACTION FILE NUMBER:**

**23A00896**

---

## DEFENDANT RICH TRANSPORT LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, **RICH TRANSPORT LLC** ("Defendant"), and files its Answer and

Affirmative Defenses to Plaintiff's Complaint, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies that it was negligent in any manner, or that any negligent act or

omission on its part caused or contributed to any injury or damage alleged to have been sustained

by Plaintiff.

### THIRD DEFENSE

Plaintiff's alleged damages may have been proximately caused by Plaintiff's own

contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is

not entitled to recover from this Defendant.

STATE COURT OF
DEKALB COUNTY, GA.
7/12/2023 5:12 PM
E-FILED
BY: Kelly M Johnson

Exhibit A

## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, may have avoided the incident referenced in Plaintiff's Complaint and, therefore, Plaintiff is not entitled to recover from this Defendant.

## FIFTH DEFENSE

The sole and proximate cause of the accident referenced in Plaintiff's Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than this Defendant.  Therefore, Plaintiff is barred from any recovery against this Defendant.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims. Further, in this regard, this Defendant specifically shows that a *bona fide* dispute exists to the extent that this Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

The injuries, damages, and losses alleged in Plaintiff's Complaint, none being admitted, were caused, in whole or in part, by the actions or inactions of parties and/or non-parties over whom this Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom this Defendant had no legal relationship by which liability could be attributed to it.

## NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of

this Defendant and any alleged injuries to Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate her damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

## TWELFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## THIRTEENTH DEFENSE

Plaintiff's claims for damages and injuries are barred to the extent they were caused by a prior, new, intervening and/or superseding cause or circumstance beyond the control of this Defendant.

## FOURTEENTH DEFENSE

Plaintiff's recovery may be barred by additional defenses that this Defendant reserves the right to assert in the future.

## FIFTEENTH DEFENSE

This Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## SIXTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

Exhibit A

## **PARTIES, JURISDICTION, AND VENUE**

1.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.

Defendant admits Paragraph 2 of the Amended Complaint.

3.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Amended Complaint.

## **BACKGROUND**

6.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Amended Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of the Amended Complaint.

8.

Defendant admits Paragraph 8 of the Amended Complaint.

11865.0028

4

Exhibit A

9.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Amended Complaint.

## COUNT I – NEGLIGENCE

10.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 9 as if fully restated.

11.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

## COUNT II – IMPUTED LIABILITY

14.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 13 as if fully restated.

15.

Defendant admits Paragraph 15 of the Amended Complaint.

Exhibit A

16.

Defendant admits Paragraph 16 of the Amended Complaint.

17.

Defendant admits Paragraph 17 of the Amended Complaint.

## **COUNT III – NEGLIGENT HIRING, TRAINING, & SUPERVISION**

18.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 17 as if fully restated.

19.

Defendant denies the allegations contained in Paragraph 19 of the Amended Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of the Amended Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint.

## **COUNT IV – DIRECT ACTION**

23.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 22 as if fully restated.

24.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Amended Complaint.

Exhibit A

25.

Defendant admits Paragraph 25 of the Amended Complaint.

26.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Amended Complaint.

27.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

## COUNT V – DAMAGES

28.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 27 as if fully restated.

29.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Amended Complaint.

30.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

31.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Amended Complaint.

32.

Defendant is without knowledge or information sufficient to form a belief about the truth

Exhibit A

of the allegations contained in Paragraph 32 of the Amended Complaint.

## COUNT VI – PUNITIVE DAMAGES

33.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 32 as if fully restated.

34.

Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

## COUNT VII – ATTORNEY'S FEES AND EXPENSES

35.

Defendant incorporates by reference herein its answers to allegations contained in the prior paragraphs 1 through 34 as if fully restated.

36.

Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

37.

Defendant denies that Plaintiff is entitled to the relief prayed for in the "Wherefore" clause of Plaintiff's Amended Complaint.

38.

Defendant denies all allegations of Plaintiff's Amended Complaint for Damages not expressly admitted herein.

WHEREFORE, Defendant, having fully answered Plaintiffs' Amended Complaint for Damages, prays as follows:

a) that it be discharged without cost or liability;

b) that it have a trial by a jury of twelve persons as to all issues properly triable by a

11865.0028                                      8

Exhibit A

jury;

c) that a Pre-Trial Conference be held;

d) that all costs and attorneys' fees be assessed against Plaintiff; and

e) that it have such other relief as the Court deems just and proper.

Respectfully submitted this **12th** day of July, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*
JAMES E. GILSON
Georgia Bar No.: 001150

191 Peachtree Street Suite 2900
Atlanta, Georgia 30303
T: 404-954-5000
F: 404-954-5020
jgilson@hallboothsmith.com
mpeterzell@hallbooth.com
**DEFENDANT DEMANDS A
TWELVE PERSON JURY**

*/s/ Michael L. Peterzell*
MICHAEL L. PETERZELL
Georgia Bar No. 219104
*Attorneys for Defendant Rich Transport LLC*

STATE COURT OF
DEKALB COUNTY, GA.
7/12/2023 5:12 PM
E-FILED
BY: Kelly Johnson

11865.0028

9

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **SHERYL MURPHY,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE NUMBER:** |
| | **23A00896** |
| **RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY, and VICTOR MALDONADO-VILLANUEVA,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT RICH TRANSPORT LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** via Odyssey eFileGA and/or email:

Max E. Rubinson
Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
mrubinson@forthepeople.com
*Attorney for Plaintiff*

This **12th** day of July 2023.

Exhibit A

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*
JAMES E. GILSON
Georgia Bar No.: 001150

191 Peachtree Street Suite 2900
Atlanta, Georgia 30303
T: 404-954-5000
F: 404-954-5020
Jgilson@hallboothsmith.com
mpeterzell@hallboothsmith.com

*/s/ Michael L. Peterzell*
MICHAEL L. PETERZELL
Georgia Bar No. 219104
*Attorneys for Defendant Rich Transport LLC*

11865.0028

Exhibit A

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Sheryl Murphy

                    Plaintiff,

v.

