# EXHIBIT 12

# GARDNER GROFF

GARDNER GROFF GREENWALD & VILLANUEVA, PC

PATENT, TRADEMARK AND COPYRIGHT LAW AND RELATED MATTERS EXCLUSIVELY

March 27, 2019

Jason Smith  
Shumaker, Loop & Kendrick, LLP  
101 South Tryon Street  
Suite 2200  
Charlotte NC 28280-0002

*VIA FEDEX*

Re:   Silicon and BrandSafway/Industrial Specialists  
      U.S. Patent No. 10,190,314  
      Our File No.: 2B21.7-100

Dear Mr. Smith:

This firm represents Brand Industrial Services, Inc., BrandSafway, LLC, and Industrial Specialists, LLC (collectively, "Brand") in their intellectual property matters. I'm directing this letter to you because you're the U.S. patent attorney of record who prosecuted the referenced '314 Patent in the U.S. Patent Office.

The purpose of my letter is to bring to your attention a possible defect in the '314 Patent that could possibly render it invalid and/or unenforceable, and to propose a fair and reasonable resolution to that situation. According to the records of the U.S. Patent Office, the inventors of the '314 Patent are identified as Jerome Michael Garot, Danielle Francesca Garot, and Wouter Garot. However, it's recently come to the attention of Brand that, at the time of the invention, one of its employees was involved the conception of the invention and might legally qualify as a co-inventor.

To resolve this, we see two options. The first would be for the parties to engage in a legal proceeding to determine the correct inventorship according to the U.S. patent laws that legally define what activities constitute "inventing." As you're aware, even a small contribution to a single claim of a patent can qualify. In this scenario, Brand would likely be demanding joint ownership and pursuing correction of the patent to reflect this. But this would likely be an extremely costly and protracted proceeding in which both parties would suffer.

So we propose a second compromise option that's a win-win result. Very simply, Brand will agree to acknowledge the validity and enforceability of the '314 Patent and Silicon's title to it, and to not challenge the '314 Patent (including the pending continuing application). In exchange, Silicon will grant to Brand a non-exclusive, non-sublicensable, royalty-free patent license. This way, Silicon maintains ownership and control of valid patent rights and Brand obtains basic rights derived from inventorship so that the parties each have core interests protected while compromising to avoid the quite-significant cost

Jason Smith<br>
March 27, 2019<br>
Page 2

and distraction of a litigation, all while conforming to patentee ethical obligations and patent public-policy considerations.

This proposal includes major concessions up front by Brand, as we are not demanding joint ownership rights, or even an exclusive license, or even a non-exclusive license with the right to sublicense. I trust you'll recognize this as a gesture on our part to show we're acting in good faith and are serious in our efforts to reach a fair resolution of this matter. If Silicon is willing to be reasonable and meet us halfway, this matter can be disposed of quickly and easily.

I suggest we have a phone call about this so we can candidly discuss this in more detail. If Silicon agrees, please call me at your earliest convenience.

Sincerely,

John W. Greenwald<br>
For the Firm

JWG/