# EXHIBIT 14



September 8, 2022

Patrick Horne                                          *Via FedEx only*
Shumaker, Loop & Kendrick, LLP
101 South Tryon Street
Suite 2200
Charlotte, NC 28280-0002

Re:   Silicon's U.S. Pat. App. Pub. No. US2022/0205720 & Brand's QUIK-X Patents
      Our File No.: 2B21.7-220

Dear Mr. Horne:

This firm represents Industrial Specialists, LLC; Brand Shared Services, LLC; and BrandSafway, LLC (collectively, Brand) in their intellectual property matters. We're directing this letter to you because you're an attorney of record in the U.S. Patent and Trademark Office (USPTO) for Silicon Refractory Anchoring Systems B.V. (Silicon) in the referenced U.S. Patent Application Pub. No. US2022/0205720 (the Silicon Application; Attachment A). I'm writing to you about several issues relating to Silicon's blatant copying of Brand's QUIK-X refractory anchor.

Brand has multiple issued patents for its QUIK-X refractory anchor, including U.S. Patent No. 10, 508,861; U.S. Patent No. 10,982,903; and U.S. Patent. No. 11,428,470 (the Brand Patents; Attachments B-D). We note from the USPTO records that you have not yet disclosed the Brand Patents in an Information Disclosure Statement (IDS) in the Silicon Application, even though this is required by law. We take this opportunity to remind you of the duty of disclosure, candor, and good faith, under 37 CFR 1.56, placed on all parties involved in the application process, including attorneys, applicants, and inventors. Because the Silicon Application so slavishly copies the Brand Patents, any patent attorney acting in good faith would unquestionably recognize that the Brand patents are material to the patentability of the Silicon Application. If Silicon chooses to prosecute the Silicon Application, then we request you comply with your legal duty by disclosing the Brand Patents to the USPTO in an IDS filed in the Silicon Application. Otherwise, any patent that could even conceivably issue based on the Silicon Application would be clearly invalid and unenforceable as a matter of law, and your firm would be liable for inequitable conduct and fraud on the USPTO.

Patrick Horne
September 8, 2022
Page 2

We also note that you have not disclosed to the USPTO several prior-art patent documents owned by Silicon, including US9279245, US9127890, and US2020/03340510, that all appear to be material to at least one pending claim of the Silicon Application. We're notifying you of this as a courtesy so you can make appropriate disclosures.

In addition, the Silicon Application discloses and claims Brand's QUIK-X refractory anchor as an invention of Silicon. Silicon is active in the refractory industry and no doubt aware of Brand's QUIK-X refractory anchor in the marketplace, and the Silicon Application blatantly copies the Brand Patents and Brand's QUIK-X refractory anchor. As such, the inventor declarations in the Silicon Application are fraudulent and defective, and accordingly any patent that could even conceivably issue based on the Silicon Application would be unenforceable. To avoid a legal conflict with Brand in the USPTO and/or federal court, we request that Silicon expressly abandon the Silicon Application.

Furthermore, it's Brand's understanding that Silicon has been active in the industry in promoting the refractory anchors disclosed in the Silicon Application. The refractory anchor designs disclosed in the Silicon Application are directly copied from, and within the scope of protection provided by, the Brand Patents. As such, if Silicon has and/or does commercialize the refractory anchors disclosed in the Silicon Application, that commercial activity likely has and/or will infringe one or more of the Brand Patents. To avoid a patent infringement and unfair competition lawsuit with Brand, we insist that Silicon not promote, make, use, sell, and/or import any refractory anchors that infringe the Brand Patents.

Furthermore, Brand marks it's QUIK-X refractory anchors and related promotional materials with patent notices. So Silicon has had constructive notice of the Brand Patents for some time. Moreover, this letter has put Silicon on actual notice of the Brand Patents. Because of that, any infringement by Silicon of the Brand Patents will be willful and deliberate, with Silicon subjected to enhanced damages including an award of trebled damages, attorney fees, and court costs. We encourage Silicon to avoid this substantial liability it will create by further misconduct.

Brand does not desire a legal dispute with Silicon and instead prefers to resolve these issues amicably. However, Brand goes to great effort, time, and expense to innovate in the refractory industry, and to protect its valuable innovations, so if forced to it will aggressively enforce the Brand Patents by litigation. We encourage Silicon to be reasonable and take care to avoid a patent conflict with Brand.

Patrick Horne
September 8, 2022
Page 3

_____

      No response to this letter is expected or required. We'll be monitoring the Silicon Application and Silicon's conduct in the marketplace, and we hope that Silicon will begin conducting itself in good faith and in accordance with the law.

Very truly yours,

John W. Greenwald
For The Firm

Enclosures