**EXHIBIT "C"**

Dunn & Allsman, LLC
18 Campus Blvd., Ste. 100
Newtown Square, PA 19073
610.755.8883 | jdunn@dunnallsman.com
215.868.7285 | dallsman@dunnallsman.com



JULY 1, 2023

Via UPS and Email
Anthony and Crystal Imperato
9902 Indian Rill Court
Tomball, TX 77375

  Re: Notice of Termination

Dear Mr. and Mrs. Imperato:

  I represent Floorcoverings International, Ltd. ("FCI") and I am writing to you regarding the franchise agreement you entered into with FCI dated March 2, 2022 (the "Franchise Agreement"), under which you obtained the right and undertook the obligation to operate an FCI franchised business (the "Franchised Business") within certain zip codes in Texas as more specifically set forth in the Franchise Agreement (the "Territory") for a term of 10-years.

  On June 15, 2023, FCI noticed your default arising from your failure to timely pay FCI monies due under the Franchise Agreement and the closing of your bank account. These actions constituted a breach of your obligations under Article III of the Franchise Agreement. Pursuant to Article IX(C) of the Franchise Agreement you were required to cure your default by June 30, 2023. You have failed to do so. As such, your Franchise Agreement is terminated.

  In addition, your insolvency constitutes an additional basis for termination pursuant to Article IX(A) and FCI ratifies its termination on that basis as set forth in its June 27, 2023, notice.

  Under Article X(A)(3) of the Franchise Agreement, you must pay FCI all monies due within 15-days of the date of your termination. As a result of your breaches and subsequent termination, you owe FCI $7,219.39 in past due monies and $294,613 in lost future Continuing Royalty Fees for the balance of the Franchise Agreement's term.

  FCI expects your strict compliance with all of the post-termination obligations set forth in the Agreement including but not limited to: (i) the full de-identification of your Franchised Business (which shall include, without limitation, removing all signage and other items containing the FCI marks, making the changes to vehicles, buildings, and structures necessary to distinguish them in appearance from those used in connection with a franchised business, and disconnecting the phone number associated with the Franchised Business); (ii) the return of FCI's manuals, customer lists, contracts and other customer information; (iii) payment of all amounts due to FCI; and (iv) your compliance with the non-competition, non-solicitation, and confidentiality covenants set forth therein.

  If you fail to pay FCI the amounts owed within 15 days or otherwise refuse to comply with your post-termination obligations, I will advise my client to file an action against you to enforce its rights under the Franchise Agreement and applicable law.

The defaults set forth in this Notice are not intended to be an exhaustive list of all defaults or of the grounds upon which FCI terminated the Franchise Agreement. Nothing in this Notice may be construed to constitute a waiver of any rights or remedies that Franchisor has, had, or may have under the Franchise Agreement or applicable law, and all such rights are hereby expressly reserved.

If you have any questions regarding the subject matter of this Notice do not hesitate to contact me. My email address is jdunn@dunnallsman.com and my phone number is (610) 755-8883. Due to the serious nature of this matter, I suggest that you give it your immediate attention.

Very Truly Yours,

Dunn & Allsman, LLC

By: F. Joseph Dunn