## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**ASHLEY HARVEY on behalf of herself
and all persons similarly situated,**

        **Plaintiff.,**               **CASE NO.:**

        **v.**

**CLUB WAX, LLC., a Georgia Domestic
Limited Liability Company, d/b/a, 4375
HOLDINGS, INC., 4375 MANAGERS,
4375 PROPERTIES, LLC., and
THOMAS WATERS, JR, in his
individual capacity,**

        **Defendant.,**

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, ASHLEY HARVEY (hereinafter "Plaintiff' or "HARVEY"), on behalf of herself and all others similarly situated, by and through the undersigned counsel hereby brings this collective action against CLUB WAX, LLC., a Georgia Domestic Limited Liability Company d/b/a 4375 HOLDINGS, INC., 4375 MANAGERS, 4375 PROPERTIES, LLC. and THOMAS WATERS JR. in his individual capacity., ("Defendant) and alleges as follows:

## INTRODUCTION

1.    Defendants jointly own and operate an adult entertainment club called Club Wax located in Fulton County, Georgia.  Defendants failed to pay the named

Plaintiff and all others similarly situated the minimum wage and substantial overtime for hours worked.

2.     Defendants miscategorized entertainers/dancers who work at the club as independent contractors and require them to pay to come to work.

3.     The entertainers/dancers receive no wage payments from Defendants, but instead only receive gratuities from customers.

4.     Entertainers/dancers are also required to share tips with others, including employees who do not regularly or customarily receive tips.

5.     In addition, Defendants required their entertainers/dancers to share their tips even though Defendants did not provide their entertainers/dancers with notice of the tip credit provisions.

6.     As a result, Defendants failed to pay Plaintiff and all others similarly situated minimum wage compensation they were entitled to under the Federal Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207 of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA") because the Plaintiff and all other similarly situated employees do not satisfy the requirements of any applicable exemption under the FLSA.

7.     There are numerous similarly situated current and former employees of Defendants who were compensated improperly in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit

and the opportunity to join in the present lawsuit.  Upon information and belief there are more than 50 potential Plaintiffs.  More precise information on class size will be obtained during discovery.

8.    Former and current similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendant's records.

9.    Therefore, named Plaintiff should be permitted to bring this action as a collective action for and on behalf of themselves and those current and former employees of Defendants that worked at any club similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

10.    As a result of Defendants violation of the FLSA, Plaintiff and all others similarly situated seek minimum and overtime wages, restitution of all fees, fines and other payments Plaintiff were required to pay to Defendants to work, liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216 for the period commencing three (3) years prior to the filing of this Complaint.

## JURISDICTION AND VENUE

11.    The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and 1337.

12.    Plaintiff worked for Defendants in Fulton County, Georgia.

13.     Defendants conduct business in Fulton County, Georgia.

14.     Venue is proper in the Northern District of Georgia, Atlanta Division pursuant to Local Rule 3.4.

15.     Plaintiff is, and at all times relevant to this action was, an individual resident of Decatur, Fulton County, Georgia.

16.     Plaintiff was employed as an entertainer at Club Wax from July 2012 through present.

17.     At all times relevant to this complaint (2012-present), Defendants owned and operated Club Wax, a strip club located in Fulton County that engages in the business of entertaining its patrons with nude and/or semi-nude dancing and alcohol.

18.     At all material times Defendants was Plaintiff's "employer" as defined by 29 U.S.C. § 203(d).

19.     During the relevant period, the Club qualified as Plaintiff's employer and the employer of all other exotic dancers at the club, within the meaning of the FLSA.

20.     During the relevant period (2020-present), the Club had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

4

## PARTIES

21.    Upon information and belief, Defendant, CLUB WAX, LLC., d/b/a 4375 HOLDINGS, INC., 4375 MANAGERS, 4375 PROPERTIES, LLC., is a Georgia Domestic Limited Liability Company, with its principal address at 4375 Commerce Drive SW, Atlanta, (Fulton County) Georgia, 30336.

