IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TYSHAWANDRA LOWE,** ) | |
| ) | |
| *Plaintiff*, ) | **Civil Action File No.** |
| ) | |
| **v.** ) | |
| ) | |
| **PRATT LOGISTICS, LLC** ) | |
| ) | **JURY TRIAL DEMANDED** |
| *Defendants*. ) | |
| ) | |
| ) | |

## COMPLAINT

COMES NOW, Plaintiff Tyshawandra Lowe ("Plaintiff") and sets forth this Complaint for damages and a demand for jury trial against Pratt Logistics, LLC ("Pratt" or "Defendant"). Plaintiff respectfully shows this Court as follows:

### INTRODUCTION

This action is for discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII"), the Americans With Disabilities Act of 1990 ("ADA") as amended, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA") and violations of the Family Medical Leave Act ("FMLA").

1

1. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, liquidated damages, attorney's fees and costs.

## JURISDICTION AND VENUE

2. Plaintiff's claims present federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

3. Venue is appropriate in this Court as upon information and belief the events complained of herein occurred within the geographic boundaries of the U.S. District Court for the Northern District of Georgia and upon information and belief all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a resident of the State of Georgia.

5. Pratt is a for-profit company registered to conduct business in the state of Georgia.

6. Pratt transacts business in the Northern District of Georgia.

7. Pratt is subject to this Court's jurisdiction. Defendant may be served through its registered agent if service of process is not waived:

Registered Agent Name: CSC of Cobb County, Inc.
Physical Address: 192 Anderson Street SE, Suite 125, Marietta, GA, 30060, USA
County: Cobb

## ADMINISTRATIVE PROCEEDINGS

8. On May 10, 2022, Plaintiff filed a timely charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the Charge is attached hereto as Exhibit "A" and is incorporated herein.

9. On April 28, 2023, Plaintiff received a notice of right to sue from the EEOC. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and is incorporated herein.

10. Plaintiff has exhausted her administrative remedies prerequisite to the filing this suit.

11. This lawsuit has been filed within 90 days of Plaintiff's receipt of her notice of right to sue.

## STATEMENT OF FACTS

12. Pratt Logistics, LLC is a subsidiary of Pratt Industries, Inc., a privately owned recycled paper-and-packaging company that uses advanced technology to manufacture environmentally friendly products for the packaging industry. They serve both internal Pratt Industries divisions and subsidiaries and external customers.

3

13. During all time relevant to this lawsuit, Pratt employed more than fifteen (15) employees for each working day during each of twenty (20) or more calendar weeks during Plaintiff's employment.

14. Defendant is subject to the anti-discrimination and anti-retaliation provisions of Title VII, the ADA, the ADEA , and the FMLA.

15. Plaintiff was an employee of Pratt at all times material to this Complaint.

16. Plaintiff had a serious health condition as defined by the FMLA.

17. Defendant had more than 50 employees within a 75-mile radius of the location in which Plaintiff was employed in each of 20 or more calendar weeks in the current or preceding two years within the meaning of 29 U.S.C. § 2601 *et seq.*

18. Plaintiff began employment with Pratt on or about June 17, 2019, as a dispatcher.

19. As a dispatcher, Plaintiff was responsible for managing operations of a dedicated fleet of trucks and drivers, assigning specific loads and routes to Pratt Logistics' truck drivers each day, and ensuring the timely delivery and pick up of Pratt company products.

20. Plaintiff is female.

21. Plaintiff is in her early 40s.

22. Plaintiff was assigned to the Conyers, Georgia facility.

23. Plaintiff reported to Logistics Manager, Terry Brady ("Mr. Brady").

24. Plaintiff was assigned to the second shift, from 2:00 p.m. - 10:00 p.m.

25. When she was hired, Plaintiff had to undergo a company physical through a provider selected by Defendant. During that physical, Plaintiff was documented to have high blood pressure and eye issues. Additionally, Plaintiff made it clear that she could not sit for long periods of time.

26. Plaintiff's medical conditions constitute a serious health condition as defined by the FMLA.

27. Plaintiff had doctors' notes for many of her absences that were provided to Mr. Brady.

28. Further, Plaintiff had to be taken off property more than once with medical emergencies.

29. At one point, Mr. Brady told Plaintiff that he did not need her to continue to provide doctors' notes because he knew she was at the doctor.

