# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Felicia Appling, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Portfolio Recovery Associates, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Felicia Appling, is a natural person who resides in Fulton County, Georgia.

2. Defendant, Portfolio Recovery Associates, LLC, (PRA) is a limited liability corporation headquartered in Virginia. It does business, but is not registered,

in Georgia. Defendant may be served with process via its managing member, Steven D. Fredrickson, at 120 Corporate Blvd, Norfolk, Virginia, 23502.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County, Georgia.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a J.C. Penney branded charge account underwritten by Synchrony Bank. The account was used for the purchase of ordinary consumer goods.

8. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant's principal business is the purchase and collection of consumer debt for its commercial benefit. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

11. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

12. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

13. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Plaintiff recently successfully completed a Chapter 13 bankruptcy, receiving a discharge on .

15. As part of her efforts to rebuild her credit, Plaintiff obtained a copy of her credit report as published by the three primary credit reporting agencies on May 23, 2023.

16. In reviewing those reports, she noted a tradeline reported by the Defendant indicating a debt in collection with which she was not familiar.

17. On June 13, 2023, the Plaintiff contacted the Defendant at the telephone number listed on its reported tradeline.

18. At that time, she was connected with an individual identifying themselves as "Jacqueline Wright." After verifying the Plaintiff's identity, Defendant confirmed it was collecting a debt originating Synchrony Bank. The account was established through a J.C. Penney branded credit card. The balance owed, per Defendant, was $1,009.40.

19. The Plaintiff advised that she could not pay the total and asked about Defendant's reporting of the account to her credit file.

20. Defendant responded by informing Plaintiff that the account had been reviewed by an attorney and a lawsuit had been filed. The call ended shortly thereafter.

21. The Plaintiff was extremely distraught at the news that she had been sued by Synchrony Bank/J.C. Penney as represented by the Defendant. Particularly in light of the fact that she had only recently successfully emerged from a Chapter 13 bankruptcy.

22.     The Plaintiff then took time away from her work and daily activities to contact her bankruptcy counsel to help her resolve the issue.

23.     In investigating the representations of Defendant, the civil court records for Plaintiff's county of residence (Fulton County) were reviewed for the past five years.  These records revealed that no action has been filed against the Plaintiff by Synchrony Bank or the Defendant any of the three courts having jurisdiction over such a matter.

24.     The Defendant's representations regarding the filing and or pendency of a civil action against the Plaintiff were objectively false.

25.     The Plaintiff believes, and hereby averse, that Synchrony Bank is no longer the holder of any debt owed by the Plaintiff, and in fact, the debt is owed by the Defendant.

**INJURIES-IN-FACT AND DAMAGES**

26.     The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

27. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

28. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

29. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, and unfair debt collection practices;

b.) Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

c.) Uncompensated time expended away from and/or activities of daily living, to investigate what were false representations by the Defendant and to confer with counsel regarding the Defendant's collection efforts;

d.) Anxiety and worry caused by concern that Plaintiff was the subject of litigation. The anxiety and worry experienced by the Plaintiff was sufficient to

negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

30. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

***Violations of 15 U.SC. § 1692e and its subparts***

31. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

32. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

33. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a

non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

34. "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

35. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

36. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

37. Defendant's representations or implications that led Plaintiff to believe that she may be subject to legal process in connection with the debt in collection was objectively false and or materially misleading.

38. Defendant's representations or implications were a violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

39. Defendant's intimations and representations that an attorney had reviewed the file and that suit had been initiated led the Plaintiff to believe that Synchrony Bank had brought an action against her, and that Synchrony was the holder of the debt.  Defendant never disclosed that it in fact owns the debt.

40. The Defendant's obfuscation of the holder of the debt, delayed and inhibited the Plaintiff's ability to investigate the debt and to dispute it as may be appropriate.

41. The Defendant's representations and intimations to the Plaintiff were violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

## COUNT II

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
O.C.G.A. § 10-1-390, et seq.**

42. Plaintiff incorporates by reference paragraphs 1 through 41 as though fully stated herein.

43. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

44. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

45. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

46. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

47. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

48. Defendant's conduct has implications for the consuming public in general.

49. Defendant's conduct negatively impacts the consumer marketplace.

50. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

51. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

52. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

53. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

54. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

55. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)   General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

d)   Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

e)   Such other and further relief as may be just and proper.

Respectfully submitted this 26th day of July, 2023.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*