UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | : | MDL DOCKET NO. 2974 |
| This document relates to: | : | 1:20-md-02974-LMM |
| Dora Scott | : | |
| vs. | : | Civil Action No.: _____ |
| TEVA Pharmaceuticals USA, Inc.; TEVA Women's Health LLC; TEVA Branded Pharmaceutical Products R&D, Inc.; The Cooper Companies, Inc.; CooperSurgical, Inc. | : | |

# **SHORT FORM COMPLAINT**

Come(s) now the Plaintiff(s) named below, and for her/their Complaint against the Defendant(s) named below, incorporate(s) the Second Amended Master Personal Injury Complaint (Doc. No. 79), in MDL No. 2974 by reference. Plaintiff(s) further plead(s) as follows:

1. Name of Plaintiff placed with Paragard: _____

    Dora Scott
    _____

2. Name of Plaintiff's Spouse (if a party to the case): _____

    _____

3. If case is brought in a representative capacity, Name of Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

_____

_____

4. State of Residence of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Plaintiff's original complaint: __Florida_____

_____

5. State of Residence of each Plaintiff at the time of Paragard placement:
__Florida_____

6. State of Residence of each Plaintiff at the time of Paragard removal:
__Florida_____

7. District Court and Division in which personal jurisdiction and venue would be proper:
__United States District Court for the Northern District of Florida__

_____

8. Defendants. (Check one or more of the following five (5) Defendants against whom Plaintiff's Complaint is made. The following five (5) Defendants are the only defendants against whom a Short Form Complaint may be filed. No other entity may be added as a defendant in a Short Form Complaint.):

☑  A. Teva Pharmaceuticals USA, Inc.

☑  B. Teva Women's Health, LLC

☑  C. Teva Branded Pharmaceutical Products R&D, Inc.

☑  D. The Cooper Companies, Inc.

☑  E. CooperSurgical, Inc.

9. Basis of Jurisdiction

☑  Diversity of Citizenship (28 U.S.C. § 1332(a))

☐  Other (if Other, identify below):

_____

10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physician(s) or other Health Care Provider (include City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY)* *If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provider (include City and State)** **If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
| 10/01/2012 | North Okaloosa Crestview, FL | 09/11/2019 | North Okaloosa Crestview, FL |
|  |  | 11/25/2022 | North Okaloosa Crestview, FL |

11. Plaintiff alleges breakage (other than thread or string breakage) of her Paragard upon removal.

☑ Yes
☐ No

12. Brief statement of injury(ies) Plaintiff is claiming:
    Unnecessary surgery procedure, pain and suffering
    _____

    Plaintiff reserves her right to allege additional injuries and complications specific to her.

13. Product Identification:

    a. Lot Number of Paragard placed in Plaintiff (if now known):
       Unknown

    b. Did you obtain your Paragard from anyone other than the HealthCare Provider who placed your Paragard:

       ☐ Yes
       ☑ No

14. Counts in the Master Complaint brought by Plaintiff(s):
    ☒ Count I – Strict Liability / Design Defect
    ☒ Count II – Strict Liability / Failure to Warn
    ☒ Count III – Strict Liability / Manufacturing Defect
    ☒ Count IV – Negligence
    ☒ Count V – Negligence / Design and Manufacturing Defect
    ☒ Count VI – Negligence / Failure to Warn

4

☒ Count IX – Negligent Misrepresentation

☒ Count X – Breach of Express Warranty

☒ Count XI – Breach of Implied Warranty

☒ Count XII – Violation of Consumer Protection Laws

☒ Count XIII – Gross Negligence

☒ Count XIV – Unjust Enrichment

☒ Count XV – Punitive Damages

☐ Count XVI – Loss of Consortium

☐ Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

_____

_____

15. "Tolling/Fraudulent Concealment" allegations:

  a. Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

  ☒ Yes

  ☐ No

  b. If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below:

  _____

  _____

16. Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:

    a. Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

        ☒ Yes

        ☐ No

    b. If Yes, the following information must be provided (in accordance with <u>Federal Rule of Civil Procedure 8</u> and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

        i. The alleged statement(s) of material fact that Plaintiff alleges was false: _____

        _____

        ii. Who allegedly made the statement: _____
Defendants

        iii. To whom the statement was allegedly made: Plaintiff; Plaintiff's Medical Providers

        iv. The date(s) on which the statement was allegedly made: _____

17. If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

    a. What does Plaintiff allege is the manufacturing defect in her Paragard? _____

6

18. Plaintiff's demand for the relief sought if different than what is alleged in the Master Complaint: _____

_____

19. Jury Demand:

☒ Jury Trial is demanded as to all counts

☐ Jury Trial is NOT demanded as to any count

s/ John J. Driscoll<br>Attorney(s) for Plaintiff

Address, phone number, email address and Bar information:

John J. Driscoll, #6276464
1311 Ave. Ponce de Leon, 6th Floor
San Juan, PR 00907
314-932-3232; john@jjlegal.com