UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHAD ROSENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO: _____ |
| S&S TRANSPORTATION & ) | |
| LOGISTICS, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, Chad Rosenberg and files this Complaint against S&S Transportation & Logistics, Inc. ("S&S") as follows

### I.   Introduction.

1. Rosenberg files this action under the Carmack Amendment to recover the full, actual loss, including repair costs and lost market value, to a 2022 Mercedes SL63 damaged during carriage to Atlanta, Georgia.

### II.   Parties, Jurisdiction, and Venue.

2. S&S is a North Carolina-registered corporation with its principal place of business at 4801 Glenwood Avenue, Suite 200-2888, Raleigh, North Carolina 27612.

3.     S&S may be served with process through its registered agent Registered Agents Inc., 4030 Wake Forest Rd, Suite 349, Raleigh, North Carolina 27609.

4.     S&S may also be served with process through its process agent registered with the FMCSA, US Compliance Services, whose Georgia representative is Jessica Tyson, 4304 Bradley Drive, Snellville, Georgia 30039.

5.     Rosenberg is a natural person who resides in and is a citizen of Georgia.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1337 because this case arises from the carriage of goods in interstate commerce, governed by federal statutes, including the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, *et seq.*, 49 C.F.R. part 370, and related federal caselaw.

7.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Georgia. Venue is also proper for Carmack Amendment claims under (i) 49 U.S.C. § 14706(d)(1) because S&S is a delivering carrier and Georgia is a state through which S&S operates and (ii) under 49 U.S.C. § 14706(d)(2) because, upon information and belief, the damage to the cargo at issue occurred in this judicial district.

8.  S&S is subject to personal jurisdiction because, at all material times, it (1) conducted business in Georgia, including (i) the common carriage and delivery of cargo at issue in this case, and (ii) the provision of related services, (2) issued bills of lading and receipts for carriage and delivery of the cargo at issue to Georgia, (3) owned, operated, and/or controlled equipment moving in and out of Georgia in connection with the carriage of the cargo at issue, and (4) maintained a registered agent for service of process in this judicial district.

### III.  Factual Background:

9.  Rosenberg purchased a new 2022 Mercedes SL63 (the "Mercedes") from a dealership in Charlotte, North Carolina.

10. S&S is a for-hire interstate motor carrier, licensed to carry motor vehicles, operating pursuant to a registration issued by the FMCSA.

11. Rosenberg hired S&S to transport the Mercedes from the dealership in Charlotte to Atlanta, Georgia.

12. In consideration of freight charges paid or agreed to be paid to it, S&S agreed to transport and carry the Mercedes to Atlanta, Georgia, in the same good order and condition as when received and accepted by S&S, in accordance with the terms of the bills of lading/receipts under which it was shipped.

13. S&S issued a bill of lading for the carriage of the Mercedes. A true and correct copy of the bill of lading is attached as Exhibit 1.

14. At the time S&S took possession of the Mercedes at the dealership, it was brand new and in good order and condition.

15. The Mercedes was damaged in route to Atlanta, while in the custody and control of S&S, after pickup and prior to delivery. True and correct photographs of the vehicle damage are attached as Exhibit 2.

16. The Mercedes was not discharged and delivered in the same good order and condition as when S&S received and accepted it from the dealership.

17. S&S caused the loss by negligently and recklessly failing to properly arrange for, carry, store, secure, discharge, deliver, and care for the Mercedes, and unreasonably deviating from and fundamentally breaching the Agreement, other contracts of carriage, and its bailment.

18. Rosenberg paid $203,000 for the Mercedes.

19. The Mercedes required $8,944.31 in repairs for physical damage.

20. The Mercedes had a pre-loss market value of $197,200.

21. The Mercedes had a post-loss market valuation of $165,648, after quality repair.

22. As a result of the damage that occurred while in S&S custody and control, the Mercedes lost $31,552 in market value. A true and correct copy of an expert's report reflecting lost market value is attached as Exhibit 3.

23. Rosenberg and/or his agents performed all conditions precedent required of him.

### Count I: Claim of Loss under Carmack Amendment

24. Rosenberg incorporates paragraphs 1 through 23 as if restated verbatim.

25. S&S agreed to transport the Mercedes.

26. S&S received the Mercedes in good condition.

27. S&S failed to deliver the Mercedes to the final destination in the same good order and condition in which it was received.

28. As a result of the negligence and/or misconduct of S&S, Rosenberg has suffered damages of $40,496.31, plus reasonable costs of investigating, attorneys' fees and expenses, and other damages in an amount to be proven at trial.

29. Under 49 U.S.C. § 14706(a)(1), S&S is liable for the full, actual loss or injury to Rosenberg due to the damaged Mercedes as measured by the fair market value at destination because the loss is attributable to the negligence and/or misconduct of

S&S or its employees, representatives, agents, affiliates or subcontractors, including carriers.

WHEREFORE, Rosenberg demands judgment against S&S for:

1. damages in an amount to be proven at trial, but in excess of $40,496.31;

2. costs of investigation, attorneys' fees and expenses, and all other costs, either pursuant to the Agreement or otherwise recoverable by law;

3. prejudgment and postjudgment interest as provided by law; and

4. such other relief as the Court may deem just and proper.

This 28th day of July, 2023.

/s/ T. Brandon Welch
T. Brandon Welch
Georgia Bar No. 152409
brandon@stillmanwelch.com
Attorney for Plaintiff

Stillman Welch, LLC
315 W. Ponce de Leon Ave.
Suite 1070
Decatur, Georgia 30030
Telephone: (404) 895-9040