UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ALEXANDER ACOSTA,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No. _____ |
| | * |
| **BRINKER GEORGIA, INC. d/b/a CHILI'S GRILL & BAR; BRINKER PROPERTY CORPORATION; BRINKER INTERNATIONAL, INC.;** and **TREVOR WILLIAMS,** | * |
| | * |
| Defendants. | * |

## NOTICE OF REMOVAL

Without waiving any available defenses, including, without limitation, lack of jurisdiction, improper venue, statute of limitations, insufficient process, or insufficient service of process, Defendant, Brinker Georgia, Inc. ("Brinker Georgia"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the above-described action to the United States District Court for the Northern District of Georgia, Atlanta Division, from the State Court of Gwinnett County, Georgia where the action is now pending and states as follows:

1.  The Plaintiff, Alexander Acosta ("Acosta"), commenced this action in the State Court of Gwinnett County, Georgia on June 28, 2023 and process was

served on Brinker Georgia on June 29, 2023. A copy of Acosta's Complaint setting forth the claim for relief upon which the action is based was first received by Brinker Georgia on June 29, 2023.  Thus, removal is timely.

2. This is a civil action for damages arising out of alleged injuries sustained in a slip-and-fall incident on July 10, 2021 at the Chili's restaurant located at 2230 Mt Zion Pkwy, Morrow, Georgia 30260 ("Subject Premises").

3. The United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction by reason of the diversity citizenship of the parties. 28 U.S.C. § 1332.

4. This is a suit between citizens of different states. At the time he commenced this action and at all times thereafter, Acosta was and continues to be a citizen and resident of the State of Georgia.

5. Brinker Georgia is a Virginia corporation with its principal place of business in Texas. Therefore, Brinker Georgia is a citizen of Texas and Virginia and not a citizen of Georgia.

6. Brinker Property Corporation is a Delaware corporation with its principal place of business in Texas. Therefore, Brinker Property Corporation is a citizen of Texas and Delaware and not a citizen of Georgia.

7. Brinker International, Inc. is a Delaware corporation with its principal place of business in Texas. Therefore, Brinker International, Inc. is a citizen of Texas

and Delaware and not a citizen of Georgia.

8. Acosta's Complaint also names Defendant Trevor Williams, who is alleged to be a resident of Georgia. (Compl. ¶ 5).

9. The citizenship of Defendant Trevor Williams should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441 because Acosta has no possibility of recovery against him, and, therefore, he has been fraudulently joined solely for the purpose of defeating federal diversity jurisdiction. *See e.g.*, *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

10. Defendant Trevor Williams was not an owner or occupier of the Subject Premises within the meaning of O.C.G.A. § 51-3-1, and, as this Honorable Court has previously held, he did not "agree[] to assume complete control and custody of the [S]ubject [P]remises [in order to] be charged with the legal duties imposed upon an 'owner or occupier' under Georgia premises liability law." *Joy v. Wal-Mart Stores E.*, 2021 U.S. Dist. LEXIS 118534, at *10 (N.D. Ga. Mar. 23, 2021). Acosta was not an invitee of Defendant Trevor Williams, nor did Defendant Trevor Williams owe or breach any independent duty to Acosta. Therefore, Acosta cannot recover against Defendant Trevor Williams, and removal remains proper.

11. Brinker Georgia, Inc., Brinker Property Corporation, Brinker International, Inc., and Trevor Williams have been properly joined and served, and Brinker Georgia, Inc., Brinker Property Corporation, Brinker International, Inc., and

Trevor Williams consent to removal of the action pursuant to 28 U.S.C. § 1446(b)(2)(A).

12. This Honorable Court has previously held that "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Carrington v. Bausch & Lomb, Inc.*, 2007 U.S. Dist. LEXIS 105554, at *2-3 (N.D. Ga. Mar. 8, 2007).

13. Where the "[p]laintiff[']s complaint seeks a variety of damages for a plethora of injuries that, if recovered, will more likely than not exceed the jurisdictional minimum," the amount in controversy requirement is met. *Id.* at * 3.

14. In this action, Acosta does not claim a specific amount of damages to be recovered. (*See generally*, Compl.).

15. Instead, Acosta seeks to recover "damages sustained by the Plaintiff due to the negligence of the Defendants" as well as "all court costs associated with this action and for all other costs and damages to be determined by this Court." (Compl.).

16. As a result of the fall at Chili's, Acosta claims he "sustained bodily injury, continues to endure physical and mental pain and suffering, and continues to incur medical expenses and lost wages and other damages." (Compl. ¶ 20).

