## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☐ **State Court of** _____ **County**

| For Clerk Use Only | |
|---|---|
| 6/23/2023 | 23A02821 |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**                                         **Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____   **Bar Number** _____   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

STATE COURT OF
DEKALB COUNTY, GA.
6/23/2023 4:33 PM
E-FILED
Version 1.1.18
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

SHELANDA THOMAS;

     Plaintiff,

v.

U.S. ROADWAYS ENTERPRISES INC;
UNITED SPECIALTY INSURANCE
COMPANY;
JOHN DOE COMPANY; and
JOHN DOE;

     Defendants.

CIVIL ACTION

FILE NO. 23A02821 _____

**JURY TRIAL DEMANDED**

---

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF Shelanda Thomas ("Plaintiff"), by and through her counsel of record and files this his Complaint for Damages showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on or about March 12, 2022, in DeKalb County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff is a resident of Rockdale County, Georgia.

3.

Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 2:00 p.m. on March 12, 2022, in DeKalb County, Georgia.

4.

Defendant U.S. Roadways Enterprises Inc ("U.S. Roadways") is a foreign corporation with

STATE COURT OF
DEKALB COUNTY, GA.
6/23/2023 4:33 PM
E-FILED
BY: Monica Gay

its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in intrastate commerce by the Federal Motor Carrier Safety Administration. U.S. Roadways has a U.S. Department of Transportation Number 2385453.

5.

U.S. Roadways may be served with process by delivering a copy of the Summons and Complaint upon its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: Truck Process Agents of America, Inc at 410 E. Taylor Street, Suite G, Griffin, Spalding County, Georgia 30223.

6.

U.S. Roadways may also be served with process by delivering a copy of the Summons and Complaint upon its registered agent to accept service: AJIT S. JOHAL at 8300 Utica Avenue, Suite 283, Rancho Cucamonga, San Bernadino County, California 91730.

7.

U.S. Roadways may also be served with process by delivering a copy of the Summons and Complaint upon the Secretary of State pursuant to O.C.G.A. § 40-1-117 as U.S. Roadways is a non-resident motor carrier and is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in Georgia.

8.

Once served with process, U.S. Roadways is subject to the venue and jurisdiction of this Court.

9.

U.S. Roadways was properly served with process in this civil action.

10.

U.S. Roadways was sufficiently served with process in this civil action.

11.

U.S. Roadways is subject to the jurisdiction of this Court.

12.

Venue in the above-styled civil action is proper as to U.S. Roadways in this County and Court.

13.

Defendant John Doe Company ("John Doe Company") is the owner of the unknown and unidentified tractor-trailer that struck Plaintiff's vehicle and is responsible for Plaintiff's injuries.

14.

Upon information and belief, John Doe Company is a Georgia corporation with its principal place of business in Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration.

15.

Defendant John Doe ("John Doe") is the unknown and unidentified driver of the vehicle, owned by U.S. Roadways and/or John Doe Company, who struck Plaintiff's vehicle and is responsible for Plaintiff's injuries.

16.

Upon information and belief, John Doe is a resident of Georgia

17.

Pursuant to O.C.G.A. § 33-7-11(d)(1), John Doe is subject to the jurisdiction and venue of this Honorable Court.

18.

Defendant United Specialty Insurance Company ("United Specialty") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

19.

At the time of the Subject Complaint, U.S. Roadways had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that John Doe was operating at the time of the subject collision.

20.

The liability coverage for the collision described in this Complaint is being provided to U.S. Roadways through a policy of insurance issued by United Specialty and further identified as Policy Number GWP8052600, which provides coverage to U.S. Roadways for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that John Doe was operating at the time of the subject collision.

21.

United Specialty is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, because United Specialty was the insurer providing liability coverage for the defendant motor carrier U.S. Roadways at the time of the collision described in this Complaint.

22.

United Specialty may be served with the Summons and Complaint upon its registered agent: CT Corporation System at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

23.

Once served with process as described in this paragraph, United Specialty is subject to the

jurisdiction and venue of this Court.

24.

United Specialty may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

25.

Venue in the above-styled civil action is proper in this County and Court.

## FACTS

26.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

27.

On March 12, 2022, at approximately 2:00 pm, Plaintiff was operating a gold 1997 Toyota Camry and was travelling west in lane 2 on I-20 in DeKalb County, Georgia.

28.

On or about March 12, 2022, at approximately 2:00 pm, John Doe was operating a tractor-trailer, owned by U.S. Roadways and/or John Doe Company, travelling west in I-20 in lane 3 in DeKalb County, Georgia.

29.

On March 12, 2022, at approximately 2:00 pm, U.S. Roadways' and/or John Doe Company's driver John Doe crossed over into Plaintiff's lane of traffic.

30.

Suddenly and without warning, U.S. Roadways' and/or John Doe Company's driver John Doe collided with Plaintiff's vehicle causing Plaintiff to suffer injuries.

31.

Immediately following the collision, U.S. Roadways' and/or John Doe Company's driver

John Doe fled the scene of the collision.

32.

