-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TORRION HOUSTON,<br><br>    Plaintiff,<br><br>v.<br><br>SENTRY SELECT INSURANCE COMPANY, TRI STARS LOGISTICS, INC. and PATRICK DORLEAN,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO.: |

### **DEFENDANTS' NOTICE OF REMOVAL**

COME NOW Defendants SENTRY SELECT INSURANCE COMPANY, TRI STARS LOGISTICS, INC., and PATRICK DORLEAN (collectively referred to as "Defendants") by and through the undersigned counsel, and without waiving any defenses as to personal jurisdiction, venue, process, or service of process, and pursuant to 28 U.S.C. § 1441(a) and (c), hereby files this Notice of Removal, respectfully showing the Court as follows:

1.

Plaintiff TORRION HOUSTON (hereinafter "Plaintiff") filed a civil action against Defendants in the State Court of Fulton County, State of Georgia, Civil Action File No. 23EV003347, on June 6, 2023. A copy of the Complaint and all

pleadings filed in the state court action are attached hereto as Exhibit "A".

## Complete Diversity Jurisdiction Exists

2.

According to his allegations in the Complaint, Plaintiff is a resident and citizen of Carroll County, State of Georgia. See, Exhibit "A", Complaint ¶ 1.

3.

For diversity jurisdiction purposes, "[a] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." See, Kong v. Allied Prof I Ins. Co., 750 F.3d 1295, 1299 (11th Cir. 2014); 28 U.S.C. § 1332 (c) (1). Defendant Tri Stars Logistics, Inc., is a corporation organized and existing under the laws of the State of Ohio, and its principal place of business is located in the State of Ohio. See, Ohio Secretary of State Business Search Records, attached hereto as Exhibit "B." Service was attempted on Defendant Tri Stars Logistics, Inc. via its registered agent, located at 4862 Pleasant Valley Dr., Columbus, Ohio 4322, on June 13, 2023. See, Affidavit of Service – Tri Stars Logistics, Inc., included in Exhibit "A" to Defendant's Notice of Removal.

4.

Defendant Sentry Select Insurance Company was, and currently remains, a

corporation organized under the laws of the State of Wisconsin, with its principal place of business located at 1800 North Point Drive, Stevens Point, Wisconsin, 54481. See, Georgia Secretary of State Registration for Defendant Sentry Select Insurance attached as Exhibit "C" to Defendant's Notice of Removal. Sentry Select Insurance is a citizen of Wisconsin for purposes of determining diversity jurisdiction. Defendant Sentry was served on June 8, 2023, at its registered agent's office located at 289 S. Culver Street, Lawrenceville, Georgia 30046. See, Affidavit of Service – Sentry Select Insurance Company, included in Exhibit "A" to Defendant's Notice of Removal.

5.

At the time of the filing of the Complaint and to-date, Defendant Patrick Dorlean is a citizen and resident of the State of Florida and domiciled therein at 6203 Arlington Way, Fort Pierce, Florida 34951. See, Compl. ¶ 13. Defendant Dorlean was served at his domicile at the above address on June 28, 2023. See, Affidavit of Service – Patrick Dorlean, included in Exhibit "A" to Defendant's Notice of Removal.

6.

Because Plaintiff is a citizen of Georgia, Defendant Tri Stars Logistics, Inc. is a citizen of the State of Ohio, Defendant Sentry Select Insurance Company is a

citizen in the State of Wisconsin, and Defendant Dorlean is a citizen of Florida, complete diversity of citizenship exists between Plaintiff and all of the Defendants for purposes of 28 U.S.C. § 1332 (c) (1).

**The Amount in Controversy Exceeds $75,000.00**

7.

Plaintiff seeks judgment against the named-Defendants for sums in excess of $75,000.00, exclusive of interest and costs.

8.

A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

9.

In his Complaint dated June 6, 2023, Plaintiff asserts that "[a]s a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses for treatment of her [sic] injuries in **an amount likely exceeding $52,960**." See, Exhibit "A", Compl. ¶ 40. (Emphasis added.) Plaintiff also asserts that he "has been unable to work and has a claim for past and future lost wages." Id.

-5-

at ¶ 41. Plaintiff further asserts that he has a claim for, *inter alia*, "[p]ast, present, and future pain and suffering," "lost wages," and "permanent injuries." Id. at ¶43.

10.

On February 28, 2023, counsel for Plaintiff sent a demand letter ("Letter") to a representative of Defendant Sentry. See Exhibit "D", Letter from Plaintiff's Counsel, Feb. 28, 2023. In said Letter, Plaintiff's counsel also alleged that his client had sustained medical expenses in the amount of $52,960.00 as a result of the subject accident, and further claimed that Plaintiff's lost wages claim totaled $66,620.00.

11.

Because Plaintiff's special damages, including his medical expenses and lost wages, total $119,580.00—exclusive of general damages—it is clear that the jurisdictional threshold of $75,000.00 has been met in this case.

**Removal is Timely and Proper**

12.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days of Defendant Dorlean being served. See, Fed. R. Civ. P. 6(a)(1)(C). This Notice of Removal is also timely because it is filed within thirty (30) days after receipt by Defendant Dorlean of a

copy of the initial pleading setting forth the claim upon which this action is based. 28 U.S.C. § 1446(b).

## Venue is Proper in the Northern District

13.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1446(b), and 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the matter in controversy exceeds the sum of $75,000.00.

14.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses Fulton County where the subject motor vehicle accident occurred and the underlying action was filed. See 28 U.S.C. § 90(a)(2).

## The Unanimity Requirement is Met Here

15.

The Supreme Court has construed the removal statues to require all defendants in a case to consent to removal, thus creating the so-called "unanimity requirement." See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001) (citing Chicago, Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48

(1900)).  All Defendants consent to the removal of this case to United States District Court for the Northern District of Georgia and this Notice of Removal.

## **Removal is Proper**

16.

No previous application for the relief sought herein has been made to this or any other Court.

17.

Good and sufficient defenses to Plaintiff's claims exist.

18.

Within thirty (30) days after service on Defendant Dorlean, notice is hereby given in accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

19.

Defendant has given written notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the State Court of Fulton County.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "E".

WHEREFORE, it is hereby requested that this Court grant the removal of this case to the United States District Court for the Northern District of Georgia, in which district this suit is pending.

-8-

Respectfully submitted this 28th day of July, 2023.

                                         MCMICKLE, KUREY & BRANCH, LLP

                                         */s/ Andrew E. Feske*
                                         SCOTT W. MCMICKLE
                                         Georgia Bar No. 497779
                                         ANDREW E. FESKE
                                         Georgia Bar No. 103245
                                         *Attorneys for Defendants Sentry Select*

217 Roswell Street, Suite 200       *Insurance Company, Tri Stars Logistics,*
Alpharetta, GA 30009                  *Inc. and Patrick Dorlean*
Telephone: 678-824-7800
Facsimile:  678-824-7801
Email: AFeske@mkblawfirm.com

M1071457.1 16618                             -8-

-9-

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This brief has been prepared in Times New Roman font, 14 point.

*/s/ Andrew E. Feske*
ANDREW E. FESKE
For the Firm

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed **DEFENDANTS' NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> M. Jared Easter, Esq.
> A. Joel Williams, Esq.
> Chase Elleby, Esq.
> Williams Elleby
> 3450 Acworth Due West Road, Suite 610
> Kennesaw, GA 30144
> *Counsel for Plaintiff*

This 28th day of July, 2023.

> */s/ Andrew E. Feske*
> ANDREW E. FESKE
> For the Firm