# Exhibit A

State Court of Fulton County
**E-FILED**
23EV003347
6/6/2023 11:57 AM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___Fulton___ County

---

**For Clerk Use Only**

Date Filed _____     Case Number _____
MM-DD-YYYY

---

**Plaintiff(s)**
Houston      Torrion
Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

**Defendant(s)**
Sentry Select Insurance Company
Last      First      Middle I.      Suffix      Prefix

Tri Stars Logistics, Inc.
Last      First      Middle I.      Suffix      Prefix

Dorlean      Patrick
Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

**Plaintiff's Attorney** ___Jared Easter___   **State Bar Number** _926899_   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number      Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

State Court of Fulton County
**E-FILED**
23EV003347
6/6/2023 11:57 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TORRION HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. _____ |
| | ) | |
| SENTRY SELECT INSURANCE | ) | |
| COMPANY, TRI STARS LOGISTICS | ) | |
| INC., and PATRICK DORLEAN | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW Plaintiff in the above-styled action and files this Complaint showing the

Court as follows:

1.

Plaintiff Torrion Houston is an adult resident of Carroll County, Georgia.

2.

Defendant Sentry Select Insurance Company (Hereinafter "Sentry") is a Wisconsin

corporation with a principal office address at 1800 North Point Drive, Stevens Point, Wisconsin,

54481. Defendant Sentry is registered to do business in Georgia and may be served with process

by service upon its registered agent, CT Corporation System 289 S. Culver Street,

Lawrenceville, GA 30046.

3.

Defendant Sentry has been properly served with process in this action.

4.

Defendant Sentry is subject to the jurisdiction of this Court through transacting business in Georgia and contacts within the State of Georgia. Defendant may be properly joined in this action pursuant to O.C.G.A. §§ 46-7-12(c), 40-1-112 or 40-2-140- (d)(4).

5.

Defendant Sentry is subject to the venue of this Court pursuant to O.C.G.A. §§ 9-10-93, 33-4-1, 46-7-12, 40-1-112 or 40-2-140(c)(4).

6.

Defendant Sentry provided liability insurance to Co-Defendants Tristar Logistics, Inc. and Patrick Dorlean under policy number A0150820003. The policy was in effect on March 15, 2022.

7.

This policy is subject to Georgia's Motor Carrier Act.

8.

Defendant Sentry is subject to suit by direct action.

9.

Defendant Tri Stars Logistics, Inc. (hereinafter referred to as "Defendant(s)" or "Tri Stars"), is a foreign corporation with its principal place of business in Dublin, Ohio. Defendant Tri Stars is subject to the jurisdiction of this Court pursuant O.C.G.A. § 9-10-91 and may be served upon its registered agent Tri Stars Logistics, Inc. located at 4804 Tuttles Woods Drive, Dublin, Ohio 43016.

10.

Jurisdiction is proper as to Defendant Tri Stars.

11.

Venue is proper as to Defendant Tri Stars.

12.

Defendant Tri Stars has been properly served with the Summons and Complaint in this action.

13.

Defendant Patrick Dorlean (hereinafter referred to as "Defendant(s)" or "Dorlean") is a Florida citizen may be served at his residence located at 5643 NW 74th Avenue, Miami, FL 33166.

14.

Jurisdiction is proper as to Defendant Dorlean.

15.

Pursuant to O.C.G.A §40-12-3, venue is proper as to Defendant Dorlean.

16.

Defendant Dorlean has been properly served with the Summons and Complaint in this action.

17.

On March 15, 2022, Defendant Dorlean was driving Defendant Tri Stars' tractor-trailer eastbound on Interstate 20 approaching the Interstate 75 interchange in Fulton County, Georgia when he attempted to pull over to the right shoulder to avoid other cars on the interstate. As Defendant Dorlean pulled to the side of the road, he negligently struck Plaintiff's vehicle, which was stopped on the right shoulder of the road.

18.

Defendant Dorlean's negligence included, but is not limited to negligently failing to maintain his vehicle under proper control, distracted driving, negligently failing to keep a proper lookout, negligently failing to maintain his lane, and any other acts of negligence that may be proven at trial.

19.

At the time of the collision, Defendant Dorlean was operating a tractor trailer owned by Defendant Tri Stars.

20.

At the time of the subject collision and all relevant times, Defendant Dorlean was acting at the direction and under the control of Defendant Tri Stars, was an agent and employee of Defendant Tri Stars, operating Defendant Tri Stars's tractor trailer in the course and scope of his employment with Defendant Tri Stars, and with Defendant Tri Stars's permission.  Defendant Tri Stars is liable for the actions of Defendant Dorlean under theories of *Respondeat Superior*, vicarious liability, and agency principles.

21.

At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing.

22.

Plaintiff was not in any way negligent and is totally free of any fault.

23.

Defendant Dorlean's actions constituted negligence in operating the tractor-trailer contrary to the reasonable and safe conditions and circumstances then existing, resulting in Defendant Dorlean colliding with Plaintiff's vehicle.

24.

Defendant Dorlean' actions constituted negligence in operating the tractor-trailer contrary to safe driving practices.

25.

All Defendants were negligent in failing to adhere to routine and common industry standards regarding operation of the tractor-trailer at issue, including negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

26.

Defendant Tri Stars was negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Plaintiff.

27.

Defendant Tri Stars is an interstate motor carrier for hire.

28.

Defendants failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor carrier regulations, and all applicable Federal motor carrier regulations which caused or contributed to the subject collision.

29.

Defendant Dorlean's actions constituted negligence by engaging in a driving manner that was ill-timed and improper, causing danger, injuries, damages, losses, physical pain, and distress to Plaintiff.

30.

Defendant Tri Stars was negligent in hiring Defendant Dorlean and entrusting him to drive a tractor-trailer.

31.

Defendant Tri Stars was negligent in failing to properly train Defendant Dorlean.

32.

Defendant Tri Stars was negligent in failing to properly supervise Defendant Dorlean.

33.

Defendant Tri Stars's negligence in hiring Defendant Dorlean and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and plaintiff's resulting injuries.

34.

Defendant Sentry Select is subject to a direct action as the insurer of one or more of its co-defendants pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140.

35.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Sentry Select is liable to Plaintiff and responsible for payment of damages incurred by Plaintiff as a result of the negligent acts of its co-defendants.

36.

Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence and recklessness of one or more Defendants.

37.

No person(s) other than Defendants Dorlean, Tri Stars,  and Sentry Select, bear any fault for causing the wreck at issue in this case.

38.

But for the negligence of one or more Defendants, Plaintiff would not have suffered physical injury, pain, mental and psychological suffering, inconvenience, and other injuries as proven at the trial of this matter.

39.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of one or more Defendants and one or more of said acts were the proximate causes of the injuries and damages sustained by the Plaintiff.  Defendants are liable for Plaintiff's injuries

sustained, pain and suffering, diminished capacity to labor, cost of medical treatment, and all other elements of damages allowed under the laws of the State of Georgia.  One or more Defendants are liable to Plaintiff directly, as well as under theories of respondent superior and agency principles.

40.

As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses for the treatment of her injuries in an amount likely exceeding $52,960.00.

41.

As a result of Defendants' negligence, plaintiff has been unable to work and has a claim for past and future lost wages.

42.

Defendants' negligence is the sole and proximate cause of plaintiff's injuries.

43.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a)  Personal injuries;

b)  Past, present, and future pain and suffering;

c)  Disability;

d)  Loss of the capacity for the enjoyment of life;

e)  Incidental expenses;

f) Past, present, and future medical expenses exceeding $52,960.00;

g) Lost wages;

h) Permanent injuries; and

i) Consequential damages to be proven at trial.

44.

