# Exhibit D



# WILLIAMS | ELLEBY

*Personal Injury and Wrongful Death Attorneys*

February 28, 2023

**Via Certified Mail**
**Return Receipt Requested**
Tracking # 7022 3330 0000 8548 2166
Sentry Insurance
Attn: Kayla Martin
P.O. Box 8026
Stevens Point, WI

|       |                |                          |
|-------|----------------|--------------------------|
| Re:   | My Client:     | **Torrion Houston**      |
|       | Insurer:       | **Sentry Insurance**     |
|       | Insured:       | **Tri Stars Logistics, Inc.** |
|       | At Fault Driver: | **Patrick Dorlean**    |
|       | Claim Number:  | **61A221624-956**        |
|       | DOL:           | **03/15/2022**           |

Dear Ms. Martin:

Please accept this correspondence as my client's time limited settlement demand in the above referenced incident. As with any offer of compromise, this correspondence may not be used for any purpose other than to enforce a settlement agreement or prosecute a bad faith action. I have enclosed all necessary documentation and information to allow you to fairly and expeditiously resolve this matter in your insured's best interest.

Pursuant to O.C.G.A. § 9-11-67.1 and the common law, we are providing to you a reasonable opportunity to promptly settle substantial claims against your insured for an amount within policy limits. By timely accepting this offer, you will protect your insured from the following: protracted litigation (not including that which may be necessary to make other insurance claims); the time and expense of attending depositions, participating in discovery and attending trial; the emotional cost attendant to reliving the collision and the harm caused to others by your insured's negligence; litigation costs and attorneys' fees; and other losses typically caused by a failure to timely settle claims.

The settlement terms are as follows: Pursuant to O.C.G.A. § 9-11-67.1(f), payment may be made by (1) Cash; (2) Money order; (3) Wire Transfer; (4) A cashier's check issued by a bank or other financial institution; (5) A draft or bank check issued by an insurance company; or (6) Electronic funds transfer or other method of electronic payment. If payment is made by check, the check should be made payable to "Joel Williams Law, LLC in trust for Torrion Houston" in

the amount of $250,000.00 within twelve (12) days after your written acceptance of this offer to settle, representing the remaining policy limits of your insured in consideration for the execution of a general liability release. Mr. Houston will not accept any form of payment with any additional payees included. This includes potential lienholders because she will be providing indemnity for Sentry and its insured. Further, it is illegal for a defendant or liability insurance carrier to include any insurer seeking reimbursement as a co-payee on any check or draft in payment of a settlement of judgement. *See* O.C.G.A. § 33-24-56.1(e). Mr. Houston will resolve any and all legally enforceable liens and valid claims for reimbursement. Mr. Houston will not indemnify for any unrelated claims or liens that are unenforceable.

Your acceptance of this offer must be in writing to me within the thirty (30) day time frame. You may accept the offer by writing to me by mail, fax (770) 693-4415, or email (jared@gatrialattorney.com). I must receive the written acceptance before thirty (30) days expires in order for your acceptance to be valid. This demand shall remain open for thirty (30) days from the time you receive this offer, the limited amount of time allowed under Georgia law. **Time is of the essence for each and every condition.**

## LIABILITY

On March 15, 2022, Mr. Houston was traveling eastbound on Interstate 20. As he approached the exit to Interstate 75, he came upon a number of cars who had been in an accident. Mr. Houston pulled over to the side of the road intending to aid the other motorists. After Mr. Houston had safely stopped on the shoulder and was about to exit his vehicle, Mr. Dorlean, failing to keep a proper lookout violently slammed into the rear of Mr. Houston's vehicle, pushing the Jeep into the guardrail.

Mr. Dorlean's negligence included, but is not limited to, distracted driving, driving too fast for conditions, failing to maintain his vehicle under proper control, negligently failing to keep a proper lookout, and any other acts of negligence that may be uncovered during discovery and proven at trial if we are unable to reach a pre-suit settlement agreement.

I have attached the Georgia Motor Vehicle Crash Report as Exhibit 1 and photographs of Mr. Houston's vehicle as Exhibit 2.

## DAMAGES

I have enclosed as Exhibits 3 and 4, respectively, Mr. Houston's medical records and bills incurred as a result of this collision.

