**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Daniela Marquez-Fields, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| CreditOne, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.    Plaintiff, Daniela Marquez-Fields, is a natural person who resides in Gwinnett County, Georgia.

2.    Defendant, CreditOne, LLC, is a foreign limited liability corporation that is registered to do business in Georgia.  Defendant may be served with process

via its registered agent, CT Corporation System at 289 S. Culver St, Lawrenceville, Georgia 30046.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Gwinnett County, Georgia.

## FACTUAL ALLEGATIONS

7.      Plaintiff is allegedly obligated to pay a consumer debt arising out of the deficiency on a contract for the purchase of an automobile used by the Plaintiff. The Plaintiff is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant is a collection agency specializing in the collection of consumer debt.

9.     Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10.     Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11.     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.     In October, the Plaintiff obtained a copy of her credit report as published by the three major credit reporting bureaus - TransUnion, Experian, and Equifax.  In reviewing those reports, the Plaintiff noted an account in collection as reported by the Defendant in the amount of $3,103.00.

13.     Plaintiff was not familiar with this account and on October 13, 2022, she contacted the Defendant at the number listed in the tradeline in an effort to obtain additional information. At that time, she was connected with an individual identifying themselves as a representative of the Defendant.

14.     After verifying the Plaintiff's identity, the Defendant confirmed that it was collecting a debt arising out of the repossession and sale of a vehicle, and that the balance owed was $3,103.00.

15.     The Plaintiff voluntarily surrendered the vehicle at issue to the original finance company with the understanding that it would not seek a deficiency. Plaintiff advised Defendant of this fact.

16.     Defendant is seeking to collect from the Plaintiff a deficiency balance following the repossession and sale of a motor vehicle.

17.     Georgia law requires a creditor who would seek a deficiency following the repossession and sale of a vehicle to perform specific conditions-precedent including the issuance of a statutorily mandated writing to the Debtor within 10 days of a repossession. This writing is commonly referred to as a "Notice of Intent to Sell". See, O.C.G.A, § 10-1-36.

18.     A creditor's failure to comply with the requirements of the Georgia statute as they relate to the production and delivery of this writing is an absolute bar to the recovery of any deficiency. *Bryant Int'l, Inc. v. Crane,* 188 Ga. App. 736, 374 S.E.2d 228 (1988).

19.     The Plaintiff did not receive an Intent to Sell letter as described in O.C.G. A. § 10-1-36.

20.     Plaintiff believes and therefore avers that neither the Defendant nor the creditor at time of repossession complied with O.C.G.A. § 10-1-36.

21.     Accordingly, both the creditor for whom it is collecting and the Defendant are precluded from seeking any such recovery as a matter of law.

22.     At all times relevant to this action, Defendant knew or should have known that the requirements of O.C.G.A. § 10-1-36 had not been met and that it was unlawfully attempting to collect an unenforceable claim.

23.     Defendant has falsely communicated and represented to Plaintiff and various credit reporting agencies that Plaintiff is legally obligated to pay the amount it seeks.

24.     Defendant's communications to credit reporting agencies were in connection with the debt it sought to collect.

25.     Defendant's false reporting was published to numerous third parties by the credit reporting agencies in keeping with their respective business models.

## INJURIES-IN-FACT AND DAMAGES

26.     The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*,

654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

27.     An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

28.     Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

29.     As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, and unfair debt collection practices;

b.)     Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

c.)     Defendant's false and misleading communications to leading credit reporting bureaus were akin to defamation of the Plaintiff resulting in subscribers to the credit reporting services receiving a false impression of Plaintiff's credit worthiness and debt-to-income ratio;

d.)    Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

e.)    Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper and worry caused by concern that Defendant was engaging in false credit reporting. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

30.    Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

***Violations of 15 U.SC. § 1692e and its subparts***

31.    15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

32.    The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

33.     "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

34.     "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

35.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l*

*Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

36.    A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

37.    There is no debt, as a matter of law, by virtue of the Defendant's principal having failed to comply with the mandates of O.C.G.A. § 10-1-36.

38.    Thus, each and every contrary representation made by Defendant is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

39.    Defendant's representations to various credit reporting agencies that Plaintiff was obligated to pay the debt it was collecting was a violation of 15 U.S.C. §§ 1692e(8).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

40.    Plaintiff incorporates by reference paragraphs 1 through 39 as though fully stated herein.

41.    O.C.G.A. § 10-1-390 et. seq. is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

42.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

43.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

44.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

45.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

46.     Defendant's conduct has implications for the consuming public in general.

47.     Defendant's conduct negatively impacts the consumer marketplace.

48.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

49.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

50.    As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

51.    As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

52.    Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

53.    Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)    Plaintiff's actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and;

b.)    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)    General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

d.)    Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. § 10-1-399(d);

e)      Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

f)      Such other and further relief as may be just and proper.

Respectfully submitted this 27th day of July, 2023.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*