**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| JESSICA MERRILL,<br><br>    Plaintiff,<br><br>v.<br><br><br>CITIBANK N.A.; EQUIFAX INFORMATION SERVICES LLC,<br><br>    Defendants. | Case No.:<br><br>**Complaint for Damages:**<br>     **Violation of Fair Credit**<br>     **Reporting Act** |

Plaintiff, Jessica Merrill, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.    INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.    PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant, Citibank N.A. ("Citibank") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Georgia.

4. At all times pertinent hereto, Defendant Citibank is a "person" as that term is defined in 15 U.S.C. §1681a(b), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

5. Defendant Citibank was at all relevant times engaged in the business of

1. attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

2. 6.  Defendants Citibank is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

3. 7.  Defendant Equifax Information Services LLC is a corporation existing under the laws of Georgia, with North American Headquarters in Atlanta, GA.

4. 8.  Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Georgia.

5. 9.  Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Georgia.

6. 10. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

7. 11. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

8. 12. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.   JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p, 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### IV.   FACTUAL ALLEGATIONS

15. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Citibank and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

16. Experian, Equifax and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

17. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

18. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

19. Plaintiff discovered the Citibank Account last four -5019 and an address in Texas on her Equifax consumer report in error (the "Account").

20. The Account and address in Texas do not belong to the Plaintiff.

21. Plaintiff completed an FTC Identity Theft Report on May 2, 2023, under penalty of perjury, reporting the fraudulent information associated with the Account and address for investigation and prosecution.

22. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates credit utilization.

### PLAINTIFF'S WRITTEN DISPUTE

23. On or about May 2, 2023, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding Account reporting on Plaintiff's consumer report.

24. Upon information and belief, Equifax forwarded Plaintiff's Equifax Dispute to Defendant Citibank.

25. Upon information and belief, Citibank received notification of Plaintiff's Equifax Dispute from Equifax.

26. Upon information and belief, Citibank verified the erroneous information associated with the Account to Equifax.

27. Citibank failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

28. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

29. Upon information and belief, Citibank failed to instruct Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer report.

30. Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Equifax Dispute.

31. At no point after receiving the Equifax Dispute did Citibank and/or Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Equifax Dispute.

32. Equifax relied on their own judgment and the information provided to them by Citibank rather than grant credence to the information provided by Plaintiff.

33. The Plaintiff was denied credit, specifically a mortgage loan, and/or refrained from needed credit applications due to the erroneous information associated with the Account.

## COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

34. Plaintiff re-alleges and reaffirms the above paragraphs 1-33 as though fully set forth herein.

35. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

36. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained

concerning Plaintiff.

37. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

39. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

40. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

41. Plaintiff re-alleges and reaffirms the above paragraphs 1-33 as though fully set forth herein.

42. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

43. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

44. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – CITIBANK
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

48. Plaintiff re-alleges and reaffirms the above paragraphs 1-33 as though fully set forth herein.

49. After receiving the Equifax Dispute, Citibank failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

50. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Citibank's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Citibank's representations to consumer credit reporting agencies, among other unlawful conduct.

51. As a result of this conduct, action, and inaction of Defendant Citibank, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52. Defendant Citibank's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53. In the alternative, Defendant Citibank was negligent, entitling Plaintiff to

recover damages under 15 U.S.C. §1681o.

54. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Citibank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this July 31, 2023.

/s/ Esther Oise
Esther Oise, Esq. (GA Bar #686342)
Oise Law Group PC
2635 Governors Walk Blvd.
Snellville, GA 30078
Email: eoise.molaw@gmail.com
Telephone: (770) 895-3736
Attorney for Plaintiff