## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KIRSIS Q. CONCEPCION,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and CITIBANK,
N. A.,

     Defendants.

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, KIRSIS Q. CONCEPCION (hereinafter "Plaintiff"), by and through her undersigned counsel, and hereby sues Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC ("Trans Union"), and CITIBANK, N. A. ("Citibank") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively the "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     The Plaintiff is a natural person and resident of Wake County in the State of North Carolina. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.     Venue is proper in this District as Equifax's principal address is in this district, Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Equifax is a Georgia corporation headquartered at 1550 Peachtree Street, NW in Atlanta, Georgia 30309.

10.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.     Experian is a corporation headquartered in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 89 S Culver St, Lawrenceville, Georgia 30046.

13.     Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

15.     Trans Union is a corporation headquartered in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent,

Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

16.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

17.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

18.     Citibank is a FDIC insured national bank headquartered at 5800 S Corporate Place in Sioux Falls, South Dakota 57108 that conducts business in the State of Georgia.

19.     Citibank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

20.     Citibank furnished inaccurate information about Plaintiff to Equifax, Experian, and Trans Union.

## FACTUAL ALLEGATIONS

21.     Plaintiff had a credit account with Citibank for a Best Buy credit card.

22.     On or about November 13, 2020, Plaintiff visited a Best Buy store to purchase a Galaxy S20, 128GB cell phone for a total of $820.44 and used her Best Buy credit card to purchase the new cell phone.

23.     On or about November 18, 2020, just six days later, Plaintiff returned the Galaxy S20, 128GB cell phone to Best Buy, received a full refund back to her Best Buy credit card in a refund amount of $820.44.

24.     Plaintiff did use her Best Buy credit card to make any additional purchases but has paid off the charges incurred.

25.     Plaintiff had a zero balance.

26.     In the following months, Plaintiff's began to receive statements for her Best Buy credit card and became aware that instead of issuing her a refund when she returned the Galaxy S20, 128GB cell phone, she was charged a second time a total of $820.44.  She did not owe any money to Citibank Best Buy.

27.     On February 4, 2021, Plaintiff disputed the charge with Citibank and faxed a copy of her return receipt.

28.     After several months, the mistake was still not corrected, so Plaintiff once again disputed the charge and faxed a copy of her return receipt.

29.     On or about October 2022, Plaintiff sent a handwritten letter to Trans Union disputing the inaccurate reporting by Citibank.  Plaintiff provided enough information for Trans Union to independently determine that Plaintiff did not owe Citibank any money.

30.     In violation of the FCRA, Trans Union did not respond to Plaintiff's written dispute.

31.     Trans Union failed to conduct any independent investigation, nor did they attempt to contact Plaintiff.

32.     Upon information and belief, Trans Union notified Citibank of Plaintiff's written dispute. Citibank failed to conduct a reasonable investigation and merely compared its erroneous data.

33.     On February 8, 2022, Citibank responded stating that due to the amount of time that had elapsed they were unable to assist Plaintiff on her fraud disputes.

34.     However, one month later, on March 5, 2022, Citibank responded that a merchant credit had been received on November 18, 2020, leading Plaintiff to believe the issue had been resolved.

35.     On August 4, 2022, Plaintiff received a letter stating her credit limit had decreased due to delinquent charges on her account. Plaintiff reviewed her account and the disputed charges continued to show on her account.

36.     On September 28, 2022, Plaintiff yet again faxed a copy of her return receipt to Citibank and disputed the charge. Citibank did not respond and the charges continued to appear on her credit card statement.

37.     On June 14, 2023, Plaintiff obtained copies of her Equifax, Experian, and Trans Union credit reports and the Citibank partial account x8782 was being reported with a status of closed with a charge off in the amount of $1,724, and a pay status of over 120 days past due ("Citibank Account").

38.     A review of her credit reports also shows her past, unsuccessful attempts to dispute the account with Equifax (January 2022, February 2022, and March 2022) and Experian (January 2022, February 2022, and March 2022).

39.     Plaintiff never received dispute results from Equifax.

40.     Equifax failed to conduct any independent investigation, nor did they attempt to contact Plaintiff regarding any of her disputes.

41.     Plaintiff never received dispute results from Experian.

42.     Experian failed to conduct any independent investigation, nor did they attempt to contact Plaintiff regarding any of her disputes.

43.     Upon information and belief, Equifax and Experian notified Citibank each time Plaintiff submitted a dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its erroneous data.

