JS44 (Rev. 10/2020 NDGA)                                          **CIVIL COVER SHEET**

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

## DEFENDANT(S)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED
PLAINTIFF_____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED
DEFENDANT_____
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

**ATTORNEYS** (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

|  | PLF | DEF |  | PLF | DEF |  |
|---|---|---|---|---|---|---|
| 1 U.S. GOVERNMENT PLAINTIFF | 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY) | 1 | 1 | CITIZEN OF THIS STATE | 4 | 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| 2 U.S. GOVERNMENT DEFENDANT | 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III) | 2 | 2 | CITIZEN OF ANOTHER STATE | 5 | 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
|  |  | 3 | 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | 6 | 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X "IN ONE BOX ONLY)

1 ORIGINAL PROCEEDING
2 REMOVED FROM STATE COURT
3 REMANDED FROM APPELLATE COURT
4 REINSTATED OR REOPENED
5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)
6 MULTIDISTRICT LITIGATION - TRANSFER
7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT

8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**(IF COMPLEX, CHECK REASON BELOW)**

1. Unusually large number of parties.
2. Unusually large number of claims or defenses.
3. Factual issues are exceptionally complex
4. Greater than normal volume of evidence.
5. Extended discovery period is needed.

6. Problems locating or preserving evidence
7. Pending parallel investigations or actions by government.
8. Multiple use of experts.
9. Need for discovery outside United States boundaries.
10. Existence of highly technical issues and proof.

**CONTINUED ON REVERSE**

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT $_____    APPLYING IFP_____    MAG. JUDGE (IFP)_____
JUDGE_____    MAG. JUDGE_____    NATURE OF SUIT_____    CAUSE OF ACTION_____
                          *(Referral)*

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- 110 INSURANCE
- 120 MARINE
- 130 MILLER ACT
- 140 NEGOTIABLE INSTRUMENT
- 151 MEDICARE ACT
- 160 STOCKHOLDERS' SUITS
- 190 OTHER CONTRACT
- 195 CONTRACT PRODUCT LIABILITY
- 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- 210 LAND CONDEMNATION
- 220 FORECLOSURE
- 230 RENT LEASE & EJECTMENT
- 240 TORTS TO LAND
- 245 TORT PRODUCT LIABILITY
- 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- 310 AIRPLANE
- 315 AIRPLANE PRODUCT LIABILITY
- 320 ASSAULT, LIBEL & SLANDER
- 330 FEDERAL EMPLOYERS' LIABILITY
- 340 MARINE
- 345 MARINE PRODUCT LIABILITY
- 350 MOTOR VEHICLE
- 355 MOTOR VEHICLE PRODUCT LIABILITY
- 360 OTHER PERSONAL INJURY
- 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- 365 PERSONAL INJURY - PRODUCT LIABILITY
- 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- 370 OTHER FRAUD
- 371 TRUTH IN LENDING
- 380 OTHER PERSONAL PROPERTY DAMAGE
- 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- 422 APPEAL 28 USC 158
- 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- 440 OTHER CIVIL RIGHTS
- 441 VOTING
- 442 EMPLOYMENT
- 443 HOUSING/ ACCOMMODATIONS
- 445 AMERICANS with DISABILITIES - Employment
- 446 AMERICANS with DISABILITIES - Other
- 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- 462 NATURALIZATION APPLICATION
- 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- 463 HABEAS CORPUS- Alien Detainee
- 510 MOTIONS TO VACATE SENTENCE
- 530 HABEAS CORPUS
- 535 HABEAS CORPUS DEATH PENALTY
- 540 MANDAMUS & OTHER
- 550 CIVIL RIGHTS - Filed Pro se
- 555 PRISON CONDITION(S) - Filed Pro se
- 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- 550 CIVIL RIGHTS - Filed by Counsel
- 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- 710 FAIR LABOR STANDARDS ACT
- 720 LABOR/MGMT. RELATIONS
- 740 RAILWAY LABOR ACT
- 751 FAMILY and MEDICAL LEAVE ACT
- 790 OTHER LABOR LITIGATION
- 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- 820 COPYRIGHTS
- 840 TRADEMARK
- 880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- 830 PATENT
- 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- 861 HIA (1395ff)
- 862 BLACK LUNG (923)
- 863 DIWC (405(g))
- 863 DIWW (405(g))
- 864 SSID TITLE XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- 870 TAXES (U.S. Plaintiff or Defendant)
- 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- 375 FALSE CLAIMS ACT
- 376 Qui Tam 31 USC 3729(a)
- 400 STATE REAPPORTIONMENT
- 430 BANKS AND BANKING
- 450 COMMERCE/ICC RATES/ETC.
- 460 DEPORTATION
- 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- 480 CONSUMER CREDIT
- 485 TELEPHONE CONSUMER PROTECTION ACT
- 490 CABLE/SATELLITE TV
- 890 OTHER STATUTORY ACTIONS
- 891 AGRICULTURAL ACTS
- 893 ENVIRONMENTAL MATTERS
- 895 FREEDOM OF INFORMATION ACT 899
- 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- 410 ANTITRUST
- 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- 896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

