# EXHIBIT A

FICE KMG ... ED IN OFFICE KMG

E-FILED IN OFFICE KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04388-S2**
**6/23/2023 5:10 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**SIMEON DELICE**

**12957 SW 26 STREET**

**MIRAMAR, FL 33027**

PLAINTIFF

23-C-04388-S2

CIVIL ACTION
NUMBER:_____

VS.

GREAT WEST CASUALTY INSURANCE COMPANY

**R.A. CORPORATION SERVICE COMPANY**

2 SUN CT, STE 400, PEACHTREE CORNERS, GA 30092

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Hector J. Rojas, Jr., Esq.
Morgan and Morgan ATL, PLLC
1350 Church Street Extension NE, Suite 300
Marietta, Georgia 30060

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,  20_____.

      26th day of June, 2023

                                 **Tiana P. Garner**
                                 **Clerk of State Court**

                                                               *(signature)*

                    By_____
                                 **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

FICE - KMG

F.F - ·) IN OFFICE - KMG

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04388-S2**
**6/23/2023 5:10 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SIMEON DELICE,                                          )
                                                        )
      Plaintiff,                                )          Civil Action File No.:
                                                        )              23-C-04388-S2
v.                                                      )          _____
                                                        )
NADEA TRUCKING LLC,                                     )
GREAT WEST CASUALTY                                     )
INSURANCE COMPANY, and                                  )
HAMZA ALHAYEK,                                          )
                                                        )
     _____Defendants._____                )

### COMPLAINT

COMES NOW SIMEON DELICE, Plaintiff in the above-styled civil action, and files this

Complaint against Defendants, NADEA TRUCKING LLC, GREAT WEST CASUALTY

INSURANCE COMPANY and HAMZA ALHAYEK, and respectfully show this Honorable

Court as follows:

### PARTIES, SERVICE, AND JURISDICTION

1.

Plaintiff SIMEON DELICE is and, at all times material to this action, is a resident of the

State of Florida. The Plaintiff willfully avails himself and submits to the jurisdiction of this

Court.

2.

Defendant NADEA TRUCKING, LLC (hereinafter "Defendant NADEA") is a domestic

for-profit corporation existing under the laws of the State of Tennessee. Defendant Nadea may

be ̈ served with a Summons and Complaint, pursuant to O.C.G.A. § 14-2-504, through its

Registered Agent, Saleh M. Alhayek, at 20 E. Thompson Lane, Nashville, Tennessee 37211 as of the date of the filing of this Complaint.

3.

Defendant GREAT WEST CASUALTY INSURANCE COMPANY (hereinafter "Defendant GREAT WEST") is a foreign insurance company authorized to do business in the State of Georgia. Defendant Great West may be served with a Summons and Complaint through its Registered Agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092 as of the date of the filing of this Complaint.

4.

Defendant HAMZA ALHAYEK (hereinafter "Defendant Alhayek") is a Tennessee resident and is subject to the jurisdiction and venue of this Court. Service can be made on said Defendant by serving him at his residence of 141 Neese Drive, Apt. W472, Nashville, Tennessee 37211 or wherever else he may be found and served in accordance with Georgia law.

5.

Jurisdiction is proper in this Court as to Defendant Nadea.

6.

Venue is proper in this Court as to Defendant Nadea.

7.

Jurisdiction is proper in this Court as to Defendant Great West.

8.

Venue is proper in this Court as to Defendant Great West.

9.

Jurisdiction is proper in this Court as to Defendant Alhayek.

10.

Venue is proper in this Court as to Defendant Alhayek.

11.

At the time of the subject collision described below, Defendant Nadea was a freight shipping company operating in the State of Tennessee, in a vehicle with a gross combined weight rating in excess of 10,000 pounds and was actively covered by a liability insurance policy (Policy Number: MCP72440B) through Defendant Great West. Accordingly, Defendant Great West is subject to suit by direct action under O.C.G.A. § 40-1-112 and 40-2-140.

## STATEMENT OF FACTS

12.

