# EXHIBIT B

M0837355.1 0041

IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SIMEON DELICE, | |
| Plaintiff, | CIVIL ACTION FILE NO.: _____ |
| v. | |
| NADEA TRUCKING, LLC, GREAT WEST CASUALTY INSURANCE COMPANY AND HAMZA ALHAYEK, | Gwinnett State Court Case No.: 23-C-04388-S2 |
| Defendants. | |

## ANSWER AND DEFENSES OF DEFENDANT GREAT WEST CASUALTY COMPANY

COMES NOW, Defendant GREAT WEST CASUALTY COMPANY (incorrectly named "Great West Casualty Insurance Company") ("Defendant GWCC"), and files this Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim against Defendants and, therefore, the complaint should be dismissed pursuant to O.C.G.A. § 9-11-12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Venue is improper as to one or more Defendants.

## THIRD AFFIRMATIVE DEFENSE

Defendant GWCC is not liable to Plaintiff because Defendant GWCC has breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately caused by any acts, omissions or negligence on the part of Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages were caused, in whole or in part, by the acts of individuals or entities other than Defendants or any entity or person for whose actions Defendants were legally liable.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover from Defendants because Plaintiff's alleged damages were not proximately caused by any act or omission of any of the Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover because Plaintiff's damages, if any, are a direct and proximate cause of Plaintiff's failure to exercise reasonable care for Plaintiff's own

safety.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover because Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any alleged act, or failure to act, by Defendants.

## NINTH AFFIRMATIVE DEFENSE

To the extent as may be shown by the evidence, Defendant GWCC asserts the defenses of assumption of the risk, failure to avoid consequences, and last clear chance.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead special damages with particularity, as required by O.C.G.A. § 9-11-9(g).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages include medical expenses not related to the incident giving rise to the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

The medical expenses alleged as damages include expenses which are neither reasonable nor necessary.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate Plaintiff's damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant GWCC raises all affirmative defenses available to it under the Georgia Direct Action Statutes and shows pursuant to applicable case law that it is a mere surety, not a joint tortfeasor. See, e.g., Jackson v. Sluder, 256 Ga. App. 812, 817, 569 S.E.2d 893, 897 (2002).  Defendant GWCC also raises and asserts all applicable provisions of the Georgia Constitution, including provisions relating to venue and vanishing venue. Defendant GWCC hereby preserves all applicable venue defenses under O.C.G.A. § 14-2-510, as well as the Coastal Transp., Inc. v. Tillery, 270 Ga. App. 135, 139, 605 S.E.2d 865, 868 (2004) case line.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant GWCC reserves the right to assert any and all additional defenses that arise during the course of this litigation and reserves the right to amend this Answer to assert such defenses available under the Federal Rules of Civil Procedure.

### PARTIES, SERVICE AND JURISDICTION

1.

Defendant GWCC is without sufficient information to form a belief as to the truthfulness of the allegations contained in Paragraph 1 of the Complaint and

therefore can neither admit nor deny the same.

2.

Defendant GWCC admits the allegations contained in Paragraph 2 of the Complaint.

3.

Defendant GWCC admits the allegations contained in Paragraph 3 of the Complaint.

4.

Defendant GWCC denies that Defendant Hamza Alhayek is subject to the venue of this Court. Defendant GWCC admits the remaining allegations contained in Paragraph 4 of the Complaint.

5.

Defendant GWCC admits the allegations contained in Paragraph 5 of the Complaint.

6.

Defendant GWCC denies that venue is proper as to Defendant Nadea.

7.

Defendant GWCC admits the allegations contained in Paragraph 7 of the Complaint.

8.

Defendant GWCC admits the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant GWCC admits the allegations contained in Paragraph 9 of the Complaint.

10.

Defendant GWCC denies that venue is proper as to Defendant Alhayek.

11.

Defendant GWCC denies the allegations contained in Paragraph 11 of the Complaint as stated.

**STATEMENT OF FACTS**

12.

Defendant GWCC admits the allegations contained in Paragraph 12 of the Complaint.

13.

