# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **AMANDA LEE**<br>    **Plaintiff,** | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | ) Case No.<br>) |
| **NATIONAL CREDIT SYSTEMS, INC.,**<br>    **Defendant.** | )<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Amanda Lee an individual consumer, against Defendant, National Credit Systems, Inc., ("NCS") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C 1331. The venue in this District is proper in that the Defendant transacts business in Atlanta, Georgia, and the conduct complained of occurred in Atlanta, Georgia.

### III. PARTIES

3. Plaintiff Amanda Lee (hereinafter "Ms. Lee") is a natural person residing in Atlanta, Georgia. Ms. Amanda Lee is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Upon information and belief, National Credit Systems, Inc., is a Georgia corporation with its principal place of business located at 1775 The Exchange SE Suite 300, Atlanta, GA, 30339, USA.

5. Plaintiff alleged "debt" as defined by the FDCPA, 15 U.S.C 1692a(5) this alleged debt at issue arose from a transaction entered into primarily for personal use.

6. Defendant National Credit Systems, Inc., is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

### IV. FACTS OF THE COMPLAINT

7. Defendant National Credit Systems, Inc., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

8. On or about June 28, 2023, Plaintiff Ms. Lee reviewed her credit report on "Experian.".

9. On the credit report, Ms. Lee observed a trade line from Debt Collector.

10. Debt Collector being reported furnished a trade line of $1,325.00, allegedly owned to Cumberland Pointe Apts.

11. On June 28, 2023, Ms. Lee made a dispute via telephone.

12. Plaintiff re-checked her consumer report on or about July 7, 2023, and July 24, 2023, and the debt collector information was not marked disputed. See **Exhibit A**. Defendant has had subsequent communication with the consumer reporting agencies and failed to communicate Plaintiff's dispute.

13. Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Ms. Lee and caused severe humiliation, emotional distress, mental anguish and damage to her FICO Scores.

14. National Credit Systems, Inc. violated 15 U.S. Code 1692e(8) for not communicating the Plaintiff's dispute.

## V.   CLAIM FOR RELIEF
### (Defendant National Credit Systems, Inc.)
### 15 U.S.C. §1692e(8)

15. Ms. Lee re-alleges and reincorporates all previous paragraphs as if fully set out herein.

16. The Debt Collector violated the FDCPA.

17. The Debt Collector's violations include, but are not limited to, the following:

15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that the alleged debt was disputed by Ms. Lee.

18. Because Plaintiff disputed the debt, National Credit Systems, Inc., when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "That balance doesn't seem correct." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Sanchez v. Pinnacle Credit Servs., L.L.C., 195 F.

Supp. 3d 1184 (D. Colo. 2016) (consumer's statements during telephone call that she owed much less than was claimed on phone bill was sufficient); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

19. As a result of the above violations of the FDCPA, Defendant is liable to Ms. Lee actual damages, statutory damages, and costs.

## VI.  JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Ms. Lee respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collectors for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost pursuant to 15 U.S.C 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

**EXHIBIT A**



Respectfully submitted:

By: /s/ Naja I. Hawk

**NAJA I. HAWK**

Pleadings@thehawklegal.com

**THE HAWK LEGAL COLLECTIVE**

730 Peachtree Street NE, #570

Atlanta, GA 30308

Phone: (404) 439-9310

***Counsel for Plaintiff***