UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ASTA INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO._____ |
| v. | ) | |
| | ) | |
| COAST TO COAST CARPORTS, INC., and JORGE ZAVALA, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff ASTA Industries, Inc. ("ASTA") files this Complaint against Defendant Coast to Coast Carports, Inc. ("CCC") and Jorge Zavala ("Zavala") (collectively, "Defendants"), and shows the Court as follows:

### NATURE OF THE ACTION

1.

This action arises from Defendants' ongoing breaches of the terms of the promissory note and related personal guaranty between ASTA and Defendants (together, the "Parties"). ASTA asserts claims for breach of contract against Defendants, including due to Defendants' failure and refusal to pay ASTA the

amounts owed pursuant to the promissory note and related guaranty at issue, respectively.

## FACTUAL BACKGROUND

I. **The Parties, Jurisdiction and Venue.**

2.

ASTA is a Georgia corporation with its principal place of business located at located at 135 Janus International Blvd., Temple, Georgia 30179.

3.

Upon information and belief, CCC is a North Carolina corporation located at 1050 Worth St., Mount Airy, North Carolina 27030.

4.

ASTA and CCC entered into the Term Promissory Note dated April 10, 2023 (the "Promissory Note").  A true and correct copy of the Promissory Note is attached as Exhibit 1.

5.

Zavala entered into a Personal Guaranty with ASTA related to the Promissory Note dated April 10, 2023 (the "Guaranty").  A true and correct copy of the Guaranty is attached as Exhibit 2.

6.

Upon information and belief, Zavala is a resident of the State of North Carolina who may be served at 1050 Worth St., Mount Airy, North Carolina 27030, pursuant to the terms of the Promissory Note and Guaranty.

7.

This Court has jurisdiction over this case pursuant to the terms of the Promissory Note, in which the Parties agreed that the "exclusive forum for adjudication of any such action in connection with this Note shall be in … the United States District Court for the Northern District of Georgia, Atlanta Division" and ASTA and CCC "hereby consent to personal jurisdiction and venue in such courts in any proceeding authorized hereunder."

8.

The terms of the Promissory Note expressly incorporate the Guaranty as the entire agreement between the Parties.

9.

The Parties entered into the Promissory Note and Guaranty, respectively, in this jurisdiction. The Parties further have performed their respective duties and obligations under the terms of the Promissory Note and Guaranty in this jurisdiction.

10.

Pursuant to the terms of the Promissory Note and Guaranty, the Parties agreed that the terms of those agreements would be governed and construed under Georgia law.

11.

This Court has jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1) and venue pursuant to 28 U.S.C. § 1391, including because the amounts in dispute among the Parties are more than $75,000.

## FACTUAL BACKGROUND

12.

Under the terms of the Promissory Note, CCC agreed to pay ASTA the principal sum of "**$640,001.83** together with simple interest from the date first listed above at the rate of 10% per annum on the principal outstanding amount" in accordance with the Payment Schedule set forth in Schedule A to the Promissory Note.

13.

Pursuant to the terms of the Guaranty, Zavala agreed to "absolutely, unconditionally and irrevocably" guarantee CCC's payment and performance of its obligations under the terms of the Promissory Note.

14.

Although CCC made the initial four (4) payments to ASTA required in the Payment Schedule set forth in Schedule A of the Promissory Note, CCC has failed and refused to make any of the other payments owed to ASTA under the terms of the Promissory Note.

15.

CCC has breached the material terms of the Promissory Note, including by failing and refusing to make the payments to ASTA required in accordance with the Payment Schedule set forth in Schedule A to the Promissory Note.

16.

ASTA sent Defendants a letter dated July 11, 2023 (the "Letter"), in accordance with the terms of the Agreements, wherein ASTA notified Defendants of their defaults under the terms of the Promissory Note and Guaranty, respectively. A true and correct copy of the Letter is attached as Exhibit 3.

17.

