# **EXHIBIT 2**



638 Cassville White Road NW
Cartersville, GA 30121
Ph: 770.974.2600 / Fax: 770.974.1455

## PERSONAL GUARANTEE

This Personal Guarantee ("**Guarantee**"), dated April 10, 2023 is made by _Jorge Zaulla_, an individual who resides at _[illegible]_ (the "**Guarantor**"), in favor and for the benefit of **ASTA Industries, Inc**, a corporation organized and existing under the laws of the State of Georgia and having its principal place of business at 135 Janus International Boulevard, Temple, Georgia 30179 (the "**Beneficiary**").

Reference is made to that certain Term Promissory Note, dated April 10, 2023 (the "**Underlying Agreement**"), made by and between Beneficiary and **Coast to Coast Carports, Inc.**, a North Carolina corporation with the address located at 1050 Worth St., Mount Airy, NC 27030 (the "**Obligor**"). In consideration of the substantial direct and indirect benefits derived by Guarantor from the transactions under the Underlying Agreement, and in order to induce Beneficiary to enter into such Underlying Agreement for the extension of credit for payment of a duly owed amount by Obligor to Beneficiary and otherwise and as more particularly described in the Underlying Agreement, Guarantor hereby agrees as follows:

Guarantee. Guarantor absolutely, unconditionally and irrevocably guarantees, as primary obligor and not merely as surety, the full and punctual payment and performance of all present and future obligations, liabilities, covenants and agreements required to be observed and performed or paid or reimbursed by Obligor under or relating to the Underlying Agreement and/or that relating to any and all obligations of Obligor that may exist from time to time between the Obligor and the Beneficiary, plus all costs, expenses and fees (including the reasonable fees and expenses of Beneficiary's counsel) in any way relating to the enforcement or protection of Beneficiary's rights hereunder (collectively, the "**Obligations**").

Guarantee Absolute and Unconditional. Guarantor agrees that its Obligations under this Guarantee are irrevocable, continuing, absolute and unconditional and shall not be discharged or impaired or otherwise affected by, and Guarantor hereby irrevocably waives any defenses to enforcement it may have (now or in the future) by reason of:

(a) Any illegality, invalidity or unenforceability of any Obligation or the Underlying Agreement or any related agreement or instrument, or any law, regulation, decree or order of any jurisdiction or any other event affecting any term of the Obligations.

(b) Any change in the time, place or manner of payment or performance of, or in any other term of the Obligations, or any rescission, waiver, release, assignment, amendment or other modification of the Underlying Agreement.

(c) Any taking, exchange, substitution, release, impairment, amendment, waiver, modification or non-perfection of any collateral or any other Guarantee for the Obligations, or any manner of sale, disposition or application of proceeds of any collateral or other assets to all or part of the Obligations.

(d) Any default, failure or delay, willful or otherwise, in the performance of the Obligations.

(e) Any change, restructuring or termination of the corporate structure, ownership or existence of Guarantor or Obligor or any insolvency, bankruptcy, reorganization or other similar proceeding affecting Obligor or its assets or any resulting restructuring, release or discharge of any Obligations.

(f) Any failure of Beneficiary to disclose to Guarantor any information relating to the business, condition (financial or otherwise), operations, performance, properties or prospects of Obligor now or hereafter known to Beneficiary, Guarantor waiving any duty of Beneficiary to disclose such information.

Case 1:23-mi-99999-UNA   Document 2451-2   Filed 08/01/23   Page 3 of 4

(g) The failure of any other guarantor or third party to execute or deliver this Guarantee or any other Guarantee or agreement, or the release or reduction of liability of Guarantor or any other guarantor or surety with respect to the Obligations.

(h) The failure of Beneficiary to assert any claim or demand or to exercise or enforce any right or remedy under the provisions of any Underlying Agreement or otherwise.

(i) The existence of any claim, set-off, counterclaim, recoupment or other rights that Guarantor or Obligor may have against Beneficiary (other than a defense of payment or performance).

(j) Any other circumstance (including, without limitation, any statute of limitations), act, omission or manner of administering the Underlying Agreement or any existence of or reliance on any representation by Beneficiary that might vary the risk of Guarantor or otherwise operate as a defense available to, or a legal or equitable discharge of, Guarantor.

<u>Certain Waivers; Acknowledgments.</u> Guarantor further acknowledges and agrees as follows:

(a) Guarantor hereby unconditionally and irrevocably waives any right to revoke this Guarantee and acknowledges that this Guarantee is continuing in nature and applies to all presently existing and future Obligations, until the complete, irrevocable and indefeasible payment and satisfaction in full of the Term Promissory Note.

(b) This Guarantee is a guarantee of payment and performance and not of collection. Beneficiary shall not be obligated to enforce or exhaust its remedies against Obligor or under the Underlying Agreement before proceeding to enforce this Guarantee.

