# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **LATORIC JOHNSON and** ) <br> **ABIOLA A. ADESIDA,** ) <br> ) <br> ) Civil Action <br> **Plaintiffs,** ) <br> ) <br> vs.  ) CASE NO.:_____ <br> ) <br> ) <br> **UR MENDOZA JADDOU,** Director ) <br> of U.S. Citizenship and Immigration ) <br> Services**,** and **JOSE L. LUYANDA,** ) <br> Director of Montgomery Field Office of ) <br> U.S. Citizenship and Immigration Services. ) <br> ) <br> **Defendants.** ) <br> _____) | |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS
AND DECLARATORY JUDGMENT
<u>UNDER THE ADMINISTRATIVE PROCEDURE ACT</u>**

**To the Honorable Judges of this Court:**

COME NOW, Latoric Johnson and Abiola A. Adesida, Plaintiffs in the above-styled and -numbered cause, by and through the undersigned attorney of record, and for cause of action would show this Honorable Court the following:

-1-

1. This action is brought against the Defendants to compel action on the Form I-485, Application to Register Permanent Residence or Adjust Status and Form I-130, Petition for Alien Relative filed by Plaintiffs. The Application and Petition remain within the jurisdiction of the Defendants, who have improperly withheld action on said Application and Petition to Plaintiffs' detriment.

## PARTIES

2. Plaintiff, Latoric Johnson, (hereinafter "Plaintiff Petitioner") is a forty-five-year-old native and citizen of the United States. She filed a Petition for Alien Relative on behalf of her spouse on December 20, 2018.

3. Plaintiff, Abiola Adefemi Adesida, (hereinafter "Plaintiff Beneficiary") is a forty-six-year-old native and citizen of Nigeria. He filed an Application to Adjust Status on December 20, 2018.

4. Defendant Ur Mendoza Jaddou is the Director of USCIS.  USCIS is the branch of DHS that is charged with all adjudication duties pertaining to immigration applications. Defendant Jaddou is the official of USCIS generally charged with administrative and supervisory authority over all operations of USCIS including the Atlanta Field Office. Defendant Jaddou is sued in her official capacity.

5. Defendant Jose L. Luyanda is the Director for the Montgomery Field Office of USCIS. Defendant Luyanda is sued in his official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within her District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B). Specifically, Defendant is responsible for the adjudication of Petitions for Alien Relatives and Applications for Adjustment of Status in her service area. As will be shown, Defendant is the official with whom Plaintiffs' applications were properly filed.

## JURISDICTION

6. Jurisdiction, in this case, is proper under 8 U.S.C. § 1447(b); 28 U.S.C. §§1331 and 1361, 5 U.S.C. § 701 et seq.; and 28 U.S.C. § 2201 et seq. Relief is requested according to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 USC § 1391(e), as this is an action against officers and agencies of the United States in their official capacities brought in the District where Plaintiffs reside, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

8. Plaintiffs have exhausted their administrative remedies. No other remedy is adequate in this case because Defendants have not made a decision on the Plaintiffs' Application and Petition for over four and a half years. Immediate action, such as that offered by a mandamus action under the Administrative Procedure Act, is the only relief that can resolve the instant case.

## CAUSE OF ACTION

9. Plaintiff Petitioner and Plaintiff Beneficiary submitted their I-130 Petition and I-485 Application on December 20, 2018.

10. The Service improperly denied Plaintiffs' application and petition on February 12, 2020. See **Exhibit 1**, Denial Decision.

11. In response to a Motion to Reopen and Reconsider by the Plaintiffs, the Service withdrew the decision to deny Plaintiffs' Petition on September 4, 2020, reopening the case. See **Exhibit 2**, Decision to Reopen and Reconsider.

12. On September 4, 2020, the Service issued a Request for Evidence (hereinafter "RFE"). See **Exhibit 3**, Requests for Evidence. Plaintiffs timely and thoroughly responded. See **Exhibit 4**, Responses to Requests for Evidence.

13. On October 12, 2020, Plaintiffs submitted a service request seeking adjudication of the I-130 Petition and I-485 Application (Request ID Number SR11442106152MSC).

