IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Nicholas Coppola, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Transworld Systems, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.* and the Fair Credit Reporting Act (FCRA) 15 U.S.C. §§ 1681 *et seq.*

## PARTIES

1. Plaintiff, Nicholas Coppola, is a natural person who resides in Jackson County, Georgia.

2. Defendant, Transworld Systems, Inc. ("TSI" or "Defendant"), is a corporation formed under the laws of the State of California and registered to do business in Georgia. Defendant may be served with process via its registered agent, C T Corporation, at 289 S. Culver Street, Lawrenceville, GA 30046.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's FDCPA and FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person allegedly obligated to pay consumer debts arising out of an apartment lease and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Plaintiff signed a 15 month residential apartment lease from August 22, 2020 to November 21, 2022.

13. Plaintiff made every contractual payment on his 15 month lease on time.

14. Plaintiff vacated the premises on November 19, 2021, two days before he was required to vacate.

15. Plaintiff applied for a loan on September 26, 2022 and was denied due to an account tradeline from Defendant on his credit report.

16. Plaintiff was unaware of the alleged debt or the erroneous information on his credit report until he was denied for a loan.

17. Defendant had furnished a tradeline to credit reporting agencies stating that Plaintiff owed over $14,000 on the apartment lease.

18. Plaintiff sent a letter of dispute to Transunion in October of 2022 stating that the tradeline provided by Defendant was factually incorrect and included corroborating documents.

19. Plaintiff received a response from Trans Union in February of 2023 stating that Defendant had verified the erroneous information on Plaintiff's credit report.

20. The erroneous information is still being reported on Plaintiff's credit report.

21. Defendant's actions caused inaccurate information about Plaintiff's credit history to be reported to third parties.

22. Defendant's actions caused Plaintiff anxiety and worry due to Defendant's abusive behavior.

23. Defendant took time out of his day to seek the advice of counsel regarding the Defendant's collection attempts.

## INJURIES-IN-FACT

24. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

25. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

26. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

27. Defendant's acts and omissions caused particularized harm to the Plaintiff in that he suffered worry and anxiety that he would continue to have false information about his credit history reported to third parties.

28.  Plaintiff was denied a loan due to the erroneous information reported by Defendant.

29.  Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing

## DAMAGES

30.  As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)  Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)  Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.)  Anxiety and worry due to concerns that she would continue to receive collection attempts on this account; and

d.)  Invasion of privacy.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 *et seq.***

31. Plaintiff incorporates by reference paragraphs 1 through 30 as though fully stated herein.

### *Violations of 15 U.SC. § 1692e and its subparts*

32. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

33. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

34. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non•abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non•exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

35. "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135•36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer•protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the

gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

36. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

37. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

38. The Defendant's representation to the Plaintiff that any dispute must be in writing and accompanied by "proof" that the Plaintiff did not owe the debt in collection was objectively false and materially misleading, and a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(8).

39. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount

of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, *et seq.*

40. Plaintiff incorporates by reference paragraphs 1 through 39 as though fully stated herein.

41. O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

42. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

43. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

44. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

45. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

46. Defendant's conduct has implications for the consuming public in general.

47. Defendant's conduct negatively impacts the consumer marketplace.

48. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

49. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

50. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

51. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

52. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

53. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## COUNT III

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)

54. Plaintiff incorporates by reference paragraphs 1 through 53 as though fully stated herein.

55. Pursuant to 15 U.S.C. § 1681s-2(a), TSI is responsible for providing accurate information whenever it furnishes information to any consumer reporting agencies.

56. Upon information and belief, Trans Union timely notified TSI of Plaintiff's dispute, and provided TSI with all the relevant information that Plaintiff had submitted.

57. Pursuant to 15 U.S.C. § 1681s-2(b), TSI had a duty to investigate Plaintiff's dispute and accurately report its findings to Trans Union.

58. A furnisher's investigation must be a good faith effort to ascertain the truth; a reasonable investigation must answer the substance of the consumer's dispute, and may not merely be a *pro forma* record review that simply begs the question.

59. A reasonable investigation clearly requires some degree of careful inquiry, and more than just a superficial inquiry.

60. The reasonableness of an investigation under the FCRA is generally a question of fact for the jury.

61. In order to conduct a reasonable investigation, and pursuant to 15 U.S.C. § 1681s-2(b), TSI was required to review and consider all relevant information submitted by Plaintiff to Trans Union.

62. Plaintiff's dispute was clear and unambiguous as to the inaccuracies of reporting the debt.

63. TSI breached its duties as described herein.

64. If TSI had conducted a reasonable investigation of Plaintiff's dispute, TSI would have reviewed and considered all of the information Plaintiff submitted to Trans Union in his dispute, and would have easily detected that what was being reported regarding the debt was factually incorrect, inaccurate, and misleading.

65. If TSI had conducted a reasonable investigation of Plaintiff's dispute, the tradeline on Plaintiff's consumer reports would have been corrected accordingly.

66. Due to TSI's failures to provide accurate information, and failures to conduct reasonable investigations of Plaintiff's dispute, the false and misleading

information in Plaintiff's credit file and on Plaintiff's reports as described herein was not appropriately modified.

67. TSI had all the information necessary to correct its reporting. Despite that, TSI failed to suitably correct its reporting, in the face of clear evidence that it was false and misleading. That failure indicates that TSI's investigation procedures were not reasonable.

68. The fact that TSI had all the information necessary to correct its reporting, yet failed to appropriately do so, further indicates that TSI recklessly disregarded Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

69. TSI willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation upon receiving notice of Plaintiff's dispute from Trans Union, by failing to appropriately modify the disputed information, and/or by failing to appropriately report the results of its investigation, in reckless disregard of the statutory requirements and Plaintiff's dispute.

70. As a result of TSI's violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages as stated herein. Plaintiff is, therefore, entitled to recover actual damages from TSI under 15 U.S.C. §§ 1681n and 1681o.

71. TSI's actions and omissions were willful, rendering TSI liable to Plaintiff for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

72. Plaintiff is entitled to recover costs and attorneys' fees from TSI pursuant to 15 U.S.C. §§ 1681n and 1681o.

## TRIAL BY JURY

74. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d);

f.) Statutory damages of $1,000 per violation of the FCRA pursuant to 15 U.S.C. § 1681n;

g.) Punitive damages pursuant to 15 U.S.C. § 1681n;

h.)   Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o; and

i.)   Such other and further relief as may be just and proper.

Respectfully submitted this 28th day of July, 2023.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
Telephone: (404) 235-3334
2751 Buford Highway, Suite 600
Atlanta, GA 30324

*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 509
Londonderry, Vermont 05148
Phone 651-208-6441
Fax 404-592-6102
chris.armor@armorlaw.com

*Counsel for Plaintiff*