No. 23A02118

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

Date Summons Issued and Filed
5/12/2023

**SUMMONS**

/s/ Monica Gay

Deputy Clerk

ARGELIA SOLITO

Deposit Paid $ _____

5495 Jimmy Carter Blvd, Suite B-17 , Norcross GA, 30093
(Plaintiff's name and address)

[ ]   **ANSWER**

**vs.**

[·]   **JURY**

SAM'S EAST, INC

The Corporation Company (FL) 106 Colony Park Drive, Ste. 800-B

Cumming GA, 30040-2794 Forsyth County
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Ashanti Armstrong
(Name)
5495 Jimmy Carter Blvd, Suite B-17 , Norcross GA, 30093
(Address)
(770) 409 1529                         878516
(Phone Number)                (Georgia Bar No.)

an ANSWER to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney                                 Third Party Attorney

Address                                              Address

Phone No.            Georgia Bar No.                 Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☐ Account          ☒ Personal Injury         Principal      $ _____
☐ Contract         ☐ Medical Malpractice
☐ Note             ☐ Legal Malpractice        Interest       $ _____
☐ Trover           ☐ Product Liability
                   ☐ Other                    Atty Fees      $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT OF
DEKALB COUNTY, GA.
5/12/2023 1:44 PM
summons F2003rev
BY: Monica Gay

EXHIBIT A

Civil Action No. _23?? 2 ? ?_

Date Filed _? ?? ? / ? ? . ?_

Magistrate Court ☐
Superior Court ☐
State Court ☐—
Georgia, Gwinnett County

_____

_____

**Plaintiff**

VS.

Attorney's Address

_____

Name and Address of party to be served.

_____

_____

_____

**Defendant**

_____

_____

**Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐  I have this day served the defendant _____ personally with a copy
of the within action and summons.

**Notorious** ☐  I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at
the residence of defendant.

**Corporation** ☑  Served the defendant ___The Corporation Company___ a corporation

by leaving a copy of the within action and summons with ___Dauvon Jackson___

in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐  Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This ___24th___ day of ___??1___ , 20 ___23___.

_____
**Deputy**

Sheriff Docket_____ Page_____

_____
**Gwinnett County, Georgia**

WHITE:  Clerk          CANARY:  Plaintiff / Attorney          PINK:  Defendant

SC-2 Rev.3.13

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ARGELIA SOLITO | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. 23A02118 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SAM'S EAST INC. | ) | |
| JOHN DOE 1-2 ABC Corp., and XYZ Corp. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ARGELIA SOLITO, Plaintiff, and makes and files this Summons and

Complaint against Defendants, as follows:

### PARTIES, VENUE AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia.

2.

SAM'S EAST INC ("Defendant Sam's club") is a corporation registered to do business

and doing business in the state of Georgia.

3.

Defendant SAM'S EAST INC may be served with process by second original through its

registered agent, to wit: The Corporation Company (FL) 106 Colony Park Drive Ste. 800-B,

Cumming, GA 30040-2794 Forsyth County.

4.

Defendants John Doe and Jane Doe are individuals responsible for managing and maintaining the premises involved in the subject incident and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Sams East Inc ("Defendant Sam's Club") against Defendants John Doe and Jane Doe as well. Defendants John Doe and Jane Doe will be named and served with the Summons and Complaint once his or her identity is revealed.

5.

Defendants ABC Corp. is an entity that owned, possessed or controlled the premises involved in the subject incident and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendant Sams East Inc ("Defendant Sam's club") against Defendant ABC Corp. as well. Defendant ABC Corp. will be named and served with the Summons and Complaint once its identity is revealed.

6.

Defendants are subject to the jurisdiction of this Court.

7.

This Court has jurisdiction over the subject matter of this action.

8.

Venue is proper in this Court because the cause of action originated in Dekalb County and Sam's East Inc ("Defendant Sam's Inc") has an office in and transacts business in Dekalb County;

## BACKGROUND

9.

