# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Janet L. Richardson,<br><br>    Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>    Defendant. | Civil Action No.  1:23-mi-99999<br><br>COMPLAINT FOR CLAIM FOR REFUND<br><br>26 U.S.C. § 7422<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR CLAIM FOR REFUND

1. Janet L. Richardson ("Mrs. Richardson") brings this action against the United States of America, on behalf of its agency, the Internal Revenue Service (the "IRS"), under 26 U.S.C. § 7422 to claim a refund for taxes paid pursuant to 26 U.S.C. § 6672 for multiple periods.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 as this matter involves a claim for refund of liabilities paid by Mrs. Richardson to the IRS, which arose from assessments made by the IRS under 26 U.S.C. § 6672.

3. Venue is proper in this Court pursuant to 28 U.S.C §§ 1391(e) and 1402(a) as Mrs. Richardson is an individual with her principal place of residence in Atlanta, Georgia.

4. This action was timely filed pursuant to 26 U.S.C. § 6532(a)(1) because the Notice of Disallowance was mailed by the IRS on August 10, 2021.

The Parties

5. Mrs. Richardson is an individual with her principal place of residence located in Atlanta, Georgia.

6. The defendant is the United States of America, on behalf of its agency, the IRS.

Statement of Facts

7. Before marrying Mrs. Richardson, Dr. Russell E. Richardson ("Dr. Richardson") formed and registered Russell Richardson, M.D., P.C. ("Richardson PC") as a domestic for profit Professional Corporation on March 27, 1981, in Gainesville, GA.

8. Dr. Richardson was the sole shareholder and the only member of the Board of Directors of Richardson PC.

9. Dr. Richardson was the Chief Executive Officer and Secretary of the corporation, while his previous spouse was the Chief Financial Officer of Richardson PC.

10. Dr. Richardson made all of the hiring and firing decisions and was responsible for the general financial affairs of Richardson PC.

11. During the 2008 through 2010 calendar years, Richardson PC typically employed four people aside from Dr. Richardson – an office manager, a full-time nurse, and two receptionists or administrative assistants. Occasionally, Richardson PC hired additional part-time administrative help.

12. Richardson PC did not utilize a third-party payroll provider and Dr. Richardson generally signed pay checks for employees. Richardson PC did not utilize an in-house bookkeeper, but hired an accountant to prepare and file income and payroll tax returns.

13. While Mrs. Richardson was a licensed Registered Nurse during the 2008 through 2010 calendar years, and originally licensed in 1994, she never held an official position with, nor was she employed by Richardson PC.

14. Mrs. Richardson was never compensated as an employee by Richardson PC.

15. Mrs. Richardson's role for Richardson PC consisted of supporting Dr. Richardson on a temporary basis and in a pinch, i.e., when needed to due to staffing shortages (due to sickness, vacation, or turnover) or when Dr. Richardson was unavailable due to health issues or having to work out of the office.

16. During the 2008 through 2010 calendar years, Dr. Richardson was treated for a non-healing wound on the interior of his left foot, which extended from below his ankle, around his ankle, and up the lower side of his foot.

17. Dr. Richardson's wound required weekly visits to a wound center for treatment and occasionally required Dr. Richardson to stay home and off his feet. In addition, Dr. Richardson worked at this same wound center two mornings a week during the 2008 through 2010 calendar years.

18. Mrs. Richardson's typical support role for Richardson PC was that of a nurse or nurse's assistant; she took patients' vital signs, made assessments, updated medical records, and talked to pharmacists on the telephone.

19. During the 2008 through 2010 calendar years, Mrs. Richardson worked for Richardson PC without compensation for approximately 40-50 hours per year.

20. Due to issues that Richardson PC had with a former office manager prior to 2008, Dr. Richardson was the only Richardson PC employee with signature authority on any checks.

21. As a matter of convenience, Dr. Richardson provided Mrs. Richardson with signature authority on the checks of Richardson PC.

22. In practice, Dr. Richardson signed the vast majority of the checks issued by Richardson PC.

23. Mrs. Richardson signed checks after being asked or ordered directly by Dr. Richardson or upon receiving his prior approval.

24. Mrs. Richardson signed checks as a help-mate for Dr. Richardson; it was upon his request and as a matter of convenience.

