DEPARTMENT OF THE TREASURY

401 W Peachtree Street Room 900
Mail Stop 333D
Atlanta, GA 30308

INTERNAL REVENUE SERVICE

Date:
 08/10/2021
Person to Contact:
 K M Roy
Telephone Number:
 (919)850-1168
FAX Number:
 (866)471-0590
Employee Identification Number:
 1000996606
Refer Reply to:
 K M Roy

David M. McCallum
4141 Parklake Ave, Suite 200
Raleigh, NC 27612

CERTIFIED MAIL

RE: Janet L. Richardson; Trust Fund Recovery Penalty Claims for Refund and Requests for Abatement.

Dear Mr. McCallum:

We have considered your request for an abatement and refund of $55,056.07 assessed against Ms. Richardson for the tax periods ended March 31, 2008, December 31, 2008, March 31, 2009, June 30, 2009, September 30, 20009, December 31, 2009, March 31, 2010 and June 30, 2010. We assessed this amount under Internal Revenue Code (IRC) section 6672 because Russell Richardson, M.D., P.C. did not pay the federal Employment tax(es) due for the tax period(s) shown above. This is your legal notice that your claim for refund and abatement is disallowed.

My investigation showed that there is sufficient documentation to support that Ms. Richardson was willful and responsible for failing to pay over trust fund taxes under IRC 6672. In the signed Trust Fund Recovery Penalty (TFRP) interview, Form 4180, she stated that she:

- directed or authorized payments of bills/creditors;
- Signed or counter-signed checks;
- Authorized payroll;
- Admitted that the officers took no actions when they first became aware taxes were not being paid;
- Signed payroll checks and checks to vendors and other creditors;
- Admitted that informal discussions were held by the officers, or other interested parties regarding nonpayment of the taxes.

In addition, your claim that the necessary supervisory approval of the TFRP was not obtained is unfounded. The form 4183 was approved by the Revenue Officer's manager on May 31, 2011. The system that generates all TFRP forms and letters does not allow the Revenue Officer to bypass managerial approval, therefore in order to mail the L1153/2751 to the responsible parties a manager must approve the documents before the letter can be generated.

Letter 3784 (Rev 11-2006)
Catalog Number 37173M

EXHIBIT A

The L1153/2751 was mailed to Ms. Richardson via certified mail on May 31, 2011. The certified mail was returned to the IRS office as "unclaimed". On July 14, 2011 the Revenue Officer hand delivered the unopened, returned mail to the Ms. Richardson during the Trust Fund Recovery Interview that was held in POA Gordon Alexander's office. The TFRP process was explained to both officers that were present.

If you do not accept our conclusion, you may request reconsideration with the Internal Revenue Service's local office of Appeals. You should make the request for an Appeals conference within 30 days of the date of this letter. A request for an Appeals conference should describe the reasons you do not agree with our determination and should contain identifying information regarding the tax liability you wish to appeal. You should provide a statement containing your view of the facts. Please mail your request for an Appeals conference to:

> Internal Revenue Service
> 401 W Peachtree Street Room 900
> Mail Stop 333D
> Atlanta, GA 30308

**Or, you may fax the request to my efax @ 866-471-0590**

If you wish to bring suit or proceedings for recovery of any tax, penalties, and other moneys that were paid and for which this notice of disallowance is issued, you may do so by filing suit with either the United States District Court having jurisdiction or the United States Court of Federal Claims. The law permits you to do so within two years of the mailing date of this letter. You are not required to go to Appeals prior to filing suit. Please note that Appeals review of a disallowed claim does not extend the two-year period for filing suit; however, it may be extended by mutual agreement.

For any unpaid section 6672 liability that arises from periods beginning or transactions occurring after December 31, 1998, the Internal Revenue Service is required to suspend most of its collection activities if you file a proper lawsuit seeking a refund of those amounts listed on your disallowed refund claim for the section 6672 liability. While the Internal Revenue Service is prohibited from collecting the unpaid portion of your liability by levy, the limitation period for the Internal Revenue Service to collect this liability is also suspended, pursuant to IRC section 6331(i)(5).

