IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREAT MIDWEST INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>BUTCH THOMPSON ENTERPRISES, INC, CONRAD CORPORATION, INC., JUDSON C. THOMPSON, and CAROLYN S. THOMPSON,<br><br>    Defendants. | Case No. _____ |

## VERIFIED COMPLAINT

Great Midwest Insurance Company files this Verified Complaint against Butch Thompson Enterprises, Inc., Conrad Corporation, Inc., Judson C. Thompson, and Carolyn S. Thompson and shows the Court the following:

### PARTIES, JURISDICTION AND VENUE

1. Great Midwest Insurance Company is a corporation formed under the laws of the State of Texas, with its principal place of business in Houston, Texas.

2. Butch Thompson Enterprises, Inc. is a corporation organized under the laws of the State of Georgia, with its principal place of business in Kennesaw, Georgia.

3. Conrad Corporation, Inc. is a corporation organized under the laws of the State of Georgia, with its principal place of business in Kennesaw, Georgia.

4. Judson C. Thompson is an individual domiciled in the State of Georgia.

5. Carolyn S. Thompson, an individual domiciled in the State of Georgia.

6. This matter concerns an amount in controversy greater than $75,000.00, exclusive of interest and costs.

7. There is complete diversity of state citizenship between plaintiff and the defendants.

8. This Court has jurisdiction over this matter under 28 USC § 1332(a), and venue is proper in this District under 28 U.S.C. § 1391(a).

**FACTS COMMON TO ALL COUNTS**

9. On May 4, 2021, Butch Thompson Enterprises, Inc., Conrad Corporation, Inc., Judson C. Thompson, and Carolyn S. Thompson (collectively "Indemnitors") executed a General Agreement of Indemnity ("Indemnity

Agreement") in favor of Great Midwest Insurance Company ("Surety"). A true and accurate copy of the Indemnity Agreement is attached hereto as Exhibit A.

10. The Indemnity Agreement was executed by Indemnitors "as inducement to the Surety and in consideration of the Surety's execution of one or more Bonds" on or behalf of any of the Indemnitors.

11. Under the terms of the Indemnity Agreement, the Indemnitors "jointly and severally, covenant, promise and agree to indemnify and hold harmless Surety from and against ANY AND ALL LOSS WHATSOEVER, including but not limited to any and all liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind or nature, together with interest thereon . . . which Surety may sustain or incur or for which the Surety becomes liable or has reason to believe it may be, or may become liable by reason of or in consequence of the execution and/or delivery by Surety of any Bond(s) on behalf of any Indemnitor."

12. In addition, the Indemnity Agreement provides that "[i]mmediately upon demand, Indemnitors agree to deposit with Surety, as collateral security, (the "Collateral Demand") funds or other collateral of such kind and amount satisfactory to the Surety, equal to (1) the liability of the Surety, if established; (2) any indebtedness, liability, claim asserted, expense, suit or judgment under any

Bond (3) the reserve established by the Surety, and any increases thereof; or (4) the amount established by the Surety, in its sole discretion, that represents the exposure for or from any claim asserted against any Bond, whether or not a reserve has been established, for which the Indemnitors may be obligated to indemnify the Surety under the terms of this Agreement.

13. Following the execution of the Indemnity Agreement, Surety executed certain issued Payment and Performance Bonds ("Bonds") in favor of Butch Thompson Enterprises, Inc. (as "Principal") in connection with the contract obligations of Principal to provide Bonds on certain construction projects.

14. Surety has received claims and demands on certain of the Bonds executed on behalf of Principal and upon reliance on the obligations of Indemnitors contained in the Indemnity Agreement.

15. Upon the receipt of each claim and demand brought on the Bonds, Surety initiated an investigation into the claim.

16. Surety has incurred losses because of claims made by subcontractors under the terms of certain payment bonds Surety executed on behalf of the Principal.

17. Surety has received additional payment bond claims which it is still investigating and for which it may still incur additional losses and expenses.

18. On April 18, 2023, Surety made a Collateral Demand on the Indemnitors in which it demanded under the terms of the Indemnity Agreement that the Indemnitors deposit collateral in the amount of $500,000.00. A copy of the April 18 Collateral Demand is attached as Exhibit B.

19. Indemnitors did not deposit any collateral in response to the April 18 Collateral Demand.

20. On May 8, 2023, Cobb County declared Principal in default on the Hillcrest Drive Sidewalk project and directed Surety to perform as required by the bond executed by Surety on behalf of Principal for the project.

21. Following receipt of the demand from Cobb County on the Hillcrest Project, Surety initiated an investigation into the default and Principal's performance of bonded contract.

22. As set forth in the bonds executed by Surety on behalf of Principal on the Hillcrest Project, Surety obtained bids for completion.

