**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **SARA YUSUF,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **THE HOME DEPOT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**COMPLAINT FOR DAMAGES**

**COMES NOW** Plaintiff SARA YUSUF, and files her Complaint for Damages against Defendant The Home Depot, Inc. ("Defendant" or "Home Depot"), as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages caused by Defendant's unlawful discriminatory employment practices involving Plaintiff's employment and termination. The discrimination committed by Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"), and impaired a contractual relationship under which Plaintiff had rights in violation of 42 U.S.C. §1981 ("Section 1981").

## JURISDICTION AND VENUE

### 2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This lawsuit is brought pursuant to 42 U.S.C. § 1981, and 1981a and The Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991. Equitable and other relief is sought under 42 U.S.C. 2000e-5(g).

### 3.

Defendant is located and does business within this judicial district and division. This action is brought within the Northern District of Georgia, wherein all or a substantial majority of the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

### 4.

Plaintiff Sara Yusuf is a resident of this District and is subject to the jurisdiction of this Court.

### 5.

Plaintiff was employed by Defendant at all times material to these claims and was an "employee" of Defendant as defined by Title VII.

6.

Plaintiff is a black female who at all material times practiced the Islamic religion, and is therefore a member of a protected class under Title VII.

7.

Defendant is a domestic corporation doing business in Atlanta, Georgia, and at all material times has conducted business within this District. This Defendant may be served through its registered agent for service of process: CSC of Cobb County, Inc., 192 Anderson Street, SE, Suite 125, Marietta, GA 30060, Cobb County.

8.

During all times material to this lawsuit, Defendant was an "employer" as defined in Title VII.

9.

Defendant is subject to the anti-discrimination provisions of Section 1981 and Title VII and the anti-retaliation provisions of Title VII.

## ADMINISTRATIVE PROCEDURES

10.

Plaintiff satisfied all administrative prerequisites to perfect her claims by timely filing a Charge of Discrimination, (attached as Exhibit "A"), with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 410-2022-

01979, on or about December 22, 2021.  Plaintiff also filed an amended Charge of

Discrimination on January 4, 2022, wherein she specified her sex, race, and religion,

per the EEOC's request (attached as Exhibit "B").

11.

The EEOC issued Plaintiff a "Notice of Right to Sue," (attached  as Exhibit

"C"), on May 4, 2023, entitling an action to be commenced within ninety (90) days

of receipt of that notice.

12.

Plaintiff initiated this action within ninety (90) days of receipt of the EEOC's

"Notice of Right to Sue."

## FACTUAL ALLEGATIONS

13.

Defendant hired Plaintiff as a part-time sales associate on or around March

18, 2002 in its North Lilburn location, Store #1775.

14.

Ms. Yusuf worked as a sales associate for Defendant for more than ten years

as a sales associate, until she was promoted to Department Supervisor in April 2012.

15.

Ms. Yusuf excelled in her Department Supervisor position and was promoted to Key Carrier Department Supervisor. She remained in this position and received praiseworthy evaluations and commendations, and she performed above and beyond her job expectations. By all accounts, Ms. Yusuf was an exceptional employee and worked diligently for Defendant for 18 years without issue.

16.

Defendant then hired Chad Forrester (white male), as store manager of Store #1775. At all relevant times, Forrester was employed by and was acting within the course and scope of his employment with Defendant.

17.

For the 18 years Plaintiff worked in Defendant's North Lilburn store prior to Forrester's arrival, Plaintiff took off Fridays to exercise her Islamic faith. However, once Mr. Forrester became her manager, he forbade Plaintiff from taking that time off for religious exercise.

18.

Plaintiff told Forrester that the reason she needed the time off was to practice her religion, and Forrester still denied the requests for time off.

19.

Despite prohibiting Plaintiff from taking off on Fridays so she could practice her religion, Forrester inexplicably allowed some male employees to take the same days off for prayer.

20.

Forrester also allowed white male employees in positions similar to Ms. Yusuf's to take off days that she was not allowed to take off, even though her requests were related to religious observation and theirs were not.

21.

Forrester also harassed and criticized Ms. Yusuf while praising white male employees in positions similar to Ms. Yusuf's.

22.

Ms. Yusuf reported the denial of her religious time off to Human Resources, and eventually, Defendant required Forrester to permit Ms. Yusuf's prayer time. However, Ms. Yusuf's report of the denial of her rights did not go without consequence.

23.

Following Plaintiff's report complaining of religious discrimination to HR, Forrester's harassment and criticisms of Ms. Yusuf intensified, and he ultimately terminated her on July 2, 2021.

24.

Forrester claimed he terminated Ms. Yusuf because of ambiguous "policy violations," but he never provided Ms. Yusuf with any policy she supposedly violated.

