# Exhibit A

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV004002**
**7/6/2023 12:30 PM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**                                    DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**          CIVIL ACTION FILE #: _____
   Civil Division

_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

                    vs.

_____
_____
_____
Defendant's Name, Address, City, State, Zip Code

Roderick Jackson- 643 Giles Ave, Greenwood, SC 29646

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____   Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

                                                                                              Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
 Served, this _____ day of _____, 20_____.          _____
                                                                                                              DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____
This _____ day of _____, 20_____.    _____ Foreperson

                         **(STAPLE TO FRONT OF COMPLAINT)**

Case 1:23-mi-99999-UNA   Document 2476-1   Filed 08/03/23   Page 3 of 12

State Court of Fulton County
**E-FILED**
23EV004002
7/5/2023 1:43 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| NICKY A. SPRANKLE, ) | |
| ) | |
| Plaintiff, ) | **Civil Action File No.:** |
| ) | |
| v. ) | _____ |
| ) | |
| RODERICK JACKSON, ) | |
| JRC TRANSPORTATION, INC., and ) | |
| SENTRY SELECT INSURANCE COMPANY, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES**

**COMES NOW** Plaintiff, NICKY A. SPRANKLE ("Plaintiff"), by and through undersigned counsel in the above-styled action, and hereby files this Complaint for Damages against Defendants **RODERICK JACKSON, JRC TRANSPORATION, INC.**, and **SENTRY SELECT INSURANCE COMPANY**, ("Defendants"), showing this Court as follows:

**PARTIES, VENUE, & JURISDICTION**

1.

Defendant RODERICK JACKSON is a resident of Greenwood, South Carolina and may be served with a copy of the Summons and Complaint at his last known address of 643 Giles Ave, Greenwood, SC, 29646, pursuant to O..C.G.A. § 9-10-91, or through the Office of the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-1 and O.C.G.A. § 40-12-2.

2.

Defendant JRC TRANSPORTATION, INC., is an interstate motor carrier existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut (hereinafter "Defendant JRC"). Defendant JRC is registered with the U.S. Department of Transportion under U.S. D.O.T. Number 254145, and is registered with the Motor Carrier Number

00180511. Defendant JRC is a Connecticut corporation authorized to transact business in the State of Georgia, and may be served with process through its registered agent, Joseph R. Cullens, P.C., 295 West Crossville Road, Suite 310, Roswell, Georgia, 30075.

3.

Defendant SENTRY SELECT INSURANCE COMPANY (hereinafter "Defendant Sentry") is a foreign insurance company existing under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin and authorized to transact business in the state of Georgia. Defendant Sentry provided liability insurance to Defendant JRC for the tractor trailer unit that was involved in the subject incident and was transacting business in FULTON county, Georgia at the time of the subject incident. Accordingly, Defendant Sentry is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-2-140, O.C.G.A. § 33-4-1, and other applicable Georgia law. Defendant Sentry may be served through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

4.

Plaintiff NICKY SPRANKLE is a resident of the State of Georgia, and voluntarily avails himself to the jurisdiction and venue of this court.

5.

Defendants are subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 15-7-4(a)(2); 40-2-140; 9-10-91; 9-10-93; 40-12-3; 40-1-117(b); 33-4-1; and 41-2-510(b)(4).

6.

Venue is proper in FULTON County, Georgia pursuant to pursuant to Ga. Const. Art. VI, §2, ¶ II, and O.C.G.A. §§ 9-10-31; 40-2-140; 9-10-93; 40-1-117(b); 33-4-1; and 41-2-510(b)(4).

## BACKGROUND

7.

On or about December 23, 2022, Plaintiff is driving a 2014 Toyota Camry eastbound on Interstate 20 near its intersection with SR-61, in Villa Rica, Carroll County, Georgia.

8.

On or about December 23, 2022, Defendant Roderick Jackson was driving a 2015 Freightliner with a loaded trailer attached in an eastbound lane of Interstate 20 adjacent to the lane occupied by Plaintiff.

9.

At all times relevant, Defendant Roderick Jackson was driving the 2015 Freightliner on behalf of Defendant JRC in an eastbound lane on Interstate 20 near its intersection with SR-61, in Villa Rica, Carroll County, Georgia.

10.

Defendant Roderick Jackson entered into the lane occupied by Plaintiff and struck the side of Plaintiff's vehicle, causing Plaintiff's vehicle to leave the roadway.

11.

As a result of the collision, Plaintiff has suffered severe and permanent injuries.

12.

At all times pertinent to the subject matter of this Complaint, Plaintiff was driving safely and in accordance with all applicable laws and rules of the road.

13.

At all times pertinent to the subject matter of this Complaint, Plaintiff did not contribute to the cause of the collision.

## **COUNT I – NEGLIGENCE- RODERICK JACKSON**

14.

Plaintiff re-alleges and incorporates Paragraphs 1-13 above as if fully restated herein.

15.

Defendant Roderick Jackson was operating a commercial motor vehicle in interstate commerce and was subject to the Federal Motor Carrier Safety Regulations duty of care.

16.

Defendant Roderick Jackson was also subject to the laws of the State of Georgia governing the operation of a motor vehicle on Georgia's public roadways and owed a duty of care in operating his vehicle to the public at large and Plaintiff specifically.

17.

