# Exhibit B

State Court of Fulton County
**E-FILED**
23EV004002
7/5/2023 1:43 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NICKY A. SPRANKLE, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action File No.:** |
| | ) | |
| v. | ) | _____ |
| | ) | |
| RODERICK JACKSON, | ) | |
| JRC TRANSPORTATION, INC., and | ) | |
| SENTRY SELECT INSURANCE COMPANY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT RODERICK JACKSON

**COMES NOW** Plaintiff, **NICKY A. SPRANKLE**, by and through undersigned counsel of record, and pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, requests that Defendant **RODERICK JACKSON** ("Defendant") answer under oath the following Interrogatories within the time and manner required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "**Document(s)**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts,

disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**<u>Person(s)</u>**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)   "**<u>Identify</u>**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)   "**<u>Identify</u>**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**<u>Communication(s)</u>**" means and refers to both written and oral exchanges including, but not limited to, verbal conversations, such as telephone calls and/or words spoken at a

meeting, encounter or speech, and any writing such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings and sketches.

5.    "**Occurrence**" means the collision occurred on factual background alleged in Plaintiff's Complaint and any amended Complaint filed in this civil action.

6.    "**You**" or "**your**" or "**Defendant**" refers to Defendant **RODERICK JACKSON** including his agents, representatives, insurers, and attorneys.

7.    "**Date of the incident**" or "**incident date**" or "**date of the collision**" refers to December 23, 2022.

8.    "**Defendant JRC**" or "**JRC Transportation**" refers to Defendant **JRC Transportation, Inc.**, including its agents, representatives, insurers, and attorneys.

9.    "**Subject incident**" "**incident**" or "**subject occurrence**" or "**subject collision**" or "**collision**" means the incident of December 23, 2022  occurring on Interstate 20 near its intersection with SR-61, in Carroll County, Georgia, which makes the basis of this lawsuit.

## Instructions

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in his complaint.  Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request.  This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request.  If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests.  Plaintiff asks that

you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

If you assert a blanket "vague," "unduly burdensome," or similar objection, but then answer subject to that objection, please affirmatively state that no documents or information have been withheld subject to the objection raised.  If you refuse to provide information or documents responsive to a request on the basis of privilege, please affirmatively state that information or documents have been withheld and produce a privilege log containing the following information:

(a)    Identification of the document;

(b)    The general character of the document (e.g., letter, memorandum, contract, etc.);

(c)    The date of the document;

(d)    The person who offered or otherwise created or generated the document;

(e)    A brief summary of the subject matter of the document;

(f)    The location of the document; and

(g)    The nature and grounds of the privilege claimed.

These requests are continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require you to serve supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

O.C.G.A. § 9-11-26(b) is to be interpreted liberally—it requires the production of all relevant and responsive information regardless of its admissibility at trial.  *Bullard v. Ewing*, 158 Ga. App. 287, 291 (1981).  If you wish to seek protection from the general duty to provide broad discovery established by § 9-11-26(b), the means to do so is by filing a motion for protective order, as set forth in O.C.G.A. § 9-11-26(c).  If you seek a motion for protective order, that motion should be filed <u>before</u> the time for responding to the subject discovery requests.  *See, e.g., Milholland v.*

*Oglesby*, 115 Ga. App. 715, 716-18 (1967); Judge Wayne M. Purdom, Ga. Civil Discovery §
4:8. You bear the burden of clearly and specifically demonstrating why discovery should not be
had. *Young v. Jones*, 149 Ga. App. 819, 824 (1979).

## INTERROGATORIES

### 1.

Please **identify** all **persons** assisting in responding to these interrogatories.

### 2.

Please provide **your** full name, **your** present residence address, **your** date of birth, **your**
Social Security number, the name of **your** present employer and **your** job title, the name of **your**
employer on the date of the **occurrence**, and all other names by which you have been known
throughout **your** lifetime, including the dates that you were known by those names.

### 3.

For each driver's license you have had in the past seven years, identify the state/country of
issue, the date of issue, the number and whether or not it was a commercial driver's license.

### 4.

Please state whether you contend that any other **person** or entity contributed in any way to
the **occurrence**, and if so:

    (a)    **Identify** each **person** or entity **you** contend contributed to the **occurrence**; and

    (b)    State in detail the allegations of negligence **you** contend were committed by each
**person** or entity.

5.

