# Exhibit C

State Court of Fulton County
**E-FILED**
23EV004002
7/5/2023 1:43 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NICKY A. SPRANKLE, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action File No.:** |
| | ) | |
| v. | ) | |
| | ) | _____ |
| RODERICK JACKSON, | ) | |
| JRC TRANSPORTATION, INC., and | ) | |
| SENTRY SELECT INSURANCE COMPANY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES TO
### DEFENDANT JRC TRANSPORTATION, INC.

**COMES NOW** Plaintiff, **NICKY A. SPRANKLE**, by and through undersigned counsel

in the above-styled case, pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, and requires that

Defendant **JRC TRANSPORTATION, INC.** ("Defendant") answer under oath the following

Interrogatories, within the time and manner provided by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "**Document(s)**" means every writing, printing, record, graphic, photographic or sound

reproduction of every type and description that has been in your possession, control or

custody or of which you have knowledge, including but not limited to, correspondence,

reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries,

notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase

orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets,

periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions,

manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical

compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person(s)**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

        (b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**Communication(s)**" means and refers to both written and oral exchanges including, but not limited to, verbal conversations, such as telephone calls and/or words spoken at a

meeting, encounter or speech, and any writing such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings and sketches.

5.      "**Occurrence**" means factual background alleged in Plaintiff's Complaint and any amended Complaint filed in this civil action.

6.      "**You**" or "**your**" or "**Defendant**" or **"JRC TRANSPORTATION"** refers to Defendant **JRC TRANSPORTATION, INC.**, including its subsidiaries, agents, representatives, insurers, and attorneys.

7.      **"Date of the incident"** or **"incident date"** or **"date of the collision"** refers to December 22, 2023.

8.      "**Subject incident**" **"incident"** or "**subject occurrence**" or "**subject collision**" or **"collision"** means the incident of December 22, 2023 occurring at Interstate 20, in Carroll County, Georgia, which makes the basis of this lawsuit.

## **INSTRUCTIONS**

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in his complaint.  Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request.  This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request.  If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests.  Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

If you assert a blanket "vague," "unduly burdensome," or similar objection, but then answer subject to that objection, please affirmatively state that no documents or information have been withheld subject to the objection raised.  If you refuse to provide information or documents responsive to a request on the basis of privilege, please affirmatively state that information or documents have been withheld and produce a privilege log containing the following information:

(a)     Identification of the document;

(b)     The general character of the document (e.g., letter, memorandum, contract, etc.);

(c)     The date of the document;

(d)     The person who offered or otherwise created or generated the document;

(e)     A brief summary of the subject matter of the document;

(f)     The location of the document; and

(g)     The nature and grounds of the privilege claimed.

These requests are continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require you to serve supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

O.C.G.A. § 9-11-26(b) is to be interpreted liberally—it requires the production of all relevant and responsive information regardless of its admissibility at trial.  *Bullard v. Ewing*, 158 Ga. App. 287, 291 (1981).  If you wish to seek protection from the general duty to provide broad discovery established by § 9-11-26(b), the means to do so is by filing a motion for protective order, as set forth in O.C.G.A. § 9-11-26(c).  If you seek a motion for protective order, that motion should be filed <u>before</u> the time for responding to the subject discovery requests.  *See, e.g.*, *Milholland v. Oglesby*, 115 Ga. App. 715, 716-18 (1967); Judge Wayne M. Purdom, Ga. Civil Discovery §

4:8.  You bear the burden of clearly and specifically demonstrating why discovery should not be had.  *Young v. Jones*, 149 Ga. App. 819, 824 (1979).

## **INTERROGATORIES**

1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis, if applicable) driven by Roderick Jackson on the date of the incident referred to in the complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) driven by Roderick Jackson from 30 days prior to the subject collision to 30 days subsequent to the subject collision.

3.

State the point of origin, destination and reason for the trip being made by the defendant at the time of the incident referred to in the complaint.

4.

In regard the load being transported at the time of the collision by Roderick Jackson, identify:

(a)      Where the load originated;

(b)      The contents thereof;

(c)      The weight of said load;

(d)      The final destination of the load;

(e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence or other writings pertaining to the transportation of said load.

5.

Was Defendant Roderick Jackson's vehicle covered by liability insurance? If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

6.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

7.

Do you contend that the Plaintiff caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

8.

Did you conduct a post-accident alcohol and controlled substance test on Roderick Jackson? If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed;

(d)     The results of the test;

9.

If post-accident testing was not performed on Roderick Jackson, please state the reasons such testing did not occur.

