# Exhibit D

Case 1:23-mi-99999-UNA   Document 2476-4   Filed 08/03/23   Page 2 of 6

State Court of Fulton County
**E-FILED**
23EV004002
7/5/2023 1:43 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NICKY A. SPRANKLE, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action File No.:** |
| | ) | |
| v. | ) | _____ |
| | ) | |
| RODERICK JACKSON, | ) | |
| JRC TRANSPORTATION, INC., and | ) | |
| SENTRY SELECT INSURANCE COMPANY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**Plaintiff's First Request for Admissions to Defendant Sentry Select Insurance Company**

**COMES NOW** Plaintiff, **NICKY A. SPRANKLE**, by and through undersigned counsel in the above-styled case, pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, and requires that Defendant **JRC TRANSPORTATION** ("Defendant") answer under oath the following Requests for Admissions, within the time and manner allowed by law.

**Definitions**

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, Twitter, Instagram, Myspace, Pinterest, and/or WordPress.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence,

memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

  "**Identify**" means:

  (a) With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

  (b) With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

  (c) With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

**"JRC Transportation"** means Defendant JRC Transportation, Inc., including its agents, representatives, subsidiaries and/or umbrella companies.

  "**Occurrence**" means the December 23, 2022 incident that gives rise to this lawsuit.

"**Person(s)**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

"**Plaintiff**" refers to **Nicky A. Sprankle**.

"**Practitioner(s) and institution(s) of the healing arts**" means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

"**You**" and "**your**" refer to Sentry Select Insurance Company, including its agents, representatives, insurers, and attorneys.

## Instructions

Answers shall specifically admit or deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, please specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to admit or deny.

If you fail to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will ask the Court for an order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in his complaint. Plaintiff requests that you set forth in your response the text of the

request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request.  If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests.  Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

1.

Admit that Defendant Sentry Select Insurance Company issues a policy of liability insurance to JRC Transportation, Inc. covering the **occurrence** at issue in this litigation.

2.

Admit that Defendant Sentry Select Insurance Company conducts business in Fulton County, Georgia.

3.

Admit that Defendant Sentry Select Insurance Company has an agent conducting business on its behalf in Fulton County, Georgia.

4.

Admit that JRC Transportation, Inc. is a motor carrier for hire.

5.

Admit that JRC Transportation, Inc. engaged in intrastate transportation within the State of Georgia during the 12-month period prior to the date of the collision.

6.

Admit that JRC Transportation is subject to the jurisdiction of the Georgia Public Service Commission and the Georgia Department of Revenue by virtue of engaging in intrastate transportation pursuant to O.C.G.A. § 40-1-126.

7.

Admit that Defendant Sentry Select Insurance Company is liable for any verdict against JRC Transportation, Inc. up to the policy limits of coverage.

This 5th day of July, 2023.

Respectfully submitted,

PHILIP A. PENDERGRASS, JR.
Georgia Bar Number 529699
JENNA M. HOUGH
Georgia Bar Number 420507

**THE PENDERGRASS LAW FIRM**
275 Scientific Drive, Suite 1000,
Peachtree Corners, GA 30092

/s/ Michael M. Day
(*with express permission*)
MICHAEL M. DAY
Georgia Bar Number 952648

**MICHAEL M. DAY LAW FIRM, LLC**
1832 Second Avenue, Suite 100
Decatur, GA 30032
(404) 341-9393

*Attorneys for Plaintiff*