# Exhibit G

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| NICKY A. SPRANKLE,<br>　　　　Plaintiff, | *<br>*<br>* |
| vs. | *　　Civil Action No. 23EV004002<br>* |
| RODERICK JACKSON, JRC<br>TRANSPORTATION, INC. and<br>SENTRY SELECT INSURANCE<br>COMPANY,<br>　　　　Defendants. | *<br>*<br>*<br>*<br>* |



FILED IN OFFICE
AUG 0 2 2023
DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

## ANSWER OF JRC TRANSPORTATION, INC AND SENTRY SELECT INSURANCE COMPANY, AND ANSWER BY SPECIAL AND LIMITED APPEARANCE OF DEFENDANT RODERICK JACKSON

COMES NOW JRC Transportation, Inc. (sometimes hereinafter "JRC"), and Sentry Select Insurance Company (sometimes hereinafter "Sentry"), Defendants in the above styled civil action and answer and respond to the Plaintiff's Complaint for Damages, and for Answer show the Court as follows, and Roderick Jackson (sometimes hereinafter "Jackson"), Defendant in the above-styled action, submits this Answer by Special and Limited Appearance without subjecting himself to the jurisdiction of this Court and responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against these Defendants upon which relief can be granted.

### SECOND DEFENSE

No act or omission of these Defendants either proximately caused or contributed to all damage the Plaintiff may have sustained, and on account thereof, Plaintiff is not entitled to recover any sum of these Defendants.

### THIRD DEFENSE

This Honorable Court lacks jurisdiction over these Defendants and, as a result thereof, Plaintiff's Complaint must be dismissed.

### FOURTH DEFENSE

Venue is improper in this Court and, as a result thereof, Plaintiff's Complaint must be dismissed.

## FIFTH DEFENSE

Service of process is insufficient as to Defendant Jackson and, as a result thereof, Plaintiff's Complaint must be dismissed.

## SIXTH DEFENSE

Further answering the numbered paragraphs of Plaintiff's Complaint, Defendants answer as follows:

1.

The Defendant Roderick Jackson admits that he is a resident of the State of South Carolina. However, the Defendant denies the balance of the allegations contained within paragraph 1 of the Plaintiff's Complaint.

2.

These Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

These Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

These Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint and can therefore neither admit nor deny same.

5.

These Defendants deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

These Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

These Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

These Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

These Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

The Defendant admits owing a duty to the Plaintiff and breaching said duty only.

11.

These Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint and can therefore neither admit

nor deny same.

14.

12.

These Defendants admit the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

These Defendants admit the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendants re-state and re-allege their above responses to paragraphs 1 through 13 of the Plaintiff's Complaint as if fully set out herein.

15.

These Defendants admit the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

The Defendant Jackson admits owing a duty to the Plaintiff and breaching said duty only.

17.

The Defendant Jackson admits owing a duty to the Plaintiff and breaching said duty only.

18.

These Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint and can neither admit nor deny same and therefore said allegations stand denied.

19.

Defendants re-state and re-allege their above responses to paragraphs 1 through 18 of the Plaintiff's Complaint as if fully set out herein.

20.

These Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

These Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendants re-state and re-allege their above responses to paragraphs 1 through 21 of the Plaintiff's Complaint as if fully set out herein.

23.

These Defendants admit the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

The Defendant JRC admits only that Jackson was operating on JRC's behalf at the time of the accident. The Defendant JRC denies the remainder of the allegations contained within paragraph 24 of the Plaintiff's Complaint.

25.

Defendants re-state and re-allege their above responses to paragraphs 1 through 24 of the Plaintiff's Complaint as if fully set out herein.

26.

These Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

These Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

These Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

These Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

Defendants re-state and re-allege their above responses to paragraphs 1 through 29 of the Plaintiff's Complaint as if fully set out herein.

31.

These Defendants admit the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.

These Defendants admit the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.

These Defendants admit the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.

These Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint and can therefore neither admit nor deny same.

35.

Defendants re-state and re-allege their above responses to paragraphs 1 through 34 of the Plaintiff's Complaint as if fully set out herein.

36.

These Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.

These Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.

These Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.

Defendants re-state and re-allege their above responses to paragraphs 1 through 38 of the Plaintiff's Complaint as if fully set out herein.

40.

These Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

**SEVENTH DEFENSE**

Any allegation contained in the Plaintiff's Complaint, which has not herein expressly been admitted, is hereby denied.

WHEREFORE, Defendants having fully answered the Plaintiff's Complaint prays that he hence be discharged of the Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of these Defendants and against the Plaintiff, with all costs cast upon the Plaintiff.

This 28th day of July, 2023.

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
jhardee@fainmajor.com
bkamoroff@fainmajor.com

FAIN MAJOR & BRENNAN, P.C.

*/s/ James W. Hardee*
JAMES W. HARDEE
Georgia Bar No. 324399
J. BLAKE KAMOROFF
Georgia Bar No. 331202
*Counsel for Defendants*

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| NICKY A. SPRANKLE,<br>    Plaintiff, | *<br>*<br>* |
| vs. | * Civil Action No. 23EV004002<br>* |
| RODERICK JACKSON, JRC<br>TRANSPORTATION, INC. and<br>SENTRY SELECT INSURANCE<br>COMPANY,<br>    Defendants. | *<br>*<br>*<br>*<br>* |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the **Answer of JRC Transportation, Inc and Sentry Select Insurance Company and Special Appearance Answer of Roderick Jackson,** electronically via Odyssey eFileGA, via statutory electronic service, or by placing same in the United States Mail, postage prepaid, addressed as follows:

|  |  |
|---|---|
| Philip A. Pendergrass, Jr.<br>Jenna M. Hough<br>THE PENDERGRASS LAW FIRM<br>275 Scientific Dr., Suite 1000<br>Peachtree Corners, GA 30092<br>philip@georgiatrialfirm.com<br>jenna@georgiatrialfirm.com | Michael M. Day<br>MICHAEL M. DAY LAW FIRM, LLC<br>1832 Second Ave., Suite 100<br>Decatur, GA 30032<br>mday@mmdattorney.com |

This 28th day of July, 2023.

FAIN MAJOR & BRENNAN, P.C.

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342-1445
(404) 688-6633
jhardee@fainmajor.com
bkamoroff@fainmajor.com

*/s/ James W. Hardee*
JAMES W. HARDEE
Georgia Bar No. 324399
J. BLAKE KAMOROFF
Georgia Bar No. 331202
*Counsel for Defendants*