IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BELTER CASTILLO,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION FILE NO:** |
| **PANDORA JEWELRY, LLC** | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

**COMES NOW** Belter Castillo ("Mr. Castillo" or "Plaintiff") by and through his undersigned attorney to hereby file this Complaint and Jury Demand for relief and damages against Pandora Jewelry, LLC ("Defendant," "the Company," or "Pandora") as follows.

### NATURE OF THE ACTON

1. This action is to correct unlawful employment practices by Pandora, an international jewelry company with approximately 2,500 retail stores worldwide. Mr. Castillo worked as a part-time sales associate for Pandora at its Alpharetta,

Georgia location. Plaintiff brings this civil action against Pandora to recover damages against Defendant for (1) its violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.* ("Title VII") concerning the termination of his employment in retaliation for complaining about racial and sexual harassment; (2) mistreating him prior to his termination, in violation of Title VII; and (3) retaliating against him in violation of the Fair Labor Standards Act 29 U.S.C. § 201 et seq., ("FLSA") for complaining about unpaid wages.

## PARTIES

2. Mr. Castillo is an individual and a resident of the State of Georgia.

3. Mr. Castillo is a Latino-American, openly gay, adult male.

4. Defendant is a foreign limited liability company registered with the Georgia Secretary of State Corporations Division.

5. Defendant operates and exists under the laws of the State of Georgia.

## SUBJECT MATTER JURISDICTION

6. This Court has subject matter jurisdiction concerning Plaintiff's civil

action pursuant to 28 U.S.C. §1331 and 1343, as the allegations in this civil action concern the laws of the United States of America and the deprivation of a right or privilege of a citizen of the United States.

## PERSONAL JURISDICTION

7.  Defendant may be served with process concerning this civil action through its registered agent, registered with the Georgia Secretary of State, C T Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

## VENUE

8.  Venue is proper in this District (1) pursuant to 28 U.S.C. §1391(b) and (2) because the employment practices, which include events and omissions, engaged in by Defendant concerning Plaintiff occurred in this District. Moreover, Defendant has a store located in this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

9. Mr. Castillo filed a Charge of Discrimination, Number 410-2022-03661, against Defendant with the Equal Employment Opportunity Commission ("EEOC") on July 8, 2022 (see Exhibit No. 1).

10. On May 5, 2023, the EEOC issued Mr. Castillo a Right-to-Sue Letter for EEOC Charge Number 410-2022-03661 ("Right-to-Sue Letter") (see Exhibit No. 2).

11. Mr. Castillo has filed this present civil action within 90 days of receiving his Right-to-Sue Letter.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates by reference paragraphs 1 through 12 hereinabove as though set forth fully and separately herein.

### *Background*

13. Pandora is an international manufacturer and retailer of jewelry, known for its customizable charm bracelets, designer rings, earrings, and necklaces. It sells its jewelry online and in retail stores, many of which are located throughout the United States.

14. Mr. Castillo was hired by Defendant and began his employment with the Company in February 2020 as a part-time sales associate at its Alpharetta, Georgia retail store ("the store").

15. As a retail sales associate, Mr. Castillo's primary job responsibilities were to greet and engage shoppers in a welcoming manner, introduce shoppers to various Pandora products, be aware of the Pandora product line, and sell Pandora products to shoppers.

16. During all relevant periods of time when Mr. Castillo worked for Pandora, Ms. Devon Harris ("Ms. Harris") worked as the store's manager. Ms. Harris is a white, non-gay female.

17. Mr. Castillo worked with Ms. Harris at the store on several shifts throughout his employment with Pandora.

### *Racial and sexual harassing conduct*

18. In or about June or July 2021, while at work at the store, Mr. Castillo witnessed Ms. Harris make derogatory racial remarks concerning African American and South Asian customers. Specifically, at or about said time, Mr. Castillo heard Ms. Harris say that Asians and African American customers "always want a discount" and that that is "the way they are." During these comments to Mr. Castillo, Ms. Harris also suggested that Mr. Castillo should go to Hobby Lobby and

purchase a colored sticker to put on his forehead to create a bindi to appeal to Hindu shoppers. Each of these comments and statements to Mr. Castillo was unwelcome.

