**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| JENNIFER M. KINGANGI, A# 093 445 044, | |
| 52 Ryans Point<br>Dallas, GA 30132 | Case No. |
| Plaintiff, | |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Serve:  U.S. Citizenship & Immigration Services<br>5900 Capital Gateway Dr<br>Camp Springs, MD 20588 | |
| UR MENDOZA JADDOU, Director of the United States Citizenship and Immigration Services, | |
| Serve:  U.S. Citizenship & Immigration Services<br>5900 Capital Gateway Dr<br>Camp Springs, MD 20588 | |
| SHINEKA SCOTT MILLER, Director of the United States Citizenship and Immigration Services Atlanta Field Office, | |
| Serve:   USCIS Atlanta Field Office<br>2150 Parklake Drive Ne<br>Atlanta, GA 30345 | |
| Defendants. | |

**COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS'
REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS**

Plaintiff Jennifer M. Kingangi respectfully requests a hearing before this Honorable Court to make a determination on Plaintiff's application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application to adjust status.

## **PARTIES**

1.      Plaintiff Jennifer M. Kingangi is a citizen of Kenya.

2.      Defendants granted asylum to Plaintiff on October 27, 2017.

3.      Jennifer M. Kingangi filed a timely I-485 Application for Adjustment of Status on April 26, 2019. Defendants assigned Receipt Number SRC1990373545 to Plaintiff's case.

4.      USCIS completed the fingerprinting and photographing of Jennifer M. Kingangi as part of the processing of the pending application.

5.      Defendants conducted an interview on Plaintiff's pending green card application on February 28, 2023.

6.      Since then, the Defendants have taken no action on the pending adjustment application.

7.      Since Jennifer M. Kingangi filed the applications with USCIS, Plaintiff has made repeated requests to have their case finally adjudicated.

8.      Despite numerous calls to USCIS and Plaintiff's attempts to prompt movement on the case, Jennifer M. Kingangi's application to adjust status has remained pending far longer than is reasonable.

9.      USCIS has refused to adjudicate Jennifer M. Kingangi's application in accordance with applicable legal criteria.

10.     Plaintiff brings this action to compel the USCIS to finally adjudicate the pending application as required by law.

11.     Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

12.     Defendant Ur Mendoza Jaddou, Director of the USCIS, is the highest ranking official within the USCIS.  Jaddou is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Jaddou is sued in an official capacity as an agent of the government of the United States.

13.     Defendant Shineka Scott Miller is the Director of the USCIS Atlanta Field Office and is sued only in an official capacity, as well as any successors and assigns. The Atlanta Field Office has jurisdiction over applications for adjustment of status for immigrants in Dallas, GA, where Plaintiff resides.  Scott Miller is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Shineka Scott Miller is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

14.     This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

15.     Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiff resides within this district.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all Defendants, Plaintiff alleges and states as follows:

16.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

17.     The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

18.     The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

19.     Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

20.     The combined delay and failure to act on Jennifer M. Kingangi's adjustment of status application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

21.     There are no alternative adequate or reasonable forms of relief available to Plaintiff.

22.     Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiff alleges and states as

follows:

23.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

24.     The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

25.     The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

26.     The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, Plaintiff Jennifer M. Kingangi requests the following relief:

1.     That this Honorable Court assume jurisdiction over this action;

2.     That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Jennifer M. Kingangi's application to adjust status within sixty days;

3.     That this Honorable Court take jurisdiction of this matter and adjudicate Jennifer M. Kingangi's application to adjust status pursuant to this Court's declaratory judgment authority;

4.      That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Jennifer M. Kingangi;

5.     That this Honorable Court issue a writ of mandamus compelling Defendants to

explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may

take to accelerate processing of the application to adjust status;

6.     Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412;

7.     Such other and further relief as this Honorable Court may deem just and proper.


RESPECTFULLY SUBMITTED
August 3, 2023


*/s/Steven M. Lefkoff*
Steven M. Lefkoff
Lefkoff Law, LLC
860 Johnson Ferry Road, #140-323
Atlanta, Georgia 30342
(O) 404.482.2228
(F) 404-574-2724
(E) steven@lefkofflaw.com

*/s/ James O. Hacking, III*
James O. Hacking, III
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

ATTORNEYS FOR PLAINTIFF
JENNIFER M. KINGANGI