# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **FAUSAT TIJANI** ) | |
| ) | |
| **MICHAEL HOWARD**, and ) | |
| ) | |
| **MOJISOLA TIJANI** ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | Civil Action No. |
| **ALEJANDRO MAYORKAS,** ) | |
| Secretary of Homeland Security ) | |
| ) | |
| **U.S. DEPARTMENT OF HOMELAND** ) | |
| **SECURITY,** ) | |
| ) | |
| **U.S. CITIZENSHIP & IMMIGRATION** ) | |
| **SERVICES** ) | |
| ) | |
| **UR MENDOZA JADDOU,** ) | |
| Director, ) | |
| U.S. Citizenship & Immigration Services ) | |
| USCIS ) | |
| ) | |
| **JERRY ADDISON** ) | |
| Acting Field Office Director at ) | |
| U.S. Citizenship & ) | |
| Immigration Services Atlanta ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY RELIEF UNDER THE APA AND FOR A WRIT OF MANDAMUS

1

## INTRODUCTION

Plaintiff Fausat O. Tijani ("Mrs . Tijani") entered the United States on August 10, 2017, on a B2 visitor's visa. Plaintiff Michael Howard is the U.S. citizen spouse of Plaintiff Fausat Tijani. Plaintiff Mojisola Tijani is the minor child of Plaintiff Fausat Tijani and the stepdaughter of Plaintiff Michael Howard. The Plaintiffs are currently residents of Peachtree Corners, Georgia.

The U.S. Department of Homeland Security and its officers ("Defendants") unlawfully refuse to adjudicate her adjustment of status application.

Plaintiff Michael A. Howard submitted Form I-130, Petition for Alien Relative on December 16, 2019. Plaintiffs Fausat and Mojisola Tijani concurrently submitted Form I-485, Application to Register Permanent Residence of Adjust Status on December 16, 2019. *See* Exhibit A, *Receipt Notices for Forms I-130 and I-485*. On February 10, 2020, USCIS issued a Request for Initial Evidence requesting a copy of Mrs. Tijani's birth certificate or other primary birth record as well as tax records for the petitioner, Mr. Howard. *See* Exhibit B, *Copy of Request for Initial Evidence*. Plaintiffs' prior counsel responded to the Request for Initial Evidence on March 23, 2020. *See* Exhibit C, *Copy of Response filed with USCIS*.

USCIS scheduled the family for an interview for September 21, 2021. *See* Exhibit D, *Copy of Interview Notice*. USCIS sent a Notice of Cancellation for the

September 21, 2021, interview on May 2, 2022. *See* Exhibit E, *Copy of Notice of Cancellation.*

Plaintiffs attended an interview with the USCIS Atlanta Field Office on June 30, 2022. *See* Exhibit F, *Copy of Interview Notice and Reason for Continuance.* To date, USCIS has not made a decision on their case or provided any updates.

Although the family received their work authorizations and advance parole based on their pending adjustment of status application, USCIS has failed to make any progress on the adjudication of the family's I-485 Applications to Register Permanent Residence or Adjust Status. Plaintiffs have dealt with significant delays, uncertainty, and instability.

On March 7, 2023, Mrs. Fausat Tijani, through counsel, filed a congressional inquiry with Senator Warnock's office. *See* Exhibit G, *Copy of Congressional Inquiry.* On March 31, 2023, Senator Warnock's office received a response from the Atlanta Field Office stating:

> As of date, no further action is required of your constituent in support of this case. U.S. Citizenship and Immigration Services (USCIS) will contact your constituent directly when adjudication is complete or if additional information is needed.
>
> The case is currently within normal processing times indicated at https://egov.uscis.gov/processing-times/. The earliest you can submit questions is April 06, 2024.

Please do not contact us before this date. USCIS anticipates a decision or other correspondence type will be issued by this date. *See* <u>Exhibit H</u>, *Copy of Response to Congressional Inquiry.*

Plaintiffs have complied with all requests and have followed up with the Atlanta Field Office to no avail. Every attempt that Plaintiffs have made to have Defendants adjudicate their applications with USCIS have been met with arbitrary delay. Defendants have given no indication of the reason behind the continued delays of Plaintiffs' applications. Plaintiffs continues to receive boilerplate responses stating their case remains pending and must be reviewed.

With Defendants refusal to adjudicate Plaintiffs' application, Plaintiffs' case now languishes at the Atlanta Field Office with no end in sight. Plaintiffs bring this action to compel the Defendants to adjudicate their long-pending applications.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction). This Court has authority to grant relief under the Mandamus Act (28 U.S.C. § 1361), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedure Act, 5 U.S.C. § 702.

2. This Court can also compel agency action that is unlawfully withheld, or which is contrary to law, an abuse of discretion, or arbitrary and capricious. 5 U.S.C. §§ 555(b), 706.

