IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

ROOT INSURANCE COMPANY,

    Petitioner,

v.                                                  Civil Action No.:

TREMAYNE HEDGEPETH,

Serve:     Tremayne Hedgepeth
               3025 Flowers Drive,
               Douglasville, GA 30135

QUAYVION TOBIAS,

Serve:     Quayvion Tobias
               2609 Country Trace, Unit A
               Conyers, GA 30013

    Respondents.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Root Insurance Company ("Root"), by counsel, pursuant to Fed. R. Civ. P. 57 and 28 U.S. Code § 2201, for its Complaint for Declaratory Judgment, hereby states as follows:

### INTRODUCTION

1. This is an action for declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S. Code § 2201 to declare the rights and other legal relations

surrounding questions of actual controversy that presently exist between Root and the Defendants of such immediacy that the Court must declare the rights of the Parties.

2.     This claim arises out of a claim for insurance coverage involving fraudulent claims and material misrepresentations by Tremayne Hedgepeth when he attempted to renew a lapsed Virginia automobile policy. The fraudulent claims and material misrepresentations void or otherwise bar the insurance claims under Virginia and Georgia law.

## THE PARTIES

3.     Root is a corporation organized and existing under the laws of Ohio, having its principal place of business in Ohio. Root is therefore a citizen of the State of Ohio. Root is licensed to do business as an insurance company under the laws of the Commonwealth of Virginia.

4.     Tremayne Hedgepeth ("Hedgepeth") is a natural person domiciled, upon information and belief, in Douglasville, Georgia.

5.     Quayvion Tobias ("Tobias") is a natural person domiciled, upon information and belief, in Conyers, Georgia.

## JURISDICTION

6.     This Court has original jurisdiction under 28 U.S. Code § 1332, in that

this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## VENUE

7.      The venue of this action is properly predicated on 28 U.S. Code § 1391(A), in that jurisdiction is founded on diversity of citizenship and this action is brought within the judicial district and division in which the Defendants reside, and in which a substantial part of the events or omissions giving rise to the claim occurred.

## STATEMENT OF CLAIM

8.      On June 10, 2022, Root and Hedgepeth entered into an automobile insurance policy contract (the "Policy") (the Policy is attached hereto as **Exhibit A**). The Policy covered Hedgepeth as a named insured and Hedgepeth's 2018 Hyundai Elantra as a covered automobile. The Policy provided liability limits for bodily injuries in the amounts of $100,000 per person and $300,000 per accident. At the time, Hedgepeth resided in Fredericksburg, Virginia, and the Policy was accordingly issued pursuant to the laws of the Commonwealth of Virginia.

9.      On December 25, 2022, the Policy was cancelled due to Hedgepeth's nonpayment of his insurance premium. On December 30, 2022, Hedgepeth paid

the premium, and the Policy was reinstated. The reinstated Policy applied retroactively to cover any claims during the period of lapse.

10. On April 25, 2023, the Policy was again cancelled due to Hedgepeth's nonpayment of his insurance premium. Root informed Hedgepeth the Policy would not be retroactively reinstated, and Hedgepeth chose to reinstate the Policy. On April 28, 2023, Hedgepeth paid the premium, and the Policy was reinstated.

11. On May 10, 2023, Root notified Hedgepeth the Policy would be cancelled on May 25, 2023, at 12:01 AM due to Hedgepeth's nonpayment of his insurance premium.

12. Accordingly, On May 25, 2023, at 12:01 AM, the Policy was again cancelled.

13. On May 26, 2023, at approximately 10:15 PM, Hedgepeth, driving his 2018 Hyundai Elantra, was involved in an automobile accident with Tobias, a pedestrian, in Rockdale County, Georgia.

14. On May 26, 2023, at 10:33 PM, Hedgepeth applied via Root's mobile app to reinstate the cancelled Policy.

15. As previously, Hedgepeth proceeded through a screen which stated, *inter alia*: "By tapping "Next," you understand and agree that your policy may be

reinstated with a lapse in coverage, meaning you will not have coverage for the lapse period . . . ."

16. When applying to reinstate the Policy, Hedgepeth also electronically agreed to and signed the following "Reinstatement Application Statement of No Loss" at 10:33 PM:

**I, Tremayne Hedgepeth, affirm that:**

- No driver on my policy has been in an accident;
- No vehicle on my policy has been in an accident;
- No vehicle on my policy has been damaged;
- No vehicle on my policy has been stolen;
- Nothing else has happened that could give rise to a claim

**since my policy last cancelled on May 25, 2023 at 12:00am.**

17. Although Hedgepeth (a named driver on the Policy) and Hedgepeth's 2018 Hyundai Elantra (a covered vehicle on the Policy) were involved in the accident with Tobias at approximately 10:15 PM on May 26, 2023, but in any case before 10:33 PM, Hedgepeth certified neither he nor his vehicle were involved in any accidents since May 25, 2023.

18. Although, upon information and belief, Hedgepeth had moved to Conyers, Georgia, he did not inform Root of his move; Hedgepeth consequently sought to reinstate his Virginia policy.

5

19. Hedgepeth's Root Policy was reinstated on May 27, 2023, at 12:01 AM, based on his declarations.

20. Upon information and belief, following the accident, Tobias was evacuated by helicopter from the scene and incurred over $100,000 in medical expenses on the accident date.

21. Root reserves the right to amend this Complaint to assert other facts, exclusions, and/or defenses to any claim as may become evident during the course of this litigation.

