IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VALERIE DAVIS,<br><br>  Plaintiff,<br><br>v.<br><br>CREEKSIDE OPCO, LLC D/B/A THE CAMBRIDGE AND ALG SENIOR LLC A/K/A AFFINITY LIVING GROUP, LLC<br><br>  Defendant. | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Valerie Davis ("Plaintiff" or "Ms. Davis"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendants Creekside Opco, LLC, d/b/a The Cambridge ("Defendant Creekside Opco, LLC") and ALG Senior LLC, also known as, Affinity Living Group, LLC ("Defendant ALG Senior LLC")(Collectively, "Defendants"). for violations of her

1

rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 24, 2022; the EEOC issued its Notice of Right to Sue on May 5, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is an African American Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendants were qualified and licensed to do business in Georgia, and at all times material hereto have conducted business within this District. During all times relevant hereto, Defendants have employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendants are therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant Creekside OpCo, LLC may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Cogency Global, Inc. located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076.

9.

Defendant ALG Senior LLC may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Northwest Registered Agent Service, Inc. located at 300 Colonial Center Parkway, Ste 100N, Roswell, GA 30076.

## **FACTUAL ALLEGATIONS**

10.

Ms. Davis is African American (colloquially known as black).

11.

On or about August 12, 2021, Ms. Davis began working at Provident Village at Creekside (Provident Village) as a Chef.

12.

Provident Village was an Assisted Living Community located at 4838 South Cobb Drive SE, Smyrna, Georgia 30080.

13.

On or about January 4, 2022, Defendants assumed operations of Provident Village and renamed the facility - The Cambridge ("Cambridge").

14.

At this time, Defendants retained Ms. Davis as an employee at Cambridge and her last position was Dietary Manager.

15.

With the change in operation and management on January 4, 2022, Amanda Strickland ("Strickland"), a Caucasian female, became Executive Director for Defendants at Cambridge.

16.

In addition to Strickland, Defendants brought in Jeydon Sharpton ("Sharpton") a Caucasian male, to be Special Care Coordinator at Cambridge and Kate LNU ("Kate"), a Caucasian female, as an administrative assistant at Cambridge. Strickland, Sharpton, and Kate would often ride to work together.

17.

Christina Bethel, an African American female, who previously worked for Provident Village was initially retained as an employee of Defendants as the Business Office Coordinator.

18.

After becoming Executive Director, Strickland insisted that Sharpton be allowed to sit in with Bethel to watch her perform the Business Office Manager duties. After a period of a few weeks, Bethel confided in Ms. Davis that she felt she was being forced out of her job by Strickland so they could give her job to Sharpton.

19.

Subsequently, Bethel resigned her employment with Defendants. Sharpton replaced Bethel as Business Office Manager.

20.

On or about January 13, 2022, Ms. Davis was asked by Strickland to interview a Caucasian female, Barbara Fantroy ("Fantroy"), for a position in the kitchen.

21.

Ms. Davis interviewed Fantroy for the position but was subsequently out sick from work for a few days.

22.

When Ms. Davis returned to work, Fantroy had already been hired by Defendants to work in the kitchen as a cook.

23.

Shortly after Fantroy was hired, Strickland requested that Ms. Davis show Fantroy the different tasks she performed in her role as Dietary Manager, so Fantroy could purportedly cover for Ms. Davis on days she would not be at work.

24.

Ms. Davis found this odd because there was an African American female, Zonetta Wingo ("Wingo"), who had 5 years of experience working in the kitchen and had actually worked at the facility prior to the management change, who was not chosen to learn Ms. Davis's duties or cover for Ms. Davis during her days off.

25.

On or about February 23, 2022, Ms. Davis was approached by Strickland who stated there had been an "investigation" and Ms. Davis was terminated.

26.

Strickland refused to tell Ms. Davis what the alleged "investigation" concerned and she was never interviewed by Defendants during the alleged investigation.

27.

Throughout her employment at the facility, Ms. Davis had never previously been disciplined, investigated, or written up for any workplace violations.

28.

After Ms. Davis was terminated, she was replaced as Dietary Manager by Fantroy, a Caucasian female.

29.

After Ms. Davis's termination, Wingo resigned her employment with Defendants and followed Ms. Davis to her next job.

30.

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

31.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., Race. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., Color.

## CLAIMS FOR RELIEF

### COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

32.

Plaintiff re-alleges paragraphs 10-31 as if set forth fully herein.

33.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

34.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

35.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

36.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

37.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  VIOLATION OF 42 U.S.C. § 1981

38.

Plaintiff re-alleges paragraphs 10-31 as if set forth fully herein.

39.

Defendants subjected Plaintiff to discrimination and harassment on the basis of her race (African American).

40.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

41.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

42.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

43.

As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

44.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

45.

Defendants chose not to take appropriate remedial steps to prevent or correct the harassment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendants have violated Plaintiffs' statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(h) All other relief to which she may be entitled.

Respectfully submitted this 3rd day of August 2023.

**BARRETT & FARAHANY**

*/s/ Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

P.O. Box 530092
Atlanta, Georgia 30353
T: (404) 214-0120
ianna@justiceatwork.com

*Attorney for Plaintiff*