# EXHIBIT "A"

# ALL STATE COURT PLEADINGS, PROCESSES AND ORDERS

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03873-S1**
6/6/2023 12:29 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __GWINNETT__ County

| For Clerk Use Only | 23-C-03873-S1 |
|---|---|
| Date Filed _____<br>**MM-DD-YYYY** | Case Number _____ |

**Plaintiff(s)**

HARRIS, NYIA

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

WOOD, GLEN L

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

ASCHENBRENNER TRUCKING, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

NATIONAL CASUALTY COMPANY

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Roodgine D. Bray   **State Bar Number** __543876__   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ _____
Case Number           Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03873-S1**
**6/6/2023 12:29 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NYIA HARRIS, | * | |
| | * | |
| PLAINTIFF, | * | CIVIL ACTION NO.: |
| | * | 23-C-03873-S1 |
| V. | * | |
| | * | **JURY TRIAL DEMANDED** |
| GLEN L. WOOD, ASCHENBRENNER | * | |
| TRUCKING, INC., AND NATIONAL | * | |
| CASUALTY COMPANY, | * | |
| | * | |
| DEFENDANTS. | * | |

## COMPLAINT FOR DAMAGES

COMES NOW Nyia Harris ("Plaintiff"), and hereby makes and files this Complaint for Damages against Glen L. Wood, Aschenbrenner Trucking, Inc., and National Casualty Company ("Defendants"), by showing this Honorable Court the following:

## PRELIMINARY STATEMENT

### 1.

This is a civil action brought against Defendants for their misconduct in negligently operating a tractor trailer on November 10, 2021 that resulted in serious injuries, losses, and harms to by Plaintiff Nyia Harris, for which Defendants are morally and legally accountable.

## PARTIES, JURISDICTION, AND VENUE

### 2.

Defendant Aschenbrenner Truckinging, Inc. (hereinafter "Aschenbrenner") is a foreign company incorporated under the laws of the State of Iowa and headquartered in Iowa. Defendant Aschenbrenner transacts business in the State of Georgia. At the time of the incident complained of herein, Defendant Aschenbrenner Truckinging, Inc. authorized one of its tractor-

trailers to operate in the State of Georgia. Aschenbrenner can be served through its registered agent, Huber, Book, Lanz & McConkey, PLLC – 2700 Westown Parkway, Suite 170, Wes Des Moine, Iowa 500266. When service is made upon Defendant Aschenbrenner, it shall be subject to the jurisdiction of this Court.

3.

Defendant Glen L. Wood (hereinafter "Wood") is a Resident of Unionville, Missouri. Defendant Wood was at all times relevant to this incident operating a commercial motor vehicle in the State of Georgia, Clayton County. Under the provisions of the Nonresident Motorist Act, O.C.G.A § 40-12-1, et seq., Defendant Wood is a nonresident of the State of Georgia. For purposes of Service by the Secretary of State and the required mailing under the Nonresident Motorist Act, Defendant Wood's address is 18258 Lemon Trail, Unionville, Missouri, 63565-3439. When service is made upon nonresident Defendant Wood in the manner prescribed by law i.e., O.C.G.A § 40-12-2, Defendant Wood shall be subject to the jurisdiction of this Court. Defendant Wood was the operator of Defendant Aschenbrenner Truckinging, Inc.'s tractor-trailer when he caused the motor vehicle collision in Clayton County, Georgia.

4.

Defendant National Casualty Company (Hereinafter "National") at all times relevant hereto acted as surety company and/or provided a policy of National insurance or liability insurance on behalf of Defendant Aschenbrenner Truckinging, Inc., and its servants and agents, to include Defendant Glen L. Wood and is subject to suit by direct action pursuant to O.C.G.A. § 40-1-112.

5.

Defendant National Casualty Company is an Arizona insurance company authorized to transact business in the State of Georgia. Defendant National may be served with the Summons and Complaint through its registered agent for service of process, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. When service of process is made as prescribed by law, Defendant National will be subject to the jurisdiction of this Court.

6.

Plaintiff Nyia Harris, a Georgia resident.

7.

Defendant Wood was at all times relevant to this incident as the operator of the tractor-trailer that caused the motor vehicle collision with Plaintiff Harris during the course and scope of his employment with Defendant Aschenbrenner Truckinging, Inc.

8.

This Court has subject matter jurisdiction over the personal injury and property damage claims asserted herein and will have personal jurisdiction over Defendant Wood once served pursuant to O.C.G.A. § 40-12-1.

9.

This Court has subject matter jurisdiction over the personal injury and property damage claims asserted herein and will have personal jurisdiction over Defendant Aschenbrenner Truckinging, Inc. once served pursuant to O.C.G.A. § 9-11-4(d)(1).

10.

Venue in this Court is proper as to Defendants.

## FACTS

11.

Plaintiff realleges and incorporates paragraphs 1 through 10 as fully set forth herein.

12.

On November 10, 2021, Defendant Glen L. Wood was operating a 2006 Peterbilt Motors Conventional 250 tractor trailer owned by the Defendant Aschenbrenner Truckinging, Inc. and insured by Defendant National Casualty Company.

13.

On November 10, 2021, Defendant Aschenbrenner Truckinging, Inc. was a motor common carrier.

14.

At the time of the subject collision, Defendant Wood was traveling eastbound on the I-285 ramp attempting to enter I-75 South.

15.

Defendant Wood failed to maintain his lane and began traveling from his lane into the lane to his immediate right.

16.

Consequently, Defendant Wood crashed into the driver side of a 2019 Kia Optima which was already occupying the right lane.

17.

The impact caused property damage to the Kia Optima and personal injury to the driver.

18.

The Kia Optima was operated by Plaintiff Nyia Harris.

19.

As a result of the collision, PTL S. Alexander of the Clayton County Police Department reported to the scene and investigated the crash.

20.

Defendant Wood was charged with the driving offense of erratic lane change in violation of O.C.G.A. § 40-6-123A.

## AFTERMATH OF THE PREVENTABLE CRASH

21.

As a result of the crash, Plaintiff Nyia Harris suffered serious physical and emotional injuries.

22.

As a result of the injuries she sustained in the crash, Ms. Harris was required to seek medical treatment and care.

23.

As a result of the injuries she sustained in the crash, Ms. Harris has incurred significant medical expenses for which she seeks recovery.

24.

As a result of the injuries she sustained in the crash, Ms. Harris will incur future medical expenses for which he seeks recovery.

25.

As a result of the crash, Ms. Harris has sustained permanent injuries for which she seeks recovery.

26.

As a result of the injuries she sustained in the crash, Ms. Harris has incurred lost

wages for which he seeks recovery.

## NEGLIGENCE OF DEFENDANT GLEN L. WOOD

27.

Plaintiff realleges and incorporates paragraphs 1 through 26 as fully set forth herein.

28.

On November 10, 2021, Defendant Wood had a commercial driver's license.

29.

On November 10, 2021, Defendant Wood was a professional truck driver.

