IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Johnny Smith,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No.: _____ |
| v. | ) |
| | ) (Removed from the Superior Court of |
| | ) Fulton County, Georgia Civil Action No. |
| **Shellpoint Mortgage Servicing,** | ) 2023CV382377) |
| | ) |
| **Defendant** | ) |

## NOTICE OF REMOVAL

Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant")[1] by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of this action to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds for this removal, Defendant states as follows:

**I.   Background**

1.   On or about July 7, 2023, Plaintiff, acting *pro se*, filed a one-paragraph Complaint (the "Complaint") in the Superior Court of Fulton County, Georgia as Civil Action No. 2023CV382377 against Shellpoint.

---

[1] Defendant was improperly named as just "Shellpoint Mortgage" in the Complaint. The proper name for the defendant is NewRez, LLC d/b/a Shellpoint Mortgage Servicing.

1

2. All filings from the online docket for Fulton County, Georgia, are attached hereto as **Exhibit A**.

3. The Complaint was informally delivered to Shellpoint in July 2023.[2]

4. Plaintiff's Complaint does not explicitly enumerate or describe the particular causes of action being pursued against Shellpoint and the Complaint is otherwise difficult to decipher. However, the Complaint explicitly seeks damages of $400,000. (*See* Compl., p. 2).

5. The Superior Court of Fulton County is a state court within this district and division.

6. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

[2] Defendant denies that it was properly served with the summons and complaint. Shellpoint has a registered agent in Georgia and that registered agent location was not served, rather the Plaintiff sought to "serve" Shellpoint at the company's South Carolina address. There is no affidavit of certificate of service filed in the Fulton County Superior Court.

7. The Complaint was filed on July 7, 2023, and informally received by Shellpoint in July 2023[3] thus, this removal is timely.

## II. Diversity Jurisdiction

10. This Court has original diversity jurisdiction over this action under 28 U.S.C. § 1332.

11. Section 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

12. Here, both requirements for original diversity jurisdiction under 28 U.S.C. § 1332 are satisfied under the Complaint.

### A. *Complete Diversity of Citizenship Exists Between Plaintiff and the Defendant.*

13. Complete diversity exists here because Plaintiff is not a citizen of the same state as the Defendant.

14. Plaintiff is a resident and citizen of the State of Georgia based on his address at 920 Brookmere Ct., Atlanta, Georgia 30349. (Compl., pp. 1, 3, 4).

1. Defendant Shellpoint is a limited liability company organized and existing under the laws of the State of Delaware. For diversity jurisdiction purposes,

---

[3] *See* comment in footnote 2.

"a limited liability company is considered to be a citizen of every state and country of which its members are citizens." *Hedge Capital Invs. Ltd. v. Sustainable Growth Grp. Holdings LLC*, 593 F. App'x 937, 940 (11th Cir. 2014). Shellpoint's sole member is Shellpoint Partners LLC. Shellpoint Partners LLC's members are NRM Acquisition LLC and NRM Acquisition LLC II. The sole member of these LLCs is New Residential Mortgage LLC. New Residential Mortgage LLC is a wholly owned subsidiary of Rithm Capital Corp., a Delaware corporation with its principal place of business in New York. Accordingly, Shellpoint is a citizen of Delaware and New York for the purposes of diversity jurisdiction.

15. is organized under the laws of the State of Delaware and has its principal place of business in New York, New York, it is a citizen of both Delaware and New York. *See* 28 U.S.C. § 1332(c)(1). Accordingly, Shellpoint is a citizen of Delaware and New York for the purposes of diversity jurisdiction.

16. Accordingly, there is complete diversity between Plaintiff and Defendant.

### B. The Amount in Controversy Exceeds the Jurisdictional Amount.

17. Diversity jurisdiction requires an amount in controversy of greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

18. In his Complaint, Plaintiff explicitly seeks damages in the amount of $400,000. (Compl., p. 2).

19.     Additionally, and separately, Plaintiff's Complaint relates to a bankruptcy filing and his mortgage loan account related to the real property that secures the mortgage. (Compl., p. 2 ["my home was still auctioned"]).

20.     Such allegations involve the entire property value as the "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961). For this additional and separate reason, the value of the entire property is at issue and the amount in controversy exceeds the jurisdictional amount required.

21.     Current tax records from the Board of Tax Assessors for Fulton County, Georgia reflect that the 2023 appraised value of the subject property at 920 Brookmere Ct., Atlanta, Georgia, is $446,400. (*See* tax assessment record of Fulton County, Georgia, attached hereto as **Exhibit B**).[4] Therefore, the amount in controversy is at least $446,400, based on the fair market value of the Property.

---

[4] The Court can take judicial notice of the records maintained by the Fulton County Board of Tax Assessors pursuant to Fed. R. Evid. 201. *See also Fuller v. Suntrust Mortg., Inc.*, No. 1:13–CV–3924–TWT, 2014 WL 3887916, at *7 n.8 (N.D. Ga. Aug. 6, 2014) (taking judicial notice of county property tax records for amount in controversy determination); *Pah v. JPMorgan Chase Bank, N.A.*, No. 1:12–CV–4071–JEC, 2014 WL 1683332, at *2 (N.D. Ga. Apr. 29, 2014) (relying, in part, on Cobb County Tax Assessor's valuation of property for amount in controversy);

22. Therefore, because there is complete diversity of citizenship between Plaintiff and Defendant and because the amount in controversy is greater than $75,000, this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper.

### III. All Other Requirements for Removal are Satisfied

23. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

24. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Superior Court of Fulton County, Georgia, the forum in which the Civil Action was pending.

25. The Defendant has heretofore sought no similar relief.

26. Removal at the present time will not result in any prejudice to Plaintiff.

27. Defendant reserves the right to amend or supplement this Notice of Removal.

28. A copy of this Notice is being filed with the Clerk of the Superior Court of Fulton County, Georgia, as provided under 28 U.S.C. § 1446, as shown by **Exhibit C** attached hereto.

---

*Baker v. Select Portfolio Serv., Inc.*, No. 1:12–CV–03493–JEC, 2013 WL 4806907, at *4 n.5 (N.D. Ga. Sept. 9, 2013) (finding amount in controversy satisfied by the value of the property where most recent tax assessment exceeded $75,000).

**WHEREFORE,** Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 4th day of August, 2023.

/s/Keith S. Anderson
Keith S. Anderson
Georgia Bar No. 136246
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com
*Attorney for Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

/s/ Keith S. Anderson

## **CERTIFICATE OF SERVICE**

I certify that I have on this day served a true copy of the foregoing Notice of Removal by depositing a copy of the same in regular U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

Johnny Smith
920 Brookmere Ct.
Atlanta, GA 30349
*Pro Se* Plaintiff

This 4th day of August, 2023.

/s/ Keith S. Anderson
Keith S. Anderson
GA Bar No. 136246