# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Marcel Ohues,<br><br>      Plaintiff,<br><br>v.<br><br>WebGroup Czech Republic, a.s. and NKL Associates s.r.o.<br><br>      Defendants. | Case No.<br><br>**DEFENDANTS WEBGROUP CZECH REPUBLIC, A.S. AND NKL ASSOCIATES S.R.O'S NOTICE OF REMOVAL TO FEDERAL COURT** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants WebGroup Czech Republic ("WG") and NKL and Associates s.r.o. ("NKL") (collectively, "Defendants") all consent to removal and hereby remove to the United States District Court for the Northern District of Georgia, the civil action *Ohues v. XNXX.com and X Videos.com*, 2023CV382263, pending in the Superior Court of Fulton County, Georgia, on the following grounds:

### GROUNDS FOR REMOVAL

**1. Removal Is Proper Because There Is Complete Diversity In This Action Under 28 U.S.C. § 1441**

Removal is proper because there is complete diversity in this action where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs[1]. 28 U.S.C. §§ 1332(a),(c); 28 U.S.C. 1441; *see also Marshall v. Washington*, 487 Fed. Appx. 523, 525-26 (11th Cir. 2012). Diversity jurisdiction requires "complete diversity meaning that every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "For purposes of determining whether jurisdiction exists, corporations are deemed citizens of any state in which they are incorporated and of the state where they have their principal place of business." *Barnett v. Norfolk & Dedham Mut. Fire Ins. Co.*, 773 F. Supp. 1529, 1530 (11th Cir. 1991). To prevent manipulation of citizenship, complete diversity must exist at both the time of filing and the time of removal. *Bujanowski v. Kocontes*, 359 Fed. App'x 112, 113 (11th Cir. 2009) (per curiam).

> A. <u>Complete diversity exists between Plaintiffs and Defendants, which both foreign Defendants.</u>

Here, there is complete diversity both at the time of filing and at the time of removal. Plaintiff is and remains a citizen of Georgia. Declaration of Robert Seifert ("Seifert Decl."), Exh. 1 (Complaint at 1)). Defendants WG and NKL are each a business entity organized under the laws of the Czech Republic and each

---

[1] The handwritten complaint shows an amount of *at least* $1,000,000.00 is being demanded by Plaintiff. (Seifert Decl., Exh. 1 (Complaint at 2) (showing a handwritten number that could be either $1M or $7M).

2

has its principal place of business in Prague, Czech Republic, so both Defendants were and remain citizens of a foreign state. (Seifert Decl. at ¶¶ 2, 5.)

    B. <u>The amount in controversy exceeds $75,000, as is apparent from the face of the Complaint.</u>

The amount in controversy also exceeds the sum or value of $75,000, exclusive of interest and costs at the time of removal. Plaintiff has asserted *at least* $1 million in damages, which exceeds the amount in controversy threshold. (Seifert Decl., Exh. 1 (Complaint at 2))[2].

    C. <u>WG and NKL have followed the procedures for removal otherwise provided by law.</u>

WG and NKL have also complied with 28 U.S.C. § 1446(b)(1), (3) by petitioning for removal within 30 days of being served with the initial pleadings or "other paper from which it may first be ascertained that the case is one which is or has become removable." *See also* 28 U.S.C. § 1446(c)(3)(A). This lawsuit was filed on July 5, 2023. Neither WG or NKL have been served with the Summons, Complaint, or any other process, pleadings, or orders in this lawsuit. Nevertheless, WG and NKL have attached to the concurrently filed Seifert Decl. a true and correct copy of the Complaint. WG and NKL have otherwise complied with 28 U.S.C. § 1446(a). WG and NKL will also provide written notice of this

---

[2] *See supra*, footnote 1.

removal to Plaintiff and will file such notice with the clerk of the Fulton County Superior Court, as required by 28 U.S.C. § 1446(d).  *See* (Seifert Decl., Exh. 4 (Copies of Notices & Certificates of Service)).

