# EXHIBIT A

No. _____ 23A02409

Date Summons Issued and Filed
6/1/2023

/s/ Monica Gay

Deputy Clerk

Deposit Paid $ _____

[ ] **ANSWER**

[ ] **JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Corey Benn
_____

_____

(Plaintiff's name and address)

**vs.**

Monika Stoyanova Staeva and
_____

Federal Bureau of Investigation
_____

_____

(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:** Federal Bureau of Investigations c/o Brandon Milton R/A
3000 Flowers Rd S, Atlanta, GA 30341

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

James Palmer, Esq.
_____
(Name)
1350 Church Street Extension, Suite 300, Marietta, GA 30060
_____
(Address)
(770) 702-9067                                                    381099
_____
(Phone Number)                                        (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____          _____

Defendant's Attorney                                          Third Party Attorney

_____          _____

Address                                                            Address

Phone No.          Georgia Bar No.                      Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☐ Account          ☒ Personal Injury              Principal      $ _____
☐ Contract        ☐ Medical Malpractice
☐ Note              ☐ Legal Malpractice            Interest        $ _____
☐ Trover           ☐ Product Liability
                       ☐ Other                            Atty Fees     $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

## IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| COREY BENN,<br><br>        **Plaintiff,**<br>v.<br><br>**MONIKA STOYANOVA STAEVA**, and<br>**FEDERAL BUREAU OF**<br>**INVESTIGATION**,<br><br>        **Defendants.** | **CIVIL ACTION FILE NO:**<br>23A02409 |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff, **COREY BENN**, and states his complaint against Defendants, **MONIKA STOYANOVA STAEVA**, and **FEDERAL BUREAU OF INVESTIGATION**, as follows:

1.

The Plaintiff, **COREY BENN**, is a resident of the State of Georgia.

2.

Defendant, **MONIKA STOYANOVA STAEVA**, is a citizen and resident of the State of Georgia, whose last known residence is 3000 Flowers Road South, Atlanta, Georgia 30341. Defendant, **MONIKA STOYANOVA STAEVA**, is subject to the jurisdiction of this Court and may be served by personal service of the Summons and Complaint at that address.

3.

Defendant, **MONIKA STOYANOVA STAEVA**, is subject to the jurisdiction of this Court.

4.

Venue as to Defendant, **MONIKA STOYANOVA STAEVA**, is proper in the State Court of DeKalb County, Georgia.

5.

The State Court of DeKalb County has jurisdiction over the subject matter of the above-styled action.

6.

Defendant, **FEDERAL BUREAU OF INVESTIGATION**, is a sovereign entity in the State of Georgia located at 3000 Flowers Road South, Chamblee City, GA 30341. Defendant, **FEDERAL BUREAU OF INVESTIGATION**, is subject to the jurisdiction of this Court and may be served by issuing Summons and a second original of this Complaint to its registered agent: Brandon Milton, 3000 Flowers Road South, Chamblee, GA 30341

7.

Defendant, **FEDERAL BUREAU OF INVESTIGATION**, is subject to the jurisdiction of this Court.

8.

The State Court of DeKalb County has jurisdiction over the subject matter of the above-styled action.

9.

Defendants, **MONIKA STOYANOVA STAEVA**, and **FEDERAL BUREAU OF INVESTIGATION**, are joint tortfeasors and as such, venue as to all Defendants is proper in State Court of DeKalb County, Georgia, pursuant to O.C.G.A. § 40-12-3.

10.

On Febuary 2, 2022, Plaintiff, **COREY BENN**, was operating a 2009 Bavarian Motor Works 335I on Northbound near the intersection of Sun Valley Drive, in Roswell City, Fulton County, Georgia. Plaintiff, **COREY BENN** entered the roadway from the center lane and into his lane.

11.

At or about that same time, Defendant, **MONIKA STOYANOVA STAEVA**, was driving a 2021 Toyota Camry, traveling on Northbound near the intersection of Sun Valley Drive, in Roswell City, Fulton County, Georgia, when she entered the highway from the parking lot and then the center lane, she failed to yield to traffic colliding with the rear end of the Plaintiff's vehicle.

12.

