# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| RONALD F. BRALY, JR. ) | |
| ) | |
| ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge: |
| ) | |
| ALEJANDRO MAYORKAS, in his official ) | |
| capacity, as Secretary of the U.S. Department of ) | |
| Homeland Security; ) | |
| ) | |
| UR M. JADDOU, in her official capacity, ) | |
| as Director of the U.S. Citizenship and Immigration ) | |
| Services; ) | |
| ) | |
| ROSEMARY LANGLEY MELVILLE, in her ) | |
| official capacity, as Director of the USCIS ) | |
| California Service Center ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR WRIT OF MANDAMUS AND
DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Ronald F. Braly, Jr. ("Plaintiff"), by and through his attorneys, The Law Offices of Precious Felder, LLC, brings this Complaint for Writ of Mandamus and Declaratory and Injunctive Relief against Defendants, Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security, Ur M. Jaddou, Director of the U.S. Citizenship and Immigration Services; and Rosemary Langley Melville, Director of the U.S. Citizenship and Immigration Services, California Service Center (collectively, "Defendants"), in their official capacities, and alleges and states as follows:

## **PREFATORY STATEMENT**

1. Plaintiff Ronald F. Braly, Jr. is a U.S. citizen.

2. This is a mandamus action to compel the Defendants and those acting under them to take appropriate action to forward Plaintiff's **APPROVED** Form I-130, Petition for Alien Relative to the National Visa Center for visa processing without further delay.

3. Plaintiff's application remains within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of Plaintiff.

4. On or about November 11, 2021, Plaintiff filed Form I-130, Petition for Alien Relative with the U.S. Citizenship & Immigration Services ("USCIS") for his wife Mary Amukowa, a Kenyan national.

5. On or about March 24, 2023, Plaintiff's Form I-130, Petition for Alien Relative was approved by USCIS.

6. Statutes, regulations, and agency guidance make clear that Defendants have a mandatory duty to promptly send the approved petition to the U.S. Department of State National Visa Center ("NVC") for visa processing.

7. Plaintiff fulfilled all requirements for his petition and an approval was already decided by the USCIS. Defendants have unreasonably delayed in sending the approved Form I-130 petition to the NVC, leaving Plaintiff and his family in a state of administrative uncertainty. The Defendants' delay in this case is unreasonable and without justification. Plaintiff seeks narrow but potentially life-changing relief: an order directing Defendants to

fulfill their mandatory duties to perform their obligations on sending Plaintiff's petition to the NVC.

8. The Court has further remedial authority under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 et seq.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff has exhausted all administrative remedies and there are no further administrative acts Plaintiff can take to obtain the benefits to which he is entitled. Furthermore, Plaintiff is owed a duty—the processing of a visa for his beneficiary owing to the approval of his petition. Defendants have unreasonably delayed and failed to forward the Plaintiff's petition for about 4 months. The Plaintiff has no other adequate remedy available for the harm he seeks to redress—the failure of USCIS to process his approved I-130 petition and forward the same to the NVC for further processing in a timely manner.

## PARTIES

10. Plaintiff Ronald F. Braly, Jr. is a U.S. citizen who is married to Mary Amukowa ("Ms. Amukowa"), a Kenyan national. The I-130, Petition for Alien Relative, filed by Plaintiff on behalf of his wife Ms. Amukowa was approved on March 24, 2023. Plaintiff resides in Smyrna, Georgia. His wife Ms. Amukowa currently resides in Kenya.

11. Defendant ALEJANDRO MAYORKAS is the Secretary of the U.S. Department of Homeland Security and is sued in his official capacity only. Defendant Mayorkas is charged with the administration of the United States Citizenship and Immigration Services (CIS) and

implementing the Immigration and Nationality Act. 8 CFR §2.1.

12. Defendant UR M. JADDOU is the Director of U.S. Citizenship and Immigration Services (USCIS) and is sued in her official capacity only. USCIS is the component of the Department of Homeland Security that is responsible for adjudicating Plaintiff's I-130 petition.

13. Defendant ROSEMARY LANGLEY MELVILLE is the Field Office Director of the USCIS California Service Center and is sued in her official capacity only. The California Service Center is charged with the administration of the Immigration and Nationality Act and the adjudication of petitions. Plaintiff's I-130 petition is currently pending at the California Service Center.

