# Exhibit A

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-CUDZKURY-VFG
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-421**

JAN 31, 2023 01:41 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER   23-A-421

$198.00 COST PAID

Miller, Shirley

**PLAINTIFF**

VS.

Macy's Retail Holdings, LLC, DBA Macy's
Department Store
Cobb Place Associates L.P., DBA Town
Center at Cobb
ABC Corps. #1-3
John Does #1-3

**DEFENDANTS**

## SUMMONS

TO: MACY'S RETAIL HOLDINGS, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Cody Allen**
**Morgan & Morgan**
**Morgan & Morgan**
**408 12th Street, Suite 200**
**Columbus, Georgia 31901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of January, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-CUDZKURY-XDK
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-421**

JAN 31, 2023 01:41 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

SHIRLEY MILLER,

    Plaintiff,

v.

MACY'S RETAIL HOLDINGS, LLC
D/B/A MACY'S DEPARTMENT
STORE; COBB PLACE ASSOCIATES
L.P. d/b/a TOWN CENTER AT
COBB; ABC CORPS #1-3; AND JOHN
DOES #1-3,

    Defendants.

Civil Action File No.:

JURY TRIAL DEMAND

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff, SHIRLEY, and states her complaint against Defendants

MACY'S RETAIL HOLDINGS, LLC D/B/A MACY'S DEPARTMENT STORE; COBB

PLACE ASSOCIATES L.P. d/b/a TOWN CENTER AT COBB; ABC CORPS #1-3; AND

JOHN DOES #1-3 as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff, Shirley Miller is a citizen and resident of the State of Georgia.

2.

Defendant Macy's Retail Holdings, LLC d/b/a Macy's Department Store

(hereinafter "Macy's") is a Foreign Limited Liability Company registered to do business

within the State of Georgia. Defendant's registered agent, Corporate Creations Network



Inc., is located at 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia 30066, and may be served with process at this address.

3.

Defendant Cobb Place Associates, L.P. d/b/a Town Center at Cobb (hereinafter "Cobb") is a Foreign Limited Liability Company registered to do business within the State of Georgia. Defendant's registered agent, CT Corporation System, is located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805, and may be served with process at this address.

4.

Defendants ABC Corps #1-3 are unidentified business entities which are potential, third-party tortfeasors. Defendants ABC Corps #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff. If and when putative, entity Defendant ABC Corps #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and complaint to be properly served.

5.

Defendants John Does #1-3 are unidentified individuals who are potential, third-party tortfeasors. Defendant John Does #1-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff. If and

when putative, Defendants John Does #1-3 are identified, Plaintiff will timely amend her

pleading and case a Summons and Complaint to be properly served.

6.

On March 3, 2022 (the "date of incident"), Defendants **Macy's and Cobb** owned,

occupied, and/or operated a business on the property located at 400 Ernest W Barrett

Parkway NC, Kennesaw, Cobb County, Georgia 30144 (the "**Premises**").

7.

On March 3, 2022 (the "date of incident"), Defendant ABC Corp. 1 owned, occupied,

and/or operated a business on the property located at 400 Ernest W Barrett Parkway NC,

Kennesaw, Cobb County, Georgia 30144 (the "**Premises**").

8.

The incident described herein occurred on and within the premises located at 400

Ernest W Barrett Parkway NC, Kennesaw, Cobb County, Georgia 30144.

9.

Venue in the above-styled civil action is proper in this County and Court.

<u>FACTS AND NEGLIGENCE</u>

10.

Plaintiff reasserts and realleges the allegations contained in paragraphs 1-9 as if fully

set forth herein.

11.

On the date of incident, Plaintiff visited the Premises to **purchase items at the Macy's**

department store located in the Town Center at Cobb operated by Defendants.

- 3 -

12.

On or about March 3, 2022, Plaintiff was lawfully exiting the Premises, when the automatic doors malfunctioned and closed on her abruptly. The force of the impact from the door caused Ms. Sheppard to fall and be injured

13.

The malfunctioning automatic doors on the premises were an unsafe condition on the Premises.

14.

Plaintiff suffered bodily injuries as a direct and proximate result of the fall on the Premises on the date of incident.

15.

Plaintiff was an invitee on the Premises on the date of incident.

16.

Defendant owned, maintained, and/or operated the Premises on the date of incident.

17.

The malfunctioning automatic doors on the premises was caused or created by Defendant's employees or contractors.

18.

Defendant's negligence was the direct and proximate cause of Plaintiff's injuries resulting from her fall on the Premises on the date of incident.

19.

At all relevant times, Defendant owned, maintained, and/or managed the Premises and owed a legal duty under O.C.G.A. § 51-3-1 of reasonable care to invitees to inspect and keep the Premises in safe condition and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

20.

Defendant, by and through its employees and/or contractors, had actual knowledge of the hazardous condition presented by the condition of the malfunctioning automatic doors on the **Premises prior to Plaintiff's fall.**

21.

Defendants, by and through its employees and/or contractors, had constructive knowledge of the hazardous condition presented by the malfunctioning automatic doors on the **Premises prior to Plaintiff's fall.**

22.

At all relevant times, Plaintiff had no knowledge of the unsafe and dangerous condition on the Premises, and it was not readily discoverable by her in the exercise of reasonable care.

23.

At all relevant times, Plaintiff exercised reasonable care for her own safety.

24.

**As a direct and proximate result of Defendant's negligence, Plaintiff has sustained:**

a.  Serious injury as defined by the laws of the State of Georgia;

b.  General Damages, including, past, present and future mental and physical pain and suffering, disruption of normal life and diminution in the enjoyment of life;

c.  Past medical expenses in excess of $109,587.66; and

d.  Other past, present and future medical expenses and special damages to be presented at the trial of this case.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

a.  That process and summons issue and served upon the Defendant according to law;

b.  That Plaintiff be awarded general damages against the Defendant in an amount to be determined by the enlightened conscience of a fair and impartial jury;

c.  That the Plaintiff be awarded special damages against the Defendants in an amount to be proven at trial, and other damages as shown at the trial of this case;

d.  That this case be tried before a jury of twelve; and

e.  That the Plaintiff have other further relief as this Court deems appropriate.

