# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JOSHUA DAVIS AND KELLY DAVIS** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **MILBANK INSURANCE COMPANY,** ) <br> **a foreign insurance company,** ) <br> ) <br> **Defendant** ) | **CIVIL ACTION FILE NO.:** <br> _____ |

_____

### DEFENDANT MILBANK INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant, Milbank Insurance Company ("Milbank" or "Defendant"), by and through its undersigned counsel, within the time limits allowed by law, without waiver of any affirmative defenses raised herein, and timely states its Answer to Plaintiffs Joshua Davis and Kelly Davis ("Plaintiffs") Complaint (the "Complaint").

Milbank responds to the individually numbered paragraphs of the Complaint as follows:

### JURISDICTION AND VENUE

1.

Milbank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and such

allegations are deemed denied.

2.

In responding to the allegations contained in Paragraph 2 of the Complaint, Milbank admits only that Milbank Insurance Company is a foreign insurance company with its principal place of business in Columbus, Ohio, and that it is registered to do business in the State of Georgia. Milbank denies the remaining allegations of Paragraph 2 of the Complaint.

3.

Milbank admits the allegations contained in Paragraph 3 of the Complaint.

4.

Milbank admits the allegations contained in Paragraph 4 of the Complaint, but states that this matter has properly been removed from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division.

5.

Milbank admits the allegations contained in Paragraph 5 of the Complaint, but states that this matter has properly been removed from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division.

6.

Milbank admits the allegations contained in Paragraph 6 of the Complaint, but states that this matter has properly been removed from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division.

**THE FACTS**

7.

Milbank incorporates by this reference its responses to the allegations contained in Paragraphs 1 through 6 of the Complaint as if fully stated herein.

8.

In responding to the allegations contained in Paragraph 8 of the Complaint, Milbank admits that Joshua Davis and Kelly Davis were owners of the Property and had a mortgage on the Property through Midland Mortgage. Milbank denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.

In responding to the allegations contained in Paragraph 9 of the Complaint, Milbank admits only that Milbank Insurance Company issued homeowner's insurance policy number 1000521610 to named insureds Joshua and Kelly Davis for property located at 4620 Cartersville Highway, Dallas, Georgia (the "Property"), with a policy period from May 31, 2021 through May 31, 2022 which provides

coverage in accord with the terms, conditions, limitations and exclusions contained therein (the "Policy"). Milbank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint and therefore, they are denied.

10.

Milbank admits the allegations contained in Paragraph 10 of the Complaint.

11.

In responding to the allegations contained in Paragraph 11 of the Complaint, Milbank admits only that the Policy was subject to the terms, conditions, limitations and exclusions contained therein. Milbank denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.

Milbank denies the allegations contained in Paragraph 12 of the Complaint.

13.

Milbank denies the allegations contained in Paragraph 13 of the Complaint.

14.

Milbank denies the allegations contained in Paragraph 14 of the Complaint.

15.

Milbank denies the allegations contained in Paragraph 15 of the Complaint.

16.

Milbank denies the allegations contained in Paragraph 16 of the Complaint.

17.

Milbank denies the allegations contained in Paragraph 17 of the Complaint.

18.

Milbank denies the allegations contained in Paragraph 18 of the Complaint.

19.

Milbank denies the allegations contained in Paragraph 19 of the Complaint.

20.

Milbank denies the allegations contained in Paragraph 20 of the Complaint.

## **COUNT 1 – BREACH OF CONTRACT**

21.

Milbank incorporates by this reference its responses to the allegations contained in Paragraphs 1 through 20 of the Complaint as if fully stated herein.

22.

Milbank denies the allegations contained in Paragraph 22 of the Complaint.

23.

Milbank denies the allegations contained in Paragraph 23 of the Complaint.

24.

Milbank denies the allegations contained in Paragraph 24 of the Complaint.

25.

Milbank denies the allegations contained in Paragraph 25 of the Complaint.

26.

Milbank denies the allegations contained in Paragraph 26 of the Complaint.

27.

Milbank denies the allegations contained in Paragraph 27 of the Complaint.

28.

Milbank denies the allegations contained in Paragraph 28 of the Complaint.

29.

Milbank denies the allegations contained in Paragraph 29 of the Complaint.

30.

