## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>SHAMIM INVESTMENTS, LLC dba BP FOOD MART; ONYEKA OBIOHA, as Wife and Next Friend of PRINCE NNAMDI OLUZOR, and as the Administratrix of the Estate of PRINCE NNAMDI OLUZOR (deceased),<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)  CASE NO: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S
### COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff Mesa Underwriters Specialty Insurance Company ("MUSIC") files this Complaint for Declaratory Judgment against Shamim Investments, LLC dba BP Food Mart ("Shamim Investments") and Onyeka Obioha, as wife and next friend of Prince Nnamdi Oluzor, and as the administratrix of the estate of Prince Nnamdi Oluzor ("Ms. Obioha" or "Underlying Plaintiff"), showing as follows:

### INTRODUCTION

1.     MUSIC seeks a declaration regarding its duties under commercial general liability coverage provisions ("CGL Coverage") in the Commercial

1

Insurance Policy MUSIC issued to Fast Track Management LLC ("Fast Track") on which Shamim Investments is also a named insured, Policy Number MP0139002000008, for the Policy Period of July 23, 2022 to July 23, 2023 (the "Policy"). *See* **Exhibit A**, a certified copy of the Policy at MUSIC000003, 5.

2.      More specifically, MUSIC seeks a declaration as to whether, under the Policy, it owes a duty to defend and/or indemnify Shamim Investments for the claims asserted by Ms. Obioha in a lawsuit filed against Shamim Investments in the State Court of Fulton County, Georgia, Case No: 23EV001006 (the "Underlying Action").

3.      As set forth in further detail below, MUSIC seeks judicial determinations concerning the following:

     a.      MUSIC does not owe a duty to defend or indemnify Shamim Investments with respect to the Underlying Action because the shooting death of Prince Nnamdi Oluzor ("Mr. Oluzor") that forms the basis of the Underlying Action does not qualify as an "occurrence"[1] under the Policy;

     b.      The Policy's Exclusion - Lethal Weapons ("Lethal Weapons Exclusion") bars coverage for "bodily injury" arising out of or resulting from the possession, ownership, maintenance, use of or

---

[1] Terms in "quotes" are used as defined in the Policy.

threatened use of a firearm by any person, *See* Policy, MUSIC000023;

c.     As the basis for the Underlying Action is the "bodily injury" of Mr. Oluzor arising from the use of a firearm, the Policy's Lethal Weapons Exclusion precludes defense and indemnity coverage for the Underlying Action;

d.     The Policy's Assault or Battery Abuse Exclusion ("A&B Exclusion") bars coverage for "bodily injury" caused by, arising out of, resulting from, or in any way related to an "assault" or "battery", *See* Policy, MUSIC000025-26;

e.     As "battery" is defined by the Policy to include the intentional or reckless use of force, including the use of a weapon, resulting in injury, the shooting of Mr. Oluzor qualifies as a "battery", and the A&B Exclusion precludes defense and indemnity coverage for the Underlying Action;

f.     The Policy's Limited Assault or Battery Liability Coverage Form ("A&B Coverage") adds back a $25,000 each occurrence Limit of Liability for "bodily injury" directly caused by an "assault" or "battery" ("A&B Limit of Liability"), *See,* Policy, MUSIC000035-37;

3

g.   To the extent the allegations in the Underlying Action assert an "occurrence" necessary to trigger the CGL Coverage A Insuring Agreement, and the Lethal Weapons Exclusion does not completely preclude defense and indemnity coverage for the Underlying Action, the A&B Coverage applies to the Underlying Action such that coverage is limited to the A&B Limit of Liability, and MUSIC may withdraw its defense of Shamim Investments with respect to the Underlying Action after the $25,000 A&B Limit of Liability is exhausted through MUSIC's payment of damages, defense costs and/or Supplementary Payments;

h.   The Policy's Punitive Damages Exclusion precludes coverage for the punitive damages sought in the Underlying Action, *See* Policy, MUSIC000030; and

i.   An actual and justiciable controversy has arisen and now exists between the parties relating to their respective rights, duties and obligations under the Policy regarding the Underlying Action.

## **PARTIES**

4.   Plaintiff MUSIC is incorporated under the laws of the State of New Jersey and is domiciled in New Jersey, and its principal place of business is located at 40 Wantage Avenue, Branchville, New Jersey 07890.

