# EXHIBIT B

**\*\*E-FILED\*\***
**23EV001006**
**3/22/2023 4:44 PM**
**Donald Talley, Clerk**
**Civil Division**

GEORGIA, FULTON COUNTY

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: _____

Onyeka Obioha and the Estate of Prince Nnamdi Oluzor (Deceased)

3379 Peachtree Road, Suite 555

Atlanta, Georgia 30326

Plaintiff's Name, Address, City, State, Zip Code

vs.

Clipper Petroleum/Thomas Bower

5317 T L Bower Way

Flowery Branch   GA      30542

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Law Office of Nigel Phiri, Esq, LLC

Address: 3379 Peachtree Road, Suite 555

City, State, Zip Code: Atlanta, Georgia 30326                     Phone No.: 888-338-4878

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

---

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

---

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**E-FILED**
23EV001006
3/22/2023 4:44 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ONYEKA OBIOHA, as Wife and Next
Friend of PRINCE NNAMDI OLUZOR,
and ONYEKA OBIOHA, as the
Administratrix of the Estate of PRINCE
NNAMDI OLUZOR (deceased),

      Plaintiffs,

         vs.

BP AMERICA INC, BP NORTH AMERICA
INC, SHAMIM INVESTMENTS LLC,
CLIPPER PETROLEUM, INC., XYZ
CORP. 1-3 and JOHN DOES 1-5,

      Defendants.

CIVIL ACTION FILE NO: 23EV001006

### PLAINTIFFS' SECOND AMENDED COMPLAINT WRONGFUL DEATH AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiffs Onyeka Obioha, as Wife and Next Friend of Prince Nnamdi Oluzor, and Onyeka Obioha, as the Administratrix of the Estate of Prince Nnamdi Oluzor (deceased) and file this Second Amended Complaint for Wrongful Death and Demand for Jury Trial against Defendants BP America Inc and BP North America Inc, Shamim Investments LLC, Clipper Petroleum, Inc., XYZ Corp. 1-3 and John Does 1-5, showing this Court as follows:

### PARTIES AND JURISDICTION

1.

This action is brought by Onyeka Obioha, who was the wife and is the Administratrix of the Estate of Prince Nnamdi Oluzor (deceased), who was a citizen and resident of the State of Georgia.

2.

Defendant BP America (hereinafter "Defendant BP America") is a foreign for-profit corporation authorized to do transact business in the State of Georgia. Defendant BP America may be served with a copy of the Summons and Second Amended Complaint through its Registered Agent, C T Corporation System, at 289 S Culver Street, Lawrenceville, Georgia, 30046.

3.

Defendant BP North America Inc (hereinafter "Defendant BP North America") is a foreign for-profit corporation authorized to transact business in the State of Georgia. Defendant BP North America may be served with a copy of the Summons and Second Amended Complaint through its Registered Agent, C T Corporation System, at 1201 Peachtree Street NE, Atlanta, Georgia, 30361.

4.

Plaintiff hereby substitutes Defendant Shamim Investments LLC (hereinafter "Defendant Shamim Investments") for XYZ Corp. Number 1. as a party defendant.[1] Shamim Investments is a domestic for-profit corporation incorporated under the laws of the State of Georgia with a principal place of business at 329 14th Street NW, Atlanta, Georgia 30318. Defendant Shamim Investments may be served with a copy of the Summons and Second Amended Complaint through its Registered Agent, Mehmood Sohani at 4500 Hugh Howell Rd Suite 650, Tucker, GA, 30084.

5.

Plaintiff hereby substitutes Defendant Clipper Petroleum, Inc for XYZ Corp. No. 2 as a party defendant.[2] Clipper Petroleum is a domestic for-profit corporation incorporated under the

---

[1] While generally a plaintiff must seek leave of court pursuant to *O.C.G.A. § 9-11-21* when adding a party, when there is a substitution by amendment of a "John Doe" named in the original Second Amended Complaint for the real defendant, *O.C.G.A. § 9-11-21* does not apply and thus leave of court is not necessary for the substitution. *Smith v. Vencare, Inc.*, 230 Ga.App. 621 (1999); *Bishop v. Farhat*, 227 Ga.App. 201 (1997).
[2] Id.

laws of the State of Georgia with a principal place of business at 5317 T L Bower Way, Flowery

Branch, Georgia, 30542. Defendant Clipper Petroleum may be served with a copy of the Summons

and Second Amended Complaint through its Registered Agent, Thomas Bower at 5317 T L Bower

Way, Flowery Branch, Georgia, 30542.

6.

Defendants XYZ Corp. Nos. 1 through 3, whose identities and whereabouts are currently

unknown and are subject to the jurisdiction and venue of this Court.  Defendants XYZ Corp. Nos.

1 through 4 will be named and served with Summons and Second Amended Complaint once their

respective identities are revealed.

7.

Defendants John Doe Nos. 1 through 5, whose identities and whereabouts are currently

unknown and are subject to the jurisdiction and venue of this Court. Defendants John Doe Nos. 1

through 5 will be named and served with Summons and Second Amended Complaint once their

respective identities are revealed.

8.

Jurisdiction and venue are proper in this Court because the subject incident occurred in

Fulton County, Georgia.

9.

Removal of this case to federal court is not appropriate. See, e.g., *Hambrick v. Wal-Mart

Stores East*, (2014) WL 1921341; *Poll v. Deli Mmgt. Inc.*, No. 1:07-CV-0959-RWS, 2007 U.S.

Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007); *Stalvey v. Wal-Mart Stores East, No*. 510-CV-

2018CV0133900206, 2010 WL4332439 (M.D. Ga. June 22, 2010); *Ott v. Wal-Mart Stores*, No.

5:09-CV-00215, 2010 U.S. Dist. LEXIS 13072 (M.D. Ga. Feb. 16, 2010); *Stephens v. Wal-Mart*

*Stores Mart Stores Inc.*, No. 2:09-cv-3019, 2010 U.S. Dist. LEXIS 10783 (D.S.C. Feb 8, 2010);

*Mack v. Wal-Mart Stores Inc.*, No. 1:07-cv-3105-RBH, 2007 U.S. Dist. LEXIS 79646 (D.S.C. Oct.

26, 2007). Inappropriate removals to federal court are subject to an award of fees. 28 U.S.C.

§1447(c). An award of fees is appropriate when the removing party lacks an objectively reasonable

basis for seeking removal. In this situation, an award of fees does not require a showing of bad

faith. *Poll*, 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007).

