IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JABRE WADLEY,<br><br>               Plaintiff,<br><br>vs.<br><br>NEW DAIRY KENTUCKY, LLC d/b/a BORDEN DAIRY, ACE AMERICAN INSURANCE COMPANY, and TIMOTHY CORTER,<br><br>               Defendants. | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION<br>FILE NO.: |

## COMPLAINT

COMES NOW Jabre Wadley, "Plaintiff," and makes and files this Complaint against Defendants New Dairy Kentucky, LLC d/b/a Borden Dairy ("Borden Dairy"), ACE American Insurance Company ("ACE") and Timothy Corter ("Corter"), respectfully showing as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Jabre Wadley is a citizen and resident of the State of Georgia, and he is subject to the jurisdiction of this Court.

2.

Defendant Borden Dairy is a Delaware company that operates its vehicles in the State of Georgia. Defendant Borden Dairy is a foreign limited liability company existing under the laws of the State of Delaware with a principal place of business located in the State of Texas, and it is registered to transact business in the State of Georgia. Defendant Borden Dairy may be served by delivering a copy of the Summons and Complaint to its registered agent, Capitol Corporate Services, Inc., at 3675 Crestwood Parkway NW, Suite 350, Duluth, Gwinnett County, Georgia 30096. Defendant Borden Dairy is subject to the jurisdiction of this Court.

3.

Defendant ACE is a foreign corporation existing under the laws of the State of Pennsylvania with a principal place of business located in Pennsylvania, and it is registered to transact business in the State of Georgia. Defendant ACE may be served by delivering a copy of the Summons and Complaint to its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046. Defendant ACE is subject to the jurisdiction of this Court.

4.

Defendant Corter is a citizen and resident of the State of Tennessee and may

be served with a copy of the Summons and Complaint at his home address at 126 Viewmont Lane, Soddy Daisy, Tennessee 37379.

5.

Complete diversity exists among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper in this Court.

**BACKGROUND**

7.

This suit arises out of a motor vehicle collision that occurred on January 25, 2023 at approximately 8:00 a.m. on Interstate 20 in Fulton County, Georgia (hereinafter referred to as the "subject-collision").

8.

On January 25, 2023, Plaintiff was driving a vehicle eastbound on I-20 in Fulton County, Georgia.

9.

At that time, Defendant Corter was driving a tractor trailer on behalf of Defendant Borden Dairy eastbound on I-20 in Fulton County directly behind

Plaintiff's vehicle.

10.

Defendant Corter crashed into the rear of Plaintiff's vehicle.

11.

Defendant Corter was issued a citation for following too closely under O.C.G.A. § 40-6-49.

12.

As a result of the subject-collision, Plaintiff suffered severe and permanent injuries that required extensive treatment, including back surgery.

## **COUNT I – NEGLIGENCE**

13.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

Defendant Corter owed a duty to exercise due care while operating his vehicle; to drive his vehicle in a safe and reasonable manner; to maintain a proper lookout; to pay attention and avoid driver distraction at all times.

15.

Defendant Corter breached those duties and, therefore, he was negligent in colliding with the rear of Plaintiff's vehicle.

16.

Defendant Corter was negligent for rear-ending Plaintiff's vehicle.

17.

Defendant Corter was negligent for following too close under O.C.G.A. § 40-6-49 when he crashed into the rear of Plaintiff's vehicle.

18.

Defendant Corter was negligent for failing to keep a proper lookout when he crashed into the rear of Plaintiff's vehicle.

19.

Defendant Corter was negligent for failing to exercise ordinary care when he crashed into the rear of Plaintiff's vehicle.

20.

Defendant Corter's negligent conduct proximately caused the subject collision.

21.

Defendant Corter's negligence was the sole and proximate cause of the subject collision and the resulting injuries sustained by Plaintiff.

## COUNT II – IMPUTED LIABILITY

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

23.

At the time of the subject collision, Defendant Corter was working for Defendant Borden Dairy.

24.

At the time of the subject collision, Defendant Corter was under dispatch for Defendant Borden Dairy.

25.

At the time of the subject collision, Defendant Corter was operating the truck on behalf of Defendant Borden Dairy.

26.

At the time of the subject collision, Defendant Corter was acting within the course and scope of his employment with Defendant Borden Dairy.

27.

Defendant Borden Dairy is vicariously liable for the actions of Defendant Corter regarding the subject collision described in this Complaint under the doctrine of respondeat superior.

28.

Defendant Borden Dairy is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Corter in regard to the collision described in this Complaint under the doctrine of lease liability, agency, or apparent agency.

### **COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION**

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

Defendant Borden Dairy was negligent in hiring Defendant Corter and entrusting him to drive a tractor-trailer.

31.

Defendant Borden Dairy was negligent in failing to properly train Defendant Corter.

32.

Defendant Borden Dairy was negligent in failing to properly supervise Defendant Corter.

33.

Defendant Borden Dairy's negligence in hiring Defendant Corter and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## **COUNT IV – DIRECT ACTION**

34.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

35.

Defendant ACE is subject to a direct action as the insurer for Defendant Borden Dairy pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

36.

Defendant ACE was the insurer of Defendant Borden Dairy at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for interstate transportation.

37.

Defendants Borden Dairy and ACE are subject to the filing requirements outlined in pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

38.

Defendant ACE is responsible for any judgment rendered against Defendant Borden Dairy.

### **COUNT V – DAMAGES**

39.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 38 above as if fully restated.

40.

As a result of Defendants' negligence, Plaintiff suffered severe and permanent injuries that required extensive treatment, including injuries to his back that required surgery.

41.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

42.

As a result of Defendants' negligence, Plaintiff has missed time from work

and has a claim for past and future lost wages.

43.

As a result of Defendants' negligence, Plaintiff has experienced physical and mental pain and suffering, and will continue to experience pain and suffering in the future.

44.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

### **COUNT VI – PUNITIVE DAMAGES**

45.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 44 above as if fully restated.

46.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and, therefore, entitles Plaintiff to an award of punitive damages in this matter.

**WHEREFORE**, Plaintiff prays that he has a trial on all issues and judgment against Defendants as follows:

(a) That Plaintiff recover the full value of his past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b) That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(c) That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

(d) That Plaintiff recover such other and further relief as is just and proper.

This 4th day of August, 2023.

Respectfully Submitted,

**FRIED GOLDBERG LLC**

By: *Daniel J. Kingsley*
**MICHAEL L. GOLDBERG**
Georgia Bar No. 299472
**DANIEL J. KINGSLEY**
Georgia Bar No. 541547
*Attorneys for Plaintiff*

Three Alliance Center
3550 Lenox Road, Ste. 1500
Atlanta, Georgia 30326-4302
(404) 591-1800 (office)
(404) 591-1801 (fax)
michael@friedgoldberg.com
dan@friedgoldberg.com