UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
CIVIL DIVISION

DIRECT GENERAL
INSURANCE COMPANY,

        Plaintiff,

vs.

CHRISTOPHER EVANS and POLINA
DENISSOVA, individually and as co-
administrators of the ESTATE OF
ANDREW EVANS, ROGER
HARTSFIELD and D. MAX HIRSH, as
administrator of the ESTATE OF
SHANNON HARTSFIELD,

        Defendants.

CASE NO. 1:23-mi-99999-UNA

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Direct General Insurance Company ("Direct General"), through

its undersigned counsel, files its complaint for declaratory judgment against

Defendants Christopher Evans ("C. Evans") and Polina Denissova

("Denissova"), individually and as co-administrators for the Estate of Andrew

Evans, Roger Hartsfield ("R. Hartsfield"), and D. Max Hirsh, as administrator

for the Estate of Shannon Hartsfield (collectively "Defendants"), and states:

## THE PARTIES

1.    At all times material hereto, Plaintiff, Direct General, was and is

incorporated in the state of Indiana with its principal place of business in

1052192\314372968.v1

Indianapolis, Indiana.  Therefore, Direct General is a citizen of Indiana and not a citizen of Georgia within the meaning of 28 U.S.C. § 1332(c).

2.     At all times material hereto, Defendant, C. Evans, is and was a citizen of Cobb or Douglas County in the state of Georgia. Therefore, C. Evans is not a citizen of Indiana.

3.     At all times material hereto, Defendant, Denissova, is and was a citizen of Fulton County in the state of Georgia. Therefore, Denissova is not a citizen of Indiana.

4.     At all times material hereto, Andrew Evans ("A. Evans"), for which Defendants C. Evans and Denissova serve as co-administrators of his Estate, was a citizen of the state of Georgia. Therefore, A. Evans was not a citizen of Indiana.

5.     At all times material hereto, Defendant, R. Hartsfield, is and was a citizen of Bartow County in the state of Georgia. Therefore, R. Hartsfield is not a citizen of Indiana.

6.     At all times material hereto, Shannon Hartsfield ("S. Hartsfield"), for which Defendant D. Max Hirsh serves as administrator of her Estate, was a citizen of Bartow County in the state of Georgia. Therefore, S. Hartsfield was not a citizen of Indiana.

7.     Because Direct General is a citizen of Indiana, and C. Evans, Denissova, A. Evans, R. Hartsfield, and S. Evans are not and were not citizens of Indiana, there is complete and diverse citizenship of the parties.

## **JURISDICTION, AND VENUE**

8.     This is an action for declaratory judgment and other relief under 28 U.S.C §§ 2201 and 2202.

9.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon complete diverse citizenship of the parties and the provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under an insurance policy.

10.     There is complete diversity of citizenship between the parties, as Direct General is a citizen of Indiana, and all of the Defendants are citizens of Georgia.

11.     The amount in controversy exceeds this Court's minimum jurisdictional amount of $75,000, exclusive of interest, costs, and attorneys' fees. As discussed more fully below, C. Evans and Denissova are the holder of a judgment against D. Max Hirsh, as administrator of the Estate of S. Hartsfield (one of Direct General's insureds) for $14 million, which C. Evans and Denissova seek or will seek to enforce against Direct General. This amount far exceeds the jurisdictional minimum.

12.     Accordingly, under 28 U.S.C. § 1332(a)(1), this Court has jurisdiction based on the diversity of the citizenship of the parties.

13.     Venue lies proper in the Northern District of Georgia per 28 U.S.C. §§ 1391(a) and 1391(c) because all Defendants are (or were, with respect to the deceased Defendants) citizens within this District. Moreover, the underlying action for damages that gives rise to this dispute is pending in the State Court of DeKalb County, Georgia, which is located within this District.

14.     All conditions precedent to the filing of this action have occurred or otherwise have been excused or waived.

15.     Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the parties since the beginning of this action, namely regarding Direct General's handling of the A. Evans claim in relation to the subject underlying lawsuit, such that an action for declaratory judgment is ripe and appropriate.

## FACTUAL ALLEGATIONS

16.     Direct General issued personal auto insurance policy no. 09GABD590003426 to, in relevant part, R. Hartsfield and S. Hartsfield for the policy period of April 17, 2018 to January 30, 2019 (the "Policy"). The Policy is subject to bodily injury limits of $25,000 per person and $50,000 per accident,

and property damage limits of $25,000 per accident. The Policy is attached as Exhibit "1."

