UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHILUWATA LUNGU**<br>  **Plaintiff,**<br><br>v.<br><br>**NATIONAL CREDIT ADJUSTERS, LLC**<br>  **Defendant,** | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Chiluwata Lungu, an individual consumer, against Defendant, National Credit Adjusters, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C 1331. Venue in this District is proper in that the Defendant transacts business in Buford, Georgia and the conduct complained of occurred in Buford, Georgia.

## III.  PARTIES

3. Plaintiff Chiluwata Lungu (hereinafter "Plaintiff") is a natural person residing in Buford, GA. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Plaintiff alleged "debt" as defined by the FDCPA, 15 U.S.C 1692a(5) this alleged debt at issue arose from a transaction entered into primarily for personal use.

5. Upon information and belief, National Credit Adjusters, LLC is a Kansas corporation with its principal place of business located at 327 W 4th Ave, Hutchinson, KS 67501.

6. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

## IV. FACTS OF THE COMPLAINT

7. Defendant National Credit Adjusters, LLC, (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

8. On or about June 16, 2023, Plaintiff reviewed his credit report on Experian.com.

9. On the credit report, Plaintiff observed a trade line from Debt Collector.

10. Debt Collector furnished a trade line of $290.00, allegedly owed to Mid- America Bank and Trust.

11. On June 21, 2023, Plaintiff made a dispute via telephone.

12. Plaintiff re-checked consumer report on July 21, 2023, and the debt collector information was not marked disputed. See **Exhibit A**. Defendant has had subsequent communication with the consumer reporting agencies and failed to communicate Plaintiff's dispute.

13. Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff and caused severe humiliation, emotional distress, mental anguish, and damage to his FICO scores.

14. National Credit Adjusters, LLC violated 15 U.S. Code § 1692e(8) for not communicating that the Plaintiff disputed the debt.

## V. FIRST CLAIM FOR RELIEF
**(National Credit Adjusters, LLC)**
**15 U.S.C 1692e(8)**

15. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

16. The Debt Collector violated the FDCPA.

17. The Debt Collector's violations include, but are not limited to, the following:

      (a)  The Debt Collector violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that the alleged debt was disputed by Plaintiff.

18. Because Plaintiff disputed the debt, National Credit Adjusters, LLC, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Sanchez v. Pinnacle Credit Servs., L.L.C., 195 F. Supp. 3d 1184 (D. Colo. 2016) (consumer's statements during telephone call that she owed much less than was claimed on phone bill was sufficient); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) ("We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

19. As a result of the above violations of the FDCPA, Debt Collector is liable to Plaintiff for actual damages, statutory damages, and costs.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chiluwata Lungu respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

By: /s/ Naja I. Hawk
**NAJA I. HAWK**
Pleadings@thehawklegal.com

**THE HAWK LEGAL COLLECTIVE**
The Hawk Legal Collective
730 Peachtree Street NE, #570
Atlanta, GA 30308

Phone: (404) 439-9310

*Counsel for Plaintiff*

**EXHIBIT A**

