IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DEMETRI A. DOBBS** and **ESTHER A. OGUNYEMI** | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action |
| **UR MENDOZA JADDOU**, Director of U. S. Citizenship and Immigration Services and **MICAH R. BROWN**, Director of Atlanta Field Office of U.S. Citizenship and Immigration Services, | ) ) ) ) ) ) ) | Case No.:_____ |
| Defendants. | ) ) | |
| _____ | ) | |

**ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

COME NOW Demetri A. Dobbs and Esther A. Ogunyemi, Plaintiffs, in the above-styled and numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants to compel action on Plaintiffs' Petition for Alien Relative and Application to Register Permanent Residence or Adjust Status. The applications were filed with and remain within the jurisdiction

of the Defendants, who have improperly denied said applications to Plaintiffs' detriment.

**PARTIES**

2. Plaintiff Demetri A. Dobbs (hereinafter "Plaintiff Petitioner") is 31-year-old native and citizen of the United States. On December 13, 2017, he filed a Petition for Alien Relative on behalf of his spouse, Mrs. Esther A. Ogunyemi, with USCIS.

3. Plaintiff Esther A. Ogunyemi (hereinafter "Plaintiff Beneficiary") is 38-year-old native and citizen of Nigeria (Alien Number: A-209-879-766). She filed an I-485, Application for Adjustment of Status, with the United States Citizenship and Immigration Services (hereinafter, "USCIS") on December 13, 2017. Her application was based on an I-130 Petition for Alien Relative concurrently filed on her behalf by her U.S. citizen spouse, Mr. Demetri A. Dobbs.

4. Defendant Ur Mendoza Jaddou is the Director of the USCIS and is sued in her official capacity. The USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant Jaddou is the Director of the USCIS and is charged with administrative and supervisory authority over all operations of USCIS, including the Atlanta Field Office.

5. Defendant Micah R. Brown is the USCIS Atlanta Acting Field Office Director, a branch of the Department of Homeland Security. Defendant Brown is sued in his official capacity and is the agency official of the USCIS generally charged with supervisory authority over all operations of the USCIS within his District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B) Specifically, Defendant Brown is responsible for the adjudication of petitions for alien relative and applications to register permanent residence or adjust status under § 245 of the Immigration and Nationality Act (INA) filed pursuant to 8 U.S.C. § 1151(a)(1). As will be shown, Defendant is the official who adjudicated Plaintiff's Petition.

## JURISDICTION

6. Jurisdiction, in this case, is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. § 701 *et seq.*; and 28 U.S.C. § 2201 *et seq.* Relief is requested according to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), insofar as this is an action against officers and agencies of the United States in their official capacities brought in the District where Plaintiffs reside, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

8. Plaintiffs in the instant case have exhausted their administrative remedies. No other remedy is adequate in this case because Defendants' decision constituted final agency action leaving no opportunity for appeal. Immediate action, such as that offered by the Administrative Procedure Act, is the only adequate relief.

## LEGAL BACKGROUND

9. The APA, 5 U.S.C. §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other adequate remedy in this situation because the Defendants have acted contrary to the law and regulations and wrongfully denied the Plaintiff's Application to Register Permanent Residence or Adjust Status. Absent any other adequate remedy in this situation, the only option for Plaintiff is this instant action in this court.

10. Moreover, 5 U.S.C. § 706 states:

    The reviewing court shall—

    **(1)** compel agency action unlawfully withheld or unreasonably delayed; and
    **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—

    **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

      **(B)** contrary to constitutional right, power, privilege, or immunity;

      **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

      **(D)** without observance of procedure required by law;

      **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

      **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

11. In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to properly adjudicate Plaintiff's application, and denied Plaintiff the "full panoply of procedural due process protections" to which he is entitled. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953).

12. "To determine whether an agency decision [is] arbitrary or capricious, the reviewing court must consider whether the decision [is] based on a consideration of the relevant factors and whether there ha[s] been a clear error of judgment." See *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990).

13. Examples of arbitrary or capricious agency decisions include those where an agency considers material which:

   > Congress has not intended it to consider, entirely fail[s] to consider an important aspect of the problem, offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

   *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983).

14. In the instant case, there is no doubt that the Defendants made a clear error of judgment, misapplied the law, and deprived the Plaintiffs of due process under the law. Defendants' conclusion that Plaintiff had willfully abandoned his application for the requested immigration benefit sought under the INA is clearly erroneous.

