IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RITA WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC d/b/a DOLLAR GENERAL STORE #10503 and JOHN DOES NOS. 1-10,<br><br>    Defendants. | Civil Action File No.: _____<br><br>*[Removed from Cobb County State Court;]* |

## NOTICE OF REMOVAL

COMES NOW Dolgencorp, LLC (party defendant in the above-styled case), and within the time prescribed by law, files this Notice of Removal and respectfully shows to the Court the following facts:

1.

Plaintiff filed suit against Defendant in the State Court of Cobb County, State of Georgia for personal injuries allegedly incurred as a result of a fall in a Dollar General store located at 1342 Pine Street, Unadilla, GA 31091.  The suit is styled as above and numbered Civil Action File No. 23-A-1478 in that Court.

2.

Dolgencorp, LLC is a Kentucky limited liability company with its principal

place of business in Tennessee.  The parent company and sole member of Dolgencorp, LLC is Dollar General Corporation.  Dollar General Corporation is a Tennessee corporation with a principal place of business in Tennessee. Dolgencorp, LLC is not a citizen of the State of Georgia, was not a citizen of the State of Georgia on the date of filing of the aforementioned civil action, and it has not since become a Georgia citizen.

3.

The citizenship of defendants sued under fictitious names, e.g. John Doe, shall be disregarded when determining whether a civil action is removable on the basis of diversity jurisdiction.  28 U.S.C.A. § 1441(b).

4.

Plaintiff Rita Walker is a resident of the State of Georgia who has been a resident of Georgia since the time of the alleged incident and has no plans to move outside of the state of Georgia for the foreseeable future.  *See* Plaintiff's Responses to Defendant's Requests for Admission, ¶¶ 13-15, a true and accurate copy of which is attached hereto as **Exhibit "A".** Plaintiff was not a citizen of the states of Tennessee or Kentucky on the date of filing the aforementioned civil action, has not since become a citizen of Tennessee or Kentucky, and she intends to remain in Georgia indefinitely. See Ex. "A", ¶ 16.

5.

Defendant was served with the Summons and Complaint for Damages on or about April 27, 2023. *See* Plaintiff's Complaint for Damages and Summons, a true and accurate copy of which is attached hereto as **Exhibit "B."** In Plaintiff's Complaint she alleges she was seriously injured, incurring medical expenses in excess of $32,000.00, as well as lost wages in excess of $1.00, and unspecified amounts for past and future pain and suffering, future medical expenses, and "other Damages". *See* Plaintiff's Complaint for Damages, ¶¶ 7-8, 11.

6.

The case stated by the initial pleading was not removable solely because the amount in controversy was not specified in the Complaint.

7.

Under 28 U.S.C. § 1446(c)(3)(A), "information relating to the amount in controversy in . . . responses to discovery shall be treated as an 'other paper' under subsection (b)(3)." Plaintiff's Response to Defendant's First Request for Admission, dated July 7, 2023, shows that Plaintiff seeks to recover damages in excess of $75,000.00, including claims for medical expenses in excess of $32,000.00, lost wages in excess of $2,000.00 and unspecified amounts for diminished capacity to labor and pain and suffering. *See*, **Exhibit "B"** at ¶¶ 1, 4-8, 10.

8.

As shown above, the amount in controversy will exceed the sum of $75,000.00, exclusive of interest and costs.

9.

The aforementioned civil action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and, accordingly, is one which may be removed to this Court by Defendant/Petitioner pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action in which the matter in controversy will exceed the sum of $75,000.00 exclusive of interests and costs, and is between citizens of different states.

10.

This Notice is filed within 30 days of Defendant's receipt of Plaintiff's responses to discovery which constitute an "other paper" pursuant to the requirements of 28 U.S.C. § 1446(b).  *See* 28 U.S.C. § 1446(c)(3)(A).[1]

11.

Pursuant to the provisions of 28 U.S.C. § 1446 Defendants have attached

---

[1] This Notice is timely filed on the Monday following Sunday, August 6, 2023 pursuant to Federal Rules of Procedure Rule 6(a)(1)(C). ("in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time. . . [w]hen the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

hereto copies of all process, pleadings, and orders served upon it in this case, such copies being marked **Exhibit "C."** In addition, Defendant shows that it has already answered the lawsuit in the state court action referenced above and a copy of that Answer is attached hereto as **Exhibit "D."** There are no motions pending in the State Court of Cobb County, Georgia at the time of filing this Notice of Removal.

12.

Venue properly rests in the Atlanta Division of the United States District Court of the Northern District of Georgia, as this case is being removed from the State Court of Cobb County, Georgia, which sits in the Atlanta Division of United States District Court for the Northern District of Georgia. A Notice of Filing Notice of Removal to Federal Court will be filed with the State Court of Cobb County, Georgia.

WHEREFORE, Defendant prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 7th day of August, 2023.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

***/s/ Erica L. Morton***
_____
Erica L. Morton, Esq.

             Georgia Bar No.: 140869
             Jordan M. Mahoney, Esq.
             Georgia Bar No.: 254656
             *Attorneys for Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com
Email:  jordan.mahoney@swiftcurrie.com

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RITA WALKER,<br><br>                Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC d/b/a DOLLAR GENERAL STORE #10503 and JOHN DOES NOS. 1-10,<br><br>                Defendants. | Civil Action File No.: _____<br><br>*[Removed from Cobb County State Court;]* |

## **CERTIFICATE OF SERVICE**

I certify that I have electronically filed the ***Notice of Removal*** with the Clerk of Court using the CM/ECF (Pacer) system which will automatically send email notification of such filing to the following attorneys of record:

David Dozier, Esq.
DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
Email: david@dozierlaw.com

[*Signature on following page.*]

This 7th day of August, 2023.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*

Erica L. Morton, Esq.
Georgia Bar No.: 140869
Jordan M. Mahoney, Esq.
Georgia Bar No.: 254656
*Attorneys for Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com
Email:  jordan.mahoney@swiftcurrie.com

4867-8309-1317, v. 1