# EXHIBIT A

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RITA WALKER,

     Plaintiff,

v.

DOLGENCORP, LLC, d/b/a DOLLAR
GENERAL STORE #10503, and JOHN DOES
NOS. 1-10,

     Defendants.

Civil Action No. 23-A-1478

---

**PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST INTERROGATORIES, REQUEST FOR ADDMISSIONS, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

COMES NOW, Rita Walker; by and through her undersigned attorney of record, and hereby provides the following answers to *Defendant's FIRST INTERROGATORIES, REQUEST FOR ADMISSION AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF:*

## <u>GENERAL OBJECTIONS</u>

The following objections are incorporated by reference into each response to Defendant's Interrogatories to Plaintiff:

1.

The following responses are based upon information presently available to Plaintiff to which Plaintiff believes to be correct. Said responses are made without prejudice to Plaintiff's right to utilize subsequently discovered facts.

2.

No incidental or implied admission of fact by Plaintiff is made by the responses below. The only admissions are expressed admissions. The fact that Plaintiff has answered any interrogatories or produced any documents herein may not properly be taken as an admission that Plaintiff accepts

or admits the existence of any facts set forth or assumed by such interrogatories and the responses herein are not intended to, and shall not be, construed to be a waiver by Plaintiff of all or any part of any objection of Plaintiff to the admissibility of same at trial, or the relevance of the response.

3.

Plaintiff objects to Defendant's Interrogatories to the extent that they are overbroad, unduly burdensome, and oppressive.

4.

Plaintiff objects to Defendant's Interrogatories to the extent that they seek information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

5.

Plaintiff objects to Defendant's Interrogatories to the extent that they seek information that is protected from discovery by virtue of the attorney-client privilege.

6.

Plaintiff objects to Defendant's Interrogatories to the extent they seek information that constitutes the work product or trial preparation materials of Plaintiff's attorneys or other representatives or reflect the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives.

7.

Plaintiff objects to Defendant's Interrogatories to the extent that they seek information that constitutes confidential or proprietary business and financial information of Plaintiff.

8.

Plaintiff objects to Defendant's Interrogatories to the extent that they seek to require

Plaintiff to draw a legal conclusion.

## ANSWERS TO REQUEST FOR ADMISSION

1.

As of April 13, 2023, Plaintiff incurred in excess of $32,000.00 in medical expenses for treatment, including injections, that she claims were caused by a fall at the Dollar General Store in Unadilla, Georgia in May 2021.

**Response: Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 1 to Plaintiff.**

2.

Plaintiff continues to receive medical treatment she contends is necessitated by the May 2021 fall at the Dollar General Store in Unadilla, Georgia.

**Response: Plaintiff denies the matter of which an admission is required in Defendant's Request for Admission No.2 to Plaintiff.**

3.

Plaintiff continues to incur expenses for medical treatment she contends are necessitated by May 2021 fall at the Dollar General Store in Unadilla, Georgia.

**Response: Plaintiff denies the matter of which an admission is required in Defendant's Request for Admission No. 3 to Plaintiff.**

4.

Plaintiff seeks the recovery of loss wages in excess of $2,000.00 connection with the May 2021 fall at the Dollar General Store in Unadilla, Georgia.

**Response:** **Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 4 to Plaintiff.**

5.

Plaintiff seeks a recovery for diminished capacity to work and labor in connection with the May 2021 fall at the Dollar General store in Unadilla, Georgia.

**Response:** **Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 5 to Plaintiff.**

6.

Plaintiff seeks to recover for past, current and future physical pain and suffering incurred as a result of the May 2021 fall at the Dollar General store in Unadilla, Georgia.

**Response:** **Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 6 to Plaintiff.**

7.

Plaintiff seeks to recover for past, current and future mental pain and suffering incurred as a result of the May 2021 fall at the Dollar General store in Unadilla, Georgia.

**Response:** **Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 7 to Plaintiff.**

8.

Plaintiff seeks to recover a total damages award against Defendant that is greater than $75,000.00.

**Response:** **Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 8 to Plaintiff.**

9.

Plaintiff seeks to recover a total damages award against Defendant that is less than $75,000.00.

