**EXHIBIT 16**

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-ZQB3KEND-JTZ
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1478**

**APR 13, 2023 01:56 PM**

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER   23-A-1478

$198.00 COST PAID

Walker, Rita

**PLAINTIFF**

**VS.**

Dolgencorp, LLC, DBA Dollar General Store
#10503
Does Nos. 1-10, John

**DEFENDANTS**

### SUMMONS

TO: DOLGENCORP, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**David Dozier**
**Dozier Law Firm**
**487 Cherry Street**
**Macon, Georgia 31201**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 17th day of April, 2023.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-ZQB3KEND-NM2
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1478

APR 13, 2023 01:56 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RITA WALKER,

      Plaintiff,

v.

DOLGENCORP, LLC d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

      Defendants.

Civil Action No. _____

## ORIGINAL COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff in the above-styled action, by and through her undersigned attorneys of record, and hereby files this Complaint for Damages, respectfully showing this Honorable Court the following:

1.

The Defendant Dolgencorp, LLC d/b/a Dollar General Store #10503 (hereinafter "Dollar General") is a foreign profit corporation that maintains a registered agent in Cobb County, Georgia, and is subject to the venue and jurisdiction of this Court pursuant to O.C.G.A. § 14-2-510.

2.

The Defendant John Does Nos. 1-10, at all times relevant to this Complaint for Damages, was and is a manager, employee, and/or agent of the Defendant Dollar General, subjecting him to the jurisdiction and venue of this Court as a joint tortfeasor.

3.

The Defendant Dollar General owns and/or operates the retail establishment and premises located at 1342 Pine Street, Unadilla, GA 31091 (hereinafter "subject premises").

1



4.

On or about May 28, 2021, on the subject premises, the Plaintiff, as an invitee, slipped and fell on a dangerous substance due to the negligence of the Defendants Dollar General and John Does Nos. 1-10.

5.

The Defendant Dollar General, the owner and/or operator of the subject premises, was negligent, as pled in ¶4, by failing to provide sufficient warning of the subject dangerous substance, by failing to inspect and discover the dangerous substance, by failing to remove the dangerous substance, by failing to use ordinary care in preventing hazardous conditions that could result in such a slip and/or fall, and by hiring and retaining an unsafe employee(s), to wit: Defendant John Does Nos. 1-10.

6.

The Defendant John Does Nos. 1-10, a manager, employee and/or agent of the Defendant Dollar General, was negligent, as pled in ¶4, by failing to provide sufficient warning of the subject dangerous substance, by failing to inspect and discover the dangerous substance, by failing to remove the dangerous substance, and by failing to use ordinary care in preventing hazardous conditions that could result in such a slip and/or fall.

7.

As a proximate and foreseeable result of the Defendants' negligence, the Plaintiff was seriously injured, incurring medical expenses in excess of $32,000.00, as well as lost wages in excess of $1.00.

8.

In addition to ¶7, the Plaintiff has endured and will continue to endure pain and suffering.

9.

The Plaintiff has a cause of action against the Defendant Dollar General for negligence, negligent hiring and retention of an unsafe employee(s), vicarious liability under the doctrine of *respondeat superior*, and all other applicable theories of liability.

10.

The Plaintiff has a cause of action against the Defendant John Does Nos. 1-10 for negligence and all other applicable theories of liability.

11.

The Plaintiff is entitled to recover from the Defendants for her past and future medical expenses, lost wages, past and future pain and suffering, and all other Damages permitted by Law.

WHEREFORE, Plaintiff prays that she have a judgment against the Defendants in an amount determined by a fair and impartial jury to be adequate and just.


Respectfully submitted this 13th day of April 2023.




/s/ David Dozier_____
DAVID DOZIER
GA Bar No. 228898
*Attorney for Plaintiff*

DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, GA 31202-0013
P: (478) 742-8441
david@dozierlaw.com


3

ID# E-ZQB3KEND-QWW
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1478**

APR 13, 2023 01:56 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RITA WALKER,

      Plaintiff,

v.

DOLGENCORP, LLC d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

      Defendants.

Civil Action No._____

---

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

COMES NOW, Plaintiff in the above-styled action, and hereby requires that Defendant answer under oath and in writing the following interrogatories within 45 days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to Plaintiff's attorney, David Dozier, 235 W Roosevelt Avenue, Suite 100, Albany, GA 31701.

NOTE A: When used in these interrogatories, the term Defendant or any synonym thereof is intended to and shall embrace and include, in addition to the said Defendant, all agents, servants, representatives, private investigators and others who are in a position for or may have obtained information for or on behalf of the Defendant.

NOTE B: These interrogatories shall be deemed continuing to the extent required by law. You are requested to (1) seasonally supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify and the substance of his testimony; and (2) amend any prior response if you subsequently learn that the original response was incorrect, or if you learn that although correctly made, the

1



original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

1.

State whether you have ever had a lawsuit other than the present one filed against you as a result of an incident of **a nature similar to, or in the same locality as**, the incident complained of in this action including for each lawsuit the date it was filed, the court in which it was filed, the name, address and status of each other party in the suit, the name and address of the attorney for Plaintiff, whether there was a trial and the ultimate disposition of the case.

2.

State whether you have ever had a claim filed against you or your insurance carrier as a result of an incident of a nature similar to, or in the same locality as, the incident complained of in this action, and for each, include:

(a)     The name and address of each claimant;

(b)     Whether suit was filed against your insurance carrier, and if so, the name and address of the insurance carrier;

(c)     The date on which it was filed;

(d)     The facts on which it was based;

(e)     The ultimate disposition of the claim;

(f)     Whether a record was made of the claim, and if so, the name and address of the person who has custody of each record.

2

3.

State whether any person or entity has made a complaint or criticism, orally or in writing, concerning hazardous conditions at the location where the subject incident occurred.

4.

State whether or not any incident report was made with regard to the incident that is the subject of this lawsuit whether the report or document was created by you or a representative of another company or another individual.

5.

State whether or not you have the original copy of any incident report pertaining to this incident and identify the contents of any such report.

6.

State whether or not there are any procedures or policies in effect regarding the presence of hazardous conditions in the general area where the subject incident occurred. If there are any such procedures or policies, please describe in detail.

7.

State whether or not there are any procedures or policies in effect regarding the presence of similar hazardous conditions at the location where the subject incident occurred. If there are any such procedures or policies, please describe in detail.

8.

State whether or not there are any procedures or policies in effect for the notification of, or the prevention of similar hazardous conditions at the location of the subject incident. If there are any such procedures or policies, please describe in detail.

3

9.

State whether or not there are any procedures or policies in effect for the regular inspection of the specific location where the subject incident occurred and surrounding premises for hazardous conditions. If there are any such procedures or policies, please describe in detail.

10.

Please provide in detail the practices and procedures employed to respond to notification of the presence of hazardous conditions in the common areas of the location where the subject incident occurred, including the names of those who specifically perform the work (individuals or business entities).

11.

Please state whether any statement was obtained by you concerning the incident that is the subject of this lawsuit.

12.

State the names, last known addresses, places of employment, job classification, and present whereabouts of all agents, servants, employees, representatives, private investigators, or others who were employed at the time of the incident that is the subject matter of this lawsuit.

13.

State the names, last known addresses, places of employment, job classification, and present whereabouts of all agents, servants, employees, representatives, private investigators, or others who worked at the subject premises the day of the subject incident that is the basis of this present claim for damages.

4

14.

State the name and address of the person or entity that was employed to maintain the area wherein the alleged occurrence took place at or near the time of the subject incident and further state whether or not this person or entity was an employee of the defendant or was a separate person or company hired by defendant to maintain this area.

15.

State the names, last known addresses, places of employment, job classification, and present whereabouts of all agents, servants and employees who may have knowledge regarding the subject of this lawsuit.

16.

State the names, last known addresses, places of employment, job classification and present whereabouts of all agents, servants and employees who have had or may have had any communications whatsoever, whether orally or in writing, with Plaintiff.

17.

