## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHELSEA JANE CLABORN,

     Plaintiff,

-vs-

CASE NO.

EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and NATIONAL CREDIT SYSTEMS, INC.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, CHELSEA JANE CLABORN (hereinafter "Plaintiff"), sues Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION LLC ("Trans Union"), and NATIONAL CREDIT SYSTEMS, INC. ("NCS") (hereinafter collectively "Defendants"), in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Plaintiff is a natural person and resident of Wayne County in the State of Indiana. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.     Venue is proper in this District as Equifax's principal address is in this District, NCS's principal address is in this District, each of the Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

10.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.     Experian is a corporation headquartered in the State of California, authorized to do business in the State of Georgia, through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

13.     Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

15.     Trans Union is a corporation headquartered in the State of Illinois, authorized to do business in the State of Georgia, through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

16.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C §

1681(d) to third parties.

17.    Trans Union disburses such consumer reports to third parties under

contract for monetary compensation.

18.    NCS is headquartered at 1775 The Exchange SE, Suite 300, in Atlanta,

Georgia 30339.

19.    NCS is a "furnisher of information" as that term is used in 15 U.S.C §

1681s-2.

20.    NCS furnished information about Plaintiff to the CRAs that was

inaccurate.

## FACTUAL ALLEGATIONS

21.    Plaintiff is alleged to owe a debt to NCS.

22.    In or about January 2023, Plaintiff attempted to obtain a loan for the

purchase of a vehicle which was denied due to a collection account appearing on

Plaintiff's credit file.

23.    As a result, Plaintiff reviewed her Equifax credit report and became

aware of a NCS collection account, partial account number x46 being shown on her

credit report (hereinafter "NCS Account"). The debt being collected was for the

original creditor, The Upton Apartments (hereinafter "Upton"), with a reported unpaid balance of $14,518.

24.     Plaintiff contacted NCS to dispute the account and was provided an electronically signed lease agreement for Upton located in Hollywood, Florida signed on August 19, 2021.

25.     Plaintiff resides in Indiana, never rented an apartment from Upton in Hollywood, Florida, and has never lived in Hollywood, Florida.

26.     Believing she may have been a victim of identity theft, on or about February 23, 2023, Plaintiff filed a police report with the Henry County Sheriff's Office in Indiana regarding the identity theft.

27.     On or about March 16, 2023, Plaintiff filed an identity theft report to the Federal Trade Commission (report number 157648197), informing them that she believed she may be a victim of either a mixed file or identity theft due to the NCS Account being on her credit report.

28.     Since the filing of the police report and the FTC identity theft report did not resolve the problem, Plaintiff was forced to dispute the account with Equifax.

29.     On May 30, 2023, Equifax responded to Plaintiff's dispute by stating the NCS Account was "verified as accurate".

30.     Equifax failed to do any independent investigation, nor did they attempt to contact Plaintiff during the alleged investigation.

31.     Upon information and belief, Equifax notified NCS of Plaintiff's dispute. However, NCS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

32.     On June 8, 2023, Plaintiff again obtained a copy of her Equifax credit report. The report showed that Equifax continued to report the fraudulent NCS account on her credit report. Plaintiff was left feeling defeated.

33.     On June 8, 2023, Plaintiff attempted to obtain copies of her Experian and Trans Union credit reports online but received a message informing her that her credit was not available.

34.     On July 10, 2023, due to the continued inaccurate reporting by Equifax and believing Experian and Trans Union were reporting the same, Plaintiff mailed a detailed written dispute letter to the CRAs concerning the fraudulent NCS Account. In the letter, Plaintiff explained that the NCS Account did not belong to her and was most likely the result of either a mixed file or identity theft. In the letter, Plaintiff included an image of her driver's license to confirm her identity. Plaintiff also

included images from her Equifax credit report of the erroneous reporting, a copy of the Henry County police report, and a copy of her filed FTC Identity Theft Report.

35.     Plaintiff mailed her written dispute letter via USPS Certified Mail to Equifax (7022 0410 0001 3720 2302), Experian (7022 0410 0001 3720 2319), and Trans Union (7022 0410 0001 3720 2326).

36.     Despite having confirmation that the letter was delivered on July 13, 2023, Equifax did not respond to Plaintiff's dispute and did not provide dispute results to Plaintiff.

37.     Equifax failed to do any independent investigation, nor did they attempt to contact Plaintiff during the alleged investigation.

38.     Despite having confirmation that the letter was delivered on July 13, 2023, Experian did not respond to Plaintiff's dispute and did not provide dispute results to Plaintiff.

39.     Experian failed to do any independent investigation, nor did they attempt to contact Plaintiff during the alleged investigation.

