## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FRANK ANTHONY BRATCHER, JR.,

     Plaintiff,

-vs-                                        CASE NO.

EQUIFAX INFORMATION SERVICES
LLC, TRANS UNION LLC,
NATIONAL CREDIT SYSTEMS INC.,
L J ROSS AND ASSOCIATES,
TRANSWORLD SYSTEMS INC., and
TXU ENERGY,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FRANK ANTHONY BRATCHER, JR., (hereinafter "Plaintiff"),

sues Defendants, EQUIFAX INFORMATION SERVICES LLC, ("Equifax"),

TRANS UNION LLC ("Trans Union"), NATIONAL CREDIT SYSTEMS INC.

("National Credit"), L J ROSS AND ASSOCIATES ("L J Ross"), TRANSWORLD

SYSTEMS INC. ("Transworld"), and TXU ENERGY ("TXU"), (hereinafter

collectively "Defendants") in support thereof respectfully alleges violations of the

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA, and FDCPA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     The Plaintiff is a natural person and resident of Fort Worth, Tarrant County in the State of Texas. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.     Venue is proper in this District as Equifax's principal address is in this District, Equifax and Trans Union transact business within this District, and most of the violations described in this Complaint occurred in this District.

9.     Equifax is a corporation incorporated under the State of Georgia whose principal address is 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

10.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.     Trans Union is a corporation incorporated under the State of Illinois, authorized to do business in the State of Georgia, through its registered agent, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

13.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

14.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

15.     National Credit is a corporation incorporated under the State of Georgia whose principal address is 1775 The Exchange SE, Suite 300, Atlanta, Georgia 30309.

16.     National Credit is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2, because it is an entity who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about transactions or experiences with consumers.

17.     National Credit furnished inaccurate information about transactions or experiences with Plaintiff to Equifax and Trans Union.

18.    L J Ross is a corporation incorporated under the State of Michigan, authorized to do business in the State of Georgia, through its registered agent, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

19.    L J Ross is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2, because it is an entity who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about transactions or experiences with consumers.

20.    L J Ross furnished inaccurate information about transactions or experiences with Plaintiff to Equifax and Trans Union.

21.    Transworld is a corporation incorporated under the State of California, authorized to do business in the State of Georgia, through its registered agent, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

22.    Transworld is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2, because it is an entity who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about transactions or experiences with consumers.

23.     Transworld furnished inaccurate information about transactions or experiences with Plaintiff to Equifax and Trans Union.

24.     TXU is a corporation headquartered at 1601 Bryan Street, Dallas, TX 75201.

25.     TXU is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2, because it is an entity who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about transactions or experiences with consumers.

26.     TXU furnished inaccurate information about transactions or experiences with Plaintiff to Equifax and Trans Union.

## FACTUAL ALLEGATIONS

27.     Plaintiff is a natural person who was alleged to owe a debt to several debt collectors.

28.     On or about July of 2022, Plaintiff was attempting to obtain a mortgage and subsequently obtained a copy of his credit report. Upon Plaintiff's review he learned of various accounts being reported on his credit report that did not belong to him.

29.     Shortly thereafter, Plaintiff communicated with Hunter Warfield regarding the debt in question to inform they were mixing his information with

someone else or that someone stole his identity.  He explained he never lived in Houston. After communicating with them over the phone he received a letter from Hunter Warfield that he owed a balance of $10,812.90.

**Equifax**

30.    On or about July of 2022, Plaintiff obtained his Equifax Credit Report. Upon review, Plaintiff learned that there were erroneous fraudulent accounts listed on his credit report negatively.

31.    Shortly thereafter, as a result of the inaccurate reporting, Plaintiff communicated with Equifax that they were reporting two fraudulent Hunter Warfield accounts that did not belong to him:

    i.    Hunter Warfield account 865530

    ii.    Hunter Warfield account 8624433

32.    On July 21, 2022, Equifax responded to Plaintiff's dispute with the following:

    i.    Hunter Warfield account 865530 **VERIFIED**

    ii.    Hunter Warfield account 8624433 **DELETED**

33.    After receiving such dispute results from Equifax, Plaintiff reviewed his credit and in addition to the verified Hunter Warfield account, Plaintiff became

aware of three additional fraudulent accounts being reported. Plaintiff was very upset that Equifax would delete one fraudulent account yet verify another account.

