IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW MACCRACKEN, individually and on behalf of all similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> FULTON COUNTY SCHOOL DISTRICT, <br><br> Defendant. | Civil Action No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Andrew MacCracken brings this Collective Action Complaint on behalf of himself, and all others similarly situated, against Defendant Fulton County School District ("FCSD" or "Defendant"), alleging systemic violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). Plaintiff's Consent to Join is attached hereto as Exhibit A. Plaintiff shows the Court as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1. FCSD willfully violated the FLSA by engaging in a policy and practice of failing to include non-discretionary retention bonuses in the regular rates of pay when calculating overtime for Plaintiff and those similarly situated, in violation of, *inter alia*, 29 C.F.R. § 778.211(c). As a consequence, FCSD failed to pay Plaintiff and similarly situated employees at the appropriate overtime rate during workweeks in which they worked in excess of 40 hours per week during the retention bonus periods.

2. Pursuant to the FLSA, FCSD is liable to Plaintiff, and those similarly situated, for unpaid overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331 and § 1343, this Court has federal question jurisdiction over the individual and collective FLSA claims.

4. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), venue is proper in this Court because the majority of the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## **PARTIES**

5. Plaintiff is a citizen of the United States and a resident of the State of Georgia.

6. FCSD is a public corporate body and a county political subdivision operating in Fulton County, Georgia and has the capacity to be sued.

7. FCSD has employed Plaintiff from on or about August 4, 2014 to present as a non-exempt employee in the position of Bus Driver.

8. FCSD is governed by the Fulton County Board of Education and may be served with process upon its Superintendent, Dr. Mike Looney, at 6201 Powers Ferry Road Northwest, Atlanta, Georgia 30339.

9. FCSD is governed by and subject to 29 U.S.C. § 207.

10. At all relevant times, FCSD has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq*.

11. At all relevant times, FCSD has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(B) and (C) because it "is engaged in the operation of… a preschool, elementary or secondary school…" and is a public agency.

12. At all relevant times, FCSD was an "employer" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings this action on behalf of himself and all other similarly situated persons, pursuant to 29 U.S.C. § 216(b).

14. Plaintiff seeks to represent the following group of similarly situated persons pursuant to 29 U.S.C. § 216(b):

> All persons who were, or are, employed by FCSD as non-exempt employees at any time within three years prior to the filing of this Complaint, and who received a Non-Discretionary Retention Bonus, and for whom FCSD failed to include the Non-Discretionary Retention Bonus in their regular rate of pay during weeks in which they worked in excess of 40 hours during the applicable Bonus Period (the "FLSA Collective").

15. The FLSA Collective is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number is dependent are in the sole possession of FCSD, upon information and belief, there are more than 100 members in the FLSA Collective, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

16.  Plaintiff will fairly and adequately protect the interests of the members of the FLSA Collective and has retained counsel who is experienced and competent in the fields of wage and hour law and collective action litigation.

17.  Questions of law and fact common to the members of the FLSA Collective predominate over questions that may affect only individual members because FCSD has acted on grounds generally applicable to all members of the FLSA Collective.

## STATEMENT OF FACTS

18.  On information and belief, FCSD is the fourth largest school system in the state of Georgia.

19.  FCSD has employed Plaintiff from on or about August 4, 2014 to present as a non-exempt employee in the position of Bus Driver.

20.  FCSD employs, and has employed in the statutory period, a number of individuals in non-exempt positions, including Bus Drivers.

21.  FCSD pays its Bus Drivers in accordance with their years of service to the school district.

22.  As a Bus Driver, Plaintiff's job duties include, *inter alia*, operating a school bus, transporting students to and from school, transporting students to and from extra-curricular activities, attending safety meetings, conducting pre- and post-

trip inspections, maintaining routes and schedules, and providing overall safety for students and other passengers.

23. During the relevant time period, FCSD promised Plaintiff and similarly situated employees bonuses if they returned to work, including a bonus if they returned to work for FCSD during the 2022-2023 school year (the "Non-Discretionary Retention Bonus").

24. The 2022-2023 Non-Discretionary Retention Bonus was paid in four (4) equal $500 installments throughout the 2022-2023 school year (the "Bonus Period").

25. Plaintiff received the first installment on October 31, 2022; the second on December 15, 2022; the third on March 1, 2023; and the final installment on May 1, 2023.

26. From August 1, 2022, to January 15, 2023, Plaintiff's regular hourly rate of pay was $23.07. In approximately mid-January 2023, Plaintiff received an increase in pay and his regular hourly rate from January 16, 2023, to July 31, 2023 increased to $24.10.

