# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SANY AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> THE G.W. VAN KEPPEL COMPANY, <br><br> Defendant. | Civil Case No. _____ |

## COMPLAINT

Plaintiff Sany America Inc. hereby files its Complaint against Defendant The G.W. Van Keppel Company and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Sany America Inc. ("Sany") is a corporation created under the laws of the State of Delaware with its principal place of business at 318 Cooper Circle, Peachtree City, Georgia 30269.

2. Upon information and belief, Defendant The G.W. Van Keppel Company ("Van Keppel") is a corporation created under the laws of the State of Missouri with its principal place of business at 1801 N. 9th Street, Kansas City, KS 66101.

3. Pursuant to 28 U.S.C. § 1332, the Court has subject-matter jurisdiction because there is complete diversity of citizenship between the

parties and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

4. This court has personal jurisdiction over Van Keppel, and venue in this Court is proper, because Van Keppel consented in writing to litigate this dispute in the United States District Court for the Northern District of Georgia, Atlanta Division. Further, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Sany's claim and/or damages occurred in the Northern District of Georgia. Sany has its principal place of business in Peachtree City, Georgia, which is in this District.

5. Van Keppel may be served through its registered agent Rick Krause, 1801 N. 9th Street, Kansas City, KS 66101.

## FACTUAL ALLEGATIONS

*Background*

6. Sany is a leading manufacturer of heavy construction equipment. Given Sany's position in the market and its quality standards, it is selective about the dealers it chooses to sell and service its products.

7. At all relevant times, Van Keppel was a dealer of multiple brands of heavy construction equipment.

8. From approximately 2013 to 2019, pursuant to a dealer agreement, Van Keppel was a Sany dealer for certain counties in Arkansas and Oklahoma. In 2015, Van Keppel expanded its Sany dealership to include certain counties in Illinois and Missouri.

9. In its role as a Sany dealer, Van Keppel sold and leased Sany heavy equipment and provided repair services for that equipment.

### *Prior Litigation between Sany and Van Keppel*

10. A dispute arose between the parties related to Van Keppel's performance, and SANY notified Van Keppel on November 26, 2018 that SANY was terminating the dealer agreement in 90 days.

11. Van Keppel responded that Sany's termination violated the Georgia Multiline Heavy Equipment Dealers Act, Ga. Code § 10-1-730 *et seq.*, which requires a 120-day notice of termination rather than 90 days. That statute did not apply, however, because Van Keppel was not a Georgia dealer.

12. Van Keppel then filed suit against Sany in February 2019, making one claim for relief under the Georgia Multiline Heavy Equipment Dealers Act despite acknowledging its inapplicability. *See Van Keppel Co. v. SANY,* W.D. Mo. Case No. 4:19-cv-00243-RK, Compl., ECF No. 1-1 at ¶ 13 (referred to hereafter as "Prior Litigation") ("Other than its location outside of Georgia,

Van Keppel meets all the requirements for a multi-line heavy equipment dealer under Georgia law.")

### ███████████████ *between Sany and Van Keppel*

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████

14.  ██████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████, including but not limited to Sections 7, 8 and 9 thereof, and Sections 5.1 and 5.2 of Exhibit A thereto.

### *Van Keppel operates under, but breaches,* ███████████████████.

15. Pursuant to the ███████████████ Van Keppel continued operating as a Sany dealer. Van Keppel simultaneously continued to serve as a dealer for other heavy equipment manufacturers.

16. Van Keppel, however, breached its contractual obligations under the ███████████████.

17. First, Van Keppel failed to comply with the requirements in Sections 7, 8, and 9 of the ███████████████████████████████████████ and Sections 5.1 and 5.2 of Exhibit A thereto ███████████████████████ ███████████████████████████████████████.

18. Second, given Van Keppel's foregoing breaches and poor performance, it became clear that Van Keppel had no intention of meeting the requirements in Sections 7, 8, and 9 of the ███████████████, and Sections 5.1 and 5.2 of Exhibit A thereto.

