IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANY AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> THE G.W. VAN KEPPEL COMPANY, <br><br> Defendant. | Civil Case No. _____ |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE COMPLAINT AND SUPPORTING BRIEF UNDER SEAL**

Pursuant to Appendix H of the Northern District of Georgia Local Rules, Plaintiff Sany America Inc. ("Sany") files this Brief in Support of its Motion to File Complaint under Seal, respectfully showing the Court as follows:

According to the Local Rules, a party desiring to file a document under seal must "(i) identify, with specificity, the document(s) or portion(s) thereof for which sealing is requested; (ii) explain (for each document or group of documents) the reasons sealing is necessary; (iii) explain (for each document or group of documents) why less drastic alternatives than sealing will not provide adequate protection; and (iv) address the factors governing sealing of documents reflected in controlling case law." *See, e.g., Romero v. Drummond Co.*, 480 F.3d 1234, 1245-48 (11th Cir. 2007).

Here, Sany seeks to file specific portions of its Complaint and this Brief under seal. SANY's Complaint alleges that Defendant G.W. Van Keppel Co. ("Van Keppel") breached a confidential ███████████████ ███████████ Paragraph 28 of the ████████ states as follows:

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████

Thus, ██████████████████████████████████████████
████████████████████████████████████████████████
Sany's complaint and this Brief reference the ████████████████████
████████████████████████████████████████████████
██████████████████████████████████████ This is especially true when, as here, ███████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████

Further, the factors governing sealing documents in controlling case law weigh in favor of sealing Sany's Complaint and this Brief. Specifically, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be

an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero* 480 F.3d at 1245-48. Here, there is no compelling interest that would support public disclosure of the limited information Sany has redacted and seeks to seal, which pertain only to the ███████████████. The information implicated by the ████████ does not concern public official or public concerns, and there is no less onerous alternative to sealing the documents. Additionally, by signing the ████████████████████████████████████████████████████████████████████████████████████████, and Van Keppel will have full opportunity to respond to the sealed information.

In contrast, should the existence of the ████████ be made public, the parties' legitimate business and privacy interests in keeping the ████████ ████████ confidential would be severely harmed. Further, Sany's legitimate privacy interests would be severely harmed. The ████████ ████████████████████████████████████████████████████████, one of its former dealers of heavy machinery. The ████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████. Disclosure of these

3

███████████████████████████████████████████████████████████

██████, could cause significant harm to Sany's business. Competitors of Sany, as well as past, current or prospective dealers, could use the ████ to gain a competitive advantage over Sany.

Sany has demonstrated that the factors governing the sealing of documents reflected in governing case law weigh in favor of sealing the relevant portions of the Complaint and this Brief. Thus, Sany respectfully requests that the Court grant its motion and issue an order sealing the redacted portions of Sany's Complaint and this Brief.

Respectfully submitted, this 7th day of August 2023.

By: */s/ Jason M. Wenker*
**Jason M. Wenker**
GA Bar No. 748169
jwenker@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Tel: (336) 607-7300
Fax: (336) 734-2652

**D. Richard Self**
(***pro hac vice application to be submitted***)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Tel: (919) 420-1749
Fax: (919) 510-6199
rself@kilpatricktownsend.com

*Attorneys for Plaintiff Sany America Inc.*

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document filed with the Clerk of Court has been prepared in 13-point Century Schoolbook font, in accordance with Local Rule 5.1(C).

*/s/ Jason M. Wenker*
Jason M. Wenker

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 7, 2023, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all counsel of record.

*/s/ Jason M. Wenker*
Jason M. Wenker
