# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID HUNTER, Individually, and DAVID HUBTER, as Executor of the Estate of JOYCE HUNTER, Deceased,<br><br>　　Plaintiffs,<br>　v.<br><br>GLOBAL ABBEVILLE, LLC d/b/a GLEN EAGLE HEALTHCARE & REHAB; SELECTIS HEALTH, INC. f/k/a GLOBAL HEALTHCARE REIT, INC.; LANCE BALLER; SELECTIS MANAGEMENT, LLC; ABC CORPORATIONS 1-5; and JANE DOES 1-5,<br><br>　　Defendants. | Civil Action File No: |

## NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that Defendant Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab hereby removes this action from the State Court of Fulton County to the United States District Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. As grounds for removal, Defendant states as follows:

1.

On June 20, 2023, Plaintiffs filed a civil action in the State Court of Fulton

County, State of Georgia, styled *David Hunter, Individually, and David Hunter, as Executor of the Estate of Joyce Hunter, Deceased v. Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab; Selectis Health, Inc. f/k/a Global Healthcare Reit, Inc.; Lance Baller; Selectis Management, LLC; ABC Corporations 1-5; and Jane Does 1-5*, Civil Action File No. 23EV003686 (Attached as Exhibit A are copies of all pleadings that have been filed with the State Court of Fulton County to date.)  Defendant is also filing the attached Notice of Filing of the Notice of Removal with the State Court of Fulton County as required by 28 U.S.C. § 1446(d). (See Exhibit B).

2.

Venue in the state court action was based on the location of Defendant Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab's registered agent, which is located Fulton County, Atlanta Georgia.  (Plaintiffs' Complaint, ¶ 4). Fulton County is located within the jurisdiction of the Northern District of Georgia, Atlanta Division.

3.

Defendant Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab was served with a copy of Plaintiffs' Complaint on July 7, 2023.  Defendant Selectis Health, Inc. f/k/a Global Healthcare Reit, Inc. was served with a copy of

Plaintiffs' Complaint on July 10, 2023.  Defendants Lance Baller and Selectis Management, LLC have not been served to date.  Defendants Selectis Health, Inc. f/k/a Global Healthcare Reit, Inc, Lance Baller, and Selectis Management, LLC consent to the removal of this matter to this Court and are filing a Consent to Removal of Civil Action.  (Exhibit C).  This *Notice of Removal* is timely filed within the thirty (30) day period as required by 28 U.S.C. § 1446(b).

4.

Plaintiffs failed to allege their citizenship in the Complaint, but have subjected themselves to the jurisdiction of the Fulton County State Court.  Based upon information and belief, Plaintiffs are citizens and domiciliary of the state of Georgia.

5.

Global Abbeville, LLC is a foreign LLC with a principal office address in Greenwood Village, Colorado1.  Its sole member, Selectis Health, Inc., is a Utah Corporation.

6.

Selectis Health, Inc. f/k/a Global Healthcare REIT, Inc. is a Utah

---

1 Defendant notes that it is incorrectly identified as a "Domestic Limited Liability Company" with the Georgia Secretary of State Corporations Division.  Defendant is a foreign limited liability company whose sole member is a Utah Corporation.  Diversity jurisdiction is not defeated based on an error in nomenclature.

corporation.

7.

Selectis Management, LLC is a foreign LLC whose sole member is Selectis Health, Inc., a Utah corporation.

8.

Lance Baller is domiciled in Utah.

9.

The only remaining parties to this lawsuit are ABC Corporations 1-5 and Jane Does 1-5, but they should be disregarded for removal purposes because they are fictitiously named.  *See* 28. U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

10.

The parties are citizens of different states.  Accordingly, there is complete diversity of citizenship between the parties.  This action is one over which this Court has diversity jurisdiction in accordance with 28 U.S.C. § 1332.

11.

