# Exhibit A

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV003686**
**6/21/2023 9:59 AM**
**Donald Talley, Clerk**
**Civil Division**

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

David Hunter, Individually, and
~~David Hunter, as Executor of the Estate~~
~~of Joyce Hunter, Deceased~~
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab
c/o Gregory Youra, Registered Agent
~~Holt, Ney, Zatcoff & Wasserman, LLP~~
~~100 Galleria Parkway, Suite 1800~~
Atlanta, GA 30339
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Lance D. Lourie, Andrew J. King, and Suzanne T. Fink
~~LOURIE CHANCE FORLINES CARTER & KING, PC~~
Address: ~~5607 Glenridge Drive, Suite 500~~
City, State, Zip Code: __Atlanta, GA  30342_____      Phone No.: (404) 760-7400

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***

Served, this _____ day of _____, 20_____.      _____
                                                                                                DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____
_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV003686
6/21/2023 9:59 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

David Hunter, Individually, and
~~David Hunter, as Executor of the Estate~~
~~of Joyce Hunter, Deceased~~
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Lance Baller
~~1198 Finn Avenue~~
Littleton, CO  80124
_____
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:
Name: Lance D. Lourie, Andrew J. King, and Suzanne T. Fink
~~LOURIE CHANCE FORLINES CARTER & KING, PC~~
Address: ~~5607 Glenridge Drive, Suite 500~~
City, State, Zip Code: __Atlanta, GA  30342_____     Phone No.: (404) 760-7400

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.     _____
                                                              DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____
_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV003686
6/21/2023 9:59 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

David Hunter, Individually, and
~~David Hunter, as Executor of the Estate~~
~~of Joyce Hunter, Deceased~~
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Selectis Health, Inc. f/k/a Global Healthcare REIT, Inc.
c/o CT Corporation System, Registered Agent
136 East South Temple, Suite 2100
Salt Lake City, UT  84111
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:
Name:  Lance D. Lourie, Andrew J. King, and Suzanne T. Fink
         ~~LOURIE CHANCE FORLINES CARTER & KING, PC~~
Address:  ~~5607 Glenridge Drive, Suite 500~~
City, State, Zip Code:  __Atlanta, GA  30342_____    Phone No.:  (404) 760-7400

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.     _____
                                                           DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____
This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV003686**
**6/21/2023 9:59 AM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

David Hunter, Individually, and
~~David Hunter, as Executor of the Estate~~
~~of Joyce Hunter, Deceased~~
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Selectis Management, LLC
c/o Lance Baller, Registered Agent
~~8480 E. Orchard Road, Suite 4900~~
~~Greenwood Village, CO  80111~~
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Lance D. Lourie, Andrew J. King, and Suzanne T. Fink
      LOURIE CHANCE FORLINES CARTER & KING, PC
Address: ~~5607 Glenridge Drive, Suite 500~~
City, State, Zip Code: __Atlanta, GA  30342__                    Phone No.: __(404) 760-7400__

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.    _____
                                                              DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV003686
6/21/2023 9:59 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

**DO NOT WRITE IN THIS SPACE**

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** _____

David Hunter, Individually, and
~~David Hunter, as Executor of the Estate~~
~~of Joyce Hunter, Deceased~~
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab
c/o Gregory Youra, Registered Agent
Holt, Ney, Zatcoff & Wasserman, LLP
100 ~~Galleria Parkway, Suite 1800~~
Atlanta, GA 30339
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Lance D. Lourie, Andrew J. King, and Suzanne T. Fink
~~LOURIE CHANCE FORLINES CARTER & KING, PC~~
Address: ~~5607 Glenridge Drive, Suite 500~~
City, State, Zip Code: __Atlanta, GA  30342__          Phone No.: (404) 760-7400

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
Served, this _____ day of _____, 20_____.          _____
                                                                       DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV003686
6/20/2023 12:10 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| DAVID HUNTER, Individually, and DAVID HUNTER, as Executor of the Estate of JOYCE HUNTER, Deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | FILE NO. _____ |
| GLOBAL ABBEVILLE, LLC d/b/a GLEN EAGLE HEALTHCARE & REHAB; SELECTIS HEALTH, INC. f/k/a GLOBAL HEALTHCARE REIT, INC.; LANCE BALLER; SELECTIS MANAGEMENT, LLC; ABC CORPORATIONS 1-5; and JANE DOES 1-5; | ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

**COMPLAINT**

COME NOW, David Hunter, Individually, and David Hunter, as Executor of the Estate of Joyce Hunter, Deceased, and hereby file this Complaint, showing the Court and Jury as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

David Hunter is the surviving son of Joyce Hunter, deceased, and is therefore entitled to bring this claim for the wrongful death of his mother.

2.

David Hunter has been appointed Executor of the Estate of Joyce Hunter and is therefore entitled to bring this action to recover for the physical and emotional pain and suffering of Joyce

Hunter, for all medical and hospital expenses, funeral, and burial expenses, and any and all other damages recoverable by the Estate pursuant to Georgia law.

3.

Defendant Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab is a domestic limited liability company authorized to transact business in the state of Georgia.

4.

Defendant Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab may be served through its registered agent, Gregory Youra, at Holt, Ney, Zatcoff & Wasserman, LLP, located at 100 Galleria Parkway, Suite 1800, Fulton County, Atlanta, Georgia 30339.

5.

At all times material and relevant hereto, Defendant Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab owned, operated, and/or managed Glen Eagle Healthcare & Rehab, a long-term care facility located at 206 Main Street, East, Abbeville, Wilcox County, Georgia 31001.

6.

Defendant Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab is subject to the jurisdiction of this Court and venue is proper.

7.

At all times material hereto, Defendant Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab had the right to control the time, manner and method of duties performed by the nurses, nurses' aides, administrators, and other staff at Glen Eagle Healthcare & Rehab, and had the right to discharge the nurses, nurses' aides, administrators and other staff at said facility.

8.

Furthermore, at all times material hereto, the nurses, nurses' aides and administrators and other staff at Glen Eagle Healthcare & Rehab were agents and/or employees of Defendant Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab and were acting within the course and scope of the agency.

9.

Accordingly, Defendant Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab is liable for the negligent acts and/or omissions of the nurses, nurses' aides, administrators, and other employees who were agents of Defendant Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab, pursuant to the doctrine of *respondeat superior.*

10.

Defendant Selectis Health, Inc. f/k/a Global Healthcare REIT, Inc. is a foreign for-profit corporation with its principal office address at 8480 E. Orchard Road, Suite 4900, Greenwood Village, Colorado 80111.

11.

Defendant Selectis Health, Inc, f/k/a Global Healthcare REIT, Inc. may be served through its registered agent, CT Corporation System, at 136 East South Temple, Suite 2100, Salt Lake City, Utah 84111.

12.

At all times material and relevant hereto, Defendant Selectis Health, Inc. f/k/a Global Healthcare REIT, Inc. owned, operated, and/or managed Glen Eagle Healthcare & Rehab, a long-term care facility located at 206 Main Street, East, Abbeville, Wilcox County, Georgia 31001.

13.

Jurisdiction is proper in this Court as to Defendant Selectis Health, Inc., f/k/a Global Healthcare REIT, Inc. pursuant to O.C.G.A. § 9-10-91, the Georgia Long-Arm Statute, in that it transacted any business within this State, committed a tortious act or omission within this State, and/or committed a tortious injury within this State caused by an act or omission outside this State.

14.

Selectis Health Inc., f/k/a Global Healthcare REIT, Inc. is being sued in its capacity as the present owner of the subject facility listed throughout as well as the successor entity.

15.

Venue is proper in this Court as to Defendant Selectis Health, Inc. f/k/a Global Healthcare REIT, Inc.

16.

Defendant Lance Baller is a resident of Douglas County, Colorado and may be served at his residence, which is 1198 Finn Avenue, Littleton, Colorado 80124.

17.

At all times material hereto, Defendant Lance Baller was employed by Selectis Health, Inc., and had ownership interest, operated, and/or managed Glen Eagle Healthcare & Rehab, a long-term care facility located at 206 Main Street, Abbeville, Wilcox County, Georgia 31001.

18.

As such, Defendant Lance Baller was an employee and agent of Defendant Selectis Health, Inc. and was acting within the course and scope of said agency.

- 4 -

19.

Accordingly, the negligence of Defendant Lance Baller may be imputed to Defendant Selectis Health, Inc., pursuant to the doctrine of *respondeat superior*, by vicarious liability and/or apparent agency.

20.

Defendant Selectis Management, LLC is a foreign limited liability company with its principal office located at 8480 E. Orchard Road, Suite 4900, Greenwood Village, Colorado 80111.

21.

Defendant Selectis Management, LLC may be served through its registered agent, Lance Baller, at 8480 E. Orchard Road, Suite 4900, Greenwood Village, Colorado 80111.

22.

At all times material hereto, Defendant Selectis Management, LLC, owned, operated and/or managed Glen Eagle Healthcare & Rehab, a long-term care facility located at 206 Main Street, East, Abbeville, Wilcox County, Georgia 31001.

23.

Jurisdiction is proper in this Court as to Defendant Selectis Management, LLC pursuant to O.C.G.A. § 9-10-91, the Georgia Long-Arm Statute, in that it transacted any business within this State, committed a tortious act or omission within this State, and/or committed a tortious injury within this State caused by an act or omission outside this State.

24.

Venue is proper in this Court as to Defendant Selectis Management, LLC.

25.

Upon information and belief, Defendant ABC Corporations 1-5 are entities that employed the healthcare providers and other workers at Glen Eagle Healthcare & Rehab, who provided medical and other care to Decedent Joyce Hunter.

26.

Once the true identity of ABC Corporations 1-5 is made known to Plaintiffs, Plaintiffs will file an Amended Complaint containing the correct identification for substitution of these proper parties.

27.

Upon information and belief, Defendants Jane Does 1-5 are individuals that were involved in providing care to Decedent Joyce Hunter at Glen Eagle Healthcare & Rehab, whose identities are unknown at this time.

28.

Once the true identities of Jane Does 1-5 and ABC Corps. 1-5 are made known to Plaintiffs, Plaintiffs will file an Amended Complaint containing the correct identification for substitution of these proper parties.

29.

All Defendants are joint tortfeasors.

30.

All Defendants have been properly served with a Summons and Complaint in this action.

