**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY, formerly doing business as METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ATH WONDER CONSULTING, LLC, TERRANCE HOWARD GAMBRELL, MHC TRUCK LEASING, INC., and TRACY THOMPSON, <br><br> Defendants. | CIVIL ACTION <br><br> FILE NO. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Farmers Property and Casualty Insurance Company formerly doing business as Metropolitan Property and Casualty Insurance Company ("Farmers"), pursuant to 28 U.S.C § 2201 and Fed. R. Civ. P. 57.  This is a refiled action as the previous case was dismissed without prejudice.  Plaintiff Farmers files this Complaint for Declaratory Judgment, showing the Court as follows:

1

## PARTIES

1.

Farmers is a liability insurance company licensed to do business in the State of Georgia.  Farmers is a foreign corporation incorporated in Rhode Island with its principal place of business in Rhode Island.  Farmers is a citizen of Rhode Island.

2.

This action for declaratory judgment is a renewal action.  The previous action was filed in the United States District Court, Northern District of Georgia Atlanta Division, Civil Action File No. 1:22-cv-3767-MHC.  All costs in the previous action have been paid pursuant to O.C.G.A. § 9-11-41(d).  The previous action involved all these parties and involved the same claims.

3.

The previous action was filed against ATH Wonder Consulting, LLC, ("ATH") Terrance Howard Gambrell, who was incorrectly named in the underlying tort action as Terence Gambre, MHC Truck Leasing, Inc., ("MHC") and Tracy Thompson.  Defendant MHC was served and filed its answer on November 17, 2022.  Although Plaintiff Farmers made several attempts to serve Defendants ATH and Gambrell, Farmers was unable to perfect service upon either Defendant.  Farmers was also unable to serve Defendant Thompson.  After Defendant Thompson filed a

motion to dismiss, which was granted, but all claims against Defendant Thompson were dismissed without prejudice.

4.

On June 14, 2023, the United Stated District Judge Mark Cohen granted Plaintiff Farmers' unopposed Motion for Voluntary Dismissal of Complaint for Declaratory Judgment without prejudice in accordance with Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Plaintiff Farmers now files this renewal action after obtaining updated information to perfect service on all Defendants.

5.

Previously, Farmers did business as Metropolitan Property and Casualty Insurance Company ("Metropolitan").  The automobile insurance policy which is the subject of this declaratory judgment action was issued to Defendant ATH Wonder Consulting LLC by Metropolitan.

6.

ATH Wonder Consulting LLC ("Defendant ATH") is a domestic limited liability company registered to do business in the State of Georgia. Defendant ATH has been dissolved and its last known address is 410 Taylor Street, Suite G, Griffin, Georgia 30223.  Defendant ATH's registered agent is Kenneth Garrett.  Mr. Garrett resides at 3393 Holly Hill Parkway, Ellenwood, Georgia 30294-6559.  When served

with a copy of the Complaint, Defendant ATH will be subject to the jurisdiction and venue of this Court.

7.

MHC Truck Leasing, Inc., ("Defendant MHC") is a foreign limited liability company registered to do business in the State of Georgia. Defendant MHC'S principal office address is 11120 Tomahawk Creek Pkwy, Leawood, Kansas, 66211. Defendant MHC's Georgia registered agent is Capitol Corporate Services, Inc., 3675 Crestwood Pkwy, NW, Suite 350, Duluth, Georgia, 30096. When served with a copy of the Complaint, and/or service is accepted through counsel, Defendant MHC will be subject to the jurisdiction and venue of this Court.

8.

Defendant Terrance Howard Gambrell ("Defendant Gambrell")'s last known address is 1230 Shannon Way SW, Marietta, Georgia  30008.  When served with a copy of the Complaint, Defendant Gambrell will be subject to the jurisdiction and venue of this Court.

9.

Defendant Tracy Thompson ("Defendant Thompson")'s last known address is 1100 Summer Brook Circle, Unit 1111, Athens, Georgia  30606-2697.  When

4

served with a copy of the Complaint, Defendant Thompson will be subject to the jurisdiction and venue of this Court.

## JURISDICTION AND VENUE

### 10.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship, and the amount of controversy exceeds $75,000.00, exclusive of interests and costs.

### 11.

Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b)(1). Defendant ATH resides in DeKalb County, Georgia, and Defendant Gambrell resides in Cobb County, Georgia, and Defendant MHC's registered agent is located in Gwinnett County, Georgia, Defendant Thompson resides in Clarke County, Georgia, and Defendant MHC's registered agent is located in Gwinnett County, Georgia which are all located in the Northern District of Georgia.

