# EXHIBIT A

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

TRACY THOMPSON;

    Plaintiff,

v.

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY;
ATH WONDER CONSULTING LLC;
TERENCE or TERRENCE GAMBRE; and
MHC TRUCK LEASING, INC.;

    Defendants.

CIVIL ACTION

FILE NO. ___22A00426___

**JURY TRIAL DEMANDED**

---

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF, by and through his counsel of record, and files this Complaint for Damages showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a collision involving a commercial motor vehicle operated by Defendants ATH WONDER CONSULTING LLC (hereinafter "ATH WONDER CONSULTING") and its driver, TERENCE GAMBRE, that occurred in Alabama on October 24, 2020.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff TRACY THOMPSON is a resident of Douglas County, Georgia.

3.

ATH WONDER CONSULTING is a domestic corporation with its principal place of business in Georgia.

STATE COURT OF
DEKALB COUNTY, GA.
2/1/2022 1:01 PM
E-FILED
BY: Monica Gay

4.

ATH WONDER CONSULTING may be served with summons and complaint through its Registered Agent with the Secretary of State of Georgia: Kenneth Garrett, 3393 Holly Hill Parkway, Ellenwood, Georgia 30294, which is located in DeKalb County.

5.

The Federal Motor Carrier Safety Regulations require that every interstate motor carrier (of property or passengers) shall designate a process agent, upon whom court papers may be served in any legal proceeding brought against such motor carrier.  This designation shall be made for each State, in which the motor carrier is authorized to operate and for each State traversed during such operations. ATH WONDER CONSULTING has designated Truck Process Agents of America, INC. to be its blanket company for BOC-3 service of process in the United States of America.

6.

ATH WONDER CONSULTING may be served with summons and complaint through the BOC-3 Designated Process Agent for Service of Process in the State of Georgia:  The Financial Integrity Group/ Dawn Richardson at 410 Taylor Street, Suite G, Griffin, GA 30223.

7.

Once served with process, ATH WONDER CONSULTING is subject to the jurisdiction of this Court.

8.

ATH WONDER CONSULTING was properly served with process in this civil action.

9.

ATH WONDER CONSULTING was sufficiently served with process in this civil action.

10.

Venue in the above-styled civil action is proper in this County and Court as to ATH WONDER CONSULTING.

11.

At all times material to this Complaint, ATH WONDER CONSULTING was registered with the United States Department of Transportation's Federal Motor Carrier Safety Administration as a for-hire interstate motor carrier of property.

12.

At all times material to this Complaint, the United States Department of Transportation's Federal Motor Carrier Safety Administration ("FMCSA") assigned ATH WONDER CONSULTING with USDOT No. 3224617.

13.

At the time of the collision described in this Complaint, Defendant ATH WONDER CONSULTING was registered with the FMCSA as an interstate motor carrier of property.

14.

At all times material hereto, ATH WONDER CONSULTING was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation ("USDOT") contained in Title 49 of the Code of Federal Regulations.

15.

At all times material hereto, ATH WONDER CONSULTING was not permitted to operate a motor vehicle over the public roadways unless it as a motor carrier had obtained and had in effect the minimum levels of financial responsibility as set forth in 49 CFR § 387.9.

16.

At all times material hereto, ATH WONDER CONSULTING was required 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle insurance with liability limits of at least $750,000.00.

17.

At all times material hereto, ATH WONDER CONSULTING was required 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle insurance with liability limits of at least $750,000.00.

18.

At all times material hereto, ATH WONDER CONSULTING was required 49 CFR § 387.9 to have in effect and did have in effect a policy of motor vehicle insurance with liability limits of at least $ 750,000.00 that was issued by Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY.

19.

At the time of the collision described in this Complaint, defendant ATH WONDER CONSULTING had automobile liability coverage for compensatory damages that were caused through the negligent operation of the commercial motor vehicle that defendant ATH WONDER CONSULTING was operating at the time of the subject collision.

20.

The liability coverage for the collision described in this Complaint is being provided to defendant ATH WONDER CONSULTING through a primary policy of insurance issued by METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, which provides coverage to defendant ATH WONDER CONSULTING for compensatory damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that defendant ATH WONDER CONSULTING was operating at the time of the subject collision.

21.

