Case 1:23-mi-99999-UNA   Document 2353-2   Filed 08/09/23   Page 1 of 14

**Exhibit B**

E-FILED IN OFFICE - SR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-01069-1**
**3/27/2023 10:04 AM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| AMBER DIVER, | ) | |
| | ) | |
|     Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | **23-A-01069-1** |
| vs. | ) | |
| | ) | |
| TRAVELERS HOME AND MARINE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
|     Defendant. | ) | |

**DEFENDANT TRAVELERS HOME AND MARINE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW the Defendant, Travelers Home and Marine Insurance Company ("Travelers"), and files this Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Honorable Court the following:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against Travelers upon which relief can be granted, and therefore, must be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Travelers shows that Plaintiff's Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the additional damage to Plaintiff's dwelling as alleged in the Complaint. The insurance agreement provides in pertinent part as follows:

**SECTION I – PERILS INSURED AGAINST (HO-3 (10-06))**

*COVERAGE A – DWELLING AND COVERAGE B – OTHER STRUCTURES*

1.     We insure against risk of direct physical loss to property described in Coverages A and B.

1

2. *We do not insure, however, for loss:*

a. *Excluded under Section I – Exclusions;*

*\*\*\*\*\**

c. *Caused by:*

*\*\*\*\*\**

6. *Any of the following:*

   (a) *Wear and tear, marring, deterioration;*

   (b) *Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;*

   (c) *Smog, rust or other corrosion;*

*\*\*\*\*\**

*Exception to c.(6)*

*Unless the loss is otherwise excluded, we cover loss to property covered under Coverage A or B resulting from an accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance on the "residence premises." This includes the cost to tear out and replace any part of a building, or other structure, on the "residence premises", but only when necessary to repair the system or appliance. However, such tear out and replacement coverage only applies to other structures if*

*the water or steam causes actual damage to a building on the "residence premises."*

*We do not cover loss to the system or appliance from which this water or steam escaped.*

\*\*\*\*\*

*Under 2.b. and c. above, any ensuing loss to property described in Coverages A and B not excluded by any other provision in this policy is covered.*

Plaintiff's claim for insurance proceeds, as asserted in the Complaint, is barred under these applicable exclusions, and therefore, Plaintiff's Complaint must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Travelers shows that Plaintiff's Complaint should be dismissed because the insurance agreement upon which the claim for insurance proceeds was brought does not provide coverage for the additional damage to Plaintiff's dwelling as alleged in the Complaint. The insurance agreement provides in pertinent part as follows:

**SECTION I – EXCLUSIONS (HO-3 (10-06))**

\*\*\*\*\*

B.  *We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded by any other provision in this policy is covered.*

\*\*\*\*\*

3.  *Faulty, inadequate or defective:*

      *a.*     *Planning, zoning, development, surveying siting;*

      *b.*     *Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*

      *c.*     *Materials used in repair, construction, renovation or remodeling; or*

      *d.*     *Maintenance;*

*of part or all of any property whether on or off the "residence premises."*

Plaintiff's claim for insurance proceeds, as asserted in the Complaint, is barred under these applicable exclusions, and therefore, Plaintiff's Complaint must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim may be barred under the Policy as the Policy applies to losses which occur during the policy period. Therefore, any losses that caused damage that occurred prior to the inception of the Policy are barred.

## FIFTH AFFIRMATIVE DEFENSE

The penalties set forth in O.C.G.A. § 33-4-6 are Plaintiff's exclusive remedies for alleged bad faith against its insurer, and therefore, to the extent Plaintiff's Complaint seeks extra-contractual damages not provided in O.C.G.A. § 33-4-6, Plaintiff's Complaint fails to state a cause of action and must be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's allegations of bad faith failure to pay are without any basis in fact or law and are barred since Travelers did not refuse to make additional payments based upon an unreasonable interpretation of the Policy provisions as applied to the circumstances known, which represents a substantial legal basis for its denial of Plaintiff's claim.

**SEVENTH AFFIRMATIVE DEFENSE**

Pending further investigation and discovery, Travelers reserves the right to bring any and all affirmative defenses available to it under the Georgia Civil Practice Act and any applicable defenses under the laws of the State of Georgia.

