# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **AMBER DIVER,** | ) |
| | ) |
|     Plaintiff, | )   **CIVIL ACTION FILE NO.:** |
| | )   <u>**23-A-01069-1**</u> |
| vs. | ) |
| | ) |
| **TRAVELERS HOME AND MARINE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
|     Defendant. | ) |

### <u>PLAINTIFF'S RESPONSES TO DEFENDANT' S FIRST INTERROGATORIES TO PLAINTIFF</u>

COMES NOW, Plaintiff Amber Diver ("Plaintiff"), by and through the undersigned counsel, and hereby responds to Defendant Travelers Home and Marine Insurance Company ("Travelers" or "Defendant") First Request for Interrogatories to Plaintiff as follows:

### <u>PRELIMINARY STATEMENT</u>

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to and are not a waiver of Plaintiff's rights to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendant's request for documents and interrogatory, Plaintiff does not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

1

3. Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the Plaintiff. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties.

4. A response to a document request or interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of these acts described in the document request, interrogatory, or that Plaintiff's acquiesce in the characterization of the conduct or activities contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

5. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental responses(s).

## **GENERAL OBJECTIONS**

1. Plaintiff hereby adopts and incorporates by reference the following General Objections in each of their specific responses to Defendant's Interrogatories and Requests for Production. To the extent specific objections are cited in a specific response, those citations are provided because they are believed to be particularly applicable to the specific request and are not to be construed as waiver of any other General Objections applicable to information falling within the scope of that interrogatory.

2. Plaintiff objects to Defendant's Interrogatories and Requests for Production to the extent they request information & documentation which (a) is prepared for, or in anticipation of, litigation, (b) constitute attorney work product, (c) contain privileged accountant-client

      communications, (d) contain privileged attorney-client communications, or (e) are otherwise privileged.

3. Plaintiff objects to Defendant's Interrogatories and Requests for Production to the extent the information & documentation sought is not relevant to the subject matter of the action or is not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to Defendant's Interrogatories and Requests for Production to the extent they seek confidential or proprietary information & documentation.

5. Plaintiff objects to Defendant's Interrogatories and Requests for Production to the extent they seek information & documentation which may be obtained from the parties or public sources.

6. Plaintiff objects to Defendant's Interrogatories and Requests for Production to the extent they seek to impose duties and obligations that exceed or are different from those imposed by the Federal Rules of Civil Procedure or the rules of the Court.

7. Plaintiff objects to Defendant's Interrogatories and Requests for Production to the extent they contain vague and ambiguous terms or are overly broad. Furthermore, to the extent that Defendant's Interrogatories are neither limited in time nor in scope, they are overly broad.

8. Plaintiff objects to Defendant's Interrogatories and Requests for Production to the extent they are calculated to annoy, embarrass, oppress, unduly burden or cause undue expense to the Plaintiff.

9. Plaintiff objects to Defendant's Interrogatories and Requests for Production to the extent they request information & documentation which has not yet come into existence.

10. Plaintiff reserves all objections and the right to supplement these responses and objections.

## INTERROGATORIES

1.

Please state the name, address, phone number of any person who responded to or who assisted in responding to these Interrogatories, describing the person's relationship to Plaintiff.

**OBJECTION**: Plaintiff objects to this request to the extent it seeks information protected by the Attorney-Client privilege, created in anticipation of litigation, or reflects the work product or mental impressions of legal counsel. Subject to said objection(s), and without waiving the same, Plaintiff responds as follows:

**RESPONSE**: Plaintiff was assisted by her attorney Foster L. Peebles, Esquire, of Huggins Law Firm, located at 110 Norcross Street, Roswell, GA 30075.

2.

Please state the name, address and telephone number of each person with knowledge of material facts relevant to your allegations contained in your Complaint and state with particularity the subject matter of the knowledge held by each person.

**OBJECTION**: Plaintiff objects to this request to the extent it seeks information protected by the Attorney-Client privilege, created in anticipation of litigation, or reflects the work product or mental impressions of legal counsel. Subject to said objection(s), and without waiving the same, Plaintiff responds as follows:

**RESPONSE**: Plaintiff believes the following individuals and/or entities have knowledge of this claim:

- Jay Smith (formerly of Reset Roofing), performed the initial inspection, was present during the Travelers' adjuster's inspection, and was the primary contact with Travelers through around September 30, 2022. Jay was also included in all communication between Travelers and Catastrophic Consulting. 678-507-5654, jay@forsythexteriors.com

- Martin Shepherd, owner of Reset Roofing, was the primary contact for Reset Roofing after about October 1, 2022. 770-317-5834, martin@resetroofing.com

4

- Di Smith, CPIA, insurance agent; 770-587-4455 (o) and 678-358-0483(c)

- Tim Varga, Sean O'Dell, and Ethan Nixon of Catastrophic Consulting; 678-361-2651, 269 Market Place, Blvd, Suite 307, Cartersville, GA 30120. Catastrophic Consulting performed an inspection and wrote an estimate for repairs / replacement to Plaintiff's property. Catastrophic Consulting also communicated with Travelers on Plaintiff's behalf.

