Case 1:23-mi-99999-UNA   Document 2534-1   Filed 08/09/23   Page 1 of 9

State Court of Fulton County
**E-FILED**
23EV004004
7/5/2023 3:21 PM
Donald Talley, Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **JAMES BORDERS,** | * |
| Plaintiff, | * |
| v. | * CASE NO.: |
| | * JURY TRIAL |
| **LEONARD THOMPSON, RDH TRUCKING, INC. and PROTECTIVE INSURANCE COMPANY,** | * |
| Defendants. | * |

### COMPLAINT FOR DAMAGES

COMES NOW, **James Borders**, Plaintiff in the above-styled action, and files this Complaint for Damages, showing this Honorable Court the following:

**Parties, Jurisdiction, and Venue**

1.

Plaintiff **James Borders** is a resident of the State of Georgia and submits to the jurisdiction and venue of this Court.

2.

Defendant **Leonard Thompson** (hereinafter "Defendant Thompson") resides in Alachua County, Florida at 216 SE 9th St., Gainesville, FL 32601 and may be served at said address. Once served, Defendant Thsompson is subject to the jurisdiction and venue of this Court by way of the Long Arm Statute

3.

Defendant **RDH Trucking, inc.** (hereinafter "Defendant RDH" and collectively with Defendant Thompson referred to as "Defendants") is an interstate carrier with a US DOT Number

EXHIBIT "A"

1106515. Defendant RDH's principal office address is 2291 SE State Road 100, Lake City, Florida 32025. Defendant RDH may be served via its registered agent Adam Holloway at 2291 SE State Road 100, Lake City, Florida 32025. Once served, Defendant RDH is subject to the jurisdiction and venue of this Court.

4.

Defendant **Protective Insurance Company** (hereinafter "Defendant Protective") is an insurance provider with a principal address of 111 Congressional Blvd., Suite 500, Carmel, IN 46032. Defendant Protective may be served via its registered agent Corporation Service Company at Tucson Ct., Suite 400, Peachtree corners, GA 30092 Once served, Defendant Protective is subject to the jurisdiction and venue of this Court.

**Background**

5.

On or about July 21, 2022, Plaintiff was operating a 2016 Dodge charger traveling north on Fulton Industrial Boulevard near the intersection with Westgate Pkwy. in Fulton County, Georgia, in the right lane.

6.

On or about July 21, 2022 Defendant Thompson was operating a 2021 Volvo tractor 18 wheeler traveling north on Fulton industrial Boulevard near the intersection with Westgate Pkwy. in Fulton County, Georgia, in the left lane

7.

On or about July 21, 2022 Defendant Thompson, while in the course and scope of his employment for Defendant RDH, operated his vehicle in a negligent manner by failing to observe

for other vehicles and driving recklessly in making an attempted right turn from the left lane, thereby causing a collision with the vehicle containing Plaintiff.

8.

At the time of the subject collision, Defendant Protective issued one or more policies of insurance to Defendant RDH.

## **Count 1 - Negligence of Defendant Thompson**

9.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated herein.

10.

The collision was directly and proximately caused by the negligence of Defendant Thompson.

11.

The collision was directly and proximately caused by Defendant Thompson's negligence in his failure to operate the vehicle with ordinary care for the safety of others.

12.

The collision was directly and proximately caused by Defendant Thompson's negligence in operating his vehicle in reckless disregard for the safety of persons or property and such other acts or omissions as may be provided by a preponderance of the evidence upon the trial of this matter.

13.

Defendant Thompson was in violation of O.C.G.A. §§ 40-6-120 and 40-6-390 which caused him to be liable to Plaintiff for his injuries under the theory of negligence *per se*.

14.

Defendant Thompson acted negligently by:

a) Failing to exercise ordinary care in operating his vehicle;

b) Failing to observe for traffic while operating his vehicle;

c) Improperly making a right turn from the left lane.

d) Driving recklessly;

e) Negligently causing a collision with Plaintiff's vehicle; and

f) Committing other negligent acts and omissions, as shall be shown by the evidence, and proven at trial.

15.

