Case 1:23-mi-99999-UNA   Document 2534-2   Filed 08/09/23   Page 1 of 10

State Court of Fulton County
**E-FILED**
23EV004004
8/8/2023 4:03 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| JAMES BORDERS,<br><br>Plaintiff,<br><br>v.<br><br>LEONARD THOMPSON, RDH TRUCKING, INC., and PROTECTIVE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION FILE NO.:<br>23EV004004 |

**DEFENDANTS' LEONARD THOMPSON, RDH TRUCKING, INC. and PROTECTIVE INSURANCE COMPANY'S ANSWER TO PLAINTIFF JAMES BORDERS' COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**

**COMES NOW**, Defendants, Leonard Thompson, RDH Trucking, Inc., and Protective Insurance Company (hereinafter "Defendants"), by and through their counsels of record, and hereby respond to Plaintiff's *Complaint for Personal Injuries and Damages* as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against the Defendants upon which relief can be granted.

**SECOND DEFENSE**

The Plaintiff failed to exercise ordinary care for his own safety, proximately causing or contributing to the injuries, if any, sustained by the Plaintiff in the occurrence, which is the subject of this litigation.

EXHIBIT "B"

**THIRD DEFENSE**

The Defendants breached no duty owed to the Plaintiff.

**FOURTH DEFENSE**

No act or omission of Defendants proximately caused the occurrence at issue in this litigation, or any damages alleged by the Plaintiff.

**FIFTH DEFENSE**

Any recovery by Plaintiff should be reduced in proportion to the comparative fault of Plaintiff or others.

**SIXTH DEFENSE**

The Defendants answer the individually numbered paragraphs of Plaintiff's Complaint as follows:

**Parties, Jurisdiction, and Venue**

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph one (1) of Plaintiff's complaint.

2.

Defendant Leonard Thompson (hereinafter "Defendant Thompson") denies residing in Alachua County, Florida at 216 SE 9th St., Gainesville, FL 32601. Defendant Thompson admits that he resides at 1015 NW 21st Ave, Apt. 521, Gainesville, FL 32609 and further admits to the remaining allegations contained in paragraph two (2) of Plaintiff's Complaint as pled.

3.

Defendant RDH Trucking, Inc. admits to the allegations contained in paragraph three (3) of Plaintiff's Complaint.

4.

Defendant Protective Insurance Company admits to the allegations contained in paragraph four (4) of Plaintiff's Complaint.

5.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph five (5) of Plaintiff's Complaint.

6.

Defendant Thompson admits to the allegations contained in paragraph six (6) of Plaintiff's Complaint as pled.

7.

Defendant Thompson denies the allegations contained in paragraph seven (7) of Plaintiff's Complaint as pled and demands strict proof thereof.

8.

Defendant Protective Insurance Company admits to the allegations contained in paragraph eight (8) of Plaintiff's Complaint.

## Count 1 – Negligence of Defendant Thompson

9.

Defendants reallege and incorporate herein the allegations contained in paragraphs 1 through 8 above as if fully restated herein.

10.

Defendants deny the allegations contained in paragraph ten (10) of Plaintiff's Complaint as pled and demand strict proof thereof.

11.

Defendants deny the allegations contained in paragraph eleven (11) of Plaintiff's complaint as pled and demand strict proof thereof.

12.

Defendants deny the allegations contained in paragraph twelve (12) of Plaintiff's Complaint as pled and demand strict proof thereof.

13.

Defendant Thompson denies the allegations contained in paragraph thirteen (13) of Plaintiff's Complaint as pled and demands strict proof thereof.

14.

Defendant Thompson denies the allegations contained in paragraph fourteen (14) and subparts (a) through (f) of Plaintiff's Complaint as pled and demands strict proof thereof.

15.

Defendant Thompson denies the allegations contained in paragraph fifteen (15) of Plaintiff's Complaint as pled and demands strict poof thereof.

16.

Defendants deny the allegations contained in paragraph sixteen (16) of Plaintiff's Complaint as pled and demand strict proof thereof.

**Count 2 – Imputed Liability – Defendant RDH**

17.

Defendants reallege and incorporate herein the allegations contained in paragraphs 1 through 16 above as if fully restated herein.

18.

Defendant RDH admits the allegations contained in paragraph eighteen (18) of Plaintiff's Complaint.

19.

Defendant RDH admits to the allegations contained in paragraph nineteen (19) of Plaintiff's Complaint.

20.

Defendant RDH denies the allegations contained in paragraph twenty (20) of Plaintiff's Complaint as pled and demands strict proof thereof.

**Count 3 – Respondeat Superior – Defendant RDH**

21.

Defendants reallege and incorporate herein the allegations contained in paragraphs 1 through 20 above as if fully restated herein.

22.

