State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 70311381
Date: Jul 06 2023 01:02PM
Donald Talley, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CHADWYCK MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO.: _____ |
| ) | |
| KURON D. BARNHILL, and ) | |
| WERNER ENTERPRISES INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### COMPLAINT FOR DAMAGES
### AND DEMAND FOR TRIAL BY JURY

COMES NOW CHADWYCK MARTIN, Plaintiff herein, and makes and files this Amended Complaint against Defendants KURON D. BARNHILL, and WERNER ENTERPRISES INC., as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff CHADWYCK MARTIN is a citizen of the State of Texas and is subject to the jurisdiction and venue of this court.

2.

Defendant KURON D. BARNHILL (hereafter referred to as "Defendant BARNHILL.") is a resident of the State of Georgia. Defendant is subject to the jurisdiction and venue of this Court. Defendant may be served with a copy of the summons and Complaint at his residence, to wit: 122 York Road SW, Marietta, Georgia 30008.

3.

Defendant WERNER ENTERPRISES INC. (hereafter referred to as "Defendant WERNER ENTERPRISES INC.") is a domestic corporation, existing under the laws of the State of Nebraska, and may be served by delivering a copy of the summons and Complaint to its registered agent Corporate Creations Network Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30006.

4.

Jurisdiction and venue are proper in this court.

## BACKGROUND

5.

On July 16, 2021, at approximately 10:35 p.m., Plaintiff CHADWYCK MARTIN was operating a 2021 Harley Davidson FLTRXS/Road Glide Special while traveling on I-285 north in the left lane.

6.

On the same date and time, Defendant KURON D. BARNHILL was operating a 2018 Kenworth T680 International truck tractor while traveling on I-285 north in the second lane. Defendant BARNHILL. improperly and illegally entered the third lane of 1-285 north, and struck a 2015 Hyundai Sonata operated by Apryl D. Byrd causing Ms. Byrd's vehicle to spin into Plaintiff lane striking the Plaintiff's vehicle. The front of Defendant BARNHILL.'s vehicle collided with the rear driver's side of Apryl D. Byrd's vehicle. April D. Byrd's vehicle collided with the front of the Plaintiff's vehicle.

7.

Defendant BARNHILL. was an employee of Defendant WERNER ENTERPRISES INC. at the time of the incident.

8.

As a result of the collision, the Plaintiff suffered serious, painful and debilitating injuries to his body which have had a significant impact on his life and ability to function normally.

## COUNT I- NEGLIGENCE

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

9.

Defendants BARNHILL. and WERNER ENTERPRISES INC. had a duty to the Plaintiff to act reasonably.

10.

Defendants BARNHILL. and WERNER ENTERPRISES INC. breached that duty.

11.

As a direct and proximate cause of the negligence of Defendants BARNHILL. and WERNER ENTERPRISES INC., the Plaintiff suffers from serious, painful and debilitating injuries to his body, and past medical expenses .

12.

All of the above damages were directly and proximately caused by the aforementioned negligence of Defendants BARNHILL and WERNER ENTERPRISES INC., and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or an opportunity for the Plaintiff, to avoid the incident.

### COUNT II – NEGLIGENCE PER SE

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

13.

Defendant BARNHILL. had a duty to act reasonably and use due care while driving.

14.

Defendant BARNHILL.'s negligence, which constitutes the direct and proximate cause of injury to the Plaintiff consisted of, but was not limited to, the following:

(a) In failing to make reasonable and proper observations while driving his 2018 Kenworth T680 International truck tractor or, if reasonable and proper observations were made, failing to act thereon;

(b) In driving his 2018 Kenworth T680 International truck tractor without keeping a proper lookout ahead in violation of  O.C.G.A. § 40-6-49;

(c) In failing to observe or undertake the necessary precautions to keep his 2018 Kenworth T680 International truck tractor from colliding with the vehicle in which the Plaintiff was operating was in violation of O.C.G.A. § 40-6-49;

(d) In driving his 2018 Kenworth T680 International truck tractor in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

(e) In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

15.

The Defendant BARNHILL.'s negligence is the sole proximate cause of the collision, the Plaintiff's resulting injuries and the damages that the Plaintiff has incurred.

### **COUNT III – IMPUTED NEGLIGENCE (WERNER ENTERPRISES INC.)**

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

16.

At the time of the subject collision, Defendant BARNHILL. was an employee of Defendant WERNER ENTERPRISES INC..

17.

At the time of the subject collision, Defendant BARNHILL. was operating a vehicle owned and on behalf of Defendant WERNER ENTERPRISES INC..

18.

Pursuant to federal and state laws, WERNER ENTERPRISES INC. is responsible for the actions of Defendant KURON D. BARNHILL in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

### **COUNT IV – NEGLIGENT HIRING, TRAINING, & SUPERVISION (WERNER ENTERPRISES INC.)**

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

19.

Defendant WERNER ENTERPRISES INC. had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant WERNER ENTERPRISES INC. owed such duty to the Plaintiff and such duty was breached.

20.

Defendant WERNER ENTERPRISES INC. knew, or should have known, that Defendant BARNHILL would be likely to operate a motor vehicle in a negligent and reckless manner.

21.

Defendant WERNER ENTERPRISES INC. knew, or should have known, that Defendant BARNHILL was not competent or fit for the duties required of him as an employee. Defendant WERNER ENTERPRISES INC. breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

22.

Defendant WERNER ENTERPRISES INC. was negligent in failing to properly train Defendant BARNHILL.

23.

Defendant WERNER ENTERPRISES INC. was negligent in failing to properly supervise Defendant BARNHILL.

24.

Defendant WERNER ENTERPRISES INC.'s negligence in hiring Defendant BARNHILL and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and the Plaintiff's resulting injuries

**COUNT V – DAMAGES**.

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully restated.

25.

As a result of the Defendants' negligence, the Plaintiff suffered substantial injuries to his head, legs, knees, ankles, arms, shoulders, hands and back.

26.

As a result of the Defendants' negligence, the Plaintiff has incurred past medical expenses in excess of $100,442.12.

27.

Defendants' negligence is the sole and proximate cause of the Plaintiff's injuries.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that he has a **TRIAL BY JURY** on all issues and judgment against Defendants as follows:

a.  That the Plaintiff recovers the full value of his past and future medical expenses in an amount to be proven at trial, but in no event less than $100,442.12;

b.  That the Plaintiff recovers for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.  That Process issue, as provided by law, requiring the Defendants to appear and answer the Plaintiff's Complaint;

d.  That service be had upon the Defendants as provided by law;

e.  That the Court award and enter a judgment in favor of the Plaintiff and against the Defendants for compensatory damages in an amount to be proven at trial; and

f.  That the Plaintiff recovers such other and further relief as is just and proper.

Respectfully submitted this 3rd day of July 2023.

*/s/ Chadwyck Martin*
 Chadwyck Martin
*Pro Se Plaintiff*

6822 Dusty Dawn
Houston, Texas 77086
(713) 505-0168
chad.martin1981@icloud.com

~6~
EXHIBIT A