# EXHIBIT "A"

ID# E-CCKZESGM-P2Y
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**23-A-2421**
MAY 31, 2023 03:49 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER 23-A-2421

$198.00 COST PAID

Chance, Judie

**PLAINTIFF**

VS.

Dollar General Corporation

**DEFENDANT**

### SUMMONS

TO: DOLLAR GENERAL CORPORATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Christopher Miller**
> Meeks Impact Law, LLC
> 410 Peachtree Pkwy
> Suite 4245, Bld. 400
> Cumming, Georgia 30041

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of May, 2023.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

ID# E-CCKZESGM-3NQ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**23-A-2421**
MAY 31, 2023 03:49 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JUDIE CHANCE, <br><br> PLAINTIFF, <br><br> v. <br><br> DOLLAR GENERAL CORPORATION, <br><br> DEFENDANT. | CIVIL ACTION <br> FILE NO.: _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW JODIE CHANCE, plaintiff, and makes and files this complaint against defendant DOLLAR GENERAL CORPORATION as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Jodie Chance resides at 1257 North Pearl Street, Jakin, Early County, Georgia 39861, and is subject to the jurisdiction of this court.

2.

DOLLAR GENERAL CORPORATION is a foreign profit corporation existing under the laws of *Tennessee* with its principal place of business in Dollar General Corp, 100 Mission Ridge, Goodlettsville, TN, 37072 and may be served through its registered agent CSC of Cobb County, Inc. at 192 Anderson Street SE, Suite 125, Cobb County, Marietta, GA 30060, and is subject to the jurisdiction of this court.

3.

Jurisdiction and venue are proper in Cobb County.

## BACKGROUND

4.

On July 5, 2021, Plaintiff was an invitee of Defendant Dollar General Corporation at 1197 J Q Harvey Road, Jakin, GA 39861.

5.

After exiting the store, Plaintiff tripped and fell on an unrepaired hole on the edge of the sidewalk directly in front of the handicapped parking space where the Plaintiff's vehicle was parked at the Defendant's store located at 1197 J Q Harvey Road Jakin, GA 39861.

6.

There were no warnings in the area of the unrepaired sidewalk at the time of the fall.

7.

Defendant had exclusive ownership, possession and control over store and unrepaired hole in the sidewalk at the Dollar General Store located at 1197 J Q Harvey Road, Jakin, GA 39861 at all times relevant to this litigation.

8.

As a result of Plaintiff's fall, she suffered a right angulated intertrochanteric fracture of the right femur.

## COUNT 1
## PREMISES LIABILITY

9.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

10.

Plaintiff was an invitee on the premises at the time of the fall.

11.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as plaintiff.

12.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove, fix or warn of the hazardous condition, in failing to take adequate measures to protect invitees from the hazard and in failing to keep the premises safe for invitees.

13.

Defendant knew or should have known that unrepaired hole in the sidewalk located next to the handicap parking spaces posed a danger to invitees on the premises and should have changed, altered, removed or warned invitees about uneven sidewalk to avoid on the premises.

14.

Plaintiff did not know and could not reasonably have learned of the danger posed by the whole in the sidewalk.

15.

Defendant's negligence was the proximate cause of plaintiff's injuries and Plaintiff sustained medical expenses in excess of $116,433.12.

## COUNT 2
## VICARIOUS LIABILITY

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

At all times relevant to this action, the individuals responsible for inspecting, repairing and maintaining the area where plaintiff fell were employed by defendant and were acting within the scope of their employment.

18.

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3

## NEGLIGENT TRAINING & SUPERVISION

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections for hazardous conditions were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

21.

Defendant was negligent in training and supervising its staff.

22.

As a result of defendant's negligence in training and supervising its employees, Plaintiff was injured on the premises.

## COUNT 4:

## RECOVERY OF EXPENSES OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

23.

Plaintiff was required to bring this action due to Defendants' bad faith and stubborn litigiousness which has caused the Plaintiff unnecessary trouble and expense.

24.

Accordingly, Plaintiff prays that she be awarded all expenses associated with this litigation including attorney's fees pursuant to O.C.G.A § 13-6-11.

WHEREFORE, plaintiff prays that she have a trial on all issues and judgment against defendant as follows:

(a) That plaintiff recover the full value of past and future medical expenses in an amount to be proven at trial;

(b) That plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c) That Plaintiff recovers costs and expenses of the litigation pursuant to O.C.G.A § 13-6-11.

(d) That plaintiff recover such other and further relief as is just and proper;

(e) That all issues be tried before a jury.

This is the 31th of May, 2023.

                                MEEKS IMPACT LAW, LLC

                                /s/ Christopher R. Miller
                              Christopher R. Miller
                              GA Bar No. 560002
                              Zachary Meeks, Esq.
                              GA Bar No. 169940
                              Attorneys for Plaintiff

Meeks Impact Law, LLC
410 Peachtree Pkwy.
Suite 4245, Building 400
Cumming, GA 30041
(678) 341-5212
Chris.miller@meeksimpactlaw.com
zach@meeksimpactlaw.com