# EXHIBIT "B"

ID# E-TNUUV3XK-A3D
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2421**

JUN 29, 2023 04:02 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| JUDIE CHANCE, <br><br> Plaintiff, <br><br> v. <br><br> DOLLAR GENERAL CORPORATION, <br><br> Defendant. | Civil Action File No.: 23-A-2421 |

## ANSWER AND DEFENSES OF DEFENDANT DOLLAR GENERAL CORPORATION TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Dollar General Corporation, (hereinafter referred to as "DGC") and files this, its Answer and Defenses to Plaintiff's Complaint, showing this Honorable Court as follows:

### FIRST DEFENSE

DGC is not a proper party to this action.

### SECOND DEFENSE

Plaintiff's recovery against DGC is barred because DGC owed no duty to Plaintiff as alleged in Plaintiff's Complaint or otherwise.

### THIRD DEFENSE

DGC is not liable to Plaintiff because DGC breached no duty owed to Plaintiff regarding the occurrence described in Plaintiff's Complaint or otherwise.



## FOURTH DEFENSE

No act or omission on the part of DGC was the proximate cause of the injuries or damages sought by way of Plaintiff's Complaint and therefore Plaintiff's recovery of those injuries and damages is barred.

## FIFTH DEFENSE

To the extent the damages sought by way of Plaintiff's Complaint were the result of Plaintiff's comparative and/or contributory negligence, Plaintiff's recovery against DGC is barred or should be reduced by the proportion of her negligence.

## SIXTH DEFENSE

To the extent applicable, Plaintiff's claims are barred by the Georgia doctrine of assumption of risk.

## SEVENTH DEFENSE

Plaintiff is not entitled to recover from DGC because Plaintiff's knowledge of the alleged hazard was at least equal to any knowledge of DGC.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to itemize special damages as required by O.C.G.A. § 9-11-9(g) and therefore Plaintiff's recovery of those damages is barred.

Without waiving any of the foregoing defenses and incorporating each as if set forth herein verbatim, DGC responds to the allegations contained in Plaintiff's Complaint as follows:

## RESPONSE TO "PARTIES ANDJURISDICTION"

1.

DGC is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

2. – 3.

DGC admits the allegations contained in Paragraphs 2 and 3 of Plaintiff's Complaint.

## RESPONSE TO "BACKGROUND"

4.

DGC denies, as pleaded, the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. – 6.

DGC is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 5 and 6 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

7.

DGC denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

DGC is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

**RESPONSE TO "COUNT 1: PREMISES LIABILITY"**

9.

DGC incorporates by reference its responses to the allegations of the foregoing Paragraphs 1 through 8 of Plaintiff's Complaint as if fully set forth herein.

10.

DGC is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

11. – 15.

DGC denies the allegations contained in Paragraphs 11 through 15 of Plaintiff's Complaint.

**RESPONSE TO "COUNT 2: VICARIOUS LIABILITY"**

16.

DGC incorporates by reference its responses to the allegations of the foregoing Paragraphs 1 through 15 of Plaintiff's Complaint as if fully set forth herein.

17. – 18.

DGC denies the allegations contained in Paragraphs 17 and 18 of Plaintiff's Complaint.

**RESPONSE TO "COUNT 3 – NEGLIGENT TRAINING & SUPERVISION"**

19.

DGC incorporates by reference its responses to the allegations of the foregoing

Paragraphs 1 through 18 of Plaintiff's Complaint as if fully set forth herein.

20. – 22.

DGC denies the allegations contained in Paragraphs 20 through 22 of Plaintiff's Complaint.

### RESPONSE TO "COUNT 4 – RECOVERY OF EXPENSES OF LITIGATION PURSUANT O.C.G.A § 13-6-11"

23.

DGC denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Paragraph 24 of Plaintiff's Complaint does not appear to require a response from DGC; however, to the extent a response is required, DGC denies liability to Plaintiff for litigation expenses or attorneys' fees under O.C.G.A. § 13-6-11.

Any allegations contained in Plaintiff's Complaint not herein responded to by number, including Plaintiff's *ad damnum* and all subparts, are hereby denied.

**DEFENDANT DGC DEMANDS A TRIAL BY TWELVE-MEMBER JURY.**

This 29th day of June, 2023.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Erica L. Morton*
_____
Erica L. Morton, Esq.
Georgia Bar No.: 140869
*Attorney for Defendant Dollar General Corporation*

-6-

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
erica.morton@swiftcurrie.com

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JUDIE CHANCE,<br><br>  Plaintiff,<br><br>v.<br><br>DOLLAR GENERAL CORPORATION,<br><br>  Defendant. | Civil Action File No.: 23-A-2421 |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served counsel for the opposing party in the foregoing matter with a copy of ***Answer and Defenses of Defendant Dollar General Corporation to Plaintiff's Complaint*** via e-file, e-mail and/or by mailing to the following addresses with sufficient postage affixed thereto:

Christopher R. Miller, Esq.
Zachary Meeks, Esq.
MEEKS IMPACT LAW, LLC
410 Peachtree Pkwy, Building 400
Cumming, Georgia 30041
chris.miller@meeksimpactlaw.com
zach@meeksimpactlaw.com

This 29th day of June, 2023.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

***/s/ Erica L. Morton***

Erica L. Morton, Esq.
Georgia Bar No.: 140869
*Attorney for Defendant Dollar General Corporation*

-7-

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
erica.morton@swiftcurrie.com

-8-