# EXHIBIT "E"

# IN THE STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| JUDIE CHANCE,<br><br>　　Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC,<br><br>　　Defendant. | Civil Action File No.: 23-A-2421-7 |

## ANSWER AND DEFENSES OF DEFENDANT DOLGENCORP, LLC TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant Dolgencorp, LLC, (hereinafter referred to as "Dolgencorp") and files this, its Answer and Defenses to Plaintiff's Amended Complaint, showing this Honorable Court as follows:

### FIRST DEFENSE

Dolgencorp hereby asserts the defense of insufficiency of process.

### SECOND DEFENSE

Dolgencorp is not liable to Plaintiff because Dolgencorp breached no duty owed to Plaintiff regarding the occurrence described in Plaintiff's Amended Complaint or otherwise.

### THIRD DEFENSE

No act or omission on the part of Dolgencorp was the proximate cause of the injuries or damages sought by way of Plaintiff's Amended Complaint and therefore Plaintiff's recovery of those injuries and damages is barred.

**FOURTH DEFENSE**

To the extent the damages sought by way of Plaintiff's Amended Complaint were the result of Plaintiff's comparative and/or contributory negligence, Plaintiff's recovery against Dolgencorp is barred or should be reduced by the proportion of her negligence.

**FIFTH DEFENSE**

To the extent applicable, Plaintiff's claims are barred by the Georgia doctrine of assumption of risk.

**SIXTH DEFENSE**

Plaintiff is not entitled to recover from Dolgencorp because Plaintiff's knowledge of the alleged hazard was at least equal to any knowledge of Dolgencorp.

**SEVENTH DEFENSE**

Plaintiff's Amended Complaint fails to itemize special damages as required by O.C.G.A. § 9-11-9(g) and therefore Plaintiff's recovery of those damages is barred.

Without waiving any of the foregoing defenses and incorporating each as if set forth herein verbatim, Dolgencorp responds to the allegations contained in Plaintiff's Amended Complaint as follows:

**RESPONSE TO "PARTIES AND JURISDICTION"**

1.

Dolgencorp is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint and, therefore, cannot admit or deny same.

2. – 3.

Dolgencorp admits the allegations contained in Paragraphs 2 and 3 of Plaintiff's Amended Complaint.

## RESPONSE TO "BACKGROUND"

4. – 5.

Dolgencorp is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 4 and 5 of Plaintiff's Amended Complaint and, therefore, cannot admit or deny same.

6.

Dolgencorp denies, as pleaded, the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7.

Dolgencorp denies, as pleaded, the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint. Responding further, Dolgencorp admits that it leased, occupied and operated the store at issue and was generally responsible for maintenance of the sidewalk immediately in front of the store at issue.

8.

Dolgencorp is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint and, therefore, cannot admit or deny same.

## RESPONSE TO "COUNT 1: PREMISES LIABILITY"

9.

Dolgencorp incorporates by reference its responses to the allegations of the foregoing Paragraphs 1 through 8 of Plaintiff's Amended Complaint as if fully set forth herein.

10.

Dolgencorp is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint and, therefore, cannot admit or deny same.

11.

Dolgencorp is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint regarding Plaintiff's legal status on the property at the time of her alleged fall and, therefore, cannot admit or deny same. Responding further, Dolgencorp admits that any duties owed by it to Plaintiff on the date in question are set forth by Georgia law.

12. – 15.

Dolgencorp denies the allegations contained in Paragraphs 12 through 15 of Plaintiff's Amended Complaint.

## RESPONSE TO "COUNT 2: VICARIOUS LIABILITY"

16.

Dolgencorp incorporates by reference its responses to the allegations of the foregoing Paragraphs 1 through 15 of Plaintiff's Amended Complaint as if fully set forth herein.

17. – 18.

Dolgencorp denies, as pleaded, the allegations contained in Paragraphs 17 and 18 of Plaintiff's Amended Complaint.  Responding further, Dolgencorp admits that it is vicariously liable for the acts of omissions of its employees that were undertaken during the course and scope of their employment but expressly deny that any Dolgencorp employees were negligent as it pertains to Plaintiff's alleged fall.

**RESPONSE TO "COUNT 3 – NEGLIGENT TRAINING & SUPERVISION"**

19.

Dolgencorp incorporates by reference its responses to the allegations of the foregoing Paragraphs 1 through 18 of Plaintiff's Amended Complaint as if fully set forth herein.

20. – 22.

Dolgencorp denies the allegations contained in Paragraphs 20 through 22 of Plaintiff's Amended Complaint.

**RESPONSE TO "COUNT 4 – RECOVERY OF EXPENSES OF LITIGATION PURSUANT O.C.G.A § 13-6-11"**

23.

Dolgencorp denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24.

Paragraph 24 of Plaintiff's Complaint does not appear to require a response from Dolgencorp; however, to the extent a response is required, Dolgencorp denies liability to Plaintiff for litigation expenses or attorneys' fees under O.C.G.A. § 13-6-11 (or any other

theory of recovery).

Any allegations contained in Plaintiff's Amended Complaint not herein responded to by number, including Plaintiff's *ad damnum* and all subparts, are hereby denied.

**DOLGENCORP, LLC DEMANDS A TRIAL BY 12-MEMBER JURY.**

This 9th day of August, 2023.

                                                      Respectfully submitted,

                                                      SWIFT, CURRIE, MCGHEE & HIERS, LLP

                                                      */s/ Erica L. Morton*
                                                      _____
                                                      Erica L. Morton, Esq.
                                                      Georgia Bar No.: 140869
                                                      *Attorney for Defendant Dolgencorp, LLC*

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
erica.morton@swiftcurrie.com

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JUDIE CHANCE,<br><br>　Plaintiff,<br><br>v.<br><br>DOLGENCORP, LLC,<br><br>　Defendant. | Civil Action File No.: 23-A-2421-7 |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served counsel for the opposing party in the foregoing matter with a copy of ***Answer and Defenses of Defendant Dolgencorp, LLC to Plaintiff's Amended Complaint*** via e-file, e-mail and/or by mailing to the following addresses with sufficient postage affixed thereto:

Christopher R. Miller, Esq.
Zachary Meeks, Esq.
MEEKS IMPACT LAW, LLC
410 Peachtree Pkwy, Building 400
Cumming, Georgia 30041
chris.miller@meeksimpactlaw.com
zach@meeksimpactlaw.com

This 9th day of August, 2023.

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　SWIFT, CURRIE, MCGHEE & HIERS, LLP

　　　　　　　　　　　　　　　　　　***/s/ Erica L. Morton***
　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Erica L. Morton, Esq.
　　　　　　　　　　　　　　　　　　Georgia Bar No.: 140869
　　　　　　　　　　　　　　　　　　*Attorney for Defendant Dolgencorp, LLC*

-7-

SWIFT, CURRIE, MCGHEE & HIERS, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309-3231
Phone: (404) 874-8800
erica.morton@swiftcurrie.com