# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **FIDELITY BROKERAGE SERVICES LLC, and PETER ATOM SULLIVAN,** ) ) ) ) *Petitioners*, ) ) ) v. ) ) **FORREST W. SWEAT, JR., and SUSAN D. SWEAT,** ) ) ) ) *Respondents*. ) ) | CASE NO. _____ |

## PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF FINAL JUDGMENT DIRECTING EXPUNGEMENT

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, Fidelity Brokerage Services LLC ("Fidelity") and Peter Atom Sullivan ("Mr. Sullivan") (collectively, "Petitioners"), by and through their attorney, hereby petition this Court for an order and judgment confirming the arbitration award entered in the Financial Industry Regulatory Authority ("FINRA") Dispute Resolution Case No. 19-02624 denying Claimants' claims in their entirety and recommending that the matter be expunged from the Central Registration Depository ("CRD") registration records of Mr. Sullivan. A true and correct copy of the arbitration award dated March 9, 2023 issued in FINRA Dispute Resolution Case No. 19-02624 is attached as Exhibit A.

1

## PARTIES

1. Fidelity Brokerage Services LLC is a Delaware limited liability company with its principal place of business in Boston, Massachusetts, whose sole member is Fidelity Global Brokerage Group, Inc., a Massachusetts corporation.

2. Peter Atom Sullivan (CRD Number 5270754) is domiciled in Jacksonville, Florida, and is a citizen of the State of Florida.

3. On information and belief, Forrest W. Sweat, Jr. and Susan D. Sweat (collectively, the "Sweats") are domiciled in Georgia and are citizens of the State of Georgia.

4. Although FINRA is entitled to be named as a party to a petition for confirmation of an award, as in the case here, pursuant to FINRA Rule 2080, FINRA waived this requirement as set forth in its letter to Petitioners' counsel dated April 5, 2023, attached as Exhibit B.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Fidelity is a citizen of Massachusetts, Mr. Sullivan is a citizen of Florida, and the Sweats are citizens of Georgia. The amount in controversy is the amount sought in the

underlying arbitration. *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (finding that the district court had diversity jurisdiction to confirm the arbitration award under Section 9 of the FAA, where a party sought to confirm a zero-dollar arbitration award because the amount in controversy stated in the complaint was $3.8 million and any subsequent change to the amount in controversy did not strip the district court of jurisdiction). Therefore, the amount in controversy is $180,395.11. *See* Ex. A, p. 3.

6. Venue is proper in this district pursuant to 9 U.S.C. § 9, as the underlying arbitration took place within this district. *See, e.g., Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 120 S. Ct. 1331, 1333 (2000) (holding that the FAA's venue provisions are permissive, allowing a motion to confirm, vacate, or modify to be brought either in the district where the award was made or in any district proper under the general venue statute); *Loral Corp. v. Swiftships, Inc.*, 77 F.3d 420, 422 (11th Cir. 1996) (finding that for purposes of 9 U.S.C. § 9, the arbitration award was made in Atlanta, and jurisdiction was therefore proper in Atlanta).

## BACKGROUND

7. On or about August 29, 2019, the Sweats initiated an arbitration before FINRA styled *Forrest W. Sweat, Jr., Susan D. Sweat, individually and as owners of*

*a joint account with rights of survivorship, Forrest W. Sweat Jr. SEP-IRA, Forrest W. Sweat, Jr. Roth IRA, Susan D. Sweat Roth IRA, Susan D. Sweat Traditional IRA, Susan D. Sweat Joint WROS TOD, Forrest W. Sweat, Jr. Joint WROS TOD, and Forrest W. Sweat, Jr. Traditional IRA, v. Fidelity Brokerage Services LLC and Anthony Mesquit* (FINRA Dispute Resolution No. 19-02624) by filing a Statement of Claim against Petitioners.

8. The Sweats executed Uniform Submission Agreements on September 19, 2019, agreeing to submit all claims which may be asserted to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure. The Uniform Submission Agreement also contained the following language:

> The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

9. On December 16, 2019, Petitioners filed their Answer to the Statement of Claim, denying the allegations in their entirety. Petitioners also requested that all references to this matter be expunged from the Central Registration Depository ("CRD") records for Mr. Sullivan.

