**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

<u>Claimants</u>
Forrest W. Sweat Jr. SEP-IRA
Forrest W. Sweat, Jr.-Roth IRA
Forrest W. Sweat, Jr. Traditional IRA
Forrest W. Sweat, Jr.-Joint WROS TOD
Susan D. Sweat-Roth IRA
Susan D. Sweat Traditional IRA
Susan D. Sweat-Joint WROS TOD
Forrest W. Sweat, Jr.
Susan D. Sweat

<u>Case Number</u>: 19-02624

vs.

<u>Respondents</u>
Fidelity Brokerage Services LLC
Anthony Mesquit

<u>Hearing Site</u>: Atlanta, Georgia

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customers vs. Member and Associated Person

This case was decided by a majority-public panel.

## REPRESENTATION OF PARTIES

For Claimants Forrest W. Sweat Jr. SEP-IRA ("Forrest Sweat SEP-IRA"), Forrest W. Sweat, Jr.-Roth IRA ("Forrest Sweat Roth IRA"), Forrest W. Sweat, Jr. Traditional IRA ("Forrest Sweat Traditional IRA"), Forrest W. Sweat, Jr.-Joint WROS TOD ("Forrest Sweat WROS TOD"), Susan D. Sweat-Roth IRA ("Susan Sweat Roth IRA"), Susan D. Sweat Traditional IRA ("Susan Sweat Traditional IRA"), Susan D. Sweat WROS TOD ("Susan Sweat WROS TOD"), Forrest W. Sweat, Jr. ("Forrest Sweat"), and Susan D. Sweat ("Susan Sweat"): Charles M. Dalziel, Jr., Esq., Dalziel Law Firm, Marietta, Georgia.

Hereinafter, Forrest Sweat SEP-IRA, Forrest Sweat Roth IRA, Forrest Sweat Traditional IRA, Forrest Sweat WROS TOD, Susan Sweat Roth IRA, Susan Sweat Traditional IRA, Susan Sweat WROS TOD, Forrest Sweat, and Susan Sweat are collectively referred to as "Claimants".

For Respondents Fidelity Brokerage Services LLC ("Fidelity") and Anthony Mesquit ("Mesquit"): Peter S. Fruin, Esq., Maynard, Cooper & Gale, P.C., Birmingham, Alabama.

Hereinafter, Fidelity and Mesquit are collectively referred to as "Respondents".

## CASE INFORMATION

Statement of Claim filed on or about: August 29, 2019.
Claimants signed the Submission Agreement: September 17, 2019.

Statement of Answer filed by Respondents on or about: December 16, 2019.
Mesquit signed the Submission Agreement: December 12, 2019.
Fidelity signed the Submission Agreement: December 16, 2019.

## CASE SUMMARY

In the Statement of Claim, Claimants asserted the following causes of action: equitable accounting in accordance with fiduciary duty; breach of fiduciary duty; breach of implied duty of good faith and fair dealing; fraud; negligent misrepresentation; failure to supervise; and aiding and abetting breach of fiduciary duty. The causes of action relate to the eight accounts that Forrest Sweat and Susan Sweat maintained with Fidelity.

Unless specifically admitted in the Statement of Answer, Respondents denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimants requested:
1. An award against Respondents for all losses Claimants have incurred because of the Respondents' breaches of fiduciary duty, breaches of contract and FINRA Rules, fraud and/or negligent misrepresentation, failure to supervise and/or aiding and abetting breach of fiduciary duty, as shown by the accounting;
2. In the name of the Forrest Sweat SEP-IRA and Forrest Sweat as its owner, an award against Respondents in an amount to be proven at the hearing for losses sustained as a proximate result of the breaches of fiduciary duty, and an award against Respondents, who have been unfaithful agents to the Forrest Sweat SEP-IRA and its owner Forrest Sweat, in the amount of all compensation Respondents received on the Forrest Sweat SEP-IRA account, pursuant to Official Code of Georgia Annotated ("O.C.G.A") section 10-6-31;
3. In the names of Forrest Sweat and Susan Sweat, an award against Respondents in an amount to be proven at the hearing for losses sustained as a proximate result of the breaches of fiduciary duty, and an award against Respondents who have been unfaithful agents to Forrest Sweat and Susan Sweat in relation to their joint account, in the amount of all compensation Respondents received on the joint account, pursuant to O.C.G.A. section 10-6-31;
4. An award against Respondents for their breaches of contract and implied duty of good faith and fair dealing in an amount to be proven at the hearing;
5. An award against Respondents for fraud and/or negligent misrepresentation in an amount to be proven at the hearing;
6. An award against Fidelity for their breach of duty to supervise and for their aiding and abetting the breaches of fiduciary duty by Unnamed Party Peter Atom Sullivan

