# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STANDARD INSURANCE COMPANY | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )<br>) |
| JOHNNIE KIMBLE ALSTON, D'ANDREA PENNAMON-MUHAMMAD, JASMINE BROWN, DARIUS BARNWELL, ASIA PENNAMON, AALIYAH PENNAMON, KEON SMITH, J.N.S. (a minor), J.S. III (a minor), Z.R.P. (a minor), K.E.A. (a minor), M.M.A. (a minor), and J.K.A. (a minor) | )<br>)<br>)  CIVIL ACTION<br>)  FILE NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants | ) |

## **COMPLAINT IN INTERPLEADER**

Plaintiff Standard Insurance Company ("Standard") files this Complaint in Interpleader.

## **PARTIES**

1. Standard is a corporation organized under the laws of the State of Oregon, with its principal place of business in Portland, Oregon. Standard is duly licensed to do business in the State of Georgia.

2. Upon information and belief, Defendant Johnnie Kimble Alston ("Alston") is the surviving spouse of Alicia Alston ("the Decedent"), and is a citizen of the State of Georgia, currently incarcerated at the Clayton County Jail in Jonesboro, Georgia.

3. Upon information and belief, Defendant D'Andrea Pennamon-Muhammad is a citizen of the State of Florida, residing in Riverview, Florida.

4. Upon information and belief, Defendant Jasmine Brown is a citizen of the State of Georgia, residing in McDonough, Georgia.

5. Upon information and belief, Defendant Darius Barnwell is a citizen of the State of Florida, residing in Tampa, Florida.

6. Upon information and belief, Defendant Asia Pennamon is a citizen of the State of Virginia, residing in Chesapeake, Virginia.

7. Upon information and belief, Defendant Aaliyah Pennamon is a citizen of the State of Georgia, residing in McDonough, Georgia.

8. Upon information and belief, Defendant Keon Smith is a citizen of the State of Georgia, residing in McDonough, Georgia.

9. Upon information and belief, Defendant J.N.S. (a minor) is a citizen of the State of Georgia, residing in McDonough, Georgia.

10. Upon information and belief, Defendant J.S. III (a minor) is a citizen of the State of Georgia, residing in McDonough, Georgia.

11. Upon information and belief, Defendant Z.R.P. (a minor) is a citizen of the State of Georgia, residing in McDonough, Georgia.

12. Upon information and belief, Defendant K.E.A. (a minor) is a citizen of the State of Georgia, residing in McDonough, Georgia.

13. Upon information and belief, Defendant M.M.A. (a minor) is a citizen of the State of Georgia, residing in McDonough, Georgia.

14. Upon information and belief, Defendant J.K.A. (a minor) is a citizen of the State of Georgia, residing in McDonough, Georgia.

## **JURISDICTION AND VENUE**

15. This Interpleader action is brought pursuant to 28 U.S.C. § 1335 because multiple Defendants of diverse citizenship are claiming entitlement to life insurance benefits in Standard's possession the value of which exceeds $500.00, and which Standard will deposit into this Court's Registry upon issuance of an order permitting it to do so.

16. This Court has original jurisdiction pursuant to 29 U.S.C § 1132(e)(1) and 28 U.S.C. §1331 because this action arises under the Employee Retirement

Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

17.    Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because multiple Defendants reside in this district and are subject to this Court's personal jurisdiction.

## CAUSE OF ACTION IN INTERPLEADER

18.    The Decedent was an employee of Emory Healthcare ("Emory") and had coverage for Basic Life Insurance, Supplemental Life Insurance, and Accidental Death and Dismemberment ("AD&D") Insurance under Emory's group life insurance plan ("the Plan").

19.    The Plan is an ERISA-regulated employee welfare benefit plan sponsored and maintained by Emory and funded by group life insurance policy no. 647272-B ("the Group Policy") issued by Standard to Emory as the Group Policyholder. A copy of the Group Policy is attached as **Exhibit A**.

20.    Standard, as a claim fiduciary of the Plan, must administer claims in accordance with the documents and instruments governing the Plan, including the Group Policy, and ERISA.

21.    The Group Policy states the following regarding the designation of, and payment to, a Beneficiary:

    B.    Naming A Beneficiary

> Beneficiary means a person you name to receive death benefits. You may name one or more Beneficiaries . . . .
>
> If you do not name a Beneficiary . . . death benefits payable due to your death for [the] Plan will be paid in accordance with D. No Surviving Beneficiary, below . . . .
>
> D.   No Surviving Beneficiary
>
> If you do not name a Beneficiary, or if you are not survived by one, benefits will be paid in equal shares to the first surviving class of the classes below.
>
> 1. Your Spouse . . .
>
> 2. Your children.
>
> 3. Your parents.
>
> 4. Your brothers and sisters.
>
> 5. Your estate.

