# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| REGINALD E. ROBINSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | _____ |
| OUTBACK STEAKHOUSE OF ) | |
| FLORIDA, LLC, ) | [On Removal from State Court of |
| ) | DeKalb County, Civil Action No. |
| Defendant. ) | 22A03046] |
| ) | |
| ) | **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendant OUTBACK STEAKHOUSE OF FLORIDA, LLC hereby removes the above-captioned action, filed by Plaintiff REGINALD E. ROBINSON, SR. ("**Plaintiff**") in the State Court of DeKalb County, in the State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing the Court as follows:

1

## GROUNDS FOR REMOVAL

1. Plaintiff commenced the action styled *Reginald E. Robinson, Sr. v. The Arnold Foundation, Inc., Outback Steakhouse International, L.P., Outback Steakhouse of Florida, LLC, ABC Corp. #1-3, and John Does #1-3,* File No. 22A03046, by filing a complaint in the State Court of DeKalb County, in the State of Georgia, (the "**State Court Action**") on August 11, 2022. (See Complaint for Damages, attached at **Exhibit "1"**). "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C.A. § 1441.

2. The United States District Court for the Northern District of Georgia, Atlanta Division, is the appropriate court for filing this Notice of Removal under 28 U.S.C. § 1446(a), as it is the district court for the district and division within which the State Court Action is pending.

3. Plaintiff's lawsuit arises from an alleged "fall" accident that occurred at Outback Steakhouse of Florida, LLC, a restaurant located at 2145 Lavista Road, Atlanta, Georgia 30329, in DeKalb County, Georgia on November 19, 2021. (See Complaint, ¶¶ 8-9). In Plaintiff's Complaint, Plaintiff sets forth two "Counts" – one for "Active Negligence" and one for "Premises Liability" – wherein Plaintiff seeks

damages from Outback Steakhouse of Florida, LLC for its alleged failures to use reasonable care in keeping its premises safe and/or provide appropriate notice/warning to invitees. (See Complaint, ¶¶ 14-24). Plaintiff seeks damages in the form of pain and suffering, loss of consortium, lost capacity for the enjoyment of life, lost ability to work, lost wages, and medical care, diagnosis, and treatment in excess of $11,906.00. (See Complaint, ¶ 12). Plaintiff further contends that "Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future." (See Complaint, ¶ 12).

4. As detailed below, the State Court Action must be removed to this Court because all procedural requirements for removal are satisfied; there is complete diversity of citizenship between Plaintiff and Defendant; and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. §§ 1441, 1446, and 1332.

5. When the Complaint was filed, Plaintiff was a resident/domiciled in the State of Georgia, so that Plaintiff is a citizen of Georgia. (See Complaint, ¶ 1). See, e.g., Ennis v. Smith, 55 U.S. 400, 423 (1852) ("Where a person lives, is taken prima facie to be his domicile, until other facts establish the contrary."); McCormick v.

Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

6. When Plaintiff's Complaint was initially filed, Defendants The Arnold Foundation, Inc. and Outback Steakhouse International, L.P. were citizens of Georgia. On November 10, 2022, The Arnold Foundation, Inc. was dismissed from this cause of action. (See Order Dismissing The Arnold Foundation, Inc., attached at **Exhibit "2"**). On May 25, 2023, Outback Steakhouse International, L.P. was dismissed from this cause of action. (See Order Granting Consent Motion to Dismiss Outback Steakhouse International, L.P., attached at **Exhibit "3"**). In Paragraph 3 of Plaintiff's Complaint, Plaintiff alleges that Outback Steakhouse of Florida, LLC is a foreign limited liability company.

7. On June 14, 2007, Outback Steakhouse of Florida, Inc., a Florida corporation, filed a certificate of conversion and articles of organization with the Florida Secretary of State converting to a Florida limited liability company, Outback Steakhouse of Florida, LLC. (See Certificate of Conversion, attached at **Exhibit "4"**). Outback Steakhouse of Florida, LLC is wholly owned by OSI Restaurant Partners, LLC, a limited liability company with a principal office in Florida and incorporated in Delaware. (See Application for Authorization to Transact Business in Florida, attached at **Exhibit "5"**). OSI Restaurant Partners, LLC is wholly owned

by OSI HoldCo, Inc., corporation with a principal office in Florida and incorporated in Delaware.  (See Massachusetts Business Entity Summary on OSI HoldCo, Inc., attached at **Exhibit "6"**).  Thus, the only member of Outback Steakhouse of Florida, LLC was another limited liability company, OSI Restaurant Partners, LLC.  The only member of OSI Restaurant Partners, LLC was OSI HoldCo, Inc., a corporation incorporated in Delaware and with its principal office in Florida.  Accordingly, Outback Steakhouse of Florida, LLC is a foreign corporation for purposes of 28 U.S.C. §§ 1441 and 1332.  See 28 U.S.C. § 1332(c).  "The federal appellate courts that have answered this question have all answered it in the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

8.   Based on the above, under 28 U.S.C. § 1332, there is complete diversity of citizenship between Plaintiff, a Georgia citizen, and Defendant Outback Steakhouse of Florida, LLC, whose sole corporate member is a citizen of Florida and Delaware.

