# EXHIBIT "1"

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| REGINALD E. ROBINSON, SR.,<br>    Plaintiff<br><br>vs.<br><br>THE ARNOLD FOUNDATION, INC.;<br>OUTBACK STEAKHOUSE INT'L, L.P.;<br>OUTBACK STEAKHOUSE OF FLA.;<br>LLC; ABC CORP. #1-3; and JOHN<br>DOES #1-3,<br>    Defendants. | CASE ACTION<br>FILE NO.: 22A03046<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

Plaintiff REGINALD E. ROBINSON, SR. ("Plaintiff" or "Plaintiff Robinson") sues Defendants and alleges:

### Parties, Jurisdiction, & Venue

1. Plaintiff is a Georgia resident.

2. Defendant Outback Steakhouse of Florida, LLC., ("Defendant Outback Florida") is a foreign limited liability company, with a registered agent for service of process, Corporate Creations Network Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066 in Cobb County. Service of process can be perfected upon Defendant at that address.

3. Defendant Outback Steakhouse International, L.P., ("Defendant Outback International") is a domestic limited liability company, with a registered agent for service of process, Corporate Creations Network Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta,

GA, 30066 in Cobb County. Service of process can be perfected upon Defendant at that address.

4. Defendant The Arnold Foundation, Inc., ("Defendant Arnold Foundation") is a domestic nonprofit corporation company, with a registered agent for service of process, Michael D. Flint., located at 1100 Peachtree Street, Suite 800, Atlanta, GA, 30309 in Dekalb County. Service of process can be perfected upon Defendant at that address.

5. Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution, and O.C.G.A. § 14-2-510, venue is proper because the cause of action originated in Dekalb County.

6. Defendants, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendants business establishment and may have contributed to the negligence that injured Plaintiff. If and when entity Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

7. Defendants JOHN DOES #1-3 are unidentified individuals who are potential, third-party, joint tortfeasors. Defendants JOHN DOES #1-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendants business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants JOHN DOES #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

**Facts Common to Counts I & II**

8. At all material times, Defendants owned, managed, operated or otherwise provided services for a restaurant located at 2145 Lavista Road, Atlanta, GA 30329 called Outback Steakhouse (the "Premises").

9. On or about November 19, 2021, Plaintiff was lawfully visiting the Premises, sat down on a bar stool at the bar. Suddenly and without warning, the bar stool collapsed, causing plaintiff to fall to the floor and suffer injuries. (the "Incident").

10. Defendants negligently caused Plaintiff's injuries.

11. At all relevant times, Plaintiff exercised reasonable care for his own safety.

12. As the direct and proximate result of Defendants' negligence, Plaintiff fell and suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment in excess of $11,906.00; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

13. As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

## Count I: Active Negligence

14. Plaintiff repeats and realleges paragraphs 1 through 13 above, verbatim.

15. At all material times, Defendants controlled the mode, manner, and means by which they operated Outback Steakhouse. Under Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

16. Defendants' chosen mode and manner of operation of Outback Steakhouse, required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

17. Defendants owed its customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating Outback Steakhouse.

18. Defendants have a duty to develop, implement, maintain, comply with and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect invitees from the foreseeable risks of harm, including fall risks arising from the operation of Outback Steakhouse.

19. Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.

20. While operating Outback Steakhouse, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

    (i) Defendants failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by hazardous condition;

    (ii) Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by hazardous condition;

    (iii) Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

    (iv) Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

(v) Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

(vi) Defendants failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

21. Defendants' failure to exercise reasonable care in their operations of the Outback Steakhouse, caused the barstool on the premises to be in a defective condition which created a fall risk and caused Plaintiff's fall and resulting injuries.

22. Defendants' negligent operation of Outback Steakhouse directly and proximately caused Plaintiff's injuries.

23. Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendants' business. Defendants employees, contractors, agents and representatives include, but are not limited to, Defendants JOHN DOE #1-3.

## Count II: Premises Liability

24. Plaintiff repeats and realleges paragraphs 1 through 23 above, verbatim.

25. At all material times, Defendants owned, occupied and was otherwise in possession and control of the Premises.

26. At all material times, Defendants owed a duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

27. Defendants' duty of care included:

   a. Inspecting the Premises for hazardous conditions including static conditions

and passive defects that posed a fall hazard or risk;

b. Detecting, removing or otherwise remedying hazardous conditions on the Premises floor that posed a fall hazard or risk; and

c. Adequately warning invitees about specific hazards on the Premises, including fall hazards on chairs, to enable invitees to avoid harm.

28. At all material times, Plaintiff was Defendants' invitee.

29. On the date of incident, Plaintiff fell when a bar stool collapsed under him on the Premises.

30. The defective condition on the Premises that caused Plaintiff to fall existed for sufficient time that Defendant knew about the defective condition and failed to repair, remove or otherwise remedy the hazardous condition or defect; and/or failed to give adequate warning to invitees of the dangerous condition the defect created.

31. Defendants knew of the defective chair(s) complex Premises, and had a duty to repair the defect, remove the defect, or to warn invitees of the defect because it posed a foreseeable and an unreasonable risk of harm to invitees' safety.

32. Defendants breached their duty to Plaintiff when they negligently failed to adequately repair the defect, remove the defect, and/or to warn invitees of the defect and the foreseeable and unreasonable risk of harm to Plaintiff safety.

33. As a direct and proximate result of Defendants' negligent failure to remove, remedy or warn Plaintiff about a known hazard, Plaintiff fell when the barstool collapsed as a result of defective condition of the bar stool and was injured.

34. As a direct and proximate result of Defendants' negligent failure to keep the Premises safe or warn invitees about the hazardous condition created by the defective condition on the Premises, Plaintiff fell as a result of that defective condition and was injured.

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a. That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b. That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

c. That Plaintiff be granted a trial by jury of twelve persons for all issues so triable;

d. That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e. That Plaintiff recover general and special damages in amounts to be proved at trial; and

f. That this Honorable Court order such other and further relief as the Court deems just and proper.

This 11th day of August, 2022.

Respectfully Submitted,

_____
Arlissa Williams Jennings, Esq.
Georgia Bar Number 918703
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 965-8811
Facsimile: (404) 965-8812

STATE COURT OF
DEKALB COUNTY, GA.
8/11/2022 11:52 AM
E-FILED
BY: Monica Gay