# EXHIBIT "7"

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**REGINALD E. ROBINSON, SR.,**

      **Plaintiff,**

**vs.**

**OUTBACK STEAKHOUSE INT'L, L.P., OUTBACK STEAKHOUSE OF FLA., LLC, ABC CORP. #1-3, and JOHN DOES #1-3,**

      **Defendants.**

**CIVIL     ACTION**

**FILENO.: 22A03046**

**JURY TRIAL DEMANDED**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST INTERROGATORIES

Plaintiff REGINALD E. ROBINSON, SR., in the above-styled action, by and through her undersigned counsel, objects, answers and otherwise responds to Defendant's First Continuing Interrogatories as follows:

## GENERAL OBJECTIONS

Plaintiff objects to Defendant's discovery requests and the definitions and instructions contained therein to the extent that the discovery requests, definitions, and instructions attempt to impose obligations on Plaintiff beyond those required or allowed by the Georgia Civil Practice Act. Plaintiff will provide such responses as are required by the Georgia Civil Practice Act, but she will not assume any greater burden to respond or to supplement responses than the Georgia Civil Practice Act requires.

Plaintiff also objects to Defendant's discovery requests and the definitions and instructions contained therein to the extent that the requests, definitions, and instructions attempt to require Plaintiff to speculate, guess, estimate, or engage in any type of conjecture. Plaintiff will respond to

Defendant's discovery requests accurately but cannot provide a response to interrogatories to which she does not presently know the answer.

Plaintiff further objects to the definitions and instructions and to each and every request to the extent that they seek information concerning confidential communication between attorney and client subject to the attorney-client privilege and to the extent that they seek to discover trial preparation materials or attorney work-product. No such information will be provided.

The foregoing objections are specifically incorporated as if fully set forth verbatim in response to each of the discovery requests contained in Defendant's discovery requests to Plaintiff.

## RESPONSES TO INTERROGATORIES

1.

Please state your full name, any former names by which you have been known, address, date of birth, place of birth, social security number, the name and address of your employer at the time of the incident, marital status at the time of the incident, and, if applicable, your spouse's name and the date and place of the marriage.  Further, please identify any prior spouses and any children, biological or adopted, whether living or deceased.

**RESPONSE**: **Plaintiff objects to the provision of Plaintiff's Social Security Number on the grounds that it is irrelevant, not designed to lead to the discovery of admissible evidence and constitutes an invasion of Plaintiff's right to privacy. Subject to and without waiving the foregoing objection, Plaintiff states:**

- o **Full Name: Reginald Edwin Robinson**
- o **Date of Birth: February 4, 1970**
- o **Place of Birth:(pending)**
- o **SSN#:  XXX-XX-2298**
- o **Employer: Trojan Battery, 5174 Minola Dr, Stonecrest, GA 30038**
- o **Marital:  Divorced  Martisha Jones**
- o **Children: Reginald Edwin Robinson Jr.**

2.

To the extent the Plaintiff does not answer these Interrogatories, please provide the name, address, and telephone number of the person(s) answering these Interrogatories, and, if applicable, the person's official position or relationship to whom the Interrogatories are directed.

**RESPONSE: Plaintiff's undersigned counsel.**

3.

Please identify by name, present address, and telephone number all persons with knowledge of any of the claims or defenses in this matter, including witnesses. As to each individual identified, please describe what they witnessed, and/or which part of the claims alleged in the Complaint they have particular knowledge of.

**RESPONSE: Plaintiff states that bartenders behind the bar, Tam and Rashell were an eyewitness to the incident as well as Gadge the manager, or as well as any individuals identified in the incident report.**

4.

Please identify all documents, including, but not limited to, all contracts, amendments, logs, notes, photographs, tape recordings, e-mails, videos, or any other documents, electronic or otherwise, which may be relevant to any matter involved in this case.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks to elicit information and materials gathered in anticipation of litigation and which are protected by the attorney/client privilege. Without waiving this objection and subject thereto, please see photos produced in Request for production. Plaintiff reserves the right to supplement this Interrogatory.**

5.

