# EXHIBIT "8"

IN THE STATE OF DEKALB COUNTY
STATE OF GEOGIA

| | |
|---|---|
| **REGINALD E. ROBINSON, SR.,**<br><br>    Plaintiff<br><br>vs.<br><br>**THE ARNOLD FOUNDATION, INC.,**<br>**OUTBACK STEAKHOUSE INT'L, L.P.,**<br>**OUTBACK STEAKHOUSE OF FLA.,**<br>**LLC,**<br>**ABC CORP. #1-3, and**<br>**JOHN DOES #1-3,**<br>    Defendants. | CASE ACTION<br><br>FILE NO.: 22A03046<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA, LLC'S FIRST REQUEST FOR ADMISSIONS**

COMES NOW Plaintiff REGINALD E. ROBINSON, SR. in the above-styled action, by and through her undersigned counsel, objects, answers and otherwise responds to Defendant Outback Steakhouse of Florida, LLC's Request for Admissions as follows:

1.

Please admit that the Plaintiff has no proof of any hazardous condition on the premises.

**RESPONSE: Deny.**

2.

Please admit that Outback had no actual or constructive knowledge of any hazardous condition on the premises that allegedly caused injury to the Plaintiff on the date in question.

**RESPONSE: Deny.**

3.

Please admit that the Plaintiff had equal or superior knowledge of any alleged hazardous condition on the premises that allegedly caused injury to the Plaintiff on the date in question.

**RESPONSE: Deny.**

4.

Please admit that the Plaintiff was aware of any hazardous condition on the premises that allegedly caused injury to the Plaintiff on the date in question and Plaintiff failed to exercise ordinary care for his own safety, thus, making him the proximate cause of all injuries he allegedly sustained.

**RESPONSE: Deny.**

5.

Please admit that the Plaintiff was contributorily/comparatively responsible for the injuries he allegedly sustained.

**RESPONSE: Deny.**

6.

Please admit that Plaintiff could have avoided the consequences of any alleged actions of Outback that allegedly resulted in injuries to the Plaintiff.

**RESPONSE: Deny.**

7.

Please admit that the allegedly hazardous condition on the premises was open and obvious to the Plaintiff.

**RESPONSE: Deny.**

8.

Please admit that Plaintiff assumed the risk of his injuries.

**RESPONSE: Deny.**

9.

Please admit that Plaintiff could have avoided any injury alleged in this matter by exercising reasonable care for his own safety and avoiding any allegedly hazardous condition on the premises.

**RESPONSE: Deny.**

10.

Please admit that any hazardous condition on the premises was in the plain view of the Plaintiff and Plaintiff's view was not obstructed or distracted by any actions of Outback.

**RESPONSE: Deny.**

11.

Please admit that Plaintiff's alleged injuries preexisted the alleged fall at Outback and were not exacerbated by the alleged fall at Outback.

**RESPONSE: Deny.**

12.

Please admit that general fall risks were not reasonably foreseeable to Outback related to the bar stools at the premises.

**RESPONSE: Deny.**

13.

Please admit that Outback was not negligent in its inspection of the bar stools at the premises.

**RESPONSE: Deny.**

14.

Please admit that Plaintiff's damages in this matter are less than $50,000.00.

**RESPONSE: Plaintiff objects to Request No. 14 on the grounds it exceeds the scope of permissible requests for admission allowable under O.C.G.A. 9-11-36(a)(1), in that it does not relate to "facts, the application of law to fact, or opinions about either," or "the genuineness of any described documents." Plaintiff further objects on the grounds that Request No. 14 presents a genuine issue for trial. Subject to and without waiving the foregoing objections, Plaintiff admits she has incurred medical bills of approximately $ $20,783.00 to date with more bills still pending. At this time, Plaintiff is unable to admit or deny that the special damages in this case are less than $50,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages in this case. Specifically, Defendant expressly denied the Plaintiff's allegations regarding liability, causation, and damages in Defendant's Answer and Affirmative Defenses. This factual dispute is one which should be approximately resolved by a jury and is inappropriate for a request for admission as the amount in controversy between the parties is not reasonably calculated to expedite the trial action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry.**

15.

Please admit that Plaintiff's damages in this matter are more than $50,000.00.

**RESPONSE: Plaintiff objects to Request No. 15 on the grounds it exceeds the scope of permissible requests for admission allowable under O.C.G.A. 9-11-36(a)(1), in that it does not relate to "facts, the application of law to fact, or opinions about either," or "the genuineness of any described documents." Plaintiff further objects on the grounds that Request No. 14 presents a genuine issue for trial. Subject to and without waiving the foregoing objections, Plaintiff admits she has incurred medical bills of approximately $ $20,783.00 to date with more bills still pending. At this time, Plaintiff is unable to admit or deny that the special damages in this case are more than $50,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages in this case. Specifically, Defendant expressly denied the Plaintiff's allegations regarding liability, causation, and damages in Defendant's Answer and Affirmative Defenses. This factual dispute is one which should be approximately resolved by a jury and is inappropriate for a request for admission as the amount in controversy between the parties is not reasonably calculated to expedite the trial action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry.**

16.

