# EXHIBIT "11"

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| REGINALD E. ROBINSON, SR., **Plaintiff** vs. THE ARNOLD FOUNDATION, INC.; OUTBACK STEAKHOUSE INT'L, L.P.; OUTBACK STEAKHOUSE OF FLA.; LLC; ABC CORP. #1-3; and JOHN DOES #1-3, **Defendants.** | **CASE ACTION FILE NO.:** 22A03046 **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

Plaintiff REGINALD E. ROBINSON, SR. ("Plaintiff" or "Plaintiff Robinson") sues

Defendants and alleges:

### Parties, Jurisdiction, & Venue

1.    Plaintiff is a Georgia resident.

2.    Defendant Outback Steakhouse of Florida, LLC., ("Defendant Outback Florida") is a

foreign limited liability company, with a registered agent for service of process. Corporate

Creations Network Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066 in

Cobb County. Service of process can be perfected upon Defendant at that address.

3.    Defendant Outback Steakhouse International, L.P., ("Defendant Outback International") is

a domestic limited liability company, with a registered agent for service of process.

Corporate Creations Network Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta,

STATE COURT OF
DEKALB COUNTY, GA.
8/11/2022 11:52 AM
E-FILED
BY: Monica Gay

GA, 30066 in Cobb County. Service of process can be perfected upon Defendant at that address.

4.  Defendant The Arnold Foundation, Inc., ("Defendant Arnold Foundation") is a domestic nonprofit corporation company, with a registered agent for service of process, Michael D. Flint., located at 1100 Peachtree Street, Suite 800, Atlanta, GA, 30309 in Dekalb County. Service of process can be perfected upon Defendant at that address.

5.  Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution, and O.C.G.A. § 14-2-510, venue is proper because the cause of action originated in Dekalb County.

6.  Defendants, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendants business establishment and may have contributed to the negligence that injured Plaintiff. If and when entity Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

7.  Defendants JOHN DOES #1-3 are unidentified individuals who are potential, third-party, joint tortfeasors. Defendants JOHN DOES #1-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendants business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants JOHN DOES #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

**Facts Common to Counts I & II**

8. At all material times, Defendants owned, managed, operated or otherwise provided services for a restaurant located at 2145 Lavista Road, Atlanta, GA 30329 called Outback Steakhouse (the "Premises").

9. On or about November 19, 2021, Plaintiff was lawfully visiting the Premises, sat down on a bar stool at the bar. Suddenly and without warning, the bar stool collapsed, causing plaintiff to fall to the floor and suffer injuries. (the "Incident").

10. Defendants negligently caused Plaintiff's injuries.

11. At all relevant times, Plaintiff exercised reasonable care for his own safety.

12. As the direct and proximate result of Defendants' negligence, Plaintiff fell and suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment in excess of $11,906.00; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

13. As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

### Count I: Active Negligence

14. Plaintiff repeats and realleges paragraphs 1 through 13 above, verbatim.

15. At all material times, Defendants controlled the mode, manner, and means by which they operated Outback Steakhouse. Under Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

16.   Defendants' chosen mode and manner of operation of Outback Steakhouse, required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

17.   Defendants owed its customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating Outback Steakhouse.

18.   Defendants have a duty to develop, implement, maintain, comply with and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect invitees from the foreseeable risks of harm, including fall risks arising from the operation of Outback Steakhouse.

19.   Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect her from foreseeable risks of harm.

20.   While operating Outback Steakhouse, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

   (i)     Defendants failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by hazardous condition;

   (ii)    Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by hazardous condition;

   (iii)   Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

   (iv)    Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

(v)     Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

(vi)    Defendants failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

21.  Defendants' failure to exercise reasonable care in their operations of the Outback Steakhouse, caused the barstool on the premises to be in a defective condition which created a fall risk and caused Plaintiff's fall and resulting injuries.

22.  Defendants' negligent operation of Outback Steakhouse directly and proximately caused Plaintiff's injuries.

23.  Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendants' business.  Defendants employees, contractors, agents and representatives include, but are not limited to, Defendants JOHN DOE #1-3.

## Count II: Premises Liability

24.  Plaintiff repeats and realleges paragraphs 1 through 23 above, verbatim.

25.  At all material times, Defendants owned, occupied and was otherwise in possession and control of the Premises.

26.  At all material times, Defendants owed a duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

27.  Defendants' duty of care included:

a.   Inspecting the Premises for hazardous conditions including static conditions

and passive defects that posed a fall hazard or risk;

    b.  Detecting, removing or otherwise remedying hazardous conditions on the Premises floor that posed a fall hazard or risk; and

    c.  Adequately warning invitees about specific hazards on the Premises, including fall hazards on chairs, to enable invitees to avoid harm.

28.    At all material times, Plaintiff was Defendants' invitee.

29.    On the date of incident, Plaintiff fell when a bar stool collapsed under him on the Premises.

30.    The defective condition on the Premises that caused Plaintiff to fall existed for sufficient time that Defendant knew about the defective condition and failed to repair, remove or otherwise remedy the hazardous condition or defect; and/or failed to give adequate warning to invitees of the dangerous condition the defect created.

31.    Defendants knew of the defective chair(s) complex Premises, and had a duty to repair the defect, remove the defect, or to warn invitees of the defect because it posed a foreseeable and an unreasonable risk of harm to invitees' safety.

32.    Defendants breached their duty to Plaintiff when they negligently failed to adequately repair the defect, remove the defect, and/or to warn invitees of the defect and the foreseeable and unreasonable risk of harm to Plaintiff safety.

33.    As a direct and proximate result of Defendants' negligent failure to remove, remedy or warn Plaintiff about a known hazard, Plaintiff fell when the barstool collapsed as a result of defective condition of the bar stool and was injured.

34.    As a direct and proximate result of Defendants' negligent failure to keep the Premises safe or warn invitees about the hazardous condition created by the defective condition on the Premises, Plaintiff fell as a result of that defective condition and was injured.

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a.     That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b.     That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

c.     That Plaintiff be granted a trial by jury of twelve persons for all issues so triable;

d.     That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e.     That Plaintiff recover general and special damages in amounts to be proved at trial; and

f.     That this Honorable Court order such other and further relief as the Court deems just and proper.

This 11th day of August, 2022.

Respectfully Submitted,

Arlissa Williams Jennings, Esq.
Georgia Bar Number 918703
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone:    (404) 965-8811
Facsimile:    (404) 965-8812

STATE COURT OF
DEKALB COUNTY, GA.
8/11/2022 11:52 AM
E-FILED
BY: Monica Gay

22A03046

No. _____

Date S8/11/2022sued and Filed

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

[]   **ANSWER**

[]   **JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

REGINALD E. ROBINSON, SR.,
_____

_____

(Plaintiff's name and address)
**vs.**

Outback Steak House Int'l, L.P./ Corporate Creations Network Inc.,

2985 Gordy Parkway, 1st Floor,

Marietta, GA 30066
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Arlissa Williams Jennings
_____
(Name)
P.O. BOX 57007, Atlanta, GA 30343-1007
_____
(Address)

404-965-8811                                              918703
_____
(Phone Number)                                    (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____          _____
Defendant's Attorney                                    Third Party Attorney

_____          _____
Address                                                        Address

_____          _____
Phone No.          Georgia Bar No.                Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☐ Account           ☐ Personal Injury            Principal        $ _____
☐ Contract          ☐ Medical Malpractice
☐ Note               ☐ Legal Malpractice          Interest          $ _____
☐ Trover            ☐ Product Liability
                         ☐ Other                          Atty Fees      $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT OF
STATE COURT OF
DEKALB COUNTY, GA.
DEKALB COUNTY, GA.
8/11/2022 11:52 AM
E-FILED
BY: Monica Gay

22A03046
No. _____

Date 8/11/2022 Issued and Filed

/s/ Monica Gay
_____
Deputy Clerk

Deposit Paid $ _____

[ ]   **ANSWER**

[ ]   **JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

REGINALD E. ROBINSON, SR. _____

_____
(Plaintiff's name and address)

**vs.**

THE ARNOLD FOUNDATION, INC., C/O MICHAEL D. FLINT
1100 Peachtree Street, Suite 800
Atlanta, GA 30309
(Defendant's name and address)

_____

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

ARLISSA WILLIAMS JENNINGS _____
(Name)
P.O. BOX 57007, ATLANTA, GA 30343-1007_____
(Address)
404-965-8811_____        918703_____
(Phone Number)                          (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____        _____

Defendant's Attorney                     Third Party Attorney

_____        _____

Address                                  Address

_____        _____
Phone No.        Georgia Bar No.         Phone No.        Georgia Bar No.

| | **TYPE OF SUIT** | | |
|---|---|---|---|
| ☐ Account | ☐ Personal Injury | Principal | $ _____ |
| ☐ Contract | ☐ Medical Malpractice | | |
| ☐ Note | ☐ Legal Malpractice | Interest | $ _____ |
| ☐ Trover | ☐ Product Liability | | |
| | ☐ Other | Atty Fees | $ _____ |

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT OF
DEKALB COUNTY, GA.
8/11/2022 11:52 AM
E-FILED
BY: Monica Gay

No. 22A03046

Date Su04/10/2022ued and Filed

/s/ Monica Gay

Deputy Clerk

Deposit Paid $ _____

[] **ANSWER**

[] **JURY**

## STATE COURT OF DEKALB COUNTY
### GEORGIA, DEKALB COUNTY

**SUMMONS**

REGINALD E. ROBINSON, SR.,

_____

(Plaintiff's name and address)
**vs.**

Outback Steakhouse of FLA, LLC/ Corporate Creations Network Inc.

2985 Gordy Parkway, 1st Floor,

Marietta, GA 30066
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Arlissa Williams Jennings
_____
(Name)
P.O. BOX 57007, Atlanta, GA 30343-1007
_____
(Address)

404-965-8811____                                     918703_____
(Phone Number)                                       (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney                                  Third Party Attorney

_____            _____

_____            _____
Address                                              Address

_____            _____
Phone No.            Georgia Bar No.            Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☐ Account          ☐ Personal Injury          Principal      $ _____
☐ Contract         ☐ Medical Malpractice
☐ Note             ☐ Legal Malpractice        Interest       $ _____
☐ Trover           ☐ Product Liability
                   ☐ Other                    Atty Fees      $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT OF
SUPERIOR COURT, GA.
DEKALB COUNTY, GA.
8/11/2022 11:52 AM
E-FILED
BY: Monica Gay

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of DEKALB _____ County

| For Clerk Use Only | |
|---|---|
| Date Filed 8/11/2022 _____ | Case Number 22A03046 _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
ROBINSON SR., REGINALD E.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
THE ARNOLD FOUNDATION, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

OUTBACK STEAKHOUSE INT'L, L.P.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

OUTBACK STEAKHOUSE OF FLA.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

JOHN DOES,#1-3/ ABC CORP. #1-3

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Arlissa Williams Jennings _____    **Bar Number** 918703 _____    **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☒ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                    **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

## AFFIDAVIT OF SERVICE

State of Georgia                     County of DEKALB                          State Court

Case Number: 22A03046

Plaintiff:
**REGINALD E. ROBINSON, SR.,**

vs.

Defendant:
**THE ARNOLD FOUNDATION, INC.; OUTBACK STEAKHOUSE INT'L, L.P.; OUTBACK STEAKHOUSE OF FLA., LLC; ABC CORP. #1-3; and JOHN DOES #1-3,**

For:
ARLISSA WILLIAMS JENNINGS
MORGAN & MORGAN

Received by Discrete Professional Services L. L. C. on the 16th day of August, 2022 at 3:16 pm to be served on **OUTBACK STEAKHOUSE OF FLA, LLC c/o REGISTERED AGENT: COROPORATE CREATIONS NETWORK, 2985 GORDY PARKWAY, 1ST FLOOR, MARIETTA, GA 30066**.

I, MUHSIN S. HASSAN, being duly sworn, depose and say that on the **17th day of August, 2022** at **2:20 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS and COMPLAINT FOR DAMAGES and PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO EACH DEFENDANT and PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT and RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY and GENERAL CIVIL and DOMESTIC RELATIONS CASE FILING INFORMATION FORM to: DALE STEPANCIK for The REGISTERED AGENT**, at the address of: **2985 GORDY PARKWAY, 1ST FLOOR, MARIETTA, GA 30066** on behalf of **OUTBACK STEAKHOUSE OF FLA, LLC**, and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit.  I have personal knowledge of the facts stated above.  I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

Subscribed and Sworn to before me on this _17_ day of _August_, 20_22_, by the affiant who is personally known to me or has show acceptable identification.

_____
NOTARY PUBLIC

**MUHSIN S. HASSAN**

**Discrete Professional Services L. L. C.**
P.O. Box 451081
Atlanta, GA 31145
**(470) 454-3107**

Our Job Serial Number: DIS-2022000709
Ref: ROBINSON v. THE ARNOLD FOUNDATION, et.a

*(Notary seal: ERNESTINE BELL, NOTARY PUBLIC, GEORGIA, DEKALB COUNTY, EXPIRES 01/03/2026)*

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m

## AFFIDAVIT OF SERVICE

State of Georgia                  **County of DEKALB**                      **State Court**

Case Number: 22A03046

Plaintiff:
**REGINALD E. ROBINSON, SR.,**

vs.

Defendant:
**THE ARNOLD FOUNDATION, INC.; OUTBACK STEAKHOUSE INT'L, L.P.;
OUTBACK STEAKHOUSE OF FLA., LLC; ABC CORP. #1-3; and JOHN DOES
#1-3,**

For:
ARLISSA WILLIAMS JENNINGS
MORGAN & MORGAN

Received by Discrete Professional Services L. L. C. on the 16th day of August, 2022 at 3:16 pm to be served on
**OUTBACK STEAKHOUSE OF FLA, LLC c/o REGISTERED AGENT: COROPORATE CREATIONS NETWORK,
2985 GORDY PARKWAY, 1ST FLOOR, MARIETTA, GA 30066**.

