## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CRAIG JERNIGAN,<br><br>          Plaintiff,<br><br>v.<br><br>GRANITE PACKAGING, LLC; ABC COMPANY; and JACK and JANE DOES, 1-5<br><br>          Defendants. | CIVIL ACTION FILE NO. |

## NOTICE OF REMOVAL

COMES NOW Granite Packaging, LLC ("Defendant") and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the above-styled action to the United States District Court for the Northern District of Georgia, Atlanta Division, and in support thereof, Defendant shows this Court as follows:

1.

This is a personal injury matter arising out of an incident, involving Plaintiff Craig Jernigan, that allegedly occurred at Defendant's manufacturing plant in Social Circle, Georgia on July 23, 2020. (*See* Compl. attached as Exhibit A.)

1

2.

This is the second time Plaintiff has filed the claims alleged in this suit. An identical suit based on the exact same facts, styled as <u>Craig Jernigan v. Granite Packaging, LLC</u>, Civil Action No. 22-C-04059-S5 was filed in the State Court of Gwinnett County, Georgia on July 22, 2022. (*See* Original Compl., attached as Exhibit B.) That suit was removed to this Court, Civil Action File No. 1:22-CV-4974-MHC, and was assigned to Judge Mark H. Cohen, who dismissed the Original Complaint on Defendant's motion as time-barred. The Court's dismissal order is attached as Exhibit C.

3.

Despite that previous dismissal and despite it still being time-barred, Plaintiff re-filed his suit, now styled as <u>Craig Jernigan v. Granite Packaging, LLC</u>, Civil Action No. 23-C-04714-S5 was filed in the State Court of Gwinnett County, Georgia on July 10, 2023. (*See* Ex. A)

4.

Copies of the Complaint and of all other documents which are or may be required to be filed along with this notice pursuant to 28 U.S.C. § 1446(a) are attached hereto as Exhibit "D."

5.

Plaintiff served Defendant with a summons and a copy of the Complaint in the State Court Action on July 11, 2023. Accordingly, this notice is filed within the time frame specified in 28 U.S.C. § 1446(b). (Ex. A).

6.

For diversity jurisdiction to exist, the underlying action must be between citizens of different states and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

7.

There is complete diversity between Plaintiff and Defendant. Defendant is a limited liability company, which has one member, PLZ Corp., which is a Delaware corporation with its principal place of business in Illinois. (See Decl. of Joseph Donado, attached as Ex. E.) Accordingly, Defendant is considered a citizen of Delaware and Illinois. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) (the citizenship of an LLC is determined by the citizenship of all of its members); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 n.1 (11th Cir. 2004) (same; further noting that corporations are citizens in the states of their incorporation and their principal place of business)

3

(citing 28 U.S.C. § 1332(c)(1)).  Plaintiff is a citizen of the State of Georgia.  (*See*

Complaint, Ex. A).

8.

The amount in controversy in plainly exceeds $75,000, exclusive of interest

and costs.  Indeed, the Complaint squarely alleges that Plaintiff is entitled to over

$150,000 in damages, which is, of course, in excess of the jurisdictional threshold.

(*See* Complaint, Ex. A at ¶ 26)

9.

Defendant requests and consents to the removal of this action.

10.

The Atlanta Division of the Northern District of Georgia includes Gwinnett

County, Georgia.  *See* 28 U.S. Code § 90(a)(2).

11.

Accordingly, the action filed in the State Court of Gwinnett County, Georgia

is one over which this Court has original jurisdiction under the provisions of 28

U.S.C. § 1332. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

12.

Due to the identical nature of Civil Action File No. 1:22-CV-4974-MHC that was previously before this Court, Defendant would respectfully request that this action again be assigned to Judge Mark H. Cohen.

13.

Defendant will this date transmit for filing a copy of the Notice of Removal to the Clerk of the State Court of Gwinnett County, Georgia pursuant to 28 U.S.C. § 1446(d).

14.

Defendant will this date give written notice of the filing of this Notice of Removal to adverse parties as required by 28 U.S.C. § 1446(d).

15.

All conditions precedent to removal have been satisfied.

WHEREFORE, Defendant prays that the above-entitled action now pending in the State Court of Gwinnett County, Georgia be removed therefrom to this Court.[1]

SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE, LLP

*/s/ Morgan B. Schroeder*
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
*Attorneys for Defendant*

900 Circle 75 Parkway, Suite 850
Atlanta, GA  30339
Telephone:  (770) 612-9200
Facsimile: (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

---

[1] The undersigned counsel certifies that this pleading has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(C).

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date presented the foregoing **NOTICE OF REMOVAL** to the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, and further certify that on this date I have served counsel of record with same via first-class mail:

> Genet M. Hopewell, Esq.
> Johnson Hopewell Coleman
> 4153 Flat Shoals Parkway
> Building C, Suite 322
> Decatur, GA 30034
>
> Duane Jones, Esq.
> E. Duane Jones
> 1951 Wesley Chapel Road
> Decatur, GA 30035

This 10th day of August, 2023.

                                                        */s/ Morgan B. Schroeder*
                                                        Morgan B. Schroeder

JS44 (Rev. 10/2020 NDGA)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record.  (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

Craig Jernigan

## DEFENDANT(S)

Granite Packaging, LLC

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ___Monroe, GA___
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** ___Delaware or Illinois___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

Genet Hopewell genethopewell@jhclawyers.com
Johnson Hopewell Coleman
4153 Flat Shoals Parkway, Building C, Suite 322
Decatur, GA 30034, 404-289-2244

## ATTORNEYS (IF KNOWN)

Glenn S. Bass gbass@scrudderbass.com
Morgan B. Schroeder mschroeder@scrudderbass.com
Scrudder, Bass, Quillian, Horlock, Lazarus & Adele, LLP
900 Circle 75 Parkway, Suite 850
Atlanta, GA 30339, 770-612-9200

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. GOVERNMENT PLAINTIFF
- [ ] 2 U.S. GOVERNMENT DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
- [x] 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (FOR DIVERSITY CASES ONLY)

| PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|
| [x] 1 | [ ] 1 | CITIZEN OF THIS STATE | [ ] 4 | [ ] 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| [ ] 2 | [ ] 2 | CITIZEN OF ANOTHER STATE | [ ] 5 | [x] 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| [ ] 3 | [ ] 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 6 | [ ] 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 ORIGINAL PROCEEDING
- [x] 2 REMOVED FROM STATE COURT
- [ ] 3 REMANDED FROM APPELLATE COURT
- [ ] 4 REINSTATED OR REOPENED
- [ ] 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)
- [ ] 6 MULTIDISTRICT LITIGATION - TRANSFER
- [ ] 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT
- [ ] 8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC § 1332; workplace injury: premises liability; vicarious liability; negligent hiring, training, and supervision; negligent inspection, repair, and maintenance

### (IF COMPLEX, CHECK REASON BELOW)

- [ ] 1. Unusually large number of parties.
- [ ] 2. Unusually large number of claims or defenses.
- [ ] 3. Factual issues are exceptionally complex
- [ ] 4. Greater than normal volume of evidence.
- [ ] 5. Extended discovery period is needed.
- [ ] 6. Problems locating or preserving evidence
- [ ] 7. Pending parallel investigations or actions by government.
- [ ] 8. Multiple use of experts.
- [ ] 9. Need for discovery outside United States boundaries.
- [ ] 10. Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT $ _____  APPLYING IFP _____  MAG. JUDGE (IFP) _____
JUDGE _____  MAG. JUDGE _____ (Referral)  NATURE OF SUIT _____  CAUSE OF ACTION _____

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 151 MEDICARE ACT
- [ ] 160 STOCKHOLDERS' SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [x] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- [ ] 365 PERSONAL INJURY - PRODUCT LIABILITY
- [ ] 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 440 OTHER CIVIL RIGHTS
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 445 AMERICANS with DISABILITIES - Employment
- [ ] 446 AMERICANS with DISABILITIES - Other
- [ ] 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- [ ] 463 HABEAS CORPUS- Alien Detainee
- [ ] 510 MOTIONS TO VACATE SENTENCE
- [ ] 530 HABEAS CORPUS
- [ ] 535 HABEAS CORPUS DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS - Filed Pro se
- [ ] 555 PRISON CONDITION(S) - Filed Pro se
- [ ] 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- [ ] 550 CIVIL RIGHTS - Filed by Counsel
- [ ] 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT. RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY and MEDICAL LEAVE ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 820 COPYRIGHTS
- [ ] 840 TRADEMARK
- [ ] 880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- [ ] 830 PATENT
- [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- [ ] 375 FALSE CLAIMS ACT
- [ ] 376 Qui Tam 31 USC 3729(a)
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 430 BANKS AND BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC.
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- [ ] 480 CONSUMER CREDIT
- [ ] 485 TELEPHONE CONSUMER PROTECTION ACT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 895 FREEDOM OF INFORMATION ACT 899
- [ ] 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- [ ] 410 ANTITRUST
- [ ] 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- [ ] 896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

---

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23   DEMAND $_____

JURY DEMAND [x] YES [ ] NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

---

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE _____Mark H. Cohen_____   DOCKET NO. ___1:22-CV-4974-MHC___

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)
- [ ] 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [x] 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- [ ] 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- [ ] 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- [x] 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. 1:22-CV-4974-MHC , WHICH WAS DISMISSED. This case [x] IS [ ] IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

---

_Morgan Schroeder_    5/10/23

SIGNATURE OF ATTORNEY OF RECORD    DATE

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04714-S5**
**7/10/2023 1:10 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| *CRAIG JERNIGAN*<br><br>　　　　　　　Plaintiff,<br><br>.v.<br><br>*GRANITE PACKAGING*, LLC;<br>ABC COMPANY, whose true name is<br>unknown to Plaintiff;<br>and JACK and JANE DOES, 1-5<br>whose true names are unknown to Plaintiff<br><br>　　　　　　　Defendant. | <br><br><br>CIVIL ACTION　23-C-04714-S5<br>FILE NO.: _____<br><br><br><br><br><br>JURY TRIAL REQUESTED |

## COMPLAINT

COMES NOW CRAIG JERNIGAN, plaintiff, and makes and files this complaint against defendant Granite Packaging, LLC as follows:

1.

