E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04714-S5**
**7/10/2023 1:10 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| *CRAIG JERNIGAN*<br><br>  Plaintiff,<br><br>.v.<br><br>*GRANITE PACKAGING*, LLC;<br>ABC COMPANY, whose true name is<br>unknown to Plaintiff;<br>and JACK and JANE DOES, 1-5<br>whose true names are unknown to Plaintiff<br><br>  Defendant. | CIVIL ACTION  23-C-04714-S5<br>FILE NO.: _____ |

JURY TRIAL REQUESTED

## COMPLAINT

COMES NOW CRAIG JERNIGAN, plaintiff, and makes and files this complaint against defendant Granite Packaging, LLC as follows:

1.

This is a renewal action pursuant to O.C.G.A. 9-2-61. The underlying action was a valid suit, and was not dismissed on the merits. This suit is based upon the same cause of action, and is filed within six months of the dismissal of the original suit.

## PARTIES AND JURISDICTION



2.

Plaintiff is a single male who resides in Monroe and is subject to the jurisdiction of this court.

3.

Defendant is a domestic corporation existing under the laws of the State of Georgia with its principal place of business in Georgia and may be served through its registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, Georgia 30046. Defendant is subject to the jurisdiction of this court.

4.

Jurisdiction and venue are proper in this court.

**BACKGROUND**

5.

At all times relevant to this litigation, Defendant was engaged in the business of operating a manufacturing plant which provides packaging services for automotive appearance products, personal care products, household cleaning products and detergents. Defendant operated said business at 1 Leggett Drive, Social Circle, Georgia.

6.

At all times relevant to this litigation, defendant owned, operated and controlled the premises located at 1 Leggett Drive, Social Circle, Georgia, along with the equipment, including but not limited to tanks containing flammable chemicals contained therein.

2

7.

At all times relevant to this litigation, defendant had responsibility to inspect, maintain, repair and manage property and equipment contained therein and used as a part of the aforesaid business.

8.

On July 23, 2020, plaintiff was assigned by his employer to perform services for the defendant at defendant's business located at 1 Leggett Drive, Social Circle, Georgia and the plaintiff was lawfully on the premises for the purpose of performing said services and as such was a business invitee. While at the business, plaintiff was injured when he was engulfed in an explosion and fire caused by an improperly maintained tank containing flammable materials on defendant's property.

9.

As a result of the explosion and fire, plaintiff suffered  physical injuries to his head, face, ears, lips, neck torso, neck, back and arms as well as mental and emotional pain and suffering.

## **COUNT 1**
## **PREMISES LIABILITY**

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

11.

Defendant owed a duty to invitees such as plaintiff to keep the premises in a safe condition.

12.

3

Prior to the subject incident, defendant was aware or should have been aware that tank containing flammable chemicals was not functioning properly, not maintained properly and needed to be repaired and/or have components replaced.

13.

Defendant was negligent in allowing plaintiff and others to have access and/or to be exposed to the unsafe instrumentalities and/or conditions and in failing to take adequate measures to protect plaintiff and others from the hazards presented by the unsafe and improperly grounded tanks.

14.

Defendant was negligent in failing to keep the premises safe for invitees such as plaintiff.

15.

Defendant's negligence was the sole and proximate cause of the malfunction resulting in the explosion and fire and plaintiff's resulting injuries.

## COUNT 2
## VICARIOUS LIABILITY

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

17.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the property and equipment and fixtures contained thereon where plaintiff was injured were employed by defendants and were acting within the scope of their employment.

18.

4

Defendant is responsible for the actions of these individuals pursuant to the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

20.

Defendant was negligent in hiring, training and supervising the individuals responsible for inspecting, cleaning and maintaining the premises, equipment, and fixtures including but not limited to the tank containing flammable chemicals which exploded causing plaintiff's injuries.

21.

Defendant was negligence in hiring, training and supervising these individuals resulted in plaintiff's injuries.

## COUNT 4
## NEGLIGENT INSPECTION, REPAIR & MAINTENANCE

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

23.

Defendant was negligent in inspecting, repairing and maintaining the premises, equipment, and fixtures, including but not limited to the tank containing flammable chemicals which exploded causing plaintiff's injuries.

24.

Defendant's negligence in inspecting, repairing and maintaining the premises, equipment, and fixtures, including but not limited to the tank containing flammable chemicals which exploded was the sole and proximate cause of plaintiff's injuries.

