## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CRAIG JERNIGAN,

               Plaintiff,

v.

GRANITE PACKAGING, LLC; ABC
COMPANY; and JACK and JANE
DOES, 1-5

               Defendants.

CIVIL ACTION FILE NO.

## ANSWER OF GRANITE PACKAGING, LLC[1]

COMES NOW Defendant Granite Packaging, LLC (hereinafter "this Defendant" or "Granite"), and files this its Answer to Plaintiff's Complaint showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted.

---

[1] The undersigned counsel certifies that this pleading has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(C).

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the Georgia Workers Compensation Code.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of release and waiver.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitation.

## FIFTH DEFENSE

There has been an insufficiency of process and an insufficiency in the timeliness of service of process and Plaintiff's claims should accordingly be dismissed.

## SIXTH DEFENSE

The renewal statute, O.C.G.A. § 9-2-61, is not applicable because a judicial determination in the initial action rendered it void, making a renewal attempt improper.

## SEVENTH DEFENSE

Any damages or injuries sustained by plaintiff were the result of the acts or failures to act of a person or persons or entity or entities other than this Defendant.

## EIGHTH DEFENSE

If this Defendant acted or failed to act as alleged in the Complaint, which allegations this Defendant specifically denies, there were separate and intervening acts or failures to act on the part of persons or entities other than this Defendant which were the sole proximate cause of any damages or injuries sustained by Plaintiff.

## NINTH DEFENSE

No acts or omissions by or on the part of this Defendant caused or contributed to the damages or injuries alleged in Plaintiff's Complaint.

## TENTH DEFENSE

The damages and injuries alleged were not proximately caused by the actions of this Defendant or any of this Defendant's agents or employees, and accordingly, there can be no recovery from this Defendant.

## ELEVENTH DEFENSE

Plaintiff failed to exercise ordinary care for his own safety and such failure was the sole proximate cause of any injuries sustained.

## TWELFTH DEFENSE

Plaintiff was negligent and such negligence was equal to or greater than any alleged negligence on the part of this Defendant, this Defendant specifically denying that it was negligent in any manner.

## THIRTEENTH DEFENSE

There has been a voluntary and knowing assumption of the risk of any damage or injuries alleged, the danger of which was so obvious that the act of taking such risk in and of itself amounted to failure to exercise ordinary care and diligence.

## FOURTEENTH DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault or liability, this Defendant shows that any recovery by or on behalf of Plaintiff for damages must be diminished by the percentage of the total tortious conduct attributable to any other parties and non-parties deemed to be at fault pursuant to the terms and provisions of O.C.G.A. §51-12-33.

## FIFTEENTH DEFENSE

Responding to the individual allegations of the Complaint, this Defendant answers as follows:

As to the section of the Complaint denominated "COMPLAINT":

1.

The allegations of paragraph 1 are denied.

As to the section of the Complaint denominated "PARTIES AND JURISDICTION":

2.

This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 2 and, accordingly, can neither admit nor deny same.

3.

In response to paragraph 3, this Defendant admits that it may be served through its registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, GA 30046.  This Defendant explicitly denies that it is subject to the jurisdiction of the Gwinnett County State Court based on the expiration of the applicable statute of limitation.  All remaining allegations are denied.

4.

The allegations of paragraph 4 are denied.

As to the section of the Complaint denominated "BACKGROUND":

5.

The allegations of paragraph 5 are generally admitted.

6.

The allegations of paragraph 6 are generally admitted.

7.

The allegations of paragraph 7 are denied as phrased.

8.

This Defendant does admit that Plaintiff received physical injuries.   The remaining allegations of paragraph 8 are denied as phrased.

9.

In answer to paragraph 9, Defendant admits that Plaintiff received physical injuries, however, is without information or knowledge sufficient to form a belief as to the truthfulness of the remainder of the allegations contained in paragraph 9 and, accordingly, can neither admit nor deny same.

As to the section of the Complaint denominated "COUNT 1 – PREMISES LIABILITY":

10.

In answer to paragraph 10, this Defendant repeats and realleges, where relevant, its responses stated above.

11.

Defendant can neither admit nor deny the allegations of paragraph 11 for to do so would force Defendant to state legal conclusions.

12.

The allegations of paragraph 12 are denied.

13.

The allegations of paragraph 13 are denied.

14.

The allegations of paragraph 14 are denied.

15.

The allegations of paragraph 15 are denied.

As to the section of the Complaint denominated "COUNT 2 – VICARIOUS LIABILITY":

16.

In answer to paragraph 16, this Defendant repeats and realleges, where relevant, its responses stated above.

17.

The allegations of paragraph 17 are denied as phrased.

18.

Defendant can neither admit nor deny the allegations of paragraph 18 for to do so would force Defendant to state legal conclusions.

As to the section of the Complaint denominated "COUNT 3 – NEGLIGENT HIRING, TRAINING AND SUPERVISION":

19.

In answer to paragraph 19, this Defendant repeats and realleges, where relevant, its responses stated above.

20.

The allegations of paragraph 20 are denied.

21.

The allegations of paragraph 21 are denied.

As to the section of the Complaint denominated "COUNT 4 – NEGLIGENT INSPECTION, REPAIR & MAINTENANCE":

22.

In answer to paragraph 22, this Defendant repeats and realleges, where relevant, its responses stated above.

23.

The allegations of paragraph 23 are denied.

24.

The allegations of paragraph 24 are denied.

As to the section of the Complaint denominated "COUNT 5 – DAMAGES":

25.

In answer to paragraph 25, this Defendant repeats and realleges, where relevant, its responses stated above.

26.

This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness of Plaintiff's special damages and accordingly, can neither admit nor deny same. The remaining allegations of paragraph 26 are denied as phrased.

27.

This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 27 and, accordingly, can neither admit nor deny same, however, this Defendant expressly denies all allegations of negligence.

28.

The allegations of paragraph 28 are denied as phrased.

29.

In answer to the Complaint as a whole, this Defendant denies any allegations not specifically admitted herein.

WHEREFORE, having fully responded to the Plaintiff's Complaint, this Defendant prays that its defenses be inquired into and the same be sustained, that it have judgment in its favor and against the Plaintiff, that all costs be taxed against the Plaintiff and that this Court enter such other and further relief as it deems just and proper under the circumstances.

SCRUDDER, BASS, QUILLIAN, HORLOCK
LAZARUS & ADELE LLP

*/s/ Morgan B. Schroeder*
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
Attorneys for Defendant Granite Packaging,
LLC

900 Circle 75 Parkway, Suite 850
Atlanta, Georgia  30339
Telephone:  (770) 612-9200
Facsimile:  (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date presented the foregoing **ANSWER OF DEFENDANT GRANITE PACKAGING, LLC** to the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, and further certify that on this date I have served counsel of record with same via first-class mail:

      Genet M. Hopewell, Esq.
      Johnson Hopewell Coleman
      4153 Flat Shoals Parkway
      Building C, Suite 322
      Decatur, GA 30034

      Duane Jones, Esq.
      E. Duane Jones
      1951 Wesley Chapel Road
      Decatur, GA 30035

This 10th day of August, 2023.

                              */s/ Morgan B. Schroeder*
                              Morgan B. Schroeder