## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CRAIG JERNIGAN,

        Plaintiff,

v.

GRANITE PACKAGING, LLC; ABC
COMPANY; and JACK and JANE
DOES, 1-5

        Defendants.

CIVIL ACTION FILE NO.

## BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT GRANITE PACKAGING, LLC[1]

Comes now Defendant Granite Packaging, LLC, and for its Brief in Support of its Motion to Dismiss, shows the Court as follows:

Plaintiff herein asserts claims for alleged personal injury.  Pursuant to Plaintiff's Complaint, the subject incident that allegedly caused injury occurred on July 23, 2020.  The record will reflect that the Plaintiff filed his initial Complaint[2]

---

[1] The undersigned counsel certifies that this pleading has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(C).

[2] When referring to the Plaintiff's initial Complaint or the initial suit, this Defendant is referring to Craig Jernigan v. Granite Packaging, LLC, et al., 1:22-CV-4974-MHC, United States District Court for the Northern District of Georgia, Atlanta Division.

on July 22, 2022. The statute of limitation for a personal injury claim in Georgia is two years. O.C.G.A. § 9-3-33. Plaintiff's initial Complaint was timely filed within the applicable statute of limitation, however, Defendant contended in that suit that Plaintiff's Complaint was barred due to the fact that it was not timely served, which was the subject of its Motion to Dismiss filed in the initial suit on December 19, 2022.[3] (Exhibit "A," Motion to Dismiss). In an effort to seemingly avoid dismissal of the suit pursuant to this Defendant's Motion to Dismiss, Plaintiff attempted to voluntarily dismiss the Complaint without prejudice, on January 11, 2023. (Exhibit "B," Plaintiff's Voluntary Dismissal). This Court explicitly found that such an attempt violated the Federal Rules of Civil Procedure and denied the plaintiff's attempted voluntary dismissal on February 23, 2023. (Exhibit "C," Order on Voluntary Dismissal). This Defendant's Motion to Dismiss was then granted by this Court on February 28, 2023. (Exhibit "D," Order on Motion to Dismiss). Plaintiff has now attempted to refile his Complaint on July 10, 2023, pursuant to the renewal provisions of O.C.G.A. § 9-2-61. Defendant contends that this renewed action is

---

[3] This Defendant refers to its prior Motion and Brief in Support, attached hereto as Exhibit A, for a more detailed explanation of the procedural history and this Defendant's arguments regarding the service issues.

void and should therefore be dismissed. Defendant has removed this case to this Court on diversity grounds.

A federal court in a diversity action must apply the controlling substantive law of the state. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Whether or not a suit can be initiated would be substantive law. It is well established law in Georgia that when an action is commenced in state court and removed to federal court, once dismissed, the action cannot be renewed in state court. Cox v. East Tenn. & Ga. R.R., 68 Ga. 446, 448 (1882) (a suit brought in state court and properly removed by the defendant to the federal court, and there dismissed on plaintiff's motion, cannot be renewed in a state court, within six months of such dismissal, so as to avoid the bar of the statute of limitation); Ivester v. Southern R. Co., 61 Ga. App. 364, 365 ("[former] Code § 3-808 does not apply to a suit brought in a State court, removed to the Federal court, and dismissed either voluntarily or involuntarily," holding that because the renewed action was brought more than two years after the right of action accrued, the suit was barred by the statute of limitations). Plaintiff asserts that he is filing his action as a renewal pursuant to O.C.G.A. § 9-2-61, which "was not dismissed on the merits." (Exhibit "E," Plaintiff's Renewed Complaint). The renewal statute states that where "the plaintiff discontinues or dismisses" a case, "it may be recommenced...within six months after the discontinuance or dismissal." O.C.G.A. § 9-2-61 (a). When

3

interpreting this provision, the Georgia Supreme Court has held that "the privilege of…renewal does not apply to cases decided on their merits or to void cases," and an action is void and incapable of renewal if service is never perfected or if "there has been a judicial determination that dismissal is authorized." King v. Wal-Mart Stores, 250 Ga. App. 103, 104 (2001), citing to Hobbs v. Arthur, 264 Ga. 359 (1994).

