IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re DMCA Subpoena to Getty Images Holdings, Inc. d/b/a Getty Images | Case No. _____ |

## [PROPOSED] ORDER

This action is before the Court on the "Motion for Clerk's Issuance of Subpoena to Getty Images Holdings, Inc. Pursuant to 17 U.S.C. § 512(h)" [1] ("Motion") filed by Movant Nucleus Medical Media, Inc. ("Nucleus" or "Movant"). Nucleus requests the Clerk of this Court, pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h), to issue a subpoena for documents and information to Getty Images Holdings, Inc. d/b/a Getty Images ("Getty Images"), identifying the user or users responsible for posting allegedly infringing works identified in Nucleus's DMCA takedown notice dated July 24, 2023. See Ex. A to proposed Subpoena [1-2].

Section 512(h) of the DMCA permits aSection 512(h) of the DMCA permits a copyright owner, or a person authorized to act on the owner's behalf, to "request the clerk of any United States district court to issue a subpoena to a service

provider for identification of an alleged infringer." 17 U.S.C. § 512(h)(1). A request for issuance of a subpoena must include:

(ii)    a copy of a notification described in subsection (c)(3)(A);

(ii)    a proposed subpoena; and

(iii)   a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

17 U.S.C. § 512(h)(2)(A)-(C).

Section 512(c)(3)(A) requires that the notification include "substantially" the following information:

(i)     A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

(ii)    Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.

(iii)   Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.

(iv)    Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.

(v)     A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

>    (vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

17 U.S.C. § 512(c)(3)(A).

"If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider." 17 U.S.C. § 512(h)(4); *see also In re Subpoena issued to Birch Commc'ns, Inc.*, No. 1:14-CV-3904-WSD, 2015 WL 2091735, at *3 (N.D. Ga. May 5, 2015).

In this case, it appears that the notification from Nucleus satisfies all these requirements. See Mot., Ex. A to proposed Subpoena. Accordingly, the Motion [1] is GRANTED. The Clerk of Court is DIRECTED to issue the Subpoena [1-1] with Exhibit A [1-2], attached to Nucleus's Motion [1], enter it on the docket via ECF, and return it to Nucleus so that it may serve it on Getty.

IT IS SO ORDERED this _____ day of August 2023

_____