*Richard Avery v. The Kroger Co. et al.*
*State Court of Cobb County, State of Georgia*
*Civil Action File Number:  23-A-2677*


*Richard Avery v. The Kroger Co. et al.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:23-mi-99999)*


# EXHIBIT A:  PETITION FOR REMOVAL


## ALL PLEADINGS, PROCESS, AND ORDERS SERVED UPON DEFENDANT THE KROGER CO. IN THE STATE COURT OF COBB COUNTY, STATE OF GEORGIA

ID# E-K2ARWRZG-Y2Y
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2677**

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of _Cobb_ _____ County

| **For Clerk Use Only** | JUN 16, 2023 11:50 AM |
|---|---|
| Date Filed _06-16-2023_ <br> MM-DD-YYYY | Case Number _23-A-2677_ <br> Robin C. Bishop *(signature)* <br> Robin C. Bishop, Clerk of State Cou <br> Cobb County, Georgi |

### Plaintiff(s)
Avery, Richard

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

### Defendant(s)
The Kroger Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Kroger | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Doe, John | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** McDonald, Joseph Allen   **Bar Number** 194043   **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

| General Civil Cases | Domestic Relations Cases |
|---|---|
| ☐ Automobile Tort | ☐ Adoption |
| ☐ Civil Appeal | ☐ Contempt |
| ☐ Contract | ☐ Non-payment of child support, medical support, or alimony |
| ☐ Contempt/Modification/Other Post-Judgment | ☐ Dissolution/Divorce/Separate Maintenance/Alimony |
| ☐ Garnishment | ☐ Family Violence Petition |
| ☐ General Tort | ☐ Modification |
| ☐ Habeas Corpus | ☐ Custody/Parenting Time/Visitation |
| ☐ Injunction/Mandamus/Other Writ | ☐ Paternity/Legitimation |
| ☐ Landlord/Tenant | ☐ Support – IV-D |
| ☐ Medical Malpractice Tort | ☐ Support – Private (non-IV-D) |
| ☐ Product Liability Tort | ☐ Other Domestic Relations |
| ☐ Real Property | |
| ☐ Restraining Petition | |
| ☑ Other General Civil | |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number       Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-K2ARWRZG-XWL
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2677**

**JUN 16, 2023 11:50 AM**

Robin C. Bishop, Clerk of State Cou
Cobb County, Georgi

CIVIL ACTION NUMBER   23-A-2677

$198.00 COST PAID

Avery, Richard
_____
**PLAINTIFF**

**VS.**

The Kroger Company
Kroger
Doe, John
_____
**DEFENDANTS**

**SUMMONS**

TO: DOE, JOHN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Joseph Allen McDonald
> **ALEXANDER SHUNNARAH INJURY ATTORNEYS**
> **600 Peachtree St. NE suite 3710**
> **Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 16th day of June, 2023.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

ID# E-K2ARWRZG-TRW
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2677**

JUN 16, 2023 11:50 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Cou
Cobb County, Georgi

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>23-A-2677</u>

$198.00 COST PAID

Avery, Richard

_____

**PLAINTIFF**
                                              **VS.**

The Kroger Company
Kroger
Doe, John

_____

**DEFENDANTS**

### SUMMONS

TO: KROGER

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Joseph Allen McDonald
> **ALEXANDER SHUNNARAH INJURY ATTORNEYS**
> **600 Peachtree St. NE suite 3710**
> **Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 16th day of June, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-K2ARWRZG-WQQ
📧 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2677**

JUN 16, 2023 11:50 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Cou
Cobb County, Georgi

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   23-A-2677

$198.00 COST PAID

Avery, Richard

**PLAINTIFF**

**VS.**

The Kroger Company
Kroger
Doe, John

**DEFENDANTS**

### SUMMONS

TO: THE KROGER COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Joseph Allen McDonald**
**ALEXANDER SHUNNARAH INJURY ATTORNEYS**
**600 Peachtree St. NE suite 3710**
**Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 16th day of June, 2023.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

ID# E-K2ARWRZG-2JZ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2677**

JUN 16, 2023 11:50 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| RICHARD AVERY, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION FILE NO. |
| THE KROGER CO., | * | |
| KROGER, AND JOHN DOE, | * | |
| Defendants. | * | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, RICHARD AVERY, hereinafter referred to as "Plaintiff", by and through his undersigned counsel, and files this complaint, showing the court as follows:

## **PARTIES, VENUE AND JURISDICTION**

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant THE KROGER CO. is a foreign corporation registered to do business and doing business in the state of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant through its registered agent: CSC of Cobb County, Inc at 192 Anderson Street SE, Ste 125, Marietta, GA 30060.

