*Richard Avery v. The Kroger Co. et al.*
*State Court of Cobb County, State of Georgia*
*Civil Action File Number:  23-A-2677*

*Richard Avery v. The Kroger Co. et al.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal # 1:23-mi-99999)*

# EXHIBIT B:  PETITION FOR REMOVAL

## PLAINTIFF'S DEMAND LETTER


## Alexander Shunnarah
TRIAL ATTORNEYS

April 18, 2023

**CERTIFIED MAIL**
The Kroger Co.
CSC of Cobb County, INC.
192 Anderson Street, NE
Suite 125
Marietta, GA 30060

Kroger
Attn: Legal Department
3030 Headland Drive SW
Atlanta, GA 30311

Sedgwick Claims Management, Inc.
Claims Dept: Claims Team
Po Box 14731
Lexington, KY 40512-4731

|  |  |  |
|---|---|---|
| RE: | Your Insured: | Kroger |
|  | My Client: | Richard Avery |
|  | D.O.L.: | June 23, 2021 |

Dear Sir/Madame,

As you know, our firm has been retained to represent Mr. Richard Avery regarding personal injuries he sustained in the accident cited above. This settlement package is a formal demand to pay our client's claim. All enclosed materials are submitted solely for the purpose of compromise and settlement negotiation and are not in any way statements against interest.

## FACTS OF THE CASE

On June 23, 2021, Mr. Richard Avery was an invitee at Kroger located at 3030 Headland Drive SW, Atlanta, GA 30311. He was pushing a shopping cart down the produce section, when he suddenly slipped and fell on a plastic bag left on the floor.

## DISCUSSION OF LIABILITY

Liability on the part of your insured, Kroger, in this case is clear.

## INJURIES AND DAMAGES OF HERBERT ASKEW

As a result of the fall, Richard felt immediate pain and went straight to the emergency room at Grady Hospital.



**Alexander Shunnarah**
TRIAL ATTORNEYS

As you can see from the records, Richard was suffering with severe hip pain and a contusion of his left hip.

After being proscribed hydrocodone-acetaminophen, Richard was discharged and advised to follow up for further care if pain persisted.

Unfortunately, Richard's pain did not resolve as hoped. In fact, as time passed, the pain and soreness intensified. Despite the desire not to incur medical bills, he could no longer stand the pain and sought therapy with AICA Orthopedics. As you can see, therapy was required for the diagnosis of: Radiculopathy in lumbar region; Sprain of ligaments of lumbar spine; Strain of muscle/tendon in the rotator cuff of left shoulder; Strain of muscle/tendon in the rotator cuff of the right shoulder; Strain of muscle, fascia, and tendon of left hip; Strain of muscle, fascia, and tendon of lower back; Sprain of left hip; Traumatic rupture of lumber intervertebral disc; Sprain of left shoulder joint; Sprain of right shoulder joint; Low back pain; Muscle spasm.

Richard received imaging of his Lumbar Spine and Left shoulder. They showed the following:

Lumbar Spine:
- Decreased disc height is seen at L4-L5, L5-Sacrum.
- Subluxation is seen at L2, L3.
- Osteoarthritic changes are visualized at L4, L5, Sacrum.
- Broad-based central herniation at L3-4.
- Bilateral facet disease at L5-S1.

Left Shoulder:
- Osteoarthritic changes are visualized at the AC Joint.
- Supraspinatus insertion tendinitis/strain.
- Biceps tenosynovitis.
- Subacromial bursitis.

Richard's treatment concluded on 11/15/2021.

### CURRENT ESTIMATED DAMAGES

| | |
|---|---|
| Grady Hospital | $3,476.00 |
| AICA Orthopedics | $10,030.75 |
| **Total Estimated Known Medical Expenses** | **$13,506.75** |



# Alexander Shunnarah
**TRIAL ATTORNEYS**

## THE HUMAN COST

### PHYSICAL PAIN AND SUFFERING

In addition to the damages quantified above, Richard suffered non-economic damages and remains in physical pain since the fall. He continues to experience shoulder pain, hip pain, and difficulty sleeping because of the pain.

As a result of the incident, Richard was forced to undergo approximately One Hundred and Forty-Six (146) days of treatment relating to the injuries he sustained in this incident. The value of pain and suffering is determined by the enlightened conscience of a jury. *Ray v. Stinson, eJ al* 172 Ga. App 718 (1984); *Redd et al, v. Peters,* 100 Ga. App 316 (1959). It would not be unreasonable for a jury to award $100.00 a day for pain and suffering for a total of **$14,600.00** (146 days x $100.00 a day).

### EMOTIONAL PAIN & SUFFERING

The emotional pain and suffering associated with these circumstances are far greater than any physical pain and suffering. It is understandable how injured victims become consumed with thoughts of sadness and helplessness because of these types of falls, safety, medical bills, physical pain, scars, and their ability to return to normal. Pain, suffering, and emotional distress are the greatest losses to an injured person. An injured person suffers not only from the physical injuries, but also from the uncertainty as to when or whether they will fully recover.

Pain, suffering, and emotional distress are greater losses than the costs of the medical treatment required to alleviate the pain. An injured person will not pay more for medical treatment than the expected benefit of medically reducing the pain, suffering and emotional distress. In some cases, even where the medical expenses are relatively low, the injured person may nevertheless suffer enormous physical, psychological, emotional and mental pain and suffering. As noted above, the value of pain and suffering is determined by the enlightened conscience of a jury. *Ray,* 172 Ga. App 718 (1984). We place a conservative value of **$14,600.00** (146 days x $100.00 a day) on Richard's emotional pain and suffering.

### FUTURE PAIN & SUFFERING

In addition, as a direct result of the injuries received in this incident, Richard will suffer from a meaningful loss of his future enjoyment of life. Once this case is settled, my client will no longer be able to look to your insured for any future disabilities or medical expenses. Our client only has one opportunity to settle for the full value of his injuries. As part of this offer of settlement, our client is entitled to compensation for future medical expenses.



## TOTAL DAMAGES

| | |
|---|---|
| Known Medical Expenses | $13,506.75 |
| Physical Pain and Suffering | $14,600.00 |
| Emotional Pain and Suffering | $14,600.00 |
| Future Pain and Suffering | $20,000.00 |
| **KNOWN TOTAL** | **$62,706.75** |

## DEMAND

As indicated by the included medical records, my client experienced pain and soreness for months after the accident. Considering all that is noted above, **I am demanding Five Hundred Thousand Dollars($500,000.00).**

In exchange for payment of the above demand, we will provide – on behalf of my client above – a limited liability release of all bodily claims against your insured driver referenced above. Please accept the instant correspondence as our client's demand for settlement and compromise in a good faith effort to resolve this matter pursuant to the principles codified in O.C.G.A. § 9-11-67. This is an attempt to present the facts with a view towards amicable settlement of this claim prior to filing a lawsuit. Please be advised that the Georgia Supreme Court has ruled that an insurance company can be found to have acted negligently or in bad faith by rejecting a reasonable offer to settle where liability and damages are clear. *See* Southern Ins. Co. v. Holt, 262 Ga. 267, 416 S.E.2d 274 (1992). We are prepared to take such a position should our negotiations fail.

Thank you for taking the time to read this letter. I look forward to hearing back from you. As always, please contact me if you have any questions.

Sincerely,

AJ McDonald, Esq.
Email: amcdonald@asilpc.com
Phone: (470) 579-6087
Fax: (844) 270-3729

4-24-2023          4A21063F7FF0001          6020230424029930