IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROMEO SAMUEL, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL ACTION FILE NO. |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR DAMAGES

COMES NOW ROMEO SAMUEL, Plaintiff in the above-styed case, and show this Court the following:

PRELIMINARY STATEMENT

Plaintiff, ROMEO SAMUEL, brings this Complaint against Defendant, UNITED STATES OF AMERICA, pursuant to 28 U.S.C.A. § 2674 to redress injuries and damages suffered by Plaintiff in that Defendant's agent, servant and employee did negligently operate a motor vehicle and which negligence did directly and proximately cause severe bodily injury and property damage.

JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. § 1331 because Plaintiffs' claims pursuant to the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 1346 & 2671-80. The FTCA also confers jurisdiction. 28 U.S.C. § 1346(b)(1).

2.

Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim all transpired in the Northern District of Georgia, and pursuant to 28 U.S.C. § 1346(b)(1) because this is a civil action against the United States for loss of property and personal injury arising out of conduct of a United States employee.

3.

Plaintiff ROMEO SAMUEL is a resident of Cobb County, Georgia and resides at 2025 Barrett Lakes Blvd, #6306, Kennesaw, Georgia 31030.

4.

At all times relevant to this Complaint, the United States Postal Service is an independent agency of Defendant's executive branch. "Pursuant to the Postal Reorganization Act, the [FTCA] applies to 'tort claims arising out of [Postal Service] activities.' 39 U. S. C. §409(c)." *Dolan v. Postal Service*, 546 U.S. 481 (2006)

5.

At all times relevant to this Complaint, Keisha Marie Tyson was an agent,

servant and employee of the United States Postal Service.

6.

Defendant may be served with this Complaint and summons through the U.S. Attorney for the Northern District of Georgia, by Attention: Honorable Ryan K. Buchanan, U.S. Attorney's Office, Richard B. Russell Building, 75 Ted Turner Drive, SW, Suite 600, Atlanta, Georgia 30303, by registered or certified mail pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

7.

The Attorney General of the United States may be served with this Complaint and summons through the Attorney General of the United States, Department of Justice, Room 5111, 10th & Constitution Avenue, NW, Washington, D.C. 20530, by registered or certified mail pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

8.

Plaintiff Romeo Samuel provided the timely notice required by 28 U.S.C. § 2401(b) by mailing a properly executed Standard Form 95. (See "Claim Injury Form," attached hereto and incorporated herein as "Exhibit 1.")

9.

The Standard Form 95 was received on January 30, 2023. (See the

acknowledgment of receipt attached hereto and incorporated herein as "Exhibit 2.")

10.

Plaintiff has not received a reply from Defendant within six (6) months from this mailing, which Plaintiffs deem as a denial of his claim by Defendant, as permitted by 28 U.S.C. § 2675(a).

11.

Plaintiff is timely filing this complaint within six (6) months of this effective denial.

12.

On September 20, 2021, Plaintiff, driving his 2013 Acura RDX, was stopped in the far right lane on the Interstate 285 west bound access road at the intersection with Northside Drive in Sandy Springs Georgia.

13.

At that same time and place, Keisha Marie Tyson, driving a United States Postal Service vehicle, negligently rear-ended Plaintiff's vehicle.

14.

Defendant, by and through Keisha Marie Tyson, was negligent in the following particulars including, but not limited to:

1. Following too closely;

2. Failing to keep a proper lookout; and,

3. Defendant was otherwise negligent.

15.

As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries including, but not limited to Femoroacetabular osteoarthritis, anterior hip pain and tenderness to palpation.

16.

As a further direct and proximate result of Defendant's negligence, Plaintiff has incurred medical expenses in an amount, the exact nature and amounts of which are incapable of precise ascertainment at this time, but which are estimated to be approximately Two Thousand and no/100 Dollars ($2,000.00) and which shall be fully and finally determined at the trial of this case.

17.

As a further direct and proximate result of the negligence of the Defendant, Plaintiff, suffered and continues to suffer bodily harm, mental anguish and distress, physical pain, and was prevented from engaging in activities commonly and usually enjoyed by persons of his age and station in life, all to his damage, the exact nature and amount of which are incapable of precise ascertainment at this time, but which shall be fully and finally determined at the trial of this case.

19.

As a further direct and proximate result of the negligence of the Defendant, Plaintiff sustained damage to his 2013 Acura RDX in the amount of Three Thousand Five Hundred Sixteen and 58/100 Dollars ($3,516.58).

WHEREFORE, Plaintiffs pray:

1. That summons and process issue as required by law;

2. That Plaintiff have judgment against Defendant for special and general damages related to his personal injuries in an amount no more than $25,000.00.

3. That Plaintiff have judgment against Defendant for damage to his property in the amount $3,516.58.

4. That Plaintiffs have trial by jury; and

5. That Plaintiffs have such other and further relief as this Court deems just and proper

Respectfully submitted this 10th day of August, 2023.

ALDERMAN & HUTCHERSON, LLC

/s/ Samuel G. Alderman, III
Samuel G. Alderman, III.
Georgia Bar No. 008240

487 Cherry Street, Suite 250
Macon, Georgia 31201
(478) 476-8998
(413) 669-8537 (facsimile)
sgaiii@bellsouth.net

Attorney for Plaintiff