IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FLOORCOVERINGS INTERNATIONAL, LTD., | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action File No.: |
| v. | ) ) | _____ |
| CHAD FOSTER, | ) ) ) | |
| Defendant. | ) ) | |

# COMPLAINT

## PARTIES

1. Floorcoverings International, Ltd. ("FCI") is a Georgia corporation with its principal place of business located in Gwinnett County, Georgia, located at 5390 Triangle Parkway, Suite 125, Norcross, Georgia 30092 ("FCI's Headquarters").

2. Chad Foster ("Foster") is an individual and resident of Texas, and upon information and belief resides at 180 Chisholm Ridge Drive, Rockwall, Texas 75032.

3. At all times referred to herein, FCI has engaged in business as the national franchisor of Floorcoverings International franchises, which offer soft and

hard flooring products to certain customers. As of December 31, 2022, there were 215 Floorcoverings International franchisees operating in the United States.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §1332(a) in that the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest.

5. Venue for this action is predicated upon 28 U.S.C. §1391(b) as FCI resides and does business in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

6. Jurisdiction and venue are proper in this judicial district pursuant to the mandatory forum and venue selection clause contained in Article XII(D) of the parties' Franchise Agreement (defined below).

7. Further, Defendant received valuable and continuing services emanating from FCI's Headquarters in Georgia, including, but not limited to, training, assistance, and support throughout his relationship with FCI.

8. Defendant routinely interacted, corresponded, and communicated with individuals at FCI's Headquarters over the course of his relationship with FCI.

9. Defendant received daily, weekly, and monthly reporting from FCI's Headquarters.

10. Defendant paid franchise fees directly to FCI Headquarters throughout his relationship with FCI.

11. For those reasons, Defendant is subject to personal jurisdiction in Georgia pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, Sections 1-3.

## BACKGROUND

### The Floor Coverings International System

12. FCI is the international franchisor of Floor Coverings International businesses (each, a "Franchised Business") and has offered franchises in the mobile retail floorcovering business since February 1998.

13. FCI owns the mark "Floor Coverings International," which was registered on June 19, 2001, on the Principal Register of the United States Patent and Trademark Office ("USPTO") at Registration No. 2,461,349. FCI also owns the marks "Floor Coverings International/The Flooring Store at Your Door" and "FCI" which are registered on the USPTO's Principal Register of Trademarks at Nos. 2,635,911 and 2,449,016 respectively (collectively, the "Marks").

14. FCI franchisees are licensed to use the Marks to operate under FCI's business system pursuant to the terms and conditions of a FCI franchise agreement.

15.     FCI franchisees are also licensed to use FCI's proprietary business system, policies, procedures and standards and specifications, all of which are disclosed to FCI franchisees in confidence.

## The Franchise Agreement

16.     On March 30, 2021, FCI and Foster entered into a franchise agreement (the "Franchise Agreement") pursuant to which Foster was granted the right and undertook the obligation to operate a "Floor Coverings International" franchise (the "Franchised Business") in certain zip codes in Texas, as more fully set forth in the Franchise Agreement (the "Territory").  A true and correct copy of the Franchise Agreement is attached as Exhibit "A."

17.     Pursuant to Article II of the Franchise Agreement, the term of the Franchise Agreement was ten years (the "Term").

18.     Pursuant to Article III(B)(1), Foster was required to pay a continuing royalty fee in an amount equal to five percent of Gross Sales (as defined in the Franchise Agreement) or a minimum of $1,250 per month in his first calendar year of operation, $2,083 in the second calendar year of operation, or $2,917 per month for each month thereafter, whichever is greater (the "Continuing Royalty").

19.     In addition, pursuant to Article III(C), Foster agreed to pay FCI a brand fund contribution equal to three percent of Gross Sales.

20. Pursuant to Article III(E) of the Franchise Agreement, Foster agreed to pay FCI interest at the rate of 1.5 percent per month or the maximum rate allowed by law, whichever is less, on all pay due amounts due to FCI under the Franchise Agreement.

