≡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CHATTOOGA COUNTY, GEORGIA

**2019CA43365**

JUL 13, 2022 10:16 AM

Kim Windle James, Clerk
Chattooga County, Georgia

IN THE SUPERIOR COURT FOR THE COUNTY
OF CHATTOOGA, STATE OF GEORGIA

| | |
|---|---|
| **FUAD MOHAMUD,**  GDC NO. 0001276574 | * * * |
| Plaintiff, | * * |
| VERSUS | * CIVIL ACTION FILE NO. * 2019 CA 43365 |
| **KEVIN SPRAYBERRY, WARDEN HAYS STATE PRISON,** | * * * |
| Respondent | * |

## FINAL ORDER

The above-styled case came on for hearing before the Court on October 27, 2021, with Mark A. Yurachek, Esq., appearing for the Petitioner and Steven M. Rodham, Esq., appearing for the Respondent. Upon reviewing the testimony and the documentary evidence, considering the Application, the parties' arguments and briefs and other pleadings, and after careful review, the Court makes the following findings of fact and conclusions of law.

### I. FINDINGS OF FACT

The Court makes the following findings of fact by a preponderance of the evidence.

As set forth by the Georgia Supreme Court, the facts of the present case are as follows:

> on the afternoon of July 21, 2010, Mohamud, Airis Evans-Ingram, Brandi Arden, and Mohamud's brother, Liban, traveled to a gas station located in Lawrenceville, Georgia. Arden drove her car, and she chose a parking spot adjacent to a gas pump. Mohamud had told Arden that he

1

wanted to meet someone named "Curt" at the convenience store. A short time later, a blue Crown Victoria pulled into the parking lot, and Mohamud and Liban had a brief verbal exchange in Somali. Then, Mohamud and Evans-Ingram exited Arden's vehicle and approached the blue Crown Victoria from behind. DeAndre Perkins, who had shot and robbed Mohamud on a prior occasion, was in the passenger seat. Immediately, the driver began reversing the Crown Victoria, and Mohamud shot into the car, killing Perkins. Mohamud and Evans-Ingram jumped back into Arden's vehicle, and Mohamud frantically stated, "He [Perkins] had a gun ... I had to shoot." As they sped away, again, according to Arden, Mohamud stated, "He [Mohamud] was the one that shot him," and, "He [Mohamud] swore on his mom when he saw him he was going to get him." Additionally, Arden was told not to speak to police and that if the police asked about her involvement, to tell them "I wasn't there."

Investigators later recovered a video surveillance recording of the scene of the crime which, from a distance, depicted the sequence of events before and after the shooting. The video does not, however, show Perkins inside the vehicle. Eventually, investigators located Arden and spoke with her regarding the involvement of her vehicle. Soon after, Mohamud was named a suspect and arrested in connection with the shooting.

**Mohamud v. State,** 297 Ga. 532, 532-33 (2015).

On November 18, 2010, Petitioner was indicted in Gwinnett County formalice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime. Following a jury trial, Petitioner was found guilty of all charges, and, on October 22, 2013, he was sentenced to life imprisonment for malice murder, 20 consecutive years for aggravated assault, and five consecutive years for possession of a firearm. Petitioner filed a motion for new trial on October 31, 2013, and an amended motion on April 28, 2014. The motion was denied on September 18, 2014, and Petitioner appealed his conviction and sentence to the Georgia Supreme Court.

Petitioner raised the following grounds on his direct appeal to the Georgia Supreme Court: (1) trial counsel was ineffective for failing to call material witnesses at trial in support of Petitioner's sole defense; (2) the trial court erred when it denied Petitioner the opportunity to present evidence of prior bad acts committed by the decedent; (3) trial counsel was ineffective because he failed to make a written request to charge the jury on the definition of forcible felony; and (4) the trial court erred in failing to merge the aggravated assault conviction with the malice murder conviction. On June 15, 2015, the Georgia Supreme Court issued an opinion that affirmed in part and vacated in part. *See Mohamud v. State,* 297 Ga. 532 (2015). That Court affirmed Petitioner's conviction for malice murder and possession of a firearm during the commission of a crime and vacated Petitioner's sentence on the aggravated assault charge because that count should have merged into the malice murder count. *Id.* at 536-37.

