E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04735-S5**
**7/11/2023 11:16 AM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARIA D. BLACKWELL, | : |
| Plaintiff | : |
| vs. | : CIVIL ACTION FILE NO.: 23-C-04735-S5 |
| ROBERT J. MCKISSICK, LAKE ERIE TRANSPORT, LLC and DB INSURANCE CO., LTD | : |
| Defendants. | : |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff MARIA D. BLACKWELL and states her Complaint against Defendants ROBERT J. MCKISSICK and LAKE ERIE TRANSPORT, LLC, as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff MARIA D. BLACKWELL is a resident of the State of Georgia.

2.

Defendant LAKE ERIE TRANSPORT, LLC, (Defendant "Lake Erie") is an Ohio Corporation with its principal place of business located at 1185 Waterfront Pl., Painesville, OH 44077. Defendant Lake Erie operates as an interstate motor carrier for hire, transporting property under the jurisdiction of the Federal Motor Carrier Safety Administration and other regulatory agencies. Defendant Lake Erie is registered with the U.S. Department of Transportation with the DOT# 2567542. Defendant Lake Erie is subject to the jurisdiction of this Court and may be served

with the Summons and Complaint via its Registered Agent David D. Miller at 1185 Waterfront Pl., Painesville, OH 44077.

3.

Defendant ROBERT J. MCKISSICK (Defendant "McKissick") is a citizen and resident of the State of Tennessee, whose last known residence is 2750 Helenwood Detour Road, Oneida, Scott County, TN 37841.  Defendant McKissick is subject to the jurisdiction of this Court and may be served by personal service of the Summons and Complaint at that address or wherever he may be found.

4.

DB Insurance Company, LTD (hereinafter referred to as Defendant "DB Insurance") is a foreign insurance company that is authorized to transact business in the state of Georgia. Defendant State Farm may be served with process through its registered agent, David Holcomb, 900 Hold Roswell Lake Pkwy., Suite 310, Fulton County, Roswell, Georgia 30076.

5.

The act of negligence giving rise to this action occurred in Gwinnett County, Georgia.

6.

Jurisdiction and venue are proper in this Court.

**FACTS**

7.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

8.

On July 7, 2021, Defendant McKissick, while acting incident to and within the course and scope of his agency or employment with Defendant Lake Erie, was traveling southbound on S. Old Peachtree Road attempting to make a right turn onto S. Berkeley Lake Road in Gwinnett County, Georgia, in a truck owned by Defendant Lake Erie.

9.

Defendant McKissick was negligent in the operation of the truck he was driving while acting within the course and scope of his agency or employment with Defendant Lake Erie.

10.

At or about that same time, Plaintiff was traveling southbound on S. Old Peachtree Road towards S. Berkeley Lake Road, when Defendant McKissick, while acting within the course and scope of his agency or employment with Defendant Lake Erie, was making an improper wide right turn and struck the left side of Plaintiff's vehicle.

11.

Defendant McKissick, while acting incident to and within the course and scope of his agency or employment with Defendant Lake Erie, negligently stuck Plaintiff's vehicle, violated the following provisions of Georgia law, and committed negligence *per se*:

(a) Improper right turn, in violation of O.C.G.A. § 40-6-120(1);

(b) Failing to use due care while driving, O.C.G.A. § 40-6-241, said violation being negligence *per se*;

(c) Operating his vehicle with reckless disregard for the safety of other persons on the roadway in violation of O.C.G.A. § 40-6-390, said violation being negligence *per se*;

(d) Failing to control his vehicle as to avoid a collision, in violation of the requirements of ordinary care and diligence; and

(e) Such other specifications of negligence as shall be added by amendment or proven at trial.

12.

As a direct and proximate result of the negligence of Defendant Lake Erie acting through its agent or employee, Defendant McKissick, Plaintiff was injured and suffered, and will continue to suffer, injuries, both physical and mental, and damages, including, but not limited to, current medical expenses of $70,084.92, future medical expenses, and other related expenses.

13.

The provisions of 49 CFR §301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case, and DEFENDANTS were required to obey these regulations at the time of the collision at issue in this case and at all relevant times prior to the collision.

14.

