IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARIA D. BLACKWELL,<br><br> Plaintiff,<br><br>v.<br><br>ROBERT J. MCKISSICK, LAKE ERIE TRANSPORT, LLC and DB INSURANCE CO., LTD,<br><br> Defendants. | Civil Action<br>File No.: 23-C-04735-S5 |

## DEFENSES AND ANSWER OF DB INSRUANCE CO., LTD

COMES NOW, DB Insurance Co., LTD, and files this its Answer and Defenses to Plaintiff's Complaint, and in support thereof respectfully shows this Court the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant responds to the individual paragraphs of Plaintiff's Complaint as follows:

1.

DB Insurance admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

3.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

4.

DB Insurance admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

DB Insurance admits the underlying incident occurred in Gwinnett County, Georgia. Responding further, DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

6.

DB Insurance denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

*Facts*

7.

DB Insurance incorporates by reference its responses to the allegations in the foregoing paragraphs.

8.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

9.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

10.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

11.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

12.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

13.

DB Insurance denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

DB Insurance denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

DB Insurance denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

17.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

*Count 1: Negligence of Defendant McKissick*

18.

DB Insurance incorporates by reference its responses to the allegations contained in the foregoing paragraphs.

19.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

20.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

21.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

22.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

23.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

*Count 2: Negligence Per Se*

24.

DB Insurance incorporates herein by reference its responses to the allegations contained in the foregoing paragraphs.

25.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

26.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

27.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 27 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

28.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

*Count 3: Negligence Per Se*

29.

DB Insurance incorporates herein by reference its responses to the allegations contained in the foregoing paragraphs.

30.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

31.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

32.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 32 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

*Count 4: Negligent Hiring, Retention, Training, and Supervision*

33.

DB Insurance incorporates herein by reference its responses to the allegations contained in the foregoing paragraphs.

34.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 34 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

35.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 35 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

36.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 36 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

*Count 5: Violation of Federal Regulations*

37.

DB Insurance incorporates herein by reference its responses to the allegations contained in the foregoing paragraphs.

38.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 38 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

39.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 39 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

40.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 40 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

41.

DB Insurance is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 41 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

*Count 6: Punitive Damages*

42.

DB Insurance incorporates herein by reference its responses to the allegations contained in the foregoing paragraphs.

43.

DB Insurance denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

*Count 7: Attorney's Fees and Expenses of Litigation Pursuant to OCGA 13-6-11*

44.

DB Insurance incorporates herein by reference its responses to the allegations contained in the foregoing paragraphs.

45.

DB Insurance denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

*Count 8: Direct Action*

46.

DB Insurance admits it is the insurance carrier for Lake Erie, a motor carrier. Responding further, DB denies the remaining allegations contained in paragraph 46 of Plaintiff's Complaint.

47.

DB Insurance denies that Plaintiff is entitled to any relief requested in the "Wherefore" clause of Plaintiff's Complaint.

48.

Any allegation in Plaintiff's Complaint not answered or otherwise responded to is hereby denied.

**THIRD DEFENSE**

Defendant is not liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

**FOURTH DEFENSE**

Defendant shows that the alleged damages of Plaintiff, if any, were caused by the contributory and comparative negligence of Plaintiff.

**FIFTH DEFENSE**

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant.

### SIXTH DEFENSE

The Plaintiff's failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiff's rights to recover and/or recoup any items of special damages in this action, as a matter of law. O.C.G.A. § 9-11-9(g).

### SEVENTH DEFENSE

Defendant raises the affirmative defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver set forth in O.C.G.A. § 9-11-8(c).

### EIGHTH DEFENSE

The claims of Plaintiff are barred by the Georgia doctrine of assumption of risk.

### NINTH DEFENSE

Plaintiff's injuries, if any, were caused by an unforeseeable intervening third party tortfeasor and/or the acts and failure to act of persons or entities other than Defendant.

### TENTH DEFENSE

The Complaint should be dismissed for lack of jurisdiction over the subject matter, lack of jurisdiction over the person of this Defendant, improper venue, and insufficiency of process and service of process as to this Defendant.

### ELEVENTH DEFENSE

The Complaint is barred by the applicable statutes of limitation.

### DEMAND FOR JURY TRIAL BY TWELVE (12)

Defendant demands that the above-captioned case be tried by a jury of twelve.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against the Plaintiff.

This 11th day of August, 2023.

                                              Chartwell Law
                                              Attorneys for Defendants

By:   */S/ROBERT E. NOBLE, III*
        Robert E. Noble, III
        GA State Bar No.:  261331
        rnoble@chartwelllaw.com
        Danielle N. Glover
        GA State Bar No.:  650569
        dglover@chartwelllaw.com
        3200 Cobb Galleria Parkway, Suite 250
        Atlanta, GA 30339
        Main (404) 410-1151
        Fax (404) 738-1632

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARIA D. BLACKWELL,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT J. MCKISSICK, LAKE ERIE TRANSPORT, LLC and DB INSURANCE CO., LTD,<br><br>    Defendants. | Civil Action<br>File No.:    23-C-04735-S5 |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel and parties of record with a copy of Defenses and Answer of DB Insurance Co., LTD by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) **or** by depositing a copy of same in the United States Mail, postage prepaid, as follows:

Jan P. Cohen
Kathryn B. Reddy
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building Eleven
Duluth, Georgia 30096
jcohen@attorneykennugent.com
kreddy@attorneykennugent.com
*Attorneys for Plaintiff*

This 11th day of August, 2023.

/S/ROBERT E. NOBLE, III
Robert E. Noble, III
GA State Bar No.: 261331
rnoble@chartwelllaw.com
3200 Cobb Galleria Parkway, Suite 250
Atlanta, GA 30339
Main (404) 410-1151; Fax (404) 738-1632