IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN HARRISON, | ) ( |
| Plaintiff, | ) ( |
| v. | ) ( CIVIL ACTION FILE NO. |
| HARBOR FREIGHT TOOLS USA, INC., AND CENTRAL PURCHASING, LLC, D/B/A HARBOR FREIGHT TOOLS. | ) ( |
| Defendants. | ) ( |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)**

**PLEASE TAKE NOTICE** that Defendants Harbor Freight Tools USA, Inc., ("Harbor Freight"), and Central Purchasing, LLC, ("Central Purchasing", improperly identified as Central Purchasing, LLC, d/b/a Harbor Freight Tools), (jointly "Defendants"), hereby remove Case No. 23-A2795 (the "State Action") from the State Court of Cobb County, State of Georgia, to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A copy of this Notice of Removal is concurrently filed with the Clerk of the State Court of Cobb County, State of Georgia, in order to effect removal pursuant to 28 U.S.C. § 1441. The State Court shall proceed no further unless and until this case is remanded. 28 U.S.C. § 1441.

1

Defendants submit this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support shows as follows:

1. On June 23, 2023, Plaintiff filed a Complaint for Damages in the State Court of Cobb County, State of Georgia, captioned <u>John Harrison v. Harbor Freight Tools USA, Inc. and Central Purchasing, LLC, d/b/a Harbor Freight Tools</u>, bearing Civil Action File No. 23-A-2795.

2. Plaintiff served Harbor Freight Tools USA, Inc. with the Complaint on July 12, 2023, and this Notice of Removal is timely filed.

3. In accordance with 28 U.S.C. § 1446, true and complete copies all process, pleadings, and orders filed in such action have been attached to this Notice as Exhibit A.

4. Plaintiff's Complaint alleges that on or about June 24, 2021, Plaintiff was injured while using a Chicago Electric 10-inch sliding compound Miter Saw which he purchased from a Harbor Freight location within Georgia. (Complaint, Ex. A, ¶ 9, 14, 18). Plaintiff's Complaint further alleges Defendants designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed and sold the subject Miter saw. (Complaint, Ex. A, ¶ 27). Plaintiff's Complaint further alleges the Miter Saw was defective, unreasonably dangerous, and unsafe for foreseeable users and occupants. (Complaint, Ex. A, ¶ 31).

5. Plaintiff alleged claims of strict liability, breach of warranty, negligence, negligent recall, punitive damages and attorney fees. (See generally Complaint, Ex. A.)

6. Plaintiff alleges that as a result of the defective Miter Saw, he suffered severe lacerations to his left middle finger, the severing of most of his left middle finger, the loss of strength in his left hand and persistent weakness in his left hand. (Complaint, Ex. A, ¶ 23). Plaintiff alleges he was forced to endure numerous medical procedures as a result of the incident alleged in the Complaint. (Complaint, Ex. A, ¶ 24). Plaintiff alleges he has suffered substantial physical and mental pain and suffering, including interference with normal living, interference with enjoyment of life, impairment of bodily health and vigor, fear of extent of injury, shock of impact, actual pain and suffering, past and future, mental anguish, past and future and limitation of activities. (Complaint, Ex. A, ¶ 25).

7. This action is a civil action that falls under the Court's original jurisdiction pursuant to United States Code, Title 28, section 1332, and is one that may be removed to this Court by Defendants pursuant to the provisions of Title 28, section 1441(b) because citizenship Plaintiff is diverse from each Defendant and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8.      For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). "Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

9.      Plaintiff has not alleged a specific amount which he is seeking to recover. Although Defendants deny Plaintiff is entitled to any damages whatsoever, using reasonable deductions and inferences, and in the exercise of common sense, the amount in controversy exceeds $75,000. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1065 (11th Cir. 2010) (upholding district court's order that the value of the plaintiff's claims, when "analyzed with judicial experience and common sense," likely exceeded $75,000 threshold in wrongful death case with punitive damages claim); Dixon v. Whatley Oil & Auto Parts Co., 2019 WL 169687, at *2 (M.D. Ga. 2019) (noting the court may make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the

