ID# E-GCPUQRXT-MKA
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2795**

JUN 23, 2023 08:51 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOHN HARRISON,<br><br>  Plaintiff,<br><br>v.<br><br>HARBOR FREIGHT TOOLS USA, INC., and CENTRAL PURCHASING, LLC, d/b/a HARBOR FREIGHT TOOLS<br><br>  Defendant. | CIVIL ACTION<br>FILE NO.: _____ |

## COMPLAINT FOR DAMAGES

Plaintiff files his Complaint for Damages against Defendants Harbor Freight Tools USA, Inc., and Central Purchasing, LLC d/b/a Harbor Freight Tools, showing the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff John Harrison is a resident of, a citizen of, and domiciled in Rabun County, Georgia.

2.

Defendant Harbor Freight Tools USA, Inc.'s registered agent for service of process is Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia, 30006. When said agent is served with copies of the Summons and Complaint in this matter, Defendant Harbor Freight will be subject to the jurisdiction and venue of this Court. Defendant Harbor Freight has been properly served in this matter.



- 2 -

3.

Defendant Central Purchasing, LLC's registered agent for service of process is Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia, 30006. When said agent is served with copies of the Summons and Complaint in this matter, Defendant Central Purchasing will be subject to the jurisdiction and venue of this Court. Defendant Central Purchasing has been properly served in this matter.

**THE DEFENDANTS AND THEIR BUSINESSES**

4.

Defendant Harbor Freight Tools is the parent company of Defendant Central Purchasing.

5.

Defendant Central Purchasing is wholly-owned by Defendant Harbor Freight Tools.

6.

Defendant Central Purchasing owns the trademark for the Chicago Electric brand.

7.

Defendants are the exclusive importers of the Chicago Electric Brand.

8.

Defendants are the exclusive sellers of the Chicago Electric Brand.

**THE PRODUCT**

9.

The product at issue is a Chicago Electric 10-inch sliding compound Miter Saw, Item No. 61971, Serial No. 370441904 (the "Miter Saw").

10.

The serial number denotes that the Miter Saw was manufactured in the fourth week of 2019; that is, the week of January 20, 2019.

11.

The Miter Saw was co-manufactured and/or assembled by Jifa Group Company, Ltd., a Chinese tool manufacturer located in Nanma Town Dongyang, Zhejiang, China.

12.

The design of the Miter Saw is based on the JIFA Model 925526 miter saw, at least in part, but the designs differ.

13.

Defendants have employees and/or agents who, at least once a year or more on average:

(a) Visit China;

(b) Visit Jifa Group Company, Ltd.;

(c) Communicate with Jifa Group Company, Ltd.; and/or

(d) Discuss the design of tools with Jifa Group Company, Ltd.

14.

Mr. Harrison purchased the Miter Saw from a Harbor Freight location within the State of Georgia.

**THE RECALL**

15.

On or about February 23, 2023, Defendant Harbor Freight Tools recalled the lower blade guards sold for Chicago Electric Power Tools brand 12-inch Double Bevel Sliding Compound Miter Saws bearing item number 61970 and serial numbers less than 370331936.

16.

Defendant Harbor Freight Tools represented to the Consumer Product Safety Commission that it "recalled replacement lower blade guards [because those blade guards] do not sufficiently cover the saw blade and can break when making a cut, posing an injury hazard to the user."

17.

On its website, Defendant Harbor Freight Tools represents to the public that:

> THE REPLACEMENT BLADE GUARD (ITEM # 15610) IS NOT COMPATIBLE WITH UNITS OF THE CHICAGO ELECTRIC MITER SAW (ITEM# 61970) MANUFACTURED BEFORE JULY 2019, PRESENTING A POTENTIAL INJURY HAZARD.
>
> **CUSTOMERS WHO PURCHASED A REPLACEMENT BLADE GUARD FOR ITEM # 61970 WITH A SERIAL NUMBER LESS THAN 370331931 THROUGH HARBOR FREIGHT TOOLS PRODUCT SUPPORT SHOULD IMMEDIATELY STOP USING THESE MITER SAWS. . . .**

## THE INCIDENT

18.

