IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| **EDWARD DRISCOLL and HOLLY JOEL DRISCOLL** *Plaintiffs*, v. **STATE FARM FIRE AND CASUALTY COMPANY,** *Defendant*. | Civil Action File No. _____ |

### NOTICE OF REMOVAL

COMES NOW, Defendant STATE FARM FIRE AND CASUALTY COMPANY, and submits this Notice of Removal of the action referenced herein from the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing as follows:

1.

Plaintiff filed suit against State Farm Fire and Casualty Company in a civil action brought in the Superior Court of Gwinnett County, Georgia, styled *Edward Driscoll and Holly Joel Driscoll vs. State Farm Fire and Casualty Company*, Civil Action File No. 23-A-05815-9.

Attached hereto and made a part hereof as Exhibits are:

- Exhibit A: A copy of the Complaint for Damages filed by Plaintiffs in the Superior Court of Gwinnett County on July 6, 2023;

1

- Exhibit B:  A copy of the summons issued by the Clerk of the Superior Court of Gwinnett County to State Farm Fire and Casualty Company on July 6, 2023;
- Exhibit C:  July 12, 2023 Sheriff's Entry of Service.
- Exhibit D:  Plaintiff's July 6, 2023 Certificate of Service

The attached Exhibits A through D are copies of all process, pleadings, and orders[1] in the action pending in the Superior.

2.

The aforementioned action was commenced by the filing of Plaintiffs' Complaint in the Superior Court of Gwinnett County, Georgia on July 6, 2023.

3.

Defendant was served with process on July 12, 2023. Pursuant to 28 U.S.C. §1446(b)(1) and FED. R. CIV. P. 6(a), this Notice of Removal is timely filed within 30 days after receipt by Defendant, through service or otherwise, of a copy of a pleading, amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

---

[1] Although the Sheriff's Entry of Service is not process, pleadings or an order, it is filed herein to show this Notice is timely filed.  *See Hall v. JPMorgan Chase Bank, N.A.*, No. JKB-19-2510, 2020 U.S. Dist. LEXIS 51728, at *8 (D. Md. Mar. 25, 2020) ("Plaintiff has not identified any authority providing that an affidavit of service qualifies as a 'process, pleading[], and order[]' that must be attached to a notice of removal under § 1446(d)."). The same is true for Exhibit D, Plaintiff's Certificate of Service of Discovery with the Complaint.

4.

This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

5.

The subject controversy is one between citizens of the state of Georgia (Plaintiffs) and Defendant, which is not a citizen of Georgia.

6.

Upon information and belief, Plaintiffs are citizens of the State of Georgia. (See Complaint ¶ 1).

7.

Defendant State Farm and Casualty Company is a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois and is not a citizen of the State of Georgia. Further, Defendant State Farm was not a citizen of the State of Georgia on the date of the filing of this action and has not been thereafter. ( See Complaint ¶ 2, Defendant is a foreign corporation).

8.

The amount in controversy exceeds $75,000.00, excluding interest and costs, and this is a civil action brought in a Superior Court of the State of Georgia, of which the United States District Courts have original jurisdiction because of diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332.

9.

Plaintiffs expressly allege in their Complaint that they are entitled to damages to their Property in the amount of $69,039.00, less sums already paid. (Complaint¶ 17).  Plaintiffs further allege sums already paid as $11,295.93.  (Complaint¶ 15). Further Plaintiffs also allege "[p]ursuant to O.C.G.A. § 33-4-6(a), Defendant is liable for penalties in the amount of 'not more than fifty percent (50%) of the liability of the insurer for the loss, or $5,000.00, whichever is greater, and all reasonable attorneys' fees for the prosecution of the action against the Insurer.'" (Complaint ¶-38).  50% of $57,744 is $28,872, bringing plaintiff's alleged claim before attorney's fees to $86,616.00. This Court is also authorized to include attorneys' fees in determining the amount inf controversy for removal purposes where those fees are allowed by statute. *Hall v. Travelers Ins. Co.*, 691 F. Supp. 1406, 1409 (N.D. Ga., 1998).  To that end, the Court is authorized to assign a "reasonable amount of attorneys' fees in assessing the amount in controversy. *Morrison v. Allstate Indem. Co.*, 228 F. 3d 1255, 1265 (11th Cir. 2000). Thus, with the damages, statutory penalties and attorneys' fees as plead by Plaintiffs, the amount in dispute in this matter will exceed the jurisdictional requirement of $75,000.00.

10.

Based on the complete diversity that exists between the parties and the amount in controversy, the pending action is one which Defendants are entitled to remove to this Court pursuant to 28 U.S.C. §§ 1332, 1446(b).

11.

Defendant has given written notice of this Notice of Removal to Plaintiff by notifying his attorneys of record as identified on the certificate of service attached hereto.

WHEREFORE, Defendant prays this Notice of Removal be filed, that said action be removed to and proceed in this Court, and no further proceedings be had in the said case in the Superior Court of Gwinnett County, Georgia.

This 11th day of August, 2023.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/Teresa E. Lazzaroni*
Teresa E. Lazzaroni
Georgia Bar No. 438614
*Counsel for Defendant*

303 Peachtree Street
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(855) 889-4588 (fax)
tlazzaroni@hpylaw.com