IN THE UNITED STATES DISTRICT COURT
FOR THE  NORTHERN DISTRICT OF GEORGIA
ATLANTA  DIVISION

ASHLEY MARTINEZ,

    Plaintiff,

v.

NEW RUE21, LLC,

    Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, Ashley Martinez ("Plaintiff" or "Ms. Martinez"), by and through undersigned counsel, and files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and 42 U.S.C. § 1981 ("Section 1981") against Defendant New Rue21, LLC ("Defendant") and shows the Court as follows:

## NATURE OF COMPLAINT

### 1.

Plaintiff brings this action to recover damages and reasonable attorney fees against Defendant for violating of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq* ("Title VII"), and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

### 2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

### 3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, the acts and omissions that give rise to Plaintiff's claims occurred in this District. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391 and 42 U.S.C. §2000(e)-5(f).

## PARTIES

### 4.

Plaintiff is an African American female citizen of the United States of America and is subject to the jurisdiction of this Court.

### 5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, National Registered Agents Inc., located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed charges of discrimination against Defendant Republic National with the Equal Employment Opportunity Commission ("EEOC").

8.

Upon Plaintiff's request, the EEOC issued Plaintiff a Notice of Right to Sue with respect to Plaintiff's EEOC Charges, entitling an action to be commenced within ninety (90) days of receipt of the notices.

9.

This action has been timely commenced.

## FACTUAL ALLEGATIONS

10.

Defendant is now, and at all times relevant hereto, has been an employer subject to Title VII and Section 1981.

11.

In or around February 2023, Plaintiff began working for Defendant as an Assistant Store Manager. Plaintiff interviewed with Defendant for a full-time Assistant Manager position but was hired as part-time.

12.

On or about March 17, 2023, Plaintiff had a conversation with Michael Stagnola ("Mr. Stagnola"), District Manager, about upcoming changes to the store. During the conversation, Mr. Stagnola told Plaintiff that based on her experience Plaintiff deserved more hours, but he hired Amber Coleman ("Ms. Coleman") for the full-time Assistant Store Manager position because "he wanted more white people in the store and for the store to be more diverse." At the time, the majority of the employes at Defendant's store were black. Mr. Stagnola and Ms. Coleman are both Caucasian.

13.

In or around mid-March 2023, Plaintiff reported Mr. Stagnola's statements to Jillian Hill ("Ms. Hill"), Store Manager. Specifically, Plaintiff told Ms. Hill that she was being discriminated against based on her race. Plaintiff also told Marquita ("LNU"), Assistant Store Manager, about Mr. Stagnola's statements. Ms. Hill and Marquita are both black. Later that same week, Mr. Stagnola fired Ms. Hill.

14.

In or around late March 2023, Nityra White ("Ms. White"), Store Manager, transferred to Plaintiff's store location to replace Ms. Hill. Ms. White told Plaintiff that Mr. Stagnola was trying to get Plaintiff and Marquita terminated.

15.

In or around April 2023, Plaintiff was written up for not listening to Ms. Coleman because Plaintiff was in the back of the store working while it was slow, and Ms. Coleman wanted Plaintiff on the floor. Later that day, Ms. White reminded Plaintiff that she should be careful because Mr. Stagnola was trying to get Plaintiff out of the company.

16.

On or about May 7, 2023, Plaintiff opened the store because Alexandria ("LNU"), Supervisor, was late. When Alexandria arrived, Plaintiff told Alexandria that she was going to the food court to pick up her order. When Plaintiff returned, Ms. Colman wrote her up for leaving an employee in the store without keys, which was untrue because Alexandria had keys to the store as a supervisor.

17.

On or about May 9, 2023, Ms. White told Plaintff that it was her last day because Plaintiff received two write-ups. Ms. White also told Plaintiff that Mr.

Stagnola pulled the performance metrics, and Plaintiff did not meet her sales goals, which was untrue.

18.

On or about May 10, 2023, Plaintiff emailed Natalie Carol-Jones ("Ms. Jones"), Human Resources, that her termination was a result of discrimination by Mr. Stagnola. Ms. Jones told Plaintiff that she was not terminated and resigned, which was untrue. Plaintiff reiterated to Ms. Jones that she did not resign, and Ms. White terminated her employment at the direction of Mr. Stagnola. Plaintiff subsequently received a separation notice from Defendant.

19.

Any reasons provided by Defendant for terminating Plaintiff's employment is pretext for unlawful retaliation in response to Plaintiff's protected activity.

20.

As a result of Defendant's unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendant, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21.

Plaintiff re-alleges paragraphs 10-21 as if set forth fully herein.

22.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII. In particular, Defendant gave Plaintiff less work hours than she would have otherwise received because of her race.

23.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

24.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

25.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

26.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27.

Plaintiff re-alleges paragraphs 10-27 as if set forth fully herein.

28.

Plaintiff is a member of a pretected class, i.e., she is African American.

29.

Title VII prohibits Defendant from retaliating against Plaintiff for engaing in protected activity.

30.

Plaintiff's complaints and opposition to, *inter alia*, racist conduct constitutes protectd activity under Title VII.

31.

Defendant subjected Plaintiff to adverse employment action (to wit, terminating Plaintiff's employment) because Plaintiff engaged in protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

32.

There was a causal connection between the protected conduct and the adverse action.

33.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

34.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT III:  VIOLATION OF 42 U.S.C. § 1981

35.

Plaintiff re-alleges paragraphs 1-36 as if set forth fully herein.

36.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Section 1981. In particular, Defendant gave Plaintiff less work hours than she would have otherwise received because of her race.

37.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

38.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

39.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

40.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT IV:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

41.

Plaintiff re-alleges paragraphs  1-43 as if set forth fully herein.

42.

Plaintiff is African American. Plaintiff had an employment agreement with Defendants within the meaning of Section 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

43.

Plaintiff performed his contractual obligations.

44.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

45.

Plaintiff is a member of a protected class; she is African American.

46.

Plaintiff's complaints and opposition to, *inter alia*, racist conduct constitutes protectd activity under 42 U.S.C. § 1981.

47.

Defendant subjected Plaintiff to adverse employment action (to wit, terminating Plaintiff's employment) because Plaintiff engaged in protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

48.

There was a causal connection between the protected conduct and the adverse action.

49.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

50.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

51.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which may be entitled.

Respectfully submitted this 11th day of August 2023.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*

V. Severin Roberts
Georgia Bar No. 940504
Benjamin J. Rollins
Georgia Bar No. 613751

*Attorneys for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
severin@justiceatwork.com
benjamin@justiceatwork.com