ID# E-SW4UCTCR-3Y4
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2998**

**JUL 12, 2023 09:17 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MELISSA SNELGROVE | ) |
| | ) |
| Plaintiff | ) CIVIL ACTION FILE NO. |
| | ) |
| v. | ) **JURY TRIAL DEMANDED**. |
| | ) |
| WAL-MART STORES EAST, L.P. | ) |
| AND RANDY VARNER | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Melissa Snelgrove, Plaintiff in the above-styled action (hereinafter referred to as "Plaintiff"), who hereby files this her Complaint for Personal Injuries, Permanent Impairment, Pain and Suffering, Medical Expenses, Lost Earnings, Attorneys' Fees and Legal Expenses Pursuant to O.C.G.A. §13-6-11, and Other Damages by showing this Court as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Melissa Snelgrove is, and at all times material to this action, was a resident of the State of Georgia.

2.

Defendant Wal-Mart Stores East, LP (hereinafter referred to as Defendant Wal-Mart) is an Arkansas Corporation transacting business in the State of Georgia and specifically in Cobb County, Georgia.

3.

Defendant Wal-Mart maintains offices and retail establishments in Georgia, specifically, a Wal-Mart business at, 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060.



EXHIBIT

**A**

4.

Defendant Wal-Mart may be served through its registered agent, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040.

5.

Defendant Wal-Mart is subject to the jurisdiction of this Court under and through the exercise of the Long Arm Statute, O.C.G.A. § 9-10-91, by virtue of the fact that Defendant Wal-Mart has transacted substantial business in the State of Georgia and specifically in Cobb County, Georgia and the subject cause of action arises for the tortious conduct committed by Defendant Wal-Mart in Cobb County, Georgia.

6.

Defendant Wal-Mart is subject to the venue of this Court under O.C.G.A. § 14-2-510(b)(3) by virtue of the fact that Defendant Wal-Mart maintains an office and transacts business in Cobb County, Georgia.

7.

Defendant Randy Varner ("Varner") a resident of Bulloch County, Georgia and may be served at his residence located at 17931 Highway 67, Apt 304, Statesboro, Georgia 30458.

8.

Defendant Varner is subject to both the jurisdiction and venue of this Court.

## FACTUAL ALLEGATIONS

9.

At all times material hereto, Defendant Wal-Mart was in the business of owning, operating, and/or managing retail stores, including, but not limited to, the subject Wal-Mart store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060.

10.

On or about September 18, 2021, Plaintiff Melissa Snelgrove, a business invitee, was shopping at the subject Wal-Mart store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia.

11.

Unbeknownst to Plaintiff, Melissa Snelgrove there existed a foreign substance on the ground in the produce area of the store, and said dangerous condition caused Plaintiff Melissa Snelgrove to slip and fall. Hereinafter "slip and fall" will be referred to as the "incident".

12.

Plaintiff Melissa Snelgrove had not traversed the area of Defendant Wal-Mart's premises where she was injured prior to the time of the subject September 18, 2021 incident.

13.

As a direct and proximate result of Melissa Snelgrove's incident, she sustained significant orthopedic injuries, including, but not limited to, injuries to her right and left hip, requiring hip replacement surgeries and extensive medical care and treatment.

14.

At all times material to this action and specifically at the time of the subject September 18, 2021 incident at Defendant Wal-Mart's store, Plaintiff Melissa Snelgrove was a business invitee of Defendant Wal-Mart.

15.

At all times material to this action and specifically at the time of the subject September 18, 2021 incident at Defendant's Wal-Mart store, Plaintiff Melissa Snelgrove conducted herself in

a safe and reasonable manner, and she did not in any way cause or contribute to the subject incident

which resulted in her sustaining serious injuries requiring multiple surgeries.

**COUNT I**
**NEGLIGENCE (Wal-Mart)**

16.

The allegations contained in paragraphs 1 through 15 of Plaintiff's Complaint are hereby

incorporated by reference and made a part hereof, as if each allegation was fully set forth herein.

17.

Defendant Wal-Mart owed a duty of care to Plaintiff Melissa Snelgrove, a business

invitee, of maintaining and keeping the premises of its property in a safe condition.

18.

Defendant Wal-Mart owed a duty of care to invitees in general and to Melissa Snelgrove,

specifically, to inspect its premises to discover possible dangerous conditions and to take

reasonable precautions and measures to protect invitees in general, and Melissa Snelgrove in

particular from foreseeable, dangerous conditions.

19.

At the time of the subject September 18, 2021 incident, Defendant Wal-Mart's property

was maintained in an unsafe and dangerous condition, specifically there existed a puddle of a

foreign substance in or near one of its aisles near the produce section of the store, creating a hazard

and exposing invitee, Melissa Snelgrove to a foreseeable and reasonable risk of injury and harm.

20.

At the time of the subject September 18, 2021 incident, Defendant Wal-Mart had superior

knowledge of the dangerous condition that existed in the subject area where Melissa Snelgrove

slipped and fell.

4

21.

At all times pertinent hereto, Defendant Wal-Mart was in full and complete control over these premises and Defendant Wal-Mart knew or should have known that the condition of its premises, specifically the puddle of the subject foreign substance in or near one of its aisles, constituted a dangerous and unsafe condition.

22.

Defendant Wal-Mart breached its duty of care to Plaintiff Melissa Snelgrove and its negligent acts and omissions include, but are not limited to, the following;

a. Failing to warn the public, and specifically Melissa Snelgrove, a business invitee, of the dangerous condition in the area where Melissa Snelgrove was injured;

b. Failing to inspect and maintain its subject premises in or around the area where Melissa Snelgrove was injured;

c. Failing to provide a safe condition under which invitees, such as Melissa Snelgrove could reasonably be safe from harm;

d. Failing to remove the dangerous condition of its premises, which condition created a concealed hazard to invitees such as Melissa Snelgrove; and

e. Failing to meet their statutory legal duty of care to invitees in general, and specifically to Melissa Snelgrove.

23.

As a direct and proximate result of the negligent acts and omissions of Defendant Wal-Mart, Plaintiff Melissa Snelgrove sustained serious and permanent injuries requiring multiple surgeries.

24.

As a direct and proximate result of the negligent acts and omissions of Defendant Wal-Mart, Plaintiff Melissa Snelgrove suffered and will continue to suffer the following:

    a.  Severe mental and physical pain and suffering;

    b.  A loss of enjoyment of life; and

    c.  Other consequential damages.

25.

As a direct and proximate result of the permanent injuries sustained in the subject incident caused by Defendant Wal-Mart's negligence, Plaintiff Melissa Snelgrove has incurred medical expenses in excess of $110,000.00 and she will continue to require and incur reasonable and necessary medical expenses in the future due to the severity of her injuries which are permanent, disabling, and painful.

26.

As a direct and proximate result of the injuries sustained in the subject incident caused by the negligence of Defendant Wal-Mart, Plaintiff Melissa Snelgrove has incurred lost wages due to the severe, disabling, and painful nature of her injuries.

27.

By reason of the foregoing, Plaintiff Melissa Snelgrove is entitled to recover compensatory damages from Defendant Wal-Mart for her severe mental and physical pain and suffering, loss of enjoyment of life, and other damages in such amounts as shall be shown by the evidence and determined in the enlightened conscience of the jury.

28.

By reason of the foregoing, Plaintiff Melissa Snelgrove is entitled to recover special damages from Defendant Wal-Mart for her past, and future medical expenses, and for her lost earnings, in such amounts as shall be shown by the evidence and proven at trial.

## COUNT II
## NEGLIGENCE (Defendant Randy Varner)

29.

The allegations contained in paragraphs 1 through 28 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each such allegation was fully set forth herein.

30.

At all times pertinent and specifically on September 18, 2021, Defendant Randy Varner was an employee and manager of the Defendant Wal-Mart and specifically was an employee and manager of the Defendant Wal-Mart who worked at the subject Wal-Mart store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia.

31.

Defendant Randy Varner failed to properly maintain, inspect, warn and/or remove from the subject aisle where Melissa Snelgrove slipped and fell the dangerous foreign substance which resulted in Plaintiff Melissa Snelgrove sustaining serious and permanent injuries on September, 18, 2021.

32.

Defendant Randy Varner owed a duty of care to Plaintiff Melissa Snelgrove, a business invitee, of maintaining and keeping the premises of the subject Wal-Mart property in a safe condition.

33.

Defendant Randy Varner owed a duty of care to invitees in general and to Plaintiff Melissa Snelgrove specifically, of inspecting the premises of the subject Wal-Mart, to discover possible dangerous conditions and to take reasonable precaution and measures to protect invitees in general and Plaintiff Melissa Snelgrove in particular from foreseeable dangerous conditions.

34.

Prior to and at the time of the subject September 18, 2021 incident, the subject Wal-Mart property and specifically the area where Plaintiff Melissa Snelgrove slipped and fell, was maintained in an unsafe and dangerous condition which created a hazard and exposed invitees, such as Plaintiff Melissa Snelgrove to a foreseeable risk of injury and harm.

35.

Prior to and at the time of the subject September 18, 2021 incident, Defendant Randy Varner had superior knowledge of the dangerous condition that existed with respect to the existence of the foreign substance on the floor of the subject Wal-Mart, and which dangerous condition resulted in Melissa Snelgrove sustaining serious injuries.

36.

At all times pertinent to this action, Defendant Randy Varner was in full and complete control over the subject Wal-Mart premises and Defendant Randy Varner knew or should have

known that the condition of the subject premises and specifically the condition of the floor of the subject area where Melissa Snelgrove slipped and fell, constituted a dangerous and unsafe hazard.

