ID# ESW4UCTCR-3Y4
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2998**

JUL 12, 2023 09:17 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MELISSA SNELGROVE ) | |
| ) | |
| Plaintiff ) | CIVIL ACTION FILE NO. |
| ) | |
| v. ) | **JURY TRIAL DEMANDED.** |
| ) | |
| WAL-MART STORES EAST, L.P. ) | |
| AND RANDY VARNER ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Melissa Snelgrove, Plaintiff in the above-styled action (hereinafter referred to as "Plaintiff"), who hereby files this her Complaint for Personal Injuries, Permanent Impairment, Pain and Suffering, Medical Expenses, Lost Earnings, Attorneys' Fees and Legal Expenses Pursuant to O.C.G.A. §13-6-11, and Other Damages by showing this Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Melissa Snelgrove is, and at all times material to this action, was a resident of the State of Georgia.

2.

Defendant Wal-Mart Stores East, LP (hereinafter referred to as Defendant Wal-Mart) is an Arkansas Corporation transacting business in the State of Georgia and specifically in Cobb County, Georgia.

3.

Defendant Wal-Mart maintains offices and retail establishments in Georgia, specifically, a Wal-Mart business at, 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060.


EXHIBIT B

4.

Defendant Wal-Mart may be served through its registered agent, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, Georgia 30040.

5.

Defendant Wal-Mart is subject to the jurisdiction of this Court under and through the exercise of the Long Arm Statute, O.C.G.A. § 9-10-91, by virtue of the fact that Defendant Wal-Mart has transacted substantial business in the State of Georgia and specifically in Cobb County, Georgia and the subject cause of action arises for the tortious conduct committed by Defendant Wal-Mart in Cobb County, Georgia.

6.

Defendant Wal-Mart is subject to the venue of this Court under O.C.G.A. § 14-2-510(b)(3) by virtue of the fact that Defendant Wal-Mart maintains an office and transacts business in Cobb County, Georgia.

7.

Defendant Randy Varner ("Varner") a resident of Bulloch County, Georgia and may be served at his residence located at 17931 Highway 67, Apt 304, Statesboro, Georgia 30458.

8.

Defendant Varner is subject to both the jurisdiction and venue of this Court.

### FACTUAL ALLEGATIONS

9.

At all times material hereto, Defendant Wal-Mart was in the business of owning, operating, and/or managing retail stores, including, but not limited to, the subject Wal-Mart store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia 30060.

10.

On or about September 18, 2021, Plaintiff Melissa Snelgrove, a business invitee, was shopping at the subject Wal-Mart store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia.

11.

Unbeknownst to Plaintiff, Melissa Snelgrove there existed a foreign substance on the ground in the produce area of the store, and said dangerous condition caused Plaintiff Melissa Snelgrove to slip and fall. Hereinafter "slip and fall" will be referred to as the "incident".

12.

Plaintiff Melissa Snelgrove had not traversed the area of Defendant Wal-Mart's premises where she was injured prior to the time of the subject September 18, 2021 incident.

13.

As a direct and proximate result of Melissa Snelgrove's incident, she sustained significant orthopedic injuries, including, but not limited to, injuries to her right and left hip, requiring hip replacement surgeries and extensive medical care and treatment.

14.

At all times material to this action and specifically at the time of the subject September 18, 2021 incident at Defendant Wal-Mart's store, Plaintiff Melissa Snelgrove was a business invitee of Defendant Wal-Mart.

15.

At all times material to this action and specifically at the time of the subject September 18, 2021 incident at Defendant's Wal-Mart store, Plaintiff Melissa Snelgrove conducted herself in

a safe and reasonable manner, and she did not in any way cause or contribute to the subject incident which resulted in her sustaining serious injuries requiring multiple surgeries.

## COUNT I
## NEGLIGENCE (Wal-Mart)

16.

The allegations contained in paragraphs 1 through 15 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each allegation was fully set forth herein.

17.

Defendant Wal-Mart owed a duty of care to Plaintiff Melissa Snelgrove, a business invitee, of maintaining and keeping the premises of its property in a safe condition.

18.

Defendant Wal-Mart owed a duty of care to invitees in general and to Melissa Snelgrove, specifically, to inspect its premises to discover possible dangerous conditions and to take reasonable precautions and measures to protect invitees in general, and Melissa Snelgrove in particular from foreseeable, dangerous conditions.

19.

At the time of the subject September 18, 2021 incident, Defendant Wal-Mart's property was maintained in an unsafe and dangerous condition, specifically there existed a puddle of a foreign substance in or near one of its aisles near the produce section of the store, creating a hazard and exposing invitee, Melissa Snelgrove to a foreseeable and reasonable risk of injury and harm.

20.

At the time of the subject September 18, 2021 incident, Defendant Wal-Mart had superior knowledge of the dangerous condition that existed in the subject area where Melissa Snelgrove slipped and fell.

21.

