IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Caleb Blehm, | |
| *On behalf of himself and others similarly situated*, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT - COLLECTIVE ACTION |
| MH Pizza, LLC; and Keene Murphy; | JURY TRIAL DEMANDED |
| Defendants. | |

## <u>COLLECTIVE ACION COMPLAINT</u>

COMES NOW Caleb Blehm, on behalf of himself and all similarly-situated individuals, brings this action against MH Pizza, LLC and Keene Murphy. Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals with minimum and overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

1.

Plaintiff brings this action on behalf of himself and similarly situated current and former delivery drivers who worked for Defendants at any point in the past three

(3) years  and who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b) to remedy

violations of the FLSA wage and hour provisions by Defendants. The members of

the proposed FLSA Collective are referred to hereafter as the "Collective Members".

## JURISDICTION AND VENUE

2.

Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction

over Plaintiff's FLSA claims.

3.

Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendants

are headquartered in Douglasville, Georgia, and a substantial part of the events

giving rise to the claim herein occurred in this district.

## PARTIES

4.

Plaintiff Caleb Blehm resides in Dallas, Georgia.

5.

Defendant MH Pizza, LLC is a Georgia Limited Liability Company with its

principal place of business at 3510 West Stewarts Mill Road, Douglasville, GA,

30135.

6.

Defendant MH Pizza, LLC names as its registered agent, Keene Murphy and provides its registered office at 3510 West Stewarts Mill Road, Douglasville, GA, 30135, where Keene Murphy may be served with Summons and a copy of this Complaint.

7.

Defendant Keene Murphy is a natural person residing in the State of Georgia at 3432 Red Bud Rd NE, Calhoun, GA 30701-9530 where may be served with Summons and a copy of this Complaint, or alternatively at 3510 West Stewarts Mill Road, Douglasville, GA, 30135.

8.

Plaintiff worked for Defendants' Marco's Pizza restaurant located at E. 351 Paulding Drive, Dallas, Georgia and 4336 Ridge Road, Douglasville, Georgia from approximately January 1, 2022 through the present.

9.

Plaintiff was an "employee" of all of the Defendants as defined by the FLSA.

10.

Plaintiff has given written consent to join this action, a copy of which is attached to this Complaint as "**Exhibit A**".

11.

Upon information and belief, Defendants own and operate a multiple Marco's Pizza restaurants, including the location where Plaintiff works.

12.

Defendant MH Pizza, LLC is a Georgia limited liability company, with its principal place of business at 3510 West Stewarts Mill Road, Douglasville, GA 30135.

13.

MH Pizza is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA.

14.

Upon information and belief, MH Pizza applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of Defendants' Marco's Pizza locations, including policies, practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

15.

At all relevant times, MH Pizza maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring,

firing, disciplining, timekeeping, payroll, reimbursements, pay rates, and other practices.

16.

At all relevant times, MH Pizza has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

17.

MH Pizza's gross revenue exceeds $500,000 per year.

18.

Upon information and belief, Defendant Murphy is the President of and owner of MH Pizza.

19.

Defendant Murphy is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA.

20.

Upon information and belief, Defendant Murphy applies or causes to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of Defendants' Marco's Pizza locations, including policies,

practices, and procedures relating to payment of minimum wages, overtime wages, and reimbursement of automobile expenses.

21.

At all relevant times, Defendant Murphy maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, and other practices.

<strong><u>LEGAL STANDARDS APPLICABLE TO DEFENDANTS' EXPENSE<br/>REIMBURSEMENT VIOLATIONS</u></strong>

22.

The FLSA prohibits any "kickback" of job-related expenses which would cut into the minimum wage or overtime otherwise required to be paid under the Act. Specifically, 29 C.F.R. § 531.35 provides:

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there

Page 6 of 31

would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the **minimum or overtime wages** required to be paid him under the Act. (emphasis added).

23.

Pizza delivery drivers' vehicle expenses are "tools of the trade." "In the pizza delivery context, the cost associated with delivering food for an employer is a 'kickback' to the employer that must be fully reimbursed, lest a minimum wage violation be triggered." *Hatmaker v. PJ Ohio*, LLC, No. 3:17-cv-146, 2019 WL 5725043, at *3 (S.D. Ohio Nov. 5, 2019); *see also, e.g.*, *Benton v. Deli Management, Inc.*, 396 F.Supp.3d 1261, 1269-74 (N.D. Ga. Aug. 8, 2019) ("[Employer's] need for a vehicle is directly incidental to its business."); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F.Supp.2d 240, 258 (S.D.N.Y. Oct. 21, 2008) ("there is substantial legal authority for the proposition that mechanisms for transportation- typically motor vehicles-can be tools of the trade."); *Perrin v. Papa John's Int'l, Inc.*, 114 F.Supp.3d 707, 729-30 (E.D. Mo. July 8, 2015) (denying summary judgment that fixed costs could be excluded from "tools of the trade").

