THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YOSELIN LOPEZ,                          )
                                        )
     *Plaintiff,*                         )                    CIVL ACTION
                                        )                    FILE NO.
vs.                                     )
                                        )
LIDL US, LLC & JOHN DOE,                )
                                        )
                                        )
     *Defendants.*                       )

## NOTICE OF REMOVAL OF DEFENDANT LIDL US, LLC

Defendant Lidl US, LLC, respectfully and timely files this Notice of Removal

to the United States District Court for the Northern District of Georgia, Atlanta

Division, showing the Court as follows:

1.

On June 26, 2023, Plaintiff filed a personal injury lawsuit against the above-

named Defendant in the State Court of Cobb County, Georgia, which is within the

Northern District of this Court. 28 U.S.C. § 90(a)(2).

2.

On July 12, 2023, Defendant was served with the Complaint and associated

summons via personal service of process on its registered agent in Georgia. A true

and correct copy of Plaintiff's original Complaint with the associated summons is **Exhibit 1** to this Notice.

3.

On August 11, Defendant filed its Answer and Defenses to Plaintiff's Complaint in the State Court of Cobb County, Georgia. A true and correct copy of Defendant's Answer and Defenses to Plaintiff's Complaint is **Exhibit 2** to this Notice.

4.

Defendant Lidl US, LLC is a foreign limited liability company formed under the laws of the State of Delaware, with its principal places of business in the State of Virginia.[1]  Defendant is, therefore, a citizen of both Delaware and Virginia. 28 U.S.C.A. § 1332(c)(1).

5.

Plaintiff is a resident and citizen of the State of Georgia.[2]

6.

Accordingly, diversity of citizenship exists between the parties as contemplated by 28 U.S.C. § 1332(a)(1).

---

[1]     See Ex. 1, ¶ 2; Ex. 2, ¶ 2.
[2]     Ex. 1, ¶ 1.

8.

Plaintiff contends that, in April of 2022, she suffered "sustained bodily injury, continues to endure pain and suffering, and continues to incur medical expenses and other damages …" as the result of Defendants' alleged negligence.[3]  Plaintiff's Complaint does not assign any specific value to her special damages.[4]

9.

Where, as here, a plaintiff's complaint makes an unspecified demand for damages, the rule in the Eleventh Circuit is that "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement."[5] In some cases, meeting the preponderance of the evidence burden requires the removing defendant to provide additional evidence demonstrating that removal is proper, particularly where the amount in controversy is not facially apparent from the pleadings.[6]

10.

Federal courts have routinely held that pre-suit settlement offers and demands may be considered in evaluating whether the jurisdictional amount required for

---

3      Ex. 1, ¶ 14, p. 7.
4      See Ex. 1.
5      *Marshall v. Georgia CVS Pharmacy, L.L.C.*, 580 F. Supp. 3d 1301, 1307 (N.D. Ga. 2022).
6      *Id.*

removal is satisfied.[7] In September of 2022, Plaintiff made a pre-suit demand for

One Million Dollars ($1,000,000.00) to settle this case.[8]

11.

Plaintiff's counsel refuses to stipulate that Plaintiff's current medical special

damages (which – by definition – do not include any additional sums for future

medical expenses, pain and suffering, attorneys' fees, and the like) are less than

$75,000.00.[9] Accordingly, the amount in controversy in this action exceeds

$75,000.00.

12.

Because there is complete diversity of citizenship between the parties to this

action and Defendant has demonstrated by a preponderance of the evidence that the

amount in controversy exceeds $75,000.00, this action is removable pursuant to 28

U.S.C. §§ 1332 and 1441.[10]

---

7    See, e.g., *La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347 (S.D. Fla 2009).
8    A true and correct copy of Plaintiff's pre-suit demand of September 12, 2022, is attached as **Exhibit 3.**
9    **Exhibit 4** hereto is a true and correct copy of the email from Plaintiff's counsel refusing to stipulate that Plaintiff's medical special damages are less than $75,000.00.
10   Note that, although Plaintiff has also named a John Doe defendant, 28 U.S.C. § 1441(b) provides that the citizenship of defendants sued under fictitious names shall be disregarded.

13.

In accordance with 28 U.S.C. § 1446(a), Defendant attaches as **Exhibit 5** to this Notice copies of all process, pleadings, and orders served on Defendant in the state court action to date - civil action file number 23-A-2796 in the State Court of Cobb County, Georgia - which have not previously been included as exhibits. [11]

14.

As of the date of the filing of this Notice, Lidl US, LLC is the only non-fictitious defendant in the state court action. It follows that all Defendants who have been properly served with process in the state court action have joined in the removal of this case to federal court.

12.

Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff in compliance with 28 U.S.C. § 1446(d).

13.

Also pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file with the

---

[11]     Plaintiff filed an Amended Complaint on July 31, 2023, and served Defendant's registered agent with this pleading by personal service on August 8, 2023. The Amended Complaint contains no substantive allegations which differ from the original, but merely corrects the name of Defendant's registered agent.

Clerk of the State Court of Cobb County and serve on Plaintiff a Notice of Filing of

Notice of Removal.[12]

     WHEREFORE, Defendant Lidl US, LLC respectfully requests that this civil

action be removed to the United States District Court for the Northern District of

Georgia, Atlanta Division.

     Respectfully submitted, this 11th day of August, 2023.

                  **DREW ECKL & FARNHAM, LLP**

                  */s/ Andrew D. Horowitz*
                  Andrew D. Horowitz
                  Georgia Bar No. 367815
                  Kimberly E. Coleman
                  Georgia Bar No. 585929
                  ***Attorneys for Defendants***

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
F: (404) 876-0992
E: HorowitzA@deflaw.com
E: ColemanK@deflaw.com

---

12    A copy of the Notice of Filing of Notice of Removal to be filed in the State
Court of Cobb County is attached hereto as **Exhibit 6**.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Notice of Removal* upon all parties to this action via electronic service on their counsel of record and by electronically filing it with the Clerk of Court using the Court's electronic CM/ECF System as follows:

> Claudia Caycho Acosta
> Tandeka Sitole
> Acosta Injury Law
> 2965 Flowers Road S, Ste 120
> Chamblee, GA 30341
> claudia@acostainjurylaw.com
> tandeka@acostainjurylaw.com
> *Attorneys for Plaintiff*

This 11th day of August, 2023.

DREW ECKL & FARNHAM, LLP

/s/ Andrew D. Horowitz
Andrew D. Horowitz
Georgia Bar No. 367815
*Attorneys for Defendants*

303 Peachtree Street, Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
E: horowitza@deflaw.com

13717510v1
07642-263791