**EXHIBIT 2**

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| YOSELIN LOPEZ, | ) | |
| | ) | |
| *Plaintiff,* | ) | CIVL ACTION |
| | ) | FILE NO. 23-A-2796 |
| vs. | ) | |
| | ) | |
| LIDL US, LLC & JOHN DOE, | ) | |
| | ) | |
| *Defendants.* | ) | |

### ANSWER AND DEFENSES OF LIDL US, LLC TO PLAINTIFF'S COMPLAINT

Defendant LIDL US, LLC respectfully files its Answer and Defenses to Plaintiff's Complaint in the case above, showing as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over this lawsuit, as 28 U.S.C.A. § 1332(a) affords federal district courts original jurisdiction over all civil actions wherein the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

### THIRD DEFENSE

Defendant breached no duty owed to Plaintiff.

### FOURTH DEFENSE

Plaintiff's Complaint fails to plead special damages with the particularity required by O.C.G.A. § 9-11-9(g).

## FIFTH DEFENSE

Plaintiff could have avoided incurring any damages by the exercise of ordinary care, and Plaintiff's damages, if any, were proximately caused by her failure to exercise ordinary care for her own safety, rather than by any act or omission of Defendant.

## SIXTH DEFENSE

Pending further investigation and discovery, Defendant asserts the defenses of comparative and contributory negligence.

## SEVENTH DEFENSE

Pending further investigation and discovery, Defendant asserts the defense of assumption of the risk.

## EIGHTH DEFENSE

No breach of duty by Defendant proximately caused the damages alleged in Plaintiff's Complaint.

## NINTH DEFENSE

Pending further investigation and discovery, Defendant asserts that Plaintiff's damages, if any, were caused by unforeseeable, intervening causes, as to which Plaintiff had knowledge greater than or equal to that of Defendant.

## TENTH DEFENSE

Even if Defendant were negligent, an allegation it expressly denies, then the negligence of Plaintiff was equal to or greater than that of Defendant.

## ELEVENTH DEFENSE

Defendant asserts that it has been improperly named as a party to this action.

**TWELFTH DEFENSE**

Pending further investigation and discovery, Defendant asserts that the damages sustained by Plaintiff, if any, were the result of the acts or omissions of a person, persons, or entity other than Defendant.

**THIRTEENTH DEFENSE**

Defendant lacked superior knowledge of the alleged condition or hazard that caused Plaintiff's alleged fall.

**FOURTEENTH DEFENSE**

Defendant asserts all defenses available under O.G.G.A. § 51-12-33.

**FIFTEENTH DEFENSE**

Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

JURISDICTION AND VENUE

1.

Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

2.

Defendant admits that it is a foreign limited liability company existing under the laws of the State of Delaware with a principal place of business located at 3500 South Clark Street, Arlington, Virginia, 22202, and that it is authorized to transact business within the State of Georgia. Defendant further admits that this paragraph of the Complaint properly identifies the address of Lidl's registered agent in Georgia. All remaining allegations of this paragraph of the Complaint are denied as pled.

3.

Defendant denies the allegations of this paragraph as pled.

4.

Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.  Defendant denies all allegations and inferences of negligence and liability against it contained in this paragraph.

## STATEMENT OF FACT

5.

Defendant lacks sufficient information or knowledge to form a belief as to the truth the allegations in this paragraph, but it denies all allegations and inferences of negligence and liability against it contained therein.

6.

Defendant denies the allegations of this paragraph, both specifically and as pled.

## NEGLIGENCE

7.

Defendant lacks sufficient information or knowledge to form a belief as to the truth the allegations in this paragraph as they relate to Plaintiff's legal status at the time of her alleged accident, but it denies all allegations and inferences of negligence or liability against it in this paragraph.

8.

Defendant denies the allegations of this paragraph of the Complaint as pled.

9.

Defendant denies the allegations of this paragraph of the Complaint, both specifically and as pled.

10.

Defendant denies the allegations of this paragraph of the Complaint, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

11.

Defendant denies the allegations of this paragraph of the Complaint, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

12.

Defendant denies the allegations of this paragraph of the Complaint, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

13.

Defendant denies the allegations of this paragraph of the Complaint, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

14.

Defendant denies the allegations of this paragraph of the Complaint.

15.

Defendant denies the allegations of this paragraph of the Complaint, both specifically and

as pled, including all allegations and inferences of negligence and liability against it contained therein.

16.

All remaining allegations of Plaintiff's Complaint not expressly admitted in the foregoing Answer are denied, and Defendant specifically denies any allegations implied or inherent in the portion of the Complaint containing Plaintiff's prayer for relief.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant respectfully prays that judgment be entered in its favor, with all costs cast against Plaintiff, and that Defendant have whatever additional relief this Court deems just and proper.

This 11th day of August, 2023.

                                              Respectfully submitted,

                                              **DREW ECKL & FARNHAM, LLP**

                                              */s/ Andrew D. Horowitz*
                                              Andrew D. Horowitz
                                              Georgia Bar No. 367815
                                              Kimberly E. Coleman
                                              Georgia Bar No. 585929
                                              ***Attorneys for Defendant***

303 Peachtree Street
Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
E: ahorowitz@deflaw.com
E: colemank@deflaw.com

13713213v1
07642-263791

## CERTIFICATE OF SERVICE

I certify that, on the date below, I served all parties in the foregoing matter with a copy of the foregoing *Answer and Defenses to Plaintiff's Complaint of Lidl US, LLC* by statutory electronic service on each party's counsel of record via the Court's electronic filing system, properly addressed as follows:

>Claudia Caycho Acosta
>Tandeka Sitole
>Acosta Injury Law
>2965 Flowers Road S
>Suite 120
>Chamblee, GA 30341
>claudia@acostainjurylaw.com
>tandeka@acostainjurylaw.com
>***Attorneys for Plaintiff***

This 11th day of August, 2023.

>**DREW ECKL & FARNHAM, LLP**
>
>*/s/ Kimberly E. Coleman*
>Kimberly E. Coleman
>Georgia Bar No. 585929
>Andrew D. Horowitz
>Georgia Bar No. 367815
>***Attorney for Defendants***

303 Peachtree Street
Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
E: horowitza@deflaw.com
   colemank@deflaw.com

13713213v1
07642-263791