# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **SHAQUILLE HODGE**<br>    Plaintiff,<br><br>v.<br><br>**FIRST FINANCIAL ASSET MGMT INC.,**<br>    Defendant. | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1. This is an action for actual and statutory brought by Plaintiff Shaquille Hodge an individual consumer, against Defendant, First Financial Asset Mgmt Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C 1331. The venue in this District is proper in that the Defendant First Financial Asset

1

Mgmt Inc. transacts business in Woodstock, Georgia and the conduct complained of occurred in Woodstock, Georgia.

### III.  PARTIES

3. Plaintiff is a natural person residing in Woodstock, Georgia. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Upon information and belief, Defendant First Financial Asset Mgmt Inc. is a Georgia corporation with its principal place of business located at 3091 Governors Lake Dr. Suite 500, Peachtree Corners, GA 30071.

5. Defendant is engaged in the collection of debt from consumers using mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another. Plaintiff's alleged "debt", as defined by the FDCPA, 15 U.S.C 1692a(5), at issue arose from a transaction entered into primarily for personal, family or household purposes.

### IV.  FACTS OF THE COMPLAINT

6. Defendant, First Financial Asset Mgmt Inc., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

7. On or about June 1, 2023, Plaintiff received a letter from the Debt Collector stating, "We are trying to collect an alleged debt that the Plaintiff allegedly owed to Figure Lending LLC".

8. On or about June 20, 2023, The Plaintiff wrote a letter disputing the alleged debt owed to Figure Lending LLC, and notified the Debt Collector that the only convenient way to contact him was via email and provided his email address in the letter to the debt collector.

9. On or about July 10, 2023, the letter was delivered via USPS certified mail with tracking number 9589071052700160370552.

10. On or about July 12, 2023, the Debt Collector responded to the letter in a way they knew was inconvenient to the consumer by sending mail to the consumer's address. The mail stated, "We have received your request for verification of the above referenced account". This response by mail was in violation of 15 U.S.C. §1692c(a)(1) because Debt Collector is communicating with the consumer "at any unusual time or place or a time or place known, or which should be known to be inconvenient to the consumer".

11. Plaintiff has suffered actual damages because of the illegal debt collection communications by Debt Collector in the form of anger, anxiety, decreased ability to focus on tasks while at work, frustration, amongst other negative emotions, as well as damages to FICO scores.

## V. FIRST CLAIM FOR RELIEF
### (Defendant First Financial Asset Mgmt Inc.,)
### 15 U.S.C. §1692c(a)(1)

12. All preceding paragraphs are re-alleged.

13. The Debt Collector violated the FDCPA.

14. The Debt Collector's violations include, but are not limited to, the following: The Debt Collector violated 15 U.S.C § 1692c(a)(1) of the FDCPA by intentionally communicating in connection with collection of a debt from Plaintiff at time and place known by Debt Collector to be inconvenient to Plaintiff.

15. As a result of the above violations of the FDCPA, First Financial Asset Mgmt Inc. is liable to Plaintiff for actual damages, statutory damages, and cost.

### VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

E. For deletion of tradeline;

F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

_____

                By: /s/ Naja I. Hawk
                **NAJA I. HAWK**
                Pleadings@thehawklegal.com

                **THE HAWK LEGAL COLLECTIVE**
                730 Peachtree Street NE, #570
                Atlanta, GA 30308

                Phone: (404) 439-9310

                ***Counsel for Plaintiff***