JS44 (Rev. 10/2020 NDGA)                                **CIVIL COVER SHEET**

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record.  (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

## DEFENDANT(S)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED
     PLAINTIFF_____
              **(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED
DEFENDANT_____
         **(IN U.S. PLAINTIFF CASES ONLY)**

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

**ATTORNEYS** (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

|   | PLF | DEF |   | PLF | DEF |   |
|---|---|---|---|---|---|---|
| 1 U.S. GOVERNMENT PLAINTIFF | 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY) | 1 | 1 CITIZEN OF THIS STATE | 4 | 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| 2 U.S. GOVERNMENT DEFENDANT | 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III) | 2 | 2 CITIZEN OF ANOTHER STATE | 5 | 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
|   |   | 3 | 3 CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | 6 | 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X "IN ONE BOX ONLY)

1 ORIGINAL PROCEEDING   2 REMOVED FROM STATE COURT   3 REMANDED FROM APPELLATE COURT   4 REINSTATED OR REOPENED   TRANSFERRED FROM 5 ANOTHER DISTRICT (Specify District)   MULTIDISTRICT 6 LITIGATION - TRANSFER   APPEAL TO DISTRICT JUDGE 7 FROM MAGISTRATE JUDGE JUDGMENT

MULTIDISTRICT 8 LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**(IF COMPLEX, CHECK REASON BELOW)**

1. Unusually large number of parties.
2. Unusually large number of claims or defenses.
3. Factual issues are exceptionally complex
4. Greater than normal volume of evidence.
5. Extended discovery period is needed.

6. Problems locating or preserving evidence
7. Pending parallel investigations or actions by government.
8. Multiple use of experts.
9. Need for discovery outside United States boundaries.
10. Existence of highly technical issues and proof.

**CONTINUED ON REVERSE**

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT $_____   APPLYING IFP_____   MAG. JUDGE (IFP)_____
JUDGE_____   MAG. JUDGE_____   NATURE OF SUIT_____   CAUSE OF ACTION_____
                    *(Referral)*

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- 110 INSURANCE
- 120 MARINE
- 130 MILLER ACT
- 140 NEGOTIABLE INSTRUMENT
- 151 MEDICARE ACT
- 160 STOCKHOLDERS' SUITS
- 190 OTHER CONTRACT
- 195 CONTRACT PRODUCT LIABILITY
- 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- 210 LAND CONDEMNATION
- 220 FORECLOSURE
- 230 RENT LEASE & EJECTMENT
- 240 TORTS TO LAND
- 245 TORT PRODUCT LIABILITY
- 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- 310 AIRPLANE
- 315 AIRPLANE PRODUCT LIABILITY
- 320 ASSAULT, LIBEL & SLANDER
- 330 FEDERAL EMPLOYERS' LIABILITY
- 340 MARINE
- 345 MARINE PRODUCT LIABILITY
- 350 MOTOR VEHICLE
- 355 MOTOR VEHICLE PRODUCT LIABILITY
- 360 OTHER PERSONAL INJURY
- 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- 365 PERSONAL INJURY - PRODUCT LIABILITY
- 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- 370 OTHER FRAUD
- 371 TRUTH IN LENDING
- 380 OTHER PERSONAL PROPERTY DAMAGE
- 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- 422 APPEAL 28 USC 158
- 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- 440 OTHER CIVIL RIGHTS
- 441 VOTING
- 442 EMPLOYMENT
- 443 HOUSING/ ACCOMMODATIONS
- 445 AMERICANS with DISABILITIES - Employment
- 446 AMERICANS with DISABILITIES - Other
- 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- 462 NATURALIZATION APPLICATION
- 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- 463 HABEAS CORPUS- Alien Detainee
- 510 MOTIONS TO VACATE SENTENCE
- 530 HABEAS CORPUS
- 535 HABEAS CORPUS DEATH PENALTY
- 540 MANDAMUS & OTHER
- 550 CIVIL RIGHTS - Filed Pro se
- 555 PRISON CONDITION(S) - Filed Pro se
- 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- 550 CIVIL RIGHTS - Filed by Counsel
- 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- 710 FAIR LABOR STANDARDS ACT
- 720 LABOR/MGMT. RELATIONS
- 740 RAILWAY LABOR ACT
- 751 FAMILY and MEDICAL LEAVE ACT
- 790 OTHER LABOR LITIGATION
- 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- 820 COPYRIGHTS
- 840 TRADEMARK
- 880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- 830 PATENT
- 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- 861 HIA (1395ff)
- 862 BLACK LUNG (923)
- 863 DIWC (405(g))
- 863 DIWW (405(g))
- 864 SSID TITLE XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- 870 TAXES (U.S. Plaintiff or Defendant)
- 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- 375 FALSE CLAIMS ACT
- 376 Qui Tam 31 USC 3729(a)
- 400 STATE REAPPORTIONMENT
- 430 BANKS AND BANKING
- 450 COMMERCE/ICC RATES/ETC.
- 460 DEPORTATION
- 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- 480 CONSUMER CREDIT
- 485 TELEPHONE CONSUMER PROTECTION ACT
- 490 CABLE/SATELLITE TV
- 890 OTHER STATUTORY ACTIONS
- 891 AGRICULTURAL ACTS
- 893 ENVIRONMENTAL MATTERS
- 895 FREEDOM OF INFORMATION ACT 899
- 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- 410 ANTITRUST
- 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- 896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

