IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JANA KINCAID,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**PASHA ATLANTA, LLC d/b/a PASHA RESTAURANT AND BAR**, **OKAN OZYURTERI**, individually, and **GOUN HANNA, Individually**<br><br>Defendants. | Case No. _____<br><br>**Collective Action Complaint**<br><br>**Jury Demanded** |

### COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff JANA KINCAID ("Plaintiff"), individually and on behalf of all other similarly situated servers, brings this Complaint against Defendants, PASHA ATLANTA, LLC d/b/a PASHA RESTAURANT AND BAR (hereinafter "Pasha") and its owners, OKAN OZYURTERI and GOUN HANA, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* as a result of operating an illegal tip pool and illegally keeping servers tips in contravention of federal law, as well as failing to give sufficient notice of Defendants' intent to utilize a tip credit.

1

I.      **Nature of Case**

1.      Defendant, Pasha, owns and operates a restaurant and bar in Atlanta called Pasha Restaurant and Bar. *See* www.pashaatl.com.

2.      At its restaurant, Pasha offers food, drink, and entertainment to the public and employs servers to carry out these offerings.

3.      Pasha paid its servers a sub-minimum wage for their work performed.

4.      Pasha's servers also share tips distributed from a mandatory tip pool.

5.      Pursuant to the FLSA, all tips are the sole property of the employee regardless of whether the employer takes a tip credit. The law also prohibits any arrangement between the employer and tipped employee whereby any part of the tip received becomes the property of the employer or the employer's managers. For example, even where a tipped employee receives at least minimum wage, the employee may not be required to turn over his or her tips to the employer or the employer's managers. *See Howard v. Second Chance Jai Alai LLC*, 2016 WL 3349022, at *8 (M.D. Fla. June 16, 2016) ("The forced sharing of tips with management is an illegal practice that would invalidate the tip pool, regardless of whether the members of management are engaged in services that could be the subject of tipping").

6. Defendants, here, violated the FLSA by, among other reasons, illegally retaining tips that should have been distributed to Plaintiff and similarly situated servers (hereinafter "class members").

7. Defendants have also violated the FLSA by failing to give proper notice of Defendants' intent to pay its servers on a tip credit basis as required by 29 U.S.C. §203(m).

**II.    Parties**

8. At all times relevant to this action, Defendant, Pasha, is and has been a Georgia Limited Liability Company doing business in Fulton County, Georgia.

9. Defendant, Okan Ozyurteri, is an owner of Pasha. Based on information and belief, Mr. Ozyurteri resides in Atlanta, Georgia.

10. Defendant, Goun Hanna, is an owner of Pasha. Based on information and belief, Mr. Hanna resides in Alpharetta, Georgia.

11. Plaintiff worked for Defendants in Fulton County, Georgia at Pasha Restaurant and Bar located at 631 Miami Circle NE Unit 27, Atlanta, Georgia, 30324.

12. Plaintiff worked as a server for Defendants from approximately January 2021 to March 2023.

### III. Jurisdiction & Venue

13. The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

14. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

15. All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

### IV. General Factual Allegations

16. Defendant, Pasha, is in the restaurant business and offers food, drink, and entertainment to the public.

17. At all material times, Pasha is/was an enterprise subject to the FLSA's provision on minimum wages.

18. At all material times, Pasha is/was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees:

   a) Engaged in commerce; or

b) Engaged in the production of goods for commerce; or

c) Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. food, beverages, cups, plates, silverware and/or office supplies).

19. At all material times, Pasha has had two or more employees who routinely ordered materials or supplies such as office supplies and equipment, food service products, and food preparation productions from out of state vendors.

20. At all material times, Pasha has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

21. As a server, Plaintiff was responsible for serving food and beverages, explaining the menu and taking orders from guests, and adhering to company standards for food and beverages.

22. Plaintiff individually engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1) as she was required to accept payment from customers using credit cards issued by out of state financial institutions on a daily basis and worked in a restaurant which served customers who traveled from out of state destinations.

23. At all material times, Plaintiff and the class members are/were considered "employees" of Defendants.

24. At all times relevant to this action, Okan Ozyurteri was an individual resident of the State of Georgia, who owned and/or operated Pasha, and who regularly exercised the authority to: (a) hire and fire employees of Pasha; (b) determine the work schedules for the employees of Pasha, and (c) control the finances and operations of Pasha.

25. At all times relevant to this action, Goun Hanna was an individual resident of the State of Georgia, who owned and/or operated Pasha, and who regularly exercised the authority to: (a) hire and fire employees of Pasha; (b) determine the work schedules for the employees of Pasha, and (c) control the finances and operations of Pasha.

26. Based upon information and belief, Okan Ozyurteri and Goun Hanna developed and implemented the compensation and tip pool policies at issue in this lawsuit.

27. By virtue of having regularly exercised that authority on behalf of Pasha, Okan Ozyurteri and Goun Hanna are/were an employer as defined by 29 U.S.C. § 201, et seq.

28. Plaintiff and the class members were allegedly paid pursuant to a "tip credit" method (i.e. were paid the minimum wage, minus a tip credit taken by Defendants).

