# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| v. ) ) | NO. _____ |
| NORTH BROOK INDUSTRIES, ) INC. d/b/a UNITED INN AND ) SUITES; and J.G., ) ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Northfield Insurance Company ("Northfield") files this Complaint seeking declaratory relief against J.G. and North Brook Industries, Inc. DBA United Inn and Suites.

## PARTIES

1.

Northfield is organized under the laws of Iowa with its principal place of business in Connecticut. For purposes of federal court jurisdiction, therefore, Northfield is a citizen of both Iowa and Connecticut. Northfield brings this action to determine its coverage obligations for a lawsuit brought by Defendant J.G. against Defendant North Brook Industries, Inc. d/b/a United Inn and Suites.

2.

North Brook Industries, Inc. d/b/a United Inn and Suites ("Northbrook") is organized under the laws of New York with its principal place of business in Georgia. For purposes of federal court jurisdiction, therefore, Northbrook is a citizen of both New York and Georgia. Northbrook may be served through its registered agent, Ashar M. Islam, at 2737 Sheraton Drive, Macon, Georgia, 31204.

3.

J.G. is an individual citizen of Georgia who is properly joined as a defendant in this action so she will be bound by the coverage rulings of this Court.

**JURISDICTION AND VENUE**

4.

There is complete diversity of citizenship between Northfield and Defendants and the amount in controversy exceeds $75,000.

5.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332 and 2201.

6.

There is an actual controversy regarding coverage obligations to support declaratory relief under 28 U.S.C. § 2201.

7.

Venue is proper in the Atlanta Division of the Northern District of Georgia where the insurance policy was issued and where the underlying liability events allegedly occurred. 28 U.S.C. § 1391; N.D. Ga. L.R. 3.1(B)(3).

## **FACTS**

8.

This declaratory judgment action arises from the lawsuit styled *J.G. v. Northbrook Industries, Inc. d/b/a United Inn and Suites* that is pending in the United States District Court for the Northern District of Georgia, Case number 1:20-cv-05233-SEG ("the Underlying Lawsuit"). A true copy of the complaint in the Underlying Lawsuit is attached as Exhibit A.

9.

In the Underlying Lawsuit, J.G. alleges that she was the victim of sex trafficking by Northbrook who owned, operated, maintained, controlled, and managed the United Inn & Suites located at 4649 Memorial Drive, Decatur, Georgia, 30032 ("United Inn").

10.

J.G. alleges she was trafficked by traffickers who "operated openly and brazenly," carried weapons, and sold drugs out of the rooms at the United Inn.

11.

J.G. alleges that she suffered visible injuries, "physical, emotional, and psychological harm" and "personal injuries" from the sex trafficking.

12.

J.G. alleges that Northbrook knew or should have known that she was being trafficked and failed to uphold its duty of care regarding the safety of the hotel and hotel guests and regarding preventing and responding to evidence of sex trafficking.

13.

J.G. asserts a claim for violation of the Trafficking Victims Protection Reauthorization Act (TVPRA) pursuant to 18 U.S.C. § 1595, alleging that Northbrook knowingly benefitted from participation in a venture that Northbrook knew or should have known violated the TVPRA.

14.

J.G. also asserts a claim for negligence, alleging that Northbrook breached its duty of care to invitees to keep the premises safe from sex trafficking and failed to implement policies and procedures to prevent, identify, and deter sex trafficking.

### NORTHFIELD'S INSURANCE POLICY PROVISIONS

15.

Northfield issued insurance policy number WS348486 to "Northbrook

Industries DBA United Inn Tahir Shareef" for the period July 13, 2018 to July 13, 2019.  A true copy of the Policy is attached as Exhibit B.

**The CGL Form**

16.

Coverage A of the Commercial General Liability Coverage Form ("CGL Form") in the Policy grants coverage in pertinent part for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'" to which the insurance applies. Among other things, the "bodily injury" must be "caused by an 'occurrence'" and must occur during the policy period.

17.

 "Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

18.

"Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

19.

Coverage B of the CGL Form grants coverage in pertinent part for "sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury'." Among other things, the "personal and advertising injury" must

be "caused by an offense arising out of [Northbrook's] business" and the offense must be committed during the policy period.

20.

Pursuant to the "Combination Endorsement Personal and Advertising Injury Liability" endorsement, "personal and advertising injury" is defined by "offenses committed by or on behalf of the insured" that include "[f]alse arrest, detention or imprisonment, provided that the claim is made or the 'suit' is brought by a person who claims to have been falsely arrested, detained or imprisoned." The definition also "[i]ncludes 'bodily injury' caused by one or more of the offenses."

21.

An endorsement entitled "Exclusion – Abuse or Molestation" modifies the CGL Form to exclude coverage for claims "arising out of any act of 'abuse or molestation' committed by any person, including any act or omission in connection with the prevention or suppression of such 'abuse or molestation'."

22.

"Abuse or molestation" is defined within the Abuse or Molestation Endorsement means "any intentional, reckless or offensive physical contact of a sexual nature with a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected."

**The Assault or Battery Endorsement**

23.

