**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANTHONY BURKHARD, Individually and For Others Similarly Situated | Case No. _____ |
| | Jury Trial Demanded |
| v. | FLSA Collective Action Rule 23 Class Action |
| CAPITAL COURIER SERVICES, LLC | |

**ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT**

### SUMMARY

1.     Anthony Burkhard (Burkhard) brings this class and collective action lawsuit to recover unpaid overtime wages and other damages from Capital Courier Services, LLC (CCS).

2.     CCS employed Burkhard as one of its Straight Time Employees (defined below) in Maryland, Pennsylvania, Ohio, Virginia, and West Virginia.

3.     CCS paid Burkhard and the other Straight Time Employees by the hour.

4.     The Straight Time Employees regularly worked more than 40 hours a week.

5.     But CCS did not pay its Straight Time Employees overtime.

6.     Instead, CCS paid the Straight Time Employees the same hourly

rate for all hours worked, including those after 40 in a workweek (or "straight time for overtime").

7.     CCS's uniform straight time for overtime pay scheme violates the Fair Labor Standards Act (FLSA), the Maryland Wage and Hour Law (MWHL), and the Pennsylvania Minimum Wage Act (PMWA) by depriving the Straight Time Employees of the "time and a half" overtime pay they are owed for all hours worked after 40 in a workweek.

8.     Likewise, CCS's uniform straight time for overtime pay scheme violates the Maryland Wage Payment and Collection Law (MWPCL) and the Pennsylvania Wage Payment and Collection Law (PWPCL) by depriving Straight Time Employees of all wages (including overtime wages) due, earned, and owed to them.

## JURISDICTION & VENUE

9.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10.     The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

11.    This Court has general personal jurisdiction over CCS because CCS is a domestic limited liability company that maintains its headquarters in West Kennesaw, Georgia.

12.    Venue is proper because CCS maintains its headquarters in Kennesaw, Georgia, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

13.    Burkhard has worked for CCS as a Medical Courier in Maryland, Pennsylvania, Ohio, Virginia, and West Virginia since approximately September 2021.

14.    Throughout his employment, CCS paid Burkhard straight time for overtime.

15.    Burkhard's written consent is attached as **Exhibit 1**.

16.    Burkhard brings this action on behalf of himself and all other similarly situated Medical Couriers who CCS paid under its straight time for overtime pay scheme.

17.    CCS paid each of these employees the same hourly rate for all hours worked, including those worked after 40 hours in a workweek.

18.     The FLSA Collective of similarly situated employees is defined as:

> **All CCS Medical Couriers who were paid straight time for overtime at any time during the past 3 years ("FLSA Collective Members").**

19.     Burkhard also seeks to represent such a class under the MWHL and MWPCL pursuant to FED. R. CIV. P. 23.

20.     The Marland Class of similarly situated employees is defined as:

> **All CCS Medical Couriers who were paid straight time for overtime while working in Maryland at any time during the past 3 years ("Maryland Class Members").**

21.     Burkhard also seeks to represent such a class under the PMWA and PWPCL pursuant to FED. R. CIV. P. 23.

22.     The Pennsylvania Class of similarly situated employees is defined as:

> **All CCS Medical Couriers who were paid straight time for overtime while working in Pennsylvania at any time during the past 3 years ("Pennsylvania Class Members").**

23.     The FLSA Collective Members, Maryland Class Members, and Pennsylvania Class Members are collectively referred to as the "Straight Time Employees."

24.     CCS is a Georgia limited liability company that maintains its headquarters in Kennesaw, Georgia.

4

25.     CCS may be served with process by serving its registered agent: **Wendell J. Kelley, 2100 Barrett Park Drive NW, Suite 505, Kennesaw, Georgia 30144**, or wherever he may be found.

## COVERAGE UNDER THE FLSA

26.     At all relevant times, CCS was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27.     At all relevant times, CCS was an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

28.     At all relevant times, CCS was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, vehicles, and medical materials—that have been moved in or produced for commerce.

29.     At all relevant times, CCS has had an annual gross volume of sales made or business done of not less than $500,000 each year.

30.     At all relevant times, the Straight Time Employees were CCS's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

31.     At all relevant times, the Straight Time Employees were engaged in commerce or in the production of goods for commerce.

