IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANDREW LIGHTSON, MICHAEL | ) |
| A. KRANZBURG, AND VISIONS | ) |
| RECOVERY NURSING PRACTITIONER | ) |
| CORP., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT FOR INTERPLEADER**

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its attorneys, Fox Rothschild LLP, and pursuant to 28 U.S.C. §§ 1335 and 2361, by way of Complaint for Interpleader against Defendants, Andrew Lightson ("Lightson"), Michael A. Kranzburg ("Kranzburg"), and Visions Recovery Nursing Practitioner Corp. ("Visions Recovery") (Defendants shall collectively be referred to herein as the "Claimant Defendants"), hereby alleges as follows:

## NATURE OF ACTION

1. This interpleader action arises out of a dispute between the Claimant Defendants concerning two different wire transfers to Lightson's Everyday Checking Account at Wells Fargo: the first on March 2, 2023 in the amount of $4,700.00 from Kranzburg's account at Wells Fargo, and the second on March 3, 2023 in the amount of $38,160.00 from Vision Recovery's account at Wells Fargo.

2. The Claimant Defendants, in connection with the March 2 and March 3, 2023 wires, are alleging entitlement to and/or are refusing to release the wire proceeds presently being held and restrained in Lightson's account at Wells Fargo.

3. Wells Fargo, as a disinterested stakeholder, seeks to interplead the disputed, restrained funds into the Court Registry to allow the Claimant Defendants to litigate their respective claims to the restrained funds amongst themselves.

## PARTIES

4. Wells Fargo is a national banking association with its main office, as set forth in its Articles of Association, in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota.

5. Lightson is a resident and citizen of Marietta, Cobb County, Georgia. Additionally, the restrained Wells Fargo bank account belonging to Lightson that

received the wire transfers at issue, was opened and maintained at all material times in the northern district of Georgia.

6. Kranzburg is a resident and citizen of Winston Salem, Forsyth County, North Carolina.

7. Visions Recovery Nursing Practitioner Corp. is a for profit corporation organized under the laws of California, with its principal place of business in Rancho Palos Verdes, California.

## JURISDICTION AND VENUE

8. This is an action for interpleader of a sum that exceeds $500.00

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1335 and 2361, in that there is diversity of citizenship between at least two of the Claimant Defendants, and the amount in controversy in this action exceeds $500.00, exclusive of interest and costs.

10. This Court has jurisdiction over the Claimant Defendants because the funds at issue were wired to and remain restricted in Lightson's account at Wells Fargo that was opened and maintained at all materials times in Sugarloaf, Georgia. Furthermore, 28 U.S.C. § 2361 grants district courts authority to issue nationwide service of process in statutory interpleader actions.

11. Venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. § 1391, since a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL CLAIMS

12. At all times material hereto, Lightson maintained a Wells Fargo Everyday Checking Account (Account No. XXXXXX1252; the "Lightson Account").

13. At all times material hereto, Kranzburg maintained a Wells Fargo Everyday Checking Account (Account No. XXXXXX2701; the "Kranzburg Account").

14. At all times material hereto, Visions Recovery maintained a Wells Fargo Navigate Business Checking Account (Account No. XXXXXX6490; the "Visions Recovery Account").

15. On or about March 2, 2023, the Lightson Account received a wire transfer from the Kranzburg Account in the amount of $4,700.00 (the "First Wire").

16. On or about March 3, 2023, the Lightson Account received a wire transfer from the Visions Recovery Account in the amount of $38,160.00 (the "Second Wire").

17. The total amount credited to the Lightson Account for the First Wire and the Second Wire (together, the "Wires") was $42,860.00.

18. On or about March 8, 2023, Wells Fargo received a recall request for the First Wire from Kranzburg based on alleged fraud.

19. On or about March 23, 2023, Wells Fargo received a recall request for the Second Wire from Visions Recovery based on alleged fraud.

