IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICOLE WHITEHEAD,<br><br>　　Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., D/B/A DOLLAR TREE STORE #8487, XYZ CORPORATION, and JOHN DOE as MANAGER | Civil Action<br>File No.: |

**PETITION OF REMOVAL**

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COMES NOW, Dollar Tree Stores, Inc. by and through its undersigned counsel, and hereby files its Petition for Removal and respectfully shows this Court the following:

1.  A civil action has been filed and is now pending in the State Court of Cobb County, State of Georgia, designated as Civil Action File No.: 23-A-3033.

2.  The Summons and Complaint in that action were filed in the State Court of Cobb County on July 14, 2023. Defendant was served on July 17, 2023. Thus, Dollar Tree timely files this Petition for Removal.

3.   Defendant files herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 U.S.C. §1446. (Attached hereto as **Exhibit "A"**).

4.   Defendant Dollar Tree is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of the State of Virginia with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia, 23320.

5.   Plaintiff is a citizen of Georgia. Therefore, the action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Defendant is not a resident of the State of Georgia, the Parties are not residents of the same state, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6.   Plaintiff has filed suit against Dollar Tree she sustained injuries in a slip and fall incident occurring on November 2, 2022. Specifically, Plaintiff claims at least $24,696.00 in past medical expenses. Id.  She also seeks damages for future medical expenses and future pain and suffering.

Prior to initiating the instant lawsuit, Plaintiff made a settlement demand for $150,000.00 (Attached as **Exhibit "B"**).  In the attached demand letter, she alleges

she immediately sought treatment in the emergency room and she reported left-sided abdominal pain and right knee pain. She continued to experience severe abdominal pain after the fall and sought follow-up care with her doctor.

Due to worsening ankle and knee pain, she sought follow-up treatment with an orthopedic doctor. She reported her knee felt unstable and was going to buckle, rating her pain a 7 of 10. Due to continued issues with her knee, she received an injection for pain relief. In addition to being prescribed pain medications, she was recommended for an MRI and to complete physical therapy. She ultimately completed physical therapy for the knee issue.

During the course of treatment for her knee, she alleges she was diagnosed with a nondisplaced fracture in her knee.

With her demand letter, she included a life impact statement:

> **Life Impact Statement**
>
> In our clients' own words:
>
> "Ever since I fell in Dollar Tree, I've been in constant pain, which is affecting my quality of life. I'm in pain when I'm driving the school bus for work. I used to drive for Instacart and clean houses for extra money, but I am unable to do anymore because of the of the pain. The pain affects my sleep at night. I walk with a constant limp and must wear a knee brace and compression sock just to get some pain relief."
>
> Finally, I am missing out on family time and activities. For example, I can no longer go bowling since the fall. We went bowling as a family frequently prior to my fall. It is my sincerest hope that the injuries and pain from this incident do not continue to affect me for the rest of my life.

(Ex. B).

Settlement demands can be analyzed when confirming the amount in controversy is satisfied. <u>Jackson v. Select Portfolio Servicing, Inc.</u>, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (holding that settlement offers that provide specific

Page 2

information to support the plaintiff's claim for damages are entitled to more weight because it suggests the plaintiff is offering a reasonable assessment of his claim).

In Harris v. Bloomin' Brands, Inc., 1:18:-cv-05078-ELR (N.D. Ga. 2019), Judge Ross found that the amount in controversy exceeded the $75,000 jurisdictional minimum even though the plaintiff only alleged $10,985.75 in incurred medical expenses. There the plaintiff alleged she sustained serious injuries to her spine, back, neck, and left knee, and that she will require future medical treatments including injections and that she suffers a reduced earning capacity and permanent impairment.

Another recent case is the case of Johnson v. Blackburn, 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016). There the plaintiff alleged he suffered severe injuries to his head, neck, and back. Based on the plaintiff's allegations, the District Court in Johnson found that using judicial experience and common sense, it could infer that the complaint meets federal jurisdictional requirements. Id.

Here, in addition to alleging medical expenses around $25,000, Plaintiff's impact statement confirms the ongoing issues she has experienced since the fall. Her demand letter also includes a detailed summary of her treatments and the claimed diagnoses. Based on this information, the amount in controversy is satisfied here.

7. Defendant is not citizens of the State in which the State Court action is brought.

8. The aforementioned Georgia State Court action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

9. Defendant attaches a copy of Defendant's Notice of Removal that will be filed in the State Court of Cobb County, Georgia marked as **Exhibit "C."**

10. This action is currently pending in the State Court of Cobb County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

11. Defendant attaches a copy of the answer it filed in State Court, which is attached hereto as **Exhibit "D."**

This 14th day of August, 2023.

                                      Goodman McGuffey LLP
                                      Attorneys for Dollar Tree Stores, Inc.

                    By:   _/s/James T. Hankins, III_____

JAMES T. HANKINS, III
GA Bar No.  188771
JHankins@GM-LLP.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| NICOLE WHITEHEAD,<br><br>   Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., D/B/A DOLLAR TREE STORE #8487, XYZ CORPORATION, and JOHN DOE as MANAGER | Civil Action<br>File No.:   23-A-3033 |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this **Petition for Removal** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Amber L. Wigley, Esq.
Pritchard Injury Firm, LLC
201 W. Main St.
Cartersville, GA 30120
amber@pritchardinjuryfirm.com

P. Zachary Pritchard, Esq.
Pritchard Injury Firm, LLC
P.O. Box 667
Cartersville, Georgia 30120
zach@pritchardinjuryfirm.com

David J. Amos, Esq.
Pritchard Injury Firm, LLC
Emerson Overlook

326 Roswell Street
Marietta, GA 30060
david@pritchardinjuryfirm.com

This 14th day of August, 2023.

>/s/James T. Hankins, III_____
> JAMES T. HANKINS, III
> GA Bar No. 188771
> JHankins@GM-LLP.com
> Goodman McGuffey LLP
> 3340 Peachtree Road NE, Suite 2100
> Atlanta, GA 30326-1084
> (404) 264-1500 Phone
> (404) 264-1737 Fax