# EXHIBIT "A"

ID# E-WNLQ4MWS-F2Y
≣ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**23-A-3033**

**JUL 14, 2023 09:11 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  23-A-3033

$198.00 COST PAID

Whitehead, NIcole

---

**PLAINTIFF**

VS.

Dollar Tree Stores, Inc.,d/b/a, Dollar Tree
Store #8487
XYZ Corporation
Doe, as Manager, John

---

**DEFENDANTS**

## SUMMONS

TO: DOLLAR TREE STORES, INC.,D/B/A, DOLLAR TREE STORE #8487

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Philip Z. Pritchard**
> **Pritchard Injury Firm, LLC**
> **201 W. Main St.**
> **Cartersville, Georgia 30120**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 14th day of July, 2023.**

Clerk of State Court

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-S3CCL3PX-QTJ
≡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**AFFIDAVIT OF SERVICE**

**23-A-3033**

| Case:<br>23-A-3033 | Court:<br>Cobb County State Court | County:<br>Cobb, GA | Job:<br>9191566 | JUL 18, 2023 04:13 PM |
|---|---|---|---|---|

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

| Plaintiff / Petitioner:<br>Nicole Whitehead | Defendant / Respondent:<br>Dollar Tree Stores, Inc., d/b/a, Dollar Tree Store #8487, XYZ<br>Corporation, and John Doe, as Manager, |
|---|---|

| Received by:<br>Metro Court Services | For:<br>Zach Pritchard, Esq. |
|---|---|

**To be served upon:**
Dollar Tree Stores, Inc., d/b/a, Dollar Tree Store #8487 by and through Corporation Service Company

I, Christopher Todd Horton, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Dollar Tree Stores, Inc., d/b/a, Dollar Tree Store #8487 by and through Corporation Service Company c/o Alisha Smith, 2 Sun Ct Suite 400, Peachtree Corners, GA 30092

**Manner of Service:** Corporation, Jul 17, 2023, 1:37 pm EDT

**Documents:** SUMMONS, COMPLAINT FOR DAMAGES, NOTICE OF LEAVE OF ABSENCE, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT DOLLAR TREE STORES, INC., D/B/A/, DOLLAR TREE STORE #8487, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DOLLAR TREE STORES, INC., D/B/A/, DOLLAR TREE STORE #8487, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DOLLAR TREE STORES, INC., D/B/A/, DOLLAR TREE STORE #8487, PLAINTIFF'S NOTICE TO TAKE VIDEOTAPED 30(b)(6) DEPOSITION OF DEFENDANT, DOLLAR TREE STORES, INC., D/B/A/, DOLLAR TREE STORE #8487, PLAINTIFF'S NOTICE OF CONSENT TO ELECTRONIC SERVICE

**Additional Comments:**
1) Successful Attempt: Jul 17, 2023, 1:37 pm EDT at 2 Sun Ct Suite 400, Peachtree Corners, GA 30092 received by Dollar Tree Stores, Inc., d/b/a, Dollar Tree Store #8487 by and through Corporation Service Company c/o Alisha Smith. Other: Recipient Description: Age: 42, Sex: F, Race/Skin Color: Black, Height: 5'8", Weight: 150, Hair: Black, Glasses: N ;

_____      07/18/2023
Christopher Todd Horton            Date

Metro Court Services
216 N Erwin St
Cartersville, GA 30120
(678)524-7292

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

July 18, 2023
Date

Tiffany Horton
NOTARY PUBLIC
Commission Expires Gwinnett County
State of Georgia
My Comm. Expires 5-18-2027

TIFFANY HORTON
NOTARY
PUBLIC
GWINNETT COUNTY, GEORGIA

ID# E-WNLQ4MWS-LYV
⬛ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-3033**

JUL 14, 2023 09:11 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

Nicole Whitehead,

**Plaintiff,**

v.

