# EXHIBIT "D"

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| NICOLE WHITEHEAD,<br><br>    Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., D/B/A DOLLAR TREE STORE #8487, XYZ CORPORATION, and JOHN DOE as MANAGER | Civil Action<br>File No.:    23-A-3033 |

## DEFENSES AND ANSWER

COMES NOW, Dollar Tree Stores, Inc., named Defendant in the above styled action, and files the following Defenses and Answer to Plaintiff's Complaint and shows the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

For a Second Defense, the Defendant answers the numbered paragraphs of the Complaint as follows:

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint and, therefore, cannot admit or deny same.

2.

In response to Paragraph 2, this Defendant admits that it is a foreign profit corporation existing under the laws of Virginia whose principal office address is 500 Volvo Parkway, Chesapeake, VA 23320, who operates Dollar Tree Store #8487 located at 4486 Cobb Parkway NW, Acworth, Georgia 30101, and may be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092. Defendant denies the remaining allegations of Paragraph 2 of Plaintiff's Complaint.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the Complaint and, therefore, cannot admit or deny same.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Complaint and, therefore, cannot admit or deny same.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint and, therefore, cannot admit or deny same.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Complaint and, therefore, cannot admit or deny same.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint and, therefore, cannot admit or deny same.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the Complaint and, therefore, cannot admit or deny same.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 9 of the Complaint and, therefore, cannot admit or deny same.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the Complaint and, therefore, cannot admit or deny same.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 11 of the Complaint and, therefore, cannot admit or deny same.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the Complaint and, therefore, cannot admit or deny same.

13.

In response to Paragraph 13, this Defendant repeats and re-alleges its responses to each allegation contained in Paragraphs 1 through 12 of the Complaint.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 14 of the Complaint and, therefore, cannot admit or deny same.

15.

Defendant denies, as pled, the allegations contained in Paragraph 15 of the Complaint.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the Complaint and, therefore, cannot admit or deny same.

17.

Defendant denies the allegations contained in Paragraphs 17 of the Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.

In response to Paragraph 19, this Defendant repeats and re-alleges its responses to each allegation contained in Paragraphs 1 through 18 of the Complaint.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of the Complaint and, therefore, cannot admit or deny same.

21.

Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

In response to Paragraph 22, this Defendant repeats and re-alleges its responses to each allegation contained in Paragraphs 1 through 21 of the Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 24 of the Complaint and, therefore, cannot admit or deny same.

25.

Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

In response to Paragraph 26, this Defendant repeats and re-alleges its responses to each allegation contained in Paragraphs 1 through 25 of the Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

In response to Paragraph 30, this Defendant repeats and re-alleges its responses to each allegation contained in Paragraphs 1 through 29 of the Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 33 of the Complaint and, therefore, cannot admit or deny same.

34.

Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 35 of the Complaint and, therefore, cannot admit or deny same.

36.

Any allegation of the Complaint not admitted, denied, or otherwise responded to above is hereby denied.

### THIRD DEFENSE

Defendant is not liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

## FOURTH DEFENSE

Defendant shows that the alleged damages of Plaintiff, if any, were caused by the contributory and comparative negligence of Plaintiff.

## FIFTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant.

## SIXTH DEFENSE

Defendant is not liable to Plaintiff because the negligence of Plaintiff equaled or preponderated over any acts or omissions of Defendant in producing or in bringing about the occurrence complained of, but Defendant denies that any act of Defendant produced, brought about, caused, or contributed to in any manner whatsoever the occurrence complained of in the Complaint.

## SEVENTH DEFENSE

The claims of Plaintiff are barred by the Georgia doctrine of assumption of risk.

## EIGHTH DEFENSE

Plaintiff's injuries, if any, were caused by an unforeseeable intervening third party tortfeasor and/or the acts and failure to act of persons or entities other than Defendant.

## NINTH DEFENSE

The Plaintiff's failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiff's rights to recover and/or recoup any items of special damages in this action, as a matter of law.  O.C.G.A. § 9-11-9(g).

<u>TENTH DEFENSE</u>

In the event that any benefits have been paid by or on behalf of Defendant, Defendant is entitled to a set off against any verdict for the amount of benefits paid. See, *Orndorff v. Brown*, 197 Ga. App. 591 (1990).

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against the Plaintiff.

This 14th day of August, 2023.

        Goodman McGuffey LLP
        Attorneys for Dollar Tree Stores, Inc.

By:   <u>/s/James T. Hankins, III</u>
      James T. Hankins, III
      GA State Bar No.:  188771
      JHankins@GM-LLP.com
      3340 Peachtree Road NE, Suite 2100
      Atlanta, GA 30326-1084
      (404) 264-1500 Phone
      (404) 264-1737 Fax

DEFENDANT DEMANDS
TRIAL BY JURY OF TWELVE

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| NICOLE WHITEHEAD,<br><br>   Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., D/B/A DOLLAR TREE STORE #8487, XYZ CORPORATION, and JOHN DOE as MANAGER | Civil Action<br>File No.:   23-A-3033 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of Defenses and Answer by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by depositing a copy of same in the United States Mail, postage prepaid, as follows:

Amber L. Wigley, Esq.
Pritchard Injury Firm, LLC
201 W. Main St.
Cartersville, GA 30120

P. Zachary Pritchard, Esq.
Pritchard Injury Firm, LLC
P.O. Box 667
Cartersville, Georgia 30120

David J. Amos, Esq.
Pritchard Injury Firm, LLC
Emerson Overlook
326 Roswell Street
Marietta, GA 30060

This 14th day of August, 2023.

                     By:   */s/James T. Hankins, III*
                           JAMES T. HANKINS III
                           GA State Bar No. 188771
                           JHANKINS@GM-LLP.com
                           Goodman McGuffey LLP

3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax