**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| INDIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| v. | ) | [On removal from the State |
| | ) | Court of Fulton County, |
| JOHN DOE, ALI BORE, BORE | ) | Georgia, Civil Action |
| TRANSPORT, INC., ABSHIR BORE, | ) | File No. 23EV001627] |
| BORE EXPRESS, INC., AMGUARD | ) | |
| INSURANCE COMPANY, and | ) | |
| INFINITY SELECT INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## NOTICE OF REMOVAL

AMGUARD INSURANCE COMPANY ("AmGUARD"), Defendant in the above-styled civil action, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332,1441 and 1446 within the time prescribed by law, respectfully showing this Court as follows:

1.

On March 17, 2023, Plaintiff, by and through counsel, filed a complaint against AmGUARD in the State Court of Fulton County, Georgia, styled as *India Johnson v. John Doe, et. al.*, and assigned Civil Action File No. 23EV001627 ("State

Court Action"). True and accurate copies of all filings to date in the State Court Action are collectively attached hereto as **Exhibit "A**."

2.

The complaint and summons in the State Court Action were served upon AmGUARD on July 14, 2023. This Notice of Removal is filed within thirty days of July 14, 2023, the date upon which AmGUARD received the complaint and notice of the subject lawsuit. Under 28 U.S.C. § 1446(c), a defendant may file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" *See* 28 U.S.C. § 1446(b)(1). This Notice of Removal is also filed within one year of the commencement of the action. Thus, removal is timely under 28 U.S.C. § 1446(b).

3.

The United States District Court for the Northern District of Georgia, Atlanta Division, embraces Fulton County, Georgia. Thus, removal to this Court is proper under 28 U.S.C. § 1441(a).

4.

Pursuant to 28 U.S.C. § 1446(d), concurrently with the filing of this Notice, Defendant has given notice of this Notice of Removal to all parties on record and to

the Clerk of the State Court of Fulton County, Georgia.  A true and correct copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit "B"**.

## **DIVERSITY JURISDICTION**

### 5.

The United States District Court for the Northern District of Georgia, Atlanta Division, possesses diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

### 6.

Plaintiff is a citizen of the State of Georgia. Plaintiff is a resident of the State of Georgia at the time of this removal, and upon information and belief, intends to remain in Georgia indefinitely. (See Complaint, ¶1, Exhibit A).

### 7.

AmGUARD is a foreign corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in the State of Pennsylvania. Thus, AmGUARD is a citizen of the State of Pennsylvania, and not a citizen of the State of Georgia.  *See* 28 U.S.C. § 1332(c) ("a corporation is deemed to be a citizen of every state in which it was incorporated, as well as the state in which it maintains its principal place of business…").

8.

Ali Bore is a citizen of the State of North Carolina. Ali Bore is a resident of the State of North Carolina at the time of this removal, and upon information and belief, intends to remain in North Carolina indefinitely. (<u>See</u> Complaint, ¶2, Exhibit A).

9.

Bore Transport, Inc. is a foreign corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in the State of North Carolina. (<u>See</u> Complaint, ¶3, Exhibit A).Thus, Bore Transport, Inc. is a citizen of the State of North Carolina, and not a citizen of the State of Georgia. *See* 28 U.S.C. § 1332(c) ("a corporation is deemed to be a citizen of every state in which it was incorporated, as well as the state in which it maintains its principal place of business…").

10.

Abshir Bore is a citizen of the State of North Carolina. Abshir Bore is a resident of the State of North Carolina at the time of this removal, and upon information and belief, intends to remain in North Carolina indefinitely. (<u>See</u> Complaint, ¶4, Exhibit A).

11.

Bore Express, Inc. is a foreign corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in the State of North Carolina. (<u>See</u> Complaint, ¶5, Exhibit A). Thus, Bore Express, Inc. is a citizen of the State of North Carolina, and not a citizen of the State of Georgia. *See* 28 U.S.C. § 1332(c) ("a corporation is deemed to be a citizen of every state in which it was incorporated, as well as the state in which it maintains its principal place of business…").

12.

Infinity Select Insurance Company is a foreign corporation organized and existing under the laws of the State of Indiana, with its principal place of business in the State of Indiana. (<u>See</u> Complaint, ¶7, Exhibit A). Thus, Infinity Select Insurance Company is a citizen of the State of Indiana, and not a citizen of the State of Georgia. *See* 28 U.S.C. § 1332(c) ("a corporation is deemed to be a citizen of every state in which it was incorporated, as well as the state in which it maintains its principal place of business…").

13.

Defendant John Doe is a fictitious defendant whose citizenships must be disregarded for removal purposes.  See 28 U.S.C. § 1441(b)(1); Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1318 n.4 (11th Cir. 2015).

14.

Accordingly, because Plaintiff and Defendants are citizens of different States, complete diversity exists between Plaintiff and Defendants in accordance with 28 U.S.C. § 1332(a)(1).

15.

The only other Defendant to be served in the State Court Action is Infinity Select Insurance Company.

16.

Infinity Select Insurance Company consents to the removal of this lawsuit pursuant to 28 U.S.C. 1446(b)(2)(C).

17.

In accordance with 28 U.S.C. 1446(b)(2)(A), all defendants who have been properly joined and served in the State Court Action consent to the removal of this lawsuit.

18.

Plaintiff seeks recovery for medical expenses, pain and suffering, mental anguish, general expenses, diminished quality of life, and lost wages based on a motor vehicle accident on Interstate 285 in Fulton County, Georgia. *See*, *generally*, [Doc. No. 1-1] (Complaint). Plaintiff does not specify the amount of money damages she seeks, but Plaintiff has alleged medical expenses in excess of $52,107.18. [Doc. No. 1-1], at ¶ 110.  Plaintiff also seeks recovery of punitive damages in connection with the subject incident. [Doc. No. 1-1], at ¶ 111.

19.

Although AmGUARD denies any wrongdoing, based on the contentions of the Complaint and known medical expenses, and additional damages alleged, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

20.

Accordingly, as per the face of the complaint and its attachments, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

21.

In light of the foregoing, this Court has subject matter jurisdiction over this matter in accordance with 28 U.S.C. § 1332(a). Defendant has complied with all the provisions of 28 U.S.C. § 1446 governing the procedure for removal.

22.

Venue is proper in this Court for purposes of removal under 28 U.S.C. § 1441(a). By filing this Notice of Removal, AmGUARD does not waive any of its jurisdictional objections or affirmative defenses.

23.

Defendant reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

WHEREFORE, AmGUARD respectfully prays that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1446, and that no further proceedings be had in said case in the State Court of Fulton County, Georgia.

This 14th day of August, 2023.

                                    Respectfully submitted,

                                    **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                                    By:      /s/ Drew C. Timmons
                                          Drew C. Timmons
                                          Georgia Bar No. 358626
                                          *Attorney for Defendant AmGUARD*
                                          *Insurance Company*

1420 Peachtree Street, N.E., Suite 800
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com

## <u>LOCAL RULE 5.1C CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

This 14th day of August, 2023.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   /s/ Drew C. Timmons
Drew C. Timmons
Georgia Bar No. 358626

*Attorney for Defendant AmGUARD Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that this day I have electronically filed this ***NOTICE OF REMOVAL*** with the Clerk of Court by e-filing same using the CM/ECF System, and served a copy of the foregoing electronically upon all parties of record via the CM/ECF System and via First Class U.S. Mail to Plaintiff.

This 14th day of August, 2023.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:     /s/ Drew C. Timmons
Drew C. Timmons
Georgia Bar No. 358626

*Attorney for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com
4896-1414-9751, v. 2