State Court of Fulton County
**E-FILED**
23EV001627
3/17/2023 9:33 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| INDIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | _____ |
| JOHN DOE, ALI BORE, | ) | |
| BORE TRANSPORT, INC., | ) | |
| ABSHIR BORE, BORE EXPRESS, INC. | ) | |
| AMGUARD INSURANCE COMPANY, and | ) | |
| INFINITY SELECT INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW Plaintiff and files her Complaint, and respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Ali Bore is a North Carolina resident. Defendant Ali Bore is the owner of Bore Transport, Inc. and/or an unknown trucking company involved in the collision made the basis of this suit. Defendant Ali Bore was doing business in Fulton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his business address: 1333 Briar Creek Road, apartment 2, Charlotte, North Carolina 28205. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant Bore Transport, Inc. is a foreign corporation with its principal place of business in Charlotte, North Carolina. Defendant Bore Transport, Inc. was doing business in Fulton County, Georgia on the date of the collision made the basis of this suit. Defendant Bore Transport, Inc. was the employer of Defendant John Doe on the date of the collision made the basis of this suit.

DEFENDANT'S
EXHIBIT
"A"

Defendant Bore Transport, Inc. may be served c/o its registered agent, Ali Bore, 1333 Briar Creek Road, apartment 2, Charlotte, North Carolina 28205. Jurisdiction and venue are proper as to Defendant Bore Transport, Inc..

4.

Defendant Abshir Bore is a North Carolina resident. Defendant Abshir Bore is the owner of Bore Express, Inc. and/or an unknown trucking company involved in the collision made the basis of this suit.. Defendant Abshir Bore was doing business in Fulton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his business address: 5500 Executive Center Drive, suite 230, Charlotte, North Carolina 28212. Defendant is subject to the jurisdiction of this Court. Venue is proper.

5.

Defendant Bore Express, Inc. is a foreign corporation with its principal place of business in Charlotte, North Carolina. Defendant Bore Express, Inc. was doing business in Fulton County, Georgia on the date of the collision made the basis of this suit. Defendant Bore Express, Inc. may be served c/o its registered agent, Abshir Bore, 5500 Executive Center Drive, suite 230, Charlotte, North Carolina 28212. Jurisdiction and venue are proper as to Defendant Bore Transport, Inc..

6.

Defendant Amguard Insurance Company (hereinafter referred to as "Defendant Amguard"), is a foreign insurance company with its principal place of business in Wilkes Barre, Pennsylvania. Defendant Amguard may be served c/o its process agent, #1 A+ Agents of Process Inc., Kenneth Goggins, Jr., 466 Mellview Avenue SW, Atlanta, Georgia 30310. Jurisdiction and venue are proper as to Defendant Amguard.

7.

Defendant Infinity Select Insurance Company (hereinafter referred to as "Defendant Infinity"), is a foreign insurance company with its principal place of business in Indianapolis, Indiana. Defendant Infinity may be served c/o its registered agent, CT Corporation System, 289 S.

Culver Street, Lawrenceville, Georgia 30046. Jurisdiction and venue are proper as to Defendant Infinity.

## **BACKGROUND**

8.

On March 25, 2021, at approximately 7:35 am, Plaintiff traveled in heavy traffic on I-285 East in the second lane from the left near exit 25 Roswell Road, Atlanta, Fulton County, Georgia in her 2015 Nissan Pathfinder.

9.

At the same date and time, Defendant John Doe traveled in heavy traffic directly in front of Plaintiff on I-285 East in the second lane from the left near exit 25 Roswell Road, Atlanta, Fulton County, Georgia in a white tractor trailer with US DOT number 1134892 written on the side with the words "Bore Transport" in blue letters and vin number 3AKJGLD61FSFZ4430.

10.

Defendant John Doe  began rolling backwards and struck the front of Plaintiff's vehicle. Plaintiff honked her horn to get Defendant John Doe's attention, but he continued to drive forward. Defendant John Doe began rolling backwards again a few minutes later and struck Plaintiff's vehicle a second time. Plaintiff made contact with Defendant John Doe, but Defendant John Doe left the scene of the accident before the police could arrive.

11.

As a result of the collision, Plaintiff suffered serious injuries.

12.

At the time of the collision made the basis of this suit, Defendant John Doe was an agent or employee of Defendants Ali Bore, Bore Transport, Inc., Abshir Bore and/or Defendant Bore Express, Inc.. Defendant John Doe was providing services in furtherance of the business of Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express, Inc. at all times

material hereto. Defendant John Doe was within the line and scope of his agency or employment with Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express, Inc. at the time of the collision made the basis of this suit.

13.

At the time of the collision made the basis of this suit, Defendant Amguard was the insurance carrier for Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express, Inc..

14.

At the time of the collision made the basis of this suit, Defendant Ali Bore was the owner of Bore Transport, Inc..

15.

At the time of the collision made the basis of this suit, Defendant Abshir Bore was the owner of Bore Express, Inc..

16.

Plaintiff is entitled to recover all past, present, and future damages suffered as a result of this incident.

## COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE

17.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

18.

Defendant John Doe had a duty to exercise ordinary care and operate the tractor trailer he drove in  a reasonably safe manner under the circumstances.

19.

Defendant John Doe breached that duty by failing to safely back up, failing to maintain a proper lookout for Plaintiff's vehicle, generally driving in an unsafe manner, and/or for leaving the

scene of an accident.

20.

Defendant John Doe's breach and the corresponding actions as described in this Complaint constitute negligence.

21.

As a direct and proximate result of John Doe's negligent and/or wanton actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, general expenses, medical expenses, and lost wages.

22.

As a direct and proximate result of Defendant John Doe's negligence and/or wantonness, Plaintiff suffered  injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate her for the following elements of damage:

      a. Medical expense;
      b. Pain and suffering;
      c. Mental anguish;
      d. General expenses;
      e. Diminished quality of life; and
      f. Lost wages.

23.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |

| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

24.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages  in an amount to be proven at trial, but no less than $52,107.18+ for general damages, for compensatory damages, for punitive damages, for pain and  suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and  post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

25.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

26.

Defendant John Doe had a duty to exercise ordinary care and operate the tractor trailer he was driving in a  reasonably safe manner under the circumstances.

27.

Defendant John Doe breached that duty by failing to safely back up, failing to maintain a

proper lookout for Plaintiff's vehicle, generally driving in an unsafe manner, and/or for leaving the scene of an accident.

28.

Defendant John Doe's actions are in violation of Georgia law, specifically failing to safely back up in violation of O.C.G.A. §40-6-240(a) and for leaving the scene of an accident in violation of  O.C.G.A. §40-6-270. His violations of Georgia law as described in this Complaint constitute negligence per se.

29.

As a direct and proximate result of Defendant John Doe's negligent per se actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, medical expenses, and lost wages.

30.

As a direct and proximate result of Defendant John Doe's negligence per se, Plaintiff suffered  injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate her for the following elements of damage:

      a. Medical expense;
      b. Pain and suffering;
      c. Mental anguish;
      d. General damages;
      e. Diminished quality of life; and
      f. Lost wages.

31.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |

| Emory Radiology | $ 343.00 |
|---|---|
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

32.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages  in an amount to be proven at trial, but no less than $52,107.18+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BORE TRANSPORT, INC.

33.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

34.

Upon information and belief, at the time of the collision made the basis of this suit,

Defendant John Doe was employed by or an agent of Defendant Bore Transport, Inc. and was acting within the line and scope of his employment with Defendant Bore Transport, Inc.

35.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent and/or employee of Defendant Bore Transport, Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Bore Transport, Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

36.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Bore Transport, Inc. liable to Plaintiff.

37.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Bore Transport, Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |

| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

38.

Defendant Bore Transport, Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs,  and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Bore Transport, Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT IV - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE TRANSPORT, INC.

39.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

40.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent  and/or employee of Defendant Bore Transport, Inc. and within the line and scope of said agency and/or employment.

41.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving.

42.

Defendant Bore Transport, Inc. knew or should have known, through the exercise of

reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

43.

Defendant Bore Transport, Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

44.

Defendant Bore Transport, Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Bore Transport, Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

45.

Defendant Bore Transport Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

46.

Defendant Bore Transport, Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

47.

Defendant Bore Transport, Inc. was negligent and/or wanton in its training of Defendant John Doe.

48.

Defendant Bore Transport, Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

49.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and

Defendant Bore Transport, Inc.,  Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

50.

Defendant Bore Transport, Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Bore Transport, Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT V - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE EXPRESS, INC.

51.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

52.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Bore Express, Inc. and was acting within the line and scope of his employment with Defendant Bore Express, Inc.

53.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent and/or employee of Defendant Bore Express, Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Bore Express, Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

54.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Bore Express, Inc. liable to Plaintiff.

55.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Bore Express, Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, physical therapy and rehabilitation, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| AICA Orthopedics | $ 15,374.50 |
|---|---|
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

56.

Defendant Bore Express has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Bore Express, Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VI - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE EXPRESS, INC.

57.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

58.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was

driving as an agent and/or employee of Defendant Bore Express, Inc. and within the line and scope of said agency and/or employment.

59.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving.

60.

Defendant Bore Express, Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

61.

Defendant Bore Express, Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

62.

Defendant Bore Express, Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Bore Express, Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

63.

Defendant Bore Express Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

64.

Defendant Bore Express, Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

65.

Defendant Bore Express, Inc. was negligent and/or wanton in its training of Defendant John Doe.

66.

Defendant Bore Express, Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

67.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Bore Express, Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |

| **TOTAL SPECIALS** | **$ 52,107.18+** |

68.

Defendant Bore Express, Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Bore Express, Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT ALI BORE

69.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

70.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Ali Bore and was acting within the line and scope of his employment with Defendant Ali Bore.

71.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent and/or employee of Defendant Ali Bore and within the line and scope of his agency and/or employment. Therefore, Defendant Ali Bore, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

72.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Ali Bore liable to Plaintiff.

73.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Ali Bore, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

74.

Defendant Ali Bore has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Ali Bore in a sum to be established by the jury and the costs of

this proceeding.

## COUNT VIII - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT ALI BORE

75.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

76.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent  and/or employee of Defendant Ali Bore and within the line and scope of said agency and/or employment.

77.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving.

78.

Defendant Ali Bore knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

79.

Defendant Ali Bore utilized inadequate screening, testing, background checks, and other such  methods prior to extending an offer of employment to Defendant John Doe.

80.

Defendant Ali Bore negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Ali Bore's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

81.

Defendant Ali Bore's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

82.

Defendant Ali Bore was negligent and/or wanton in his hiring of Defendant John Doe.

83.

Defendant Ali Bore was negligent and/or wanton in his training of Defendant John Doe.

84.

Defendant Ali Bore was negligent and/or wanton in his supervision of Defendant John Doe.

85.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Ali Bore,  Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal.  Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as  a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |

| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

86.

Defendant Ali Bore has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Ali Bore in a sum to be established by the jury and the costs of this proceeding.

**COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT ABSHIR BORE**

87.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

88.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Abshir Bore and was acting within the line and scope of his employment with Defendant Abshir Bore.

89.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent and/or employee of Defendant Abshir Bore and within the line and scope of his agency and/or employment. Therefore, Defendant Abshir Bore, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John

Doe.

90.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Abshir Bore liable to Plaintiff.

91.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Abshir Bore, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

92.

Defendant Abshir Bore has been stubbornly litigious, acted in bad faith, and caused Plaintiff

to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Abshir Bore in a sum to be established by the jury and the costs of this proceeding.

## COUNT X:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT ABSHIR BORE

93.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

94.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent  and/or employee of Defendant Abshir Bore and within the line and scope of said agency and/or employment.

95.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving.

96.

Defendant Abshir Bore knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

97.

Defendant Ali Bore utilized inadequate screening, testing, background checks, and other such  methods prior to extending an offer of employment to Defendant John Doe.

98.

Defendant Abshir Bore negligently and/or wantonly trained Defendant John Doe at the time

of hiring, after he was hired, and during his employment. Defendant Abshir Bore's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

99.

Defendant Ali Bore's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

100.

Defendant Ali Bore was negligent and/or wanton in his hiring of Defendant John Doe.

101.

Defendant Abshir Bore was negligent and/or wanton in his training of Defendant John Doe.

102.

Defendant Abshir Bore was negligent and/or wanton in his supervision of Defendant John Doe.

103.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Abshir Bore, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |

| | |
|---|---|
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

104.

Defendant Abshir Bore has been stubbornly litigious, acted in bad faith, and caused Plaintiff to  incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Abshir Bore in a sum to be established by the jury and the costs of this proceeding.

## COUNT XI: NEGLIGENCE OF DEFENDANT AMGUARD INSURANCE COMPANY

105.

Plaintiff reavers and realleges all the allegations in the preceding paragraphs as if fully  set forth herein.

106.

Upon information and belief, at the time of the collision made the basis of this suit, Defendants Ali Bore, Defendant Bore Transport, Inc., Defendant Abshir Bore, and/or Defendant Bore Express Inc. were insured under a commercial liability insurance policy with Defendant Amguard Insurance Company with a $1,000,000 coverage limit.

107.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the tractor trailer he was driving as an agent and/or employee of Defendants Ali Bore, Defendant Bore Transport, Inc., Defendant Abshir Bore, and/or Defendant Bore Express Inc..

108.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the tractor trailer he was driving for the furtherance of the engagement of interstate commerce for Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express Inc.. Pursuant to O.C.G.A. §40-2-140(d)(4), direct actions against insurers of motor carriers engaged in interstate commerce are authorized. In the alternative, Defendant John Doe was operating the tractor trailer he was driving for the furtherance of the engagement of intrastate commerce for Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express Inc.. Pursuant to O.C.G.A. §40-1-112(c), direct actions against insurers of motor carriers engaged in intrastate commerce are authorized.

109.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe, Ali Bore, Bore Transport, Inc., Abshir Bore, Bore Express, Inc., and Amguard Insurance Company liable to Plaintiff.

110.

As a proximate result of the negligence and/or wantonness of Defendants John Doe, Ali Bore, Bore Transport, Inc., Abshir Bore, Bore Express Inc., and Amguard Insurance Company Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

111.

Defendant Amguard Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe, Ali Bore, Bore Transport, Inc., Abshir Bore, Bore Express, Inc., and Amguard Insurance Company in a sum to be established by the jury and the costs of this proceeding.

## COUNT XII: BAD FAITH OF DEFENDANT INFINITY SELECT INSURANCE COMPANY

112.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

113.

At the time of the collision made the basis of this suit, Plaintiff maintained a uninsured/underinsured motor vehicle insurance policy with Defendant Infinity Select Insurance Company with a $25,000/$50,000 policy limit and $500 medical payments coverage limit.

114.

After being unable to successfully locate and file a claim under a liability policy for the incident giving rise to this suit, Plaintiff made numerous requests for uninsured policy limit payments and medical payments from Defendant Infinity Select Insurance Company for both collisions.

115.

Defendant Infinity Select Insurance Company had a duty to pay the policy limits of Plaintiff's available policy of uninsured motorist insurance coverage and medical payments pursuant to O.C.G.A. § 33-7-11.

116.

Defendant Infinity Select Insurance Company acted in bad faith by failing to pay out the policy limits of Plaintiff's available policy of uninsured motorist insurance coverage and medical payments to Plaintiff.

117.

Defendant Infinity Select Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant Infinity Select Insurance Company bad faith in an amount to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

This  _17th_  day of March, 2023.

_***India A. Johnson***_
Pro se Plaintiff

PO Box 592
Mableton, GA 30126
(770) 256-3851

State Court of Fulton County
**\*E-FILED\*\***
23EV001627
3/17/2023 9:33 PM
Donald Talley, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of _____ Fulton _____ County

| | |
|---|---|
| **For Clerk Use Only** | |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Johnson, India

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Bore, Ali                         Amguard Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Bore, Abshir                    Infinity Select Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Bore Transport, Inc.            Doe, John

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Bore Express, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☒

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____            _____
       **Case Number**                        **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

State Court of Fulton County
**E-FILED**
23EV001627
3/20/2023 2:08 PM
Donald Talley, Clerk
Civil Division

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

**SUMMONS**

) Case
) No.:_____
)
)
**Plaintiff,** )
)
**vs.** )
Amguard Insurance Company c/o #1 A+Agents of Process, Inc. )
)
)
Kenneth Goggins, Jr. 466 Mellview Ave. SW )
)
Atlanta, GA 30310 **Defendant** )
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____day of_____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

State Court of Fulton County
**E-FILED**
23EV001627
3/20/2023 2:08 PM
Donald Talley, Clerk
Civil Division

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**
## SUMMONS

|                                   |                  |
|-----------------------------------|------------------|
|                                   | ) Case           |
|                                   | ) No.:_____ |
|                                   | )                |
| _____       | )                |
| **Plaintiff,**                    | )                |
|                                   | )                |
| **vs.**                           | )                |
|                                   | )                |
| _____       | )                |
|                                   | )                |
| _____       | )                |
| Charlotte, NC 28212   **Defendant** | )              |
|                                   | )                |
|                                   | )                |
|                                   | )                |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____day of_____, 20 _____

                                        Honorable Cathelene "Tina" Robinson
                                        Clerk of Superior Court
                                        By_____
                                             Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you     _____, 20_____

                                             Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

State Court of Fulton County
**E-FILED**
23EV001627
3/20/2023 2:08 PM
Donald Talley, Clerk
Civil Division

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

## SUMMONS

|  | ) Case |
| --- | --- |
|  | ) No.:_____ |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **vs.** | ) |
|  | ) |
|  | ) |
|  | ) |
| **Defendant** | ) |
| Charlotte, NC 28205 | ) |
|  | ) |
|  | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____day of_____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

State Court of Fulton County
**E-FILED**
23EV001627
3/20/2023 2:08 PM
Donald Talley, Clerk
Civil Division

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

### SUMMONS

)  Case
)  No.:_____
)
)
**Plaintiff,**                              )
)
**vs.**                              )
Infinity Select Insurance Company c/o CT Corporation Systems )
)
289 S. Culver St., Lawrenceville, GA 30046 )
**Defendant**                              )
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____day of_____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

State Court of Fulton County
**E-FILED**
23EV001627
3/20/2023 2:08 PM
Donald Talley, Clerk
Civil Division

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**
## SUMMONS

) Case
) No.:_____
)
)
)
**Plaintiff,**               )
)
**vs.**                      )
)
)
)
)
Charlotte, NC 28212   **Defendant**   )
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____day of_____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you   _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

State Court of Fulton County
**E-FILED**
23EV001627
3/20/2023 2:08 PM
Donald Talley, Clerk
Civil Division

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

**SUMMONS**

| | |
|---|---|
| _____ | ) Case |
| | ) No.:_____ |
| _____ | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| _____ | ) |
| | ) |
| _____ | ) |
| Charlotte, NC 28205   **Defendant** | ) |
| | ) |
| | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____day of_____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you        _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

State Court of Fulton County
**E-FILED**
23EV001627
3/30/2023 11:14 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

INDIA JOHNSON,

    Plaintiff,

vs.

JOHN DOE, ALI BORE, BORE TRANSPORT,
INC., BORE EXPRESS, INC., AMGUARD
INSURANCE COMPANY and
INFINITY SELECT INSURANCE
COMPANY,

    Defendants.

CIVIL ACTION NO.

23EV001627

## AFFIDAVIT OF SERVICE OF PROCESS

COMES NOW the undersigned, Steven M. Barney, Jr. and gives this his affidavit of service of process testifying and deposing as follows:

1.

I am the age of majority and laboring with no mental disabilities. I give this affidavit based upon personal knowledge. I have no personal or financial interest in the outcome of this case. I am a Court appointed process server authorized to serve process in the above Court.

2.

I personally served upon AMGUARD INSURANCE COMPANY the following documents by serving A+ Agents of Process, Kenneth Goggins, registered agent, at the address of 466 Mellview Avenue SW, Atlanta, Georgia on March 27, 2023 11:48 a.m.

- *Summons*
- Complaint

DATED this _28_ day of March, 2023.

_____
STEVEN M. BARNEY, JR.

Sworn to and subscribed before me
This _28_ day of _March_, 2023.

_____
Notary Public, State of Georgia
My Comm. Expires _2/16/2027_

NOTARY PUBLIC
Gilmer County
State of Georgia
My Comm. Expires 2/16/2027

State Court of Fulton County
**E-FILED**
23EV001627
4/25/2023 2:09 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

INDIA JOHNSON,    )(
    )(
    Plaintiff,    )(    CIVIL ACTION FILE NO.
    )(    23EV001627
v.    )(
    )(
JOHN DOE, ALI BORE,    )(
BORE TRANSPORTATION, INC.,    )(
ASHBIR BORE, BORE EXPRESS, INC.,    )(
AMGUARD INSURANCE COMPANY, AND    )(
INFINITY SELECT INSURANCE COMPANY, )(
    )(
    Defendants.    )(

**INFINITY SELECT INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW INFINITY SELECT INSURANCE COMPANY, ("Infinity"), and without waiving any of its rights, but expressly subject thereto, files this, its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages, pursuant to the authority granted by O.C.G.A. § 33-7-11, showing as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Infinity and Infinity should be dismissed.

**SECOND DEFENSE**

Plaintiff has failed to satisfy one or more condition precedents to suit against Infinity and dismissal is warranted.

**THIRD DEFENSE**

Plaintiff does not have standing to bring any direct action claims against Infinity and dismissal is warranted.

1

## FOURTH DEFENSE

Plaintiff failed to make a demand pursuant to O.C.G.A. § 33-7-11(j) and cannot recover for any alleged bad faith failure to pay such damages.

## FIFTH DEFENSE

Plaintiff failed to make a demand for Medical Payments Coverage and cannot recover for any purported bad faith failure to pay such damages.

## SIXTH DEFENSE

Defendants may not be uninsured or underinsured as defined by Georgia law, and Plaintiff's claim against Infinity must be dismissed.

## SEVENTH DEFENSE

The accident described in Plaintiff's Complaint is subject to the $25,000 per person uninsured motorist bodily injury limit provided by Plaintiff's policy, notwithstanding the number of impacts alleged by Plaintiff. The Policy does not provide coverage for this accident in any amount over the $25,000 per person uninsured motorist bodily injury limit. The Policy contains the following language:

DEFINITIONS USED THROUGHOUT THIS POLICY

1. "**Accident**" means a sudden, unexpected, and unintended event causing **bodily injury** or **property damage**, arising out of the ownership, maintenance, or use of an **auto**. Coverage under this policy shall not apply if the **accident** or its consequences were either intended by the insured, or could have reasonably been expected from the viewpoint of the insured.

   All **bodily injury** and **property damage** arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one **accident**.

PART C – UNINSURED MOTORIST COVERAGE
INSURING AGREEMENT – UNINSURED MOTORIST COVERAGE

2

In exchange for **your premium payment**, **we** will pay damages, not exceeding the limits shown on the **Declarations Page**, less any applicable deductible shown on the **Declarations Page** which applies to this coverage, which an **insured person** is legally entitled to recover from the **owner** or operator of an **uninsured motor vehicle** because of **bodily injury** or **property damage:**

1. caused by an **accident**;
2. sustained by such **insured person**; and
3. arising out of the ownership, maintenance or use of the **uninsured motor vehicle**.

LIMITS OF LIABILITY – PART C ONLY

The limits of liability shown on the **Declarations Page** apply subject to the following:

1. Regardless of the number of **vehicles** insured, the limits of liability as applicable to each person for this coverage shown on the **Declarations Page** shall be the total limit of our liability to each person.
2. The limit of liability for this coverage shown on the **Declarations Page** for each person is the maximum **we** will pay as damages for **bodily injury**, including damages for derivative claims, to any one person in any one **accident**.

## **EIGHTH DEFENSE**

Infinity asserts the defenses of payment, release, accord and satisfaction and estoppel.

## **NINTH DEFENSE**

Infinity is not subject to suit as uninsured/underinsured motorist carrier pursuant to O.C.G.A. § 33-7-11 as it issued Plaintiff a check for the full $25,000 per person uninsured motorist bodily injury liability limit and Plaintiff deposited Infinity's check. Infinity owes no further coverage under the applicable Policy and dismissal is warranted.

## **TENTH DEFENSE**

Coverage may not be owed under the Medical Payments Coverage portion of the applicable policy, as the Policy contains the following language:

PART B - MEDICAL PAYMENTS COVERAGE

INSURING AGREEMENT

3

If the **Declarations Page** shows a premium charged for this coverage, **we** will pay **medical expenses** not exceeding the limits shown on the **Declarations Page**, incurred as a result of **bodily injury** caused by an **accident** and sustained by an **insured person**. Coverage under this Part shall not apply if the **accident** or its consequences were either intended by the **insured**, or could have reasonably been expected from the viewpoint of the **insured**. We will pay only for those expenses incurred for services rendered within three years from the date of the accident.

ADDITIONAL DEFINITIONS USED IN PART B ONLY

As used in this Part:

1. "**Accident**" as used in this Part, shall also mean an occurrence involving an **insured person** and must involve the actual physical impact of the **vehicle** or the **insured person** with another object in order for coverage under this Part to apply.

2. "**Medical Expenses**" means **usual and customary charges** incurred for reasonable and necessary services rendered to or on behalf of an **insured person** within three years from the date of the **accident** for: medical, surgical, x-ray, and dental services when performed by a licensed medical professional; pharmaceuticals; prosthetic devices; eye glasses; necessary ambulance, hospital, and professional nursing services when prescribed by a licensed medical professional; and funeral services.

Reasonable **medical expenses** do not include expenses:
a. For treatment, services, products or procedures that are:
i. Experimental in nature, for research, or not primarily designed to serve a medical purpose; or
ii. Not commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of the **bodily injury**; or
b. Incurred for:
i. The use of **thermography** or other related procedures of similar nature;
ii. The use of **acupuncture** or other related procedures of a similar nature; or
iii. The use of chiropractic care or other related procedures of a similar nature; or
iv. The purchase or rental of equipment not primarily designed to serve a medical purpose.

LIMITS OF LIABILITY - PART B ONLY

**We** will pay no more than the limit of liability shown for this coverage on the **Declarations Page** to or for each **insured person** as the result of any one **accident**, regardless of the number of premiums or motor **vehicles** listed on the **Declarations Page**, **insured persons**, claims, claimants, policies, or **vehicles** involved in the **accident**.

Any amount paid or payable under this coverage to or for an **insured person** will be reduced by any payment made to that person under Part A – Liability Coverage or Part C - Uninsured/Underinsured Motorists Coverage of this policy.

…

In no event will an **insured person** be entitled to receive duplicate payments for the same element of loss.

## ELEVENTH DEFENSE

The insurance policy under which Plaintiff is seeking uninsured/underinsured motorist coverage may not provide coverage for some or all of the damages being sought. As such, Plaintiff cannot recover from Infinity.

## TWELFTH DEFENSE

The sole, direct, and proximate cause of any injury or damage which the Plaintiff may have sustained was due to the acts or omissions of some other person, persons or entity other than Infinity, and therefore the Plaintiff is not entitled to recover anything from Infinity.

## THIRTEENTH DEFENSE

No act or omission on the part of Infinity caused or contributed to any of the alleged injuries or damages claimed by the Plaintiff, and therefore the Plaintiff is not entitled to recover anything from Infinity.

## FOURTEENTH DEFENSE

Infinity asserts and alleges each and every affirmative defense which is or may be available to the named Defendants, and to the extent that such defenses, including insufficiency of process, insufficiency of service of process, lack of jurisdiction, improper venue, expiration of the statute of limitations, or settlement and release may apply, Infinity reserves its right to rely upon the affirmative defenses available to Defendants as a judgment against an uninsured motorist is a legal condition precedent to any recovery from an uninsured motorist insurance carrier.

## FIFTEENTH DEFENSE

In the event that it is later determined that Infinity had in force any policy of uninsured motorist coverage inuring to the benefit of the Plaintiff in the circumstances sued upon here, then Infinity is entitled to a set-off against any liability it may have to the Plaintiff in the amount of any payment provided for the same damages sued upon here.

## SIXTEENTH DEFENSE

Plaintiff's failure to comply with the conditions of the insurance policies sued upon bars her recovery against Infinity.

## SIXTEENTH DEFENSE

Plaintiff failed to comply with the requirement to bring a claim against a "John Doe" driver as outlined in O.C.G.A. §33-7-11 and dismissal is warranted.

## EIGHTEENTH DEFENSE

Plaintiff is not entitled to recover against Infinity pursuant to O.C.G.A. § 13-6-11 and dismissal is warranted.

## NINETEENTH DEFENSE

In answer to the specific allegations of Plaintiff's Complaint, Infinity responds as follows:

1.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint, and same is therefore denied.

2.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint, and same is therefore denied.

6

3.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Complaint, and same is therefore denied.

4.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint, and same is therefore denied.

5.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint, and same is therefore denied.

6.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint, and same is therefore denied.

7.

Paragraph 7 is admitted.

## ALLEGATIONS OF BACKGROUND

8.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint, and same is therefore denied.

9.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint, and same is therefore denied.

7

10.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint, and same is therefore denied.

11.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Complaint, and same is therefore denied.

12.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint, and same is therefore denied.

13.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint, and same is therefore denied.

14.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint, and same is therefore denied.

15.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Complaint, and same is therefore denied.

16.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Complaint, and same is therefore denied.

## COUNT I: ALLEGATIONS OF NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE

8

17.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-16 of Plaintiff's Complaint.

18.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Complaint, and same is therefore denied.

19.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's Complaint, and same is therefore denied.

20.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Complaint, and same is therefore denied.

21.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiff's Complaint, and same is therefore denied.

