IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHEILA THERESA LOGHERY,

     Plaintiff,

v.

THE TJX COMPANIES, INC.,
MARSHALLS OF MA, INC., XYZ
CORPORATIONS 1-3, and JOHN
DOES 1-3,

     Defendants.

Civil Action
File No.:

## DEFENDANT MARSHALLS OF MA, INC.'S PETITION FOR REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division

COMES NOW, Marshalls of MA, Inc. by and through its undersigned counsel, and files its Petition for Removal and respectfully show this Court the following:

1.    Marshalls is a named defendant in a civil action brought against it in the State Court of Gwinnett County, State of Georgia, in this District and Division, the same being entitled Sheila Theresa Loghery v. The TJX Companies, Inc. and Marshalls of MA, Inc., Civil Action File No. 23-C-04216-S4.

2.    The Summons and Complaint in that action were filed in the State Court of Gwinnett County on June 19, 2023, as were first received by Marshalls by service through Marshalls' registered agent on July 14, 2023. Thus, Marshalls timely files this petition for removal.

3.      Marshalls files herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 USC § 1446. [Attached hereto as Exhibit "A"].

4.      Plaintiff is and, at all times relevant, was a resident and is a citizen of the State of Georgia.

5.      Marshalls of MA, Inc.  is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware having its principal place of business in Massachusetts.

6.      TJX Companies, Inc. is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Delaware having its principal place of business in Massachusetts.

7.      In the lawsuit, Plaintiff also named various fictitious defendants. 28 USC § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. Accordingly, this Court can ignore all fictitious defendants for purposes of establishing diversity jurisdiction.

8.      When considering whether complete diversity of the parties, the Plaintiff is a citizen of Georgia, and Defendant is considered a citizen of Delaware of Massachusetts. Therefore, complete diversity exists, and this case is properly removed pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq. and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.      Plaintiff's Complaint alleges she tripped and fell on rugs on the floor on October 15, 2021, while walking down an aisle. The complaint itemizes $11,347.00 in special damages for injuries to Plaintiff's right and left knees. Plaintiff further alleges her pain is ongoing, and she continues to receive treatment for the injuries

10. The complaint makes additional claims for damages which are not itemized, including future medical expenses, past and future pain and suffering, and past and future loss wages.

11. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

12. Because no specific amounts are alleged for several elements of damages, including general damages, this court should look to "other paper" to determine if the amount in controversy is met. Plaintiff's counsel served a pre-suit demand letter on March 29, 2023, which provides more information on the amount in controversy. (See Exhibit B).

13.      The demand provides additional factual background, claiming Plaintiff tripped and fell, "sustaining serious injuries" (Exhibit B, p. 2). The demand goes on to state Plaintiff was "shaken, disoriented, and in severe pain" and "had skin tears of her

left humerus and her left knee with accompanied bruising." (Exhibit B, p. 2). Plaintiff continued to experience knee pain as of March 2023, and was recommended for a right knee total replacement. (Exhibit B, p. 3). Plaintiff suffered injuries to both of her knees. Plaintiff concluded the letter demanding a total sum of $500,000.00 to settle. (Exhibit B, p. 4).

In total, Plaintiff is claiming $500,000. Thus, Plaintiff's alleged damages exceed the jurisdictional sum of greater than $75,000, exclusive of interests and costs.

14.     This action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

15.     Marshalls attached a copy of Marshalls' Notice of Removal, which is being submitted for filing to the State Court of Gwinnett County, Georgia. A copy is attached as Exhibit C.

16.     This action is currently pending in the State Court of Gwinnett County, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

WHEREFORE the Defendant prays the above action removed to this Court remain in this Court's jurisdiction.

This 14th day of August, 2023.

Chartwell Law
Attorneys for Defendants

By:  */S/ROBERT E. NOBLE, III*
Robert E. Noble, III
GA State Bar No.:  261331
rnoble@chartwelllaw.com
Danielle N. Glover
GA State Bar No.:  650569
dglover@chartwelllaw.com
3200 Cobb Galleria Parkway, Suite 250
Atlanta, GA 30339
Main (404) 410-1151
Fax (404) 738-1632

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHEILA THERESA LOGHERY,

    Plaintiff,

v.

THE TJX COMPANIES, INC.,
MARSHALLS OF MA, INC., XYZ
CORPORATIONS 1-3, and JOHN
DOES 1-3,

    Defendants.

Civil Action
File No.:

## CERTIFICATE OF COMPLIANCE

The foregoing document is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 5.1(B).

By: */s/  Robert E. Noble*
ROBERT E. NOBLE III
GA State Bar No.
rnoble@chartwelllaw.com
3200 Cobb Galleria Pkwy Suite 250
Atlanta, GA 30339
(404) 410-1151 Phone
(404) 738-1632 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHEILA THERESA LOGHERY, | |
| Plaintiff, | Civil Action File No.: |
| v. | |
| THE TJX COMPANIES, INC., MARSHALLS OF MA, INC., XYZ CORPORATIONS 1-3, and JOHN DOES 1-3, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this  with the Clerk of Court using the

CM/ECF system which will automatically send e-mail notification of such filing to the

following attorneys of record:

Inna Voronkina
**Foy & Associates, P.C**
3343 Peachtree Road NE, Ste 350
Atlanta, GA 30326
ivoronkina@johnfoy.com
*Attorney for Plaintiff*

This 14th day of August, 2023.

/s/Robert e. noble, iii
Robert E. Noble, III
GA State Bar No.:  261331
rnoble@chartwelllaw.com
3200 Cobb Galleria Parkway, Suite 250
Atlanta, GA 30339
Main (404) 410-1151
Fax (404) 738-1632