E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04216-S4**
**6/19/2023 3:16 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SHEILA THERESA LOUGHERY,

                           Plaintiff,

v.

THE TJX COMPANIES, INC.,
MARSHALLS OF MA, INC.,
XYZ CORPORATIONS 1-3, and
JOHN DOES 1-3,

                         Defendants.

CIVIL ACTION
FILE NO.:

**JURY TRIAL DEMANDED**

23-C-04216-S4

## COMPLAINT FOR DAMAGES

COMES NOW SHEILA THERESA LOUGHERY, Plaintiff, and files this complaint against Defendants THE TJX COMPANIES, INC, MARSHALLS OF MA, INC., XYZ CORPORATIONS 1-3, and JOHN DOES 1-3, as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff SHEILA THERESA LOUGHERY is and at all times relevant has been a resident and citizen of the State of Georgia.

2.

Defendant THE TJX COMPANIES, INC, (hereinafter, "TJX") is a foreign profit corporation and may be served through its registered agent C T CORPORATION SYSTEM at 289 S Culver St, Lawrenceville, Georgia, 30046-4805, USA. In addition to the Summons and Complaint, Defendant is being served with the following discovery:

    (a) Plaintiff's First Request for the Production of Documents to Defendant TJX;

    (b) Plaintiff's First Interrogatories to Defendant TJX; and

    (c) Plaintiff's First Request for Admissions to Defendant TJX.

3.

Defendant TJX is subject to the jurisdiction of this court.

4.

Defendant TJX has been properly served with Plaintiff's complaint.

5.

Defendant MARSHALLS OF MA, INC. (hereinafter, "MARSHALLS") is a foreign profit corporation and may be served through its registered agent C T CORPORATION SYSTEM at 289 S Culver St, Lawrenceville, Georgia, 30046-4805, USA. In addition to the Summons and Complaint, Defendant is being served with the following discovery:

(a) Plaintiff's First Request for the Production of Documents to Defendant MARSHALLS;

(b) Plaintiff's First Interrogatories to Defendant MARSHALLS; and

(c) Plaintiff's First Request for Admissions to Defendant MARSHALLS.

6.

Defendant MARSHALLS is subject to the jurisdiction of this court.

7.

Defendant MARSHALLS has been properly served with Plaintiff's complaint.

8.

Defendants XYZ Corporations 1-3 are corporate entities (including but not limited to, partnerships, corporations, limited liability companies, firms, businesses, and/or other legal entities) who caused Plaintiff's harm. Defendants XYZ Corporations' true names are unknown at this time but will be substituted by amendment when ascertained.

9.

Defendants John Does 1-3 are individuals who caused Plaintiff's harm. Defendants John Does 1-3 true names and identities are unknown at this time but will be substituted by amendment when ascertained.

10.

This Court has jurisdiction over the parties named herein.

11.

This Court has jurisdiction over the subject matter of this action.

12.

Venue is proper in this court.

## BACKGROUND

13.

On or about October 15, 2021, Plaintiff was an invitee at the Marshalls store located at 150 Brookhaven Avenue, Brookhaven, Georgia 30319 (hereinafter, "the Marshalls Store").

14.

While at the Marshalls Store, Plaintiff tripped over the rug inventory, improperly stored on the floor, and fell.

15.

As a result of the Plaintiff's fall, she suffered bodily injuries.

16.

On or about October 15, 2021, Plaintiff was injured as a result of one or all of the Defendants' failure to keep the premises safe for invitees.

17.

There were no warnings in the area of the hazard at the time of the fall.

18.

Defendant TJX had exclusive ownership, possession, and control over the Marshalls Store, at all times relevant to this litigation.

19.

Defendant MARSHALLS had exclusive ownership, possession, and control over the Marshalls Store, at all times relevant to this litigation.

## COUNT 1 - PREMISES LIABILITY

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

Plaintiff was an invitee on the premises at the time of the fall.

22.

Defendant TJX owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

23.

Defendant TJX was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, and in failing to keep the premises safe for invitees.

24.

Defendant TJX's negligence was the proximate cause of Plaintiff's injuries.
Plaintiff was an invitee on the premises at the time of the fall.

25.

Defendant MARSHALLS owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

26.

Defendant MARSHALLS was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, and in failing to keep the premises safe for invitees.

27.

Defendant MARSHALLS 's negligence was the proximate cause of Plaintiff's injuries

## COUNT 2 - VICARIOUS LIABILITY

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by defendant TJX and were acting within the scope of their employment.

30.

