# FOY & ASSOCIATES

A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS AT LAW
3343 PEACHTREE ROAD, N.E.
SUITE 350
ATLANTA, GEORGIA 30326

---

TELEPHONE (404) 400-4000     TOLL FREE (877) 873-4488
FACSIMILE (404) 873-4490
WWW.JOHNFOY.COM

March 29, 2023

**SENT USPS PRIORITY MAIL NO.:**
**9410 8091 0515 5030 0800 09**
Zurich American Insurance Company
ATTN: Rob Popolizio
P.O. Box 968064
Schaumburg, IL 60196

       RE: Our Client: Sheila Loughery
           Your Insured: TJX Companies/TJ Maxx
           Date of Loss: October 15, 2021
           Claim No.: 9640452968

## SETTLEMENT DEMAND

Dear Sir or Madam,

  Please accept this correspondence as our client's demand for settlement and compromise of this claim for damages arising from the referenced incident. While the following information should assist you in evaluating this claim and includes medical records, medical bills, and documentation showing the losses sustained by our client, this letter and the enclosed materials are submitted for the purpose of negotiation only. For this reason, nothing contained herein shall constitute an admission by our client, nor be admissible against our client at any hearing or trial.

## LIABILITY

  Your insured was the at fault party in failing to exercise ordinary care in inspecting and keeping its premises in a safe condition and good repair on or about October 15, 2021. Specifically, while on your insured's premises as an invitee, our client tripped and fell on rugs located on the floor of an aisle in the store. The area was not monitored or inspected appropriately and that caused our client's injuries. Following her fall, our client immediately contacted the manager on duty and reported the incident.

Under Georgia law, an owner or occupier of land is liable for damages to an invitee for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe., *O.C.G.A. §51-3-1)*. Here, your insured was under a statutory duty to keep the areas open to its customers in a safe condition. In addition, an owner/occupier must exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. This includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises. See, Jackson v. Waffle House, Inc., 245 Ga. App. 371, 537 S.E.2d 188 (2000). Moreover, an owner/occupier is on constructive notice of what a reasonable inspection would reveal. Id.

Furthermore, the Georgia Supreme Court has noted that constructive knowledge of a defect, i.e, that the defendant ought to have known of the defect in the exercise of ordinary care, is sufficient to charge the defendant with liability for injuries caused by the defect. See, Keaton v. A.B.C. Drug Company, 266 Ga. 385, 467 S.E.2d 558 (1996). Here, your insured was under a statutory duty to keep its store in a safe condition. A reasonable inspection would have revealed the rugs on the floor and the danger it presented. Your insured's agents and employees failed to adequately inspect the premises, thereby failing to uphold its duty under O.C.G.A. §51-3-1. Consequently, our client tripped and fell on the rugs, sustaining serious injuries.

In short, our client was without fault in this incident. Ms. Loughery was a customer of your insured's premises, and as such, was entitled to expect that your insured had exercised ordinary care to keep its premises safe. Unfortunately, this was not the case and our client has ample evidence to survive any motions for summary judgment which may be filed should this matter proceed to litigation.

## INJURIES AND TREATMENT

After the fall, Ms. Loughery was shaken, disoriented, and in severe pain. The Fire Department was called due to the injuries Ms. Loughery sustained. Ms. Loughery insisted her husband be called and he immediately rushed her to Emory St. Joseph's Hospital. There, she was met by her primary care physician, Dr. Lonnie Herzog. **Upon examination, her doctor noted skin tears of her left humerus and her left knee with accompanied bruising.** After a series of tests and x-rays, Ms. Loughery was diagnosed with:
**Acute skin tear of left humerus and left knee**
**Contusions of left arm and bilateral legs**

Her skin tears were dressed and she was given instructions for follow up care.

Ms. Loughery followed up with her primary care physician, who then referred her to Resurgens Orthopedics.

