IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL FILE NO. |
| ) | |
| MCKESSON CORPORATION; ) | |
| MCKESSON MEDICAL- ) | |
| SURGICAL INC.; MCKESSON ) | |
| MEDICAL-SURGICAL SUPPLY ) | |
| CHAIN SERVICES LLC, and ) | |
| ABC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendants McKesson Corporation, McKesson Medical-Surgical Inc., and McKesson Medical-Surgical Supply Chain Services, LLC, (collectively, the "McKesson Defendants"), within the time prescribed by law, file this Notice of Removal of the action from the State Court of Gwinnett County, State of Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of the Notice of Removal, the McKesson Defendants state as follows:

1.  On June 29, 2023, Plaintiff Andrew Stewart ("Plaintiff") filed a Complaint for Personal Injuries and Damages in the State Court of Gwinnett County,

State of Georgia, captioned *Andrew Stewart v. McKesson Corporation, et al.*, Civil Action File No. 23-C-04518-S4.

2. Plaintiff served the McKesson Defendants on July 12th and July 13th, respectively. This Notice of Removal is therefore timely.

3. In accordance with 28 U.S.C. § 1446, true and complete copies all process, pleadings, and orders filed in such action have been attached to this Notice as Exhibit "A".

4. Plaintiff's Complaint alleges that on September 3, 2021, he was working as a delivery driver and was an invitee at McKesson Medical Surgical, Inc.'s facility located at 1005 Satellite Boulevard, Suwanee, Georgia 30024 when he was injured on the premises as he was making the delivery. (Complaint, Ex. A, ¶¶ 7-8). Plaintiff asserts the McKesson Defendants are liable under claims of negligence, negligence *per se*, and gross negligence. (Complaint, Ex. A, *generally*). Plaintiff also contends he is entitled to recover punitive damages, attorney's fees, and litigation expenses. Id.

5. Plaintiff seeks to recover damages for past, present, and future physical and mental pain and suffering, loss of enjoyment of life, loss of earnings and income,

and loss of ability to labor and earn money as well as other damages. (Complaint, Ex. A, ¶ 40).

6. This action is a civil action that falls under the Court's original jurisdiction pursuant to United States Code, Title 28, section 1332, and is one that may be removed to this Court by the McKesson Defendants pursuant to the provisions of Title 28, section 1441(b) because citizenship of Plaintiff is diverse from the McKesson Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7. For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). "Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. When determining if the defendant has satisfied its burden to establish jurisdiction by a preponderance of the evidence, if the court cannot determine whether it is facially apparent from the complaint that the jurisdictional

amount is in controversy, the court may consider facts alleged in the notice of removal, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied (i.e., affidavits, declarations or other documentation). Id. at 754-755 (citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616,617 (11th Cir. 1990).

8. A defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka at 754.  Instead, district courts are permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of the complaint ... establishes the jurisdictional amount." Id. at 770. Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1602 (11th Cir. 2010). Courts have held that the amount in controversy requirement may be sufficiently met based on the level of detail of alleged damages in a settlement offer and a pre-suit demand being greater than $75,000.00. Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007); Patel v. Kroger Co., 2013 WL 12068988, *2 (N.D. Ga. 2013) (Forrester, J.); Ray v. GPR Hospitality, LLC, 2015 U.S. Dist. LEXIS 103615, at *10 (N.D. Ga. 2015) (a

$150,000.00 settlement offer was "clearly indicative of Plaintiffs intent to recover damages above the jurisdictional threshold") (Cooper, J).

9. In his Complaint, Plaintiff did not allege a specific amount which she is seeking to recover. Prior to filing suit, Plaintiff made a demand in the amount of $200,000 on April 26, 2023 to settle Plaintiff's claims. (Settlement Demand, attached as Exhibit "B")[1]. Plaintiff's pre-suit demand is far greater than $75,000.00. Based on the past medical expenses, the stated intent of Plaintiff to recover additional damages including future medical expenses, pain and suffering and lost wages, as well as the pre-suit settlement demand, this Court is entitled to make a reasonable inference that the amount in controversy exceeds the $75,000 threshold.

