UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLINTON WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>CENTRAL TRANSPORT LLC d/b/a CENTRAL TRANSPORT,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Clinton White ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Central Transport LLC d/b/a Central Transport (hereinafter "Defendant" or "Central Transport"), showing the following:

## I. NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of his rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

## II. PARTIES

2. Plaintiff is a resident of the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

3. Defendant is a Foreign Profit Corporation with a principal office located at 12225 Stephens Road, Warren, Michigan 48089.

4. Defendant may be served by delivering a copy of the Complaint and Summons to its Authorized Agents: Kevin Kalczynski, Vice President - Legal, 12225 Stephens Road, Warren, Michigan 48089; Michael Hott, 12225 Stephens Road, Warren, Michigan 48089.

5. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of the ADA.

7. The majority of the events plead herein occurred at Defendant's work site located at 4401 Bowman Industrial Ct., Conley, Georgia 30288.

8. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Atlanta Division of the Northern District of Georgia.

9. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

10. This action has been timely commenced.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

12. Defendant is now, and at all times relevant hereto has been, an employer subject to the ADA.

13. Plaintiff was employed by Defendant from February 2019, until his termination effective March 15, 2021.

14. At all times relevant to his claims, Plaintiff was employed as a Dock Worker/Forklift Operator in Defendant's Conley, Georgia location.

15. Prior to the events in question, Plaintiff had no negative performance reviews on his record.

16. During all times relevant to his legal claims, Plaintiff reported to Mr. Jymahl Tucker, Terminal Manager.

17. On or about December 8, 2020, Plaintiff was in a car accident, causing injuries to his knee and fracturing his neck.

18. On or about December 14, 2020, Plaintiff was cleared to return to work.

19. When Plaintiff attempted to return, however, Defendant indicated that it required Plaintiff to be medically cleared by a specialist.

20. Plaintiff did not have the funds necessary to see a specialist, as Defendant had not paid Plaintiff in full for a series of paychecks.

21. Plaintiff informed Defendant as such, yet the company insisted that Plaintiff provide a second release and treatment list from a specialist.

22. Around this same time, Plaintiff reached out to Defendant inquiring about the use of leave pursuant to the Family and Medical Leave Act ("FMLA"), but was told for several weeks that Plaintiff "did not need to use FMLA leave."

23. On or about January 19, 2021, Defendant provided FMLA leave paperwork to Plaintiff, and gave him a deadline of February 3, 2021.

24. As Plaintiff still needed the funds to see a specialist, he approached several members of management to collect his back pay.

25. Defendant responded that Plaintiff had been out long enough, and then stopped responding to his calls.

26. On or about February 4, 2021, Plaintiff was terminated from his employment by Mr. Tucker.

27. The termination was soon after rescinded, and Plaintiff was placed on FMLA leave by Defendant.

28. On or about February 24, 2021, Plaintiff was able to see his doctor, as Defendant finally paid his outstanding back pay.

29. Defendant's doctor diagnosed Plaintiff with a continuing medical condition caused by the car accident.

30. Plaintiff informed Defendant of his medical conditions, which substantially limited one or more of Plaintiff's major life activities.

31. On or about February 26, 2021, Plaintiff provided a release form to Defendant, which requested that Plaintiff be granted accommodations to perform his job functions.

32. Specifically, Plaintiff's doctor requested that Plaintiff work a reduced schedule of eight (8) hours per days from March 1, 2021, through March 1, 2022, as well as excused absences during that time as needed for flare-ups of his condition.

33. On or about March 1, 2021, Plaintiff and Defendant, through Ms. Marnie Huss (Human Resources Representative), discussed that Plaintiff was cleared by his doctor to return to work with restrictions, specifically, 40-hour work weeks, occasional therapy, and no staging or pulling.

34. Defendant denied Plaintiff's request for accommodations, stating that it was "against policy to allow people back with restrictions."

35. Defendant then asked Plaintiff to submit modified FMLA forms from his doctor, stating that Plaintiff was cleared to work without restrictions.

36. On March 3, 2021, Plaintiff exhausted his FMLA leave.

37. On or about March 4, 2021, Defendant sent Plaintiff a letter, requesting

documentation from his doctor and a return to work date.

38.    On or about March 8, 2021, Plaintiff again spoke with Ms. Huss regarding his return to work, and reminded her that Defendant was already in possession of the required forms and documentation and asked to return to work.

39.    Defendant continued to deny Plaintiff's accommodations.

40.    Defendant refused to allow Plaintiff to return to work based on the request for accommodations.

41.    Defendant terminated Plaintiff's employment, effective March 15, 2021.

42.    On June 7, 2021, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 410-2021-03370.

43.    Plaintiff received his Dismissal and Notice Rights from the EEOC, dated May 18, 2023.

## V. CLAIMS FOR RELIEF

## COUNT I: ADA DISCRIMINATION

44.    Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

45.    During all times relevant to his claims, Plaintiff was a qualified individual with disabilities.

46.    Defendant was aware of Plaintiff's medical conditions and disability.

47. Defendant denied Plaintiff's requests for accommodations, stating that the company has a blanket policy against granting accommodations to its employees.

48. Defendant did not engage in the interactive process.

49. There was no undue burden that prohibited Defendant from granting Plaintiff's requests for accommodations.

50. Plaintiff thereafter suffered the adverse action of termination.

51. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

52. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## COUNT II: ADA RETALIATION

53. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

54. Plaintiff engaged in protected activity under the ADA when he requested accommodations from Defendant in order to return to work.

55. Defendant denied Plaintiff's requests for accommodations.

56. Defendant and terminated Plaintiff's employment less than one month following the requests for accommodations.

57. Plaintiff suffered the adverse action of termination.

58. The circumstances of these adverse actions raise an inference of retaliation.

59. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

60. Defendant's actions against Plaintiff were willful.

61. Plaintiff has suffered damages as a result of Defendant's actions, for which he is entitled to recovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages;

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper;

f. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

g. Injunctive relief prohibiting Defendant from further unlawful conduct

of the type described herein; and

      h.    Any other relief this Court deems proper and just.

Respectfully submitted this 15th day of August 2023.

                                        THE KIRBY G. SMITH LAW FIRM, LLC

                                        <u>s/Amanda M. Brookhuis</u>
                                        Amanda Brookhuis
                                        Georgia Bar No. 601396
                                        Kirby G. Smith
                                        Georgia Bar No. 250119
                                        Benjamin Hill
                                        Georgia Bar No. 580903
                                        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, Georgia 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

9.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 15th day of August 2023.

        THE KIRBY G. SMITH LAW FIRM, LLC

        <u>s/Amanda M. Brookhuis</u>
        Amanda Brookhuis
        Georgia Bar No. 601396
        *Attorney for Plaintiff*