IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
DIVISION

| | |
|---|---|
| KECIA MILLSAP, <br><br> Plaintiff, <br><br> v. <br><br> JUST PEOPLE, INC, <br><br> Defendant. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Kecia Millsap ("Plaintiff" or "Ms. Millsap"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, back pay, and reasonable attorney fees against Defendant Just People, Inc ("Defendant") for violations of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this District. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

### **PARTIES**

4.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*, in that she had been employed with Defendant for more than twelve (12) months and worked more than 1250 hours in the twelve (12) months preceding her request for FMLA. During all times relevant hereto, Defendant has

employed fifty (50) or more employees, within a seventy-five-mile radius of Plaintiff's employment, for the requisite requirements under the FMLA.

7.

Defendant may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, Rebecca Dowling, located at 1412 Oakbrook Dr, Norcross, GA 30093.

## FACTUAL ALLEGATIONS

8.

Plaintiff began working for Defendant on or about October 29, 2019. Her last position was Property Fun Facilitator.

9.

In December 2021, Plaintiff needed to take FMLA leave for a serious health condition, COVID-19 requiring hospitalization.

10.

Plaintiff was released to return to work on or about March 7, 2022, without restrictions.

11.

Defendant refused to return Plaintiff to her previous position as Job Coach, despite Plaintiff's ability to perform the duties of a Job Coach and Plaintiff's release to work without restrictions.

3

12.

Defendant required Plaintiff to take a new position as Property Fun Facilitator upon Plaintiff's return from FMLA leave.

13.

Defendant informed Plaintiff that Defendant perceived the Plaintiff to be a liability due to her medical history.

14.

Other employees of Defendant, besides Plaintiff, have been terminated after taking FMLA leave.

15.

On July 14, 2022, Plaintiff was terminated from her position.

16.

Defendant's claimed reason for terminating Plaintiff was pretext.

17.

Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act by not allowing Plaintiff to return to her prior position as Job Coach.

18.

Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act by terminating Plaintiff because she took leave under the Family and Medical Leave Act.

## CLAIMS FOR RELIEF

## COUNT I:  FMLA INTERFERENCE

19.

Plaintiff re-alleges paragraphs 8-18 as if set forth fully herein.

20.

Defendant is an 'employer' as defined by the FMLA.s

21.

Plaintiff was an eligible employee under the FMLA.

22.

Plaintiff worked at least 1250 hours for Defendant within the twelve (12) months preceding her request for medical leave pursuant to the FMLA.

23.

Plaintiff was employed by Defendant for more than twelve (12) months.

24.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, *et seq.*

25.

Plaintiff had a medical condition that required Plaintiff to take time off work.

26.

Plaintiff had a serious medical condition as defined by the FMLA.

27.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition on or about December 2021.

28.

Defendant terminated did not allow Plaintiff to return to her previous position as Job Coach after taking FMLA leave, even though she was qualified under the FMLA for such leave, capable of performing her duties as Job Coach, and had been released to return to work without restrictions.

29.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, entitling Plaintiff to all appropriate relief under the statute.

30.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

31.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## COUNT II:  FMLA RETALIATION

32.

Plaintiff re-alleges paragraphs 8-18 as if set forth fully herein.

33.

Defendant is an 'employer' as defined by the FMLA.

34.

Plaintiff was an eligible employee under the FMLA.

35.

Plaintiff worked at least 1250 hours for Defendant within the twelve (12) months preceding their request for medical leave pursuant to the FMLA.

36.

Plaintiff was employed by Defendant for more than twelve (12) months.

37.

Plaintiff was employed by Defendant at a worksite with fifty (50) or more employees within seventy-five (75) miles of that worksite.

38.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, *et seq.*

39.

Plaintiff had a medical condition that required Plaintiff to take time off work.

40.

Plaintiff had a serious medical condition as defined by the FMLA.

41.

Defendant received notice of Plaintiff's need for protected medical leave for their medical condition on or about December 2021.

42.

Defendant terminated Plaintiff's employment because of her request for medical leave and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

43.

Defendant's termination of Plaintiff's employment was causally related to her attempt to exercise her rights to protected medical leave pursuant to the FMLA.

44.

Defendant's termination of Plaintiff's employment for alleged policy violations constitutes unlawful retaliation against Plaintiff for their attempt to exercise her rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

45.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(b) Reasonable attorney's fees and expenses of litigation;

(c) Trial by jury as to all issues;

(d) Prejudgment interest at the rate allowed by law;

(e) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights; and

(f) All other relief to which Plaintiff may be entitled.

Date: August 15, 2023

**BARRETT & FARAHANY**

s/ *Constance Cooper*
Constance Cooper
Georgia Bar No. 469041

Counsel for Plaintiff Kecia Millsap

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
constance@justiceatwork.com