# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FLYLAND DESIGNS, INC.,

    Plaintiff,

v.

JAKE'S FIREWORKS, INC.,

    Defendant.

CASE NO.:

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## (INJUNCTIVE RELIEF DEMANDED)

Plaintiff FLYLAND DESIGNS, INC. by and through its undersigned counsel, brings this Complaint against Defendant JAKE'S FIREWORKS, INC. for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff FLYLAND DESIGNS, INC. ("Flyland") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Flyland's original copyrighted Work of authorship and remove copyright management information.

2. Plaintiff is a Pennsylvania-based graphic artist studio founded in 2006 by Brian Allen ("Allen"). Allen is a freelance artist, illustrator and creative director

1

who has worked with a variety of brands such as Activision, Marvel, Adult Swim, Metallica, Hulk Hogan, Chick-Fil-A, Harley Davidson, Hard Rock Cafe, MTV, and many more. Allen is most recently known for his work designing Gritty, the Philadelphia Flyers mascot that became an internet phenomenon.  Allen creates artworks for advertising agencies, music bands, apparel companies, restaurants, motorcycle graphic distributors, packaging design firms, start-ups, magazines, and publishers.   Flyland operates as the exclusive licensor of Allen's artwork.

3. Defendant JAKE'S FIREWORKS, INC. ("Defendant" or "Jake's") is a company in the business of selling fireworks. Jake's is a retailer and wholesaler of fireworks with several stores located in multiple states within the United States.

4. Jake's owns and operates 12 retail locations in the state of Georgia, including Duluth, Douglasville, Riverdale, Stone Mountain, Buford, Kennesaw, Albany, Macon and Athens.

5. Defendant is a Kansas corporation, with its principal place of business at 1500 E. 27th Terrace, Pittsburg, KS, 66762.  Jake's is registered to do business in the state of Georgia and may be served through its agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

6. Defendant imported, distributed, sold, displayed and created derivative works of Flyland's copyrighted designs on fireworks packaging of

defendant's own WORLD-CLASS brand of fireworks without authorization from Flyland.

7. Defendant further distributed, sold, displayed and created derivative works of Flyland's copyrighted designs on t-shirts without authorization from Flyland.

8. Defendant committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of Defendant's business.

## JURISDICTION AND VENUE

9. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

10. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

11. Defendant is subject to personal jurisdiction in this district because it purposefully directed its activities toward and conducted business with consumers throughout the United States, including within the state of Georgia and in this district. Defendant opened stores in this district, registered to do business in Georgia, and has a registered agent in this judicial district.

12.     Defendant is further subject to personal jurisdiction in this district because the accused infringing goods asserted in this mater were distributed, offered for sale, and sold to customers in Georgia, and within this judicial district.

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant is located in this district, and Defendant is subject to personal jurisdiction in this district.

## THE COPYRIGHTED WORK AT ISSUE

14.     In 2015, Allen created the high-quality original artwork and illustration (the "Work"), shown here:



15. In 2017, Allen granted Flyland time-limited exclusive rights through 2025 to reproduce, distribute, display, and make derivative works of the Work. While Allen remains the copyright owner, during the active term of that license Flyland is the exclusive rightsholder.

16. In 2023, Allen registered the Work with the Register of Copyrights and was assigned Certificate of Registration Number VA 2-346-837. The Certificate of Registration is attached as Exhibit 1.

17. The Work is protected by copyright but is not otherwise confidential, proprietary, or comprised of trade secrets.

18. The Work is entirely creative, detailed, original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

19. At all relevant times Plaintiff was the exclusive licensor of the copyrighted Work.

20. When Flyland displayed and distributed the Work it attached its copyright management information ("CMI") to the Work, consisting of the name and logo for "Flyland Designs."

## **INFRINGEMENT BY DEFENDANT**

21.     Defendant has never been licensed to reproduce, publicly display, distribute, or create derivative works of the Work at issue in this action for any purpose.

22.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied, reproduced, imported, publicly displayed and/or distributed the Work.

23.     Defendant sells fireworks from several physical locations as well as its internet website located at the URL https://www.jakesfireworks.com/.

24.     Defendant advertised and sold products that used, publicly displayed, reproduced, and incorporated derivatives of Plaintiff's copyrighted Work on the fireworks packaging.

25.     On approximately January 13, 2023, Plaintiff discovered the unauthorized use of his Work on the Defendant's website and on third-party websites.

26.     Defendant copied Plaintiff's copyrighted Work without Plaintiff's permission.

27. Defendant copied and distributed Plaintiff's copyrighted Work in connection with Defendant's businesses for purposes of advertising and promoting its businesses.

28. Defendant advertised, promoted, and sold the products that reproduced Plaintiff's copyrighted Work on the fireworks packaging and t-shirts to third parties.

29. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

30. The reproductions of Plaintiff's copyrighted works on the fireworks packaging and t-shirts do not contain Flyland's copyright management information.

31. When Defendant copied and displayed the Work, it stripped Flyland's copyright management information from the Work.

32. Flyland never gave Defendant permission or authority to remove the copyright management information from the Work.

33. Plaintiff notified Defendant of the allegations set forth herein on April 13, 2023. To date, the parties have failed to resolve this matter.

## COUNT 1
## COPYRIGHT INFRINGEMENT

34. Plaintiff incorporates the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. At all times herein, Plaintiff owned exclusive rights to the Work at issue in this case.

36. The Work was registered with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

37. Defendant copied, displayed, and distributed the Work and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

38. Defendant performed the acts alleged in the course and scope of its business activities.

39. Plaintiff has been damaged.

40. The harm caused to Plaintiff has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

41. Flyland incorporates the allegations of paragraphs 1 through 33 of this Complaint as it fully set forth herein.

42. The Work at issue in this case contains copyright management information ("CMI") in the form of a watermark with Flyland's identifying information.

43. Defendant distributed or imported for distribution Flyland's Work knowing that the CMI had been removed or altered without authority of the copyright owner or the law, in violation of 17 U.S.C. § 1202(b).

44. Defendant committed these acts knowing or having reasonable grounds to know that the removal would induce, enable, facilitate, or conceal infringement of Flyland's rights in the Work at issue in this action protected under the Copyright Act.

45. Alternatively, Defendant caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that the removal would induce, enable, facilitate or conceal infringement of Flyland's rights in the Work at issue in this action protected under the Copyright Act.

46. Plaintiff has been damaged.

47. The harm caused to Plaintiff has been irreparable.

WHEREFORE, the Plaintiff FLYLAND DESIGNS, INC. prays for judgment against the Defendant JAKE'S FIREWORKS, INC., that:

a.  Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

b.  Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement as provided in 17 U.S.C. §§ 504 and 1203, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 1203;

c.  Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.  Plaintiff be awarded pre- and post-judgment interest; and

e.  Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: August 15, 2023           Respectfully submitted,

/s/ Evan A. Andersen
EVAN A. ANDERSEN
GA Bar Number. 377422
evan.andersen@sriplaw.com
FAITH BECKWORTH
GA Bar Number: 637002
faith.beckworth@sriplaw.com

SRIPLAW, P.A.
3372 Peachtree Road, Suite 115
Atlanta, GA 30326
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Flyland Designs, Inc.*

## **CERTIFICATE OF COMPLIANCE**

The undersigned does hereby certify that this pleading was prepared in Times New Roman font, 14-Point, in compliance with Local Rule 5.1.C.

/s/ Evan A. Andersen
EVAN A. ANDERSEN
