Case 1:23-mi-99999-UNA   Document 2602-1   Filed 08/15/23   Page 1 of 7

EXHIBIT 1

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04678-S7**
**7/7/2023 12:13 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| DEBORAH HENDERSON, | ) |
| Plaintiff, | ) ) 23-C-04678-S7 ) |
| v. | ) CIVIL ACTION ) FILE NO.: |
| DELTA AIR LINES, INC., UNIFI AVIATION, LLC and JOHN/JANE DOE 1-4, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DAMAGES

COMES NOW Deborah Henderson, Plaintiff in the above-styled action, by and through undersigned counsel, and files this Complaint pursuant to O.C.G.A. § 9-2-61 against Delta Air Lines, Inc., Unifi Aviation, LLC, and John/Jane Doe 1-4, respectfully showing the following:

## PRELIMINARY STATEMENT

1.

This is a civil action seeking to hold Delta Air Lines, Inc. and Unifi Aviation, LLC, liable for injuries sustained by Plaintiff. Certain employees under the direction and control of Delta Air Lines, Inc., and Unifi Aviation, LLC, broke protocol and procedure, by deviating from Federal law, when deplaning Plaintiff, who had a broken leg, from a Delta aircraft without a proper aisle chair, causing further injury to Plaintiff.

## PARTIES, JURISDICTION AND VENUE

2.

Deborah Henderson (hereinafter "Plaintiff") is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

3.

Defendant Delta Airlines, Inc. (hereinafter "Delta") is a Delaware corporation that maintains its principal place of business and headquarters at 1030 Delta Boulevard, Department 982, Atlanta, Fulton County, Georgia 30354, and may be served with process by delivering a copy of the Summons and Complaint in this matter upon its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4.

Defendant Unifi Aviation, LLC (hereinafter "Unifi") is a Delaware corporation that maintains its principal place of business and headquarters at 950 E. Paces Ferry Road, Suite 2000, Atlanta, Fulton County, Georgia 30326, and may be served with process by delivering a copy of the Summons and Complaint in this matter upon its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5.

The true names and/or capacities, whether individual, corporate, associate or otherwise of Does 1 through 4, inclusive, are unknown to plaintiff at this time. Plaintiff is informed and believes that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and thereby proximately and legally caused the injuries and damages to Plaintiff as hereinafter alleged. Plaintiff will ask leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendants when the same has been ascertained.

6.

At all times mentioned herein, the Doe Defendants were agents, employees, and representatives of Delta and Unifi, and doing the things hereinafter alleged, were acting within the

course and scope of such agency, service, and representation, and directed, aided and abetted, authorized or ratified each and every act and conduct hereinafter alleged.

7.

Defendants are subject to the jurisdiction of this Court and venue is proper in this Court.

**FACTS AND BACKGROUND**

8.

Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 7 above as if fully set forth herein verbatim.

9.

On December 11, 2021, Plaintiff was a passenger on Delta Flight 1867 from Antigua, Antiqua and Barbuda to Atlanta, Georgia.

10.

Plaintiff had suffered a pre-flight fall on December 11, 2021, resulting in a break to her left leg, and required wheelchair assistance for enplaning and deplaning to prevent further injury, falls and/or additional injuries.

11.

On December 11, 2021, Plaintiff was traveling back from Antigua, Antiqua and Barbuda. After arrival, and during the deplaning process, Delta and Unifi employees were required to assist Plaintiff with deplaning and navigating Hartsfield Jackson airport and provide mobility with the use of a wheelchair.

12.

On the same day and at the same time, Delta and Unifi employees failed to assist Plaintiff with the deplaning process and failed to provide a wheelchair for the process of deplaning.

13.

Defendants' failure to provide assistance forced Plaintiff to deplane unassisted, resulting in a fall at the threshold of the jetway, which caused serious injury to Plaintiff.

14.

Plaintiff already in pain, suffered an aggravation of an existing injury and sustained additional serious injuries, which caused Plaintiff increased pain and required treatment.

