Case 1:23-mi-99999-UNA   Document 2602-6   Filed 08/15/23   Page 1 of 13

EXHIBIT 6

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04678-S7**
**7/7/2023 12:13 PM**
**TIANA P. GARNER, CLERK**

### IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| **DEBORAH HENDERSON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**DELTA AIR LINES, INC., UNIFI** )<br>**AVIATION, LLC and JOHN/JANE** )<br>**DOE 1-4,** )<br>)<br>**Defendants.** ) | **CIVIL ACTION<br>FILE NO.:**<br>23-C-04678-S7 |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS, FIRST INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DELTA AIR LINES, INC.

COMES NOW, Deborah Henderson, Plaintiff in the above-styled case, by and through her attorney, and herewith serves upon you the following Requests for Admissions, Interrogatories, and Request for Production of Documents, pursuant to the Georgia Civil Practice Act, and requires Defendant Delta to answer the following Admissions, Interrogatories and Request for Production of Documents separately and fully in writing under oath and to serve a copy of your answers on the attorneys for Plaintiff within forty-five (45) days after the service of those requests, as provided by law. You are advised that if you fail to admit any of the Requests for Admissions and the Plaintiff is required to prove any fact contained in the Request at trial, the Plaintiff may seek all expenses incurred in making such proof, including reasonable attorneys' fees.

### REQUESTS FOR ADMISSION

1.

Please admit that on the date of the subject incident as alleged in the Complaint, Plaintiff was not provided assistance when deplaning.

2.

Please admit that on the date of the subject incident, as alleged in the Complaint, Defendant Delta had a written policy or guidelines for the deplaning of disabled passengers.

3.

Please admit that on the date of the subject incident, as alleged in the Complaint, Defendant UNIFI Aviation, LLC, had a written policy or guidelines for the deplaning of disabled passengers.

4.

Please admit that on the date of the subject incident, UNIFI Aviation, LLC, had a contract to perform passenger assistance services for Defendant Delta's passengers, including the assistance of deplaning disabled passengers.

5.

Please admit that on the date of the subject incident, Defendant Delta had a contract with Defendant UNIFI Aviation, LLC, to perform assistance on how to properly enplane and deplane disabled passengers.

6.

Please admit that on the date of the subject incident, Defendant UNIFI Aviation, LLC was a contractor for Defendant Delta.

7.

Please admit that prior to interacting with the traveling public, contractor personnel are required to complete training regarding the requirements of 14 C.F.R. 382 and Defendant Delta's disability procedure, including the deplaning of individuals with a disability.

8.

Please admit that on the date of the subject incident, Defendant Delta did not exercise required under the circumstances in keeping Plaintiff safe.

9.

Please admit that Defendant Delta is required to institute and maintain an effective quality assurance program to ensure Passenger Assistance Services comply with 14 C.F.R. Part 382.

10.

Please admit that this court has personal jurisdiction over Defendant Delta for the purposes of this lawsuit.

11.

Please admit that venue for this action proper as alleged in this Complaint.

12.

Please admit that sufficiency of process as to Defendant Delta was proper.

13.

Please admit that service of process on Defendant Delta was proper.

## **FIRST INTERROGATORIES**

You are required to answer the following interrogatories and to serve a copy of your answers on the attorneys for the Plaintiff as provided by law.

In answering the following interrogatories, you are requested to give full and complete answers based upon all knowledge of you and your agents, employees, servants, representatives, investigators, and others who have obtained information on your behalf.

All of the following interrogatories shall be deemed continuing in nature until the date of trial to the extent permitted by O.C.G.A. § 9-11-26(c), and you are required to serve supplemental answers to the extent required thereby if you or your attorneys obtain additional information between the time the answers are served and the time of trial.  Copies of such supplemental answers

shall be served on the attorney for Plaintiff within thirty (30) days from the discovery of such additional information, but not later than the time of trial.

When used in these interrogatories, the term "incident" specifically refers to the incident which occurred on or about December 11, 2021, at approximately 8:09 p.m., or shortly thereafter, on the Delta Air Lines, Inc., aircraft assigned to Flight 1867 from Antigua, Antiqua and Barbuda to Atlanta, Georgia, involving these parties, and which forms the basis of the Complaint filed by the Plaintiff in this action.

## **INTERROGATORIES**

1.

Identify the person or persons responding to these Interrogatories and all individuals that have provided assistance to you in responding to Plaintiff's First Interrogatories and Requests for Documents.

2.

If you contend that Plaintiff has brought this action against the wrong entity due to a misnomer, please state the complete name of the correct defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

3.

With particularity sufficient to satisfy O.C.G.A. 9-11-26 (b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

4.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a) Were eyewitnesses to the incident that gives rise to this lawsuit;

(b) Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part(a);

(c) Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence; and

(d) Assisted Plaintiff after she fell on your premises.

5.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

6.

Please identify any photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

7.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location at Defendant Delta's property.

8.

With particularity sufficient to satisfy O.C.G.A. 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

9.

Identify each person employed by Defendant Delta who was working at the subject property on the date of the incident described in the Complaint.

10.

To your information or belief, has there been any surveillance, photographs or videos of any party?   If so, identify what party was photographed or videoed, and identify all person who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance.

11.

Please identify each individual who was responsible for providing deplaning assistance to the Plaintiff on the date of the subject incident as alleged in the Complaint. Were these person(s) employees or agents of Defendant Delta? If not, please identify what entity employed them at the time of Plaintiff's fall.

12.

State each and every fact upon which you rely for each affirmative defense in your in your Answer to Plaintiff's Complaint.

13.

