# EXHIBIT 2

E-FILED IN OFFICE - KMG
E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-04235-S2
6/20/2023 4:27 AM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

LATANYA RHODES,                    )
                                   )
          Plaintiff,               )                    23-C-04235-S2
                                   )
v.                                 )         Civil Action No. _____
                                   )
HOSPITALITY VENTURES               )
MANAGEMENT, LLC d/b/a EMBASSY      )
SUITES BY HILTON ATLANTA           )
PERIMETER CENTER,                  )
                                   )
          Defendant.               )

---

## SUMMONS

---

**TO THE ABOVE-NAMED DEFENDANT:** HOSPITALITY VENTURES MANAGEMENT, LLC, 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney whose name and address is:

David S. Eichholz, Esq.
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, Georgia 31406

an answer to the complaint, which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 20th day of June 2023.

Clerk of Court
State Court of Gwinnett County, Georgia

By:_____
          (Deputy) Clerk

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04235-S2**
**6/20/2023 4:27 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LATANYA RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | 23-C-04235-S2 |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| HOSPITALITY VENTURES | ) | |
| MANAGEMENT, LLC d/b/a EMBASSY | ) | |
| SUITES BY HILTON ATLANTA | ) | |
| PERIMETER CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
### AND DEMAND FOR JURY TRIAL

COMES NOW LATANYA RHODES, Plaintiff in the above-captioned matter and submits her Complaint for Personal Injuries and Damages (the "Complaint") against the Defendant HOSPITALITY VENTURES MANAGEMENT, LLC d/b/a EMBASSY SUITES BY HILTON ATLANTA PERIMETER CENTER (hereinafter "Defendant"), by showing this Honorable Court that judgment should be entered in favor of the Plaintiff against the Defendant for the relief sought in the Complaint for the reasons pled as follows:

### PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS

1.

Plaintiff Latanya Rhodes (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia. By bringing this action, Plaintiff subjects herself to the jurisdiction and venue of this Honorable Court.

2.

Defendant Hospitality Ventures Management, LLC d/b/a Embassy Suites by Hilton

Page **1** of 7

Atlanta Perimeter Center (hereinafter "Defendant") is a foreign limited liability company, existing under the laws of the State of Delaware, with its principal place of business in Georgia. Service of process may be had on Defendant by serving its registered agent, Cogency Global, Inc., at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Gwinnett County, Georgia 30076.

3.

Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510(b)(3).

## STATEMENT OF FACTS

4.

On or about August 7, 2021, Plaintiff was an invitee of the Defendant on the property located at 1030 Crown Pointe Parkway, Atlanta, Georgia 30338.

5.

On or about August 7, 2021, Plaintiff, while still an invitee of Defendant, was using the shower in her hotel room. Suddenly, and without warning, Plaintiff slipped and fell due to a slippery substance in the shower.

6.

Plaintiff sustained severe personal injuries as a result of the slippery substance located on the shower floor.

7.

The Defendant owed a duty to invitees such as the Plaintiff to keep the premises and approaches safe.

8.

Prior to the subject incident, Defendant was aware or should have been aware of the

condition of the shower floor, and that it constituted a potential danger to its customers.

9.

Plaintiff neither assumed the risk of her accident nor shared in the negligence of Defendant.

## COUNT I: NEGLIGENCE OF DEFENDANT

10.

Paragraphs 1 through 9 above are incorporated by reference as if set forth fully herein.

11.

The slippery substance constituted a hazardous, dangerous, and unsafe condition.

12.

The Defendant, by statute and through their duly authorized agents, servants and/or employees did violate said duties and were negligent by the following acts and their omissions:

a. By negligently failing to exercise reasonable care to protect against a hazard arising from the slippery substance on the floor of the shower of the subject premises;

b. By failing to exercise due care and caution in the inspection of the premises to ascertain whether the shower floors were clean and unobstructed of the premises is an obvious disregard to the safety, health and well-being to the business invitees and the general public;

c. By failing to exercise ordinary care and prudence to make sure the shower floors were clean;

d. By failing to correct a dangerous condition of the premises, to wit: a slippery substance in the shower floor which could injure business invitees in an obvious disregard for the health, safety, and well-being of those invitees;

