## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DISTRICT

| | |
|---|---|
| CHRISTOPHER CARABOTTA and KIMBERLY CARABOTTA,<br><br>    Plaintiff,<br><br>-vs-<br><br>ALLY FINANCIAL INC.,<br><br>    Defendant. | CASE NO. |

## COMPLAINT AND DEMAND FOR JURY DEMAND

NOW COMES Plaintiffs, CHRISTOPHER CARABOTTA ("Christopher") and KIMBERLY CARABOTTA ("Kimberly") (hereinafter collectively "Plaintiffs"), by and through their undersigned counsel, and sues Defendant, ALLY FINANCIAL INC. (hereinafter "Ally"), and in support thereof, respectfully allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively the "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiffs, dispute information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Further, venue is proper in this District as Plaintiffs reside within this District, Ally transacts business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiffs are natural persons and residents of Douglas County in the State of Georgia.

10.    Plaintiffs are a "consumer" as defined by 15 U.S.C. § 1681a(c).

11.    Ally is a corporation with its principal place of business in the State of Michigan and is authorized to do business in the State of Georgia, through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

12.    Ally is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

13.    Ally furnished Plaintiff's information to Equifax, Experian, and Trans Union which was inaccurate.

## FACTUAL ALLEGATIONS

14.    Plaintiffs had a credit account with Ally for an auto lease, partial account no. 628923****** ("Ally Account").

15.    Plaintiffs made timely payments throughout the history of the lease until it expired in August of 2019 at which time the vehicle was returned.

16.    After some time, Ally sent a letter alleging that after further inspection, "excessive damage" was found on the returned vehicle, and as a result, an additional $195.00 was due.

17. In response, Plaintiffs initially made an insurance claim for the additional amount due which was unsuccessful. As such, Plaintiffs negotiated a settlement directly with Ally for $16.47 less than the original amount demanded.

18. At the time of settlement, Ally did not advise Plaintiffs that settlement would result in an adverse remark on their credit files.

19. In or about September of 2020, Plaintiffs learned of the negative remark on their credit reports and contacted Ally directly to dispute it.

20. The representative for Ally advised Plaintiffs that if the outstanding $16.47 was paid the account would be updated to "Paid in Full", and the negative remark would be removed.

21. Based on the information received from Ally, Plaintiffs immediately sent payment to Ally via Moneygram in the amount of $16.47.

22. On or about September 22, 2020, Plaintiffs received a letter from Ally advising that the account was "paid in full".

23. Following receipt of the September 22, 2020 letter, Plaintiffs reviewed their credit reports and observed the Ally Account was reported with a status of "paid in full" but a negative, delinquent remark continued to appear.

24. Plaintiffs disputed the negative remark as to the Ally Account directly with the CRAs to no avail.

25. In or about November 2020, the negative remark was still appearing on Plaintiffs' credit reports. Further, the Ally Account status of "settled for less than full balance" was reinserted.

26. Plaintiffs again disputed the negative remark and inaccurate pay status as to the Ally Account directly with the CRAs to no avail.

27. Upon information and belief, the CRAs notified Ally of Plaintiffs' dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by the CRAs in connection with the dispute investigations.

28. Finally, on or about July 30, 2023, Plaintiffs reviewed their credit reports and observed that the negative remark and pay status as to the Ally Account had been corrected. However, the damage had already been done.

29. As a result of the actions and/or inactions of Ally and inaccurate reporting, Christopher suffered damage to his credit score which has resulted in denials for multiple lines of credit as well as the inability to obtain a mortgage for the purchase of a new home.

30. As a result of the actions and/or inactions of Ally and inaccurate reporting, Kimberly suffered damage to her credit score which has resulted in denials for multiple lines of credit as well as negatively impacting Kimberly's homeowners' insurance, private mortgage insurance, and car insurance resulting in increased rates.

31. As a result of the inaccurate credit reporting, Plaintiffs have suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix their credit;

    ii. Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiffs are being physically affected by Ally's actions;

    iv.    Reduction in their credit scores;

    v.    Delay in applying for personal loans and lines of credit due to fear of further denials from Plaintiffs' lowered credit score; and

    vi.    Defamation as Ally furnished Plaintiffs' inaccurate information to the CRAs and through those entities to third parties.

