IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD VERGASON f/k/a Ronald Jurnock,<br><br>     Plaintiff,<br><br>vs.<br><br>GREASE MONKEY INTERNATIONAL, LLC,<br><br>     Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action File No. |

## COMPLAINT

Plaintiff Ronald Vergason f/k/a Ronald Jurnock ("Vergason") brings this Complaint against Defendant Grease Monkey International, LLC ("Grease Monkey"), and shows the Court as follows:

**INTRODUCTION**

1.

Grease Monkey employed Vergason as a manager from November 2, 2020 through April 15, 2023 (hereinafter the "Relevant Time Period"). Grease Monkey failed to pay Vergason at one-and-one-half times his regular rate for work performed in excess of forty hours in each workweek, in violation of the overtime pay requirements of the Fair Labor Standards Act.

1

(a) **Jurisdiction and Venue**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Grease Monkey conducts business within this judicial district and because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

(b) **The Parties**

4.

Vergason is a natural person who currently resides in Jacksonville, North Carolina.

5.

At all times material hereto, Vergason was an "employee" of Grease Monkey within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

6.

Grease Monkey is a Corporation Service Company organized under the laws of the State of Delaware.

7.

At all times during the Relevant Time Period, Grease Monkey has been registered to do business in the State of Georgia.

8.

At all times material hereto, Grease Monkey was an "employer" of Vergason within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

9.

Grease Monkey is subject to the personal jurisdiction of this Court.

10.

Grease Monkey may be served with process through its registered agent Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corner, GA 30092.

**(c) Individual Coverage**

11.

Throughout the Relevant Time Period, Vergason regularly operated a telephone and a computer while performing services on behalf of Grease Monkey, as well as using motor oil and other equipment which travel in interstate commerce.

12.

Throughout the Relevant Time Period, Vergason was "engaged in commerce" as an employee of Grease Monkey within the meaning of the FLSA 29 U.S.C. § 203(s) 3(s)(1(A) and (B), a multi-state oil change company.

**(d) Enterprise Coverage:**

13.

Throughout the Relevant Time Period, Grease Monkey was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i) and (ii) and (s)(1)(B) as it operated oil change businesses in multiple states.

14.

During 2020, Grease Monkey has had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

During 2021, Grease Monkey has had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

During 2022, Grease Monkey has had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

During 2023, Grease Monkey has had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

During the Relevant Time Period, Vergason and other Grease Monkey employees handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Grease Monkey including, but not limited to,

computers, telephones, engine oil, car parts, tires, tools, office supplies, and office furniture.

19.

During 2020, Grease Monkey has had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

During 2021, Grease Monkey has had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2022, Grease Monkey has had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2023, Grease Monkey has had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2020, Grease Monkey had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2021, Grease Monkey had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

During 2022, Grease Monkey had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

During 2023, Grease Monkey expects to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

Throughout the Relevant Time Period, Grease Monkey has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**(e) No FLSA Exemptions are Applicable**

28.

Throughout the Relevant Time Period, Vergason was not exempt from the overtime pay requirements of the FLSA by reason of any FLSA exemption.

29.

Throughout the Relevant Time Period, Grease Monkey did not employ Vergason in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

30.

Throughout the Relevant Time Period, Grease Monkey did not employ Vergason in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

31.

Throughout the Relevant Time Period, Grease Monkey did not employ Vergason in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

32.

Throughout the Relevant Time Period, Grease Monkey did not employ Vergason in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

33.

Throughout the Relevant Time Period, Grease Monkey did not give Vergason authority to make decisions regarding the hiring or firing of its employees.

34.

Throughout the Relevant Time Period, Vergason did not hire or fire employees on behalf of Grease Monkey.

35.

Throughout the Relevant Time Period, Grease Monkey did not afford significant weight to Vergason's recommendations concerning the hiring and firing of its employees.

36.

Throughout the Relevant Time Period, Vergason did not make any final decisions related to disciplinary actions of employees without approval from Grease Monkey.

37.

Throughout the Relevant Time Period, Grease Monkey did not give Vergason authority to make decisions regarding setting or adjusting pay rates of employees.

38.

Throughout the Relevant Time Period, Vergason did not have a primary duty that involved the exercise of independent judgment and discretion with regard to matters of significance to Grease Monkey or its customers.

39.

Throughout the Relevant Time Period, Grease Monkey has failed to meet the requirements of any exemption from the overtime pay requirements of the FLSA related to Plaintiff.

40.

Throughout the Relevant Time Period, Grease Monkey misclassified Vergason as exempt from the overtime pay provisions of the FLSA.

**(f) Additional Factual Allegations**

41.

Throughout the Relevant Time Period, Vergason worked for Grease Monkey on a consistent and full-time basis.

42.

