UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RUBEN CRUZ,<br><br>  Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>  Defendant. | CASE NO. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, RUBEN CRUZ (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

1

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION, VENUE, AND PARTIES**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as the principal address of Equifax is in this District; a substantial portion of the violations described in this Complaint occurred in this District; and Equifax transacts business within this District.

9. Plaintiff is a natural person and resident of Harris County, Texas. He is a consumer as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. In or about February 2023, Plaintiff was alerted about a collection account being placed on his Equifax credit file. Upon review of his Equifax credit report, Plaintiff learned of non-party, National Credit Systems, Inc., partial account number *****56, on his account, with the original creditor being Lenox Apartments (hereinafter "NCS Account"). The NCS Account had an outstanding balance of over $3,000.

14. Plaintiff never lived at or co-signed for a lease at Lenox Apartments, nor did he owe any debt to Lenox Apartments or National Credit Systems, Inc.

15. Shortly after becoming aware of this fraudulent NCS Account, Plaintiff contacted Equifax to dispute the NCS Account online. Additionally, Plaintiff added a Consumer Statement within his Equifax credit report regarding the fraud:



16. On February 27, 2023, concerned he was a victim of identity theft, Plaintiff filed a police report with the Houston Police Department regarding the NCS Account.

17. On March 4, 2023, Equifax responded to Plaintiff's online dispute by adding a consumer statement to the NCS Account which stated "Consumer Disputes – Reinvestigation in Process".

18. Equifax failed to conduct an independent investigation, and Equifax never attempted to contact Plaintiff during the alleged investigation.

19. Not knowing what else to do, on March 26, 2023, Plaintiff filed an Identity Theft Report with the Federal Trade Commission, Report No. 156800336, informing them that he believed he may be a victim of identity theft due to the NCS Account being on his credit report.

20. This was incredibly damaging to Plaintiff's credit score.

21. On or about April 11, 2023, Plaintiff obtained a copy of his Equifax credit report, and the NCS Account continued to be reported with the damaging balance of $3,361 past due. Upon further review, Plaintiff noticed the report no longer stated the account was disputed and only had the comment "Collection Account". Such erroneous reporting by Equifax only continued to damage Plaintiff's credit score.

22. In response to the continued inaccurate reporting, on April 13, 2023, Plaintiff mailed a written dispute letter to Equifax. In the detailed dispute letter, Plaintiff explained that the NCS Account was a result of fraud. To confirm his identity, a copy of his driver's license was included in this letter. Additionally, in the letter, Plaintiff included images from his credit report of the erroneous account, a copy of the filed police report, and a copy of the Federal Trade Commission Identity Theft Report.

23. Plaintiff mailed his detailed dispute letter to Equifax via USPS Priority Mail, tracking no. 9405 5091 0937 5001 1136 25.

24. Despite having delivery confirmation on April 15, 2023, Equifax failed to provide a response to Plaintiff's detailed dispute letter.

25. However, upon review of his Equifax credit report, Plaintiff observed that the NCS Account had been removed and was no longer being reported on his credit file.

26. How, or why, Equifax took so long to correct its mistake is unknown to Plaintiff.

27. As a result of the actions and/or inactions of Equifax, Plaintiff has suffered damage to his credit score.

28. As a result of the actions and/or inactions of Equifax, Plaintiff was also denied a lease with the company ACIMA.

29. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix his credit;

   ii. Loss of time attempting to cure the errors;

   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Equifax's actions; and

   iv. Defamation as Equifax published Plaintiff's inaccurate information to third parties.

## COUNT I
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

30. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

31. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

32. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

33. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

34. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

35. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RUBEN CRUZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT II
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

36. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

37. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

38. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

39. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

40. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

41. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RUBEN CRUZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of the 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

42. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

43. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

44. Plaintiff provided Equifax with the information it needed to confirm that the NCS Account did not belong to Plaintiff, and it was a result of identity theft. Equifax ignored this information and failed to respond to Plaintiff's disputes.

45. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

46. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

47. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RUBEN CRUZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of the 15 U.S.C. § 1681i as to Defendant, Equifax Information Services LLC (Willful)

49. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) above as if fully stated herein.

50. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

51. Plaintiff provided Equifax with the information it needed to confirm that the NCS Account did not belong to Plaintiff, and it was a result of identity theft. Equifax ignored this information and failed to respond to Plaintiff's disputes.

52. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

53. As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

54. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

55. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RUBEN CRUZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-

judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RUBEN CRUZ, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 16th day of August 2023.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Tav@theconsumerlawyers.com
Jason@theconsumerlawyers.com
*Attorney for Plaintiff*