# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CLUB POINTE CONDOMINIUM ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No. |
| v. | ) ) | On Removal from Superior Court |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | of Gwinnett County Civil Action No.  23-A-06093-3 |
| Defendant. | ) ) | |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, State Farm Fire and Casualty Company (hereinafter "State Farm" or "Defendant"), by and through the undersigned attorneys, and hereby files this, its Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff for any cause of action, including for breach of contract, because Defendant at no time breached or otherwise violated

1

any of the terms or conditions of the insurance policy between State Farm and Plaintiff. At all times, Defendant acted in accordance with its rights and obligations as set forth in the Policy.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint or prayer for relief seeks, or is construed as seeking, damages other than the contractual damages, such remedies are not available to the Plaintiff inasmuch as O.C.G.A. § 33-4-6 is the sole manner by which to recover extra-contractual damages, including attorney's fees, from an insurer in a first party dispute over payment of insurance benefits.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint or prayer for relief seeks or is construed as seeking to recover bad faith penalties and attorney's fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiff, as Plaintiff failed to satisfy the substantive and/or procedural requirements for making a claim for bad faith, as required under O.C.G.A. § 33-4-6.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover for any damage to real or personal property under the subject insurance policy and applicable Georgia law to the extent that the damages are excluded by the Policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Defendant because the Policy specifically excludes coverage for Plaintiff's claimed damages. Specifically, the Policy provides:

## SECTION I – EXCLUSIONS

1. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . .

K. **Neglect** of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

. . .

I. **Other Types of Loss** (1) wear and tear…

. . .

3. We will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

b. conduct, acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault

c. **Work**
   Faulty, inadequate, or defective:
   (1) Planning, zoning, development, surveying, siting;
   (2) Design, specifications, workmanship, repair,

3

construction, renovation, remodeling, grading, compaction;

(3) Materials used in repair, construction, renovation or remodeling, or

(4) Maintenance; of part or all of any property (including land, structures or improvement of any kind) on or off the described premises.

But if accidental direct physical loss results from items 3.a,, 3.b., or 3.c., we will pay for that resulting loss unless the resulting loss is itself one of the losses not insured in SECTION I of this coverage form

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to any recovery under the Policy, which State Farm denies, Plaintiff's recovery is limited by the coverage limits and loss settlement provisions of the insurance Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiff was entitled to recover under its Complaint, which Defendant denies, Plaintiff is unable to recover the damages as set forth in its Complaint because this amount does not reflect the reasonable and necessary costs to repair the damage to the Property.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from Defendant for any alleged damage to the extent that the damage did not occur within the Policy Period. The Policy provides in pertinent part:

## SECTION I– CONDITIONS

**d. Policy Period.**
    1) We cover loss commencing:
    (a) During the policy period shown in the Declarations; and
    (b) Within the coverage territory or, with respect
       to property in transit, while it is between
       points in the coverage territory

## <u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff may not recover from Defendant on the basis that Plaintiff failed to mitigate its damages in accordance with Georgia law.

## <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

To the extent that Plaintiff seeks to recover pursuant to any alleged violation of Georgia's Unfair Claims Settlement Practices Act, Plaintiff is legally prohibited from doing so as the Act does not create or imply any private cause of action. *See* O.C.G.A. § 33-6-37.

## <u>TWELFTH AFFIRMATIVE DEFENSE</u>

To the extent that Plaintiff attempts to impose duties upon Defendant aside from those set forth in the insurance contract, Plaintiff fails in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, Defendant acted in good faith and in accordance with the terms and conditions of the Policy.

## <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff is barred from recovery on the basis of waiver and/or estoppel.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks to recover replacement cost benefits, Plaintiff has not satisfied the contractual requirements to recover these benefits pursuant to the terms of the Policy and applicable law.

## **FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is unable to recover for any damages that did not result from accidental direct physical loss as required by the policy. Specifically, the Policy provides:

### **SECTION I – COVERED CAUSES OF LOSS**
We insure for accidental direct physical loss to Covered Property unless the loss is: 1. Excluded in SECTION 1 EXCLUSIONS; or 2. Limited in the Property Subject To Limitations provision.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff may not maintain this action against Defendant because Plaintiff failed to satisfy the conditions precedent to bringing suit set forth in the insurance policy issued by Defendant to Plaintiff. Specifically, the policy provides:

### **SECTION I – CONDITIONS**
. . .
d.   **Legal Action Against Us**. No one may bring a legal action against us under this insurance unless: 1) there has been full compliance with the terms of this insurance; and 2) the action is brought within 2 years after the date on which the accidental direct physical loss occurred.

