**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

VERNON WILLIAMS, JR.,

     Plaintiff,

-vs-                            CASE NO.

EXPERIAN INFORMATION
SOLUTIONS, INC., VERIZON
WIRELESS SERVICES, LLC,
CAPITAL ONE SERVICES, LLC, and
THE BANK OF MISSOURI,

     Defendants.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

NOW COMES Plaintiff, VERNON WILLIAMS, JR. (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), VERIZON WIRELESS SERVICES, LLC ("Verizon"), CAPITAL ONE SERVICES, LLC ("Capital One"), and THE BANK OF MISSOURI ("TBOM") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## <u>PRELIMINARY STATEMENT</u>

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Plaintiff is a natural person and resident of Newton County in the State of Georgia. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.     Venue is proper in this District as Plaintiff is a resident in this District, a substantial portion of the violations described in this Complaint occurred in this District, and Defendants transact business within this District.

9.     Experian is a corporation headquartered in the State of California, authorized to do business in the State of Georgia, through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

10.    Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

11.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

12.     Verizon is a corporation headquartered in the State of New Jersey, authorized to do business in the State of Georgia, through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

13.     Verizon is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

14.     Verizon furnished information about Plaintiff to CRAs that was inaccurate.

15.     Capital One is a corporation headquartered in the Commonwealth of Virginia, authorized to do business in the State of Georgia, through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

16.     Capital One is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

17.     Capital One furnished information about Plaintiff to CRAs that was inaccurate.

18.     TBOM is a FDIC insured state-chartered bank headquartered at 916 N Kings Highway, Perryville, Missouri 63775 that conducts business in the State of Georgia.

19.     TBOM is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

20.     TBOM furnished information about Plaintiff to CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

21.     On or about May of 2021, Plaintiff was seeking to obtain a mortgage through a Veterans Affairs program. In pulling his credit report with a loan advisor, he learned about names, addresses and account with non-party, Carrington Mortgage Services, LLC ("Carrington Mortgage"), that did not belong to Plaintiff.

22.     Due to negative payment history and accounts being placed on his credit report that were not his, Plaintiff's credit score caused him to not pursue purchasing a home or obtain other lines of credit.

23.     Plaintiff shortly began to communicate with non-party, Carrington Mortgage, to dispute the account being on his credit report.

24.     On October 31, 2022, Plaintiff obtained a copy of his Experian credit report. To his relief the Carrington Mortgage that he originally was disputing had been removed. However, there were an additional five accounts on his Experian credit report that did not belong to him.

25.     In response to the inaccurate reporting on November 21, 2022, Plaintiff mailed out a detailed dispute letter to Experian concerning the inaccurate reporting. Plaintiff made Experian aware that they were reporting five accounts that did not belong to him. In his detailed dispute letter, Plaintiff included a copy of his driver's license to confirm his identity. Plaintiff also included images from his Experian credit report of the following five erroneous accounts being reported:

     i.    Merrick Bank Corp, partial account no. 41206xxx, with a charge-off balance of $2,222;

    ii.    TBOM Funding, partial account no. 5501xx, with a status of open and balance of $402;

   iii.    TBOM Funding, partial account no. 7686xxx, with a status of charge-off;

   iv.    Capital One, partial account no. 5156xxx, with a status of open and balance of $439; and

    v.    SYNCB, partial account no. 6019xxx, with a status of charge-off and balance of $2,922.

26.     Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail 7020 0640 0000 2780 7175.

27.     Despite delivery confirmation on November 26, 2022, Plaintiff never received dispute results in the mail from Experian.

28.     Experian failed to conduct any independent investigation, and they did not attempt to contact Plaintiff regarding his written dispute.

29.     On January 13, 2023, Plaintiff obtained another copy of his Experian credit report. Upon review, Plaintiff observed the following accounts were being reported on his credit file which did not belong to him.

     i.    Merrick Bank, partial account no. 41206xxx, with a charge-off amount of $2,534 and a past due balance of $2,222;

    ii.    TBOM Retail Card, partial account no. 768600xxx, with a status of closed and a written off balance of $1,687;

   iii.    Synchrony Bank, partial account no. 601917xxx, with a charge off balance of $2,922;

   iv.    Capital One, partial account no. 517805xxx, with a status of paid in settlement and a written off balance of $1,342; and

    v.    Verizon Wireless, partial account no. 719943xxx, with a status of paid, closed with a high balance of $167.

30.     Feeling defeated and not knowing what else to do, on January 17, 2023, Plaintiff filed an identity theft report with the Federal Trade Commission ("FTC")

(report no. 155308145), informing them that he believed he may be a victim of either a mixed file or identity theft due to the erroneous accounts being on his credit report.

