**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NAVARRION WILLIAMS and ADOLPH CLOUD, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER H. COLEMAN, D & H TRANSPORT SERVICES, LLC, CANAL INSURANCE COMPANY, JOHN DOE 1-5, and ABC CORP. 1-5, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO.: |

## NOTICE OF REMOVAL

**TO:** Judges of the United States District Court
Northern District of Georgia, Atlanta Division

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendants Christopher H. Coleman, D & H Transport Services, LLC, and Canal Insurance Company. (hereinafter "these Defendants") hereby remove the civil action captioned *Navarrion Williams and Adolph Cloud v. Christopher H. Coleman, D & H Transport Services, LLC, Canal Insurance Company, John Doe 1-5, and ABC Corp. 1-5,* State Court of Clayton County, Civil Action File No. 2023CV01161 from the State Court of Clayton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.  Removal is based upon the following:

## Removal Based on Diversity Jurisdiction

1.      This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332 and this matter may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

## Description of the Action

2.      On May 12, 2023, Plaintiffs filed a Complaint against these Defendants alleging negligence related to a motor vehicle accident that occurred on or about June 17, 2021 in Clayton County, Georgia.  *See generally,* Plaintiffs' Complaint (Exhibit "A").

## Consent for Removal

3.      The procedure for removing a case to Federal Court is codified in 28 U.S.C. § 1446 and requires that "all defendants who have been properly joined and served" consent to the removal.  28 U.S.C. § 1446(b)(2)(A) (emphasis added); *Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009); *Tri-Cities Newspaper, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970).

4.      These Defendants consent to the removal of this Action through undersigned counsel.

5.      John Doe 1-5 and ABC Corp. 1-5 are fictitious "place holder" defendants and their consent is not required by 28 U.S.C. § 1446(b)(2)(A) due to not being properly joined and having not been served. *Johnson v. Wellborn, et al.*, 418 Fed.Appx. 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served.")

6.      These Defendants, which are the only defendants properly joined and served within the meaning of 28 U.S.C. § 1446, file the Notice of Removal of this Action.

### The Amount in Controversy Requirement

7.      In diversity cases, 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000.

8.      In Plaintiffs' Complaint, they seek to recover damages for medical expenses totaling $21,565.00, personal injury, mental and physical pain and suffering, personal inconvenience, inability to lead a normal life, past and future lost wages, general damages, attorney's fees and expenses, and punitive damages. *See* Plaintiff's Complaint.

9.      Plaintiff has not made any demand to these Defendants to settle the case as of the date of this filing.

10. To discover whether the amount in controversy is met, Defendants served discovery in the State Court of Clayton County requesting that Plaintiff "admit that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, within the meaning of 28 U.S.C. Section 1332(a)" and "admit that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, within the meaning of 28 U.S.C. Section 1332(a)." Plaintiffs' responses to both of these Requests were "Admit." *See* Plaintiff Williams's Responses to Defendants' Requests for Admissions, at Response Nos. 22 and 24, attached as Exhibit "B"; and Plaintiff Cloud's Responses to Defendants' Requests for Admissions, at Response Nos. 22 and 24, attached as Exhibit "C".

11. Thus, the amount in controversy has been established by a preponderance of the evidence pursuant to 28 U.S.C. § 1446(c)(2)(A)-(B) as shown by Plaintiff's Responses to Requests for Admissions.

### The Diversity of Citizenship Requirement

12. For diversity jurisdiction under 28 U.S.C. § 1332(a)(1), the parties must be citizens of different states.

13. According to the Complaint, Plaintiffs are residents of the State of Louisiana. *See* Complaint, ¶ 1. The police report also confirms that Plaintiff Cloud is a resident of Chalmette, Louisiana. *See* Motor Vehicle Private Property Accident

Report, attached as Exhibit "D".  These Defendants have no information indicating Plaintiffs are citizens of any state other than Louisiana.

14.    Defendant Christopher H. Coleman is a resident and citizen of the State of Mississippi and is entirely diverse from Plaintiff.  *See* Motor Vehicle Private Property Accident Report.

15.    Defendant D & H Transport Services, LLC is a limited liability company with its state of incorporation and principal place of business being the State of Mississippi.  Defendant D & H Transport Services, LLC's only member is Christopher H. Coleman, who is a resident and citizen of the State of Mississippi. Defendant D & H Transport Services, LLC is, therefore, a citizen of Mississippi and is entirely diverse from Plaintiff.  *See* Information from Mississippi Secretary of State Website, attached as Exhibit "E".

16.    Defendant Canal Insurance Company is a foreign corporation with its state of incorporation and principal place of business being the State of South Carolina and is, therefore, a citizen of South Carolina.  Defendant Canal Insurance Company is entirely diverse from Plaintiffs.  *See* Information from Georgia Secretary of State Website, attached as Exhibit "F".

