2023CV01161 e-Filed 5/12/2023 2:47 PM

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **NAVARRION WILLIAMS and ADOLPH CLOUD,** } | |
| } | **CIVIL ACTION FILE NO.:** |
| **Plaintiffs,** } | 2023CV01161 |
| } | _____ |
| v. } | [Served with Discovery] |
| } | |
| **CHRISTOPHER H. COLEMAN, D & H TRANSPORT SERVICES, LLC., CANAL INSURANCE COMPANY, JOHN DOE 1-5, and ABC CORP. 1-5,** } } } } | |
| } | |
| **Defendants.** } | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PERSONAL INJURIES

**COME NOW**, Navarrion Williams ("Plaintiff Williams"), and Adolph Cloud ("Plaintiff Cloud") by and through undersigned counsel, and files this Complaint for damages against Christopher H. Coleman, D & H Transport services, LLC., Canal Insurance Company, (hereinafter collectively referred to as "Defendants"), John Doe 1-5, and ABC Corp. 1-5, and shows this Court the following facts and circumstances in support of this Complaint:

### I. PARTIES, JURISDICTION AND VENUE

1.

Plaintiffs are an individuals and residents of Chalmette, Louisiana.

2.

Upon information and belief, Defendant Christopher H. Coleman (hereinafter "Defendant Coleman") is a non-resident motorist as defined by O.C.G.A. § 40-12-1. Service of process may be perfected on Defendant Coleman by serving the Summons and Complaint on the Secretary of State, his duly authorized agent, or his successor in office, along with a copy of the affidavit to be submitted to this Court pursuant to O.C.G.A. § 40-12-2.

3.

Alternatively, service on Defendant Coleman may be perfected pursuant to the Long Arm Statute, O.C.G.A. § 9-10-90, et seq., by service of with a summons outside the State of Georgia in the same manner as service is made within the state by any person authorized to make service by the laws of the state, territory, possession, or country in which service is made or by any duly qualified attorney, solicitor, barrister, or the equivalent in such jurisdiction.

4.

Defendant D & H Transport Services, LLC. (hereinafter "Defendant Transport") is a Foreign Profit Corporation and is subject to the jurisdiction of this Court and can be served in any manner allowed by Georgia law with a Summons, Complaint, Request for Admissions, Interrogatories, and Request for Production of Documents by serving its BOC-3 process agent Cody Gillies at 5704 Veterans Parkway, Columbus, Georgia 31904 .

5.

Defendant Canal Insurance Company (hereinafter "Defendant Canal") is a Foreign Profit Corporation authorized to conduct business in the State of Georgia. Service of process may be perfected on Defendant Canal by serving its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners GA 30092, by delivering a copy of the Summons and Complaint to Defendant Canal. Because Defendant Canal is an insurance company, it is subject to Venue anywhere it has an agent and does business. *See* O.C.G.A. § 33-4-1.

6.

Should it be determined that another person was at fault party, Plaintiff hereby names Defendant John Doe 1-5. The identity of Defendant John Doe is unknown at this time.

7.

Defendants ABC Corp. 1-5 are unnamed and unknown at this time.

8.

Jurisdiction and Venue are appropriate in this Court as the collision which forms the basis of this lawsuit occurred in Clayton County, Georgia.

## II. BACKGROUND

9.

This personal injury action arises from an automobile collision between Defendants' vehicle and the Plaintiff's vehicle.

10.

At all times relevant, Defendant Coleman was operating a 2019 Mack TK semi-truck (hereinafter the "Truck").

11.

On or about June 17, 2021, Plaintiffs were parked at 2000 Anvil Block Road in Forest Park Georgia 30297.

12.

At the same time and place, Defendant Coleman attempted to park immediately behind Plaintiffs' vehicle, when suddenly, and without warning, Defendant Coleman struck his truck into the rear of Plaintiffs' vehicle, causing significant injuries to Plaintiffs.

13.

At all times relevant, Defendant Transport owned the Truck operated by Defendant Coleman.

14.

At all times relevant, Defendant Coleman operated the Truck within the course and scope of his employment with Defendant Transport.

15.

At all times relevant, the Truck was insured with Defendant Canal, covering Defendants in this action.

16.

Defendant Coleman was negligent in the operation of the Truck, causing the collision which resulted in injuries to Plaintiff.

17.

The Plaintiffs sustained an actionable injury in the collision.

