## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| NAVARRION WILLIAMS and ADOLPH CLOUD, | }<br>}<br>} CIVIL ACTION FILE NO.: |
| Plaintiffs, | } 2023CV01161<br>} |
| v. | }<br>} |
| CHRISTOPHER H. COLEMAN, D & H TRANSPORT SERVICES, LLC., CANAL INSURANCE COMPANY, JOHN DOE 1-5, and ABC CORP. 1-5, | }<br>}<br>}<br>}<br>} |
| Defendants. | } |

**PLAINTIFF ADOLPH CLOUD'S RESPONSE TO DEFENDANT CHRISTOPHER COLEMAN'S FIRST REQUEST FOR ADMISSIONS**

COMES NOW Plaintiff Adolph Cloud and responds to Defendant Christopher H. Coleman's Discovery Requests as follows:

**GENERAL OBJECTIONS**

1.

Plaintiff(s) objects to each and every request to the extent that it will require Plaintiff(s) to respond by disclosing Plaintiff(s) attorney's or any other of Plaintiff(s) representatives' mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, other work product, or the like, on the ground that said request exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

2.

Plaintiff(s) objects to each and every request to the extent that it requires Plaintiff(s) to respond by acquiring or supplying information which would be irrelevant to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence,

on the ground that said request exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

3.

Plaintiff(s) objects to each and every request to the extent that it requests information which is confidential, competitively sensitive, and proprietary in nature.

4.

Plaintiff(s) objects to each and every request to the extent that it requires Plaintiff(s) to respond by waiving his attorney/client privilege, on the ground that said request exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

5.

Plaintiff(s) objects to each and every request to the extent that it requires Plaintiff(s) to respond by acquiring or supplying documents which would be irrelevant to the subject matter or issues of this action, and is not reasonably calculated to lead to the discovery of admissible evidence, on the ground that said request exceeds the permissible scope of discovery under the Georgia Rules of Civil Procedure.

6.

Plaintiff(s) objects to each and every request to the extent that it requires Plaintiff(s) to produce documents which constitute confidential, competitively sensitive, and/or proprietary information.

7.

Insofar as any of Defendant's(s') requests seek information to which the foregoing General Objections apply, specification of or failure to note particular General Objections is not a waiver of those or other General Objections with respect to any request.

## SPECIFIC RESPONSES AND OBJECTIONS

Responding individually to the Discovery Requests, Plaintiff states as follows:

## REQUEST FOR ADMISSIONS

1.

Please admit that prior to the Accident, you had been diagnosed with conditions similar to the conditions which you allege were caused by the Accident.

**Response: Admitted.**

2.

Please admit that prior to the Accident, you had experienced pain in the same areas of your body which you allege were injured in the Accident.

**Response: Admitted.**

3.

Please admit that prior to the Accident, you had consulted with medical professionals in relation to pain in the same areas of your body which you allege were injured in the Accident.

**Response: Admitted.**

4.

Please admit that prior to the Accident, you had received x-rays on the same areas of your body which you allege were injured in the Accident.

**Response: Plaintiff cannot admit or deny as he does not recall the exact treatment he received prior to this incident.**

5.

Please admit that prior to the Accident, you had received MRI and/or CT scans on the same areas of your body which you allege were injured in the Accident.

**Response: Plaintiff cannot admit or deny as he does not recall the exact treatment he received prior to this incident.**

6.

Please admit that you are not currently being treated by any healthcare provider for injuries which you allege were caused by the Accident.

**Response: Admitted.**

7.

Please admit that you are not currently taking any prescription medications for injuries which you allege were caused by the Accident.

**Response: Admitted.**

8.

Please admit that you are not currently taking any over-the-counter medications for injuries which you allege were caused by the Accident.

**Response: Admitted.**

9.

Please admit that you have not received surgery for any injuries you allege you sustained in the Accident.

**Response: Admitted.**

10.

Please admit that surgery has not been recommended to treat any injuries you allege you sustained in the Accident.

**Response: Denied.**

11.

Please admit that you have fully recovered from the injuries you allege you sustained in the Accident.

