Case 1:23-mi-99999-UNA Document 2624-11 Filed 08/17/23 Page 1 of 14

2023CV01161 eFiled 6/27/2023 12:15 PM

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| NAVARRION WILLIAMS and ADOLPH CLOUD | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CHRISTOPHER H. COLEMAN, D & H TRANSPORT SERVICES, LLC, CANAL INSURANCE COMPANY, JOHN DOE 1-5, AND ABC CORP. 1-5, | ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION FILE NO. 2023CV01161

## **DEFENDANTS CHRISTOPHER H. COLEMAN AND D & H TRANSPORT SERVICES, LLC,'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PERSONAL INJURIES**

COME NOW CHRISTOPHER H. COLEMAN and D & H TRANSPORT SERVICES, LLC (hereinafter "these Defendants"), Defendants in the above-styled case, by and through undersigned counsel, and appearing by special appearance and not generally, file their Answer to Plaintiffs' Complaint for Personal Injuries ("hereinafter "Complaint") as follows:

### **FIRST DEFENSE**

Plaintiffs' Complaint, in whole or in part, fails to state a claim against these Defendants upon which relief can be granted.

**SECOND DEFENSE**

No act or omission on the part of these Defendants caused or contributed to the Plaintiffs alleged injuries and damages and, therefore, Plaintiffs are not entitled to any recovery from these Defendants.

**THIRD DEFENSE**

These Defendants contest the damages and injuries which are being asserted in this action and demand strict proof thereof.

**FOURTH DEFENSE**

These Defendants state that the proximate cause of the Plaintiffs' alleged injuries and damages are unrelated to the subject accident, in whole or in part, and/or were due to the actions, omissions, or negligence of a person or persons other than these Defendants, for whom these Defendants are in no way liable. Therefore, Plaintiffs are not entitled to recover from these Defendants.

**FIFTH DEFENSE**

These Defendants have not been served and raise the defenses of want of service of process, failure of process, and resulting lack of personal jurisdiction.

**SIXTH DEFENSE**

Plaintiffs' Complaint is barred by the applicable statute of limitations because these Defendants have not been served, and Plaintiffs cannot show the required level of diligence required by law in perfecting service.

**SEVENTH DEFENSE**

Plaintiffs' Complaint fails to state a cause of action for punitive damages against these Defendants and those claims should be dismissed.

**EIGHTH DEFENSE**

Plaintiffs' claims for punitive damages against these Defendants cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Georgia Legislature limiting awards of punitive damages.

**NINTH DEFENSE**

Plaintiffs' claims to punitive damages and the provisions of Georgia law governing the right to recover punitive damages, or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates these Defendants' right to due process as guaranteed by the United States Constitution.

  c. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

  d. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and these Defendants' due process rights.

  e. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of these Defendants' due process rights.

  f. Plaintiffs' claim for punitive damages against these Defendants cannot be sustained because any award of punitive damages under Georgia law would violate a defendant's due process rights in as much as juries can award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

  g. Plaintiffs' claim for punitive damages, and the provisions of Georgia law governing the right to recover punitive damages, or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain and they deprive these Defendants of due process of law.

  h. Plaintiffs' claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages, or the determination of punitive damages

- 4 -

cause these Defendants to be treated differently from other similarly situated persons/entities by subjecting these Defendants to liability beyond the actual loss, if any, caused by these Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

  i. Plaintiffs' claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages subject these Defendants to punishment for the conduct of others through vicarious liability, *respondeat superior* or through non-apportionment of damages among joint tortfeasors based on the respective enormity of its alleged misconduct, in violation of these Defendants' due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

  j. Plaintiffs' claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages expose these Defendants to the risk of indefinable, unlimited liability unrelated to the actual loss caused by these Defendants' conduct, creating a chilling effect on the exercise of their right to a judicial resolution of this dispute.

  k. An award of punitive damages in this case would constitute a deprivation of property without due process of law.

  l. The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

990943v.1

## TENTH DEFENSE

Plaintiffs' claim for punitive damages is barred to the extent that it seeks the admission into evidence of these Defendants' net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## ELEVENTH DEFENSE

Plaintiffs' Complaint fails to state a claim against these Defendants for attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11, as these Defendants have not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble or expense.

