Case 1:23-mi-99999-UNA Document 2624-12 Filed 08/17/23 Page 1 of 15

2023CV01161 Filed 6/27/2023 12:15 PM

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| NAVARRION WILLIAMS and ADOLPH CLOUD | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) | CIVIL ACTION FILE NO. 2023CV01161 |
| CHRISTOPHER H. COLEMAN, D & H TRANSPORT SERVICES, LLC, CANAL INSURANCE COMPANY, JOHN DOE 1-5, AND ABC CORP. 1-5, | ) ) ) ) ) |
| Defendants. | ) |

### DEFENDANT CANAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES

COMES NOW CANAL INSURANCE COMPANY (hereinafter "Canal" or "this Defendant"), Defendant in the above-styled case, by and through undersigned counsel, and file its Answer to Plaintiff's Complaint for Personal Injuries ("hereinafter "Complaint") as follows:

### FIRST DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

No act or omission on the part of this Defendant caused or contributed to the Plaintiffs alleged injuries and damages and, therefore, Plaintiffs are not entitled to any recovery from this Defendant.

990943v.1

## THIRD DEFENSE

This Defendant contests the damages and injuries which are being asserted in this action and demands strict proof thereof.

## FOURTH DEFENSE

This Defendant states that the proximate cause of the Plaintiffs' alleged injuries and damages are unrelated to the subject accident, in whole or in part, and/or were due to the actions, omissions, or negligence of a person or persons other than this Defendant, for whom this Defendant is in no way liable.  Therefore, Plaintiffs are not entitled to recover from this Defendant.

## FIFTH DEFENSE

Plaintiffs' Complaint fails to state a cause of action for punitive damages against this Defendant and those claims should be dismissed.

## SIXTH DEFENSE

Plaintiffs' claims for punitive damages against this Defendant cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Georgia Legislature limiting awards of punitive damages.

## SEVENTH DEFENSE

Plaintiffs' claims to punitive damages and the provisions of Georgia law governing the right to recover punitive damages, or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

  a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

  b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates this Defendant's right to due process as guaranteed by the United States Constitution.

  c. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

  d. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and this Defendant's due process rights.

  e. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of this Defendant's due process rights.

  f. Plaintiffs' claim for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Georgia law would violate a defendant's due process rights in as much as juries can award punitive damages as they see

fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

  g. Plaintiffs' claim for punitive damages, and the provisions of Georgia law governing the right to recover punitive damages, or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain and they deprive this Defendant of due process of law.

  h. Plaintiffs' claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages, or the determination of punitive damages cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant or its insured's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

  i. Plaintiffs' claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages subject this Defendant to punishment for the conduct of others through vicarious liability, *respondeat superior* or through non-apportionment of damages among joint tortfeasors based on the respective enormity of its alleged misconduct, in violation of t this Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

  j. Plaintiffs' claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages

expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on the exercise of their right to a judicial resolution of this dispute.

    k.    An award of punitive damages in this case would constitute a deprivation of property without due process of law.

    l.    The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

### EIGHTH DEFENSE

Plaintiffs' claim for punitive damages is barred to the extent that it seeks the admission into evidence of this Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

### NINTH DEFENSE

Plaintiffs' Complaint fails to state a claim against this Defendant for attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11, as this Defendant has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble or expense.

### TENTH DEFENSE

This Defendant answers the specific allegations of Plaintiffs' Complaint as follows:

## I. <u>PARTIES AND JURISDICTION</u>

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiffs' Complaint.

2.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Complaint.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiffs' Complaint.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiffs' Complaint.

5.

This Defendant admits the allegations in Paragraph 5 of Plaintiffs' Complaint.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiffs' Complaint.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiffs' Complaint.

8.

This Defendant admits the allegations in Paragraph 8 of Plaintiffs' Complaint.

## II. BACKGROUND

9.

In response to the allegations in Paragraph 9 of Plaintiffs' Complaint, this Defendant denies that it owned or operated any vehicle involved. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that Paragraph.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiffs' Complaint.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiffs' Complaint.

12.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiffs' Complaint.

13.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiffs' Complaint.

990943v.1

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiffs' Complaint.

15.

This Defendant admits the allegations in Paragraph 15 of Plaintiffs' Complaint.

16.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiffs' Complaint.

17.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiffs' Complaint.

### III. **DIRECT ACTION**

18.

This Defendant repeats, realleges and incorporates by reference all of its prior answers and defenses, including but not limited to those answers and defenses to Paragraphs 1 through 17 above, as if fully set forth herein. In response to the second sentence of Paragraph 18, this Defendant admits that it is subject to direct action pursuant to O.C.G.A. § 40-2-140. However, this Defendant denies that joinder is appropriate here as it has admitted coverage to its insured for this incident, assuring its role as a substitute surety bond for its insured under that code section. Therefore, joinder is unnecessary and unfairly prejudices the rights of this Defendant's insured by injecting insurance into the case. Defendant denies any remaining allegations in this Paragraph.

990943v.1

19.

In response to the allegations in Paragraph 19 of Plaintiffs' Complaint, this Defendant admits that it issued a policy of liability insurance to its insured D & H Transport Services, LLC in compliance with applicable law. This Defendant the remaining allegations in that Paragraph as stated.

20.

In response to the allegations in Paragraph 20 of Plaintiffs' Complaint, admitted as to O.C.G.A. § 40-2-140. This Defendant the remaining allegations in that Paragraph.

21.

