IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMY BEASLEY and JOHN BEASLEY, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. _____ |
| AMBER MARIE SCHMIDT, | ) ) | |
| Defendant, | ) ) ) | [Removed from State Court of Fulton County, GA Case No. 23EV004183] |

## NOTICE OF REMOVAL

COMES NOW, Defendant Amber Marie Schmidt, in the above-styled action, and hereby gives notice of the removal of the above-styled civil action from the State Court of Fulton County, Georgia pursuant to 28 U.S.C. 1332, 1441, and 1446. Defendant shows this Honorable Court the grounds for this removal are as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1.

Amy Beasley and John Beasley ("Plaintiffs") filed a Complaint ("Lawsuit") against the Defendant in the State Court of Fulton County, State of Georgia on July 13, 2023. (*See generally*, Complaint). In accordance with 28 U.S.C. § 1446, a copy

of all process, pleadings and orders filed in such action have been attached to this Notice. A copy of all pleadings previously filed in Fulton County are attached hereto as **EXHIBIT A**.

2.

Plaintiffs served this lawsuit on Defendant on July 19, 2023. Defendant shows that this notice of removal is filed within thirty (30) days from the date of service of the Complaint.

3.

The Complaint seeks damages resulting from an accident that took place on I-285 as it approaches I-20 in Fulton County, Georgia. (Complaint, ¶¶ 8).

4.

Plaintiffs claim that the Defendant failed to stop in a timely manner and collided with the back of Plaintiffs' vehicle. (Complaint, Generally). Moreover, Plaintiffs assert that Defendant is guilty of negligence and negligence per se. (Complaint, Generally).

## **PARTIES**

5.

Plaintiffs are individuals who are residents of Tennessee. (Complaint, ¶ 4).

6.

Defendant is a resident of the State of Alabama and was served in that State, a copy of the service is attached hereto to as **EXHIBIT B**.  Defendant is not a citizen of the State of Georgia and was not a citizen of the State of Georgia on the date of filing of the Complaint. (Complaint, ¶ 5; Answer, ¶ 5).

## REMOVAL

7.

Defendant, as required by 28 U.S.C. § 1446(d), has given notice of this removal to Plaintiffs and to the State Court of Fulton County, Georgia.  A copy of said Notice is attached hereto as **EXHIBIT C**.

8.

Venue is proper because the United States District Court for the Northern District of Georgia, Atlanta Division encompasses Fulton County, Georgia – the jurisdiction in which Plaintiffs filed their original Complaint.

9.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000 (exclusive of interest and costs).  Accordingly, removal of this case to this Court is proper under 28 U.S.C. § 1441.

*Complete Diversity of Citizenship Exists Between Plaintiff and Defendants*

10.

For jurisdiction to be proper under 28 U.S.C. § 1332, plaintiffs and defendants must be citizens of different states. 28 U.S.C. § 1332 (a)(1) (2013); *Wis. Dep't of Corrections, et al. v. Schacht*, 524 U.S. 381, 388 (1998) (stating, "[a] case falls within the federal district court's 'original' 'diversity jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.").

11.

As shown above, Plaintiffs are citizens of Tennessee while Defendant is a citizen of Alabama.

12.

Accordingly, Defendant is not a citizen of the same state as Plaintiffs, and therefore, complete diversity exists in this case.

*The Amount in Controversy Requirement is Satisfied*

13.

For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). "Where the plaintiff has not pled a specific amount of damages, the

removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. When determining if the defendant has satisfied its burden to establish jurisdiction by a preponderance of the evidence, if the court cannot determine whether it is facially apparent from the complaint that the jurisdictional amount is in controversy, the court may consider facts alleged in the notice of removal, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied (i.e., affidavits, declarations or other documentation). *Id*. at 754-755 (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990)).

14.

Plaintiffs stated in their Complaint that they have incurred medical expenses and that they expect to incur more in the future. (Complaint, ¶ 19-20, 25-26). Moreover, Plaintiffs, in their Complaint, state that they are looking to recover more than just past medical specials. (Complaint, ¶ 19-29).

15.

Plaintiffs' claimed damages are greater than $75,000.00 and thus Plaintiffs cannot shield their case from removal. *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754 (11th Cir. 2010); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990).

16.

Because the parties are completely diverse in citizenship and Defendant has established by the preponderance of the evidence that the amount in controversy exceeds $75,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal jurisdiction pursuant to 28 U.S.C. § 1441.

### *Notice & Consent*

17.

Defendant has given written notice of the filing of this Notice of Removal to Plaintiffs by notifying their attorney of record, P. Andrew Lampros, 300 Galleria Parkway, Suite 300, Atlanta, Georgia 30339.  Defendant has filed a written notice with the Clerk of the State Court of Fulton County, a copy of said notice being attached hereto and made a part hereof.

WHEREFORE, Defendant Amber Marie Schmidt prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 17th day of August, 2023.

                                    Respectfully submitted,

                                    **GOWER WOOTEN & DARNEILLE, LLC**

                                    */s/ Jason D. Darneille*
                                    JASON D. DARNEILLE
                                    Georgia Bar No.  24018
                                    *Counsel for Defendant*

4200 Northside Pkwy. NW, Building 12
Atlanta, Georgia 30327
OFF:  (404) 662-2333
FAX: (678) 981-5182
jdarneille@gwdlawfirm.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing has been prepared with Time New Roman 14-point, which is one of the font and point selections approved by the Court in LR 5.1B.

                                                **GOWER WOOTEN & DARNEILLE**

                                                */s/ Jason D. Darneille*
                                                JASON D. DARNEILLE
                                                Georgia Bar No. 224108
                                                *Counsel for Defendant*

4200 Northside Parkway
Building 12
Atlanta, GA   30327
OFF:  (404) 662-2333
FAX: (678) 981-5182

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2023, the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following CM/ECF filing participants:

P. Andrew Lampros, Esq.
Hall & Lampros, LLP
300 Galleria Parkway, Suite 300
Atlanta, GA 30339

**GOWER WOOTEN & DARNEILLE**

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
*Counsel for Defendant*

4200 Northside Parkway
Building 12
Atlanta, GA   30327
OFF:  (404) 662-2333
FAX: (678) 981-5182

3683873v.1