IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMY BEASLEY and JOHN BEASLEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. _____ |
| AMBER MARIE SCHMIDT, | ) ) | |
| Defendant, | ) ) ) | [Removed from State Court of Fulton County, GA Case No. 23EV004183] |

**JURISDICTIONAL STATEMENT**

COMES NOW, Defendant Amber Marie Schmidt by and through undersigned counsel, and hereby makes the following jurisdictional statement:

1.

Defendant is a resident of the State of Alabama and was served in that State, a copy of the service is attached hereto to as **EXHIBIT B**. Defendant is not a citizen of the State of Georgia and was not a citizen of the State of Georgia on the date of filing of the Complaint. (Complaint, ¶ 5; Answer, ¶ 5).

1

2.

Defendant, as required by 28 U.S.C. § 1446(d), has given notice of this removal to Plaintiffs and to the State Court of Fulton, Georgia. A copy of said Notice is attached hereto as **Exhibit C**.

3.

Venue is proper because the United States District Court for the Northern District of Georgia, Atlanta Division encompasses Fulton County, Georgia – the jurisdiction in which Plaintiffs filed their original Complaint.

4.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceed $75,000 (exclusive of interest and costs). Accordingly, removal of this case to this Court is proper under 28 U.S.C. § 1441.

5.

For jurisdiction to be proper under 28 U.S.C. § 1332, plaintiffs and defendants must be citizens of different states. 28 U.S.C. § 1332 (a)(1) (2013); *Wis. Dep't of Corrections, et al. v. Schacht*, 524 U.S. 381, 388 (1998) (stating, "[a] case falls within the federal district court's 'original' 'diversity jurisdiction' only if diversity

of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.").

6.

As shown above, Plaintiffs are citizens of Tennessee while Defendant is a citizen of Alabama.

7.

Accordingly, Defendant is not a citizen of the same state as the Plaintiffs, and therefore, complete diversity exists in this case.

8.

For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). "Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* When determining if the defendant has satisfied its burden to establish jurisdiction by a preponderance of the evidence, if the court cannot

determine whether it is facially apparent from the complaint that the jurisdictional amount is in controversy, the court may consider facts alleged in the notice of removal, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied (i.e., affidavits, declarations or other documentation). *Id*. at 754-755 (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990)).

9.

Plaintiffs stated in their Complaint that they have incurred medical expenses and that they expect to incur more in the future. (Complaint, ¶ 19-20, 26-26). Moreover, Plaintiffs, in their Complaint, state that they are looking to recover more than just their past medical specials. (Complaint, ¶ 19-29).

10.

Plaintiffs' claimed damages is greater than $75,000.00 and thus Plaintiffs cannot shield his case from removal. *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754 (11th Cir. 2010); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990).

11.

Because the parties are completely diverse in citizenship and Defendant has established by the preponderance of the evidence that the amount in controversy exceeds $75,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal jurisdiction pursuant to 28 U.S.C. § 1441.

12.

Defendant has given written notice of the filing of this Notice of Removal to Plaintiffs by notifying their attorney of record, . Andrew Lampros, 300 Galleria Parkway, Suite 300, Atlanta, Georgia 30339.  Defendant has filed a written notice with the Clerk of the State Court of Fulton County, a copy of said notice being attached hereto and made a part hereof.

This 17th day of August, 2023.

                Respectfully submitted,

                **GOWER WOOTEN & DARNEILLE, LLC**

                */s/ Jason D. Darneille*
                JASON D. DARNEILLE
                Georgia Bar No.  24018
                *Counsel for Defendant*

4200 Northside Pkwy. NW, Building 12
Atlanta, Georgia 30327
OFF:  (404) 662-2333
FAX: (678) 981-5182
jdarneille@gwdlawfirm.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing has been prepared with Time New Roman 14-point, which is one of the font and point selections approved by the Court in LR 5.1B.

                                        **GOWER WOOTEN & DARNEILLE**

                                        */s/ Jason D. Darneille*
                                        JASON D. DARNEILLE
                                        Georgia Bar No. 224108
                                        *Counsel for Defendant*

4200 Northside Parkway
Building 12
Atlanta, GA   30327
OFF:  (404) 662-2333
FAX: (678) 981-5182

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2023 the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following CM/ECF filing participants:

P. Andrew Lampros, Esq.
Hall & Lampros, LLP
300 Galleria Parkway, Suite 300
Atlanta, GA 30339

**GOWER WOOTEN & DARNEILLE**

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
*Counsel for Defendant*

4200 Northside Parkway
Building 12
Atlanta, GA   30327
OFF:  (404) 662-2333
FAX: (678) 981-5182