# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BRANDY BYRNE, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO.: |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| AQUA TERRA BISTRO, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

Plaintiff Brandy Byrne ("Plaintiff"), by and through counsel, files this Complaint against Defendant AQUA TERRA BISTRO, INC., ("Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees.

In support of her claims, Plaintiff asserts as follows:

## INTRODUCTION

1.  This lawsuit alleges violations based on Defendant's invalid and illegal tip pool and failure to properly calculate and pay Plaintiff minimum wages during the period three years prior to the filing of this lawsuit through the end of her employment in or about October 27, 2022.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

3. Plaintiff Byrne is a resident of Georgia in this judicial district.

4. Plaintiff was an "employee" of Defendant, during the period approximately April 4, 2021 to October 27, 2022, as that term has been defined by the FLSA, 29 U.S.C. § 201 *et seq.* and 29 U.S.C. § 203(e).

5. Defendant Aqua Terra Bistro, Inc., at all relevant times has operated the Aqua Terra Bistro ("the Restaurant") at 55 E Main St. NE, Buford, GA 30518-5712.

6. Defendant is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 55 E Main St. NE, Buford, GA 30518.

7. Defendant can be served via its Registered Agent on file with the Georgia Secretary of State who is Kathleen B. Guy, 1505 Lakes Parkway, Suite 100, Lawrenceville, GA 30043.

8. At all relevant times, Defendant had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

9. At all relevant times, Defendant has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a). Defendant's gross revenue exceeds $500,000 per year.

10. Defendant employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

11. Defendant owns and operates the Restaurant.

**A. Plaintiff's Employment with Defendant.**

12. Plaintiff was employed by Defendant at the Restaurant as a Server.

13. Defendant hired Plaintiff in approximately April 2021.

14. Plaintiff's employment with Defendant ended on October 27, 2022.

15. At all relevant times, Plaintiff was an "employee" of Defendant as that term is used in 29 U.S.C. § 203(e)(1).

16. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

17. At all relevant times, Plaintiff was a non-exempt employee for Defendant.

18. At all times during her employment, Plaintiff was a non-exempt, tipped employee of Defendant and was paid a tip-credit wage of $2.13 per hour.

### B. Invalid Tip Pool Violations

19. At all relevant times, Defendant paid Plaintiff a tip credit wage (less than minimum wage) for all hours worked at the Restaurant.

20. Federal law permits Defendant to pay employees less than the $7.25 minimum wage so long as they are working a tipped occupation and able to earn sufficient tips.

21. Federal law permits Defendant to require tipped employees such as Plaintiff to participate in a tip pool where a portion of an employee's tips are shared with other employees in the Restaurant so long as the arrangement is among employees who customarily and regularly receive tips.

22. A valid tip pool may not include employees who do not customarily and regularly receive tips, such as dishwashers, cooks, chefs, janitors, or utility workers.

23. Defendant improperly required Plaintiff to share tips with employees who do not customarily and regularly receive tips.

24. Defendant improperly required Plaintiff to participate in an invalid and illegal tip pool.

C. **Dual Job Violations**

25.  Federal law permits Defendant to pay employees such as Plaintiff less than the minimum wage so long as they are working a tipped occupation, and able to earn tips.

26.  Federal law prohibits Defendant from utilizing the tip credit when requiring employees to perform non-tip-producing tasks that are not contemporaneous with tip-producing activities or are not for reasonable times immediately before or after performing contemporaneous tipped activities.

27.  While employing Plaintiff as a Server at a tip credit wage, Defendant required Plaintiff to perform non-server and non-customer service tasks that included, but were not limited to: deep cleaning; taking out trash; extensive cleaning throughout the Restaurant and in areas unrelated to server stations; dusting ceiling fans; cleaning under tables and booths; baseboards and walls; cleaning the "to-go" station; restocking restrooms; polish and roll silverware; sweeping floors within the Restaurant and in the kitchen; cleaning and restocking the drink station; restocking the "to-go" station; filling salt and pepper shakers; brewing coffee; brewing tea; cleaning and restocking the server station; cleaning trays and chairs; filling up and then emptying bottle water basins; and deep cleaning sessions on weekends.

28.  While being paid a tip-credit wage, Plaintiff also was routinely

assigned opening and closing duties that included non-tipped, maintenance-type, food prep, cleaning, and non-customer service duties while employed by Defendant.

29. These non-server/non-customer service duties were not contemporaneous with customer service, were for substantial continuous periods of time, and amounted to a separate, non-server occupation.

30. These non-server/non-customer service duties were performed both before and after customer service and for extensive periods of time that were not reasonable times immediately before or after tipped activities.

31. Plaintiff's non-server/non-customer service duties extended to the entire Restaurant beyond areas where they served customers.

