IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARGARETH JEAN-SAUREL,<br><br>    Plaintiff,<br><br>v.<br><br>C.R. ENGLAND, INC. AND JAMIE BENNETT,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO.: _____ |

## DEFENDANTS' NOTICE OF REMOVAL

COME NOW, Defendants C.R. ENGLAND, INC. AND JAMIE BENNETT, (hereinafter collectively as "Defendants"), by and through their counsel of record, and without waiving any defenses as to service, jurisdiction, or proper party, hereby file this Notice of Removal, respectfully showing the Court as follows:

1.

Plaintiff filed this personal injury action arising from injuries sustained in a motor vehicle accident in the State Court of Gwinnett County, Georgia, Civil Action File No. 23-C-04920-S6 on July 17, 2023. Defendant C.R. ENGLAND, INC. was served on July 18, 2023. To date no other Defendants have been served. A copy of all pleadings and process served upon C.R. ENGLAND, INC. is attached to Defendant's Notice of Removal as Exhibit "1".

## Complete Diversity Jurisdiction Exists

2.

Plaintiff is a citizen of the State of Georgia and domiciled in Georgia. See, Exhibit "1" to Defendant's Notice of Removal, Complaint ¶ 3.

3.

Defendant C.R. ENGLAND, INC. is a Utah corporation whose principal place of business is in the State of Utah, at 4701 W 2100 S, Salt Lake City, UT.  C.R. ENGLAND, INC.'s registered agent in the state of Georgia is Corporation Service Company, which maintains an office at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.  Defendant C.R. ENGLAND, INC. is a citizen of Utah and domiciled in Utah for the purposes of diversity jurisdiction.

4.

Defendant Jamie Bennett is an individual who was, and currently is, a citizen and resident of the State of North Carolina.  Defendant Bennett is a citizen of North Carolina and domiciled in North Carolina for the purposes of diversity jurisdiction.

5.

Therefore, complete diversity of citizenship exists between Plaintiff and Defendants for purposes of 28 U.S.C. § 1332(c)(1).

**The Amount in Controversy Exceeds $75,000.00**

6.

The threshold "amount in controversy" requirement is also met in this case, as Plaintiff's counsel has specifically represented that Plaintiff is seeking in excess of $75,000.00. See Email attached as Exhibit "2". Plaintiff has pled special damages of $36,182.51 in her Complaint, in addition to claiming general damages, including but not limited to physical and mental pain and suffering, past, present, and future, thus exceeding the $75,000.00 threshold. See, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (*citing* Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996) (removal allowed where amount in controversy can "more likely than not be satisfied").

7.

A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceed the jurisdictional threshold . . ." (Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014)). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Id. at 554.  In reviewing whether notices of removal satisfy the jurisdictional requirements, the district courts should "apply the same liberal rules [to removal allegations] that are applied to other

matters of pleading." (Id., *citing* H.R.Rep. No. 100-889, p. 71).

### **Removal is Timely**

8.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1446(b), and 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, Defendant C.R. England was served less than 30 days ago, and the matter in controversy exceeds the sum of $75,000.00.

### **Venue is Proper in the Northern District**

9.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses Gwinnett County. *See* 28 U.S.C. § 90(a)(2).

### **The Unanimity Requirement is Met Here**

10.

The Supreme Court has construed the removal statues to require all defendants in a case to consent to removal, thus creating the so-called "unanimity requirement." See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001)(citing Chicago, Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900)).  All Defendants consent to this Notice of Removal.

**Removal is Proper**

11.

No previous application for the relief sought herein has been made to this or any other Court.

12.

Good and sufficient defenses to Plaintiff's claims exist.

13.

Within thirty (30) days after service on Defendant C.R. England, notice is hereby given in accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

14.

Defendants have given written notice of the filing of the Notice of Removal to Plaintiffs and to the Clerk of the State Court of Gwinnett County.  A copy of the Notice of Filing Notice of Removal is attached to Defendant's Notice of Removal as Exhibit "3".

19.

WHEREFORE it is hereby requested that this Court grant the removal of this case to the United States District Court for the Northern District of Georgia, in which district this suit is pending.

Respectfully submitted this 17th day of August, 2023.

                              MCMICKLE, KUREY & BRANCH, LLP

                              */s/ Matthew R. Sessions*
                              KEVIN P. BRANCH
                              Georgia Bar No. 111839
                              MATTHEW R. SESSIONS
                              Georgia Bar No. 899806
                              *Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone:  (678) 824-7800
Facsimile:   (678) 824-7801
Email: kpb@mkblawfirm.com
       msessions@mkblawfirm.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This document has been prepared in Times New Roman font, 14 point.

*/s/ Matthew R. Sessions*
MATTHEW R. SESSIONS
For the Firm

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the within and foregoing **NOTICE OF REMOVAL** upon the following counsel of record via the Court's *PACER* CM/ECF Filing System on this 17th day of August, 2023.

Scott A. Pryor, Esq.
scott@scottpryorlaw.com
Philip Lorenz
Philip@scottpryorlaw.com
Scott Pryor Law
6185 Crooked Creek Road NW, Suite H
Peachtree Corners, GA 30092
***Attorneys for Plaintiff***

This 17th day of August, 2023.

                                        */s/ Matthew R. Sessions*
                                        MATTHEW R. SESSIONS
                                        For the Firm