

**null / ALL**
**Transmittal Number: 27306613**
**Date Processed: 07/19/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | TJ England<br>C.R. England, Inc.<br>4701 W 2100 S<br>Salt Lake City, UT 84120-1223 |
| **Electronic copy provided to:** | Jared Parrish<br>Justin Olsen<br>Tyler Hayes<br>Mary Fagen<br>Bruce Boehm<br>Kelly Lowrey<br>Malani Brunswick<br>Leslie Bullard<br>Julian Feliciano |

| | |
|---|---|
| **Entity:** | C.R. England, Inc.<br>Entity ID Number  4020578 |
| **Entity Served:** | C.R. England, Inc. |
| **Title of Action:** | Margareth Jean-Saurel vs. Jamie Bennett |
| **Matter Name/ID:** | Margareth Jean-Saurel vs. Jamie Bennett (14352061) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Gwinnett County State Court, GA |
| **Case/Reference No:** | 23-C-04920-S6 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 07/18/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Scott Pryor Law Group<br>404-474-7298 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04920-S6**
**7/17/2023 12:13 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Margareth Jean-Saurel**

_____

_____

_____

                                         PLAINTIFF

23-C-04920-S6

CIVIL ACTION
NUMBER:_____

VS.

**Jamie Bennett; C.R. England, Inc.**

_____

_____

_____

                                         DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**       **C.R. ENGLAND, INC.**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Philip W. Lorenz, Esq. & Scott A. Pryor, Esq.
The Scott Pryor Law Group
6185 Crooked Creek Road, N.W., Suite H
Peachtree Corners, GA 30092

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

        17th day of July, 2023

                                         Tiana P. Garner
                                         Clerk of State Court

                                         _____
                                         **Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04920-S6**

**7/17/2023 12:13 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

MARGARETH JEAN-SAUREL,                )
                                      )
                                      )   **CIVIL ACTION NO.:**
                        Plaintiffs,   )   23-C-04920-S6
v.                                    )
                                      )   _____
JAMIE BENNETT and C.R.                )
ENGLAND, INC.                         )
                                      )
                        Defendant.    )

---

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Margareth Jean-Saurel, by and through the undersigned counsel of record, and files this Complaint for Damages, showing the Court as follows:

### PARTIES AND JURISDICTION

1.

Defendant Jamie Bennett (hereinafter "Bennett") is a citizen of the State of North Carolina. Defendant Bennett is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, *et seq.*, and may be served with process by serving the Secretary of State of Georgia in the manner prescribed by O.C.G.A. § 40-12-2.

2.

Defendant C.R. England, Inc. is a for-profit company existing under the laws of Georgia with its principal place of business located at 4701 W. 2100 S., Salt Lake City, Utah 84120. Defendant C.R. England, Inc. may be served via its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092. Defendant is subject to the jurisdiction of this Court.

3.

Plaintiff is a citizen of the State of Georgia and voluntarily submits herself to the jurisdiction of this Court.

4.

Jurisdiction and venue are proper in this Court.

## BACKGROUND

5.

On October 28, 2021, Plaintiff Margareth Jean-Saurel was driving north on I-85 near the 130 mile marker in the City of Braselton, Georgia in a 2021 Toyota.

6.

At the same time, Defendant Bennett was driving a 2020 Freightliner semi tractor-trailer owned by Defendant C.R. England in the lane to Plaintiff's left.

7.

As Plaintiff was driving, suddenly and without warning, Defendant Bennett changed lanes and smashed into Plaintiff's vehicle.

8.

The force of the impact caused disabling damage to Plaintiff's Toyota, which had to be removed from the scene by a tow truck.

9.

The October 28, 2021, collision was reported to the police as required by O.C.G.A. § 40-6-273.

10.

Officer Forrest of the Braselton Police Department, arrived at the scene and spoke with Plaintiff, Defendant Bennett, and an eyewitness to the collision, Mr. Joe Pimentel.

11.

Plaintiff told Officer Forrest that after Defendant Bennett hit her car, she lost control and her car ended up in the right hand side of the roadway.

12.

Defendant Bennett told Officer Forrest he needed to change lanes to his right, checked his mirrors, began changing lanes and struck Plaintiff's vehicle because she was in his "blind spot."

13.

Witness Pimentel told Officer Forrest essentially the same as what Plaintiff and Defendant Bennett told Officer Forrest.

14.

After completing his investigation, Officer Forrest determined Defendant Bennett was responsible for causing the collision.

15.

As a direct and proximate result of Defendant Bennett's negligence on October 28, 2021, Plaintiff sustained serious physical and emotional injuries, all of which will continue into the future.

16.

Defendant Bennett's negligence on October 28, 2021, is the sole and proximate cause of Plaintiff's injuries and damages.

**COUNT ONE**
**(ORDINARY NEGLIGENCE)**

17.

Plaintiff expressly re-alleges and incorporates by reference the allegations and averments set forth in numbered Paragraphs 1 through 16 of Plaintiff's Complaint for Damages ("Complaint") as if fully set forth herein.

18.

On October 28, 2021, Defendant was negligent in the following manner:

(a)    Failing to perform a proper visual search prior to changing lanes in violation of 49 CFR § 383.11(7)c;

(b)    Failing to exercise proper space management around the Freightliner in violation of 49 CFR § 383.11(10)c;

(c)    Failing to demonstrate safe on-road driving skills by failing to choose a safe gap for changing lanes as required pursuant to 49 CFR 383.113(d)iv;

(d)    Improper merging in violation of O.C.G.A. § 40-6-48;

(b)    Driving at a speed greater than is reasonable and prudent under the conditions present and failing to have regard for the actual and potential hazards then existing in the immediate vicinity of where the Collison occurred in violation of O.C.G.A. § 40-6-180;

(c)    Failing to exercise due care in the operation of a motor vehicle in violation of O.C.G.A. § 40-6-241;

(d)    Operating his vehicle recklessly and without due and proper regard for the safety of persons or property in violation of O.C.G.A. § 40-6-390;

(e)    Causing serious injury by motor vehicle in violation of O.C.G.A. § 40-6-294; and

(f)     With knowledge of the conditions present, failing to exercise ordinary care for the safety of others by not keeping their attention on the roadway ahead and not keeping their vehicle under control so as to be able to stop or otherwise take evasive maneuvers in time to avoid the August 9, 2021, Collison in violation of O.C.G.A. § 51-1-12.

19.

As a direct and proximate result of Defendant Bennett's negligence on October 28, 2021, Plaintiff suffered serious physical injuries to her head, neck, shoulder, and back.

20.

Defendant Bennett is therefore liable to Plaintiff for all special damages, including but not limited to medical expenses in an amount to be proven by the evidence at trial.

21.

Defendant Bennett is further liable to Plaintiff for general damages, including but not limited to physical and emotional pain and suffering, in an amount to be proven by the evidence at trial.

## COUNT TWO
### (NEGLIGENCE PER SE)

22.

Plaintiff expressly re-alleges and incorporates by reference the allegations and averments set forth in numbered Paragraphs 1 through 21 of Plaintiff's Complaint as if fully set forth herein.

23.

On October 28, 2021, Defendant Bennett was negligent per se in the following manner:

(a)     Improper merging in violation of O.C.G.A. § 40-6-48.

24.

As a direct and proximate result of Defendant Bennett's negligence per se on October 28, 2021, Plaintiff suffered severe and permanent physical and emotional injuries and damages, all of which will continue into the future.

25.

Defendant Bennett's negligence per se on October 28, 2021, is the sole and proximate cause of Plaintiff's injuries and damages.

26.

Defendant Bennett is therefore liable to Plaintiff for Plaintiff's specific damages, including but not limited to medical expenses, past, present, and future, incurred as a result of injuries sustained in the October 28, 2021, collision in an amount to be determined by the evidence at the trial of this case.

27.

Defendant Bennett is also liable to Plaintiff for Plaintiff's general damages, including but not limited to physical and mental pain and suffering, past, present, and future, incurred as a result of injuries sustained in the October 28, 2021, collision in an amount to be determined by the evidence at the trial of this case.

## **COUNT THREE**
### (IMPUTED LIABILITY/RESPONDEAT SUPERIOR)

28.

Plaintiff specifically re-alleges and incorporates by reference the allegations and averments set forth in numbered Paragraphs 1 through 27 of Plaintiff's Complaint as if fully set forth herein.

29.

At the time of the October 28, 2021, collision, Defendant Bennett was under dispatch for Defendant C.R. England.

30.

At the time of the October 28, 2021, collision, Defendant Bennett was operating the 2020 Freightliner semi tractor-trailer on behalf of Defendant C.R England.

31.

At the time of the October 28, 2021, collision, Defendant Bennett was operating Defendant C.R. England's Freightliner semi tractor-trailer in the course and scope of his employment with Defendant C.R. England.

32.

Defendant C.R. England was or is an interstate or intrastate motor carrier, and pursuant to federal and/or state law, is responsible for the actions of its employee, Defendant Bennett, in regard to the October 28, 2021, collision under the doctrine of lease liability, agency or apparent agency, and/or *respondeat superior*.

## COUNT FOUR
### (NEGLIGENT HIRING, TRAINING & SUPERVISION)

33.

Plaintiff specifically re-alleges and incorporates by reference the allegations and averments set forth in numbered Paragraphs 1 through 32 of Plaintiff's Complaint as if fully set forth herein.

34.

Defendant C.R. England was negligent in hiring Defendant Bennett to drive the 2020 Freightliner semi tractor-tailer.

35.

Defendant C.R. England was negligent in failing to properly train Defendant Bennett to drive the 2020 Freightliner semi tractor-tailer.

36.

Defendant C.R. England was negligent in failing to properly supervise Defendant Bennett.

37.

Defendant C.R. England's negligence in hiring Defendant Bennett, entrusting him to drive a commercial motor vehicle, and failing to train and supervise Defendant Bennett to drive safely and obey all traffic laws was the sole and proximate cause of the October 28, 2021, collision and Plaintiff Jean-Saurel's resulting injuries.

## COUNT FIVE
### (DAMAGES)

38.

Plaintiff specifically re-alleges and incorporates by reference the allegations and averments set forth in numbered Paragraphs 1 through 37 of Plaintiff's Complaint as if fully set forth herein.

39.

As a direct and proximate result of Defendants' negligence on October 28, 2021, Plaintiff suffered serious physical and emotional injuries and incurred significant medical bills and lost wages in an amount to be proven by the evidence at the trial of this case, but not less than $36,182.51. Such damages continue to accrue and will be supplemented during the course of this action, and will be in an amount proven by the evidence at the trial of this case.

40.

Defendants are further liable to Plaintiff for Plaintiff's general damages, including but not limited to physical and mental pain and suffering, past, present, and future, in an amount to be determined by the evidence at the trial of this case.

## COUNT VI
### (EXPENSES OF LITIGATION)

41.

Plaintiff specifically re-alleges and incorporates by reference the allegations and averments set forth in numbered Paragraphs 1 through 40 of Plaintiff's Complaint as if full set forth herein.

42.

