# COMPOSITE EXHIBIT A

## Case Information

23-A-05850-2 | JOE N GUY CO INC VS JPMORGAN CHASE BANK et al

Case Number
23-A-05850-2

Court
Division 2

Judicial Officer
Cason, Tracie H

File Date
07/07/2023

Case Type
Other General Civil*

Case Status
Pending

## Party

Plaintiff
JOE N GUY CO INC

Active Attorneys ▼
Lead Attorney
HUDSON, KEVIN H
Retained

Attorney
BELL, ALEXANDER J
Retained

Attorney
KORNFIELD, EMILY H
Retained

Defendant
JPMORGAN CHASE BANK

Active Attorneys ▼
  Pro Se

Defendant
DOE, JOHN

Active Attorneys ▼
  Pro Se

## Events and Hearings

07/07/2023 Complaint/Petition

07/07/2023 General Civil/Domestic Relations Case Filing Info

07/07/2023 Summons

07/07/2023 Summons ▾

Served
07/19/2023

07/25/2023 Sheriffs Entry of Service

08/03/2023 Leave of Absence ▾

Comment
Leave of Absence for Kevin Hudson

E-FILED IN OFFICE - SP
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-05850-2**

**7/7/2023 3:43 PM**
TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JOE N GUY CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 23-A-05850-2 |
| v. ) | |
| ) | |
| JPMORGAN CHASE BANK, and ) | |
| JOHN DOE ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, Joe N. Guy Co., Inc., in its own capacity and as an assignee of the rights of The Gipson Company, and brings this Complaint against JPMorgan Chase Bank and a as-of-yet unidentified criminal actor referred to herein as John Doe, showing the Court as follows:

## PARTIES AND JURISDICTION

1. Defendant JPMorgan Chase Bank ("JPMorgan") is a foreign corporation organized under the laws of New York with a principal place of business in Columbus, Ohio and is registered to do business in Georgia. JPMorgan may be served through its registered agent, CT Corporation System, 289 S Culver St. Lawrenceville, GA.

2. Plaintiff Joe N. Guy Co., Inc. ("Joe N. Guy") is a Georgia Corporation with a principal place of business in Cobb County, Georgia.

3. John Doe is an unidentified person holding bank account Number 833295295 with JPMorgan. Upon information and belief, Defendant JPMorgan may know the identity and citizenship of the owner of this account, or at least the alias used to open the account. Upon information and belief, the Federal Bureau of Investigation ("FBI") has a pending criminal

investigation, but the FBI will not release information confirming John Doe's identity until the conclusion of its investigation.

4. The underlying intentional torts harmed victims in Georgia, thus venue is proper before this Court.

## FACTUAL BACKGROUND

5. On or about April 18, 2022, Doe opened bank account Number 833295295 with JPMorgan (the "Fraudulent Account").

6. Joe N. Guy is a general contractor who is currently building a construction project known as Assembly Studios in DeKalb County, Georgia ("Project").

7. Non-party The Gipson Company ("Gipson") is the owner's representative for the Project.

8. On or about May 20, 2022, Doe (or his agent or affiliate), sent an email impersonating a Joe N. Guy employee to Gipson, asking Gipson to change payment instruction and "All payments are to be remitted to our Trust bank account with JPMorgan Chase Bank with account number: 833295295."

9. On or about June 7th, 2022, (when the next payment on the Project came due to Joe N. Guy), Gipson sent via wire transfer the amount of $3,981,213.69 to the Fraudulent Account maintained by JPMorgan, identifying Joe N. Guy as the intended recipient of the funds.

