E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04982-S5**
**7/18/2023 11:55 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY, GEORGIA

| | |
|---|---|
| **BERT L. MOORE,** ) | 23-C-04982-S5 |
|     **Plaintiffs,** ) | Docket No. _____ |
| ) | |
| **v.** ) | Division / Judge _____ |
| ) | |
| **CIRCLE K STORES, INC.** ) | |
| **AND JANE DOE,** ) | Jury Demanded |
|     **Defendant.** ) | |

## COMPLAINT

### I. PARTIES & JURISDICTION

1. Plaintiff, BERT MOORE, is a resident of Dalton, Georgia.

2. Defendant, CIRCLE K STORES, INC., is a for-profit corporation, incorporated in the State of Arizona, with a principal place of business located at 1130 West Warner Road, Building B, Tempe Arizona 85284 and a Registered Agent listed with the Georgia Secretary of State as CORPORATION SERVICE COMPANY, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092 USA. Plaintiff avers that CIRCLE K STORES, INC. owns and/or operates a for profit business open to the public and located at 11418 US Hwy 41, Ringgold, GA 30736.

3. Defendant JANE DOE, is an unknown employee of Circle K Stores, Inc. who was responsible for monitoring the condition of the store and supervising all employees on the day in question. Upon information and belief, Jane Doe is a resident of the State of Georgia.

4. This action arises from personal injuries suffered by the Plaintiff, BERT MOORE at the premises operated by Defendant Circle K Stores, Inc.

5. Based upon the foregoing venue and jurisdiction lie properly in this Court.

### II. STATEMENT OF FACTS

6. All preceding statements of the Complaint are incorporated herein and re-alleged as if expressly set forth herein. Upon information and belief:

7. At all relevant times herein, CIRCLE K STORES, INC., was a for profit business, open to the public and holding itself as a place which would operate a clean, safe environment to make convenient purchases of small grocery items and gasoline for vehicles.

1

8. On or about July 5, 2022, while Plaintiff was an invitee at the Defendant's place of business, Plaintiff slipped and fell due to a fuel spill at his gas station pump where he was fueling his truck.

9. The slip and fall caused Plaintiff to sustain serious injuries to his legs, spine, and associated structures.

### III.    COUNT I – NEGLIGENCE OF CIRCLE K STORES, INC.

10. All preceding statements of the Complaint are incorporated herein and re-alleged as if expressly set forth herein.   Upon information and belief:

11. Defendant CIRCLE K STORES, INC. operates a for profit business in the State of Georgia, open to the public.

12. At the time of the injury, Defendant CIRCLE K had an obligation to ensure that their facilities are properly maintained and free from hazards to invitees.

13. At all times relevant hereto, Defendant CIRCLE K'S employees failed to properly maintain the premises to ensure the safety of its invitees.

14. At all-time relevant hereto, Defendant CIRCLE K STORES, INC. was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, apparent agency, negligent entrustment, negligent hiring, or similar theory of law.

15. The hiring, qualifying, training, and supervising of employees to properly maintain the premises, requires care and skill to be done safely.

16. When hiring, qualifying, training, and supervision of its employees are not done with the care and skill required to meet reasonable minimum industry safety standards, it is foreseeable that serious harm and death will occur to the customers at Defendant's business.

17. CIRCLE K STORES, INC.'s acts and failures to act, as described below and above resulted in foreseeable harm to the Plaintiff.

18. Defendant CIRCLE K STORES, INC. was required to qualify and hire competent employees.

19. Defendant CIRCLE K STORES, INC. was required to teach and train those employees so that they avoid causing injuries to customers because of improperly maintained premises.

20. Defendant CIRCLE K STORES, INC. was negligent, and grossly negligent in:

   a. Hiring and/or contracting employees to clean and maintain the premises.
   b. Failing in the training of employees to clean and maintain the premises;
   c. Failing to supervise employees in the cleaning and maintenance of the premises;
   d. Retaining employees who fail to properly clean and maintain the premises;
   e. Failing to conduct proper and required safety and maintenance on the premises; and
   f. Failure to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of maintaining the premises free from hazards to invitees.

