IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>RELIANCE PROTECTION AGENCY, INC. *and* STEVE LOYD<br><br>    Defendants. | Civil Action File No.:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Christopher Johnson ("Plaintiff" or "Johnson") files this Complaint against Defendants Reliance Protection Agency ("Reliance") and Steve Loyd ("Loyd"), collectively, "Defendants", and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. In this action, Plaintiff alleges the following:

    a. Defendants willfully violated the FLSA by failing to pay Plaintiff for all hours worked over 40 per workweek at 1.5 times his regular hourly rate.

- 2 -

b. Defendants willfully violated the FLSA by failing to pay Plaintiff minimum wages for hours worked from May 20, 2023 to May 28, 2023.

c. Defendants breached the contract for employment between Plaintiff and Reliance by failing to pay him the contracted for rate of pay for Plaintiff's hours worked from May 20, 2023 to May 28, 2023.

## JURISDICTION AND VENUE

3. Under 28 U.S.C. § 1331 this Court has jurisdiction over Plaintiffs' claims because the claims raise questions of federal law.

4. This court has personal jurisdiction over the Defendants by virtue of them transacting business and/or residing in Georgia.

5. Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B) venue is proper in this division because at least one defendant resides in this division or a substantial part of the events or omissions giving rise to the claims occurred in this division.

## PARTIES

6. Defendant Reliance Protection Agency, Inc. is a Georgia for profit Corporation with its principal office addresses located at 101 John Davenport Drive NW, Suite 210, Rome, GA, 30165.

7. Reliance may be served with process through personal service on its

registered agent, Steve Loyd at 101 John Davenport Drive NW, Suite 210, Rome, Georgia, 30165.

8. Defendant Steve Loyd is the owner, founder, and sole corporate officer of Reliance.

9. Loyd is an individual and may be served where he can be found.

10. Plaintiff worked for Defendants within the three years preceding the filing of this action.

## RELIANCE IS COVERED BY THE FLSA

11. Defendant Reliance is an enterprise engaged in commerce or the production of goods for commerce.

12. Reliance employs two or more individuals who engage in interstate commerce or who handle, sell, or work with goods or materials that have moved in or were produced for interstate commerce.

13. Reliance employs two or more individuals who regularly communicate across state lines using interstate mail and telephone systems while performing their job duties.

14. Reliance employs two or more individuals who regularly communicate across state lines using the internet while performing their job duties.

15. Reliance employees handle and use materials that have traveled

through interstate commerce, such as, computers, telephones, firearms, paper products, uniforms, and computer software while performing their job duties.

16. Reliance's gross annual sales and business done for each of the three years preceding the filing of this complaint exceeds $500,000.

### DEFENDANTS EMPLOYED PLAINTIFF

17. Defendant Reliance is a for profit corporation which contracts with other businesses to provide security services.

18. Defendant Loyd is the founder, owner, and sole corporate officer of Reliance.

19. Defendant Loyd was Plaintiff's direct supervisor at all times Plaintiff was employed by Reliance.

20. Reliance and Loyd employed Plaintiff within the meaning of the FLSA.

21. Reliance had the authority to terminate Plaintiff's employment.

22. Reliance determined the employment policies applicable to Plaintiff.

23. Reliance had the authority to modify the employment policies applicable to Plaintiff.

24. Reliance determined how much, and in what manner, Plaintiffs would be compensated.

25. Reliance maintained employment records, such as time and pay

records, for Plaintiffs.

26. Loyd also employed Plaintiff.

27. As the sole corporate officer of Reliance and Plaintiff's direct supervisor, Loyd had the authority to hire and fire Plaintiff.

28. As the sole corporate officer of Reliance and Plaintiff's direct supervisor, Loyd established the employment policies applicable to Plaintiff.

29. As the sole corporate officer of Reliance and Plaintiff's direct supervisor, Loyd had the authority to modify the employment practices applicable to Plaintiff.

30. As the sole corporate officer of Reliance and Plaintiff's direct supervisor, Loyd had the authority to determine how much, and in what manner, Plaintiff would be compensated.

