# EXHIBIT A

E-FILED IN OFFICE - IT
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**22-A-01926-10**
3/10/2022 9:13 AM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| IQUATICS TROPICAL FISH, LLC, | * |
| Plaintiff, | * CIVIL ACTION FILE |
| vs. | * NO.: 22-A-01926-10 |
| DIAL GOD, LLC, | * |
| Defendant. | * |

## COMPLAINT FOR DAMAGES

COMES NOW IQUATICS TROPICAL FISH, LLC, the Plaintiff in the above-styled civil action, and hereby files its COMPLAINT FOR DAMAGES against the Defendant and, in support thereof, show this Honorable Court the following:

1.

The Plaintiff is a Limited Liability Company organized under the laws of the state of Georgia. The primary business of the Plaintiff Company is raising and selling tropical fish.

2.

The Defendant, Dial God, LLC, is a Limited Liability Company organized in the State of Georgia, with its principal office being located at 1420 Southlake Plaza Drive, Morrow, Georgia 30260.

3.

The Defendant may be served with Summons and Process through its registered agent of service, to wit:

C. David Joyner, P.C.
1305 Mall Of Georgia Blvd.
Mill Creek Forest, Suite 130
Buford, Georgia 30519
770/614-6415

United States Corporation Agents, INC.
1420 Southlake Plaza Drive
Morrow, Georgia 30260

## JURISDICTION AND VENUE

4.

The Plaintiff maintains an office located in the State of Georgia at 3831 Angora Place, Duluth, Georgia 30096.

5.

Defendant DIAL GOD LLC, conducts business in Gwinnett County and is subject to the jurisdiction of this court pursuant to O.C.G.A. § 9-10-91(a).

## RELEVANT FACTS AND CIRCUMSTANCES

6.

The Plaintiff and Defendant entered into a lease agreement concerning certain property located in a shopping center known as "Merchants Exchange" on or about February 12, 2019. The subject property is located in Duluth, Gwinnett County, Georgia. The lease agreement is attached hereto as "Exhibit A."

7.

The Plaintiff invested in excess of Four Hundred Thousand Dollars ($400,000.00) in setting up its business and building out the interior portion of the leased premises in order to properly house and market the tropical fish it was in business to sell to its customers.

8.

According to Section 9.02 of the subject lease agreement, the Defendant company was specifically required to maintain the roof of the premises being leased by the Plaintiff. Despite this requirement, the Defendant absolutely failed and refused to maintain the roof and, despite dozens of requests by the Plaintiff to make repairs to the leaky roof which was interfering with its business, the Defendant steadfastly refused to make the necessary repairs. This failure to maintain the roof was a clear breach of the lease agreement by the Defendant.

9.

As a direct result of the Defendant's neglect of the subject roof, and despite repeated pleas by the Plaintiff for timely repairs, the Plaintiff lost the greatest majority of its investment in the business and location. The losses included, but are not limited to, many valuable tropical fish which were lost due to contamination from the water intrusion through the roof.

10.

The Plaintiff made it abundantly clear to the Defendant company that a leaking roof, which resulted in the almost continuous intrusion by contaminated water, was extremely detrimental to the very existence and sustainability of the Plaintiff's business. Yet, the Defendant routinely ignored the pleas of the Plaintiff.

11.

The Plaintiff was also required to invest in many man hours to remove the water and clean up the property following the intrusion of contaminated water which

occurred on a routine basis from the moment the Plaintiff opened its doors for business.

12.

Ultimately, the Plaintiff company came to the conclusion that it had no choice but to shut down its business and move from the subject location. This resulted in essentially requiring the Plaintiff to destroy the interior portion of the build out in which the Plaintiff had invested hundreds of thousands of dollars, and hundreds of hours of work.

13.

Due to the clear and continuous breach of the subject lease agreement by the Defendant, which resulted in extraordinary damages to the Plaintiff, the Plaintiff is entitled to a Judgment against the Defendant in excess of Four Hundred Thousand Dollars ($400,000.00).

14.

According to section 16.09 of the subject lease agreement, the Plaintiff is entitled to an award of all attorney's fees and expenses of litigation incurred in addressing the clear default on the part of the Defendant from the inception of the contract between the parties.

WHEREFORE, the Plaintiff prays as follows:

a) for a Judgment against the Plaintiff for an amount proven at trial but absolutely in excess of the sum of $400,000.00;

b) for an award of all attorney's fees and expenses incurred by the Defendant; and

C. David Joyner, P.C.
1305 Mall Of Georgia Blvd.
Mill Creek Forest, Suite 130
Buford, Georgia 30519
770/614-6415

c)  for such other and additional relief as this Court deems just and proper.

THIS ___9___ day of March, 2022.

                                                                            C. DAVID JOYNER, P.C.

                                                                            C. DAVID JOYNER  
                                                                            Georgia Bar No. 405528  
                                                                            Attorney for Plaintiff

1305 Mall of Georgia Blvd.  
Suite 130  
Buford, Georgia 30519  
(770) 614-6415 (phone)  
(770) 614-7678 (fax)  
djoyner@cdavidjoynerpc.com