IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **HARRY'S HOME RENOVATIONS, L.L.C,**<br><br>            **Plaintiff,**<br><br>      **v.**<br><br>**WELLS FARGO BANK, N.A.,**<br><br>            **Defendant.** | **Civil Action File No. _____** |

## NOTICE OF REMOVAL

COMES NOW Defendant Wells Fargo Bank, National Association ("Wells Fargo"), appearing without waiving any defenses available under state and/or federal law, including Wells Fargo's right to demand arbitration pursuant to the parties' contractual agreement and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby removes this action from the State Court of Gwinnett County, Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, showing the Court as follows:

### I. INTRODUCTION

This case is properly removable because diversity of citizenship jurisdiction exists. Plaintiff Harry's Home Renovations, L.L.C. ("Plaintiff") asserts claims against Wells Fargo for alleged violations of the Uniform Commercial Code, acts of conversion, negligence, and breach of legal duty under Georgia law. This action is

51456184 v1

between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (*See generally* Complaint). Thus, this Court can properly exercise jurisdiction over this action.

## II. **PROCEDURAL HISTORY**

Plaintiff commenced this action on July 11, 2023 by filing its Complaint for Damages in the State Court of Gwinnett County, Civil Action File Number 23-C-04744-S2. Wells Fargo was served with the Complaint through its registered agent on July 20, 2023. In its Complaint, Plaintiff alleges its Wells Fargo online account was hacked by unknown criminals. (Complaint ¶ 13). Plaintiff further alleges that after hacking into the online account, the unknown individuals made a series of unauthorized transactions. (*Id.* at ¶ 14). First, Plaintiff alleges that the individuals enacted cash advances from Plaintiff's Wells Fargo Businessline Mastercard account (the "Card Account") to Plaintiff's Business Checking account (the "Bank Account" and together with the Card Account, the "Accounts"). (*Id.* at ¶¶ 11-12, 15). Plaintiff next alleges that after the cash advances, the individuals wired $23,140.30 from the Bank Account to a JPMorgan Chase Bank Account owned by an individual unknown to Plaintiff. (*Id.* at ¶ 16).

Plaintiff alleges that after it became aware of the activity on the Accounts, it reported these disputed transactions to Wells Fargo as unauthorized transactions.

(*Id.* at ¶¶ 20, 22). Plaintiff then alleges that approximately two weeks later, it received a letter from Wells Fargo denying the claim arising out of the disputed transactions. (*Id.* at ¶ 23). Plaintiff also alleges that despite sending additional demand letters to Wells Fargo, Wells Fargo continued to deny the claims arising out of the disputed transactions. (*Id.* at ¶¶ 24-25).

In the Complaint, Plaintiff alleges claims of violations of Article 4A of Georgia's Uniform Commercial Code ("UCC"), conversion, negligence, and breach of legal duty, seeking to recover actual, general, special, direct, consequential, treble, exemplary, and punitive damages, in addition to the recovery of its attorney's fees and costs of litigation. (*See id.* at ¶¶ 39, 43, 49, 52-54, 56, 58-59, 62-63). For example, for its claims for alleged violations of the UCC, Plaintiff seeks full and complete refund of the $23,140.30 wire and interest from the date of transfer and reasonable attorneys' fees and costs. (*Id.* at ¶¶ 39, 43). In connection with Plaintiff's remaining claims, Plaintiff seeks to recover the amount of the wire transfer, plus an unspecific amount for actual, general, special, direct, consequential and punitive damages. (*Id.* at ¶¶ 49, 52-53, 58, 62). Plaintiff also seeks to recover treble damages. (*Id.* at p. 12). In calculating the amount of damages Plaintiff seeks in this Action, it is clear that the amount in controversy exceeds the sum of $75,000, exclusive of

interest and costs. Wells Fargo vehemently denies Plaintiff's allegations and claims and denies Plaintiff is entitled to any of the amounts alleged in the Complaint.

This Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty (30) days from the date this action first became removable. *See* 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."). This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases. Written notice of the filing of this Notice of Removal has been served upon Plaintiff, and a copy of this Notice of Removal, along with the Notice of Filing Notice of Removal, will be promptly filed with the Clerk of the State Court of Gwinnett County, Georgia. A copy of the Notice of Filing Notice of Removal is attached hereto (without exhibits thereto) as Exhibit "A." The United States District Court for the Northern District of Georgia, Atlanta Division, is the district and division embracing the Court where this action is currently pending. Complete copies of all documents filed by Plaintiff in the State Court to date are attached hereto as Exhibit "B."

### III. **DIVERSITY JURISDICTION**

This action is properly removable pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The State Court of Gwinnett County, Georgia is a state court within this judicial district and division. *See* 28 U.S.C. § 90(b)(3). Further, this Court has original jurisdiction under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

### A.     Diversity of Citizenship of the Parties

Diversity of citizenship exists between Plaintiff and Wells Fargo. Plaintiff is a Georgia limited liability company registered with the Georgia Secretary of State and its only principal is Harry Kirchhoff, upon current information and belief, is a resident of Georgia. (Complaint, ¶¶ 2-3). For purposes of diversity jurisdiction, a national banking association such as Wells Fargo is deemed to be a citizen of the state where its main office is located. *See Hill v. Bank of America Corp.*, No. 1:06-CV-804GE, 2006 WL 1518874, *1 (N.D. Ga. May 30, 2006); *see also* 28 U.S.C. § 1348; *Thomason v. Deutsche Bank Nat'l Tr. Co. as Tr. for Home Equity Mortg. Loan*

*Asset-Backed Tr. Series INABA 2006-A, Home Equity Mortg. Loan asset-Backed Certificates Series INABS 2006-A8*, No. 21-11639, 2022 WL 4296926, at *2 (11th Cir. Sept. 19, 2022) (citing 28 U.S.C. § 1348). For purposes of 28 U.S.C. § 1348, it is well settled that a national banking association "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Wells Fargo is a national banking association with its principal place of business in South Dakota. (*See* Complaint ¶ 4). Accordingly, Wells Fargo is a citizen of South Dakota, and is not a Georgia citizen for purposes of determining diversity jurisdiction. Because Plaintiff is a citizen of Georgia and Wells Fargo is a citizen of South Dakota, there can be no question that complete diversity of citizenship exists between Plaintiff and Wells Fargo.

### B. Amount in Controversy

Diversity jurisdiction is also proper because it is apparent from the face of the Complaint that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional threshold, exclusive of interest and costs. The Eleventh Circuit has held that "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (removal

is proper when "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.").

In the Complaint, though Plaintiff seeks various categories of damages in unidentified amounts, it is clear from the Complaint and Plaintiff's allegations against Wells Fargo that the amount in controversy in this action well exceeds $75,000.00, exclusive of interest and costs. Specifically, Plaintiff alleges it has at least $23,140.30 in actual damages due to the disputed wire transfer and seeks to treble its alleged damages relating to Wells Fargo's actions and/or inactions relating to the disputed wire transfer, thus asserting at least $69,420.90 in damages related to the disputed wire transfer. (*See e.g.* Complaint, pp. 6, 8, 12).

Plaintiff also, among other things, seeks consequential, exemplary, and punitive damages. (*Id.* at pp. 8-12). Punitive damages must be considered in determining the jurisdictional amount required for diversity jurisdiction. *See e.g.*, *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 242 (1943) (considering a plaintiff's claim for punitive damages despite only alleging a claim for actual damages of $1,000 because there is no need for "punitive and actual damages [to] bear a definite mathematical relationship" and because based on the plaintiff's allegations the court was "unable to say that under [the plaintiff's] complaint evidence could not be introduced at trial justifying a jury verdict for actual

and punitive damages" exceeding the jurisdictional threshold); *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (holding that "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered"); *Tonea v. Bank of America, N.A.*, 6 F. Supp. 3d 1331, 1341 (N.D. Ga. 2014) (explaining that a claim of punitive damages must be considered in determining the amount in controversy).

