# EXHIBIT B

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04744-S2**
**7/11/2023 2:38 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| HARRY'S HOME RENOVATIONS, L.L.C.,    : | |
|          : | |
|       Plaintiff,      : | Civil Action No.    23-C-04744-S2 |
|          : | |
| v.          : | _____ |
|          : | |
| WELLS FARGO BANK, N.A.,      : | |
|          : | **JURY TRIAL DEMANDED** |
|       Defendant.    : | |
| _____ : | |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. Plaintiff, Harry's Home Renovations, L.L.C. (hereinafter "Harry's" or "Plaintiff") brings this action against Wells Fargo Bank, N.A. ("Wells Fargo") for violating Article 4A of the Uniform Commercial Code as enacted by the State of Georgia, Conversion, and negligence, for Wells Fargo's conduct in refusing to return funds taken from Plaintiff's account with actual knowledge that such funds were converted from Plaintiff's account without authorization.

### JURISDICTION, VENUE AND PARTIES

2. Plaintiff, Harry's Home Renovations, L.L.C., is a Georgia limited liability company registered with the Secretary of State of Georgia and is entitled to bring this action here.

3. Harry Kirchhoff ("Kirchhoff") is the Organizer of Harry's, its only principal, and manages the business operations of Harry's.

-1-

4.    Wells Fargo is a bank chartered under the laws of the United States with its principal office located at 101 N. Phillips Ave., Sioux Falls, SD 57104.

5.    Wells Fargo is a nationwide provider of banking and financial services and markets its services throughout the country, including the State of Georgia.

6.    Wells Fargo continually and systematically transacts business within this District, including multiple branch locations and ATMs.

7.    Because it is a national bank, Wells Fargo's branch locations are treated as if they were the "main office" of Wells Fargo. 12 U.S.C. § 36(f)(2).

8.    Wells Fargo is subject to the jurisdiction and venue of this court.

9.    Wells Fargo may be served by personal service upon its registered agent in Gwinnett County, Georgia, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

### FACTS COMMON TO ALL CAUSES

10.    Wells Fargo is a national banking association and a "Bank" as that term is defined by Georgia's enacted Uniform Commercial Code ("UCC"). *See* OCGA § 11-1-201(4).

11.    Harry's maintained a Wells Fargo Initiate Business Checking account ("Bank Account") that is the subject of this lawsuit.

12. Harry's also maintained a Wells Fargo Businessline Mastercard card ("Card Account") that is not the subject of this lawsuit but played a pivotal role in the acts complained of here.

13. Harry's had its Wells Fargo online account ("Online Account") hacked by unknown criminals.

14. After hacking into the Online Account, the fraudsters engaged in a series of unauthorized transactions, all part of the same scheme to defraud Harry's and steal its money.

15. The criminals first enacted cash advances from the Card Account to the Bank Account.

16. After the initial cash advances, the criminals wired $23,140.30 from Harry's Bank Account to a JPMorgan Chase Bank account owned by someone who has never done business with Harry's and is wholly unknown to Mr. Kirchhoff or Harry's.

17. Neither Harry's nor Mr. Kirchoff authorized these transactions or authorized anyone to engage in such transactions.

18. Mr. Kirchhoff became aware that there was suspicious activity due to a series of calls from a number that displayed on his caller ID as Wells Fargo where the caller identified themselves as being from Wells Fargo and notified Mr. Kirchhoff of fraudulent activity and sought verification of his identity.

19. While at least some of the calls came from the criminals involved in the scheme; others came from legitimate Wells Fargo employees or agents.

20. Because Mr. Kirchhoff could not be sure of the identity of inbound calls, he made an outbound call to Wells Fargo and reported the theft of Harry's money.

21. Additional unauthorized wire transfers were attempted but were deemed fraud by Wells Fargo and cancelled.

22. As a further measure, Mr. Kirchhoff also visited a Wells Fargo branch location to report the fraud.

23. Approximately two weeks later, Harry's received a letter from Wells Fargo denying his claim of fraud.

24. Harry's then sought the undersigned for counsel who sent additional letters to Wells Fargo demanding that the money be returned to it.

