IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMAAL BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>6400 OAKLEY ROAD, LLC; ASDEN (US), INC.; ASDEN MANAGEMENT, LLC; and ASDEN MANAGEMENT II, LLC,<br><br>    Defendants. | Civil Action File No. _____ |

## NOTICE OF REMOVAL

**COME NOW**, Defendants 6400 Oakley Road (hereinafter, "6400 Oakley"), LLC; Asden (US), Inc. (hereinafter, "Asden"); Asden Management, LLC (hereinafter, "Asden Management"); and Asden Management II, LLC (hereinafter, "Asden Management II"); (6400 Oakley, Asden, Asden Management, and Asden Management II hereinafter collectively, "Defendants"), named Defendants in the above-styled action, and petition this Court for removal of the action herein from the State Court of Fulton County to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully show the Court as follows:

1

1.

Plaintiff Jamaal Brown (hereinafter, "Plaintiff") filed a civil action in the State Court of Fulton County which is styled as follows: *Jamaal Brown v. 6400 Oakley Road, LLC; Asden (US), Inc.; Asden Management, LLC; and Asden Management II, LLC,* Civil Action File No. 23EV004428. (True and correct copies of all process and pleadings received by counsel for Defendants in such action are attached hereto as "Exh. A"). Defendants are filing their Answer and Affirmative Defenses to Plaintiff's Complaint for Damages (the "Complaint") contemporaneously herewith, within the time permitted by Rule 81(c) of the Federal Rules of Civil Procedure.

2.

Plaintiff filed his Complaint in the State Court of Fulton County on July 25, 2023. (*See* Pl.'s Compl., *generally*).

3.

The incident that forms the basis of Plaintiff's Complaint occurred in Fulton County, Georgia. (Pl.'s Compl., ¶ 6).

4.

This removal is timely because it has been filed within thirty (30) days after receipt by Defendants, through service or otherwise, a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based.

5.

Plaintiff is a citizen of the State of Georgia. (Pl.'s Compl., ¶ 1).

6.

Asden is a foreign for-profit corporation organized and existing under the laws of the State of Delaware, with its principal business address located at 2431 Atlantic Avenue, Suite 1, Manasquan, New Jersey. (A true and correct copy of Asden's 2023 Annual Registration filed with the Georgia Secretary of State's office is attached hereto as "Exh. B").

7.

6400 Oakley is a foreign limited liability company organized and existing under the laws of the State of Delaware. (A true and correct copy of 6400 Oakley's 2023 Annual Registration filed with the Georgia Secretary of State's office is attached hereto as "Exh. C"). The sole member of 6400 Oakley is Asden. As noted above, Asden is a foreign for-profit corporation organized under the law of the State of Delaware, with its principal business address located in the State of New Jersey. Thus, for purposes of diversity jurisdiction under 28 U.S.C. §1332, 6400 Oakley is deemed a citizen of the States of Delaware and New Jersey. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

8.

Asden Management is a foreign limited liability company organized and existing under the laws of the State of Delaware. (A true and correct copy of Asden Managment's 2023 Annual Registration filed with the Georgia Secretary of State's office is attached hereto as "Exh. D"). The sole member of Asden Management is Asden. As noted above, Asden is a foreign for-profit corporation organized under the law of the State of Delaware, with its principal business address located in the State of New Jersey. Thus, for purposes of diversity jurisdiction under 28 U.S.C. §1332, Asden Management is deemed a citizen of the States of Delaware and New Jersey. *Id*.

9.

Asden Management II is a foreign limited liability company organized and existing under the laws of the State of Florida. (A true and correct copy of Asden Management II's 2023 Annual Registration filed with the Georgia Secretary of State's office is attached hereto and made a part hereof as "Exh. E"). The sole member of Asden Management II is Asden. As noted above, Asden is a foreign for-profit corporation organized under the law of the State of Delaware, with its principal business address located in the State of New Jersey. Thus, for purposes of diversity

jurisdiction under 28 U.S.C. §1332, Asden Management II is deemed a citizen of the States of Delaware and New Jersey. *Id*.

10.

