State Court of Fulton County
**E-FILED**
23EV004428
8/18/2023 12:24 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE COURT OF GEORGIA

| | |
|---|---|
| JAMAAL BROWN, | |
| Plaintiff, | |
| v. | Civil Action File No. 23EV004428 |
| 6400 OAKLEY ROAD, LLC; ASDEN (US), INC.; ASDEN MANAGEMENT, LLC; and ASDEN MANAGEMENT II, LLC, | |
| Defendants. | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**COME NOW**, Defendants 6400 Oakley Road (hereinafter, "6400 Oakley"), LLC; Asden (US), Inc. (hereinafter, "Asden"); Asden Management, LLC (hereinafter, "Asden Management"); and Asden Management II, LLC (hereinafter, "Asden Management II"); (6400 Oakley, Asden, Asden Management, and Asden Management II hereinafter collectively, "Defendants"), and file this, thier Answer and Affirmative Defenses to Plaintiff Jamaal Brown's (hereinafter, "Plaintiff") Complaint for Damages (the "Complaint"), showing the Court as follows:

### FIRST DEFENSE

Pending additional investigation and discovery, Plaintiff's Complaint fails to state a claim against some or all of the Defendants upon which relief may be granted.

### SECOND DEFENSE

Pending additional investigation and discovery, Plaintiff's claims may be barred or reduced pursuant to the failure of Plaintiff to exercise ordinary care for his own safety.

## THIRD DEFENSE

Pending additional investigation and discovery, Defendants state that Plaintiff's alleged injuries and damages were caused or contributed to by Plaintiff's actions.

## FOURTH DEFENSE

Defendants breached no duty owed to Plaintiff.

## FIFTH DEFENSE

Pending additional investigation and discovery, Plaintiff may not recover against Defendants to the extent Plaintiff's alleged injuries and damages of were caused by acts of God.

## SIXTH DEFENSE

Plaintiff may not recover against Defendants because no act or omission of Defendants was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

## SEVENTH DEFENSE

Pending further investigation and discovery, Defendants assert the defenses of contributory and comparative negligence. Defendants deny that Defendants or Defendants' agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

## EIGHTH DEFENSE

Plaintiff may not recover against Defendants due to Plaintiff's equal or superior knowledge of any condition which he alleges resulted in this event.

## NINTH DEFENSE

Pending additional investigation and discovery, Defendants had no actual or constructive knowledge of any alleged dangerous or hazardous condition which allegedly caused Plaintiff's injuries and damages.

**TENTH DEFENSE**

Defendants deny any and all allegations regarding negligent inspection installation, repair, maintenance, use, testing and/or failure to warn.

**ELEVENTH DEFENSE**

Plaintiff's damages must be reduced to the extent Plaintiff has failed to properly mitigate his damages.

**TWELFTH DEFENSE**

Plaintiff's medical expenses must be reduced to the extent they exceed reasonable and customary amounts.

**THIRTEENTH DEFENSE**

Plaintiff's damages must be reduced to the extent his alleged injuries are the result of pre-existing injuries or otherwise unrelated conditions.

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

**FIFTEENTH DEFENSE**

In the event any benefits have been paid by or on behalf of Defendants, Defendants are entitled to a setoff against any verdict for the amount of benefits paid.

**SIXTEENTH DEFENSE**

Any damages awarded to Plaintiff should be reduced proportionally based upon the negligence of Plaintiff, if any, and/or other unnamed responsible parties, pursuant to O.C.G.A. § 51-12-33.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint fails to plead any facts that would support a claim for punitive damages. However, notwithstanding the foregoing, Defendants deny that they acted in any manner so as to entitle Plaintiff to an award of punitive or exemplary damages.

## EIGHTEENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia, and therefore, fails to state a cause of action and set forth a claim upon which relief can be granted.

## NINETEENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates Defendants' right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## TWENTIETH DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

## TWENTY-FIRST DEFENSE

To the extent Plaintiff makes any claims sounding in professional negligence against Defendants, those claims are barred by Plaintiff's failure to comply with conditions precedent under O.C.G.A. § 9-11-9.1.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for negligent infliction of emotional distress is improper and must be dismissed.

## TWENTY-THIRD DEFENSE

Plaintiff is not entitled to attorney's fees, expenses, post-judgment interest, or pre-judgment interest under the facts of this case.  Further, Defendants preserve all rights against Plaintiff to the extent these claims are asserted without any justifiable basis in fact or law.

## TWENTY-FOURTH DEFENSE

Pending further investigation and discovery, Defendants reserve the right to assert all applicable affirmative defenses provided and/or available under the Georgia Civil Practice Act.

