# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**CENTURY SURETY COMPANY,**

**Plaintiff,**

**v.**

**6400 OAKLEY ROAD, LLC; ASDEN (US), INC.; ASDEN MANAGEMENT, LLC; ASDEN MANAGEMENT II, LLC; JAMAAL BROWN; NIKESHIA FANNIN; AND STATE FARM FIRE AND CASUALTY COMPANY**

**Defendants.**

**CIVIL ACTION FILE NO. 1:22-cv-04010-VMC**

**JURY TRIAL DEMANDED**

## ANSWER AND CROSSCLAIMS OF DEFENDANT JAMAAL BROWN

COMES NOW, Jamaal Brown (hereinafter, "Defendant Brown"), and, pursuant to the Federal Rules of Civil Procedure, hereby files this Answer to Plaintiff's First Amended Complaint for Declaratory Judgment [Doc. 13] and Cross-Claims against Co-Defendant's 6400 Oakley Road, LLC, Asden (US) Inc., Asden Management, LLC and Asden Management II, LLC, by showing this Honorable Court the following:

## ANSWER TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint for Declaratory Judgment must be dismissed because it fails to plead or prove that an actual controversy exists which would justify the issuance of a declaratory judgment.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint for Declaratory Judgment must be dismissed because it failed to plead or prove that O.C.G.A. § 33-24-7 would act to prevent recovery under the subject insurance policy for the Defendants. Therefore, Plaintiff's Complaint fails to state a claim upon which relief may granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint for Declaratory Judgment must be dismissed because the facts and circumstances forming the basis for Plaintiff's Complaint were brought about by, and as a result of, Plaintiff's own conduct, and Plaintiff is, therefore, estopped from seeking the recovery sought in its Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint for Declaratory Judgment must be dismissed because Plaintiff's claim that it has no duty under the Policy to pay for the Defendants' claims is barred by the doctrines of waiver and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint for Declaratory Judgment must be dismissed because Plaintiff's claim that it has no duty under the Policy to pay for the Defendants' claims is barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

In response to the specific allegations contained in the Plaintiff's Complaint, and without waiving the defenses previously raised by Defendant Brown, as well as those which may be raised later in this Answer, or in the future, if necessary, by amendment or supplementation, after further evidence is obtained or clarified, Defendant Brown states the following:

1.

Defendant Brown states that Paragraph 1 of the First Amended Complaint (hereinafter, "Complaint") is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 1 of the Complaint and demands strict proof of the same.

2.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 2 the Complaint. Defendant Brown thus demands strict proof of the same.

3.

Upon information and belief, Defendant Brown admits the allegations in Paragraph 3 of the Complaint.

4.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 4 the Complaint. Defendant Brown thus demands strict proof of the same..

5.

Upon information and belief, Defendant Brown admits the allegations in Paragraph 5 of the Complaint.

6.

Upon information and belief, Defendant Brown admits the allegations in Paragraph 6 of the Complaint.

7.

Upon information and belief, Defendant Brown admits the allegations in Paragraph 7 of the Complaint.

8.

Upon information and belief, Defendant Brown admits the allegations in Paragraph 8 of the Complaint.

9.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 9 the Complaint. Defendant Brown thus demands strict proof of the same.

10.

Upon information and belief, Defendant Brown admits the allegations in Paragraph 10 of the Complaint.

11.

Upon information and belief, Defendant Brown admits the allegations in Paragraph 11 of the Complaint.

12.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 12 the Complaint. Defendant Brown thus demands strict proof of the same.

13.

Upon information and belief, Defendant Brown admits the allegations in Paragraph 13 of the Complaint.

14.

Defendant Brown admits the allegations in Paragraph 14 of the Complaint.

15.

Defendant Brown admits the allegations in Paragraph 15 of the Complaint.

16.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 16 the Complaint.  Defendant Brown thus demands strict proof of the same.

17.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 17 the Complaint.  Defendant Brown thus demands strict proof of the same.

