# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| PAULA THOMAS, as Administrator of of the Estate of Tory Brown, ) ) ) Plaintiff, ) ) v. ) ) ) ) DAVID HIDALGO, in his individual ) capacity, ) ) Defendant. ) | CIVIL ACTION FILE NO. **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Paula Thomas, as the Administrator of the Estate of Tory Brown ("Plaintiff"), by and through her undersigned attorney, and files this complaint for damages ("Complaint") against David Hidalgo ("Defendant"), in his individual capacity as a Clayton County Sheriff's Office ("CCSO") Deputy and/or a College Park Police Department ("CPPD") Officer.

## INTRODUCTION

On August 24, 2021, Tory Brown, a 22-year-old black man, was fatally shot in a home located at 2135 Godby Road, Building 33, Apt 502, College Park, Fulton County, Georgia (the "Residence"). Defendant was attempting to execute an arrest warrant while on duty as a deputy or officer for CCSO and/or CPPD. Defendant entered the Residence at or around 9:48 p.m., opened fire, and

fatally wounded Tory Brown, who was unarmed. Tory Brown posed no threat to officers or the general public when he was shot and killed by Defendant. Tory Brown was pronounced dead at the scene. Paula Thomas is Tory Brown's biological mother and sole legal heir. This action seeks compensatory and punitive damages against Defendant for the death of Tory Brown.

## JURISDICTION

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought directly under 42 U.S.C. § 1983.

2.

This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3.

This Court has personal jurisdiction over Defendant as it relates to Plaintiff's state law claims.

4.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All the events giving rise to this Complaint occurred within this District.

## PARTIES

5.

At all times relevant hereto, Plaintiff Paula Thomas, as the Administrator for the Estate of Tory Brown, is the mother of the decedent Tory Brown and a citizen of the United States of America.

6.

At all times relevant hereto, Defendant David Hidalgo was a citizen of the United States and a resident of the State of Georgia and was acting under color of state law in his capacity as a law enforcement officer employed by the CCSO and/or CPPD.  Defendant David Hidalgo is sued in his individual capacity.

## FACTUAL ALLEGATIONS

7.

Upon information and belief, on Tuesday, August 24, 2021, at approximately 9:48 p.m., Plaintiff was at the Residence.

8.

On Tuesday, August 24, 2021, at approximately 9:48 p.m., several CCSO and/or CPPD Deputies, including Defendant (collectively, "Deputies"), arrived at the Residence to execute an alleged arrest warrant (the "Warrant").

9.

Tory Brown was the subject of the Warrant.

10.

The Deputies approached the Residence and assembled at the front door of the Residence.

11.

Once at the front door, the Deputies allegedly commanded all occupants of the Residence to leave.

12.

Tory Brown allegedly remained inside the Residence.

13.

Immediately upon entering the Residence, Defendant encountered Tory Brown and opened fire, striking Tory Brown in the neck.

14.

According to his death certificate, Karen E. Sullivan, M.D., pronounced Tory Brown dead on August 25, 2021, at 04:10 AM.

15.

At no time prior to the shooting did Tory Brown pose an immediate threat to Defendant, other officers, or the public.

16.

Tory Brown was unarmed and did not possess a weapon of any kind at the time he was shot and killed by Defendant.

17.

According to his death certificate, Tory Brown suffered a gunshot wound to his neck from Defendant, resulting in Tory Brown's death at the Residence.

18.

According to his death certificate, Tory Brown's death was ruled a homicide.

19.

Defendant's excessive and unjustified use of force was the proximate cause of Tory Brown's death.

## **CLAIMS FOR RELIEF**

## **FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth Amendment)**

20.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19 of this Complaint.

21.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

22.

Defendant is a "person" for purposes of 42 U.S.C. § 1983.

23.

At all times relevant hereto, Defendant was acting under the color of state law in his capacity as a Deputy or Officer for CCSO and/or CPPD, and his acts or omissions were conducted within the scope of his official duties or employment.

24.

At all times relevant hereto, Tory Brown had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

25.

Tory Brown also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

26.

Any reasonable CCSO and/or CPPD Deputy/Officer knew or should have known of these rights at all times relevant to this action because they were clearly established at that time.

