Devin Fok (SBN #256599)
devin@devinfoklaw.com
Ainat Kiewe (SBN #207439)
ainat@devinfoklaw.com
**DHF Law, PC**
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KRISTIN KOPER, as an individual, | |
| Plaintiff(s), | **Case No.:** |
| vs. | **COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL** |
| FIRST ADVANTAGE BACKGROUND SERVICES, CORP., and DOES 1-10 inclusive, | |
| Defendant(s). | |

## COMPLAINT

Plaintiff KRISTIN KOPER (hereafter "Plaintiff") files his Complaint for Damages and Demand for a Jury Trial against Defendant FIRST ADVANTAGE BACKGROUND SERVICES, CORP. and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

-1-

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

**NATURE OF THE ACTION**

1. Defendant is an employment screening company that furnishes employment screening reports to prospective employers. Its reports include information related to an applicant's criminal history.

2. In August 2021, Plaintiff applied to work for Walmart Inc.

3. In connection with Plaintiff's employment application, Walmart offered conditional employment to Plaintiff on the basis that Plaintiff pass a background check.

4. On or about August 5, 2021, Defendant furnished an employment background check report ("Report") regarding Plaintiff to Walmart.

5. The Report erroneously disclosed that is a self-disclosed convicted sex offender.

6. Plaintiff has never been convicted of any sex offense, has never been required to register as a sex offender, and a search through the federal government's sex offender registry has revealed that Plaintiff is in fact not registered as a sex offender.

7. A simple search through the United States Department of Justice Website located at http://nsopw.gov readily reviews that Plaintiff is not a registered sex offender.

8. Defendant's disclosure that Plaintiff is a sex-reported sex offender caused Plaintiff to lose valuable employment opportunity.

9. Plaintiff has never been rehired even following Plaintiff's dispute. Plaintiff was instructed to "reapply" after several months. Plaintiff reapplied with her prospective employer every few months in an attempt to obtain employment. To date, Plaintiff has never been hired back despite her multiple employment applications.

10. Under the FRCA, specifically 15 USC § 1681e(b) Defendant was required to use reasonable procedures to ensure the maximum possible accuracy of the information it reported about Plaintiff to Walmart Inc. Failing to ensure an exact name match is a clear violation of this statute.

11. As a direct result of Defendant's failure to verify public records, Plaintiff was denied employment with Walmart Inc.

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

12. Defendant did not have defined processes to verify the accuracy of the public records information provided.

13. Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result of the denial of employment.

14. Accordingly, Plaintiff seeks recovery for her actual damages, including loss of earnings, emotional distress, and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

**THE PARTIES**

15. Plaintiff is an individual and resident of Fruita, Colorado.

16. Defendant is a consumer reporting agency within the meaning of the FCRA, specifically 15 USC § 1681a(f).

17. Defendant First Advantage is a consumer reporting agency, and is and at all times herein mentioned was, a Foreign Corporation registered to do business in the State of Georgia, with its principal place of business at 1 Concourse Parkway, N.E., Suite 200, Atlanta, Georgia 30328. It may be served by Service of Process upon its registered agent, Corporation Service Company, at the address of 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

18. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

19. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

20. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

## FIRST CAUSE OF ACTION

## (Violation of 15 U.S.C. § 1681e(b))

21. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by disclosing inaccurate information, specifically Defendant failed to use reasonable procedures to ensure that the reported information belonged to Plaintiff.

22. The first requirement of identity matching within the background check industry is to ensure all criminal history reported belongs to client. As one of the nation's largest background screening companies, Defendant is well aware of this requirement.

23. Defendant's conduct was willful and/or reckless because it knew that its failure to ensure an accurate information in accordance with public records is insufficient to ensure maximum possible accuracy of the criminal history information reported.

24. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

25. Alternatively, Plaintiff alleges that Defendant's violations were negligent as Defendant did not utilize reasonable procedures to ensure the reported information about Plaintiff was accurate.

## SECOND CAUSE OF ACTION

## [Violation of 15 U.S.C. § 1681k(a)]

26. Plaintiff is informed and believes, and thereon alleges that Defendant willfully and/or recklessly failed to use strict procedures to ensure the reported information is complete and up to date despite knowing that the erroneous public record was likely to have an adverse effect upon Plaintiff's ability to obtain employment in violation of 15 U.S.C. § 1681k(a).

27. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;
2. For interest upon such damages as permitted by law;
3. For an award of reasonable attorneys' fees provided by law under all applicable statutes;
4. For the costs of the lawsuit; and
5. For such other orders of the Court and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: August 17, 2023

By: _____
DEVIN H. FOK ESQ.
**DHF LAW, P.C.**
Attorney for Plaintiff

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL