**UNITED STATES OF AMERICA**
**IN THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BRYON SLICER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| C&M DEFENSE GROUP LLC | ) | |
| | ) | |
| Defendant. | ) | |

**<u>COMPLAINT</u>**

COMES NOW Bryon Slicer ("Plaintiff"), by and through the undersigned counsel, and files this Complaint for damages against his former employer C&M Defense Group, LLC ("Defendant") for failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1) and unjust enrichment.

1.

Plaintiff brings this action against Defendant to recover unpaid overtime compensation due to Plaintiff in connection with this employment relationship with Defendant.

2.

This action seeks attorney's fees, actual, and liquidated damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the FLSA.

## PARTIES

3.

Plaintiff is a resident and citizen of the State of North Carolina.

4.

Defendant is a for profit domestic limited liability corporation.

## JURISDICTION

5.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and other applicable law.

## VENUE

6.

Defendant's principal place of business is in Cobb County, Georgia.

7.

Plaintiff voluntarily submits to the jurisdiction of this Court.

8.

Venue is appropriate before this Court.

FACTUAL ALLEGATIONS

9.

Defendant employed Plaintiff from October 3, 2022, through February 27, 2023.

10.

Defendant employed Plaintiff as a security guard.

11.

Defendant suffered or permitted Plaintiff to work.

12.

As a matter of economic reality, Plaintiff was economically dependent upon Defendant.

13.

Defendant employed Plaintiff to provide security services to Defendant's clients.

14.

Defendant controlled the time, place, manner, and method by which Plaintiff provided security services to third-party businesses.

15.

Plaintiff often worked for Defendant in excess of 40 hours in a single workweek.

16.

Defendant compensated Plaintiff at a rate of $15.00 per hour for all hours that Plaintiff worked for Defendant.

17.

Defendant paid Plaintiff on a bi-weekly basis.

18.

Defendant initially classified Plaintiff as an employee subject to withholding taxation.

19.

Defendant arbitrarily and without Plaintiff's prior knowledge or consent, reclassified Plaintiff as an independent contractor.

20.

At all times relevant hereto, Plaintiff performed work for Defendant as an employee.

21.

From October 17, 2022, through October 22, 2022, Plaintiff worked for Defendant for 49.5 hours.

22.

Defendant paid Plaintiff $742.50 for 49.5 hours that Plaintiff worked for Defendant from October 17, 2022, through October 22, 2022.

23.

Defendant was required to compensate Plaintiff at a rate of one and one-half times his regular hourly rate ($22.50 per hour) for all hours Plaintiff worked for Defendant in excess of 40 hours in a single work week.

24.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 9.5 hours that Plaintiff worked for Defendant in excess of 40 hours in a single workweek from October 17, 2022, through October 22, 2022.

25.

Plaintiff is due one-half of his hourly rate, $7.50, for each of the 9.5 hours that Plaintiff worked for Defendant in excess of 40 hours during the workweek ending October 22, 2022, in the amount of $71.25.

26.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages in the amount of $71.25 for each of the 9.5 hours that Plaintiff worked for Defendant in excess of 40 hours during the workweek ending October 22, 2022, in the amount of $71.25.

27.

From October 31, 2022, through November 5, 2022, Plaintiff worked for Defendant for 61.5 hours.

28.

Defendant paid Plaintiff $922.50 for the 61.5 hours that Plaintiff worked for Defendant from October 31, 2022, through November 5, 2022. *Id.*

29.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 21.50 hours that Plaintiff worked for Defendant over 40 hours in a single workweek from October 31, 2022, through November 5, 2022.

30.

Defendant is liable to Plaintiff for one-half of his hourly rate, $7.50, for each of the 21.5 hours that Plaintiff worked for Defendant over 40 hours during the workweek ending November 5, 2022, in the amount of $161.25.

31.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages of $161.25.

32.

From November 7, 2022, through November 12, 2022, Plaintiff worked for Defendant for 82.75 hours.

33.

Defendant paid Plaintiff $1,241.25 for the 82.75 hours that Plaintiff worked for Defendant from November 7, 2022, through November 12, 2022.

34.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 42.75 hours that Plaintiff

worked for Defendant in excess of 40 hours in a single workweek from November 7, 2022, through November 12, 2022.

35.

