UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHOSEN FIGURE LLC,

Plaintiff,

v.

STEED MEDIA GROUP, INC. dba ROLLING OUT,

Defendant.

Case No:

**COMPLAINT**

DEMAND FOR JURY TRIAL

Plaintiff Chosen Figure LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Steed Media Group, Inc. dba Rolling Out ("*Defendant*") hereinafter Steed, states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a website known as rollingout.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Website

and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Chosen Figure LLC is a Georgia limited liability company and maintains a principal place of business in Gwinnett County, Georgia.

6. Upon information and belief, Defendant Steed Media Group, Inc., is a Georgia Corporation with a principal place of business at PO Box 4479, Atlanta in Fulton County, Georgia and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Steed Media Group, Inc. because it maintains its principal place of business in Georgia.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Steed Media Group, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. Steed Media Group, Inc. is the registered owner of the Website and is responsible for its content.

15. Steed Media Group, Inc. is the operator of the Website and is responsible for its content.

16. The Website is a popular and lucrative commercial enterprise.

17. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

18. The Website is monetized in that it sells merchandise to the public and, upon information and belief, Defendant profits from these activities.

19. On June 29, 2021, Plaintiff authored a photograph of A$AP Rocky smoking a cigarette ("Photograph 1"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

20. Plaintiff applied to the USCO to register Photograph 1 on or about

September 10, 2021 under Application No. 1-10833108727.

21. Photograph 1 was registered by the USCO on September 10, 2021 under Registration No. VA 2-268-934.

22. On May 10, 2022, Plaintiff first observed Photograph 1 on the Website in a story dated July 10, 2021 (the "*Story*"). A copy of the screengrab of the Website including Photograph 1 is attached hereto collectively as Exhibit 2.

23. The Story was displayed at URL: https://rollingout.com/2021/07/10/aap-rocky-brings-his-fashion-swag-to-pacsun-with-new-collaborations/.

24. The Photograph was stored at URL: https://i0.wp.com/rollingout.com/wp-content/uploads/2021/07/asap-2.png?resize=960%2C591&ssl=1.

25. On June 29, 2021, Plaintiff authored a photograph of A$AP Rocky sitting on steps ("Photograph 2"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

26. Plaintiff applied to the USCO to register Photograph 2 on or about September 10, 2021 under Application No. 1-10833108727.

27. Photograph 2 was registered by the USCO on September 10, 2021 under Registration No. VA 2-268-934.

28. On May 10, 2022, Plaintiff first observed Photograph 2 on the

Website in the Story. A copy of the screengrab of the Website including Photograph 2 is attached hereto collectively as Exhibit

29. Plaintiff, though counsel, attempted to contact Defendant via email on 7/11/23 and via mail and email on 7/21/23 regarding this claim, but did not receive a response from Defendant.

30. The Photograph was stored at URL: https://i0.wp.com/rollingout.com/wp-content/uploads/2021/07/asap-2.png?resize=960%2C591&ssl=1.

31. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff copyright protected photographs (hereinafter collectively referred to as "*Photographs*") as are set forth in Exhibit "1" on the Website.

32. Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

33. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5);*

*Perfect 10, Inc. v. Amazon.com, Inc., 508* F.3d 1146, 1160 (9th Cir. 2007).

34. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

35. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

36. Upon information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Michael "Ice-blue" Harris whose LinkedIn page lists him as an "Entertainment Staff Writer" ("Employees").

37. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

38. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

39. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

40. Upon information and belief, Defendant is not registered with the

United States Copyright Office pursuant to 17 U.S.C. §512.

41. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

42. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

43. Upon information and belief, Defendant monitors the content on its Website.

44. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

45. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

46. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

47. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

48. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

49. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

# FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

50. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

51. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

52. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

53. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

54. Defendant's reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

55. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of

Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

56. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

57. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

58. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: August 21, 2023

**SANDERS LAW GROUP**

By:   */s/ Ashley Wentz*
Ashely Wentz, Esq.
333 Earle Ovington Blvd., Suite 402
Uniondale, New York 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126005
*Attorneys for Plaintiff*