**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHARLES GARDNER, | |
| Plaintiff, | |
| | CASE NO. |
| -vs- | |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and SANTANDER CONSUMER USA INC., | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, CHARLES GARDNER (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and SANTANDER CONSUMER USA INC. ("Santander") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     The Plaintiff is a natural person and resident of Wharton County in the State of Texas. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

10.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

13.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

15.     Santander is a corporation with its principal place of business in the State of Texas and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

16.     Santander is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

17.     Santander furnished inaccurate information about Plaintiff to the CRAs.

## FACTUAL ALLEGATIONS

18.     Plaintiff is alleged to owe a debt to Santander. Plaintiff does not owe any debt to Santander.

19.     Plaintiff began to receive mail correspondence from Santander on or about March of 2021 regarding an auto loan account ending in 1000 ("Santander Account"). Plaintiff never applied or gave permission to anyone to apply using his information for this account.

20.     Plaintiff contacted Santander and affirmed that the debt did not belong to him. Additionally, he requested a copy of the vehicle purchase agreement.

21.     Upon receipt and his review of the vehicle purchase agreement, Plaintiff observed that it was signed by "Charles Gardener", which was a misspelling of Plaintiff's last name.  Plaintiff did not purchase a vehicle that was funded by Santander.

22.     On August 18, 2021, Plaintiff went to the Wharton County Sheriff's Office to file a police report regarding the fraudulent auto loan.

23.     On December 6, 2022, Plaintiff obtained copies of his credit reports and became aware of the Santander Account on his credit reports. The Santander Account was being reported with an outstanding balance of $2,352 with the account pay status of "charge off". Such erroneous reporting negatively impacted his credit score.

24.     In response to the inaccurate reporting, on December 21, 2022, Plaintiff mailed a detailed dispute letter to Equifax and Experian. Plaintiff made Equifax and Experian aware that the Santander Account did not belong to him. In the dispute letter, Plaintiff included an image of his driver's license to confirm his identity. Additionally, Plaintiff provided images of the vehicle purchase agreement that was signed by a "Charles Gardener", images from his credit report of the fraudulent

account, and a copy of the police report filed with the Wharton County Sheriff's Office.

25.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (7020 1810 0000 2519 2116) and Experian (7020 1810 0000 2519 2130).

26.     On January 5, 2023, Experian responded to Plaintiff's dispute by stating the Santander Account had been "VERIFIED AS ACCURATE" and updated to reflect that $542 was past due as of January 2023.

27.     Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted the inaccurate information it received from the furnisher, Santander.

28.     Experian never attempted to contact Plaintiff during the alleged investigation.

29.     Upon information and belief, Experian notified Santander of Plaintiff's written dispute. However, Santander failed to conduct a reasonable investigation and merely compared its own erroneous data.

30.     Subsequently, on January 10, 2023, Experian responded to Plaintiff's written dispute letter by stating an Extended Fraud Victim Alert was added to Plaintiff's credit report.

31.     On January 5, 2023, Equifax responded to Plaintiff's written dispute letter by stating the proof of identity provided does not match the information on

Plaintiff's credit file and requested two different forms of identity to verify his current address.

32.    Subsequently, on or about January 11, 2023, Plaintiff received a postcard from Equifax which stated an extended fraud alert had been added to his credit report.

33.    Equifax failed to do any independent investigation into Plaintiff's dispute.

34.    On or about January 23, 2023, Plaintiff responded to Equifax's request for ID Verification and mailed a copy of his Social Security card and recent electricity bill as proof of his identity and current address.

35.    Plaintiff mailed the ID Verification Equifax via USPS Certified Mail, tracking no. 7020 1810 0000 2519 2161.

36.    Also on January 23, 2023, in response to the continued inaccurate reporting, Plaintiff mailed a second detailed dispute letter to Equifax and Experian. Plaintiff reiterated that the Santander Account did not belong to him. In the dispute letter, Plaintiff again included an image of his driver's license to confirm his identity. Further, provided images of the vehicle purchase agreement that was signed by a "Charles Gardener", an image of his true signature, images from his credit report and results of the fraudulent reporting, and a copy of the police report that he filed with the Wharton County Sheriff's Office. Plaintiff provided sufficient and ample

information to Equifax and Experian to independently determine the Santander Account was not his.

37.    Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (7020 1810 0000 2519 2154) and Experian (7020 1810 0000 2519 2147).

