# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Melissa A. FRANCIS DUNSTAN, <br> A089-623-055 <br><br> **Plaintiff,** <br><br> v. <br><br> MERRICK GARLAND Attorney General of the United States; ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; JERRY ADDISON, Acting Field Office Director, U.S. Citizenship and Immigration Services; and Ur. M Jaddou, Director, U.S. Citizenship and Immigration Services, <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Civil Action No.** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

### *Request for de Novo Review of Naturalization Pursuant to 8 U.S.C. § 1421(c)*

**To the Honorable Judges of Said Court:**

Petitioner, Ms. Melissa A. Francis Dunstan, through undersigned counsel, alleges as follows:

## INTRODUCTION

1. Petitioner, Ms. Melissa A. Francis Dustan ("Petitioner,") is a lawful permanent resident of the United States seeking a *de novo* review of her application for naturalization, a declaration from this Court that she is entitled to be naturalized as a citizen of the United States, pursuant to 8 U.S.C. § 1421(c), 8 C.F.R. § 336.9, as well as an order mandating that she be scheduled for an Oath Ceremony, or that the Court swear her in as a U.S. citizen.

## JURISDICTION AND VENUE

2. This action arises under the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§1101 et seq., the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 et seq., and the Mandamus Act, 28 U.S.C. § 1361. This Court has subject matter jurisdiction pursuant to 5 U.S.C. § 701 as a complaint to review agency action under 28 U.S.C. § 1331 arising under the Constitution and laws of the United States, and finally, pursuant to 8 U.S.C. § 1421(c) to review the denial of an application for naturalization after all other avenues of relief have been exhausted.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) and 8 U.S.C. § 1447(b) because Petitioner resides within the district of this Court and no real property is involved.

## PARTIES

4. Petitioner has been a lawful permanent resident of the United States in excess of five years. Petitioner's claim to become a naturalized citizen of the United States arises under 8 U.S.C. § 1421(c).

5. Defendants are the U.S. Attorney General, the U.S. Secretary of the Department of Homeland Security ("DHS"), the District Director of the Atlanta Office, U.S. Citizenship and Immigration Services, and the Director of the U.S. Citizenship and Immigration Services ("USCIS"). Defendants are responsible for the granting of or the denial of a Petition for naturalization, Application for Naturalization ("petition for naturalization") under the Immigration and Nationality Act and implementing regulations. *See e.g.*, 8 U.S.C. § 1421; 8 C.F.R. § 310; and 8 C.F.R. § 316.3.

## FACTUAL BACKGROUND

6. Petitioner is a native and citizen of Jamaica. Plaintiff has been a lawful permanent resident of the United States since June 16, 2007, resulting from a

petition filed by her former U.S. citizen spouse, Mr. Noel Bennet ("Former Spouse").

7. On September 9, 2006, Petitioner married her former U.S. citizen spouse. On June 16, 2007, Petitioner was granted conditional permanent resident status as the spouse of a U.S. citizen. Petitioner conditional permanent resident status was valid through June 16, 2009.

8. On May 27, 2009, Petitioner and her former spouse jointly filed Form I-751, Petition to Remove Condition on Residence ("petition to remove conditions") before USCIS. On November 13, 2009, USCIS granted Petitioner's Form I-751 without requesting an interview. On July 27, 2011, Petitioner divorced her former spouse.

9. On July 21, 2010, Petitioner submitted a petition for naturalization to seek naturalization under section 319(a) of the INA before USCIS. At the time, Petitioner and her former spouse were separated and contemplating a divorce. On November 9, 2010, Petitioner appeared to her petition for naturalization interview before USCIS. During the interview, Petitioner falsely claimed to be residing with her former spouse. Petitioner also failed to disclose she had an extramarital affair that resulted in the procreation of a

child with another man, and Petitioner failed to include her child in the application.

10. On December 16, 2010, USCIS denied Petitioner's petition for naturalization, finding that Petitioner did not qualify for naturalization under 319(a) of the INA because Petitioner was living apart from her former spouse. USCIS also denied Petitioner's petition for naturalization, finding that Petitioner could not meet her burden of demonstrating that she was a person of good moral character during the statutory period alleging that Petitioner provided false information with the intent of obtaining an immigration benefit as she failed to disclose that she was not residing with her from her former spouse at the time she filed Petition for naturalization. Petitioner was advised that she would be eligible to reapply for naturalization on or after November 9, 2015. <u>Exhibit A</u>, Form N-400 Denial, dated December 16, 2010.

11. On February 5, 2016, Petitioner submitted Petition for naturalization for a second time. This time, seeking naturalization under section 316 of the INA. Petition for naturalization did include information about her child.  On May 18, 2016, Petitioner attended her naturalization interview. During the interview, Petitioner was asked whether she had given any governmental

official any information or document that was false, fraudulent, or misleading, whether she had ever lied to any U.S. Government official to gain entry or admission into the United States or to gain immigration benefits while in the United States. Petitioner answered "NO" to both questions.

