# EXHIBIT A



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*District 5 – Philadelphia Field Office*
1600 Callowhill Street
Philadelphia, PA 19130



**U.S. Citizenship and Immigration Services**

Melissa Antionette Francis Bennett
1322 Kerper Street
Philadelphia, PA. 19111

**Refer to this file:** NBC*001122617
**Alien Number:** A89623055
**Date:** December 16, 2010

### NOTICE OF DECISION

Reference is made to your Application for Naturalization (Form N-400), which you filed on July 21, 2010 in accordance with Section 319(a) of the Immigration and Nationality Act, as amended (Act).

Pursuant to the investigation and examination of your application, it is determined that you are ineligible for naturalization for the following reason(s):

### See Attachment(s)

If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, **you must file a request for a hearing within 30 Days** of the date of the receipt of this notice. If no request for hearing is filed within the time allowed, this decision is final. A request for hearing may be made to the District Director, with the United States Citizenship and Immigration Services office which made the decision, on Form N-336, **Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act, together with a fee of $605.** A brief or other written statement in support of your request may be submitted with the Request for Hearing.

Sincerely,

*[signature]*

Evangelia A. Klapakis
Field Office Director

Certified Mail; Return Receipt Requested

A # A89623055             1             www.uscis.gov

ATTACHMENT TO FORM N-335

FORM:           N-400
FILE:           A89623055
APPLICATION:    NBC*001122617
APPLICANT:      Melissa A. Francis Bennett

BACKGROUND

On November 9, 2010, you were interviewed to give you an opportunity to establish your eligibility for naturalization. Your examination revealed that you are a native of Jamaica who last entered the United States on March 16, 2004, as an F-1 Student. On September 29, 2006, you married a United States citizen, Noel W. Bennett. On November 19, 2006, Bennett filed a Form I-130 immigrant visa petition on your behalf concurrently with your application for lawful permanent residence, Form I-485.

You became a lawful permanent resident on June 16, 2007, with conditional status pursuant to the requirements of section 216 of the Act. On May 27, 2009, you filed a Form I-751, Petition to Remove the Conditions on Residence and it was granted on November 13, 2009.

APPLICABLE LAW

Title 8 of the Code of Federal Regulations §319.1(a)(3) states that to be eligible for naturalization under Section 319(a) of the Act, the spouse of a United States citizen must establish that he or she has been living in marital union with the citizen spouse for the three years preceding the date of examination on the application, and the spouse has been a United States citizen for the duration of that three year period.

8 CFR §319(b)(1) states that an applicant lives in marital union with a citizen spouse if the applicant actually resides with his or her current spouse. The burden is on the applicant to establish, in each individual case, that a particular marital union satisfies the requirement of this part. (Emphasis added.)

**Title 8 of the Code of Federal Regulations (8 CFR) Part 316.2 states, in part:**

(a) General. Except as otherwise provided in this chapter, to be eligible for naturalization, an alien must establish that he or she:
  (1) Is at least 18 years of age;
  (2) Has been lawfully admitted as a permanent resident of the United States;
  (3) Has resided continuously within the United States, as defined under § 316.5, for a period of at least five years after having been lawfully admitted for permanent residence;
  (4) Has been physically present in the United States for at least 30 months of the five years preceding the date of filing the application;
  (5) Immediately preceding the filing of an application, or immediately preceding the examination on the application if the application was filed early pursuant to section 334(a) of the Act and the three month period falls within the required period of residence under section 316(a) or 319(a) of the Act, has resided, as defined under § 316.5, for at least three months in a State or Service district having jurisdiction over the applicant's actual place of residence, and in which the alien seeks to file the application;
  (6) Has resided continuously within the United States from the date of application for naturalization up to the time of admission to citizenship;
  (7) For all relevant time periods under this paragraph, has been and continues to be a person of good moral character, attached to the principles of the Constitution of the

2





Melissa A. Francis
Page 3

> United States, and favorably disposed toward the good order and happiness of the United States; ...
>
> (b) Burden of proof. The applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization, including that the applicant was lawfully admitted as a permanent resident to the United States, in accordance with the immigration laws in effect, at the time of the applicant's initial entry or any subsequent entry.

