# EXHIBIT C

 

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Philadelphia Field Office
30 N. 41ˢᵗ Street
Philadelphia, PA 19104



**U.S. Citizenship and Immigration Services**

JUN 29 2016

Melissa Antoinette Francis Bennett
1322 Kerper Street
Philadelphia, PA 19111

A089623055
NBC*006537523

## DECISION

Dear Melissa Antoinette Francis Bennett:

Thank you for submitting Form N-400, Application for Naturalization, to U.S. Citizenship and Immigration Services (USCIS) under section 316 of the Immigration and Nationality Act (INA).

After a thorough review of the information provided in your application for naturalization, the documents supporting your application, and your testimony during your naturalization interview, USCIS has determined that you are not eligible for naturalization. Accordingly, USCIS must deny your application for naturalization.

Generally, to qualify for naturalization under INA 316, an applicant must:

- Be 18 years of age or older at the time of filing Form N-400;
- Be lawfully admitted for permanent residence;
- Be a lawful permanent resident for at least 5 years at the time of filing Form N-400;
- Demonstrate good moral character for at least 5 years prior to the Form N-400 filing date, and during the period leading to administration of the Oath of Allegiance;
- Have resided continuously in the United States for at least 5 years as a lawful permanent resident before filing Form N-400;
- Have resided for at least 3 months in the State or USCIS District where residency is claimed before filing Form N-400;
- Have resided continuously in the United States from the date of filing Form N-400 up to the time of administration of the Oath of Allegiance;
- Be physically present in the United States for at least 2½ years at the time of filing Form N-400;
- Demonstrate a basic knowledge of U.S. history and government;
- Demonstrate the ability to read, write, and speak words in ordinary usage in the English language; and
- Establish an attachment to the principles of the U.S. Constitution and be disposed to the good order and happiness of the United States.

 

## Statement of Facts and Analysis Including Ground(s) for Denial

On June 16, 2007, you obtained permanent resident status in immigrant classification IR6. USCIS received your Form N-400 on February 5, 2016, and on May 18, 2016, you appeared for an interview to determine your eligibility for naturalization.

During the interview and review of your application with an Immigration Services Officer, you testified that the information on your Form N-400, along with any amendments made during the naturalization interview, and the documents submitted by you were true and correct.

Your responses to the questions on your form N-400, your handwritten sworn statement, and your testimony provided to the interviewing officer on May 18, 2016 was part of an ongiong effort on your part to misrepresent the truth in order to obtain an immigration benefit. On Page 17 of the N-400, Question 31 asks: "Have you ever given any U.S. Government official(s) any information or documentation that was false, fraudlent, or misleading?" Your response to this question was "No." Question 32 asks: "Have you ever lied to any U.S. Government official to gain entry or admission into the United States or to gain immigration benefits while in the United States?" Your response to this question was also "No." You were asked repeatedly during your interview if you have provided truthful responses regarding any and all information given to USCIS. You confirmed that you understood what it meant to be truthful, and you affirmed that everything you stated was the absolute truth.

The record reflects that you previously filed a Form N-400, Application for Naturalization, which was denied on December 16, 2010 on the grounds that you have provided false testimony under oath in order to obtain an immigration benefit. A review of the evidence you submitted at the time and your statements regarding your previous marriage to your ex-husband Noel W. Bennett was found to be false testimony. Your response to questions on the Form N-400 and to the interviewing officer on November 9, 2010 was part of an ongoing effort to misrepresent the truth through fraud and misrepresentation.

Based on the information in the record, and your testimony during your naturalization interview on May 18, 2016, USCIS finds that you have given false testimony under oath with the intent to obtain an immigration benefit. To be eligible for naturalization, you must demonstrate that during the statutory period (February 5, 2011 to the present) you have been a person of good moral character. You have not established that you are a person of good moral character because, during the statutory period, you provided false information and/or testimony in efforts to obtain an immigration benefit. Therefore, you are ineligible for naturalization at this time. Please note that you may be eligible to reapply for naturalization once you have met all of the statutory requirements on or after May 18, 2021. See INA 101(f)(6) and 316(a)(3) and Title 8, Code of Federal Regulations (8 CFR), sections 316.10 (a) and (b)(2)(vi).

If you believe that you can overcome the grounds for this denial, you may submit a request for a hearing on Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, within 30 calendar days of service of this decision (33 days if this decision was mailed). See 8 CFR 336.2 (a) and 103.8(b). Without a properly filed Form N-336, this decision will become final. See INA 336.

To access Form N-336 or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call our National Customer Service Center toll free at 1-800-375-5283. You may also make an appointment to speak to a USCIS staff member in person at the USCIS office having jurisdiction over your current place of residence. To schedule an appointment, go to www.uscis.gov and select INFOPASS.

Sincerely,

 

## Attachment
### (Applicable Law/Regulations)

To better assist you, the sections of the law referenced in your decision are provided below:

INA 316

(a) No person, except as otherwise provided in this title, shall be naturalized, unless such applicant,
(3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

INA 101

(f) For the purposes of this Act –
No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was—
(6) One who has given false testimony for the purpose of obtaining any benefits under this Act;

8 CFR 316.10

(a) Requirement of good moral character during the statutory period.
(1) An applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character. This includes the period between the examination and the administration of the oath of allegiance.
(2) In accordance with Section 101(f) of the Act, the Service shall evaluate claims of good moral character on a case-by-case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence. The Service is not limited to reviewing the applicant's conduct during the five years immediately preceding the filing of the application, but may take into consideration, as a basis for its determination, the applicant's conduct and acts at any time prior to that period, if the conduct of the applicant during the statutory period does not reflect that there has been reform of character from an earlier period or if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character.
(b) Finding of a lack of good moral character.
(2) An applicant shall be found to lack good moral character, if during the statutory period the applicant:
(vi) Has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material, in the sense that if given truthfully it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefit;

INA 336

(a) If, after an examination under section 335, an application for naturalization is denied, the applicant may request a hearing before an immigration officer.
(b) If there is a failure to make a determination under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.
(c) The Attorney General shall have the right to appear before any immigration officer in any naturalization proceedings for the purpose of cross-examining the applicant and the witnesses produced in support of the application concerning any matter touching or in any way affecting the applicant's right to admission to citizenship, and shall have the right to call witnesses, including the applicant, produce evidence, and be heard in opposition to, or in favor of, the granting of any application in naturalization proceedings.
(d) The immigration officer shall, if the applicant requests it at the time of filing the request for the hearing, issue a subpoena for the witnesses named by such applicant to appear upon the day set for the hearing, but in case such witnesses cannot be produced upon the hearing other witnesses may be summoned upon notice to the Attorney General,

in such manner and at such time as the Attorney General may by regulation prescribe. Such subpoenas may be enforced in the same manner as subpoenas under section 335(b) may be enforced.

(e) It shall be lawful at the time and as a part of the administration by a court of the oath of allegiance under section 337(a), for the court, in its discretion, upon the bona fide prayer of the applicant included in an appropriate petition to the court, to make a decree changing the name of said person, and the certificate of naturalization shall be issued in accordance therewith.

8 CFR 336.2

(a) The applicant, or his or her authorized representative, may request a hearing on the denial of the applicant's application for naturalization by filing a request with USCIS within thirty days after the applicant receives the notice of denial.

8 CFR 103.8

This section states authorized means of service by the Service on parties and on attorneys and other interested persons of notices, decisions, and other papers (except warrants and subpoenas)in administrative proceedings before Service officers as provided in this chapter.

(b) Effect of service by mail. Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. Service by mail is complete upon mailing.