# EXHIBIT E

July 18, 2022


U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345

 U.S. Citizenship and Immigration Services

MELISSA ANTOINETTE FRANCIS DUNSTAN
64 HILLVIEW DRIVE
ACWORTH, GA 30101



IOE0914486876

RE: MELISSA ANTOINETTE FRANCIS DUNSTAN
N-400, Application for Naturalization

A089-623-055

## DECISION

Dear MELISSA FRANCIS DUNSTAN:

On December 9, 2021, you filed a Form N-400, Application for Naturalization, with U.S. Citizenship and Immigration Services (USCIS) under section 316 of the Immigration and Nationality Act (INA).

After a thorough review of the information provided in your application for naturalization, the documents supporting your application, and your testimony during your naturalization interview, USCIS has determined that you are not eligible for naturalization. Accordingly, USCIS must deny your application for naturalization.

Generally, to qualify for naturalization, under INA 316, an applicant must:

- Be 18 years of age or older at the time of filing Form N-400;
- Be lawfully admitted for permanent residence;
- Be a lawful permanent resident for at least 5 years at the time of filing Form N-400;
- Demonstrate good moral character for at least 5 years prior to the Form N-400 filing date, and during the period leading to administration of the Oath of Allegiance;
- Have resided continuously in the United States for at least 5 years as a lawful permanent resident before filing Form N-400;
- Have resided for at least 3 months in the State or USCIS District where residency is claimed before filing Form N-400;
- Have resided continuously in the United States from the date of filing Form N-400 up to the time of administration of the Oath of Allegiance;
- Be physically present in the United States for at least 2½ years at the time of filing Form N-400;
- Demonstrate a basic knowledge of U.S. history and government;
- Demonstrate the ability to read, write, and speak words in ordinary usage in the English language; and
- Establish an attachment to the principles of the U.S. Constitution and be disposed to the good order and happiness of the United States.

### Statement of Facts and Analysis Including Ground(s) for Denial

On June 16, 2007, you obtained conditional permanent resident status through your spouse in immigrant classification CR6 and your conditions were removed on November 13, 2009. USCIS received your Form N-400 on December 9, 2021, and on May 20, 2022, you appeared for an interview to determine your eligibility for naturalization.

During your interview and review of your record, USCIS determined that you are not a lawful permanent resident. The record reflects that you obtained your removal of conditional resident status through fraud and misrepresentation and did not properly have your conditions removed. During your N-400 interview you admitted that you had a child outside of your marriage with your current husband that you failed to disclose to USCIS and at the time when you filed your I-751 petition that you were not living with your petitioning U.S. citizen husband (Noel Bennett) as indicated on this petition.

During your N-400 interview you admitted that you mislead USCIS and you did it because you believed it would affect your eligibility to remain in the United States and your permanent resident status. Therefore, you improperly had your conditions removed with this I-751 petition.

To qualify for naturalization under INA 316, you must demonstrate that you meet all the requirements for naturalization, including the requirement of being a lawful permanent resident. You have not demonstrated that you are a lawful permanent resident and, therefore, are ineligible for naturalization. See INA 318.

If you believe that you can overcome the grounds for this denial, you may submit a request for a hearing on Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, within 30 calendar days of service of this decision (33 days if this decision was mailed). See attached 8 CFR 336.2 (a) and 103.8(b). Without a properly filed Form N-336, this decision will become final. See INA 336.

For questions about your application, you can use our many online tools (www.uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting www.uscis.gov/contactcenter.

Sincerely,

Shineka C. Miller
Field Office Director

cc: REGINA KANE

**Attachment**
**(Applicable Law/Regulations)**

To better assist you, the sections of the law referenced in your decision are provided below:

**INA 336**
(a) If, after an examination under section 335, an application for naturalization is denied, the applicant may request a hearing before an immigration officer.

(b) If there is a failure to make a determination under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

(c) The Attorney General shall have the right to appear before any immigration officer in any naturalization proceedings for the purpose of cross-examining the applicant and the witnesses produced in support of the application concerning any matter touching or in any way affecting the applicant's right to admission to citizenship, and shall have the right to call witnesses, including the applicant, produce evidence, and be heard in opposition to, or in favor of, the granting of any application in naturalization proceedings.

(d) The immigration officer shall, if the applicant requests it at the time of filing the request for the hearing, issue a subpoena for the witnesses named by such applicant to appear upon the day set for the hearing, but in case such witnesses cannot be produced upon the hearing other witnesses may be summoned upon notice to the Attorney General, in such manner and at such time as the Attorney General may by regulation prescribe. Such subpoenas may be enforced in the same manner as subpoenas under section 335(b) may be enforced.

(e) It shall be lawful at the time and as a part of the administration by a court of the oath of allegiance under section 337(a), for the court, in its discretion, upon the bona fide prayer of the applicant included in an appropriate petition to the court, to make a decree changing the name of said person, and the certificate of naturalization shall be issued in accordance therewith.

**8 CFR 336.2**
(a) The applicant, or his or her authorized representative, may request a hearing on the denial of the applicant's application for naturalization by filing a request with USCIS within thirty days after the applicant receives the notice of denial.

**8 CFR 103.8**
This section states authorized means of service by the Service on parties and on attorneys and other interested persons of notices, decisions, and other papers (except warrants and subpoenas) in administrative proceedings before Service officers as provided in this chapter.

(b) Effect of service by mail. Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. Service by mail is complete upon mailing.