# EXHIBIT G

July 17, 2023

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2150 Parklake Drive
Atlanta, GA 30345



U.S. Citizenship
and Immigration
Services

SHIRLEY CRISTINA ZAMBRANO
ZAMBRANO AND RUIZ LLC
1995 N. PARK PL. SE, STE. 240
ATLANTA, GA 30339



IOE0917732422



A089-623-055

RE: MELISSA ANTOINETTE FRANCIS DUNSTAN
N-336, Request for a Hearing on a Decision in
Naturalization Proceedings (Under Section 336 of the
INA).

## DECISION

Dear MELISSA FRANCIS DUNSTAN:

On September 26, 2022, you filed a Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, with U.S. Citizenship and Immigration Services (USCIS). After a thorough review of record, USCIS reaffirms the decision to deny your Form N-400 for the following reason.

### Statement of Facts and Analysis Including Ground(s) for Reaffirming Denial

On July 18, 2022, USCIS denied your Form N-400 because you obtained your removal of conditional resident status through fraud and misrepresentation and did not properly have your conditions removed. On September 26, 2022, you filed Form N-336 and on July 6, 2023, you appeared for a hearing to review the denial of your Form N-400. You state that you have overcome the grounds of the denial because your marriage was valid at inception and cheating in your marriage does not invalidate your eligibility to remove your conditions.

After a complete review of the information provided on your Form N-400, Application for Naturalization, the documents submitted in support of your application and request for hearing, and the testimony you provided during your naturalization interview and your N-336 review hearing, USCIS reaffirms the decision to deny your Form N-400. You obtained the removal of your conditional status through fraud and misrepresentation and did not properly have your conditions removed. In a sworn statement initialed and signed by you on May 20, 2022, the officer made the following statement, "You filed a joint petition with Noel Bennett on November 30, 2009 on the Form I-751, Petition to Remove Conditions on Residence. This form stated that you were living together. Why are you stating today you did not live with him at that point in time if you told USCIS in 2009 that you were living together? You stated, "I mislead USCIS." Furthermore, the interviewing officer made the following statement, "When you filed your I-751 Petition with USCIS you were not living with Noel Bennett as you testified today, and you had not disclosed your child that you had outside of your marriage to Noel Bennett to USCIS which cut off relevant lines of questioning about your marital

relationship with Noel Bennett. Could please explain why you provided this false information on you I-751 petition? You stated, "At the time back in that time I was just trying to be able to stay with my mom here and I was just trying to not find myself in a status where I was not able to be there for my family and my mom and I filed the form to change my status. I was just trying everything that I could just to be here without having to be here with my mom." Your sworn testimony confirms that you committed fraud and misrepresentation in the removal of your conditional resident status.

This decision constitutes a final administrative denial of your naturalization application. You may request judicial review of this final determination by filing a petition for review in the United States District Court having jurisdiction over your place of residence. See INA 310(c).

For questions about your application, you can use our many online tools (uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting www.uscis.gov/contactcenter.

Sincerely,

*[signature]*

Jerry L. Addison
Acting Field Office Director
Officer: AC 1621

**Attachment**
**(Applicable Law/Regulations)**

To better assist you, the sections of the law referenced in your decision are provided below:

**INA 310**
(c) Judicial Review. A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a), may seek review of such denial before the United States district court or the district in which such person resides in accordance with chapter 7 of title 5, United States Code. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.