## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TRAVIS NELSON, individually and on behalf of all similarly situated persons,<br><br>     Plaintiff,<br><br>v.<br><br>MARQUETTE SOCIAL CLUB, INC. d/b/a MARQUETTE RESTAURANT & LOUNGE and JOHNNY MIMS,<br><br>     Defendants. | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Travis Nelson brings this Collective Action Complaint on behalf of himself, and all others similarly situated, against Defendants Marquette Social Club, Inc. d/b/a Marquette Restaurant & Lounge ("Marquette") and Johnny Mims ("Defendant Mims") (collectively "Defendants"), alleging systemic violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). Plaintiff's Consent to Join is attached hereto as Exhibit A. Plaintiff shows the Court as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1.     Defendants willfully violated the FLSA in the following ways with respect to Plaintiff and those similarly situated:

      a.     Defendants, as a regular and routine practice, willfully failed to pay Plaintiff and those similarly situated minimum wage for all hours worked, instead failing to pay them any base rate at all.

      b.     Defendants, as a regular and routine practice, failed to provide Plaintiff and those similarly situated with a disclosure compliant with 29 C.F.R. §§ 531.54 and 531.59(b), which require Defendants, in advance of taking a tip credit, to inform employees: (i) of the amount of the cash wage to be paid by the employer to the tipped employee; (ii) of the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; (iii) that all tips received by the employee must be retained by the employee, except for tips contributed to a valid tip pool limited to employees who customarily and regularly receive tips; (iv) that the tip credit shall not apply to any

employee who has not been informed by the employer of the provisions for a tip credit; and (v) for employers that require tip pools, any required tip-pool contribution amount.   As a consequence, Defendants violated the FLSA by taking a tip credit against Defendants' minimum wage obligations.

c.      Defendants, as regular and routine practice, required Plaintiff and those similarly situated to: (i) spend time on work "directly supporting" tips for continuous periods of time exceeding thirty (30) minutes while taking a tip credit for that work time; and/or (ii) spend time performing work not part of the tipped occupation while taking a tip credit for that work time.  Defendants violated the FLSA by taking a tip credit against their minimum wage obligations for time (i) Plaintiff and those similarly situated performed work "directly supporting" tips in excess of thirty (30) continuous minutes, and/or (ii) Plaintiff and those similarly situated performed work that was not part of the tipped occupation.

d.      Defendants, as a regular and routine practice, required Plaintiff and those similarly situated to work in excess of forty (40) hours

per workweek, without paying them at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of forty, in violation of the FLSA.

2.      Pursuant to the FLSA, Defendants are liable to Plaintiff, and those similarly situated, for unpaid minimum wages, unpaid overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over the individual and collective FLSA claims.

4.      Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), venue is proper in this Court because the majority of the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

5.      Plaintiff is a citizen of the United States of America and is a resident of the State of Georgia.

6.      Defendants employed Plaintiff from approximately 2016 until on or about June 12, 2023.  At all relevant times, Plaintiff worked as a non-exempt employee in the positions of Bartender and Manager.

7.    On information and belief, Defendant Marquette is a non-profit Georgia corporation with its principal place of business in Fulton County, Georgia, at 868 Joseph E. Boone Boulevard, Atlanta, Georgia 30314, although the address listed as the principal place of business with the Georgia Secretary of State is 249 Linkwood Road NW, Atlanta, Georgia 30318.

8.    Defendant Marquette may be served with process through its registered agent, Sabrena Hunter, at 249 Linkwood Road NW, Atlanta, Georgia 30318.

9.    On information and belief, Defendant Johnny Mims is a Georgia resident, who resides and conducts business in the Northern District of Georgia.

10.    Defendant Johnny Mims may be served with process by delivering a copy of the summons and complaint to his business address at 868 Joseph E. Boone Boulevard, Atlanta, Georgia 30314.

11.    Defendants are governed by and subject to 29 U.S.C. §§ 206, 207.

12.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 201, *et seq*.

13.    At all relevant times, in the course of Defendants' business operations, Defendants' employees, including Plaintiff, have handled or otherwise used materials that have been moved or produced in interstate commerce.

