# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THEARA BRYE, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | No. |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| TARA BLVD 6980, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Theara Brye (Plaintiff") and files this Complaint against Defendant Tara Blvd 6980, LLC. ("Defendant"), and shows the following:

1.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

3.

Defendant is a Georgia corporation and is subject to jurisdiction in this Court. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

4.

Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, Faizal Ellahi, at 3867 Holcomb Bridge Road, Suite 600, Peachtree Corners, GA, 30092.

## PARTIES AND FACTS

5.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

From, on or about October 2020, to on or about October 1, 2022, Plaintiff was employed by Defendant.

7.

Throughout her employment with Defendant, Plaintiff was a non-exempt employee, entitled to overtime compensation.

8.

Throughout Plaintiff's employment, Plaintiff was not paid overtime, calculated at one and one half times her regular rate, for the hours she worked in excess of 40 in work weeks.

9.

Defendant is an "employer" as that term has been defined by the FLSA.

10.

During her employment, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours they worked over 40 in workweeks.

11.

Defendant's gross revenues from commercial activities exceeded $500,000 in 2020, 2021, and 2022.

12.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

13.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

14.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

15.

From in or about October 2022 to on or about December 14, 2021, Plaintiff was paid $13 an hour. For that period of time, their overtime rate was therefore $19.50.

16.

From on or about December 14, 2021, until on or about October 1, 2022, Plaintiff earned $15 an hour as Plaintiff's regular rate.

17.

Throughout Plaintiff's employment, Plaintiff regularly worked well in excess of 40 hours per week. Rather than pay Plaintiff overtime compensation at the

appropriate rate, Defendant only paid Plaintiff the regular hourly rate for overtime hours.

## COUNTS
## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

18.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

20.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

21.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA. Defendant's violation of the FLSA was willful, thus entitling Plaintiff to a three year statute of limitations for Plaintiff's claim.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant's violations of the FLSA were willful; and

(D)   Permit Plaintiff to amend Plaintiff's Complaint to add state law claims if necessary;

(E)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 21st day of August, 2023.

                                              **BARRETT & FARAHANY**

                                              /s/ V. Severin Roberts
                                              V. Severin Roberts
                                              Georgia Bar No. 940504
                                              Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com