E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04718-S2**
**7/10/2023 2:39 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JILL WRIGHT,

    Plaintiff,

v.

TARGET CORPORATION,
ABC CORPORATIONS #1-3, and
JOHN DOES #1-3,

    Defendants.

CIVIL ACTION  23-C-04718-S2
FILE NO.: _____

**JURY TRIAL DEMANDED**

---

### COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff JILL WRIGHT (hereinafter "Plaintiff"), in the above- styled action, and files this Complaint for Damages and Demand for Jury Trial against Defendants TARGET CORPORATION, ABC CORPORATIONS #1-3 and JOHN DOES #1-3 (hereinafter "Defendants") a n d shows this Honorable Court as follows:

#### PRELIMINARY STATEMENT

1.     This is a civil action seeking to hold Defendants liable for the incident that occurred on July 9, 2022, causing personal injuries to Plaintiff.

#### PARTIES, JURISDICTION, AND VENUE

2.     At all relevant times in the instant litigation, Plaintiff was a citizen of the State of Georgia. By bringing this action, she subjects herself to the jurisdiction and venue of this Court.

3.     Defendant TARGET CORPORATION (hereinafter "Defendant TARGET") is located at 916 Loganville Highway, Suite 400, Bethlehem, Barrow County, Georgia 30620, and was operating its business as a Foreign Profit Corporation. Defendant

1


Exhibit A

may be served with process through its Registered Agent, C T Corporation System, 289 S. Culver St., Lawrenceville, Gwinnett County, Georgia 30046-4805.

4.      Defendants, ABC CORPORATIONS #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPORATIONS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff. If and when entity Defendants ABC CORPORATIONS #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

5.      Defendant JOHN DOE #1 is the unidentified manager on duty of Defendant's business establishments at the time of the alleged incident at issue in this case. Defendant JOHN DOE #1 had the authority and right to control the mode and manner of operations of the business located at 916 Loganville Highway, Suite 400, Bethlehem, Georgia 30620 on the date of incident and at all relevant times and as such is a joint tortfeasor. Defendant JOHN DOE #1's authority and control over operations included, but was not limited to, control over the manner in which safety procedures and protocols were implemented and enforced.

6.      Defendants, JOHN DOES #2-3, are unidentified individuals who are potential, third party, joint tortfeasors. Defendants JOHN DOES #2-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants JOHN DOES #2-3 are identified, Plaintiff will timely amend her pleading and cause a summons and Complaint to be properly served.

### OPERATIVE FACTS

7.    At all material times, Defendants owned, managed, operated or otherwise provided
      services for a store located at 916 Loganville Highway, Suite 400, Bethlehem,
      Georgia 30620, called TARGET (the "Premises").

8.    On or about July 9, 2022, Plaintiff was lawfully on the Premises to shop with her
      family. As Plaintiff was finishing her shopping, Plaintiff slipped on a wooden toy
      that was on the floor, causing Plaintiff to be injured.

### COUNT I - LIABILITY OF DEFENDANT TARGET

9.    Plaintiff repeats and alleges paragraphs 1 through 8 by reference and incorporates as
      if set forth fully herein.

10.   At all material times, Defendant TARGET controlled the mode, manner, and means
      by which they operated the Target store. Under Defendant TARGET's mode, manner,
      and means of operating its business, fall risks were reasonably foreseeable.

11.   Defendant TARGET's chosen mode and manner of operation of the Premises
      required that Defendant TARGET implement safety procedures to mitigate or
      eliminate foreseeable risks of falls and resulting injuries.

12.   Defendant TARGET owed its customers a duty to use ordinary care to guard against
      foreseeable risks of harm caused by Defendant TARGET's mode, manner, and
      means of operating its business.

13.   Defendant TARGET breached their duty to Plaintiff by negligently failing to
      exercise reasonable care to protect her from foreseeable risks of harm.

14.   Defendant TARGET's failure to exercise reasonable care in their operations of the
      Premises, caused by a toy negligently left on the floor, created a slip and fall risk resulting

3

in Plaintiff's injuries.

15.   Plaintiff alleges that her injuries were proximately caused by the negligence of Defendant TARGET in their failure to properly maintain the safety of the Premises, thereby causing injuries to Plaintiff.

16.   At all times relevant to this action, Defendant TARGET owed a duty to its customers in general and to Plaintiff, in particular, to maintain the Premises, including the subject floors that caused Plaintiff's injuries, in a reasonably safe condition. To inspect for dangerous conditions, to correct dangerous conditions of which it knew or should have known, and to warn Plaintiff and others of any dangerous condition which it had or should have had, knowledge greater than that of Plaintiff.

17.   Defendant TARGET breached their duty to Plaintiff by negligently failing to maintain the Premises safe from hazardous conditions created by the toy on the floor.

18.   While operating, Defendant TARGET negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

   a.   Defendant TARGET failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by a slip and fall;

   b.   Defendant TARGET's safety program was inadequate to protect customers from the foreseeable risk of injuries caused by a slip and fall;

   c.   Defendant TARGET negligently failed to comply with and enforce its inspection protocols or procedures;

   d.   Defendant TARGET negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

   e.   Defendant TARGET failed to supervise their employees, contractors, agents

4

and/or representatives to ensure compliance with their safety program; and/or

 f. Defendant TARGET failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendant TARGET's chosen mode, manner and means of operating its business.

19. As a direct result of Defendant TARGET's negligence, Plaintiff suffered physical injuries, mental, emotional and financial injuries, for which she is entitled to recover under the law. Defendant TARGET is liable to Plaintiff for these injuries.

