IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JILL WRIGHT, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>TARGET CORPORATION, ABC )<br>CORPORATIONS #1-3, and JOHN DOES )<br>#1-3, )<br> )<br> Defendants. )<br> ) | CIVIL ACTION NO.<br>_____<br><br>Removed From Gwinnett<br>State Court Civil Action File<br>No.: 23-C-04718-S2 |

**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW, Target Corporation, the Defendant in the above-styled action, by and through its undersigned counsel, and files this Answer to Plaintiff's Complaint for Damages and Demand For Jury Trial (hereinafter "Plaintiff's Complaint"), as follows:

**FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted, and this Defendant raises the O.C.G.A. § 9-11-12(b)(6) defense of failure to state a claim accordingly.

**SECOND DEFENSE**

This Defendant denies any contention that it was negligent and further denies that any act or omission on the part of this Defendant proximately caused the contended incident at issue or the alleged damages of the Plaintiff.

**THIRD DEFENSE**

This Defendant denies any contention that it was reckless or wanton in any manner and further denies that any act or omission on the part of this Defendant proximately caused or contributed to the contended incident at issue or the alleged damages of Plaintiff.

**FOURTH DEFENSE**

This Defendant did not breach any legal duty owed to Plaintiff, and at all times this Defendant exercised that degree of care required by law.

**FIFTH DEFENSE**

This Defendant did not have actual or constructive knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times this Defendant exercised that degree of care required by law.

**SIXTH DEFENSE**

This Defendant did not have superior knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at

issue, as alleged by Plaintiff, and at all times this Defendant exercised that degree of care required by law.

## SEVENTH DEFENSE

This Defendant asserts the O.C.G.A. § 9-11-8 defense of contributory negligence and assumption of the risk.

## EIGHTH DEFENSE

In the event it is determined that Plaintiff is entitled to recover against this Defendant, which is denied, Plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to Plaintiff or any designated non-party pursuant to O.C.G.A. § 51-12-33.

## NINTH DEFENSE

Some or all of the injuries and damages alleged in Plaintiff's Complaint were or may have been enhanced or increased by Plaintiff's failure to mitigate.

## TENTH DEFENSE

Plaintiff has failed to allege special damages with particularity.

## ELEVENTH DEFENSE

This Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation, research and/or discovery.

**TWELFTH DEFENSE**

This Defendant demands a jury of twelve impartial persons.

**THIRTEENTH DEFENSE**

Plaintiff's injuries were caused by her failure to keep a proper lookout for an open and obvious condition.

**FOURTEENTH DEFENSE**

In response to the individually numbered paragraphs contained in the Plaintiff's Complaint, this Defendant responds as follows:

**PRELIMINARY STATEMENT**

1.

In responding to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Plaintiff's said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein. Furthermore, to the extent said allegations express or imply any alleged wrongdoing against this Defendant, said allegations are expressly denied.

**PARTIES, JURISDICTION, AND VENUE**

2.

In responding to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Plaintiff's said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

3.

In responding to the allegations contained in Paragraph 3 of Plaintiff's Complaint, said allegations are admitted.

4. – 6.

In responding to the allegations contained in Paragraphs 4 through 6 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

**OPERATIVE FACTS**

7.

In responding to the allegations contained in Paragraph 7 of Plaintiff's Complaint, said allegations are admitted.

8.

In responding to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Plaintiff's said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein. Furthermore, to the extent said allegations express or imply any alleged wrongdoing against this Defendant, said allegations are expressly denied.

## **COUNT I- LIABILITY OF DEFENDANT TARGET**

9.

In responding to the allegations contained in Paragraph 9 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 8 of Plaintiff's Complaint as if fully set forth herein.

10.

In responding to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits that it operated the Target that is located at 916 Loganville Highway, Suite 400, Bethlehem, GA 30620. The other allegations contained in this Paragraph are denied. To the extent said allegations infer or allege negligence, such allegations are denied.

11.

In responding to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendant admits that it implements safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries. The other allegations contained in this Paragraph are denied. To the extent said allegations infer or allege negligence, such allegations are denied.

12.

