**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **SHARON LEVERETT,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO._____ |
| ) | |
| **IMPERIAL INVESTMENTS** ) | |
| **GROUP, INC., AND IMPERIAL** ) | |
| **INVESTMENTS AIRPORT, L.L.C.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| *Defendants*. ) | |

## COMPLAINT

Plaintiff Sharon Leverett ("Plaintiff") submits the following Complaint for damages under the Americans with Disabilities Act of 1990 ("ADA") as amended and for damages and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") against her joint employers (1) Defendant Imperial Investments Group, Inc. ("Imperial Group") and (2) Imperial Investments Airport, L.L.C. ("Imperial Airport" or collectively "Defendants").

## JURISDICTION AND VENUE

1. This action is for ADA and ADEA discrimination and retaliation. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, liquidated damages and attorney's fees and costs.

1.

2. This Court has jurisdiction over the present matter pursuant to 28 U.S.C. § 1331.

3. Venue is appropriate in this Court as, upon information and belief, the events complained of herein occurred within the geographic boundaries of the U.S. District Court for the Northern District of Georgia, and upon information and belief, all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## **PARTIES**

4. Plaintiff is a former employee of Defendants.

5. Defendants are both domestic for-profit corporations registered to conduct business in the state of Georgia.

6. Imperial Group may be served through its registered agent if service of process is not waived:

- 3 -

Registered Agent Name: **NITIN SHAH**
Physical Address: **330 Research Ct. Ste. 200, NORCROSS, GA, 30092, USA**
County: **Fulton**

7. Imperial Airport may be served through its registered agent if service of process is not waived:

Registered Agent Name: **Shah, Nitin**
Physical Address: **330 Research Court, Suite 200, Peachtree Corners, GA, 30092, USA**
County: **Gwinnett**

1. At all times material to this Complaint, Defendants were joint employers. In effect, they each had control over Plaintiff's employment and all the terms and conditions of her job.

2. Upon information and belief, each Defendant had authority to exercise control over the terms and conditions of Plaintiff's employment, specifically but not limited to her job assignments, her hours, her pay, her benefits, her promotional opportunities, and each had the ability to hire and fire her.

8. This Court has personal jurisdiction over Defendants.

## JURISDICTION AND VENUE

9. Plaintiff's ADA and ADEA claims present federal questions over which this Court has jurisdiction under 28 U.S.C. §§ 1331 *et seq.*, and this Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

10. This Court is an appropriate venue for all of Plaintiff's claims under 28 U.S.C. § 1391(b) and (c) because all the parties reside within the Northern District of Georgia, and many events giving rise to Plaintiff's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

11. On February 25, 2022, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants.

12. On May 25, 2023, the EEOC issued Plaintiff her notice of right to sue.

13. Plaintiff has exhausted her administrative remedies prerequisite to the filing this suit pursuant to the ADA.

14. Suit has been filed within 90 days of Plaintiff's receipt of her notice of right to sue.

## STATEMENT OF FACTS

15. Defendants. owns and operate hotels in the Atlanta metro area, including the Atlanta Airport North Hampton Inn and Suites, where Plaintiff was employed.

16. Plaintiff was allegedly issued a handbook by Defendant Imperial Group. (See Exhibit A")1

17. Plaintiff was issued a W-2 from Defendant Imperial Airport. (See Exhibit B).

18. Defendants were intentionally unclear about who employed Plaintiff and just referred to themselves at Imperial.

19. During all time relevant to this lawsuit, the Defendants each employed over 20 employees during Plaintiff's employment.

20. Defendants are each an entity covered by the ADA and the ADEA.

21. Plaintiff began working for Defendants on or around June 14, 2021.

22. Plaintiff was over the age of 40 when she was hired.

23. Plaintiff was hired as a cook.

24. Plaintiff suffers from osteoarthritis (hereinafter her "Disability").

25. Plaintiff's Disability constitutes a chronic condition disability as defined by the ADA.

---

1   Defendant Imperial Group alleges in its position Statement to the EEOC that Defendant Imperial Group is Plaintiff's real employer and they allege that the attached employee handbook was issued to Plaintiff.

26. Plaintiff made Defendants aware of her disability.

27. Despite this, the employee that worked with Plaintiff, Darla Daniels ("Ms. Daniels"), often left the most physically demanding tasks for Plaintiff.

28. Plaintiff verbally asked the general manager of the hotel, Tianna Ortiz ("Ms. Ortiz") for accommodations related to these tasks (for example, scrubbing floors or completing jobs that required her to kneel down) because of the arthritis in her knees.

29. Ms. Ortiz would not meet and confer with Plaintiff regarding her request for a disability accommodation.

30. Instead, the only option offered to Plaintiff was to switch Plaintiff to weekends away from Ms. Daniels.

31. However, this would reduce Plaintiff's hours, which would place her in a disadvantaged position and could not be considered reasonable accommodation.

