## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

STATE OF GEORGIA,

v.

JEFFREY BOSSERT CLARK,

DEFENDANT.

Case No. _____

(Related to:

Case No. 1:23-cv-03621-SCJ)

Judge Steve C. Jones

On removal from the Fulton County Superior Court

---

## DEFENDANT JEFFREY B. CLARK'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

PLEASE TAKE NOTICE:

Pursuant to 28 U.S.C. §§ 1331, 1441, 1442, 1446, and 1455, Jeffrey B. Clark ("Defendant") hereby gives notice and removes the two actions listed below to the United States District Court for the Northern District of Georgia, Atlanta Division:

**(1)** the attempted prosecution in Fulton County Superior Court, *State of Georgia v. Donald John Trump, et al.*, Case No. 23SC188947, ("Fulton County Action" or "Action")); *as well as*

**(2)** the Fulton County Special Purpose Grand Jury proceedings ("SPGJ Proceedings"), *In Re: Special Purpose Grand Jury*, Fulton County Superior Court

Case No. 22-EX-000024 that led up to the Action (along with any pending appellate process attendant to the SPGJ Proceedings).

This Notice will have the legal effect of removing the entire civil-criminal hybrid case to this Court and preventing the State of Georgia ("State") from proceeding any further with the Fulton County Action unless and until (1) a remand order is issued by this Court; (2) 28 U.S.C. § 1447(c) is complied with; and (3) the interlocutory appeal applicable to federal-officer removals as specified in Section 1447(d) is taken and all follow-on appellate process is completed. *See* 28 U.S.C. § 1446(d) (automatic stay upon any civil-based removal).[1]

## INTRODUCTION

Mr. Clark plainly has the ability to remove the matters embraced here to this Article III federal District Court under federal law. He was a high-ranking U.S. Justice Department official at all relevant times applicable to the Fulton County Action and the allegations therein relate directly to his work at the Justice Department as well as with the former President of the United States.

Given the effect of Section 1446(d)'s automatic stay, we will also be seeking emergency relief against the State attempting to execute on any arrest warrants as its

---

[1] *See also BP plc v. Mayor and City Council of Baltimore*, 141 S. Ct. 1532 (2021) (relying in part on Section 1446(d)'s automatic stay when concluding its effect lasts through interlocutory appeal proceedings and does not just apply to trial court proceedings concerning federal officer removal jurisdiction).

power over this case ceased immediately upon this removal. From this point forward, this Court alone is in charge (in the absence of an appeal) of the issuance of process to bring all parties before the Court. *See* 28 U.S.C. § 1447(a). Use of a state law criminal process designed to generate headlines, potential "perp walks" for television cameras, and anything more than simple service of process on defendants would be inappropriate here given the removal. ***District Attorney Fani Willis waited two and a half years to bring this prosecution.*** Any claim of urgency is therefore not credible. To our knowledge, no defendant has left the country, fled Georgia, or done anything other than pledge to resist this politicized matter with maximum energy. And that is their undeniable constitutional right.

Filed on August 14, 2023, the Fulton County Action is an unprecedented attempted prosecution under the Georgia Racketeer Influenced and Corrupt Organizations Act ("Georgia RICO"). The Fulton County Action took advantage of civil proceedings to augment the powers of an ordinary grand jury in Georgia with the powers of a special purpose grand jury. This voluntary choice by the State requires the State to take the bitter with the sweet, for the State cannot work such a fusion of civil and criminal powers and thereafter deny the impact of using those civil powers as a launchpad for this case. And the bitter for the State here is that its use of that civil launchpad brings with it the automatic stay on state court proceedings pursuant to Section 1446(d), once removal has occurred.

3

For the first time in United States history, a former President of the United States has been charged with running a criminal organization. This is wildly implausible on its face (whatever some ratings-hungry media pundits might posture), and as Mr. Clark and other defendants will show, the allegations that such an enterprise exists fail on numerous grounds. The case is also defective on multiple legal grounds, which should ultimately dispose of the matter without the need for delving into any extensive factual findings. The Action is just as defective factually as it is legally, however.

Mr. Clark is one of the 18 other defendants named in the Action. The allegations in the Action all relate to Mr. Clark's service as a Senate-confirmed Assistant Attorney General in the United States Justice Department. Mr. Clark has had an outstanding 28-year career since graduating from law school in 1995, clerking for a United States Court of Appeals Judge in the Sixth Circuit, and working at and becoming a partner in a large international law firm, alternating with periods of service in the Justice Department, for a total of about six-and-a-half years combined, in the Administrations of Presidents George W. Bush and Donald J. Trump.

The State's assertions that Mr. Clark participated in a non-existent, multi-state criminal conspiracy are scurrilous. We trust he will be cleared of the charges advanced by District Attorney Fani Willis. We have faith that the federal courts will

ultimately recognize this Action for what it is—a naked attempt to destroy Mr. Clark by "lawfare," cost him millions in legal fees, impair his work in the conservative legal community at the Center for Renewing America in Washington, D.C., and tarnish his previously stellar reputation. And those are just the illegitimate objectives as to Mr. Clark. As to the other Defendants, the Action is an attempt to put political enemies in prison with no more to commend it than the Moscow show trials.

In its every dimension, the Action is a violation of the sacred principle of enforcing the law on an evenhanded basis. It is not a good-faith prosecution; it is instead a political "hit job" stretched out across 98 pages to convey the false impression that it has heft and gravity. And for these reasons, it is certainly not a matter that this Court—with its illustrious history as one of the original thirteen courts established by the Judiciary Act of 1789—should have to sully itself with. *See* 1 Stat. 73 (1789). We are, however, compelled to bring it here, where we trust Mr. Clark's legal rights as a former federal officer of distinction will be vindicated.

\* \* \*

Defendant's counsel signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure and Defendant pleads the following in accordance with the parallel requirements of 28 U.S.C. § 1446(a) and § 1455(a) for as "short and plain statement of the grounds for removal" as the complex and unprecedented circumstances will allow:

1.  This is a paradigmatic case for removal under the federal officer removal statute, 28 U.S.C. § 1442—the statute that forms the principal, but not exclusive, basis for removal herein. Defendant is a former high-ranking federal officer at the United States Justice Department. Specifically, Defendant was a Senate-confirmed Assistant Attorney General for the Environment & Natural Resources Division from November 1, 2018 to January 14, 2021, as well as the former Acting Assistant Attorney General of the United States for the Civil Division from September 5, 2020 to January 14, 2021.[2]

2.  Mr. Clark's federal officer status is undeniable. He is plainly entitled to see any case against him related to his service in the Executive Branch of the United States government resolved in the federal Article III court system, if he can meet the easy threshold requirement of advancing a merely colorable legal defense, which we do below.

