# EXHIBIT B-002

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE
MAY 25 2022
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN RE: )
SPECIAL PURPOSE GRAND JURY ) 2022-EX-000024
)
) Judge Robert C. I. McBurney
)

### CERTIFICATE OF MATERIAL WITNESS PURSUANT TO UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESSES FROM WITHOUT THE STATE, CODIFIED IN THE STATE OF GEOGIA AS O.C.G.A. § 24-13-90 ET SEQ.

Upon the petition of Fani T. Willis, District Attorney, Atlanta Judicial Circuit, pursuant to the Uniform Act to Secure the Attendance of Witnesses from Without the State, codified at O.C.G.A. § 24-13-90 et seq., the Court issues the following Certificate under seal of this Court, and further says as follows:

1. A Special Purpose Grand Jury investigation commenced in Fulton County, Georgia, by order of this Court on May 2, 2022. *See* Order Impaneling Special Purpose Grand Jury Pursuant to O.C.G.A. § 15-12-100, et seq., "**Exhibit A**". The Special Purpose Grand Jury is authorized to investigate any and all facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia. *See* Letter Requesting Special Purpose Grand Jury, "**Exhibit B**".

2. Based on the representations made by the State in the attached "Petition for Certification of Need for Testimony Before Special Purpose Grand Jury Pursuant to O.C.G.A. § 24-13-90 et seq.", the Court finds that **Trevian Kutti**, born February 27,

1970 (hereinafter, "the Witness"), is a necessary and material witness to the Special Purpose Grand Jury investigation. The Court further finds that the Witness currently resides at 1000 N. Lake Shore Drive, Chicago, Illinois 60611.

10. The Court further finds that on January 4, 2021, the Witness came to the Georgia residence of Ruby Freeman, a former temporary worker employed by the Fulton County Department of Registration and Elections. *See generally* Police Report, "**Exhibit C**". Prior to that date, Freeman had been falsely accused of participating in election fraud by former President Donald Trump, attorney Rudy Giuliani, and other individuals, and these accusations resulted in threats and harassment aimed at Freeman and her family. Initially, the Witness presented herself to Freeman as someone who could help her, but the Witness then warned Freeman that her liberty was in jeopardy and attempted to pressure Freeman into falsely confessing to participation in election fraud. The Witness also arranged for Freeman to speak by telephone to several third parties related to the Witness's attempt to acquire a false confession from Freeman. The identity of these third parties, as well as the nature and extent of their relationships to the Witness or other persons publicizing disproven allegations of election fraud, are known only by the Witness. Also, while portions of the Witness's conversations with Freeman were recorded on police body-worn cameras, other portions (including all of the conversations between the Witness and Freeman that occurred at Freeman's home) were not recorded, making it necessary to speak to the Witness about those conversations and the events leading up to them. These facts are demonstrably related, either directly or indirectly, to the subject of the Special Purpose Grand Jury's investigation.

3. The testimony of the Witness will not be cumulative of any other evidence in this matter.

4. The Witness will be required to be in attendance and testify before the Special Purpose Grand Jury on June 14, 2022, and continuing through and until the conclusion of the Witness's testimony on or before June 30, 2022, at the Superior Court of Fulton County, Fulton County Courthouse, 136 Pryor Street, 3rd Floor, Atlanta, Georgia 30303.

5. The Office of the Fulton County District Attorney, in and for the State of Georgia, will pay all reasonable and necessary travel expenses and witness fees required to secure the Witness's attendance and testimony, in accordance with O.C.G.A. §24-13-90 et seq.

6. The Witness protection shall be given protection from arrest and from service of civil or criminal process, both within this State and in any other state through which the Witness may be required to pass in the ordinary course of travel, for any matters which arose before the Witness's entrance into this State and other states, while traveling to and from this Court for the purpose of testifying for this case.

7. The State of Georgia is a participant in a reciprocal program providing for the securing of witnesses to testify in foreign jurisdictions which likewise provide for such methods of securing witnesses to testify in their courts.