Rich Transport LLC d/b/a Rich Logistics,
Third Coast Insurance Company, and Victor
Maldonado-Villanueva,

                    Defendants.

CIVIL ACTION
FILE NO. 23A00896

## ACKNOWLEDGMENT OF SERVICE

      I, James Gilson, am an attorney for Defendant Rich Transport LLC d/b/a Rich Logistics, Defendant Victor Maldonado-Villanueva, and for Unnamed Defendant Third Coast Insurance Company (hereafter collectively referred to as "Defendants"), and I am authorized to accept service of process in the above-styled action for Defendants. I hereby acknowledge service of due and proper process to Defendants of the *Summons* and *First Amended Complaint*, *Plaintiff's First Interrogatories and Request for Production of Documents to Defendants,* and *Plaintiff's First Request for Admissions to Defendant Third Coast Insurance Company*. No further or other service of process to Defendants is required or necessary. Defendants' answers and/or responsive pleadings to the complaint will be due 30 days from the date of this acknowledgment.

      Respectfully submitted, this 12th day of June 2023

                    HALL BOOTH SMITH, P.C.

                    /s/ James Gilson
                    James Gilson
                    Attorney for Defendants
                    Georgia Bar No. 001150

191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303

Exhibit A

Phone: (404) 954-5195
Email: JGilson@hallboothsmith.com

Exhibit A

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing ACKNOWLEDGMENT OF SERVICE on all counsel of record for all parties in this case by filing the same through the Court's e-filing system, which will automatically send a copy by STATUTORY ELECTRONIC SERVICE as follows:

**Max Rubinson**
**Georgia Bar No. 749711**
**1350 Church Street Extension, Suite 300**
**Marietta, Georgia 30060**
**Phone: (770) 702-9074**
**Fax: (770) 799-2724**
**Email: mrubinson@forthepeople.com**

On this, the 12th day of  June 2023

HALL BOOTH SMITH, P.C.

/s/ James Gilson
_____
James Gilson
Attorney for Defendants
Georgia Bar No. 001150

191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
Phone: (404) 954-5195
Email: JGilson@hallboothsmith.com

Exhibit A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Sheryl Murphy,

     Plaintiff,

v.

Rich Transport LLC d/b/a Rich Logistics,
Third Coast Insurance Company, and Victor
Maldonado-Villanueva,

     Defendants.

CIVIL ACTION
FILE NO.: <u>23A00896</u>

JURY TRIAL DEMANDED

## FIRST AMENDED COMPLAINT

COMES NOW Sheryl Murphy, Plaintiff, and makes and files this First Amended
Complaint against Defendants Rich Transport LLC d/b/a Rich Logistics, Third Coast Insurance
Company, and Victor Maldonado-Villanueva:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Sheryl Murphy is a citizen and resident of the State of Georgia.

2.

Defendant Rich Transport LLC d/b/a Rich Logistics (hereafter "Rich") is a foreign
limited liability company existing under the laws of Delaware with its principal place of business
in Arkansas and may be served through its registered agent CT Corporation at 1209 Orange St,
Wilmington, DE 19801 and is subject to the jurisdiction of this Court.

3.

Defendant Third Coast Insurance Company (hereafter "Third Coast") is a foreign
insurance company existing under the laws of Wisconsin with its principal place of business in
Wisconsin and may be served through its registered agent Rick Hobbs at 15200 W Small Rd,
New Berlin, WI 53151 and is subject to the jurisdiction of this Court.

4.

Defendant Victor Maldonado-Villanueva resides at 6011 Scott Hamilton Dr, Little Rock, AR 72209 and may be served at that address.

5.

Jurisdiction and venue are proper in this Court.

## BACKGROUND

6.

On or about September 30, 2022, Plaintiff was operating at 2008 Honda Civic in a careful and prudent manner and was traveling north on I-85 near Chamblee Tucker Rd in DeKalb County, Georgia.

7.

At or about the same time, Defendant Maldonado-Villanueva was operating a 2019 Freightliner Cascadia and was traveling north on I-85 near Chamblee Tucker Rd in Dekalb County, Georgia when he negligently, recklessly, carelessly, and unlawfully operated the 2019 Freightliner Cascadia so as to cause it to collide with Plaintiff's vehicle.

8.

On this date, Defendant Maldonado-Villanueva was operating the 2019 Freightliner Cascadia on behalf of Defendant Rich.

9.

As a result of the collision, Plaintiff suffered serve, life-altering injuries.

## COUNT I – NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

At all relevant times, Defendant Maldonado-Villanueva owed certain civil duties to Plaintiff, and, notwithstanding those duties, Defendant Maldonado-Villanueva violated them in the following particulars:

(a)    In failing to make reasonable and proper observations while driving or, if reasonable and proper observations were made, failing to act thereon;

(b)    In making an improper lane change in violation of O.C.G.A. § 40-6-123;

(c)     In failing to observe or undertake the necessary precautions to keep the vehicle he was operating from colliding with another vehicle in violation of O.C.G.A. § 40-6-390;

(d)     In driving without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

(e)     In driving in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

(f)     In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

12.

Defendant Maldonado-Villanueva's violations of the aforementioned statutory duties of care constitute negligence and negligence *per se*.

13.

Defendant Maldonado-Villanueva's negligence is the sole and proximate cause of the subject collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject collision, Defendant Maldonado-Villanueva was under dispatch for Defendant Rich.

16.

At the time of the subject collision, Defendant Maldonado-Villanueva was operating his vehicle on behalf of Defendant Rich.

17.