22.    Defendant, CLUB WAX, LLC., a Georgia Domestic Limited Liability Company d/b/a 4375 HOLDINGS, INC., 4375 MANAGERS, 4375 PROPERTIES, LLC., can be served by delivering a copy of the Summons and Complaint to its Registered Agents, Todd Robinson, 191 Peachtree Street NE, Suite 2510, Atlanta, GA 30303, and Tom Waters, 1033 Stateline Road, Bowdon, Georgia 30108.

23.    Defendant, THOMAS WATERS, JR., in his individual capacity, is a natural person and beneficial owner of Club Wax. Defendant THOMAS WATERS, JR., directs the day-to-day operations at Club Wax and can be served by delivering a copy of the Summons and Complaint to 4375 Commerce Drive SW, Atlanta, GA 30336.

## FACTUAL ALLEGATIONS

24.    Plaintiff, on behalf of herself and all other similarly situated current and former employees, brings this Collective Action against Defendants under the Fair

Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA") for failure to pay minimum wage and overtime compensation.

25.    At all times for the three (3) years prior to filing of the Complaint in this matter, Defendants have employed female entertainers at Club Wax.

26.    Plaintiff was employed as an exotic dancer by Defendants during the period of July 2020 through the present.

27.    At all times for the three years prior to the filing of the instant complaint, Defendants have categorized all entertainers working at the nightclubs as "independent contractors" and failed to pay any wages whatsoever.

28.    During the period of Plaintiff's employment, she worked approximately 6-7 days per week.

29.    During the period of Plaintiff's employment, she worked approximately 8-12 hours per shift.

30.    Upon information and belief, Defendants have possession of time and/or sign in "house fee" payment records for Plaintiff during the relevant period.

31.    At all times, Defendants had actual knowledge of all hours Plaintiff worked each shift through sign in or tip-in sheets, and shift-managers monitoring and supervising Plaintiff' work duties.

32.    At no time during Plaintiff' period of employment did Defendants ever pay Plaintiff any wages for hours that Plaintiff worked each week.

33.     At all times relevant, Defendants totally failed to pay wages or any kind of compensation to Plaintiff for work duties performed.

34.     At all times relevant, Defendants misclassified Plaintiff as independent contractors when she should have been classified under the FLSA as employee.

35.     At all times, Defendants controlled all aspects of the job duties Plaintiff performed through employment rules and workplace policies.

36.     At all times, Defendants controlled the method by which Plaintiff could earn money by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

37.     At all times, Defendants have regulated entertainers' attire and interactions with customers.

38.     At all times, Defendants required Plaintiff to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

39.     Defendants hired Plaintiff and had the ability to discipline her, fine them, fire her, and adjust her work schedules.

40.     Defendants, through supervisors and managers, supervised the duties of Plaintiff to make sure her job performance was of sufficient quality.

41.    As a condition of employment with Defendants, Plaintiff was not required to have or possess any requisite certification, education, or specialized training.

42.    As a condition of employment with Defendants, Plaintiff was required to sign an "Entertainer Rental Agreement" before each shift in order to complete her shift. If the agreement was not signed Plaintiff faced at minimum one (1) week suspension.

43.    Plaintiff was required to work at minimum 8 hours per shift, if not she was fined $50.00.

44.    Plaintiff was required to pay the "house mom" $10.00 per shift she worked.

45.    Defendants have established a variety of uniform written guidelines and policies which govern entertainers conduct at all the night clubs nationwide.

46.    Defendants have financed all advertising and marketing efforts undertaken on behalf of the club.

47.    Defendants have made capital investments in the facilities, maintenance, sound system, lights, food, beverage, and inventory.

48.    At all times relevant, Defendants operated a strip club always featuring exotic dancers and it was the duty of Plaintiff to perform as an exotic dancer for the Club's customers.