30. Plaintiff began to notice that rules regarding attendance were applied differently to her than similarly situated employees, who were younger males in their 20s.

31. For example, Michael Anderson and Kiante Allen, two other dispatchers, called out frequently and were not reprimanded.

32. Additionally, the third-shift dispatcher, Patrick Philpot, was never on time to relieve Plaintiff when coming onto his shift.

33. Several employees, including Mr. Brady, missed significant amounts of time due to COVID-19 infections. Plaintiff was never ill with COVID and continued to work, often seemingly alone, while others were out.

34. In fact, in December 2021, Plaintiff was given a 10% raise for her dedicated work ethic and then received her annual 4% raise in January 2022.

35. Despite this, Plaintiff was often written up because of being late for instances where she had doctors' appointments or doctors' notes and where she had communicated her status via phone call or text message to Mr. Brady.

36. Plaintiff complained to Mr. Brady and corporate about her concerns over the disparate treatment she received compared to the younger, male employees.

37. After she began to complain, Plaintiff was told by Mr. Brady that she needed to fix her attendance or be terminated.

38. On March 3, 2022, Plaintiff called out in the morning around 8:00 a.m. for her 2:00 p.m. shift, stating that she was sick.

39. During that call-out, Plaintiff stated she would likely miss two days or more days of work. Plaintiff was then asked for a doctor's note, and Plaintiff reminded Mr. Brady that she'd informed him she would be out for a few days but was hoping to not go to the doctor office considering the ongoing effects of the pandemic on hospitals and doctors.

40. On March 8, 2022, Plaintiff was terminated in retaliation for her complaints of discrimination.

## COUNT I
## Gender Discrimination in Violation of Title VII

41. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

42. As a woman, Plaintiff is a member of a protected group.

43. As detailed above, throughout her employment with Pratt, Plaintiff was subjected to gender discrimination.

44. Plaintiff complained that the gender discrimination was unwelcome and created a hostile working environment.

45. Plaintiff also complained of disparate treatment between herself and her male colleges.

46. Pratt willfully and wantonly disregarded Plaintiff's rights. Additionally, Pratt's discrimination and retaliation against Plaintiff was undertaken

in bad faith and constitutes unlawful, intentional gender discrimination in violation of Title VII.

47. As a result of CCM's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits (past and future), humiliation, and other indignities. Plaintiff seeks all damages available.

48. Plaintiff seeks all remedies available by law or equity.

## COUNT II
## Retaliation in Violation of Title VII

49. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

50. Plaintiff engaged in protected activities protected under Title VII by making complaints of gender discrimination.

51. As a result of her complaints of gender discrimination, Plaintiff suffered adverse employment actions including but not limited to being terminated.

52. As a direct and proximate result of Pratt's unlawful discriminatory and retaliatory actions, Plaintiff has suffered lost wages and other benefits of employment, significantly diminished employment opportunities, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation because she exercised her rights under Title VII.

53. Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination and retaliation against Plaintiff was undertaken in bad faith.

54. As a result, Plaintiff is entitled to both equitable and monetary relief in all forms provided by law.

55. Plaintiff seeks all remedies available to her by law or equity.

## COUNT III
## Disability Discrimination in Violation of the ADA

52. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

53. Plaintiff has a disability as defined by the ADA.

54. As detailed above, Defendant was aware of Plaintiff's disability and her need for accommodations.

55. Defendant refused to engage in the deliberative process to come up with a reasonable accommodation.

56. Defendant's actions violated the ADA.

57. Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress, and all other damages allowed by law.

## COUNT IV
## Retaliation in Violation of the ADA

58. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

59. As detailed above, Plaintiff engaged in protected activity under the ADA by requesting a disability accommodation.

60. Plaintiff was terminated in retaliation for engaging in protected activity.

61. Defendant's actions constitute unlawful retaliation in violation of the ADA, as amended.

62. Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's retaliation against Plaintiff was undertaken intentionally and in bad faith.

63. As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

## COUNT V
### Age Discrimination in Violation of the ADEA

64. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

65. In engaging in the above-described actions, Defendant subjected Plaintiff to disparate and discriminatory treatment in whole or substantial part because of age in violation of the ADEA.