17. On June 3, 2022, Acosta served a pre-suit settlement demand to in the

amount of $300,000.00. In the demand, Acosta itemized $31,108.84 in special damages to date that comprised treatment for right knee pain and multiple disc herniations in the neck. Acosta's resulting injuries will "likely [cause him] to suffer [] periodic pain flareups and [he] might need a short course of therapy and/or facet injections and a possible radiofrequency ablation." Acosta claims the "medical bills alone do not accurately exemplify the physical and emotional pain and suffering he has endured and continues to endure as a result of [Brinker's] negligence," and as a result, he seeks to recover additional "damages for: 1) physical and emotional pain; 2) discomfort; 3) anxiety; 4) hardship; 5) distress; 6) inconvenience; 7) physical impairment; 8) mental anguish; 9) disfigurement; 10) loss of enjoyment of life; and 11) all other non-pecuniary losses of any kind." (Acosta's $300,000.00 Settlement Demand, attached hereto as **Exhibit A**).

18. This Honorable Court has previously held that pre-suit "settlement offers, though not determinative, may be considered in determining the amount in controversy if the demand was an honest assessment of damages as opposed to mere posturing." *Carrington v. Bausch & Lomb, Inc.*, 2007 U.S. Dist. LEXIS 105554, at *7 (N.D. Ga. Mar. 8, 2007).

19. A settlement demand "tallying [] costs" of categories of damages suggests that the plaintiff is "offering a reasonable assessment of the value of [her] claim." *Bryant v. Publix Super Mkts.*, 2021 U.S. Dist. LEXIS 114434, at *17, *19

(N.D. Ga. Mar. 25, 2021).

20. Acosta's pre-suit settlement demand does not constitute posturing, but instead was meticulously generated using prevailing Georgia caselaw and established standards of damages calculations.

21. Acosta's pre-suit settlement demand alleged $31,108.84 in special damages, however this did not account for the pain flareups, additional physical therapy, facet injections and/or radiofrequency ablation that Acosta believes he will need, as well as the eleven (11) different categories of additional damages he is seeking in this case. Thus, his $300,000.00 settlement demand was an accurate assessment of damages continuing to rise based on his ongoing and future medical treatment.

22. Finally, Acosta has not expressly ruled out the possibility of his damages exceeding $75,000.00. *See*, *e.g.*, *Fields v. Chipotle Mexican Grill of Colo.*, No. 1:21- cv-00902-AT, 2021 U.S. Dist. LEXIS 114422, at *3 (N.D. Ga. May 11, 2021) (motion to remand granted where Plaintiff's Complaint specifically requested damages not exceeding $74,999.00).

23. Taken together, it is more likely than not that if Acosta recovers for the injuries and damages he seeks, including, but not limited to, physical and mental pain and suffering, past and future medical expenses, past and future lost wages, and the $300,000.00 pre-suit settlement demand, the amount in controversy of Acosta's

claim exceeds $75,000.00, exclusive of interest and costs. Accordingly, the jurisdictional amount is satisfied in this case.

24. A copy of all pleadings and Orders served upon Brinker Georgia is filed with this Notice and attached hereto as **Exhibit B**.

25. Brinker Georgia will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

26. A copy of this Notice will be filed with the Clerk of the State Court of Gwinnett County, Georgia as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Brinker Georgia requests that this action proceed in this Court as an action properly removed to it pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This 27th day of July, 2023.

    Respectfully submitted,

    **CARR ALLISON**

    By:   /s/ Sean W. Martin
           **SEAN W. MARTIN, GA BAR #474125**
           **STEPHEN A. SWANSON, GA BAR #759751**
           *Attorneys for Defendant Brinker Georgia, Inc.*
           736 Market St., Suite 1320
           Chattanooga, TN 37402
           (423) 648-9832 / (423) 648-9869 FAX
           swmartin@carrallison.com
           sswanson@carrallison.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify the foregoing document complies with the font and point selections permitted by Local Rule 5.1(B). This document was prepared on a computer using Times New Roman font in 14 point.

This 27th day of July, 2023.

By:   /s/ Sean W. Martin
       **SEAN W. MARTIN, GA BAR #474125**
       **STEPHEN A. SWANSON, GA BAR #759751**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Kenneth W. Brosnahan
Linda G. Carpenter
The Brosnahan Law Firm
31 Lenox Pointe NE
Atlanta, GA 30324

By:   /s/ Sean W. Martin
       **SEAN W. MARTIN, GA BAR #474125**
       **STEPHEN A. SWANSON, GA BAR #759751**