As a result of the incident, Plaintiff was injured, and will continue to suffer injuries and damages from this incident.

33.

At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

34.

John Doe was an employee and/or agent of U.S. Roadways and/or John Doe Company.

35.

Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

36.

Defendants are 100% at fault for causing the subject collision.

37.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision.

38.

No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

39.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's injuries and/or damages.

40.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's injuries and/or damages.

41.

Plaintiff was an innocent victim of the collision described in this Complaint.

42.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

43.

As a result of the collision, Plaintiff has suffered serious and permanent injuries and damages.

## COUNT I: DIRECT ACTION AGAINST DEFENDANT UNITED SPECIALTY INSURANCE COMPANY

44.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

45.

United Specialty provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

46.

United Specialty agreed to provide insurance coverage to U.S. Roadways in consideration for the payment of insurance premiums.

47.

United Specialty was transacting business in the State of Georgia and in DeKalb County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the

venue of this Court pursuant to O.C.G.A. § 33-4-1.

48.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

49.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, United Specialty is subject to this Direct Action.

### COUNT II: NEGLIGENCE OF DEFENDANT JOHN DOE

50.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

51.

At all relevant times, John Doe owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.   Leaving the scene of an accident;

b.   Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

c.   Failing to maintain lane;

d.   Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

e.   Failing to keep an assured safe distance from Plaintiff's vehicle;

f.   Failing to drive at a reasonable and prudent speed under the conditions;

g.   Failing to make reasonable and proper observations while driving;

h.   Failing to safely operate his tractor-trailer;

i.      Failing to obey traffic laws;

j.      Otherwise failing to act reasonably and prudently as a driver should under the circumstances; and

k.      Operating a cellular mobile device while driving.

52.

John Doe was also negligent *per se* in that he violated a number of laws and regulations governing his operation of his commercial vehicle, including:

a.      Failure to Maintain Lane (O.C.G.A § 40-6-48);

b.      Hit and Run (O.C.G.A § 40-6-270);

c.      Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

d.      Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

e.      Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

f.      Reckless Driving (O.C.G.A. § 40-6-390).

53.

As a result of John Doe's negligence, Plaintiff has suffered severe and permanent damages.

### COUNT III: NEGLIGENCE OF DEFENDANT U.S. ROADWAYS ENTERPRISES INC

54.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

55.

At all times material hereto, John Doe was an employee of U.S. Roadways.

56.

At all times material hereto, John Doe was acting within the scope and course of his

employment with U.S. Roadways.

57.

At all times material hereto, John Doe was an agent of U.S. Roadways.

58.

At all times material hereto, John Doe was acting within the scope and course of his agency with U.S. Roadways.

59.

At all times material hereto, John Doe was authorized by U.S. Roadways to operate the tractor-trailer that was involved in the collision described in this Complaint.

60.

U.S. Roadways is liable for the negligent actions and omissions of John Doe pursuant to the doctrine of *respondeat superior*.

61.

U.S. Roadways was the owner of the vehicle operated by John Doe and is therefore liable for damages caused in this case.

62.

U.S. Roadways was also itself negligent in the following ways:

a.   Negligently hiring or contracting with John Doe to drive the tractor-trailer at issue;

b.   Negligently training John Doe;

c.   Negligently entrusting John Doe to drive the tractor-trailer professionally;

d.   Negligently retaining John Doe to drive the tractor-trailer at issue;

e.   Negligently qualifying John Doe;

f.   Failing to supervise John Doe; and

g. Otherwise failing to act as a reasonably prudent company under the circumstances.

63.

As a direct and proximate result of the negligence of John Doe and U.S. Roadways in the ensuing collision, Plaintiff sustained severe and permanent injuries and damages.

64.

U.S. Roadways is liable for all damages allowed by law for the damages and losses sustained by Plaintiff.

## COUNT IV: NEGLIGENCE OF DEFENDANT JOHN DOE COMPANY

65.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

66.

At all times material hereto, John Doe was an employee of John Doe Company.

67.

At all times material hereto, John Doe was acting within the scope and course of his employment with John Doe Company.

68.

At all times material hereto, John Doe was an agent of John Doe Company.

69.

At all times material hereto, John Doe was acting within the scope and course of his agency with John Doe Company.

70.

At all times material hereto, John Doe was authorized by John Doe Company to operate the tractor-trailer that was involved in the collision described in this Complaint.

71.

John Doe Company is liable for the negligent actions and omissions of John Doe pursuant to the doctrine of *respondeat superior*.

72.

John Doe Company was the owner of the vehicle operated by John Doe and is therefore liable for damages caused in this case.

73.

John Doe Company was also itself negligent in the following ways:

a.      Negligently hiring or contracting with John Doe to drive the tractor-trailer at issue;

b.      Negligently training John Doe;

c.      Negligently entrusting John Doe to drive the tractor-trailer professionally;

d.      Negligently retaining John Doe to drive the tractor-trailer at issue;

e.      Negligently qualifying John Doe;

f.      Failing to supervise John Doe; and

g.      Otherwise failing to act as a reasonably prudent company under the circumstances.

74.