Plaintiff is entitled to request attorney's fees and the expenses of litigation in that the actions on the part of the Defendants as herein above described show that the Defendants have acted in bad faith in the transactions and dealings surrounding the herein above described incident and the Defendants, and/or the Defendants' agents have been stubbornly litigious and have caused Plaintiff unnecessary expense so as to entitle Plaintiff to the expenses of litigation and attorney's fees as defined by O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that she has a trial by jury on all issues and for a judgment against the Defendants for the following:

a) Medical, doctor, and rehabilitation expenses in an amount to be proven through the evidence at the time of trial for the past, present, and future;

b) All elements of pain and suffering, for the past, present, and future;

d) All general, special, compensatory, incidental, consequential, and all other permissible damages and expenses associated with the Plaintiff's injuries and damages in an amount which will be proven at the time of trial;

e) That a jury be impaneled to resolve all factual disputes; and

f) For all further losses and recovery as deemed proper by the Court.

**TRIAL BY JURY IS HEREBY DEMANDED.**

This 6th day of June, 2023.

**WILLIAMS ELLEBY**

/s/ Jared Easter
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
M. Jared Easter
Georgia Bar No. 926899
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL    404/389-1035
FAX    770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com
jared@gatrialattorney.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV003347**
**6/6/2023 4:02 PM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

# STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____  Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

  Served, this _____ day of _____, 20_____.   _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV003347
6/6/2023 4:02 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _____

TORRION HOUSTON
_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

PATRICK DORLEAN
5643 NW 74TH AVENUE
     MIAMI        FL      33166
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: WILLIAMS ELLEBY

Address: 3450 ACWORTH DUE WEST ROAD STE 610

City, State, Zip Code: KENNESAW, GA 30144          Phone No.: 404-389-1035

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.          _____
                                                                        DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV003347**
**6/6/2023 4:02 PM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**                              DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _____

TORRION HOUSTON
_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

TRI STARS LOGISTICS, INC.
_____
4804 TUTTLES WOODS DRIVE
_____
        DUBLIN        OH      43016
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [  ] TORT | |
| [  ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $_____ |
| [  ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [  ] NEW FILING | |
| [  ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: WILLIAMS ELLEBY

Address: 3450 ACWORTH DUE WEST ROAD STE 610

City, State, Zip Code: KENNESAW, GA 30144          Phone No.: 404-389-1035

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.      _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV003347
6/6/2023 11:57 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TORRION HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. _____ |
| | ) | |
| SENTRY SELECT INSURANCE | ) | |
| COMPANY, TRI STARS LOGISTICS | ) | |
| INC., and PATRICK DORLEAN | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PATRICK DORLEAN

Pursuant to O.C.G.A. § 9-11-26 and § 9-11-34, hereby requests that Patrick Dorlean ("Defendant") respond separately in writing and under oath, to the following request for production of documents within forty-five (45) days from the date of service as provided by law, with a copy of the responses be furnished to Plaintiffs' counsel at 3450 Acworth Due West Road, Suite 610, Kennesaw, GA 30144.

## DEFINITIONS AND INSTRUCTIONS

A.     These requests for production of documents shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require Defendant to serve upon all parties supplemental answers if Defendant or Defendant attorney(s) obtain further information between the time the answers are served and the time of trial

B.     The following definitions shall apply to this request.

1.     "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control, or of which you have knowledge, including, but

not limited to, correspondence, memoranda, tapes, stenographic, or handwritten notes, studies, publications, books, pamphlets, pictures, drawings, photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

     2. "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

C. Whenever production is requested of a document which is no longer in your possession, custody or control, your response should identify the document by name, number, form or description, and by date made, and the date which the document was most recently in your possession, custody and control, the disposition made of the document, and the identity of the person or person now in possession, custody or control of such documents. If the document has been destroyed, the response should state the reason for its destruction and the identity of the person or persons who destroyed the document and who directed that document to be destroyed.

D. If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request. If you object to the scope or time period of the request and refuse to answer for that scope or the scope or time period you believe is appropriate.

If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any particular, please set forth the details of such qualifications.

E.      In the event you wish to assert attorney-client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide Plaintiffs with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis of assertion of the privilege or the like.

## **REQUEST FOR PRODUCTION**

Defendant is requested to produce each of the following:

### 1.

Any statement in your control from Plaintiff(s) or any Defendant in this action whether written or recorded that relate in any way to the subject collision.

### 2.

All photographs, charts, diagrams, videotapes, and other illustrations of any person place or thing involved in this lawsuit.

### 3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendant and Plaintiff(s) including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this litigation.

4.

The original or a true and accurate copy of the declaration sheet or coverage page of all insurance policies which may provide benefits to Plaintiff(s) pursuant to the Georgia Motor Vehicle Accident Reparation Act (O.C.G.A. §§ 33-34-1 et seq.), or any other insurance policies which may provide coverage in connection with this incident.

5.

All documents evidencing, reflecting, relating to or constituting medical bills or reimbursement you received for medical services as a result of this incident.

6.

All documents evidencing, reflecting, relating to or constituting physical injuries that you received as a result of this incident.

7.

All documents evidencing, reflecting, relating to or constituting damages that the vehicle you were operating sustained as a result of the incident which is the subject of the suit.

8.

All documents evidencing, reflecting, relating to, or constituting any traffic citation(s) that you received as a result of this incident.

9.

All documents evidencing, reflecting, relating to, or constituting an incident report regarding this incident.

10.

A true and accurate copy of your driver's license.

11.

Any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in Defendant's interrogatory responses.

12.

Any documents obtained through a request for production of documents or subpoena with regard to the subject matter of this litigation.

13.

Any medical records, videotapes, photographs, or other evidence concerning, referencing or depicting plaintiff.

14.

Copies of your cell phone records showing incoming and outgoing calls, texts and messages for the date of the incident.

15.

Any and all documents identified in response to Plaintiffs' First Interrogatories to Defendant.

16.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)      The date each document was generated;

(b)      The person generating each document;

(c)      The present custodian of each document;

(d)      A description of each document.

[signature page to follow]

This 6th day of June, 2023.

WILLIAMS ELLEBY

/s/ Jared Easter
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
M. Jared Easter
Georgia Bar No. 926899
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL     404/389-1035
FAX    770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com
jared@gatrialattorney.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV003347**
**6/6/2023 11:57 AM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TORRION HOUSTON,       )
                          )
      Plaintiff,       )
                          )    CIVIL ACTION FILE
v.                    )    NO. _____
                          )
SENTRY SELECT INSURANCE   )
COMPANY, TRI STARS LOGISTICS )
INC., and PATRICK DORLEAN   )
                          )
      Defendants.    )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT PATRICK DORLEAN

Pursuant to O.C.G.A. § 9-11-26 and § 9-11-33, Plaintiff hereby requests that Defendant Patrick Dorlean ("Defendant") respond separately in writing and under oath, to the following interrogatories within forty-five (45) days from the date of service as provided by law, with a copy of the responses be furnished to Plaintiff's counsel at 3450 Acworth Due West Road, Suite 610, Kennesaw, GA 30144.

### DEFINITIONS AND INSTRUCTIONS

A. These interrogatories shall be deemed continuing to extent permitted by O.C.G.A. §9-11-26(e), so as to require Defendant to serve upon Plaintiffs supplemental answers if Defendant or his attorneys obtain further information between the time the answers are served and the time of trial.

B. The following definitions shall apply to this request.

1. "Document" whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all

memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, account's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security agreements, loan applications, leases, documents creating or reflecting security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, Rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original, tape recordings or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and form which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody or control of either Plaintiffs or their agents, attorneys, or employees.

2. "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

## **INTERROGATORIES**

1.

Please state whether or not you were employed on the date of the incident which is the subject matter of this Complaint, if so, please state the following:

(a)     The name and address of your employer;

(b)     In what capacity you were employed; and

(c)     The length of time of your employment with the named employer.

2.

If you were self-employed on the date of the incident which is the subject matter of this suit, or are presently self-employed, please give the following:

(a)     A brief description of the nature of your business; and

(b)     The inclusive dates you were engaged in that particular occupation or profession.

3.

If you have ever been involved in a motor vehicle collision prior to the incident which is the subject matter of this suit, please state the following:

(a)     The date of each collision; and

(b)     Whether you were charged with any kind of infraction.