Immediately following the wreck, Mr. Houston was in shock, having just been involved in a multiple vehicle collision. Emergency Medical Technicians examined him at the scene and transported him to Grady Memorial Hospital. Upon arriving at the emergency department physicians performed a comprehensive examination to fully assess his complaints of pain in his neck, back, left shoulder and right knee. Diagnostic radiology was utilized to rule out any acute fractures in his left shoulder and right knee or traumatic injuries to his neck and spinal cord

region. He was prescribed a pain reliever and a muscle relaxer and discharged from the emergency department and instructed to seek follow-up care.

On March 21, 2022, Mr. Houston turned to Dr. Stephanie Martin with Performance Orthopaedics and Sports Medicine for follow-up care. The pain and swelling in Mr. Houston's knee intensified, requiring the use of crutches to ambulate. This was further complicated by the pain in his left shoulder and his lower back. Dr. Martin conducted a thorough examination and noted the painful limited range of motion in his cervical spine. Additionally, he had notable tenderness on palpation of the right paraspinal musculature in his neck. Dr. Martin also noted that his bilateral lumbar paraspinal musculature was tender to palpation as well and he had limited range of motion in his right knee as well as visible joint effusion. Dr. Martin diagnosed him with a right knee contusion, left shoulder contusion and vertebrogenic low back pain. She recommended physical and/or occupational therapy, the use of NSAIDs, rest and the application of ice to the affected areas as well as an MRI of his right knee.

Two weeks following the wreck, Mr. Houston was concerned about his ongoing increased pain and, with the encouragement of his family, decided to seek a second opinion. On March 29, 2022, Mr. Houston was seen by Dr. Scott Barbour with Barbour Orthopaedics. Dr. Barbour examined him and performed his own X-rays to rule out any fractures. He diagnosed him with a left shoulder sprain/contusion with signs and symptoms consistent with a rotator cuff injury, a lumbar spine sprain/strain consistent with myofascial pain/spasm. As well as a right knee sprain. Dr. Barbour ordered MRI's of his left shoulder to evaluate the soft tissues for any acute rotator cuff injuries. He ordered an MRI of his lumbar spine to evaluate this region of his spine for any discogenic pathology and ordered an MRI of his right knee to further evaluate the soft tissues and rule out a traumatic meniscal tear. Dr. Barbour provided Mr. Houston with a knee brace, instructed him on the use of an at home electrical muscle stimulator device (EMS), and prescribed him a muscle relaxer, a topical pain cream, and steroid pack.

Mr. Houston's MRIs were performed at American Health Imaging on April 16, 2022. His right knee MRI revealed joint effusion, a localized chondral defect involving the posterior weightbearing aspect off the lateral femoral condyle and inflammation within the infrapatellar fat pad adjacent to the patella, consistent with a soft tissue contusion. A strain of the proximal popliteus tendon and traumatic diffuse tenosynovitis (inflammation of the synovial membrane that surrounds the tendons in the knee). In addition to the right knee MRI, Mr. Houston's left shoulder MRI revealed an abnormal signal within portions of the supraspinatus and subscapularis tendons consistent with tendon contusions or tendon strains and inflammation of the acromioclavicular joint as well as glenohumeral joint effusion. His lumbar MRI revealed an L5-S1 disc bulge contacting the L5 nerve root.

On April 21, 2022, Mr. Houston returned to Dr. Barbour for his MRI follow-up. Dr. Barbour explained the findings in the MRI and recommended corticosteroid injections for his left shoulder and his right knee. Alternatively, he recommended a PRP (platelet-rich plasma) injection for his right knee pain. However, Mr. Houston preferred to maintain a more conservative method of treatment at this time and opted for his alternative recommendation of physical therapy, the continued use of his EMS device and pain medication and muscle relaxers as needed.

Mr. Houston began physical therapy at Team Rehabilitation on May 13, 2022. He attended thirteen (13) sessions of physical therapy from his first date of therapy through July 19, 2022. His treatment included manual therapy, therapeutic exercise, neuromuscular re-education and therapeutic modalities. He continued to follow-up with Dr. Barbour and began considering whether to move forward with the PRP injection for his knee pain.

On November 3, 2022, after months of failed conservative treatment, Mr. Houston was still suffering from right knee pain. Therefore, he agreed to proceed with the recommended PRP injection. The injection was performed by Dr. Barbour and Mr. Houston was instructed to give it time to determine the success of the procedure in terms of his pain relief and follow-up as needed.