44.     Due to the continued inaccurate reporting, on July 5, 2023, Plaintiff mailed written dispute letters to Defendants. In the dispute letter, Plaintiff explained that the Citibank Account should be listed as having a zero balance. To confirm her identity, a copy of her driver's license was included. Also, in this letter, Plaintiff provided images from her credit report, copies of the Best Buy receipts illustrating the purchase and subsequent refund six days later, and copies of her correspondence with Citibank disputing the charges.

45.     Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Equifax (tracking no. 9589 0710 5270 0232 0644 57), Experian (tracking no. 9585 0710 5270 0232 0637 71), and Trans Union (tracking no. 7020 3160 0000 1971 9585).

46.     As of the filing of this Complaint, Equifax has not responded to Plaintiff's written dispute.

47.     Equifax failed to conduct any independent investigation, nor did they attempt to contact Plaintiff.

48.     As of the filing of this Complaint, Experian has not responded to Plaintiff's written dispute.

49.     Experian failed to conduct any independent investigation, nor did they attempt to contact Plaintiff.

50.     As of the filing of this Complaint, Trans Union has not responded to Plaintiff's written dispute.

51.     Trans Union failed to conduct any independent investigation, nor did they attempt to contact Plaintiff.

52.     Upon information and belief, Equifax, Experian, and Trans Union notified Citibank of Plaintiff's written detailed dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its erroneous data.

53.     Despite Plaintiff's best efforts to have the account status corrected, Defendants continue to report the incorrect account status and balance on Plaintiff's credit reports.

54.     As of the filing of this Complaint, Defendants continue to report negative information on Plaintiff's credit reports regarding the Citibank Account, and Plaintiff's damages are on-going.

55.     Defendants have never attempted to contact Plaintiff about her disputes, and she continues to suffer as of the filing of the Complaint with

Defendants' refusal to conduct a meaningful investigation into her dispute as it is required to by law.

56.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix her credit;

   ii. Loss of time attempting to cure the errors;

   iii. Reduction in credit score;

   iv. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

   v. Apprehensiveness to apply for credit or loans due to the fear of rejection.

### COUNT I
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services, LLC (Negligent)

57.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

58.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

59.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

60.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

61.    Equifax's conduct, action, and/or inaction was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

62.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services, LLC (Willful)

63.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

64.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

65.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

66.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

67.     Equifax's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

68.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services, LLC (Negligent)**

69.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

70.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

71.     Plaintiff provided Equifax with the information it needed to confirm that the payment status should be shown as "closed" with a zero balance, including by not limited to copies of her driver's license as proof of identity, her Equifax credit report number, receipts showing a charge and a refund and relevant supporting documents. Equifax ignored this information and failed to respond to Plaintiff's disputes.

72.     Equifax took no independent action to investigate the dispute.

73.     Equifax chose to ignore this information and simply parroted the information provided by the furnisher(s).

74.     Equifax failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

75.     As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

76.     Equifax's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

77.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services, LLC (Willful)

78.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

79.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by

failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

80.    Plaintiff provided Equifax with the information it needed to confirm that the payment status should be shown as "closed" with a zero balance, including by not limited to copies of her driver's license as proof of identity, her Equifax credit report number, receipts showing a charge and a refund and relevant supporting documents. Equifax ignored this information and failed to respond to Plaintiff's disputes.

81.    Equifax took no independent action to investigate the dispute.

82.    Equifax chose to ignore this information and simply parroted the information provided by the furnisher(s).

83.    Equifax failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

84.    As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

85.     Equifax's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

86.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

87.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

88.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

89.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

90.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

91.    Experian's conduct, action, and/or inaction was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

92.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

93.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

16

94.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

95.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

96.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

97.    Experian's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

98.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-

judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

99.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

100.    Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

101.    Plaintiff provided Experian with the information it needed to confirm that the payment status should be shown as "closed" with a zero balance, including by not limited to copies of her driver's license as proof of identity, her Experian credit report number, receipts showing a charge and a refund and relevant supporting documents. Experian ignored this information and failed to respond to Plaintiff's disputes.

102.    Experian took no independent action to investigate the dispute.

103.    Experian chose to ignore this information and simply parroted the information provided by the furnisher(s).

104.   Experian failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

105.   As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

106.   Experian's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

107.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Experian Information Solutions, Inc. (Willful)

108.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

109.    Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

110.    Plaintiff provided Experian with the information it needed to confirm that the payment status should be shown as "closed" with a zero balance, including by not limited to copies of her driver's license as proof of identity, her Experian credit report number, receipts showing a charge and a refund and relevant supporting documents. Experian ignored this information and failed to respond to Plaintiff's disputes.