---

## VII. REQUESTED IN COMPLAINT:

CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23    DEMAND $_____

JURY DEMAND    YES    NO  (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

---

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE_____    DOCKET NO._____

**CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES:** (CHECK APPROPRIATE BOX)

1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):


7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____, WHICH WAS DISMISSED. This case    IS    IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

---

/s/ C.Brent Wardrop                                                                                     07/31/23

**SIGNATURE OF ATTORNEY OF RECORD**                                                    **DATE**

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** ) | |
| ) | **CIVIL ACTION** |
| **Plaintiff,** ) | **FILE NO:** |
| v. ) | |
| ) | |
| **U.S. AUTO SALES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

### COMPLAINT FOR BREACH OF CONTRACT, PROMISSIORY ESTOPPEL/UNJUST ENRICHMENT, QUANTUM MERUIT, AND ATTORNEYS' FEES

COMES NOW, **WELLS FARGO BANK, N.A.** ("Wells Fargo" or "Plaintiff"), by and through its undersigned attorneys, and files this Complaint against **U.S. AUTO SALES, INC.**, ("U.S. Auto Sales" or "Defendant"), and respectfully shows the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

This is an action for damages in excess of One Million Five Hundred and Eighteen Thousand Four Hundred and Fifty-Nine Dollars and Sixty-Eight Cent ($1,518,459.68), excluding interest, costs, and attorney's fees.

2.

Wells Fargo is a national banking association. As a national banking association, Wells Fargo is a citizen for jurisdictional purposes of the states in which it is located. 28 U.S.C. § 1348. A national bank is "located" in the state in which its main office, as set forth in its articles of association, is located. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Applying the *Schmidt* rule, Wells Fargo is a citizen of the State of South Dakota for jurisdictional purposes because its main office, as set forth in its articles of association, is located in South Dakota.

3.

U.S. Auto Sales is a Georgia Domestic Profit Corporation with its principal office address at 2875 University Parkway, Lawrenceville, GA, 30043.

4.

The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332(a)(2) because the plaintiff is completely diverse from the defendant and the amount in controversy exceeds the sum of $75,000.

5.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2), because it is the judicial district in which all or a substantial part of the events or omissions giving rise to the claim occurred, and/or because all defendants are residents of Georgia.

## FACTUAL ALLEGATIONS

6.

U.S. Auto Sales entered into a commercial account relationship with Wells Fargo in or around April 2019.

7.

The relationship is governed by a number of agreements, which are identified below and collectively referred to as the "Agreement":

| Instrument or Document | Date |
|---|---|
| Deposit Account Control Agreement (the "DACA"), a true and correct copy of which is incorporated herein and attached hereto as **Exhibit "A"**. | April 17, 2019 |
| Master Agreement for Treasury Management Services (the | August 21, 2020 |

"MATMS"), a true and correct copy of which is incorporated herein and attached hereto as **Exhibit "B"**.

Commercial Account Agreement (the "CAA"), a true and correct copy of which is incorporated herein and attached hereto as **Exhibit "C"**.

March 2022

8.

The purpose of the DACA is to sets forth the rights and obligations of the parties and non-party MidCap Financial Trust (a lender of U.S. Auto Sales) (hereinafter, "MidCap") with respect to the deposit accounts maintained by U.S. Auto Sales for the purpose of its daily business transactions.