On or around December 15, 2022, at approximately 9:56 p.m., Plaintiff Simeon Delice was lawfully in a 2017 Kenworth T680, stopped at a sleeper section at a rest stop parking lot in Bibb County, Georgia.

13.

At that same date and time, Defendant Alhayek was driving a 2000 Freightliner Long Conv., for and on behalf of Defendant Nadea, travelling through the parking lot and made a left turn around the Plaintiff's vehicle in Bibb County, Georgia. Defendant Alhayek failed to operate with caution while attempting to turn left and around Plaintiff's vehicle and negligently caused his vehicle into the path of the Plaintiff's vehicle which was parked in a sleeper section. As a result, Defendant Alhayek caused his vehicle to violently collide with the front bumper of the Plaintiff's vehicle.

14.

Defendant Alhayek's inattentiveness, distracted driving, failure to operate his vehicle with due caution, and/or otherwise negligent and/or reckless driving caused the violent collision between the vehicle owned and operated by and on behalf of Defendant Nadea and the vehicle driven by Plaintiff Delice.

15.

Defendant Nadea's driver, Defendant Alhayek, was, at least, negligent in turning his vehicle to the left and into the path of Plaintiff Delice's vehicle, which was parked at a sleeper section in the parking lot of a rest-stop and was so close thereto as to constitute an immediate hazard and causing a collision between Plaintiff Delice's vehicle and the vehicle being operated by Defendant Alhayek.

16.

As a result of the violent collision, Plaintiff Delice suffered serious injuries and extensive damage to his vehicle.

17.

Plaintiff Delice was not negligent and did not otherwise cause or contribute to the occurrence of the collision.

18.

The collision was the direct and proximate cause of the negligence of Defendant Alhayek.

19.

At the time of this incident, Defendant Alhayek was operating the 2000 Freightliner Long Conv. for, and within the course and scope of, his employment with Defendant Nadea.

## CAUSES OF ACTION

## COUNT I—NEGLIGENCE OF DEFENDANT HAMZA ALHAYEK

20.

Plaintiff realleges and incorporates herein the allegations contained in the prior paragraphs 1 through 19 as if fully restated.

21.

Defendant Nadea's employee, Defendant Alhayek, owed duties of due and reasonable care to Plaintiff Delice as well as to other motorists on the road.

22.

Defendant Nadea's employee, Defendant Alhayek, was negligent and/or reckless in the operation of the 2000 Freightliner Long Conv. by, but not limited to, the following:

a)  Failure to yield;

b)  Reckless driving;

c)  Failing to maintain his lane;

d)  Driving while distracted;

e)  Failing to maintain a proper lookout for the Plaintiff Delice's vehicle; and

f)  Causing the 2000 Freightliner Long Conv. he was operating on behalf of Defendant Nadea to collide with Plaintiff Delice's vehicle.

23.

At all times material hereto, Plaintiff Delice conducted himself in a safe and lawful manner and did not in any way cause or contribute to the circumstances which caused him to sustain serious bodily injury.

24.

As a direct and proximate result of Defendant Nadea's driver, Defendant Alhayek, Plaintiff Delice has suffered and will continue to suffer the following:

a) past, present and future physical and mental pain and suffering;

b) past, present and future loss of enjoyment of life;

c) past, present and future loss of earnings and income;

d) past, present and future loss of ability to labor and earn money, as well as other damages.

25.

As a direct and proximate result of the injuries sustained in the subject collision caused by the negligence of Defendant Nadea's driver, Defendant Alhayek, Plaintiff Delice has incurred in excess of $10,000 in medical expenses to date due to his painful injuries.

## **COUNT II—NEGLIGENCE PER SE OF DEFENDANT HAMZA ALHAYEK**

26.

Plaintiffs reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 25 as if fully restated.

27.