Defendant GWCC admits that due to Defendant Alhayek's simple negligence, the 2000 Freightliner Long Conv. he was driving on behalf of Defendant Nadea impacted Plaintiff's front bumper as Defendant Alhayek was travelling through the

parking lot and turning left around Plaintiff's vehicle, which was parked in the sleeper section of the lot.  Defendant GWCC denies any remaining allegations contained in Paragraph 13 of the Complaint.

14.

Defendant GWCC admits that Defendant Alhayek's simple negligence caused the collision between Plaintiff and Defendant Alhayek's vehicles but denies the remaining allegations in this paragraph.

15.

Defendant GWCC admits that Defendant Alhayek's simple negligence caused the collision between Plaintiff and Defendant Alhayek's vehicles denies the remaining allegations in this paragraph.

16.

Defendant GWCC admits that Plaintiff's vehicle was damaged as a result of the subject collision.  Defendant GWCC denies the remaining allegations of Paragraph 16 of the Complaint.

17.

Defendant GWCC admits Plaintiff did not cause or contribute to the occurrence of the collision.  Defendant GWCC is without sufficient information to

either admit or deny whether Plaintiff was otherwise negligent and therefore denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.

Defendant GWCC admits the allegations contained in Paragraph 18 of the Complaint.

19.

Defendant GWCC admits the allegations contained in Paragraph 19 of the Complaint.

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE OF DEFENDANT HAMZA ALHAYEK

20.

Defendant GWCC realleges and incorporates by reference its responses to Paragraphs 1-19 of the Complaint as if fully set forth herein.

21.

Defendant GWCC admits that the laws of the State of Georgia are applicable to this action.  Except as expressly admitted, all other allegations contained in Paragraph 21 of the Complaint are denied as stated.

22.

Defendant GWCC admits to Defendant Alhayek's simple negligence in causing the subject accident, causing the vehicle driven by Defendant Alhayek to impact the vehicle driven by Plaintiff.  Defendant GWCC denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.

Defendant GWCC admits Plaintiff did not cause or contribute to the occurrence of the collision.  Defendant GWCC is without sufficient information to either admit or deny whether Plaintiff otherwise caused or contributed to the circumstances which caused him to allegedly sustain bodily injury and therefore denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.

Defendant GWCC denies the allegations contained in Paragraph 24 of the Complaint.

25.

Defendant GWCC denies the allegations contained in Paragraph 25 of the Complaint.

## COUNT II – NEGLIGENCE PER SE OF DEFENDANT HAMZA ALHAYEK

26.

Defendant GWCC realleges and incorporates by reference its responses to Paragraphs 1-25 of the Complaint as if fully set forth herein.

27.

Defendant GWCC admits to Defendant Alhayek's simple negligence in causing the subject accident. Defendant GWCC denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.

Defendant GWCC admits to Defendant Alhayek's simple negligence in causing the subject accident. Defendant GWCC denies the remaining allegations contained in Paragraph 28 of the Complaint as stated.

29.

Defendant GWCC denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT III – DEFENDANT NADEAY TRUCKING, LLC'S LIABILITY FOR THE NEGLIGENCE OF HAMZA ALHAYEK

30.

Defendant GWCC realleges and incorporates by reference its responses to Paragraphs 1-29 of the Complaint as if fully set forth herein.

31.

Defendant GWCC admits the allegations contained in Paragraph 31 of the Complaint.

32.

Defendant GWCC admits the allegations contained in Paragraph 32 of the Complaint.

33.

Defendant GWCC admits that Defendant Alhayek was an employee of Defendant Nadea and was acting in the course and scope of his employment. All other allegations contained in Paragraph 33 of the Complaint are denied as stated.

34.

Defendant GWCC admits the allegations contained in Paragraph 34 of the Complaint.

35.

Defendant GWCC admits the allegations contained in Paragraph 35 of the Complaint.

36.

Defendant GWCC admits the allegations contained in Paragraph 36 of the Complaint but only as to the concept of *respondeat superior*, and not liability.

37.