In the Letter, ASTA notified Defendants of the following:

Pursuant to O.C.G.A. § 13-1-11, ASTA notifies Coast and Zavala that the provisions in the Promissory Note and Guarantee relative to the payment of reasonable attorney's fees and costs in addition to the principal and interest shall be enforced and that Coast and Zavala have ten (10) days from the receipt of this letter to pay the principal and interest owed without the attorney's fees or costs. If Coast and Zavala shall pay the principal and interest in full before the expiration of such time, then the obligation to pay the attorney's fees shall be void. Please contact us for a calculation of the principal and interest owed to ASTA under the Promissory Note and Guarantee.

18.

Defendants failed and refused to respond to the Letter.

19.

Defendants have failed and refused to make any payments to ASTA under the terms of the Promissory Note or Guaranty since ASTA sent Defendants the Letter.

20.

Defendants remain in breach of the material terms of the Promissory Note and Guaranty, including by failing and refusing to make the payments to ASTA required in accordance with the Payment Schedule set forth in Schedule A to the Promissory Note.

21.

As a result of their ongoing breaches of the terms of the Promissory Note and Guaranty, Defendants owe ASTA, jointly and severally, the amount of $150,074.00 in principal, interest, and fees, as well as attorneys' fees and costs pursuant to O.C.G.A. § 13-1-11, owed by Defendants to ASTA pursuant to the terms of the Promissory Note and Guaranty.

22.

Through their misconduct, Defendants have acted in bad faith, been stubbornly litigious and caused ASTA unnecessary trouble and expense.

23.

As a result of Defendants' misconduct, ASTA is entitled to an award of its reasonable attorneys' fees and costs incurred in this matter pursuant to O.C.G.A. § 13-6-11.

24.

ASTA has fulfilled all of its obligations to Defendants under the terms of the Promissory Note and Guaranty, respectively.

## COUNT I – BREACH OF CONTRACT

25.

ASTA incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 24 above.

26.

Defendants breached the material terms of the Promissory Note and Guaranty by failing and refusing to make payment of the principal, interest or fees owed to ASTA pursuant to the terms of the Promissory Note, including in accordance with the Payment Schedule set forth in Schedule A to the Promissory Note.

27.

Through their misconduct, Defendants have breached the implied covenant of good faith and fair dealing found in the terms of the Promissory Note and Guaranty, respectively.

28.

As a result of Defendants' breaches of the material terms of the Promissory Note and Guaranty, and of the implied covenant of good faith and fair dealing found in the terms of those agreements, ASTA has suffered compensatory and actual damages, including principal, interest, and fees owed to ASTA in the amount of at least $150,074.00.

29.

ASTA is entitled to an award of the reasonable attorneys' fees and costs incurred by ASTA in this matter pursuant to O.C.G.A. §§ 13-1-11 and 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, ASTA prays for the following relief:

a. Judgment in ASTA's favor on all claims asserted against Defendants;

b. Compensatory and actual damages arising from Defendants' breaches of contract and breaches of the implied covenant of good faith and fair dealing under the terms of the Promissory Note and Guaranty, respectively;

c. An award to ASTA of the reasonable attorneys' fees and costs incurred by ASTA in this matter;

d. An award of pre-judgment interest against Defendants; and

e. Such other relief to ASTA as the Court deems just and proper.

Respectfully submitted this 1st day of August, 2023.

                                                    FISHERBROYLES, LLP

                                                    _____
                                                    JOEL M. FERDINAND
                                                    Georgia Bar No. 583127
                                                    VINCENT BUSHNELL
                                                    Georgia Bar No. 098999
                                                    3340 Peachtree Road NE
                                                    Suite 1800
                                                    Atlanta, Georgia 30326
                                                    Tel: 678-902-7190
                                                    joel.ferdinand@fisherbroyles.com
                                                    vincent.bushnell@fisherbroyles.com

                                                    *Attorneys for Plaintiff,*
                                                    *Janus International Group, LLC*