(c) This Guarantee is a direct Guarantee and independent of the obligations of Obligor under the Underlying Agreement. Beneficiary may resort to Guarantor for payment and performance of the Obligations whether or not Beneficiary shall have resorted to any collateral therefor or shall have proceeded against Obligor or any other guarantors with respect to the Obligations. Beneficiary may, at Beneficiary's option, proceed against Guarantor and Obligor, jointly and severally, or against Guarantor only, without having obtained a judgment against Obligor. Beneficiary may, at Beneficiary's option, enforce the provisions hereof with respect to one or both of such parties constituting Guarantor without seeking to enforce the same as to all or any such parties.

(d) Guarantor hereby unconditionally and irrevocably waives promptness, diligence, notice of acceptance, presentment, demand for performance, notice of non-performance, default, acceleration, protest or dishonor and any other notice with respect to any of the Obligations and this Guarantee and any requirement that Beneficiary protect, secure, perfect or insure any lien or any property subject thereto.

(e) Guarantor agrees that its Guarantee hereunder shall continue to be effective or be reinstated, as the case may be, if at any time all or part of any payment of the Term Promissory Note is voided, rescinded or recovered or must otherwise be returned by Beneficiary upon the insolvency, bankruptcy or reorganization of Obligor.

<u>Subrogation.</u> Guarantor waives and shall not exercise any rights that it may acquire by way of subrogation, contribution, reimbursement or indemnification for payments made under this Guarantee until the Term Promissory Note has been indefeasibly paid and discharged in full.

<u>Representations and Warranties.</u> To induce Beneficiary to enter into the Term Promissory Note, Guarantor represents and warrants that: (i) this Guarantee constitutes Guarantor's valid and legally binding agreement in accordance with its terms; (ii) the execution, delivery and performance of this Guarantee have been duly authorized by all necessary action and will not violate any order, judgment or decree to which Guarantor or any of its assets may be subject; and (iii) Guarantor is currently solvent and will not be rendered insolvent by providing this Guarantee.

<u>Notices.</u> All notices, requests, consents, demands and other communications hereunder (each, a "**Notice**") shall be in writing and delivered to the parties at the addresses set forth herein or to such other address as may be designated by the receiving party in a Notice given in accordance with this section. All Notices shall be delivered by personal delivery, nationally recognized overnight courier, email or certified or registered

mail (return receipt requested, postage prepaid). Except as otherwise provided in this Guarantee, a Notice is effective only (a) with written confirmation of delivery or transmission; (b) upon receipt of the receiving party; and (c) if the party giving the Notice has complied with the requirements of this section.

Assignment. This Guarantee shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns; provided, however, that Guarantor may not, without the prior written consent of Beneficiary, assign any of its rights, powers or obligations hereunder. Beneficiary may assign this Guarantee and its rights hereunder without the consent of Guarantor. Any attempted assignment in violation of this section shall be null and void.

Governing Law; Service of Process. THIS GUARANTEE SHALL BE GOVERNED BY AND CONSTRUED UNDER THE LAWS OF THE STATE OF GEORGIA, WITHOUT REFERENCE TO ANY CHOICE OF LAW DOCTRINE. EACH PARTY IRREVOCABLY CONSENTS TO SERVICE OF PROCESS IN THE MANNER PROVIDED FOR NOTICES IN THE FOREGOING NOTICE SECTION HEREOF AND AGREES THAT NOTHING HEREIN SHALL AFFECT THE RIGHT OF ANY PARTY HERETO TO SERVE PROCESS IN ANY MANNER PERMITTED BY APPLICABLE LAW.

Waiver of Jury Trial. EACH PARTY HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHTS TO TRIAL BY JURY WITH RESPECT TO ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS GUARANTEE OR ANY OF THE OBLIGATIONS HEREUNDER.

Cumulative Rights. Each right, remedy and power hereby granted to Beneficiary or allowed it by applicable law or other agreement shall be cumulative and not exclusive of any other, and may be exercised by Beneficiary at any time or from time to time.

Severability. If any provision of this Guarantee is to any extent determined by final decision of a court of competent jurisdiction to be unenforceable, the remainder of this Guarantee shall not be affected thereby, and each provision of this Guarantee shall be valid and enforceable to the fullest extent permitted by law.

Entire Agreement; Amendments; Headings; Effectiveness. This Guarantee constitutes the sole and entire agreement of Guarantor and Beneficiary with respect to the subject matter hereof and supersedes all previous agreements or understandings, oral or written, with respect to such subject matter. No amendment or waiver of any provision of this Guarantee shall be valid and binding unless it is in writing and signed, in the case of an amendment, by both parties, or in the case of a waiver, by the party against which the waiver is to be effective. Section headings are for convenience of reference only and shall not define, modify, expand or limit any of the terms of this Guarantee. Delivery of this Guarantee by facsimile or in electronic (i.e., pdf or tif) format shall be effective as delivery of a manually executed original of this Guarantee.

IN WITNESS WHEREOF, Guarantor has executed this Guarantee as of the day and year first above written.

GUARANTOR:

_Jose Zavala_
*Sign as an individual, not as an officer or partner*

By: _Jorge Zavala_

Date: _04/21/2023_

_[signature]_
*Witness*