14. On May 24, 2021, Plaintiffs submitted a second service request seeking adjudication of the I-130 Petition and I-485 Application (Request ID Number SR12862004628MSC). The Service responded to Plaintiffs' second service request by forwarding the inquiry to the National Benefits Center (Referral ID WKD2801901181MSC).

15. The Service scheduled an initial interview for October 15, 2021. See **Exhibit 5**, Initial Interview Notice. Plaintiffs attended the interview together and were separately interviewed by a USCIS officer.

16. On October 20, 2021, the Service issued a second Request for Evidence for the Application. See **Exhibit 3**. Again, Plaintiffs timely and thoroughly responded. See **Exhibit 4**.

17. On August 1, 2022, Plaintiffs submitted another service request seeking adjudication of the I-130 and I-485 (Request ID number SR12132203002MGA). The Service's response anticipated a decision or other notice within 120 days and forwarded the inquiry to the National Benefits Center (Referral ID SR12132203002MGA).

18. On December 13, 2022, Plaintiffs submitted another service request seeking adjudication of the I-130 and I-485 (Request ID number SR13472202029ATL).

    The Service's response stated that "your application is still pending the scheduling of your interview."

19. Plaintiffs have received no further correspondence from Defendants since the most recent service request.

20. Defendants' failure to make a decision in this case has caused and continues to cause harm to Plaintiffs in denying Plaintiff Beneficiary an immigration privilege, contrary to law.

## LEGAL BACKGROUND

21. This Court has jurisdiction to review USCIS's action concerning Plaintiffs' immigration case according to 28 U.S.C. § 1331 and the Administrative Procedure Act.  See <u>Kim v. Ashcroft</u>, 340 F. Supp. 2d 384 (S.D.N.Y. 2004) (holding that subject matter jurisdiction exists pursuant to the Defendant's violation of 5 U.S.C. § 555(b) of the Administrative Procedure Act ("APA") in conjunction with the federal question statute); <u>Yu v. Brown</u>, 36 F. Supp.2d 922, 930 (D.N.M. 1999) (noting that "courts have specifically recognized jurisdiction under § 1331 and the APA to hear challenges to INS delays in processing visas, LPR, and citizen applications").

22. The APA, 5 USC §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a

court are subject to judicial review." There is no other appropriate remedy in this situation because USCIS has withheld action on Plaintiffs' I-130 Petition and I-485 Application. Thus, the only option for Plaintiffs is this instant action in this court.

23. Moreover, 5 U.S.C. § 706 states:

> The reviewing court shall—
>
> **(1)** compel agency action unlawfully withheld or unreasonably delayed; and
>
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
>
>> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>>
>> **(B)** contrary to constitutional right, power, privilege, or immunity;
>>
>> **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>>
>> **(D)** without observance of procedure required by law;
>>
>> **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>>
>> **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

24. In this case, this Court has jurisdiction to compel agency action to review and issue a decision regarding Plaintiffs' case.

25. Defendants, in violation of the Administrative Procedure Act, 5 U.S.C §701 *et seq.*, have unlawfully withheld action on Plaintiffs' Application and Petition and therefore have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case to the detriment of the Plaintiffs.

26. Plaintiffs desire an order by this Court directing Defendants to adjudicate Plaintiffs' Application and Petition immediately, and an order enjoining Defendants from further delaying the adjudication of Plaintiffs' Application to Adjust Status and Petition for Alien Relative.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court grand the following relief:

(a) Enter an order requiring Defendants to immediately adjudicate Plaintiffs' Petition for Alien Relative and Application to Adjust Status;

(b) Award Plaintiffs reasonable attorney's fees under the Equal Access to Justice Act; and,

(c) Grant such other relief at law and in equity as justice may require.

Respectfully submitted,

This, the 1st day of August, 2023.

                                           **THE FOGLE LAW FIRM, LLC**

                                           /s/H. Glenn Fogle, Jr.
                                           by: H. Glenn Fogle, Jr.
                                           Georgia Bar No. 266963
                                           Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com

-9-