On or about August 5th 2021, Plaintiff was a shopper at Sam's club ("Defendant") branch located at 1940 Mountain Industrial Blvd. Tucker GA 30084 ("the PREMISES").

10.

Defendant Sam's Club ("Defendant") had ownership, possession and control over the PREMISES at all times relevant to this litigation.

11.

Plaintiff was in an open area permitted to patrons of the PREMISES at all relevant times.

12.

Plaintiff was at the PREMISES during normal business hours.

13.

Plaintiff was walking through the bakery isle of the PREMISES' a concrete walkway.

14.

The walkway had oil spillage on it without a warning sign.

15.

Due to the slippery nature of the walkway, Plaintiff fell.

16.

Plaintiff suffered serious injury to her ankle, leg and thighs as a result of the fall.

17.

Plaintiff incurred medical expenses for treatment of her injuries.

## COUNT I
## NEGLIGENCE OF SAMS EAST INC:
## DOCTRINE OF RES IPSA LOQUITUR

1.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

2.

Defendant had actual or constructive knowledge of the hazardous condition of the bakery section of the premises.

3.

Defendant owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

4.

The instrumentality that caused the incident, oily concrete floor, was in the exclusive control of the Defendant.

5.

Defendant was negligent in failing to keep that section of the premises safe for regular use by invitees.

6.

Plaintiff did not voluntarily contribute to her own injuries.

7.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

8.

Defendant is, therefore, liable to Plaintiff for damages caused by Defendant's negligence.

## COUNT II
## NEGLIGENT MAINTENANCE OF PREMISES

18.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

19.

Defendant Sam's club had actual or constructive knowledge of the hazardous condition of the walkway for patrons of the Store.

20.

Plaintiff had no knowledge of the hazard despite Plaintiff's exercise of ordinary care.

21.

Defendant Sams club's knowledge of the hazardous condition of the premises was superior to that of Plaintiff.

22.

Defendant Sam's Club owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

23.

Defendant Sam's Club was negligent in failing to properly inspect the walkway.

24.

Defendant Sam's Club was negligent in failing to properly maintain the walkway.

25.

Defendant Sam's Club was negligent in failing to take adequate measures to protect invitees from the danger of the walkway and in failing to keep the premises safe for invitees.

26.

Defendant Sam's Club was negligent in failing to warn Plaintiff of the hazardous condition of the premises.

27.

Defendant Sam's club. negligence was the proximate cause of Plaintiff's injuries.

## COUNT III
## VICARIOUS LIABILITY

28.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

29.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff was injured were employed by Defendant Sam's Club and were acting within the scope of their employment.

30.

Defendant Sam's Club is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, vicarious liability, agency or apparent agency.

## COUNT IV
## NEGLIGENT TRAINING & SUPERVISION

31.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

32.

Defendant Sam's Club was negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees and agents concerning safety procedures for inspecting and maintaining the premises.

33.

Defendant Sam's Club was negligent in training and supervising its staff and agents.

34.

As a result of Defendant Sam's Club's negligence in training and supervising its employees and agents, Plaintiff was injured on the premises.

## COUNT IV
## SAMS EAST INC'S NEGLIGENCE PER SE:
## VIOLATION OF O.C.G.A. § 51-3-1

1.

Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

2.

Defendant's acts were in violation pursuant to OCGA § 51-3-1 regulating the duty of Duty of owner or occupier of land to invitee.

3.

Defendant failed to exercise ordinary care in keeping the premises safe, as required under OCGA § 51-3-1.

4.

Defendant had actual or constructive knowledge of the hazardous condition of the bakery section of the premises.

5.

Defendant was negligent in failing to properly inspect the bakery section of the premises having due regard for the safety of its invitees.

6.

Defendant was negligent in failing to properly maintain the bakery section of the premises.

7.

Defendant was negligent in failing to take adequate measures to protect invitees from the danger of the oily concrete floor on the bakery section of the premises.

8.

Defendant was negligent in failing to warn Plaintiff of the hazardous conditions of the premises.

9.

Defendant was negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees and agents concerning safety procedures for inspecting and maintaining the premises.