25. As to payroll checks in particular, Mrs. Richardson only signed these if Dr. Richardson was out of the office on a payroll day and he had previously asked her to sign them.

26. Mrs. Richardson did not prepare, sign, or even see the IRS Forms 941 and 940 payroll tax returns filed by Richardson PC.

27. Dr. Richardson was solely responsible for making payroll deposits with the IRS and ensuring that IRS Forms 941 and 940 were filed.

28. Richardson PC incurred payroll tax liabilities (per 26 U.S.C. §§ 3101, 3102, 3301, and 3401) for the periods ended 03/31/2008 through 09/30/2010 by failing to make tax deposits with the IRS.

29. On April 20, 2011, the outstanding payroll tax liabilities of Richardson PC for the periods ended 03/31/2008 through 09/30/2010 were assigned to IRS Revenue Officer J. Malone ("RO Malone") for collection.

30. On May 2, 2011, the Employer Identification Number for Richardson PC was added to the IRS's Automated Trust Fund Recovery ("AFTR") program.

31. On May 23, 2011, the IRS made a decision to pursue a Trust Fund Recovery Penalty ("TFRP") case under 26 U.S.C. § 6672 against potential responsible persons of Richardson PC.

32. On the same day, May 23, 2011, Dr. Richardson and Mrs. Richardson, were identified as potential responsible persons.

33. A week later on May 31, 2011, RO Malone and/or her manager, completed all of the following tasks:

    (a) Prepared a Form 4183, Recommendation re: TFRP Assessments, against Dr. Richardson and Mrs. Richardson, including a four-sentence narrative concerning Mrs. Richardson's alleged responsibility and willfulness;

    (b) Generated an "e-signed" the Form 4183 for managerial approval;

    (c) Secured the e-signature of her group manager;

    (d) Generated separate Letters 1153 for Dr. Richardson and Mrs. Richardson proposing to assess TFRPs against both Dr. Richardson and Mrs. Richardson for the periods ended 03/31/2008 through 09/30/2010;

    (e) Generated separate Forms 2751, Proposed Assessment of TFRPs for both Dr. Richardson and Mrs. Richardson for the periods ended 03/31/2008 through 09/30/2010; and

    (f) Mailed the Letters 1153 (with the Forms 2751) via certified mail (CMN# 70093410000214068326 for Mrs. Richardson) proposing to assess TFRPs against Dr. Richardson and Mrs. Richardson for the periods ended 03/31/2008 through 09/30/2010, and informing Dr. Richardson and Mrs. Richardson of their option to appeal the proposed assessments.

34. On July 14, 2011, forty-four (44) days after the Letter 1153 was mailed to Mrs. Richardson, RO Malone conducted the TFRP personal interview of Mrs.

Richardson and secured an executed Form 4180, Report of Interview and hand-delivered a copy of the Letter 1153 to Mrs. Richardson.

35. The Form 4180 signed by Mrs. Richardson contained the following concerning the TFRP periods covered in the previously issued Letter 1153:

(a) Mrs. Richardson job title was "Nurse duties – spouse."

(b) Dr. Richardson was listed as the only officer – President and Owner.

(c) Mrs. Richardson did not determine the financial policies for Richardson PC.

(d) Mrs. Richardson was authorized to pay bills and creditors along with Dr. Richardson.

(e) Mrs. Richardson was not authorized open or close bank accounts or guarantee/co-sign loans. Only Dr. Richardson was authorized open or close bank accounts or guarantee/co-sign loans.

(f) Mrs. Richardson was authorized to sign/co-sign checks. Dr. Richardson also signed checks.

(g) Mrs. Richardson could authorize payroll. Dr. Richardson also authorized payroll.

(h) Mrs. Richardson was not authorized to, and did not make, federal tax deposits. This was Sheila Garrison, the Officer Manager's responsibility.

(i) Mrs. Richardson was not authorized to, and did not, prepare, review, sign, or transmit payroll tax returns (IRS Forms 941 and 940). This was Dr. Richardson's responsibility.

(j) Mrs. Richardson was not authorized to, and did not, make hiring/firing decisions. This was the Office Manager's responsibility.

(k) Mrs. Richardson first became aware of the unpaid payroll taxes in December of 2010.

(l) Mrs. Richardson was aware that various informal discussions between the Officer and other interested parties took place concerning Richardson PC's creditors.