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

*Camishe' J. Golden*
Camishe' Golden
Advisory Group Manager - Atlanta

Letter 3784 (Rev 11-2006)
Catalog Number 37173M



# Fast Track Mediation - Collection
## A Process for Prompt Resolution of Tax Issues

## Qualifications

The Internal Revenue Service offers fast track mediation for certain collection cases and issues to help taxpayers resolve disputes resulting from:

- Offers in Compromise
- Trust Fund Recovery Penalties

## Advantages

Fast Track Mediation offers:

- an expedited process
- a trained mediator
- a neutral setting

You don't have to file a formal written protest to request fast track mediation.

## Excluded Cases / Issues

Certain cases and issues are excluded from fast track mediation. They include:

- Assessment of the hazards of litigation, which would require the Appeals mediator to hold settlement authority
- Cases referred to the Department of Justice
- Issues for which mediation would be inconsistent with sound tax administration
- Cases in which the taxpayer has failed to respond to IRS communications or failed to submit documentation to Collection for consideration
- Collection Due Process cases
- Collection Appeals Program cases
- Cases worked at a Collection Campus site
- Frivolous issues

## Starting the Process

If you don't agree with any or all of the IRS findings, you have the right to request a conference with the manager of the person who issued the findings. If you still don't agree, you may appeal your case or, in qualifying cases, engage in mediation.

In order to avail yourself of the mediation process, all documentation to consider your case must be provided to Collection.

Either you or Collection may initiate a mediation request. Both you and Collection, however, must agree to participate in the process and sign an agreement to mediate prior to attending the mediation session.

Generally within a week of receiving the signed agreement to mediate, the mediator will contact you and Collection to schedule the meeting. The mediator will provide a brief explanation of the process and discuss with you when and where to hold the mediation session.

## Mediation

The process involves an Appeals Officer who has been trained in mediation. The goal of mediation is to help you and Collection resolve the dispute.

The mediator's role is to facilitate communication. The mediator will work with you and Collection to obtain the information necessary to understand the nature of the dispute. This includes the issues involved and the positions of both parties.

The mediator may conduct both separate and joint discussions with you and Collection. The purpose is to help the two of you reach a mutually satisfactory resolution that is consistent with the applicable law. The mediator has no authority to require either party to accept any resolution.

## Representation

You may represent yourself at the mediation session, or someone else can act as your representative.

For mediation to succeed, those who have the authority to make a decision must be present. If you decide to have someone represent you, that person must have the proper authorization to act on your behalf and to receive confidential information. You may use Form 2848, *Power of Attorney and Declaration of Representative* for this purpose.

You may also bring participants with you to support your position. The Appeals mediator, however, may limit the number of participants to facilitate the mediation session.

## Appeals

You may withdraw from the mediation process anytime.

If any issues remain unresolved, you will retain all the usual appeal rights as explained in Publication 5, *Your Appeal Rights and How To Prepare a Protest If You Don't Agree*. For further information, see the Appeals Internet Web site at www.irs.gov/appeals.



Scan this QR Code with your smartphone or other device with a QR reader, or go to the website url shown, to view more information about completing this form and other Appeals processes online.

Publication 3605 (Rev. 10-2018)  Catalog Number 29749Q  Department of the Treasury  Internal Revenue Service  www.irs.gov



**Internal Revenue Service**
Room 900, Stop 333-D
401 W. Peachtree Street NE
Atlanta, GA 30308-3569

Official Business
Penalty for Private Use, $300

7013 1090 0000 4638 9636

CERTIFIED MAIL

CHARLOTTE NC 280
10 AUG 2021 PM 2 L

NEOPOST
US POSTAGE $007.30⁰
US OFFICIAL MAIL
Penalty For Private Use $300
ZIP 27617
041M11203000