23. The low bid obtained by Surety on the Hillcrest Project would result in a significant loss to the Surety under the Bonds.

24. On July 21, 2023, Surety made a Collateral Demand on the Indemnitors in it which demanded under the terms of the Indemnity Agreement

that the Indemnitors deposit collateral in the amount of $1,500,000.00. A copy of the July 21 Collateral Demand is attached as Exhibit C.

25. Indemnitors did not deposit any collateral in response to the July 21 Collateral Demand.

26. Surety has also incurred expenses as the result of accounting fees, construction engineering fees, and attorneys' fees as a result of the claims made on the Bonds and Surety's efforts to recover its losses from the Indemnitors.

27. Enclosed as Exhibit D is an itemized statement of claims or losses paid or liabilities incurred and/or expenses paid or incurred by Surety in the amount of $214,411.65, incurred as of August 2, 2023.

## COUNT I - CONTRACTUAL INDEMNIFICATION

28. Surety restates and realleges the allegations contained in paragraphs 9 through 27 above as if fully set forth herein.

29. Under the terms of the Indemnity Agreement, Indemnitors are liable to Surety for, but not limited to:

> a. all of the liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind or nature that Surety has incurred by reason of or in consequence of the execution of Bonds on behalf of Principal;

    b. all attorneys' fees and all legal expenses, expert fees, and all fees and costs for investigation, accounting and engineering services, that Surety incurs as a result of claims made on the Bonds;

    c. the costs and/or expenses of Surety in connection with the enforcement of their obligations contained in the Indemnity Agreement, including but not limited to Surety's attorneys' fees (including, in-house counsel), all legal expenses, expert fees, consultant fees and all of Surety's costs of this lawsuit; and

    d. interest on all amounts they are liable to pay indemnify Surety for under the terms of the Indemnity Agreement, at the maximum rate permitted by law.

30. Surety is entitled to a judgment under the Indemnity Agreement in an amount no less than $214,411.65 and increasing, for all amounts the Indemnitors are obligated to indemnify Surety, plus interest, attorneys' fees, costs and expenses that Surety has incurred to date and may incur between now and the date of final judgment.

### COUNT II - COMMON LAW INDEMNIFICATION

31. Surety restates and realleges the allegations contained in paragraphs 9 through 27 above as if fully set forth herein.

32. As a matter of law (see O.C.G.A. § 10-7-41), Principal is liable to Surety for all sums paid, with interest thereon, and all legal costs, which Surety has incurred as a result of Principal's default on its bonded obligations.

### COUNT III - SPECIFIC PERFORMANCE

33. Surety restates and realleges the allegations contained in paragraphs 9 through 27 above as if fully set forth herein.

34. Surety has no adequate remedy at law to obtain the collateral security promised by Indemnitors in the Indemnity Agreement.

35. Surety is entitled to an order of specific performance compelling the Defendants to deposit $1,500,000.00 in collateral security.

### COUNT IV – BREACH OF COLLATERAL DEMAND
### (PLEAD IN THE ALTERNATIVE)

36. Surety restates and realleges the allegations contained in paragraphs 9 through 27 above as if fully set forth herein.

37. Indemnitors breached their obligation under the Indemnity Agreement to provide Surety with $1,500,000.00 in collateral security.

38. As an alternative to Count II – Specific Performance, Surety is entitled to a judgment in the amount of $1,500,000.00 because of Indemnitors failure to provide collateral security upon demand as required in the Indemnity Agreement.

**WHEREFORE**, the Surety, Great Midwest Insurance Company, prays for a judgment in its favor and against Indemnitors as follows:

(a) In an increasing amount exceeding $214,411.65, for liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind or nature, together with interest at the maximum rate allowed by law, that Surety has sustained and continues to sustain as a result of having executed Bonds on behalf of Principal and enforcing the Indemnity Agreement, in an amount to be shown more fully at trial or hearing or by motion;

(b) An order of specific performance requiring Indemnitors to deposit $1,500,000.00, to be held by Surety as collateral security and used to pay losses, costs and expenses incurred by Surety as a result of the bonded obligations;

(c) As an alternative to the order of specific performance, judgment in the amount of $1,500,000.00 as damages for Indemnitors' breach of their agreement to deposit collateral security upon demand; and

(d) For all other such relief as this Court deems just and proper.

Respectfully submitted this 2nd day of August, 2023,

/s/ David A. Harris
**David A. Harris**
Georgia Bar Number 668708

**Bovis, Kyle, Burch, & Medlin LLC**
200 Ashford Center North, Suite 500

Atlanta, Georgia 30338-2668
770-391-9100
770-668-0878 fax
dah@boviskyle.com

Attorney for Great Midwest Insurance Company