25.

As evidenced by his treatment of Plaintiff, particularly following her requests for time off for religious observance and her subsequent complaints to HR for his failure to allow that time off, Forrester terminated Ms. Yusuf because she is Muslim and because she reported religious discrimination and targeting.

26.

Defendant and its management officials, including Forrester, acted in this way even knowing that their unlawful actions would cause injury and damage to Plaintiff.

27.

As a direct result of the defendant's unlawful conduct, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost bonuses, lost benefits and other financial losses and emotional pain and suffering.

28.

Plaintiff is entitled to recover punitive damages for the intentional and malicious employment actions undertaken by Defendant.

29.

Plaintiff has and will be engaged in great efforts to mitigate her damages by searching for new employment, but she has to date, and may in the future be, unsuccessful in her efforts to find equivalent employment.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

30.

Plaintiff realleges and incorporates by reference paragraphs 1 through 29 as if fully set forth herein.

31.

During Plaintiff's employment with Defendant, Defendant subjected her to discrimination on the basis of her race including, but not limited to: (a) imposing and

enforcing workplace policies, practices, and procedures against her but not white employees; (b) failing and refusing to properly support and encourage Plaintiff but adequately supporting white employees; and (c) subjecting Plaintiff to unfair disciplinary action as compared to white employees.

32.

But for her race, Plaintiff would not have suffered the loss of her legally protected rights.

33.

The above-pled discriminatory conduct toward Plaintiff constitutes race discrimination by Defendant against Plaintiff in violation of 42 U.S.C. § 1981.

34.

As a direct and proximate result of Defendant's unlawful actions, Plaintiff suffered lost compensation and other benefits of employment, severe emotional distress and injury, loss of income, humiliation, inconvenience, and other indignities.

35.

Defendant and its employees undertook their conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights or, alternatively, undertook their conduct recklessly with respect to Plaintiff and her federally protected rights, entitling her to recover punitive damages against them.

36.

Plaintiff is entitled to damages against Defendant, including back pay and lost benefits, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under 42 U.S.C. § 1981.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

37.

Plaintiff realleges and incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

38.

Plaintiff is black and is therefore a member of a protected class under Title VII.

39.

Defendant treated non-black employees more favorably than Plaintiff because of her race.

40.

Plaintiff's race was a motivating factor in the above-pled discriminatory and adverse actions.

41.

Defendant's actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, and were in derogation of Plaintiff's federally protected rights.

42.

Defendant's conduct complained of herein deprived Plaintiff of an equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

43.

As a direct and proximate result of Defendant's violations of Title VII, Plaintiff suffered damages to her psychological and physical well-being.

44.

As a result of this discrimination, Plaintiff was injured and damaged; she was forced to look for other employment; her long-term career was significantly and adversely impacted; she was forced to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and shame.

45.

Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, and all other appropriate damages, remedies, and other

relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT III
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII

46.

Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47.

Plaintiff is a woman and is therefore a member of a protected class under Title VII.

48.

As described above, Defendant subjected Plaintiff to discriminatory comments, harassment, and disparate treatment in the terms and conditions of her employment because of her sex.

49.

Defendant treated Plaintiff less favorably than male employees because of her sex.

50.

Defendant knew of or should have known of the harassment Forrester subjected Plaintiff to and failed to take remedial action despite having the ability and duty to do so.

51.

Plaintiff's sex was a motivating factor in the above-pled discriminatory and adverse actions.

52.

As set forth above, Defendant intentionally misused, misapplied, and misconstrued Defendant's policies with discriminatory motivation to detrimentally effect Plaintiff.

53.

Forrester, as Store Manager of Defendant's Store #1775, is a supervisor and employee of Defendant who acted on Defendant's behalf at all relevant times.

54.

Defendant harassed Plaintiff and eventually terminated her because of her sex.

55.

By terminating Plaintiff's employment and subjecting her to harassment and different terms of conditions of employment because of her sex, Defendant violated Title VII.

56.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

57.

Defendant's actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, and were in derogation of Plaintiff's federally protected rights.

58.

Defendant's conduct complained of herein deprived Plaintiff of an equal employment opportunity and has otherwise adversely affected her status as an employee because of her sex.

59.

As a direct and proximate result of Defendant's violations of Title VII, Plaintiff suffered damages to her psychological and physical well-being.

60.

As a result of this discrimination, Plaintiff was injured and damaged; she was forced to look for other employment; her long-term career was significantly and adversely impacted; she was forced to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and shame.

61.

Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT IV
## RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

62.

Plaintiff realleges and incorporates by reference paragraphs 1 through 61 as if fully set forth herein.

63.

Plaintiff is a practicing Muslim and is therefore a member of a protected class under Title VII.

64.