Defendant Roderick Jackson breached his duty and was negligent in at least the following ways:

(a)     Failing to exercise due care in operation of his vehicle;

(b)      By following too closely to other vehicles in the roadway;

(c)     Failing to use extreme caution while driving in conditions that existed at the time of the subject collision;

(d)      Failing to keep his vehicle under control;

(e)      Failing to maintain his lane;

(f) Failing to adhere to the operating rules of the Federal Motor Carrier Safety Regulations;

(g) Failing to adhere to the safe driving principles expected of professional truck drivers with commercial drivers licenses;

(h) Failing to operate his tractor trailer in accordance with generally accepted safety principles and practices of the trucking industry;

(i) Otherwise failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

18.

Defendant Roderick Jackson's negligence was the actual and proximate cause of the collision and Plaintiff's resulting injuries.

**COUNT II – NEGLIGENCE PER SE- RODERICK JACKSON**

19.

Plaintiff re-alleges and incorporates Paragraphs 1-18 above as if fully restated herein.

20.

Defendant was negligent per se in violating the following statutory rules of the road:

(a) Failing to stop and observe traffic ahead of him and following too closely to vehicles within the roadway in violation of O.C.G.A. § 40-6-49;

(b) Driving too fast for conditions in violation of O.C.G.A. § 40-6-180;

(c) Failing to maintain his lane of travel in violation of O.C.G.A. § 40-6-48;

(d) Driving his vehicle in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390;

(e) Failing to operate his vehicle in accordance with the laws of the jurisdiction in which he was operating while driving a commercial motor vehicle in violation of 49 C.F.R. § 392.2 and trucking safety rules in the State of Georgia;

(f) Committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

21.

Defendant Roderick Jackson's negligence per se was the actual and proximate cause of the collision and Plaintiff's resulting Injuries.

## COUNT III-IMPUTED LIABILITY- JRC TRANSPORTATION

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-21 above as if fully restated.

23.

At the time of the subject collision, Defendant Roderick Jackson was operating his vehicle on behalf of Defendant JRC.

24.

Defendant JRC is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Roderick Jackson in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT IV-NEGLIGENT HIRING, TRAINING, AND SUPERVISION – JRC TRANSPORTATION

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-24 above as if fully restated.

26.

Defendant JRC was negligent in hiring Defendant Roderick Jackson and entrusting him to drive a tractor-trailer.

27.

Defendant JRC was negligent in failing to properly train Defendant Roderick Jackson.

28.

Defendant JRC was negligent in failing to properly supervise Defendant Roderick Jackson.

29.

Defendant JRC's negligence in hiring Defendant Roderick Jackson and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the actual and proximate cause of the collision and the resulting injuries.

## COUNT V-DIRECT ACTION

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-29 above as if fully restated.

31.

Defendant SENTRY is subject to a direct action as the insurer for Defendant JRC pursuant to O.C.G.A. § 40-2-140.

32.

Defendant SENTRY was the insurer of Defendant JRC at the time of the subject collision and issued a liability policy to comply with the filing requirements under Georgia Law for intrastate transporation.

33.

Defendant SENTRY and Defendant JRC are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

34.

Defendant SENTRY is responsible for any judgment rendered against Defendant JRC and Defendant Roderick Jackson up to its policy limits of coverage.

## COUNT VI- DAMAGES

35.

Plaintiff re-alleges and incorporates Paragraphs 1-34 above as if fully restated herein.

36.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered multiple physical and emotional injuries and will continue to suffer physical and emotional injuries in the future, including bodily injury, pain and mental suffering.

37.

As a direct and proximate result of Defendants' negligence, Plaintiff incurred medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely and proximately by Defendants.

38.

The injuries proximately caused by Defendants' acts and omissions have resulted in substantial damages to Plaintiff, both economic and non-economic, including but not limited to past medical bills, future medical expenses, costs and expenses, physical pain and suffering, mental pain and suffering, loss of full enjoyment of life, and other expenses to be proven at trial.

## COUNT VII: ATTORNEYS FEES

39.

Plaintiff re-alleges and incorporates Paragraphs 1-38 above as if fully restated herein.

40.

Defendants have acted in bad faith, have caused Plaintiff unnecessary trouble and expense and have been stubbornly litigitous, thereby entitling Plaintiff to recover his attorneys fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that he have a trial on all issues and that the Court awards the following relief against Defendants:

a) That service of process be issued and served upon all Defendants as provided by law;

b) That Plaintiff recover for the past, current, and future special damages, including but not limited to medical expenses and lost wages;

c) That Plaintiff recover non-economic damages for his past, present, and future mental and physical pain and suffering in an amount to be determined by the enlightened conscience of a jury;

d) That this case be tried before a jury of twelve;

e) That Plaintiff be awarded attorneys' fees and expenses of litigation and all costs of this action; and

f) That Plaintiff be awarded such other relief as this Court deems just and proper.

This 5ʰ day of July, 2023.

**[SIGNATURE ON FOLLOWING PAGE]**

                    Respectfully submitted,

*Jenna M. Hough*
PHILIP A. PENDERGRASS, JR.
Georgia Bar Number 529699
JENNA M. HOUGH
Georgia Bar Number 420507

**THE PENDERGRASS LAW FIRM**
275 Scientific Drive, Suite 1000,
Peachtree Corners, GA 30092

*/s/ Michael M. Day*
(*with express permission*)
MICHAEL M. DAY
Georgia Bar Number 952648

**MICHAEL M. DAY LAW FIRM, LLC**
1832 Second Avenue, Suite 100
Decatur, GA 30032
(404) 341-9393

*Attorneys for Plaintiff*