Do you claim that the **occurrence** was in any way caused by a mechanical defect or malfunction of **your** vehicle?  If so, please state the details of the defect or malfunction, when you first had knowledge of it, and how you believe it contributed to the **occurrence**.

6.

Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

7.

Did you receive a traffic citation or warning as a result of the **occurrence**?  If so, please state the statute number and name of the violation listed on the citation, and provide the date, place, and manner of disposition of the citation.

8.

For each place that you have worked (as an employee, independent contractor, leased driver or otherwise) for the past 10 years, provide the following information: name of entity or person for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

9.

Identify each motor vehicle collision(s) that you have been involved in during the past 15 years and for each collision describe what happened, where the collision occurred, the names of the other individuals involved, who was at fault and whether there were any injuries.

10.

If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years, for each violation identify the charge, jurisdiction, date,

and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

11.

If you have you ever been convicted at any time of a felony, for each conviction identify the charge, jurisdiction, conviction date, and sentence/disposition.

12.

For every instance when your driving privileges have been suspended, revoked, canceled or otherwise restricted in any way, explain why, when and by whom.

13.

Have you ever been disqualified from driving a commercial vehicle? If so, please describe when and under what circumstances you were disqualified.

14.

Have you had any medical condition in the past five years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, motor skills, sensory abilities, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

15.

Have you ever been involved in any other lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a Plaintiff, Defendant, or witness and identify the style, jurisdiction, date and nature of the lawsuit.

16.

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your Commercial Driver's License (CDL).

17.

If you were not completely honest in providing information to **Defendant JRC** in connection with your hiring, driver qualification, or otherwise, please explain what you were not fully honest about and why.

18.

In regard to your work with **Defendant JRC**, please provide the following:

(a)     What was your status on the date of the subject incident (employed company driver, leased driver, or other);

(b)     Explain how you were paid (by hour, by load, by mile, salary or other);

(c)     Identify and explain all instances when you were disciplined, counseled, reprimanded, written up, or had any negative employment action taken against you; and

(d)     If you have been terminated, explain when and why you were terminated.

19.

Describe in detail <u>all</u> training and education (including on the job training) provided to you by or on behalf of **Defendant JRC** at any time and in any way related to the operation of a commercial motor vehicle.

20.

Identify your primary supervisor(s) and manager(s) at **JRC Transportation** at the time of the **occurrence**.

21.

Please detail **your** activities for the ninety-six (96) hours preceding the **occurrence**. Specifically, please state the number of hours you had worked and slept, and whether you consumed any alcoholic beverages of any type, or any sedative, tranquilizer, or other drug, medicine, or pill, whether illegal or legal, prescription or over the counter.  Please also **identify** anyone who can confirm these activities by providing their names, addresses, and phone numbers.

22.

For the time period starting 48 hours before the subject incident and ending 48 hours after the subject incident, identify and explain all communications of any kind (in person, on phone, text message, email, Qualcomm, or other) between you and anyone acting on **your** behalf or on behalf of **Defendant JRC**, anyone acting on behalf of any insurance company, and/or anyone else for any purpose.

23.

Please describe in narrative detail the events surrounding the **occurrence**, including but not limited to a description of how, when, and where it occurred.  Please include in your narrative a description of what **you** believe caused the **occurrence**.   If **you** were driving for an employer, please begin your narrative when **your** trip began and including the time, location, and all destinations and stops from the time **you** began **your** trip until the time of the **occurrence**.  Please also describe the events that transpired in the 24 hours after the **occurrence**.

24.

Have **you** ever been drug tested?  If so, please list the facility, the date, and the results of each test.  In **your** response, please include specifically whether **you** were drug tested as a result of the **occurrence**, and if so, what the results of the test(s) were.

25.

With respect to the day of the **occurrence**, please state:

(a)     The origin of **your** trip;

(b)     **Your** intended destination(s);

(c)     What time you were planning to reach **your** intended destination(s);

(d)     What time **your** trip was scheduled to begin in order to reach **your** intended destination(s) at the intended time(s);

(e)     What time you actually began **your** trip;

(f)     The total number of miles the trip was supposed to cover; and

(g)     Whether you made any stops between the start of the trip and the time of the **occurrence**;

26.

If you content your trip was work-related but not within the course of your employment with **JRC Transportation**, state the name of **your** employer/the entity with which you were contracting, the name of **your** supervisor, the name of the **person** who instructed you to make the trip, and what you intended to do upon reaching **your** destination.

27.