10.

State the name, address, and telephone number for the president, safety director, federal safety regulation compliance officer, the dispatcher for the trip that ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Roderick Jackson.

11.

State whether the tractor-trailer involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name that records information concerning the operation of the tractor.

12.

State in detail the factual basis for each defense you have raised in your answer to the Complaint.

13.

Describe the tractor operated by Roderick Jackson at the time of the collision, including but not limited to the year, make, model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios or other descriptive information regarding the tractor and trailer unit.

14.

Has Roderick Jackson ever been cited by the Department of Transportation, Public Service Commission or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

(a) The date of the violation;

(b) A description of the violation;

(c) The location where the violation occurred;

(d) The agency issuing the citation;

(e) The ultimate disposition of the charges.

15.

Has Roderick Jackson ever been disqualified or placed out-of-service? If so, please state for each instance:

(a)     The dates of disqualification;

(b)     The reason for the disqualification.

16.

Identify the name and address of any repair facility that performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Roderick Jackson on the date of the incident referred to in the complaint for the one-year period preceding the incident and the six-month period after the incident.

17.

State the extent of any training provided to Roderick Jackson by this Defendant or any outside agency since the date of Defendant Roderick Jackson's application for employment or the date he began driving for Defendant JRC Transportation, whichever came first.

18.

Please explain the nature of the employment relationship between Defendant JRC Transportation and Roderick Jackson, (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to, the date the employment relationship began, if the employment

relations have been terminated, the date of such termination and the identity of the person who terminated Defendant Roderick Jackson.

19.

With respect to Defendant Roderick Jackson, please state the driver's mode of compensation.

20.

Does JRC Transportation, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions and motor vehicle records of the driver it employs? If so, please state the name of the business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

21.

Please identify all automobile accidents and moving violations for Roderick Jackson prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

22.

Please state Roderick Jackson's date of birth, social security number, and driver's license number.

23.

State the name of any person, including any party, who, to your knowledge, information, or belief:

(a) Was an eyewitness to the **occurrence**;

(b) Have Photographs taken from the scene of the **occurrence**;

(c) Has some knowledge or information concerning the **occurrence**, including any fact or circumstance upon which your defense is based, and/or any other issues involved in this lawsuit; or

(d) Has conducted any investigation relating to the incident complained of or the background, employment, medical history, or activities of the Plaintiff.

24.

Please state whether any of the **persons** identified in response to the previous interrogatory have given any statement(s) or account(s) to **you**, either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, please **identify** any witness(es) giving such statement(s), provide an explanation of the type statement(s) given (oral, written, recorded, etc.), and **identify** the **person** who took the statement and the present custodian of such statement(s), and provide their phone number, age, address, occupation, and place of employment.

25.

Please describe with particularity all photographs, charts, diagrams, videotapes, medical records, medical bills, and illustrations of any **person**, place or thing involved in this lawsuit, giving the date each was made and the name and address of each **person** having possession, custody, or control of each item.

26.

Please **identify** each expert expected to testify at trial and state the subject matter about which the expert is expected to testify, the substance of the facts and opinions to which the expert

is expected to testify, and a summary of the grounds for each opinion. *See* O.C.G.A. § 9-11-26(b)(4)(A)(I)/Fed. R. Civ. P. 26(b)(4)(A)(I).  Please note that this interrogatory applies to *all* expert witnesses including all **practitioners and institutions of the healing arts**.  The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in **your** answer to this interrogatory.

27.

In regard to any document that is not being produced in response to Plaintiff's First Request for Production of Documents to Defendant JRC Transportation on the grounds of privilege, please state the following:

(a)  The date each document was generated;

(b)  The person generating the document;

(c)  The present custodian of each document;

(d)  A description of each document.

28.

Please **identify** all **persons** assisting in responding to these interrogatories.

29.

When and why did **you** first anticipate litigation to arise from the **occurrence**?

30.

Please provide the name, age, phone number, address, occupation, and place of employment of every **person** interviewed by you, or on **your** behalf, in regard to the **occurrence** or this lawsuit, and state the date and place of each interview and whether **you** have a recorded or written statement from each of these listed witnesses.

31.

Please **identify** with particularity all **documents** and other tangible things relevant to the issues in this lawsuit or that support **your** contentions that have not already been identified and give the name and address of the **person**(s) having possession, custody or control of each thing.

32.

With respect to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any **person** with knowledge relevant to this lawsuit, please provide the name and phone number of the **person** giving each statement, the name and address of the **person** or entity taking each statement, the date each statement was taken, and the name and address of each **person** having possession, custody, or control of each statement.