19. In or about September, October, or November 2021, while at the store, Ms. Harris described spending time at an outdoor business complex to identify targets for sexual overtures. She then asked Mr. Castillo intrusive questions about his sexual orientation and exclaimed to him, "You should try it! I mean gay guys are really into getting picked up like that, right? Just make sure you carry some wine with you." Each of these comments and statements to Mr. Castillo was unwelcome.

20. In or about September, October, or November 2021, in a separate incident at the store, Ms. Harris made sexually explicit comments to Mr. Castillo about her appetite for sex and dating life, stating "My squirrel is in the nut phase." The connotation was that she was actively looking for sex partners. Each of these comments and statements to Mr. Castillo was unwelcome.

21. In or about September, October, or November 2021, in a separate incident at the store, Ms. Harris openly discussed sexual acts and illicit behavior she engaged in with people she met through the dating app Seeking Arrangement. Each of these comments and statements to Mr. Castillo was unwelcome.

### *Mr. Castillo's complaint of unpaid wages*

22. On or about February 8, 2022, Jennifer Esting (a visiting Pandora store manager from the Mall of Georgia) demanded that Mr. Castillo take the store trash to the dumpster after he clocked out at the end of his shift.

23. Mr. Castillo is an hourly paid employee who is non-exempt under the FLSA.

24. Since Mr. Castillo was not being paid for this task, which required him traveling a considerable distance to take the trash to the dumpster, and because he was being asked to work off the clock on the day of the incident (February 8, 2022), Mr. Castillo objected to this request, but he ultimately complied.

25. Ms. Harris became aware of Mr. Castillo's objection to being asked to work off the clock without pay. The next day, on or about February 9, 2022, she suspended Mr. Castillo with pay, based on the pretext that they received complaints about him from customers and because he allegedly failed to take out the trash.

### *Mr. Castillo's Internal Complaint to Pandora Human Resources*

26.     On or about February 9, 2022, Mr. Castillo sent an email to Pandora's Human Resources ("HR") Department, filing a complaint against Ms. Harris concerning her racial and sexual harassment.

27.     On or about February 14, 2022, Pandora placed Mr. Castillo on a paid suspension pending the investigation of his complaint.

28.     On or about March 7, 2022, a Pandora HR manager and Shon Tart ("Ms. Tart"), a Pandora HR generalist, called Mr. Castillo and said that his complaint against Ms. Harris could not be substantiated.

29.     Since Pandora ostensibly took no action against Ms. Harris based on its claim that Mr. Castillo's complaints against Ms. Harris could not be substantiated, Ms. Harris became emboldened. Accordingly, on or about March 9, 2022, upon his arrival at work, Ms. Harris ordered Mr. Castillo into a meeting and threatened him, saying that due to his filing a complaint against her, he had "drawn a line in the sand." Store assistant manager Shania Kristoff was also present during this meeting.

30.     Over the next several days, Ms. Harris began to unfairly criticize and chastise Mr. Castillo in addition to talking to him in a disrespectful way. As one

example, she began criticizing him concerning the length of his bathroom breaks and told him that she would start timing him.

31. Mr. Castillo objected to this mistreatment and told Ms. Harris that he could not continue to work under her management if she continued to mistreat him. Ms. Harris did not appreciate Mr. Castillo standing up for himself by objecting to her mistreatment of him; when he said this, she became angered, clenched her fists, and made a movement as if she wanted to lunge at him.

32. Ms. Harris did not attack Mr. Castillo; instead, she stormed out of the store and went to speak with Pandora's HR Department.

33. On or about March 17, 2022, Ms. Tart and Chloe Dowling called Mr. Castillo and notified him that his employment with Pandora was terminated, effective immediately.

34. Upon information and belief, Pandora terminated Mr. Castillo's employment upon the reports or recommendations made by Ms. Harris, which were untrue, mischaracterized, and tainted by her retaliatory motive.

35. Upon information and belief, Pandora failed to perform an independent investigation or performed a shoddy investigation of Ms. Harris' reports and/or recommendations that served as the basis for Mr. Castillo's termination.