3.  This Court also has jurisdiction to review executive action that is ultra vires. *See Chamber of Commerce v. Reich*, 74 F.3d 1322 (D.C. Cir. 1996). The Administrative Procedure Act permits judicial review of actions that are arbitrary capricious, and an abuse of discretion. 5 U.S.C. § 706.

4.  Venue in this judicial district is proper under 28 U.S.C. § 1391(e) because at least one Plaintiff resides in this District.

5.  Plaintiffs exhausted all administrative remedies.

6.  Plaintiffs have standing. Defendants' actions in refusing to adjudicate their applications and issue green cards to Mrs. Tijani and her daughter have caused and continue to cause Plaintiffs a concrete and particularized injury by preventing Plaintiffs from obtaining lawful permanent residency, stable employment status, and certainty in their family's future. The requested relief will redress Plaintiffs' injuries by allowing Mrs. Tijani and her daughter to obtain the immigration benefits for which they are otherwise eligible.

## PARTIES

7.  Plaintiff Fausat O. Tijani is a citizen of Nigeria. She is the beneficiary of a pending I-130 petition with a priority date of December 16, 2019.

8.  Plaintiff Mojisola Tijani is a citizen of Nigeria. She is the beneficiary of a pending I-130 petition with a priority date of December 16, 2019.

9. Plaintiff Michael Howard is a U.S. citizen, residing within the Northern District of Georgia and the Petitioner listed on Forms I-130 for Fausat and Mojisola Tijani.

10. Defendant Department of Homeland Security ("DHS") is a cabinet-level department of the U.S. federal government. DHS oversees immigration and customs in the United States.

11. Defendant Alejandro Mayorkas is the Secretary of the U.S. Department of Homeland Security and has responsibility for overseeing enforcement and implementation of DHS practices and advisories.

12. Defendant U.S. Citizenship and Immigration Services is an agency of the United States Department of Homeland Security that administers the country's naturalization and immigration system.

13. Defendant Ur M. Jaddou is the Director of U.S. Citizenship and Immigration Services and has responsibility to oversee and enforce practices within the agency. She is sued in her official capacity.

14. Defendant Jerry Addison is the Acting Director of the USCIS Atlanta Field Office. She is sued in her official capacity.

## FACTUAL ALLEGATIONS

15. Mrs. Tijani and her daughter are citizens of Nigeria and arrived in the United States on a B-2 visa.

16. On December 16, 2019, Michael A. Howard, filed an I-130 petition on behalf of his spouse, Mrs. Fausat Tijani, and his minor stepdaughter, Mojisola Tijani..

17. Plaintiffs have followed up regularly with USCIS and the Atlanta Field Office. Mrs. Tijani also submitted a congressional inquiry in hopes of receiving an adjudication of her I-485.

18. Plaintiffs continue to receive the same boilerplate responses that their case remains in process.

19. The current online USCIS current case status for Mrs. Tijani's I-130 and I-485 read, "Interview Was Completed And My Case Must Be Reviewed." *See* Exhibit I, *USCIS Case Status Online last accessed July 12, 2023.*

20. Plaintiffs have experienced, and continue to experience, numerous arbitrary and illegal barriers erected by Defendants in securing green cards, namely Defendants' unlawful delays in reviewing their cases and issuing their residency.

21. Defendants' actions and omissions, enumerated in this Action, have directly impacted and jeopardized Plaintiffs' future, and have put their financial security at grave risk.

22. Plaintiffs remain in a constant state of instability.

23. In order to maintain lawful employment, Plaintiff Fausat Tijani is at the mercy of Defendants as she must continue to renew her work authorization. This

has resulted in uncertainty, and financial instability. Mrs. Tijani and her family are often prevented from traveling and seeing extended family outside of the U.S. as re-entry after travel on advance parole is not guaranteed. Plaintiffs are personally and mentally affected by the way their case has been treated.

24. Plaintiffs have no other recourse against Defendants' arbitrary and illegal actions than by way of this lawsuit.

## FIRST CAUSE OF ACTION
### (Writ of Mandamus Act (28 U.S.C. § 1361))

25. Plaintiffs incorporate and re-allege each of the foregoing paragraphs.

26. District courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to them. 28 U.S.C. § 1361. In this case, Defendants have failed or refused to adjudicate Plaintiffs' applications for Petition for Alien Relative and for Adjustment of Status in a timely and reasonable manner even though they have a clear, non-discretionary duty to do so, and there is no other adequate remedy available to Plaintiffs.

27. Defendants have willfully and unreasonably delayed, and have refused to adjudicate, Plaintiffs' applications, thereby depriving them of the opportunity to obtain an immigration benefit.

28. Defendants owe Plaintiffs a duty to adjudicate their respective applications and have unreasonably failed to perform that duty.