### COUNT I: POLICY OUT OF FORCE

22. The preceding and following paragraphs of this Complaint are incorporated by reference as if fully restated herein.

23. The Policy contained provisions specifying Root's coverage applied only to accidents and losses which occurred during the policy period. Ex. A at 22. The policy period was defined as beginning on the date and time shown on the Declarations, and ending as of 12:01 AM Eastern Standard Time on the last day of the policy period shown in the Declarations.

24. The Policy further provided that, in the event of premium nonpayment, Root may cancel the Policy sooner than the last day of the policy period after giving at least fifteen (15) days' notice.

25. Consistent with the Policy, on May 10, 2023, Root notified Hedgepeth that the Policy would be cancelled on May 25, 2023, at 12:01 AM.

26. Hedgepeth's Root Policy was accordingly cancelled on May 25, 2023, at 12:01 AM.

27. The subject accident occurred on May 26, 2023, at 10:15 PM.

28. Hedgepeth's Root Policy was reinstated on May 27, 2023, at 12:01 AM.  The reinstated Policy explicitly disclaimed retroactive coverage for the time between cancellation and reinstatement.

29. Consequently, Root's Policy does not cover the May 26, 2023 accident.

30. This Court, therefore, should enter a declaratory judgment in favor of Root for at least this ground.

## COUNT II: MATERIAL MISREPRESENTATION

31. The preceding and following paragraphs of this Complaint are incorporated by reference as if fully restated herein.

32. At 10:33 PM on May 26, 2023, Hedgepeth represented in his Reinstatement Application Statement of No Loss that neither he nor his vehicle had been involved in an accident since 12:00 AM on May 25, 2023.  In actuality, Hedgepeth made this statement after his accident with Tobias at 10:15 PM.

33.     Had Root known of Hedgepeth and Tobias' accident, Root would have denied coverage, set a higher premium, or investigated the matter further.

34.     As the Policy's reinstatement was obtained through a material misrepresentation, the reinstated Policy is void *ab initio*.

35.     This Court, therefore, should enter a declaratory judgment in favor of Root for at least this ground.

36.     Root reserves its right to amend this pleading to allege additional facts, causes of action, and/or defenses to coverage, to the extent such causes of action and/or defenses to coverage are revealed in discovery or continued investigation of this matter.

## COUNT III:  FRAUD COVERAGE EXCLUSION

37.     The preceding and following paragraphs of this Complaint are incorporated by reference as if fully restated herein.

38.     The Policy includes the following provision:

**Fraud**

We do not provide coverage for any "insured" who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this Policy.

Ex. A at 14.

8

39. At 10:33 PM on May 26, 2023, Hedgepeth falsely stated neither he nor his vehicle had been involved in an accident since 12:00 AM on May 25, 2023. In actuality, Hedgepeth applied for the Policy's reinstatement and made this false statement after his accident with Tobias at 10:15 PM.

40. Hedgepeth intentionally made this false statement in an effort to fraudulently obtain coverage for the accident.

41. Had Root known of Hedgepeth and Tobias' accident, Root would have denied coverage, set a higher premium, or investigated the matter further.

42. As a result of Hedgepeth's false statement, Root is exposed to liability for costs arising from Hedgepeth and Tobias's accident.

43. The Policy excludes coverage for insureds who make fraudulent statements or engage in fraudulent conduct in connection with an accident or loss for which coverage is sought.

44. This Court, therefore, should enter a declaratory judgment in favor of Root for at least this ground.

WHEREFORE, Root respectfully prays that this Court enter an Order adjudging, ordering, and decreeing that:

1. The accident occurred during a lapse in coverage, and Root is therefore not liable under the terms, conditions, limitations, and/or exclusions of

the Policy and/or applicable law for any damages related to Hedgepeth and Tobias' May 26, 2023 accident; or,

    2.    In the alternative, the Policy reinstated on May 26, 2023 is void *ab initio*; or,

    3.    In the alternative, accident is excluded under the Policy and Root is therefore not liable under the terms, conditions, limitations, and/or exclusions of the Policy and/or applicable law for any damages related to Hedgepeth and Tobias' May 26, 2023 accident; and,

    4.    Root is not required under the Policy to indemnify Hedgepeth for the May 26, 2023, accident; and

    5.    Root is not required to provide a defense to Hedgepeth for any claims which may arise out of the May 26, 2023, accident; and

    6.    If the Court finds the accident did not occur during a lapse in coverage, but fraud is found, Root will comply with the applicable laws of the State of Georgia, including, if applicable, O.C.G.A. § 33-34-3 (a)(2); and,

    7.    Root is awarded all such other and further relief as the Court may deem appropriate and just.

Respectfully submitted, this 3rd day of August, 2023.

                                                   COPELAND, STAIR, VALZ & LOVELL, LLP

| | |
|---|---|
| 191 Peachtree Street NE, Suite 3600 | By:  /s/ *Jena G. Emory*_____ |
| P.O. Box 56887 (30343-0887) |       STEPHEN J. COHEN |
| Atlanta, Georgia 30303-1740 |       State Bar No.: 556599 |
| Phone: 404-522-8220 |       JENA G. EMORY |
| Fax: 404-523-2345 |       State Bar No.: 178454 |
| sjcohen@csvl.law | |
| jemory@csvl.law | *Attorneys for Petitioner Root Insurance Company* |