30.

Defendant Wood earned his livelihood through the operation of large commercial motor vehicles in interstate commerce.

31.

Defendant Wood was required, on November 10, 2021, to operate his tractor in the manner expected of a trained, professional commercial motor vehicle driver.

32.

Defendant Wood had a duty, as a driver, to abide by the rules of the road in the State of Georgia.

33.

Defendant Wood had a duty, as a professional driver, to abide by the training provided to him by his employer, Defendant Aschenbrenner.

34.

Defendant Wood had a duty as a professional driver to abide by the principles of the Smith System.

35.

Defendant Wood had a duty as a commercial motor vehicle operator to abide by the principles of the commercial driver's manual in operating the tractor-tanker.

36.

Defendant Wood was negligent in his operation of the vehicle by:

a. Driving too fast for conditions then existing;

b. Failing to execute a proper lane change to avoid the collision;

c. Failing to keep a proper lookout for other vehicular traffic;

d. Failing to exercise due care in the operation of his vehicle;

e. Failing to take timely evasive action to avoid the crash;

f   Failing to abide by the four second rule;

g. Failing to maintain appropriate space around his vehicle;

h. Failing to maintain and operate his vehicle in the appropriate lane of travel;

j. Failing to maintain control of the vehicle he was operating;

k. Operating a vehicle in reckless disregard for the safety of others;

l. Failing to take evasive action or other reasonable actions to control the vehicle he was operating in order to avoid striking Ms. Harris' vehicle;

m. Striking the vehicle in which Ms. Harris was operating; and

n. Further acts of negligence as may be disclosed during discovery and shown at trial.

37.

In connection with the subject occurrence, driver Wood violated the following driving standards established by the Smith System, as he failed to:

a. Aim high in steering;

b. Get the big picture;

c. Keep his eyes moving;

d. Leave himself an out; and

e. Make sure the driver of the Kia Optima saw him.

38.

Defendant Glen L. Wood committed negligence per se in violating the following laws of the State of Georgia:

a. O.C.G.A. §40-6-123A (erractic lane change);

b. O.C.G.A. §40-6-48 (failure to maintain lane);

c. O.C.G.A. §40-6-241 (failure to exercise due care);

d. O.C.G.A. §40-6-180 (driving too fast for conditions); and

e. O.C.G.A. §40-6-390 (reckless driving).

39.

Operating a commercial motor vehicle requires the development of special skills and the knowledge of numerous safety standards.

40.

Federal law requires that each state have minimum standards for the licensing of commercial drivers.

41.

The various Commercial Drivers Licensing Manuals of each state contain the minimum knowledge that the driver of a commercial vehicle should possess in order to operate a commercial motor vehicle.

42.

In connection with the subject occurrence, Defendant Wood violated the following driving standards established by the Missouri and Georgia Commercial Driver's License Manuals as he failed to:

a. Look 12-15 seconds ahead to know what was going on around his vehicle,

b. Adjust the speed of his vehicle to the driving conditions he encountered,

c. Alertly manage the space ahead of his commercial vehicle to prevent an accident,

d. Be alert to hazards and take timely and appropriate precautions to avoid them,

e. Not shift his full attention away from the task of driving,

f. Follow appropriate safety practices to prevent an emergency.

43.

Ms. Harris' injuries and damages, which form the basis of this action were solely and proximately caused by the negligence of Defendant Wood and vicariously that of Wood's employer (Defendant Aschenbrenner).

44.

Defendant Wood's negligent operation of his tractor caused the collision, the injuries and damages Ms. Harris suffered.

45.

Ms. Harris is entitled to recover from Defendants for all damages allowed under Georgia law caused by Defendants' negligence.

## DEFENDANT ASCHENBRENNER TRUCKING INC'S VICARIOUS LIABILITY FOR THE COLLISION AND FOR MS. HARRIS' INJURIES AND DAMAGES

46.

Plaintiff realleges and incorporates paragraphs 1 through 45 as fully set forth herein.

47.

Defendant Aschenbrenner is liable to the Plaintiff under the doctrine of *respondeat superior* pursuant to O.C.G.A. § 51-2-1 for the negligent acts and omissions committed by its agents, officers and employees, including, but not limited to, Defendant Wood.

48.

At all pertinent times hereto, Defendant Wood was employed or contracted by Defendant Aschenbrenner.

49.

Upon information and belief, Defendant Aschenbrenner Trucking controlled the time, manner, and method in which Defendant Wood executed and performed his job duties. As a result of these actions, Defendant Aschenbrenner Trucking is Defendant Wood's employer, and is therefore liable for her negligent acts and/or omissions.

## DEFENDANT NATIONAL CASUALTY COMPANY'S CONTRACTUAL LIABILITY

50.

Plaintiff realleges and incorporates Paragraphs 1 through 49 as if fully set forth herein.

51.

At the time of the incident from which this Complaint arises, Defendant National had issued a policy of National or liability insurance to Defendant Aschenbrenner and said policy was in force and effect on November 10, 2021.

52.

Defendant National is made a party to this action pursuant to O.C.G.A. § 40-1-112.

53.

Under the provisions of O.C.G.A. § 40-1-112, Defendant National, pursuant to its policy of insurance, is financially responsible for Ms. Harris' physical injuries, mental and emotional injuries, general damages, and special damages, as caused by the direct negligence of Defendant Wood and the vicarious liability of Defendant Aschenbrenner.

54.

Under the provisions of O.C.G.A. § 40-1-112, Defendant National, pursuant to the policy of insurance, is financially responsible for Ms. Harris' injuries and damages, as caused by the direct negligence of Defendant Wood and the vicarious liability of Defendant.

## DAMAGES TO MR. NYIA HARRIS FOR WHICH DEFENDANTS ARE ACCOUNTABLE

55.

Plaintiff realleges and incorporates paragraphs 1 through 54 as fully set forth herein.

56.

The impact of the tractor to the vehicle driven by Plaintiff caused her to suffer injuries and damages.

57.

As a direct and proximate result of the collision, Plaintiff sustained personal injuries including, but not limited to, head, pain in the neck, right shoulder, right knee, back, and anxiety.

58.

As a direct and proximate result of the negligence of Defendants, Plaintiff Harris sustained personal injuries and was required to undergo medical care from medical care providers and incurred medical expenses in excess of $117,520.77 – a specific amount to be proven at trial.

59.

As a direct and proximate result of the negligence of Defendants, Plaintiff Harris incurred lost wages in excess of $3,000.00 – a specific amount to be proven at trial.

60.

Plaintiff Harris incurred injuries that may be permanent in character.

61.

Plaintiff's injuries will likely require future care to address the injuries she sustained from this crash.

62.

Plaintiff is entitled to recover from Defendants for all damages allowed under Georgia law caused by Defendants' negligence.

## COUNT V
## O.C.G.A. § 13-6-11 DAMAGES

63.