### 2. Removal Is Proper Under The Convention On The Recognition and Enforcement Of Foreign Arbitral Awards

Pursuant to 9 U.S.C. §§ 203-04, federal district courts have original jurisdiction and venue over suits falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").  Under 9 U.S.C. § 205, removal is proper any time before trial "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention[.]"  "The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal."  *Id.*  Thus, removal is proper where the petitioner explains that there is an arbitration agreement "falling under" the Convention and that the subject matter of the action "relating to" that agreement. *See Trifonov v. MSC Mediterranean Shipping Co.*, 590 Fed. Appx. 842, 845 (11th Cir. 2014).

### A. The Terms of Service for xvideos.com and xnxx.com contain an arbitration agreement "falling under" the Convention.

Plaintiff sued Xvideos.com and Xnxx.com (the "Websites")—operated by Defendants WG and NKL, respectively—in Fulton County Superior Court for Slander, Defamation, and "Revenge Porn." (Seifert Decl."), Exh. 1 (Complaint at 1)). Plaintiff alleges the Websites contain graphic images of him. (Seifert Decl., Exh. 1 (Complaint at 1-2)). The Websites are free-to-access adult content websites that generate revenue through advertisements. (Seifert Decl., at ¶¶ 3, 6). Before anyone can enter the Websites, they are blocked by a pop-up that requires visitors to certify that they are over eighteen years of age, and includes a visibly distinct link to xvideos.com or xnxx.com's Terms of Service, which clearly states that entering the Websites constitutes acceptance of those terms. (Seifert Decl. at ¶¶ 4, 7) and Exhs. 2, 3 (Terms of Service).

The Terms of Service for the Websites are similar and form legally binding contracts. Specifically, the Terms of Service on xvideos.com "form[s] a legally binding agreement between you and WebGroup Czech Republic" and includes an arbitration agreement. (Seifert Decl.), Exh. 2 (xvideos.com's Terms of Service § 1)). And the Terms of Service on xnxx.com "form[s] a legally binding agreement between you and NKL Associates s.r.o." and includes an arbitration agreement. (Seifert Decl.), Exh. 3 (xnxx.com's Terms of Service § 1)).

The arbitration agreements are likewise similar. The agreement on xvideos.com states: "You and WebGroup agree to the fullest extent permitted by law to resolve any claims arising out of, relating to, or in connection with the Terms, your relationship with us, or WebGroup's Services, including but not limited to your use of the Website and information provided via the Website, through final and binding arbitration." (Seifert Decl., Exh. 2 (Terms of Service § 11(ii))). "The Arbitration Court attached to the Czech Chamber of Commerce and the Agricultural Chamber of the Czech Republic ('Arbitration Court') will conduct any arbitration between you and WebGroup[.]" (*Id.* at § 11(iii)). The arbitration agreement also includes a delegation clause, which makes clear that "[t]he parties agree that the Arbitration Court will have jurisdiction to decide whether a dispute is subject to arbitration under these Terms of Service." (*Id.*). Only claims related to "intellectual property" and requests for "injunctive relief" may be pursued in court, in which case the "Czech District Courts in Prague, Czech Republic, will have exclusive jurisdiction to resolve [such] disputes[.]" (*Id.* at § 10(v))).

Xnxx.com's arbitration agreement mirrors this language. It states: "You and NKL Associates agree to the fullest extent permitted by law to resolve any claims arising out of, relating in any manner to, or in connection with the

6

Website, the Terms of Service, your relationship with us, or NKL Associates's Services, including but not limited to your use of the Website and information provided via the Website, through final and binding arbitration." (Seifert Decl.), Exh. 2 (xvideos.com's Terms of Service § 11(ii))). "The Arbitration Court attached to the Czech Chamber of Commerce and the Agricultural Chamber of the Czech Republic ("Arbitration Court") will conduct any arbitration between you and NKL Associates[.]" (*Id.* at § 11(iii)). The arbitration agreement also includes a delegation clause, which makes clear that "[t]he parties agree that any disputes concerning the enforceability, validity, or scope of the arbitration agreement in this Section 11 (or any portion of it) shall be resolved by the Arbitration Court, which will have sole authority to decide those issues." (*Id.*). Only claims related to "intellectual property" and requests for "injunctive relief" may be pursued in court, in which case the "Czech District Courts in Prague, Czech Republic, will have exclusive jurisdiction to resolve [such] disputes[.]" (*Id.* at § 11(v))).