At all relevant times, Defendant, **MONIKA STOYANOVA STAEVA**, owed certain civil duties to Plaintiff, **COREY BENN**, and, notwithstanding those duties, the Defendant violated them in the following particulars:

a.  In failing to make reasonable and proper observations while operating her commercial vehicle or, if reasonable and proper observations were made, failing to act thereon;

b.  In failing to make timely and proper application of his brakes in violation of

O.C.G.A. § 40-6-241;

c.  In failing to observe or undertake the necessary precautions to keep her commercial vehicle from causing the collision with Plaintiff's vehicle in violation of O.C.G.A § 40-6-390;

d.   In operating his commercial vehicle without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241, namely the Plaintiff herein;

e.   In operating her commercial vehicle in reckless disregard for the safety of persons and/orproperty in violation of O.C.G.A. § 40-6-390; and,

f.   In committing other negligent and reckless acts and omissions as may be shown bythe evidence and proven at trial.

13.

Defendant, **MONIKA STOYANOVA STAEVA's** violations of the aforementioned statutory duties of care constitute negligence and negligence *per se*.

14.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant, **MONIKA STOYANOVA STAEVA**, Plaintiff, **COREY BENN**, suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body, musculoskeletal and nervous system, personal inconvenience, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff, **COREY BENN's** medical treatment is ongoing and he has incurred past medical expenses.

15.

At all relevant times, Defendant, **MONIKA STOYANOVA STAEVA**, was an agent of Defendant, **FEDERAL BUREAU OF INVESTIGATION**, and was operating a 2021 Toyota Camry within the course and scope of her employment with Defendant, **FEDERAL BUREAU**

**OF INVESTIGATION**, at the time of the subject collision with Plaintiff's vehicle.

16.

Defendant, **FEDERAL BUREAU OF INVESTIGATION**, is liable for the acts and omissions of Defendant, **MONIKA STOYANOVA STAEVA**, as Defendant, **FEDERAL BUREAU OF INVESTIGATION's**, agent and/or employee at the time of the collision-in-suit, under the theory of respondeat superior.

17.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant, **FEDERAL BUREAU OF INVESTIGATION**, Plaintiff has suffered significant injuries, medical expenses and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering and loss of enjoyment of life due to the violence of the collision and injuries to Plaintiff's body, musculoskeletal and nervous system, plus an inability to lead a normal life. As a subject collision, Plaintiff's medical treatment is ongoing and Plaintiff has incurred past medical expenses.

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have and recover general damages from such Defendants, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of his injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants, special damages for past and future

medical expenses and loss of income in the past and future in such an amount as shall

be proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendants;

(g) For such other and further relief as this Court deems just and appropriate.

This __31st___ day of May, 2023.

**MORGAN & MORGAN, PA**

/s/ James Palmer _____
JAMES PALMER, Esq.
Georgia Bar No. 381099
Attorney for Plaintiff

Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, GA 30060
Phone: (770) 702-9067
Email: jtpalmer@forthepeople.com

STATE COURT OF
DEKALB COUNTY, GA.
5/31/2023 6:19 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **COREY BENN,**<br><br>        **Plaintiff,**<br>v.<br><br>**MONIKA STOYANOVA STAEVA,** and<br>**FEDERAL BUREAU OF**<br>**INVESTIGATION,**<br><br>        **Defendants.** | **CIVIL ACTION FILE NO:**<br>23A02409 |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT**
**FEDERAL BUREAU OF INVESTIGATION**

TO:    FEDERAL BUREAU OF INVESTIGATION

COMES NOW, Plaintiff COREY BENN, by and through his counsel of record, and requires Defendant, FEDERAL BUREAU OF INVESTIGATION, to answer under oath the following Requests for Admissions within 45 days from the date of service of these Requests, pursuant to O.C.G.A. § 9-11-36(a)(2).

Requests for admissions are not objectionable simply because they ask for opinions or conclusions of law as long as the legal conclusions relate to the facts of the case. Bass & Co. v. Fulton County Bd. of Tax Assessors, 268 Ga. 327, 486 S.E.2d 810 (1997).

**NOTE A:**    In reply to these Requests for Admission, your answer should specifically admit or deny the request, or set forth in detail the reasons why the request cannot be truthfully admitted or denied. Any denial shall fail to meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder. O.C.G.A. § 9-11-36(a)(2).