## JURISDICTION AND VENUE

14. This action is brought against the Defendants, and those acting under them, for refusing to comply with their federally mandated duties under the Immigration and Nationality Act of 1952 (INA), Pub. L. No. 82-414, 66 Stat. 163 (codified as amended at 8 U.S.C. §§ 1101 et seq.); title 8 of the Code of Federal Regulations; the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b), 701, et seq.; and for violations of the due process and equal protection clauses of the Fifth Amendment.

15. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question); and 1346(a)(2) (United States as defendant). This Court may grant relief pursuant to 5 U.S.C. §§ 702, 706 (judicial review of agency action); 28 U.S.C. § 1361 (the Mandamus Act); 28 U.S.C. § 1651 (the All Writs Act); and 28 U.S.C. §§ 2201-02 (the Declaratory Judgment Act).

16. Venue is proper under 28 U.S.C. § 1391(e), because this is an action against

officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred. Defendant Alejandro Mayorkas is sued in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), a United States federal agency and resident in this district. The Defendant Ur M. Jaddou is sued in her official capacity as Director of USCIS, a United States federal agency and resident in this district. Defendant Rosemary Langley Melville is sued in her official capacity as Director of the USCIS California Service Center, a United States federal agency. Because national policy concerning adjudication of applications for immigration benefits – including petitions for alien relatives – is formulated by the DHS and implemented by USCIS, venue is proper in this district.

## FACTS AND PROCEDURAL HISTORY

17. Plaintiff Ronald F. Braly, Jr. is a U.S. citizen residing in Smyrna, Georgia. He is married to Mary Amukowa, a Kenyan national who currently resides in Kenya. The couple got married on or around August 21, 2021.

18. On or about November 1, 2021, Plaintiff filed a Form I-130, Petition for Alien Relative for his wife. The application was pending at the USCIS California Service Center, for over a year. Ex. A, Form I-797C, Form I-130, Petition for Alien Relative Receipt Notice.

19. On or about March 24, 2023, the petition was approved. A courtesy copy of the approval notice was mailed to the Plaintiff. In the said copy, it was indicated that the beneficiary was going to apply for Adjustment of Status in the United States. Ex. B, Form I-797C, Form I-130, Petition for Alien Relative Approval Notice.

20. This is erroneous as the properly filed Form I-130 indicated in Page 8, Part 4,

Items 62.a to 62.c that the beneficiary is currently in Kenya and will go through visa processing in Nairobi, Kenya. Ex. C, Form I-130, Petition for Alien Relative.

21. Plaintiff has made numerous telephonic and congressional inquiries with USCIS over the past 4 months to inquire about the current status of his case, and to correct the error, as it should have been forwarded to NVC without any delays. His Form I-130, Petition for Alien Relative properly indicated that his wife is going through visa processing, not Adjustment of Status. Plaintiff should not have to take additional steps and file a Form I-824, Application for Action on an Approved Application or Petition and pay its additional fees as indicated in the incorrect approval notice just to have his approved case forwarded to NVC. However, to this day, neither the Plaintiff nor us have received the welcome letter from NVC to start the visa processing.

22. On or around April 12, 2023, Plaintiff sent an inquiry through the National Visa Center's Public Inquiry Form to ask whether the agency had already received the approved petition from USCIS. The Plaintiff received no response, prompting him to submit another inquiry on May 9, 2023—which to this day also remains unanswered. Ex. D. Public Inquiry Form Confirmations dated April 12, 2023 and May 9, 2023.

23. On or around April 27, 2023, Plaintiff reached out and sent an inquiry to Congressman David Scott regarding the missing welcome letter from the NVC. Ex. E, Congressional Inquiry of Plaintiff to Congressman David Scott's office.

24. On or around June 8, 2023, Plaintiff through his counsel Nkechi Jamine Gillman, Esq. sent a letter to USCIS, declaring the Plaintiff's intent to file a complaint for writ of mandamus absent a response within 30 days. To date, counsel has received no response from

USCIS. Plaintiff's approved petition for alien relative remains in limbo. Ex. F, Letter to USCIS demonstrating intent to file a complaint for writ of mandamus.