(signature on following page)

Respectfully submitted this 31st day of January, 2023.

MORGAN & MORGAN ATLANTA, PLLC

408 12th Street, Suite 200
Columbus, Georgia 31901
T: (762) 240-9459
callen@forthepeople.com
awhitfield@forthepeople.com

Cody M. Allen
Georgia Bar No.: 998818
Allison Whitfield
Georgia Bar No.: 356119

*Attorneys for Plaintiff*

ID# E-AYU2Y4G2-TUB
✎ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**23-A-421**

**AFFIDAVIT OF SERVICE**

FEB 08, 2023 04:39 PM

| Case: 23A 421 | Court: State Court of Cobb County | County: Cobb, GA | Job: 8326885 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Shirley Miller | | **Defendant / Respondent:** Macy's Retail Holdings, LLC dba Macy's Department Store; Cobb Place Associates L.P. dba Town Center at Cobb; ABC Corps #1-3; and John Does #1-3 | |
| **Received by:** Parks Harris | | **For:** Morgan & Morgan | |
| **To be served upon:** Cobb Place Associates L.P. dba Town Center at Cobb | | | |

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

I, Parks Harris, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Linda Banks, as authorized Agent/CT Corporation Systems, Inc.: 289 S Culver St, Lawrenceville, GA 30046

**Manner of Service:**  Registered Agent, Feb 2, 2023, 2:38 pm EST

**Documents:**  Summons; Complaint; Plaintiff's First Continuing Interrogatories to Defendant; Plaintiff's First Request for the Production of Documents to Defendants

**Additional Comments:**
1) Successful Attempt: Feb 2, 2023, 2:38 pm EST at CT Corporation Systems, Inc.: 289 S Culver St, Lawrenceville, GA 30046 received by Linda Banks, as authorized Agent . Age: 60-65; Ethnicity: Caucasian; Gender: Female; Weight: 130; Height: 5'4"; Hair: Gray

**Fees:**   $85.00

_____         2/4/23
Parks Harris                              Date

_Subscribed and sworn to before me by the affiant who is personally known to me._

_____
**Notary Public**

_____
**Date**          **Commission Expires**

Dena Bennett
Notary Public

FEB 04 2023

Clayton County, Georgia
Commission Expires
March 18, 2026



IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

PARKS WAYNE HARRIS,

Petitioner.

## ORDER

The Petition for Appointment of PARKS WAYNE HARRIS, for Permanent Process

Server having been read and considered, and the Applicant's background having been reviewed by

the Superior Court of Cobb County and the applicant having been appointed pursuant to O.C.G.A.

9-11-4 .C,

IT IS HEREBY ORDERED: That PARKS WAYNE HARRIS shall be, and hereby is appointed process

server for matters pertaining to this Court, through ~~January 15, 2024,~~ subject to revocation for good cause

shown.                                                                     December 31, 2023

A copy of this Order must be attached to any Return of Service to be filed.

This _12th_ day of _____ January _____ , 2023.

_____ es, Presiding

Judge, Cobb State Court

ID# E-AYU2Y4G2-VVN
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
23-A-421

FEB 08, 2023 04:39 PM

Robin C. Bishop
Cobb, Clerk of State Court
Cobb County, Georgia

## AFFIDAVIT OF SERVICE

| Case: 23A 421 | Court: State Court of Cobb County | County: Cobb, GA | Job: 8326927 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Shirley Miller | | **Defendant / Respondent:** Macy's Retail Holdings, LLC dba Macy's Department Store; Cobb Place Associates L.P. dba Town Center at Cobb; ABC Corps #1-3; and John Does #1-3 | |
| **Received by:** Mike Chastain | | **For:** Morgan & Morgan | |
| **To be served upon:** Macy's Retail Holdings, LLC dba Macy's Department Store | | | |

I, Mike Chastain, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| **Recipient Name / Address:** | Dale Stepancik, as authorized Agent/Corporate Creations Network, Inc. |
|---|---|
| | 2985 Gordy Pkwy 1st Floor, Marietta, GA 30066 |
| **Manner of Service:** | Registered Agent, Feb 3, 2023, 12:45 pm EST |
| **Documents:** | Summons; Complaint; Plaintiff's First Continuing Interrogatories to Defendant; Plaintiff's First Request for the Production of Documents to Defendants |

**Additional Comments:**
1) Successful Attempt: Feb 3, 2023, 12:45 pm EST at Corporate Creations Network, Inc.: 2985 Gordy Pkwy 1st Floor, Marietta, GA 30066 received by Dale Stepancik, as authorized Agent. Age: 55; Ethnicity: Caucasian; Gender: Male; Weight: 185; Height: 5'7"; Hair: Brown

**Fees:** $85.00

_____ 2/6/23

Mike Chastain                    Date
CPS128

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

_____
Date          Commission Expires

Parks Harris
Notary Public

FEB 06 2023

Newton County, Georgia
Commission Expires
March 21, 2026



IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MICHAEL ALAN CHASTAIN,

Petitioner.

## ORDER

The Petition for Appointment of MICHAEL ALAN CHASTAIN, for Permanent Process
Server having been read and considered, and the Applicant's background having been reviewed by
the Superior Court of Cobb County and the applicant having been appointed pursuant to O.C.G.A.
9-11-4 .C,

IT IS HEREBY ORDERED: That MICHAEL ALAN CHASTAIN shall be, and hereby is appointed
process server for matters pertaining to this Court, through ~~January 15, 2024,~~ subject to revocation for good
cause shown. December 31, 2023

A copy of this Order must be attached to any Return of Service to be filed.