Milbank denies the allegations contained in Paragraph 29 of the Complaint.

31.

Milbank denies the allegations contained in Paragraph 31 of the Complaint.

32.

Milbank denies the allegations contained in Paragraph 32 of the Complaint.

33.

Milbank denies the allegations contained in Paragraph 33 of the Complaint.

In responding to the final "WHEREFORE" paragraph, Milbank states that said paragraph, including all sub paragraphs (a) – (h) contain no factual allegations,

but only prayers for relief. Consequently, no response to this paragraph is necessary. To the extent a response may be deemed necessary, Milbank denies any factual allegations purportedly contained in said paragraph, and denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Having fully responded to the Plaintiff's Complaint, and without prejudice to the denials or other averments contained therein, Milbank asserts the following Affirmative Defenses Pursuant to the Federal Rules of Civil Procedure:

## FIRST DEFENSE

Milbank denies all matters and things alleged in Plaintiff's Complaint unless specifically admitted herein.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against Milbank upon which relief can be granted.

## THIRD DEFENSE

The relief requested by Plaintiffs is barred because no action or omission by Milbank caused Plaintiff's injury or damage.

## FOURTH DEFENSE

The Policy issued by Milbank Insurance Company to Plaintiff at homeowner 3 – Special Form HO 00 03 05 11 at Pages 9-10, contains the following provisions:

**SECTION I – PERILS INSURED AGAINST**
**A. Coverage A – Dwelling And Coverage B – Other Structures**
1. We insure against direct physical loss to property described in Coverages A and B.
2. We do not insure, however, for loss:

\*\*\*

    **c.** Caused by:

\*\*\*

        (4) Vandalism and malicious mischief, and any ensuing loss caused by any intentional and wrongful act committed in the course of the vandalism or malicious mischief, if the dwelling has been vacant for more than 60 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant;

**B. Coverage C – Personal Property**
We insure for direct physical loss to the property described in Coverage **C** caused by any of the following perils unless the loss is excluded in Section **I** – Exclusions.

This provision was violated and Plaintiff's Complaint is barred because, upon information and belief, an insured under the Policy vandalized and caused intentional and a wrongful act by starting the fire at issue. This conduct eliminates coverage for Plaintiffs' claimed loss.

## FIFTH DEFENSE

The Policy issued by Milbank Insurance Company to Plaintiff at homeowner 3 – Special Form HO 00 03 05 11 at Page 14, contains the following provisions:

**C.** **Duties After Loss**

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

**1.** Give prompt notice to us or our agent;

**2.** Notify the police in case of loss by theft;

**3.** Notify the credit card or electronic fund transfer card or access device company in case of loss as provided for in **E.6.** Credit Card, Electronic Fund Transfer Card Or Access Device, Forgery And Counterfeit Money under Section I – Property Coverages;

**4.** Protect the property from further damage. If repairs to the property are required, you must:
   **a.** Make reasonable and necessary repairs to protect the property; and
   **b.** Keep an accurate record of repair expenses;

**5.** Cooperate with us in the investigation of a claim;

**6.** Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

**7.** As often as we reasonably require:
   **a.** Show the damaged property;
   **b.** Provide us with records and documents we request and permit us to make copies; and
   **c.** Submit to examination under oath, while not in the presence of another "insured", and sign the same;

**8.** Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
   **a.** The time and cause of loss;
   **b.** The interests of all "insureds" and all others

|     |                                                                                                                                                                                                                                                              |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------ |
|     | in the property involved and all liens on the property;                                                                                                                                                                                                      |
| **c.** | Other insurance which may cover the loss;                                                                                                                                                                                                                 |
| **d.** | Changes in title or occupancy of the property during the term of the policy;                                                                                                                                                                              |
| **e.** | Specifications of damaged buildings and detailed repair estimates;                                                                                                                                                                                        |
| **f.** | The inventory of damaged personal property described in 6. above;                                                                                                                                                                                         |
| **g.** | Receipts for additional living expenses incurred and records that support the fair rental value loss; and                                                                                                                                                  |
| **h.** | Evidence or affidavit that supports a claim under E.6. Credit Card, Electronic Fund Transfer Card Or Access Device, Forgery And Counterfeit Money under Section I – Property Coverages, stating the amount and cause of loss.                              |

One or more of these policy provisions were violated and Plaintiffs' Complaint is barred in that the Plaintiffs failed to timely or completely provide documents or records requested by Milbank or its counsel.