71027283;4

5.      Defendant Shamim Investments is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business located at 329 14th Street NW, Atlanta, Georgia 30318.   Upon information and belief, the members of Shamim Investments are residents of and are domiciled in the State of Georgia.

6.      Upon information and belief, Defendant Onyeka Obioha is an individual resident and citizen of the State of Georgia, who resides and is domiciled at 6900 Roswell Road, Apartment N9, Atlanta, Georgia 30328. Ms. Obioha is the wife and next friend of the decedent Mr. Oluzor and has been appointed the Administratrix of the Estate of Mr. Oluzor.  Upon information and belief, Mr. Oluzor was a resident of the State of Georgia, at the time of his death.  Ms. Obioha is a required party to this action under Fed. R. Civ. P. 19, as she is the plaintiff in the Underlying Action.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  There exists complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs because this action seeks a declaration concerning coverage owed under the Policy with respect to the Underlying Action, which seeks damages arising from the alleged  wrongful death of Mr. Oluzor, which would exceed the jurisdictional limit of this Court.

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because it is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.   The Policy indicates that it was delivered in this judicial district at 4500 Hough Howell Road, Tucker, Georgia 30084.  (Policy, MUSIC000003).  In addition, the shooting incident that forms the basis of the Underlying Action allegedly occurred at 329 14th Street NW, Atlanta, Fulton County, Georgia, which is within this judicial district.  Further, Shamim Investments' principal place of business is located in this judicial district, its request for coverage came from this district, and any payments determined to be owed under the Policy would be received by Shamim Investments in this judicial district.

## THE UNDERLYING ACTION

9.    On or about March 22, 2023, Ms. Obioha filed the now operative Second Amended Complaint in the Underlying Action against Shamim Investments LLC, XYZ Corp. 1-3 and John Does 1-5 ("Underlying Defendants").[2]  A true and correct copy of the Second Amended Complaint in the Underlying Action is attached hereto as **Exhibit B**.

10.    The Underlying Action alleges that, on or about August 31, 2022, Mr. Oluzor visited the BP gas station located at 329 14th Street NW, Atlanta, Georgia (the "Premises"), allegedly owned by Shamim Investments, when an unnamed

---

[2] The original complaint was filed on February 16, 2023. The first amended complaint was filed on March 16, 2023.

71027283;4

assailant unlawfully entered the Premises and shot Mr. Oluzor, resulting in his death (the "Underlying Incident"). *Id.* at ¶¶ 11-13.

11.     The Underlying Action includes the following four counts: Count 1 – Negligence; Count 2 – Punitive Damages; Count 3 – Wrongful Death; and Count 4 – Loss of Consortium.

12.     The factual allegations in the Underlying Action and each of the enumerated counts listed above all arise out of the alleged unlawful shooting and killing of Mr. Oluzor at the Premises.

13.     The Underlying Action seeks to recover the following forms of relief: damages and compensatory damages for the wrongful and untimely death of Mr. Oluzor; loss of consortium damages sustained by Ms. Obioha; medical, funeral and burial expenses; compensation for Plaintiffs' personal injuries, pain and suffering; economic and non-economic losses; and punitive damages.

## **THE POLICY**

14.     The Policy contains a $1,000,000 per occurrence Limit of Liability, with a $2,000,000 general aggregate Limit of Liability.  The Policy also contains the A&B Coverage with a $25,000 each assault or battery occurrence limit of insurance and an aggregate limit of insurance for all assault or battery occurrences of $50,000. *See* Policy at MUSIC000012, 35-37.

15.     Subject to all applicable terms and conditions, the Policy's Coverage A – Bodily Injury and Property Damage Liability ("Coverage A") Insuring Agreement provides:

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)     The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

(2)     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages **A** and **B.**

b.     This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage" occurs during eth policy period; and

…

8

     **e.**    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

*See* Policy at MUSIC000050.

16.    The Policy includes the following relevant definitions:

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*See* Policy at MUSIC000062, 64.

17.    The Policy includes an Endorsement titled "Schedule of Completed Named Insured," which lists Shamim Investments, LLC dba BP Food Mart.  *See* Policy at MUSIC000005.

18.    With respect to the Named Insured, the Policy further provides:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. . . .

*See* Policy at MUSIC000050.