## FACTUAL BACKGROUND

10.

Plaintiffs incorporate the allegations contained in all previous paragraphs.

11.

On or about August 31, 2022, Defendant Shamim Investments, Defendant Clipper
Petroleum, Defendant BP America Inc and Defendant BP North America Inc (hereinafter
collectively referred to as "Defendants") owned, controlled, operated, and/or maintained the BP
gas station, located at 329 14th Street NW, Atlanta, Georgia 30318 (hereinafter "the Premises" or
"Defendants' Premises").

12.

On or about August 31, 2022, Prince Nnamdi Oluzor was an invitee on Defendants'
Premises.

13.

On or about August 31, 2022, an assailant unlawfully entered onto Defendants' Premises
and shot Prince Nnamdi Oluzor, resulting in his death.

14.

At all relevant times, Prince Nnamdi Oluzor was unarmed and did not cause or provoke the shooting.

15.

At all relevant times, Prince Nnamdi Oluzor was without knowledge that he was in danger.

16.

At all relevant times, Prince Nnamdi Oluzor exercised reasonable care for his own safety.

## NEGLIGENCE OF DEFENDANTS

17.

Plaintiffs incorporate the allegations contained in all previous paragraphs.

18.

Upon information and belief, there has been criminal activity at the Premises and the vicinity surrounding the Premises that is substantially similar to the shooting on August 31, 2022.

19.

Defendants, along with their employees and/or agents, were notified about the increase in criminal activity on the Premises prior to August 31, 2022.

20.

Defendants, along with their employees, agents and/or apparent agents, failed to warn their patrons, including Plaintiff, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

21.

Notwithstanding its knowledge of the danger of criminal activity in the vicinity, Defendants failed to provide adequate security on the premises in order to keep invitees safe, thereby causing an unreasonable risk of injury to their invitees, including Prince Nnamdi Oluzor.

22.

Defendants and their employees, agents and/or apparent agents, knew or should have known about the danger of criminal activity in the area.

23.

Prior to August 31, 2022, Defendants negligently maintained, inspected, secured, patrolled, and managed the Premises. Notwithstanding Defendants' knowledge, both actual and constructive, of the danger of criminal activity on the Premises and the areas immediately surrounding the Premises, Defendants failed to properly maintain, secure, inspect, patrol, and manage said Premises, and failed to exercise ordinary care.

24.

At all times material hereto, Defendants owned and/or was in control of the Premises and as such possessed said property with the intent to occupy and/or control it.

25.

At all times material hereto, Defendants had the duty under O.C.G.A. § 51-3-1 to keep their Premises in a safe condition, and to prevent harm to their invitees in the scope of ordinary care from foreseeable criminal acts of third parties, which should have put an ordinary and prudent person on notice of increased risk of harm.

26.

At all times material hereto, Prince Nnamdi Oluzor was an invitee of the Premises, and as such, was owed the duty of ordinary care to maintain the property in a reasonably safe condition

to be protected against foreseeable criminal acts of third parties, that would have put an ordinarily prudent property owner on notice.

27.

At all times material hereto, Defendants, through their agents and employees, knew or in the exercise of ordinary care should have known that its premises, and areas adjacent thereto, were in an area with increase crime, that there had been numerous criminal acts and attacks perpetrated on the public, and their invitees, in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on invitees and the public, unless Defendants took steps to provide adequate security and warnings on the Premises.

28.

At all times material hereto, Defendants, through their agents and employees, knew or in the exercise of ordinary and diligent care should have known that numerous violent and non-violent criminal acts had occurred on the Premises and/or areas adjacent thereto prior to August 31, 2022.

29.

Defendants, through their agents and employees, knew or in the exercise of reasonable care should have known that no individual, including Prince Nnamdi Oluzor, had it within their power to take the measures necessary to provide for his own security on the Premises.

30.

Defendants negligently failed to adequately check visitors of the Premises; failed to properly train their employees for the prevention of violent criminal acts in and around the property; failed to prevent unauthorized entry onto the premises; and failed to provide adequate surveillance in and around the premises, and failed to provide adequate security in and around the

premises; which created an unreasonable risk of injury to their invitees, including Prince Nnamdi Oluzor.

31.

Defendants, by and through their agents and employees, breached their duty to exercise ordinary and diligent care for the safety and protection of their invitees, like Plaintiff.

32.

At all relevant times, Defendants, by and through their agents and employees, breached their duty to exercise ordinary and diligent care for the safety and protection of the invitees, guests, and the public, through the following acts or omission, or commission:

a. Failing to provide adequate security for their invitees and the public, including Plaintiff;

b. Failing to warn their invitees, and the public, including Plaintiff, of the nature and character of the surrounding area when it knew, or in the exercise of reasonable care should have known, that <u>numerous</u> <u>criminal</u> <u>incidents</u> <u>of</u> <u>a</u> <u>similar</u> <u>nature</u> to the one herein (i.e., crimes against persons) had occurred on the Premises and/or in the surrounding area prior to the herein incident;

c. Failing to warn, protect, guard, and secure the safety of invitees, when Defendants knew or should have known that the Premises had a history of similar criminal acts being committed on its property and in the area, thereby creating a dangerous condition to those individuals on the Premises;

d. Failing to police, patrol, guard, deter, and otherwise provide adequate protection for their invitees and the public, when Defendants knew or should have known of foreseeable criminal acts on the Premises;

e. Failing to hire and/or retain any private security personnel and/or off duty police officers to patrol and/or monitor the Premises, thereby protecting their invitees and the public, including Plaintiff;

f. Failing to have a sufficient number of security guards in visible areas to deter crime, thereby protecting their invitees and the public;

g. Failing to have an adequate number of security guards to protect their invitees and the public;

h. Failing to hire and/or retain competent security guards to protect their invitees and the public;

i. Failing to provide and/or properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect their invitees and the public;

j. Failing to implement adequate security policies, security measures, and security procedures necessary to protect invitees, invitees, and members of the public;

k. Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

l. Failing to adequately provide an overall security plan that would meet the known industry standards and customs for safety in the community;

m. Preceding paragraphs A through M, individually and/or as a whole, represent deviations from the existing standard of care with regard to security as recognized by businesses; and

n. Additional acts of negligence not yet discovered.

33.