17.    On July 27, 2018, S. Hartsfield was driving an insured Toyota Avalon in Bartow County, Georgia. In her vehicle were passengers Nancy Evans ("N. Evans"), A. Evans, and Richie Willis ("Willis").

18.    At approximately 2:22 PM, the insured vehicle was involved in an accident with a vehicle driven by Shannon Justus ("Justus") in which Justus' two sons were also passengers. All occupants of the insured vehicle perished as a result of the collision. The occupants of the Justus vehicle all purportedly suffered bodily injuries.

19.    Direct General was first advised of the accident by August 1, 2018 by another insurance carrier alerted to the collision.

20.    Direct General immediately opened a claim file for the accident and began investigating liability, coverage, and damages. These measures included contact with R. Hartsfield to offer condolences, summarize relevant Policy details, and advise that the Policy limits would likely be insufficient to cover the injuries in both vehicles.

21.    On August 7 and 8, 2018, representatives of Direct General spoke with an attorney for C. Evans, father of A. Evans and son of N. Evans. On August 9, 2018, Direct General received two demands from counsel for C. Evans for the deaths of A. Evans and N. Evans. The demands sought the

Policy's applicable per person bodily injury limits and required acceptance within thirty days, in exchange for resolving C. Evans' wrongful death claims relating to A. Evans and N. Evans. The demands *did not* offer to resolve any estate claims, advising that no Estate had been set up and that no Estate would be set up. Moreover, the A. Evans demand did not offer to resolve any potential claim from Denissova, A. Evans' mother, for wrongful death. Furthermore, acceptance of the demands would have exhausted the limits available under the Policy and left nothing for other claims that had been or could be asserted by Willis or any occupant of the Justus vehicle.

22.    After receiving the demands, Direct General issued R. Hartsfield an "excess letter," advising him that liability may potentially exceed the limits available under the Policy. In the letter, Direct General also informed him that the matter may involve a global settlement conference to resolve all bodily injury claims stemming from the accident.

23.    On August 23, 2022, Direct General received an insurance disclosure request dated August 21, 2018 from counsel for the occupants of the Justus vehicle.

24.    On September 4, 2018, Direct General received a letter of representation and insurance disclosure request dated August 21, 2018 from counsel for Denissova, A. Evans' mother.

25.     Direct General decided to tender the available limits at a global

settlement conference led by attorney Michael St. Amand to resolve as many

of the bodily injury claims as possible and to protect its insureds.

26.     On September 6, 2018, Mr. St. Amand emailed a global settlement

letter to counsel for known claimants, which advised

> Direct General has agreed to tender its "per accident" liability
> limits of $50,000.00 among the bodily injury claimants and in an
> effort to be fair to all claimants and to its insured, would like the
> available limits to be allocated between all claimants based upon
> their relative injuries and damages.

> In order to fairly address the interests of all claimants, Direct
> General is asking representatives of all interested parties to
> attend a global settlement conference to determine a fair allocation
> of Direct General's $50,000.00 limits that is acceptable to all. The
> settlement conference will take place at 10:00 a.m. on Monday,
> October 8, 2018 at the offices of Gray, Rust, St. Amand, Moffett &
> Brieske, LLP.

A copy of this letter is attached hereto as Exhibit "2."

27.     On October 8, 2018, a global settlement conference took place

during which counsel for C. Evans and Denissova "joined forces" to take the

position that Direct General had failed to adequately respond to the August

demands (with counsel for Denissova latching onto the A. Evans demand

issued by counsel for C. Evans since the parents originally pursued claims

separately).

28.     On October 17, 2018, Direct General appointed Anne Gower to

serve as defense counsel for the matter.

29. Over the next two years, the parties continued their attempts to resolve the claims outside of litigation. These efforts included supplemental demands in excess of the limits from C. Evans and/or Denissova on behalf of N. Evans and A. Evans. Counsel justified the demand amounts by stating Direct General could have accepted the August 2018 demands by ignoring the Willis claim since it was received after the A. Evans and N. Evans demands. In such a scenario, C. Evans' counsel acknowledged that Willis' counsel "would have then had to advise her client that she had failed to act timely and make a demand/offer and unfortunately, the funds were exhausted to pay other claims."

30. In response, Direct General continued to make available the remaining limits of the Policy, after erosion of one-third by Willis' claim(s).