15. Defendants did not provide any information regarding the case status of Forms I-130 and I-485, or notice of any derogatory information, formal or otherwise.

16. It is impossible to rebut any derogatory evidence or resolve any unanswered questions solely because Defendants have provided no notice of the existence of such. The outcome of proceedings would have naturally been affected if Plaintiffs were afforded an opportunity to present a case at all.

17. Defendants' arbitrary and capricious action, abuse of discretion, and blatant violation of due process has caused and continues to cause harm to Plaintiffs, by unlawfully denying a privilege to which they are entitled. Accordingly, Plaintiffs are suffering continued damage.

## CLAIM FOR RELIEF

18. Plaintiff Beneficiary is a 38-year-old native and citizen of Nigeria. She currently resides with her United States citizen spouse, Mr. Demetri Allen Dobbs, in Douglasville, Georgia.

19. Plaintiff Petitioner filed a Petition for Alien Relative on behalf of his spouse, Esther A. Ogunyemi, on December 13, 2017. *See* **Exhibit 1**, Receipt of Form I-130 Petition for Plaintiff Beneficiary, MSC1890383853. The same day, Plaintiff Beneficiary filed an Application for Adjustment of Status. *See* **Exhibit 2**, Receipt of Form I-485 Application of Plaintiff Beneficiary, MSC1890383852.

20. No action appears to have been taken on either application until the scheduling of an interview with Plaintiffs at the Atlanta Field Office of USCIS, on December 22, 2022. However, neither Plaintiffs' then-attorney, Mr. Michael Boakye Dauquah, Esq., nor Plaintiffs, received a copy of the interview notice. *See* **Exhibit 3**, Emergency Request to Reschedule Interview by Prior Counsel.

21. Ultimately, it was discovered that the interview notice was sent to Plaintiffs' prior address, at 206 Gallant Ln., Mableton, Georgia, on December 1, 2022. *See* **Exhibit 4**, Interview Notice. despite filing change of address, on March 21, 2023. *See* **Exhibit 5**, Change of Address Receipt.

22. On July 3, 2023, the Service issued a decision on the I-130 petition, stating that Plaintiffs failed to appear for their December 22, 2022, interview and that Plaintiffs failed to submit any correspondence explaining their absence. The denial decision was addressed to Plaintiffs' current mailing address. *See* **Exhibit 6**, Denial Decision.

23. Neither Plaintiffs, nor counsel of record timely received the notice of interview, which was directed to Plaintiff's prior address, which had been properly changed with the Service. *See* **Exhibit 7**, Declarations of Plaintiffs.

24. Plaintiffs have actively sought adjustment of status for over five years. By denying Plaintiffs the opportunity to present their case in any meaningful fashion, an agency or an officer or employee has failed to act in his or her official capacity. Immediate action, such as that offered by the Administrative Procedure Act, is the only relief that can resolve the instant case.

### PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein,

Plaintiffs respectfully pray this Honorable Court to enter an order:

A. Finding Defendants' Decision, denying Plaintiff Petitioners' Petition for Alien Relative for his spouse, Plaintiff Beneficiary, was contrary to the law, as well as a clear violation of due process, and vacating said decision;

B. Finding Defendants' Decision, denying Plaintiff Beneficiary's Application to Register Permanent Residence was contrary to the law, as well as a clear violation of due process, and vacating said decision;

C. Compelling Defendants to immediately perform their ministerial duty owed to the Plaintiff and 1) reopen the aforementioned applications; 2) provide proper notice and opportunity to respond in any scheduled interview regarding Plaintiffs' case and; 3) adjudicate Plaintiffs' applications on their merits and according to the law and regulations by which they are bound;

D. Grant such other and further relief as this Court deems proper under the circumstances; and

E. Grant Attorney's fees and costs of Court to Plaintiffs under the Equal Access to Justice Act.

    Respectfully submitted,

    This, the 7th day of August 2023.

**THE FOGLE LAW FIRM, LLC**

-10-

                                                             /s/ H. Glenn Fogle, Jr.  
                                                             by: H. Glenn Fogle, Jr., Esq.  
                                                             Georgia Bar No. 266963  
                                                             Attorney for the Plaintiff

55 Allen Plaza, Suite 830  
55 Ivan Allen Jr. Boulevard  
Atlanta, Ga 30308  
Tel.: (404) 522-1852  
Fax.: (470) 592-6989  
Email: glenn@foglelaw.com