**Response: Plaintiff denies the matter of which an admission is required in Defendant's Request for Admission No. 9 to Plaintiff.**

10.

Plaintiff will ask the fact-finder for an award of money damages in excess of $75,000.00.

**Response: Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 10 to Plaintiff.**

11.

Plaintiff will ask the fact-finder for an award of money damages less than $75,000.00.

**Response: Plaintiff denies the matter of which an admission is required in Defendant's Request for Admission No. 11 to Plaintiff.**

12.

Plaintiff will ask the fact-finder for an award of money damages not to exceed $75,000.00.

**Response: Plaintiff denies the matter of which an admission is required in Defendant's Request for Admission No. 12 to Plaintiff.**

13.

Plaintiff is a resident of the state of Georgia.

**Response: Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 13 to Plaintiff.**

14.

Plaintiff has been a resident of the state of Georgia continuously since May 28, 2021.

**Response: Plaintiff admits the matter of which an admission is requested in Defendant's**

**Request for Admission No. 14 to Plaintiff.**

15.

Plaintiff has no plans to move outside of the state of Georgia for the foreseeable future.

**Response: Plaintiff admits the matter of which an admission is requested in Defendant's**

**Request for Admission No. 15 to Plaintiff.**

16.

Plaintiff has no plans to move to the states of Tennessee or Kentucky for the foreseeable future.

**Response: Plaintiff admits the matter of which an admission is requested in Defendant's**

**Request for Admission No. 16 to Plaintiff.**

## ANSWERS TO INTERROGATORIES

1.

What is your full name, date of birth, present address and social security number?

**Response:  Rita Walker; DOB: ▮▮▮▮▮   Address: P.O. Box 704, Unadilla, Georgia**

**31091; SSN: \*\*\*-\*\*-▮▮▮   Plaintiff reserves the right to supplement and/or amend this**

**answer should circumstances change or additional information be discovered.**

2.

State the full name of your spouse, if any, at the time of the incident giving rise to this lawsuit,

your spouse at the present time, and give the name and ages of all of your children.

**Response: Plaintiff recalls her husband's name is James Walker. Plaintiff recalls that she does not have any children. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

3.

State specifically and in reasonable detail how the incident which is the basis of your lawsuit in this matter occurred, including the exact date, time, location and manner of your alleged fall as well as identifying all items you were carrying in your hands or on your person at the time of the alleged fall, and identifying any individual(s) with whom you were shopping.

**Response: Plaintiff recalls that she was shopping at Dollar General located at 1342 Pine Street, Unadilla, Georgia 31091. On May 28, 2021 between 9:50pm and 10:00pm, Plaintiff recalls that she was on her way to the checkout counter when she slipped on a recently mopped floor. Plaintiff does not recall seeing any wet floor signs. Plaintiff recalls that she was only carrying one or two small items at the time and was shopping alone. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

4.

Please identify all persons that to your knowledge, information or belief:

   a)  Were eyewitnesses to the incident giving rise to this lawsuit;

   b)  Were in the store with you at the time of the fall;

   c)  Have relevant knowledge concerning the incident giving rise to this lawsuit, any

issue of liability in this lawsuit or the damages you claim in connection with this

lawsuit, who were not identified in sub-part (a) or (b)

**Response: Plaintiff recalls that she reported the fall to Dollar General worker Ken**

**Pate. Plaintiff also recalls that two other shoppers, Adrian Taylor and Patrice helped**

**her up following the fall. Plaintiff recalls that employee Ken wrote her name down**

**and said he would notify management about the fall. Plaintiff reserves the right to**

**supplement and/or amend this answer should circumstances change or additional**

**information be discovered.**

5.

Please identify each statement (oral, written, recorded, court or deposition transcript, etc.)

taken from any person with knowledge relevant to this lawsuit.

**Response: Plaintiff recalls that the Dolar General employee Ken Pate took down her**

**name after the fall. Plaintiff reserves the right to supplement and/or amend this answer**

**should circumstances change or additional information be discovered.**

6.

Identify all persons who, to your knowledge, information or belief have investigated any

aspect of the occurrence which is the subject of this litigation, and indicate whether or not

each has made a written record of the investigation or any part thereof.