Please state whether any photographs were made of the scene of the occurrence complained of. If so, please state the following:

(a)     The subject represented and all facts represented or shown;

(b)     The name, address and telephone number of the person having possession, custody or control thereof.

18.

Please identify any and all persons you expect to call as expert witnesses in the trial of this case, and give the substance of the facts and opinions to which the expert is expected to testify as well as his or her address and phone number.

19.

Please give the name, current address, place of employment and telephone number of all persons known to you or your attorney who have any knowledge of relevant information, facts or circumstances which bear on any of the issues in the captioned case.

20.

State whether or not Defendant is incorporated, and if so, state:

(a)     The date and state of incorporation;

(b)     The exact name of the corporation as it appears in its articles of incorporation;

(c)     Whether or not the corporation is now in good standing, and if not, the date on which it was administratively suspended or otherwise dissolved:

(d)     If the corporation forfeited its charter, state the exact time it forfeited its charter and give the names and addresses of the officers of the corporation;

(e)     If the defendant is not incorporated, state whether or not it is a partnership, and if so, give all names of partners or if it is a municipal corporation or a political organization, state its exact name and in what state it is organized to do business.

21.

State whether or not Defendant was the owner of the property mentioned in Plaintiff's Complaint, and if so, state:

(a)     The date the property was acquired;

(b)     The name and address from whom the property was acquired;

(c)     If Defendant has sold, voluntarily transferred, or involuntarily relinquished the property subsequent to the occurrence in question, please give the date that it was

6

sold, transferred, or relinquished and the name and address of the individual to whom the property was transferred; and

(d)     If Defendant denies that it was the owner at the time and place of the occurrence in question, please state to the best of the Defendant's knowledge, the name and address of the titled owner at the time of said occurrence.

22.

If Defendant was not the owner of said property, state whether or not Defendant had any type of relationship with the owner of said property whatsoever, including but not limited to management of said property, securing repairs of said property, or obtaining rents for said property, and state the nature of said relationship.

RESPOND AS REQUIRED BY LAW.

This the 13th day of April 2023.

/s/ David Dozier
DAVID DOZIER
GA Bar No. 228898
*Attorney for Plaintiff*

DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, GA 31202-0013
P: (478) 742-8441
david@dozierlaw.com

7

ID# E-ZQB3KEND-4ZQ
⊛ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1478**

APR 13, 2023 01:56 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RITA WALKER,

      Plaintiff,

v.

DOLGENCORP, LLC d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

      Defendants.

Civil Action No._____

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW, Plaintiff in the above-styled action, and requests that the Defendant, pursuant to O.C.G.A. § 9-11-36, to admit the following in writing within 30 days of service of the same:

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process and service of said process is sufficient with regard to you in this case.

4.

Cobb County State Court has jurisdiction over the subject matter of this case.

5.

Cobb County State Court has personal jurisdiction over you as a party in this case.

1



6.

Venue is proper in Cobb County State Court.

7.

Admit that you own and/or operate the premises located at 1342 Pine Street, Unadilla, GA 31091.

8.

Admit that, on or about May 28, 2021, you owned and/or operated the premises located at 1342 Pine Street, Unadilla, GA 31091.

9.

Admit that, on or about May 28, 2021, the Plaintiff was a customer of the premises you owned and/or operated at 1342 Pine Street, Unadilla, GA 31091.

10.

Admit that, on or about May 28, 2021, the Plaintiff was injured on the premises you owned and/or operated at 1342 Pine Street, Unadilla, GA 31091.

11.

Admit that you were negligent by failing to provide sufficient warning of the subject dangerous substance.

12.

Admit that you were negligent by failing to repair or remove the dangerous substance.

13.

Admit that you were negligent by failing to use ordinary care in preventing hazardous conditions that could result in a slip and/or fall.

2

14.

Admit that you were negligent in hiring and retaining an unsafe employee(s), to wit: Defendant John Does Nos. 1-10.

15.

Admit that your negligence proximately and foreseeably caused some injury to the Plaintiff.

16.

Admit that your negligence proximately and foreseeably caused the injuries alleged in the Plaintiff's Complaint for Damages.

17.

Admit that you employee(s), Defendant John Does Nos. 1-10, were negligent.

18.

Admit that you are vicariously liable for the negligence of your employee(s), Defendant John Does Nos. 1-10, under the doctrine of *respondeat superior*.

RESPOND AS REQUIRED BY LAW.


Respectfully submitted this 13th day of April 2023.




[SIGNATURE ON THE FOLLOWING PAGE]

3

_/s/ David Dozier_____
DAVID DOZIER
GA Bar No. 228898
_Attorney for Plaintiff_

DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, GA 31202-0013
P: (478) 742-8441
david@dozierlaw.com

ID# E-ZQB3KEND-RML
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1478**

APR 13, 2023 01:56 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RITA WALKER,

      Plaintiff,

v.

DOLGENCORP, LLC d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

      . Defendants.

Civil Action No._____

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

COMES NOW, Plaintiff in the above-styled action, and hereby requests Defendant to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably useable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

The production of documents and things hereinbelow designated shall be made in the law offices of Plaintiff's undersigned counsel of record.

NOTE A: Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things hereinbelow requested, this request shall be deemed to be continuing in nature.

1



NOTE B: As an alternative to producing the documents or other evidence of writing hereinbelow designated at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within forty-five (45) days for the date of service of this request.

1.

Please produce, any and all correspondence to or from either you or your business that relates to the incident which is the subject of this Complaint. In addition, include any and all documents, letters, memos or other writings that you received from any other person or entity concerning the incident which is the subject of this Complaint.

2.

Please produce any and all documents which show the assignment of liability for injuries which occur on the subject property.

3.

Please produce any and all documents which show procedures for handling legal claims against the subject property or the owner of the subject property.

4.

Please produce any and all documents, letters, memos or other writings relating to procedures for the prevention, removal, repair, or warning of hazardous conditions on the property and surrounding premises.

2

5.

Please produce any and all documents, letters, memos or other writings, including but not limited to any safety and procedure manuals relating to inspection schedules for the subject property, and any training manuals or videos used to train new employees, generally.

6.

Please produce any incident report prepared in connection with the incident which is the subject matter of this Complaint.

7.

Please produce all documents identified by Defendant in response to Plaintiff's First Interrogatories.

8.

Please produce all time sheets or timecards for May 28, 2021, of all agents, servants, employees, representatives, or others who were employed by Defendant at the time of the incident.

9.

Please produce any and all documents, letters, memos or other writings relating to maintenance schedules for the subject property.

10.

Please produce any diagrams, plats, or drawings of the premises where the incident complained of occurred that you have in your possession.

3

11.

Please produce all incident reports made after the occurrence of any incident of a nature similar to the one complained of herein, specifically including any prior or subsequent falls.

12.

Please produce any and all photographs in your possession taken of the scene of the occurrence complained of.

RESPOND AS REQUIRED BY LAW.

This the 13th day of April 2023.

/s/ David Dozier
DAVID DOZIER
GA Bar No. 228898
*Attorney for Plaintiff*

DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, GA 31202-0013
P: (478) 742-8441
david@dozierlaw.com

4

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-A-1478

Date Filed April 13, 2023

Attorney's Address Dozier Law Firm, LLC
487 Cherry Street
P.O. Box 13
Macon, GA 31202-0013

Name and Address of Party to be Served.

Dolgencorp, LLC

Registered Agent: CSC of Cobb County, Inc.

192 Anderson Street SE, Suite 125

Marietta, GA 30060

| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, Cobb COUNTY

**FILED IN OFFICE**
**STATE COURT**
**COBB COUNTY, GEORGIA**

**23-A-1478**

**MAY 11, 2023 10:02 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

Rita Walker

_____ Plaintiff

VS.

Dolgencorp, LLC, et al

_____ Defendant

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐  I have this day served the defendant _____ personally with a copy of the within action and summons.

4/07/23    0910

**NOTORIOUS** ☐  I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒  Served the defendant CSC of COBB County _____ a corporation by leaving a copy of the within action and summons with Terri Thompson
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐  Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 27 day of Apr , 20 23 :

Dees18053

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

ID# 2EFTZ5EF-W2W
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1478

MAY 26, 2023 12:59 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RITA WALKER,

    Plaintiff,

v.