40.     Despite having confirmation that the letter was delivered on July 15, 2023, Trans Union did not respond to Plaintiff's dispute and did not provide dispute results to Plaintiff.

41.   Trans Union failed to do any independent investigation, nor did they attempt to contact Plaintiff during the alleged investigation.

42.   Upon information and belief, Equifax, Experian, and Trans Union notified NCS of Plaintiff's dispute. However, NCS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by the CRAs in connection with the dispute investigation.

43.   Despite Plaintiff's best efforts to have the fraudulent accounts corrected, Equifax, Experian, and Trans Union continue to report the fraudulent account on Plaintiff's credit report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

44.   Equifax, Experian, and Trans Union simply continue to parrot off the back of NCS and have not conducted an actual investigation despite Plaintiff's pleas.

45.   Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

46.   As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i.   Monies lost by attempting to fix her credit;

   ii.   Loss of time attempting to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iv.   Reduction in credit score;

v.   Apprehensiveness to apply for credit due to the fear of rejection; and

vi.   Defamation as the CRAs published inaccurate information to third party entities.

## COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

47.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

48.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.   Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

50.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

51.    Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Henry County Sheriff Office police report and Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

52.    Equifax's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

53.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

54.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

55.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

56.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

57.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

58.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Henry County Sheriff Office police

report and Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

59.     Equifax's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

60.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C § 16811i as to
### Defendant, Equifax Information Services LLC (Negligent)

61.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

62.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving

notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

63.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

64.     Equifax failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

65.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

66.     Equifax's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

67.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C § 16811i as to
### Defendant, Equifax Information Services LLC (Willful)

68.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

69.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

70.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent

investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

71.    Equifax failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

72.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

73.    Equifax's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

74.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment

interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

75.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

76.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

77.     Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

78.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

79.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Henry County Sheriff Office police report and Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

80.     Experian's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

81.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
**Violations of 15 U.S.C. § 1681e(b) as to
Defendant, Experian Information Solutions, Inc. (Willful)**

82.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

83.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

84.     Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

85.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

86.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Henry County Sheriff Office police report and Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

87.     Experian's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

88.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SERVICES, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C § 16811i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

89.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

90.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

91.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

92.    Experian failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

93.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

94.    Experian's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

95.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
**Violation of 15 U.S.C § 16811i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

96.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

97.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

98.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

99.     Experian failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

100.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

101.   Experian's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

102.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

103.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

104.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

105.    Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

106.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

107.    Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Henry County Sheriff Office

police report and Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

108.   Trans Union's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

109.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

110.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

111.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

112.   Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

113.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

114.   Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Henry County Sheriff Office police report and Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

115.   Trans Union's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

116.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XI
### Violation of 15 U.S.C § 16811i as to
### Defendant, Trans Union LLC (Negligent)

117.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

118.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

119.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

120.   Trans Union failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

121.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

122.   Trans Union's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

123.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC,

jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violation of 15 U.S.C § 16811i as to
### Defendant, Trans Union LLC (Willful)

124.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

125.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

126.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

127.   Trans Union failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about her detailed dispute letter.

128.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

129.   Trans Union's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

130.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, National Credit Systems, Inc. (Negligent)

131.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

132.   NCS furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

133.   After receiving Plaintiff's disputes, NCS violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate the Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

134.   Plaintiff provided all the relevant information and documents necessary for NCS to have identified that the account did not belong to Plaintiff.

135.   NCS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NCS by Plaintiff in connection with her disputes

of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

136.   NCS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

137.   As a result of the conduct, action, and/or inaction of NCS, Plaintiff suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

138.   NCS's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

139.   Plaintiff is entitled to recover reasonable attorney's fees and costs from NCS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual damages against Defendant, NATIONAL CREDIT

SYSTEMS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, National Credit Systems, Inc. (Willful)

140.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

141.   NCS furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

142.   After receiving Plaintiff's disputes, NCS violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate the Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

143.   Plaintiff provided all the relevant information and documents necessary for NCS to have identified that the account did not belong to Plaintiff.

144.   NCS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NCS by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

145.   NCS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

146.   As a result of the conduct, action, and/or inaction of NCS, Plaintiff suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

147.   NCS's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

148.   Plaintiff is entitled to recover reasonable attorney's fees and costs from NCS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHELSEA JANE CLABORN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, NATIONAL CREDIT SYSTEMS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CHELSEA JANE CLABORN, demands judgment for actual, statutory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and NATIONAL CREDIT SYSTEMS, INC.; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment

rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

Dated this 7th day of August, 2023.

Respectfully submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*