34.   In July of 2022, after such inaccurate reporting, Plaintiff again communicated with Equifax concerning the inaccurate reporting and informed them the following accounts were a result of being a victim of fraud:

    i.    Hunter Warfield account 8624433

    ii.    National Credit Systems account ending in 62

    iii.    LJ Ross Associates account ending in 2520

    iv.    Transworld Systems Inc. account ending in 6081

    v.    TXU Energy account ending in 5192

35.   On August 3, 2022, and August 12, 2022, Equifax responded to Plaintiff's dispute with the following:

    i.    Hunter Warfield account 8624433 **DELETED**

    ii.    National Credit Systems account ending in 62 **VERIFIED**

    iii.    LJ Ross Associates account ending in 2520 **VERIFIED**

    iv.    Transworld Systems Inc. account ending in 6081 **VERIFIED**

    v.    TXU Energy account ending in 5192 **VERIFIED**

36.    Upon information and belief, National Credit failed to conduct any reasonable investigation into Plaintiff's dispute and merely compared its erroneous data, as it "verified" the account.

37.    Upon information and belief, LJ Ross failed to conduct any reasonable investigation into Plaintiff's dispute and merely compared its erroneous data, as it "verified" the account.

38.    Upon information and belief, Transworld failed to conduct any reasonable investigation into Plaintiff's dispute and merely compared its erroneous data, as it "verified" the account.

39.    Upon information and belief, TXU failed to conduct any reasonable investigation into Plaintiff's dispute and merely compared its erroneous data, as it "verified" the account.

40.    On August 31, 2022, Plaintiff obtained a copy of his Equifax credit report. Upon review, the report contained an incorrect name, and numerous addresses that did not belong to Plaintiff. Of those addresses listed, they were associated with the fraudulent collection accounts. To Plaintiff's relief there only remained one fraudulent account on his credit file, National Credit Systems Inc. partial account number ending in 62. Again, Equifax was receiving confirming

information that several accounts on Plaintiff's credit report were being determined as fraudulent.

41.   On October 27, 2022, in response to the inaccurate reporting, Plaintiff mailed another detailed dispute letter. Plaintiff again informed Equifax that he was a victim of fraud. He asserted that there was an incorrect name spelling on his file and several addresses that did not belong to him that were associated with the fraudulent accounts. Plaintiff provided a copy of his driver's license to confirm his identity and address. Plaintiff informed Equifax that they continue to report the National Credit Systems Inc. partial account number ending in 62 that did not belong to him. Included in the letter were images of his filed Federal Trade Commission Identity Theft Report, three police reports and other relevant supporting documents.

42.   On December 2, 2022, Equifax responded to Plaintiff's dispute by deleting the inaccurate addresses. Equifax additionally deleted the disputed National Credit Systems Inc. partial account number ending in 62.  Equifax published the inaccurate information to several companies.

43.   As a result of the inaccurate credit reporting from Equifax Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix his credit;

    ii.   Loss of time attempting to cure the error;

iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

iv.    Reduction in credit score; and

v.    Apprehensiveness to apply for credit due to the fear of rejection.

**<u>Trans Union</u>**

44.    On July 20, 2022, Plaintiff obtained a copy of his Trans Union credit report. Upon review, there were four erroneous accounts that did not belong to Plaintiff:

i.    L J Ross Associates 2574*****

ii.    Transworld Sytems 8966***

iii.    National Credit Systems (NCS) 46159**

iv.    TXU Energy 100076388727****

45.    As a result of the inaccurate reporting, Plaintiff communicated with Trans Union and informed them that the four erroneous accounts being reported on his credit file were the result of identity theft.