27. There were workweeks within the Bonus Period in which Plaintiff and other similarly situated employees worked in excess of 40 hours per workweek.

28. As an example, during the pay period from September 1, 2022, to September 15, 2022, Plaintiff was paid for 4.25 overtime hours. In calculating the overtime rate, FCSD used Plaintiff's regular hourly rate of pay at $23.07. FCSD failed to include the Non-Discretionary Retention Bonus in Plaintiff's regular rate of pay when calculating overtime.

29. FCSD applied the same practice with respect to the pay periods from: September 16, 2022 to September 30, 2022, in which FCSD paid Plaintiff for 1.5 hours of overtime; October 1, 2022 to October 15, 2022 where FCSD paid Plaintiff for 2.5 overtime hours; November 1, 2022 to November 15, 2022, where FCSD paid Plaintiff for 18 overtime hours; November 16, 2022 to November 30, 2022 where FCSD paid Plaintiff for 8.25 overtime hours; December 16, 2022 to December 31, 2022 where FCSD paid Plaintiff for 5.5 overtime hours; January 1, 2023 to January 15, 2022 where FCSD paid Plaintiff for 4.50 overtime hours; February 16, 2023 to February 28, 2023, where FCSD paid Plaintiff for 2.75 overtime hours; and March 1, 2023 to March 15, 2023 where FCSD paid Plaintiff for 8.75 overtime hours.

30. Throughout the Bonus Period, and during weeks in which Plaintiff and those similarly situated worked in excess of 40 hours per workweek, FCSD failed to include the Non-Discretionary Retention Bonus in the regular rate of pay, in violation of, *inter alia*, 29 C.F.R. § 778.211(c). As a result, FCSD failed to pay

Plaintiff and those similarly situated at the appropriate overtime rate and failed to pay them all overtime owed for time worked in excess of 40 hours per workweek.

33. FCSD knew or should have known that Plaintiff and members of the FLSA Collective worked in excess of 40 hours per workweek during the Bonus Period.

32. Each and every week that Plaintiff and members of the FLSA Collective worked in excess of 40 hours per workweek, and FCSD failed to include the Non-Discretionary Retention Bonus in their regular rate of pay, FCSD failed to pay them at the appropriate overtime rate and failed to pay them for all overtime owed for time worked in excess of 40 hours per week.

33. FCSD regularly, and as a routine policy and practice, failed to pay Plaintiff and other members of the FLSA Collective at a rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

34. As a consequence of the violations set forth in this Collective Action Complaint, FCSD is liable to Plaintiff and all similarly situated individuals for all unpaid overtime wages. FCSD is additionally liable for an equal amount of liquidated damages, interest, and reasonable attorneys' fees and costs.

35. On information and belief, FCSD's unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs by violating the FLSA.

36. FCSD's actions with respect to Plaintiff and other members of the FLSA Collective were willful and were not in good faith.

## COUNT ONE
### (Individual FLSA Claim Asserted by Plaintiff Against FCSD)
**<u>Willful Failure to Pay Overtime Wages Due to the Non-Inclusion of the Non-Discretionary Bonus in the Regular Rate in Violation of the FLSA</u>**

37. At all relevant times, FCSD was, and continues to be, an employer engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

38. At all relevant times, FCSD has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(B) and (C) because it "is engaged in the operation of … a preschool, elementary or secondary school…" and is a public agency.

39. At all relevant times, FCSD was an "employer" of Plaintiff as that term is defined by 29 U.S.C. § 203(d).

40. FCSD is governed by and subject to 29 U.S.C. § 207.

41. At all relevant times, FCSD employed Plaintiff within the meaning of the FLSA.

42. Throughout the relevant time period, Plaintiff frequently worked in excess of 40 hours per workweek.

43. During the relevant time period, FCSD promised Plaintiff retention bonuses if he returned to work, including a $2,000 Retention Bonus if he returned to work for FCSD during the 2022-2023 school year (the "Non-Discretionary Retention Bonus").

44. FCSD paid the 2022-2023 Non-Discretionary Retention Bonus in four (4) equal installments of $500 throughout the school year (the "Bonus Period"); however, FCSD failed to include the Non-Discretionary Retention Bonus in the regular rate of pay, in violation of, *inter alia* 29 C.F.R. § 778.211(c), during weeks in which Plaintiff worked in excess of 40 hours per workweek during the Bonus Period.