19. Nonetheless, Sany sent an action plan to Van Keppel in late 2021 as a final effort to help Van Keppel correct its deficiencies.

20. Van Keppel committed to this action plan in late 2021. Van Keppel, however, did not successfully execute the action plan.

21. Van Keppel also did not cure each of its breaches of the ██████████ ██████████.

22. To make matters worse, in April 2022, Van Keppel disparaged Sany to other dealers via email.

23. Van Keppel's conduct was injurious and detrimental to Sany, including to Sany's reputation.

24. On June 2, 2022, Sany sent a formal notice of termination for cause due to Van Keppel's breaches of the ████████████████.

5

25. Although the termination notice contained an effective date of June 30, 2022, Sany allowed Van Keppel additional time to wind down its Sany dealership.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

26. Sany incorporates by reference Paragraphs 1 through 25 as if fully stated herein.

27. The ██████████████████ is a valid and binding contract.

28. Sany performed its obligations under the ██████████████████.

29. Van Keppel has breached its contractual obligations to Sany under the ██████████████████.

30. Van Keppel has breached its contractual obligations to Sany by failing to meet the requirements in Section 7 of the ██████████████████.

31. Van Keppel has breached its contractual obligations to Sany by failing to meet the requirements in Section 8 of the ██████████████████.

32. Van Keppel has breached its contractual obligations to Sany by failing to meet the requirements in Sections 9 of the ██████████████████.

33. Van Keppel has breached Exhibit A to the ███████████████, including Section 5.1 thereof, ████████████████████████████████████ ████████████████████████████████.

34. Van Keppel has breached Exhibit A to the ███████████████, including Section 5.2 thereof, ████████████████████████████████████ ██████████.

35. Moreover, Van Keppel also violated the implied covenant of good faith and fair dealing by not using a reasonable degree of care, skill, and ability that would be used under similar conditions and circumstances by others of the same business.

36. As just one example, Van Keppel's breach of Section 7 of the ██████████████████ was so egregious and protracted that it constitutes an act of bad faith and indicates that Van Keppel had no intention of meeting those contractual obligations.

37. Similarly, after Van Keppel committed in late 2021 to the action plan to remedy its breaches and poor performance, Van Keppel acted in bad faith by failing to implement that plan using a reasonable degree of care, skill, and ability that other dealers would have.

38. Sany has been directly and proximately damaged by Van Keppel's breaches by, *inter alia*, losing millions of dollars in revenues that Sany would

have achieved if Van Keppel had complied with its contractual obligations and losing resources invested in attempting to rehabilitate Van Keppel's poor performance.

39. As a result of Van Keppel's breaches, Sany is entitled to the entry of judgment against Van Keppel in an amount far exceeding the jurisdictional minimum of $75,000, plus all costs of this action, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Sany America Inc. prays:

a. That the Court enter judgment against Defendant The G.W. Van Keppel Company under Count I of this Complaint;

b. That the Court award compensatory and actual damages as a result of Defendant's conduct;

c. That the Court award Plaintiff such other and further relief as is just and proper.

This 7th day of August 2023.

By: */s/ Jason M. Wenker*
**Jason M. Wenker**
GA Bar No. 748169
jwenker@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Tel: (336) 607-7300
Fax: (336) 734-2652

8

**D. Richard Self**
**(*pro hac vice application to be submitted*)**
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Tel: (919) 420-1749
Fax: (919) 510-6199
rself@kilpatricktownsend.com

## **JURY DEMAND**

Pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38, Sany requests a trial by jury on all issues properly heard by a jury.

*/s/ Jason M. Wenker*
Jason M. Wenker

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document filed with the Clerk of Court has been prepared in 13-point Century Schoolbook font, in accordance with Local Rule 5.1(C).

*/s/ Jason M. Wenker*
Jason M. Wenker

## CERTIFICATE OF SERVICE

I hereby certify that, on August 7, 2023, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all counsel of record.

*/s/ Jason M. Wenker*
Jason M. Wenker