The amount in controversy is also sufficient under 28 U.S.C. § 1332 (a). Plaintiff is seeking damages for "Ms. Hunter's pain and suffering, funeral and burial expenses, and medical expenses as well as punitive damages".  (See Exhibit

"A"; Plaintiffs' Complaint, ¶¶ 58 and 79).

12.

To determine whether the jurisdictional threshold of $75,000 is met, the court must assume that Plaintiffs will "prevail" on all claims, and then assess whether "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994); *see also St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 288 (1937). "It must appear to a **legal certainty** that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (emphasis added); 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, Sec. 3702 at 19. (Emphasis added); *Locklear v. State Farm Mut. Auto. Ins. Co.*, 742 F.Supp. 679 (S.D.Ga.1989)

13.

Assuming Plaintiffs were to prevail on each of the claims set forth in the Complaint, which Defendants deny, the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.00. (*See* Declaration of Barbara A. Marschalk, attached hereto as Exhibit D).

14.

Therefore, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) Plaintiffs and the named Defendants are citizens of different states, and (b) the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.

15.

Defendant reserves all defenses, including those of service, venue, and personal jurisdiction and will answer or present other defenses within the time permitted by Federal Rule of Civil Procedure 81(c).

16.

WHEREFORE, Defendant prays that this Notice of Removal and petition be filed, that said action be removed to and proceed in this Court, and that there be no further proceedings in said case in the State Court of Fulton County.

The undersigned has read this Notice of Removal, and to the best of their knowledge, information and belief, formed after reasonable inquiry, determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

This 7th day of August, 2023.

- 7 -

                           **DREW ECKL & FARNHAM, LLP**

                           *s/ Barbara A. Marschalk*
                           Barbara A. Marschalk
                           ***Georgia Bar No. 324498***
                           Honey L. Shaw
                           ***Georgia Bar No. 639007***

303 Peachtree St., NE, Suite 3500
Atlanta, Georgia 30308
Telephone:  (404) 885-1400
Facsimile:  (404) 876-0992
E-mail:  marschalkb@deflaw.com
E-mail:  shawh@deflaw.com
***Attorneys for Defendants***

## CERTIFICATE OF FONT COMPLIANCE

Counsel for Defendant hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 7th day of August, 2023.

                                            **DREW ECKL & FARNHAM, LLP**

                                            *s/ Barbara A. Marschalk*
                                            Barbara A. Marschalk
                                            ***State Bar of Georgia No. 324498***

303 Peachtree St., NE, Suite 3500
Atlanta, Georgia 30308
Telephone:  (404) 885-1400
Facsimile:  (404) 876-0992
E-mail:  marschalkb@deflaw.com
***Attorneys for Defendants***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID HUNTER, Individually, and DAVID HUBTER, as Executor of the Estate of JOYCE HUNTER, Deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>GLOBAL ABBEVILLE, LLC d/b/a GLEN EAGLE HEALTHCARE & REHAB; SELECTIS HEALTH, INC. f/k/a GLOBAL HEALTHCARE REIT, INC.; LANCE BALLER; SELECTIS MANAGEMENT, LLC; ABC CORPORATIONS 1-5; and JANE DOES 1-5,<br><br>    Defendants. | Civil Action File No: |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am counsel for Defendant Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab and that I have this day served the foregoing *Notice of Removal* upon all parties to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to the following counsel of record:

- 2 -

                                Lance D. Lourie, Esq.
                                Andrew J. King, Esq.
                                Suzanne T. Fink, Esq.
                                Lourie, Chance, Forlines, Carter & King, PC
                                5607 Glenridge Drive, Suite 500
                                Atlanta, GA 30342

This 7th day of August, 2023.

                                *s/ Barbara A. Marschalk*
                                Barbara A. Marschalk
                                ***State Bar of Georgia No. 324498***

303 Peachtree St., NE, Suite 3500
Atlanta, Georgia 30308
Telephone:  (404) 885-1400
Facsimile:  (404) 876-0992
E-mail:  marschalkb@deflaw.com
***Attorneys for Defendant Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab***

13705718v1
33640-264488