## FACTS

### 31.

Plaintiffs incorporate herein Paragraphs 1 through 30 above, as though set forth verbatim herein.

### 32.

Joyce Hunter, age 85, was admitted to Glen Eagle Healthcare & Rehabilitation on May 5, 2020, with diagnoses, among other things, of heart disease, low back pain and mild cognitive impairment.

### 33.

On May 19, 2021, Tony Gayle, DPM, documents "no open wounds are evident b/l."

### 34.

There is no documentation within the records of Glen Eagle of any treatments for Ms. Hunter's left great toe by the nursing staff, including in the Treatment Administration Record (TAR).

### 35.

On July 19, 2021, Tony Gayle, DPM, documents "[p]atient presents with bandage covering left hallux being treated by another clinician according to nursing."

### 36.

The nursing Progress Note of July 20, 2021, at 7:42 notes that Ms. Hunter was diaphoretic with an oxygen saturation of 83.  911 was called, and she was transported to Dorminy Medical Center.

37.

On July 20, 2021, the emergency room at Dorminy Medical Center documents that Ms. Hunter was diaphoretic, very congested, and had a fever. The initial impression was urinary tract infection.

38.

On July 21, 2021, Shayla Curtis, MD, writes in her Progress Note "[t]he nurse brought to my attention today a dressing on the left great toe which she removed and found a chronic-appearing ulcerative wound to the left great toe." Dr. Curtis assessed the toe as an unstageable ulcer and was to consult surgery.

39.

On the following day, July 22, 2021, Dr. Curtis diagnosed osteomyelitis of the toe and was still awaiting a surgical consultation.

40.

On July 23, 2021, Dr. Curtis documented that the toe was a Stage 4 wound and planned for a debridement.

41.

Several days later, on July 25, 2021, a consultation was obtained by Davey Herring, MD, who documents "[s]he has an ulceration of her left great toe on the tip of the toe and she underwent a bone scan which showed her to have findings consistent with osteomyelitis of tip of the distal phalanx of the left great toe."

42.

On the following day, July 26, 2021, Joyce Hunter underwent sharp, excisional debridement by Dearl Birdsong, Jr., MD in the operating room.

43.

On July 29, 2021, Ms. Hunter was discharged from Dorminy Medical Center with diagnosis of urinary tract infection with e-coli and proteus, osteomyelitis of the left toe, pneumonia, dementia, and weakness.

44.

Joyce Hunter passed away the following day at home on July 30, 2021, and according to the Death Certificate, it was due to osteomyelitis.

## COUNT ONE

## PROFESSIONAL NEGLIGENCE

45.

Plaintiffs incorporate herein paragraphs 1 through 44 above as though set forth fully verbatim.

46.

The nurses working at Glen Eagle Healthcare & Rehab employed by the above-named Defendants owed a duty to Joyce Hunter to comply with the standard of care and skill exercised by nurses under similar conditions and like surrounding circumstances as those presented by Joyce Hunter.

47.

The nurses, nurses' aides, administrators, and other employees of Glen Eagle Healthcare & Rehab were subject to the various provisions of the Code of Federal Regulations as set forth below:

    (a)    42 CFR § 483.10 which requires that the resident has a right to a dignified existence, self-determination, and communication with and access to

- 9 -

persons and services inside and outside the facility . . . . Said section also
requires that a facility must treat each resident with respect and dignity and
care for each resident in a manner and in an environment that promotes
maintenance or enhancement of his or her quality of life, recognizing each
resident's individuality.  The facility must protect and promote the rights of
the resident.

(b)     42 CFR § 483.20 which states the facility must conduct initially and
periodically a comprehensive, accurate, standardized, reproducible
assessment of each resident's functional capacity.

(c)     42 CFR § 493.21 which requires the facility to develop and implement both
base line care plans and comprehensive care plans for each resident that
includes measurable objectives and time frames to meet the resident's
medical, nursing, mental, and psychosocial needs.

(d)     42 CFR § 483.25 which states that quality of care is a fundamental principle
that applies to all treatment and care provided to facility residents.  Based
on the comprehensive assessment of a resident, the facility must ensure that
residents receive treatment and care in accordance with professional
standards of practice, the comprehensive person-centered care plan, and the
resident's choices, including but not limited to . . . care, consistent with
professional standards of practice, to prevent pressure ulcers and not
develop pressure ulcers unless the individual's clinical condition
demonstrates they were unavoidable and that a resident with pressure ulcers
receives necessary treatment and services, consistent with professional

standards of practice, to promote healing, prevent infection and prevent new ulcers from developing.

(e)     42 CFR § 483.35 which requires that the facility have sufficient nursing staff with the appropriate competencies and skills sets to provide nursing and related services to assure resident safety and attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care and considering the number, acuity and diagnoses of the facility's resident population in accordance with the facility assessment required by § 483.70(e).

(f)     42 CFR § 483.70 which requires that a facility must be administered in a manner that enables it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental, psychosocial well-being of each resident.

48.

The nurses and nurse's aides working at Glen Eagle Healthcare & Rehab, employed by the above-named Defendants, violated the standard of care and skill exercised by nurses and nursing aides generally under similar conditions and like surrounding circumstances in 2021, when Joyce Hunter was a resident at Glen Eagle Healthcare & Rehab.  These violations include, but are not limited to, the following:

(a)     Failure to perform appropriate ongoing skin assessments of Ms. Hunter, including her toes;

(b)     In particular, failure to perform skin assessments after May 25, 2021, as these assessments should have been weekly;

(c)     Failure to implement and carry out an appropriate Care Plan to prevent the development of ulcers on Ms. Hunter's toe, and furthermore, failure to update the Care Plan when she developed an ulcer on her toe;

(d)     Failure to document anywhere within the nursing home records the development of an ulcer on Ms. Hunter's left great toe;

(e)     Failed to notify Ms. Hunter's physician of the wound that was present on her left great toe; and

(f)     Inadequate charting and documentation.

49.

As the direct and proximate result of the violations of the standard of care by Glen Eagle Healthcare & Rehab, Joyce Hunter suffered excruciating physical and mental pain and suffering, and incurred substantial burial and funeral expenses, and ultimately death.

50.

Plaintiff David Hunter, as surviving son of Joyce Hunter, deceased, is entitled to recover for his mother's wrongful death.

51.

Plaintiff David Hunter, as Executor of the Estate of Joyce Hunter, deceased, is entitled to recover for Ms. Hunter's excruciating physical and mental pain and suffering, burial, and funeral expenses, as well as medical expenses.

52.

Plaintiffs have attached the Affidavit of Christine V. Pignatiello, MHA, RN, BSN, NHA, CLNC as Exhibit "A" in compliance with O.C.G.A. §§ 9-11-9.1 and 24-7-702.

## COUNT II

## ORDINARY NEGLIGENCE

53.

Plaintiffs incorporate herein paragraphs 1 through 52 above as though set forth fully verbatim.

54.

The nurses, nurse's assistants, and other employees working at Glen Eagle Healthcare & Rehab, who were agents and employees of the above-named Defendants, had a duty to exercise ordinary and reasonable care in their provision of services to Joyce Hunter.

55.

The Defendants' non-licensed employees, including nursing assistants and other employees, failed to exercise ordinary and reasonable care in the following particulars:

a.      Failing to properly reposition Joyce Hunter;

b.      Failing to properly turn Joyce Hunter;

c.      Failing to properly use and document pressure relieving devices and offloading; and

d.      Poor charting.

56.

The acts, omissions, and ordinary negligence of the Defendants' employees resulted in significant and debilitating injuries, and ultimately death, to Joyce Hunter.

57.

Plaintiff David Hunter, Individually, is entitled to recover for his mother's wrongful death.

58.

In addition, Plaintiff David Hunter, as Executor of the Estate of Joyce Hunter, deceased, is entitled to recover for Ms. Hunter's pain and suffering, funeral and burial expenses, and medical expenses.

## COUNT III

## VIOLATIONS OF THE GEORGIA BILL OF RIGHTS FOR RESIDENTS OF LONG-TERM CARE FACILITIES

59.

Plaintiffs incorporate herein paragraphs 1 through 58 above as though set forth fully verbatim.

60.

The Defendants, through their agents, employees, servants, representatives and successors in interest, have violated Ms. Hunter's rights enumerated under O.C.G.A. § 31-8-108, the Rules and Regulations for Nursing Homes, Section 111-8-56-.01 *et. seq.*, and the Code of Federal Regulations, including, but not limited to, those sections outlined in paragraph 46 above.

61.

Plaintiffs bring this action pursuant to the "Bill of Rights for Residents of Long-Term Care Facilities" (O.C.G.A. § 31-8-100, *et seq.*).

62.

The Official Code of Georgia § 31-8-108 provides that each resident shall receive care, treatment and services which are adequate and appropriate. Furthermore, it requires that the care,

- 14 -

treatment, and services be provided with reasonable care and skill, in compliance with applicable laws and regulations, and with respect for the resident's personal dignity and privacy.

63.

The Defendants, through their employees and agents, failed to comply with these requirements and provisions of O.C.G.A. § 31-8-108. Said violations on the part of the Defendants proximately caused injuries to and death of Joyce Hunter, including excruciating mental and physical pain and suffering, medical expenses, and funeral and burial expenses.

64.

Pursuant to O.C.G.A. § 31-8-136, Plaintiffs are entitled to bring an action as a result of the Defendants' violations of the "Bill of Rights for Residents of Long-Term Care Facilities."

65.

As a proximate result of the violations of the "Bill of Rights of Residents of Long-Term Care Facilities" on the part of the Defendants, Joyce Hunter suffered pain and suffering, incurred medical expenses, funeral, and burial expenses, and ultimately death.

66.

Plaintiff David Hunter, as Executor of the Estate of Joyce Hunter, is entitled to recover damages for the pain and suffering, medical expenses, funeral, and burial expenses incurred as a result of Defendants' violations, as set forth above.

67.

In addition, Plaintiff David Hunter, Individually, is entitled to recover for his mother's wrongful death.

## COUNT IV

## FAILURE TO PROVIDE SUFFICIENT AND PROPER STAFFING AND NURSING

- 15 -

68.

Plaintiffs incorporate paragraphs 1 through 67 above as though set forth fully verbatim.

69.

The Defendants had a duty to exercise ordinary and reasonable care in providing sufficient and competent staffing at Glen Eagle Healthcare & Rehab.