## THE ACCIDENT

### 12.

This declaratory judgment action arises from a motor vehicle accident involving Defendant Gambrell and Defendant Thompson which occurred in

Birmingham, Selby County, Alabama, on October 24, 2020 ("the Accident").

13.

At the time of the Accident, Defendant Gambrell was operating a 2018 Kenworth Construction T270 (VIN # 2NKHHM6XXJM149834) Truck ("the Truck") in Birmingham, Alabama and after, coming around a curve, lost control of the Truck.

14.

At the time of the Accident, Defendant Thompson was a passenger in the Truck driven by Defendant Gambrell.

15.

On February 1, 2022, Defendant Thompson filed a Complaint for Damages in the State Court of Dekalb County, claiming he is entitled to recover damages against Defendant  ATH, and Defendant Gambrell, for the tort liability of Defendant Gambrell, and from Defendant MHC and Defendant ATH for negligently inspecting and maintaining the Truck that Defendant Gambrell was driving.

16.

A true and correct copy of Defendant Thompson's **Complaint for Damages is attached as Exhibit "A."**

<u>**DEFENDANT THOMPSON WAS AN EMPLOYEE OF DEFENDANT ATH**</u>

17.

Based on Farmer's investigation, Defendant Thompson was an employee of Defendant ATH at the time of the Accident.

18.

Defendant Thompson worked for Defendant ATH for the time period September 2020 to October 2020, making $780.00 per week.

19.

Based on Farmer's investigation, Defendant Thompson's injuries arose out of and in the course of his employment with Defendant ATH while performing duties related to the conduct of Defendant ATH's business.

## **DEFENDANT ATH'S USE OF THE TRUCK**

20.

Based on Farmer's investigation, the Truck was rented from Defendant MHC by Defendant ATH on or about August 31, 2020.

21.

Based on Farmer's investigation, the Truck was not rented to replace a covered vehicle listed on Metropolitan's insurance policy belonging to Defendant ATH while a covered vehicle was being repaired.

22.

Defendant MHC contends it is entitled to a defense and indemnity under Metropolitan's policy pursuant to the terms of a rental agreement executed by Defendant ATH for the rental of the Truck.

## POLICY AND RELEVANT PROVISIONS

23.

Metropolitan issued a Business Auto Liability Policy CA039506P2020 to Defendant ATH ("the Policy").  The Policy's effective period was from March 21, 2020 through March 21, 2021.  The Policy provided covered autos liability limits of $1,000,000.00 each accident for specifically described Autos.  Defendant ATH is the named insured.  **The policy is attached as Exhibit "B."**

24.

A true and correct copy of the **Business Auto Declarations Page** of the Policy is attached as **Exhibit "C."**

25.

The Policy provides **a Schedule of Coverages and Covered Autos** for which coverage is extended under the Policy. See **Exhibit C at 3 – 4**.

26.

ITEM TWO of the Business Auto Declarations Page stated that Covered

Autos Liability coverage was only provided for only those autos listed and specifically described in Item Three of the Declarations for which a premium is shown. – as a symbol 7 – Description of Covered Auto Designation.

27.

ITEM THREE of the Business Auto Declarations is a schedule of covered Autos you own and the policy describes a 2018 Freightliner M2, VIN 3ALACWFC7JDJP4273 as the covered auto.

28.

The Truck involved in the Accident was not a listed vehicle on Metropolitan's Schedule of Covered Autos you own under the Policy.

29.

The Truck involved in the Accident was not added to the Policy as a listed insured vehicle.

30.

Based on Farmers' investigation, the Truck involved in the Accident was not a temporary replacement for any vehicle listed on the Policy.

31.

The Policy imposes certain conditions, limitations, and exclusions that apply to the coverage against which claims may be made.

32.

SECTION I – COVERED AUTOS OF THE BUSINESS AUTO COVERAGE FORM states that Item Two of the Declarations shows the autos that are covered autos for each of your coverages.  The following numerical symbols describe the autos that may be covered autos.  The symbols entered next to a coverage on the Declarations designate the only autos that are covered autos.

33.

Business Auto Declarations Item Two, Schedule of Coverages and Covered Autos, of the Policy indicates that Covered Autos Liability limits are available to autos indicated by the symbol "7." The Business Auto Coverage Form Description of Covered Auto Designation Symbols states that Symbol "7" defines Specifically Described "Autos" as follows: "Only those "autos" described in Item Three of the Declarations for which a premium charge is shown.

34.

Business Auto Declarations Item Three, Schedule of Covered Autos You Own identifies one vehicle. The vehicle identified is the 2018 Freightliner M2.

35.