The liability coverage for the collision described in this Complaint is being provided to defendant ATH WONDER CONSULTING through a primary policy of insurance issued by

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and further identified as Policy Number CA039506P2019, which provides coverage to defendant ATH WONDER CONSULTING for compensatory damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that defendant ATH WONDER CONSULTING was operating at the time of the subject collision.

22.

Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY is subject to the jurisdiction of this Court and Plaintiff's claims for compensation for the negligence of its Co-defendant insured, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140 and Georgia law, because METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY was the insurer providing primary liability coverage for the defendant motor carrier ATH WONDER CONSULTING at the time of the collision described in this Complaint.

23.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY may be served with summons and complaint through its registered agent for service of process Linda Banks c/o C T Corporation System 289 S. Culver St., Lawrenceville, GA 30046.

24.

Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY does business and maintains an agent in Dekalb County, Georgia.

25.

Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY does business in Dekalb County, Georgia through its agent(s).

26.

Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91, known as Georgia's Long Arm Statute.

27.

Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY may also be served pursuant to O.C.G.A § 14-2-1510 and/or 33-4-3.

28.

Once served with process, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY is subject to the jurisdiction of this Court.

29.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY was properly served with process in this civil action.

30.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY was sufficiently served with process in this civil action.

31.

Venue in the above-styled civil action is proper as to METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY in this County and Court.

32.

MHC TRUCK LEASING, INC. is a corporation that rents and leases trucks.

33.

MHC TRUCK LEASING, INC may be served with summons and complaint through its Registered Agent with the Secretary of State of Georgia: CAPITOL CORPORATE SERVICES INC., 3675 Crestwood Pkwy NW , Ste. 350, DULUTH, GA, 30096.

34.

Defendant TERENCE GAMBRE is a citizen of the State of Georgia.

33.

Defendant TERENCE GAMBRE resides at 2210 Hwy 81, Loganville, GA 30052.

35.

At the time of the collision described in this Complaint, TERENCE GAMBRE was operating a commercial motor vehicle over the public roadways in Alabama.

36.

At the time of the collision described in this Complaint, TERENCE GAMBRE was operating a tractor/truck owned by Defendant ATH WONDER CONSULTING over the public roadways in Alabama.

37.

At the time of the collision described in this Complaint, TERENCE GAMBRE was operating a commercial motor vehicle with the permission of Defendant ATH WONDER CONSULTING over the public roadways in Alabama.

38.

At the time of the collision described in this Complaint, TERENCE GAMBRE was responsible for the safe and reasonable operation of a commercial motor vehicle over the public roadways within and throughout the State of Alabama.

39.

At all times material hereto, TERENCE GAMBRE was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations.

40.

At the time of the collision described in this Complaint, Defendant TERENCE GAMBRE was a permissive driver.

41.

At the time of the collision described in this Complaint, Defendant TERENCE GAMBRE was a permissive driver and covered by a policy of automobile liability insurance.

42.

At the time of the collision described in this Complaint, Defendant TERENCE GAMBRE was a permissive driver and covered by a policy of automobile liability issued by METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY.

43.

Once served with process, TERENCE GAMBRE is subject to the jurisdiction and venue of this Court.

44.

TERENCE GAMBRE was properly served with process in this civil action.

45.

TERENCE GAMBRE was sufficiently served with process in this civil action.

46.

Venue in the above-styled civil action is proper in this County and Court as to TERENCE GAMBRE.

## FACTS

47.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

48.

On October 24, 2020, at the time of the collision described in this Complaint, Plaintiff was the passenger in a commercial motor vehicle that was owned by MHC TRUCK LEASING, INC.

49.

On October 24, 2020, at the time of the collision described in this Complaint, Plaintiff was the passenger in a commercial motor vehicle that ATH WONDER CONSULTING was renting or leasing from MHC TRUCK LEASING, INC.

50.

On October 24, 2020, at the time of the collision described in this Complaint, Plaintiff was the passenger in a commercial motor vehicle being driven by Defendant TERENCE GAMBRE in Alabama.

51.

On October 24, 2020, prior to and at the time of the collision described in this Complaint, defendant had admitted that the brakes on the box truck "did not feel good" and that he brakes "did not feel right" when he tried to slow.

52.

On October 24, 2020, at the time of the collision described in this Complaint, Defendant TERENCE GAMBRE was operating the box truck, coming around a curve, and lost control of the vehicle.