**EIGHTH AFFIRMATIVE DEFENSE**

In response to the specific allegations contained in the Plaintiff's Complaint, and while at all times reserving the defenses previously raised by Travelers, as well as those which may be added by amendment in the future after further discovery and investigation, Travelers states the following:

1.

Travelers is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore, places Plaintiff on strict proof of same.

2.

Travelers denies that it maintains an office at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 but admits the remaining allegations contained in Paragraph 2 of the Complaint.

3.

Travelers admits the allegations contained in Paragraph 3 of the Complaint, but to the extent Plaintiff seeks to imply or infer that Travelers is liable for breach of contract or bad faith, said allegations are hereby denied.

4.

Travelers admits the allegations contained in Paragraph 4 of the Complaint.

5.

Travelers admits the allegations contained in Paragraph 5 of the Complaint.

## THE POLICY

6.

In response to Paragraph 6 of Plaintiff's Complaint, Travelers admits that it issued policy of insurance number OM49469962937986 33 ("the Policy") and that Exhibit "A" is a true and accurate copy of the Policy. However, Travelers shows that the Policy speaks for itself and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded. Further, to the extent that Plaintiff seeks to imply or infer that the additional damages claimed are covered under the terms of the Policy, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 6.

7.

In response to Paragraph 7 of Plaintiff's Complaint, Travelers admits that the Policy provided certain coverage for Plaintiff's property located at 5710 Odell Street, Cumming, GA 30040 (the "Property"). However, Travelers shows that the provisions of the Policy speak for themselves and must be read as a whole and in conjunction with the other provisions, limitations, conditions, and exclusions of the Policy when determining the extent of coverage to be afforded. Further, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 7 that the Policy provides coverage for the additional damages sought in the Complaint, said allegations are hereby denied. The remaining allegations contained in Paragraph 7 of the Complaint are hereby denied.

8.

Travelers admits that the Policy provides certain coverage however, the terms of the Policy speak for themselves and must be read as a whole. To the extent that Plaintiff seeks to

imply or infer by the allegations in Paragraph 8 that said Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.

Travelers admits that the Policy provides certain coverage however, the terms of the Policy speak for themselves and must be read as a whole. To the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 9 that said Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 9 of the Complaint.

**SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

10.

Travelers admits that the Property sustained certain damage during the period of time when the Policy was in force and effect. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 10 that said Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.

Travelers admits that Plaintiff notified Travelers that the Property sustained certain damage, that the claim was assigned claim number IQV7022 and it assigned an adjuster to investigate the claim who was its authorized representative and agent. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 11 that said Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. The remaining allegations contained in Paragraph 11 are hereby denied.

12.

Travelers denies the allegations contained in Paragraph 12 of the Complaint.

13.

Travelers admits the allegations contained in Paragraph 13 of the Complaint.

14.

Travelers admits that its adjusters are required to conduct themselves in good faith to adjust the claim according to the terms of the Policy. Travelers authorized representative and agent performed the duties and responsibilities set forth in the Policy and achieved a proper disposition of the claim. To the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 14 that said Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.

Pursuant to the Policy, Travelers issued proper coverage for repairs to the Property in the amount of $907.26, less Plaintiff's $1,500.00 per occurrence deductible, therefore, no payment was made to Plaintiff. Travelers denies that any recoverable depreciation was withheld. Based on its investigation of the claim Travelers determined that no further coverage was available for the Loss upon which the Complaint is based. Travelers admits that attached as Exhibit "B" is a true and correct copy of its estimate. Travelers denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.

Travelers admits that Plaintiff requested that it reconsider its position. Travelers agreed to reopen the investigation. However, based on that investigation Travelers determined that no

further coverage was available for the Loss upon which the Complaint is based. Travelers denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.

Travelers admits that Plaintiff demanded payment of the claim, including a written demand on or about October 17, 2022. However, to the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 17 that the Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.

Travelers admits that a demand letter was sent by Plaintiff on or about October 17, 2022. Further, Travelers admits that Exhibit "C" is a true and correct copy of the written demand. However, Travelers denies that it has acted in bad faith and that such letter meets the procedural and substantive requirements of O.C.G.A. § 33-4-6. Travelers denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.