- Martin D. Shields, MCE, PE, LEED-AP and Ava K. Shields of Shields Engineering Group, Inc., 404-909-5254, 409 John Wesley Dobbs Ave, Suite F, Atlanta, GA 30312. Shields Engineering Group performed an inspection and wrote a report for Plaintiff.

- Ryan Eden of Travelers

3.

With regard to any and all persons whom Plaintiff expects to call or may call as an expert witness upon the trial of this case, please state for each:

(a) his/her full name, address and current telephone number;

(b) the specific subject matter on which you expect such expert to testify;

(c) the substance of the facts, opinions and/or conclusions to which you expect the expert to testify;

(d) a summary of the factual basis for each such opinion or conclusion; and

(e) whether each such person has prepared or provided you with a written or recorded statement or report concerning his/her investigation, and, if so, the name and addresses of all persons who have a copy of each such report or statement.

**OBJECTION: Plaintiff objects to this request to the extent it seeks information protected by the Attorney-Client privilege, created in anticipation of litigation, or reflects the work product or mental impressions of legal counsel. Subject to said objection(s), and without waiving the same, Plaintiff responds as follows:**

**RESPONSE: Plaintiff anticipates calling Martin D. Shields, MCE, PE, LEED-AP of Shields Engineering Group, Inc., 409 John Wesley Dobbs Avenue, Suite F, Atlanta, GA 30312 as an expert witness in this matter. Mr. Shields has written a report on his opinion on the necessity of replacement of Plaintiff's property. Such report will be produced with the document production.**

4.

Please identify all expert witnesses, professional consultants, roofers, contractors and/or public adjusting firms retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of damages, extent of damages, price of repair or replacement, or feasibility of repair or replacement relating to the claims giving rise to this lawsuit or the damages sustained by you, and as to each, please identify the subject matter of the individual or entity's knowledge, and or the subject matter of the individual's involvement.

> **OBJECTION**: Plaintiff objects to this request to the extent it seeks information protected by the Attorney-Client privilege, created in anticipation of litigation, or reflects the work product or mental impressions of legal counsel. Subject to said objection(s), and without waiving the same, Plaintiff responds as follows:
>
> **RESPONSE**: Plaintiff refers Defendant to, and hereby incorporates, their responses and objections to Interrogatories Nos. 1 and 3, above.

5.

Please identify the date upon which you contend the damage occurred that forms the basis of your Complaint.

> **RESPONSE**: Plaintiff's property experienced hail and wind even on or around April 24, 2021.

6.

Describe the circumstances in which you learned of any roof damage that forms the basis of your Complaint, including the individual or entity that discovered such damages, the date of such discovery, and the area in which it was discovered.

> **OBJECTION**: Plaintiff objects to this request to the extent it seeks information protected by the Attorney-Client privilege, created in anticipation of litigation, or reflects the work product or mental impressions of legal counsel. Subject to said objection(s), and without waiving the same, Plaintiff responds as follows:
>
> **RESPONSE**: The April 24, 2021, hail event caused significant damage to homes in Plaintiff's neighborhood. A roofing sales representative from a company other than

**Reset Roofing offered to conduct an inspection of the Property following the storm, as the roofing representative was working for a company who was already working to replace roofs on numerous other properties on the same street as Plaintiff's Property, including to the homes adjacent to Plaintiff's property. Instead of working with this representative, Plaintiff chose to contact Reset Roofing, as she had previously used Reset Roofing for repairs on a separate property Plaintiff formerly owned.**

**On or around August 23, 2021, Jay Smith of Reset Roofing performed the initial inspection, took photos, and wrote a report.**

**On or around June 2, 2022, Haag engineering inspected the property, without the knowledge or consent of Plaintiff or Plaintiff's Public Adjuster, Catastrophic Consulting. Plaintiff was only made aware of such an inspection when her daughter made her aware there was an inspector on the property.**

**Around July 2022, Plaintiff discovered water markings on the ceiling in the master bedroom and second-story landing. Following this discovery, Plaintiff hadJay Smith of Reset Roofing perform an additional inspection of the roof to identify the source of the leaks on July 19, 2022. Following the inspection, Mr. Smith conveyed to the Plaintiff that he "did not walk on faces much at all for safety reasons. Damage could be assessed from peaks and valley well enough. I say this because there was a great deal of damage of broken and damaged shingles all over each face. My assumption at the time was that the damage previously had weakened / cracked shakes to where the wind was able to break them up all over."**

7.