Defendant Thompson's negligence is the sole and proximate cause of the collision, Plaintiff's resulting injuries, and Plaintiff's property damage.

16.

At all times relevant to the subject collision, Plaintiff was without fault or negligence.

### **Count 2 – Imputed Liability – Defendant RDH**

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated herein.

18.

At the time of the subject collision, Defendant Thompson was under dispatch for Defendant RDH.

19.

At the time of the subject collision, Defendant Thompson was operating a vehicle on behalf of Defendant RDH.

20.

Defendant RDH is responsible for the actions of Defendant Thompson in regard to the collision described in this Complaint as a matter of law.

## Count 3: Respondeat Superior – Defendant RDH

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated herein

22.

At the time of the subject collision, Defendant Thompson was working for Defendant RDH within the scope and course of his employment.

23.

At the time of the subject collision, Defendant Thompson was operating his vehicle on behalf of Defendant RDH, working within the scope and course of his employment.

## Count 4: Negligent Training, Hiring, and/or Supervision – Defendant RDH

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated herein

25.

Defendant RDH was negligent in hiring Defendant Thompson and entrusting him to operate a vehicle on its behalf.

26.

Defendant RDH was negligent in failing to properly train Defendant Thompson in the operation of his vehicle.

27.

Defendant RDH was negligent in failing to properly supervise Defendant Thompson.

28.

Defendant RDH was negligent in hiring Defendant Thompson and failed to properly train and supervise him. These failures are the proximate cause of the collision and Plaintiff's resulting injuries.

## **Count 5 - Direct Action**

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated herein.

30.

Defendant Protective is subject to a direct action as the insurers for Defendant RDH pursuant to O.C.G.A. § 40-1-112 and OC.G.A. § 40-2-140.

31.

Defendant Protective was the insurer of Defendant RDH at the time of the accident and issued a liability policy that affords coverage in this case.

32.

Defendant Protective is subject to the filing requirements outlined in O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

33.

Defendant Protective is individually responsible for any judgment rendered against Defendant RDH or Defendant Thompson.

**<u>Count 6- Damages</u>**

34.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 33 above as if fully restated herein.

35.

Plaintiff's injuries and damages resulting from the collision were directly and proximately caused by the negligence of Defendants.

36.

Plaintiff was injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the collision.

37.

In the future, it is likely that Plaintiff will continue to have physical injuries and experience physical and emotional pain and suffering as a direct and proximate result of the collision.

38.

In the future, it is likely that Plaintiff will continue to need medical treatment as a direct and proximate result of the collision.

39.

Plaintiff experienced and will continue to experience pain and suffering as a direct and proximate result of the collision.

40.

As a result of Defendants' negligence, Plaintiff has incurred reasonable, necessary, and continuing medical expenses and will continue to incur expenses in the future. Plaintiff's medical bills to date are in excess of $7,000.00.

41.

Plaintiff is entitled to recover for his injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted. Plaintiff states his intentions to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present, and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of capacity for the enjoyment of life;

g) Economic losses;

h) Incidental expenses;

i) Past, present, and future medical expenses;

j) Lost earnings;

k) Loss of earning capacity;

l) Permanent injuries; and

m) Consequential damages to be proven at trial.

**WHEREFORE**, Plaintiff prays that he have a trial on all issues and judgment against Defendants as follows:

a) Process issue as provided by law;

b) Plaintiff has a trial by jury against Defendants;

c) Judgment be awarded to Plaintiff and against Defendants;

d) That Plaintiff recovers the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

e) That Plaintiff recovers for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury; and

f) That Plaintiff recovers such other and further relief as is just and proper.

This ___ day of _____ 2023.

*/s/ Shaun Daugherty*
Shaun Daugherty
Georgia Bar Number: 205877
Attorneys for Plaintiff

Kaila & Solomon Law Group, LLC
d/b/a Guardian Law Group
200 Sandy Springs PL NE Suite 300
Atlanta, GA 30328
shaun@myguardianlaw.com
678-399-1579 (Direct)
404-255-9000 (Tel.)
770-462-3349 (Fax)