Defendant RDH admits to the allegations contained in paragraph twenty-two (22) of Plaintiff's Complaint.

23.

Defendant RDH admits to the allegations contained in paragraph twenty-three (23) of Plaintiff's Complaint.

**Count 4: Negligent Training, Hiring, and/or Supervision – Defendant RDH**

24.

Defendants reallege and incorporate herein the allegations contained in paragraphs 1 through 23 above as if fully restated herein.

25.

Defendant RDH denies the allegations contained in paragraph twenty-five (25) of Plaintiff's Complaint and demands strict proof thereof.

26.

Defendant RDH denies the allegations contained in paragraph twenty-six (26) of Plaintiff's Complaint and demands strict proof thereof.

27.

Defendant RDH denies the allegations contained in paragraph twenty-seven (27) of Plaintiff's Complaint and demands strict proof thereof.

28.

Defendant RDH denies the allegations contained in paragraph twenty-eight (28) of Plaintiff's Complaint and demands strict proof thereof.

**Count 5 – Direct Action**

29.

Defendants reallege and incorporate herein the allegations contained in paragraphs 1 through 28 above as if fully restated herein.

30.

Defendant Protective Insurance Company admits to the allegations contained in paragraph thirty (30) of Plaintiff's Complaint.

31.

Defendant Protective Insurance Company admits to the allegations contained in paragraph thirty-one (31) of Plaintiff's Complaint.

32.

Defendant Protective Insurance Company admits to the allegations contained in paragraph thirty-two (32) of Plaintiff's Complaint.

33.

Defendant Protective Insurance Company denies the allegations contained in paragraph thirty-three (33) of Plaintiff's Complaint as pled and demands strict proof thereof.

**Count 6 – Damages**

34.

Defendants reallege and incorporate herein the allegations contained in paragraphs 1 through 33 above as if fully restated herein.

35.

Defendants deny the allegations contained in paragraph thirty-five (35) of Plaintiff's Complaint as pled and demands strict proof thereof.

36.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph thirty-six (36) of Plaintiff's Complaint.

37.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph thirty-seven (37) of Plaintiff's Complaint.

38.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph thirty-eight (38) of Plaintiff's Complaint.

39.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph thirty-nine (39) of Plaintiff's Complaint.

40.

Defendants specifically deny any allegation of negligence contained in Plaintiff's Complaint. Further, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph forty (40) of Plaintiff's Complaint.

41.

Defendants deny allegations contained in paragraph forty-one (41) of Plaintiff's Complaint as pled and demand strict proof thereof.

42.

Any allegation contained in Plaintiff's Complaint not explicitly admitted in this Defendant's Answer is denied.

**WHEREFORE**, this Defendant prays that:

(1)   The Complaint be dismissed;

(2)   All costs of this litigation be paid by Plaintiff; and

(3)   This Court grant all further relief it deems just and proper.

This 8th day of August, 2023.

NALL & MILLER, LLP

By: _____
**MICHAEL HOSTETTER**
Georgia Bar No. 368420
**LASHAWNDA M. SAMPSON**
Georgia Bar No. 577242
*ATTORNEYS FOR LEONARD THOMPSON, RDH TRUCKING, INC., and PROTECTIVE INSURANCE COMPANY*

235 Peachtree Street, N.E.
North Tower, Suite 1500
Atlanta, GA 30303
Telephone:  404-522-2200
Facsimile:   404-522-2208
mhostetter@nallmiller.com
lsampson@nallmiller.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing **DEFENDANT(S) LEONARD THOMPSON, RDH TRUCKING, INC., and PROTECTIVE INSURANCE COMPANY'S ANSWER TO PLAINTIFF, JAMES BORDERS' COMPLAINT FOR PERSONAL INJURIES AND DAMAGES** upon all opposing counsel by using the Odyssey e-filing system which will automatically send email notifications of such filing to opposing counsel of record as follows:

Shawn Daughtery
Kaila & Solomon Law Group, LLC
200 Sandy Springs PL NE Suite 300
Atlanta, GA 30328
shaun@myguardianlaw.com

Respectfully submitted this 8th day of August 2023.

                                        **NALL & MILLER, LLP**

By: _/s/ LM Sampson_
      **MICHAEL HOSTESTTER**
      Georgia Bar No. 368420
      **LASHAWNDA M. SAMPSON**
      Georgia Bar No. 577242

      *ATTORNEYS FOR LEONARD THOMPSON, RDH TRUCKING, INC., and PROTECTIVE INSURANCE COMPANY*

235 Peachtree Street, N.E.
North Tower, Suite 1500
Atlanta, GA 30303
Telephone:  404-522-2200
Facsimile:   404-522-2208
mhostetter@nallmiller.com
lsampson@nallmiller.com