10. On December 23, 2019, three arbitrators were appointed to the Panel for this case. The Panel included J.G. Long (Chairperson); Clare R. Goldfarb (Public

4

Arbitrator), and William L. Rittenberg (Non-public Arbitrator). During the Initial Pre-hearing Conference held on January 30, 2020, the parties accepted the composition of the Panel. On January 3, 2023, Clare R. Goldfarb withdrew from the Panel. On January 11, 2023, the parties stipulated to use a short list option to select a replacement arbitrator. On January 13, 2023, FINRA notified the parties that Michael J. Ahlstrom (Public Arbitrator) was the replacement arbitrator.

11. On January 17-18, 2023, a hearing was conducted in Atlanta, Georgia at which time the Sweats and Petitioners duly appeared and submitted their proofs.

12. During the January 17-18, 2023 hearing, Claimants stipulated that Anthony Mesquit (CRD Number 5210309) was wrongfully named in the Statement of Claim and voluntarily dismissed him from the case.

13. On March 9, 2023, the arbitration Panel issued the decision and award in favor of Petitioners (the "Award") and recommending expungement. A true and correct copy of the Award is attached as Exhibit A.

14. The Award denied Claimants' claims in their entirety. *See* Ex. A, p. 4.

15. In compliance with FINRA Rule 2080, the Award contained the following "Rule 2080 affirmative finding of fact" with respect to Mr. Sullivan: "Sullivan participated in Claimants' investment-related sales complaint against

Fidelity. However, the Panel unanimously agreed that the allegations and charges were factually false, therefore expungement is proper." Ex. A, p. 5.

## COUNT ONE
### (Confirm Arbitration Award under the Federal Arbitration Act)

The FAA provides that at "any time within one year after the award is made any party to the arbitration may apply to the court [ . . . ] for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected . . . .". 9 U.S.C. § 9.[1] Judicial review of an arbitration award is narrowly limited under the FAA and the Court must confirm the award "unless the award is vacated, modified, or corrected" as provided by Sections 10 and 11 of the FAA. *Daniel v. Chase Bank USA, N.A.*, 650 F. Supp. 2d 1275, 1292 (N.D. Ga. 2009); *Careminders Home Care, Inc. v. Kia nka*, 666 F. App'x 832, 834 (11th Cir. 2016) (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002)); *Smith v. Int'l Bus. Machines Corp.*, 2022 WL 1720140, at *2 (N.D. Ga. May 27, 2022), *aff'd,* 2023 WL 3244583 (11th Cir. May 4, 2023) ("The FAA establishes a strong presumption that arbitration awards will be confirmed."). The "confirmation

---

[1] While the FAA controls, Georgia law is in accord. *See* Ga. Code Ann. § 9-9-12 ("The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified by the court as provided in this part.")

6

of an arbitration award is intended to be summary in nature." *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932 (11th Cir. 1990).

This petition is brought within one year after the delivery of the Award to the parties. The Award has not been vacated or modified by order of any court of competent jurisdiction and is still in full force and effect. *See* 9 U.S.C. § 9; *see also Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989) (holding that "the failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the [FAA] bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the [FAA] to confirm the award."). Because there are no grounds on which the Award could be vacated or modified, it should be summarily confirmed.

## CONCLUSION

WHEREFORE, Petitioners seek an order confirming the Arbitration Award and entry of judgment upon the Arbitration Award, directing the expungement of all references to the FINRA Arbitration and Occurrence Number 1992442 from Mr. Sullivan's CRD records (CRD Number 5270754), and any further relief this Court may deem just and proper.

Respectfully submitted this 9th day of August, 2023.

           */s/ Matthew J. Bowness*
           Matthew J. Bowness
           (Georgia Bar No. 396054)
           MAYNARD NEXSEN PC
           1901 Sixth Avenue North, Suite 1700
           Birmingham, AL 35203
           Telephone: (205) 254-1863
           Email: mbowness@maynardcooper.com

           *Counsel for Petitioners Fidelity Brokerage*
           *Services LLC and Peter Atom Sullivan*