   ("Sullivan") and Mesquit, in an amount to be proven at the hearing;
7. An award against Respondents under O.C.G.A.13-6-11 for their expenses of litigation, including reasonable attorneys' fees, accounting costs, and expert charges;
8. A separate award in favor of Claimants and against each Respondent that the Panel finds acted with a specific intent to harm Forrest Sweat and Susan Sweat for punitive damages in the amount deemed appropriate by the Panel to punish and penalize that Respondent and to deter that Respondent form ever against committing the acts described above, the amount being above $250,000.00 and without cap;
9. A separate award in favor of Claimants and against each Respondent the Panel finds acted without a specific intent to harm Forrest Sweat and Susan Sweat, but did act with an entire want of care that demonstrates conscious indifference to the consequences of Respondents' actions, and/or acted willfully, fraudulently, wantonly, and/or oppressively, for punitive damages in the maximum amount at the cap amount of $250,000.00; and
10. Such other and further relief as the Panel deems proper.

Claimants also included the following:

"NOTE: BECAUSE THE DAMAGES CLAIMANTS WILL ULTIMATELY SEEK ARE SUBJECT TO THE ACCOUNTING AND ARE INHERENTLY UNLIQUIDATED AT THIS POINT FOR FINRA PURPOSES, THE AMOUNTS CLAIMED BY VARIOUS CLAIMANTS MUST BE CATEGORIZED AS '[UNSPECIFIED].'

In the Statement of Answer, Respondents requested:
1. Rejection of Claimants' Statement of Claim in its entirety;
2. Expungement of all references to this matter from the Central Registration Depository ("CRD") registration records of Mesquit; and
3. Expungement on behalf of Unnamed Party Sullivan of all references to this matter from his CRD records.

At the hearing, Claimants requested:
1. $100,217.00 in compensatory damages for the Forrest Sweat and Susan Sweat joint account;
2. $80,178.11 in compensatory damages for the Forrest Sweat SEP-IRA; and
3. Withdrawal of all of their claims except for the breach of fiduciary duties.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

At the evidentiary hearings held on January 17-18, 2023, Claimants stipulated that Mesquit was wrongfully named in the Statement of Claim and voluntarily dismissed him from the case. Therefore, the Panel made no determination with respect to any of the relief requests contained in the Statement of Claim as they pertain to Mesquit.

During the evidentiary hearing, Respondents filed a Motion for Expungement on behalf of Mesquit and Unnamed Party Sullivan.

The Panel conducted a recorded, in-person hearing on January 18, 2023, so the parties could present oral argument and evidence on Mesquit and Sullivan's requests for expungement.

Claimants participated in the expungement hearing. Claimants did not oppose Mesquit's expungement request, but did oppose Sullivan's request for expungement.

The Panel reviewed Mesquit and Sullivan's BrokerCheck® Reports.

In recommending expungement, the Panel relied upon the following documentary or other evidence: Mesquit's BrokerCheck® Report; Sullivan's BrokerCheck® Report; the exhibits in the case; and testimonies from witnesses.

The Award in this matter may be executed in counterpart copies.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimants' claims are denied in their entirety.