See **Exhibit A** at pp. 34-35.

22.   ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

23.   ERISA requires a claim fiduciary to pay benefits to a beneficiary "in accordance with the documents and instruments governing the plan." 29 U.S.C. §

5

1104(a)(1)(D).

24. The Decedent died on December 30, 2022. The Decedent's certified Georgia Death Certificate identified the manner of death as "homicide," the immediate cause of death as "gunshot wound of the right thigh," and described the Decedent as being "shot by other(s)." A copy of the Decedent's certified Georgia Death Certificate is attached as **Exhibit B**.

25. On or about January 4, 2023, Alston was arrested by the Riverdale Police Department in Jonesboro, Georgia, and charged with several criminal offenses, including murder of the Decedent. A copy of Alston's "Inmate details" is attached as **Exhibit C**.

26. On or about March 10, 2023, Alston was indicted by a grand jury for the charge of murdering the Decedent. A copy of a Magistrate Court Criminal Case Inquiry showing the indictment is attached as **Exhibit D**.

27. At the time of her death, the Decedent was enrolled in the Plan for a total of $43,000 in Basic Life Insurance, $160,000 in Supplemental Life Insurance, and $190,000 in AD&D Insurance (collectively, "the Plan benefits"). The Plan benefits became payable to the Decedent's beneficiary or beneficiaries upon the Decedent's death under the terms of the Plan and ERISA.

28. The Decedent named all of the Defendants as beneficiaries to receive

various percentages of the Plan benefits, as shown here:

| | BASIC LIFE $43,000 % | BASIC LIFE AMOUNT PER BENEFICIARY | SUPP. LIFE $160,000 % | SUPP. LIFE AMOUNT PER BENEFICIARY | AD&D $190,000 | TOTAL $393,000 |
|---|---|---|---|---|---|---|
| JOHNNIE KIMBLE ALSTON | 20 | $8,600.00 | 16 | $25,600 | $30,400.00 | $64,600 |
| D'ANDRE PENNAMON-MUHAMMAD | 5 | $2,150.00 | 7 | $11,200 | $13,300.00 | $26,650 |
| JASMINE BROWN | 5 | $2,150.00 | 7 | $11,200 | $13,300.00 | $26,650 |
| DARIUS BARNWELL | 5 | $2,150.00 | 7 | $11,200 | $13,300.00 | $26,650 |
| ASIA PENNAMON | 5 | $2,150.00 | 7 | $11,200 | $13,300.00 | $26,650 |
| AALIYAH PENNAMON | 5 | $2,150.00 | 7 | $11,200 | $13,300.00 | $26,650 |
| KEON SMITH | 5 | $2,150.00 | 7 | $11,200 | $13,300.00 | $26,650 |
| J.N.S. | 5 | $2,150.00 | 7 | $11,200 | $13,300.00 | $26,650 |
| J.S., III | 5 | $2,150.00 | 7 | $11,200 | $13,300.00 | $26,650 |
| Z.R.P. | 10 | $4,300.00 | 7 | $11,200 | $13,300.00 | $28,800 |
| K.E.A. | 10 | $4,300.00 | 7 | $11,200 | $13,300.00 | $28,800 |
| M.M.A. | 10 | $4,300.00 | 7 | $11,200 | $13,300.00 | $28,800 |
| J.K.A. | 10 | $4,300.00 | 7 | $11,200 | $13,300.00 | $28,800 |

| |
|---|
| OUTSTANDING |
| PAID IN FULL |

29. Defendants D'Andrea Pennamon-Muhammad, Jasmine Brown, Darius Barnwell, Asia Pennamon, Aaliyah Pennamon, Keon Smith, J.N.S. (a minor), J.S. III (a minor), Z.R.P., K.E.A. (a minor), M.M.A. (a minor), and J.K.A. (a minor) submitted claims to Standard for the Plan benefits.  Copies of these Defendants' Beneficiary Statements are attached as **Exhibit E**.

30. In accordance with the Decedent's beneficiary designations, Standard paid the appropriate assigned percentages of the Plan benefits to Defendants

D'Andrea Pennamon-Muhammad, Jasmine Brown, Darius Barnwell, Asia Pennamon, Aaliyah Pennamon, Keon Smith, J.N.S. (a minor), J.S. III (a minor), Z.R.P. (a minor), K.E.A. (a minor), M.M.A. (a minor), and J.K.A. (a minor). Copies of letters showing Standard's payment of the Plan benefits to these Defendants and/or their guardians are attached as **Exhibit F**.