9.   Plaintiff's Complaint specifically seeks medical expenses in excess of $11,906.00, but also alleges that "… economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages

5

in the future." (*See* Complaint, ¶ 12). Thus, it was difficult to determine facially from Plaintiff's Complaint whether the amount in controversy in this matter exceeds $75,000.

10. Where the pleadings are inadequate to demonstrate that the amount in controversy is met, the Court may review the record to find evidence thereof. Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). "As a threshold matter, § 1446(a) answers the question of *how* removal is accomplished, stating that a defendant may remove any 'civil action' by filing a notice of removal, signed pursuant to the good faith requirements of Rule 11, which contains 'a short and plain statement of the grounds for removal.'" Lowery v. Alabama Power Co., 483 F.3d 1184, 1211–15 (11th Cir. 2007). "Section 1446(b) then answers the question of *when* an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of 'a copy of an amended pleading, motion, order or other paper.'" Id. The Lowery court then defined types of "other paper", as follows: responses to request for admissions; settlement offers; interrogatory responses; deposition testimony; demand letters; and email estimating damages. Id. (citations omitted). "Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for removal." Id.

11. O.C.G.A. § 9-11-9 requires "When items of special damage are claimed, they shall be specifically stated." Here, Plaintiff failed to specifically state his special damages. While Plaintiff provided some information on past medical expenses, Plaintiff provided no specifically stated damages on future medical expenses and Plaintiff's lost wages claim. Plaintiff, in fact, did not even specifically state his claim for past medical expenses; instead, Plaintiff indicated that the medical expenses were in "excess" of $11,906.00. Outback Steakhouse of Florida, LLC sent Interrogatories and Requests for Production of Documents to the Plaintiff on December 12, 2022, to determine Plaintiff's damages specifically. In response to Outback Steakhouse of Florida, LLC's Interrogatories, Plaintiff responded that his medical specials were, at least, $20,783.00. (See Plaintiff's Responses to Outback Steakhouse of Florida, LLC's Interrogatories, ¶ 19, attached at **Exhibit "7"**).

12. Because there was some uncertainty as to how much money Plaintiff was seeking in damages, Outback Steakhouse of Florida, LLC sent Request for Admissions to the Plaintiff. Outback Steakhouse of Florida, LLC wanted to determine whether Plaintiff was seeking in damages more or less than $50,000.00, $100,000.00, and/or $250,000.00. In response to such Request for Admissions, Plaintiff objected on the grounds that such requests exceeded the scope of O.C.G.A. § 9-11-36 and that such requests were a genuine issue for trial. Further, Plaintiff

refused to answer the request; instead, stating that Plaintiff was unable to admit or deny how much his damages were and that such inquiries were inappropriate for request for admissions and should be left to the jury for determination.  (See Plaintiff's Responses to Outback Steakhouse of Florida, LLC's First Request for Admissions, ¶¶ 14-20, attached at **Exhibit "8"**)

13. Not long after the Plaintiff's deposition and immediately prior to the close of discovery, on July 28, 2023, Plaintiff made a settlement demand upon Outback Steakhouse of Florida, LLC in the total amount of $400,000.00.  (See Settlement Demand Email from Plaintiff's Counsel, attached at **Exhibit "9"**.)  Then, on August 9, 2023, Plaintiff filed an Offer of Settlement with the Court, pursuant to O.C.G.A. § 9-11-68, to settle this matter for $400,000.00.  (See Plaintiff's Offer of Settlement, attached at **Exhibit "10"**.)