Please describe any communication between you and any representatives of the Defendants, whether in verbal, written, electronic, or other form, providing the date, time, place, and description of the contents of those communications pertaining to any allegations made in your Complaint.

**RESPONSE: Plaintiff is unaware of any communications other than those he made to his counsel, those contained in the police report, and those made to his physicians.**

6.

Please identify any entity or person by name, address, and phone number with which you or any of your agents or employees have discussed any of the facts in this matter. Please describe the contents of such communications, including the date, time, and location of the discussion. Your response should include all correspondence, including any text messages, e-mail messages, instant messages, SMS messages, photographs, notes, bills, retention agreements, or other documents/materials exchanged between you and anyone, including any experts retained to testify at trial, regarding the subject incident.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, and to the extent it seeks information that has been gathered in anticipation of litigation and is therefore protected by the attorney/client privilege and/or work product doctrine. Without waiving this objection and subject thereto, Plaintiff incorporates by reference his response to interrogatory number 5.**

7.

Please state your address(es) for the past ten (10) years and the dates and duration of residence at each address.

**RESPONSE: Plaintiff objects to Interrogatory No. 7 on the grounds that it is overly broad, not limited in scope, seeks personal information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to such objection and without waiving same, Plaintiff states as follows:**

- **2885 Snapfinger Manor, Decatur, Georgia 30035**
  **May 2018- present**

- **8 Hidden Chase, Apartment Q Stone Mountain, Georgia 30088**
  **2008- May 2018**

8.

Please state your educational background, including all schools, institutions, trade, or professional schools attended, the dates of attendance of each, and the degrees, certificates, or licenses obtained at each.

**RESPONSE: Plaintiff states as follows:**
- **Booker T. Washington Highschool, Pensacola, Florida**
  **(High School Diploma)**

9.

If you ever made a claim for money, damages, or compensation against any other person, firm, corporation, or other entity, state the name and address of the adverse party, the nature of the claim, the court or other forum in which such claim was presented, the action or file number assigned to said claim, and the disposition of said proceeding.  This shall include, but is not limited to, all claims and/or lawsuits, as well as any claims for Workers' Compensation, Social Security disability, or other administrative proceedings.

**RESPONSE: Plaintiff objects to Interrogatory No. 19 on the grounds that it is overly broad, not limited in time and scope, seeks personal information that is not reasonably calculated to lead to the discovery of admissible evidence, and it seeks information that is not relevant or material to the issues in this case. Without waiving said objections, Plaintiff states as follows: He was involved in a Workman Comp claim in 2017. With his employer KIK**

**Biolab, claim was settled.**

10.

If you have ever been a party to any litigation, state:

a.     The date or approximate dates thereof;

b.     The description and address of the court in which said litigation was pending;

c.     The nature of such litigation; and

d.     The result of such litigation.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks to elicit information of other crimes, wrongs, or acts of negligence or lack of negligence that is not admissible to prove the character of a person in order to show action(s) in conformity therewith.  See O.C.G.A. § 24-4-404 (b). Without waiving said objection, Plaintiff states that,**

- **Yes, Georgia,**
- **April 2017**
- **Fulton County State Court of Georgia**
- **Workman Compensation**
- **Settled**

11.

State with specificity and completeness the manner in which you contend the incident occurred on which you base your suit.  Furthermore, please indicate whether you were on a cellular phone, or a similarly distracting electronic device, at the time of the subject incident.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks information that is protected by attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory on the grounds that it calls for metal impressions, trial strategy, conclusions and legal theories of this Plaintiff, its representatives and legal counsel and is therefore protected by the work product doctrine. Without waiving this objection and subject thereto, Plaintiff responds that discovery is just beginning. Plaintiff reserves the right to supplement his response to this Interrogatory upon completion of further investigation and discovery. At this time, Plaintiff directs Defendant to the Complaint filed in this matter. Client further responds that no he was not on the phone.**

12.