Please admit that Plaintiff's damages in this matter are less than $100,000.00.

**RESPONSE: Plaintiff objects to Request No. 16 on the grounds it exceeds the scope of permissible requests for admission allowable under O.C.G.A. 9-11-36(a)(1), in that it does not relate to "facts, the application of law to fact, or opinions about either," or "the genuineness of any described documents." Plaintiff further objects on the grounds that Request No. 16 presents a genuine issue for trial. Subject to and without waiving the foregoing objections, Plaintiff admits she has incurred medical bills of approximately $ $20,783.00 to date with more bills still pending. At this time, Plaintiff is unable to admit or deny that the special damages in this case are less than $100,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages in this case. Specifically, Defendant expressly denied the Plaintiff's allegations regarding liability, causation, and damages in Defendant's Answer and Affirmative Defenses. This factual dispute is one which should be approximately resolved by a jury and is inappropriate for a request for admission as the amount in controversy between the parties is not reasonably calculated to expedite the trial action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry.**

17.

Please admit that Plaintiff's damages in this matter are more than $100,000.00.

**RESPONSE: Plaintiff objects to Request No. 17 on the grounds it exceeds the scope of permissible requests for admission allowable under O.C.G.A. 9-11-36(a)(1), in that it does not relate to "facts, the application of law to fact, or opinions about either," or "the genuineness of any described documents." Plaintiff further objects on the grounds that Request No. 17 presents a genuine issue for trial. Subject to and without waiving the foregoing objections, Plaintiff admits she has incurred medical bills of approximately $ $20,783.00 to date with more bills still pending. At this time, Plaintiff is unable to admit or deny that the special damages in this case are more than $100,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages in this case. Specifically, Defendant expressly denied the Plaintiff's allegations regarding liability, causation, and damages in Defendant's Answer and Affirmative Defenses. This factual dispute is one which should be approximately resolved by a jury and is inappropriate for a request for admission as the amount in controversy between the parties is not reasonably calculated to expedite the trial action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry.**

18.

Please admit that Plaintiff's damages in this matter are less than $250,000.00.

**RESPONSE: Plaintiff objects to Request No. 18 on the grounds it exceeds the scope of permissible requests for admission allowable under O.C.G.A. 9-11-36(a)(1), in that it does not relate to "facts, the application of law to fact, or opinions about either," or "the genuineness of any described documents." Plaintiff further objects on the grounds that Request No. 18 presents a genuine issue for trial. Subject to and without waiving the foregoing objections, Plaintiff admits she has incurred medical bills of approximately $ $20,783.00 to date with more bills still pending. At this time, Plaintiff is unable to admit or deny that the special damages in this case are less than $250,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages in this case. Specifically, Defendant expressly denied the Plaintiff's allegations regarding liability, causation, and damages in Defendant's Answer and Affirmative Defenses. This factual dispute is one which should be approximately resolved by a jury and is inappropriate for a request for admission as the amount in controversy between the parties is not reasonably calculated to expedite the trial action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry.**

19.

Please admit that Plaintiff's damages in this matter are more than $250,000.00.

**RESPONSE: Plaintiff objects to Request No. 19 on the grounds it exceeds the scope of permissible requests for admission allowable under O.C.G.A. 9-11-36(a)(1), in that it does not relate to "facts, the application of law to fact, or opinions about either," or "the genuineness of any described documents." Plaintiff further objects on the grounds that Request No. 19 presents a genuine issue for trial. Subject to and without waiving the foregoing objections, Plaintiff admits she has incurred medical bills of approximately $ $20,783.00 to date with more bills still pending. At this time, Plaintiff is unable to admit or deny that the special damages in this case are more than $250,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages in this case. Specifically, Defendant expressly denied the Plaintiff's allegations regarding liability, causation, and damages in Defendant's Answer and Affirmative Defenses. This factual dispute is one which should be approximately resolved by a jury and is inappropriate for a request for admission as the amount in controversy between the parties is not reasonably calculated to expedite the trial action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry.**

20.

Please admit that the Plaintiff is not seeking punitive damages and attorneys' fees and costs in this matter.

**RESPONSE: Deny.**

This 14th  day June 2023

                                         **MORGAN & MORGAN ATLANTA PLLC**

                                         */s/Michael johnson*
                                         Michael Johnson, Esq.
                                         Georgia Bar No: 679391
                                         *Attorney for Plaintiff*

P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 757-8572
Facsimile: (404) 757-8727
Email: majohnson@forthepeople.com

STATE COURT OF
DEKALB COUNTY, GA.
6/14/2023 1:26 AM
E-FILED
BY: Patricia Harris