I, MUHSIN S. HASSAN, being duly sworn, depose and say that on the **17th day of August, 2022** at **2:20 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS and COMPLAINT FOR DAMAGES and
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO EACH DEFENDANT and PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT and RULE 5.2
CERTIFICATE OF SERVICE OF DISCOVERY and GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING
INFORMATION FORM** to: **DALE STEPANCIK** for **The REGISTERED AGENT**, at the address of: **2985 GORDY
PARKWAY, 1ST FLOOR, MARIETTA, GA 30066** on behalf of **OUTBACK STEAKHOUSE OF FLA, LLC**, and
informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit.  I have personal
knowledge of the facts stated above.  I have never been convicted of a felony or misdemeanor involving moral
turpitude in any state or federal jurisdiction.

Subscribed and Sworn to before me on this
____17____ day of ___August___ , 20_22_ , by the
affiant who is personally known to me or has show
acceptable identification.

_____
NOTARY PUBLIC

**MUHSIN S. HASSAN**

**Discrete Professional Services L. L. C.**
P.O. Box 451081
Atlanta, GA 31145
(470) 454-3107

Our Job Serial Number: DIS-2022000709
Ref: ROBINSON v. THE ARNOLD FOUNDATION, et al.

*(Notary seal: ERNESTINE BELL, NOTARY PUBLIC, EXPIRES GEORGIA 01/03/2026, DEKALB COUNTY)*

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m

**STATE COURT OF
DEKALB COUNTY, GA.
8/18/2022 9:41 AM
E-FILED
BY: Monique Roberts**

## AFFIDAVIT OF SERVICE

State of Georgia                    County of DEKALB                    State Court

Case Number: 22A03046

Plaintiff:
**REGINALD E. ROBINSON, SR.,**

vs.

Defendant:
**THE ARNOLD FOUNDATION, INC.; OUTBACK STEAKHOUSE INT'L, L.P.;
OUTBACK STEAKHOUSE OF FLA., LLC; ABC CORP. #1-3; and JOHN DOES
#1-3,**

For:
ARLISSA WILLIAMS JENNINGS
MORGAN & MORGAN

Received by Discrete Professional Services L. L. C. on the 16th day of August, 2022 at 3:16 pm to be served on
**OUTBACK STEAKHOUSE OF FLA, LLC c/o REGISTERED AGENT: COROPORATE CREATIONS NETWORK,
2985 GORDY PARKWAY, 1ST FLOOR, MARIETTA, GA 30066.**

I, MUHSIN S. HASSAN, being duly sworn, depose and say that on the **17th day of August, 2022** at **2:20 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS and COMPLAINT FOR DAMAGES and
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO EACH DEFENDANT and PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT and RULE 5.2
CERTIFICATE OF SERVICE OF DISCOVERY and GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING
INFORMATION FORM** to: **DALE STEPANCIK** for **The REGISTERED AGENT**, at the address of: **2985 GORDY
PARKWAY, 1ST FLOOR, MARIETTA, GA 30066** on behalf of **OUTBACK STEAKHOUSE OF FLA, LLC**, and
informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit.  I have personal
knowledge of the facts stated above.  I have never been convicted of a felony or misdemeanor involving moral
turpitude in any state or federal jurisdiction.

**MUHSIN S. HASSAN**

Subscribed and Sworn to before me on this
___17___ day of ___August___ , 20_22_ , by the
affiant who is personally known to me or has show
acceptable identification.

NOTARY PUBLIC

ERNESTINE BELL
NOTARY
EXPIRES
GEORGIA
01/03/2026
PUBLIC
DEKALB COUNTY

**Discrete Professional Services L. L. C.**
P.O. Box 451081
Atlanta, GA 31145
**(470) 454-3107**

Our Job Serial Number: DIS-2022000709
Ref: ROBINSON v. THE ARNOLD FOUNDATION, et.a

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m

## AFFIDAVIT OF SERVICE

State of Georgia                County of DEKALB                State Court

Case Number: 22A03046

Plaintiff:
**REGINALD E. ROBINSON, SR.,**

vs.

Defendant:
**THE ARNOLD FOUNDATION, INC.; OUTBACK STEAKHOUSE INT'L, L.P.; OUTBACK STEAKHOUSE OF FLA., LLC; ABC CORP. #1-3; and JOHN DOES #1-3,**

For:
ARLISSA WILLIAMS JENNINGS
MORGAN & MORGAN

Received by Discrete Professional Services L. L. C. on the 16th day of August, 2022 at 3:16 pm to be served on **THE ARNOLD FOUNDATION, INC. c/o REGISTERED AGENT: MICHAEL D. FLINT, 1100 PEACHTREE ST, SUITE 800, ATLANTA, GA 30309**.

I, MUHSIN S. HASSAN, being duly sworn, depose and say that on the **17th day of August, 2022** at **3:20 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS and COMPLAINT FOR DAMAGES and PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO EACH DEFENDANT and PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT and RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY and GENERAL CIVIL and DOMESTIC RELATIONS CASE FILING INFORMATION FORM** to: **JAMIE KASTLER** for **The REGISTERED AGENT**, at the address of: **1100 PEACHTREE ST., SUITE 800, ATLANTA, GA 30309** on behalf of **THE ARNOLD FOUNDATION, INC.**, and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit. I have personal knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

Subscribed and Sworn to before me on this
_____ day of _August_ , 20_22_ , by the
affiant who is personally known to me or has show
acceptable identification.

_Ernestine Bell_
NOTARY PUBLIC

**MUHSIN S. HASSAN**

**Discrete Professional Services L. L. C.**
P.O. Box 451081
Atlanta, GA 31145
(470) 454-3107

Our Job Serial Number: DIS-2022000707
Ref: ROBINSON v. THE ARNOLD FOUNDATION, et.a

*(Notary seal: ERNESTINE BELL, NOTARY PUBLIC, EXPIRES 01/03/2026, GEORGIA, DEKALB COUNTY)*

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m

**IN THE STATE COURT OF DeKALB COUNTY**
**STATE OF GEORGIA**

REGINALD E. ROBINSON, SR.,

      Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA., LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

      Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

**DEFENDANT OUTBACK STEAKHOUSE INTERNATIONAL, L.P.'s**
**DEMAND FOR JURY TRIAL**

COMES NOW Defendant OUTBACK STEAKHOUSE INTERNATIONAL, L.P. ("**Outback**" or "**Defendant**"), Defendant in the above-captioned action, and demands that this civil action be tried by a jury of twelve pursuant to O.C.G.A. § 15-12-122 as to all proper issues in this case.  In support of its demand, Defendant shows that the claim for damages exceed $25,000.00 and this demand is made within the time provided by law.

Respectfully submitted, this 15th day of September, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Henry C. DeBardeleben, IV
Henry C. DeBardeleben, IV
Georgia Bar No. 111320
Attorneys for Defendant Outback Steakhouse
of Florida, LLC

3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia  30326
Telephone:  (404) 832-9571
Facsimile:  (404) 875-9433
hdebardelebenIV@wwhgd.com

<u>**CERTIFICATE OF SERVICE**</u>

I electronically filed this Defendant Outback Steakhouse International, L.P.'s Demand for Jury Trial with the Clerk of Court using the Odyssey eFileGA filing system which will send notification of such filing to the following:

Arlissa Williams Jennings, Esq.
Georgia Bar No.:  918703
Morgan & Morgan Atlanta PLLC
PO Box 57007
Atlanta, Georgia 30343-1007
(404) 965-8811
*Attorneys for Plaintiff*

This, the 15th day of September, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben, IV

## IN THE STATE COURT OF DeKALB COUNTY
## STATE OF GEORGIA

REGINALD E. ROBINSON, SR.,

      Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA., LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

      Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

### ANSWER OF DEFENDANT OUTBACK STEAKHOUSE INTERNATIONAL, L.P.

COMES NOW Defendant OUTBACK STEAKHOUSE INTERNATIONAL, L.P. ("**Outback International**" or "**Defendant**"), Defendant in the above-captioned action, and files this its Answer to Plaintiff's Complaint, showing the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to provide any proof of a hazardous condition.

### THIRD AFFIRMATIVE DEFENSE

Defendant had no actual or constructive knowledge of any hazardous condition on the premises because it was not the owner, operator, and/or manager of the premises.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff had equal or superior knowledge of any alleged hazardous condition.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff was aware of the hazardous condition and failed to exercise ordinary care for his own safety, thus, making him the proximate cause of all injuries he allegedly sustained.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim may be barred by the statute of limitations and/or the statute of repose.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process and insufficiency of service of process.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred due to improper venue.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction over the Defendant.

### TENTH AFFIRMATIVE DEFENSE

Defendant has breached no duties to the Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has or may have failed to mitigate his damages as required by law.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of contributory/comparative negligence and/or the doctrine of avoidable consequences.

### THIRTEENTH AFFIRMATIVE DEFENSE

The intervening acts or omissions of persons, firms, or corporations other than Defendant are the proximate cause or causes of the alleged injuries sustained by Plaintiff; thus, Plaintiff is not entitled to recover damages against Defendant in any sum or manner whatsoever.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred because any allegedly hazardous condition on the premises was open and obvious and in plain view.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred because any allegedly hazardous condition was a static condition that the Plaintiff had already successfully traversed/negotiated.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because the Plaintiff assumed the risk of any injuries/damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred because the Plaintiff could have avoided any injury by exercising reasonable care for his own safety by avoiding any allegedly hazardous condition on the premises.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred because any allegedly hazardous condition was not obstructed from the Plaintiff's view and nothing caused by the Defendant distracted the Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred because the Plaintiff consciously disregarded the risk of the alleged hazardous condition.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages in the within matter were caused in whole or in part by the acts or omissions of persons other than the Defendant, over whom the Defendant had no control,

or by the superseding interventions of causes outside the Defendant's control, including the acts and omissions of the Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver, estoppel, and/or laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant was in the exercise of the legally required degree of care at all material times, and, accordingly, Plaintiff is not entitled to recover damages against Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred due to lack of subject matter jurisdiction.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred for failing to add a party.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and, thus, reserves the right to amend its Answer to assert such other affirmative defenses.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

For its Twenty-Sixth Affirmative Defense, Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint for Damages as follows:

### Parties, Jurisdiction, & Venue

1.      Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      The allegations contained in Paragraph 2 of Plaintiff's Complaint are admitted.

3.      Outback International is a domestic limited partnership.  Outback International was/is not the owner, operator, and/or manager of the premises where the Plaintiff was allegedly injured. The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

4.      Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      The allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

6.      Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## Facts Common to Counts I & II

8.      Defendant Outback is the owner of the premises where the Plaintiff was allegedly injured, 2145 Lavista Road, Atlanta, DeKalb County, Georgia 30329.  Outback International was/is not the owner, operator, and/or manager of the premises where the Plaintiff was allegedly injured.  The remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

9.      The allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10.     The allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11.     The allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.     The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.     The allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

## COUNT I:  Active Negligence

14.     The statement contained in Paragraph 14 of Plaintiff's Complaint is not an allegation supporting either a short and plain statement of a claim showing that the Plaintiff is entitled to

relief or a demand for judgment.  As such, no response is warranted under O.C.G.A. § 9-11-8.

Therefore, the statement contained in Paragraph 14 of Plaintiff's Complaint is denied.

15.     The allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.     The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.     The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

## COUNT II:  Premises Liability

24.     The statement contained in Paragraph 24 of Plaintiff's Complaint is not an allegation

supporting either a short and plain statement of a claim showing that the Plaintiff is entitled to

relief or a demand for judgment.  As such, no response is warranted under O.C.G.A. § 9-11-8.

Therefore, the statement contained in Paragraph 24 of Plaintiff's Complaint is denied.

25.     Defendant Outback is the owner of the premises where the Plaintiff was allegedly

injured, 2145 Lavista Road, Atlanta, DeKalb County, Georgia 30329.  Outback International

was/is not the owner, operator, and/or manager of the premises where the Plaintiff was allegedly

injured.  The remaining allegations contained in Paragraph 25 of Plaintiff's Complaint are

denied.

26.     The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied, as stated.

27.     The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied, as stated.

28.     The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint are denied.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied.

32.     The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

33.     The allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

34.     The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

To the extent to which the Court finds any allegations in Plaintiff's *ad damnum* clause, which Defendant denies there is, such allegations are denied.  By way of further response, any allegations of the Plaintiff's Complaint for Damages not heretofore addressed are hereby denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Outback respectfully requests that:

a)      A jury of twelve (12) be impaneled on all issues so triable;

b)      This Court grant Outback such further and other relief as it deems just and proper; and

c)      By way of further response, any allegations of the Plaintiff's Complaint not heretofore addressed are hereby denied.

Respectfully submitted, this 15th day of September, 2022.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben, IV*
Henry C. DeBardeleben, IV
Georgia Bar No. 111320
Attorneys for Defendant Outback Steakhouse
of Florida, LLC

STATE COURT OF
DEKALB COUNTY, GA.
9/15/2022 4:56 PM
E-FILED
BY: Monique Roberts

- 7-

3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia  30326
Telephone:  (404) 832-9571
Facsimile:  (404) 875-9433
hdebardelebenIV@wwhgd.com

**<u>CERTIFICATE OF SERVICE</u>**

I electronically filed this Defendant Outback Steakhouse International, L.P.'s Answer to Plaintiff's Complaint with the Clerk of Court using the Odyssey eFileGA filing system which will send notification of such filing to the following:

Arlissa Williams Jennings, Esq.
Georgia Bar No.:  918703
Morgan & Morgan Atlanta PLLC
PO Box 57007
Atlanta, Georgia 30343-1007
(404) 965-8811
*Attorneys for Plaintiff*

This, the 15th day of September, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben, IV

## IN THE STATE COURT OF DeKALB COUNTY
## STATE OF GEORGIA

REGINALD E. ROBINSON, SR.,

       Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA., LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

       Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

### ANSWER OF DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA, LLC

COMES NOW Defendant OUTBACK STEAKHOUSE OF FLORIDA, LLC ("**Outback**" or "**Defendant**"), Defendant in the above-captioned action, and files this its Answer to Plaintiff's Complaint, showing the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to provide any proof of a hazardous condition.