This is a renewal action pursuant to O.C.G.A. 9-2-61. The underlying action was a valid suit, and was not dismissed on the merits. This suit is based upon the same cause of action, and is filed within six months of the dismissal of the original suit.

## PARTIES AND JURISDICTION



2.

Plaintiff is a single male who resides in Monroe and is subject to the jurisdiction of this court.

3.

Defendant is a domestic corporation existing under the laws of the State of Georgia with its principal place of business in Georgia and may be served through its registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, Georgia 30046. Defendant is subject to the jurisdiction of this court.

4.

Jurisdiction and venue are proper in this court.

## BACKGROUND

5.

At all times relevant to this litigation, Defendant was engaged in the business of operating a manufacturing plant which provides packaging services for automotive appearance products, personal care products, household cleaning products and detergents. Defendant operated said business at 1 Leggett Drive, Social Circle, Georgia.

6.

At all times relevant to this litigation, defendant owned, operated and controlled the premises located at 1 Leggett Drive, Social Circle, Georgia, along with the equipment, including but not limited to tanks containing flammable chemicals contained therein.

2

7.

At all times relevant to this litigation, defendant had responsibility to inspect, maintain, repair and manage property and equipment contained therein and used as a part of the aforesaid business.

8.

On July 23, 2020, plaintiff was assigned by his employer to perform services for the defendant at defendant's business located at 1 Leggett Drive, Social Circle, Georgia and the plaintiff was lawfully on the premises for the purpose of performing said services and as such was a business invitee. While at the business, plaintiff was injured when he was engulfed in an explosion and fire caused by an improperly maintained tank containing flammable materials on defendant's property.

9.

As a result of the explosion and fire, plaintiff suffered  physical injuries to his head, face, ears, lips, neck torso, neck, back and arms as well as mental and emotional pain and suffering.

## COUNT 1
## PREMISES LIABILITY

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

11.

Defendant owed a duty to invitees such as plaintiff to keep the premises in a safe condition.

12.

3

Prior to the subject incident, defendant was aware or should have been aware that tank containing flammable chemicals was not functioning properly, not maintained properly and needed to be repaired and/or have components replaced.

13.

Defendant was negligent in allowing plaintiff and others to have access and/or to be exposed to the unsafe instrumentalities and/or conditions and in failing to take adequate measures to protect plaintiff and others from the hazards presented by the unsafe and improperly grounded tanks.

14.

Defendant was negligent in failing to keep the premises safe for invitees such as plaintiff.

15.

Defendant's negligence was the sole and proximate cause of the malfunction resulting in the explosion and fire and plaintiff's resulting injuries.

## COUNT 2
## VICARIOUS LIABILITY

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

17.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the property and equipment and fixtures contained thereon where plaintiff was injured were employed by defendants and were acting within the scope of their employment.

18.

4

Defendant is responsible for the actions of these individuals pursuant to the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3
### NEGLIGENT HIRING, TRAINING AND SUPERVISION

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

20.

Defendant was negligent in hiring, training and supervising the individuals responsible for inspecting, cleaning and maintaining the premises, equipment, and fixtures including but not limited to the tank containing flammable chemicals which exploded causing plaintiff's injuries.

21.

Defendant was negligence in hiring, training and supervising these individuals resulted in plaintiff's injuries.

## COUNT 4
### NEGLIGENT INSPECTION, REPAIR & MAINTENANCE

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

23.

Defendant was negligent in inspecting, repairing and maintaining the premises, equipment, and fixtures, including but not limited to the tank containing flammable chemicals which exploded causing plaintiff's injuries.

5

24.

Defendant's negligence in inspecting, repairing and maintaining the premises, equipment, and fixtures, including but not limited to the tank containing flammable chemicals which exploded was the sole and proximate cause of plaintiff's injuries.

## COUNT 5
## DAMAGES

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

26.

As a result of defendants' conduct, plaintiff has incurred past medical expenses and will continue to incur medical expenses in the future. Plaintiff's special damages to date are as follows:

| | |
|---|---|
| Walton County EMS | $ 625.00 |
| Rocky Mountain Holdings (Air ambulance Service) | $ 52,080.76 |
| Grady Memorial Hospital | $ 15,997.79 |
| Delphine Diamond, CMA | $ 2,580.00 |
| Georgia Opthomologist | $ Forthcoming |
| Hope Neurological of Ga | $ 14,350.00 |
| Georgia Spine and Orthopaedics | $ 53,151.67 |
| Surgery Center of Roswell | $ 5,204.00 |
| American Health Imaging | $ 1,575.00 |
| Lost Wages | $ 18,240.00 |

27.

Plaintiff's injuries are ongoing and he anticipates that he will incur additional damages for future medical expenses and lost wages a result of defendant's negligence.

28.

6

As a result of defendant's conduct, plaintiff has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

WHEREFORE, plaintiff prays as follows:

     (a)    For trial by jury;

     (b)    That judgment be entered against the Defendants on all counts of the complaint in an amount to be determined by a jury of his peers

     (c)    That all costs of this action be cast against Defendant and in favor of the Plaintiff; and,

     (d)    That the Court grant such other and further relief that it deems just and proper.

Respectfully Submitted,

/s/Genet M. Hopewell
State Bar No. 493920
Attorney for Plaintiffs

Johnson Hopewell Coleman
4153 Flat Shoals Parkway
Building C, Suite 322
Decatur, Georgia 30034
(404) 289-2244
genethopewell@jhclawyers.com

/s/ Duane Jones
Duane Jones
Georgia Bar No., 399910

E. Dùane Jones
1951 Wesley Chapel Road
Decatur, Georgia 30035
(470) 222-7444
eduaneatty@gmail.com

7

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04714-S5**
7/10/2023 1:10 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

# Craig Jernigan

_____

_____

_____

CIVIL ACTION          23-C-04714-S5
NUMBER:_____

PLAINTIFF

VS.

# Granite Packaging, LLC

c/o CT Corporation System, registered agent

289 South Culver St, Lawrenceville, GA 30046

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Genet M. Hopewell
Johnson Hopewell Coleman LLC
4153-C Flat Shoals Pkwy, Suite 322
Decatur, GA 30034

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

10th day of July, 2023

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04059-S5**
**7/22/2022 1:15 PM**
**TIANA P. GARNER, CLERK**

**IN THE STATE COURT OF GWINETT COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| *CRAIG JERNIGAN*<br><br>Plaintiff,<br><br>v.<br><br>*GRANITE PACKAGING*, LLC;<br>ABC COMPANY, whose true name is<br>unknown to Plaintiff;<br>and JACK and JANE DOES, 1-5<br>whose true names are unknown to Plaintiff<br><br>Defendant. | CIVIL ACTION    22-C-04059-S5<br>FILE NO.: _____ |

JURY TRIAL REQUESTED

## COMPLAINT

COMES NOW CRAIG JERNIGAN, plaintiff, and makes and files this complaint against defendant Granite Packaging, LLC as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff is a single male who resides in Monroe and is subject to the jurisdiction of this court.



2.

Defendant is a domestic corporation existing under the laws of the State of Georgia with its principal place of business in Georgia and may be served through its registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, Georgia 30046. Defendant is subject to the jurisdiction of this court.

3.

Jurisdiction and venue are proper in this court.

## BACKGROUND

4.

At all times relevant to this litigation, Defendant was engaged in the business of operating a manufacturing plant which provides packaging services for automotive appearance products, personal care products, household cleaning products and detergents. Defendant operated said business at 1 Leggett Drive, Social Circle, Georgia.

5.

At all times relevant to this litigation, defendant owned, operated and controlled the premises located at 1 Leggett Drive, Social Circle, Georgia, along with the equipment, including but not limited to tanks containing flammable chemicals contained therein.

6.

At all times relevant to this litigation, defendant had responsibility to inspect, maintain, repair and manage property and equipment contained therein and used as a part of the aforesaid business.

7.

2

On July 23, 2020, plaintiff was assigned by his employer to perform services for the defendant at defendant's business located at 1 Leggett Drive, Social Circle, Georgia and the plaintiff was lawfully on the premises for the purpose of performing said services and as such was a business invitee. While at the business, plaintiff was injured when he was engulfed in an explosion and fire caused by an improperly maintained tank containing flammable materials on defendant's property.

8.

As a result of the explosion and fire, plaintiff suffered physical injuries to his head, face, ears, lips, neck torso, neck, back and arms as well as mental and emotional pain and suffering.

## COUNT 1
## PREMISES LIABILITY

9.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

10.

Defendant owed a duty to invitees such as plaintiff to keep the premises in a safe condition.

11.

Prior to the subject incident, defendant was aware or should have been aware that tank containing flammable chemicals was not functioning properly, not maintained properly and needed to be repaired and/or have components replaced.

12.

Defendant was negligent in allowing plaintiff and others to have access and/or to be exposed to the unsafe instrumentalities and/or conditions and in failing to take adequate

3

measures to protect plaintiff and others from the hazards presented by the unsafe and improperly grounded tanks.

13.