## COUNT 5
## DAMAGES

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

26.

As a result of defendants' conduct, plaintiff has incurred past medical expenses and will continue to incur medical expenses in the future. Plaintiff's special damages to date are as follows:

| | |
|---|---|
| Walton County EMS | $ 625.00 |
| Rocky Mountain Holdings (Air ambulance Service) | $ 52,080.76 |
| Grady Memorial Hospital | $ 15,997.79 |
| Delphine Diamond, CMA | $ 2,580.00 |
| Georgia Opthomologist | $ Forthcoming |
| Hope Neurological of Ga | $ 14,350.00 |
| Georgia Spine and Orthopaedics | $ 53,151.67 |
| Surgery Center of Roswell | $ 5,204.00 |
| American Health Imaging | $ 1,575.00 |
| Lost Wages | $ 18,240.00 |

27.

Plaintiff's injuries are ongoing and he anticipates that he will incur additional damages for future medical expenses and lost wages a result of defendant's negligence.

28.

6

As a result of defendant's conduct, plaintiff has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

WHEREFORE, plaintiff prays as follows:

(a)    For trial by jury;

(b)    That judgment be entered against the Defendants on all counts of the complaint in an amount to be determined by a jury of his peers

(c)    That all costs of this action be cast against Defendant and in favor of the Plaintiff; and,

(d)    That the Court grant such other and further relief that it deems just and proper.

Respectfully Submitted,

/s/Genet M. Hopewell
State Bar No. 493920
Attorney for Plaintiffs

Johnson Hopewell Coleman
4153 Flat Shoals Parkway
Building C, Suite 322
Decatur, Georgia 30034
(404) 289-2244
genethopewell@jhclawyers.com

/s/ Duane Jones
Duane Jones
Georgia Bar No., 399910

E. Dùane Jones
1951 Wesley Chapel Road
Decatur, Georgia 30035
(470) 222-7444
eduaneatty@gmail.com

7

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04714-S5**
7/10/2023 1:10 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

# Craig Jernigan

_____

_____

CIVIL ACTION    23-C-04714-S5
NUMBER:_____

PLAINTIFF

VS.

# Granite Packaging, LLC

c/o CT Corporation System, registered agent

289 South Culver St, Lawrenceville, GA 30046

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Genet M. Hopewell
Johnson Hopewell Coleman LLC
4153-C Flat Shoals Pkwy, Suite 322
Decatur, GA 30034

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

10th day of July, 2023

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04059-S5**
**7/22/2022 1:15 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| *CRAIG JERNIGAN* <br><br><br> Plaintiff, <br><br> v. <br><br> *GRANITE PACKAGING*, LLC; <br> ABC COMPANY, whose true name is <br> unknown to Plaintiff; <br> and JACK and JANE DOES, 1-5 <br> whose true names are unknown to Plaintiff <br><br><br> Defendant. | CIVIL ACTION   22-C-04059-S5 <br> FILE NO.: _____ |

JURY TRIAL REQUESTED

## COMPLAINT

COMES NOW CRAIG JERNIGAN, plaintiff, and makes and files this complaint against defendant Granite Packaging, LLC as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff is a single male who resides in Monroe and is subject to the jurisdiction of this court.



2.

Defendant is a domestic corporation existing under the laws of the State of Georgia with its principal place of business in Georgia and may be served through its registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, Georgia 30046. Defendant is subject to the jurisdiction of this court.

3.

Jurisdiction and venue are proper in this court.

## BACKGROUND

4.

At all times relevant to this litigation, Defendant was engaged in the business of operating a manufacturing plant which provides packaging services for automotive appearance products, personal care products, household cleaning products and detergents. Defendant operated said business at 1 Leggett Drive, Social Circle, Georgia.

5.

At all times relevant to this litigation, defendant owned, operated and controlled the premises located at 1 Leggett Drive, Social Circle, Georgia, along with the equipment, including but not limited to tanks containing flammable chemicals contained therein.

6.

At all times relevant to this litigation, defendant had responsibility to inspect, maintain, repair and manage property and equipment contained therein and used as a part of the aforesaid business.

7.

2

On July 23, 2020, plaintiff was assigned by his employer to perform services for the defendant at defendant's business located at 1 Leggett Drive, Social Circle, Georgia and the plaintiff was lawfully on the premises for the purpose of performing said services and as such was a business invitee. While at the business, plaintiff was injured when he was engulfed in an explosion and fire caused by an improperly maintained tank containing flammable materials on defendant's property.