The present case is almost identical to the King case.  There, a plaintiff filed her complaint within two days of the two-year statute of limitation expiring, however, she failed to serve the proper registered agent, instead serving Wal-Mart's prior agent.  King, 250 Ga. App. at 103.  Almost a year after the complaint was filed, Wal-Mart moved to dismiss.  Id.  Shortly thereafter, plaintiff achieved service on the proper agent.  Id.  The trial court found that service was effected only after the statute of limitation had run, well after the five-day grace period, and plaintiff failed to meet her burden showing that due diligence was exercised to obtain service, and so dismissed the complaint.  Id.  Within six months, the plaintiff filed another action, alleging virtually the same claims and asserting that the complaint was made pursuant to O.C.G.A. § 9-2-61.  Id.  Wal-Mart again moved to dismiss, asserting that the renewal statute did not apply because the initial suit had been dismissed by the trial court and thus the new action was void.  Id.  The trial court agreed, and dismissed the complaint.  Id.  The plaintiff appealed, arguing that the dismissal of

4

the original action was improper because it was "voidable," not "void," and thus subject to renewal. Id.

The Court of Appeals relied on Tate v. Coastal Utils., 247 Ga. App. 738 (2001) to affirm the dismissal of King's complaint. In Tate, a federal court dismissed the plaintiffs' original lawsuit because it determined that the plaintiffs had failed to diligently serve the defendants after the applicable limitation period had expired. Tate, 247 Ga. App. at 738-39. The plaintiffs attempted to file a renewal, but the trial court and Court of Appeals held that "the renewal statute was not applicable, even though the dismissal was purportedly without prejudice, because there had been a judicial determination that the plaintiffs failed to show diligence in serving the complaint." Id. at 739-40. The King court likewise determined that because there was a judicial determination that the plaintiff had not acted diligently in perfecting service, the original action was void. King, 250 Ga. App. at 104.

This Court has previously found that Plaintiff had the burden to show that he exercised due diligence when attempting to serve Granite Packaging, and by failing to respond to this Defendant's Motion to Dismiss, Plaintiff failed to provide any reason for the delay and thus cannot satisfy his burden. (Ex. D, pg. 4). This was a judicial determination as contemplated by Tate and King, and rendered the initial action void. Accordingly, the renewal statute does not apply, and Plaintiff's attempt

5

to renew this action is not proper.  Defendant Granite Packaging, LLC respectfully

requests that its motion be granted and that this matter be dismissed.

SCRUDDER, BASS, QUILLIAN, HORLOCK
LAZARUS & ADELE, LLP


*/s/ Morgan B. Schroeder*
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
*Attorneys for Defendant Granite*
*Packaging, LLC*

900 Circle 75 Parkway, Suite 850
Atlanta, Georgia  30339
Telephone:  (770) 612-9200
Fax:  (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date presented the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT GRANITE PACKAGING, LLC** to the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, and further certify that on this date I have served counsel of record with same via first-class mail:

>        Genet M. Hopewell, Esq.
>        Johnson Hopewell Coleman
>        4153 Flat Shoals Parkway
>        Building C, Suite 322
>        Decatur, GA 30034
>
>        Duane Jones, Esq.
>        E. Duane Jones
>        1951 Wesley Chapel Road
>        Decatur, GA 30035

This *10th* day of August, 2023.

>                              */s/ Morgan B. Schroeder*
>                              Morgan B. Schroeder

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CRAIG JERNIGAN,

          Plaintiff,

v.

GRANITE PACKAGING, LLC; ABC
COMPANY; and JACK and JANE
DOES, 1-5

          Defendants.

CIVIL ACTION FILE NO.
1:22-cv-04974-MHC

## AMENDED MOTION TO DISMISS OF DEFENDANT

## GRANITE PACKAGING, LLC[1]

Comes now Defendant Granite Packaging, LLC, and, pursuant to F.R.C.P. 12(b), O.C.G.A. § 9-3-33 and O.C.G.A. § 9-11-4(c), hereby files its Motion to Dismiss. Defendant's Motion is based on the expiration of the applicable statute of limitation and Plaintiff's failure to timely perfect service of Defendant with due diligence. In support of its Motion, Defendant refers the Court to its Brief in Support, the authority cited therein and the entire record of this matter.

---

[1] The undersigned counsel certifies that this pleading has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(C).