3.

Defendant KROGER is a domestic corporation registered to do business and doing business in the state of Georgia is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant at 3030 Headland Drive SW, Atlanta, GA 30311.

4.

Defendant, JOHN DOE, is the unknown and unidentified store supervisor who may be partially responsible for Plaintiff's injuries. Service of process may be perfected upon this Defendant at 3030 Headland Drive SW, Atlanta, GA 30311.

5.

Defendants are subject to the jurisdiction of this Court.

6.

This Court has jurisdiction over the subject matter of this action.

7.

Venue is proper in this Court.

## BACKGROUND

8.

On or about June 23, 2021, Plaintiff was an invitee at the Defendant's Corporation, Kroger, located at 3030 Headland Drive SW, Atlanta, GA 30311.

9.

Defendants had ownership, possession and control over the facility at all times relevant to this litigation.

10.

Plaintiff was walking down the produce section, in an area permitted to patrons of the facility, when he slipped and fell on an unattended plastic bag.

11.

Plaintiff slipped and fell on a plastic bag.

- 2 -

12.

There were no cones or other warnings in the area indicating potentially hazardous conditions.

13.

As a result of Plaintiff's fall, he suffered injuries including to his back and shoulder.

14.

Plaintiff suffered severe pain and suffering as a result of the fall.

15.

Plaintiff incurred medical expenses for treatment of his injuries in the amount of at least $13,506.75.

16.

Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatment and future pain and suffering, past and future wage loss, the exact amount to be proven at trial.

## **COUNT I**

### **NEGLIGENT MAINTENANCE OF PREMISES**

17.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

18.

Defendants had actual or constructive knowledge of the plastic bag creating a hazardous condition for patrons of Defendants' store, including Plaintiff.

19.

Plaintiff had no knowledge of the hazard left on the floor, despite Plaintiff's exercise of ordinary care.

20.

Defendants' knowledge of the hazardous condition of the premises was superior to that of Plaintiff.

21.

Defendants owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

22.

Defendants were negligent in failing to properly inspect the area where the fall occurred, in failing to prevent the hazard from the employee, in failing to take adequate measures to protect invitees from hazards and other objects on the premises and in failing to keep the premises safe for invitees.

23.

Defendants were negligent in failing to warn Plaintiff of the hazardous condition of the premises.

24.

Defendants' negligence was the proximate cause of Plaintiff's injuries.

## COUNT II

## VICARIOUS LIABILITY

25.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

26.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff fell were employed by Defendant and were acting within the scope of their employment.

27.

Defendant The Kroger Co., is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, vicarious liability, agency or apparent agency.

## COUNT III

## NEGLIGENT TRAINING & SUPERVISION

28.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

29.

Defendants were negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

30.

Defendant Kroger was negligent in training and supervising its staff.

31.

As a result of Defendants' negligence in training and supervising its employees, Plaintiff was injured on the premises.

## COUNT IV

## UNLIQUIDATED DAMAGES ACT

32.

Plaintiff re-alleges and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

33.

Defendants have acted in bad faith, has been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-15-14, and O.C.G.A. § 33-4-6.

34.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred damages including but not limited to medical expenses for treatment of his injuries, pain, emotional distress and general inconvenience.

35.

By engaging in the above-described conduct, Defendants acted in an intentional, malicious, fraudulent, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of this Defendant is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish Defendants for the misconduct and to deter Defendants from engaging in such aggravating conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

36.