21. Under Article III(E) of the Franchise Agreement, Foster agreed to pay all monies due FCI by the 9th day of the month in which it is due.

22. Foster was required under Article III(G) of the Franchise Agreement to make all payments to FCI by electronic bank transfer and to maintain a bank account and balance in such account sufficient to allow the appropriate amount to be debited for payments due FCI.

23. Pursuant to Article XI of the Franchise Agreement, Foster agreed to indemnify and hold FCI harmless against, and to reimburse FCI for, all damages arising from Foster's operation of the Franchised Business.

24. In addition. Article XII(G) of the Franchise Agreement provides that in the event of any judicial proceeding to enforce any term of the Franchise Agreement, the prevailing party is entitled to recover its costs and reasonable attorneys' fees incurred with such proceeding.

<u>Foster's Default and the Termination of The Franchise Agreement</u>

25. Foster failed to make required payments to FCI.

26. When FCI attempted to debit the Franchised Business' bank account, such attempts were rejected on account of insufficient funds.

27. On June 23, 2023, FCI issued Foster a notice of default arising from the failure to timely pay FCI monies due and the non-sufficient funds (the "Notice of Default and Opportunity to Cure"). A true and correct copy of the Notice of Default and Opportunity to Cure is attached as Exhibit "B."

28. Pursuant to Article IX(C) of the Franchise Agreement, and the Notice of Default and Opportunity to Cure, Foster was to cure the default within 15 days.

29. As a result of Foster's failure to cure the default, on July 25, 2023, FCI terminated the Franchise Agreement. A true and correct copy of the Notice of Termination is attached as Exhibit "C."

### FCI'S DAMAGES AS A RESULT OF FOSTER'S BREACHES

30. At the time the Franchise Agreement was terminated, the required minimum monthly Continuing royalty payment was $ $2,917 per month through the balance of the Term.

31. As a direct and proximate result of Foster's breach of the Franchise Agreement, FCI has been damaged in the amount in excess of $280,000, which represents the past-due balance Foster owed FCI on the Termination Date and the future minimum monthly Continuing Royalty payments due under the Franchise

Agreement from the Termination Date through the remainder of the term of the Franchise Agreement.

32. FCI made demand on Foster for payment of the pat-due balance and future minimum monthly Continuing Royalty payments due under the Franchise Agreement, but Foster failed, and refused, to pay FCI such sums as due under the Franchise Agreement.

33. As a direct and proximate result of Foster's breach of the Franchise Agreement, FCI has been damaged in an amount in excess of $280,000.

## COUNT I

## BREACH OF CONTRACT

34. FCI incorporates by reference the averments set forth above as though the same were set forth at length herein.

35. FCI has performed all of its obligations under the Franchise Agreement.

36. Foster has breached the Franchise Agreement by failing to make required payments to FCI, failing to maintain sufficient funds in his bank account, and by failing to pay the required minimum monthly Continuing Royalty payments to FCI for the balance of the Term.

37. As a direct and proximate result of Foster's breach, FCI has been damaged in the amount in an amount in excess of $280,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Floorcoverings International, Ltd. demands:

(a)    Judgment against the Defendant in the amount of to be determined at trial but which exceeds $280,000, plus interest, costs, and attorneys' fees;

(b)    Attorneys' fees and costs; and

(c)    Such other relief as this Court deems just.

Dated: August 10, 2023.

                                      Respectfully submitted,

                                      */s/ Jonathan M. Nussbaum*
                                      J.A. Schneider
                                      Georgia Bar No. 141437
                                      Jonathan M. Nussbaum
                                      Georgia Bar No. 162672
                                      **THOMPSON HINE LLP**
                                      Two Alliance Center
                                      3560 Lenox Road, Suite 1600
                                      Atlanta, Georgia 30326
                                      Telephone: 404-541-2900
                                      Facsimile:  404-541-2905
                                      *JA.Schneider@thompsonhine.com*
                                      *Jonathan.Nussbaum@thompsonhine.com*

                                      *Attorneys for Plaintiff Floorcoverings International, Ltd.*