## II. PROCEDURAL HISTORY

On July 14, 2016, Petitioner acting *pro se* filed an Application for Writ of Habeas Corpus ("petition"). Petitioner raised the following ground in his petition: appellate counsel was ineffective because he made errors on appeal which fell below reasonable professional standards. On October 6, 2021, Petitioner, through counsel, filed an amended petition. Petitioner raised the following grounds in his amended petition: (1) trial counsel was ineffective for failing to object to the trial court's instruction limiting evidence of prior difficulties to the "state of feeling" between Petitioner and the decedent, thus precluding its consideration as evidence of justifica-

tion, and appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on appeal; and (2) trial counsel was ineffective for failing to object to the trial couit's limitation of its aggravated assault instruction to acts of the defendant and appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on appeal. On October 26, 2021, Petitioner filed another amended petition, which clarified the allegations of the prior amended petition.

Hearing was held on Petitioner's petition on October 27, 2021. The Court received into evidence various documents. Both trial counsel, Max Richardson, Esq., and appellate counsel, Brian Steel, Esq., testified at the hearing. Petitioner did not testify at the hearing.

Max Richardson, trial counsel, testified he believed Petitioner's case was a good self-defense case and that there were some issues with regards to the actual shooting itself. Those issues were part of Richardson's trial strategy. HT at 12. Richardson admitted that when a defendant asserts self-defense the defendant is admitting he pulled the trigger that resulted in the death of the victim. *Id.* Part of Richardson's theory of the case was that the victim committed an aggravated assault on Petitioner because he pointed a firearm at Petitioner before Petitioner fired his weapon. *Id.* at 13, 15.

When charging the jury on prior difficulties, the trial judge began to charge the jury that it could consider prior difficulties evidence for the reasonableness of any alleged fears by the defendant. The trial judge then stopped himself and then read the charge on prior difficulties again limiting the jury's consideration of that

evidence to only the state of feeling between the defendant and the victim. TT at 379. Richardson did not know why he did not request the trial court to give the complete charge on prior difficulties as it had started to do even though the reasonableness of the defendant's fears portion of the charge not given would have supported his theory of defense. HT at 23.[1] Richardson did admit on cross-examination that when the jury is charged on justification, as it was in Petitioner's case, the issue is whether the person using deadly force reasonably believed that such force was necessary, which would include consideration of whether that person's fear was reasonable. *Id.* at 25-26. *See also* TT at 383-84 ("The standard is whether the circumstances were such that they would excite not merely the fears of the defendant, but the fears of a reasonable person. For the killing for the killing and/or use of force to be justified under the law, the accused must truly have acted under the influence of those fears and not in the spirit of revenge.")

Richardson testified there was no need to charge the jury twice on aggravated assault because it would have been confusing and repetitive. *Id.* at 28. Instead of a second charge on aggravated assault, Richardson relied on his opportunity at closing argument to explain to the jury how Petitioner was in fear for his life when he shot the victim because the victim pointed a gun at him and particularly in light of the victim's prior history with Petitioner. *Id.*

Brian Steel, appellate counsel, also testified at the habeas hearing. Mr. Steel

---

[1] The trial court recharged the jury a second time on prior difficulties in response to a jury question during deliberations. It did not mention the reasonable-

testified that in his review of the trial transcript he would have reviewed the jury charge. *Id.* at 41. Mr. Steel acknowledged that the aggravated assault charge is directed only at the conduct of the defendant. *Id.* at 43-44. Mr. Steel testified he would not neutralize the aggravated assault charge but would have added another section defining a forcible felony and charging that the deceased can commit aggravated assault against the defendant. *Id.* at 50.

### III. CONCLUSIONS OF LAW

#### A. General Principles

Habeas relief is only available if a petitioner can demonstrate that he or she is imprisoned as a result of a substantial denial of his or her rights under either the federal or state constitutions. O.C.G.A. § 9-14-42(a); *Bruce v. Smith*, 274 Ga. 432, 435 (2002). The burden is on Petitioner to prove to the satisfaction of this Court that the alleged violation of his constitutional rights did, in fact, occur. *Crawford v. Linahan*, 243 Ga. 161 (1979). In habeas corpus proceedings, there is a presumption in favor of the conviction or judgment unreversed, and a presumption that the decision of the Court convicting the prisoner was well-founded, and the burden is upon Petitioner to overcome these presumptions. *Broome v. Matthews*, 223 Ga. 92 (1967).