At all times relevant to this case of action, the DEFENDANTS were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §301-399), either directly or as adopted by the State of Georgia.

15.

The DEFENDANTS will be shown at trial to have violated the Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*.

16.

There was no act of Plaintiff that contributed to the collision at issue in this case.

17.

There was no failure to act of Plaintiff that contributed to the collision at issue in this case.

## COUNT I
## NEGLIGENCE OF DEFENDANT MCKISSICK

18.

Plaintiff incorporated herein by reference the allegations contained in the foregoing paragraphs.

19.

Defendant McKissick breached the duty of care owed to Plaintiff.  Defendant McKissick's improper right turn and failure to operate his truck in a safe and reasonable manner in violation of the laws of the State of Georgia constitutes negligence, and Defendant McKissick's negligence was the direct and proximate cause of the subject collision and Plaintiff's resulting injuries.

20.

Plaintiff experienced shock, fright, and terror as a result of the collision with the tractor-trailer truck operated by Defendant McKissick.

21.

Plaintiff suffered injuries as a result of the subject collision, and she has suffered, and will to continue to suffer, physical and mental pain and anguish as a result of the subject collision including medical and other related expenses.

22.

All of Plaintiff's injuries, shock, fright, and mental and physical pain and suffering were solely and proximately caused by the tortious acts and omissions of Defendant McKissick, who was an employee or agent of Defendant Lake Erie.

23.

Plaintiff is entitled to recover all of the special and general damages she suffered due to Defendant McKissick's negligence, including, but not limited to, current medical expenses of $70,084.92, future medical expenses, and other related expenses.

## COUNT II
## NEGLIGENCE *PER SE*

24.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

25.

The tortious acts and omissions committed by Defendant McKissick, while acting in his capacity as an employee or agent of Defendant Lake Erie, which caused the subject collision and resulting injuries, include, but are not limited to, the following:

(a) Improper right turn, in violation of O.C.G.A. § 40-6-120(1);

(b) Failing to use due care while driving, O.C.G.A. § 40-6-241, said violation being negligence *per se*;

(c) Operating his vehicle with reckless disregard for the safety of other persons on the roadway in violation of O.C.G.A. § 40-6-390, said violation being negligence *per se*;

(d) Failing to control his vehicle as to avoid a collision, in violation of the requirements of ordinary care and diligence; and

(e) Such other specifications of negligence as shall be added by amendment or proven at trial.

26.

Defendant McKissick's violation of the above-referenced statutes constitutes negligence *per*

*se*, and is the direct and proximate cause of the subject collision and Plaintiff's resulting personal injuries.

27.

All of Plaintiff's injuries, shock, fright, and mental and physical pain and suffering were solely and proximately caused by the tortious acts and omissions of Defendant McKissick, who was an employee or agent of Defendant Lake Erie.

28.

Plaintiff is entitled to recover all of the special and general damages she suffered due to Defendant McKissick's negligence *per se*, including, but not limited to, current medical expenses of $70,084.92, future medical expenses, and other related expenses

## COUNT III
## NEGLIGENCE *PER SE*

29.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

30.

At the time of the wreck, Defendant McKissick was employed by or acting as an agent for, Defendant Lake Erie and was driving a vehicle owned by Defendant Lake Erie.

31.

At the time of the wreck, Defendant McKissick was acting within the course and scope of his employment or agency with Defendant Lake Erie and was furthering the business interests of Defendant Lake Erie.

32.

Defendant Lake Erie is liable for the negligence of Defendant McKissick and the resulting

damages Plaintiff incurred based on the doctrine of respondeat superior.

## COUNT IV
## NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION

33.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

34.

Defendant Lake Erie failed to exercise ordinary care in the selection of Defendant McKissick to carry out its business purpose, failed to train and supervise him in a proper manner, and continued to retain him as a driver despite the fact that Defendant Lake Erie knew or should have known in the course of ordinary care that Defendant McKissick was not suited or competent to drive a truck for Defendant Lake Erie.

35.

Defendant Lake Erie's negligent hiring, training, supervision, and retention, was a proximate cause of Plaintiff's injuries and damages.

36.

Accordingly, Plaintiff is entitled to recover all of the special and general damages she suffered due to Defendant Lake Erie's negligent hiring, training, supervision, and retention of Defendant McKissick.