pleadings and other evidence to determine whether the amount in controversy is met"). In this case, Plaintiff seeks recovery for severe lacerations and the severing of most of his left finger. (Complaint, Ex. A, ¶ 23). Plaintiff alleges these injuries necessitated numerous medical procedures and resulted in loss of strength and persistent weakness in his left hand. (Complaint, Ex. A, ¶ 23, 24). Plaintiff is seeking recovery for medical expenses, pain and suffering, disfigurement, physical impairment, lost wages and loss of earning capacity, among other damages. (Complaint, Ex. A, ¶ 52). Given the nature of the injuries, the scope of damages sought and the allegation of permanent disfigurement and ongoing physical limitations, on experience, information and belief, a preponderance of the evidence shows the jurisdictional minimum amount in controversy as required by 28 U.S.C. § 1332(a) is satisfied. See 28 U.S.C. § 1446(c)(2)(B).

10. There is also complete diversity in this action. Plaintiff is a resident and citizen of Rabun County, Georgia. (Complaint, Ex. A, ¶ 1).

11. Harbor Freight Tools USA, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business in California. (See State of Georgia Annual Registration, attached as Exhibit B). Harbor Freight is thus a citizen of California and Delaware for the purposes of jurisdictional analysis, and is diverse from Plaintiff.

12. Central Purchasing, LLC is a limited-liability company formed in California with its principal place of business in California. (See State of California Annual Registration, attached as Exhibit C). The sole member of Central Purchasing is Harbor Freight Tools USA, Inc. Harbor Freight Tools USA, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business in California. Central Purchasing is diverse from Plaintiff.

13. As is shown above, this case is removable pursuant to United States Code, Title 28, section 1441 because the United States District Court has original jurisdiction under Title 28, section 1332(a), which provides in pertinent part: "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states."

14. Written notice of this Notice of Removal will be promptly given to all parties in this action. The written notice of filing and a copy of the Notice of Removal is being filed simultaneously with the Clerk of the State Court of Cobb County, State of Georgia, a copy of which has been attached as Exhibit D.

15. Venue is proper in this District Court pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the State Court of Cobb County, State of

Georgia, which lies within the United States District Court for the Northern District of Georgia, Atlanta Division. 28 U.S.C. § 90(a)(2).

16. All Defendants in this matter join in and consent to the removal of this action as required by 28 U.S.C. § 1446(b)(2)(A). (See Exhibits E, F).

WHEREFORE, Harbor Freight Tools USA, Inc. and Central Purchasing, LLC, (improperly identified as Central Purchasing, LLC, d/b/a Harbor Freight Tools), request this Court assume full jurisdiction over the cause herein as provided by law, and that further proceedings in the State Court of Cobb County, State of Georgia be stayed. Harbor Freight Tools USA, Inc. and Central Purchasing, LLC further demand that the trial of this matter in federal court be heard by a jury.

This 11th day of August, 2023.

                SWIFT, CURRIE, McGHEE & HIERS, LLP

                */s/ C. Bradford Marsh*
                _____
                C. Bradford Marsh
                Georgia Bar No. 471280
                Myrece R. Johnson
                Georgia Bar No. 940301
                *Attorneys for Defendants Harbor Freight Tools*
                *USA, Inc. and Central Purchasing, LLC*

1420 Peachtree St. N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800

Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

## **LOCAL RULE 5.1(C) CERTIFICATION**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1(C)

This 11th day of August, 2023.

                         SWIFT, CURRIE, McGHEE & HIERS, LLP

                         */s/ C. Bradford Marsh*
                         _____
                         C. Bradford Marsh
                         Georgia Bar No. 471280
                         Myrece R. Johnson
                         Georgia Bar No. 940301
                         *Attorneys for Defendants Harbor Freight Tools*
                         *USA, Inc. and Central Purchasing, LLC*

1420 Peachtree St. N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the attached **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)** to be filed and served on counsel of record as follows:

Andrew S. Ashby
Maxwell K. Thelen
Seth A. Lowry
Ashby Thelen Lowry
445 Franklin Gateway SE
Marietta, Georgia 30067
drew@atllaw.com
max@atllaw.com
seth@atllaw.com

This 11th day of August, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ C. Bradford Marsh*
_____
C. Bradford Marsh
Georgia Bar No. 471280
Myrece R. Johnson
Georgia Bar No. 940301
*Attorneys for Defendants Harbor Freight Tools USA, Inc. and Central Purchasing, LLC*

1420 Peachtree St. N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

4863-4393-9190, v. 1