On or about June 24, 2021, Plaintiff was using the Miter Saw in a renovation project.

19.

As he was using the saw, the blade guard failed to return to its position that allowed it to cover the blade, preventing the blade from contacting anything directly below the blade, including the user.

20.

As he was finishing his cut, the saw caused the material he was cutting to jump, which pushed his hand into the uncovered saw blade.

21.

The improper tolerances between the blade guard components prevented it from properly engaging to protect Mr. Harrison.

22.

After the incident, the blade guard still failed to properly engage, as shown below:



**INJURIES AND COMPENSATORY DAMAGES**

23.

As a proximate result of the Incident and the conduct of Defendants as described above, Mr. Harrison suffered severe and permanent injuries including, but not limited to:

    (a)    Severe lacerations to his left middle finger;

    (b)    The severing of most of his left middle finger;

    (c)    The loss of strength in his left hand; and

    (d)    Persistent weakness in his left hand.

24.

As a proximate result of the Incident and the conduct of Defendants as described above, Mr. Harrison was forced to endure numerous medical procedures.

25.

As a proximate result of the Incident and the conduct of Defendants as described above, Mr. Harrison was forced to endure substantial physical and mental pain and suffering, a few examples of which are listed below:

    (a)    Interference with normal living;

    (b)    Interference with enjoyment of life;

    (c)    Impairment of bodily health and vigor;

    (d)    Fear of extent of injury;

    (e)    Shock of impact;

    (f)    Actual pain and suffering, past and future;

    (g)    Mental anguish, past and future; and

    (h)    Limitation of activities.

26.

As a proximate result of the Incident and the conduct of Defendants as described above, Mr. Harrison suffered severe emotional trauma and mental anguish.

## COUNT I – STRICT LIABILITY

27.

Defendants designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed, and sold the Miter Saw, and its components, including but not limited to, the Miter Saw.

28.

The Miter Saw was sold to the end-user as a new product within 10 years of the filing of this action.

29.

The Miter Saw left Defendants' control in the same or substantially similar condition as it was at the time and place of the Incident, with the exception of ordinary wear and tear or aesthetic modifications that did not affect the blade guard.

30.

Defendants had a legal duty to design, inspect, test, manufacture, and assemble the blade guard in the Miter Saw so that it would be reasonably safe in both the foreseeable use and misuse of the product.

31.

Among other things, the Miter Saw is defective, unreasonably dangerous, and unsafe for foreseeable users and occupants in that the blade guard does not guard the blade and prevent users from contacting the spinning blade.

32.

The defective nature of the Miter Saw was the proximate cause of the injuries and damages sustained by Mr. Harrison, as set forth herein, thus rendering Defendants strictly liable.

## COUNT II – BREACH OF WARRANTY

33.

Defendants breached the implied warranty of merchantability by selling the Miter Saw when it was not fit for the ordinary purpose for which such goods are sold.

34.

This breach of warranty proximately caused the injuries and damages sustained by Mr. Harrison, as set forth herein.

## COUNT III – NEGLIGENCE

35.

At all times relevant herein, Defendants engaged in the business of designing, manufacturing, assembling, marketing, inspecting, testing, and/or selling (directly or through distributors) devices such as the Miter Saw.

36.

Defendants marketed, tested, inspected, and/or supervised those who did so for the Miter Saw generally. Defendants collectively have a duty to warn their customers, including Mr. Harrison, of any dangerous condition, defect, or safety hazard that they knew or reasonably should have known about including, but not limited to, the failure of the blade guard on their miter saws to function properly and protect users from contact with the blade. This duty to warn extends beyond the sale of the product to the customer and continues to this day.

37.