37.

As employees and agents of Defendant Wal-Mart, Defendant Wal-Mart is liable to the Plaintiff for the negligent acts and omissions committed by Defendant Randy Varner under principles of agency and respondeat superior.

38.

Defendant Randy Varner owed a duty of care to its business invitees and specifically to Plaintiff Melissa Snelgrove of exercising due and reasonable care in properly inspecting, maintaining, warning, and removing the subject foreign substance from its floor.

39.

Defendant Randy Varner breached those duties owed to Plaintiff Melissa Snelgrove by failing to properly inspect, warn, maintain, and remove the subject foreign substance for the safety and protection of Plaintiff Melissa Snelgrove.

40.

Defendant Randy Varner breached his duty of care to Plaintiff Melissa Snelgrove, and his negligent acts and omissions include, but are not limited to the following:

a. Failing to warn the public and specifically Plaintiff Melissa Snelgrove, a business invitee, of the dangerous condition presented by the existence of the foreign substance on the ground in the subject aisle;

b. Failing to inspect and maintain the subject area traversed by Plaintiff Melissa Snelgrove in a safe condition;

c.   Failing to provide a safe condition under which business invitees such as Plaintiff Melissa Snelgrove could reasonably be safe from harm; and

d.   Failing to remove the dangerous condition, specifically the foreign substance which caused Plaintiff Melissa Snelgrove to slip and fall, which condition created a concealed hazard to invitees such as Plaintiff Melissa Snelgrove.

41.

As a direct and proximate result of the negligent acts and omissions of Defendant Randy Varner, Plaintiff Melissa Snelgrove sustained serious and permanent injuries requiring multiple surgeries.

42.

As a direct and proximate result of the negligent acts and omissions of Defendant Randy Varner, Plaintiff Melissa Snelgrove has suffered and will continue to suffer the following:

a.   Severe mental and physical pain and suffering;

b.   A loss of enjoyment of life;

c.   Scarring and disfigurement;

d.   Other consequential damages.

43.

By reason of the foregoing, Plaintiff Melissa Snelgrove is entitled to recover compensatory damages from Defendants Defendant Randy Varner for her severe mental and physical pain and suffering, loss of enjoyment of life and other damages in such amounts as shall be shown by the evidence and determined in the enlightened conscience of the jury.

44.

By reason of the foregoing, Plaintiff Melissa Snelgrove is entitled to recover special damages from Defendant Randy Varner for her past and future medical expenses, and for her lost earnings, in such amounts as shall be shown by the evidence and proven at trial.

## COUNT III
### *(STUBBORNLY LITIGIOUS BEHAVIOR PURSUANT TO O.C.G.A. §13-6-11)*

45.

The allegations contained in paragraphs 1 through 44 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each allegation was fully set forth herein.

46.

Defendant Wal-Mart has acted in bad faith, has been stubbornly litigious and has caused the Plaintiff unnecessary trouble and expense in its defense of this action.

47.

By reason of the foregoing, the Plaintiff Melissa Snelgrove, is entitled to recover expenses of litigation, including attorneys' fees pursuant to O.C.G.A. §13-6-11, on account of the fact that Defendant Wal-Mart has acted in bad faith, has been stubbornly litigious, and has caused the Plaintiff Melissa Snelgrove unnecessary trouble and expense in its defense of this action.

WHEREFORE, Plaintiff Melissa Snelgrove prays and respectfully demands verdict and judgment as follows:

a. That summons and process issue and that the Defendants be served with a copy of this Complaint as required by law, and that said Defendants be required to appear and answer;

b. That Plaintiff Melissa Snelgrove be awarded compensatory damages from the Defendants for her past, present and future physical and emotional pain and suffering, and for other consequential damages as may be shown by the evidence and determined in the enlightened conscience of the jury;

c. That Plaintiff Melissa Snelgrove be awarded special damages from the Defendants for her past and future medical expenses and for her lost earnings in such amounts as shall be shown by the evidence and proven at trial;

d. That pursuant to O.C.G.A. §13-6-11, Plaintiff Melissa Snelgrove be awarded attorney's fees and expenses of litigation from the Defendant Wal-Mart on account of Defendant Wal-Mart's stubbornly litigious conduct in causing the Plaintiff unnecessary trouble, inconvenience, undue burden and expense, in such an amount as shall be shown by the evidence and proven at trial;

e. That Defendants be charged with all court costs reasonably incurred in the prosecution and trial of this case;

f. That Plaintiff be granted a trial by jury; and

g. That Plaintiff be granted such other and further relief as may be authorized by law.

This 12th day of July, 2023.

PENN LAW LLC

BY:   /s/ James I. Seifter
       JAMES I. SEIFTER
       Georgia Bar No. 636584
       jim@pennlawgroup.com
       DARREN W. PENN
       Georgia Bar No. 571322
       darren@pennlawgroup.com

4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
Phone/Fax: (404) 961-7655
Email: darren@pennlawgroup.com
**_Attorneys for Plaintiff_**

**ID# E-SW4UCTCR-TR4**
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2998**

**JUL 12, 2023 09:17 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MELISSA SNELGROVE | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES EAST, L.P. | ) |
| AND RANDY VARNER | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION FILE NO.

## PLAINTIFF'S NOTICE OF TAKING VIDEOTAPED DEPOSITION OF RANDY VARNER

YOU ARE HEREBY NOTIFIED that Plaintiff will proceed to take the videotaped

deposition of Trinity Laney for the purposes of discovery and cross-examination, and all

purposes allowed under the Georgia Civil Practice Act pursuant to O.C.G.A. §§ 9-11-26 and 9-

11-30, and before a court reporter provided by the Plaintiff. The deposition of RANDY

VARNER will take place on the 46th day after service of the Plaintiff's Complaint and

Summons on Defendant Randy Varner, beginning at 10:00 a.m. at a location mutually agreed

upon by the parties.

This 12th day of July, 2023.

PENN LAW LLC

BY:   /s/ James I. Seifter
JAMES I. SEIFTER
Georgia Bar No. 636584
jim@pennlawgroup.com
DARREN W. PENN
Georgia Bar No. 571322
darren@pennlawgroup.com



4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
Phone/Fax: (404) 961-7655
Email: darren@pennlawgroup.com
***Attorneys for Plaintiff***

ID# E-SW4UCTCR-MUP
✿ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2998**

**JUL 12, 2023 09:17 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MELISSA SNELGROVE | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, L.P. | ) | |
| AND RANDY VARNER | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO
### DEFENDANT RANDY VARNER

COMES NOW, Melissa Snelgrove, Plaintiff in the above-styled action, and requests pursuant to O.C.G.A. §9-1 l-36, this Defendant admit under oath the truth of the facts set forth within forty-five (45) days after service of this discovery request upon said Defendant. You are required to admit the truth of the matters set forth herein or specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny it. A denial must fairly meet the substance of the requested admission. If any portion of a particular request is truthful, you must in good faith qualify your answer or deny only part of the matter of which an admission is requested and specify so much of it as is true, qualifying or denying the remainder. Subject September 18, 2021 incident refers to the subject incident identified in Plaintiff's Complaint and which forms the basis for Plaintiff's Complaint.

### DEFINITIONS

a) The term "aware" shall mean within the corporate knowledge of Defendant Varner, including but not limited to the knowledge of any of its officers, managers, managing agents or employees with managerial responsibilities, including but not limited to managers of Wal-Mart "You" and "your" shall mean Randy Varner.



b) "Wal-Mart" shall mean Wal-Mart Stores East, LP and all of its employees, agents, representatives, partners, partnerships, affiliations, trade names, parent corporations and subsidiaries.

c) The term "subject Property" shall mean the Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060.

d) The term "incident" shall refer to the September 18, 2021 occurrence, incident, or accident, that gives rise to this lawsuit and which is set forth in Plaintiffs Complaint.

e) You may not give lack of information or knowledge as a reason for failure to admit unless you have made reasonable inquiry and the information known or readily available to you is not sufficient to enable you to admit or deny. An assertion that a request presents a genuine issue for trial is not sufficient grounds to object to a Request.

## REQUESTS FOR ADMISSIONS

1.

Defendant Varner has been properly named in the present case.

2.

Defendant Varner has been properly served in the present case.

3.

Defendant Varner is subject to the venue of this Court.

4.

Defendant Varner is subject to the jurisdiction of this court.

2

5.

At all times pertinent and specifically on September 18, 2021, the Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia was under the control of Defendant Varner.

6.

Plaintiff Melissa Snelgrove did not do anything negligently to cause or contribute to her injuries in connection with the subject September 18, 2021 incident at the subject Wal-Mart Store.

7.

Prior to the subject September 18, 2021 incident involving Plaintiff Melissa Snelgrove, Defendant Varner was aware of the condition of its premises in the specific location where Melissa Snelgrove slipped and slid.

8.

Prior to the subject September 18, 2021 incident involving Plaintiff Melissa Snelgrove, Defendant Varner did not remove the foreign substance in its aisle in the area where Melissa Snelgrove slipped and fell.

9.

Prior to the subject September 18, 2021 incident involving Plaintiff Melissa Snelgrove, Defendant Varner did not warn customers of Wal-Mart, which included Melissa Snelgrove, of the condition of the subject aisle, specifically the existence of the foreign substance.

10.

Prior to the subject September 18, 2021 incident involving Plaintiff Melissa Snelgrove, it was feasible for Defendant Varner to have removed the foreign substance from the subject aisle in the area where Melissa Snelgrove slipped and fell.