At all times pertinent hereto, Defendant Wal-Mart was in full and complete control over these premises and Defendant Wal-Mart knew or should have known that the condition of its premises, specifically the puddle of the subject foreign substance in or near one of its aisles, constituted a dangerous and unsafe condition.

22.

Defendant Wal-Mart breached its duty of care to Plaintiff Melissa Snelgrove and its negligent acts and omissions include, but are not limited to, the following;

a. Failing to warn the public, and specifically Melissa Snelgrove, a business invitee, of the dangerous condition in the area where Melissa Snelgrove was injured;

b. Failing to inspect and maintain its subject premises in or around the area where Melissa Snelgrove was injured;

c. Failing to provide a safe condition under which invitees, such as Melissa Snelgrove could reasonably be safe from harm;

d. Failing to remove the dangerous condition of its premises, which condition created a concealed hazard to invitees such as Melissa Snelgrove; and

e. Failing to meet their statutory legal duty of care to invitees in general, and specifically to Melissa Snelgrove.

23.

As a direct and proximate result of the negligent acts and omissions of Defendant Wal-Mart, Plaintiff Melissa Snelgrove sustained serious and permanent injuries requiring multiple surgeries.

24.

As a direct and proximate result of the negligent acts and omissions of Defendant Wal-Mart, Plaintiff Melissa Snelgrove suffered and will continue to suffer the following:

a. Severe mental and physical pain and suffering;

b. A loss of enjoyment of life; and

c. Other consequential damages.

25.

As a direct and proximate result of the permanent injuries sustained in the subject incident caused by Defendant Wal-Mart's negligence, Plaintiff Melissa Snelgrove has incurred medical expenses in excess of $110,000.00 and she will continue to require and incur reasonable and necessary medical expenses in the future due to the severity of her injuries which are permanent, disabling, and painful.

26.

As a direct and proximate result of the injuries sustained in the subject incident caused by the negligence of Defendant Wal-Mart, Plaintiff Melissa Snelgrove has incurred lost wages due to the severe, disabling, and painful nature of her injuries.

27.

By reason of the foregoing, Plaintiff Melissa Snelgrove is entitled to recover compensatory damages from Defendant Wal-Mart for her severe mental and physical pain and suffering, loss of enjoyment of life, and other damages in such amounts as shall be shown by the evidence and determined in the enlightened conscience of the jury.

28.

By reason of the foregoing, Plaintiff Melissa Snelgrove is entitled to recover special damages from Defendant Wal-Mart for her past, and future medical expenses, and for her lost earnings, in such amounts as shall be shown by the evidence and proven at trial.

## COUNT II
## NEGLIGENCE (Defendant Randy Varner)

29.

The allegations contained in paragraphs 1 through 28 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each such allegation was fully set forth herein.

30.

At all times pertinent and specifically on September 18, 2021, Defendant Randy Varner was an employee and manager of the Defendant Wal-Mart and specifically was an employee and manager of the Defendant Wal-Mart who worked at the subject Wal-Mart store located at 210 Cobb Parkway, S.E., Marietta, Cobb County, Georgia.

31.

Defendant Randy Varner failed to properly maintain, inspect, warn and/or remove from the subject aisle where Melissa Snelgrove slipped and fell the dangerous foreign substance which resulted in Plaintiff Melissa Snelgrove sustaining serious and permanent injuries on September, 18, 2021.

32.

Defendant Randy Varner owed a duty of care to Plaintiff Melissa Snelgrove, a business invitee, of maintaining and keeping the premises of the subject Wal-Mart property in a safe condition.

33.

Defendant Randy Varner owed a duty of care to invitees in general and to Plaintiff Melissa Snelgrove specifically, of inspecting the premises of the subject Wal-Mart, to discover possible dangerous conditions and to take reasonable precaution and measures to protect invitees in general and Plaintiff Melissa Snelgrove in particular from foreseeable dangerous conditions.

34.

Prior to and at the time of the subject September 18, 2021 incident, the subject Wal-Mart property and specifically the area where Plaintiff Melissa Snelgrove slipped and fell, was maintained in an unsafe and dangerous condition which created a hazard and exposed invitees, such as Plaintiff Melissa Snelgrove to a foreseeable risk of injury and harm.

35.

Prior to and at the time of the subject September 18, 2021 incident, Defendant Randy Varner had superior knowledge of the dangerous condition that existed with respect to the existence of the foreign substance on the floor of the subject Wal-Mart, and which dangerous condition resulted in Melissa Snelgrove sustaining serious injuries.

36.

At all times pertinent to this action, Defendant Randy Varner was in full and complete control over the subject Wal-Mart premises and Defendant Randy Varner knew or should have

known that the condition of the subject premises and specifically the condition of the floor of the subject area where Melissa Snelgrove slipped and fell, constituted a dangerous and unsafe hazard.

37.

As employees and agents of Defendant Wal-Mart, Defendant Wal-Mart is liable to the Plaintiff for the negligent acts and omissions committed by Defendant Randy Varner under principles of agency and respondeat superior.

38.