24.

The relevant regulation governing such "kickbacks" does not define a methodology for calculating mileage rates or provide any other guidance as to how

to determine or put a value on the expenses related to operating an automobile for work. *See* 29 C.F.R. § 531.35.

25.

In light of this ambiguity, Courts have adopted the methodology detailed in the Department of Labor's Field Operations Handbook. *See Hatmaker,* 2019 WL 5725043, at *6 (granting delivery drivers' motion for summary judgment); *see also Brandenburg v. Cousin Vinny's Pizza*, LLC, No. 3:16-cv-516, 2018 WL 5800594, *4 (S.D. Ohio Nov. 6, 2018) (granting Rule 23 class certification); *Brandenburg v. Cousin Vinny's Pizza, LLC*, 2019 WL 6310376, *1 (Nov. 25, 2019) (granting final approval of Rule 23 settlement and adopting DOL Handbook standard).

26.

Specifically, the DOL Handbook's rule is:

> **30c15 Car expenses: employee's use of personal car on employer's business.** In some cases it is necessary to determine the costs involved when employees use their cars on their employer's business in order to determine minimum wage compliance. For example, car expenses are frequently an issue for delivery drivers employed by pizza or other carry-out type restaurants.
>
> (a) As an enforcement policy, the IRS standard business mileage rate found in IRS Publication 917, "Business Use of a Car" may be used (in lieu of actual costs and associated recordkeeping) to determine or evaluate the employer's wage payment practices for FLSA purposes. The IRS standard business mileage rate (currently 28 cents

per mile) represents depreciation, maintenance and repairs, gasoline (including taxes), oil, insurance, and vehicle registration fees. In situations where the IRS rate changes during the investigation period, the applicable rates should be applied on a prorate basis.

**27.**

"In the pizza delivery driver context, . . . determining and maintaining records of each employee's actual expenses is a cumbersome task for the employer." *Hatmaker*, 2019 WL 5725043, *3. As a result, the Handbook standard "giv[es] employers a choice in order to ease their burden: either (1) keep records of delivery drivers' actual expenses and reimburse for them or (2) reimburse drivers at the IRS standard business mileage rate." *Id.*

## LEGAL STANDARDS APPLICABLE TO DEFENDANTS' TIP CREDIT VIOLATIONS

28.

Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the cash wage paid by the employer equals at least the applicable minimum wage. However, in order to take advantage of these wage provisions, the employer must meet certain strict notification requirements.

29.

According to the Department of Labor's ("DOL") Fact Sheet #15: Tipped

Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently
> claim under the FLSA is $5.12 per hour (the minimum
> wage of $7.25 minus the minimum required cash wage of
> $2.13).

30.

As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer

must comply with five strict notification requirements.

31.

First, the employer must notify the employee of the amount of the cash wage

the employer is paying the tipped employee and that amount must equal at least

$2.13 per hour.

32.

Second, the employer must notify the tipped employee of the amount the

employer is claiming as a tip credit. In accordance with the FLSA, the tip credit

claimed cannot exceed $5.12 per hour.

33.

Third, the employer must inform the tipped employee that the tip credit

claimed cannot exceed the actual amount of tips received by the employee. In effect,

the employer must inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

34.

Fourth, the employer must notify the tipped employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

35.

Finally, the tipped employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

36.

An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[1] If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

---

[1] Courts have strictly construed this notification requirement. Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

## **FACTS**

37.

At all relevant times during his employment, Defendants paid Plaintiff an hourly wage of $4.50 while he was making deliveries and $8.50 per hour while he was in the store.

38.

At all relevant times, the federal minimum wage was and remains $7.25 per hour.

39.

At all relevant times, Defendants failed to pay Plaintiff and the Collective Members the legally required minimum wage and overtime wages because Defendants have failed to adequately reimburse them for their automobile expenses or other job-related expenses.

40.

Plaintiff and the Collective Members typically average approximately ten miles per round-trip delivery.

41.

According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods have been:

a) 2019: 58 cents/mile

b) 2020: 57.5 cents/mile

c) 2021: 56 cents/mile

d) 2022 (1st half): 58.5 cents/mile

e) 2022 (2nd half): 62.5 cents/mile

f) 2023: 65.5 cents/mile

42.