## VII. REQUESTED IN COMPLAINT:

**CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23**     DEMAND $_____

**JURY DEMAND**     YES     NO   (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE_____     DOCKET NO._____

**CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES:** (CHECK APPROPRIATE BOX)

1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):


7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____ , WHICH WAS DISMISSED. This case     IS     IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.


SIGNATURE OF ATTORNEY OF RECORD                              DATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES L. WALKER, JR. AND J. WALKER & ASSOCIATES, LLC, <br><br> PLAINTIFFS, <br><br> V. <br><br> CRYSTAL N. MORRIS, <br><br> DEFENDANT. | CIVIL FILE ACTION NO.: <br> JURY TRIAL DEMANDED |

**COMPLAINT
FOR COPYRIGHT INFRINGEMENT, PERMANENT INJUNCTIONALTERNATIVE, QUANTUM MERUIT AND UNJUST ENRICHMENT, DEFAMATION/LIBEL PER SE
AND DECLARATORY RELIEF**

Plaintiffs JAMES L. WALKER, JR. AND J. WALKER & ASSOCIATES, LLC, (collectively "Defendant") and allege as follows:

**NATURE OF THE ACTION**

This action for damages, declaratory relief and permanent injunctive relief is brought by Plaintiffs, pursuant to the Copyright Act and Copyright Revision Act, 17 U.S.C. §§101 *et seq.*(the "Copyright Act"), and other common and statutory law of the state of Georgia as further set forth herein.

**SUMMARY OF ACTION**

1. On or about June 8, 2021, a representative of the Law Firm sent Defendant an email to formally begin its representation of Defendant in a legal matter stemming out of some property damage that had occurred at Defendant' home.

2. Defendant was also provided with a retainer agreement setting forth the terms and conditions of the Law Firm's representation of Defendant in her legal matter.

3. The Law Firm explained the retainer to the Defendant and moved forward with services on behalf of the Defendant.

4. After discussions with Mr. Walker, Defendant paid a reduced retainer fee to the Law Firm on

1

or around June 10, 2021.

5. After which the Law Firm began its formal representation of Defendant and sent a demand letter on her behalf and then filed a Complaint in that certain case styled Crystal N. Morris v. Jennifer Harrison, Fulton County Superior Court, Civil Action File No.: 2021-CV-321673 (the "Lawsuit").