29. However, throughout Plaintiff and the class members' employment, Defendants failed to notify Plaintiff and the class members of the provisions of the FLSA § 3(m), 29 U.S.C. § 203(m).

30. Plaintiff and the class members received tips and were required to contribute a portion of their tips to a mandatory tip pool.

31. Defendants operated an illegal tip pool in that Defendants withheld a portion of the tips from the tip pool and kept those tips to Defendants' benefit.

32. Defendants also deducted business related expenses from Plaintiff's and class members' tips which violates the FLSA.

33. For example, when one of Defendants' Toast credit card machines broke, Defendants deducted $100 from servers' pay for repair/replacement of the machine.

34. As a result of these improper common policies and practices, Defendants illegally took a tip credit under federal law and must repay the tip credit to Plaintiff and the class members.

35. Additionally, because tips are the sole property of the employee, Defendants must repay the illegally withheld tips to Plaintiff and the class members.

36. Defendants must also repay the illegally withheld business-related expenses they deducted from Plaintiff's and class members' pay.

37. Defendants carried out their illegal pattern and practice of failing to pay full minimum wages knowingly, willfully, or with reckless disregard.

38. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

39. In light of the foregoing, Plaintiff and the class members are entitled to liquidated damages in addition to their unpaid minimum wages and reimbursement of illegally withheld tips.

40. Plaintiff and the class members have incurred and are continuing to incur reasonable attorneys' fees and costs and are entitled to reimbursement for same.

**V.    Collective Action Allegations**

41. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated servers pursuant to 29 U.S.C. § 216(b).

42. The class is defined as follows: "All servers who worked for Defendants at any time during the three-year period preceding the filing of this Complaint to the present."

43. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

44. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to notify servers of Defendants' use of a tip-credit, allocating tips from the mandatory tip pool to Defendants' managers, and Defendants' illegal practice of deducting business-related expenses from servers' pay.

45. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

46. Plaintiff and all of Defendants' servers are similarly situated in that:

   a) They have worked as servers for Defendants carrying out Defendants' offerings;

   b) They were all compensated in the same manner, i.e. by Defendants utilizing a tip credit and paying servers by the hour; and

    c) They were all required to contribute to Defendants' mandatory tip pool in which tips were illegally allocated towards Defendants' managers and/or had business-related expenses deducted from their pay.

### Count I – Violation of the Fair Labor Standards Act of 1938

47. Plaintiff, on behalf of herself and all those similarly situated, hereby incorporate by reference the allegations contained in Paragraphs 1-46 above.

48. Plaintiff and the class members are/were entitled to be paid full minimum wages for each hour during their employment with Defendants.

49. Plaintiff and the class members are/were entitled to all tips earned by them during their employment with Defendants.

50. Plaintiff and the class members are/were entitled to all business-related expenses deducted from their pay during their employment with Defendants.

51. Defendants failed to notify Plaintiff and the class members of the provisions of the FLSA § 3(m), 29 U.S.C. § 203(m).

52. Plaintiff and the class members did not receive all tips earned by them during one or more workweeks during their employment with Defendants.

53. Plaintiff and the class members did not receive the full minimum

wage contrary to the FLSA as a result of Defendants' improper practice and policy of requiring them to contribute to a tip pool that included employees who do not customarily receive tips and due to Defendants' improper practice and policy of deducting business-related expenses from Plaintiff's and the class members' pay.

54. As a result of Defendants' improper policy(s) and practice(s), Plaintiff and the class members have not received the full amount of tips earned by them during one or more weeks during their employment with Defendants.

55. As a result of Defendants' improper policy(s) and practice(s), Plaintiff and the class members have not been properly compensated the statutory minimum wage for all hours worked per week during their employment with Defendants.

56. Defendants carried out its illegal pattern and practice of failing to pay full minimum wages knowingly, willfully, or with reckless disregard.

57. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

58. Defendants willfully failed to pay Plaintiff and the class members the statutory minimum wage during the subject period of work contrary to the FLSA.

59. As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff and the class members have been damaged in the loss of tips for the subject weeks that they worked for the Defendants.

60. As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff and the class members have been damaged in the loss of minimum wages for the subject weeks that they worked for the Defendants.

61. As a result of Defendants' willful violation of the FLSA, Plaintiff and the class members are entitled to liquidated damages and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands an Order awarding:

(a) payment to Plaintiff and all class members of the tips improperly retained by Defendants;

(b) payment to Plaintiff and the class members of full minimum wages for all hours worked at the correct rate pursuant to the FLSA;

(c) an equal amount of liquidated damages, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law; and

(d) reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiff in prosecuting this case.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 10th day of August, 2023.

                          **/s/ C. RYAN MORGAN**
                          C. Ryan Morgan, Esq.
                          Georgia Bar No. 711884
                          Morgan & Morgan, P.A.
                          20 N. Orange Ave, 15th Floor
                          Orlando, FL 32801
                          ***MAILING ADDRESS:***
                          ***P.O. Box 530244***
                          ***Atlanta, GA 30353-0244***
                          T: (407) 420-1414
                          F: (407) 245-3401
                          E: RMorgan@forthepeople.com
                          *Attorneys for Plaintiff*