An endorsement entitled "Limited Assault or Battery Liability Coverage" modifies the CGL Form by excluding coverage for claims "arising out of any act of 'assault' or 'battery' committed by any person, including any act or omission in connection with the prevention or suppression of such 'assault' or 'battery'." The endorsement then grants coverage entitled "Coverage – Assault or Battery Liability" ("Assault or Battery Endorsement") that is subject to a $25,000 limit for "Each Assault or Battery Offense" and a $50,000 "Aggregate Assault or Battery" limit.

24.

The sublimit for Assault or Battery Liability applies in pertinent part to "sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," and "personal and advertising injury" that is "caused by an 'assault or battery offense' arising out of [Northbrook's] business but only if the 'assault or battery offense' was committed … during the policy period."

25.

An "assault or battery offense" is defined within the Assault or Battery Endorsement as "a single act of 'assault' or 'battery', or multiple, continuous, sporadic or related acts of 'assault' or 'battery', committed by any person or by two

or more persons acting together."

26.

"Assault" is defined within the Assault or Battery Endorsement as "any attempt or threat to inflict injury to another, including any conduct that would reasonably place another in apprehension of such injury."

27.

"Battery" is defined within the Assault or Battery Endorsement as "any intentional, reckless or offensive physical contact with, or any use of force against, a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected."

28.

The Assault or Battery Endorsement contains an exclusion for claims of injury "committed at the direction of the insured of that the insured knowingly allowed to happen."

29.

The Assault or Battery Endorsement contains an exclusion for claims "arising out of 'abuse or molestation'" defined as "any intentional, reckless or offensive physical contact of a sexual nature with a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended

or expected."

## CLAIMS FOR RELIEF

## COUNT ONE: DECLARATION THAT THE J.G. CLAIMS DO NOT CONSTITUTE PERSONAL AND ADVERTISING INJURY UNDER COVERAGE B IN THE CGL FORM

30.

Northfield incorporates the factual allegations in the preceding paragraphs.

31.

J.G. claims that Northfield is liable under the TVPRA and under state law negligence for allowing sex trafficking to occur on its premises and benefiting from a percentage of revenue paid by the traffickers to rent the rooms when it knew or should have known that the property was being used for that purpose.

32.

J.G. was not falsely arrested, detained, or imprisoned by or on behalf of Northbrook for her claims to fall within an "offense" within Coverage B's definition of "personal and advertising injury."

33.

WHEREFORE, Northfield is entitled to a declaration that J.G.'s claims do not constitute "personal and advertising injury" under Coverage B.

### COUNT TWO: DECLARATION THAT THE ABUSE OR MOLESTATION EXCLUSIONS APPLY TO J.G.'s CLAIMS UNDER COVERAGES A AND B IN THE CGL FORM

34.

Northfield incorporates the factual allegations in the preceding paragraphs.

35.

J.G.'s claims arise out of "abuse or molestation" as that term is defined in the Abuse or Molestation Endorsement.

36.

J.G.'s claims arise out of acts or omissions in connection with the prevention or suppression of "abuse or molestation" as that term is defined in the Abuse or Molestation Endorsement.

37.

WHEREFORE, Northfield is entitled to a declaration that any claims for "bodily injury" under Coverage A or for "personal and advertising injury" under Coverage B would be excluded from coverage.

### COUNT THREE: DECLARATION THAT EXCLUSIONS IN THE ASSAULT OR BATTERY ENDORSEMENT APPLY TO J.G.'s CLAIMS

38.

Northfield incorporates the factual allegations in the preceding paragraphs.

39.

J.G.'s claims arise "out of any act of 'assault' or 'battery' committed by any person, including any act or omission in connection with the prevention or suppression of such 'assault' or 'battery'." As such, they are excluded from coverage under Coverages A and B under the terms of the "Limited Assault or Battery Liability Coverage" endorsement on the Policy.

40.

J.G. alleges that her injuries were "committed at the direction of [Northbrook] or that [Northbrook] knowingly allowed to happen." As such, they are excluded from coverage under the Assault or Battery Liability Endorsement.

41.

J.G.'s claims arose "out of 'abuse or molestation'" defined as "any intentional, reckless or offensive physical contact of a sexual nature with a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected." As such, they are excluded from coverage under the Assault or Battery Liability Endorsement.

**PRAYERS FOR RELIEF**

42.

Based on all the terms and conditions of the Policy (whether expressly

mentioned or identified in this Complaint or not), as well as under relevant legal principles and public policy considerations, Northfield seeks a declaration that it does not owe coverage to Northbrook for the claims asserted by J.G. in the Underlying Lawsuit.

Northfield demands a jury on all issues so triable.

                                       **FREEMAN MATHIS & GARY, LLP**

                                       */s/ Philip W. Savrin*
                                       Philip W. Savrin
                                       Georgia Bar No. 627836
                                       psavrin@fmglaw.com
                                       Rachael Slimmon
                                       Georgia Bar No. 831661
                                       rslimmon@fmglaw.com

                                       *Attorneys for Plaintiff*
                                       *Northfield Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(833) 330-3699 (telephone)
(770) 937-9960 (facsimile)