32.     CCS uniformly paid the Straight Time Employees the same hourly rate for all hours worked, including those after 40 in a workweek.

33.     As a result of CCS's uniform straight time for overtime pay scheme, the Straight Time Employees (which, as noted above, include Burkhard) did not receive overtime at the premium rates required by the FLSA.

34.     CCS applied its illegal straight time for overtime pay scheme to the Straight Time Employees regardless of any alleged individualized factors, such as specific job title or precise geographic location.

35.     By paying the Straight Time Employees straight time for overtime, CCS did not pay the Straight Time Employees at least 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

36.     CCS's uniform straight time for overtime pay scheme therefore violates the FLSA. 29 U.S.C. § 207(a) & (e).

## THE FACTS

37.     CCS "is a specialized courier service focusing on the medical and healthcare industry."[1]

38.     To meet its business objectives, CCS hires Medical Couriers, like the Straight Time Employees, to transport donated blood and Red Cross supplies to its healthcare industry clients.

39.     CCS pays its Straight Time Employees on an hourly basis.

40.     CCS routinely schedules its Straight Time Employees to work more than 40 hours a week.

41.     Instead of paying its Straight Time Employees at 1.5 times their regular rates of pay for hours worked after 40 in a workweek, CCS pays them same hourly rate for all hours worked.

42.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practice for similar work.

43.     For example, Burkhard has for CCS as a Medical Courier in Maryland, Pennsylvania, Ohio, Virginia, and West Virginia since approximately September 2021.

---

[1] https://capitalcourierservices.com/ (last visited August 11, 2023).

7

44.     As a Medical Courier, Burkhard's primary responsibilities include transporting donated blood and Red Cross supplies to CCS's healthcare industry clients.

45.     As a CCS Medical Courier, Burkhard drives a vehicle that weighs less than 10,000 pounds.

46.     CCS pays him under its illegal straight time for overtime pay scheme.

47.     Specifically, CCS requires Burkhard to record his hours worked and pays him the same hourly rate (approximately $13/hour) for all hours worked, including those worked after 40 in a workweek.

48.     CCS requires all its Straight Time Employees to record the number of hours they work.

49.     CCS never paid the Straight Time Employees on a "salary basis."

50.     CCS did not pay its Straight Time Employees a guaranteed salary that was not subject to deductions.

51.     If the Straight Time Employees work fewer than 40 hours, CCS only pays them for the hours they actually work.

52.     But Burkhard and the other Straight Time Employees regularly work more than 40 hours in a workweek.

53.    Burkhard worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

54.    Likewise, each Straight Time Employee worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

55.    Indeed, Burkhard and the Straight Time Employees typically work 10+ hours a day, for 5 days a week.

56.    Burkhard and the other Straight Time Employees work in accordance with the schedule set by CCS (and/or its clients).

57.    When Burkhard and the Straight Time Employees work more than 40 hours in a workweek, CCS does not pay them overtime at rates not less than 1.5 times their regular rates of pay.

58.    CCS only pays Burkhard and the Straight Time Employees straight time for overtime.

59.    Despite misclassifying Burkhard and the Straight Time Employees as exempt, Burkhard and the other Straight Time Employees primarily perform non-exempt job duties.

60.    The Straight Time Employees' primary duties do not include supervising other CCS employees.

61.    The  Straight  Time  Employees'  primary  duties  are  not management.

62.    The Straight Time Employees' primary duties do not require the exercise  of  independent  judgment  or  discretion  with  respect  to  matters  of significance.

63.    Rather, the Straight Time Employees' primary duties are routine and largely governed by standardized plans, procedures, and checklists created by CCS.

64.    Virtually  every  job  function  is  predetermined  by  CCS,  including the  tools  and  equipment  used  at  the  delivery  site,  the  medical  materials  to delivery, the schedule of work, and related work duties.

65.    As CCS Medical Couriers, the Straight Time Employees' drive vehicles that weigh less than 10,000 pounds.

66.    As CCS Medical Couriers, the Straight Time Employees are not required to possess any specialized drivers' licenses, nor are they required to obtain or display any hazardous materials placards within the meaning of 49 C.F.R. § 172.502.

67.    This is because, as CCS Medical Couriers, the Straight Time Employees' primary duties do not include transporting hazardous materials.