20. Accordingly, Wells Fargo restrained the combined remaining proceeds of the Wires in the amount of **$36,295.38** (the "Restrained Proceeds")[1] in the Lightson Account, which remain restrained at this time.

21. Despite repeated requests, Lightson has refused to allow Wells Fargo to debit the Lightson Account, and return the Restrained Proceeds to Kranzburg and/or Visions Recovery in accordance with the deposit account agreement.

22. Accordingly, there is now a dispute as to which of the Claimant Defendants are entitled to the Restrained Proceeds.

---

[1] This amount may change due to account charges, interest payments and/or tax withholding by the bank, as applicable.

23. Wells Fargo now seeks to interplead the Restrained Proceeds into the Court Registry to allow the Claimant Defendants to make their respective legal claims to the Restrained Proceeds.

24. The relationships between (a) Wells Fargo and Lightson relative to the Lightson Account, (b) Wells Fargo and Kranzburg relative to the Kranzburg Account, and (c) Wells Fargo and Visions Recovery relative to the Visions Recovery Account, are currently governed by the Wells Fargo Deposit Account Agreement effective May 9, 2022, (the "Account Agreement"), a true and correct copy of which is attached hereto as **Exhibit A.**

25. Wells Fargo has retained the undersigned attorneys to represent it in this action and has agreed to pay them a reasonable fee.

26. Wells Fargo is entitled to recover its reasonable attorneys' fees and costs in this action pursuant to the Account Agreement and applicable law.

27. All conditions precedent to recovery have been performed, waived or have occurred.

## COUNT I
## (INTERPLEADER)

28. Wells Fargo repeats, realleges and incorporates all of the allegations made in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. At this time there exist rival, adverse and conflicting claims between the Claimant Defendants as to the Restrained Proceeds.

30. Wells Fargo claims no interest in the Restrained Proceeds and has done nothing to create the dispute over entitlement to the Restrained Proceeds.

31. By reason of the conflicting claims to the Restrained Proceeds, Wells Fargo is in doubt as to who is entitled to the Restrained Proceeds, is in danger of being exposed to double or multiple liability, and cannot safely remit the Restrained Proceeds without the aid of this Court.

32. Wells Fargo is ready, willing, and able to deposit the Restrained Proceeds into the Court Registry, or to any other custodian or trustee the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A. respectfully requests the following relief:

A. That this Court take jurisdiction over the parties, and permit Wells Fargo to deposit the Restrained Proceeds with the Registry of the Court;

B.    That this Court issue an order requiring the Claimant Defendants to the above-styled cause to interplead as to their rights and settle or litigate amongst themselves their claims and rights to the Restrained Proceeds;

C.    That Wells Fargo be discharged from all liability to any of the parties to this action concerning Wells Fargo's obligations related to the Restrained Proceeds, the Wire, the Lightson Account, the Kranzburg Account, and the Visions Recovery Account;

D.    That the Claimant Defendants be enjoined and prohibited from instituting any actions against Wells Fargo and/or its agents, affiliates, employees, and servants, regarding the Restrained Proceeds, the Wire, the Lightson Account, the Kranzburg Account, and the Visions Recovery Account;

E.    That Wells Fargo, pursuant to the Account Agreement and applicable law, be awarded its costs and reasonable attorneys' fees, to be paid from the Restrained Proceeds, for bringing this action;

F.    That Wells Fargo be dismissed as a party to this action; and

G.    For such other and further relief as this Court deems just, equitable, and proper.

                                                  *s/ Elizabeth G. Brunette*
                                                  Elizabeth G. Brunette

                                                                                      Georgia Bar No. 560454

                                                                                      *Attorney for Plaintiff,*
                                                                                      *Wells Fargo Bank, N.A.*

FOX ROTHSCHILD LLP
999 Peachtree Street N.E.
Suite 1500
Atlanta, Georgia 30309
(404) 962-1000 – Telephone
(404) 962-1200 – Facsimile
*ebrunette@foxrothschild.com*

Dated: Atlanta, Georgia
        August 14, 2023