Dollar Tree Stores, Inc., d/b/a, Dollar Tree
Store #8487, XYZ Corporation, and John
Doe, as Manager,

**Defendants.**

CIVIL ACTION FILE NO.:

_____

**JURY TRIAL DEMANDED**

### COMPLAINT FOR DAMAGES

COMES NOW, Nicole Whitehead, Plaintiff in the above-styled action, by and through undersigned counsel and hereby files this Complaint for Damages and names as Defendants Dollar Tree Stores, Inc., d/b/a, Dollar Tree Store #8487, XYZ Corporation and John Doe, as Manager, and respectfully shows the Court the following:

### PARTIES AND JURISDICTION

1.

Plaintiff Nicole Whitehead resides in Bartow County and is subject to the jurisdiction of this court.

2.

Defendant Dollar Tree Stores, Inc., d/b/a, Dollar Tree Store #8487 (hereinafter, " Defendant Dollar Tree") is a foreign profit corporation existing under the laws of Virginia whose principal office address is 500 Volvo Parkway, Chesapeake, VA 23320, who, at all times relevant to this action, owned and/or operated the premises upon which Nicole Whitehead (hereinafter, "Plaintiff") sustained the injuries which form the basis of this action, and maintained an office and place of doing business in Cobb County, GA, located at 4486 Cobb Parkway N NW, Acworth, Cobb County, Georgia, 30101, and is subject to the jurisdiction of this Court as a joint tortfeasor. Defendant Dollar Tree may be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.



3.

Defendant John Doe, as Manager, (hereinafter, "John Doe") occupied the position of Manager of the premises where the subject incident occurred. Defendant, John Doe, is an unidentified individual who, at all times relevant to this action, was acting within the scope of employment for Defendant Dollar Tree and/or XYZ Corporation on the premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions contributed to Plaintiff's damages and is subject to the jurisdiction and venue of this Court.

4.

Defendant XYZ Corporation (hereinafter, "XYZ Corporation") occupied the position of the unknown vendor of the premises where the subject incident occurred, and at all times relevant to this action, was acting within the scope of employment for Defendant Dollar Tree on the premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions are believed to have contributed to Plaintiff's claims for damages and is subject to the jurisdiction and venue of this Court.

## FACTS

5.

On or about November 2, 2022, Plaintiff was upon the premises of Dollar Tree Store #8487 (hereinafter, "the store") located at 4486 Cobb Parkway, N, Acworth, Georgia, 30101, a business owned and/or operated by Defendant Dollar Tree and/or XYZ Corporation, as an invitee.

6.

Plaintiff, through no failure to exercise reasonable care for her own safety, was walking in on the store premises and slipped and fell on a clear substance that appeared to be water, which had pooled and collected on the floor.

7.

There were no "wet floor" signs, cones, or other warnings in the area of the pooled water at the time of the fall.

8.

It had not rained on November 2, 2022 in Acworth, Georgia and the accumulation of water was not the result of a weather-related event.

9.

After Plaintiff slipped and fell on the water that had pooled and collected on the floor, Plaintiff notified Defendant John Doe, attending manager at the store after the incident.

10.

Defendant John Doe placed a cone on the water that had pooled and collected after Plaintiff had slipped and fallen.

11.

Defendant Dollar Tree and/or XYZ Corporation had exclusive ownership, possession and control over the store at all times relevant to this action.

12.

As a result of Plaintiff's slip and fall (hereinafter "incident"), she suffered bodily injury.

## COUNT ONE
## PREMISES LIABILITY

13.

Plaintiff realleges and incorporates the allegations contained in the paragraphs above as if fully set forth herein.

14.

Plaintiff was an invitee on the store premises at the time of the incident.

15.

Defendant Dollar Tree and/or XYZ Corporation owed a nondelegable duty of reasonable care in keeping the store premises safe for invitees such as Plaintiff.

16.

Plaintiff did not know and could not reasonably have learned of the danger posed by the water that had pooled and collected on the floor without proper notice or warning.

17.