22.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiff's Complaint, including all subparts (a) – (f), and same is therefore denied.

23.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiff's Complaint, and same is therefore denied.

24.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of Plaintiff's Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 6, immediately following Paragraph 24 of Plaintiff's Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

25.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-24 of Plaintiff's Complaint.

26.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiff's Complaint, and same is therefore denied.

27.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Complaint, and same is therefore denied.

28.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiff's Complaint, and same is therefore denied.

29.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Complaint, and same is therefore denied.

30.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiff's Complaint, including all subparts (a) – (f), and same is therefore denied.

31.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiff's Complaint, and same is therefore denied.

32.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiff's Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 8, immediately following Paragraph 32 of Plaintiff's Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT III: ALLEGATIONS OF NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BORE TRANSPORTATION, INC.

33.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-32 of Plaintiff's Complaint.

34.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of Plaintiff's Complaint, and same is therefore denied.

35.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of Plaintiff's Complaint, and same is therefore denied.

11

36.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiff's Complaint, and same is therefore denied.

37.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiff's Complaint, and same is therefore denied.

38.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiff's Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 10, immediately following Paragraph 38 of Plaintiff's Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT IV – ALLEGATIONS OF NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE TRANSPORT, INC.

39.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-32 of Plaintiff's Complaint.

40.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of Plaintiff's Complaint, and same is therefore denied.

41.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of Plaintiff's Complaint, and same is therefore denied.

42.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of Plaintiff's Complaint, and same is therefore denied.

43.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of Plaintiff's Complaint, and same is therefore denied.

44.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of Plaintiff's Complaint, and same is therefore denied.

45.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of Plaintiff's Complaint, and same is therefore denied.

46.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of Plaintiff's Complaint, and same is therefore denied.

47.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of Plaintiff's Complaint, and same is therefore denied.

48.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of Plaintiff's Complaint, and same is therefore denied.

49.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of Plaintiff's Complaint, and same is therefore denied.

50.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of Plaintiff's Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 12, immediately following Paragraph 50 of Plaintiff's Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT V – ALLEGATIONS OF NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE EXPRESS, INC.

51.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-50 of Plaintiff's Complaint.

52.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of Plaintiff's Complaint, and same is therefore denied.

53.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of Plaintiff's Complaint, and same is therefore denied.

54.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 of Plaintiff's Complaint, and same is therefore denied.

55.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of Plaintiff's Complaint, and same is therefore denied.

56.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of Plaintiff's Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 14, immediately following Paragraph 56 of Plaintiff's Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT VI – ALLEGATIONS OF NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE EXPRESS, INC.

57.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-56 of Plaintiff's Complaint.

58.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of Plaintiff's Complaint, and same is therefore denied.

59.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59 of Plaintiff's Complaint, and same is therefore denied.

60.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of Plaintiff's Complaint, and same is therefore denied.

61.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of Plaintiff's Complaint, and same is therefore denied.

62.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of Plaintiff's Complaint, and same is therefore denied.

63.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of Plaintiff's Complaint, and same is therefore denied.

64.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64 of Plaintiff's Complaint, and same is therefore denied.

65.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65 of Plaintiff's Complaint, and same is therefore denied.

66.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 of Plaintiff's Complaint, and same is therefore denied.

67.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 of Plaintiff's Complaint, and same is therefore denied.

68.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68 of Plaintiff's Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 17, immediately following Paragraph 68 of Plaintiff's Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT VII – ALLEGATIONS OF NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT ALI BORE

69.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-68 of Plaintiff's Complaint.

70.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of Plaintiff's Complaint, and same is therefore denied.

71.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of Plaintiff's Complaint, and same is therefore denied.

72.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72 of Plaintiff's Complaint, and same is therefore denied.

73.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of Plaintiff's Complaint, and same is therefore denied.

74.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of Plaintiff's Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 18-19, immediately following Paragraph 74 of Plaintiff's Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT VIII – ALLEGATIONS OF NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT ALI BORE

75.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-74 of Plaintiff's Complaint.

76.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of Plaintiff's Complaint, and same is therefore denied.

77.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77 of Plaintiff's Complaint, and same is therefore denied.

78.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78 of Plaintiff's Complaint, and same is therefore denied.

79.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 79 of Plaintiff's Complaint, and same is therefore denied.

80.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80 of Plaintiff's Complaint, and same is therefore denied.

81.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81 of Plaintiff's Complaint, and same is therefore denied.

82.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 82 of Plaintiff's Complaint, and same is therefore denied.

83.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 83 of Plaintiff's Complaint, and same is therefore denied.

84.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 84 of Plaintiff's Complaint, and same is therefore denied.

85.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 85 of Plaintiff's Complaint, and same is therefore denied.

86.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 86 of Plaintiff's Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 21, immediately following Paragraph 86 of Plaintiff's Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT IX – ALLEGATIONS OF NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT ABSHIR BORE

87.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-86 of Plaintiff's Complaint.

88.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 88 of Plaintiff's Complaint, and same is therefore denied.

89.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 89 of Plaintiff's Complaint, and same is therefore denied.

90.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 90 of Plaintiff's Complaint, and same is therefore denied.

91.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 91 of Plaintiff's Complaint, and same is therefore denied.

92.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 92 of Plaintiff's Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 23, immediately following Paragraph 92 of Plaintiff's Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT X – ALLEGATIONS OF NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT ABSHIR BORE

93.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-92 of Plaintiff's Complaint.

94.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 94 of Plaintiff's Complaint, and same is therefore denied.

95.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 95 of Plaintiff's Complaint, and same is therefore denied.

96.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 96 of Plaintiff's Complaint, and same is therefore denied.

97.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 97 of Plaintiff's Complaint, and same is therefore denied.

98.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 98 of Plaintiff's Complaint, and same is therefore denied.

99.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 99 of Plaintiff's Complaint, and same is therefore denied.

100.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 100 of Plaintiff's Complaint, and same is therefore denied.

101.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 101 of Plaintiff's Complaint, and same is therefore denied.

102.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 102 of Plaintiff's Complaint, and same is therefore denied.

103.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 103 of Plaintiff's Complaint, and same is therefore denied.

104.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 104 of Plaintiff's Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 25, immediately following Paragraph 104 of Plaintiff's Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT XI – ALLEGATIONS OF NEGLIGENCE OF DEFENDANT AMGAURD INSURANCE COMPANY

105.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-104 of Plaintiff's Complaint.

106.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 106 of Plaintiff's Complaint, and same is therefore denied.

107.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 107 of Plaintiff's Complaint, and same is therefore denied.

108.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 108 of Plaintiff's Complaint, and same is therefore denied.

109.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 109 of Plaintiff's Complaint, and same is therefore denied.

110.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 110 of Plaintiff's Complaint, and same is therefore denied.

111.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 111 of Plaintiff's Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 27, immediately following Paragraph 111 of Plaintiff's Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT XII – ALLEGATIONS OF BAD FAITH OF DEFENDANT INFINITY SELECT INSURANCE COMPANY

112.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-111 of Plaintiff's Complaint.

113.

Infinity admits it issued an automobile insurance policy to Plaintiff, which was in effect on the date of the subject incident, which provided $25,000 per person/$50,000 per occurrence bodily injury uninsured motorist coverage and $500 in medical payments coverage. Infinity further states the coverages available under the applicable policy are subject to all of the terms, conditions, exclusions and other language contained therein. Infinity denies the remaining allegations, if any, contained in Paragraph 113 of Plaintiff's Complaint.

114.

Infinity admits Plaintiff sought both uninsured motorist coverage and medical payments coverage. Infinity further admits it issued payment for the entire available per person uninsured motorist bodily injury limit of $25,000 to Plaintiff on March 1, 2023. Infinity denies the remaining allegations in Paragraph 114 of Plaintiff's Complaint.

115.

Infinity admits it issued payment for the entire available per person uninsured motorist bodily injury limit of $25,000 to Plaintiff on March 1, 2023. Infinity denies the remaining allegations in Paragraph 115 of Plaintiff's Complaint.

24

116.

Paragraph 116 of Plaintiff's Complaint is denied.

117.

Paragraph 117 of Plaintiff's Complaint is denied.

Infinity denies all allegations contained in the Wherefore Paragraph on page 28, immediately following Paragraph 117 of Plaintiff's Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff for bad faith or for any further amount than what has already been paid.

Any allegations in Plaintiff's Complaint not specifically responded to by Infinity are hereby denied. Infinity further denies Plaintiff is entitled to recover from Infinity in any sum or manner whatsoever.

WHEREFORE, having fully answered Plaintiff's Complaint, Infinity Select Insurance Company hereby requests that:

(a) It be discharged without liability to Plaintiff;

(b) It have a trial by a jury of twelve (12) persons as to all issues properly triable by a jury;

(c) Costs be assessed against Plaintiff; and

(d) It have such other relief as the Court deems just and proper.

This 25TH day of April, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: */s/ Myrece R. Johnson*
_____

Myrece R. Johnson
Georgia Bar No. 940301
Lauren D. Woodrick
Georgia Bar No. 324394

*Attorney for Infinity Select Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404.874.8800
404.888.6199 [facsimile]
myrece.johnson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com

26

## CERTIFICATE OF SERVICE

I certify that on this day I served a copy of **INFINITY SELECT INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties via the Court's electronic filing system and via email as follows:

India A. Johnson
PO Box 592
Mableton, GA  30126
Indiaj20@yahoo.com

This 25th day of April, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Myrece R. Johnson*

By: _____

Myrece R. Johnson
Georgia Bar No. 940301
Lauren D. Woodrick
Georgia Bar No. 324394
*Attorney for Infinity Select Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404.874.8800
404.888.6199 [facsimile]
myrece.johnson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com

4888-8002-2110, v. 1

27

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV001627**
**4/25/2023 2:09 PM**
**Donald Talley, Clerk**
**Civil Division**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| INDIA JOHNSON, | )( | |
| | )( | |
| **Plaintiff,** | )( | **CIVIL ACTION FILE NO.** |
| | )( | **23EV001627** |
| **v.** | )( | |
| | )( | |
| JOHN DOE, ALI BORE, | )( | |
| BORE TRANSPORTATION, INC., | )( | |
| ASHBIR BORE, BORE EXPRESS, INC., | )( | |
| AMGUARD INSURANCE COMPANY, AND | )( | |
| INFINITY SELECT INSURANCE COMPANY, | )( | |
| | )( | |
| **Defendants.** | )( | |

## INFINITY SELECT INSURANCE COMPANY'S JURY DEMAND

COMES NOW INFINITY SELECT INSURANCE COMPANY, ("Infinity"), and without waiving any of its rights, but expressly subject thereto, files this, its demand for trial by a jury of twelve (12) persons.

This 25th day of April, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: _/s/ Myrece R. Johnson_
_____
Myrece R. Johnson
Georgia Bar No. 940301
Lauren D. Woodrick
Georgia Bar No. 324394
_Attorney for Infinity Select Insurance Company_

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404.874.8800
404.888.6199 [facsimile]
myrece.johnson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com

1

## CERTIFICATE OF SERVICE

I certify that on this day I served a copy of **INFINITY SELECT INSURANCE COMPANY'S JURY DEMAND** upon all parties via the Court's electronic filing system and via email as follows:

India A. Johnson
PO Box 592
Mableton, GA  30126
Indiaj20@yahoo.com

This 25th day of April, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Myrece R. Johnson*

By:  _____

Myrece R. Johnson
Georgia Bar No. 940301
Lauren D. Woodrick
Georgia Bar No. 324394
*Attorney for Infinity Select Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404.874.8800
404.888.6199 [facsimile]
myrece.johnson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com

4876-6059-5550, v. 1

2

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV001627**
**4/25/2023 2:09 PM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| INDIA JOHNSON,                          )( | |
|                                         )( | |
|     Plaintiff,     )( | CIVIL ACTION FILE NO. |
|                                         )( | 23EV001627 |
| v.                                      )( | |
|                                         )( | |
| JOHN DOE, ALI BORE,                     )( | |
| BORE TRANSPORTATION, INC.,              )( | |
| ASHBIR BORE, BORE EXPRESS, INC.,        )( | |
| AMGUARD INSURANCE COMPANY, AND          )( | |
| INFINITY SELECT INSURANCE COMPANY,      )( | |
|                                         )( | |
|     Defendants.    )( | |

## BRIEF IN SUPPORT OF INFINITY SELECT INSURANCE COMPANY'S MOTION TO DISMISS

COMES NOW INFINITY SELECT INSURANCE COMPANY ("Infinity") and, pursuant to O.C.G.A. § 9-11-12(b)(6)[1], moves this Honorable Court to dismiss Count XII from the above styled matter. In support of its motion, Infinity states as follows:

## STATEMENT OF FACTS

This case arises out of a March 25, 2021 motor vehicle collision involving a vehicle operated by Plaintiff and a vehicle operated by John Doe, who is alleged to be an employee or agent of Defendants Ali Bore, Bore Transport, Inc., Abshir Bore and/or Defendant Bore Express, Inc. ("Bore Defendants"). (Complaint, ¶ 8-12). Plaintiff asserts claims for negligence, negligence

---

[1] By bringing this Rule 12 Motion, Infinity in no way waives its right to raise arguments regarding coverage under the applicable policy, and other affirmative defenses such as payment and accord and satisfaction, as such are more properly heard in a Motion for Summary Judgment. Infinity denies there is coverage available to Plaintiff under the uninsured motorist portion of her policy and intends to contest coverage in this matter. Moss v. Cincinnati Ins. Co., 154 Ga. App. 165 (1980) (allowing a UM carrier to contest coverage in the tort suit, noting "two issues to be decided in such suits: [are] tort liability and coverage"); Maxwell v. State Farm Mut. Auto. Ins. Co., 196 Ga. App. 545, 545 (1990) ("when it files pleadings in its own name, the questions of tort liability as well as coverage are in issue").

1

per se and negligent hiring/training/supervision against the Bore Defendants. (See Complaint, Counts I-X). In addition to these claims, Plaintiff asserts a claim against Defendant AmGuard, as purported insurer of the Bore Defendants, pursuant to O.C.G.A. § 40-2-140. (See Count XI).

Plaintiff also asserts a claim for bad faith against Infinity, as Plaintiff's uninsured motorist carrier. (See Count XII). Specifically, Plaintiff alleges Infinity issued her a policy of insurance providing uninsured motorist coverage and medical payments coverage. (Complaint, ¶ 113). Plaintiff further alleges Infinity had a duty to pay the available policy limits pursuant to O.C.G.A. § 33-7-11 and acted in bad faith by failing to make these payments. (Complaint, ¶ 115-116). Plaintiff seeks to recover for bad faith as well as attorney fees under O.C.G.A. § 13-6-11. Complaint, ¶ 117).

## ARGUMENT AND CITATION TO AUTHORITY

Plaintiff's complaint fails to state direct action claims against Infinity upon which relief could be granted, in that a suit seeking uninsured motorist benefits under a policy of automobile insurance can only be brought after a judgment is obtained against the tortfeasor (John Doe) which establishes liability and damages. That condition precedent has not been satisfied here.  In addition, Plaintiff's claim under O.C.G.A. § 13-6-11 against Infinity is barred as a matter of law.

A motion to dismiss under O.C.G.A. § 9-11-12(b)(6) should be granted where "the allegations of the Complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the Complaint sufficient to warrant a grant of the relief sought." Stendahl v. Cobb Cnty., 284 Ga. 525 (2008); Larose v. Bank of Am., N.A., 321 Ga. App. 465, 465-66. (2013). As to the direct action bad faith claims against Infinity, this is such a case.

2

**A.** **Dismissal of the Count XII, alleging bad faith and attorney fees under O.C.G.A. § 13-6-11, is warranted.**

Before an insured person may sue her uninsured motorist carrier on the contract, the insured must first obtain a judgment against the tortfeasor responsible for causing her damages:

> "It is a condition precedent to an action against an automobile liability insurance carrier to recover under the provisions of [O.C.G.A. § 33-7-11] on account of injuries and damages to the plaintiff resulting from the negligence of a known uninsured motorist, that suit shall have been brought and judgment recovered against the uninsured motorist." *State Farm, etc., Co. v. Girtman*, 113 Ga.App.54, 147 S.E.2d 364 (1966); *Hartford Acc., etc., Co. v. Studebaker*, 139 Ga.App. 386, 387(1), 228 S.E.2d 322 (1976)."

Peagler & Manley Ins. Agency, Inc. v. Studebaker, 156 Ga. App. 786, 786 (1980) (citations omitted); State Farm Mut. Auto. Ins. Co. v. Lorenz, 202 Ga. App. 123, 124 (1991); "A judgment against the tortfeasor, even if it is a nominal one, is still necessary before the plaintiff may recover from the UM carrier. A determination must be made 'of the uninsured motorist's tort liability before a UM carrier can be held accountable on its contractual obligation to its insured.'" Cohen v. Allstate Ins. Co., 277 Ga. App. 437, 441 (2006) overruled on other grounds by Ragan v. Mallow, 319 Ga. App. 443 (2012).

Critically here, as to claims of bad faith and attorneys' fees, the Georgia uninsured motorist statute clearly requires Plaintiff's claim against Infinity for any purported failure to pay uninsured motorist benefits must be brought in a *separate action* after a judgment is rendered against the "John Doe" Defendant in this case. O.C.G.A. § 33-7-11 (j) provides, in relevant part:

> If the insurer shall refuse to pay any insured any loss covered by this Code section within 60 days after a demand has been made by the insured and a finding has been made that such refusal was made in bad faith, the insurer shall be liable to the insured in addition to any recovery under this Code section for not more than 25 percent of the recovery and all reasonable attorney's fees for the prosecution of the case under this Code section. *The question of bad faith, the amount of the penalty, if any, and the reasonable attorney's fees, if any, shall be determined in a **separate action** filed by the insured against the insurer **after a judgment has been rendered against the uninsured motorist** in the original tort action.*

(emphasis added). Courts have interpreted this statute based on the plain language contained therein, noting "[i]t is clear that a plaintiff must obtain a judgment against the uninsured motorist before filing suit against an insurer for the bad faith penalty and attorney fees" under the uninsured motorist statute. Lewis v. Cherokee Ins. Co., 258 Ga. 839, 840 (1989); see also Moss v. Cincinnati Ins. Co., 154 Ga. App. 165, 166 (1980) ("this court has interpreted the Uninsured Motorist Act to require, as a condition precedent to a suit against the insurance carrier, that the insured first sue and recover a judgment against the uninsured motorist, whether known or unknown." (citations omitted)); State Farm Mut. Auto. Ins. Co. v. Lorenz, 202 Ga. App. 123, 124 (1991); Peagler & Manley Ins. Agency, Inc. v. Studebaker, supra. See also Jenkins & Miller, Ga. Automobile Insurance Law §§ 34:3, 37:4, 37:5 (2020-2021 ed.).[2]

The requirement that an insured obtain a judgment against the tortfeasor before an uninsured motorist carrier may be compelled to pay under its policy is not changed by the fact that the carrier answers a lawsuit against the tortfeasor in its own name. Boles v. Hamrick, 194 Ga. App. 595, 596 (1990) ("the filing of an answer by the uninsured motorist carrier in its own name does not by itself eliminate the requirement that a judgment first be obtained against the uninsured motorist, as a condition precedent to a claim under the policy against the insurer."); Durrah v. State Farm Fire & Cas. Co., 312 Ga. App. 49, 52, fn. 2 (2011).

In this case, dismissal is warranted because Plaintiff has not satisfied this absolute condition precedent to her suit against Infinity. Indeed, as obvious on the face of the Complaint,

---

[2] Although an insured must serve his uninsured motorist carrier with the suit filed against the tortfeasor and the insurer may participate in the case in its own name if it chooses, thereby allowing a judgment to be entered against the insurer for the uninsured motorist benefits owed (based on the judgment against the tortfeasor), a suit against an uninsured motorist carrier for *failure to pay benefits* is different and not allowed until a judgment has been entered against the tortfeasor.

Plaintiff's suit is against the tortfeasor and thus she does not have the judgment necessary to bring a direct action claim for bad faith under the applicable statute. Without such a judgment, Plaintiff's claim is not ripe and may not be asserted in this case, as a matter of law. The claim is also asserted in the tort action, rather than in the separate action required by statute, providing another basis for dismissal. Accordingly, the complaint fails to state a claim against Infinity upon which relief could be granted and the direct claims must be dismissed.

Further, as it relates to a claim for attorney fees or expenses of litigation, O.C.G.A. § 33-7-11(j) is the exclusive basis for a recovery against an uninsured motorist carrier for "bad faith" and O.C.G.A. § 13-6-11 is not applicable. McCall v. Allstate Ins. Co., 251 Ga. 869, 871, 310 S.E.2d 513, 515 (1984); Smith v. Stoddard, 294 Ga. App. 679, 681–82 (2008) ("where, as here, the legislature provides a limited penalty under a specific enactment, namely OCGA § 33–7–11, the limited penalty is the exclusive penalty, and recovery under general penalty provisions such as OCGA § 13–6–11 will not be allowed. See McCall v. Allstate Ins. Co., 251 Ga. 869, 872 (1984). Plaintiff's claim against Infinity for a penalty or damages under O.C.G.A. § 13–6–11 is barred as a matter of law and fails to state a claim upon which relief could be granted and also must be dismissed.

## CONCLUSION

The claims Plaintiff has made against Infinity are improper as a matter of law and Count XII, the only count alleged against Infinity directly, fails to state a claim upon which relief could be granted. For these reasons, the direct-action claims against Infinity must be dismissed. Infinity further requests dismissal from the matter as an unnamed uninsured motorist carrier, as Plaintiff has accepted the available coverage limit under the UMBI portion of the policy and no further

coverage is owed. There is no legal basis to require Infinity to continue its involvement with this lawsuit and dismissal is warranted.

This 25th day of April, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Myrece R. Johnson*

Myrece R. Johnson
Georgia Bar No. 940301
Lauren D. Woodrick
Georgia Bar No. 324394
*Attorney for Infinity Select Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404.874.8800
404.888.6199 [facsimile]
myrece.johnson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this day I served a copy of **<u>BRIEF IN SUPPORT OF INFINITY</u>** **<u>SELECT INSURANCE COMPANY'S MOTION TO DISMISS</u>** upon all parties via the Court's electronic filing system and via email as follows:

India A. Johnson
PO Box 592
Mableton, GA  30126
Indiaj20@yahoo.com

This 25TH day of April, 2023.

        **SWIFT, CURRIE, McGHEE & HIERS, LLP**

        By:    ***/s/ Myrece R. Johnson***
                      Myrece R. Johnson
                      Georgia Bar No. 940301
                      Lauren D. Woodrick
                      Georgia Bar No. 324394
                      *Attorney for Infinity Select Insurance*
                      *Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404.874.8800
404.888.6199 [facsimile]
myrece.johnson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com

4879-3381-5902, v. 1

State Court of Fulton County
**E-FILED**
23EV001627
4/27/2023 3:26 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| INDIA JOHNSON, | )( | |
| | )( | |
| **Plaintiff,** | )( | **CIVIL ACTION FILE NO.** |
| | )( | **23EV001627** |
| **v.** | )( | |
| | )( | |
| JOHN DOE, ALI BORE, | )( | |
| BORE TRANSPORTATION, INC., | )( | |
| ASHBIR BORE, BORE EXPRESS, INC., | )( | |
| AMGUARD INSURANCE COMPANY, AND | )( | |
| INFINITY SELECT INSURANCE COMPANY, | )( | |
| | )( | |
| **Defendants.** | )( | |

### NOTICE OF LEAVE OF ABSENCE

**COMES NOW MYRECE R. JOHNSON** and respectfully notifies all judges before whom she has cases pending, all affected clerks of court, and all opposing counsel, that she will be on leave pursuant to Georgia Uniform Court Rule 16.

1.

The periods of leave during which time Applicant will be away from the practice of law are as follows:

➢ May 30 & 31, 2023

➢ June 6, 7, 8, 9, 12, & 13, 2023

➢ July 28 & 31, 2023

➢ August 1, 2023

➢ September 1, 15, 18, 19, & 20, 2023

➢ November 21 & 22, 2023

➢ December 26, 27, 28, 29, & 30, 2023

There are no proceedings scheduled during the requested time periods as of the filing date of this Request.

2.

All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be effective.

Respectfully submitted this 27 April 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Myrece R. Johnson*

_____

Myrece R. Johnson
Georgia Bar No. 940301

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309-3238
404-874-8800 (ph)
404-888-6199 (fax)
myrece.johnson@swiftcurrie.com

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing ***Notice of Leave of Absence*** by filing electronically with the Court's electronic filing system which will send e-mail notification of same to all counsel/parties of record.

Respectfully submitted this  27 April 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: *\_\_/s/ Myrece R. Johnson_____*

Myrece R. Johnson
Georgia State Bar No. 940301

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309-3238
404-874-8800 (ph)
404-888-6199 (fax)
Myrece.johnson@swiftcurrie.com

4876-6059-5550, v. 1

3

State Court of Fulton County
**E-FILED**
23EV001627
5/22/2023 11:10 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| INDIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | __23EV001627____ |
| JOHN DOE, ALI BORE, | ) | |
| BORE TRANSPORT, INC., | ) | |
| ABSHIR BORE, BORE EXPRESS, INC. | ) | |
| AMGUARD INSURANCE COMPANY, and | ) | |
| INFINITY SELECT INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT AMGUARD INSURANCE COMPANY

COMES NOW Plaintiff India Johnson and moves this Court for Entry of Default Judgment against Defendant Amguard Insurance Company for failure to file a timely answer pursuant to O.C.G.A. § 9-11-55 and shows the Court as follows:

1.

On March 17, 2023, the Plaintiff filed suit against the Defendant in Fulton County State Court. (Complaint, Exhibit "1")

2.

On March 27, 2023, the Defendant was served with a copy of the Summons and Complaint. (Affidavit of Private Process Server, Exhibit "2")

3.

Pursuant to Georgia law, the Defendant's answer was due on April 19, 2023.

4.

The 15-day grace period to open the default as a matter of right expired on May 5, 2023.

5.

As of the present date, there has been no answer filed by the Defendant Amguard Insurance

Company.

6.

Plaintiff certifies that she has spoken to the Clerk of the Court on May 22, 2023 and

reviewed the filed pleadings in the case and can find no evidence of the Defendant having filed an

answer in this case. (Certificate of Compliance, Exhibit "3")


This  _22nd_  day of May, 2023.

_ *India A. Johnson*
Pro se Plaintiff

PO Box 592
Mableton, GA 30126
(770) 256-3851

State Court of Fulton County
**E-FILED**
23EV001627
5/22/2023 9:30 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

INDIA JOHNSON,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )   CIVIL ACTION FILE NO.:
                                        )
                                        )   _____
JOHN DOE, ALI BORE,                     )
BORE TRANSPORT, INC.,                   )
ABSHIR BORE, BORE EXPRESS, INC.         )
AMGUARD INSURANCE COMPANY, and          )
INFINITY SELECT INSURANCE COMPANY       )
                                        )
        Defendants.                     )

## **COMPLAINT**

COMES NOW Plaintiff and files her Complaint, and  respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Ali Bore is a North Carolina resident. Defendant Ali Bore is the owner of Bore Transport, Inc. and/or an unknown trucking company involved in the collision made the basis of this suit. Defendant Ali Bore was doing business in Fulton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his business address:  1333 Briar Creek Road, apartment 2, Charlotte, North Carolina 28205. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant Bore Transport, Inc. is a foreign corporation with its principal place of business in Charlotte, North Carolina. Defendant Bore Transport, Inc. was doing business in  Fulton County, Georgia on the date of the collision made the basis of this suit. Defendant Bore Transport, Inc. was the employer of Defendant John Doe on the date of the collision made the basis of this suit.

Defendant Bore Transport, Inc. may be served c/o its registered agent, Ali Bore, 1333 Briar Creek Road, apartment 2, Charlotte, North Carolina 28205. Jurisdiction and venue are proper as to Defendant Bore Transport, Inc..

4.

Defendant Abshir Bore is a North Carolina resident. Defendant Abshir Bore is the owner of Bore Express, Inc. and/or an unknown trucking company involved in the collision made the basis of this suit.. Defendant Abshir Bore was doing business in Fulton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his business address:  5500 Executive Center Drive, suite 230, Charlotte, North Carolina 28212. Defendant is subject to the jurisdiction of this Court. Venue is proper.

5.

Defendant Bore Express, Inc. is a foreign corporation with its principal place of business in Charlotte, North Carolina. Defendant Bore Express, Inc. was doing business in  Fulton County, Georgia on the date of the collision made the basis of this suit. Defendant Bore Express, Inc. may be served c/o its registered agent, Abshir Bore, 5500 Executive Center Drive, suite 230, Charlotte, North Carolina 28212. Jurisdiction and venue are proper as to Defendant Bore Transport, Inc..

6.

Defendant Amguard Insurance Company (hereinafter referred to as "Defendant Amguard"), is a foreign insurance company with its principal place of business in Wilkes Barre, Pennsylvania. Defendant Amguard may be served c/o its process agent, #1 A+ Agents of Process Inc., Kenneth Goggins, Jr., 466 Mellview Avenue SW, Atlanta, Georgia 30310. Jurisdiction and venue are proper as to Defendant Amguard.

7.

Defendant Infinity Select Insurance Company (hereinafter referred to as "Defendant Infinity"), is a foreign insurance company with its principal place of business in Indianapolis, Indiana. Defendant Infinity may be served c/o its registered agent, CT Corporation System, 289 S.

Culver Street, Lawrenceville, Georgia 30046. Jurisdiction and venue are proper as to Defendant Infinity.