Defendant TJX is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

31.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by defendant MARSHALLS and were acting within the scope of their employment.

32.

Defendant MARSHALLS is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 3 - NEGLIGENT TRAINING & SUPERVISION

33.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

Defendant TJX was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning, and maintaining the premises.

35.

Defendant TJX was negligent in training and supervising its staff.

36.

As a result of Defendant TJX's negligence in training and supervising its employees, Plaintiff was injured on the premises.

37.

Defendant MARSHALLS was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning, and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning, and maintaining the premises.

38.

Defendant MARSHALLS was negligent in training and supervising its staff.

39.

As a result of Defendant MARSHALLS's negligence in training and supervising its employees, Plaintiff was injured on the premises.

## **COUNT 4 - DAMAGES**

40.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 39 above as if fully restated.

41.

As a direct and proximate result of Defendant TJX's negligence, Plaintiff suffered serious and persistent injuries, which caused his great pain and suffering.

42.

As a direct and proximate result of Defendant MARSHALLS' negligence, Plaintiff suffered serious and persistent injuries, which caused his great pain and suffering.

43.

Based upon the information currently held by counsel for Plaintiff, Plaintiff has incurred the following medical expenses to date:

| **Medical Provider** | **Amount Charged** |
| --- | --- |
| Resurgens Orthopaedics | $10,140.00 |
| Primary Care Physicians of Atlanta | $    213.00 |
| Emergency Care of Atlanta | $    842.00 |
| Emory Clinic | $    152.00 |
| **Total Special Damages** | **$11,347.00** |

These expenses were incurred for the necessary care and treatment of the injuries to Plaintiff resulting from the fall that constitutes the basis of the underlying action.

44.

As a direct and proximate result of Defendant TJX's negligence, Plaintiff has endured emotional distress and mental anxiety.

45.

As a direct and proximate result of Defendant MARSHALLS's negligence, Plaintiff has endured emotional distress and mental anxiety.

46.

As a direct and proximate result of Defendant MARSHALLS's negligence, Plaintiff has suffered interference with the enjoyment of life.

WHEREFORE, plaintiff prays that he has a trial on all issues and judgment against defendants as follows:

(a)     That plaintiff recover past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That Plaintiff be awarded costs of this action;

(d)     That plaintiff recover such other and further relief as is just and proper; and

(e)     That all issues be tried before a jury.

This 19th day of June, 2023.

**FOY & ASSOCIATES, P.C.**
/s/ Inna Voronkina
Inna Voronkina
Georgia Bar No. 435363
*Attorney for Plaintiff*

3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
404-400-4000
404-873-4490 (fax)
ivoronkina@johnfoy.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

SHEILA THERESA LOGHERY,

    Plaintiff,

v.

THE TJX COMPANIES, INC.,
MARSHALLS OF MA, INC., XYZ
CORPORATIONS 1-3, and JOHN DOES
1-3,

    Defendants.

Civil Action
File No.:     23-C-04216-S4

## ANSWER AND DEFENSES OF MARSHALLS OF MA, INC.

COMES NOW, Jessica A. Estes, and files this her Answer and Defenses to Plaintiff's Complaint, and in support thereof respectfully shows this Court the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant responds to the individual paragraphs of Plaintiff's Complaint as follows:

1.

Marshalls admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Marshalls is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

3.

Marshalls denies the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

Marshalls is without knowledge or information sufficient to form a belief as to the

truth of the averments contained in paragraph 4 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

5.

Marshalls admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Marshalls denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Marshalls admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Marshalls denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Marshalls denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Marshalls denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Marshalls denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Marshalls denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

## *Background*

13.

Marshalls is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

14.

Marshalls admits an incident involving plaintiff occurred at the store. Responding

further, Marshalls denies, as pled, the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Marshalls is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

16.

Marshalls denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Marshalls denies, as pled, the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Marshalls denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

Marshalls admits the allegations contained in paragraph 19 of Plaintiff's Complaint.

*Count 1 – Premises Liability*

20.

Marshalls realleges and incorporates herein its responses to the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

Marshalls is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

22.

Marshalls denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

- 3 -

23.

Marshalls denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Marshalls denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Marshalls admits it owes certain duties of care under Georgia law to individuals on its premises. Responding further, Marshalls denies the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Marshalls denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.

Marshalls denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

### *Count 2 – Vicarious Liability*

28.

Marshalls realleges and incorporates herein its responses to the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

Marshalls denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

Marshalls denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

Marshalls admits it employed all individuals working in the store and that its employees are responsible for cleaning and inspecting the floor for hazards. Responding further, Marshalls denies the remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32.