There, Ms. Loughery complained of severe bilateral knee pain with extensive bruising and skin tears. She noted difficulty walking, particularly up and down stairs. She also noted swelling and locking of her knee. On a follow up visit, Ms. Loughery continued to complain of knee pain

and bleeding of her left hip. Her doctor re-dressed her skin tears and recommended continuing to ice and elevate her knees. On December 16, 2021, Ms. Loughery returned to Resurgens with continued complaints of bilateral knee pain. **She was given bilateral knee corticosteroid injections.**

On January 24, 2022, Ms. Loughery returned to Resurgens where she complained of sharp pain in her right knee that caused her knee to give way when she walks. She received a second bilateral knee corticosteroid injection and was recommended for an MRI of her right knee. Unfortunately her injections in her knee only provided limited pain relief. On a follow up, she reported right knee swelling and pain, and that home exercises were too painful to do. An MRI of her right knee revealed:
**Tearing along the free edge of anterior horn and junctional zone of lateral meniscus**
**Full-thickness articular cartilage loss along the lateral tibial plateau with moderate subchondral edema**
**Full thickness articular cartilage loss along the medial patellar facet extending to the mid sagittal ridge**
**Increased signal along the course of the ACL**
**Joint effusion with synovitis**

**Dr. Hanna at Resurgens Orthopedics recommended a right knee total knee replacement after conservative measures had been exhausted. Ms. Loughery has begun a pre-surgery physical therapy routine with Benchmark Rehab Partners and is <u>scheduled for a full right knee replacement on April 20, 2023.</u>**

**Unfortunately, her knee pain remains severe today.** Ms. Loughery was ultimately diagnosed with:
**Contusion of left knee**
**Contusion of right knee**
**Bilateral knee pain**
**Open wound of left upper arm**

## PAIN AND SUFFERING

The reckless behavior of your insured has had a severe and dramatic impact upon our client's life, and its effects will remain for quite some time. Our client experienced significant pain and suffering, both initially and throughout the course of treatment.

**Today, Ms. Loughery still experiences knee pain that was not symptomatic before the fall. As mentioned, she will be undergoing a full right knee replacement in April of 2023, followed by 6-9 weeks of post-surgery physical therapy.**

**Ms. Loughery has also experienced extreme mental and emotional trauma from the fall.**

In order to further document the injuries and pain experienced by our client, we are enclosing medical records and billing statements, which provide a detailed account of our client's

injuries, diagnosis, and treatment.

## DAMAGES

Sheila Loughery has incurred damages to date as follows:

| Medical Provider | Amount Charged |
|---|---|
| Emory Clinic | $152.00 |
| Emergency Care of Atlanta | $842.00 |
| Emory St. Joseph's Hospital | $to be supplemented |
| Resurgens Orthopedics | $10,140.00 |
| Benchmark Physical Therapy | $currently undergoing |
| Resurgens Orthopedics Knee Replacment | $50,000.00 estimated |
| Post-Surgery Physical Therapy | $8,000.00 estimated |
| **Total Special Damages** | **$84,347.00*** |

*total special damages includes estimated total knee replacement physician fee, surgical center bill, and post surgery physical therapy.

## SETTLEMENT PROPOSAL

In light of the pain and suffering which our client, Sheila Loughery, was forced to endure, due to the negligence of your insured, as well as the financial strain on her life, we are willing to settle this claim for the amount of **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)**. A reasonable jury, in our opinion, would have little difficulty in awarding the amount requested, if not a far greater award.

This is a time limited demand, and, at 4:30 p.m., 30 days from the date this correspondence is received, it will be withdrawn and rescinded. The only payees listed on the settlement check should be "Sheila Loughery and Foy & Associates, P.C.", tax id number is 38-3687296. This correspondence is written in the spirit of compromise and settlement. All of the enclosed materials shall remain the property of our client and shall be returned upon request.

Based upon my assessment as to the value of this case as outlined above, and for the benefit of all parties, I hope this case can be resolved short of my filing suit. I look forward to your reply. You can reach me directly at 678-399-6308 or by email at rreddick@johnfoy.com.

Very truly yours,

5 | Page

FOY & ASSOCIATES, P.C.

Rebecca Reddick
Attorney at Law

Enclosure: settlement package