10. There is also complete diversity in this action. Plaintiff is a resident and citizen of the State of Georgia. (Complaint, Ex. A, ¶ 1).

11. Defendant McKesson Corporation ("McKesson Corp.") is a Delaware corporation with its principal place of business in the State of Texas (see State of Georgia Annual Registration, attached as Exhibit "C"). McKesson Corporation's citizenship is therefore diverse to that of Plaintiff.

---

[1] Plaintiff's medical records from the Pre-Suit Demand have not been included as Exhibit "B" due to privacy concerns. Information addressing Plaintiff's medical treatment along with the Tax Identification Number for Plaintiff's counsel has been redacted within Exhibit "B".

12.     Defendant McKesson Medical-Surgical, Inc. ("MMSI") is a Virginia corporation with its principal place of is business located in the State of Virginia (see State of Georgia Annual Registration, attached as Exhibit "D").

13.     Defendant McKesson Medical-Surgical Supply Chain Services LLC ("MMSS") is Florida limited liability company with its principal office located in the state of Virginia (see State of Georgia Annual Registration, attached as Exhibit "E"). The individual member/manager of MMSS is MMSI, which is a Virginia Corporation with its principal place of business located in the State of Virginia. (see Exhibit "D").

14.     Defendant ABC Corporation is a fictitious defendant whose citizenship is unknown and shall be disregarded. 28 U.S.C. §§ 1332, 1441(b)(1).

15.     As shown above, this case is removable pursuant to United States Code, Title 28, section 1441 because the United States District Court has original jurisdiction under Title 28, section 1332(a), which provides in pertinent part: "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states."

16.     Written notice of this Notice of Removal will be promptly given to all parties in this action. The written notice of filing and a copy of the Notice of Removal

is being filed simultaneously with the Clerk of the State Court of Gwinnett County, State of Georgia, a copy of which has been attached as Exhibit F.

17. Venue is proper in this District Court pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the State Court of Gwinnett County, State of Georgia, which lies within the United States District Court for the Northern District of Georgia, Atlanta Division.  28 U.S.C. § 90(b)(3).

WHEREFORE, Defendants McKesson Corporation, McKesson Medical-Surgical Inc., and McKesson Medical-Surgical Supply Chain Services, LLC request this Court assume full jurisdiction over the cause of action as provided by law.

Respectfully submitted, this 14th day of August, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: /s/ *Negin K. Portivent*
Joseph J. Angersola
Georgia Bar No. 890572
Negin K. Portivent
Georgia Bar No. 149654
*Attorneys for Defendants McKesson Corporation, McKesson Medical-Surgical Inc., and McKesson Medical-Surgical Supply Chain Services LLC*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
404-874-8800 (ph)
404-888-6199 (fax)
joseph.angersola@swiftcurrie.com
negin.portivent@swiftcurrie.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to LR 5.1.

                                **SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   */s/ Negin K. Portivent*
        Joseph J. Angersola
        Georgia Bar No. 890572
        Negin K. Portivent
        Georgia Bar No. 149654
        *Attorneys for Defendants McKesson Corporation, McKesson Medical-Surgical Inc., and McKesson Medical-Surgical Supply Chain Services LLC*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
404-874-8800 (ph)
404-888-6199 (fax)
joseph.angersola@swiftcurrie.com
negin.portivent@swiftcurrie.com

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court via the Court's electronic filing system and electronically served a copy of same upon all parties of record as follows:

Brian J. Kennedy, Jr.<br>
David S. Eichholz<br>
The Eichholz Law Firm, P.C.<br>
319 Eisenhower Drive<br>
Savannah, GA  31406<br>
bkennedy@thejusticelawyer.com

This 14th day of August, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:  /s/ Negin K. Portivent
Joseph J. Angersola
Georgia Bar No. 890572
Negin K. Portivent
Georgia Bar No. 149654
*Attorneys for Defendants McKesson Corporation, McKesson Medical-Surgical Inc., and McKesson Medical-Surgical Supply Chain Services LLC*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
404-874-8800 (ph)
404-888-6199 (fax)
joseph.angersola@swiftcurrie.com
negin.portivent@swiftcurrie.com

4875-5727-9094, v. 2