## COUNT I: VIOLATION OF AIR CARRIER ACCESS ACT (14 CFR § 382) ALL DEFENDANTS

15.

Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 14 above as if fully set forth herein verbatim.

16.

Defendants had a heightened duty to ensure the Plaintiff's safety while aboard, and upon deplaning and at any arrival and departure port.

17.

Defendants had a duty, as set out in the Air Carrier Access Act, 14 CFR § 382.40a(b), to assist the disabled Plaintiff in deplaning by use of "suitable devices that do not require employees to lift or carry passengers . . ."

18.

Defendants, pursuant to 14 CFR § 382.40a(d), had the duty to train their personnel in providing boarding assistance, training for proficiency in the use of the boarding assistance equipment used by the carrier and appropriate boarding assistance procedures that safeguard the safety and dignity of passengers.

19.

The aforementioned duties of the Defendants are non-delegable and each were breached in their entireties by using untrained/unqualified staff, defective equipment, and improper technique in assisting Plaintiff with deplaning, all of which caused her subsequent injuries.

### **COUNT II- NEGLIGENCE OF ALL DEFENDANTS**

20.

Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 19 above as if fully set forth herein verbatim.

21.

Defendants had a duty to ensure the Plaintiff's safety while aboard, and upon deplaning and at any arrival and departure port.

22.

Defendants were negligent and breached their duty of reasonable care for the safety and protection of Plaintiff in all or more of the following ways:

(a) failing to ensure it had access to proper equipment as is mandated by Federal law;

(b) failing to ensure that it used proper equipment to transport disabled patients in compliance with Federal law;

(c) failing to implement and/or follow policies, measures, and procedures necessary to protect the disabled Plaintiff and other disabled patrons;

(d) failing to properly train its staff and/ or contractors in such a manner as to ensure the safety of disabled passengers, more specifically, the Plaintiff;

(e) failing to properly train its staff and/or contractors to perform their job functions as related to disabled passengers in compliance with Federal law.

23.

Defendant Delta is a common carrier and, as such, owed Plaintiff the duty of extraordinary care pursuant to O.C.G.A § 46-9-1.

24.

As a direct and proximate result of Defendant's actions, as above described, which were intentional, careless, and negligent, Plaintiff suffered an aggravation of an existing injury, additional serious injuries, and substantial mental pain while in their care and sustained not only physical injury but substantial mental pain and suffering, psychological injuries, lost wages and unrelenting embarrassment for which she is entitled to recover.

## **DAMAGES**

25.

Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 24 above as if fully set forth herein verbatim.

26.

As a direct and proximate result of the Defendants' negligence, Plaintiff has sustained:

a) Various bodily injuries:

b) Past, present and future mental and physical pain and suffering, disruption of normal life and diminution in the enjoyment of life;

c) Current medical expenses in an amount of $106,205.09;

d) Lost wages and incidental expenses.

27.

As a direct and proximate result of Defendants' negligence, Plaintiff has endured physical and mental pain and suffering, psychological injuries, lost wages and unrelenting embarrassment, and is entitled to an award of general damages.

28.

Defendants are therefore liable to Plaintiff for special and general damages in an amount to be proven by the evidence at trial.

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgment against all Defendants as follows:

a) That this Complaint for Damages and Summons be issued and served upon these Defendants;

b) That Plaintiff have a trial by a fair and impartial jury;

c) That judgment for general damages be awarded to Plaintiff in an amount to be determined;

d) That Plaintiff have and recover for those special damages proven at trial;

e) That the costs of this action be cast upon the Defendants; and

f) That Plaintiff have such other and further relief as this Court deems appropriate.

This 7th day of July, 2023.

**KENNETH S. NUGENT, P.C.**

*/s/ Barton H. Goode*
Barton H. Goode
Georgia Bar No. 465035
Jan P. Cohen
Georgia Bar No. 174337
*Attorneys for Plaintiff*

4227 Pleasant Hill Rd.
Building 11
Duluth, Georgia   30096
T | (404) 253-5812
F | (404) 253-5793
bgoode@attorneykennugent.com
jcohen@attorneykennugent.com