Identify any and all persons known to Defendant Delta who was present on the date Plaintiff was injured.

14.

In reference to the individual(s) identified in the previous Interrogatory, please state the following:

(a) Whether an incident report was prepared;

(b) The information contained in the incident report;

(c) The names, addresses, telephone number, present place of employment, work telephone number, job title, and present whereabouts of any and all persons having knowledge regarding Plaintiff's injuries.

15.

Please state whether there existed, prior to the incident, which is the subject of Plaintiff's complaint, any procedure or program for the deplaning of injured or disabled passengers. If so:

(a) Provide a general description of each such procedure or programs, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(b) State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(c) State whether the procedure or program had been carried out prior to the date of the subject incident; and

(d) Identify all documents relating to each such procedure or program and their findings.

16.

Please identify any and all changes that have been made to your policies and/or procedures concerning the deplaning of injured or disabled passengers at the subject property since the date of this incident as alleged in the Complaint.

17.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendant Delta or Defendant Delta's agents and servants? If your answer is yes, please identify:

    (a)    The party whom you contend was guilty of such negligence;

    (b)    Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

    (c)    Each and every fact and reason upon which you base your contentions; and

    (d)    Each and every person who has any knowledge or information concerning each such fact.

18.

Please identify any inherent aspect of the subject location where Plaintiff was injured that you believe posed a risk of physical injury to persons.  As to each such fact or circumstance identified:

    (a)    State when you were apprised of such inherent risk of danger; and

    (b)    Identify all documents relating to such fact or circumstance.

19.

Identify each and every other document, tangible object or other item of real, documentary evidence or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

20.

Please identify any and all other similar incidents or allegations for which a visitor or employee has filed an insurance claim against Defendant Delta and related to injuries at the subject property occurring during the last three (3) years.

21.

Please identify all individuals who had knowledge of Defendant Delta's or Defendant UNIFI's operation of deplaning injured or disabled passengers on the date of this incident as alleged in the Complaint.

22.

Please state whether, in compiling your answers to these Interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

You are required to produce the documents requested herein and to permit the Plaintiff, or someone acting on his behalf to inspect them and copy such documents as he may desire, within forty- five (45) days from the date of service as provided by law.  You may produce such documents by mailing copies of same to the undersigned at the office of Kenneth S. Nugent, P.C., 4227 Pleasant Hill Road, Bldg. 11, Suite 300, Duluth, GA 30096.

YOU ARE FURTHER NOTICED TO PRODUCE THE DOCUMENTS AT ANY DEPOSITION, HEARING OR TRIAL OF THIS MATTER PURSUANT TO O.C.G.A. §24-10-26.

The term "documents" is intended in the broad and literal sense, and means any and all forms of written, typed, printed, recorded, graphic, or computer matter, however produced, processed or reproduced, of any kind and description and whether an original, master, duplicate or copy, including but not limited to agreements, amendments, analysis, appointment books, bank checks, bills, cancelled checks, communication (including inter-office and intra-office), corporate records, correspondence, drafts, drawings, films, lists, memoranda, microfiche, microfilm, newspapers, notebooks, notes, orders, photographs, sound recordings of any type of personal or telephone conversations, and all other physical things containing information, including preliminary drafts of and marginal or other notes, notations or comments appearing on any document, however denominated or described.

If you dispute the genuineness of any documents produced in response to this Request for Production of Documents, please provide information sufficient to locate and obtain the original of such document.

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in Answer to Plaintiff's Complaint.

2.

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident.

3.

Any surveillance photographs, movies or videotapes made of Plaintiff.

4.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

6.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

8.

Each and every document relating to any facts about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

9.

Each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories propounded to you.

10.

All statements previously made by Plaintiff concerning the subject matter of this action.

11.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective on the date of this incident as alleged in the Complaint.

12.

All documents that discuss, review, explain, outline, and/or define Defendant Delta's procedure(s) for reporting, taking and/or filing incident reports, effective after the date of this incident as alleged in the Complaint.

13.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of this incident as alleged in the Complaint relating to enplaning and deplaning injured or disabled passengers, or passengers requiring wheelchair assistance, including but not limited to any references to procedures for enplaning and deplaning persons who have disabilities or employ the use of a wheelchair.

14.

A blank copy of the incident report used by Defendant Delta for documenting and reporting Plaintiff's injury on the date of this incident as alleged in the Complaint.

15.

A fully legible copy of the incident report completed by you and regarding Plaintiff's injury on the date of this incident as alleged in the Complaint.

16.

Copies of any and all letters, documents, reports, invoices, service records and emails concerning injuries on the subject property after the subject date of loss.

17.

Any and all documents that relate to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who allegedly, or actually, failed to inspect the subject area concerning Plaintiff's injury at the subject property on the date of the incident as alleged in the Complaint.

18.

Copies of any and all of your employee or agents timesheets, reports, invoices, and emails concerning work at the subject property on the date of the incident as alleged in the Complaint.

19.

A copy of all witness and employee statements gathered in conjunction with the incident report completed by you and regarding Plaintiff's injury at the subject property on the date of the incident as alleged in the Complaint.

This 7th day of July, 2023.

**KENNETH S. NUGENT, P.C.**

*/s/ Barton H. Goode*_____
Barton H. Goode
Georgia Bar No.  465035
Jan P. Cohen
Georgia Bar No. 174337
*Attorneys for Plaintiff*

4227 Pleasant Hill Rd.
Building 11
Duluth, Georgia   30096
T | (404) 253-5812
F | (404) 253-5793
bgoode@attorneykennugent.com
jcohen@attorneykennugent.com