Page 3 of 7

e. By failing to maintain and/or properly clean the shower floor when the Defendant knew or should have known in the exercise of reasonable care;

f. That said portion of slippery shower floor posed an unreasonable risk to business invitees including Plaintiff by causing such dangerous condition to exist in an area where business invitees would traverse in an obvious disregard for the health, safety and well-being of its invitees thereby creating an unavoidable situation;

g. By allowing the existence of a poorly maintained shower floor of said premises when the Defendant knew that such a hazard could cause business invitees to be injured; and

h. By the commission of other acts of negligence which are hereby reserved for proof as discovery commences and at trial.

13.

On or about August 7, 2021, the Defendant did not take any action to rectify this dangerous condition, or to alert visitors of the dangerous condition, prior to the time that the Plaintiff was injured, despite having actual and/or constructive knowledge of the hazardous condition.

14.

Plaintiff had no knowledge of the existence of the dangerous and unsafe condition. Plaintiff had no reason to anticipate the shower floor would be slippery upon entering the premises. She had no prior knowledge of the dangerous condition.

15.

All times herein mentioned, Defendant was in control and custody of said property.

16.

The Defendant's negligence proximately caused the injuries, losses and damages suffered

by the Plaintiff.

## COUNT II: DAMAGES

### 17.

Paragraphs 1 through 16 above are incorporated by reference as if set forth fully herein.

### 18.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff suffered mental and physical injuries requiring medical treatment, as well as other damages.

### 19.

As a direct and proximate result of the negligence and negligence *per se* of Defendant, Plaintiff claims general damages against Defendant for all elements of pain and suffering and physical and mental injury, including shock, fright, and terror, endured by Plaintiff in an amount to be determined by the enlightened conscience of the jury after hearing the evidence at trial. Plaintiff has suffered mental and physical injuries requiring medical treatment and will continue to suffer the following:

(a) Past, present, and future physical and mental pain and suffering;

(b) Past, present, and future loss of enjoyment of life;

(c) Past, present, and future loss of earnings and income; and

(d) Past, present, and future loss of ability to labor and earn money, as well as other damages.

### 20.

Plaintiff claims special damages against Defendant for any medical expenses, including

future medical expenses, and loss of earning capacity incurred on her behalf in an amount which reflects the reasonable value of those services as established by the evidence at trial.

21.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff is entitled to recover all special damages in an amount to be proved at trial. Currently, Plaintiff has incurred more than $56,111.55 in medical bills.

22.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff is entitled to recover general damages including but not limited to Plaintiff's mental and physical pain and suffering and loss of capacity to enjoy life, past, present, and future.

23.

Defendant has acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary troubles or expenses. Plaintiff is therefore entitled to recover the expenses of litigation, including but not limited to attorney's fees.

WHEREFORE, Plaintiff prays as follows:

(a)     That Defendant be served with process and be required to answer this lawsuit;

(b)     That Plaintiff recover recompensive damages from Defendant for the personal injuries which she has suffered in an amount to be determined according to the enlightened conscience of an impartial jury;

(c)     That Plaintiff be awarded an amount sufficient to reimburse her for all past, present, and future medical expenses and wage losses associated with her injuries;

(d) ·    That Plaintiff be compensated for the mental and physical pain and suffering related

to her injuries;

      (e)     The Plaintiff be awarded interest at the legal rate on any judgment rendered;

      (f)     The Plaintiff be awarded expenses of litigation in bringing this action;

      (f)     That the Plaintiff have a trial by a jury of twelve (12) persons; and

      (g)     That Plaintiff be awarded any such other and further relief as the Court may deem

just and appropriate.

This 20th day of June 2023.

THE EICHHOLZ LAW FIRM, P.C.