## COUNT I
## Violations of 15 U.S.C. § 1681s-2(b) as to Defendant, Ally Financial Inc. (Negligent)

32. Plaintiffs re-allege and incorporate paragraphs one (1) through thirty-one (31) above as if fully stated herein.

33. Ally furnished inaccurate information about Plaintiffs to the CRAs, and through those companies, to all of Plaintiffs' potential lenders.

34. After receiving Plaintiffs' disputes, Ally violated 15 U.S.C. § 1681s-2(b) by: (i) failing to review all relevant information regarding Plaintiffs' disputes of the Ally Account; (ii) failing to accurately respond to the CRAs; (iii) failing to correctly report results of an accurate investigation to every credit reporting agency; and/or (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Ally Account inaccurately to the consumer reporting agencies.

35. Plaintiffs provided all the relevant information and documents necessary for Ally to determine that it was furnishing inaccurate information. Ally did not have a reasonable basis to believe that the information it was furnishing was accurate.

36. Further, Ally had sufficient evidence by which to have verified that the Ally Account was paid in full and as agreed. Instead, Ally knowingly chose to follow procedures which did not review, confirm, or verify the correct pay status.

37. Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs that Ally knew was inaccurate. Ally had been aware of Plaintiffs' disputes but continued to erroneously report.

38. As a result of this conduct, action, and/or inaction of Ally, Plaintiffs suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

39. Ally's conduct, action, and/or inaction was negligent rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

40. Plaintiffs are entitled to recover reasonable attorney's fees and costs from Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiffs, CHRISTOPHER CARABOTTA and KIMBERLY CARABOTTA, respectfully request that this Court award actual damages against Defendant, ALLY FINANCIAL INC., jointly and severally; award Plaintiffs their attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681s-2(b) as to Defendant, Ally Financial Inc. (Willful)

41. Plaintiffs re-allege and incorporate paragraphs one (1) through thirty-one (31) above as if fully stated herein.

42. Ally furnished inaccurate information about Plaintiffs to the CRAs, and through those companies, to all of Plaintiffs' potential lenders.

43. After receiving Plaintiffs' disputes, Ally violated 15 U.S.C. § 1681s-2(b) by: (i) failing to review all relevant information regarding Plaintiffs' disputes of the Ally Account; (ii) failing to accurately respond to the CRAs; (iii) failing to correctly report results of an accurate investigation to every credit reporting agency; and/or (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Ally Account inaccurately to the consumer reporting agencies.

44. Plaintiffs provided all the relevant information and documents necessary for Ally to determine that it was furnishing inaccurate information. Ally did not have a reasonable basis to believe that the information it was furnishing was accurate.

45. Further, Ally had sufficient evidence by which to have verified that the Ally Account was paid in full and as agreed. Instead, Ally knowingly chose to follow procedures which did not review, confirm, or verify the correct pay status.

46. Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs that Ally knew was inaccurate. Ally had been aware of Plaintiffs' disputes but continued to erroneously report.

47. As a result of this conduct, action, and/or inaction of Ally, Plaintiffs suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

48. Ally's conduct, action, and/or inaction was willful rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

49. Plaintiffs are entitled to recover reasonable attorney's fees and costs from Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiffs, CHRISTOPHER CARABOTTA and KIMBERLY CARABOTTA, respectfully request that this Court award actual or statutory damages and punitive damages against Defendant, ALLY FINANCIAL INC., jointly and severally; award Plaintiffs their attorney's fees and costs; award pre-judgment

and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, CHRISTOPHER CARABOTTA and KIMBERLY CARABOTTA, demand judgement for statutory, actual, and punitive damages against Defendant, ALLY FINANCIAL INC., jointly and severally; attorney's fees and costs; pre-judgment and post-judgment interest at the judgment rate; and such other further relief the Court deems appropriate.

Dated this 16th day of August, 2023.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
jason@theconsumerlawyers.com
*Attorney for Plaintiff*