Throughout the Relevant Time Period, Grease Monkey employed Vergason as an employee with the title of "manager".

43.

Vergason's primary duties included, but were not limited to, changing oil; production work; customer service; scheduling via the Paycom website based on pre-set hour parameters from management; and submitting pre-generated inventory reports for approval by management.

44.

Throughout the Relevant Time Period, Grease Monkey paid Vergason on a salaried basis.

45.

Throughout the Relevant Time Period, Grease Monkey paid Vergason on a salaried basis of approximately $78,000.00 per year (*i.e.* $1,500.00 per week).

46.

Throughout the period from approximately November 2, 2020 through March 2021, Vergason regularly worked six (6) days per week, Monday through Saturday.

47.

Throughout the period from approximately April 2021 through April 15, 2023, Vergason regularly worked five days per week, Monday, Tuesday, Thursday, Friday, and Saturday.

48.

Throughout the Relevant Time Period, Vergason regularly worked from 8:00 a.m. until 7:00 p.m. on weekdays.

49.

Throughout the Relevant Time Period, Vergason regularly worked from 8:00 a.m. until 6:00 p.m. on Saturdays.

50.

Throughout the period from approximately November 2, 2020 through March 2021, Vergason regularly worked 65 hours during most work weeks.

51.

Throughout the period from approximately April 2021 through April 15, 2023, Vergason regularly worked 54 hours or more during most work weeks.

52.

Throughout the Relevant Time Period, Grease Monkey did not afford Vergason a period of thirty (30) minutes or more, free from all duty for purposes of taking a meal.

53.

Throughout the Relevant Time Period, Grease Monkey was aware that Vergason worked without receiving a meal break during most workdays.

54.

Throughout the Relevant Time Period, Grease Monkey was aware of the actual number of hours Vergason worked during each work week.

55.

Throughout the Relevant Time Period, Grease Monkey knew or should have known that the FLSA applied to Vergason.

56.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Grease Monkey compensate Vergason at a rate of one–and–one–half times her regular rate for all time worked in excess of forty (40) hours in a work week.

57.

Grease Monkey knew or should have known that Section 7 of the FLSA requires that Grease Monkey compensate Vergason a premium for all time worked in excess of forty hours in a given workweek.

58.

Throughout the Relevant Time Period, Vergason regularly worked more than forty (40) hours during a given workweek.

59.

Throughout the Relevant Period, Grease Monkey failed to pay Vergason at one-and-one-half times his regular rate for time worked in excess of forty (40) hours in any and all workweek.

### COUNT 1 - FAILURE TO PAY OVERTIME

60.

The allegations in paragraphs 1-59 above are incorporated herein by reference as if set forth verbatim.

61.

Throughout the Relevant Time Period, Vergason was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

62.

Throughout the Relevant Time Period, Vergason regularly worked in Grease Monkey's employ in excess of forty (40) hours during each work week.

63.

Throughout the Relevant Time Period, Grease Monkey failed to pay Vergason at one-and-one-half times his regular rate for time worked in excess of forty (40) hours during each work week.

64.

Throughout the Relevant Time Period, Grease Monkey willfully failed to pay Vergason at one–and–one–half times his regular rate for work in excess of forty (40) hours during each work week.

65.

As a result of the underpayment of overtime compensation as alleged above, Vergason is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

66.

Defendant's violation of the FLSA was willful, entitling Plaintiff to a three-year statute of limitations pursuant to 29 U.S.C. § 255.

67.

As a result of the underpayment of overtime compensation as alleged above, Vergason is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

68.

As a result of the underpayment of overtime compensation as alleged above, Vergason is entitled to his costs of litigation, including his reasonable attorneys' fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Vergason respectfully prays:

1. That he be awarded a judgment of unpaid overtime compensation due in an amount to be determined at trial;
2. That he be awarded a judgment of liquidated damages;
3. That he be awarded his costs of litigation, including his reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b);
4. That he be awarded nominal damages;
5. That he be afforded a three year statute of limitations pursuant to 29 U.S.C. § 255 for Defendant's willful violations of the FLSA; and

6. For such other and further relief as the Court deems just and proper.

    Respectfully submitted,

|  |  |
|---|---|
|  | ***DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC*** |
| 101 MARIETTA STREET<br>SUITE 2650<br>ATLANTA, GEORGIA 30303<br>(404) 979-3150<br>(404) 979-3170 (f)<br>benjamin@dcbflegal.com<br>charlesbridgers@dcbflegal.com | */S/ MITCHELL D. BENJAMIN*<br>MITCHELL D. BENJAMIN<br>GA. BAR NO. 049888<br><br>*/S/CHARLES R. BRIDGERS*<br>CHARLES R. BRIDGERS<br>GA. BAR NO. 080791 |