## <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff may not maintain this action against Defendant because Plaintiff did not satisfy the **Duties After Loss** provisions in accordance with the policy requirements. Specifically, the Policy provides:

## SECTION I – CONDITIONS

. . .

c. **Duties In The Event Of Loss**

1) You must see that the following are done in the event of loss to Covered property:

(a) Notify the police if a law may have been broken.

(b) Give us prompt notice of the loss. Include a description of the property involved.

(c) As soon as possible, give us a description of how, when and where the loss occurred

(d) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your emergency and temporary repair expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits Of Insurance of SECTION 1 — PROPERTY.

However, we will not pay for any subsequent loss resulting from a cause of loss that is not a Covered Cause Of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(e) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(f) As often as may be reasonably required, permit us to inspect the property proving the loss and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(g)Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(h) Cooperate with us in the investigation or settlement of the claim.

(i) Resume all or part of your "operations" as quickly as possible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant responds to the specific allegations of Plaintiff's Complaint as follows:

## PARTIES

### 1.

Upon information and belief, in response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff is an entity located in Hall County, Georgia.

### 2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits only that it is a foreign insurance company, authorized to transact business in the State of Georgia, and in the business of selling insurance policies and that its registered agent is located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 2 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the insurance policy issued by Defendant provides unfettered and/or unrestricted insurance coverage.

All coverage provided is subject to the terms and provisions of the Policy and applicable Georgia law.

## **JURISDICTION AND VENUE**

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits only that the Superior Court of Gwinnett County has jurisdiction over this matter but denies all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only court having jurisdiction over this matter and any allegations that Defendant breached its contract with Plaintiff or otherwise acted in bad faith.

4.

In response to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendant admits only that the Superior Court of Gwinnett County is a proper venue in which to bring this matter, but denies all remaining allegations contained in Paragraph 4 of Plaintiff's Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only venue in which this matter could be brought and any allegations that Defendant breached its contract with Plaintiff or otherwise acted in bad faith.

5.

In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and deny all allegations contained in Paragraph 5 in direct contradiction thereto. Defendant admits that jurisdiction and venue are proper in this Court.

**THE POLICY**

6.

In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant admits only that it issued Policy Number 91-LQ-5856-9 (the "Policy") to Plaintiff. Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 6 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are denied.

7.

In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant admits only that it issued the Policy to Plaintiff for the property located at:

- 3201 to 3206 Club Pointe Way
  Gainesville, GA  30506

- 3207 to 3208 Club Pointe Way
  Gainesville, GA  30506
   ("the Property")

Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 7 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

8.

In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 8 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

9.

In response to the allegations contained in Paragraph 9 of Plaintiff's

11

Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 9 in contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law.

*[Alleged]* **SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

10.

In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits only that the coverage terms of the Policy extended from March 4, 2021, to March 4, 2022, and that Plaintiff first reported that the Property suffered alleged damage from a storm event on or about April 25, 2021, then later alleged the date was July 16, 2021. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11.

In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits only that on or around March 31, 2022, the Plaintiff notified Defendant of the alleged storm damage to the Property that occurred on

April 24, 2021. Defendant admits further that Plaintiff made a claim pursuant to the Policy for the alleged storm damage to the Property, and State Farm assigned the claim no. 11-32F4-12W. Defendant further admits that on August 2, 2022, Defendant received a correspondence from Plaintiff's counsel requesting to change the date of loss to July 21, 2022. A State Farm Claim Representative was assigned to adjust the claim on behalf of State Farm. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits only that Plaintiff permitted Defendant to inspect the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.

In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendant admits only that Plaintiff permitted Defendant to inspect the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14.

In response to Paragraph 14 of Plaintiff's Complaint, Defendant admits only

that Defendant conducted an inspection of the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant owed Plaintiff any duties aside from those set forth by the terms and provisions of the insurance contract.

15.

In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant admits only that Exhibit "B" is a true and accurate copy of Defendant's letter sent to Plaintiff, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 15 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant undervalued the claim.

16.

In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant admits only that Defendant and representatives of Plaintiff exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 16 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.

In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant admits only that Plaintiff sent Defendant correspondence dated May 16, 2023, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.