31.    Since the submission of the FTC identity theft report did not resolve the problem, Plaintiff was forced to send another detailed written dispute to Experian.

32.    On February 23, 2023, Plaintiff sent another written detailed dispute letter to Experian. In the letter, Plaintiff reiterated that the aforementioned accounts did not belong to him. Plaintiff again included a copy of his driver's license to confirm his identity. Plaintiff also included images from his credit report of the erroneous accounts and a copy of his FTC identity theft report.

33.    Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail 7020 0640 0000 2775 2192.

34.    On March 29, 2023, Experian responded to Plaintiff's detailed dispute letter by stating the following:

  i.    Verizon Wireless, partial account no. 719943xxx, "**VERIFIED AND UPDATED**";

  ii.   Capital One, partial account no. 517805xxx, "**VERIFIED AND UPDATED**";

  iii.  TBOM Retail Card, partial account no. 768600xxx, "**VERIFIED AND UPDATED**"; and

  iv. Synchrony Bank, partial account no. 601917xxx, "**DELETED**".

35. Plaintiff was very upset that Experian verified and continued to report three of the fraudulent accounts despite being notified that they did not belong to him. Further, Experian failed to respond at all to the erroneous reporting of Merrick Bank, partial account no. 41206xxx.

36. Experian failed to conduct any independent investigation, and they did not attempt to contact Plaintiff regarding his written dispute.

37. Upon information and belief, Experian notified Verizon of Plaintiff's dispute. However, Verizon failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

38. Upon information and belief, Experian notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

39. Upon information and belief, Experian notified TBOM of Plaintiff's dispute. However, TBOM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

40.     Due to the continued inaccurate reporting, on April 14, 2023, Plaintiff sent a *third* written detailed dispute letter to Experian. In the letter, Plaintiff again explained that the aforementioned remaining accounts did not belong to him. Plaintiff again included a copy of his driver's license to confirm his identity. Plaintiff also included images from his credit report of the erroneous accounts and a copy of his FTC identity theft report.

41.     Plaintiff never received dispute results in the mail from Experian.

42.     Experian failed to conduct any independent investigation, and they did not attempt to contact Plaintiff regarding his written dispute.

43.     On June 9, 2023, Plaintiff obtained another copy of his Experian credit report. Upon review, Plaintiff observed the following accounts were being reported on his credit file which did not belong to him.

    i.    Merrick Bank, partial account no. 41206xxx, with a charge-off amount of $2,534 and a past due balance of $2,222;

    ii.    TBOM Retail Card, partial account no. 550114xxx, with a status of closed, $169 past due as of May 2023, and a balance of $627;

    iii.    Capital One, partial account no. 515676xxx, with a status of open, $70 past due as of May 2023, and balance of $776;

iv.   Capital One, partial account no. 517805xxx, with a status of paid in settlement and a written off balance of $1,342; and

v.   Verizon Wireless, partial account no. 719943xxx, with a status of paid, closed with a high balance of $167.

44.   Despite Plaintiff's best efforts to have the fraudulent accounts removed, Experian continues to report fraudulent accounts on Plaintiff's credit report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

45.   Experian simply continues to parrot off the backs of Verizon, Capital One, and TBOM and has not conducted an actual investigation despite Plaintiff's pleas.

46.   Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

47.   As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix his credit;

ii.   Loss of time attempting to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of

life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iv.   Reduction in credit score;

v.   Apprehensiveness to apply for credit due to the fear of rejection; and

vi.   Defamation as Experian published inaccurate information to third party entities.

## COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

48.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

49.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

50.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

51.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to

benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

52.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

53.     The conduct, action and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

54.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, VERNON WILLIAMS, JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

55.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

56.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

57.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

58.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit or housing, and the damages otherwise outlined in this Complaint.

59.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

60.    The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

61.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, VERNON WILLIAMS, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

62.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

63.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

64.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

65.     Experian failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about his first detailed dispute letter.

66.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

67.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

68.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, VERNON WILLIAMS, JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT IV**</u>
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

69.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

70.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

71.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

72.     Experian failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about his first detailed dispute letter.

73.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

74.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

75.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, VERNON WILLIAMS, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT V**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Verizon Wireless Services, LLC (Negligent)**

76.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

77.     Verizon furnished inaccurate account information to Experian, and through Experian to all of Plaintiff's potential lenders.

78.     After receiving Plaintiff's disputes, Verizon violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agencies.

79.     Plaintiff provided all the relevant information and documents necessary for Verizon to have identified that the account did not belong to Plaintiff.

80.     Verizon did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Verizon by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures

which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

81.     Verizon violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to CRAs after it had been notified that the information it was furnishing was inaccurate.