## Compliance with Deadline for Removal

17.     Pursuant to 28 U.S.C. §1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable."

18.     Here, no amount was prayed for in Plaintiff's Complaint. *See generally* Complaint.  Furthermore, no written demand was ever made of these Defendants prior to the filing of the Complaint.

19.     These Defendants had no knowledge that the amount in controversy exceeded the jurisdictional threshold contained in 28 U.S.C. § 1332(a) until receipt of Plaintiffs' Responses to Defendants' Requests for Admissions on August 7, 2023. *See* Plaintiffs' Responses to Defendants' Requests for Admissions, at Response Nos. 22 and 24.

20.     These Defendants have initiated removal within 30 days of receipt of a paper indicating that the amount in controversy requirement was met and the case had become removable.  Based on 28 U.S.C. §1446(b)(3) this Notice of Removal is timely filed.

## The State Court Proceeding

21.   The state court proceeding is identified as follows: *Navarrion Williams and Adolph Cloud v. Christopher H. Coleman, D & H Transport Services, LLC, Canal Insurance Company, John Doe 1-5, and ABC Corp. 1-5,* State Court of Clayton County, Civil Action File No. 2023CV01161.  A Notice of this Removal will be filed with the State Court of Clayton County upon filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

## All State-Court Documents

22.   Pursuant to 28 U.S.C. § 1446(a), the following state-court filings are attached hereto: Plaintiffs' Complaint (Exhibit "A"); Summons to Defendant Coleman (Exhibit "G"); Summons to Defendant D & H Transport Services, LLC (Exhibit "H"); Summons to Defendant Canal Insurance Company (Exhibit "I"); Entry of Service on Defendant D & H Transport Services, LLC (Exhibit "J"); Defendants Christopher H. Coleman and D & H Transport Service, LLC's Answer (Exhibit "K");  Defendant Canal Insurance Company's Answer (Exhibit "L"); Acknowledgment of Service for Defendants Coleman and D & H Transport Services, LLC (Exhibit "M"); Stipulation of Defendants' Answer Timely Filed

(Exhibit "N"); and Entry of Service as to Canal Insurance Company (Exhibit "O").

Certificates of service regarding discovery served by Plaintiffs and these Defendants

have not been attached for the sake of brevity.

     **WHEREFORE**, these Defendants exercise their right under the provisions of

28 U.S.C. § 1441, *et seq.* to remove this action from the State Court of Clayton

County, Georgia, to the United States District Court for the Northern District of

Georgia, Atlanta Division.

     This 17th day of August, 2023.

                       **NALL & MILLER, LLP**

|  |  |
|---|---|
| | By:   */s/ Quinn Curtis Bennett* |
| 235 Peachtree Street NE, | **QUINN CURTIS BENNETT** |
| North Tower, Suite 1500 | Georgia Bar No. 356087 |
| Atlanta, Georgia 30303 | **SARA KELLY** |
| Telephone: 404-522-2200 | Georgia Bar No. 357586 |
| Facsimile: 404-522-2208 | |
| qbennett@nallmiller.com | ***ATTORNEYS FOR DEFENDANTS*** |
| skelly@nallmiller.com | |

## <u>CERTIFICATE OF COMPLIANCE WITH N.D. GA. LOCAL RULE 5.1B</u>

This is to certify that this pleading was created in Times New Roman 14-point

font in accordance with Northern District of Georgia Local Rule 5.1B.

This 17th day of August, 2023.

**NALL & MILLER, LLP**

By:    */s/ Quinn Curtis Bennett*

235 Peachtree Street NE,        **QUINN CURTIS BENNETT**
North Tower, Suite 1500         Georgia Bar No. 356087
Atlanta, Georgia 30303          **SARA KELLY**
Telephone: 404-522-2200         Georgia Bar No. 357586
Facsimile: 404-522-2208
qbennett@nallmiller.com         ***ATTORNEYS FOR DEFENDANTS***
skelly@nallmiller.com

# CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **NOTICE OF REMOVAL (Federal)** with the Clerk of Court in this matter and served a true copy of same via the Court's electronic filing service and serve to counsel of record listed below.

> Nathaniel Miller
> KARELL TRIAL ATTORNEYS, L.L.C.
> 3344 Peachtree Road NE, Suite 800
> Atlanta, Georgia 30326
> nate@karell.law
> *Attorney for Plaintiff*

This 17th day of August, 2023.

**NALL & MILLER, LLP**

|  |  |
|---|---|
| | By:  */s/ Quinn Curtis Bennett* |
| 235 Peachtree Street NE, | **QUINN CURTIS BENNETT** |
| North Tower, Suite 1500 | Georgia Bar No. 356087 |
| Atlanta, Georgia 30303 | **SARA KELLY** |
| Telephone: 404-522-2200 | Georgia Bar No. 357586 |
| Facsimile: 404-522-2208 | |
| qbennett@nallmiller.com | *ATTORNEYS FOR DEFENDANTS* |
| skelly@nallmiller.com | |