### III. DIRECT ACTION

18.

Plaintiffs reallege and incorporate by reference all those facts and allegations in paragraphs above as if fully restated and further alleges:

Defendant Canal is subject to a direct action as the insurer for Defendant Transport and Defendant Coleman pursuant to O.C.G.A. § 40-2-140 and O.C.G.A. § 40-1-112.

19.

Defendant Canal was the insurer for Defendant Transport at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

20.

Defendant Canal and Defendant Transport are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 and O.C.G.A. § 40-1-112 or its predecessor O.C.G.A. § 46-7-12.1.

21.

Defendant Canal is responsible for the damages caused through negligent conduct of its insured, the Defendants in this action.

22.

Defendant Coleman was negligent *per se* because he violated O.C.G.A. § 40-6-49 for following too closely.

23.

As a direct and proximate result of the negligence and breaches of duty by the Defendants in this action, Plaintiff Navarrion Williams suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering past and future due to the injuries to her body, personal inconvenience, plus an inability to lead a normal life. As a result of the collision, Plaintiff Williams has incurred medical bills currently totaling $10,690.00.

24.

As a direct and proximate result of the negligence and breaches of duty by the Defendants in this action, Plaintiff Adolph Cloud suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering past and future due to the injuries to his body, personal inconvenience, plus an inability to lead a normal life. As a result of the collision, Plaintiff Cloud has incurred medical bills currently totaling $10,875.00.

## IV. **NEGLIGENCE**

25.

Plaintiffs reallege and incorporate by reference all those facts and allegations in paragraphs above as if fully restated and further alleges:

The collision was caused by the recklessness, carelessness, negligence, and negligence per se of the Defendants for the following acts and omissions:

(a) Following too closely in violation of O.C.G.A. §§ 40-6-49.
(b) Driving with impaired alertness in violation of 49 CFR § 392.3;
(c) Driving in a reckless disregard for the safety of others in violation of O.C.G.A. § 40-6-390;
(d) Distracted driving in violation of O.C.G.A. § 40-6-241;

(e) Improper driving in violation of O.C.G.A. § 40-6-41;
(f) Failed to operate a motor vehicle in a safe fashion under the circumstances then existing in violation of O.C.G.A. § 40-6-180;
(g) Failed to maintain reasonable vigilance in the operation of a motor vehicle;
(h) Failed to drive prudently;
(i) Failed to see what she should have seen;
(j) Vicarious liability pursuant to the Doctrine of *Respondeat Superior* codified in O.C.G.A. § 51-2-2;
(k) Negligent entrustment;
(l) Any and all other respects in violation of the Georgia Uniform Rules of the Road and other acts/omissions not now known to the Plaintiff but which may become known prior to or at the time of trial.

26.

At all times material herein, Plaintiffs conducted themselves in a safe and lawful manner, and did not in any way cause or contribute to the circumstances which caused their injuries.

27.

As a direct, sole, and proximate result of the recklessness, carelessness, negligence, and negligence *per se* of the Defendants, the Plaintiff Williams:

(a) suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe emotional distress, and loss of the capacity for the enjoyment of life;
(b) has and will be required to undergo medical treatment and to incur medical costs and expenses currently totaling $10,690.00 to alleviate said injuries, pain, and suffering;
(c) has and will be precluded from engaging in normal activities and pursuits, including the loss of the ability to earn money;
(d) otherwise was hurt, injured, and caused to sustain losses;
(e) all of the Plaintiff's losses were, are, and will be due solely to and by reason of the recklessness, carelessness, negligence, and negligence *per se* of the Defendants, without any negligence or want of due care on the Plaintiff Williams' part contributing thereto.

28.

As a direct, sole, and proximate result of the recklessness, carelessness, negligence, and negligence *per se* of the Defendants, the Plaintiff Cloud:

(a) suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe emotional distress, and loss of the capacity for the enjoyment of life;
(b) has and will be required to undergo medical treatment and to incur medical costs and expenses currently totaling $10,875.00 to alleviate said injuries, pain, and suffering;
(c) has and will be precluded from engaging in normal activities and pursuits, including the loss of the ability to earn money;
(d) otherwise was hurt, injured, and caused to sustain losses;
(e) all of the Plaintiff's losses were, are, and will be due solely to and by reason of the recklessness, carelessness, negligence, and negligence *per se* of the Defendants, without any negligence or want of due care on the Plaintiff Clouds' part contributing thereto.