**Response: Denied.**

12.

Please admit that, aside from the claim involved in this civil action, you have previously made a claim for personal injuries against an insurance company.

**Response: Admitted.**

13.

Please admit that, aside from the claim involved in this civil action, you have previously made a claim for personal injuries against an individual or corporation.

**Response: Admitted.**

14.

Please admit that you have been convicted of a crime punishable by imprisonment of one or more years in the last 10 years.

**Response: Denied.**

15.

Please admit that you have treated with a chiropractor at some point prior to the Accident.

**Response: Admitted.**

16.

Please admit that you have treated with a physical therapist at some point prior to the Accident.

**Response: Plaintiff cannot Admit or Deny as he cannot recall the exact treatment he received prior to this incident.**

17.

Please admit that you have treated with an orthopedist at some point prior to the Accident.

**Response: Plaintiff cannot Admit or Deny as he cannot recall the exact treatment he received prior to this incident.**

18.

Please admit that you were using a cellular device to talk at the time of the Accident.

**Response: Denied.**

19.

Please admit that you were using a cellular device to text at the time of the Accident.

**Response: Denied.**

20.

Please admit that you were using a cellular device for some purpose at the time of the Accident.

**Response: Denied.**

21.

Please admit that you had a cellular device inside the vehicle at the time of the Accident.

**Response: Admitted.**

22.

Please admit that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, within the meaning of 28 U.S.C. Section 1332(a).

**Response: Admitted.**

23.

Please admit that the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs, within the meaning of 28 U.S.C. Section 1332(a).

**Response: Denied.**

24.

Please admit that you claim an award of damages in excess of $75,000 as a result of the Accident in this lawsuit.

**Response: Admitted.**

25.

Please admit that you claim an award of damages of $75,000 or less as a result of the Accident in this lawsuit.

**Response: Denied.**

26.

Please admit that you and your co-plaintiff, in the aggregate, claim an award of damages in excess of $75,000 as a result of the Accident in this lawsuit.

**Response: Plaintiff admits that his claim is in excess of $75,000.**

27.

Please admit that you and your co-plaintiff, in the aggregate, claim an award of damages of $75,000 or less as a result of the Accident in this lawsuit.

**Response: Plaintiff admits that his claim is in excess of $75,000.**

28.

Please admit that you have never made a demand to Defendants to settle this case prior to the service of these Requests for Admissions.

**Response: Admitted.**

*(Signature on following page)*

Respectfully submitted, August 7, 2023.

                                            **KARELL TRIAL ATTORNEYS, L.L.C.**

                                            */s/ Nathaniel Miller*
                                            Nathaniel Miller
                                            Georgia Bar No. 611669
                                            *Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Nate@Karell.Law

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| NAVARRION WILLIAMS and ADOLPH CLOUD,  Plaintiffs, v. CHRISTOPHER H. COLEMAN, D & H TRANSPORT SERVICES, LLC., CANAL INSURANCE COMPANY, JOHN DOE 1-5, and ABC CORP. 1-5,  Defendants. | } } } CIVIL ACTION FILE NO.: } 2023CV01161 } } } } } } } } } } } |

**RULE 5.2 CERTIFICATION OF SERVICE**

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I have this day served counsel for all parties in the above referenced action with a copy of **PLAINTIFF ADOLPH CLOUD'S WILLIAMS' RESPONSE TO CHRISTOPHER COLEMAN'S FIRST REQUEST FOR ADMISSIONS** by having copies delivered to the following people via Statutory Electronic Service:

Quinn C. Bennett
Nall & Miller, LLP
235 Peachtree Street NE
North Tower, Suite 1500
Atlanta, Georgia 30303
gbennett@nallmiller.com

Respectfully submitted, August 7, 2023.

**KARELL TRIAL ATTORNEYS, L.L.C.**

*/s/ Nathaniel Miller*
Nathaniel Miller
Georgia Bar No. 611669
*Attorney for Plaintiff*

3344 Peachtree Road NE
Suite 800
Atlanta, Georgia 30326
(P): (678) 999-3331
(F): (678) 806-8857
Nate@Karell.Law

Page | 8