## TWELFTH DEFENSE

These Defendants answer the specific allegations of Plaintiffs' Complaint as follows:

### I. PARTIES AND JURISDICTION

1.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiffs' Complaint.

2.

These Defendants deny the allegations in Paragraph 2 of Plaintiffs' Complaint.

990943v.1

3.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiffs' Complaint.

4.

These Defendants deny the allegations in Paragraph 4 of Plaintiffs' Complaint. By way of further response, these Defendants deny having the stated registered agent or knowing any person by the name of "Cody Gillies".

5.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiffs' Complaint.

6.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiffs' Complaint.

7.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiffs' Complaint.

8.

In response to the allegations in Paragraph 8 of Plaintiffs' Complaint, these Defendants admit that venue and subject-matter jurisdiction are proper in this Court. However, these Defendants deny that the Court has personal jurisdiction over them due to lack of service. These Defendants deny any remaining allegations in that Paragraph.

990943v.1

## II.  BACKGROUND

9.

These Defendants admit the allegations in Paragraph 9 of Plaintiffs' Complaint.

10.

These Defendants admit the allegations in Paragraph 10 of Plaintiffs' Complaint.

11.

In response to the allegations in Paragraph 11 of Plaintiffs' Complaint, these Defendants admit that Plaintiffs were at the stated location on the stated date.  These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that Paragraph.

12.

In response to the allegations in Paragraph 12 of Plaintiffs' Complaint, these Defendants admit that a very minor rear-end impact occurred between their vehicle and the back of Plaintiffs' trailer.  These Defendants deny that any injury resulted to Plaintiffs. These Defendants deny the remaining allegations in that Paragraph.

13.

These Defendants deny the allegations in Paragraph 13 of Plaintiffs' Complaint.

14.

In response to the allegations in Paragraph 14 of Plaintiffs' Complaint, these Defendants admit Mr. Coleman operated the vehicle as an independent contractor for D & H Transport, LLC and was acting within the course and scope of the contractual relationship.  These Defendants deny the remaining allegations in that Paragraph.

15.

These Defendants, upon information and belief, generally admit the allegations in Paragraph 15 of Plaintiffs' Complaint.

16.

In response to the allegations in Paragraph 16 of Plaintiffs' Complaint, these Defendants admit that Mr. Coleman was at fault for the very minor rear-end collision that occurred. These Defendants deny that any injury resulted to Plaintiffs. These Defendants deny the remaining allegations in that Paragraph.

17.

These Defendants deny the allegations in Paragraph 17 of Plaintiffs' Complaint.

## III. DIRECT ACTION

18.

These Defendants repeat, reallege and incorporate by reference all of their prior answers and defenses, including but not limited to those answers and defenses to Paragraphs 1 through 17 above, as if fully set forth herein. In response to the second sentence of Paragraph 18, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

19.

In response to the allegations in Paragraph 19 of Plaintiffs' Complaint, these Defendants, upon information and belief, generally admit that they have applicable liability coverage with Canal Insurance Company. These Defendants are without knowledge or

990943v.1

informationسufficient to form a belief as to the truth of the remaining allegations in that Paragraph.

20.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiffs' Complaint.

21.

In response to the allegations in Paragraph 21 of Plaintiffs' Complaint, these Defendants deny that Plaintiff were injured in this very minor accident. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that Paragraph.

22.

These Defendants deny the allegations in Paragraph 22 of Plaintiffs' Complaint.

23.

These Defendants deny the allegations in Paragraph 23 of Plaintiffs' Complaint.

24.

These Defendants deny the allegations in Paragraph 24 of Plaintiffs' Complaint.

### IV. **NEGLIGENCE**

25.