In response to the allegations in Paragraph 21 of Plaintiffs' Complaint, this Defendant admits that it issued a policy of liability insurance to its insured D & H Transport Services, LLC, which provides coverage for the insured up to the applicable policy limit and subject to the terms and conditions of the policy. This Defendant denies that it is "responsible" for any damages, denies any negligence on party of this Defendant, and denies any remaining allegations contained in that Paragraph.

22.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiffs' Complaint.

23.

In response to the allegations in Paragraph 23 of Plaintiffs' Complaint, this Defendant denies any negligence on part of it and denies any involvement in the alleged

990943v.1

incident other than as insurer. This Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations in that Paragraph.

24.

In response to the allegations in Paragraph 24 of Plaintiffs' Complaint, this Defendant denies any negligence on part of it and denies any involvement in the alleged incident other than as insurer. This Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations in that Paragraph.

## IV. NEGLIGENCE

25.

This Defendant repeats, realleges and incorporates by reference all of its prior answers and defenses, including but not limited to those answers and defenses to Paragraphs 1 through 17 above, as if fully set forth herein. In response to the second sentence of Paragraph 25, this Defendant denies any negligence on part of it and denies any involvement in the alleged incident other than as insurer. This Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations, including subparts (a) through (l).

26.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiffs' Complaint.

27.

In response to the allegations in Paragraph 27 of Plaintiffs' Complaint, this Defendant denies any negligence on part of it and denies any involvement in the alleged

990943v.1

incident other than as insurer. This Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations, including subparts (a) through (e).

28.

In response to the allegations in Paragraph 28 of Plaintiffs' Complaint, this Defendant denies any negligence on part of it and denies any involvement in the alleged incident other than as insurer. This Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations, including subparts (a) through (e).

29.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiffs' Complaint.

30.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiffs' Complaint.

31.

In response to the allegations in Paragraph 31 of Plaintiffs' Complaint, this Defendant denies any negligence on part of it and denies any involvement in the alleged incident other than as insurer. This Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations in that Paragraph.

32.

In response to the allegations in Paragraph 32 of Plaintiffs' Complaint, this Defendant denies any negligence on part of it and denies any involvement in the alleged

incident other than as insurer. This Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations in that Paragraph.

33.

In response to the allegations in Paragraph 33 of Plaintiffs' Complaint, this Defendant denies any negligence on part of it and denies any involvement in the alleged incident other than as insurer. This Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations in that Paragraph.

34.

In response to the allegations in Paragraph 34 of Plaintiffs' Complaint, this Defendant denies any negligence on part of it and denies any involvement in the alleged incident other than as insurer. This Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations in that Paragraph.

35.

In response to the allegations in Paragraph 35 of Plaintiffs' Complaint, this Defendant denies any negligence on part of it and denies any involvement in the alleged incident other than as insurer. This Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations in that Paragraph.

36.

In response to the allegations in Paragraph 36 of Plaintiffs' Complaint, this Defendant denies any negligence on part of it and denies any involvement in the alleged incident other than as insurer. This Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations in that Paragraph.

37.

This Defendant denies the allegations in Paragraph 37 of Plaintiffs' Complaint.

38.

This Defendant the allegations in Paragraph 38 of Plaintiffs' Complaint.

39.

In response to the allegations in Paragraph 39 of Plaintiffs' Complaint, this Defendant denies being indebted to Plaintiffs and denies any involvement in the alleged incident other than as insurer. This Defendant without knowledge or information sufficient to form a belief as to the truth of the allegations in that Paragraph.

40.

This Defendant denies any allegations contained in the Paragraph beginning "WHEREFORE", including subparts (a) through (g).

41.

Any allegation not specifically responded to above is hereby denied by this Defendant.

**WHEREFORE**, this Defendant prays that:

(1) This Defendant be dismissed;

(2) All costs of this litigation be paid by Plaintiffs;

(3) If any triable issue of fact exists, this Defendant requests that it be granted a jury trial by a jury of twelve (12) persons; and

(4) Any other relief that this Court deems just and proper be granted.

- 13 -

990943v.1

Respectfully submitted this 27th day of June, 2023.

                                              **NALL & MILLER, LLP**

By: */s/ Quinn Curtis Bennett*

| | |
|---|---|
| 235 Peachtree Street NE | **QUINN CURTIS BENNETT** |
| North Tower, Suite 1500 | Georgia Bar No. 356087 |
| Atlanta, Georgia 30303 | |
| Telephone: 404-522-2200 | *Attorneys for Defendants* |
| Facsimile: 404-522-2208 | *Christopher H. Coleman, D & H* |
| qbennett@nallmiller.com | *Transport Services, LLC and Canal Insurance Company* |

990943v.1

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this day the foregoing ***DEFENDANT CANAL INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PERSONAL INJURIES*** was electronically filed with the Clerk of Court using the Odyssey Electronic Filing System which caused all parties-of-record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Nathaniel Miller, Esq.
    Clark R. Karell, Jr.
    KARELL TRIAL ATTORNEYS, L.L.C.
    3344 Peachtree Road, NE
    Suite 800
    Atlanta, Georgia 30326
    E-Mail: clark@karell.law; nate4@karell.law

    *Attorneys for Plaintiff*

Respectfully submitted this 27th day of June, 2023.

                                            **NALL & MILLER, LLP**

                                      By:    */s/ Quinn Curtis Bennett*

235 Peachtree Street NE                     **QUINN CURTIS BENNETT**
North Tower, Suite 1500                    Georgia Bar No. 356087
Atlanta, Georgia 30303
Telephone: 404-522-2200                   *Attorneys for Defendants*
Facsimile: 404-522-2208                    *Christopher H. Coleman, D & H*
qbennett@nallmiller.com                  *Transport Services, LLC and Canal*
                                                    *Insurance Company*

990943v.1