32. Plaintiff's non-server/non-customer service duties consumed a substantial portion of the workday, were more than "part of the time" that Plaintiff worked, were for times longer than a few minutes, and longer than *de minimis* time periods.

33. There was a clear dividing line between Plaintiff's customer service duties and Plaintiff's non-customer service, opening and closing duties, particularly because extensive non-customer service duties were required before and after the Restaurant was open, and before Plaintiff was assigned a customer and after

Plaintiff's customers were served.

34. Plaintiff's non-server/non-customer service duties accounted for over 20% of her time working at the Restaurant in the workday and workweeks.

35. Plaintiff's non-server/non-customer service duties were not tipped duties and were instead related support duties and unrelated duties and were required to be performed for extensive and unreasonable periods of time during Plaintiff's shift.

36. Defendant denied Plaintiff minimum wage compensation for these periods where Plaintiff was performing non-tip related tasks and no customers were in the building.

37. Defendant violated the FLSA by willfully refusing to pay Plaintiff proper minimum wage compensation for non-server duties amounting to a separate occupation.

38. Even if the non-server/non-customer service duties Defendant required Plaintiff to perform were related to her tipped occupation, Defendant violated the FLSA by its policy and practice of requiring Plaintiff to perform such work for a substantial amount of the time worked during the workweek, and during discrete periods before and after her shifts when Plaintiff could not earn any tips.

39. Plaintiff was required to perform tasks that were unrelated to and not

incidental to her tip-producing occupation without being paid a minimum wage.

## COUNT I

### FAIR LABOR STANDARDS ACT VIOLATIONS
### MINIMUM WAGE-ILLEGAL TIP POOL

40. At all relevant times, Defendant was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

42. Defendant did not provide notice to Plaintiff of required information relating to taking the tip credit against Plaintiff's wages, and failed to inform Plaintiff about: a) the amount of the direct (or cash) wage the employer is paying a tipped employee, which must be at least $2.13 per hour; b) the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required direct (or cash) wage of $2.13 and the current minimum wage of $7.25);  and c) that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee.

43. At all relevant times, Defendant improperly withheld Plaintiff's tips in violation of the FLSA.

44. At all relevant times, Defendant required Plaintiff to participate in an

invalid tip pool.

45. At all relevant times, Defendant required Plaintiff to contribute part of her tips to non-tipped employees who did not perform customer service and who do not customarily and regularly receive tips in violation of the FLSA.

46. Defendant also kept part of Plaintiff's tips.

47. At all relevant times, Defendant improperly took a tip credit against Plaintiff's wages.

48. At all relevant times, Defendant failed to compensate Plaintiff at the applicable federal minimum wage for tasks that were unrelated to and non-incidental to a tip producing occupation.

49. As a result of Defendant's willful failure to pay Plaintiff the appropriate wage, Defendant violated the FLSA, 29 U.S.C. §§ 206 and 215(a).

50. Defendant's conduct of failing to pay minimum wage constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid minimum wage; improperly withheld tips; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **COUNT II**

### **FAIR LABOR STANDARDS ACT VIOLATIONS**
### **MINIMUM WAGE-DUAL JOBS**

52. At all relevant times, Defendant was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendant failed to compensate Plaintiff at the applicable federal minimum wage (1) for tasks that were unrelated to and non-incidental to a tip producing occupation; (2) for non-customer service work that was more than 20% of the workday and workweek, (3) for non-customer service work that was for substantial and excessive periods of continuous time; and (4) for non-customer service work performed that was not incidental or contemporaneous with customer service.

54. At all relevant times, Defendant failed to compensate Plaintiff at the applicable federal minimum wage (1) for non-server/non-customer service duties that were for excessive and substantial periods of time in excess of 20% of the workday and workweek; (2) for non-server/non-customer service duties that were not directed towards producing tips; (3) for non-server/non-customer service duties that were performed for substantial periods of time and not contemporaneous with customer service.

55. As a result of Defendant's willful failure to pay Plaintiff the appropriate wage, Defendant violated the FLSA, 29 U.S.C. §§ 206 and 215(a).

56. Defendant's conduct of failing to pay minimum wage constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid minimum wage; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and request that this Court grant the following relief against Defendant:

    A. An award of all unpaid wages, including but not limited to, all unpaid minimum wage compensation and improperly withheld tips, due under the FLSA to Plaintiff;

    B. An award of liquidated damages to Plaintiff;

    C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

    D. A trial by jury as to all claims; and

    E. Such other relief as this Court deems just and proper.

Respectfully submitted this 17th day of August 2023.

**HALL & LAMPROS, LLP**

/s/ Meredith J. Carter
Meredith J. Carter
Georgia Bar No. 325422
Brittany A. Barto
Georgia Bar No. 501673

300 Galleria Parkway, Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
meredith@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for Plaintiff*