Plaintiff is entitled to, and specifically requests, an award of the expenses of litigation including, but not limited to, attorneys' fees on grounds the actions of the Defendants, as described above, show that Defendants acted in bad faith with respect to the transactions and dealings surrounding the October 28, 2021, collision that forms the basis for the instant action and Defendants, and Defendants' agents, have failed to make any good faith effort to mitigate Plaintiff's damages incurred as a direct and proximate result of Defendants' negligence on October 28, 2021, and/or have been stubbornly litigious, and/or have caused Plaintiff unnecessary trouble and expense thereby entitling Plaintiff to an award of the expenses of litigation, including, but not limited to, attorneys' fees, as defined by O.C.G.A. § 13-6-11.

WHEREFORE, for the foregoing reasons, Plaintiff Margareth Jean-Saurel respectfully prays:

(a)   The process and summons issue and that Defendants Jamie Bennett and C.R. England, Inc. be served with process in accordance with Georgia law;

(b)   For trial by a jury of twelve;

(c)     That judgment be entered against Defendants in favor of Plaintiff and for Plaintiff's

actual, special, general, and compensatory damages in an amount to be determined

by the evidence at the trial of this case;

(d)     That pursuant to O.C.G.A. § 13-6-11, Plaintiff receives an award of all expenses of

litigation, including, but not limited to, reasonable attorney's fees incurred as a result

of Defendants' Bennet and C.R. England's bad faith and/or stubborn litigiousness

and/or unnecessary expenses incurred by Plaintiff;

(e)     That all costs of this action be cast upon Defendants; and

(f)     For such other and further relief as the Court deems proper and just.

This 16th day of July, 2023.

THE SCOTT PRYOR LAW GROUP


*/s/ Philip W. Lorenz*
SCOTT A. PRYOR
Georgia Bar No. 589155
PHILIP W. LORENZ
Georgia Bar No. 458001

6185 Crooked Creek Road NW, Suite H
Peachtree Corners, Georgia 30092
Phone: 404-474-7298
Fax: 678-302-9366
philip@scottpryorlaw.com

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04920-S6**
**7/20/2023 8:10 AM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Gwinnett**    **State Court**

Case Number: 23-C-04920-S6

Plaintiff:
Margareth Jean-Saurel
vs
Defendant
Jamie Bennett
C.R. England Inc

For:
Scott Pryor Law
Scott Pryor

Received by Perma Investigations on the 18th day of July 2023 to be served on **C.R. England Inc c/o Corporation Service Company RA 2 Sun Court Suite 400 Peachtree Corners, GA 30092.**

**I, Marc Perlson, being duly sworn, depose and say, that on the 18th day of July 2023 at 10:50 AM, I:** Served **C.R. England Inc c/o Corporation Service Company RA** by delivering a true copy of the **SUMMONS, COMPLAINT FOR DAMAGES, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT C.R. ENGLAND, INC., PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JAMIE BENNETT, PLAINTIFF'S FIRST AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON NON RESIDENT MOTORIST, SUMMONS TO JAMIE BENNETT** to: Corporation Service Company as **Registered Agent BY LEAVING THE SAME WITH** Alisha Smith as **Authorized to Accept** at the address of **2 Sun Court Suite 400 Peachtree Corners, GA 30092.**

I am an agent of Perma Investigations and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and have been appointed by this Court to serve process.

**Additional Information**
Latest Status: 7/18/2023 10:50 am corporate service made at 2 Sun Court Suite 400, Peachtree Corners, GA 30092, by serving Alisha Smith, CSC Coordinator. Black female, black hair, 40-45 years old , 5'8", 150 lbs, no glasses

Subscribed and Sworn to before me on the _____19th_____ day of
July 2023 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_____
Marc Perlson
Process Server

Perma Investigations
PO Box 1742
Roswell, GA 30077

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04920-S6**
**7/17/2023 12:13 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MARGARETH JEAN-SAUREL,** | |
| Plaintiff, | **CIVIL ACTION FILE NO.:** 23-C-04920-S6 |
| v. | |
| **JAMIE BENNETT and C.R. ENGLAND, INC.,** | |
| Defendants. | **JURY TRIAL DEMAND** |

## PLAINITFF'S FIRST AFFIDAVIT OF COMPLIANCE
## FOR SERVICE OF PROCESS UPON NONRESIDENT MOTORIST

**STATE OF GEORGIA**
**COUNTY OF GWINNETT**

PERSONALLY APPEARED BEFORE ME, the undersigned office duly authorized to administer oaths, came PHILIP W. LORENZ, who, after first being duly sworn, on oath deposes as follows:

1.

My name is Philip W. Lorenz. I am more than twenty-one (21) years of age, *sui juris*, and competent to make this affidavit. I have personal knowledge of the facts stated herein.

2.

I am an attorney licensed to practice law in the State of Georgia.

3.

I represent Plaintiff Margareth Jean-Saurel in the above-styled civil action and am authorized to make this affidavit on behalf of Plaintiff.

1

4.

On July 17, 2023, the above-styled case was filed in the State Court of Gwinnett County

5.

On July 18, 2023, I caused a copy of the Complaint for Damages with the Summons attached thereto along with this Affidavit of Compliance to be served on the Secretary of State pursuant to O.C.G.A. §§ 40-12-1 and 40-12-2.

6.

Along with serving the Complaint for Damages, Summons and Affidavit of Compliance I submitted payment of the applicable fee to the Secretary of State for accepting service of summons and other processes under any statute providing for such service upon the Secretary of State pursuant to O.C.G.A. § 45-13-26.

7.

I further certify that on July 18, 2023, in accordance with O.C.G.A. § 10-12-2, I have forwarded by registered or certified mail notice of the service of the above-referenced case along with a copy of the Complaint and process to Defendant Jamie Bennett at the following addresses:

Jamie Bennett
12226 E. Highway 97
Rock Mount, NC 27803

8.

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT, appended to the document regarding this case: (1) any return receipt received as evidence of service upon said Defendants by the Plaintiffs; and (2) this Plaintiff's Affidavit of Compliance.

FURTHER AFFIANT SAYETH NAUGHT.

PHILIP W. LORENZ

**THE SCOTT PRYOR LAW GROUP**
6185 Crooked Creek Road NW, Ste H
Peachtree Corners, GA 30092

SWORN TO AND SUBSCRIBED
BEFORE ME this 17th day of July, 2023.

NOTARY PUBLIC

My Commission Expires:

3 | 11 | 2027

(AFFIX NOTARIAL SEAL)

3

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04920-S6**
**7/17/2023 12:13 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

MARGARETH JEAN-SAUREL,

    Plaintiff,

v.

JAMIE BENNETT and C.R.
ENGLAND, INC.,

    Defendants.

**CIVIL ACTION**
**FILE NO.:**   23-C-04920-S6

**JURY TRIAL DEMAND**

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT C.R. ENGLAND, INC.

COMES NOW Plaintiff, Margareth Jean-Saurel, by and through the undersigned counsel of record, and pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, 9-11-34, and 9-11-36, propounds these First Request for Admissions, Interrogatories, Request for Production of Documents to Defendant C. R. England, Inc.

#### REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff, by and through the undersigned counsel of record, and pursuant to O.C.G.A. 9-11-26 and 9-11-36 propounds these First Requests for Admissions to Defendant C.R. England, Inc. ("C.R. England"). Defendant C.R. England shall serve its written answers or objections upon Plaintiff's attorneys, Scott Pryor Law Group, 6185 Crooked Creek Road, N.W., Suite H, Peachtree Corners, Georgia 30092, no later than forty-five (45)[1] days after service of these Request for Admissions.

As required pursuant to O.C.G.A. 9-11-36(a)(2), Defendant C.R. England shall either

---

[1] As provided pursuant to O.C.G.A. § 9-11-36(a)(2).

1

specifically admit or deny the requested admission or set forth in detail the reason(s) why Defendant cannot truthfully admit or deny the matter. If denied, Defendant's denial shall fairly meet the substance of the requested admission. If Defendant denies only part of the requested admission, good faith requires that Defendant C.R. England qualify its answer, specifying so much of it as is true and qualifying or denying the remainder. If an objection is made, Defendant shall state the reason(s) therefor. Defendant C.R. England may not give lack of information or knowledge as a reason for failing to admit or deny any request unless it states it has made a reasonable inquiry and the information known or readily obtainable by it is insufficient to enable Defendant to admit or deny the request.

1.

Admit you[2] have been properly identified in the Plaintiff's Complaint for Damages and Demand for Jury Trial ("Complaint").

2.

Admit there are no other persons or entities who should be named in Plaintiff's Complaint.

3.

Admit you were properly served with the Summons and Complaint.

4.

Admit the Court in which this action is filed has jurisdiction over you.

5.

Admit venue is proper in this Court.

---

[2] For purposes of Plaintiff's First Request for Admissions, Interrogatories and Request for Production of Documents, the terms "you" and "yours" refer to and are meant to indicate Defendant C.R. England.

6.

Admit you received Plaintiff's First Requests for Admissions, Interrogatories, Request for Production of Documents and Things.

7.

Admit you owed the 2020 Freightliner semi-tractor, VIN 3AKJHHDR4LSKZ6712 (the "Freightliner"), that was involved in a collision with Plaintiff's 2021 Toyota on October 28, 2021 (the "Collision").

8.

Admit that on October 28, 2021, the Freightliner referenced in request no. 7 was involved in a collision where it changed lanes and smashed into the side of a 2020 Toyota driven by Plaintiff.

9.

Admit the force of the impact between the Freightliner referenced in request no. 8 caused Plaintiff to lose control of her Toyota, which ended up on the right side of I85N.

10.

Admit that as a result of the above-described Collision that Plaintiff's Toyota sustained disabling damage and had to be towed from the scene of the collision.

11.

Admit you are a "motor carrier" as that term is defined pursuant to 49 CFR § 390.5.

12.

Admit the Freightliner is a "commercial motor vehicle" as that term is described pursuant to 49 CFR § 3955.

13.

Admit you are a "fore-hire motor carrier" as that term is defined pursuant to 49 CFR §

3

390.5.

14.

Admit that at the time of the Collision Defendant Bennett was an agent of C.R. England.

15.

Admit that at the time of the Collision Defendant Bennett was an employee of C.R. England.

16.

Admit that at the time of the Collision Defendant Bennett was acting within the course and scope of his employment with C.R. England.

17.

Admit that at the time of the Collision Defendant Bennett was acting within the course and scope of his agency with C.R. England.

18.

Admit that at the time of the Collision Defendant Bennett was operating the Freightliner owned by C.R. England.

19.

Admit that at the time of the Collision Defendant Bennett was operating the Freightliner with the permission of C.R. England.

20.

Admit that at the time of the Collision Defendant Bennett was operating the Freightliner with the knowledge of C.R. England.

21.

Admit that at the time of the Collision Defendant Bennett was operating the Freightliner

4

as trained by C.R. England.

22.

Admit Defendant Jamie Bennett was driving your Freightliner when it improperly changed lanes and struck Plaintiff's Toyota on October 28, 2021.

23.

Admit Defendant Bennett failed to abide by and follow the Federal Motor Carrier Safety Regulations and Georgia Public Service Commission rules, regulations and standards on October 28, 2021.

24.

Admit Defendant Bennett failed to obey federal commercial vehicle regulations as established by the Federal Motor Carrier Safety Administration, specifically 49 CFR § 383.111(5)(i)-(ii); and 49 CFR § 383.111(10)(iii) immediately preceding the October 29, 2021, collision.

25.

Admit that, as a result of the Freightliner crashing into Plaintiff's Toyota, Plaintiff sustained bodily injuries and incurred medical expenses.