10. On June 8th, 2022, the payment was received into the Fraudulent Account.

11. On June 8th, 2022, Doe transferred $611,000 from the Fraudulent Account to a checking account ending in 0827.

12. On June 9th, 2022, Doe transferred $500,000 from the Fraudulent Account to a checking account ending in 0827.

13. On June 12, 2022, Doe transferred $100,000 from the Fraudulent Account to a checking account ending in 0827.

14. On June 13th, 2022, Joe N. Guy asked Gipson why it had not yet received the transferred funds.

15. On June 13th, 2022, JPMorgan alerted Gipson that the transfer was on hold due to possible fraudulent activity.

16. On June 13th, 2022, Gipson contacted the Georgia Bureau of Investigation ("GBI") and the City of Brookhaven Police Department to file reports of fraud.

17. On June 14th, 2022, Joe N. Guy called the fraud department of JPMorgan, speaking to several JPMorgan employees, identified by first name as Nate, Mike, and Reynold.

18. On this phone call, JPMorgan confirmed that the account name on the Fraudulent Account did not match the payee name on the wire transfer and that funds were still in the Fraudulent Account.

19. On June 14th, 2022, a representative of Gipson personally went to a JPMorgan branch location in Georgia to request that the funds be returned and to confirm that an account freeze had been initiated.

20. On June 14th at the absolute latest, JPMorgan had actual knowledge that Doe had used the JPMorgan Fraudulent Account to receive funds that were intended for Joe N Guy, and launder those funds to a different account.

21. Both Gipson and Joe N. Guy filed complaints with the Federal Bureau of Investigation's ("FBI") Internet Crime Complaint Center. The FBI confirmed that an investigation had been initiated.

22. The GBI, in cooperation with the FBI, confirmed that an account freeze was initiated.

23. On June 15th, 2022, the FBI confirmed that an account freeze of the Fraudulent Account had been requested, and received confirmation that approximately $2.5 million was still in the Fraudulent Account with JPMorgan.

24. On June 16, 2022, despite JPMorgan's actual knowledge of fraudulent activity, and the statement to the GBI and FBI that the account had been frozen, JPMorgan allowed Doe to transfer $980,000 from the Fraudulent Account to a checking account ending in 0827.

25. On June 27, 2022, in spite of JPMorgan's actual knowledge of fraudulent activity, and the statement to the GBI and FBI that the account had been frozen, JPMorgan allowed Doe to transfer $1,790,786.14 from the Fraudulent Account to a checking account ending in 0827.

26. The amount of $1,790,786.14 was later recovered, but Doe was able to abscond with the $1,211,000 withdrawn from the Fraudulent Account before June 13 and the $980,000 withdrawn from the fraudulent account after June 13th.

27. Gipson has assigned its rights against Doe and JPMorgan to Joe N. Guy in connection with this action.

## COUNT I – GROSS NEGLIGENCE
*Against JP Morgan*

28. Joe N. Guy restates and realleged all prior paragraphs as though fully restated herein.

29. JPMorgan holds itself out to the public as a leader in fraud detection and prevention in the banking world.

30. JPMorgan advertises that it has fraud detection and prevention tools and technology to identify and minimize fraudulent account activity.

31. JPMorgan implements fraud detection systems, as required by federal banking law including the Bank Secrecy Act and the Patriot Act, for the purpose of detecting fraud, suspicious transactions, money laundering, etc.

32. While JPMorgan owes a duty of reasonable care to its customers, JPMorgan owes a duty of slight diligence to the general public to prevent its account holders from using JPMorgan bank accounts and processes to commit fraud and theft.

33. JPMorgan took on the duty to monitor fraudulent transactions of its account holders.

34. In this case, JPMorgan's fraud prevention technology worked, and detected fraudulent activity after the first suspicious transactions of Doe.

35. Upon detection of the fraudulent activity, JPMorgan had actual knowledge of Doe's illegal behavior.

36. JPMorgan spoke with Gipson and Joe N Guy regarding the fraudulent activity.

37. The FBI and/or GBI told JPMorgan that they were investigating the reported fraud and told JPMorgan to freeze the Fraudulent Account.

38. JPMorgan breached its duties to exercise even the slightest level of diligence upon actual knowledge of fraud by taking no action whatsoever to prevent further funds from being diverted from the Fraudulent Account after JPMorgan gained knowledge of the fraud.