21. Defendant CIRCLE K STORES, INC. had a duty to promulgate and enforce rules and regulations to ensure its employees were reasonably safe and negligently failed to do so.

22. Defendant CIRCLE K STORES, INC., through its agents/employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this Complaint that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

   a. The risks associated with failing to properly maintain the premises;
   b. The risks associated with failing to train employees to properly maintain the premises;
   c. The risks associated with failing to train employees to follow minimum safety precautions;
   d. The risks associated with failing to have adequate risk management policies and procedures in place;
   e. Failing to ensure its employees could safely maintain the premises;
   f. Failing to staff with an adequate amount of employees to allow employees to meet their job duties while also ensuring the cleanliness and safety of the premises;
   g. Failing to have policies and procedures in place to identify undertrained and unqualified employees;
   h. Failing to appropriately implement and enforce risk management policies and procedures to monitor and assess the safety of the premises;
   i. Failing to implement and follow a written safety plan;
   j. Failing to use the composite knowledge reasonably available to Defendant CIRCLE K STORES, INC., to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk;
   k. Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above;
   l. Failing to protect the members of the public, such as the Plaintiff, from the risks described above.

23. As a result of Defendant CIRCLE K STORES, INC.'s negligence, Plaintiff suffered serious injuries affecting his activities of daily living;

24. The permanent and temporary injuries which affected each Plaintiff's normal activities of daily living are the type of injuries that are the foreseeable consequence of Defendant CIRCLE K STORES, INC.'s negligence.

### IV.   COUNT II – NEGLIGENCE OF JANE DOE

25. All preceding statements of the Complaint are incorporated herein and re-alleged as if expressly set forth herein.   Upon information and belief:

26. Defendant JANE DOE was responsible for managing the premises owned and operated by Defendant CIRCLE K STORES, INC. and was managing said premises in the course and scope of his employment CIRCLE K STORES, INC.

27. At the time of the injury, JANE DOE had an obligation to ensure that the facilities she managed are properly maintained and free from hazards to invitees.

28. At all times relevant hereto, JANE DOE and the employees managed by JANE DOE failed to properly maintain the premises to ensure the safety of its invitees.

29. The hiring, qualifying, training, and supervising of employees to properly maintain the premises, requires care and skill to be done safely.

30. When hiring, qualifying, training, and supervision of its employees are not done with the care and skill required to meet reasonable minimum industry safety standards, it is foreseeable that serious harm and death will occur to the customers at Defendant's business.

31. JANE DOE's acts and failures to act, as described below and above resulted in foreseeable harm to the Plaintiff.

32. Defendant JANE DOE was required to qualify and hire competent employees.

33. Defendant JANE DOE was required to teach and train those employees so that they would avoid causing injuries to customers because of improperly maintained premises.

34. Defendant JANE DOE was negligent, and grossly negligent in:

    a. Hiring and/or contracting employees to clean and maintain the premises.
    b. Failing in the training of employees to clean and maintain the premises;
    c. Failing to supervise employees in the cleaning and maintenance of the premises;
    d. Retaining employees who fail to properly clean and maintain the premises;
    e. Failing to conduct proper and required safety and maintenance on the premises; and

  f. Failure to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of maintaining premises free from hazards to invitees.

35. Defendant JANE DOE had a duty to promulgate and enforce rules and regulations to ensure his employees were reasonably safe and negligently failed to do so.

36. Defendant JANE DOE, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this Complaint that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

  a. The risks associated with failing to properly maintain the premises;
  b. The risks associated with failing to train employees to properly maintain the premises;
  c. The risks associated with failing to train employees to follow minimum safety precautions;
  d. The risks associated with failing to have adequate risk management policies and procedures in place;
  e. Failing to ensure its employees could safely maintain the premises;
  f. Failing to staff with an adequate amount of employees to allow employees to meet their job duties while also ensuring the cleanliness and safety of the premises;
  g. Failing to have policies and procedures in place to identify undertrained and unqualified employees;
  h. Failing to appropriately implement and enforce risk management policies and procedures to monitor and assess the safety of the premises;
  i. Failing to implement and follow a written safety plan;
  j. Failing to use the composite knowledge reasonably available to JANE DOE, to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk;
  k. Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above;
  l. Failing to protect the members of the public, such as the Plaintiff, from the risks described above.
  m. Failing to identify and remove dangerous conditions in a timely manner.
  n. Failing to periodically inspect for dangerous conditions.