31. As the sole corporate officer of Reliance and Plaintiff's direct supervisor, Loyd maintained employment records, such as time and pay records for Plaintiff.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S FLSA OVERTIME WAGES CLAIMS**

32. Plaintiff worked as a "Corporal Supervisor" for Defendants.

33. Although Plaintiff was referred to as a supervisor, he had no genuine supervisory authority over any other employees.

34. Plaintiff could not unilaterally direct the activities of other employees.

35. Plaintiff did not have the authority to hire or fire other employees.

36. Plaintiff was responsible for patrolling and monitoring security posts at various locations in Cedartown, Georgia and Atlanta, Georgia for clients Defendants contracted with to provide security services.

37. Plaintiff was required to follow detailed standards, instructions and procedures governing the performance of his job duties that were created and disseminated by Defendants.

38. Plaintiff was not paid on a salary basis.

39. Plaintiff was paid a set hourly wage of $18.25 per hour.

40. Plaintiff's pay was reduced if he worked fewer hours in a given workday.

41. Plaintiff did not receive pay for any hours he did not work or utilize paid time off ("PTO").

42. Plaintiff regularly worked in excess of 60 hours per workweek in the employ of Defendants and occasionally worked as many as 80 or even 100 hours per workweek without proper overtime compensation as required by the FLSA.

43. The Defendants had actual knowledge that Plaintiff regularly worked in excess of 60 hours per workweek without proper overtime compensation as

required by the FLSA.

44. Plaintiff raised the issue of Defendants' failure to pay proper overtime compensation as required by the FLSA with Defendants, but his concerns were dismissed.

45. Loyd was responsible for the creation and enforcement of Defendants' unlawful compensation policies and practices.

46. Plaintiff was told by Loyd that Plaintiff was not being paid overtime because the company could not afford to pay him overtime, as Plaintiff's base rate of pay was too high to allow him to be paid 1.5 times his hourly rate for overtime hours worked.

47. Plaintiff is entitled to 1.5 times his regular hourly rate for all hours worked over 40 per week.

48. Plaintiff worked more than 40 hours per week in most weeks.

49. Defendants knew Plaintiff worked more than 40 hours per week in most workweeks.

50. Defendants knowingly and willfully failed to pay Plaintiff 1.5 times his regular hourly rate for all hours worked over 40 per workweek in violation of the FLSA.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S FLSA MINIMUM WAGE CLAIMS

51. Between May 20, 2023, and May 28, 2023, Plaintiff performed approximately 58 hours of work for Defendants.

52. On May 28, 2023, Plaintiff separated from employment with Defendants.

53. Defendants have refused to provide Plaintiff with his final paycheck, willfully refusing to compensate Plaintiff for the hours he worked in the period from May 20, 2023, to May 28, 2023.

54. Defendants knew that Plaintiff was entitled to received minimum wages for the hours he worked, but willfully refused to pay Plaintiff the minimum wages mandated by the FLSA for his last week of work.

55. By willfully failing to pay Plaintiff minimum wages, Defendants willfully violated the FLSA's minimum wage requirement.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S GEORGIA STATE LAW CLAIMS

56. Plaintiff entered into a valid and binding contract with Reliance for employment.

57. As part of Plaintiff's employment contract with Reliance, Reliance agreed to pay Plaintiff an hourly rate of $18.25 an hour for all hours worked in

consideration of valuable services performed by Plaintiff for Reliance.

58. Between May 20, 2023, and May 28, 2023, Plaintiff performed approximately 58 hours of work for Defendants.

59. Prior to initiating this action, Plaintiff requested payment of his final paycheck from Defendants.

60. Defendants have refused to provide Plaintiff with his final paycheck, willfully refusing to compensate Plaintiff for hours worked.

61. At the time of filing, Plaintiff has received no compensation whatsoever from Defendants for his hours worked between May 20, 2023 and May 28, 2023.

## COUNT I: WILLFUL FAILURE TO PAY OVERTIME WAGES

62. Plaintiff re-alleges and incorporates by reference Paragraphs 32 through 50.

63. Plaintiff frequently worked more than 40 hours per workweek.

64. Defendants knew Plaintiff frequently worked more than 40 hours per workweek.

65. Defendants failed to pay Plaintiff 1.5 times his regular hourly rate for all hours worked over 40 per workweek in violation of the FLSA.