And though Plaintiff does not quantify the amount of punitive damages it seeks to recover, Courts in Georgia have awarded significant punitive damages for violations of the same claims Plaintiff asserts against Wells Fargo in this action, which only adds to the amount of damages already exceeding the $75,000 jurisdictional threshold sought by Plaintiff. *See Felker v. Chipley*, 246 Ga. App. 296, 297, 540 S.E.2d 285, 288 (2000) (affirming an award of $50,000 in punitive damages in an action for conversion); *Charter Mtg. Co v. Ahouse*, 165 Ga. App. 497, 498, 300 S.E.2d 328, 331 (1983) (affirming an award of $25,000 punitive damages in an action for conversion); *Ford Motor Credit Co. v. Spicer*, 144 Ga. App. 383, 388, 241 S.E.2d 273, 278 (1977) (affirming an award of $38,500 in punitive damages in an action for conversion); *Odelia v. Alderwoods (Georgia), LLC*, 823 F. App'x 742, 746 (11th Cir. 2020) ("We agree with the district court that the value of [plaintiff's] claims more likely than not exceeded $75,000. [Plaintiff] sought to

recover damages stemming from breach of contract, fraud, negligence, intentional infliction of emotional distress, and punitive damages. It is hard to imagine that the combined sum of all those claims, plus the punitive damages sought, would not exceed $75,000.").

Thus, it is clear from the Complaint and Plaintiff's allegations against Wells Fargo that the amount in controversy in this action far exceeds $75,000, exclusive of interest and costs.  Accordingly, this case is properly removable because it is between citizens of different states (*i.e.*, South Dakota and Georgia), and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Wells Fargo has not previously sought similar relief.  Wells Fargo further reserves the right to supplement this Notice of Removal to add any jurisdictional defenses that may independently support a basis for removal.  Further, nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Wells Fargo's rights to assert any affirmative defenses available under any Georgia law, federal statute or otherwise.

## IV.  <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth above, Wells Fargo respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the State Court of Gwinnett County, Georgia

to the United States District Court for the Northern District of Georgia, Atlanta Division.  Wells Fargo further prays that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the State Court of Gwinnett County, Georgia, be hereby stayed.

Respectfully submitted, this 18th day of August, 2023.

|  | **BURR & FORMAN LLP** |
|---|---|
|  | */s/ Grace B. Callanan* |
|  | Tala Amirfazli |
|  | Georgia Bar No. 523890 |
| 171 17th Street NW | tamirfazli@burr.com |
| Suite 1100 | Grace B. Callanan |
| Atlanta, Georgia 30363 | Georgia Bar No. 909597 |
| Telephone:  (404) 815-3000 | gcallanan@burr.com |
| Facsimile:   (404) 817-3244 | COUNSEL FOR WELLS FARGO BANK, NATIONAL ASSOCIATION |

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2023, a copy of the foregoing **NOTICE OF REMOVAL** has been served on the following by directing same to their office address via first class United States mail, postage prepaid, addressed as follows:

Justin T. Holcombe
Kris Skaar
SKAAR & FEAGLE, LLP
133 Mirramont Lake Drive
Woodstock, Georgia 30189

Cliff R. Dorsen
James M. Feagle
SKAAR & FEAGLE, LLP
2374 Main Street, Suite B
Tucker, Georgia 30084

**BURR & FORMAN LLP**

*/s/ Grace B. Callanan*
Tala Amirfazli
Georgia Bar No. 523890
tamirfazli@burr.com
Grace B. Callanan
Georgia Bar No. 909597
gcallanan@burr.com
COUNSEL FOR WELLS FARGO BANK, NATIONAL ASSOCIATION

171 17th Street NW
Suite 1100
Atlanta, Georgia 30363
Telephone:  (404) 815-3000
Facsimile:   (404) 817-3244