25. Shortly thereafter, the undersigned received letters from Wells Fargo again refusing to return the money to Harry's.

26. Defendant's actions were the direct and proximate cause of the harm sustained by Harry's.

27. At all times pertinent hereto, the conduct of Defendant was intentional, willful, reckless, and in gross disregard for Harry's rights and interests under the law.

28. Defendant had ample opportunity to correct course and adhere to its legal obligations to Harry's with more than sufficient information to determine that the transfers were the result of fraud, yet Defendant refused repeatedly with reckless disregard for the financial well-being of Harry's and the law.

29. Harry's has complied with all conditions precedent to bringing this action.

## CAUSES OF ACTION

## COUNT ONE: ARTICLE 4A, UNIFORM COMMERCIAL CODE

30. Article 4A of the Uniform Commercial Code governs all electronic funds transfers that are not covered by the Electronic Funds Transfer Act. OCGA §§ 11-4A-104 & 108.

31. Under Article 4A, "[a] payment order received by the receiving bank is the authorized order of the person identified as sender if that person authorized the order or is otherwise bound by it under the law of agency." OCGA § 11-4A-202(a).

32. Plaintiff did not authorize the fraudulent transfer order.

33. The criminals who initiated the transfer order lacked any authority, actual or apparent, to act as agent of Plaintiff.

34. Defendant did not act pursuant to any agreed security procedure.

35. In the alternative, any such procedure was not a commercially reasonable method of providing security against unauthorized payment orders.

36. Defendant did not accept the payment order in good faith.

37. Defendant was on notice that a criminal was attempting to access Plaintiff's account and facilitated the transfer anyway.

38.   Plaintiff notified Defendant of the unauthorized transfer the same day after such transfer, and Plaintiff continued frequent disputes and correspondence both within 90 days and afterwards.

39.   Plaintiff is entitled to a full and complete refund of the unauthorized transfer and interest on the refundable amount calculated from the date the bank received payment to the date of the refund. *See* OCGA § 11-4A-204.

40.   Defendant represented to Harry's that it believed the transfer was authorized when it, in fact, knew the transfer was not authorized.

41.   Defendant continuously and systematically refused to refund Harry's despite having actual knowledge that neither Harry's nor any individual authorized to act on its behalf, authorized the transfer and that Harry's was entitled to a refund.

42.   Defendant is aware of similar fraudulent schemes, such as the one perpetrated against Harry's, yet refuses refunds for unauthorized transfers until its customers retain counsel or contact a regulatory authority.

43.   Defendant has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense. Accordingly, Plaintiff is entitled to the expenses of litigation, including reasonable attorney fees pursuant to OCGA § 13-6-11.

## COUNT TWO: CONVERSION.

44.     In Georgia, "The owner of personalty is entitled to its possession. Any

deprivation of such possession is a tort for which an action lies." O.C.G.A. § 51-

10-1.

45.     "Conversion consists of an unauthorized assumption and exercise of the right of

ownership over personal property belonging to another, in hostility to his rights;

an act of dominion over the personal property of another inconsistent with his

rights; or an unauthorized appropriation." (quotation marks omitted) *Maryland*

*Cas. Ins. Co. v. Welchel*, 257 Ga. 259, 261 (1987) *citing Southern Express Co. v.*

*Sinclair*, 130 Ga. 372, 373.' *Wood v Frank Graham Co.*, 91 Ga.App. 621, 622 (1955).

Any distinct act of dominion wrongfully asserted over another's property in

denial of his right, or inconsistent with it, is a conversion. It is unnecessary to

show that the defendant applied it to his own use, if he exercised dominion over

it in defiance of the owner's right, or in a manner inconsistent with it. It is in law

a conversion whether it be for his own or any other's use. (cit)" (quotations

omitted) *Id.*

46.     "It is immaterial that such dominion was exercised in good faith, for 'Whoever

meddles with another's property, whether as principal or agent, does so at his

peril, and it makes no difference that in doing so he acts in good faith. (cit)" *Id.*

47.     "In order to establish a claim for conversion, the complaining party must show:

(1) title to the property or the right of possession, (2) actual possession in the

other party, (3) demand for return of the property, and (4) refusal by the other

party to return the property." *Trey Inman & Associates, P.C. v. Bank of Am., N.A.,* 306 Ga.App. 451, 457 (2010) *citing Internal Medicine Alliance v. Budell,* 20 Ga.App. 231, 239 (2008).