Plaintiff's Complaint alleges that he, one of several individuals allegedly injured in a fire that occurred on July 29, 2021, at the Summit Apartment Homes, located at 6350 Oakley Road in Union City, Georgia, sustained personal injuries and damages as a result of the fire (including, "severe burns to his body" and "severe injuries as a result of jumping off the balcony to avoid the [f]ire"). (Pl.'s Compl., ¶¶ 15-20).

11.

Given the nature of the damages Plaintiff alleges in the Complaint, including but not limited to, the allegation that he has suffered personal injuries that will require future medical treatment, the Complaint's demand for punitive damages and attorney's fees, and the Complaint's open-ended demand for damages to be proven at trial, the amount in controversy, exclusive of interest and costs, between Plaintiff and Defendants ostensibly exceeds $75,000. (*See* Pl.'s Compl., *generally*). Moreover, it is known from a related declaratory judgment action (i.e., a case styled: *Century Surety Company v. 6400 Oakley Road, LLC; Asden (US), Inc.; Asden Management, LLC; Asden Management II, LLC; Jamaal Brown; Nikeshia Fannin;*

*and State Farm Fire and Casualty Company*; Civil Action File No. 1:22-cv-04010-VMC) that Plaintiff admits the amount in controversy in this dispute exceeds $75,000. (*See* Pl.'s Answer to Century Sur. Co.'s Compl. for Decl. J. and Cross-cl., p. 22, ¶ 2, attached hereto as "Exh. F").

12.

Thus, by the preponderance of the evidence, the amount in controversy exceeds $75,000 and satisfies the jurisdictional amount in dispute requirements for removal to this Court. 28 U.S.C. 1446(c)(2)(B); see also *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine… whether the face of a complaint ... establishes the jurisdictional amount.") (citations omitted).

13.

Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441 because: (1) complete diversity exists between the named parties to this action; and (2) the amount in controversy exceeds $75,000.

14.

By service of a copy of this Notice of Removal, as evidenced by the Certificate of Service attached hereto, Defendants hereby give notice of such removal to Plaintiff as required by 28 U.S.C. § 1446.

15.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Fulton County as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants pray that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, that this Court take cognizance and jurisdiction over this claim from the State Court of Fulton County, and that this action proceeds as removed and under this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

Respectfully submitted, this 18th day of August, 2023.

**DREW ECKL & FARNHAM, LLP**

/s/ *Michael L. Miller*
Michael L. Miller
Georgia Bar No. 508011
William J. Martin
Georgia Bar No. 387464
Jack D. Summer
Georgia Bar No. 561871

*Attorneys for Defendants*

303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Email:  MillerM@deflaw.com
         MartinW@deflaw.com
         SummerJ@deflaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JAMAAL BROWN,<br><br>       Plaintiff,<br><br>v.<br><br>6400 OAKLEY ROAD, LLC; ASDEN (US), INC.; ASDEN MANAGEMENT, LLC; and ASDEN MANAGEMENT II, LLC,<br><br>       Defendants. | Civil Action File No. _____ |

**<u>CERTIFICATE OF SERVICE AND COMPLIANCE
WITH LOCAL RULE 5.1</u>**

I HEREBY CERTIFY, that I have this day filed the **NOTICE OF REMOVAL** with the Clerk of Court, using the CM/ECF system and served a copy of the foregoing upon to the following counsel of record:

William M. Compton<br>
Morgan and Morgan<br>
200 Stephenson Avenue, Suite 200<br>
Savannah, Georgia 31405<br>
mcompton@forthepeople.com

I further certify that the foregoing has been prepared with Times New Roman, 14-point font, in compliance with L.R. 5.1, N.D. Ga.

Respectfully submitted, this 18th day of August, 2023.

                                  **DREW ECKL & FARNHAM, LLP**

| | |
|---|---|
| 303 Peachtree Street NE, Suite 3500 | /s/ *Michael L. Miller* |
| Atlanta, Georgia 30308 | Michael L. Miller |
| Telephone: (404) 885-1400 | Georgia Bar No. 508011 |
| Email: MillerM@deflaw.com | |
| | *Attorneys for Defendants* |

9