## TWENTY-FIFTH DEFENSE

Defendants respond to the specific allegations contained in Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Defendants lack sufficient knowledge or information as to the truth of the allegations contained within Paragraph 1 of Plaintiff's Complaint and, as a result, are unable to admit or deny same.

2.

Defendants admit the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

Defendants admit the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

Defendants admit the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

Defendants admit the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

The first sentence of Paragraph 6 of Plaintiff's Complaint is denied as pled. The remainder of Paragraph 6 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this Court. Defendants deny any allegations or implications of breach of duty.

7.

Paragraph 7 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants admit the allegations contained within Paragraph 7 of Plaintiff's Complaint. Defendants deny any allegations or implications of breach of duty.

8.

The first sentence of Paragraph 8 of Plaintiff's Complaint is denied as pled. The remainder of Paragraph 8 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants admit that this Court has personal jurisdiction over Defendants. Defendants deny any allegations or implications of breach of duty.

## **FACTUAL BACKGROUND**

9.

Defendants admit that Defendant 6400 Oakley owns the subject apartment complex located at 6350 Oakley Road in Union City, Georgia (the "Property"), and that Asden Management and

Asden Management II manage the Property pursuant to the terms and conditions of the Property Management Agreement. Defendants deny as pled the remaining allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

Upon information and belief, Defendants admit the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

Defendants admit the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

Defendants lack sufficient knowledge or information as to the truth of the allegations contained within Paragraph 12 of Plaintiff's Complaint and, as a result, are unable to admit or deny same.

13.

Defendants lack sufficient knowledge or information as to the truth of the allegations contained within Paragraph 13 of Plaintiff's Complaint and, as a result, are unable to admit or deny same.

14.

Defendants lack sufficient knowledge or information as to the truth of the allegations contained within Paragraph 14 of Plaintiff's Complaint and, as a result, are unable to admit or deny same.

15.

Defendants lack sufficient knowledge or information as to the truth of the allegations contained within Paragraph 15 of Plaintiff's Complaint and, as a result, are unable to admit or deny same.

16.

Defendants deny the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.

Defendants deny the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

Defendants deny the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

Defendants submit any duties owed to Plaintiff are established as a matter of law. Defendants deny any allegations or implications of breach of duty.

21.

Defendants deny as pled the allegations contained within Paragraph 21 of Plaintiff's Complaint.

## **COUNTS**

## **COUNT I - NEGLIGENCE**

22.

Defendants restate and incorporate, as if fully set forth herein, their responses to the allegations contained within Paragraphs 1-21 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

Defendants submit any duties owed to Plaintiff are established as a matter of law. Defendants deny any allegations or implications of breach of duty.

26.

Defendants deny the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27.

Defendants deny the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.

Defendants deny the allegations contained within Paragraph 28 of Plaintiff's Complaint.

## <u>COUNT II – NEGLIGENT FAILURE TO WARN</u>

29.

Defendants restate and incorporate, as if fully set forth herein, their responses to the allegations contained within Paragraphs 1-28 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny as pled the allegations contained within Paragraph 31 of Plaintiff's Complaint. Further responding, Defendants submit any duties owed to Plaintiff are established as a matter of law.

32.

Defendants deny the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

Defendants deny the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

Defendants deny the allegations contained within Paragraph 34 of Plaintiff's Complaint.

## COUNT III – GROSS NEGLIGENCE

35.

Defendants restate and incorporate, as if fully set forth herein, their responses to the allegations contained within Paragraphs 1-34 of Plaintiff's Complaint.

36.

Defendants submit any duties owed to Plaintiff are established as a matter of law. Defendants deny any allegations or implications of breach of duty.

37.

Defendants deny the allegations contained within Paragraph 37 of Plaintiff's Complaint.

38.

Defendants deny the allegations contained within Paragraph 38 of Plaintiff's Complaint.

39.

Defendants deny the allegations contained within Paragraph 39 of Plaintiff's Complaint.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

40.

Defendants restate and incorporate, as if fully set forth herein, their responses to the allegations contained within Paragraphs 1-39 of Plaintiff's Complaint.

41.

Defendants deny the allegations contained within Paragraph 41 of Plaintiff's Complaint.

42.

Defendants deny the allegations contained within Paragraph 42 of Plaintiff's Complaint.

43.

Defendants lack sufficient knowledge or information as to the truth of the allegations contained within Paragraph 43 of Plaintiff's Complaint and, as a result, are unable to admit or deny same.

44.

Defendants deny the allegations contained within Paragraph 44 of Plaintiff's Complaint.

## COUNT V – NEGLIGENCE *PER SE*

45.

Defendants restate and incorporate, as if fully set forth herein, their responses to the allegations contained within Paragraphs 1-44 of Plaintiff's Complaint.

46.

Defendants deny as pled the allegations contained within Paragraph 46 of Plaintiff's Complaint. Further responding, Defendants submit any duties owed to Plaintiff are established as a matter of law. Defendants deny any allegations or implications of breach of duty.