18.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 18 the Complaint.  Defendant Brown thus demands strict proof of the same.

19.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 19 the Complaint.  Defendant Brown thus demands strict proof of the same.

20.

Defendant Brown is without knowledge or information sufficient to either

admit or deny the allegations in Paragraph 20 the Complaint. Defendant Brown thus demands strict proof of the same.

21.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 21 the Complaint. Defendant Brown thus demands strict proof of the same.

22.

Defendant Brown admits the allegations in Paragraph 22 of the Complaint.

23.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 23 the Complaint. Defendant Brown thus demands strict proof of the same.

24.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 24 the Complaint. Defendant Brown thus demands strict proof of the same.

25.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 25 the Complaint. Defendant Brown thus demands strict proof of the same.

26.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 26 the Complaint. Defendant Brown thus demands strict proof of the same.

27.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 27 the Complaint. Defendant Brown thus demands strict proof of the same.

28.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 28 the Complaint. Defendant Brown thus demands strict proof of the same.

29.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 29 the Complaint. Defendant Brown thus demands strict proof of the same.

30.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 30 the Complaint. Defendant Brown thus demands strict proof of the same.

31.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 31 the Complaint.  Defendant Brown thus demands strict proof of the same.

32.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 32 the Complaint.  Defendant Brown thus demands strict proof of the same.

33.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 33 the Complaint.  Defendant Brown thus demands strict proof of the same.

34.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 34 the Complaint.  Defendant Brown thus demands strict proof of the same.

35.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 35 the Complaint.  Defendant Brown thus demands strict proof of the same.

36.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 36 the Complaint.  Defendant Brown thus demands strict proof of the same.

37.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 37 the Complaint.  Defendant Brown thus demands strict proof of the same.

38.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 38 the Complaint.  Defendant Brown thus demands strict proof of the same.

39.

Defendant Brown states that Paragraph 39 of the Complaint is a statement of law to which no response is required in a responsive pleading.  To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 39 of the Complaint and demands strict proof of the same.

40.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 40 the Complaint.  Defendant Brown

thus demands strict proof of the same.

41.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 41 the Complaint.  Defendant Brown thus demands strict proof of the same.

42.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 42 the Complaint.  Defendant Brown thus demands strict proof of the same.

43.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 43 the Complaint.  Defendant Brown thus demands strict proof of the same.

44.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 43 the Complaint.  Defendant Brown thus demands strict proof of the same.

45.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 45 the Complaint.  Defendant Brown

thus demands strict proof of the same.

46.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 46 the Complaint.  Defendant Brown thus demands strict proof of the same.

47.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 47 the Complaint.  Defendant Brown thus demands strict proof of the same.

48.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 48 the Complaint.  Defendant Brown thus demands strict proof of the same.

49.

Defendant Brown admits the allegations in Paragraph 49 of the Complaint.

50.

Defendant Brown admits the allegations in Paragraph 50 of the Complaint.

51.

Defendant Brown admits the allegations in Paragraph 51 of the Complaint.

52.

Defendant Brown admits the allegations in Paragraph 52 of the Complaint.

53.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 53 the Complaint. Defendant Brown thus demands strict proof of the same.

54.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 54 the Complaint. Defendant Brown thus demands strict proof of the same.

55.

Defendant Brown states that Paragraph 55 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 55 of the Complaint and demands strict proof of the same.

56.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 56 the Complaint. Defendant Brown thus demands strict proof of the same.

57.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 57 Complaint.  Defendant Brown thus demands strict proof of the same.

58.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 58 the Complaint.  Defendant Brown thus demands strict proof of the same.

59.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 59 the Complaint.  Defendant Brown thus demands strict proof of the same.

60.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 60 the Complaint.  Defendant Brown thus demands strict proof of the same.

61.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 61 the Complaint.  Defendant Brown thus demands strict proof of the same.

62.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 62 the Complaint. Defendant Brown thus demands strict proof of the same.

63.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 63 the Complaint. Defendant Brown thus demands strict proof of the same.