27.

Defendant's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and he violated the Fourth Amendment rights of Tory Brown.

28.

Defendant's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Tory Brown's federally protected rights.

29.

The force used by Defendant shocks the conscience and violated the Fourth Amendment rights of Tory Brown.

30.

Defendant unlawfully seized Tory Brown by means of objectively unreasonable, excessive, shocking and conscious physical force.

31.

The force used was deadly force and caused the death of Tory Brown.

32.

Defendant engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Tory Brown's constitutionally protected rights.

33.

Defendant did so with shocking and willful indifference to Tory Brown's rights and with conscious awareness that it could cause Tory Brown severe bodily harm or death.

34.

The acts or omissions of Defendant were the moving force behind Tory Brown's death.

35.

The acts or omissions of Defendant as described herein intentionally deprived Tory Brown of his constitutional rights and caused him other damages.

36.

Defendant is not entitled to qualified immunity for his actions.

37.

As a proximate result of Defendant's unlawful conduct, Tory Brown was killed.

38.

Defendant is liable for violating Tory Brown's Fourth Amendment Rights.

39.

As a further result of the individual Defendant's unlawful conduct, Tory Brown has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

40.

Upon information and belief, Tory Brown suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial.

41.

Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest, and costs as allowable by federal law.

42.

Plaintiff is further entitled to special damages for lien interests.

43.

In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against the named Defendant under 42 U.S.C. § 1983, in that the actions of which the individual Defendant

has been taken maliciously, willfully, or with a reckless or wanton disregard of the constitutional rights of Tory Brown.

44.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $15,000,000.00.
2. Judgment for exemplary or punitive damages;
3. Costs of suit;
4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;
5. Trial by jury as to all issues so triable; and
6. Such other relief as this Honorable Court may deem just and appropriate.

### SECOND CLAIM FOR RELIEF
### (Assault and Battery)

45.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 44 of this Complaint.

46.

Defendant pointed a firearm at Tory Brown and unjustifiably used deadly force against Tory Brown.

47.

Such force was objectively excessive and unreasonable under the circumstances.

48.

Defendant's intentional acts, as described more fully hereinabove, put Tory Brown in actual, subjective apprehension of immediate harmful or offensive contact.

49.

Tory Brown's apprehension was objectively reasonable under the circumstances in that a person of ordinary care and prudence under the same or similar circumstances would have believed that harmful, or offensive contact was about to occur.

50.

At the time Tory Brown was shot by Defendant, Tory Brown did not pose any threat or harm to any law enforcement officers or others.

51.

Defendant acted with depraved indifference to human life and conscious disregard for the safety of the general public, constituted an intentional unwelcome and unprivileged touching of Tory Brown, and was undertaken in bad faith and with actual malice.

52.

As a further direct and proximate result of the conduct described above, Tory Brown died.

53.

Prior to his death Tory Brown suffered loss of his liberty and freedom, bodily injury resulting in pain and suffering, mental anguish, and medical expenses for treatment and care.

54.

Tory Brown did not consent to contact with, from, or by Defendant.

55.

Defendant is liable for his assault and battery against Tory Brown.

56.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $5,000,000.00.
2. Judgment for exemplary or punitive damages;
3. Costs of suit;
4. Reasonable attorney fees:
5. Trial by jury as to all issues so triable; and
6. Such other relief as this Honorable Court may deem just and appropriate.

### FOURTH CLAIM FOR RELIEF
(Wrongful Death)

57.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 56 of this Complaint.

58.

On August 24, 2021, Defendant committed a battery when he discharged his weapon to intentionally strike Tory Brown, which resulted in the untimely and unlawful death of Tory Brown.

59.

The aforementioned act of discharging a weapon at Tory Brown was intentional and deliberate.

60.

Defendant's acts were carried out in bad faith and with malicious intent to harm Tory Brown.

61.

As a direct and proximate result of his acts, Tory Brown was wrongfully killed.

62.

At the time of the complained of incident, Defendant was acting within the scope of his employment with the Sheriff Department of Clayton County, Georgia.

63.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $5,000,000.00.