Plaintiff is due one-half of his hourly rate, $7.50, for each of the 42.75 hours that Plaintiff worked for Defendant in excess of 40 hours during the workweek ending November 12, 2022, in the amount of $320.62.

36.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages of $320.63.

37.

From November 14, 2022, through November 19, 2022, Plaintiff worked for Defendant for 77.50 hours.

38.

Defendant paid Plaintiff $1,162.50 for the 77.50 hours that Plaintiff worked for Defendant from November 14, 2022, through November 19, 2022.

39.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 37.50 hours that Plaintiff worked for Defendant in excess of 40 hours in a single workweek from November 14, 2022, through November 19, 2022.

40.

Plaintiff is due one-half of his hourly rate, $7.50, for each of the 37.50 hours that Plaintiff worked for Defendant in excess of 40 hours during the workweek ending November 19, 2022, in the amount of $281.25.

41.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages of $281.25.

42.

From November 21, 2022, through November 26, 2022, Plaintiff worked for Defendant for 71.75 hours.

43.

Defendant paid Plaintiff $1,076.25 for the 71.75 hours that Plaintiff worked for Defendant from November 21, 2022, through November 26, 2022.

44.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 31.75 hours that Plaintiff worked for Defendant over 40 hours in a single workweek from November 21, 2022, through November 26, 2022.

45.

Plaintiff is due one-half of his hourly rate, $7.50, for each of the 31.75 hours that Plaintiff worked for Defendant over 40 hours during the workweek ending November 26, 2022, in the amount of $238.12.

46.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages of $238.13.

47.

From November 28, 2022, through December 3, 2022, Plaintiff worked for Defendant for 77.25 hours.

48.

Defendant paid Plaintiff $1,158.745 for the 77.25 hours that Plaintiff worked for Defendant from November 28, 2022, through December 3, 2022.

49.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 37.25 hours that Plaintiff worked for Defendant over 40 hours in a single workweek from November 28, 2022, through December 3, 2022.

50.

Plaintiff is due one-half of his hourly rate, $7.50, for each of the 37.25 hours that Plaintiff worked for Defendant over 40 hours during the workweek ending December 3, 2022, in the amount of $279.37.

51.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory

obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages of $279.38.

52.

From December 5, 2022, through December 10, 2022, Plaintiff worked for Defendant for 78.75 hours.

53.

Defendant paid Plaintiff $1,181.25 for the 78.75 hours that Plaintiff worked for Defendant from December 5, 2022, through December 10, 2022.

54.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 38.75 hours that Plaintiff worked for Defendant in excess of 40 hours in a single workweek from December 5, 2022, through December 10, 2022.

55.

Plaintiff is due one-half of his hourly rate, $7.50, for each of the 38.75 hours that Plaintiff worked for Defendant over 40 hours during the workweek ending December 10, 2022, in the amount of $290.62.

56.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages of $290.63.

57.

From December 12, 2022 through December 17, 2022, Plaintiff worked for Defendant for 76 hours.

58.

Defendant paid Plaintiff $1,181.25 for the 78.75 hours that Plaintiff worked for Defendant from December 5, 2022, through December 10, 2022.

59.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 38.75 hours that Plaintiff worked for Defendant in excess of 40 hours in a single workweek from December 5, 2022, through December 10, 2022.

60.

Defendant is liable to Plaintiff for one-half of Plaintiff's hourly rate, $7.50, for each of the 38.75 hours that Plaintiff worked for Defendant in excess

of 40 hours during the workweek ending December 10, 2022, in the amount of $290.62.

61.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages of $290.63.

62.

From December 19, 2022 through December 23, 2022, Plaintiff worked for Defendant for 66.75 hours.

63.

Defendant paid Plaintiff $1,001.25 for the 66.75 hours that Plaintiff worked for Defendant from December 19, 2022, through December 23, 2022.

64.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 26.75 hours that Plaintiff worked for Defendant over 40 hours in a single workweek from December 19, 2022, through December 23, 2022.

65.

Plaintiff is due one-half of his hourly rate, $7.50, for each of the 26.75 hours that Plaintiff worked for Defendant over 40 hours during the workweek ending December 23, 2022, in the amount of $200.62.

66.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages in the amount of $200.63.

67.

From December 26, 2022, through December 31, 2022, Plaintiff worked for Defendant for 78.75 hours.

68.

Defendant paid Plaintiff $1,038.75 for the 69.25 hours that Plaintiff worked for Defendant from December 26, 2022, through December 31, 2022.