38.    On February 3, 2023, Experian responded to Plaintiff's written dispute letter by stating that to "have the requested information removed from your personal credit report, you must send us a copy of a valid identity theft report (an official report filed with an appropriate federal, state, or local law enforcement agency…". At this point in time, Plaintiff had sent a copy of the police report filed with the Wharton County Sheriff's Office at least two (2) times since it was included in both detailed dispute letters Plaintiff sent to Experian.

39.    Subsequently, on February 17, 2023, Experian responded to Plaintiff's written dispute letter by stating the Santander Account was "VERIFIED AS ACCURATE".

40.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted the inaccurate information it received from the furnisher, Santander.

41.    Experian never attempted to contact Plaintiff during the alleged investigation.

42.     Upon information and belief, Experian notified Santander of Plaintiff's written dispute. However, Santander failed to conduct a reasonable investigation and merely compared its own erroneous data.

43.     On or about February 3, 2023, Equifax responded to Plaintiff's written detailed dispute letter by stating the "disputed item not currently on report".

44.     Relieved that the Santander Account may no longer be on his Equifax report, on February 17, 2023, Plaintiff attempted to obtain a copy of his Equifax credit report online and received a message that his credit report was unavailable.

45.     On February 22, 2023, Plaintiff again attempted to obtain a copy of his Equifax credit report online and received the same message that his credit report was unavailable.

46.     Having been unable to obtain a copy of his Equifax credit report, on March 10, 2023, Plaintiff sent a written letter to Equifax requesting a copy of his credit report to verify the fraudulent Santander Account was in fact no longer being reported. Plaintiff included a copy of the February 3, 2023, results from Equifax. Further, to confirm his identity, Plaintiff included a copy of his driver's license, Social Security card, and recent electricity bill.

47.     Plaintiff mailed his letter to Equifax via USPS Certified Mail, tracking no. 7022 0410 0000 4128 0861.

48.     On March 20, 2023, Equifax responded to Plaintiff's request by stating "your current address is currently reporting correctly on your Equifax credit file."

49.     Equifax failed to provide a copy of Plaintiff's Equifax credit report as requested and provided no proof or verification that the Santander Account had been removed and was no longer being reported on Plaintiff's credit file.

50.     Additionally, due to the continued inaccurate reporting by Experian, on March 10, 2023, Plaintiff sent a *third* detailed dispute letter to Experian. Plaintiff once again explained that the Santander Account did not belong to him. Plaintiff advised that he filed a police report with the Wharton County Sheriff's Office and provided a copy in his letter. Further, Plaintiff advised that he filed a Federal Trade Commission Identity Theft Report online, reference number 156836431. Plaintiff provided a copy of his driver's license and Social Security card to confirm his identity. Plaintiff also provided images of his prior dispute results, images from his credit report of the fraudulent Santander Account, images of the vehicle purchase agreement that was signed by a "Charles Gardener", and an image of his true signature.

51.     Plaintiff mailed his dispute letter to Experian via USPS Certified Mail, tracking no. 7022 0410 0000 4128 0847.

52.     On April 10, 2023, Experian responded to Plaintiff's third detailed dispute letter by stating the Santander Account was "VERIFIED AS ACCURATE".

53.     Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted the inaccurate information it received from the furnisher, Santander.

54.     Experian never attempted to contact Plaintiff during the alleged investigation.

55.     Upon information and belief, Experian notified Santander of Plaintiff's written dispute. However, Santander failed to conduct a reasonable investigation and merely compared its own erroneous data.

56.     As of the filing of this Complaint, Experian continues to report the negative information on Plaintiff's credit report regarding the Santander Account, and Plaintiff's damages are on-going.

57.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation or otherwise make her credit file accurate.

58.     Defendants have never attempted to contact Plaintiff about his disputes.

59.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.   Monies lost by attempting to fix his credit;

     ii.   Loss of time attempting to cure the errors;

    iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

    iv.  Reduction in credit score;

    v.  Rejection of a loan for a truck; and

    vi.  Apprehensiveness to apply for additional vehicle loans due to the fear of rejection.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

60.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

61.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Equifax allowed Santander to report inaccurate information on an account.

62.   Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

63.    The FCRA requires that Equifax must follow procedures which assure that the reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. § 1681e(b).

64.    Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the police report of the Wharton County Sheriff's Office, which contained sworn testimony of the fraud.

65.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, inability to obtain commercial vehicle loans; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

66.    The conduct, action, and/or inaction of Equifax was negligent, entitling Plaintiff to recover actual damages under 15 USC § 1681o.

67.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHARLES GARDNER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT II**</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

68.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

69.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Equifax allowed Santander to report inaccurate information on an account.