12. Nonetheless, despite answering "No" to both questions, Petitioner explained in her sworn statement that during her November 9, 2010, interview she failed to disclose she was not physically residing with her former spouse. Petitioner did so because she was still married to her husband and her belongings were still at the marital home. <u>Exhibit B</u>, Record of Sworn Statement, dated May 18, 2016.

13. On June 29, 2016, USCIS denied Petitioner's petition for naturalization. Despite being truthful in her sworn statement, USCIS alleged, once again, that Petitioner was not able to demonstrate that she was a person of good moral character as a result of providing false information during her naturalization interview on November 9, 2010. Petitioner was advised that she would be eligible to reapply again on or after May 18, 2021. <u>Exhibit C</u>, N-400 Denial, dated June 29, 2016.

14. On December 9, 2021, Petitioner submitted her Petition for naturalization for a third time. On May 20, 2022, Petitioner attended her naturalization interview. During the interview, Petitioner testified under oath that she had previously provided false information. She also testified that during her marriage to her former spouse and prior to the submission of her Form I-751, Petition to Remove Conditions, she had given birth to a child fathered by someone else. She testified that she and her former spouse started having marital right after their marriage, that the relationship changed, and that she made several mistakes. Exhibit D, Record of Sworn Statement, dated Mat 20, 2022.

15. On July 18, 2022, USCIS once again denied Petitioner's petition for naturalization, alleging that USCIS improperly removed her conditions and that she was not a lawful permanent resident because she allegedly removed her conditions through fraud and misrepresentation. Specifically, USCIS denied the petition for naturalization, alleging that Petitioner failed to disclose that she had a child outside of her marriage and that she was separated and not residing with her former spouse at the time Petitioner filed her petition to remove conditions. Exhibit E, N-400 Denial, dated July 18, 2022.

16. On September 26, 2022, Petitioner submitted Form N-336, Request for a Hearing on a Decision in Naturalization ("Form N-336"), alleging that Form I-751 was not approved in error and that she did not remove her conditions through fraud or misrepresentation. <u>Exhibit F</u>, Form N-336 Submission.

17. On July 17, 2023, USCIS denied Petitioner's Form N-336 affirming its previous decision alleging that Petitioner obtained her removal of conditions by fraud and misrepresentation and that she did not properly have her conditions removed. <u>Exhibit G</u>, N-336 Denial, dated July 17, 2023.

18. Petitioner alleges that USCIS erroneously concluded that she did not properly remove her conditions. Section 216(a) of the INA states that a petitioner and beneficiary may file a joint petition to remove conditions. The parties must establish that: (1) the marriage was legal where it took place; (2) the marriage has not been terminated; (3) the marriage was not entered into for purposes of procuring residency; and (4) no fee (other than an attorney's fee to assist filing) was paid. Memo Neufeld, Acting Asso. Director, USCIS, I-751 Filed Prior to Termination of Marriage (April 3, 2009). USCIS may not deny a petition solely because the spouses are separated and/or have initiated divorce annulment proceedings." *Id.*

19. In this case, USCIS erroneously concluded that Petitioner's petition to remove conditions was approved in error because there is nothing in the regulations indicating that giving birth to a child fathered by someone else is a bar to a removal of conditions. To the contrary, the evidence in the record demonstrates that Petitioner complied with all the statutory requirements to remove conditions. Petitioner's marriage to her former spouse was legal in the United States, and the marriage had not been terminated at the time USCIS approved the petition to remove conditions. In support of Form N-336, Petitioner submitted a sworn declaration about what transpired in their marriage and indicated that Petitioner and her former husband were holding themselves as a married couple and trying to save their marriage at the time Form I-751 was filed. Exhibit F, Form N-336 Submission.

20. Petitioner also alleges that USCIS erroneously concluded that Petitioner obtained her removal of conditions by fraud and misrepresentation. A person who, by willfully misrepresenting a material fact, seeks, sought, or has procured a visa, other documentation, or admission into the U.S. or other [INA] benefits is inadmissible. INA § 212(a)(6)(C)(i) [8 USC(a)(6)(i)]. A misrepresentation is "material" if it enabled or would have enabled the alien

9

to receive a benefit for which he or she would not otherwise have been eligible. *Kungys v. United States*, 485 U.S. 759 (1988).

21. Here, Petitioner's misrepresentation was not material. Petitioner's omission of her child during the removal of conditions would not have resulted in a determination that she was ineligible to remove her conditions. Petitioner was entitled and eligible to remove her conditions. She was legally married to her former spouse. Being separated or having a child outside her marriage did not make her ineligible to remove conditions and would have had no bearing on the outcome of and approval of Form I-751.

22. Because Petitioner's Form I-751 was not approved in error and because Petitioner's misrepresentation was immaterial, USCIS erroneously denied Petitioner's Petition for naturalization.