**Part 316.10 of 8 CFR** provides:
> (a) Requirement of good moral character during the statutory period.
>   (1) An applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character. This includes the period between examination and the administration of the oath of allegiance.
>   (2) In accordance with section 101(f) of the Act, the Service shall evaluate claims of good moral character on a case-by-case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence. The Service is not limited to reviewing the applicants conduct during the five years immediately preceding the filing of the application, but may take into consideration, as a basis for its determination, the applicant's conduct and acts at any time prior to that period, if the conduct of the applicant during the statutory period does not reflect that there has been reform of character from an earlier period or if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character.

**Part 316.10 of 8 CFR** further states, in part:
> (b) Finding of a lack of good moral character.
>   (2) An applicant shall be found to lack good moral character if during the statutory period the applicant:
>     **(vi)** **Has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material, in the sense that if given truthfully it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefits.** (Emphasis added.)

**Section 316.2 of 8 CFR** further states:
> (c) Burden of proof. The applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization...

## DISCUSSION

One of the requirements for naturalization under section 319(a) is good moral character for the statutory period of three years before the filing date of the application for naturalization. An investigation of the proof you submitted and along with other records and documents produced significant factual and evidentiary matter that you had not been living with your husband Noel W. Bennett since some time in 2009. You failed to establish your eligibility under section 319(a).

## DISCUSSION REGARDING FALSE TESTIMONY

In light of the foregoing information, your statements regarding your residence, and living arrangements is found to be false testimony. Your response to questions on the Form N-400 and to Officer Burroughs on November 9, 2010 was part of an ongoing effort to misrepresent the truth through fraud and misrepresentation. You were asked repeatedly during your examination if you were giving truthful answers regarding any and all information given or supplied to USCIS and the INS. You confirmed you understood what it meant to be truthful and you were affirming everything you said and provided was the truth. USCIS can only conclude you were not telling the truth.

According to section 101(f)(6) of the Act, an individual who gives false testimony for the purpose of obtaining any benefit under the Act during the statutory period is precluded from establishing good moral

3

character. You provided false testimony while under oath and while pursuing the immigration benefit of naturalization on November 9, 2010 by stating that you were living with Noel Bennett. You stated that you understood what it meant to give sworn testimony and provide the truth and only the truth. In *Kungys v. United States*, 485 U.S. 759, 780 (1988), the U.S. Supreme Court ruled materiality of the false testimony need not be established, as the primary purpose of section 101(f)(6) of the Act is to identify lack of good moral character, which "appears to some degree whenever there is a subjective intent to deceive, no matter how material the deception."

You have lived at a residence, 1322 Kerper Street Philadelphia PA 19111 at least since some time in 2009. You filed your Form N-400 using 2746 N. Newkirk Street Philadelphia PA 19132 as your claimed residence and affirmed your were living with Noel Bennett at that address since August 31, 2006. Therefore, you have demonstrated a subjective intent to deceive the Service, and your false testimony meets the standard set forth in *Kungys*.

Your overall lack of candor under oath and your written responses to your naturalization application reveals you have given false and misleading statements and testimony for the purpose of obtaining naturalization in violation of 8 CFR 316.10(b)(6). Therefore, you have not met your burden of proof in establishing your good moral character. Furthermore, the lack of testimonial candor is not consistent with good moral character.

## CONCLUSION

The Service concludes that you do not qualify under section 319(a) because of your living apart from Noel Bennett during the statutory period and are not a person of good moral character because you gave false testimony to a Federal Officer while sworn to provide the truth and nothing but the truth on the date of your examination November 9, 2010. 8 CFR §316.10(b)(2)(vi) states that an applicant shall be found to lack good moral character if during the statutory period the applicant has given false testimony to obtain any benefit from the Act.

Based on the entire record, it is the decision of the Service that you have failed to establish your eligibility as the spouse of a United States citizen for naturalization. Furthermore your false testimony at your examination affects your good moral character as of the date of the examination. Consequently, this application is DENIED. It is noted that you may be eligible to reapply for naturalization once you have met all the statutory requirements on or after November 9, 2015.