14.     At all relevant times, Defendants have had two or more "employees engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

15.     At all relevant times, Defendants have had two or more "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A)(i).

16.     On information and belief, at all relevant times, Defendant Marquette has had an annual gross volume of sales or business done in excess of $500,000.00.

17.     At all relevant times, Defendants were "employers" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

18.     At all relevant times, Defendant Mims asserted control of Defendant Marquette's day-to-day operations at the locations where Plaintiff and similarly situated persons worked and made the decisions regarding the amount that Plaintiff and similarly situated persons would be compensated, including the decision not to pay Plaintiff and those similarly situated any base wages, and is therefore an employer within the meaning of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff brings this action on behalf of himself and all other similarly situated persons, pursuant to 29 U.S.C. § 216(b).

20.     Plaintiff seeks to represent the following group of similarly situated persons pursuant to 29 U.S.C. § 216(b):

      a.    First, all persons who were, or are, employed by Defendants as Bartenders, or performing materially similar work as Bartenders, at any time within three years prior to the filing of this Complaint (the "Minimum Wage Collective").

      b.    Second, all persons who were, or are, employed by Defendants as Bartenders, or performing materially similar work as Bartenders, at any time within three years prior to the filing of this Complaint and who worked in excess of 40 hours per week (the "Overtime Collective").

21.     The Minimum Wage Collective and the Overtime Collective are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown and the facts upon which the calculation of that number is dependent are in the sole possession of Defendants, upon information and belief, there are more than twenty-five (25) members in the Minimum Wage Collective and the Overtime Collective, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

7

22.     Plaintiff will fairly and adequately protect the interests of the members of the Minimum Wage Collective and the Overtime Collective and has retained counsel who is experienced and competent in the fields of wage and hour law and collective action litigation.

23.     Questions of law and fact common to the members of the Minimum Wage Collective and the Overtime Collective predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members of the Minimum Wage Collective and the Overtime Collective.

## STATEMENT OF FACTS

24.     Defendant Marquette is an after-hours restaurant and lounge that serves food and alcohol to patrons.

25.     Defendant Mims owns Defendant Marquette and manages and controls its day-to-day operations.

26.     Defendants employed Plaintiff as a Bartender and Manager from approximately October 2016 until on or about June 12, 2023.

27.     Defendants employ and have employed in the statutory period a number of individuals as Bartenders, or those performing materially similar work as Bartenders, who they classify as non-exempt under the FLSA.

28.     Throughout the relevant time period, Plaintiff and other Bartenders did not receive any base wages for their work for Defendants.

29.     As a Bartender, Plaintiff's job duties included, *inter alia*, serving customers and making drinks.

30.     Plaintiff and other Bartenders were assigned to work at one of Defendants' two bars.  More specifically, Plaintiff worked at Defendants' front bar on weeknights and worked at the bar located at the back of the building on the weekends.

## I.     Failure to Pay Any Base Wages in Violation of the FLSA

31.     Defendant Marquette's hours of operation are as follows: (1) on weeknights, Defendant is open from 11:00 pm to 4:00 am; and (2) on weekends, Defendant is open from 11:00 pm to 6:00 am.

32.     Plaintiff estimates that he typically worked, on average, between twenty (20) to thirty (30) hours per week throughout his employment with Defendants.

33.     At all relevant times, Plaintiff and other Bartenders were non-exempt employees of Defendants under the FLSA.

34.     From approximately 2016 to January 2017, Defendants paid Plaintiff and other Bartenders a rate of $25 per shift, regardless of the number of hours they worked per shift.

35.     In approximately January 2017, Defendants informed Plaintiff and other Bartenders that Defendants would no longer pay them a daily shift rate and in fact, would not be paying them any base wages whatsoever for their work for Defendants.

36.     On information and belief, throughout the relevant time period, Defendants have continued to pay at least one Bartender, Guy (last name unknown), a daily rate of $25 per each shift that he works.

37.     Throughout the relevant time period, Defendants did not pay Plaintiff and the vast majority of other Bartenders any base wages at all for their work for Defendants.

38.     Plaintiff and other Bartenders did not receive base wages of $2.13 per hour for tipped employees or the federal minimum wage of $7.25 per hour for all hours worked.