20. Plaintiff suffered immediate and permanent injury to her right knee, left knee and a hematoma in the right groin region, which caused fear, discomfort, embarrassment and emotional injury, all directly and proximately caused by the aforesaid negligence of Defendant TARGET.

21. Defendant TARGET's negligence is the direct and proximate cause of the medical expenses incurred by Plaintiff to date, totaling in excess of $22,000.00. Plaintiff continues to incur bills and expenses for treatment and will seasonably amend her Complaint once her treatment is complete and all of her incurred expenses are known.

22. Defendant TARGET's negligence is a direct and proximate cause of the severe mental distress from serious physical injury suffered by Plaintiff, and Plaintiff seeks recovery for that mental distress in an amount determined by the enlightened conscious of the jury at trial.

23. At all times relevant hereto, Defendant TARGET and its agents, servants and/or employees had actual knowledge of the hazard to business invitees but failed to

correct the situation where Defendant TARGET had a duty to act.

24.     Defendant TARGET was negligent in failing to remove the hazardous item from its premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff.

25.     Defendant TARGET knew of, or by the exercise of due care for the safety of its invitees, including Plaintiff, should have known of the hazardous condition(s) created by the toy on the floor and that the failure to remove the toy was likely to result in the precise injuries suffered by Plaintiff.

26.     At all times relevant hereto, Defendant TARGET and its agents, servants, and employees, were negligent as they failed to remove the hazardous item on the floor.

27.     Defendant TARGET was negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to wit:

   a.  Violation of O.C.G.A § 51-3-1 by failing to use ordinary care to keep the premises safe, free from hazards which Defendant TARGET knew or should have known existed;

   b.  Tortiously failing to establish, adhere to, implement, conduct or follow reasonable inspection procedures which would have discovered the existence of the toy on the floor, and could have prevented the subject incident and the injuries and damages to Plaintiff from happening;

   c.  Tortiously failing to remedy a known hazard (or a hazard that should have been known by Defendant TARGET and/or its employees and/or agents) in the area where Plaintiff suffered injury.

28.     As a direct and proximate result of the tortious acts and/or omissions of Defendant

6

TARGET and/or its employees and/or agents working within the course and scope of their employment and/or agency, Plaintiff suffered injuries and damages.

### COUNT II-LIABILITY OF ABC CORPORATIONS #1-3

29.    Plaintiff repeats and alleges paragraphs 1 through 28 by reference and incorporates as if set forth fully herein.

30.    Defendant ABC CORPORATIONS #1-3 are vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendant TARGET's business. Defendant TARGET and ABC CORPORATIONS #1-3's employees, contractors, agents and representatives include but are not limited to Defendants JOHN DOE #1-3.

### COUNT III - LIABILITY OF JOHN DOES #1-3

31.    Plaintiff repeats and alleges paragraphs 1 through 30 by reference and incorporates as if set forth fully herein.

32.    At all relevant times, JOHN DOES #1-3 were employees, manager and/or agent for Defendants. At all relevant times, JOHN DOES #1-3 were responsible for inspection, maintenance and installation of merchandise. At all relevant times, JOHN DOES #1-3 worked in the course and scope of his/her employment and/or agency relationship with Defendants.

33.    On July 9, 2022, JOHN DOES #1-3 managed, maintained and controlled the Premises, such that these individuals were responsible for the condition of the floors at the time of Plaintiff's injury.

### COUNT III - RESPONDEAT SUPERIOR

34. Plaintiff repeats and alleges paragraphs 1 through 33 by reference and incorporates as if set forth fully herein.

35. Defendants TARGET and ABC CORPORATIONS #1-3 are vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendants TARGET CORPORATION and ABC CORPORATIONS #1-3's business. Defendants TARGET CORPORATION and ABC CORPORATIONS #1-3's employees, contractors, agents and representatives include but are not limited to Defendants JOHN DOES #1-3.

36. Defendants TARGET and ABC CORPORATIONS #1-3 are legally responsible for and liable to Plaintiff for the negligent actions of their employees and/or agents on July 9, 2022, based on *Respondeat Superior,* agency and master servant law.

### COUNT IV-DAMAGES CLAIMED

37. Plaintiff repeats and alleges paragraphs 1 through 36 by reference and incorporates as if set forth fully herein.

38. Plaintiff claims general damages against the Defendants for all elements of the pain and suffering; physical and mental injury, including shock, fright and terror; loss of the capacity for the enjoyment of life; and permanent injuries which Plaintiff endured and continues to endure, in an amount to be determined by the enlightened conscience of the jury after hearing the evidence at trial.

39. Plaintiff also claims special damages for any past and future medical expenses, and incidental expenses incurred on her behalf in an amount which reflects the reasonable

8

value of those services as established by the evidence at trial.

## COUNT V - RECOVERY OF EXPENSES OF LITIGATION

40.   Plaintiff repeats and alleges paragraphs 1 through 39 by reference and incorporates as if set forth fully herein.

41.   Plaintiff shows that Defendants' actions in this litigation have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense thereby entitling Plaintiff to recover expenses of litigation, including attorneys' fees pursuant to O.C.G.A § 13-6-11.

42.   Plaintiff is entitled to a money judgement against Defendants for their attorneys' fees and expenses of litigation in an amount to be proven at the trial of this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

a)   That process and summons issue requiring Defendant TARGET to appear as provided by law and to answer the allegations of this Complaint;

b)   A trial by jury;

c)   Recovery for her past and future physical pain and suffering;

d)   Recovery for her past and future mental and emotional pain and suffering;

e)   Recovery of past general damages in the amount to be proven at trial;

f)   That all costs be cast against Defendant TARGET;

g)   Recovery for her loss of enjoyment of life;

h)   That Plaintiff be awarded her reasonable attorneys' fees and costs of filing this action; and

i)   For such other and further relief as the court deems just and appropriate.