In responding to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits that it owes to a duty to its customers dependent on the status of the guest as required by Georgia law. The other allegations contained in these Paragraphs are denied. To the extent said allegations infer or allege negligence, such allegations are denied.

13. – 15.

In responding to the allegations contained in Paragraphs 13 through 15 of Plaintiff's Complaint, said allegations are denied.

16.

In responding to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Defendant admits that it owes to a duty to its customers dependent on the status of the guest as required by Georgia law. The other allegations contained in these Paragraphs are denied. To the extent said allegations infer or allege negligence, such allegations are denied.

17. – 28.

In responding to the allegations contained in Paragraphs 17 through 28 of Plaintiff's Complaint, said allegations are denied.

## COUNT II – LIABILITY OF ABC CORPORATIONS #1-3

29.

In responding to the allegations contained in Paragraph 29 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 28 of Plaintiff's Complaint as if fully set forth herein.

30.

In responding to the allegations contained in Paragraph 30 of Plaintiff's Complaint, Plaintiff's said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein. Furthermore, to the extent said allegations express or imply any alleged wrongdoing against this Defendant, said allegations are expressly denied.

## COUNT III – LIABILITY OF JOHN DOES #1-3

31.

In responding to the allegations contained in Paragraph 31 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 30 of Plaintiff's Complaint as if fully set forth herein.

32. – 33.

In responding to the allegations contained in Paragraphs 32 through 33 of Plaintiff's Complaint, Plaintiff's said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  Furthermore, to the extent said allegations express or imply any alleged wrongdoing against this Defendant, said allegations are expressly denied.

### COUNT III (sic)– RESPONDEAT SUPERIOR

34.

In responding to the allegations contained in Paragraph 34 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 33 of Plaintiff's Complaint as if fully set forth herein.

35. – 36.

In responding to the allegations contained in Paragraphs 35 through 36 of Plaintiff's Complaint, said allegations are denied.

### COUNT IV – DAMAGES CLAIMED

37.

In responding to the allegations contained in Paragraph 37 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in

its responses to Paragraphs 1 through 36 of Plaintiff's Complaint as if fully set forth herein.

38. – 39.

In responding to the allegations contained in Paragraphs 38 through 39 of Plaintiff's Complaint, said allegations are denied.

## COUNT V – RECOVERY OF EXPENSES OF LITIGATION

40.

In responding to the allegations contained in Paragraph 40 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein.

41. – 42.

In responding to the allegations contained in Paragraphs 41 through 42 of Plaintiff's Complaint, said allegations are denied.

## PRAYER FOR RELIEF

Defendant denies all express or implied allegations of Plaintiff's Complaint that have not been admitted, denied, or otherwise responded to in this Answer. Defendant further denies any and all allegations contained in the WHEREFORE section of Plaintiff's Complaint.

WHEREFORE Target Corporation, having answered the Plaintiff's

Complaint, requests that the Court dismiss the Plaintiff's Complaint or, in the alternative, enter judgment against the Plaintiff and in favor of Target Corporation with all costs of this action being cast against the Plaintiff and for such other and further relief as this Court deems just and proper and a trial by a jury of 12 persons.

This 21st day of August, 2023.

>Respectfully submitted,
>HUFF, POWELL & BAILEY, LLC
>
>*/s/ Brian K. Mathis*
>BRIAN K. MATHIS
>Georgia Bar No.: 477026
>
>*Counsel for Defendant*
>*Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

        HUFF, POWELL & BAILEY, LLC

        */s/ Brian K. Mathis*
        BRIAN K. MATHIS
        Georgia Bar No. 477026

        *Counsel for Defendant*
        *Target Corporation*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy the DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL upon all parties or their counsel of record via CM/ECF's Electronic Case Filing System and by Statutory Electronic Service, addressed as follows to assure delivery to:

Kevin A. Adamson
Brittany D. Schwanitz
KEVIN A. ADAMSON, P.C.
4295 International Blvd., Suite D
Norcross, Georgia 30093
kevin@kaapc.com
brittany@kaapc.com

*Counsel for Plaintiff*

This 21st day of August, 2023.

HUFF, POWELL & BAILEY, LLC

/s/ *Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No. 477026

*Counsel for Defendant*
*Target Corporation*

999 Peachtree Street, NE, Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com