32. Defendants' refusal to meet and confer with Plaintiff on her accommodation request was unreasonable and violates the ADA.

33. In addition, after the failure of Defendants to meet and confer about her accommodations request, Plaintiff complained that she was being treated unfairly because of her age.

34. For example, similarly, situated younger employees such as Ms. Daniels were not required to complete the same tasks, since they could and did delegate those tasks to Plaintiff.

35. For example, Plaintiff was told she had to deep clean the refrigerator -- a physically demanding task -- due to messes that were made by other employees.

36. When Plaintiff refused to complete those tasks, she was taken off the schedule and told she would not be able to work again until she had a meeting with Ms. Ortiz.

37. When Plaintiff was able to schedule a meeting with Ms. Ortiz, she was presented with three write-ups all at the same time.

38. The only reason for this was to retaliate against Plaintiff and so that Ms. Ortiz could immediately terminate Plaintiff without offering her time to dispute the incident or correct any behaviors.

39. Plaintiff was terminated on February 9, 2022, with an effective date of January 31, 2022.

40. Plaintiff was discriminated against due to her disability and age and was fired in retaliation for complaints made under the ADA and ADEA.

- 8 -

## COUNT I

## DISABIILTY DISCRIMINATION IN VIOLATION OF THE ADA

41. Plaintiff incorporates by refence each and every preceding paragraph of this Complaint.

42. Plaintiff has a disability as defined by the ADA.

43. As detailed above, Plaintiff notified Defendants of her disability and her need for an accommodation.

44. Defendants refused Plaintiff's accommodation suggestion and refused to engage in the deliberative process to come up with a reasonable accommodation.

45. Defendants' actions violated the ADA.

46. As a direct and proximate result of Defendants' intentional discrimination, Plaintiff has suffered damages, including but not limited to loss pay, job benefits, emotional distress, and all other damages allowed by law.

## COUNT II

## RETALIATION IN VIOLATION OF THE ADA

47. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

48. Plaintiff engaged in protected activity under the ADA.

49. In response, Defendants retaliated against Plaintiff.

50. Specifically, Plaintiff was retaliated against (1) when her reasonable accommodations were denied, (2) when she was taken off of the schedule for refusing to complete tasks that were physically impossible for her, and (3) when she was terminated.

51. Defendants' actions constitute unlawful retaliation in violation of the ADA, as amended.

52. Defendants willfully and wantonly disregarded Plaintiff's rights and Defendants' retaliation against Plaintiff was undertaken intentionally and in bad faith.

53. As a result of Defendants' unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

## COUNT III

### AGE DISCRIMINATION IN VIOLATION OF THE ADEA

54. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

55. In engaging in the above-described actions, Defendants subjected Plaintiff to disparate and discriminatory treatment in whole or substantial part because of her age in violation of the ADEA.

56. Defendants' violation of the ADEA was willful and intentional.

57. Plaintiff has suffered loss of employment and future employment opportunities and loss of wages and benefits as the direct and proximate result of Defendants' willful and intentional violation of her rights under the ADEA. Plaintiff is entitled to the rights and remedies provided by the ADEA, including all lost pay and benefits, liquidated damages, and attorney's fees and costs.

## COUNT IV

## RETALIATION IN VIOLATION OF THE ADEA

58. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

59. Plaintiff engaged in protected activity by opposing Defendants' age-based discrimination and making complaints of Defendants' illegal age-based discrimination.

60. As a result of her opposing illegal age-based discrimination, Defendants subjected Plaintiff to adverse employment actions up to and including terminating her employment.

61. The true reason for Defendants' actions was to retaliate against Plaintiff because she opposed Defendants' illegal age-based discrimination.

62. As a result of Defendants' illegal retaliatory actions, Plaintiff has suffered mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Defendants' willful and intention violation of her rights under the ADEA.

63. Plaintiff is entitled to the rights and remedies provided by the ADEA, including loss of pay/benefits and or other economic damages, liquidated damages, and attorneys' fees and costs.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a) a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the ADA and ADEA;

(b) an injunction prohibiting defendants' from engaging in unlawful employment practices in violation of the ADA and ADEA;

(c) full back pay from the date of Plaintiff's constructive termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d) front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e)     liquidated damages and compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f)     punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendants for its discriminatory conduct toward Plaintiff under the ADA and deter it from similar conduct in the future;

(g)     reasonable attorney's fees and costs; and

(h)     nominal damages and any other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of August 2023.

>                          /s/ J. Stephen Mixon
>                          J. Stephen Mixon
>                          Georgia Bar No. 514050
>                          steve@mixon-law.com
>                          Attorneys for Plaintiff

THE MIXON LAW FIRM
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039