3.  Mr. Clark faces charges brought by Fulton County, Georgia in the name of the State of Georgia. Georgia is thus seeking to review the propriety of advice Defendant is alleged to have prepared and delivered, ***while a federal officer***, though that advice was never presented to any state court or other body that

---

[2] Indeed, Mr. Clark was the only "double" Assistant Attorney General in the Trump Administration to simultaneously run two litigating divisions of the Justice Department (which comprises only seven litigating divisions in total). Mr. Clark was thus responsible for supervising about 1,400 federal lawyers and a myriad of other federal staff.

could be characterized as a tribunal (nor was it ever presented to any federal court). Instead, the alleged advice was given exclusively within the confines of the senior leadership of the Justice Department and/or, inside the sanctum of the Oval Office of the White House, where it was put to the President of the United States himself.[3]

4.  No State possesses the power to supervise the internal operations and deliberations of any branch of the federal government. This is a basic structural feature of the U.S. Constitution's design. The Supremacy Clause (U.S. Const., art. vi, cl. 2) and the federal officer removal statute, 28 U.S.C. § 1442, collectively ensure the preservation of the federal structure by vesting Article III courts with the jurisdiction and responsibility to adjudicate the federal statutory claims, constitutional claims, and other defenses put forward by individuals entrusted with federal authority.

5.  In this case, it is the State of Georgia, through its Fulton County delegate, that claims the power to intrude into the federal government's operations. As such, the Action is a direct attack on the fundamental principle of federalism by

---

[3] *See* Select Committee to Investigate the January 6th Attack on the United States Capitol, *Final Report* at 80, 117th Cong., 2d Session, H.R. Rep. 117-000 (Dec. 00, 2022) [date oddity "00" in original], *available at* https://www.documentcloud.org/documents/23514956-the-full-january-6-committee-report-text (last visited Aug. 20, 2023) (asserting that a January 3, 2021 meeting occurred in the Oval Office attended by Mr. Clark, other federal lawyers, and then-President Trump).

positing the State as operating ***above*** the federal government, rather than the reverse.

6.  Indeed, the State has no authority whatsoever to criminalize advice given to the President by a senior Justice Department official concerning U.S. Department of Justice law enforcement policy based on a County District Attorney's disagreement with the substance or development of that advice. In this case, the Fulton County Action seeks to explore the legal, policy, factual, and political bases for advice that Defendant is alleged to have given (1) to the Acting Attorney General of the United States, (2) to the Principal Associate Deputy Attorney General (the "PADAG"), who at the time was performing the duties of the Deputy Attorney General, and, most importantly according to a Congressional investigation, (3) to the President of the United States.[4] The State simply has no authority to intrude upon, politicize, or second-guess advice given to former President Trump by senior officials of the Justice Department, including Mr. Clark.

7.  The authority of a District Attorney to bring prosecutions in the name of the State of Georgia is established by O.C.G.A. § 15-18-6(4). In cases removed to federal court, O.C.G.A. § 15-18-7 provides that "it shall be the duty of the district attorney of the circuit from which the case was removed, in association

---

[4] *See* n. 3, *supra*

with the Attorney General, to appear for the state as the prosecuting officers of the state." This means that District Attorney Willis will need to consult with Georgia's Attorney General before taking any positions in this removed case.[5]

8.   One of the key elements of the federal officer removal statute, *see* 28 U.S.C. § 1442(d)(1) defines "civil action" and "criminal prosecution" to "include any proceeding (**whether or not ancillary to another proceeding**)" (emphasis added). In accord with that straightforward textual instruction, this Notice of Removal encompasses and removes not just the Fulton County Action itself but also the Special Purpose Grand Jury proceedings that preceded (and to some extent are still continuing) and paved the way for the filing of the Fulton County Action. The Fulton County Action, narrowly defined, is criminal. The Special Purpose Grand Jury proceedings ("SPGJ Proceedings"), however, are civil in nature.

9.   Any request to remand this case should thus be denied. The first test should be whether the State even has the jurisdiction to entertain charges against Defendant. On a schedule the Court establishes for this highly complex, civil-

---

[5] The fact that removal now involves the Georgia Attorney General should also cause this Court to seek out the views of whether the State's Attorney General agrees with District Attorney Willis's decision to put this matter before a grand jury and agrees with the terms of the indictment. And in particular, this Court should seek out the views of the Attorney General of Georgia on whether he agrees with the prosecution of the three federal officials named in the indictment—former President Trump, former Chief of Staff Meadows, and former Assistant Attorney General Clark.

criminal hybrid case, Mr. Clark will file a motion to dismiss for lack of jurisdiction on multiple grounds. This set of issues has to be resolved before Mr. Clark can be subjected to any further burdens of defending this matter. *See*, *e.g., Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574 (1999) (threshold subject matter and personal jurisdictional questions must be resolved before the merits); *Steel Co.* v. *Citizens for Better Env't,* 523 U. S. 83, 94-95 (1998) (requirement to establish subject matter jurisdiction as a threshold matter is "inflexible and without exception" and, for that reason, the Supreme Court rejected the doctrine of "hypothetical jurisdiction").

## BACKGROUND AND PROCEDURAL REQUIREMENTS

10. Jeffrey B. Clark, hereafter "Defendant," has been charged in the matter currently styled "*The State of Georgia v. Trump, et al.*," pending in Fulton (County Georgia) Superior Court, Clerk No. 23Sc1888947.

11. The federal officer removal statute itself, 28 U.S.C. § 1442, does not specify a time limit for removal. As a result, ***when*** federal officer cases are removable depends on whether the prosecution or case against the federal officer is a civil case or a criminal case.

12. First, this action (being in-part criminal) is timely removed pursuant to 28 U.S.C. § 1455(b)(1) (emphasis added), which provides as follows:

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time

before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

13. This removal is timely because no arraignment[6] has even been held, so the 30-day clock in Section 1455(b)(1) has not even begun. Defendant has been forced to move faster only because of District Attorney Fani Willis's threat to make criminal arrests of each defendant unless they voluntarily surrender in Fulton County *in four days*.[7] *See* Graham Massie, *Fani Willis Announces Arrest Warrants for Trump and 18 Co-Defendants with Deadline to Turn Themselves In*, THE INDEPENDENT, *available at* https://www.the-independent.com/news/world/americas/us-politics/trump-arrest-warrant-georgia-indictment-b2393096.html (Aug. 15, 2023) (circa minute 2, 37-

---

[6] Neither Section 1455 nor Section 1451 (containing generally applicable definitions to Title 89 of Title 28 of the United States Code, where the removal statutes are housed) defines the term "arraignment." BLACK'S LAW DICTIONARY (11th edition), however, defines "arraignment" as "The initial step in a criminal prosecution whereby the defendant is brought before the court to hear the charges and to enter a plea." Mr. Clark has not been brought before the before the Fulton County Superior Court to enter a plea or hear the charges, ergo no arraignment has yet occurred.

[7] Mr. Clark and undersigned counsel have not seen any of the arrest warrants, let alone the arrest warrant issued re Mr. Clark in particular. The District Attorney is apparently relying on news media announcements to alert defendants to her arrest warrant threats. This is inconsistent with due process. Defendants should not have to watch the news or search for press stories to try to track down all legal papers in this case.