8. This Certificate is made for the purpose of being presented to a judge of the Circuit Court of Cook County by the Cook County State's Attorney, or her duly authorized representative, who is proceeding at the request and on behalf of the Office of the Fulton County District Attorney to compel the Witness to be in attendance and testify

before the Special Purpose Grand Jury on June 14, 2022, and continuing through and until the conclusion of the Witness's testimony on or before June 30, 2022, at the Superior Court of Fulton County, Fulton County Courthouse, 136 Pryor Street, 3rd Floor, Atlanta, Georgia 30303.

**WITNESS MY HAND AND SEAL** as a judge of the Superior Court of Fulton County, Georgia,

This the 25th day of May, 2022.

**Hon. Robert C. I. McBurney**
Superior Court of Fulton County
Atlanta Judicial Circuit
State of Georgia

# EXHIBIT A

OFFICE OF THE FULTON COUNTY DISTRICT ATTORNEY
ATLANTA JUDICIAL CIRCUIT
136 PRYOR STREET SW, 3RD FLOOR
ATLANTA, GEORGIA 30303

*Fani T. Willis*
District Attorney

TELEPHONE 404-612-4639

The Honorable Christopher S. Brasher
Chief Judge, Fulton County Superior Court
Fulton County Courthouse
185 Central Avenue SW, Suite T-8905
Atlanta, Georgia 30303



2022-EX-000017

January 20, 2022

Dear Chief Judge Brasher:

I hope this letter finds you well and in good spirits. Please be advised that the District Attorney's Office has received information indicating a reasonable probability that the State of Georgia's administration of elections in 2020, including the State's election of the President of the United States, was subject to possible criminal disruptions. Our office has also learned that individuals associated with these disruptions have contacted other agencies empowered to investigate this matter, including the Georgia Secretary of State, the Georgia Attorney General, and the United States Attorney's Office for the Northern District of Georgia, leaving this office as the sole agency with jurisdiction that is not a potential witness to conduct related to the matter. As a result, our office has opened an investigation into any coordinated attempts to unlawfully alter the outcome of the 2020 elections in this state.

We have made efforts to interview multiple witnesses and gather evidence, and a significant number of witnesses and prospective witnesses have refused to cooperate with the investigation absent a subpoena requiring their testimony. By way of example, Georgia Secretary of State Brad Raffensperger, an essential witness to the investigation, has indicated that he will not participate in an interview or otherwise offer evidence until he is presented with a subpoena by my office. Please see Exhibit A, attached to this letter.

Therefore, I am hereby requesting, as the elected District Attorney for Fulton County, pursuant to O.C.G.A. § 15-12-100 et. seq., that a special purpose grand jury be impaneled for the purpose of investigating the facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia. Specifically, a special purpose grand jury, which will not have the authority to return an indictment but may make recommendations concerning criminal prosecution as it shall see fit, is needed for three reasons: first, a special purpose grand jury can be impaneled by the Court for any time period required in order to accomplish its investigation, which will likely exceed a normal grand jury

term; second, the special purpose grand jury would be empowered to review this matter and this matter only, with an investigatory focus appropriate to the complexity of the facts and circumstances involved; and third, the sitting grand jury would not be required to attempt to address this matter in addition to their normal duties.

Additionally, I am requesting that, pursuant to O.C.G.A. § 15-12-101, a Fulton County Superior Court Judge be assigned to assist and supervise the special purpose grand jury in carrying out its investigation and duties.

I have attached a proposed order impaneling the special purpose grand jury for the consideration of the Court.

Respectfully,

Fani T. Willis
District Attorney, Atlanta Judicial Circuit

Exhibit A: Transcript of October 31, 2021 episode of *Meet the Press* on NBC News at 26:04 (video archived at https://www.youtube.com/watch?v=B71cBRPgt9k)
Exhibit B: Proposed Order

cc:
The Honorable Kimberly M. Esmond Adams
The Honorable Jane C. Barwick
The Honorable Rachelle Carnesdale
The Honorable Thomas A. Cox, Jr.
The Honorable Eric Dunaway
The Honorable Charles M. Eaton, Jr.
The Honorable Belinda E. Edwards
The Honorable Kelly Lee Ellerbe
The Honorable Kevin M. Farmer
The Honorable Ural Glanville
The Honorable Shakura L. Ingram
The Honorable Rachel R. Krause
The Honorable Melynee Leftridge
The Honorable Robert C.I. McBurney
The Honorable Henry M. Newkirk
The Honorable Emily K. Richardson
The Honorable Craig L. Schwall, Sr.
The Honorable Paige Reese Whitaker
The Honorable Shermela J. Williams
Fulton County Clerk of Superior Court Cathelene "Tina" Robinson