Defendant Rich is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Maldonado-Villanueva in regard to the collision described in this First Amended Complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant Rich was negligent in hiring Defendant Maldonado-Villanueva and entrusting him to drive a tractor-trailer.

20.

Defendant Rich was negligent in failing to properly train Defendant Maldonado-Villanueva.

21.

Defendant Rich was negligent in failing to properly supervise Defendant Maldonado-Villanueva.

22.

Defendant Rich's negligence in hiring Defendant Maldonado-Villanueva and entrusting him with driving a commercial vehicle and failing to train and supervise him properly is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – DIRECT ACTION

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

Defendant Third Coast is subject to a direct action as the insurer for Defendant Rich pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

25.

Defendant Third Coast was the insurer of Defendant Rich at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

26.

Defendant Third Coast and Defendant Rich are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

Exhibit A

27.

Defendant Third Coast is responsible for any judgment rendered against Defendant Rich and Defendant Maldonado-Villanueva up to its policy limits of coverage.

## COUNT V – DAMAGES

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

As a result of Defendants' negligence, Plaintiff suffered significant injuries.

30.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

31.

As a result of Defendants' negligence, Plaintiff has been unable to work and has a claim for past and future lost wages.

32.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

## COUNT VI – PUNITIVE DAMAGES

33.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

Defendants' conduct was reckless, willful, and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

## COUNT VII – ATTORNEY'S FEES AND EXPENSES

35.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 34 above as if fully restated.

Exhibit A

36.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense. Plaintiff is therefore entitled to recover expenses of litigation, including attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's First Amended Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have and recover general damages from Defendants, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of her injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants special damages for past and future medical expenses in such an amount as shall be proven at trial;

(e) That Plaintiff have and recover from Defendants punitive damages from Defendants as determined by the enlightened conscience of the jury;

(f) That Plaintiff have and recover from Defendants expenses of litigation, including attorney's fees;

(g) That this matter be tried to a jury;

(h) That all costs be cast against Defendant; and

(i) For such other and further relief as this Court deems just and appropriate.

Respectfully submitted, this 25th day of  May 2023

MORGAN & MORGAN ATLANTA, PLLC

/s/ Max E. Rubinson
Max E. Rubinson
Georgia Bar No. 749711
Attorney for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA.
5/25/2023 11:24 PM
E-FILED
BY: Phyleta Knighton

Exhibit A

Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, GA 30060
Phone: (770) 702-9074
Fax: (770) 799-2724
Email: mrubinson@forthepeople.com

Exhibit A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Sheryl Murphy, | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO.: <u>23A00896</u> |
| Rich Transport LLC d/b/a Rich Logistics, Third Coast Insurance Company, and Victor Maldonado-Villanueva, | JURY TRIAL DEMANDED |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I served the foregoing FIRST AMENDED COMPLAINT on the following parties by way of service upon the Georgia Secretary of State in accordance with Georgia law:

Defendant Rich Transport LLC d/b/a Rich Logistics

Registered Agent: CT Corporation,1209 Orange St, Wilmington, DE


Defendant Third Coast Insurance Company

Registered Agent: Rick Hobbs at 15200 W Small Rd, New Berlin, WI 53151


Defendant Victor Maldonado-Villanueva

6011 Scott Hamilton Dr, Little Rock, AR 72209


Respectfully submitted, this 25th day of  May 2023



MORGAN & MORGAN ATLANTA, PLLC

<u>/s/ Max E. Rubinson</u>
Max E. Rubinson
Georgia Bar No. 749711

Exhibit A

Attorney for Plaintiff

Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, GA 30060
Phone: (770) 702-9074
Fax: (770) 799-2724
Email: mrubinson@forthepeople.com

Exhibit A

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

**SHERYL MURPHY,**
              **Plaintiff,**

**v.**

**RICH TRANSPORT LLC d/b/a RICH**
**LOGISTICS, THIRD COAST**
**INSURANCE COMPANY, and VICTOR**
**MALDONADO-VILLANUEVA,**
              **Defendants.**

**CIVIL ACTION FILE NUMBER:**

**23A00896**

---

## RULE 5.2 CERTIFICATE

---

This is to certify that, pursuant to Uniform Superior Court Rule 5.2(2), as amended, I have this day served all counsel to this action with a copy of the foregoing *Plaintiff's Responses To Defendant Rich Transport LLC's First Requests For Admission To Plaintiff* via STATUTORY ELECTRONIC SERVICE as follows:

James E. Gilson
Hall Booth Smith, PC
191 Peachtree Street, Suite 2900
Atlanta, Georgia 30303
404-954-5000
JGilson@hallboothsmith.com
gcampbell@hallboothsmith.com

Respectfully submitted, this 14th day of July 2023

MORGAN & MORGAN ATLANTA, PLLC

/s/ Max Rubinson
Max Rubinson
Attorney for Plaintiff
Georgia Bar No. 749711

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
Phone: (770) 702-9074
Fax: (770) 799-2724
Email: mrubinson@forthepeople.com

Exhibit A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**SHERYL MURPHY,**
          **Plaintiff,**

**v.**

**RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY, and VICTOR MALDONADO-VILLANUEVA,**
          **Defendants.**

**CIVIL ACTION FILE NUMBER:**

**23A00896**

---

## RULE 5.2 CERTIFICATE

---

This is to certify that, pursuant to Uniform Superior Court Rule 5.2(2), as amended, I have this day served all counsel to this action with a copy of the foregoing *Plaintiff's Responses To Defendant Rich Transport LLC's First Requests For Admission To Plaintiff* via STATUTORY ELECTRONIC SERVICE as follows:

James E. Gilson
Hall Booth Smith, PC
191 Peachtree Street, Suite 2900
Atlanta, Georgia 30303
404-954-5000
JGilson@hallboothsmith.com
gcampbell@hallboothsmith.com