49.   At all times for the three years prior to the filing of the instant complaint, in addition to failing to pay entertainers, including named Plaintiff and all others similarly situated any wages for hours worked, Defendants required entertainers, including named plaintiff and all others similarly situated to pay the Club or its ownership or management a house fee or kickback of $45.00-$65.00 or more for each shift worked.

50.   The specific amount entertainers, including Named Plaintiff, were required to pay has varied over the last three years, but a single schedule has been in place for all entertainers at any given time.

51.   Named Plaintiff and all others similarly situated were also required to attend mandatory meetings at Defendants' place of business but were not paid for their attendance at those meetings.

52.   Named Plaintiff has been subject to a variety of these fees and fines.

53.   At all times during the relevant period, without legal excuse or justification, Defendants regularly and customarily kept and/or assigned management tips and gratuities Plaintiff received from customers.

54.   Defendants have never paid Plaintiff and all others similarly situated any amount as wages whatsoever and have instead unlawfully required Plaintiff to pay them for the privilege of working.

55.     For at least the past twenty (20) years, strip clubs like the Defendants have been publicly sued for misclassifying exotic dancers as independent contractors and failing to pay minimum wage compensation to exotic dancers as required by the FLSA and state wage and hour laws.

56.     Because Defendants did not pay Plaintiff and all other similarly situated any wages whatsoever, Defendants did not pay Plaintiff and all other similarly situated one-and-a-half times their regular rate of pay when Plaintiff and others similarly situated worked over forty hours in a given workweek.

57.     On information and belief, Defendants, and its ownership and management, had actual or constructive knowledge that for several years, there have been ongoing or past litigation by exotic dancers against gentlemen's clubs like the Club in which the exotic dancers challenged the so-called independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA state wage and hour laws.

58.     For the entire time period relevant to this action, Defendants has had actual or constructive knowledge the Club misclassified Plaintiff as an independent contractor instead of as an employee and that Defendant's failure to pay wages and charging unlawful kickbacks to Plaintiff was in direct violation of the FLSA.

59.     Plaintiff and all others similarly situated were not subject to any exemption under the FLSA.

## **Collective Factual Allegations**

60.     Plaintiff and the FLSA Collective are or were employed by Defendants within the meaning of the FLSA.

61.     Defendant's "entertainers" are the putative class members for this potential class action.

62.     Plaintiff and the FLSA Collective members are or were treated unfairly by Defendants.

63.     Plaintiff and class members worked excess of forty (40) hours per work week during one of more work weeks.

64.     The class members worked a similar amount of average overtime hours as Plaintiff.

65.     Plaintiff and all class members worked in the State of Georgia.

66.     Defendants' employees are or were required to be paid minimum wages under federal law.

67.     Plaintiff and all FLSA Collective members are or were not guaranteed at least the full minimum wage for all hours worked.

68.     Defendants are and were aware that the FLSA Collective members worked under these conditions.  Despite that knowledge, Defendants denied them proper compensation.

69.     Defendants have acted willfully and in bad faith in failing to pay Plaintiffs and the FLSA Collective members in accordance with the law.

70.     Defendants' unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

71.     Defendants' conduct has caused significant damages to Plaintiff and the FLSA Collective. Defendants are and were aware that their pay practices violated the FLSA.

72.     Defendants are and were aware of the FLSA's requirements.

73.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

74.     As to the FLSA claims, Plaintiff seeks conditional certification under 29 U.S.C. §216(b):

(a) **All "entertainers" who worked for Defendant within Georgia during the last three (3) years preceding this lawsuit who were not paid time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.**

75.     Notice of this action should be sent to the FLSA Collective.  There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court-supervised notice of the lawsuit and the opportunity to join the case.

Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

76.   Plaintiff has hired the undersigned law firm(s) to represent her in this matter and is obligated to pay them reasonable attorneys' fees and costs if she prevails.

## COUNT I
## VIOLATION OF THE FLSA
## (Failure to Pay Statutory Minimum Wages)

77.   Plaintiff hereby incorporates paragraphs 1-76 above by reference as if fully set forth herein.

78.   Defendants are or were the "employer" and employs or employed Plaintiff and all others similarly situated as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(d).