66. Defendant's violation of the ADEA was willful and intentional.

67. Plaintiff has suffered loss of employment and future employment opportunities, loss of wages and benefits as the direct and proximate result of Defendant's willful and intentional violation of her rights under the ADEA. Plaintiff is entitled to the rights and remedies provided by the ADEA, including all lost pay and benefits, liquidated damages, and attorney's fees and costs.

## COUNT IV
### Retaliation in Violation of the ADEA

68. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

69. As detailed above, Plaintiff engaged in protected activity under the ADEA by opposing Defendant's age-based discrimination and making complaints of Defendant's illegal age-based discrimination.

70. As a result of her opposing illegal age-based discrimination, Defendant subjected Plaintiff to adverse employment actions up to and including terminating his employment.

71. Plaintiff was terminated in retaliation for engaging in protected activity.

72. As a result of Defendant's illegal retaliatory actions, Plaintiff has suffered mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Defendants' willful and intention violation of her rights under the ADEA.

73. Plaintiff is entitled to the rights and remedies provided by the ADEA, including loss of pay/benefits and or other economic damages, liquidated damages, and attorneys' fees and costs.

## COUNT VII

## FMLA INTERFERENCE

42  At the time of her termination, Plaintiff was employed with Defendant for over a year.

43. At the time of her termination, Plaintiff had worked more than 1250 hours in the past 12 months.

44. Defendant is a covered entity by the FMLA.

45. Plaintiff was qualified for FMLA leave.

46. Plaintiff's has a serious health condition as defined by the FMLA.

47. Plaintiff timely notified Defendant of her serious health condition.

48. Plaintiff's attempts to use her FMLA leave without interference from her employer was denied. Specifically, Mr. Brady and his agents repeatedly frustrated Plaintiff's need to visit her doctor or exercise intermittent FMLA leave, exacerbated her serious health condition by the administration of her FMLA leave, refused to allow her the time off she needed , and refused to allow her time to recover both before her return to work and after her return to work.

49. Plaintiff's attempt to use FMLA leave was denied, delayed, or otherwise frustrated.

50. Plaintiff's attempts to use FMLA was further interfered with by Defendant's termination of the Plaintiff.

51. Defendants' decision to violate the FMLA was intentional, and systemic.

52. Plaintiff was terminated to interfere and/or retaliate against her use of what should have been protected FMLA leave, to punish her because of her serious health condition and to retaliate against her for his complaints of discrimination.

## COUNT VIII

## RETALIATION IN VIOLATION OF THE FMLA,

53. Plaintiff hereby incorporates each and every preceding paragraph of this Complaint.

54. Plaintiff engaged in protected activity under the FMLA when she requested what should have been protected FMLA leave.

55. Plaintiff was written up, disciplined, and ultimately terminated in retaliation for engaging in protected activity.

56. Defendants actions constitute unlawful retaliation in violation of the FMLA.

57. Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's retaliation against Plaintiff was undertaken intentionally and in bad faith.

58. As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, loss of income, and other indignities.

59. Plaintiff seeks all remedies available by law.

**WHEREFORE**, Plaintiff demands an arbitration and the following relief:

(a) cause process to issue;

(b) issue a declaratory judgment that Pratt's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights under Title VII, the ADA, the ADEA, and the FMLA;

(c) grant Plaintiff a permanent injunction enjoining Pratt, their officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under Title VII, the ADA, the ADEA, the FMLA or because of their participation in this lawsuit;

(d) grant Plaintiff judgment in her favor and against Defendant under all Counts of this Complaint;

(e) order Defendant to make the Plaintiff whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(f) grant to Plaintiff compensatory and punitive damages for Defendant's willful violations of Title VII and the ADA;

(g) grant to Plaintiff reasonable attorney's fees together with any and all other costs associated with this action as provided by Title VII, the ADA, and the ADEA;

(h) grant Plaintiff all other damages including nominal damages, available by law; and

(i) grant such additional relief as this court deems proper and just.

Respectfully submitted on this 27th day of July, 2023.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
Attorney for Plaintiff

THE MIXON LAW FIRM
3344 Peachtree Street, Suite 800
Atlanta, Georgia 30326
Phone: 770-955-0100
steve@mixon-law.com