As a direct and proximate result of the negligence of John Doe and John Doe Company in the ensuing collision, Plaintiff sustained severe and permanent injuries and damages.

75.

John Doe Company is liable for all damages allowed by law for the damages and losses sustained by Plaintiff.

## COUNT V: COMBINED AND CONCURRING NEGLIGENCE

76.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

77.

Each of the Defendants acted in a manner which either alone, and/or combined and concurring with the actions of the other such Defendants' acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries and damages.

78.

As a direct and proximate result of the negligence of the Defendants, Plaintiff has incurred medical expenses in excess of $92,819.17.

79.

As a direct and proximate result of the negligence of the Defendants, Plaintiff sustained injuries to her neck, back, right shoulder, left shoulder, right leg.

80.

As a direct and proximate result of the negligence of U.S. Roadways and/or John Doe Company and/or their driver, John Doe, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

81.

As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses,

lost wages and loss of earning capacity, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

82.

To the extent that a jury awards Plaintiff's compensatory damages in this case, Defendant United Specialty Insurance Company is liable to pay Plaintiff such jury award at least up to the limits provided by its automobile liability policy of insurance in effect at the time of the collision.

### COUNT VI: HIT AND RUN PUNITIVE DAMAGES

83.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

84.

"Leaving the scene of an accident was criminalized under OCGA §§ 40-6-270(a) and (c) and 40-6-271, as hit and run, because the public policy of this state mandates that a party to an accident must stop and render aid to those involved in the collision, no matter who caused the collision, and not leave them in a possibly disabled state without aid. *Ga. Power Co. v. Shipp*, 195 Ga. 446, 24 S.E.2d 764 (1943); *Bellamy v. Edwards*, 181 Ga.App. 887, 889(3), 354 S.E.2d 434 (1987); *Battle v. Kilcrease*, 54 Ga.App. 808, 809-810(4), 189 S.E. 573 (1936).

85.

Thus, such act of leaving the scene of a collision without even speaking to the other party, as mandated by statute, was an intentional and culpable act; such conduct demonstrated a conscious indifference to the consequences and an entire want of care as to the victim's well-being, permitting the jury to find that such conduct was of an aggravated and indifferent nature for

purposes of imposing punitive damages. *Bellamy v. Edwards*, supra at 889, 354 S.E.2d 434; *Battle v. Kilcrease*, supra at 809-810(4), 189 S.E. 573.

86.

U.S. Roadways and/or John Doe Company and/or their driver, John Doe's acts were knowing, willful, wanton, and/or demonstrated an entire want of care, which raises the presumption of a conscious indifference to consequences.

87.

The actions of U.S. Roadways and/or John Doe Company and/or their driver, John Doe, as set forth herein, were done intentionally, knowingly, and willfully with a reckless and wanton disregard to the consequences and damages that would be caused to others and/or which would raise the presumption of conscious indifference to consequences of their misconduct.

88.

Thus, such conduct alone was sufficient to show aggravated circumstances so as to permit the jury to consider the imposition of punitive damages for such culpable conduct.

89.

Accordingly, U.S. Roadways and/or John Doe Company and/or their driver, John Doe, are liable to the Plaintiff for punitive damages to punish, penalize, and deter others from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a.      A trial by jury;

b.      For Summons and Complaint to issue against each Defendant;

c.      For judgment against each Defendant to compensate Plaintiff for past and future injuries and damages;

**COMPLAINT FOR DAMAGES – Page 15**

d.     For judgment against each Defendant for attorneys' fees and expenses of litigation;

e.     For judgment against Defendant motor carrier and its driver for punitive damages

as shown to be fair and appropriate at the trial of this case;

f.     Court costs, discretionary costs, and prejudgment interest; and

g.     For all such further and general relief which this Court deems just and proper.

Dated this 23rd day of June, 2023.

WLG Atlanta, LLC


*/s/ Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
J. Martin Futrell
Georgia State Bar Number 450872
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone:     404-905-6020
Facsimile:     470-880-5095
E-Mail:        ashley.pitts@witheritelaw.com

STATE COURT OF
DEKALB COUNTY, GA.
6/23/2023 4:33 PM
E-FILED
BY: Monica Gay

COMPLAINT FOR DAMAGES – Page 16

No. _____
23A02821

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

6/23/2023

**SUMMONS**

/s/ Monica Gay
_____

_____
Deputy Clerk

Deposit Paid $ _____

Shelanda Thomas
_____

c/o WLG Atlanta; 600 Peachtree St. NE, Ste 4010; Atlanta GA 30308
_____
Plaintiff's name and address

**[X] JURY**

**vs.**
U.S. Roadways Enterprises Inc.
_____
c/o Truck Process Agents of America, Inc.
410 E. Taylor Street, Suite G; Griffin, GA 30223
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:
WLG Atlanta / Ashley Pitts
_____
Name
600 Peachtree St. NE, Suite 4010; Atlanta, GA 30308
_____
Address
(404) 905 - 6020                                    481759
_____
Phone Number                          Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____        _____
Defendant's Attorney                                     Third Party Attorney