4.

If you have ever been convicted of any moving traffic violation within the past ten years, please state all violations.

5.

If you have ever been arrested, pled guilty or been convicted of any crime other than traffic violations, please identify each and provide the year of the occurrence.

6.

Please state the name and address of the registered owner of the motor vehicle operated or occupied by you at the time of the incident which is the subject matter of this action.

7.

Please state the year, make and model of the vehicle operated by you at the time of the incident described in the Complaint.

8.

On the particular trip during the course of which the collision that forms the basis of Plaintiff's Complaint occurred, what was the Defendant's place and time of departure, intended destination and purpose of the trip?

9.

If the Defendant was under a physician's care at the time of the collision, please state:

(a)     The purpose of the Defendant being under physician's care; and

(b)     The physician's name, address and phone number.

10.

If at the time of the collision at issue, the Defendant was under instruction to wear corrective lenses, please state:

(a)     Under what circumstances the lenses were to be worn;

(b)     If the appropriate lenses were worn at the time of the accident at issue; and

(c)     What eye condition said lenses were to correct.

11.

If the Defendant consumed any sedatives, tranquilizers or other drugs and medicines during the seventy-two (72) hour period prior to the collision herein complained of, please state:

(a)     Time such medication was consumed;

(b)     Type of medication consumed; and

(c)     Dose of medication consumed.

12.

If the Defendant consumed any alcoholic beverages of any type during the twenty-four (24) hour period prior to the collision at issue, please state:

(a)     Time such alcohol was consumed;

(b)     Type of alcohol consumed; and

(c)     Quantity of alcohol consumed.

13.

Please state the name of each person occupying the motor vehicle operated by the Defendant at the time of the collision and state where each occupant was positioned in the vehicle at the time of the collision.

14.

Please describe in detail how the collision at issue occurred.

15.

Please state whether you, your attorneys, agents, investigators, or anyone acting on your behalf obtained statements in any form from any person regarding any of the events or happenings that occurred at the scene of the incident referred to in the Complaint before, during or after the said incident.  If so, please state:

(a)     The name and address of the person from whom any statements were taken;

(b)     The date in which such statement was taken;

(c)     Whether such statement was oral, written or otherwise; and

(d)     The name and address of the person having custody of such statement.

16.

Please state the names and last known addresses of each person known or believed by you to have been an eyewitness to the incident at issue.

17.

Please state the name and address of each person known or believed by you to have knowledge of any of the facts relevant to the incident which is the subject matter of this action as they pertain to the issue of liability and/or the extent of the Plaintiff Torrion Houston's injuries.

18.

Please state the names and address sufficient to locate each and every person known or believed by you to have heard Plaintiff make any statement, remark or comment concerning the incident at issue.

19.

Please state the names, address and telephone numbers of each individual who is not an expert witness who has knowledge of the incident at issue and may be called to testify on behalf of the Defendant concerning the nature, extent and duration of the Plaintiff Torrion Houston's injures.

20.

Please state the names and address for the location of each and every person known or reasonably believed by you to have possession of any motion pictures, photographs, or diagrams pertaining to the incident at issue.

21.

Please state whether any insurance policy covering Defendant for the subject collision paid for the damage to Plaintiff Torrion Houston's vehicle, and

(a)     The amount of property damage to the Defendant's vehicle as a result of the collision at issue, as assessed by the Defendant's insurer; and/or

(b)     If a check was issued from the Defendant's liability carrier to Plaintiff for property damage payment related to the collision at issue.

22.

Please state the name and address of each person expected to be called by you to testify as an expert witness during the trial of this case.

23.

Please state whether any of the experts listed in the answer to the foregoing Interrogatory have rendered any reports, written or oral, concerning any facts or opinions involving any of the issues of this case.

24.

If the answer to the foregoing Interrogatory is in the affirmative, please state the following:

(a)     The name of the expert and the issues about which he or she has formed or expressed an opinion;

(b)     Whether the opinion or report of the expert was oral or written and the date upon which said opinion or report was given;

(c)     If written, the name and address of the person having the written report or any copy thereof in his or her possession and control;

(d)     The facts determined and the opinions formed as expressed by each expert; and

(e)     The substance of the facts relied upon by said expert in arriving at his or her opinion.

25.

Please list all policies of liability insurance providing coverage (whether primary or excess) to Defendant for the subject collision, providing the policy number and limits of coverage of each such policy.

26.

Please state in detail the factual and legal basis of each and every affirmative defense as set forth in your Answer to Plaintiff's Complaint for Damages.

27.

If you contend Plaintiff Torrion Houston caused or contributed to the incident at issue, please state all facts that support your contentions.

28.

Do you claim that the occurrence in question was in any way caused by a mechanical defect or malfunction of your vehicle?  If so, state the details of said malfunction, when you first had knowledge of said defect and how you believe it contributed to said incident.

29.

Please provide the cellular telephone number and service provider for all cellular phones owned, used, or operated by the Defendant on the date of this incident.

This 6th day of June, 2023.

[signature page to follow]

**WILLIAMS ELLEBY**

/s/ Jared Easter
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
M. Jared Easter
Georgia Bar No. 926899
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL    404/389-1035
FAX    770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com
jared@gatrialattorney.com

State Court of Fulton County
**E-FILED**
23EV003347
6/6/2023 11:57 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TORRION HOUSTON,                              )
                                             )
    Plaintiff,                               )
                                             )          CIVIL ACTION FILE
v.                                           )          NO. _____
                                             )
SENTRY SELECT INSURANCE                      )
COMPANY, TRI STARS LOGISTICS                 )
INC., and PATRICK DORLEAN                    )
                                             )
    Defendants.                              )

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT PATRICK DORLEAN

COMES NOW, Torrion Houston, Plaintiff in the above-styled action, and hereby requests that this Defendant admit under oath the truth of the facts and the genuineness of the document hereinafter set forth within forty-five (45) days after service of this discovery request upon Defendant.

1.

Defendant Dorlean has been correctly named in the present cause insofar as the legal designation of name is concerned.

2.

Defendant Dorlean has been properly served as a party Defendant in this case.

3.

That process is sufficient with regard to Defendant Dorlean in this case.

4.

That service of process is sufficient with regard to Defendant Dorlean in this case.

5.

That Fulton County State Court has jurisdiction over the subject matter of this case.

6.

That Fulton County State Court has personal jurisdiction over you as a party defendant in this case.

7.

That venue is proper in Fulton County State Court.

8.

That the collision referred to in Plaintiff's Complaint did, in fact, occur on March 15, 2022, at the location described in the Complaint.

9.

That Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

That this Defendant Dorlean's acts of negligence were the proximate cause of the injuries sustained by Plaintiff.

11.

That at the time of the subject collision, this Defendant Dorlean was using or attempting to use a cellular/mobile phone.

12.

That at the time of the collision referred to in Plaintiff's Complaint, Defendant Dorlean was employed by Defendant Tristars Logistics, Inc.

13.

That at the time of the collision referred to in Plaintiff's Complaint, Defendant Dorlean was acting within the scope and agency of his employment for Defendant Tristars Logistics, Inc.

14.

That at the time of the subject collision, there were no other occupants in Defendant Dorlean's vehicle.

15.

That Defendant Dorlean has no insurance policy, policies or coverage, which may be applicable to compensate Plaintiff for injuries and damages arising out of the collision which is the subject of Plaintiff's Complaint.

16.

That the collision complained of was not due, either in whole or in part, to any negligence on the part of Plaintiff.

This 6th day of June, 2023.