Mr. Houston continues to participate in a home exercise and stretching program. To date, Mr. Houston's past medical bills are no less than the following:

| | | |
|---|---|---|
| Grady EMS: | $ | 1,806.50 |
| Grady Memorial Hospital: | $ | 20,213.00 |
| Emory Medical Care Foundation: | $ | 590.00 |
| Performance Othopaedics and Sports Medicine: | $ | 2,640.66 |
| Barbour Orthopaedics: | $ | 13,330.44 |
| American Health Imaging: | $ | 6,820.00 |
| Advanced Rx Management: | $ | 174.40 |
| Team Rehabilitation: | $ | 7,385.00 |
| **TOTAL:** | **$** | **52,960.00** |

## LOST WAGES

Mr. Houston works in the movie industry. He is a certified forklift operator who works as a grip on movie sets. This job requires long hours and immense physical activity. Mr. Torrion's job duties included moving heavy objects around a set and working on his feet constantly. As a result of this crash and related injuries, Mr. Houston was unable to perform his job tasks and was forced to miss nineteen weeks of work while he recovered from his injuries. During this time Mr. Houston lost approximately $66,620 in wages. I have attached as Exhibit 5 a payment ledger showing every payment Mr. Houston received in 2022. Since Mr. Houston's wages vary from week to week, I calculated his average weekly pay to be $3,506. I then multiplied this number by nineteen weeks to get the total lost wages of $66,620.

## DEMAND

Pursuant to O.C.G.A. § 9-11-67.1 and the common law, we are providing this reasonable opportunity to settle claims against your insured under the terms below as well as those terms set forth in a general liability release. Please note that some of the material terms are conditions of acceptance and not conditions of performance. If you fail to timely perform a condition of acceptance, there will be no settlement agreement and we will be forced to file a lawsuit against

your insured.  **Time is of the essence for each and every condition.**

(1) You have 30 days from your receipt of this offer to provide to us a written statement pursuant to O.C.G.A. § 9-11-67.1(b) as to whether you agree to all of the terms of this offer.

(2) The amount of monetary payment demanded is **$600,000.00**.  If you choose to make the payment in a method other than cash, the payment must be made payable to Joel Williams Law, LLC in trust for Torrion Houston. The monetary payment must be received by the undersigned no later than twelve (12) days after you provide a written statement of agreement.  **Our timely receipt of payment is an essential element of acceptance.**  If you do not ensure that we receive timely payment, within the deadline, there will be no settlement, and we will be forced to file a lawsuit against your insured.

(3) The party or parties to be released if this offer is accepted will be those released in accordance with the terms of a General Liability Release.

(4) The type of release offered is a General Liability Release.

(5) The claims to be released are all claims against releasees for personal injuries sustained by Mr. Houston in the March 15, 2022, motor vehicle wreck.

If you do not timely fulfill all conditions of acceptance, this offer will be deemed rejected, and we will file a lawsuit against your insured to recover the total amount of losses caused by your insured instead of the limited amount afforded by your coverage and other coverage that may be available.

## DEMAND PURSUANT TO O.C.G.A. § 51-12-14

This demand is additionally made pursuant to O.C.G.A. § 51-12-14, *Southern General v. Holt*, 200 Ga. App. 757 (1991), and *Brightman v. Cotton States*, 276 Ga. 683 (2003).  However, in order to harmonize the terms of O.C.G.A. § 51-12-14 with the terms of O.C.G.A. § 9-11-67.1, the time period for you to pay the amount demanded shall be the longer period contained in O.C.G.A. § 9-11-67.1 as set forth in this demand.  If you fail to accept this demand and timely pay the amount demanded, this demand is automatically withdrawn, and we will seek interest against your insured on the amount demand.

Finally, in order to expedite settlement, I have attached as Exhibit 6 a copy of our firm's W9.  **Please note that the settlement funds should be delivered to our law firm at 3450 Acworth Due West Road, Suite 610, Kennesaw, GA 30144.**

We have conveyed this offer of compromise in good faith and trust you will evaluate it in good faith.  Thank you for your attention to this matter and I look forward to hearing from you soon.

(signature on following page)

Sincerely,

M. Jared Easter, Esq.

MJE/jw
Encls.

3450 Acworth Due West Rd • Suite 610 • Kennesaw, Georgia 30144
404.389.1035 • fax 770.693.4415 • www.gatrialattorney.com • jared@gatrialattorney.com