111.    Experian took no independent action to investigate the dispute.

112.    Experian chose to ignore this information and simply parroted the information provided by the furnisher(s).

113.    Experian failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

114.    As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

115.    Experian's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

116.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violation of the 15 U.S.C. § 1681e(b) as to Defendant, Trans Union, LLC (Negligent)

117.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

118.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

119.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

120.   As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

121.   Trans Union's conduct, action, and/or inaction was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

122.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual damages against Defendant, TRANS UNION, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT X
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union, LLC (Willful)

123.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

124.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

125.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

126.   As a direct result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

127.   Trans Union's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

128.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-

judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XI
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union, LLC (Negligent)

129.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

130.   Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

131.   Plaintiff provided Trans Union with the information it needed to confirm that the payment status should be shown as "closed" with a zero balance, including by not limited to copies of her driver's license as proof of identity, her Trans Union credit report number, receipts showing a charge and a refund and relevant supporting documents. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

132.   Trans Union took no independent action to investigate the dispute.

133.   Trans Union chose to ignore this information and simply parroted the information provided by the furnisher(s).

134.   Trans Union failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

135.   As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

136.   Trans Union's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

137.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual damages against Defendant, TRANS UNION, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violations of 15 U.S.C. § 1681i as to Defendant, Trans Union, LLC (Willful)

138.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

139.   Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

140.   Plaintiff provided Trans Union with the information it needed to confirm that the payment status should be shown as "closed" with a zero balance, including by not limited to copies of her driver's license as proof of identity, her Trans Union credit report number, receipts showing a charge and a refund and relevant supporting documents. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

141.   Trans Union took no independent action to investigate the dispute.

142.   Trans Union chose to ignore this information and simply parroted the information provided by the furnisher(s).

143.   Trans Union failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

144.   As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

145.   Trans Union's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

146.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### **COUNT XIII**
**Violations of 15 U.S.C. § 1681s-2(b) as to**
**Defendant, Citibank, N. A. (Negligent)**

147.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

148.   Citibank furnished inaccurate information about Plaintiff to Equifax, Experian, and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

149.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by: (i) failing to review all relevant information regarding Plaintiff's dispute

of the Citibank Account; (ii) failing to accurately respond to Equifax, Experian, and Trans Union; (iii) failing to correctly report results of an accurate investigation to every other credit reporting agency; and/or (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting the inaccurate status of the Citibank Account to the consumer reporting agencies.

150.   Plaintiff provided all the relevant information and documents necessary for Citibank to determine that it was furnishing inaccurate information. Citibank did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished to the CRAs.

151.   Instead, Citibank knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether Plaintiff truly owed the balance reported.

152.   Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union. Citibank has been aware of Plaintiff's disputes but continued to erroneously report the Citibank Account.

153.   As a result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to open new lines of credit; mental and emotional pain stemming from the anguish, humiliation, embarrassment of the credit denial when attempting to get approved for a line of credit, and the damages otherwise outlined in this Complaint.

154.    Citibank's conduct, action and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

155.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Citibank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual damages against Defendant, CITIBANK, N. A., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XIV
### Violations of 15 U.S.C. § 1681s-2(b) as to
### Defendant, Citibank, N. A. (Willful)

156.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

157.    Citibank furnished inaccurate information about Plaintiff to Equifax, Experian, and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

158.    After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by: (i) failing to review all relevant information regarding Plaintiff's dispute of the Citibank Account; (ii) failing to accurately respond to Equifax, Experian, and Trans Union; (iii) failing to correctly report results of an accurate investigation to

every other credit reporting agency; and/or (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting the inaccurate status of the Citibank Account to the consumer reporting agencies.

159.    Plaintiff provided all the relevant information and documents necessary for Citibank to determine that it was furnishing inaccurate information. Citibank did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished to the CRAs.

160.    Instead, Citibank knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether Plaintiff truly owed the balance reported.

161.    Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union. Citibank has been aware of Plaintiff's disputes but continued to erroneously report the Citibank Account.

162.    As a result of this conduct, action and/or inaction, Plaintiff suffered damages, including without limitation, loss of ability to open new lines of credit; mental and emotional pain stemming from the anguish, humiliation, embarrassment of the credit denial when attempting to get approved for a line of credit, and the damages otherwise outlined in this Complaint.

163.    Citibank's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

164.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Citibank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, KIRSIS Q. CONCEPCION, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CITIBANK, N. A., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KIRSIS Q. CONCEPCION, demands judgment for damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and CITIBANK, N. A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 31st of July 2023.


Respectfully submitted,

*/s/ Octavio Gomez*

Octavio "Tav" Gomez, Esq.
Georgia Bar #: 617963
Florida Bar #: 0338620
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*