9.

On or about April 24, 2023, Wells Fargo served a Demand for Payment of Settlement Items on U.S. Auto Sales demanding payment of all Settlement Item Amounts owed to Wells Fargo in the amount of $1,992,484.17 within five (5) calendar days of the letter. A true and correct copy of the demand is incorporated herein and attached hereto as **Exhibit "D"**.

10.

Wells Fargo's April 24, 2023, demand reserved all rights under the DACA – including but not limited to its rights under Section 16 of the DACA to immediately terminate the DACA for failure to make payment when due under the DACA.

11.

U.S. Auto failed or refused to comply with Wells Fargo's demand, so on or about June 23, 2023, Wells Fargo by and through its attorneys sent U.S. Auto Sales a Notice of Overdrafts; Demand for Funds to Cover Overdrafts and Other Information. A true and correct copy of the

notice is incorporated herein and attached hereto as **Exhibit "E"**.

12.

As stated in the June 23, 2023, notice, requests for the withdrawal of funds caused U.S. Auto Sales' deposit account to become overdrawn in an amount not less than $1,518,459.68 (collectively, "Overdrafts"). Wells Fargo notified U.S. Auto Sales that it was not honoring the payment of any further Overdrafts or any attempted withdrawals or payments from the deposit account or any other account that U.S. Auto Sales maintained with Wells Fargo. Wells Fargo further advised U.S. Auto Sales that Wells Fargo placed a hold on U.S. Auto Sales' accounts for all purposes other than for receiving incoming deposits. Pursuant to the CAA, Wells Fargo demanded the immediate deposit of sufficient funds to the deposit account to bring the account to a positive balance and to repay all Overdrafts by June 20, 2023. Finally, Wells Fargo notified U.S. Auto Sales that U.S. Auto Sales was responsible for Wells Fargo's attorneys' fees and other costs and expenses it incurs in recovering the Overdrafts.

13.

Despite confirmed receipt of the June 23, 2023, notice, U.S. Auto Sales failed or refused to comply with the demand, forcing Wells Fargo to file this lawsuit to enforce the Agreement.

14.

Wells Fargo has performed all conditions precedent prior to filing this lawsuit and/or same have been waived.

**COUNT I: BREACH OF CONTRACT**

15.

Wells Fargo re-alleges all allegations contained in paragraphs 1-14, above, as if fully stated herein.

16.

U.S. Auto Sales executed and entered into the Agreement with Wells Fargo. Among other things, U.S. Auto Sales agreed to pay all "Settlement Item Amounts" as defined in the DACA immediately on demand, without setoff or counterclaim, to the extent there were not sufficient funds in its defined collateral account to cover the Settlement Item Amounts on the day they are to be debited from the collateral account.

17.

Despite demand and notice, U.S. Auto Sales failed to comply with and breached its contractual duties by failing to pay the Settlement Item Amounts owed to Wells Fargo in the amount of $1,992,484,17 within five (5) calendar days of April 24, 2023.

18.

In addition, U.S. Auto Sales' accounts are overdrawn.

19.

Pursuant to the Agreement, Wells Fargo timely provided notice of the Overdrafts and demanded that U.S. Auto Sales pay for the overdrafts no later than June 30, 2023.

20.

To date, U.S. Auto Sales has failed or refused to pay Wells Fargo for the Overdrafts.

21.

Wells Fargo has been damaged and continues to suffer damages as a result of U.S. Auto Sales' breaches and failure or refusal to pay the Settlement Item Amounts and Overdrafts to Wells Fargo in an amount greater than $1,518,459.68, excluding interest, costs, and attorney's fees.

### COUNT II:   PROMISSORY ESTOPPEL/UNJUST ENRICHMENT

22.

Wells Fargo re-alleges all allegations contained in paragraphs 1-14, above, as if fully stated herein.

23.

U.S. Auto Sales promised to fulfill the terms of the Agreement.

24.

Wells Fargo reasonably and substantially relied on this promise to its detriment.

25.

Wells Fargo's reliance was reasonably foreseeable by U.S. Auto Sales.

26.

Injustice can be avoided only by enforcing U.S. Auto Sales' promise to fulfill the terms of the Agreement.

27.