Defendant Alhayek's actions constituted negligence per se regarding applicable laws and standards including but not limited to:

a) Driving in a reckless disregard for the safety of others in violation of O.C.G.A. § 40- 6-390;

b) Failing to yield the right of way while turning left in violation of O.C.G.A. § 40-6-71; and

c) Failing to maintain and control the 2000 Freightliner Long Conv. he was operating on behalf of Defendant Nadea within the driver's lane in violation of O.C.G.A. § 40-6-40 and 40-6-48.

28.

Defendant Alhayek's violation of these statutes breached his duty to Georgia drivers such as Plaintiff Delice.

29.

As a direct and proximate result of the aforesaid negligence and breaches of duty by the negligence of Defendant Alhayek, Plaintiff Delice has incurred in excess of $10,000 in medical expenses to date due to his painful injuries.

## COUNT III—DEFENDANT NADEA TRUCKING, LLC'S LIABILITY FOR
## THE NEGLIGENCE OF HAMZA ALHAYEK

30.

Plaintiffs reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 29 as if fully restated.

31.

Defendant Nadea owned and/or leased the 2000 Freightliner Long Conv. driven by Defendant Alhayek at the time of the subject collision.

32.

At the time of the subject collision, Defendant Alhayek was employed by Defendant Nadea.

33.

At the time of the subject collision, Defendant Alhayek was acting as an agent of Defendant Nadea.

34.

At the time of the subject collision, Defendant Alhayek was driving a 2000 Freightliner Long Conv. under dispatch for Defendant Nadea.

35.

At the time of the subject collision, Defendant Alhayek was acting within the course and scope of his employment or agency with Defendant Nadea.

36.

Under the principles of *respondeat superior*, actual agency, apparent agency, and/or lease liability, Defendant Nadea is vicariously liable and legally responsible for the negligent acts and omissions of Defendant Alhayek.

37.

As a direct and proximate cause, and by virtue of imputed liability, Defendant Nadea is responsible for the actions of Defendant Alhayek for the collision described in this Complaint and is liable for all damages allowed by law and for the injures, damages, and losses sustained by the Plaintiffs in this case.

## COUNT IV—NEGLIGENT HIRING, TRAINING, AND SUPERVISION BY DEFENDANT NADEA TRUCKING, LLC.

38.

Plaintiffs reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 37 as if fully restated.

39.

Defendant Nadea negligently failed to provide adequate training and supervision for Defendant Alhayek to properly operate the 2000 Freightliner Long Conv. entrusted to him by Defendant Nadea.

40.

Defendant Nadea was negligent in retaining Defendant Alhayek because Defendant Nadea knew, or should have known, that Defendant Alhayek was incompetent to properly operate the 2000 Freightliner Long Conv. entrusted to him by Defendant Nadea.

41.

Defendant Nadea is liable for its negligent hiring, training, supervision and/or retention of Defendant Alhayek as set forth herein.

42.

Defendant Nadea's negligence was a proximate cause of the damages and injuries sustained by the Plaintiffs.

## COUNT V—NEGLIGENT ENTRUSTMENT BY DEFENDANT NADEA TRUCKING, LLC.

43.

Plaintiffs reallege and incorporate herein the allegations contained in the prior paragraphs 1 through 42 as if fully restated.

44.

At the time of the subject collision, Defendant Nadea owned and/or leased a 2000 Freightliner Long Conv., which it entrusted to Defendant Alhayek to operate.

45.

Defendant Nadea was negligent in entrusting its 2000 Freightliner Long Conv. to Defendant Alhayek because Defendant Nadea knew that Defendant Alhayek was incompetent

and/or habitually reckless to properly operate the 2000 Freightliner Long Conv. entrusted to him by Defendant Nadea.

46.

As a result, Defendant Nadea is liable for negligently entrusting the 2000 Freightliner Long Conv. to Defendant Alhayek.

47.

Defendant Nadea's negligence was a proximate cause of the damages and injuries sustained by the Plaintiffs.

## COUNT VI – DIRECT ACTION AGAINST DEFENDANT GREAT WEST CASUALTY INSURANCE COMPANY

48.

Plaintiff realleges and incorporates herein the allegations contained in the prior paragraphs 1 through 47 as if fully restated.