Defendant GWCC admits that Defendant Nadea is responsible for the actions of Defendant Alhayek related to the subject collision and any resultant damages that can be proven to have been proximately caused by the subject collision. All remaining allegations contained in Paragraph 37 of the Complaint not specifically admitted are denied.

### COUNT IV – NEGLIGENT HIRING, TRAINING AND SUPERVISION BY DEFENDANT NADEA TRUCKING LLC

38.

Defendant GWCC realleges and incorporates by reference its responses to Paragraphs 1-37 of the Complaint as if fully set forth herein.

39.

Defendant GWCC denies the allegations contained in Paragraph 39 of the Complaint.

40.

Defendant GWCC denies the allegations contained in Paragraph 40 of the Complaint.

41.

Defendant GWCC denies the allegations contained in Paragraph 41 of the Complaint.

42.

Defendant GWCC denies the allegations contained in Paragraph 42 of the Complaint.

**COUNT V – NEGLIGENT ENTRUSTMENT
BY DEFENDANT NADEA TRUCKING, LLC**

43.

Defendant GWCC realleges and incorporates by reference its responses to Paragraphs 1-42 of the Complaint as if fully set forth herein.

44.

Defendant GWCC admits the allegations contained in Paragraph 44 of the Complaint.

45.

Defendant GWCC denies the allegations contained in Paragraph 45 of the Complaint.

46.

Defendant GWCC denies the allegations contained in Paragraph 46 of the Complaint.

47.

Defendant GWCC denies the allegations contained in Paragraph 47 of the Complaint.

## COUNT VI – DIRECT ACTION AGAINST DEFENDANT GREAT WEST CASUALTY INSURANCE COMPANY

48.

Defendant GWCC realleges and incorporates by reference its responses to Paragraphs 1-47 of the Complaint as if fully set forth herein.

49.

Defendant GWCC admits the allegations contained in Paragraph 49 of the Complaint.

50.

Defendant GWCC admits the allegations contained in Paragraph 50 of the Complaint as to the issuance of the policy but denies as stated the remaining allegations as the terms and conditions of the policy speak for themselves.

51.

Defendant GWCC denies as stated the allegations contained in Paragraph 51 of the Complaint.

52.

Defendant GWCC denies as stated the allegations contained in Paragraph 52 of the Complaint but admits that Defendant Alhyek was an employee of Defendant Nadea and was acting in the course and scope of his employment.

All allegations in the Complaint not specifically admitted or denied hereinabove are now generally denied.

**DEFENDANT GWCC REQUESTS TRIAL BY A JURY OF TWELVE JURORS ON ALL ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

WHEREFORE, having responded to the Complaint, Defendant GWCC prays the Court as follows:

(1) That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff has and recovers nothing by way of the Complaint against Defendants;

(2) That all issues of fact be tried by a jury of twelve (12);

(3) That all costs associated with the action be taxed against Plaintiff to include a reasonable fee for Defendants' attorneys; and

(4) For such and further relief as the Court deems just and proper.

*[Signature and date appear on following page]*

Respectfully submitted this 31st day of July, 2023.

        MCMICKLE, KUREY & BRANCH, LLP

        */s/ Roberta Ann Henderson*
        KEVIN P. BRANCH
        Georgia Bar No. 111839
        ROBERTA ANN HENDERSON
        Georgia Bar No. 346059
        *Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: kpb@mkblawfirm.com
      bhenderson@mkblawfirm.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This document has been prepared in Times New Roman font, 14-point.

*/s/ Roberta Ann Henderson*
ROBERTA ANN HENDERSON
For the Firm

## **CERTIFICATE OF SERVICE**

This is to certify that on this date I have electronically filed the foregoing **Answer and Defenses of Defendant Great West Casualty Company** with the Clerk of the Court using the *PACER* e-Filing system, which will automatically send a notification attaching same thereon to all counsel of record as follows:

Hector J. Rojas, Esq.
MORGAN & MORGAN (MARIETTA)
1350 Church Street Extension NE,
Suite 300
Marietta, GA 30060
hrojasjrg@forthepeople.com

This 31st day of July 2023.

>  */s/ Roberta Ann Henderson*
>  ROBERTA ANN HENDERSON
>  For the Firm