10.

OCGA § 51-3-1 was designed to prevent this type of incident and injuries involved in the subject litigation.

11.

Plaintiff is a member of the class intended to be protected by OCGA § 51-3-1.

12.

Defendant's violation of OCGA § 51-3-1 proximately caused Plaintiffs injuries.

13.

Defendant is thus strictly liable to Plaintiff for damages caused by Defendant's violation of OCGA § 51-3-1.

## COUNT V
### NOTICE OF INTENT TO USE CERTIFIED DOCUMENTS AT TRIAL

35.

Plaintiff hereby gives notice that Plaintiff intends to offer documents, including, but not limited to, medical records into evidence pursuant to O.C.G.A. § 24-9-902.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants in the following particulars:

a. That summons be issued requiring the Defendants to appear as provided by law to answer fully and completely each and every allegation in this instant Complaint;

b. That Plaintiff have and recover compensatory damages from the Defendants in such an amount as the jury deems just and appropriate to fully and completely compensate

Plaintiff for all of Plaintiff's injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

c. That Plaintiff have and recover from said Defendants special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial; d)

d. That the Plaintiff be awarded the costs of this action, including reasonable attorneys' fees, as the Defendants have acted and continues to act in a manner that is stubbornly litigious, causing Plaintiff unnecessary trouble and expense within the meaning of O.C.G.A. Section 13-6-11;

e. That Plaintiff be awarded the costs of this action, including reasonable attorneys' fees, as the defenses in this action have lacked substantial justification, and/or were interposed for delay or harassment, and/or the Defendants unnecessarily expanded the proceeding by other improper conduct pursuant to O.C.G.A. Section 9-15-14;

f. That Plaintiff be awarded the costs of this action, including reasonable attorneys' fees, as the defenses in this action have lacked substantial justification, and/or were not made in good faith, and/or the Defendants unnecessarily expanded the proceeding by other improper conduct pursuant to O.C.G.A. Section 9-11-68;

g. That this matter be tried to a jury;

h. That all costs be cast against the Defendants;

i. For such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each claim for which she has a right to a jury.

Respectfully submitted this 12th day of May, 2023

**770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.**

By: /s/ *Ashanti Armstrong, Esq.*
Ashanti Armstrong, Esq.
GA State Bar No. 878516
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
ashanti@770goodlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
5/12/2023 1:44 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

ARGELIA SOLITO                          )
                                        )                    23A02118
              Plaintiff,                )        Civil Action File No.
                                        )
v.                                      )
                                        )        JURY TRIAL DEMANDED
SAM'S EAST INC.                         )
JOHN DOE 1-2 ABC Corp., and XYZ Corp. )
                                        )
                                        )
              Defendants.               )

## RULE 5.2 CERTIFICATE OF SERVICE

COMES NOW, Plaintiff in the above - styled action hereby certifies that a copy of PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT; AND PLAINTIFF'S REQUEST FOR ADMISSION has been served upon all parties and/or counsel of record by depositing a copy of the same in the United States Mail with sufficient postage affixed thereto ensure delivery as follows:

SAM'S EAST INC
The Corporation Company (FL)
106 Colony Park Drive Ste. 800-B
Cumming, GA 30040-2794

Respectively submitted this 12th day of May 2023

[SIGNATURE TO CONTINUE ON NEXT PAGE]

STATE COURT OF
DEKALB COUNTY, GA.
5/12/2023 1:44 PM
E-FILED
BY: Monica Gay

**770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.**

By: /s/ *Ashanti Armstrong, Esq.*
    Ashanti Armstrong, Esq.
    GA State Bar No. 878516
    Sean Fields, Esq.
    GA State Bar No. 926158
    Hung Q. Nguyen, Esq.
    Georgia Bar No.: 940370
    *Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
ashanti@770goodlaw.com

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ARGELIA SOLITO | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.23A02118 |
| | ) | |
| v. | ) | |
| | ) | |
| SAM'S EAST INC. | ) | |
| JOHN DOE 1-2 ABC Corp., and XYZ Corp. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT

To:    Sam's East Inc.
       The Corporation Company (FL)
       106 Colony Park Drive Ste. 800-B
       Cumming, GA 30040-2794 Forsyth County.