(m) Mrs. Richardson did not handle any interactions with the IRS; those were handled by the Office Manager and Dr. Richardson.

(n) In December of 2010 or later, Mrs. Richardson became aware that payroll and utility bills were paid instead of federal tax deposits, and that such actions were authorized by Dr. Richardson.

(o) Mrs. Richardson signed the Form 4180 on July 14, 2011.

36. On August 26, 2011, RO Malone prepared and assembled the TFRP administrative file for managerial approval and forwarding to IRS Technical Services for assessment.

37. On or about November 7, 2011, the IRS assessed TFRPs against Mrs. Richardson under 26 U.S.C. § 6672 with respect to the employment tax liabilities of Richardson PC for the taxable periods ended 03/31/2008 & 12/31/2008 through 09/30/2010 in the following amounts:

| Period Ended | Assessed TFRP |
|---|---|
| 03/31/2008 | $2,668.61 |
| 12/31/2008 | $5,678.85 |
| 03/31/2009 | $5,457.78 |
| 06/30/2009 | $4,925.48 |
| 09/30/2009 | $5,089.79 |
| 12/31/2009 | $4,749.93 |
| 03/31/2010 | $4,595.44 |
| 06/30/2010 | $4,588.30 |
| 09/30/2010 | $4,349.24 |
| **Total** | **$42,152.56** |

38. From April of 2012 through January of 2021, the IRS used a variety of collection actions in an attempt to the collect the TFRP balance due along with other income tax liabilities of Dr. Richardson and Mrs. Richardson.

39. While the IRS the was attempting to collect the TFRP balance, Dr. Richardson encountered multiple health concerns; most notably, Dr. Richardson suffered a stroke in July of 2017, which required hospitalization and then placement in various assisted living facilities thereafter.

40. Dr. Richardson passed away on October 25, 2020, due to complications from the stroke and other lingering health issues attributable to the stroke.

41.     Two days later the IRS issued Forms 668-A, Notices of Levy to Protective Life Insurance Company on October 27, 2020, which were then released and reissued on January 7, 2021, with updated accruals of penalties and interest concerning certain income tax liabilities of Dr. Richardson and Mrs. Richardson, along with updated interest accruals concerning the TFRPs assessed against Mrs. Richardson.

42.     On January 29, 2021, the balance due for the applicable TFRPs in the amount of $55,056.07 was paid by Protective Life Insurance Company from certain life insurance proceeds originally due to Mrs. Richardson, which were seized by the IRS pursuant to its reissued Notices of Levy dated January 7, 2021.

43.     On February 8, 2021, Mrs. Richardson submitted a claim for refund and abatement ("Claim for Refund") in the aggregate amount of $55,056.07 for the TFRPs and assessed (and accrued) interest for taxable periods ended 03/31/2008 and 12/31/2008 through 09/30/2010, as detailed in the following table:

| Period Ended | Claim Amount |
| --- | --- |
| 03/31/2008 | $38.69 |
| 12/31/2008 | $7,175.50 |
| 03/31/2009 | $7,724.01 |
| 06/30/2009 | $7,040.22 |
| 09/30/2009 | $7,203.20 |
| 12/31/2009 | $6,722.24 |
| 03/31/2010 | $6,503.57 |
| 06/30/2010 | $6,493.48 |
| 09/30/2010 | $6,155.16 |
| **Total** | **$55,056.07** |

44.  Around the time the Claim for Refund was filed or shortly thereafter in February of 2021, the IRS made some minor adjustments to the TFRP assessments for multiple periods due to calculation errors in the amount of the TFRPs and/or prior payments made by Richardson PC or Dr. Richardson that were not previously offset against Mrs. Richardson's TFRP balance due for the applicable period, as detailed in the following table:

| Period Ended | Claim Amount | Partial Refunds per TFRP Adjustments | Remaining Claim Amount |
|---|---|---|---|
| 03/31/2008 | $38.69 | $0.00 | $38.69 |
| 12/31/2008 | $7,175.50 | ($3,644.07) | $3,596.43 |
| 03/31/2009 | $7,724.01 | ($55.45) | $7,668.56 |
| 06/30/2009 | $7,040.22 | ($50.53) | $6.989.69 |
| 09/30/2009 | $7,203.20 | ($51.71) | $7,151.49 |
| 12/31/2009 | $6,722.24 | ($48.25) | $6,673.99 |
| 03/31/2010 | $6,503.57 | ($46.68) | $6,456.89 |
| 06/30/2010 | $6,493.48 | ($46.61) | $6,446.87 |
| 09/30/2010 | $6,155.16 | ($44.19) | $6,110.97 |
| **Total** | **$55,056.07** | **($3,987.49)** | **$51,133.58** |