Plaintiff suffered an adverse employment action due to her religion.

65.

Defendant treated non-Muslim employees more favorably than Plaintiff.

66.

By and through its conduct, Defendant violated Title VII by intentionally discriminating against Plaintiff and terminating her employment either in whole or in substantial part because she is Muslim.

67.

Defendant's actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, and were in derogation of Plaintiff's federally protected rights.

68.

Defendant's conduct complained of herein deprived Plaintiff of an equal employment opportunity and has otherwise adversely affected her status as an employee because of her religion.

69.

As a direct and proximate result of Defendant's violations of Title VII, Plaintiff suffered damages to her psychological and physical well-being.

70.

As a result of this discrimination, Plaintiff was injured and damaged; she was forced to look for other employment; her long-term career was significantly and adversely impacted; she was forced to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and shame.

71.

Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT IV
## RETALIATION

72.

Plaintiff realleges and incorporates by reference paragraphs 1 through 71 as if fully set forth herein.

73.

Plaintiff reported religious discrimination to Defendant's HR department following Defendant's refusal to allow her time off for religious exercise, and in

retaliation for lodging that report, Defendant harassed, targeted, and eventually terminated Plaintiff.

74.

Plaintiff's report to Defendant of religious discrimination was protected conduct under Title VII.

75.

Plaintiff's participation in protected conduct was a motivating factor for its decision to harass and eventually terminate her.

76.

Defendant's proffered reason for terminating Plaintiff's employment is pretext designed to hide Defendant's retaliatory motive.

77.

Defendant's retaliatory actions against Plaintiff violate Title VII.

78.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

79.

Defendant's retaliatory conduct complained of herein has deprived Plaintiff of an equal employment opportunity and has otherwise adversely affected her status as an employee because she participated in protected conduct.

80.

As a direct and proximate result of Defendant's violations of Title VII, Plaintiff's psychological and physical well-being were adversely affected.

81.

By and through its conduct, Defendant violated Title VII by retaliating against plaintiff and refusing her continued employment because she made good faith complaints of discrimination against defendant.

82.

As a result of this discrimination, Plaintiff suffered injury and damage; she was forced to seek other employment; to have her career significantly and adversely impacted; to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and shame.

83.

Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, and costs of litigation.

## COUNT V
## ATTORNEY'S FEES

84.

Plaintiff realleges and incorporates by reference paragraphs 1 through 83 as if fully set forth herein.

85.

Defendant committed the foregoing torts and acted in bad faith with respect to the underlying transactions giving rise to this Complaint, campaigning against Plaintiff even though they knew she did not act in violation of Defendant's policies and in supporting Forrester's mission to get rid of Plaintiff because she reported him to HR. Further, Defendant has been stubbornly litigious, committing conduct that has caused Plaintiff unnecessary trouble and expense.

86.

Accordingly, Plaintiff is entitled to recover from Defendant her expenses of litigation, including a reasonable sum as attorney's fees for having to prosecute this claim.

**WHEREFORE**, Plaintiff requests the following relief:

a)  General damages for mental and emotional suffering caused by the misconduct of Defendant;

b)  Punitive damages based on the Defendant's willful, malicious, intentional, and deliberate acts;

c)  Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

d)  Reasonable attorneys' fees and expenses of litigation;

e)  Trial by jury as to all issues;

f)  Prejudgment interest at the rate allowed by law;

g)  Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

h)  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

i)  All other relief to which she may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff herewith demands trial by jury as to all issues to which a right to

trial by jury is afforded.

Respectfully submitted, this 2nd day of August, 2023.

HOFFER & WEBB, LLC

_s/Michael David Hoffer_
MICHAEL D. HOFFER
Georgia Bar No. 359493
MARY PAIGE GRAY
Georgia Bar No. 991260
_Counsel for Plaintiff_

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 Office
404-260-6191 Direct / Fax
mhoffer@hoffertriallawyers.com

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1C**

Pursuant to the Local Rules of this Court, the above-signed counsel certify that this pleading complies with all formatting requirements of the Local Rules and further certifies that this pleading is printed in Times New Roman, 14-point type.

**EXHIBIT A**

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 410-2022-01979 |

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Sara Yusuf | (404) 849-8054 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 992 Simonton View Lane | Lawrenceville, GA   30045 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| The Home Depot | 15+ | (770) 279-0612 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4028 Lawrenceville Highway | Lilburn, GA 30047 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☒ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest     Latest  07/02/2021

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Ms. Sara Yusuf was employed by The Home Depot for more than 10 years until she was wrongfully terminated on July 2, 2021. During her employment with The Home Depot, Yusuf performed above and beyond her job requirements, receiving praiseworthy evaluations and commendations. However, Ms. Yusuf's positive relationship with The Home Depot abruptly ended when Chad Forrester (white male) became her supervisor.