When and why did **you** first anticipate litigation to arise from the **occurrence**?

28.

Were **you** using a mobile phone or other handheld electronic device in any way (e.g., holding the phone, talking on the phone, sending or receiving text messages) at the time of the **occurrence**? If so, please **identify** the manner in which **you** were using the mobile phone or other handheld electronic device, and if **you** were talking on the phone at the time of the **occurrence**,

please **identify** the **person** with whom **you** were talking and state how long **you** had been speaking with that **person** prior to the **occurrence**.

29.

For every mobile phone to which **you** had access at the time of the **occurrence** (regardless of whether **you** claim the phone was in **your** vehicle at the time of the **occurrence**, and regardless of whether **you** claim not to have been using the phone at the time of the **occurrence**), please state:

(a)     The name and address of the company that provided the mobile service for the phone;

(b)     The phone number;

(c)     The **person** who owned the phone;

(d)     The **person** in whose name the cellular service account for the phone was held; and

(e)     The names and phone numbers of all **person**s **you** called or texted within two hours before and two hours after the collision.

30.

Please **identify** all **persons** that to **your** knowledge, information, or belief:

(a)     Were eyewitnesses to the **occurrence**;

(b)     Have photographs taken from the scene of the **occurrence**; or

(c)     May have any knowledge or information concerning the **occurrence** or any other issues involved in this lawsuit.

31.

Please state whether any of the **persons** identified in response to the previous interrogatory have given any statement(s) or account(s) to **you**, either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, please **identify** any

witness(es) giving such statement(s), provide an explanation of the type statement(s) given (oral, written, recorded, etc.), and **identify** the **person** who took the statement and the present custodian of such statement(s), and provide their phone number, age, address, occupation, and place of employment.

32.

Please provide the names, last-known addresses, places of employment, job classifications, and present whereabouts of all expert witnesses, professional consultants, agents, servants, employees, representatives, private investigators, or others who evaluated or investigated the **occurrence** or the damages resulting from the **occurrence** on **your** behalf.

33.

Have **you** prepared and/or given any statement or account of what happened in the subject incident to anyone? If so, identify all such statements and accounts by explaining when, where, in what form, and to whom the statement or account was given. If you claim privilege, please provide a privilege log.

34.

If there has been any judicial or administrative hearing or proceeding (including workers' compensation and criminal) concerning the subject incident, please describe it, giving the date, place and nature of the hearing or proceeding, and the names, addresses and telephone numbers of each person present, and the name, address and telephone number of any person who transcribed or recorded the hearing or who presently has a transcript, recording or summary of it.

35.

If trip that you were on at the time of the subject incident was in the course of your employment with **Defendant JRC**, provide the following information:

(a) Identify where and when (date and time) you picked up the load you had at the time of the subject incident;

(b) Identify where (name and address of location) and when (date and time) the load was to be delivered;

(c) Identify the location, time, duration and reason for each stop you made from the time you picked up the load until the time of the subject incident; and

(d) Identify the route you intended to follow from the point of origin to the point of destination.

36.

With respect to your Hours of Service (HOS) in the eight (8) days leading up to the date of the subject incident, provide the following information:

(a) Identify all errors on your logs of which you are aware;

(b) Identify all HOS violations of which you are aware;

(c) Are you aware of any audit of your HOS for the 8 days leading up to the collision?

37.

Identify each person you expect to call as an expert witness at trial and for each expert identified: (a) summarize each opinion the expert holds in regard to this case; (b) identify the factual basis for each such opinion; (c) identify all documents and evidence of any kind provided to the expert for review; and (d) identify all documents and evidence of any kind that support each opinion.

38.

Please provide the name, age, phone number, address, occupation, and place of employment of every **person** interviewed by you, or on **your** behalf, in regard to the **occurrence** or this lawsuit, including **Plaintiff,** and state the date and place of each interview and whether **you** have a recorded or written statement from each of these listed witnesses/**person(s)**.

39.

With respect to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any **person** with knowledge relevant to this lawsuit, please provide the name and phone number of the **person** giving each statement, the name and address of the **person** or entity taking each statement, the date each statement was taken, and the name and address of each **person** having possession, custody, or control of each statement.

40.

Please describe with particularity all photographs, charts, diagrams, videotapes, medical records, medical bills, and illustrations of any **person**, place or thing involved in this lawsuit, giving the date each was made and the name and address of each **person** having possession, custody, or control of each item.