33.

Please describe all **documents**, letters, occurrence reports, and other tangible items **you** viewed or created regarding the **occurrence**.

34.

Please **identify** every **person you** spoke to about the **occurrence** within 72 hours after the **occurrence**, including but not limited to supervisors, coworkers, and dispatchers.  Please include a title, address, and phone number for each **person identified**.

35.

If **you** or anyone acting on **your** behalf have placed **Plaintiff** under surveillance at any time since the **occurrence**, please state:

(a)     The name, address, and telephone number of each **person** performing the surveillance;

(b)     The dates of the surveillance;

(c)     The form of the surveillance (e.g., motion pictures, still pictures, observation, tape

recorders, etc.); and

(d)     Who has possession of the results of the surveillance.


This 5th day of July, 2023.

Respectfully submitted,

*Jenna M. Hough*

PHILIP A. PENDERGRASS, JR.
Georgia Bar Number 529699
JENNA M. HOUGH
Georgia Bar Number 420507


**THE PENDERGRASS LAW FIRM**
275 Scientific Drive, Suite 1000,
Peachtree Corners, GA 30092


/s/ Michael M. Day
(*with express permission*)
MICHAEL M. DAY
Georgia Bar Number 952648


**MICHAEL M. DAY LAW FIRM, LLC**
1832 Second Avenue, Suite 100
Decatur, GA 30032
(404) 341-9393                           *Attorneys for Plaintiff*

State Court of Fulton County
**E-FILED**
23EV004002
7/5/2023 1:43 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

NICKY A. SPRANKLE,          )
           )
        Plaintiff,     )     **Civil Action File No.:**
           )
v.               )     _____
           )
RODERICK JACKSON,      )
JRC TRANSPORTATION, INC., and  )
SENTRY SELECT INSURANCE COMPANY,  )
           )     **JURY TRIAL DEMANDED**
        Defendants.    )

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT JRC TRANSPORTATION, INC.

**COMES NOW** Plaintiff, **NICKY A. SPRANKLE**, by and through undersigned counsel in the above-styled case,  pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, and requests that Defendant **JRC TRANSPORTATION, INC.,** produce all documents and things in his possession, custody, or control that are responsive to the following requests in the time and manner required by law.  Additionally, pursuant to O.C.G.A. § 24-13-27, Plaintiff serves this notice to produce on Defendant.

## Definitions

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, Twitter, Instagram, Myspace, Pinterest, and/or WordPress.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify**" means:

(a)     With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b)     With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c)     With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence**" means the December 23, 2022 incident that gives rise to this lawsuit.

"**Person(s)**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

"**Plaintiff**" refers to Nicky A. Sprankle.

"**Practitioner(s) and institution(s) of the healing arts**" means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

"**You**" and "**your**" refer to JRC Transportation, Inc., including its agents, representatives, subsidiaries, umbrella companies, insurers, and attorneys.

<u>**Instructions**</u>

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in his complaint.  Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request.  This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request.  If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests.  Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

If you assert a blanket "vague," "unduly burdensome," or similar objection, but then answer subject to that objection, please affirmatively state that no documents or information have been withheld subject to the objection raised.  If you refuse to provide information or documents responsive to a request on the basis of privilege, please affirmatively state that information or documents have been withheld and produce a privilege log containing the following information:

(a)     Identification of the document;

(b)     The general character of the document (e.g., letter, memorandum, contract, etc.);

(c)     The date of the document;

(d)     The person who offered or otherwise created or generated the document;

(e)     A brief summary of the subject matter of the document;

(f)     The location of the document; and

(g)     The nature and grounds of the privilege claimed.

These requests are continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require you to serve supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

O.C.G.A. § 9-11-26(b) is to be interpreted liberally—it requires the production of all relevant and responsive information regardless of its admissibility at trial.  *Bullard v. Ewing*, 158 Ga. App. 287, 291 (1981).  If you wish to seek protection from the general duty to provide broad discovery established by § 9-11-26(b), the means to do so is by filing a motion for protective order, as set forth in O.C.G.A. § 9-11-26(c).  If you seek a motion for protective order, that motion should be filed <u>before</u> the time for responding to the subject discovery requests.  *See, e.g.*, *Milholland v. Oglesby*, 115 Ga. App. 715, 716-18 (1967); Judge Wayne M. Purdom, Ga. Civil Discovery §

4:8.  You bear the burden of clearly and specifically demonstrating why discovery should not be had.  *Young v. Jones*, 149 Ga. App. 819, 824 (1979).

<u>**Requests for Production**</u>

1.