## COUNT I
### (Retaliatory Mistreatment in Violation of Title VII)

36. Mr. Castillo incorporates by reference paragraphs 1 through 35 hereinabove as though set forth fully and separately herein.

37. Defendant violated 42 U.S.C.A. § 2000e-3(a) because it mistreated Mr. Castillo in retaliation for engaging in the protected activity of opposing practices (i.e., racial and sexual harassment) that he reasonably believed were in violation of Title VII.

38. Defendant's mistreatment of Mr. Castillo well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

39. Mr. Castillo engaged in protected activity under Title VII when, on February 9, 2022, he lodged an internal complaint with Pandora's HR Department concerning racial and sexual harassment.

40. He was immediately mistreated after filing this complaint. He was placed on a paid suspension. Although he received pay, the suspension is viewed adversely.

41. Placing an employee on suspension, albeit paid, might well dissuade a reasonable worker from engaging in protected activity of filing an internal complaint of harassment or discrimination.

42. Next, on or about March 9, 2022, after being told by Pandora that it could not substantiate his complaints, Ms. Harris ordered Mr. Castillo into a meeting and threatened him that due to his filing a complaint against her, he had "drawn a line in the sand."

43. Telling an employee that he or she has "drawn a line in the sand" by filing an internal complaint of harassment might well dissuade a reasonable worker from engaging in protected activity of filing an internal complaint of harassment or discrimination.

44. Telling an employee that his or her bathroom breaks would be timed, after he or she files an internal complaint of harassment, might well dissuade a

reasonable worker from engaging in protected activity of filing an internal complaint of harassment or discrimination.

45. The retaliatory mistreatment that Mr. Castillo experienced caused him to experience emotional distress, humiliation, embarrassment, and mental anguish.

## COUNT II
### (Retaliation in Violation of Title VII)

46. Mr. Castillo incorporates by reference paragraphs 1 through 43 hereinabove as though set forth fully and separately herein.

47. Defendant violated 42 U.S.C.A. § 2000e-3(a) because it terminated Mr. Castillo's employment in retaliation for engaging in the protected activity of opposing practices (i.e., racial and sexual harassment) that he reasonably believed were a violation of Title VII.

48. On or about February 9, 2022, Mr. Castillo sent an email to HR, filing a complaint against Ms. Harris concerning her derogatory racial and sexual harassment.

49. On or about March 17, 2022, after Mr. Castillo had worked for Pandora for more than two years but less than two months after he filed an internal complaint of discrimination, Pandora terminated Mr. Castillo's employment.

## COUNT III
### (Retaliation in Violation of the FLSA)

50. Mr. Castillo incorporates by reference paragraphs 1 through 43 hereinabove as though set forth fully and separately herein.

51. Defendant violated 29 U.S.C.A. § 215(a)(3) because it terminated Mr. Castillo's employment in retaliation for engaging in the protected activity of complaining about not being paid for being required to perform work off the clock.

52. On February 8, 2022, Mr. Castillo was told to take the trash to the dumpster. Because he was being asked to work off the clock, on the day of the incident (February 8, 2022), Mr. Castillo objected to this request, but he ultimately complied.

53. On or about March 17, 2022, after Mr. Castillo had worked for Pandora for more than two years but a little over two months after he complained about not

being paid for being required to perform work off the clock, Pandora terminated Mr. Castillo's employment.

## JURY TRIAL DEMAND

54. Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the above stated claims that Defendant has violated Plaintiff's rights afforded to him under Title VII and the FLSA, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to compensation for his emotional distress, embarrassment, mental anguish, and inconvenience;

B. Back pay and lost benefits;

C. Actual losses;

D. Liquidated damages;

E. Punitive damages to the extent allowed by law;

F.  Attorneys' fees and the costs of this action;

G.  Prejudgment and post-judgment interest at the highest lawful rate; and.

H.  Such further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of August 2023.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: s/ *Jermaine A. Walker*

Jermaine "Jay" A. Walker
HKM Employment Attorneys LLP
3344 Peachtree Road NE, Suite 800
Office No. 35
Atlanta, GA 30326
(Telephone) 404-301-4020
(Fax) 404-301-4020
jwalker@hkm.com

**Attorney for Plaintiff**