## SECOND CAUSE OF ACTION
### (Arbitrary and Capricious Actions and Abuse of Discretion in Violation of the Administrative Procedures Act (5 U.S.C. § 706(2)(A))

29. Plaintiffs incorporate and re-allege each of the foregoing paragraphs.

30. Pursuant to 5 U.S.C. § 701(b)(1), the Department of Homeland Security is subject to the Administrative Procedure Act ("APA").

31. This Court may review and set aside all relevant questions of law regarding agency actions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This Court may further review and set aside actions in excess of statutory jurisdiction, authority, or limitations, or without observance of procedure required by law. 5 U.S.C. § 706(2)(A), (C), (D).

32. Defendants' delay is arbitrary, capricious, and an abuse of agency discretion.

33. As such, this Court should order the Defendants to resume adjudication of Plaintiffs' I-130 and I-485 applications with due priority and expediency.

## THIRD CAUSE OF ACTION
### (Unreasonable Delay in Violation of the Administrative Procedures Act Under 5 U.S.C. § 555(b))

34. Plaintiffs incorporate and re-allege each of the foregoing paragraphs.

35. The APA requires agencies to "proceed to conclude a matter presented to [them]" in a "reasonable time," 5 U.S.C. § 555(b), and authorizes reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." *Id.*

9

36. Defendants have willfully and unreasonably delayed, have refused, and continue to refuse to do their duty to fully adjudicate Plaintiffs' Petition for Alien Relative and Adjustment of Status applications, thereby depriving them of the opportunity to obtain an immigration benefit. Defendants' willful, arbitrary, and capricious acts and omissions have put Plaintiffs' career and financial security at grave risk, have caused them to incur additional expenses and inconveniences, and have subjected them to severe stress and anguish.

37. In implementing the Proclamations, Defendants have refused to process or adjudicate applications for permanent residence. This refusal is a final agency action subject to review under the APA.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court grant the following relief:

(a) Assume jurisdiction over this matter;

(b) Order the immediate adjudication of Plaintiffs' application, and when approved, to expeditiously issue Fausat and Mojisola Tijani's green cards;

(c) Award Plaintiffs costs of suit and reasonable attorney's fees under the Equal Access to Justice Act, 42 U.S.C. § 1988, and any other applicable laws;

(d) Enter all necessary writs, injunctions, and orders as justice and equity require; and

(e) Grant such further relief as this Court deems just and proper.

## RESERVATION OF RIGHTS

Plaintiffs reserve the right to add additional allegations of agency error and related causes of action upon receiving the certified administrative record.

Respectfully submitted this the 2nd day of August 2023.

/s/ Danielle M. Claffey
Danielle M. Claffey
Georgia Bar #: 222292
Kuck Baxter Immigration, LLC
365 Northridge Rd, Suite 300
Atlanta, GA 30350
Phone: 404-816-8611
Fax: 404-816-8615
dclaffey@immigration.net
Attorney for Plaintiffs

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the document to which this certificate is attached has been prepared with one of the font and point selections approved by the Northern District of Georgia in Local Rule 5.1 for documents prepared by computer.

KUCK BAXTER IMMIGRATION LLC,

/s/ Danielle M. Claffey
Danielle M. Claffey
Georgia Bar #: 222292
Kuck Baxter Immigration, LLC
365 Northridge Rd, Suite 300
Atlanta, GA 30350
Phone: 404-816-8611
Fax: 404-816-8615
dclaffey@immigration.net
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Danielle M. Claffey, hereby certify that on August 2, 2023, I filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I have mailed a hard copy of the document to the above individual pursuant to Fed.R.Civ.P. 4 via first-class mail to:

>Merrick Garland
>Attorney General of the United States
>U.S. Department of Justice
>950 Pennsylvania Ave. NW
>Washington, D.C. 20530-0001
>
>Ryan K. Buchanan
>c/o Civil Process Clerk
>Acting U.S. Attorney, Northern District of Georgia
>Richard B. Russell Federal Building
>75 Ted Turner Dr. SW
>Suite 600
>Atlanta, GA 30303-3309
>
>Jonathan Meyer
>General Counsel, DHS
>Office of the General Counsel
>U.S. Department of Homeland Security
>2707 Martin Luther King Jr. Ave, SE
>Washington, DC 20528-0485
>
>U.S. Citizenship and Immigration Services
>Office of the Chief Counsel
>5900 Capital Gateway Drive
>Mail Stop 2120
>Camp Springs, MD 20588-0009

Alejandro Mayorkas
Office of the General Counsel
U.S. Department of Homeland Security
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

Ur M. Jaddou
Director, USCIS
Office of the General Counsel
U.S. Department of Homeland Security
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

Jerry Addison
Director, Atlanta Field Office
2150 Parklake Dr NE
Atlanta, GA 30345

Respectfully submitted,

/s/ Danielle M. Claffey