Plaintiff is entitled to recover from Defendants for all damages allowed under Georgia law caused by Defendants' negligence.

64.

Defendants have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense.  Pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to attorney's fees and expenses of litigation.

WHEREFORE, Plaintiff respectfully seeks the following relief:

1) That Summons and Complaint issue;

2) For a trial by jury;

3) For the recovery of damages for physical injuries and pain and suffering

4) For the recovery of damages for mental and emotional pain and suffering

5) For general damages

6) For special damages for medical expenses in an amount to be specified by timely amendment to this Complaint

7) For lost wages in an amount to be specified by timely amendment to this Complaint;

8) For such other special damages as may be specified by timely amendment to this Complaint;

9) For attorney's fees and expenses of litigation;

10) That all costs be cast against the Defendants; and

11) For such other relief as this Honorable Court deems just and proper

**SIGNATURE ON THE FOLLOWING PAGE**

This 6th day of June, 2023.

Respectfully submitted,

/S/ Roodgine D. Bray
ROBERT O. BOZEMAN
Georgia Bar No. 073561
rbozeman@davisbozemanlaw.com
ROODGINE D. BRAY
Georgia Bar No. 543876
rbray@davisbozemanlaw.com
MAWULI M. DAVIS
Georgia Bar No. 212029
mdavis@davisbozemanlaw.com
*Attorneys for Plaintiff*

**The Davis Bozeman Law Firm, P.C.**
4153-C Flat Shoals Parkway
Suite 332
Decatur, Georgia 30034
(404) 244-2004
(404) 244-2020 (Fax)

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03873-S1**
**6/6/2023 12:29 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

# NYIA HARRIS

_____

_____

_____

PLAINTIFF

VS.

# National Casualty Company

in c/o Registered Agent: Corporation Service Company

2 Sun Court, Suite 400, Peachtree Corners, GA 30092

DEFENDANT

CIVIL ACTION
NUMBER:_____

23-C-03873-S1

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** National Casualty Company

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Roodgine D. Bray/Davis Bozeman Law, P.C.
4153-C Flat Shoals Pkwy, Ste 332
Decatur, GA 30034

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

6th day of June, 2023

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03873-S1**
**6/6/2023 12:29 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**NYIA HARRIS**

_____

_____

_____

PLAINTIFF

VS.

**Aschenbrenner Trucking, Inc.**

In c/o Registered Agent: Huber, Book, Lanz & McConkey, PLLC

2700 Westown Pkwy, Ste 170, West Des Moines, IA 50266

DEFENDANT

CIVIL ACTION NUMBER:  23-C-03873-S1  _____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** Aschenbrenner Trucking, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Roodgine D. Bray/Davis Bozeman Law, P.C.
4153-C Flat Shoals Pkwy, Ste 332
Decatur, GA 30034

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.
6th day of June, 2023

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03873-S1**
6/6/2023 12:29 PM
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**NYIA HARRIS**

_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER:_____     23-C-03873-S1

VS.

**GLEN L. WOOD**

**18258 Lemon Trail**

**Unionville, Missouri 63565**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** Glen L. Wood

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Roodgine D. Bray/Davis Bozeman Law, P.C.
4153-C Flat Shoals Pkwy, Ste 332
Decatur, GA 30034

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This _____ day of _____, 20_____.**
6th day of June, 2023

Tiana P. Garner
Clerk of State Court

By_____

Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03873-S1**

**6/6/2023 12:29 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| NYIA HARRIS, | * |
| | * |
| PLAINTIFF, | *    CIVIL ACTION NO.: |
| | *       23-C-03873-S1 |
| V. | * |
| | *    <u>**JURY TRIAL DEMANDED**</u> |
| GLEN L. WOOD, ASCHENBRENNER | * |
| TRUCKING, INC., AND NATIONAL | * |
| CASUALTY COMPANY, | * |
| | * |
| DEFENDANTS. | * |

### <u>NOTICE OF SERVICE OF DISCOVERY</u>

Pursuant to Uniform State Court Rule 5.2, Nyia Harris notifies the Court that true and correct copies of the following discovery were served along with Summons and Complaint in the foregoing matter

1. Plaintiff's First Request for Admissions of Fact to Aschenbrenner Trucking, Inc.
2. Plaintiff's First Interrogatories to Achenbrenner Trucking, Inc.
3. Plaintiff's Request for Production of Documents to Aschenbrenner Trucking, Inc.

This 6th day of June, 2023.

Respectfully submitted,

*/s/ Roodgine D. Bray*_____
ROBERT O. BOZEMAN
Georgia Bar No. 073561
RBozeman@Davisbozemanlaw.com
ROODGINE D. BRAY
Georgia Bar No. 543876
RBray@Davisbozemanlaw.com
*Attorneys for Plaintiff*

**Davis Bozeman Law Firm, P.C.**
4153 C Flat Shoals Parkway
Suite 332
Decatur, Georgia 30034
(404) 244-2004
(404) 244-2020 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **CERTIFICATE OF SERVICE OF DISCOVERY** upon all parties, by depositing a copy of same in the United States Mail in an envelope with sufficient postage properly addressed as follows:

Aschenbrenner Trucking, Inc.

in c/o Registered Agent: Huber, Book, Lanz & McConkey, PLLC

2700 Westown Parkway, Suite 170

West Des Moines, Iowa 50266

This 6th day of June, 2023.

Respectfully submitted,

*/s/ Roodgine D. Bray*
ROBERT O. BOZEMAN
Georgia Bar No. 073561
RBozeman@Davisbozemanlaw.com
ROODGINE D. BRAY
Georgia Bar No. 543876
RBray@Davisbozemanlaw.com
*Attorneys for Plaintiff*

**Davis Bozeman Law Firm, P.C.**
4153 C Flat Shoals Parkway
Suite 332
Decatur, GA 30034
404.244.2004 (Phone)
404.241.8894 (Facsimile)

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03873-S1**

**6/6/2023 12:29 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **NYIA HARRIS,** | * | |
| | * | |
| **PLAINTIFF,** | * | **CIVIL ACTION NO.:** |
| | * | 23-C-03873-S1 |
| **V.** | * | |
| | * | **JURY TRIAL DEMANDED** |
| **GLEN L. WOOD, ASCHENBRENNER** | * | |
| **TRUCKING, INC., AND NATIONAL** | * | |
| **CASUALTY COMPANY,** | * | |
| | * | |
| **DEFENDANTS.** | * | |

### NOTICE OF SERVICE OF DISCOVERY

Pursuant to Uniform State Court Rule 5.2, Nyia Harris notifies the Court that true and correct copies of the following discovery were served along with Summons and Complaint in the foregoing matter:

1. Plaintiff's First Request For Admissions Of Fact To National Casualty Company

2. Plaintiff's First Interrogatories To National Casualty Company

3. Plaintiff's Request For Production Of Documents To National Casualty Company

This 6th day of June, 2023.