Here, the Terms of Service for xvideos.com and xnxx.com contain an arbitration agreement "falling under" the Convention. (Seifert Decl.), Exhs. 2-3 (Terms of Service § 11 (xvidedos.com), § 11 (xnxx.com)). An arbitration agreement falls under the Convention when: (1) it is in writing, (2) it provides

7

for arbitration in a signatory country, (3) it involves a commercial relationship, and (4) it binds at least one foreign citizen. *Northrop & Johnson Yachts-Ships, Inc. v. Royal Van Lent Shipyard, B.V.*, 855 Fed. Appx. 468, 471 (11th Cir. 2021). Each of the four elements is satisfied here.

*First,* the arbitration agreement in the Terms of Service is in writing. (Seifert Decl)., Exhs. 2-3 (Terms of Service § 11 (xvidedos.com), § 11 (xnxx.com)). By its terms, all disputes arising out of, relating to, or in connection with the Terms, the user's relationship with WG or NKL must be resolved through final and binding arbitration. (Seifert Decl)., Exhs. 2-3 (Terms of Service § 11 (xvidedos.com), § 11 (xnxx.com)). Under Georgia law, where, as here, a party is given conspicuous notice of a website's terms and told that entering the website constitutes acceptance of those terms, a valid contract is formed. *See Jones v. Baran Co., LLC*, 290 Ga. App. 578, 579, 660 S.E.2d 420, 423 (2008) ("Georgia law provides that '[a] contract' 'may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract.'") (quoting O.C.G.A. § 11-2-204(1))); *see also J. Lee Gregory, Inc. v. Scandinavian House, L.P.*, 209 Ga. App. 285, 289, 433 S.E.2d 687, 690 (1993) ("Parties may form a contract through conduct rather than merely through the exchange of communications constituting

offer and acceptance.'"); *Comvest, L.L.C. v. Corporate Secs. Group, Inc.*, 234 Ga. App. 277, 507 S.E.2d 21, 24-25 (1998) ("A party may be bound by an agreement to arbitrate even in the absence of his signature . . . . Parties may be bound by the terms of a contract, even though they do not sign it, where their assent is otherwise indicated, such as by the acceptance of benefits under the contract.") (internal quotations omitted); *Edible IP, LLC v. Google, LLC*, 313 Ga. 305, 869 S.E.2d 481, 484 (Ga. 2022) (affirming the trial court's ruling that a party accepted additional terms and conditions, including an arbitration clause, in an online agreement); *Thornton v. Uber Techs., Inc.*, 359 Ga. App. 790, 858 S.E.2d 255, 259 (Ga. Ct. App. 2021) (noting that hyperlinked terms and conditions are generally enforceable).

*Second*, both the United States and the Czech Republic are signatories to the Convention and the arbitration agreement provides for arbitration in a signatory country, namely, the Czech Republic. (Seifert Decl)., Exhs. 2-3 (Terms of Service § 11 (xvidedos.com), § 11 (xnxx.com)).

*Third*, the arbitration agreement involves a "commercial relationship" as that term is used in the Convention. The Convention governs "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial[.]" 9 U.S.C. § 202. "In

9

the field of international arbitration, 'commercial' refers to matters or relationships, whether contractual or not, that arise out of or in connection with commerce." *Hum. v. Czech Republic-Ministry of Health*, 824 F.3d 131, 136 (D.C. Cir. 2016) (cleaned up) (interpreting the Convention) (citing Restatement (Third) of U.S. Law of Int'l Comm. Arbitration § 1–1 (2012)).  As the latest Restatement of International Law states, "'[c]ommercial' matters or relationships are those matters or relationships, whether contractual or not, that affect commerce."  Restatement (Third) of U.S. Law of Int'l Comm. Arbitration § 1–1 (2019).  The arbitration agreement thus involves a commercial relationship.  By agreeing to the Terms of Service, users who browse the Websites allow users who upload content to the Websites to profit from that content.  (Seifert Decl. at ¶¶ 3, 6.)