**NOTE B:**    As the answering party, you may not give lack of information or knowledge as a reason for failure to admit or deny unless reasonable effort has been made and the information known or readily obtainable and available to the Defendant is sufficient to enable the Defendant to admit or deny the matter. O.C.G.A. § 9-11-36(a)(2).

**NOTE C:**    If the Defendant considers that a matter requested presents a genuine issue for trial, this alone does not constitute grounds for an objection. Mixed questions of law and fact, opinions, and genuineness of documents are all legitimate subjects of Requests for Admission. O.C.G.A. § 9-11-36(a)(1)(2).

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

2. "**Subject incident**" means the collision between MONIKA STOYANOVA STAEVA, driver for FEDERAL BUREAU OF INVESTIGATION, and COREY BRENN which occurred on February 2, 2022, in Fulton County, Georgia.

### REQUEST FOR ADMISSIONS

1.

Please admit that Defendant, FEDERAL BUREAU OF INVESTIGATION, was properly served with the Summons and Complaint in the above-styled action.

2.

Please admit that you raise no defenses as to insufficiency of process or insufficiency of service in this action.

3.

Please admit that venue for the above-styled case is proper in the State Court of DeKalb County, Georgia.

4.

Please admit that the State Court of DeKalb County, Georgia has jurisdiction over Defendant, FEDERAL BUREAU OF INVESTIGATION, for the purpose of this lawsuit.

5.

Please admit that Defendant, MONIKA STOYANOVA STAEVA was an employee of Defendant, FEDERAL BUREAU OF INVESTIGATION, at the time of the subject collision.

6.

Please admit that Defendant, MONIKA STOYANOVA STAEVA, was operating the 2021 Toyota Camry at the time of the collision in the course and scope of his employment with FEDERAL BUREAU OF INVESTIGATION

7.

Please admit that Defendant, MONIKA STOYANOVA STAEVA, was driving the subject 2021 Toyota Camry within the course and scope of her agency relationship with Defendant, FEDERAL BUREAU OF INVESTIGATION, at the time of the collision-in-suit.

8.

Please admit that Defendant, FEDERAL BUREAU OF INVESTIGATION, is liable under the doctrine of respondeat superior for the negligent acts and omissions of Defendant, MONIKA STOYANOVA STAEVA, at the time of the subject collision.

9.

Please admit that Plaintiff's medical expenses for injuries received in the subject collision

are reasonable and customary.

This __31st__ day of May, 2023.

**MORGAN & MORGAN, PA**

/s/ James Palmer_____
JAMES PALMER, Esq.
Georgia Bar No. 381099
Attorney for Plaintiff

Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, GA 30060
Phone: (770) 702-9067
Email: jtpalmer@forthepeople.com

STATE COURT OF
DEKALB COUNTY, GA.
5/31/2023 6:19 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| COREY BENN,<br><br>        **Plaintiff,**<br><br>v.<br><br>**MONIKA STOYANOVA STAEVA, and FEDERAL BUREAU OF INVESTIGATION,**<br><br>      **Defendants.** | CIVIL ACTION FILE NO:<br>23A02409 |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT FEDERAL BUREAU OF INVESTIGATION

TO:    FEDERAL BUREAU OF INVESTIGATION

      Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) daysafter service hereof, in the form provided by law, the following interrogatories and request for production of documents.

      You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory tothe fullest extent possible.

      These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtainedhereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff withina reasonable time after discovery or receipt of such additional information, but in

no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced atthe offices of James Palmer, Esq., 1350 Church Street Extension, Suite 300, Marietta, Georgia 30060, within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.   <u>DEFINITIONS</u>

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every

copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative,association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons toanother person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the bestavailable approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an <u>individual,</u> shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employmentaddress (designating which), employment telephone number, and employment title or capacity.

(b)     a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the

plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## **INTERROGATORIES**

1.

Please identify the persons or entities who in any way owned and/or leased the subject motor vehicle referred to in the Complaint at the time of the incident involving the Plaintiff. If the ownership changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction orvenue over Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendants.

3.

Please state whether MONIKA STOYANOVA STAEVA was acting within the course and scope of his employment with Defendant, FEDERAL BUREAU OF INVESTIGATION, at the time of the incident at issue. If you claim she was not acting within the course and scope of her employment, please detail the basis of your denial.

4.