25. Plaintiff is eager to resolve his wife's immigration status and the lengthy delay by the Defendants in sending his approved petition to the NVC is of great concern to him. Plaintiff's ability to reunite his family whose well-being and sustenance depend on him has been negatively impacted by the Defendants' failure to perform their duties within a reasonable period. Plaintiff's wife's uncertain immigration status has interfered not only with her ability to avail quality healthcare during her post-pregnancy. This whole debacle has even affected the entire family as the separation puts a heavy toll on their finances. With the delays, Ms. Amukowa is unable to gain the personal stability she and her family deserve. This unresolved matter also affects the upbringing of Plaintiff's child with Ms. Amukowa as she is deprived of the benefits children in the United States can avail.

26. Defendant USCIS has unreasonably failed to send Plaintiff's approved petition for alien relative to NVC. As more than 4 months have elapsed since the petition was approved, Plaintiff requests that this Court instruct USCIS to release the case from hold and promptly send it to the NVC without further delay.

**LEGAL BACKGROUND**

27. Under 28 U.S.C. § 1361, the federal mandamus statute, this Court has "original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

28. "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant

7

has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir v. I.N.S.,* 301 F.3d 492, 499 (7th Cir. 2002)(internal citations omitted).

29. Mandamus relief is an "extraordinary remedy" to be employed only under the most "exceptional circumstances." *Will v. United States*, 389 U.S. 90, 95 (1967). In order to obtain it, petitioners must show that they "have no other adequate means to attain the relief [they] desire[ ]." *Cheney v. U.S. Dist. Ct. for D.C.,* 542 U.S. 367, 380 (2004) (internal quotation marks omitted). In addition, mandamus petitioners must demonstrate they will be irreparably harmed and have no adequate alternative means to secure relief save a mandamus. *Cheney,* 542 U.S. 367, 380–81. To grant a writ of mandamus, this court weighs three factors: (1) the petitioning party must satisfy the court that he has no other adequate means to attain the relief he desires; (2) his entitlement to the writ is clear and indisputable; and (3) the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *In re Kemp,* 894 F.3d 900, 905 (8th Cir. 2018) (internal quotation marks omitted).

## **AGENCY ACTION**

30. The Administrative Procedures Act ("APA") is the governing body of law for all federal agencies of the United States and requires that each agency proceed to conclude a matter presented to it "[w]ith due regard for the convenience and necessity of the parties or their representatives *and within a reasonable time*." 5 U.S.C. § 555(b) (emphasis added). Additionally, under the APA, if "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof…the United States may be named as a defendant in any such

action, and a judgment or decree may be entered against the United States." 5 U.S.C. § 702.

31. Also, under 5 U.S.C. § 706, a court may: (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be--(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law…" 5 U.S.C. § 706.

32. A writ of mandamus provides that district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361; *Heckler v. Ringer*, 466 U.S. 602, 617 (1984).

## CAUSE OF ACTION

33. Under 8 CFR §204.1(a)(1) and 8 CFR §204.2(a)(1), Plaintiff is entitled to petition for his immediate relatives as a U.S. citizen. On or around November 1, 2021, Plaintiff filed an accomplished Form I-130 with all the supporting documents as proof of bona fide marriage between him and Mary Amukowa. The same petition was approved only on or around March 24, 2023.

34. USCIS has provided no explanation to Plaintiff of the reason for the delay in sending the already approved case to the NVC. USCIS has not provided any indication to Plaintiff that USCIS has any reason to withhold the approved case. Under INA 201(b)(2)(A)(i), immediate relatives of U.S. citizens are not subject to the worldwide levels or numerical limitations of subsection (a), such is the case for Ms. Amukowa—the wife of a U.S. citizen.

Furthermore, the approved Form I-130, Petition for Alien Relative properly indicated that the beneficiary will go through consular processing not Adjustment of Status as the approval notice claimed.

35. Notwithstanding, Defendant USCIS has unreasonably delayed and refused to send Plaintiff's approved petition for 4 months, thereby depriving Plaintiff of the peace of mind and his beneficiary the relief to which they are entitled.