This ___P___ day of _____, 2023.

_____, Presiding
Judge, Cobb State Court

ID# E-4WG23N3P-GT5
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-421**

**MAR 03, 2023 11:52 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

SHIRLEY MILLER,

    Plaintiff,

v.                                              Civil Action File No: 23-A-421

MACY'S RETAIL HOLDINGS, LLC D/B/A
MACY'S DEPARTMENT STORE; COBB
PLACE ASSOCIATES L.P. d/b/a TOWN
CENTER AT COBB; ABC CORPS #1-3;
AND JOHN DOES #1-3,

    Defendants.

## **DEFENSES AND ANSWER OF MACY'S RETAIL HOLDINGS, LLC**

COMES NOW MACY'S RETAIL HOLDINGS, LLC, (hereinafter this "Defendant"),

Defendant in the above-styled civil action, and responds with these Defenses and Answer to

Plaintiff's Complaint and Demand for Trial by Jury as follows:

### **FIRST DEFENSE**

This Defendant breached no duty of care to Plaintiff.

### **SECOND DEFENSE**

No alleged breach of any duty by this Defendant was the proximate cause of Plaintiff's

alleged damages.

### **THIRD DEFENSE**

Pending further investigation and discovery, and in order to preserve this defense, this

Defendant raises defenses based on Plaintiff's own contributory and/or comparative negligence.

### **FOURTH DEFENSE**

Defendant shows that Plaintiff has a duty to mitigate any alleged damages.



## FIFTH DEFENSE

This Defendant responds to the numbered paragraphs of Plaintiff's Complaint as follows

1.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

2.

Paragraph 2 of Plaintiff's Complaint is admitted.

3.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

4.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

5.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

6.

Answering Paragraph 6 of Plaintiff's Complaint, this Defendant admits that it owned that portion of the premises located at 400 Ernest W. Barrett Parkway in which the Macy's store was located.  The remaining allegations in Paragraph 10 of Plaintiff's Complaint are denied.

7.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

8.

Answering Paragraph 8 of Plaintiff's Complaint, this Defendant denies that the incident occurred as described in Plaintiff's Complaint.  The remaining allegations in Paragraph 8 of Plaintiff's Complaint are admitted.

9.

Paragraph 9 of Plaintiff's Complaint is admitted as to this Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

10.

This Defendant incorporates by reference its answers to Paragraphs 1 through 9 of Plaintiff's Complaint as if fully set forth herein.

11.

Answering Paragraph 11 of Plaintiff's Complaint, this Defendant admits that Plaintiff was on the premises. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

12.

Answering Paragraph 12 of Plaintiff's Complaint, this Defendant admits that Plaintiff fell when an automatic door closed as she was walking through the exit. Any remaining allegations in Paragraph 10 of Plaintiff's Complaint are denied.

13.

Paragraph 13 of Plaintiff's Complaint is denied.

14.

Answering Paragraph 14 of Plaintiff's Complaint, this Defendant denies it was negligent and denies all liability. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

15.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

16.

Answering Paragraph 16 of Plaintiff's Complaint, this Defendant admits that it owned and operated that portion of the premises in which its store was located.  The remaining allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.

Paragraph 17 of Plaintiff's Complaint is denied.

18.

Paragraph 18 of Plaintiff's Complaint is denied.

- 4 -

19.

Answering Paragraph 19 of Plaintiff's Complaint, this Defendant admits that it owned and operated that portion of the premises in which its store was located.  Defendant admits owing only those duties as prescribed by applicable law and denies any allegations inconsistent therewith.

20.

Paragraph 20 of Plaintiff's Complaint is denied.

21.

Paragraph 21 of Plaintiff's Complaint is denied.

22.

Answering Paragraph 22 of Plaintiff's Complaint, this Defendant denies the existence of an unsafe and dangerous condition on the premises. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

23.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore can neither admit nor deny the same.

24.

Answering Paragraph 24 of Plaintiff's Complaint, including all subparts, this Defendant denies it was negligent and denies all liability. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 24

of Plaintiff's Complaint, including all subparts, and therefore can neither admit nor deny the same.

25.

Any allegations of the Complaint not heretofore responded to are denied.

WHEREFORE, having fully answered, this Defendant prays for judgment in its favor.

**THIS DEFENDANT DEMANDS TRIAL BY TWELVE PERSON JURY ON ANY ISSUES THAT REQUIRE JURY DETERMINATION.**

Respectfully submitted this 3rd day of March, 2023.

DREW ECKL & FARNHAM, LLP

*/s/Lisa R. Richardson*
Lisa R. Richardson
**Georgia Bar No. 604074**

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com
**Attorneys for Defendant Macy's Retail Holdings, LLC**

13324373v1
07613-253959

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

SHIRLEY MILLER,

     Plaintiff,

v.

MACY'S RETAIL HOLDINGS, LLC D/B/A
MACY'S DEPARTMENT STORE; COBB
PLACE ASSOCIATES L.P. d/b/a TOWN
CENTER AT COBB; ABC CORPS #1-3;
AND JOHN DOES #1-3,

     Defendants.

Civil Action File No: 23-A-421

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am counsel for Defendant Macy's Retail Holdings, LLC,

and that I have this day served a copy of the forgoing *Defenses and Answer of Macy's Retail*

*Holdings, LLC* upon all parties to this matter by filing with the Court's Odyssey eFileGA system,

which will automatically deliver electronic notification to the following counsel of record:

     Cody M. Allen
     Allison Whitfield
     Morgan & Morgan Atlanta, PLLC
     408 12th Street, Suite 200
     Columbus, GA 31901

This 3rd day of March, 2023.