## **SIXTH DEFENSE**

The Policy issued by Milbank Insurance Company to Plaintiff at homeowner 3 – Special Form HO 00 03 05 11 at Page 14, contains the following provisions:

> **D. Loss Settlement**
> In this Condition **D.,** the terms "cost to repair or replace" and "replacement cost" do not include the increased costs incurred to comply with the enforcement of any ordinance or law, except to the extent that coverage for these increased costs is provided in **E.11.** Ordinance Or Law under Section **I** – Property Coverages. Covered property losses are settled as follows:

1. Property of the following types:
   a. Personal property;
   b. Awnings, carpeting, household appliances, outdoor antennas and outdoor equipment, whether or not attached to buildings;
   c. Structures that are not buildings; and
   d. Grave markers, including mausoleums;
   at actual cash value at the time of loss but not more than the amount required to repair or replace.
2. Buildings covered under Coverage **A** or **B** at replacement cost without deduction for depreciation, subject to the following:
   a. If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, without deduction for depreciation, but not more than the least of the following amounts:
      **(1)** The limit of liability under this policy that applies to the building;
      **(2)** The replacement cost of that part of the building damaged with material of like kind and quality and for like use; or
      **(3)** The necessary amount actually spent to repair or replace the damaged building.
      If the building is rebuilt at a new premises, the cost described in **(2)** above is limited to the cost which would have been incurred if the building had been built at the original premises.
   b. If, at the time of loss, the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building immediately before the loss, we will pay the greater of the following amounts, but not more than the limit of liability under this policy that applies to the building:

11

   **(1)** The actual cash value of that part of the building damaged; or

   **(2)** That proportion of the cost to repair or replace, without deduction for depreciation, that part of the building damaged, which the total amount of insurance in this policy on the damaged building bears to 80% of the replacement cost of the building.

  **c.** To determine the amount of insurance required to equal 80% of the full replacement cost of the building immediately before the loss, do not include the value of:

   **(1)** Excavations, footings, foundations, piers, or any other structures or devices that support all or part of the building, which are below the undersurface of the lowest basement floor;

   **(2)** Those supports described in **(1)** above which are below the surface of the ground inside the foundation walls, if there is no basement; and

   **(3)** Underground flues, pipes, wiring and drains.

  **d.** We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss as noted in **2.a.** and **b.** above. However, if the cost to repair or replace the damage is both:

   **(1)** Less than 5% of the amount of insurance in this policy on the building; and

   **(2)** Less than $2,500;

  we will settle the loss as noted in **2.a.** and **b.** above whether or not actual repair or replacement is complete.

  **e.** You may disregard the replacement cost loss settlement provisions and make claim

>>under this policy for loss to buildings on an actual cash value basis. You may then make claim for any additional liability according to the provisions of this Condition **D.** Loss Settlement, provided you notify us, within 180 days after the date of loss, of your intent to repair or replace the damaged building.

> **E.** **Loss To A Pair Or Set**
> In case of loss to a pair or set we may elect to:
> **1.** Repair or replace any part to restore the pair or set to its value before the loss; or
> **2.** Pay the difference between actual cash value of the property before and after the loss.

Upon information and belief, Plaintiffs have not paid for the replacement of the property alleged to have been damaged, and actual repair or replacement is not complete. While preserving its other defenses as stated herein and without prejudice thereto, to the extent Plaintiffs sustained damage compensable under the policy, which is explicitly denied, the measure of damage is determined at actual cash value until actual repair or replacement is complete.

## SEVENTH DEFENSE

The Policy issued by Milbank Insurance Company to Plaintiff at homeowner 3 – Special Form HO 00 03 05 11 at Page 16, contains the following provisions:

> **H.** **Suit Against Us**
> No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

This provision was violated and Plaintiffs' Complaint is barred because the named insured under the Policy failed to fully comply with the policy provisions and Plaintiffs' Complaint is barred.