19.    The Policy contains the following Lethal Weapons Exclusion, which applies to the CGL Coverage:

### EXCLUSION - LETHAL WEAPONS EXCLUSION

This endorsement modifies insurance provided under:

71027283;4

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

SECTION I - COVERAGE A BODILIY [sic] INJURY AND PROPERTY DAMAGE LIABILITY, 2. EXCLUSIONS and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. EXCLUSIONS are amended and the following added:

USE OF WEAPONS

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from the possession, ownership, maintenance, use of or threatened use of a lethal weapon, including but not limited to firearms by any person[.]

All other terms and conditions of this policy remain unchanged.

*See* Policy at MUSIC000023.

20.     The Policy contains the following Assault and/or Battery Exclusion, which applies to the CGL Coverage:

**ASSAULT OR BATTERY EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**Assault or Battery Exclusion – Excluded Location Schedule**

***If no locations are specified below, the Assault or Battery Exclusion applies to <u>ALL</u> locations.***

| Loc. # | Address |
|--------|---------|
|        |         |
|        |         |
|        |         |

**I.**     This insurance does not apply to locations specified in the above Schedule for "bodily injury", "property damage", "personal and advertising injury", or medical payments under Coverage C, caused by, arising out of, resulting from, or in any way related to

an "assault" or "battery" when that "assault" or "battery" is caused by, arising out of, or results from, in whole or in part from:

A.      The direct or indirect instigation, instruction or direction, by you, your employees, patrons or any other persons, or

B.      The failure to provide a safe environment including but not limited to the failure to provide adequate security, or to warn of the dangers of the environment, or

C.      The negligent employment, investigation, supervision, hiring, training or retention of any person, or

D.      Negligent, reckless, or wanton conduct by you, your employees, patrons or any other persons, or

E.      The use of force, whether excessive or not, to protect persons or property whether or not the "bodily injury", "property damage", or "personal and advertising injury" was intended from the standpoint of the insured or committed by or at the direction of any insured; or

F.      The failure to render or secure medical treatment or care necessitated by any "assault" or "battery".

This exclusion applies to all locations if the above Excluded Location Schedule is left blank.  Further, this exclusion also applies to all locations specified in the Limited Assault or Battery Coverage endorsement if also attached to the policy.

**II.**      For the purpose of this endorsement only, Exclusion **a. Expected Or Intended Injury**, part of **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, is deleted and replaced by:

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

**III.**     For the purpose of this endorsement only, the following definitions are added to **SECTION V – DEFINITIONS**

A.      "Assault" means any intentional act, or attempted act or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of injury, including but not limited to physical injury, sexual abuse or harassment, intimidation, verbal abuse, and any

11

threatened harmful or offensive contact between two or more persons.

B.   "Battery" means the intentional or reckless use of force including a physical altercation or dispute between persons, or offensive touching or sexual molestation against another, resulting in injury whether or not the actual injury inflicted is intended or expected. The use of force includes, but is not limited to the use of a weapon.

All other terms and conditions of this policy remain unchanged.

*See* Policy at MUSIC000025-26.

21.   The Policy contains Limited Assault and/or Battery Liability Coverage, which provides limited coverage as follows:

## LIMITED ASSAULT OR BATTERY COVERAGE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**Limited Assault or Battery Coverage – Schedule of Covered Locations**

*Only the location(s) specified below are covered by this endorsement*

| Loc. # | Address | |
|--------|---------|---|
| | | |
| | | |
| | | |
| **Limited Assault or Battery Coverage Limits of Insurance** | Each Assault or Battery Occurrence Limit of Insurance | $ 25,000 |
| | Aggregate Limit of Insurance for All Assault or Battery Occurrences | $   50,000 |

71027283;4

## I.     LIMITED ASSAULT OR BATTERY COVERAGE

We will pay up to the limits shown in the Schedule for damages, including medical payments under Coverage C, that the insured becomes legally obligated to pay because of "bodily injury", "property damage" or "personal and advertising injury" directly caused by an "assault" or "battery" when that "assault" or "battery" is caused by:

**A.**     The direct or indirect instigation, instruction, direction, negligence, or involvement of you, your employees, patrons or any other persons, or

**B.**     The failure to provide a safe environment, including but not limited to the failure to provide adequate security, or to warn of the dangers of the environment, or

**C.**     The negligent employment, investigation, supervision, hiring, training or retention of any person, or

**D.**     Negligent, reckless, or wanton conduct by you, your employees, patrons or any other persons, or

**E.**     The failure to render or secure medical treatment or care necessitated by any "assault" or "battery".

Unless specifically modified or deleted in this endorsement, the terms, conditions, limitations and exclusions of the Commercial General Liability Coverage Part to which this endorsement is attached remain effective and apply to Limited Assault or Battery Coverage provided herein.