Defendants, through their agents and employees, failed to have any procedures governing the inspection, supervision, and/or security on the property where the subject incident occurred; or in the alternative,

a. Defendants, through their agents and employees, did in fact have procedures governing the inspection, supervision, and security of its property as a whole; however, Defendants failed to implement said procedures; or in the alternative,

b. Defendants, through their agents and employees, did have procedures governing the inspection, supervision, and security of its property as a whole but exercised the same in a careless and negligent manner.

34.

At all material times, Defendants, through their agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing and maintaining proper security measures adequate to ensure the safety of their invitees and the public, including the areas of the premises where the subject incident occurred.

35.

Defendants, through their agents, servants, and employees, created and/or allowed to be created said dangerous conditions as stated above on the subject premises. Further, Defendants failed to warn and/or protect their invitees and the public, including but not limited to Plaintiff, of the existence of said dangerous conditions; or in the alternative, did allow said dangerous conditions to exist for a length of time sufficient in which a reasonable inspection would have disclosed the danger.

36.

The negligence of the Defendants proximately caused injury to Prince Nnamdi Oluzor, and directly led to him being shot, in that:

a.  There was inadequate and/or nonexistent visible deterrence to prevent said shooting.

b.  There was inadequate and/or nonexistent physical deterrence to prevent said shooting.

c.  An atmosphere was created at the Defendants' premises which facilitated the commission of crimes against persons, through its disregard for prior similar crimes, disregard of its premises being located in a high crime area and disregard for crimes that would have put an ordinary prudent person on notice.

37.

At all times material hereto, Defendants did cause Prince Nnamdi Oluzor to sustain severe personal injuries and death, in that it knew or should have known of the foreseeable criminal activity on its premises, and by failing to prevent harm to their invitees from foreseeable criminal acts of third parties.

38.

Prince Nnamdi Oluzor suffered severe and permanent injuries and death due to the combining and concurring negligent acts and omissions of all of the Defendants, and Plaintiff is entitled to recover damages.

39.

By reason of the foregoing, Plaintiffs are entitled to recover compensatory damages from Defendants, jointly and severally, in amounts to be proven at trial.

## **PUNITIVE DAMAGES**

40.

Plaintiffs incorporate the allegations contained in all previous paragraphs.

41.

The actions of Defendants were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

42.

Accordingly, Defendants are liable to Plaintiffs for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

43.

The shooting resulted in the death of Prince Nnamdi Oluzor.

**WRONGFUL DEATH**

44.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

45.

This Second Amended Complaint is also brought to recover damages and compensatory damages sustained by Plaintiff Onyeka Obioha for the wrongful and untimely death of her spouse, decedent Prince Oluzor.

46.

Defendants having been negligent as described above and said negligence having resulted in the death of Prince Oluzor, Plaintiffs are entitled to recover from Defendants for their damages as the legal spouse of Prince Oluzor.

**LOSS OF CONSORTIUM**

47.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if

each were fully set forth herein in their entirety.

48.

This Second Amended Complaint is also brought to recover damages sustained by Plaintiff Onyeka Obiaha to the loss of consortium of her spouse, Prince Nnamdi Oluzor.

49.

Defendants having been negligent as described above and said negligence having resulted in the death of Prince Nnamdi Oluzor, Onyeka Obiaha is entitled to recover from Defendants for her loss of consortium as the legal spouse of Prince Nnamdi Oluzor.

## **PRAYER FOR RELIEF**

1. That a trial by jury take place on all issues so triable under Georgia law;

2. That summons and process issue and service be had upon Defendants in this action;

3. For funeral and burial expenses;

4. That judgment be rendered against Defendants, jointly and severally, and in favor of Plaintiffs to fully compensate them for Plaintiffs' personal injuries, pain and suffering;

5. That judgment be rendered against Defendants, jointly and severally, and in favor of Plaintiffs, in an amount sufficient to compensate Plaintiffs for medical expenses incurred to date, as well as for medical expenses which will be incurred in the future;

6. That judgment be rendered against Defendants, jointly and severally, and in favor of Plaintiffs, in an amount sufficient to compensate Plaintiffs for all such other economic and non-economic loses as may be shown at the hearing of this matter to the full extent allowed under Georgia law;

7. That punitive damages be recovered in an amount the jury believes to be just, fair and equitable, given the fats and issues in this case;

8. That Plaintiffs recover court costs, discretionary costs, and prejudgment interest; and

9.     For such other and further relief as this Court deems just and proper.

This 22nd day of March, 2023.

Respectfully submitted,

*Nigel Phiri*
NIGEL PHIRI
Georgia Bar No. 110935
*Attorney for Plaintiff*

LAW OFFICE OF NIGEL PHIRI, ESQUIRE, LLC
3379 Peachtree Road NE, Suite 555
Atlanta, Georgia 30326
T: 888-338-4878
nigel@npesq.com

**E-FILED**
23EV001006
3/22/2023 4:44 PM
Donald Talley, Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

ONYEKA OBIOHA, as Wife and Next
Friend of PRINCE NNAMDI OLUZOR,
and ONYEKA OBIOHA, as the
Administratrix of the Estate of PRINCE
NNAMDI OLUZOR (deceased),

      **Plaintiffs,**

      **vs.**

BP AMERICA INC, BP NORTH AMERICA
INC, SHAMIM INVESTMENTS LLC,
CLIPPER PETROLEUM, INC., XYZ
CORP. 1-3 and JOHN DOES 1-5,

      **Defendants.**

**CIVIL ACTION FILE NO: 23EV001006**

### PLAINTIFFS' NOTICE OF 30(b)(6) VIDEO DEPOSITION TOPICS TO THE DESIGNATED REPRESENTATIVE FOR DEFENDANT CLIPPER PETROLEUM, INC.

COMES NOW Plaintiffs and file this their Notice of Plaintiffs' 30(b)(6) Deposition Topics to Defendant Clipper Petroleum, Inc. (hereinafter referred to as "Defendant"), requesting that, pursuant to O.C.G.A. 9-11-30(b)(6), Defendant is to designate one or more officers, directors, or managing agents, or other persons who consent to testify on Defendant's behalf pertaining to the incident that occurred at the BP gas station located at 329 14th Street NW, Atlanta, Georgia, 30318 on August 31, 2021 in which Prince Nnamdi Oluzor was shot and killed, and specifically:

### GENERAL TOPICS:

1. The identity of all Defendant's employees or contractors you spoke with to prepare to discuss the topics in this deposition notice.