31. During this timeframe, Direct General continued to protect its insureds' interests by ensuring that Ms. Gower kept R. Hartsfield apprised of negotiation developments. Direct General also directly issued correspondence to R. Hartsfield with updates pertaining to potential excess exposure and the supplemental demands.

32. Despite these developments, no settlement was reached with respect to A. Evans.[1] On or about October 6, 2020, C. Evans and Denissova,

---

[1]   The N. Evans claim was resolved at mediation in November 2020.

individually and as Co-Administrators of the Estate of A. Evans, filed suit against D. Max Hirsh, as Administrator of the Estate of S. Hartsfield (the "Underlying Lawsuit"). The complaint asserted counts for negligence and bad faith against S. Hartsfield, and sought wrongful death damages, medical and final expenses, *and estate* damages, despite previously advising that no estate had been set up for A. Evans and that no estate would be set up in the future.[2]

33.    The Underlying Lawsuit proceeded to trial. On July 19, 2023, the matter was presented to the jury, which returned a verdict in favor of C. Evans and Denissova for $14 million. A copy of the Underlying Lawsuit's verdict is attached as Exhibit "3."

34.    Final judgment was entered in that amount on August 2, 2023. A copy of the Underlying Lawsuit's final judgment is attached as Exhibit "4."

35.    Now, it is Direct General's understanding that C. Evans and Denissova have sought or will seek to enforce the entire final judgment against Direct General.

36.    However, at all times material hereto, Direct General appropriately advised its insureds of settlement opportunities, advised them of the probable outcome of the litigation, warned them of the possibility of an

---

[2]    The estate claims were later dismissed by plaintiffs to the Underlying Suit.

excess judgment where appropriate, and advised them of any steps they could take to avoid an excess judgment.

37.    Likewise, at all times material hereto, Direct General appropriately investigated the facts based on materials available to it, gave fair consideration to settlement offers within the available policy limits, reasonably considered the interests of its insureds,  and attempted to settle where a reasonably prudent insurer faced with the prospect of paying the total recovery would do so.

## COUNT I – DECLARATORY RELIEF AGAINST ALL DEFENDANTS

38.    Direct General incorporates paragraphs 1 through 37 above as if fully stated herein.

39.    Direct General seeks a declaration that it owed no duty to settle the A. Evans claims upon receipt of the August 2018 A. Evans demand because the demand did not offer to resolve all claims within the applicable policy limits.

40.    Furthermore, Direct General seeks a declaration that R. Hartsfield was not a party in the underlying suit and therefore cannot be held liable for any judgment in excess of the Policy limits.

41.    Direct General also seeks a declaration that it properly and fully discharged its obligations of good faith in the handling of the subject claim for benefits, including the handling of any settlement negotiations.

42.   Direct General seeks a declaration that it is without liability to Defendants C. Evans, Denissova, R. Hartsfield, or any Estate, for any amount in excess of the applicable policy limits.

43.   There is a bona fide, present, and practical need for the declaration.

44.   The declaration pertains to a present, ascertainable set of facts and controversy among the parties.

45.   Direct General's rights and obligations in connection with the Policy are dependent upon the present, ascertainable facts and law, as well as the Court's application thereof to the Policy and such facts.

46.   Defendants have a present, antagonistic interest to Direct General under the Policy and subject matters of this action.

47.   The relief sought by Direct General is not merely for the purpose of obtaining an advisory opinion from the Court.

**WHEREFORE,** Direct General Insurance Company respectfully requests this Court :

1. Take jurisdiction and adjudicate the rights of the parties;

2. Declare that Direct General properly discharged its obligations of good faith in the evaluation of any and all claims stemming from or relating to the subject accident;

3. Declare that Direct General is without liability to C. Evans, Denissova, R. Hartsfield, or any Estate for any amount in excess of the applicable per accident bodily injury limit;

11

1052192\314372968.v1

4. Declare that C. Evans, Denissova, R. Hartsfield, or any Estate take nothing by this action;

5. Award costs in Direct General's favor; and

6. All further relief as this Court deems just and appropriate.

Date: August 4, 2023

Respectfully Submitted,

HINSHAW & CULBERTSON LLP

s/ *Rory Eric Jurman*

Rory Eric Jurman
Georgia State Bar No. 194646
rjurman@hinshawlaw.com

201 East Las Olas Boulevard
Suite 1450
Ft. Lauderdale, FL 33301

Telephone: 954-467-7900

Facsimile: 954-467-1024

Secondary: ibasail@hinshawlaw.com

*Attorneys for Direct General Insurance Company*