**Response: Plaintiff recalls the Defendant's employees and/or agents as well as the**

**limited conversation Plaintiff had inquiring about the wet floor are the only**

**investigations known to have occurred to the Plaintiff's knowledge. Plaintiff reserves**

the right to supplement and/or amend this answer should circumstances change or additional information be discovered.

7.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, any other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

**Response: Plaintiff recalls that she does not have any photographs, chart, diagrams, or videotapes relevant to the fall. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

8.

Please identify each expert expected to testify at trial and state the subject matter about which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion.

**Response: Plaintiff has not yet retained or specially employed any experts in preparation for trial. However, Plaintiff expects to call his treating physicians, as described in Plaintiff's answer to Interrogatory No. 19, to testify as to the extent and causes of her injuries. Details regarding the diagnosis and treatment provided by Plaintiff's treating physicians can be found in Plaintiff's medical bills and medical records provided. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

9.

Please state whether you have ever been convicted of, or pleaded guilty to, any felony or crime involving moral turpitude. If the answer is affirmative, please identify each crime, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge.

**Response: Plaintiff recalls that she has never been convicted of or pleaded guilty to any felony or crime. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

10.

During the 24-hour period prior to the occurrence giving rise to this lawsuit, did you consume any alcoholic beverages, medicine or drugs of any kind? If the answer is affirmative, please state precisely the type of alcoholic beverage, medicine or drug consumed, the amount consumed, the time(s) at which it was consumed and the name, address and telephone number of all persons who have relevant knowledge about your consumption of the substances.

**Response: Plaintiff does not recall consuming any alcoholic beverages, medicine or drugs of any kind within the twenty-four (24) hours prior to the occurrence. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

11.

With respect to all insurance benefits available to you for treatment by any doctor, hospital, osteopath, psychiatrist, psychologist, chiropractor or other practitioner of the healing arts as a result of the incident that is the subject of this litigation, (e.g. health insurance, worker's compensation, medical payments policies, etc.) please state:

**a)**  the name and address of the provider of benefits;

**b)**   the amount of the payments by each provider;

**c)**   the person or entity to whom the payments were made;

**d)**  the claim number, policy number or applicable reference number with regard to each payment; and

**e)**  whether you or anyone acting on your behalf, specifically including but not limited to your attorney(s), has received notice, written or verbal, of any liens or rights of recovery asserted by said provider of benefits.

<u>**Response:**</u> **Plaintiff objects to this interrogatory on the grounds that Defendant's Interrogatory goes towards a collateral source which is inadmissible at trial. However, subject to and without waiving the foregoing objection, and in a good faith effort to respond, Plaintiff currently has Blue Cross Blue Shield Federal Employee Program and Tricare for Life health insurance. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

12.

If you were eligible for or did receive any benefits from any governmental entity, such as Medicare or Medicaid, etc., as a result of the incident that is the subject of this litigation, please state:

a)  the name and address of the provider of benefits;

b)   the amount of the payments by each provider;

c)   the person or entity to whom the payments were made;

d)  the claim number, policy number or applicable reference number with regard to each payment; and

e) whether you or anyone acting on your behalf, specifically including but not limited to your attorney(s), has received notice, written or verbal, of any liens or rights of recovery asserted by said provider of benefits.

**Response: Plaintiff objects to this interrogatory on the grounds that Defendant's Interrogatory goes towards a collateral source which is inadmissible at trial. However, subject to and without waiving the foregoing objection, and in a good faith effort to respond, Plaintiff currently has Blue Cross Blue Shield Federal Employee Program and Tricare for Life health insurance. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

13.

Please identify all accidents, occurrences or incidents in which you received mental or bodily injuries prior to the occurrence giving rise to this lawsuit—specifically including but not limited to all work-related and/or sports injuries—and describe the bodily or mental injuries, if any, which you received in such other accidents or incidents.

**Response: Plaintiff does not recall any other accident or occurrences in which she received mental or bodily injuries prior to the occurrence giving rise to this lawsuit. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

14.

Please identify all accidents, occurrences or incidents in which you received mental or bodily injuries subsequent to the occurrence giving rise to this lawsuit and describe the bodily or mental injuries, if any, which you received.