DOLGENCORP, LLC, d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

    Defendant(s).

Civil Action File No.: 23-A-1478

## DEFENDANT DOLGENCORP, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES

COMES NOW Defendant Dolgencorp, LLC ("Dolgencorp") and files this Answer and Defenses to Plaintiff's Original Complaint for Damages ("Complaint"), showing this Honorable Court as follows:

### FIRST DEFENSE

Dolgencorp is not liable to Plaintiff because Dolgencorp breached no duty owed to Plaintiff regarding the occurrence giving rise in Plaintiff's Original Complaint for Damages or otherwise.

### SECOND DEFENSE

No act or omission on the part of Dolgencorp was the proximate cause of the injuries or damages sought by way of Plaintiff's Original Complaint for Damages and therefore Plaintiff's recovery of those injuries and damages is barred.



## THRID DEFENSE

To the extent the damages sought by way of Plaintiff's Original Complaint for Damages were the result of Plaintiff's comparative and/or contributory negligence, Plaintiff's recovery against Dolgencorp is barred or should be reduced by the proportion of her negligence.

## FOURTH DEFENSE

Plaintiff is not entitled to recover from Dolgencorp because Plaintiff's knowledge of the alleged hazard was at least equal to any knowledge of Dolgencorp.

## FIFTH DEFENSE

To the extent the alleged injuries and damages of Plaintiff were caused solely by the negligence of Plaintiff, her claims against Dolgencorp are barred.

## SIXTH DEFENSE

To the extent applicable, Plaintiff's claims are barred by the Georgia doctrine of assumption of risk.

Without waiving any of the foregoing defenses and incorporating each as if set forth herein verbatim, Dolgencorp responds to the numbered allegations contained in Plaintiff's Original Complaint for Damages as follows:

1.

Dolgencorp denies that it is a corporation (it is a limited liability company); however, the remaining allegations contained in Paragraph 1 of Plaintiff's Original Complaint for Damages are admitted.

2.

Dolgencorp denies the allegations contained in Paragraph 2 of Plaintiff's Original Complaint for Damages.

3.

Dolgencorp denies that it owns a retail establishment or the premises located at 1342 Pine Street, Unadilla, GA 31091; however, the remaining allegations contained in Paragraph 3 of Plaintiff's Original Complaint for Damages are admitted.

4.

Dolgencorp denies, as pleaded, the allegations contained in Paragraph 4 of Plaintiff's Original Complaint for Damages.  Responding further, Defendant admits that it operated the Dollar General store located at 1342 Pine Street, Unadilla, GA 31091 on May 28, 2021 but it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's legal status on the property or whether she slipped and fell as alleged in Paragraph 4 of Plaintiff's Original Complaint for Damages and, therefore, cannot admit or deny same.

5.

Dolgencorp denies, as pleaded, the allegations contained in Paragraph 5 of Plaintiff's Original Complaint for Damages.  Responding further, Defendant admits that it operated the Dollar General store located at 1342 Pine Street, Unadilla, GA 31091 on May 28, 2021 but expressly denies that it was negligent in any respect.

6.

Dolgencorp denies, as pleaded, the allegations contained in Paragraph 6 of Plaintiff's

Original Complaint for Damages.

7.

Dolgencorp denies, as pleaded, the allegations contained in Paragraph 7 of Plaintiff's Original Complaint for Damages.

8.

Dolgencorp is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Original Complaint for Damages and, therefore, cannot admit or deny same. Responding further, Dolgencorp denies that it is legally liable for Plaintiff's alleged pain and suffering.

9.

The allegations in Paragraph 9 of Plaintiff's Original Complaint for Damages to not appear to require a response from Dolgencorp. To the extent a response is required, Dolgencorp admits Plaintiff seeks to recover against it under the legal theories outlined in Paragraph 9 but expressly denies it is liable to Plaintiff under any of those theories of recovery.

10.

The allegations in Paragraph 10 of Plaintiff's Original Complaint for Damages to not appear to require a response from Dolgencorp. To the extent a response is required, Dolgencorp admits Plaintiff seeks to recover against fictitious defendants under the legal theories outlined in Paragraph 10 but expressly denies the fictitious defendants are liable to Plaintiff under any of those theories of recovery.

11.

Dolgencorp denies the allegations contained in Paragraph 11 of Plaintiff's Original Complaint for Damages.

Any allegations contained in Plaintiff's Original Complaint for Damages not herein responded to by number, including Plaintiff's *ad damnum* and all subparts, are hereby denied.

**DEFENDANT DOLGENCORP, LLC DEMANDS A TRIAL BY JURY OF 12.**

This 26th day of May, 2023.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*

_____
Erica L. Morton, Esq.
Georgia Bar No.: 140869
*Attorney for Defendant Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RITA WALKER,

                    Plaintiff,

v.                                          Civil Action File No.: 23-A-1478

DOLGENCORP, LLC, d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

                    Defendant(s).

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served counsel for the opposing party in the

foregoing matter with a copy of ***Defendant Dolgencorp, LLC's Answer and Defenses to***

***Plaintiff's Original Complaint for Damages*** via e-file, e-mail and/or by mailing to the

following addresses with sufficient postage affixed thereto:

David Dozier, Esq.
DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
Email: david@dozierlaw.com

This 26th day of May, 2023.

                         Respectfully submitted,

                         SWIFT, CURRIE, MCGHEE & HIERS, LLP

                         ***/s/ Erica L. Morton***
                         _____
                         Erica L. Morton, Esq.
                         Georgia Bar No.: 140869
                         *Attorney for Defendant Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com

ID# 2EFTZ5EF-GXA
⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1478**

**MAY 26, 2023 12:59 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RITA WALKER,

               Plaintiff,

v.

DOLGENCORP, LLC, d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

               Defendant(s).

Civil Action File No.: 23-A-1478

## <u>DEMAND FOR JURY OF TWELVE</u>

COMES NOW Defendant Dolgencorp, LLC, by and through its attorney, and demands in writing prior to the commencement of the trial term that the above-styled case be tried by a twelve-member jury, pursuant to O.C.G.A. § 15-12-122.

This 26th day of May, 2023.

               Respectfully submitted,

               SWIFT, CURRIE, MCGHEE & HIERS, LLP

               ***/s/ Erica L. Morton***

               —————————————————————
               Erica L. Morton, Esq.
               Georgia Bar No.: 140869
               *Attorney for Defendant Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com



**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| RITA WALKER, | |
| Plaintiff, | |
| v. | Civil Action File No.: 23-A-1478 |
| DOLGENCORP, LLC, d/b/a DOLLAR GENERAL STORE #10503, and JOHN DOES NOS. 1-10, | |
| Defendant(s). | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served counsel for the opposing party in the foregoing matter with a copy of ***Demand for Jury of Twelve*** via e-file, e-mail and/or by mailing to the following addresses with sufficient postage affixed thereto:

David Dozier, Esq.
DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
Email: david@dozierlaw.com

This 26th day of May 2023.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*

_____
Erica L. Morton, Esq.
Georgia Bar No.: 140869
*Attorney for Defendant Dolgencorp, LLC*

-2-

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com

ID# 2.2EFTZ5EF-T3J
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1478**

MAY 26, 2023 12:59 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RITA WALKER,

               Plaintiff,

v.

DOLGENCORP, LLC, d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

               Defendant(s).

Civil Action File No.: 23-A-1478

---

## DEFENDANT DOLGENCORP, LLC'S RULE 5.2 CERTIFICATE OF SERVICE

COMES NOW, Defendant Dolgencorp, LLC, ("Defendant"), and pursuant to Uniform Superior/State Court Rule 5.2, hereby notifies the Court that on this date, Defendant served upon opposing counsel a copy of the following:

1. **Defendant Dolgencorp, LLC's Response to Plaintiff's First Request for Admissions to Defendant;**

2. **Defendant Dolgencorp, LLC's First Request for Admissions of Fact to Plaintiff Walker;**

3. **Defendant Dolgencorp, LLC's First Continuing Interrogatories to Plaintiff Walker; and**

4. **Defendant Dolgencorp, LLC's First Request for Production of Documents to Plaintiff Walker and Notice to Produce at Trial.**

*(Signature on following page)*



This 26th day of May, 2023.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*

_____
Erica L. Morton, Esq.
Georgia Bar No.: 140869
*Attorney for Defendant Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RITA WALKER,

                  Plaintiff,

v.