46.    On August 17, 2022, Trans Union responded to Plaintiff's dispute with the following:

i.    L J Ross Associates 2574***** **DELETED**

ii.    Transworld Sytems 8966*** **DELETED**

iii.    National Credit Systems (NCS) 46159** **VERIFIED**

iv.    TXU Energy 100076388727**** **VERIFIED**

47.    Upon information and belief, National Credit failed to conduct any reasonable investigation into Plaintiff's dispute and merely compared its erroneous data, as it "verified" the account.

48.    Upon information and belief, TXU failed to conduct any reasonable investigation into Plaintiff's dispute and merely compared its erroneous data, as it "verified" the account.

49.    Plaintiff felt defeated that Trans Union did not remove all the fraudulent accounts from his credit report..

50.    On September 21, 2022, Plaintiff obtained a copy of his Trans Union credit report. Upon review, an inaccurate name, two addresses and the National Credit Systems partial account number 46159** continued to be reported on his credit file.

51.    On October 27, 2022, Plaintiff mailed a detailed dispute letter to Trans Union reiterating that the National Credit Systems partial account number 46159** did not belong to him. Further, he asserted that there was an incorrect name spelling on his file and several addresses that did not belong to him. Plaintiff provided a copy of his driver's license to confirm his identity and address. Included in the letter were

images of his filed Federal Trade Commission Identity Theft Report, three police reports and other relevant supporting documents.

52.     Plaintiff mailed the dispute letter to Trans Union via USPS Certified Mail 7022 0410 0002 9204 4557.

53.     On November 22, 2022, Trans Union responded to Plaintiff's dispute by verifying the National Credit Systems partial account number 46159**.

54.     On January 7, 2023, Plaintiff mailed another dispute letter to Trans Union concerning the inaccurate reporting. Plaintiff provided a copy of his driver's license to confirm his identity and address. Included in the letter were images of his filed Federal Trade Commission Identity Theft Report, three police reports and other relevant supporting documents.

55.     Plaintiff mailed the dispute letter to Trans Union via USPS Certified Mail 7021 2720 0003 0736 1654.

56.     On January 18, 2023, Trans Union responded to Plaintiff's dispute by stating, "the information you disputed does not currently appear on your Trans Union credit report."  Trans Union did not conduct any independent investigation. It simply waited for several disputes to have the furnisher correct it.

57.     As a result of the inaccurate credit reporting from Trans Union Plaintiff has suffered damages, including, but not limited to:

i.      Monies lost by attempting to fix his credit;

ii.     Loss of time attempting to cure the error;

iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;  Plaintiff has been physically affected by the Defendants' conduct;

iv.    Reduction in credit score; and

v.     Apprehensiveness to apply for credit due to the fear of rejection.

### COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

58.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

59.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

60.    Upon information and belief, Equifax does not allow its representative to call consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

61.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to the fear of rejection.

62.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided three police reports and a Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

63.    Equifax's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

64.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT II
## Violations of 15 U.S.C. § 1681e(b) as to
## Defendant, Equifax Information Services LLC (Willful)

65.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

66.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs.

67.     Upon information and belief, Equifax prevents its agents from calling consumers like Plaintiff during the dispute process or from calling witnesses with knowledge about the dispute.

68.     As a direct result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to the fear of rejection.

69.   Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided three police reports and a Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

70.   Equifax's conduct, action and/or inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

71.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

72.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

73.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in the Plaintiff's credit file after

receiving notice of such inaccuracies; (ii) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (iii) by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and/or (iv) by relying upon verification from a source it has to know is unreliable.

74.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct any independent investigations into Plaintiff's disputes but chose to simply transfer the duty to investigate to the furnisher(s).

75.     As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to the fear of rejection.

76.     Equifax's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

77.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

78.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

79.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (iii) by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and/or (iv) by relying upon verification from a source it has to know is unreliable.

80.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct any

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

81.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to the fear of rejection.