45. The overtime wage provisions set forth in the FLSA apply to FCSD and protect Plaintiff.

46. The FLSA requires employers, such as FCSD, to compensate non-exempt employees, such as Plaintiff, at a rate of one-and-one half his regular rate of pay for all time worked in excess of 40 hours per week.

47. FCSD regularly, and as a routine policy and practice, failed to pay Plaintiff overtime wages at one-and-one half his regular rate for all time worked in excess of 40 hours per week.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because FCSD's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

49. FCSD did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

50. Due to FCSD's FLSA violations, Plaintiff is entitled to recover from FCSD his unpaid overtime wages for each workweek within the limitations period, an additional and equal amount of liquidated damages, interest, and reasonable attorneys' fees and costs of litigation.

**COUNT TWO**
**(Collective FLSA Claim Asserted Against FCSD)**
**Willful Failure to Pay Overtime Wages Due to the Non-Inclusion of the Non-Discretionary Bonus in the Regular Rate in Violation of the FLSA**

51. Plaintiff seeks to represent the following collective group of employees:

> All persons who were, or are, employed by FCSD as non-exempt employees at any time within three years prior to the filing of this Complaint, and who received a Non-Discretionary Retention Bonus, and for whom FCSD failed to include the Non-Discretionary Retention Bonus in their regular rate of pay during weeks in which they worked in excess of 40 hours during the Bonus Period

This is the "FLSA Collective."

52. At all relevant times, FCSD was, and continues to be, an employer engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

53. At all relevant times, FCSD has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(B) and (C) because it "is engaged in the operation of … a preschool, elementary or secondary school…" and is a public agency.

54. At all relevant times, FCSD employed members of the FLSA Collective within the meaning of the FLSA.

55. Throughout the relevant time period, Plaintiff and members of the FLSA Collective worked in excess of 40 hours per workweek.

56. FCSD promised Plaintiff and other members of the FLSA Collective bonuses if they returned to work, including a Retention Bonus if they returned to work for FCSD during the 2022-2023 school year (the "Non-Discretionary Retention Bonus").

57. FCSD paid the Non-Discretionary Retention Bonus in four (4) equal installments throughout the school year (the "Bonus Period"); however, on information and belief, FCSD failed to include the Non-Discretionary Retention Bonus in the regular rate of pay, in violation of, *inter alia*, 29 C.F.R. § 778.211(c),

during workweeks in which Plaintiff and other members of the FLSA Collective worked in excess of 40 hours per workweek during the Bonus Period.

58. The overtime wage provisions set forth in the FLSA apply to FCSD and protect Plaintiff and other members of the FLSA Collective.

59. The FLSA requires employers, such as FCSD, to compensate non-exempt employees, such as Plaintiff and other members of the FLSA Collective, at a rate of one-and-one half their regular rate of pay for all time worked in excess of 40 hours per week.

60. FCSD regularly, and as a routine policy and practice, failed to pay Plaintiff and other members of the FLSA Collective overtime wages at one-and-one half their regular rate for all time worked in excess of 40 hours per week.

61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because FCSD's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

62. FCSD did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and members of the FLSA Collective.

63. Due to FCSD's FLSA violations, Plaintiff and members of the FLSA Collective are entitled to recover from FCSD their unpaid overtime wages for each

workweek within the limitations period, an additional and equal amount of liquidated damages, interest, and reasonable attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective, demand a **TRIAL BY JURY** and request the following relief:

a) Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons in the FLSA Collective as defined herein, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b) A declaratory judgment that FCSD's practices complained of herein are unlawful under the FLSA;

c) An award of unpaid overtime wages due under the FLSA to Plaintiff and the FLSA Collective;

d) An award of liquidated damages as a result of FCSD's failure to pay overtime wages to Plaintiff and the FLSA Collective;

e) An award of prejudgment and post-judgment interest;

  f) An award of costs and expenses of this action, including reasonable attorneys' and expert fees and costs; and

  g) Such other further relief as the Court deems just and proper.

  Dated this 7th day of August 2023.

              Respectfully submitted,

              */s/ Tierra M. Monteiro*
              Justin M. Scott
              Georgia Bar No. 557463
              Tierra M. Monteiro
              Georgia Bar No. 743224
              SCOTT EMPLOYMENT LAW, P.C.
              160 Clairemont Avenue, Suite 610
              Decatur, Georgia 30030
              Telephone: 678.780.4880
              Facsimile: 478.575.2590
              jscott@scottemploymentlaw.com
              tmonteiro@scottemploymentlaw.com

              Counsel for Plaintiff