70.

Glen Eagle Healthcare & Rehab was chronically understaffed which put patients at the facility at risk and in danger.

71.

The Defendants breached their duty to exercise ordinary and reasonable care in providing sufficient and competent staffing at Glen Eagle Healthcare & Rehab.

72.

The Defendants failed to provide sufficient and competent staffing at Glen Eagle Healthcare & Rehab and caused the facility to be chronically understaffed.

73.

The Defendants' acts and omissions caused permanent and debilitating injuries to Joyce Hunter, and ultimately death.

74.

As a result of the Defendants' understaffing at Glen Eagle Healthcare & Rehab, Defendants are liable to Plaintiff David Hunter, as Executor of the Estate of Joyce Hunter, deceased, for Joyce Hunter's excruciating physical and mental pain and suffering, and medical and burial expenses.

75.

The Defendants are also liable to Plaintiff David Hunter for the wrongful death of his mother, Joyce Hunter.

## COUNT V

## PUNITIVE DAMAGES

76.

Plaintiffs incorporate Paragraphs 1 through 75 as if fully set forth fully herein verbatim.

77.

The acts and omissions of the Defendants demonstrate fraud, intentional misconduct, willful and wanton misconduct, oppression, malice and a conscious indifference to the consequences, including the safety, health and welfare of Joyce Hunter.

78.

The acts and omissions of the Defendants were accompanied by aggravating circumstances.

79.

The Defendants are liable for punitive damages to Plaintiffs.

80.

Punitive damages should be awarded to Plaintiffs and against Defendants to deter Defendants from repeated misconduct as set forth in this Complaint.

## COUNT VI

## FEES AGAINST ALL DEFENDANTS

81.

Defendants' actions constitute evidence of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense. Thus, Plaintiffs are entitled to recover necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action pursuant to O.C.G.A. § 13-6-11, as well as any other applicable statutory or common law basis.

WHEREFORE, Plaintiffs pray for the following:

(a)     That process be issued as to all Defendants;

(b)     That Plaintiff David Hunter, Individually, recover a judgment against the Defendants in an amount in excess of $10,000.00 and as shown by the evidence at the trial of this case, for the wrongful death of his mother, Joyce Hunter;

(c)     That Plaintiff David Hunter, as Executor of the Estate of Joyce Hunter, deceased, recover a judgment against the Defendants in an amount in excess of $10,000.00 as shown by the evidence at the trial of this case, for the pain and suffering, medical bills, and funeral and burial expenses incurred by Joyce Hunter;

(d)     That Plaintiff David Hunter, as Executor of the Estate of Joyce Hunter, deceased, recover punitive damages from the Defendants;

(e)     That the Court and jury grant such other and further relief as they may deem just and proper; and

(f)     Plaintiffs hereby demand a trial by jury.

This 20th day of June, 2023.

LOURIE, CHANCE, FORLINES, CARTER & KING, PC

BY _/s/ Lance D. Lourie_
     LANCE D. LOURIE
     Georgia Bar No. 458520
     ANDREW J. KING
     Georgia Bar No. 926908
     SUZANNE T. FINK
     Georgia Bar No. 716244

5607 Glenridge Drive, Suite 500
Atlanta, GA 30342
(404) 760-7400
(404) 760-7409 – fax
lance@louriechance.com
andrew@louriechance.com
suzanne@louriechance.com      *ATTORNEYS FOR PLAINTIFFS*

**COUNTY OF** <u>WORCESTER</u>

**STATE OF MASSACHUSETTS**

**AFFIDAVIT OF CHRISTINE V. PIGNATIELLO, MHA, RN, BSN, NHA, CLNC**

COMES NOW, Christine V. Pignatiello, MHA, RN, BSN, NHA, CLNC, who after being duly sworn, deposes and states under oath as follows:

1.

My name is Christine V. Pignatiello. I am of legal age and am competent to testify.

2.

The facts contained in this Affidavit are based upon my own personal knowledge.

3.

I have more than 35 years of experience providing care services to nursing home residents. For more than 30 of those years, I have served in nursing supervisor, health services administration, and senior consultant functions that have resulted in me developing extensive knowledge of regulations and standards pertaining to long term care and skilled nursing facilities. I have further developed an understanding of the requirements for complying with the standard of care for developing, coordinating, implementing, and assessing skilled plans of care in long term care and skilled nursing facilities.

4.

I obtained a Bachelor of Science in Nursing from the University of Massachusetts in 1984. I subsequently obtained a Master of Science in Health Services Administration from the University of Massachusetts in 1989. I have been a Licensed Nursing Home Administrator since

**EXHIBIT A**

1991. I have been a licensed Registered Nurse since 1984. I am also a Certified Legal Nurse Consultant.

Currently, I am the Principal of Pignatiello & Associates, LLC, in Leominster, Massachusetts, where my practice involves providing administration and nursing consulting services to long term care and skilled nursing facilities. My practice also includes, among other things, reviewing records for compliance with legal and regulatory standards of care, developing and implementing policies and procedures for long term care and skilled nursing facilities, and assisting with plans of correction for those entities.

A true and correct copy of my curriculum vitae is attached hereto as Exhibit "A."

5.

From 2001 through 2020, I served first as Director of Clinical Operations (2001 to 2013) then Executive director (2013 to 2018) and finally as Director of Quality and Risk Management (2018 to 2020) at Village Square, LLC. In those roles I provided and supervised the provision of direct patient care in multiple facilities and served as the Executive Director (administrator on record) at Sterling Village, a 143-bed skilled nursing facility. As Executive Director of the facility from 2013 to 2018. 1 was responsible for overall operations of the facility – including supervising all 10 departments, serving as risk manager for all levels of service, and ensuring compliance with state, federal, and Joint Commission standards. As a result of having been regularly engaged in such practice, I have actual professional knowledge and experience in those areas, including providing and supervising the care provided to elderly residents such as Joyce Hunter. I was a registered nurse for all the years that Ms. Hunter was receiving services/treatment at Glen Eagle Healthcare & Rehab (hereinafter "Glen Eagle").

6.

I have been engaged in the active practice of nursing for at least 3 of the 5 years prior to Ms. Hunter's residency at Glen Eagle from May 5, 2020, through July 20, 2021. My practice has included, but has not been limited to, the following:

(a)     Accessing such patients for the risk of developing pressure ulcers;

(b)     Developing Care Plans for such patients with respect to the prevention of pressure ulcers and providing wound care to pressure injuries;

(c)     Taking steps, as required by the standard of care, to adequately treat pressure injuries and other skin injuries;

(d)     Monitoring such patients for the development of pressure injuries;

(e)     Providing assessment, as required by the standard of care, of pressure injuries, including measurements, staging, descriptions, etc.;

(f)     Instructing nurse assistants, patient care techs and other staff with respect to the proper turning and repositioning of patients and proper documenting said turning repositioning; and

(g)     Appropriate documentation in the Treatment Administration Record (TAR) of any bandaging, treatments, etc.

7.

I am familiar with the standard and skill exercised by nurses generally under similar conditions and like surrounding circumstances in 2020 and 2021 as those presented by Joyce Hunter when she was a resident at Glen Eagle.

8.

I reviewed records of Joyce Hunter from the following:

- 3 -

(a)     Glen Eagle Healthcare & Rehabilitation Center;

(b)     Dorminy Medical Center; and

(c)     Death Certificate.

9.

My review of the above-referenced materials reveals the following:

(a)     Joyce Hunter, age 85, was admitted to Glen Eagle Healthcare on May 5, 2020, with diagnoses, among other things, of heart disease, low back pain and mild cognitive impairment.

(b)     On May 19, 2021, Tony Gayle, DPM, documents "no open wounds are evident b/l."

(c)     There is no documentation within the records of Glen Eagle of any treatments for Ms. Hunter's left great toe by the nursing staff, including in the Treatment Administration Record (TAR).

(d)     On July 19, 2021, Tony Gayle, DPM documents "[p]atient presents with bandage covering left hallux being treated by another clinician according to nursing."

(e)     The nursing Progress Note of July 20, 2021, at 7:42 notes that Ms. Hunter was diaphoretic with an oxygen saturation of 83.   911 was called, and she was transported to Dorminy Medical Center.

(f)     On July 20, 2021, the emergency room at Dorminy Medical Center documents that Ms. Hunter was diaphoretic, very congested and had a fever.  The initial impression was urinary tract infection.

(g)     On July 21, 2021, Shayla Curtis, MD, writes in her Progress Note "[t]he nurse brought to my attention today a dressing on the left great toe which she removed

- 4 -

and found a chronic-appearing ulcerative wound to the left great toe." Dr. Curtis assessed the toe as an unstageable ulcer and was to consult surgery.

(h)     On the following day, July 22, 2021, Dr. Curtis diagnoses osteomyelitis of the toe and was still awaiting a surgical consultation.

(i)     On July 23, 2021, Dr. Curtis documents that the toe is now a Stage 4 wound with plans for a debridement.

(j)     Several days later, on July 25, 2021, a consultation was obtained by Davey Herring, MD, who documents "[s]he has an ulceration of her left great toe on the tip of the toe and she underwent a bone scan which showed her to have findings consistent with osteomyelitis of tip of the distal phalanx of the left great toe."

(k)     On the following day, July 26, 2021, Joyce Hunter underwent sharp, exceptional debridement by Dearl Birdsong, Jr., MD in the operating room.

(l)     On July 29, 2021, Ms. Hunter was discharged from Dorminy Medical Center with diagnosis of urinary tract infection with e-coli and proteus, osteomyelitis of the left toe, pneumonia, dementia, and weakness.

(m)    Joyce Hunter passed away the following day at home on July 30, 2021, and according to the Death Certificate, it was due to osteomyelitis.

10.

In my professional opinion, the nurses working at and employed by Glen Eagle deviated from the standard of care and skill exercised generally under similar conditions and like surrounding circumstances as those presented in 2021 by Joyce Hunter. In particular, they deviated from the standard of care in the following particulars:

(a)     Failure to perform appropriate ongoing skin assessments of Ms. Hunter, including her toes;

(b)     In particular, failure to perform skin assessments after May 25, 2021, as these assessments should have been weekly;

(c)     Failure to implement and carry out an appropriate Care Plan to prevent the development of ulcers on Ms. Hunter's toe, and furthermore, failure to update the Care Plan when she developed an ulcer on her toe;

(d)     Failure to document anywhere within the nursing home records the development of an ulcer on Ms. Hunter's left great toe;

(e)     Failed to notify Ms. Hunter's physician of the wound that was present on her left great toe; and

(e)     Inadequate charting and documentation.