The Business Auto Coverage Form Section I – Covered Autos B. Owned Autos You Acquire After The Policy Begins states that:

10

2. But, if Symbol 7 is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if: a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

36.

Business Auto Coverage Form Section I – Covered Autos C. Certain Trailers, Mobile Equipment and Temporary Substitute Autos provides: If Covered Autos Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Covered Autos Liability Coverage:

3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

    a. Breakdown;
    b. Repair;
    c. Servicing;
    d. "Loss"; or
    e. Destruction.

37.

In Section II - Covered Autos Liability Coverage, **Paragraph B. Exclusions** the Policy states:

This Insurance does not apply to any of the following:
3. **Worker's Compensation**
Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

11

4. **Employee Indemnification and Employer's Liability**

"Bodily Injury" to:
a.  An "employee" of the "insured" arising out of and in the course of:
(1) Employment by the "insured"; or
(2) Performing the duties related to the conduct of the "insured's" business;

b. the spouse, child, parent, brother or sister of that employee as a consequence of Paragraph a. above
. . .

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury. But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. **Fellow Employee**
"Bodily injury" to:
a.  Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business;

38.

The Business Auto insuring agreement further states:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**
**A. Coverage**
> We will pay all sums an "insured" legally must pay

12

as damages because of "bodily injury" or "property
damage" to which this insurance applies, caused
by an "accident" and resulting from the ownership,
maintenance or use of a covered "auto".

39.

The Business Auto Coverage Form also contains certain definitions that were

used throughout the policy.:

**SECTION V – DEFINITIONS**
…

**F.** "Employee" includes a "leased worker".
"Employee" does not include a "temporary
worker".

I.   "Leased worker" means a person leased by you by a labor leasing firm
under an agreement between you and the labor leasing form to perform
duties related to the conduct of your business.  Lease worder does not
include a temporary worker.

40.

An endorsement to the Policy provides:

**B. EMPLOYEE HIRED AUTOS**

The following is added to Paragraph **A.1.**, **Who Is
An Insured**, of **SECTION II – COVERED
AUTOS LIABILITY COVERAGE**:

**e.** An "employee" of yours while operating a
covered "auto" hired or rented under a
contract or agreement in an "employee's"
name, with your permission, while performing
duties related to the conduct of your

13

business.

## C. EMPLOYEES AS INSURED

The following is added to Paragraph **A.1.**, **Who Is An Insured**, of **SECTION II – COVERED AUTOS LIABILITY COVERAGE**:

> Any "employee" of yours is an "insured" while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs

41.

The Metropolitan policy includes a LINK BUSINESS AUTO PLUS ENDORSEMENT that modifies the BUSINESS AUTO COVERAGE FORM ("The Endorsement")

42.

The Endorsement contains a provision entitled BLANKET ADDITIONAL INSURED that adds the following to SECTION II COVERED AUTOS LIABILITY COVERAGE:

"Any person or organization that you are required to include as an additional insured on this Coverage Form in a written contract or agreement that is signed and executed by you for the bodily injury or property damage occurs and that is in effect during the policy period is an insured for covered autos liability coverage, but only for damages to which this insurance applies."

14

43.

Due to the issues identified above, **Farmers issued a reservation of rights letter to Defendants ATH and Gambrell on March 16, 2022** by which Farmers reserved its right to deny coverage and assert any coverage defenses available under the policy issued to Defendant ATH by Metropolitan (**Exhibit "D."**)

## **DECLARATORY JUDGMENT**

44.

Farmers contends that Defendant Thompson was an employee performing job duties related to the conduct of the insureds' business at the time of the accident.

45.

Farmers contends that it does not owe coverage and a defense to Defendant Gambrell, or Defendant ATH for Defendant Thompson's claims arising out of the subject accident because Defendant Thompson was an employee performing job duties related to the conduct of the insureds' business at the time of the accident.

46.

Farmers contends that it does not owe coverage and a defense to Defendant Gambrell, or Defendant ATH for Defendant Thompson's claims arising out of the subject accident because Defendant Gambrell was not driving a covered automobile as defined by Metropolitan's policy at the time of the Accident.

15

47.

Farmers contends that it does not owe coverage and a defense to Defendant Gambrell, or Defendant ATH for Defendant Thompson's claims arising out of the subject accident because the Truck was not a covered auto as defined by Metropolitan's Policy.

48.

Farmers contends that it does not owe coverage and a defense to Defendant MHC for Defendant Thompson's claims arising out of the subject accident because MHC is not an additional insured under the terms and conditions of the Farmers policy and because Defendant Thompson was an employee and Defendant Gambrell was not driving a covered vehicle at the time of the accident.

49.