53.

On October 24, 2020, at the time of the collision described in this Complaint, Defendant TERENCE GAMBRE was driving the box truck too fast for the conditions that existed.

54.

On October 24, 2020, at the time of the collision described in this Complaint, Defendant TERENCE GAMBRE was driving box truck that had bad brakes.

55.

On October 24, 2020, at the time of the collision described in this Complaint, Defendant ATH WONDER CONSULTING knew that the box truck that Defendant TERENCE GAMBRE was driving had bad brakes.

56.

On October 24, 2020, at the time of the collision described in this Complaint, Defendant MHC TRUCK LEASING, INC. knew that the box truck that Defendant TERENCE GAMBRE was driving had bad brakes.

57.

On October 24, 2020, at the time of the collision described in this Complaint, Defendant TERENCE GAMBRE was driving box truck that had brakes, which were not properly maintained.

58.

On October 24, 2020, at the time of the collision described in this Complaint, Defendant ATH WONDER CONSULTING knew that the box truck that Defendant TERENCE GAMBRE was driving had brakes, which were not properly maintained.

59.

On October 24, 2020, at the time of the collision described in this Complaint, Defendant MHC TRUCK LEASING, INC. knew that the box truck that Defendant TERENCE GAMBRE was driving had brakes, which were not properly maintained.

60.

On October 24, 2020, at the time of the collision described in this Complaint, Defendant TERENCE GAMBRE was driving box truck that had brakes, which were not working properly.

61.

On October 24, 2020, at the time of the collision described in this Complaint, Defendant ATH WONDER CONSULTING knew that the box truck that Defendant TERENCE GAMBRE was driving had brakes, which were not working properly.

62.

On October 24, 2020, at the time of the collision described in this Complaint, Defendant MHC TRUCK LEASING, INC. knew that the box truck that Defendant TERENCE GAMBRE was driving had brakes, which were not working properly.

63.

In the alternative, on October 24, 2020, at the time of the collision described in this Complaint, the brakes were not defective or improperly maintained; rather, Defendant TERENCE GAMBRE was driving too fast for conditions causing him to lose control of the vehicle when coming around a curve.

64.

On October 24, 2020, at the time of the collision described in this Complaint, the box truck left the road and collided hard into a tree.

65.

On October 24, 2020, as a result of the time of the collision described in this Complaint, Plaintiff suffered injuries and/or aggravations to his person.

66.

Defendant ATH WONDER CONSULTING conducted its own investigation into the cause of the subject collision.

67.

Defendant ATH WONDER CONSULTING concluded that Defendant TERENCE GAMBRE failed to maintain his lane at the time of the collision described in this Complaint.

68.

Defendant ATH WONDER CONSULTING concluded that Defendant TERENCE GAMBRE failed to maintain his lane at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

69.

Defendant ATH WONDER CONSULTING concluded that Defendant TERENCE GAMBRE was driving box truck that had bad brakes at the time of the collision described in this Complaint.

70.

Defendant ATH WONDER CONSULTING concluded that Defendant TERENCE GAMBRE was driving box truck that had bad brakes at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

71.

Defendant ATH WONDER CONSULTING concluded that Defendant TERENCE GAMBRE was driving box truck that had brakes, which were not properly maintained at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

72.

Defendant ATH WONDER CONSULTING concluded that Defendant TERENCE GAMBRE was driving box truck that had brakes, which were not properly maintained at the time of the collision described in this Complaint.

73.

Defendant ATH WONDER CONSULTING concluded that Defendant TERENCE GAMBRE was driving box truck that had brakes, which were not working properly at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

74.

Defendant ATH WONDER CONSULTING concluded that Defendant TERENCE GAMBRE was driving box truck that had brakes, which were not working properly at the time of the collision described in this Complaint.

75.

Defendant ATH WONDER CONSULTING concluded that Defendant TERENCE GAMBRE was driving too fast for the existing conditions at the time of the collision described in this Complaint.

76.

Defendant ATH WONDER CONSULTING concluded that Defendant TERENCE GAMBRE was driving the box truck too fast for the conditions at the time of the collision described in this Complaint, which caused the collision described in this Complaint.

77.

No act or failure to act on the part of any Plaintiff caused or contributed to the cause of the collision described in this Complaint.

78.

No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

79.

No act or failure to act on the part of any third party caused or contributed to the injuries suffered by Plaintiff in the collision described in this Complaint.