Travelers denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Travelers denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Travelers admits that a genuine, justifiable controversy exists between Plaintiff and Travelers as to extent of the covered damages. The remaining allegations contained in Paragraph 21 of the Complaint are hereby denied.

22.

Travelers denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## **COUNT I – BREACH OF CONTRACT**

23.

The allegations contained in Paragraph 23 of the Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

24.

In response to Paragraph 24 of Plaintiff's Complaint, Travelers admits that Plaintiff paid premiums, reported the claim, and allowed Travelers to inspect the loss. In further response to Paragraph 24, Travelers expressly denies that any of the Policy provisions have been waived or excused. Travelers denies all remaining allegations contained in Paragraph 24 not specifically admitted herein.

25.

Pursuant to the Policy, Travelers issued proper coverage for repairs to the Property and Travelers determined following an investigation of the claim that no further coverage was available for the Loss upon which the Complaint is based. Travelers shows that the terms of the Policy speak for themselves and must be read as a whole. To the extent that Plaintiff seeks to imply or infer by the allegations in Paragraph 25 that said Policy provides coverage for the additional damages alleged in the Complaint, said allegations are hereby denied. Travelers denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.

Travelers denies the allegations contained in Paragraph 26 of the Complaint.

27.

Travelers denies the allegations contained in Paragraph 27 of the Complaint.

28.

Travelers denies the allegations contained in Paragraph 28 of the Complaint.

29.

Travelers denies the allegations contained in Paragraph 29 of the Complaint.

30.

Travelers denies the allegations contained in Paragraph 30 of the Complaint.

31.

The allegations contained in Paragraph 31 of the Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

**COUNT II – BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6**

32.

The allegations contained in Paragraph 32 of the Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

33.

Travelers denies the allegations contained in Paragraph 33 of the Complaint.

34.

Travelers denies the allegations contained in Paragraph 34 of the Complaint.

35.

Travelers denies the allegations contained in Paragraph 35 of the Complaint.

36.

Travelers denies the allegations contained in Paragraph 36 of the Complaint.

37.

Travelers denies the allegations contained in Paragraph 37 of the Complaint.

38.

Travelers denies the allegations contained in Paragraph 38 of the Complaint.

39.

Travelers denies the allegations contained in Paragraph 39 of the Complaint.

40.

The allegations contained in Paragraph 40 of the Complaint do not require a response of Travelers, but to the extent they do, said allegations are hereby denied.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, Travelers respectfully requests that:

1. Plaintiff's Complaint be dismissed against Travelers and discharged with all costs cast upon Plaintiff's for attorney's fees and expenses of litigation; and

2. Travelers be awarded such other further relief as the Court may deem just and proper.

Served this 27th day of March, 2023.

CHARTWELL LAW, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

*/s/ Kevin P. Kelly*
Kevin P. Kelly
Georgia Bar No. 475246

*Counsel for Defendant*

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250
Atlanta, GA 30339

Direct (470) 660-8737
Main (404) 410-1151
Fax (850) 668-7972
kkarabinos@chartwelllaw.com
kkelly@chartwelllaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** using the court's electronic filing system, Odyssey/eFileGA, which will send a copy to the counsel of record as follows:

**Foster Peebles**
**Michael D. Turner**
**THE HUGGINS LAW FIRM, LLC**
**110 Norcross Street**
**Roswell, GA 30075**
fpeebles@lawhuggins.com
mdturner@lawhuggins.com

This 27th day of March, 2023.

                                                    CHARTWELL LAW, LLP

                                                  */s/ Karen K. Karabinos*
                                                  Karen K. Karabinos
                                                  Georgia Bar No. 423906

                                                  */s/ Kevin P. Kelly*
                                                  Kevin P. Kelly
                                                  Georgia Bar No. 475246

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250                                       *Counsel for Defendant*
Atlanta, GA 30339
Direct (470) 660-8737
Main (404) 410-1151
Fax (850) 668-7972
kkarabinos@chartwelllaw.com
kkelly@chartwelllaw.com