Please identify all damages and the repair cost thereof that were caused by the Loss for which you seek recovery from Travelers in this lawsuit.

**OBJECTION: Plaintiff objects to this request to the extent it seeks information protected by the Attorney-Client privilege, created in anticipation of litigation, or reflects the work product or mental impressions of legal counsel. Subject to said objection(s), and without waiving the same, Plaintiff responds as follows:**

**RESPONSE: Plaintiff is seeking breach of contact damages for the full Replacement Cost value to mitigate the Loss and damages therefrom with tarps ($582.87), and for the roof replacement and mitigation costs($75,378.77). Plaintiff is also seeking damages in the forms of fees charged by third parties she was constrained to retain in order to inspect, write a report, and/or represent her to her insurance company for matter related to the damages from the Loss.**

7

**Additionally, Plaintiff is seeking attorney's fees and costs in an amount to be determined at trial pursuant to O.C.G.A. § 33-4-6. Plaintiff is producing the estimate for property damages with the document request.**

**Plaintiff reserves the right to supplement this response at a later date, if necessary.**

8.

Please identify any and all damage that has occurred at 5710 Odell Street, Cumming, Georgia 30040 (the "Property") as a result of wind/hail from October 1, 2020 to the present.

**OBJECTION: Plaintiff objects to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objection(s), and without waiving the same, Plaintiff responds as follows:**

**RESPONSE: Any and all such wind/hail damage to the Property is believed to have been sustained as a result of the April 24, 2021 Loss event. Shingle damage to the roof system of the Property was extensive and included impact marks of at least thumbnail size and splitting of cedar roofing shakes, as documented in the initial and subsequent inspection reports by Reset Roofing. Shingle debris on Plaintiff's property became noticeable in about February 2022 and continued through about November 2022 when the roof was replaced.**

9.

Please identify all repairs for any damages resulting from the Loss that have been performed to date, including the date of such repairs, who performed such repairs, and the amount you incurred for such repairs.

**RESPONSE: Plaintiff had two roof slopes tarped around August 2022, which cost $582.87. Plaintiff had a new roofing system installed and mitigated and repaired her interior repairs around November 2022 for $75,795.90. Reset Roofing performed the tarping, roof replacement, and interior repairs.**

10.

Please identify any repairs for any damage resulting from the Loss that have yet to be performed, including any estimate for repairs, who prepared the estimate and the amount of such proposed repairs.

**RESPONSE: Plaintiff is not aware of any additional repair work to be performed.**

11.

Please identify any repairs resulting from any damage occurring after the Loss that have been performed, including any estimate for repairs, who prepared the estimate and the amount of such proposed repairs.

**OBJECTION: Plaintiff objects to this response as being duplicative of Interrogatory No. 9.**

12.

Please identify any repairs resulting from any damage occurring after the Loss that have yet to be performed, including any estimate for repairs, who prepared the estimate and the amount of such proposed repairs.

**OBJECTION: Plaintiff objects to this response as being duplicative of Interrogatory No. 10.**

13.

Please identify any repairs to the roof system that have been performed from the time Plaintiff purchased the Property until present, including any estimate for repairs, who prepared the estimate and the amount of such proposed repairs.

**RESPONSE: The only roof repairs conducted by Plaintiff since their purchase of the Property were in relation to the Loss underlying this matter, and were identified in response to Interrogatory No. 9, above.**

14.

Please provide all of the <u>factual</u> details supporting your contention in the Complaint that "the property suffered direct damage from a sudden and accidental direst physical Loss resulting from Wind and Hail" as alleged in Paragraph 10 of Plaintiff's Complaint.

**OBJECTION: Plaintiff objects to this request to the extent it seeks information protected by the Attorney-Client privilege, created in anticipation of litigation, or**

reflects the work product or mental impressions of legal counsel. Plaintiff further objects on the grounds this request is overly broad and unduly vague. Subject to said objection(s), and without waiving the same, Plaintiff responds as follows:

**RESPONSE**: On April 24, 2021, Plaintiff's neighborhood was located in the path of a strong storm system which produced a strong hail storm. The hail from this storm damaged numerous properties in Plaintiff's neighborhood, including Plaintiff's Property. The damages sustained to Plaintiff's Property as a result of the Loss include impact damages, splitting of wooden roof shakes, interior water damages, and more.