2. The Panel recommends the expungement of all references to the above-captioned arbitration (Occurrence Number 1992272) from registration records maintained by the CRD for Respondent Anthony Mesquit (CRD Number 5210309) with the understanding that, pursuant to Notice to Members 04-16, Respondent Anthony Mesquit must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

   The Panel also recommends the expungement of all references to the above-captioned arbitration (Occurrence Number 1992442) from registration records maintained by the CRD for Unnamed Party Peter Atom Sullivan (CRD Number 5270754) with the understanding that, pursuant to Notice to Members 04-16, Unnamed Party Peter Atom Sullivan must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

   Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

   Pursuant to Rule 12805 of the Code of Arbitration Procedure ("Code"), the Panel has made the following Rule 2080 affirmative findings of fact:

   > The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds.

   > The claim, allegation, or information is false.

   The Panel has made the above Rule 2080 findings based on the following reasons:

    For Mesquit, the Panel has determined, after hearing all evidence presented at the hearing, and concluded that Mesquit was not a participant in Claimants' investment-related sales complaint against Fidelity, naming Mesquit as a respondent. The Panel determined that the charges were clearly erroneous and factually false, therefore expungement is correct and proper. During the hearing, the parties agreed that Mesquit did not participate in the investment and also agreed to drop him as a respondent. The full Panel ruled in favor of expungement for Mesquit.

    For Sullivan, the Panel has determined, after hearing all evidence presented at the hearing and reviewing the documents filed by the parties, and concluded that Sullivan participated in Claimants' investment-related sales complaint against Fidelity. However, the Panel unanimously agreed that the allegations and charges were factually false, therefore expungement is proper. The full Panel ruled in favor of expungement for Sullivan.

3. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages and attorneys' fees, are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | =$ 1,575.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Fidelity is assessed the following:

| | |
|---|---|
| Member Surcharge | =$ 1,900.00 |
| Member Process Fee | =$ 3,750.00 |

### Postponement Fees
Postponements granted during these proceedings for which fees were assessed or waived:

| | |
|---|---|
| February 16-19, 2021, postponement requested by parties | = WAIVED |
| March 7-11, 2022, postponement requested by Claimants | =$ 1,125.00 |
| January 16, 2023, postponement requested by parties | =$ 1,125.00 |
| Total Postponement Fees | =$ 2,250.00 |

The Panel has assessed $1,687.50 of the postponement fees jointly and severally to Claimants.

The Panel has assessed $562.50 of the postponement fees to Fidelity.

**Last-Minute Cancellation Fees**
Fees apply when a hearing on the merits is cancelled within ten calendar days before the start of a scheduled hearing session:

| | | |
|---|---|---|
| January 16, 2023, cancellation requested by parties | = | WAIVED |

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrators, including a pre-hearing conference with the Arbitrators, which lasts four (4) hours or less. Fees associated with these proceedings are:

One (1) pre-hearing session with the Panel @ $1,125.00/session =$ 1,125.00
Pre-Hearing Conference:   January 30, 2020         1 session

Four (4) hearing sessions @ $1,125.00/session =$ 4,500.00
Hearings:          January 17, 2023      2 sessions
                   January 18, 2023      2 sessions
_____
Total Hearing Session Fees =$ 5,625.00

The Panel has assessed $2,812.50 of the hearing session fees jointly and severally to Claimants.

The Panel has assessed $2,812.50 of the hearing session fees jointly and severally to Respondents.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| J.G. Long | - | Public Arbitrator, Presiding Chairperson |
| Michael J. Ahlstrom | - | Public Arbitrator |
| William L. Rittenberg | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**


*J.G. Long*                                                              03/09/2023
J.G. Long                                                                Signature Date
Public Arbitrator, Presiding Chairperson


*Michael J. Ahlstrom*                                              03/09/2023
Michael J. Ahlstrom                                                Signature Date
Public Arbitrator


*William L. Rittenberg*                                            03/09/2023
William L. Rittenberg                                              Signature Date
Non-Public Arbitrator


Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

March 09, 2023
Date of Service (For FINRA Dispute Resolution Services use only)