31. Georgia's "slayer statute," O.C.G.A. § 33-25-13, provides as follows:

No person who commits murder or voluntary manslaughter or who conspires with another to commit murder shall receive any benefits from any insurance policy on the life of the deceased, even though the person so killing or conspiring be named beneficiary in the insurance policy. A plea of guilty or a judicial finding of guilt not reversed or otherwise set aside as to any of such crimes shall be prima-facie evidence of guilt in determining rights under this Code section. All right, interest, estate, and proceeds in such an insurance policy shall go to the other heirs of the deceased who may be entitled thereto by the laws of descent and distribution of this state, unless secondary beneficiaries be named in the policy, in which event such secondary beneficiaries shall take.

32. By letters dated April 14, 2023, May 5, 2023, June 2, 2023, and July 3, 2023, Standard wrote to Alston at the Clayton County Jail, informing him of Standard's understanding that Alston had been charged in the death of the Decedent, and that under Georgia law he may be disqualified as a beneficiary of the Plan benefits. Standard offered Alston the opportunity to disclaim his portion of the Plan Benefits. To date, Alston has not responded to Standard's letters.

Copies of the April 14, 2023, May 5, 2023, June 2, 2023, and July 3, 2023 letters, and their enclosures, are attached as **Exhibit G**.

33. Due to uncertain issues of fact and law, and the adverse and conflicting claims of Alston and the other Defendants, Standard is subject to multiple vexation, litigation, and/or liability with respect to the remaining unpaid portion of the Plan benefits. The amount of unpaid Plan benefits at issue is Sixty Four Thousand Six Hundred Dollars and 00/100 ($64,600.00) – see Paragraph 28 above.

34. Specifically, because Alston has been charged with murdering the Decedent his claim to the remaining portion of the Plan benefits may be barred by the slayer statute.

35. If Alston's claim is barred, under the terms of the Plan, the remaining unpaid Plan benefits would be payable to D'Andrea Pennamon-Muhammad, Jasmine Brown, Darius Barnwell, Asia Pennamon, Aaliyah Pennamon, Keon Smith, J.N.S. (a minor), J.S. III (a minor), Z.R.P. (a minor), K.E.A. (a minor), M.M.A. (a minor), and J.K.A. (a minor), the Decedent's twelve surviving children, in equal shares.

36. As a disinterested stakeholder, Standard has no interest in the Plan benefits aside from payment thereof in accordance with the terms of the Group

Policy, the Plan, and ERISA, and recovery of its reasonable attorney's fees, and respectfully requests that this Court determine to whom the remaining Plan benefits should be paid.

37. Standard is ready, willing and able to pay the remaining Plan benefits, plus applicable interest, in accordance with the terms of the Plan, in such amounts and to whomever the Court shall designate.

38. Standard will deposit into the Registry of the Court the remaining Plan benefits due and owing under the Plan, for disposition in accordance with the Judgment of the Court.

WHEREFORE Plaintiff-in-Interpleader Standard Life Insurance Company prays:

(a) That its Complaint-in-Interpleader be allowed;

(b) That Alston, D'Andrea Pennamon-Muhammad, Jasmine Brown, Darius Barnwell, Asia Pennamon, Aaliyah Pennamon, Keon Smith, J.N.S. (a minor), J.S. III (a minor), Z.R.P. (a minor), K.E.A. (a minor), M.M.A. (a minor), and J.K.A. (a minor) be directed and required to interplead in this action and to set forth in this case any claims which they may have or may wish to assert to the Plan benefits;

(c) That Alston, D'Andrea Pennamon-Muhammad, Jasmine Brown, Darius Barnwell, Asia Pennamon, Aaliyah Pennamon, Keon Smith, J.N.S. (a minor), J.S.

III (a minor), Z.R.P. (a minor), K.E.A. (a minor), M.M.A. (a minor), and J.K.A. (a minor) be temporarily and permanently restrained from instituting or prosecuting any claim or action against Standard in any State or United States court pertaining to the Plan benefits, except by way of interpleader in this action;

(d) That Standard be authorized to deposit into the Registry of this Court the Plan benefits, and that an order be entered discharging Standard and the Plan from any further liability for the Plan benefits;

(e) That this Court determine all actual and potential claims to the Plan benefits and give direction as to the proper recipient of the Plan benefits;

(f) That Standard be dismissed from this action with prejudice;

(g) That Standard be awarded its reasonable attorney's fees; and

(h) That Standard have such other and further relied to which it may be entitled.

This 9th day of August, 2023.

                WOMBLE BOND DICKINSON (US) LLP

                By:   */s/ Aaron E. Pohlmann*
                        Aaron E. Pohlmann
                        Georgia Bar No. 582685
                        Brendan H. White

Georgia Bar No. 458315

271 17th Street N.W.
Suite 2400
Atlanta, Georgia 30363
Telephone:  (404) 872-7000
Facsimile:   (404) 888-7490
Email: Aaron.Pohlmann@wbd-us.com
          Brendan.White@wbd-us.com

*Attorneys for Standard Insurance Company*