14. The Eleventh Circuit has held that removing defendants may rely on a plaintiff's valuation of the case to establish the amount in controversy, unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002). In Gallion v. Zoe's Restaurants, LLC, 524 F. Supp. 3d 1236, 1242 (M.D. Ala. 2021), the United States District Court for the Middle District of Alabama held: "There is little dispute that '[a] settlement offer can constitute an 'other paper' within

the meaning of 28 U.S.C. § 1446(b)[.]'" Id. at 1242 (citing Lowery).  "While [a] settlement offer, by itself, may not be determinative, it counts for something." Id.  In Gallion, the court found the measure of damages set out in that settlement letter unambiguously establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Id.   In Saberton v. Sears Roebuck & Co., 392 F. Supp. 2d 1358, (M.D. Fla. 2005) the court acknowledged that Eleventh Circuit "…case law permits the use of post-suit demand letters in determining the amount in controversy requirement…" Id. at 1360.  Given Plaintiff's Demand and Offer of Settlement occurred during the case, after the Plaintiff's deposition, and around the close of discovery, the jurisdictional requirement for removal to this Court is satisfied.  *See* 28 U.S.C. § 1332(a).

15. Outback Steakhouse of Florida, LLC has complied with 28 U.S.C. § 1446(a) and provided copies of all process, pleadings, and orders served upon the Defendant.  (See All Pleadings, Process, and Orders on File with the Court in this Matter, attached at **Exhibit "11"**).

16. Under 28 U.S.C. § 1446(d), Outback Steakhouse of Florida, LLC will provide Plaintiff with written notice of the filing of this Notice of Removal and file with the Clerk of the State Court of DeKalb County, in the State of Georgia, a copy

of this Notice of Removal.  (See Notice of Filing Notice of Removal, attached at **Exhibit "12"**).

17.     Based on the above, and under 28 U.S.C. §§ 1441, 1446, and 1332, the State Court Action must be removed to this Court because all procedural requirements for removal are satisfied, there is complete diversity of citizenship between Plaintiff and Defendant Outback Steakhouse of Florida, LLC and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

18.     At the outset of this matter, there was not complete diversity and the amount in controversy was not established.  This matter did not have complete diversity until on May 25, 2023, Outback Steakhouse International, L.P. was dismissed from this cause of action.  The amount in controversy was not established until on July 28, 2023, Plaintiff made a settlement demand upon Outback Steakhouse of Florida, LLC in the total amount of $400,000.00.  Outback Steakhouse of Florida, LLC is in compliance with 28 U.S.C.A. § 1446(b)(3) by filing this Notice within 30 days after receipt of other paper, the settlement demand, from which it may first be ascertained that the case is one which is or has become removable.  Further, Outback Steakhouse of Florida, LLC is in compliance with 28 U.S.C.A. § 1446(c) by filing this Notice no more than 1 year after commencement of the action; however, the

district court could find that the Plaintiff has acted in bad faith in order to prevent a Defendant from removing the action, based on diversity, generally, and the amount in controversy, specifically.

19. Outback Steakhouse of Florida, LLC demands a jury trial on all the issues so triable.

20. The filing fee of $402.00 has been paid electronically into the registry of the United States District Court contemporaneously with the filing of this Notice.

21. The undersigned counsel represents and is appearing on behalf of the Outback Steakhouse of Florida, LLC. By appearing herein, Outback Steakhouse of Florida, LLC does not waive, and in fact expressly reserves, any and all affirmative defenses, including lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted and failure to join a party under Rule 19. Moreover, nothing contained herein shall be read as a waiver of any affirmative defenses available to any other entity.

22. WHEREFORE, Outback Steakhouse of Florida, LLC respectfully requests that the above captioned action, filed by Plaintiff in the State Court of DeKalb County, in the State of Georgia, be REMOVED to the United States District

Court for the Northern District of Georgia, Atlanta Division, under 28 U.S.C. §§ 1441, 1446, and 1332.

Respectfully submitted and signed, under Fed. R. Civ. P. 11, on this 9th day of August, by:

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben IV, Esq.
Georgia Bar No.: 111320
*Counsel for Outback Steakhouse of Florida, LLC*

3344 Peachtree Road, NE
Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Facsimile: (404) 876-9433
hdebardelebeniv@wwhgd.com

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

<i>/s/ Henry C. DeBardeleben IV</i><br>
Henry C. DeBardeleben IV, Esq.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served the foregoing pleading with the Clerk of Court via its electronic filing system which will automatically send email notification and a copy of such filing to the following attorneys of record:

Michael Johnson, Esq.
Georgia Bar No. 679391
MORGAN & MORGAN ATLANTA PLLC
PO Box 57007
Atlanta, GA  30343-1007
majohnson@forthepeople.com
*Attorneys for the Plaintiff*

This 9th Day of August, 2023

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben IV, Esq.
Georgia Bar No.: 111320
*Counsel for Defendant Outback*
*Steakhouse of Florida, LLC*