If you contend that any admissions respecting the issues of this suit were made by the parties to this suit or their representatives, set forth the substance of each such admission, the name and address of the person making the admission, the names and addresses of all persons present when the admission was made, and the location and the time when such admission was made.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks information that has been gathered in anticipation of litigation and is therefore protected by the attorney/client privilege and/or work product doctrine. Without waiving this objection and subject thereto, Plaintiff states the bartenders Tam and Rashell, made statements about the owner fixing the broken bar stools, after plaintiff fell.**

13.

If you have knowledge of any statements made by anyone which could tend to inculpate or lay blame or negligence on the Defendants, please state the name of the person making said statement, his or her employer, the contents of the statement, and the date the statement was made. If said statement has been reduced to writing, please attach a copy to your answers to these Interrogatories.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks information that has been gathered in anticipation of litigation and is therefore protected by the attorney/client privilege and/or work product doctrine.  Without waiving this objection and subject thereto, Plaintiff states that <u>Tam and Rashell</u>, was an eyewitness to the incident as well as the manager Gadge, and any individuals identified in the incident report.**

14.

If you will attempt to prove that the Defendants breached any rule or law, whether the same be common law, Georgia or Federal Statute, case opinion, Georgia or Federal Regulation, constitutional provision, or the like, which you contend or will contend gives you the right to recover, specifically identify the aforesaid by citing the specific volume, page, section, or the like, upon which you rely.

**RESPONSE**:  **Plaintiff objects to this Interrogatory on the grounds that it calls for metal impressions, trial strategy, conclusions and legal theories of this Plaintiff, its representatives and legal counsel and is therefore protected by the work product doctrine. Without waiving this objection and subject thereto, Plaintiff responds that discovery is just beginning. Plaintiff reserves the right to supplement his response to this Interrogatory upon completion of further investigation and discovery. At this time, Plaintiff directs Defendant to the Complaint filed in this matter.**

15.

If you conducted any independent investigation into the circumstances and allegations alleged in the Complaint, state the name and address of each person or organization which conducted each such investigation and the date or dates thereof.

**RESPONSE**: **Plaintiff objects to this Interrogatory on the grounds that it seeks to elicit information and materials gathered in anticipation of litigation and which are protected by the attorney/client privilege.  Without waiving said objection and subject thereto, Plaintiff states that he/she is unaware of any formal investigation that may have taken place regarding this accident, other than investigation conducted by his counsel and any officer or investigator identified in the police report. Plaintiff reserves the right to supplement this Interrogatory.**

16.

List any and all items of damages, special or otherwise, including personal injuries and property/pecuniary damage, past, present, or future, which you contend that you are entitled to recover, and the basis upon which same is computed.

**RESPONSE: Plaintiff cites the medical records and bills produced in response to Defendant's request for production as well as his own knowledge and experience with the injuries complained of within the Complaint. The plaintiff further responds that discovery is just beginning and reserves the right to supplement his response to this Interrogatory upon completion of further investigation and discovery.**

17.

Please identify all the injuries alleged to have resulted from the alleged fall, including, with particularity, what treatments, surgeries, and follow-up therapies have been performed, pursued, or recommended, and the identification of healthcare providers who have performed/confirmed/recommended the same.

**RESPONSE: At this time, Plaintiff also directs Defendant to the Complaint filed in this matter and to medical records provided in response to Defendant's request for production. Generally, Plaintiff injured his left knee, left hand, right hip. Plaintiff treated with the following:**

- **Emory Hillandale Hospital;**
- **Emory Orthopedics and Spine Center;**
- **O2 Rehab Solutions, LLC;**

18.

If any written reports, records, charts, bills, or other information have been made or given in connection with any medical examination of you on or since the date of the incident in question, please state for each such report or record the name and address of the person who made it, the date of the report, the form in which it was made, and the name and address of the person who now has possession, custody, or control of the report or a true copy of same.