### THIRD AFFIRMATIVE DEFENSE

Defendant had no actual or constructive knowledge of any hazardous condition on the premises.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff had equal or superior knowledge of any alleged hazardous condition.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was aware of the hazardous condition and failed to exercise ordinary care for his own safety, thus, making him the proximate cause of all injuries he allegedly sustained.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim may be barred by the statute of limitations and/or the statute of repose.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process and insufficiency of service of process.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred due to improper venue.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction over the Defendant.

## TENTH AFFIRMATIVE DEFENSE

Defendant has breached no duties to the Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has or may have failed to mitigate his damages as required by law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of contributory/comparative negligence and/or the doctrine of avoidable consequences.

## THIRTEENTH AFFIRMATIVE DEFENSE

The intervening acts or omissions of persons, firms, or corporations other than Defendant are the proximate cause or causes of the alleged injuries sustained by Plaintiff; thus, Plaintiff is not entitled to recover damages against Defendant in any sum or manner whatsoever.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred because any allegedly hazardous condition on Defendant's premises was open and obvious and in plain view.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred because any allegedly hazardous condition was a static condition that the Plaintiff had already successfully traversed/negotiated.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because the Plaintiff assumed the risk of any injuries/damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred because the Plaintiff could have avoided any injury by exercising reasonable care for his own safety by avoiding any allegedly hazardous condition on the Defendant's premises.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred because any allegedly hazardous condition was not obstructed from the Plaintiff's view and nothing caused by the Defendant distracted the Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred because the Plaintiff consciously disregarded the risk of the alleged hazardous condition.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages in the within matter were caused in whole or in part by the acts or omissions of persons other than the Defendant, over whom the Defendant had no control, or by the superseding interventions of causes outside the Defendant's control, including the acts

and omissions of the Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver, estoppel, and/or laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant was in the exercise of the legally required degree of care at all material times, and, accordingly, Plaintiff is not entitled to recover damages against Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred due to lack of subject matter jurisdiction.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred for failing to add a party.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and, thus, reserves the right to amend its Answer to assert such other affirmative defenses.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

For its Twenty-Sixth Affirmative Defense, Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint for Damages as follows:

### Parties, Jurisdiction, & Venue

1.      Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      The allegations contained in Paragraph 2 of Plaintiff's Complaint are admitted.

3.      Outback Steakhouse International, L.P. ("**Outback International**") is a domestic limited partnership.  The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are

denied.

4.      Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      The allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

6.      Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## Facts Common to Counts I & II

8.      Defendant Outback is the owner of the premises where the Plaintiff was allegedly injured, 2145 Lavista Road, Atlanta, DeKalb County, Georgia 30329.  The remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

9.      The allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10.     The allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11.     The allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.     The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.     The allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

## COUNT I:  Active Negligence

14.     The statement contained in Paragraph 14 of Plaintiff's Complaint is not an allegation supporting either a short and plain statement of a claim showing that the Plaintiff is entitled to relief or a demand for judgment.  As such, no response is warranted under O.C.G.A. § 9-11-8. Therefore, the statement contained in Paragraph 14 of Plaintiff's Complaint is denied.

15.     The allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.     The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.     The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

## COUNT II:  Premises Liability

24.     The statement contained in Paragraph 24 of Plaintiff's Complaint is not an allegation supporting either a short and plain statement of a claim showing that the Plaintiff is entitled to relief or a demand for judgment.  As such, no response is warranted under O.C.G.A. § 9-11-8. Therefore, the statement contained in Paragraph 24 of Plaintiff's Complaint is denied.

25.     Defendant Outback is the owner of the premises where the Plaintiff was allegedly injured, 2145 Lavista Road, Atlanta, DeKalb County, Georgia 30329.  The remaining allegations contained in Paragraph 25 of Plaintiff's Complaint are denied.

26.     The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied, as stated.

27.     The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied, as stated.

28.     The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint are denied.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied.

32.     The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

33.    The allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

34.    The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

To the extent to which the Court finds any allegations in Plaintiff's *ad damnum* clause, which Defendant denies there is, such allegations are denied.  By way of further response, any allegations of the Plaintiff's Complaint for Damages not heretofore addressed are hereby denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Outback respectfully requests that:

a)    A jury of twelve (12) be impaneled on all issues so triable;

b)    This Court grant Outback such further and other relief as it deems just and proper; and

c)    By way of further response, any allegations of the Plaintiff's Complaint not heretofore addressed are hereby denied.

Respectfully submitted, this 15th day of September, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben, IV*
Henry C. DeBardeleben, IV
Georgia Bar No. 111320
Attorneys for Defendant Outback Steakhouse
of Florida, LLC

3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia  30326
Telephone:  (404) 832-9571
Facsimile:  (404) 875-9433
hdebardelebenIV@wwhgd.com

STATE COURT OF
DEKALB COUNTY, GA.
9/15/2022 4:38 PM
E-FILED
BY: Patricia Harris

## <u>CERTIFICATE OF SERVICE</u>

I electronically filed this Defendant Outback Steakhouse of Florida, LLC's Answer to Plaintiff's Complaint with the Clerk of Court using the Odyssey eFileGA filing system which will send notification of such filing to the following:

Arlissa Williams Jennings, Esq.
Georgia Bar No.:  918703
Morgan & Morgan Atlanta PLLC
PO Box 57007
Atlanta, Georgia 30343-1007
(404) 965-8811
*Attorneys for Plaintiff*

This, the 15th day of September, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben, IV

STATE COURT OF
DEKALB COUNTY, GA.
9/15/2022 4:38 PM
E-FILED
BY: Patricia Harris

**IN THE STATE COURT OF DeKALB COUNTY**
**STATE OF GEORGIA**

REGINALD E. ROBINSON, SR.,

      Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA., LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

      Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

**DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA, LLC's**
**DEMAND FOR JURY TRIAL**

COMES NOW Defendant OUTBACK STEAKHOUSE OF FLORIDA, LLC ("**Outback**" or "**Defendant**"), Defendant in the above-captioned action, and demands that this civil action be tried by a jury of twelve pursuant to O.C.G.A. § 15-12-122 as to all proper issues in this case.  In support of its demand, Defendant shows that the claim for damages exceed $25,000.00 and this demand is made within the time provided by law.

Respectfully submitted, this 15th day of September, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Henry C. DeBardeleben, IV
Henry C. DeBardeleben, IV
Georgia Bar No. 111320
Attorneys for Defendant Outback Steakhouse
of Florida, LLC

3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia  30326
Telephone:  (404) 832-9571
Facsimile:  (404) 875-9433
hdebardelebenIV@wwhgd.com

## CERTIFICATE OF SERVICE

I electronically filed this Defendant Outback Steakhouse of Florida, LLC's Demand for Jury Trial with the Clerk of Court using the Odyssey eFileGA filing system which will send notification of such filing to the following:

Arlissa Williams Jennings, Esq.
Georgia Bar No.: 918703
Morgan & Morgan Atlanta PLLC
PO Box 57007
Atlanta, Georgia 30343-1007
(404) 965-8811
*Attorneys for Plaintiff*

This, the 15th day of September, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben, IV

STATE COURT OF
DEKALB COUNTY, GA.
9/15/2022 4:38 PM
E-FILED
BY: Patricia Harris

**IN THE STATE COURT OF DeKALB COUNTY**
**STATE OF GEORGIA**

REGINALD E. ROBINSON, SR.,

     Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

     Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Pursuant to Rule 5.2, Defendant Outback Steakhouse International, L.P. certifies that on the 28th day of September, 2022, true and correct copies of the following documents were sent via email to counsel for Plaintiff:

1. Defendant Outback Steakhouse International, L.P.'s Responses and Objections to Plaintiff's First Request for Admissions;

2. Certificate of Service of Discovery Material.

This 28th day of September, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Henry C. DeBardeleben, IV
Henry C. DeBardeleben, IV
Georgia Bar No. 111320
*Attorneys for Defendants Outback Steakhouse International, LP, and Outback Steakhouse of Florida, LLC.*

3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia  30326
Telephone:  (404) 832-9571
Facsimile:   (404) 875-9433
hdebardelebenIV@wwhgd.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing was served on all counsel of record via electronic filing, as follows:

Arlissa Williams Jennings, Esq.
Georgia Bar No.:  918703
Morgan & Morgan Atlanta PLLC
PO Box 57007
Atlanta, Georgia 30343-1007
(404) 965-8811
*Attorneys for Plaintiff*

This, the 28th day of September, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben, IV

**IN THE STATE COURT OF DeKALB COUNTY**
**STATE OF GEORGIA**

REGINALD E. ROBINSON, SR.,

      Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

      Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Pursuant to Rule 5.2, Defendant Outback Steakhouse of Florida, LLC certifies that on the 28th day of September, 2022, true and correct copies of the following documents were sent via email to counsel for Plaintiff:

1. Defendant Outback Steakhouse of Florida, LLC's Responses and Objections to Plaintiff's First Request for Admissions;

2. Certificate of Service of Discovery Material.

This 28th day of September, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Henry C. DeBardeleben, IV
Henry C. DeBardeleben, IV
Georgia Bar No. 111320
*Attorneys for Defendants Outback Steakhouse*
*International, LP, and Outback Steakhouse of*
*Florida, LLC.*

3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia  30326
Telephone:  (404) 832-9571
Facsimile:  (404) 875-9433
hdebardelebenIV@wwhgd.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing was served on all counsel of record via electronic filing, as follows:

Arlissa Williams Jennings, Esq.
Georgia Bar No.:  918703
Morgan & Morgan Atlanta PLLC
PO Box 57007
Atlanta, Georgia 30343-1007
(404) 965-8811
*Attorneys for Plaintiff*

This, the 28th day of September, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben, IV

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **REGINALD E. ROBINSON, SR.,**<br><br>        **Plaintiff**<br><br>**vs.**<br><br>**THE ARNOLD FOUNDATION, INC.;**<br>**OUTBACK STEAKHOUSE INT'L, L.P.;**<br>**OUTBACK STEAKHOUSE OF FLA.;**<br>**LLC; ABC CORPORATIONS #1-3; and**<br>**JOHN DOES #1-3,**<br><br>        **Defendants.** | **CASE ACTION**<br><br>**FILE NO.: 22A03046**<br><br><br>**JURY TRIAL DEMANDED** |

## AMENDED ORDER DISMISSING THE ARNOLD FOUNDATION

HAVING READ AND CONSIDERED the Plaintiff's Motion to Dismiss Less Than All Parties, it is hereby ordered that said motion be granted.

Plaintiff's claims against The Arnold Foundation, Inc., are hereby dismissed without prejudice.

SO ORDERED AND ADJUDGED, this _____day of _____, 2022.


_____
Judge, State Court of Dekalb County

*Prepared by:*
*Arlissa E. Williams Jennings*
*MORGAN & MORGAN ATLANTA PLLC*
*P.O. Box 57007*
*Atlanta, Georgia 30343-1007*
*Telephone:     (404) 965-8811*
*Facsimile:      (404) 965-8812*
*ajennings@forthepeople.com*

STATE COURT OF
DEKALB COUNTY, GA.
10/7/2022 1:20 PM
E-FILED
BY: Monique Roberts

## IN THE STATE COURT OF DeKALB COUNTY
## STATE OF GEORGIA

REGINALD E. ROBINSON, SR.,

      Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

      Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

      Pursuant to Rule 5.2, Defendants Outback Steakhouse International, L.P. and Outback Steakhouse of Florida, LLC certify that on the 20th day of October, 2022, true and correct copies of the following documents were sent via email to counsel for Plaintiff:

1. Defendant Outback Steakhouse International, L.P.'s Answers to Plaintiff's First Set of Interrogatories;

2. Defendant Outback Steakhouse International, L.P.'s Answers to Plaintiff's First Set of Request for Production of Documents;

3. Defendant Outback Steakhouse of Florida., LLC's Answers to Plaintiff's First Set of Interrogatories;

4. Defendant Outback Steakhouse of Florida., LLC's Answers to Plaintiff's First Set of Request for Production of Documents; and

5. Certificate of Service of Discovery Material.

This 20th day of October, 2022.

*[SIGNATURE FOLLOWS ON NEXT PAGE]*

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

/s/ Henry C. DeBardeleben, IV
Henry C. DeBardeleben, IV
Georgia Bar No. 111320
*Attorneys for Defendants Outback Steakhouse*
*International, LP, and Outback Steakhouse of*
*Florida, LLC.*

3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia  30326
Telephone:  (404) 832-9571
Facsimile:  (404) 875-9433
hdebardelebenIV@wwhgd.com

STATE COURT OF
DEKALB COUNTY, GA.
10/20/2022 5:20 PM
E-FILED
BY: Patricia Harris

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing was served on all counsel of record via Odyssey eFileGA and by depositing same in the United States Mail in a properly addressed envelope, with adequate postage thereon to all counsel of record as follows:

Arlissa Williams Jennings, Esq.
Georgia Bar No.:  918703
Morgan & Morgan Atlanta PLLC
PO Box 57007
Atlanta, Georgia 30343-1007
(404) 965-8811
*Attorneys for Plaintiff*

This 20th day of October, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben, IV

STATE COURT OF
DEKALB COUNTY, GA.
10/20/2022 5:20 PM
E-FILED
BY: Patricia Harris

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **REGINALD E. ROBINSON, SR.,** | **CASE ACTION** |
|     **Plaintiff** | **FILE NO.: 22A03046** |
| **vs.** | |
| **THE ARNOLD FOUNDATION, INC.;** **OUTBACK STEAKHOUSE INT'L, L.P.;** **OUTBACK STEAKHOUSE OF FLA.;** **LLC; ABC CORPORATIONS #1-3; and** **JOHN DOES #1-3,** | **JURY TRIAL DEMANDED** |
|     **Defendants.** | |

## AMENDED ORDER DISMISSING THE ARNOLD FOUNDATION

HAVING READ AND CONSIDERED the Plaintiff's Motion to Dismiss Less Than All

Parties, it is hereby ordered that said motion be granted.