Defendant was negligent in failing to keep the premises safe for invitees such as plaintiff.

14.

Defendant's negligence was the sole and proximate cause of the malfunction resulting in the explosion and fire and plaintiff's resulting injuries.

## COUNT 2
## VICARIOUS LIABILITY

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the property and equipment and fixtures contained thereon where plaintiff was injured were employed by defendants and were acting within the scope of their employment.

17.

Defendant is responsible for the actions of these individuals pursuant to the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

18.

4

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant was negligent in hiring, training and supervising the individuals responsible for inspecting, cleaning and maintaining the premises, equipment, and fixtures including but not limited to the tank containing flammable chemicals which exploded causing plaintiff's injuries.

20.

Defendant was negligence in hiring, training and supervising these individuals resulted in plaintiff's injuries.

## COUNT 4
## NEGLIGENT INSPECTION, REPAIR & MAINTENANCE

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendant was negligent in inspecting, repairing and maintaining the premises, equipment, and fixtures, including but not limited to the tank containing flammable chemicals which exploded causing plaintiff's injuries.

23.

Defendant's negligence in inspecting, repairing and maintaining the premises, equipment, and fixtures, including but not limited to the tank containing flammable chemicals which exploded was the sole and proximate cause of plaintiff's injuries.

5

## COUNT 5
## DAMAGES

### 24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

### 25.

As a result of defendants' conduct, plaintiff has incurred past medical expenses and will continue to incur medical expenses in the future. Plaintiff's special damages to date are as follows:

| | |
|---|---|
| Walton County EMS.......................................................................... | $      625.00 |
| Rocky Mountain Holdings (Air ambulance Service)........ ........................... | $ 52,080.76 |
| Grady Memorial Hospital.......................................................... | $ 15,997.79 |
| Delphine Diamond, CMA.......................................................... | $   2,580.00 |
| Georgia Opthomologist.............................................................. | $ Forthcoming |
| Hope Neurological of Ga.......................................................... | $ 14,350.00 |
| Georgia Spine and Orthopaedics................................................. | $ 53,151.67 |
| Surgery Center of Roswell...................................... ..................... | $   5,204.00 |
| American Health Imaging.......................................................... | $    1,575.00 |
| Lost Wages ...................................................................... | $  18,240.00 |

### 26.

Plaintiff's injuries are ongoing and he anticipates that he will incur additional damages for future medical expenses and lost wages a result of defendant's negligence.

### 27.

As a result of defendant's conduct, plaintiff has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

WHEREFORE, plaintiff prays as follows:

    (a)    For trial by jury;

6

(b)     That judgment be entered against the Defendants on all counts of the complaint in

an amount to be determined by a jury of his peers

(c)     That all costs of this action be cast against Defendant and in favor

of the Plaintiff; and,

(d)     That the Court grant such other and further relief that it deems just and proper.

Respectfully Submitted,

/s/Genet M. Hopewell
State Bar No. 493920
Attorney for Plaintiffs

Johnson Hopewell Coleman
4153 Flat Shoals Parkway
Building C, Suite 322
Decatur, Georgia 30034
(404) 289-2244

7

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04059-S5**
**11/16/2022 10:44 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

# Craig Jernigan

CIVIL ACTION
NUMBER:**22-C-04059-S5**

PLAINTIFF

VS.

# Granite Packaging, LLC et al

# c/o CT Corporation System

**289 S Culver St, Lawrenceville, GA**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Genet M. Hopewell
Johnson Hopewell Coleman, LLC
4153-C Flat Shoals Pkwy, Suite 322
Decatur, GA 30034

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

16th day of November, 2022

This _____ day of _____, 20_____.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRAIG JERNIGAN,

      **Plaintiff,**

v.

GRANITE PACKAGING, LLC;
ABC COMPANY; and JACK and
JANE DOES, 1-5,

      **Defendants.**

CIVIL ACTION FILE

NO. 1:22-CV-4974-MHC

## ORDER

Before the Court is Defendant Granite Packaging, LLC's unopposed

Amended Motion to Dismiss [Doc. 5].[1]

---

[1] Because Plaintiff has not responded to the pending motion, the Court deems the
motion unopposed.  See Kramer v. Gwinnett Cnty., 306 F. Supp. 2d 1219, 1221
(N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a
motion indicates such portion, claim or defense is unopposed"); LR 7.1B, NDGa
("Failure to file a response shall indicate that there is no opposition to the
motion.").  Although Granite's motion is deemed unopposed, the Court cannot
grant it without considering the motion on its merits.  See Giummo v. Olsen, 701
F. App'x 922, 925 (11th Cir. 2017) (reversing the district court's grant of
unopposed motions to dismiss where the court "neither provided any reason why
the plaintiffs' complaint failed to state a claim nor otherwise indicated that it had
considered the sufficiency of the complaint's allegations.").



EXHIBIT

C

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2022, Plaintiff Craig Jernigan ("Jernigan") filed a Complaint in the State Court of Gwinnett County alleging that he was injured by an explosion and fire while performing services on July 23, 2020, for his employer at the business of Defendant Granite Packaging ("Granite Packaging").  Compl. [Doc. 1-1].  The state court docket shows that Granite Packaging was served on November 17, 2022.[2]  Jernigan v. Granite Packaging LLC et al, 22-c-04059 at Affidavit of Process Server (Gwinnett Cnty. State Ct. November 21, 2022).  Granite Packaging removed the Complaint to this Court on December 16, 2022.  Notice of Removal [Doc. 1].

## II.   DISCUSSION

Granite Packaging concedes that the lawsuit was filed within the statute of limitations but argues for the dismissal of Jernigan's Complaint because of the failure by Jernigan to effectuate timely service.  Am. Br. in Supp. of Mot. to

---

[2] This Court has examined the filing on the docket of the State Court of Gwinnett County and has verified this date.  See Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1076 n.9 (11th Cir. 2013) (stating that courts can take judicial notice of documents filed in a state court action); Wells Fargo Bank, NA v. Dabney, No. 1:15-CV-3714-WSD, 2016 WL 1601206 at *1, n. 3 (N.D. Ga. April 20, 2016) (stating that, because they are public records, a court may take judicial notice of a party's litigation history and state-court filings).

2

Dismiss [Doc. 5-1] at 1-2.

The statute of limitations for personal injury is two years under Georgia law. O.C.G.A. § 9-3-33. Jernigan was allegedly injured through Granite Packaging's tortious conduct on July 23, 2020, and filed his Complaint in the State Court of Gwinnett County on July 22, 2022, which was prior to the expiration of the statute of limitations. However, Granite Packaging was not served with process until November 17, 2022, nearly four months after the statute of limitations expired.

In a diversity action, this Court applies Georgia law to determine whether Jernigan's late service relates back to the date of original filing of the Complaint for purposes of tolling the statute of limitations. See Cambridge Mut. Fire Ins. Co. v. City of Claxton, 720 F.2d 1230, 1233 (11th Cir. 1983) ("By holding that service of process does not relate back to toll the statute of limitations unless the plaintiff has acted diligently, the Georgia courts have interpreted their commencement statute and service of process statute as integral parts of the state statute of limitations."); Montague v. Godfrey, 289 Ga. App. 552, 554 (2008) ("The mere filing of a complaint does not commence suit unless timely service is perfected as required by law.") (citation omitted). Under Georgia law, service of process must be made within five days of the receipt of the summons and complaint. O.C.G.A.

3

§ 9-11-4(c). Although the "failure to make service within the five-day period will not invalidate a later service," id., Georgia law provides that where service of process is made after the expiration of the statute of limitations for a complaint filed within the statute, the service will relate back only if (1) a plaintiff has perfected service within five days of the filing of the complaint, or (2) the plaintiff has otherwise diligently attempted to perfect service. Walker v. Bord, 225 Ga. App. 242, 243 (1997). The burden is on the plaintiff to show that failure to perfect service within the five-day safe harbor period was not the plaintiff's fault. Busby v. Webb, 247 Ga. App. 781, 782 (2001).

In this case, Jernigan did not serve the Complaint until his private process server effectuated service on November 17, 2022, almost four months after the expiration of the statute of limitations period. Because Jernigan failed to perfect service within the five-day safe harbor period, he has the burden to show he exercised due diligence in attempting to serve Granite Packaging. Busby, 247 Ga. App. at 782. By failing to respond to Granite Packaging's Motion to Dismiss, Jernigan has failed to provide any reason for his delay and thus cannot satisfy that burden. Id. Consequently, this case must be dismissed. See Taylor v. Walmart Store, E., LP, No. 3:09-CV-022(CDL), 2009 WL 2145908, at *2 (M.D. Ga. July

4

15, 2009) (granting judgment on the pleadings where the plaintiff offered no evidence to explain the three-week delay in serving the complaint after the statute of limitations expired); Marker v. Wal-Mart Stores E., LP, No. 1:06-CV-2245-JTC, 2007 WL 9702698, at *3 (N.D. Ga. June 4, 2007) (granting motion to dismiss where the plaintiffs made no showing that they acted reasonably and diligently in serving process 116 days after filing the complaint and after the limitations period expired); Anderson v Hughes, 196 Ga. App. 186, 189 (1990) (granting judgment to the defendant where the plaintiff offered no explanation for the two month delay in serving the defendant outside the statute of limitations).

## III.   CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant Granite Packaging, LLC's Amended Motion to Dismiss [Doc. 5] is **GRANTED** and the original Motion to Dismiss [Doc. 4] is **DENIED AS MOOT**.

5

It is further **ORDERED** that the claims against Defendants Jack and Jane

Doe, as well as, Defendant ABC Company are also **DISMISSED**.[3]

The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 28th day of February, 2023.