8.

As a result of the explosion and fire, plaintiff suffered physical injuries to his head, face, ears, lips, neck torso, neck, back and arms as well as mental and emotional pain and suffering.

## COUNT 1
## PREMISES LIABILITY

9.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

10.

Defendant owed a duty to invitees such as plaintiff to keep the premises in a safe condition.

11.

Prior to the subject incident, defendant was aware or should have been aware that tank containing flammable chemicals was not functioning properly, not maintained properly and needed to be repaired and/or have components replaced.

12.

Defendant was negligent in allowing plaintiff and others to have access and/or to be exposed to the unsafe instrumentalities and/or conditions and in failing to take adequate

3

measures to protect plaintiff and others from the hazards presented by the unsafe and improperly grounded tanks.

## 13.

Defendant was negligent in failing to keep the premises safe for invitees such as plaintiff.

## 14.

Defendant's negligence was the sole and proximate cause of the malfunction resulting in the explosion and fire and plaintiff's resulting injuries.

## COUNT 2
## VICARIOUS LIABILITY

## 15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

## 16.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the property and equipment and fixtures contained thereon where plaintiff was injured were employed by defendants and were acting within the scope of their employment.

## 17.

Defendant is responsible for the actions of these individuals pursuant to the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

## 18.

4

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant was negligent in hiring, training and supervising the individuals responsible for inspecting, cleaning and maintaining the premises, equipment, and fixtures including but not limited to the tank containing flammable chemicals which exploded causing plaintiff's injuries.

20.

Defendant was negligence in hiring, training and supervising these individuals resulted in plaintiff's injuries.

## COUNT 4
## NEGLIGENT INSPECTION, REPAIR & MAINTENANCE

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendant was negligent in inspecting, repairing and maintaining the premises, equipment, and fixtures, including but not limited to the tank containing flammable chemicals which exploded causing plaintiff's injuries.

23.

Defendant's negligence in inspecting, repairing and maintaining the premises, equipment, and fixtures, including but not limited to the tank containing flammable chemicals which exploded was the sole and proximate cause of plaintiff's injuries.

## COUNT 5
## DAMAGES

### 24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

### 25.

As a result of defendants' conduct, plaintiff has incurred past medical expenses and will continue to incur medical expenses in the future. Plaintiff's special damages to date are as follows:

| | |
|---|---|
| Walton County EMS | $     625.00 |
| Rocky Mountain Holdings (Air ambulance Service) | $ 52,080.76 |
| Grady Memorial Hospital | $ 15,997.79 |
| Delphine Diamond, CMA | $   2,580.00 |
| Georgia Opthomologist | $ Forthcoming |
| Hope Neurological of Ga | $ 14,350.00 |
| Georgia Spine and Orthopaedics | $ 53,151.67 |
| Surgery Center of Roswell | $   5,204.00 |
| American Health Imaging | $   1,575.00 |
| Lost Wages | $  18,240.00 |

### 26.

Plaintiff's injuries are ongoing and he anticipates that he will incur additional damages for future medical expenses and lost wages a result of defendant's negligence.

### 27.

As a result of defendant's conduct, plaintiff has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

WHEREFORE, plaintiff prays as follows:

(a)     For trial by jury;

6

(b)   That judgment be entered against the Defendants on all counts of the complaint in

an amount to be determined by a jury of his peers

(c)   That all costs of this action be cast against Defendant and in favor

of the Plaintiff; and,

(d)   That the Court grant such other and further relief that it deems just and proper.

Respectfully Submitted,

/s/Genet M. Hopewell
State Bar No. 493920
Attorney for Plaintiffs

Johnson Hopewell Coleman
4153 Flat Shoals Parkway
Building C, Suite 322
Decatur, Georgia 30034
(404) 289-2244

7

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04059-S5**
**11/16/2022 10:44 AM**
TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

# Craig Jernigan

PLAINTIFF

CIVIL ACTION
NUMBER: **22-C-04059-S5**

VS.

# Granite Packaging, LLC et al

# c/o CT Corporation System

**289 S Culver St, Lawrenceville, GA**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Genet M. Hopewell
Johnson Hopewell Coleman, LLC
4153-C Flat Shoals Pkwy, Suite 322
Decatur, GA 30034

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

16th day of November, 2022

This _____ day of _____, 20_____.