EXHIBIT
A

SCRUDDER, BASS, QUILLIAN, HORLOCK
LAZARUS & ADELE, LLP

/s/ Glenn S. Bass
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
*Attorneys for Defendant Granite
Packaging, LLC*

900 Circle 75 Parkway, Suite 850
Atlanta, Georgia  30339
Telephone:  (770) 612-9200
Fax:  (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date presented the foregoing **AMENDED MOTION TO DISMISS OF DEFENDANT GRANITE PACKAGING** to the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, and further certify that on this date I have served counsel of record with same via first-class mail:

> Genet M. Hopewell, Esq.
> Johnson Hopewell Coleman
> 4153 Flat Shoals Parkway
> Building C, Suite 322
> Decatur, GA 30034

This 20th day of December, 2022.

> */s/ Glenn S. Bass*
> Glenn S. Bass

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CRAIG JERNIGAN,

        Plaintiff,

v.

GRANITE PACKAGING, LLC; ABC
COMPANY; and JACK and JANE
DOES, 1-5

        Defendants.

CIVIL ACTION FILE NO.
1:22-cv-04974-MHC

## AMENDED BRIEF IN SUPPORT OF MOTION TO DISMISS[1]

Comes now Defendant Granite Packaging, LLC, and for its Brief in Support

of its Motion to Dismiss, shows the Court as follows:

Plaintiff herein asserts claims for alleged personal injury. Pursuant to

Plaintiff's Complaint, the subject incident that allegedly caused injury occurred on

July 23, 2020. The record will reflect that the Plaintiff's Complaint was filed on

July 22, 2022. The statute of limitation for a personal injury claim in Georgia is

two years. O.C.G.A. § 9-3-33. Accordingly, Plaintiff's Complaint was timely filed

within the applicable statute of limitation, however, Defendant contends that

---

[1] The undersigned counsel certifies that this pleading has been typed in Times
New Roman 14-point font in accordance with Local Rule 5.1(C).

Plaintiff's Complaint is barred due to the fact that it was not timely served. Defendant has removed this case to this Court on diversity grounds.

A federal court in a diversity action must apply the controlling substantive law of the state. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). The Supreme Court has held that state statutes of limitation are substantive laws, and so must be followed by federal courts in diversity actions. Guaranty Trust Co. v. York, 326 U.S. 99 (1945). Accordingly, Georgia law would control whether a plaintiff's late service relates back to the date that the suit was originally filed for purposes of the statute of limitation. Webster v. Western Express, Inc., 2007 U.S. Dist. LEXIS 70011, *13-14 (M.D. Ga. 2007). The applicable Georgia law requires that when service of a complaint is made, it shall be made within five days from the time of receipt of the summons and complaint. O.C.G.A. § 9-11-4(c). Georgia case law is clear that if service is made within five days it relates back to the date of filing. In order to toll the statute of limitation after the timely filing of a complaint, a plaintiff must show that he acted in a reasonable and diligent manner in attempting to effectuate proper service. Patterson v. Johnson, 226 Ga. App. 396 (1997). Also see Georgia Farm Bureau v. Kilgore, 265 Ga. 836 (1995) and Giles v. State Farm, 330 Ga. App. 314 (2014). That is particularly relevant to a matter that is filed within the statute of limitation, but served after the expiration of the statute. That is

2

the situation here. The complaint was filed on July 22, 2022, one day prior to the expiration of the statute of limitation. The record will reflect however that this Defendant was not served with the summons and complaint until November 17, 2022, well outside of the applicable statute of limitation and well beyond the five-day grace period provided in O.C.G.A. § 9-11-4(c). The return of service was not filed with the Court until November 21, 2022. (See State Court of Gwinnett docket and Return of Service attached as Exhibit "A"). In this situation, the law is clear that the relation back of service to the date of filing is dependent upon the diligence exercised in perfecting service. "Where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within O.C.G.A. § 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." Moody v. Gilliam, 281 Ga. App. 819 (2006); Cantin v. Justice, 224 Ga. App. 195 (1997). The plaintiff must act with the greatest possible diligence to serve the defendant and have such service relate back to the filing of the complaint or risk dismissal of the case. Kelley v. Lymon, 279 Ga. App. 849 (2006).