WHEREFORE, Plaintiff prays for judgment against Defendants in the following particulars:

a)   Plaintiff be awarded general damages to fully compensate him for his pain and suffering, wage loss, and other human losses in an amount to be determined at trial;

b)   Plaintiff be awarded special damages in an amount of at least $13,506.75 the exact amount to be proven at trial to fully compensate him for his medical bills;

c)   Plaintiff be awarded special damages in the exact amount to proven at trial to fully compensate him for his past and future pain and suffering;

- 7 -

d)   Plaintiff be awarded special damages of attorney fees as Defendant has acted in bad faith, under O.C.G.A. § 9-15-14 as well as O.C.G.A. § 33-4-6;

e)   Plaintiff be granted a jury panel of twelve (12) from which to select a jury of six pursuant to O.C.G.A § 15-12-122;

f)   Process be issued requiring the Defendant to answer according to law;

g)   Plaintiff be granted such further and other relief as is just and proper

Respectfully submitted this 16th day of June, 2023.

Alexander Shunnarah Trial Attorneys,

A. McDonald
Georgia Bar # 194043
Attorney for Plaintiff

Alexander Shunnarah Trail Attorneys
600 Peachtree Street, N.E,
Suite 3710,
Atlanta, GA 30308
Phone: (470)-579-6087
Fax: (844)-270-3729
amcdoanld@asilpc.com

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

RICHARD AVERY,

     Plaintiff,

v.

THE KROGER CO., KROGER, and JOHN
DOE,

     Defendants.

CIVIL ACTION FILE NO.
23-A-2677

---

### DEFENDANT THE KROGER CO.'S MOTION TO DISMISS

---

**COMES NOW** Defendant The Kroger Co. ("Kroger"), by and through undersigned counsel, and hereby files this Motion to Dismiss pursuant to O.C.G.A. §§ 9-11-12(b)(2) and 9-11-12(b)(5) with included citations to the record and to legal authority, respectfully showing this Court as follows:

1.

This is a personal injury action arising from an alleged slip-and-fall accident, which allegedly occurred on June 23, 2021, at the Kroger store located at 3030 Headland Drive S.W., Atlanta, Georgia 30311.

2.

Plaintiff Richard Avery ("Avery") filed his Complaint with the Clerk of State Court of Cobb County on June 16, 2023.

3.

The Clerk of the State Court of Cobb County issued summons and filed the same on June 16, 2023.

4.

The relevant two-year statute of limitation expired on June 23, 2023.

5.

As of the date of this Motion, the docket contains no affidavit or other proof of service evidencing perfection of personal service upon The Kroger Co. prior to the filing of this Motion.

6.

Plaintiff did not perfect service at least until July 11, 2023, which was eighteen (18) days after the statute of limitation expired on June 23, 2023.

7.

"Where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within O.C.G.A. § 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." Giles v. State Farm Mut. Ins. Co., 330 Ga. App. 314, 318 (2014).

8.

"The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9–11–4(c) ... requires that service of a complaint shall be made within five days of the filing of the

complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation." <u>Corley v. Gilley</u>, 205 Ga. App. 660, 661, 423 S.E.2d 55, 56 (1992)

9.

There is no record evidence to show Plaintiff served The Kroger Co. within five days of the filing of the complaint.

10.

There is no record evidence to show Plaintiff served The Kroger Co. within the limitation period.

11.

There is no record evidence to show service was "made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible."

12.

The Kroger Co. is a company registered with the State of Georgia and its registered agent for service of process in Georgia is posted on the Secretary of State's website.  Furthermore, Plaintiff's complaint shows that Plaintiff knew where and how to perfect service on The Kroger Co.  (Complaint, para. 2.)

13.

Despite obtaining an issued summons directed to The Kroger Co. and knowing the identity

and location of The Kroger Co.'s registered agent, Plaintiff did not serve Kroger with the Summons

and Complaint "as quickly as possible."

14.

For these reasons, The Kroger Co. respectfully requests the Court to dismiss the instant

action against it with prejudice.