Generally, "any issue raised and ruled upon in the petitioner's direct appeal may not be reasserted in habeas corpus proceedings," *Gaither v. Gibby*, 267 Ga. 96, 97 (1996), and claims that could have been raised on direct appeal but are raised for the first time in habeas corpus proceedings are procedurally defaulted. O.C.G.A. § 9-

---

ness of the defendant's fears during the second charge. *See* TT at 409.

14-48(d); *Turpin v. Todd*, 268 Ga. 820 (1997). To bring these claims out of default and address them directly, the petitioner must show "cause and prejudice." "Cause" requires a showing that some objective factor external to the defense impeded counsel's efforts to raise the procedurally defaulted claim. *Chatman v. Mancill*, 280 Ga. 253 (2006). "Prejudice" requires a showing that the omission or waiver resulted in actual and substantial prejudice, infecting the entire trial with error of constitutional dimensions, or by satisfying the prejudice prong of *Strickland v. Washington*, 446 U.S. 668 (1984). *Schofield v. Palmer*, 279 Ga. 848 (2005); *Head v. Carr*, 273 Ga. 613, 614 (2001); *Turpin*, 268 Ga. at 828. A habeas petitioner's claim of ineffectiveness of trial counsel is procedurally defaulted for purposes of habeas relief unless the petitioner can meet its burden of showing that appellate counsel's decision to forgo that issue was an unreasonable tactical move. *Walker v. Williams*, 282 Ga. 409 (2007).

To establish claims of ineffective assistance of counsel, a habeas petitioner must show both that counsel's performance was deficient, and that this deficiency prejudiced the petitioner's case. *Strickland v. Washington*, 466 U.S. 668 (1984).

> To show deficient performance, each appellant must prove that his or her counsel acted or failed to act in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms. "This is no easy showing, as the law recognizes a 'strong presumption' that counsel performed reasonably," and to overcome this presumption, an appellant "must show that no reasonable lawyer would have done what his lawyer did, or would have failed to do what his lawyer did not." To establish prejudice, each appellant must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

7

undermine confidence in the outcome."

*Debelbot v. State*, 305 Ga. 534, 539 (2019) (citations omitted). "In examining an ineffectiveness claim, a court need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Stuckey v. State*, 301 Ga. 767, 771 (2) (2017). "The fact that trial counsel 'failed to articulate any strategic reasons for his failure to [object to the prior difficulties charge] makes no difference' because our inquiry is focused on 'the objective reasonableness of counsel's performance, not counsel's subjective state of mind.'" *State v. Tedder*, 305 Ga. 577, 584 (2019) (citations omitted).

## B. Petitioner's Grounds

*1.* In Ground One, Petitioner alleges that trial counsel was ineffective because he should have objected to the trial court's failure to instruct the jury that the prior difficulties evidence could also have been considered for the reasonableness of Petitioner's fear of the decedent and appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in this regard on appeal.

Since Petitioner alleges that both trial and appellate counsel were ineffective, the Georgia Supreme Court has explained that

> Under the familiar test of *Strickland v. Washington*, to prevail on a claim of ineffective assistance of counsel, the party asserting the claim must demonstrate both deficient performance of counsel and prejudice as a result of it. Where the issue is the ineffective assistance of appellate counsel, the showing of prejudice calls for a demonstration that a reasonable probability exists that, but for appellate counsel's deficient performance, the outcome of the appeal would have been different. Consequently, where the alleged ineffective assistance of *appellate* counsel is premised upon the failure to raise ineffective assistance of

8

*trial* counsel on direct appeal, two layers of fact and law are involved in the analysis of the habeas court's decision.

To find that appellate counsel provided ineffective assistance, a reviewing court must find appellate counsel's failure to raise trial counsel's ineffectiveness on appeal represents deficient professional conduct. Even if deficient performance of appellate counsel is shown, a demonstration of prejudice requires a showing that, had the ineffective assistance of trial counsel been raised on direct appeal, a reasonable probability exists that the outcome of the appeal would have been different. This, in turn, requires a finding that trial counsel provided deficient representation and that the defendant was prejudiced by it. In this case, if [Petitioner] cannot show his trial counsel provided ineffective assistance of counsel, then [Petitioner] also cannot show ineffective assistance of appellate counsel, because an attorney is not deficient for failing to raise a meritless issue on appeal. Because the ineffectiveness of trial counsel plays a role in both prongs of the test of ineffectiveness of appellate counsel, we start by examining whether [Petitioner] has demonstrated that trial counsel was ineffective.