## COUNT V
## VIOLATION OF FEDERAL REGULATIONS

37.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

38.

Defendant Lake Erie had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and it negligently failed to do so.

39.

Defendant Lake Erie, through its agents and employees, knew, or should have known by exercising reasonable care, about the risks set forth in this Complaint, and, by simply exercising reasonable care, these risks would be reduced or eliminated. These risks include, but are not limited to:

(a) the risks associated with unsafe and improperly trained drivers;

(b) the risks associated with fatigued drivers;

(c) the risks associated with violations of the hours of service regulations;

(d) the risks associated with failing to train drivers to obey the FMCSR;

(e) the risks associated with failing to have adequate risk management policies and procedures in place;

(f) the risks associated with failing to have policies and procedures in place to identify undertrained and unqualified drivers;

(g) the risks associated with failing to identify from prior weeks, similar to the one in question, a root cause and implement policies, procedures, protocols, and practices to effectively reduce or eliminate the risk prior to the wreck in question;

(h) the risks associated with failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above;

(i) the risks associated with failing to appropriately implement and enforce risk management policies and procedures to reduce and eliminate the risks described above;

(j) the risks associated with failure to appropriately implement and enforce risk management policies and procedure to monitor and assess Defendant McKissick once he was hired;

(k) the risks associated with failing to implement and follow a written safety plan;

(l) the risks associated with failing to protect the members of the public, such as the Plaintiff, from the risks described above; and

(m) the risks associated with failing to use the composite knowledge reasonably available to Defendant Lake Erie to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

40.

At all times relevant hereto, Defendant Lake Erie was acting by and through its employees/agents, and it is responsible for the acts of those employees and agents as set forth in the FMCSR, or similar theory of law.

41.

Defendant Lake Erie's negligence, either solely or combined and concurring with the negligent acts of Defendant McKissick, was the proximate cause of the injuries sustained by the Plaintiff.

## COUNT VI
## PUNITIVE DAMAGES

42.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

43.

Plaintiff is entitled to recover punitive damages from Defendants because Defendants'

actions, as enumerated herein, show willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care that raises the presumption of conscious indifference to the consequences.

## COUNT VII
## ATTORNEY'S FEES AND EXPENSES OF LITIGATION
## PURSURANT TO O.C.G.A. § 13-6-11

44.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

45.

Defendants have acted in bad faith, have been stubbornly litigious, and/or have caused Plaintiff unnecessary trouble and expense.  Plaintiff is, therefore, entitled to recover reasonable attorney's fees and expenses of litigation from Defendants in an amount to be determined at trial.

## COUNT VIII
## DIRECT ACTION

46.

Defendant DB Insurance is joined as a party Defendant pursuant to O.C.G.A. § 40-2-140, because Defendant DB Insurance is an insurance carrier for Defendant Lake Erie, a motor carrier as defined in said code section.  Accordingly, Defendant DB Insurance is contractually liable under its coverage by virtue of the liability of Defendant Lake Erie and Defendant McKissick, its insured.

WHEREFORE, Plaintiff respectfully prays for the following:

(a) That Summons be issued and served upon DEFENDANTS as provided by law;

(b) That all issues herein be tried before a jury;

(c) That Plaintiff have judgment entered in his favor against DEFENDANTS for all damages recoverable at law;

(d) That Plaintiff be awarded punitive damages against DEFENDANTS in an amount sufficient to deter DEFENDANTS from such further conduct;

(e) That Plaintiff be awarded attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11;

(f) That all costs of this action be cast against DEFENDANTS; and

(g) That Plaintiff have such other relief as is just and proper.

This 11th day of July 2023.

                                       **KENNETH S. NUGENT, P.C.**

                                    By: */s/ Kathryn B. Reddy*
                                           JAN P. COHEN
                                           Georgia Bar No.: 174337
                                           KATHRYN B. REDDY
                                           Georgia Bar No.: 326979
                                           Attorneys for Plaintiff

4227 Pleasant Hill Road
Building Eleven
Duluth, Georgia 30096
T: (770) 820-0816
F: (770) 820-0716
kreddy@attorneykennugent.com