As the designers, manufacturers, marketers, inspectors, testers, and/or sellers of the Miter Saw and/or its component parts, Defendants owed a duty of care to Mr. Harrison and the consuming public in general to ensure that the Miter Saw that they design, manufacture, and/or sell are safe and free from defects. Defendants also had a duty to adequately warn owners and users of the Miter Saw, as well as the consuming public, about dangers of which they were or should have been aware of on the Miter Saw.

38.

Defendants specifically marketed this product (and its components) as both durable and safe for its intended uses. The Miter Saw was designed to have a long usable life and was intended to be used by people like Plaintiff to do precisely the types of things he was doing at the time of the incident.

39.

The Miter Saw was both unreasonably dangerous and defective at the time it was designed, fabricated, assembled, manufactured, tested, inspected, marketed, and sold because it was unsafe for its intended and reasonably foreseeable uses.

40.

Based upon the foregoing, Defendants were negligent and were the factual cause of the injuries, harm, damages, and losses of Mr. Harrison in that they:

(a) Participated in the design of a defective product;

(b) Participated in the manufacture of a defective product;

(c) Sold a defective product; and

(d) Failed to warn its customers about the defect in its product.

41.

Defendants marketed and sold the Miter Saw, and were responsible for warning about any safety hazards that they knew or should have known about. Defendants were also responsible for inspecting the Miter Saw to ensure that it was safe for its intended and foreseeable uses.

42.

Defendants specifically marketed and sold the Miter Saw as durable and safe for its intended and reasonably foreseeable uses. This was, in fact, false.

## **COUNT IV – NEGLIGENT RECALL**

43.

By engaging in the aforementioned blade guard recall, along with the research and analysis that was required to identify those distinct defects, Defendants assumed an affirmative duty to warn of defects that would or could lead to the same kind of incidents that occurred in this case.

44.

When Defendants assumed the aforementioned duties, they were aware of blade guard failures on other Chicago Electric miter saws that would or could lead to serious injury or death, just like the incident that occurred in this case.

45.

The Subject Vehicle contains, at minimum, design and/or manufacturing defects that caused the blade guard to fail to protect users from contact with the blade.

46.

Inexplicably, Ford failed to properly include the Miter Saw in its recall campaigns.

## COUNT V – PUNITIVE DAMAGES

47.

Defendants, through their conduct in designing, manufacturing, inspecting, testing, and selling the Miter Saw and its component parts, demonstrated gross neglect and an entire want of care evidencing a reckless indifference and conscious disregard to the consequences of their actions, which included an extreme degree of risk. Plaintiff is entitled to an award of punitive damages to deter Defendants from such conduct in the future.

48.

Despite Defendants' knowledge of the dangerous defects in their Miter Saw, Defendants did nothing to remedy or mitigate the problem so that innocent victims like Mr. Harrison would not be injured, maimed, or killed.

49.

As a result of Defendants' callous, wanton, and reckless conduct, and their conscious indifference to the safety and well-being of users of the Miter Saw, users of their other tools and saws that contain similar defects, and the consuming public in general, numerous victims have been, or will be, injured in similar incidents over time.

50.

There is clear and convincing evidence that Defendants acted with such willful, wanton, conscious, and reckless indifference, which demonstrated an entire wanton of care for property and the safety and well-being of victims like those involved in the Incident and others so as to evidence a conscious indifference to the consequences of its acts, which included an extreme

degree of risk. These actions demand and warrant an award of punitive damages against Defendants that will punish them for the harm they have caused and that will deter them from similar future misconduct.

## COUNT VI – ATTORNEYS' FEES AND EXPENSES

51.

Defendant have acted in bad faith, have been stubbornly litigious, and have caused the plaintiff unnecessary trouble and expense, entitling Plaintiff to attorneys' fees and the expenses of litigation pursuant to O.C.G.A. § 13-6-11.

## **PRAYER FOR RELIEF**

52.