11.

Prior to the subject September 18, 2021 incident involving Plaintiff Melissa Snelgrove, it was feasible for Defendant Varner to have warned Melissa Snelgrove and other invitees of Wal-Mart, of the existence of a potentially dangerous condition in the aisle where Melissa Snelgrove slipped and fell.

12.

On September 18, 2021, in the moments prior to Plaintiff Melissa Snelgrove's incident at the subject Wal-Mart, Wal-Mart did not cordon off the area or place any cones or warning devices in the area where Melissa Snelgrove slipped and fell.

13.

On September 18, 2021, there were no warnings provided by Wal-Mart with respect to the condition of the premises in the area where Melissa Snelgrove slipped and fell.

14.

The person answering these Requests for Admission is authorized to do so.

This 12th day of July, 2023.

PENN LAW LLC

BY:   /s/ James I. Seifter
       JAMES I. SEIFTER
       Georgia Bar No. 636584
       jim@pennlawgroup.com
       DARREN W. PENN
       Georgia Bar No. 571322
       darren@pennlawgroup.com

4

4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
Phone/Fax: (404) 961-7655
Email: darren@pennlawgroup.com
***Attorneys for Plaintiff***

ID# E-SW4UCTCR-FZ2
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-2998

JUL 12, 2023 09:17 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MELISSA SNELGROVE | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, L.P. | ) | |
| AND RANDY VARNER | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT WAL-MART STORES EAST, L.P.

COMES NOW, Melissa Snelgrove, Plaintiff in the above-styled action, and requests pursuant to O.C.G.A. §9-1 l-36, this Defendant admit under oath the truth of the facts set forth within forty-five (45) days after service of this discovery request upon said Defendant. You are required to admit the truth of the matters set forth herein or specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny it. A denial must fairly meet the substance of the requested admission. If any portion of a particular request is truthful, you must in good faith qualify your answer or deny only part of the matter of which an admission is requested and specify so much of it as is true, qualifying or denying the remainder. Subject September 18, 2021 incident refers to the subject incident identified in Plaintiff's Complaint and which forms the basis for Plaintiff's Complaint.

### DEFINITIONS

a) The term "aware" shall mean within the corporate knowledge of Defendant Wal-Mart, including but not limited to the knowledge of any of its officers, managers, managing agents or employees with managerial responsibilities, including but not limited to managers of Wal-Mart "You" and "your" shall mean Wal-Mart Stores East, LP.

1



b) "Wal-Mart" shall mean Wal-Mart Stores East, LP and all of its employees, agents, representatives, partners, partnerships, affiliations, trade names, parent corporations and subsidiaries.

c) The term "subject Property" shall mean the Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060.

d) The term "incident" shall refer to the September 18, 2021 occurrence, incident, or accident, that gives rise to this lawsuit and which is set forth in Plaintiffs Complaint.

e) You may not give lack of information or knowledge as a reason for failure to admit unless you have made reasonable inquiry and the information known or readily available to you is not sufficient to enable you to admit or deny. An assertion that a request presents a genuine issue for trial is not sufficient grounds to object to a Request.

## **REQUESTS FOR ADMISSIONS**

### 1.

Defendant Wal-Mart Stores East, L.P. has been properly named in the present case.

### 2.

Defendant Wal-Mart Stores East, L.P. has been properly served in the present case.

### 3.

Defendant Wal-Mart Stores East, L.P. is subject to the venue of this Court.

### 4.

Defendant Wal-Mart Stores East, L.P. is subject to the jurisdiction of this court.

5.

At all times pertinent and specifically on September 18, 2021, the Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia was under the control of Defendant Wal-Mart Stores East, LP.

6.

Plaintiff Melissa Snelgrove did not do anything negligently to cause or contribute to her injuries in connection with the subject September 18, 2021 incident at the subject Wal-Mart Store.

7.

Prior to the subject September 18, 2021 incident involving Plaintiff Melissa Snelgrove, Defendant Wal-Mart was aware of the condition of its premises in the specific location where Melissa Snelgrove slipped and slid.

8.

Prior to the subject September 18, 2021 incident involving Plaintiff Melissa Snelgrove, Defendant Wal-Mart did not remove the foreign substance in its aisle in the area where Melissa Snelgrove slipped and fell.

9.

Prior to the subject September 18, 2021 incident involving Plaintiff Melissa Snelgrove, Defendant Wal-Mart did not warn customers of Wal-Mart, which included Melissa Snelgrove, of the condition of the subject aisle, specifically the existence of the foreign substance.

10.

Prior to the subject September 18, 2021 incident involving Plaintiff Melissa Snelgrove, it was feasible for Defendant Wal-Mart to have removed the foreign substance from the subject aisle in the area where Melissa Snelgrove slipped and fell.

11.

Prior to the subject September 18, 2021 incident involving Plaintiff Melissa Snelgrove, it was feasible for Defendant Wal-Mart to have warned Melissa Snelgrove and other invitees of Wal-Mart, of the existence of a potentially dangerous condition in the aisle where Melissa Snelgrove slipped and fell.

12.

On September 18, 2021, in the moments prior to Plaintiff Melissa Snelgrove's incident at the subject Wal-Mart, Wal-Mart did not cordon off the area or place any cones or warning devices in the area where Melissa Snelgrove slipped and fell.

13.

On September 18, 2021, there were no warnings provided by Wal-Mart with respect to the condition of the premises in the area where Melissa Snelgrove slipped and fell.

14.

The person answering these Requests for Admission is authorized to do so.

This 12ᵗʰ day of July, 2023.

PENN LAW LLC

BY:   /s/ James I. Seifter
      JAMES I. SEIFTER
      Georgia Bar No. 636584
      jim@pennlawgroup.com
      DARREN W. PENN
      Georgia Bar No. 571322
      darren@pennlawgroup.com

4

4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
Phone/Fax: (404) 961-7655
Email: darren@pennlawgroup.com
***Attorneys for Plaintiff***

ID# E-SW4UCTCR-JTQ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-2998

JUL 12, 2023 09:17 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MELISSA SNELGROVE              )
                              )
        Plaintiff             )        CIVIL ACTION FILE NO.
                              )
v.                            )
                              )
WAL-MART STORES EAST, L.P.     )
AND RANDY VARNER              )
                              )
        Defendants.           )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT RANDY VARNER

Plaintiff requests, pursuant to O.C.G.A. § 9-11-33, that Defendant answer under oath the following interrogatories, the answers to be served upon Plaintiff's attorney of record, James I. Seifter and Darren Penn, 4200 Northside Parkway, NW, Building One, Suite 100, Atlanta, Georgia 30327 within forty-five (45) days from the date said interrogatories are served upon Defendant.

## DEFINITIONS

Unless a contrary meaning appears in context, the following definitions apply:

(a) "You," "your," and "Defendant" mean Defendant Randy Varner or any person or persons acting on his behalf, including, but not limited to, agents, attorneys, advisors, investigators, representatives and other persons acting on their behalf.

(b) "Document" shall mean each writing, thing, transcript, or record of any type or description that is or has been in your possession, control, or custody, or of which you have knowledge.



(c)    "Communication" includes any statement or utterance, whether written or oral, made by one person to another, or in the presence of another, and any document (as defined above) delivered or sent from one person to another.

(d)    "Identify" when used with respect to a document or documents, shall mean, with respect to each document, the date, a description sufficient for identification, the subject matter and content, the specific location of the document and the name and address of the person having custody of the document.

"Identify" when used with respect to a person or persons, shall mean the name, age, business and residence addresses and telephone numbers, the employer and place of employment of all such persons.

(e)    Unless the context indicates otherwise, "person" shall mean the plural as well as the singular and shall include any natural person (alive or deceased), any firm, corporation, proprietorship, joint venture, trust or estate, business association, partnership, or other form of legal entity.

(f)    The terms "relating to" and "relate to" mean directly or indirectly mentioning, describing, pertaining to, being connected with, or reflecting upon the subject matter of the specific request.

(g)    When appropriate, the singular shall encompass the plural, and vice versa.

## **INSTRUCTIONS**

The following Instructions apply to all Interrogatories:

(a)    Each interrogatory is to be answered separately and specifically.

(b)     Plaintiff hereby requests, pursuant to O.C.G.A. § 9-11-26, that after answering these interrogatories, you supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect.

(c)     All information requested herein is to be set forth if it is in the possession or control of, or is available or accessible to, you or any of your agents, consultants, counsel, investigators, representatives or any other person or persons acting for you or on your behalf.

(d)     If you cannot answer certain of the following interrogatories in full after exercising due diligence to secure the information to do so, answer to the extent possible and explain your inability to provide a complete answer.  State whatever information or knowledge you have about the unanswered portion of any interrogatory.

(e)     If any information called for by an interrogatory is withheld on the basis of a claim of privilege, set forth the nature of the claimed privilege and the nature of the information with respect to which it is claimed.

(f)     Whenever an interrogatory requests the identification of a document, the answer shall state the name, address, position, and organization of the author and each recipient of the document, the custodian of the document, the date of the document, and a brief description of the subject matter of the document.

(g)     Whenever an interrogatory requests the identity of a person, state his or her full name, present or last known address, telephone number, and position of employment at the time in question.

(h)     Whenever an interrogatory requests the identity of an entity, state its name, address, telephone number, and the type of business in which the entity engages.