Defendant Randy Varner owed a duty of care to its business invitees and specifically to Plaintiff Melissa Snelgrove of exercising due and reasonable care in properly inspecting, maintaining, warning, and removing the subject foreign substance from its floor.

39.

Defendant Randy Varner breached those duties owed to Plaintiff Melissa Snelgrove by failing to properly inspect, warn, maintain, and remove the subject foreign substance for the safety and protection of Plaintiff Melissa Snelgrove.

40.

Defendant Randy Varner breached his duty of care to Plaintiff Melissa Snelgrove, and his negligent acts and omissions include, but are not limited to the following:

    a. Failing to warn the public and specifically Plaintiff Melissa Snelgrove, a business invitee, of the dangerous condition presented by the existence of the foreign substance on the ground in the subject aisle;

    b. Failing to inspect and maintain the subject area traversed by Plaintiff Melissa Snelgrove in a safe condition;

    c. Failing to provide a safe condition under which business invitees such as Plaintiff Melissa Snelgrove could reasonably be safe from harm; and

    d. Failing to remove the dangerous condition, specifically the foreign substance which caused Plaintiff Melissa Snelgrove to slip and fall, which condition created a concealed hazard to invitees such as Plaintiff Melissa Snelgrove.

41.

As a direct and proximate result of the negligent acts and omissions of Defendant Randy Varner, Plaintiff Melissa Snelgrove sustained serious and permanent injuries requiring multiple surgeries.

42.

As a direct and proximate result of the negligent acts and omissions of Defendant Randy Varner, Plaintiff Melissa Snelgrove has suffered and will continue to suffer the following:

    a. Severe mental and physical pain and suffering;

    b. A loss of enjoyment of life;

    c. Scarring and disfigurement;

    d. Other consequential damages.

43.

By reason of the foregoing, Plaintiff Melissa Snelgrove is entitled to recover compensatory damages from Defendants Defendant Randy Varner for her severe mental and physical pain and suffering, loss of enjoyment of life and other damages in such amounts as shall be shown by the evidence and determined in the enlightened conscience of the jury.

44.

By reason of the foregoing, Plaintiff Melissa Snelgrove is entitled to recover special damages from Defendant Randy Varner for her past and future medical expenses, and for her lost earnings, in such amounts as shall be shown by the evidence and proven at trial.

## COUNT III
## *(STUBBORNLY LITIGIOUS BEHAVIOR PURSUANT TO O.C.G.A. §13-6-11)*

45.

The allegations contained in paragraphs 1 through 44 of Plaintiff's Complaint are hereby incorporated by reference and made a part hereof, as if each allegation was fully set forth herein.

46.

Defendant Wal-Mart has acted in bad faith, has been stubbornly litigious and has caused the Plaintiff unnecessary trouble and expense in its defense of this action.

47.

By reason of the foregoing, the Plaintiff Melissa Snelgrove, is entitled to recover expenses of litigation, including attorneys' fees pursuant to O.C.G.A. §13-6-11, on account of the fact that Defendant Wal-Mart has acted in bad faith, has been stubbornly litigious, and has caused the Plaintiff Melissa Snelgrove unnecessary trouble and expense in its defense of this action.

WHEREFORE, Plaintiff Melissa Snelgrove prays and respectfully demands verdict and judgment as follows:

a. That summons and process issue and that the Defendants be served with a copy of this Complaint as required by law, and that said Defendants be required to appear and answer;

b. That Plaintiff Melissa Snelgrove be awarded compensatory damages from the Defendants for her past, present and future physical and emotional pain and suffering, and for other consequential damages as may be shown by the evidence and determined in the enlightened conscience of the jury;

c. That Plaintiff Melissa Snelgrove be awarded special damages from the Defendants for her past and future medical expenses and for her lost earnings in such amounts as shall be shown by the evidence and proven at trial;

d. That pursuant to O.C.G.A. §13-6-11, Plaintiff Melissa Snelgrove be awarded attorney's fees and expenses of litigation from the Defendant Wal-Mart on account of Defendant Wal-Mart's stubbornly litigious conduct in causing the Plaintiff unnecessary trouble, inconvenience, undue burden and expense, in such an amount as shall be shown by the evidence and proven at trial;

e. That Defendants be charged with all court costs reasonably incurred in the prosecution and trial of this case;

f. That Plaintiff be granted a trial by jury; and

g. That Plaintiff be granted such other and further relief as may be authorized by law.

This 12th day of July, 2023.

                                        **PENN LAW LLC**

                                  BY:    /s/ James I. Seifter
                                                JAMES I. SEIFTER
                                                Georgia Bar No. 636584
                                                jim@pennlawgroup.com
                                                DARREN W. PENN
                                                Georgia Bar No. 571322
                                                darren@pennlawgroup.com

4200 Northside Parkway, NW
Building One, Suite 100
Atlanta, Georgia 30327
Phone/Fax: (404) 961-7655
Email: darren@pennlawgroup.com
***Attorneys for Plaintiff***