Prices for gasoline in 2022 have increased by more than 50% compared to what they were a calendar year ago in 2021. https://www.cnbc.com/2022/05/31/gas-prices-and-inflation-overtake-covid-as-top-travel-worry-.html (last visited Aug. 10, 2023).

43.

In recognition of this substantial inflation, the Internal Revenue Service has raised the standard mileage rate for the second half of 2022 to 62.5 cents per mile. *See* https://www.irs.gov/newsroom/irs-increases-mileage-rate-for-remainder-of-2022 (last visited Aug. 10, 2023).

44.

The IRS again raised the standard mileage rate in 2023 to 65.5 cents per mile.
*See* https://www.irs.gov/tax-professionals/standard-mileage-rates (last visited Aug.
10, 2023).

45.

Plaintiff and the Collective Members were required to use their own vehicles
in their employment for Defendants.

46.

Plaintiff and the Collective Members were required to purchase gasoline, oil
and other fluids, vehicle parts, auto repair and maintenance parts and services, auto
insurance, and cell phones/service for the benefit of Defendants.

47.

Plaintiff's and the Collective Members' cars depreciated in value as a result
of their work for Defendants.

48.

Moreover, Defendants required Plaintiff and the Collective Members to
download and use an app on Plaintiff's and the Collective Members' personal cell
phones.

49.

Defendants' required app was used, among other functions, to assign deliveries to the Plaintiff and the Collective Members, to track Plaintiff's and the Collective Members' deliveries and various other GPS functions.

50.

Defendants did not offer Plaintiff or the Collective Members any reimbursement whatsoever for the cost of their smart phones or monthly service plans.

51.

Defendants never attempted to track how much money Plaintiff and the Collective Members were paying out of pocket in order to make deliveries on Defendants' behalf.

52.

Defendants never required, requested or permitted Plaintiff and the Collective Members to record or report the expenditures they made for their cars, gasoline, and/or for other job-related expenses.

53.

At all relevant times in their work for Defendants, Plaintiff and the Collective Members received a flat delivery reimbursement amount of approximately $1.60 for

each delivery they completed. This reimbursement rate was the same no matter how many miles they drove.

54.

Plaintiff and the Collective Members drove approximately 10 miles per delivery during their employment for Defendants.

55.

Thus, Defendants' average effective reimbursement rate for Plaintiff was approximately 16 cents per mile ($1.60 per delivery / 10 average miles per delivery).

56.

As a result of the automobile and other job-related expenses and deductions incurred by Plaintiff and the Collective Members were deprived of minimum wage and overtime wages guaranteed to them by the FLSA.

57.

Defendants likewise have a company policy of failing to ensure that Plaintiff and the Collective Members were properly notified and informed of all of the legal requirements which must be met in order to take a tip credit against delivery drivers' wages.

58.

Despite taking a tip credit against Plaintiff's and the Collective Members' wages, Defendants failed to inform them that their cash wage had to be at least $2.13 per hour under federal law.

59.

Despite taking a tip credit against Plaintiff's and the Collective Members' wages, Defendants failed to inform them that the amount of the tip credit could never exceed $5.12 per hour under federal law.

60.

Despite taking a tip credit against Plaintiff's and the Collective Members' wages, Defendants failed to inform them that they must the amount of tips they received plus their hourly wage must equal at least $7.25 per hour under federal law.

61.

Despite taking a tip credit against Plaintiff's and the Collective Members' wages, Defendants failed to inform them that all tips received must be retained by them except for in a valid tip pooling arrangement.

62.

In fact, by requiring Plaintiff and the Collective Members to pay for all vehicle and delivery-related expenses as detailed herein, Defendants did not permit Plaintiff and the Collective Members to retain all tips received.

63.

Despite taking a tip credit against Plaintiff's and the Collective Members' wages, Defendants failed to inform them that no tip credit could be taken if they were not informed of the of the tip credit requirements of the FLSA.

64.

Defendants were aware or should have been aware of the minimum wage and overtime requirements of the FLSA and state law.

65.

By failing to adequately reimburse Plaintiff and the Collective Members for job-related expenses as described herein, Defendants have willfully violated the minimum wage and overtime provisions of the FLSA.

66.

By failing to adhere to the tip credit requirements of the FLSA, but nonetheless taking a tip credit against Plaintiff's and the Collective Members' wages,

Defendants willfully violated the minimum wage and overtime provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

67.