6. The relationship between Plaintiffs and Defendant severely deteriorated due to issues arising out of unrelated matters. As a result, Plaintiffs were forced to withdraw from their representation of Defendant in the Lawsuit in or around August 2021 as Plaintiff felt said contract in the unrelated matter was unethical and inappropriate and repeatedly begged Defendant to terminate said unrelated matter.

7. The Law Firm provided Defendant with an invoice for the work performed up to date of withdrawal totaling $11,509.20.

8. To date, Defendant has refused to pay anything on the outstanding balance on her account.

9. On or around August 30, 2021, Defendant Morris misappropriated a photo of Plaintiff James L. Walker, Jr. from LinkedIn and published said picture of Mr. Walker to her Instagram account that included a caption accusing Mr. Walker of "psychopathic behavior" ("Instagram Post"). Defendant did not couch her statement as opinion but rather stated it as fact and used a work that is copyright owned by Plaintiff.

10. The Instagram Post asked users to contact Defendant with negative information about Mr. Walker and stated, "I'm gathering all complaints and filing them along with mine this week. The GA State Bar Association needs to hear from you. It's time to get this creep out of here."

11. According to Defendant's own Instagram insight tool, her Instagram Post had reached 573 accounts, viewed 623 times, and action had been taken on this posting 61 times.

12. The Instagram Post contains false information, including but not limited to false and malicious statements that Mr. Walker exhibits "psychopathic behavior" and that Mr. Walker's professional conduct violated his professional duties, include those imposed upon him by the State Bar of Georgia and professional Rules of Conduct. The Instagram Post also consisted of the use of a photo of James L. Walker, Jr. with no expressed permission or license to the copyright in said photo, thus constituting infringement.

## PARTIES

13. The Law Firm, Plaintiff, J. Walker & Associates, LLC, is a limited liability company formed under the laws of the State of Georgia, with the principal place of business at 3421 Main Street, Atlanta, Georgia 30337.

14. Plaintiff, James Walker, Jr. is a resident of the State of Georgia, and may be served with any

process or filings at his place of business located at 3421 Main Street, Atlanta, Georgia 30337.

15. Upon information and belief, Defendant, Crystal N. Morris, is a resident of the State of Georgia and may be served at 4938 Rosalie Road Johns Creek, Fulton County, Georgia 30022.

16. Upon information and belief, Defendant is a legal resident of the State of Georgia, is found within Fulton County, and is thus subject to the general and personal jurisdiction of this Court.

## JURISDICTION AND VENUE

17. This is a civil action against Defendant for her act of copyright infringement in violation of the United States Copyright Act, 28 U.S.C. §§1331, 1338(a) and 1367 in that the controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. 101 *et seq.*), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction pursuant to 28 U.S.C.§ 1367(a) for all other claims asserted in this Complaint including claims under Georgia statutory and common law because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

18. Personal jurisdiction over the Defendant is proper in this jurisdiction, among other reasons, on the grounds that Defendant, Defendants' agents, and/or Defendants' personal representatives either: (a) maintain a principal place of business in Georgia or have a substantial presence in Georgia with offices located in Georgia; or (b) regularly conduct business in the State of Georgia, including conducting such business through performing rights organizations located in Georgia and by entering into contracts that are consummated and/or performed in Georgia.

19. Venue is proper in this District because the Defendant used the Infringing Work in this district, the Defendant transacts business and/or may be found in this district, the injury suffered by Plaintiffs took place, in substantial part, in this district, and/or the Defendant electronically distributed, the infringing work in this district.

20. The amount in controversy in this matter is in excess of Thirty-Five Thousand Dollars ($35,000.00), exclusive of interest and costs.

## STATEMENT OF FACTS

### *Plaintiffs' Creation and Ownership of Copyright*

21.     At all times relevant hereto, Plaintiff Mr. Walker was engaged in, among other things, the business of providing legal services in the State of Georgia. Mr. Walker submitted a Standard Application to the Copyright Office to register his photographic work.