68.     Rather, as CCS Medical Couriers, the Straight Time Employees' primary duties include transporting donated blood and medical supplies and delivering them to CCS's healthcare industry clients, primary the Red Cross.

69.     In sum, Burkhard and the Straight Time Employees are non-exempt employees and, therefore, entitled to overtime wages.

70.     But CCS does not pay these non-exempt employees, including Burkhard and the other Straight Time Employees, overtime wages when they work more than 40 hours in a workweek.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

71.     Burkhard incorporates all other paragraphs by reference.

72.     Burkhard brings his claims as a class and collective action on behalf of himself and the other Straight Time Employees.

73.     The Straight Time Employees are uniformly victimized by CCS's straight time for overtime pay scheme, which is in willful violation of the FLSA, MWHL, MWPCL, PMWA, and PWPCL.

74.     Other Straight Time Employees worked with Burkhard and indicated they were paid in the same manner, performed similar work, and were subject to CCS's same straight time for overtime pay scheme.

75.     Based on his experience with CCS, Burkhard is aware CCS's illegal practices were imposed on the Straight Time Employees.

11

76. The Straight Time Employees are similarly situated in all relevant respects.

77. Even if their precise job duties and locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime.

78. Any relevant exemption defenses would require CCS to pay the Straight Time Employees on a salary basis.

79. Because CCS fails the salary basis test with respect to the Straight Time Employees, the specific job duties performed by those employees are largely irrelevant.

80. The relevant job duty is whether the Straight Time Employees worked more than 40 hours in a week (which, by definition, they did).

81. Therefore, the specific job titles or precise job locations of the various Straight Time Employees do not prevent class or collective treatment.

82. Rather, CCS's uniform straight time for overtime pay scheme renders Burkhard and the other Straight Time Employees similarly situated for the purposes of determining their right to overtime pay.

83. CCS's records reflect the number of hours worked each week by the Straight Time Employees.

84.   CCS's records also show the Straight Time Employees were paid "straight time," instead of "time and a half," for their overtime hours.

85.   The back wages owed to Burkhard and the other Straight Time Employees can be calculated using the same formula applied to the same records.

86.   Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to CCS's records, and there is no detraction from the common nucleus of liability facts.

87.   Therefore, the issue of damages does not preclude class or collective treatment.

88.   Burkhard's experiences are therefore typical of the experiences of the Straight Time Employees.

89.   Burkhard has no interest contrary to, or in conflict with, the Straight Time Employees that would prevent class or collective treatment.

90.   Like each Straight Time Employee, Burkhard has an interest in obtaining the unpaid wages owed under federal and/or state law.

91.   A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

92. Absent this class and collective action, many Straight Time Employees will not obtain redress for their injuries, and CCS will reap the unjust benefits of violating the FLSA, MWHL, MWPCL, PMWA, and PWPCL.

93. Further, even if some of the Straight Time Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

94. Concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Straight Time Employees' claims.

95. The questions of law and fact that are common to each Straight Time Employee predominate over any questions affecting solely the individual members.

96. Among the common questions of law and fact are:

    a. Whether CCS applied its straight time for overtime pay scheme uniformly to the Straight Time Employees;

    b. Whether CCS misclassified Burkhard and the Straight Time Employees as exempt from the FLSA's, MWHL's, MWPCL's, PMWA's, and PWPCL's overtime provisions;

    c. Whether Burkhard and the Straight Time Employees are non-exempt employees entitled to overtime wages;

d.   Whether CCS's straight time for overtime pay scheme satisfies the "salary basis" test;

e.   Whether CCS's straight time for overtime pay scheme deprived Burkhard and the Straight Time Employees of premium overtime wages they are owed under the FLSA, MWHL, and/or PMWA;

f.   Whether CCS's straight time for overtime pay scheme deprived Burkhard and the Straight Time Employees of all wages due, earned, and owed to them under the MWPCL and/or PWPCL;

g.   Whether CCS's violations of the FLSA, MWHL, MWPCL, PMWA, and/or PWPCL resulted from a continuing course of conduct;

h.   Whether CCS's decision to classify Burkhard and the Straight Time Employees as exempt from overtime was made in good faith;

i.   Whether CCS's decision not to pay Burkhard and the Straight Time Employees overtime was made in good faith;

j.   Whether CCS's violations of the FLSA, MWHL, MWPCL, PMWA, and/or PWPCL were willful.