Defendant Dollar Tree and/or XYZ Corporation had actual and/or constructive knowledge of the existence of the hazard, knew or should have known that the presence of the water that had pooled and collected on the floor posed a danger to invitees on the store premises, and should have notified or warned invitees about this hazard.

18.

Defendant Dollar Tree and/or XYZ Corporation were negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect patrons from substances on the floor and in failing to keep the premises safe for invitees.

## COUNT II
## LIABILITY OF DEFENDANT JOHN DOE

19.

Plaintiff realleges and incorporates the allegations contained in the paragraphs above as if fully set forth herein.

20.

At all times relevant to this action, Defendant John Doe had a duty to reasonably inspect, clean and maintain the area where Plaintiff's incident occurred.

21.

Defendant John Doe negligently failed to inspect, clean and maintain the area where Plaintiff's incident occurred and negligently failed to take reasonable measures to ensure the safety of invitees on the premises and warn invitees such as Plaintiff of the presence of from substances on the floor and in failing to keep the premises safe for patrons.

## COUNT III
## VICARIOUS LIABILITY

22.

Plaintiff realleges and incorporates herein the allegations contained the paragraphs above as if fully set forth herein.

23.

At all times relevant to this action, Defendant Dollar Tree, Defendant XYZ Corporation, Defendant John Doe, or through its agents and employees, negligently failed to exercise due care to properly clean, mop, or clear the floor to otherwise keep the premises in a safe condition so as not to pose a danger to patrons at the premises.

24.

The individuals responsible for inspecting, cleaning and maintaining the area where the Plaintiff's incident occurred were employed by Defendant Dollar Tree and were acting within the scope of their employment.

### 25.

Defendant Dollar Tree and/or XYZ Corporation is responsible for the conduct of these individuals under the doctrine of *Respondeat Superior*, agency or apparent agency.

## COUNT IV
## NEGLIGENT TRAINING & SUPERVISION

### 26.

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above as if fully set forth herein.

### 27.

Defendant Dollar Tree and/or XYZ Corporation were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

### 28.

Defendant Dollar Tree and/or XYZ Corporation were negligent in training and supervising its staff.

### 29.

As a result of Defendants' negligence in training and supervising its employees, Plaintiff was injured on the premises.

## COUNT V
## INJURIES AND DAMAGES

### 30.

Plaintiff realleges and incorporates the allegations set out in the above paragraphs as if fully set forth herein.

### 31.

As a direct proximate result of the Defendants' negligence, Plaintiff sustained injuries.

32.

As a direct proximate result of the Defendants' negligence, Plaintiff has experienced and will experience pain and suffering.

33.

As a result of the injuries Plaintiff received in the aforementioned fall, Plaintiff has incurred medical expenses in the amount of $24,696.00.

34.

As a result of the Defendants' negligence, Plaintiff may incur medical expenses in the future.

35.

At the time of the subject incident, Plaintiff was 53 years of age and had a reasonable life expectancy of 81.11 years according to the Annuity Mortality Table for 1949, Ultimate.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests and demands that:

a.  The Court accept jurisdiction over this case in Cobb County;

b.  This action be tried by a jury;

c.  Plaintiff be awarded special and general damages against Defendants as shall be proven by the evidence and as allowed by Georgia law;

d.  Plaintiff be awarded interest, including prejudgment interest, on Plaintiff's damages; and

e.  Plaintiff be awarded such other relief as the Court deems just and proper.

**Respectfully submitted**, this 14th Day of July, 2023.

PRITCHARD INJURY FIRM, LLC

201 W. Main St.
Cartersville, GA 30120
Tel: 470-420-4200
Fax: 470-729-7543
Amber@pritchardinjuryfirm.com
Zach@pritchardinjuryfirm.com
David@pritchardinjuryfirm.com

*/s/ Amber L. Wigley*
Amber L. Wigley
Georgia State Bar No. 618272
P. Zach Pritchard
Georgia State Bar No. 886134
David J. Amos
Georgia State Bar No. 486510
*Attorneys for Plaintiff*