## **BACKGROUND**

8.

On March 25, 2021, at approximately 7:35 am, Plaintiff traveled in heavy traffic on I-285 East in the second lane from the left near exit 25 Roswell Road, Atlanta, Fulton County, Georgia in her 2015 Nissan Pathfinder.

9.

At the same date and time, Defendant John Doe traveled in heavy traffic directly in front of Plaintiff on I-285 East in the second lane from the left near exit 25 Roswell Road, Atlanta, Fulton County, Georgia in a white tractor trailer with US DOT number 1134892 written on the side with the words "Bore Transport" in blue letters and vin number 3AKJGLD61FSFZ4430.

10.

Defendant John Doe  began rolling backwards and struck the front of Plaintiff's vehicle. Plaintiff honked her horn to get Defendant John Doe's attention, but he continued to drive forward. Defendant John Doe began rolling backwards again a few minutes later and struck Plaintiff's vehicle a second time. Plaintiff made contact with Defendant John Doe, but Defendant John Doe left the scene of the accident before the police could arrive.

11.

As a result of the collision, Plaintiff suffered serious injuries.

12.

At the time of the collision made the basis of this suit, Defendant John Doe was an agent or employee of Defendants Ali Bore, Bore Transport, Inc., Abshir Bore and/or Defendant Bore Express, Inc.. Defendant John Doe was providing services in furtherance of the business of Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express, Inc. at all times

material hereto. Defendant John Doe was within the line and scope of his agency or employment with Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express, Inc. at the time of the collision made the basis of this suit.

13.

At the time of the collision made the basis of this suit, Defendant Amguard was the insurance carrier for Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express, Inc..

14.

At the time of the collision made the basis of this suit, Defendant Ali Bore was the owner of Bore Transport, Inc..

15.

At the time of the collision made the basis of this suit, Defendant Abshir Bore was the owner of Bore Express, Inc..

16.

Plaintiff is entitled to recover all past, present, and future damages suffered as a result of this incident.

## COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE

17.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

18.

Defendant John Doe had a duty to exercise ordinary care and operate the tractor trailer he drove in a reasonably safe manner under the circumstances.

19.

Defendant John Doe breached that duty by failing to safely back up, failing to maintain a proper lookout for Plaintiff's vehicle, generally driving in an unsafe manner, and/or for leaving the

scene of an accident.

20.

Defendant John Doe's breach and the corresponding actions as described in this Complaint constitute negligence.

21.

As a direct and proximate result of John Doe's negligent and/or wanton actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, general expenses, medical expenses, and lost wages.

22.

As a direct and proximate result of Defendant John Doe's negligence and/or wantonness, Plaintiff suffered  injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate her for the following elements of damage:

    a. Medical expense;
    b. Pain and suffering;
    c. Mental anguish;
    d. General expenses;
    e. Diminished quality of life; and
    f. Lost wages.

23.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |

| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

24.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages  in an amount to be proven at trial, but no less than $52,107.18+ for general damages, for compensatory damages, for punitive damages, for pain and  suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and  post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

25.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

26.

Defendant John Doe had a duty to exercise ordinary care and operate the tractor trailer he was driving in a  reasonably safe manner under the circumstances.

27.

Defendant John Doe breached that duty by failing to safely back up, failing to maintain a

proper lookout for Plaintiff's vehicle, generally driving in an unsafe manner, and/or for leaving the scene of an accident.

28.

Defendant John Doe's actions are in violation of Georgia law, specifically failing to safely back up in violation of O.C.G.A. §40-6-240(a) and for leaving the scene of an accident in violation of O.C.G.A. §40-6-270. His violations of Georgia law as described in this Complaint constitute negligence per se.

29.

As a direct and proximate result of Defendant John Doe's negligent per se actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, medical expenses, and lost wages.

30.

As a direct and proximate result of Defendant John Doe's negligence per se, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate her for the following elements of damage:

a. Medical expense;
b. Pain and suffering;
c. Mental anguish;
d. General damages;
e. Diminished quality of life; and
f. Lost wages.

31.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |

| | |
|---|---|
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

32.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages  in an amount to be proven at trial, but no less than $52,107.18+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BORE TRANSPORT, INC.

33.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

34.

Upon information and belief, at the time of the collision made the basis of this suit,

Defendant John Doe was employed by or an agent of Defendant Bore Transport, Inc. and was acting within the line and scope of his employment with Defendant Bore Transport, Inc.

35.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent and/or employee of Defendant Bore Transport, Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Bore Transport, Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

36.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Bore Transport, Inc. liable to Plaintiff.

37.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Bore Transport, Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| AICA Orthopedics | $ 15,374.50 |
|---|---|
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |

| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

38.

Defendant Bore Transport, Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs,  and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Bore Transport, Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT IV - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE TRANSPORT, INC.

39.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

40.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent  and/or employee of Defendant Bore Transport, Inc. and within the line and scope of said agency and/or employment.

41.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving.

42.

Defendant Bore Transport, Inc. knew or should have known, through the exercise of

reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

43.

Defendant Bore Transport, Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

44.

Defendant Bore Transport, Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Bore Transport, Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

45.

Defendant Bore Transport Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

46.

Defendant Bore Transport, Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

47.

Defendant Bore Transport, Inc. was negligent and/or wanton in its training of Defendant John Doe.

48.

Defendant Bore Transport, Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

49.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and

Defendant Bore Transport, Inc.,  Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| AICA Orthopedics | $ 15,374.50 |
|---|---|
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

50.

Defendant Bore Transport, Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Bore Transport, Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT V - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE EXPRESS, INC.

51.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

52.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Bore Express, Inc. and was acting within the line and scope of his employment with Defendant Bore Express, Inc.

53.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent and/or employee of Defendant Bore Express, Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Bore Express, Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

54.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Bore Express, Inc. liable to Plaintiff.

55.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Bore Express, Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, physical therapy and rehabilitation, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

56.

Defendant Bore Express has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Bore Express, Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VI - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE EXPRESS, INC.

57.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

58.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was

driving as an agent and/or employee of Defendant Bore Express, Inc. and within the line and scope of said agency and/or employment.

59.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving.

60.

Defendant Bore Express, Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

61.

Defendant Bore Express, Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

62.

Defendant Bore Express, Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Bore Express, Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

63.

Defendant Bore Express Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

64.

Defendant Bore Express, Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

65.

Defendant Bore Express, Inc. was negligent and/or wanton in its training of Defendant John

Doe.

66.

Defendant Bore Express, Inc. was negligent and/or wanton in its supervision of Defendant

John Doe.

67.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and

Bore Express, Inc.,  Plaintiff has been caused to incur and obliged to spend substantial sums of

money in medical,  hospital, therapy, and drug expenses, in and about an effort to heal.  Plaintiff

will continue to be obliged to do so for an indefinite time in the future to her great  detriment and

loss. Plaintiff has been caused to suffer lost wages and other economic damages as  a result of her

injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |

| **TOTAL SPECIALS** | **$ 52,107.18+** |
|---|---|

68.

Defendant Bore Express, Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Bore Express, Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT ALI BORE

69.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

70.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Ali Bore and was acting within the line and scope of his employment with Defendant Ali Bore.

71.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent and/or employee of Defendant Ali Bore and within the line and scope of his agency and/or employment. Therefore, Defendant Ali Bore, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

72.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Ali Bore liable to Plaintiff.

73.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Ali Bore, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries. Plaintiff suffered special damages as follows:

| AICA Orthopedics | $ 15,374.50 |
|---|---|
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

74.

Defendant Ali Bore has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Ali Bore in a sum to be established by the jury and the costs of

this proceeding.

## COUNT VIII - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT ALI BORE

75.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

76.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent  and/or employee of Defendant Ali Bore and within the line and scope of said agency and/or employment.

77.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving.

78.

Defendant Ali Bore knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

79.

Defendant Ali Bore utilized inadequate screening, testing, background checks, and other such  methods prior to extending an offer of employment to Defendant John Doe.

80.

Defendant Ali Bore negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Ali Bore's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

81.

Defendant Ali Bore's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

82.

Defendant Ali Bore was negligent and/or wanton in his hiring of Defendant John Doe.

83.

Defendant Ali Bore was negligent and/or wanton in his training of Defendant John Doe.

84.

Defendant Ali Bore was negligent and/or wanton in his supervision of Defendant John Doe.

85.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Ali Bore,  Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal.  Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as  a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |

| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

86.

Defendant Ali Bore has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Ali Bore in a sum to be established by the jury and the costs of this proceeding.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT ABSHIR BORE

87.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

88.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Abshir Bore and was acting within the line and scope of his employment with Defendant Abshir Bore.

89.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent  and/or employee of Defendant Abshir Bore and within the line and scope of his agency and/or employment. Therefore, Defendant Abshir Bore, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John

Doe.

90.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Abshir Bore liable to Plaintiff.

91.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Abshir Bore, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

92.

Defendant Abshir Bore has been stubbornly litigious, acted in bad faith, and caused Plaintiff

to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Abshir Bore in a sum to be established by the jury and the costs of this proceeding.

## COUNT X:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT ABSHIR BORE

### 93.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 94.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent and/or employee of Defendant Abshir Bore and within the line and scope of said agency and/or employment.

### 95.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving.

### 96.

Defendant Abshir Bore knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

### 97.

Defendant Ali Bore utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

### 98.

Defendant Abshir Bore negligently and/or wantonly trained Defendant John Doe at the time

of hiring, after he was hired, and during his employment. Defendant Abshir Bore's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

99.

Defendant Ali Bore's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

100.

Defendant Ali Bore was negligent and/or wanton in his hiring of Defendant John Doe.

101.

Defendant Abshir Bore was negligent and/or wanton in his training of Defendant John Doe.

102.

Defendant Abshir Bore was negligent and/or wanton in his supervision of Defendant John Doe.

103.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Abshir Bore, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |

| Summit Surgery Center | $ 5,908.40 |
|---|---|
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

104.

Defendant Abshir Bore has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Abshir Bore in a sum to be established by the jury and the costs of this proceeding.

## COUNT XI: NEGLIGENCE OF DEFENDANT AMGUARD INSURANCE COMPANY

105.

Plaintiff reavers and realleges all the allegations in the preceding paragraphs as if fully set forth herein.

106.

Upon information and belief, at the time of the collision made the basis of this suit, Defendants Ali Bore, Defendant Bore Transport, Inc., Defendant Abshir Bore, and/or Defendant Bore Express Inc. were insured under a commercial liability insurance policy with Defendant Amguard Insurance Company with a $1,000,000 coverage limit.

107.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the tractor trailer he was driving as an agent and/or employee of Defendants Ali Bore, Defendant Bore Transport, Inc., Defendant Abshir Bore, and/or Defendant Bore Express Inc..

108.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the tractor trailer he was driving for the furtherance of the engagement of interstate commerce for Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express Inc.. Pursuant to O.C.G.A. §40-2-140(d)(4), direct actions against insurers of motor carriers engaged in interstate commerce are authorized. In the alternative, Defendant John Doe was operating the tractor trailer he was driving for the furtherance of the engagement of intrastate commerce for Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express Inc.. Pursuant to O.C.G.A. §40-1-112(c), direct actions against insurers of motor carriers engaged in intrastate commerce are authorized.

109.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe, Ali Bore, Bore Transport, Inc., Abshir Bore, Bore Express, Inc., and Amguard Insurance Company liable to Plaintiff.

110.

As a proximate result of the negligence and/or wantonness of Defendants John Doe, Ali Bore, Bore Transport, Inc., Abshir Bore, Bore Express Inc., and Amguard Insurance Company Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

111.

Defendant Amguard Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe, Ali Bore, Bore Transport, Inc., Abshir Bore, Bore Express, Inc., and Amguard Insurance Company in a sum to be established by the jury and the costs of this proceeding.

## COUNT XII: BAD FAITH OF DEFENDANT INFINITY SELECT INSURANCE COMPANY

112.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

113.

At the time of the collision made the basis of this suit, Plaintiff maintained a uninsured/underinsured motor vehicle insurance policy with Defendant Infinity Select Insurance Company with a $25,000/$50,000 policy limit and $500 medical payments coverage limit.

114.

After being unable to successfully locate and file a claim under a liability policy for the incident giving rise to this suit, Plaintiff made numerous requests for uninsured policy limit payments and medical payments from Defendant Infinity Select Insurance Company for both collisions.

115.

Defendant Infinity Select Insurance Company had a duty to pay the policy limits of Plaintiff's available policy of uninsured motorist insurance coverage and medical payments pursuant to O.C.G.A. § 33-7-11.

116.

Defendant Infinity Select Insurance Company acted in bad faith by failing to pay out the policy limits of Plaintiff's available policy of uninsured motorist insurance coverage and medical payments to Plaintiff.

117.

Defendant Infinity Select Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs,  and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant Infinity Select Insurance Company bad faith in an amount to be determined at trial, together with pre- and post-judgment interest as allowed by law,  attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further  relief as this Court deems just and proper.

This  _17th_  day of March, 2023.

_*India A. Johnson*_
Pro se Plaintiff

PO Box 592
Mableton, GA 30126
(770) 256-3851

16

State Court of Fulton County
**E-FILED**
23EV001627
5/30/2023 11:10 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

INDIA JOHNSON,

    Plaintiff,

vs.

JOHN DOE, ALI BORE, BORE TRANSPORT,
INC., BORE EXPRESS, INC., AMGUARD
INSURANCE COMPANY and
INFINITY SELECT INSURANCE
COMPANY,

    Defendants.

CIVIL ACTION NO.

23EV001627

### AFFIDAVIT OF SERVICE OF PROCESS

COMES NOW the undersigned, Steven M. Barney, Jr. and gives this his affidavit of service of process testifying and deposing as follows:

1.

I am the age of majority and laboring with no mental disabilities. I give this affidavit based upon personal knowledge. I have no personal or financial interest in the outcome of this case. I am a Court appointed process server authorized to serve process in the above Court.

2.

I personally served upon AMGUARD INSURANCE COMPANY the following documents by serving A+ Agents of Process, Kenneth Goggins, registered agent, at the address of 466 Mellview Avenue SW, Atlanta, Georgia on March 27, 2023 11:48 a.m.

-   *Summons*
-   Complaint

DATED this 28 day of March, 2023.

STEVEN M. BARNEY, JR.

Sworn to and subscribed before me
This 28 day of March, 2023.

Notary Public, State of Georgia
My Commission expires: ____

NOTARY PUBLIC
Gilmer County
State of Georgia
My Comm. Expires 2/16/2027

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV001627**
**5/22/2023 11:10 AM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| INDIA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO.: |
| v. | ) |
| | ) __**23EV001627**____ |
| JOHN DOE, ALI BORE, | ) |
| BORE TRANSPORT, INC., | ) |
| ABSHIR BORE, BORE EXPRESS, INC. | ) |
| AMGUARD INSURANCE COMPANY, and | ) |
| INFINITY SELECT INSURANCE COMPANY | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF COMPLIANCE FOR DEFAULT

COMES NOW Plaintiff India Johnson in the above-referenced matter, and pursuant to O.C.G.A. § 9-11-55 and Rule 15 of the Uniform State Court Rules, hereby certifies that she has spoken with the Clerk of Court on May 22, 2023 and reviewed the pleadings on file with the Court and that Defendant Amguard Insurance Company has failed to file an answer within the time prescribed by law and that the time during which default can be opened as a matter of right has expired.

This __22nd__ day of May, 2023.

_*India A. Johnson*_
Pro se Plaintiff

PO Box 592
Mableton, GA 30126
(770) 256-3851

State Court of Fulton County
**E-FILED**
23EV001627
5/22/2023 11:17 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| INDIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | __23EV001627_____ |
| JOHN DOE, ALI BORE, | ) | |
| BORE TRANSPORT, INC., | ) | |
| ABSHIR BORE, BORE EXPRESS, INC. | ) | |
| AMGUARD INSURANCE COMPANY, and | ) | |
| INFINITY SELECT INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S CERTIFICATE REGARDING SERVICE OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT AMGUARD INSURANCE COMPANY**

Pursuant to Uniform Superior Court Rule 5.2, Plaintiff certifies that she served on this day the following:

Plaintiff's Motion for Default Judgment Against Defendant Amguard Insurance Company.

This the  22nd  day of May, 2023.

*India A. Johnson*

India A. Johnson
*Pro se litigant*

5284 Floyd Rd. #592
Mableton, GA 30126
Telephone: (770) 256-3851
Indiaj.dluxxam@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served a copy of the foregoing Certificate Regarding Service of Plaintiff's Motion for Default Judgment Against Defendant Amguard Insurance Company via first-class mail and/or email, to the following:

> Swift, Currie, McGhee & Hiers, LLP
> Myrece R. Johnson, Esq. and
> Lauren D. Woodrick, Esq.
> (Attorneys for Infinity Select Insurance Company)
> 1420 Peachtree St. NE
> Suite 800
> Atlanta, GA 30309
>
> Amguard Insurance Company
> c/o A+ Agents of Process
> Kenneth Goggins
> 466 Mellview Ave. SW
> Atlanta, GA 30310
>
> Ali Bore
> 1333 Briar Creek Road
> apartment 2
> Charlotte, North Carolina 28205
>
> Bore Transport, Inc.
> c/o Ali Bore
> 1333 Briar Creek Road
> apartment 2
> Charlotte, North Carolina 28205
>
> Abshir Bore
> 5500 Executive Center Drive
> suite 230
> Charlotte, North Carolina 28212
>
> Bore Express, Inc.
> c/o Abshir Bore
> 5500 Executive Center Drive
> suite 230
> Charlotte, North Carolina 28212

This the  22nd day of May, 2023.

*India A. Johnson*

5284 Floyd Rd. #592            India A. Johnson
Mableton, GA 30126          *Pro se litigant*
Telephone: (770) 256-3851
Indiaj.dluxxam@gmail.com

State Court of Fulton County
**E-FILED**
23EV001627
5/19/2023 8:37 PM
Donald Talley, Clerk
Civil Division

## AFFIDAVIT OF NON-SERVICE

| Case:<br>23EV001627 | Court:<br>In the Superior Court | County:<br>Fulton , GA | Job:<br>8881686 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>India Johnson | | Defendant / Respondent:<br>Ali Bore, et al. | |
| Received by:<br>Method Process | | For:<br>India Johnson | |
| To be served upon:<br>Ali Bore | | | |

I, Rick Francis, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| Recipient Name / Address: | Ali Bore , 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205 |
| Manner of Service: | Non-Service |
| Documents: | Summons & Complaint |

**Additional Comments:**
1) Unsuccessful Attempt: Mar 25, 2023, 9:12 am EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
No one was home at the time we attempted the service.

2) Unsuccessful Attempt: Mar 25, 2023, 6:53 pm EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
No one was home at the time we attempted the service.

3) Unsuccessful Attempt: Mar 26, 2023, 11:04 am EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
No one was home at the time we attempted the service.

4) Unsuccessful Attempt: Mar 27, 2023, 11:18 am EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
Address provided for servee was bad. Resident answered and was not familiar with defendant.

_____   5/16/23
Rick Francis                          Date

Method Process
4100 Carmel Rd. Suite #277
Charlotte, NC 28226
(704) 951-4057

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public

5 / 16 / 23        11 / 10 / 27
Date                Commission Expires

RICHARD CASTA III
NOTARY
PUBLIC
MECKLENBURG COUNTY, NC

State Court of Fulton County
**E-FILED**
23EV001627
5/19/2023 8:37 PM
Donald Talley, Clerk
Civil Division

## AFFIDAVIT OF NON-SERVICE

| Case: 23EV001627 | Court: In the Superior Court | County: Fulton , GA | Job: 8881696 |
|---|---|---|---|
| Plaintiff / Petitioner: India Johnson | | Defendant / Respondent: Ali Bore, et al. | |
| Received by: Method Process | | For: India Johnson | |
| To be served upon: Bore Express, Inc. | | | |

I, Rick Francis, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Bore Express, Inc., 5500 Executive Center Dr Suite 230, Charlotte, NC 28212

**Manner of Service:**  Non-Service

**Documents:**  Summons & Complaint

**Additional Comments:**
1) Unsuccessful Attempt: Mar 27, 2023, 10:05 am EDT at 5500 Executive Center Dr Suite 230, Charlotte, NC 28212
This is an office. Office appears unoccupied.

_____     5/16/23
Rick Francis                          Date

Method Process
4100 Carmel Rd. Suite #277
Charlotte, NC 28226
(704) 951-4057

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public

5/16/23                    11/08/27
Date                       Commission Expires

RICHARD CASTA III
NOTARY
PUBLIC
MECKLENBURG COUNTY, NC

State Court of Fulton County
**E-FILED**
23EV001627
5/19/2023 8:37 PM
Donald Talley, Clerk
Civil Division

## AFFIDAVIT OF NON-SERVICE

| Case:<br>23EV001627 | Court:<br>In the Superior Court | County:<br>Fulton , GA | Job:<br>8881686 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>India Johnson | | Defendant / Respondent:<br>Ali Bore, et al. | |
| Received by:<br>Method Process | | For:<br>India Johnson | |
| To be served upon:<br>Bore Transport, Inc | | | |

I, Rick Francis, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | Bore Transport, Inc , 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205 |
|---|---|
| Manner of Service: | Non-Service |
| Documents: | Summons & Complaint |

**Additional Comments:**
1) Unsuccessful Attempt: Mar 25, 2023, 9:12 am EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
No one was home at the time we attempted the service.

2) Unsuccessful Attempt: Mar 25, 2023, 6:53 pm EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
No one was home at the time we attempted the service.

3) Unsuccessful Attempt: Mar 26, 2023, 11:04 am EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
No one was home at the time we attempted the service.

4) Unsuccessful Attempt: Mar 27, 2023, 11:18 am EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
Address provided for servee was bad. Resident answered and was not familiar with defendant.

_____     5/16/23
Rick Francis                  Date

Method Process
4100 Carmel Rd. Suite #277
Charlotte, NC 28226
(704) 951-4057

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public    5 / 16 / 23    11 / 10 / 27

Date          Commission Expires



State Court of Fulton County
**E-FILED**
23EV001627
5/19/2023 8:37 PM
Donald Talley, Clerk
Civil Division

## AFFIDAVIT OF NON-SERVICE

| Case: 23EV001627 | Court: In the Superior Court | County: Fulton , GA | Job: 8881694 |
|---|---|---|---|
| Plaintiff / Petitioner: India Johnson | | Defendant / Respondent: Ali Bore, et al. | |
| Received by: Method Process | | For: India Johnson | |
| To be served upon: Abshir Bore | | | |

I, Rick Francis, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Abshir Bore, 5500 Executive Center Dr Suite 230, Charlotte, NC 28212

**Manner of Service:**   Non-Service

**Documents:**   Summons & Complaint

**Additional Comments:**
1) Unsuccessful Attempt: Mar 27, 2023, 10:05 am EDT at 5500 Executive Center Dr Suite 230, Charlotte, NC 28212
This is an office. Office appears unoccupied.

_____   5/16/23
Rick Francis         Date

Method Process
4100 Carmel Rd. Suite #277
Charlotte, NC 28226
(704) 951-4057

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date         Commission Expires

State Court of Fulton County
**E-FILED**
23EV001627
5/22/2023 9:31 AM
Donald Talley, Clerk
Civil Division

AMENDED          **AFFIDAVIT OF NON-SERVICE**

| Case: 23EV001627 | Court: In the State Court | County: Fulton , GA | Job: 8881686 |
|---|---|---|---|
| Plaintiff / Petitioner: India Johnson | | Defendant / Respondent: Ali Bore, et al. | |
| Received by: Method Process | | For: India Johnson | |
| To be served upon: Ali Bore | | | |

I, Rick Francis, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Ali Bore , 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205

**Manner of Service:**   Non-Service

**Documents:**   Summons & Complaint

**Additional Comments:**
1) Unsuccessful Attempt: Mar 25, 2023, 9:12 am EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
No one was home at the time we attempted the service.

2) Unsuccessful Attempt: Mar 25, 2023, 6:53 pm EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
No one was home at the time we attempted the service.

3) Unsuccessful Attempt: Mar 26, 2023, 11:04 am EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
No one was home at the time we attempted the service.

4) Unsuccessful Attempt: Mar 27, 2023, 11:18 am EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
Address provided for servee was bad. Resident answered and was not familiar with defendant.

_____   5/10/23
Rick Francis          Date

Method Process
4100 Carmel Rd. Suite #277
Charlotte, NC 28226
(704) 951-4057

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public
5/10/23      11/10/27
Date          Commission Expires

RICHARD CASTA III
NOTARY
PUBLIC
MECKLENBURG COUNTY, NC

State Court of Fulton County
**E-FILED**
23EV001627
5/22/2023 9:31 AM
Donald Talley, Clerk
Civil Division

AMENDED   **AFFIDAVIT OF NON-SERVICE**

| Case: 23EV001627 | Court: In the State Court | County: Fulton , GA | Job: 8881696 |
|---|---|---|---|
| Plaintiff / Petitioner: India Johnson | | Defendant / Respondent: Ali Bore, et al. | |
| Received by: Method Process | | For: India Johnson | |
| To be served upon: Bore Express, Inc. | | | |

I, Rick Francis, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Bore Express, Inc., 5500 Executive Center Dr Suite 230, Charlotte, NC 28212

**Manner of Service:**   Non-Service

**Documents:**   Summons & Complaint

**Additional Comments:**
1) Unsuccessful Attempt: Mar 27, 2023, 10:05 am EDT at 5500 Executive Center Dr Suite 230, Charlotte, NC 28212
This is an office. Office appears unoccupied.

_____   5/26/23
**Rick Francis**                  **Date**

*Method Process*
4100 Carmel Rd. Suite #277
Charlotte, NC 28226
(704) 951-4057

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
**Notary Public**

5/23/25    cc / ce / 27
**Date**              **Commission Expires**

State Court of Fulton County
**E-FILED**
23EV001627
5/22/2023 9:31 AM
Donald Talley, Clerk
Civil Division

AMENDED   **AFFIDAVIT OF NON-SERVICE**

| Case:<br>23EV001627 | Court:<br>In the State Court | County:<br>Fulton , GA | Job:<br>8881694 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>India Johnson | | Defendant / Respondent:<br>Ali Bore, et al. | |
| Received by:<br>Method Process | | For:<br>India Johnson | |
| To be served upon:<br>Abshir Bore | | | |

I, Rick Francis, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**    Abshir Bore, 5500 Executive Center Dr Suite 230, Charlotte, NC 28212

**Manner of Service:**    Non-Service

**Documents:**    Summons & Complaint

**Additional Comments:**
1) Unsuccessful Attempt: Mar 27, 2023, 10:05 am EDT at 5500 Executive Center Dr Suite 230, Charlotte, NC 28212
This is an office. Office appears unoccupied.

_____    5/26/23
Rick Francis                 Date

Method Process
4100 Carmel Rd. Suite #277
Charlotte, NC 28226
(704) 951-4057

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public

5/26/23        4/10/27
Date           Commission Expires

RICHARD CASTA III
NOTARY
PUBLIC
MECKLENBURG COUNTY NC

State Court of Fulton County
**E-FILED**
23EV001627
5/22/2023 9:31 AM
Donald Talley, Clerk
Civil Division

*Amended* **AFFIDAVIT OF NON-SERVICE**

| Case: 23EV001627 | Court: In the State Court | County: Fulton , GA | Job: 8881686 |
|---|---|---|---|
| Plaintiff / Petitioner: India Johnson | | Defendant / Respondent: Ali Bore, et al. | |
| Received by: Method Process | | For: India Johnson | |
| To be served upon: Bore Transport, Inc | | | |

I, Rick Francis, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Bore Transport, Inc, 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205

**Manner of Service:**   Non-Service

**Documents:**   Summons & Complaint

**Additional Comments:**
1) Unsuccessful Attempt: Mar 25, 2023, 9:12 am EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
No one was home at the time we attempted the service.

2) Unsuccessful Attempt: Mar 25, 2023, 6:53 pm EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
No one was home at the time we attempted the service.

3) Unsuccessful Attempt: Mar 26, 2023, 11:04 am EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
No one was home at the time we attempted the service.

4) Unsuccessful Attempt: Mar 27, 2023, 11:18 am EDT at 1333 Briar Creek Rd Apt 2, Charlotte, NC 28205
Address provided for servee was bad. Resident answered and was not familiar with defendant.

_____  5/10/23
Rick Francis                      Date

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

5/10/23          11/10/27
Date          Commission Expires

RICHARD CASTA III
NOTARY
PUBLIC
MECKLENBURG COUNTY, NC

Method Process
4100 Carmel Rd. Suite #277
Charlotte, NC 28226
(704) 951-4057

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 70081928
Case Number: 23EV001627
Date: May 25 2023 02:20AM
Donald Talley, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

INDIA JOHNSON,                          )
     Plaintiff,                          )
                     )            CIVIL ACTION FILE
v.                                      )
                     )            NO. 23 EV 001627
AMBUARD INSURANCE COMPANY, et al.)
     Defendants

## <u>ORDER</u>

As it appears that Defendant AMGUARD Insurance Company has failed to answer suit within the time prescribed by law, and that the default has not been opened within the fifteen days provided in O.C.G.A. § 9-11-55, a default judgment is hereby entered against the Defendant as to liability. As Plaintiff seeks to redress an injury in tort, damages are presently unliquidated and may be established at trial with the other named Defendants.