Marshalls admits it is responsible for the acts and omissions of its employees under the doctrine of respondeat superior. Responding further, Marshalls denies any allegation – express or implied – that its employees acted negligently. Responding further, Marshalls denies the remaining allegations contained in paragraph 32 of Plaintiff's Complaint.

*Count 3 – Negligent Training & Supervision*

33.

Marshalls realleges and incorporates herein its responses to the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

Marshalls denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.

Marshalls denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.

Marshalls denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.

Marshalls denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.

Marshalls denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.

Marshalls denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

*Count 4 - Damages*

40.

Marshalls realleges and incorporates herein its responses to the allegations contained in paragraphs 1 through 39 above as if fully restated.

41.

Marshalls denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.

Marshalls denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.

Marshalls is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 43 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

44.

Marshalls denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.

Marshalls denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.

Marshalls denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.

Marshalls is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph ZZ of Plaintiff's Complaint and, therefore, cannot admit or deny same.

48.

Marshalls denies, as pled, the allegations contained in paragraph ZZ of Plaintiff's Complaint.

49.

Marshalls denies that Plaintiff is entitled to any relief requested in the "Wherefore" clause of Plaintiff's Complaint.

50.

Any allegation in Plaintiff's Complaint not answered or otherwise responded to is hereby denied.

<u>THIRD DEFENSE</u>

Defendant is not liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

<u>FOURTH DEFENSE</u>

Defendant shows that the alleged damages of Plaintiff, if any, were caused by the contributory and comparative negligence of Plaintiff.

<u>FIFTH DEFENSE</u>

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant.

<u>SIXTH DEFENSE</u>

The Plaintiff's failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiff's rights to recover and/or recoup any items of special damages in this action, as a matter of law.  O.C.G.A. § 9-11-9(g).

<u>SEVENTH DEFENSE</u>

Defendant raises the affirmative defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver set forth in O.C.G.A. § 9-11-8(c).

<u>EIGHTH DEFENSE</u>

The claims of Plaintiff are barred by the Georgia doctrine of assumption of risk.

<u>NINTH DEFENSE</u>

Plaintiff's injuries, if any, were caused by an unforeseeable intervening third party

tortfeasor and/or the acts and failure to act of persons or entities other than Defendant.

## TENTH DEFENSE

The Complaint should be dismissed for lack of jurisdiction over the subject matter, lack of jurisdiction over the person of this Defendant, and improper venue.

## DEMAND FOR JURY TRIAL BY TWELVE (12)

Defendant, demands that the above-captioned case be tried by a jury of twelve.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against the Plaintiff.


This 14th day of August, 2023.

Chartwell Law
Attorneys for Defendants


By:   */S/ROBERT E. NOBLE, III*
Robert E. Noble, III
GA State Bar No.:  261331
rnoble@chartwelllaw.com
Danielle N. Glover
GA State Bar No.:  650569
dglover@chartwelllaw.com
3200 Cobb Galleria Parkway, Suite 250
Atlanta, GA 30339
Main (404) 410-1151
Fax (404) 738-1632

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHEILA THERESA LOGHERY, | |
| Plaintiff, | Civil Action |
| v. | File No.:    23-C-04216-S4 |
| THE TJX COMPANIES, INC., MARSHALLS OF MA, INC., XYZ CORPORATIONS 1-3, and JOHN DOES 1-3, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of **ANSWER AND DEFENSES OF MARSHALLS OF MA, INC.** by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) **or** by depositing a copy of same in the United States Mail, postage prepaid, as follows:

Inna Voronkina
**Foy & Associates, P.C**
3343 Peachtree Road NE, Ste 350
Atlanta, GA 30326
ivoronkina@johnfoy.com
*Attorney for Plaintiff*

This 14th day of August, 2023.

/S/ROBERT E. NOBLE, III
Robert E. Noble, III
GA State Bar No.:  261331
rnoble@chartwelllaw.com
3200 Cobb Galleria Parkway, Suite 250
Atlanta, GA 30339
Main (404) 410-1151
Fax (404) 738-1632

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

SHEILA THERESA LOGHERY,

    Plaintiff,

v.

THE TJX COMPANIES, INC.,
MARSHALLS OF MA, INC., XYZ
CORPORATIONS 1-3, and JOHN DOES
1-3,

    Defendants.