*/s/ David S. Eichholz*
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorney for Plaintiff*

319 Eisenhower Drive
Savannah, GA 31406
(912) 232-2791 - phone
(912) 629-2560 - fax
David@thejusticelawyer.com

Page 7 of 7

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04235-S2**

**6/26/2023 6:31 AM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Gwinnett**                    **State Court**

Case Number: 23-C-04235-S2

Plaintiff: **Latanya Rhodes**
vs.
Defendant: **Hospitality Ventures Management, LLC d/b/a Embassy Suites by Hilton Atlanta Perimeter Center**

For:
David Eichholz
The Eichholz Law Firm
530 Stephenson Avenue
Suite 200
Savannah, GA 31405

Received by Ancillary Legal Corporation on the 20th day of June, 2023 at 10:45 am to be served on **Hospitality Ventures Management, LLC, 900 Old Roswell Lakes Pkwy, Ste 310, Roswell, GA 30076**.

I, Joyce Clemmons, being duly sworn, depose and say that on the **21st day of June, 2023** at **2:42 pm, I:**

served Hospitality Ventures Management, LLC by delivering a true copy of the **Summons, Complaint for Personal Injuries and Damages and Demand for Jury Trial** to: **Pat Stanley** as Authorized to **Accept** for **Hospitality Ventures Management, LLC**, at the address of: **900 Old Roswell Lakes Pkwy, Ste 310, Roswell, GA 30076**.

**Additional Information pertaining to this Service:**
6/21/2023  2:42 pm  Perfected corporate service at 900 Old Roswell Lakes Pkwy Ste 310, Roswell, GA 30076. Served Pat Stanley, Intake Specialist.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of  the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the ____ day of _____, _____ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**Joyce Clemmons**
Process Server

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2023006821
Ref: Rhodes

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04235-S2**

**7/21/2023 3:39 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LATANYA RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.  23-C-04235-S2 |
| v. | ) | |
| | ) | |
| HOSPITALITY VENTURES | ) | |
| MANAGEMENT, LLC D/B/A EMBASSY | ) | |
| SUITES BY HILTON ATLANTA | ) | |
| PERIMETER CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT HOSPITALITY VETURES MANAGEMENT, LLC'S RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

THIS CERTIFIES that pursuant to Uniform Rule of State Court 5.2, I have this day served a copy of the following discovery documents upon opposing counsel in the above-styled action:

1. **Defendant Hospitality Ventures Management, LLC's First Continuing Interrogatories to Plaintiff Latanya Rhodes;**
2. **Defendant Hospitality Ventures Management, LLC's First Request for Admissions to Plaintiff Latanya Rhodes; and**
3. **Defendant Hospitality Ventures Management, LLC's Request for Production of Documents and Things to Plaintiff Latanya Rhodes.**

Respectfully submitted this 21st day of July, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:     (404) 870-7378
Facsimile:     (404) 870-1030

*/s/ James R. Reeves*
Matthew G. Moffett
Georgia State Bar No.: 515323
James R. Reeves
Georgia State Bar No.: 455711
*Attorneys for Hospitality Ventures*
*Management, LLC*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing ***Defendant Hospitality Ventures Management, LLC's Rule 5.2 Certificate of Service of Discovery Materials*** with the Clerk of Court using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

**David S. Eichholz, Esq.**
**THE EICHHOLZ LAW FIRM, P.C.**
**319 Eisenhower Drive**
**Savannah, GA 31406**
david@thejusticelawyer.com

Dated this 21st day of July, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | **/s/ James R. Reeves** |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No.: 515323 |
| Atlanta, Georgia 30326 | James R. Reeves |
| Telephone:   (404) 870-7378 | Georgia State Bar No.: 455711 |
| Facsimile:    (404) 870-1030 | *Attorneys for Hospitality Ventures* |
| | *Management, LLC* |

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04235-S2**

**7/21/2023 3:10 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LATANYA RHODES, ) | |
| ) | |
|     Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO.  23-C-04235-S2 |
| v. ) | |
| ) | |
| HOSPITALITY VENTURES ) | |
| MANAGEMENT, LLC D/B/A EMBASSY ) | |
| SUITES BY HILTON ATLANTA ) | |
| PERIMETER CENTER, ) | |
| ) | |
|     Defendants. ) | |

## DEFENDANT HOSPITALITY VENTURES MANAGEMENT, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Hospitality Ventures Management, LLC d/b/a Embassy Suites by Hilton Atlanta Perimeter Center (hereinafter referred to as "Defendant") in the *Complaint for Personal Injuries and Damages and Demand for Jury Trial* of Plaintiff Latanya Rhodes (hereinafter referred to as "Plaintiff"), in the above-styled civil action, by and through undersigned counsel, and files this, its *Answer and Defenses* thereto, further showing this honorable Court as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any injury to Plaintiff resulted from his or her own acts.