In response to the allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendant admits only that Plaintiff sent correspondence to Defendant dated May 16, 2023, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 18 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that the May 16, 2023 correspondence the constituted a timely or valid demand for payment.

19.

All allegations contained in Paragraph 19 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

20.

Defendant denies all the allegations contained in Paragraph 20 of Plaintiff's

Complaint.

21.

In response to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendant admits only that there is a dispute between Plaintiff and Defendant regarding whether the alleged damage to the Property was caused by a covered cause of loss, the amount necessary to repair any covered damage, and the alleged date that the loss or losses occurred. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

**COUNT I:  *[alleged]* BREACH OF CONTRACT**

23.

To the extent a response is required to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendant incorporates herein by reference its responses to Plaintiff's enumerated Paragraphs 1 through 22.

24.

In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint, Defendant admits only that Plaintiff provided some information and

documentation requested by State Farm during the adjustment of Plaintiff's claim as required under the terms and conditions of the Policy. Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Paragraph 24 of Plaintiff's Complaint

25.

In response to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant admits that the Policy speaks for itself and would afford coverage for certain losses subject to the Policy's terms and conditions and applicable Georgia law. All remaining allegations contained in Paragraph 25 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property, pursuant to the terms and provisions of the Policy and applicable Georgia law.

26.

All allegations contained in Paragraph 26 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Plaintiff made a timely or valid demand for payment.

27.

All allegations contained in Paragraph 27 of Plaintiff's Complaint are

denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

28.

All allegations contained in Paragraph 28 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

29.

All allegations contained in Paragraph 29 of Plaintiff's Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

30.

Defendant denies all the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

To the extent a response is required to the allegations contained in Paragraph 31 of Plaintiff's Complaint, Defendant denies the allegations contained in

Paragraph 31 of Plaintiff's Complaint.

### COUNT II:  *[alleged]* BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6

32.

To the extent a response is required to the allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendant hereby incorporates by reference its answers to Paragraphs 1 through 31 as if each were fully set forth herein.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in Paragraph 35, including subsection (1)- (8), of Plaintiff's Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's

Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Paragraph 39 of Plaintiff's Complaint contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendant denies Paragraph 39 of Plaintiff's Complaint.  By way of further response, Defendant explicitly denies that it is indebted to Plaintiff in any amount whatsoever.

40.

To the extent a response is required to the allegations contained in Paragraph 40 of Plaintiff's Complaint, Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

## **DEMAND FOR JURY TRIAL**

41.

To the extent a response is required to the allegations contained in Paragraph 41 of Plaintiff's Complaint, Defendant admits the allegations contained in Paragraph 41 of Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

42.

Defendant denies all allegations contained in Plaintiff's Prayer for Relief and Paragraph 42 of Plaintiff's Complaint, including those allegations set forth in subsections (a) through (i) contained therein.

Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Plaintiff's Complaint.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court:

(a) Deny Plaintiff's prayer for damages;

(b) Dismiss this action with prejudice and cast all costs upon Plaintiff;

(c)  The Defendant be granted a jury of twelve; and

(d) Award Defendant any other relief that this Court deems just and equitable.

This 17th day of August, 2023.

*[signatures on next page]*

SWIFT CURRIE MCGHEE & HIERS

*/s/   Kayla M. McCallum*
Melissa A. Segel
Georgia Bar No. 020406
Kayla M. McCallum, Esq.
Georgia Bar No. 240946
***Attorneys for Defendant***

1420 Peachtree Street NE
Suite 800
Atlanta, GA  30309
(404) 874-8800
melissa.segel@swiftcurrie.com
kayla.mccallum@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I have this day electronically filed ***Defendant***

***State Farm Fire and Casualty Company's Answer and Affirmative Defenses*** with

the Clerk of Court using the CM/ECF System which will notify counsel of record

as follows:

Michael D. Turner
Foster L. Peebles
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, GA  30075
mdturner@lawhuggins.com
fpeebles@lawhuggins.com
*Attorneys for Plaintiff*

This 17th day of August, 2023.

            **SWIFT CURRIE MCGHEE & HIERS**

            */s/   Kayla M. McCallum*
            Melissa A. Segel
            Georgia Bar No. 020406
            Kayla M. McCallum, Esq.
            Georgia Bar No. 240946
            *Attorneys for Defendant*

1420 Peachtree Street NE
Suite 800
Atlanta, GA  30309
(404) 874-8800
melissa.segel@swiftcurrie.com
kayla.mccallum@swiftcurrie.com

4879-6426-9941, v. 1