82.     As a result of the conduct, action, and/or inaction of Verizon, Plaintiff suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

83.     The conduct, action, and/or inaction of Verizon was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

84.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, VERNON WILLIAMS, JR., respectfully requests that this Court award actual damages against Defendant, VERIZON WIRELESS SERVICES, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, Verizon Wireless Services, LLC (Willful)

85.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

86.    Verizon furnished inaccurate account information to Experian, and through Experian to all of Plaintiff's potential lenders.

87.    After receiving Plaintiff's disputes, Verizon violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agencies.

88.    Plaintiff provided all the relevant information and documents necessary for Verizon to have identified that the account did not belong to Plaintiff.

89.    Verizon did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Verizon by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

90.    Verizon violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to CRAs after it had been notified that the information it was furnishing was inaccurate.

91.    As a result of the conduct, action, and/or inaction of Verizon, Plaintiff suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

92.    The conduct, action, and/or inaction of Verizon was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

93.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Verizon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, VERNON WILLIAMS, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, VERIZON WIRELESS SERVICES, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VII**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Capital One Services, LLC (Negligent)**

94.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

95.     Capital One furnished inaccurate account information to Experian, and through Experian to all of Plaintiff's potential lenders.

96.     After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agencies.

97.     Plaintiff provided all the relevant information and documents necessary for Capital One to have identified that the account did not belong to Plaintiff.

98.     Capital One did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Capital One by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

99.     Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to CRAs after it had been notified that the information it was furnishing was inaccurate.

100.    As a result of the conduct, action, and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

101.   The conduct, action, and/or inaction of Capital One was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

102.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, VERNON WILLIAMS, JR., respectfully requests that this Court award actual damages against Defendant, CAPITAL ONE SERVICES, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**<u>COUNT VIII</u>**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Capital One Services, LLC (Willful)**

103.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

104.   Capital One furnished inaccurate account information to Experian, and through Experian to all of Plaintiff's potential lenders.

105.   After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the

account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agencies.

106.   Plaintiff provided all the relevant information and documents necessary for Capital One to have identified that the account did not belong to Plaintiff.

107.   Capital One did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Capital One by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

108.   Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to CRAs after it had been notified that the information it was furnishing was inaccurate.

109.   As a result of the conduct, action, and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, loss of the ability to

purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

110. The conduct, action, and/or inaction of Capital One was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

111. Plaintiff is entitled to recover reasonable attorney's fees and costs from Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, VERNON WILLIAMS, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CAPITAL ONE SERVICES, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IX
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, The Bank of Missouri (Negligent)

112. Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

27

113.   TBOM furnished inaccurate account information to Experian, and through Experian to all of Plaintiff's potential lenders.

114.   After receiving Plaintiff's disputes, TBOM violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agencies.

115.   Plaintiff provided all the relevant information and documents necessary for TBOM to have identified that the account did not belong to Plaintiff.

116.   TBOM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TBOM by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

117.   TBOM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to CRAs after it had been notified that the information it was furnishing was inaccurate.

118.   As a result of the conduct, action, and/or inaction of TBOM, Plaintiff suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

119.   The conduct, action, and/or inaction of TBOM was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

120.   Plaintiff is entitled to recover reasonable attorney's fees and costs from TBOM in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, VERNON WILLIAMS, JR., respectfully requests that this Court award actual damages against Defendant, THE BANK OF MISSOURI, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT X
### Violation of 15 U.S.C § 1681s-2(b) as to

**Defendant, The Bank of Missouri (Willful)**

121.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

122.   TBOM furnished inaccurate account information to Experian, and through Experian to all of Plaintiff's potential lenders.

123.   After receiving Plaintiff's disputes, TBOM violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agencies.

124.   Plaintiff provided all the relevant information and documents necessary for TBOM to have identified that the account did not belong to Plaintiff.

125.   TBOM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TBOM by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if

it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

126.   TBOM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to CRAs after it had been notified that the information it was furnishing was inaccurate.

127.   As a result of the conduct, action, and/or inaction of TBOM, Plaintiff suffered damages, including without limitation, loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, apprehension in applying for credit, and damages otherwise outlined in this Complaint.

128.   The conduct, action, and/or inaction of TBOM was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

129.   Plaintiff is entitled to recover reasonable attorney's fees and costs from TBOM in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, VERNON WILLIAMS, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, THE BANK OF MISSOURI, jointly and severally; award Plaintiff his

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VERNON WILLIAMS, JR., demands judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., VERIZON WIRELESS SERVICES, LLC, CAPITAL ONE SERVICES, LLC, and THE BANK OF MISSOURI; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

Dated this 17th day of August 2023.

Respectfully submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602

Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*