29.

Defendant Transport is vicariously liable for the actions of its employee or agent (Defendant Coleman), who was acting in the course and scope of his relationship with Defendant Transport at the time of this collision, through *Respondeat Superior*.

30.

Defendant Transport was negligent in the hiring, training, supervising, and retention of Defendant Coleman.

31.

As a direct and proximate result of the negligence and breaches of duty by the Defendants in this action, Plaintiff Williams suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering past and future due to the injuries to her body, personal inconvenience, plus an inability to lead a normal life. As a result of the collision, Plaintiff Williams has incurred medical bills currently totaling $10,690.00.

32.

As a direct and proximate result of the negligence and breaches of duty by the Defendants in this action, Plaintiff Cloud suffered substantial injuries and damages including medical and

other necessary expenses, mental and physical pain and suffering past and future due to the injuries to his body, personal inconvenience, plus an inability to lead a normal life. As a result of the collision, Plaintiff Cloud has incurred medical bills currently totaling $10,875.00.

33.

Defendants with actual knowledge negligently entrusted the Truck to Defendant Coleman who operated said vehicle in a negligent manner, causing a collision with Plaintiffs and causing injuries and damages as stated herein.

34.

Defendants knew or should have known that Defendant Coleman was an incompetent or habitually reckless driver and entrusted the Truck to him anyway.

35.

As a direct and proximate result of the negligence and breaches of duty by the Defendants in this action, Plaintiff Williams suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering past and future due to the injuries to her body, personal inconvenience, plus an inability to lead a normal life. As a result of the Defendants negligently entrusting the Truck to Defendant Coleman, Plaintiff Williams has incurred medical bills currently totaling $10,690.00.

36.

As a direct and proximate result of the negligence and breaches of duty by the Defendants in this action, Plaintiff Cloud suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering past and future due to the injuries to his body, personal inconvenience, plus an inability to lead a normal life. As a result of the Defendants negligently entrusting the Truck to Defendant Coleman, Plaintiff Cloud has incurred medical bills currently totaling $10,875.00.

37.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense in requiring the filing of the instant lawsuit. Pursuant to O.C.G.A. §§ 13-6-11 and 51-12-7, Plaintiffs hereby respectfully request and specifically pleads for recovery of expenses of litigation, interest, penalties, and attorneys' fees as a result of the Defendants' stubbornly litigious and bad faith conduct.

38.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions for the negligent hiring, training, and retention of Defendant Coleman, Plaintiffs are entitled to an award of Punitive Damages under O.C.G.A. § 51-12-5.1.

39.

Defendants are indebted to Plaintiffs for past, present, and future treatment expenses; past, present, and future pain and suffering; past, present, and future loss of ability to enjoy life; past, present, and future lost wages; expenses of litigation, and all other damages allowed by Georgia law.

WHEREFORE, Plaintiffs respectfully demands trial by a fair and impartial jury on all issues and for the following:

(a) That Defendants be found liable for recklessness, carelessness, negligence, and negligence *per se;*

(b) That Plaintiffs be awarded an amount for special damages currently totaling $21,565.00 for said recklessness, carelessness, negligence, and negligence *per se* of Defendants, pursuant to O.C.G.A. § 51-12-1 *et seq*;

(c) The Plaintiffs be awarded an amount for general damages to be proven at trial for said recklessness, carelessness, negligence, and negligence *per se* of Defendants, pursuant to O.C.G.A. § 51-12-1 *et seq;*

(d) That Plaintiffs be awarded an amount for recovery of expenses of litigation, penalties, and attorneys' fees because of the Defendants' stubbornly litigious and bad faith conduct, pursuant to O.C.G.A. § § 13-6-11 and 51-12-7;

(e) That Plaintiffs be awarded Punitive Damages;

(f) That Plaintiffs be granted a trial by jury;

(g) That Plaintiffs be awarded any and all additional relief that this Honorable Court deems just, proper, and reasonable.

Respectfully submitted, May 12, 2023.

**KARELL TRIAL ATTORNEYS, L.L.C.**

*/s/ Nathaniel Miller*
Nathaniel Miller
Georgia Bar No. 611669
Clark R. Karell, Jr.
Georgia Bar No. 892930
*Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Clark@Karell.Law
Nate@Karell.Law