These Defendants repeat, reallege and incorporate by reference all of their prior answers and defenses, including but not limited to those answers and defenses to Paragraphs 1 through 24 above, as if fully set forth herein. In response to the second sentence of Paragraph 25, these Defendants admit that Mr. Coleman was at fault for the

very minor rear-end collision that occurred. These Defendants deny that any injury resulted to Plaintiffs and deny any recklessness or negligence per se. These Defendants further specifically deny subparagraphs (a) through (l) and deny any remaining allegations in that Paragraph.

26.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiffs' Complaint.

27.

These Defendants deny the allegations in Paragraph 27 of Plaintiffs' Complaint, including subparts (a) through (e).

28.

These Defendants deny the allegations in Paragraph 28 of Plaintiffs' Complaint, including subparts (a) through (e).

29.

In response to the allegations in Paragraph 29 of Plaintiffs' Complaint, these Defendants admit Mr. Coleman operated the vehicle as an independent contractor for D & H Transport, LLC and was acting within the course and scope of the contractual relationship. These Defendants deny the remaining allegations in that Paragraph.

30.

These Defendants deny the allegations in Paragraph 30 of Plaintiffs' Complaint.

31.

These Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

- 11 -

990943v.1

32.

These Defendants deny the allegations in Paragraph 32 of Plaintiffs' Complaint.

33.

These Defendants deny the allegations in Paragraph 33 of Plaintiffs' Complaint.

34.

These Defendants deny the allegations in Paragraph 34 of Plaintiffs' Complaint.

35.

These Defendants deny the allegations in Paragraph 35 of Plaintiffs' Complaint.

36.

These Defendants deny the allegations in Paragraph 36 of Plaintiffs' Complaint.

37.

These Defendants deny the allegations in Paragraph 37 of Plaintiffs' Complaint.

38.

These Defendants deny the allegations in Paragraph 38 of Plaintiffs' Complaint.

39.

These Defendants deny the allegations in Paragraph 39 of Plaintiffs' Complaint.

40.

These Defendants deny any allegations contained in the Paragraph beginning "WHEREFORE", including subparts (a) through (g).

41.

Any allegation not specifically responded to above is hereby denied by these Defendants.

**WHEREFORE**, these Defendants pray that:

(1) These Defendants be dismissed;

(2) All costs of this litigation be paid by Plaintiff;

(3) If any triable issue of fact exists, these Defendants request that they be granted a jury trial by a jury of twelve (12) persons; and

(4) Any other relief that this Court deems just and proper be granted.

Respectfully submitted this 27th day of June, 2023.

                                           **NALL & MILLER, LLP**

                                 By:    */s/ Quinn Curtis Bennett*

235 Peachtree Street NE                **QUINN CURTIS BENNETT**
North Tower, Suite 1500                 Georgia Bar No. 356087
Atlanta, Georgia 30303
Telephone: 404-522-2200              *Attorneys for Defendants*
Facsimile: 404-522-2208               *Christopher H. Coleman, D & H*
qbennett@nallmiller.com              *Transport Services, LLC and Canal*
                                                     *Insurance Company*

990943v.1

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this day the foregoing ***DEFENDANTS CHRISTOPHER H. COLEMAN, D & H TRANSPORT SERVICES, LLC,'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PERSONAL INJURIES*** was electronically filed with the Clerk of Court using the Odyssey Electronic Filing System which caused all parties-of-record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Nathaniel Miller, Esq.
    Clark R. Karell, Jr.
    KARELL TRIAL ATTORNEYS, L.L.C.
    3344 Peachtree Road, NE
    Suite 800
    Atlanta, Georgia 30326
    E-Mail: clark@karell.law; nate4@karell.law

    *Attorneys for Plaintiff*

Respectfully submitted this 27th day of June, 2023.

                                                    **NALL & MILLER, LLP**

                                          By:    */s/ Quinn Curtis Bennett*

235 Peachtree Street NE                      **QUINN CURTIS BENNETT**
North Tower, Suite 1500                    Georgia Bar No. 356087
Atlanta, Georgia 30303
Telephone: 404-522-2200                  *Attorneys for Defendants*
Facsimile: 404-522-2208                    *Christopher H. Coleman, D & H*
qbennett@nallmiller.com                    *Transport Services, LLC and Canal*
                                                    *Insurance Company*

990943v.1