26.

Admit that as a direct and proximate result of your employee, Defendant Jamie Bennett's negligence in causing the Collision, you are liable for all injuries, damages and losses sustained by Plaintiff on October 28, 2021.

27.

Admit Defendant Bennett has a mobile cellular device inside the Freightliner at the time of the Collision.

28.

Admit Defendant Bennett had more than one (1) mobile cellular device present inside the Freightliner at the time of the Collision.

29.

Admit Defendant Bennett was using at least one (1) mobile cellular device at the time of the impact with Plaintiff's vehicle on October 28, 2021.

30.

Admit while at the scene of the Collision Defendant Bennett conversed with at least one (1) person about what happened before, during, and/or after the Collision using a mobile cellular device.

31.

Admit while at the scene of the Collision Defendant Bennett had a mobile cellular device he could have used to take pictures and/or videos of the scene of the Collision, the vehicles involved, and/or the persons involved.

32.

Admit no act or failure to act by Plaintiff caused or contributed to the Collision.

33.

Admit no act or failure to act by any other person or entity caused or contributed to the Collision.

34.

Admit Defendant Bennett's actions in changing lanes without ensuring no one was in his blind spot were the sole and proximate cause of the Collision.

6

35.

Admit the Freightliner Defendant Bennett was driving at the time of the Collision did not have any mechanical issues that prevented it from being operated safely on public roadways.

36.

Admit you know of no facts or documents that dispute Plaintiff was injured as alleged in her Complaint for Damages.

37.

Admit you know of no facts or documents that dispute Plaintiff's medical treatment was not necessary to treat her injuries and damages sustained as a result of the Collision.

38.

Admit you know of no facts or documents which dispute Plaintiff's medical bills were reasonable and necessary.

39.

Admit you have produced all the training documents you used to train Defendant Bennett in response to these requests for production.

40.

Admit your training documents contain rules, regulations, procedures, guidelines, etc., that address and discuss how to change lanes safely.

41.

Admit Defendant Bennett was negligent by improperly changing lanes without ensuring no vehicle was present in his blind spot.

42.

Admit that if Defendant Bennett had any concerns there may have been a vehicle in his

blind spot that he would have waited until he could verify with certainly no such vehicle was present.

43.

Admit the Freightliner Defendant Bennett was driving at the time of the Collision had curved (aka Convex, fisheye, bugeye, spot) mirrors attached to the front fenders.

44.

Admit the purpose of such curved mirrors when attached to the front fenders is to provide a driver such as Defendant Bennett with greater visibility along the sides of a trailer to avoid or at least reduce "blind spots.".

45.

Admit the individual(s) answering these requests for admission had the authority from C.R. England to do so.

**INTERROGATORIES**

O.C.G.A. § 9-11-33(a)(2) requires Defendant C.R. England to answer each interrogatory, separately and fully in writing under oath, and to serve a copy of such answers to interrogatories upon counsel for Plaintiff within forty-five (45) days[3] after service of these interrogatories.

A request to identify an individual means to state that individual's full name, home address, telephone number, place of employment and a job description including title or position. A request to identify a document means to describe the type of document, i.e., letter, report, invoice, email, facsimile, etc., and the name(s) of the individual(s) having control, custody or possession of the document.

---

[3] Pursuant to O.C.G.A. §§ 9-11-33(a)(2).

1.

Other than counsel, identify all persons who assisted or were consulted with in the process of gathering information to answer Plaintiff's First Interrogatories to Defendant, and for each such person identified, identify the interrogatory for which each such person provided any information.

2.

If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

3.

Provide the weight of the Freightliner tractor-trailer at the time of the October 28, 2021, collision.

4.

Identify:

(a)    all systems and devices in or on the Freightliner tractor-trailer that have the capability of monitoring, capturing, recording and/or transmitting any video, data and or communications of and kind (this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering module, electronic onboard recorder (EOBR), Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telemetrics system, Critical Event Reporting System, Lane Departure System, Dash Cam (or any other video devices, including but not limited to those of your driver, Defendant Jamie Bennett), GPS system, truck or trailer tracking system, that allows communication between drivers and dispatchers, etc.;

9

(b)     With respect to each system identified, explain what video, data and/or communications said system is capable of monitoring, capturing, recording and/or transmitting;

(c)     With respect to each system identified, explain what video, data and/or communications have been downloaded and/or preserved in connection with the October 28, 2021, collision and if so when and b whom; and

With respect to each system identified, explain what video, data and/or communications have NOT been downloaded and/or preserved in connection with the October 28, 2021, collision and explain why not such video. Data and/or communications were not downloaded and preserved and whether it is still possible to obtain this material.

5.

Explain the relationship between you and Defendant Jamie Bennett at the time of the October 28, 2021, collision including his employment status (e.g., employee/company driver, leased driver, etc.). how he was compensated for driving (i.e., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

6.

If you maintain that Defendant Bennett was not acting within the course and scope of his employment or agency with you at the time of the October 28, 2021, collision, explain the basis for your contention and identify add documents and witnesses that support your contention.

7.

Identify and explain all communications of any kind between Defendant Bennett and anyone acting for or on your behalf during the twenty-four (24) hours before and after the October 28, 2021, collision.  For each such communication, identify the method of communication (cell phone, QualComm, etc.), time of communication, persons involved and the genera subject.

8.

Identify all C.R. England policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect for Defendant Bennett at the time of the October 28, 2021, collision.

9.

Identify all C.R. England policies, procedures, rules, guidelines, directives, manuals, handbooks, instructions, and training applicable to Defendant Bennett regarding driving, defensive driving, turning, intersections, driver distraction, and the use of cell phones that were in effect on October 28, 2021.

10.

Describe in detail when and how you first became aware that Defendant Bennett was involved in the October 28, 2021, collision, including in your answer the identity of all persons involved in the investigation of the collision, their role and position and what information was conveyed.

11.

Do you contend that Plaintiff or any other person or entity has any responsibility of any kind for causing the injuries and/or damages alleged in Plaintiff's Complaint for Damages?  If your answer is anything other than an unqualified and unequivocal "no", provide:

(a)   A detailed description of the basis for your contention;
(b)   The identify of all persons having any knowledge whatsoever to support your contention; and
(c)   The identity of all facts and documents upon which you relied to assert your contention.

11

12.

Identify all person who to your knowledge were present at the scene of the October 28, 2021, collision at any time in the forty-eight (48) hours after the collision and for each individual identified explain their role, why they were at the scene and what actions they took.

13.

Identify by name and address all persons who you or your attorneys, representative, agents, or assigns know possess or purports to possess any knowledge or information whatsoever with respect to the October 28, 2021, collision, the facts leading up to the collision, any investigation of the collision, any party to this action, the vehicles involved and/or claims or defenses raised in this action.  The purpose of Plaintiff's interrogatory no. 13 is to identify all witnesses whom C.R. England believes may have relevant knowledge of any kind in connection with the instant action.

14.

With respect to the Georgia Uniform Motor Vehicle Crash Report, Agency Case Number "Crash Report") completed by any law enforcement agency with respect to the Collision, identify all entries, narratives, etc., you disagree with or otherwise contend are inaccurate, and for each such disagreement or contention, describe the basis for your disagreement or contention including, but not limited to, any witnesses or documents.

15.

If you contend Plaintiff failed to exercise ordinary care for her own safety or otherwise assumed any risk, state all facts and identify all documents upon which you relied to contend Plaintiff failed to exercise ordinary care and identify all persons with knowledge of said facts and/or documents including but not limited to the current custodian of all such documents.

16.

Identify all photographs, motion pictures, videos, maps, plats, drawings, diagrams, sketches, or other tangible or documentary evidence depicting the scene of the October 28, 2021, collision and/or any person or vehicle involved in same.

17.

Did C.R. England make any effort to perform any accident review, avoidable/nonavoidable accident determination, root cause analysis, DOT reportability determination, or any other type of investigation or analysis to discover/determine the cause(s) or contributing cause(s) of the October 28, 2021, collision and/or to evaluate whether Defendant Bennett should be disciplined for any action or inaction related to the collision?  If so, identify all person(s) involved, all documents and information reviewed, and all determinations.

18.

Pursuant to O.C.G.A. § 9-11-26(b)(2), identify all insurance agreements, including any and all umbrella and/or excess coverages, upon which you may rely to satisfy all or part of a judgment entered against you in this action, or which may be used to indemnify or reimburse you for any payment(s) to satisfy any such judgment(s) and state:

    (a)    the name and address of the insurer;
    (b)    the name of the insured and any additional driver listed on or covered by the policy;
    (c)    the limits of available coverage; and
    (d)    the policy number of each policy of insurance.

19.

State the point of origin, destination and reason for the trip made by Defendant Bennett at the time of the October 28, 2021, collision.

13

20.

In regard to the load being transported at the time of the collision by Defendant Bennett,

identify:

(a)   Where the load originated:
(b)   The contents thereof:
(c)   The weight of said load;
(d)   The final destination of the load; and
(e)   Any contracts, bills of lading, shipment documents, consignment firms, fax
      correspondence, or other writings pertaining to the transportation of said load.

21.

Did you conduct a post-accident alcohol and controlled substance test on Defendant

Bennett? If so, state:

(a)   the date of the testing;
(b)   who performed the test;
(c)   where the test was performed;
(d)   the results of the test; and
(e)   If no post-accident testing was performed on Defendant Bennett, state the reasons
      such testing did not occur.

22.

Was a post-accident report completed and forwarded to the Federal Highway

Administration? If not, state the reason(s) a post-accident report was not completed.

23.

State the name, address and telephone numbers for the President, Safety Director, Federal

Safety Regulation Compliance Officer, the Dispatcher for the trip Defendant Bennet was on when

he stuck Plaintiff's car, and all persons who interviewed and were involved with the hiring or

associating of Defendant Bennett.

24.

State all facts, identify all persons and identify all documents or any other source of

14

knowledge upon which you rely to deny that Plaintiff was injured as claimed in this action as a result of the Collision.

25.

Has Defendant C.R. England ever been cited by the Department of Transportation, Public Service Commissions, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations?  If your answer is anything other than an unqualified and unequivocal "no", provide:

       (a)     the date of the violation(s);
       (b)     a description of the violation(s);
       (c)     the location where ethe violation(s) occurred;
       (d)     the agency issuing the citation; and
       (e)     the ultimate disposition of the charges.

26.

Identify each and every act, event, fact, document or witness upon which you relied to assert any affirmative defense set forth in your answer to Plaintiff's Complaint for Damages.

27.

State all facts and identify all documents upon which you relied to deny the allegations set forth in any numbered Paragraph of Plaintiff's Complaint and identify to which paragraph each document applies.

28.

For each Request for Admission which you answered with anything other than an unequivocal or unconditional admission, give a detailed factual basis for your response, identify all persons with knowledge of same and identify all documents that refer to, evidence, or reflect same.

15

29.

Identify all motor vehicle accidents and moving violations for Defendant Bennett prior to and subsequent to the October 28, 2021, collision, including the date of each event, the location, jurisdiction and a description of each event.

30.