39. Rather, JPMorgan released $980,000 in additional funds to Doe after knowledge that Doe was committing fraud, and instruction from the FBI to freeze the Fraudulent Account.

40. The funds that JPMorgan released to Doe were intended for Joe N. Guy.

41. As a direct and proximate result of JPMorgan releasing funds to Doe, Gipson and/or Joe N. Guy suffered damages.

## COUNT II – CONVERSION
*Against JP Morgan*

42. Joe N. Guy restates and realleged all prior paragraphs as though fully restated herein.

43. JPMorgan enabled Doe to open the Fraudulent Account.

44. JPMorgan received funds into the Fraudulent Account.

45. On June 13th at the latest, JPMorgan learned that its account holder was conducting a fraudulent scheme.

46. Joe N. Guy and Gipson both requested that the funds be returned.

47. Thus, JPMorgan knew that the approximately $4,000,000 in the Fraudulent Account was the property of another.

48. After June 13th, 2022 despite requests from Joe N. Guy and Gipson, and despite a request from the FBI to freeze the account, JPMorgan allowed the fraudster to continue to withdraw funds.

49. On June 16th, 2022, JPMorgan transferred $980,000 in funds from the Fraudulent Account to another account held by Doe. This transfer was an act of dominion over the funds inconsistent with the rights of either Gipson or Joe N. Guy.

50. Therefore, JPMorgan should be jointly and severally liable with Doe for all funds withdrawn from the account after JPMorgan identified the fraudulent activity.

## COUNT III – FRAUD - O.C.G.A. § 51-6-1 et seq.
*Against Doe*

51. Joe N. Guy restates and realleged all prior paragraphs as though fully restated herein.

52. Doe opened the Fraudulent Account with the intent to defraud.

53. Doe falsely represented himself via email as a Joe N. Guy employee to Joe N. Guy's customers with an intent to deceive.

54. Doe committed the crime of identity theft by using a Joe N. Guy employee's email address and representing himself as an employee of Joe N. Guy.

55. Doe induced Gipson into making payment to Doe's Fraudulent Account with JPMorgan rather than paying Joe N. Guy.

56. Doe profited at Gipson's and Joe N. Guy's expense based on this fraudulent action, and Gipson and/or Joe N. Guy suffered damages in the amount of $2,191,000.

## COUNT IV – CIVIL THEFT O.C.G.A. § 51-10-6
*Against Doe*

57. Joe N. Guy restates and realleged all prior paragraphs as though fully restated herein.

58. Joe N. Guy had the right to possession of the funds sent by Gipson intended for Joe N. Guy.

59. Doe deceived Gipson as defined in O.C.G.A. § 16-8-3(b)(1), by sending an email using a stolen identity to create the impression that Joe N Guy's account information had changed.

60. Doe diverted the funds through deceit and took possession of the funds belonging to Joe N. Guy.

61. Doe committed the crime of theft by deception as defined by O.C.G.A. § 16-8-3.

62. Gipson and/or Joe N. Guy suffered damages in the amount of $2,191,000.

## COUNT V – CIVIL THEFT O.C.G.A. § 51-10-6
*Against JPMorgan*

63. Joe N. Guy restates and realleged all prior paragraphs as though fully restated herein.

64. JPMorgan was on inquiry notice that the property in its possession was stolen when it detected the fraudulent activity.

65. JPMorgan was on actual notice that the property in its possession was stolen when informed by Gipson, Joe N. Guy, and the FBI and/or GBI.

66. JPMorgan retained the funds in its possession with knowledge that the funds were stolen.

67. When it learned that the property was stolen, JPMorgan had the obligation to "retain the property with intent to restore it to the owner." O.C.G.A. § 16-8-7(a).

68. However, JPMorgan disposed of $980,000 of the funds by sending them to Doe after it knew that the funds had been stolen.