37. As a result of Defendant JANE DOE's negligence, Plaintiff suffered serious injuries affecting his activities of daily living;

38. The permanent and temporary injuries which affected each Plaintiff's normal activities of daily living are the type of injuries that are the foreseeable consequence of Defendant JANE DOE's negligence.

5

## V.     COUNT III – DAMAGES

39. All preceding statements of the Complaint are incorporated herein and re-alleged as if expressly set forth herein.   Upon information and belief:

40. As set forth more fully in the facts above, the Defendant acted in a negligent manner which either alone or combined and concurring with the actions of the other's acts of negligence, directly and proximately caused the incident and the Plaintiff's temporary and permanent economic and non-economic injuries.

41. Defendant's conduct, individually and collectively, constituted a reckless disregard for the life and safety of the Plaintiff, BERT MOORE, and for the lives and safety of the public generally, were wanton and reckless, and these Defendant are therefore also liable to Plaintiff, BERT MOORE for exemplary and/or punitive damages.

## VI.    COUNT IV – BAD FAITH AND STUBBORNLY LITIGIOUS CONDUCT

42. All preceding statements of the Complaint are incorporated herein and re-alleged as if expressly set forth herein.   Upon information and belief:

43. CIRCLE K STORES, INC.'s actions to date constitute bad faith, stubborn litigiousness, and/or have caused the Plaintiff unnecessary trouble and expense, and Plaintiff is entitled to an award of attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11

WHEREFORE, Plaintiffs pray that the following relief be granted:

(a) A trial by jury;

(b) For Summons and Complaint to issue against the Defendant;

(c) For Judgment against the Defendant as restitution to Plaintiff BERT MOORE, for past, present and future non-economic damages to the full extent allowed by law and equity;

(d) For Judgment against the Defendant as restitution to Plaintiff BERT MOORE, for past, present and future economic damages to the full extent allowed by law and equity;

(e) That the Jury order full restitution from the Defendant in an amount the jury believes to be just, fair and equitable, after hearing the facts and issues, in this case, not to exceed FIVE MILLION AND NO/100 ($5,000,000.00) DOLLARS FOR Plaintiff BERT MOORE;

(f) For an amount of punitive damages against Defendant in an amount the jury believes to be just, fair and equitable after hearing the facts and issues in this case not to exceed the sum of FIVE MILLION AND NO/100 ($5,000,000.00) DOLLARS;

(g) Pre-judgment interest and post-judgment interest at the applicable rates and as law and equity provides;

(h) Court costs and discretionary costs; and

(i) For all such further and general relief with this Court deems just and proper.

Respectfully submitted,

ALEXANDER SHUNNARAH
TRIAL ATTORNEYS.

By: /s/ Tim O. Henshaw

Tim O. Henshaw, BPR # 835848
Attorney for Plaintiff
1604 Reggie White Blvd., Ste. 102
Chattanooga, TN 37402
Phone: (423) 417-9205
Facsimile: (423) 719-2005
Email: thenshaw@asilpc.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04982-S5**
**7/18/2023 11:55 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY, GEORGIA

| | |
|---|---|
| BERT L. MOORE,                       ) | 23-C-04982-S5 |
|     Plaintiffs,  ) | Docket No. _____ |
|                                  ) | |
| v.                                   ) | Division / Judge _____ |
|                                  ) | |
| CIRCLE K STORES, INC.                ) | |
| AND JANE DOE,                        ) | Jury Demanded |
|     Defendant.   ) | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

VIA PRIVATE PROCESS
CIRCLE K STORES, INC.
2 SUN COURT, SUITE 400
PEACHTREE CORNERS, GA 30092

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Tim O. Henshaw, BPR # 835848
Attorney for Plaintiff
1604 Reggie White Blvd., Ste. 102
Chattanooga, TN 37402
Phone: (423) 417-9205
Facsimile: (423) 719-2005
Email: thenshaw@asilpc.com