66. Defendants willfully failed to pay Plaintiff 1.5 times his regular hourly rate for all hours worked over 40 per workweek.

67. Defendant Loyd acted directly in the interest of Reliance Protection, Inc., in relation to Plaintiff's compensation and means or methods of compensation.

68. Defendants Reliance and Loyd are each severally and jointly, to Plaintiff for failing to pay him overtime pursuant to the FLSA.

69. Because Defendants willfully violated the FLSA by failing to pay Plaintiff overtime wages, Defendants owe Plaintiff all unpaid wages, an amount equal to his unpaid wages in liquidated damages, and his attorneys' fees and costs of litigation incurred in this matter.

**COUNT II: WILLFUL FAILURE TO PAY MINIMUM WAGES**

70. Plaintiff re-alleges and incorporates by reference Paragraphs 51 through 55.

71. By refusing to pay Plaintiff his final paycheck, Defendants failed to pay Plaintiff the statutorily mandated minimum wage for all hours worked for the hours Plaintiff worked from May 20, 2023 to May 28, 2023.

72. Defendant Loyd knew that Plaintiff was owed minimum wages and willfully failed to pay Plaintiff minimum wages in accordance with the FLSA.

73. Defendant Loyd acted directly in the interest of Reliance Protection Agency, Inc. in relation to Plaintiff's compensation and means or methods of compensation.

74. Defendants Loyd and Reliance are each liable, severally and jointly, to Plaintiff for the failure to pay him minimum wages pursuant to the FLSA.

75. Because Defendants willfully violated the FLSA by failing to pay Plaintiff minimum wages, Defendants owe Plaintiff all unpaid wages, an amount equal to his unpaid wages in liquidated damages, and his attorneys' fees and costs of litigation incurred in this matter.

## COUNT III: BREACH OF CONTRACT

76. Plaintiff re-alleges and incorporates by reference Paragraphs 56 through 61.

77. Plaintiff entered into a valid and binding contract with Reliance for employment.

78. As a condition of the contract, Plaintiff was to be paid at a rate of $18.25 per hour for each hour worked.

79. Plaintiff actually and fully performed services for Reliance in each of the hours worked from May 20, 2023, to May 28, 2023.

80. Defendants have willfully refused to compensate Plaintiff for these hours actually worked in accordance with the terms of the contract between the parties.

81. Defendant Reliance is liable to Plaintiff for damages resulting from

Reliance's contractual breaches in the full amount of unpaid compensation, as well as interest on such amount.

## COUNT III: ATTORNEYS' FEES ARISING FROM PLAINTIFFS' BREACH OF CONTRACT CLAIMS

82. Reliance has refused to honor its obligations as set forth in its contracts with Plaintiff without a legal or factual basis.

83. Reliance has acted in bad faith and are being stubbornly litigious by taking positions that lack substantial legal justification and have caused Plaintiff unnecessary trouble and expense.

84. Accordingly, Plaintiff is entitled to an award of attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully request that the Court:

I. Declare that Defendants' actions, policies, and practices violated the rights of Plaintiff.

II. Declare that Defendants' violations of the rights of Plaintiff were willful;

III. Award Plaintiff all unpaid overtime wages for a period of three years;

IV. Award Plaintiff liquidated damages in an amount equal to his unpaid overtime wages;

V.   Award Plaintiff all unpaid minimum wages for a period of three years;

VI.   Award Plaintiff liquidated damages in an amount equal to the unpaid minimum wages.

VII.   Award Plaintiff his reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

VIII.   Judgment against Defendant Reliance in favor of Plaintiff for all damages caused by Defendant's breaches of contract;

IX.   Award of Plaintiff's attorneys' fees and expenses pursuant to O.C.G.A. §13-6-11.

X.   Award all other relief to which Plaintiff may be entitled.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests a trial by jury under Fed. R. Civ. P. 38.

Dated:   August 18, 2023.

*/s/ M. Travis Foust*
M. Travis Foust
Georgia Bar No. 104996
tfoust@pcwlawfirm.com
Evan P. Drew
Georgia Bar No. 747996
edrew@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 14th Street, 26th Floor
Atlanta, Georgia 30309
Phone: (404) 873-800
Fax:   (404) 873-8000

*Counsel for Plaintiff*