48.    Harry's had title to the funds in its Bank Account; Defendant wrongfully exercised dominion and took actual possession and control of Harry's funds by sending them to JPMorgan Chase Bank via a fraudulently initiated transfer; Defendant knew that such transfer was not authorized by Harry's or by anyone authorized to act on Harry's behalf; Harry's has demanded the return of the funds in its Bank Account on multiple occasions; Defendant knew that Harry's was entitled to its funds, and Defendant steadfastly refused to return the funds to Harry's Bank Account. Accordingly, Defendant is liable to Harry's for the conversion of its funds that were in its Bank Account.

49.    For the tort of conversion, Defendant is liable to Harry's for the funds it took plus actual, general, special, direct, and consequential damages in an amount to be determined by a jury. O.C.G.A. § 51-12-1.

50.    Defendant had repeated contacts with Harry's through Mr. Kirchhoff about the theft which provided several separate and distinct opportunities for Wells Fargo to return the stolen funds.

51.    Defendant forces its customers who are victims of crime to affirmatively take the action to sue them in order to recover obviously stolen funds that were clearly and demonstratively unauthorized by any reasonable person.

52.    These repeated and systemic failures and inadequacy in procedures and

employee training demonstrate aggravating circumstances in which Defendant

has conducted itself in reckless disregard for the financial well-being of Harry's;

likewise, Harry's is entitled to additional damages to deter Defendant from

repeating the trespass and to compensate it in an amount to be determined by a

jury. O.C.G.A. § 51-12-5.

53.    Defendant's actions showed willful misconduct, malice, fraud, wantonness,

oppression, and the entire want of care which would raise the presumption of

conscious indifference to Harry's consequences; accordingly, Defendant is liable

for punitive damages in an amount to be determined by a jury. O.C.G.A. § 51-12-

5.1.

54.    Defendant is further liable to Harry's for its expenses, including the costs of this

action and reasonable attorney fees. O.C.G.A. § 51-12-7.

### COUNT THREE: NEGLIGENCE

55.    In Georgia, the essential elements of negligence are:

> (1) A legal duty to conform to a standard of conduct raised
> by the law for the protection of others against unreasonable
> risks of harm; (2) a breach of this standard; (3) a legally
> attributable causal connection between the conduct and the
> resulting injury, and, (4) some loss or damage flowing to the
> plaintiff's legally protected interest as a result of the alleged
> breach of the legal duty.

*Heston v. Lilly*, 248 Ga.App. 856 (2001).

- 9 -

56. Defendant had a legal duty to conduct itself in a manner that does not impose an unreasonable risk of harm to Harry's from its money being stolen by criminals; Defendant breached that legal duty when it allowed the money to be stolen, failed to conduct an adequate investigation, failed to determine a blatant error, and failed to credit the money back to; Defendant is the legally attributable cause of this happening to Harry's; and Harry's suffered at least $23,140.30 in pecuniary damages alone.

57. Defendant's actions not only constitute negligence but gross negligence expressing a conscious indifference to the consequences to Harry's and an intentional disregard of its rights, knowingly and willfully disregarding them. *See Trotter v. Summerour*, 273 Ga.App. 263 (2005)

58. Due to Defendant's gross negligence, Harry's is entitled to recover its actual damages, general damages, punitive damages, and the expenses of litigation, including reasonable attorney fees.

59. Defendant has acted in bad faith, has been stubbornly litigious and caused the plaintiff unnecessary trouble and expense; accordingly, Harry's is entitled to recover its expenses of litigation, including reasonable attorney fees. O.C.G.A. § 13-6-11.