47.

Paragraph 47 of Plaintiff's Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants submit any duties owed to Plaintiff are established as a matter of law. Defendants deny any allegations or implications of breach of duty.

48.

Defendants deny the allegations contained within Paragraph 48 of Plaintiff's Complaint.

49.

Defendants deny the allegations contained within Paragraph 49 of Plaintiff's Complaint.

50.

Defendants deny the allegations contained within Paragraph 50 of Plaintiff's Complaint.

## COUNT VI – PUNITIVE DAMAGES

51.

Defendants restate and incorporate, as if fully set forth herein, their responses to the allegations contained within Paragraphs 1-50 of Plaintiff's Complaint.

52.

Defendants deny the allegations contained within Paragraph 52 of Plaintiff's Complaint.

## COUNT VII – EXPENSES OF LITIGATION

53.

Defendants restate and incorporate, as if fully set forth herein, their responses to the allegations contained within Paragraphs 1-52 of Plaintiff's Complaint.

54.

Defendants deny the allegations contained within Paragraph 54 of Plaintiff's Complaint.

55.

Defendants deny the allegations contained within Paragraph 55 of Plaintiff's Complaint.

## DAMAGES

56.

Defendants restate and incorporate, as if fully set forth herein, their responses to the

allegations contained within Paragraphs 1-55 of Plaintiff's Complaint.

57.

Defendants deny the allegations contained within Paragraph 57 of Plaintiff's Complaint, including subparts (a) through (i) contained therein.

58.

Defendants deny the allegations contained within Paragraph 58 of Plaintiff's Complaint.

59.

Defendants deny the allegations contained within Paragraph 59 of Plaintiff's Complaint. Further responding, Defendants submit O.C.G.A. § 51-12-33 has virtually abrogated joint and several liability in Georgia.

60.

Defendants deny the allegations contained within Paragraph 60 of Plaintiff's Complaint.

61.

In response to Plaintiff's prayer for relief located immediately after Paragraph 60 of Plaintiff's Complaint, Defendants deny the allegations contained therein (excluding subpart (d) only), and specifically deny any and all liability to Plaintiff.

62.

Defendants deny each and every allegation contained in Plaintiff's Complaint not herein expressly or specifically admitted.

63.

Defendants demand a trial by a jury as to all issues set forth in Plaintiff's Complaint which are not subject to dismissal and/or summary adjudication.

**WHEREFORE**, having responded to Plaintiff's Complaint, Defendants request that said Complaint be dismissed, that judgment be entered in favor of Defendants, and that Defendants be discharged without costs.

Respectfully submitted, this 18th day of August, 2023.

DREW ECKL & FARNHAM, LLP

/s/ Michael L. Miller
Michael L. Miller
Georgia Bar No. 508011
William J. Martin
Georgia Bar No. 387464
Jack D. Summer
Georgia Bar No. 561871
*Attorneys for Defendants*

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
MillerM@deflaw.com
MartinW@deflaw.com
SummerJ@deflaw.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE COURT OF GEORGIA**

JAMAAL BROWN,

     Plaintiff,

v.

6400 OAKLEY ROAD, LLC; ASDEN
(US), INC.; ASDEN MANAGEMENT,
LLC; and ASDEN MANAGEMENT II,
LLC,

     Defendants.

Civil Action File No. 23EV004428

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify I have served a copy of the *DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES* upon all counsel of record through the Court's electronic filing system addressed as follows:

William M. Compton
Morgan and Morgan
200 Stephenson Avenue, Suite 200
Savannah, Georgia 31405
mcompton@forthepeople.com

Respectfully submitted, this 18th day of August, 2023.

**DREW ECKL & FARNHAM, LLP**

<u>/s/ Michael L. Miller</u>
Michael L. Miller
Georgia Bar No. 508011
*Attorneys for Defendants*

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
MillerM@deflaw.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV004428**
**8/2/2023 12:09 PM**
**Donald Talley, Clerk**
**Civil Division**

## **AFFIDAVIT OF SERVICE**

**State of Georgia**                **County of Fulton**                **State Court**

Case Number: 23EV004428

Plaintiff:
**JAMAAL BROWN**

vs.