64.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 64 the Complaint. Defendant Brown thus demands strict proof of the same.

65.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 65 the Complaint. Defendant Brown thus demands strict proof of the same.

66.

Defendant Brown states that Paragraph 66 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 66 of

the Complaint and demands strict proof of the same.

67.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 67 the Complaint.  Defendant Brown thus demands strict proof of the same.

68.

Defendant Brown states that Paragraph 68 of the Complaint is a statement of law to which no response is required in a responsive pleading.  To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 68 of the Complaint and demands strict proof of the same.

69.

Defendant Brown states that Paragraph 69 of the Complaint is a statement of law to which no response is required in a responsive pleading.  To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 69 of the Complaint and demands strict proof of the same.

70.

Defendant Brown states that Paragraph 70 of the Complaint is a statement of law to which no response is required in a responsive pleading.  To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 70 of the Complaint and demands strict proof of the same.

71.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 71 the Complaint. Defendant Brown thus demands strict proof of the same.

72.

Defendant Brown states that Paragraph 72 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 72 of the Complaint and demands strict proof of the same.

73.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 73 the Complaint. Defendant Brown thus demands strict proof of the same.

74.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 74 the Complaint. Defendant Brown thus demands strict proof of the same.

75.

Defendant Brown is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 75 the Complaint. Defendant Brown

thus demands strict proof of the same.

76.

Defendant Brown states that Paragraph 76 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 76 of the Complaint and demands strict proof of the same.

77.

Defendant Brown states that Paragraph 77 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 77 of the Complaint and demands strict proof of the same.

78.

Defendant Brown states that Paragraph 78 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 78 of the Complaint and demands strict proof of the same.

79.

Defendant Brown states that Paragraph 79 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 79 of

the Complaint and demands strict proof of the same.

80.

Defendant Brown states that Paragraph 80 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 80 of the Complaint and demands strict proof of the same.

81.

Defendant Brown states that Paragraph 81 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 81 of the Complaint and demands strict proof of the same.

82.

Defendant Brown states that Paragraph 82 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 82 of the Complaint and demands strict proof of the same.

83.

Defendant Brown states that Paragraph 83 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 83 of

the Complaint and demands strict proof of the same.

84.

Defendant Brown states that Paragraph 84 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 84 of the Complaint and demands strict proof of the same.

85.

Defendant Brown states that Paragraph 85 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 85 of the Complaint and demands strict proof of the same.

86.

Defendant Brown states that Paragraph 86 of the Complaint is a statement of law to which no response is required in a responsive pleading. To the extent that a response is required, Defendant Brown denies the allegations in Paragraph 86 of the Complaint and demands strict proof of the same.

All remaining allegations contained in Plaintiff's Complaint not previously admitted or denied are expressly denied, including those contained in the Plaintiff's WHEREFORE paragraph.

**WHEREFORE,** having fully defended, Defendant Brown respectfully prays as follows:

A.      That Defendant Brown be granted a **trial by jury** in this matter;

B.      That Plaintiff's Complaint be dismissed with prejudice;

C.      Alternatively, Defendant Brown, pursuant to 28 U.S.C.A. §2201, demands judgment that:

     1)   Plaintiff is not entitled to recession of the Policy; and

     2)   Plaintiff is responsible under the Policy to 6400 Oakley Road, LLC, Asden (US) Inc., Asden Management, LLC and Asden Management II, LLC for the liability of those entities to Defendant Brown for damages Defendant Brown sustained as a result of the July 29, 2021 fire;

D.      That the Court award such other and further relief, at law and in equity, to which Defendant Brown may be entitled.