2. Judgment for exemplary or punitive damages;

3. Costs of suit;

4. The value of support and services Tory Brown had provided to the surviving family member;

5. Loss of companionship, guidance, and protection provided by Tory Brown;

6. Mental and emotional pain and suffering due to the loss of a child, and medical or funeral expenses any surviving family member has paid for Tory Brown;

7. Tory Brown's estate may also recover certain types of damages, which include:

   a. lost wages, benefits, and other earnings, including the value of lost earnings that the deceased person could reasonably have been expected to make if he or she had lived;

   b. lost "prospective net accumulations" of the estate, or the value of earnings the estate could reasonably have been expected to collect if the deceased person had lived;

   c. medical and funeral expenses that were paid by the estate directly; and

8. Such other relief as this Honorable Court may deem just and appropriate.

## **FIFTH CLAIM FOR RELIEF**
**(Wrongful Death Negligence / Gross Negligence)**

(*Pled in the Alternative Pursuant to Federal Rule of Civil Procedure 8(d)(2).*)

64.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 63 of this Complaint.

65.

Defendant owed a duty to Tory Brown and the general public to perform his duties in such a way to avoid placing Tory Brown and other members of the public in unreasonable danger of serious injury or death.

66.

Furthermore, Defendant owed a duty to ensure that Tory Brown and other members of the public would be free from unreasonable searches and seizures and excessive force.

67.

Defendant breached his duty by shooting at Tory Brown because he posed no threat to law enforcement or others.

68.

Specifically, any members of CCSO and/or CPPD, including Defendant, who fired their weapons at Tory Brown as he was unarmed and posed no threat, clearly violated CCSO and/or CPPD Use of Force Policies.

69.

Defendant's negligent acts and omissions constitute proximate causes of the incident which resulted in injuries to and the death of Tory Brown which Plaintiff on behalf of the Estate of Tory Brown is entitled to recover damages under the Georgia Wrongful Death Statute, Georgia Code §51-4-2, as more particularly described herein.

70.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $5,000,000.00;

2. Judgment for exemplary or punitive damages;

3. Costs of suit;

4. The value of support and services Tory Brown had provided to the surviving family member;

5. Loss of companionship, guidance, and protection provided by Tory Brown;

6. Mental and emotional pain and suffering due to the loss of a child, and medical or funeral expenses any surviving family member has paid for Tory Brown;

7. Tory Brown's estate may also recover certain types of damages, which include:

    a. lost wages, benefits, and other earnings, including the value of lost earnings that the deceased person could reasonably have been expected to make if he or she had lived,

b. lost "prospective net accumulations" of the estate, or the value of earnings the estate could reasonably have been expected to collect if the deceased person had lived, and

c. medical and funeral expenses that were paid by the estate directly. Such other relief as this Honorable Court may deem just and appropriate.

## PRAYER FOR RELIEF
### (All Claims)

Plaintiff prays that this Court enter judgment for the Plaintiff and against Defendant and grant:

1. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount in excess of $30,000,000.00;

2. Economic losses on all claims allowed by law;

3. Special damages in an amount to be determined at trial;

4. Punitive damages on all claims allowed by law against Defendant; and in an amount in excess of $1,000,000.00;

5. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

6. Pre-judgment and post-judgment interest at the lawful rate; and,

G. Any further relief that this court deems just and proper, and any other appropriate relief in law and equity.

(Signatures on the next page.)

Respectfully submitted this 18th day of August 2023.

>GREENE LEGAL GROUP LLC
>
>*/By/ <u>Reginald A. Greene</u>*
>Reginald A. Greene, Esq.
>Georgia Bar No. 308674
>One Georgia Center, Suite 605
>600 West Peachtree Street, N.W.
>Atlanta, Georgia 30308
>(404) 574-4308
>(404) 574-4312 Fax
>rgreene@greenelegalgroup.com
>
>and
>
>THE LAW OFFICES OF
>HARRY M. DANIELS, LLC
>
>*/By/ <u>Harry M. Daniels</u>*
>Harry M. Daniels, Esq.
>Georgia Bar No. 234158
>4571 Best Road, Suite 490
>Atlanta, Georgia 30303
>(678) 664-8529
>(800) 867-5248 Fax
>daniels@harrymdaniels.com
>
>Attorneys for Plaintiff