69.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 38.75 hours that Plaintiff

worked for Defendant over 40 hours in a single workweek from December 26, 2022, through December 31, 2022.

70.

Plaintiff is due one-half of his hourly rate, $7.50, for each of the 29.25 hours that Plaintiff worked for Defendant over 40 hours during the workweek ending December 31, 2022, in the amount of $219.37.

71.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages of $219.38.

72.

From January 2, 2023, through January 6, 2023, Plaintiff worked for Defendant for 65.25 hours.

73.

Defendant paid Plaintiff $978.75 for the 65.25 hours that Plaintiff worked for Defendant from January 2, 2023, through January 6, 2023.

74.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 25.25 hours that Plaintiff worked for Defendant over 40 hours in a single workweek from from January 2, 2023, through January 6, 2023.

75.

Plaintiff is due one-half of his hourly rate, $7.50, for each of the 25.25 hours that Plaintiff worked for Defendant over 40 hours during the workweek ending January 6, 2023, in the amount of $290.62.

76.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages in the amount of $290.62.

77.

From January 16, 2023 through January 20, 2023, Plaintiff worked for Defendant for 68.25 hours.

78.

Defendant paid Plaintiff $1,023.75 for the 68.25 hours that Plaintiff worked for Defendant from January 16, 2023 through January 20, 2023.

79.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 28.25 hours that Plaintiff worked for Defendant over 40 hours in a single workweek January 16, 2023 through January 20, 2023.

80.

Plaintiff is due one-half of his hourly rate, $7.50, for each of the 28.25 hours that Plaintiff worked for Defendant over 40 hours during the workweek ending January 16, 2023, in the amount of $211.875.

81.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages in the amount of $211.875.

82.

From January 30, 2023 through February 4, 2023, Plaintiff worked for Defendant for 78 hours.

83.

Defendant paid Plaintiff $1,170.00 for the 78 hours that Plaintiff worked for Defendant from January 30, 2023 through February 4, 2023. *See* Plaintiff's Exhibit O.

84.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 38 hours that Plaintiff worked for Defendant over 40 hours in a single workweek from January 30, 2023 through February 4, 2023.

85.

Defendant is liable to Plaintiff for one-half of his hourly rate, $7.50, for each of the 38 hours that Plaintiff worked for Defendant over 40 hours during the workweek ending February 4, 2023, in the amount of $285.00.

86.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory

obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages of $285.00.

87.

From February 5, 2023 through February 11, 2023, Plaintiff worked for Defendant for 78 hours.

88.

Defendant paid Plaintiff $975.00 for the 65 hours that Plaintiff worked for Defendant from February 5, 2023 through February 11, 2023.

89.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 38 hours that Plaintiff worked for Defendant over 40 hours in a single workweek from February 5, 2023 through February 11, 2023.

90.

Defendant is liable to Plaintiff for one-half of his hourly rate, $7.50, for each of the 25 hours that Plaintiff worked for Defendant over 40 hours during the workweek ending February 11, 2023, in the amount of $187.50.

91.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages of $187.5.00.

92.

From February 13, 2023 through February 17, 2023, Plaintiff worked for Defendant for 55.5 hours.

93.

Defendant paid Plaintiff $832.50 for the 55.5 hours that Plaintiff worked for Defendant from February 13, 2023 through February 17, 2023.

94.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 15.5 hours that Plaintiff worked for Defendant over 40 hours in a single workweek from February 13, 2023 through February 17, 2023.

95.

Defendant is liable to Plaintiff for one-half of his hourly rate, $7.50, for each of the 15.5 hours that Plaintiff worked for Defendant over 40 hours during the workweek ending February 11, 2023, in the amount of $112.50.

96.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages of $187.5.00.

97.

From February 20, 2023 through February 25, 2023, Plaintiff worked for Defendant for 64.5 hours.

98.

Defendant paid Plaintiff $967.50 for the 64.5 hours that Plaintiff worked for Defendant from February 20, 2023 through February 25, 2023.

99.

Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of $15.00 for the 24.5 hours that Plaintiff

worked for Defendant over 40 hours in a single workweek from February 20, 2023 through February 25, 2023.

100.

Defendant is liable to Plaintiff for one-half of his hourly rate, $7.50, for each of the 25 hours that Plaintiff worked for Defendant over 40 hours during the workweek ending February 25, 2023, in the amount of $183.75.