70.   Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

71.   The FCRA requires that Equifax must follow procedures which assure that the reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. § 1681e(b).

72.   Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the police report of the Wharton County Sheriff's Office, which contained sworn testimony of the fraud.

73.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, inability to obtain commercial vehicle loans; mental and emotional pain stemming from the anguish,

humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

74.     The conduct, action, and/or inaction of Equifax was willful, entitling Plaintiff to recover actual or statutory damages and punitive damages under 15 USC § 1681n.

75.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHARLES GARDNER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

76.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

77.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing

to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

78.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax refused to conduct any independent investigations into Plaintiff's disputes.

79.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, inability to obtain commercial vehicle loans; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

80.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

81.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHARLES GARDNER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

82.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

83.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

84.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax refused to conduct any independent investigations into Plaintiff's disputes.

85.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, inability to obtain commercial vehicle loans; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

86.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

87.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHARLES GARDNER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

88.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

89.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Experian allowed Santander to report inaccurate information on an account.

18

90.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

91.     The FCRA requires that Experian must follow procedures which assure that the reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. § 1681e(b).

92.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the police report from the Wharton County Sheriff's Office and Federal Trade Commission Identity Theft Report filing reference number, which contained sworn testimony of the fraud.

93.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, inability to obtain commercial vehicle loans; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

94.     The conduct, action, and/or inaction of Experian was negligent, entitling Plaintiff to recover actual damages under 15 USC § 1681o.

95.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHARLES GARDNER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

96.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

97.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Experian allowed Santander to report inaccurate information on an account.

98.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

99.     The FCRA requires that Experian must follow procedures which assure that the reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. § 1681e(b).

100.   Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the police report from the Wharton County Sheriff's Office and Federal Trade Commission Identity Theft Report filing reference number, which contained sworn testimony of the fraud.

101.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, inability to obtain commercial vehicle loans; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

102.   The conduct, action, and/or inaction of Experian was willful, entitling Plaintiff to recover actual or statutory damages and punitive damages under 15 USC § 1681n.

103.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHARLES GARDNER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT VII</u>
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

104.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

105.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

106.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian refused to conduct any independent investigations into Plaintiff's disputes, Experian never attempted to contact the Wharton County Sheriff's Office, and simply transferred the duty to investigate to and parroted the information provided by the furnisher, Santander.

107.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, inability to obtain commercial vehicle loans; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

108.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

109.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHARLES GARDNER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

110.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

111.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

112.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian refused to conduct any independent investigations into Plaintiff's disputes, Experian never attempted to contact the Wharton County Sheriff's Office, and simply transferred the duty to investigate to and parroted the information provided by the furnisher, Santander.

113.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, inability to obtain commercial vehicle loans; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

114.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

115.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHARLES GARDNER, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-

judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT IX**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Santander Consumer USA Inc. (Negligent)**

116.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

117.   Santander furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

118.   After receiving Plaintiff's disputes, Santander violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate the Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

119.   Plaintiff provided all the relevant information and documents necessary for Santander to have identified that the account did not belong to Plaintiff.

120.   Santander did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Santander by Plaintiff in connection with his

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

121. Santander violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

122. As a direct result of this conduct, action and/or inaction of Santander, Plaintiff suffered damages, including without limitation, inability to obtain commercial vehicle loans; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

123. Santander's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

124. Plaintiff is entitled to recover reasonable attorney's fees and costs from Santander in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHARLES GARDNER, respectfully requests that this Court award actual damages against Defendant, SANTANDER CONSUMER USA INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award

pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, Santander Consumer USA Inc. (Willful)

125.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

126.   Santander furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

127.   After receiving Plaintiff's disputes, Santander violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate the Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

128.   Plaintiff provided all the relevant information and documents necessary for Santander to have identified that the account did not belong to Plaintiff.

129.   Santander did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Santander by Plaintiff in connection with his

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

130.   Santander violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

131.   As a direct result of this conduct, action and/or inaction of Santander, Plaintiff suffered damages, including without limitation, inability to obtain commercial vehicle loans; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

132.   Santander's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

133.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Santander in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHARLES GARDNER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, SANTANDER CONSUMER USA INC., jointly and severally; award

Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHARLES GARDNER, demands judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and SANTANDER CONSUMER USA INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 21st day of August 2023.

Respectfully Submitted,

**/s/ _Octavio Gomez_____**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Jason@theconsumerlawyers.com
*Attorney for Plaintiff*