23. As paragraphs 24–28 below demonstrate, Petitioner meets all the requirements for naturalization as established by INA § 316, 8 USC § 1427.

24. Petitioner has and can demonstrate an understanding of the English language, including the ability to read, write and speak words in ordinary English usage.

25. Petitioner has and can demonstrate a knowledge and understanding of the fundamentals of the history and of the principles and form of government of the United States.

26. Petitioner is not now, and has never been, opposed to government or law, nor has she favored totalitarian forms of government, nor has she been connected in any manner with any organization, including but not limited to any Communist organization that does so.

27. Petitioner is not a deserter from the U.S. armed forces and has never been relieved from training and service in the U.S. armed forces because of alienage.

28. Immediately preceding the date of filing her application for naturalization, Petitioner resided continuously within the United States for at least five years, and during the five years immediately preceding that date, she has been physically present in the United States.

## CLAIMS FOR RELIEF

29. Generally speaking, an applicant for naturalization has the burden to demonstrate that all of the requirements are met for a grant of naturalization, including proof the applicant is a person of good moral character pursuant to INA § 316(a), 8 USC § 1427(a).

30. Petitioner meets all requirements for a grant of naturalization.

31. By denying Petitioner's application for naturalization, Defendants have adversely affected and aggrieved Petitioner under 5 USC § 702, for which relief is provided under 5 USC § 706 and 8 USC § 1421(c).

**WHEREFORE, Petitioner requests that the Court**:

32. Conduct a *de novo* review of the record and enter findings of fact and conclusions of law that Petitioner is qualified for naturalization and admitting the Petitioner to citizenship, and finding further that Defendants' denial of Petitioner's application was erroneous and not substantially justified, or in the alternative;

33. Schedule and conduct a hearing *de novo* on Petitioner's application for naturalization, and following said hearing, enter findings of fact and conclusions of law that Petitioner is qualified for naturalization and admitting the Petitioner to citizenship, and finding further that Defendants' denial of Petitioner's application was erroneous and not substantially justified;

34. Order Defendants to issue Petitioner a Certificate of Naturalization at the next available opportunity but in no event later than 30 days after this Court's final order disposing of this matter;

35. Grant Petitioner a reasonable attorney's fee and her costs and expenses herein pursuant to 28 USC § 2412; and

36. Grant such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 21th day of August 2023.

ZAMBRANO & RUIZ LLC,

/s/   Shirley C. Zambrano
Shirley C. Zambrano
GA Bar Number: 741429
1995 North Park Place, Suite 360
Atlanta, GA 30339
Phone: 770-769-5821
Fax: 770-769-5810
szambrano@zambranoandruiz.com

*Counsel for Petitioner*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 21th day of August 2023, the foregoing **COMPLAINT** and its accompanying Exhibits were served by certified mail on:

Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Alejandro Mayorkas
Secretary, Department of Homeland Security
425 I Street
Washington, D.C. 20536

Jerry Addison
Acting Field Office Director, Atlanta District Office
U.S. Citizenship and Immigration Services
2150 Parklake Drive NE
Atlanta, GA 30345

Ur. M. Jaddou, Director
U.S. Citizenship and Immigration Services
20 Massachusetts Avenue, NW
Washington, DC 20529

Ryan K. Buchanan, U.S. Attorney
Federal District Court, Northern District of Georgia
The United States Attorney's Office
Richard B. Russell Federal Building
75 Ted Tuner Drive, SW, Suite 600
Atlanta, Georgia 30303-3309

ZAMBRANO & RUIZ LLC,

/s/   Shirley C. Zambrano
Shirley C. Zambrano
GA Bar Number: 741429
1995 North Park Place, Suite 360
Atlanta, GA 30339
Phone: 770-769-5821
Fax: 770-769-5810
szambrano@zambranoandruiz.com

*Counsel for Petitioner*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Melissa A. FRANCIS DUNSTAN, )<br>A089-623-055 )<br> )<br>      **Petitioner,** )<br> )<br>v. )<br> ) **Civil Action No.**<br>MERRICK GARLAND Attorney )<br>General of the United States; )<br>ALEJANDRO MAYORKAS, )<br>Secretary, Department of Homeland )<br>Security; JERRY ADDISON, Acting )<br>Field Office Director, U.S. Citizenship )<br>and Immigration Services; and )<br>Ur. M Jaddou, Director, U.S. Citizenship )<br> and Immigration Services, )<br> )<br>      **Respondents.** )<br>_____) | |

## **LIST OF EXHIBITS**

    Exhibit A    Form N-400 Denial, dated December 16, 2010.

    Exhibit B    Record of Sworn Statement, dated May 18, 2016.

    Exhibit C    N-400 Denial, dated June 29, 2016.

    Exhibit D    Record of Sworn Statement, dated May 20, 2022.

    Exhibit E    N-400 Denial, dated July 18, 2022.

Exhibit F    Form N-336 Submission.

Exhibit G    N-336 Denial, dated July 17, 2023.