39.     Starting in approximately January 2017, the only form of compensation Plaintiff and other Bartenders received for their time worked was tips from customers.

10

40.     Each and every week that Plaintiff worked for Defendants during the statutory period, he did not receive any base wages and did not receive base wages of $2.13 per hour.

41.     Defendants regularly and as a routine policy and practice failed to pay Plaintiff and other Bartenders either (a) the base wage of $2.13 per hour required for tipped workers; or (b) the federal minimum wage of $7.25 per hour for all hours worked in a workweek.

## II.     Failure to Provide a Tip Credit Notice in Violation of the FLSA

42.     Throughout the relevant time period, Defendants did not provide Plaintiff and other Bartenders with a disclosure compliant with 29 C.F.R. §§ 531.54 and 531.59(b), which require Defendants, in advance of taking a tip credit, to inform employees: (i) of the amount of the cash wage to be paid by the employer to the tipped employee; (ii) of the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; (iii) that all tips received by the employee must be retained by the employee, except for tips contributed to a valid tip pool limited to employees who customarily and regularly receive tips; (iv) that the tip credit shall not apply to any employee who

has not been informed by the employer of the provisions for a tip credit; and (v) for employers that require tip pools, any required tip-pool contribution amount.

43.     Due to Defendants' failure to provide notice, Defendants failed to meet the requirements of taking a tip credit under the FLSA for Plaintiff and other Bartenders.   Accordingly, Defendants were obligated to pay Plaintiff and other Bartenders full minimum wages at the lawful rate for all time worked.

**III.   "Directly Supporting" Work for Continuous Periods Exceeding Thirty (30) Minutes in Violation of the FLSA and/or Work Not Part of the Tipped Occupation**

44.     In addition to Plaintiff and other Bartenders' normal job duties in actively serving customers, they were also required to complete numerous pre-shift and post-shift duties.

45.     Plaintiff and other Bartenders' pre-shift duties included, *inter alia*: setting up the bar, restocking items at the bar, and refilling bottles (the "Pre-Shift Duties").

46.     Plaintiff and other Bartenders typically spent thirty (30) to forty-five (45) minutes completing their Pre-Shift Duties.

47.     Plaintiff and other Bartenders' post-shift duties included, *inter alia*: breaking down the bar, cleaning and wiping down the bar, sweeping, sanitizing the bar, washing dishes, and refilling bottles as needed (the "Post-Shift Duties").

48.     Plaintiff and other Bartenders typically spent thirty (30) to forty-five (45) minutes completing their Post-Shift Duties.

49.     When Plaintiff and other Bartenders spent more than thirty (30) continuous minutes during the pre- and post-shift periods on work "directly supporting" tips and/or work that was not part of the tipped occupation, the FLSA prohibited Defendants from claiming a tip credit against their minimum wage obligations to Plaintiff and other Bartenders for such time. Instead, Defendants were and are required to pay minimum wages for those hours worked in excess of thirty (30) continuous minutes for work "directly supporting" tips and/or work that was not part of the tipped occupation.

## IV.    Failure to Pay Overtime Wages in Violation of the FLSA

50.     On information and belief, throughout the relevant time period, Defendants required Plaintiff and other Bartenders to work in excess of forty (40) hours per workweek.

51.     Plaintiff typically worked approximately twenty (20) to thirty (30) hours per week. However, during weeks in which there were major holidays, Plaintiff and other Bartenders worked in excess of forty (40) hours per workweek.

52.     To the best of Plaintiff's knowledge, the major holidays, which required that he work more than forty (40) hours per week included: New Years' Eve, Martin

Luther King Weekend, Valentine's Day, St. Patrick's Day, Easter, Memorial Day, Juneteenth, Fourth of July, Halloween, Thanksgiving, and Christmas.

53.    Plaintiff estimates that he worked approximately forty-two (42) to forty-three (43) hours per workweek during weeks in which there were major holidays.

54.    Plaintiff and members of the Overtime Collective worked in excess of forty (40) hours per workweek.

55.    Despite working substantial hours in excess of forty (40) each workweek, Defendants did not pay Plaintiff and other Bartenders any wages for all hours worked, including failing to pay them overtime at a rate of one-and-one-half their regular rate of pay for any of the substantial overtime hours worked during the relevant time period.