9

This 10th day of July 2023.

Respectfully submitted,

**KEVIN A. ADAMSON, P.C.**

*/s/ Brittany D. Schwanitz*
Kevin A. Adamson
Georgia Bar No. 004851
Brittany D. Schwanitz
Georgia Bar No.: 393305

4295 International Blvd., Suite D
Norcross, GA 30093
T: (404)581-9100 / F: (404)581-9111
E: kevin@kaapc.com
   brittany@kaapc.com

10

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04718-S2**
**7/10/2023 2:39 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JILL WRIGHT,

    Plaintiff,

v.

TARGET CORPORATION,
ABC CORPORATIONS #1-3, and
JOHN DOES #1-3,

    Defendants.

CIVIL ACTION
FILE NO.: _____

23-C-04718-S2

**JURY TRIAL DEMANDED**

---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION TO
## DEFENDANT TARGET COPORATION

---

COMES NOW, Plaintiff JILL WRIGHT (hereinafter "Plaintiff") in the above-styled action and serves these Request for Admission upon Defendant TARGET CORPORATION (hereinafter "Defendant" or "Defendant Target").

These Request for Admission are served upon you pursuant to the provisions of O.C.G.A § 9-11-36 to be answered fully and separately in writing by Defendant Target within the time allotted by the Rules of Civil Procedure. These Request for Admission are expressly made continuing and if at any time after the initial response, new or additional information responsive to any of these Request for Admission comes to your attention, you are required to serve upon all counsel for all parties' supplemental answers to these Request for Admission in accordance with the provisions of O.C.G.A. § 9-11-26 (e) and each subpart. Additionally, these Request for Admission are propounded subject to the provisions of O.C.G.A. § 9-11-37 and each subpart.

These Request for Admission, and answers, are to be included and are to be based upon information in the possession of or gathered by Defendant, Defendant's agents, representatives,

investigators, attorneys, and all other persons who have investigated or gathered information at Defendant's request.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, whether in tangible or electronic form, including but not limited to, correspondence, memoranda, e-mail, e-mail attachments, videotapes, audiotapes, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes, statistical calculations.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "**You**" or "**your**" or "**Defendant**" refers to Defendant Target as well as their attorneys, agents and representatives.

4.      "**Subject Incident**" or "**Subject Occurrence**" refers to the July 9, 2022, incident described in Plaintiff's Complaint, which occurred at Defendant Target's store located at 916 Loganville Highway, Suite 400, Bethlehem, Georgia 30620.

5.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

       (b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document,

2

the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## REQUEST FOR ADMISSION

### VENUE, JURISDICTION AND SERVICE OF PROCESS

1.    Please admit that Defendant Target has been correctly named as a defendant in the present case.

2.    Please admit that Defendant has been properly served with service of process in the present case.

### SUBJECT PROPERTY

3.    Please admit Plaintiff was an invitee at the time of the subject incident.

4.    Please admit that Defendant Target is the owner of the store where the subject incident occurred as described in the Complaint.

5.    Please admit that the incident referred to in Plaintiff's Complaint did, in fact, occur on July 9, 2022, at the location described in the Complaint.

### SUBJECT INCIDENT

6.    Please admit that Plaintiff was exercising ordinary care for her own safety at the time of her fall.

7.    Please admit that Plaintiff was not contributorily negligent at the time of her fall.

8.    Please admit that Defendant Target was responsible for keeping its premises safe.

9.    Please admit that on July 9, 2022, Defendant Target breached its duty to keep the premises safe.

10.    Please admit that Defendant Target was aware, or should have been aware, of the hazardous

3

condition created by the toy on the floor.

11.   Please admit that Defendant Target did not exercise ordinary care in keeping the premises safe for its patrons.

12.   Please admit that Plaintiff was injured as a result of the toy on the floor on the premises on July 9, 2022.

## SURVEILLANCE

13.   Please admit that the subject location has a video camera surveillance system installed that was operational and being used on July 9, 2022.

14.   Please admit that one or more cameras recorded the incident where Plaintiff was injured on July 9, 2022.

15.   Please admit that one or more cameras recorded for at least 2 hours prior to the time when Plaintiff was injured, including the cameras that recorded Plaintiff's incident.

16.   Please admit that you preserved all the video recordings taken at the subject location on July 9, 2022.

17.   Please admit that on July 9, 2022, Defendant Target had a preservation of video policy in effect.

## SAFETY REPORTS

18.   Please admit that Defendant Target has a policy in place requiring monthly safety audit reports.

19.   Please admit that employees of Defendant Target are required to do hourly safety walk-throughs.

20.   Please admit that on July 9, 2022, Defendant Target had policies and procedures in place regarding safety of premises.

21.   Please admit that on July 9, 2022, Defendant Target had an inspection policy in place.

4

This 10th day of July 2023
)

Respectfully submitted,

**KEVIN A. ADAMSON, P.C.**

*/s/ Brittany D. Schwanitz*
Kevin A. Adamson
Georgia Bar No. 004851
Brittany D. Schwanitz
Georgia Bar No.: 393305

4295 International Blvd., Suite D
Norcross, GA 30093
Tel: (404)581-9100
Fax: (404)581-9111
kevin@kaapc.com
brittany@kaapc.com

5

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04718-S2**
**7/10/2023 2:39 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JILL WRIGHT,

    Plaintiff,

v.

TARGET CORPORATION,
ABC CORPORATIONS #1-3, and
JOHN DOES #1-3,

    Defendants.