In any event, Mr. Clark does not and has not voluntarily placed himself under Georgia state jurisdiction by any means in the Action.

second mark in embedded video); *see also id.* at 2:41 ("***I am giving the
defendants the opportunity to voluntarily surrender, no later than noon on
Friday, the twenty-fifth day of August 2023.***") (emphasis added).

14. Mr. Clark has had no direct visibility into the SPGJ Proceedings. He was not

    subpoenaed to testify before the SPGJ. Nor was he issued a "target letter" by

    the Fulton County District Attorney's Office. Nor did the District Attorney's

    Office otherwise notify Mr. Clark that he was a target or subject of the SPGJ

    Proceedings, such as by phoning him or one of his counsel.

15. Therefore, not being apprised that he was a party or potential party to those

    SPGJ Proceedings, he could not possibly have separately removed those

    proceedings to this Court before the August 14, 2023 indictment was handed

    down naming him as one of the defendants.

16. The SPGJ Proceedings, however, likely involved District Attorney Willis

    putting allegations about Mr. Clark to the SPGJ. It appears that District

    Attorney Willis was using the SPGJ Proceedings to develop information about

    Mr. Clark and other defendants she now alleges in the indictment conspired

    with one another. For this reason, the SPGJ Proceedings are inextricably

    linked to the indictment action, allowing both to be removed based on the

    timing of that indictment, media coverage of which was Mr. Clark's first

    notice that he would be charged based on the prior SPGJ investigation.

17. Moreover, given the lack of notice that the SPGJ Proceedings were looking into Mr. Clark until the indictment was issued on August 14, 2023, 28 U.S.C. § 1446(b)(3) applies. That provision of law specifies, in relevant part,[8] that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained* that the case is one which is or has become removable." (Emphasis added.) Because Mr. Clark had no notice that the civil SPGJ Proceedings were targeting him until the indictment was issued on August 14, 2023, that "paper" is the one "from which it may first be ascertained that the case is one which is or has become removable." Hence, even if the deadline for removal were to run not from an arraignment that has not yet even been held, the removal would still be timely if it occurred on or before September 13, 2023 (30 days after the August 14, 2023 indictment). And this Notice of Removal is clearly timely as compared against that deadline.

18. Consistent with 28 U.S.C. § 1446(a), Defendant's counsel hereby submits concurrently herewith in the next consecutive docket entry a copy of all process, pleadings, and orders that we are aware of in the Fulton County

---

[8] The irrelevant portions of Section 1446(b)(3) refer to special rules for the timing of removal of diversity jurisdiction cases under 28 U.S.C. § 1332. But Mr. Clark is not attempting to remove this case on the basis of diversity jurisdiction.

Action narrowly defined (*i.e.*, the indictment action). The following consecutive docket entry filed concurrently herewith contains a copy of all process, pleadings, and orders in the SPGJ Proceedings that we have been able to locate. Note, that these filings are attached only out of an abundance of caution. Section 1446(a) actually requires the attachment and filing here only of papers that have been "served upon defendant or defendants in such action." No papers in either the Fulton County Action or in the SPGJ Proceedings have been served on Mr. Clark. We are also unaware of any such papers being served most of the other 18 defendants in the Fulton County Action.

19. Finally, while we have made best efforts to place all relevant papers from the Fulton County Action narrowly defined and the SPGJ Proceedings before this Court at this time, pursuant to 28 U.S.C. § 1447(b), if there is any other paper this Court is or becomes aware of, it "may cause the same to be brought before it by writ of certiorari issued to [the Fulton County, Georgia] State court."[9] Mr. Clark would, of course, fully cooperate with such a process of bringing unknown papers to light from the state court processes and bringing them here to this Court.

---

[9] The Fulton County Superior Court website is not remotely the equivalent of the federal PACER system of electronic case filing ("ECF"). With respect to the SPGJ Proceedings, it is poorly organized and somewhat *ad hoc* in nature.

### BRIEF SUMMARY OF FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

20. District Attorney Fani Willis is seeking to penalize Defendant's discretionary actions when he served as the Assistant Attorney General over two federal Department of Justice Divisions in the rough time frame of December 28, 2020 to January 3, 2021, the point in time at which the President of the United States is reported to have declined to pursue a recommendation made by Mr. Clark after a multi-hour Oval Office meeting with six other lawyers, a meeting to which the indictment oddly makes no reference. *See supra* n.3.[10]

21. Count 1 of the 41-Count indictment makes allegations that Mr. Clark is part of a vast Georgia RICO conspiracy running from November 4, 2020 to September 15, 2022. *See* Exh. A-1 at 13. Mr. Clark sent his resignation letter to President Trump, effective January 14, 2021 and has had no connection to Georgia election matters since that time. *See* Exh. C.

22. The State will be unable to prove, if this case as to him is not quickly dismissed on legal grounds or otherwise founders on factual grounds before trial, the allegation that Mr. Clark agreed, ***at any point in time***, to become part of a vast, 19+ member, ongoing criminal enterprise is preposterous, as is the alleged

---

[10] Mr. Clark reserves all of his constitutional rights and trial rights to raise legal and factual defenses. His citation to the J6 Committee Report appears here merely to provide context regarding what appears to have likely motivated District Attorney Willis to pursue this indictment.

enterprise conspiracy itself. *See* Exh. A-1 at 15.

23.   In Act 98 of the indictment, the grand jury alleges that Mr. "Clark attempted
to commit the felony offense of **FALSE STATEMENTS AND WRITINGS**,
in violation of **O.C.G.A. § 16-10-20**, in Fulton County, Georgia, by knowingly
and willfully making a false writing and document knowing the same to
contain the false statement that the United States Department of Justice had
'identified significant concerns that may have impacted the outcome of the
election in multiple States, including the State of Georgia,' said statement
being within the jurisdiction of the Office of the Georgia Secretary of State
and the Georgia Bureau of Investigation, departments and agencies of state
government, and county and city law enforcement agencies[.]" *Id.* at 45.

24.   To read the indictment, one would think Mr. Clark had nothing to do with the
U.S. Justice Department, as it fails to refer to him at any time as the Assistant
Attorney General of the Environment and Natural Resources Division *or* as
the Acting Assistant Attorney General of the Civil Division (federal officer
roles he served in simultaneously). But this deliberate omission cannot obscure
the fact that Mr. Clark was a federal officer at the time of the allegations in the
indictment. Indeed, as to Mr. Clark, the indictment reads as if he were a private
citizen trying to deceptively lobby Justice Department officials to try to get
them to change a law enforcement, policy, or factual decision. In reality, of

course, Mr. Clark's participation in any legal, factual, or policy deliberations at the Justice Department were in his role as a senior official of that Department.