# EXHIBIT B

IN THE SUPERIOR COURT OF FULTON COUNTY
ATLANTA JUDICIAL CIRCUIT
STATE OF GEORGIA

2022-EX-000024

FILED IN OFFICE
JAN 24 2022
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN RE: REQUEST FOR
SPECIAL PURPOSE
GRAND JURY

## ORDER APPROVING REQUEST FOR SPECIAL PURPOSE GRAND JURY PURSUANT TO O.C.G.A. §15-12-100, et seq.

The District Attorney for the Atlanta Judicial Circuit submitted to the judges of the Superior Court of Fulton County a request to impanel a special purpose jury for the purposes set forth in that request. This request was considered and approved by a majority of the total number of the judges of this Court, as required by O.C.G.A. §15-12-100(b).

IT IS THEREFORE ORDERED that a special purpose grand jury be drawn and impaneled to serve as provided in O.C.G.A. § 15-12-62.1, 15-12-67, and 15-12-100, to commence on May 2, 2022, and continuing for a period not to exceed 12 months. Such period shall not include any time periods when the supervising judge determines that the special purpose grand jury cannot meet for safety or other reasons, or any time periods when normal court operations are suspended by order of the Supreme Court of Georgia or the Chief Judge of the Superior Court. The special purpose grand jury shall be authorized to investigate any and all facts and circumstances relating directly or indirectly to alleged violations of the laws of the State of Georgia, as set forth in the request of the District Attorney referenced herein above.

Pursuant to O.C.G.A. § 15-12-101(a), the Honorable Robert C. I. McBurney is hereby assigned to supervise and assist the special purpose grand jury, and shall charge said special purpose grand jury and receive its reports as provided by law.

This authorization shall include the investigation of any overt acts or predicate acts relating to the subject of the special purpose grand jury's investigative purpose. The special purpose grand jury, when making its presentments and reports, pursuant to O.C.G.A. §§ 15-12-71 and 15-12-101, may make recommendations concerning criminal prosecution as it shall see fit. Furthermore, the provisions of O.C.G.A. § 15-12-83 shall apply.

This Court also notes that the appointment of a special purpose grand jury will permit the time, efforts, and attention of the regular grand jury(ies) impaneled in this Circuit to continue to be devoted to the consideration of the backlog of criminal matters that has accumulated as a result of the COVID-19 Pandemic.

IT IS FURTHER ORDERED that this Order shall be filed in the Office of the Clerk of the Superior Court of Fulton County.

SO ORDERED, THIS 24 DAY OF January, 2022.

---

CHRISTOPHER S. BRASHER, CHIEF JUDGE
Superior Court of Fulton County
Atlanta Judicial Circuit

# EXHIBIT C

# INCIDENT/INVESTIGATION REPORT

**Agency Name:** Cobb County Police
**ORI:** GA 0330200
**Case#:** 21-000835
**Date / Time Reported:** 01/04/2021 20:38 Mon
**Last Known Secure:** 01/04/2021 19:56 Mon
**At Found:** 01/04/2021 20:38 Mon

## INCIDENT DATA

**Location of Incident:** [redacted] GA [redacted]
**Premise Type:** Residence/home
**Zone/Beat:** E, 210

**#1 Crime Incident(s):** Suspicious Activity 99BF (Com)
- Weapon/Tools: None
- Entry: — Exit: — Security: —
- Activity: N

**#2 Crime Incident:** (  )
- Weapon/Tools:
- Entry: Exit: Security: Activity:

**#3 Crime Incident:** (  )
- Weapon/Tools:
- Entry: Exit: Security: Activity:

## VICTIM

**# of Victims:** 0   **Type:**   **Injury:**   **Domestic:** NO

**V1** Victim/Business Name: —
Victim of Crime #: —   DOB/Age: —   Race: —   Sex: —   Relationship To Offender: —   Resident Status: —   Military Branch/Status: —
Home Address: —   Home Phone: —
Employer Name/Address: —   Business Phone: —   Mobile Phone: —
VYR / Make / Model / Style / Color / Lic/Lis / VIN: —