Respectfully submitted, this 14th day of July 2023

MORGAN & MORGAN ATLANTA, PLLC

/s/ Max Rubinson
_____
Max Rubinson
Attorney for Plaintiff
Georgia Bar No. 749711

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
Phone: (770) 702-9074
Fax: (770) 799-2724
Email: mrubinson@forthepeople.com

Exhibit A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**SHERYL MURPHY,**
            **Plaintiff,**

**v.**

**RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY, and VICTOR MALDONADO-VILLANUEVA,**
            **Defendants.**

**CIVIL ACTION FILE NUMBER:**

**23A00896**

---

### RULE 5.2 CERTIFICATE

---

This is to certify that, pursuant to Uniform Superior Court Rule 5.2(2), as amended, I have this day served all counsel to this action with a copy of the foregoing *Plaintiff's Responses To Defendant Rich Transport LLC's First Requests For Admission To Plaintiff* via STATUTORY ELECTRONIC SERVICE as follows:

James E. Gilson
Hall Booth Smith, PC
191 Peachtree Street, Suite 2900
Atlanta, Georgia 30303
404-954-5000
JGilson@hallboothsmith.com
gcampbell@hallboothsmith.com

Respectfully submitted, this 14th day of July 2023

MORGAN & MORGAN ATLANTA, PLLC

/s/ Max Rubinson
Max Rubinson
Attorney for Plaintiff
Georgia Bar No. 749711

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
Phone: (770) 702-9074
Fax: (770) 799-2724
Email: mrubinson@forthepeople.com

Exhibit A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**SHERYL MURPHY,**

        **Plaintiff,**

**v.**

**RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY, and VICTOR MALDONADO-VILLANUEVA,**

        **Defendants.**

**CIVIL ACTION FILE NUMBER:**

**23A00896**

### RULE 5.2 CERTIFICATE

This is to certify that, pursuant to Uniform Superior Court Rule 5.2(2), as amended, I have this day served all counsel to this action with a copy of the foregoing *Plaintiff's Amended Responses To Defendant Rich Transport LLC's First Requests For Admission To Plaintiff* via STATUTORY ELECTRONIC SERVICE as follows:

James E. Gilson
Hall Booth Smith, PC
191 Peachtree Street, Suite 2900
Atlanta, Georgia 30303
404-954-5000
JGilson@hallboothsmith.com
gcampbell@hallboothsmith.com

Respectfully submitted, this 21st day of July 2023

MORGAN & MORGAN ATLANTA, PLLC

/s/ Max Rubinson
Max Rubinson
Attorney for Plaintiff
Georgia Bar No. 749711

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
Phone: (770) 702-9074
Fax: (770) 799-2724
Email: mrubinson@forthepeople.com

Exhibit A

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Sheryl Murhpy, | |
| Plaintiff, | |
| v. | CIVIL ACTION 23A00896 FILE NO.: _____ |
| Rich Transportation LLC and Victor Maldonado-Villanueva, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

COMES NOW Sheryl Murphy, Plaintiff, and makes and files this complaint against Defendants Rich Transportation LLC and Victor Maldonado-Villanueva as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Sheryl Murphy is a citizen and resident of the State of Georgia.

2.

Defendant Rich Transportation LLC is a limited liability company existing under the laws of the State of Georgia with its principal place of business at 2200 Parklake Dr NE 1006, Atlanta, GA, 30345. Defendant Rich Transportation LLC is subject to the jurisdiction of this Court and may be served with a copy of the summons and complaint via its registered agent Jalen T Richardson at 2200 Parklake Dr NE 1006, Atlanta, GA, 30345.

Exhibit A

3.

Defendant Victor Maldonado-Villanueva is a citizen and resident of the State of Arizona, whose last known address is 6011 Scott Hamilton Dr Little Rock, Arizona. Defendant Victor Maldonado-Villanueva is subject to the jurisdiction of this Court under O.C.G.A. § 9-10-91 and may be served in accordance with O.C.G.A. § 40-12-2.

4.

Jurisdiction and venue are proper in this Court.

## BACKGROUND

5.

On or about September 30, 2022, Plaintiff was operating at 2008 Honda Civic in a careful and prudent manner and was traveling north in I-85 near Chamblee Tucker Rd in DeKalb County, Georgia.

6.

At or about the same time, Defendant Victor Maldonado-Villanueva was operating a 2019 Freightliner Cascadia and was traveling north on I-85 near Chamblee Tucker Rd in Dekalb County, Georgia when he negligently, recklessly, carelessly, and unlawfully operated said 2019 Freightliner Cascadia so as to cause it to collide with Plaintiff's vehicle.

## COUNT I
## NEGLIGENCE AS TO DEFENDANT VICTOR MALDONADO-VILLANUEVA

7.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 6 above as if fully restated herein.

8.

At all relevant times, Defendant Victor Maldonado-Villanueva owed certain civil duties to Plaintiff, and, notwithstanding those duties, Defendant Victor Maldonado-Villanueva did violate them in the following particulars:

Exhibit A

(a)     In failing to make reasonable and proper observations while driving or, if reasonable and proper observations were made, failing to act thereon;

(b)     In making an improper lane change in violation of O.C.G.A. § 40-6-123;

(c)     In failing to observe or undertake the necessary precautions to keep the vehicle he was operating from colliding with another vehicle in violation of O.C.G.A. § 40-6-390;

(d)     In driving without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

(e)     In driving in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

(f)     In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

9.

Defendant Victor Maldonado-Villanueva's violations of the aforementioned statutory duties of care constitute negligence and negligence *per se*.

10.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Victor Maldonado-Villanueva, Plaintiff suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body and nervous system, personal inconvenience, plus an inability to lead a normal life.