79.   Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

80.   Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

81.   Defendants misclassified Plaintiff and all others similarly situated as an independent contractor.

82.     The FLSA required Defendants to pay Plaintiff and all others similarly situated at an hourly rate at least equal to the Federal Minimum Wage.

83.     The FLSA required that Defendants allow Plaintiff and all others similarly situated to keep all tips and gratuities received from customers.

84.     As set forth above, Defendants failed to pay Plaintiff and all others similarly situated at hourly rates in compliance with the FLSA Federal Minimum Wage requirements and instead required Plaintiff to pay Defendants various fees, fines and other charges.

85.     Without legal excuse or justification, Defendants kept and/or assigned management tips and gratuities received by Plaintiff and all others similarly situated and belonging to Plaintiff and all others similarly situated.

86.     Defendants' failure to pay Plaintiff and all others similarly situated as required by the FLSA was willful and intentional and was not in good faith.

87.     Due to Defendants' FLSA violations, Plaintiff and all others similarly situated are entitled to recover from Defendants all fees, fines and other charges paid by the Plaintiff to the Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT II
## VIOLATION OF THE FLSA (Failure to Pay Statutory Minimum Wages) BY DEFENDANT THOMAS WATERS JR.

88.     Plaintiff hereby incorporates paragraphs 1-76 above by reference as if fully set forth herein.

89.     Defendant, THOMAS WATERS JR., is/was the "employer" and employs or employed Plaintiff and all others similarly situated as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(d).

90.     Defendant, THOMAS WATERS JR., is/was engaged in "commerce" and/or in the production of "goods" for "commerce."

91.     Defendant THOMAS WATERS JR. operates an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

92.     Defendant THOMAS WATERS JR. is/was responsible for hiring CLUB WAX, LLC's "entertainers".

93.     Defendant THOMAS WATERS JR. is/was responsible for firing CLUB WAX, LLC's "entertainers".

94.     Defendant THOMAS WATERS JR. made the decision to classify Plaintiff and all others similarly situated as independent contractors.

95.     Defendant THOMAS WATERS JR. made the decision that Plaintiff and all others similarly situated did not qualify for an hourly rate at least equal to the Federal Minimum Wage.

96.     As a result, Defendant THOMAS WATERS JR. is individually liable for any damages under the FLSA.

97.     Wherefore, Plaintiff and all others similarly situated seek judgement against Defendant THOMAS WATERS JR. for any FLSA damages.

## COUNT III
## VIOLATION OF OVERTIME CLAIMS
## (Violation of 29 U.S.C. § 207)

98.     Plaintiff hereby incorporates paragraphs 1-76 above by reference as if fully set forth herein.

99.     Defendants are or were the "employer" and employ(ed) Plaintiff and the Collective Action Members as "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

100.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce."

101.    Based upon the conduct alleged herein, Defendants knowingly, intentionally, and willfully violated the FLSA by not paying Plaintiff and all others similarly situated the minimum wage under the FLSA.

16

102.    Defendants failed to pay Plaintiff and all others similarly situated wages at a rate of one and one-half (1 ½) times her regular rate, for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

103.    Defendants knowingly, intentionally, and willfully violated the FLSA.

104.    Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

105.    Due to Defendants' FLSA violations, Plaintiff and all others similarly situated are entitled to recover from Defendant, unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT IV
## VIOLATION OF OVERTIME CLAIMS
## (Violation of 29 U.S.C. § 207) BY DEFENDANT THOMAS WATERS JR

106.    Plaintiff hereby incorporates paragraphs 1-76 above by reference as if fully set forth herein.

107.    Defendant, THOMAS WATERS JR., is/was the "employer" and employs or employed Plaintiff and all others similarly situated as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(d).