_____        _____
Address                                                          Address

_____        _____
Phone No.                      Georgia Bar No.        Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability        Interest $ _____
☐Other

Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☒(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

No. 23A02821 _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

6/23/2023

**SUMMONS**

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

Shelanda Thomas

c/o WLG Atlanta; 600 Peachtree St. NE, Ste 4010; Atlanta GA 30308

Plaintiff's name and address

**vs.**

**[X] JURY**

United Specialty Insurance Company

c/o CT Corporation System
289 S. Culver Street; Lawrenceville, GA 30046

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

WLG Atlanta / Ashley Pitts

Name
600 Peachtree St. NE, Suite 4010; Atlanta, GA 30308

Address
(404) 905 - 6020                                    481759

Phone Number                                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____                    _____
Defendant's Attorney                    Third Party Attorney

_____                    _____
Address                                    Address

_____                    _____
Phone No.          Georgia Bar No.          Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐ Other

                                                Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☒ Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

STATE COURT OF
DEKALB COUNTY, GA.
E-file summons1-2016          6/23/2023 4:33 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

SHELANDA THOMAS;

      Plaintiff,

v.

U.S. ROADWAYS ENTERPRISES INC;
UNITED SPECIALTY INSURANCE
COMPANY;
and JOHN DOE;

      Defendants.

CIVIL ACTION
     23A02821
FILE NO. _____

---

### PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT U.S. ROADWAYS ENTERPRISES INC

COMES NOW, PLAINTIFF SHELANDA THOMAS ("Plaintiff"), by and through her counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant U.S. Roadways Enterprises Inc ("U.S. Roadways") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes,

STATE COURT OF
DEKALB COUNTY, GA.
7/23/2023 4:33 PM
E-FILED
BY: Monica Gay

memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of

each such document, or copies thereof.

4. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

6. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8. "**Subject Collision**" means the collision described in the Complaint.

9. "**U.S. Roadways**" means Defendant U.S. ROADWAYS ENTERPRISES INC.

10. "**You**", "**Your**", or "**John Doe**" means Defendant JOHN DOE.

## INTERROGATORIES

**INTERROGATORY NO. 1**

If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2**

Identify each person U.S. Roadways expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

### INSURANCE

**INTERROGATORY NO. 3**

For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

### VEHICLE INFO/DATA

**INTERROGATORY NO. 4**

Please provide the weight of the tractor-trailer at the time of the Subject Collision.

**INTERROGATORY NO. 5**

a.      Identify all systems and devices in or on the tractor-trailer that have the capability of monitoring, capturing, recording and/or transmitting any video, data and/or

communications of any kind (this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane Departure System, Dash Cam (or other video devices), GPS system, truck tracking system, system that allows communication between drivers and dispatchers, etc.);

b.      With respect to each system identified, explain what video, data and/or communications the system is capable of monitoring, capturing, recording, and/or transmitting;

c.      With respect to each system identified, explain what video, data and/or communications have been downloaded and/or preserved in connection with the Subject Collision and if so when and by whom; and

d.      With respect to each system identified, explain what video, data and/or communications have NOT been downloaded and/or preserved in connection with the Subject Collision and explain why not and whether it is still possible to obtain this material.

### DRIVER INFORMATION

**INTERROGATORY NO. 6**

Explain the relationship between U.S. Roadways and Defendant John Doe ("John Doe") at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 7**

If you maintain that John Doe was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 8**

Identify and explain all communications of any kind between John Doe and anyone acting for or on behalf of U.S. Roadways during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

<u>**REGULATIONS AND POLICIES**</u>

**INTERROGATORY NO. 9**

Identify all U.S. Roadways policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect for John Doe at the time of the Subject Collision.

**INTERROGATORY NO. 10**

Identify all U.S. Roadways policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to John Doe regarding driving, defensive driving, turning, intersections, driver distraction and use of cell phones.

<u>**INVESTIGATION OF SUBJECT COLLISION**</u>

**INTERROGATORY NO. 11**

Describe in detail when and how you first became aware that John Doe was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position, and what information was conveyed.

**INTERROGATORY NO. 12**

State whether you maintain that either Plaintiff(s) or any non-party has any responsibility

of any kind for causing the injuries and/or the damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 13**

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene, and what actions they took.

**INTERROGATORY NO. 14**

Identify all drivers in and around the area of the Subject Collision within one (1) hour of its occurrence.

**INTERROGATORY NO. 15**

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom U.S. Roadways believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 16**

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 17**

Did U.S. Roadways make any effort to perform any accident review, any avoidable/non-

avoidable accident determination, any root cause analysis, any DOT reportability determination, or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

### MISCELLANEOUS

**INTERROGATORY NO. 18**

Identify each person who was involved in responding to each of the Requests for Admissions served upon you in this civil action.