**WILLIAMS ELLEBY**

/s/ Jared Easter
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
M. Jared Easter
Georgia Bar No. 926899
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL   404/389-1035
FAX   770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com
jared@gatrialattorney.com

State Court of Fulton County
**E-FILED**
23EV003347
6/6/2023 11:57 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TORRION HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. _____ |
| | ) | |
| SENTRY SELECT INSURANCE | ) | |
| COMPANY, TRI STARS LOGISTICS | ) | |
| INC., and PATRICK DORLEAN | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REQUEST FOR ADMISSIONS, INTERROGATORIES, & REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SENTRY SELECT INSURANCE COMPANY

Plaintiff, pursuant to O.C.G.A. § 9-11-33 and § 9-11-34, submit herewith to Defendant Sentry Select Insurance Company (hereinafter referred to as "Sentry") in the above-styled case, for response within forty-five (45) days after service hereof, in the form provided by law, the following requests for admissions, interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

## REQUEST FOR ADMISSIONS

### 1.

Please admit that Defendant issued a policy of liability insurance to Tri Stars Logistics, Inc. covering the loss at issue in this litigation.

2.

Please admit that Tri Stars Logistics, Inc. is a motor carrier for hire.

3.

Please admit that Tri Stars Logistics, Inc. engaged in intrastate transportation within the State of Georgia during the 12-month period prior to the date of the collision which is the subject of this litigation.

4.

Please admit that Tri Stars Logistics, Inc. is subject to the jurisdiction of the Georgia Public Service Commission and the Georgia Department of Revenue by virtue of engaging in intrastate transportation pursuant to O.C.G.A. § 46-7-36.

5.

Please admit that Defendant Sentry Select Insurance is liable for any verdict against Tri Stars Logistics, Inc. and Patrick Dorlean in this case up to the policy limits of coverage.

## **INTERROGATORIES**

1.

Identify any and all policies of insurance issued by Sentry Select Insurance Company (hereafter "Sentry") or any subsidiary thereof that has coverage that may apply to the incident that forms the basis for the above-styled action to include policy numbers and types and limits of such coverage.

2.

Is Defendant Sentry defending this case under a reservation of rights?  If yes, state in detail the reasons for such a reservation of rights and any factual information in your possession that supports a reservation of rights in this case.

3.

Identify any and all individuals so that they may be located who have knowledge of any facts or circumstances of the occurrence made the basis of this suit and, based on the best information Defendant Sentry has available, please state the facts and/or circumstances that you believe to be within the knowledge of each such person.

4.

Identify each and every person Defendant Sentry expects to call as an expert witness to testify in this case and, as to each such person, state:

   (a)   his or her qualifications as an expert, including his or her employer, title and/or position;

   (b)   the subject matter on which the expert is expected to testify; and

   (c)   the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

5.

Identify each and every person, not previously identified, who, according to the best information Defendant Sentry has available, Defendant Sentry believes has knowledge of facts and circumstances relevant to this case, including Plaintiff Torrion Houston's injuries and treatment.

6.

Has Defendant Sentry obtained any statements or reports, written or otherwise, from anyone in connection with the occurrence made the basis of this suit? If so, identify each such statement and/or report.

7.

Does Defendant Sentry have, or know of, any sketches, diagrams, photographs, motion pictures, maps, drawings, models, measurements, surveys, or other such matter having to do with any vehicle involved, the occurrence made the basis of this action or the scene of the occurrence? If so, identify each such sketch, diagram, etc., requested in this interrogatory.

8.

Identify any and all documentary or other tangible evidence, not previously identified, which, according to the best information Defendant Sentry has available, you believe demonstrates and/or supports facts relevant to this case.

9.

Do you contend that Plaintiff Torrion Houston acted in such a manner as to cause or contribute to the occurrence made the basis of this suit?  If so, set forth each and every fact upon which your contention is based.

10.

Identify all information that you may have regarding the identity and location of the Defendants in this action.

11.

Identify yourself and each and every person answering, or providing information for the answering, of these interrogatories.  If more than one person has answered or provided information, please indicate who has answered which questions and provided what information.

12.

Do you have a copy of any statement that the Plaintiff has made concerning the action or its subject matter? If so, identity and produce each such statement.

13.

State in detail your contention as to how the collision occurred and state specifically and in detail what your claim, opinion or contention will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which your claim, opinion or contention is based.

14.

Describe any information Defendant Sentry has, or any reason you have, to believe that Plaintiff Torrion Houston's medical treatment claimed to have been incurred as a result of the collision was not reasonable and necessary, and identify the source(s) of your information supporting that indication or belief.

15.

Describe any information Defendant Sentry has, or any reason you have, to believe that the Plaintiff Torrion Houston's medical expenses, claimed to have been incurred as a result of the collision, were not reasonable or customary, and identify the source(s) of your information supporting that indication or belief.

16.

Identify each piece of documentary or physical evidence which you might use or intend to use at the trial of this case *(see Dikeman v. Mary A. Sterns* 253 Ga. App. 646 (2002) and USCR 7.2).

17.

State specifically the factual basis for the defenses that you are asserting as set forth in your Defenses to the Plaintiff's Complaint.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Produce any and all policies of insurance identified by your answers to Plaintiff's First Continuing Interrogatories to Defendant Sentry Select Insurance Company.

2.

Produce any and all documents identified by your answers to Plaintiff's First Continuing Interrogatories to Sentry Select Insurance Company.

3.

Provide copies of each piece of documentary or physical evidence which you might use or intend to use at the trial of this case. *(see Dikeman v. Mary A. Sterns* 253 Ga. App. 646 (2002) and USCR 7.2).

4.

Produce copies of all medical records, employment records and any other document relating to Plaintiff.

5.

Produce all documents, notes, memoranda and other writings of any kind relied upon to demonstrate and support facts relevant to this litigation.

6.

Produce any written or recorded statement of any witness or party in connection with the subject occurrence.

7.

Produce a copy of any transcript of the traffic court hearing or any other judicial or quasi- judicial hearing related to the accident giving rise to the present lawsuit.

8.

Produce any and all documents and tangible items, including but not limited to, reports, memoranda, papers, notes, studies, photographs, videotapes, graphs, charts, tabulations, analysis, summaries, data sheets, statistical or information accumulations, data processing cards or worksheets and computer-generated documents, including drafts or preliminary revisions or any of the above, prepared in connection with this litigation by or under the direction or supervision of any witness whom you expect to call as an expert witness at the trial of this matter.

9.

Produce any and all documents and printed reports of the results of any index search (such as, but not limited to, the BI index or ISO) regarding the plaintiff(s).

10.

Produce any and all medical records, hospital records, chiropractor records or any other health care provider records concerning the Plaintiff(s) in this matter.

This 6th day of June, 2023.

**WILLIAMS ELLEBY**

/s/ Jared Easter
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
M. Jared Easter
Georgia Bar No. 926899
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL    404/389-1035
FAX   770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com
jared@gatrialattorney.com

State Court of Fulton County
**E-FILED**
23EV003347
6/6/2023 11:57 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TORRION HOUSTON,                     )
                                     )
        Plaintiff,                   )
                                     )        CIVIL ACTION FILE
v.                                   )        NO. _____
                                     )
SENTRY SELECT INSURANCE              )
COMPANY, TRI STARS LOGISTICS         )
INC., and PATRICK DORLEAN            )
                                     )
        Defendants.                  )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT TRI STARS LOGISTICS, INC.

COMES NOW, Plaintiff, Torrion Houston, in the above-styled action, and hereby requests that this Defendant admit under oath the truth of the facts and the genuineness of the document hereinafter set forth within forty-five (45) days after service of this discovery request upon Defendant.

1.

This Defendant has been correctly named in the present cause insofar as the legal designation of its name is concerned.

2.

This Defendant has been properly served as a party Defendant in this case.

3.

Process is sufficient with regard to this Defendant in this case.

4.

Service of process is sufficient with regard to this Defendant in this case.

5.

Fulton County State Court has jurisdiction over the subject matter of this case.

6.

Fulton County State Court has personal jurisdiction over you as a party Defendant in this case.

7.

Venue is proper in Fulton County State Court.

8.

The collision referred to in Plaintiff's Complaint did, in fact, occur on March 15, 2022, at the location described in the Complaint.

9.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

Defendant Dorlean's acts of negligence were the proximate cause of the collision referred to in Plaintiff's Complaint.

11.