Further, U.S. Auto Sales has overdrawn its Wells Fargo accounts in the amount of at least $1,518,459.68.  Wells Fargo timely notified U.S. Auto Sales of the overdrawn amount, and demanded payment by June 30, 2023.  To date, U.S. Auto Sales has failed or refused to make the payment for the Overdrafts.  Its failure to pay the same results in the unjust enrichment of U.S. Auto Sales and the continued benefit is enjoyed at the detriment of Wells Fargo.

28.

As set forth in greater detail above, Wells Fargo's damages include, but are not limited to, actual damages as set forth in the applicable Agreement documents, reliance damages, attorney's fees, court costs, and pre- and post-judgment interest.

## COUNT III:   QUANTUM MERIT

29.

Wells Fargo re-alleges all allegations contained in paragraphs 1-14, above, as if fully stated herein.

30.

Pleading in the alternative, Wells Fargo seeks recovery under the doctrine of quantum meruit.

31.

Wells Fargo provided various services to U.S. Auto Sales.  Despite those services, U.S. Auto Sales allowed its Wells Fargo accounts to be overdrawn in the amount of at least $1,518,459.68, thereby damaging Wells Fargo.

32.

Wells Fargo timely notified U.S. Auto Sales of the overdrawn amount, and demanded payment by June 30, 2023.  To date, U.S. Auto Sales has failed or refused to make the payment, damaging Wells Fargo.

33.

Wells Fargo reasonably expected to be repaid the overdrawn amounts and per the Agreements between the parties, and is entitled to such repayment by law.

## COUNT V: ATTORNEY'S FEES, COSTS AND EXPENSES

34.

Wells Fargo re-alleges all allegations contained in paragraphs 1-14, above, as if fully stated herein.

35.

Pursuant to the terms of the Agreement, U.S. Auto Sales is liable for all reasonable attorney's fees, costs and expenses incurred by Wells Fargo.

36.

By notices dated April 24, 2023, and June 23, 2023, Wells Fargo notified U.S. Auto Sales of its reservation of rights and intent to seek attorneys' fees, costs and expenses incurred in – among other things – recovering the overdrafts.

37.

U.S. Auto Sales is hereby given notice that it has ten (10) days to pay the amounts owed to Wells Fargo to avoid having to pay attorneys' fees as required in O.C.G.A. § 13-1-11.

38.

There has been no dispute regarding the amounts owed to Wells Fargo.

39.

Wells Fargo has hired counsel to enforce and collect the amounts owed to it, and has incurred and will continue to incur attorneys' fees and other costs and expenses associated with litigation.

40.

Therefore, Wells Fargo is entitled to recover attorneys' fees, costs and expenses in accordance with O.C.G.A. § 13-1-11.

41.

Moreover, U.S. Auto Sales has acted in bad faith by failing and refusing to pay back the amounts owed to Wells Fargo.

42.

U.S. Auto Sales has caused unnecessary trouble and expense by ignoring and/or failing to comply with repeated demands for payment.

43.

Therefore, Wells Fargo is entitled to recover attorneys' fees, costs and expenses in accordance with O.C.G.A. § 13-6-11.

**WHEREFORE,** Plaintiff, **WELLS FARGO BANK, N.A.,** demands judgment against Defendant **U.S. AUTO SALES, INC.**, for:

(1)     the sum of $1,518,459.68, and/or all other amounts due and owing by Defendant to Plaintiff pursuant to the parties' Agreement;

(2)     reasonable and necessary attorney's fees, costs and expenses;

(3)     pre-judgment and post-judgment interest at the highest rate allowed by law; and

(4)     such other and further relief, general or special, at law or in equity, to which Plaintiff may be justly entitled.

This 31st day of July, 2023.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By:   /s/ *C. Brent Wardrop*
      **C. BRENT WARDROP**
      Georgia Bar No. 553733
      **BABATUNDE ABDULRAHMAN**
      Georgia Bar: 940253

365 Northridge Drive, Suite 230
Atlanta, Georgia 30350
Telephone: (770) 650-8737
Facsimile: (770) 650-8797
babatunde.abdulrahman@qpwblaw.com
Brent.wardrop@qpwblaw.com
**ATTORNEYS FOR PLAINTIFF**