49.

Defendant Great West is an insurance company licensed to do business in the State of Georgia under Control No. J718061.

50.

Defendant Great West issued policy number MCP72440B which was in effect on the date of the subject collision. Pursuant to O.C.G.A. § 40-1-112(a), said policy provided for the protection, in case of passenger vehicles, of passengers and the public against injury proximately caused by the negligence of Defendant Nadea, its servants, or its agents.

51.

Pursuant to O.C.G.A.§ 40-1-112(c) and 40-2-140(d), Plaintiffs are permitted to join in this same action by the motor carrier (Defendant Nadea) and the insurance carrier (Defendant Great West), whether arising in tort or contract. Defendant Nadea is a motor carrier engaged in both interstate and intrastate commerce and, pursuant to O.C.G.A. § 40-1-126, it shall nevertheless be subject to all the provisions so far as it separately relates to commerce carried on exclusively in the State of Georgia.

52.

At the time of the subject collision, Defendant Nadea, through its employee or agent, Defendant Alhayek, was further a for-hire motor carrier operating in intrastate commerce, in a vehicle with a gross combined weight rating in excess of 10,000 pounds.

WHEREFORE, the Plaintiff respectfully request that judgment be entered against the Defendants and that the following relief be awarded:

a) That this Complaint be filed and served as provided by law;

b) That judgment be awarded to the Plaintiffs for special damages as shown at trial;

c) That judgment for general damages be awarded to the Plaintiffs in an amount to be determined by the enlightened conscious of a fair and impartial jury;

d) That the Plaintiffs recover such other and further relief as this Honorable Court may deem just and proper, and

e) That all issues be tried before a jury of twelve (12) persons.

*[SIGNATURE IS ON THE FOLLOWING PAGE]*

This 23rd day of June 2023.

Respectfully submitted,

*/s/ Hector J. Rojas, Jr.*
Hector J. Rojas, Jr., Esq.
Georgia Bar No. 996098
Attorney for Plaintiff

**MORGAN & MORGAN ATLANTA PLLC**
1350 Church Street Extension, Suite 300
Marietta, Georgia 30060
Tel: (404) 965-8837
Fax: (404) 720-3781
Email: hrojasjr@forthepeople.com

FF:C    ·    ·                         E-FILED IN OFFIC · · ··
                                                    ·  ·

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04388-S2**
**6/23/2023 5:10 PM**
**TIANA P. GARNER, CLERK**

FROM:      Hector J. Rojas, Jr.
           MORGAN &  MORGAN

                                                            23-C-04388-S2
DATE:      June 23, 2023

RE:        Delice, Simeon v. Nadea Trucking, LLC., et al.
           Gwinnet State Court

TO:        All affected Judges, all affected Clerks of Court, all opposing counsel of records.

### <u>NOTICE OF LEAVE OF ABSENCE</u>

Comes Now, Hector Rojas, Jr., and respectfully notifies all judges before whom he has

cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave

pursuant to Georgia Uniform Court Rule 16.

1. The period of leave during which time Applicant will be away from the practice of
   law is as follows:
   - **July 21, 2023**
   - **August 4, 7, 8, 2023, August 24-25, 2023, August 28-31, 2023**
   - **September 1, September 4-8, 2023**
   - **October 6, October 9, 2023**
   - **November 30, 2023**
   - **December 1-8, 2023, December 30 – January 7, 2024**

2. All affected Judges and opposing counsel shall have ten (10) days from the date of
   this Notice to object to it. If no objections are filed, the leave shall be granted.

   This 23rd day of June 2023.