COMES NOW, Plaintiff ARGELIA SOLITO ("Plaintiff"), in the above-styled civil action, and files these First Interrogatories to Defendant SAM'S EAST INC ("Defendant"), pursuant to O.C.G.A. §9-11-33. The Defendant is required to answer these interrogatories separately, fully and in writing, under oath, and to serve a copy of your answers upon the undersigned within forty-five (45) days from the time said interrogatories are served upon you.

If an interrogatory seeks information contained in a document, Defendant may attach a copy of the document in lieu of answering that interrogatory. If Defendant chooses to answer by reference to a document, the answer must identify the document upon which Defendant relies.

These interrogatories are continuing in nature until the day of trial, and Defendant is required to serve supplemental answers as additional information becomes available.

## I.    DEFINITION OF TERMS

1.      The terms "Defendant" and "you" and any synonym or plural thereof and derivatives there from means the Defendant, and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf.  See O.C.G.A. §9-11-33(a).

2.      The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

3.      The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

4.      The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents", whether used or not.

5.      The words "identify" or "identity" used in conjunction with "documents" means to state the date of the document, its author and sender (if appropriate), its intended recipient (if

appropriate), and a general statement of the form and content of each such document reflecting the contents of the document and the identity of its custodian.

6.     The words "identify", or "identity" when used in conjunction with a request for the identity of a "person" means to state the person's complete name, home address, home phone, business address, business phone, and job description.

7.     Defendant is reminded of the duty to supplement Defendant's answers to these Interrogatories as required by O.C.G.A. §9-11-26(e).

## II.     INTERROGATORIES

1.

Identify each individual who assisted in the answering of these interrogatories and which interrogatories they assisted in answering and give their official position.

2.

Identify all persons who have assisted in or were consulted in the process of gathering the information requested herein and as to each person state the interrogatory for which he or she provided information.

3.

With respect to your employee or employees who was in the immediate vicinity of Plaintiff at the time of the incident, the branch manager and any manager on duty at the time of the incident which is the subject of this lawsuit please:

(a)     identify them;

(b)     state whether you have obtained a statement from them;

(c)     state the date that the statement was obtained;

(d)     the identity of the person who took the statement;

(e)    describe the information which they possess which is relevant to this action;

(f)    identify all documents which record, reflect, or otherwise evidence statements they have given and your communications with them.

4.

With respect to each person, not identified above, who witnessed, or claims to have witnessed, or has knowledge of any facts concerning the incident which is the subject of this lawsuit please:

(a)    identify them;

(b)    state whether you have obtained a statement from them;

(c)    state the date that the statement was obtained;

(d)    and the identity of the person who took the statement;

(e)    describe the information which they possess which is relevant to this action;

(f)    identify all documents which record, reflect, or otherwise evidence statements they have given and your communications with them.

5.

With respect to any maps, pictures, photographs, videotapes, drawings, diagrams, measurements or other written or recorded descriptions of the incident, the scene of the incident, or the areas or persons involved (including Plaintiff) that you, or any agent or employee of yours, have possession or control of, or know of the existence of, please state:

(a)    its nature or type and specific subject matter;

(b)    the date and time it was made or taken;

(c)    the identity the person making or taking it;

(d)    its present location; and

(e)     the identity of the person at whose request it was made or taken.

6.

With respect to any physical infirmity (including problems with eyesight and hearing), disability or sickness any person identified in the two preceding interrogatories was suffering from at the time of the occurrence of the incident described in the Complaint please state as to each condition:

(a)     a general description of any such condition, including its nature, extent and severity;

(b)     the duration of time, in months and days (or years if more applicable), that they had any such condition prior to this incident;

7.

For all individuals assisting in answering these interrogatories, if you have ever been arrested for, convicted of, or entered a plea of guilty to a crime, please state the nature of the charge, the date of the charge, the court of jurisdiction, and the place of the charge.