45.  On August 10, 2021, the IRS disallowed Mrs. Richardson's Claim for Refund via a Letter 3784 ("Notice of Disallowance") sent via certified mail. A copy of the Notice of Disallowance is attached as <u>Exhibit A</u>.

46.  Subsequently, on August 31, 2021, Mrs. Richardson's counsel submitted formal written protest and appeal (the "Protest") of the Notice of Disallowance to the IRS's Office of Appeals.

47.  On or about November 9, 2021, Mrs. Richardson was informed that her Protest was assigned to IRS Appeals Officer P. Bahr ("AO Bahr").

48. On November 12, 2021, Mrs. Richardson's counsel submitted a supplemental written protest and appeal (the "Supplemental Protest") to AO Bahr based on new information Mrs. Richardson received via a Freedom of Information Act (the "FOIA") request and subsequent FOIA suit (*Richardson v. United States*, Case No. 1:21-cv-2810 (D.DC 2021-2022)).

49. On February 22, 2022, Mrs. Richardson's counsel and AO Bahr participated in a telephonic conference concerning the Supplemental Protest, Protest, Notice of Disallowance, and Claim for Refund (the "Appeals Conference").

50. During the Appeals Conference, Mrs. Richardson's counsel and AO Bahr reached a basis of settlement, subject to approval by AO Bahr's manager, based on the following terms plus any additional accrued overpayment interest:

| Period Ended | Remaining Claim Amount | Allowed Claim Amount |
|---|---:|---:|
| 03/31/2008 | $38.69 | $0.00 |
| 12/31/2008 | $3,596.43 | $3,596.43 |
| 03/31/2009 | $7,668.56 | $7,668.56 |
| 06/30/2009 | $6.989.69 | $6.989.69 |
| 09/30/2009 | $7,151.49 | $7,151.49 |
| 12/31/2009 | $6,673.99 | $6,673.99 |
| 03/31/2010 | $6,456.89 | $6,456.89 |
| 06/30/2010 | $6,446.87 | $6,446.87 |
| 09/30/2010 | $6,110.97 | $0.00 |
| **Total** | **$51,133.58** | **$44,983.92** |

51. AO Bahr submitted her Appeals Case Memorandum ("ACM") describing the basis of settlement to her manager on March 29, 2022, for review and approval.

52. After multiple failed follow-up attempts with various personnel in IRS Appeals requesting a status update on the approval of the basis of settlement by AO Bahr's manager, Mrs. Richardson's counsel submitted an IRS Form 911, Request for Taxpayer Advocate Service Assistance with the IRS's Local Taxpayer Advocate's ("LTA") office in Atlanta, GA on October 19, 2022, which requested the LTA's assistance in getting IRS Appeals to approve or otherwise make a decision on the Claim for Refund.

53. Over eight months after reaching a basis of settlement with AO Bahr, Appeals Team Manager Alan D. Redstone ("ATM Redstone") sent a Letter 2683 dated October 25, 2022, which purported to reflect and approve the basis of settlement Mrs. Richardson reached with AO Bahr. The Letter 2683 indicated that IRS Appeals was allowing a refund in the amount $28,865.64, except this this amount was solely attributable to paid TFRPs without accounting for any assessed and accrued interest paid on the TFRP periods ended 03/31/2009 through 06/30/2010. A copy of the Letter 2683 is attached as <u>Exhibit B</u>.

54. On November 9, 2022, Mrs. Richardson's counsel sent AO Bahr and ATM Redstone a letter expressing concerns over the allowed amount of the Claim for Refund reflected in ATM Redstone's Letter 2683, including the failure to account for the interest that was paid on the TFRP periods ended 12/31/2008 through

06/30/2010, the failure to account for the period ended 12/31/2008 correctly, and a few other items.

55.  The LTA's office was informed of the issues with Letter 2683 by Mrs. Richardson's counsel via multiple voicemails along with facsimiles of March 21, 2023, and April 4, 2023.