Before Forrester became Store Manager, Ms. Yusuf had taken Fridays off for religious exercise for 18 years. Once he began supervising Yusuf, Forrester forbade Ms. Yusuf from exercising her religious freedom due to his contempt for her gender and religion. Meanwhile, Forrester allowed male employees to take the same days off for prayer. Forrester also harassed and criticized Ms. Yusuf while praising white employees in positions similar to hers. Ms. Yusuf reported the denial of her religious time off to Human Resources, and eventually, The Home Depot required Forrester to permit Ms. Yusuf's prayer time. However, this caused Forrester to retaliate, as his harassment of Ms. Yusuf intensified and he ultimately terminated her on July 2, 2021.

Forrester claimed he terminated Ms. Yusuf because of ambiguous "policy violations," but he never provided Yusuf with the policies she supposedly violated or explained what she did wrong. She was given no warning and was never informed of any policy she supposedly violated. Forrester deliberately and blatantly singled Ms. Yusuf out because of her gender, race, and religion. Further, the "policy violations" underlying her termination were pretext for discrimination and retaliation.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12-22-2021    Sara Yusuf
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

Mary Paige Gray

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
December 22, 2021

*[Notary seal: MARY PAIGE GRAY, NOTARY PUBLIC, GEORGIA, DEKALB COUNTY, EXPIRES 10-17-2025]*

EXHIBIT
**B**

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | **Amended** |
| ☒ EEOC | **410-2022-01979** |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Sara Yusuf | (404) 849-8054 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 892 Simonton View Lane | Lawrenceville, GA  30045 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| The Home Depot | 15+ | (770) 279-0632 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4028 Lawrenceville Highway | Lilburn, GA 30047 |

EEOC ATDO RECEIVED 01-04-2022

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest            Latest |
| ☒ RACE   ☐ COLOR   ☒ SEX   ☒ RELIGION   ☐ NATIONAL ORIGIN | 07/02/2021 |
| ☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Ms. Sara Yusuf filed her first Charge of Discrimination with the EEOC on December 22, 2021 (attached hereto as Exhibit 1). Ms. Yusuf now files this Amended Charge reiterating the allegations in her previous Charge and specifying her sex (female), her race (black), and her religion (Muslim).

Ms. Sara Yusuf (black female) worked for The Home Depot for more than 19 years until she was wrongfully terminated on July 2, 2021. During her employment with The Home Depot, Yusuf performed above and beyond her job requirements, receiving praiseworthy evaluations and commendations. However, Ms. Yusuf's positive relationship with her employer abruptly ended when Chad Forrester (white male) became her supervisor.

Before Forrester became Store Manager, Ms. Yusuf (Muslim) took Fridays off for religious exercise for 18 years. Once he began supervising Yusuf, Forrester forbade Ms. Yusuf from exercising her religious freedom due to his contempt for her gender and religion. Meanwhile, Forrester allowed male employees to take the same days off for prayer. Forrester also harassed and criticized Ms. Yusuf while praising white employees in positions similar to hers. Ms. Yusuf reported the denial of her religious time off to Human Resources, and eventually, The Home Home Depot required Forrester to permit Ms. Yusuf's prayer time. However, this caused Forrester to retaliate, as his harassment of Ms. Yusuf intensified and he ultimately terminated her on July 2, 2021.

Forrester claimed he terminated Ms. Yusuf because of ambiguous "policy violations," but he never provided Yusuf with the policies she supposedly violated or explained what she did wrong. She was given no warning and was never informed of any policy she supposedly violated. Forrester deliberately and blatantly singled Ms. Yusuf out because of her gender, race, and religion. Further, the "policy violations" underlying her termination were pretext for discrimination and retaliation.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | Mary Paige Sly |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| _____ Date  _____ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)  January 3, 2022 |

MARY PAIGE
NOTARY
EXP
DEKALB COUNTY



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/04/2023



**EXHIBIT**
**C**

**To:** Ms. Sara Yusuf
3190 Northeast Expressway Suite 430
Chamblee, GA 30341
Charge No: 410-2022-01841

EEOC Representative and email:     SHERESA JOHNSON
Investigator
sheresa.johnson@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2022-01841.

On behalf of the Commission,

Digitally Signed By: Darrell E. Graham
05/04/2023
Darrell E. Graham
District Director

**Cc:**
Natalie Reed
Home Depot
2455 Paces Ferry Road, SE
Atlanta, GA 30339

Mary Paige Gray
Hoffer & Webb LLC
3190 North East Expressway, Suite 430,
Chamblee, GA 30341


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

#### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

#### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

#### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 410-2022-01841 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30

Atlanta, GA 30303.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.