41.

Please **identify** with particularity all **documents** and other tangible things relevant to the issues in this lawsuit or that support **your** contentions that have not already been identified and give the name and address of the **person**(s) having possession, custody or control of each thing.

42.

 If **you** or anyone acting on **your** behalf have placed **Plaintiff** under surveillance at any time since the **occurrence**, please state:

(a)     The name, address, and telephone number of each **person** performing the surveillance;

(b)     The dates of the surveillance;

(c)     The form of the surveillance (e.g., motion pictures, still pictures, observation, tape recorders, etc.); and

(d)     Who has possession of the results of the surveillance.

43.

Please provide the name of each insurance carrier that <u>may</u> provide coverage for damages resulting from the **occurrence** (regardless of whether **you** believe the company <u>will</u> provide such coverage), and for each, please state:

(a)     The effective dates of coverage;

(b)     The policy number and/or claim number;

(c)     The policy limits; and

(d)     Whether the insurance company is defending **you** under a reservation of rights.

44.

Have you or anyone acting on **your** behalf posted (or replied to any post) on any social media websites or blogs (including but not limited to Facebook, LinkedIn, TikTok, Tumblr, Twitter, Reddit, Discord, YouTube, Instagram, Myspace, Pinterest, Snapchat, WordPress, etc.) relating to:

(a)     The **occurrence**;

(b)     Any injuries (or absence of injuries) you suffered from the **occurrence**; or

(c)     Any impairment (or absence of impairment) of **your** ability to work or be active because of the **occurrence**?

If so, please do not destroy or delete any such posts; instead, please state when and on which social media websites or blogs the posts were made.

This, the 5<u>th</u> day of July, 2023.

Respectfully submitted,

*Jenna M. Hough*
PHILIP A. PENDERGRASS, JR.
Georgia Bar Number 529699
JENNA M. HOUGH
Georgia Bar Number 420507

**THE PENDERGRASS LAW FIRM**
275 Scientific Drive, Suite 1000,
Peachtree Corners, GA 30092

*/s/ Michael M. Day*
(*with express permission*)
MICHAEL M. DAY
Georgia Bar Number 952648

**MICHAEL M. DAY LAW FIRM, LLC**
1832 Second Avenue, Suite 100
Decatur, GA 30032
(404) 341-9393

***Attorneys for Plaintiff***

State Court of Fulton County
**E-FILED**
23EV004002
7/5/2023 1:43 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NICKY A. SPRANKLE, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action File No.:** |
| | ) | |
| v. | ) | |
| | ) | _____ |
| RODERICK JACKSON, | ) | |
| JRC TRANSPORTATION, INC., and | ) | |
| SENTRY SELECT INSURANCE COMPANY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
### TO DEFENDANT RODERICK JACKSON

**COMES NOW** Plaintiff, **NICKY A. SPRANKLE**, by and through undersigned counsel in the above-styled case, pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, and requires that Defendant **RODERICK JACKSON** ("Defendant") answer under oath the following Requests for Admissions, within the time and manner allowed by law.

### Definitions

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, Twitter, Instagram, Myspace, Pinterest, and/or WordPress.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and

description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify**" means:

(a)     With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b)     With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c)     With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence**" means the December 23, 2022 incident that gives rise to this lawsuit.

 "**Person(s)**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

**"Plaintiff"** refers to Nicky A. Sprankle.

**"Practitioner(s) and institution(s) of the healing arts"** means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

**"You"** and **"your"** refer to Roderick Jackson, including his agents, representatives, insurers, and attorneys.

<u>**Instructions**</u>

Answers shall specifically admit or deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, please specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to admit or deny.

If you fail to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will ask the Court for an order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in his complaint. Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what

the request seeks and what your answer is to that request.  This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request.  If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests.  Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

**Requests for Admissions**

1.

Admit that **you** were properly served with copies of the summons and the complaint.

2.

Admit that the Court has personal jurisdiction over **you**.

3.

Admit that the Court has subject matter jurisdiction over this action.

4.

Admit that venue is proper in Fulton County.

5.

Admit that the **occurrence** happened on Interstate 20 near its intersection with SR-61 in Carroll County, Georgia.

6.

Admit that immediately prior to the **occurrence Plaintiff's** vehicle was traveling eastbound in the righthand lane of Interstate 20.

7.

Admit that immediately prior to the **occurrence your** vehicle was traveling eastbound in the center lane of Interstate 20

8.