All statements from **Plaintiff** whether written or recorded.

2.

Copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Roderick Jackson on the day of the incident referred to in the complaint.

3.

Copies of any bill of sale, title  and any other documents relating to the ownership of the tractor and trailer (including any container or chassis, if applicable) driven by Roderick Jackson on the date of the incident referred to in the complaint.

4.

Copies of any lease, employment contract, or any other documents regarding the employment status of Roderick Jackson.

5.

A copy of the bill of lading for any loads carried by Roderick Jackson for the eight-day period preceding the incident referred to in the complaint.

6.

All photographs, color copies of photographs, videotapes, diagrams, plats, and other documents illustrating persons, places, products and tangible things concerning this incident or that are relevant to the subject matter involved in this lawsuit.

7.

Any policy of insurance identified in response to any Interrogatory.

8.

Any trip reports or dispatch records in regard to Roderick Jackson for the two-week period preceding the incident referred to in the complaint.

9.

All **documents** and **communications** pertaining to the trip that Roderick Jackson was on at the time of the **occurrence**.

10.

Any and all driver's logs or timecards for Roderick Jackson for the six-month period preceding the incident referred to in the complaint.

11.

Any written, oral, tape or video recorded statements given by Plaintiff to Defendant, any other defendant,  insurance company, adjuster or anyone else involved with the subject incident.

12.

Any written, oral, tape or video recorded statements (including, but not limited to, transcripts of testimony) given by Plaintiff concerning any other incident, lawsuit, hearing or proceeding which you contend are relevant to any issue in the subject lawsuit.

13.

Any written, oral, tape or video recorded interviews with any witnesses to the subject incident.

14.

Any written, oral, tape or video recorded statements given by any other person, including any expert hired by Defendant regardless of whether or not said expert may not be called to testify, concerning the subject incident.

15.

Any documents or other tangible items that evidence, constitute or refer or relate to any communication between you and Plaintiff or her agents or representatives related to the subject incident.

16.

Any documents or other tangible items that evidence, constitute or refer or relate to any communication between you and any other person that is not covered by attorney-client privilege that is related to the subject incident.

17.

All government statutes, ordinances, regulations and other laws that you contend Plaintiff did not adhere to or follow.

18.

All documents that support or concern your contentions that acts or omissions of Plaintiff caused or contributed to the subject incident.

19.

Copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Roderick Jackson for the six-month period preceding the incident referred to in the complaint.

20.

Copies of all daily, monthly and annual inspection reports, and any other inspection reports concerning the tractor or trailer (including any container or chassis, if applicable) driven by Roderick Jackson on the date of the incident referred to in the complaint for the one-year period preceding the incident and the six-month period following the incident.

21.

Copies of any and all maintenance records, repair invoices and work orders concerning the tractor and tailer (including any container or chassis, if applicable) driven by Roderick Jackson on the day of the incident referred to in the complaint for the one-year period preceding this incident and the six-month period following the incident.

22.

A copy of Roderick Jackson's Driver Qualification file, including, but not limited to:

(a)  Application for employment;

(b)  Copy of his CDL License;

(c)  Driver's certification of prior motor vehicle accidents;

(d)  Driver's certification of prior violations of motor vehicle laws;

(e)  Driver's prior employment history;

(f)  Carrier's inquiry into Roderick Jackson's driving record;

(g)  Carrier's inquiry into Roderick Jackson's employment record;

(h)  Response of each state agency to carrier's annual inquiry concerning Roderick Jackson's driving record;

(i)  Documents regarding carrier's annual inquiry concerning Roderick Jackson's driving record;

(j)  Certification of driver's road test;

(k)  Medical examiner's certificate;

(l)  Statement setting forth in detail any denial, revocation or suspension of any license, permit or privilege to operate a motor vehicle;

(m) Training certificates and training documents;

(n)  Drug testing records for Roderick Jackson;

(o)  Any other documents.

23.

Copies of any print outs, records, correspondence, memoranda or other documents concerning post-accident alcohol and drug testing of Roderick Jackson.

24.

All **documents** and **communications** evidencing, reflecting, relating to, or constituting an incident report or post-accident report regarding the **occurrence**.

25.

The accident register for Roderick Jackson for the one-year period preceding the subject incident.

26.

Copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant JRC TRANSPORTATION or kept by **you**.

27.

Copies of any reports, memoranda, notes, logs, or other documents evidencing any complaints about Roderick Jackson.

28.

Copies of all safety manuals, brochures, handouts, literature or other written documents pertaining to safety provided to drivers by the defendant or kept by Defendant JRC TRANSPORTATION.