Respectfully submitted,

*/s/ Roodgine D. Bray_____*
ROODGINE D. BRAY
Georgia Bar No. 543876
RBray@Davisbozemanlaw.com
*Attorneys for Plaintiff*

**Davis Bozeman Law Firm, P.C.**
4153 C Flat Shoals Parkway; Suite 332
Decatur, Georgia 30034
(404) 244-2004
(404) 244-2020 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **CERTIFICATE OF SERVICE OF DISCOVERY** upon all parties, by depositing a copy of same in the United States Mail in an envelope with sufficient postage properly addressed as follows:

National Casualty Company

in c/o Registered Agent: Corporation Service Company

2 Sun Court

Suite 400

Peachtree Corners, Georgia 30092

This 6th day of June, 2023.

Respectfully submitted,

/s/ Roodgine D. Bray_____
ROBERT O. BOZEMAN
Georgia Bar No. 073561
RBozeman@Davisbozemanlaw.com
ROODGINE D. BRAY
Georgia Bar No. 543876
RBray@Davisbozemanlaw.com
*Attorneys for Plaintiff*

**Davis Bozeman Law Firm, P.C.**
4153 C Flat Shoals Parkway
Suite 332
Decatur, GA 30034
404.244.2004 (Phone)
404.241.8894 (Facsimile)

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03873-S1**
**6/6/2023 12:29 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NYIA HARRIS, | * | |
| | * | |
| PLAINTIFF, | * | CIVIL ACTION NO.: |
| | * | 23-C-03873-S1 |
| V. | * | |
| | * | **JURY TRIAL DEMANDED** |
| GLEN L. WOOD, ASCHENBRENNER | * | |
| TRUCKING, INC., AND NATIONAL | * | |
| CASUALTY COMPANY, | * | |
| | * | |
| DEFENDANTS. | * | |

### NOTICE OF SERVICE OF DISCOVERY

Pursuant to Uniform State Court Rule 5.2, Nyia Harris notifies the Court that true and correct copies of the following discovery were served along with Summons and Complaint in the foregoing matter

1. Plaintiff's First Request for Admissions of Fact to Glen L. Wood
2. Plaintiff's First Interrogatories to Glen L. Wood
3. Plaintiff's Request for Production of Documents to Glen L. Wood

This 6th day of June, 2023.

Respectfully submitted,

/s/ Roodgine D. Bray
ROODGINE D. BRAY
Georgia Bar No. 543876
RBray@Davisbozemanlaw.com
*Attorneys for Plaintiff*

**Davis Bozeman Law Firm, P.C.**
4153 C Flat Shoals Parkway
Suite 332
Decatur, Georgia 30034
(404) 244-2004
(404) 244-2020 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **CERTIFICATE OF SERVICE OF DISCOVERY** upon all parties, by depositing a copy of same in the United States Mail in an envelope with sufficient postage properly addressed as follows:

Glen L. Wood

18258 Lemon Trail

Unionville, Missouri 63565-3439

This 6th day of June, 2023.

Respectfully submitted,

*/s/ Roodgine D. Bray*
ROBERT O. BOZEMAN
Georgia Bar No. 073561
RBozeman@Davisbozemanlaw.com
ROODGINE D. BRAY
Georgia Bar No. 543876
RBray@Davisbozemanlaw.com
*Attorneys for Plaintiff*

**Davis Bozeman Law Firm, P.C.**
4153 C Flat Shoals Parkway
Suite 332
Decatur, GA 30034
404.244.2004 (Phone)
404.241.8894 (Facsimile)

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03873-S1**
**6/21/2023 3:23 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

**NYA HARRIS**

Plaintiff/Petitioner

Case No.:    **23-C-03873-S1**

vs.

**ASCHENBRENNER TRUCKING, INC**

Defendant/Respondent

**AFFIDAVIT OF SERVICE OF**
**SUMMONS; COMPLAINT; FIRST INTERROGATORIES;**
**NOTICE OF SERVICE OF DISCOVERY; FIRST REQUEST**
**FOR ADMISSIONS**

Received by **Desiree Childs**, on the **17th day of June, 2023 at 11:28 AM** to be served upon **Aschenbrenner Trucking, Inc. c/o Huber, Book, Lanz & McConkey, PLLC, REGISTERED AGENT** at **2700 Westown Parkway suite 170, West Des Moines, Polk County, IA 50266**.
On the **20th day of June, 2023 at 10:21 AM**, I, Desiree Childs, SERVED Aschenbrenner Trucking, Inc. c/o Huber, Book, Lanz & McConkey, PLLC, REGISTERED AGENT at **2700 Westown Parkway suite 170, West Des Moines, Polk County, IA 50266** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Huber, Book, Lanz & McConkey, PLLC, REGISTERED AGENT**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Huber, Book, Lanz & McConkey, PLLC, REGISTERED AGENT with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a dyed-haired white female contact 45-55 years of age, 5'6"-5'8" tall and weighing 180-200 lbs with glasses. I served Tonya Corie Legal Assistant**

Service Fee Total: **$135.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME:  _Desiree Childs_

Desiree Childs          Server ID #          06-20-23

Date

Notary Public:  Subscribed and sworn before me on this _21st_ day of _June_ in the year of 20_25_
Personally known to me _✓_ or _____ identified by the following document:

Notary Public (Legal Signature)

**DAVID MAXWELL**
Commission Number 815694
My Commission Expires
March 7, 2025
NOTARIAL SEAL
IOWA

REF: **REF-13000728**

Tracking #: **0108818368**

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03873-S1**
**6/21/2023 3:23 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

**NYA HARRIS**

Plaintiff/Petitioner

vs.

**ASCHENBRENNER TRUCKING, INC**

Defendant/Respondent

Case No.:  **23-C-03873-S1**

**AFFIDAVIT OF SERVICE OF**
**SUMMONS; COMPLAINT; FIRST INTERROGATORIES; NOTICE OF SERVICE OF DISCOVERY; FIRST REQUEST FOR ADMISSIONS**

Received by **Desiree Childs**, on the **17th day of June, 2023 at 11:28 AM** to be served upon **Aschenbrenner Trucking, Inc. c/o Huber, Book, Lanz & McConkey, PLLC, REGISTERED AGENT at 2700 Westown Parkway suite 170, West Des Moines, Polk County, IA 50266.**
On the **20th day of June, 2023 at 10:21 AM**, I, Desiree Childs, SERVED Aschenbrenner Trucking, Inc. c/o Huber, Book, Lanz & McConkey, PLLC, REGISTERED AGENT at 2700 Westown Parkway suite 170, West Des Moines, Polk County, IA 50266 in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Huber, Book, Lanz & McConkey, PLLC, REGISTERED AGENT**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Huber, Book, Lanz & McConkey, PLLC, REGISTERED AGENT with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a dyed-haired white female contact 45-55 years of age, 5'6"-5'8" tall and weighing 180-200 lbs with glasses. I served Tonya Corie Legal Assistant**