*Fourth*, the arbitration agreements binds at least one foreign citizen, namely, Defendants, which are citizens of the Czech Republic.  (Seifert Decl. at ¶¶ 2, 5.)

    B. <u>The subject matter of this action "relates to" the arbitration agreement.</u>

The subject matter of this action also "relates to" the arbitration agreement in the Terms of Service.  *See Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1323-24 (11th Cir. 2018).  Section 205 "provides for broad

10

removability of cases to federal court. While the link between the arbitration agreement and the dispute is not boundless, the arbitration agreement need only be sufficiently related to the dispute such that it conceivably affects the outcome of the case." *Id.* at 1323. So "long as the argument that the case 'relates to' the arbitration agreement is not immaterial, frivolous, or made solely to obtain jurisdiction, the relatedness requirement is met for purposes of federal subject matter jurisdiction." *Id.* at 1323-24. Here, the action clearly "relates to" the arbitration agreement in the Terms of Service, because arbitration could conceivably provide a defense to Plaintiff's claims, which arise out of the alleged existence of certain images on xvideos.com and xnxx.com. (Seifert Decl., Exh. 1 (Complaint at 1)).

### 3. Removal Is Proper Because Plaintiff's Claims Arise Under Federal Law

Removal is proper because this case presents a federal question. 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). The "well-pleaded complaint" rule "has long governed" whether a case falls under federal jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535

U.S. 826, 830 (2002). Under the well-pleaded complaint rule, federal jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, Plaintiff filed the Complaint for "revenge porn," alleging that his name was attached to "graphic images" on WG's and NKL's websites. (Seifert Decl., Exh. 1 (Complaint at 1-2)). Revenge porn is a federal cause of action. 15 U.S.C. § 6851(b)(1)(A) ("[A]n individual whose intimate visual depiction is disclosed, . . . where such disclosure was made by a person who knows that . . . the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States . . . ."). Because Plaintiff has brought a claim seeking relief under a federal law, this case presents a federal question. *Johnson v. Elizabeth Wellborn, P.A.*, 418 Fed. Appx. 809, 814 (11th Cir. 2011).

## CONCLUSION

WG and NKL request that this action be removed to this Court for determination; that this Court stay all further proceedings in Fulton County Superior Court; and that this Court award to WG and NKL all additional relief to which it is entitled. WG and NKL do not waive any objections as to improper service, jurisdiction, or venue, nor does they waive any other defenses or

objections to this action.  *See, e.g.*, *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) (stating that it is hornbook law that removal does not waive objections to personal jurisdiction).  WG and NKL make no admissions of fact, law, or liability and reserve all defenses, motions, and pleas.

DATED:  August 4, 2023　　　　QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  /s/ *Debra Bernstein*
　　Debra Bernstein (Bar No. 054998)
　　Quinn Emanuel Urquhart & Sullivan, LLP
　　debrabernstein@quinnemanuel.com
　　Ryan Swindell (Bar No. 727411)
　　ryanswindall@quinnemanuel.com
　　1200 Abernathy Road, Suite 1500
　　Atlanta, GA 30328
　　Telephone: (404) 482-3502
　　Fax: (404) 681-8290

*Attorneys for Defendants WG and NKL*

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT, AND FONT SIZE**

Pursuant to Local Rule 5.1C of the United States District Court for the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

By: /s/ *Debra Bernstein*
Debra Bernstein

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document and all exhibits thereto have been served via hand delivery and/or United States mail with adequate postage affixed thereto to the following recipients.

TO:  Marcel Ohues
       3622 Ginnis Road
       Atlanta, GA 30331

By: /s/ *Debra Bernstein*
    Debra Bernstein