Please state the name and address of any potential party to this lawsuit, not already a partythereto, and state your claims and reasons for same.

5.

If the motor vehicle involved in the subject incident belongs to someone other than FEDERAL BUREAU OF INVESTIGATION, please explain the circumstances under which the

vehicle came into the possession of the operator, the purpose for which the vehicle was being used and its destination.

6.

If you have ever been a Defendant in a lawsuit involving personal injuries in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

7.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

8.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulations which you contend the Plaintiff violated with respect to the incident giving rise to this lawsuit.

9.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

10.

State the name, address and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

13.

Please identify with specificity any accident or incident involving personal injuries in which Defendant, MONIKA STOYANOVA STAEVA, has been involved, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiffs' first request for production of documents.)

15.

State the substance of each conversation you had with Plaintiff or any representative of Plaintiff at any time.

16.

For the date of the incident that is the subject of this lawsuit, state the times in which Defendant, MONIKA STOYANOVA STAEVA, went to work and the times she quit work on that date, and on each of the previous seven (7) days.

17.

Please state the point of origin, the destination, the reason for the trip, and at whose request Defendant, MONIKA STOYANOVA STAEVA, was driving the subject motor vehicle at the time of the incident described in Plaintiff's Complaint.

18.

If Defendant, MONIKA STOYANOVA STAEVA has ever been given a citation for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

19.

Please state the make, year, weight and model of the subject motor vehicle involved in the incident, and please identify the last date preceding the incident on which the tires were replaced or repaired on the vehicle, and please identify all mechanical repairs or services to the motor vehicle preceding the crash.

20.

Has Defendant, MONIKA STOYANOVA STAEVA ever had a driver's license suspended, canceled, revoked, or containing any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint?

21.

Please state the factual basis for each defense that you assert in this action.

22.

If you contend that the Plaintiff acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

23.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

24.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

25.

Please identify all policies and procedures in effect to supervise and regulate your drivers to determine their ability to safely operate and maintain motor vehicles, such as the vehicle driven by Defendant, MONIKA STOYANOVA STAEVA, forming the basis of Plaintiff's Complaint.

26.

Did you make a determination as to whether this incident was preventable by or chargeable to MONIKA STOYANOVA STAEVA? If so, please state your determination and the reasons therefore.

27.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same and the present location of such statement or report or any copy thereof.

28.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the

time of the event in question, as to each such item, state:

a)    what each such item purports to show, illustrate or represent;

b)    the date it was made or taken; and

c)    the names and address of the person having custody of such item.

29.

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address and telephone numbers of any person performing such test(s), experiment(s) or reconstruction(s), and provide a summary of any findings.

30.

Please state by whom Defendant MONIKA STOYANOVA STAEVA was given permission to operate the subject motor vehicle and on what date authorization was given.

31.

Detail each and every arrangement or agreement between Defendants MONIKA STOYANOVA STAEVA and FEDERAL BUREAU OF INVESTIGATION, or any other individual or entity under which MONIKA STOYANOVA STAEVA was performing services at the time of the subject incident.

32.

State the date and time of each and every inspection of the subject commercial vehicle prior to this incident. For each inspection, detail how the inspection was performed, identify who was present and the results of the inspection.

33.

Are you a motor common carrier for hire?

34.

Please state the names, addresses and job positions of all operations managers who were either working at the time of this incident or have knowledge of this incident.

35.

Please state whether you have attempted to surveil or observe Plaintiff at any time after the collision forming the basis of Plaintiff's Complaint, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

36.

Please provide the present location of the motor vehicle involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

37.

Please state whether Defendant, MONIKA STOYANOVA STAEVA, received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

38.

Please identify whether the subject motor vehicle driven by Defendant, MONIKA STOYANOVA STAEVA, was equipped with any monitoring or recording devices (i.e., a

"black box") at the time of the incident at issue, and if so, please identify all documents generated therefrom.

39.

Do you contend that Plaintiff's medical bills for the injuries sustained in the subject collision were not reasonable and customary in their current form?  If not, please explain.

This __31ˢᵗ____ day of May, 2023.