36. NVC is currently creating cases received from USCIS on June 8, 2023. The Plaintiff's Form I-130, Petition for Alien Relative was approved on or around March 24, 2023. We are currently at 4 months since the approval of Plaintiff's I-130 petition. Ex. G, NVC Timeframes as of July 17, 2023.

37. Plaintiff and his wife Mary Amukowa have one child together who was born in Kenya. The separation of Plaintiff from his wife and daughter forces him to embark on very expensive trips to Kenya periodically to be with them. The expenses are financially restricting both Plaintiff and his family.

38. The Defendants' inaction in the Plaintiff's case has caused inordinate and unfair amounts of stress, expense, and hassle for the Plaintiff and his family, who are entitled to a visa processing without further unreasonable delay.

**CLAIMS**

39. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002);

Citizens for Ethics and Responsibility in *Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that "'"the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"'") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987). Plaintiff clearly meets all three of these criteria.

40. Plaintiff has fully complied with all the statutory and regulatory requirements for petitioning for his wife, including submission of all necessary forms and supporting documents.

41. Defendant USCIS has unreasonably failed to send Plaintiff's approved petition to NVC for 4 months, thereby depriving Plaintiff of his rights under INA § 209, 8 U.S.C. § 1159. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

42. The Defendants owe Plaintiff a duty to send his approved petition for alien relative to NVC for visa processing, pursuant to the INA and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). Plaintiff has no alternative means and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an

action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); *Liberty Fund, Inc.*, 394 F. Supp. 2d at 114 (same).

43. The Court's intervention is also appropriate because the Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that 12 "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE's repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). Plaintiff has already waited more than 1 year for adjudication of his pending I-130 petition and another 4 months for USCIS to send his case to the NVC, well beyond the agency's own published processing timeframe for such applications. This is an unacceptable and unreasonable delay.

44. Plaintiff is entitled to action on his long-pending petition for alien relative because an unreasonable amount of time has passed since his application was approved. Defendants have failed to carry out the administrative functions delegated to them by law, to the ongoing harm and prejudice of Plaintiff.

45. Defendants delay is without justification and has forced Plaintiff to resort to this Court for relief, and Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

Wherefore, Plaintiff respectfully requests that this Honorable Court issue an order granting the following relief:

(a) Compelling Defendants, and those acting under them, to take appropriate

action to send Plaintiff's **APPROVED** I-130, Petition for Alien Relative without further delays to the NVC for visa processing;

(b)  Granting Plaintiff reasonable attorney's fees and costs of court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and 5 U.S.C. § 552 (a)(1)(E)(i); and

(c)  Granting such other relief as the Court may deem just, equitable, and proper.

Respectfully submitted,

By: /s/ Precious Felder Gates
Precious Felder Gates, Esq. (formerly Felder)
3355 Lenox Rd., Suite 410,
Atlanta, GA 30326
T: (404) 355-9400
pfelder@pf-lawllc.com
*Counsel for Plaintiff*

DATED: August 4, 2023

## CERTIFICATE OF SERVICE

I, Precious Felder Gates, hereby certify that I served a true and correct copy of the Complaint For Writ of Mandamus and Declaratory and Injunctive Relief upon the U.S. Attorney by mail delivery on July 4, 2023, at the following address:

U.S. Attorney's Office
Richard B. Russell Federal Building
75 Ted Turner Dr. SW, Suite 600
Atlanta, GA 30303-3309

And to the following parties via first class mail on July 4, 2023:

The Honorable Alejandro Mayorkas
Secretary of Homeland Security
2707 Martin Luther King, Jr. Avenue SE
Washington, DC 20528

The Honorable Ur M. Jaddou
Director of U.S. Citizenship and Immigration Services
5900 Capital Gateway Drive
Camp Springs, MD 20588

The Honorable Rosemary Langley Melville
Director of USCIS California Service Center
24000 Avila Rd
Laguna Niguel, CA 92677

                Respectfully submitted,

                By: /s/ Precious Felder Gates
                Precious Felder Gates, Esq. (formerly Felder)
                3355 Lenox Rd., Suite 410,
                Atlanta, GA 30326
                T: (404) 355-9400
                pfelder@pf-lawllc.com
                *Counsel for Plaintiff*