     /s/Lisa R. Richardson
     Lisa R. Richardson
     **Georgia Bar No. 604074**

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com
**Attorneys for Defendant Macy's Retail Holdings, LLC**

13324373v1
07613-253959

ID# E-84XNRGBN-KL3

E-FILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-421

JUL 07, 2023 01:46 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHIRLEY MILLER,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE NO.:** |
| | : | |
| **v.** | : | **23-A-421** |
| | : | |
| **MACY'S RETAIL HOLDINGS, LLC.,** | : | |
| **d/b/a MACY's DEPARTMENT STORE;** | : | |
| **ABC CORPS #1-3; and JOHN DOES #1-3** | : | |
| **Defendants.** | : | |

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

COMES NOW, **SHIRLEY MILLER**, Plaintiff in the above-styled action and files *this Certificate*

*of Service of Discovery* in compliance with Uniform Superior Court Rule 5.2, as follows:

1.  Plaintiff's Responses to Defendant Macy's Retail Holdings, LLC's First Interrogatories to
    Plaintiff; and

2.  Plaintiff's Responses to Defendant Macy's Retail Holdings, LLC's First Request of Production
    of Documents to Plaintiff;

via electronic filing through PeachCourt and by depositing a copy of the same in the United States Mail in

an envelope with adequate postage affixed thereon and addressed as follows:

Lisa R. Richardson, Esq.
richardsonl@deflaw.com
Taylor Alig, Esq.
aligt@deflaw.com
Drew Eckl & Farnham, LLP
303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308

Respectfully submitted this 7th day of July, 2023.

Virginia C. Josey
Ga. Bar No. 261459

P.O. Box 26385
Macon, Georgia 31221
(706) 332-9548 – Telephone
(478) 294-1913 – Facsimile
vcj@virginiajoseylaw.com



ID# 2023-3VJQHW-SLW
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-421**

**JUL 05, 2023 02:36 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

SHIRLEY MILLER,
    Plaintiff,

    v.

MACY'S RETAIL HOLDINGS, LLC.,
d/b/a MACY's DEPARTMENT STORE;
COBB PLACE ASSOCIATES, L.P. d/b/a
TOWN CENTER AT COBB; ABC CORPS
#1-3; AND JOHN DOES #1-3
    Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

**CIVIL ACTION FILE NO.:**

**23-A-421 – 7**

### ORDER OF DISMISSAL WITH PREJUDICE
### DEFENDANT COBB PLACE ASSOCIATES L.P. d/b/a TOWN CENTER AT COBB

It appearing that pursuant to O.C.G.A. § 9-11-21, Plaintiff has moved this Honorable Court to enter an Order dismissing with prejudice Defendant Cobb Place Associates, L.P. d/b/a Town Center at Cobb as a Defendant in the above-styled action. It further appearing that Plaintiff continues to assert claims for alleged negligent acts and omissions of Defendants Macy's Retail Holdings, LLC d/b/a Macy's Department Store, ABC Corps #1-3, and John Does #1-3. Therefore, Defendants Macy's Retail Holdings, LLC d/b/a Macy's Department Store, ABC Corps #1-3, and John Does #1-3, shall remain party Defendants in this action. The Defendants consent to Plaintiff's Motion.

**IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED** and there being no opposition to Plaintiff's Motion by any party in this action and for good cause shown, Plaintiff's Motion to Dismiss with Prejudice Defendant Cobb Place Associates, L.P. d/b/a Town Center at Cobb is herewith **GRANTED** and their names are struck from the caption as a party Defendant, going *als* brouward.

This **5th** day of ___July___, 2023

_____
Judge Carl W. Bowers
Cobb County State Court

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and accurate copy of the within and foregoing as follows:

## ORDER

(Through PeachCourt and/or via regular U.S. Mail) to the following:

Adair, Jennifer C - jadair@fmglaw.com

Allen, Cody - callen@forthepeople.com

Josey, Virginia - vcj@virginiajoseylaw.com

Miller, Aaron - amiller@fmglaw.com

Richardson, Lisa - lrichardson@deflaw.com

This ___5th___ day of ___July___, 2023.

/s/ Beth Parker
BETH PARKER
Judicial Administrative Specialist
Judge Carl W. Bowers
Cobb Co. State Court – Cobb Judicial Circuit

ID# E-SL4UCJZP-TSJ
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-421**

**JUN 20, 2023 03:26 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHIRLEY MILLER,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE NO.:** |
| | : | |
| **v.** | : | **23-A-421** |
| | : | |
| **MACY'S RETAIL HOLDINGS, LLC.,** | : | |
| **d/b/a MACY's DEPARTMENT STORE;** | : | |
| **COBB PLACE ASSOCIATES, L.P. d/b/a** | : | |
| **TOWN CENTER AT COBB; ABC CORPS** | : | |
| **#1-3; AND JOHN DOES #1-3** | : | |
| **Defendant.** | : | |

### PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE
### DEFENDANT COBB PLACE ASSOCIATES L.P. d/b/a TOWN CENTER AT COBB

Pursuant to O.C.G.A. § 9-11-21, Plaintiff moves this Honorable Court to dismiss with prejudice Defendant Cobb Place Associates, L.P. d/b/a Town Center at Cobb, from this action. In support of this Motion, Plaintiff shows as follows:

1.

Plaintiff filed her Complaint on January 31, 2023.

2.

Plaintiff moves the Court to dismiss with prejudice Defendant Cobb Place Associates, L.P. d/b/a Town Center at Cobb. This Defendant no longer owned the premises at the time of this incident and therefore should be dismissed and stricken from this action.

3.

Plaintiff will continue to assert claims against Defendants Macy's Retail Holdings, LLC d/b/a Macy's Department Store, ABC Corps #1-3, and John Does #1-3, for their alleged negligent acts and omissions and shall remain party Defendants in this action.



4.

Under O.C.G.A. § 9-11-21, the dismissal of less than all parties to a pending action must be accomplished by an Order of the Court and on such terms as are just.

5.