## EIGHTH DEFENSE

The Policy issued by Milbank Insurance Company to Plaintiff at homeowner 3 – Special Form HO 00 03 05 11 at Page 16, contains the following provisions:

> **L.  Mortgage Clause.**
> \*\*\*
>   **2.**  If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:
>     **a.**  Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;
>     **b.**  Pays any premium due under this policy on demand if you have neglected to pay the premium; and
>     **c.**  Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Paragraphs F. Appraisal, H. Suit Against Us and J. Loss Payment under Section I – Conditions also apply to the mortgagee.
> \*\*\*
>   **4.**  If we pay the mortgagee for any loss and deny payment to you:
>     **a.**  We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or
>     **b.**  At our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we will receive a full assignment and transfer of the mortgage and all securities

        held as collateral to the mortgage debt.
5.     Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

To the extent Plaintiffs' mortgage is paid to the Mortgage Holder pursuant to the Policy, which amounts are denied, must be offset by such payments. In addition, Milbank stands in the shoes of the mortgagee and possesses all rights previously possessed by the mortgagee as against the Plaintiff.

## NINTH DEFENSE

The Policy issued by Milbank Insurance Company to Plaintiff at homeowner 3 – Special Form HO 00 03 05 11 at Page 17, contains the following provisions:

> **R.**   **Concealment Or Fraud**
> We provide coverage to no "insureds" under this policy if, whether before or after a loss, an "insured" has:
> 1. Intentionally concealed or misrepresented any material fact or circumstance;
> 2. Engaged in fraudulent conduct; or
> 3. Made false statements;
> 
> relating to this insurance.

This provision was violated and Plaintiffs' Complaint is barred because, upon information and belief, an insured under the Policy intentionally concealed or misrepresented material facts or circumstances, engaged in fraudulent conduct, or made false statements relating to the insurance provided by the Policy. This conduct eliminates coverage for Plaintiffs' claimed loss.

**TENTH DEFENSE**

Plaintiff's Complaint is barred in that the fire at issue was intentionally set and Plaintiff had the motive, means and opportunity to set, or procure the setting, of the fire at issue.

**ELEVENTH DEFENSE**

Upon information and belief the dwelling involved in the fire described in Plaintiff's Complaint was damaged by fire with fraudulent fault on the part of the insured, rendering inapplicable Georgia's valued policy law, and eliminating Plaintiff's claim for the policy's dwelling coverage limit as a matter of law.

**TWELFTH DEFENSE**

Inasmuch as the Complaint does not describe the alleged underlying claims or damages with sufficient particularity to enable Milbank to determine all its legal, contractual and equitable rights, Milbank reserves the right to amend or supplement the averments of its Answer to assert any and all other defenses as may be ascertained through further investigation and discovery.

**WHEREFORE**, Milbank respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding it such other and further relief as the Court may deem just and proper, including the fees and costs incurred in defending this action.

This 4th day of August 2023.

                                        ISENBERG & HEWITT, P.C.

                                        /s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696
600 Embassy Row, Suite 150
Atlanta, GA  30328
(770) 351-4400 (O)
hilary@isenberg-hewitt.com
**Attorney for Defendant**
**Milbank Insurance Company**

## **LOCAL RULE 7.1 CERTIFICATE**

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in L.R. 5.1.C. Specifically, Times New Roman was used in 14 point.

/s/ Hilary W. Hunter
Hilary W. Hunter
Georgia Bar No. 742696
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400 - T
**Attorney for Defendant**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **JOSHUA DAVIS AND KELLY DAVIS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| vs. | ) | _____ |
| | ) | |
| **MILBANK INSURANCE COMPANY,** | ) | |
| a foreign insurance company, | ) | |
| | ) | |
| **Defendant** | ) | |

_____

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed Defendant Milbank Insurance Company's Answer To Plaintiff's Complaint with the Clerk of Court via PACER, which will send automatic notification of such filing to all parties to this matter as follows:

ecoleman@insurancetrialgroup.com

This 4th day of August 2023.

                                                  ISENBERG & HEWITT, P.C.

                                                  /s/ Hilary W. Hunter
                                                  Hilary W. Hunter
                                                  Georgia Bar No. 742696
                                                  600 Embassy Row, Suite 150
                                                  Atlanta, GA  30328
                                                  (770) 351-4400 (O)
                                                  hilary@isenberg-hewitt.com
                                                  **Attorney for Defendant**

**Milbank Insurance Company**