We will have the right and duty to defend any "suit" seeking such damages to which this endorsement applies.  With respect to any "occurrence" we investigate or settle and any "suit" we defend, we will also pay any of the Supplementary Payments provided in **SECTION I – COVERAGES**, under the Commercial General Liability Coverage Part to which this endorsement is attached.

This coverage only applies to "assault" or "battery" occurring in or upon the location(s) specified in the above Schedule.

## II.     EXCLUSIONS

For the purpose of this endorsement only:

A.  Exclusion **a. Expected Or Intended Injury**, part of **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, is deleted and replaced by:

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

B.  This insurance does not apply to any "named party" who has or is alleged to have committed or participated in or directed "assault" or "battery".

## III.  LIMITS OF INSURANCE

A.  The Aggregate Limit of Insurance for all Assault or Battery Occurrences shown in the Schedule of this endorsement is the most we will pay for all "occurrences," including defense costs and Supplementary Payments.

This Aggregate Limit is separate and apart from any other aggregate limit of insurance shown in Commercial General Liability Declarations available for "occurrences" other than "assault" or "battery".

B.  Subject to the Aggregate Limit of Insurance for all Assault or Battery Occurrences, the Each Assault or Battery Occurrence Limit of Insurance Shown in the Schedule of this endorsement is the most we will pay for any one "occurrence", including defense costs and Supplementary Payments paid in connection with such "occurrence".

C.  Our duty to defend any "occurrence" or "suit" or to pay any settlement or judgment, or defense cost under this endorsement ends after our applicable limit of insurance have been exhausted by payments of damages, defense costs and/or Supplementary Payments.

D.  The limits shown in the Schedule of this endorsement are the only limits that apply to coverage provided under this endorsement.  Any other limits provided in other coverage sections of this policy do not apply to this endorsement.  Further, the limits indicated in the Schedule of this endorsement do not apply to any other coverage provided under this policy.

71027283;4

## V.    DEFINITIONS

For the purpose of this endorsement only, the following definitions are added to **SECTION V – DEFINITIONS**

**A.**    "Assault" means any intentional act, or attempted act or threat to inflict injury to another including any conduct that would reasonably place another in apprehension of injury, including but not limited to physical injury, intimidation, verbal abuse, and any threatened harmful or offensive contact between two or more persons.

**B.**    "Battery" means the intentional or reckless use of force including a physical altercation or dispute between persons, or offensive touching against another, resulting in injury whether or not the actual injury inflicted is intended or expected.  The use of force includes, but is not limited to the use of a weapon.

**C.**    "Named party" means an "employee" or volunteer of the first named insured who is alleged to have committed, participated in or directed "assault" or "battery" for which coverage would be provided to the first named insured for such "suit" under this Limited Assault or Battery Coverage endorsement.

All other terms and conditions of this policy remain unchanged.

*See* Policy at MUSIC000035-37.

22.    The Policy contains the following Punitive Damages Exclusion:

### PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

\* \* \*

This insurance does not apply to any fines, penalties, punitive damages, exemplary damages, treble damages or the multiplication of compensatory damages.

All other terms and conditions of this policy remain unchanged.

*See* Policy at MUSIC000030.

## <u>MUSIC'S AGREEMENT TO DEFEND UNDER RESERVATION</u>

23.     After the Second Amended Complaint in the Underlying Action was filed, MUSIC issued a reservation of rights to Shamim Investments (the "Reservation of Rights Letter") in which MUSIC agreed to provide a defense to Shamim Investments, subject to a full and complete reservation of rights.

24.     Upon information and belief, Defendants, or some of them, contest MUSIC's coverage positions outlined in the Reservation of Rights Letter that the Underlying Action does not trigger the Policy's Coverage A Insuring Agreement, that coverage under the Policy is otherwise precluded by certain Policy exclusions, or that, at best, the Policy provides only $25,000 in total defense and indemnity coverage for the Underlying Action pursuant to the Policy's A&B Coverage.