2. The subject matter and content of all communications between you and any individual to prepare yourself to discuss the topics in this deposition notice, **not including communications containing legal advice from attorneys or legal professionals.**

3. All documents, photographs, videos, pleadings, discovery responses, and/ or written communications you reviewed to prepare to discuss the topics in this deposition notice, **not including those containing legal advice prepared by attorneys or legal professionals.**

### TOPICS REGARDING THE SUBJECT PREMISES

4. Ownership and ownership structure of the subject Premises.

5. All liability, including excess policies, providing liability insurance for injuries on Premises in effect on August 31, 2021.

6. The names and job titles for all individuals that worked on the Premises on August 31, 2021.

7. The names and job titles for all individuals that spoke with Plaintiff while he was on the Premises on August 31, 2021.

8. Knowledge of any employee handbook for Defendant that was in effect at the time of the incident.

9. Identification of any aerial photograph/floor plan/blueprint of the subject Premises including the area where the subject incident occurred;

10. Defendant's membership in all local or state associations;

11. Any lease between any Defendant and any other person or entity on the date of the subject incident;

12. Any and all written agreements, contracts, and subcontracts in effect on the date of incident by and between Defendant, regarding management or security for the Premises;

13. The documents and other materials created or preserved by Defendant in the ordinary course of business concerning the incident alleged in Plaintiffs' Complaint before litigation was reasonably anticipated;

14. Any and all written agreements, contracts, and subcontracts in effect on the date of incident by and between Defendant, regarding management or security for the Premises;

15. Operational factors in effect on the Premises on August 31, 2021, to include:

2

    a.   Hours of operation;

    b.   Occupancy patterns;

    c.   Foot traffic;

    d.   Area of the Premises where the incident happened;

    e.   Frequency of premises inspections;

    f.   Location of any video surveillance equipment;

    g.   Identity of any security personnel on the Premises;

## TOPICS REGARDING SECURITY MEASURES

16.   All steps taken by Defendant from January 1, 2018 through the date of incident to provide security measures or crime deterrents on the Premises including,

    a.  Security cameras;

    b.  Lighting;

    c.  Security guards;

    d.  Posted notices/signs;

    e.  Gates and fences or other barriers;

    f.  Controlled access;

    g.  Keycard access; and

17. The process used by Defendant to determine which, if any, measures would be taken to provide security measures on the Premises;

18. Names and contact information for any private security personnel on the Premises on the date of incident;

19. Defendant's policies and procedures for providing security for their patrons and employees at the Premises on the date of incident;

20. Training Defendant provided to its employees from January 1, 2018 through the date of incident related to identifying, preventing, and reporting potential crimes on the Premises;

21. Defendant's policies, procedures, and training for determining what security measures were necessary on the Premises on the date of incident;

22. Notices regarding safety warnings, safety rules, and safety precautions that were provided by Defendant regarding security on the date of incident and for the one year immediately preceding the incident;

23. Sources, studies, literature, and data used to determine the frequency of inspections of the Premises for security measures on the date of incident and for the one year immediately preceding the incident;

24. Any notices/reports/complaints Defendant received on the date of incident and for the one year immediately preceding the incident regarding security on Premises from any patrons, guests, employees and/or agents.

25. Defendant's policies and procedures in effect on the date of incident regarding individuals loitering on the Premises;

**TOPICS REGARDING CRIMINAL ACTIVITY**

26. All criminal activity occurring from January 1, 2018 through the date of incident known to Defendant and its employees, agents, patrons or representatives which occurred on and within five hundred feet (500') of the Premises, including crimes related to:

    a. Gambling;

    b. Prostitution;

    c. Aggravated assault;

    d. Solicitation;

   e.   Drug sales;

   f.   Robbery;

   g.   Motor vehicle theft;

   h.   Burglary;

   i.   Rape and/or sexual assault;

   j.   Shooting(s); and

   k.   Murder.

27. All actions taken by Defendant to prevent, dissuade, or report criminal activity on the Premises from January 1, 2018, through the date of incident.

28. Knowledge of any security consultant reviews at the subject Premises for the one year prior to the date of incident;

29. Identity of any patrons that are knowledgeable of the subject incident;

30. Precautionary measures taken by Defendant in order to reduce and/or prevent criminal activity at the Premises for the three years prior to the subject incident;

31. Any and all entry process used for access gates and parking garages at the Premises on the date of incident including code assignments and steps required to enter such gates.

32. Any solicitations, estimates, bids, or quotes for repair or maintenance of exterior lighting, security gates, surveillance cameras, parking garages, patrol officers on the Premises at any time between the date of incident and for the three (3) immediately preceding years;

33. Any changes, repairs, modifications, additions, or alterations of any kind in connection with the Premises since the date of the incident;

34. Any changes, repairs, modifications, additions, or alterations of any kind in connection with the security on the Premises since the date of the incident;

5

35. Complaints regarding suspicious or criminal activity at or near the Premises for the three (3) years preceding the date of subject incident;

36. All policies and procedures of Defendant to determine whether illegal activity was taking place on its Premises in effect from January 1, 2018 through the date of incident;

37. The identity of any persons who performed security patrols on the Premises on the date of incident and one year immediately preceding the incident;

38. All instances in which police officers were called to the Premises from January 1, 2018 through the date of incident;

39. All instances in which police officers obtained footage from security/ surveillance cameras on the Premises in connection with investigation of criminal activity on the Premises from January 1, 2018 through the date of incident;

40. All conversations, considerations, and discussions between Defendant's employees, officers, agents, representatives and any police officers or security experts related to providing security on the Premises from January 1, 2018 through the date of incident;

41. Defendant's reprimand policy for any violations/deviations/failures to follow   and/implement security measures on the Premises on the date of incident;

**TOPICS REGARDING THE SUBJECT INCIDENT**

42. How the subject incident occurred.

43. The last premises inspection of the subject area prior to Plaintiff's being shot.

44. Who is fault for the subject incident.

45. Whether the presence of uniformed personnel could have prevented the incident.

46. Police report(s) regarding the subject incident.

47. The documents and other materials created or preserved by Defendant in the ordinary

48. course of business concerning the incident alleged in Plaintiffs' Complaint before litigation was reasonably anticipated;

**TOPICS REGARDING INCIDENT and INCIDENT REPORTING**

49. All correspondences you received from Plaintiff and/ or Plaintiff's attorney within one year after the date of incident, including the date of receipt, content, and instructions.