**Response: Plaintiff does not recall any other accident or occurrences in which she received mental or bodily injuries subsequent to the occurrence giving rise to this lawsuit. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

15.

Please identify and explain in detail, to the best of your ability, all injuries you claim to have received as a result of the incident giving rise to this lawsuit and indicate what injuries you are, at present, suffering from and the manner and extent of your current suffering.

**Response: The specifics of Plaintiff's injuries can be found in Plaintiff's medical bills and medical records provided. However, it is Plaintiff's general understanding that she sustained injuries including, but not limited to her left side, left arm, tailbone, back, and teeth. Plaintiff will amend or supplement this answer as discovery and litigation proceeds.**

16.

Please identify any prior or subsequent injuries, diseases or difficulties in the areas of the body which you claim were injured in the occurrence which is the subject of this lawsuit, give the inclusive dates on which you were suffering or in pain, and give the names and addresses of all practitioners of the healing arts who have treated you for such injury, disease or difficulty.

**Response: Plaintiff does not recall any prior or subsequent injuries, diseases, or difficulties in the areas of the body which were injured in the occurrence. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

17.

State the names and addresses of all doctors, osteopaths, psychiatrists, psychologists, chiropractors and other practitioners of the healing arts who have treated you as a result of the incident that is the subject of this litigation, give the date of your last visit to each and indicate whether each has issued a written report regarding his or her treatment of you.

**Response:** **Plaintiff recalls the following information. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

**Lake Joy Med Stop**
**1118 SR 96, Kathleen, Georgia 31047**
**DOS: 5/29/2021**

**Perry Hospital**
**1120 Morningside Drive, Perry, Georgia 31069**
**DOS: 5/29/2021**

**Ortho Georgia**
**301 Margie Drive, Warner Robins, Georgia 31088**
**DOS: 6/8/2021-9/30/2021**

**Georgia Neurological Institute, PC**
**840 Pine Street, Suite 880, Macon, GA 31201**
**DOS: 6/21/2021- 9/2/2022**

**Stephen B. Turner**
**121 Lamar Street, Macon, GA 31204**
**DOS: 1/12/2022**

**GNI Outpatient Surgery Center**

**840 Pine Street, Suite 880, Macon, GA 31201**

**DOS: 8/16/2022**

18.

Give the names and addresses of all hospitals, infirmaries, clinics, sanitariums, nursing homes, and asylums in which you received treatment, including the dates of such treatment:

a)  For any treatment after the incident giving rise to this lawsuit; and

b)   For any treatment at any time to any area of the body in which you claim injury from this incident.

**Response: Please refer to the response to interrogatory no. 17. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

19.

Please itemize all special damages which you have incurred (or others have incurred on your behalf) as a result of the occurrence giving rise to this lawsuit, including medical expenses, hospital expenses, drug expenses, property damage, lost wages, and all other special damages (describing same) you claim to have incurred as a result of the incident described in Plaintiff's Complaint.

**Response: Plaintiff recalls the following information. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

| Facility | Address | Date of Service | Total |
|---|---|---|---|
| Lake Joy Med Stop | 1118 SR 96, Kathleen, Georgia 31047 | 5/29/2021 | $0 |
| Houston County Emergency Group, LLC | P.O. Box 22082, Belfast, Maine 04915 | 5/29/2021 | $1,400.00 |
| Loss of Income | | 6/1/2021-8/24/2021 | $2,000.00 |
| Ortho Georgia | 301 Margie Drive, Warner Robins, Georgia 31088 | 6/8/2021-9/30/2021 | $5,707.00 |
| Georgia Neurological Institute, PC | 840 Pine Street, Suite 880, Macon, GA 31201 | 6/21/2021-9/2/2022 | $14,715.00 |
| Stephen B. Turner | 121 Lamar Street, Macon, Georgia 31204 | 1/12/2022 | $1,330.00 |
| GNI Outpatient Surgery Center | 840 Pine Street, Suite 880, Macon, Georgia 31201 | 8/16/2022 | $3,250.00 |
| Perry Hospital | 1120 Morningside Drive, Perry, Georgia 31069 | 5/29/2021 | $3,442.00 |
| Universal Radiology Consultants, PC | P.O. Box 1004, Indianapolis, IN 46206 | 5/29/2021 | $253.00 |
| | | Total to Date: | $32,097.00 |

20.