DOLGENCORP, LLC, d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

                  Defendant(s).

Civil Action File No.: 23-A-1478

## CERTIFICATE OF SERVICE

This is to certify that I have this date served counsel for the opposing party in the foregoing matter with a copy of ***Dolgencorp, LLC's Rule 5.2 Certificate of Service*** via e-file, e-mail and/or by mailing to the following addresses with sufficient postage affixed thereto:

David Dozier, Esq.
DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
Email: david@dozierlaw.com

This 26th day of May 2023.

                Respectfully submitted,

                SWIFT, CURRIE, MCGHEE & HIERS, LLP

                ***/s/ Erica L. Morton***

                _____

                Erica L. Morton, Esq.
                Georgia Bar No.: 140869
                *Attorney for Defendant Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com
Email: Jordan.mahoney@swiftcurrie.com

ID# 2EFTZ5EF-H5W
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1478

MAY 26, 2023 12:59 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RITA WALKER,

                Plaintiff,

v.

DOLGENCORP, LLC, d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

                Defendant(s).

Civil Action File No.: 23-A-1478

## <u>NOTICE OF LEAVE OF ABSENCE</u>

COMES NOW, Erica L. Morton, and respectfully notifies all Judges before whom they have cases pending, all affected Clerks of Court, and all opposing counsel, that she will be on leave pursuant to Georgia Uniform Court Rule 16.

1.

The time Applicant will be away from the practice of law is:

- Wednesday, May 24, 2023 – Tuesday, May 30, 2023 – Travel out of State;

- Monday, June 5, 2023 - Friday, June 9, 2023 – Travel out of State/Family Trip;

- Friday, June 30, 2023 – Monday, July 10, 2023 – Travel out of State/Family Trip;

- Tuesday, August 1, 2023 – Wednesday, August 2, 2023 - OCIs;



- Monday, September 25, 2023 – Friday, September 29, 2023 – Travel out of State/Family Trip;

- Wednesday, November 22, 2023 – Monday, November 27, 2023 - Travel out of State/Family Trip;

- Monday, December 25, 2023 – Wednesday, January 3, 2024 - Travel out of State/Family Trip; and

- Monday, February 19, 2024 – Tuesday, February 27, 2024 – Travel out of Country.

2.

The purpose of the leave is family vacation and continuing legal education.

3.

All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object.  If no objections are filed, the Leave of Absence shall be granted.

This 26th day of May, 2023.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*

_____
Erica L. Morton, Esq.
Georgia Bar No.: 140869
*Attorney for Defendant Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com

- 2 -

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

RITA WALKER,

               Plaintiff,

v.

DOLGENCORP, LLC, d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

               Defendant(s).

Civil Action File No.: 23-A-1478

## CERTIFICATE OF SERVICE

This is to certify that I have this date served counsel for the opposing party in the

foregoing matter with a copy of ***Notice of Leave of Absence*** via e-file, e-mail and/or by

mailing to the following addresses with sufficient postage affixed thereto:

David Dozier, Esq.
DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
Email: david@dozierlaw.com

This 26th day of May, 2023.

           Respectfully submitted,

           SWIFT, CURRIE, MCGHEE & HIERS, LLP

           ***/s/ Erica L. Morton***

           _____
           Erica L. Morton, Esq.
           Georgia Bar No.: 140869
           *Attorney for Defendant Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com

ID#EFY5U5CRAW-PMK
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1478

JUN 06, 2023 01:33 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RITA WALKER,

     Plaintiff,

v.

DOLGENCORP, LLC
JOHN DOES NOS. 1-10,

     Defendant.

Civil Action No. 23-A-1478

## PLAINTIFF'S REQUEST FOR PRODUCTION OF NON-PARTY DOCUMENTS

    TO:    Erica L. Morton
           1420 Peachtree Street, N.E.
           Suite 800
           Atlanta, Georgia 30309

    Plaintiff hereby requests Defendant to produce and permit Plaintiff to inspect and copy all

records produced in response to Defendant's Request for Production of Documents to Non-Party,

dated 6/1/2023.

1. Perry Hospital a/k/a Houston Healthcare- Medical Records;
2. Perry Hospital a/k/a Houston Healthcare- Billing Department;
3. Perry Hospital a/k/a Houston Healthcare- Radiology Department;
4. Lakejay Med Stop a/ka Houston County Emergency Group;
5. Houston Healthcare d/b/a Houston County Emergency Group;
6. Universal Radiology Consultants;
7. OrthoGeorgia;
8. Georgia Neurosurgical Institute a/k/a GNI Imaging;
9. GNI Outpatient Surgery Center;
10. Stephen Turner, DMD;
11. Blue Cross Blue Shield Healthcare of Georgia;
12. Houston Neurology;
13. Perry Drug Company; and
14. Houston Healthcare f/k/a Houston Medical Center- Medical Records
15. Houston Healthcare f/k/a Houston Medical Center- Billing Department; and
16. Houston Healthcare f/k/a Houston Medical Center- Radiology Department.

*[Signature on the following page]*

Respectfully submitted this the 6th day of June, 2023.

/s/   **David Dozier**
David Dozier
Georgia Bar No. 228898
*Attorney for Plaintiff*

DOZIER LAW FIRM, LLC
487 Cherry Street, Suite 100
Macon, GA 31201
(478) 745-9097 Fax
david@dozierlaw.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RITA WALKER, | |
| Plaintiff, | Civil Action No. <u>23-A-1478</u> |
| v. | |
| DOLGENCORP, LLC<br>JOHN DOES NOS. 1-10, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel with a copy of the foregoing *Plaintiff's Request for Production of Non-Party Documents* by placing a true and correct copy of same in the United States Mail in an envelope properly addressed to the following, with adequate postage affixed thereon to ensure delivery upon:

Erica L. Morton
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
*Attorney for Defendant*

Respectfully submitted this the 6th day of June, 2023.

*/s/   David Dozier*
David Dozier
Georgia Bar No. 228898
*Attorney for Plaintiff*

DOZIER LAW FIRM, LLC
487 Cherry Street, Suite 100
Macon, GA 31201
(478) 745-9097 Fax
david@dozierlaw.com

**ID# 2GTWJ5NSB-C4N**
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1478**

**JUN 23, 2023 02:16 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RITA WALKER,

                       Plaintiff,

v.

DOLGENCORP, LLC, d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

                     Defendant(s).

Civil Action File No.: 23-A-1478

---

## DEFENDANT DOLGENCORP, LLC'S RULE 5.2 CERTIFICATE OF SERVICE

COMES NOW, Defendant Dolgencorp, LLC, ("Defendant"), and pursuant to Uniform Superior/State Court Rule 5.2, hereby notifies the Court that on this date, Defendant served upon opposing counsel a copy of the following:

1.    **Defendant Dolgencorp, LLC's Response to Plaintiff's First Interrogatories; and**

2.    **Defendant Dolgencorp, LLC's Response to Plaintiff's First Request for Production.**

*(Signature on following page)*

This 23ʳᵈ day of June, 2023.

                  Respectfully submitted,

                  SWIFT, CURRIE, MCGHEE & HIERS, LLP



*/s/ Erica L. Morton*

Erica L. Morton, Esq.
Georgia Bar No.: 140869
*Attorney for Defendant Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com
Email: Jordan.mahoney@swiftcurrie.com

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RITA WALKER,

                    Plaintiff,

v.

DOLGENCORP, LLC, d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

                    Defendant(s).