82.    Equifax's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

83.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

**COUNT V**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

84.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

85.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

86.    Upon information and belief, Trans Union does not allow its representative to call consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

87.    As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to the fear of rejection.

88.    Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided three police reports and a Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

89.     Trans Union's conduct, action and/or inaction was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

90.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

91.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

92.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

93.   Upon information and belief, Trans Union does not allow its representative to call consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

94.   As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to the fear of rejection.

95.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided three police reports and a Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

96.   Trans Union's conduct, action and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

97.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award statutory or actual damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award

Plaintiff his attorney fees and the costs; and grant all such additional relief as the Court deems appropriate.

### COUNT VII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

98.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

99.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (iii) by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and/or (iv) by relying upon verification from a source it has to know is unreliable.

100.    Despite the large amount of information and documentation produced by Plaintiff demonstrating inaccurate reporting, Trans Union refused to conduct

independent investigations but chose to simply transfer the duty to investigate to the furnisher(s).

101.   As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to the fear of rejection.

102.   Trans Union took no independent action to investigate the dispute. Experian received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to the furnishers.

103.   Trans Union's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

104.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

105.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

106.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (iii) by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and/or (iv) by relying upon verification from a source it has to know is unreliable.

107.   Despite the large amount of information and documentation produced by Plaintiff demonstrating inaccurate reporting, Trans Union refused to conduct independent investigations but chose to simply transfer the duty to investigate to the furnisher(s).

108.   As a direct result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming

from the anguish, humiliation, and apprehension in applying for credit due to the fear of rejection.

109.   Trans Union took no independent action to investigate the dispute. Experian received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to the furnishers.

110.   Trans Union's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

111.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

### COUNT IX
### Violations of 15 U.S.C. § 1681s-2(b) as t0
### Defendant, National Credit Systems Inc. (Negligent)

112.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

113.   National Credit furnished inaccurate information about Plaintiff to Equifax and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

114.   After receiving Plaintiff's disputes, National Credit violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

115.   Plaintiff provided all the relevant information and documents necessary for National Credit to determine that it was furnishing inaccurate information. National Credit did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished.

116.   Instead, National Credit knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the Account information was accurate.

117.   As a result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest

rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to fear of rejection.

118.   National Credit's conduct, action and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

119.   Plaintiff is entitled to recover reasonable attorney's fees and costs from National Credit in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual damages against Defendant, NATIONAL CREDIT SYSTEMS INC., jointly and severally; award Plaintiff his reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violations of 15 U.S.C. § 1681s-2(b) as t0
### Defendant, National Credit Systems Inc. (Willful)

120.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

121.   National Credit furnished inaccurate information about Plaintiff to Experian and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

122.   After receiving Plaintiff's disputes, National Credit violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

123.   Plaintiff provided all the relevant information and documents necessary for National Credit to determine that it was furnishing inaccurate information. National Credit did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished.

124.   Instead, National Credit knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the Account information was accurate.

125.   As a result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest

rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to fear of rejection.

126.   National Credit's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

127.   Plaintiff is entitled to recover reasonable attorney's fees and costs from National Credit in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, NATIONAL CREDIT SYSTEMS INC., jointly and severally; award Plaintiff his reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT XI
### Violations of 15 U.S.C. § 1681s-2(b) as t0
### Defendant, L J Ross and Associates (Negligent)

128.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

129.   L J Ross furnished inaccurate information about Plaintiff to Equifax and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

130.   After receiving Plaintiff's disputes, L J Ross violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

131.   Plaintiff provided all the relevant information and documents necessary for L J Ross to determine that it was furnishing inaccurate information. L J Ross did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished.

132.   Instead, L J Ross knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the Account information was accurate.

133.   As a result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to fear of rejection.

134.    L J Ross's conduct, action and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

135.    Plaintiff is entitled to recover reasonable attorney's fees and costs from L J Ross in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual damages against Defendant, L J ROSS AND ASSOCIATES, jointly and severally; award Plaintiff his reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

**COUNT XII**
**Violations of 15 U.S.C. § 1681s-2(b) as t0**
**Defendant, L J Ross and Associates (Willful)**

136.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

137.    L J Ross furnished inaccurate information about Plaintiff to Experian and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

138.    After receiving Plaintiff's disputes, L J Ross violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to

33

Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

139.   Plaintiff provided all the relevant information and documents necessary for L J Ross to determine that it was furnishing inaccurate information. L J Ross did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished.