11.

This Affidavit is given by me in order to comply with the requirements of O.C.G.A. § 9-11-9.1. It is not intended to encompass all the opinions held by me. This Affidavit does not and is not intended to include all my opinions that are formed following my review of the above-referenced records. In fact, I may have additional opinions that are not expressed herein. I reserve the right to alter, supplement and/or amend my opinions after I have reviewed additional records, depositions, and testimony, and/or have received additional information.


FURTHER AFFIANT SAYETH NOT.

This _____ day of May, 2023.

_____

CHRISTINE V. PIGNATIELLO, MHA, RN, BSN,
NHA, CLNC

Sworn to and subscribed before me
this 26 day of May_____ 2023.

_____
Notary Public

My Commission Expires: 4·28·28

Jessica Rose Pasciuto
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
04/28/2028

**Christine V. Pignatiello, MHA, RN, BSN, NHA, CLNC**
68 Main Street, Unit 411 – Leominster, MA 01453
Cell: (508) 397- 4282
appyben2@gmail.com

## SUMMARY OF SKILLS AND QUALIFICATIONS

➢ More than 20 years of experience in patient care and health services administration.
➢ Extensive knowledge of regulations and standards pertaining to long term care and skilled nursing.
➢ Efficient and thorough reviewer of medical records, incidents, and sentinel events for standards of care compliance and liability concerns.
➢ Effective interdisciplinary educator on patient care topics, regulatory compliance, systems design and management, and risk management.
➢ Experienced chair of patient care, operational and practice-based committees.
➢ Skilled in plan of correction development, coordination, implementation and oversight.
➢ Excellent and effective communicator across all levels of providers, patients and families.

| | |
|---|---|
| 2008 - Present | ***Pignatiello & Associates, LLC – Leominster, MA***<br>**Principal - Consultant** |

- Provide administrative and nursing consulting services to skilled nursing facilities and contract providers.
- Provide legal nurse consultation and expertise to third parties.
- Review records for standards of care and regulatory compliance.
- Provide coaching, mentoring and education to key management staff.
- Assist with plans of correction, policy and procedure review and development.
- Operational and resident care systems analysis, development and improvement.

| | |
|---|---|
| 2001 - 2020 | ***Village Square, LLC – Framingham, MA***<br>**2018 – 2020:  Director of Quality and Risk Management – Sterling Village, LLC** |

- Hired, and precepted new Executive Director through administrator-in-training (AIT) program.
- Ensured survey readiness, regulatory compliance.
- Led team to achieve overall 5-star status in CMS Star Rating program.
- Responsible for policies, procedures, protocols.
- Sentinel event review, risk mitigation.

**2013 – 2018:  Executive Director – Sterling Village, LLC**

- Responsible for overall operations of 143 bed skilled nursing facility.
- Supervised 240 employees in 10 departments.
- Served as risk manager for all levels of service.
- Ensured compliance with state, federal regulations, Joint Commission standards.
- Excellent survey history with substantial increase in CMS star rating

Exhibit A

1989 -   **_Wellington Manor Nursing Home, Inc – Arlington, MA_**
1994   **Director of Nursing**
- Responsible for patient care delivery, staffing and organization of nursing services
- Coordinated multidisciplinary departments in absence of administrator.
- Ensured compliance with state and federal regulations, standards of care.
- Developed resident assessment and care delivery systems to meet requirements of newly implemented OBRA regulations.
- Developed and implemented quality assurance, continuing education, marketing and community outreach programs.

1984 -   **_Acute Care and Skilled Nursing Facilities – Various Locations_**
1989   **Registered Nurse**
- Provided comprehensive care to patients in a variety of settings including telemetry, respiratory/medical, medical/surgical and skilled nursing facilities.

## EDUCATION

➢ Master of Science, Health Services Administration, University of Massachusetts.
➢ Bachelor of Science, Nursing, University of Massachusetts, Cum Laude.

## PROFESSIONAL LICENSURE, CERTIFICATION AND ASSOCIATIONS

➢ Licensed Nursing Home Administrator – Massachusetts.
➢ Licensed Registered Nurse – Massachusetts.
➢ Certified Legal Nurse Consultant$^{CM}$ – CLNC® Certification Program, Vicki Milazzo Institute.
➢ CHHi-QAPI Certified Professional
➢ Member: National Nursing Honor Society, Sigma Theta Tau, Eta Omega Chapter.
➢ Treasurer, Pilgrim Covenant Church, Lunenburg, Massachusetts
➢ Communications Co-Chair:  Appalachian Mountain Club
➢ Volunteer Clinician: Wachusett Medical Reserve Corps
➢ Certified: Wilderness First Aid

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV003686**
**7/25/2023 12:50 PM**
**Donald Talley, Clerk**
**Civil Division**

## AFFIDAVIT OF SERVICE

| Case:<br>23EV003686 | Court:<br>State Court of Fulton County, State of Georgia | County:<br>Fulton | Job:<br>9088787 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>David Hunter, Individually, and David Hunter, as Executor of the Estate of Joyce Hunter, Deceased | | Defendant / Respondent:<br>Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab; Selectis Health, Inc. f/k/a Global Healthcare Reit, Inc.; Lance Baller; Selectis Management, LLC; ABC Corporations 1-5; and Jane Does 1-5; | |
| Received by:<br>CGA Solutions | | For:<br>Lourie, Chance, Forlines, Carter & King PC | |
| To be served upon:<br>Selectis Health Inc f/k/a Global Healthcare Reit Inc c/o CT Corporation System, Registered Agent | | | |

I, Roy Smith, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address: Dani Snow, CT Corporation System: 1108 E South Union Ave, Midvale, UT 84047-2904
Manner of Service: Registered Agent, Jul 10, 2023, 9:40 am EDT
Documents: Summons, Complaint, Exhibit A, Plaintiffs' First Continuing Interrogatories to Defendants, Plaintiffs' First Request for Production of Documents to Defendants (Received Jun 26, 2023 at 9:21am EDT)

Additional Comments:
1) Unsuccessful Attempt: Jul 6, 2023, 10:41 am EDT at CT Corporation System: 136 E South Temple Suite 2100, Salt Lake City, UT 84111 Building vacant

2) Successful Attempt: Jul 10, 2023, 9:40 am EDT at CT Corporation System: 1108 E South Union Ave, Midvale, UT 84047-2904 received by Dani Snow. Age: 30-35; Ethnicity: Caucasian; Gender: Female; Weight: 145; Height: 5'9"; Hair: Black;
,Agent designated by CT Corporation to accept service

| | |
|---|---|
| _____  7/19/23 | Subscribed and sworn to before me by the affiant who is personally known to me. |
| Roy Smith                        Date | |
| | _Shelby N Musselman_ |
| CGA Solutions | Notary Public |
| 723 Main Street | 7/19/23            August 10, 2025 |
| Stone Mountain, GA 30083 | Date              Commission Expires |
| 866-217-8581 | |

SHELBY N MUSSELMAN
Notary Public - State of Utah
Comm. No. 719802
My Commission Expires on
Aug 10, 2025

State Court of Fulton County
**E-FILED**
23EV003686
7/10/2023 9:13 AM
Donald Talley, Clerk
Civil Division

## AFFIDAVIT OF SERVICE

| Case: 23EV003686 | Court: State Court of Fulton County, State of Georgia | County: Fulton | Job: 9088787 |
|---|---|---|---|
| **Plaintiff / Petitioner:** David Hunter, Individually, and David Hunter, as Executor of the Estate of Joyce Hunter, Deceased | | **Defendant / Respondent:** Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab; Selectis Health, Inc. f/k/a Global Healthcare Reit, Inc.; Lance Baller; Selectis Management, LLC; ABC Corporations 1-5; and Jane Does 1-5; | | |
| **Received by:** CGA Solutions | | **For:** Lourie, Chance, Forlines, Carter & King PC | |
| **To be served upon:** Global Abbeville, LLC d/b/a Glen Eagle Healthcare & Rehab c/o Gregory Youra, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Gregory Youra, Registered Agent, Holt, Ney, Zatcoff & Wasserman, LLP: 100 Galleria Pkwy Suite 1800, Atlanta, GA 30339

**Manner of Service:**  Registered Agent, Jul 7, 2023, 9:15 am EDT

**Documents:**  Summons, Complaint, Exhibit A, Plaintiffs' First Continuing Interrogatories to Defendants, Plaintiffs' First Request for Production of Documents to Defendants (Received Jun 26, 2023 at 9:21am EDT)

**Additional Comments:**

1) Successful Attempt: Jul 7, 2023, 9:15 am EDT at Holt, Ney, Zatcoff & Wasserman, LLP: 100 Galleria Pkwy Suite 1800, Atlanta, GA 30339 received by Gregory Youra, Registered Agent. Age: 60-65; Ethnicity: Caucasian; Gender: Male; Weight: 195; Height: 6'; Hair: White; positively identified self at time of service.

_____          7-8-23
Thomas David Gibbs III           Date

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
Notary Public

3-8-23                    12-27-24
Date                     Commission Expires

AMMY MERAJ
NOTARY
PUBLIC
DEKALB COUNTY, GEORGIA



# IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

**Administrative Order No. 23EX000001**

## IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

**IT IS HEREBY ORDERED** that the following persons:

ABRAHAM, ROBYN L.
ADAMS JR., JOHN G.
ADCOCK, KYLE
ALLEN, LAKEITA T.
ANDERSON, QAISAR C.
ANDERSON, WILLIAM J.
ANDREWS II, GENE E.
ARMSTRONG, CHRISTOPHER
ARMSTRONG, CYNARA J.
ARMSTRONG, MIATEUE DENISE
BACKO, MUSTAFA
BAILEY, ANNA MARIE
BARNES, KRISTOPHER KEVIN
BARNES, STACY
BARNEY JR., STEVEN MICHAEL
BARRON, SHANE WILLIS
BASHAM, JAMES STEVEN
BENITO, RICHARD
BETHEL-MAXIE, VAQUISHA R.
BEYENE, EUAEL B.
BLAKENEY, KRISTIAN JOHN
BLALOCK, JAMES S.P.
BLESSMAN, SHARON CAMPBELL
BOLLING, KATHERINE DEVORE
BRAZEMAN, CRAIG PHILIP
BRIDGES, KAYLA DENISE
BRILEY, DONNIE CHAPPELLE
BROWN, IRISH J.
BRYANT, SHEMIKA
BUNCH, KIM
BUTTS, KIMBERLY L.
BYER, EDMOND JOHN
CABRERA-ANDERSON, SANDY
CHASTAIN, MICHAEL ALAN
CHESTER, ROSETTA L.
CHILDRESS, CLIFTON
CLEMMONS, JOYCE YVONNE
CLINE, TRAVIS DANIEL
COCHRANE, BABETTE DAWN
CRUMP, THOMAS RAYNARD
CUNNINGHAM, SALLY K.
DALMAN, JONATHAN B.
DAMBACH-CIRKO, PATRICIA J.
DANIELS, SONIA LYNN
DAVIDSON, DANNY DOUGLAS
DAVIDSON, MITCHELL T.