Farmers seeks a declaration from this Court with respect to its duties under the Metropolitan policy issued to Defendant ATH.  Specifically, whether Farmers is required to provide coverage and a defense for this loss when Defendant Thompson was an employee of ATH performing job duties related to the conduct of the insureds' business at the time of the accident.

50.

Farmers seeks a declaration from this Court that it is not required to provide

16

coverage or a defense as Defendant was not authorized to be operating the Truck at the time of the Accident, and the Truck was not a covered auto as defined by Metropolitan's Policy.

51.

Farmers now seeks a declaration pursuant to 28 U.S.C. § 2201 concerning its obligations to provide coverage and defenses for Defendant Thompson's claims against Defendant ATH, Defendant Gambrell and Defendant MHC.

WHEREFORE, Farmers prays that this Court afford relief pursuant to U.S.C. 28 § 1221 et al. to Farmers from the uncertainty and insecurity it suffers with respect to its rights, status, and legal obligations under the Metropolitan policy as follows:

(a)    That this Court declare that Farmers  has no duty or obligation to defend Defendants ATH, Gambrell or MHC or pay any judgment rendered against Defendants ATH or Gambrell or MHC under the Metropolitan policy as a result of the claims of Defendant Thompson;

(b)    That this Court declare that Farmers has no duty or obligation to defend Defendant MHC or pay any judgment rendered against Defendant MHC as a result of the claims of Defendant Thompson as Defendant MHC is not an additional insured under Metropolitan's policy.

(c)     That Farmers, pursuant to Fed. R. Civ. P. 38, be granted a jury trial on

all factual issues that require jury determination so that the Court can

determine coverage;

(d)     That all Court costs be cast against Defendants; and

(e)     That this Court afford any other relief to Farmers which the Court

deems just and proper under the circumstances.


This 8th day of August 2023.



                                                    _/s/ James T. Brieske_
                                                    James T. Brieske
                                                    State Bar No. 081635
**GRAY, RUST, ST. AMAND,**                          _Attorneys for Farmers Property and_
**MOFFETT & BRIESKE, LLP**                          _Casualty Insurance Company formerly_
950 East Paces Ferry Road                           _doing business as Metropolitan Property_
Suite 1700 – Salesforce Tower Atlanta               _and Casualty Insurance Company_
Atlanta, Georgia 30326
Phone: (404) 870-7449
Fax:     (404) 870-7374
Email:   jbrieske@grsmb.com

18

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY, formerly doing business as METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | FILE NO. _____ |
| v. | ) | |
| | ) | |
| ATH WONDER CONSULTING, LLC, TERRANCE HOWARD GAMBRELL, MHC TRUCK LEASING, INC., and TRACY THOMPSON, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), Northern District of Georgia, specifically Times New Roman 14 point.

This 8th day of August 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, LLP**
950 East Paces Ferry Road
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Phone: (404) 870-7387
Fax:     (404) 870-7374
Email:  jbrieske@grsmb.com

/s/ James T. Brieske
James T. Brieske
State Bar No. 081635
*Attorneys for Farmers Property and*
*Casualty Insurance Company formerly*
*doing business as Metropolitan Property*
*and Casualty Insurance Company*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY, formerly doing business as METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. _____ |
| ATH WONDER CONSULTING, LLC, TERRANCE HOWARD GAMBRELL, MHC TRUCK LEASING, INC., and TRACY THOMPSON, | ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **COMPLAINT FOR DECLARATORY JUDGMENT** with the Clerk of Court using the CM/ECF system and notification of such filing will be sent electronically by the ECF system to all parties to this matter, addressed as follows:

This is to certify that I have this day served a copy of the foregoing upon the following via mailing a copy thereof, under sufficient postage to ensure delivery and properly addressed to:

Terrance Howard Gambrell
1230 Shannon Way SW
Marietta, Georgia  30008

21

MHC Truck Leasing, Inc.
c/o Registered Agent
Capitol Corporate Services, Inc.
3675 Crestwood Pkwy, NW
Suite 350
Duluth, Georgia  30096

Tracy Thompson
1100 Summer Brook Circle
Unit 1111
Athens, Georgia  30606-2697

ATH Wonder Consulting LLC
3393 Holly Hill Parkway
Ellenwood, Georgia  30294-6559

This 8th day of August 2023.

/s/ James T. Brieske
James T. Brieske
State Bar No. 081635
*Attorneys for Farmers Property and
Casualty Insurance Company formerly
doing business as Metropolitan Property
and Casualty Insurance Company*

**GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, LLP**
950 East Paces Ferry Road
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Phone: (404) 870-7387
Fax:     (404) 870-7374
Email:   jbrieske@grsmb.com