80.

No act or failure to act on the part of a Plaintiff caused or contributed to the cause of his claimed injuries.

81.

No act or failure to act on the part of any third party caused or contributed to the collision described in this Complaint.

82.

Plaintiff was an innocent victim of the collision described in this Complaint.

83.

The collision described in this Complaint caused Plaintiff to suffer injuries, losses, and damages.

84.

Defendant TERENCE GAMBRE was working as an independent contractor of ATH WONDER CONSULTING at the time of the collision described in this Complaint.

85.

Defendant TERENCE GAMBRE was acting in the course and scope of his work for Defendant ATH WONDER CONSULTING at the time of the collision described in this Complaint.

86.

At the time of the collision described in the Complaint, Plaintiff was working as an independent contractor of ATH WONDER CONSULTING.

87.

At the time of the collision described in the Complaint, ATH WONDER CONSULTING was not legally required to provide workers compensation coverage to Plaintiff.

88.

At the time of the collision described in the Complaint, ATH WONDER CONSULTING did not provide workers compensation coverage to Plaintiff.

## COUNT I - LIABILITY OF DEFENDANT MOTOR CARRIER

## ATH WONDER CONSULTING

89.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

90.

ATH WONDER CONSULTING was the lessee and/or renter of the truck described in this Complaint.

91.

ATH WONDER CONSULTING was the motor carrier responsible for the hiring, training qualifying and supervising of all drivers operating its trucks, including for TERENCE GAMBRE.

92.

ATH WONDER CONSULTING negligent in the following ways:

a.  Negligently inspecting the commercial motor vehicle that Defendant TERENCE GAMBRE was operating at the time of the collision described in this Complaint;

b.  Negligently maintaining the commercial motor vehicle that Defendant TERENCE GAMBRE was operating at the time of the collision described in this Complaint;

c.  Negligently failing to keep the commercial motor vehicle that Defendant TERENCE GAMBRE was operating at the time of the collision described in this Complaint in proper repair and working order;

d.      Negligently hiring or contracting with Defendant TERENCE GAMBRE to drive the commercial motor vehicle at issue;

e.      Negligently training Defendant TERENCE GAMBRE ;

f.      Negligently entrusting Defendant TERENCE GAMBRE to drive the commercial motor vehicle in a reasonably safe manner;

g.      Negligently retaining Defendant TERENCE GAMBRE to drive the commercial motor vehicle at issue;

h.      Failing to supervise Defendant TERENCE GAMBRE; and

i.      Otherwise failing to act as a reasonably prudent company under the circumstances.

93.

Defendant ATH WONDER CONSULTING was also negligent *per se* in the cause of this collision by operating the subject commercial motor vehicle in violation of O.C.G.A. § 40-6-48.

94.

As a direct and proximate result of the negligence of Defendant motor carrier ATH WONDER CONSULTING and its driver, TERENCE GAMBRE, in the ensuing collision, Plaintiff sustained injuries.

95.

Defendant motor carrier ATH WONDER CONSULTING, and its driver, TERENCE GAMBRE, are liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff as a result of the collision described in this Complaint.

COUNT II:  *RESPONDENT STATE* LIABILITY OF DEFENDANT ATH WONDER CONSULTING

FOR NEGLIGENCE OF ITS DRIVER TERENCE GAMBRE

96.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

97.

At all relevant times, TERENCE GAMBRE owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.   Failing to keep a proper lookout for traffic;

b.   Failing to make reasonable and proper observations while driving;

c.   Failing to drive at a reasonable and prudent speed under the conditions;

d.   Failing to drive at a reasonable distance;

e.   Failing to obey traffic laws; and

f.   Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

98.

Defendant TERENCE GAMBRE was also negligent *per se* in the cause of this collision.

99.

ATH WONDER CONSULTING's driver TERENCE GAMBRE was also negligent in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a.   Failing to properly maintain the subject truck;

b.   Maintain Lane;

c.   Failing to Drive with Due Care; and

d.   Failing to Obey Traffic Laws.

100.

ATH WONDER CONSULTING's driver TERENCE GAMBRE was also negligent in the cause of this collision by operating the subject commercial motor vehicle that had improperly maintained brakes that did not work as they should have.

101.

As a direct and proximate result of the negligence of Defendant TERENCE GAMBRE, Plaintiff sustained injuries, losses and damages.