Further information, photographs, and documentation regarding the damages was conveyed to Defendant on numerous occasions throughout the adjustment of Plaintiff's insurance claim.

15.

Please provide all of the <u>factual</u> details supporting your contention in the Complaint that "Plaintiff promptly and timely notified Defendant of the damage to the Property resulting from the Loss and made a claim pursuant to the Policy" as alleged in Paragraph 11 of Plaintiff's Complaint.

**OBJECTION**: Plaintiff objects to this request to the extent it seeks information protected by the Attorney-Client privilege, created in anticipation of litigation, or reflects the work product or mental impressions of legal counsel. Subject to said objection(s), and without waiving the same, Plaintiff responds as follows:

**RESPONSE**: The damage to Plaintiff's Property was not fully identified nor documented until Reset Roofing's initial inspection was performed around August 2021. Plaintiff's daughter was hospitalized soon after the initial inspection through and including October 2021. Plaintiff subsequently filed the claim around November 2021; as soon as she was able to do so.

16.

Please provide all of the <u>factual</u> details supporting your contention in the Complaint that "Plaintiff made themselves and the Property available to, and fully cooperated with, the Defendant and its representative and agent to inspect and investigate the damages caused by the loss." as alleged in Paragraph 12 of Plaintiff's Complaint.

**OBJECTION**: Plaintiff objects to this request to the extent it seeks information protected by the Attorney-Client privilege, created in anticipation of litigation, or reflects the work product or mental impressions of legal counsel. Subject to said objection(s), and without waiving the same, Plaintiff responds as follows:

**RESPONSE**: Plaintiff made herself and her property available to Travelers whenever they requested such. Reset Roofing and Catastrophic Consulting assisted in being present if Plaintiff could not be during inspection(s) requested by Travelers.

However, Defendant's representatives failed to work with Plaintiff and her agents to coordinate inspections, and instead chose to visit the Property unannounced, and of their own accord. Specifically, an individual from HAAG Engineering, an agent retained by the Defendant, inspected the Property without coordinating such inspection and visit with the Plaintiff. Further, the individual from HAAG Engineering is believed to have caused further damage to the roof system by way of walking directly on top of the wooden shakes.

17.

Please refer to each of the Plaintiff's responses to Travelers' Request for Admissions and, for each response that is not a full and unqualified admission, please state all facts and circumstances supporting the Plaintiff's denial or qualified admission, and identify all documents or correspondence the Plaintiff will use to prove or support the denial or qualified admission.

**OBJECTION**: Plaintiff objects to this request to the extent it seeks information protected by the Attorney-Client privilege, created in anticipation of litigation, or reflects the work product or mental impressions of legal counsel. Subject to said objection(s), and without waiving the same, Plaintiff responds as follows:

**RESPONSE**: Plaintiff directs Defendant to Plaintiff's responses to Defendant's Requests for Admission.

*Signature contained on next page.*

Respectfully submitted, this 12th day of July, 2023.

                                                  **The Huggins Law Firm, LLC**

                                                */s/ Foster L. Peebles*

|  |  |
|---|---|
|  | Michael D. Turner, Esq. |
| 110 Norcross Street | Georgia Bar No.: 216414 |
| Roswell, GA 30075 | Foster L. Peebles, Esq. |
| (o) (770) 913-6229 | Georgia Bar No.: 410852 |
| (e) mdturner@lawhuggins.com |  |
| (e) fpeebles@lawhuggins.com | *Attorneys for the Plaintiff* |

12

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the foregoing ***Plaintiff's Responses to Defendant's First Interrogatories to Plaintiff*** upon the following counsel of record via statutory electronic service and electronic mail, addressed as follows:

**Karen K. Karabinos**
**Kevin P. Kelly**
**3200 Cobb Galleria Pkwy.**
**Bldg. 200, Ste. 250**
**Atlanta, GA 30339**
**kkarabinos@chartwelllaw.com**
**kkelly@chartwelllaw.com**

Respectfully submitted, this 12th day of July, 2023.

**The Huggins Law Firm, LLC**

*/s/ Foster L. Peebles*
Michael D. Turner, Esq.
Georgia Bar No.: 216414
Foster L. Peebles, Esq.
Georgia Bar No.: 410852

110 Norcross Street
Roswell, GA 30075
(o) (770) 913-6229
(e) mdturner@lawhuggins.com
(e) fpeebles@lawhuggins.com

*Attorneys for the Plaintiff*