**RESPONSE: At this time, Plaintiff also directs Defendant to the Complaint filed in this matter and to medical records provided in response to Defendant's request for production. Generally, Plaintiff treated with the following since the date of the incident:**

- **Emory Hillandale Hospital**
- **Emory Orthopedics and Spine Center**
- **O2 Rehab Solutions, LLC**
- **Emory at Tucker Primary Care**
- **Emory Orthopedics and Spine Hospital**

19.

Please identify the numerical, monetary value of your special damages claim for past, present, and future medical expenses, if any, including attaching any records or bills that support the same and indicating the various providers and the various treatments.  Furthermore, please indicate whether the medical bills were paid, who paid them, and what portion of the medical bills were written off or reduced pursuant to contracts with private insurance, Worker's Compensation, or a governmental entitlement program (*i.e.*, Medicare/Medicaid).  Moreover, please indicate any expert medical providers/medical experts you intend to use to establish medical causation, medical necessity, and medical reasonableness of your alleged past, present, and future medical expenses, if any.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, not limited in time and scope, seeks personal information that is not reasonably calculated to lead to the discovery of admissible evidence, and it seeks information that is not relevant or material to the issues in this case. Without waiving said objection, Plaintiff states she is not a recipient of Medicare.**

| Medical Provider | Date of Service | Billing |
|---|---|---|
| Emory Hillandale | 11/22/2021- 03/14/2022 | $2,023.00 |
| Emory Orthopaedics | 03/01/2022-03/09/2022 | $9,848.00 |
| O2 Rehab Solutions, LLC | 03/11/2022-06/13/2022 | $8,912.00 |
| Total: | | $20,783.00 |

20.

State the name, address, and telephone number of each doctor, chiropractor, faith healer, or other medical practitioner of any type whatsoever, by whom you have been examined, or with whom you have consulted, within the ten (10) years immediately preceding the incident referred to in the Complaint through the present, giving the approximate date of the consultation or treatment and the reason or condition for which said consultation or treatment was rendered.  Your response should include visits and consultations with any mental health professionals and counselors.

**RESPONSE: Plaintiff objects to Interrogatory No. 14 on the grounds that it is overly broad, not limited in scope, seeks personal information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to such objection and without waiving same, Plaintiff states as follows:**

- **Work accident 2017: Resurgens Orthopedics. Client experienced a fall at work in 2017 where he fell through the floor of the building, resulting in a hip replacement surgery, a torn quad, and knee surgery.**

21.

Please identify any medical conditions existing prior to the subject incident referred to in the Complaint including, but not limited to, serious illnesses, sickness, diseases, or surgical operations, and state when and where you had such illness or operation, giving a description of symptoms, and the names and addresses of all the doctors or hospitals rendering treatment for the same.

**RESPONSE: Plaintiff objects to Interrogatory No. 21 on the grounds that it is vague, overly broad, not limited in scope, and seeks personal information that is not reasonably calculated to lead to the discovery of admissible evidence.**

22.

If you have ever sustained any personal injury as a result of an accident prior to this incident, state in each instance:

a.      The date and place of said accident;

b.      The nature of said accident, giving a full description thereof;

c.      The nature of any injury as a result thereof;

d.      The names and addresses of each and every physician, nurse, or other medical attendant who cared for you as a result thereof;

e.      The name and address of every hospital or institution in which you were admitted for medical care as a result thereof; and

f.      Whether any permanent injury ensued as a result thereof, and a description as to the extent thereof.

**RESPONSE: Plaintiff objects to this request as overly broad and unduly burdensome because, as worded, "accident" is undefined and could include any and all instances in Plaintiff's life when he fell, was pushed down, tripped, etc. Subject to such objection and without waiving same, Plaintiff states that he was involved in an incident on:**

12

a. **April 2017 at his former Employer KIK Bio Lab 1700 Old Covington Highway, Conyers, Georgia, 30012.**

b. **Plaintiff states he fell through the floor.**

c. **Plaintiff suffered a knee injury, hip injury along with a torn quad.**

23.