Plaintiff's claims against The Arnold Foundation, Inc., are hereby dismissed without

prejudice.

SO ORDERED AND ADJUDGED, this _8th_ day of _November_ , 2022.

_____
Judge, State Court of Dekalb County

Judge Mike Jacobs
State Court of DeKalb County

*Prepared by:*
*Arlissa E. Williams Jennings*
*MORGAN & MORGAN ATLANTA PLLC*
*P.O. Box 57007*
*Atlanta, Georgia 30343-1007*
*Telephone:   (404) 965-8811*
*Facsimile:   (404) 965-8812*
*ajennings@forthepeople.com*

STATE COURT OF
DEKALB COUNTY, GA.
10/7/2022 1:20 PM
E-FILED
BY: Monique Roberts

## AFFIDAVIT OF SERVICE

State of Georgia                    **County of DEKALB**                    State Court

Case Number: 22A03046

Plaintiff:
**REGINALD E. ROBINSON, SR.,**

vs.

Defendant:
**THE ARNOLD FOUNDATION, INC.; OUTBACK STEAKHOUSE INT'L, L.P.;**
**OUTBACK STEAKHOUSE OF FLA., LLC; ABC CORP. #1-3; and JOHN DOES**
**#1-3,**

For:
ARLISSA WILLIAMS JENNINGS
MORGAN & MORGAN

Received by Discrete Professional Services L. L. C. on the 16th day of August, 2022 at 3:16 pm to be served on
**OUTBACK STEAKHOUSE INT'L, L.P. c/o REGISTERED AGENT: COROPORATE CREATIONS NETWORK, 2985
GORDY PARKWAY, 1ST FLOOR, MARIETTA, GA 30066.**

I, MUHSIN S. HASSAN, being duly sworn, depose and say that on the **17th day of August, 2022** at **2:20 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS and COMPLAINT FOR DAMAGES and
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO EACH DEFENDANT and PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT and RULE 5.2
CERTIFICATE OF SERVICE OF DISCOVERY and GENERAL CIVIL and DOMESTIC RELATIONS CASE FILING
INFORMATION FORM to: DALE STEPANCIK for The REGISTERED AGENT,** at the address of: **2985 GORDY
PARKWAY, 1ST FLOOR, MARIETTA, GA 30066** on behalf of **OUTBACK STEAKHOUSE INT'L, L.P.**, and informed
said person of the contents therein, in compliance with state statutes.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit.  I have personal
knowledge of the facts stated above.  I have never been convicted of a felony or misdemeanor involving moral
turpitude in any state or federal jurisdiction.

**MUHSIN S. HASSAN**

Subscribed and Sworn to before me on this
_____ day of _August_ , 20 _22_ , by the
affiant who is personally known to me or has show
acceptable identification.

NOTARY PUBLIC

**Discrete Professional Services L. L. C.**
P.O. Box 451081
Atlanta, GA 31145
**(470) 454-3107**

ERNESTINE BELL
NOTARY
EXPIRES
GEORGIA
01/03/2026
PUBLIC
DEKALB COUNTY

Our Job Serial Number: DIS-2022000708
Ref: ROBINSON v. THE ARNOLD FOUNDATION, et.a

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m

**IN THE STATE COURT OF DeKALB COUNTY**
**STATE OF GEORGIA**

REGINALD E. ROBINSON, SR.,

      Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

      Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Pursuant to Rule 5.2, Defendants Outback Steakhouse International, L.P. and Outback Steakhouse of Florida, LLC certify that on the 23rd day of December, 2022, true and correct copies of the following documents were sent via email to counsel for Plaintiff:

1. Outback Steakhouse International, L.P.'s First Continuing Interrogatories; and

2. Outback Steakhouse International, L.P.'s First Continuing Requests for the Production of Documents; and

3. Outback Steakhouse of Florida, LLC's First Continuing Interrogatories; and

4. Outback Steakhouse of Florida, LLC's First Continuing Requests for the Production of Documents; and

5. Certificate of Service of Discovery Material.

This 23rd day of December, 2022.

*[SIGNATURE FOLLOWS ON NEXT PAGE]*

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**

*/s/ Henry C. DeBardeleben, IV*
Henry C. DeBardeleben, IV
Georgia Bar No. 111320
*Attorneys for Defendants Outback Steakhouse
International, LP, and Outback Steakhouse of
Florida, LLC.*

3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 832-9571
Facsimile:  (404) 875-9433
hdebardelebenIV@wwhgd.com

STATE COURT OF
DEKALB COUNTY, GA.
12/23/2022 3:59 PM
E-FILED
BY: Patricia Harris

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing was served on all counsel of record via Odyssey eFileGA and by depositing same in the United States Mail in a properly addressed envelope, with adequate postage thereon to all counsel of record as follows:

Michael Johnson, Esq.
Georgia Bar No: 679391
**MORGAN & MORGAN ATLANTA PLLC**
PO Box 57007
Atlanta, Georgia 30343-1007
majohnson@forthepeople.com
Telephone: (404) 757-8572
Facsimile: (404) 757-8727
*Attorneys for Plaintiff*

This 23rd day of December, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben, IV

STATE COURT OF
DEKALB COUNTY, GA.
12/23/2022 3:59 PM
E-FILED
BY: Patricia Harris

**IN THE STATE COURT OF DeKALB COUNTY**
**STATE OF GEORGIA**

REGINALD E. ROBINSON, SR.,

      Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

      Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Pursuant to Rule 5.2, Defendants Outback Steakhouse International, L.P. and Outback

Steakhouse of Florida, LLC certify that on the 23rd day of December, 2022, true and correct copies

of the following documents were sent via email to counsel for Plaintiff:

1. Outback Steakhouse International, L.P.'s First Continuing Interrogatories; and

2. Outback Steakhouse International, L.P.'s First Continuing Requests for the Production
   of Documents; and

3. Outback Steakhouse of Florida, LLC's First Continuing Interrogatories; and

4. Outback Steakhouse of Florida, LLC's First Continuing Requests for the Production of
   Documents; and

5. Certificate of Service of Discovery Material.

This 23rd day of December, 2022.

*[SIGNATURE FOLLOWS ON NEXT PAGE]*

**WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC**

*/s/ Henry C. DeBardeleben, IV*
Henry C. DeBardeleben, IV
Georgia Bar No. 111320
*Attorneys for Defendants Outback Steakhouse
International, LP, and Outback Steakhouse of
Florida, LLC.*

3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 832-9571
Facsimile:  (404) 875-9433
hdebardelebenIV@wwhgd.com

STATE COURT OF
DEKALB COUNTY, GA.
12/23/2022 3:59 PM
E-FILED
BY: Patricia Harris

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing was served on all counsel of record via Odyssey eFileGA and by depositing same in the United States Mail in a properly addressed envelope, with adequate postage thereon to all counsel of record as follows:

Michael Johnson, Esq.
Georgia Bar No: 679391
**MORGAN & MORGAN ATLANTA PLLC**
PO Box 57007
Atlanta, Georgia 30343-1007
majohnson@forthepeople.com
Telephone: (404) 757-8572
Facsimile: (404) 757-8727
*Attorneys for Plaintiff*

This 23rd day of December, 2022.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben, IV

STATE COURT OF
DEKALB COUNTY, GA.
12/23/2022 3:59 PM
E-FILED
BY: Patricia Harris

TO:              All Judges, Clerks of Court and Counsel of Record

FROM:         Henry C. Debardeleben, IV, Esq.

RE:              Notice of Leave Of Absence

DATE:          March 7, 2023

_____

COMES NOW Henry C. Debardeleben IV, Esq., and respectfully notifies all Judges before whom he has cases pending, all affected clerks of court, and all opposing counsel that he will be on leave pursuant to Georgia Uniform Court Rule 16.1.

1.   The period of leave during which time Henry C. Debardeleben IV will be away from the practice of Law are as follows:

- March 30 – April 7 (family vacation).

2.   All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

Respectfully submitted this 7th day of March, 2023.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ *Henry C. DeBardeleben, IV*

_____
Henry C. DeBardeleben, IV
Georgia Bar No. 111320

3344 Peachtree Road, N.E., Suite 2400
Atlanta, Georgia 30326
(404) 876-2700 Direct Dial
(404) 875-9433 Fax
ddebardeleben@wwhgd.com

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this date served a copy of the foregoing Notice of Leave of Absence upon all Judges, Clerks, and opposing counsel listed on the attached Exhibit "A" by electronic filing and/or depositing same in the U.S. Mail with adequate postage affixed thereto.

Respectfully submitted this 7th day of March, 2023.


WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ *Henry C. DeBardeleben, IV*

_____

Henry C. DeBardeleben, IV
Georgia Bar No. 111320

3344 Peachtree Road, N.E., Suite 2400
Atlanta, Georgia 30326
(404) 876-2700 Direct Dial
(404) 875-9433 Fax
ddebardeleben@wwhgd.com

**EXHIBIT "A"**

| **NAME OF CASE and CASE NUMBER** | **NAME OF JUDGE and NAME OF COURT** | **OPPOSING COUNSEL** |
|---|---|---|
| Reginald E. Robinson, Sr., vs. The Arnold Foundation, Inc., Outback Steakhouse International, L.P., Outback Steakhouse of Florida, LLC, ABC Corp. #1-3, and John Does #1-3 | Honorable Mike Jacobs<br>State Court of DeKalb County<br>556 N. McDonough Street<br>Decatur, Georgia 30030 | Michael Johnson, Esq.<br>Georgia Bar No: 679391<br>MORGAN & MORGAN<br>ATLANTA PLLC<br>PO Box 57007<br>Atlanta, Georgia 30343-1007<br>majohnson@forthepeople.com<br>Telephone: (404) 757-8572<br>Facsimile: (404) 757-8727<br>*Attorneys for Plaintiff* |

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| REGINALD E. ROBINSON, SR., | CIVIL ACTION |
| Plaintiff, | |
| vs. | FILE NO.: 22A03046 |
| OUTBACK STEAKHOUSE INT'L, L.P., OUTBACK STEAKHOUSE OF FLA., LLC, ABC CORP. #1-3, and JOHN DOES #1-3, | **JURY TRIAL DEMANDED** |
| Defendants. | |

### JOINT MOTION TO EXTEND THE DISCOVERY PERIOD

COME NOW, Plaintiff REGINALD E. ROBINSON, SR ("Plaintiff") and Defendants THE ARNOLD FOUNDATION, INC., OUTBACK STEAKHOUSE INT'L, L.P., OUTBACK STEAKHOUSE OF FLA., LLC, ABC CORP. #1-3, and JOHN DOES #1-3, ("Defendants") (collectively referred to as the "Parties"), and respectfully request that the Court extend the discovery deadline, which is set to expire on March 14, 2023, and in support thereof, the Parties show the following:

The Parties, by written stipulation through their respective counsel hereby move the Court to extend the time by which discovery may be conducted in this action up to and including June 8, 2023. This extension is not being sought for purposes of delay and the Parties will not allow this action to languish unnecessarily.

WHEREFORE, the Parties respectfully move this Court to extend the discovery deadline up to and through June 8, 2023.

1

This 10th  day of March, 2023.

Respectfully submitted,

PREPARED BY:                                    CONSENTED TO BY:

*/s/Michael Johnson*                             /s/*Henry DeBardeleben, IV*(signed with express
Michael Johnson, Esq.                            permission by Michael Johnson)
Georgia Bar No.679391                            Henry C. DeBardeleben, IV, Esq.
**MORGAN & MORGAN ATLANTA**          Georgia Bar No.: 111320
**LLP**                                          **Weinberg, Wheeler, Hudgins,**
P.O. Box 57007                                   **Gunn & Dial, LLC**
Atlanta, Georgia 30343-1007                      *Attorneys for Defendants*
Telephone: (404) 757-8572                        3344 Peachtree Road NE, Suite 2400
Facsimile:  (404) 757-8727                       Atlanta, Georgia 30326
Email: majohnson@forthepeople.com                Telephone: (404) 832-9571
*Attorney for the Plaintiff*                     Facsimile: (404) 875-9433
                                                 HdebardelebenIV@wwhgd.com

STATE COURT OF
DEKALB COUNTY, GA.
3/15/2023 1:34 PM
E-FILED
BY: Monique Roberts

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

REGINALD E. ROBINSON, SR.,

      Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

      Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

**PROPOSED ORDER EXTENDING THE DISCOVERY PERIOD**

Having read and considered the parties' Joint Motion to Extend the Discovery Period, and

for good cause having been shown, IT IS HEREBY ORDERED that discovery period is extended

through and including July 31, 2023.

SO ORDERED, this _____ day of _____, 2023.

_____
Judge, State Court of Dekalb County, Georgia

*PREPARED BY:*

*Michael Johnson, Esq.*
*State Bar No. 679391*
*Morgan & Morgan PLLC*
*191 Peachtree Rd., Suite 4300*
*Atlanta, Georgia 30303*
*majohnson@forthepeople.com*

STATE COURT OF
DEKALB COUNTY, GA.
3/15/2023 1:34 PM
E-FILED
BY: Monique Roberts

3

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that I have this day served a copy of the foregoing **JOINT MOTION TO EXTEND THE DISCOVERY PERIOD and PROPOSED ORDER** upon all parties to this matter by electronically filing a certificate of service via Odyssey e-File GA, which will automatically send notification of filing to counsel of record, addressed as follows:

Henry C. DeBardeleben, IV, Esq.
Georgia Bar No.: 111320
**Weinberg, Wheeler, Hudgins,**
**Gunn & Dial, LLC**
*Attorneys for Defendants Outback Steakhouse*
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 832-9571
Facsimile: (404) 875-9433
Email : HdebardelebenIV@wwhgd.com

This 10th day of March, 2023.