MARK H. COHEN
United States District Judge

---

[3] See <u>Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court.") (citation omitted).

6

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CRAIG JERNIGAN,

                Plaintiff,

vs.

GRANITE PACKAGING, LLC, ABC
COMPANY, and JACK AND JANE
DOES, 1-5,

                Defendant.

CIVIL ACTION FILE

NO. 1:22-CV-4974-MHC

## J U D G M E N T

This action having come before the court, Honorable Mark H. Cohen, United States District Judge, for consideration of defendant Granite Packaging, LLC's motion to dismiss, and the court having granted said motion, and the Court dismissing the remaining defendants, it is

**Ordered and Adjudged** that the action be, and the same hereby is, dismissed.

Dated at Atlanta, Georgia, this 28th day of February, 2023.

                KEVIN P. WEIMER
                CLERK OF COURT

        By:     s/Jill Ayers
                Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
February 28, 2023
Kevin P. Weimer
Clerk of Court

By:   s/Jill Ayers
      Deputy Clerk

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CRAIG JERNIGAN,                           :
                                          :
       Plaintiff,                         :
                                          :        CIVIL ACTION
v.                                        :
                                          :        NO.: 23-C-04714-S5
GRANITE PACKAGING, LLC;                   :
ABC COMPANY, whose true name is           :
unknown to Plaintiff; and JACK and JANE   :
DOES, 1-5, whose true names are unknown   :
to Plaintiff,                             :
                                          :
       Defendants.                        :

## NOTICE TO COURT OF REMOVAL

PLEASE TAKE NOTICE that a Notice of Removal, a copy of which is attached hereto,

has been filed, pursuant to 28 U.S.C. § 1332, 1441, and 1446, by Granite Packaging, LLC with the

Office of the Clerk of the United States District Court for the Northern District of Georgia, Atlanta

Division.

SCRUDDER, BASS, QUILLIAN, HORLOCK,
LAZARUS & ADELE, LLP

/s/ Morgan B. Schroeder
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
Attorneys for Defendant

900 Circle 75 Parkway, Suite 850
Atlanta, GA  30339
Telephone: (770) 612-9200
gbass@scrudderbass.com
mschroeder@scrudderbass.com


EXHIBIT
D

1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE TO COURT OF REMOVAL** upon all parties to this matter by depositing a true copy of same via Statutory Electronic and/or in the U.S. Mail, proper postage prepaid, properly addressed to the following:

Genet M. Hopewell, Esq.
Johnson Hopewell Coleman
4153 Flat Shoals Parkway
Building C, Suite 322
Decatur, GA 30034

Duane Jones, Esq.
E. Duane Jones
1951 Wesley Chapel Road
Decatur, GA 30035

This ___ day of August, 2023.


/s/ Morgan B. Schroeder
Morgan B. Schroeder

2

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CRAIG JERNIGAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO.: 23-C-04714-S5 |
| GRANITE PACKAGING, LLC; | : | |
| ABC COMPANY, whose true name is | : | |
| unknown to Plaintiff; and JACK and JANE | : | |
| DOES, 1-5, whose true names are unknown | : | |
| to Plaintiff, | : | |
| | : | |
| Defendants. | : | |

## NOTICE TO ALL PARTIES OF FILING NOTICE OF REMOVAL

TO:     Craig Jernigan
        c/o Genet M. Hopewell, Esq.          c/o Duane Jones, Esq.
        Johnson Hopewell Coleman             E. Duane Jones
        4153 Flat Shoals Parkway             1951 Wesley Chapel Road
        Building C, Suite 322                Decatur, GA 30035
        Decatur, GA 30034

PLEASE TAKE NOTICE that a Notice of Removal, a copy of which is attached hereto,

has been filed, pursuant to 28 U.S.C. § 1332, 1441, and 1446, by Granite Packaging, LLC with the

Office of the Clerk of the United States District Court for the Northern District of Georgia, Atlanta

Division.

                                        SCRUDDER, BASS, QUILLIAN, HORLOCK,
                                        LAZARUS & ADELE, LLP

                                        /s/ Morgan B. Schroeder
                                        Glenn S. Bass
900 Circle 75 Parkway, Suite 850        Georgia Bar No. 041220
Atlanta, GA 30339                       Morgan B. Schroeder
Telephone: (770-612-9200)               Georgia Bar No. 186218
gbass@scrudderbass.com                  Attorneys for Defendant
mschroeder@scrudderbass.com

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE**

**TO ALL PARTIES OF FILING NOTICE OF REMOVAL** upon all parties to this matter by

depositing a true copy of same via Statutory Electronic and/or in the U.S. Mail, proper postage

prepaid, properly addressed to the following:

> Genet M. Hopewell, Esq.
> Johnson Hopewell Coleman
> 4153 Flat Shoals Parkway
> Building C, Suite 322
> Decatur, GA 30034
>
> Duane Jones, Esq.
> E. Duane Jones
> 1951 Wesley Chapel Road
> Decatur, GA 30035

This ___ day of August, 2023.

> /s/ Morgan B. Schroeder
> Morgan B. Schroeder

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CRAIG JERNIGAN,                     )
                                    )
    Plaintiff,              )
                                    )    CIVIL ACTION FILE NO.
v.                                  )
                                    )
GRANITE PACKAGING, LLC;             )
ABC COMPANY, whose true name        )    [On removal from State Court
is unknown to Plaintiff;  JACK and  )    of Gwinnett County, Civil
JANE DOES, 1-5,  whose true names   )    Action File No. 23-C-04714-
are unknown to Plaintiff,           )    S5]
                                    )
    Defendants.             )
_____      )

## DECLARATION OF JOSEPH DONADO

Pursuant to 28 U.S.C. § 1746, I, JOSEPH DONADO, do hereby declare as follows:

1.

My name is Joseph Donado.  I am over eighteen (18) years of age, of sound mind, and am otherwise legally competent to provide the testimony set forth herein. The testimony set forth in this declaration is based upon my own personal knowledge.



2.

I understand that this declaration is to be used in support of a Notice of Removal filed in the above-styled case by Defendant Granite Packaging, LLC, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

3.

I am employed by PLZ Corp. as Senior Counsel. In my role at PLZ Corp., I have personal knowledge of the corporate structure and membership of Granite Packing, LLC, including its member's name and address.

4.

Granite Packaging, LLC is a limited liability company that currently has only one member: PLZ Corp.

5.

PLZ Corp. is a corporation organized under the laws of the State of Delaware with its principal place of business in Illinois, as that is the state where the corporate officers of PLZ Corp. are located.

6.

I declare under penalty of perjury that the above is true and correct.

Executed this __9th__ day of __August__, 2023.

_____

Joseph Donado

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CRAIG JERNIGAN,

       Plaintiff,

v.

GRANITE PACKAGING, LLC; ABC
COMPANY; and JACK and JANE
DOES, 1-5

       Defendants.

CIVIL ACTION FILE NO.

## ANSWER OF GRANITE PACKAGING, LLC[1]

COMES NOW Defendant Granite Packaging, LLC (hereinafter "this Defendant" or "Granite"), and files this its Answer to Plaintiff's Complaint showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted.

---

[1] The undersigned counsel certifies that this pleading has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(C).

1

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the Georgia Workers Compensation Code.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of release and waiver.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitation.

**FIFTH DEFENSE**

There has been an insufficiency of process and an insufficiency in the timeliness of service of process and Plaintiff's claims should accordingly be dismissed.

**SIXTH DEFENSE**

The renewal statute, O.C.G.A. § 9-2-61, is not applicable because a judicial determination in the initial action rendered it void, making a renewal attempt improper.

2

## SEVENTH DEFENSE

Any damages or injuries sustained by plaintiff were the result of the acts or failures to act of a person or persons or entity or entities other than this Defendant.

## EIGHTH DEFENSE

If this Defendant acted or failed to act as alleged in the Complaint, which allegations this Defendant specifically denies, there were separate and intervening acts or failures to act on the part of persons or entities other than this Defendant which were the sole proximate cause of any damages or injuries sustained by Plaintiff.

## NINTH DEFENSE

No acts or omissions by or on the part of this Defendant caused or contributed to the damages or injuries alleged in Plaintiff's Complaint.

## TENTH DEFENSE

The damages and injuries alleged were not proximately caused by the actions of this Defendant or any of this Defendant's agents or employees, and accordingly, there can be no recovery from this Defendant.

## ELEVENTH DEFENSE

Plaintiff failed to exercise ordinary care for his own safety and such failure was the sole proximate cause of any injuries sustained.

## TWELFTH DEFENSE

Plaintiff was negligent and such negligence was equal to or greater than any alleged negligence on the part of this Defendant, this Defendant specifically denying that it was negligent in any manner.

## THIRTEENTH DEFENSE

There has been a voluntary and knowing assumption of the risk of any damage or injuries alleged, the danger of which was so obvious that the act of taking such risk in and of itself amounted to failure to exercise ordinary care and diligence.

## FOURTEENTH DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault or liability, this Defendant shows that any recovery by or on behalf of Plaintiff for damages must be diminished by the percentage of the total tortious conduct attributable to any other parties and non-parties deemed to be at fault pursuant to the terms and provisions of O.C.G.A. §51-12-33.

## FIFTEENTH DEFENSE

Responding to the individual allegations of the Complaint, this Defendant answers as follows:

As to the section of the Complaint denominated "COMPLAINT":

4

1.

The allegations of paragraph 1 are denied.

As to the section of the Complaint denominated "PARTIES AND JURISDICTION":

2.

This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 2 and, accordingly, can neither admit nor deny same.

3.