Tiana P. Garner
Clerk of State Court

By _____

Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**CRAIG JERNIGAN,**

     **Plaintiff,**

**v.**

**GRANITE PACKAGING, LLC;**
**ABC COMPANY; and JACK and**
**JANE DOES, 1-5,**

     **Defendants.**

**CIVIL ACTION FILE**

**NO. 1:22-CV-4974-MHC**

## <u>ORDER</u>

Before the Court is Defendant Granite Packaging, LLC's unopposed

Amended Motion to Dismiss [Doc. 5].[1]

---

[1] Because Plaintiff has not responded to the pending motion, the Court deems the motion unopposed.  <u>See</u> <u>Kramer v. Gwinnett Cnty.</u>, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed"); LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").  Although Granite's motion is deemed unopposed, the Court cannot grant it without considering the motion on its merits.  <u>See</u> <u>Giummo v. Olsen</u>, 701 F. App'x 922, 925 (11th Cir. 2017) (reversing the district court's grant of unopposed motions to dismiss where the court "neither provided any reason why the plaintiffs' complaint failed to state a claim nor otherwise indicated that it had considered the sufficiency of the complaint's allegations.").


EXHIBIT
C

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2022, Plaintiff Craig Jernigan ("Jernigan") filed a Complaint in the State Court of Gwinnett County alleging that he was injured by an explosion and fire while performing services on July 23, 2020, for his employer at the business of Defendant Granite Packaging ("Granite Packaging").  Compl. [Doc. 1-1].  The state court docket shows that Granite Packaging was served on November 17, 2022.[2]  Jernigan v. Granite Packaging LLC et al, 22-c-04059 at Affidavit of Process Server (Gwinnett Cnty. State Ct. November 21, 2022).  Granite Packaging removed the Complaint to this Court on December 16, 2022.  Notice of Removal [Doc. 1].

## II.   DISCUSSION

Granite Packaging concedes that the lawsuit was filed within the statute of limitations but argues for the dismissal of Jernigan's Complaint because of the failure by Jernigan to effectuate timely service.  Am. Br. in Supp. of Mot. to

---

[2] This Court has examined the filing on the docket of the State Court of Gwinnett County and has verified this date.  See Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1076 n.9 (11th Cir. 2013) (stating that courts can take judicial notice of documents filed in a state court action); Wells Fargo Bank, NA v. Dabney, No. 1:15-CV-3714-WSD, 2016 WL 1601206 at *1, n. 3 (N.D. Ga. April 20, 2016) (stating that, because they are public records, a court may take judicial notice of a party's litigation history and state-court filings).

Dismiss [Doc. 5-1] at 1-2.

The statute of limitations for personal injury is two years under Georgia law. O.C.G.A. § 9-3-33. Jernigan was allegedly injured through Granite Packaging's tortious conduct on July 23, 2020, and filed his Complaint in the State Court of Gwinnett County on July 22, 2022, which was prior to the expiration of the statute of limitations. However, Granite Packaging was not served with process until November 17, 2022, nearly four months after the statute of limitations expired.

In a diversity action, this Court applies Georgia law to determine whether Jernigan's late service relates back to the date of original filing of the Complaint for purposes of tolling the statute of limitations. See Cambridge Mut. Fire Ins. Co. v. City of Claxton, 720 F.2d 1230, 1233 (11th Cir. 1983) ("By holding that service of process does not relate back to toll the statute of limitations unless the plaintiff has acted diligently, the Georgia courts have interpreted their commencement statute and service of process statute as integral parts of the state statute of limitations."); Montague v. Godfrey, 289 Ga. App. 552, 554 (2008) ("The mere filing of a complaint does not commence suit unless timely service is perfected as required by law.") (citation omitted). Under Georgia law, service of process must be made within five days of the receipt of the summons and complaint. O.C.G.A.

§ 9-11-4(c).  Although the "failure to make service within the five-day period will not invalidate a later service," id., Georgia law provides that where service of process is made after the expiration of the statute of limitations for a complaint filed within the statute, the service will relate back only if (1) a plaintiff has perfected service within five days of the filing of the complaint, or (2) the plaintiff has otherwise diligently attempted to perfect service.  Walker v. Bord, 225 Ga. App. 242, 243 (1997).  The burden is on the plaintiff to show that failure to perfect service within the five-day safe harbor period was not the plaintiff's fault.  Busby v. Webb, 247 Ga. App. 781, 782 (2001).