Defendant in this case maintained a registered agent in Gwinnett County. (See Exhibit "B", registered agent information). Not only did Defendant retain a

3

registered agent in the county where this suit was filed, the agent was CT Corporation System, an entity that is well known as a registered agent service and one that is set up to accept service of process for business entities. Based on the return of service filed in this case on November 21, 2022, it appears that the Plaintiff retained the services of a private process server. It is unclear when the summons and complaint were provided to the process server in this case but, under the circumstances presented here, there is absolutely no excuse for service being made outside of the five-day grace period and certainly no excuse for service being delayed for 4 months - especially if Plaintiff intended to use a private process server rather than the sheriff. With a private process server, this matter literally could have been served the day after it was filed and certainly should have been filed within five days of filing. Under the circumstances, Defendant contends that, had Plaintiff exercised due diligence, there is no reason for the summons and complaint not to have been served on the Defendant within five days. Use of any diligence at all would have certainly caused this summons and complaint to have been served sooner than four months post filing. Due diligence was not exercised in this case, service was untimely and the Plaintiff's claims should be considered barred by the applicable statute of limitation.

Defendant Granite Packaging, LLC respectfully requests that its motion be considered and granted and that this matter be dismissed.

> SCRUDDER, BASS, QUILLIAN, HORLOCK
> LAZARUS & ADELE, LLP
>
> /s/ Glenn S. Bass
> Glenn S. Bass
> Georgia Bar No. 041220
> Morgan B. Schroeder
> Georgia Bar No. 186218
> *Attorneys for Defendant Granite Packaging, LLC*

900 Circle 75 Parkway, Suite 850
Atlanta, Georgia  30339
Telephone:  (770) 612-9200
Fax:  (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date presented the foregoing **AMENDED BRIEF IN SUPPORT OF MOTION TO DISMISS** to the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, and further certify that on this date I have served counsel of record with same via first-class mail:

> Genet M. Hopewell, Esq.
> Johnson Hopewell Coleman
> 4153 Flat Shoals Parkway
> Building C, Suite 322
> Decatur, GA 30034

This 20th day of December, 2022.

> /s/ Glenn S. Bass
> Glenn S. Bass

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CRAIG JERNIGAN, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. |
| GRANITE PACKAGING, LLC; ABC COMPANY; and JACK and JANE DOES, 1-5 | 1:22-cv-04974-MHC |
| Defendants. | |

### VOLUNTARY DISMISSAL WITHOUT PREJUDICE

COMES NOW Plaintiff in the above-styled action and hereby dismisses voluntarily this action without prejudice.

This 11th day of January, 2023.

Respectfully Submitted,

/s/Genet M. Hopewell
Georgia Bar No.: 493920

Johnson Hopewell Coleman, LLC
4153-C Flat Shoals Pkwy, Suite 322
Decatur, Georgia 30034
(404) 289-2244 – p
(404) 289-2888 - f
genethopewell@jhclawerys.com

1


EXHIBIT
B

## CERTIFICATE OF SERVICE

This is to certify that I have this date presented the foregoing **DISMISSAL** to

the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, and

further certify that on this date I have served counsel of record with same via first-class mail:

> Genet M. Hopewell, Esq. Johnson
> Hopewell Coleman 4153 Flat
> Shoals Parkway Building C,
> Suite 322 Decatur, GA 30034

This 11th day of January, 2023.

*/s/Genet M. Hopewell*

Genet M. Hopewell

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CRAIG JERNIGAN,

     Plaintiff,

v.

GRANITE PACKAGING, LLC;
ABC COMPANY; and JACK and
JANE DOES, 1-5,

     Defendant.

CIVIL ACTION FILE

NO. 1:22-CV-4974-MHC

## <u>ORDER</u>

Before the Court is a Notice of Voluntary Dismissal Without Prejudice filed by Plaintiff in an attempt to dismiss this action. [Doc. 7.] However, Rule 41(a)(1)(A)(i) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). Defendant Granite Packaging filed its Answer to Plaintiff's Complaint on December 19, 2022 [Doc. 3]. Therefore, this action cannot be dismissed under Rule 41(a)(1)(A)(i).

Once a defendant has filed an answer, the action may be dismissed without a court order only by filing "a stipulation of dismissal signed by all parties who have



appeared." FED. R. CIV. P. 41(a)(1)(A)(ii).  Otherwise, the dismissal must be

made pursuant to court order on terms that the court deems appropriate.  FED. R.

CIV. P. 41(a)(2).

Consequently, it is hereby **ORDERED** that Plaintiff's attempted voluntary

dismissal under Rule 41(a)(1)(A)(i) [Doc. 7] is **DENIED**.