Respectfully submitted, this the 10th day of August, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**                   /s/ Jeffrey M. Wasick
950 East Paces Ferry Road, N.E.                 Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta           Georgia Bar No.  515323
Atlanta, Georgia 30326                          Jeffrey M. Wasick
Telephone:     (404) 870-7444                   Georgia Bar No.  778423
Facsimile:     (404) 870-1072                   *Attorneys for Defendant The Kroger Co.*

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the DEFENDANT THE KROGER

CO.'S MOTION TO DISMISS with the Clerk of Court using the Court's electronic filing system,

which will automatically send electronic notifications to all counsel of record as follows:

A.J. McDonald, Esq.
Alexander Shunnarah Trial Attorneys
600 Peachtree St NE
Ste 3710
Atlanta, GA 30308

Respectfully submitted, this the 10th day of August, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**            */s/ Jeffrey M. Wasick*
950 East Paces Ferry Road, N.E.        Matthew G. Moffett
Suite 1700 – Salesforce Tower Atlanta  Georgia Bar No.  515323
Atlanta, Georgia 30326                 Jeffrey M. Wasick
Telephone:     (404) 870-7444          Georgia Bar No.  778423
Facsimile:     (404) 870-1072          *Attorneys for Defendant The Kroger Co.*

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

RICHARD AVERY,

      Plaintiff,

v.

THE KROGER CO., KROGER, and JOHN
DOE,

      Defendants.

Civil Action File No.:

23-A-2677

JURY TRIAL DEMANDED

---

**DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINITFF'S
COMPLAINT FOR DAMAGES**

---

COMES NOW The Kroger Co., named as a defendant in the *Complaint* of Plaintiff
RICHARD AVERY (hereinafter referred to as "Plaintiff") in the above-styled civil action, by
and through undersigned counsel, and files this, its *Answer and Defenses* thereto, further
showing this honorable Court as follows:

**<u>FIRST DEFENSE</u>**

For a first defense, Defendant The Kroger Co. ("Defendant") responds to the enumerated
paragraphs of Plaintiff's *Complaint for Damages* filed on June 16, 2023 as follows:

1.

Upon information and belief, admitted.

2.

Defendant admits it is a foreign (Ohio) corporation registered to do business and doing
business in the state of Georgia. Defendant admits that Cobb County is a proper venue for this
civil action.  Defendant admits that its registered agent is listed correctly. Defendant denies that

it is subject to the personal jurisdiction of this Court in this action and denies that it has been properly served.

3.

Defendant The Kroger Co. denies the averments alleged in this paragraph of Plaintiff's complaint.

4.

Defendant The Kroger Co. denies the averments alleged in this paragraph of Plaintiff's complaint.

5.

Defendant The Kroger Co. denies the averments alleged in this paragraph of Plaintiff's complaint.

6.

Defendant admits that this Court has jurisdiction of the subject matter of this civil action.

7.

Defendant admits that Cobb County is a proper venue for this action.

8.

In response to the averments alleged in this Paragraph 8 of Plaintiff's *Complaint*, Defendant states that it understands that on June 23, 2021 Plaintiff Richard Avery reportedly was present at the Kroger store located at 3030 Headland Drive SW, Atlanta, GA 30311.

9.

The Kroger Co. owned and operated the Kroger store located at 3030 Headland Drive SW at the time of the subject accident.  Defendant denies those averments alleged in this paragraph which it has not expressly admitted.

10.

Defendant is without knowledge or information to either admit or deny the averments alleged in this paragraph; Defendant admits that Mr. Avery reported falling in the Produce Department on June 23, 2021. Defendant denies all allegations in this Paragraph of Plaintiff's *Complaint* which it has not expressly admitted.

11.

Defendant is without knowledge or information to either admit or deny the averments alleged in this paragraph; Defendant admits that Mr. Avery reported falling in the Produce Department on June 23, 2021. Defendant denies all allegations in this Paragraph of Plaintiff's *Complaint* which it has not expressly admitted.

12.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied as written, and strict proof thereof is hereby demanded.

13.

Defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this Paragraph of Plaintiff's *Complaint*, which therefore stand as denied by operation of law.

14.

Defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this Paragraph of Plaintiff's *Complaint*, which therefore stand as denied by operation of law.

15.

Defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this Paragraph of Plaintiff's *Complaint*, which therefore stand as denied by operation of law.

16.

Defendant is without knowledge or information sufficient to either admit or deny the allegations set forth in this Paragraph of Plaintiff's *Complaint*, which therefore stand as denied by operation of law.

## COUNT I
## ALLEGED NEGLIGENT MAINTENANCE OF PREMISES

17.