*Gramiak v. Beasley*, 304 Ga. 512, 513-14 (2018) (citations omitted) (emphasis in original).

*(a) Ineffective Assistance of Trial Counsel.* The Court concludes that Petitioner failed to carry his burden in establishing that trial counsel was ineffective for failing to object to the trial court's instruction limiting evidence of prior difficulties to consideration of the "state of feeling" between Petitioner and the victim.

*(i) Deficient Performance.* The Court finds that trial counsel did not perform deficiently. The Court has not found any cases where counsel was found to have performed deficiently for having failed to object to the trial court's instruction limiting evidence of prior difficulties to consideration of the "state of feeling" between the de-

fendant and the victim.[2] The cases cited by Petitioner are inapposite. *See Pearson v. State*, 216 Ga. App. 333 (1995) (trial counsel performed deficiently by failing to request charges on lesser included offenses in armed robbery case where the defendant claimed he did not have a weapon); *West v. State*, 265 Ga. App. 339 (2004) (appellate court *assumed* trial counsel performed deficiently by failing to request a charge on impeachment). Neither *Pearson* nor *West* bears any similarity to the present case.

Moreover, prior difficulties evidence regarding has long been admissible in Georgia to show the state of feeling between the parties and has been broad enough to include matters such as motive or intent. *See, e.g., supra*, n.2; *Monroe v. State*, 5 Ga. 85, 137-38 (1848). In *Thompson v. State*, 265 Ga. 677 (1995), which is very similar to this case, a week prior to the shooting, defendant pawned a VCR and a gun with the victim as security for a debt of $ 100. *Id.* The victim thereafter refused defendant's demands that he return the goods without payment of the money. *Id.* The day before the shooting a witness observed defendant hold a gun to the victim's

---

[2] The version of the pattern prior difficulties jury instruction used at the time of Petitioner's trial seems to have been amended to reflect changes brought about by the adoption of the New Evidence Code. *See* Exh. P-3. The "reasonableness of any alleged fears by defendant or alleged victim" was added to the pattern instruction at that time. Prior to this amendment, the prior difficulties pattern charge stated that evidence of prior difficulties could be considered for state of feeling, bent of mind, course of conduct, motive, and intent. *Jones v. State*, 289 Ga. 145, 147 (2011); *Lowery v. State*, 282 Ga. 68, 70 (2007). *See also McDonald v. State*, 256 Ga. App. 319, 321 (2002) ("With respect to prior difficulties between McDonald and the victim, the court charged that the evidence had been admitted for the sole purpose of showing 'the state of feeling between the defendant and the alleged victim and the bent of mind, intent, motive and course of conduct on the part of the defendant.'"). The "reasonableness of any alleged fears" language replaced bent of mind, course of conduct, motive, and intent language.

head and pull the trigger; on that occasion the gun misfired. *Id.* On the following day, the same witness observed defendant fire a shot into a parked car in which the victim was seated. *Id.* The victim exited the car and attempted to run away, whereupon defendant fired two more shots, fatally wounding him. *Id.* at 677-78. The defendant testified that he shot only out of fear of being shot himself. *Id.* at 679. The defendant requested that the trial court give the following jury charge: "that proof of the violent and turbulent character of the deceased can be shown to explain that the accused was honestly seeking to defend himself." *Id.* The trial court refused to do so, and the Georgia Supreme Court affirmed that decision because "[t]he jury was given a complete charge on self-defense and justification, and was instructed that prior difficulties between the victim and the defendant may be illustrative of the state of feeling between the two. The requested charge was substantially covered by the charge actually given." *Id.*

Thus, in *Thompson*, the Georgia Supreme Court ruled that the state of feeling language in the prior difficulties charge, in conjunction with a charge on self-defense and justification, was broad enough to include the defendant's fear of being shot by the victim. The Court finds the same is true in the present case. That is, the prior difficulties charge as given as well as the charge on self-defense and justification were sufficient to allow the jury to consider the reasonableness of Petitioner's fear of being shot by the victim based on the prior incident. Accordingly, the Court finds that trial counsel did not perform deficiently.