Plaintiff prays for the following relief:

(a)  That Plaintiff recover all legally compensable damages that were inflicted by Defendants, which he suffered in the past and he will continue to suffer in the future, including but not limited to, compensation for physical pain, emotional distress, mental anguish, disfigurement, physical impairment, lost wages, lost earning capacity, pecuniary loss, loss of companionship and society, medical expenses, property damage, and any additional damages;

(b)  That punitive damages be awarded against Defendants in an amount sufficient to punish them for the harm caused by their dangerous and defective product, and to deter them from similar future misconduct;

(c)  That Plaintiff recover pre-judgment and post-judgment interest as allowed by applicable law;

(d)  That Plaintiff recover his costs of suit;

(e) That Defendants pay Plaintiff's attorneys' fees and expenses of litigation;

(f) That Plaintiff have a trial by jury; and

(g) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of June, 2023.

**ASHBY | THELEN | LOWRY**

/s/ Drew Ashby

445 Franklin Gateway SE
Marietta, Georgia 30067
Main: (404) 777-7771
Fax:  (404) 777-7772
drew@atllaw.com
max@atllaw.com
seth@atllaw.com

Andrew S. Ashby
Georgia Bar No. 455020
Maxwell K. Thelen
Georgia Bar No. 311404
Seth A. Lowry
Georgia Bar No. 867568

ID# E-GCPUQRXT-GJQ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2795**

JUN 23, 2023 08:51 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

STATE COURT OF COBB COUNTY
STATE OF GEORGIA

CIVIL ACTION NUMBER  23-A-2795

$198.00 COST PAID

Harrison, John

**PLAINTIFF**

VS.

Harbor Frieght Tools USA, Inc.
Central Purchasing, LLC, DBA Harbor Freight Tools

**DEFENDANTS**

**SUMMONS**

TO: HARBOR FRIEGHT TOOLS USA, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Drew Ashby
Ashby | Thelen | Lowry
445 Franklin Gateway SE
Marietta, Georgia 30067**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 26th day of June, 2023.**

Clerk of State Court



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



**STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

ID# E-GCPUQRXT-H2R
🔲 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**23-A-2795**
JUN 23, 2023 08:51 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER  23-A-2795

$198.00 COST PAID

Harrison, John

**PLAINTIFF**

VS.

Harbor Frieght Tools USA, Inc.
Central Purchasing, LLC, DBA Harbor Freight Tools

**DEFENDANTS**

**SUMMONS**

TO: CENTRAL PURCHASING, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Drew Ashby**
**Ashby | Thelen | Lowry**
**445 Franklin Gateway SE**
**Marietta, Georgia 30067**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 26th day of June, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-GCPUQRXT-DZR
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2795**

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of  Cobb  County

JUN 23, 2023 08:51 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**For Clerk Use Only**

**Date Filed** 06-23-2023
MM-DD-YYYY

**Case Number** 23-A-2795

### Plaintiff(s)
Harrison, John
Last          First          Middle I.    Suffix    Prefix

Last          First          Middle I.    Suffix    Prefix

Last          First          Middle I.    Suffix    Prefix

Last          First          Middle I.    Suffix    Prefix

### Defendant(s)
Harbor Frieght Tools USA, Inc.
Last          First          Middle I.    Suffix    Prefix

Central Purchasing, LLC
Last          First          Middle I.    Suffix    Prefix

Last          First          Middle I.    Suffix    Prefix

Last          First          Middle I.    Suffix    Prefix

**Plaintiff's Attorney** Ashby, Drew    **Bar Number** 455020    **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☑ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
    - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
    - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
   Case Number                 Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20



CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2795**

JUL 14, 2023 01:56 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

JOHN HARRISON,

    Plaintiff,

vs.

HARBOR FREIGHT TOOLS USA, INC. and
CENTRAL PURCHASING, LLC d/b/a
HARBOR FREIGHT TOOLS,

    Defendants

CIVIL ACTION NO.

23 A 2795

## AFFIDAVIT OF SERVICE OF PROCESS

COMES NOW the undersigned, Steven M. Barney, Jr. and gives this his affidavit of service of process testifying and deposing as follows:

1.