3

(i)      Whenever an interrogatory seeks a description of an act, transaction, occurrence, dealing or instance, state the date when it occurred, the place where it occurred, the identity of each persons participating therein, the person on whose behalf each such person participated or purported to participate, the nature and substance of all conversation or oral communication occurring during, or in connection with the act, transaction, occurrence, dealing or instance.

(k)      Whenever an interrogatory asks for a date, state the exact day, month and year, if ascertainable, or, if not, the best approximation thereof.

## INTERROGATORIES

The interrogatories to be answered by you are as follows:

1.

State the name, business address, job title and position of the person answering these interrogatories.

2.

Give the name and address of each expert consulted by you or on your behalf who may be expected to give testimony about any of the allegations in Plaintiff's Complaint or your Answer and Defenses thereto; the subject matter of each expert's testimony; the substance of the facts and opinions held by each expert; and, the summary of the grounds for each opinion held by each expert.

3.

Give the name, address and occupation of each person from whom this Defendant, or anyone acting for, on behalf of, or in the interest of this Defendant, has obtained any statement, written or recorded, together with the name, address and occupation of the person obtaining

such statements, when it was made, and the name and address of the person currently in possession of such statements.

4.

State the names, addresses, home telephone numbers, cell phone numbers, email address places of employment, job titles or capacities, and present whereabouts of all persons, having knowledge of relevant information, facts or circumstances about this case, known to you. Describe what that knowledge or information is, as best you know,

5.

State whether or not you were covered by any liability insurance policy or if you have any liability insurance coverage which does, may, or which you contend should apply to claims made by the Plaintiff in the above-captioned case, and if so, with respect to each such policy, state name of the insurance company, your policy number or the policy number, the limits of insurance coverage, the names of all individuals or corporations covered thereby for liability, whether defense of this action has been tendered to such company and/or whether you have requested that such company provide coverage for the claims made by the Plaintiff in this case, and in detail, that company's response to those requests.

6.

With respect to each and every insurance company which provides liability coverage for any purpose, whether primary or excess coverage (umbrella coverage), state whether you have notified the company of Plaintiffs claim, and in detail, the response of the company to that notification.

7.

State in detail your opinion with respect to the cause of the injuries or damages suffered by Plaintiff Melissa Snelgrove and state whether or not in your opinion it could have been avoided, and if so, how, stating when in your view this damage or injury was first caused to Melissa Snelgrove and describe what caused it, stating whether or not in your opinion anything happened after Plaintiff's incident on September 18, 2021 that caused, aggravated or worsened the injuries or damages suffered by Melissa Snelgrove.

8.

State with particularity and in detail each and every fact upon what you base any of your defenses as contained in your Answer or any denials to Plaintiff's allegations in her Complaint; also provide the name, address and position or title of all persons with knowledge supporting each such defense or denial and identify all factual evidence (testimonial, documentary and otherwise) supporting each such defense or denial.

9.

Have you ever had a claim submitted to or against you or your insurance carrier for injuries sustained at your 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 store? If so, describe in detail each such claim and the date and manner in which it was resolved.

10.

Describe with specificity all records, writings, videotapes, or memoranda known or believed by you to relate to the incident on September 18, 2021 resulting in Plaintiff Melissa Snelgrove's injuries whether said records, reports, writings, videotapes, or memoranda are currently or were at one time in existence. If the records, reports, writings, videotapes, or

6

memoranda are no longer available or in existence, state how and why that document is no longer available or in existence,

## 11.

Describe in detail all conversations or discussions which you had on or after September 18, 2021 regarding Melissa Snelgrove, identifying all persons with whom you discussed Melissa Snelgrove and the specific substance and details of all such discussions.

## 12.

Identify by providing the full name, address and telephone number, of the following individuals:

(a) The owner of the property at 210 Cobb Parkway, S.E., Marietta, Georgia 30060;

(b) The manager(s) of the Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 on September 18, 2021;

(c) All employees of the Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 on September 18, 2021.

## 13.

State with particularity, and in detail each and every fact upon which you base any of your denials to Plaintiffs First Request for Admissions, also providing the name, address, position and title of all persons with knowledge supporting each such denial and identify all factual evidence (documentary and otherwise) supporting any such denial.

## 14.

If you contend that you are not a proper party Defendant to this action, please state with particularity and in detail the names of all corporations, partnerships, individuals or entity, who

should be named as Defendants in this action by providing the name of each such person or entity, and the reason for their inclusion as a party to this action.

15.

Describe with particularity and in detail all personal injury legal actions or wrongful death actions filed against you involving allegations of negligent maintenance, inspection or repair of your premises, occurring at the subject Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 for the period of January 1, 2017, through December 31, 2022, providing the style of the case, the court in which the case was filed, the attorneys for the parties, and the outcome of the case (verdict, settlement and amount).

16.

Identify all persons who were maintenance personnel of the subject grocery store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 on September 18, 2021 giving their legal names, beginning and ending dates of employment, current addresses and telephone numbers.

17.

Describe with specificity and in detail all maintenance schedules or records prepared by you or on your behalf regarding the inspection, maintenance and repair of the premises of the Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 or the period January 1, 2017 through December 31, 2022.

18.

State in detail and with particularity how Defendant Varner contends the incident occurred forming the subject matter of this lawsuit.

19.

State the name, address, and employer of any person who to Defendant Varner's knowledge, information and belief was an eyewitness to the incident complained of in this action.

20.

On the date of September 18, 2021 incident, how frequently was the area where Plaintiff contends she was injured, patrolled, swept, and/or cleaned?

21.

In response to the preceding Interrogatory, please identify the manner or method of patrolling, sweeping, and cleaning the area in which the subject incident occurred and the name, address, and telephone number of any person responsible for patrolling, sweeping, and/or cleaning said area.

22.

At the time of the subject September 18, 2021 incident, identify all persons who were responsible for mopping, sweeping, inspecting, cleaning, or patrolling in the area where Plaintiff was injured.

23.

If it is the contention of Defendant Varner that he has been incorrectly named as a Defendant in this action, state with particularity the factual basis for Defendant Varner's contention.

This 12th day of July, 2023.

**PENN LAW LLC**

BY:   /s/ James I. Seifter
       JAMES I. SEIFTER
       Georgia Bar No. 636584
       jim@pennlawgroup.com
       DARREN W. PENN
       Georgia Bar No. 571322
       darren@pennlawgroup.com

4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
Phone/Fax: (404) 961-7655
Email: darren@pennlawgroup.com
***Attorneys for Plaintiff***

ID# E-SW4UCTCR-MAW
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2998**

**JUL 12, 2023 09:17 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MELISSA SNELGROVE            )
                             )
    Plaintiff            )       CIVIL ACTION FILE NO.
                             )
v.                           )
                             )
WAL-MART STORES EAST, L.P.   )
AND RANDY VARNER             )
                             )
    Defendants.          )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WAL-MART STORES EAST, LP

Plaintiff requests, pursuant to O.C.G.A. § 9-11-33, that Defendant answer under oath the following interrogatories, the answers to be served upon Plaintiff's attorney of record, James I. Seifter and Darren Penn, 4200 Northside Parkway, NW, Building One, Suite 100, Atlanta, Georgia 30327 within forty-five (45) days from the date said interrogatories are served upon Defendant.

## DEFINITIONS

Unless a contrary meaning appears in context, the following definitions apply:

(a) "You," "your," and "Defendant" mean Defendant Wal-Mart Stores East, L.P. or any person or persons acting on his behalf, including, but not limited to, agents, attorneys, advisors, investigators, representatives and other persons acting on their behalf.

(b) "Document" shall mean each writing, thing, transcript, or record of any type or description that is or has been in your possession, control, or custody, or of which you have knowledge.

1



(c)     "Communication" includes any statement or utterance, whether written or oral, made by one person to another, or in the presence of another, and any document (as defined above) delivered or sent from one person to another.

(d)     "Identify" when used with respect to a document or documents, shall mean, with respect to each document, the date, a description sufficient for identification, the subject matter and content, the specific location of the document and the name and address of the person having custody of the document.

"Identify" when used with respect to a person or persons, shall mean the name, age, business and residence addresses and telephone numbers, the employer and place of employment of all such persons.

(e)     Unless the context indicates otherwise, "person" shall mean the plural as well as the singular and shall include any natural person (alive or deceased), any firm, corporation, proprietorship, joint venture, trust or estate, business association, partnership, or other form of legal entity.

(f)     The terms "relating to" and "relate to" mean directly or indirectly mentioning, describing, pertaining to, being connected with, or reflecting upon the subject matter of the specific request.

(g)     When appropriate, the singular shall encompass the plural, and vice versa.

## **INSTRUCTIONS**

The following Instructions apply to all Interrogatories:

(a)     Each interrogatory is to be answered separately and specifically.

2

(b)     Plaintiff hereby requests, pursuant to O.C.G.A. § 9-11-26, that after answering these interrogatories, you supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect.

(c)     All information requested herein is to be set forth if it is in the possession or control of, or is available or accessible to, you or any of your agents, consultants, counsel, investigators, representatives or any other person or persons acting for you or on your behalf.

(d)     If you cannot answer certain of the following interrogatories in full after exercising due diligence to secure the information to do so, answer to the extent possible and explain your inability to provide a complete answer.  State whatever information or knowledge you have about the unanswered portion of any interrogatory.

(e)     If any information called for by an interrogatory is withheld on the basis of a claim of privilege, set forth the nature of the claimed privilege and the nature of the information with respect to which it is claimed.

(f)     Whenever an interrogatory requests the identification of a document, the answer shall state the name, address, position, and organization of the author and each recipient of the document, the custodian of the document, the date of the document, and a brief description of the subject matter of the document.