Plaintiff brings the First and Second Counts of this Complaint on behalf of the following individuals:

> All current and former delivery drivers employed at any of Defendants' Marco's Pizza locations nationwide at any point during the three years prior to the filing of this Complaint and the date of final judgment in this matter, who elect to opt-in to this action.

68.

At all relevant times, Plaintiff and the Collective Members have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the Collective Members minimum wage and overtime for all hours worked. Plaintiff's claims are essentially the same as those of the FLSA Collectives.

69.

The claims of the named Plaintiff are typical of the claims of the FLSA Collective, which all arise from the same operative facts and are based on the same

legal theory, and Plaintiff's claims will thus adequately represent those of the FLSA Collective.

70.

The named Plaintiff will fairly and adequately protect the interests of the FLSA Collective. Plaintiff has retained counsel with experience in class action litigation and collective action litigation, and he is not aware of any interest that might cause him not to vigorously pursue this case.

71.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder is impracticable. The expense and burden of individual litigation make it virtually impossible for the members of the class to proceed individually, and it is therefore most efficient to resolve all claims based on the Defendant's conduct in one forum.

72.

The Plaintiff is aware of no difficulties that will be encountered in the management of this litigation that would render the action unmanageable. This is not a class action that will require an analysis of the Defendants' conduct as to individual class members.

73.

Prosecution of separate actions by individual FLSA Collective members would create adjudications that would be dispositive of the interests of the other members not parties to the adjudication. Plaintiff is not aware of any other pending actions against these Defendants for these same causes of action.

74.

Without a class action mechanism, members of the FLSA Collective would be substantially impaired or impeded in their ability to protect their interests. The value of claims of the individual class members would be in an amount that makes prosecution outside of the class action uneconomical.

75.

A final judgment on the merits of the named Plaintiff's claims would be fully dispositive of the claims and interests of those similarly situated who are not specifically named as a plaintiff in this action.

76.

The membership of the class is numerous and joinder of individual plaintiffs is impractical. On information and belief, the FLSA Collective are comprised of hundreds if not thousands of delivery drivers across the nation.

77.

There are questions of law and fact common to all members of the FLSA Collective, and these common questions of law and fact predominate over any individual issues. The principle questions pertinent to the class as a whole include:

a) Whether Defendants' unlawful conduct is pursuant to an enterprise wide policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the Collective Members;

b) Whether Defendants are aware or should have been aware that federal law required them to reimburse delivery workers for expenses relating to "tools of the trade," such as, among other things, automobile costs, gasoline and cell phones for delivery drivers;

c) Whether Defendants are aware or should have been aware that federal law prohibited them from taking "kickbacks" from the wages of delivery drivers.

78.

Defendants' unlawful conduct has been widespread, repeated, and consistent.

79.

This action is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

80.

The Collective Members are readily identifiable and ascertainable through the employment records of the Defendants.

**CAUSES OF ACTION**
**Count One**
**Fair Labor Standards Act – Vehicle and Delivery Related Expenses**
**On behalf of Plaintiff and Collective Members**

81.

Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

82.

Plaintiff and the Collective Members are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

83.

The minimum wage requirements of the FLSA will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any

workweek when the cost of such tools purchased by the employee cuts into the **minimum _or_ overtime wages**. 29 C.F.R. § 531.35 (emphasis added).

84.

It is well established that, in the pizza delivery context, employers have two options to comply with the minimum wage directives of the FLSA: either (1) keep records of delivery drivers' actual expenses and reimburse for them or (2) reimburse drivers at the IRS standard business mileage rate." *Hatmaker*, 2019 WL 5725043, *3 citing DOL Field Operations Handbook 30c15.

85.

At all relevant times, Plaintiff and the Collective Members were required to provide their own vehicle to deliver Defendants' pizzas and related food products and beverages.

86.

At all relevant times, Defendants never kept track of the actual vehicle related expenses incurred by Plaintiff and the Collective Members.

87.

At all relevant times Defendants' required app was used, among other functions, to assign deliveries to the Plaintiff and the Collective Members, to track Plaintiff's and the Collective Members' deliveries and various other GPS functions.

88.

At all relevant times, Defendants required Plaintiff and the Collective Members to download and use an app on Plaintiff's and the Collective Members' personal cell phones.

89.

At all relevant times, Defendants did not offer Plaintiff or the Collective Members any reimbursement whatsoever for the cost of their smart phones or monthly service plans.

90.