22.     Mr. Walker took photographic work for his personal and professional use.

3

23. Mr. Walker published the photographic work in or before 2015 on his profile on LinkedIn.

24. The photographic work presently is the profile picture on Mr. Walker's LinkedIn account/page and has been for at least eight (8) years.

25. In the years since the initial publishing of the photographic work, Mr. Walker has been recognized personally and professionally for his photographic work. Defendant's unauthorized use of the photographic work in the Instagram Post has diminished his personal and professional reputation and affected the Plaintiffs, Mr. Walker and J. Walker and Associates, LLC.

## THE WRONGFUL CONDUCT OF THE DEFENDANT

26. From the date of release of the Instagram Post, which occurred on or before August 20th, 2021, the Defendant has deliberately and knowingly infringed on the copyright of the photographic work by:
    a. Misappropriation of the photographic work from Mr. Walker's LinkedIn account
    b. Uploading the photo to Defendants' Instagram account;
    c. The Defendant's creation and distribution of the Instagram Post; and
    d. Knowingly sharing the Instagram Post with the photographic work in an effort to entice people to demean the character and reputation of the Plaintiffs.

27. Upon information and belief, Defendant Crystal Morris did not own and/or publish, in whole or part, of the infringing work.

28. Upon information and belief, Defendant Crystal Morris created, distributed, and shared the infringing work through her Instagram account.

## COUNT 1
## COPYRIGHT INFRINGEMENT

29. Plaintiffs reallege each and every allegation in paragraphs 1 through 28 hereof as if fully set forth herein.

30. At all times relevant hereto, Plaintiff Mr. Walker, has been and is, the owner of the photographic work reproduced, distributed, and publicly displayed by Defendant on her Instagram account.

31. Without Authorization, Defendant Crystal Morris inappropriately and without authorization use the Copyrighted Work belonging to the Plaintiffs when she published the photographic work of Mr. Walker on her Instagram account with defamatory statements.

32. Crystal Morris copied Mr. Walker's photographic work off his LinkedIn Profile without permission or authority and published the photo to her Instagram

account on or around August 30, 2021.

33. The Instagram Post according to the Defendant's Instagram insight tool reached 571 accounts, viewed 623 times, and action had been taken on the post 61 times.

34. The Instagram account caused Mr. Walker, and by extension the Law Firm of Walker & Associates, public embarrassment, contempt, and ridicule due to the publication of the picture and defamatory statements.

35. Defendants engaged in improper conduct and copyright infringement, as more fully described herein, directly or indirectly:
    a. Taking the Copyrighted work without authorization or permission;
    b. Creating the Instagram post;
    c. Publishing and distributing the Instagram Post on her Instagram account; and
    d. Improperly using the copyrighted photographic work to attract users to her account to spread defamatory statements using the photographic work.

36. Defendant knew or should have known that the copyrighted photographic work was taken and distributed without authorization but still carried out such conduct.

37. Plaintiff has incurred significant damage to his personal and professional reputation due to the misappropriation of Mr. Walker's photographic work.

38. Pursuant to 17 U.S. Code § 504, Plaintiffs Mr. Walker and J. Walker & Associates, LLC should be awarded actual and punitive damages and/or statutory damages for each infringement proven, plus costs, interest and attorneys' fees in an amount to be determined at the time of trial.

## COUNT 2
## ACTION FOR DECLARATORY JUDGMENT OF PLAINTIFFS' OWNERSHIP OF CLAIMED COPYRIGHT

39. Plaintiffs reallege each and every allegation in paragraphs 1 through 38 hereof as if fully set forth herein.

40. Plaintiff, Mr. Walker, seeks a declaratory judgment that he is the owner of the photographic work and has exclusive rights to any derivative works from photographic work such as Plaintiff's Instagram Post.