97.    Burkhard knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

98.    As part of its regular business practices, CCS intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, MWHL, MWPCL, PMWA, and PWPCL with respect to the Straight Time Employees.

99.    CCS's illegal straight time for overtime pay scheme deprived Burkhard and the other Straight Time Employees of the premium overtime wages they are owed under state and/or federal law.

100.    There are many similarly situated Straight Time Employees who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

101.    This notice should be sent to the Straight Time Employees pursuant to 29 U.S.C. § 216(b).

102.    The Straight Time Employees are known to CCS, are readily identifiable, and can be located through CCS's business and personnel records.

### CCS'S WAGE VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF THE FLSA, MWHL, MWPCL, PMWA, AND/OR PWPCL

103.   Burkhard incorporates all other paragraphs by reference.

104.   CCS knew it was subject to the FLSA's, MWHL's, and PMWA's respective overtime provisions.

105.   CCS knew the FLSA, MWHL, and PMWA required it to pay non-exempt employees, including the Straight Time Employees, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

106.   CCS knew it was subject to the MWPCL and the PWPCL.

107.   CCS knew the MWPCL and PWPCL required it to pay employees, including the Straight Time Employees, all wages (including overtime wages) due, earned, and owed to them.

108.   CCS knew each Straight Time Employee worked more than 40 hours in at least one workweek during the three years before this Complaint was filed because it expected and required these workers to do so.

109.   CCS knew the Straight Time Employees were its hourly employees.

110.   CCS knew it paid the Straight Time Employees on an hourly basis.

111.   CCS knew it paid the Straight Time Employees straight time for overtime.

112.   CCS knew it did not pay the Straight Time Employees on a "salary basis."

113.   CCS knew it did not pay the Straight Time Employees any guaranteed salary that was not subject to deduction based on the number of hours or days worked.

114.   CCS knew its straight time for overtime pay scheme did not satisfy the salary basis test.

115.   CCS knew it needed to pass the salary basis test to qualify for the exemptions it claimed with respect to the Straight Time Employees.

116.   CCS knew the Straight Time Employees' primary duties do not include supervising any CCS employees.

117.   CCS knew Burkhard and the Straight Time Employees' primary duties were not management.

118.   CCS knew the Straight Time Employees' primary duties do not include exercising independent discretion or judgment with respect to matters of significance.

119.   CCS knew the Straight Time Employees primarily performed non-exempt work.

18

120.   CCS knew that, as Medical Couriers, the Straight Time Employees drove Ford E-350 vans, which weigh less than 10,000 pounds.

121.   Nonetheless, CCS uniformly misclassified the Straight Time Employees as exempt and refused to pay them overtime.

122.   CCS's decision to misclassify Burkhard and the Straight Time Employees as exempt employees was neither reasonable, nor was the decision to misclassify these employees as exempt made in good faith.

123.   Likewise, CCS's failure to pay Burkhard and the Straight Time Employees overtime compensation was neither reasonable, nor was the decision not to pay these employees overtime compensation made in good faith.

124.   CCS knew, should have known, or showed reckless disregard for whether the conduct described in this Complaint violated the FLSA, MWHL, MWPCL, PMWA, and PWPCL.

### COUNT I
#### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
#### (FLSA COLLECTIVE)

125.   Burkhard incorporates all other paragraphs by reference.

126.   Burkhard brings his FLSA claims as a collective action on behalf of himself and the other FLSA Collective Members.

127.   CCS violated, and is violating, the FLSA by employing the FLSA Collective Members in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for the hours they worked after 40 in a workweek.

128.   CCS's unlawful conduct harmed Burkhard and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

129.   Accordingly, Burkhard and the FLSA Collective Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL
### (MARYLAND CLASS)

130.   Burkhard incorporates all other paragraphs by reference.

131.   Burkhard brings his MWHL claims as a class action on behalf of himself and the other Maryland Class Members pursuant to FED. R. CIV. P 23.

132.   The conduct alleged violates the MWHL. *See* MD. CODE, LAB. & EMPL. §§ 3-415(a) and 3-420(a).

133.   At all relevant times, CCS was an "employer" within the meaning of the MWHL. *See* MD. CODE, LAB. & EMPL. § 3-401(b).

134.   At all relevant times, CCS employed Burkhard and the Maryland Class Members as covered "employees" within the meaning of the MWHL.