**SO ORDERED** this the 25th  day of MAY 2023

                S/John Mather
                The Honorable John R. Mather
                Judge State Court of Fulton County

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV001627**
**5/25/2023 11:51 PM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| INDIA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO.: |
| v. | ) |
| | )   ___23EV001627___ |
| JOHN DOE, ALI BORE, | ) |
| BORE TRANSPORT, INC., | ) |
| ABSHIR BORE, BORE EXPRESS, INC. | ) |
| AMGUARD INSURANCE COMPANY, and | ) |
| INFINITY SELECT INSURANCE COMPANY | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT INFINITY SELECT
INSURANCE COMPANY'S MOTION TO DISMISS**

COMES NOW Plaintiff and responds to Defendant Infinity Select Insurance Company's Motion to Dismiss and moves this Honorable Court to deny this motion. Plaintiff shows the following:

**INFORMATION**

Plaintiff was involved in two separate motor vehicle collisions on March 25, 2021 involving a John Doe driver who left the scene of the accident and who is believed to be an agent or employee of Defendants Ali Bore, Bore Transport, Inc., Abshir Bore and/or Defendant Bore Express, Inc. (Complaint ¶ 8-12). Plaintiff claims negligence, negligence per se and negligent hiring/training/supervision against Defendants Ali Bore, Bore Transport, Inc., Abshir Bore and Bore Express, Inc. (See Complaint Counts I-X). Plaintiff also makes these claims against Defendant Amguard Insurance Company as Defendants Ali Bore, Bore Transport, Inc., Abshir Bore and Bore Express, Inc.'s insurance company, pursuant to O.C.G.A. §40-2-140. (See Complaint Count XI).

Plaintiff originally made a claim for bad faith against Defendant Infinity Select Insurance Company as her uninsured motorist carrier. (See Complaint Count XII). Plaintiff has since amended

her complaint and makes an additional claim against Defendant Infinity Select Insurance Company for breach of contract as well as bad faith pursuant to O.C.G.A. § 33-7-11. (See First Amended Complaint Count XII and Count XIII). It is to be noted that Plaintiff has filed a motion for default judgment against Defendant Amguard Insurance Company on May 22, 2023. (See Plaintiff's Motion for Default Judgment Against Defendant Amguard Insurance Company.)

Plaintiff held a policy with Defendant Infinity Select Insurance Company for uninsured/underinsured motorist coverage in the amount of $25,000 which included medical payments coverage for $500. Defendant Infinity Select Insurance Company did pay one claim for $25,000 but did not pay the other claim for $25,000 for the second accident, nor did Defendant Infinity Select Insurance Company pay either payment of $500 from the medical payment coverage as repeatedly promised to Plaintiff by Defendant Infinity Select Insurance Company. (See First Amended Complaint ¶127-130). Plaintiff seeks to recover for breach of contract pursuant to O.C.G.A. § 33-7-11 and attorney's fees pursuant to O.C.G.A. §13-6-11 and O.C.G.A. § 33-7-11. (See First Amended Complaint ¶122 and ¶133).

## ARGUMENT AND CITATION TO AUTHORITY

Defendant Infinity Select Insurance Company filed a motion to dismiss stating that Plaintiff's complaint fails to state direct action claims against Infinity upon which relief could be granted and that a suit seeking uninsured motorist benefits under a policy of automobile insurance and attorney's fees based on bad faith from Infinity can only be brought after a judgment is obtained against the tortfeasor (John Doe) which establishes liability and damages citing:

> "It is a condition precedent to an action against an automobile liability insurance carrier to recover under the provisions of [O.C.G.A. § 33-7-11] on account of injuries and damages to the plaintiff resulting from the negligence of a known uninsured motorist, that suit shall have been brought and judgment recovered against the uninsured motorist." *State Farm, etc., Co. v. Girtman,* 113 Ga.App.54,147 S.E.2d 364 (1966); *Hartford Acc., etc., Co. v. Studebaker*, 139 Ga.App.386, 387(1), 228 S.E2 322(1976).

Defendant Infinity leaves out several passages from Girtman referencing the Uninsured

Motorist Act including:

> "The law contains no express provision requiring the bringing of a suit against
> the uninsured motorist as a condition precedent to a suit on the policy…"
> "Notwithstanding these provisions, nothing contained in subsection (d) expressly
> requires the bringing of a suit against the uninsured motorist, known or unknown,
> as a condition precedent to bringing an action against the insurance company,
> and if such a requirement was intended, it must be drawn from other provisions
> of the law..." "Subsection (a) of that Code section, as previously quoted, requires
> that the insurance company afford coverage against any loss sustained by the
> insured as the result of an accident involving an uninsured automobile, which
> loss the insured 'shall be legally entitled to recover as damages from the owner
> or operator' therof. (Emphasis supplied,) This language cannot be construed
> other than as imposing upon the insured's insurer the duty of assuming the
> position of an insurer of the uninsured motorist's legal liability as respects the
> claim of the plaintiff insured against such uninsured motorist. We deem the
> language quoted as equivalent to a requirement that the defendant insurer pay
> such sums as such uninsured motorist would be legally liable to pay to its insured
> up to the limits required by statute."

Girtman also states that "The cardinal rule of the construction of statutes is to ascertain the intent

of the lawmaking body." Georgia Power Co. v. Musgrove, 77 Ga.App. 880, 884, 50 S.E2d 118.

Defendant makes reference to Peagler & Manley Ins. Agency, Inc. v. Studebaker, 156 Ga.

App. 786, 786 (1980) and State Farm Mut. Auto. Ins. Co. v. Lorenz, 202 Ga. App. 123, 124 (1991).

Defendant omits the citations, but Lorenz and Peagler both discuss issues of a known uninsured

motorist not an unknown uninsured motorist as in this case with a "John Doe" defendant. Also,

Lorenz makes it clear that a judgment against the uninsured motorist is not a prerequisite for a

demand against an insurer under O.C.G.A. § 33-7-11(j).

 Defendant Infinity also states that "A judgment against the tortfeasor, even if it is a nominal

one, is still necessary before the plaintiff may recover from the UM carrier. A determination  must

be made 'of the uninsured motorist's tort liability before a UM carrier can be held accountable on

its contractual obligation to its insured.'" Cohen v. Allstate Ins. Co., 277 Ga. App. 437, 441 (2006).

Defendant Infinity waived its right to this prerequisite when Infinity continued to tell Plaintiff that

her policy limits would be paid for uninsured/underinsured motorist coverage and medical

payments for both claims prior to Plaintiff filing suit. (See First Amended Complaint ¶116-118 and

¶127-129.) Defendant Infinity also waited until on or around March 8, 202356-407A(Code to pay

one uninsured motorist claim when the statute of limitations was almost up. (See First Amended

Complaint ¶117 and 128.) Durmic v. State Farm Mut. Auto. Ins. Co. (11th Cir. 2021) quotes:

> "The condition precedent may be waived where the "defendant consistently and
> repeatedly assured plaintiff that his claim under the uninsured motorist coverage
> for personal injuries…would be satisfactorily concluded, and that it would not be
> necessary for plaintiff to initiate legal action of any kind in order to receive
> payment of his claim…" *United States Fid. & Guar. Co. v. Lockhart*, 186 S.E.2d
> 362, 363 (Ga.Ct.App.1971)."

Lockhart also states that:

> "1. The provisions of the Georgia Insurance Code, § 56-407A (Code Ann. § 56-
> 407.1), requiring a complainant to first sue and obtain a judgment against the tort-
> feasor as a condition precedent to recovery against the complainant's insurer
> under the uninsured motorist coverage provisions of a policy ( King v. State Farm
> Mutual Automobile Ins. Co., 117 Ga.App. 192, 160 S.E.2d 230) is for the benefit
> of the insurer, and may be waived by it.

> 2. Such provisions and conditions precedent to recovery upon the [124 Ga.App.
> 812] policy whether contained in the policy or contained in a statute, unless
> contrary to public policy, are waived where the insurer has lead the insured to
> believe that the insured will be paid without suit by its actions in negotiating for
> settlement or direct promises to pay. General Ins. Co. v. Lee, Chocolate Co., 97
> Ga.App. 588, 103 S.E.2d 632; Stanley v. Sterling Mutual Life Ins. Co., 12
> Ga.App. 475, 77 S.E. 644; Knights of the Ku Klux Klan v. Fidelity &c. Co. of
> Maryland, 47 Ga.App. 12, 169 S.E. 514; Hartford Fire Ins. Co. v. Amos, 98 Ga.
> 533, 25 S.E. 575; American Surety Co. v. Peoples Bank, 55 Ga.App. 28, 189 S.E.
> 414; Aetna Ins. Co. v. Paulk, 120 Ga.App. 445, 446, 171 S.E.2d 153.
> *U.S. Fidelity & Guaranty Co. v. Lockhart*, 186 S.E.2d 362, 124 Ga.App. 810 (Ga.
> App. 1971)."

Defendant Infinity also argues that filing an answer in its own name does not change the

prerequisite for Plaintiff to obtain a judgment against the tortfeasor before it may be compelled to

pay under its policy citing  Boles v. Hamrick, 194 Ga. App. 595, 596 (1990) (citation omitted) and

making reference to Durrah v. State Farm Fire & Cas. Co., 312 Ga. App. 49, 52, fn. 2 (2011).

Durrah also states that:

> "In *Moss v. Cincinnatti Ins. Co.,* 154 Ga.App. 165, 268 S.E.2d 676 (1980), we
> noted that a 1967 amendment to the statute allowed for a simultaneous suit for

coverage against a UM carrier with a tort suit against the uninsured motorist if the UM carrier elected to defend in its own name after being served with the tort suit."

Home Indem. Co. v. Thomas, 178 S.E.2d 297, 122 Ga.App. 641 (Ga. App. 1970) states that:

"Such insurer may also participate directly in its own name in the proceedings by filing pleadings or taking other action allowable by law, in which event it assumes the status of a named party. See Doe v. Moss, 120 Ga.App. 762, 172 S.E.2d 321; *United Fidelity & Guaranty Company v. Biship*, 121 Ga.App. 75, 172 S.E.2d 855."

Accordingly Smith v. Phillips, 172 Ga.App. 459, 323 S.E.2d 669 (Ga. App. 1984) states that:

"Such insurer may also participate directly in its own name in the proceedings by filing pleadings or taking other action allowable by law, in which event it assumes the status of a named party. [Cits.]" *Home Indem. Co. v. Thomas*, 122 Ga.App. 641, 178 S.E.2d 297 (1970)."

Likewise, Moss v. Cincinnati Ins. Co., 268 S.E.2d 676, 154 Ga.App. 165 (Ga. App. 1980) states that:

"We recognize that the effect of this holding is to permit the consolidation, at the election of the insurer, of two suits one against the known or unknown tortfeasor, and one against the insurer. But we see no conflict between this arrangement and Code Ann. § 56-407.1…But, if the insurer takes the position that, regardless of tort liability, there is no liability to the insured under the policy, it may plead in its own name and receive an adjudication on that issue without resorting to an action for declaratory judgment or being put to the expense of defending two lawsuits. By the same token, all the rights granted an insured by Code Ann. § 56-407.1 are preserved. Indeed, the same considerations regarding the expense of multiple lawsuits inure to the benefit of plaintiffs. Therefore, the rights of all parties are preserved and the principle of judicial economy is advanced by this holding."

Lastly, Defendant Infinity argues that Plaintiff's claim for attorney's fees or expenses of litigation arising from bad faith on behalf of Defendant Infinity are only applicable under O.C.G.A. §33-7-11(j). Plaintiff has since amended her complaint to include this statute. (See First Amended Complaint.)

**<u>CONCLUSION</u>**

Plaintiff's claims against Defendant Infinity are proper as a matter of law and Counts XII and XIII (See First Amended Complaint) indeed state a claim upon which relief could be granted. Defendant Infinity Insurance Company did in fact breach its contract with Plaintiff by failing to pay both claims for uninsured motorist coverage with the full policy limits of $25,000 and medical payments of $500 each. Plaintiff has not signed any release when she received the first $25,000 payment for one claim on or around March 8, 2023. Defendant Infinity waived the prerequisite for Plaintiff to obtain a judgment against the tortfeasor when Infinity continued to make Plaintiff believe Infinity would pay-out the policy limits and medical payments on both claims. Defendant Infinity elected to become a party defendant by answering in its own name. Plaintiff requests that this court deny Defendant Infinity's Motion to Dismiss on these grounds.

This _25th_ day of May, 2023.

_*India A. Johnson*_
Pro se Plaintiff

PO Box 592
Mableton, GA 30126
(770) 256-3851

16

State Court of Fulton County
**E-FILED**
23EV001627
5/25/2023 11:51 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| INDIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | ___**23EV001627**_____ |
| JOHN DOE, ALI BORE, | ) | |
| BORE TRANSPORT, INC., | ) | |
| ABSHIR BORE, BORE EXPRESS, INC. | ) | |
| AMGUARD INSURANCE COMPANY, and | ) | |
| INFINITY SELECT INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S CERTIFICATE REGARDING SERVICE OF PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT INFINITY SELECT INSURANCE COMPANY'S MOTION TO DISMISS

**Pursuant to Uniform Superior Court Rule 5.2, Plaintiff certifies that she served on this day the following:**

Plaintiff's Brief in Response to Defendant Infinity Select Insurance Company's Motion to Dismiss.

This the _25th_ day of May, 2023.

_India A. Johnson_
India A. Johnson
*Pro se litigant*

5284 Floyd Rd. #592
Mableton, GA 30126
Telephone: (770) 256-3851
Indiaj.dluxxam@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served a copy of the foregoing Certificate

Regarding Service of Plaintiff's Brief in Response to Defendant Infinity Insurance Company's

Motion to Dismiss via the Court's electronic filing system and/or email, to the following:

Swift, Currie, McGhee & Hiers, LLP
Myrece R. Johnson, Esq. and
Lauren D. Woodrick, Esq.
(Attorneys for Infinity Select Insurance Company)
1420 Peachtree St. NE
Suite 800
Atlanta, GA 30309
Myrece.johnson@swiftcurrie.com
Lauren.woodrick@swiftcurrie.com


This the 25th day of May, 2023.


*India A. Johnson*
India A. Johnson
*Pro se litigant*

5284 Floyd Rd. #592
Mableton, GA 30126
Telephone: (770) 256-3851
Indiaj.dluxxam@gmail.com

2

State Court of Fulton County
**E-FILED**
23EV001627
5/25/2023 3:51 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

INDIA JOHNSON,                                )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )   CIVIL ACTION FILE NO.:
                                             )
JOHN DOE, ALI BORE,                          )   ___23EV001627_____
BORE TRANSPORT, INC.,                        )
ABSHIR BORE, BORE EXPRESS, INC.              )
AMGUARD INSURANCE COMPANY, and               )
INFINITY SELECT INSURANCE COMPANY            )
                                             )
            Defendants.                      )

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff and amends her Complaint, and respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Ali Bore is a North Carolina resident. Defendant Ali Bore is the owner of Bore Transport, Inc. and/or an unknown trucking company involved in the collision made the basis of this suit. Defendant Ali Bore was doing business in Fulton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his business address: 1333 Briar Creek Road, apartment 2, Charlotte, North Carolina 28205. Defendant is subject to the jurisdiction of this Court. Venue is proper.

3.

Defendant Bore Transport, Inc. is a foreign corporation with its principal place of business in Charlotte, North Carolina. Defendant Bore Transport, Inc. was doing business in Fulton County, Georgia on the date of the collision made the basis of this suit. Defendant Bore Transport, Inc. was the employer of Defendant John Doe on the date of the collision made the basis of this suit.

Defendant Bore Transport, Inc. may be served c/o its registered agent, Ali Bore, 1333 Briar Creek Road, apartment 2, Charlotte, North Carolina 28205. Jurisdiction and venue are proper as to Defendant Bore Transport, Inc..

4.

Defendant Abshir Bore is a North Carolina resident. Defendant Abshir Bore is the owner of Bore Express, Inc. and/or an unknown trucking company involved in the collision made the basis of this suit.. Defendant Abshir Bore was doing business in Fulton County, Georgia on the date of the collision made the basis of this suit. He may be served with a copy of the Summons and Complaint in this action at his business address: 5500 Executive Center Drive, suite 230, Charlotte, North Carolina 28212. Defendant is subject to the jurisdiction of this Court. Venue is proper.

5.

Defendant Bore Express, Inc. is a foreign corporation with its principal place of business in Charlotte, North Carolina. Defendant Bore Express, Inc. was doing business in  Fulton County, Georgia on the date of the collision made the basis of this suit. Defendant Bore Express, Inc. may be served c/o its registered agent, Abshir Bore, 5500 Executive Center Drive, suite 230, Charlotte, North Carolina 28212. Jurisdiction and venue are proper as to Defendant Bore Transport, Inc..

6.

Defendant Amguard Insurance Company (hereinafter referred to as "Defendant Amguard"), is a foreign insurance company with its principal place of business in Wilkes Barre, Pennsylvania. Defendant Amguard may be served c/o its process agent, #1 A+ Agents of Process Inc., Kenneth Goggins, Jr., 466 Mellview Avenue SW, Atlanta, Georgia 30310. Jurisdiction and venue are proper as to Defendant Amguard.

7.

Defendant Infinity Select Insurance Company (hereinafter referred to as "Defendant Infinity"), is a foreign insurance company with its principal place of business in Indianapolis, Indiana. Defendant Infinity may be served c/o its registered agent, CT Corporation System, 289 S.

Culver Street, Lawrenceville, Georgia 30046. Jurisdiction and venue are proper as to Defendant Infinity.

**BACKGROUND**

8.

On March 25, 2021, at approximately 7:35 am, Plaintiff traveled in heavy traffic on I-285 East in the second lane from the left near exit 25 Roswell Road, Atlanta, Fulton County, Georgia in her 2015 Nissan Pathfinder.

9.

At the same date and time, Defendant John Doe traveled in heavy traffic directly in front of Plaintiff on I-285 East in the second lane from the left near exit 25 Roswell Road, Atlanta, Fulton County, Georgia in a white tractor trailer with US DOT number 1134892 written on the side with the words "Bore Transport" in blue letters and vin number 3AKJGLD61FSFZ4430.

10.

Defendant John Doe  began rolling backwards and struck the front of Plaintiff's vehicle. Plaintiff honked her horn to get Defendant John Doe's attention, but he continued to drive forward. Defendant John Doe began rolling backwards again a few minutes later and struck Plaintiff's vehicle a second time. Plaintiff made contact with Defendant John Doe, but Defendant John Doe left the scene of the accident before the police could arrive.

11.

As a result of the collision, Plaintiff suffered serious injuries.

12.

At the time of the collision made the basis of this suit, Defendant John Doe was an agent or employee of Defendants Ali Bore, Bore Transport, Inc., Abshir Bore and/or Defendant Bore Express, Inc.. Defendant John Doe was providing services in furtherance of the business of Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express, Inc. at all times

material hereto. Defendant John Doe was within the line and scope of his agency or employment with Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express, Inc. at the time of the collision made the basis of this suit.

13.

At the time of the collision made the basis of this suit, Defendant Amguard was the insurance carrier for Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express, Inc..

14.

At the time of the collision made the basis of this suit, Defendant Ali Bore was the owner of Bore Transport, Inc..

15.

At the time of the collision made the basis of this suit, Defendant Abshir Bore was the owner of Bore Express, Inc..

16.

Plaintiff is entitled to recover all past, present, and future damages suffered as a result of this incident.

## **COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE**

17.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

18.

Defendant John Doe had a duty to exercise ordinary care and operate the tractor trailer he drove in  a reasonably safe manner under the circumstances.

19.

Defendant John Doe breached that duty by failing to safely back up, failing to maintain a proper lookout for Plaintiff's vehicle, generally driving in an unsafe manner, and/or for leaving the

scene of an accident.

20.

Defendant John Doe's breach and the corresponding actions as described in this Complaint constitute negligence.

21.

As a direct and proximate result of John Doe's negligent and/or wanton actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, general expenses, medical expenses, and lost wages.

22.

As a direct and proximate result of Defendant John Doe's negligence and/or wantonness, Plaintiff suffered  injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate her for the following elements of damage:

    a. Medical expense;
    b. Pain and suffering;
    c. Mental anguish;
    d. General expenses;
    e. Diminished quality of life; and
    f. Lost wages.

23.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |

| Hope Neurology | $ 1,800.00 |
|---|---|
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

24.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $52,107.18+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

25.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

26.

Defendant John Doe had a duty to exercise ordinary care and operate the tractor trailer he was driving in a reasonably safe manner under the circumstances.

27.

Defendant John Doe breached that duty by failing to safely back up, failing to maintain a

proper lookout for Plaintiff's vehicle, generally driving in an unsafe manner, and/or for leaving the scene of an accident.

28.

Defendant John Doe's actions are in violation of Georgia law, specifically failing to safely back up in violation of O.C.G.A. §40-6-240(a) and for leaving the scene of an accident in violation of  O.C.G.A. §40-6-270. His violations of Georgia law as described in this Complaint constitute negligence per se.

29.

As a direct and proximate result of Defendant John Doe's negligent per se actions, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, medical expenses, and lost wages.

30.

As a direct and proximate result of Defendant John Doe's negligence per se, Plaintiff suffered  injuries and damages. Plaintiff is entitled to monetary damages from Defendant John Doe to compensate her for the following elements of damage:

        a. Medical expense;
        b. Pain and suffering;
        c. Mental anguish;
        d. General damages;
        e. Diminished quality of life; and
        f. Lost wages.

31.

As a proximate result of Defendant John Doe's negligence, Plaintiff suffered special damages as follows:

| AICA Orthopedics | $ 15,374.50 |
|---|---|
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |

| Emory Radiology | $ 343.00 |
|---|---|
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

32.

Defendant John Doe has been stubbornly litigious, acted in bad faith, acted in a willful and wanton disregard for the rights of others, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant John Doe for special damages in an amount to be proven at trial, but no less than $52,107.18+ for general damages, for compensatory damages, for punitive damages, for pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre- and post-judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BORE TRANSPORT, INC.

33.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

34.

Upon information and belief, at the time of the collision made the basis of this suit,

Defendant John Doe was employed by or an agent of Defendant Bore Transport, Inc. and was acting within the line and scope of his employment with Defendant Bore Transport, Inc.

35.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent and/or employee of Defendant Bore Transport, Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Bore Transport, Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

36.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Bore Transport, Inc. liable to Plaintiff.

37.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Bore Transport, Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |

| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

38.

Defendant Bore Transport, Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs,  and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Bore Transport, Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT IV - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE TRANSPORT, INC.

39.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

40.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent  and/or employee of Defendant Bore Transport, Inc. and within the line and scope of said agency and/or employment.

41.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving.

42.

Defendant Bore Transport, Inc. knew or should have known, through the exercise of

reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

43.

Defendant Bore Transport, Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

44.

Defendant Bore Transport, Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Bore Transport, Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

45.

Defendant Bore Transport Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

46.

Defendant Bore Transport, Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

47.

Defendant Bore Transport, Inc. was negligent and/or wanton in its training of Defendant John Doe.

48.

Defendant Bore Transport, Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

49.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and

Defendant Bore Transport, Inc.,  Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

50.

Defendant Bore Transport, Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Bore Transport, Inc. in a sum to be established by the jury and the costs of this proceeding.

## <u>COUNT V - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE EXPRESS, INC.</u>

51.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

52.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Bore Express, Inc. and was acting within the line and scope of his employment with Defendant Bore Express, Inc.

53.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent and/or employee of Defendant Bore Express, Inc. and within the line and scope of his agency and/or employment. Therefore, Defendant Bore Express, Inc., under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

54.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Bore Express, Inc. liable to Plaintiff.

55.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Bore Express, Inc., Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, physical therapy and rehabilitation, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| AICA Orthopedics | $ 15,374.50 |
|---|---|
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

56.

Defendant Bore Express has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Bore Express, Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VI - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE EXPRESS, INC.

57.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

58.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was

driving as an agent and/or employee of Defendant Bore Express, Inc. and within the line and scope of said agency and/or employment.

59.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving.

60.

Defendant Bore Express, Inc. knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

61.

Defendant Bore Express, Inc. utilized inadequate screening, testing, background checks, and other such methods prior to extending an offer of employment to Defendant John Doe.

62.

Defendant Bore Express, Inc. negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Bore Express, Inc.'s negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

63.

Defendant Bore Express Inc.'s negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

64.

Defendant Bore Express, Inc. was negligent and/or wanton in its hiring of Defendant John Doe.

65.

Defendant Bore Express, Inc. was negligent and/or wanton in its training of Defendant John Doe.

66.

Defendant Bore Express, Inc. was negligent and/or wanton in its supervision of Defendant John Doe.

67.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Bore Express, Inc.,  Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical,  hospital, therapy, and drug expenses, in and about an effort to heal.  Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great  detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as  a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |

| **TOTAL SPECIALS** | **$ 52,107.18+** |
| --- | --- |

68.

Defendant Bore Express, Inc. has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Bore Express, Inc. in a sum to be established by the jury and the costs of this proceeding.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT ALI BORE

69.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

70.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Ali Bore and was acting within the line and scope of his employment with Defendant Ali Bore.

71.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent and/or employee of Defendant Ali Bore and within the line and scope of his agency and/or employment. Therefore, Defendant Ali Bore, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John Doe.

72.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Ali Bore liable to Plaintiff.

73.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Ali Bore, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

74.

Defendant Ali Bore has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Ali Bore in a sum to be established by the jury and the costs of

this proceeding.

## COUNT VIII - NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT ALI BORE

75.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

76.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent  and/or employee of Defendant Ali Bore and within the line and scope of said agency and/or employment.

77.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving.

78.

Defendant Ali Bore knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

79.

Defendant Ali Bore utilized inadequate screening, testing, background checks, and other such  methods prior to extending an offer of employment to Defendant John Doe.

80.

Defendant Ali Bore negligently and/or wantonly trained Defendant John Doe at the time of hiring, after he was hired, and during his employment. Defendant Ali Bore's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

81.

Defendant Ali Bore's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

82.

Defendant Ali Bore was negligent and/or wanton in his hiring of Defendant John Doe.

83.

Defendant Ali Bore was negligent and/or wanton in his training of Defendant John Doe.

84.

Defendant Ali Bore was negligent and/or wanton in his supervision of Defendant John Doe.

85.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Ali Bore,  Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal.  Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as  a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |

| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

86.

Defendant Ali Bore has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Ali Bore in a sum to be established by the jury and the costs of this proceeding.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT ABSHIR BORE

87.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

88.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was employed by or an agent of Defendant Abshir Bore and was acting within the line and scope of his employment with Defendant Abshir Bore.

89.

Upon information and belief, Defendant John Doe was operating the tractor trailer he was driving as an agent  and/or employee of Defendant Abshir Bore and within the line and scope of his agency and/or employment. Therefore, Defendant Abshir Bore, under the doctrine of respondeat superior, is legally responsible for any negligence and/or wantonness of Defendant John

Doe.

90.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe and Abshir Bore liable to Plaintiff.

91.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Abshir Bore, Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries. Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

92.

Defendant Abshir Bore has been stubbornly litigious, acted in bad faith, and caused Plaintiff

to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Abshir Bore in a sum to be established by the jury and the costs of this proceeding.

## COUNT X:  NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT ABSHIR BORE

### 93.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

### 94.

Upon information and belief, Defendant John Doe was operating the vehicle he was driving as an agent  and/or employee of Defendant Abshir Bore and within the line and scope of said agency and/or employment.

### 95.

At the time of the collision made the basis of this suit, Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving.

### 96.

Defendant Abshir Bore knew or should have known, through the exercise of reasonable diligence, that Defendant John Doe was unqualified, unfit, or otherwise unable to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

### 97.

Defendant Ali Bore utilized inadequate screening, testing, background checks, and other such  methods prior to extending an offer of employment to Defendant John Doe.

### 98.

Defendant Abshir Bore negligently and/or wantonly trained Defendant John Doe at the time

of hiring, after he was hired, and during his employment. Defendant Abshir Bore's negligent and/or wanton training of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

99.

Defendant Ali Bore's negligent and/or wanton supervision of Defendant John Doe prevented him from being properly qualified, fit, or otherwise able to safely operate the tractor trailer he was driving at the time of the collision made the basis of this suit.

100.

Defendant Ali Bore was negligent and/or wanton in his hiring of Defendant John Doe.

101.

Defendant Abshir Bore was negligent and/or wanton in his training of Defendant John Doe.

102.

Defendant Abshir Bore was negligent and/or wanton in his supervision of Defendant John Doe.

103.

As a proximate result of the negligence and/or wantonness of Defendants John Doe and Defendant Abshir Bore,  Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal.  Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as  a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |

| Summit Surgery Center | $ 5,908.40 |
|---|---|
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

104.

Defendant Abshir Bore has been stubbornly litigious, acted in bad faith, and caused Plaintiff to  incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. §13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe and Abshir Bore in a sum to be established by the jury and the costs of this proceeding.

## COUNT XI: NEGLIGENCE OF DEFENDANT AMGUARD INSURANCE COMPANY

105.

Plaintiff reavers and realleges all the allegations in the preceding paragraphs as if fully  set forth herein.

106.

Upon information and belief, at the time of the collision made the basis of this suit, Defendants Ali Bore, Defendant Bore Transport, Inc., Defendant Abshir Bore, and/or Defendant Bore Express Inc. were insured under a commercial liability insurance policy with Defendant Amguard Insurance Company with a $1,000,000 coverage limit.

107.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the tractor trailer he was driving as an agent and/or employee of Defendants Ali Bore, Defendant Bore Transport, Inc., Defendant Abshir Bore, and/or Defendant Bore Express Inc..

108.