Civil Action
File No.:    23-C-04216-S4

## ANSWER AND DEFENSES OF THE TJX COMPANIES, INC.

COMES NOW, Jessica A. Estes, and files this her Answer and Defenses to Plaintiff's

Complaint, and in support thereof respectfully shows this Court the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant responds to the individual paragraphs of Plaintiff's Complaint as follows:

1.

TJX admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

TJX admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

TJX denies the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

TJX admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

TJX is without knowledge or information sufficient to form a belief as to the truth of

the averments contained in paragraph 5 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

6.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

7.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

8.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

9.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

10.

TJX denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

TJX denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

TJX denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

*Background*

13.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

14.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

15.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

16.

TJX denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

18.

TJX denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

## *Count 1 – Premises Liability*

### 20.

TJX realleges and incorporates its responses to the allegations contained in paragraphs 1 through 19 above as if fully restated.

### 21.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

### 22.

TJX denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

### 23.

TJX denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

### 24.

TJX denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

### 25.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

### 26.

TJX denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

### 27.

TJX denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

*Count 2 – Vicarious Liability*

28.

TJX realleges and incorporates its responses to the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

TJX denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

TJX denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

32.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 32 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

*Count 3 – Negligent Training & Supervision*

33.

TJX realleges and incorporates its responses to the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

TJX denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.

TJX denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.

TJX denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.

TJX denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.

TJX denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.

TJX denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

### *Count 4- Damages*

40.

TJX realleges and incorporates its responses to the allegations contained in paragraphs 1 through 39 above as if fully restated.

41.

TJX denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.

TJX denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.

TJX is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 43 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

44.

TJX denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.

TJX denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.

TJX denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.

TJX denies that Plaintiff is entitled to any relief requested in the "Wherefore" clause of Plaintiff's Complaint.

48.

Any allegation in Plaintiff's Complaint not answered or otherwise responded to is hereby denied.

<u>THIRD DEFENSE</u>

Defendant is not liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

<u>FOURTH DEFENSE</u>

Defendant shows that the alleged damages of Plaintiff, if any, were caused by the contributory and comparative negligence of Plaintiff.

<u>FIFTH DEFENSE</u>

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant.

<u>SIXTH DEFENSE</u>

The Plaintiff's failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiff's rights to recover and/or recoup any items of special damages in this action, as a matter of law.  O.C.G.A. § 9-11-9(g).

<u>SEVENTH DEFENSE</u>

Defendant raises the affirmative defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds,

statute of limitations, and waiver set forth in O.C.G.A. § 9-11-8(c).

EIGHTH DEFENSE

The claims of Plaintiff are barred by the Georgia doctrine of assumption of risk.

NINTH DEFENSE

Plaintiff's injuries, if any, were caused by an unforeseeable intervening third party tortfeasor and/or the acts and failure to act of persons or entities other than Defendant.

TENTH DEFENSE

The Complaint should be dismissed for lack of jurisdiction over the subject matter, lack of jurisdiction over the person of this Defendant, and improper venue as to this Defendant.

DEMAND FOR JURY TRIAL BY TWELVE (12)

Defendant, demands that the above-captioned case be tried by a jury of twelve.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against the Plaintiff.

This 14th day of August, 2023.

> Chartwell Law
> Attorneys for Defendants
>
> By:    */S/ROBERT E. NOBLE, III*
> Robert E. Noble, III
> GA State Bar No.:  261331
> rnoble@chartwelllaw.com
> Danielle N. Glover
> GA State Bar No.:  650569
> dglover@chartwelllaw.com
> 3200 Cobb Galleria Parkway, Suite 250
> Atlanta, GA 30339
> Main (404) 410-1151
> Fax (404) 738-1632

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHEILA THERESA LOGHERY, | |
| Plaintiff, | Civil Action |
| v. | File No.:   23-C-04216-S4 |
| THE TJX COMPANIES, INC., MARSHALLS OF MA, INC., XYZ CORPORATIONS 1-3, and JOHN DOES 1-3, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of **ANSWER AND DEFENSES OF THE TJX COMPANIES, INC.** by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) **or** by depositing a copy of same in the United States Mail, postage prepaid, as follows:

Inna Voronkina
**Foy & Associates, P.C**
3343 Peachtree Road NE, Ste 350
Atlanta, GA 30326
ivoronkina@johnfoy.com
*Attorney for Plaintiff*

This 14th day of August, 2023.

/S/Robert e. noble, iii
Robert E. Noble, III
GA State Bar No.:  261331
rnoble@chartwelllaw.com
3200 Cobb Galleria Parkway, Suite 250
Atlanta, GA 30339
Main (404) 410-1151
Fax (404) 738-1632