### THIRD DEFENSE

No act or omission by Defendant either proximately caused or contributed to whatever injury or damage Plaintiff claims to have sustained.

## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant.

## FIFTH DEFENSE

Defendant shows that Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

## SIXTH DEFENSE

If Defendant was negligent, which Defendant emphatically denies, the negligence of Plaintiff equaled or exceeded that of Defendant.

## SEVENTH DEFENSE

Plaintiff's claims for interest, attorney's fees and expenses of litigation are unwarranted and unsupported by any construction of the law to the facts of this case.  As such, Plaintiff's claims pursuant should be dismissed.

## EIGHTH DEFENSE

Defenses asserted herein are based upon the initial theories of defense counsel.  As discovery has not yet begun, Defendant specifically reserves the right to raise any additional claims or affirmative defenses which may be discovered.  Defendant hereby incorporates by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8(c) to the extent applicable.

## NINTH DEFENSE

For a next Defense, Defendant answers each individually enumerated paragraphs in Plaintiff's Complaint as follows:

**PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS**

1.

Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant can neither admit nor deny the allegations contained within Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

**STATEMENT OF FACTS**

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.  However, to the extent that the allegations contained in this Paragraph of Plaintiff's Complaint raise an inference that Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

6.

Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the

truth thereof and puts Plaintiff upon strict proof of the same.  However, to the extent that the allegations contained in this Paragraph of Plaintiff's Complaint raise an inference that Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

7.

Defendant admits that it owed certain duties to guests on its property.  However, to the extent that the allegations contained in Paragraph 7 of Plaintiff's Complaint raise an inference that Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

## COUNT I: NEGLIGENCE OF DEFENDANT

10.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 9 of Plaintiff's Complaint as if those responses were set forth herein by reference.

11.

Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## COUNT II: DAMAGES

17.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 16 of Plaintiff's Complaint as if those responses were set forth herein by reference.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

In response to Plaintiff's unnumbered WHEREFORE paragraph, Defendant denies all allegations contained therein requiring a response.

WHEREFORE, having fully responded to the averments in Plaintiff's *Complaint*, Defendant Hospitality Ventures Management, LLC respectfully prays:

(a)     That judgment is rendered in favor of Hospitality Ventures Management, LLC and against Plaintiff;

(b)     That Hospitality Ventures Management, LLC be discharged with all costs cast against Plaintiff;

(c)     That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and

(d)     For such other and further relief as is just and proper.

Respectfully submitted, this the <u>21st</u> day of <u>July</u>, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:     (404) 870-7378
Facsimile:     (404) 870-1030

<u>*/s/ James R. Reeves*</u>
Matthew G. Moffett
Georgia State Bar No.: 515323
James R. Reeves
Georgia State Bar No.: 455711
*Attorneys for Hospitality Ventures*
*Management, LLC*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANT HOSPITALITY VENTURES MANAGEMENT, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

**David S. Eichholz, Esq.**
**THE EICHHOLZ LAW FIRM, P.C.**
**319 Eisenhower Drive**
**Savannah, GA 31406**
david@thejusticelawyer.com

Respectfully submitted, this the 21st day of July, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-7378
Facsimile:    (404) 870-1030

*/s/ James R. Reeves*
Matthew G. Moffett
Georgia State Bar No.: 515323
James R. Reeves
Georgia State Bar No.: 455711
*Attorneys for Hospitality Ventures*
*Management, LLC*

7

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04235-S2**

**8/9/2023 6:36 AM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

LATANYA RHODES,                          )
                                         )
          Plaintiff,                     )
                                         )       CIVIL ACTION FILE NO.:
v.                                       )
                                         )        23-C-04235-S2
HOSPITALITY VENTURES                     )
MANAGEMENT, LLC d/b/a EMBASSY            )
SUITES BY HILTON ATLANTA                 )
PERIMETER CENTER,                        )
                                         )
          Defendant(s).                  )

### CERTIFICATE OF SERVICE PURSUANT TO U.S.C.R. 5.2(2)

This is to certify that I have served a copy of the foregoing *Plaintiff's First Interrogatories and*

*Request for Production of Documents and Things to Hospitality Ventures Management, LLC* on the

following:

Matthew G.  Moffett, Esq.
Gray, Rust, St. Amand, Moffett & Brieske, LLP
950 East Paces Ferry Road
Atlanta, GA  30309

This 9th day of August 2023.