Identify all persons who you expect to call as an expert witness at the trial of this case and for each such individual identified provide that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

## REQUESTS FOR PRODUCTION

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiff propounds this First Request for Production of Documents and Things to Defendant. Defendant shall produce the requested documents and things at the office of Plaintiff's attorneys, The Scott Pryor Law Group, 6185 Crooked Creek Drive NW, Suite H, Peachtree Corners, Georgia 30092 for inspection and copying no later than forty-five (45)[4] days after service of this Request for Production of Documents and Things or, in the alternative, attach copies of such documents and things to Defendant's responses to Plaintiff's requests.

If Defendant claims it is entitled to withhold from production and document or thing responsive to Plaintiff's request on the basis of attorney-client privilege, attorney work product privilege, or any other privilege, please identify the author of each such document or thing withheld, the name of each person (other than stenographic or clerical assistant) who participated in the preparation of each such document or thing withheld, the identity of the person(s) who sent

---

[4] Pursuant to O.C.G.A. § 9-11-34(a)(2).

16

the original or any copies of the document or thing, the identity of the person(s) currently in possession, custody or control of each such document or thing withheld, the date each such document or thing was received by those having current possession, custody or control of said document or thing, the nature of the document or thing (i.e., letter, memorandum, photograph, video, CD, etc.) withheld, the title of each such document or things withheld, the subject matter of each such document or thing withheld (without revealing the information to which privilege is asserted), and state the factual basis, including specific statutory of case law authority, upon which Defendant contends it is entitled to withhold the document or things from production. *See, e.g.,* General Motors Corp. v. Conkle, 226 Ga. App. 34 (1997); Unif. Sup.Ct. R. 5.5.

1.

Produce a copy of any and all training received by Defendant Bennett that was provided by you, and any and all training Defendant Bennett had received prior to coming to drive for you.

2.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 1 - 9.

3.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 11.

4.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 12.

5.

Produce all documents and things which you consulted and/or relied upon to admit or deny

17

Plaintiff's Request for Admission No. 13.

6.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 14.

7.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 15.

8.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 16.

9.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 17.

10.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 18.

11.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 19.

12.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 20.

13.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 21.

14.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 22.

15.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 23.

16.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 24.

17.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 25.

18.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 26.

19.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 27.

20.

Produce all documents and things which you consulted and/or relied upon to admit or deny

19

Plaintiff's Request for Admission No. 29.

21.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 30.

22.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 32.

23.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 33.

24.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 34.

25.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 35.

26.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 36.

27.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 37.

28.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 38.

29.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 40.

30.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 41.

31.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 42.

32.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 43.

33.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's Interrogatory No. 1.

34.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 2.

35.

Produce all documents and things which you consulted and/or relied upon to answer

21

Plaintiff's interrogatory No. 3.

36.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 4.

37.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 5.

38.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 6.

39.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 7.

40.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 8.

41.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 9.

42.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 10.

22

43.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 11.

44.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 12.

45.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 13.

46.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 14.

47.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 15.

48.

Produce all photographs, motion pictures, videos, maps, plats, drawings, diagrams, sketches, or other tangible or documentary evidence upon which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 16.

49.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 17.

50.

Produce a full and complete copy of all insurance policies or agreements in your answer to Plaintiff's Interrogatory No. 18.

51.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 19.

52.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 20.

53.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 21.

54.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 22.

55.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 24.

56.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 25.

57.

Produce all documents and things which you consulted and/or relied upon to answer

24

Plaintiff's interrogatory No. 26.

58.

Produce copies of all communications or documents sent to or received from any adjuster, agent, broker, or employee of any insurance company that identified in your answer to Interrogatory No. 18, or to any other insurance adjuster, agent, broker, or employee which you have contacted, written to, or spoken with regarding this claim, up to the date in which suit was filed.

59.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 27.

60.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 29.

61.

With respect to any individual identified by you in your answer to Plaintiff's interrogatory no. 30, produce that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

62.

Produce a copy of Defendant Bennett's motor vehicle record including, but not limited to, his application for employment with you.

**[DATE AND SIGNATURE APPEAR ON NEXT PAGE]**

This 16th day of July, 2023.

                                    **THE SCOTT PRYOR LAW GROUP**


                                    */s/ Philip W. Lorenz*
                                    SCOTT A. PRYOR
                                    Georgia Bar No. 589155
                                    PHILIP W. LORENZ
                                    Georgia Bar No. 458001

6185 Crooked Creek Road NW, Suite H
Peachtree Corners, Georgia 30092
Phone: 404-474-7298
Fax: 678-302-9366
philip@scottpryorlaw.com
scott@scottpryorlaw.com

26

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04920-S6**
**7/17/2023 12:13 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARGARETH JEAN-SAUREL,<br><br>Plaintiff,<br><br>v.<br><br>JAMIE BENNETT and C.R. ENGLAND, INC.,<br><br>Defendants. | CIVIL ACTION<br>FILE NO.:  23-C-04920-S6<br><br>JURY TRIAL DEMAND |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JAMIE BENNETT

COMES NOW Plaintiff, Margareth Jean-Saurel, by and through the undersigned counsel of record, and pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, 9-11-34, and 9-11-36, propounds these First Request for Admissions, Interrogatories, Request for Production of Documents to Defendant Jamie Bennett.

### REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff, Margareth Jean-Saurel ("Plaintiff"), by and through the undersigned counsel of record, and pursuant to O.C.G.A. 9-11-26 and 9-11-36 propounds these First Requests for Admissions to Defendant Jamie Bennett ("Bennett"). Defendant Bennett shall serve his written answers or objections upon Plaintiff's attorneys, Scott Pryor Law Group, 6185 Crooked Creek Road, N.W., Suite H, Peachtree Corners, Georgia 30092, no later than forty-five (45)[1] days after service of these Request for Admissions.

---

[1] As provided pursuant to O.C.G.A. § 9-11-36(a)(2).

1

As required pursuant to O.C.G.A. 9-11-36(a)(2), Defendant Bennett shall either specifically admit or deny the requested admission or set forth in detail the reason(s) why Defendant cannot truthfully admit or deny the matter. If denied, Defendant's denial shall fairly meet the substance of the requested admission. If Defendant denies only part of the requested admission, good faith requires that Defendant Bennett qualify his answer, specifying so much of it as is true and qualifying or denying the remainder. If an objection is made, Defendant shall state the reason(s) therefor. Defendant Bennett may not give lack of information or knowledge as a reason for failing to admit or deny any request unless he states he has made a reasonable inquiry and the information known or readily obtainable by him is insufficient to enable Defendant to admit or deny the request.

1.

Admit you[2] have been properly identified in the Plaintiff's Complaint for Damages and Demand for Jury Trial ("Complaint").

2.

Admit there are no other persons or entities who should be named in Plaintiff's Complaint.

3.

Admit you were properly served with the Summons and Complaint.

4.

Admit the Court in which this action is filed has jurisdiction over you.

5.

Admit venue is proper in this Court.

---

[2] For purposes of Plaintiff's First Request for Admissions, Interrogatories and Request for Production of Documents and Things, the terms "you" and "yours" refer to and are meant to indicate Defendant Jamie Bennett.

2

6.

Admit you notified your employer, Defendant C.R. England, of receipt of service of Plaintiff's Complaint.

7.

Admit you received Plaintiff's First Requests for Admissions, Interrogatories, Request for Production of Documents and Things.

8.

Admit that on October 28, 2021, you were driving a 2020 Freightliner semi tractor-trailer owned by Defendant C.R. England, Inc. when you changed lanes and smashed into the side of a 2020 Toyota driven by Plaintiff.

9.

Admit the force of the impact between your Freightliner and Plaintiff's Toyota caused Plaintiff to lose control of her Toyota, which ended up on the right side of I85N.

10.

Admit that as a result of the above-described collision that Plaintiff's Toyota sustained disabling damage and had to be towed from the scene of the collision.

11.

Admit that on October, 28, 2021, you held a valid Class A commercial drivers' license (CDL) issued by the State of North Carolina.

12.

Admit at the time of the October 28, 2021, collision (the "Collision") you owed Plaintiff a duty to exercise proper, ordinary and reasonable care and to follow the laws of the State of Georgia with respect to the operation of the Freightliner.

3

13.

Admit that on October 28, 2021, you violated those duties identified in Plaintiff's request for admission No. 11 when you improperly changed lanes and struck Plaintiff's vehicle.

14.

Admit as the holder of a valid Class A CDL you are required to be knowledgeable of those areas set forth in 49 CFR § 383.111(1) – (22).

15.

Admit one of the 49 CFR § 383.111 areas in which you are required to have knowledge is how to perform a proper visual search to the front and sides of your commercial motor vehicle, the use of mirrors, and seeing to the rear of the vehicle.

16.

Admit one of the 49 CFR § 383.111 areas in which you are required to have knowledge is space management to the front and rear of your semi tractor-trailer, the sides, and space for traffic gaps.

17.

Admit as the holder of a valid Class A CDL you are required to possess safe on-road driving skills such as the ability to use proper visual search methods, signal appropriately when changing direction or lanes in traffic, and choose a safe gap for changing lanes among others.

18.

Admit at the time of the October 28, 2021, collision you were an employee of Defendant C.R. England.

19.

Admit at the time of the October 28, 2021, collision you were driving the 2020 Freightliner

4

semi tractor-trailer in the course and scope of your duties with Defendant C.R. England.

20.

Admit the 2020 Freightliner semi tractor-trailer you were driving on I-85N in the City of Braselton, Georgia on October 28, 2021, stuck a 2021 Toyota driven by Plaintiff Margareth Jean-Saurel.

21.

Admit the 2020 Freightliner semi tractor-trailer you were driving on October 28, 2021, had curved (aka convex, fisheye, bugeye, spot) mirrors attached to the front fenders.

22.

Admit the purpose of the curved mirrors attached to the front fenders was to provide you with greater visibility along the sides of your trailer to avoid or at least reduce "blind spots".

23.

Admit your Class A CDL has been suspended on at least one occasion prior to October 28, 2021.

24.

Admit you have had at least one Hours-of-Service (HOS) violation prior to the October 28, 2021, collision.

25.

Admit you had at least one mobile device present inside the cab of the Freightliner semi tractor with you on October 28, 2021.

26.

Admit while at the scene of the Collision you conversed with at least one other person about what had happened before, during, and after the Collision using a mobile cellular device.

5

27.

Admit while at the scene of the Collision you had a mobile cellular device or camera that you could have used to take pictures and/or a video recording and/or an audio recording of the scene of the Collisions, the vehicles involved, and/or the persons involved.

28.

Admit while at the scene of the Collision you took at least one photograph and/or video recording and/or audio recording of the scene, the vehicles involved and/or the persons involved.

29.

Admit Defendant CR England provided you with a drivers' manual as part of your employment.

30.

Admit that, as a result of the Freightliner smashing into Plaintiff's Toyota, Plaintiff sustained bodily injuries and incurred medical expenses.

31.

Admit that as a direct and proximate result of your negligence in causing the October 28, 2021, collision (the "Collision), you are liable for all injuries, damages and losses sustained by Plaintiff on October 28, 2021.

32.

Admit you have no reasonable grounds to dispute the injuries set forth in Plaintiff's Complaint.

33.

Admit you have no reasonable grounds to dispute the amounts of Plaintiff's medical expenses.

34.

Admit that you are "covered" for Plaintiff's lawsuit through C.R. England, a qualified self-insured entity.

35.

Admit you have not investigated or examined Plaintiff's Toyota as a result of the Collision.

36.

Admit you have not investigated or examined the Freightliner as a result of the Collision.

37.