69. When JPMorgan had actual knowledge that the funds were stolen, yet disposed of the funds to the thief, Doe, JPMorgan committed the offense of Theft by Receiving Stolen Property, O.C.G.A. § 16-8-7.

70. Under Georgia's Civil Theft statute, O.C.G.A. § 51-10-6, Joe N. Guy has a right of action to recover damages from anyone who commits a theft prohibited by Georgia's Criminal Code.

**WHEREFORE**, Joe N. Guy respectfully requests that this honorable Court grant judgment in its favor on all causes of action, and find the Defendants jointly and severally liable in the amount of $980,000, and Doe individually liable for the additional amount of $1,211,000, Plus attorneys fees, treble damages, and punitive damages as provided by law, and such further relief as may be just and proper.

This 7th day of July, 2023.

*[Signatures on following page]*

8

|  | HUDSON LAMBERT PARROTT, LLC |
|---|---|
|  | */s/ Kevin H. Hudson* |
|  | Kevin H. Hudson |
|  | Georgia Bar No. 374630 |
|  | Alexander J. Bell |
|  | Georgia Bar No. 282562 |
|  | Emily H. Kornfeld |
|  | Georgia Bar No.: 353999 |
| 3575 Piedmont Road, NE |  |
| 15 Piedmont Center, Suite 200 |  |
| Atlanta, Georgia 30305 |  |
| Telephone:  404-554-8166 |  |
| Facsimile:   404-554-8171 |  |
| Email:  khudson@hlpwlaw.com |  |
| Email:  abell@hlpwlaw.com |  |
| Email:  ekornfeld@hlpwlaw.com |  |
| *Attorneys for Joe N. Guy Co., Inc.* |  |

E-FILED IN OFFICE - SP
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-05850-2**

7/7/2023 3:43 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of __Gwinnett__ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ MM-DD-YYYY | Case Number __23-A-05850-2__ |

**Plaintiff(s)**
JOE N GUY CO., INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
JPMORGAN CHASE BANK

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| DOE | JOHN | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** __Kevin H. Hudson__   **State Bar Number** __374630__   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number                Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - SP
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-05850-2**
7/7/2023 3:43 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**JOE N GUY CO., INC.**

CIVIL ACTION NUMBER: 23-A-05850-2

PLAINTIFF

VS.

**JPMORGAN CHASE BANK and**

**JOHN DOE**

DEFENDANTS

## SUMMONS

**TO JP MORGAN CHASE BANK:**

c/o CT Corporation System, Registered Agent
289 S. Culver St.
Lawrenceville, Georgia 30046

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Kevin H. Hudson, Esq.
Alexander J. Bell, Esq.
Emily H. Kornfeld, Esq.
Hudson Lambert Parrott, LLC
3575 Piedmont Road NE
Fifteen Piedmont Center, Suite 200
Atlanta, Georgia 30305

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of ____7th day of July, 2023_____, 20____.

Tiana P. Garner
Clerk of Superior Court

By_____*Sarah Payne*_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

**SHERIFF'S ENTRY OF SERVICE**

| | |
|---|---|
| Civil Action No. 23-A-05850-2 | Superior Court ☒  Magistrate Court ☐<br>State Court ☐  Probate Court ☐<br>Juvenile Court ☐ |
| Date Filed 7/7/2023 3:43 PM | Georgia, Gwinnett COUNTY |

Attorney's Address

Kevin H. Hudson
Fifteen Piedmont Center
3575 Piedmont Road NE, Suite 200
Atlanta, GA 30305

Name and Address of Party to be Served.

JPMorgan Chase Bank c/o CT Corporation System, Registered Agent

289 S. Culver St.

Lawrenceville, Georgia 30046

Joe N. Guy Co., Inc.

Plaintiff

VS.

JPMorgan Chase Bank and John Doe

Defendant

Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows: age, about ___ years; weight ___ pounds; height, about ___ feet and ___ inches, domiciled at the residence of defendant.