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____ day of _____, 2023.   Tiana P. Garner
18th day of July, 2023

Clerk of Gwinnett County State Court

By:_____
Deputy Clerk

1

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04982-S5**
**7/18/2023 11:55 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY, GEORGIA

| | |
|---|---|
| **BERT L. MOORE,** | 23-C-04982-S5 |
| **Plaintiffs,** | Docket No. _____ |
| v. | Division / Judge _____ |
| **CIRCLE K STORES, INC. AND JANE DOE,** | Jury Demanded |
| **Defendant.** | |

### 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY that I have served a copy of Plaintiff's First Interrogatories, Request for Production of Documents and Request for Admissions to Defendant Circle K Stores, Inc. upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office in the County in which the defendant resides or other proper process server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

CIRCLE K STORES, INC.
2 SUN COURT, SUITE 400
PEACHTREE CORNERS, GA 30092

This the 18th day of July, 2023.

ALEXANDER SHUNNARAH
TRIAL ATTORNEYS.

By: _____
Tim O. Henshaw, BPR # 835848
Attorney for Plaintiff
1604 Reggie White Blvd., Ste. 102
Chattanooga, TN 37402
Phone: (423) 417-9205
Facsimile: (423) 719-2005
Email: thenshaw@asilpc.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04982-S5**
**7/18/2023 11:55 AM**
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of  Gwinnett State Court  County

**For Clerk Use Only**

Date Filed _____
MM-DD-YYYY

Case Number  23-C-04982-S5

**Plaintiff(s)**
MOORE, BERT

| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
CIRCLE K STORES, INC.

| Last | First | Middle I. | Suffix | Prefix |
| DOE, JANE | | | | |

**Plaintiff's Attorney** Tim Henshaw      **State Bar Number** 835848      **Self-Represented** ☐

Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number              Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04982-S5**
**7/24/2023 3:47 PM**
**TIANA P. GARNER, CLERK**

## AFFIDAVIT OF SERVICE

**State of Georgia**　　　　**County of Gwinnett**　　　　**State Court**

Case Number: 23-C-04982-S5

Plaintiff: **Bert L Moore**
vs.
Defendant: **Circle K Stores Inc, Jane Doe**

For:
Tim Henshaw
Alexander Shunnarah Trial Attorneys
200 Peachtree St NW
Ste 201
Atlanta, GA 30303

Received by Ancillary Legal Corporation on the 18th day of July, 2023 at 5:05 pm to be served on **Circle K Stores Inc c/o Corporation Service Company, 2 Sun Ct, Ste 400, Peachtree Corners, GA 30092**

I, Christopher Todd Horton, being duly sworn, depose and say that on the **19th day of July, 2023** at **1:17 pm, I:**

served **Circle K Stores Inc c/o Corporation Service Company** by delivering a true copy of the **Summons, Complaint, Plaintiff's First Request for Admissions to Defendant Circle K Stores Inc, Plaintiff's First Interrogatories to Defendant Circle K Stores Inc, Plaintiff's First Request for Production of Documents to Defendant Circle K Stores Inc** to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Alisha Smith as **Authorized to Accept** at the address of: **2 Sun Court, Suite 400, Peachtree Corners, GA 30092**

**Additional Information pertaining to this Service:**
7/19/2023 1:17 pm Perfected corporate service at 2 Sun Court Suite 400, Peachtree Corners, GA 30092, by serving Alisha Smith, CSC Coordinator.

Black female,

black hair,

40-45 years old,
5'8", 150 lbs, no glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

**Christopher Todd Horton**
Process Server

Subscribed and Sworn to before me on the 20th day of July, 2023 by the affiant who is personally known to me.

Alejandro Gutierrez
NOTARY PUBLIC

**Ancillary Legal Corporation**
2900 Chamblee Tucker Road
Building 13
Atlanta, GA 30341
(404) 459-8006

Our Job Serial Number: ANC-2023007903
Ref: Moore