## COUNT FOUR: BREACH OF LEGAL DUTY

60. Georgia recognizes a right to recover damages due to a breach of an otherwise unspecified legal duty, specifically: "When the law requires a person to perform

an act for the benefit of another or to refrain from doing an act which may injure
another, although no cause of action is given in express terms, the injured party
may recover for the breach of such legal duty if he suffers damages." O.C.G.A. §
51-1-6.

61. Defendant breached its legal duty to prevent criminals from stealing Ms. Harry's
money from its Bank Account, to adequately investigate Harry's claim of fraud,
to provide required notices, to provide evidence and documents of its
investigation, and to credit its Bank Account when the only possible conclusion
from a good faith investigation was that the fraudulent transfer was not
authorized by Harry's, or by anyone with authority to act on its behalf, which
has caused it to lose $23,140.30 and suffer other damages.

62. Due to Defendant's breach of its legal duty to Harry's, notwithstanding any
other provision of law, Harry's is entitled to recover its actual damages, general
damages, punitive damages, and expenses of litigation including reasonable
attorney fees.

63. Defendant has acted in bad faith, has been stubbornly litigious and caused the
plaintiff unnecessary trouble and expense; accordingly, Harry's is entitled to
recover its expenses of litigation, including reasonable attorney fees. O.C.G.A. §
13-6-11.

## JURY TRIAL DEMAND

64. Harry's demands trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

65.   Harry's hereby demands that Defendant take affirmative steps to preserve all
      documents, recordings, data, payment logs, emails, wire transfer logs, phone
      records, dialer records, electronically stored information, and other information
      or things that relate to Harry's or Mr. Kirchhoff, the allegations and events
      described herein, any third party associated with such, and any account or
      number or symbol relating to any of them. These materials are very likely
      relevant to the litigation of this action.

66.   If Defendant is aware of any third party who has possession, custody, or control
      of any such materials, Harry's demands Defendant request that such third party
      also take steps to preserve the requested materials. This demand shall not be
      deemed to narrow the scope of any independent document preservation duties.


      WHEREFORE, Ms. Kirchhoff respectfully prays the Court enter judgment in Ms.
Kirchhoff's favor and against Defendant, as follows:

   a)  That Harry's be awarded actual damages, including without limitation, the
       $23,140.30 that was stolen and not recredited to its Bank Account, plus actual
       general damages;

   b)  That Harry's be awarded treble, exemplary, and punitive damages;

   c)  That Harry's be awarded reasonable attorney fees;

   d)  That Harry's be awarded its costs and expenses in the litigation; and

   e)  That the Court grant Harry's any such further relief as is just and proper.

Respectfully submitted,

SKAAR & FEAGLE, LLP

By:    */s/ Justin T. Holcombe*
        Justin T. Holcombe
        Georgia Bar No. 552100
        jholcombe@skaarandfeagle.com
        Kris Skaar
        Georgia Bar No. 649610
        kskaar@skaarandfeagle.com
        133 Mirramont Lake Drive
        Woodstock, GA 30189
        Telephone:   (770) 427-5600
        Facsimile:   (404) 601-1855

        Cliff R. Dorsen
        Georgia Bar No. 149254
        cdorsen@skaarandfeagle.com
        James M. Feagle
        Georgia Bar No. 256916
        jfeagle@skaarandfeagle.com
        Chelsea R. Feagle
        Georgia Bar No. 110863
        2374 Main Street, Suite B
        Tucker, GA 30084
        Telephone:   (404) 373-1970
        Facsimile:   (404) 601-1855

        *Attorneys for Plaintiff*

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04744-S2**
**7/11/2023 2:38 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

HARRY'S HOME RENOVATIONS, L.L.C.,  :
c/o Skaar & Feagle, LLP                        :
133 Mirramont Lake Drive                   :
Woodstock, GA 30189                        :
                              :
      Plaintiff,                                  :
                              :      CIVIL ACTION FILE
v.                                                        :          23-C-04744-S2
                              :   No. _____
WELLS FARGO BANK, N.A.,                :
c/o Corporation Service Company        :
2 Sun Court, Suite 400                          :
Peachtree Corners, Georgia 30092        :
                              :
      Defendant.                               :
_____ :