Defendant:
**6400 OAKLEY ROAD, LLC; ASDEN (US), INC.; ET AL.**

LIN2023033668

For:
W. Maxwell Compton
Morgan & Morgan, P.A.
25 Bull Street
Suite 400
Savannah, GA 31401

Received by Lynx Legal Services, LLC on the 27th day of July, 2023 at 12:10 pm to be served on **6400 Oakley Road, LLC c/o First Corporate Solutions, Registered Agent, 900 Old Roswell Road, Suite 310, Roswell, GA 30076**

I, Jason Garmon, being duly sworn, depose and say that on the **28th day of July, 2023** at **10:08 am, I:**

served an **LLC, LP or LLP** by delivering a true copy of the **Summons and Complaint for Damages** with the date and hour of service endorsed thereon by me, to: **Elise Buell** as Intake at R/A Office of **6400 Oakley Road, LLC**, at the address of: **900 Old Roswell Road, Suite 310, Roswell, GA 30076**, and informed said person of the contents therein, in compliance with F.S. 48.061 and F.S. 48.062.

**Description** of Person Served: Age: 45 to 50, Sex: F, Race/Skin Color: Caucasian, Height: 5'5" to 5'8", Weight: 140 to 145, Hair: Blonde, Glasses: N, Eyes: Hazel

I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the penalty of perjury, I declare that I have read the foregoing proof of service, and I attest that the facts stated in it are true.

Subscribed and Sworn to before me by means of [X] Physical Presence or [ ] Online Notarization on the 28 day of _____, 2023 by the affiant who is personally known to me

_____
NOTARY PUBLIC

_____
**Jason Garmon**
Process Server

**Lynx Legal Services, LLC**
201 E. Pine Street
Suite 740
Orlando, FL 32801
(407) 872-0707

Our Job Serial Number: LIN-2023033668
Ref: 11880785

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV004428**
**8/2/2023 12:09 PM**
**Donald Talley, Clerk**
**Civil Division**

## AFFIDAVIT OF SERVICE

State of Georgia                            **County of Fulton**                            State Court

Case Number: 23EV004428

Plaintiff:
**JAMAAL BROWN**

vs.

Defendant:
**6400 OAKLEY ROAD, LLC; ASDEN (US), INC.; ET AL.**

For:
W. Maxwell Compton
Morgan & Morgan, P.A.
25 Bull Street
Suite 400
Savannah, GA 31401

LIN2023033670

Received by Lynx Legal Services, LLC on the 27th day of July, 2023 at 12:10 pm to be served on **Asden Management, LLC c/o First Corporate Solutions, Registered Agent, 900 Old Roswell Road, Suite 310, Roswell, GA 30076**

I, Jason Garmon, being duly sworn, depose and say that on the **28th day of July, 2023** at **10:11 am, I:**

served an **LLC, LP or LLP** by delivering a true copy of the **Summons and Complaint for Damages** with the date and hour of service endorsed thereon by me, to: **Elise Buell** as **Intake at R/A Office** of Asden Management, LLC, at the address of: **900 old Roswell, Suite 310, Roswell, GA 30076**, and informed said person of the contents therein, in compliance with F.S. 48.061 and F.S. 48.062.

**Description** of Person Served: Age: 45 to 50, Sex: F, Race/Skin Color: Caucasian, Height: 5'4" to 5'8", Weight: 140 to 145, Hair: Blonde, Glasses: N, Eyes: Green

I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the penalty of perjury, I declare that I have read the foregoing proof of service, and I attest that the facts stated in it are true.

Subscribed and Sworn to before me by means of [ ] Physical
Presence or [ ] Online Notarization on the ___ day of
_____ ____ by the affiant who is personally
known to me.

NOTARY PUBLIC

**Jason Garmon**
Process Server

**Lynx Legal Services, LLC**
**201 E. Pine Street**
**Suite 740**
**Orlando, FL 32801**
**(407) 872-0707**

Our Job Serial Number: LIN-2023033670
Ref: 11880785

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV004428**
**8/2/2023 12:09 PM**
**Donald Talley, Clerk**
**Civil Division**

## **AFFIDAVIT OF SERVICE**

State of Georgia                              **County of Fulton**                              State Court

Case Number: 23EV004428

Plaintiff:
**JAMAAL BROWN**

vs.

Defendant:
**6400 OAKLEY ROAD, LLC; ASDEN (US), INC.; ET AL.**

LIN2023033671

For:
W. Maxwell Compton
Morgan & Morgan, P.A.
25 Bull Street
Suite 400
Savannah, GA 31401

Received by Lynx Legal Services, LLC on the 27th day of July, 2023 at 12:10 pm to be served on **Asden Management II, LLC c/o First Corporate Solutions, Registered Agent, 900 Old Roswell Road, Suite 310, Roswell, GA 30076**

I, Jason Garmon, being duly sworn, depose and say that on the **28th day of July, 2023** at **10:10 am, I:**

served an **LLC, LP or LLP** by delivering a true copy of the **Summons and Complaint for Damages** with the date and hour of service endorsed thereon by me, to: **Elise Buell** as Intake at R/A Office of Asden Management II, LLC, at the address of: **900 Old Roswell Road, Suite 310, Roswell, GA 30076**, and informed said person of the contents therein, in compliance with F.S. 48.061 and F.S. 48.062.