**MORGAN & MORGAN**

*/s/ Max Compton*

_____
William M. Compton, Esq.
Georgia Bar No. 380092
Counsel for Jamaal Brown

200 Stephenson Ave.
Suite 200
Savannah, GA 31405
(912) 443-1017
(912) 443-1184 (fax)
MCompton@forthepeople.com

## CROSSCLAIMS OF DEFENDANT JAMAAL BROWN

COMES NOW, Defendant Jamaal Brown (hereinafter, "Defendant Brown"), and pursuant to Fed. R. Civ. Pro. 13(g), files these Crossclaim against Defendants 6400 Oakley Road, LLC, Asden (US) Inc., Asden Management, LLC and Asden Management II, LLC (collectively, "Crossclaim Defendants"), alleging as follows:

## JURISDICTION AND VENUE

1.     The torts, wrongs, and injuries complained of herein occurred in Fulton County, Georgia.  Venue is thus proper in the U.S. District Court for the Northern District of Georgia.

2.     The amount in controversy in this dispute exceeds $75,000.

3.     Defendant Brown is a resident of the State of Georgia.

4.     None of the Crossclaim Defendants are residents of the State of Georgia.

5.     This Court thus has subject-matter jurisdiction over the matters complained of and the causes of action alleged herein pursuant to 28 U.S.C. § 1332.

6.     This Court also has subject-matter jurisdiction over the matters complained of and the causes of action alleged herein pursuant to 28 U.S.C. § 1367(a) and (b).

7.     The acts and/or omissions of the Crossclaim Defendants complained of herein occurred in Fulton County, Georgia.  This Court thus has personal jurisdiction over the Crossclaim Defendants in relation to this action.

## PARTIES

8.     Defendant Brown is a citizen and resident of the State of Georgia. Defendant Brown submits himself to the jurisdiction of this Court.

9.     At all times relevant hereto, Defendant 6400 Oakley Road, LLC was a foreign limited liability company organized under the laws of the State of Delaware and operating in the State of Georgia.  Defendant 6400 Oakley Road, LLC may be served at the office of its registered agent First Corporate Solutions, Inc. 900 Old Roswell Lakes, Suite 310, Roswell, GA 30076.

10.     At all times relevant hereto, Defendant Asden (US), Inc. was an foreign corporation organized under the laws of the State of Delaware and operating in the State of Georgia.  Defendant Asden (US), Inc. may be served at the office of its registered agent First Corporate Solutions, Inc. 900 Old Roswell Lakes, Suite 310, Roswell, GA 30076.

11.     At all times relevant hereto, Defendant Asden Management, LLC was a foreign limited liability company organized under the laws of the State of Delaware and operating in the State of Georgia.  Defendant Asden Management,

LLC may be served at the office of its registered agent First Corporate Solutions, Inc. 900 Old Roswell Lakes, Suite 310, Roswell, GA 30076.

12.    At all times relevant hereto, Defendant Asden Management II, LLC was a foreign limited liability company organized under the laws of the State of Florida and operating in the State of Georgia.  Defendant Asden Management II, LLC may be served at the office of its registered agent First Corporate Solutions, Inc. 900 Old Roswell Lakes, Suite 310, Roswell, GA 30076.

### FACTUAL BACKGROUND

13.    At all times relevant hereto, Crossclaim Defendants owned, controlled, and managed the apartment complex named The Summit Apartment Homes located at 6350-6400 Oakley Rd., Union City, Georgia 30291 (hereinafter, the "Property").

14.    At all times relevant hereto, Defendant Brown resided at the Property.

15.    On July 29, 2021, a fire occurred at the Property (hereinafter, the "Fire").

16.    Defendant Brown was trapped in a breezeway during the Fire when a portion of the roof that was on fire collapsed onto Defendant Brown.

17.    Defendant Brown was able to escape the burning rubble and self-evacuate to avoid the Fire by jumping off the second-story breezeway on which he had become trapped.

18.     Defendant Brown sustained severe burns to his body prior to being able to egress the Property off his balcony

19.     Defendant Brown sustained severe injuries as a result of jumping off the balcony to avoid the Fire.

20.     At all times relevant hereto, the fire suppression system servicing the Property was not properly mounted, installed, maintained, or functioning at the time of the Fire.