101.

Defendant's refusal to pay Plaintiff at the overtime rate as required by the FLSA was willful and with the knowledge of Defendant's statutory obligation to pay overtime. Accordingly, Defendant is liable to Plaintiff for liquidated damages of $183.75.

102.

**COUNT I:**
**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT.**
103.

Defendant failed to pay Plaintiff at a rate of one and one-half time her regular hourly rate for each hour that she worked over 40 hours in a single workweek.

104.

During the week of December 6, 2021, Plaintiff worked for Defendant for 42.5 hours.

105.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

106.

Defendant failed to compensate Plaintiff for 2.5 hours of overtime during the week of December 6, 2021.

107.

During the week of December 13, 2021, Plaintiff worked for Defendant for 42.5 hours.

108.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

109.

Defendant failed to compensate Plaintiff for 2.5 hours of overtime during the week of December 13, 2022.

110.

During the week of December 20, 2022, Plaintiff worked for Defendant for 42.5 hours.

111.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

112.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of December 20, 2022.

113.

During the week of December 27, 2022, Plaintiff worked for Defendant for 42.5 hours.

114.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

115.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of December 27, 2022.

116.

During the week of January 3, 2023, Plaintiff worked for Defendant for 42.5 hours.

117.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

118.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of January 3, 2023.

119.

During the week of January 10, 2023, Plaintiff worked for Defendant for 42.5 hours.

120.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

121.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of January 10, 2023.

122.

During the week of January 17, 2023, Plaintiff worked for Defendant for 42.5 hours.

123.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

124.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of January 17, 2023.

125.

During the week of January 24, 2023, Plaintiff worked for Defendant for 42.5 hours.

126.

Plaintiff paid Plaintiff for 40 hours at a rate of $16.83 per hour.

127.

Defendant failed to compensate Plaintiff for 2.5 hour of overtime during the week of January 24, 2022.

**COUNT II: Unjust Enrichment**

128.

There was an express contract between Plaintiff and Defendant that required that Plaintiff perform the functions of a payroll manager for Defendant in exchange for $18.00 per hour.

129.

There was an implied contract between Plaintiff and Defendant that required that Plaintiff perform the functions of a payroll manager for Defendant in exchange for $18.00 per hour.

130.

Plaintiff performed the functions of a payroll manager.

131.

On or about December 27, 2021, Defendant reduced Plaintiff's rate of compensation from $18.00 to $16.83 per hour.

132.

Plaintiff continued to perform the functions, duties, and responsibilities of a payroll manager for Defendant after December 27, 2021.

133.

Defendant did not notify Plaintiff in advance of its intent upon decreasing Plaintiff's hourly rate of compensation on or about December 27, 2021.

134.

Defendant determined that the reasonable value of Plaintiff's work as a payroll manager was $18.00 per hour on or about August 1, 2021.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment against Defendant and award Plaintiff an unpaid
       wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216,
       liquidated damages as provided by 29 U.S.C. § 216, pre-judgment
       interest on unpaid wages, court costs, expert witness fees, and
       reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all
       other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that the rights of Plaintiff
       have been violated and that Defendant willfully violated the FLSA;

(D)    General damages for mental and emotional suffering caused by
       Defendant's misconduct;

(E)    Punitive damages based on Defendant's willful, malicious,
       intentional, and deliberate acts, including ratification,
       condonation and approval of said acts;

(F)     Special damages and/or liquidated damages for lost wages and

benefits and prejudgment interest thereon;

(G)     Reasonable attorney's fees and expenses of litigation;

(H)     Declaratory relief to the effect that Defendant C&M Defense

Group, LLC has violated Plaintiff's statutory rights;

(I)     Injunctive relief of reinstatement, or front pay in lieu thereof, and

prohibiting Defendant C&M Defense Group, LLC, from further

unlawful conduct of the type described herein; and

(J)     All other relief to which he may be entitled.

Respectfully submitted this 20th day of August 2023.

**ANTHONY DAWKINS, P.C.**

*/s/ Anthony Dawkins*
Anthony Dawkins, J.D.
GA Bar No.: 157904
*Attorney for Plaintiff*

1100 Peachtree Street NE, Suite 200
Atlanta, Georgia 30309
Phone: (404) 551-5333
Fax:    (404) 678-870-5999
anthony@justice24-7.com