56.    Defendants knew or should have known that Plaintiff and members of the Overtime Collective regularly worked in excess of forty (40) hours per workweek.

57.    Each and every week that Plaintiff and members of the Overtime Collective worked in excess of forty (40) hours per workweek, Defendants failed to pay them at the appropriate overtime rate for time worked in excess of forty (40) hours per week.

14

58.     Defendants regularly, and as a routine policy and practice, failed to pay Plaintiff and other members of the Overtime Collective at a rate of one-and-one-half their regular rate of pay for all time worked in excess of forty (40) hours per workweek.

59.     On information and belief, Defendants' unlawful conduct described herein is pursuant to a policy and practice of minimizing labor costs by violating the FLSA.

## V.     Summary of FLSA Violations and Remedies

60.     As a consequence of the numerous FLSA violations set forth in this Collective Action Complaint, Defendants are liable to Plaintiff and all similarly situated individuals for: (1) full minimum wages for all time worked; and (2) all unpaid overtime wages.  Defendants are additionally liable for an equal amount of liquidated damages, interest, and reasonable attorneys' fees and costs.

61.     On information and belief, Defendants' unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs by violating the FLSA.

62.     Defendants' FLSA violations were willful and were not in good faith.

## COUNT ONE
### (Individual FLSA Claim Asserted by Plaintiff Against Both Defendants)
### Willful Failure to Pay Minimum Wage In Violation of the FLSA

63.     At all relevant times, Defendants were, and continue to be, employers engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206.

64.     At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206.

65.     On information and belief, at all relevant times, Defendant Marquette had gross annual revenues in excess of $500,000.00.

66.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

67.     At all relevant times, Defendant Mims asserted control of Defendant Marquette's day-to-day operations at the location where Plaintiff and similarly situated employes worked and made decisions regarding the amount that Plaintiff and similarly situated employees would be compensated and is therefore an employer within the meaning of the FLSA.

68.     The minimum wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

69.    The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Plaintiff, at the federal minimum wage for each hour worked.

70.    Defendants engaged in a routine and widespread pattern, policy, and practice of violating the FLSA by failing to pay Plaintiff either (a) the base wage of $2.13 per hour for tipped workers; or (b) the federal minimum wage of $7.25 per hour for all hours worked in a workweek.

71.    Defendants further engaged in a routine and widespread pattern, policy, and practice of violating the FLSA by failing to pay Plaintiff the full minimum wage for time spent in excess of thirty (30) continuous minutes performing work "directly supporting" tips and/or work that was not part of the tipped occupation.  Defendants required Plaintiff to spend approximately thirty (30) to forty-five (45) minutes on Pre-Shift Duties and thirty (30) to forty-five (45) minutes on Post-Shift Duties, exceeding thirty (30) continuous minutes performing work "directly supporting tips."  The FLSA requires Defendants to pay Plaintiff at the federal minimum wage for time spent performing work "directly supporting" tips in excess of thirty (30) minutes and/or work that was not part of the tipped occupation.

72.    Additionally, Defendants further failed to provide Plaintiff with a full

disclosure compliant with 29 C.F.R. §§ 531.54 and 531.59(b).  In advance of taking a tip credit, Defendants failed to inform Plaintiff that: (i) the amount of the cash wage to be paid by the employer to the tipped employee; (ii) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; (iii) that all tips received by the employee must be retained by the employee, except for tips contributed to a valid tip pool limited to employees who customarily and regularly receive tips; (iv) that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit; and (v) for employers that require tip pools, any required tip-pool contribution amount.  As a consequence, Defendants violated the FLSA by taking a tip credit against Defendants' minimum wage obligations.

73.    Defendants are liable to Plaintiff for, *inter alia*, the full amount of minimum wages at a rate of $7.25 per hour for all hours worked during the statutory period.

74.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

75.     Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

76.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his full unpaid minimum wages for each workweek within the limitations period, an additional and equal amount of liquidated damages, interest, and reasonable attorneys' fees and costs of litigation.