CIVIL ACTION    23-C-04718-S2
FILE NO.: _____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT TARGET CORPORATION

COMES NOW, JILL WRIGHT, Plaintiff in the above-styled action and hereby requests that Defendant Target Corporation (hereinafter "Defendant" or "Defendant Target") respond, under oath, to the following interrogatories within the time allotted by the Georgia Rules of Civil Procedure in conformity O.C.G.A § 9-11-33. Plaintiff requests that Defendants read and abide by the preliminary notes and instructions set for the below.

### PRELIMINARY NOTES AND INSTRUCTIONS

1. General Notes

Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if the person or entities to whom they are addressed obtain further responsive information.

Plaintiff request that Defendant take the time to accumulate all information which is called for by these interrogatories and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive.

Plaintiff requests that Defendant respond to and supplement these and all future interrogatories with direct and concise responses and answers that can be read to a jury. Plaintiff requests, therefore, that you not answer interrogatories in this case by cross-referencing answers and responses given in other paragraphs of this same discovery, but rather answer with a full, clear textual response to each question.

**Plaintiff requests that you set forth in your response the text of the interrogatory propounded as well as your responses or objections to that interrogatory so that it is clear from the four corners of your response what the interrogatory sought and what your answer to that interrogatory is.** This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine what the answer to a particular request is. If Defendant requests it, Plaintiff will provide these requests on computer disk to facilitate this process. Plaintiff will reciprocate this request if Defendant provides a copy of your discovery requests on disk.

Plaintiff requests that each Defendant respond to these interrogatories individually, separately and completely, and supplement any responses to these interrogatories individually, separately, and completely. In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2

2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular interrogatory seeks information which encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically. In any information is not provided pursuant to such contentions, Plaintiff requests that Defendant identify specifically the bases for the objection and provide sufficient information so that the Court may render decision as to the contention of privilege. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37.

3. Claims To Confidentiality/Proprietary Information

If Defendant believes that information responsive to any interrogatory is somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to withhold information on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these interrogatories and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made. Failure to do so, or the interposing of such objections for the purposes of delay, will result in waiver of such claims.

4. <u>Breadth/Burden Objections</u>

It is improper for Defendant to attempt the following strategy: wait until the time has run for responding to the interrogatories herein, interpose boilerplate objections in its responses that a particular interrogatory is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery interrogatories in its responses. If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these interrogatories, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these interrogatories, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify any such objections. Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these interrogatories. This note is provided specifically to put Defendant on notice that if baseless objections are made to these interrogatories and a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Georgia Civil Practice Act.

5. <u>Subsequent Discovery of Information</u>

If in response to any of Plaintiff's interrogatories Defendant s fail to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant , by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant 's initial responses to these interrogatories.

4

## DEFINITIONS AND INSTRUCTIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, whether in tangible or electronic form, including but not limited to, correspondence, memoranda, e-mail, e-mail attachments, videotapes, audiotapes, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes, statistical calculations.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "**You**" or "**your**" or "**Defendant**" refers to Defendant Target as well as their attorneys, agents and representatives.

4.      "**Subject incident**" or "**Subject occurrence**" refers to the July 9, 2022, incident described in Plaintiff's Complaint, which occurred at Defendant Target's store, located at 916 Loganville Highway, Suite 400, Bethlehem, Georgia 30620.

5.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

        (b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such

5.

document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

Pursuant to the above, Plaintiff hereby requests that Defendant Target answers the following:

## INTERROGATORIES

## AFFILIATION INFORMATION

1.    State the name, address, telephone number and relationship to you of each person who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

## INSURANCE

2.    At the time of the incident, was there in effect any policy of insurance through which you might be insured in any manner (for example, primary, pro-rata, excess liability coverage, or medical expense coverage) for the damages, claims or actions that have arisen out of the incident? If so, for each policy state:

  (a) the kind of coverage;

  (b) the name and address of the insurance company;

  (c) the name, address, and telephone number of each named insured;

  (d) the policy number;

  (e) the limits of coverage for each type of coverage contained in the policy;

  (f) whether any reservation of rights, controversy, or coverage dispute exists between you and the insurance company, and if so, its nature;

  (g) the name, address, and telephone number of the custodian of the policy.

## IDENTIFICATION OF PERSONS

3.    State the name, address and telephone number of each individual:

6

    (a) Who witnessed the Subject Incident, or events occurring before or after the Subject Incident;

    (b) Who heard any statements made about the Subject Incident by any individual at the scene;

    (c) Who you or anyone acting on your behalf claim has knowledge of the Incident (except for expert witnesses covered by the Georgia Civil Code Procedure).

4.    Identify each of Defendant Target's employees physically present at the time and place of the Subject Incident.

5.    Identify each of Defendant Target's employees who were responsible for stocking, maintaining, cleaning or inspecting the area where Plaintiff fell on the date of the subject incident.

6.    State the name, last known address and telephone number of the manager on duty at the time of this incident.

7.    State the name, last known address and telephone number of the employee that gave or signed off on the incident report regarding this incident.

8.    Please state the name, address, and telephone number of any individual who was interviewed about the subject incident.

9.    Identify anyone who inspected the scene of the Subject Incident.

10.    Did anyone acting on behalf of Defendant Target conduct an investigation in connection with the Subject Incident at any time?

## EVIDENCE

11.    Identify any written or recorded statement from any individual concerning the Subject Incident and identify who has possession of any such statement.

7

12.   Are you aware of or in possession of any photographs, films, videotapes depicting any place, object or individual concerning the Subject Incident, or Plaintiff's injuries?