25. Act 98 further alleges that around the same time, Mr. Clark "sent an e-mail to Acting United States Attorney General Jeffrey Rosen and Acting United States Deputy Attorney General Richard Donoghue[11] and requested authorization to send said false writing and document to Georgia Governor Brian Kemp, Speaker of the Georgia House of Representatives David Ralston, and President Pro Tempore of the Georgia Senate Butch Miller, which constitutes a substantial step toward the commission of False Statements and Writings, O.C.G.A. § 16-10-20. This was an act of racketeering activity under O.C.G.A. § 16-14-3(5)(A)(xxii) and an overt act in furtherance of the conspiracy." *Id.*

26. Next, Act 99 of the indictment alleges that Mr. Clark asked Justice Department officials Jeffrey Rosen and Richard Donoghue to write to officials of the State of Georgia. *See id.* at 46. Such a communication, had it been sent (which it indisputably was not), would have been one from the United States government and could only have occurred because all three officials: Messrs.

---

[11] The indictment does not get Mr. Donoghue's title correct. He was not the Acting Deputy Attorney General at the time. He was the Principal Associate Deputy Attorney General ("PADAG") performing the duties of the Acting Attorney General. Mr. Donoghue was not Senate-confirmed and was not a Trump Administration appointee.

Rosen, Donoghue, and including Clark, were at the apex of the Justice Department, as federal officers, at the time. Act 111 makes substantially the same allegation, except that it asserts that Mr. Clark made a second and similar request on January 2, 2021. *See id.* at 50.

27.   The Act 98 allegation ignores that the email was an internal communication, as was the draft letter allegedly sent inside the Justice Department's e-mail system, a federal government system Mr. Clark would have had access to only because he was a federal officer during the relevant timeframe.

28.   Act 110 then alleges that "On or about the **2nd day of January 2021**, **SCOTT GRAHAM HALL**, a Georgia bail bondsman, placed a telephone call to **JEFFREY BOSSERT CLARK** and discussed the November 3, 2020, presidential election in Georgia. The telephone call was 63 minutes in duration. This was an overt act in furtherance of the conspiracy." *Id.*

29.   The indictment never explains how Mr. Clark, as a federal government official, taking a phone call from a citizen could be anything other than protected conduct under the First Amendment of the U.S. Constitution's Petition Clause. Mr. Clark was a federal officer at the time of the alleged phone call. Mr. Clark is also entitled to his own opinions and to freedom of speech about them under the First Amendment.

30.   Count 22 of the indictment alleges that Mr. Clark's conduct on December 28,

2020 and January 2, 2021—conduct inherently engaged in as a federal officer—violated O.C.G.A. §§ 16-4-1 & 16-10-20, as interpreted pursuant to O.C.G.A. § 17-2-1(b)(2). *See* Indictment at 83.

31. This is the full extent of allegations of Mr. Clark's (a) purported criminal conduct, and (b) his purported participation in a criminal Georgia RICO enterprise. Every single word of the indictment, as it concerns him, applies to the time Mr. Clark was a federal officer. Moreover, it relates to a mere one-week period from December 28, 2020 to January 2, 2021. No conduct lasting for multiple years is alleged against Mr. Clark.

32. The incontrovertible evidence that Mr. Clark was a federal officer during the time of the allegations against him are voluminous. Thus, we will only give a sampling here:

> (1) Mr. Clark appearing in *United States v. Arthrex, Inc.*, 141 S. Ct. 1970 (2021) as "Jeffrey Bossert Clark, Acting Assistant Attorney General [of the Civil Division], Department of Justice;"
>
> (2) listing Mr. Clark as one of the "Assistant Attorneys General" [in this case, of the Environment and Natural Resources Division] in *United States Fish and Wildlife Service v. Sierra Club, Inc.*, 141 S. Ct. 777 (2021);
>
> (3) *Trump v. New York*, 141 S. Ct. 530 (2021), listing Mr. Clark as Acting Assistant Attorney General [of the Civil Division];
>
> (4) listing Mr. Clark as personally arguing, when Assistant Attorney General of the Environment and Natural Resources Division, *United States v. Exxon Mobil Corp.*, 943 F.3d 1283 (9th Cir. 2019); and
>
> (5) Jeffrey Bossert Clark to President Trump, Resignation Letter (dated

January 12, 2021, to become effective January 14, 2021) (Exhibit C).

All of these pieces of evidence are judicially noticeable under Federal Rule of Evidence 201.

33.   Moreover, in order to mount an effective defense on the facts, should that become necessary, Defendant will likely call witnesses who are themselves entitled, pursuant to 28 U.S.C. § 1442(d)(1), to remove proceedings, relating to the validity of any subpoenas issued to them, to federal court. Seeking their testimony will also trigger the complex *Touhy* process, similar potential privilege claims, and a need to adjudicate the constitutional and statutory rights of such subpoenaed witnesses. *See* 28 C.F.R. ch. 1, pt. 16, subpt. B. *See also United States ex re. Touhy v. Regan*, 340 U.S. 462 (1951).

34.   On August 16, 2023 Ms. Willis even filed a motion to seek a trial date of March 4, 2024 for all defendants. She did this without serving her scheduling motion on Mr. Clark or, to our knowledge, on any of the defendants. *See* Exh. A-2 in the next consecutive docket entry.

35.   Mr. Clark lodged an opposition to that motion on August 17, 2023. *See* Exh. A-3. Since then, an order for media access to the Courtroom was entered, and four consent bond Orders have been entered. But, as noted above, that website is not the equivalent of the federal PACER system of electronic case filing ("ECF") and whether there are other filings that are not yet publicly available

is not now at the time of filing.

36.  On January 24, 2022, the Chief Judge of the Fulton Superior Court issued an Order approving a request for a Special Purpose Grand Jury pursuant to O.C.G.A. § 15-12-100, *et seq.* (Exh. B-1(Filings from the SPGJ proceedings are in the second consecutive docket entry, numbered B-1 through B-174)). Thereafter, a Special Purpose Grand Jury ("SPGJ") was empaneled on May 2, 2022, and proceeded using Case No. 22-EX-000024 under the supervision of Judge Robert C. I. McBurney. The SPGJ began collecting evidence and taking testimony in June 2022 until it was dissolved by order of Judge McBurney on January 9, 2023. *See* recitals in Exh. B-142, pp. 1-2. The SPGJ issued a report, most of which remains under seal. *Id*. The released portions of the report showed that the SPGJ had recommended that certain unnamed persons be indicted for perjury. *See* Exh. B-143 at 8. There was no information in the publicly released portions of the report referring to Mr. Clark.

**REMOVAL JURISDICTION EXISTS OVER THIS CASE PURSUANT TO THE FEDERAL OFFICER REMOVAL STATUTE, 28 U.S.C. § 1442.**

37.  The first basis for removing the matters included in the Notice of Removal to this Court arises because Defendant is being prosecuted for actions taken while he was a federal officer. As a result, this matter falls squarely within the removal jurisdiction of 28 U.S.C. § 1442, regardless of the nature of the relevant cause of action brought against Defendant or how any such action is

styled by its plaintiff or proponent. *See id.* § 1442(a)(1) (allowing removal of actions filed against a federal officer "in an official *or* individual capacity") (emphasis added).