## OTHERS INVOLVED

CODES: V - Victim (Denote V2, V3)   O = Owner (if other than victim)   R = Reporting Person (if other than victim)

**Type:** INDIVIDUAL (NON LE)   **Injury:**
**Code:** R   **Name:** FREEMAN, RUBY JEWEL
Victim of Crime #: [redacted]   DOB/Age: [redacted]   Race: B   Sex: F   Resident Status: Resident
Home Address: [redacted]   Home Phone: [redacted]
Employer Name/Address: [redacted]   Business Phone: —   Mobile Phone: [redacted]

**Type:** INDIVIDUAL (NON LE)   **Injury:**
**Code:** IO   **Name:** KUTTI, TREVIAN
Victim of Crime #: [redacted]   DOB/Age: [redacted]   Race: B   Sex: F   Resident Status: Non-Resident
Home Address: [redacted]   Home Phone: [redacted]
Employer Name/Address: (CRISIS MANAGER)   Business Phone: —   Mobile Phone: —

## PROPERTY

1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown
("OJ" = Recovered for Other Jurisdiction)

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

**Officer/ID#:** KEARNEY, M. P. (2100, IA) (2480)
**Invest ID#:** CASE, T. C. (2100, CAP) (2478)
**Supervisor:** MURPHY, S. P. (2100, PCT2) (1507)
**Complainant Signature:**
**Case Status:** Administratively Closed   01/21/2021
**Case Disposition:**
Page 1

R_CS1IBR   Printed By: WARM, 6611   Sys#: 589640   03/11/2022 14:32

## INCIDENT/INVESTIGATION REPORT

*Cobb County Police*

Case # *21-000835*

| | IBR | Status | Quantity | Type Measure | | Suspected Type | |
|---|---|---|---|---|---|---|---|
| D R U G S | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Status Codes: 1 = None  2 = Burned  3 = Counterfeit / Forged  4 = Damaged / Vandalized  5 = Recovered  6 = Seized  7 = Stolen  8 = Unknown

Assisting Officers
RICKERSON, S.S. (1502)

Suspect Hate / Bias Motivated:  *NONE (NO BIAS)*

## INCIDENT/INVESTIGATION REPORT

Narr. (cont.) OCA: 21-000835

*Cobb County Police*

### NARRATIVE

On January 4, 2021 at approximately 2038 hours, I responded to a suspicious activity call that occurred at ▮▮▮▮▮▮▮▮▮▮. Upon arrival, I made contact with Ruby Freeman who stated that she was a ballot counter for the election. Ms. Freeman stated that she was being harassed by people on social media and had random people knocking on her door.

Ms. Freeman stated that a female and male were at her door trying to speak with her. Ms. Freeman stated that the female (Trevian Kutti) stated that she needed to speak with her.

I asked Ms. Freeman if she would be comfortable speaking with Ms. Kutti at the precinct (4700 Austell Road) while we supervised, and Ms. Freeman stated yes. I contacted Ms. Kutti and they agreed to meet at 2230 hours. I escorted Ms. Freeman to the precinct to speak with Ms. Kutti and escorted Ms. Freeman back to her residence.

Ms. Freeman's residence was listed on a zone patrol and Ms. Freeman was informed to call back immediately if she observed any suspicious activity outside of her residence.

No further.

## CASE SUPPLEMENTAL REPORT

Printed: 03/11/2022 14:32

**Cobb County Police**

OCA: **21000835**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

| | | |
|---|---|---|
| **Case Status:** ADMINISTRATIVELY... | **Case Mng Status:** ADMINISTRATIVELY CLOSED | **Occurred:** 01/04/2021 |
| **Offense:** SUSPICIOUS ACTIVITY | | |

| | | |
|---|---|---|
| **Investigator:** KEARNEY, M. P. (2480) | **Date / Time:** | 01/05/2021 03:38:39, Tuesday |
| **Supervisor:** MURPHY, S. P. (1507) | **Supervisor Review Date / Time:** | 01/05/2021 04:02:59, Tuesday |
| **Contact:** | **Reference:** | Additional Information |

On January 4, 2021 at approximately 2038 hours, I responded to a suspicious activity call that occurred at ▇▇▇▇▇▇▇▇▇▇▇▇. Upon arrival, I made contact with Ruby Freeman who stated that she was a ballot counter for the election. Ms. Freeman stated that she was being harassed by people on social media and had random people knocking on her door.