## COUNT II

## VICARIOUS LIABILITY AS TO DEFENDANT RICH TRANSPORTATION LLC

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated herein.

Exhibit A

12.

On information and belief, at the time of the subject collision, Defendant Victor Maldonado-Villanueva was acting within the course and scope of his employment with Defendant Rich Transportation LLC.

13.

Defendant Rich Transportation LLC is responsible for Defendant Victor Maldonado-Villanueva's actions under the doctrine of respondeat superior, agency, or apparent agency.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That this matter be tried to a jury;

(d) That Plaintiff have and recover general damages from Defendants, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of his injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(e) That Plaintiff have and recover from Defendants special damages for past and future medical expenses in such an amount as shall be proven at trial;

(g) That all costs be cast against Defendants; and

(h) For such other and further relief as this Court deems just and appropriate.

This 24th day of February, 2023.

MORGAN & MORGAN ATLANTA, PLLC

*/s/ Max E. Rubinson*
Max E. Rubinson
Georgia Bar No. 749711
Attorney for Plaintiff

- 4 -

STATE COURT OF
DEKALB COUNTY, GA.
2/24/2023 11:59 PM
E-FILED
BY: Monica Gay

Exhibit A

Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, GA 30060
Phone: (770) 702-9074
Fax: (770) 799-2724
Email: mrubinson@forthepeople.com

Exhibit A

**General Civil and Domestic Relations Case Filing Information Form**

☐ **Superior** or ☐ **State Court of** _____ **County**

| | |
|---|---|
| **For Clerk Use Only** | |
| 2/27/2023 | 23A00896 |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**                                                    **Defendant(s)**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____   **Bar Number** _____   **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐   Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
        **Case Number**                            **Case Number**

☐   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐   Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                          **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

**STATE COURT OF
DEKALB COUNTY, GA.
2/24/2023 11:59 PM
E-FILED
BY: Monica Gay**

Exhibit A

# IN THE STATE COURT OF DEKALB COUNTY
# STATE OF GEORGIA

SHERYL MURPHY,                        )
                                      )
Plaintiff,                            )          Civil Action
                                      )          File No.: 23A00896
v.                                    )
                                      )
RICH TRANSPORTATION LLC AND           )
VICTOR MALDONADO-VILLANUEVA,          )
                                      )
Defendants.                           )
                                      )

## AFFIDAVIT OF NON- SERVICE

My name is Shane Barron.  I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 14th of March 2023, Capital Investigations, Inc., was hired by Morgan & Morgan Atlanta, PLLC, to serve process of the related SUMMONS, COMPLAINT, CASE FILING INFORMATION FORM, PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT VICTOR MALDONADO VILLANUEVA, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT VICTOR MALDONADO-VILLANUEVA, PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO THE STANDARD FIRE INSURANCE COMPANY, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO THE STANDARD FIRE INSURANCE COMPANY, PLAINTIFF'S FIRST INTERROGATORIES
TO DEFENDANT RICH TRANSPORTATION LLC, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RICH TRANSPORTATION LLC, AND RULE 5.2 CERTIFICATE OF SERVICE, upon Rich Transportation LLC, a Defendant in the above-styled action.

Using the provided address of 2200 Parklake Dr NE 1006, Atlanta, GA 30345, I attempted to serve the above documents upon Rich Transportation LLC on April 17, 2023, at 3:12 PM. There was no answer at the door.

Exhibit A

On April 22, 2023, at 11:30 AM, I returned to the address of 2200 Parklake Dr NE 1006, Atlanta, GA 30345. I was unable to get to the subject's apartment.

On June 3, 2023, at 2:07 PM, I returned to the address of 2200 Parklake Dr NE 1006, Atlanta, GA 30345. There was no answer at the door.

On June 10, 2023, at 12:50 PM, I returned to the address of 2200 Parklake Dr NE 1006, Atlanta, GA 30345. There was no answer at the door. A dog was heard barking inside.

On June 17, 2023, at 1:55 PM, I returned to the address of 2200 Parklake Dr NE 1006, Atlanta, GA 30345. I was unable to get into the apartment complex property.

On June 26, 2023, at 12:32 PM, I returned to the address of 2200 Parklake Dr NE 1006, Atlanta, GA 30345. I spoke to a female resident, and she stated the subject did not live there.

To date, I was unable to complete service upon Rich Transportation LLC.

7/21/23
Date

Shane W B
Shane Barron

Subscribed and sworn to before me,
This 21 day of July 2023

_____
Notary Public

STATE COURT OF
DEKALB COUNTY, GA.
7/21/2023 2:06 PM
E-FILED
BY: Kelly Johnson

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA
## DIVISION 6

## SECOND AMENDED STANDING ORDER IN ALL CIVIL CASES
## INSTRUCTIONS TO PARTIES AND COUNSEL

This case has been assigned to Judge Ana Maria Martinez. The purpose of this Order is to inform the parties and their counsel of the Court's policies, practice, and procedure. It is issued to promote the just and efficient determination of the case. This Order, in combination with this Court's Local Rules and the Georgia Civil Practice Act, shall govern this case.

## CASE ADMINISTRATION

1.      **Contacting Chambers**

Nakeya Burton, our Civil Case Manager, is your principal point of contact on matters relating to this case. Where possible, communication with Ms. Burton should be by telephone (404-687-7135) or by e-mail (nlburton1@dekalbcountyga.gov). Mailed, couriered, and hand delivered communications should be addressed as follows:

> Ms. Nakeya Burton
> Civil Case Manager
> 556 N. McDonough St.
> DeKalb County Courthouse
> Decatur, GA 30030

Any documents required to be filed in this case should be addresses and delivered to the Clerk of State Court rather than Ms. Burton.