108.   Defendant, THOMAS WATERS JR., is/was engaged in "commerce" and/or in the production of "goods" for "commerce."

109.   Defendant THOMAS WATERS JR. operates an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

110.   Defendant THOMAS WATERS JR. is/was responsible for hiring CLUB WAX, LLC's "entertainers".

111.   Defendant THOMAS WATERS JR. is/was responsible for firing CLUB WAX, LLC's "entertainers".

112.   Defendant THOMAS WATERS JR. made the decision that Plaintiff and all others similarly situated did not qualify for overtime pay if they worked more than forty (40) hours per week.

113.   Defendant THOMAS WATERS JR. failed to pay Plaintiff and all others similarly situated wages at a rate of one and one-half (1 ½) times her regular rate, for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

114.   As a result, Defendant THOMAS WATERS JR. is individually liable for any damages under the FLSA.

115.   Wherefore, Plaintiff and all others similarly situated seek judgement against Defendant THOMAS WATERS JR. for any FLSA damages.

## COUNT V
## DECLARATORY JUDGMENT

116.   Plaintiff hereby incorporates paragraphs 1-76 above by reference as if fully set forth herein.

117.   This claim is an action for Declaratory Judgment brought pursuant to the provisions of 28 U.S.C. § 2201 et seq.

118.   An actual controversy exists between the parties in this case in regard to the employment status of the Plaintiff and all others similarly situated.

119.   Plaintiff and all others similarly situated seek declaratory relief with respect to the legal relations of the parties arising from this controversy and their respective rights and responsibilities under the FLSA, to wit, whether Plaintiff and all others similarly situated are or were the employees of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter the following relief:

A.     A finding that, during the Relevant Liability Period, Defendants has violated 29 U.S.C § 207 of the Fair Labor Standards Act by failing to pay Plaintiff

the premium wage of one-and-one-half her regular rate of pay as required by the FLSA;

B.     A finding that, during the Relevant Liability Period, Defendant has acted willfully in violating 29 U.S.C. § 207 of the Fair Labor Standards Act by failing to pay Plaintiff the premium wage of one-and-one-half her regular rate of pay as required by the FLSA;

C.     A finding that the statute of limitations under for Plaintiff's claims under 29 U.S.C. § 207 of the Fair Labor Standards Act is three years because of the Defendant's willful violation pursuant to 29 U.S.C. § 255;

D.     An award to the Plaintiff of unpaid overtime wages during the Relevant Liability Period under 29 U.S.C. § 207 of the Fair Labor Standards Act;

E.     An award to Plaintiff of liquidated damages equal to the unpaid overtime wages under 29 U.S.C. § 207 of the Fair Labor Standards Act or, if liquidated damages are not awarded, then prejudgment interest;

F.     An award to Plaintiff reasonable attorneys' fees and costs;

G.     Prejudgment interests, and, if applicable, post-judgment interest; and

H.     An award of such other and further relief as this Court may deem appropriate.

## <u>JURY DEMAND</u>

The Plaintiff requests that upon trial of this action all issues be submitted to and determined by a jury.

Dated this 27th day of July, 2023.

Respectfully submitted,

**<u>_s/ Carlos Leach_</u>**
Carlos V. Leach, Esq.
GA Bar No: 488443
THE LEACH FIRM, P.A.
1560 N. Orange Avenue, Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com

**<u>_s/ Adeash Lakraj_</u>**
Adeash "A.J. Lakraj, Esq.
GA Bar No: 444848
THE LEACH FIRM, P.A.
1560 N. Orange Avenue, Suite 600
Winter Park, FL 32789
Telephone: (770)728-8478
Facsimile: (833) 423-5864
Email: alakraj@theleachfirm.com
Email: avasquez@theleachfirm.com

**_Attorneys for Plaintiff_**

## <ins>CERTIFICATE OF COMPLIANCE</ins>

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiffs certifies that this document has been prepared in Times New Roman, 14-point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1(B).

<ins>*/s/ Adeash Lakraj*</ins>
Adeash A.J. Lakraj, Esq.