**INTERROGATORY NO. 19**

For each of Plaintiff's First Request for Admissions to Defendant U.S. Roadways Enterprises Inc that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

### DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant U.S. Roadways Enterprises Inc.

**REQUEST NO. 2:**   A copy of each document retention policy in effect for U.S. Roadways at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

**REQUEST NO. 5:**   Produce all documents you have obtained through requests for production to non-parties.

### DRIVER

**REQUEST NO. 6:**   All documents setting forth the relationship between John Doe and U.S. Roadways. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 7:**   The contents of John Doe's driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 8:**   All documents of any kind that relate to any pre-employment background investigation of John Doe, including without limitation any investigation of John Doe's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with U.S. Roadways. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 9:**   All documents that relate in any way to your recruiting of John Doe.

**REQUEST NO. 10:**   All documents that relate in any way to you hiring John Doe.

**REQUEST NO. 11:**   All documents that relate in any way to any orientation provided by U.S. Roadways to John Doe.

**REQUEST NO. 12:**   All documents that relate in any way to training of John Doe. This includes, but is not limited to, all documents that show all training received by John Doe, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 13:**   All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of U.S. Roadways to John Doe at any time. An answer key should also be provided.

**REQUEST NO. 14:**   Copies of all documents (a) explaining how John Doe was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 15:**   A copy of the front and back of every driver's license issued to John Doe (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 16:**  All documents placing you on notice of any violation by John Doe of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 17:**  All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of John Doe in your possession, custody, and/or control.

**REQUEST NO. 18:**  A copy of all documents relating to any violation of any safety rule or principle by John Doe at any time.

**REQUEST NO. 19:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of U.S. Roadways directed to John Doe for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing John Doe in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 20:**  A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which John Doe has been involved.

**REQUEST NO. 21:**  Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of John Doe. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 22:**  For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the tractor that John Doe was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period

beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by John Doe or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 23:**  Copies of all documents prepared by John Doe that describes the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 24:**  All documents evidencing any evaluation of the driving abilities, safety, and/or performance of John Doe that have not been produced in response to the preceding requests.

**REQUEST NO. 25:**  A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing John Doe in any way, that has not been produced in response to other requests above.

<u>HOURS OF SERVICE-RELATED DOCUMENTS</u>

**REQUEST NO. 26:**   A copy of all John Doe's hours of service logs and any other driving logs and/or time sheets for the period beginning one-hundred-eighty (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 27:**  In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what John Doe was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days (2) following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

     a.     All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b.      All documents that could be used to check the accuracy of Hours-of-Service logs and/or time sheets;

c.      All documents related to trips (including drivers' trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), drivers' trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.      All documents evidencing any and all stops; and

e.      All driver call in reports and any other documentation of any communications between you and John Doe.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 28:**  A copy of all audits and summaries of John Doe's hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

### VEHICLE INFORMATION

**REQUEST NO. 29:** For the tractor involved in the Subject Incident, produce the following documents:

    a.      Title;

    b.      Registration;

    c.      Operators manual;

    d.      Maintenance Schedules;

    e.      All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

    f.      All documents evidencing any inspections of the tractor during the six (6) months before the Subject Incident;

    g.      All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Incident;

    h.      All documents evidencing any repairs made to the tractor as a result of the Subject Collision (including insurance submissions);

    i.      All leases involving the vehicle;

    j.      Documents evidencing the purchase of the vehicle;

    k.      Documents evidencing the sale of the vehicle if it has been sold;

    l.      Documents evidencing mileage and weight at time of the Subject Incident; and

    m.    Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:** For the trailer involved in the Subject Incident, produce the following documents:

a.       Title;

b.       Registration;

c.       Operators manual;

d.       Maintenance and service manuals;

e.       All documents evidencing maintenance performed on the trailer at any time within six (6) months before the Subject Incident;

f.       All documents evidencing any inspections of the trailer during the six (6) months before the Subject Incident;

g.       All documents evidencing any repairs and/or modifications to the trailer at any time within six (6) months before the Subject Incident;

h.       All documents evidencing any repairs made to the trailer as a result of the Subject collision (including insurance submissions);

i.       All leases involving the vehicle;

j.       Documents evidencing the purchase of the vehicle;

k.       Documents evidencing the sale of the vehicle if it has been sold;

l.       Documents evidencing mileage and weight at time of the Subject Incident; and

m.       Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 31:**  If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce

both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 32:**  If any data is available (whether or not downloaded or retrieved) from the trailer or any part or system from the trailer (e.g., event data recorder, ABS, or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 33:**  If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 34:**  Produce copies of all e-mails between John Doe and U.S. Roadways for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 35:**  Produce copies of all communications and transmissions between John Doe and U.S. Roadways that were transmitted through any system on-board of the tractor involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and  system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 36:**  If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 37:**  To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the tractor and/or anything inside or connected to any part or system of the tractor that were involved in the Subject Incident.

**REQUEST NO. 38:**  A copy of each out of service report or violation concerning the tractor involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 39:**  Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 40:**  Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 41:**  For the tractor involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 42:**  Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the tractor.

## Load

**REQUEST NO. 43:**  All documents that relate to the load being hauled by John Doe at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills

of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## SUBJECT INCIDENT

**REQUEST NO. 44:**  A copy of every document related to any investigation done by or on behalf of U.S. Roadways of the scene of the Subject Incident.