At the time of the collision referred to in Plaintiff's Complaint, Defendant Dorlean was employed by Defendant Tri Stars Logistics, Inc.

12.

At the time of the collision referred to in Plaintiff's Complaint, Defendant Dorlean was acting within the scope and agency of his employment for Defendant Tri Stars Logistics, Inc.

13.

Defendant Dorlean's acts of negligence were the proximate cause of the injuries sustained by Plaintiff Torrion Houston in the subject collision.

14.

At the time of the subject collision, there were no other occupants in Defendant Dorlean's vehicle.

15.

The collision complained of was not due, either in whole or in part, to any negligence on the part of Plaintiff Torrion Houston.

This 6th day of June, 2023.

**WILLIAMS ELLEBY**

/s/ Jared Easter
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
M. Jared Easter
Georgia Bar No. 926899
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL    404/389-1035
FAX    770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com
jared@gatrialattorney.com

- 3 -

State Court of Fulton County
**E-FILED**
23EV003347
6/6/2023 11:57 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TORRION HOUSTON,                          )
                                          )
    Plaintiff,                         )
                                          )        CIVIL ACTION FILE
v.                                        )        NO. _____
                                          )
SENTRY SELECT INSURANCE                   )
COMPANY, TRI STARS LOGISTICS              )
INC., and PATRICK DORLEAN                 )
                                          )
    Defendants.                        )

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO TRI STARS LOGISTICS, INC.

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendant, for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting on your behalf.

## INTERROGATORIES

1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor and trailer driven by Defendant Dorlean on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify the employer of Defendant Dorlean and the employment relationship between Tri Stars Logistics, Inc. and Defendant Dorlean on the date of the incident referred to in the Complaint.

3.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, copies of any lease, contract, or other agreement regarding the tractor-trailer driven by Defendant Dorlean on the day of the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, copies of the bill of sale, title, and any other documents relating to the ownership of the tractor-trailer driven by Defendant Dorlean on the date of the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, copies of the personnel file, employment contract, and any other documents regarding the employment status of Defendant Dorlean.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

State the point of origin, destination and reason for the trip being made by Defendant Dorlean at the time of the incident referred to in the Complaint.

7.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, a copy of work invoices, receipts, dispatch records, time cards and other documents showing any work performed by Defendant Dorlean for the day of the incident and the eight day period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

Was the Defendant's vehicle covered by liability insurance?  If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

9.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

10.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Plaintiffs at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, the policies of insurance identified in response to Interrogatory No. 8.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

11.

Do you contend that Plaintiff Torrion Houston caused or contributed to the collision in question?  If so, state with particularity each and every contention made in this regard.

12.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, any trip reports or dispatch records in regard to Defendant Dorlean for the day of the incident and for the two-week period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

13.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, a copy of all driver's logs or timecards for Defendant Dorlean for the six week period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, copies of all weight tickets, check stubs, fuel receipts, invoices, and other records for any expenses incurred by Defendant Dorlean for the six week period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the vehicle driven by Defendant Dorlean on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, copies of all maintenance records, repair invoices and work orders concerning the vehicle driven by Defendant Dorlean on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, a copy of Defendant Dorlean's driver's qualification file, including but not limited to:

(a)     Application for employment;

(b)     Copy of his license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his driving record;

(g)     Carrier's inquiry into his employment record;

(h)     Documents regarding carrier's annual review of his driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)     Certification of driver's road test;

(k)     Medical examiners certificate;

(l)     Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

(n)     Drug testing records; and

(o)     Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Dorlean? If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed; and

(d)     The results of the test.

19.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Dorlean. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

20.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant or kept by Defendant.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Dorlean.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

22.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, copies of all safety manuals, brochures, handouts, literature, or other written

documents pertaining to safety provided to drivers by Defendant or kept by Defendant.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

23.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

24.

State whether the vehicle involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM, GPS or device known by any other name which records information concerning the operation of the tractor-trailer involved in the subject collision.  If so, state which device(s) were being utilized in Defendant's vehicle at the time of the incident giving rise to Plaintiff's Complaint.

25.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the day of the incident and the six month period prior to the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Describe the vehicle operated by Defendant Dorlean at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features,

specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

27.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor-trailer driven by Defendant Dorlean on the date of the incident referred to in the complaint for the one year period preceding the incident and six month period after the incident.

28.

State the extent of any training provided to Defendant Dorlean by this Defendant or any outside agency since the date of Defendant Dorlean's application for employment or the date he began driving for this Defendant, whichever came first.

29.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, copies of any documents regarding any training received by Defendant Dorlean.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

30.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, any permits or licenses regarding the vehicle driven by Defendant Dorlean at the time of the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

31.

Please explain the nature of the employment relationship between this Defendant and Defendant Dorlean (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

32.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiffs at the offices Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, the payroll information concerning said driver for the six (6) months prior to and the two (2) months subsequent to said collision and his pay check for the time period covering the date of the collision.  (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.).  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

33.

Does this Defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employees?  If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

34.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Dorlean since the commencement of said driver's employment with this Defendant up and through the date of trial.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Please identify all automobile collisions and moving violations for Defendant Dorlean prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

36.

Please state Defendant Dorlean's date of birth, Social Security Number, driver's license number and state of issue.

37.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant Dorlean on the date of the incident.

38.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, copies of cellphone records for Defendant Dorlean showing incoming and

outgoing calls, texts and messages for the date of the incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

39.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

40.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

41.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, all such statements or reports referenced in Interrogatory 40.  In lieu thereof, you may attach copies to your answers to these interrogatories.

42.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or plaintiffs?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

43.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, all such videotapes, photographs, plats or drawings referenced in Interrogatory 42.  In lieu thereof, you may attach copies to your answers to these interrogatories.

44.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

45.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, any documents obtained through a request for production of documents or subpoena regarding the incident described in Plaintiff's Complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)    The date each document was generated;

(b)    The person generating each document;

(c)    The present custodian of each document;

(d)    A description of each document.

48.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by Defendant at the offices of Williams Elleby, 3450 Acworth Due West Road, Suite 610 Kennesaw, GA 30144, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

This 6th day of June, 2023.

**WILLIAMS ELLEBY**

/s/ Jared Easter
A. Joel Williams
Georgia Bar No. 365853
B. Chase Elleby
Georgia Bar No. 185666
M. Jared Easter
Georgia Bar No. 926899
Attorneys for Plaintiff

3450 Acworth Due West Road
Suite 610
Kennesaw, Georgia 30144
TEL    404/389-1035
FAX    770/693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com
jared@gatrialattorney.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV003347**
**6/30/2023 4:04 PM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TORRION HOUSTON,                           )
                                          )
    Plaintiff,                             )
                                          )         CIVIL ACTION FILE
v.                                         )         NO. 23EV003347
                                          )
SENTRY SELECT INSURANCE                    )
COMPANY, TRI STARS LOGISTICS               )
INC., and PATRICK DORLEAN                  )
                                          )
    Defendants.                            )

## <u>NOTICE OF FILING AFFIDAVIT OF SERVICE</u>

COMES NOW Plaintiff in the above-styled case, and files the original Affidavit of

Service served upon Defendant Patrick Dorlean attached hereto and incorporated herein.

The Clerk's docket should reflect that Defendant Dorlean's wife, Chey Dorlean, was

served at their home with a Summons, Complaint, and Discovery documents by Earl Thomas on

June 28, 2023.

This 30th day of June, 2023.