                                        Respectfully Submitted,

                                        _/s/ Hector J. Rojas, Jr._
                                        Hector J. Rojas, Jr., Esq.
                                        Georgia Bar Number 996098
                                        Attorney for Plaintiff

Morgan & Morgan, PLLC
1350 Church Street Ext. Suite 300
Marietta, GA 30060
Tel: (404) 965-8837
Fax: (404) 720-3781
hrojasjr@forthepeople.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-04388-S2
6/23/2023 5:10 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of  GWINNETT  County

| For Clerk Use Only | 23-C-04388-S2 |
|---|---|
| Date Filed _____ | Case Number _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
DELICE          SIMEON

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
NADEA TRUCKING, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| GREAT WEST CASUALTY INSURANCE COMPANY | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| ALHAYEK | HAMZA | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Plaintiff's Attorney  HECTOR J. ROJAS, ESQ.        Bar Number  996098        Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04388-S2**

**7/3/2023 10:26 AM**

TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

**State of Georgia**                **County of Gwinnett**                **State Court**

Case Number: 23-C-04388-S2

Plaintiff: **Simeon Delice**
vs.
Defendant: **Nadea Trucking LLC, et al**

For:
Hector Rojas Jr
Morgan & Morgan Atlanta PLLC

Received by Ancillary Legal Corporation on the 28th day of June, 2023 at 1:32 pm to be served on **Great West Casualty Insurance Company c/o Corporation Service Company, 2 Sun Ct, Ste 400, Peachtree Corners, GA 30092**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **29th day of June, 2023** at **1:15 pm, I:**

served **Great West Casualty Insurance Company c/o Corporation Service Company** by delivering a true copy of the **Summons, Complaint, Notice of Leave Absence, General Civil and Domestic Relations Case Filing Information Form** to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Barry Smith as **Authorized to Accept** at the address of: **2 Sun Ct, Ste 400, Peachtree Corners, GA 30092.**

**Additional Information pertaining to this Service:**
6/29/2023  1:15 pm  Perfected corporate service at 2 Sun Court Suite 400, Peachtree Corners, GA 30092, by serving Barry Smith, Process Specialist and Authorized to Accept..

Black male,
black hair,
30-35 years old ,
5'10", 180 lbs,
no glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

**Christopher Todd Horton**
Process Server

Subscribed and Sworn to before me on the 30th day of June, 2023 by the affiant who is personally known to me.

NOTARY PUBLIC

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2023007194
Ref: 13606095

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

Ancillary Legal Corporation
2900 Chamblee Tucker Road
Building 13
Atlanta, GA 30341
Phone: (404) 459-8006
Fax: (404) 459-0916

# INVOICE

Invoice #ANC-2023007187
6/30/2023



Dionna Livingston
Kaine Law, LLC
1441 Dunwoody Village Parkway
Suite 100
Atlanta, GA 30338

Reference Number: Valle

**Case Number: Dekalb 23A02870**

Plaintiff:
**Francisca Valle**

Defendant:
**Mitchell D Gentry, Jacqueline D Silva**

Received: 6/28/2023    Served: 6/29/2023 1:15 pm   ALC - CORPORATE-  REG AGT CORP
To be served on: State Farm Mutual Automobile Insurance Company c/o Corporation Service Company

## ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Next Day Rush | 1.00 | 25.00 | 25.00 |
| Service Fee | 1.00 | 80.00 | 80.00 |
| Printing Fee, $0.20/page | 9.00 | 0.20 | 1.80 |
| TOTAL CHARGED: | | | $106.80 |

**BALANCE DUE:**                                                                    **$106.80**

Please enclose a copy of this invoice with your payment. Please help keep our rates low. We rely on timely payments
to keep our rates low.
Tax ID: 83-1914008.

Find our W-9 at www.ancillarylegal.com/w9.

PAYMENT CAN ALSO BE MADE BY CHECK OR ONLINE AT ANCILLARYLEGAL.COM/PAYMENT OR ON OUR
PORTAL. CALL 404-389-1107 TO PAY OVER THE PHONE.

PORTAL:  https://anc.sopstatus.com.

For billing inquiries please email billing@ancillarylegal.com.

Payment is due upon receipt. No exceptions for third-party payments. Customer is responsible for all costs of
collection, including reasonable attorney fees.

Payments can be made by visiting https://anc.sopstatus.com.

# AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Dekalb**                    **State Court**

Case Number: 23A02870

Plaintiff: **Francisca Valle**
vs.
Defendant: **Mitchell D Gentry, Jacqueline D Silva**

For:
Liza Park
Kaine Law, LLC

Received by Ancillary Legal Corporation on the 28th day of June, 2023 at 12:38 pm to be served on **State Farm Mutual Automobile Insurance Company c/o Corporation Service Company, 2 Sun Ct, Ste 400, Peachtree Corners, GA 30092**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **29th day of June, 2023** at **1:15 pm, I:**

served **State Farm Mutual Automobile Insurance Company c/o Corporation Service Company** by delivering a true copy of the **Summons, Complaint for Damages, Plaintiff's First Request for Admissions of Facts to Uninsured/Underinsured Motorist Insurance Carrier State Farm Mutual Automobile Insurance Company, Plaintiff's First Set of Interrogatories, Request for Production of Documents and Notice to Produce at Trial to Uninsured/Underinsured Motorist Insurance Carrier State Farm Mutual Automobile Insurance Company** to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Barry Smith as **Authorized to Accept** at the address of: **2 Sun Ct, Ste 400, Peachtree Corners, GA 30092**.

**Additional Information pertaining to this Service:**
6/29/2023  1:15 pm  Perfected corporate service at 2 Sun Court Suite 400, Peachtree Corners, GA 30092, by serving Barry Smith, Process Specialist and Authorized to Accept..

Black male,
black hair,
30-35 years old ,
5'10", 180 lbs,
no glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Christopher Todd Horton
Process Server

Subscribed and Sworn to before me on the 30th
day of _June_, _2023_ by the affiant
who is personally known to me.

_Alejandro Gutierrez_
NOTARY PUBLIC

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2023007187
Ref: Valle

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

FILED 12/29/2022 10:38 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

IN RE:

MOTION FOR APPOINTMENT AS         :     CIVIL ACTION FILE NUMBER:
PERMANENT PROCESS SERVER      :
                                    :
                                    :

PURSUANT TO O.C.G.A. §9-11-4(c)

### ORDER APPOINTING PERMANENT PROCESS SERVER
### FOR CALENDAR YEAR 2023

      The foregoing motion having been read and considered, it is HEREBY ORDERED that the following individual(s) is/are appointed as a permanent process server pursuant to O.C.G.A. §9-11-4(c):

| | | | |
|---|---|---|---|
| Anthony Jackson | Dedrea Fazzio | Jerald Luster | Michael Harbuck |
| Ernesqueshia Parker | Joyce Clemmons | Michael Rivers | Ericka McMillon |
| Lavern Williams | Margaret Ruddock | James Stiggers | Chiquita Jackson |
| Jean Nichols | Babette Cochrane | Shirley Kirkland | Jason Garmon |
| Lathan Nichols | Travis Cline | Christopher Horton | Marc Perlson |

This appointment shall be effective until midnight December 31, 2023.

**IT IS SO ORDERED this 28th day of December 2022.**

_____
Honorable Asha F. Jackson
Chief and Administrative Judge
Superior Court of DeKalb County
Stone Mountain Judicial Circuit

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

RE:    Permanent Process Servers

### STANDING ORDER

Pursuant to O.C.G.A. § 9-11-4 (e), this Court provides herein that any person who has completed the application process for appointment as a permanent process server in the Superior Court of DeKalb County in 2023, and has been appointed as a permanent process server in said Court for 2023 shall be deemed to be appointed as a permanent process server in the State Court of DeKalb County. Permanent process servers wishing to rely upon this order shall be required to attach a copy of their Superior Court order of appointment to any affidavit of service that is required to be filed with the Court. All appointments arising pursuant to this order shall be effective until midnight, December 31, 2023.

SO ORDERED, this _13_ day of December 2022.

_Wayne M Purd_
Wayne M. Purdom, Chief Judge

FILED IN THIS OFFICE
THIS __DAY OF _Dec. 2022_
_Sophia Buagll_
Clerk, State Court, DeKalb County