8.

In your own words, how did the incident occur and, state specifically and in detail, what is your claim or contention regarding any cause or contributing cause of the incident, including, in detail, the facts or information upon which this contention is based?

9.

Describe in detail all actions taken by you or your employees to prevent the incident, and all actions taken by you or your employees in response to the incident.

10.

Identify each person or entity you contend contributed to the cause of the subject incident, and as to each, describe the act or omission that you contend constituted a contributing factual cause of the incident.

11.

Please describe as fully as possible the date, time, and weather conditions at the time and location of the subject incident, being sure to include conditions of light, precipitation and temperature.

12.

Please identify each person you may call as an expert witness at the trial of this action and as to each:

(a)     describe his or her qualifications as an expert; the subject matter upon which he or she is expected to testify, the expert's opinions and include a summary of the grounds for each opinion;

(b)     identify all documents which have been exchanged with each witness, including reports and billing statements and payments; describe the financial arrangements with the expert; identify all actions in which the expert has provided testimony in the five years preceding your response; and identify all documents prepared by each witness which relate to the subject matter of this lawsuit.

13.

For each and every bodily injury liability insurance policy that may be available to cover injuries suffered by Plaintiff as a result of the incident that forms the basis of Plaintiff's Complaint,

what is the name of the insurance company, the name of the insured, the policy number and the limits of coverage?

14.

What is the identification, including full name and current address, of any potential party to this lawsuit not already named as a party hereto?

15.

What are all the facts that support each and every one of your denials of any of Plaintiff's allegations contained in Plaintiff's Complaint?

16.

What are all the facts supporting your Affirmative Defenses?

17.

What is the full name, title, address, and telephone number of each and every person, whether or not your employees and agents, who was involved in the construction and the maintenance of the bakery section of the store where the incident occurred, including those who planned it, authorized it, approved it, and carried it out?

18.

For each photograph and video recording that is relevant to Plaintiff's claims or your defenses, what is the name, address and telephone number of the person that took the photograph or recorded the video and what is the date or approximate date that it was taken or recorded?

19.

Do you have a copy of any statement previously made by the Plaintiff concerning the action or its subject matter and that is in your possession, custody, or control (for the purpose of this question, a statement previously made is a written statement signed or otherwise adopted or

approved by the person making it, or a stenographic, mechanical, electrical, or other recording, or a transcription that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded)?

20.

What are the contents, complete and full, and identification, of all representations, statements, declarations or admissions made by the Plaintiff or any agents, servants or employees of the Plaintiff?

21.

What are the details of any conversations you have had with the Plaintiff or Plaintiff's representative following the subject incident?

22.

If there have been any prior similar incidents at any of Defendant's business locations, describe the nature of the incident, the date, the parties involved, whether a claim was made and if litigation ensued, the jurisdiction of the lawsuit and the caption of the case.

23.

Identify the individual or individuals with knowledge of similar incidents at any of Defendant's business locations.

24.

Please identify all persons who investigated the cause and circumstances of this personal injury accident for you.

25.

What is the description of, the condition of, the location of and who is the custodian of all documents, writings and tangible things that demonstrate or support facts relevant to this litigation.

(See E.H. Siler Realty and Business Broker, Inc. v. Sunderlin, 158 Ga. App. 796, 798, 282 S.E. 2d

381 (1981)); (See O.C.G.A. § 9-11-26).

Respectfully submitted this 12th day of May, 2023

**770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.**

By: */s/ Ashanti Armstrong, Esq.*
    Ashanti Armstrong, Esq.
    GA State Bar No. 878516
    Sean Fields, Esq.
    GA State Bar No. 926158
    Hung Q. Nguyen, Esq.
    Georgia Bar No.: 940370
    *Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
ashanti@770goodlaw.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ARGELIA SOLITO                                    )
                                                  )
              Plaintiff,                          )        Civil Action File No.23A02118
                                                  )
v.                                                )
                                                  )
SAM'S EAST INC.                                   )
JOHN DOE 1-2 ABC Corp., and XYZ Corp. )
                                                  )
                                                  )
              Defendants.                         )

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

To:    Sam's East Inc.
       The Corporation Company (FL)
       106 Colony Park Drive Ste. 800-B
       Cumming, GA 30040-2794 Forsyth County.