56.  As of the date of the filing of this Complaint, the IRS has not issued refund checks for the remaining claim amounts.

## Cause of Action

57.  The above-numbered paragraphs 1 through 56 are incorporated by reference herein.

58.  In an employer-employee relationship, the employer is required to withhold and remit to the IRS from the wages of employees the following: (a) social security and Medicare taxes under the Federal Insurance Contributions Act ("FICA"), *see* 26 U.S.C. § 3101 *et seq*; (b) taxes under the Federal Unemployment Tax Act, *see* 26 U.S.C. § 3301; and (c) federal income taxes on wages, 26 U.S.C. § 3401. The employees' federal income taxes, and one-half of the employees' FICA taxes (*i.e.*, the "employees' share" of said taxes) are referred to as "trust fund taxes."

59.  Under 26 U.S.C. § 6672, the IRS may assess taxes against certain officers and other "responsible" persons associated with a business in connection with its failure to properly account for and remit employment taxes to the IRS.

60. At all relevant times, Mrs. Richardson was not a responsible person within the meaning of 26 U.S.C. § 6672 given that Mrs. Richardson did not satisfy nearly enough of the six factors considered when determining whether an individual is a responsible person under 26 U.S.C. 6672. *See Scott v. United States*, 825 F.3d 1275, 1279 (11th Cir. 2016); *George v. United States*, 819 F.2d 1008, 1011 (11th Cir. 1987).

61. More specifically, Mrs. Richardson was not a responsible person because: (a) she was not an officer or director of Richardson PC; (b) she did not control Richardson PC's payroll, but was authorized to and did sign payroll checks, upon Dr. Richardson' approval; (c) she did not make any decisions to pay other creditors before the IRS; (d) she had no role in Richardson PC's day-to-day management; (e) she had no ability to hire and fire employees; and (f) while she had check writing authority, it was not exercised without the approval of Dr. Richardson.

62. In addition, Mrs. Richardson did not willfully fail to pay Richardson PC's payroll taxes within the meaning of 26 U.S.C. § 6672 because personal fault embodying a "willful failure" cannot be attributed to Mrs. Richardson. *See Slodov v. United States*, 436 U.S. 238, 243 (1978).

63. Moreover, the IRS failed to follow its own procedures when conducting its TFRP investigation of Mrs. Richardson, and the IRS sent the Letter 1153 proposing the penalty before: (a) completing its investigation; (b) before conducting

a Form 4180 interview of Mrs. Richardson; and (c) determining that Mrs. Richardson was a responsible person.

64. Mrs. Richardson exhausted her administrative remedies with regard to the TFRPs at issue, and actually reached a basis of settlement with IRS Appeals, but the IRS has not yet issued any refund checks.

65. The payments deemed to be made by Mrs. Richardson as a result of the IRS's levy were subject to an erroneous TFRP determination and assessment by the IRS for the periods ended 03/31/2008 and 12/31/2008 through 09/30/2010.

66. The TFRPs assessed for the periods ended 03/31/2008 and 12/31/2008 through 09/30/2010 should be abated in the amount of $55,057.07, and all payments made towards those TFRPs that were not previously refunded, including payments attributable to assessed and accrued interest should be refunded to Mrs. Richardson in the amount of $51,133.58, along with any overpayment interest.

Prayer for Relief

WHEREFORE, Janet L. Richardson respectfully request that this Court:

1. Determine that Mrs. Richardson is entitled to a refund in the amount of $51,133.58, plus any accrued overpayment interest;

2. Determine that the IRS should abate all of the TFRPs assessed against Mrs. Richardson for the periods ended 03/31/2008 and 12/31/2008 through 09/30/2010;

3.  Award Mrs. Richardson for administrative costs and reasonable attorney fees pursuant 26 U.S.C. § 7430; and

4.  Grant such other and further relief as the Court deems just and proper.

THIS the 2nd day of August, 2023.

s/ Lex M. Erwin
Lex M. Erwin
GA Bar Number: 250009
Maynard Nexsen PC
The Carillon Building
227 W. Trade Street #1550
Charlotte, North Carolina 28202
Telephone: 704-339-0304
Email: lerwin@maynardnexsen.com
*Attorney for Plaintiff Janet L. Richardson*