Admit that Defendant **you** were an employee of **JRC Transportation** on December 23, 2022.

8.

Admit that **you** were an agent of **JRC Transportation** on December 23, 2022.

9.

Admit that Defendant **you** were acting within the scope of your employment with **JRC Transportation** at the time of the subject incident.

10.

Admit that Defendant **you** were acting in the scope of his agency with **JRC Transportation** at the time of the subject incident.

11.

Admit that on December 23, 2022, **you** were the driver of the tractor-trailer involved in the subject incident.

12.

Admit that on December 23, 2022, Defendant **you** was driving the tractor-trailer as trained by **JRC Transportation**.

13.

Admit that there was no act on the part of anyone, other than **you** that contributed to the subject incident.

14.

Admit that **you** are liable for the subject incident.

15.

Admit that other than those parties named in the Complaint in this case, there are no other persons or entities that caused and/or contributed to the subject incident in any way.

16.

Admit that on the day of the **occurrence JRC Transportation** had the right to permit and the power to prohibit **your** use of the vehicle you were driving at the time of the subject incident.

17.

Admit that during the **occurrence your** vehicle crashed into the side of **Plaintiff's** vehicle.

18.

Admit that **you** saw **Plaintiff's** vehicle before the **occurrence**.

19.

Admit that **you** did not see **Plaintiff's** vehicle before the **occurrence**.

20.

Admit that after the **occurrence you** were cited for violation of O.C.G.A. § 40-6-48.

21.

Admit that **you** caused the **occurrence**.

22.

Admit that **you** contributed to the **occurrence**.

23.

Admit that **you** were negligent in causing the **occurrence**.

24.

Admit that **you** were negligent in contributing to the **occurrence**.

25.

Admit that **you** were reckless in causing the **occurrence**.

26.

Admit that **you** were reckless in contributing to the **occurrence**.

27.

Admit that **Plaintiff** did not cause or contribute to the **occurrence**.

28.

Admit that no **person** or entity other than a named Defendant caused or contributed to the **occurrence**.

29.

Admit that **you** were driving with a conscious indifference to the other drivers on the road at the time of the **occurrence**.

30.

Admit that **you** were driving with a conscious indifference to the potential consequences of **your** actions at the time of the **occurrence**.

31.

Admit that **you** have a history of driving at excessive speeds.

32.

Admit that **you** took **your** eyes off the roadway in the moments prior to the **occurrence**.

33.

Admit that **you** were distracted at the time of the **occurrence**.

34.

Admit that **you** were using a mobile phone in the moments prior to the **occurrence**.

35.

Admit that **you** were using a mobile phone at the time of the **occurrence**.

36.

Admit that **you** were holding a mobile phone in the moments prior to the **occurrence**.

37.

Admit that **you** were holding a mobile phone at the time of the **occurrence**.

38.

Admit that **you** were looking at the screen of an electronic device in the moments prior to the **occurrence**.

39.

Admit that **you** were looking at the screen of an electronic device at the time of the **occurrence**.

40.

Admit that **you** were texting on a mobile phone in the moments prior to the **occurrence**.

41.

Admit that **you** were texting on a mobile phone at the time of the **occurrence**.

42.

Admit that **you** were driving under the influence of drugs at the time of the **occurrence**.

43.

Admit that **you** were driving under the influence of alcohol at the time of the **occurrence**.

44.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of **your** negligence.

45.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of **your** recklessness.

46.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of the **occurrence**.

47.

Admit that **Plaintiff** received medical treatment for the injuries that were directly and proximately caused by the **occurrence**.

48.

Admit that the treatment **Plaintiff** has undergone for the injuries that were directly and proximately caused by the **occurrence** was reasonable and necessary.

This 5th day of July, 2023.

**[SIGNATURE ON FOLLOWING PAGE]**

Respectfully submitted,

PHILIP A. PENDERGRASS, JR.
Georgia Bar Number 529699
JENNA M. HOUGH
Georgia Bar Number 420507

**THE PENDERGRASS LAW FIRM**
275 Scientific Drive, Suite 1000,
Peachtree Corners, GA 30092

_/s/ Michael M. Day_
(*with express permission*)
MICHAEL M. DAY
Georgia Bar Number 952648

**MICHAEL M. DAY LAW FIRM, LLC**
1832 Second Avenue, Suite 100
Decatur, GA 30032
(404) 341-9393

***Attorneys for Plaintiff***