29.

All **documents** and **communications** evidencing, reflecting, or relating to damages the vehicle **you** were driving sustained as a result of the **occurrence**.

30.

Copies of all printouts, records, or documents produced by any device identified in response to any Interrogatory for the six-month period prior to the incident referred to in the complaint.

31.

All **documents** and **communications you** prepared that describe the **occurrence** or the circumstances leading up to the **occurrence**.

32.

Any document concerning any violation identified in response to any Interrogatory.

33.

Any document concerning any disqualification or out-of-service identified in response to any Interrogatory.

34.

Copies of any documents regarding any training received by Roderick Jackson.

35.

Any permits or licenses regarding the tractor or trailer driven by Roderick Jackson and the load transported by Roderick Jackson at the time of the incident referred to in the complaint.

36.

The payroll information concerning said driver for the six-month period prior to and subsequent to the incident date and his paycheck for the time period covering the incident date and the payroll ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.

37.

All motor vehicle records or reports of any kind received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject incident.

38.

All certificates of authority, filings, registrations, license, permits or other related documents issued by or sent to any governmental entity in regard JRC TRANSPORTATION or JRC TRANSPORTATION's operations.

39.

Copies of all cellphone records of Roderick Jackson showing incoming and outgoing calls, texts, and messages for the date of the incident.

40.

Copies of any and all statements or reports concerning any eyewitness or other person with knowledge of the facts or circumstances of the subject incident, or person that has conducted any investigation of the subject incident.

41.

Any videotapes, photographs, drawings, or plats concerning the subject incident.

42.

Any videotape, photograph, report, data, memoranda, handwritten note, or other documents reviewed or generated by any expert or technician that you intend to call at a trial of this action.

43.

Any documents obtained through a request for production of documents or subpoena.

44.

Any medical records, videotapes, photographs, or other evidence concerning, referencing or depicting the Plaintiff.

45.

All videos, photographs, audio recordings, and reports reflecting surveillance on **Plaintiff**.

46.

All **documents**, **communications**, videos, medical records, medical bills, medical narratives, photographs, and any other tangible items that relate to **Plaintiff**'s medical treatment, both before and after the **occurrence**.

47.

All subrogation agreements, notices of claimed subrogation rights by others, assignments of claims to others, workers' compensation liens, hospital liens, and other **documents** and **communications** concerning subrogation claims related to the **occurrence**.

48.

All trip-monitor records or receipts specifying destinations or stops from the date of the **occurrence**.

49.

All **documents** evidencing, reflecting, relating to, or constituting a statement (written, recorded, or oral) taken from anyone interviewed by **you**, or on **your** behalf, regarding the subject collision or this lawsuit.

50.

All **documents** evidencing, reflecting, relating to, or constituting a statement (written, recorded, oral, court or deposition transcript, etc.) taken from anyone with knowledge relevant to this lawsuit.

51.

All **documents** received from third parties that mention, concern, refer or relate to any issue in this lawsuit.

52.

All field notes, sketches, diagrams, letters, memos, reports, photos, and other **documents** concerning the **occurrence** or other any subject matter involved in this lawsuit that have been generated by or for experts consulted in this case.

53.

All **documents** produced to, produced by, or generated by each witness who may provide testimony at trial.

54.

All **documents**, photographs, medical records, or any other tangible items that **you** believe could potentially be used in an attempt to impeach **Plaintiff**.

55.

All **documents**, letters, diagrams, forms, and any other tangible items that **you** viewed or filled out related in any way to the **occurrence**.

56.

All **documents** constituting evidence relied upon to demonstrate and support facts relevant to this litigation. *See E. H. Siler Realty & Business Broker, Inc. v. Sanderlin*, 158 Ga. App. 796 (1981).

57.

All **documents** identified in **your** responses to **Plaintiff**'s interrogatories.

58.

Roderick Jackson's entire driver qualification file, driver investigation file, driver history file, and all **documents** that demonstrate compliance with federal and state driver qualification laws and regulations.  If any otherwise responsive **documents** have been removed from **your** qualification file, they should still be produced.

59.

Roderick Jackson's entire employment file, to the extent not already produced in response to previous requests, including but not limited to applications, previous employers, reviews, disciplinary documents, certificates, any investigation into his criminal and driving history **you** performed prior to hiring him, and all other **documents** in the file.

60.

Copies of all **documents** and **communications** that relate to any pre-employment background investigation of Roderick Jackson, including, without limitation, any investigation of his qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with **you**.

61.