Service Fee Total: **$135.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Desiree Childs_     Date: _06-20-23_
Desiree Childs          Server ID #          Date

Notary Public: Subscribed and sworn before me on this _21st_ day of _June_ in the year of 20_23_
Personally known to me _✓_ or _____ identified by the following document:

_____
Notary Public (Legal Signature)

**DAVID MAXWELL**
Commission Number 815694
My Commission Expires
March 7, 2025



E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03873-S1**

**7/17/2023 1:59 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NYIA HARRIS, | ) | |
|     Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 23-C-03873-S1 |
| v. | ) | |
| | ) | |
| GLEN L. WOOD, ASCHENBRENNER, | ) | |
| TRUCKING, INC. AND NATIONAL | ) | |
| CASUALTY COMPANY, | ) | |
|     Defendants | ) | |

### ANSWER AND DEFENSES OF DEFENDANTS ASCHENBRENNER TRUCKING, INC. AND NATIONAL CASUALTY COMPANY

COME NOW Defendants Aschenbrenner Trucking, Inc. and National Casualty Company ("Defendants" or "these Defendants") by and through counsel, and by way of special appearance, without waiving but specifically reserving all jurisdictional defenses available to them, and serve their answer and defenses to Plaintiffs' Complaint ("Plaintiff's Complaint") as follows:

### FIRST DEFENSE

All or part of Plaintiff's Complaint fails to state a cause of action against these Defendants upon which relief can be granted and Defendants therefore move to dismiss said action.

### SECOND DEFENSE

No act or omission of Defendants either proximately caused or contributed to whatever damage the Plaintiff may have sustained, and on account thereof, Plaintiff is not entitled to recover any sum of Defendants.

### THIRD DEFENSE

The occurrence complained of was caused, produced, and brought about directly and proximately by the negligence of Plaintiff, and on account thereof, Plaintiff is not entitled to recover any sum of these Defendants.

1

## FOURTH DEFENSE

The occurrence complained of was caused, produced, and brought about directly and proximately by the negligence of some other person or persons for whom Defendants were not responsible and, on account thereof, Plaintiff is not entitled to recover any sum of Defendants.

## FIFTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided being injured, and on account thereof, Plaintiff is not entitled to recover any sum of these Defendants.

## SIXTH DEFENSE

This Honorable Court lacks jurisdiction over these Defendants and, as a result thereof, Plaintiff's Complaint must be dismissed.

## SEVENTH DEFENSE

Venue is improper in this Court as to one or more Defendants, and, as a result thereof, Plaintiffs' Complaint must be dismissed.

## EIGHTH DEFENSE

Plaintiff's failure to specifically plead special damages bars their recovery.  O.C.G.A. §9-11-9(g).

## NINTH DEFENSE

To avoid waiving affirmative defenses which may subsequently develop, and in further answer, this Defendant states that Plaintiff's Complaint may be barred by the affirmative defenses stated in O.C.G.A. §9-11-8(c), or any one of them.

## TENTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendants assert the defenses of assumption of the risk, contributory/comparative negligence, failure of Plaintiff to exercise ordinary care for Plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, sudden emergency, and waiver.

## ELEVENTH DEFENSE

Plaintiff has failed to state facts sufficient to entitle him to an award of compensatory damages or attorneys' fees and expenses from Defendants.

## TWELFTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred because this defendant did not act in bad faith in the underlying transaction giving rise to this suit.

## THIRTEENTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred by the existence of a bona fide dispute as to liability and/or damages.

## FOURTEENTH DEFENSE

Further answering the numbered paragraphs of Plaintiff's Complaint, Defendants answer as follows:

3

RESPONSE TO: PRELIMINARY STATEMENT

1.

Responding to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendants admit only that this action has been brought against them by the Plaintiff. Defendants deny that they were negligent or are liable to the Plaintiff or that Plaintiff is entitled to any relief from these Defendants under any theory at law or in equity. These Defendants do not possess sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

RESPONSE TO: PARTIES, JURISDICTION, AND VENUE

2.

Defendant Aschenbrenner Trucking Inc. admits only that it is a foreign company authorized to transact business in Georgia and can be served in accordance with Georgia law. Defendant Aschenbrenner Trucking Inc. denies that it is subject to the jurisdiction of this Court.

3.

These Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

4.

Defendant National Casualty Company admits only that it provided a policy of insurance on behalf of Defendant Aschenbrenner Trucking Inc. The remaining allegations in Paragraph 4 of Plaintiff's Complaint call for legal conclusions and therefore no response is required of

4

Defendants. However, to the extent a response is required, Defendant National Casualty Company denies such remaining allegations, as pled.

5.

Defendant National Casualty Company admits only that it is a foreign company authorized to transact business in Georgia and can be served in accordance with Georgia law. Defendant National Casualty Company denies that it is subject to the jurisdiction of this Court.

6.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

7.

These Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

These Defendants deny the allegations in Paragraph 8 of Plaintiff's Complaint as pled.

9.

The allegations in Paragraph 9 of Plaintiff's Complaint call for legal conclusions and therefore no response is required of Defendants. However, to the extent a response is required, Defendants deny that this Court has jurisdiction over Defendant Aschenbrenner Trucking Inc.

10.

Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

5

RESPONSE TO: ALLEGED FACTS

11.

Defendants incorporate their responses to Paragraphs 1 through 10 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein

12.

Defendants admit the allegations in Paragraph 12 of Plaintiff's Complaint.

13.

The allegations in Paragraph 13 of Plaintiff's Complaint call for legal conclusions and therefore no response is required of Defendants. However, to the extent a response is required, Defendants admit the allegations in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint as pled.

17.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

18.

Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants only admit that Defendant Glen Wood was cited by the investigating officer for an alleged violation of O.C.G.A. § 40-6-123A. Defendants do not possess sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

RESPONSE TO: ALLEGED AFTERMATH OF THE PREVENTABLE CRASH

21.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

22.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

23.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

24.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied

25.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied

26.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

## RESPONSE TO: ALLEGED NEGLIGENCE OF DEFENDANT GLEN L. WOOD

27.

Defendants incorporate their responses to Paragraphs 1 through 26 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

28.

Defendants admit the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendants only admit that on the date of the subject accident, Defendant Glen Wood was generally employed as a commercial truck driver. Defendants do not possess sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

8

30.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

31.

The allegations contained in Paragraph 31 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendants. However, to the extent a response is required, Defendants only admit the allegations contained in Paragraph 31 of Plaintiff's Complaint to the extent they accurately state Georgia law. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint to the extent said paragraph is not consistent with Georgia law, and/or the facts and circumstances of this case.

32.

The allegations contained in Paragraph 32 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendants. However, to the extent a response is required, Defendants only admit the allegations contained in Paragraph 32 of Plaintiff's Complaint to the extent they accurately state Georgia law. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint to the extent said paragraph is not consistent with Georgia law, and/or the facts and circumstances of this case.

33.

Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendants. However, to the extent a response is required, Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint as pled.

34.

Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint

36.

Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint, including subparagraphs a. through n. thereof.

37.

Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint, including subparagraphs a. through e. thereof.

38.

Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint, including subparagraphs a. through e. thereof.

39.

Paragraph 39 contains no allegations against these Defendants, and therefore no response is required of Defendants. However, to the extent a response is required, Defendants only admit the information contained in Paragraph 39 of Plaintiff's Complaint to the extent they accurately state Georgia law. Defendants deny the information contained in Paragraph 39 of Plaintiff's Complaint to the extent said paragraph is not consistent with Georgia law, and/or the facts and circumstances of this case.

40.

Paragraph 40 contains no allegations against these Defendants, and therefore no response is required of Defendants. However, to the extent a response is required, Defendants only admit

10

the information contained in Paragraph 40 of Plaintiff's Complaint to the extent they accurately state Georgia law and applicable Federal law, if any. Defendants deny the information contained in Paragraph 40 of Plaintiff's Complaint to the extent said paragraph is not consistent with Georgia or Federal law, and/or the facts and circumstances of this case.

41.

Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint, including subparagraphs a. through f. thereof

43.

Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

RESPONSE TO: DEFENDANT ASCHENBRENNER TRUCKING INC.'S ALLEGED VICARIOUS LIABILITY FOR THE COLLISION AND FOR MS. HARRIS' INJURIES AND DAMAGES

46.

Defendants incorporate their responses to Paragraphs 1 through 45 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

47.

The allegations contained in Paragraph 47 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendants. However, to the extent a response

Case 1:23-mi-99999-UNA   Document 2489-1   Filed 08/04/23   Page 39 of 64


is required, Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint as pled.

48.

Defendants admit the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

The allegations contained in Paragraph 49 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendants. However, to the extent a response is required, Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint as pled.

## RESPONSE TO: DEFENDANT NATIONAL CASUALTY COMPANY'S ALLEGED CONTRACTUAL LIABILITY

50.

Defendants incorporate their responses to Paragraphs 1 through 49 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

51.

The allegations contained in Paragraph 51 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendants. However, to the extent a response is required, Defendants admit that Defendant National Casualty Company had issued a policy of insurance to Defendant Aschenbrenner Trucking, Inc. Defendants do not possess sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

52.

The allegations contained in Paragraph 52 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendants. However, to the extent a response is required, Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

The allegations contained in Paragraph 53 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendants. However, to the extent a response is required, Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint as pled.

54.

The allegations contained in Paragraph 54 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendants. However, to the extent a response is required, Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint as pled.

## RESPONSE TO: ALLEGED DAMAGES TO MR. NYIA HARRIS FOR WHICH DEFENDANTS ARE ACCOUNTABLE

55.

Defendants incorporate their responses to Paragraphs 1 through 54 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

56.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied

13

57.

Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

61.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

62.

Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint.

RESPONSE TO: COUNT V - ALLEGED O.C.G.A. § 13-6-11 DAMAGES

63.

Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

In response to the "WHEREFORE" paragraph immediately following paragraph 64 of the Plaintiff's Complaint, including subparagraphs 1) through 11) thereof, Defendants deny that they are liable to Plaintiff and deny that Plaintiff is entitled to any relief from these Defendants under any theory at law or in equity.

65.

Each and every allegation contained in Plaintiff's Complaint not specifically addressed above is hereby expressly denied.

WHEREFORE, these Defendants having fully answered the Plaintiff's Complaint, pray that they hence be discharged of the Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of these Defendants and against the Plaintiff, with all costs cast upon the Plaintiff.

**THESE DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE ON ALL ISSUES SO TRIABLE**

This 17th day of July, 2023

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
SANGEETHA KRISHNAKUMAR
Georgia Bar No. 394925
Sangeetha.krishnakumar@fmglaw.com
*Attorneys for Defendants Aschenbrenner Trucking, Inc. and National Casualty Company*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway; Suite 1600
Atlanta, Georgia 30339
770-818-0000 *Phone*
833-330-3669 *Facsimile*

15

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing *Answer and Defenses*

*of Defendants Aschenbrenner Trucking, Inc. and National Casualty Company* via the Court's

electronic filing system which will send electronic notification of such filing to counsel of record

as follows:

Roodgine D Bray, Esq.
Robert O. Bozeman, Esq.
Mawuli M. Davis, Esq.
The Davis Bozeman Law Firm P.C.,
4153-C, Flat Shoals Pkwy, Suite 332
Decatur GA 30034
rbray@davisbozemanlaw.com
rbozeman@davisbozemanlaw.com
mdavis@davisbozemanlaw.com

This 17th day of July 2023.

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
SANGEETHA KRISHNAKUMAR
Georgia Bar No. 394925
Sangeetha.krishnakumar@fmglaw.com
*Attorneys for Defendants Aschenbrenner Trucking,*
*Inc. and National Casualty Company*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
770-818-0000 *Phone*
833-330-3669 *Facsimile*

16

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03873-S1**

**7/20/2023 9:51 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

**NYIA HARRIS**

Plaintiff/Petitioner

vs.

**GLEN L WOOD**

Defendant/Respondent

Cause No.:   **23-C-03873-S1**

Hearing Date:

**DECLARATION OF SERVICE OF:**
**SUMMONS; FIRST INTERROGATORIES; FIRST REQUEST FOR ADMISSIONS; COMPLAINT; NOTICE OF SERVICE OF DISCOVERY**

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

Documents came to hand on the __5__ day of __July__, 20__23__ at __5:00__ o'clock __PM__.

On the date and time of __5 July 2023 @ 642 Pm__ at the address of **18258 Lemon Trail, Unionville, Putnam County, MO 63565**, the undersigned served the above described documents upon: **Glen L. Wood**

☑ **Personal Service**
by then and there personally delivering ___ true and correct copy(ies) thereof.

_18258 Lemon Trl, Unionville, mo_
*Physical description*

☐ **Substituted / Residential Service**
by then and there personally delivering ___ true and correct copy(ies) thereof, by then presenting to and leaving the same with

_____
*Name of Person Receiving Documents and Their Relationship to Person Served*

_____
*Physical description*

a person of suitable age and discretion who stated the above address to be the residence and usual place of abode of themselves and the subject(s) and/or subject's legal representative listed above.

**COMMENTS**

_____
_____

DATED this __5__ day of __July__ 20__23__.