MORGAN & MORGAN, PA

/s/ James Palmer_____
JAMES PALMER, Esq.
Georgia Bar No. 381099
Attorney for Plaintiff

Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, GA 30060
Phone: (770) 702-9067
Email: jtpalmer@forthepeople.com

STATE COURT OF
DEKALB COUNTY, GA.
5/31/2023 6:19 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| COREY BENN,<br><br>           **Plaintiff,**<br>v.<br><br>**MONIKA STOYANOVA STAEVA, and**<br>**FEDERAL BUREAU OF**<br>**INVESTIGATION,**<br><br>        **Defendants.** | **CIVIL ACTION FILE NO:**<br>23A02409 |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT FEDERAL BUREAU OF INVESTIGATION

TO:    FEDERAL BUREAU OF INVESTIGATION

      Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) daysafter service hereof, in the form provided by law, the following Request for Production of Documents and Notice to Produce.

      You are required, when responding to these requests, interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf.

      You are requested to produce the following described documents for inspection and copying on behalf of the Defendant, this material to be produced to James Palmer, Esq., 1350 Church Street Extension, Suite 300, Marietta, Georgia 30060, Attorney for Plaintiff.

## DOCUMENTS TO BE PRODUCED

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendants and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence, including any coverage available to Defendant, FEDERAL BUREAU OF INVESTIGATION, (This request seeks each and every policy that may provide coverage in any amount.)

5.

Copies of any and all transcripts from any investigation, hearing or any judicial or

quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint.

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

The complete personnel file of MONIKA STOYANOVA STAEVA.

8.

Please produce MONIKA STOYANOVA STAEVA's driver qualification file.

9.

Please provide all maintenance and repair records on the commercial vehicle involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damage reports, daily vehicle condition report or inspection report, or any tangible evidence pertaining to the upkeep of the commercial vehicle involved in the occurrence which is the subject matter of this civil action.)

10.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your commercial vehicle or equipment at issue.

11.

Each document submitted by you, or received from the police, the Interstate Commerce Commission, Department of Transportation or any other State, Federal or municipal entity investigating this incident.

12.

All policies or procedures regarding the inspection and maintenance of your motor vehicle and any inspection records for the motor vehicle involved in thesubject incident.

13.

Any and all documents in any way pertaining to MONIKA STOYANOVA STAEVA reflecting or regarding her driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident and any other collisions involving MONIKA STOYANOVA STAEVA, her driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment.

14.

Any and all documents required to be maintained by DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to MONIKA STOYANOVA STAEVA or the motor vehicle at issue.

15.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendants' defenses.

16.

Copies of all company policies and procedures pertaining to the operation of motor

vehicles any policies and procedures that in anyway apply to, cover, or govern MONIKA STOYANOVA STAEVA's employment.

17.

Copies of all work orders, daily loads and/or work reports for February 2, 2022, as it relates to the driver, commercial vehicle, or trip which is the subject of this incident.

18.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving a FEDERAL BUREAU OF INVESTIGATION vehicle prior February 2, 2022.

19.

All documents that you receive in response to your Requests for Production of Documentsto nonparties.

20.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discoveryor supporting or relating to Plaintiff's or Defendants' contentions of negligence.

21.

Please produce all books, documents and/or other tangible things which prove, support, orconstitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

22.

Please produce the certificate of title, and/or other proof of ownership, and/or lease agreement for the motor vehicle involved in the wreck that is the subject matter of thiscivil action.

23.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon any Defendants.

24.

Copies of any and all reports, interoffice memoranda or other documents relating to matterswhich are the subject of this Complaint.

25.

Copies of any and all log books for MONIKA STOYANOVA STAEVA for the months of January 2022, February 2022 and March 2022.

26.

Copies of any and all documentary evidence which is relevant to any issue in this action or which might lead to the discovery of other admissible evidence.

27.

Please produce any and all documents intended to be used to argue that Plaintiff's medical bills are noted in Plaintiff's Interrogatory Number 39 are not reasonable and customary.

This __31st____ day of May, 2023.