Counsel for Defendant Cobb Place Associates, L.P. d/b/a Town Center at Cobb, does not oppose this Motion.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court inquire into this Motion and an Order be granted dismissing with prejudice Defendant Cobb Place Associates, L.P. d/b/a Town Center at Cobb from this action. Plaintiff and Defendant Cobb Place Associates, L.P. d/b/a Town Center at Cobb shall each bear their own attorney's fees and cost associated therewith.

This 20th day of June, 2023.

Respectfully submitted,

/s/ Virginia C. Josey
Virginia C. Josey
Georgia Bar No.: 261459
Virginia Josey Law
P.O. Box 26385
Macon, Georgia 31221-6385
(478) 254-1023
vcj@virginiajoseylaw.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served all Opposing Counsel with a true and correct copy of the within and foregoing *Motion to Dismiss with Prejudice Defendant Cobb Place Associates, L.P. d/b/a Town Center at Cobb* via electronic mail and via PeachCourt to parties listed below:

|  |  |
|---|---|
| Lisa R. Richardson, Esq. | Jennifer C. Adair, Esq. |
| richardsonl@deflaw.com | jadair@fmglaw.com |
| Taylor Alig, Esq. | Aaron P. Miller, Esq. |
| aligt@deflaw.com | amiller@fmglaw.com |
| | |
| Drew Eckl & Farnham, LLP | Freeman Mathis & Gary, LLP |
| 303 Peachtree Street, NE | 100 Galleria Parkway |
| Suite 3500 | Suite 1600 |
| Atlanta, Georgia 30308 | Atlanta, Georgia 30339-5948 |

This 20th day of June, 2023.

/s/ Virginia C. Josey
Virginia C. Josey
Georgia Bar No.: 261459
*Attorney for Plaintiff*

ID# EFM4FHJFW-2RJ
✦ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-421**

**MAY 23, 2023 02:12 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **SHIRLEY MILLER,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **FILE NO.** |
| | : | |
| **MACY'S RETAIL HOLDINGS, LLC** | : | |
| **D/B/A MACY's DEPARTMENT STORE** | : | |
| **COBB PLACE ASSOCIATES L.P. D/B/A** | : | |
| **TOWN CENTER AT COBB; ABC CORPS** | : | |
| **#1-3; AND JOHN DOES #1-3** | : | **23-A-421** |
| | : | |
| **Defendant.** | : | |

## <u>CONSENT MOTION FOR SUBSTITUTION OF COUNSEL</u>

COMES NOW Shirley Miller,  Plaintiff in the above-captioned matter and would show the

Court as follows: The Plaintiff wishes to substitute counsel Cody M. Allen and Allison Whitfield

of Morgan and Morgan, P.C., who currently represent Plaintiff as Attorneys of Record. By

agreement, the below signed Attorneys wish to withdraw, and Plaintiff wishes to substitute Virginia

C. Josey as Attorney of Record for Shirley Miller.

WHEREFORE, Plaintiff prays that the Court allow the Substitution of Counsel, as set forth

herein.

VIRGINIA JOSEY LAW

*/s/ Virginia C. Josey.*
Virginia C. Josey
Ga. Bar No. 261459
P.O. Box 26385
Macon, Georgia 31221
(706) 332-9548 – Telephone
vcj@virginiajoseylaw.com

*Substituting Counsel for Plaintiff*



WE CONSENT:

MORGAN & MORGAN, P.C.

*/s/ Cody M. Allen*
Cody M. Allen
Ga Bar No. 998818
Allison Whitfield
Ga Bar No. 356119
408 12 th Street, Suite 200
Columbus, Georgia 31901
(762) 240-9459 – Telephone
callen@forthepeople.com
awhitfield@forthepeople.com

*Withdrawing Counsel for Plaintiff*

ID# E-CDSFU52Y-4FR
♣ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-421**

APR 03, 2023 02:05 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHIRLEY MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 23-A-421 |
| v. | ) | |
| | ) | |
| MACY'S RETAIL HOLDINGS, LLC D/B/A | ) | |
| MACY'S DEPARTMENT STORE; COBB | ) | |
| PLACE ASSOCIATES L.P. D/B/A TOWN | ) | |
| CENTER AT COBB; ABC CORPS #1-3; | ) | |
| AND JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS</u>

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify that I have this day

served the following documents:

1. DEFENDANT COBB PLACE ASSOCIATES L.P. D/B/A TOWN CENTER AT
   COBB'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO
   PLAINTIFF SHIRLEY MILLER; and

2. DEFENDANT COBB PLACE ASSOCIATES L.P. D/B/A TOWN CENTER AT
   COBB'S FIRST INTERROGATORIES TO PLAINTIFF SHIRLEY MILLER

via statutory electronic service to counsel of record:

Cody M. Allen
Allison Whitfield
Moran & Morgan Atlanta, PLLC
408 12th Street, Suite 200
Columbus, Georgia 31901

Lisa R. Richardson
Drew Eckl & Farnham, LLP
303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308



I further certify that I have this date electronically filed this RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS with the Clerk of the Court using the *PeachCourt* system which will automatically send e-mail notification of such filing to the following attorneys of record:

Cody M. Allen
Allison Whitfield
Moran & Morgan Atlanta, PLLC
408 12th Street, Suite 200
Columbus, Georgia 31901

Lisa R. Richardson
Drew Eckl & Farnham, LLP
303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308

This 3rd day of April, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
jadair@fmglaw.com

*/s/ Aaron P. Miller*
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendant Cobb Place Associates
L.P., d/b/a Town Center at Cobb*

100 Galleria Parkway - Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

ID# E8DSFU52Y-BWF
🔒 **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-421**

APR 03, 2023 02:05 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHIRLEY MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 23-A-421 |
| v. | ) | |
| | ) | |
| MACY'S RETAIL HOLDINGS, LLC D/B/A | ) | |
| MACY'S DEPARTMENT STORE; COBB | ) | |
| PLACE ASSOCIATES L.P. D/B/A TOWN | ) | |
| CENTER AT COBB; ABC CORPS #1-3; | ) | |
| AND JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT COBB PLACE ASSOCIATES L.P. D/B/A TOWN CENTER AT COBB