25.     Accordingly, an actual and justiciable controversy presently exists between MUSIC and Defendants with respect to whether MUSIC has any obligation pursuant to the Policy to defend and/or indemnify Shamim Investments for the claims asserted in the Underlying Action.  This substantial controversy, between parties having adverse legal interests, is of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

71027283;4

## COUNT I

### Declaratory Judgment that the Underlying Action Does Not Allege Any "Occurrence" as Defined by the Policy

31.    MUSIC incorporates by reference each and every allegation contained in the preceding paragraphs 1 through 30 as though fully set forth herein.

32.    The Policy's Coverage A Insuring Agreement provides coverage for "bodily injury" caused by an "occurrence."  The Policy defines "occurrence", in relevant part, to mean an accident.

33.    All of the claims set forth in the Underlying Action arise from an assailant unlawfully entering the Premises and shooting Mr. Oluzor, resulting in his death.

34.    The Underlying Action does not allege that the shooting of Mr. Oluzor was accidental.  Based upon the allegations of the Underling Action, the shooting was intentional, and, therefore, not an accident to qualify as an "occurrence," as defined by the Policy.

35.    MUSIC, therefore, seeks a declaration that it has no duty to provide a defense or indemnity under the Policy for the Underlying Action because the Underlying Action does not allege any "occurrence" that is necessary to trigger the CGL Coverage A Insuring Agreement.

71027283;4

## COUNT II

**Declaratory Judgment that the Lethal Weapons Exclusion Bars Coverage for the Underlying Action**

36.    MUSIC incorporates by reference each and every allegation contained in the preceding paragraphs 1 through 35, as though fully set forth herein.

37.    All of the claims set forth in the Underlying Action arise from an assailant unlawfully entering the Premises and shooting Mr. Oluzor, resulting in his death.  As such, the Underlying Action alleges "bodily injury" arising out of the use of a lethal weapon, a firearm.

38.    But for the use of a firearm resulting in "bodily injury" to Mr. Oluzor, there would be no basis for the allegations set forth in the Underlying Action. Therefore, the Policy's Lethal Weapons Exclusion precludes defense and indemnity coverage for any of the claims set forth in the Underlying Action.

39.    MUSIC, therefore, seeks a judicial declaration that the Policy's Lethal Weapons Exclusion precludes defense and indemnity coverage for the claims set forth in the Underlying Action.

## COUNT III

**Declaratory Judgment that the A&B Exclusion Bars Coverage for the Underlying Action**

40.    MUSIC incorporates by reference each and every allegation contained in the preceding paragraphs 1 through 39, as though fully set forth herein.

71027283;4

41.     All of the claims set forth in the Underlying Action arise from an assailant unlawfully entering the Premises and shooting Mr. Oluzor, resulting in his death.  As such, the Underlying Action alleges "bodily injury" to Mr. Oluzor caused by, arising out of, and resulting from an "assault" and/or "battery" through the intentional or reckless use of a weapon.

42.     But for the "bodily injury" to Mr. Oluzor caused by, arising out of, and resulting from an "assault" and/or "battery" through the intentional or reckless use of a weapon, there would be no basis for any of the claims set forth in the Underlying Action.  Therefore, the Policy's A&B Exclusion precludes defense and indemnity coverage for the claims set forth in the Underlying Action.

43.     The A&B Exclusion precludes coverage for "bodily injury" caused by, arising out of, or resulting from "assault" and/or "battery" even when the alleged "assault" and/or "battery" is caused by, arising out of, or results from, in whole or in part any of the following allegations included in the Underlying Action:

> a.     The Underlying Defendants, "through their agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing and maintaining proper security measures adequate to ensure the safety of their invitees and the public, including the areas of the premises where the subject incident occurred."

b.   The Underlying Defendants "through their agents and employees, did have procedures governing the inspection, supervision, and security of its property as a whole but exercised the same in a careless and negligent manner."

c.   "[T]he actions of Defendants were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences."

44.   MUSIC, therefore, seeks a declaration that the Policy's A&B Exclusion bars coverage for all of the claims set forth in the Underlying Action.

## <u>COUNT IV</u>

**Declaratory Judgment that, if There is Any Coverage Available Under the Policy for the Underlying Action, Coverage is Limited to the A&B Coverage and MUSIC May Withdraw its Defense After it has Exhausted the $25,000 A&B Limit of Liability**

45.   MUSIC incorporates by reference each and every allegation contained in the preceding paragraphs 1 through 44, as though fully set forth herein.