50. The identity of all individuals who created an incident report, inspected the scene of Plaintiff's incident on the Premises, spoke with Plaintiff about the incident, and spoke with any other potential witnesses to the subject incident.

51. Your procedures for investigating and documenting incidents involving bodily injuries on the Premises on or about the date of incident.

52. The method and policy for completing incident reports by you and your employees on August 31, 2021.

53. All information you collected during your investigation of this incident as part of your standard operating procedure related to reports of personal injuries on the Premises. **NOTE: This topic specifically requests information that was obtained prior to the involvement of your attorneys and does NOT include any information obtained as part of work-product of your attorneys.**

54. The results of any investigation by you and your employees to determine what may have caused the subject incident. **NOTE: This topic specifically requests information that was obtained prior to the involvement of your attorneys and does NOT include any information obtained as part of work-product of your attorneys.**

55. Reprimands, punishments, or warnings given to employees in connection with Plaintiff's incident on August 31, 2021.

## VIDEO SURVEILLANCE

56. The location, quantity, type, model, and brand of any and all surveillance/ video cameras and recording equipment located on the Premises on August 31, 2021.

57. The operation of any such video surveillance equipment on August 31, 2021, including self-deleting functions and preservation options of the footage.

58. The individuals with access and control of the video surveillance footage from the Premises on August 31, 2021.

59. The current location and status of any and all video surveillance footage from the Premises from the date of incident.

60. Your policies and procedures related to preserving video surveillance footage in the event of a reported personal injury on the Premises on or about the date of incident.

61. Defendant's Answer to Plaintiffs' Complaint.

62. Defendant's responses to Plaintiffs' discovery requests.

63. Defendant's website.

This 22nd day of March, 2023.

Respectfully submitted,

*/s/ Nigel Phiri*
Nigel Phiri
Georgia Bar Number 110935
*Attorney for Plaintiff*

LAW OFFICE OF NIGEL PHIRI, ESQ.,
LLC
3379 Peachtree Road NE, Suite 555
Atlanta, Georgia 30326
T: 888-338-4878
nigel@npesq.com

**E-FILED**
23EV001006
3/22/2023 4:44 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

ONYEKA OBIOHA, as Wife and Next
Friend of PRINCE NNAMDI OLUZOR,
and ONYEKA OBIOHA, as the
Administratrix of the Estate of PRINCE
NNAMDI OLUZOR (deceased),

      **Plaintiffs,**

           vs.

BP AMERICA INC, BP NORTH AMERICA
INC, CLIPPER PETROLEUM, INC. LLC,
CLIPPER PETROLEUM, INC. LLC, XYZ
CORP. 1-3 and JOHN DOES 1-5,

      **Defendants.**

**CIVIL ACTION FILE NO: 23EV001006**

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
CLIPPER PETROLEUM, INC. LLC**

COMES NOW Plaintiffs in the above-styled action and hereby requests that Defendant

Clipper Petroleum, Inc. LLC admit for the purpose of this action the truth of the following facts

within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-

11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons

why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its

entirety, please specify that part which you cannot admit or deny and state in detail the reasons for

any such qualifications. If you assert any claim of privilege in response to any or all of these

requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted,

the nature of the privilege claimed (e.g. attorney-client, work-product, etc.) and the basis for your

claim.

## REQUESTS FOR ADMISSIONS

1.

Please admit that this action brought against the Defendant properly and correctly names the parties liable in this cause of action.

2.

Please admit that jurisdiction of the Amended Complaint filed by Plaintiffs is properly brought before this Court in Fulton County, Georgia.

3.

Please admit that the service of process against the Defendant was proper.

4.

Please admit that on the date of this incident as alleged in the Amended Complaint, you owned the BP gas station, which is located at 329 14th Street NW, Atlanta, Georgia 30318 (hereinafter the "Premises" or "Property").

5.

Please admit that on the date of this incident as alleged in the Amended Complaint, you were responsible for operating/managing/maintaining the Premises.

6.

Please admit that on the date of this incident as alleged in the Amended Complaint, you were responsible for providing security on the Premises.

7.

Please admit that on the date of this incident as alleged in the Amended Complaint, Prince Nnamdi Oluzor was on the Premises to purchase gas.

8.

Please admit that Prince Nnamdi Oluzor was shot and killed on the subject Premises on the date alleged in the Amended Complaint.

9.

Please admit that is your duty to take all reasonable precautions to assure the safety and security of invitees on the Premises.

10.

Please admit that if security devices on Premises fail to work properly, it is your duty to repair or replace them.

11.

Please admit that there was surveillance footage of the underlying shooting on the date of the incident.

12.

Please admit you informed the responding police office that you deleted the footage of the surveillance that captured the shooting on Prince Nnamdi Oluzor.

13.

Please admit that it is foreseeable that the failure of a security guard to adequately provide security at the Premises could result in the shooting of an invitee on the Premises.

14.

Please admit that you had the duty to provide adequate security to the invitees who patronize the Premises on the date of the subject incident.

15.

Please admit that you were aware of reports of criminal acts at and/or near the Premises prior to the date of the subject incident.

16.

Please admit that there was no security patrol on the Premises at the time of Prince Nnamdi Oluzor's shooting death.

17.

Please admit that there was a history of criminal activity on the Premises prior to August 31, 2022.

18.

Please admit that the subject Premises were in an area that received increased criminal activity in the year prior to August 31, 2022.

19.

Please admit that in the year(s) prior to the shooting death of Prince Nnamdi Oluzor, you or your employees asked the police department to increase their presence on and around the property.

20.

Please admit that you agree that security patrols on the Premises and surrounding area deters crime.

21.

Please admit that you or your employees met with the police sometime in the years prior to the shooting death of Prince Nnamdi Oluzor discuss security on the subject Premises.

22.

Please admit that Prince Nnamdi Oluzor died as a result of being shot on the subject Premises.

23.

Please admit that Prince Nnamdi Oluzor's shooting death was the result of your failure to ensure that there was adequate security on the Premises.

24.

Please admit that the police were called onto the Premises on August 31, 2022 because of a shooting incident on the Premises.

25.

Please admit that when the responding officer arrived, employees/witnesses/customers confirmed there had been a shooting on the Premises.

***This Request for Admissions is served upon you together with Plaintiffs' Summons and Amended Complaint.***

This 16th day of March, 2023.