For any lost wage or salary claim that you make, please state the name, address and phone number of your employer at the time of the occurrence, the name of your supervisor, the dates you were unable to work, the date you returned to work, your rate of pay and whether or not your employer continued to pay your salary during any part of the time you were unable to work.

**Response: Plaintiff objects to this request as it goes beyond the scope of permissible discovery. However, subject to and without waiving the foregoing objection, and in a good faith effort to respond, Plaintiff will provide comparable proof of lost wages. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

21.

Please state the specific purpose for which Plaintiff was in the Dollar General store no. 10503 (1342 Pine Street, Unadilla, GA) at the time of the fall complained of in Plaintiff's Original Complaint for Damages and where Plaintiff had been in the two hours prior to the fall.

**Response: Plaintiff recalls that she was picking up necessities for herself and her husband at the Dollar General during the time of the fall. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

22.

Please describe, to a reasonable degree of specificity, your actions from the time of your alleged fall until the time you first sought treatment from Lake Joy Med Stop.

**Response: Plaintiff recalls that after the fall she notified the Dollar General employee and headed home. Once home Plaintiff recalls that she soaked in the bathtub to try and relieve the pain. Plaintiff's husband suggested they go to seek treatment from Lake Joy Med Stop, Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

23.

Please list the number of occasions during the day of May 28, 2021 that you had previously walked through the area in which your alleged fall occurred.

**Response: Plaintiff recalls she only walked down the area in which she fell once that day. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

24.

If there was any defective condition, foreign substance, or foreign object in or on the area which caused or contributed to your fall, describe:

a)  the defective condition, foreign substance, or foreign object as fully as possible;

b)  how the area came to have such defective condition, foreign substance, or foreign object;

c)   to what extent your injury was caused by such defective condition, foreign substance, or foreign object;

d)  any other factors or events which caused or contributed to your injury; and

e)  whether any Defendant or any of their agents or employees knew of the defective condition, for how long each knew of it, and who told them of it.

**Response: Plaintiff recalls the following information:**

a)  **Plaintiff recalls the defective condition was water and presumably cleaner.**

b)  **Plaintiff recalls that the employee admitted to mopping the floor.**

c)  **Plaintiff recalls that her injuries were caused by slipping on the unmarked wet floor.**

d)  **Plaintiff believes that the reflection of the overhead fluorescent lighting made it difficult to tell if the floor was wet.**

**e)   Plaintiff is unaware of how long prior to her fall Defendant's employees had mopped. Plaintiff believes that the cashier could see where she fell from the counter. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

25.

State all factors or events which you believe caused or contributed to your fall.

**Response: Plaintiff recalls that the negligence of Defendant Dolar General and its employees were negligent by failing to provide sufficient warning of the subject dangerous substance, failing to inspect and discover the dangerous substance, failing to remove the dangerous substance, failing to inspect and discover the dangerous substance, and by failing to use ordinary care in preventing hazardous conditions. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

26.

Please describe with specificity every claim you have made, or lawsuit you have filed for personal injury, including the date of the injury, the date of the claim, the type of injury, the person or entity against whom you made the claim, or filed the lawsuit and the disposition of the claim or lawsuit.

**Response: Plaintiff recalls that she has never made any other claims for personal injury. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

27.

For each claim or lawsuit, described above, identify all doctors, osteopaths, psychiatrists, psychologists, chiropractors, hospitals, infirmaries, clinics, sanitariums, nursing homes, asylums, and other practitioners, of the healing arts who treated you for each of those claims or lawsuits, listing the dates of each visit.

**Response: Please refer to the response to interrogatory no. 26. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

28.

On what date did you first consult an attorney regarding the incident described in your Original Complaint for Damages? (This Interrogatory does not ask for the contents of any privileged attorney-client communications.)

**Response: Plaintiff recalls that she first contacted an attorney regarding the incident on 06/03/2021. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

29.

On what date did you first consult a physician, counselor, or other practitioner of the healing arts about the injuries described in your Original Complaint for Damages?