Civil Action File No.: 23-A-1478

## CERTIFICATE OF SERVICE

This is to certify that I have this date served counsel for the opposing party in the foregoing matter with a copy of ***Dolgencorp, LLC's Rule 5.2 Certificate of Service*** via e-file, e-mail and/or by mailing to the following addresses with sufficient postage affixed thereto:

David Dozier, Esq.
DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
Email: david@dozierlaw.com

This 23rd day of June 2023.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*

_____

Erica L. Morton, Esq.
Georgia Bar No.: 140869
*Attorney for Defendant Dolgencorp, LLC*

-3-

ID# E4FSEXL5J-WMZ
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1478

JUL 26, 2023 08:34 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RITA WALKER,

                Plaintiff,

v.

DOLGENCORP, LLC, d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

                Defendant(s).

Civil Action File No.: 23-A-1478

## NOTICE OF LEAVE OF ABSENCE

COMES NOW, Erica L. Morton, and respectfully notifies all Judges before whom they have cases pending, all affected Clerks of Court, and all opposing counsel, that she will be on leave pursuant to Georgia Uniform Court Rule 16.

1.

The time Applicant will be away from the practice of law is:

- Tuesday, August 1, 2023 – Wednesday, August 2, 2023 - OCIs;

- Monday, September 25, 2023 – Friday, September 29, 2023 – Travel out of State/Family Trip;

- Friday, October 20, 2023-Sunday, October 22, 2023; Fall Board Meeting;

- Wednesday, November 22, 2023 – Monday, November 27, 2023 - Travel out of State/Family Trip;



- Monday, December 25, 2023 – Wednesday, January 3, 2024 - Travel out of State/Family Trip;

- Monday, January 25, 2024 – Judicial Reception;

- Tuesday, January 26, 2024 –Winter Board Meeting;

- Monday, February 19, 2024 – Tuesday, February 27, 2024 – Travel out of Country;

- Friday, March 22, 2024 – Sunday, March 24, 2024 -Spring Board Meeting; and

- Monday, June 12, 2024 – Friday, June 16, 2024 – Annual Meeting.

2.

The purpose of the leave is family vacation and continuing legal education.

3.

All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object.  If no objections are filed, the Leave of Absence shall be granted.

This 26th day of July, 2023.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*

_____

Erica L. Morton, Esq.
Georgia Bar No.: 140869
*Attorney for Defendant*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231

- 2 -

Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

RITA WALKER,

             Plaintiff,

v.

DOLGENCORP, LLC, d/b/a
DOLLAR GENERAL STORE #10503,
and JOHN DOES NOS. 1-10,

             Defendant(s).

Civil Action File No.: 23-A-1478

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served counsel for the opposing party in the foregoing matter with a copy of ***Notice of Leave of Absence*** via e-file, e-mail and/or by mailing to the following addresses with sufficient postage affixed thereto:

David T. Dorer, Esq.
DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, Georgia 31202
Email: dorer@dozierlaw.com
Email: dorerlawteam@dozierlaw.com

*(Signature on following page)*

This 25th day of July, 2023.

                  Respectfully submitted,
                  SWIFT, CURRIE, MCGHEE & HIERS, LLP

- 4 -

*/s/ **Erica L. Morton***

Erica L. Morton, Esq.
Georgia Bar No.: 140869
*Attorney for Defendant*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
Email: erica.morton@swiftcurrie.com
4876-4883-9794, v. 1

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RITA WALKER,

      Plaintiff,

v.

DOLGENCORP, LLC, d/b/a DOLLAR
GENERAL STORE #10503, and JOHN DOES
NOS. 1-10,

      Defendants.

Civil Action No. 23-A-1478

---

**PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST INTERROGATORIES, REQUEST FOR ADDMISSIONS, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

COMES NOW, Rita Walker; by and through her undersigned attorney of record, and hereby provides the following answers to *Defendant's FIRST INTERROGATORIES, REQUEST FOR ADMISSION AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF:*

**GENERAL OBJECTIONS**

The following objections are incorporated by reference into each response to Defendant's Interrogatories to Plaintiff:

1.

The following responses are based upon information presently available to Plaintiff to which Plaintiff believes to be correct. Said responses are made without prejudice to Plaintiff's right to utilize subsequently discovered facts.

2.

No incidental or implied admission of fact by Plaintiff is made by the responses below. The only admissions are expressed admissions. The fact that Plaintiff has answered any interrogatories or produced any documents herein may not properly be taken as an admission that Plaintiff accepts

or admits the existence of any facts set forth or assumed by such interrogatories and the responses herein are not intended to, and shall not be, construed to be a waiver by Plaintiff of all or any part of any objection of Plaintiff to the admissibility of same at trial, or the relevance of the response.

3.

Plaintiff objects to Defendant's Interrogatories to the extent that they are overbroad, unduly burdensome, and oppressive.

4.

Plaintiff objects to Defendant's Interrogatories to the extent that they seek information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

5.

Plaintiff objects to Defendant's Interrogatories to the extent that they seek information that is protected from discovery by virtue of the attorney-client privilege.

6.

Plaintiff objects to Defendant's Interrogatories to the extent they seek information that constitutes the work product or trial preparation materials of Plaintiff's attorneys or other representatives or reflect the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives.

7.

Plaintiff objects to Defendant's Interrogatories to the extent that they seek information that constitutes confidential or proprietary business and financial information of Plaintiff.

8.

Plaintiff objects to Defendant's Interrogatories to the extent that they seek to require

Plaintiff to draw a legal conclusion.

## ANSWERS TO REQUEST FOR ADMISSION

1.

As of April 13, 2023, Plaintiff incurred in excess of $32,000.00 in medical expenses for treatment, including injections, that she claims were caused by a fall at the Dollar General Store in Unadilla, Georgia in May 2021.

**Response: Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 1 to Plaintiff.**

2.

Plaintiff continues to receive medical treatment she contends is necessitated by the May 2021 fall at the Dollar General Store in Unadilla, Georgia.

**Response: Plaintiff denies the matter of which an admission is required in Defendant's Request for Admission No.2 to Plaintiff.**

3.

Plaintiff continues to incur expenses for medical treatment she contends are necessitated by May 2021 fall at the Dollar General Store in Unadilla, Georgia.

**Response: Plaintiff denies the matter of which an admission is required in Defendant's Request for Admission No. 3 to Plaintiff.**

4.

Plaintiff seeks the recovery of loss wages in excess of $2,000.00 connection with the May 2021 fall at the Dollar General Store in Unadilla, Georgia.

**<u>Response:</u> Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 4 to Plaintiff.**

5.

Plaintiff seeks a recovery for diminished capacity to work and labor in connection with the May 2021 fall at the Dollar General store in Unadilla, Georgia.

**<u>Response:</u> Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 5 to Plaintiff.**

6.

Plaintiff seeks to recover for past, current and future physical pain and suffering incurred as a result of the May 2021 fall at the Dollar General store in Unadilla, Georgia.

**<u>Response:</u> Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 6 to Plaintiff.**

7.

Plaintiff seeks to recover for past, current and future mental pain and suffering incurred as a result of the May 2021 fall at the Dollar General store in Unadilla, Georgia.

**<u>Response:</u> Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 7 to Plaintiff.**

8.

Plaintiff seeks to recover a total damages award against Defendant that is greater than $75,000.00.

**<u>Response:</u> Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 8 to Plaintiff.**

9.

Plaintiff seeks to recover a total damages award against Defendant that is less than $75,000.00.

**Response: Plaintiff denies the matter of which an admission is required in Defendant's Request for Admission No. 9 to Plaintiff.**

10.

Plaintiff will ask the fact-finder for an award of money damages in excess of $75,000.00.

**Response: Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 10 to Plaintiff.**

11.

Plaintiff will ask the fact-finder for an award of money damages less than $75,000.00.

**Response: Plaintiff denies the matter of which an admission is required in Defendant's Request for Admission No. 11 to Plaintiff.**

12.

Plaintiff will ask the fact-finder for an award of money damages not to exceed $75,000.00.

**Response: Plaintiff denies the matter of which an admission is required in Defendant's Request for Admission No. 12 to Plaintiff.**

13.