140.   Instead, L J Ross knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the Account information was accurate.

141.   As a result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to fear of rejection.

142.   L J Ross's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

143.   Plaintiff is entitled to recover reasonable attorney's fees and costs from L J Ross in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, L J ROSS AND ASSOCIATES, jointly and severally; award Plaintiff his reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT XIII
### Violations of 15 U.S.C. § 1681s-2(b) as t0
### Defendant, Transworld Systems Inc. (Negligent)

144.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

145.   Transworld furnished inaccurate information about Plaintiff to Equifax and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

146.   After receiving Plaintiff's disputes, Transworld violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or

(iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

147.    Plaintiff provided all the relevant information and documents necessary for Transworld to determine that it was furnishing inaccurate information. Transworld did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished.

148.    Instead, Transworld knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the Account information was accurate.

149.    As a result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to fear of rejection.

150.    Transworld's conduct, action and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

151.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Transworld in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual damages against Defendant, TRANSWORLD SYSTEMS INC., jointly and severally; award Plaintiff his reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violations of 15 U.S.C. § 1681s-2(b) as t0
### Defendant, Transworld Systems Inc. (Willful)

152.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

153.   Transworld furnished inaccurate information about Plaintiff to Experian and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

154.   After receiving Plaintiff's disputes, Transworld violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

155.   Plaintiff provided all the relevant information and documents necessary for Transworld to determine that it was furnishing inaccurate information. Transworld did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished.

156.   Instead, Transworld knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the Account information was accurate.

157.   As a result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to fear of rejection.

158.   Transworld's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

159.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Transworld in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual or statutory damages, and punitive

damages against Defendant, TRANSWORLD SYSTEMS INC., jointly and severally; award Plaintiff his reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

**COUNT XV**
**Violations of 15 U.S.C. § 1681s-2(b) as t0**
**Defendant, TXU Energy (Negligent)**

160.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

161.   TXU furnished inaccurate information about Plaintiff to Equifax and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

162.   After receiving Plaintiff's disputes, TXU violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

163.   Plaintiff provided all the relevant information and documents necessary for TXU to determine that it was furnishing inaccurate information. TXU did not

have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished.

164.   Instead, TXU knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the Account information was accurate.

165.   As a result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to fear of rejection.

166.   TXU's conduct, action and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

167.   Plaintiff is entitled to recover reasonable attorney's fees and costs from TXU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual damages against Defendant, TXU ENERGY, jointly and severally; award Plaintiff his reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

### COUNT XVI
### Violations of 15 U.S.C. § 1681s-2(b) as t0
### Defendant, TXU Energy (Willful)

168.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

169.    TXU furnished inaccurate information about Plaintiff to Experian and Trans Union, and through those companies, to all of Plaintiff's potential lenders.

170.    After receiving Plaintiff's disputes, TXU violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

171.    Plaintiff provided all the relevant information and documents necessary for TXU to determine that it was furnishing inaccurate information. TXU did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished.

172.   Instead, TXU knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the Account information was accurate.

173.   As a result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit due to fear of rejection.

174.   TXU's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

175.   Plaintiff is entitled to recover reasonable attorney's fees and costs from TXU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, FRANK ANTHONY BRATCHER, JR., respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, TXU ENERGY, jointly and severally; award Plaintiff his reasonable attorney's fees and the costs; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FRANK ANTHONY BRATCHER, JR., demands judgment for damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, NATIONAL CREDIT SYSTEMS INC., L J ROSS AND ASSOCIATES, TRANSWORLD SYSTEMS INC., and TXU ENERGY, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 7th day of August 2023.

Respectfully submitted,

**/s/ Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyer PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

*Attorney for Plaintiff*