DAY, DUANE DAVIDSON
DEVAUGHN, CARL L.
DOLBIER, JEFFREY ALAN
EARTHRISE, ROCHELLE
ECHOLS, ERIC DWIGHT
ECHOLS, PATRICIA IZETTA
ELLIOTT, MAURICE
FARKAS, BELA
FAULKNER, DANA V.
FAZZIO, DEDREA L.
FERRERO, AMY L.
FISHER, DAWN W.
FITZGERALD, FLORETTA
FOLDS, CATHERINA P.
FOLDS, GEORGE LARRY
FORD, RONNIE
FOX, JUHANI ALLEN
FREESE, JESSICA RENEE
FULLER, THOMAS W.
GALVIN, ELIZABETH M.
GARMON, JASON H.
GAYLE, EARL WINSTON
GEORGE, RANDAL LEE
GIBBS III, THOMAS D.
GILES, HERBERT F.
GREEN ANJENAI G.
GREENWAY, KIMBERLY B.
HANDLEY, WILEY D.
HARBUCK, MICHAEL A.
HARRIS, PARKS WAYNE
HASSAN, MUHSIN SHAHID
HERNENDEZ, BRYAN C.
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HILL, LISA WILSON
HINES, JAMES W.
HORTON, CHRISTOPHER T.
HUDSON, HAKIMAH
HUDSON, KYLE
HUGULEY, CK ADONNI
HUMPHREY JR., RONALD
HUNTER, JERMARCUS D.
IRVINE, XAVIER A.
JACKSON II, ANTHONY
JACKSON, CHIQUITA W.
JAMES, FRANK HUGH

JENKINS, STEPHANIE
JOHNSON, EARL C.
KAHSSU, HAILE T.
KENERSON, LORENZO
KING, AMOS
KIRKLAND, SHIRLEY P.
KOTLAR, MICHAEL J.
LAUSMAN, MARSHA C.
LAWSON, ZURI M.
LEWIS, KEVIN J.
LOUIS, CLYDE A.
LUSTER, JERALD DEON
MAGGARD JR., ANDREW
MALLAS, NICHOLAS A.
MANCE, KAY
MATHES, GABRIELLE
MCCLELLAN, RODNEY
MCGAHEE, LARRY L.
MCMILLON, ERICKA D.
MITCHELL, KEVIN J.
MORGAN, TODD V.
MUHAMMAD, AZIZAH
MURPHY JR., GREGORY
MURRAH, JANQUALO D.
NICHOLS, JEAN GRINWIS
NICHOLS, LATHAN OTTO
NOLEN, MILTON LEE
O'BRIEN, CHRISTOPHER
O'LEARY, CHRISTINE L.
PALMER, ALITA
PANNELL, NICOLE D.
PARKER, ATARI L.
PARKER, ERNESQUESHIA
PERLSON, MARC DAMON
RANSOME, MAURICE
RASHID, HASSAN M.
RECKERSDREES, THOMAS
REDDICK, DEREK LAMAR
REYES, REAGAN J.
RHODES, KATHRYN D.
RICHARDSON, LEROY
RIVERS, MICHAEL T.
ROWE, LYNN
RUDDOCK, MARGARET
SAXON, JASMINE N.
SAXON, ROBIN L.

SAXON-FORD, VIRGINIA
SEKLECKI, CHRISTIAN
SIBBALD, JOHN W.
SINGLETON, WANDA
SINGLETON, WESLEY G.
SMITH JR., BRUCE R.
SMITH, RONALD L.
SMITH, VIRGINIA E.C.
SNELLINGS, SHARON
SPEARS, JOYE L.
SPELLEN, ELIZABETH B.
SPELLEN, GEOFFREY B.
STARKS, MARC ANTONY
STEPHENS, GERI S.
STEWART, RONNIE N.
STIGGERS, JAMES
STONE, RODNEY D.
STOVER, CIERRA B.
SWINDLE, FRANK L.
SWINGER, INA L.
TASSAW, BERHANE
THOMAS, JEFFREY A.
THOMPSON, CHRISSANA
THOMPSON, VANESSA
TORT, HENRY
VELASQUEZ, JULIUS
WASHINGTON, SABRINA
WATTS II, ROOSEVELT
WEBBER, MELINA MARY
WEST, ERIC NOEL
WILLIAMS, LAVERN A.
WINKELMAN, NAN L.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER K.

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2023, without the necessity of an order for appointment in each individual case.

**SO ORDERED**, this 1st day of January, 2023.



Chief Judge Wesley B. Tailor
State Court of Fulton County

FILED IN OFFICE

JAN 1 2023

DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

State Court of Fulton County
**E-FILED**
23EV003686
6/20/2023 12:10 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| DAVID HUNTER, Individually, | ) | |
| and DAVID HUNTER, as | ) | |
| Executor of the Estate of | ) | |
| JOYCE HUNTER, Deceased, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO. _____ |
| GLOBAL ABBEVILLE, LLC | ) | |
| d/b/a GLEN EAGLE HEALTHCARE | ) | |
| & REHAB; SELECTIS HEALTH, INC. | ) | |
| f/k/a GLOBAL HEALTHCARE REIT, | ) | |
| INC.; LANCE BALLER; SELECTIS | ) | JURY TRIAL DEMANDED |
| MANAGEMENT, LLC; ABC | ) | |
| CORPORATIONS 1-5; and JANE DOES | ) | |
| 1-5; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANTS

Pursuant to O.C.G.A. § 9-11-34, Plaintiffs hereby serve the following First Request for

Production of Documents upon Defendants.

## INSTRUCTIONS

Each Request is addressed to the personal knowledge of the Defendants, as well as to the

knowledge and information of Defendants' attorneys, investigators, agents, employees, and other

representatives.  If Defendants are unable to comply with a Request completely, the Request

should be produced as fully as possible.  When a Request is directed to Defendants, the Request is

also directed to the aforementioned persons.  These Requests shall be deemed continuing, and you

are under a duty to seasonably supplement or amend a prior response.

If no such information exists to comply with a particular Request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail to Plaintiffs' counsel's office located at 5607 Glenridge Drive, Suite 500, Atlanta, Georgia, 30342-4998; if documents are voluminous, please contact Plaintiffs' counsel to arrange an alternative production.

## **DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.

The word "identify" when used with respect to an individual means that the answering party is required to state the name, age, employer, business and residence addresses, and telephone numbers of the individual.

2.

The word "identify" when used with respect to a business means that the answering party is required to state the full name, address, and telephone number of the business.

3.

The word "identify" when used with respect to a "document" means that the answering party is required to state with respect to each such document:

(a)     The title or other means of identification;

(b)     The date;

(c)     The author, including his or her name, address, telephone number and employer;

(d)     The recipient, including his or her name, address, telephone number, employer and date of receipt;

(e)   The names, addresses and telephone numbers of any and all persons who have custody or control of the document; and

(f)   The present location of the document.

4.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care or control of Defendants, their agents, attorneys, or any other person affiliated with Defendants.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, video tapes, tape recordings, emails, text and instant messages, social media entries, blog entries, depositions, and answers to interrogatories.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

5.

The word "person(s)" means all entities, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and local, municipal, county, state and federal government agencies.

6.

The term "the Resident" refers to Joyce Hunter while she was a resident at Glen Eagle Healthcare & Rehabilitation.

7.

The term "the Facility" refers to Glen Eagle Healthcare & Rehabilitation, a facility located at 206 Main Street, East, Abbeville, Wilcox County, Georgia 31001.

8.

The term "residency" means the period of time that Joyce Hunter was a resident at the Facility.

## REQUESTS FOR PRODUCTION

1.

Please produce color copies of all documentation pertaining to the Resident's care, treatment and condition, including, but not limited to:

(a)     A certified color copy of the nursing home chart pertaining to the Resident;

(b)     ADL records;

(c)     MDS records including those showing RUG data and all trigger information;

(d)     Wound tracking forms;

(e)     Physician notifications and communications;

(f)     24-hour reports or shift change reports;

(g)     Change in condition reports;

(h)     Acuity/need evaluations;

(i)     Incident/event/accident/problem reports;

(j)     Therapy/restorative records;

(k)     Fluids intake/output;

(l)     Nutrition;

(m)     Pharmacy and controlled substance records;

(n)     Consultant records;

(o)     Master signature logs;

(p)     Bath sheets;

(q)     Activity attendance records;

(r)     Controlled substance logs;

(s)     Physician communication logs/books;

(t)     Any photographs, videos or other pictorial representation of the Resident or her condition; and

(u)     Any and all drawings, diagrams, models, sketches, x-rays, images or slides.

If any of the information sought pursuant to this request was created, maintained or stored electronically, please provide this information in electronic form.  If such production is not possible or not feasible, please advise as to the reason and produce a hard copy of the information. If necessary to ensure accurate and legible copies, please reduce the copy size as needed.

2.

Please produce a copy of all bills, accounting records, billing records, itemized statements, accounts receivables history report, copies of CMS UB-04 and/or UB-92 forms, or other documents showing charges in connection with any care provided to the Resident while a patient at the Facility.

3.

Please produce true, correct, complete and color copies of all records relating to the Resident obtained through third parties, whether obtained through third party requests, subpoenas or otherwise.

4.