102.

Defendant ATH WONDER CONSULTING is responsible and liable for the negligent acts of its driver, TERENCE GAMBRE, under a theory of *respondeat superior* and control.

103.

As a direct and proximate result of the negligence of Defendant TERENCE GAMBRE, Plaintiff incurred and is entitled to recover special damages, including, but not limited to, past and future medical expenses and past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for their general damages, including past and future pain and suffering and related damages.

### COUNT III - LIABILITY OF DEFENDANT MHC TRUCK LEASING, INC.

104.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

105.

MHC TRUCK LEASING, INC. was the owner of the truck described in this Complaint.

106.

ATH WONDER CONSULTING negligent in the following ways:

j.      Negligently inspecting the commercial motor vehicle that Defendant TERENCE
        GAMBRE was operating at the time of the collision described in this Complaint;

k.      Negligently maintaining the commercial motor vehicle that Defendant TERENCE
         GAMBRE was operating at the time of the collision described in this Complaint;

l.      Negligently failing to keep the commercial motor vehicle that Defendant TERENCE
         GAMBRE was operating at the time of the collision described in this Complaint in
         proper repair and working order; and

m.     Otherwise failing to act as a reasonably prudent company under the circumstances.

107.

Defendant MHC TRUCK LEASING, INC. is liable for all damages allowed by law for the
injuries, damages, and losses sustained by Plaintiff as a result of the collision described in this
Complaint.

### COUNT IV: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

108.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

109.

Defendants acted in a manner which either alone, and/or combined and concurring with
the actions of the other such Defendant's acts of negligence described herein, directly and
proximately caused the collision and Plaintiff's injuries, losses and damages.

110.

As a direct and proximate result of the negligence of Defendants, Plaintiff was physically
injured, have suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of
enjoyment of life, anxiety, and related damages.

111.

As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled
to recover fair and full compensation for all injuries and damages that have been suffered as a
proximate result of the collision and that will be suffered in the future as a result of the collision,
including, without limitation, all special damages and compensatory damages, medical expenses,

lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

112.

To the extent that a jury awards Plaintiff compensatory damages in this case, Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY is liable to pay Plaintiff such jury award at least up to the limits provided by its automobile liability policy of insurance in effect at the time of the collision.

## COUNT V:  LIABILITY OF DEFENDANT METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

113.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

114.

At the time of the collision described in this Complaint, Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY provided primary, motor vehicle liability coverage to ATH WONDER CONSULTING.

115.

At the time of the collision described in this Complaint, Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY provided primary, motor vehicle liability coverage to ATH WONDER CONSULTING and to its driver, Defendant TERENCE GAMBRE.

116.

At the time of the collision described in this Complaint, in the event of a motor vehicle collision involving the ATH WONDER CONSULTING motor vehicle that was involved in the subject collision, Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY provided

primary, motor vehicle liability coverage to ATH WONDER CONSULTING and to its driver, Defendant TERENCE GAMBRE.

117.

Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY provided primary liability coverage to ATH WONDER CONSULTING in the event of a motor vehicle collision involving the ATH WONDER CONSULTING commercial motor vehicle that was involved in the subject collision, as well as to ATH WONDER CONSULTING's drivers, including defendant TERENCE GAMBRE.

118.

Plaintiff is entitled to receive payments from Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY for the tort liability of Defendant ATH WONDER CONSULTING and its driver, TERENCE GAMBRE, in this civil action.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a)     A trial by jury;

b)     For Summons and Complaint to issue against each Defendant;

c)     For judgment against each Defendant to compensate Plaintiff for past and future injuries, losses and damages;

d)     For judgment against each Defendant for attorneys' fees and expenses of litigation;

e)     Court costs, discretionary costs, and prejudgment interest; and

f)     For all such further and general relief which this Court deems just and proper.

Dated this 1st day of February, 2022.

WLG ATLANTA, LLC.

/s/ R. Sean McEvoy

R. SEAN MCEVOY
GEORGIA STATE BAR NUMBER 490918
ATTORNEY FOR PLAINTIFF

600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-480-7540
E-MAIL:   SEAN.MCEVOY@WITHERITELAW.COM

STATE COURT OF
DEKALB COUNTY, GA.
2/1/2022 1:01 PM
E-FILED
BY: Monica Gay