Identify each and every source of income you have had during the past ten (10) years, including as to each source of income the name and address of such source, the dates involved, the gross amount of earnings, the type of services performed, or goods delivered for said remuneration, and the hours worked.

**RESPONSE: Plaintiff objects this interrogatory on the grounds that it is overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, Plaintiff, has worked at:**

- **KIK BIO LAB, 1725 North Brown Road, Lawrenceville, Ga. 30043 2002-2017**
- **Trojan Battery 2018-2022**
- **Plaintiff reserves the right to supplement this Interrogatory.**

24.

Do you have a lost wages claim?  If so, please identify the numerical, monetary value of your past, present, and future claim for lost wages, if any, including attaching any documents that support the same and indicating the basis for such claim.  Please indicate how much you were earning on a yearly basis from your employment or work at the time of the incident.  Furthermore, please indicate how long you were unable to work after the incident, or when you will be able to go back to work, or if you will ever be able to go back to work, or in what capacity you will be able to go back to work.  Please indicate any experts, including accountants and economists, who will support your claim for lost wages.

13

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection and subject thereto, Plaintiff states there is no claim to lost earning, lost wages, or diminution of earning capacity at this time.**

25.

Please identify your basis for general damages, if any, including what past, present, and future pain, suffering, and loss of ability to enjoy life has been incurred by you, including details to support the same.  Please include the identification of any diagnosed mental or emotional problems and the counselors, medical providers, or the like, who diagnosed the same.

**RESPONSE:  Plaintiff incorporates by reference his medical records/bills provided in response to Defendant's Request for Production of Documents and cites his own experience with the pain and suffering connected with the injuries caused by the incident.**

26.

Please describe any compensation you have received to date as a result of this incident.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff reserves the right to supplement this Interrogatory.**

27.

If, to your knowledge, information, or belief, there exists any diary, journal, notes, correspondence, or other similar document reflecting or containing observations or recollections relating to any fact or issue in this lawsuit, including electronic diaries and blogs, which document is not fully identified elsewhere in your responses to these Interrogatories, please identify, as to each, the author, the type of document, when it was prepared, and the name and address of each person who presently has possession, custody, or control of the original or any reproduction thereof.

14

**RESPONSE: Plaintiff does not have any documents in his/her possession, custody or control responsive to this request.**

28.

Do you expect to call an expert witness at this trial?  If so, state the name and business address of the witness, the witness's other qualifications as an expert in the subject matter for which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each such opinion.

**RESPONSE: Plaintiff objects to this Interrogatory to the extent it requests the identity and opinions of any expert witness who is not expected to be called as a witness for trial. The identity of any expert who has been employed by Plaintiff to examine any aspect of the occurrence, which is the subject of this suit, but who is not expected to be called at trial is not discoverable except upon a showing of exceptional circumstances. O.C.G.A. § 9-11-26(b)(4)(b).**

**Plaintiff places Defendant on notice that he may call on the Plaintiff's physicians and medical providers for expert opinions regarding his injuries, treatment and/or prognosis. Plaintiff has not yet identified any additional expert witnesses expected to testify at trial. If one is so retained, the expert information will be provided by supplemental response.**

29.

Who is your expert witness's current employer and what is his/her title at such employment?  Please indicate whether or not your expert witness is currently licensed in the field concerning the subject matter for which the witness is expected to testify.  Please indicate any and all matters, cases, arbitrations, and suits to which your expert witness was retained and/or engaged to provide expert analysis or testimony, including the location of the matter, the jurisdiction of the case, the names of the parties, the style of the case, the parties' attorneys, a brief synopsis of the matter, and your expert witness's analysis and/or testimony given in the matter.  Furthermore,

15

please identify all published material, presentations, and other documents produced by your witness concerning the subject matter for which the witness is expected to testify.  Moreover, please indicate whether or not your expert witness produced a report to memorialize his/her opinions.  If so, please attach a copy of the same to your responses.