Respectfully Submitted,

*/s/Michael Johnson*
Michael Johnson, Esq.
Georgia Bar # 679391
*Attorney for the Plaintiff*

P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 757-8572
Facsimile:  (404) 757-8727
Email: majohnson@forthepeople.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

REGINALD E. ROBINSON, SR.,

      Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

      Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

## PROPOSED ORDER EXTENDING THE DISCOVERY PERIOD

Having read and considered the parties' Joint Motion to Extend the Discovery Period, and

for good cause having been shown, IT IS HEREBY ORDERED that discovery period is extended

through and including July 31, 2023.

SO ORDERED, this _____ day of _____, 2023.

_____
Judge, State Court of Dekalb County, Georgia

*PREPARED BY:*

*Michael Johnson, Esq.*
*State Bar No. 679391*
*Morgan & Morgan PLLC*
*191 Peachtree Rd., Suite 4300*
*Atlanta, Georgia 30303*
*majohnson@forthepeople.com*

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**REGINALD E. ROBINSON, SR.,**

      **Plaintiff,**

**vs.**

**OUTBACK STEAKHOUSE INT'L, L.P., OUTBACK STEAKHOUSE OF FLA., LLC, ABC CORP. #1-3, and JOHN DOES #1-3,**

      **Defendants.**

**CIVIL ACTION**

**FILENO.: 22A03046**

<u>**JURY TRIAL DEMANDED**</u>

<u>**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**</u>

Plaintiff hereby certifies pursuant to Uniform Rule of State Court 5.2, that on this day, a copy of the following discovery documents were served upon opposing counsel in the above styed action:

1. <u>**PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES;**</u>
2. **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**.

1

**STATE COURT OF
DEKALB COUNTY, GA.
3/22/2023 10:45 AM
E-FILED
BY: Camille Boknight**

**<u>CERTIFICATE OF SERVICE</u>**

THIS IS TO CERTIFY that I have this day served a copy of the foregoing **RULE 5.2 CERTIFICATE OF SERVICE** upon all counsel of record via the e-filing system which sends an e-mail notification of such filing to all counsel of record registered with the system, or in the alternative, by depositing same in the United States mail in a properly addressed envelope with adequate postage affixed thereto:

Henry C. DeBardeleben, IV
Georgia Bar No. 111320
**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**
*Attorneys for Defendants*
*Outback Steakhouse International, LP,*
*and Outback Steakhouse of Florida, LLC*
3344 Peachtree Road NE Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 832-9571
Facsimile: (404) 875-9433
Email: hdebardelebenIV@wwhgd.com

This 22nd day of March, 2023.

Respectfully Submitted,


**MORGAN & MORGAN ATLANTA, PLLC,**


*/s/Michael Johnson*
Michael Johnson, Esq.
Georgia Bar No: 679391
*Attorney for Plaintiff*

P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 757-8572
Facsimile:  (404) 757-8727
Email: majohnson@forthepeople.com

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

REGINALD E. ROBINSON, SR.,

       Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

       Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

~~**PROPOSED**~~ **ORDER EXTENDING THE DISCOVERY PERIOD**

Having read and considered the parties' Joint Motion to Extend the Discovery Period, and for good cause having been shown, IT IS HEREBY ORDERED that discovery period is extended through and including July 31, 2023.

SO ORDERED, this __23rd__ day of _____March_____, 2023.

_____
Judge, State Court of Dekalb County, Georgia

Mike Jacobs

*PREPARED BY:*

*Michael Johnson, Esq.*
*State Bar No. 679391*
*Morgan & Morgan PLLC*
*191 Peachtree Rd., Suite 4300*
*Atlanta, Georgia 30303*
*majohnson@forthepeople.com*

STATE COURT OF
DEKALB COUNTY, GA.
3/15/2023 1:34 PM
E-FILED
BY: Monique Roberts

**IN THE STATE COURT OF DeKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| REGINALD E. ROBINSON, SR., | |
| Plaintiff, | CIVIL ACTION |
| vs. | FILE NO.: 22A03046 |
| THE ARNOLD FOUNDATION, INC., OUTBACK STEAKHOUSE INT'L, L.P., OUTBACK STEAKHOUSE OF FLA., LLC, ABC CORP. #1-3, and JOHN DOES #1-3, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**CONSENT MOTION TO DISMISS DEFENDANT OUTBACK STEAKHOUSE INTERNATIONAL, L.P., WITHOUT PREJUDICE**

**COME NOW** the parties, through their undersigned counsel, and file this Consent Motion to Dismiss Defendant Outback Steakhouse International, L.P. ("**Outback International**"), without prejudice, showing the Court as follows:

1.

On August 8, 2022, Plaintiff Reginald E. Robinson, Sr. ("**Plaintiff**") filed this suit against Outback International and other parties.

2.

On November 8, 2022, the parties Consent Motion to Dismiss the Arnold Foundation, Inc., was granted.

3.

The Plaintiff wishes to dismiss his claims against Outback International, without prejudice.

4.

Plaintiff's claims against Defendant Outback Steakhouse of Florida, LLC shall remain unaffected by the dismissal of Outback International.

5.

Because this is a dismissal of less than all the parties to this lawsuit, a Court Order is required pursuant to O.C.G.A. § 9-11-41, O.C.G.A. § 9-11-21, and Flemister v. Hopkins, 230 Ga. App. 93, 495 S.E.2d 342 (1998).  All the parties have no objection to the dismissal of Defendant Outback International, without prejudice.   A proposed order dismissing Defendant Outback International, from this matter, without prejudice, is attached hereto as Exhibit "A," for the Court's consideration and execution.

This 17th day of May, 2023.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

/s/ Henry C. DeBardeleben, IV
Henry C. DeBardeleben, IV
Georgia Bar No. 111320
*Attorneys for Defendants Outback Steakhouse International, LP, and Outback Steakhouse of Florida, LLC.*

STATE COURT OF
DEKALB COUNTY, GA.
5/17/2023 4:24 PM
E-FILED
BY: Monique Roberts

3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia  30326
Telephone:  (404) 832-9571
Facsimile:  (404) 875-9433
hdebardelebenIV@wwhgd.com

**CONSENTED TO BY:**

MORGAN & MORGAN ATLANTA PLLC

/s/ Michael Johnson
Michael Johnson, Esq.
Georgia Bar No: 679391
*(w/ express permission by Henry C. DeBardeleben IV)*

191 Peachtree Street NE
Suite 4200
Atlanta, Georgia 30303
MAIL ADDRESS:
PO Box 57007
Atlanta, Georgia 30343-1007
(404) 757-8572
(404) 757-8727  Fax
*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true copy of the foregoing was served on all counsel

of record via electronic filing, as follows:

Michael Johnson, Esq.
Georgia Bar No: 679391
**Morgan & Morgan Atlanta PLLC**
191 Peachtree Street NE
Suite 4200
Atlanta, Georgia 30303
MAIL ADDRESS:
PO Box 57007
Atlanta, Georgia 30343-1007
(404) 757-8572
(404) 757-8727  Fax
majohnson@forthepeople.com
*Attorneys for Plaintiff*

This 17th day of May, 2023.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben, IV

**IN THE STATE COURT OF DeKALB COUNTY
STATE OF GEORGIA**

REGINALD E. ROBINSON, SR.,

      Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

      Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

**ORDER DISMISSING OUTBACK STEAKHOUSE INTERNATIONAL, L.P., WITHOUT PREJUDICE**

      **HAVING READ AND CONSIDERED** the parties Consent Motion to Dismiss Defendant Outback Steakhouse International, L.P., it is hereby ordered that said motion be granted.

      Plaintiff's claims against Outback Steakhouse International, L.P., are hereby dismissed without prejudice.

      SO ORDERED AND ADJUDGED, this ____ day of _____, 2023.

                             _____
                             Judge, State Court of DeKalb County

**PREPARED BY:**

Henry C. DeBardeleben, IV
Georgia Bar No. 111320
3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia  30326
Telephone:  (404) 832-9571
Facsimile:   (404) 875-9433
hdebardelebenIV@wwhgd.com
*Attorneys for Defendants Outback
Steakhouse International, LP, and
Outback Steakhouse of Florida, LLC.*

STATE COURT OF
DEKALB COUNTY, GA.
5/17/2023 4:24 PM
E-FILED
BY: Monique Roberts

## IN THE STATE COURT OF DeKALB COUNTY
## STATE OF GEORGIA

REGINALD E. ROBINSON, SR.,

        Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

        Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

## ORDER DISMISSING OUTBACK STEAKHOUSE INTERNATIONAL, L.P., WITHOUT PREJUDICE

**HAVING READ AND CONSIDERED** the parties Consent Motion to Dismiss Defendant

Outback Steakhouse International, L.P., it is hereby ordered that said motion be granted.

Plaintiff's claims against Outback Steakhouse International, L.P., are hereby dismissed

without prejudice.

SO ORDERED AND ADJUDGED, this 25th day of May, 2023.

                                _____

                                Judge, State Court of DeKalb County

                                Mike Jacobs

**PREPARED BY:**

Henry C. DeBardeleben, IV
Georgia Bar No. 111320
3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia  30326
Telephone:  (404) 832-9571
Facsimile:  (404) 875-9433
hdebardelebenIV@wwhgd.com
*Attorneys for Defendants Outback*
*Steakhouse International, LP, and*
*Outback Steakhouse of Florida, LLC.*

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

REGINALD E. ROBINSON, SR.,

      Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

      Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**


**NOTICE OF VIDEOTAPED DEPOSITION OF**
**PLAINTIFF REGINALD E. ROBINSON, SR.**


      PLEASE TAKE NOTICE that Defendants OUTBACK STEAKHOUSE INT'L L.P. and

OUTBACK STEAKHOUSE OF FLA., LLC, will take the deposition upon oral examination of

Plaintiff REGINALD E. ROBINSON, SR., pursuant to O.C.G.A. § 9-11-30.

The deposition will commence as follows:

| | |
|---|---|
| **Date:** | July 18, 2023 |
| **Time:** | 10:00 a.m. |
| **Location:** | Weinberg, Wheeler, Hudgins, Gunn, and Dial, LLC |
| | 3344 Peachtree Road NE, Suite 2400 |
| | Atlanta, Georgia 30326 |

The deposition will be taken before a certified court reporter or some other officer duly authorized by law to take depositions and will continue from day to day, until its completion. This deposition will be taken in accordance with, and for all purposes permitted under, the Georgia Civil Practice Act.

PLEASE TAKE FURTHER NOTICE that, pursuant to O.C.G.A. § 9-11-30(b)(4), defendants hereby designate videotape as another method to record the testimony of the above-named deponent. The videotape record shall be in addition to the method specified by above and shall be made at defendant's expense. You are invited to attend and examine the witness.

Respectfully submitted, this 25th day of May, 2023.


**WEINBERG, WHEELER, HUDGINS, GUNN &DIAL, LLC**

*/s/ Henry C. DeBardeleben, IV*
Henry C. DeBardeleben, IV
Georgia Bar No. 111320

*Attorneys for Defendants Outback Steakhouse Int'l, LLP. and  Outback Steakhouse of Florida, LLC*


STATE COURT OF
DEKALB COUNTY, GA.
5/25/2023 3:37 PM
E-FILED
BY: Monique Roberts

3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 832-9571
Facsimile: (404) 875-9433
hdebardelebenIV@wwhgd.com

## <u>CERTIFICATE OF SERVICE</u>

I electronically filed Defendants Outback Steakhouse Int'l, LLP and Outback Steakhouse of Florida, LLC's Notice of videotaped deposition of Plaintiff Reginald E. Robinson, Sr. with the Clerk of Court using the eFileGA filing system which will send notification of such filing to the following:

Michael Johnson, Esq.
Georgia Bar No: 679391
**MORGAN & MORGAN ATLANTA PLLC**
191 Peachtree Street NE
Suite 4200
Atlanta, Georgia 30303
MAIL ADDRESS:
PO Box 57007
Atlanta, Georgia 30343-1007
(404) 757-8572
(404) 757-8727  Fax
majohnson@forthepeople.com
*Attorneys for Plaintiff*

This, the 25th day of May, 2023.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben, IV

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

REGINALD E. ROBINSON, SR.,

       Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

       Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

## AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF REGINALD E. ROBINSON, SR.

**TO:** **Reginald Robinson**
     c/o Michael Johnson, Esq.
     Morgan & Morgan
     191 Peachtree Street NE
     Suite 4200
     Atlanta, Georgia 30303

You are hereby notified that on the 18th day of July , 2023, at 10.00 a.m., at the offices

of Morgan & Morgan, 191 Peachtree Street NE, Suite 4200, Atlanta, GA 30303, the undersigned

will proceed to take your deposition upon oral videotaped examination, pursuant to Sections 26

and 30 of the Georgia Civil Practice Act (O.C.G.A. §§ 9-11-26 and 9-11-30) for the purpose of

cross-examination, discovery, and any other purpose allowed by law. The deposition will be taken

before an officer duly authorized by law to take depositions. The oral examination will continue

from day to day until its completion. Deponent is required by this Notice to be present for the

taking of his deposition.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted, this 26th day of May, 2023.

**WEINBERG, WHEELER, HUDGINS, GUNN &DIAL, LLC**

*/s/ Henry C. DeBardeleben, IV*
Henry C. DeBardeleben, IV
Georgia Bar No. 111320

*Attorneys for Defendant Outback Steakhouse of Florida, LLC*

3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 832-9571
Facsimile: (404) 875-9433
hdebardelebenIV@wwhgd.com

STATE COURT OF
DEKALB COUNTY, GA.
5/26/2023 2:56 PM
E-FILED
BY: Monique Roberts

## <u>CERTIFICATE OF SERVICE</u>

I electronically filed Defendant Outback Steakhouse of Florida, LLC's Amended Notice of videotaped deposition of Plaintiff Reginald E. Robinson, Sr. with the Clerk of Court using the eFileGA filing system which will send notification of such filing to the following:

Michael Johnson, Esq.
Georgia Bar No: 679391
**MORGAN & MORGAN ATLANTA PLLC**
191 Peachtree Street NE
Suite 4200
Atlanta, Georgia 30303
MAILING ADDRESS:
PO Box 57007
Atlanta, Georgia 30343-1007
(404) 757-8572
(404) 757-8727 Fax
majohnson@forthepeople.com
*Attorneys for Plaintiff*

This, the 26th day of May, 2023.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben, IV

**IN THE STATE COURT OF DeKALB COUNTY**
**STATE OF GEORGIA**

REGINALD E. ROBINSON, SR.,

      Plaintiff,

vs.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC,
ABC CORP. #1-3, and
JOHN DOES #1-3,

      Defendants.