In response to paragraph 3, this Defendant admits that it may be served through its registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, GA 30046. This Defendant explicitly denies that it is subject to the jurisdiction of the Gwinnett County State Court based on the expiration of the applicable statute of limitation. All remaining allegations are denied.

4.

The allegations of paragraph 4 are denied.

As to the section of the Complaint denominated "BACKGROUND":

5.

The allegations of paragraph 5 are generally admitted.

6.

The allegations of paragraph 6 are generally admitted.

7.

The allegations of paragraph 7 are denied as phrased.

8.

This Defendant does admit that Plaintiff received physical injuries. The remaining allegations of paragraph 8 are denied as phrased.

9.

In answer to paragraph 9, Defendant admits that Plaintiff received physical injuries, however, is without information or knowledge sufficient to form a belief as to the truthfulness of the remainder of the allegations contained in paragraph 9 and, accordingly, can neither admit nor deny same.

As to the section of the Complaint denominated "COUNT 1 – PREMISES LIABILITY":

10.

In answer to paragraph 10, this Defendant repeats and realleges, where relevant, its responses stated above.

11.

Defendant can neither admit nor deny the allegations of paragraph 11 for to do so would force Defendant to state legal conclusions.

12.

The allegations of paragraph 12 are denied.

13.

The allegations of paragraph 13 are denied.

14.

The allegations of paragraph 14 are denied.

15.

The allegations of paragraph 15 are denied.

As to the section of the Complaint denominated "COUNT 2 – VICARIOUS LIABILITY":

16.

In answer to paragraph 16, this Defendant repeats and realleges, where relevant, its responses stated above.

17.

The allegations of paragraph 17 are denied as phrased.

7

18.

Defendant can neither admit nor deny the allegations of paragraph 18 for to do so would force Defendant to state legal conclusions.

As to the section of the Complaint denominated "COUNT 3 – NEGLIGENT HIRING, TRAINING AND SUPERVISION":

19.

In answer to paragraph 19, this Defendant repeats and realleges, where relevant, its responses stated above.

20.

The allegations of paragraph 20 are denied.

21.

The allegations of paragraph 21 are denied.

As to the section of the Complaint denominated "COUNT 4 – NEGLIGENT INSPECTION, REPAIR & MAINTENANCE":

22.

In answer to paragraph 22, this Defendant repeats and realleges, where relevant, its responses stated above.

23.

The allegations of paragraph 23 are denied.

24.

The allegations of paragraph 24 are denied.

As to the section of the Complaint denominated "COUNT 5 – DAMAGES":

25.

In answer to paragraph 25, this Defendant repeats and realleges, where relevant, its responses stated above.

26.

This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness of Plaintiff's special damages and accordingly, can neither admit nor deny same.  The remaining allegations of paragraph 26 are denied as phrased.

27.

This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 27 and, accordingly, can neither admit nor deny same, however, this Defendant expressly denies all allegations of negligence.

28.

The allegations of paragraph 28 are denied as phrased.

29.

In answer to the Complaint as a whole, this Defendant denies any allegations not specifically admitted herein.

WHEREFORE, having fully responded to the Plaintiff's Complaint, this Defendant prays that its defenses be inquired into and the same be sustained, that it have judgment in its favor and against the Plaintiff, that all costs be taxed against the Plaintiff and that this Court enter such other and further relief as it deems just and proper under the circumstances.

SCRUDDER, BASS, QUILLIAN, HORLOCK LAZARUS & ADELE LLP

/s/ Morgan B. Schroeder
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
Attorneys for Defendant Granite Packaging, LLC

900 Circle 75 Parkway, Suite 850
Atlanta, Georgia  30339
Telephone:  (770) 612-9200
Facsimile:  (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date presented the foregoing **ANSWER OF**

**DEFENDANT GRANITE PACKAGING, LLC** to the Clerk of Court for filing

and uploading to the CM/ECF electronic filing system, and further certify that on

this date I have served counsel of record with same via first-class mail:

> Genet M. Hopewell, Esq.
> Johnson Hopewell Coleman
> 4153 Flat Shoals Parkway
> Building C, Suite 322
> Decatur, GA 30034
>
> Duane Jones, Esq.
> E. Duane Jones
> 1951 Wesley Chapel Road
> Decatur, GA 30035

This 10th day of August, 2023.

> */s/ Morgan B. Schroeder*
> Morgan B. Schroeder

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CRAIG JERNIGAN,

           Plaintiff,

v.

GRANITE PACKAGING, LLC; ABC
COMPANY; and JACK and JANE
DOES, 1-5

           Defendants.

CIVIL ACTION FILE NO.

## MOTION TO DISMISS OF DEFENDANT
## GRANITE PACKAGING, LLC[1]

Comes now Defendant Granite Packaging, LLC, and, pursuant to F.R.C.P. 12(b), O.C.G.A. § 9-3-33 and O.C.G.A. § 9-11-4(c), hereby files its Motion to Dismiss.  This is an attempted renewal action being filed pursuant to O.C.G.A. § 9-2-61, however, due to the expiration of the applicable statute of limitation and Plaintiff's failure to timely perfect service of Defendant with due diligence in the initial suit, as well as this Court's dismissal of the initial suit, the renewal statute is not applicable.  In support of its Motion, Defendant refers the Court to its Brief in

---

[1] The undersigned counsel certifies that this pleading has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(C).

Support, the authority cited therein and the entire record of this matter and the initial

matter, Civil Action File No.: 1:22-cv-04974-MHC.

SCRUDDER, BASS, QUILLIAN, HORLOCK
LAZARUS & ADELE, LLP

*/s/ Morgan B. Schroeder*
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
*Attorneys for Defendant Granite
Packaging, LLC*

900 Circle 75 Parkway, Suite 850
Atlanta, Georgia  30339
Telephone:  (770) 612-9200
Fax:  (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date presented the foregoing **MOTION TO DISMISS OF DEFENDANT GRANITE PACKAGING, LLC** to the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, and further certify that on this date I have served counsel of record with same via first-class mail:

> Genet M. Hopewell, Esq.
> Johnson Hopewell Coleman
> 4153 Flat Shoals Parkway
> Building C, Suite 322
> Decatur, GA 30034
>
> Duane Jones, Esq.
> E. Duane Jones
> 1951 Wesley Chapel Road
> Decatur, GA 30035

This 10th day of August, 2023.

> /s/ Morgan B. Schroeder
> Morgan B. Schroeder

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CRAIG JERNIGAN, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. |
| GRANITE PACKAGING, LLC; ABC COMPANY; and JACK and JANE DOES, 1-5 | |
| Defendants. | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT GRANITE PACKAGING, LLC[1]**

Comes now Defendant Granite Packaging, LLC, and for its Brief in Support of its Motion to Dismiss, shows the Court as follows:

Plaintiff herein asserts claims for alleged personal injury. Pursuant to Plaintiff's Complaint, the subject incident that allegedly caused injury occurred on July 23, 2020. The record will reflect that the Plaintiff filed his initial Complaint[2]

---

[1] The undersigned counsel certifies that this pleading has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(C).

[2] When referring to the Plaintiff's initial Complaint or the initial suit, this Defendant is referring to Craig Jernigan v. Granite Packaging, LLC, et al., 1:22-CV-4974-MHC, United States District Court for the Northern District of Georgia, Atlanta Division.

on July 22, 2022.  The statute of limitation for a personal injury claim in Georgia is two years.  O.C.G.A. § 9-3-33.  Plaintiff's initial Complaint was timely filed within the applicable statute of limitation, however, Defendant contended in that suit that Plaintiff's Complaint was barred due to the fact that it was not timely served, which was the subject of its Motion to Dismiss filed in the initial suit on December 19, 2022.[3]  (Exhibit "A," Motion to Dismiss).  In an effort to seemingly avoid dismissal of the suit pursuant to this Defendant's Motion to Dismiss, Plaintiff attempted to voluntarily dismiss the Complaint without prejudice, on January 11, 2023.  (Exhibit "B," Plaintiff's Voluntary Dismissal).  This Court explicitly found that such an attempt violated the Federal Rules of Civil Procedure and denied the plaintiff's attempted voluntary dismissal on February 23, 2023.  (Exhibit "C," Order on Voluntary Dismissal).  This Defendant's Motion to Dismiss was then granted by this Court on February 28, 2023.  (Exhibit "D," Order on Motion to Dismiss).  Plaintiff has now attempted to refile his Complaint on July 10, 2023, pursuant to the renewal provisions of O.C.G.A. § 9-2-61.  Defendant contends that this renewed action is

---

[3] This Defendant refers to its prior Motion and Brief in Support, attached hereto as Exhibit A, for a more detailed explanation of the procedural history and this Defendant's arguments regarding the service issues.

void and should therefore be dismissed.  Defendant has removed this case to this

Court on diversity grounds.

A federal court in a diversity action must apply the controlling substantive law

of the state. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).  Whether or not a suit can

be initiated would be substantive law.  It is well established law in Georgia that when

an action is commenced in state court and removed to federal court, once dismissed,

the action cannot be renewed in state court.  Cox v. East Tenn. & Ga. R.R., 68 Ga.

446, 448 (1882) (a suit brought in state court and properly removed by the defendant

to the federal court, and there dismissed on plaintiff's motion, cannot be renewed in

a state court, within six months of such dismissal, so as to avoid the bar of the statute

of limitation); Ivester v. Southern R. Co., 61 Ga. App. 364, 365 ("[former] Code §

3-808 does not apply to a suit brought in a State court, removed to the Federal court,

and dismissed either voluntarily or involuntarily," holding that because the renewed

action was brought more than two years after the right of action accrued, the suit was

barred by the statute of limitations).  Plaintiff asserts that he is filing his action as a

renewal pursuant to O.C.G.A. § 9-2-61, which "was not dismissed on the merits."