In this case, Jernigan did not serve the Complaint until his private process server effectuated service on November 17, 2022, almost four months after the expiration of the statute of limitations period.  Because Jernigan failed to perfect service within the five-day safe harbor period, he has the burden to show he exercised due diligence in attempting to serve Granite Packaging.  Busby, 247 Ga. App. at 782.  By failing to respond to Granite Packaging's Motion to Dismiss, Jernigan has failed to provide any reason for his delay and thus cannot satisfy that burden.  Id. Consequently, this case must be dismissed.  See Taylor v. Walmart Store, E., LP, No. 3:09-CV-022(CDL), 2009 WL 2145908, at *2 (M.D. Ga. July

4

15, 2009) (granting judgment on the pleadings where the plaintiff offered no evidence to explain the three-week delay in serving the complaint after the statute of limitations expired); Marker v. Wal-Mart Stores E., LP, No. 1:06-CV-2245-JTC, 2007 WL 9702698, at *3 (N.D. Ga. June 4, 2007) (granting motion to dismiss where the plaintiffs made no showing that they acted reasonably and diligently in serving process 116 days after filing the complaint and after the limitations period expired); Anderson v Hughes, 196 Ga. App. 186, 189 (1990) (granting judgment to the defendant where the plaintiff offered no explanation for the two month delay in serving the defendant outside the statute of limitations).

## III.   CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant Granite Packaging, LLC's Amended Motion to Dismiss [Doc. 5] is **GRANTED** and the original Motion to Dismiss [Doc. 4] is **DENIED AS MOOT.**

5

It is further **ORDERED** that the claims against Defendants Jack and Jane

Doe, as well as, Defendant ABC Company are also **DISMISSED**.[3]

The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 28th day of February, 2023.

MARK H. COHEN
United States District Judge

---

[3] See <u>Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court.") (citation omitted).

6

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CRAIG JERNIGAN,

                Plaintiff,

vs.

GRANITE PACKAGING, LLC, ABC
COMPANY, and JACK AND JANE
DOES, 1-5,

                Defendant.

CIVIL ACTION FILE

NO. 1:22-CV-4974-MHC

## J U D G M E N T

       This action having come before the court, Honorable Mark H. Cohen, United

States District Judge, for consideration of defendant Granite Packaging, LLC's motion to

dismiss, and the court having granted said motion, and the Court dismissing the

remaining defendants, it is

       **Ordered and Adjudged** that the action be, and the same hereby is, dismissed.

Dated at Atlanta, Georgia, this 28th day of February, 2023.

                              KEVIN P. WEIMER
                              CLERK OF COURT

               By:     s/Jill Ayers
                           Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
February 28, 2023
Kevin P. Weimer
Clerk of Court

By:   s/Jill Ayers
       Deputy Clerk

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CRAIG JERNIGAN,                             :
                                            :
        Plaintiff,                          :
                                            :        CIVIL ACTION
v.                                          :
                                            :        NO.: 23-C-04714-S5
GRANITE PACKAGING, LLC;                     :
ABC COMPANY, whose true name is             :
unknown to Plaintiff; and JACK and JANE     :
DOES, 1-5, whose true names are unknown     :
to Plaintiff,                               :
                                            :
        Defendants.                         :

## NOTICE TO COURT OF REMOVAL

PLEASE TAKE NOTICE that a Notice of Removal, a copy of which is attached hereto,

has been filed, pursuant to 28 U.S.C. § 1332, 1441, and 1446, by Granite Packaging, LLC with the

Office of the Clerk of the United States District Court for the Northern District of Georgia, Atlanta

Division.

SCRUDDER, BASS, QUILLIAN, HORLOCK,
LAZARUS & ADELE, LLP

/s/ Morgan B. Schroeder
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
Attorneys for Defendant

900 Circle 75 Parkway, Suite 850
Atlanta, GA 30339
Telephone: (770) 612-9200
gbass@scrudderbass.com
mschroeder@scrudderbass.com



1

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE TO COURT OF REMOVAL** upon all parties to this matter by depositing a true copy of same via Statutory Electronic and/or in the U.S. Mail, proper postage prepaid, properly addressed to the following:

> Genet M. Hopewell, Esq.
> Johnson Hopewell Coleman
> 4153 Flat Shoals Parkway
> Building C, Suite 322
> Decatur, GA 30034
>
> Duane Jones, Esq.
> E. Duane Jones
> 1951 Wesley Chapel Road
> Decatur, GA 30035

This ___ day of August, 2023.