**IT IS SO ORDERED** this 23rd day of February, 2023.

MARK H. COHEN
United States District Judge

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**CRAIG JERNIGAN,**

     **Plaintiff,**

**v.**

**CIVIL ACTION FILE**

**NO. 1:22-CV-4974-MHC**

**GRANITE PACKAGING, LLC;**
**ABC COMPANY; and JACK and**
**JANE DOES, 1-5,**

     **Defendants.**

## <u>ORDER</u>

Before the Court is Defendant Granite Packaging, LLC's unopposed

Amended Motion to Dismiss [Doc. 5].[1]

---

[1] Because Plaintiff has not responded to the pending motion, the Court deems the motion unopposed.  See Kramer v. Gwinnett Cnty., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed"); LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").  Although Granite's motion is deemed unopposed, the Court cannot grant it without considering the motion on its merits.  See Giummo v. Olsen, 701 F. App'x 922, 925 (11th Cir. 2017) (reversing the district court's grant of unopposed motions to dismiss where the court "neither provided any reason why the plaintiffs' complaint failed to state a claim nor otherwise indicated that it had considered the sufficiency of the complaint's allegations.").



## I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2022, Plaintiff Craig Jernigan ("Jernigan") filed a Complaint in

the State Court of Gwinnett County alleging that he was injured by an explosion

and fire while performing services on July 23, 2020, for his employer at the

business of Defendant Granite Packaging ("Granite Packaging").  Compl. [Doc. 1-

1].  The state court docket shows that Granite Packaging was served on November

17, 2022.[2]  Jernigan v. Granite Packaging LLC et al, 22-c-04059 at Affidavit of

Process Server (Gwinnett Cnty. State Ct. November 21, 2022).  Granite Packaging

removed the Complaint to this Court on December 16, 2022.  Notice of Removal

[Doc. 1].

## II.    DISCUSSION

Granite Packaging concedes that the lawsuit was filed within the statute of

limitations but argues for the dismissal of Jernigan's Complaint because of the

failure by Jernigan to effectuate timely service.  Am. Br. in Supp. of Mot. to

---

[2] This Court has examined the filing on the docket of the State Court of Gwinnett
County and has verified this date.  See Lozman v. City of Riviera Beach, Fla., 713
F.3d 1066, 1076 n.9 (11th Cir. 2013) (stating that courts can take judicial notice of
documents filed in a state court action); Wells Fargo Bank, NA v. Dabney, No.
1:15-CV-3714-WSD, 2016 WL 1601206 at *1, n. 3 (N.D. Ga. April 20,
2016) (stating that, because they are public records, a court may
take judicial notice of a party's litigation history and state-court filings).

Dismiss [Doc. 5-1] at 1-2.

The statute of limitations for personal injury is two years under Georgia law. O.C.G.A. § 9-3-33. Jernigan was allegedly injured through Granite Packaging's tortious conduct on July 23, 2020, and filed his Complaint in the State Court of Gwinnett County on July 22, 2022, which was prior to the expiration of the statute of limitations. However, Granite Packaging was not served with process until November 17, 2022, nearly four months after the statute of limitations expired.

In a diversity action, this Court applies Georgia law to determine whether Jernigan's late service relates back to the date of original filing of the Complaint for purposes of tolling the statute of limitations. See Cambridge Mut. Fire Ins. Co. v. City of Claxton, 720 F.2d 1230, 1233 (11th Cir. 1983) ("By holding that service of process does not relate back to toll the statute of limitations unless the plaintiff has acted diligently, the Georgia courts have interpreted their commencement statute and service of process statute as integral parts of the state statute of limitations."); Montague v. Godfrey, 289 Ga. App. 552, 554 (2008) ("The mere filing of a complaint does not commence suit unless timely service is perfected as required by law.") (citation omitted). Under Georgia law, service of process must be made within five days of the receipt of the summons and complaint. O.C.G.A.

3

§ 9-11-4(c).  Although the "failure to make service within the five-day period will not invalidate a later service," id., Georgia law provides that where service of process is made after the expiration of the statute of limitations for a complaint filed within the statute, the service will relate back only if (1) a plaintiff has perfected service within five days of the filing of the complaint, or (2) the plaintiff has otherwise diligently attempted to perfect service.  Walker v. Bord, 225 Ga. App. 242, 243 (1997).  The burden is on the plaintiff to show that failure to perfect service within the five-day safe harbor period was not the plaintiff's fault.  Busby v. Webb, 247 Ga. App. 781, 782 (2001).