For a response to this paragraph of Plaintiff's *Complaint*, Defendant denies the averments set forth therein and restates its responses from the preceding paragraphs above as if fully restated.

18.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied, and strict proof thereof is hereby demanded.

19.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied, and strict proof thereof is hereby demanded.

20.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied, and strict proof thereof is hereby demanded.

21.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied as written, and strict proof thereof is hereby demanded.  By way of a further response, Defendant admits it was subject to all applicable legal duties, as was Plaintiff.

22.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied, and strict proof thereof is hereby demanded.

23.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied, and strict proof thereof is hereby demanded.

24.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied, and strict proof thereof is hereby demanded.

## COUNT II
## ALLEGED VICARIOUS LIABILITY

### 25.

For a response to this paragraph of Plaintiff's *Complaint*, Defendant denies the averments set forth therein and restates its responses from the preceding paragraphs above as if fully restated.

### 26.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied as written, and strict proof thereof is hereby demanded.  By way of a further response, Defendant admits it was subject to all applicable legal duties, as was Plaintiff.

### 27.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied as written, and strict proof thereof is hereby demanded.  By way of a further response, Defendant admits it was subject to all applicable legal duties, as was Plaintiff.

## COUNT III
## ALLEGED NEGLIGENT TRAINING & SUPERVISION

### 28.

For a response to this paragraph of Plaintiff's *Complaint*, Defendant denies the averments set forth therein and restates its responses from the preceding paragraphs above as if fully restated.

### 29.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied, and strict proof thereof is hereby demanded.

30.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied, and strict proof thereof is hereby demanded.

31.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied, and strict proof thereof is hereby demanded.

COUNT IV
UNLIQUIDATED DAMAGES ACT

32.

For a response to this paragraph of Plaintiff's *Complaint*, Defendant denies the averments set forth therein and restates its responses from the preceding paragraphs above as if fully restated.

33.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied, and strict proof thereof is hereby demanded.

34.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied, and strict proof thereof is hereby demanded.

35.

The averments alleged in this paragraph of Plaintiff's *Complaint* are denied, and strict proof thereof is hereby demanded.

36.

For a response to any averments alleged in the "WHEREFORE" paragraph following Paragraph 35 of Plaintiff's *Complaint*, Defendant denies same as written and demands strict proof thereof.

37.

Any averment contained in Plaintiff's *Complaint* which has not been expressly admitted by Defendant in this, its *Answer and Defenses*, is hereby denied and strict proof thereof is hereby demanded.

## SECOND DEFENSE

Subject to investigation and discovery, Defendant asserts the defenses of contributory and comparative negligence which may bar Plaintiff from recovery or said defenses shall apply such that any recovery awarded him must be reduced in proportion to his negligence with respect to the alleged incident at issue as determined by the fact-finder.

## THIRD DEFENSE

No action or omission on the part of Defendant proximately caused the alleged injuries and damages of Plaintiff, and therefore Plaintiff cannot recover from any defendant.

## FOURTH DEFENSE

The act(s) or omission(s) of persons or entities other than Defendant was/were the intervening and/or superseding and proximate cause of Plaintiff's alleged injuries, therefore Plaintiff may not recover from Defendant in any sum or manner whatsoever.

## FIFTH DEFENSE

Subject to investigation and discovery, Defendant asserts the defense of failure to mitigate damages.

## SIXTH DEFENSE

For a sixth defense, Kroger states that Plaintiff's *Complaint* fails to set forth a valid claim for recovery based upon theories of vicarious liability, negligent training, or negligent supervision, and those averments pertaining to same should be stricken from the pleading and those claims dismissed.

## SEVENTH DEFENSE

For a seventh defense, Kroger asserts the defenses of improper joinder and misjoinder.

## EIGHTH DEFENSE

Kroger asserts Rule 12 defenses of lack of jurisdiction over the person of Defendant, insufficiency of process, and insufficiency of service of process.

## NINTH DEFENSE

Defendant asserts the defense of laches.

## TENTH DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action for attorney's fees and costs upon which relief can be granted against Defendant and should be dismissed accordingly. Defendant has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense.

## ELEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages, and there is no basis in law or fact for the imposition of punitive damages against Defendant.