*(ii) Prejudice.* The Court finds that Petitioner failed to carry his burden and

did not establish prejudice.[3] Petitioner has to prove that there is a reasonable probability that the result of the trial would have been different had trial counsel objected. *Rozier v. Caldwell,* 300 Ga. 30, 32 (2) (2016). Petitioner has made no such showing in this case. In addition, Petitioner can't make such a showing since the charge on prior difficulties as given and the charge on self-defense and justification were sufficient to allow the jury to consider Petitioner's fear of the victim. Compare *Thompson,* 265 Ga. at 679 with *Mohamud,* 297 Ga. at 535(2)(c). The Court finds

---

[3] The Court rejects Petitioner's reliance on *Martin v. McLaughlin,* 298 Ga. 44 (2015). In *Martin,* the habeas petitioner claimed that he was denied the effective assistance of counsel in his direct appeal because his appellate lawyer never raised a claim of error with respect to proof of venue. The petitioner claimed the State failed to prove venue at trial and if his appellate lawyer had raised this shortcoming of proof on direct appeal, his convictions would have been overturned. The habeas court rejected this contention. *Id.* at 45. The Georgia Supreme Court affirmed. The Court noted that "[a]s a general rule, our Constitution provides that a criminal case must be tried 'in the county where the crime was committed,' and when venue is in issue, it is a jurisdictional fact that must be proved by the State beyond a reasonable doubt." *Id.* at 45-46 (citations omitted). If the State fails to prove venue, the conviction must be reversed. There either was proof of venue or there wasn't. In its opinion, the Court stated as follows:

> Performance and prejudice always are distinct questions in an analytical sense, but *in cases like this one,* they often are substantially conflated in practice, and the merits of the underlying claim that the petitioner contends his lawyer should have raised on direct appeal often are dispositive of both questions. If the underlying claim of reversible error has clear and strong merit under the law as it existed at the time of the appeal, that would tend to show that a competent lawyer ought to have raised it, and it would tend to show as well that the outcome of the appeal probably would have been different if the claim had been raised. If the claim is without merit, however, it cannot be said that every competent lawyer would have asserted such a claim, and it likewise cannot be said that the outcome of the appeal would have been other than it was.

*Id.* (emphasis supplied). In *Martin,* if the State had not proven venue, appellate counsel would have by definition performed deficiently by not having raised the issue on appeal and the prejudice would have been automatic because lack of proof of venue would have required the conviction to be reversed. The issue raised by Petitioner does not require automatic reversal and is of a different kind than that in *Martin* and did not have clear and strong merit.

that Petitioner failed to prove prejudice.

*(b) Ineffective Assistance of Appellate Counsel.* The Court finds that Petitioner has also failed to prove that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in failing to object to the allegedly deficient prior difficulties charge.

*(i) Deficient Performance.* The Court finds that appellate counsel did not perform deficiently. Based on the Court's conclusion *supra*, appellate counsel could have reasonably believed that trial counsel had not been ineffective in failing to object to the prior difficulties charge and thus reasonably decided to not raise the issue on appeal. Appellate counsel's testimony concerning the relevance of Petitioner's prior difficulties with the victim to Petitioner's justification defense provided a reasonable basis for not raising this issue on appeal. *See* HT at 52, 53-54. The Court finds that appellate counsel did not perform deficiently.

*(ii) Prejudice.* The Court finds that Petitioner has also failed to show prejudice. Petitioner relies on his incorrect reading of the *Martin* decision. *See supra* at n.3. The Court concludes that appellate counsel was not ineffective.

2. In Ground Two, Petitioner alleges that trial counsel was ineffective for failing to object to the trial court's limitation of its aggravated assault instruction to acts of the defendant and appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on appeal.

*(a) Ineffective Assistance of Trial Counsel.* The Court finds that trial counsel was not ineffective in not requesting a jury instruction that would have allowed the

13

jury to find that the victim committed an aggravated assault against Petitioner.

*(i) Deficient Performance.* The Court finds that trial counsel did not perform deficiently by failing to request a "neutralized" jury charge on aggravated assault. The Georgia Supreme Court has already ruled that trial counsel was not ineffective in failing to request a specifically tailored jury instruction on the definition of forcible felony or to request a justification instruction which included the definition of aggravated assault as a forcible felony. *See Mohamud*, 297 Ga. at 535 (2)(c). In this Court, Petitioner claims that trial counsel should have requested a neutralized aggravated assault which would have explained that either the defendant or the victim could have committed an aggravated assault. Pl.'s Br. at 22.