I am the age of majority and laboring with no mental disabilities. I give this affidavit based upon personal knowledge. I have no personal or financial interest in the outcome of this case. I am a Court appointed process server authorized to serve process in the above Court.

2.

I personally served upon CENTRAL PURCHASING, LLC d/b/a HARBOR FREIGHT TOOLS the following documents by serving Corporate Creations Network, Inc., registered agent, via Dale Stepancik, authorized to accept service, at the address of 2985 Gordy Parkway, First Floor, Marietta, Georgia on July 12, 2023 at 1:15 p.m.

- Summons
- Complaint for Damages

DATED this 13 day of July, 2023.

_____
STEVEN M. BARNEY, JR.

Sworn to and subscribed before me
This 13 day of July, 2023.

_____
Notary Public, State of Georgia
My Commission Expires: 2/16/27

Marysue Barney
NOTARY PUBLIC
Gilmer County
State of Georgia
My Comm. Expires 2/16/2027

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

IN RE:
STEVEN MICHAEL BARNEY, JR.,

PETITIONER

## ORDER

The Petition for Appointment of Steven Michael Barney, Jr. for Process Server having been read and considered and the Applicant's background having been reviewed by the Superior Court of Cobb County and the applicant having been appointed pursuant to O.C.G.A. 9-11-4 C.

IT IS HEREBY ORDERED that Steven Michael Barney, Jr. shall be and hereby is appointed process server for matters pertaining to this Court through ~~January 15, 2024~~ *Dec. 31, 2023* subject to revocation for good cause shown.

A copy of this Order must be attached to any Return of Service to be filed.

DATED this __18th__ day of __Jan__, 2023.

_____
JUDGE, COBB STATE COURT

CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2795**

JUL 14, 2023 01:56 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

JOHN HARRISON,

    Plaintiff,

vs.

HARBOR FREIGHT TOOLS USA, INC. and
CENTRAL PURCHASING, LLC d/b/a
HARBOR FREIGHT TOOLS,

    Defendants

CIVIL ACTION NO.

23 A 2795

## AFFIDAVIT OF SERVICE OF PROCESS

COMES NOW the undersigned, Steven M. Barney, Jr. and gives this his affidavit of service of process testifying and deposing as follows:

1.

I am the age of majority and laboring with no mental disabilities. I give this affidavit based upon personal knowledge. I have no personal or financial interest in the outcome of this case. I am a Court appointed process server authorized to serve process in the above Court.

2.

I personally served upon HARBOR FREIGHT TOOLS USA, INC. the following documents by serving Corporate Creations Network, Inc., registered agent, via Dale Stepancik, authorized to accept service, at the address of 2985 Gordy Parkway, First Floor, Marietta, Georgia on July 12, 2023 at 1:15 p.m.

- Summons
- Complaint for Damages

DATED this 13 day of July, 2023.

_____
STEVEN M. BARNEY, JR.

Sworn to and subscribed before me
This 13 day of July, 2023.

_____
Notary Public, State of Georgia
My Commission Expires: 2/16/27

Mary Jo Barney
Notary Public
Gilmer County
State of Georgia
My Comm. Expires 2/16/2027

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

IN RE:
STEVEN MICHAEL BARNEY, JR.,

PETITIONER

### ORDER

The Petition for Appointment of Steven Michael Barney, Jr. for Process Server having been read and considered and the Applicant's background having been reviewed by the Superior Court of Cobb County and the applicant having been appointed pursuant to O.C.G.A. 9-11-4 C.

IT IS HEREBY ORDERED that Steven Michael Barney, Jr. shall be and hereby is appointed process server for matters pertaining to this Court through ~~January 15, 2024~~ *Dec. 31, 2023* subject to revocation for good cause shown.

A copy of this Order must be attached to any Return of Service to be filed.

DATED this 18th day of Jan, 2023.

_____
JUDGE, COBB STATE COURT