(g)     Whenever an interrogatory requests the identity of a person, state his or her full name, present or last known address, telephone number, and position of employment at the time in question.

(h)     Whenever an interrogatory requests the identity of an entity, state its name, address, telephone number, and the type of business in which the entity engages.

3

(i)      Whenever an interrogatory seeks a description of an act, transaction, occurrence, dealing or instance, state the date when it occurred, the place where it occurred, the identity of each persons participating therein, the person on whose behalf each such person participated or purported to participate, the nature and substance of all conversation or oral communication occurring during, or in connection with the act, transaction, occurrence, dealing or instance.

(k)      Whenever an interrogatory asks for a date, state the exact day, month and year, if ascertainable, or, if not, the best approximation thereof.

## INTERROGATORIES

The interrogatories to be answered by you are as follows:

1.

State the name, business address, job title and position of the person answering these interrogatories.

2.

Give the name and address of each expert consulted by you or on your behalf who may be expected to give testimony about any of the allegations in Plaintiff's Complaint or your Answer and Defenses thereto; the subject matter of each expert's testimony; the substance of the facts and opinions held by each expert; and, the summary of the grounds for each opinion held by each expert.

3.

Give the name, address and occupation of each person from whom this Defendant, or anyone acting for, on behalf of, or in the interest of this Defendant, has obtained any statement, written or recorded, together with the name, address and occupation of the person obtaining

such statements, when it was made, and the name and address of the person currently in possession of such statements.

4.

State the names, addresses, home telephone numbers, cell phone numbers, email address places of employment, job titles or capacities, and present whereabouts of all persons, having knowledge of relevant information, facts or circumstances about this case, known to you. Describe what that knowledge or information is, as best you know,

5.

State whether or not you were covered by any liability insurance policy or if you have any liability insurance coverage which does, may, or which you contend should apply to claims made by the Plaintiff in the above-captioned case, and if so, with respect to each such policy, state name of the insurance company, your policy number or the policy number, the limits of insurance coverage, the names of all individuals or corporations covered thereby for liability, whether defense of this action has been tendered to such company and/or whether you have requested that such company provide coverage for the claims made by the Plaintiff in this case, and in detail, that company's response to those requests.

6.

With respect to each and every insurance company which provides liability coverage for any purpose, whether primary or excess coverage (umbrella coverage), state whether you have notified the company of Plaintiffs claim, and in detail, the response of the company to that notification.

5

7.

State in detail your opinion with respect to the cause of the injuries or damages suffered by Plaintiff Melissa Snelgrove and state whether or not in your opinion it could have been avoided, and if so, how, stating when in your view this damage or injury was first caused to Melissa Snelgrove and describe what caused it, stating whether or not in your opinion anything happened after Plaintiff's incident on September 18, 2021 that caused, aggravated or worsened the injuries or damages suffered by Melissa Snelgrove.

8.

State with particularity and in detail each and every fact upon what you base any of your defenses as contained in your Answer or any denials to Plaintiff's allegations in her Complaint; also provide the name, address and position or title of all persons with knowledge supporting each such defense or denial and identify all factual evidence (testimonial, documentary and otherwise) supporting each such defense or denial.

9.

Have you ever had a claim submitted to or against you or your insurance carrier for injuries sustained at your 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 store? If so, describe in detail each such claim and the date and manner in which it was resolved.

10.

Describe with specificity all records, writings, videotapes, or memoranda known or believed by you to relate to the incident on September 18, 2021 resulting in Plaintiff Melissa Snelgrove's injuries whether said records, reports, writings, videotapes, or memoranda are currently or were at one time in existence. If the records, reports, writings, videotapes, or

memoranda are no longer available or in existence, state how and why that document is no longer available or in existence,

11.

Describe in detail all conversations or discussions which you had on or after September 18, 2021 regarding Melissa Snelgrove, identifying all persons with whom you discussed Melissa Snelgrove and the specific substance and details of all such discussions.

12.

Identify by providing the full name, address and telephone number, of the following individuals:

(a)  The owner of the property at 210 Cobb Parkway, S.E., Marietta, Georgia 30060;

(b)  The manager(s) of the Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 on September 18, 2021;

(c)  All employees of the Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 on September 18, 2021.

13.

State with particularity, and in detail each and every fact upon which you base any of your denials to Plaintiffs First Request for Admissions, also providing the name, address, position and title of all persons with knowledge supporting each such denial and identify all factual evidence (documentary and otherwise) supporting any such denial.

14.

If you contend that you are not a proper party Defendant to this action, please state with particularity and in detail the names of all corporations, partnerships, individuals or entity, who

should be named as Defendants in this action by providing the name of each such person or entity, and the reason for their inclusion as a party to this action.

15.

Describe with particularity and in detail all personal injury legal actions or wrongful death actions filed against you involving allegations of negligent maintenance, inspection or repair of your premises, occurring at the subject Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 for the period of January 1, 2017, through December 31, 2022, providing the style of the case, the court in which the case was filed, the attorneys for the parties, and the outcome of the case (verdict, settlement and amount).

16.

Identify all persons who were maintenance personnel of the subject grocery store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 on September 18, 2021 giving their legal names, beginning and ending dates of employment, current addresses and telephone numbers.

17.

Describe with specificity and in detail all maintenance schedules or records prepared by you or on your behalf regarding the inspection, maintenance and repair of the premises of the Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 or the period January 1, 2017 through December 31, 2022.

18.

State in detail and with particularity how Defendant Wal-Mart contends the incident occurred forming the subject matter of this lawsuit.

19.

State the name, address, and employer of any person who to Defendant Wal-Mart's knowledge, information and belief was an eyewitness to the incident complained of in this action.

20.

On the date of September 18, 2021 incident, how frequently was the area where Plaintiff contends she was injured, patrolled, swept, and/or cleaned?

21.

In response to the preceding Interrogatory, please identify the manner or method of patrolling, sweeping, and cleaning the area in which the subject incident occurred and the name, address, and telephone number of any person responsible for patrolling, sweeping, and/or cleaning said area.

22.

At the time of the subject September 18, 2021 incident, identify all persons who were responsible for mopping, sweeping, inspecting, cleaning, or patrolling in the area where Plaintiff was injured.

23.

If it is the contention of Defendant Wal-Mart that they have been incorrectly named as a Defendant in this action, state with particularity the factual basis for Defendant Wal-Mart's contention.

This 12th day of July, 2023.

**PENN LAW LLC**

BY:   /s/ James I. Seifter
       JAMES I. SEIFTER
       Georgia Bar No. 636584
       jim@pennlawgroup.com
       DARREN W. PENN
       Georgia Bar No. 571322
       darren@pennlawgroup.com

4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
Phone/Fax: (404) 961-7655
Email: darren@pennlawgroup.com
*Attorneys for Plaintiff*

ID# E-SW4UCTCR-BHW
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2998**

**JUL 12, 2023 09:17 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MELISSA SNELGROVE                    )
                                     )
        Plaintiff                    )        CIVIL ACTION FILE NO.
                                     )
v.                                   )
                                     )
WAL-MART STORES EAST, L.P.           )
AND RANDY VARNER                     )
                                     )
        Defendants.                  )

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RANDY VARNER

You are hereby notified, under the provisions of O.C.G.A. §9-11-34, to produce for inspection and copying to James I. Seifter, Penn Law LLC, 4200 Northside Parkway N.W., Building One, Suite 100, Atlanta, Georgia 30327 and Joel M. Baskin, Joel M. Baskin, P.C., 2791 Main Street, East Point, Georgia 30344, on the forty-fifth (45th) day after service, the following documents and tangible things requested herein. As used herein, the terms listed below are defined as follows:

**NOTE A:** The scope of discovery extends to all relevant and non-privileged information that might reasonably lead to the discovery of admissible evidence. Each individual request must be answered fully, in writing and under oath. A corporate Defendant has a responsibility to submit full and complete responses and to furnish reliable information, documents and other tangible things in its possession, custody or control or in the possession, custody or control of (I) past or present officers, agents, servants and employees, (2) its departments or divisions, (3) parent or subsidiary corporations, (4) sister corporations, (5) corporate affiliates, (6) foreign branches, (7) predecessor and successor corporations, (8) joint venture partners and (9) other persons, firms or corporations which, because of their business relationship, would (or should) readily respond to

1



your efforts to obtain the information and/or documents requested. You may refer to your "business records" only if the Plaintiff may obtain from those documents the same information you would provide if you were to respond to the request and only if the burden placed upon the Plaintiff by reference to the document is the same as the burden which would otherwise be placed upon Defendant.

If any requested document is claimed to be privileged or otherwise protected from discovery, you shall identify in writing, with particularity, the basis for such claim and, in the case of any document withheld, to identify in writing; (a) its title or designation, (b) its author, (c) its date, (d) the names, positions and capacities of all persons to whom it was addressed and copied, or by whom it has been seen, (e) its general nature and subject matter, (l) its present location and custodian, and (g) the basis upon which it is claimed to be privileged or otherwise protected from discovery. If any document produced has been redacted in any manner whatsoever, you shall so indicate on the document and be prepared to furnish the un-redacted documents to the Court for in camera review along with supportive affidavits justifying the redaction.

**NOTE B:** To the extent this Request for Production calls for document which are in a language other than English, provide English translations of the complete documents. For each document produced, indicate in your written response the Bates number or other identification of the documents responsive to each document request.