At all relevant times, Defendants suffered or permitted Plaintiff and the Collective Members to receive a flat rate per delivery reimbursement of approximately $1.60 per delivery which equated to approximately 16 cents per mile.

91.

At all relevant times, Defendants did so while also suffering or permitting Plaintiff and the Collective Members to work more than forty hours in a given workweek.

92.

As a result of the forgoing actions, Defendants have violated the minimum wage and overtime provisions of the FLSA.

93.

Defendants are or should have been aware of the minimum wage and overtime requirements of the FLSA.

94.

Defendants have willfully violated the minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

95.

Plaintiff and the Collective Members have been damaged by Defendants' willful failure to pay minimum wage and overtime as required by law.

96.

As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Members are entitled to all unpaid minimum wages and overtime wages to be proven at trial, an additional amount equal to all such unpaid wages as liquidated damages, reasonable attorneys' fees, and costs.

**Count Two**
**Fair Labor Standards Act – Tip Credit Notice**
**On behalf of Plaintiff and the Collective Members**

97.

Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

98.

Under the FLSA, and must notify the employee (1) of the amount of the cash wage the employer is paying the tipped employee and that amount must equal at least $2.13 per hour; (2) that the amount the employer is claiming as a tip credit which the cannot exceed $5.12 per hour; (3) that the tip credit claimed cannot exceed the actual amount of tips received by the employee; (4) that that all tips received are to be retained by the employee except for a valid tip pooling arrangement; and (5) that the tip credit will not apply unless the employee has been informed of these provisions.

99.

At all relevant times, Defendants failed to ensure that Plaintiff and the Collective Members were properly notified and informed of all of the legal requirements which must be met in order to take a tip credit against delivery drivers' wages.

100.

Moreover, by making Plaintiff and the Collective Members pay for job-related expenses as described herein, Defendants did not ensure that Plaintiff and Collective Members retain all of their tips, thereby forfeiting Defendants' ability to take a tip credit against Plaintiff's and the Collective Members' wages.

101.

As such, Defendants have violated the minimum wage and overtime requirements of the FLSA.

102.

Defendants were, or should have been aware, of the minimum wage requirements of the FLSA. As such, Defendants violation of the FLSA as describe herein was willful.

103.

As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Members, are entitled to all unpaid wages to be proven at trial, an additional amount equal to all such unpaid wages as liquidated damages, reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff prays for the following relief against Defendants:

a) Designation of this action as a collective action on behalf of Collective Members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members;

b) Unpaid minimum and overtime wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

c) Unpaid minimum and overtime wages, reimbursement of expenses, and an amount equal to twice that amount as statutory damages;

d) An award of prejudgment and post-judgment interest;

e) An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees;

f) A service award to Plaintiff in recognition of his efforts on behalf of the Collective Members;

g) That Plaintiff and the collective putative class have a jury trial by the maximum persons permitted by law on all issues herein triable to a jury; and

h) Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted, this 11th day of August, 2023.

**HURT STOLZ, P.C.**

/s/ James W. Hurt, Jr.
By:  James W. Hurt, Jr.
Georgia Bar No.: 380104

1551 Jennings Mill Road, Unit 3100B
Watkinsville, Georgia 30677
(706) 395-2750

Facsimile (706) 996-2576
jhurt@hurtstolz.com

SIMON LAW CO.

/s/      *James L. Simon*
James L. Simon (*pro hac vice forthcoming*)

11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Phone: (216) 816-8696
Email: james@simonsayspay.com

THE LAW OFFICE OF MICHAEL L.
FRADIN

/s/      *Michael L. Fradin*
Michael L. Fradin (*pro hac vice forthcoming*)

8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Phone: 847-644-3425
Fax: 847-673-1228
Email: mike@fradinlaw.com

***Counsel for Plaintiff and the Putative Collective***

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(B)**

Pursuant to Local Rule 7.1(D), counsel hereby certifies that the foregoing has been prepared with a font and point selection approved by Local Rule 5.1(B) (specifically, Times New Roman, 14 point).

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing PLAINTIFFS' MOTION FOR CLASS CERTIFICATION to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.

Respectfully submitted, this 11th day of August, 2023.

**HURT STOLZ, P.C.**

/s/ James W. Hurt, Jr.
By:  James W. Hurt, Jr.
Georgia Bar No.: 380104

1551 Jennings Mill Road, Unit 3100B
Watkinsville, Georgia 30677
(706) 395-2750
Facsimile (706) 996-2576
jhurt@hurtstolz.com

**ATTORNEY FOR PLAINTIFF
AND THE PUTATIVE COLLECTIVE**