## COUNT 3
## ACTION FOR PERMANENT INJUNCTION

41. Plaintiffs reallege each and every allegation in paragraphs 1 through 40 hereof as if fully set forth herein.

42. As described more fully above, the wrongful conduct of the defendant entitles the Plaintiffs to compensatory, statutory, punitive and/or other damages in an amount to be determined at trial.

43. The Instagram Post and the use of the photographic work belonging to the Plaintiff, was released illegally and without right or justification, in violation of Mr. Walker's copyright ownership interest in such.

44. Accordingly, Plaintiff requests that a permanent injunction be issued, ordering that to be Instagram Post and copyrighted photographic work be prohibited from being further released, distributed, posted, or printed without the Plaintiffs' consent and that the Infringing Work, in whatever form already released, be immediately retrieved, impounded and returned to the Plaintiffs for destruction, unless otherwise consented to by Plaintiffs.

## COUNT 4
## IN THE ALTERNATIVE, QUANTUM MERUIT AND
## UNJUST ENRICHMENT

45. Plaintiffs realleges and reincorporates the factual allegations set forth in paragraphs 1 through 44 as if set forth herein verbatim.

46. Plaintiffs provided valuable legal services to Defendant that were requested and knowingly accepted by Defendants, not worth less than $11,509.20.

47. Defendant was always aware that Plaintiffs expected to be paid for their provision of legal services.

48. Defendants have been unjustly enriched by the receipt and enjoyment of Plaintiffs' legal services without payment, for which payment was expected and requested. The value of such enrichment is equal to the unpaid legal fees set forth herein, but not less than $11,509.20.

49. Plaintiffs are entitled to its expenses of litigation, including reasonable attorney fees.

## COUNT 5:
## DEFAMATION/LIBEL PER SE

50. Plaintiffs reallege and reincorporate the factual allegations set forth in paragraphs 1 through 49 as if set forth herein verbatim.

51. On or about August 29, 2021, Defendant published Instagram Post, which contained a picture of Plaintiff, James L. Walker, Jr. and a caption accusing him of exhibiting "psychopathic behavior" and of violating the duties imposed upon him as an attorney, including by the State Bar of Georgia.
52. Defendant did not couch her false and defamatory statements about Plaintiffs as opinion but rather stated them as fact.
53. Defendant's statements about Plaintiff in the Instagram Post were false.
54. Defendant published the false and defamatory statements in the Instagram Post with at least negligence.
55. Defendant published the Instagram Post without privilege and with malice, as she intended to harm Plaintiffs.
56. Defendant published the Instagram Post without privilege and with malice because she knew or recklessly disregarded that Mr. Walker had not exhibited psychotic behavior, including in his professional capacity.
57. Defendant published the Instagram Post without privilege and with malice because she knew or recklessly disregarded that Mr. Walker had not violated his professional duties, including those imposed by the State Bar of Georgia, in his representation of her or other clients.
58. Defendant published the Instagram Post without privilege and with malice because she did not undertake an investigation into Plaintiffs before making the false and defamatory accusations about them.
59. According to Defendant's own Instagram insight tool, her publication had reached 573 accounts, viewed 623 times, and action had been taken on this posting 61 times.
60. Defendant's publication of Mr. Walker's picture and statements concerning his mental state and competency is false and malicious, exposing Mr. Walker, and by extension the Law Firm, to public hatred, contempt, or ridicule.
61. Defendant's publication constitutes Libel Per Se, including because she impugned Plaintiffs' professional reputation, thus Plaintiffs are entitled to presumed, nominal, compensatory, special, and punitive damages against Defendant in an amount to be determined at trial.

## NATURE OF LIABILITY

62. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 61 hereof as if fully set forth herein.

**TRIAL BY JURY**

63. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 62 hereof as if fully set forth herein.
64. Plaintiffs hereby request a trial by jury on all issues wherein trial by jury is permissible.