135.   The MWHL requires employers, like CCS, to pay employees, like Burkhard and the Maryland Class Members, overtime wages at rates not less than 1.5 times their regular rate of pay for all hours worked after 40 in a workweek. *See* MD. CODE, LAB. & EMPL. § 3-415(a).

136.   The MWHL further requires employers, like CCS, to calculate an employee's overtime wage rate under § 3-415 on the basis of each hour over 40 that an employee works during one workweek. *See* MD. CODE, LAB. & EMPL. § 3-420(a).

137.   CCS violated, and is violating, the MWHL by employing Burkhard and the Maryland Class Members in a covered enterprise for workweeks longer than 40 hours without paying such non-exempt employees overtime wages at rates not less than 1.5 times their regular rates of pay for the hours they worked after 40 in a workweek.  *See* MD. CODE, LAB. & EMPL. §§ 3-415(a) and 3-402(a).

138.   CCS's unlawful conduct harmed Burkhard and the other Maryland Class Members depriving them of the overtime wages they are owed.

139. Accordingly, Burkhard and the Maryland Class Members are entitled to recover their unpaid overtime wages in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs. *See* MD. CODE, LAB. & EMPL. § 3-427.

**COUNT III**

**FAILURE TO PAY ALL WAGES EARNED UNDER THE MWPCL**
**(MARYLAND CLASS)**

140. Burkhard incorporates all other paragraphs by reference.

141. Burkhard brings his MWPCL claims as a class action on behalf of himself and the other Maryland Class Members pursuant to FED. R. CIV. P 23.

142. The conduct alleged violates the MWPCL. *See* MD. CODE, LAB. & EMPL. §§ 3-501, *et seq*.

143. At all relevant times, CCS was an "employer" within the meaning of the MWPCL. *See* MD. CODE, LAB. & EMPL. § 3-501(b).

144. At all relevant times, CCS employed Burkhard and the Maryland Class Members as covered "employees" within the meaning of the MWPCL.

145. Burkhard and the Maryland Class Members are entitled to all "wages" due within the meaning of the MWPLC. *See* MD. CODE, LAB. & EMPL. § 3-501(c).

146. These "wages" include Burkhard's and the Maryland Class Members' "straight time" and overtime wages. *See* MD. CODE, LAB. & EMPL. § 3-501(c).

147. The MWPCL requires employers, like CCS, to timely pay employees, including Burkhard and the Maryland Class Members, all wages (including overtime wages) due, earned, and owed to them for the work they performed. *See* MD. CODE, LAB. & EMPL. § 3-505(a).

148. CCS violated, and is violating, the MWPCL by failing to pay Burkhard and the Maryland Class Members all wages (including overtime wages) due, earned, and owed to them for the work they performed. *See* MD. CODE, LAB. & EMPL. § 3-505(a).

149. CCS's failure to pay Burkhard and the Maryland Class Members all wages due for the work they performed was not the result of any *bona fide* dispute.

150. CCS's unlawful conduct harmed Burkhard and the other Maryland Class Members depriving them of the overtime wages they are owed.

151. Accordingly, Burkhard and the Maryland Class Members are entitled to recover their unpaid overtime wages, plus treble damages, as well as attorney's fees and costs. *See* MD. CODE, LAB. & EMPL. § 3-507.2.

## COUNT IV

### FAILURE TO PAY OVERTIME WAGES UNDER THE PMWA
### (PENNSYLVANIA CLASS)

152.   Burkhard incorporates all other paragraphs by reference.

153.   Burkhard brings his PMWA claims as a class action on behalf of himself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P 23.

154.   The conduct alleged violates the PMWA, 43 PA. STAT. §§ 333.101, *et seq.*

155.   At all relevant times, CCS was an "employer" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(g).

156.   At all relevant times, CCS employed Burkhard and the Pennsylvania Class Members as covered "employees" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(h).

157.   The PMWA requires employers, like CCS, to pay employees, like Burkhard and the Pennsylvania Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek. *See* 43 PA. STAT. § 333.104(c).

158.   CCS violated, and is violating, the PMWA by employing Burkhard and the Pennsylvania Class Members in a covered enterprise for workweeks

24

longer than 40 hours without paying such non-exempt employees overtime wages at rates not less than 1.5 times their regular rates of pay for the hours they worked after 40 in a workweek. *See* 43 PA. STAT. § 333.104(c).