Upon information and belief, at the time of the collision made the basis of this suit, Defendant John Doe was operating the tractor trailer he was driving for the furtherance of the engagement of interstate commerce for Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express Inc.. Pursuant to O.C.G.A. §40-2-140(d)(4), direct actions against insurers of motor carriers engaged in interstate commerce are authorized. In the alternative, Defendant John Doe was operating the tractor trailer he was driving for the furtherance of the engagement of intrastate commerce for Defendants Ali Bore, Bore Transport, Inc., Abshir Bore, and/or Bore Express Inc.. Pursuant to O.C.G.A. §40-1-112(c), direct actions against insurers of motor carriers engaged in intrastate commerce are authorized.

109.

The conduct of Defendant John Doe, as described herein, was wrongful, negligent and/or wanton and renders Defendants John Doe, Ali Bore, Bore Transport, Inc., Abshir Bore, Bore Express, Inc., and Amguard Insurance Company liable to Plaintiff.

110.

As a proximate result of the negligence and/or wantonness of Defendants John Doe, Ali Bore, Bore Transport, Inc., Abshir Bore, Bore Express Inc., and Amguard Insurance Company Plaintiff has been caused to incur and obliged to spend substantial sums of money in medical, hospital, therapy, and drug expenses, in and about an effort to heal. Plaintiff will continue to be obliged to do so for an indefinite time in the future to her great detriment and loss. Plaintiff has been caused to suffer lost wages and other economic damages as a result of her injuries.

Plaintiff suffered special damages as follows:

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

111.

Defendant Amguard Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs,  and expenses, pursuant to O.C.G.A. § 13-6-11.

Wherefore, Plaintiff demands judgment, including compensatory and punitive damages, against Defendants John Doe, Ali Bore, Bore Transport, Inc., Abshir Bore, Bore Express, Inc., and Amguard Insurance Company in a sum to be established by the jury and the costs of this proceeding.

## COUNT XII: BAD FAITH OF DEFENDANT INFINITY SELECT INSURANCE COMPANY

112.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

113.

At the time of the collision made the basis of this suit, Plaintiff maintained an uninsured/underinsured motor vehicle insurance policy with Defendant Infinity Select Insurance Company with a $25,000/$50,000 policy limit and $500 medical payments coverage limit.

114.

After being unable to successfully locate and file a claim under a liability policy for the incident giving rise to this suit, Plaintiff made numerous requests for uninsured policy limit payments and medical payments from Defendant Infinity Select Insurance Company for both collisions.

115.

Defendant Infinity Select Insurance Company opened two separate claims for Plaintiff for both collisions which took place on the date in question. Claim #21123490305 and Claim #23123524456.

116.

Plaintiff had several telephone conversations and email correspondence with representatives of Defendant Infinity Select Insurance Company where the representative advised Plaintiff that the policy limits of $25,000 each and medical payments of $500 each would be paid to Plaintiff prior to the statute of limitations provided that Plaintiff provided her medical records for her injuries and damages.

117.

Defendant Infinity Select Insurance Company paid one claim in the amount of $25,000 on or about March 8, 2023.

118.

Representatives of Defendant Infinity Select Insurance Company continued to tell Plaintiff that the other claim would be paid out after their investigation was completed.

119.

Defendant Infinity Select Insurance Company did not pay the second claim nor did Defendant Infinity Select Insurance Company pay any medical payments coverage for either claim.

120.

Defendant Infinity Select Insurance Company had a duty to pay the policy limits of Plaintiff's available policy of uninsured motorist insurance coverage and medical payments pursuant to O.C.G.A. § 33-7-11.

121.

Defendant Infinity Select Insurance Company acted in bad faith by failing to pay out the policy limits of Plaintiff's available policy of uninsured motorist insurance coverage and medical payments to Plaintiff for both claims as Defendant Infinity Select Insurance Company's representatives promised her.

122.

Defendant Infinity Select Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs,  and expenses, pursuant to O.C.G.A. §13-6-11 and O.C.G.A. § 33-7-11.

WHEREFORE, Plaintiff demands judgment against Defendant Infinity Select Insurance Company bad faith in an amount to be determined at trial, together with pre- and post-judgment interest as allowed by law,  attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11 and O.C.G.A. § 33-7-11, and for such other and further  relief as this Court deems just and proper.

**COUNT XIII: BREACH OF CONTRACT OF DEFENDANT INFINITY SELECT INSURANCE COMPANY**

123.

Plaintiff reavers and realleges all of the allegations in the preceding paragraphs as if fully set forth herein.

124.

At the time of the collision made the basis of this suit, Plaintiff maintained an uninsured/underinsured motor vehicle insurance policy with Defendant Infinity Select Insurance Company with a $25,000/$50,000 policy limit and $500 medical payments coverage limit.

125.

After being unable to successfully locate and file a claim under a liability policy for the incident giving rise to this suit, Plaintiff made numerous requests for uninsured policy limit payments and medical payments from Defendant Infinity Select Insurance Company for both collisions.

126.

Defendant Infinity Select Insurance Company opened two separate claims for Plaintiff for both collisions which took place on the date in question. Claim #21123490305 and Claim #23123524456.

127.

Plaintiff had several telephone conversations and email correspondence with representatives of Defendant Infinity Select Insurance Company where the representative advised Plaintiff that the policy limits of $25,000 each and medical payments of $500 each would be paid to Plaintiff prior to the statute of limitations provided that Plaintiff provided her medical records for her injuries and damages.

128.

Defendant Infinity Select Insurance Company paid one claim in the amount of $25,000 on or about March 8, 2023.

129.

Representatives of Defendant Infinity Select Insurance Company continued to tell Plaintiff that the other claim would be paid out after their investigation was completed.

130.

Defendant Infinity Select Insurance Company did not pay the second claim nor did Defendant Infinity Select Insurance Company pay any medical payments coverage for either claim.

131.

Defendant Infinity Select Insurance Company had a duty to pay the policy limits of Plaintiff's available policy of uninsured motorist insurance coverage and medical payments pursuant to O.C.G.A. § 33-7-11.

132.

Defendant Infinity Select Insurance Company breached their contract with Plaintiff by failing to pay out the policy limits of Plaintiff's available policy of uninsured motorist insurance coverage and medical payments to Plaintiff for both claims as Defendant Infinity Select Insurance Company's representatives promised her.

133.

Defendant Infinity Select Insurance Company has been stubbornly litigious, acted in bad faith, and caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs,  and expenses, pursuant to O.C.G.A. §13-6-11 and O.C.G.A. § 33-7-11.

WHEREFORE, Plaintiff demands judgment against Defendant Infinity Select Insurance Company bad faith in an amount to be determined at trial, together with pre- and post-judgment interest as allowed by law,  attorney's fees, costs, expenses pursuant to O.C.G.A. §13-6-11 and O.C.G.A. § 33-7-11, and for such other and further  relief as this Court deems just and proper.

This  _25th_  day of May, 2023.

_India A. Johnson_
Pro se Plaintiff

PO Box 592
Mableton, GA 30126
(770) 256-3851

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 70109956
Case Number: 23EV001627
Date: May 31 2023 01:14AM
Donald Talley, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| INDIA JOHNSON, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | NO. 23 EV 001627 |
| JOHN DOE, ALI BORE, BORE | ) | |
| TRANSPORATION, INC., ASHBIR | ) | |
| BORE, BORE EXPRESS, INC., AMGUARD | ) | |
| INSURANCE COMPANY, AND | ) | |
| INFINITY SELECT INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant, | | |

## ORDER

The above styled action came regularly before the Court on uninsured motorist carrier Infinity Select Insurance Company's *Motion to Dismiss.* Infinity was represented by counsel; Plaintiff was pro se. After consideration of the entire record, the Court hereby issues the following Order:

In this action arising from an auto collision occurring on March 25, 2021, uninsured motorist carrier Infinity Select Insurance Company moves presently to dismiss contending that the claims alleged may be not be presently brought in this action. In Paragraph XII of the Complaint, Plaintiff invokes O.C.G.A. § 13-6-11 and O.C.G.A. § 33-7-11 and alleges a claim of bad faith for the failure to pay policy limits of the applicable uninsured motorists policy.[1] Infinity contends that Plaintiff has, in these paragraphs, failed to state a "direct action" claim that may be brought in advance of a judgment obtained against the tortfeasor.

While a claimant must meet certain service requirements when making a claim against an uninsured motorist carrier, that carrier may not be made a formal party without first suing

---

[1] Plaintiff also alleged a "Breach of Contract" claim in Paragraph XIII, but this count appears to be a mere restatement of Paragraph XII.

and obtaining at least a nominal judgment against the uninsured motorist.2 See O.C.G.A.§ 33-7-11(j). Plaintiff may then bring a claim for bad faith failure to settle in a separate action. Moreover, a claim for bad faith may only be brought against an uninsured motorist carrier under O.C.G.A. § 33-7-11 and not under O.C.G.A. § 13-6-11.3

     As a direct action for bad faith against the uninsured motorist carrier is not permitted in the present posture, the motion of Infinity Select Insurance Company is GRANTED.

     **SO ORDERED** this the 31st  day of MAY 2023

           s/John Mather
          The Honorable John R. Mather
          Judge State Court of Fulton County

---

2 The uninsured carrier has the option of answering the claim in its own name or in the name of the uninsured motorist. While it appears that Infinity has answered the Complaint in its own name here, a claim alleging bad faith must still be brought in a separate action after determination of the tortfeasor's liability.

3 Plaintiff argues that the prior judgment requirement may be waived by certain representations of an insurer that the claim would be paid. See United States Fidelity & Guaranty Co. v. Lockhart, 124 Ga. App. 810 (1971). Even assuming that Lockhart remains good law, there is no indication that the decision pertains to a bad faith claim-which is alleged here.

State Court of Fulton County
**E-FILED**
23EV001627
6/9/2023 9:20 AM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| INDIA JOHNSON, | )( |
| | )( |
| **Plaintiff,** | )( |
| | )( |
| v. | )( |
| | )( |
| JOHN DOE, ALI BORE, | )( |
| BORE TRANSPORTATION, INC., | )( |
| ASHBIR BORE, BORE EXPRESS, INC., | )( |
| AMGUARD INSURANCE COMPANY, AND | )( |
| INFINITY SELECT INSURANCE COMPANY, | )( |
| | )( |
| **Defendants.** | )( |

CIVIL ACTION FILE NO.
23EV001627

### INFINITY SELECT INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW INFINITY SELECT INSURANCE COMPANY ("Infinity"), and without waiving any of its rights, but expressly subject thereto, files this, its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, ("Amended Complaint"), pursuant to the authority granted by O.C.G.A. § 33-7-11, showing as follows:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against Infinity and Infinity should be dismissed.

### SECOND DEFENSE

Plaintiff has failed to satisfy one or more condition precedents to suit against Infinity and dismissal is warranted.

### THIRD DEFENSE

Plaintiff does not have standing to bring any direct action claims against Infinity and dismissal is warranted.

1

## FOURTH DEFENSE

Plaintiff failed to make a demand pursuant to O.C.G.A. § 33-7-11(j) and cannot recover for any alleged bad faith failure to pay such damages.

## FIFTH DEFENSE

Plaintiff failed to make a demand for Medical Payments Coverage and cannot recover for any purported bad faith failure to pay such damages.

## SIXTH DEFENSE

Defendants may not be uninsured or underinsured as defined by Georgia law, and Plaintiff's claim against Infinity must be dismissed.

## SEVENTH DEFENSE

The accident described in Plaintiff's Amended Complaint is subject to the $25,000 per person uninsured motorist bodily injury limit provided by Plaintiff's policy, notwithstanding the number of impacts alleged by Plaintiff. The Policy does not provide coverage for this accident in any amount over the $25,000 per person uninsured motorist bodily injury limit. The Policy contains the following language:

DEFINITIONS USED THROUGHOUT THIS POLICY

1. "**Accident**" means a sudden, unexpected, and unintended event causing **bodily injury** or **property damage**, arising out of the ownership, maintenance, or use of an **auto**. Coverage under this policy shall not apply if the **accident** or its consequences were either intended by the insured, or could have reasonably been expected from the viewpoint of the insured.

   All **bodily injury** and **property damage** arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one **accident**.

2

PART C – UNINSURED MOTORIST COVERAGE
INSURING AGREEMENT – UNINSURED MOTORIST COVERAGE

In exchange for **your premium payment**, **we** will pay damages, not exceeding the limits shown on the **Declarations Page**, less any applicable deductible shown on the **Declarations Page** which applies to this coverage, which an **insured person** is legally entitled to recover from the **owner** or operator of an **uninsured motor vehicle** because of **bodily injury** or **property damage:**

1. caused by an **accident**;
2. sustained by such **insured person**; and
3. arising out of the ownership, maintenance or use of the **uninsured motor vehicle**.

LIMITS OF LIABILITY – PART C ONLY

The limits of liability shown on the **Declarations Page** apply subject to the following:

1. Regardless of the number of **vehicles** insured, the limits of liability as applicable to each person for this coverage shown on the **Declarations Page** shall be the total limit of our liability to each person.
2. The limit of liability for this coverage shown on the **Declarations Page** for each person is the maximum **we** will pay as damages for **bodily injury**, including damages for derivative claims, to any one person in any one **accident**.

### EIGHTH DEFENSE

Infinity asserts the defenses of payment, release, accord and satisfaction and estoppel.

### NINTH DEFENSE

Infinity is not subject to suit as uninsured/underinsured motorist carrier pursuant to O.C.G.A. § 33-7-11 as it issued Plaintiff a check for the full $25,000 per person uninsured motorist bodily injury liability limit and Plaintiff deposited Infinity's check. Infinity owes no further coverage under the applicable Policy and dismissal is warranted.

### TENTH DEFENSE

Coverage may not be owed under the Medical Payments Coverage portion of the applicable policy, as the Policy contains the following language:

3

PART B - MEDICAL PAYMENTS COVERAGE

INSURING AGREEMENT

If the **Declarations Page** shows a premium charged for this coverage, **we** will pay **medical expenses** not exceeding the limits shown on the **Declarations Page**, incurred as a result of **bodily injury** caused by an **accident** and sustained by an **insured person**. Coverage under this Part shall not apply if the **accident** or its consequences were either intended by the **insured**, or could have reasonably been expected from the viewpoint of the **insured**. We will pay only for those expenses incurred for services rendered within three years from the date of the accident.

ADDITIONAL DEFINITIONS USED IN PART B ONLY

As used in this Part:

1. "**Accident**" as used in this Part, shall also mean an occurrence involving an **insured person** and must involve the actual physical impact of the **vehicle** or the **insured person** with another object in order for coverage under this Part to apply.

2. "**Medical Expenses**" means **usual and customary charges** incurred for reasonable and necessary services rendered to or on behalf of an **insured person** within three years from the date of the **accident** for: medical, surgical, x-ray, and dental services when performed by a licensed medical professional; pharmaceuticals; prosthetic devices; eye glasses; necessary ambulance, hospital, and professional nursing services when prescribed by a licensed medical professional; and funeral services.

Reasonable **medical expenses** do not include expenses:
a. For treatment, services, products or procedures that are:
i. Experimental in nature, for research, or not primarily designed to serve a medical purpose; or
ii. Not commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of the **bodily injury**; or
b. Incurred for:
i. The use of **thermography** or other related procedures of similar nature;
ii. The use of **acupuncture** or other related procedures of a similar nature; or
iii. The use of chiropractic care or other related procedures of a similar nature; or
iv. The purchase or rental of equipment not primarily designed to serve a medical purpose.

LIMITS OF LIABILITY - PART B ONLY

**We** will pay no more than the limit of liability shown for this coverage on the **Declarations Page** to or for each **insured person** as the result of any one

**accident**, regardless of the number of premiums or motor **vehicles** listed on the **Declarations Page**, **insured persons**, claims, claimants, policies, or **vehicles** involved in the **accident**.

Any amount paid or payable under this coverage to or for an **insured person** will be reduced by any payment made to that person under Part A – Liability Coverage or Part C - Uninsured/Underinsured Motorists Coverage of this policy.
…
In no event will an **insured person** be entitled to receive duplicate payments for the same element of loss.

### ELEVENTH DEFENSE

The insurance policy under which Plaintiff is seeking uninsured/underinsured motorist coverage may not provide coverage for some or all of the damages being sought. As such, Plaintiff cannot recover from Infinity.

### TWELFTH DEFENSE

The sole, direct, and proximate cause of any injury or damage which the Plaintiff may have sustained was due to the acts or omissions of some other person, persons or entity other than Infinity, and therefore the Plaintiff is not entitled to recover anything from Infinity.

### THIRTEENTH DEFENSE

No act or omission on the part of Infinity caused or contributed to any of the alleged injuries or damages claimed by the Plaintiff, and therefore the Plaintiff is not entitled to recover anything from Infinity.

### FOURTEENTH DEFENSE

Infinity asserts and alleges each and every affirmative defense which is or may be available to the named Defendants, and to the extent that such defenses, including insufficiency of process, insufficiency of service of process, lack of jurisdiction, improper venue, expiration of the statute of limitations, or settlement and release may apply, Infinity reserves its right to rely upon the affirmative defenses available to Defendants as a judgment against an uninsured

motorist is a legal condition precedent to any recovery from an uninsured motorist insurance carrier.

## FIFTEENTH DEFENSE

In the event that it is later determined that Infinity had in force any policy of uninsured motorist coverage inuring to the benefit of the Plaintiff in the circumstances sued upon here, then Infinity is entitled to a set-off against any liability it may have to the Plaintiff in the amount of any payment provided for the same damages sued upon here.

## SIXTEENTH DEFENSE

Plaintiff's failure to comply with the conditions of the insurance policies sued upon bars her recovery against Infinity.

## SEVENTEENTH DEFENSE

Plaintiff failed to comply with the requirement to bring a claim against a "John Doe" driver as outlined in O.C.G.A. §33-7-11 and dismissal is warranted.

## EIGHTEENTH DEFENSE

Plaintiff is not entitled to recover against Infinity pursuant to O.C.G.A. § 13-6-11 and dismissal is warranted.

## NINETEENTH DEFENSE

In answer to the specific allegations of Plaintiff's Amended Complaint, Infinity responds as follows:

1.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint, and same is therefore denied.

2.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint, and same is therefore denied.

3.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint, and same is therefore denied.

4.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint, and same is therefore denied.

5.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint, and same is therefore denied.

6.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, and same is therefore denied.

7.

Paragraph 7 is admitted.

## ALLEGATIONS OF BACKGROUND

8.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint, and same is therefore denied.

9.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint, and same is therefore denied.

10.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint, and same is therefore denied.

11.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint, and same is therefore denied.

12.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint, and same is therefore denied.

13.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint, and same is therefore denied.

14.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint, and same is therefore denied.

15.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint, and same is therefore denied.

16.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint, and same is therefore denied.

## COUNT I: ALLEGATIONS OF NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE

17.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-16 of Plaintiff's Amended Complaint.

18.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint, and same is therefore denied.

19.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint, and same is therefore denied.

20.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint, and same is therefore denied.

21.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint, and same is therefore denied.

22.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint, including all subparts (a) – (f), and same is therefore denied.

23.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint, and same is therefore denied.

24.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 6, immediately following Paragraph 24 of Plaintiff's Amended Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT II: ALLEGATIONS OF NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

25.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-24 of Plaintiff's Amended Complaint.

26.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint, and same is therefore denied.

27.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint, and same is therefore denied.

28.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint, and same is therefore denied.

29.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint, and same is therefore denied.

30.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint, including all subparts (a) – (f), and same is therefore denied.

31.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint, and same is therefore denied.

32.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 8, immediately following Paragraph 32 of Plaintiff's Amended Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT III: ALLEGATIONS OF NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BORE TRANSPORTATION, INC.

33.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-32 of Plaintiff's Amended Complaint.

34.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint, and same is therefore denied.

35.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint, and same is therefore denied.

36.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint, and same is therefore denied.

37.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint, and same is therefore denied.

38.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 10, immediately following Paragraph 38 of Plaintiff's Amended Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT IV – ALLEGATIONS OF NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE TRANSPORT, INC.

39.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-38 of Plaintiff's Amended Complaint.

14

40.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint, and same is therefore denied.

41.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint, and same is therefore denied.

42.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint, and same is therefore denied.

43.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint, and same is therefore denied.

44.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint, and same is therefore denied.

45.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint, and same is therefore denied.

46.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint, and same is therefore denied.

47.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint, and same is therefore denied.

48.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint, and same is therefore denied.

49.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint, and same is therefore denied.

50.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 12, immediately following Paragraph 50 of Plaintiff's Amended Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT V – ALLEGATIONS OF NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE EXPRESS, INC.

51.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-50 of Plaintiff's Amended Complaint.

52.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint, and same is therefore denied.

53.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint, and same is therefore denied.

54.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint, and same is therefore denied.

55.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint, and same is therefore denied.

56.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 14, immediately following Paragraph 56 of Plaintiff's Amended Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT VI – ALLEGATIONS OF NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE EXPRESS, INC.

57.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-56 of Plaintiff's Amended Complaint.

58.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint, and same is therefore denied.

59.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint, and same is therefore denied.

60.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint, and same is therefore denied.

61.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint, and same is therefore denied.

62.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint, and same is therefore denied.

63.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint, and same is therefore denied.

64.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64 of Plaintiff's Amended Complaint, and same is therefore denied.

65.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint, and same is therefore denied.

66.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint, and same is therefore denied.

67.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint, and same is therefore denied.

68.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 17, immediately following Paragraph 68 of Plaintiff's Amended Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT VII – ALLEGATIONS OF NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT ALI BORE

69.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-68 of Plaintiff's Amended Complaint.

70.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint, and same is therefore denied.

71.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint, and same is therefore denied.

72.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint, and same is therefore denied.

73.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint, and same is therefore denied.

74.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on pages 18-19, immediately following Paragraph 74 of Plaintiff's Amended Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

### COUNT VIII – ALLEGATIONS OF NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT ALI BORE

75.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-74 of Plaintiff's Amended Complaint.

76.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of Plaintiff's Amended Complaint, and same is therefore denied.

77.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77 of Plaintiff's Amended Complaint, and same is therefore denied.

78.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint, and same is therefore denied.

79.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 79 of Plaintiff's Amended Complaint, and same is therefore denied.

80.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint, and same is therefore denied.

81.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint, and same is therefore denied.

82.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint, and same is therefore denied.

83.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint, and same is therefore denied.

84.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint, and same is therefore denied.

85.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 85 of Plaintiff's Amended Complaint, and same is therefore denied.

86.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 86 of Plaintiff's Amended Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 21, immediately following Paragraph 86 of Plaintiff's Amended Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT IX – ALLEGATIONS OF NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT ABSHIR BORE

87.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-86 of Plaintiff's Amended Complaint.

88.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint, and same is therefore denied.

89.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint, and same is therefore denied.

90.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 90 of Plaintiff's Amended Complaint, and same is therefore denied.

91.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 91 of Plaintiff's Amended Complaint, and same is therefore denied.

92.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 23, immediately following Paragraph 92 of Plaintiff's Amended Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT X – ALLEGATIONS OF NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT ABSHIR BORE

93.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-92 of Plaintiff's Amended Complaint.

94.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 94 of Plaintiff's Amended Complaint, and same is therefore denied.

95.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 95 of Plaintiff's Amended Complaint, and same is therefore denied.

96.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 96 of Plaintiff's Amended Complaint, and same is therefore denied.

97.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 97 of Plaintiff's Amended Complaint, and same is therefore denied.

98.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 98 of Plaintiff's Amended Complaint, and same is therefore denied.

99.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 99 of Plaintiff's Amended Complaint, and same is therefore denied.

100.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint, and same is therefore denied.

101.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 101 of Plaintiff's Amended Complaint, and same is therefore denied.

102.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 102 of Plaintiff's Amended Complaint, and same is therefore denied.

103.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 103 of Plaintiff's Amended Complaint, and same is therefore denied.

104.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 104 of Plaintiff's Amended Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 25, immediately following Paragraph 104 of Plaintiff's Amended Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT XI – ALLEGATIONS OF NEGLIGENCE OF DEFENDANT AMGAURD INSURANCE COMPANY

105.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-104 of Plaintiff's Amended Complaint.

106.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 106 of Plaintiff's Amended Complaint, and same is therefore denied.

107.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 107 of Plaintiff's Amended Complaint, and same is therefore denied.

108.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 108 of Plaintiff's Amended Complaint, and same is therefore denied.

109.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 109 of Plaintiff's Amended Complaint, and same is therefore denied.

110.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 110 of Plaintiff's Amended Complaint, and same is therefore denied.

111.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 111 of Plaintiff's Amended Complaint, and same is therefore denied.

Infinity is without knowledge or information sufficient to form a belief as to the allegations contained in the Wherefore Paragraph on page 27, immediately following Paragraph 111 of Plaintiff's Amended Complaint and same is therefore denied. Infinity denies it is liable to Plaintiff.

## COUNT XII – ALLEGATIONS OF BAD FAITH OF DEFENDANT
## INFINITY SELECT INSURANCE COMPANY

Infinity states this Count was dismissed pursuant to the Court's Order dated May 31, 2023 and no longer remains pending. To the extent a response is required to these allegations, Infinity responds as follows:

### 112.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-111 of Plaintiff's Amended Complaint.

### 113.

Infinity admits it issued an automobile insurance policy to Plaintiff, which was in effect on the date of the subject incident, which provided $25,000 per person/$50,000 per occurrence bodily injury uninsured motorist coverage and $500 in medical payments coverage. Infinity further states the coverages available under the applicable policy are subject to all of the terms, conditions, exclusions and other language contained therein. Infinity denies the remaining allegations, if any, contained in Paragraph 113 of Plaintiff's Amended Complaint.

### 114.

Infinity admits Plaintiff sought both uninsured motorist coverage and medical payments coverage. Infinity further admits it issued payment for the entire available per person uninsured motorist bodily injury limit of $25,000 to Plaintiff on March 1, 2023. Infinity denies the remaining allegations in Paragraph 114 of Plaintiff's Amended Complaint.

### 115.

Paragraph 115 of Plaintiff's Amended Complaint is denied as stated.

### 116.

Paragraph 116 of Plaintiff's Amended Complaint is denied.

117.

Infinity admits it issued payment for the entire available per person uninsured motorist bodily injury limit of $25,000 to Plaintiff on March 1, 2023. Infinity denies the remaining allegations in Paragraph 117 of Plaintiff's Amended Complaint.

118.

Paragraph 118 of Plaintiff's Amended Complaint is denied.

119.

Infinity admits it issued payment for the entire available per person uninsured motorist bodily injury limit of $25,000 to Plaintiff on March 1, 2023. Infinity denies any further coverage is owed under the applicable policy, denies the remaining allegations in Paragraph 119 of Plaintiff's Amended Complaint and denies it is liable to Plaintiff under any theory.

120.

Infinity admits it issued payment for the entire available per person uninsured motorist bodily injury limit of $25,000 to Plaintiff on March 1, 2023. Infinity denies any further coverage is owed under the applicable policy, denies the remaining allegations in Paragraph 120 of Plaintiff's Amended Complaint and denies it is liable to Plaintiff under any theory.

121.

Paragraph 121 of Plaintiff's Amended Complaint is denied.

122.

Paragraph 122 of Plaintiff's Amended Complaint is denied.

Infinity denies all allegations contained in the Wherefore Paragraph on page 29, immediately following Paragraph 122 of Plaintiff's Amended Complaint and same is therefore

denied. Infinity denies it is liable to Plaintiff for bad faith or for any further amount than what has already been paid.

## COUNT XIII: ALLEGATIONS OF BREACH OF CONTRACT OF DEFENDANT INFINITY SELECT INSURANCE COMPANY

Infinity states this Count was dismissed pursuant to the Court's Order dated May 31, 2023 and no longer remains pending. To the extent a response is required to these allegations, Infinity responds as follows:

### 123.

Infinity incorporates by reference as if fully set forth herein, its defenses stated above as well as its responses to Paragraphs 1-122 of Plaintiff's Amended Complaint.

### 124.

Infinity admits it issued an automobile insurance policy to Plaintiff, which was in effect on the date of the subject incident, which provided $25,000 per person/$50,000 per occurrence bodily injury uninsured motorist coverage and $500 in medical payments coverage. Infinity further states the coverages available under the applicable policy are subject to all of the terms, conditions, exclusions and other language contained therein. Infinity denies the remaining allegations, if any, contained in Paragraph 124 of Plaintiff's Amended Complaint.

### 125.

Infinity admits Plaintiff sought both uninsured motorist coverage and medical payments coverage. Infinity further admits it issued payment for the entire available per person uninsured motorist bodily injury limit of $25,000 to Plaintiff on March 1, 2023. Infinity denies the remaining allegations in Paragraph 125 of Plaintiff's Amended Complaint.

### 126.

Paragraph 126 of Plaintiff's Amended Complaint is denied as stated.

127.

Paragraph 127 of Plaintiff's Amended Complaint is denied.

128.

Infinity admits it issued payment for the entire available per person uninsured motorist bodily injury limit of $25,000 to Plaintiff on March 1, 2023. Infinity denies the remaining allegations in Paragraph 128 of Plaintiff's Amended Complaint.

129.

Paragraph 129 of Plaintiff's Amended Complaint is denied.

130.

Infinity admits it issued payment for the entire available per person uninsured motorist bodily injury limit of $25,000 to Plaintiff on March 1, 2023. Infinity denies any further coverage is owed under the applicable policy, denies the remaining allegations in Paragraph 130 of Plaintiff's Amended Complaint and denies it is liable to Plaintiff under any theory.

131.