THE EICHHOLZ LAW FIRM, P.C.

*/s/ David S. Eichholz*
_____

DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorney for Plaintiff*

319 Eisenhower Drive
Savannah, Georgia 31406
(912) 232-2791
david@thejusticelawyer.com

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04235-S2**

**7/21/2023 3:10 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LATANYA RHODES, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. 23-C-04235-S2 |
| v. | ) |
| | ) |
| HOSPITALITY VENTURES | ) |
| MANAGEMENT, LLC D/B/A EMBASSY | ) |
| SUITES BY HILTON ATLANTA | ) |
| PERIMETER CENTER, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT HOSPITALITY VENTURES MANAGEMENT, LLC'S
## DEMAND FOR TWELVE PERSON JURY

COMES NOW Defendant Hospitality Ventures Management, LLC d/b/a Embassy Suites by Hilton Atlanta Perimeter Center, in the *Complaint for Personal Injuries and Damages and Demand for Jury Trial* of Plaintiff Latanya Rhodes ("Plaintiff"), by and through undersigned counsel, pursuant to O.C.G.A. § 15-12-122(a)(2), and hereby demands that this case be tried by a jury of twelve persons.

Respectfully submitted, this the 21st day of July, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-7378
Facsimile:    (404) 870-1030

**/s/ James R. Reeves**
Matthew G. Moffett
Georgia State Bar No.: 515323
James R. Reeves
Georgia State Bar No.: 455711
*Attorneys for Hospitality Ventures*
*Management, LLC*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **DEFENDANT HOSPITALITY VENTURES MANAGEMENT, LLC D/B/A EMBASSY SUITES BY HILTON ATLANTA PERIMETER CENTER'S DEMAND FOR TWELVE PERSON JURY** using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

**David S. Eichholz, Esq.**
**THE EICHHOLZ LAW FIRM, P.C.**
**319 Eisenhower Drive**
**Savannah, GA 31406**
**david@thejusticelawyer.com**

Dated this <u>21st</u> day of <u>July</u>, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | |
| **MOFFETT & BRIESKE, L.L.P.** | **/s/ James R. Reeves** |
| 950 East Paces Ferry Road, N.E. | Matthew G. Moffett |
| Suite 1700 – Salesforce Tower Atlanta | Georgia State Bar No.: 515323 |
| Atlanta, Georgia 30326 | James R. Reeves |
| Telephone:    (404) 870-7378 | Georgia State Bar No.: 455711 |
| Facsimile:     (404) 870-1030 | *Attorneys for Hospitality Ventures Management, LLC* |

E-FILED IN OFFICE - JT
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04235-S2**

**8/10/2023 12:27 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| LATANYA RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | 23-C-04235-S2 |
| HOSPITALITY VENTURES | ) | |
| MANAGEMENT, LLC d/b/a EMBASSY | ) | |
| SUITES BY HILTON ATLANTA | ) | |
| PERIMETER CENTER, | ) | |
| | ) | |
| Defendant(s). | ) | |

### CERTIFICATE OF SERVICE PURSUANT TO U.S.C.R. 5.2(2)

This is to certify that I have served a copy of the foregoing *Plaintiff's Responses to First Interrogatories, Request for Admissions, and Request for Production of Documents and Things from Hospitality Ventures Management, LLC* on the following:

Matthew G. Moffett, Esq.
Gray, Rust, St. Amand, Moffett & Brieske, LLP
950 East Paces Ferry Road
Atlanta, GA 30309

This 10th day of August 2023.

THE EICHHOLZ LAW FIRM, P.C.

*/s/ David S. Eichholz*

_____

DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorney for Plaintiff*

319 Eisenhower Drive
Savannah, Georgia 31406
(912) 232-2791
david@thejusticelawyer.com