Admit you committed violations of one or more Georgia Traffic Codes in addition improperly changing lanes on October 28, 2021.

38.

Admit your vehicle attempted to merge into Plaintiff's lane of travel, causing the Collision.

39.

Admit there was no manner of obstruction, i.e., signs, trees, bushes, billboards, other vehicles, construction, or other thing which obstructed your view of Plaintiff's vehicle.

40.

Admit the weather at the time of the Collision did not cause or contribute to the Collision.

41.

Admit no other traffic in the immediate vicinity of the Collision caused or contributed to the Collision.

42.

Admit no other driver caused or contributed to the Collision.

7

43.

Admit no other person caused or contributed to the Collision.

44.

Admit that C.R. England, Inc. owned the vehicle you were driving on the date of the Collision.

45.

Admit Plaintiff did nothing to cause or contribute to the Collision.

46.

Admit you did not check the side view mirrors to your right at the time of the Collision.

47.

Admit you were operating a cellular device at the time of the Collision.

48.

Admit you were unfamiliar with the general area where the Collision occurred.

49.

Admit you were familiar with the general area where the Collision occurred.

50.

Admit you told one or more persons at the scene of the Collision that you were at fault for and/or caused the Collision.

51.

Admit you know of no legal basis to deny Plaintiff was injured as claimed as a result of the Collision.

52.

Admit you know of no medical basis to deny Plaintiff was injured as claimed as a result of the Collision.

53.

Admit you have no education, training or experience in biomechanics.

54.

Admit you have no accident reconstruction education, training or experience.

55.

Admit you have no medical education, training or experience.

56.

Admit you have no legal education, training or experience.

57.

Admit that, as of the date of the Collision, your address on the Crash Report, i.e., 12226 E. Highway 97, Rock Mount, North Carolina 27803 was correct.

58.

Admit you have posted information about the Collision and/or discussed the Collision on one or more social media services.

**INTERROGATORIES**

O.C.G.A. § 9-11-33(a)(2) requires Defendant Bennett to answer each interrogatory, separately and fully in writing under oath, and to serve a copy of such answers to interrogatories upon counsel for Plaintiff within forty-five (45) days[3] after service of these interrogatories.

A request to identify an individual means to state that individual's full name, home address, telephone number, place of employment and a job description including title or position. A request to identify a document means to describe the type of document, i.e., letter, report, invoice, email,

---

[3] Pursuant to O.C.G.A. §§ 9-11-33(a)(2).

9

facsimile, etc., and the name(s) of the individual(s) having control, custody or possession of the document.

1.

Other than counsel, identify all persons who assisted or were consulted with in the process of gathering information to answer Plaintiff's First Interrogatories to Defendant, and for each such person identified, identify the interrogatory for which each such person provided any information.

2.

State your full name, including any other names, nicknames, or aliases by which you have been known, your date and place of birth, marital status at the time of the October 28, 2021 motor vehicle collision (the "Collision"), the name of your spouse (if married at the time of the Collision that forms the basis for the instant action or married at any time thereafter), your driver's license number and State of issuance, your social security number, and the name and address of all relatives, whether by blood or marriage, over the age of 15 who live in Gwinnett County.

3.

For each driver's license you have had in the past seven (7) years, identify the state of issue, date of issue, licenses number and whether or not it was a commercial driver's license.

4.

List all addresses you have resided at during the past ten (10) years and for each address listed provide the dates of residency and identify all individuals who resided with you at each address.

5.

Beginning with high school, provide the names and addresses of each school, college, university, trade school or other educational or technical institution you have attended, listing for each

10

the dates of attendance, course(s) of study and any diploma(s), certificate(s) or licenses(s) awarded and obtained and the date of each.

6.

For each place you have worked (whether as an employee, independent contractor, leased driver or otherwise) in the past fifteen (15) years provide the following information:

(a)     name of the entity or person from whom you worked;
(b)     address;
(c)     dates you worked there, job position' supervisor's name; and
(d)     the reason you left.

7.

Have you ever been arrested, charged, cited, or convicted of any crime in the State of Georgia, or any other state, whether a misdemeanor, felony or other, including but not limited to, any violation of Georgia's Uniform Rules of the Road within the past ten (10) years?  If your answer is anything other than an unqualified "no" please state the date of each such arrest, charge, citation, violation, or conviction, the nature of the crime involved, the jurisdiction in which the crime occurred, the court prosecuting each such crime, and the final or pending disposition of same.

8.

If within the seventy-two (72) period immediately preceding the Collision you consumed any drug, medication, or alcoholic beverage, whether illicit, prescription, or over-the-counter (OTC), state the type of drug, medication, or alcoholic beverage consumed, the quantity consumed, the time it was consumed, the place where it was consumed and identify all persons with knowledge of same.

9.

Have you ever been involved in any other motor vehicle collision or accident within the past fifteen (15) years?  If your answer is anything other than an unqualified "no", state"

(a)     the date and location of each such collision or accident;

11

(b)     the names and address of all drivers, and passengers if any, involved;

(c)     a brief description of the nature of each such collision or accident, i.e., rear-end collision, t-boned, head-on, etc.;

(d)     who was deemed or ultimately found to be at fault/liable for causing such collision or accident;

(e)     who, if anyone, was cited for any traffic violation and if so, for violation of what Uniform Traffic Code; and

(f)     whether formal legal action of any kind, criminal or civil, was initiated and if so, the result.

## 10.

Identify by name and address all persons who you or your attorneys, representative, agents, or assigns know possess or purports to possess any knowledge or information whatsoever with respect to the Collision, or who claims to have witnessed same and for each individual described the substance of the knowledge or information he or she possesses or purports to possess, and whether any such individual has provided a statement, written, oral or otherwise transcribed, concerning the Collision.

## 11.

Identify all persons who you expect to call as an expert witness at the trial of this case and for each such individual identified provide that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

## 12.

To your knowledge, information or belief are there any photographs, videos, drawings, diagrams, illustrations or other representations of either the scene of the Collision, the vehicles involved therein, any instrumentality alleged to have caused the Collision, or of Plaintiff's injuries? If your answer is anything other than an unqualified "no", identify and describe:

(a)     the subject represented in each such photograph, video, drawing, illustration or other representation;

(b)     the approximate date each such photograph, video, drawing, illustration or other representation was made;

(c)     the name, address, telephone number and employer of the person(s) making each such photograph, video, drawing, illustration or other representation;

12

(d)    the form of each such photograph, video, drawing, illustration or other representation (i.e., photographic print, video, transparency, diagram, plat, etc.); and

(e)    the current custodian of each such photograph, video, drawing, illustration or other representation.

13.

With respect to the Georgia Motor Vehicle Crash Report ("Crash Report"), Agency Case Number 202100073874 completed by any law enforcement agency with respect to the Collision, identify all entries, narratives, etc., you disagree with or otherwise contend are inaccurate, and for each such disagreement or contention, describe the basis for your disagreement or contention including, but not limited to, any witnesses or documents.

14.

If you contend Plaintiff or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Collision and/or for causing any of the damages alleged in Plaintiff's Complaint, describe in detail the basis for their responsibility and identify all person(s) having any knowledge regarding this issue.

15.

Do you contend that the Freightliner you were driving at the time of the Collision had any sort of mechanical, electrical or other defective condition which you believe caused or contributed in any way to the Collision?  If your answer is anything other than an unqualified "no", identify the nature of the defective condition (i.e., mechanical, electrical, brakes, tires, etc.), when you first became aware of the alleged defective condition and describe how you believe said defective condition caused or contributed to the Collision, giving the name, addresses and telephone numbers of all persons with any knowledge or information concerning the alleged defective condition.

13

16.

Have you ever been suspended or disqualified from driving a motor vehicle?  If your answer is anything other than an unqualified "no", describe each such suspension or disqualification including but not limited to the date, who you were working for at the time, and the circumstance surrounding each such suspension or disqualification.

17.

Describe in your own words how the Collision occurred, including but not limited to:

(a)     when you first noticed Plaintiff's vehicle, its position, i.e., in front of you, next to you, etc., and what Plaintiff was doing, i.e., stopped, slowing down, turning, etc.);

(b)     the weather and lighting conditions (i.e., clear, cloudy, daylight, night, etc.) in the general vicinity where the Collision occurred and describe the condition of the roadway where the Collision occurred;

(c)     how far away was Plaintiff's vehicle when you first noticed it;

(d)     what objects, if any (i.e., trees, billboards, construction signs, etc.), obstructed your view of Plaintiff's vehicle;

(e)     if there when any other cars or objects in the immediate vicinity of Plaintiff's vehicle when you first noticed such other cars or objects and what each such other car or object was doing;

(f)     what the traffic conditions in the general vicinity of the Collision were like, i.e., heavy, stop-and-go, light, moving at the speed limit, etc., immediately prior to the Collision;

(g)     what you did upon noticing Plaintiff's vehicle to the side of you or even whether you noticed it before smashing into the driver's side of it;

(h)     what, if anything, you did to an effort to avoid striking Plaintiff's vehicle; and

(i)     where were you coming from and where were headed at the time of the Collision, what time were you expected or supposed to arrive there, who were you supposed to meet or see there, and the reason you were headed to such location.

18.

Pursuant to O.C.G.A. § 9-11-26(b)(2), identify all insurance agreements, including any and all umbrella and/or excess coverages, of which you are aware and upon which you may rely to satisfy all or part of a judgment entered against you in this action, or which may be used to indemnify or reimburse you for any payment(s) to satisfy any such judgment(s) and state:

(a)     the name and address of the insurer;

14

(b)     the name of the insured and any additional driver listed on or covered by the policy;
(c)     the limits of available coverage; and
(d)     the policy number of each policy of insurance.

19.

Has any insurance business identified by you in your answers herein either denied coverage or agreed to defend you against this lawsuit under a reservation of rights or other limited representation agreement?  If your answer is anything other than an unqualified "no," state the basis you were given for such denial or reservation of rights provided by the insurance business.

20.

Other than the instant action, have you ever been a party to a lawsuit, or made a claim on your own behalf or had a claim for personal injury or property damage made against you, arising out of a motor vehicle collision or accident?  If your answer is anything other than an unqualified "no", identify the parties to each such lawsuit or claim, the date of loss which served as the basis for each such suit or claim, a brief description of the nature of the lawsuit or claim, and the court/agency and civil action/case number/claim number of each such lawsuit or claim.

21.

Identify all cell phones, tablets or other mobile devices which you either owned, leased, or had access to on October 28, 2021, and for each such cell phone, tablet or other mobile device provide the phone or identifying number, the carrier, the carrier account number, the name in which the account was set up and billed to, and state whether you still own, lease or have access to each such device identified.

15

22.

Identify all training you have received in connection with operating a Commercial motor vehicle including courses taken to initially obtain your commercial driver's license and all training received since obtaining your driver's license.

23.

At the time of the Collision, were you:

a)   attempting to call or text another person or entity, attempting to respond to an incoming phone call or test, or texting or talking on your cell phone immediately prior to the Collision?  If so, were you attempting to make a call or send a text, or were you answering a call or read an incoming text, and state from who the call or text was being sent to or coming from.
b)   Adjusting or tuning the radio;
c)   Talking to a passenger.  If so, identify the passenger;
d)   Eating or drinking anything;
e)   Reading and/or viewing a sign or other item in or out of the automobile;
f)   Distracted by an item on the road.  If so, identify the item;
g)   Physically interacting with another passenger in the car.   If so, describe the interaction and identify the passenger.