**CORPORATION**
☒ Served the defendant JPMorgan Chase Bank _____ a corporation by leaving a copy of the within action and summons with Jane Richardson in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

This 19 day of July, 2023

W. Coberly S01332
Deputy

# Gwinnett County Sheriff's Office
## Cover Sheet



**Sheriff #:**  23022668

**Person Served:**  JPMORGAN CHASE BANK
289 SOUTH CULVER STREET
LAWRENCEVILLE GA 30046
PHONE:

## Process Information:

| | | | |
|---|---|---|---|
| Date Received: | 07/18/2023 | | |
| Assigned Zone: | 289 S. Culver | Court Case #: | 23-A-05850-2 |
| Expiration Date: | | Hearing Date: | |
| Paper Types: | COMPLAINT | | |
| Notes/Alerts: | | | |

**Notes:**

_____
_____
_____
_____
_____
_____
_____
_____

Case 1:23-mi-99999-UNA   Document 2631-1   Filed 08/17/23   Page 17 of 19

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-05850-2**
**8/3/2023 12:28 PM**
TIANA P. GARNER, CLERK

**To:**   All Judges, Clerks of Court, and Counsel of Record

**From:**   Kevin H. Hudson, Esq.

**Date:**   August 3, 2023

**Re:**   <u>Revised Notice of Leave of Absence</u>

    **COMES NOW**, Kevin H., Hudson and respectfully notifies all Judges before whom he has cases pending, all affected clerks of court and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.   The period of leave during which time Applicant will be away from the practice of law is:

    (a)   **September 6, 2023 – September 8, 2023 for out of state vacation, and**

    (b)   **December 26, 2023 – January 3, 2023 for out state vacation.**

2.   All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to Applicant's Leave of Absence.  If no objections are filed, the leave shall be granted.

This 3rd day of August, 2023.

    Respectfully submitted,

    **HUDSON LAMBERT**
    **PARROTT, LLC**

    <u>/s/ Kevin H. Hudson</u>
    Kevin H. Hudson
    Georgia Bar No. 374630

3575 Piedmont Road
Fifteen Piedmont Center, Suite 200
Atlanta, Georgia 30305
Telephone: (404) 554-8181
Facsimile: (404) 554-8171
Email: khudson@hlpwlaw.com

**EXHIBIT "A"**

**SUPERIOR COURT OF GWINNETT COUNTY**

| NAME OF CASE CASE NUMBER | PRESIDING JUDGE | ALL COUNSEL OF RECORD |
|---|---|---|
| Argos USA, LLC v. Scale Systems, Inc.<br><br>Civil Action Number: 21-A-06068-8 | The Hon. R. Timothy Hamil<br>Superior Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA  30046 | Jennifer C. Adair<br>Ryan L. Mayo<br>Freeman Mathis & Gary, LLP<br>100 Galleria Parkway<br>Suite 1600<br>Atlanta, GA  30339-5948 |
| Joe N Guy Co.., Inc. v. JPMorgan Chase Bank and John Doe<br><br>Civil Action Number: 23-A-05850-2 | The Hon. Tracie H. Cason<br>Superior Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA  30046 | None at this time. |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this date served a copy of the foregoing Notice of Leave of Absence upon all Judges, Clerks and opposing counsel listed on the attached Exhibit "A" by placing a copy of same in the United States Mail in properly addressed envelopes with sufficient postage affixed, via PeachCourt and/or via Odyssey E-File Georgia thereon to ensure delivery.

This 3rd day of August, 2023.

              Respectfully submitted,

              **HUDSON LAMBERT PARROTT, LLC**

              ***/s/ Kevin H. Hudson***
              Kevin H. Hudson
              Georgia Bar No. 374630

3575 Piedmont Road
Fifteen Piedmont Center, Suite 250
Atlanta, Georgia 30305
Telephone: (404) 554-8181
Facsimile: (404) 554-8171
Email: khudson@hlpwlaw.com