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

    You are hereby summoned and required to file with the CLERK of the State Court of Gwinnett County, 75 Langley Drive, Lawrenceville, GA 30046, and serve upon the Plaintiff's attorney, to wit, whose name and address is:

Justin Tharpe Holcombe
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This   _____
    11th day of July, 2023 (Date)

*Kellymileillaiso*

Deputy  _____
             Clerk
             State Court of Gwinnett County

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04744-S2**
**7/11/2023 2:38 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

HARRY'S HOME RENOVATIONS, L.L.C.,          :
c/o Skaar & Feagle, LLP                           :
133 Mirramont Lake Drive                          :
Woodstock, GA 30189                               :
                                                  :
            Plaintiff,                            :
                                                  :   CIVIL ACTION FILE
v.                                                :
                                                  :        23-C-04744-S2
                                                  :   No. _____
WELLS FARGO BANK, N.A.,                           :
c/o Corporation Service Company                   :
2 Sun Court, Suite 400                            :
Peachtree Corners, Georgia 30092                  :
                                                  :
            Defendant.                            :
                                                  :

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of the State Court of Gwinnett County, 75 Langley Drive, Lawrenceville, GA 30046, and serve upon the Plaintiff's attorney, to wit, whose name and address is:

Justin Tharpe Holcombe
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This     _____
11th day of July, 2023                (Date)

_Kellymcallaso_

Deputy  _____
        Clerk
        State Court of Gwinnett County

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04744-S2**

7/11/2023 2:38 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☒ **State Court of** Gwinnett State Court _____ **County**

| | |
|---|---|
| **For Clerk Use Only** | |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | **23-C-04744-S2** |

**Plaintiff(s)**
Harry's Home Renovations, L.L.C.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Wells Fargo Bank, N.A.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Justin Tharpe Holcombe _____ **State Bar Number** 552100 _____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Civil Action No. __23-C-04744-S2__

Date Filed __7/11/23__

Magistrate Court ☐
Superior Court ☐
State Court ☑
Georgia, Gwinnett County

Harry's Home Renovations, L.L.C.

**Plaintiff**

VS.

Wells Fargo Bank, N.A.

**Defendant**

Attorney's Address

Justin Tharpe Holcombe
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

Name and Address of party to be served.
Wells Fargo Bank, N.A.
C/O Registered Agent, to wit:
Corporation Service Company
2 Sun Court, Suite 400

Peachtree Corners GA 30092

**Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**Notorious** ☐

I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at
the residence of defendant.

**Corporation** ☐

Served the defendant __Wells Fargo Bank, N.A.__ a corporation

by leaving a copy of the within action and summons with __Alisha Smith__
in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This __20__ day of __July__, 20 __23__.

_____ Sgt. Collins SO 500
**Deputy**

Sheriff Docket _____ Page _____

**Gwinnett County, Georgia**

WHITE: Clerk    CANARY: Plaintiff / Attorney    PINK: Defendant

SC-2 Rev.3.13

Civil Action No. _23-C-06746-S2_

Date Filed _7/11/23_

| Magistrate Court | ☐ |
| Superior Court | ☐ |
| State Court | ☐ |

**Georgia, Gwinnett County**

_Harris Home Renovations LLC_

_____ **Plaintiff**

Attorney's Address

_Justin Tharpe Holcombe_
_Skaar & Feagle, LLP_
_133 Mirramont Lake Drive_
_Woodstock, GA 30189_

VS.

_Wells Fargo Bank N.A._

_____ **Defendant**

Name and Address of party to be served.

_Wells Fargo Bank N.A._
_C/O Registered Agent Town_
_Corporation Service Company_
_2 Sun Court Suite 400_
_Peachtree Corners, GA 30092_

_____ **Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**Corporation** ☐ Served the defendant _Wells Fargo Bank N.A._ a corporation by leaving a copy of the within action and summons with _Alisha Smith_ in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This ___20___ day of ___July___, 20___23___

_Sgt. Collins SO 500_
**Deputy**

Sheriff Docket_____ Page_____

**Gwinnett County, Georgia**

WHITE:  Clerk          CANARY:  Plaintiff / Attorney          PINK:  Defendant

SC-2 Rev.3.13