**Description** of Person Served: Age: 45 to 50, Sex: F, Race/Skin Color: Caucasian, Height: 5'4" to 5'8", Weight: 140 to 145, Hair: Blonde, Glasses: N, Eyes: Green

I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the penalty of perjury, I declare that I have read the foregoing proof of service, and I attest that the facts stated in it are true.

Subscribed and Sworn to before me by means of [X] Physical
Presence or [ ] Online Notarization on the _28_ day of
_July_, _2023_ by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

**Jason Garmon**
Process Server

**Lynx Legal Services, LLC**
**201 E. Pine Street**
**Suite 740**
**Orlando, FL 32801**
**(407) 872-0707**

Our Job Serial Number: LIN-2023033671
Ref: 11880785

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV004428**
**8/2/2023 12:09 PM**
**Donald Talley, Clerk**
**Civil Division**

## **AFFIDAVIT OF SERVICE**

State of Georgia                         **County of Fulton**                         **State Court**

Case Number: 23EV004428

Plaintiff:
**JAMAAL BROWN**

vs.

Defendant:
**6400 OAKLEY ROAD, LLC; ASDEN (US), INC.; ET AL.**

For:
W. Maxwell Compton
Morgan & Morgan, P.A.
25 Bull Street
Suite 400
Savannah, GA 31401

Received by Lynx Legal Services, LLC on the 27th day of July, 2023 at 12:10 pm to be served on **Asden (US), Inc. c/o First Corporate Solutions, Registered Agent, 900 Old Roswell Road, Suite 310, Roswell, GA 30076**

I, Jason Garmon, being duly sworn, depose and say that on the **28th day of July, 2023** at **10:12 am, I:**

**CORPORATE** served by delivering a true copy of the **Summons and Complaint for Damages** with the date and hour of service endorsed thereon by me, to: **Elise Buell** as **Intake at R/A Office** for **Asden (US), Inc.**, at the address of: **900 Old Roswell Road, Suite 310, Roswell, GA 30076**, and informed said person of the contents therein, in compliance with F.S. 48.081

**Description** of Person Served: Age: 45 to 50, Sex: F, Race/Skin Color: Caucasian, Height: 5'4" to 5'9", Weight: 140 to 145, Hair: Blonde, Glasses: N, Eyes: Green

I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the penalty of perjury, I declare that I have read the foregoing proof of service, and I attest that the facts stated in it are true.

Subscribed and Sworn to before me by means of [ ] Physical Presence or [ ] Online Notarization on the _7-8_ day of
_July_, _2024_ by the affiant who is personally known to me.

NOTARY PUBLIC

**Jason Garmon**
Process Server

**Lynx Legal Services, LLC**
201 E. Pine Street
Suite 740
Orlando, FL 32801
(407) 872-0707

Our Job Serial Number: LIN-2023033669
Ref: 11880785

LIN2023033669

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r

State Court of Fulton County
**E-FILED**
23EV004428
7/26/2023 6:15 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: 23EV004428

Jamaal Brown
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

6400 Oakley Road, LLC; Asden (US), Inc.
Asden Management, LLC
Asden   Management II   LLC
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT: 6400 Oakley Road, LLC
  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:
Name: Max Compton, Esq.
Address: 200 Stephenson Ave., Suite 200
City, State, Zip Code: Savannah, GA 31405          Phone No.: 912-443-1017

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
 Served, this _____ day of _____, 20_____.     _____
                                                                                                      DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV004428
7/26/2023 6:15 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: 23EV004428

Jamaal Brown

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

6400 Oakley Road, LLC; Asden (US), Inc.

Asden Management, LLC

Asden    Management II   LLC

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT: Asden Management, LLC
   You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:
Name: Max Compton, Esq.
_____
Address: 200 Stephenson Ave., Suite 200
_____
City, State, Zip Code: Savannah, GA 31405                     Phone No.: 912-443-1017

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
   Served, this _____ day of _____, 20_____.        _____
                                                                                        DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV004428
7/26/2023 6:15 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: 23EV004428

Jamaal Brown

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

6400 Oakley Road, LLC; Asden (US), Inc.

Asden Management, LLC

Asden   Management II   LLC

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT: Asden Management II, LLC

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Max Compton, Esq.

Address: 200 Stephenson Ave., Suite 200

City, State, Zip Code: Savannah, GA 31405        Phone No.: 912-443-1017

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV004428
7/26/2023 6:15 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: 23EV004428

Jamaal Brown

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

6400 Oakley Road, LLC; Asden (US), Inc.

Asden Management, LLC

Asden    Management II   LLC

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT: Asden (US), Inc.

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Max Compton, Esq.