21.     Crossclaim Defendants had notice, actual and constructive, of the dangerous conditions existing at the Property and knew or should have known of the increased danger of not properly installing, inspecting, and/or maintaining the smoke alarms, fire suppression system, electrical system, and/or a safe egress from the Property, making more probable serious injuries from fires.

22.     Crossclaim Defendants failed to warn or adequately warn Defendant Brown of the extremely dangerous conditions at the Property alleged herein.

23.      Crossclaim Defendants failed to take any action to remediate the dangerous conditions at the Property despite actual knowledge of those dangerous conditions.

24.     At all times relevant hereto, Crossclaim Defendants had the duty and responsibility to ensure that the Property and Defendant Brown were reasonably safe from foreseeable harm; advise, discuss, inform, counsel, repair, and/or replace

any improperly installed or maintained, smoke alarms, fire suppression systems, electrical systems, or any dangerous conditions that prevented persons from safely exiting the Property; comply with all requirements of the applicable building, housing, and fire codes; and make all repairs and do whatever is reasonably necessary to put and keep the Property in a safe, fit, and habitable condition, including removing, preventing, or warning of conditions that cause, create, or contribute to fires or the spread of fire or prevent persons from receiving a warning of a fire.

25. Crossclaim Defendants exercised absolute control over the maintenance, upkeep, inspection, and/or repair of the Property, and knew or should have known of the fire and safety hazards at the Property.

## COUNTS

## COUNT I – NEGLIGENCE – ALL CROSSCLAIM DEFENDANTS

26. Defendant Brown adopts and re-alleges paragraphs 1-25 above, and incorporates them as if stated verbatim herein.

27. The Fire and the injuries and damages complained of herein were a result of the negligent or reckless conduct of Crossclaim Defendants.

28. At all times relevant hereto, the Property was unreasonably dangerous to Defendant Brown and was the direct and proximate cause of the injuries and damages complained of herein.

- 26 -

29.     Crossclaim Defendants had a duty of reasonable care owed to Defendant Brown to install, inspect, service, maintain, and repair the Property, smoke alarm devices at the Property, fire suppression systems and devices at the Property, the electrical system at the Property, and paths of egress servicing the Property.

30.     Crossclaim Defendants breached their duty of reasonable care by failing to properly install, repair, maintain, use, test, and/or inspect the smoke alarms, fire extinguishers, fire suppression system, electrical system, and safe paths of egress at the Property.

31.     Crossclaim Defendants' failure to properly install, repair, maintain, use, test, and/or inspect the smoke alarms, fire extinguishers, fire suppression system, electrical system, and safe paths of egress at the Property was negligence.

32.     These and other acts or omissions of Crossclaim Defendants were the direct and proximate cause or contributing cause of the injuries to Defendant Brown arising out of the Fire.

## COUNT II – NEGLIGENT FAILURE TO WARN – ALL CROSSCLAIM DEFENDANTS

33.     Defendant Brown adopts and re-alleges paragraphs 1-33 above, and incorporates them as if stated verbatim herein.

34.     Crossclaim Defendants had notice, actual and constructive, of the dangerous conditions existing at the Property, and knew or should have known of

- 27 -

the increased danger of not properly installing, inspecting, and/or maintaining the Property's smoke alarms, fire extinguishers, fire suppression system, electrical system, and safe paths of egress from the Property, making more probable serious injuries from fires.

35.     Crossclaim Defendants had a duty to Defendant Brown to warn him of dangerous conditions at the Property of which Crossclaim Defendants were aware or should have been aware.

36.     Crossclaim Defendants breached that duty by failing to warn or adequately warn Defendant Brown of the extremely dangerous conditions at the Property alleged herein.

37.     Crossclaim Defendants' failure to warn or adequately warn Defendant Brown of the extremely dangerous conditions at the Property was negligence.

38.     These and other acts or omissions of Crossclaim Defendants were the direct and proximate cause or contributing cause of the injuries to Defendant Brown arising out of the Fire.