**COUNT TWO**
**(Collective FLSA Claim Asserted Against Both Defendants)**
**Willful Failure to Pay Minimum Wage in Violation of the FLSA**

77.     Plaintiff seeks to represent the following collective group of employees:

> All persons who were, or are, employed by Defendants as Bartenders, or performing materially similar work as Bartenders, at any time within three years prior to the filing of this Complaint.

This is the "Minimum Wage Collective."

78.     At all relevant times, Defendants were, and continue to be, employers engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206.

79.     At all relevant times, Plaintiff and other members of the Minimum Wage Collective were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206.

19

80.    On information and belief, at all relevant times, Defendant Marquette had gross annual revenues in excess of $500,000.00.

81.    At all relevant times, Defendants employed and/or continue to employ members of the Minimum Wage Collective within the meaning of the FLSA.

82.    At all relevant times, Defendant Mims asserted control of Defendant Marquette's day-to-day operations at the location where Plaintiff and the Minimum Wage Collective worked, and made decisions regarding the amount that Plaintiff and the Minimum Wage Collective would be compensated, and is therefore an employer within the meaning of the FLSA.

83.    The minimum wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and other members of the Minimum Wage Collective.

84.    The FLSA requires employers, such as Defendants, to compensate non-exempt employees, such as Plaintiff and other members of the Minimum Wage Collective at the federal minimum wage for each hour worked.

85.    Defendants engaged in a widespread pattern, policy and practice of violating the FLSA by failing to pay Plaintiff and other members of the Minimum Wage Collective either (a) the base wage of $2.13 per hour for tipped workers; or (b) the federal minimum wage of $7.25 per hour for all hours worked in a workweek.

86.     Defendants further engaged in a routine and widespread pattern, policy, and practice of violating the FLSA by failing to pay Plaintiff and other members of the Minimum Wage Collective the full minimum wage for time spent in excess of thirty (30) continuous minutes performing work "directly supporting" tips and/or work that was not part of the tipped occupation.  Defendants required Plaintiff and other members of the Minimum Wage Collective to spend approximately thirty (30) to forty-five (45) minutes on Pre-Shift Duties and thirty (30) to forty-five (45) minutes on Post-Shift Duties, exceeding thirty (30) continuous minutes performing work "directly supporting tips."  The FLSA requires Defendants to pay members of the Minimum Wage Collective at the federal minimum wage for time spent performing work "directly supporting" tips in excess of thirty (30) minutes, and/or work that was not part of the tipped occupation.

87.     Additionally, Defendants engaged in a routine and widespread pattern, policy, and practice of violating the FLSA by failing to provide Plaintiff and other members of the Minimum Wage Collective with a full disclosure compliant with 29 C.F.R. §§ 531.54 and 531.59(b).  In advance of taking a tip credit, Defendants failed to inform Plaintiff and other members of the Minimum Wage Collective: (i) of the amount of the cash wage to be paid by the employer to the tipped employee; (ii) of the additional amount by which the wages of the tipped employee are increased on

21

account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; (iii) that all tips received by the employee must be retained by the employee, except for tips contributed to a valid tip pool limited to employees who customarily and regularly receive tips; (iv) that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit; and (v) for employers that require tip pools, any required tip-pool contribution amount.  As a consequence, Defendants violated the FLSA by taking a tip credit against Defendants' minimum wage obligations.

88.   Defendants did not compensate Plaintiff and other members of the Minimum Wage Collective at the minimum wage for all time worked during the relevant time period.

89.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

90.   Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other members of the Minimum Wage Collective.

22

91.    Due to Defendants' FLSA violations, Plaintiff and other members of the Minimum Wage Collective are entitled to recover from Defendants their unpaid minimum wages for each workweek within the limitations period, an additional and equal amount of liquidated damages, interest, and reasonable attorneys' fees and costs of litigation.

**COUNT THREE**
**(Individual FLSA Claim Asserted by Plaintiff Against Both Defendants)**
**<u>Willful Failure to Pay Overtime Wages In Violation of the FLSA</u>**

92.    At all relevant times, Defendants were, and continue to be, employers engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

93.    At all relevant times, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207.

94.    On information and belief, at all relevant times, Defendant Marquette had gross annual revenues in excess of $500,000.00.