13.   Was a report made by any person concerning the Subject Incident?

### EXPERT WITNESSES

14.   Please identify any experts that Defendant Target has consulted concerning the facts of this case.

### OTHER SIMILAR INCIDENTS

15.   Within the past five (5) years, have any individuals been injured by falling in any of Defendant Target's store. If so, please states:

    (a) The date of the incident

    (b) The nature of the situation complained of;

    (c) The name and address of the person so complaining.

16.   Within the past five (5) years, have you received or become aware of any incidents involving slip and fall that caused injury.

### CONTENTIONS

17.   At the time of Plaintiff's injury, do you contend that any person or entity other than you and your employees and agents were responsible for the cleaning and maintenance of the premises on which Plaintiff was injured?

18.   Please state specifically and in detail how you contend the Subject Incident occurred.

### SAFETY PROCEDURES

19.   Identify, with sufficient particularity to allow Plaintiff to frame a notice to produce, all procedure manuals, letters, memos, instruction manuals and other writings that pertain to or concern in any way the method of properly cleaning and clearing floors of unsafe objects.

8

20. On the date of the Subject Incident, how frequently was the area inspected where the incident occurred?

21. Please provide the name of the employee(s) responsible for cleaning and clearing floors of unsafe objects where Plaintiff was injured on the date of incident.

22. Please state whether any maintenance logs were created on July 9, 2022.

23. Has the floor plan or diagram changed since the date of the incident that is the subject of Plaintiff's Complaint.

## SAFETY REPORTS

24. Please identify the policies and procedures in place on July 9, 2022, outlining properly cleaning floors.

25. Please identify the inspection policy in place on July 9, 2022.

26. Please describe any routine safety audit reports that were required on July 9, 2022.

27. Please identify the individual in charge of reviewing routine safety audit reports.

28. Please identify how often employees of Defendant Target are required to walk the store for safety reasons and identify the individual in charge of verifying said safety walks.

This 10th day of July 2023.

Respectfully submitted,

**KEVIN A. ADAMSON, P.C.**

*/s/ Brittany D. Schwanitz*
Kevin A. Adamson
Georgia Bar No. 004851
Brittany D. Schwanitz
Georgia Bar No.: 393305

4295 International Blvd., Suite D
Norcross, GA 30093
Tel: (404)581-9100
Fax: (404)581-9111
kevin@kaapc.com
brittany@kaapc.com

9

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04718-S2**
**7/10/2023 2:39 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

23-C-04718-S2

JILL WRIGHT,

    Plaintiff,

v.

TARGET CORPORATION,
ABC CORPORATIONS #1-3, and
JOHN DOES #1-3,

    Defendants.

CIVIL ACTION

FILE NO.: _____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
## DEFENDANT TARGET CORPORATION

COMES NOW, Plaintiff JILL WRIGHT (hereinafter "Plaintiff") and requests that

Defendant TARGET CORPORATION (hereinafter "Defendant' or "Defendant Target") produce

the following documents and/or tangible within the time allotted by the Georgia Rules of Civil

Procedure and in conformity with O.C.G.A § 9-11-34. Plaintiff requests that Defendant reads and

abides by the preliminary notes and instructions set forth below.

### PRELIMINARY NOTES AND INSTRUCTIONS

1. General Notes

Plaintiff requests that Defendant produces and/or makes available for inspection and

copying true, accurate and complete copies of the documents and things described below that are

in the possession, custody, and control of Defendant, its employees or subordinates, agents,

investigators and/or attorneys.  Documents produced in response to these requests should be sent

by First Class U.S. Mail or by Federal Express to the law offices of **KEVIN A. ADAMSON, P.C.,**

**4295 International Boulevard, Suite D, Norcross, Georgia 30093**.  Plaintiff asks that all

1

documents produced be identified by a Bates Number in the lower right-hand corner of each document in a manner that does not obscure any written portion of the document so that the parties, and the Court, will be able to readily identify specific documents. Plaintiff also requests and insists, consistent with the Georgia Civil Practice Act, that Defendant identifies which numbered documents being produced are responsive to each of Plaintiff's requests. This Request for the Production of Documents shall be deemed continuing so as to require supplemental answers if the persons or entities to whom this Request for the Production of Documents is addressed obtain further responsive documents or information.

Plaintiff requests that Defendant takes the time to accumulate all information which is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive.

**Plaintiff requests that you set forth in your response the text of the request for documents propounded as well as your responses or objections to that request for documents so that it is clear from the four corners of your response what documents were sought and what your answer to that particular request for documents is.** This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine what the answer to a particular request is. If Defendant requests it, Plaintiff will provide these requests on computer disk to facilitate this process. Plaintiff will reciprocate this request if Defendant will provide a copy of your discovery requests on disk.

Plaintiff requests that each Defendant respond to these Requests for Production of Documents individually, separately and completely, and supplement any responses to these Requests for Production of Documents individually, separately, and completely. In

2

supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

## 2. Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular document requested in this Request for the Production of Documents in fact encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically. In the event any documents are withheld from production pursuant to such contentions, Plaintiff requests that Defendant prepares a privilege log identifying the specific documents withheld by date, author, recipients, type of privilege claimed and general subject matter, along with any other evidence which you contend supports your claims, so that Plaintiff can identify specific documents to be submitted *in camera* for review and ultimate decision by the Court as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(D), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings, in violation of Georgia Civil Practice Act.

## 3. Claims To Confidentiality/Proprietary Information

If Defendant believes that documents responsive to this Request for the Production of Documents are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to withhold the

3

production of any documents on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these requests and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made. Failure to do so, or the interposing of such objections for the purposes of delay, will result in waiver of such claims.