38.    Section 1442(a)(1) provides as follows:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

39.    The Fulton County Action—the indictment—is plainly a criminal case. And under Georgia precedent, the SPGJ Proceedings are civil. *Kenerly v. State*, 311 Ga. App. 190, 190 (2011) (special purpose grand juries may not issue criminal indictments and are civil in nature); *State v. Bartel*, 223 Ga. App. 696, 698 (1996) (special purpose grand juries conduct civil investigations). At the very least, the SPGJ Proceedings here are inextricably— and by the design of the District Attorney—in fact tied to the criminal case. As noted above, the SPGJ Proceedings are "ancillary" to the Fulton County Action. And under Section 1442(d)(1), proceedings merely ancillary to removable proceedings are also removable. Accordingly, however the two matters are looked at (*i.e.,* the

22

Fulton County Action and the SPGJ Proceedings), they both constitute removable matters.

40. For purposes of Section 1442, this case was "commenced in a State Court." The Fulton County Superior Court is a Georgia state court. *See* Ga. Const. (1983, Rev. 2023) Art. VI, Section 2, Paragraph I; O.C.G.A. § 15-6-8 (jurisdiction and powers of superior courts); *see also* 28 U.S.C. § 1442(d)(5)-(6). And both the Fulton County Action narrowly defined and the SPGJ Proceedings were filed in the Fulton County Superior Court. On April 19, 2023, certain Media Intervenors into the SPGJ case filed a Notice of Appeal (Exh. B-149) to the Georgia Court of Appeals from the Superior Court's Order entered February 13, 2023 (Exh. B-142). That appeal is styled *In Re: 2 May Special Purpose Grand Jury*, Court of Appeals Case No. A23A1453. On August 4, 2023 President Trump filed a Notice of Appeal to the Georgia Supreme Court (Exh. B-172). That case does not yet appear to be docketed at the Georgia Supreme Court. Both appeals remain pending at this time.

41. Moreover, the definition of the terms "civil action" and "criminal action" embrace all of the proceedings being removed in this Notice of Removal. *See id.* at § 1442(d)(1) (included are "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued."). By

bringing the Fulton County Action narrowly defined, the District Attorney is inherently seeking an order imposing criminal punishment. And the SPGJ Proceedings clearly involved both the seeking and issuance of subpoenas to testify to the SPGJ. Approximately 43 Orders were issued in the SPGJ Proceedings, many relating to the issuance of subpoenas or motions to quash subpoenas and others relating to motions to disqualify the District Attorney or counsel for witnesses and or targets. For these reasons, both the Fulton County Action and the SPGJ Proceedings are removable proceedings under the federal officer removal statute.

42. Moreover, both the Fulton County Action and SPGJ Proceedings are, in part, "against or directed to" Defendant, 28 U.S.C. § 1442(a), and relate to his conduct as "an[] officer . . . of the United States or of any agency thereof." *Id.* at § 1442(a)(1). As noted above, Mr. Clark was a double Assistant Attorney General at the United States Department of Justice.

43. Section 1442 federal officer removal exists when the underlying conduct occurs while a defendant is in federal employ. *See*, *e.g.*, *Williams v. Lockheed Martin Corp.*, 990 F.3d 852 (5th Cir. 2021) (exercising civil removal jurisdiction over a former employee plaintiff exposed to asbestos while working for the predecessor corporation to Lockheed Martin, where that employee helped to build federal government rockets for NASA); *Kentucky v.*

*Long*, 837 F.2d 727 (6th Cir. 1988) (exercising removal jurisdiction as to a criminal action filed in 1986 against a former FBI agent, relating to actions undertaken when he was in federal employ from 1979 to 1981); *cf. De Busk v. Harvin*, 212 F.2d 143 (5th Cir. 1954) (allowing federal officer removal by defendant officials at the Lubbock Regional Office of the federal Veterans Administration of suit against them by a former federal officer).[12]

44.   There can be no dispute that former federal officers such as Mr. Clark are entitled to invoke the federal officer removal statute. "It would make little sense if this were not the rule, for the very purpose of the Removal Statute is to allow federal courts to adjudicate challenges to acts done under color of federal authority." *New York v. Trump*, No. 23 CIV. 3773 (AKH), 2023 WL 4614689, at *5 (S.D.N.Y. July 19, 2023).

45.   All that matters is that the Fulton County Action and SPGJ Proceedings are adverse to Mr. Clark and relate to his time in federal office, specifically focused on the one-week period December 28, 2000 to January 2, 2021. And they plainly do fit within his period of federal service.

46.   The Fulton County Action and SPGJ Proceedings also bring Mr. Clark's

---

[12] "The decisions of the former Fifth Circuit rendered before October 1, 1981 are binding on this circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc)." *Dresdner Bank AG v. M/V Olympia Voyager*, 446 F.3d 1377, 1381 n.1 (11th Cir. 2006).

conduct into question "[a] for or relating to any act under color of such office or [b] on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. § 1442(a)(1) (allowing actions fitting this definition to be removed). The allegations against Mr. Clark and the lead-up SPGJ investigation also relate to potential actions pursuant to DOJ "authority claimed under any Act of Congress for the apprehension or punishment of criminals." 28 U.S.C. § 1442(a)(1). Any 2020 election investigations Mr. Clark wanted to conduct could potentially have led to federal criminal charges against those the Department was investigating during the Trump Administration.

47. Defendant will assert a series of federal-law based objections to the Fulton County Action and SPGJ Proceedings, including defenses based on the Supremacy Clause, federalism, the lack of state court jurisdiction over federal officer conduct, especially that inside the sanctums of the White House and Justice Department, immunity, qualified immunity, the Opinion Clause, the Take Care Clause, and the First Amendment's Petition Clause, *inter alia*.

48. To remove, Mr. Clark need show no more than that he has at least one "plausible" federal defense to the charges. *See Caver v. Central Ala. Elec. Coop.*, 845 F.3d 1135, 1145 (11th Cir. 2017). The allegations in this Notice of

Removal far exceed the minimalistic threshold for removal. During the brief, one-week period the indictment focuses on, Mr. Clark held two separate federal offices at the Justice Department, tracing his own authorities to a presidential commission issued to him through Attorney General Sessions after he was confirmed on a bipartisan basis by the Senate.

49.   "We must construe the statute liberally in favor of removal, *Watson v. Philip Morris Cos*., 551 U.S. 142, 147 (2007), and 'we credit the [officer's] theory of the case for purposes of both elements of' the removal inquiry, [*Jefferson Cty, Ala. v.] Acker*, 527 U.S. [423,] 432 [(1999)]." *K&D LLC v. Trump Old Post Off. LLC*, 951 F.3d 503, 506 (D.C. Cir. 2020) (the two elements being (1) raising a colorable federal defense that (2) relates to any act under color of the removing federal official's office); *Georgia v. Heinze*, 637 F. Supp. 3d 1316 (N.D. Ga. 2022) ("to successfully remove a criminal prosecution under the federal officer removal statute, a defendant must show that: 1) he was an officer, or any person acting under that officer, of the United States; 2) he is facing criminal charges for or relating to any act under color of such office; and 3) that he has raised or will raise a colorable federal defense. *Mesa* [*v. California*], 489 U.S. [121,] 129 [(1989)]") (cleaned up)).