Ms. Freeman stated that a female and male were at her door trying to speak with her. Ms. Freeman stated that the female (Trevian Kutti) stated that she needed to speak with her. Ms. Freeman was uneasy due to the threats she had been getting since the election.

I made contact with Ms. Kutti who stated that she was a crisis manager and was sent from a high-profile individual and that she traveled from Chicago, Illinois. Ms. Kutti stated that Ms. Freeman was in danger and had 48 hours to speak with her so that she could get ahead of the issue. Ms. Kutti stated that unknown subjects were going to be at Ms. Freeman's residence, but did not elaborate on the dangers Ms. Freeman was facing, but it was due to the election.

I asked Ms. Freeman if she would be comfortable speaking with Ms. Kutti at the precinct (4700 Austell Road) while we supervised, and Ms. Freeman stated yes. I contacted Ms. Kutti and they agreed to meet at 2230 hours. I escorted Ms. Freeman to the precinct to speak with Ms. Kutti and escorted Ms. Freeman back to her residence.

Ms. Freeman's residence was listed on a zone patrol and Ms. Freeman was informed to call back immediately if she observed any suspicious activity outside of her residence.

No further.

Investigator Signature                                   Supervisor Signature

## CASE SUPPLEMENTAL REPORT

Printed: 03/11/2022 14:32

**Cobb County Police**

OCA: **21000835**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

**Case Status:** ADMINISTRATIVELY...  **Case Mng Status:** ADMINISTRATIVELY CLOSED  **Occurred:** 01/04/2021
**Offense:** SUSPICIOUS ACTIVITY

**Investigator:** CASE, T. C. (2478)  **Date / Time:** 01/21/2021 19:46:33, Thursday
**Supervisor:** NOLES, T. M. (0305)  **Supervisor Review Date / Time:** 01/21/2021 19:49:16, Thursday
**Contact:**  **Reference:** Cleared/any Status

Case: 21000835
Type: Suspicious Activity
Location: 
Purpose: Case Assignment/ Case Closed
Detective: T.C. Case
Date: 01/21/2021

On 01/21/2021, at 1845 hours, I was advised by LT. Noles that Ruby Freeman was involved in a suspicious activity report from 01/04/2021. Ms. Freeman was involved in a previous harassing communications incident in December 2020 and I was familiar with her case so I asked for the new case to be assigned to me for follow-up.

On 01/21/2021, at 1850 hours, I called the listed home phone number for Ms. Freeman and found that the number was invalid. I then called the listed mobile number and spoke with Ms. Freeman who stated that Trump supporters had ordered pizza deliveries to her home for three days in a row. A CCPD Police Officer was dispatched to the home but the officer was unable to convince the pizza companies to stop delivering unless Ms. Freeman called them directly. Ms. Freeman stated that she had gone to the businesses herself and resolved the situation.

Ms. Freeman also complained about Trump supporters attempting to hold a rally at her home due to some alleged voter/ballot fraud. The rally did not occur as planned and there was no need for police action.

The suspicious activity incident was an alleged Trump supporter who attempted to get Ms. Freeman to make false claims about the ballot counting for the FBI investigation of the election results. Ms. Freeman was disappointed with the service that was provided by CCPD because she was not escorted to her home by an officer after the meeting with the Trump supporter. I expressed my desire to have CCPD better serve the citizens and I asked Ms. Freeman if there was anything that I could do to assist her at this time. Ms. Freeman advised she had hired an attorney who would be in charge of any further communications with CCPD and she thanked me for taking the time to call her.

This case was initially listed as cleared and it was activated so that I could access the information from my dashboard. This case will be closed again unless further information is developed.

[01/21/2021 19:46, CAST, 5414, DPS]

Investigator Signature  Supervisor Signature

Page 4