The Court's staff attorney is Colt Burnett. He can be reached by telephone (404-687-7134) or e-mail (ccburnett@dekalbcountyga.gov). Neither the parties nor their counsel should discuss the merits of the case with Ms. Burton or Mr. Burnett.

Email is preferred when contacting the Court. Please ensure all parties are copied on your correspondence to the Court. Neither the parties nor their counsel should discuss the merits of the

STATE COURT OF
DEKALB COUNTY, GA.
7/13/2023 1:58 PM
E-FILED
BY: Kelly M Johnson

Exhibit A

case with the Court through these communications.

**2.      Courtesy Copies**

Parties are not required to forward courtesy copies of motions and other filings directly to chambers. However, in large cases, courtesy copies of substantive motions are appreciated via email to Ms. Burton.

## CASE MANAGEMENT

**1.      Extension of Time**

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolutions. To that end, the Court seeks to set reasonable but firm deadlines. Motions for extensions, whether opposed, unopposed or by consent, will be granted only upon a showing of good cause. Motions requesting an extension of the discovery period must be made prior to the expiration of the existing discovery period, and such motions ordinarily will be granted only in cases where good cause is shown.

In the event the parties need an extension of the discovery period and the case has already been extended three times, or is older than two years, the Court requires that a proposed Consent Scheduling Order be filed alongside the motion addressing all significant remaining deadlines. Proposed Orders should be emailed to Ms. Burton in Word format.

**2.      Conferences**

Scheduling, discovery, pre-trial and settlement conferences promote the speedy, just, and efficient resolution of cases.   Therefore, the Court encourages the parties to request a conference when counsel believes one will be helpful and counsel has specific goals and an agenda for the conference.

Exhibit A

### 3.     Candor in Responsive Pleadings

In accordance with O.C.G.A. § 9-11-8 (b), a party's responsive pleading must admit or deny the averments of the adverse party's pleading. A party may not deny, in his responsive pleading, an averment in his opponent's pleading on the grounds that the averment raises a matter of law rather than fact.

### 4.     Discovery Responses - Boilerplate and General Objections

Boilerplate objections in response to discovery requests are strongly discouraged. Parties should not carelessly invoke the usual litany of rote objections, i.e., attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, unless the responding party has a valid basis for these objections.

Moreover, general objections are disfavored, i.e., a party should avoid including in his response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, e.g., the attorney-client privilege, the work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request should be met with every specific objection that actually applies to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections may be disregarded by the Court.

Finally, a party who objects to a discovery request but then responds to the request must

Exhibit A

indicate whether the response is complete. For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows" unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

Evidence introduced at trial which was requested but not disclosed during the discovery period will not be admitted.

## 5.   Conduct During Depositions

(a)   At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions or explanations of any words, questions or documents presented during the course of the deposition. The witness shall abide by these instructions.

(b) All objections except those that would be waived if not made at the deposition under O.C.G.A. § 9-11-32 (d) (3) (B) and those necessary to assert a privilege or to present a motion pursuant to O.C.G.A. § 9-11-30 (d), shall be preserved. Therefore, those objections need not be made during the course of depositions. If counsel defending a deposition feels compelled to make objections during depositions, he or she should limit the objections to only "objection to form." Defending counsel should only elaborate on his/her objection upon the request of deposing counsel. Defending counsel should avoid speaking objections except in extraordinary circumstances.

(c) Counsel SHALL NOT instruct a witness not to answer a question unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court. And the objection had better be good.

(d) Counsel shall not make objections or statements that might suggest an answer to a

witness. Counsel's statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

(e) Counsel and their witness-clients SHALL NOT engage in private off-the-record conferences during depositions or during breaks regarding any of counsel's questions or the witness's answers, except for the purpose of deciding whether to assert a privilege. Any conferences that occur pursuant to, or in violation of, this rule are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what. Any conferences that occur pursuant to, or in violation of, this rule shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

(f)   Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them. In virtual depositions, all documents being presented to a witness must be sent to opposing counsel prior to the deposition.

(g)   Depositions are limited to no more than seven hours of time on the record. Breaks do not count when calculating the duration of the deposition.

## 6.    Serving Discovery Prior to Expiration of the Discovery Period

All discovery requests must be served early enough so that the responses thereto are due on or before the last day of the discovery period.

## 7.    Discovery Motions and Objections to Discovery

Prior to filing a motion to compel discovery, the movant - after conferring with the

respondent in a good faith effort to resolve the dispute by agreement - should contact Mr. Burnett via email and with copies to all parties and notify him that the movant seeks relief with respect to a discovery matter. <u>Parties are directed to meaningfully confer in good faith in person or on the phone prior to contacting the Court to request assistance with discovery disputes</u>. Ordinarily, Mr. Burnett will then schedule a conference call or meeting to attempt to resolve the matter without the necessity of a formal motion. This process shall not apply to post-judgment discovery. There should be no discussion of the merits of the case when contacting Ms. Burton or Mr. Burnett.

**8.      Motions for Summary Judgment and Daubert Motions**

All Motions for Summary Judgment and Daubert Motions shall be filed within 30 days of the close of discovery.

**9.      Pretrial Orders**

The statement of contentions in the Pretrial Order governs the issues to be tried. The plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought. The specific actionable conduct should be set out, and, in a multi-defendant case, the actionable conduct of each defendant should be identified. The defendant shall explicitly set out any affirmative defenses upon which it intends to rely at trial, as well as satisfy the above requirements with respect to any counterclaims.

The exhibits and witnesses intended to be introduced at trial shall be specifically identified. It is not sufficient to include boiler plate language covering groups of potential witnesses, such as "all individuals identified during discovery." Instead, witnesses to be called at trial must be identified **by name**. Failure to identify a witness, including expert witnesses, by name in the consolidated pretrial order may result in the exclusion of the undisclosed witness' testimony from trial. **In listing witnesses or exhibits, a party shall not reserve the right to supplement his list,**

**nor should a party adopt another party's list by reference.**

Witnesses and exhibits not identified in the Pretrial Order may be excluded, unless it is necessary to allow them to be introduced to prevent a manifest injustice.