**REQUEST NO. 45:**  All documents authored by anyone working for or on behalf of U.S. Roadways that set forth any facts relating to the Subject Incident.

**REQUEST NO. 46:**  All documents that explain what caused the Subject Incident.

**REQUEST NO. 47:**  All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 48:**  If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 49:**  Copies of all photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Incident;

      b.      Any person involved in the Subject Incident;

      c.      The scene of the Subject Incident; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 50:**  Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by John Doe and those prepared by anyone working for or on behalf of U.S. Roadways (except lawyers).

**REQUEST NO. 51:**  A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 52:**  All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 53:**  If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

    a.    A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

    b.    A copy of all reports and documents (as defined) of any kind generated by said board or entity;

    c.    Documents evidencing who was on the board;

    d.    Documents evidencing all criteria for review; and

    e.    Determination of preventability and all other conclusions reached by said board or entity.

<u>GOVERNMENTAL CONTACT AND INTERVENTION</u>

**REQUEST NO. 54:**  Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 55:**  Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

<u>**POLICY AND PROCEDURES**</u>

**REQUEST NO. 56:** Copies of all U.S. Roadways policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Incident, relating to:

  a.  Working for or with trucking company generally (e.g., employee manual or handbook);

  b.  Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

  c.  Operation of a commercial vehicle;

  d.  Driving safety;

  e.  Defensive driving;

  f.  Compliance with federal and state laws and regulations;

  g.  Accident investigation;

  h.  Accident review boards;

  i.  Determination of preventability of accidents;

  j.  Hiring, training and supervising drivers; and

  k.  Disciplinary actions.

**REQUEST NO. 57:** Copies of each document that John Doe signed to prove that John Doe received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of U.S. Roadways.

**REQUEST NO. 58:** To the degree that U.S. Roadways has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to John Doe before the Subject Incident, please produce them now.

**REQUEST NO. 59:**  A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, and driver diagnostic record or test maintained by your company, or used by U.S. Roadways, its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 60:**  Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

### TRUCKING COMPANY

**REQUEST NO. 61:**  A copy of documents showing the hierarchy of managerial positions at U.S. Roadways and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 62:**  A copy of each document (including articles and presentations) prepared and/or presented by any U.S. Roadways representative relating to the safe operation of a commercial motor vehicle and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 63:**  All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 64:**  A copy of all lease and trip lease contracts applicable to John Doe and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 65:**  Copies of any contract under which your company was operating the tractor in question at the time of the Subject Incident.

**REQUEST NO. 66:**  A copy of U.S. Roadways' accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 67:**  Transcripts or recordings of all depositions of corporate designees for U.S. Roadways given in the past five (5) years in cases where it was alleged that a driver working for U.S. Roadways caused injury or death to another person.

**REQUEST NO. 68:**  Copies of all documents putting any third party on notice of a claim arising from the Subject Incident.

**REQUEST NO. 69:**  All correspondence and other communication of any kind between you and any other Defendant to this Action.

<u>**MISCELLANEOUS**</u>

**REQUEST NO. 70:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

a.      A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

b.      A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

c.      A copy of the entire file of said expert;

d.      A current résumé or curriculum vitae for said expert; and

e.      All billing records and work logs for said expert.

**REQUEST NO. 71:**  A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 72:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 73:**  Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 74:**  Produce each document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admissions.

**REQUEST NO. 75:**  If any surveillance has been undertaken by or on behalf of U.S. Roadways, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**     At the time of the Subject Collision, U.S. Roadways was the owner of a tractor-trailer involved in the Subject Collision.

**REQUEST NO. 2**     The DOT number for the tractor-trailer that was involved in the Subject Collision was 2385453.

**REQUEST NO. 3**     The MC-ICC number for the tractor-trailer that was involved in the Subject Collision was 819603.

**REQUEST NO. 4**     At the time of the Subject Collision, U.S. Roadways had a driver within the area of the Subject Collision at the time the collision occurred.

**REQUEST NO. 5**     At the time of the Subject Collision, John Doe was an agent of U.S. Roadways.

**REQUEST NO. 6**     At the time of the Subject Collision, John Doe was an employee of U.S. Roadways.

**REQUEST NO. 7**     At the time of the Subject Collision, John Doe was acting within the course and scope of his employment with U.S. Roadways.

**REQUEST NO. 8**     At the time of the Subject Collision, John Doe was acting within the course and scope of his agency with U.S. Roadways.

**REQUEST NO. 9**     At the time of the Subject Collision, John Doe was operating the tractor-trailer owned by U.S. Roadways.

**REQUEST NO. 10**     At the time of the Subject Collision, John Doe was operating the tractor-trailer with the permission of U.S. Roadways.

**REQUEST NO. 11**     At the time of the Subject Collision, John Doe was operating the tractor-trailer with the knowledge of U.S. Roadways.

**REQUEST NO. 12**   At the time of the Subject Collision, John Doe was operating the tractor-trailer as trained by U.S. Roadways.