**WILLIAMS ELLEBY**

*/s/ M. Jared Easter*
A. Joel Williams
Georgia Bar Number 365853
B. Chase Elleby
Georgia Bar Number 185666
M. Jared Easter
Georgia Bar Number 926899
*Attorneys for Plaintiff*

3450 Acworth Due West Rd., Suite 610
Kennesaw, Georgia 30144
TEL    (404) 389-1035
FAX   (770) 693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com
jared@gatrialattorney.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TORRION HOUSTON,                                )
                                               )
    Plaintiff,                             )
                                               )          CIVIL ACTION FILE
v.                                             )          NO. 23EV003347
                                               )
SENTRY SELECT INSURANCE                        )
COMPANY, TRI STARS LOGISTICS                   )
INC., and PATRICK DORLEAN                      )
                                               )
    Defendants.                            )

## <u>CERTIFICATE OF SERVICE</u>

    This is to certify that I have this day served a true and correct copy of the foregoing ***NOTICE OF FILING AFFIDAVIT OF SERVICE*** with the Clerk of Court using the Odyssey E-File system and by depositing a copy in the United States Mail with adequate postage affixed to insure delivery, addressed as follows:

Patrick Dorlean
6203 Arlington Way
Fort Pierce, FL 34951

Tri Stars Logistics, Inc.
4862 Pleasant Valley Dr.
Columbus, OH 43220

Sentry Select Insurance Company
c/o CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

This 30th day of June, 2023

**WILLIAMS ELLEBY**

*/s/ M. Jared Easter*
Jared Easter
Georgia Bar Number 926899
Attorney for Plaintiff

State Court of Fulton County
**E-FILED**
23EV003347
6/30/2023 4:04 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

**TORRION HOUSTON**

     *Plaintiff(s) / Petitioner(s)*

v.

**SENTRY SELECT INSURANCE COMPANY, TRI STARS LOGISTICS INC., and PATRICK DORLEAN**

     *Defendant(s) / Respondent(s)*

Case No.: 23EV003347

## AFFIDAVIT OF SERVICE

I, Earl  Thomas, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents on Patrick Dorlean in St. Lucie County, FL on June 28, 2023 at 10:26 am at 6203 Arlington Way, FL 34951, Fort Pierce, FL 34951 by leaving the following documents at the usual place of abode of Patrick Dorlean with Chey Dorlean who is of suitable age and discretion and resides therein.

Plaintiff's First Request For Admissions To Defendant Tri Stars Logistics, Inc.
Plaintiff's Request For Admissions To Defendant Patrick Dorlean
Complaint
Plaintiff's Request For Admissions, Interrogatories, & Request For Production Of Documents To Defendant Sentry Select Insurance Company
Plaintiff's First Interrogatories And Request For Production Of Documents To Tri Stars Logistics, Inc.
Plaintiff's First Interrogatories To Defendant Patrick Dorlean
Summons
Plaintiff's First Request For Production Of Documents To Defendant Patrick Dorlean

Additional Description:
I delivered the documents to Chey Dorlean, Spouse, for and on behalf of Patrick Dorlean.

Black or African American Female, est. age 45, glasses: N, Black hair, 160 lbs to 180 lbs, 5' 3" to 5' 6".
Geolocation of Serve: https://google.com/maps?q=27.5358276367,-80.3864089307
Photograph: See Exhibit 1

Signature
Earl  Thomas
+1 (754) 234-1177

Subscribed and sworn to before
me this _29th_day of
_June_ , _2023_, by
_EARL Thomas_ .
Witness my hand and official
seal.



Notary Public

My commission expires:

Notary Public State of Florida
Leroy Masters
My Commission HH 093305
Expires 02/15/2025

# Exhibit 1

Exhibit 1a)



State Court of Fulton County
**E-FILED**
23EV003347
6/30/2023 4:04 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TORRION HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 23EV003347 |
| | ) | |
| SENTRY SELECT INSURANCE | ) | |
| COMPANY, TRI STARS LOGISTICS | ) | |
| INC., and PATRICK DORLEAN | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING AFFIDAVIT OF SERVICE

COMES NOW Plaintiff in the above-styled case, and files the original Affidavit of Service served upon Defendant Sentry Select Insurance Company attached hereto and incorporated herein.

The Clerk's docket should reflect that Defendant's registered agent, CT Corporation System, was served with a Summons, Complaint, and Discovery documents by Michelle Armstrong on June 8, 2023.

This 30th day of June, 2023.

**WILLIAMS ELLEBY**

*/s/ M. Jared Easter*
A. Joel Williams
Georgia Bar Number 365853
B. Chase Elleby
Georgia Bar Number 185666
M. Jared Easter
Georgia Bar Number 926899
*Attorneys for Plaintiff*

3450 Acworth Due West Rd., Suite 610
Kennesaw, Georgia 30144
TEL    (404) 389-1035
FAX    (770) 693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com
jared@gatrialattorney.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TORRION HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 23EV003347 |
| | ) | |
| SENTRY SELECT INSURANCE | ) | |
| COMPANY, TRI STARS LOGISTICS | ) | |
| INC., and PATRICK DORLEAN | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing ***NOTICE OF FILING AFFIDAVIT OF SERVICE*** with the Clerk of Court using the Odyssey E-File system and by depositing a copy in the United States Mail with adequate postage affixed to insure delivery, addressed as follows:

Patrick Dorlean
6203 Arlington Way
Fort Pierce, FL 34951

Tri Stars Logistics, Inc.
4862 Pleasant Valley Dr.
Columbus, OH 43220

Sentry Select Insurance Company
c/o CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

This 30th day of June, 2023

**WILLIAMS ELLEBY**

*/s/ M. Jared Easter*
Jared Easter
Georgia Bar Number 926899
Attorney for Plaintiff

State Court of Fulton County
**E-FILED**
23EV003347
6/30/2023 4:04 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

**TORRION HOUSTON,**

*Plaintiff(s) / Petitioner(s)*

v.

Case No.: 23EV003347

**SENTRY SELECT INSURANCE COMPANY, TRI STARS LOGISTICS INC., and PATRICK DORLEAN**

*Defendant(s) / Respondent(s)*

### AFFIDAVIT OF SERVICE

I, Michelle Armstrong, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents on Sentry Select Insurance Company in Gwinnett County, GA on June 8, 2023 at 2:11 pm at 289 S. Culver Street, Lawrenceville, GA 30046 by leaving the following documents with Jane Richardson who as Intake Clerk at CT CORPORATION SYSTEMis authorized by appointment or by law to receive service of process for Sentry Select Insurance Company.

PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT TRI STARS LOGISTICS, INC.
COMPLAINT
PLAINTIFF'S REQUEST FOR ADMISSIONS, INTERROGATORIES, & REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT SENTRY SELECT INSURANCE COMPANYISSIONS,
INTERROGATORIES, & REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
SENTRY SELECT INSURANCE COMPANYS
PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
TO TRI STARS LOGISTICS, INC.
PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT PATRICK DORLEAN
PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT PATRICK DORLEAN
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PATRICK
DORLEAN
SUMMONS

Additional Description:
I delivered the documents to Jane Richardson, Intake Clerk for Registered Agent CT CORPORATION
SYSTEM.

White Female, est. age 65, glasses: Y, Gray hair, 180 lbs to 200 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=33.9519042969,-83.9902243045

Photograph: See Exhibit 1

Signature
Michelle Armstrong
+1 (678) 447-4081

Subscribed and sworn to before
me this 9th day of
June, 2023, by
Dorianne Newkirk.
Witness my hand and official
seal.

Notary Public

My commission expires:
8/18/25

DORIANNE NEWKIRK
MY COMMISSION EXPIRES
NOTARY
PUBLIC
AUGUST 18, 2025
DEKALB COUNTY, GEORGIA

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV003347**
**6/30/2023 4:04 PM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TORRION HOUSTON,                    )
                                    )
    Plaintiff,                      )
                                    )        CIVIL ACTION FILE
v.                                  )        NO. 23EV003347
                                    )
SENTRY SELECT INSURANCE             )
COMPANY, TRI STARS LOGISTICS        )
INC., and PATRICK DORLEAN           )
                                    )
    Defendants.                     )

## NOTICE OF FILING AFFIDAVIT OF SERVICE

COMES NOW Plaintiff in the above-styled case, and files the original Affidavit of

Service served upon Defendant Tri Stars Logistics, Inc. attached hereto and incorporated herein.