COMES NOW, Plaintiff ARGELIA SOLITO ("Plaintiff"), and pursuant to the Georgia

Civil Practice Act, O.C.G.A. § 9-11-34, requests Defendant SAM'S EAST INC ("Defendant") to

produce the following documents at the offices of Law Office of Hung Q. Nguyen & Associates

at 5495 Jimmy Carter Boulevard, Suite B-17, Norcross, Georgia 30093 within forty-five (45) days

from service hereof.  In compliance with O.C.G.A. § 9-11-34, the Defendant is required to produce

and permit the Plaintiff to inspect and copy the designated documents.  Defendant is reminded of

the duty to supplement the responses to this Request for Production of Documents as required by

O.C.G.A. § 9-11-26.

The definitions included in the Interrogatories served on this Defendant are incorporated

by reference and apply to the requested documents

## I.   IDENTIFICATION OF PRIVLEGED DOCUMENTS

If the production of any document is withheld pursuant to a claim of a privilege, the Defendant is required to provide, in lieu of production, the following identifying information on each such document; (a) title; (b) date; (c) author; (d) addressee; (e) all copy addresses; (f) a brief description of the document with sufficient specificity to reveal its subject matter; (g) the form of the document and any attachments; (h) the present location of the document; (i) the identity of the persons or persons who have custody, control, or possession of the document; and (j) a statement of the basis on which the privilege is claimed.

## II.  REQUEST FOR DOCUMENTS

1.

Please provide any and all police report(s) or other report of investigation of any governmental agency or private organization relating to the occurrence in question.

2.

Provide copies of all documents which record, reflect, or otherwise evidence, in whole or in part, documents referred to, or in any way relied on, or identified, in your responses to the First Interrogatories to Defendant.

3.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any investigation conducted by you, or any agent of you, conducted in the usual and ordinary course of business relating to Plaintiff's injuries. Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any person claiming to have been in the sight, hearing or in the approximate vicinity of the Plaintiff's injuries.

4.

Quality copies of any photographs in Defendant's possession relating to this claim, including Plaintiff, any other related persons, the scene of the accident, and any relevant objects.

5.

A copy of the declarations page of Defendant's insurance policy which was in effect on the date of the subject collision.

6.

Copies of any statements obtained by any witness which are not privileged and which have been reduced to writing in some fashion.

7.

Copies of any and all documents related to the construction of and maintenance of the bakery section of the store and the maintenance of the grounds, from the point of construction up to the present.

8.

Copies of any and all company documents related to the standards for construction of and maintenance of the bakery section of the store and the maintenance of the grounds, both now and at the time of the incident.

9.

Copies of any and all company documents related to safety standards to be followed by Defendant and Defendant's employees with regard to the maintenance of the grounds, both now and at the time of the incident.

10.

Copies of any and all company documents related to safety standards to be followed by Defendant and Defendant's employees with regard to interactions with customers, both now and at the time of the incident.

11.

Copies of any medical reports or records relating to the Plaintiff in the possession of the Defendant; whether or not such records or reports are for injuries sustained in the subject incident or at any other time.

12.

Copies of any employment records relating to the Plaintiff which have been obtained by Defendant or his or her agents.

13.

Copies of any complaints relating to this incident which may have been issued to the Defendant or any other party.

14.

Copies of any drawings, maps, charts, diagrams, videos, photographs or other representation of the scene of the accident, no matter what time such item was recorded or created.

15.

Copies of any drawings, maps, charts, diagrams, videos, photographs or other representation of the scene of the accident, made at the time of the incident or showing information related to the accident.

16.

Copies of any motion pictures, phone video recordings, or video tapes taken of the Plaintiff subsequent to the incident which is the subject of this claim.

16.