All **documents** and **communications** that relate to **your** hiring of/contracting with Roderick Jackson.

62.

All quizzes, tests, and/or assessments ever given to Roderick Jackson by **you** or on **your** behalf at any time if not already provided. An answer key should also be provided.

63.

A copy of any certificate of a driver's road test completed by the **person** who tested Roderick Jackson on **your** behalf if not already provided.

64.

All **documents** and **communications** (a) explaining how Roderick Jackson was compensated for the one-month period leading up to and including the date of the **occurrence** and extending one week after the date of **occurrence**; and (b) showing any detention of wages over the same time period.

65.

All **documents** relating to blood, urine, hair, or any other type of drug or alcohol testing of Roderick Jackson.

66.

All alcohol test forms, controlled substance chain or custody forms, **documents** relating to Jose Ramirez's refusal to submit to testing, and **documents** supplied by Roderick Jackson to dispute test results done before and after the **occurrence.**

67.

All educational materials that were given to Roderick Jackson explaining drug and alcohol testing regulations, including all **documents** Jose Ramirez signed to acknowledge receipt of the materials. All **documents** relating to any violation of any of **your** safety rules or principles by Roderick Jackson at any time.

68.

Copies of all **documents** that relate to any action (formal or informal) taken by any supervisor or manager or anyone working for **you** or on **your** behalf for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Roderick Jackson regarding the safe operation of a motor vehicle.

69.

All accident reports, **occurrence** reports, records, memoranda, investigations, inquiries, studies, or documents of any other kind or by any other name concerning any disciplinary actions, work evaluations, performance evaluations, or other information regarding Roderick Jackson's work habits and driving abilities or habits.

70.

All **documents** related to any complaint, criticism, or concern raised by any **person** or entity regarding Roderick Jackson's driving and/or safety performance, including but not limited

to customer complaints and call-ins by motorists, either to **you** directly or to any service utilized by **you**.

71.

All **documents** reflecting usage and billing for the time period beginning 48 hours before the **occurrence** and ending 48 hours after the **occurrence** for each **communication** device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, electronic devices, etc.) that was in the vehicle Roderick Jackson was driving at the time of the **occurrence**.  This includes all devices, regardless of whether Roderick Jackson owned the device and regardless of whether **you** claim the device was in use at the time of the **occurrence**.

72.

All **documents** prepared by Roderick Jackson that describe the **occurrence** or the circumstances leading up to the **occurrence**.

73.

All statements (written, recorded, etc.) from **you**, **your** agents, **your** representatives, **your** employees, and **your** former employees that concern the **occurrence** or are relevant to the subject matter involved in this lawsuit.

74.

All **documents** and **communications** evidencing any evaluation of the driving abilities, safety, and/or performance of Roderick Jackson that have not been produced in response to previous requests.

75.

All requests **you** submitted to any state agency or other entity requesting a copy of the driving and criminal records for Roderick Jackson and everything **you** received in response to those requests and any related **communications**.

76.

The result of any request for information directed to any previous employers of Roderick Jackson.

77.

All **your** policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect and applied to Jose Ramirez at the time of the **occurrence**, including but not limited to those policies relating to:

(a)     Working for or with **you** generally (e.g., employee manual or handbook);

(b)     Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

(c)     Driving safety;

(d)     Defensive driving;

(e)     Compliance with federal and state laws and regulations;

(f)     Accident investigation;

(g)     Accident review boards;

(h)     Determination of preventability of accidents;

(i)     Hiring, training and supervising drivers; and

(j)     Disciplinary actions.

78.

All **documents** that Roderick Jackson signed to prove that he received and/or agreed to be

bound by any of **your** policies, procedures, rules, guidelines, and/or standards.

79.

A complete copy of, or in the alternative, access to each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by **you** or used by **you**, **your** personnel, agents, or employees on **your** behalf during the year of the **occurrence** and three (3) years prior.

80.

All industry and/or other guidelines and/or practices that **you** rely upon to support **your** contentions in this case.

81.

If the vehicle involved in the **occurrence** was equipped with any on-board gps, audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

82.

To the extent not produced in response to previous requests, all data that was recovered from the vehicle involved in the **occurrence** and/or anything inside or connected to any part or system of the vehicle involved in the **occurrence** from the date of the **occurrence**.

83.

All **communications** and transmissions between **you** and Roderick Jackson that were transmitted through any app on the day of the **occurrence**.

84.