_Dennis Claman_   _Putnam Co Sheriff's office DSN 522A_   _D. Claman_
Process Server Name   Reg. State, County and ID#   Signature

**ORIGINAL PROOF OF SERVICE**



ABC Legal Services, LLC
633 Yesler Way
Seattle, WA 98104

Page 1 of 1

Ref #: REF-13000622
Tracking #: 0109289073



E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03873-S1**

**7/20/2023 7:07 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| NYIA HARRIS, | ) | |
|     Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 23-C-03873-S1 |
| v. | ) | |
| | ) | |
| GLEN L. WOOD, ASCHENBRENNER, | ) | |
| TRUCKING, INC. AND NATIONAL | ) | |
| CASUALTY COMPANY, | ) | |
|     Defendants | ) | |

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Pursuant to U.S.C.R. 5.2, I hereby certify that I have this date served the following documents: (1) **DEFENDANT ASCHENBRENNER TRUCKING, INC.'S FIRST INTERROGATORIES TO PLAINTIFF NYIA HARRIS**; and (2) **DEFENDANT ASCHENBRENNER TRUCKING, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS AND NOTICE TO PRODUCE TO PLAINTIFF NYIA HARRIS** via Odyssey e-serve and statutory electronic service to counsel of record as follows:

Roodgine D Bray, Esq.
Robert O. Bozeman, Esq.
Mawuli M. Davis, Esq.
The Davis Bozeman Law Firm P.C.,
4153-C, Flat Shoals Pkwy, Suite 332
Decatur GA 30034
rbray@davisbozemanlaw.com
rbozeman@davisbozemanlaw.com
mdavis@davisbozemanlaw.com

This 20th day of July 2023.

[SIGNATURE ON FOLLOWING PAGE]

**FREEMAN MATHIS & GARY, LLP**

*/s/ Sangeetha Krishnakumar*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
SANGEETHA KRISHNAKUMAR
Georgia Bar No. 394925
Sangeetha.krishnakumar@fmglaw.com

*Attorneys for Defendants Aschenbrenner
Trucking, Inc. and National Casualty Company*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

2

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **RULE 5.2**

**CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS** to the Clerk of Court using

the *Odyssey eFileGA* system which will automatically send electronic service notification of said

filing to system participants and electronic mail as follows:

Roodgine D Bray, Esq.
Robert O. Bozeman, Esq.
Mawuli M. Davis, Esq.
The Davis Bozeman Law Firm P.C.,
4153-C, Flat Shoals Pkwy, Suite 332
Decatur GA 30034
rbray@davisbozemanlaw.com
rbozeman@davisbozemanlaw.com
mdavis@davisbozemanlaw.com

This 20th day of July 2023.

*/s/ Sangeetha Krishnakumar*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
SANGEETHA KRISHNAKUMAR
Georgia Bar No. 394925
Sangeetha.krishnakumar@fmglaw.com

*Attorneys for Defendants Aschenbrenner
Trucking, Inc. and National Casualty Company*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03873-S1**
**8/4/2023 7:39 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NYIA HARRIS, | ) | |
|     Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 23-C-03873-S1 |
| v. | ) | |
| | ) | |
| GLEN L. WOOD, ASCHENBRENNER, | ) | |
| TRUCKING, INC. AND NATIONAL | ) | |
| CASUALTY COMPANY, | ) | |
|     Defendants | ) | |

### ANSWER AND DEFENSES OF DEFENDANT GLEN L. WOOD

COME NOW Defendant Glen L. Wood ("Defendant" or "this Defendant") by and through counsel, by and through counsel, and by way of special appearance, without waiving but specifically reserving all jurisdictional defenses available to him, serves his answer and defenses to Plaintiff's Complaint ("Plaintiff's Complaint") as follows:

### FIRST DEFENSE

All or part of Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

### SECOND DEFENSE

To the extent as may be shown by the evidence through discovery, no act or omission of this Defendant either proximately caused or contributed to whatever damage the Plaintiff may have sustained, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

### THIRD DEFENSE

To the extent as may be shown by the evidence through discovery, the occurrence complained of was caused, produced, and brought about directly and proximately by the negligence of Plaintiff, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

1

## FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, the occurrence complained of was caused, produced, and brought about directly and proximately by the negligence of some other person or persons for whom this Defendant was not responsible and, on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

## FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, Plaintiff, by the exercise of ordinary care, could have avoided being injured, and on account thereof, Plaintiff is not entitled to recover any sum of this Defendant.

## SIXTH DEFENSE

This Honorable Court lacks jurisdiction over this Defendant and, as a result thereof, Plaintiff's Complaint must be dismissed.

## SEVENTH DEFENSE

Venue is improper in this Court as to one or more Defendants, and, as a result thereof, Plaintiffs' Complaint must be dismissed.

## EIGHTH DEFENSE

Plaintiff's failure to specifically plead special damages bars their recovery. O.C.G.A. §9-11-9(g).

## NINTH DEFENSE

To avoid waiving affirmative defenses which may subsequently develop, and in further answer, this Defendant states that Plaintiff's Complaint may be barred by the affirmative defenses stated in O.C.G.A. §9-11-8(c), or any one of them.

## TENTH DEFENSE

To the extent as may be shown by the evidence through discovery, this Defendant asserts the defenses contributory/comparative negligence, failure of Plaintiff to exercise ordinary care for Plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, sudden emergency, and waiver.

## ELEVENTH DEFENSE

To avoid waiving affirmative defenses which may subsequently develop, and in further answer, this Defendant states that Plaintiff's Complaint may be barred by the affirmative defenses stated in O.C.G.A. §9-11-8(c), or any one of them.

## TWELFTH DEFENSE

Plaintiff has failed to state facts sufficient to entitle him to an award of compensatory damages or attorneys' fees and expenses from this Defendant.

## THIRTEENTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred because this Defendant did not act in bad faith in the underlying transaction giving rise to this suit.

## FOURTEENTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred by the existence of a bona fide dispute as to liability and/or damages.

## FIFTEENTH DEFENSE

Further answering the numbered paragraphs of Plaintiff's Complaint, this Defendant answers as follows:

## RESPONSE TO: PRELIMINARY STATEMENT

1.

Responding to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant admits only that this action has been brought against him by the Plaintiff. Defendant denies that he was negligent or is liable to the Plaintiff or that Plaintiff is entitled to any relief from Defendant under any theory at law or in equity. This Defendant does not possess sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

## RESPONSE TO: PARTIES, JURISDICTION, AND VENUE

2.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

3.

This Defendant admits only that he is a resident of Unionville, Missouri and that he was operating the vehicle when the subject accident occurred. The remaining allegations in Paragraph 3 of Plaintiff's Complaint call for legal conclusions and therefore no response is required of this Defendant. However, to the extent a response is required, Defendant denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint as pled.

4

4.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

5.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

6.

This Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

7.

This Defendant admits only that he was operating the tractor-trailer at the time of the subject accident and was in the course and scope of agency for Defendant Aschenbrenner Trucking, Inc. Defendant denies the remaining allegations in Paragraph 7 of Plaintiff's Complaint as pled.

8.

The allegations in Paragraph 8 of Plaintiff's Complaint call for legal conclusions and therefore no response is required of this Defendant. However, to the extent a response is required, Defendant admits only that the Court has subject matter jurisdiction over this matter and denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint as pled.

9.

The allegations in Paragraph 9 of Plaintiff's Complaint call for legal conclusions and therefore no response is required of this Defendant. However, to the extent a response is required, Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

<u>RESPONSE TO: ALLEGED FACTS</u>

11.