                                        **MORGAN & MORGAN, PA**

                                        /s/ James Palmer_____
                                        JAMES PALMER, Esq.
                                        Georgia Bar No. 381099
                                        Attorney for Plaintiff

                                             STATE COURT OF
                                             DEKALB COUNTY, GA.
                                             5/31/2023 6:19 PM
                                             E-FILED
                                             BY: Monica Gay

Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, GA 30060
Phone: (770) 702-9067
Email: jtpalmer@forthepeople.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| COREY BENN,<br><br>                    **Plaintiff,**<br>**v.**<br><br>**MONIKA STOYANOVA STAEVA, and**<br>**FEDERAL BUREAU OF**<br>**INVESTIGATION,**<br><br>                    **Defendants.** | **CIVIL ACTION FILE NO:**<br>          23A02409 |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all Defendants in the foregoing matter with a copy of the following:

1. **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MONIKA STOYANOVA STAEVA;**

2. **PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MONIKA STOYANOVA STAEVA;**

3. **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT FEDERAL BUREAU OF INVESTIGATIONS;**

4. **PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FEDERAL BUREAU OF INVESTIGATIONS;**

1

STATE COURT OF
DEKALB COUNTY, GA.
5/31/2023 6:19 PM
E-FILED
BY: Monica Gay

5. **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO GEICO INSURANCE COMPANY;**

6. **COMPLAINT FOR DAMAGES;**

7. **SUMMONS**

This 31ST day of May, 2023.

/s/ *James Palmer*
James Palmer, Esq.
Georgia Bar Number 381099
Attorney for Plaintiff

Morgan & Morgan Atlanta, PLLC
1350 Church Street Extension, Suite 300
Marietta, GA 30060
Phone: (770) 702-9067
Email: jtpalmer@forthepeople.com

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of __DeKalb__ County

| For Clerk Use Only | |
|---|---|
| **Date Filed** 6/1/2023 | **Case Number** 23A02409 |
| MM-DD-YYYY | |

**Plaintiff(s)**

Benn, Corey

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Stoyanova Staeva, Monika

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Federal Bureau of Investigations

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** James Palmer    **Bar Number** 381099    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number    _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____

STATE COURT OF
DEKALB COUNTY, GA.
5/31/2023 6:19 PM
E-FILED
Version 1.1.85
BY: Monica Gay

## Case Information

23A02409 | Corey Benn VS Monika Stoyanova Staeva,Federal Bureau of Investigations

| Case Number | Court | Judicial Officer |
|---|---|---|
| 23A02409 | Division 7 | Alexander, Kimberly A |
| File Date | Case Type | Case Status |
| 05/31/2023 | Tort - Auto Accident | Open |

## Party

Plaintiff
Benn, Corey

Active Attorneys ▾

Lead Attorney
Palmer, James T
Retained

---

Defendant
Stoyanova Staeva, Monika

---

Defendant
Federal Bureau of Investigations

## Events and Hearings

05/31/2023 Complaint ▾

Comment
Complaint for Damages

05/31/2023 Request for Admissions ▾

Comment
Pltfs First RFAs to Def Monika Staeva

05/31/2023 Request ▼

Comment
Pltfs First ROGS to Def Monika Staeva

05/31/2023 Request for Productions of Documents ▼

Comment
Pltfs First RPDs to Def Monika Staeva

05/31/2023 Request for Admissions ▼

Comment
Pltfs First RFAs to Def FBI

05/31/2023 Request ▼

Comment
Pltfs First ROGs to Def FBI

05/31/2023 Request for Productions of Documents ▼

Comment
Pltfs First RPDs to Def FBI

05/31/2023 Request ▼

Comment
Pltfs Discovery to UM - Geico

05/31/2023 Summons ▼

Comment
Summons - Monika Staeva

05/31/2023 Summons ▼

Comment
Summons - FBI

05/31/2023 Summons ▼

Comment
Summons - Geico

05/31/2023 Rule 5.2 ▼

Comment
Rule 5.2 Serving Discovery

05/31/2023 General Civil Information Form ▾

Comment
Civil Case Filing Form

07/28/2023 Affidavit of Service ▾

Comment
Affidavit of Service - Geico (UM)

07/28/2023 Affidavit of Service ▾

Comment
Affidavit of Service - FBI

07/28/2023 Affidavit of Service ▾

Comment
Affidavit of Service - Monika Staeva

## Financial

Benn, Corey

| | | |
|---|---|---|
| Total Financial Assessment | | $242.00 |
| Total Payments and Credits | | $242.00 |

| | | | | |
|---|---|---|---|---|
| 6/1/2023 | Transaction Assessment | | | $242.00 |
| 6/1/2023 | eFile Payment | Receipt # 2023-40142 | Benn, Corey | ($242.00) |