COMES NOW defendant Cobb Place Associates, L.P., d/b/a Town Center at Cobb ("defendant Cobb Place") and pursuant to O.C.G.A 9-11-12, submit this, its answer and defenses to the Complaint and Demand for Trial by Jury of plaintiff Shirley Miller ("plaintiff") showing as follows:

## FIRST DEFENSE

Plaintiff's injuries, if any, were caused solely and proximately by the negligence of the plaintiff, whose negligence was equal to or greater than any negligence chargeable to defendant Cobb Place. Accordingly, plaintiff's recovery is barred or should be reduced by the proportion of plaintiff's own negligence proximately causing plaintiff's own injuries and damages, if any. Defendant Cobb Place specifically denies that it has been negligent in any respect as it did not own, operate, manage, nor have any control over the premises were the incident allegedly occurred.

- 1 -



## SECOND DEFENSE

Plaintiff's injuries, if any, were caused solely and proximately by the acts or omissions of third persons. Such acts and omissions themselves constitute the sole proximate cause of Plaintiff's injuries and further served to break the chain of causation between plaintiff's injuries and any negligence of which defendant Cobb Place may have been guilty. Defendant Cobb Place specifically denies that it has been negligent in any respect as it did not own, operate, manage, nor have any control over the premises were the incident allegedly occurred.

## THIRD DEFENSE

Defendant Cobb Place denies that any act or omissions by defendant Cobb Place was the proximate cause of any injuries alleged by the plaintiff. Defendant Cobb Place specifically denies that it has been negligent in any respect as it did not own, operate, manage, nor have any control over the premises were the incident allegedly occurred.

## FOURTH DEFENSE

Upon information and belief, the perils and dangers existing at the time of plaintiff's actions, if any, were open, obvious, and known to the plaintiff, who nevertheless conducted herself in such a manner so as to expose herself to any and all perils and dangers, and, by doing so, plaintiff voluntarily assumed all risks pertaining thereto. Accordingly, plaintiff's claims are barred, in whole or in part, by principles of assumption of risk and informed consent.

## FIFTH DEFENSE

By the exercise of ordinary care, plaintiff could have avoided the incident complained of, and on account thereof, plaintiff is barred from any recovery against defendant Cobb Place.

## SIXTH DEFENSE

Plaintiff has failed to itemize her special damages as is required by O.C.G.A. 9-11-9.

## SEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against defendant Cobb Place.

## EIGHTH DEFENSE

Defendant Cobb Place did not owe any legal duty to plaintiff nor breach any legal duty to plaintiff.

## NINTH DEFENSE

Defendant Cobb Place asserts and pleads any and all affirmative defenses provided under O.C.G.A. 9-11-8 (c) and O.C.G.A. 9-11-12 (b) and (h).

## TENTH DEFENSE

Defendant Cobb Place did not own, operate, manage, nor have any control over the location where the alleged incident occurred, and as such, is not a proper party to this action.

## ELEVENTH DEFENSE

The premises where the incident allegedly occurred was transferred via deed to a non-party prior to the date of the alleged incident, and as such, defendant Cobb Place had no connection to the premises on the date of the alleged incident.

## TWELFTH DEFENSE

Further answering the numbered paragraphs of plaintiff's Complaint, defendant Cobb Place answer as follows:

## <u>RESPONSE TO PARTIES, JURISDICTION AND VENUE</u>

1.

Defendant Cobb Place is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of plaintiff's Complaint and therefore puts plaintiff on notice of strict proof of same.

2.

Defendant Cobb Place is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of plaintiff's Complaint and therefore puts plaintiff on notice of strict proof of same.

3.

Defendant Cobb Place denies the allegations in paragraph 3 alleging that defendant is a limited liability company.  Defendant Cobb Place admits the remaining allegations contained in paragraph 3 of plaintiff's complaint.

4.

Defendant Cobb Place is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of plaintiff's Complaint and therefore puts plaintiff on notice of strict proof of same.

5.

Defendant Cobb Place is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of plaintiff's Complaint and therefore puts plaintiff on notice of strict proof of same.

6.

Defendant Cobb Place denies the allegations contained in paragraph 6 of plaintiff's complaint.

7.

Defendant Cobb Place is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of plaintiff's Complaint and therefore puts plaintiff on notice of strict proof of same.

8.

Defendant Cobb Place is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of plaintiff's Complaint and therefore puts plaintiff on notice of strict proof of same.

9.

Defendant Cobb Place admits the allegations contained in paragraph 9 of plaintiff's complaint.

## RESPONSE TO FACTS AND NEGLIGENCE

10.

Defendant Cobb Place incorporates its answers to Paragraphs 1-9 above by reference as if set forth fully herein.

11.

Defendant Cobb Place is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of plaintiff's Complaint regarding plaintiff's purpose for visiting the premises and therefore puts plaintiff on notice of strict proof of same.  Defendant Cobb Place denies the premises was operated by defendant Cobb Place.

12.

Defendant Cobb Place is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of plaintiff's Complaint and therefore puts plaintiff on notice of strict proof of same.

13.

Defendant Cobb Place is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of plaintiff's Complaint and therefore puts plaintiff on notice of strict proof of same.

14.

Defendant Cobb Place is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of plaintiff's Complaint and therefore puts plaintiff on notice of strict proof of same.

15.

Defendant Cobb Place denies plaintiff was its invitee. Defendant Cobb Place is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of plaintiff's Complaint and therefore puts plaintiff on notice of strict proof of same.

16.

Defendant Cobb Place denies the allegations contained in paragraph 16 of plaintiff's Complaint.

17.

Defendant Cobb Place denies the allegations contained in paragraph 17 of plaintiff's Complaint.