46.   All of the claims set forth in the Underlying Action arise from an assailant unlawfully entering the Premises and shooting Mr. Oluzor, resulting in his death.  As such, the Underlying Action alleges "bodily injury" to Mr. Oluzor directly caused by an "assault" and/or "battery" through the intentional or reckless use of a weapon.

47.    To the extent the allegations in the Underlying Action assert an "occurrence" necessary to trigger the CGL Coverage A Insuring Agreement, and the Lethal Weapons Exclusion does not completely preclude defense and indemnity coverage for the Underlying Action, then the A&B Coverage applies to the Underlying Action such that coverage is limited to the $25,000 A&B Limit of Liability.

48.    The A&B Limit of Liability is reduced through the payment of damages, defense costs and/or Supplementary Payments, which include defense costs and expenses paid by MUSIC in the defense of Shamim Investments.

49.    MUSIC seeks a declaration that, in the event the Court finds that the allegations in the Underlying Action assert an "occurrence" necessary to trigger the CGL Coverage A Insuring Agreement, and the Lethal Weapons Exclusion does not completely preclude defense and indemnity coverage for the Underlying Action:

a. The A&B Coverage and the $25,000 A&B Limit of Liability apply to all of the claims set forth in the Underlying Action; and

b. MUSIC may withdraw its defense of Shamim Investments after MUSIC has exhausted the $25,000 A&B Limit of Liability through the payment of damages, defense costs and/or Supplementary Payments.

## COUNT V

**Declaratory Judgment that the Punitive Damages Exclusion Bars Coverage for any Award of Punitive Damages in the Underlying Action**

50.    MUSIC incorporates by reference each and every allegation contained in the preceding paragraphs 1 through 49 as though fully set forth herein.

51.    The Underlying Action includes a cause of action seeking punitive damages based upon the allegation that the Underlying Defendants were "willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences."

52.    The Policy's Punitive Damages Exclusion precludes coverage for any fines, penalties, punitive damages, exemplary damages, treble damages or the multiplication of compensatory damages.

53.    MUSIC, therefore, seeks a declaration that it does not owe a duty to indemnify any punitive damages that may be awarded in the Underlying Action.

## PRAYER FOR RELIEF

WHEREFORE, MUSIC respectfully requests the following:

a.    A declaration that MUSIC does not owe a duty to defend or indemnify Shamim Investments in the Underlying Action because the shooting death of Mr. Oluzor that forms the basis of the Underlying Action does not qualify as an "occurrence" under the Policy to trigger the CGL Coverage A Insuring Agreement;

71027283;4

b.     A declaration that the Lethal Weapons Exclusion bars defense and indemnity coverage for the claims set forth in the Underlying Action;

c.     A declaration that the A&B Exclusion bars defense and indemnity coverage for the claims set forth in the Underlying Action;

d.     A declaration that, in the event the Court finds that the allegations in the Underlying Action assert an "occurrence" necessary to trigger the CGL Coverage A Insuring Agreement, and the Lethal Weapons Exclusion does not completely preclude defense and indemnity coverage for the Underlying Action, the A&B Coverage and the $25,000 A&B Limit of Liability apply to all of the claims set forth in the Underlying Action, and MUSIC may withdraw its defense of Shamim Investments after MUSIC has exhausted the $25,000 A&B Limit of Liability through the payment of damages, defense costs and/or Supplementary Payments;

e.     A trial by jury on all issues so triable; and

f.     For such other and further equitable or other relief as this Court deems just and proper.

[Signature on following page]

71027283;4

This 4th day of August, 2023.

|  |  |
|---|---|
| | */s/Robin N. Johnson* |
| Akerman LLP | Robin N. Johnson |
| 999 Peachtree Street, NE | Georgia Bar No: 223540 |
| Suite 1700 | robin.johnson@akerman.com |
| Atlanta, Georgia   30309 | Brenden P. Dougherty |
| (404) 733-9812 – Telephone | Georgia Bar No. 959508 |
| (404) 733-9912 – Facsimile | brenden.dougherty@akerman.com |
| | Samuel Z. Wesley |
| | Georgia Bar No. 665076 |
| | samuel.wesley@akerman.com |

71027283;4