Respectfully submitted,

*Nigel Phiri*
NIGEL PHIRI, ESQ.
Georgia Bar No. 110935
Attorney for Plaintiffs

LAW OFFICE OF NIGEL PHIRI, ESQUIRE, LLC
3379 Peachtree Road NE, Suite 555
Atlanta, Georgia 30326
T: 678-813-0498
nigel@npesq.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

ONYEKA OBIOHA, as Wife and Next
Friend of PRINCE NNAMDI OLUZOR,
and ONYEKA OBIOHA, as the
Administratrix of the Estate of PRINCE
NNAMDI OLUZOR (deceased),

      Plaintiffs,                      CIVIL ACTION FILE NO: 23EV001006

      vs.

BP AMERICA INC, BP NORTH AMERICA
INC, XYZ CORP. 1-4 and JOHN DOES 1-5,

      Defendants.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CLIPPER PETROLEUM, INC. LLC

Plaintiffs, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submit herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental

answers must be filed and served upon the counsel of record for the above-named Plaintiffs within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the Law Office of Nigel Phiri, Esquire, LLC, 3379 Peachtree Road NE, Suite 555, Atlanta, Georgia 30326 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.   DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.    <u>INTERROGATORIES</u>

1.

Please identify yourself, giving your full name, residence and business address, occupation, salary, and the position you hold with Defendants.

2.

State the name and address of any person, including any party, who to your knowledge information or belief:

a)   was an eyewitness to the incident underlying this litigation;

b)   has some knowledge of any fact or circumstance upon which your defense is based; or

c)   has conducted any investigation relating to the incident underlying this litigation or the background, employment, medical history or activities of Prince Nnamdi Oluzor.

d)   the names, addresses, and job titles of all employees who were working on the premises at the time of the alleged occurrence.

e)   the name and address of the person who reported the incident.

f)   the name, address, and job title of the person or persons responsible for ensuring the safety of the area in which Prince Nnamdi Oluzor was shot and killed.

3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

4.

Has any entity issued a policy of liability insurance to you or which is or arguably should be extending insurance coverage to you? If so, please state for each policy:

    (a)    the name of the insurer providing liability insurance;

    (b)    the limits of coverage;

    (c)    the name of the insured on the policy; and

    (d)    the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance? If so, please explain.

6.

State each and every fact supporting your contention that the Prince Nnamdi Oluzor's actions contributed to the incident underlying this litigation and identify:

    (a)    each eyewitness that will testify to those facts; and

    (b)    each and every document or tangible piece of evidence that will evidence those facts.

7.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

    (a)    state the subject matter on which s/he is expected to testify;

    (b)    state in detail the opinions held by each such expert or technician; and

    (c)    give a complete summary of the grounds for each opinion held.

8.

Please state the name, address and telephone number for the person or entity that:

a) Owned the premises where the incident made the basis of this lawsuit occurred at the time said incident occurred

b) Operated the premises where the incident made the basis of this lawsuit occurred at the time said incident occurred;

c) Had control over the premises where the incident made the basis of this lawsuit occurred at the time said incident occurred;

d) Was responsible for providing security on the Premises at the time the subject incident occurred; and

e) Was responsible for the inspection, maintenance and repair of any defects or unsafe conditions on the premises where the incident made the basis of this lawsuit occurred at the time said incident occurred.

9.

Please state whether any photographs, films, videotapes, and all other photographic evidence which is or may be relevant to any issue in this lawsuit has been generated in connection with any matter relevant herein. If so, please provide the name, address, telephone number, and employer of the person who has possession.

10.

State whether there have ever been any Amended Complaints regarding suspicious or criminal activity at or near the Premises for the three (3) years preceding the date of subject incident and if so, for each such Amended Complaint please provide:

a. The name, address and phone number of the person or persons making such Amended Complaint;

b. Whether a record of any such Amended Complaint was made and who has possession of same;

c. The resulting action from such Amended Complaint (i.e., reported to police, enhanced security, etc.)

11.

State whether there have been any changes, repairs, modifications, additions, or alterations of any kind in connection with the Premises.  For each such change, repair, modification, addition, alteration, etc. please state:

a. The nature of the same;

b. The reason for the same;

c. The name and address of all persons making the same;

d. Whether any documents were generated in connection with same.

12.

State whether there have been any changes, repairs, modifications, additions, or alterations to the security provided on the Premises.  For each such change, repair, modification, addition, alteration, etc. please state:

a. The nature of the same;

b. The reason for the same;

c. The name and address of all persons making the same;

d. Whether any documents were generated in connection with same.

13.

Describe, in your own words, how the shooting death of Prince Nnamdi Oluzor, the incident forming the basis of this Amended Complaint, happened.

14.

Please identify any and all of the employees and or/agents of Defendant that worked on the Premises at the time the incident forming basis of this suit. Include name, address, phone number, current employer, and length of employment with this Defendant. Please also provide information on any new employees and/or agents, if applicable.

15.

What reasonable precautionary measures, if any, did Defendants take in order to reduce and/or prevent criminal activity occurring on its property?

16.

State all convictions Defendants intend to use regarding:

a.      Any persons listed by any party to this lawsuit as a person having knowledge of relevant facts;

b.      Any person listed by any party to this lawsuit as an expert expected to testify at trial; and

c.      Any party to the suit.

17.

If you contend that any negligence on the part of Prince Nnamdi Oluzor or any other person/company was a cause of the incident(s) forming the basis of this lawsuit, please list specifically:

a.      each act and/or omission on the part of the person that you contend constitutes negligence on his or her part; and

b.      the source of such information.

18.

Identify (by name and job title) each person to whom Defendants assigned, direct, or supervisory responsibilities for monitoring, evaluating, securing and/or documenting the Premises for criminal activity at any time between August 31, 2022 and for the three (3) immediately preceding years.

19.

Identify (by name and job title) each person employed by Defendants who solicited, estimates, bids, or quotes for repair or maintenance of exterior lighting, security gates, surveillance cameras, parking garages, patrol officers on the Premises f at any time between August 31, 2022 and for the three (3) immediately preceding years.

20.

Identify each vendor from whom Defendants solicited estimates, bids, or quotes for repair or maintenance of exterior gates, exterior lighting, fences, surveillance cameras, parking garages, and security officers at the Premises at any time between August 31, 2022 and for the three (3) immediately preceding years.

21.

Describe the approval process used by Defendants for approving expenditures of funds for securing the Premises.

22.

State your contention regarding how and when the assailant who shot and killed Prince Nnamdi Oluzor entered onto the Premises on the date of the subject incident.