**Response: Plaintiff recalls that she first contacted a physician regarding the fall on 5/29/2021. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

30.

Please provide all the addresses at which you have lived during the past ten (10) years.

**Response:** **Plaintiff recalls that she has lived at P.O. Box 704, Unadilla, Georgia 31091 for the past ten (10) years. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

31.

If you have ever filed a workers' compensation claim, please provide the following:

- a)  the name and address of the provider of benefits;
- b)  the amount of the payments by each provider;
- c)  the person or entity to whom the payments were made; and
- d)  the claim number, policy number or applicable reference number with regard to each payment.

**Response:** **Plaintiff recalls that she has never filed a claim for workers' compensation claim. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

32.

Have you, or has someone on your behalf, made any assignment to any physician, health care facility, chiropractor, physical therapist or other provider of the healing arts?

**Response:** **Plaintiff does not recall any responsive information. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

33.

Please list all medical bills incurred for treatment that you contend was caused by the incident at issue in your Original Complaint for Damages that have not been fully paid.

**Response: Plaintiff objects to this interrogatory on the grounds of relevancy and collateral source. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

34.

Please identify all persons or organizations which paid all or some of your medical bills incurred as a result of the incident at issue in your Original Complaint for Damages.

**Response: Plaintiff does not recall any person or organization which paid all or some of her medical bills. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

35.

Please identify and describe the shoes and clothes you were wearing at the time of the subject incident, including but not limited to the type, heel, material, brand, when purchased and whether you still have the shoes and clothes in your possession.

**Response: Plaintiff recalls that she was wearing sandals at the time of the fall. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

36.

Please fully identify every job you have held since May 28, 2011, including the name and contact information for each employer, job title, job description, rate of pay, name of your direct supervisor and reason for leaving.

**Response: Plaintiff objects to this request as it goes beyond the scope of permissible discovery. However, subject to and without waiving the foregoing objection, and in a good**

**faith effort to respond, Plaintiff will provide comparable proof of lost wages. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

37.

Please identify every cell phone or other mobile communications device that was in your possession at the time of the incident complained of in Plaintiff's Original Complaint for Damages, including the following for each device:

a) Phone number;

b)  Service provider;

c) Name and address of account holder;

d) Exact location of the device at the time of the fall;

e) Whether you were using the device in any way in the 5 minutes leading up to the fall; and

f) If the answer to subpart e. is yes, then specify how the device was being used and with whom you were communicating.

**Response: Plaintiff recalls that her phone number is (478)-747-7286. The service provider is AT&T under the account name Rita Walker. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

<b><u>ANSWERS TO REQUEST FOR PRODUCTION</u></b>

1.

All doctors' bills, hospital bills, drug bills, and other documents relating to medical expenses incurred in connection with injuries allegedly received in the occurrence giving rise to your Original Complaint for Damages.

**Response: Plaintiff will provide copies of medical bills currently in her possession. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

2.

All documents that evidence or relate to any lost wages or earnings claim or other special damages which you claim in this lawsuit.

**Response: Plaintiff will provide a copy of a wage loss verification form currently in her possession. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

3.

All medical reports, hospital records, letters, office notes or other documents prepared by any physician, or other practitioner of the healing arts who treated you for injuries allegedly received in this occurrence.

**Response: Plaintiff will provide a copy of medical records currently in her possession. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

4.

Your state and federal income tax returns for the past four years. (If you do not have them, please execute IRS Tax Form 4506 and return it to the undersigned counsel.)

**Response: Plaintiff objects to this request as it goes beyond the scope of permissible discovery. However, subject to and without waiving the foregoing objection, and in a good faith effort to respond, Plaintiff will provide comparable proof of lost wages. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

5.

All photos of any person, place or thing related to this occurrence.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

6.

Any statement (written, recorded, etc.) made by any Defendant or any Defendant's current or former employees, agents or representatives.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

7.

All statements (written, recorded, etc.) from any other person concerning this occurrence, or the damages claimed in this lawsuit.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

8.

Claim forms, pleadings, depositions, releases, and all medical reports in your or your attorney's possession regarding all workers' compensation claims and disability claims.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

9.