Plaintiff is a resident of the state of Georgia.

**Response: Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 13 to Plaintiff.**

14.

Plaintiff has been a resident of the state of Georgia continuously since May 28, 2021.

**Response: Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 14 to Plaintiff.**

15.

Plaintiff has no plans to move outside of the state of Georgia for the foreseeable future.

**Response: Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 15 to Plaintiff.**

16.

Plaintiff has no plans to move to the states of Tennessee or Kentucky for the foreseeable future.

**Response: Plaintiff admits the matter of which an admission is requested in Defendant's Request for Admission No. 16 to Plaintiff.**

## ANSWERS TO INTERROGATORIES

1.

What is your full name, date of birth, present address and social security number?

**Response:  Rita Walker; DOB: 09/04/1958; Address: P.O. Box 704, Unadilla, Georgia 31091; SSN: \*\*\*-\*\*- 6983. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

2.

State the full name of your spouse, if any, at the time of the incident giving rise to this lawsuit, your spouse at the present time, and give the name and ages of all of your children.

**Response: Plaintiff recalls her husband's name is James Walker. Plaintiff recalls that she does not have any children. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

3.

State specifically and in reasonable detail how the incident which is the basis of your lawsuit in this matter occurred, including the exact date, time, location and manner of your alleged fall as well as identifying all items you were carrying in your hands or on your person at the time of the alleged fall, and identifying any individual(s) with whom you were shopping.

**Response: Plaintiff recalls that she was shopping at Dollar General located at 1342 Pine Street, Unadilla, Georgia 31091. On May 28, 2021 between 9:50pm and 10:00pm, Plaintiff recalls that she was on her way to the checkout counter when she slipped on a recently mopped floor. Plaintiff does not recall seeing any wet floor signs. Plaintiff recalls that she was only carrying one or two small items at the time and was shopping alone. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

4.

Please identify all persons that to your knowledge, information or belief:

    a) Were eyewitnesses to the incident giving rise to this lawsuit;

    b) Were in the store with you at the time of the fall;

    c) Have relevant knowledge concerning the incident giving rise to this lawsuit, any

issue of liability in this lawsuit or the damages you claim in connection with this lawsuit, who were not identified in sub-part (a) or (b)

**Response: Plaintiff recalls that she reported the fall to Dollar General worker Ken Pate. Plaintiff also recalls that two other shoppers, Adrian Taylor and Patrice helped her up following the fall. Plaintiff recalls that employee Ken wrote her name down and said he would notify management about the fall. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

5.

Please identify each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit.

**Response: Plaintiff recalls that the Dolar General employee Ken Pate took down her name after the fall. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

6.

Identify all persons who, to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

**Response: Plaintiff recalls the Defendant's employees and/or agents as well as the limited conversation Plaintiff had inquiring about the wet floor are the only investigations known to have occurred to the Plaintiff's knowledge. Plaintiff reserves**

**the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

7.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, any other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

**Response: Plaintiff recalls that she does not have any photographs, chart, diagrams, or videotapes relevant to the fall. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

8.

Please identify each expert expected to testify at trial and state the subject matter about which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion.

**Response: Plaintiff has not yet retained or specially employed any experts in preparation for trial. However, Plaintiff expects to call his treating physicians, as described in Plaintiff's answer to Interrogatory No. 19, to testify as to the extent and causes of her injuries. Details regarding the diagnosis and treatment provided by Plaintiff's treating physicians can be found in Plaintiff's medical bills and medical records provided. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

9.

Please state whether you have ever been convicted of, or pleaded guilty to, any felony or crime involving moral turpitude. If the answer is affirmative, please identify each crime, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge.

**Response: Plaintiff recalls that she has never been convicted of or pleaded guilty to any felony or crime. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

10.

During the 24-hour period prior to the occurrence giving rise to this lawsuit, did you consume any alcoholic beverages, medicine or drugs of any kind? If the answer is affirmative, please state precisely the type of alcoholic beverage, medicine or drug consumed, the amount consumed, the time(s) at which it was consumed and the name, address and telephone number of all persons who have relevant knowledge about your consumption of the substances.

**Response: Plaintiff does not recall consuming any alcoholic beverages, medicine or drugs of any kind within the twenty-four (24) hours prior to the occurrence. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

11.

With respect to all insurance benefits available to you for treatment by any doctor, hospital, osteopath, psychiatrist, psychologist, chiropractor or other practitioner of the healing arts as a result of the incident that is the subject of this litigation, (e.g. health insurance, worker's compensation, medical payments policies, etc.) please state:

**a)**  the name and address of the provider of benefits;

**b)**  the amount of the payments by each provider;

**c)**  the person or entity to whom the payments were made;

**d)**  the claim number, policy number or applicable reference number with regard to each payment; and

**e)**  whether you or anyone acting on your behalf, specifically including but not limited to your attorney(s), has received notice, written or verbal, of any liens or rights of recovery asserted by said provider of benefits.

**<u>Response:</u> Plaintiff objects to this interrogatory on the grounds that Defendant's Interrogatory goes towards a collateral source which is inadmissible at trial. However, subject to and without waiving the foregoing objection, and in a good faith effort to respond, Plaintiff currently has Blue Cross Blue Shield Federal Employee Program and Tricare for Life health insurance. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

12.

If you were eligible for or did receive any benefits from any governmental entity, such as Medicare or Medicaid, etc., as a result of the incident that is the subject of this litigation, please state:

a)  the name and address of the provider of benefits;

b)  the amount of the payments by each provider;

c)  the person or entity to whom the payments were made;

d)  the claim number, policy number or applicable reference number with regard to each payment; and

e) whether you or anyone acting on your behalf, specifically including but not limited to your attorney(s), has received notice, written or verbal, of any liens or rights of recovery asserted by said provider of benefits.

**Response: Plaintiff objects to this interrogatory on the grounds that Defendant's Interrogatory goes towards a collateral source which is inadmissible at trial. However, subject to and without waiving the foregoing objection, and in a good faith effort to respond, Plaintiff currently has Blue Cross Blue Shield Federal Employee Program and Tricare for Life health insurance. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

13.

Please identify all accidents, occurrences or incidents in which you received mental or bodily injuries prior to the occurrence giving rise to this lawsuit—specifically including but not limited to all work-related and/or sports injuries—and describe the bodily or mental injuries, if any, which you received in such other accidents or incidents.

**Response: Plaintiff does not recall any other accident or occurrences in which she received mental or bodily injuries prior to the occurrence giving rise to this lawsuit. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

14.

Please identify all accidents, occurrences or incidents in which you received mental or bodily injuries subsequent to the occurrence giving rise to this lawsuit and describe the bodily or mental injuries, if any, which you received.

**Response: Plaintiff does not recall any other accident or occurrences in which she received mental or bodily injuries subsequent to the occurrence giving rise to this lawsuit. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

15.

Please identify and explain in detail, to the best of your ability, all injuries you claim to have received as a result of the incident giving rise to this lawsuit and indicate what injuries you are, at present, suffering from and the manner and extent of your current suffering.

**Response: The specifics of Plaintiff's injuries can be found in Plaintiff's medical bills and medical records provided. However, it is Plaintiff's general understanding that she sustained injuries including, but not limited to her left side, left arm, tailbone, back, and teeth. Plaintiff will amend or supplement this answer as discovery and litigation proceeds.**

16.

Please identify any prior or subsequent injuries, diseases or difficulties in the areas of the body which you claim were injured in the occurrence which is the subject of this lawsuit, give the inclusive dates on which you were suffering or in pain, and give the names and addresses of all practitioners of the healing arts who have treated you for such injury, disease or difficulty.

**Response: Plaintiff does not recall any prior or subsequent injuries, diseases, or difficulties in the areas of the body which were injured in the occurrence. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

17.

State the names and addresses of all doctors, osteopaths, psychiatrists, psychologists, chiropractors and other practitioners of the healing arts who have treated you as a result of the incident that is the subject of this litigation, give the date of your last visit to each and indicate whether each has issued a written report regarding his or her treatment of you.