Please produce copies of all statements regarding the incidents and facts as set forth in Plaintiffs' Complaint, written or otherwise, including those identified in your response to Interrogatory No. 3, including, but not limited to, witness statements obtained in the normal course of business prior to notice of this lawsuit as well as statements of Plaintiffs and/or Plaintiffs' family members. **If you claim privilege, please provide a privilege log.**

5.

For every person who cared for or charted on Ms. Hunter during her residency, please produce that person's personnel files, including but not limited to the following:

(a)     Job applications and interview notes;

(b)     Records pertaining to verification of references, employment history, and criminal background checks;

(c)     I-9 forms;

(d)     Work Opportunity Tax Credits forms;

(e)     Welfare to Work forms;

(f)     Records pertaining to certification/license verifications;

(g)     Records pertaining to job evaluations;

(h)     Records of discipline/counseling;

(i)     Appraisal evaluation reports;

(j)     Records pertaining to orientation, skills tests, and training;

(k)     Medical screening data;

(l)     Payroll transaction forms, including promotions, demotions, merit increases, etc.;

(m)     Records pertaining to transfers and termination, discharge or separation paperwork, including resignation letters, whether handwritten or computer generated;

(n)     Records documenting acknowledgements of policies, procedures, and company directives; and

(o)     Job descriptions.

Please redact social security numbers and private health information from the documents produced.

6.

Please produce any and all personnel records, human resource records, evaluations, disciplinary records or other records of the Regional Vice President of Operations, the Regional Director of Clinical Services, the Director of Nursing, and the Administrator for the Facility, including, but not limited to, applications for employment, appraisal evaluation reports, disciplinary records, training certificates or records, time sheets, and any discharge/separation paperwork, handwritten or computer generated.

7.

Please produce copies of the following:

(a)     Floor plans or diagrams of the Facility as it existed during the Resident's stay;

(b)     Photographs and videos of the Facility which depict the Facility at or near the time of the Resident's stay; and

(c)    Promotional materials provided to, or available to, the Resident or her family regarding the Facility.

8.

Please produce copies of all agreements for management, consultation, contract personnel, and/or administrative services provided to the Facility or its residents in effect during the residency.

9.

If the Facility utilized a temporary agency during Resident's admission for its staffing needs, please provide the agency invoices for the temporary staff and the time tickets or time sheets utilized by temporary staff.

10.

Please produce copies of each insurance policy which affords, or may afford, coverage to you or your agents, employees or officers for any conduct alleged in Plaintiffs' Complaint, including captive insurance, documentation of in-house reserves and letters of credit/guarantees issued to guarantee any insurance policy, reserve fund or self-insured retention.

11.

Please produce copies of all documents which show the dates, times and hours worked for all nursing and administrative personnel who worked at the Facility for six (6) months prior to the Resident's admission through three months following the Resident's final discharge, including, but not limited to:

(a)    **Time Records:**  All documents which show actual time worked by all nursing personnel, including, but not limited to, timecards, edit reports, punch detail and/or punch detail report.

(b)     **Schedules and Assignment/Sign-In Sheets:** All sign-in sheets, assignment sheets, shower sheets, "get-up" lists, work schedules, room/hall assignments, Medicare sign-in sheets or any other documents which show actual and scheduled assignments, including, but not limited to, monthly or master schedules and daily schedules, Daily Labor Hour Reports, and/or Time Detail Reports.

(c)     **PPD Staffing Data:** All documents showing the actual number of hours of available nursing personnel time (on a per shift, per day and per month basis), or the actual number of nursing personnel on duty during the residency, including, but not limited to, all documents which track, analyze or examine the hours of licensed and unlicensed nursing care provided per patient day.  This request includes all actual staff hour postings and all daily census posting records (by unit, payor and level of care) pursuant to 42 CFR § 483.30(e).

(d)     **Actual Nursing Ratios:** All documents necessary to calculate on a per day and/or per shift basis the actual:  (i) nurse to resident ratio; (ii) certified nurse aide to resident ratio; and (iii) nursing personnel to resident ratio on a daily, monthly and/or periodic basis.

(e)     **Staffing Charts and Matrices:** All documents available to the Facility to determine the appropriate type and number of nursing personnel to be on duty, including any staffing charts, staffing "ladders," staffing matrices, staffing guidelines, staffing tables based on census, staffing budgets, and/or staffing tools utilized for this purpose.

(f)     **Pool Personnel and Contract Labor:** All documents which show the dates, times and hours worked by pool personnel utilized to perform direct care services.

- 9 -

(g) **Therapy Time:**  All documents which show the date, time and hours worked by any therapy personnel, whether employed or contract personnel.

(h) **Staffing Data Reported to CMS or Any State Regulatory Agency:**  All documents containing: (i) nursing personnel or direct care staffing information submitted to the State or the Georgia Department of Community Health, and/or any nurse to resident ratios, direct care staff to resident ratios, nurse aide to patient ratios or full-time equivalent nursing personnel on duty, and/or nursing personnel hours per patient day, submitted to CMS or any state regulatory agency; and (ii) back-up staffing information used to support any nursing staffing information submitted to CMS or any state regulatory agency.

(i) **Turnover Information and Reports:**  All documents which address the subject of turnover at the Facility, including, but not limited to, any reports or documents which analyze turnover in any department within the Facility, including administrative personnel, nursing personnel and direct care staff.

(j) **Daily Labor Hours Reports:**  All documents which contain the name, title, clock-in and clock-out times, labor category, and hours worked for each day for the period requested above.

(k) Please produce records showing the RNs, LPNs, nursing aides and CNAs that actually worked on each shift for each wing on a daily basis for the Facility for the period requested above.

If any of the information sought pursuant to this request was created or maintained, or stored electronically, please provide this information in electronic form.  If such production is not possible or not feasible, please advise as to the reason and produce a hard copy of the information.

- 10 -

If any of the material sought pursuant to this request includes information in color, please provide color copies of such documents.

If necessary to ensure accurate and legible copies, please reduce the copy size as needed.

12.

Please produce copies of all communications dealing with Staffing and Workload Issues at the Facility from six (6) months prior to the Resident's admission through three months following the Resident's discharge.  This request seeks, but is not limited to, the following:

(a)     **Internal Communications Regarding Staffing & Workload:**  All documents sent or received by any person working at the Facility regarding the subject of staffing, census or workload in the nursing home, including, but not limited to: Nursing personnel staffing or staffing variances from the budgets; the impact of staffing levels upon resident care or the health and safety of residents; criticisms or concerns about the cost and expense of staffing; census being under budget or increasing census; the impact of workload upon employees, resident care or the health of residents; and criticisms about the workload or acuity of residents.

(b)     **External Communications Regarding Staffing and Workload:**  All documents from employees, residents, family members or friends of residents at the Facility to any employee working at the Facility, to any employee of Defendants, or to the corporate or management offices, care line or "1-800 number" referencing: (i) inadequate staffing; (ii) failure to provide necessary care; and/or (iii) workload concerns.

13.

Please produce any forms, whether handwritten or computer-generated, completed and/or submitted for time clock adjustment slips or time edit slips, during the residency.

14.

Please produce payroll journals by pay period that contain employee information by pay period, including position, hours worked by type and pay rate, for the period of January 1, 2020 through Resident's discharge.

15.

Please produce shift staff posting reports for the period of January 1, 2020, through discharge.

16.

Please produce the Facility's weekly operating report, which includes the daily labor PPD for each of the seven days in the period and a comparison to the Facility's budget, for the period of January 1, 2020 through discharge.

17.

Please produce a personnel turnover report by position type on a monthly or pay period basis for the period of January 1, 2020 through discharge.

18.

Please produce any letter, email or written communication provided to/by any employee or ex-employee of Defendants by any person for the period of January 1, 2020 through discharge complaining that the Facility was understaffed or inadequately staffed.

19.

Please provide a copy of any employee satisfaction survey which was provided to any employee or ex-employee, as well as any comments that were submitted in response to same, for the period of January 1, 2020, through discharge.

20.

Please produce any and all correspondence, emails, memorandums and any other documents between the management company and the Facility which mention, discuss or otherwise refer to staffing at the Facility from January 1, 2020, through discharge.

21.

Please produce copies of any comparative wage summary analysis performed by the Facility, the "corporate parent," or a third-party to provide the Facility management information concerning the wage rates offered by their local competitors for the last three years.

22.

Please produce a list of employees and/or contract employees at the Facility for the period of January 1, 2020, through discharge, including where applicable their license/certification numbers, position(s) held, dates of hire and termination, reason for termination, and last known address.

23.

Please produce the job descriptions for:

(a)     the Administrator;

(b)     the Director of Nursing;

(c)     the Assistant Director of Nursing;

(d)     the MDS Coordinator(s);

(e)      the Staff Development Directors;

(f)      the Business Office Managers;

(g)      Registered Nurses;

(h)      Licensed Practical Nurses;

(i)      Certified Nursing Assistants; and

(j)      Wound Nurses.

24.

Please produce copies of all Training and In-Service Education documents used for training/education conducted from January 1, 2020, through discharge.  Please include a description of each in-service education and training session, all training calendars, in-service sign-in/attendance sheets, syllabus and training handout materials, and training reports of staff taking computer-based training.

25.

Please provide any and all written materials, videotapes or other tangible items used in training employees or contract employees at the Facility regarding the prevention of pressure ulcers, the performance of wound care, hydration, nutritional needs, from January 1, 2020, through discharge.

26.

Please produce a copy of any nursing care training manual for the Facility from January 1, 2020, through discharge.

27.

Please produce a copy of the Table of Contents for all administrative nursing policies and procedures, as well as all clinical policies and procedures, which were in effect at the Facility from

January 1, 2020, through discharge.  Please also produce the following specific policies and procedures pertaining to:

    (a)    Administration, management & operation of the Facility, including its Governing Body;

    (b)    Budgeting policies and procedures;

    (c)    Human Resources policies and procedures, including hiring, termination, position control, EEO, employee orientation and training;

    (d)    Payroll;

    (e)    Training policies and procedures;

    (f)    Admissions Process and Procedure;

    (g)    Resident Level of Care and treatment of residents including policies relating to (1) skin care, (2) pressure wound prevention and treatment, (3) injuries of unknown origin, (4) nutrition, (5) hydration, and (6) changes in condition;

    (h)    Staffing and/or requests for additional staffing;

    (i)    State surveys and participation in plan(s) of correction;

    (j)    Rules and guidelines for pressure reduction, off-loading, turning and repositioning, and use of pressure reduction devices;

    (k)    Investigation and correction of: (1) deficiencies, licensure violations or penalties found to exist at the Facility; and/or (2) any complaint or criticism regarding the quality, adequacy or quantity of care made about the Facility by any person;

    (l)    Documentation and Document Retention ;

    (m)    Risk management;

    (n)    Employee/associate handbooks in effect during the residency; and

(o)     Corporate level policies and procedures which describe (i) the standard of care that any Defendants expected the Facility to comply with, including but not limited to, standardized checklist and standard management and operational practices and procedures); (ii) strategies on staffing; and (iii) the criteria to be used in evaluating the job performance of healthcare professionals at the Facility.