**RESPONSE: Plaintiff objects to this Interrogatory to the extent it requests the identity and opinions of any expert witness who is not expected to be called as a witness for trial. The identity of any expert who has been employed by Plaintiff to examine any aspect of the occurrence, which is the subject of this suit, but who is not expected to be called at trial is not discoverable except upon a showing of exceptional circumstances. O.C.G.A. § 9-11-26(b)(4)(b).**

**Plaintiff places Defendant on notice that he may call on the Plaintiff's physicians and medical providers for expert opinions regarding his injuries, treatment and/or prognosis. Plaintiff has not yet identified any additional expert witnesses expected to testify at trial. If one is so retained, the expert information will be provided by supplemental response.**

30.

State what type, if any, and in what amount you had consumed alcoholic beverages, drugs, or medications (prescription or otherwise) during the twenty-four (24) hours preceding the alleged incident, specifying the time period over which and at what pace you consumed alcoholic beverages, drugs, or medications (prescription or otherwise), and the names and addresses of all persons in whose presence you were consuming alcoholic beverages, drugs, or medications (prescription or otherwise), if applicable.

**RESPONSE: No.**

31.

If, at the time of the incident, you were insured under a policy of insurance (automobile, homeowner's, sickness, hospitalization, medical benefits, disability, Medicare, Medicaid, or any other federal or state entitlement program for medical expenses) or if the Plaintiff has received or will seek payments by any source (PIP, Med-Pay, Workers' Compensation, disability income, federal or state funds, etc.), please state:

    a.     Title and type of said payment and policy number, if applicable;

    b.     Name and address of the company or entity issuing payments or benefits;

    c.     Amount of money sought and/or received; and

    d.     Whether you have signed any documents in order to seek or receive payments or benefits.

**RESPONSE: Plaintiff had health insurance through Blue Cross Blue Shield.**

32.

Have you ever been arrested or convicted of any crime or pled *nolo contendere* (other than a simple traffic violation)?  If so, please identify each crime, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge.

**RESPONSE**: **Plaintiff has not had any convictions.**

33.

Please identify by name, present address, and telephone number all persons you expect to call as a witness in this matter.

**RESPONSE**: **Plaintiff objects to this Interrogatory on the grounds that it calls for metal impressions, trial strategy, conclusions and legal theories of this Plaintiff, its representatives and legal counsel and is therefore protected by the work product doctrine. Without waiving**

17

this objection and subject thereto, Plaintiff responds that discovery is just beginning. Plaintiff reserves the right to supplement his response to this Interrogatory upon completion of further investigation and discovery.   Plaintiff incorporates by reference witnesses previously mentioned in these responses.

34.

Please state each and every fact which supports the allegations in Count I: Active Negligence of your Complaint, including what fall risks were reasonably foreseeable as it related to bar stools. Further, please apportion the percentages of fault for your injuries to each Defendant per O.C.G.A. § 51-12-33.

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks information that is protected by attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory on the grounds that it calls for metal impressions, trial strategy, conclusions and legal theories of this Plaintiff, its representatives and legal counsel and is therefore protected by the work product doctrine. Without waiving this objection and subject thereto, Plaintiff responds that discovery is just beginning. Plaintiff reserves the right to supplement her response to this Interrogatory upon completion of further investigation and discovery. At this time, Plaintiff directs Defendant to the Complaint filed in this matter.

35.

Please indicate why you were on the premises on or about November 19, 2021.

RESPONSE: Plaintiff states that he was there to celebrate his deceased mother's birthday, she passed earlier that year.

18

36.