CIVIL ACTION

FILE NO.: 22A03046

**JURY TRIAL DEMANDED**

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Pursuant to Rule 5.2, Defendant Outback Steakhouse of Florida, LLC certify that on the 2nd day of June, 2023, a true and correct copy of the following documents were sent via Odyssey eFileGA, e-mail, and by depositing same in the United States Mail in a properly addressed envelope, with adequate postage thereon to counsel for Plaintiff:

1. Defendant's First Request for Admissions to Plaintiff; and
2. Certificate of Service of Discovery Material.

This 2nd day of June, 2023.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ Henry C. DeBardeleben, IV
Henry C. DeBardeleben, IV
Georgia Bar No. 111320
*Attorneys for Defendant Outback Steakhouse of Florida, LLC.*

3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia  30326
Telephone:  (404) 832-9571
Facsimile:  (404) 875-9433
hdebardelebenIV@wwhgd.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing was served on all counsel of record via Odyssey eFileGA, and by depositing same in the United States Mail in a properly addressed envelope, with adequate postage thereon to all counsel of record as follows:

Michael Johnson, Esq.
Georgia Bar No: 679391
**Morgan & Morgan Atlanta PLLC**
PO Box 57007
Atlanta, Georgia 30343-1007
majohnson@forthepeople.com
*Attorneys for Plaintiff*

This 2nd day of June, 2023.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

*/s/ Henry C. DeBardeleben IV*
Henry C. DeBardeleben, IV

## IN THE STATE OF DEKALB COUNTY
## STATE OF GEOGIA

| | |
|---|---|
| **REGINALD E. ROBINSON, SR.,**<br><br>      **Plaintiff**<br><br>**vs.**<br><br>**THE ARNOLD FOUNDATION, INC.,**<br>**OUTBACK STEAKHOUSE INT'L, L.P.,**<br>**OUTBACK STEAKHOUSE OF FLA.,**<br>**LLC,**<br>**ABC CORP. #1-3, and**<br>**JOHN DOES #1-3,**<br>      **Defendants.** | **CASE ACTION**<br>**FILE NO.: 22A03046**<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S RESPONSE TO DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA, LLC'S FIRST REQUEST FOR ADMISSIONS

COMES NOW Plaintiff REGINALD E. ROBINSON, SR. in the above-styled action, by and through her undersigned counsel, objects, answers and otherwise responds to Defendant Outback Steakhouse of Florida, LLC's Request for Admissions as follows:

1.

Please admit that the Plaintiff has no proof of any hazardous condition on the premises.

**RESPONSE: Deny.**

2.

Please admit that Outback had no actual or constructive knowledge of any hazardous condition on the premises that allegedly caused injury to the Plaintiff on the date in question.

**RESPONSE: Deny.**

3.

Please admit that the Plaintiff had equal or superior knowledge of any alleged hazardous condition on the premises that allegedly caused injury to the Plaintiff on the date in question.

**RESPONSE: Deny.**

4.

Please admit that the Plaintiff was aware of any hazardous condition on the premises that allegedly caused injury to the Plaintiff on the date in question and Plaintiff failed to exercise ordinary care for his own safety, thus, making him the proximate cause of all injuries he allegedly

sustained.

**RESPONSE: Deny.**

5.

Please admit that the Plaintiff was contributorily/comparatively responsible for the injuries he allegedly sustained.

**RESPONSE: Deny.**

6.

Please admit that Plaintiff could have avoided the consequences of any alleged actions of Outback that allegedly resulted in injuries to the Plaintiff.

**RESPONSE: Deny.**

7.

Please admit that the allegedly hazardous condition on the premises was open and obvious to the Plaintiff.

**RESPONSE: Deny.**

8.

Please admit that Plaintiff assumed the risk of his injuries.

**RESPONSE: Deny.**

9.

Please admit that Plaintiff could have avoided any injury alleged in this matter by exercising reasonable care for his own safety and avoiding any allegedly hazardous condition on the premises.

**RESPONSE: Deny.**

10.

Please admit that any hazardous condition on the premises was in the plain view of the Plaintiff and Plaintiff's view was not obstructed or distracted by any actions of Outback.

**RESPONSE: Deny.**

11.

Please admit that Plaintiff's alleged injuries preexisted the alleged fall at Outback and were not exacerbated by the alleged fall at Outback.

**RESPONSE: Deny.**

12.

Please admit that general fall risks were not reasonably foreseeable to Outback related to the bar stools at the premises.

**RESPONSE: Deny.**

13.

Please admit that Outback was not negligent in its inspection of the bar stools at the premises.

**RESPONSE: Deny.**

14.

Please admit that Plaintiff's damages in this matter are less than $50,000.00.

**RESPONSE: Plaintiff objects to Request No. 14 on the grounds it exceeds the scope of permissible requests for admission allowable under O.C.G.A. 9-11-36(a)(1), in that it does not relate to "facts, the application of law to fact, or opinions about either," or "the genuineness of any described documents." Plaintiff further objects on the grounds that Request No. 14 presents a genuine issue for trial. Subject to and without waiving the foregoing objections, Plaintiff admits she has incurred medical bills of approximately $20,783.00 to date with more bills still pending. At this time, Plaintiff is unable to admit or deny that the special damages in this case are less than $50,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages in this case. Specifically, Defendant expressly denied the Plaintiff's allegations regarding liability, causation, and damages in Defendant's Answer and Affirmative Defenses. This factual dispute is one which should be approximately resolved by a jury and is inappropriate for a request for admission as the amount in controversy between the parties is not reasonably calculated to expedite the trial action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry.**

15.

Please admit that Plaintiff's damages in this matter are more than $50,000.00.

**RESPONSE: Plaintiff objects to Request No. 15 on the grounds it exceeds the scope of permissible requests for admission allowable under O.C.G.A. 9-11-36(a)(1), in that it does not relate to "facts, the application of law to fact, or opinions about either," or "the genuineness of any described documents." Plaintiff further objects on the grounds that Request No. 14 presents a genuine issue for trial. Subject to and without waiving the foregoing objections, Plaintiff admits she has incurred medical bills of approximately $ $20,783.00 to date with more bills still pending. At this time, Plaintiff is unable to admit or deny that the special damages in this case are more than $50,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages in this case. Specifically, Defendant expressly denied the Plaintiff's allegations regarding liability, causation, and damages in Defendant's Answer and Affirmative Defenses. This factual dispute is one which should be approximately resolved by a jury and is inappropriate for a request for admission as the amount in controversy between the parties is not reasonably calculated to expedite the trial action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry.**

16.

Please admit that Plaintiff's damages in this matter are less than $100,000.00.

**RESPONSE: Plaintiff objects to Request No. 16 on the grounds it exceeds the scope of permissible requests for admission allowable under O.C.G.A. 9-11-36(a)(1), in that it does not relate to "facts, the application of law to fact, or opinions about either," or "the genuineness of any described documents." Plaintiff further objects on the grounds that Request No. 16 presents a genuine issue for trial. Subject to and without waiving the foregoing objections, Plaintiff admits she has incurred medical bills of approximately $ $20,783.00 to date with more bills still pending. At this time, Plaintiff is unable to admit or deny that the special damages in this case are less than $100,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages in this case. Specifically, Defendant expressly denied the Plaintiff's allegations regarding liability, causation, and damages in Defendant's Answer and Affirmative Defenses. This factual dispute is one which should be approximately resolved by a jury and is inappropriate for a request for admission as the amount in controversy between the parties is not reasonably calculated to expedite the trial action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry.**

17.

Please admit that Plaintiff's damages in this matter are more than $100,000.00.

**RESPONSE: Plaintiff objects to Request No. 17 on the grounds it exceeds the scope of permissible requests for admission allowable under O.C.G.A. 9-11-36(a)(1), in that it does not relate to "facts, the application of law to fact, or opinions about either," or "the genuineness of any described documents." Plaintiff further objects on the grounds that Request No. 17 presents a genuine issue for trial. Subject to and without waiving the foregoing objections, Plaintiff admits she has incurred medical bills of approximately $ $20,783.00 to date with more bills still pending. At this time, Plaintiff is unable to admit or deny that the special damages in this case are more than $100,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages in this case. Specifically, Defendant expressly denied the Plaintiff's allegations regarding liability, causation, and damages in Defendant's Answer and Affirmative Defenses. This factual dispute is one which should be approximately resolved by a jury and is inappropriate for a request for admission as the amount in controversy between the parties is not reasonably calculated to expedite the trial action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry.**

18.

Please admit that Plaintiff's damages in this matter are less than $250,000.00.

**RESPONSE: Plaintiff objects to Request No. 18 on the grounds it exceeds the scope of permissible requests for admission allowable under O.C.G.A. 9-11-36(a)(1), in that it does not relate to "facts, the application of law to fact, or opinions about either," or "the genuineness of any described documents." Plaintiff further objects on the grounds that Request No. 18 presents a genuine issue for trial. Subject to and without waiving the foregoing objections, Plaintiff admits she has incurred medical bills of approximately $ $20,783.00 to date with more bills still pending. At this time, Plaintiff is unable to admit or deny that the special damages in this case are less than $250,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages in this case. Specifically, Defendant expressly denied the Plaintiff's allegations regarding liability, causation, and damages in Defendant's Answer and Affirmative Defenses. This factual dispute is one which should be approximately resolved by a jury and is inappropriate for a request for admission as the amount in controversy between the parties is not reasonably calculated to expedite the trial action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry.**

19.

Please admit that Plaintiff's damages in this matter are more than $250,000.00.

**RESPONSE: Plaintiff objects to Request No. 19 on the grounds it exceeds the scope of permissible requests for admission allowable under O.C.G.A. 9-11-36(a)(1), in that it does not relate to "facts, the application of law to fact, or opinions about either," or "the genuineness of any described documents." Plaintiff further objects on the grounds that Request No. 19 presents a genuine issue for trial. Subject to and without waiving the foregoing objections, Plaintiff admits she has incurred medical bills of approximately $ $20,783.00 to date with more bills still pending. At this time, Plaintiff is unable to admit or deny that the special damages in this case are more than $250,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages in this case. Specifically, Defendant expressly denied the Plaintiff's allegations regarding liability, causation, and damages in Defendant's Answer and Affirmative Defenses. This factual dispute is one which should be approximately resolved by a jury and is inappropriate for a request for admission as the amount in controversy between the parties is not reasonably calculated to expedite the trial action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry.**

20.

Please admit that the Plaintiff is not seeking punitive damages and attorneys' fees and costs

in this matter.

**RESPONSE: Deny.**

This 14th  day June 2023

**MORGAN & MORGAN ATLANTA PLLC**

*/s/Michael johnson*
Michael Johnson, Esq.
Georgia Bar No: 679391
*Attorney for Plaintiff*

P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 757-8572
Facsimile: (404) 757-8727
Email: majohnson@forthepeople.com

STATE COURT OF
DEKALB COUNTY, GA.
6/14/2023 1:26 AM
E-FILED
BY: Patricia Harris

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

REGINALD E. ROBINSON, SR.,

      Plaintiff,

vs.

OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLA.,
LLC, ABC CORP. #1-3, and JOHN DOES
#1-3,

      Defendants.

CIVIL     ACTION
FILENO.: 22A03046

<u>JURY TRIAL DEMANDED</u>

### <u>RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY</u>

Plaintiff hereby certifies pursuant to Uniform Rule of State Court 5.2, that on this day, a copy of the following discovery documents was served upon opposing counsel in the above styed action:

1. **PLAINTIFF'S RESPONSE TO DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA, LLC'S FIRST REQUEST FOR ADMISSIONS;**

1

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served a copy of the foregoing **RULE 5.2 CERTIFICATE OF SERVICE** upon all counsel of record via the e-filing system which sends an e-mail notification of such filing to all counsel of record registered with the system, or in the alternative, by depositing same in the United States mail in a properly addressed envelope with adequate postage affixed thereto:

Henry C. DeBardeleben, IV
Georgia Bar No. 111320
**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**
*Attorneys for Defendants*
*Outback Steakhouse International, LP,*
*and Outback Steakhouse of Florida, LLC*
3344 Peachtree Road NE Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 832-9571
Facsimile: (404) 875-9433
Email: hdebardelebenIV@wwhgd.com

This 15TH day of June 2023.

Respectfully Submitted,


*/s/Michael Johnson*
Michael Johnson, Esq.
Georgia Bar No: 679391
*Attorney for Plaintiff*

MORGAN & MORGAN

P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone: (404) 757-8572
Facsimile:  (404) 757-8727
Email: majohnson@forthepeople.com

It is expressly understood and agreed that this general release is a settlement of all claims against **OUTBACK STEAKHOUSE OF FLORIDA, LLC**.  Releasees hereby deny all liability and by this release, the parties released hereby intend to merely avoid litigation and buy their peace.  This release in no way prejudices the rights of the released parties to deny liability in any suit based upon said accident, casualty or event.  It is further expressly understood and agreed that this general release is not intended, nor shall it be construed to be a representation that Undersigned has been fully and completely compensated for all economic and noneconomic damages; and Undersigned expressly denies that this settlement fully and completely compensates Undersigned for all economic and noneconomic damages.

As further consideration for payment of said sum, Undersigned hereby agrees to indemnify and hold harmless Releasees up to the amount of this settlement against any and all valid and enforceable claims for liens, damages, compensation or otherwise, arising out medical treatment for the injuries to Undersigned asserted by any other entity resulting from the above-mentioned occurrence, with said indemnification being limited to the amounts paid hereunder.

Undersigned further declares and represents that no promise, inducement, or agreement not herein expressed has been made to Undersigned and that this release constitutes the entire agreement between the parties.