(Exhibit "E," Plaintiff's Renewed Complaint).  The renewal statute states that where

"the plaintiff discontinues or dismisses" a case, "it may be recommenced…within

six months after the discontinuance or dismissal."  O.C.G.A. § 9-2-61 (a).  When

3

interpreting this provision, the Georgia Supreme Court has held that "the privilege of…renewal does not apply to cases decided on their merits or to void cases," and an action is void and incapable of renewal if service is never perfected or if "there has been a judicial determination that dismissal is authorized." King v. Wal-Mart Stores, 250 Ga. App. 103, 104 (2001), citing to Hobbs v. Arthur, 264 Ga. 359 (1994).

The present case is almost identical to the King case. There, a plaintiff filed her complaint within two days of the two-year statute of limitation expiring, however, she failed to serve the proper registered agent, instead serving Wal-Mart's prior agent. King, 250 Ga. App. at 103. Almost a year after the complaint was filed, Wal-Mart moved to dismiss. Id. Shortly thereafter, plaintiff achieved service on the proper agent. Id. The trial court found that service was effected only after the statute of limitation had run, well after the five-day grace period, and plaintiff failed to meet her burden showing that due diligence was exercised to obtain service, and so dismissed the complaint. Id. Within six months, the plaintiff filed another action, alleging virtually the same claims and asserting that the complaint was made pursuant to O.C.G.A. § 9-2-61. Id. Wal-Mart again moved to dismiss, asserting that the renewal statute did not apply because the initial suit had been dismissed by the trial court and thus the new action was void. Id. The trial court agreed, and dismissed the complaint. Id. The plaintiff appealed, arguing that the dismissal of

4

the original action was improper because it was "voidable," not "void," and thus subject to renewal.  Id.

The Court of Appeals relied on Tate v. Coastal Utils., 247 Ga. App. 738 (2001) to affirm the dismissal of King's complaint.  In Tate, a federal court dismissed the plaintiffs' original lawsuit because it determined that the plaintiffs had failed to diligently serve the defendants after the applicable limitation period had expired. Tate, 247 Ga. App. at 738-39.  The plaintiffs attempted to file a renewal, but the trial court and Court of Appeals held that "the renewal statute was not applicable, even though the dismissal was purportedly without prejudice, because there had been a judicial determination that the plaintiffs failed to show diligence in serving the complaint."  Id. at 739-40.  The King court likewise determined that because there was a judicial determination that the plaintiff had not acted diligently in perfecting service, the original action was void.  King, 250 Ga. App. at 104.

This Court has previously found that Plaintiff had the burden to show that he exercised due diligence when attempting to serve Granite Packaging, and by failing to respond to this Defendant's Motion to Dismiss, Plaintiff failed to provide any reason for the delay and thus cannot satisfy his burden.  (Ex. D, pg. 4).  This was a judicial determination as contemplated by Tate and King, and rendered the initial action void.  Accordingly, the renewal statute does not apply, and Plaintiff's attempt

5

to renew this action is not proper.  Defendant Granite Packaging, LLC respectfully

requests that its motion be granted and that this matter be dismissed.

SCRUDDER, BASS, QUILLIAN, HORLOCK
LAZARUS & ADELE, LLP

/s/ Morgan B. Schroeder
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
*Attorneys for Defendant Granite
Packaging, LLC*

900 Circle 75 Parkway, Suite 850
Atlanta, Georgia  30339
Telephone:  (770) 612-9200
Fax:  (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

6

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date presented the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT GRANITE PACKAGING, LLC** to the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, and further certify that on this date I have served counsel of record with same via first-class mail:

> Genet M. Hopewell, Esq.
> Johnson Hopewell Coleman
> 4153 Flat Shoals Parkway
> Building C, Suite 322
> Decatur, GA 30034
>
> Duane Jones, Esq.
> E. Duane Jones
> 1951 Wesley Chapel Road
> Decatur, GA 30035

This ____ day of August, 2023.

> /s/ Morgan B. Schroeder
> Morgan B. Schroeder

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CRAIG JERNIGAN,

       Plaintiff,

v.

GRANITE PACKAGING, LLC; ABC
COMPANY; and JACK and JANE
DOES, 1-5

       Defendants.

CIVIL ACTION FILE NO.
1:22-cv-04974-MHC

## AMENDED MOTION TO DISMISS OF DEFENDANT

## GRANITE PACKAGING, LLC[1]

    Comes now Defendant Granite Packaging, LLC, and, pursuant to F.R.C.P. 12(b), O.C.G.A. § 9-3-33 and O.C.G.A. § 9-11-4(c), hereby files its Motion to Dismiss. Defendant's Motion is based on the expiration of the applicable statute of limitation and Plaintiff's failure to timely perfect service of Defendant with due diligence. In support of its Motion, Defendant refers the Court to its Brief in Support, the authority cited therein and the entire record of this matter.

---

[1] The undersigned counsel certifies that this pleading has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(C).

EXHIBIT

A

SCRUDDER, BASS, QUILLIAN, HORLOCK
LAZARUS & ADELE, LLP

*/s/ Glenn S. Bass*
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
*Attorneys for Defendant Granite*
*Packaging, LLC*

900 Circle 75 Parkway, Suite 850
Atlanta, Georgia  30339
Telephone:  (770) 612-9200
Fax:  (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date presented the foregoing **AMENDED MOTION TO DISMISS OF DEFENDANT GRANITE PACKAGING** to the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, and further certify that on this date I have served counsel of record with same via first-class mail:

> Genet M. Hopewell, Esq.
> Johnson Hopewell Coleman
> 4153 Flat Shoals Parkway
> Building C, Suite 322
> Decatur, GA 30034

This 20th day of December, 2022.

> /s/ Glenn S. Bass
> Glenn S. Bass

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CRAIG JERNIGAN,

       Plaintiff,

v.

GRANITE PACKAGING, LLC; ABC
COMPANY; and JACK and JANE
DOES, 1-5

       Defendants.

CIVIL ACTION FILE NO.
1:22-cv-04974-MHC

## AMENDED BRIEF IN SUPPORT OF MOTION TO DISMISS[1]

Comes now Defendant Granite Packaging, LLC, and for its Brief in Support of its Motion to Dismiss, shows the Court as follows:

Plaintiff herein asserts claims for alleged personal injury. Pursuant to Plaintiff's Complaint, the subject incident that allegedly caused injury occurred on July 23, 2020. The record will reflect that the Plaintiff's Complaint was filed on July 22, 2022. The statute of limitation for a personal injury claim in Georgia is two years. O.C.G.A. § 9-3-33. Accordingly, Plaintiff's Complaint was timely filed within the applicable statute of limitation, however, Defendant contends that

---

[1] The undersigned counsel certifies that this pleading has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(C).

Plaintiff's Complaint is barred due to the fact that it was not timely served. Defendant has removed this case to this Court on diversity grounds.

A federal court in a diversity action must apply the controlling substantive law of the state. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). The Supreme Court has held that state statutes of limitation are substantive laws, and so must be followed by federal courts in diversity actions. Guaranty Trust Co. v. York, 326 U.S. 99 (1945). Accordingly, Georgia law would control whether a plaintiff's late service relates back to the date that the suit was originally filed for purposes of the statute of limitation. Webster v. Western Express, Inc., 2007 U.S. Dist. LEXIS 70011, *13-14 (M.D. Ga. 2007). The applicable Georgia law requires that when service of a complaint is made, it shall be made within five days from the time of receipt of the summons and complaint. O.C.G.A. § 9-11-4(c). Georgia case law is clear that if service is made within five days it relates back to the date of filing. In order to toll the statute of limitation after the timely filing of a complaint, a plaintiff must show that he acted in a reasonable and diligent manner in attempting to effectuate proper service. Patterson v. Johnson, 226 Ga. App. 396 (1997). Also see Georgia Farm Bureau v. Kilgore, 265 Ga. 836 (1995) and Giles v. State Farm, 330 Ga. App. 314 (2014). That is particularly relevant to a matter that is filed within the statute of limitation, but served after the expiration of the statute. That is

2

the situation here. The complaint was filed on July 22, 2022, one day prior to the expiration of the statute of limitation. The record will reflect however that this Defendant was not served with the summons and complaint until November 17, 2022, well outside of the applicable statute of limitation and well beyond the five-day grace period provided in O.C.G.A. § 9-11-4(c). The return of service was not filed with the Court until November 21, 2022. (See State Court of Gwinnett docket and Return of Service attached as Exhibit "A"). In this situation, the law is clear that the relation back of service to the date of filing is dependent upon the diligence exercised in perfecting service. "Where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within O.C.G.A. § 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." Moody v. Gilliam, 281 Ga. App. 819 (2006); Cantin v. Justice, 224 Ga. App. 195 (1997). The plaintiff must act with the greatest possible diligence to serve the defendant and have such service relate back to the filing of the complaint or risk dismissal of the case. Kelley v. Lymon, 279 Ga. App. 849 (2006).