*/s/ Morgan B. Schroeder*
Morgan B. Schroeder

2

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CRAIG JERNIGAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO.: 23-C-04714-S5 |
| GRANITE PACKAGING, LLC; | : | |
| ABC COMPANY, whose true name is | : | |
| unknown to Plaintiff; and JACK and JANE | : | |
| DOES, 1-5, whose true names are unknown | : | |
| to Plaintiff, | : | |
| | : | |
| Defendants. | : | |

## NOTICE TO ALL PARTIES OF FILING NOTICE OF REMOVAL

TO:   Craig Jernigan
      c/o Genet M. Hopewell, Esq.          c/o Duane Jones, Esq.
      Johnson Hopewell Coleman             E. Duane Jones
      4153 Flat Shoals Parkway             1951 Wesley Chapel Road
      Building C, Suite 322                Decatur, GA 30035
      Decatur, GA 30034

PLEASE TAKE NOTICE that a Notice of Removal, a copy of which is attached hereto,

has been filed, pursuant to 28 U.S.C. § 1332, 1441, and 1446, by Granite Packaging, LLC with the

Office of the Clerk of the United States District Court for the Northern District of Georgia, Atlanta

Division.

                                    SCRUDDER, BASS, QUILLIAN, HORLOCK,
                                    LAZARUS & ADELE, LLP

                                    /s/ Morgan B. Schroeder
                                    Glenn S. Bass
                                    Georgia Bar No. 041220
900 Circle 75 Parkway, Suite 850    Morgan B. Schroeder
Atlanta, GA 30339                   Georgia Bar No. 186218
Telephone: (770-612-9200)           Attorneys for Defendant
gbass@scrudderbass.com
mschroeder@scrudderbass.com

1

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE TO ALL PARTIES OF FILING NOTICE OF REMOVAL** upon all parties to this matter by depositing a true copy of same via Statutory Electronic and/or in the U.S. Mail, proper postage prepaid, properly addressed to the following:

> Genet M. Hopewell, Esq.
> Johnson Hopewell Coleman
> 4153 Flat Shoals Parkway
> Building C, Suite 322
> Decatur, GA 30034
>
> Duane Jones, Esq.
> E. Duane Jones
> 1951 Wesley Chapel Road
> Decatur, GA 30035

This ___ day of August, 2023.

/s/ *Morgan B. Schroeder*
Morgan B. Schroeder

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CRAIG JERNIGAN,               )
                             )
        Plaintiff,       )
                             )      CIVIL ACTION FILE NO.
v.                       )
                             )
GRANITE PACKAGING, LLC;   )
ABC COMPANY, whose true name  )     [On removal from State Court
is unknown to Plaintiff;  JACK and  )    of Gwinnett County, Civil
JANE DOES, 1-5,  whose true names )   Action File No. 23-C-04714-
are unknown to Plaintiff,     )     S5]
                             )
        Defendants.    )
—————————————————)

## <u>DECLARATION OF JOSEPH DONADO</u>

Pursuant to 28 U.S.C. § 1746, I, JOSEPH DONADO, do hereby declare as follows:

1.

My name is Joseph Donado.  I am over eighteen (18) years of age, of sound mind, and am otherwise legally competent to provide the testimony set forth herein. The testimony set forth in this declaration is based upon my own personal knowledge.



2.

I understand that this declaration is to be used in support of a Notice of Removal filed in the above-styled case by Defendant Granite Packaging, LLC, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

3.

I am employed by PLZ Corp. as Senior Counsel.  In my role at PLZ Corp., I have personal knowledge of the corporate structure and membership of Granite Packing, LLC, including its member's name and address.

4.

Granite Packaging, LLC is a limited liability company that currently has only one member:  PLZ Corp.

5.

PLZ Corp. is a corporation organized under the laws of the State of Delaware with its principal place of business in Illinois, as that is the state where the corporate officers of PLZ Corp. are located.

6.

I declare under penalty of perjury that the above is true and correct.

Executed this __9th__ day of __August__, 2023.

_____
Joseph Donado