In this case, Jernigan did not serve the Complaint until his private process server effectuated service on November 17, 2022, almost four months after the expiration of the statute of limitations period.  Because Jernigan failed to perfect service within the five-day safe harbor period, he has the burden to show he exercised due diligence in attempting to serve Granite Packaging.  Busby, 247 Ga. App. at 782.  By failing to respond to Granite Packaging's Motion to Dismiss, Jernigan has failed to provide any reason for his delay and thus cannot satisfy that burden.  Id. Consequently, this case must be dismissed.  See Taylor v. Walmart Store, E., LP, No. 3:09-CV-022(CDL), 2009 WL 2145908, at *2 (M.D. Ga. July

4

15, 2009) (granting judgment on the pleadings where the plaintiff offered no evidence to explain the three-week delay in serving the complaint after the statute of limitations expired); Marker v. Wal-Mart Stores E., LP, No. 1:06-CV-2245-JTC, 2007 WL 9702698, at *3 (N.D. Ga. June 4, 2007) (granting motion to dismiss where the plaintiffs made no showing that they acted reasonably and diligently in serving process 116 days after filing the complaint and after the limitations period expired); Anderson v Hughes, 196 Ga. App. 186, 189 (1990) (granting judgment to the defendant where the plaintiff offered no explanation for the two month delay in serving the defendant outside the statute of limitations).

## III.   CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant Granite Packaging, LLC's Amended Motion to Dismiss [Doc. 5] is **GRANTED** and the original Motion to Dismiss [Doc. 4] is **DENIED AS MOOT**.

It is further **ORDERED** that the claims against Defendants Jack and Jane

Doe, as well as, Defendant ABC Company are also **DISMISSED**.[3]

The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 28th day of February, 2023.

_____

MARK H. COHEN
United States District Judge

---

[3] See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court.") (citation omitted).

6

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04714-S5**
**7/10/2023 1:10 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| *CRAIG JERNIGAN*<br><br>                    Plaintiff,<br><br>.v.<br><br>*GRANITE PACKAGING*, LLC;<br>ABC COMPANY, whose true name is<br>unknown to Plaintiff;<br>and JACK and JANE DOES, 1-5<br>whose true names are unknown to Plaintiff<br><br>                    Defendant. | CIVIL ACTION  23-C-04714-S5<br>FILE NO.: _____ |

                                                    JURY TRIAL REQUESTED

## COMPLAINT

COMES NOW CRAIG JERNIGAN, plaintiff, and makes and files this complaint against defendant Granite Packaging, LLC as follows:

1.

This is a renewal action pursuant to O.C.G.A. 9-2-61. The underlying action was a valid suit, and was not dismissed on the merits. This suit is based upon the same cause of action, and is filed within six months of the dismissal of the original suit.

## PARTIES AND JURISDICTION



2.

Plaintiff is a single male who resides in Monroe and is subject to the jurisdiction of this court.

3.

Defendant is a domestic corporation existing under the laws of the State of Georgia with its principal place of business in Georgia and may be served through its registered agent CT Corporation System at 289 South Culver Street, Lawrenceville, Georgia 30046. Defendant is subject to the jurisdiction of this court.

4.

Jurisdiction and venue are proper in this court.

**BACKGROUND**

5.

At all times relevant to this litigation, Defendant was engaged in the business of operating a manufacturing plant which provides packaging services for automotive appearance products, personal care products, household cleaning products and detergents. Defendant operated said business at 1 Leggett Drive, Social Circle, Georgia.

6.

At all times relevant to this litigation, defendant owned, operated and controlled the premises located at 1 Leggett Drive, Social Circle, Georgia, along with the equipment, including but not limited to tanks containing flammable chemicals contained therein.

2

7.

At all times relevant to this litigation, defendant had responsibility to inspect, maintain, repair and manage property and equipment contained therein and used as a part of the aforesaid business.

8.

On July 23, 2020, plaintiff was assigned by his employer to perform services for the defendant at defendant's business located at 1 Leggett Drive, Social Circle, Georgia and the plaintiff was lawfully on the premises for the purpose of performing said services and as such was a business invitee. While at the business, plaintiff was injured when he was engulfed in an explosion and fire caused by an improperly maintained tank containing flammable materials on defendant's property.

9.

As a result of the explosion and fire, plaintiff suffered  physical injuries to his head, face, ears, lips, neck torso, neck, back and arms as well as mental and emotional pain and suffering.

## COUNT 1
## PREMISES LIABILITY

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

11.

Defendant owed a duty to invitees such as plaintiff to keep the premises in a safe condition.

12.