## TWELFTH DEFENSE

Plaintiff's knowledge of the alleged hazard was equal to or superior to that of any defendant, therefore Plaintiff cannot recover.

## THIRTEENTH DEFENSE

Defendant reserves the right to assert any and all additional defenses that arise during the course of this litigation; and further reserve the right to amend this Answer to assert such defenses.

Pending further investigation and discovery, Defendant The Kroger Co. reserves the right to assert all defenses available under law.

WHEREFORE, Defendant The Kroger Co. prays:

(a)     That judgment is rendered in favor of The Kroger Co. and against Plaintiff;

(b)     That The Kroger Co. be discharged with all costs cast against Plaintiff;

(c)     That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and,

(d)     For such other and further relief as is just and proper.

Respectfully submitted, this the 10th day of August, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**                    */s/ Jeffrey M. Wasick*
950 East Paces Ferry Road NE                    Matthew G. Moffett
Suite 1700                                      Georgia Bar No.:  515323
Atlanta, Georgia 30326                          Jeffrey M. Wasick
Telephone:     (404) 870-7444                   Georgia Bar No.: 778423

Facsimile:      (404) 870-1072                    *Attorneys for Defendant The Kroger Co.*
E-mail:          mmoffett@grsmb.com
                 jwasick@grsmb.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing DEFENDANT THE

KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR

DAMAGES using PeachCourt's electronic filing-and-service system, which will send electronic

notification to all parties having appeared of record in this action:

AJ McDonald, Esq.
Alexander Shunnarah Trial Attorneys
600 Peachtree St NE
Ste 3710
Atlanta, GA 30308

Respectfully submitted, this the 10th day of August, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | _/s/ Jeffrey M. Wasick_ |
| 950 East Paces Ferry Road NE | Matthew G. Moffett |
| Suite 1700 | Georgia Bar No.:  515323 |
| Atlanta, Georgia 30326 | Jeffrey M. Wasick |
| Telephone:      (404) 870-7444 | Georgia Bar No.: 778423 |
| Facsimile:      (404) 870-1072 | _Attorneys for Defendant The Kroger Co._ |
| E-mail:         mmoffett@grsmb.com | |
|                jwasick@grsmb.com | |

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RICHARD AVERY, | Civil Action File No.: |
| Plaintiff, | |
| | 23-A-2677 |
| v. | |
| THE KROGER CO., KROGER, and JOHN DOE | JURY TRIAL DEMANDED |
| Defendants. | |

### DEFENDANT THE KROGER CO.'S JURY DEMAND

COMES NOW Defendant The Kroger Co. The Kroger Co. (hereinafter "Defendant" or "Kroger"), in the *Complaint for Damages* of Plaintiff Richard Avery ("Plaintiff"), by and through undersigned counsel, pursuant to O.C.G.A. § 15-12-122(a)(2), and hereby demands that this case be tried by a jury of twelve persons.

Respectfully submitted, this the 10th day of August, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road NE
Suite 1700
Atlanta, Georgia 30326
Telephone:     (404) 870-7444
Facsimile:     (404) 870-1072
E-mail: mmoffett@grsmb.com
jwasick@grsmb.com

*/s/ Jeffrey M. Wasick*
Matthew G. Moffett
Georgia Bar No.:  515323
Jeffrey M. Wasick
Georgia Bar No.: 778423
*Attorneys for Defendant The Kroger Co.*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date, the undersigned served a true and correct copy of the foregoing pleading with the Clerk of Court using the PeachCourt's e-filing system and served all parties of record via electronic service to:

AJ McDonald, Esq.
Alexander Shunnarah Trial Attorneys
600 Peachtree Street, N.E.,
Suite 3710
Atlanta, GA 30308

Respectfully submitted, this the 10th day of August, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**          <u>*/s/ Jeffrey M. Wasick*</u>
950 East Paces Ferry Road NE          Matthew G. Moffett
Suite 1700                            Georgia Bar No.:  515323
Atlanta, Georgia 30326                Jeffrey M. Wasick
Telephone:    (404) 870-7444          Georgia Bar No.: 778423
Facsimile:    (404) 870-1072          *Attorneys for Defendant The Kroger Co.*
E-mail:mmoffett@grsmb.com
jwasick@grsmb.com