The Court finds that Petitioner failed to carry his burden of proof in showing trial counsel performed deficiently. Petitioner did not provide this Court with a draft of such a neutralized charge. Petitioner did not identify a single case where such a neutralized charge was given or a case where trial counsel was found to have been ineffective for having failed to request such a charge, and the Court is not aware of such a case. The trial court was required to charge the jury on each crime with which Petitioner was charged in the indictment, one of which was aggravated assault. *See State v. Stonaker*, 236 Ga. 1, 2 (1976). Petitioner has not shown that such a neutralized charge would have been adequate to satisfy that requirement. It certainly would not have tracked the language of the indictment or the aggravated assault statute. The Court finds that an objection by trial counsel would have been meritless, and that trial counsel did not perform deficiently.

*(ii) Prejudice.* The Court finds that Petitioner failed to carry his burden in showing that he was prejudiced by trial counsel's deficient performance. He failed to show there was a reasonable probability the result of the trial would have been different absent trial counsel's deficient performance. The Court finds that the conclusion reached by the Supreme Court in Petitioner's appeal applies equally to the present issue: "The trial court's charge, however, fairly instructed the jury as to when a homicide is justifiable and when an act of self-defense is warranted. As a result, even if trial counsel acted deficiently by failing to request additional instructions, Mohamud has failed to prove prejudice stemming from any such deficient performance." *Mohamud*, 297 Ga. at 535 (2)(c).

*(b) Ineffective Assistance of Appellate Counsel.* The Court finds that appellate counsel also was not ineffective. Since Petitioner cannot show that trial counsel was ineffective, *see supra*, he cannot show that appellate counsel was ineffective.

*(i) Deficient Performance.* To establish ineffective assistance of appellate counsel, "the petitioner bears the burden of showing that appellate counsel was deficient in failing to raise an issue on appeal and that the deficiency prejudiced the defense." *Humphrey v. Lewis*, 291 Ga. 202, 210 (IV) (2012) (citation and punctuation omitted), *overruled on other grounds by State v. Lane*, 308 Ga. 10 (2020). "Appellate counsel does not render deficient performance by selecting stronger claims for presentation on direct appeal while setting aside weaker ones." *Head v. Ferrell*, 274 Ga. 399, 404 (V) (2001).

The Court finds that Petitioner failed to carry his burden of showing that ap-

pellate counsel performed deficiently. Based on the Court's findings *supra* with regard to trial counsel, the Court cannot find that the issue of trial counsel's ineffectiveness for not requesting a neutralized aggravated assault charge had any merit. The Court finds that the argument raised by appellate counsel, that trial counsel was ineffective in failing to request a specifically tailored jury instruction on the definition of forcible felony or to request a justification instruction which included the definition of aggravated assault as a forcible felony, was not an unreasonable argument. Accordingly, Petitioner has not shown that appellate counsel performed deficiently.

*(ii) Prejudice.* The Court finds that Petitioner has not carried his burden of showing a reasonable probability that the result of his appeal would have been different had appellate counsel presented the neutralized aggravated assault jury charge.

## IV. ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

IT IS THEREFORE ORDERED AND ADJUDGED that the Petitioner's Application for Writ of Habeas Corpus be and is hereby denied, and the Petitioner be remanded to the custody of the Respondent or such other appropriate person to serve the remainder of his lawful sentence. The Petitioner is hereby notified that he may appeal this Order by filing a written application for a certificate of probable cause to appeal with the Clerk of Supreme Court of Georgia within thirty (30) days from the entry of this Order. Petitioner is also notified that if he desires to appeal, he must file a written notice of appeal with the Clerk of Superior Court of Chattoo-

ga County, Georgia, within the same thirty (30) day period. Petitioner is further notified that should he desire to appeal this Order, he must comply with the provisions of O.C.G.A. § 9-14-52, as well as all other applicable laws.

SO ORDERED, THIS 13th DAY OF July, 2022.

_____
KRISTINA COOK GRAHAM
JUDGE, SUPERIOR COURTS
LOOKOUT MOUNTAIN JUDICIAL CIRCUIT

ORDER PREPARED BY:

_____
STEVEN M. RODHAM
OF COUNSEL FOR RESPONDENT
STATE BAR NO. 611404
P. O. BOX 549
LAFAYETTE, GEORGIA 30728
706/638-2234