**NOTE C:** As used herein, "document" means the original and each non-identical copy whether non-identical because of alteration, attachments, blanks, comments, notes, underlining or otherwise, or any written record, graphic material, or other tangible evidence or thing, however, described or titled, whether letter, memorandum, report, police or accident report, affidavit, personal and/or handwritten notes, tape recording, video, film, photo, photocopy, telegram, telex,

transcript, electronically stored data, or otherwise in the possession or control of Defendant or to which Defendant has access. As used herein, the term "document" is also intended to include electronically generated and stored data files, computer files, e-mails, archived voice mail, data storage devices such as floppy discs, hard discs, tapes, backup tapes and optical discs-including but not limited to computer readable media, machine sensible, electronic or any other similar fo1ms of information. The term "document" is further intended to include any computer records, reflecting earlier drafts, revisions, addenda, amendments and the like with regard to any responsive document.

**NOTE D:** If documents are produced in an electronic format, please include an electronic searchable objective index for all fields.

**NOTE E:** These requests shall be deemed continuing so as to require supplemental responses upon receipt of additional information by Defendant and/or Defendant's counsel subsequent to the submission of Defendant's original responses.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

"Document" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, including but not limited to, letters, correspondence, e-mails, telegrams, mailgrams, appointment books, diaries, memoranda, tapes, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures, drawings and photographs, videos, films, microfilms, voice and/or sound recordings, maps, reports, surveys, minutes or statistical compilations, agreements, contracts, corporate records of corporate meetings, books of account, ledger books, bank checks, cashier's checks, cancelled checks, wire transfer documents, bills, receipts, invoices or any other reported or graphic material

in whatever form, including copies, drafts, and reproduction, "Document" also refers to any other data compilations from which information can be obtained and translated, if necessary, by you through computers or detection devices in to reasonably useful form;

"Person" means any natural person) corporation, partnership, proprietorship) association, governmental entity, agency, group, organization or group of persons;

"Document" means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

    a.  The title or other means of identification of each such document;

    b.  The date of each such document;

    c.  The author of each such document;

    d.  The receipt or recipients of each such document, including, but not limited to, Wal-Mart Stores East, Inc. or anyone who purports to represent Wal-Mart Stores East, LP;

    e.  The present location of any and all copies of each such document in the care, custody or control of Wal-Mart Stores East, LP;

    f.  The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

    g.  If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

To "identify" a natural person means to state that persons full name, title, or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons, means to state the full name of such business, organization, or group of persons, the form of business, organization or group of persons (e.g., government agency, corporation,

partnership, joint venture, etc.) And to "identify" the natural person who would have knowledge of the information sought by the interrogatory, 4. "Complaint" refers to the Complaint filed by the Plaintiff in this action. 5. Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular. 6.

The term "Incident" shall mean the September 18, 2021 incident at the subject Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 involving Plaintiff Melissa Snelgrove and which forms the basis for Plaintiffs Complaint, Wal-Mart, shall mean Wal-Mart Stores East, LP and all of its employees, agents, representatives, partners, partnerships, affiliations, trade names, parent corporations and subsidiaries.

Subject Wal-Mart Store shall mean the store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060, which is the subject of this lawsuit.

You" or "your" shall mean Defendant Randy Varner and all employees, agents, representatives, partners, partnerships, affiliations, trade names, parent corporations and subsidiaries.

Documents and tangible things which you are requested to produce are as follows:

1.

Documents, films, videotapes, computer recreations, test results, graphic evidence, demonstrative evidence, compilations of data, statistics, books, treatises, or any other type of evidence whatsoever that you contend are relevant to your defense of this lawsuit. This includes items that are impeaching in nature.

2.

Statements of witnesses, whether written, recorded or otherwise memorialized which you contend are relevant to the issues of this lawsuit.

3.

A Complete copy of any insurance agreement(s) (including excess and umbrella policies), under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgement which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgement. This request seeks the production of all such insurance agreements and insurance policies and not merely the production of the declaration page(s) for each such insurance agreement or insurance policy.

4.

Pleadings, including deposition transcripts filed by all parties in every personal injury action and/or wrongful death action brought against you which involved allegations of negligence, at any time during the period January 1, 2017 through December 31, 2022.

5.

Documents and tangible things that have information concerning claims or complaints brought by the public that have been asserted against you in which it was alleged or implied that you were negligent at the subject store at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 for the period of January 1, 2017 through December 31, 2022

6.

Photographs and/or videotapes of the subject Wal-Mart Store.

7.

All true, correct and authentic copies of your organizational charts and directories for each year between 2021 and present.

8.

Documents reflecting, pertaining to or evidencing inspections, inspection surveys, inspection reports, and sweep sheets conducted by your or on your behalf of the subject Wal-Mart Store for the period January 1, 2017 through December 31, 2022.

9.

Documents supporting any of your denials or qualified responses to Plaintiff's First Requests for Admission.

10.

Documents that relate or describe any electronic surveillance system which were in use at the subject Wal-Mart Store on September 18, 2021.

11.

Documents and tangible things, including, but not limited to, personal injury claims and/or lawsuits, brought against you that relate to or pertain to or have information about the condition of your premises located 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 for the period of January 1, 2017 through December 31, 2022.

12.

Document, and tangible things supporting any of your Affirmative Defenses asserted in your Answer to Plaintiff's Complaint.

13.

Documents relating or pertaining to compensation pay/compensation structures for management at the subject Wal-Mart Store for the period January 1, 2017 through December 31, 2022.

7

14.

Documents, including, but not limited to, internal incident reports, internal memoranda, correspondence to third persons or parties and internal investigative reports pertaining to the subject September 18, 2021 incident involving Melissa Snelgrove.

15.

All site plans and diagrams of the subject Wal-Mart Store,

16.

All inspection reports for the subject Wal-Mart Store conducted by you or anyone on your behalf from January 1, 2017 through December 31, 2022.

17.

All policies, practices, protocols, and/or teaching materials prepared by or on behalf of Defendant Varner dealing with, relating to, or pertaining to the removal of foreign substances for the floors of Wal-Mart stores.

18.

All documents and tangible things relating, pertaining, or dealing with the conduction of sweeps or inspections of Wal-Mart Stores, which policies, procedures and/or protocols were in effect on September 18, 2021.

19.

All documents and tangible things relating to the policies, procedures, and protocols of Defendant Varner, either created by the Defendant or for the Defendant, with regard to the placement of warnings, cones, or other devices, signals, or alerts for Wal-Mart customers in the event of spills, leaks, or the existence of other potentially dangerous conditions on the premises of Wal-Mart stores.

20.

All documents mentioned, described, or otherwise referenced in your Answer or in responses to Interrogatories.

21.

All documents that constitute evidence of communication between you or your agents and experts identified in your responses to Plaintiff's First Interrogatories to Defendant Varner.

22.

All reports prepared by any experts, agents, servants, employees, representatives, private investigators, or others who are identified in your responses to Plaintiff's First Interrogatories to Defendant Wal-Mart.

23.

All correspondence or other documents that refer to, relate to, or constitute evidence of the subject incident which forms the basis of Plaintiff's Complaint.

24.

All photographs and videotapes of the scene and/or pertaining, relating, or dealing with the subject September 18, 2021 incident which forms the basis for Plaintiff's Complaint.

25.

Any and all contracts which Defendant Wal-Mart may have with any independent vendor, company, supplier, or manufacturer for the cleaning or maintenance of the subject aisle in the subject Wal-Mart Store as of September 18, 2021.

This 12th day of July, 2023.

**PENN LAW LLC**

BY:   /s/ James I. Seifter
        JAMES I. SEIFTER
        Georgia Bar No. 636584
        jim@pennlawgroup.com
        DARREN W. PENN
        Georgia Bar No. 571322
        darren@pennlawgroup.com

4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
Phone/Fax: (404) 961-7655
Email: darren@pennlawgroup.com
***Attorneys for Plaintiff***

10

ID# E-SW4UCTCR-C5P
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-2998

JUL 12, 2023 09:17 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MELISSA SNELGROVE                  )
                                   )
        Plaintiff                  )        CIVIL ACTION FILE NO.
                                   )
v.                                 )
                                   )
WAL-MART STORES EAST, L.P.         )
AND RANDY VARNER                   )
                                   )
        Defendants.                )

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES EAST, INC.

You are hereby notified, under the provisions of O.C.G.A. §9-11-34, to produce for inspection and copying to James I. Seifter, Penn Law LLC, 4200 Northside Parkway N.W., Building One, Suite 100, Atlanta, Georgia 30327 and Joel M. Baskin, Joel M. Baskin, P.C., 2791 Main Street, East Point, Georgia 30344, on the forty-fifth (45th) day after service, the following documents and tangible things requested herein. As used herein, the terms listed below are defined as follows:

**NOTE A:** The scope of discovery extends to all relevant and non-privileged information that might reasonably lead to the discovery of admissible evidence. Each individual request must be answered fully, in writing and under oath. A corporate Defendant has a responsibility to submit full and complete responses and to furnish reliable information, documents and other tangible things in its possession, custody or control or in the possession, custody or control of (I) past or present officers, agents, servants and employees, (2) its departments or divisions, (3) parent or subsidiary corporations, (4) sister corporations, (5) corporate affiliates, (6) foreign branches, (7) predecessor and successor corporations, (8) joint venture partners and (9) other persons, firms or corporations which, because of their business relationship, would (or should) readily respond to



your efforts to obtain the information and/or documents requested. You may refer to your "business records" only if the Plaintiff may obtain from those documents the same information you would provide if you were to respond to the request and only if the burden placed upon the Plaintiff by reference to the document is the same as the burden which would otherwise be placed upon Defendant.