**PRAYER FOR RELIEF**

 **WHEREFORE, PLAINTIFFS** demand judgment as follows:

 a. That Defendant be found liable for direct, contributory and/or vicarious copyright infringement as proven at trial;

 b. That Defendant be found liable for appropriation of likeness as proven at trial;

 d. That Defendant be found liable for willful copyright infringement for each separate act of infringement and that fines or penalties be assessed against Defendant for each act;

 e. That Defendant be found liable for willful appropriation of likeness for each separate act of wrongful appropriation;

 f. That for each such act of copyright infringement, and appropriation of likeness, Defendant be ordered to pay damages to Plaintiffs:

 g. Such damages as Plaintiffs have sustained in consequence of Defendants' infringement of said copyrights, appropriation of likeness including, to the extent available, punitive damages in an amount to be determined, and to account for, and pay to, Plaintiffs all gains, profits and advantage derived by Defendant from their infringement of Plaintiffs' copyright, the total amount to be determined at a trial of this action, or such damages as shall appear proper within the provisions of the Copyright Statutes or in Georgia Law;

 i. In the event that Defendant are not found to have willfully infringed and Plaintiffs' actual damages, including Defendant' profits, are less than Thirty Thousand ($30,000) per infringement, that Plaintiffs, in the discretion of the Court be awarded statutory damages in the amount of Thirty Thousand Dollars ($30,000) for each infringement pursuant to the provisions of 17 U.S.C. § 504(c)(1);

 n. That pursuant to 17 U.S.C. § 505, Defendant pay to the Plaintiffs the costs of this action and reasonable attorneys' fees to be allowed Plaintiffs by this Court.

 o. That the Court enter a Declaratory Judgment that the Plaintiffs own the copyright

 p. That Plaintiffs be awarded prejudgment interest, post-judgment interest, attorneys' fees and costs;

 q. That Plaintiffs be awarded trial by jury on all issues triable by jury;

 r. That Plaintiffs be awarded all relief to which they are justly entitled.

Respectfully submitted this 13th day of August 2023.

                                    **Individually and on behalf of**
                                    **J. Walker & Associates, LLC.**

                                    */s/ James L. Walker, Jr.*

                                    *James L. Walker, Jr.*
                                    *Georgia Bar No.:*
                                    *Attorney for Plaintiffs*

*Walker & Associates LLC*
*3421 Main Street*
*College Park, GA 30337*
*jjwalker@walkerandassoc.com*
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, this day, I have caused to be served a copy of the forgoing by filing same with the United States District Court for The Northern District of Georgia, Atlanta Division, PACER, electronic filing system. Plaintiff will deliver a service copy of the forgoing document by electronic mail to the attorneys and parties of record who have registered for electronic service and by process server.

This 13th day of August 2023.

                                    **J. Walker & Associates, LLC**

                                    */s/ James L. Walker, Jr*
                                    James L. Walker, Jr.
                                    Georgia Bar No.: 260643

3421 Main Street
Atlanta, Georgia 30037
770.847.7363
jjwalker@walkerandassoc.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JAMES L. WALKER, JR. AND J. WALKER & ASSOCIATES, LLC,**<br><br>**PLAINTIFFS,**<br><br>**V.**<br><br>**CRYSTAL N. MORRIS,**<br><br>**DEFENDANT.** | **CIVIL FILE ACTION NO.:**<br>**JURY TRIAL DEMANDED** |

**VERIFICATION**

I, James L. Walker, Jr., Counsel for Plaintiffs, James L. Walker, Jr. and J. Walker & Associates, L.L.C., believe, based on reasonable inquiry, that the foregoing information is true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on August 13, 2023

                                      **J. Walker & Associates, LLC**

                                      */s/ James L. Walker, Jr*
                                        James L. Walker, Jr.
                                        Georgia Bar No.: 260643

3421 Main Street
Atlanta, Georgia 30037
770.847.7363
jjwalker@walkerandassoc.com
*Attorneys for Plaintiffs*