159.   CCS's unlawful conduct harmed Burkhard and the other Pennsylvania Class Members depriving them of the overtime wages they are owed.

160.   Accordingly, Burkhard and the Pennsylvania Class Members are entitled to recover their overtime wages in an amount equal to 1.5 times their regular rates of pay, prejudgment interest, all available penalties, as well as attorney's fees and costs. *See* 43 PA. STAT. § 333.113.

<u>COUNT V</u>
### FAILURE TO PAY ALL WAGES EARNED UNDER THE PWPCL
### (PENNSYLVANIA CLASS)

161.   Burkhard incorporates all other paragraphs by reference.

162.   Burkhard brings his PWPCL claims as a class action on behalf of himself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P 23.

163.   The conduct alleged violates the PWPCL, 43 PA. STAT. §§ 260.1, *et seq*.

164.   At all relevant times, CCS was an "employer" within the meaning of the PWPCL. *See* 43 PA. STAT. § 260.2a.

165.   At all relevant times, CCS employed Burkhard and the Pennsylvania Class Members as covered "employees" within the meaning of the PWPCL.

166.   The PWPCL requires employers, like CCS, to pay employees, like Burkhard and the Pennsylvania Class Members, all wages (including overtime wages) due, earned, and owed to them for the work they performed on their regular payday. *See* 43 PA. STAT. § 260.3(a).

167.   CCS violated, and is violating, the PWPCL by failing to pay Burkhard and the Pennsylvania Class Members all wages (including overtime wages) due, earned, and owed to them for the work they performed.

168.   CCS's failure to pay Burkhard and the Pennsylvania Class Members all wages due for the work they performed was not the result of any *bona fide* dispute.

169.   CCS's unlawful conduct harmed Burkhard and the other Pennsylvania Class Members depriving them of the overtime wages they are owed.

170.   Accordingly, Burkhard and the Pennsylvania Class Members are entitled to recover their unpaid overtime wages, plus an equal amount as

liquidated damages, as well as attorney's fees and costs. *See* 43 PA. STAT. § 260.9a.

**JURY DEMAND**

171.   Burkhard demands a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Burkhard, individually and on behalf of the Straight Time Employees, seeks the following relief:

    a.   An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the FLSA Collective Members allowing them to join this action by filing their written consent;

    b.   An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

    c.   An Order appointing Burkhard and his counsel to represent the interests of the FLSA Collective, Maryland Class, and Pennsylvania Class;

    d.   An Order pursuant to Section 16(b) of the FLSA finding CCS liable for unpaid back wages due to Burkhard and the FLSA Collective Members, plus liquidated damages in an amount equal to their unpaid wages;

27

e.    An Order finding CCS liable to Burkhard and the Maryland Class Members for unpaid overtime wages owed under the MWHL, plus liquidated damages in an amount equal to their unpaid wages;

f.    An Order finding CCS liable to Burkhard and the Maryland Class Members for unpaid wages owed under the MWPCL, plus treble damages;

g.    An Order finding CCS liable to Burkhard and the Pennsylvania Class Members for unpaid overtime wages owed under the PMWA, as well as for any available penalties;

h.    An Order finding CCS liable to Burkhard and the Pennsylvania Class Members for all unpaid wages owed under the PWPCL, plus liquidated damages in an amount equal to their unpaid wages;

i.    A Judgment against CCS awarding Burkhard and the Straight Time Employees all their unpaid wages, liquidated damages, treble damages, and any other penalties available under the FLSA, MWHL, MWPCL, PMWA, and/or PWPCL;

j.    An Order awarding attorney's fees, costs, and expenses;

k.  Pre- and post-judgment interest at the highest applicable rates; and

l.  Such other and further relief as may be necessary and appropriate.

Dated: August 14, 2023.

Respectfully submitted,

**MORGAN & MORGAN, PA**

By: */s/ Jeremy Stephens*
     Jeremy Stephens
     GA Bar No. 702063
191 Peachtree Street, N.E.,
Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone (404) 965-1682
jstephens@forthepeople.com

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

*Pro hac vices forthcoming*

**ATTORNEYS FOR PLAINTIFF AND
THE STRAIGHT TIME EMPLOYEES**