Infinity admits it issued payment for the entire available per person uninsured motorist bodily injury limit of $25,000 to Plaintiff on March 1, 2023. Infinity denies any further coverage is owed under the applicable policy, denies the remaining allegations in Paragraph 131 of Plaintiff's Amended Complaint and denies it is liable to Plaintiff under any theory.

132.

Paragraph 132 of Plaintiff's Amended Complaint is denied.

133.

Paragraph 133 of Plaintiff's Amended Complaint is denied.

Any allegations in Plaintiff's Amended Complaint not specifically responded to by Infinity are hereby denied. Infinity further denies Plaintiff is entitled to recover from Infinity in any sum or manner whatsoever.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Infinity Select Insurance Company hereby requests that:

(a) It be discharged without liability to Plaintiff;

(b) It have a trial by a jury of twelve (12) persons as to all issues properly triable by a jury;

(c) Costs be assessed against Plaintiff; and

(d) It have such other relief as the Court deems just and proper.

This 9th day of June, 2023.

                                    **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                                    */s/ Myrece R. Johnson*

By: _____

                                    Myrece R. Johnson
                                    Georgia Bar No. 940301
                                    Lauren D. Woodrick
                                    Georgia Bar No. 324394
                                    *Attorney for Infinity Select Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404.874.8800
404.888.6199 [facsimile]
myrece.johnson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com

## CERTIFICATE OF SERVICE

I certify that on this day I served a copy of **INFINITY SELECT INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** upon all parties via the Court's electronic filing system and via email as follows:

India A. Johnson
PO Box 592
Mableton, GA  30126
indiaj20@yahoo.com
indiaj.dluxxam@gmail.com

This 9th day of June, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Myrece R. Johnson*

By: _____

Myrece R. Johnson
Georgia Bar No. 940301
Lauren D. Woodrick
Georgia Bar No. 324394
*Attorney for Infinity Select Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404.874.8800
404.888.6199 [facsimile]
myrece.johnson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com

36

State Court of Fulton County
**E-FILED**
23EV001627
6/16/2023 3:33 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| INDIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 23EV001627 |
| v. | ) | |
| | ) | |
| JOHN DOE, ALI BORE, BORE | ) | |
| TRANSPORT, INC., ABSHIR BORE, | ) | |
| BORE EXPRESS, INC., AMGUARD | ) | |
| INSURANCE COMPANY, and | ) | |
| INFINITY SELECT INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## SPECIAL APPEARANCE OF AMGUARD INSURANCE COMPANY AND MOTION TO SET ASIDE DEFAULT JUDGMENT AND OPEN DEFAULT

**COMES NOW**, AMGUARD INSURANCE COMPANY (hereinafter "AmGUARD"), by and through undersigned counsel, and makes this special appearance to file this, its Motion to Set Aside Default Judgment and Open Default before this Honorable Court.  In support of its Motion, AmGUARD relies on and submits the following documents that are filed contemporaneously herewith:

1.      Brief in Support of AmGUARD's Motion to Set Aside Default Judgment and Open Default; and

2.      Affidavit of Shayne McGrady;

AmGUARD now seeks relief from this Court and asks that it set aside default judgment, open default and allow this case to proceed on its merits.  As shown in AmGUARD's Brief, the Default Judgment should be set aside because Plaintiff failed to serve AmGUARD's registered agent for service of process. Accordingly, AmGUARD is not in default, and the default

1

judgment is improper.  AmGUARD respectfully asks the Court to grant its Motion to Set Aside

Default Judgment and Open Default, as strongly favored by Georgia law.

This 16th day of June, 2023.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:      /s/ Drew C. Timmons
         Drew C. Timmons
         Georgia Bar No. 358626

         *Attorney for Defendant AmGuard*
         *Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing ***Special Appearance of AmGUARD Insurance Company and Motion To Set Aside Default Judgment and Open Default*** upon all counsel of record via electronic e-file service to the following parties:

India A. Johnson
P.O. Box 592
Mableton, Georgia 30126
indiaj.dluxxam@gmail.com
AND VIA US MAIL

This 16th day of June, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   /s/ Drew C. Timmons
      Drew C. Timmons
      Georgia Bar No. 358626

      *Attorney for Defendant AmGuard*
      *Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com

4889-5021-4249, v. 1

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV001627**
**6/16/2023 3:33 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| INDIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 23EV001627 |
| v. | ) | |
| | ) | |
| JOHN DOE, ALI BORE, BORE | ) | |
| TRANSPORT, INC., ABSHIR BORE, | ) | |
| BORE EXPRESS, INC., AMGUARD | ) | |
| INSURANCE COMPANY, and | ) | |
| INFINITY SELECT INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## AMGUARD INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS SPECIAL APPEARANCE AND MOTION TO SET ASIDE DEFAULT JUDGMENT AND OPEN DEFAULT

COMES NOW, AMGUARD INSURANCE COMPANY ("AmGUARD") and makes this special appearance to submits its brief in support of its motion to set aside default judgment and open default, showing the Court as follows:

### I.     INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff's complaint arises out of a motor vehicle accident that allegedly occurred on March 25, 2021 in Fulton County. (Complaint, ¶ 8). Defendant John Doe was driving immediately ahead of Plaintiff in heavy traffic on I-285 East. (Complaint, ¶¶ 8-9).  Plaintiff claims that the Defendant John Doe rolled backwards and struck the front of Plaintiff's vehicle twice before leaving the scene of the accident. (Complaint, ¶ 10).  Plaintiff asserts that AmGUARD insured Defendant John Doe's employer at the time of the accident. (Complaint, ¶ 13). Plaintiff allegedly suffered personal injuries, lost wages, medical expenses, and property damages as a result of the accident. (Complaint, ¶¶ 21-23).

1

On May 22, 2023, Plaintiff filed a Motion for Default Judgment against AmGUARD, contending that Plaintiff served AmGUARD with the Complaint on March 27, 2023. (Plaintiff's Motion for Default Judgment, ¶ 2). According to the Affidavit of Service of Process filed with the Court on March 30, 2023 and included as Exhibit "2" to Plaintiff's Motion, a Court appointed process server personally served the Summons and Complaint upon AmGUARD by serving "A+ Agents of Process, Kenneth Goggins, registered agent, at the address of 466 Mellview Avenue SW, Atlanta, Georgia." (Affidavit of Service of Process, ¶ 2). The Court entered a default judgment against AmGUARD on May 25, 2023. (Order dated May 25, 2023).

AmGUARD has attached the Affidavit of Shayne McGrady to its motion as Exhibit "A." Mr. McGrady is Senior Counsel for AmGUARD.  (McGrady Affidavit, ¶ 2). The affidavit shows that AmGUARD's corporate registered agent for service of process is not A+ Agents of Process or Kenneth Coggins. (McGrady Affidavit, ¶ 3).  Rather, AmGUARD's registered agent is CT Corporation System located at 289 S. Culver St., Lawrenceville, Georgia 30046. (McGrady Affidavit, ¶ 3). In fact, AmGUARD does not believe it has ever engaged any agent or employee named Kenneth Goggins, and does not employ or use and has never employed or used "A+ Agents of Process" as its registered agent in Georgia. (McGrady Affidavit, ¶ 4). Moreover, AmGUARD does not believe it has ever engaged any agent or employee, nor any designated registered agent for service of process in the state of Georgia at the address of 466 Mellview Avenue, SW, Atlanta, Georgia. (McGrady Affidavit, ¶ 5). To date, AmGUARD has not received service of process through its registered agent, CT Corporation System. (McGrady Affidavit, ¶ 6).

## II.   LEGAL AUTHORITY

Under Georgia law, there are two different standards for setting aside a default judgment. Determining the applicable standard is based upon whether the motion to set aside the judgment

is filed within the same term of court as the judgment was initially issued. *See Ga. Receivables v. Murray*, 240 Ga. App. 676, 676-677 (1990). Specifically, "[a] trial court may exercise discretion in setting aside a default judgment within the same term of court. But after expiration of the term of court in which a default judgment is entered, the trial court's discretion in setting aside the default judgment is limited to the criteria set forth in O.C.G.A. § 9-11-60 (d)." *Id.*

### A.     Discretionary Standard

"[I]t is well established that a trial court has the inherent power to amend or set aside a judgment for any meritorious reason, provided the motion to set aside is filed during the term in which the judgment was rendered." *Griffin v. Rutland*, 259 Ga. App. 846, 847 (2003); *See also Piggly Wiggly Southern v. McCook*, 216 Ga. App. 335 (1995). "Under our law, a judgment not based upon a jury verdict is considered within the breast of the court during the term of court in which it is entered, and a court may exercise its discretion for meritorious reasons to set aside a judgment within the same term of court. Once that term of court has ended, however, a judgment may only be set aside under the procedures in O.C.G.A. § 9-11-60(d)." *First Baptist Church of Roswell v. King*, 208 Ga. App. 250, 251 (1993) (citations omitted); *see also Bridgestone/Firestone North American Tire, LLC v. Jenkins*, 261 Ga. App. 20, 21 (2003). Therefore, despite the requirements contained in O.C.G.A. § 9-11-60(d) for past-term motions to set-aside, a trial judge has the power during the same term of court at which a judgment is rendered to reverse, correct, modify, revoke or vacate the judgment in the exercise of his or her discretion. *See Piggly Wiggly Southern v. McCook*, 216 Ga. App. 335 (1995); *Bridgestone/Firestone North American Tire, LLC v. Jenkins*, 261 Ga. App. 20, 21 (2003).

### B.     O.C.G.A. § 9-11-60(d)

After the term of court in which a judgment was rendered, the Court's power to set aside a default judgment is limited to the reasons set forth in O.C.G.A. § 9-11-60(d). Under O.C.G.A. § 9-11-60(d), a motion to set aside may be brought to set aside a judgment based upon: "(1) Lack of jurisdiction over the person or the subject matter; (2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) A nonamenable defect which appears upon the face of the record or pleadings." O.C.G.A. § 9-11-60(d).

## III.   ARGUMENT AND CITATION OF AUTHORITY

Whether the Court evaluates this motion under the discretionary standard or under the criteria set out in O.C.G.A. § 9-11-60(d), the default judgment should be set aside.  As shown below, the providential reasons why the Court should exercise its discretion to set the judgment aside also show that the judgment was based on a nonamendable defect on the face of the record and that the Court lacked personal jurisdiction over the Defendant.

Under Georgia law, a trial court has inherent power to set aside a default judgment for "any meritorious reason" as long as a motion to set aside the default judgment is filed within the same term of court in which the default judgment was entered. *Pope v. Pope*, 277 Ga. 333, 334 (2003); *Bagley v. Robertson, et al.*, 265 Ga. 144, 146 (1995); *Ammons v. Bolick*, 233 Ga. 324, 325 (1974).

This power has been described as "broad" and "plenary," with the rationale being "that a trial court should have the opportunity to revise its interlocutory rulings to reach the correct decision in the interests of justice and judicial economy." *Pope*, 277 Ga. at 334; *Bagley*, 265 Ga. at 146. Therefore, the "right to determine 'meritorious cause' is [] addressed to the sound discretion of the judge, and [the judge's decision will not be reversed] unless such discretion is manifestly abused." *P.H.L. Dev. Corp. v. Smith*, 174 Ga. App. 328, 328 (1985). *See also Howard v.*

4

*Technosystems Consol. Corp.*, 244 Ga. App. 767, 768-69 (2000) (holding that opening default judgment is a matter resting within the sound discretion of the trial court and the exercise of that discretion will not be disturbed absent a showing of abuse). Within that framework, Georgia courts have repeatedly recognized that the "**promotion of justice is a meritorious reason** which will support the trial court's exercise of its inherent power to set aside a judgment." *P.H.L. Dev.*, 174 Ga. App. at 328 (emphasis added), citing *Lawson v. Haygood*, 202 Ga. 501(3a) (1947); *C & S Nat. Bank v. Burden*, 145 Ga.App. 402(1) (1978).

**A.    This Motion is Filed Within the Same Term of Court as the May 25, 2023 Default Judgment.**

Pursuant to Georgia law, the terms of court for the State Court of Fulton County begin on the first Monday in January, March, May, July, September, and November. O.C.G.A. § 15-6-3 (3). As such, both the judgment and this motion come within the May 2023 term of court.

**B.    Applying Either the Discretionary Standard or the Criteria of O.C.G.A. § 9-11-60(d), this Court Should Set Aside the Default Judgment.**

Because the instant motion is filed within the same term of court as the May 25, 2023 judgment, the Court is authorized to set aside the default judgment for any meritorious reason, without consideration of O.C.G.A. § 9-11-60(d). *Griffin v. Rutland*, 259 Ga. App. at 848; *Piggly Wiggly Southern v. McCook*, 216 Ga. App. at 337. However, even under the more stringent criteria of O.C.G.A. § 9-11-60(d), this default judgment should be set aside because of a nonamenable defect which appears upon the face of the record and a lack of jurisdiction over the person.

"The rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations." *Ryles v. First Oglethorpe Co.*, 213 Ga. App. 327, 328 (1994).  "[B]ecause the public policy of this state strongly favors resolution of cases on their merits, the remedial provisions for opening a default are to be forgivingly applied." *Nelson v. Bd. of Regents of the Univ. Sys. of Ga.*,

307 Ga. App. 220, 223 (2010) (Citations omitted). A default judgment is a drastic sanction and should only be invoked in extreme situations. *Id.*, 307 Ga. App. at 223.

The default judgment should be set aside because Plaintiff has not properly served AmGUARD with process. Although the Affidavit of Service claims such service, the content of the affidavit proves its contradiction, since it purports to have served AmGUARD through a person who is not affiliated with AmGUARD, and at a location which is not identified by the Secretary of State as the registered agent for process on AmGUARD. Accordingly, this Court lacks jurisdiction over AmGUARD and the subject matter. The Affidavit of Service of Process filed on March 30, 2023 and attached to Plaintiff's motion for default judgment shows that the Court appointed process server attempted to serve AmGUARD by serving A+ Agents of Process, Kenneth Goggins, registered agent, at the address of 466 Mellview Avenue SW, Atlanta, Georgia on March 27, 2023. (Affidavit of Service of Process, ⁋ 2). However, AmGUARD's registered agent is <u>not</u> A+ Agents of Process or Kenneth Coggins. (McGrady Affidavit, ¶¶ 4, 5). Rather, AmGUARD's documents on file with the Georgia Secretary of State provide that AmGUARD's registered agent for service of process is CT Corporation System located at 289 S. Culver St., Lawrenceville, Georgia 30046. (McGrady Affidavit, ¶ 3). To date, AmGUARD has not received service of process through its registered agent, CT Corporation System. (McGrady Affidavit, ¶ 6). Likewise, Plaintiff has not filed any affidavit of service which would show service on this entity or location.

Georgia's statutes regarding service of process must be strictly construed "because notice is the very bedrock of due process." *McRae v. White*, 269 Ga. App. 455, 458 (2004). O.C.G.A. § 9-11-4(e)(1) provides that service of process on a foreign corporation authorized to transact

business in this state may be made on the corporation's registered agent or other authorized person within the state.

Here, AmGUARD had a registered agent, CT Corporation System, but Plaintiff did not attempt to have the agent personally served.  Instead, Plaintiff had process served on an unrelated entity, A+ Agents of Process. A+ Agents of Process is not an authorized agent of AmGUARD, and Plaintiff has put forth no evidence that it is affiliated with AmGUARD in any way. Because Plaintiff did not serve process in this case in compliance with O.C.G.A. § 9-11-4(e)(1) by serving AmGUARD's registered agent, service of process was insufficient.  Without proper service on AmGUARD, AmGUARD is not in default, and this Court lacked jurisdiction to enter the default judgment against it. Accordingly, entry of default judgment against AmGUARD was in plain error and must be set aside.

## III.   CONCLUSION

For all of the foregoing reasons, AmGUARD respectfully requests that this Court allow this case to proceed on the merits by granting its motion to set aside default judgment and open default.

This 16th day of June 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   /s/ Drew C. Timmons
Drew C. Timmons
Georgia Bar No. 358626

*Attorney for Defendant AmGuard Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing ***AmGUARD Insurance Company's Brief In Support Of Its Special Appearance and Motion To Set Aside Default Judgment and Open Default*** upon all counsel of record via electronic e-file service to the following parties:

India A. Johnson
P.O. Box 592
Mableton, Georgia 30126
indiaj.dluxxam@gmail.com
AND VIA US MAIL

This 16th day of June, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:    /s/ Drew C. Timmons
Drew C. Timmons
Georgia Bar No. 358626

*Attorney for Defendant AmGuard*
*Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com

4869-7050-2761, v. 1

8

State Court of Fulton County
**E-FILED**
23EV001627
6/16/2023 3:33 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| INDIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 23EV001627 |
| v. | ) | |
| | ) | |
| JOHN DOE, ALI BORE, BORE | ) | |
| TRANSPORT, INC., ABSHIR BORE, | ) | |
| BORE EXPRESS, INC., AMGUARD | ) | |
| INSURANCE COMPANY, and | ) | |
| INFINITY SELECT INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF SHAYNE MCGRADY

BEFORE THE UNDERSIGNED official duly authorized by law to administer oaths, came, Shayne McGrady, who, after duly sworn, deposes and states as follows:

1.

My name is Shayne McGrady, I am over twenty-one (21) years of age, and I am suffering under no disability that would affect the veracity of this Affidavit.

2.

At all times relevant hereto, I have been Senior Counsel for Berkshire Hathaway GUARD Insurance Companies ("GUARD"). I give this Affidavit from my own personal knowledge and from a review of the books and records maintained for AmGUARD Insurance Company ("AmGUARD"), including the Exhibits attached hereto.

3.

AmGUARD's only registered agent for service of process in the state of Georgia is CT Corporation System located at 289 S. Culver St., Lawrenceville, Georgia 30046, as evidenced by

AmGUARD's 2023 Annual Registration with the Secretary of State for the state of Georgia, a true and correct copy of which is attached hereto as Exhibit "A."

4.

AmGUARD does not believe it has ever engaged any agent or employee named Kenneth Goggins, and does not employ or use and has never employed or used "A+ Agents of Process" as its registered agent in Georgia.

5.

AmGUARD does not believe it has ever engaged any agent or employee, nor any designated registered agent for service of process in the state of Georgia at the address of 466 Mellview Avenue, SW, Atlanta, Georgia.

6.

To date, AmGUARD has not received service of process through its registered agent, CT Corporation System.

This 14ᵗʰ day of June 2023.

Shayne McGrady

SWORN TO AND SUBSCRIBED
Before Me This 14 Day
Of June , 2023.

Notary Public

My Commission Expires:

December 1, 2024                (AFFIX NOTARIAL SEAL)
4863-3303-4089, v. 1

Commonwealth of Pennsylvania - Notary Seal
Angela Mason, Notary Public
Luzerne County
My commission expires December 1, 2024
Commission number 1302300
Member, Pennsylvania Association of Notaries



**DEFENDANT'S EXHIBIT A**

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**Annual Registration**

*Electronically Filed*
Secretary of State
Filing Date: 03/15/2023 10:44:44

## BUSINESS INFORMATION

| | | |
|---|---|---|
| **BUSINESS NAME** | : | AMGUARD INSURANCE COMPANY |
| **CONTROL NUMBER** | : | K934059 |
| **BUSINESS TYPE** | : | Foreign Insurance Company |
| **JURISDICTION** | : | Pennsylvania |
| **ANNUAL REGISTRATION PERIOD** | : | 2023 |

## BUSINESS INFORMATION CURRENTLY ON FILE

| | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : | PO BOX AH, WILKES BARRE, PA, 18703-0020, USA |
| **REGISTERED AGENT NAME** | : | C T Corporation System |
| **REGISTERED OFFICE ADDRESS** | : | 289 S Culver St, Lawrenceville, GA, 30046-4805, USA |
| **REGISTERED OFFICE COUNTY** | : | Gwinnett |

| OFFICER | TITLE | ADDRESS |
|---|---|---|
| EITAN AJCHENBAUM | CFO | PO BOX A H, WILKES BARRE, PA, 18703, USA |
| Matthew O'Connor | Secretary | PO Box AH, Wilkes-Barre, PA, 18703, USA |
| Sy Foguel | CEO | PO BOX A H, WILKES BARRE, PA, 18703, USA |

## UPDATES TO ABOVE BUSINESS INFORMATION

| | | |
|---|---|---|
| **PRINCIPAL OFFICE ADDRESS** | : | 39 PUBLIC SQUARE, PO BOX AH, WILKES BARRE, PA, 18701, USA |
| **REGISTERED AGENT NAME** | : | C T Corporation System |
| **REGISTERED OFFICE ADDRESS** | : | 289 S Culver St, Lawrenceville, GA, 30046-4805, USA |
| **REGISTERED OFFICE COUNTY** | : | Gwinnett |

| OFFICER | TITLE | ADDRESS |
|---|---|---|
| EITAN AJCHENBAUM | CFO | 39 PUBLIC SQUARE, PO BOX AH, WILKES BARRE, PA, 18701, USA |
| Matthew O'Connor | Secretary | 350 5TH AVENUE (EMPIRE STATE BUILDING), SUITE 4520, NEW YORK, NY, 10118, USA |
| Sy Foguel | CEO | 39 PUBLIC SQUARE, PO BOX AH, WILKES BARRE, PA, 18701, USA |

## AUTHORIZER INFORMATION

| | | |
|---|---|---|
| **AUTHORIZER SIGNATURE** | : | Jacob Barber |
| **AUTHORIZER TITLE** | : | Authorized Person |

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **INDIA JOHNSON,** | )( | |
| | )( | |
| **Plaintiff,** | )( | **CIVIL ACTION FILE NO.** |
| | )( | **23EV001627** |
| **v.** | )( | |
| | )( | |
| **JOHN DOE, ALI BORE,** | )( | |
| **BORE TRANSPORTATION, INC.,** | )( | |
| **ASHBIR BORE, BORE EXPRESS, INC.,** | )( | |
| **AMGUARD INSURANCE COMPANY, AND** | )( | |
| **INFINITY SELECT INSURANCE COMPANY,** | )( | |
| | )( | |
| **Defendants.** | )( | |

## <u>INFINITY SELECT INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF</u>

COMES NOW INFINITY SELECT INSURANCE COMPANY, ("Infinity"), sued as purported uninsured motorist carrier, and pursuant to O.C.G.A. § 9-11-33, propounds these Interrogatories to Plaintiff in the above-styled action. Plaintiff is required under O.C.G.A. § 9-11-33 to answer these Interrogatories separately and fully in writing and under oath and to serve a copy of said answers upon counsel for Infinity within thirty (30) days after service of these Interrogatories.

NOTE A:  Plaintiff "shall furnish such information as is available to the party."  See Official Code of Ga. Ann. § 9-11-33(a).

NOTE B:  These Interrogatories shall be deemed continuing and supplemental responses shall be required as set forth in Official Code of Ga. Ann. § 9-11-26(e).

## <u>DEFINITIONS</u>

1

1.      The term "Plaintiff" or "you" shall refer to **INDIA JOHNSON**, and includes any officer, agent, representative, investigator, attorney or any other person, firm or corporation acting for or on behalf of **INDIA JOHNSON**.

2.   The term "document" shall mean all tangible things by which human communication is stored or transmitted, including all written, printed, recorded, graphic matter, photographic matter, sound reproduction or electronically stored matter, however produced or reproduced, pertaining to the subject matter indicated, whether or not claimed to be subject to privilege against discovery on any grounds and whether or not the original is within Plaintiff's possession, custody or control.

3.   The term "all documents" means every document as above defined known to you and every such document that can be located or discovered by reasonably diligent efforts.

4.   The term "identify" means:  (a) with respect to a natural person, that person's full name, title (if any), business or professional affiliation (if any), current mailing address, and current telephone number; (b) with respect to a business or other organization, the full legal name of the business or organization, the branch, division or office (if any), current mailing address, and current telephone number; (c) with respect to documents, the date, author and recipient of such documents, and the current location of such documents, including the identification of the custodian of them; and (d) with respect to physical evidence or other things, a description of such evidence or other things, and the current location of such evidence or other things including the identification of the custodian of such evidence.

5.   The term "person" means any natural person, corporation, partnership, proprietorship, association, organization or group, or other form of legal entity, association or organization.

2

6.   The terms "incident", "subject accident" and "accident" refer to the circumstances and events surrounding the incident occurring on March 25, 2021 as more fully described in Plaintiff's Complaint and Amended Complaint.

8.   If you cannot answer any interrogatory in full after exercising due diligence to secure the information or documents, please so state and then answer the request to the extent you have information or documents available.

## **<u>INTERROGATORIES</u>**

1.

State your full name, any other names or nicknames, date of birth and social security number.

2.

For each place you have lived for the past ten years, please provide the address, the length of time you lived at that location, whether the property was owned or rented by you and the names of the individuals residing at each location with you.

3.

State your educational background, including all schools, institutions, trade or professional schools attended, the dates of your attendance at each, and the degrees, certificates, diplomas, and/or licenses obtained at each.

4.

State your employment history for the past fifteen years, including a list of the names and addresses of your employers (including self-employment), job titles, description of job duties, names of direct supervisors, average number of hours you worked each month and your rate of pay.

5.

If you or any member of your immediate family has ever been a party to a lawsuit, including a claim for personal injury, or bankruptcy proceeding or filed a claim for workers' compensation or any other claim for injuries, please identify the persons involved, give the style and number of the case or claim, the nature of the litigation or claim, the role you had (plaintiff, defendant, etc.), and the court or administrative body before which the suit or claim was filed.

6.

If you have ever been arrested or convicted of any crime, please identify each crime, date of arrest and/or conviction, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge.

7.

State specifically and in reasonable detail how the incident which is the basis of your lawsuit in this matter happened, including how the incident occurred, the speed, direction and movements of the subject vehicle and the persons situated therein.

8.

With respect to the incident, provide the following:

(a) names, contact information and positions of each passenger in your vehicle;

(b) the environmental conditions at the time of the incident;

(c) the location from where you began your trip and the route you drove prior to the incident, including, but not limited to, any stops taken along the route, the duration of such stops and the speeds traveled on each portion of the ride.

9.

Were the police or any other law enforcement agency called to the scene of the motor vehicle accident described in your Complaint? If so, please identify the name of the responding law enforcement agency and provide a summary of your interactions with each agency. If not, please explain why you did not contact law enforcement.

10.

If you consumed any alcoholic beverages, medicines, and/or drugs (including, but not limited to, illegal drugs) within twenty-four (24) hours prior to the incident giving rise to this lawsuit, please identify: (a) the nature (name/type of beverage, medicine, or drug) and quantity thereof; (b) a description of the condition, if any, which required such consumption; (c) the time(s) and place(s) where such were consumed; (d) and, if applicable, the name, address, and phone number of any person(s) with you during the identified consumption.

11.

Give the name, address and telephone number of all persons that to you or your representatives' knowledge, information or belief:

(a) were eyewitness to the incident giving rise to this lawsuit, were present at the scene of the incident or immediately thereafter, or responded to the incident;

(b) investigated any aspect of the incident which is the subject of this litigation, any issue of liability in this lawsuit, or the damages you claim in connection with this lawsuit and, indicate whether or not each has made a written record of the investigation or any part thereof;

(c) has any relevant knowledge concerning the incident giving rise to this lawsuit, any issue of liability in this lawsuit, or the damages you claim in connection with this

lawsuit, including identifying specifically what subject matter the individual will be able to testify to.

## 12.

With regard to each statement (oral, written, recorded, etc.) taken from any person with knowledge of or related to this lawsuit, please state the name of each person, the name and address of the person or entity taking the statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

## 13.

State the substance of all conversations or other communications you had with any employee, agent or representative of Infinity, any other Defendant identified in the style of this case, or anyone other than your attorneys, regarding the incident giving rise to this lawsuit, and include the following:

(a)     With whom did the communication occur;

(b)     The nature of the communication (orally, in writing etc.); and

(c)     The date and substance of each communication.

## 14.

State in detail, to the best of your ability, all injuries you claim to have received as a result of the incident giving rise to this lawsuit and indicate what injuries you are, at present, suffering from and the manner and extent of any current suffering.

## 15.

State the names and addresses of all doctors, osteopaths, chiropractors, and other treatment providers who have treated you as a result of the incident that is the subject of this

litigation, give the date of your last visit to each and indicate whether each has issued a written report regarding his or her treatment.

16.

State the name and address of the your primary care physician and the names and addresses of all other medical providers who provided medical treatment to the you in the past ten years and describe the condition treated and types of treatment provided.

17.

Prior to this accident, had you suffered any injury or experienced any medical issue related to any part of your body which you contend was injured in this accident? If so, please state each part of the body for which you had a pre-existing injury or medical condition, describe the condition with reasonable particularity and identify all doctors or other medical providers that treated you for the pre-existing injury or medical condition.

18.

Please itemize all special damages you have allegedly incurred as a result of the incident giving rise to this lawsuit, including, but not limited to, medical expenses, hospital expenses, drug expenses, lost wages, loss of future income, and loss of future earning capacity.

19.

Are you claiming a loss of earning or lost wages as a result of the incident? If so, please state the name and address of your employer(s) as of the date of the incident, the name of your supervisor(s), the date(s) you was unable to work, the date you returned to work, your rate of pay immediately before the incident, and whether or not your employer(s) continued to pay his/her salary during any part of the time you was unable to work. Please also provide any and all facts and information that support your lost wage claim.

20.

With respect to any payments you have received as a result of the incident giving rise to this lawsuit, please state the amount and payee of each payment, the name and address of the person, insurance company, corporation, or other entity making each payment, and the nature of each payment made (i.e., P.I.P., workers' compensation, disability income, medical payments policy, U.S. or state government [specifically including Medicaid or Medicare], etc.).