24.

With respect to the deliveries/trips you were scheduled to make on October 28, 2021, identify the name and address of the deliver/trip locations, what was to be delivered, and the time the load was to be delivered or the time the trip was to be complete.

25.

Explain in detail where you were and what you were doing during the seventy-two (72) hours immediately prior to the Collision and the forty-eight (48) hours immediately following the Collision. This answer should include the time and location of each lick up, delivery and stop, and the reason for each stop (i.e., load, unload, fuel, rest, meal, inspection, repair, etc.) as well as what you were doing when off-duty.  Identify all documents you contend evidence your answer and all persons who you contend will be able to substantiate your answer.

16

26.

For the seventy-two (72) hours leading up to the Collision, provide the amount of your driving hours, on-duty non-driving hours, locations during your on-duty non-driving hours, all stops you made and the reasons therefor, when and where your meals were eaten, when and where you slept and when you ingested any medications (prescription or OTC) and the dosages

27.

State all facts, identify all persons and identify all documents or any other source of knowledge upon which you rely to deny that Plaintiff was injured as claimed in this action as a result of the Collision.

28.

Were you acting within the course and scope of your employment, or otherwise performing a task for which you received compensation, monetary or otherwise, from a third-party at the time of the Collision? If your answer is anything other than an unqualified "no", provide the name, address and telephone number of the employer or third-party for who you were performing the task and describe the nature of the work or task you were performing.

28.

Identify each and every act, event, fact, document or witness upon which you relied to assert any affirmative defense set forth in your answer to Plaintiff's Complaint for Damages.

29.

State all facts and identify all documents upon which you relied to deny the allegations set forth in <u>any</u> numbered Paragraph of Plaintiff's Complaint and identify to which paragraph each document applies.

17

30.

For each Request for Admission which you answered with anything other than an unequivocal or unconditional admission, give a detailed factual basis for your response, identify all persons with knowledge of same and identify all documents that refer to, evidence, or reflect same.

### REQUESTS FOR PRODUCTION

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiff propounds this First Request for Production of Documents and Things to Defendant Bennett. Defendant shall produce the requested documents and things at the office of Plaintiff's attorneys, The Scott Pryor Law Group, 6185 Crooked Creek Drive NW, Suite H, Peachtree Corners, Georgia 30092 for inspection and copying no later than forty-five (45)[4] days after service of this Request for Production of Documents or, in the alternative, attach copies of such documents and things to Defendant's responses to Plaintiff's requests.

If Defendant claims he is entitled to withhold from production and document or thing responsive to Plaintiff's request on the basis of attorney-client privilege, attorney work product privilege, or any other privilege, please identify the author of each such document or thing withheld, the name of each person (other than stenographic or clerical assistant) who participated in the preparation of each such document or thing withheld, the identity of the person(s) who sent the original or any copies of the document or thing, the identity of the person(s) currently in possession, custody or control of each such document or thing withheld, the date each such document or thing was received by those having current possession, custody or control of said document or thing, the nature of the document or thing (i.e., letter, memorandum, photograph, video, CD, etc.) withheld, the title of each such document or things withheld, the subject matter of each such document or thing withheld (without revealing the information to which privilege is asserted), and state the factual basis,

---

[4] Pursuant to O.C.G.A. § 9-11-34(a)(2).

18

including specific statutory of case law authority, upon which Defendant contends it is entitled to withhold the document or things from production. *See*, *e.g.*, General Motors Corp. v. Conkle, 226 Ga. App. 34 (1997); Unif. Sup.Ct. R. 5.5.

1.

Produce a copy of all driver's licenses you hold.

2.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 1.

3.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 2.

4.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 3.

5.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 4.

6.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 5.

7.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 6.

19

8.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 8.

9.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 10.

10.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 12.

11.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 13.

12.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 14.

13.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 15.

14.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 16.

15.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 17.

16.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 18.

17.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 19.

18.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 20.

19.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 21

20.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 22.

21.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 23.

22.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 24.

23.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 25.

24.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 26.

25.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 27.

26.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 28.

27.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 29.

28.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 30.

29.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 31.

30.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 32.

31.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 33.

32.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 34.

33.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 35.

34.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 36.

35.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 37.

23

36.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 38.

37.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 41.

38.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 42.

39.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 43.

40.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 44.

41.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 45.

42.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 46.

43.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 47.

44.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 50.

45.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 51.

46.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 52.

47.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's Interrogatory No. 1.

48.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 3.

49.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 6.

25

50.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 7.

51.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 8.

52.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 9.

53.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 10.

54.

With respect to any individual identified by you in your answer to Plaintiff's interrogatory no. 11, produce that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

55.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 12.

56.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 13.

57.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 14.

58.

If your answer to interrogatory no. 15 was in the affirmative, please provide all documents and things upon which you relied or consulted to answer same.

59.

If your answer to interrogatory no. 16 was in the affirmative, please provide all documents and things upon which you relied or consulted to answer same.

60.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 17.

61.

Produce a full and complete copy of all insurance policies or agreements in your answer to Plaintiff's Interrogatory No. 18.

62.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 20.

63.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 21.

64.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 22.

65.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 21.

66.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 22.

67.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 23.

68.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 24.

69.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 25.

70.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 26.

71.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 27.

72.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 28.

73.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 29.

74.

Produce copies of all communications or documents sent to or received from any adjuster, agent, broker, or employee of any insurance company that identified in your answer to Interrogatory No. 18, or to any other insurance adjuster, agent, broker, or employee which you have contacted, written to, or spoken with regarding this claim, up to the date in which suit was filed.

This 16th day of July, 2023.

**THE SCOTT PRYOR LAW GROUP**

*/s/ Philip W. Lorenz*
PHILIP W. LORENZ
Georgia Bar No. 458001
SCOTT A. PRYOR
Georgia Bar No. 89155

6185 Crooked Creek Road NW, Suite H
Peachtree Corners, Georgia 30092
Phone: 404-474-7298
Fax: 678-302-9366
philip@scottpryorlaw.com
scott@scottpryorlaw.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04920-S6**
**7/17/2023 12:13 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARGARETH JEAN-SAUREL, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO.:    23-C-04920-S6 |
| JAMIE BENNETT and C.R. ENGLAND, INC., | |
| Defendants. | JURY TRIAL DEMAND |

## PLAINITFF'S FIRSTAFFIDAVIT OF COMPLIANCE
## FOR SERVICE OF PROCESS UPON NONRESIDENT MOTORIST

**STATE OF GEORGIA**
**COUNTY OF GWINNETT**

PERSONALLY APPEARED BEFORE ME, the undersigned office duly authorized to administer oaths, came PHILIP W. LORENZ, who, after first being duly sworn, on oath deposes as follows:

1.

My name is Philip W. Lorenz. I am more than twenty-one (21) years of age, *sui juris*, and competent to make this affidavit. I have personal knowledge of the facts stated herein.

2.

I am an attorney licensed to practice law in the State of Georgia.

3.

I represent Plaintiff Margareth Jean-Saurel in the above-styled civil action and am authorized to make this affidavit on behalf of Plaintiff.

1

4.

On July 17, 2023, the above-styled case was filed in the State Court of Gwinnett County

5.

On July 18, 2023, I caused a copy of the Complaint for Damages with the Summons attached thereto along with this Affidavit of Compliance to be served on the Secretary of State pursuant to O.C.G.A. §§ 40-12-1 and 40-12-2.

6.

Along with serving the Complaint for Damages, Summons and Affidavit of Compliance I submitted payment of the applicable fee to the Secretary of State for accepting service of summons and other processes under any statute providing for such service upon the Secretary of State pursuant to O.C.G.A. § 45-13-26.

7.

I further certify that on July 18, 2023, in accordance with O.C.G.A. § 10-12-2, I have forwarded by registered or certified mail notice of the service of the above-referenced case along with a copy of the Complaint and process to Defendant Jamie Bennett at the following addresses:

Jamie Bennett
12226 E. Highway 97
Rock Mount, NC 27803

8.

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT, appended to the document regarding this case: (1) any return receipt received as evidence of service upon said Defendants by the Plaintiffs; and (2) this Plaintiff's Affidavit of Compliance.

FURTHER AFFIANT SAYETH NAUGHT.

PHILIP W. LORENZ

**THE SCOTT PRYOR LAW GROUP**
6185 Crooked Creek Road NW, Ste H
Peachtree Corners, GA 30092

SWORN TO AND SUBSCRIBED
BEFORE ME this 17th day of July, 2023.

NOTARY PUBLIC

My Commission Expires:

3 | 11 | 2027

(AFFIX NOTARIAL SEAL)

3

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04920-S6**
**7/17/2023 12:13 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Margareth Jean-Saurel**

_____

_____

_____

PLAINTIFF

| | |
|---|---|
| CIVIL ACTION NUMBER:_____ | 23-C-04920-S6 |

VS.

**Jamie Bennett; C.R. England, Inc.**

_____

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**     **JAMIE BENNETT**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Philip W. Lorenz, Esq. & Scott A. Pryor, Esq.
The Scott Pryor Law Group
6185 Crooked Creek Road, N.W., Suite H
Peachtree Corners, GA 30092

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.
          17th day of July, 2023

Tiana P. Garner
Clerk of State Court

By_____
          **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04920-S6**
**7/17/2023 12:13 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARGARETH JEAN-SAUREL, | |
| Plaintiff, | |
| v. | **CIVIL ACTION FILE NO.:**    23-C-04920-S6 |
| JAMIE BENNETT and C.R. ENGLAND, INC., | **JURY TRIAL DEMAND** |
| Defendants. | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JAMIE BENNETT

COMES NOW Plaintiff, Margareth Jean-Saurel, by and through the undersigned counsel of record, and pursuant to O.C.G.A. §§ 9-11-26, 9-11-33, 9-11-34, and 9-11-36, propounds these First Request for Admissions, Interrogatories, Request for Production of Documents to Defendant Jamie Bennett.

### REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff, Margareth Jean-Saurel ("Plaintiff"), by and through the undersigned counsel of record, and pursuant to O.C.G.A. 9-11-26 and 9-11-36 propounds these First Requests for Admissions to Defendant Jamie Bennett ("Bennett"). Defendant Bennett shall serve his written answers or objections upon Plaintiff's attorneys, Scott Pryor Law Group, 6185 Crooked Creek Road, N.W., Suite H, Peachtree Corners, Georgia 30092, no later than forty-five (45)[1] days after service of these Request for Admissions.

---

[1] As provided pursuant to O.C.G.A. § 9-11-36(a)(2).

1

As required pursuant to O.C.G.A. 9-11-36(a)(2), Defendant Bennett shall either specifically admit or deny the requested admission or set forth in detail the reason(s) why Defendant cannot truthfully admit or deny the matter. If denied, Defendant's denial shall fairly meet the substance of the requested admission. If Defendant denies only part of the requested admission, good faith requires that Defendant Bennett qualify his answer, specifying so much of it as is true and qualifying or denying the remainder. If an objection is made, Defendant shall state the reason(s) therefor. Defendant Bennett may not give lack of information or knowledge as a reason for failing to admit or deny any request unless he states he has made a reasonable inquiry and the information known or readily obtainable by him is insufficient to enable Defendant to admit or deny the request.