Address: 200 Stephenson Ave., Suite 200

City, State, Zip Code: Savannah, GA 31405          Phone No.: 912-443-1017

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. **If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.          _____
                                                                     DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV004428
7/25/2023 9:54 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**JAMAAL BROWN,**

        **Plaintiff,**

**v.**

**6400 OAKLEY ROAD, LLC; ASDEN (US),
INC.; ASDEN MANAGEMENT, LLC;
ASDEN MANAGEMENT II, LLC**

        **Defendants.**

**CIVIL ACTION FILE NO.**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

COMES NOW, Jamaal Brown (hereinafter, "Plaintiff"), and hereby files this Complaint for Damages against 6400 Oakley Road, LLC, Asden (US) Inc., Asden Management, LLC and Asden Management II, LLC, alleging as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a resident of Fulton County, Georgia and submits himself to the jurisdiction of this Court.

2.      At all times relevant hereto, Defendant 6400 Oakley Road, LLC was a foreign limited liability company organized under the laws of the State of Delaware with its principal place of business located at 2431 Atlantic Ave., Suite 1 Manasquan, NJ 08736.  Defendant 6400 Oakley Road, LLC may be served at the office of its registered agent First Corporate Solutions, Inc. 900 Old Roswell Lakes, Suite 310, Roswell, GA 30076.

3.      At all times relevant hereto, Defendant Asden (US), Inc. was an foreign corporation organized under the laws of the State of Delaware with its principal place of business located at 2431 Atlantic Ave., Suite 1 Manasquan, NJ 08736.  Defendant Asden (US), Inc. may

be served at the office of its registered agent First Corporate Solutions, Inc. 900 Old Roswell Lakes, Suite 310, Roswell, GA 30076.

4.      At all times relevant hereto, Defendant Asden Management, LLC was a foreign limited liability company organized under the laws of the State of Delaware with its principal place of business located at 2431 Atlantic Ave., Suite 1 Manasquan, NJ 08736.  Defendant Asden Management, LLC may be served at the office of its registered agent First Corporate Solutions, Inc. 900 Old Roswell Lakes, Suite 310, Roswell, GA 30076.

5.      At all times relevant hereto, Defendant Asden Management II, LLC was a foreign limited liability company organized under the laws of the State of Florida with its principal place of business located at 2431 Atlantic Ave., Suite 1 Manasquan, NJ 08736.  Defendant Asden Management II, LLC may be served at the office of its registered agent First Corporate Solutions, Inc. 900 Old Roswell Lakes, Suite 310, Roswell, GA 30076.

6.      The torts, wrongs, and injuries complained of herein occurred in Fulton County, Georgia.  Venue is thus proper in Fulton County, Georgia pursuant to O.C.G.A. § 14-2-510(3) and (4).

7.      The State Court of Fulton County, Georgia has subject-matter jurisdiction over the matters complained of and the causes of action alleged herein.

8.      The acts and/or omissions of the Defendants complained of herein occurred in Fulton County, Georgia.  This Court thus has personal jurisdiction over the Defendants in relation to this action.

## FACTUAL BACKGROUND

9.      At all times relevant hereto, Defendants owned, controlled, and managed the

apartment complex named The Summit Apartment Homes located at 6350-6400 Oakley Rd.,

Union City, Georgia 30291 (hereinafter, the "Property").

10.      At all times relevant hereto, Plaintiff resided at the Property.

11.      On July 29, 2021, a fire occurred at the Property (hereinafter, the "Fire").

12.      Plaintiff was trapped in a breezeway during the Fire when a portion of the roof that

was on fire collapsed onto Plaintiff.

13.      Plaintiff was able to escape the burning rubble and self-evacuate to avoid the Fire

by jumping off the second-story breezeway on which he had become trapped.

14.      Plaintiff sustained severe burns to his body prior to being able to egress the Property

off his balcony

15.      Plaintiff sustained severe injuries as a result of jumping off the balcony to avoid the

Fire.

16.      At all times relevant hereto, the smoke alarms, fire suppression systems, electrical

systems, and means of egress servicing the Property were not properly installed, maintained, or

functioning at the time of the Fire.

17.      Defendants had notice, actual and constructive, of the dangerous conditions

existing at the Property at the time of the Fire and knew or should have known of the increased

danger of not properly installing, inspecting, and/or maintaining the smoke alarms, fire

suppression system, electrical system, and/or a means of egress from the Property, making more

probable serious injuries from fires.

- 3 -

18.     Defendants failed to warn or adequately warn residents at the Property, including Plaintiff, of the extremely dangerous conditions at the Property alleged herein.

19.      Defendants failed to take any action to remediate the dangerous conditions at the Property despite actual knowledge of those dangerous conditions.