## COUNT III – GROSS NEGLIGENCE – ALL CROSSCLAIM DEFENDANTS

39.     Defendant Brown adopts and re-alleges paragraphs 1-38 above, and incorporates them as if stated verbatim herein.

40.     Crossclaim Defendants had a duty owed to Defendant Brown to use slight diligence in the installation, inspection, service, maintenance, and repair of

the Property, the smoke alarms at the Property, its fire suppression systems and devices, and paths of egress.

41.     Crossclaim Defendants willfully and wantonly breached that duty by failing to exercise even slight diligence in the installation, inspection, service, maintenance, and repair of the Property, the smoke alarms at the Property, its fire suppression systems and devices, and paths of egress.

42.     Crossclaim Defendants failure to exercise even slight diligence in the installation, inspection, service, maintenance, and repair of the Property, the smoke alarms at the Property, its fire suppression systems and devices, and paths of egress was gross negligence.

43.     These and other acts or omissions of Crossclaim Defendants were the direct and proximate cause or contributing cause of the injuries to Defendant Brown arising out of the Fire.

## COUNT IV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – ALL CROSSCLAIM DEFENDANTS

44.     Defendant Brown adopts and re-alleges paragraphs 1-43 above, and incorporates them as if stated verbatim herein..

45.     The Crossclaim Defendants' actions and/or inactions were willful, wanton, grossly careless, indifferent, reckless, and/or negligent, so as to go beyond all possible bounds of decency, and said conduct resulted in the Fire causing

- 29 -

Defendant Brown severe emotional distress, including anxiety, distress, fear, aggravation and inconvenience.

46.    The Crossclaim Defendants should have realized that their conduct involved an unreasonable risk of causing the severe emotional distress to Defendant Brown.

47.    As a result of the Fire, Defendant Brown suffered severe emotional distress and mental injury that is medically diagnosable, medically significant conditions.

48.    The Crossclaim Defendants' acts and/or inactions constitute the direct, proximate and/or contributing cause of the extreme mental and emotional distress suffered by, and continued to be suffered by the Defendant Brown, and such damages were reasonably foreseeable consequences of the Crossclaim Defendants' acts.

## COUNT V – NEGLIGENCE *PER SE* – ALL CROSSCLAIM DEFENDANTS

49.    Defendant Brown adopts and re-alleges paragraphs 1-48 above, and incorporates them as if stated verbatim herein.

50.    Pursuant to Georgia law and the local and state fire and building codes, including but not limited to: O.C.G.A. §§ 25-2-1, *et seq.*; Ga. Comp. R. & Regs. 120-3-3-.04; the Building Code Ordinance of Clayton County, Georgia §§ 18-1(a), 18-23(a)(3), 18-26, 18-35, 18-36; N.F.P.A. 10, 70, 72, and 101; the

International Fire Code; the National Electric Code, and the International Building Code, the Crossclaim Defendants owed a duty of reasonable care to Defendant Brown to properly install, repair, maintain, test, and/or inspect, the Property, the smoke alarms at the Property, its fire suppression systems and devices, and paths of egress.

51.     The purpose of the Georgia laws and regulations and the local fire, building, residential, and construction codes is to protect tenants such as Defendant Brown from injuries from residential fires. Defendant Brown is a member of the class of persons protected by these laws, codes, and ordinances.

52.     Crossclaim Defendants knew or should have known that the Property and Brown's Residence were not equipped with properly functioning smoke alarms, fire suppression systems, and/or fire escapes.  These and other conditions and/or failures at the Property, which the Crossclaim Defendants knew or should have known about, were dangerous conditions that violated local and state laws, rules, regulations, and/or codes.

53.     By violating Georgia law and the governing local and state fire and building codes Crossclaim Defendants breached their statutory duty of care to Defendant Brown, which caused or contributed to injuries of Defendant Brown and the damages complained of herein.

54.     The actions described above and other acts or omissions committed by Crossclaim Defendants directly and proximately caused the incident and/or the injuries suffered by Defendant Brown.