95.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

96.    At all relevant times, Defendant Mims asserted control of Defendant Marquette's day-to-day operations at the location where Plaintiff worked, and made

decisions regarding the amount that Plaintiff would be compensated, and is therefore an employer within the meaning of the FLSA.

97.    The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

98.    The FLSA requires employers, such as Defendants, to compensate non-exempt employees, such as Plaintiff, at a rate of one-and-one-half their regular rate of pay for all time worked in excess of forty (40) hours per week.

99.    Defendants regularly, and as a routine policy and practice, failed to pay Plaintiff overtime wages at one-and-one-half their regular rate for all time worked in excess of 40 hours per week.

100.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

101.    Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

102.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages for each workweek within the

limitations period, an additional and equal amount of liquidated damages, interest, and reasonable attorneys' fees and costs of litigation.

## COUNT FOUR
### (Collective FLSA Claim Asserted Against Both Defendants)
### Willful Failure to Pay Overtime Wages in Violation of the FLSA

103.   Plaintiff seeks to represent the following collective group of employees:

> All persons who were, or are, employed by Defendants as Bartenders, or performing materially similar work as Bartenders, at any time within three years prior to the filing of this Complaint and who worked in excess of 40 hours per week.

This is the "Overtime Collective."

104.   At all relevant times, Defendants were, and continue to be, employers engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

105.   At all relevant times, Plaintiff and other members of the Overtime Collective were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207.

106.   On information and belief, at all relevant times, Defendant Marquette had gross annual revenues in excess of $500,000.00.

107.   At all relevant times, Defendants employed and/or continue to employ members of the Overtime Collective within the meaning of the FLSA.

108.   At all relevant times, Defendant Mims asserted control of Defendant Marquette's day-to-day operations at the location where Plaintiff and the Overtime Collective worked, and made decisions regarding the amount that Plaintiff and the Overtime Collective would be compensated, and is therefore an employer within the meaning of the FLSA.

109.   The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and other members of the Overtime Collective.

110.   The FLSA requires employers, such as Defendants, to compensate non-exempt employees, such as Plaintiff and other members of the Overtime Collective, at a rate of one-and-one-half their regular rate of pay for all time worked in excess of forty (40) hours per week.

111.   Defendants regularly, and as a routine policy and practice, failed to pay Plaintiff and other members of the Overtime Collective overtime wages at one-and-one-half their regular rate for all time worked in excess of forty (40) hours per week, during workweeks in which Plaintiff and other members of the Overtime Collective worked in excess of forty (40) hours.

112.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of

the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

113.   Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other members of the Overtime Collective.

114.   Due to Defendants' FLSA violations, Plaintiff and other members of the Overtime Collective are entitled to recover from Defendants their unpaid overtime wages for each workweek within the limitations period, an additional and equal amount of liquidated damages, interest, and reasonable attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the Minimum Wage Collective, and the Overtime Collective demand a **TRIAL BY JURY** and request the following relief:

a)      Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons in the Minimum Wage Collective and the Overtime Collective as defined herein, apprising them of the pendency of this action, permitting them to assert timely FLSA claims

in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b)      A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA;

c)      An award of unpaid minimum wages due under the FLSA to Plaintiff and the Minimum Wage Collective;

d)      An award of liquidated damages as a result of Defendants' failure to pay minimum wages to Plaintiff and the Minimum Wage Collective;

e)      An award of unpaid overtime wages due under the FLSA to Plaintiff and the Overtime Collective;

f)      An award of liquidated damages as a result of Defendants' failure to pay overtime wages to Plaintiff and the Overtime Collective;

g)      An award of prejudgment and post-judgment interest;

h)      An award of costs and expenses of this action, including reasonable attorneys' and expert fees and costs; and

i)      Such other further relief as the Court deems just and proper.

Dated this 21st day of August 2023.

Respectfully submitted,

*/s/ Tierra M. Monteiro*
Justin M. Scott
Georgia Bar No. 557463
Tierra M. Monteiro
Georgia Bar No. 743224
Grace A. Starling
Georgia Bar No. 464958
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
tmonteiro@scottemploymentlaw.com
gstarling@scottemploymentlaw.com

*Counsel for Plaintiff*