### 4. Breadth/Burden Objections

It is improper for Defendant to attempt the following strategy: wait until the time has run for responding to the requests herein, interpose boilerplate objections in its responses that a particular request is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery request in its responses. If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify any such objections. Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these requests. This note is provided specifically to put Defendant on notice that if baseless objections are made to these requests and a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Georgia Civil Practice Act.

### 5. Subsequent Discovery of Information

If in response to any of Plaintiff's document requests in this Request for the Production of Documents Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was

4

"discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to this Request for the Production of Documents.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "**Document**" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, whether in tangible or electronic form, including but not limited to, correspondence, memoranda, e-mail, e-mail attachments, videotapes, audiotapes, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes, statistical calculations.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "**You**" or "**your**" or "**Defendant**" refers to Defendant Target as well as their attorneys, agents and representatives.

4.      "**Subject incident**" or "**subject occurrence**" refers to the July 9, 2022, incident described in Plaintiff's Complaint, which occurred at Defendant Target's store located at 916 Loganville Highway, Suite 400, Bethlehem, Georgia 30620.

5.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

5

(b)     "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

Pursuant to the above, Plaintiff hereby requests that Defendant provide the following:

## SUBJECT INCIDENT

1.  Please produce true, accurate and complete copies of all witness statements obtained from any person (including Plaintiff) about any information relevant to any issue in this lawsuit, or Subject Incident, including but not limited to, issues of liability or damages.

2.  Please produce true, accurate and complete copies of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the Subject Incident and/or concerning any of the issues relevant in this lawsuit, to include but not to be limited to the issues of liability and damages.

3.  Please produce a true, accurate and complete copy of any incident report and handwritten notes prepared by you, or on your behalf concerning the subject incident and/or any claim or potential claim arising from Subject Incident.

4.  Please produce a true, accurate and complete copy of any report or statement by any employee of Defendant Target and given to any insurer or other person or entity concerning the Subject Incident.

6

5. Please produce true, accurate and complete copies of any and all evidence in your possession to include documents, medical records, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff's physical or medical condition, injuries or damages, that have not been supplied to you by Plaintiff's counsel.

6. Please produce a true, accurate and complete copy of any video that was recorded on July 9, 2022, at Defendant Target store, regardless of whether the incident that injured Plaintiff was recorded or captured in any way on any of Defendant Target's security and/or surveillance cameras.

7. Please produce true, accurate and complete copies of any and all warning signs or placards used to inform customers and invitees at Defendant Target store that the floor was not safe.

8. Please produce any and all logs that show which employees were responsible for cleaning and maintaining the area where Plaintiff was injured.

9. Please produce true, accurate and complete copies of any photographs, still or motion pictures, videos, drawings, notes, or any other documentation taken by employees of Defendant Target concerning the Subject Incident.

## **INSURANCE INFORMATION**

10. Please produce a true, accurate and complete copy of the entirety of all policies of insurance, including the declarations pages, that do or may afford liability insurance coverage to this Defendant for the claims made in this lawsuit. This Request includes primary insurance coverage, excess insurance coverage, umbrella coverage or any other type of liability insurance.

11. Please produce true, accurate and complete copies of any and all information sent to or received from or through any of your insurers concerning the incident giving rise to this litigation, including but not limited to documents in the possession of your liability insurer with respect to

7

the issue of liability in this case.  This request is to include any and all documents sent by you or sent on your behalf by someone other than yourself.

12.  Please produce true, accurate and complete copies if any and all documents filed as a part of an insurance claim with any insurer relating to the incident at the basis of this lawsuit.

13.  Please produce a true, accurate and complete copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to deny insurance coverage, or to reserve the right to contest the issue of coverage, for the claims made in this lawsuit.

14.  Please produce a true, accurate and complete copy of your adjuster's entire file from the date of the Subject Incident was reported. If you claim privilege, including anticipation of litigation, work product, or attorney-client privilege, list the date you claim the privilege started and produce non-privileged material responsive to this request.

## EXPERTS

15.  Please produce, true, accurate and complete copies of all reports received from any experts who have investigated any issue relevant to the Subject Incident along with any Rule 26 testimony.

16.  Please produce a current CV for any experts expected to testify at the trial of this case.

17.  Please produce true, accurate and complete copies of all documents or other material or information in any form submitted to each expert for their consideration in formulating their opinions and conclusions.

## OTHER SIMILAR INSTANCES

18.  Please produce a true, accurate and complete copy of all claim forms, accident reports, incident reports or other documentation by any other name evidencing any other incidents where patrons were injured due to slip and falling in the store in the past five (5) years or where an

8

individual alleged that Defendant Target Store, its employees, and/or agents caused or contributed to personal injuries from slipping and falling in the store.

## POLICIES AND PROCEDURES

19. Please produce true, accurate and complete copies of any and all policies and procedures in effect as of July 9, 2022, through the present dates, which relate in any way to inspecting, or warning of potentially hazardous conditions of, or otherwise reporting problems with the floors/flooring or slipping and falling due to unsafe conditions.

20. Please produce true, accurate and complete copies of any documents, sheets or checklists, by whatever name known or called, which listed, described, documented or otherwise recorded the number and times that the Premises of Defendant Target was inspected on July 9, 2022.

21. Please produce true, accurate and complete copies of any time sheets, pay stubs or other documents showing hours worked (i.e. "clocked in" and "clocked out"), by whatever name known or called, for each and every employee and/or agent of Defendant Target working at Target on July 9, 2022.

22. Please produce a true, accurate and complete copy of Defendant's employee and management handbooks, by whatever name known or called, or other similar documents in effect as of July 9, 2022, through the present date.