50.   Federal officers can remove both criminal and civil cases to federal court, as well as ancillary proceedings to either type of proceeding. Hence, Mr. Clark

can meet the requirements of federal officer removal because he is facing charges or claims against him for or relating to his acts under color of his office. This is because he will raise these colorable legal defenses (and likely more at the appropriate time): (1) Supremacy Clause, (2) federalism, (3) the lack of Georgia jurisdiction over federal officer conduct inside the sanctums of the White House and Justice Department, (4) immunity, (5) qualified immunity, (6) the Opinion Clause (as the President is entitled to ask Senate-confirmed officials in his Administration for their advice on legal questions and, when asked, they are obliged to respond), (7) the Take Care Clause, and (8) the First Amendment.

51. Additionally, the second sentence of Section 1442(d)(1) does not apply because there is "[an]other basis for removal." Namely, the next basis for removal covered below concerning 28 U.S.C. §§ 1331 (pursuant to the doctrine of complete preemption) & 1441 (allowing removal of civil actions).

52. Mr. Clark also hereby incorporates by reference the grounds for removal of the Fulton County Action, which is criminal in nature, as those grounds are stated by Mr. Meadows in his notice of removal. *See State of Georgia v. Meadows*, Dkt. #1.

**ORIGINAL JURISDICTION EXISTS PURSUANT TO THE FEDERAL QUESTION STATUTE (28 U.S.C. § 1331) UNDER THE DOCTRINE OF COMPLETE PREEMPTION AND THUS CIVIL REMOVAL JURISDICTION ALSO EXISTS PURSUANT TO 28 U.S.C. § 1441.**

53.   Georgia is entirely fenced out of trying to regulate federal Justice Department lawyers engaged in internal deliberations or in their interactions with citizens seeking redress of grievances by the federal government. Therefore, that sphere of Georgia regulation is, in short, completely preempted. *See, e.g., Cunningham v. Neagle*, 135 U.S. 1, 76 (1890) (federal official engaging in his duties "is not liable to answer in the court of [a State]").

54.   "In concluding that a claim is completely preempted, a federal court finds that Congress desired not just to provide a federal defense to a state-law claim but also to replace the state-law claim with a federal law claim and thereby give the defendant the ability to seek adjudication of the claim in federal court." Wright, Miller & Cooper, 14C Fed. Prac. & Proc. Juris. § 3722.2, *Removal Based on Federal-Question Jurisdiction—Removal Based on Complete Preemption* (Rev. 4th ed. (updated as per Westlaw)). Here, the rationale for complete preemption is even stronger because regulating and investigating U.S. Justice Department lawyers is inherently a federal role—and not a state role. At least it is not a state role in the absence of a clear delegation to Georgia. And there is no such delegation to Georgia applicable here, or to Fulton County, and the Fulton County Action does not on its face even attempt to overcome this lack of authority.

55.   28 U.S.C. § 1441(a) provides as follows:

29

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

56.  As explained above, the Fulton County Action and the ancillary SPGJ Proceedings that led up to it make it into a criminal-civil hybrid. As such, Section 1441(a) applies here, for this proceeding is, at least in part, a "civil action."

57.  We reiterate that because the SPGJ Proceedings are civil in nature, this case is thus in part a "civil action" which is pending in "a State Court," within the meaning of Section 1441(a) as supplemented by Section 1451(1).

58.  This District Court possesses original federal question jurisdiction over this in-part "civil action" because the attempted civil inquiry into and regulation of a Justice Department lawyer at issue here is completely preempted. Complete federal preemption overrides invocations of the "well-pleaded complaint rule." *See, e.g., Vaden v. Discover Bank*, 556 U.S. 49, 56 (2009).

59.  The term "defendant" is not defined in Section 1441(a), but the Defendant here, Mr. Clark, is clearly placed in a defensive posture as to the SPJG Proceedings that were pursued by Georgia, however Mr. Clark may have been referred to inside those proceedings—whether as a "co-conspirator," "hostile potential witness," "member of a Georgia RICO conspiracy," etc.

30

## THE FULTON COUNTY SUPERIOR COURT (OR ANY GEORGIA STATE COURT) MAY NOT PROCEED FURTHER ON THIS MATTER, NOW THAT REMOVAL HAS OCCURRED.

60.   As noted above, this matter is a criminal-civil hybrid. As such, it must be governed by harmonizing the procedural removal statute for criminal actions (Section 1455) with the procedural removal statute for civil actions (Section 1446).

61.   Section 1455(b)(3) provides that "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1455(b)(3). *See also* 28 U.S.C. § 1455(b)(5) (in situations where "the United States district court does not order the summary remand of such prosecution," and once the "district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, ***which shall proceed no further***.") (emphasis added). We are hopeful that this Court will quickly issue that very type of notification to the Georgia state court, which will clearly bring a halt to all proceedings there, including any attempt by District Attorney Fani Willis to threaten or effectuate arrests under unilateral state judicial and ancillary executive power.

62.   But Section 1446(d) provides, even earlier, that once notice of removal is filed

with the clerk of the "State court," as to a civil action, and notice is given to adverse parties, then "***the State court shall proceed no further unless and until the case is remanded***." 28 U.S.C. § 1446(d). Section 1446(d)'s civil-side rule is thus an ***automatic stay*** and its application does not even need to await this Court's determination that the criminal-side removal shall be permitted.

63.   The only way to harmonize those two statutes, both of which apply to this removal, is for the State Court to be precluded from proceeding further with the matter "unless and until the case is remanded." *See, e.g., United States v. Fausto*, 484 U.S. 439, 453 (1988) ("we must engage in the classic judicial task of reconciling many laws enacted over time, and getting them to make sense in combination") (cleaned up). Otherwise, the civil-side rule, applicable because the removed SPGJ Proceedings are part of the litigation here now, would be entirely eviscerated.

64.   For these reasons, this Court should make clear that all Fulton County, Georgia Superior Court proceedings must be halted, including any efforts to use state or interstate processes to arrest any of the defendants or threaten them with arrest.

65.   Upon removal, this case is now governed exclusively by the Federal Rules of Criminal Procedure as to the Fulton County Action narrowly defined and by the Federal Rules of Civil Procedure as to review any improprieties of the

SPGJ Proceedings and their potential to have infected the Fulton County Action (*i.e.*, the criminal side of the case) and render it *ultra vires*. These interrelated proceedings are no longer governed by Georgia procedural law or criminal procedural process.