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory or request to admit response, or portion thereof, which the party expects to or may introduce at trial, except for impeachment. All exhibits, depositions, and interrogatory and request to admit responses shall be admitted at trial when offered unless the opposing party indicates an objection to it in the Pretrial Order. The Pretrial Order will be strictly adhered to during the trial. Any witness, evidence, or claim not contained therein shall be excluded.

**10.     Pretrial Conference, Motions *in Limine*, and Pretrial Matters**

Generally, the Court will conduct a pretrial conference. The purpose of the conference is to simplify the issues to be tried, to assist in settlement negotiations where appropriate, and to give the parties a specially set date for trial. The parties will be required at the pretrial conference to identify the specific witnesses they will call in their case in chief at trial.

Lead counsel is required to appear at the pretrial conference, unless leave of the court has been obtained.

Motions *in Limine* and responses thereto shall be filed before the pretrial conference. The parties are directed to discuss any filed Motions *in Limine* before the pretrial conference, so that they may inform the Court at the conference which, if any, will need to be addressed by the Court. General Motions *in Limine* will be argued and ruled upon the first day of trial. Motions *in Limine* regarding case specific evidentiary issues should be brought to the attention of the Court at the pretrial hearing as a special hearing may need to be scheduled prior to trial. Motions *in Limine* filed the day of trial may be reserved.

Exhibit A

Prior to trial, counsel shall make a good faith effort to resolve any objections in depositions to be presented at trial. All unresolved objections, together with the transcript, argument, and citations, shall be filed, with an electronic copy to the Court, no later than ten (10) business days prior to trial.

**11.    Trial**

Requests to charge and proposed verdict forms are required to be submitted to the Court, via email to Mr. Burnett, in Word format, five (5) business days before the first day of trial. The original request to charge shall be e-filed with the Clerk of Court. The Court has a standard charge in civil cases covering subjects such as the standard of proof, experts, and witness credibility. The Court encourages the parties to refer to the Suggested Pattern Jury Instructions by the Council of Superior Court Judges of Georgia. Charges for which there is not a pattern charge must contain citations to the legal authorities supporting the charge requested.

**12.    Technology**

Our courtroom has various electronic equipment for use by counsel at trial. For more information about the equipment, please contact Ms. Burton. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cords necessary to hook up to the equipment, and for ensuring that the parties' equipment interfaces with the Court's technology.

SO ORDERED, this 10th day of November, 2022.

Honorable Ana Maria Martinez
Judge, State Court of DeKalb County

Exhibit B

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **SHERYL MURPHY,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NUMBER:** |
| **v.** | **23A00896** |
| **RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY, and VICTOR MALDONADO-VILLANUEVA,** | |
| **Defendants.** | |

## PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT RICH TRANSPORT LLC'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF

COMES NOW, Sheryl Murphy, Plaintiff in the above-styled action, and serves the following amended discovery responses.

## PRELIMINARY STATEMENT

(A)     The following objections and responses are based upon information presently and personally available to Plaintiff which is believed to be correct.  Said objections and responses are made without prejudice to Plaintiff's right to utilize subsequently discovered facts.

(B)     No incidental or implied admissions of fact by Plaintiff are made by the answers and responses below. The only admissions are express admissions. The fact that Plaintiff has responded herein may not properly be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such Requests, or that such response constitutes admissible evidence. The fact that Plaintiff has responded herein is not intended to be, and shall not be construed as, a waiver by Plaintiff of all or any part of an objection made by Plaintiff to any Request.

Exhibit B

(C)     Responses to these Requests may be amended or supplemented upon Plaintiff's further investigation and acquisition of information which Plaintiff does not either possess or recall at this time, strictly in accordance with the Georgia Rules of Civil Procedure.

(D)     This preliminary statement is incorporated into each of the answers and responses set forth below.

## GENERAL OBJECTIONS

(A)     Plaintiff objects to each and every Request to the extent that it would require Plaintiff to respond by disclosing Plaintiff's attorneys' or other representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product, or the like, on the ground that said Requests exceed the permissible scope of the Georgia Rules of Civil Procedure.

(B)     Plaintiff objects to each and every Request to the extent that it, whether standing alone or taken in conjunction with any and all Requests, is calculated or would operate to annoy, embarrass, oppress, unduly burden, or unduly cause expense to Plaintiff, or would be unduly vexatious or unduly burdensome to respond to, or would require Plaintiff to engage in investigative efforts burdensome to the point of oppression, on the ground that said Requests exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

(C)     Plaintiff objects to each and every Request to the extent that it requires Plaintiff to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action and not reasonably calculated to lead to the discovery of admissible evidence, on the ground that said Requests exceed the permissible scope of discovery under the Georgia Rules of Civil Procedure.

Exhibit B

(D)      Plaintiff objects to each and every Request to the extent that it requires Plaintiff to respond by waiving Plaintiff's attorney-client privilege, on the ground that said Requests exceed the permissible scope of discovery under the Georgia Rules of Civil Procedure.  Further, Plaintiff objects to each and every Request to the extent that it seeks information that is confidential in nature and/or information subject to a confidentiality provision.

(E)      Plaintiff objects to each and every Request to the extent the same requires Plaintiff to respond by summarizing for Defendant(s) the knowledge of persons or witnesses who may have knowledge of facts relevant to the subject matter of this action on the grounds that it would be unduly vexatious or unduly burdensome to respond to or would require Plaintiff to engage investigative efforts burdensome to the point of oppression, and, therefore, said request exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

(F)      Plaintiff objects to each and every Request to the extent the same seeks to impose a duty to supplement upon Plaintiff which exceeds the duty to supplement imposed by the Georgia Civil Practice Act.