**REQUEST NO. 13**   U.S. Roadways is properly named in the Complaint.

**REQUEST NO. 14**   Venue is proper in this Court.

**REQUEST NO. 15**   Jurisdiction is proper in this Court.

**REQUEST NO. 16**   Service of process upon U.S. Roadways in this civil action was proper.

**REQUEST NO. 17**   Service of process upon U.S. Roadways in this civil action was legally sufficient.

**REQUEST NO. 18**   You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 19**   You are not asserting the defense of improper service of process.

**REQUEST NO. 20**   John Doe was the driver of U.S. Roadways' tractor-trailer that collided with Plaintiff's vehicle.

**REQUEST NO. 21**   John Doe failed to maintain his lane of travel.

**REQUEST NO. 22**   John Doe fled the scene immediately following the Subject Collision.

**REQUEST NO. 23**   John Doe failed to maintain proper control of his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 24**   At the time of the Subject Collision, John Doe failed to keep and maintain a proper lookout for traffic.

**REQUEST NO. 25**   John Doe was not paying attention to traffic like he should have been.

**REQUEST NO. 26**   John Doe gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that John Doe was driving at the time of the Subject Collision.

**REQUEST NO. 27**   John Doe had a mobile cellular device present inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 28**   John Doe had more than one (1) mobile cellular device was present inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 29**   John Doe was using at least one (1) mobile cellular device in his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 30**   John Doe was using more than one (1) mobile cellular device inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 31**   John Doe was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 32**   While at the scene of the collision, John Doe conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 33**   While at the scene of the collision, John Doe texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 34**   While at the scene of the collision, John Doe had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 35**   While at the scene of the collision, John Doe took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 36**   While at the scene of the collision, John Doe took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 37**   While at the scene of the collision, John Doe took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 38**   No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 39**   No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 40**   No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 41**   John Doe's neglect acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 42**   John Doe's neglect acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 43**   No visual obstructions existed leading up to the Subject Collision that would have prevented John Doe from seeing Plaintiff's vehicle in the one hundred (100) feet prior to the Subject Collision.

**REQUEST NO. 44**   No visual obstructions existed leading up to the Subject Collision that would have prevented John Doe from seeing Plaintiff's vehicle in the two hundred fifty (250) feet prior to the Subject Collision.

**REQUEST NO. 45**   No visual obstructions existed leading up to the Subject Collision that would have prevented John Doe from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 46**   No visual obstructions existed leading up to the Subject Collision that would have prevented John Doe from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 47**   No visual obstructions existed leading up to the Subject Collision that would have prevented John Doe from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 48**   The person answering these questions has authority from U.S. Roadways to do so.

**REQUEST NO. 49**   U.S. Roadways had a definition of "preventable accident" at the time of the Subject Collision.

**REQUEST NO. 50**   U.S. Roadways determined that the Subject Collision was preventable according to its definition of preventable accident.

Dated this 23rd day of June, 2023.

WLG Atlanta, LLC

*/s/ Ashley Pitts*
Ashley Pitts
Georgia State Bar Number 481759
J. Martin Futrell
Georgia State Bar Number 450872
Attorneys For Plaintiff

Bank of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308

STATE COURT OF
DEKALB COUNTY, GA.
6/23/2023 4:33 PM
E-FILED
BY: Monica Gay

**PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT U.S. ROADWAYS ENTERPRISES INC – Page 28**

Telephone:    404-905-6020
Facsimile:    470-880-5095
E-Mail:        ashley.pitts@witheritelaw.com

## AFFIDAVIT OF SERVICE

| Case: 23A02821 | Court: State Court of Dekalb County | | County: Dekalb, GA | Job: 9101345 |
|---|---|---|---|---|
| Plaintiff / Petitioner: Shelanda Thomas | | | Defendant / Respondent: U.S. Roadways Enterprises Inc; United Specialty Insurance Company; John Doe Company; and John Doe | |
| Received by: CGA Solutions | | | For: Witherite Law Group, LLC | |
| To be served upon: United Specialty Insurance Company c/o CT Corporation System, Registered Agent | | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Jane RIchardson, CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046
**Manner of Service:** Registered Agent, Jun 28, 2023, 1:30 pm EDT
**Documents:** Summons, Complaint for Damages (Received Jun 27, 2023 at 3:13pm EDT)

**Additional Comments:**
1) Successful Attempt: Jun 28, 2023, 1:30 pm EDT at CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046 received by Jane RIchardson.
,Agent designated by CT Corporation to accept service

Subscribed and sworn to before me by the affiant who is personally known to me.

Thomas David Gibbs III          Date          Notary Public

CGA Solutions
723 Main Street                             Date          Commission Expires
Stone Mountain, GA 30083
866-217-8581

*(Notary seal: AMMY MERAZ, NOTARY PUBLIC, DEKALB COUNTY, GEORGIA)*

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

RE:   Permanent Process Servers

### STANDING ORDER

Pursuant to O.C.G.A. § 9-11-4 (e), this Court provides herein that any person who has completed the application process for appointment as a permanent process server in the Superior Court of DeKalb County in 2023, and has been appointed as a permanent process server in said Court for 2023 shall be deemed to be appointed as a permanent process server in the State Court of DeKalb County. Permanent process servers wishing to rely upon this order shall be required to attach a copy of their Superior Court order of appointment to any affidavit of service that is required to be filed with the Court. All appointments arising pursuant to this order shall be effective until midnight, December 31, 2023.