The Clerk's docket should reflect that Defendant Tri Stars Logistics, Inc. was served with

a Summons, Complaint, Plaintiff's First Request for Admissions to Defendant Tri Stars, and

Plaintiff's First Interrogatories and Request for Production of Documents to Defendant Tri Stars

by Ashly Galownia on June 13, 2023.

This 30th day of June, 2023.

                                                **WILLIAMS ELLEBY**

                                                */s/ M. Jared Easter*
                                                A. Joel Williams
                                                Georgia Bar Number 365853
                                                B. Chase Elleby
                                                Georgia Bar Number 185666
                                                M. Jared Easter
                                                Georgia Bar Number 926899
                                                *Attorneys for Plaintiff*

3450 Acworth Due West Rd., Suite 610
Kennesaw, Georgia 30144
TEL    (404) 389-1035
FAX    (770) 693-4415
joel@gatrialattorney.com
chase@gatrialattorney.com
jared@gatrialattorney.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TORRION HOUSTON,                          )
                                          )
    Plaintiff,                        )
                                          )       CIVIL ACTION FILE
v.                                        )       NO. 23EV003347
                                          )
SENTRY SELECT INSURANCE                   )
COMPANY, TRI STARS LOGISTICS              )
INC., and PATRICK DORLEAN                 )
                                          )
    Defendants.                       )

## CERTIFICATE OF SERVICE

    This is to certify that I have this day served a true and correct copy of the foregoing ***NOTICE OF FILING AFFIDAVIT OF SERVICE*** with the Clerk of Court using the Odyssey E-File system and by depositing a copy in the United States Mail with adequate postage affixed to insure delivery, addressed as follows:

Patrick Dorlean
6203 Arlington Way
Fort Pierce, FL 34951

Tri Stars Logistics, Inc.
4862 Pleasant Valley Dr.
Columbus, OH 43220

Sentry Select Insurance Company
c/o CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

This 30th day of June, 2023

                         **WILLIAMS ELLEBY**

                         */s/ M. Jared Easter*
                         Jared Easter
                         Georgia Bar Number 926899
                         Attorney for Plaintiff

State Court of Fulton County
**E-FILED**
23EV003347
6/30/2023 4:04 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**TORRION HOUSTON**

*Plaintiff(s) / Petitioner(s)*

v.

**SENTRY SELECT INSURANCE COMPANY, TRI STARS LOGISTICS INC., and PATRICK DORLEAN**

*Defendant(s) / Respondent(s)*

Case No.: 23EV003347

### AFFIDAVIT OF SERVICE

I, Ashly Galownia, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents on Tri Stars Logistics, Inc. in Franklin County, OH on June 13, 2023 at 11:05 am at 4862 Pleasant Valley Dr, Columbus, OH 43220 by leaving the following documents with Jack Crowe who as Officer is authorized by appointment or by law to receive service of process for Tri Stars Logistics, Inc. .

SUMMONS
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT TRI STARS LOGISTICS, INC.
COMPLAINT
PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO TRI STARS LOGISTICS, INC.

Additional Description:
I delivered the documents to Jack Crowe, Officer authorized to accept the documents for Tri Stars Logistics, Inc.

Middle Eastern Male, est. age 75, glasses: N, Gray hair, 220 lbs to 240 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=40.054901123,-83.0822765625
Photograph: See Exhibit 1

_____
Signature
Ashly Galownia
+1 (614) 563-0668

Subscribed and sworn to before
me this _13_ day of
___J---___, 20 23, by
___Ashly Galownia___.
Witness my hand and official
seal.

_____
Notary Public

My commission expires:
_9/6/16_



**Christopher Galownia**
Notary Public, State of Ohio
My Commission Expires 09-06-2026

# Exhibit 1

Exhibit 1a)



State Court of Fulton County
**E-FILED**
23EV003347
7/10/2023 6:49 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

TORRION HOUSTON,

      Plaintiff,

v.

SENTRY SELECT INSURANCE COMPANY,
TRI STARS LOGISTICS, INC., AND
PATRICK DORLEAN,

      Defendants.

CIVIL ACTION
FILE NO.: 23EV003347

## SPECIAL APPEARANCE ANSWER AND DEFENSES OF DEFENDANT SENTRY SELECT INSURANCE COMPANY

COMES NOW, Defendant SENTRY SELECT INSURANCE COMPANY ("Sentry" or "Defendant"), and without waiving any defenses as to venue, process or service of process, and without consenting to be sued in or otherwise availing itself of this forum, hereby enters this Special Appearance by Way of Answer and in response to Plaintiff Torrion Houston's ("Plaintiff") Complaint ("Complaint") shows the Court as follows:

## PRELIMINARY STATEMENT

The discovery process, including depositions of parties and witnesses, has not occurred, and Defendant reserves the right to amend these responses hereto and add or delete affirmative defenses based upon facts to be determined in the discovery process.

## FIRST DEFENSE

Pending further investigation and discovery, this Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

## SECOND DEFENSE

The Plaintiff's Complaint as to this Defendant, in whole and with respect to the individual counts, fails to state a claim upon which relief can be granted and should be dismissed.

### THIRD DEFENSE

Defendant Sentry is not liable to Plaintiff because this Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to the Complaint.

### FOURTH DEFENSE

Venue and jurisdiction are not proper in this Court as to this Defendant.

### FIFTH DEFENSE

Pending further investigation and discovery, the accident giving rise to Plaintiff's Complaint was caused by the acts or omissions of persons or entities other than the named Defendants.

### SIXTH DEFENSE

Defendant Sentry shows that the alleged damages of the Plaintiff were caused by the contributory and comparative negligence of the Plaintiff, and therefore Plaintiff's recovery is barred or should be reduced by the proportion of her negligence.

### SEVENTH DEFENSE

To the extent as may be shown by the evidence through discovery, this Defendant asserts the defenses of contributory negligence, comparative negligence, assumption of the risk, fraud, illegality, laches, waiver, failure to avoid consequences, failure to exercise ordinary care, and failure to mitigate damages.

### EIGHTH DEFENSE

Defendant Sentry reserves the right to plead and prove such other defenses as may become known to it during the course of its investigation and discovery.

### NINTH DEFENSE

Pending further investigation and discovery, this Defendant shows that no act or omission on its part was the proximate cause of some or all of the injuries and damages alleged by Plaintiff.

## TENTH DEFENSE

Defendant Sentry raises all affirmative defenses available to it under the Georgia Direct Action Statutes and shows pursuant to applicable case law that it is a mere surety, not a joint tortfeasor. See, e.g., Jackson v. Sluder, 256 Ga. App. 812, 817, 569 S.E.2d 893, 897 (2002). Defendant Sentry also raises and asserts all applicable provisions of the Georgia Constitution, including provisions relating to venue and vanishing venue. Defendant Sentry shows that it is a foreign insurance company with a principal office address in the State of Wisconsin and that its registered agent in the State of Georgia is a resident of and domiciled in Gwinnett County, and hereby preserves all applicable venue defenses under O.C.G.A. § 14-2-510, as well as the Coastal Transp., Inc. v. Tillery, 270 Ga. App. 135, 139, 605 S.E.2d 865, 868 (2004) case line.

## ELEVENTH DEFENSE

This Defendant asserts that Plaintiff's claim for attorney's fees should be denied as to this Defendant as said Defendant has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense.

## TWELFTH DEFENSE

Plaintiff's Complaint fails to plead special damages with particularity, as required by O.C.G.A. § 9-11-9(g).

## THIRTEENTH DEFENSE

For a Thirteenth Defense, Defendant Sentry responds to the numbered paragraphs of Plaintiff's Complaint as follows:

1.

In response to Paragraph 1 of Plaintiff's Complaint, this Defendant states that it is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

2.

In response to Paragraph 2 of Plaintiff's Complaint, this Defendant admits Sentry Select Insurance Company is a foreign insurance company with its principal place of business located in the State of Wisconsin, that it is authorized to transact business in the State of Georgia, and that its registered agent is C T Corporation System located at 289 S. Culver Street, Lawrenceville, Georgia in Gwinnett County. Except as expressly admitted herein, this Defendant denies the remaining allegations set forth by Plaintiff.