All online profiles, comments, postings, messages (including without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries), photographs, videos, e-mails and online communications (including those posted by Defendant or anyone on Defendant's behalf on Facebook and Myspace), for the previous five (5) years to the present that:

(a)     refer or relate to the allegations set forth in the complaint;

(b)     refer or relate to any facts or defenses raised in the answer;

(c)     reveal, refer or relate to any emotion, feeling or mental state; or

(d)     reveal, refer or relate to events that could reasonably be expected to produce a significant emotion, feeling or mental state.

Respectfully submitted this 12th day of May, 2023

770GOODLAW, H.Q. Alex
Nguyen Law Firm, LLC.

By: /s/ *Ashanti Armstrong, Esq.*
Ashanti Armstrong, Esq.
GA State Bar No. 878516
Sean Fields, Esq.
GA State Bar No. 926158
Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
*Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
ashanti@770goodlaw.com

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ARGELIA SOLITO | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.23A02118 |
| | ) | |
| v. | ) | |
| | ) | |
| SAM'S EAST INC. | ) | |
| JOHN DOE 1-2 ABC Corp., and XYZ Corp. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO**
**DEFENDANT**

To:   Sam's East Inc.
      The Corporation Company (FL)
      106 Colony Park Drive Ste. 800-B
      Cumming, GA 30040-2794 Forsyth County.

COMES NOW, Plaintiff ARGELIA SOLITO ("Plaintiff"), and, in compliance with

O.C.G.A. § 9-11-36, requests Defendant SAM'S EAST INC ("Defendant") to admit the truth of

the separately listed matters of fact, and the genuineness of the attached documents, on the thirtieth

(30th) day after service of this request. As required by statute, the Defendant is required to respond

to this request in writing.

The Defendant is specifically reminded that the separately listed statements of facts are

deemed admitted unless, within forty-five (45) days after service of this First Request For

Admissions to Defendant, the Defendant serves a written answer, or objection, addressed to each

fact.

## ADMISSIONS

1.

Please admit that this action brought against the Defendant properly and correctly names the parties to be sued in this cause.

2.

Please admit that Defendant has been properly served with a Summons and Complaint in the above-styled action.

3.

Please admit that Defendant has been properly served with process in this action.

4.

Please admit that Defendant raises no defenses as to insufficiency of process or insufficiency of service in this action.

5.

Please admit that venue for the above-styled case is proper.

6.

Please admit that the court has jurisdiction over Defendant.

7.

Please admit that on August 5th 2021, Defendant owed Plaintiff a duty of ordinary care to Plaintiff.

8.

Please admit that on August 5th 2021, Defendant breached Defendant's duty of ordinary care to Plaintiff.

9.

Please admit that on August 5th 2021, Plaintiff was an invitee on Defendant's property located at 1940 Mountain Industrial Blvd. Tucker GA 30084 (the premises).

10.

Please admit that on August 5th 2021, Plaintiff was walking on the bakery section on Defendant's property located at 1940 Mountain Industrial Blvd. Tucker GA 30084.

11.

Please admit that Plaintiff fell on Defendant's property.

12.

Please admit that Plaintiff fell while walking on the bakery section on Defendant's property.

13.

Please admit that Defendant was negligent in the maintenance of Defendant's property.

14.

Please admit that there was a hazard on Defendant's property.

15.

Please admit that Defendant's knowledge of the hazard on Defendant's property was superior, meaning greater than, Plaintiff's knowledge of the hazard on Defendant's property.

16.

Please admit that at the time of the incident, Plaintiff had no knowledge of the hazard on Defendant's property.

17.

Please admit that Plaintiff was not contributorily negligent to the cause of the subject incident.

18.

Please admit that defendant failed to exercise ordinary care in keeping the premises safe as required under OCGA §51-3-1.

19.

Please admit that pursuant to OCGA §51-3-1, defendant owed a duty to the plaintiff as the owner or occupier of land to exercise ordinary care to keep the premises safe.

20.

Please admit that defendant was negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees and agents concerning safety procedures for inspecting and maintaining the premises.