All **documents** and **communications** constituting or related to any insurance policies, bonds, or instruments of indemnity issued to or for **you**, Roderick Jackson, or any other entity or

individual affording any sort of liability or indemnity coverage at any time which may be available or liable to satisfy part or all of any judgment which may be entered in any action arising from the **occurrence** or to indemnify or reimburse any payments made to satisfy such judgment, including but not limited to the actual insurance policies, it being essential that the papers produced in connection with this request show the liability limits and all insureds under all instruments produced.

85.

All **documents** and **communications** pertaining to the trip Roderick Jackson was completing on the day of the **occurrence**, including but not limited to emails, route information, receipts, and data from any app used to obtain delivery information from restaurants, navigate to locations, and/or obtain any other information needed to complete his route.

86.

All investigation reports from any governmental agency or private organization relating to the **occurrence**, including but not limited to the Interstate Commerce Commission, the Georgia Public Service Commission, the Georgia State Patrol, the responding police department, or any other governmental or regulatory agency of any kind.

87.

All **documents** and **communications** assessing preventability of and/or fault for the **occurrence**. All correspondence and other **communications** (including but not limited to email) that **you** or **your** employee(s)/agent(s) have had with any **person** other than **your** attorney involving or relating to the **occurrence**.

88.

All **documents** and **communications** prepared and/or presented by **your** representatives,

employees, and/or agents relating to the safe operation of a motor vehicle and/or the safe operation of **your** company in the past two years.

89.

Copies of all **documents you** obtain pursuant to subpoenas and/or Requests for Production of Documents to non-parties in this case.

90.

All reports, correspondence, memos, notes, photos, trial exhibits and other **documents** and **communications** embodying observations, calculations, illustrations, and opinions from accident reconstruction experts, engineers, **practitioner(s) and institution(s) of the healing arts,** or other experts who may testify at trial concerning this **occurrence** or other subject matter involved in this lawsuit.

91.

All notes, memoranda and reports prepared by any expert witness **you** expect to testify at trial, including, but not limited to:

(a)     All **documents** and items produced to the expert;

(b)      All **documents** and items generated or produced by the expert;

(c)     A copy of the expert's entire file;

(d)     A current résumé or curriculum vitae for the expert; and

(e)     All billing records and work logs for the expert.

92.

A privilege log identifying each responsive document or thing that **you** refuse to produce because of a claim of privilege, setting forth the specific privilege claimed, the date, the general

subject matter, the writer/originator, and the recipient/addressee for each such document or thing.

*See* Unif. Sup. Ct. R. 5.5.

This 5ʰ day of July, 2023.

Respectfully submitted,

PHILIP A. PENDERGRASS, JR.
Georgia Bar Number 529699
JENNA M. HOUGH
Georgia Bar Number 420507

**THE PENDERGRASS LAW FIRM**
275 Scientific Drive, Suite 1000,
Peachtree Corners, GA 30092

/s/ Michael M. Day
(*with express permission*)
MICHAEL M. DAY
Georgia Bar Number 952648

**MICHAEL M. DAY LAW FIRM, LLC**
1832 Second Avenue, Suite 100
Decatur, GA 30032
(404) 341-9393

***Attorneys for Plaintiff***

State Court of Fulton County
**E-FILED**
23EV004002
7/5/2023 1:43 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NICKY A. SPRANKLE, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action File No.:** |
| | ) | |
| v. | ) | |
| | ) | _____ |
| RODERICK JACKSON, | ) | |
| JRC TRANSPORTATION, INC., and | ) | |
| SENTRY SELECT INSURANCE COMPANY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
## TO DEFENANT JRC TRANSPORTATION, INC.

**COMES NOW** Plaintiff, **NICKY A. SPRANKLE**, by and through undersigned counsel in the above-styled case, pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, and requires that Defendant **JRC TRANSPORTATION** ("Defendant") answer under oath the following Requests for Admissions, within the time and manner allowed by law.

## PRELIMINARY NOTES AND INSTRUCTIONS

### 1. SPECIFIC RESPONSE REQUIRED

In reply to thee Requests for Admission, your answer should specifically admit or deny the request, or set forth in detail the reasons why the request cannot be truthfully admitted or denied. Any denial shall fail to meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder. O.C.G.A. § 9-11-36(a)(2).

### 2. LACK OF KNOWLEDGE/ INFORMATION

As the answering party, you may not give lack of information or knowledge as a reason for failure to admit or deny unless reasonable effort has been made and the information known or readily obtainable and available to the Defendant is sufficient to enable the Defendant to admit or deny the matter. O.C.G.A. § 9-11-36(a)(2).