Defendant incorporates his responses to Paragraphs 1 through 10 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

12.

Defendant admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13.

The allegations in Paragraph 13 of Plaintiff's Complaint call for legal conclusions and therefore no response is required of Defendant. However, to the extent a response is required, Defendant admits the allegations in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint as pled.

17.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

18.

Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant only admits that he was cited by the investigating officer for an alleged violation of O.C.G.A. § 40-6-123A. Defendant does not possess sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

RESPONSE TO: ALLEGED AFTERMATH OF THE PREVENTABLE CRASH

21.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

22.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

23.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

24.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

25.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

26.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

RESPONSE TO: ALLEGED NEGLIGENCE OF DEFENDANT GLEN L. WOOD

27.

Defendant incorporates his responses to Paragraphs 1 through 26 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

28.

Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant only admits that on the date of the subject accident, he was generally employed as a commercial truck driver. Defendant does not possess sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

30.

Defendant only admits that on the date of the subject accident, he was generally employed as a commercial truck driver. Defendant does not possess sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

31.

The allegations contained in Paragraph 31 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendant. However, to the extent a response is required, Defendant only admits the allegations contained in Paragraph 31 of Plaintiff's Complaint to the extent they accurately state Georgia law. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint to the extent said paragraph is not consistent with Georgia law, and/or the facts and circumstances of this case.

9

32.

The allegations contained in Paragraph 32 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendant. However, to the extent a response is required, Defendant only admits the allegations contained in Paragraph 32 of Plaintiff's Complaint to the extent they accurately state Georgia law. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint to the extent said paragraph is not consistent with Georgia law, and/or the facts and circumstances of this case.

33.

The allegations contained in Paragraph 33 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendant. However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint as pled.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint, including subparagraphs a. through n. thereof.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint, including subparagraphs a. through e. thereof.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint, including subparagraphs a. through e. thereof.

39.

Paragraph 39 contains no allegations against this Defendant, and therefore no response is required of this Defendant. However, to the extent a response is required, Defendant only admits the information contained in Paragraph 39 of Plaintiff's Complaint to the extent they accurately state Georgia law. Defendant denies the information contained in Paragraph 39 of Plaintiff's Complaint to the extent said paragraph is not consistent with Georgia law, and/or the facts and circumstances of this case.

40.

Paragraph 40 contains no allegations against this Defendant, and therefore no response is required of this Defendant. However, to the extent a response is required, Defendant only admits the information contained in Paragraph 40 of Plaintiff's Complaint to the extent they accurately state the applicable law and applicable Federal law, if any. Defendant denies the information contained in Paragraph 40 of Plaintiff's Complaint to the extent said paragraph is not consistent with the applicable law, and/or the facts and circumstances of this case.

41.

Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint, including subparagraphs a. through f. thereof.

11

43.

Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

RESPONSE TO: DEFENDANT ASCHENBRENNER TRUCKING INC.'S ALLEGED
VICARIOUS LIABILITY FOR THE COLLISION AND FOR MS. HARRIS' INJURIES AND
DAMAGES

46.

Defendant incorporates his responses to Paragraphs 1 through 45 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

47.

The allegations contained in Paragraph 47 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of this Defendant. However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint as pled.

48.

Defendant admits the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

The allegations contained in Paragraph 49 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendant. However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint as pled.

RESPONSE TO: DEFENDANT NATIONAL CASUALTY COMPANY'S ALLEGED
CONTRACTUAL LIABILITY

50.

Defendant incorporates his responses to Paragraphs 1 through 49 of the Plaintiff's
Complaint, inclusive, by reference as if fully set forth herein.

51.

The allegations contained in Paragraph 51 of Plaintiff's Complaint call for a legal
conclusion and therefore no response is required of Defendant. However, to the extent a response
is required, Defendant admits that Defendant National Casualty Company had issued a policy of
insurance to Defendant Aschenbrenner Trucking, Inc. Defendant does not possess sufficient
information to form a belief as to the truth of the remaining allegations contained in Paragraph 51
of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said
paragraph are denied.

52.

The allegations contained in Paragraph 52 of Plaintiff's Complaint call for a legal
conclusion and therefore no response is required of Defendant. However, to the extent a response
is required, Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

The allegations contained in Paragraph 53 of Plaintiff's Complaint call for a legal
conclusion and therefore no response is required of Defendant. However, to the extent a response
is required, Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint as
pled.

54.

The allegations contained in Paragraph 54 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required of Defendant. However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint as pled.

### RESPONSE TO: ALLEGED DAMAGES TO MR. NYIA HARRIS FOR WHICH DEFENDANTS ARE ACCOUNTABLE

55.

Defendant incorporates his responses to Paragraphs 1 through 54 of the Plaintiff's Complaint, inclusive, by reference as if fully set forth herein.

56.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

57.

Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

61.

Defendant does not possess sufficient information to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint, and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

62.

Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

RESPONSE TO: COUNT V - ALLEGED O.C.G.A. § 13-6-11 DAMAGES

63.

Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

In response to the "WHEREFORE" paragraph immediately following paragraph 64 of the Plaintiff's Complaint, including subparagraphs 1) through 11) thereof, Defendant denies that he is liable to Plaintiff and denies that Plaintiff is entitled to any relief from this Defendant under any theory at law or in equity.

66.

Each and every allegation contained in Plaintiff's Complaint not specifically addressed above is hereby expressly denied.

WHEREFORE, this Defendant having fully answered the Plaintiff's Complaint, prays that he hence be discharged of the Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of this Defendant and against the Plaintiff, with all costs cast upon the Plaintiff.

**THIS DEFENDANT DEMANDS A TRIAL BY JURY OF TWELVE ON ALL ISSUES SO TRIABLE**

This 4th day of August, 2023.

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
SANGEETHA KRISHNAKUMAR
Georgia Bar No. 394925
Sangeetha.krishnakumar@fmglaw.com
*Attorneys for Defendant Glen L. Wood*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway; Suite 1600
Atlanta, Georgia 30339
770-818-0000 *Phone*
833-330-3669 *Facsimile*

16

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing ***Answer and Defenses***

***of Defendant Glen L. Wood*** via the Court's electronic filing system which will send electronic

notification of such filing to counsel of record as follows:

Roodgine D Bray, Esq.
Robert O. Bozeman, Esq.
Mawuli M. Davis, Esq.
The Davis Bozeman Law Firm P.C.,
4153-C, Flat Shoals Pkwy, Suite 332
Decatur GA 30034
rbray@davisbozemanlaw.com
rbozeman@davisbozemanlaw.com
mdavis@davisbozemanlaw.com

This 4th day of August 2023.

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
SANGEETHA KRISHNAKUMAR
Georgia Bar No. 394925
Sangeetha.krishnakumar@fmglaw.com
*Attorneys for Defendants Aschenbrenner Trucking,*
*Inc. and National Casualty Company*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
770-818-0000 *Phone*
833-330-3669 *Facsimile*

17