18.

Defendant Cobb Place denies the allegations contained in paragraph 18 of plaintiff's Complaint.

19.

Defendant Cobb Place denies the allegations contained in paragraph 19 of plaintiff's Complaint.

20.

Defendant Cobb Place denies the allegations contained in paragraph 20 of plaintiff's Complaint.

21.

Defendant Cobb Place denies the allegations contained in paragraph 21 of plaintiff's Complaint.

22.

Defendant Cobb Place is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of plaintiff's Complaint and therefore puts plaintiff on notice of strict proof of same.

23.

Defendant Cobb Place is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of plaintiff's Complaint and therefore puts plaintiff on notice of strict proof of same.

24.

Defendant Cobb Place denies the allegations contained in paragraph 24, including subparagraphs (a) through (d) of plaintiff's Complaint.

WHEREFORE, defendant Cobb Park Place having responded to plaintiff's Complaint for damages, requests the following relief:

(a) That judgment be entered in favor of defendant Cobb Place and against plaintiff on plaintiff's Complaint for damages; and

(b) That the Court grant defendant Cobb Place all remedies available at law and such other and further relief as it may deem just and proper.

Respectfully submitted this 3rd day of April, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
jadair@fmglaw.com

*/s/ Aaron P. Miller*
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendant Cobb Place Associates L.P., d/b/a Town Center at Cobb*

100 Galleria Parkway - Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day electronically submitted the foregoing **<u>ANSWER AND</u>**

**<u>AFFIRMATIVE DEFENSES OF DEFENDANT COBB PLACE ASSOCIATES L.P. D/B/A</u>**

**<u>TOWN CENTER AT COBB</u>** to the Clerk of Court using the PeachCourt filing system which

will automatically send electronic mail notification of such filing and service to the following

counsel of record:

Cody M. Allen
Allison Whitfield
Moran & Morgan Atlanta, PLLC
408 12th Street, Suite 200
Columbus, Georgia 31901

Lisa R. Richardson
Drew Eckl & Farnham, LLP
303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308

This 3rd day of April, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
jadair@fmglaw.com

*/s/ Aaron P. Miller*
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendant Cobb Place Associates*
*L.P., d/b/a Town Center at Cobb*

100 Galleria Parkway - Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

ID# E-AQU4J3ER-ETC
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-421

APR 17, 2023 11:27 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHIRLEY MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 23-A-421 |
| v. | ) | |
| | ) | |
| MACY'S RETAIL HOLDINGS, LLC D/B/A | ) | |
| MACY'S DEPARTMENT STORE; COBB | ) | |
| PLACE ASSOCIATES L.P. D/B/A TOWN | ) | |
| CENTER AT COBB; ABC CORPS #1-3; | ) | |
| AND JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify that I have this day

served the following documents:

1. RESPONSES OF DEFENDANT COBB PLACE ASSOCIATES L.P. D/B/A
   TOWN CENTER AT COBB TO PLAINTIFF SHIRLEY MILLER'S REQUEST
   FOR ADMISSION;

2. RESPONSES OF DEFENDANT COBB PLACE ASSOCIATES L.P. D/B/A
   TOWN CENTER AT COBB TO PLAINTIFF SHIRLEY MILLER'S FIRST
   INTERROGATORIES; and

3. RESPONSES OF DEFENDANT COBB PLACE ASSOCIATES L.P. D/B/A
   TOWN CENTER AT COBB TO PLAINTIFF SHIRLEY MILLER'S FIRST
   REQUEST FOR PRODUCTION OF DOCUMENTS

via statutory electronic service to counsel of record:

Cody M. Allen
Allison Whitfield
Moran & Morgan Atlanta, PLLC
408 12th Street, Suite 200
Columbus, Georgia 31901



Lisa R. Richardson
Drew Eckl & Farnham, LLP
303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308

I further certify that I have this date electronically filed this RULE 5.2 CERTIFICATE OF

SERVICE OF DISCOVERY MATERIALS with the Clerk of the Court using the *PeachCourt*

system which will automatically send e-mail notification of such filing to the following attorneys

of record:

Cody M. Allen
Allison Whitfield
Moran & Morgan Atlanta, PLLC
408 12th Street, Suite 200
Columbus, Georgia 31901

Lisa R. Richardson
Drew Eckl & Farnham, LLP
303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308

This 17th day of April, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Jennifer C. Adair*
Jennifer C. Adair
Georgia Bar No. 001901
jadair@fmglaw.com
*/s/ Aaron P. Miller*
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com
*Attorneys for Defendant Cobb Place Associates*
*L.P., d/b/a Town Center at Cobb*

100 Galleria Parkway - Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

ID# E-NSX4QZTS-3ZR

CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-421**

**MAR 20, 2023 05:43 PM**



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

SHIRLEY MILLER,

     Plaintiff,

v.

MACY'S RETAIL HOLDINGS, LLC D/B/A
MACY'S DEPARTMENT STORE; COBB
PLACE ASSOCIATES L.P. d/b/a TOWN
CENTER AT COBB; ABC CORPS #1-3;
AND JOHN DOES #1-3,

     Defendants.

Civil Action File No: 23-A-421

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that I am counsel for Defendant Macy's Retail Holdings, LLC,

and that I have this day served the following:

- *Defendant Macy's Retail Holdings, LLC's Objections and Responses to Plaintiff's First Request for Admissions;*

- *Defendant Macy's Retail Holdings, LLC's Objections and Responses to Plaintiff's First Continuing Interrogatories;* and

- *Defendant Macy's Retail Holdings, LLC's Objections and Responses to Plaintiff's First Request for Production of Documents*

upon all parties to this matter via STATUTORY ELECTRONIC SERVICE to the

following counsel of record:

               Cody M. Allen
               Allison Whitfield
               Morgan & Morgan Atlanta, PLLC
               408 12th Street, Suite 200
               Columbus, GA 31901

               Aaron P. Miller
               Jennifer C. Adair
               Freeman Mathis & Gary, LLP
               100 Galleria Parkway
               Suite 1600

Atlanta, GA 30339-5948

This 20th day of March, 2023.