23.

Describe the activities regarding securing the subject Premises performed by any security personnel on August 31, 2022.

24.

Describe the method or means used by Defendants to identify specific locations of specific surveillance cameras (if any) installed at the Premises.

25.

Describe the method or means used by Defendants to identify when security officers should patrol the Premises.

26.

Identify each lawsuit filed or pending against Defendants (by style of each case and the county of suit along with attorney names and outcome of the case).  This request is limited to the past 10 years.

27.

Identify Defendants' membership in all local or state business associations.

28.

What criminal activity occurred at or within a five (5) mile radius of Premises?  This request is limited to the past 10 years.

29.

Describe any and all correspondence between you and any person and/or entity providing security on the Premises on August 31, 2022.

## REQUEST FOR PRODUCTION TO DEFENDANTS

1.

Please produce all investigation reports conducted by Defendants as it relates to the shooting death of Prince Nnamdi Oluzor.

2.

Please produce any and all leases between any Defendants in effect on August 31, 2022 regarding the Premises.

3.

Please produce any documents showing any and all reasonable precautions you undertook to provide adequate security on the Premises on the date of incident and the three (3) years prior to the date of incident.

4.

Please produce any and all photographs and videos of the Premises.

5.

Please produce a layout that describes the subject Premises.

6.

Please produce all written agreements, contracts, and subcontracts in effect on August 31, 2022, by and between Defendants, regarding management or security for the Premises.

7.

Please produce all Amended Complaints made to Defendants.  This request is limited to the three (3) years preceding subject incident.

8.

Please produce all documents in the past five (5) years related to Amended Complaints about the security at the Premises.  Please include Amended Complaints related to lighting, access and exit gates, parking garages, fencing, criminal and suspicious activity at or near the Premises, incident reports, statements, customers notices, etc.

9.

Please produce a copy of all notices, warnings, and documents given to invitees after the shooting death of Prince Nnamdi Oluzor.

10.

Please produce all information regarding securing the Premises and each security measure and/or precaution you provide on the Premises on August 31, 2022 and the three (3) years immediately preceding the subject incident.

11.

Please produce all notices and communications between Defendants and any person or entity of the Premises regarding occurrences or Amended Complaints of criminal behavior. This request is limited to the past five (5) years.

12.

Please produce all notices and communications provided to Defendants by any patron of the Premises regarding fencing, lighting, access codes, inoperative access or exit gates and garages. This request is limited to the past five (5) years.

13.

Please produce all notices and communications provided to Defendants by any patron of the Premises regarding fencing, lighting, access codes, inoperative access or exit gates and garages. This request is limited to the past five (5) years.

14.

Please produce all notices and communications between Defendants and patrons of the Premises regarding disrepair of perimeter fencing and parking garages. This request is limited to the past five (5) years.

15.

Please produce all communication (including emails and texts) between you and any Defendant regarding occurrences of criminal behavior, or calls for service to law enforcement, at or near the Premises. This request is limited to the past five (5) years.

16.

Please produce all documentation you have as it relates to criminal behavior at or near the Premises. This request is limited to the past five (5) years.

17.

Please produce all notices and communications provided by Defendants to any resident of the Premises regarding occurrences or Amended Complaints of criminal behavior. This request is limited to the past five (5) years.

18.

Please produce all communication and emails between Defendants and law enforcement agencies regarding occurrences of criminal behavior at or near the Premises. This request is limited to the past five (5) years.

19.

Please produce all documents and crime statistics regarding occurrences of criminal behavior or calls for service at the Premises from 2016 to 2019. This includes all information obtained from law enforcement as well as the Defendants' own account.

20.

Please produce all communication and emails between Defendants and law enforcement agencies regarding occurrences of criminal behavior or calls for service within one mile of the Premises from 2016 to 2019. This request is limited to the past five (5) years.

21.

Please produce all documents and crime statistics regarding occurrences of criminal behavior or calls for service within one mile of the Premises from 2016-2019. This includes all information obtained from law enforcement as well as the Defendants' own account.

22.

Please produce all invoices, work orders, contracts, payments, and communication between Defendants and any service provider, employee, or contractor who repaired or maintained the security gates, fences, and exterior lighting devices at the Premises. This request is limited to the past five (5) years.

23.

Please produce the lease contract that was in effect on August 31, 2022 between Defendants.

24.

Please produce the current lease contract for potential tenants at the Premises.

25.

Please produce all policies in effect on the Premises on August 31, 2022.

26.

Please produce all content of an incident notification binder maintained by Defendants regarding letters or notices for the Premises. This request is limited to the past five (5) years.

27.

Please produce all policies, procedures, and checklists in effect during 2016 to 2019 regarding repair and maintenance at the Premises, including but not limited to the following:

    a.   Perimeter fencing and security gates;

    b.   Controlled access or security gates for driveway and parking lot entrances and exits;

    c.   Lighting, especially in the parking garages/lots and exterior common areas;

    d.   Security cameras and surveillance; and

    e.   Patrolling of the subject Premises.

28.

Please produce all documents, digital images, and photographs regarding the condition of the following items at any time between 2016 to 2019 at the Premises:

a.   Perimeter fencing and security gates;

b.   Controlled access or security gates for driveway and parking lot entrances and exits;

c.   Lighting, especially in the parking garages/lots and exterior common areas;

d.   Security cameras and surveillance; and

e.   Patrolling of the subject Premises.

29.

Please produce your security plan or security policy in effect on August 31, 2022 at the Premises.

30.

Please produce your policy, system, and procedure in effect on August 31, 2022 for onsite managers to follow after (a) any Amended Complaint by employees, invitees, or the public, regarding crime and (b) an occurrence of crime.  If this policy has changed since Prince Nnamdi Oluzor was shot and killed on your property, please provide the updated information.

31.

Please produce documentation of the following acts or conduct of Defendants following the incident in question:

a.  Notification of Defendants' supervisors, managers, employees and offsite managers;

b.  Photographs and videotapes and records documenting the condition of the premise;

c.  Statements taken by any witnesses and residents;

d.  Audio recordings regarding observations made, including the condition of the premises;

e.  Testing of exterior lightings, parking lots/garages and access or exit gates;

f.  Efforts to secure onsite and offsite records and correspondence regarding the residents involved or any history of information regarding security of the premises; and

g.  Training instructions or policies provided to onsite managers for preserving information after the occurrence of a serious crime on the premises.

32.