All documents relating to compensation, indemnity insurance, wage loss replacement, income replacement, disability benefits, or medical coverage and payments available to Plaintiff from any and all governmental or private sources in connection with the occurrence.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

10.

All documentary evidence relied upon to demonstrate and support facts relevant to this litigation.

**Response: Plaintiff will provide a copy of medical records currently in her possession. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

11.

All industry, governmental and private standards, guidelines or recommendations that Plaintiff contends any Defendant did not follow or adhere to regarding the subject-incident.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

12.

All government statutes, ordinances, regulations or other laws that Plaintiff contends any Defendant did not follow or adhere to regarding the subject-incident.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

13.

All documents relating to the investigation of the incident giving rise to this lawsuit by any government representatives (police, fire department, OSHA, etc.) union, employer or other organization.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

14.

All field notes, sketches, diagrams, letters, memos, reports, photos, and documents of any type related to the incident giving rise to this lawsuit and the damages claimed in this lawsuit that have been generated by or for any expert consulted in this case.

**Response: Plaintiff has not yet retained or specially employed any experts in preparation for trial and, therefore, Plaintiff is not currently in possession, custody, or control of any**

**responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

15.

All documents that contain information, whether hearsay or personal, as to the cause or nature of the incident giving rise to this litigation that have not already been requested.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

16.

All documents that support or relate to any contention that an act or omission of any Defendant caused or contributed to Plaintiff's alleged fall.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

17.

All subrogation agreements, all notices of claimed subrogation rights by others, assignments of claims to others, hospital liens, and other material related to any subrogation, assignment or lien claim related to this lawsuit.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

18.

A copy of a current CV and all statements for services rendered to date by any expert retained to testify in this case.

**Response: Plaintiff has not yet retained or specially employed any experts in preparation for trial and, therefore, Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

19.

All materials which constitute evidence reasonably relied upon by experts which support your contentions regarding liability, causation or damages.

**Response: Plaintiff has not yet retained or specially employed any experts in preparation for trial and, therefore, Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

20.

Any memos, reports, letter or other documents generated by any Defendant (or any of their owners or representatives) or sent to any Defendant (or any of their owners or representatives) concerning the incident giving rise to this suit.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

21.

All medical bills which have not been fully paid.

**Response: Plaintiff objects on the grounds of relevancy. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

22.

A copy of all photographs or other items which are identified in your response to Interrogatory No. 10 regarding any and all alcoholic beverages, medicine or drugs of any kind consumed within 24-hours prior to the subject incident giving rise to this lawsuit.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

23.

Please produce the shoes and clothing identified in your response to Interrogatory No. 35 if still in your possession, custody or control or, in the alternative, provide color photographs of same.

**Response: Plaintiff will produce a color copy of the clothing identified in response to interrogatory No. 35. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

24.

Please produce itemized billing and usage records for May 28, 2021 for every cell phone or other mobile communications device identified in response to Interrogatory No. 37.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

25.

Please produce photographs, videos and social media postings made by you or that include you for any vacations, trips or other out of town travel you have undertaken since May 28, 2021.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

26.

Please produce a true and accurate copy of the receipt(s) for any purchases you made on May 28, 2021 at the Dollar General store referenced in Plaintiff's Original Complaint for Damages.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

This 7th day of July, 2023.

*/s/ David Dozier*
DAVID DOZIER
GA Bar No. 228898

THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, Georgia 31201
(478) 742-8441
david@dozierlaw.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RITA WALKER,

      Plaintiff,

v.

DOLGENCORP, LLC, d/b/a DOLLAR
GENERAL STORE #10503, and JOHN DOES
NOS. 1-10,

      Defendants.

Civil Action No. 23-A-1478

---

## 5.2(2) CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

Pursuant to Uniform State Court Rule 5.2, the undersigned hereby certifies that a copy of *PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUEST FOR ADMISSION TO PLAINTIFF* were served on the following party(s):

Erica L. Morton
Swift, Currie, Mcgee & Hiers, LLP
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
Erica.morton@swiftcurrie.com
Attorneys for Defendant

This 7th Day of July 2023.

/s/ David Dozier
DAVID DOZIER
GA Bar No. 228898

DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, GA 31202-0013
(478) 742-8441