**<u>Response:</u> Plaintiff recalls the following information. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

**<u>Lake Joy Med Stop</u>**
**1118 SR 96, Kathleen, Georgia 31047**
**DOS: 5/29/2021**

**<u>Perry Hospital</u>**
**1120 Morningside Drive, Perry, Georgia 31069**
**DOS: 5/29/2021**

**<u>Ortho Georgia</u>**
**301 Margie Drive, Warner Robins, Georgia 31088**
**DOS: 6/8/2021-9/30/2021**

**<u>Georgia Neurological Institute, PC</u>**
**840 Pine Street, Suite 880, Macon, GA 31201**
**DOS: 6/21/2021- 9/2/2022**

**<u>Stephen B. Turner</u>**
**121 Lamar Street, Macon, GA 31204**
**DOS: 1/12/2022**

**GNI Outpatient Surgery Center**

**840 Pine Street, Suite 880, Macon, GA 31201**

**DOS: 8/16/2022**

18.

Give the names and addresses of all hospitals, infirmaries, clinics, sanitariums, nursing homes, and asylums in which you received treatment, including the dates of such treatment:

a)  For any treatment after the incident giving rise to this lawsuit; and

b)   For any treatment at any time to any area of the body in which you claim injury from this incident.

**Response:** **Please refer to the response to interrogatory no. 17. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

19.

Please itemize all special damages which you have incurred (or others have incurred on your behalf) as a result of the occurrence giving rise to this lawsuit, including medical expenses, hospital expenses, drug expenses, property damage, lost wages, and all other special damages (describing same) you claim to have incurred as a result of the incident described in Plaintiff's Complaint.

**Response:** **Plaintiff recalls the following information. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

| Facility | Address | Date of Service | Total |
|---|---|---|---|
| Lake Joy Med Stop | 1118 SR 96, Kathleen, Georgia 31047 | 5/29/2021 | $0 |
| Houston County Emergency Group, LLC | P.O. Box 22082, Belfast, Maine 04915 | 5/29/2021 | $1,400.00 |
| Loss of Income | | 6/1/2021-8/24/2021 | $2,000.00 |
| Ortho Georgia | 301 Margie Drive, Warner Robins, Georgia 31088 | 6/8/2021-9/30/2021 | $5,707.00 |
| Georgia Neurological Institute, PC | 840 Pine Street, Suite 880, Macon, GA 31201 | 6/21/2021-9/2/2022 | $14,715.00 |
| Stephen B. Turner | 121 Lamar Street, Macon, Georgia 31204 | 1/12/2022 | $1,330.00 |
| GNI Outpatient Surgery Center | 840 Pine Street, Suite 880, Macon, Georgia 31201 | 8/16/2022 | $3,250.00 |
| Perry Hospital | 1120 Morningside Drive, Perry, Georgia 31069 | 5/29/2021 | $3,442.00 |
| Universal Radiology Consultants, PC | P.O. Box 1004, Indianapolis, IN 46206 | 5/29/2021 | $253.00 |
| | | Total to Date: | $32,097.00 |

20.

For any lost wage or salary claim that you make, please state the name, address and phone number of your employer at the time of the occurrence, the name of your supervisor, the dates you were unable to work, the date you returned to work, your rate of pay and whether or not your employer continued to pay your salary during any part of the time you were unable to work.

**Response:** **Plaintiff objects to this request as it goes beyond the scope of permissible discovery. However, subject to and without waiving the foregoing objection, and in a good faith effort to respond, Plaintiff will provide comparable proof of lost wages. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

21.

Please state the specific purpose for which Plaintiff was in the Dollar General store no. 10503 (1342 Pine Street, Unadilla, GA) at the time of the fall complained of in Plaintiff's Original Complaint for Damages and where Plaintiff had been in the two hours prior to the fall.

**Response:** **Plaintiff recalls that she was picking up necessities for herself and her husband at the Dollar General during the time of the fall. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

22.

Please describe, to a reasonable degree of specificity, your actions from the time of your alleged fall until the time you first sought treatment from Lake Joy Med Stop.

**Response:** **Plaintiff recalls that after the fall she notified the Dollar General employee and headed home. Once home Plaintiff recalls that she soaked in the bathtub to try and relieve the pain. Plaintiff's husband suggested they go to seek treatment from Lake Joy Med Stop, Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

23.

Please list the number of occasions during the day of May 28, 2021 that you had previously

walked through the area in which your alleged fall occurred.

**Response:** **Plaintiff recalls she only walked down the area in which she fell once that day.**

**Plaintiff reserves the right to supplement and/or amend this answer should circumstances**

**change or additional information be discovered.**

24.

If there was any defective condition, foreign substance, or foreign object in or on the area which

caused or contributed to your fall, describe:

   a)  the defective condition, foreign substance, or foreign object as fully as possible;

   b)  how the area came to have such defective condition, foreign substance, or foreign object;

   c)   to what extent your injury was caused by such defective condition, foreign substance, or
       foreign object;

   d)  any other factors or events which caused or contributed to your injury; and

   e)  whether any Defendant or any of their agents or employees knew of the defective
       condition, for how long each knew of it, and who told them of it.

**Response:** **Plaintiff recalls the following information:**

   a)  **Plaintiff recalls the defective condition was water and presumably cleaner.**

   b)  **Plaintiff recalls that the employee admitted to mopping the floor.**

   c)  **Plaintiff recalls that her injuries were caused by slipping on the unmarked wet floor.**

   d)  **Plaintiff believes that the reflection of the overhead fluorescent lighting made it**
       **difficult to tell if the floor was wet.**

**e) Plaintiff is unaware of how long prior to her fall Defendant's employees had mopped. Plaintiff believes that the cashier could see where she fell from the counter. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

25.

State all factors or events which you believe caused or contributed to your fall.

**<u>Response</u>: Plaintiff recalls that the negligence of Defendant Dolar General and its employees were negligent by failing to provide sufficient warning of the subject dangerous substance, failing to inspect and discover the dangerous substance, failing to remove the dangerous substance, failing to inspect and discover the dangerous substance, and by failing to use ordinary care in preventing hazardous conditions. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

26.

Please describe with specificity every claim you have made, or lawsuit you have filed for personal injury, including the date of the injury, the date of the claim, the type of injury, the person or entity against whom you made the claim, or filed the lawsuit and the disposition of the claim or lawsuit.

**<u>Response:</u> Plaintiff recalls that she has never made any other claims for personal injury. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

27.

For each claim or lawsuit, described above, identify all doctors, osteopaths, psychiatrists, psychologists, chiropractors, hospitals, infirmaries, clinics, sanitariums, nursing homes, asylums, and other practitioners, of the healing arts who treated you for each of those claims or lawsuits, listing the dates of each visit.

**Response: Please refer to the response to interrogatory no. 26. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

28.

On what date did you first consult an attorney regarding the incident described in your Original Complaint for Damages? (This Interrogatory does not ask for the contents of any privileged attorney-client communications.)

**Response: Plaintiff recalls that she first contacted an attorney regarding the incident on 06/03/2021. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

29.

On what date did you first consult a physician, counselor, or other practitioner of the healing arts about the injuries described in your Original Complaint for Damages?

**Response: Plaintiff recalls that she first contacted a physician regarding the fall on 5/29/2021. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

30.

Please provide all the addresses at which you have lived during the past ten (10) years.

**Response: Plaintiff recalls that she has lived at P.O. Box 704, Unadilla, Georgia 31091 for the past ten (10) years. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

31.

If you have ever filed a workers' compensation claim, please provide the following:

a)  the name and address of the provider of benefits;

b)  the amount of the payments by each provider;

c)  the person or entity to whom the payments were made; and

d)   the claim number, policy number or applicable reference number with regard to each payment.

**Response: Plaintiff recalls that she has never filed a claim for workers' compensation claim. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

32.

Have you, or has someone on your behalf, made any assignment to any physician, health care facility, chiropractor, physical therapist or other provider of the healing arts?

**Response: Plaintiff does not recall any responsive information. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

33.