28.

Please produce a copy of the Facility's application for a permit, including a copy of the bylaws of the professional staff, a copy of the policies and procedures for operating the Facility, a certification from each member appointed to the professional staff indicating he/she accepted the appointment, name and licensing information for the director of nursing, name and licensing information for the administrator, and disclosure of ownership information, in accordance with Rules of the Department of Community Health, Nursing Homes, 111-8-56-.19, Application for Permit.

29.

Please produce the patient care policies developed by the professional staff of the Facility in accordance with Rules of the Department of Community Health, Nursing Homes, 11-8-56.-05, which were in effect during the residency.

30.

Please produce copies of the following documents for the one-year period immediately preceding the Resident's final discharge from the Facility through the three-month period immediately following the residency, unless otherwise stated:

(a)     **Notice of Complaints and Criticisms:**  All criticisms and complaints made by or on behalf of residents pertaining to one or more of the same bases for negligence

specifically described and set forth in Plaintiffs' Complaint and corresponding Affidavit.  This request includes but is not limited to all documents, emails, care alert and care line report emails/communications, 1-800-Abuse and Neglect emails/ communications, quality hotline emails/communications, corporate compliance concerns/emails, employee resignation letters and employee responses to disciplinary action which memorialize such concerns communicated/sent by or filed by any employee working at the nursing home.

(b)     **Regulatory Findings and Deficiencies:**  All communications to and from the State of Georgia or any local, state or federal governmental agency which set forth surveys, regulatory findings, conclusions, violations, deficiencies, penalties, complaint investigations, actions or recommended sanctions regarding the Facility.

(c)     **Resident Council Meeting Minutes and Documentation:**  All documentation of resident council meetings and minutes regarding the Resident or any complaint made the basis of Plaintiffs' Complaint.

(d)     **Family Council Meeting Minutes and Documentation:**  All documentation of family council meetings and minutes regarding the Resident or any complaint made the basis of Plaintiffs' Complaint.

(e)     **Customer/Family Surveys and Data Compilations** related to such Surveys.

(f)     Employee Surveys and Data Compilations related to such Surveys.

31.

If the Facility, through Medicaid/Medicare participation, has been found deficient, had penalties issued against it or has been terminated within the last 10 years, please produce all relevant documents.

32.

If the Facility requested a re-survey in response to its termination from Medicaid/Medicare participation, please produce the documents denying or granting a re-survey in response to your termination from the Medicaid/Medicare program.

33.

Please produce a copy of any and all complaints filed in any court during the past ten years relating to claims of personal injury allegedly received by any resident of the Facility allegedly as the result of negligence of any employee or agent of the Facility and/or Defendants.

34.

Please produce all Disclosure of Ownership form of the Facility for the last five years.

35.

Please produce a copy of all documents which have been produced to any governmental agency in 2020, 2021 and 2022 which show the ownership and/or management of the Facility, including, but not limited to, CMS Form 855A or its PECOS equivalent.

36.

Please produce a copy of any Long Term Care Facility Application For Medicare And Medicaid or Resident Census and Conditions of Residents forms which have been prepared and submitted to CMS for the period 2020 through 2022.

37.

Please produce documents showing the corporate structure and relationship of Defendants, including, but not limited to, any organizational or tax entity chart, for the period 2020 through 2022.

38.

Please produce all documents prepared by you or on your behalf to comply with the Nursing Home Disclosure Act, 42 U.S.C. § 1320a-3, for the Facility for the period 2020 through 2022.

39.

Please produce the patient statistics information in accordance with Rules of the Department of Community Health, Nursing Homes, 111-8-56-.11, which includes admissions, discharges, deaths, patient days, and percentage of occupancy on a weekly or monthly basis, for the period January 1, 2020 through discharge.

40.

Please produce a copy of the Facility's CASPER reports and PEPPER reports for 2020, 2021 and 2022.

41.

Please produce a copy of all advertisements, sales brochures, marketing brochures, and other advertising and marketing materials used in any manner or capacity or provided in any way to prospective residents and/or guardians or family members for the years 2020 through 2022 for the Facility.

42.

Please produce any and all documents reflecting any incentive and/or bonus plan, program, schedule, etc. for the Facility Administrator, Director of Nursing, Department Heads, Admissions Coordinators, Regional Marketing Personnel, Division Managers and Regional Managers of the Facility from January 1, 2020, through discharge.

43.

Please produce copies of the following for fiscal years 2021 and 2022:

(a)    **Budget Documentation:** All documents containing budgets, budgetary guidelines, expense restrictions or limitations, suggested operational costs or expense ceilings for the Facility, including, but not limited to, proposed budgets, budget modifications, requests for modification, supplemental budgets, and financial forecasts.

(b)    **Medicare and Medicaid Facility Cost Reports:** Medicare and Medicaid cost reports submitted by or on behalf of the Facility to Medicare, Medicaid, any designated intermediary of Medicare or Medicaid, or any governmental agency, including all explanation notes, supplemental documentation, exhibits and attachments.

(c)    **Medicare and Medicaid Home Office Cost Reports:** Medicare and Medicaid home office cost reports submitted by or on behalf of the Defendants to Medicare, Medicaid, any designated intermediary of Medicare or Medicaid, or any governmental agency, including all explanation notes, supplemental documentation, exhibits and attachments.

(d)    General ledgers.

(e)    Income statements.

(f)    Balance sheets.

(g)    Annual reports.

(h)    Consolidated financial statements, including working copies.

(i)    Cash flow statements.

(j)      Detail Budget variance reports.

(k)      Tax Returns for 2020-2022.

44.

Please produce a copy of any and all documents, including, but not limited to, internal memoranda and internal email, sent by Defendants' "corporate office" or received by Defendants from the "corporate office" (and/or any person within the finance department of Defendants or any related entity), from January 1, 2020, through discharge, related in any way to:

(a)      Corporate policies designed to minimize operating costs, specifically labor costs and supply costs;

(b)      Minimizing operating costs;

(c)      Minimizing labor costs;

(d)      Minimizing supply costs;

(e)      Maximization of revenue; and

(f)      Maximization of profit or earnings before interest, taxes, depreciation, and amortization.

45.

For each expert witness you expect to call at the trial of this action, please produce a copy of the CV of the expert(s); all documents reviewed by the expert(s); all documents that include any opinions expressed by the expert(s); any and all reports, papers, records, statistics, literature or other documents upon which the expert(s) will base his/her opinion; correspondence or reports received from the expert(s); and invoices or statements reflecting charges rendered by the expert(s).

46.

Copies of all documents, records, or other writings or tangible things relied upon or consulted or referred to in connection with preparing responses to interrogatories or requests for production of documents.

47.

A copy of any investigation conducted by you or on your behalf in connection with the occurrences in question that was not done in anticipation of litigation.  **If you claim privilege, please provide a privilege log.**

48.

Please produce all infection control logs for the Facility for the period January 1, 2020, through discharge.  **Plaintiffs will agree to the redaction of the names of any patient/resident from said documents, but not to the redaction of these patient/resident's room number at the Facility**.

49.

Please produce all logs which relate to residents at the Facility with pressure or decubitus ulcers for the period January 1, 2020, through discharge.  **Plaintiffs will agree to the redaction of the names of any patient/resident from said documents, but not to the redaction of the patient/resident's room number at the Facility**.

50.

Please produce the Facility medical records for any patient/resident who developed a pressure sore or decubitus ulcer or experienced the worsening of a decubitus/pressure ulcer, during the period January 1, 2020 through discharge at the Facility.  **Plaintiffs will agree to the redaction**

**of the names of any patient/resident from said documents, but not to the redaction of the patient/resident's room number at the Facility**.

51.

Please produce any and all incident/event reports with respect to any resident developing a pressure sore or decubitus ulcer or experiencing the worsening of a decubitus/pressure ulcer during the period January 1, 2020 through discharge at the Facility. **Plaintiffs will agree to the redaction of the names of any patient/resident from said documents, but not to the redaction of the patient/resident's room number at the Facility**.

52.

Please produce all emails or other electronic communications by the following users during the timeframe encompassing the residency, six months prior to the residency and one month after the residency:   Administrator(s), Director(s) of Nursing Admissions Director/Coordinator, Regional Vice President (or the Regional Supervisor of the Administrator).   This request shall include emails containing any of the following terms and/or derivations thereof:   Joyce Hunter, staff, budget, PPD, labor census, skilled mix, acuity, survey, LOS, infection(s), pressure sore(s), wound(s), ulcer(s), unplanned discharge(s), five-star, audit, hydration and nutrition.

The e-mails shall be produced in a readable and searchable format, *i.e.*, a reasonably usable format.  Defendants shall make a good faith effort to ensure that "de-duplication" and "threading" technologies are utilized to minimize identical emails prior to the production.  Defendants shall be permitted to redact HIPAA related information as it relates to other residents.

This 20th day of June, 2023.

LOURIE, CHANCE, FORLINES, CARTER & KING, PC

BY _/s/  Lance D. Lourie_____
       LANCE D. LOURIE
       Georgia Bar No. 458520
       ANDREW J. KING
       Georgia Bar No. 926908
       SUZANNE T. FINK
       Georgia Bar No. 716244

5607 Glenridge Drive, Suite 500
Atlanta, GA 30342
(404) 760-7400
(404) 760-7409 – fax
lance@louriechance.com
andrew@louriechance.com
suzanne@louriechance.com      ***ATTORNEYS FOR PLAINTIFFS***

State Court of Fulton County
**E-FILED**
23EV003686
6/20/2023 12:10 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| DAVID HUNTER, Individually, | ) | |
| and DAVID HUNTER, as | ) | |
| Executor of the Estate of | ) | |
| JOYCE HUNTER, Deceased, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO. _____ |
| GLOBAL ABBEVILLE, LLC | ) | |
| d/b/a GLEN EAGLE HEALTHCARE | ) | |
| & REHAB; SELECTIS HEALTH, INC. | ) | |
| f/k/a GLOBAL HEALTHCARE REIT, | ) | |
| INC.; LANCE BALLER; SELECTIS | ) | JURY TRIAL DEMANDED |
| MANAGEMENT, LLC; ABC | ) | |
| CORPORATIONS 1-5; and JANE DOES | ) | |
| 1-5; | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANTS

Pursuant to O.C.G.A. § 9-11-33, Plaintiffs request that Defendants answer these Interrogatories separately and individually, in writing, and under oath, as provided by law.