Please indicate whether you have ever visited the subject premises before the date of your alleged fall.  Further, please provide specific dates for such visits.  Please indicate whether on prior visits you ever encountered and/or sat on bar stools at the bar.  Please indicate whether on the day of your alleged fall if you had previously traversed the bar stool where you fell.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Without waiving said objection and subject thereto, Plaintiff states he has visited this Outback restaurant in the past.**

37.

Please indicate what, if anything, impeded you from viewing the bar stool at the bar where you allegedly fell, including whether the Defendants were responsible for the impediment.

**RESPONSE: None.**

38.

Please state each and every fact which supports the allegations in Count I: Active Negligence of your Complaint that Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm because Defendants': failed to maintain a safety plan to protect customers from fall risks; safety plan was inadequate; failed to enforce the safety plan; failed to train its employees on implementation of the safety plan; failed to ensure employee compliance with the safety plan; and failed to warn Plaintiff of the inherent and foreseeable risks of falls.  Specifically, what type of safety plan should have been implemented by the Defendants to protect against the foreseeable risks of falls at the Premises.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks information that is protected by attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory on the grounds that it calls for metal impressions, trial strategy, conclusions and legal theories of this Plaintiff, its representatives and legal counsel and is therefore protected by the work product doctrine. Without waiving this objection and subject thereto, Plaintiff responds that discovery is just beginning. Plaintiff reserves the right to supplement her response to this Interrogatory upon completion of further investigation and discovery. At this time, Plaintiff directs Defendant to the Complaint filed in this matter.**

39.

Please state each and every fact which supports the allegations in Count II: Premises Liability of your Complaint that Defendants knew about the defective condition on the premises for a sufficient time and failed to repair, remove, remedy, and/or warn about the defective condition.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks information that is protected by attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory on the grounds that it calls for metal impressions, trial strategy, conclusions and legal theories of this Plaintiff, its representatives and legal counsel and is therefore protected by the work product doctrine. Without waiving this objection and subject thereto, Plaintiff responds that discovery is just beginning. Plaintiff reserves the right to supplement her response to this Interrogatory upon completion of further investigation and discovery. At this time, Plaintiff directs Defendant to the Complaint filed in this matter.**

40.

Please state each and every fact which supports the allegations in paragraphs 6 and 7 of your Complaint that ABC CORPS #1-3 and JOHN DOES # 1-3 may have contributed to the negligence that caused the Plaintiff injuries.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it seeks information that is protected by attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory on the grounds that it calls for metal impressions, trial strategy, conclusions and legal theories of this Plaintiff, its representatives and legal counsel and is therefore protected by the work product doctrine. Without waiving this objection and subject thereto, Plaintiff responds that discovery is just beginning. Plaintiff reserves the right to supplement her response to this Interrogatory upon completion of further investigation and discovery. At this time, Plaintiff directs Defendant to the Complaint filed in this matter.**

This 22nd day of March 2023.

Respectfully submitted,

**MORGAN & MORGAN ATLANTA, PLLC,**

*/s/Michael Johnson*
Michael Johnson, Esq.
Georgia Bar No: 679391
*Attorney for Plaintiff*

P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 757-8572
Facsimile:  (404) 757-8727
Email: majohnson@forthepeople.com

21

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served all counsel of record to this action with a copy

of ***Plaintiff's Response to Defendant's First Interrogatories*** in the above-styled case by electronic

mail and/or by depositing a true and correct copy of same in the United States Mail or Electronic

Mail with adequate postage thereon, addressed as follows:

Henry C. DeBardeleben, IV, Esq.
**Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC**
3344 Peachtree Road NE Suite 2400
Atlanta, Georgia  30326
hdebardelebenIV@wwhgd.com

This 16th day of March 2023.

Respectfully submitted,

**MORGAN & MORGAN ATLANTA, PLLC,**

*/s/Michael Johnson*
Michael Johnson, Esq.
Georgia Bar No: 679391
*Attorney for Plaintiff*

P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 757-8572
Facsimile:  (404) 757-8727
Email: majohnson@forthepeople.com

22