Undersigned has read the foregoing release and fully understands it.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _____ day of _____ 2023.


_____
**REGINALD E. ROBINSON, SR.**

Sworn and subscribed before me

This _____ day of _____ 2023.

_____
Notary Public
My Commission Expires: _____

TO:          All Judges, Clerks of Court and Counsel of Record

FROM:        Henry C. Debardeleben, IV, Esq.

RE:          Notice of Leave Of Absence

DATE:        August 1, 2023

_____

COMES NOW Henry C. Debardeleben IV, Esq., and respectfully notifies all Judges before whom he has cases pending, all affected clerks of court, and all opposing counsel that he will be on leave pursuant to Georgia Uniform Court Rule 16.1.

1.   The period of leave during which time Henry C. Debardeleben IV will be away from the practice of Law are as follows:

- October 9 – October 13, 2023 (family vacation);

- January 29 – February 2, 2024 (family vacation);

- March 28 – April 5, 2024 (family vacation), and

- May 26 – June 2 (family vacation).

2.   All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

Respectfully submitted this 1st day of August 2023.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ *Henry C. DeBardeleben, IV*

_____

Henry C. DeBardeleben, IV
Georgia Bar No. 111320

3344 Peachtree Road, N.E., Suite 2400
Atlanta, Georgia 30326
(404) 876-2700 Direct Dial
(404) 875-9433 Fax
ddebardeleben@wwhgd.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served a copy of the foregoing Notice of Leave of Absence upon all Judges, Clerks, and opposing counsel listed on the attached Exhibit "A" by electronic filing and/or depositing same in the U.S. Mail with adequate postage affixed thereto.

Respectfully submitted this 1st day of August, 2023.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

/s/ *Henry C. DeBardeleben, IV*

_____

Henry C. DeBardeleben, IV
Georgia Bar No. 111320

3344 Peachtree Road, N.E., Suite 2400
Atlanta, Georgia 30326
(404) 876-2700 Direct Dial
(404) 875-9433 Fax
ddebardeleben@wwhgd.com

STATE COURT OF
DEKALB COUNTY, GA.
8/1/2023 2:13 PM
E-FILED
BY: Patricia Nesbitt

**EXHIBIT "A"**

| NAME OF CASE and CASE NUMBER | NAME OF JUDGE and NAME OF COURT | OPPOSING COUNSEL |
|---|---|---|
| Reginald E. Robinson, Sr., vs. The Arnold Foundation, Inc., Outback Steakhouse International, L.P., Outback Steakhouse of Florida, LLC, ABC Corp. #1-3, and John Does #1-3 | Honorable Mike Jacobs State Court of DeKalb County 556 N. McDonough Street Decatur, Georgia 30030 | Michael Johnson, Esq. Georgia Bar No: 679391 MORGAN & MORGAN ATLANTA PLLC PO Box 57007 Atlanta, Georgia 30343-1007 majohnson@forthepeople.com Telephone: (404) 757-8572 Facsimile: (404) 757-8727 *Attorneys for Plaintiff* |

**State Court of DeKalb County**

**State of Georgia**

**Division 5**

18th day of July, 2023


ABC CORP. #1-3

No Known Address


RE:  REGINALD E. ROBINSON  vs.  Outback Steakhouse of Florida, LLC

Case #: 22A03046


Greetings:

Judge Mike Jacobs has scheduled your case on the following virtual calendar. Please read the
accompanying Order for instructions.

Case Style:        REGINALD ROBINSON VS Outback Steakhouse of Florida, LLC,JOHN DOES #1-3ET AL
Event Type:       Pre-Trial
Event Date:       08/22/2023
Event Time:       1:30 PM


Kimberly Brock, Clerk
State Court of DeKalb County

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| In re: | } | |
| | } | |
| ALL CIVIL CASES ON THE | } | Division 5 |
| **AUGUST 22, 2023** PRETRIAL | } | Judge Mike Jacobs |
| CONFERENCE CALENDAR | } | |
| _____ | } | |

<u>**ORDER REGARDING CIVIL PRETRIAL CONFERENCE CALENDAR**</u>

If this Order is docketed in your case, the case is scheduled for a Zoom video pretrial conference on <u>**Tuesday, August 22, 2023**</u>, at <u>**1:30 p.m.**</u>  **All attorneys and any parties who are attending the pretrial conference should participate via video conference in lieu of an in-person appearance.**  A court reporter will be available on the video conference to take down the matter upon request.  The conference code on the Zoom app is <u>**82781512452**</u> and the following is the internet address to join the video conference that can be typed into your browser:

<u>https://dekalbcountyga.zoom.us/j/82781512452</u>

Not less than seven (7) days prior to the date of the pretrial conference, the parties shall file with the State Court Clerk a proposed consolidated pretrial order in substantially the format prescribed in Uniform State Court Rule 7.2.  This includes the proposed order for adopting the consolidated pretrial order that is found at the end of Rule 7.2.  All parties shall participate in preparing the consolidated pretrial order, which must be signed on behalf of each party appearing in the case.  If any party fails to participate in the preparation of a consolidated pretrial order, the remaining parties may prepare and file their own pretrial order(s).  However, this is not preferred and could subject a party to sanctions for failure to participate as directed.

**Unless the Court has separately ordered a different deadline at an earlier juncture in this case, all dispositive motions, including but not limited to motions for summary judgment,**

**and all motions pursuant to O.C.G.A. § 24-7-702, including but not limited to *Daubert* motions, must be filed no later than seven (7) days preceding the above pretrial conference date.  Any issue which may be raised in a dispositive motion or a motion pursuant to O.C.G.A. § 24-7-702 will not be permitted to be raised after this deadline and shall be deemed waived.  This deadline shall not apply to a motion for directed verdict presented during trial. The filing of a timely dispositive motion or motion pursuant to O.C.G.A. § 24-7-702 will automatically remove this case from the pretrial conference calendar, pending the outcome of the motion, and will excuse all parties from appearing.**

If the parties wish to extend the discovery period and/or continue the pretrial conference, a consent motion and proposed consent order must be filed with the State Court Clerk ***and*** transmitted via electronic mail to Sydney Davis, Civil Case Manager for Division 5, at the below e-mail address.  **If the Court grants the consent order, this will automatically extend the deadlines for filing a proposed consolidated pretrial order, any dispositive motion, and any motion under O.C.G.A. § 24-7-702 until seven (7) days prior to the next date set for a pretrial conference.**  The consent motion and consent order must bear a signature on behalf of each party appearing in the case.  Submission of a consent motion and consent order does not excuse the parties from appearing at the pretrial conference unless the consent order is signed by the Court.

All parties must appear or be represented for the pretrial conference.  Filing a pretrial order does not excuse participation.  Failure to participate could result in the imposition of sanctions.

All attorney conflicts will be resolved as provided in Uniform State Court Rule 17.1.  All attorney leaves of absence affecting the pretrial conference and filed after this Order will require an application and Court approval pursuant to Uniform State Court Rule 16.2.

During the pretrial conference, the Court will inquire into whether any discovery remains to be completed, whether the filing of any further non-dispositive, non-702 motions is anticipated, and whether court-ordered mediation could be helpful in resolving the matter.  The Court strongly prefers to require the parties to participate in mediation.  The Court's standard mediation order provides for one free hour of mediation through the DeKalb County Courts Dispute Resolution Center or alternatively the parties may elect to mediate through a private mediator.  When mediation is ordered, it is mandatory that all parties participate such that an individual with full authority to settle the case is attending the mediation on behalf of each party.

Failure of a plaintiff to participate as directed in this Order may result in this case being moved to a peremptory calendar from which a dismissal is possible.  Failure of a defendant to participate as directed in this Order may result in their answer being stricken and entry of default.

Any questions regarding the pretrial conference should be directed to Sydney Davis, Civil Case Manager, at (404) 371-4974 or sydavis@dekalbcountyga.gov.

SO ORDERED, this 6th day of July, 2023.

_____
MIKE JACOBS, Judge
State Court of DeKalb County

3

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| REGINALD E. ROBINSON, SR.,<br><br>     **Plaintiff**<br><br>vs.<br><br>THE ARNOLD FOUNDATION, INC.;<br><br>OUTBACK STEAKHOUSE INT'L, L.P.;<br><br>OUTBACK STEAKHOUSE OF FLA.;<br><br>LLC; ABC CORPORATIONS #1-3; and<br><br>JOHN DOES #1-3,<br><br>     **Defendants.** | **CASE ACTION<br>FILE NO.:**22A03046 |

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the Summons and Complaint:

1. Plaintiff's First Request for Admissions to Each Defendant;
2. Plaintiff's First Set of Interrogatories and Request for Production of Documents to Each Defendant.

This 11th day of August, 2022.

Respectfully Submitted,

_____
Arlissa Williams Jennings, Esq.
Georgia Bar Number 918703
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone:    (404) 965-8811
Facsimile:    (404) 965-8812

## IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **REGINALD E. ROBINSON, SR.,**<br><br>     **Plaintiff**<br><br>**vs.**<br><br>**THE ARNOLD FOUNDATION, INC.;**<br>**OUTBACK STEAKHOUSE INT'L, L.P.;**<br>**OUTBACK STEAKHOUSE OF FLA.; LLC;**<br>**ABC CORP. #1-3; and JOHN DOES #1-3,**<br><br>     **Defendants.** | **CASE ACTION**<br>**FILE NO.:** 22A03046<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff, REGINALD E. ROBINSON, SR., pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above- named Defendants (hereinafter referred to as "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

Each Defendant is required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such

supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Morgan & Morgan, PLLC, 191 Peachtree Street N.E., Suite 4200, Atlanta, Georgia 30303 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

If you as a Defendant were named incorrectly, but you understand you will be a party to this action once the misnomer is corrected, please answer the following questions as if they were served upon the correctly named party.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.    **DEFINITIONS**

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy

of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean   a natural person, proprietorship, partnership,   corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)      an underlined_individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)      a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)      document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.     **INTERROGATORIES**

1.

Please identify the full and correct legal names and addresses of the owners, the managers, the operators, and anyone responsible for maintenance of the subject property as of the date alleged in the Complaint.

2.

Identify the person or persons responding to this discovery, plus all individuals who have provided assistance in responding to Plaintiff's First Interrogatories and Request for Production.

3.

If you contend that Plaintiff has brought this action against the wrong entity due to a misnomer or for any other reason, or that there are other persons or entities who may be liable or who would otherwise be proper Defendants that may need to be added to this case, please state the complete legal names and addresses of the correct or additional possible defendant(s) and the reasons for such contentions. Please further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by

providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify (*see* Definition for "identify" above) all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief were (1) eyewitnesses to the incident that gives rise to this lawsuit, (2) arrived at the scene of the occurrence complained of in this action shortly after its occurrence, (3) or assisted Plaintiff and/or any other employees with issues relating to the subject incident (with administrative issues or otherwise). Please state whether any of these individuals still works for Defendant. If not, please provide each identified individual's phone number.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any photographs, videos, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location at Defendant's property.

5

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

10.

Identify each person employed by Defendant who was working at the subject property on the date of the incident described in the Complaint, including their job title and primary work duties/responsibilities, and please state whether any such employee is still employed by Defendant or an affiliate of Defendant's. Please also state the job responsibilities for each individual.

11.

To your information or belief, has there been any surveillance, photographs or videos of the Plaintiff in the above-styled action on the date of incident?  If so, please identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

12.

Please identify each individual who was responsible for safety, inspection and/or maintenance duties on the date of this incident as alleged in the Complaint at the subject property. Were these person(s) employees or agents of Defendant?  If not, please identify what entity employed them at the time of Plaintiff's fall.

13.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

14.

Have there been any other complaints and/or reports of any defective items (i.e. chairs, bar stools, tables etc.) on the premises within the last five years? If so, please state whether any type of written complaint or incident report was prepared and the information contained therein, and the name, addresses, telephone numbers, present place of employment, work telephone numbers, job titles, and present whereabouts of all persons having knowledge regarding said complaint. Please also state whether any insurance claim was filed and/or any lawsuit resulted.

15.

Please state whether there existed, on the date of incident which is the subject of Plaintiff's Complaint, any policy, procedure or program for the regular inspection of the interior of the premises by Defendant or someone acting in its behalf, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof. If so:

(1) provide a general description of each such policy, procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(2) state the regularity with which each such procedure or program was to be conducted or followed; and

(3) if applicable, state whether the procedure or program had been carried out prior to the date of the subject incident, and identify all documents relating to each such procedure or program and their findings.

16.

Please identify any and all policies, procedures and/or programs for inspection of the subject property existing on the date of this incident as alleged in the Complaint, particularly those

7

relating to keeping the premises free of hazards, and please include:

    (1) a general description of each such procedure or program;

    (2) all timing requirements for performing the inspection(s);

    (3) the names, phone numbers and current employment status of each person charged with said inspection(s);

    (4) each person charged with implementing and conducting each such procedure or program; and

    (5) all documents relating to such procedure or program and their findings.

17.

Please identify any and all policies, procedures and/or programs for quality control of the furniture used by customers, existing on the date of this incident as alleged in the Complaint, particularly those relating to: and please include:

    (1) a general description of each such procedure or program;

    (2) all timing requirements for performing the inspection(s);

    (3) the names, phone numbers and current employment status of each person charged with said inspection(s);

    (4) each person charged with implementing and conducting each such procedure or program; and

    (5) all documents relating to such procedure or program and their findings.

18.

Please identify any and all changes that have been made to your policies and/or procedures concerning inspections at the subject property since the date of this incident as alleged in the Complaint.

19.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendant or Defendant's agents and or servants? If your answer is yes, please identify the party whom you contend was negligent, every negligence act such party committed, or his agents and servants, and which you contend proximately caused or contributed to the injuries complained of in this case, each and every fact and reason upon which you base your contentions, and each person who has any knowledge or information concerning each such fact.

20.

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint. If so, state the date you acquired such knowledge and/or information, and state what knowledge and/or information you had, identify the person or persons who made such knowledge and/or information known toyou, state whether any remedial and/or corrective action was taken based upon such knowledge, identify the person who took any such remedial and/or corrective action, and state the date thereof, and identify any documents relating to such condition and/or corrective action.