Defendant in this case maintained a registered agent in Gwinnett County. (See Exhibit "B", registered agent information). Not only did Defendant retain a

registered agent in the county where this suit was filed, the agent was CT Corporation System, an entity that is well known as a registered agent service and one that is set up to accept service of process for business entities. Based on the return of service filed in this case on November 21, 2022, it appears that the Plaintiff retained the services of a private process server. It is unclear when the summons and complaint were provided to the process server in this case but, under the circumstances presented here, there is absolutely no excuse for service being made outside of the five-day grace period and certainly no excuse for service being delayed for 4 months - especially if Plaintiff intended to use a private process server rather than the sheriff. With a private process server, this matter literally could have been served the day after it was filed and certainly should have been filed within five days of filing. Under the circumstances, Defendant contends that, had Plaintiff exercised due diligence, there is no reason for the summons and complaint not to have been served on the Defendant within five days. Use of any diligence at all would have certainly caused this summons and complaint to have been served sooner than four months post filing. Due diligence was not exercised in this case, service was untimely and the Plaintiff's claims should be considered barred by the applicable statute of limitation.

4

Defendant Granite Packaging, LLC respectfully requests that its motion be considered and granted and that this matter be dismissed.

SCRUDDER, BASS, QUILLIAN, HORLOCK
LAZARUS & ADELE, LLP


   /s/ Glenn S. Bass
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
*Attorneys for Defendant Granite*
*Packaging, LLC*

900 Circle 75 Parkway, Suite 850
Atlanta, Georgia  30339
Telephone:  (770) 612-9200
Fax:  (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

5

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date presented the foregoing **AMENDED BRIEF IN SUPPORT OF MOTION TO DISMISS** to the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, and further certify that on this date I have served counsel of record with same via first-class mail:

Genet M. Hopewell, Esq.
Johnson Hopewell Coleman
4153 Flat Shoals Parkway
Building C, Suite 322
Decatur, GA 30034

This 20th day of December, 2022.

/s/ Glenn S. Bass
Glenn S. Bass

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CRAIG JERNIGAN,

       Plaintiff,

v.

GRANITE PACKAGING, LLC; ABC
COMPANY; and JACK and JANE
DOES, 1-5

       Defendants.

CIVIL ACTION FILE NO.
1:22-cv-04974-MHC

## VOLUNTARY DISMISSAL WITHOUT PREJUDICE

COMES NOW Plaintiff in the above-styled action and hereby dismisses voluntarily this action without prejudice.

This 11th day of January, 2023.

Respectfully Submitted,

/s/Genet M. Hopewell
Georgia Bar No.: 493920

Johnson Hopewell Coleman, LLC
4153-C Flat Shoals Pkwy, Suite 322
Decatur, Georgia 30034
(404) 289-2244 – p
(404) 289-2888 - f
genethopewell@jhclawerys.com

1



## CERTIFICATE OF SERVICE

This is to certify that I have this date presented the foregoing **DISMISSAL** to

the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, and

further certify that on this date I have served counsel of record with same via first-class mail:

> Genet M. Hopewell, Esq. Johnson
> Hopewell Coleman 4153 Flat
> Shoals Parkway Building C,
> Suite 322 Decatur, GA 30034

This 11th day of January, 2023.

                                          */s/Genet M. Hopewell*

                                          Genet M. Hopewell

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CRAIG JERNIGAN,

      Plaintiff,

v.

GRANITE PACKAGING, LLC;
ABC COMPANY; and JACK and
JANE DOES, 1-5,

      Defendant.

CIVIL ACTION FILE

NO. 1:22-CV-4974-MHC

## <u>ORDER</u>

Before the Court is a Notice of Voluntary Dismissal Without Prejudice filed by Plaintiff in an attempt to dismiss this action. [Doc. 7.] However, Rule 41(a)(1)(A)(i) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). Defendant Granite Packaging filed its Answer to Plaintiff's Complaint on December 19, 2022 [Doc. 3]. Therefore, this action cannot be dismissed under Rule 41(a)(1)(A)(i).

Once a defendant has filed an answer, the action may be dismissed without a court order only by filing "a stipulation of dismissal signed by all parties who have



appeared." FED. R. CIV. P. 41(a)(1)(A)(ii).  Otherwise, the dismissal must be

made pursuant to court order on terms that the court deems appropriate.  FED. R.

CIV. P. 41(a)(2).

Consequently, it is hereby **ORDERED** that Plaintiff's attempted voluntary

dismissal under Rule 41(a)(1)(A)(i) [Doc. 7] is **DENIED**.

**IT IS SO ORDERED** this 23rd day of February, 2023.

MARK H. COHEN
United States District Judge

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**CRAIG JERNIGAN,**

     **Plaintiff,**

**v.**

**GRANITE PACKAGING, LLC;**
**ABC COMPANY; and JACK and**
**JANE DOES, 1-5,**

     **Defendants.**

**CIVIL ACTION FILE**

**NO. 1:22-CV-4974-MHC**

## <u>ORDER</u>

Before the Court is Defendant Granite Packaging, LLC's unopposed

Amended Motion to Dismiss [Doc. 5].[1]

---

[1] Because Plaintiff has not responded to the pending motion, the Court deems the motion unopposed.  See Kramer v. Gwinnett Cnty., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed"); LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").  Although Granite's motion is deemed unopposed, the Court cannot grant it without considering the motion on its merits.  See Giummo v. Olsen, 701 F. App'x 922, 925 (11th Cir. 2017) (reversing the district court's grant of unopposed motions to dismiss where the court "neither provided any reason why the plaintiffs' complaint failed to state a claim nor otherwise indicated that it had considered the sufficiency of the complaint's allegations.").



## I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2022, Plaintiff Craig Jernigan ("Jernigan") filed a Complaint in

the State Court of Gwinnett County alleging that he was injured by an explosion

and fire while performing services on July 23, 2020, for his employer at the

business of Defendant Granite Packaging ("Granite Packaging").  Compl. [Doc. 1-

1].  The state court docket shows that Granite Packaging was served on November

17, 2022.[2]  Jernigan v. Granite Packaging LLC et al, 22-c-04059 at Affidavit of

Process Server (Gwinnett Cnty. State Ct. November 21, 2022).  Granite Packaging

removed the Complaint to this Court on December 16, 2022.  Notice of Removal

[Doc. 1].

## II.   DISCUSSION

Granite Packaging concedes that the lawsuit was filed within the statute of

limitations but argues for the dismissal of Jernigan's Complaint because of the

failure by Jernigan to effectuate timely service.  Am. Br. in Supp. of Mot. to

---

[2] This Court has examined the filing on the docket of the State Court of Gwinnett
County and has verified this date.  See Lozman v. City of Riviera Beach, Fla., 713
F.3d 1066, 1076 n.9 (11th Cir. 2013) (stating that courts can take judicial notice of
documents filed in a state court action); Wells Fargo Bank, NA v. Dabney, No.
1:15-CV-3714-WSD, 2016 WL 1601206 at *1, n. 3 (N.D. Ga. April 20,
2016) (stating that, because they are public records, a court may
take judicial notice of a party's litigation history and state-court filings).

Dismiss [Doc. 5-1] at 1-2.

The statute of limitations for personal injury is two years under Georgia law. O.C.G.A. § 9-3-33. Jernigan was allegedly injured through Granite Packaging's tortious conduct on July 23, 2020, and filed his Complaint in the State Court of Gwinnett County on July 22, 2022, which was prior to the expiration of the statute of limitations. However, Granite Packaging was not served with process until November 17, 2022, nearly four months after the statute of limitations expired.

In a diversity action, this Court applies Georgia law to determine whether Jernigan's late service relates back to the date of original filing of the Complaint for purposes of tolling the statute of limitations. See Cambridge Mut. Fire Ins. Co. v. City of Claxton, 720 F.2d 1230, 1233 (11th Cir. 1983) ("By holding that service of process does not relate back to toll the statute of limitations unless the plaintiff has acted diligently, the Georgia courts have interpreted their commencement statute and service of process statute as integral parts of the state statute of limitations."); Montague v. Godfrey, 289 Ga. App. 552, 554 (2008) ("The mere filing of a complaint does not commence suit unless timely service is perfected as required by law.") (citation omitted). Under Georgia law, service of process must be made within five days of the receipt of the summons and complaint. O.C.G.A.

3

§ 9-11-4(c). Although the "failure to make service within the five-day period will not invalidate a later service," id., Georgia law provides that where service of process is made after the expiration of the statute of limitations for a complaint filed within the statute, the service will relate back only if (1) a plaintiff has perfected service within five days of the filing of the complaint, or (2) the plaintiff has otherwise diligently attempted to perfect service. Walker v. Bord, 225 Ga. App. 242, 243 (1997). The burden is on the plaintiff to show that failure to perfect service within the five-day safe harbor period was not the plaintiff's fault. Busby v. Webb, 247 Ga. App. 781, 782 (2001).

In this case, Jernigan did not serve the Complaint until his private process server effectuated service on November 17, 2022, almost four months after the expiration of the statute of limitations period. Because Jernigan failed to perfect service within the five-day safe harbor period, he has the burden to show he exercised due diligence in attempting to serve Granite Packaging. Busby, 247 Ga. App. at 782. By failing to respond to Granite Packaging's Motion to Dismiss, Jernigan has failed to provide any reason for his delay and thus cannot satisfy that burden. Id. Consequently, this case must be dismissed. See Taylor v. Walmart Store, E., LP, No. 3:09-CV-022(CDL), 2009 WL 2145908, at *2 (M.D. Ga. July

4

15, 2009) (granting judgment on the pleadings where the plaintiff offered no evidence to explain the three-week delay in serving the complaint after the statute of limitations expired); Marker v. Wal-Mart Stores E., LP, No. 1:06-CV-2245-JTC, 2007 WL 9702698, at *3 (N.D. Ga. June 4, 2007) (granting motion to dismiss where the plaintiffs made no showing that they acted reasonably and diligently in serving process 116 days after filing the complaint and after the limitations period expired); Anderson v Hughes, 196 Ga. App. 186, 189 (1990) (granting judgment to the defendant where the plaintiff offered no explanation for the two month delay in serving the defendant outside the statute of limitations).