3

Prior to the subject incident, defendant was aware or should have been aware that tank containing flammable chemicals was not functioning properly, not maintained properly and needed to be repaired and/or have components replaced.

13.

Defendant was negligent in allowing plaintiff and others to have access and/or to be exposed to the unsafe instrumentalities and/or conditions and in failing to take adequate measures to protect plaintiff and others from the hazards presented by the unsafe and improperly grounded tanks.

14.

Defendant was negligent in failing to keep the premises safe for invitees such as plaintiff.

15.

Defendant's negligence was the sole and proximate cause of the malfunction resulting in the explosion and fire and plaintiff's resulting injuries.

## COUNT 2
## VICARIOUS LIABILITY

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

17.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the property and equipment and fixtures contained thereon where plaintiff was injured were employed by defendants and were acting within the scope of their employment.

18.

4

Defendant is responsible for the actions of these individuals pursuant to the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3

## NEGLIGENT HIRING, TRAINING AND SUPERVISION

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

20.

Defendant was negligent in hiring, training and supervising the individuals responsible for inspecting, cleaning and maintaining the premises, equipment, and fixtures including but not limited to the tank containing flammable chemicals which exploded causing plaintiff's injuries.

21.

Defendant was negligence in hiring, training and supervising these individuals resulted in plaintiff's injuries.

## COUNT 4

## NEGLIGENT INSPECTION, REPAIR & MAINTENANCE

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

23.

Defendant was negligent in inspecting, repairing and maintaining the premises, equipment, and fixtures, including but not limited to the tank containing flammable chemicals which exploded causing plaintiff's injuries.

24.

Defendant's negligence in inspecting, repairing and maintaining the premises, equipment, and fixtures, including but not limited to the tank containing flammable chemicals which exploded was the sole and proximate cause of plaintiff's injuries.

## COUNT 5
## DAMAGES

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

26.

As a result of defendants' conduct, plaintiff has incurred past medical expenses and will continue to incur medical expenses in the future. Plaintiff's special damages to date are as follows:

Walton County EMS.................................................................. $      625.00
Rocky Mountain Holdings (Air ambulance Service)........ ........................... $ 52,080.76
Grady Memorial Hospital........... ...... ............ ................................$ 15,997.79
Delphine Diamond, CMA............................................................$    2,580.00
Georgia Opthomologist.............................................................$ Forthcoming
Hope Neurological of Ga..........................................................  $ 14,350.00
Georgia Spine and Orthopaedics.................................................. $ 53,151.67
Surgery Center of Roswell........................................................  $   5,204.00
American Health Imaging............... .......... ... ...............................  $    1,575.00

Lost Wages ................... ... ......... ...........................................$   18,240.00

27.

Plaintiff's injuries are ongoing and he anticipates that he will incur additional damages for future medical expenses and lost wages a result of defendant's negligence.

28.

6

As a result of defendant's conduct, plaintiff has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

WHEREFORE, plaintiff prays as follows:

    (a)    For trial by jury;

    (b)    That judgment be entered against the Defendants on all counts of the complaint in

           an amount to be determined by a jury of his peers

    (c)    That all costs of this action be cast against Defendant and in favor

           of the Plaintiff; and,

    (d)    That the Court grant such other and further relief that it deems just and proper.

Respectfully Submitted,

/s/Genet M. Hopewell
State Bar No. 493920
Attorney for Plaintiffs

Johnson Hopewell Coleman
4153 Flat Shoals Parkway
Building C, Suite 322
Decatur, Georgia 30034
(404) 289-2244
genethopewell@jhclawyers.com

/s/ Duane Jones
Duane Jones
Georgia Bar No., 399910

E. Duane Jones
1951 Wesley Chapel Road
Decatur, Georgia 30035
(470) 222-7444
eduaneatty@gmail.com

7

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04714-S5**
**7/10/2023 1:10 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Craig Jernigan**

|   |   |
|---|---|
| | CIVIL ACTION |
| | NUMBER: 23-C-04714-S5 |

PLAINTIFF

VS.

**Granite Packaging, LLC**

c/o CT Corporation System, registered agent

289 South Culver St, Lawrenceville, GA 30046

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Genet M. Hopewell
Johnson Hopewell Coleman LLC
4153-C Flat Shoals Pkwy, Suite 322
Decatur, GA 30034

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

10th day of July, 2023

Tiana P. Garner
Clerk of State Court

By_____
        Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011