If any requested document is claimed to be privileged or otherwise protected from discovery, you shall identify in writing, with particularity, the basis for such claim and, in the case of any document withheld, to identify in writing; (a) its title or designation, (b) its author, (c) its date, (d) the names, positions and capacities of all persons to whom it was addressed and copied, or by whom it has been seen, (e) its general nature and subject matter, (l) its present location and custodian, and (g) the basis upon which it is claimed to be privileged or otherwise protected from discovery. If any document produced has been redacted in any manner whatsoever, you shall so indicate on the document and be prepared to furnish the un-redacted documents to the Court for in camera review along with supportive affidavits justifying the redaction.

**NOTE B:** To the extent this Request for Production calls for document which are in a language other than English, provide English translations of the complete documents. For each document produced, indicate in your written response the Bates number or other identification of the documents responsive to each document request.

**NOTE C:** As used herein, "document" means the original and each non-identical copy whether non-identical because of alteration, attachments, blanks, comments, notes, underlining or otherwise, or any written record, graphic material, or other tangible evidence or thing, however, described or titled, whether letter, memorandum, report, police or accident report, affidavit, personal and/or handwritten notes, tape recording, video, film, photo, photocopy, telegram, telex,

transcript, electronically stored data, or otherwise in the possession or control of Defendant or to which Defendant has access. As used herein, the term "document" is also intended to include electronically generated and stored data files, computer files, e-mails, archived voice mail, data storage devices such as floppy discs, hard discs, tapes, backup tapes and optical discs-including but not limited to computer readable media, machine sensible, electronic or any other similar fo1ms of information. The term "document" is further intended to include any computer records, reflecting earlier drafts, revisions, addenda, amendments and the like with regard to any responsive document.

**NOTE D:** If documents are produced in an electronic format, please include an electronic searchable objective index for all fields.

**NOTE E:** These requests shall be deemed continuing so as to require supplemental responses upon receipt of additional information by Defendant and/or Defendant's counsel subsequent to the submission of Defendant's original responses.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

"Document" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, including but not limited to, letters, correspondence, e-mails, telegrams, mailgrams, appointment books, diaries, memoranda, tapes, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures, drawings and photographs, videos, films, microfilms, voice and/or sound recordings, maps, reports, surveys, minutes or statistical compilations, agreements, contracts, corporate records of corporate meetings, books of account, ledger books, bank checks, cashier's checks, cancelled checks, wire transfer documents, bills, receipts, invoices or any other reported or graphic material

in whatever form, including copies, drafts, and reproduction, "Document" also refers to any other data compilations from which information can be obtained and translated, if necessary, by you through computers or detection devices in to reasonably useful form;

"Person" means any natural person) corporation, partnership, proprietorship) association, governmental entity, agency, group, organization or group of persons;

"Document" means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

a. The title or other means of identification of each such document;

b. The date of each such document;

c. The author of each such document;

d. The receipt or recipients of each such document, including, but not limited to, Wal-Mart Stores East, Inc. or anyone who purports to represent Wal-Mart Stores East, LP;

e. The present location of any and all copies of each such document in the care, custody or control of Wal-Mart Stores East, LP;

f. The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

g. If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

To "identify" a natural person means to state that persons full name, title, or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons, means to state the full name of such business, organization, or group of persons, the form of business, organization or group of persons (e.g., government agency, corporation,

partnership, joint venture, etc.) And to "identify" the natural person who would have knowledge of the information sought by the interrogatory, 4. "Complaint" refers to the Complaint filed by the Plaintiff in this action. 5. Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular. 6.

The term "Incident" shall mean the September 18, 2021 incident at the subject Wal-Mart Store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 involving Plaintiff Melissa Snelgrove and which forms the basis for Plaintiff's Complaint, Wal-Mart, shall mean Wal-Mart Stores East, LP and all of its employees, agents, representatives, partners, partnerships, affiliations, trade names, parent corporations and subsidiaries.

Subject Wal-Mart Store shall mean the store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060, which is the subject of this lawsuit.

You" or "your" shall mean Defendant Wal-Mart Stores East, Inc. and all employees, agents, representatives, partners, partnerships, affiliations, trade names, parent corporations and subsidiaries.

Documents and tangible things which you are requested to produce are as follows:

1.

Documents, films, videotapes, computer recreations, test results, graphic evidence, demonstrative evidence, compilations of data, statistics, books, treatises, or any other type of evidence whatsoever that you contend are relevant to your defense of this lawsuit. This includes items that are impeaching in nature.

2.

Statements of witnesses, whether written, recorded or otherwise memorialized which you contend are relevant to the issues of this lawsuit.

5

3.

A Complete copy of any insurance agreement(s) (including excess and umbrella policies), under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgement which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgement. This request seeks the production of all such insurance agreements and insurance policies and not merely the production of the declaration page(s) for each such insurance agreement or insurance policy.

4.

Pleadings, including deposition transcripts filed by all parties in every personal injury action and/or wrongful death action brought against you which involved allegations of negligence, at any time during the period January 1, 2017 through December 31, 2022.

5.

Documents and tangible things that have information concerning claims or complaints brought by the public that have been asserted against you in which it was alleged or implied that you were negligent at the subject store at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 for the period of January 1, 2017 through December 31, 2022.

6.

Photographs and/or videotapes of the subject Wal-Mart Store.

7.

All true, correct and authentic copies of your organizational charts and directories for each year between 2021 and present.

8.

Documents reflecting, pertaining to or evidencing inspections, inspection surveys, inspection reports, and sweep sheets conducted by your or on your behalf of the subject Wal-Mart Store for the period January 1, 2017 through December 31, 2022.

9.

Documents supporting any of your denials or qualified responses to Plaintiff's First Requests for Admission.

10.

Documents that relate or describe any electronic surveillance system which were in use at the subject Wal-Mart Store on September 18, 2021.

11.

Documents and tangible things, including, but not limited to, personal injury claims and/or lawsuits, brought against you that relate to or pertain to or have information about the condition of your premises located 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060 for the period of January 1, 2017 through December 31, 2022.

12.

Document, and tangible things supporting any of your Affirmative Defenses asserted in your Answer to Plaintiff's Complaint.

13.

Documents, including, but not limited to, internal incident reports, internal memoranda, correspondence to third persons or parties and internal investigative reports pertaining to the subject September 18, 2021 incident involving Melissa Snelgrove.

14.

All site plans and diagrams of the subject Wal-Mart Store,

15.

All inspection reports for the subject Wal-Mart Store conducted by you or anyone on your behalf from January 1, 2017 through December 31, 2022.

16.

All policies, practices, protocols, and/or teaching materials prepared by or on behalf of Defendant Wal-Mart dealing with, relating to, or pertaining to the removal of foreign substances for the floors of Wal-Mart stores.

17.

All documents and tangible things relating, pertaining, or dealing with the conduction of sweeps or inspections of Wal-Mart Stores, which policies, procedures and/or protocols were in effect on September 18, 2021.

18.

All documents and tangible things relating to the policies, procedures, and protocols of Defendant Wal-Mart, either created by the Defendant or for the Defendant, with regard to the placement of warnings, cones, or other devices, signals, or alerts for Wal-Mart customers in the event of spills, leaks, or the existence of other potentially dangerous conditions on the premises of Wal-Mart stores.

19.

All documents mentioned, described, or otherwise referenced in your Answer or in responses to Interrogatories.

20.

All documents that constitute evidence of communication between you or your agents and experts identified in your responses to Plaintiff's First Interrogatories to Defendant Wal-Mart.

21.

All reports prepared by any experts, agents, servants, employees, representatives, private investigators, or others who are identified in your responses to Plaintiff's First Interrogatories to Defendant Wal-Mart.

22.

All correspondence or other documents that refer to, relate to, or constitute evidence of the subject incident which forms the basis of Plaintiff's Complaint.

23.

All photographs and videotapes of the scene and/or pertaining, relating, or dealing with the subject September 18, 2021 incident which forms the basis for Plaintiff's Complaint.

24.

Any and all contracts which Defendant Wal-Mart may have with any independent vendor, company, supplier, or manufacturer for the cleaning or maintenance of the subject aisle in the subject Wal-Mart Store as of September 18, 2021.

25.

Videotapes of the scene of the subject incident involving the Plaintiff for the 12-hour period prior to the subject September 18, 2021 incident and for 2 hours thereafter.

26.

The complete personnel file for Defendant Randy Varner.

This 12th day of July, 2023.

**PENN LAW LLC**

BY:   /s/ James I. Seifter
         JAMES I. SEIFTER
         Georgia Bar No. 636584
         jim@pennlawgroup.com
         DARREN W. PENN
         Georgia Bar No. 571322
         darren@pennlawgroup.com

4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
Phone/Fax: (404) 961-7655
Email: darren@pennlawgroup.com
***Attorneys for Plaintiff***

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

**ID# E-SW4UCTCR-4VT**
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2998**

**JUL 12, 2023 09:17 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER   23-A-2998

$198.00 COST PAID

Snelgrove, Melissa

---
**PLAINTIFF**

                                                VS.