21.

Identify every lien asserted against your right of recovery in this action, including, but not limited to Medicaid liens.

22.

Describe with reasonable particularity any evidence, documents, books or other tangible things related to your claim or any defenses raised, or that you contend support your claim that have not already been identified and give the name and address of the person(s) having possession, custody, or control of each thing.

23.

Please identify each expert expected to testify at trial and state the subject matter and what the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion.

25.

Are you aware of any pictures, photographs, diagrams, images, sketches, drawings, videotapes or other depictions of the Incident and the location of the Incident either before or at any time after the subject incident. If so, identify the custodian of each item, including their name, telephone number and address.

26.

Please state whether you have ever applied for Social Security Disability benefits? If so, provide the date(s) of the application and the outcome.

27.

Please state whether you are currently a Medicare beneficiary. If so, when did you begin receiving Medicare benefits and has Medicare paid any bills associated with this accident?

28.

Identify all social media outlets you utilized from July 1, 2021 through the present time, including but not limited to, Facebook, MySpace, Twitter, and any internet blogs, boards or chat rooms, as well as your screen or user name and associated email for each account identified.

29.

Please identify all witnesses you may call at the trial of this matter and provide a summary of the subject matter of their expected testimony.

30.

Identify all portions of the applicable insurance policy which you contend entitle you to recovery in an amount greater than $25,000.

31.

Identify all facts, witnesses and documents which support the statement that "Plaintiff had several telephone conversations and email correspondence with representatives of Defendant Infinity…where representatives advised Plaintiff that the policy limits of $25,000 each and medical payments of $500 each would be paid to Plaintiff prior to the statute of limitations" as alleged in Paragraph 116 of your Amended Complaint.

32.

Identify all facts, witnesses and documents which support the statement that Infinity "continued to tell Plaintiff that the other claim would be paid out after their investigation was completed" as alleged in Paragraph 118 of your Amended Complaint.

This 22nd day of June, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: */s/ Myrece R. Johnson*
_____
Myrece R. Johnson
Georgia Bar No. 940301
Lauren D. Woodrick
Georgia Bar No. 324394
*Attorney for Infinity Select Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404.874.8800
404.888.6199 [facsimile]
myrece.johnson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this day I served a copy of **INFINITY SELECT INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** upon all parties via the Court's electronic filing system and via email as follows:

India A. Johnson
PO Box 592
Mableton, GA  30126
Indiaj20@yahoo.com
Indiaj.dluxxam@gmail.com

Drew Timmons
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309
Drew.timmons@swiftcurrie.com
*Counsel for AmGUARD Insurance Company*

This 22nd day of June, 2023.

        **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                         */s/ Myrece R. Johnson*

By:    _____

                        Myrece R. Johnson
                        Georgia Bar No. 940301
                        Lauren D. Woodrick
                        Georgia Bar No. 324394
                        *Attorney for Infinity Select Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404.874.8800
404.888.6199 [facsimile]
myrece.johnson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com

4875-5618-3146, v. 1

11

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| INDIA JOHNSON, | )( | |
| | )( | |
|     **Plaintiff,** | )( | **CIVIL ACTION FILE NO.** |
| | )( | **23EV001627** |
| **v.** | )( | |
| | )( | |
| **JOHN DOE, ALI BORE,** | )( | |
| **BORE TRANSPORTATION, INC.,** | )( | |
| **ASHBIR BORE, BORE EXPRESS, INC.,** | )( | |
| **AMGUARD INSURANCE COMPANY, AND** | )( | |
| **INFINITY SELECT INSURANCE COMPANY,** | )( | |
| | )( | |
|     **Defendants.** | )( | |

**INFINITY SELECT INSURANCE COMPANY'S FIRST REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO PLAINTIFF**

COMES NOW INFINITY SELECT INSURANCE COMPANY, ("Infinity"), sued as purported uninsured motorist carrier, serves this, its First Requests for Production of Documents pursuant to O.C.G.A. § 9-11-34(a). Plaintiff is required to comply with said Code section by producing to Defendants' attorneys of record (at 1420 Peachtree Street, N.E., Suite 800, Atlanta, Georgia 30309) a copy each of the following documents within thirty-three (33) day after service of these Requests:

NOTE:  These Requests shall be deemed continuing and supplemental responses shall be required as set forth in O.C.G.A. § 9-11-26(e).

**INSTRUCTIONS**

1.    All Definitions and Instructions set forth in **Infinity's First Continuing Interrogatories to Plaintiff** are hereby incorporated by reference, herein.

2.    If any document is withheld under any claim of privilege, immunity, or qualified immunity, including, but not limited to, the attorney/client privilege or work product doctrine,

1

each such withheld document **_shall be identified within a privilege log_** by providing the following information: date, sender, recipients, recipients of copies, every person known to have seen or been told of the contents of such document, the subject matter of such document sufficient for identification, and the factual basis upon which such privilege, immunity, or qualified immunity is claimed.

3.      All documents produced pursuant to these Requests shall be produced in separate groups of documents responsive to each separate request, and, to the extent possible, in the form and order in which they were kept by you until produced.

4.      These Requests call for the production of all responsive documents in the possession, custody or control of Plaintiff, Plaintiff's representatives, attorneys, or anyone acting or purporting to act on Plaintiff's behalf without regard to where said documents are physically located or whether prepared by or for this Plaintiff.

## **<u>REQUESTS TO PRODUCE</u>**

1.

Copies of all documents evidencing any medical expenses, including medical bills and prescription receipts, incurred for injuries you claim were caused by the incident which is the subject of this litigation.

2.

All medical reports, hospital reports, office notes, statements, opinions, correspondence, or other written record prepared by or on behalf of any physician, osteopath, chiropractor or other practitioner of any healing art, who treated you with regard to the incident which gives rise to this lawsuit. This includes documents evidencing the nature, type and extent of injury alleged

to have been sustained as well as any documents reflecting medical treatment or testing at any time after the subject accident.

3.

All photographs or video images that were taken of any injuries sustained by you as a result of the incident.

4.

All photographs of video images that were taken of your vehicle or the other vehicle involved in the accident, taken either at the scene of the accident or any time thereafter.

5.

Any and all written communications, (electronic, hard copy or otherwise), between you and any person or entity at any time, other than your attorneys, regarding the incident or the claims and allegations raised in the Complaint. This includes, but is not limited to, communications with Infinity and the entities/individuals identified as defendants in this matter.

6.

All photographs, charts, drawings, diagrams, sketches, films, videotapes, or other images of the scene or the site of the incident, or anything related to the allegations in the Complaint, including but not limited to all materials identified in response to Interrogatory 25.

7.

The reports of any investigation of the incident, including but not limited to reports prepared by you, police or sheriff department reports, ambulance reports, incident reports from any other agency or supplemental reports related to or prepared as a result of the incident.

8.

All documents identifying the names, addresses and phone numbers of all witnesses to the incident or any other events alleged in the Complaint, including the injuries alleged to have been sustained by you.

9.

Any and all documents reflecting witness statements or accounts of the accident or any other events alleged in the Complaint, including the injuries alleged to have been sustained by you.

10.

All documents you contend support the allegations in your Complaint that either Defendant was negligent.

11.

All social media and internet message board commentary and postings in any way relating to the incident or any damages or injuries arising out of the incident.

12.

All documents referring to or reflecting any medical liens or other types of liens, including Medicare or Medicaid liens, resulting from the subject accident.

13.

All Medicare bills, correspondence, status reports, beneficiary card, award letters, or medical records received from or sent to the Centers for Medicare & Medicaid Services, the Coordinator of Benefits, or any Medicare third party administrator in connection with the injuries you allegedly sustained in the subject incident.

14.

If you are making a claim for lost wages (past or future), loss of earnings or loss of ability to earn, please produce all documents evidencing your income during the 10 years preceding the incident, including all tax returns.

15.

If you are making a claim for lost wages (past or future), loss of earnings or loss of ability to earn as a result of the incident, all documents or other materials which you contend support these claims.

16.

Each and every document which you contend supports the special damages you are seeking to recover in this action.

17.

All documents or other materials which in any way note or memorialize the conversations or communications identified in response to Interrogatory 13.

18.

All documents or other materials identified by you in response to Interrogatory No. 22.

19.

A copy of any Social Security Disability application and all communications between yourself or your agents and any entity regarding this application for or award of benefits.

20.

Please produce a copy of the curriculum vitae for all experts whom you expect to call to testify at the trial of this case.

21.

Please produce a copy of all reports, materials, correspondence or notes prepared or

reviewed by all experts whom you expect to call to testify at the trial of this case.

22.

All documentary evidence or other tangible evidence which relates to or is reasonably calculated to lead to the discovery of admissible evidence in support of your claims against Defendants.

23.

Any and all documents referred to, relied upon or identified in your responses to First Interrogatories.

24.

All documents and other materials which support your contention that you are entitled to recover an additional $25,000 in uninsured motorist benefits from Infinity.

25.

All documents and other materials which support your contention that you are entitled to recover medical payments benefits from Infinity.

26.

All documents identified in response to Interrogatories 31 and 32.

27.

All documents, correspondence or tangible things not previously produced in response to Request for Production Number 1 through 26, which are in are in your possession, custody or control and which pertain to case, the allegations made in the Complaint or your claims for coverage under the Infinity policy.

This 22nd day of June, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: */s/ Myrece R. Johnson*
    ————————————————————

Myrece R. Johnson
Georgia Bar No. 940301
Lauren D. Woodrick
Georgia Bar No. 324394
*Attorney for Infinity Select Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404.874.8800
404.888.6199 [facsimile]
myrece.johnson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this day I served a copy of **INFINITY SELECT INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** upon all parties via the Court's electronic filing system and via email as follows:

India A. Johnson
PO Box 592
Mableton, GA  30126
Indiaj20@yahoo.com
Indiaj.dluxxam@gmail.com

Drew Timmons
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309
Drew.timmons@swiftcurrie.com
*Counsel for AmGUARD Insurance Company*

This 22nd day of June, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: ___*/s/ Myrece R. Johnson*___
Myrece R. Johnson
Georgia Bar No. 940301
Lauren D. Woodrick
Georgia Bar No. 324394
*Attorney for Infinity Select Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404.874.8800
404.888.6199 [facsimile]
myrece.johnson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com

4869-8038-4106, v. 1

8

State Court of Fulton County
**E-FILED**
23EV001627
6/22/2023 1:22 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| INDIA JOHNSON, | )( | |
| | )( | |
| **Plaintiff,** | )( | **CIVIL ACTION FILE NO.** |
| | )( | **23EV001627** |
| **v.** | )( | |
| | )( | |
| JOHN DOE, ALI BORE, | )( | |
| BORE TRANSPORTATION, INC., | )( | |
| ASHBIR BORE, BORE EXPRESS, INC., | )( | |
| AMGUARD INSURANCE COMPANY, AND | )( | |
| INFINITY SELECT INSURANCE COMPANY, | )( | |
| | )( | |
| **Defendants.** | )( | |

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

Pursuant to Rule 5.2 of the Georgia Uniform Superior Court Rules, this is to certify that I have served true and correct copies of the following:

➢ **INFINITY SELECT INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

➢ **INFINITY SELECT INSURANCE COMPANY'S FIRST INTERROGATORIES TO PLAINTIFF**

upon all parties to this matter, by transmitting a true and correct copy in portable document format (PDF) to the following counsel of record via email transmission and/or electronic transmission via the Court's electronic filing system Odyssey to:

India A. Johnson
PO Box 592
Mableton, GA  30126
Indiaj20@yahoo.com
Indiaj.dluxxam@gmail.com

Drew Timmons
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309
Drew.timmons@swiftcurrie.com
*Counsel for AmGUARD Insurance Company*

1

This 22nd day of June, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Myrece R. Johnson*

By: _____

Myrece R. Johnson
Georgia Bar No. 940301
Lauren D. Woodrick
Georgia Bar No. 324394
*Attorney for Infinity Select Insurance
Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404.874.8800
404.888.6199 [facsimile]
myrece.johnson@swiftcurrie.com
lauren.woodrick@swiftcurrie.com

State Court of Fulton County
\*\*E-FILED\*\*
23EV001627
7/3/2023 4:37 PM
Donald Talley, Clerk
Civil Division

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

AMENDED    **SUMMONS**

|  |  |
|---|---|
| _____ | ) **Case** |
|  | ) **No.:**_____ |
| _____ | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **vs.** | ) |
|  | ) |
| _____ | ) |
|  | ) |
| _____ | ) |
| **Defendant** | ) |
| 466 MELLVIEW AVE SW | ) |
| ATLNATA GA, 30310 | ) |
|  | ) |
|  | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____day of_____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you    _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

State Court of Fulton County
**E-FILED**
23EV001627
7/3/2023 4:37 PM
Donald Talley, Clerk
Civil Division

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**
AMENDED   **SUMMONS**

| | ) **Case** |
| _____ | ) **No.:**_____ |
| | ) |
| _____ | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| _____ | ) |
| | ) |
| _____ | ) |
| **Defendant** | ) |
| 466 MELLVIEW AVE SW | ) |
| ATLNATA GA, 30310 | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____day of_____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you  _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

State Court of Fulton County
**E-FILED**
23EV001627
7/3/2023 4:37 PM
Donald Talley, Clerk
Civil Division

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

AMENDED   **SUMMONS**

| | |
|---|---|
| _____ | ) **Case** |
| | ) **No.:**_____ |
| _____ | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| _____ | ) |
| | ) |
| _____ | ) |
| **Defendant** | ) |
| 466 MELLVIEW AVE SW | ) |
| ATLNATA GA, 30310 | ) |
| | ) |
| | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____day of_____, 20 _____

                                        Honorable Cathelene "Tina" Robinson
                                        Clerk of Superior Court
                                        By_____
                                             Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you   _____, 20_____

                                        Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

State Court of Fulton County
**E-FILED**
23EV001627
7/3/2023 4:09 PM
Donald Talley, Clerk
Civil Division

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**
AMENDED   **SUMMONS**

|  |  |
|---|---|
| _____ | ) Case |
|  | ) No.:_____ |
|  | ) |
| _____ | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **vs.** | ) |
| Amguard Insurance Company c/o CT Corporation System | ) |
| _____ | ) |
|  | ) |
| 289 S. Culver St., Lawrenceville, GA 30046 | ) |
| _____ | ) |
| **Defendant** | ) |
|  | ) |
|  | ) |
|  | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____day of_____, 20 _____

                                        Honorable Cathelene "Tina" Robinson
                                        Clerk of Superior Court
                                        By_____
                                              Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you   _____, 20_____

                                        Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

State Court of Fulton County
**E-FILED**
23EV001627
7/23/2023 2:40 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

INDIA JOHNSON,                          )
    Plaintiff,                           )
                       )         CIVIL ACTION FILE
v.                                      )
                       )         NO. 23 EV 001627
AMGUARD INSURANCE COMPANY, et al.)
    Defendants

## ORDER

The above styled action came regularly before the Court on Defendant AMGUARD Insurance Company's *Motion To Set Aside Default Judgment and Open Default*. After considering the applicable record, the Court hereby issues the following Order:

In moving to set aside a default judgment entered in this action on May 25, 2023, Defendant AMGUARD contends that it was improperly served. According to the affidavit of service, process server Steven Barney contends that he served AMGUARD through Kenneth Goggins of "A+ Agents of Process," on March 27, 2023. Defendant AMGUARD contends that its agent for process is not Kenneth Goggins or A+, but is CT Corporation. See Affidavit of Shayne McGrady. This contention also comports with the records maintained by the Georgia Secretary of State. See <u>Orkin Exterminating v. Gilland</u>, 130 Ga. App. 788 (1974)(Judicial notice may be taken of corporate records maintained by the Secretary of State.). Plaintiff did not respond to the motion.

As it appears without dispute that Defendant AMGUARD has not been properly served, the default judgment entered May 25, 2023, is hereby VACATED.

**SO ORDERED** this the 23rd DAY of JULY 2023

_____s/John Mather_____
The Honorable John R. Mather
Judge State Court of Fulton County

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

INDIA JOHNSON,                              )
                                            )
    Plaintiff,                          )
                                            )
                                            )  CIVIL ACTION FILE NO.:
v.                                          )
                                            )  ___**23EV001627**_____
JOHN DOE, ALI BORE,                         )
BORE TRANSPORT, INC.,                       )
ABSHIR BORE, BORE EXPRESS, INC. and         )
AMGUARD INSURANCE COMPANY                   )
                                            )
    Defendants.                         )

## PLAINTIFF'S RESPONSES TO INFINITY SELECT INSURANCE COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Plaintiff and responds to Infinity Select Insurance Company's First Request for Production of Documents as follows:

1.

Copies of all documents evidencing any medical expenses, including medical bills and prescription receipts, incurred for injuries you claim were caused by the incident which is the subject of this litigation.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

2.

All medical reports, hospital reports, office notes, statements, opinions, correspondence, or other written record prepared by or on behalf of any physician, osteopath, chiropractor or other practitioner of any healing art, who treated you with regard to the incident which gives rise to this lawsuit. This includes documents evidencing the nature, type and extent of injury alleged to have been sustained as well as any documents reflecting medical treatment or testing at any time after the subject accident.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

3.

All photographs or video images that were taken of any injuries sustained by you as a result of the incident.

**Response:  Plaintiff has no responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

4.

All photographs of video images that were taken of your vehicle or the other vehicle involved in the accident, taken either at the scene of the accident or any time thereafter.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

5.

Any and all written communications, (electronic, hard copy or otherwise), between you and any person or entity at any time, other than your attorneys, regarding the incident or the claims and allegations raised in the Complaint. This includes, but is not limited to, communications with Infinity and the entities/individuals identified as defendants in this matter.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

6.

All photographs, charts, drawings, diagrams, sketches, films, videotapes, or other images of the scene or the site of the incident, or anything related to the allegations in the Complaint, including but not limited to all materials identified in response to Interrogatory 25.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

7.

The reports of any investigation of the incident, including but not limited to reports prepared by you, police or sheriff department reports, ambulance reports, incident reports from any other agency or supplemental reports related to or prepared as a result of the incident.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

8.

All documents identifying the names, addresses and phone numbers of all witnesses to the incident or any other events alleged in the Complaint, including the injuries alleged to have been sustained by you.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

9.

Any and all documents reflecting witness statements or accounts of the accident, or any other events alleged in the Complaint, including the injuries alleged to have been sustained by you.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

10.

All documents you contend support the allegations in your Complaint that either Defendant was negligent.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

11.

All social media and internet message board commentary and postings in any way relating to the incident or any damages or injuries arising out of the incident.

**Response:  Plaintiff objects to this Request to the extent it is irrelevant and not calculated to lead to the discovery of admissible evidence. Plaintiff reserves the right to amend and/or supplement this response.**

12.

All documents referring to or reflecting any medical liens or other types of liens, including Medicare or Medicaid liens, resulting from the subject accident.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

13.

All Medicare bills, correspondence, status reports, beneficiary card, award letters, or medical records received from or sent to the Centers for Medicare & Medicaid Services, the Coordinator of Benefits, or any Medicare third party administrator in connection with the injuries you allegedly sustained in the subject incident.

**Response:  Plaintiff has no responsive documents in her possession.**

14.

If you are making a claim for lost wages (past or future), loss of earnings or loss of ability to earn, please produce all documents evidencing your income during the 10 years preceding the incident, including all tax returns.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

15.

If you are making a claim for lost wages (past or future), loss of earnings or loss of ability to earn as a result of the incident, all documents or other materials which you contend support these claims.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff**

**reserves the right to amend and/or supplement this response.**

16.

Each and every document which you contend supports the special damages you are seeking to recover in this action.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

17.

All documents or other materials which in any way note or memorialize the conversations or communications identified in response to Interrogatory 13.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

18.

All documents or other materials identified by you in response to Interrogatory No. 22.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

19.

A copy of any Social Security Disability application and all communications between yourself or your agents and any entity regarding this application for or award of benefits.

**Response:  Plaintiff has no responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

20.

Please produce a copy of the curriculum vitae for all experts whom you expect to call to testify at trial of this case.

**Response:  Plaintiff has not decided which experts, if any, she expects to testify at trial. Plaintiff will identify any experts in accordance with the Civil Practice Act and will**

**supplement and amend this response accordingly.**

21.

Please produce a copy of all reports, materials, correspondence or notes prepared or reviewed by all experts whom you expect to call to testify at the trial of this case.

**Response:  Plaintiff has not decided which experts, if any, she expects to testify at trial. Plaintiff will identify any experts in accordance with the Civil Practice Act and will supplement and amend this response accordingly.**

22.

All documentary evidence or other tangible evidence which relates to or is reasonably calculated to lead to the discovery of admissible evidence in support of your claims against Defendants.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

23.

Any and all documents referred to, relied upon or identified in your responses to First Interrogatories.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

24.

All documents and other materials which support your contention that you are entitled to recover an additional $25,000 in uninsured motorist benefits from Infinity.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

25.

All documents and other materials which support your contention that you are entitled to

recover medical payments benefits from Infinity.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

26.

All documents identified in response to Interrogatories 31 and 32.

**Response:  Plaintiff will supplement this request.**

27.

All documents, correspondence or tangible things not previously produced in response to Request for Production Number 1 through 26, which are in your possession, custody or control and which pertain to case, the allegations made in the Complaint or your claims for coverage under the Infinity policy.

**Response:  Plaintiff has enclosed all responsive documents in her possession. Plaintiff reserves the right to amend and/or supplement this response.**

This  __24th__  day of July, 2023.

_**India A. Johnson**_
Pro se Plaintiff

PO Box 592
Mableton, GA 30126
(770) 256-3851

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

INDIA JOHNSON,                              )
                                           )
     Plaintiff,                           )
                                           )
                                           )   CIVIL ACTION FILE NO.:
v.                                         )
                                           )   ___**23EV001627**___
JOHN DOE, ALI BORE,                        )
BORE TRANSPORT, INC.,                      )
ABSHIR BORE, BORE EXPRESS, INC. and        )
AMGUARD INSURANCE COMPANY                   )
                                           )
     Defendants.                          )

## <u>PLAINTIFF'S RESPONSES TO INFINITY SELECT INSURANCE COMPANY'S FIRST INTERROGATORIES</u>

COMES NOW Plaintiff and responds to Infinity Select Insurance Company's First Interrogatories as follows:

1.

State your full name, any other names or nicknames, date of birth and social security number.

**Response:  India Ashley Johnson; 2/13/1985; Plaintiff will provide her social security number off the record.**

2.

For each place you have lived for the past ten years, please provide the address, the length of time you lived at that location, whether the property was owned or rented by you and the names of the individuals residing at each location with you.

**Response:  a) 2400 Lawrenceville Hwy., Decatur, GA 30033, rented, approximately 4 months, Nadia Clemmons, Kloe Clemmons, Autumn Johnson and Elijah Johnson; b) 6587 Factory Shoals Rd., Mableton, GA 30126, rented, approximately 2 ½ years, Nadia Clemmons, Kloe Clemmons, Autumn Johnson and Elijah Johnson; c) 1223 Brookstone Rd., Atlanta, GA**

**30316, rented, approximately 2 years, Nadia Clemmons, Kloe Clemmons, Autumn Johnson and Elijah Johnson; d) 1150 Rankin St., Stone Mountain, GA 30083, rented, approximately 2 years, Nadia Clemmons, Kloe Clemmons, Autumn Johnson and Elijah Johnson; e) unknown address on Gresham Rd., Decatur, GA 30032, rented, approximately 2 years, Nadia Clemmons, Kloe Clemmons, Autumn Johnson and Elijah Johnson; 2002 McAfee Rd., Decatur, GA 30032, rented, approximately 3 years, Nadia Clemmons, Kloe Clemmons, Autumn Johnson and Elijah Johnson. Plaintiff reserves the right to amend and/or supplement this response.**

3.

State your educational background, including all schools, institutions, trade or professional schools attended, the dates of your attendance at each, and the degrees, certificates, diplomas, and/or licenses obtained at each.

**Response:  a) Gwinnett College, 2015-2018, Associates in Paralegal Studies; b) Empire Beauty School, 2012. Plaintiff reserves the right to amend and/or supplement this response.**

4.

State your employment history for the past fifteen years, including a list of the names and addresses of your employers (including self-employment), job titles, description of job duties, names of direct supervisors, average number of hours you worked each month and your rate of pay.

**Response:  a) self-employed paralegal, work from home, pre-litigation and litigation work for attorneys, hours vary monthly, pay varies monthly; b) paralegal for Jensen Law, 6111 Peachtree Dunwoody Rd., Atlanta, GA, litigation paralegal work, Eric Jensen, 40 hours, approximately $50,000; c) Dluxx Asset Management, owner, work from home, pre and post-judgment debt collections, hours vary monthly, pay varies monthly; d) Uber-Eats, delivery driver, hours vary monthly, pay varies monthly; e) Lyft, driver, hours vary monthly, pay varies monthly; collections manager for Asset Management Professionals, Woodstock, GA,**

**Mike Rosenthal, 40 hours, $17.50 + bonus and commission; f) self-employed hair stylist, work from home, hours vary, pay varies monthly; g) self-employed landscaper and auto detailer, work in the field, hours vary, pay varies monthly. Plaintiff reserves the right to amend and/or supplement this response.**

5.

If you or any member of your immediate family has ever been a party to a lawsuit, including a claim for personal injury, or bankruptcy proceeding or filed a claim for workers' compensation or any other claim for injuries, please identify the persons involved, give the style and number of the case or claim, the nature of the litigation or claim, the role you had (plaintiff, defendant, etc.), and the court or administrative body before which the suit or claim was filed.

**Response:  a) Plaintiff was the Plaintiff in a personal injury lawsuit in Clayton County State Court, case #2021CV02379; b) Plaintiff was the Plaintiff in a personal injury lawsuit in Franklin County Magistrates Court, case #20-221CS; c) Plaintiff filed Ch. 7 Bankruptcy in Cobb County State Court, case #23-51393-jwc. Plaintiff reserves the right to amend and/or supplement this response.**

6.

If you have ever been arrested or convicted of any crime, please identify each crime, date of arrest and/or conviction, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge.

**Response:  a) Plaintiff was arrested in January 2021 for domestic violence in Clayton County Georgia, the case is pending in Clayton County State Court; b) Plaintiff was arrested in November 2010 for assault and battery in Gwinnett County Georgia, Plaintiff was found not guilty in Gwinnett County State Court; c) Plaintiff was arrested for charges relating to a cosigned vehicle in November 2010, the case was dismissed in Gwinnett County Georgia; d) Plaintiff was arrested in January 2010 for domestic violence, the case was dismissed in**

**Gwinnett County Georgia. Plaintiff reserves the right to amend and/or supplement this response.**

7.

State specifically and in reasonable detail how the incident which is the basis of your lawsuit in this matter happened, including how the incident occurred, the speed, direction and movements of the subject vehicle and the persons situated therein.

**Response: Plaintiff was driving in heavy traffic on I-285 East in the second lane from the left near exit 25 Roswell Road, Atlanta, Georgia in her 2015 Nissan Pathfinder. Defendant John Doe was driving a tractor trailer directly in front of Plaintiff. Defendant John Doe began rolling backwards and struck the front of Plaintiff's vehicle. Plaintiff honked her horn to get Defendant John Doe's attention, but he continued to drive forward for a few minutes. Defendant John Doe began rolling backwards a second time and struck Plaintiff's vehicle even harder due to the greater distance between Plaintiff and Defendant John Doe at that time. Plaintiff got out of her vehicle and knocked on Defendant John Doe's vehicle. Defendant John Doe got out of his vehicle and explained that he would fix the damage and refused to give insurance information. Plaintiff called the police and Defendant John Doe left the scene. Plaintiff followed Defendant John Doe for several miles, but police dispatch advised Plaintiff to pull over and wait for the responding officer. Plaintiff reserves the right to amend and/or supplement this response.**

8.

With respect to the incident, provide the following:

a) names, contact information and positions of each passenger in your vehicle;

b) the environmental conditions at the time of the incident;

c) the location from where you began your trip and the route you drove prior to the incident, including, but not limited to, any stops taken along the route, the duration of such stops and

the speeds traveled on each portion of the ride.

**Response:  a) Plaintiff was traveling alone; b) drizzling rain; and c) Plaintiff traveled from Plaintiff's home at 6587 Factory Shoals Rd., Mableton, GA 30126 down Factory Shoals Rd. to Riverside Drive to I-20 East to I-285 North to I-285 East. Plaintiff reserves the right to amend and/or supplement this response.**

9.

Were the police or any other law enforcement agency called to the scene of the motor vehicle accident described in your Complaint? If so, please identify the name of the responding law enforcement agency and provide a summary of your interactions with each agency. If not, please explain why you did not contact law enforcement.

**Response:  Plaintiff called the police and Sandy Springs Police Department responded and met Plaintiff at a gas station on Roswell Rd. Plaintiff explained the accident to the responding officer and showed him the video she took of Defendant John Doe. Plaintiff was given a case number. Plaintiff reserves the right to amend and/or supplement this response.**

10.

If you consumed any alcoholic beverages, medicines, and/or drugs (including, but not limited to, illegal drugs) within twenty-four (24) hours prior to the incident giving rise to this lawsuit, please identify: (a) the nature (name/type of beverage, medicine, or drug) and quantity thereof; (b) a description of the condition, if any, which required such consumption; (c) the time(s) and place(s) where such were consumed; (d) and, if applicable, the name, address, and phone number of any person(s) with you during the identified consumption.