1.

Admit you[2] have been properly identified in the Plaintiff's Complaint for Damages and Demand for Jury Trial ("Complaint").

2.

Admit there are no other persons or entities who should be named in Plaintiff's Complaint.

3.

Admit you were properly served with the Summons and Complaint.

4.

Admit the Court in which this action is filed has jurisdiction over you.

5.

Admit venue is proper in this Court.

---

[2] For purposes of Plaintiff's First Request for Admissions, Interrogatories and Request for Production of Documents and Things, the terms "you" and "yours" refer to and are meant to indicate Defendant Jamie Bennett.

6.

Admit you notified your employer, Defendant C.R. England, of receipt of service of Plaintiff's Complaint.

7.

Admit you received Plaintiff's First Requests for Admissions, Interrogatories, Request for Production of Documents and Things.

8.

Admit that on October 28, 2021, you were driving a 2020 Freightliner semi tractor-trailer owned by Defendant C.R. England, Inc. when you changed lanes and smashed into the side of a 2020 Toyota driven by Plaintiff.

9.

Admit the force of the impact between your Freightliner and Plaintiff's Toyota caused Plaintiff to lose control of her Toyota, which ended up on the right side of I85N.

10.

Admit that as a result of the above-described collision that Plaintiff's Toyota sustained disabling damage and had to be towed from the scene of the collision.

11.

Admit that on October, 28, 2021, you held a valid Class A commercial drivers' license (CDL) issued by the State of North Carolina.

12.

Admit at the time of the October 28, 2021, collision (the "Collision") you owed Plaintiff a duty to exercise proper, ordinary and reasonable care and to follow the laws of the State of Georgia with respect to the operation of the Freightliner.

3

13.

Admit that on October 28, 2021, you violated those duties identified in Plaintiff's request for admission No. 11 when you improperly changed lanes and struck Plaintiff's vehicle.

14.

Admit as the holder of a valid Class A CDL you are required to be knowledgeable of those areas set forth in 49 CFR § 383.111(1) – (22).

15.

Admit one of the 49 CFR § 383.111 areas in which you are required to have knowledge is how to perform a proper visual search to the front and sides of your commercial motor vehicle, the use of mirrors, and seeing to the rear of the vehicle.

16.

Admit one of the 49 CFR § 383.111 areas in which you are required to have knowledge is space management to the front and rear of your semi tractor-trailer, the sides, and space for traffic gaps.

17.

Admit as the holder of a valid Class A CDL you are required to possess safe on-road driving skills such as the ability to use proper visual search methods, signal appropriately when changing direction or lanes in traffic, and choose a safe gap for changing lanes among others.

18.

Admit at the time of the October 28, 2021, collision you were an employee of Defendant C.R. England.

19.

Admit at the time of the October 28, 2021, collision you were driving the 2020 Freightliner

4

semi tractor-trailer in the course and scope of your duties with Defendant C.R. England.

20.

Admit the 2020 Freightliner semi tractor-trailer you were driving on I-85N in the City of Braselton, Georgia on October 28, 2021, stuck a 2021 Toyota driven by Plaintiff Margareth Jean-Saurel.

21.

Admit the 2020 Freightliner semi tractor-trailer you were driving on October 28, 2021, had curved (aka convex, fisheye, bugeye, spot) mirrors attached to the front fenders.

22.

Admit the purpose of the curved mirrors attached to the front fenders was to provide you with greater visibility along the sides of your trailer to avoid or at least reduce "blind spots".

23.

Admit your Class A CDL has been suspended on at least one occasion prior to October 28, 2021.

24.

Admit you have had at least one Hours-of-Service (HOS) violation prior to the October 28, 2021, collision.

25.

Admit you had at least one mobile device present inside the cab of the Freightliner semi tractor with you on October 28, 2021.

26.

Admit while at the scene of the Collision you conversed with at least one other person about what had happened before, during, and after the Collision using a mobile cellular device.

5

27.

Admit while at the scene of the Collision you had a mobile cellular device or camera that you could have used to take pictures and/or a video recording and/or an audio recording of the scene of the Collisions, the vehicles involved, and/or the persons involved.

28.

Admit while at the scene of the Collision you took at least one photograph and/or video recording and/or audio recording of the scene, the vehicles involved and/or the persons involved.

29.

Admit Defendant CR England provided you with a drivers' manual as part of your employment.

30.

Admit that, as a result of the Freightliner smashing into Plaintiff's Toyota, Plaintiff sustained bodily injuries and incurred medical expenses.

31.

Admit that as a direct and proximate result of your negligence in causing the October 28, 2021, collision (the "Collision), you are liable for all injuries, damages and losses sustained by Plaintiff on October 28, 2021.

32.

Admit you have no reasonable grounds to dispute the injuries set forth in Plaintiff's Complaint.

33.

Admit you have no reasonable grounds to dispute the amounts of Plaintiff's medical expenses.

6

34.

Admit that you are "covered" for Plaintiff's lawsuit through C.R. England, a qualified self-insured entity.

35.

Admit you have not investigated or examined Plaintiff's Toyota as a result of the Collision.

36.

Admit you have not investigated or examined the Freightliner as a result of the Collision.

37.

Admit you committed violations of one or more Georgia Traffic Codes in addition improperly changing lanes on October 28, 2021.

38.

Admit your vehicle attempted to merge into Plaintiff's lane of travel, causing the Collision.

39.

Admit there was no manner of obstruction, i.e., signs, trees, bushes, billboards, other vehicles, construction, or other thing which obstructed your view of Plaintiff's vehicle.

40.

Admit the weather at the time of the Collision did not cause or contribute to the Collision.

41.

Admit no other traffic in the immediate vicinity of the Collision caused or contributed to the Collision.

42.

Admit no other driver caused or contributed to the Collision.

7

43.

Admit no other person caused or contributed to the Collision.

44.

Admit that C.R. England, Inc. owned the vehicle you were driving on the date of the Collision.

45.

Admit Plaintiff did nothing to cause or contribute to the Collision.

46.

Admit you did not check the side view mirrors to your right at the time of the Collision.

47.

Admit you were operating a cellular device at the time of the Collision.

48.

Admit you were unfamiliar with the general area where the Collision occurred.

49.

Admit you were familiar with the general area where the Collision occurred.

50.

Admit you told one or more persons at the scene of the Collision that you were at fault for and/or caused the Collision.

51.

Admit you know of no legal basis to deny Plaintiff was injured as claimed as a result of the Collision.

52.

Admit you know of no medical basis to deny Plaintiff was injured as claimed as a result of the Collision.

53.

Admit you have no education, training or experience in biomechanics.

54.

Admit you have no accident reconstruction education, training or experience.

55.

Admit you have no medical education, training or experience.

56.

Admit you have no legal education, training or experience.

57.

Admit that, as of the date of the Collision, your address on the Crash Report, i.e., 12226 E. Highway 97, Rock Mount, North Carolina 27803 was correct.

58.

Admit you have posted information about the Collision and/or discussed the Collision on one or more social media services.

**INTERROGATORIES**

O.C.G.A. § 9-11-33(a)(2) requires Defendant Bennett to answer each interrogatory, separately and fully in writing under oath, and to serve a copy of such answers to interrogatories upon counsel for Plaintiff within forty-five (45) days[3] after service of these interrogatories.

A request to identify an individual means to state that individual's full name, home address, telephone number, place of employment and a job description including title or position. A request to identify a document means to describe the type of document, i.e., letter, report, invoice, email,

---

[3] Pursuant to O.C.G.A. §§ 9-11-33(a)(2).

9

facsimile, etc., and the name(s) of the individual(s) having control, custody or possession of the document.

1.

Other than counsel, identify all persons who assisted or were consulted with in the process of gathering information to answer Plaintiff's First Interrogatories to Defendant, and for each such person identified, identify the interrogatory for which each such person provided any information.

2.

State your full name, including any other names, nicknames, or aliases by which you have been known, your date and place of birth, marital status at the time of the October 28, 2021 motor vehicle collision (the "Collision"), the name of your spouse (if married at the time of the Collision that forms the basis for the instant action or married at any time thereafter), your driver's license number and State of issuance, your social security number, and the name and address of all relatives, whether by blood or marriage, over the age of 15 who live in Gwinnett County.

3.

For each driver's license you have had in the past seven (7) years, identify the state of issue, date of issue, licenses number and whether or not it was a commercial driver's license.

4.

List all addresses you have resided at during the past ten (10) years and for each address listed provide the dates of residency and identify all individuals who resided with you at each address.

5.

Beginning with high school, provide the names and addresses of each school, college, university, trade school or other educational or technical institution you have attended, listing for each

10

the dates of attendance, course(s) of study and any diploma(s), certificate(s) or licenses(s) awarded and obtained and the date of each.

6.

For each place you have worked (whether as an employee, independent contractor, leased driver or otherwise) in the past fifteen (15) years provide the following information:

(a)     name of the entity or person from whom you worked;
(b)     address;
(c)     dates you worked there, job position' supervisor's name; and
(d)     the reason you left.

7.

Have you ever been arrested, charged, cited, or convicted of any crime in the State of Georgia, or any other state, whether a misdemeanor, felony or other, including but not limited to, any violation of Georgia's Uniform Rules of the Road within the past ten (10) years?  If your answer is anything other than an unqualified "no" please state the date of each such arrest, charge, citation, violation, or conviction, the nature of the crime involved, the jurisdiction in which the crime occurred, the court prosecuting each such crime, and the final or pending disposition of same.

8.

If within the seventy-two (72) period immediately preceding the Collision you consumed any drug, medication, or alcoholic beverage, whether illicit, prescription, or over-the-counter (OTC), state the type of drug, medication, or alcoholic beverage consumed, the quantity consumed, the time it was consumed, the place where it was consumed and identify all persons with knowledge of same.

9.

Have you ever been involved in any other motor vehicle collision or accident within the past fifteen (15) years?  If your answer is anything other than an unqualified "no", state"

(a)     the date and location of each such collision or accident;

11

(b)    the names and address of all drivers, and passengers if any, involved;

(c)    a brief description of the nature of each such collision or accident, i.e., rear-end collision, t-boned, head-on, etc.;

(d)    who was deemed or ultimately found to be at fault/liable for causing such collision or accident;

(e)    who, if anyone, was cited for any traffic violation and if so, for violation of what Uniform Traffic Code; and

(f)    whether formal legal action of any kind, criminal or civil, was initiated and if so, the result.

10.

Identify by name and address all persons who you or your attorneys, representative, agents, or assigns know possess or purports to possess any knowledge or information whatsoever with respect to the Collision, or who claims to have witnessed same and for each individual described the substance of the knowledge or information he or she possesses or purports to possess, and whether any such individual has provided a statement, written, oral or otherwise transcribed, concerning the Collision.

11.

Identify all persons who you expect to call as an expert witness at the trial of this case and for each such individual identified provide that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

12.

To your knowledge, information or belief are there any photographs, videos, drawings, diagrams, illustrations or other representations of either the scene of the Collision, the vehicles involved therein, any instrumentality alleged to have caused the Collision, or of Plaintiff's injuries? If your answer is anything other than an unqualified "no", identify and describe:

(a)    the subject represented in each such photograph, video, drawing, illustration or other representation;

(b)    the approximate date each such photograph, video, drawing, illustration or other representation was made;

(c)    the name, address, telephone number and employer of the person(s) making each such photograph, video, drawing, illustration or other representation;

12

(d)     the form of each such photograph, video, drawing, illustration or other representation (i.e., photographic print, video, transparency, diagram, plat, etc.); and

(e)     the current custodian of each such photograph, video, drawing, illustration or other representation.