20.     At all times relevant hereto, Defendants had the duty and responsibility to ensure that the Property and Plaintiff were reasonably safe from foreseeable harm; advise, discuss, inform, counsel, repair, and/or replace any improperly installed or maintained, smoke alarms, fire suppression systems, electrical systems, or any dangerous conditions that prevented persons from safely exiting the Property; comply with all requirements of the applicable building, housing, and fire codes; and make all repairs and do whatever is reasonably necessary to put and keep the Property in a safe, fit, and habitable condition, including removing, preventing, or warning of conditions that cause, create, or contribute to fires or the spread of fire or prevent persons from receiving a warning of a fire.

21.     Defendants exercised absolute control over the maintenance, upkeep, inspection, and/or repair of the Property, and knew or should have known of the fire and safety hazards at the Property.

## **COUNTS**

## **COUNT I – NEGLIGENCE**

22.     Plaintiff adopts and re-alleges paragraphs 1-21 above, and incorporates them as if stated verbatim herein.

23.     The Fire and the injuries and damages complained of herein were a result of the negligent or reckless conduct of Defendants.

- 4 -

24.     At all times relevant hereto, the Property was unreasonably dangerous to Plaintiff and was the direct and proximate cause of the injuries and damages complained of herein.

25.     Defendants had a duty of reasonable care owed to Plaintiff to install, inspect, service, maintain, and repair the Property, smoke alarm devices at the Property, fire suppression systems and devices at the Property, the electrical system at the Property, and paths of egress servicing the Property.

26.     Defendants breached their duty of reasonable care by failing to properly install, repair, maintain, use, test, and/or inspect the smoke alarms, fire extinguishers, fire suppression system, electrical system, and safe paths of egress at the Property.

27.     Defendants' failure to properly install, repair, maintain, use, test, and/or inspect the smoke alarms, fire extinguishers, fire suppression system, electrical system, and safe paths of egress at the Property was negligence.

28.     These and other acts or omissions of Defendants were the direct and proximate cause or contributing cause of the injuries to Plaintiff arising out of the Fire.

## COUNT II – NEGLIGENT FAILURE TO WARN

29.     Plaintiff adopts and re-alleges paragraphs 1-28 above, and incorporates them as if stated verbatim herein.

30.     Defendants had notice, actual and constructive, of the dangerous conditions existing at the Property, and knew or should have known of the increased danger of not properly installing, inspecting, and/or maintaining the Property's smoke alarms, fire extinguishers, fire suppression system, electrical system, and safe paths of egress from the Property, making more probable serious injuries from fires.

31.     Defendants had a duty to warn the residents at the Property, including Plaintiff, of dangerous conditions at the Property of which Defendants were aware or should have been aware.

32.     Defendants breached that duty by failing to warn or adequately warn the residents at the Property of the extremely dangerous conditions at the Property alleged herein.

33.     Defendants' failure to warn or adequately warn the residents of the Property of the extremely dangerous conditions at the Property was negligence.

34.     These and other acts or omissions of Defendants were the direct and proximate cause or contributing cause of the injuries to Plaintiff arising out of the Fire.

## COUNT III – GROSS NEGLIGENCE

35.     Plaintiff adopts and re-alleges paragraphs 1-34 above, and incorporates them as if stated verbatim herein.

36.     Defendants had a duty owed to Plaintiff to use slight diligence in the installation, inspection, service, maintenance, and repair of the Property, the smoke alarms at the Property, its fire suppression systems and devices, its electrical system, and paths of egress from the Property.

37.     Defendants willfully and wantonly breached that duty by failing to exercise even slight diligence in the installation, inspection, service, maintenance, and repair of the Property, the smoke alarms at the Property, its fire suppression systems and devices, its electrical system, and paths of egress from the Property.

38.     Defendants failure to exercise even slight diligence in the installation, inspection, service, maintenance, and repair of the Property, the smoke alarms at the Property, its fire suppression systems and devices, its electrical system, and paths of egress was gross negligence.

39.     These and other acts or omissions of Defendants were the direct and proximate cause or contributing cause of the injuries to Plaintiff arising out of the Fire.

### COUNT IV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

40.     Plaintiff adopts and re-alleges paragraphs 1-39 above, and incorporates them as if stated verbatim herein..

41.     The Defendants' actions and/or inactions were willful, wanton, grossly careless, indifferent, reckless, and/or negligent, so as to go beyond all possible bounds of decency, and said conduct resulted in the Fire causing Plaintiff severe emotional distress, including anxiety, distress, fear, aggravation and inconvenience.

42.     The Defendants should have realized that their conduct involved an unreasonable risk of causing the severe emotional distress to Plaintiff.

43.     As a result of the Fire, Plaintiff suffered severe emotional distress and mental injury that is medically diagnosable, medically significant conditions.