## COUNT VI – PUNITIVE DAMAGES - ALL CROSSCLAIM DEFENDANTS

55.     Defendant Brown adopts and re-alleges paragraphs 1-55 above, and incorporate them as if stated verbatim herein.

56.     As set forth herein, Crossclaim Defendants' failure to properly and safely install, inspect, service, maintain, and repair the Property, the smoke alarms at the Property, its fire suppression systems and devices, and paths of egress shows willful and intentional misconduct, gross negligence, reckless indifference, and that entire want of care which raises the presumption of conscious indifference to the consequences of its actions, entitling Defendant Brown to punitive damages pursuant to O.C.G.A. § 15-12-5.1.

## COUNT VII – EXPENSES OF LITIGATION – ALL CROSSCLAIM DEFENDANTS

57.     Defendant Brown adopts and re-alleges paragraphs 1-56 above, and incorporates them as if stated verbatim herein.

58.     Crossclaim Defendants have acted in bad faith, been stubbornly litigious and have caused Defendant Brown unnecessary trouble and expense.

59.     Crossclaim Defendants are thus liable for, and Defendant Brown makes claim for, Defendant Brown's expenses of litigation, including court and

litigation costs, and attorneys' fees pursuant to O.C.G.A. § 13-6-11 and other applicable law.

## **DAMAGES**

60.     Defendant Brown adopt and re-allege paragraphs 1-59 above, and incorporate them as if stated verbatim herein.

61.     As a result of the Crossclaim Defendants' conduct, Defendant Brown suffered the following damages:

> a.  Physical injuries;
>
> b.  Emotional and mental anguish and suffering;
>
> c.  Loss of enjoyment of life;
>
> d.  Economic losses, wages, and benefits;
>
> e.  Past, present and future medical and related expenses;
>
> f.  Past, present and future pain and suffering;
>
> g.  Permanent scarring and disfigurement;
>
> i.  Lost wages and loss of wage earning capacity;

62.     The negligence and other alleged acts and/or omissions of Crossclaim Defendants were the proximate and/or contributing cause of the injuries to Defendant Brown described herein.

63.     The acts and/or omissions of all Crossclaim Defendants constitute combined, concurrent, and joint negligence for which all Crossclaim Defendants are jointly and severally liable to Defendant Brown.

- 33 -

64.     As a result of the Crossclaim Defendants' negligence, gross negligence, recklessness, willfulness, and wanton conduct, Defendant Brown is entitled to an award of actual, consequential, and punitive damages in an amount to be determined by the trier of fact.

**WHEREFORE,** Defendant Brown respectfully prays for:

a. Judgment against Crossclaim Defendants for all actual, consequential, and punitive damages, together with interest as allowed by law;

b. All costs and disbursements of this action to be taxed against Crossclaim Defendants;

c. An award of attorney's fees;

d. **Trial by jury**; and

e. That Defendant Brown have other such relief as the Court deems just and proper.

## JURY DEMAND

Defendant Brown hereby demands a jury trial on all issues so triable.

**MORGAN & MORGAN**

*/s/ Max Compton*
_____

William M. Compton, Esq.
Georgia Bar No. 380092
Counsel for Jamaal Brown

- 34 -

200 Stephenson Ave.
Suite 200
Savannah, GA 31405
(912) 443-1017
(912) 443-1184 (fax)
MCompton@forthepeople.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023 I filed the foregoing **ANSWER AND CROSSCLAIMS** on the Court's ECF/CF system which will provide electronic service of the same to counsel of record for all parties.

Respectfully submitted, this 30th day of June, 2023.

**MORGAN & MORGAN**

*/s/ Max Compton*

_____
William M. Compton, Esq.
Georgia Bar No. 380092
Counsel for Jamaal Brown

200 Stephenson Ave.
Suite 200
Savannah, GA 31405
(912) 443-1017
(912) 443-1184 (fax)
MCompton@forthepeople.com