23. Please produce true, accurate and complete copies of any and all training materials provided to any employees, managers and/or agents who were expected to work at Target as of May 9, 2022, through the present date.

24. Please produce all documents or logs which contain Defendant's written policy on the frequency of cleaning and maintaining the floors where Plaintiff was injured.

25. Please produce all documents or logs which contain Defendant's written policy on the frequency of cleaning and maintenance in the area where Plaintiff was injured on July 9, 2022.

9

26.  Please produce all analyses, grading and/or evaluations of the completion of the inspection, maintenance or cleaning logs conducted of Defendant Target conformed with Defendant's policy.

27.  Please produce true, accurate and complete copies of safety audit reports (by whatever name known or called) pertaining to Defendant Target from January 1, 2021, to present.

28.  Please produce Defendant Target's document retention policy with respect to incident reports for the time period of the Subject Incident.

29.  Please produce any policy, practices or procedures in use companywide regarding the retention, preservation, and archiving of any video recordings taken inside a company store.

30. Please produce a blank copy of the incident report form utilized at the time of the Subject Incident as well as any other forms generated at the store level which accompany the transmission of the incident report to the next reporting level.

31. Please produce a floor or merchandising plan and diagram which depicts the floor plan in Defendant Target's store as they existed at the time of the accident.

32.  Please produce true, accurate and complete copies of any documents that support specific defenses pled in your answer, identifying the defense to which each document pertains.

This 10th day of July 2023.

Respectfully submitted,

**KEVIN A. ADAMSON, P.C.**

*/s/ Brittany D. Schwanitz*
Kevin A. Adamson
Georgia Bar No. 004851
Brittany D. Schwanitz
Georgia Bar No.: 393305

4295 International Blvd., Suite D
Norcross, GA 30093
Tel: (404)581-9100
Fax: (404)581-9111
kevin@kaapc.com
brittany@kaapc.com

10

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JILL WRIGHT, | ) | |
| | ) | |
|     Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 23-C-04718-S2 |
| v. | ) | |
| | ) | |
| TARGET CORPORATION, ABC | ) | |
| CORPORATIONS #1-3, and JOHN DOES | ) | |
| #1-3, | ) | |
| | ) | |
|     Defendants. | ) | |

### DEFENDANT TARGET CORPORATION'S ANSWER TO
### PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, Target Corporation, the Defendant in the above-styled action, by and through its undersigned counsel, and files this Answer to Plaintiff's Complaint for Damages and Demand For Jury Trial (hereinafter "Plaintiff's Complaint"), as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted, and this Defendant raises the O.C.G.A. § 9-11-12(b)(6) defense of failure to state a claim accordingly.

### SECOND DEFENSE

This Defendant denies any contention that it was negligent and further denies that any act or omission on the part of this Defendant proximately caused the contended incident at issue or the alleged damages of the Plaintiff.

### THIRD DEFENSE

This Defendant denies any contention that it was reckless or wanton in any manner and further denies that any act or omission on the part of this Defendant proximately caused or contributed to the contended incident at issue or the alleged damages of Plaintiff.

## FOURTH DEFENSE

This Defendant did not breach any legal duty owed to Plaintiff, and at all times this Defendant exercised that degree of care required by law.

## FIFTH DEFENSE

This Defendant did not have actual or constructive knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times this Defendant exercised that degree of care required by law.

## SIXTH DEFENSE

This Defendant did not have superior knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times this Defendant exercised that degree of care required by law.

## SEVENTH DEFENSE

This Defendant asserts the O.C.G.A. § 9-11-8 defense of contributory negligence and assumption of the risk.

## EIGHTH DEFENSE

In the event it is determined that Plaintiff is entitled to recover against this Defendant, which is denied, Plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to Plaintiff or any designated non-party pursuant to O.C.G.A. § 51-12-33.

## NINTH DEFENSE

Some or all of the injuries and damages alleged in Plaintiff's Complaint were or may have been enhanced or increased by Plaintiff's failure to mitigate.

## TENTH DEFENSE

Plaintiff has failed to allege special damages with particularity.

## ELEVENTH DEFENSE

This Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation, research and/or discovery.

## TWELFTH DEFENSE

This Defendant demands a jury of twelve impartial persons.

## THIRTEENTH DEFENSE

Plaintiff's injuries were caused by her failure to keep a proper lookout for an open and obvious condition.

## FOURTEENTH DEFENSE

In response to the individually numbered paragraphs contained in the Plaintiff's Complaint, this Defendant responds as follows:

## PRELIMINARY STATEMENT

1.

In responding to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Plaintiff's said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein. Furthermore, to the extent said allegations express or imply any alleged wrongdoing against this Defendant, said allegations are expressly denied.

## PARTIES, JURISDICTION, AND VENUE

### 2.

In responding to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Plaintiff's said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

### 3.

In responding to the allegations contained in Paragraph 3 of Plaintiff's Complaint, said allegations are admitted.

### 4. – 6.

In responding to the allegations contained in Paragraphs 4 through 6 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

## OPERATIVE FACTS

### 7.

In responding to the allegations contained in Paragraph 7 of Plaintiff's Complaint, said allegations are admitted.

### 8.

In responding to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Plaintiff's said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  Furthermore, to the extent said allegations express or imply any alleged wrongdoing against this Defendant, said allegations are expressly denied.

## COUNT I- LIABILITY OF DEFENDANT TARGET

9.

In responding to the allegations contained in Paragraph 9 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 8 of Plaintiff's Complaint as if fully set forth herein.

10.

In responding to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits that it operated the Target that is located at 916 Loganville Highway, Suite 400, Bethlehem, GA 30620. The other allegations contained in this Paragraph are denied. To the extent said allegations infer or allege negligence, such allegations are denied.