66. Additionally, Supreme Court case law makes clear that arrest powers under state or local processes are eliminated by removal. *See Watson v. Philip Morris Cos.*, 551 U.S. 142, 150 (2007) (cleaned up) ("the removal statute's 'basic' purpose is to protect[s] the Federal Government from the interference with its operations that would ensue were a State able, for example, ***to arrest*** and bring to trial in a State court for an alleged offense against the law of the State, officers and agents of the Federal Government acting within the scope of their authority.") (emphasis added).

67. Additionally, shortly after filing this Notice of Removal, we will contemporaneously file with the Court an emergency motion seeking (a) a stay of any state court process going forward, now that removal has occurred, especially including stay of the issuance of and/or execution of any arrest warrants; and (b) an administrative stay of ten days to allow the Court to keep the *status quo* in place pending its decision on removal, so that arrest warrants are not proceeded on further by District Attorney Willis or by the Fulton County Sheriff or any adjunct officials working for or with either of those two

officials, during that short period.

## NOTICE TO DISTRICT ATTORNEY WILLIS ON DISCOVERY AND DOCUMENT PRESERVATION

68. Because this is a civil matter as well as a criminal matter, Mr. Clark hereby gives the earliest possible notice to the Fulton County District Attorney's Office and to the Georgia Attorney General that we will, at the appropriate juncture and in accord with this Court's scheduling orders, be seeking discovery against the Fulton County District Attorney's Office and against the State itself pursuant to the Federal Rules of Civil Procedure (in addition to our discovery rights under the Federal Rules of Criminal Procedure).

69. For this reason, District Attorney Willis, her office, and the State of Georgia across any agency should preserve all documents (broadly defined to include all electronic media) that relate to either or both of the Fulton County Action narrowly defined, to the SPGJ Proceedings, or to the 2020 presidential election and investigations thereof, and should destroy no documents in either of those categories. *See* Fed. R. Civ. P. 34(a)(1); Fed. R. Civ. P. 37(e). *See also generally* Fed. Rs. Civ. P. 34 & 37.

## VENUE AND REMOVAL UNDER 28 U.S.C. § 1441(A)

70. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Northern District of Georgia is the District in which the State Court Action was pending.

71.  Moreover, venue is proper, specifically, in the Atlanta Division of this Court given that it arises out of Fulton County, Georgia.

72.  This matter is removable under 28 U.S.C. §§ 1441 and 1442 as, in part, a civil action over which the United States District Court for the Northern District of Georgia has original subject matter jurisdiction under 28 U.S.C. § 1331 and the doctrine of complete preemption.

73.  This matter is thus also removable under 28 U.S.C. § 1442 and § 1455 because the indictment is in-part a criminal prosecution that is pending within another jurisdiction, Fulton County, Georgia Superior Court, that falls within the geographic span of the United States District Court for the Northern District of Georgia.

**EFFECTUATION OF REMOVAL**

74.  Defendant hereby removes the Fulton County Action and the SPGJ Proceedings to the United States District Court for the Northern District of Georgia.

75.  Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers that we have been able to locate from the Fulton County Action are filed concurrently herewith as Exhibit A-1 through A-9. Additionally, all SPJG Proceedings we could locate are filed concurrently herewith as Exhibit B1 through B-174. As noted above, we were not obligated

to attach any papers in these two interrelated matters because no papers from either proceeding have been served on Mr. Clark at this time. We have done so largely for the convenience of the Court.

76.   Undersigned counsel certifies that a notification of filing this Notice of Removal in this Case, along with a copy of this Notice of Removal, will be promptly filed with the Fulton County Superior Court and with the Georgia Court of Appeals with respect to the Notice of Appeal filed April 19, 2023 (Exh. B-149) and with the Georgia Supreme Court with respect to the Notice of Appeal filed August 4, 2023 (Exh. B-171) when that appeal is docketed. Defendant will also serve this filing on opposing counsel and those counsel for co-defendants of whom we are aware.

**REMOVAL OF ENTIRE ACTION INCLUDING ALL DEFENDANTS**

77.   Pursuant to precedent from the Eleventh Circuit (and a straightforward reading of Section 1442(a) that "civil action[s] or criminal prosecution[s]" are removed as a general matter), this removal—as well as the removal by defendant Mark Meadows'[13] —have removed the entirety of the Fulton County Action.[14] *See, e.g., Morgan v. Bill Vann Co.*, Civ. A. 11-0535-WS-B,

---

[13] *See State of Georgia v. Meadows*, Case No. 1:23-cv-03621-SCJ (removed Aug. 15, 2023).

[14] There is one exception under the second sentence of Section 1442(d), which states: "If removal is sought for a proceeding described in the previous sentence, and there

2011 WL 6056083 (S.D. Ala. Dec. 6, 2011) ("***If one aspect of this case is***

***removable, then the entire case may be removed.*** *See Magnin* [*v. Teledyne*

*Continental Motors*], 91 F.3d [1424,] 1428 [(11th Cir. 1996)] ('If one question

of Federal character exists, if there be a single such ingredient in the mass, it

is sufficient. That element is decisive upon the subject of jurisdiction.)

[(cleaned up)]. Thus, whether federal removal jurisdiction could have hinged

on Morgan's failure to warn claims, or his claims arising from Coast Guard

service, are questions that simply need not be reached. The Court finds that

***this entire action*** was properly removable under the federal officer removal

statute.") (emphasis added).

78.   Numerous older authorities support this same conclusion. *See IMFC*

*Professional Servs. of Fla., Inc. v. Latin American Home Health, Inc.*, 676

F.2d 152, 158 (5th Cir. Unit B 1982) ("Section 1442(a)(1) authorizes removal

of the entire case even though only one of its controversies might involve a

---

is no other basis for removal, only that proceeding may be removed to the district
court." This is designed to allow subpoenas to third parties to be removed separately.
But here, no third-party subpoena is being removed.

There are also two other ways in which this sentence is irrelevant to this removal:
(1) there is another basis for removal than Section 1442 here, namely the Section
1441 removal under complete preemption, *see supra* at ¶¶ 54-60; and (2) Section
1442(d)'s second sentence allows only "that proceeding" to be removed and in this
Notice of Removal, we have defined the proceedings that are being removed, under
even Section 1442 standing alone, to include both the criminal Fulton County Action
and the civil SPGJ Proceedings.

federal officer or agency. *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965).").[15] *IMFC Professional*'s continuing applicability was specifically reaffirmed and applied in *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1251 (11th Cir. 1988); *see also Heinze*, 2022 WL 15265493, *2 (N.D. Ga. Oct. 25, 2022) ("It is well settled that if one claim cognizable under Section 1442 is present, the entire action is removed, regardless of the relationship between the Section 1442 claim and the non-removable claims.")

79.   Moreover, District Attorney Willis has announced her intention to try all defendants together in one action, so she can hardly be heard to argue that removal occurs only on a piecemeal defendant-by-defendant basis. *See* Exh. A-2, Motion for Entry of Pretrial Scheduling Order.