(G)      Plaintiff objects to Defendant's introductory statements, instructions and definitions to the extent that they violate the above stated objections or the Georgia Rules of Civil Procedure.

Without waiving the foregoing, plaintiff responds as follows:


1.

Please admit that Plaintiff is <u>not</u> seeking more than $75,000.00 in this lawsuit.

**RESPONSE: Denied.**

2.

Exhibit B

Please admit that Plaintiff is seeking more than $75,000.00 in this lawsuit.

**RESPONSE: Admitted.**

3.

Please admit that Plaintiff does <u>not</u> contend that Plaintiff is entitled to recover more than $75,000.00 in this lawsuit.

**RESPONSE: Denied.**

4.

Please admit that Plaintiff does contend that Plaintiff is entitled to recover more than $75,000.00 in this lawsuit.

**RESPONSE: Admitted.**

5.

Please admit that Plaintiff did <u>not</u> suffer more than $75,000.00 in damages from the incident alleged in this lawsuit.

**RESPONSE: Denied.**

6.

Please admit that Plaintiff did suffer more than $75,000.00 in damages from the incident alleged in this lawsuit.

**RESPONSE: Admitted.**

7.

Please admit that Plaintiff is <u>not</u> entitled to recover more than $75,000.00 in damages from the incident alleged in this lawsuit.

**RESPONSE: Denied.**

8.

Exhibit B

Please admit that Plaintiff is entitled to recover more than $75,000.00 in damages from the incident alleged in this lawsuit.

**RESPONSE: Admitted.**

9.

Please admit that Plaintiff's damages in this lawsuit are limited to $75,000.00 or less.

**RESPONSE: Denied.**

10.

Please admit that Plaintiff's damages in this lawsuit are <u>not</u> limited to $75,000.00 or less.

**RESPONSE: Admitted.**

Respectfully submitted, this 21st day of  July 2023

MORGAN & MORGAN ATLANTA, PLLC

/s/ Max Rubinson
Max Rubinson
Attorney for Plaintiff
Georgia Bar No. 749711

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
Phone: (770) 702-9074
Fax: (770) 799-2724
Email: mrubinson@forthepeople.com

Exhibit B

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **SHERYL MURPHY,** | |
| **Plaintiff,** | |
| | **CIVIL ACTION FILE NUMBER:** |
| **v.** | |
| **RICH TRANSPORT LLC d/b/a RICH** | **23A00896** |
| **LOGISTICS, THIRD COAST** | |
| **INSURANCE COMPANY, and VICTOR** | |
| **MALDONADO-VILLANUEVA,** | |
| **Defendants.** | |

## RULE 5.2 CERTIFICATE

This is to certify that, pursuant to Uniform Superior Court Rule 5.2(2), as amended, I have this day served all counsel to this action with a copy of the foregoing *Plaintiff's Amended Responses To Defendant Rich Transport LLC's First Requests For Admission To Plaintiff* via STATUTORY ELECTRONIC SERVICE as follows:

James E. Gilson
Hall Booth Smith, PC
191 Peachtree Street, Suite 2900
Atlanta, Georgia 30303
404-954-5000
JGilson@hallboothsmith.com
gcampbell@hallboothsmith.com

Respectfully submitted, this 21st day of July 2023

MORGAN & MORGAN ATLANTA, PLLC

/s/ Max Rubinson

Max Rubinson
Attorney for Plaintiff
Georgia Bar No. 749711

1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
Phone: (770) 702-9074
Fax: (770) 799-2724
Email: mrubinson@forthepeople.com

Exhibit C

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **SHERYL MURPHY,** | |
| **Plaintiff,** | |
| **vs.** | **CIVIL ACTION FILE NO. 23A00896** |
| **RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY, and VICTOR MALDONADO-VILLANUEVA,** | |
| **Defendants.** | |

### DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

COME NOW **RICH TRANSPORT LLC, THIRD COAST INSURANCE COMPANY** and **VICTOR MALDONADO-VILLANUEVA,** (hereinafter "Defendants"), and file the following Notice of Removal to United States District Court, showing the Court as follows:

1.      Defendants have filed a Notice of Removal to United States District Court. A true and correct copy of the Notice is attached as Ex. "A".

2.      As a result thereof, this matter is automatically stayed and the action removed to United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441 *et seq.*

Respectfully submitted this 27th day of July, 2023.

**HALL BOOTH SMITH, P.C.**

*/s/ James E. Gilson*
JAMES E. GILSON
Georgia State Bar No. 001150
MICHAEL L. PETERZELL
Georgia State Bar No. 219104
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1775
T: (404) 954-5000
F:  (404) 954-5020

Exhibit C

jgilson@hallboothsmith.com
mpeterzell@hallboothsmith.com

Exhibit C

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **SHERYL MURPHY,** | |
| **Plaintiff,** | |
| **vs.** | **CIVIL ACTION FILE NO. 23A00896** |
| **RICH TRANSPORT LLC d/b/a RICH LOGISTICS, THIRD COAST INSURANCE COMPANY, and VICTOR MALDONADO-VILLANUEVA,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing

**DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** with

the Clerk of Court electronically which will automatically send an e-mail notification of such filing

to the following:

Doug Blatecky
Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, GA  30060
dblatecky@forthepeople.com

Respectfully submitted this 27th day of July 2023.

**HALL BOOTH SMITH, P.C.**

/s/ James E. Gilson
JAMES E. GILSON
Georgia State Bar No. 001150
MICHAEL L. PETERZELL
Georgia State Bar No. 219104
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia  30303-1775
T: (404) 954-5000
F:  (404) 954-5020
jgilson@hallboothsmith.com
mpeterzell@hallboothsmith.com