SO ORDERED, this _13_ day of December 2022.

Wayne M. Purdom, Chief Judge

FILED IN THIS OFFICE
THIS 13 DAY OF Dec. 2022

Clerk, State Court, DeKalb County

FILED 1/6/2023 9:16 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

IN RE:

MOTION FOR APPOINTMENT AS                    :        CIVIL ACTION FILE NUMBER:
PERMANENT PROCESS SERVER                     :                23MPR1021
                                             :
                                             :

PURSUANT TO O.C.G.A. §9-11-4(c)

### ORDER APPOINTING PERMANENT PROCESS SERVER
### FOR CALENDAR YEAR 2023

The foregoing motion having been read and considered; it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

KAYLA BRIDGES
SHEMIKA BRYANT
ROCHELLE EARTHRISE
THOMAS GIBBS
LYNN ROWE
RONALD SMITH
GERI STEPHENS
CIERRA STOVER
INA SWINGER

This appointment shall be effective until midnight December 31, 2023.

IT IS SO ORDERED this 3rd day of January, 2023.

Honorable LaTisha Dear Jackson
Chief and Administrative Judge
DeKalb County Superior Court
Stone Mountain Judicial Circuit

## AFFIDAVIT OF SERVICE

| Case: 23A02821 | Court: State Court of Dekalb County | County: Dekalb, GA | Job: 9101345 |
|---|---|---|---|
| Plaintiff / Petitioner: Shelanda Thomas | | Defendant / Respondent: U.S. Roadways Enterprises Inc; United Specialty Insurance Company; John Doe Company; and John Doe | |
| Received by: CGA Solutions | | For: Witherite Law Group, LLC | |
| To be served upon: U.S. Roadways Enterprises Inc c/o Truck Process Agents of America Inc, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| Recipient Name / Address: | Amy Cunningham, Truck Process Agents of America, Inc.: 410 E. Taylor St Suite G, Griffin, GA 30223 |
| Manner of Service: | Registered Agent, Jun 29, 2023, 4:32 pm EDT |
| Documents: | Summons, Complaint for Damages, Plaintiff's First Interrogatories, First Request for Production of Documents, and First Request for Admissions to Defendant U.S. Roadways Enterprises Inc (Received Jun 27, 2023 at 3:13pm EDT) |

**Additional Comments:**

1) Successful Attempt: Jun 29, 2023, 4:32 pm EDT at Truck Process Agents of America, Inc.: 410 E. Taylor St Suite G, Griffin, GA 30223 received by Amy Cunningham. Age: 40-45; Ethnicity: Caucasian; Gender: Female; Weight: 400; Height: seated; Hair: Black; ,Agent designated by Truck Process Agents of America to accept service

| | | | |
|---|---|---|---|
| Thomas David Gibbs III | Date | Notary Public | |
| | | | Commission Expires |

*Subscribed and sworn to before me by the affiant who is personally known to me.*

7-5-23

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

RE:   Permanent Process Servers

### STANDING ORDER

Pursuant to O.C.G.A. § 9-11-4 (e), this Court provides herein that any person who has completed the application process for appointment as a permanent process server in the Superior Court of DeKalb County in 2023, and has been appointed as a permanent process server in said Court for 2023 shall be deemed to be appointed as a permanent process server in the State Court of DeKalb County. Permanent process servers wishing to rely upon this order shall be required to attach a copy of their Superior Court order of appointment to any affidavit of service that is required to be filed with the Court. All appointments arising pursuant to this order shall be effective until midnight, December 31, 2023.

SO ORDERED, this _13_ day of December 2022.

Wayne M. Purdom, Chief Judge

FILED IN THIS OFFICE
THIS 13 DAY OF Dec. 2022
Sophia Duarell
Clerk, State Court, DeKalb County

FILED 1/6/2023 9:16 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

IN RE:

MOTION FOR APPOINTMENT AS                :        CIVIL ACTION FILE NUMBER:
PERMANENT PROCESS SERVER           :              23MPR1021
                                                :
                                                :

PURSUANT TO O.C.G.A. §9-11-4(c)

## ORDER APPOINTING PERMANENT PROCESS SERVER
## FOR CALENDAR YEAR 2023

      The foregoing motion having been read and considered; it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

KAYLA BRIDGES
SHEMIKA BRYANT
ROCHELLE EARTHRISE
THOMAS GIBBS
LYNN ROWE
RONALD SMITH
GERI STEPHENS
CIERRA STOVER
INA SWINGER

This appointment shall be effective until midnight December 31, 2023.

**IT IS SO ORDERED** this 3rd day of January, 2023.

                                        Honorable LaTisha Dear Jackson
                                        Chief and Administrative Judge
                                        DeKalb County Superior Court
                                        Stone Mountain Judicial Circuit