3.

In response to Paragraph 3 of Plaintiff's Complaint, admits the allegations set forth therein as to this Defendant.

4.

In response to Paragraph 4 of Plaintiff's Complaint, this Defendant admits that the laws of the State of Georgia apply to this matter. Except as expressly admitted herein, this Defendant denies the remaining allegations set forth by Plaintiff.

5.

In response to Paragraph 5 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

6.

In response to Paragraph 6 of Plaintiff's Complaint, this Defendant states that it issued a policy of insurance to Defendant Tri Stars Logistics, Inc., which was in force at the time of the subject accident. Except as expressly admitted herein, this Defendant denies the remaining allegations set forth by Plaintiff.

7.

In response to Paragraph 7 of Plaintiff's Complaint, this Defendant admits that the laws of the State of Georgia apply to this matter. Except as expressly admitted herein, this Defendant denies the remaining allegations set forth by Plaintiff.

8.

In response to Paragraph 8 of Plaintiff's Complaint, this Defendant states that the laws of the State of Georgia apply to this matter and that it issued a policy of insurance to Defendant Tri Stars Logistics, Inc., which was in force at the time of the subject accident. Except as expressly admitted herein, this Defendant denies the remaining allegations set forth by Plaintiff.

9.

In response to Paragraph 9 of Plaintiff's Complaint, this Defendant admits that Defendant Tri Stars Logistics, Inc. is not a Georgia corporation. Except as expressly admitted herein, this Defendants states that it is without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and therefore denies such allegations.

10.

In response to Paragraph 10 of Plaintiff's Complaint, this Defendant states that it is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

11.

In response to Paragraph 11 of Plaintiff's Complaint, this Defendant states that it is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

12.

In response to Paragraph 12 of Plaintiff's Complaint, this Defendant states that it is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

13.

In response to Paragraph 13 of Plaintiff's Complaint, this Defendant admits that Defendant Patrick Dorlean is not a citizen of the State of Georgia. Except as expressly admitted herein, this Defendant states that it is without sufficient information to form a belief as to the truth of the remaining allegations set forth therein and therefore denies such allegations.

14.

In response to Paragraph 14 of Plaintiff's Complaint, this Defendant states that it is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

15.

In response to Paragraph 15 of Plaintiff's Complaint, this Defendant states that it is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

16.

In response to Paragraph 16 of Plaintiff's Complaint, this Defendant states that it is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

17.

In response to Paragraph 17 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

18.

In response to Paragraph 18 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

19.

In response to Paragraph 19 of Plaintiff's Complaint, this Defendant states that it is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

20.

In response to Paragraph 20 of Plaintiff's Complaint, this Defendant states that it is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

21.

In response to Paragraph 21 of Plaintiff's Complaint, this Defendant states that it is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

22.

In response to Paragraph 22 of Plaintiff's Complaint, this Defendant states that it is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

23.

In response to Paragraph 23 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

24.

In response to Paragraph 24 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

25.

In response to Paragraph 25 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

26.

In response to Paragraph 26 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

27.

In response to Paragraph 27 of Plaintiff's Complaint, this Defendant states that it is without sufficient information to form a belief as to the truth of the allegations set forth therein and therefore denies such allegations.

28.

In response to Paragraph 28 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

29.

In response to Paragraph 29 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

30.

In response to Paragraph 30 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

31.

In response to Paragraph 31 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

32.

In response to Paragraph 32 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

33.

In response to Paragraph 33 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

34.

In response to Paragraph 34 of Plaintiff's Complaint, this Defendant states that the laws of the State of Georgia apply to this matter and that it issued a policy of insurance to Defendant Tri Stars Logistics, Inc., which was in force at the time of the subject accident. Except as expressly admitted herein, this Defendant denies the remaining allegations set forth by Plaintiff.

35.

In response to Paragraph 35 of Plaintiff's Complaint, this Defendant states that the laws of the State of Georgia apply to this matter and that it issued a policy of insurance to Defendant Tri

Stars Logistics, Inc., which was in force at the time of the subject accident. Except as expressly admitted herein, this Defendant denies the remaining allegations set forth by Plaintiff.

36.

In response to Paragraph 36 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

37.

In response to Paragraph 37 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein. By way of further response, this Defendant denies that any of the Defendants named in this lawsuit bear any fault to Plaintiff for the subject as alleged in the Complaint.

38.

In response to Paragraph 38 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

39.

In response to Paragraph 39 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

40.

In response to Paragraph 40 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

41.

In response to Paragraph 41 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

42.

In response to Paragraph 42 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

43.

In response to Paragraph 43 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein, including each allegation set forth in sub-parts a) through i).

44.

In response to Paragraph 44 of Plaintiff's Complaint, this Defendant denies the allegations set forth therein.

## **FOURTEENTH DEFENSE**

All allegations in the Complaint not specifically admitted or denied hereinabove are now generally denied by this Defendant. In response to the allegations contained in the unnumbered "WHEREFORE" paragraph of Plaintiff's Complaint, including each subpart, Defendant denies that Plaintiff is entitled to the relief requested.

WHEREFORE, having responded to the Complaint, Defendant prays to the Court as follows:

(1)     That all issues of fact not resolved as a matter of law be tried by a jury of twelve (12);

(2)     That the Court find that this Defendant is not liable for the damages or loss as alleged in Plaintiff's Complaint;

(3)     That all costs associated with the action be taxed against Plaintiff to include a

reasonable fee for this Defendant's attorneys; and

(4)     For such and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of July 2023.

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Andrew E. Feske*
SCOTT W. MCMICKLE
Georgia Bar No. 497779
ANDREW E. FESKE
Georgia Bar No. 103245
**Attorneys for Special Appearing Defendant**
**Sentry Select Insurance Company**

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone:     (678) 824-7800
Facsimile:     (678) 824-7801
swm@mkblawfirm.com
afeske@mkblawfirm.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing **SPECIAL APPEARANCE ANSWER AND DEFENSES OF DEFENDANT SENTRY SELECT INSURANCE COMPANY** with the Clerk of the Court using the Odyssey e-Filing system, which will automatically send a notification attaching same thereon to the following counsel of record:

M. Jared Easter, Esq.
A. Joel Williams, Esq.
Chase Elleby, Esq.
WILLIAMS ELLEBY
3450 Acworth Due West Road, Suite 610
Kennesaw, GA 30144
***Attorneys for Plaintiff***

This 10th day of July 2023.

/s/ Andrew E. Feske
ANDREW E. FESKE
For the Firm

-13-

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV003347**
**7/24/2023 6:01 PM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| TORRION HOUSTON | |
| Plaintiff, | CIVIL ACTION |
| | FILE NO.: 23EV003347 |
| v. | |
| SENTRY SELECT INSURANCE COMPANY, TRI STARS LOGISTICS, INC., AND PATRICK DORLEAN | |
| Defendants. | |

## CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Rule 5.2 of the Georgia Uniform State Court Rules, this is to certify that I have on this day served a true and correct copy of the foregoing **Special-Appearing Defendant Sentry Select Insurance Company's Responses to Plaintiff's First Request for Admission, Interrogatories and Request for Production of Documents** via Statutory Electronic Service to the following counsel of record:

M. Jared Easter, Esq.
A. Joel Williams, Esq.
Chase Elleby, Esq.
WILLIAMS ELLEBY
3450 Acworth Due West Road, Suite 610
Kennesaw, GA 30144
jared@gatrialattorney.com | joel@gatrialattorney.com | chase@gatrialattorney.com
***Counsel for Plaintiff***

This 24th day of July, 2023.

MCMICKLE, KUREY & BRANCH, LLP

/s/ Andrew E. Feske

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone:    (678) 824-7800
Facsimile:    (678) 824-7801
swm@mkblawfirm.com
afeske@mkblawfirm.com

SCOTT W. MCMICKLE
Georgia Bar No. 497779
ANDREW E. FESKE
Georgia Bar No. 103245
***Attorneys for Defendants***