21.

Please admit that no other party contributed negligently to the subject incident.

22.

Please admit that as a result of the hazard on Defendant's property, Plaintiff fell.

23.

Please admit that as a result of the August 5th 2021, incident Plaintiff suffered injuries.

24.

Please admit that as a result of the August 5th 2021, incident Plaintiff required necessary medical treatment.

25.

Please admit that as a result the August 5th 2021, incident Plaintiff received treatment at Peachtree Spine and Sport Physicians.

26.

Please admit that the medical treatment rendered by Peachtree Spine and Sport Physicians to Plaintiff amounted to $37,034.80.

27.

Please admit that the medical treatment rendered by Peachtree Spine and Sport Physicians to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

28.

Please admit that the medical treatment rendered by Peachtree Spine and Sport Physicians to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the August 5th 2021, incident.

29.

Please admit that as a result the August 5th 2021, incident Plaintiff received treatment at Ortho Sport & Spine Physicians.

30.

Please admit that the medical treatment rendered by Ortho Sport & Spine Physicians to Plaintiff amounted to $984.46.

31.

Please admit that the medical treatment rendered by Ortho Sport & Spine Physicians to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

32.

Please admit that the medical treatment rendered by Ortho Sport & Spine Physicians to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the August 5th 2021, incident.

33.

Please admit that as a result the August 5th 2021, incident Plaintiff received treatment at Northside Hospital.

34.

Please admit that the medical treatment rendered by Northside Hospital to Plaintiff amounted to $821.00.

35.

Please admit that the medical treatment rendered by Northside Hospital to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

36.

Please admit that the medical treatment rendered by Northside Hospital to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the August 5th 2021, incident.

37.

Please admit that as a result the August 5th 2021, incident Plaintiff received treatment at Northside Emergency Associates, PC.

38.

Please admit that the medical treatment rendered by Northside Emergency Associates, PC to Plaintiff amounted to $1,662.00

39.

Please admit that the medical treatment rendered by Northside Emergency Associates, PC to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

40.

Please admit that the medical treatment rendered by Northside Emergency Associates, PC to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the August 5th 2021, incident.

41.

Please admit that as a result the August 5th 2021, incident Plaintiff received treatment at Northside Radiology.

42.

Please admit that the medical treatment rendered by Northside Radiology to Plaintiff was medically necessary and related to the subject matter of Plaintiff's Complaint.

43.

Please admit that the medical treatment rendered by Northside Radiology to Plaintiff was reasonable and customary for the care and treatment of the injuries Plaintiff sustained in the August 5th 2021, incident.

44.

Please admit that as a result of the August 5th 2021, incident Plaintiff incurred medical expenses in excess of TOTAL $40,500.29

45.

Please admit that Plaintiff continues to have pain, weakness, loss of function, and loss of endurance as a result of the injuries sustained in the August 5th 2021, incident.

46.

Please admit that as a result of the August 5th 2021, incident Plaintiff will need future medical treatment.

47.

Please admit that Plaintiff as a result of the August 5th 2021, incident Plaintiff is entitled to general damages for her pain and suffering.

48.

Please admit that Defendant's negligence proximately caused Plaintiff's injuries.

49.

Please admit that Plaintiff suffered permanent injuries within a reasonable degree of medical probability as a result of the subject accident.

50.

Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

51.

Please admit that Defendant is liable to Plaintiff for Plaintiff's medical expenses pain and suffering sustained in the subject accident.

Respectfully submitted this 12th day of May, 2023

[SIGNATURE BLOCK ON THE NEXT PAGE]

**770GOODLAW, H.Q. Alex Nguyen Law Firm, LLC.**

By:  /s/ *Ashanti Armstrong, Esq.*
    Ashanti Armstrong, Esq.
    GA State Bar No. 878516
    Sean Fields, Esq.
    GA State Bar No. 926158
    Hung Q. Nguyèn, Esq.
    Georgia Bar No.: 940370
    *Attorneys for Plaintiff*

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com
ashanti@770goodlaw.com