### 3.   GROUNDS FOR OBJECTIONS

If the Defendant considers that a matter requested presents a genuine issue for trial, this alone does not constitute grounds for an objection. Mixed qualifications of law and fact, opinions, and genuineness of documents are all legitimate subjects of Requests for Admission. O.C.G.A. § 9-11-36(a)(1)(2).

### 4.   SUBSEQUENT DISCOVERY OF INFORMATION

If in response to any of Plaintiff's interrogatories Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these Interrogatories.

### <u>DEFINITIONS</u>

As used herein, the terms listed below are defined as follows:

1.      "**<u>Person(s)</u>**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      "**You**" or "**your**" or "**Defendant**" or "**JRC Transportation**" refers to Defendant **JRC Transportation** ("Defendant").

7.      "**Date of the incident**" or "**incident date**" or "**date of the collision**" refers to December 23, 2022.

8.      "**Subject incident**" "**incident**" or "**subject occurrence**" or "**subject collision**" or "**collision**" means the incident of December 23, 2022 occurring at Interstate 20 near in CARROLL County, Georgia, which makes the basis of this lawsuit.

9.      "**Sentry Insurance Company**" means Defendant Sentry Select Insurance Company.

10.     "**Defendant Jackson**" means Defendant RODERICK JACKSON.

11.     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## REQUESTS FOR ADMISSION

1.

Admit that the DOT Number for JRC TRANSPORTATION is 254145.

2.

Admit that the MC ICC Number for JRC TRANSPORTATION is 00180511.

3.

Admit that Plaintiff is a member of the public.

4.

Admit that JRC TRANSPORTATION was involved in intrastate transport at the time of the subject incident.

5.

Admit that JRC TRANSPORTATION was involved in interstate transport at the time of the subject incident.

6.

Admit that JRC TRANSPORTATION is a motor carrier.

7.

Admit that JRC TRANSPORTATION was a motor carrier at the time of the subject incident.

8.

Admit that on December 23, 2022, JRC TRANSPORTATION was the owner of the tractor involved in the subject incident.

9.

Admit that on December 23, 2022, JRC TRANSPORTATION was the owner of the trailer involved in the subject incident.

10.

Admit that the tractor, VIN  and that the trailer VIN stated in the Georgia Motor Vehicle Collision Report for the subject incident were involved in the subject incident.

11.

Admit that on December 23, 2022, Defendant **Roderick Jackson** was an agent of JRC TRANSPORTATION.

12.

Admit that on December 23, 2022, Defendant **Roderick Jackson** was an employee of JRC TRANSPORTATION.

13.

Admit that on December 23, 2022, Defendant **Roderick Jackson** was operating the tractor-trailer owned by JRC TRANSPORTATION.

14.

Admit that on December 23, 2022, Defendant **Roderick Jackson** was operating the tractor-trailer with the permission of JRC TRANSPORTATION.

15.

Admit that on December 23, 2022, Defendant **Roderick Jackso**n was operating the tractor-trailer with the knowledge of JRC TRANSPORTATION.

16.

Admit that on December 23, 2022, Defendant **Roderick Jackson** was operating the tractor-trailer as trained by JRC TRANSPORTATION.

17.

Admit that on December 23, 2022, Defendant **Roderick Jackson** was not operating the tractor-trailer as trained by JRC TRANSPORTATION.

18.

Admit that no act of Plaintiff contributed to the subject incident.

19.

Admit that there was no failure to act by Plaintiff which contributed to the subject incident.

20.

Admit that Defendant **Roderick Jack**son was a professional driver on the date and time of the subject incident.

21.

Admit that Defendant **Roderick Jackson** is fully liable for the subject incident.

22.

Admit that JRC TRANSPORTATION is properly named as a Defendant.

24.

Admit that JRC TRANSPORTATION is properly named in the complaint.

25.

Admit that jurisdiction is proper in this court.

26.

Admit that service was proper on JRC TRANSPORTATION.

27.

Admit that the person answering these questions has authority from JRC TRANSPORTATION to do so.

This, the 5th day of July, 2023.

**[SIGNATURE ON FOLLOWING PAGE]**

Respectfully submitted,

PHILIP A. PENDERGRASS, JR.
Georgia Bar Number 529699
JENNA M. HOUGH
Georgia Bar Number 420507

**THE PENDERGRASS LAW FIRM**
275 Scientific Drive, Suite 1000,
Peachtree Corners, GA 30092

/s/ Michael M. Day
(*with express permission*)
MICHAEL M. DAY
Georgia Bar Number 952648

**MICHAEL M. DAY LAW FIRM, LLC**
1832 Second Avenue, Suite 100
Decatur, GA 30032
(404) 341-9393

***Attorneys for Plaintiff***