/s/Lisa R. Richardson
Lisa R. Richardson
**Georgia Bar No. 604074**

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com
**Attorneys for Defendant Macy's Retail Holdings, LLC**
13383742v1
07613-253959

## <u>NOTICE OF LEAVE OF ABSENCE</u>

TO:             All Judges, Clerks of Court and Counsel of Record

FROM:        Lisa R. Richardson

RE:             **Notice of Leave of Absence**

DATE:        March 6, 2023

      COMES NOW Lisa R. Richardson and respectfully notifies all Judges before whom she has cases pending, all affected Clerks of Court and all opposing counsel, that she will be on leave pursuant to Uniform State Court Rule 16.1.

      The period of leave during which time Applicant will be away from the practice of law is as follows:

- April 1, 2023 through April 12, 2023;

- June 2, 2023 through June 21, 2023;

- December 22, 2023 through December 29, 2023

The purpose for the leave is for personal vacation out of state.

      All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, then leave shall be granted.

      Respectfully submitted this 6th day of March, 2023.

DREW ECKL & FARNHAM, LLP

*/s/ Lisa R. Richardson*
Lisa R. Richardson
***Georgia Bar No. 604074***

303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com



## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing Notice of Leave of Absence upon all Judge, Clerk and opposing counsel upon all parties via the Court's e-filing system, which will deliver electronic notification of same.

This 6th day of March, 2023.

DREW ECKL & FARNHAM, LLP


*/s/ Lisa R. Richardson*
Lisa R. Richardson
***Georgia Bar No. 604074***

303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com

ID# EXRG2HZXP-HW3
⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-421

MAR 03, 2023 02:33 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

SHIRLEY MILLER,

        Plaintiff,

v.

MACY'S RETAIL HOLDINGS, LLC D/BA
MACY'S DEPARTMENT STORE; COBB
PLACE ASSOCIATES L.P. D/B/A TOWN
CENTER AT COBB; ABC CORPS #1-3;
AND JOHN DOES #1-3,

        Defendants.

CIVIL ACTION FILE
NO. 23-A-421

## STIPULATION EXTENDING TIME FOR DEFENDANT COBB PLACE ASSOCIATES L.P. D/B/A TOWN CENTER AT COBB TO RESPOND TO COMPLAINT AND PLAINTIFF'S DISCOVERY REQUESTS

COME NOW plaintiff and defendant Cobb Place Associates L.P. d/b/a Town Center at Cobb, each by and through their undersigned counsel, and, pursuant to O.C.G.A. § 9-11-6, hereby stipulate and agree that defendant Cobb Place Associates L.P. d/b/a Town Center at Cobb, shall have through and including April 3, 2023, to answer or otherwise respond or file defensive pleadings, to plaintiff's complaint for damages and through and including April 17, 2023, to respond to plaintiff's First Request for Production of Documents, First Interrogatories, First Request for Admissions, and any other discovery requests.

Respectfully submitted this 3rd day of March, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Aaron P. Miller*
Aaron P. Miller
Georgia Bar No. 898190
Jennifer C. Adair
Georgia Bar No. 001901
*Attorneys for Defendant Cobb Place Associates L.P. d/b/a Town Center at Cobb*

-1-



100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile

CONSENTED TO BY:

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Cody M. Allen\**
Cody M. Allen
Georgia Bar No: 998818
408 12th Street
Suite 200
Columbus, Georgia 31901
*Attorney for Plaintiff*
*\*Signed with express permission by Aaron P.*
*Miller*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served the within and foregoing STIPULATION EXTENDING TIME FOR DEFENDANT COBB PLACE ASSOCIATES L.P. D/B/A TOWN CENTER AT COBB TO RESPOND TO COMPLAINT AND PLAINTIFF'S DISCOVERY REQUESTS via the Court's e-file system which will send electronic notification of such filing to counsel of record as follows:

Cody M. Allen
Morgan & Morgan Atlanta, PLLC
408 12th Street
Suite 200
Columbus, Georgia 31901

This 3rd day of March, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Aaron P. Miller*
Aaron P. Miller
Georgia Bar No. 898190
Jennifer C. Adair
Georgia Bar No. 001901
*Attorneys for Defendant Cobb Place Associates L.P.*
*d/b/a Town Center at Cobb*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile

ID# E-4WG23N3P-JLH
⊕ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-421

MAR 03, 2023 11:52 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

SHIRLEY MILLER,

     Plaintiff,

v.

MACY'S RETAIL HOLDINGS, LLC D/B/A
MACY'S DEPARTMENT STORE; COBB
PLACE ASSOCIATES L.P. d/b/a TOWN
CENTER AT COBB; ABC CORPS #1-3;
AND JOHN DOES #1-3,

     Defendants.

Civil Action File No: 23-A-421

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that I am counsel for Defendant Macy's Retail Holdings, LLC, in

the above-styled matter and that I have this day served a copy of the foregoing *Defendant Macy*

*Retail Holdings, LLC's First Interrogatories to Plaintiff* and *Defendant Macy Retail Holdings,*

*LLC's First Request for Production of Documents to Plaintiff* upon all parties to this matter VIA

STATUTORY ELECTRONIC SERVICE:

          Cody M. Allen
          Allison Whitfield
          Morgan & Morgan Atlanta, PLLC
          408 12ᵗʰ Street, Suite 200
          Columbus, GA 31901

This 3rd day of March, 2023.

          */s/Lisa R. Richardson*
          Lisa R. Richardson
          **Georgia Bar No. 604074**

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com
**Attorneys for Defendant Macy's Retail Holdings, LLC**
13343225v1
07613-253959