Please produce any documentation, including your reports to law enforcement and invitees, regarding trespassers on the Premises.  This request is limited to the past five (5) years.

33.

Please produce any and all incident statements by a party, customer, employee, agent, or witness involving allegations of criminal conduct at the Premises.  This request is limited to the past five (5) years.

34.

Please produce all budgets for the Premises regarding the following:

a.   Exterior lighting;

b.   Access and exit gates;

c.   Security personnel;

d.   Surveillance cameras;

e.   Parking garages/lots;

f.   Management; and

g.   Perimeter Fencing.

35.

Please produce all expenditures and accounting ledgers for the subject Premises in the past five (5) years regarding:

a.   Exterior lighting;

b.   Access and exit gates;

c.   Security personnel;

d.   Surveillance cameras;

e.   Parking garages/lots

f.   Management; and

g.   Perimeter Fencing.

36.

Please produce all work orders and invoices for the Premises in the past five (5) years regarding:

h.   Exterior lighting;

i.   Access and exit gates;

j.   Security personnel;

k.   Surveillance cameras;

l.   Parking garages/lots

m.  Management; and

n.   Perimeter Fencing.

37.

Please produce policies and procedures provided to employees and managers of the Premises in the past five (5) years regarding:

a.   Exterior lighting;

b.   Access and exit gates;

c.   Security personnel;

d.   Surveillance cameras;

e.   Parking garages/lots

f.   Management; and

g.   Perimeter Fencing.

h.   Criminal Behavior;

i.   Notices to Invitees of criminal behavior; and

j.   Perimeter Fencing.

38.

Please produce management surveys, security audits, due diligence services or analysis of security operations regarding the subject Premises.  This request is limited to the past five (5) years.

39.

Please produce documents that evidence the following people of the Premises in the last 5 years:

a.   All local onsite managers;

b.   Onsite maintenance supervisors;

c.   Onsite maintenance employees;

d.   Management for access gates and exterior lighting;

e.   Regional officers;

f.   Vice President of Operations;

g.   Regional Vice President;

h.   Accountant;

i.   President/CEO; and

j.   Owners.

40.

Please produce management reports regarding security issues.  This request is limited to the past five (5) years.

41.

Please produce all Defendants' retention/destruction of records and emails policies.

42.

Please produce all communications, notes, memorandum, and emails by and between managers and representatives of the Defendants between 2016 to 2019 as it relates to the following:

a.   Criminal Behavior;

b.   Security Assessments;

c.   Parking garages and lots;

d.   Patrol of the Premises;

e.   Providing security personnel;

f.   Access and Exit gates; and

g.   Exterior Lighting.

43.

Please produce all recordings and footage made by all on-site cameras (including but not limited to video and digital images) located at the Premises on August 31, 2022.

44.

Please produce all recordings and footage made by all on-site cameras (including but not limited to video and digital images) that recorded the area depicting the area where the subject incident happened on the Premises on August 31, 2022.

45.

Please produce all text, digital, and written communication as it relates to the shooting death of Prince Nnamdi Oluzor.

46.

Please produce all text, digital, and written communication as it relates to the security on the Premises. This request is limited to the past five (5) years.

47.

Please produce all text, digital, and written communication as it relates to security at the Premises.  This request is limited to the past five (5) years.

48.

Please produce all text, digital, and written communication as it relates to lighting at the Premises.  This request is limited to the past five (5) years.

49.

Please produce all text, digital, and written communication as it relates to crime at the Premises. This request is limited to the past five (5) years.

50.

Please produce all text, digital, and written communication as it relates to incident reports done at the Premises.  This request is limited to the past five (5) years.

51.

Please produce all documentation and information given to the Police Department and other authorities as it relates to the shooting incident that occurred on August 31, 2022.

52.

Please produce all video and digital recordings made by any employees and owners of the Premises on August 31, 2022 and 48 hours prior.

53.

Please produce a copy of any agreements between you and any other Defendant.

54.

Please produce any and all liability insurance policies (and the declarations pages thereto) in effect to provide coverage to Defendants for the incident made the basis of this lawsuit. This Request includes, but is not limited to (1) policies that provide such "excess" or "umbrella" coverage and (2) contracts, indemnity agreements, and other agreements pertaining to the subject matter of this litigation.

55.

Please produce any and all correspondence between you and any person and/or entity providing security on the Premises on August 31, 2022.

***These Interrogatories and Request for Production of Documents are served upon you together with Plaintiffs' Summons and Amended Complaint.***

This 22nd day of March, 2023.

Respectfully submitted,

                                                *Nigel Phiri*
                                                NIGEL PHIRI
                                                Georgia Bar No. 110935
                                                *Attorney for Plaintiffs*

LAW OFFICE OF NIGEL PHIRI, ESQUIRE, LLC
3379 Peachtree Road NE, Suite 555
Atlanta, Georgia 30326
T: 678-813-0498
nigel@npesq.com

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

**ONYEKA OBIOHA, as Wife and Next
Friend of PRINCE NNAMDI OLUZOR,
and ONYEKA OBIOHA, as the
Administratrix of the Estate of PRINCE
NNAMDI OLUZOR (deceased),**

   **Plaintiffs,**       **CIVIL ACTION FILE NO: 23EV001006**

   **vs.**

**BP AMERICA INC, BP NORTH AMERICA
INC, SHAMIM INVESTMENTS LLC,
CLIPPER PETROLEUM, INC. LLC, XYZ
CORP. 1-3 and JOHN DOES 1-5,**

   **Defendants.**

## RULE 5.2 CERTIFICATE OF SERVICE

   This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon Defendants with a copy of the following:

1. Summons to Clipper Petroleum, Inc. LLC;

2. Second Amended Complaint for Wrongful Death and Demand for Jury Trial;

3. Plaintiffs' First Request for Admissions to Defendant Clipper Petroleum, Inc.;

4. Plaintiffs' First Interrogatories and Request for Production of Documents to Defendant Clipper Petroleum, Inc.; and

5. Plaintiffs' Notice of 30b6 Topics to Defendant Clipper Petroleum, Inc.

   This 22nd day of March, 2023.

          */s/ Nigel Phiri*
          Nigel Phiri
          Georgia Bar Number 110935
          *Attorney for Plaintiff*

LAW OFFICE OF NIGEL PHIRI, ESQUIRE, LLC
3379 Peachtree Road NE, Suite 555
Atlanta, Georgia 30326
T: 888-338-4878
nigel@npesq.com