Please list all medical bills incurred for treatment that you contend was caused by the incident at issue in your Original Complaint for Damages that have not been fully paid.

**Response: Plaintiff objects to this interrogatory on the grounds of relevancy and collateral source. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

34.

Please identify all persons or organizations which paid all or some of your medical bills incurred as a result of the incident at issue in your Original Complaint for Damages.

**Response: Plaintiff does not recall any person or organization which paid all or some of her medical bills. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

35.

Please identify and describe the shoes and clothes you were wearing at the time of the subject incident, including but not limited to the type, heel, material, brand, when purchased and whether you still have the shoes and clothes in your possession.

**Response: Plaintiff recalls that she was wearing sandals at the time of the fall. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

36.

Please fully identify every job you have held since May 28, 2011, including the name and contact information for each employer, job title, job description, rate of pay, name of your direct supervisor and reason for leaving.

**Response: Plaintiff objects to this request as it goes beyond the scope of permissible discovery. However, subject to and without waiving the foregoing objection, and in a good**

**faith effort to respond, Plaintiff will provide comparable proof of lost wages. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

37.

Please identify every cell phone or other mobile communications device that was in your possession at the time of the incident complained of in Plaintiff's Original Complaint for Damages, including the following for each device:

a)   Phone number;

b)   Service provider;

c)   Name and address of account holder;

d)   Exact location of the device at the time of the fall;

e)   Whether you were using the device in any way in the 5 minutes leading up to the fall; and

f)   If the answer to subpart e. is yes, then specify how the device was being used and with whom you were communicating.

**<u>Response:</u> Plaintiff recalls that her phone number is (478)-747-7286. The service provider is AT&T under the account name Rita Walker. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

<u>**ANSWERS TO REQUEST FOR PRODUCTION**</u>

1.

All doctors' bills, hospital bills, drug bills, and other documents relating to medical expenses incurred in connection with injuries allegedly received in the occurrence giving rise to your Original Complaint for Damages.

**Response: Plaintiff will provide copies of medical bills currently in her possession. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

2.

All documents that evidence or relate to any lost wages or earnings claim or other special damages which you claim in this lawsuit.

**Response: Plaintiff will provide a copy of a wage loss verification form currently in her possession. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

3.

All medical reports, hospital records, letters, office notes or other documents prepared by any physician, or other practitioner of the healing arts who treated you for injuries allegedly received in this occurrence.

**Response: Plaintiff will provide a copy of medical records currently in her possession. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

4.

Your state and federal income tax returns for the past four years. (If you do not have them, please execute IRS Tax Form 4506 and return it to the undersigned counsel.)

**Response: Plaintiff objects to this request as it goes beyond the scope of permissible discovery. However, subject to and without waiving the foregoing objection, and in a good faith effort to respond, Plaintiff will provide comparable proof of lost wages. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

5.

All photos of any person, place or thing related to this occurrence.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

6.

Any statement (written, recorded, etc.) made by any Defendant or any Defendant's current or former employees, agents or representatives.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

7.

All statements (written, recorded, etc.) from any other person concerning this occurrence, or the damages claimed in this lawsuit.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

8.

Claim forms, pleadings, depositions, releases, and all medical reports in your or your attorney's
possession regarding all workers' compensation claims and disability claims.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive
materials. Plaintiff reserves the right to supplement and/or amend this answer should
circumstances change or additional information be discovered.**

9.

All documents relating to compensation, indemnity insurance, wage loss replacement, income
replacement, disability benefits, or medical coverage and payments available to Plaintiff from
any and all governmental or private sources in connection with the occurrence.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive
materials. Plaintiff reserves the right to supplement and/or amend this answer should
circumstances change or additional information be discovered.**

10.

All documentary evidence relied upon to demonstrate and support facts relevant to this litigation.

**Response: Plaintiff will provide a copy of medical records currently in her possession.
Plaintiff reserves the right to supplement and/or amend this answer should circumstances
change or additional information be discovered.**

11.

All industry, governmental and private standards, guidelines or recommendations that Plaintiff
contends any Defendant did not follow or adhere to regarding the subject-incident.

**Response:** **Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

12.

All government statutes, ordinances, regulations or other laws that Plaintiff contends any Defendant did not follow or adhere to regarding the subject-incident.

**Response:** **Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

13.

All documents relating to the investigation of the incident giving rise to this lawsuit by any government representatives (police, fire department, OSHA, etc.) union, employer or other organization.

**Response:** **Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

14.

All field notes, sketches, diagrams, letters, memos, reports, photos, and documents of any type related to the incident giving rise to this lawsuit and the damages claimed in this lawsuit that have been generated by or for any expert consulted in this case.

**Response:** **Plaintiff has not yet retained or specially employed any experts in preparation for trial and, therefore, Plaintiff is not currently in possession, custody, or control of any**

**responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

15.

All documents that contain information, whether hearsay or personal, as to the cause or nature of the incident giving rise to this litigation that have not already been requested.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

16.

All documents that support or relate to any contention that an act or omission of any Defendant caused or contributed to Plaintiff's alleged fall.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

17.

All subrogation agreements, all notices of claimed subrogation rights by others, assignments of claims to others, hospital liens, and other material related to any subrogation, assignment or lien claim related to this lawsuit.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

18.

A copy of a current CV and all statements for services rendered to date by any expert retained to testify in this case.

**Response: Plaintiff has not yet retained or specially employed any experts in preparation for trial and, therefore, Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

19.

All materials which constitute evidence reasonably relied upon by experts which support your contentions regarding liability, causation or damages.

**Response: Plaintiff has not yet retained or specially employed any experts in preparation for trial and, therefore, Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

20.

Any memos, reports, letter or other documents generated by any Defendant (or any of their owners or representatives) or sent to any Defendant (or any of their owners or representatives) concerning the incident giving rise to this suit.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

21.

All medical bills which have not been fully paid.

**Response: Plaintiff objects on the grounds of relevancy. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

22.

A copy of all photographs or other items which are identified in your response to Interrogatory No. 10 regarding any and all alcoholic beverages, medicine or drugs of any kind consumed within 24-hours prior to the subject incident giving rise to this lawsuit.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

23.

Please produce the shoes and clothing identified in your response to Interrogatory No. 35 if still in your possession, custody or control or, in the alternative, provide color photographs of same.

**Response: Plaintiff will produce a color copy of the clothing identified in response to interrogatory No. 35. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

24.

Please produce itemized billing and usage records for May 28, 2021 for every cell phone or other mobile communications device identified in response to Interrogatory No. 37.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

25.

Please produce photographs, videos and social media postings made by you or that include you for any vacations, trips or other out of town travel you have undertaken since May 28, 2021.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

26.

Please produce a true and accurate copy of the receipt(s) for any purchases you made on May 28, 2021 at the Dollar General store referenced in Plaintiff's Original Complaint for Damages.

**Response: Plaintiff is not currently in possession, custody, or control of any responsive materials. Plaintiff reserves the right to supplement and/or amend this answer should circumstances change or additional information be discovered.**

This 7th day of July, 2023.

*/s/ David Dozier__*
DAVID DOZIER
GA Bar No. 228898

THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, Georgia 31201
(478) 742-8441
david@dozierlaw.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RITA WALKER,

      Plaintiff,

v.

DOLGENCORP, LLC, d/b/a DOLLAR
GENERAL STORE #10503, and JOHN DOES
NOS. 1-10,

      Defendants.

Civil Action No. 23-A-1478

---

## 5.2(2) CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

Pursuant to Uniform State Court Rule 5.2, the undersigned hereby certifies that a copy of *PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUEST FOR ADMISSION TO PLAINTIFF* were served on the following party(s):

Erica L. Morton
Swift, Currie, Mcgee & Hiers, LLP
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309
Erica.morton@swiftcurrie.com
Attorneys for Defendant

This 7th Day of July 2023.

/s/ David Dozier
DAVID DOZIER
GA Bar No. 228898

DOZIER LAW FIRM, LLC
487 Cherry Street
P.O. Box 13
Macon, GA 31202-0013
(478) 742-8441