## INSTRUCTIONS

1.

You must exercise due diligence to secure full information to answer these interrogatories. After exercising due diligence, if you still cannot answer in full, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

2.

If any information requested by these interrogatories is withheld under a claim of attorney/client privilege or work-product immunity, you must furnish a list specifying the basis on which the privilege or immunity is claimed, the general subject matter of the information and the interrogatory to which the information is responsive.

3.

These interrogatories are deemed to be continuing in accordance with the Georgia Civil Practice Act requiring timely supplementation.

## **DEFINITIONS**

1.

The word "identify" when used with respect to an individual, means that the answering party is required to state the name, age, employer, business and residence addresses and telephone numbers of the individual.

2.

The word "identify" when used with respect to a business, means that the answering party is required to state the full name, address and telephone number of the business.

3.

The word "identify" when used with respect to a "document" means that the answering party is required to state with respect to each such document:

(a)     The title or other means of identification;

(b)     The date;

(c)     The author, including, his or her name, address, telephone number and employer;

(d)     The recipient, including his or her name, address, telephone number, employer and date of receipt;

(e)     The names, addresses, and telephone numbers of any and all persons who have custody or control of the document; and

(f)     The present location of the document.

4.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care, or control of Defendants, their agents, attorneys, or any other person affiliated with Defendants.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, video tapes, tape recordings, emails, text and instant messages, social media entries, blog entries, depositions, and answers to interrogatories.

5.

The word "person(s)" means all entities, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and local, municipal, county, state, and federal government agencies.

6.

The term "the Resident" refers to Joyce Hunter while she was a resident at Glen Eagle Healthcare & Rehabilitation.

7.

The term "the Facility" refers to Glen Eagle Healthcare & Rehabilitation, a facility located at 206 Main Street, East, Abbeville, Wilcox County, Georgia 31001.

8.

The term "residency" means the period of time that Joyce Hunter was a resident at the Facility.

## INTERROGATORY NO. 1

Please identify all real, demonstrative, photographic or documentary evidence that is relevant to, or tends to support or contradict, any claim or defense involved in this case.

## INTERROGATORY NO. 2

Please state with particularity each and every defense that you or your attorneys intend to present on your behalf at the trial of this case not otherwise shown in the defensive pleadings, regardless of whether such defenses are legal, equitable, factual, negative, or affirmative. Furthermore, please state the name, address, and telephone number of any person with knowledge or information relating to said defense.  Furthermore, please identify any documents which are relevant to said defense.

## INTERROGATORY NO. 3

If you obtained any statements from any source relating to this action, for each statement:

(a)     Identify the person who made it;

(b)     Identify the person who obtained it;

(c)     State the date and time it was obtained; and

(d)     State whether it was written, sound recorded or oral, and, if written or sound recorded, the name and address of the person who has custody of it.

## INTERROGATORY NO. 4

If you are covered by any policy of professional liability insurance for the occurrence complained of in this lawsuit, for each such policy, please state the following:

(a)     The name and address of the insurer;

(b)     The number of the policy;

(c)     The effective dates of the policy;

(d)     The limits of liability;

(e)     The name and address of the custodian of the policy; and

(f)     Whether there is a reservation of rights in effect.

## INTERROGATORY NO. 5

If you have ever been sanctioned by any state or federal agency in the following manner(s), please state the date and amount, if applicable, and reason:

(a)     Placement of monitor;

(b)     Public reprimand;

(c)     Suspension of the license;

(d)     Fined;

(e)     Restriction on the license for admissions or provision of services;

(f)     Prohibition of admissions (O.C.G.A. § 31-7-2.2(c));

(g)     Emergency relocation of residents (O.C.G.A. § 31-7-2.2(a)); and

(h)     The identity of any non-privileged documents relating to such matters.

## INTERROGATORY NO. 6

If you have ever been a party to any legal proceeding in the last ten years in, whether civil, administrative or criminal, other than the present one, for each proceeding state:

(a)     The name and county of the proceeding;

(b)     Your status therein;

(c)     The kind of proceeding involved;

(d)     The date it was filed;

(e)     Whether there was a trial and, if so, the date and place of trial;

(f)     The ultimate disposition of the case; and

(g)     The identity of any non-privileged documents relating to such matters.

## INTERROGATORY NO. 7

Identify every person whom you expect to call as an expert witness at trial and state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

## INTERROGATORY NO. 8

Identify each person who has knowledge or information concerning this case other than those already identified whether such knowledge or information relates to the Plaintiffs' claim, the Defendants' defenses, the credibility of any witness, or any other issue in this case.

## INTERROGATORY NO. 9

Please state the name and address of the corporation, partnership or other legal entity that did business as Glen Eagle Healthcare & Rehabilitation, for the period 2020 to the present.

## INTERROGATORY NO. 10

During the calendar years 2020 through the present, was this Facility operated by a management company or leased in whole or in part by another organization?  If so, identify said management company or lessee by full name, business address, and, if a corporation, the officers and directors which are known to you.

### INTERROGATORY NO. 11

Please identify the administrator(s) employed by the nursing home during the calendar years 2020 through the present by giving their name, last known business and residence address, and last known telephone number.

### INTERROGATORY NO. 12

If the permit for your Facility has ever been revoked or reduced to a provisional permit, state the date, the reason for such revocation or reduction, and the date a full permit was restored.

### INTERROGATORY NO. 13

Please state the name and address of any partnership, corporation, or other legal entity that employed the nurses, nursing assistants, or certified nursing assistants who provided care to Joyce Hunter during her admission.

### INTERROGATORY NO. 14

From 2020 to the present, has a complaint ever been filed by a resident or a resident's family member with law enforcement authorities, with the Office of Regulatory Services of the Georgia Department of Human Resources, or with any court, concerning any act or omission of a regular or temporary worker at Glen Eagle Healthcare & Rehabilitation?  If so, please identify the worker, the date of complaint, the resident or family member that made the complaint, the nature and substance of the complaint, and please identify the form in which such complaint was made. Furthermore, please identify any documents generated in connection with such a complaint.

### INTERROGATORY NO. 15

Do you contend that any person, corporation or other entity, did any of the following:

(a)     violated the standard of care and skill applicable to said person at the time said

person rendered any treatment and/or care to Joyce Hunter which caused or

contributed to her injuries, and/or death;

(b)     provided you inaccurate information with respect to Joyce Hunter's condition; or

(c)     provided you with inaccurate information, radiological studies, documents, or other

matters, upon which you relied in your treatment and care of Joyce Hunter?

### INTERROGATORY NO. 16

If the answer to any portion of the preceding Interrogatory is yes, please state the name,

address, employer and telephone number of each such person and describe what said person or

entity did which is the basis for your response.

### INTERROGATORY NO. 17

Please identify the nurses and CNAs (whether employed by Defendants or subcontracted

by Defendants) who were assigned to take care of Joyce Hunter on each shift for each day during

her residency.  Please do not simply refer to the medical records as they do not reflect all of this

information.  **For each such person, please state their name, last known address, last known**

**employer, last known telephone number and whether said person is still employed by**

**Defendants.  If initials were used in charting, please provide a key matching initials to full**

**names.**

### INTERROGATORY NO. 18

Please identify all treatment nurses (whether employed by Defendants or subcontracted by

Defendants) who provided wound and/or skin treatments to Joyce Hunter during her stay at your

facility.  **For each such person, please state their full name, their title, last known address,**

**last known employer, last known telephone number, and whether said person is still**

**employed by Defendants.  If initials were used in charting, please provide a key matching initials to full names.**

## INTERROGATORY NO. 19

Please identify every person who was employed and/or subcontracted by Defendants and working at Glen Eagle Healthcare & Rehabilitation for the period six months before Ms. Hunter's admission to three months following his discharge.  **For each such person, please state their name, last known address, last known employer, last known telephone number and whether said person is still employed by Defendants.  If initials were used in charting, please provide a key matching initials to full names.**

## INTERROGATORY NO. 20

Please identify the nurses and/or CNAs (whether employed by Defendants or subcontracted by Defendants) who signed all Wound/Skin Notes related to Joyce Hunter**.  For each such person, please state their name, last known address, last known employer, last known telephone number and whether said person is still employed by Defendants.  If initials were used in charting, please provide a key matching initials to full names.**

## INTERROGATORY NO. 21

Please identify any and all facility records relating to wound size, stage, status and/or condition, upon transfer to and from any hospital and/or healthcare provider, with regard to Joyce Hunter.

## INTERROGATORY NO. 22

Please identify whether your facility maintained weekly and/or monthly "patient at risk" "PARs" pertaining to Joyce Hunter.

## INTERROGATORY NO. 23

Please state whether the faculty maintained a "call light log," or any document reflecting a resident's request for a CNA, LPN, RN, or other employee, during Ms. Hunter's residency.  If so, please provide the name(s) of all persons responsible for responding to and/or recording same on the call light log.

## INTERROGATORY NO. 24

Please provide the name, address, and telephone number of each member of the governing body of Glen Eagle Healthcare & Rehabilitation for the past (5) years, including the name, title, and period of service for such service.

This 20th day of June, 2023.

LOURIE, CHANCE, FORLINES, CARTER & KING, PC

BY  /s/  Lance D. Lourie
      LANCE D. LOURIE
      Georgia Bar No. 458520
      ANDREW J. KING
      Georgia Bar No. 926908
      SUZANNE T. FINK
      Georgia Bar No. 716244

5607 Glenridge Drive, Suite 500
Atlanta, GA 30342
(404) 760-7400
(404) 760-7409 – fax
lance@louriechance.com
andrew@louriechance.com
suzanne@louriechance.com      ***ATTORNEYS FOR PLAINTIFFS***