21.

Please identify any inherent aspect of the bar stools on the subject premises that you believe posed a risk of physical injury to persons. As to each such fact or circumstance identified, state when you were apprised of such inherent risk of danger and identify all documents relating to such fact or circumstance.

9

22.

How does Defendant contend the bar stool/ chair in question broke on the date of incident?

23.

Identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

24.

Identify any and all incident reports and/or documentary writings, including emails and internal memos, made by you concerning the incident at issue.

25.

Identify all instructions and documents related to inspecting and maintaining the bar stools on the subject property in effect on the date of this incident as alleged in the Complaint that have not previously been identified.

26.

Please state whether, in compiling your answers to these interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

27.

Please set forth below the full legal name and policy number for all liability insurers and liability insurance policies for any of the Defendants that covered the property in question for the

10

last 5 years, and please also set forth below all insurance agents utilized by the Defendants for the property in question for the last 5 years.

28.

Prior to the subject incident occurring, when was the last time someone had inspected and/or cleaned the subject bar stool/ chair that was positioned at the bar on the date of incident? Please identify any documentation supporting Defendant's response.

29.

After the subject incident occurred and the Defendant was notified, when was the next time someone inspected and/or cleaned the area where Plaintiff's bar stool/chairs was seated?

30.

What are your evidence retention policies as it pertains to incidents of injury/liability? When is a claims representative notified? When was a claims representative first notified in this case? Did that representative ever reach out to Plaintiff? If so, when?

### III.   REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in Answer to Plaintiff's Complaint.

2.

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident.

3.

Any surveillance photographs, movies or videos made of Plaintiff from the date of the

11

subject incident, and please include the footage from 3 hours before and one hour after any such depiction. Please also include any and all surveillance video of the area where Plaintiff was seated on the date of incident, from the date of incident.

4.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

6.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

8.

Each and every document relating to any facts about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

9.

Each and every document relating to any written or recorded statement inquired about in

12

Plaintiff's First Interrogatories propounded to you.

10.

All statements previously made by Plaintiff and any agent of Defendant's concerning the subject matter of this action.

11.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting liability incident to the Defendant's insurance company, evidence retention (such as surveillance video), and taking and/or filing incident reports which were in effect on the date of this incident, as alleged in the Complaint.

12.

Please provide any and all documentation in your possession which supports your response to Plaintiff's Interrogatory No. 14, pertaining to complaints of furniture defects for the last five (5) years from today date.

13.

The safety and/or hazard identification policies, manuals, standards, guidelines, handbooks, memos and/or procedures effective on the date of this incident as alleged in the Complaint for the subject premises, listed in Defendant's responses to Plaintiff's Interrogatories.

14.

A blank copy of the incident report used by Defendant for documenting, and reporting Plaintiff's fall at the subject property on the date of this incident as alleged in the Complaint.

15.

A fully legible copy of the incident report completed by you regarding Plaintiff's fall at the subject property on the date of this incident as alleged in the Complaint.

13

16.

All written notes, schedules, memos, computer documentation, etc., which evidence that the agents/employees of Defendant complied with the policies and procedures listed in your response to Plaintiff's Interrogatories for the week before, the day of, and the week after the subject incident occurred.

17.

Copies of all legal complaints filed against you, as well as internal documentation (ex: letters, documents, incident reports, insurance claims reports, emails, handwritten notes, etc.) concerning other instances of any falls on the premises.

18.

The complete employee files and any other documentation evidencing poor work habits on the parts of any/all individuals working on the date of incident.

19.

Any and all additional items that were relied upon in answering Plaintiff's Interrogatories.

20.

Any and all documentation demonstrating whether maintenance and inspection procedures had been properly followed on the date of incident.

21.

Copies of any depositions taken of any of your employees, experts, consultants, or witness in any case in the last 5 years involving allegations of someone falling on the date of incident.

22.

14

Any and all documents that relate to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who allegedly, or actually, failed to inspect the subject area concerning Plaintiff's fall at your property on the date of the incident as alleged in the Complaint.

23.

Any other documentary evidence demonstrating that Defendant's agents/employees followed policies or procedures listed in Defendant's response to Plaintiff's Request for Production.

24.

Copies of any and all of your employee timesheets, reports, invoices, and emails relating to maintenance, inspection, and/or safety at the subject property for the date of incident and the day subsequent.

25.

A copy of all witness and employee statements gathered in conjunction with the incident report completed by you and regarding the subject incident.

26.

Please provide any and all work orders for the subject premises for the four days before, the date of, and the day after the subject incident occurred.

27.

Any and all additional documentation that would support Defendant's responses to Plaintiff's Interrogatories.

*These Interrogatories and Request for Production of Documents are served upon you together with Plaintiff's Complaint.*

15

This 11th day of August, 2022.

Respectfully Submitted,

Arlissa Williams Jennings, Esq.
Georgia Bar Number 918703
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone:    (404) 965-8811
Facsimile:    (404) 965-8812

STATE COURT OF
DEKALB COUNTY, GA.
8/11/2022 11:52 AM
E-FILED
BY: Monica Gay

16

AUG 17 2022

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| REGINALD E. ROBINSON, SR., <br><br>     **Plaintiff** <br><br> **vs.** <br><br> **THE ARNOLD FOUNDATION, INC.;** <br> **OUTBACK STEAKHOUSE INT'L,** <br> **L.P.; OUTBACK STEAKHOUSE OF** <br> **FLA.; LLC; ABC CORP. #1-3; and** <br> **JOHN DOES #1-3,** <br>     **Defendants.** | **CASE ACTION** <br> **FILE NO.:** 22A03046 <br><br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO EACH DEFENDANT

    Plaintiff hereby requests that Defendants admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

### REQUESTS FOR ADMISSION

1.

    Please admit that this Court has personal jurisdiction over you for this lawsuit.

2.

    Please admit that venue for this action is proper as alleged in the Complaint.

3.

Please admit that you were properly served with this Complaint.

4.

Please admit that service of process on you was proper.

5.

Please admit that you are a proper party to this lawsuit.

6.

Please admit that all necessary parties are named in the Complaint for this action.

7.

Please admit Plaintiff did not contribute to or cause the injuries he suffered on the date of the incident.

8.

Please admit Plaintiff exercised ordinary care and diligence while on or about the Premises.

9.

Please admit you owed Plaintiff a duty to exercise ordinary care in keeping the Premises and its approaches safe.

10.

Please admit that you failed to exercise ordinary care in keeping the Premises and its approaches safe, on the date of incident.

11.

Please admit that you breached your duty of care owed to the Plaintiff.

12.

Please admit that, on the date of incident, you had a written policy for inspecting the

Premises.

13.

Please admit that, on the date of incident, your policies and procedures for inspecting the Premises were inadequate.

14.

Please admit that Plaintiff was injured as a direct and proximate result of your negligence.

15.

Please admit that as a direct and proximate result of your acts and omissions, Plaintiff incurred medical expenses and other damages.

16.

Please admit that Plaintiff is entitled to recover damages from you for injuries suffered as a result of your negligence.

17.

Please admit that, on the date of incident, your policies and procedures required your employees, representatives, and/or agents to address known hazardous conditions as soon as possible.

18.

Please admit that, on the date of incident, you had a written policy(ies) or guideline(s) for the placement of warning signs about hazardous conditions on the Premises.

19.

Please admit that you possess video and/or still camera footage of Plaintiff at, on, or near the Premises on the date of the incident.

Plaintiff's First Request for Admissions to Each Defendant is served upon you together with Plaintiff's Complaint.

This 11th day of August, 2022.

Respectfully Submitted,

Arlissa Williams Jennings, Esq.
Georgia Bar Number 918703
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone:    (404) 965-8811
Facsimile:    (404) 965-8812

STATE COURT OF
DEKALB COUNTY, GA.
8/11/2022 11:52 AM
E-FILED
BY: Monica Gay

4

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

REGINALD E. ROBINSON, SR.,

          Plaintiff,

    v.

THE ARNOLD FOUNDATION, INC.,
OUTBACK STEAKHOUSE INT'L, L.P.,
OUTBACK STEAKHOUSE OF FLORIDA,
LLC,
ABC CORP 1-3; AND JOHN DOES
CORPS. 1-3,

          Defendants.

CIVIL ACTION FILE NO.
22A03046

---

**PLAINTIFF REGINALD E. ROBINSON, SR.'S OFFER OF SETTLEMENT PURSUANT TO O.C.G.A. § 9-11-68**

---

COMES NOW Plaintiff REGINALD E. ROBINSON, SR., by and through undersigned counsel, and issues this Offer of Settlement Pursuant to O.C.G.A. § 9-11-68 to Defendant OUTBACK STEAKHOUSE OF FLORIDA, LLC as follows:

1. The party making this Offer is Plaintiff REGINALD E. ROBINSON, SR..

2. The party to whom this Offer is being made is Defendant OUTBACK STEAKHOUSE OF FLORIDA, LLC.

3. The claim or claims this Offer is attempting to resolve are all claims Plaintiff REGINALD E. ROBINSON, SR. has against Defendant OUTBACK STEAKHOUSE OF FLORIDA, LLC arising out of an incident which occurred on November 19, 2021, at 2145 Lavista Road, Atlanta, GA 30329 between Plaintiff REGINALD E. ROBINSON, SR. and OUTBACK STEAKHOUSE OF FLORIDA, LLC.

4. The relevant conditions of this Offer are as follows:

    a. This Offer shall remain open for thirty (30) days from receipt of the same by counsel of record for Defendant OUTBACK STEAKHOUSE OF FLORIDA, LLC.

    b. Acceptance of this Offer must be in writing before the expiration of this Offer;

    c. The settlement draft must be made payable to "REGINALD E. ROBINSON, SR.''

**STATE COURT OF
DEKALB COUNTY, GA.
8/9/2023 11:40 AM
E-FILED
BY: Monique Roberts**

and her attorneys, Morgan & Morgan Atlanta, PLLC" and delivered to undersigned counsel within ten (10) days of acceptance of this Offer.

d.  Upon receipt of the settlement draft by undersigned counsel, Plaintiff REGINALD E. ROBINSON, SR. will execute the General Release attached hereto as Exhibit A; and

e.  Upon receipt of the settlement draft by undersigned counsel, Plaintiff REGINALD E. ROBINSON, SR. will file a dismissal of the above-captioned matter with prejudice.

5.  The total amount of this Offer is FOUR-HUNDRED THOUSAND dollars ($400,000.00).

6.  This Offer does not include any amounts for punitive damages, as such have not yet been pled in the above-captioned matter.

7.  This Offer includes attorney's fees and other expenses.  When the complaint sets forth a tort claim for money, if the offeree rejects or does not accept the offer of settlement and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment under O.C.G.A. § 9-11-68(b)(2).  An offer that is not accepted within thirty (30) days is deemed rejected under O.C.G.A. § 9-11-68.

8.  This Offer is being sent via certified mail.

This 18th day of May 2023.

MORGAN & MORGAN ATLANTA, PLLC
Post Office Box 57007
Atlanta, GA 30343-1007
(404) 757-8572

/s/Michael Johnson
Michael Johnson
Georgia Bar No. 679391
Attorney for Plaintiff
majohnson@forthepeople.com

STATE COURT OF
DEKALB COUNTY, GA.
8/9/2023 11:40 AM
E-FILED
BY: Monique Roberts

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel of record in the foregoing matter with the attached PLAINTIFF REGINALD E. ROBINSON, SR.'S OFFER OF SETTLEMENT PURSUANT TO O.C.G.A. § 9-11-68 by placing a true and correct copy in the United States Mail, certified, in an envelope with sufficient postage to ensure delivery affixed thereon addressed as follows:

Henry DeBardeleben, IV
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE
Suite 2400
Atlanta, Georgia 30326

This 9th day of August 2023.

|  |  |
|---|---|
| | */s/Michael Johnson* |
| MORGAN & MORGAN ATLANTA, PLLC | Michael Johnson |
| Post Office Box 57007 | Georgia Bar No. 679391 |
| Atlanta, GA 30343-1007 | Attorney for Plaintiff |
| (404) 752-8572 | majohnson@forthepeople.com |

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

REGINALD E. ROBINSON, SR.,

        Plaintiff,

   v.

OUTBACK STEAKHOUSE OF FLORIDA,
LLC; ABC CORP 1-3; and JOHN DOE
CORPS. 1-3,

       Defendants.

CIVIL ACTION FILE NO.
22A03046

---

**GENERAL RELEASE**

---

This settlement is made without the written consent of **OUTBACK STEAKHOUSE OF FLORIDA, LLC (hereafter "OUTBACK STEAKHOUSE OF FLORIDA, LLC"),** who is not thereby precluded from further assertion of claims against Undersigned.

FOR THE SOLE CONSIDERATION OF **FOUR-HUNDRED THOUSAND DOLLARS ($400,000.00)**, the receipt and sufficiency whereof is hereby acknowledged, Undersigned hereby releases and forever discharges **OUTBACK STEAKHOUSE OF FLORIDA, LLC** their heirs, executors, administrators, agents and assigns, hereinafter called "Releasees," none of whom admit any liability but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of whatsoever kind or nature, and particularly on account of bodily injuries, known and unknown, and which have resulted or may in the future develop, sustained by **REGINALD E. ROBINSON, SR.**, or arising out of damage or loss, direct or indirect, sustained by Undersigned in consequence of an incident on or about the **19ᵗʰ day of May 2021 , at 2145 Lavista Road, Atlanta, GA 30329.**

Undersigned swears and affirms that she is a resident of Cherokee County, Georgia. Undersigned expressly warrants, represents and swears, as an inducement to those hereby released to consummate this settlement, that there are no outstanding or unsatisfied liens or subrogation claims of any person, firm or corporation for medical expenses, workers' compensation, hospital, Medicaid, medical or otherwise.  Undersigned further represents that if said liens and/or interests do exist, such will be paid from the proceeds of the subject settlement.