## III.   CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant Granite Packaging, LLC's Amended Motion to Dismiss [Doc. 5] is **GRANTED** and the original Motion to Dismiss [Doc. 4] is **DENIED AS MOOT.**

It is further **ORDERED** that the claims against Defendants Jack and Jane Doe, as well as, Defendant ABC Company are also **DISMISSED**.[3]

The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 28th day of February, 2023.

MARK H. COHEN
United States District Judge

---

[3] See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court.") (citation omitted).

6

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04714-S5**
**7/10/2023 1:10 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| *CRAIG JERNIGAN* | |
| Plaintiff, | |
| .v. | CIVIL ACTION   23-C-04714-S5 |
| | FILE NO.: _____ |
| *GRANITE PACKAGING*, LLC; | |
| ABC COMPANY, whose true name is | |
| unknown to Plaintiff; | |
| and JACK and JANE DOES, 1-5 | |
| whose true names are unknown to Plaintiff | |
| Defendant. | |

JURY TRIAL REQUESTED

## COMPLAINT

COMES NOW CRAIG JERNIGAN, plaintiff, and makes and files this complaint against defendant Granite Packaging, LLC as follows:

1.

This is a renewal action pursuant to O.C.G.A. 9-2-61. The underlying action was a valid suit, and was not dismissed on the merits. This suit is based upon the same cause of action, and is filed within six months of the dismissal of the original suit.

## PARTIES AND JURISDICTION



2.

Plaintiff is a single male who resides in Monroe and is subject to the jurisdiction of this court.

3.

Defendant is a domestic corporation existing under the laws of the State of Georgia with its principal place of business in Georgia and may be served through its registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, Georgia 30046. Defendant is subject to the jurisdiction of this court.

4.

Jurisdiction and venue are proper in this court.

**BACKGROUND**

5.

At all times relevant to this litigation, Defendant was engaged in the business of operating a manufacturing plant which provides packaging services for automotive appearance products, personal care products, household cleaning products and detergents. Defendant operated said business at 1 Leggett Drive, Social Circle, Georgia.

6.

At all times relevant to this litigation, defendant owned, operated and controlled the premises located at 1 Leggett Drive, Social Circle, Georgia, along with the equipment, including but not limited to tanks containing flammable chemicals contained therein.

2

7.

At all times relevant to this litigation, defendant had responsibility to inspect, maintain, repair and manage property and equipment contained therein and used as a part of the aforesaid business.

8.

On July 23, 2020, plaintiff was assigned by his employer to perform services for the defendant at defendant's business located at 1 Leggett Drive, Social Circle, Georgia and the plaintiff was lawfully on the premises for the purpose of performing said services and as such was a business invitee. While at the business, plaintiff was injured when he was engulfed in an explosion and fire caused by an improperly maintained tank containing flammable materials on defendant's property.

9.

As a result of the explosion and fire, plaintiff suffered physical injuries to his head, face, ears, lips, neck torso, neck, back and arms as well as mental and emotional pain and suffering.

## COUNT 1
## PREMISES LIABILITY

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

11.

Defendant owed a duty to invitees such as plaintiff to keep the premises in a safe condition.

12.

3

Prior to the subject incident, defendant was aware or should have been aware that tank containing flammable chemicals was not functioning properly, not maintained properly and needed to be repaired and/or have components replaced.

13.

Defendant was negligent in allowing plaintiff and others to have access and/or to be exposed to the unsafe instrumentalities and/or conditions and in failing to take adequate measures to protect plaintiff and others from the hazards presented by the unsafe and improperly grounded tanks.

14.

Defendant was negligent in failing to keep the premises safe for invitees such as plaintiff.

15.

Defendant's negligence was the sole and proximate cause of the malfunction resulting in the explosion and fire and plaintiff's resulting injuries.

## COUNT 2
## VICARIOUS LIABILITY

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

17.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the property and equipment and fixtures contained thereon where plaintiff was injured were employed by defendants and were acting within the scope of their employment.

18.

4

Defendant is responsible for the actions of these individuals pursuant to the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3

## NEGLIGENT HIRING, TRAINING AND SUPERVISION

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

20.

Defendant was negligent in hiring, training and supervising the individuals responsible for inspecting, cleaning and maintaining the premises, equipment, and fixtures including but not limited to the tank containing flammable chemicals which exploded causing plaintiff's injuries.

21.

Defendant was negligence in hiring, training and supervising these individuals resulted in plaintiff's injuries.

## COUNT 4

## NEGLIGENT INSPECTION, REPAIR & MAINTENANCE

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

23.

Defendant was negligent in inspecting, repairing and maintaining the premises, equipment, and fixtures, including but not limited to the tank containing flammable chemicals which exploded causing plaintiff's injuries.

5

24.

Defendant's negligence in inspecting, repairing and maintaining the premises, equipment, and fixtures, including but not limited to the tank containing flammable chemicals which exploded was the sole and proximate cause of plaintiff's injuries.

## COUNT 5
## DAMAGES

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

26.

As a result of defendants' conduct, plaintiff has incurred past medical expenses and will continue to incur medical expenses in the future. Plaintiff's special damages to date are as follows:

| | |
|---|---|
| Walton County EMS | $    625.00 |
| Rocky Mountain Holdings (Air ambulance Service) | $ 52,080.76 |
| Grady Memorial Hospital | $ 15,997.79 |
| Delphine Diamond, CMA | $   2,580.00 |
| Georgia Opthomologist | $ Forthcoming |
| Hope Neurological of Ga | $ 14,350.00 |
| Georgia Spine and Orthopaedics | $ 53,151.67 |
| Surgery Center of Roswell | $   5,204.00 |
| American Health Imaging | $   1,575.00 |
| Lost Wages | $  18,240.00 |

27.

Plaintiff's injuries are ongoing and he anticipates that he will incur additional damages for future medical expenses and lost wages a result of defendant's negligence.

28.

6

As a result of defendant's conduct, plaintiff has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

WHEREFORE, plaintiff prays as follows:

    (a)    For trial by jury;

    (b)    That judgment be entered against the Defendants on all counts of the complaint in an amount to be determined by a jury of his peers

    (c)    That all costs of this action be cast against Defendant and in favor of the Plaintiff; and,

    (d)    That the Court grant such other and further relief that it deems just and proper.

Respectfully Submitted,

/s/Genet M. Hopewell
State Bar No. 493920
Attorney for Plaintiffs

Johnson Hopewell Coleman
4153 Flat Shoals Parkway
Building C, Suite 322
Decatur, Georgia 30034
(404) 289-2244
genethopewell@jhclawyers.com

/s/ Duane Jones
Duane Jones
Georgia Bar No., 399910

E. Duane Jones
1951 Wesley Chapel Road
Decatur, Georgia 30035
(470) 222-7444
eduaneatty@gmail.com

7

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04714-S5**
**7/10/2023 1:10 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

# Craig Jernigan

CIVIL ACTION
NUMBER: 23-C-04714-S5

PLAINTIFF

VS.

## Granite Packaging, LLC

c/o CT Corporation System, registered agent

289 South Culver St, Lawrenceville, GA 30046

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Genet M. Hopewell
Johnson Hopewell Coleman LLC
4153-C Flat Shoals Pkwy, Suite 322
Decatur, GA 30034

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

10th day of July, 2023

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CRAIG JERNIGAN,

        Plaintiff,

v.

GRANITE PACKAGING, LLC; ABC
COMPANY; and JACK and JANE
DOES, 1-5

        Defendants.

CIVIL ACTION FILE NO.

## <u>CERTIFICATE OF INTERESTED PERSONS<br>AND CORPORATE DISCLOSURE STATEMENT</u>

COMES NOW Defendant Granite Packaging, LLC, and files its disclosure statements pursuant to Federal Rule of Civil Procedure 7.1.

1.    The undersigned counsel of record for a party to this action certifies that the following is a full and complete list of all parties in this action, including any parent corporation and any publicly held corporation that owns 10% or more of the stock of a party:

**Defendant:** Granite Packaging, LLC and PLZ, Corp.

2.    The undersigned further certifies that the following is a full and complete list of all other persons, associations, firms, partnerships, or corporations

1

having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case:

**Craig Jernigan**

**Granite Packaging, LLC**

**Plaze, Inc.**

**PLZ, Corp.**

3.      The undersigned further certifies that the following is a full and complete list of all persons serving as attorneys for the parties in this proceeding:

**Counsel for Plaintiff:**          **Genet M. Hopewell**

                                                 **Duane Jones**

**Counsel for Defendants:**       **Glenn S. Bass**

                                                 **Morgan B. Schroeder**

**SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE, LLP**

*/s/ Morgan B. Schroeder*
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
*Attorneys for Granite Packaging, LLC*

900 Circle 75 Parkway, N.W.
Suite 850
Atlanta, Georgia 30339
Telephone:  (770) 612-9200
Facsimile: (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

3

CERTIFICATE OF SERVICE[1]

I hereby certify that on this date, I electronically served the foregoing **CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record and in addition to U.S. Mail:

> Genet M. Hopewell, Esq.
> Johnson Hopewell Coleman
> 4153 Flat Shoals Parkway
> Building C, Suite 322
> Decatur, GA 30034
>
> Duane Jones, Esq.
> E. Duane Jones
> 1951 Wesley Chapel Road
> Decatur, GA 30035

This 10th day of August, 2023.

> /s/ Morgan B. Schroeder
> Morgan B. Schroeder

---

[1] The undersigned counsel certifies that this Notice of Removal has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(C).

4