Wal-Mart Stores East, L.P.
Varner, Randy

---
**DEFENDANTS**

## SUMMONS

TO: WAL-MART STORES EAST, L.P.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**James Seifter**
**Penn Law LLC**
**4200 Northside Parkway, NW**
**Building One, Suite 100**
**Atlanta, Georgia 30327**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of July, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-SW4UCTCR-TTP
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2998**

**JUL 12, 2023 09:17 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER   23-A-2998

$198.00 COST PAID

Snelgrove, Melissa

**PLAINTIFF**

**VS.**

Wal-Mart Stores East, L.P.
Varner, Randy

**DEFENDANTS**

## SUMMONS

TO: VARNER, RANDY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **James Seifter**
> **Penn Law LLC**
> **4200 Northside Parkway, NW**
> **Building One, Suite 100**
> **Atlanta, Georgia 30327**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of July, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



**General Civil and Domestic Relations Case Filing Information Form**

ID# E-SW4UCTCR-SKV
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2998**

☐ Superior or ☑ State Court of __Cobb_____ County

JUL 12, 2023 09:17 AM

Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

| For Clerk Use Only | |
| --- | --- |
| Date Filed __07-12-2023__ <br> **MM-DD-YYYY** | Case Number __23-A-2998__ |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Snelgrove, Melissa | | | | | Wal-Mart Stores East, L.P. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Varner, Randy | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** __Seifter, James__     Bar Number __636584__     Self-Represented ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

ID# E-RXNQCJXH-EN2
⚡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2998**

JUL 14, 2023 10:05 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

MELISSA SNELGROVE,

      Plaintiff,

Vs.

WAL-MART STORES EAST, L.P., RANDY
VARNER,

      Defendant's.

_____

Civil Action File No: 23-A-2998

STATE OF GEORGIA
WALTON COUNTY

## AFFIDAVIT OF SERVICE

Personally, appeared before the undersigned, an officer duly authorizes by law to administer oaths, Donald Price, a United States Citizen and over the age of 18 years after being duly sworn, deposes and states that the statements set forth below are true and accurate.

1.

On **July 13, 2023,** at approximately **1:24 P.M., WAL-MART STORES EAST, L.P.,** Defendant in the above referenced matter, was served with the Summons, Complaint for Damages, Plaintiff's First Request for Admissions To Defendant Wal-Mart Stores East, L.P., Plaintiff's First Request For Production of Documents To Defendant Wal-Mart Stores East, Inc., and Plaintiff's First Interrogatories to Defendant Wal-Mart Stores East, L.P. Service was perfected on Davon Jackson, an authorized agent to accept service for The Corporation Company, the reported Registered Agent for Wal-Mart Stores East, L.P. Service was perfected at 106 Colony Park Drive Suite 800-B Cumming, Georgia 30040.

Sworn to and subscribed before me
this 14th day of July 2023.

_____
Affiant, James Basham

*LaDonna Gauntt*
_____
NOTARY PUBLIC
My commission expires on 11/21/25.



IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

IN RE: JAMES BASHAM     :
                           :
    PETITIONER       :         CIVIL ACTION NO.:
                           :
                           :
                           :

**ORDER**

The Petition for Appointment of **JAMES STEVEN BASHAM** for Process Server having

been read and considered, and the Applicants background having been reviewed by the

Superior Court of Cobb County and the applicant having been appointed pursuant to O.C.G.A.

9-11-4.C,

IT IS HEREBY ORDERED: That JAMES STEVEN BASHAM shall be, and hereby is appointed

process server for matters pertaining to this Court, through January 15, 2024, subject to

revocation for good cause shown. ~~Dec. 31 2023~~

A copy of this Order must be attached to any Return of Service to be files.

This _18th_ day of _Jan_ 2023.

*Allison Bamesdau*
Judge, Cobb State Court

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MELISSA SNELGROVE,       )
                             )
      Plaintiff,       )
                             )     CIVIL ACTION FILE
vs.                         )     NO. 23-A-2998
                             )
WAL-MART STORES EAST, L.P. and   )
RANDY VARNER,      )
                             )
      Defendants.     )

### ANSWER AND JURY DEMAND OF
### DEFENDANT WAL-MART STORES EAST, L.P.

Defendant Wal-Mart Stores East, L.P., by and through counsel, answers plaintiff's

Complaint as follows:

### FIRST DEFENSE

The subject incident and Plaintiff's injuries, if any, were directly and proximately caused

by plaintiff's failure to exercise ordinary care for their own safety.

### SECOND DEFENSE

Plaintiff's knowledge of the hazard, if any, was equal to the knowledge, if any, that

Defendant possessed; therefore, Plaintiff is barred from any recovery against Defendant.

### THIRD DEFENSE

Plaintiff voluntarily assumed the risk of the hazard, if any, that was present at the subject

store at the time of the subject incident; therefore, Plaintiff is barred from any recovery against

Defendant.

### FOURTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted for attorney's fees.

## FIFTH DEFENSE

The Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SIXTH DEFENSE

Defendant has breached no legal duty to Plaintiff and Plaintiff's claims, therefore, should be dismissed.

## SEVENTH DEFENSE

No act or omission of Defendant caused or contributed to cause any injury or damage which Plaintiff may have suffered and Plaintiff, therefore, may not recover against Defendant.

## EIGHTH DEFENSE

If it is judicially determined that Defendant is liable for any injuries sustained by the Plaintiff, which is denied, then Defendant states that any injuries so sustained were caused, in whole or in part, by the Plaintiff's own negligence and/or fault, and that Plaintiff's damages therefore should be either barred or reduced by the percentage commensurate with the degree of negligence or fault attributable to the Plaintiff.

## NINTH DEFENSE

Defendant will rely upon any and all defenses supported by facts developed during discovery proceedings in this action and hereby specifically reserves the right to amend its Answer for the purposes of asserting any such additional defenses.

## **TENTH DEFENSE**

Defendant reserves the right to seek application of the law of the appropriate venue on all issues, including, but not limited to, statute of limitations, statue of repose, contributory and comparative negligence, and damages.

## **ELEVENTH DEFENSE**

Responding to the specific allegations of the numbered paragraphs of plaintiff's Complaint, Defendant Wal-Mart Stores East, L.P., answers:

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained within this paragraph of plaintiff's Complaint.

2.

Defendant admits the allegations contained within this paragraph of plaintiff's Complaint.

3.

Defendant admits the allegations contained within this paragraph of plaintiff's Complaint.

4.

Defendant admits the allegations contained within this paragraph of plaintiff's Complaint.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained within this paragraph of plaintiff's Complaint.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained within this paragraph of plaintiff's Complaint.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained within this paragraph of plaintiff's Complaint.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained within this paragraph of plaintiff's Complaint.

9.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained within this paragraph of plaintiff's Complaint.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained within this paragraph of plaintiff's Complaint.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained within this paragraph of plaintiff's Complaint.

13.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained within this paragraph of plaintiff's Complaint.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained within this paragraph of plaintiff's Complaint.

16.

Defendant incorporates and re-alleges its responses to paragraphs 1-15 inclusive.

17.

Defendant denies the allegations of this paragraph of plaintiff's Complaint.

18.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

19.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

20.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

21.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

22.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

23.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

24.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

25.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

26.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

27.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

28.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

29.

Defendant incorporates and re-alleges its responses to paragraphs 1-28 inclusive.

30.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of contained within this paragraph of plaintiff's Complaint.

31.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

32.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

33.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

34.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

35.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

36.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

37.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

38.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

39.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

40.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

41.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

42.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

43.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

44.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

45.

Defendant incorporates and re-alleges its responses to paragraphs 1-44 inclusive.

46.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

47.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

48.

Any allegation, language or paragraph of plaintiff's Complaint not heretofore responded to is specifically denied by Defendant.

WHEREFORE having answered, defendant Wal-Mart Stores East, L.P. prays that it be discharged, with its costs, that it receive a trial by a jury of twelve (12) persons, and that it receive all further relief available under the law.

This 10th day of August, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

_____
Steven R. Wilson
Georgia Bar No. 614233
Carolyn L. Lee
Georgia Bar No. 772008
*Attorneys for Defendant Wal-Mart Stores East, L.P.*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
swilson@wachp.com
clee@wachp.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the ANSWER AND JURY DEMAND OF DEFENDANT WAL-MART STORES EAST, L.P.  with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

James Seifter, Esq.
Darren W. Penn, Esq.
**PENN LAW LLC**
4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
jim@pennlawgroup.com
darren@pennlawgroup.com
*Attorney for Plaintiff*

This 10th day of August, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

Steven R. Wilson
Georgia Bar No. 614233
Carolyn L. Lee
Georgia Bar No. 772008
*Attorneys for Defendant Wal-Mart Stores East, L.P.*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
swilson@wachp.com
clee@wachp.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MELISSA SNELGROVE,                )
                                  )
        Plaintiff,                )
                                  )        CIVIL ACTION FILE
vs.                               )        NO. 23-A-2998
                                  )
WAL-MART STORES EAST, L.P. and    )
RANDY VARNER,                     )
                                  )
        Defendants.               )

## RULE 5.2 CERTIFICATE OF SERVICE

Pursuant to Uniform State Court Rule 5.2, the undersigned hereby certifies that a copy of DEFENDANT WAL-MART STORES EAST, L.P.'S RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION was served upon counsel of record in the foregoing matter electronically and/or by depositing copies of same in the United States Mail in an envelope with sufficient postage thereon addressed as follows:

James Seifter, Esq.
Darren W. Penn, Esq.
**PENN LAW LLC**
4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
jim@pennlawgroup.com
darren@pennlawgroup.com
*Attorney for Plaintiff*

This 10th day of August, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

Steven R. Wilson
Georgia Bar No. 614233
Carolyn L. Lee
Georgia Bar No. 772008
*Attorneys for Defendant Wal-Mart Stores East, L.P.*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
swilson@wachp.com
clee@wachp.com