**Response:  Plaintiff did not consume any alcohol or medicine within 24 hours before this accident. Plaintiff does not do drugs.**

11.

Give the name, address and telephone number of all persons that to you or your

representative's knowledge, information or belief:

    (a) were eyewitness to the incident giving rise to this lawsuit, were present at the scene of the incident or immediately thereafter, or responded to the incident;

    (b) investigated any aspect of the incident which is the subject of this litigation, any issue of liability in this lawsuit, or the damages you claim in connection with this lawsuit and, indicate whether or not each has made a written record of the investigation or any part thereof;

    (c) has any relevant knowledge concerning the incident giving rise to this lawsuit, any issue of liability in this lawsuit, or the damages you claim in connection with this lawsuit, including identifying specifically what subject matter the individual will be able to testify to.

**Response:  a) Defendant John Doe; Plaintiff, 2400 Lawrenceville Hwy, Decatur, GA 30033, (770) 256-3851; Officer D.R. Brigman of the Sandy Springs Police Department; b) Officer D.R. Brigman of the Sandy Springs Police Department made a police report; appraiser Elizabeth Girdner from Infinity Insurance Company, PO Box 830807, Birmingham, AL 35282, (678) 372-9341; c) Defendant John Doe, accident details; Plaintiff, accident details, injury and damages, 2400 Lawrenceville Hwy, Decatur, GA 30033, (770) 256-3851; Officer D.R. Brigman of the Sandy Springs Police Department, vehicle damage details; appraiser Elizabeth Girdner from Infinity Insurance Company, damage details, PO Box 830807, Birmingham, AL 35282, (678) 372-9341; Ben Edwards, MD, Jack Considine, MD, Dr. Francis Acquah, Clinton Seals, DC, Jose Marti, PA, Ashley Roman Ramos, DC, Norman Bashir, PA, and Tuyet Thy Dang, DC from AICA Orthopedics at 530 Thornton Rd., Lithia Springs, GA 30122, (678) 236-0600, Plaintiff's injuries; Dr. Alysha Wilkinson from Chiro-Time Clinics at PO Box 1490, Lithia Springs, GA 30122, (404) 629-9999, Plaintiff's injuries; Elena James, MD from Emory Hospital at 550 Peachtree St. NE, Atlanta, GA 30308, (404)**

**712-2000, Plaintiff's injuries; Tamara Greene, MD from Hope Neurology at 2021 N. Druid Hills Rd. NE #102, Atlanta, GA 30329, (404) 631-6156, Plaintiff's injuries; Dr. Francis Acquah from Summit Surgery Center of Buckhead at PO Box 675904, Marietta, GA 30006, (678) 701-2225, Plaintiff's injuries; unknown physician from Precision Injury Care at 2300 Camp Creek Pkwy. Ste 200, Atlanta, GA 30337, (678) 666-4088, Plaintiff's injuries. Plaintiff reserves the right to amend and/or supplement this response.**

12.

With regard to each statement (oral, written, recorded, etc.) taken from any person with knowledge of or related to this lawsuit, please state the name of each person, the name and address of the person or entity taking the statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

**Response:  Statement taken by Officer D.R. Brigman of the Sandy Springs Police Department on 3/25/2021 and in the possession of Plaintiff. Plaintiff reserves the right to amend and/or supplement this response.**

13.

State the substance of all conversations or other communications you had with any employee, agent or representative of Infinity, any other Defendant identified in the style of this case, or anyone other than your attorneys, regarding the incident giving rise to this lawsuit, and include the following:

(a) with whom did the communication occur;

(b) the nature of the communication (orally, in writing etc.); and

(c) The date and substance of each communication.

**Response:  Plaintiff objects to this request on the grounds that it is overly broad and unduly burdensome. Plaintiff reserves the right to amend and/or supplement this response.**

14.

State in detail, to the best of your ability, all injuries you claim to have received as a result of the incident giving rise to this lawsuit and indicate what injuries you are, at present, suffering from and the manner and extent of any current suffering.

**Response:  Plaintiff injured her neck, head and back. Further responding, please refer to Plaintiff's enclosed medical records for a more detailed description of her injuries. Plaintiff reserves the right to amend and/or supplement this response.**

15.

State the names and addresses of all doctors, osteopaths, chiropractors, and other treatment providers who have treated you as a result of the incident that is the subject of this litigation, give the date of your last visit to each and indicate whether each has issued a written report regarding his or her treatment.

**Response:  See Plaintiff's responses to Interrogatory 11 (c). Further responding, please refer to Plaintiff's enclosed medical records. Plaintiff reserves the right to amend and/or supplement this response.**

16.

State the name and address of your primary care physician and the names and addresses of all other medical providers who provided medical treatment to you in the past ten years and describe the condition treated and types of treatment provided.

**Response:  Plaintiff does not have a primary care physician at this time. See Plaintiff's responses to Interrogatory 11 (c) for treating physicians for this accident; Plaintiff does not recall her medical treatment for the last 10 years. Plaintiff reserves the right to amend and/or supplement this response.**

17.

Prior to this accident, had you suffered any injury or experienced any medical issue related to any part of your body which you contend was injured in the accident? If so, please state each

part of the body for which you had a pre-existing injury or medical condition, describe the condition with reasonable particularity and identify all doctors or other medical providers that treated you for the pre-existing injury or medical condition.

**Response:  Plaintiff does not recall her injuries prior to this accident, but Plaintiff did suffer injuries in the past. Plaintiff reserves the right to amend and/or supplement this response.**

18.

Please itemize all special damages you have allegedly incurred as a result of the incident giving rise to this lawsuit, including, but not limited to, medical expenses, hospital expenses, drug expenses, lost wages, loss of future income, and loss of future earning capacity.

**Response:**

| | |
|---|---|
| AICA Orthopedics | $ 15,374.50 |
| Emory Hospital | $ 4,364.28 |
| Summit Surgery Center | $ 5,908.40 |
| Emory ER Physicians | $ 390.00 |
| Emory Radiology | $ 343.00 |
| Chiro-Time Clinics | $ 11,975.00 |
| Precision Injury Care | $ 10,672.00 |
| Hope Neurology | $ 1,800.00 |
| Jeju Wellness | $ 1,280.00+ |
| Lost Wages | TBD |
| Mileage | TBD |
| **TOTAL SPECIALS** | **$ 52,107.18+** |

**Plaintiff reserves the right to amend and/or supplement this response.**

19.

Are you claiming a loss of earning or lost wages as a result of the incident? If so, please state the name and address of your employer(s) as of the date of the incident, the name of your supervisor(s), the date(s) you were unable to work, the date you returned to work, your rate of pay immediately before the incident, and whether or not your employer(s) continued to pay his/her salary during any part of the time you were unable to work. Please also provide any and all facts and information that support your lost wage claim.

**Response:  Yes; Jensen Law, 6111 Peachtree Rd., Atlanta, GA; Eric Jensen; Plaintiff missed a few days after the accident; Plaintiff eventually had to stop working for this employer due to her injuries from the accident in August 2021; Plaintiff made approximately $50,000 annually prior to this accident. Plaintiff reserves the right to amend and/or supplement this response.**

20.

With respect to any payments you have received as a result of the incident giving rise to this lawsuit, please state the amount and payee of each payment, the name and address of the person, insurance company corporation, or other entity making each payment, and the nature of each payment made (i.e., P.I.P., workers' compensation, disability income, medical payments policy, U.S. or state government [specifically including Medicaid or Medicare], etc.).

**Response:   Plaintiff received a UM/UIM check for $25,000 from Infinity Select Insurance Company. Plaintiff reserves the right to amend and/or supplement this response.**

21.

Identify every lien asserted against your right of recovery in this action, including, but not limited to Medicaid liens.

**Response:  a) lien from Oasis Legal Funding; b) lien from Summit Surgery Center; c) lien from AICA Orthopedics; d) lien from Chiro-Time Clinics; e) lien from Precision Injury Care; and f) lien from Hope Neurology. Plaintiff reserves the right to amend and/or**

**supplement this response.**

22.

Describe with reasonable particularity any evidence, documents, books or other tangible things related to your claim or any defenses raised, or that you contend support your claim that have not already been identified and give the name and address of the person(s) having possession, custody, or control of each thing.

**Response:   Plaintiff objects to this Interrogatory to the extent it is vague and overbroad.  Plaintiff reserves the right to amend and/or supplement this response.**

23.

Please identify each expert expected to testify at trial and state the subject matter and what the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion.

**Response:  Plaintiff has not decided which experts, if any, she expects to testify at trial. Plaintiff will identify any experts in accordance with the Civil Practice Act and will supplement and amend this response accordingly.**

24.

**Response:  Interrogatory #24 is missing from the request.**

25.

Are you aware of any pictures, photographs, diagrams, images, sketches, drawings, videotapes or other depictions of the incident and the location of the incident either before or at any time after the subject incident? If so, identify the custodian of each item, including their name, telephone number and address.

**Response:  a) photo of the side of Defendant John Doe's vehicle taken after the accident in Plaintiff's possession; b) video of Defendant John Doe and the vin number of his vehicle taken after the accident in Plaintiff's possession. Plaintiff reserves the right to amend and/or**

**supplement this response.**

26.

Please state whether you have ever applied for Social Security Disability benefits? If so, provide the date(s) of the application and the outcome.

**Response:  No.**

27.

Please state whether you are currently a Medicare beneficiary. If so, when did you begin receiving Medicare benefits and has Medicare paid any bills associated with this accident?

**Response:  No.**

28.

Identify all social media outlets you utilized from July 1, 2021 through the present time, including but not limited to, Facebook, MySpace, Twitter, and any internet blogs, boards or chat rooms, as well as your screen or user name associated email for each account identified.

**Response:  Plaintiff objects to this Interrogatory to the extent it is irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and without waving that objection Plaintiff has a Facebook and Instagram account. Plaintiff reserves the right to amend and/or supplement this response.**

29.

Please identify all witnesses you may call at the trial of this matter and provide a summary of the subject matter of their expected testimony.

**Response:  Plaintiff has not decided which witnesses , if any, she expects to testify at trial.  Plaintiff will identify any witness in accordance with the Civil Practice Act and will supplement and amend this response accordingly.**

30.

Identify all portions of the applicable insurance policy which you contend entitle you to

recovery in an amount greater than $25,000.

**Response:   The UM/UIM coverage limits of $25,000 per collision. Plaintiff was involved in two separate collisions. Plaintiff reserves the right to amend and/or supplement this response.**

31.

Identify all facts, witnesses and documents which support the statement that "Plaintiff had several telephone conversations and email correspondence with representatives of Defendant Infinity…where representatives advised Plaintiff that the policy limits of $25,000 each and medical payments of $500 each would be paid to Plaintiff prior to the statute of limitations" as alleged in Paragraph 116 of your Amended Complaint.

**Response:  Plaintiff will supplement this response.**

32.

Identify all facts, witnesses and documents which support the statement that Infinity "continued to tell Plaintiff that the other claim would be paid out after their investigation was completed" as alleged in Paragraph 118 of your Amended Complaint.

**Response:  Plaintiff will supplement this response.**

This  _24th_  day of July, 2023.

_*India A. Johnson*_
Pro se Plaintiff

PO Box 592
Mableton, GA 30126
(770) 256-3851

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| INDIA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO.: |
| v. | ) |
| | ) __**23EV001627**_____ |
| JOHN DOE, ALI BORE, | ) |
| BORE TRANSPORT, INC., | ) |
| ABSHIR BORE, BORE EXPRESS, INC. and | ) |
| AMGUARD INSURANCE COMPANY | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S CERTIFICATE REGARDING SERVICE OF DISCOVERY RESPONSES TO INFINITY SELECT INSURANCE COMPANY

Pursuant to Uniform Superior Court Rule 5.2, Plaintiff certifies that she served on this day the following discovery responses:

1)      Plaintiff's Responses to Infinity Select Insurance Company's First Interrogatories; and

2)      Plaintiff's Responses to Infinity Select Insurance Company's First Request for Production of Documents.

This the_24ᵗʰ_ day of July, 2023.

*India A. Johnson*
_____

India A. Johnson
*Pro se litigant*

PO Box 592
Mableton, GA 30126
Telephone: (770) 256-3851
Indiaj.dluxxam@gmail.com

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have on this day served a copy of the foregoing Certificate Regarding

Service of Discovery Responses to Infinity Select Insurance Company upon all parties via the

Court's electronic filing system and via email, to the following:

>Myrece R. Johnson, Esq.
>Swift, Currie, McGhee & Hiers, LLP
>1420 Peachtree St., NE.
>Suite 800
>Atlanta, GA 30309
>Myrece.johnson@swiftcurrie.com
>*Attorney for Infinity Select Insurance Company*
>
>Drew Timmons, Esq.
>Swift, Currie, McGhee & Hiers, LLP
>1420 Peachtree St., NE.
>Suite 800
>Atlanta, GA 30309
>Drew.timmons@swiftcurrie.com
>*Attorney for Amguard Insurance Company*

This the  24th  day of July, 2023.

*India A. Johnson*
_____

5284 Floyd Rd. #592               India A. Johnson
Mableton, GA 30126                *Pro se litigant*
Telephone: (770) 256-3851
Indiaj.dluxxam@gmail.com

State Court of Fulton County
**E-FILED**
23EV001627
8/8/2023 10:35 AM
Donald Talley, Clerk
Civil Division

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____ 23EV001627 _____

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed _____ 3/17/2023 _____

Georgia, _Fulton_ _____ COUNTY

Attorney's Address

_Pro se Plaintiff India Johnson_

_PO Box 592_

_Mableton, GA 30126_

India Johnson

_____ Plaintiff

VS.

Name and Address of Party to Served

_Amguard Insurance Company_

_c/o CT Corporation System_

_289 S. Culver St., Lawrenceville, GA 30046_

John Doe, Ali Bore, Bore Transport, Inc.,
Abshir Bore, Bore Express Inc.,
Amguard Insurance Company, and Defendant
Infinity Select Insurance Company

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _____
of the within action and summons. _____ personally with a copy

**NOTORIOUS**

I have this day served the defendant _____
copy of the action and summons at his most notorious place abode in this County. _____ by leaving a

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

Served the defendant Amguard Insurance Company _____ a corporation
by leaving a copy of the within action and summons with Jane Richardson _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 14 day of July , 20 23.

_____ W. Coberly 501332

DEPUTY

PLAINTIFF'S COPY

23022287

SHERIFF'S ENTRY OF SERVICE

Civil Action No. ___23EV001627___

Superior Court ☐    Magistrate Court ☐
State Court ☒    Probate Court ☐
Juvenile Court ☐

Date Filed ___3/17/2023___

Georgia, __Fulton__ COUNTY

India Johnson

Attorney's Address

Pro se Plaintiff India Johnson

PO Box 592

Mableton, GA 30126

Plaintiff

VS.

Name and Address of Party to Served

Amguard Insurance Company

c/o CT Corporation System

289 S. Culver St., Lawrenceville, GA 30046

John Doe, Ali Bore, Bore Transport, Inc.,

Abshir Bore, Bore Express Inc.,
Amguard Insurance Company, and Defendant
Infinity Select Insurance Company

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____
of the within action and summons. _____ personally with a copy

**NOTORIOUS**
I have this day served the defendant _____
☐ copy of the action and summons at his most notorious place abode in this County. _____ by leaving a

Delivered same into hands of _____ described as follows:
☐ age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant ___Amguard Insurance Company_____ a corporation
☒ by leaving a copy of the within action and summons with ___Jane Richardson_____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court. _____

This __14__ day of ___July___, 20_23_.

W. Cuberly 501332

DEPUTY

**PLAINTIFF'S COPY**

State Court of Fulton County
**E-FILED**
23EV001627
8/14/2023 11:47 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| INDIA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 23EV001627 |
| v. | ) | |
| | ) | |
| JOHN DOE, ALI BORE, BORE | ) | |
| TRANSPORT, INC., ABSHIR BORE, | ) | |
| BORE EXPRESS, INC., AMGUARD | ) | |
| INSURANCE COMPANY, and | ) | |
| INFINITY SELECT INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER

**COMES NOW**, AMGUARD INSURANCE COMPANY, a named Defendant in the above-styled civil action, and files this, its Answer to Plaintiff's Complaint, as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

To the extent discovery supports the same, Plaintiff's claims may be barred, in whole or in part, by the doctrines of contributory or comparative negligence and/or assumption of risk.

### THIRD DEFENSE

Plaintiff's claims under O.C.G.A. § 13-6-11 are factually and legally without merit and should be dismissed. This Defendant has at all times acted in good faith with respect to Plaintiff's claim and has in no way been stubbornly litigious or caused Plaintiff unnecessary trouble and expense. Therefore, Plaintiff is not entitled to any relief provided by O.C.G.A. § 13-6-11.

## **FOURTH DEFENSE**

This Defendant reserves the right to plead and prove such other defenses as may become known to it during the course of its investigation and discovery.

## **FIFTH DEFENSE**

This Defendant denies being indebted to the Plaintiff in any amount whatsoever, and if any allegations of Plaintiff's Complaint have been neither admitted nor denied in the course of this response, they are hereby denied.

## **SIXTH DEFENSE**

Plaintiff's Complaint is barred against this Defendant for improper venue and lack of jurisdiction.

## **SEVENTH DEFENSE**

Responding to the specific, numbered paragraphs of Plaintiff's Complaint, this Defendant shows as follows:

### 1.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 1 of the Complaint and, therefore, can neither admit nor deny same.

### 2.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 2 of the Complaint and, therefore, can neither admit nor deny same.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 3 of the Complaint and, therefore, can neither admit nor deny same.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 4 of the Complaint and, therefore, can neither admit nor deny same.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 5 of the Complaint and, therefore, can neither admit nor deny same.

6.

This Defendant admits that it is a foreign insurance company with its principal place of business in Wilkes Barre, Pennsylvania. This Defendant denies the remaining allegations contained in Paragraph No. 6 of the Complaint.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 7 of the Complaint and, therefore, can neither admit nor deny same.

## <u>BACKGROUND</u>

8.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 8 of the Complaint and, therefore, can neither admit nor deny same.

9.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 9 of the Complaint and, therefore, can neither admit nor deny same.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 10 of the Complaint and, therefore, can neither admit nor deny same.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 11 of the Complaint and, therefore, can neither admit nor deny same.

12.

This Defendant denies the allegations contained in Paragraph No. 12 of the Complaint.

13.

This Defendant admits that at it issued a Commercial Auto Policy to Ali Bore d/b/a Bore Transport, but denies the remaining allegations contained in Paragraph No. 13 of the Complaint.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 14 of the Complaint and, therefore, can neither admit nor deny same.

15.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 15 of the Complaint and, therefore, can neither admit nor deny same.

16.

This Defendant denies the allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

## COUNT I: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT JOHN DOE

17.

Responding to the allegations contained within Paragraph 17 of Plaintiff's Complaint, this Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 16 above as though fully set forth herein.

18.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 18 of the Complaint and each and all of its subparagraphs, and therefore, can neither admit nor deny same.

19.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 19 of the Complaint and, therefore, can neither admit nor deny same.

20.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 20 of the Complaint and, therefore, can neither admit nor deny same.

21.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 21 of the Complaint and, therefore, can neither admit nor deny same.

22.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 22 of the Complaint and, therefore, can neither admit nor deny same.

23.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 23 of the Complaint and, therefore, can neither admit nor deny same.

24.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 24 of the Complaint, including the Wherefore Paragraph, and, therefore, can neither admit nor deny same.

## COUNT II: NEGLIGENCE PER SE OF DEFENDANT JOHN DOE

25.

Responding to the allegations contained within paragraph 25 of Plaintiff's Complaint, this Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 24 above as though fully set forth herein.

26.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 26 of the Complaint and, therefore, can neither admit nor deny same.

27.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 27 of the Complaint and, therefore, can neither admit nor deny same.

28.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 28 of the Complaint and, therefore, can neither admit nor deny same.

29.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 29 of the Complaint and, therefore, can neither admit nor deny same.

30.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 30 of the Complaint and, therefore, can neither admit nor deny same.

31.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 31 of the Complaint and, therefore, can neither admit nor deny same.

32.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 32 of the Complaint, including the Wherefore Paragraph, and, therefore, can neither admit nor deny same.

## COUNT III: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT BORE TRANSPORT, INC.

33.

Responding to the allegations contained within paragraph 33 of Plaintiff's Complaint, this Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 34 above as though fully set forth herein.

34.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 34 of the Complaint and, therefore, can neither admit nor deny same.

35.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 35 of the Complaint and, therefore, can neither admit nor deny same.

36.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 36 of the Complaint and, therefore, can neither admit nor deny same.

37.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 37 of the Complaint and, therefore, can neither admit nor deny same.

38.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 38 of the Complaint, including the Wherefore Paragraph, and, therefore, can neither admit nor deny same.

## <u>COUNT IV: NEGLIGENT AND/OR WANTON HIRING, TRAINING,<br>AND SUPERVISION BY DEFENDANT BORE TRANSPORT, INC.</u>

39.

Responding to the allegations contained within paragraph 39 of Plaintiff's Complaint, this Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 38 above as though fully set forth herein.

40.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 40 of the Complaint and, therefore, can neither admit nor deny same.

41.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 41 of the Complaint and, therefore, can neither admit nor deny same.

42.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 42 of the Complaint and, therefore, can neither admit nor deny same.

43.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 43 of the Complaint and, therefore, can neither admit nor deny same.

44.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 44 of the Complaint and, therefore, can neither admit nor deny same.

45.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 45 of the Complaint and, therefore, can neither admit nor deny same.

46.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 46 of the Complaint and, therefore, can neither admit nor deny same.

47.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 47 of the Complaint and, therefore, can neither admit nor deny same.

48

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 48 of the Complaint and, therefore, can neither admit nor deny same.

49.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 49 of the Complaint and, therefore, can neither admit nor deny same.

50.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 50 of the Complaint, including the Wherefore Paragraph, and therefore can neither admit nor deny same.

### <u>COUNT V: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE EXPRESS, INC.</u>

51.

Responding to the allegations contained within paragraph 51 of Plaintiff's Complaint, this Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 50 above as though fully set forth herein.

52.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 52 of the Complaint and, therefore, can neither admit nor deny same.

53.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 53 of the Complaint and, therefore, can neither admit nor deny same.

54.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 54 of the Complaint and, therefore, can neither admit nor deny same.

55.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 55 of the Complaint and, therefore, can neither admit nor deny same.

56.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 56 of the Complaint, including the Wherefore Paragraph, and, therefore, can neither admit nor deny same.

## COUNT VI: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT BORE EXPRESS, INC.

57.

Responding to the allegations contained within paragraph 57 of Plaintiff's Complaint, this Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 56 above as though fully set forth herein.

58.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 58 of the Complaint and, therefore, can neither admit nor deny same.

59.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 59 of the Complaint and, therefore, can neither admit nor deny same.

60.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 60 of the Complaint and, therefore, can neither admit nor deny same.

61.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 61 of the Complaint and, therefore, can neither admit nor deny same.

62.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 62 of the Complaint and, therefore, can neither admit nor deny same.

63.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 63 of the Complaint and, therefore, can neither admit nor deny same.

64.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 64 of the Complaint and, therefore, can neither admit nor deny same.

65.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 65 of the Complaint and, therefore, can neither admit nor deny same.

66.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 66 of the Complaint and, therefore, can neither admit nor deny same.

67.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 67 of the Complaint and, therefore, can neither admit nor deny same.

68.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 68 of the Complaint, including the Wherefore Paragraph, and, therefore, can neither admit nor deny same.

## COUNT VII: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT ALI BORE

69.

Responding to the allegations contained within paragraph 69 of Plaintiff's Complaint, this Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 68 above as though fully set forth herein.

70.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 70 of the Complaint and, therefore, can neither admit nor deny same.

71.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 71 of the Complaint and, therefore, can neither admit nor deny same.

72.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 72 of the Complaint and, therefore, can neither admit nor deny same.

73.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 73 of the Complaint and, therefore, can neither admit nor deny same.

74.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 74 of the Complaint, including the Wherefore Paragraph, and, therefore, can neither admit nor deny same.

## COUNT VIII: NEGLIGENT AND/OR HIRING, TRAINING AND SUPERVISION BY DEFENDANT ALI BORE

75.

Responding to the allegations contained within paragraph 75 of Plaintiff's Complaint, this Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 74 above as though fully set forth herein.

76.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 76 of the Complaint and, therefore, can neither admit nor deny same.

77.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 77 of the Complaint and, therefore, can neither admit nor deny same.

78.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 78 of the Complaint and, therefore, can neither admit nor deny same.

79.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 79 of the Complaint and, therefore, can neither admit nor deny same.

80.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 80 of the Complaint and, therefore, can neither admit nor deny same.

81.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 81 of the Complaint and, therefore, can neither admit nor deny same.

82.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 82 of the Complaint and, therefore, can neither admit nor deny same.

83.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 83 of the Complaint and, therefore, can neither admit nor deny same.

84.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 84 of the Complaint and, therefore, can neither admit nor deny same.

85.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 85 of the Complaint, including the Wherefore Paragraph, and, therefore, can neither admit nor deny same.

86.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 86 of the Complaint, including the Wherefore Paragraph, and, therefore, can neither admit nor deny same.

## COUNT IX: NEGLIGENCE AND/OR WANTONNESS OF DEFENDANT ABSHIR BORE

87.

Responding to the allegations contained within paragraph 87 of Plaintiff's Complaint, this Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 86 above as though fully set forth herein.

88.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 88 of the Complaint and, therefore, can neither admit nor deny same.

89.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 89 of the Complaint and, therefore, can neither admit nor deny same.

90.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 90 of the Complaint and, therefore, can neither admit nor deny same.

91.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 91 of the Complaint and, therefore, can neither admit nor deny same.

92.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 92 of the Complaint, including the Wherefore Paragraph, and, therefore, can neither admit nor deny same.

## COUNT X: NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT ABSHIRE BORE

93.

Responding to the allegations contained within paragraph 93 of Plaintiff's Complaint, this Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 92 above as though fully set forth herein.

94.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 94 of the Complaint and, therefore, can neither admit nor deny same.

95.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 95 of the Complaint and, therefore, can neither admit nor deny same.

96.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 96 of the Complaint and, therefore, can neither admit nor deny same.

97.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 97 of the Complaint and, therefore, can neither admit nor deny same.

98.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 98 of the Complaint and, therefore, can neither admit nor deny same.

99.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 99 of the Complaint and, therefore, can neither admit nor deny same.

100.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 100 of the Complaint and, therefore, can neither admit nor deny same.

101.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 101 of the Complaint and, therefore, can neither admit nor deny same.

102.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 102 of the Complaint and, therefore, can neither admit nor deny same.

103.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 103 of the Complaint and, therefore, can neither admit nor deny same.

104.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 104 of the Complaint, including the Wherefore Paragraph, and, therefore, can neither admit nor deny same.

## COUNT XI: NEGLIGENCE OF DEFENDANT AMGUARD INSURANCE COMPANY

105.

Responding to the allegations contained within paragraph 105 of Plaintiff's Complaint, this Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 104 above as though fully set forth herein.

106.

This Defendant denies as pled the allegations contained in Paragraph No. 106 of the Complaint.

107.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 107 of the Complaint and, therefore, can neither admit nor deny same.

108.

This Defendant denies as pled the allegations contained in Paragraph No. 108 of the Complaint.

109.

This Defendant denies the allegations contained in Paragraph No. 109 of the Complaint.

110.

This Defendant denies the allegations contained in Paragraph No. 110 of the Complaint.

111.

This Defendant denies the allegations contained in Paragraph No. 111 of the Complaint, including the Wherefore Paragraph.

## COUNT XII: BAD FAITH OF DEFENDANT INFINITY SELECT INSURANCE COMPANY

112.

Responding to the allegations contained within paragraph 112 of Plaintiff's Complaint, this Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 111 above as though fully set forth herein.

113.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 113 of the Complaint and, therefore, can neither admit nor deny same.

114.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 114 of the Complaint and, therefore, can neither admit nor deny same.

115.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 115 of the Complaint and, therefore, can neither admit nor deny same.

116.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 116 of the Complaint and, therefore, can neither admit nor deny same.

117.

This Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph No. 117 of the Complaint and, therefore, can neither admit nor deny same.

**PRAYER FOR RELIEF**

Any allegations in Plaintiff's Complaint not specifically responded to by this Defendant, including the Wherefore Paragraph and all subparts, are hereby denied.  This Defendant further denies that Plaintiff is entitled to recover from Defendant AmGUARD Insurance Company in any sum or manner whatsoever.

WHEREFORE, having fully answered Plaintiff's Complaint, this Defendant prays that it be discharged hence without liability and demands a trial by jury of twelve persons.

This 14th day of August, 2023.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:     /s/ Drew C. Timmons
        Drew C. Timmons
        Georgia Bar No. 358626
        *Attorney for Defendant AmGUARD*
        *Insurance Company*

1420 Peachtree Street, N.E., Suite 800
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com

-25-

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day filed the within and foregoing **DEFENDANT AMGUARD INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court via electronic transmission using Odyssey eFileGA and served a copy of the foregoing electronically upon all parties of record via Odyssey eFileGA and via First Class U.S. Mail to Plaintiff.

This 14th day of August, 2023.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:    /s/ Drew C. Timmons
        Drew C. Timmons
        Georgia Bar No. 358626

        *Attorney for Defendant AmGUARD*
        *Insurance Company*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309-3231
404.874.8800
404.888.6199 [facsimile]
drew.timmons@swiftcurrie.com

4880-8375-7942, v. 1