13.

With respect to the Georgia Motor Vehicle Crash Report ("Crash Report"), Agency Case Number 202100073874 completed by any law enforcement agency with respect to the Collision, identify all entries, narratives, etc., you disagree with or otherwise contend are inaccurate, and for each such disagreement or contention, describe the basis for your disagreement or contention including, but not limited to, any witnesses or documents.

14.

If you contend Plaintiff or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Collision and/or for causing any of the damages alleged in Plaintiff's Complaint, describe in detail the basis for their responsibility and identify all person(s) having any knowledge regarding this issue.

15.

Do you contend that the Freightliner you were driving at the time of the Collision had any sort of mechanical, electrical or other defective condition which you believe caused or contributed in any way to the Collision?  If your answer is anything other than an unqualified "no", identify the nature of the defective condition (i.e., mechanical, electrical, brakes, tires, etc.), when you first became aware of the alleged defective condition and describe how you believe said defective condition caused or contributed to the Collision, giving the name, addresses and telephone numbers of all persons with any knowledge or information concerning the alleged defective condition.

13

16.

Have you ever been suspended or disqualified from driving a motor vehicle?  If your answer is anything other than an unqualified "no", describe each such suspension or disqualification including but not limited to the date, who you were working for at the time, and the circumstance surrounding each such suspension or disqualification.

17.

Describe in your own words how the Collision occurred, including but not limited to:

(a)     when you first noticed Plaintiff's vehicle, its position, i.e., in front of you, next to you, etc., and what Plaintiff was doing, i.e., stopped, slowing down, turning, etc.);

(b)     the weather and lighting conditions (i.e., clear, cloudy, daylight, night, etc.) in the general vicinity where the Collision occurred and describe the condition of the roadway where the Collision occurred;

(c)     how far away was Plaintiff's vehicle when you first noticed it;

(d)     what objects, if any (i.e., trees, billboards, construction signs, etc.), obstructed your view of Plaintiff's vehicle;

(e)     if there when any other cars or objects in the immediate vicinity of Plaintiff's vehicle when you first noticed such other cars or objects and what each such other car or object was doing;

(f)     what the traffic conditions in the general vicinity of the Collision were like, i.e., heavy, stop-and-go, light, moving at the speed limit, etc., immediately prior to the Collision;

(g)     what you did upon noticing Plaintiff's vehicle to the side of you or even whether you noticed it before smashing into the driver's side of it;

(h)     what, if anything, you did to an effort to avoid striking Plaintiff's vehicle; and

(i)     where were you coming from and where were headed at the time of the Collision, what time were you expected or supposed to arrive there, who were you supposed to meet or see there, and the reason you were headed to such location.

18.

Pursuant to O.C.G.A. § 9-11-26(b)(2), identify all insurance agreements, including any and all umbrella and/or excess coverages, of which you are aware and upon which you may rely to satisfy all or part of a judgment entered against you in this action, or which may be used to indemnify or reimburse you for any payment(s) to satisfy any such judgment(s) and state:

(a)     the name and address of the insurer;

14

(b)     the name of the insured and any additional driver listed on or covered by the policy;
(c)     the limits of available coverage; and
(d)     the policy number of each policy of insurance.

19.

Has any insurance business identified by you in your answers herein either denied coverage or agreed to defend you against this lawsuit under a reservation of rights or other limited representation agreement? If your answer is anything other than an unqualified "no," state the basis you were given for such denial or reservation of rights provided by the insurance business.

20.

Other than the instant action, have you ever been a party to a lawsuit, or made a claim on your own behalf or had a claim for personal injury or property damage made against you, arising out of a motor vehicle collision or accident? If your answer is anything other than an unqualified "no", identify the parties to each such lawsuit or claim, the date of loss which served as the basis for each such suit or claim, a brief description of the nature of the lawsuit or claim, and the court/agency and civil action/case number/claim number of each such lawsuit or claim.

21.

Identify all cell phones, tablets or other mobile devices which you either owned, leased, or had access to on October 28, 2021, and for each such cell phone, tablet or other mobile device provide the phone or identifying number, the carrier, the carrier account number, the name in which the account was set up and billed to, and state whether you still own, lease or have access to each such device identified.

15

22.

Identify all training you have received in connection with operating a Commercial motor vehicle including courses taken to initially obtain your commercial driver's license and all training received since obtaining your driver's license.

23.

At the time of the Collision, were you:

a)   attempting to call or text another person or entity, attempting to respond to an incoming phone call or test, or texting or talking on your cell phone immediately prior to the Collision?  If so, were you attempting to make a call or send a text, or were you answering a call or read an incoming text, and state from who the call or text was being sent to or coming from.
b)   Adjusting or tuning the radio;
c)   Talking to a passenger.  If so, identify the passenger;
d)   Eating or drinking anything;
e)   Reading and/or viewing a sign or other item in or out of the automobile;
f)    Distracted by an item on the road.  If so, identify the item;
g)   Physically interacting with another passenger in the car.   If so, describe the interaction and identify the passenger.

24.

With respect to the deliveries/trips you were scheduled to make on October 28, 2021, identify the name and address of the deliver/trip locations, what was to be delivered, and the time the load was to be delivered or the time the trip was to be complete.

25.

Explain in detail where you were and what you were doing during the seventy-two (72) hours immediately prior to the Collision and the forty-eight (48) hours immediately following the Collision. This answer should include the time and location of each lick up, delivery and stop, and the reason for each stop (i.e., load, unload, fuel, rest, meal, inspection, repair, etc.) as well as what you were doing when off-duty.  Identify all documents you contend evidence your answer and all persons who you contend will be able to substantiate your answer.

16

26.

For the seventy-two (72) hours leading up to the Collision, provide the amount of your driving hours, on-duty non-driving hours, locations during your on-duty non-driving hours, all stops you made and the reasons therefor, when and where your meals were eaten, when and where you slept and when you ingested any medications (prescription or OTC) and the dosages

27.

State all facts, identify all persons and identify all documents or any other source of knowledge upon which you rely to deny that Plaintiff was injured as claimed in this action as a result of the Collision.

28.

Were you acting within the course and scope of your employment, or otherwise performing a task for which you received compensation, monetary or otherwise, from a third-party at the time of the Collision? If your answer is anything other than an unqualified "no", provide the name, address and telephone number of the employer or third-party for who you were performing the task and describe the nature of the work or task you were performing.

28.

Identify each and every act, event, fact, document or witness upon which you relied to assert any affirmative defense set forth in your answer to Plaintiff's Complaint for Damages.

29.

State all facts and identify all documents upon which you relied to deny the allegations set forth in any numbered Paragraph of Plaintiff's Complaint and identify to which paragraph each document applies.

17

30.

For each Request for Admission which you answered with anything other than an unequivocal or unconditional admission, give a detailed factual basis for your response, identify all persons with knowledge of same and identify all documents that refer to, evidence, or reflect same.

## REQUESTS FOR PRODUCTION

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiff propounds this First Request for Production of Documents and Things to Defendant Bennett. Defendant shall produce the requested documents and things at the office of Plaintiff's attorneys, The Scott Pryor Law Group, 6185 Crooked Creek Drive NW, Suite H, Peachtree Corners, Georgia 30092 for inspection and copying no later than forty-five (45)[4] days after service of this Request for Production of Documents or, in the alternative, attach copies of such documents and things to Defendant's responses to Plaintiff's requests.

If Defendant claims he is entitled to withhold from production and document or thing responsive to Plaintiff's request on the basis of attorney-client privilege, attorney work product privilege, or any other privilege, please identify the author of each such document or thing withheld, the name of each person (other than stenographic or clerical assistant) who participated in the preparation of each such document or thing withheld, the identity of the person(s) who sent the original or any copies of the document or thing, the identity of the person(s) currently in possession, custody or control of each such document or thing withheld, the date each such document or thing was received by those having current possession, custody or control of said document or thing, the nature of the document or thing (i.e., letter, memorandum, photograph, video, CD, etc.) withheld, the title of each such document or things withheld, the subject matter of each such document or thing withheld (without revealing the information to which privilege is asserted), and state the factual basis,

---

[4] Pursuant to O.C.G.A. § 9-11-34(a)(2).

including specific statutory of case law authority, upon which Defendant contends it is entitled to withhold the document or things from production. *See, e.g.*, General Motors Corp. v. Conkle, 226 Ga. App. 34 (1997); Unif. Sup.Ct. R. 5.5.

1.

Produce a copy of all driver's licenses you hold.

2.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 1.

3.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 2.

4.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 3.

5.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 4.

6.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 5.

7.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 6.

19

8.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 8.

9.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 10.

10.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 12.

11.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 13.

12.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 14.

13.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 15.

14.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 16.

15.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 17.

16.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 18.

17.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 19.

18.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 20.

19.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 21

20.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 22.

21.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 23.

22.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 24.

23.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 25.

24.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 26.

25.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 27.

26.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 28.

27.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 29.

28.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 30.

29.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 31.

30.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 32.

31.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 33.

32.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 34.

33.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 35.

34.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 36.

35.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 37.

23

36.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 38.

37.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 41.

38.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 42.

39.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 43.

40.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 44.

41.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 45.

42.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 46.

43.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 47.

44.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 50.

45.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 51.

46.

Produce all documents and things which you consulted and/or relied upon to admit or deny Plaintiff's Request for Admission No. 52.

47.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's Interrogatory No. 1.

48.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 3.

49.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 6.

50.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 7.

51.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 8.

52.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 9.

53.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 10.

54.

With respect to any individual identified by you in your answer to Plaintiff's interrogatory no. 11, produce that information required pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i).

55.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 12.

56.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 13.

26

57.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 14.

58.

If your answer to interrogatory no. 15 was in the affirmative, please provide all documents and things upon which you relied or consulted to answer same.

59.

If your answer to interrogatory no. 16 was in the affirmative, please provide all documents and things upon which you relied or consulted to answer same.

60.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 17.

61.

Produce a full and complete copy of all insurance policies or agreements in your answer to Plaintiff's Interrogatory No. 18.

62.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 20.

63.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 21.

27

64.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 22.

65.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 21.

66.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 22.

67.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 23.

68.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 24.

69.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 25.

70.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 26.

71.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 27.

72.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 28.

73.

Produce all documents and things which you consulted and/or relied upon to answer Plaintiff's interrogatory No. 29.

74.

Produce copies of all communications or documents sent to or received from any adjuster, agent, broker, or employee of any insurance company that identified in your answer to Interrogatory No. 18, or to any other insurance adjuster, agent, broker, or employee which you have contacted, written to, or spoken with regarding this claim, up to the date in which suit was filed.

This 16th day of July, 2023.

**THE SCOTT PRYOR LAW GROUP**

*/s/ Philip W. Lorenz*
PHILIP W. LORENZ
Georgia Bar No. 458001
SCOTT A. PRYOR
Georgia Bar No. 89155

6185 Crooked Creek Road NW, Suite H
Peachtree Corners, Georgia 30092
Phone: 404-474-7298
Fax: 678-302-9366
philip@scottpryorlaw.com
scott@scottpryorlaw.com

29