44.     The Defendants' acts and/or inactions constitute the direct, proximate and/or contributing cause of the extreme mental and emotional distress suffered by, and continued to be suffered by the Plaintiff, and such damages were reasonably foreseeable consequences of the Defendants' acts.

### COUNT V – NEGLIGENCE *PER SE*

45.     Plaintiff adopts and re-alleges paragraphs 1-45 above, and incorporates them as if stated verbatim herein.

46.     Pursuant to Georgia law and the local and state fire and building codes, including but not limited to: O.C.G.A. §§ 25-2-1, *et seq.*; Ga. Comp. R. & Regs. 120-3-3-.04; the Building Code Ordinance of Clayton County, Georgia §§ 18-1(a), 18-23(a)(3), 18-26, 18-35, 18-36;

- 7 -

N.F.P.A. 10, 70, 72, and 101; the International Fire Code; the National Electric Code, and the International Building Code, the Defendants owed a duty of reasonable care to Plaintiff to properly install, repair, maintain, test, and/or inspect, the Property, the smoke alarms at the Property, its fire suppression systems and devices, and paths of egress.

47.     The purpose of the Georgia laws and regulations and the local fire, building, residential, and construction codes is to protect tenants such as Plaintiff from injuries from residential fires. Plaintiff is a member of the class of persons protected by these laws, codes, and ordinances.

48.     Defendants knew or should have known that the Property was not equipped with properly functioning smoke alarms, fire suppression systems, electrical systems, and/or fire escapes.  These and other conditions and/or failures at the Property, which the Defendants knew or should have known about, were dangerous conditions that violated local and state laws, rules, regulations, and/or codes.

49.     By violating Georgia law and the governing local and state fire and building codes Defendants breached their statutory duty of care to Plaintiff, which caused or contributed to injuries of Plaintiff and the damages complained of herein.

50.     The actions described above and other acts or omissions committed by Defendants directly and proximately caused the incident and/or the injuries suffered by Plaintiff.

## COUNT VI – PUNITIVE DAMAGES

51.     Plaintiff adopts and re-alleges paragraphs 1-51 above, and incorporate them as if stated verbatim herein.

52.     As set forth herein, Defendants' failure to properly and safely install, inspect, service, maintain, and repair the Property, the smoke alarms at the Property, its fire suppression

systems and devices, its electrical system, and paths of egress from the Property shows willful and intentional misconduct, gross negligence, reckless indifference, and that entire want of care which raises the presumption of conscious indifference to the consequences of its actions, entitling Plaintiff to punitive damages pursuant to O.C.G.A. § 15-12-5.1.

### COUNT VII – EXPENSES OF LITIGATION

53.     Plaintiff adopts and re-alleges paragraphs 1-53 above, and incorporates them as if stated verbatim herein.

54.     Defendants have acted in bad faith, been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense.

55.     Defendants are thus liable for, and Plaintiff makes claim for, Plaintiff's expenses of litigation, including court and litigation costs, and attorneys' fees pursuant to O.C.G.A. § 13-6-11 and other applicable law.

### DAMAGES

56.     Plaintiff adopt and re-allege paragraphs 1-56 above, and incorporate them as if stated verbatim herein.

57.     As a result of the Defendants' conduct, Plaintiff suffered the following damages:

    a.  Physical injuries;

    b.  Emotional and mental anguish and suffering;

    c.  Loss of enjoyment of life;

    d.  Economic losses, wages, and benefits;

    e.  Past, present and future medical and related expenses;

    f.  Past, present and future pain and suffering;

    g.  Permanent scarring and disfigurement;

        i.  Lost wages and loss of wage earning capacity.

58.      The negligence and other alleged acts and/or omissions of Defendants were the proximate and/or contributing cause of the injuries to Plaintiff described herein.

59.      The acts and/or omissions of all Defendants constitute combined, concurrent, and joint negligence for which all Defendants are jointly and severally liable to Plaintiff.

60.      As a result of the Defendants' negligence, gross negligence, recklessness, willfulness, and wanton conduct, Plaintiff is entitled to an award of actual, consequential, and punitive damages in an amount to be determined by the trier of fact.

**WHEREFORE,** Plaintiff respectfully prays for:

a.  Judgment against Defendants for all actual, consequential, and punitive damages, together with interest as allowed by law;

b.  All costs and disbursements of this action to be taxed against Defendants;

c.  An award of attorney's fees;

d.  **Trial by jury**; and

e.  That Plaintiff have other such relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial on all issues so triable.

**MORGAN & MORGAN**

*/s/ Max Compton*

_____

William M. Compton, Esq.
Georgia Bar No. 380092
Counsel for Jamaal Brown

200 Stephenson Ave.
Suite 200
Savannah, GA 31405
(912) 443-1017
(912) 443-1184 (fax)
MCompton@forthepeople.com