11.

In responding to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits that it implements safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries. The other allegations contained in this Paragraph are denied. To the extent said allegations infer or allege negligence, such allegations are denied.

12.

In responding to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits that it owes to a duty to its customers dependent on the status of the guest as required by Georgia law. The other allegations contained in these Paragraphs are denied. To the extent said allegations infer or allege negligence, such allegations are denied.

13. – 15.

In responding to the allegations contained in Paragraphs 13 through 15 of Plaintiff's Complaint, said allegations are denied.

16.

In responding to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant admits that it owes to a duty to its customers dependent on the status of the guest as required by Georgia law. The other allegations contained in these Paragraphs are denied. To the extent said allegations infer or allege negligence, such allegations are denied.

17. – 28.

In responding to the allegations contained in Paragraphs 17 through 28 of Plaintiff's Complaint, said allegations are denied.

## COUNT II – LIABILITY OF ABC CORPORATIONS #1-3

29.

In responding to the allegations contained in Paragraph 29 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 28 of Plaintiff's Complaint as if fully set forth herein.

30.

In responding to the allegations contained in Paragraph 30 of Plaintiff's Complaint, Plaintiff's said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  Furthermore, to the extent said allegations express or imply any alleged wrongdoing against this Defendant, said allegations are expressly denied.

## COUNT III – LIABILITY OF JOHN DOES #1-3

31.

In responding to the allegations contained in Paragraph 31 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 30 of Plaintiff's Complaint as if fully set forth herein.

32. – 33.

In responding to the allegations contained in Paragraphs 32 through 33 of Plaintiff's Complaint, Plaintiff's said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  Furthermore, to the extent said allegations express or imply any alleged wrongdoing against this Defendant, said allegations are expressly denied.

## COUNT III (sic)– RESPONDEAT SUPERIOR

34.

In responding to the allegations contained in Paragraph 34 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 33 of Plaintiff's Complaint as if fully set forth herein.

35. – 36.

In responding to the allegations contained in Paragraphs 35 through 36 of Plaintiff's Complaint, said allegations are denied.

## COUNT IV – DAMAGES CLAIMED

### 37.

In responding to the allegations contained in Paragraph 37 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 36 of Plaintiff's Complaint as if fully set forth herein.

### 38. – 39.

In responding to the allegations contained in Paragraphs 38 through 39 of Plaintiff's Complaint, said allegations are denied.

## COUNT V – RECOVERY OF EXPENSES OF LITIGATION

### 40.

In responding to the allegations contained in Paragraph 40 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein.

### 41. – 42.

In responding to the allegations contained in Paragraphs 41 through 42 of Plaintiff's Complaint, said allegations are denied.

## PRAYER FOR RELIEF

Defendant denies all express or implied allegations of Plaintiff's Complaint that have not been admitted, denied, or otherwise responded to in this Answer.  Defendant further denies any and all allegations contained in the WHEREFORE section of Plaintiff's Complaint.

WHEREFORE Target Corporation, having answered the Plaintiff's Complaint, requests that the Court dismiss the Plaintiff's Complaint or, in the alternative, enter judgment against the

Plaintiff and in favor of Target Corporation with all costs of this action being cast against the Plaintiff and for such other and further relief as this Court deems just and proper and a trial by a jury of 12 persons.

This 21st day of August, 2023.

Respectfully submitted,
HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No.: 477026
BRITTANY R. GRINER
Georgia Bar No.: 760338

*Counsel for Defendant*
*Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
bgriner@huffpowellbailey.com

## **RULE 5.2 CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL upon all parties or their counsel of record via the Odyssey eFileGA efiling system and Statutory Electronic Service to assure delivery as follows:

Kevin A. Adamson
Brittany D. Schwanitz
KEVIN A. ADAMSON, P.C.
4295 International Blvd., Suite D
Norcross, Georgia 30093
kevin@kaapc.com
brittany@kaapc.com

*Counsel for Plaintiff*

This 21st day August, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No.: 477026
BRITTANY R. GRINER
Georgia Bar No.: 760338

*Counsel for Defendant*
*Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
bgriner@huffpowellbailey.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JILL WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 23-C-04718-S2 |
| v. | ) | |
| | ) | |
| TARGET CORPORATION, ABC | ) | |
| CORPORATIONS #1-3, and JOHN DOES | ) | |
| #1-3, | ) | |
| | ) | |
| Defendants. | ) | |

### JURY DEMAND ON BEHALF OF TARGET CORPORATION

COMES NOW, Target Corporation, a Defendant in the above styled action, and pursuant to O.C.G.A. § 15-12-122(a)(2), demands a trial by a jury of twelve to be picked from a panel of twenty-four prospective jurors.

This 21st day of August, 2023.

Respectfully submitted,

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No. 477026
BRITTANY R. GRINER
Georgia Bar No.: 760338

*Counsel for Defendant Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
bgriner@huffpowellbailey.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day served a true and correct copy of the within and foregoing JURY DEMAND ON BEHALF OF TARGET CORPORATION upon all parties or their counsel of record via Odyssey E-file and by Statutory Electronic Service to assure delivery as follows:

Kevin A. Adamson
Brittany D. Schwanitz
KEVIN A. ADAMSON, P.C.
4295 International Blvd., Suite D
Norcross, Georgia 30093
kevin@kaapc.com
brittany@kaapc.com

*Counsel for Plaintiff*

This 21st day of August, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No.: 477026
BRITTANY R. GRINER
Georgia Bar No.: 760338

*Counsel for Defendant*
*Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
bgriner@huffpowellbailey.com