80.   Mr. Clark does not object to other defendants seeking voluntary remands to state court, although as noted in the previous paragraph, District Attorney Willis may object to this as it defeats her announced goal of holding one trial encompassing all defendants.

81.   Moreover, Mr. Clark notes that his interests in removal here are particularly focused on two objectives that he can claim as a former federal officer: (1) his

---

[15] Unit B of the Fifth Circuit was comprised of the States Alabama, Florida, and Georgia and became the Eleventh Circuit, so *IMFC Professional Services of Florida* is binding precedent. *See* Thomas E. Baker, *A Primer on Precedent in the Eleventh Circuit*, 34 MERCER L. REV. 1175, 1179 (1983).

right to have an Article III court decide whether, as he contends, he is immune from the Fulton County Action or that it is otherwise lacking a proper jurisdictional basis, including as to any claim by the District Attorney that Fulton County Superior Court or any federal court in Georgia could exercise personal jurisdiction over Mr. Clark; and (2) to secure a federal forum to review the unlawful acts occurring in the course of the SPGJ Proceedings and the prospect that those proceedings (once they are fully unsealed and can be examined) infected the Fulton County Action and rendered it *ultra vires*.

82.   At the time of his federal officer removal, Mr. Meadows alerted the Court of his intention to file a motion to dismiss the indictment. *See State of Georgia v. Meadows*, Dkt. # 1 at 2-3 & 9 n.2. Since that time, on August 19, 2023, Mr. Meadows made good on that promise. *See id*. at Dkt. 16 and 16-1. Mr. Clark understands Mr. Meadows' desire for expedition given the various ways that the indictment of Mr. Meadows, Mr. Clark, and former President Trump are illegal.

83.   However, Mr. Clark, noting that this entire case has been removed, recognizes the large-scale management problems this case will create for this Court. Additionally, while Mr. Clark has confidence in the grounds for dismissal that Mr. Meadows presents, he wishes to present other grounds as well as to dismissal of the case against him in particular. And we believe that Mr. Clark

(and all other defendants) should be allowed to file a motion to dismiss based on a non-rushed schedule that this Court establishes as it begins to get its arms around all that is involved in this case. One thing is certain: there is no objective basis for rushing adjudication of any of these matters in light of the two-and-a-half years District Attorney Fani Willis spent investigating this matter before filing the indictment.

84.   WHEREFORE, Defendant hereby removes this action to the United States District Court for the Northern District of Georgia.

* * *

The Court should also accept both this criminal and civil removal in light of Mr. Clark's obvious status as a federal officer during the times relevant to the indictment and as to any investigated conduct in and by the SPGJ. And it should follow that rapid acceptance of federal removal jurisdiction by adjudicating, in motions practice, the dismissal of the indictment against Mr. Clark.

Mr. Clark believes that this Notice of Removal establishes the grounds for invocation of his federal officer removal rights, *as a matter of law*,[16] and thus that taking evidence on that issue should not be necessary. However, if this Court has

---

[16] Mr. Meadows requested an evidentiary hearing and has gotten one, set for August 28, 2023, *see State of Georgia v. Meadows*, Dkt. # 6. But elsewhere in his notice of removal, Mr. Meadows agrees with Mr. Clark's position here, namely that the entitlement of federal officers to remove the Fulton County Action is "clear and does not turn on any disputed facts." *State of Georgia v. Meadows*, Dkt. #1 at 13.

doubts on that matter or wishes to explore any of the relevant legal issues prior to

making a ruling on the existence of removal jurisdiction as to the matters removed

here, Mr. Clark respectfully requests that the Court grant oral argument.

This 21st day of August 2023.

Respectfully submitted,

*/s/ Harry W. MacDougald*
Harry W. MacDougald
Georgia Bar No. 463076

Caldwell, Carlson, Elliott & DeLoach LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com

Attorney for Jeffrey B. Clark

### CERTIFICATE OF COMPLIANCE WITH L.R. 5.1

The undersigned hereby certifies that this filing was prepared in the Times New Roman size 14 font, in compliance with L.R. 5.1.

This 21st day of August 2023.

*/s/ Harry W. MacDougald*
Georgia Bar No. 463076
*Attorney for Defendant*

CALDWELL, CARLSON, ELLIOTT & DELOACH LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Notice of Removal* (and its accompanying exhibits) was hereby filed on August 21, 2023 and served on the persons listed below by the methods indicated. I sign consistent with Federal Rule of Civil Procedure 11.

By email:

> Fani Willis, Esq.
> Nathan J. Wade, Esq.
> Fulton County District Attorney's Office
> 136 Pryor Street SW
> 3rd Floor
> Atlanta GA 30303
> fani.willisda@fultoncountyga.gov
> nathanwade@lawyer.com
>
> The Honorable Christopher M. Carr
> Office of the Attorney General of Georgia
> 40 Capitol Square, S.W.
> Atlanta GA 30334
> ccarr@law.ga.gov

I have also served this filing by email on the following counsel who to my knowledge are representing other defendants named in the underlying indictment:

Drew Findling- drew@findlinglawfirm.com;
Marissa Goldberg- marissa@findlinglawfirm.com;
Jennifer Little- jlittle@jllaw.com;
Dwight Thomas- dwightl654@gmail.com

Craig Gillen -cgillen@gwllawfirm.com>
Anthony Lake -aclake@gwllawfirm.com;
Holly Pierson -hpierson@piersonlawllc.com

Kieran Shanahan -kieran@shanahanlawgroup.com

Tom Bever- tbever@sgrlaw.com;
Amy Buice-abuice@sgrlaw.com

Bruce Morris- bmorris@fmattorneys.com
Don Samuel- dfs@gsllaw.com
Amanda Clark Palmer- aclark@gsllaw.com

Richard Rice - richard.rice@trlfirm.com;
Chris Anulewicz - canulewicz@bradley.com

Scott Grubman - SGrubman@cglawfirm.com;
Manny Arora- manny@arora-law.com

Charles Burnham - charles@burnhamgorokhov.com

Laura Hogue- laura@hogueandhogue.com,
Frank Hogue- frank@hogueandhogue.com

Lynsey Barron -lynsey@barron.law,
Andrew Hall -andrew@h3-law.com

Brian Rafferty Brafferty@bakerlaw.com
Brian McEvoy - bmcevoy@bakerlaw.com

David Warrington - dwarrington@dhillonlaw.com
Mike Columbo- mcolumbo@dhillonlaw.com

Steve Greenberg - steve@greenbergcd.com

George J. Terwilliger , III- gterwilliger@mcguirewoods.com
Joseph Matthew Englert- jenglert@mcguirewoods.com
Michael Lee Francisco- mfrancisco@mcguirewoods.com

        This 21st day of August 2023.

                        */s/ Harry W. MacDougald*
                        Georgia Bar No. 463076
                        *Attorney for Defendant Jeffrey B. Clark*

CALDWELL, CARLSON, ELLIOTT & DELOACH LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com