# EXHIBIT B-060

FILED IN OFFICE

AUG 1 ? 2022

DEPUTY CLERK, SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

IN RE:                                    )          CASE NO.
SPECIAL PURPOSE GRAND JURY  )          2022-EX-000024
                                          )
_____)

## MOTION TO QUASH SUBPOENA ISSUED TO GOVERNOR BRIAN P. KEMP AND MEMORANDUM IN SUPPORT

Governor Brian P. Kemp, through undersigned counsel, respectfully moves this Court for an order quashing the Subpoena for the Attendance of Witness (the "Subpoena") issued to him by the District Attorney's Office (the "DA's Office") on August 4, 2022, because (1) it is barred by sovereign immunity; (2) it improperly seeks to invade established common law executive and attorney-client privileges; and (3) it is being pursued at this time for improper political purposes. In support thereof, the Governor submits this memorandum of law.

### I.    INTRODUCTION

Governor Kemp has ardently defended the rule of law in this State. Moreover, he welcomes opportunities to explain and defend his actions. However, the Subpoena ignores—and more importantly, the DA's Office has refused to account for—the serious privileges it implicates in relation to the testimony of a sitting Governor. Additional, through delay and artificial deadlines, the DA's Office has engineered the Governor's interaction with the investigation to reach a crescendo in the middle of an election cycle. This timing cannot be ignored given the Governor's repeated efforts to engage with the DA's Office prior to 2022 and even before announcing his re-election campaign. In fact, the Governor agreed to a voluntary interview to be held on July 25, 2022, but when counsel for the Governor asked reasonable questions of the DA's Office regarding the scope of that interview, the DA's Office unilaterally canceled the interview and issued the Subpoena. Why the DA's Office acted so abruptly is unclear.

Georgia courts have no authority to compel a sitting Governor to provide testimony about matters involving his official duties due to sovereign immunity. Even if that were not the centuries-old law of this State, the Subpoena at issue is improper, and due to be quashed, because its timing is neither driven by a genuine investigative need for information nor compliant with the established ethical rules governing prosecutors and election cycle investigations. Any one of these concerns, standing alone, is a sufficient reason the Subpoena should be quashed; considered together, they compel that outcome.

## II.   FACTUAL BACKGROUND

While the special purpose grand jury was only recently authorized, the DA's Office has been investigating the events surrounding the 2020 Presidential election for at least a year and a half. *The Fulton County District Attorney's Letter*, N.Y. TIMES (Feb. 20, 2021), https://www.nytimes.com/interactive/2021/02/10/us/politics/letters-to-georgia-officials-from-fulton-district-attorney.html. During that time, and well before the Subpoena was issued,[1] Governor Kemp consistently attempted to engage with DA's Office and to voluntarily provide it with relevant and appropriate information regarding its investigation. As outlined below, the DA's Office ignored, denied, or otherwise frustrated these attempts time and time again.

- On April 27, 2021, Raymond Baez, Deputy Chief Investigator for the DA's Office, informed counsel that the DA's Office was interested in meeting with Governor Kemp to discuss a telephone call between the Governor and former President Donald Trump. Investigator Baez stated that Chief Senior Assistant District Attorney Sonya Allen was running the investigation. Mr. Baez emphasized that the DA's Office needed to conduct this interview "***sooner rather than later.***"

---

[1] The DA's Office issued a Subpoena purportedly requiring Governor Kemp to appear to testify before the Special Grand Jury on August 10, 2022. (Attached hereto as Ex. A). Investigator Michael Hill went to the Capitol to attempt to serve the Governor personally with this subpoena, despite counsel's engagement in this investigation for 16 months. Unfortunately, Investigator Hill engaged in subterfuge in attempting to effect service of the subpoena. Investigator Hill represented to the paralegal at the Office of the Governor that he had spoken to counsel and that they had approved service, but no such conversation *ever* occurred. The Parties subsequently attended a meeting with the Court to discuss conflicts with the August 10, 2022 date and the DA's Office agreed to adjust the date of compliance to August 18, 2022 and reissued the Subpoena thereafter. (Attached hereto as Ex. B).

- That same day, undersigned counsel called Ms. Allen who stated that she was interested in speaking with the Governor in an informal witness interview. Ms. Allen echoed that these interviews *must occur promptly* given the desire to expedite the investigation. Counsel for the Governor inquired whether it could provide documentary evidence and Ms. Allen stated that no such requests would be issued because she "was not even sure what documents he would have." Counsel for the Governor reiterated a willingness to engage in an email that same day. The DA's Office *did not respond to this email*.

- Counsel sent another email to the DA's Office on June 16, 2021, reiterating the Office of the Governor's willingness to engage, requesting additional details about the specific topics that would be covered with Governor Kemp, and asking for confirmation that the substance of any statements "remain confidential." (Attached hereto as Ex. C).

- On June 21, 2021, the District Attorney responded stating "[w]e will be asking for an interview *in August [2021]* with Governor Kemp" and "*we expect to conclude all interviews of witnesses that do not need to go before a Grand Jury by September 30, 2021*." The District Attorney assured counsel "the content of the conversation will not be leaked" and requested that our client and our firm not "even mention that such an interview is occurring." The September 30, 2021 deadline came and went *without any communication* from the DA's Office. (*Id.*)

- On October 5, 2021, Ms. Allen submitted an Open Records Act Request to the Office of the Governor despite counsel's previous offer to provide materials and Ms. Allen's rejection of that offer. (Attached hereto as Ex. D). The Office of the Governor produced over 1,000 pages of responsive materials *yet received no responsive communication from the DA's Office*. (Attached hereto as Ex. E).

- In January 2022, counsel proactively emailed Ms. Allen to inform the DA's Office of counsel's new contact information and to confirm the ongoing representation of the Office of the Governor. (*See* Ex. C).

- On January 20, 2022, counsel called Ms. Allen reiterating the Office of the Governor's willingness to engage, inquiring about dates for an interview, and voicing a concern that we were rapidly moving closer to a high-profile primary and general election cycle. (See email correspondence confirming telephone conference, attached hereto as Ex. F). *The DA's Office did not provide any dates for an interview*.

- That same day, the DA's Office sought an order impaneling a special purpose grand jury "for the purpose of investigating the facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia." Letter from Fani T. Willis, District Attorney, Atlanta Judicial Circuit, to the Honorable Christopher S. Brasher, Chief Judge, Fulton County Superior Court (Jan. 20, 2022). (Attached hereto as Ex. G).

- Chief Judge Brasher authorized the request four days later on January 24, 2022, ordering the special purpose grand jury to begin on May 2, 2022, and to continue for a

year thereafter (the "Special Grand Jury"). Order Approving Request for Special Purpose Grand Jury Pursuant to O.C.G.A. § 15-12-100, et seq. (Jan. 24, 2022). (*Id.*)

- Counsel emailed Ms. Allen to follow up on the request on February 7, 2022. (*See* Ex. F). **She did not respond.**

- Counsel emailed Ms. Allen again on March 11, 2022 to inquire about the interview. (Attached hereto as Ex. H). **She did not respond.**

- Finally on March 30, 2022, counsel was informed that Ms. Allen was no longer the appropriate "point of contact" within the DA's Office. Instead, Donald Wakeford, Assistant District Attorney, would oversee "a future interview with Governor Brian Kemp." Mr. Wakeford stated he would reach out "to make arrangements *in the future*," but gave no indication of when this would be. Notably, this communication was *six months after* the initial September 30, 2021 deadline to complete witness interviews. (Attached hereto as Ex. I).

- Counsel emailed Mr. Wakeford on April 11, 2022, trying to discuss this "future interview" in more detail and to determine the timeline for said interview. (Attached hereto as Ex. J). **Mr. Wakeford did not respond.**

- Counsel sent another email correspondence to Mr. Wakeford on April 25, 2022 seeking to discuss the interview. (*Id.*) Mr. Wakeford responded stating that there was *"no information" the DA's Office "wish[ed] to discuss"* and would not be calling Governor Kemp for a voluntary interview before June 1, 2022, the date which the Special Grand Jury would begin hearing witnesses (which is confusing given that no jurors would be present at an interview). (*Id.*)

- Counsel responded on May 10, 2022, seeking additional information regarding the interview. (*Id.*). Mr. Wakeford responded saying the DA's Office "definitely still intend[ed] to speak with the governor," but provided no specific information. (*Id.*)

- On May 12, 2022, counsel called and spoke with Mr. Wakeford to clarify the timing of the investigation, raise concerns about the proximity of the investigation to the primary and general election cycles in Georgia, and to reiterate the Office of the Governor's willingness to engage. Counsel *requested the opportunity to conduct an attorney proffer* prior to a witness interview in order to address any evidentiary or privilege concerns that might arise. Mr. Wakeford was very receptive to the idea. Counsel also *requested the interview be conducted after the general election* so as not to improperly interfere with an ongoing election. Mr. Wakeford indicated he needed to discuss that request internally.

- Mr. Wakeford emailed counsel shortly thereafter stating that the DA's Office was *"open to scheduling an attorney proffer"* and would "speak with [counsel] to find an agreeable date." (Attached hereto as Ex. K). However, Mr. Wakeford stated that the *DA's Office was unwilling to interview Governor Kemp "past the date of the general*

*election,"* but provided no explanation as to why. (*Id.*)

- On June 3, 2022, counsel had a call with Will Wooten, another Assistant District Attorney, who was now the appropriate point of contact rather than Mr. Wakeford or Ms. Allen. Several attorneys and investigators within the DA's Office were also present on the call. Mr. Wooten discussed the desire to finally arrange a witness interview *and again agreed to an attorney proffer*. Counsel sent two date options for the attorney proffer (June 24 or June 27, 2022) and confirmed discussions with the Governor's scheduling team to find dates for his informal interview. (Attached hereto as Ex. L).

- Counsel emailed the DA's Office the following week providing dates for the Governor's interview (August 1, August 2, or August 4, 2022) and requesting confirmation of the attorney proffer date. Mr. Wooten responded on June 13, 2022, requesting a conference call. Counsel responded offering an available time, and Mr. Wooten responded with his availability. (Attached hereto as Ex. M).

- Before the conference call could take place, Nathan Wade, the Special Prosecutor to the DA's Office, called counsel abruptly that afternoon to inform them that he was the *only* individual in the DA's Office who had authority to enter into agreements pertaining to the investigation. *Mr. Wade voided all previous agreements, including the attorney proffer, without any explanation*. Mr. Wade stated that the August dates provided were unacceptable, and Governor Kemp's interview date must be scheduled within the month of July. Mr. Wade threatened to immediately serve Governor Kemp with a grand jury subpoena if dates were not instantly provided or if there were no available date in July. Mr. Wade than stated he would wait on the call until counsel provided said dates. Counsel replied that they would need to consult with the Governor's scheduler, considering he was the active Governor, to identify dates. Counsel further stated they did not feel threatening a witness was necessary considering Governor Kemp's continued and prolonged engagement. Mr. Wade responded that it was not a threat, it was merely "a fact."

- Following this call, counsel emailed Mr. Wooten and the rest of the investigation team that had been coordinating with counsel to date, highlighting concerns with Mr. Wade's revocation of an attorney proffer agreement, unprovoked hostility, and unnecessary threat to the Governor. (Attached hereto as Ex. N). *No one from the DA's Office responded*.

- As requested, on June 15, 2022, counsel emailed the DA's Office providing available July dates for the Governor's interview. Mr. Wade responded and confirmed that the DA's Office was amenable to a witness interview on July 25, 2022—*one week earlier than the untenable August 1, 2022 date*. Attached hereto as Ex. O).

- On June 22, 2022, Trina Swanson-Lucas, a senior investigator, attempted to serve a subpoena duces tecum for documents and a corresponding letter regarding the Governor's witness interview. (Attached hereto as Ex. P). Coincidentally, that same day, the Atlanta Journal-Constitution submitted a FOIA request seeking subpoenas sent

to the Office of the Governor related to the investigation.[2]

- On July 20, 2022, in advance of Governor Kemp's voluntary interview, counsel requested that certain protections be put into place to protect the integrity of Governor Kemp's testimony and prevent the inadvertent disclosure of privileged information. (Attached hereto as Ex. Q). In response, *the DA's Office unilaterally canceled the voluntary interview*—calling the requests, including the Court's recommendation of providing topics in advance of testimony, "utterly ludicrous"—and stated that Governor Kemp would now be subpoenaed in front of the grand jury in advance of the 2022 General Election as punishment for counsel's justified requests. (Attached hereto as Ex. R)

- Confoundingly, the DA's Office stated that the Office of the Governor has "purposely delayed to get us to our current date" and, as such, it is "meritless" to indicate that Georgia is in the midst of an election cycle. (*Id.*) It is abundantly clear—as outlined in great detail above—that the only delay throughout this investigation has been caused by the DA's Office and not Governor Kemp, the Office of the Governor, or his counsel. Furthermore, it is indisputable that Georgia is very much in an election cycle.

- The DA's Office also took the false position that only the Court can "outline issues of evidence and privilege." (*Id.*) Such an assertion violates both common practice and judicial economy.

- Notably, this stance is apparently only applied to the Office of the Governor. The "utterly ludicrous" request of identifying questions and topics in advance of the interview in order to proactively address evidentiary and privilege issues was not only agreed to, but was *suggested* by, the DA's Office as a reasonable parameter at the July 21, 2022 hearing held by this Court—less than 24 hours after the DA's Office had rejected the Office of the Governor's request for the same protection. At that hearing, the Court acknowledged that requesting identification of topics of questions to avoid implication of a legal privilege a fair request. Similarly, the Court previously suggested the DA's Office disclose and discuss topics and questions with counsel for the Office of the Governor during another meeting.

- Despite the gamesmanship of the grand jury process, as well as significant legal issues with the subpoena for documentary evidence, the Office of the Governor nonetheless *voluntarily produced* nearly 36,000 pages of materials between July 25, 2022 and July 27, 2022, another 84,000 pages of materials on August 2, 2022, and another 17,000 pages of materials on August 12, 2022. Providing over 40 bankers boxes of responsive materials—with more materials to come—clearly evidences a continued willingness to engage with the DA's Office. (*See* Production Cover Letters, attached hereto as Exs. S,

---

[2] Tamar Hallerman, *Governor Will Deliver Sworn Recorded Statement Instead of Hearing Before Grand Jury*, THE ATLANTA JOURNAL-CONSTITUTION (June 23, 2022), at https://www.ajc.com/politics/breaking-kemp-to-testify-in-fulton-co-trump-probe/PXZ4ZEMJRJCSTCJJBYVU6IK7EU/?utm_source=Iterable&utm_medium=email&utm_ca mpaign=campaign_4538916 (". . . according to a letter from the Fulton County District Attorney's office dated Wednesday and obtained by the AJC on Thursday").

T, U, & V).

- Following a meeting with the Court and the DA's Office, counsel emailed the Special Prosecutor on August 8, 2022 requesting that Governor Kemp's testimony, whether formal or informal, be postponed until after the November 2022 election. Counsel also suggested that an attorney proffer be conducted to identify potential evidentiary and privilege issues in advance of any testimony. The Special Prosecutor denied these requests. (Attached hereto as Exs. W and X).

## III.   ARGUMENT AND CITATION TO AUTHORITIES

The Subpoena fails on three fundamental levels. First, under the doctrine of sovereign immunity, this Court lacks jurisdiction to enforce the Subpoena. Second, a court may quash or modify a subpoena that seeks privileged information. *See In re N.S.M.*, 183 Ga. App. 398, 399-400 (1987). Here, large swaths of information that the DA's Office will likely seek to discuss are protected from disclosure by the executive privilege and attorney-client privilege. Furthermore, the DA's Office has already demonstrated a disregard for important privileges and refused to institute reasonable safeguards to protect witnesses from privileged disclosures. At a minimum, should the Court find it has jurisdiction to issue the Subpoena, the Court should issue an order prohibiting the DA's Office from questioning the Governor on matters invoking his important privileges. Third, the Court may quash or modify a subpoena that is unreasonable and oppressive. *See* O.C.G.A. § 24-13-23(b)(1). Here, the Subpoena is unreasonable and oppressive because it is without legal authority and was issued for political, rather than investigative, reasons in violation of prosecutorial guidelines.

## A.   Enforcement of the Subpoena Is Barred by the Doctrine of Sovereign Immunity

The Subpoena seeks to attach the compulsory process of this Court to compel the Governor to testify about acts undertaken in the performance of his official duties. It is the settled law of Georgia that, in the performance of his official duties, the Governor is "the State," and therefore beyond the jurisdiction of the Court absent an express waiver of the State's sovereign immunity.

7

*Lathrop v. Deal*, 301 Ga. 408, 420 (2017) (sovereign immunity bars claims against the Governor for declaration that a law was unconstitutional and for an injunction preventing enforcement of the law); *see also Georgia Dep't of Nat. Res. v. Ctr. for a Sustainable Coast, Inc.*, 294 Ga. 593, 599 (2014) (sovereign immunity applies to State and its officers and employees sued in their official capacities). No such waiver or exception applies to the Subpoena, and therefore it is void for lack of jurisdiction.

Sovereign immunity "protects all levels of governments from legal action unless they have waived their immunity from suit." *Conway v. Jones*, 353 Ga. App. 110, 111 (2019). Though the doctrine gained constitutional status in 1974, it has existed at common law in Georgia since the State's founding. *Lathrop*, 301 Ga. at 420. "Simply put, the constitutional doctrine of sovereign immunity forbids our courts to entertain a lawsuit against the State without its consent." *Id.* at 408. Sovereign immunity can only be waived in the Constitution or in a statute enacted by the General Assembly. *Id.* at 425; *Conway*, 353 Ga. App. at 111; *see also* Ga. Const. Art. I, § 2 (providing for waiver of sovereign immunity in specific circumstances). Furthermore, where it applies (as here), sovereign immunity is an absolute bar to the Court's authority over the State, because it is ***jurisdictional***. *McConnell v. Dep't of Lab.*, 302 Ga. 18, 19 (2017) (emphasis added) ("[T]he applicability of sovereign immunity is a threshold determination, and, if it does apply, a court lacks jurisdiction over the case and, concomitantly, lacks authority to decide the merits . . . ."); *Dep't of Pub. Safety v. Johnson*, 343 Ga. App. 22, 23 (2017) (noting suit barred by sovereign immunity should be dismissed for lack of subject matter jurisdiction). The Subpoena here is barred by sovereign immunity because the DA's Office is seeking to compel the Governor to submit to the Court's legal process, and the State has not waived immunity to such process.

The Subpoena is directed toward the Governor in his official capacity. The Subpoena seeks

testimony in a state court legal proceeding regarding facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia. Any insight the Governor may have on these topics necessarily arises entirely from the performance of his official duties as Governor. *See, e.g.,* O.C.G.A. § 21-2-502 (establishing Governor and other executive officers' roles in tabulation of votes and certification of elections). The DA's Office has not asserted—nor could it truthfully assert—that the Governor acted at any time outside of the scope of his official duties in connection with those matters. *See Dennison Mfg. Co. v. Wright*, 156 Ga. 789 (1923) (holding suit was against comptroller general in his individual capacity because it involved alleged actions he committed without lawful authority and beyond the scope of his official power); *Romano v. Georgia Dep't of Corr.*, 303 Ga. App. 347, 350-51 (2010) (holding action was against state officers in their official capacities where complaint lacked allegations that they were acting outside the scope of their official duties); *Wang v. Moore*, 247 Ga. App. 666, 669 n.6 (2001) (holding that suit, regardless of how styled, was against state employees in their official capacities where the relevant actions allegedly took place while employees were administering their duties under color of authority). Whether styled as an action against the State or an individual, any action that "could result in a . . . decree that would in any manner affect or control the . . . action of the State, in a manner not prescribed by statute, is a suit against the State," and therefore subject to the jurisdictional proscription of sovereign immunity. *Roberts v. Barwick*, 187 Ga. 691, 695 (1939). Applying the compulsory power of the Court to "decree" the appearance of the Governor not only controls his action in his official capacity, but also requires mobilizing State offices and resources. Absent an express waiver for the DA's Office's issuance of the Subpoena and the Court's enforcement authority of same—for which none exists here—sovereign immunity forbids it.

9

Sovereign immunity prohibits the Subpoena regardless of whether the Governor is a nominal defendant being sued or a mere witness. As the history and purpose of sovereign immunity shows, the doctrine is not limited to shielding the State from claims for damages. Indeed, contrary to the idea that sovereign immunity is "principally about the protection of the public purse," "the doctrine at common law was understood more broadly as a principle derived from the very nature of sovereignty." *Lathrop*, 301 Ga. at 412–13; *see also id.* at 425 (noting common law doctrine of sovereign immunity has been constitutionally reserved and thus applies today as it would at common law). The doctrine thus applies to injunctive claims, *see Georgia Dep't of Nat. Res. v. Ctr. for a Sustainable Coast, Inc.*, 294 Ga. 593, 602 (2014), and claims for declaratory relief, *see Olvera v. Univ. Sys. of Georgia's Bd. of Regents*, 298 Ga. 425, 428 n.4 (2016), among others.

Because non-party subpoenas to State officers regarding actions within the scope of their official duties are akin to injunctions applying the force of judicial authority to compel the State to act, such actions are likewise barred. While the Georgia Supreme Court has not (yet) directly addressed the application of sovereign immunity in this context, the federal courts have. As the Fourth Circuit has explained:

> Even though the government is not a party to the underlying action, the nature of the subpoena proceeding against a federal employee to compel him to testify about information obtained in his official capacity is inherently that of an action against the United States because such a proceeding 'interfere[s] with the public administration' and compels the federal agency to act in a manner different from that in which the agency would ordinarily choose to exercise its public function.

*Boron Oil Co. v. Downie*, 873 F.2d 67, 70–71 (4th Cir. 1989) (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)) (reversing denial of motion to quash trial subpoenas to EPA employee); *see also Smith v. Cromer*, 159 F.3d 875, 879–81 (4th Cir. 1998) (affirming order quashing subpoenas directed to DOJ employees in state criminal prosecution based on sovereign immunity); *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 556 (9th Cir. 1997) (holding sovereign immunity barred state

court's enforcement of grand jury subpoena against federal employee); *Houston Bus. J., Inc. v. Off. of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1211–12 (D.C. Cir. 1996) (noting sovereign immunity bars state court's enforcement of document subpoena against federal agency). Because the federal government's authority—sovereign as it is—is derived wholly from (and limited to) the power given to it through the express consent of the States under the United States Constitution, it follows that the State of Georgia's interest in preserving its sovereignty is necessarily greater than the federal government's in each of these cases in which the federal courts have prohibited subpoenas to federal officials relating to their official activities.

Indeed, *Boron Oil*'s reasoning comports perfectly with Georgia law, where courts have explained the scope of the State's sovereign immunity in in the same way. Forcing the State to submit to judicial authority and take action (here, to provide forced testimony about the Governor's performance of official duties) without the State's consent is fundamentally inconsistent with the nature of sovereignty. *See Roberts*, 187 Ga. at 694; *see also Goolsby v. Regents of Univ. Sys. of Georgia*, 141 Ga. App. 605, 609 (1977), *disapproved of on other grounds by Deal v. Coleman*, 294 Ga. 170 (2013) (sovereign immunity "operates to withhold from the courts jurisdiction over the person of the state, ***without regard for the basis of the suit***." (emphasis added)). This is particularly true where sensitive matters of executive communications and deliberations, which are essential to the official functions of the Office of the Governor, are at issue. *See infra* Part II.B.

The federal courts have also confirmed that, for purposes of determining whether sovereign immunity bars the courts' jurisdiction over a matter, a subpoena is itself a "suit," placing a subpoena squarely within sovereign immunity's definition as an "immunity from *suit*," *see McCobb v. Clayton Cnty.*, 309 Ga. App. 217, 217–18 (2011) (emphasis added). In determining that tribal sovereign immunity barred enforcement of a subpoena, the Tenth Circuit explained,

11

"suit" necessarily includes legal proceedings or judicial process. *Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155, 1159–60 (10th Cir. 2014). Of course, a subpoena is a form of judicial process; to have force and effect it necessarily must be supported by ***jurisdiction***. *Id.* "The logical conclusion, therefore, is that a subpoena duces tecum served directly on the Tribe, ***regardless of whether it is a party to the underlying legal action***, is a 'suit' against the Tribe, triggering tribal sovereign immunity." *Id.* at 1160 (emphasis added); *see also Alltel Commcn's, LLC v. DeJordy*, 675 F.3d 1100, 1105 (8th Cir. 2012) (similar). Likewise, under Georgia law, sovereign immunity applies to all "unconsented-to legal actions," *see Ctr. for a Sustainable Coast*, 294 Ga. at 598, which necessarily includes subpoena enforcement.

While the Governor respects the authority of the DA's Office to conduct its investigation, it must do so within the bounds of the law, including the centuries-old doctrine of sovereign immunity upon which the common law of the State was built, and the broad—but not unlimited— authority of the state courts was derived. No Georgia constitutional provision or statute has waived sovereign immunity for subpoenas to government officials seeking to compel testimony about their official activities, and particularly the sitting Governor. *See Georgia Lottery Corp. v. Patel*, 353 Ga. App. 320, 322 (2019) ("[W]here the plain language of a statute does not provide for a specific waiver of sovereign immunity and the extent of the waiver, ***the courts do not have the power to imply a waiver***." (emphasis added)). Through the Subpoena, the DA's Office asks the Court to subject the Governor, in his official capacity (*i.e.*, "the State"), to judicial process without the State's consent. The Court lacks jurisdiction to do that, and the Subpoena must be quashed. *See Lathrop*, 301 Ga. at 408 ("[T]he constitutional doctrine of sovereign immunity forbids our courts to entertain a lawsuit against the State without its consent.").

12

**B.**     **The Subpoena Calls for Information Protected by the Executive Privilege**

Even if the Court had jurisdiction to enforce the Subpoena, it is due to be quashed because it ignores entirely the substantial privileges the Governor has (and indeed requires) to perform his official duties as the Chief Executive Officer of the State.

A court can quash a subpoena that seeks privileged information, particularly where the potentially privileged material is cumulative of material available from other sources. *In re N.S.M.*, 183 Ga. App. 398, 399 (1987). The executive privilege, widely recognized in virtually every other jurisdiction to have considered its existence, protects material related to the executive's deliberative process and communications. The Court should recognize the privilege under Georgia law and quash the Subpoena to the extent it calls for this type of privileged information.

"Since the beginnings of our nation, executive officials have claimed a variety of privileges to resist disclosure of information the confidentiality of which they felt was crucial to fulfillment of the unique role and responsibilities of the executive branch of our government." *In re Sealed Case*, 121 F.3d 729, 736 (D.C. Cir. 1997). This executive privilege is "essential to discharge of highly important executive responsibilities" and has long been recognized by the U.S. Supreme Court as to the federal executive branch and by various states as to their respective executives. *Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena*, 40 F.R.D. 318 (D.D.C 1966), *aff'd sub nom. V.E.B. Carl Zeiss, Jena v. Clark*, 384 F.2d 979 (D.C. Cir. 1967); *see also, e.g.*, *United States v. Reynolds*, 345 U.S. 1, 6 n.9 (1953) (recognizing executive's power to withhold documents as an "executive power which is protected in the constitutional system of separation of power"); *State ex rel. Dann v. Taft*, 853 N.E.2d 263, 265 (Ohio 2006) ("Some form of executive privilege has long been accorded the executive branch by state courts as a matter of the common law of evidence, including courts in Alabama, Alaska, Arizona, California, Colorado, Maryland, New Jersey, New York,

Pennsylvania, Vermont, and Wisconsin.").

Two forms of the executive privilege are relevant here. First, the deliberative process privilege "allows the government to withhold documents and other materials that would reveal advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *In re Sealed Case*, 121 F.3d at 737 (internal quotation marks omitted). The requirements for invocation of the privilege are that "the information must be 'predecisional,' that is, prepared in order to assist an agency decisionmaker in arriving at his decision," and "the information must be 'deliberative,' playing a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *In re Polypropylene Carpet Antitrust Litig.*, 181 F.R.D. 680, 695 (N.D. Ga. 1998). The deliberative process privilege applies to all executive officials and is rooted in the common law. *In re Sealed Case*, 121 F.3d at 745.

Second, courts have routinely recognized an executive communications privilege. This privilege is rooted in constitutional separation of powers principles and is specific to the head of the executive branch. *See id.* It protects from disclosure "documents or other materials that reflect presidential decision[-]making and deliberations and that the President believes should remain confidential." *See In re Sealed Case*, 121 F.3d at 745. This includes both pre- and post-decisional communications solicited, received, and authored by the President and his advisors in the process of decision-making. *See id.* at 745, 751–52. The U.S. Supreme Court confronted this claim of executive privilege in *United States v. Nixon*, 418 U.S. 683 (1974), when the President challenged a third-party subpoena issued to him in a criminal prosecution where he was also named an unindicted coconspirator. The U.S. Supreme Court upheld the validity of the presidential communications privilege. *Id.* The Court elaborated on the doctrine's two underpinnings. First,

14

there is "the valid need for protection of communications between high Government officials and those who advise and assist them in the performance of their manifold duties." *Id.* at 705. Second, under the doctrine of separation of powers, the "independence of the Executive Branch within its own sphere" protects confidential presidential communications from judicial subpoena. *Id.* at 706. Though the privilege is not enumerated in the Constitution, the Supreme Court has framed the executive privilege as a "constitutional doctrine[ ] that [is] not spelled out in the Constitution but [is] nevertheless implicit in its structure and supported by historical practice." *Franchise Tax Bd. of California v. Hyatt*, 139 S. Ct. 1485, 1498–99 (2019) (citing *Nixon*, 418 U.S. at 705).

Several states have found the existence of this executive communications privilege in their common law and upheld the application of it to their governors. *See, e.g.*, *Freedom Found. v. Gregoire*, 310 P.3d 1252 (Wash. 2013) (recognizing executive communications privilege derived from the separation of powers implied in the Washington State Constitution and holding it applied to documents from negotiation over replacement of a viaduct, a biological opinion, and proposed legislation); *Nero v. Hyland*, 386 A.2d 846 (N.J. 1978) ("[T]he Governor, as chief executive, must be accorded a qualified power to protect the confidentiality of communications pertaining to the executive function. This power is analogous to the qualified constitutionally-based privilege of the President, which is 'fundamental to the operation of government and inextricably rooted in the separation of powers.'" (quoting *Nixon*, 418 U.S. at 708)).

There can be no genuine dispute that the bases for recognizing the executive privilege at the federal level and in other states apply with equal, if not greater force under Georgia common law. It is equally important in Georgia to preserve the Governor's access to candid advice. *See Nixon*, 418 U.S. at 708 (noting "necessity for protection of the public interest in candid, objective, and even blunt or harsh opinions in Presidential decision[-]making"). The doctrine of separation

15

of powers is not merely implied as in other constitutions, but is explicitly enshrined in the Georgia Constitution. *See* Ga. Const. Art. 1, § 2, ¶ III; *see also Nixon*, 418 U.S. at 705–06 (explaining roots of presidential communications privilege in separation of powers). Similarly, the Georgia Constitution expressly states that the "The chief executive powers shall be vested in the Governor." Ga. Const. Art. 5, § 2, ¶ 1. Just as the federal executive privilege, Georgia's executive privilege is not "spelled out" in the Georgia Constitution, yet is nevertheless implied by the Georgia Constitution's structure because of the explicit separation of powers and chief executive powers bestowed through the Georgia Constitution.

Unsurprisingly, the Governor's decision-making before, during, and after the November 2020 election relied heavily on communications with his advisors and on notes and drafts that he prepared. All of those materials, as well as testimony about them, are protected from disclosure under the executive privilege.

While the executive privilege is generally held to be a qualified privilege, the burden falls on the party seeking the information to show a specific need for the privileged material. *Nixon*, 418 U.S. at 713; *In re Sealed Case*, 121 F.3d at 737, 746 (to overcome deliberative process privilege, party must make "sufficient showing of need," while presidential communications privilege is even "more difficult to surmount" and requires "a focused demonstration of need"). The DA's Office could not possibly carry that burden here. The Governor is not a target of the Special Grand Jury investigation; and it is undisputed—and indeed acknowledged by the DA's Office—that the Governor repeatedly officially rejected the many public entreaties by President Trump and others for him to use the power of the Governor's executive office to alter the administration of the 2020 election in any way. (*See* Ex. R). Further, the identities of the persons with whom the Governor spoke about the election are well-known and public record: the DA's

Office has no special need to invade the deliberative processes and communications of the Chief Executive in order to obtain evidence from those persons directly. In short, even if the Court had jurisdiction to issue the Subpoena (and it does not), the DA's Office cannot carry its burden to overcome the executive privilege because it can obtain the evidence it seeks from alternate sources who are far more appropriate subjects for discovery requests from in any event.

This court should recognize the executive privilege and quash the Subpoena to the extent it calls for communications related to the Governor's deliberation and decision-making.

**C.     The Subpoena Calls for Information Protected by Attorney-Client Privilege**

If the Subpoena is ultimately deemed to be proper, it is vitally important for the Court to establish pre-testimonial guardrails to protect the integrity of the Governor's attorney-client privilege. The Court took a similar approach when addressing the legislative privilege asserted by members of the General Assembly, and such protection would be equally due here. *See* Order Denying Motion to Quash (July 6, 2022); *see also In re N.S.M.*, 183 Ga. App. 398, 399-400 (1987) (affirming order quashing subpoena where the testimony sought "was at best cumulative and at worst would have invaded the privilege afforded to the attorney/client relationship").

 Attorney-client privilege protects communications where "(1) there is an attorney-client relationship; (2) the communications in question relate to the matters on which legal advice was sought; (3) the communications have been maintained in confidence; and (4) no exceptions to privilege are applicable." *St. Simons Waterfront, LLC v. Hunter, Maclean, Exley & Dunn, P.C.*, 293 Ga. 419, 423 (2013) (internal citations omitted). The Governor routinely seeks and receives legal advice from his Office's attorneys, and, unsurprisingly, did so routinely in relation to the 2020 election. If the Subpoena is ultimately permitted, Governor Kemp seeks an order directing the DA's Office not to ask any questions about the content of Governor Kemp's confidential

communications with counsel on matters for which the Office of the Governor sought legal advice.

Under the structure of the Special Grand Jury, Governor Kemp would not have counsel present during his testimony as he would in almost any other setting (including a voluntary witness interview). Additionally, the DA's Office has refused to confer with Governor Kemp's counsel about privilege issues in advance of any testimony. Perhaps most troubling, the DA's Office has already shown a disregard for the attorney-client privilege. As the Court is aware, during the grand jury testimony of a former employee of the Office of the Governor, the DA's Office unilaterally and without any basis declared that there was "no privilege," intentionally attempted to elicit privileged information outside of the presence of counsel, laughed at the witness when he asked to take a break to confer with counsel regarding the privilege, and retaliated against the witness after he asserted the attorney-client privilege. The Court should protect against further incursions on established privileges by the DA's Office before any testimony is compelled.

### D.  The Subpoena Will Interfere with an Ongoing Election Cycle

In the exercise of the power to quash subpoenas that are unreasonable or oppressive, Georgia courts have quashed subpoenas that were intended to harass. *See Garcia v. Allen*, 202 Ga. App. 529, 529 (1992). Here, the timing of the Subpoena in connection with the unjustified investigative delay reveals, at best, disregard of an unnecessary risk to the political process, and at worst, an attempt to influence the November 2022 election cycle.

As already noted, despite the DA's Office's having no authority to compel his participation in its investigation, *see supra* Section III.A, the Governor has, through his counsel, spent the last year and a half corresponding with the DA's Office in an effort to voluntarily provide whatever nonprivileged information he could possibly possess that could be relevant and material to the investigation (which is very little, if any). Instead of accepting any of the Governor's reasonable

proposals to facilitate the sharing of information, the DA's Office has instead intentionally delayed the process, repeatedly reneged on its own proposals, and rejected out of hand any protocols to ensure that appropriate and applicable privileges are respected. Most concerningly, the DA's Office explicitly insisted that its goal is to secure the Governor's participation in the investigation before the November 2022 election. (*See* Exs. L & X). These tactics bring with them clear risks of political interference, which is why prevailing ethical guidelines discourage them. Confoundingly, the DA's Office has stated that it is "not in a rush" to finish the investigation[3] and conversely, that it is unable to delay any investigative efforts past the 2022 Election, including Governor Kemp's testimony. The deadline to substantially conduct, or even complete, the investigation prior to the election is entirely self-imposed, which makes the timing of the Subpoena that much more suspect.

For the following reasons, the Court can and should infer that the purpose of the Subpoena is not a bona fide quest for information relevant to the investigation: (1) the lack of authority to issue the Subpoena at all; (2) the DA's Office's repeated rejection of the Governor's many efforts to provide it with information on a voluntary basis; and (3) the DA's Office's unexplained delay, followed by stubborn insistence on tying the timing of its improper Subpoena directly to the November election (even though such timing directly contravenes prosecutorial policy and is unnecessary given the remaining duration of the investigation). Instead, the timing of the Subpoena is an effort to politicize the investigation against the Governor in the final sprint of the 2022 election cycle.

Authorities on prosecutorial conduct, including the U.S. Department of Justice ("DOJ") and the American Bar Association ("ABA"), recognize the risk that investigations will interfere

---

[3] Blayne Alexander, *Fulton County DA: Expect More Subpoenas of Trump Associates*, NBC NEWS (July 6, 2022), *available at* https://www.nbcnews.com/meet-the-press/meetthepressblog/fulton-county-da-expect-subpoenas-trump-associates-rcna36948.

with elections. As a result, they caution against the very conduct that the DA's Office is engaged in here. For example, the DOJ instructs federal prosecutors to take special care to avoid inadvertently impacting an election or creating an appearance that the DOJ is attempting to interfere in an election. Specifically, the DOJ's Justice Manual's section on "Protection of Government Integrity" provides:

> In conducting preliminary inquiries or investigations relating to allegations of federal election fraud, Department personnel must exercise care to avoid taking steps that could inadvertently impact an election or create an appearance that the Department is attempting to interfere in an election. While credible allegations should be addressed in a timely and effective manner, it is equally important that Department personnel exercise appropriate caution and maintain the Department's absolute commitment to fairness, neutrality and non-partisanship. . . . [T]he phase of the election – along with all other relevant factors – should be taken into consideration when deciding whether it is appropriate to take overt investigative steps. For instance, any risk that overt Department action could impact the outcome of an election is greatly diminished, if it exists at all, once voting has concluded.

DOJ, JUSTICE MANUAL § 9-85.215, *available at* https://www.justice.gov/jm/title-9-criminal.[4]

This and similar policies have endured across presidential administrations, attorneys general, and elections cycles. Attorney General memoranda on "Election Year Sensitivities" consistently instruct, "[P]rosecutors may never select the timing of investigative steps or criminal charges for the purpose of affecting any election, or for the purpose of giving an advantage or disadvantage to any candidate or political party." Memorandum from Attorney General Merrick Garland to all Department of Justice Employees, Election Year Sensitives (May 25, 2022), *available at* https://s3.documentcloud.org/documents/22089098/attorney-general-memorandum-election-year-sensitivities.pdf (stating "[n]ow that the 2022 election season is upon us, and as in prior election cycles" DOJ employees are prohibited from allowing "partisan politics" to impact an investigation or prosecution); *see also* Memorandum from Attorney General William Barr,

---

[4] As of February 2021, the policy is under review.

Election Year Sensitivities (May 15, 2020); Attorney General Loretta Lynch, Election Year Sensitivities Memorandum (Apr. 11, 2016); Attorney General Eric Holder, Election Year Sensitivities Memorandum (Mar. 9, 2012); Attorney General Michael Mukasey, Election Year Sensitivities Memorandum (Mar. 5, 2008) (stating the same). The Attorney General reiterated that "additional requirements" must be adhered to when "politically sensitive individuals and entities" are involved, such as candidates for president, vice president, U.S. Senate, or House of Representatives. Memorandum from Attorney General Merrick Garland, Election Year Sensitives (stating that written approval from the Attorney General is required to initiate an investigation into a candidate or campaign for president or vice president). Counsel for the Governor's repeated request to conduct the Governor's interview or grand jury appearance either well in advance of the election cycle or after the November election is in direct accordance with these standards. Governor Kemp is a declared candidate for the highest office in the State of Georgia, and yet there has been no effort to "exercise particular care" surrounding his involvement in this election-year investigation as the DOJ and other entities would require.

Similarly, the DA's Office's conduct runs afoul of the National Prosecution Standards as outlined by the National District Attorneys Association (the "NDAA"), which state that "[a] prosecutor should not hold an interest or engage in activities, financial or otherwise, that conflict, have a significant potential to conflict, or are likely to create a reasonable appearance of conflict with the duties and responsibilities of the prosecutor's office." If such a conflict does arise, or a "fair-minded, objective observer" concludes that the prosecutor's "neutrality, judgment, or ability to administer the law in an objective manner may be compromised" because of the "personal interests of the prosecutor," the prosecutor should excuse herself. Even though the Court has noted that the DA's Office's conduct has given rise to an "appearance of a conflict" and that "the optics"

of that conduct "are horrific," the DA's Office has refused to acknowledge a conflict, let alone take corrective action to remedy one.[5]

The ABA's Criminal Justice Standards provide similar guidance. These standards, which are "intended as a guide to conduct for a prosecutor actively engaged in a criminal investigation or performing a legally mandated investigative responsibility," state:

> When, due to the nature of the investigation or the identity of investigative targets, any decision will have some impact on the political process (***such as an impending election***), the prosecutor should make decisions and use discretion in a principled manner and in a manner designed to limit the political impact without regard to the prosecutor's personal political beliefs or affiliations.

ABA, Criminal Justice Standards: Prosecutorial Investigations, Standard 3.6 (emphasis added); *see also* ABA, Criminal Justice Standards: Prosecutorial Investigations, Standard 1.2(d) ("The prosecutor should . . . ensure that criminal investigations are not based upon partisan or other improper political or personal considerations."); Standard 2.1(d) ("When deciding whether to initiate or continue an investigation, the prosecutor should not be influenced by . . . partisan or other improper political or personal considerations.").

While DOJ, NDAA, and ABA policy is not binding, the DA's Office's disregard for typical prosecutorial ethical standards is striking and provides important context for how troublesome its conduct truly is. The DA's Office has repeatedly and explicitly tethered its desire to obtain information from the Governor to the timing of the November election. (*See supra* pp. 3–6). If the DA's Office were considerate of principles encouraging prosecutors to minimize the political impact of their investigations, it would have either considered conducting its interview well in advance of the 2022 election—which counsel for the Governor attempted to coordinate—or

---

[5] See Aaron Blake, '*Optics are Horrific': Political Pitfalls of Trump Probes by Democrats*, THE WASHINGTON POST (July 25, 2022), *available at* https://www.washingtonpost.com/politics/2022/07/25/optics-are-horrific-political-pitfalls-trump-probes-by-dems/.

delayed its requests to the Governor until after the impending election—a request that counsel for the Governor has made on numerous occasions. Instead, it has taken the opposite approach which, regrettably, reveals a suspect political motive: intentionally delaying the Governor's involvement until an election cycle was ongoing and then expressly demanding compliance before the 2022 election.

The DA's Office's feigned sense of urgency is telling in light of the timeline of the investigation. As early as April 2021, the Governor expressed a willingness to engage, and his correspondence was met with silence and delay. In the ensuing months, he has offered to provide an attorney proffer or sit for a voluntary witness interview (with necessary conditions to protect privileges and avoid interference with the election). At every turn, those offers have been met with opposition or inexplicable silence from the DA's Office.

The Special Grand Jury has been authorized to continue until May 2023, long after the November 2022 election. *See* Special Grand Jury Order at 1. Thus, conclusion of the investigation before the November 2022 election is unnecessary. Furthermore, such an unrealistic and unnecessary timeline is discouraged by prosecutorial ethical standards since the integrity of the 2022 election is not at issue. The DOJ cautions, "[i]n situations where claims of misconduct, if true, would clearly not impact the outcome of an election, it may be prudent to defer overt investigation until after the election is certified and all legal challenges are concluded." DOJ, JUSTICE MANUAL § 9-85.215. The Special Grand Jury is investigating potential wrongdoing surrounding the 2020 election, *not* the 2022 election. Even if the Special Grand Jury finds evidence of potential wrongdoing, those findings will not dictate the administration of the 2022 election, so it would be "prudent to defer overt investigation" where possible. *See id.*

In summary, the DA's Office could have obtained information from Governor Kemp well

in advance of the 2022 election cycle. The DA's Office could also seek testimony from Governor Kemp in late 2022 or early 2023, when the Special Grand Jury will still be available. Instead, through artificial deadlines, the DA's Office has engineered the Governor's interaction with the investigation to reach a crescendo in the middle of an election cycle. Unfortunately, what began as an investigation into election interference has itself devolved into its own mechanism of election interference. This is particularly egregious when directed toward the State's highest executive, who is not accused of any wrongdoing and is occupied with the business of governing. *See supra* Part III.A (discussing the purpose of sovereign immunity).

Even if the Court had jurisdiction to issue the Subpoena, it should not support the DA's Office's use of its investigative powers as a sword to influence the 2022 election. The Court should reject the DA's Office's politically motivated efforts to misuse the jurisdiction and compulsory power of the Court, and it should exercise its authority to quash unreasonable and oppressive subpoenas by quashing the Subpoena here.

## IV.   CONCLUSION

For these reasons, Governor Kemp respectfully requests that the Court enter an order quashing the Subpoena.

Respectfully submitted this 17th day of August, 2022.

*/s/ Christopher M. Carr*

CHRISTOPHER M. CARR
Attorney General
Georgia Bar No. 112505

*/s/ Brian F. McEvoy*
BRIAN F. MCEVOY
Special Assistant Attorney General
1170 Peachtree St., NW, Suite 2400
Atlanta, GA 30309
Tel: 404-459-6696

24

Fax: 404-459-5734
bmcevoy@bakerlaw.com
Georgia Bar No. 490845

*Counsel for Governor Brian Kemp*

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. |
| SPECIAL PURPOSE GRAND JURY | ) | 2022-EX-000024 |
| | ) | |
| _____ | ) | |

### CERTIFICATE OF SERVICE

This is to certify that I have electronically filed the foregoing **MOTION TO QUASH SUBPOENA ISSUED TO GOVERNOR BRIAN P. KEMP AND MEMORANDUM IN SUPPORT** with the Clerk of the Superior Court of Fulton County through Odyssey eFileGA which will automatically send electronic mail notification copies to all counsel of record. Courtesy copies have also been provided to the Court and counsel of record.

This 17th day of August, 2022.


*/s/ Brian F. McEvoy*
Attorney for Governor Brian P. Kemp

# Exhibit A



Office of the Fulton County
District Attorney

**MICHAEL I. HILL II**
SENIOR INVESTIGATOR

136 Pryor Street, 3rd Floor
Atlanta, GA 30303

Phone: (404) 613-0197
Fax: (404) 335-5317
Email: michael.hill@fultoncountyga.gov

**FANI T. WILLIS**
DISTRICT ATTORNEY

**GEORGIA, FULTON COUNTY**

## ~~SUB~~POENA FOR THE
## ~~ATTEN~~DANCE OF WITNESS

### PURSUANT TO O.C.G.A. § 24-13-21

**TO:  Governor Brian P. Kemp**

**YOU ARE HEREBY COMMANDED,** that laying all other business aside, you be and appear before the Special Purpose Grand Jury, Fulton County, Georgia, Hon. Robert C. I. McBurney, Judge, Superior Court of Fulton County, Fulton County Courthouse, 136 Pryor Street, 3rd Floor, Atlanta, Georgia 30303, to be held on **Wednesday, August 10, 2022, at 9:00 a.m.**, in the Grand Jury Room, then and there to be sworn as a witness for the State of Georgia, in the case of IN RE: SPECIAL PURPOSE GRAND JURY, Case Number 2022-EX-000024.

You are required to attend from day to day and from time to time until the matter is disposed of.

**HEREIN FAIL NOT,** under the penalty of law by authority of the Hon. Robert C. I. McBurney, Judge, Superior Court of Fulton County, Georgia, this the _____ day of _____, 2022.

Cathelene "Tina" Robinson
Clerk of Superior Court
(404) 613-5313

Subpoena issued by:

_____

**Special Prosecutor**
**Nathan Wade**
Authority of:
Special Purpose Grand Jury, Superior Court of Fulton County

# Exhibit B

STATE OF GEORGIA, FULTON COUNTY

# SUBPOENA FOR THE
# ATTENDANCE OF WITNESS

### PURSUANT TO O.C.G.A. § 24-13-21

**TO:** GOV. BRIAN KEMP

**YOU ARE HEREBY COMMANDED,** that laying all other business aside, you be and appear before the Special Purpose Grand Jury, Fulton County, Georgia, Hon. Robert C. I. McBurney, Judge, Superior Court of Fulton County, Fulton County Courthouse, 136 Pryor Street, 3rd Floor, Atlanta, Georgia 30303, to be held on **AUGUST 18, 2022, at 9:00 a.m.**, in the Grand Jury Room, then and there to be sworn as a witness for the State of Georgia, in the case of <u>IN RE: SPECIAL PURPOSE GRAND JURY</u>, Case Number 2022-EX-000024.

You are required to attend from day to day and from time to time until the matter is disposed of.

**HEREIN FAIL NOT,** under the penalty of law by authority of the Hon. Robert C. I. McBurney, Judge, Superior Court of Fulton County, Georgia, this the 4 day of August, 2022.

> **Cathelene "Tina" Robinson**
> Clerk of Superior Court
> (404) 613-5313

Subpoena issued by:

**NATHAN WADE**
**Special Prosecutor**
By authority of Special Purpose Grand Jury, Superior Court of Fulton County

Exhibit C

**From:** McEvoy, Brian F.
**Sent:** Thursday, January 20, 2022 1:31 PM
**To:** Sonya.Allen@fultoncountyga.gov
**Cc:** Fani.WillisDA@fultoncountyga.gov; Rafferty, Brian T.; Zoller, Grace W.
**Subject:** Gov. Kemp Interview Request

Sonya:

How are you?  I wanted to let you know that I am know at Baker, Hostetler and we continue to represent Governor Kemp and the Office of the Governor.  I am following up on my precious emails and wanted to discuss this matter with you at your earliest convenience.

Thanks and hope all is well-

Brian


**Brian McEvoy**
Partner

BakerHostetler
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com



**From:** "Willis, Fani" <Fani.WillisDA@fultoncountyga.gov>
**Date:** June 21, 2021 at 6:29:56 PM EDT
**To:** Brian McEvoy <BMcEvoy@polsinelli.com>
**Cc:** Brian Rafferty <BRafferty@polsinelli.com>, Grace Zoller <GZoller@polsinelli.com>, "Allen, Sonya" <Sonya.Allen@fultoncountyga.gov>, "Baez-Nieves, Raymond" <Raymond.Baez-Nieves@fultoncountyga.gov>
**Subject:** RE: Gov. Kemp Interview Request

**EXTERNAL EMAIL**   fani.willisda@fultoncountyga.gov

Greetings Mr. McEvoy:

I hope this email finds you well.  I apologize for my delay in responding.  Your email was buried amongst others.

We will be asking for an interview in August with Governor Kemp.  I will be present along with other lawyers and investigators from my team.  I can assure you that the content of the conversation will not be leaked by my office.  We would ask that no one on your team even mention that such an interview is occurring.  In terms of a time line we expect to conclude all interviews of witnesses that do not need to go before a Grand Jury by September 30, 2021.

It is not our practice to forecast questions of an interview, but broadly we will be inquiring about any and all information your client may or may not have related to the alleged interference in the administration of the November 2020 election, to include but not limited to the now well-known phone call from our former President to the Georgia Secretary of State.

Please feel free to choose any date convenient for Governor Kemp between August 9 – August 31, and we can meet at a place of your choosing.  I hope this answers your concerns and I certainly look forward to meeting with you in person.

---

**From:** Brian McEvoy [mailto:BMcEvoy@Polsinelli.com]
**Sent:** Wednesday, June 16, 2021 7:17 PM
**To:** Willis, Fani <Fani.WillisDA@fultoncountyga.gov>
**Cc:** Brian Rafferty <BRafferty@Polsinelli.com>; Grace Zoller <GZoller@Polsinelli.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>
**Subject:** Gov. Kemp Interview Request

District Attorney Willis,

How are you? As you may know, Polsinelli represents the Office of the Governor, including Governor Kemp in his official capacity, in connection with the Fulton County District Attorney Office's investigation into President Trump's alleged 2020 election activities. Polsinelli has received a request from your office to meet with Governor Kemp related to this investigation. While the Office of the Governor remains in a cooperative position, we have not received a detailed explanation of what your office's investigation entails or what specifically your office would like to speak with our client about. We spoke to Assistant District Attorney Sonya Allen a few weeks ago and she indicated that your office was interested in learning more about a January 2, 2021 phone call, but did not provide any further details. Ahead of any meeting with the Governor, we would appreciate the opportunity to meet with you and Ms. Allen to discuss the information you are seeking from the Governor and the scope of your investigation.  We believe that this would aid our client's efforts to cooperate and streamline the process.

Additionally, given the sensitive nature of this inquiry, we would appreciate your confirmation that the Office of the Governor's involvement would remain confidential and not made known to the public by your office in any way.

Finally, although we have informed your office of our representation of the Office of the Governor, a Fulton County DA investigator, Raymond Baez, has continued to reach out to an individual employed by the Office regarding the investigation. Please note that the Office of the Governor is a represented party and, as you know, any contact regarding the investigation needs to be directed to me as counsel.

Please let me know when you may be available for a meeting or if you'd like to discuss in more detail.

Thank you,
Brian McEvoy

**Brian McEvoy**
*Managing Partner, Atlanta*
*Chair, Government Investigations*

bmcevoy@polsinelli.com
**404.253.6021**
1201 West Peachtree Street NW, Suite 1100
Atlanta, GA 30309
polsinelli.com

---

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

---

Exhibit D

**Vonada, Laurin**

| | |
|---|---|
| **From:** | no-reply@messages.georgia.gov on behalf of Governor Brian P.Kemp Office of the Governor <no-reply@messages.georgia.gov> |
| **Sent:** | Tuesday, October 5, 2021 2:26 PM |
| **To:** | Records, Open |
| **Subject:** | Webform submission from: Open Records Request |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Submitted on Tue, 10/05/2021 - 14:26
Submitted by: Anonymous

Submitted values are:
First Name: Sonya
Last Name: Allen
Email: sonya.allen@fultoncountyga.gov
Phone Number: 404-333-1931
Comments:

Open Records Officer
Office of the Governor
111 State Capitol
Atlanta, Georgia 30334

RE: Open Records Request
2020 election-related matters

Good afternoon:
Late last year, it was revealed that former President Donald J. Trump spoke directly to Governor Brian P. Kemp regarding election results from the State of Georgia. Moreover, on or about December 5, 2020, former President Donald J. Trump spoke to Governor Brian P. Kemp to convince the Governor to hold a special election for the state of Georgia.

More recently, former President Donald J. Trump spoke at a rally in Perry, Georgia on September 25, 2021 where he declared that he called Governor Brian P. Kemp in an effort to pressure him to hold a special election.

I am requesting recordings, documents and other materials related to or which indicate or reveal any communications or requests that former President Donald J. Trump may have pressured, asked or suggested that Governor Brian P. Kemp hold a special election. I am requesting such documents and other materials under Georgia's Open Records Act. See OCGA § 50-18-71(a), (b).

The documents and materials I am requesting include:

1. Any and all recordings of conversations and/or other communications between (on the one hand) current and former personnel, vendors, and contractors of the Office of the Governor of Georgia to include the Governor and (on the other hand) former President of the United States

Open Records Request – Page 1

Donald J. Trump and/or anyone working on his behalf, and any and all transcripts produced of such conversations and/or other communications.

2. Any and all voicemail and/or voice messages which are in the possession of the Office of the Governor of Georgia which originated from former President of the United States Donald J. Trump and/or anyone working on his behalf, and any and all transcripts produced of such voicemail and/or voice messages.

3. Any and all correspondence between (on the one hand) current and former personnel, vendors, and contractors of the Office of the Governor of Georgia to include the Governor and (on the other hand) former President of the United States Donald J. Trump and/or anyone working on his behalf. By correspondence, I am requesting correspondence made by any means, including but not limited to traditional paper correspondence, electronic mail, texts, and electronic personal messages.

4. Any and all call-log reports for the Office of the Governor of Georgia, including but not limited to call-logs which detail incoming and/or outgoing and/or unsuccessful calls made between November 1, 2020 and October 5, 2021.

5. Any and all calendar entries which reflect appointments and/or meetings between (on the one hand) current and former personnel, vendors, and contractors of the Office of the Governor of Georgia to include the Governor and (on the other hand) former President Donald J. Trump and/or anyone working on the former President's behalf. I am requesting such entries which reflect all such appointments and/or meetings, regardless whether they did or did not occur and regardless whether they were intended to be held in-person, telephonically, virtually, or by some other means.

The documents and other materials I am seeking in paragraphs 1 through 5 are those which were created and/or recorded between November 01, 2020 and October 5, 2021, and/or which memorialize events which occurred between such dates.

For any and all such public records which are already in an electronic format, I would like to request such public records in that electronic format. OCGA § 50-18-71(c), (f). Please notify me of the estimate of the cost if the cost is expected to exceed $500.00. See id. at (d).

Thank you for your time.

Sincerely,
/s/Sonya Allen

Chief Senior Assistant District Attorney Sonya Allen sonya.allen@fultoncountyga.gov Fulton County District Attorney's Office Atlanta Judicial Circuit

Open Records Request – Page 2

# Exhibit E



1201 West Peachtree Street
Suite 1100, Atlanta, GA 30309 • (404) 253-6000

October 8, 2021

Brian F. McEvoy
Shareholder
404.253.6021
404.581.5376 Fax
bmcevoy@polsinelli.com

**CONFIDENTIAL**

SENT VIA ELECTRONIC MAIL

Ms. Sonya Allen
Chief Senior Assistant District Attorney
Fulton County District Attorney's Office, Atlanta Judicial Circuit
136 Pryor Street Southwest
Third Floor
Atlanta, GA 30303
sonya.allen@fultoncountyga.gov

>   Re:     **Open Records Act Request Response**

Ms. Allen:

This letter is in response to the Fulton County District Attorney's Office's (the "District Attorney's Office") October 5, 2021 Open Records Act Request (the "Request") filed with the Office of the Governor of the State of Georgia (the "Office of the Governor"). As you indicated in that Request, the District Attorney's Office is investing requests "that former President Donald J. Trump may have pressured, asked or suggested that Governor Brian P. Kemp hold a special election." *See* October 5, 2021 Request. As indicated to you on our April 27, 2021 telephone conference, our firm represents the Office of the Governor in connection with this ongoing investigation and is therefore coordinating the response to the District Attorney's Office's Request.

Please allow this letter to confirm the Office of the Governor's first production of documents in response to the Request. This production has been bates labeled as "OFFICEOFGOVERNOR_ORR_00000001" through and including "OFFICEOFGOVERNOR_ORR_00001068" and includes materials responsive to document request Number Three.

The Office of the Governor takes its Open Records Act responsibilities seriously and is committed to providing you with the totality of the responsive documents. The Office of the Governor is providing this initial production to the District Attorney's Office within three days of the initial Request being made, as is required by Georgia law. *See* O.C.G.A. § 50-18-71(b)(1)(A). However, our investigation into this Request, as well as the collection and review of any potentially



October 8, 2021
Page 2

responsive materials, remains ongoing. To the extent additional responsive materials are identified, we will promptly notify you and supplement this production.

     If you have any additional questions about this Request or the District Attorney's Office's ongoing investigation, please do not hesitate to contact me.

                     Sincerely,

                     */s/ Brian F. McEvoy*

                     Brian F. McEvoy
                     Shareholder

# Exhibit F

| | |
|---|---|
| **From:** | McEvoy, Brian F. |
| **To:** | Allen, Sonya |
| **Subject:** | RE: Interview Request |
| **Date:** | Monday, February 7, 2022 10:41:39 AM |

Sonya:

How are you?  Just wanted to follow up on this.  Please let me know if you would like to discuss.

Thanks,
Brian


Brian McEvoy
Partner

BakerHostetler
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com

-----Original Message-----
From: Allen, Sonya <Sonya.Allen@fultoncountyga.gov>
Sent: Thursday, January 20, 2022 4:55 PM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
Subject: Interview Request

[External Email: Use caution when clicking on links or opening attachments.]

Brian,
It was great talking to you today.  I look forward to hearing back from you regarding a date and time for an
opportunity to speak with Governor Kemp.
Respectfully,

Sonya Allen
Deputy District Attorney
Anti-Corruption Unit
Fulton County District Attorney's Office
Atlanta Judicial Circuit
Sonya.Allen@FultonCountyGa.gov
404-613-7538 office
404-333-1931 cell

Exhibit G

IN THE SUPERIOR COURT OF FULTON COUNTY
ATLANTA JUDICIAL CIRCUIT
STATE OF GEORGIA

IN RE:  REQUEST FOR
        SPECIAL PURPOSE
        GRAND JURY

**ORDER APPROVING REQUEST FOR SPECIAL PURPOSE
GRAND JURY PURSUANT TO O.C.G.A. §15-12-100, et seq.**

The District Attorney for the Atlanta Judicial Circuit submitted to the judges of the

Superior Court of Fulton County a request to impanel a special purpose jury for the purposes set

forth in that request.  This request was considered and approved by a majority of the total

number of the judges of this Court, as required by O.C.G.A. §15-12-100(b).

IT IS THEREFORE ORDERED that a special purpose grand jury be drawn and

impaneled to serve as provided in O.C.G.A. § 15-12-62.1, 15-12-67, and 15-12-100, to

commence on May 2, 2022, and continuing for a period not to exceed 12 months.  Such period

shall not include any time periods when the supervising judge determines that the special

purpose grand jury cannot meet for safety or other reasons, or any time periods when normal

court operations are suspended by order of the Supreme Court of Georgia or the Chief Judge of

the Superior Court.  The special purpose grand jury shall be authorized to investigate any and all

facts and circumstances relating directly or indirectly to alleged violations of the laws of the

State of Georgia, as set forth in the request of the District Attorney referenced herein above.

Pursuant to O.C.G.A. § 15-12-101(a), the Honorable Robert C. I. McBurney is hereby

assigned to supervise and assist the special purpose grand jury, and shall charge said special

purpose grand jury and receive its reports as provided by law.

This authorization shall include the investigation of any overt acts or predicate acts relating to the subject of the special purpose grand jury's investigative purpose. The special purpose grand jury, when making its presentments and reports, pursuant to O.C.G.A. §§ 15-12-71 and 15-12-101, may make recommendations concerning criminal prosecution as it shall see fit. Furthermore, the provisions of O.C.G.A. § 15-12-83 shall apply.

This Court also notes that the appointment of a special purpose grand jury will permit the time, efforts, and attention of the regular grand jury(ies) impaneled in this Circuit to continue to be devoted to the consideration of the backlog of criminal matters that has accumulated as a result of the COVID-19 Pandemic.

IT IS FURTHER ORDERED that this Order shall be filed in the Office of the Clerk of the Superior Court of Fulton County.

SO ORDERED, THIS 24 DAY OF January, 2022.

CHRISTOPHER S. BRASHER, CHIEF JUDGE
Superior Court of Fulton County
Atlanta Judicial Circuit

OFFICE OF THE FULTON COUNTY DISTRICT ATTORNEY
ATLANTA JUDICIAL CIRCUIT
136 PRYOR STREET SW, 3RD FLOOR
ATLANTA, GEORGIA 30303

*Fani T. Willis*
District Attorney



TELEPHONE 404-612-4639

2022-EX-000017

FILED IN OFFICE
JAN 20 2022
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

The Honorable Christopher S. Brasher
Chief Judge, Fulton County Superior Court
Fulton County Courthouse
185 Central Avenue SW, Suite T-8905
Atlanta, Georgia 30303

January 20, 2022

Dear Chief Judge Brasher:

I hope this letter finds you well and in good spirits. Please be advised that the District Attorney's Office has received information indicating a reasonable probability that the State of Georgia's administration of elections in 2020, including the State's election of the President of the United States, was subject to possible criminal disruptions. Our office has also learned that individuals associated with these disruptions have contacted other agencies empowered to investigate this matter, including the Georgia Secretary of State, the Georgia Attorney General, and the United States Attorney's Office for the Northern District of Georgia, leaving this office as the sole agency with jurisdiction that is not a potential witness to conduct related to the matter. As a result, our office has opened an investigation into any coordinated attempts to unlawfully alter the outcome of the 2020 elections in this state.

We have made efforts to interview multiple witnesses and gather evidence, and a significant number of witnesses and prospective witnesses have refused to cooperate with the investigation absent a subpoena requiring their testimony. By way of example, Georgia Secretary of State Brad Raffensperger, an essential witness to the investigation, has indicated that he will not participate in an interview or otherwise offer evidence until he is presented with a subpoena by my office. Please see Exhibit A, attached to this letter.

Therefore, I am hereby requesting, as the elected District Attorney for Fulton County, pursuant to O.C.G.A. § 15-12-100 et. seq., that a special purpose grand jury be impaneled for the purpose of investigating the facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia. Specifically, a special purpose grand jury, which will not have the authority to return an indictment but may make recommendations concerning criminal prosecution as it shall see fit, is needed for three reasons: first, a special purpose grand jury can be impaneled by the Court for any time period required in order to accomplish its investigation, which will likely exceed a normal grand jury

term; second, the special purpose grand jury would be empowered to review this matter and this matter only, with an investigatory focus appropriate to the complexity of the facts and circumstances involved; and third, the sitting grand jury would not be required to attempt to address this matter in addition to their normal duties.

Additionally, I am requesting that, pursuant to O.C.G.A. § 15-12-101, a Fulton County Superior Court Judge be assigned to assist and supervise the special purpose grand jury in carrying out its investigation and duties.

I have attached a proposed order impaneling the special purpose grand jury for the consideration of the Court.

Respectfully,

Fani T. Willis
District Attorney, Atlanta Judicial Circuit

Exhibit A: Transcript of October 31, 2021 episode of *Meet the Press* on NBC News at 26:04 (video archived at https://www.youtube.com/watch?v=B71cBRPgt9k)
Exhibit B: Proposed Order

cc:
The Honorable Kimberly M. Esmond Adams
The Honorable Jane C. Barwick
The Honorable Rachelle Carnesdale
The Honorable Thomas A. Cox, Jr.
The Honorable Eric Dunaway
The Honorable Charles M. Eaton, Jr.
The Honorable Belinda E. Edwards
The Honorable Kelly Lee Ellerbe
The Honorable Kevin M. Farmer
The Honorable Ural Glanville
The Honorable Shakura L. Ingram
The Honorable Rachel R. Krause
The Honorable Melynee Leftridge
The Honorable Robert C.I. McBurney
The Honorable Henry M. Newkirk
The Honorable Emily K. Richardson
The Honorable Craig L. Schwall, Sr.
The Honorable Paige Reese Whitaker
The Honorable Shermela J. Williams
Fulton County Clerk of Superior Court Cathelene "Tina" Robinson

# Exhibit H

| | |
|---|---|
| **From:** | McEvoy, Brian F. |
| **To:** | Allen, Sonya |
| **Subject:** | RE: Interview Request |
| **Date:** | Friday, March 11, 2022 5:56:32 PM |

Sonya:

How are you?

Please let me know if this is still moving forward.

Thanks,
Brian


Brian McEvoy
Partner

---

BakerHostetler
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com

-----Original Message-----
From: Allen, Sonya <Sonya.Allen@fultoncountyga.gov>
Sent: Thursday, January 20, 2022 4:55 PM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
Subject: Interview Request

[External Email: Use caution when clicking on links or opening attachments.]

Brian,
It was great talking to you today.  I look forward to hearing back from you regarding a date and time for an opportunity to speak with Governor Kemp.
Respectfully,

Sonya Allen
Deputy District Attorney
Anti-Corruption Unit
Fulton County District Attorney's Office
Atlanta Judicial Circuit
Sonya.Allen@FultonCountyGa.gov
404-613-7538 office
404-333-1931 cell

# Exhibit I

| | |
|---|---|
| **From:** | Wakeford, FMcDonald |
| **To:** | McEvoy, Brian F. |
| **Cc:** | Hill-DA, Michael |
| **Subject:** | Re: Interview Request |
| **Date:** | Wednesday, March 30, 2022 5:08:42 PM |
| **Attachments:** | image001.png |

[External Email: Use caution when clicking on links or opening attachments.]

Good afternoon, Mr. McEvoy,

I wanted to reach out to you to let you know that I will be your point of contact with our office moving forward regarding a future interview with Governor Brian Kemp. I believe you have previously corresponded with Deputy ADA Sonya Allen. I will be sure to reach out to you to make arrangements in the future, and please don't hesitate to contact me with any questions or concerns.

Sincerely,
Donald Wakeford

F. McDonald Wakeford
Assistant District Attorney
Fulton County District Attorney's Office
(404) 375-0281



CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

# Exhibit J

| | |
|---|---|
| From: | Wakeford, FMcDonald |
| To: | McEvoy, Brian F. |
| Cc: | Hill-DA, Michael |
| Subject: | RE: Interview Request |
| Date: | Tuesday, May 10, 2022 9:56:24 AM |
| Attachments: | image003.png |

Hey, Brian, good morning,

We definitely still intend to speak with the governor. Let me confer with our team, and we will arrange a time to speak with you this week about how we plan to proceed. I will shoot you an email as soon as I've spoken with them.

Thank you,
Donald

F. McDonald Wakeford
Chief Senior Assistant District Attorney
Fulton County District Attorney's Office
(404) 375-0281



CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

**From:** McEvoy, Brian F. [mailto:bmcevoy@bakerlaw.com]
**Sent:** Tuesday, May 10, 2022 9:52 AM
**To:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
**Cc:** Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
**Subject:** RE: Interview Request

Donald:

How are you?  Please let me know if you would like to discuss the below request.  I am available at your convenience.  If the state anticipates needing to speak with Governor Kemp, please let me know with as much advance notice as possible.

Thanks,

Brian

**Brian McEvoy**
Partner



1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com



---

**From:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
**Sent:** Monday, April 25, 2022 4:10 PM
**To:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>
**Cc:** Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
**Subject:** Re: Interview Request

Good afternoon, Brian,

Thank you for reaching out again. At this time, there is no information we wish to discuss, but we expect that we will be speaking with you soon. We certainly still plan to ask Governor Kemp to speak with us in a voluntary interview in the future. As the District Attorney recently clarified in an interview with the AJC, the special purpose grand jury will begin calling witnesses on June 1. We don't anticipate requesting to speak with the governor until that time.

Thank you again. If you would like to discuss anything further, please feel free to reach out to Mr. Hill or me.

Sincerely,
Donald

Sent from my iPhone

> On Apr 25, 2022, at 3:39 PM, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:
>
> Donald:
>
> How are you?  Just following up on your email below.  Please let me know if you need anything from me or would like to discuss.
>
> Thanks,
> Brian

**Brian McEvoy**
Partner

<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com
<image002.png>

**From:** McEvoy, Brian F.
**Sent:** Monday, April 11, 2022 12:49 PM
**To:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
**Cc:** Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
**Subject:** RE: Interview Request

Donald:

How are you?

I am happy to discuss at your convenience.

Thanks,
Brian

**Brian McEvoy**
Partner

<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com
<image002.png>

**From:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
**Sent:** Wednesday, March 30, 2022 5:09 PM
**To:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>
**Cc:** Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
**Subject:** Re: Interview Request

[External Email: Use caution when clicking on links or opening attachments.]

Good afternoon, Mr. McEvoy,

I wanted to reach out to you to let you know that I will be your point of contact with our office moving forward regarding a future interview with Governor Brian Kemp. I believe you have previously corresponded with Deputy ADA Sonya Allen. I will be sure to reach out to you to make arrangements in the future, and please don't hesitate to contact me with any questions or concerns.

Sincerely,
Donald Wakeford

F. McDonald Wakeford
Assistant District Attorney
Fulton County District Attorney's Office
(404) 375-0281
<image003.png>

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

Exhibit K

| | |
|---|---|
| **From:** | Wakeford, FMcDonald |
| **To:** | McEvoy, Brian F. |
| **Cc:** | nathan@thewbcfirm.com; Ney, Adam; Wooten, Will; Hill-DA, Michael |
| **Subject:** | Follow up |
| **Date:** | Thursday, May 12, 2022 4:14:14 PM |
| **Attachments:** | image001.png |

[External Email: Use caution when clicking on links or opening attachments.]

Good afternoon, Brian,

I am glad we were able to speak this afternoon, and I wanted to follow up on a couple of points.

First, we acknowledge your point that your client remains in a cooperative posture. Additionally, we are open to scheduling an attorney proffer and will speak with you to find an agreeable date. However, we are unable to agree to push the date of a future voluntary interview past the date of the general election. If a voluntary interview is to take place, it would need to take place much sooner than that.

We remain available to continue to discuss these issues. The best numbers to reach us are 404-612-3253 or 404-612-5921.

Sincerely,

Donald

F. McDonald Wakeford
**Chief Senior Assistant District Attorney**
**Fulton County District Attorney's Office**
(404) 375-0281



CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

# Exhibit L

| From: | McEvoy, Brian F. |
|---|---|
| To: | Wooten, Will; Zoller, Grace W. |
| Cc: | Wakeford, FMcDonald; Hill-DA, Michael; nathan@thewbcfirm.com; Ney, Adam; Rafferty, Brian T.; Allen, Sonya |
| Subject: | RE: Follow up |
| Date: | Friday, June 3, 2022 1:22:08 PM |
| Attachments: | image001.png |
| | image002.png |

Will:

Thanks for the call today. I apologize for any confusion, but it has been somewhat difficult as we have been speaking with several different people from the Fulton County DA's office since this dialogue began in early 2021. As we discussed this afternoon, we had previously agreed with Mr. Wakeford to provide an attorney proffer on behalf of Governor Kemp. We are available to provide that to your office on Friday, June 24 or Monday June 27. Please let me know if either of these dates work for your team.

Also, as you requested, we will look for available dates should your office require additional information on behalf of Governor Kemp. We will have those dates for you next week.

Please let me know if you have any questions.

Thanks,
Brian

**Brian McEvoy**
Partner

**BakerHostetler**
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com


**From:** Wooten, Will <Will.Wooten@fultoncountyga.gov>
**Sent:** Thursday, June 2, 2022 9:35 PM
**To:** Zoller, Grace W. <gzoller@bakerlaw.com>
**Cc:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>; Wakeford, FMcDonald
<FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>;
nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T.
<brafferty@bakerlaw.com>
**Subject:** Re: Follow up

Thanks so much, that works great for us. What is the best number for us to call?

Best regards,

**Will Wooten (He/Him)**
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

> On Jun 2, 2022, at 18:47, Zoller, Grace W. <gzoller@bakerlaw.com> wrote:
>
> Will,
>
> Can you all be available at 11:30 tomorrow?
>
> Thanks,
> Grace
>
> > On Jun 2, 2022, at 6:41 PM, Wooten, Will <Will.Wooten@fultoncountyga.gov> wrote:
> >
> > Good evening,
> >
> > We did not receive a response to our e-mail to you this morning. We would like to schedule a call for tomorrow afternoon. Please advise what time you are available. Thank you.
> >
> > Best regards,
> >
> > **Will Wooten (He/Him)**
> > Deputy District Attorney
> > White Collar Crime Unit
> > DA's LGBTQ+ Advisory Committee Co-Chair
> > Fulton County District Attorney's Office
> > 136 Pryor Street SW

Atlanta, GA 30303
(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 2, 2022, at 09:02, Wooten, Will <Will.Wooten@fultoncountyga.gov> wrote:

Good morning,

We are completely unavailable today as Mr. Wakeford noted. We are free all day tomorrow (Friday) and can be available any time that is convenient for you including during the evening ours. Please advise what works best. Thank you.

Best regards,

**Will Wooten (He/Him)**
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 2, 2022, at 08:58, McEvoy, Brian F.

<bmcevoy@bakerlaw.com> wrote:

Are you available today at 10am?

**Brian McEvoy**
Partner
_____
<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com
<image002.png>


**From:** Wakeford, FMcDonald
<FMcDonald.Wakeford@fultoncountyga.gov>
**Sent:** Wednesday, June 1, 2022 2:58 PM
**To:** McEvoy, Brian F.
<bmcevoy@bakerlaw.com>; Hill-DA, Michael
<Mike.Hill@fultoncountyga.gov>
**Cc:** nathan@thewbcfirm.com; Ney, Adam
<Adam.Ney@fultoncountyga.gov>; Wooten,
Will <Will.Wooten@fultoncountyga.gov>
**Subject:** Re: Follow up

Brian,
We are available now and will be until close of
business. If we are not able to speak today, it is
important that we speak before the end of the
week. Our schedule is wide open all day Friday.
Please let me know.
Thank you,
Donald

Sent from my iPhone


On Jun 1, 2022, at 9:37 AM,
Wakeford, FMcDonald
<FMcDonald.Wakeford@fultonco
untyga.gov> wrote:

Good morning, Brian,
We will be tied up at that time
and for much of the day
tomorrow, but there's a good
chance we could be finished
earlier today. Are there times
earlier in the afternoon when you
are available?

Additionally, we just came free for
a bit and could talk any time
between now and about 10:15.

Donald

**From:** McEvoy, Brian F.
[mailto:bmcevoy@bakerlaw.com]
**Sent:** Wednesday, June 1, 2022
9:24 AM
**To:** Hill-DA, Michael
<Mike.Hill@fultoncountyga.gov>
**Cc:** Wakeford, FMcDonald
<FMcDonald.Wakeford@fultonco
untyga.gov>;
nathan@thewbcfirm.com; Ney,
Adam
<Adam.Ney@fultoncountyga.gov>
; Wooten, Will
<Will.Wooten@fultoncountyga.go
v>
**Subject:** RE: Follow up

I'm not available at that time.
How about 10am tomorrow?

**Brian McEvoy**
Partner

<image004.jpg>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com

**From:** Hill-DA, Michael
<Mike.Hill@fultoncountyga.gov>
**Sent:** Wednesday, June 1, 2022
8:57 AM
**To:** McEvoy, Brian F.
<bmcevoy@bakerlaw.com>
**Cc:** Wakeford, FMcDonald
<FMcDonald.Wakeford@fultonco
untyga.gov>;
nathan@thewbcfirm.com; Ney,
Adam
<Adam.Ney@fultoncountyga.gov>
; Wooten, Will
<Will.Wooten@fultoncountyga.go
v>
**Subject:** Re: Follow up

Good morning Brian,

This is Investigator Mike Hill. I just
left Donald. He's is tied up with
Grand Jury at the moment.

If agreeable, let's plan a call this
afternoon at 1600hrs.

Advise, thanks.

Sent from my iPhone

> On Jun 1, 2022, at
> 8:14 AM, McEvoy,
> Brian F.
> <bmcevoy@bakerla
> w.com> wrote:
>
>
> Donald are you
> available today?
>
> Thanks,
> Brian
>
> **Brian McEvoy**

Partner

\<image004.jpg\>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com
\<image006.jpg\>

**From:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
**Sent:** Tuesday, May 31, 2022 2:19 PM
**To:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>
**Cc:** nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
**Subject:** RE: Follow up

[External Email: Use caution when clicking on links or opening attachments.]

Good afternoon, Brian,

I wanted to touch base with you to see

if we could speak
again. Could you get
on the phone
tomorrow afternoon
any time after 3:00?
Thank you,
Donald

F. McDonald
Wakeford
Chief Senior
Assistant District
Attorney
Fulton County
District Attorney's
Office
(404) 375-0281
<image007.png>

CONFIDENTIALITY
NOTICE: The contents
of this email message
and any attachments
are intended solely for
the addressee(s) and
may contain
confidential and/or
privileged information
and may be legally
protected from
disclosure. If you are
not the intended
recipient of this
message or their agent,
or if this message has
been addressed to you
in error, please
immediately alert the
sender by reply email
and then delete this
message and any
attachments. If you are
not the intended
recipient, you are
hereby notified that any
use, dissemination,
copying, or storage of
this message or its
attachments is strictly
prohibited.

**From:** Wakeford, FMcDonald
**Sent:** Thursday, May 12, 2022 4:14 PM
**To:** 'bmcevoy@bakerlaw.com' <bmcevoy@bakerlaw.com>
**Cc:** nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
**Subject:** Follow up

Good afternoon, Brian,

I am glad we were able to speak this afternoon, and I wanted to follow up on a couple of points.

First, we acknowledge your point that your client remains in a cooperative posture. Additionally, we are open to scheduling an attorney proffer and will speak with you to find an agreeable date. However, we are unable to agree to

push the date of a future voluntary interview past the date of the general election. If a voluntary interview is to take place, it would need to take place much sooner than that.

We remain available to continue to discuss these issues. The best numbers to reach us are 404-612-3253 or 404-612-5921.
Sincerely,
Donald

F. McDonald Wakeford
Chief Senior Assistant District Attorney
Fulton County District Attorney's Office
(404) 375-0281
<image007.png>

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you

in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

Exhibit M

From: Wooten, Will
To: McEvoy, Brian F.
Cc: Wakeford, FMcDonald; Hill-DA, Michael; nathan@thewbcfirm.com; Ney, Adam; Rafferty, Brian T.; Allen, Sonya; Zoller, Grace W.
Subject: Re: Follow up
Date: Monday, June 13, 2022 10:41:54 AM
Attachments: image001.png
image002.png

Brian, are you able to get on a quick conference call with our team today to nail down these dates and discuss the attorney proffer issue? We are available all day.

Thanks,
WW

Best regards,.

**Will Wooten (He/Him)**
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 10, 2022, at 16:17, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Will:

Following up our discussion from last week, subject to our further discussions, should your office require additional information from Governor Kemp, he can be available for an interview on August 1st, 2nd, or 4th. Among other things, we would like to address the leaks that have been associated with this Grand Jury investigation and make sure that appropriate protections are put in place to protect against any unauthorized disclosures.

Also, I have not heard back regarding your availability on June 24 or June 27.  Please let me know as we are holding these dates.

I am happy to discuss further at your convenience.

Thanks,
Brian

**Brian McEvoy**
Partner

<image001.png>

**1170 Peachtree Street | Suite 2400**
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com
<image002.png>

From: McEvoy, Brian F.
Sent: Friday, June 3, 2022 1:22 PM
To: Wooten, Will <Will.Wooten@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>
Subject: RE: Follow up

Will:

Thanks for the call today. I apologize for any confusion, but it has been somewhat difficult as we have been speaking with several different people from the Fulton County DA's office since this dialogue began in early 2021.  As we discussed this afternoon, we had previously agreed with Mr. Wakeford to provide an attorney proffer on behalf of Governor Kemp.  We are available to provide that to your office on Friday, June 24 or Monday June 27.  Please let me know if either of these dates work for your team.

Also, as you requested, we will look for available dates should your office require additional information on behalf of Governor Kemp. We will have those dates for you next week.

Please let me know if you have any questions.

Thanks,
Brian

**Brian McEvoy**
Partner

<image001.png>

**1170 Peachtree Street | Suite 2400**
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com
<image002.png>

From: Wooten, Will <Will.Wooten@fultoncountyga.gov>
Sent: Thursday, June 2, 2022 9:35 PM
To: Zoller, Grace W. <gzoller@bakerlaw.com>; Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; McEvoy, Brian F. <bmcevoy@bakerlaw.com>; Rafferty, Brian T. <brafferty@bakerlaw.com>
Subject: Re: Follow up

Thanks so much, that works great for us. What is the best number for us to call?

Best regards,

**Will Wooten (He/Him)**
Deputy District Attorney
White Collar Crime Unit

DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 2, 2022, at 18:47, Zoller, Grace W. <gzoller@bakerlaw.com> wrote:

Will,

Can you all be available at 11:30 tomorrow?

Thanks,
Grace

On Jun 2, 2022, at 6:41 PM, Wooten, Will <Will.Wooten@fultoncountyga.gov> wrote:

Good evening,

We did not receive a response to our e-mail to you this morning. We would like to schedule a call for tomorrow afternoon. Please advise what time you are available. Thank you.

Best regards,

Will Wooten (He/Him)
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 2, 2022, at 09:02, Wooten, Will <Will.Wooten@fultoncountyga.gov> wrote:

Good morning,

We are completely unavailable today as Mr. Wakeford noted. We are free all day tomorrow (Friday) and can be available any time that is convenient for you including during the evening ours. Please advise what works best. Thank you.

Best regards,

Will Wooten (He/Him)
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 2, 2022, at 08:58, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Are you available today at 10am?

Brian McEvoy
Partner

<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com
<image002.png>

From: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
Sent: Wednesday, June 1, 2022 2:58 PM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>; Hill-OA, Michael <Mike.Hill@fultoncountyga.gov>
Cc: nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>
Subject: Re: Follow up

Brian,
We are available now and will be until close of business. If we are not able to speak today, it is important that we speak before the end of the week. Our schedule is wide open all day Friday. Please let me know.
Thank you,
Donald

Sent from my iPhone

On Jun 1, 2022, at 9:37 AM, Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov> wrote:

Good morning, Brian,
We will be tied up at that time and for much of the day tomorrow, but there's a good chance we could be finished earlier today. Are there times earlier in the afternoon when you are available?

Additionally, we just came free for a bit and could talk any time between now and about 10:15.

Donald

From: McEvoy, Brian F. [mailto:bmcevoy@bakerlaw.com]
Sent: Wednesday, June 1, 2022 9:24 AM
To: Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>
Subject: RE: Follow up

I'm not available at that time.  How about 10am tomorrow?

Brian McEvoy
Partner

<image004.jpg>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com
<image006.jpg>

From: Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
Sent: Wednesday, June 1, 2022 8:57 AM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>
Subject: Re: Follow up

Good morning Brian,

This is Investigator Mike Hill. I just left Donald. He's is tied up with Grand Jury at the moment.

If agreeable, let's plan a call this afternoon at 1600hrs.

Advise, thanks.

Sent from my iPhone

On Jun 1, 2022, at 8:14 AM, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Donald are you available today?

Thanks,
Brian

Brian McEvoy
Partner

<image004.jpg>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com
<image006.jpg>

From: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
Sent: Tuesday, May 31, 2022 2:19 PM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
Cc: nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
Subject: RE: Follow up

[External Email: Use caution when clicking on links or opening attachments.]

Good afternoon, Brian,

I wanted to touch base with you to see if we could speak again. Could you get on the phone tomorrow afternoon any time after 3:00?
Thank you,
Donald

F. McDonald Wakeford
Chief Senior Assistant District Attorney
Fulton County District Attorney's Office
(404) 375-0281
<image007.png>

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

From: Wakeford, FMcDonald
Sent: Thursday, May 12, 2022 4:14 PM
To: 'bmcevoy@bakerlaw.com' <bmcevoy@bakerlaw.com>
Cc: nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
Subject: Follow up

Good afternoon, Brian,

I am glad we were able to speak this afternoon, and I wanted to follow up on a couple of points.

First, we acknowledge your point that your client remains in a cooperative posture. Additionally, we are open to scheduling an attorney proffer and will speak with you to find an agreeable date.
However, we are unable to agree to push the date of a future voluntary interview past the date of the general election. If a voluntary

interview is to take place, it would need to take place much sooner than that.

We remain available to continue to discuss these issues. The best numbers to reach us are 404-612-3253 or 404-612-5921.
Sincerely,
Donald

F. McDonald Wakeford
Chief Senior Assistant District Attorney
Fulton County District Attorney's Office
(404) 375-0281
<image007.png>

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

---

This e-mail is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or duplication of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by telephone to the message and deleting it from your computer

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

# Exhibit N

From: McEvoy, Brian F.
To: Wooten, Will
Cc: Wakeford, FMcDonald; Hill-DA, Michael; nathan@thewbcfirm.com; Ney, Adam; Rafferty, Brian T.; Allen, Sonya; Zoller, Grace W.; Teri.LW.InDA@fultoncountyga.gov
Subject: RE: Follow up
Date: Monday, June 13, 2022 4:41:24 PM
Attachments: image001.png
             image002.png
Importance: High

Will:

I received a troubling phone call this afternoon from Nathan Wade who advised that, contrary to our previous discussions and agreement, an attorney proffer has *never* been approved by your office (despite your requesting dates for such a proffer and Mr. Wakeford confirming that your office is "[o]pen to scheduling an attorney proffer and will speak with you to find an agreeable date"). As we previously agreed, such an attorney proffer would be productive for a variety or reasons, not least of which to address any evidentiary issues that may arise.

Furthermore, Mr. Wade informed us that neither you nor any other Assistant District Attorney have decision making authority in this case and that any previous agreement that we reached with your office has no effect. This is alarming given the amount of time we have spent discussing this matter over the last year. Your office had previously asked for dates for Governor Kemp's availability which we provided last week. We have heard nothing from your office until today's call from Mr. Wade, with whom we had not previously spoken. Needless to say, Mr. Wade's summary rejection of our proposed dates, nullification of all previous agreements, dramatic change of tone and sudden threat regarding the issuance of a grand jury subpoena this week to Governor Kemp is disappointing, surprising, and contrary to our previous discussions with your office.

Thanks,
Brian

Brian McEvoy
Partner

BakerHostetler
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.8696

bmcevoy@bakerlaw.com
bakerlaw.com


From: Wooten, Will <Will.Wooten@fultoncountyga.gov>
Sent: Monday, June 13, 2022 11:59 AM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>
Subject: Re: Follow up

Unfortunately we have another call scheduled at 3. Could we do 2:45p?

Thanks again,
WW

Best regards,

**Will Wooten (He/Him)**
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-4560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 13, 2022, at 11:48, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Will:

Can we speak at 3pm?

Thanks,
Brian

Brian McEvoy
Partner
<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.8696

bmcevoy@bakerlaw.com
bakerlaw.com
<image002.png>

From: Wooten, Will <Will.Wooten@fultoncountyga.gov>
Sent: Monday, June 13, 2022 10:42 AM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>
Subject: Re: Follow up

Brian, are you able to get on a quick conference call with your team today to nail down these dates and discuss the attorney proffer issue? We are available all day.

Thanks,
WW

Best regards,

**Will Wooten (He/Him)**
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-4560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

> On Jun 10, 2022, at 16:17, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:
>
> Will:
>
> Following up our discussion from last week, subject to our further discussions, should your office require additional information from Governor Kemp, he can be available for an interview on August 1st, 2nd, or 4th. Among other things, we would like to address the leaks that have been associated with this Grand Jury investigation and make sure that appropriate protections are put in place to protect against any unauthorized disclosures.
>
> Also, I have not heard back regarding your availability on June 24 or June 27.  Please let me know as we are holding these dates.
>
> I am happy to discuss further at your convenience.
>
> Thanks,
> Brian
>
> **Brian McEvoy**
> Partner
> _____
> <image001.png>
> 1170 Peachtree Street | Suite 2400
> Atlanta, GA 30309-7676
> T +1.404.256.6696
>
> bmcevoy@bakerlaw.com
> bakerlaw.com
> <image002.png>
>
> **From:** McEvoy, Brian F.
> **Sent:** Friday, June 3, 2022 1:22 PM
> **To:** Wooten, Will <Will.Wooten@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>
> **Cc:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>
> **Subject:** RE: Follow up
>
> Will:
>
> Thanks for the call today.  I apologize for any confusion, but it has been somewhat difficult as we have been speaking with several different people from the Fulton County DA's office since this dialogue began in early 2021.  As we discussed this afternoon, we had previously agreed with Mr. Wakeford to provide an attorney proffer on behalf of Governor Kemp.  We are available to provide that to your office on Friday, June 24 or Monday June 27.  Please let me know if either of these dates work for your team.
>
> Also, as you requested, we will look for available dates should your office require additional information on behalf of Governor Kemp.  We will have those dates for you next week.
>
> Please let me know if you have any questions.
>
> Thanks,
> Brian
>
> **Brian McEvoy**
> Partner
> _____
> <image001.png>
> 1170 Peachtree Street | Suite 2400
> Atlanta, GA 30309-7676
> T +1.404.256.6696
>
> bmcevoy@bakerlaw.com
> bakerlaw.com
> <image002.png>
>
> **From:** Wooten, Will <Will.Wooten@fultoncountyga.gov>
> **Sent:** Thursday, June 2, 2022 9:35 PM
> **To:** Zoller, Grace W. <gzoller@bakerlaw.com>;
> **Cc:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>; Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>
> **Subject:** Re: Follow up
>
> Thanks so much, that works great for us. What is the best number for us to call?
>
> Best regards,
>
> **Will Wooten (He/Him)**
> Deputy District Attorney
> White-Collar Crime Unit
> DA's LGBTQ+ Advisory Committee Co-Chair
> Fulton County District Attorney's Office
> 136 Pryor Street SW
> Atlanta, GA 30303
> (404) 612-6560
>
> CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.
>
> > On Jun 2, 2022, at 18:47, Zoller, Grace W. <gzoller@bakerlaw.com> wrote:
> >
> > Will,
> >
> > Can you all be available at 11:30 tomorrow?
> >
> > Thanks,
> > Grace
> >
> > > On Jun 2, 2022, at 6:41 PM, Wooten, Will <Will.Wooten@fultoncountyga.gov> wrote:
> > >
> > > Good evening,
> > >
> > > We did not receive a response to our e-mail to you this morning. We would like to schedule a call for tomorrow afternoon. Please advise what time you are available. Thank you.

Best regards,

**Will Wooten (He/Him)**
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-4560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 2, 2022, at 09:02, Wooten, Will <Will.Wooten@fultoncountyga.gov> wrote:

Good morning,

We are completely unavailable today as Mr. Wakeford noted. We are free all day tomorrow (Friday) and can be available any time that is convenient for you including during the evening ours. Please advise what works best. Thank you.

Best regards,

**Will Wooten (He/Him)**
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-4560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 2, 2022, at 08:58, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Are you available today at 10am?

Brian McEvoy
Partner

<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com
<image002.png>

**From:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
**Sent:** Wednesday, June 1, 2022 2:58 PM
**To:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
**Cc:** nathan@hewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>
**Subject:** Re: Follow up

Brian,
We are available now and will be until close of business. If we are not able to speak today, it is important that we speak before the end of the week. Our schedule is wide open all day Friday. Please let me know.
Thank you,
Donald

Sent from my iPhone

On Jun 1, 2022, at 9:37 AM, Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov> wrote:

Good morning, Brian,
We will be tied up at that time and for much of the day tomorrow, but there's a good chance we could be finished earlier today. Are there times earlier in the afternoon when you are available?

Additionally, we just came free for a bit and could talk any time between now and about 10:15.

Donald

**From:** McEvoy, Brian F. [mailto:bmcevoy@bakerlaw.com]
**Sent:** Wednesday, June 1, 2022 9:24 AM
**To:** Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
**Cc:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; nathan@hewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>
**Subject:** RE: Follow up

I'm not available at that time.  How about 10am tomorrow?

Brian McEvoy
Partner

<image004.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com
<image006.png>

**From:** Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
**Sent:** Wednesday, June 1, 2022 8:57 AM
**To:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>
**Cc:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; nathan@hewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>

Subject: Re: Follow up

Good morning Brian,

This is Investigator Mike Hill. I just left Donald. He's tied up with Grand Jury at the moment.

If agreeable, let's plan a call this afternoon at 1600hrs.

Advise, thanks.

Sent from my iPhone

> On Jun 1, 2022, at 8:14 AM, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

> Donald are you available today?

> Thanks,
> Brian

> Brian McEvoy
> Partner

> <image004.jpg>
> 1170 Peachtree Street | Suite 2400
> Atlanta, GA 30309-7676
> T +1.404.256.6696

> bmcevoy@bakerlaw.com
> bakerlaw.com
> <image006.jpg>

> From: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
> Sent: Tuesday, May 31, 2022 2:19 PM
> To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
> Cc: nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
> Subject: RE: Follow up

> [External Email: Use caution when clicking on links or opening attachments.]

> Good afternoon, Brian,

> I wanted to touch base with you to see if we could speak again. Could you get on the phone tomorrow afternoon any time after 3:00?
> Thank you,
> Donald

> F. McDonald Wakeford
> Chief Senior Assistant District Attorney
> Fulton County District Attorney's Office
> (404) 375-0281
> <image007.png>

> CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

> From: Wakeford, FMcDonald
> Sent: Thursday, May 12, 2022 4:14 PM
> To: 'bmcevoy@bakerlaw.com' <bmcevoy@bakerlaw.com>
> Cc: nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
> Subject: Follow up

> Good afternoon, Brian,

> I am glad we were able to speak this afternoon, and I wanted to follow up on a couple of points.

> First, we acknowledge your point that your client remains in a cooperative posture. Additionally, we are open to scheduling an attorney proffer and will speak with you to find an agreeable date.

> However, we are unable to agree to push the date of a future voluntary interview past the date of the general election. If a voluntary interview is to take place, it would need to take place much sooner than that.

> We remain available to continue to discuss these issues. The best numbers to reach us are 404-612-3253 or 404-612-5921.
> Sincerely,
> Donald

> F. McDonald Wakeford
> Chief Senior Assistant District Attorney
> Fulton County District Attorney's Office
> (404) 375-0281
> <image007.png>

> CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

As we achieve on any email & the information as speak only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or particulars.

Internet communications are not assured to be secure or clear of inaccuracies as information cannot be stamped out, intercepted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

# Exhibit O

From: Nathan J. Wade
To: McEvoy, Brian F.
Cc: Wooten, Will; Wakeford, FMcDonald; Hill-DA, Michael; Ney, Adam; Rafferty, Brian T.; Allen, Sonya; Zoller, Grace W.; Fani.WillisDA@fultoncountyga.gov
Subject: Re: Follow up
Date: Wednesday, June 15, 2022 11:00:36 AM
Attachments: image002.png
image001.png
image003.png

Thank you for your email kind sir, please advise the Governor that I have elected to conduct his voluntary interview on July 25, 2022. I am happy that we were able to reach an amicable date. Please ask the Governor for a convenient time and place, also there will be a court reporter present. I look forward to hearing from you later today in that regard.  Thank you again sir
Wade

On Wed, Jun 15, 2022 at 10:44 AM McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Will:

As the District Attorney's office previously requested, we have provided dates for Governor's Kemp's availability and agreed to schedule an attorney proffer in advance of that meeting to preview statements and address any evidentiary concerns.

On Monday, Mr. Wade unilaterally voided all previous agreements with your office indicating that he is "in charge now." He further indicated, without explanation, that your office required "new dates" by today or he would serve a grand jury subpoena on the Governor this week. He stated this was not a threat, but "a fact." In addition to the dates we previously provided, Governor Kemp is available on July 25, 27 and 28.

Brian McEvoy
Partner

**BakerHostetler**
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.8696

bmcevoy@bakerlaw.com
bakerlaw.com

---

From: McEvoy, Brian F.
Sent: Monday, June 13, 2022 4:41 PM
To: Wooten, Will <Will.Wooten@fultoncountyga.gov>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <braffertry@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>; Fani.WillisDA@fultoncountyga.gov
Subject: RE: Follow up
Importance: High

Will:

I received a troubling phone call this afternoon from Nathan Wade who advised that, contrary to our previous discussions and agreement, an attorney proffer has never been approved by your office (despite your requesting dates for such a proffer and Mr. Wakeford confirming that your office is "[o]pen to scheduling an attorney proffer and will speak with you to find an agreeable date").  As we previously agreed, such an attorney proffer would be productive for a variety or reasons, not least of which to address any evidentiary issues that may arise.

Furthermore, Mr. Wade informed us that neither you nor any other Assistant District Attorney have decision making authority in this case and that any previous agreement that we reached with your office has no effect.  This is alarming given the amount of time we have spent discussing this matter over the last year.  Your office had previously asked for dates for Governor Kemp's availability which we provided last week.  We had heard nothing from your office until today's call from Mr. Wade, with whom we had not previously spoken.  Needless to say, Mr. Wade's summary rejection of our proposed dates, nullification of all previous agreements, dramatic change of tone and sudden threat regarding the issuance of a grand jury subpoena this week to Governor Kemp is disappointing, surprising, and contrary to our previous discussions with your office.

Thanks,
Brian

Brian McEvoy
Partner

**BakerHostetler**
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.8696

bmcevoy@bakerlaw.com
bakerlaw.com

---

From: Wooten, Will <Will.Wooten@fultoncountyga.gov>
Sent: Monday, June 13, 2022 11:59 AM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <braffertry@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>
Subject: Re: Follow up

Unfortunately we have another call scheduled at 3. Could we do 2:45p?

Thanks again,

WW

Best regards,

Will Wooten (He/Him)
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW

Atlanta, GA 30303

(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 13, 2022, at 11:48, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Will:

Can we speak at 1pm?

Thanks,

Brian

Brian McEvoy
Partner

_____

<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com

<image002.png>

From: Wooten, Will <Will.Wooten@fultoncountyga.gov>
Sent: Monday, June 13, 2022 10:42 AM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@hcwbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>; Zeller, Grace W. <gzeller@bakerlaw.com>
Subject: Re: Follow up

Brian, are you able to get on a quick conference call with our team today to nail down these dates and discuss the attorney proffer issue? We are available all day.

Thanks,

WW

Best regards,

Will Wooten (He/Him)

Deputy District Attorney

White Collar Crime Unit

DA's LGBTQ+ Advisory Committee Co-Chair

Fulton County District Attorney's Office

136 Pryor Street SW

Atlanta, GA 30303

(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 10, 2022, at 16:17, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Will:

Following up our discussion from last week, subject to our further discussions, should your office require additional information from Governor Kemp, he can be available for an interview on August 1st, 2nd, or 4th.

Among other things, we would like to address the leaks that have been associated with this Grand Jury investigation and make sure that appropriate protections are put in place to protect against any unauthorized disclosures.

Also, I have not heard back regarding your availability on June 24 or June 27. Please let me know as we are holding these dates.

I am happy to discuss further at your convenience.

Thanks,

Brian

Brian McEvoy
Partner

1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.9696

bmcevoy@bakerlaw.com
bakerlaw.com

<image002.png>

**From:** McEvoy, Brian F.
**Sent:** Friday, June 3, 2022 1:22 PM
**To:** Wooten, Will <Will.Wooten@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>
**Cc:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>
**Subject:** RE: Follow up

Will:

Thanks for the call today.  I apologize for any confusion, but it has somewhat difficult as we have been speaking with several different people from the Fulton County DA's office since this dialogue began in early 2021.  As we discussed this afternoon, we had previously agreed with Mr. Wakeford to provide an attorney proffer on behalf of Governor Kemp.  We are available to provide that to your office on Friday, June 24 or Monday June 27.  Please let me know if either of these dates work for your team.

Also, as you requested, we will look for available dates should your office require additional information on behalf of Governor Kemp.  We will have those dates for you next week.

Please let me know if you have any questions.

Thanks,

Brian

Brian McEvoy
Partner

<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.9696

bmcevoy@bakerlaw.com
bakerlaw.com

<image002.png>

**From:** Wooten, Will <Will.Wooten@fultoncountyga.gov>
**Sent:** Thursday, June 2, 2022 9:35 PM
**To:** Zoller, Grace W. <gzoller@bakerlaw.com>
**Cc:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>; Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>
**Subject:** Re: Follow up

Thanks so much, that works great for us. What is the best number for us to call?

Best regards,

Will Wooten (He/Him)

Deputy District Attorney

White Collar Crime Unit

DA's LGBTQ+ Advisory Committee Co-Chair

Fulton County District Attorney's Office

136 Pryor Street SW

Atlanta, GA 30303

(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 2, 2022, at 18:47, Zoller, Grace W. <gzoller@bakerlaw.com> wrote:

Will,

Can you all be available at 11:30 tomorrow?

Thanks,

Grace

On Jun 2, 2022, at 6:41 PM, Wooten, Will <Will.Wooten@fultoncountyga.gov> wrote:

Good evening,

We did not receive a response to our e-mail to you this morning. We would like to schedule a call for tomorrow afternoon. Please advise what time you are available. Thank you.

Best regards,

Will Wooten (He/Him)

Deputy District Attorney

White Collar Crime Unit

DA's LGBTQ+ Advisory Committee Co-Chair

Fulton County District Attorney's Office

136 Pryor Street SW

Atlanta, GA 30303

(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 2, 2022, at 09:02, Wooten, Will <Will.Wooten@fultoncountyga.gov> wrote:

Good morning,

We are completely unavailable today as Mr. Wakeford noted. We are free all day tomorrow (Friday) and can be available any time that is convenient for you including during the evening ours. Please advise what works best. Thank you.

Best regards,

Will Wooten (He/Him)

Deputy District Attorney

White Collar Crime Unit

DA's LGBTQ+ Advisory Committee Co-Chair

Fulton County District Attorney's Office

136 Pryor Street SW

Atlanta, GA 30303

(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 2, 2022, at 08:58, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Are you available today at 10am?

Brian McEvoy
Partner

<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.8896

bmcevoy@bakerlaw.com
bakerlaw.com

<image002.png>

From: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
Sent: Wednesday, June 1, 2022 2:58 PM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
Cc: nelson@bwsbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>
Subject: Re: Follow up

Brian,

We are available now and will be until close of business. If we are not able to speak today, it is important that we speak before the end of the week. Our schedule is wide open all day Friday. Please let me know.

Thank you,

Donald

Sent from my iPhone

On Jun 1, 2022, at 9:37 AM, Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov> wrote:

Good morning, Brian,

We will be tied up at that time and for much of the day tomorrow, but there's a good chance we could be finished earlier today. Are there times earlier in the afternoon when you are available?

Additionally, we just came free for a bit and could talk any time between now and about 10:15.

Donald

From: McEvoy, Brian F. [mailto:bmcevoy@bakerlaw.com]
Sent: Wednesday, June 1, 2022 9:24 AM
To: Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; nathan@theaxbcfirm.com; Ney, Adam
<Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>
Subject: RE: Follow up

I'm not available at that time.  How about 10am tomorrow?

Brian McEvoy
Partner

<image004.jpg>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com

<image006.jpg>

From: Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
Sent: Wednesday, June 1, 2022 8:57 AM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; nathan@theaxbcfirm.com; Ney, Adam
<Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>
Subject: Re: Follow up

Good morning Brian,

This is Investigator Mike Hill. I just left Donald. He's tied up with Grand Jury at the moment.

If agreeable, let's plan a call this afternoon at 1600hrs.

Advise, thanks.

Sent from my iPhone

On Jun 1, 2022, at 8:14 AM, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Donald are you available today?

Thanks,
Brian

Brian McEvoy
Partner

<image004.jpg>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com

<image006.jpg>

From: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
Sent: Tuesday, May 31, 2022 2:19 PM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
Cc: nathan@theaxbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>;
Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
Subject: RE: Follow up

[External Email: Use caution when clicking on links or opening attachments.]

Good afternoon, Brian,

I wanted to touch base with you to see if we could speak again. Could you get on the phone tomorrow afternoon any time after 3:00?

Thank you,

Donald

F. McDonald Wakeford

Chief Senior Assistant District Attorney

Fulton County District Attorney's Office

(404) 375-0281

<image007.png>

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

From: Wakeford, FMcDonald
Sent: Thursday, May 12, 2022 4:14 PM
To: 'bmcevoy@bakerlaw.com' <bmcevoy@bakerlaw.com>
Cc: arthur@thesbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
Subject: Follow up

Good afternoon, Brian,

I am glad we were able to speak this afternoon, and I wanted to follow up on a couple of points.

First, we acknowledge your point that your client remains in a cooperative posture. Additionally, we are open to scheduling an attorney proffer and will speak with you to find an agreeable date.

However, we are unable to agree to push the date of a future voluntary interview past the date of the general election. If a voluntary interview is to take place, it would need to take place much sooner than that.

We remain available to continue to discuss these issues. The best numbers to reach us are 404-612-3253 or 404-612-5921.

Sincerely,

Donald

F. McDonald Wakeford

Chief Senior Assistant District Attorney

Fulton County District Attorney's Office

(404) 375-0281

<image007.png>

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential or protected by law. If you are not the intended recipient, you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately, by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

**Wade, Bradley & Campbell Firm**
2000 Powers Ferry Rd
Suite 110
Marietta, GA 30067

# Exhibit P

OFFICE OF THE FULTON COUNTY DISTRICT ATTORNEY
ATLANTA JUDICIAL CIRCUIT
136 PRYOR STREET SW, 3RD FLOOR
ATLANTA, GEORGIA 30303

*Fani T. Willis*
District Attorney



TELEPHONE 404-612-4639

June 22, 2022

Attorney for Governor Kemp:

This letter is written in a spirit of cooperation with the Governor and his schedule.

Fulton County District Attorney's Office has agreed to take the Governor's sworn recorded statement on July 25, 2022. I've attached a subpoena duces tecum to complement the questioning session.

Additionally, I am requesting that the subpoenaed documents be made available at least 72 hours prior to the scheduled date and time of the Governor's sworn examination. If any of the documents are not produced due to a legal objection, may I suggest that those documents be provided to Superior Court Judge Robert McBurney, under seal, at least 72 hours prior to the scheduled examination date.

The attached subpoena has as its primary purpose the examination of the conduct of former President Donald Trump, and those working on his behalf. Also, the District Attorney's primary interest is to discover what witnesses and documents are available that will explain what was being said and done regarding the 2020 presidential election and the efforts to replace the constitutionally elected electors.

This letter continues our commitment to accommodate the Governor and his schedule, and to honestly discover what former President Donald Trump said and did in the days following the November 2020 presidential election.

Sincerely,

Nathan Wade
Special Prosecutor

STATE OF GEORGIA, FULTON COUNTY

# SUBPOENA FOR THE PRODUCTION OF DOCUMENTARY EVIDENCE

### PURSUANT TO O.C.G.A. § 24-13-23

**TO:**  Governor Brian P. Kemp
Office of the Governor
206 Washington Street
111 State Capitol
Atlanta, GA 30334

**YOU ARE HEREBY COMMANDED,** that laying all other business aside, you be and appear before the Special Purpose Grand Jury, Fulton County, Georgia, Hon. Robert C. I. McBurney, Judge, Superior Court of Fulton County, Fulton County Courthouse, 136 Pryor Street, 3rd Floor, Atlanta, Georgia 30303, to be held on July 25, 2022, at 09:00 a.m., in the Grand Jury Room, and to bring with you into said location certain documentary evidence to be used by the Special Purpose Grand Jury in its investigation in the case of IN RE: SPECIAL PURPOSE GRAND JURY, Case Number 2022-EX-000024.

**The following documentary evidence is hereby subpoenaed:**

1. All writings, reports, memoranda, documentary, electronic, digital, audio, video, or any informational medium or platform that records and produces an image that represents, explains, and provides context surrounding the events of the presidential election of November 2020.

2. All writings, reports, memoranda, documentary, electronic, digital, audio, video, or any informational medium or platform that records and produces an image that represents, explains, and provides context to the circumstances, events, words, and actions associated with the 60-days aftermath from November 3, 2020, until January 3, 2021.

3. All writings, reports, memoranda, documentary, electronic, digital, audio, video, or any informational medium or platform that records and produces an image that represents, explains, and provides context to the circumstances, events, words, and actions.

1

Associated with the January 6, 2021, certification of electors and the Capitol rally on that same date and its aftermath.

**The following provides context to the requested documentary and physical evidence:**

A. Explanations of former President Donald Trump and his representatives and persons working on behalf of the president's interests.

B. Any document that explains what former President Trump was thinking or doing or those working on his behalf.

C. Logs of the telephone calls from former President Trump or anyone representing him or his interest.

D. Electronic mailings (emails, text) letters, and documents regarding former President Trump's efforts, his representatives and individuals, and organizations attempting to influence the results or outcome of the 2020 presidential election.

E. Audio and video recordings of witnesses, their statements and memories that provide context and understanding of the 2020 presidential election.

F. Correspondence and communications with state officials, federal officials, and others to explain the conduct of the parties involved in the presidential election.

**HEREIN FAIL NOT**, under the penalty of law by authority of the Hon. Robert C. I. McBurney, Judge, Superior Court of Fulton County, Georgia, this the 22 day of June , 2022.

**Cathelene "Tina" Robinson**
Clerk of Superior Court
(404) 613-5313

Subpoena issued by:

**Special Prosecutor**
Special Purpose Grand Jury, Superior Court of Fulton County

2

Exhibit Q

**From:** McEvoy, Brian F.
**To:** Wooten, Will
**Cc:** Wakeford, FMcDonald; Hill-DA, Michael; nathan@thewbcfirm.com; Ney, Adam; Rafferty, Brian T.; Allen, Sonya; Zoller, Grace W.; FaniWillisDA@fultoncountyga.gov
**Subject:** RE: Follow up
**Date:** Wednesday, July 20, 2022 3:59:22 PM
**Attachments:** Image008.png
Image002.png

Nathan:

I am reaching out to discuss the parameters of Governor Kemp's scheduled voluntary witness interview. As you are aware, we had previously reached an agreement to discuss these issues during an attorney proffer with the Fulton County District Attorney's Office (the "Office"), but unfortunately, you unilaterally and inexplicably canceled that proffer session, voided all of our previous agreements with the Office, noted that under no circumstances would an attorney proffer take place, and failed to respond to the below email concerning this issue. Therefore, I'm outlining our concerns and corresponding requirements below to avoid any evidentiary issues or inadvertent disclosure of privileged information. This is particularly important in light of the state's refusal to acknowledge, without court intervention, a fundamental and obvious privilege during Mr. Hall's recent Grand Jury appearance – despite the fact that we had put the Office on notice of this privilege in advance. Given the politically motivated nature of this Office's ongoing investigation and the fact that we are now in an election cycle in Georgia, we are also concerned about potential leaks of substantive testimony.

As such, the below measures are necessary to protect against these realities:

1. Both parties will enter into a protective order that will prohibit public disclosure of any content of the interview. Given the leaks surrounding this investigation, we believe this is necessary to protect the integrity of the investigation and to maintain grand jury secrecy.
2. Governor Kemp's voluntary witness interview is in lieu of, not in addition to, a grand jury appearance. We have been in discussions with the District Attorney's office to coordinate a witness interview since April 2021. The delay in scheduling that interview has been solely at the direction of the District Attorney's office. Governor Kemp should not be prejudiced by this delay by being hauled into the Grand Jury months before a closely contested election. As such, Governor Kemp will only sit for the witness interview if the District Attorney's office agrees not to issue a grand jury subpoena for testimony.
3. As suggested by Judge McBurney when dealing with similar privilege issues during Mr. Hall's Grand Jury testimony, questions and topics must be disclosed prior to the interview given the significant evidentiary issues associated with the requested testimony of a sitting Governor.
4. Neither party will make a video or audio recording of the interview.
5. Pending the Court's ruling on the outstanding Motion for Disqualification (which raises ethical concerns regarding your conduct), you will not participate in any interview of Governor Kemp.

Please let me know if the District Attorney's office is amenable to these requirements and provide the questions in writing by noon on Thursday, July 21, 2022. I look forward to hearing from you.

Regards,
Brian

Brian McEvoy
Partner

BakerHostetler
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com


**From:** McEvoy, Brian F.
**Sent:** Monday, June 13, 2022 4:41 PM
**To:** Wooten, Will <Will.Wooten@fultoncountyga.gov>
**Cc:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>; Fani.WillisDA@fultoncountyga.gov
**Subject:** RE: Follow up
**Importance:** High

Will:

I received a troubling phone call this afternoon from Nathan Wade who advised that, contrary to our previous discussions and agreement, an attorney proffer has *never* been approved by your office (despite your requesting dates for such a proffer and Mr. Wakeford confirming that your office is "[o]pen to scheduling an attorney proffer and will speak with you to find an agreeable date"). As previously agreed, such an attorney proffer would be productive for a variety of reasons, not least of which to address any evidentiary issues that may arise.

Furthermore, Mr. Wade informed us that neither you nor any other Assistant District Attorney has decision making authority in this case and that any previous agreement that we reached with your office has no effect. This is alarming given the amount of time we have spent discussing this matter over the last year. Your office had previously asked for dates for Governor Kemp's availability which we provided last week. We had heard nothing from your office until today's call from Mr. Wade, with whom we had not previously spoken. Needless to say, Mr. Wade's summary rejection of our proposed dates, nullification of all previous agreements, dramatic change of tone and sudden threat regarding the issuance of a grand jury subpoena this week to Governor Kemp is disappointing, surprising, and contrary to our previous discussions with your office.

Thanks,
Brian

Brian McEvoy
Partner

BakerHostetler
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com


**From:** Wooten, Will <Will.Wooten@fulton countyga.gov>
**Sent:** Monday, June 13, 2022 11:59 AM
**To:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>
**Cc:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>
**Subject:** Re: Follow up

Unfortunately we have another call scheduled at 3. Could we do 2:45p?

Thanks again,
WW

Best regards,

**Will Wooten (He/Him)**
Deputy District Attorney
White Collar Crime Unit
DA's LGSTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 13, 2022, at 11:48, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Will:

Can we speak at 3pm?

Thanks,
Brian

Brian McEvoy
Partner

<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com
<image002.png>

From: Wooten, Will <Will.Wooten@fultoncountyga.gov>
Sent: Monday, June 13, 2022 10:42 AM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>
Subject: Re: Follow up

Brian, are you able to get on a quick conference call with our team today to nail down these dates and discuss the attorney proffer issue? We are available all day.

Thanks,
WW

Best regards,

Will Wooten (He/Him)
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 10, 2022, at 16:17, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Will:

Following up our discussion from last week, subject to our further discussions, should your office require additional information from Governor Kemp, he can be available for an interview on August 1st, 2nd, or 4th. Among other things, we would like to address the leaks that have been associated with this Grand Jury investigation and make sure that appropriate protections are put in place to protect against any unauthorized disclosures.

Also, I have not heard back regarding your availability on June 24 or June 27. Please let me know as we are holding these dates.

I am happy to discuss further at your convenience.

Thanks,
Brian

Brian McEvoy
Partner

<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com
<image002.png>

From: McEvoy, Brian F.
Sent: Friday, June 3, 2022 1:22 PM
To: Wooten, Will <Will.Wooten@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>
Subject: RE: Follow up

Will:

Thanks for the call today. I apologize for any confusion, but it has been somewhat difficult as we have been speaking with several different people from the Fulton County DA's office since this dialogue began in early 2021. As we discussed this afternoon, we had previously agreed with Mr. Wakeford to provide an attorney proffer on behalf of Governor Kemp. We are available to provide that to your office on Friday, June 24 or Monday June 27. Please let me know if either of these dates work for your team.

Also, as you requested, we will look for available dates should your office require additional information on behalf of Governor Kemp. We will have those dates for you next week.

Please let me know if you have any questions.

Thanks,
Brian

Brian McEvoy
Partner

<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com

**From:** Wooten, Will <Will.Wooten@fultoncountyga.gov>
**Sent:** Thursday, June 2, 2022 9:35 PM
**To:** Zoller, Grace W. <gzoller@bakerlaw.com>
**Cc:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>; Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>
**Subject:** Re: Follow up

Thanks so much, that works great for us. What is the best number for us to call?

Best regards,

**Will Wooten (He/Him)**
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

> On Jun 2, 2022, at 18:47, Zoller, Grace W. <gzoller@bakerlaw.com> wrote:
>
> Will,
>
> Can you all be available at 11:30 tomorrow?
>
> Thanks,
> Grace
>
>> On Jun 2, 2022, at 6:41 PM, Wooten, Will <Will.Wooten@fultoncountyga.gov> wrote:
>>
>> Good evening,
>>
>> We did not receive a response to our e-mail to you this morning. We would like to schedule a call for tomorrow afternoon. Please advise what time you are available. Thank you.
>>
>> Best regards,
>>
>> **Will Wooten (He/Him)**
>> Deputy District Attorney
>> White Collar Crime Unit
>> DA's LGBTQ+ Advisory Committee Co-Chair
>> Fulton County District Attorney's Office
>> 136 Pryor Street SW
>> Atlanta, GA 30303
>> (404) 612-6560
>>
>> CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.
>>
>>> On Jun 2, 2022, at 09:02, Wooten, Will <Will.Wooten@fultoncountyga.gov> wrote:
>>>
>>> Good morning,
>>>
>>> We are completely unavailable today as Mr. Wakeford noted. We are free all day tomorrow (Friday) and can be available any time that is convenient for you including during the evening ours. Please advise what works best. Thank you.
>>>
>>> Best regards,
>>>
>>> **Will Wooten (He/Him)**
>>> Deputy District Attorney
>>> White Collar Crime Unit
>>> DA's LGBTQ+ Advisory Committee Co-Chair
>>> Fulton County District Attorney's Office
>>> 136 Pryor Street SW
>>> Atlanta, GA 30303
>>> (404) 612-6560
>>>
>>> CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.
>>>
>>>> On Jun 2, 2022, at 08:58, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:
>>>>
>>>> Are you available today at 10am?
>>>>
>>>> Brian McEvoy
>>>> Partner
>>>> _____
>>>> <image001.png>
>>>> 1170 Peachtree Street | Suite 2400
>>>> Atlanta, GA 30309-7676
>>>> T +1.404.256.6696
>>>>
>>>> bmcevoy@bakerlaw.com
>>>> bakerlaw.com
>>>> <image002.png>
>>>>
>>>>
>>>> **From:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
>>>> **Sent:** Wednesday, June 1, 2022 2:58 PM
>>>> **To:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
>>>> **Cc:** nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>
>>>> **Subject:** Re: Follow up
>>>>
>>>> Brian,
>>>> We are available now and will be until close of business. If we are not able to speak today, it is important that we speak before the end of the week. Our

schedule is wide open all day Friday. Please let me know.

Thank you,
Donald

Sent from my iPhone

> On Jun 1, 2022, at 9:37 AM, Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov> wrote:
>
> Good morning, Brian,
> We will be tied up at that time and for much of the day tomorrow, but there's a good chance we could be finished earlier today. Are there times earlier in the afternoon when you are available?
>
> Additionally, we just came free for a bit and could talk any time between now and about 10:15.
>
> Donald
>
> **From:** McEvoy, Brian F. [mailto:bmcevoy@bakerlaw.com]
> **Sent:** Wednesday, June 1, 2022 9:24 AM
> **To:** Hill-DA, Michael <Mike.Hill08@fultoncountyga.gov>
> **Cc:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>
> **Subject:** RE: Follow up
>
> I'm not available at that time.  How about 10am tomorrow?
>
> Brian McEvoy
> Partner
> _____
> <image004.jpg>
> 1170 Peachtree Street | Suite 2400
> Atlanta, GA 30309-7676
> T +1.404.256.6696
>
> bmcevoy@bakerlaw.com
> bakerlaw.com
> <image006.jpg>
>
>
> **From:** Hill-DA, Michael <Mike.Hill08@fultoncountyga.gov>
> **Sent:** Wednesday, June 1, 2022 8:57 AM
> **To:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>
> **Cc:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>
> **Subject:** Re: Follow up
>
> Good morning Brian,
>
> This is Investigator Mike Hill. I just left Donald. He's tied up with Grand Jury at the moment.
>
> If agreeable, let's plan a call this afternoon at 1600hrs.
>
> Advise, thanks.
>
> Sent from my iPhone
>
> > On Jun 1, 2022, at 8:14 AM, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:
> >
> > Donald are you available today?
> >
> > Thanks,
> > Brian
> >
> > Brian McEvoy
> > Partner
> > _____
> > <image004.jpg>
> > 1170 Peachtree Street | Suite 2400
> > Atlanta, GA 30309-7676
> > T +1.404.256.6696
> >
> > bmcevoy@bakerlaw.com
> > bakerlaw.com
> > <image006.jpg>
> >
> >
> > **From:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
> > **Sent:** Tuesday, May 31, 2022 2:19 PM
> > **To:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>
> > **Cc:** nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill08@fultoncountyga.gov>
> > **Subject:** RE: Follow up
> >
> > [External Email: Use caution when clicking on links or opening attachments.]
> >
> > Good afternoon, Brian,
> >
> > I wanted to touch base with you to see if we could speak again. Could you get on the phone tomorrow afternoon any time after 3:00?
> > Thank you,
> > Donald
> >
> > **F. McDonald Wakeford**
> > **Chief Senior Assistant District Attorney**
> > **Fulton County District Attorney's Office**
> > **(404) 375-0281**
> > <image007.png>
> >
> > CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.
> >
> >
> >
> > **From:** Wakeford, FMcDonald
> > **Sent:** Thursday, May 12, 2022 4:14 PM

**To:** 'bmcevoy@bakerlaw.com' <bmcevoy@bakerlaw.com>
**Cc:** nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>; Hill-Ga, Michael <Mike.Hill@fultoncountyga.gov>
**Subject:** Follow up

Good afternoon, Brian,

I am glad we were able to speak this afternoon, and I wanted to follow up on a couple of points.

First, we acknowledge your point that your client remains in a cooperative posture. Additionally, we are open to scheduling an attorney proffer and will speak with you to find an agreeable date.
However, we are unable to agree to push the date of a future voluntary interview past the date of the general election. If a voluntary interview is to take place, it would need to take place much sooner than that.

We remain available to continue to discuss these issues. The best numbers to reach us are 404-612-3253 or 404-612-5921.
Sincerely,
Donald

F. McDonald Wakeford
Chief Senior Assistant District Attorney
Fulton County District Attorney's Office
(404) 375-0281
<image007.png>

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to this message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

# Exhibit R

From: Willis, Fani
To: Michael J. Mueller, McEvoy, Brian P.
Cc: Wermer, Will, Wakeford, F McDonald, WHUA, Mitchell, Nae, Adam, Duffaka, Erica T.; eFes, Sonya, Zafire, Grace W.
Subject: RE: Follow-up
Date: Wednesday, July 20, 2022 6:15:11 PM

Greetings Mr. McEvoy:

My special counsel in an effort to be a gentleman and an officer of the court has been far too polite.

The email you have sent is offensive and beneath an officer of the court. You are both wrong and confused.

Let's discuss some of the ways you are wrong.

(1)  This is NOT a politically motivated investigation. It is a criminal investigation and often at the end of criminal investigations people are cleared and often they go to prison. You repeatedly referring to it as a politically motivated investigation, does not make it so. In fact, you repeating it so many times only proves you have become very comfortable being dishonest.

(2) There has not been one leak of the Special Purpose Grand Jury. In fact, much to my dismay attorneys of witnesses have disclosed witnesses were summoned and spoken publicly. However, I understand they legally can do both.

(3)  You stating it is an election cycle is without merit as you have purposely delayed to get us to our current date. I have publicly stated I will not do anything publicly during the Early Voting. You can rely on those words. Rely on these words as well – this is a serious criminal investigation and witness who testify must do so truthfully.

Please, be advised, I have a great deal of respect for the position Governor Kemp holds and a fondness for his wife due to her advocacy for Human Trafficking victims. Due to those facts, I had directed my staff to bend over backwards to accommodate him.

Now let's discuss your confusion:

(1)  In criminal proceedings of this nature proffers are not done by my office. We were giving Governor Kemp the courtesy of having his lawyer present for a taped interview to avoid him having to testify live. In any case, this offer is now off the table. He will be formally summoned to the SPGJ and you will be welcome to wait for him in my Ruby Bridge Lobby while he testifies.

(2)  Judge McBurney is the only one with authority to outline issues of evidence and  privilege. The State will strictly comply to any order Judge McBurney sets for your clients testimony.

Please tell Governor Kemp to look at his schedule and choose August 10, 11, 16,  17, 18, 23,24 or 25th. We will forward a subpoena to your attention of the date of his choosing. On the day he chooses, I personally will question him before the Special Purpose Grand Jury. Your client is a mere witness that needs to come and tell the truth.  That is all we have ever asked of the Governor.

We have been working with you in good faith for months. You have been rude and even disparaging to my staff. You have been less than honest about conversations that have taken place. Despite, the way you have behaved, we have continued to work with you out of deference not for you, but out of deference for my Governor. There is an old adage that people take kindness for weakness. You have taken my kindness as weakness and you have continually treated this investigation with disdain. Despite your disdain this investigation continues and will not be derailed by anyone's antics.  Your client from all public accounts surrounding this matter has acted honorably – you have failed to do the same.

Due to the fact this testimony will now be taken before the SPGJ, I see no need to address your utterly ludicrous propositions referring to the manner in which you will direct an interview be conducted.

If you need to speak with me about anything in this email feel free to email me or contact me on my personal cell at (404) 552-0065.  As we move forward with this process and seek Justice and truth for the citizens of the State of Georgia, I am going to demand that you treat my staff with the same level of respect they have shown you.  Please note we will continue to show you with not only respect, but kindness. However, I as the District Attorney, of the largest county in Georgia have no intention on allowing you to abuse public servants that serve honorably.

Thanks for your time and consideration to this matter.  I will look to hear from you by Friday at 5 pm regarding Governor Kemps availability on proposed dates.

Yours in Service,
Fani T. Willis
District Attorney

Atlanta Judicial Circuit

From: Nathan J. Wade [mailto:nathan@thewbcfirm.com]
Sent: Wednesday, July 20, 2022 4:11 PM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
Cc: Wooten, Will <Will.Wooten@fultoncountyga.gov>; Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>; Willis, Fani <Fani.WillisDA@fultoncountyga.gov>
Subject: Re: Follow up

Brian:

The condescending and confrontational tone of your email brings pause and concern as to whether your intentions are to move forward with an amicable voluntary statement or is this just a political stunt by you that's just for show. Please refrain from mischaracterizing the conversations of those representing the Fulton County District Attorney's office, you have done this on several occasions and we have elected to generously ignore your assertions. Having said that, if you would prefer Governor Kemp appear in person before the Grand Jury you should exercise enough professionalism and decorum to state such. Accordingly, please comply with the previously subpoena for documents and we can discuss further details afterwards.

Thank you kind sir

On Wed, Jul 20, 2022 at 3:58 PM McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

> Nathan:
>
> I am reaching out to discuss the parameters of Governor Kemp's scheduled voluntary witness interview. As you are aware, we had previously reached an agreement to discuss these issues during an attorney proffer with the Fulton County District Attorney's Office (the "Office"), but unfortunately, you unilaterally and inexplicably cancelled that proffer session, voided all of our previous agreements with the Office, noted that under no circumstances would an attorney proffer take place, and failed to respond to the below email concerning this issue. Therefore, I'm outlining our concerns and corresponding requirements below to avoid any evidentiary issues or inadvertent disclosure of privileged information. This is particularly important in light of the state's refusal to acknowledge, without court intervention, a fundamental and obvious privilege during Mr. Hall's recent Grand Jury appearance – despite the fact that we had put the Office on notice of this privilege in advance. Given the politically motivated nature of the Office's ongoing investigation and the fact that we are now in an election cycle in Georgia, we are also concerned about potential leaks of substantive testimony.
>
> As such, the below measures are necessary to protect against these realities:
>
>   1. Both parties will enter into a protective order that will prohibit public disclosure of any content of the interview. Given the leaks surrounding this investigation, we believe this is necessary to protect the integrity of the investigation and to maintain grand jury secrecy.
>   2. Governor Kemp's voluntary witness interview is in lieu of, not in addition to, a grand jury appearance. We have been in discussions with the District Attorney's office to coordinate a witness interview since April 2021. The delay in scheduling that interview has been solely at the direction of the District Attorney's office. Governor Kemp should not be prejudiced by this delay by being hauled into the Grand Jury months before a closely contested election. As such, Governor Kemp will only sit for the witness interview if the District Attorney's office agrees not to issue a grand jury subpoena for testimony.
>   3. As requested by Judge McBurney when dealing with similar privilege issues during Mr. Hall's Grand Jury testimony, questions and topics must be disclosed prior to the interview given the significant evidentiary issues associated with the requested testimony of a sitting Governor.
>   4. Neither party will make a video or audio recording of the interview.
>   5. Pending the Court's ruling on the outstanding Motion for Disqualification (which raises ethical concerns regarding your conduct), you will not participate in any interview of Governor Kemp.
>
> Please let me know if the District Attorney's office is amenable to these requirements and provide the questions in writing by noon on Thursday, July 21, 2022. I look forward to hearing from you.
>
> Regards,
> Brian
>
> Brian McEvoy
> Partner
>
> BakerHostetler
> 1170 Peachtree Street | Suite 2400
> Atlanta, GA 30309-7676
> T +1.404.256.6696
>
> bmcevoy@bakerlaw.com
> bakerlaw.com

From: McEvoy, Brian F.
Sent: Monday, June 13, 2022 4:41 PM
To: Wooten, Will <Will.Wooten@fultoncountyga.gov>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>; Fani.WillisDA@fultoncountyga.gov
Subject: RE: Follow up
Importance: High

Will:

I received a troubling phone call this afternoon from Nathan Wade who advised that, contrary to our previous discussions and agreement, an attorney proffer has never been approved by your office (despite your requesting dates for such a proffer and Mr. Wakeford confirming that your office is "[o]pen to scheduling an attorney proffer and will speak with you to find an agreeable date"). As we previously agreed, such an attorney proffer would be productive for a variety of reasons, not least of which is to address any evidentiary issues that may arise.

Furthermore, Mr. Wade informed us that neither you nor any other Assistant District Attorney have decision making authority in this case and that that any previous agreement that we reached with your office has no effect. This is alarming given the amount of time we have spent discussing this matter over the last year. Your office had previously asked for dates for Governor Kemp's availability which we provided last week. We had heard nothing from your office until today's call from Mr. Wade, with whom we had not previously spoken. Needless to say, Mr. Wade's summary rejection of our proposed dates, nullification of all previous agreements, dramatic change of tone and sudden threat regarding the issuance of a grand jury subpoena this week to Governor Kemp is disappointing, surprising, and contrary to our previous discussions with your office.

Thanks,
Brian

Brian McEvoy
Partner

BakerHostetler
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com

From: Wooten, Will <Will.Wooten@fultoncountyga.gov>
Sent: Monday, June 13, 2022 11:59 AM
To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>
Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@thewbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>
Subject: Re: Follow up

Unfortunately we have another call scheduled at 3. Could we do 2:45p?

Thanks again,
WW

Best regards,

Will Wooten (He/Him)
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office

136 Pryor Street SW
Atlanta, GA 30303
(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 13, 2022, at 11:48, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Will:

Can we speak at 3pm?

Thanks,
Brian

Brian McEvoy
Partner
_____
<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.8355

bmcevoy@bakerlaw.com
bakerlaw.com
<image002.png>

**From:** Wooten, Will <Will.Wooten@fultoncountyga.gov>
**Sent:** Monday, June 13, 2022 10:42 AM
**To:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>
**Cc:** Wakeford, FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@bcwbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>
**Subject:** Re: Follow up

Brian, are you able to get on a quick conference call with our team today to nail down these dates and discuss the attorney proffer issue? We are available all day.

Thanks,
WW

Best regards,

Will Wooten (He/Him)
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

On Jun 10, 2022, at 16:17, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Will:

Following up our discussion from last week, subject to our further discussions, should your office require additional information from Governor Kemp, he can be available for an interview on August 1st, 2nd, or 4th. Among other things, we would like to address the leaks that have been associated with this Grand Jury investigation and make sure that appropriate protections are put in place to protect against any unauthorized disclosures.

Also, I have not heard back regarding your availability on June 24 or June 27. Please let me know as we are holding these dates.

I am happy to discuss further at your convenience.

Thanks,
Brian

Brian McEvoy
Partner
_____
<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.8355

bmcevoy@bakerlaw.com
bakerlaw.com
<image002.png>

**From:** McEvoy, Brian F.
**Sent:** Friday, June 3, 2022 1:22 PM
**To:** Wooten, Will <Will.Wooten@fultoncountyga.gov>; Zoller, Grace W. <gzoller@bakerlaw.com>
**Cc:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@bcwbcfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>; Allen, Sonya <Sonya.Allen@fultoncountyga.gov>
**Subject:** RE: Follow up

Will:

Thanks for the call today. I apologize for my confusion, but it has been somewhat difficult as we have been speaking with several different people from the Fulton County DA's office since this dialogue began in early 2021. As we discussed this afternoon, we had previously agreed with Mr. Wakeford to provide an attorney proffer on behalf of Governor Kemp. We are available to provide that to your office on Friday, June 24 or Monday June 27. Please let me know if either of these dates work for your team.

Also, as you requested, we will look for available dates should your office require additional information on behalf of Governor Kemp. We will have those dates for you next week.

Please let me know if you have any questions.

Thanks,
Brian

Brian McEvoy
Partner
_____
<image001.png>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.8355

bmcevoy@bakerlaw.com
bakerlaw.com
<image002.png>

**From:** Wooten, Will <Will.Wooten@fultoncountyga.gov>
**Sent:** Thursday, June 2, 2022 9:35 PM
**To:** Zoller, Grace W. <gzoller@bakerlaw.com>; Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
**Cc:** McEvoy, Brian F. <bmcevoy@bakerlaw.com>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>; nathan@bcwbcfirm.com;

Ney, Adam <Adam.Ney@fultoncountyga.gov>; Rafferty, Brian T. <brafferty@bakerlaw.com>
Subject: Re: Follow up

Thanks so much, that works great for us. What is the best number for us to call?

Best regards,

**Will Wooten (He/Him)**
Deputy District Attorney
White Collar Crime Unit
DA's LGBTQ+ Advisory Committee Co-Chair
Fulton County District Attorney's Office
136 Pryor Street SW
Atlanta, GA 30303
(404) 612-6560

CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.

> On Jun 2, 2022, at 18:47, Zoller, Grace W. <gzoller@bakerlaw.com> wrote:
>
> Will,
>
> Can you all be available at 11:30 tomorrow?
>
> Thanks,
> Grace
>
>> On Jun 2, 2022, at 6:41 PM, Wooten, Will <Will.Wooten@fultoncountyga.gov> wrote:
>>
>> Good evening,
>>
>> We did not receive a response to our e-mail to you this morning. We would like to schedule a call for tomorrow afternoon. Please advise what time you are available. Thank you.
>>
>> Best regards,
>>
>> **Will Wooten (He/Him)**
>> Deputy District Attorney
>> White Collar Crime Unit
>> DA's LGBTQ+ Advisory Committee Co-Chair
>> Fulton County District Attorney's Office
>> 136 Pryor Street SW
>> Atlanta, GA 30303
>> (404) 612-6560
>>
>> CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.
>>
>>> On Jun 2, 2022, at 09:02, Wooten, Will <Will.Wooten@fultoncountyga.gov> wrote:
>>>
>>> Good morning,
>>>
>>> We are completely unavailable today as Mr. Wakeford noted. We are free all day tomorrow (Friday) and can be available any time that is convenient for you including during the evening ours. Please advise what works best. Thank you.
>>>
>>> Best regards,
>>>
>>> **Will Wooten (He/Him)**
>>> Deputy District Attorney
>>> White Collar Crime Unit
>>> DA's LGBTQ+ Advisory Committee Co-Chair
>>> Fulton County District Attorney's Office
>>> 136 Pryor Street SW
>>> Atlanta, GA 30303
>>> (404) 612-6560
>>>
>>> CONFIDENTIALITY NOTICE: This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, the recipient is hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify the sender by reply e-mail and delete the original message.
>>>
>>>> On Jun 2, 2022, at 08:58, McEvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:
>>>>
>>>> Are you available today at 10am?
>>>>
>>>> Brian McEvoy
>>>> Partner
>>>>
>>>> <image001.png>
>>>> 1170 Peachtree Street | Suite 2400
>>>> Atlanta, GA 30309-7676
>>>> T +1.404.256.8696
>>>>
>>>> bmcevoy@bakerlaw.com
>>>> bakerlaw.com
>>>> <image002.png>
>>>>
>>>> From: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
>>>> Sent: Wednesday, June 1, 2022 2:58 PM
>>>> To: McEvoy, Brian F. <bmcevoy@bakerlaw.com>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
>>>> Cc: nathan@thevchclim.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>
>>>> Subject: Re: Follow up
>>>>
>>>> Brian,
>>>> We are available now and will be until close of business. If we are not able to speak today, it is important that we speak before end of the week. Our schedule is wide open all day Friday. Please let me know.
>>>> Thank you,
>>>> Donald
>>>>
>>>> Sent from my iPhone
>>>>
>>>>> On Jun 1, 2022, at 9:37 AM, Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov> wrote:
>>>>>
>>>>> Good morning, Brian,
>>>>> We will be tied up at that time and for much of the day tomorrow, but there's a good chance we could be finished earlier today. Are there times earlier in the afternoon when you are available?
>>>>>
>>>>> Additionally, we just came free for a bit and could talk any time between now and about 10:15.
>>>>>
>>>>> Donald
>>>>>
>>>>> From: McEvoy, Brian F. [mailto:bmcevoy@bakerlaw.com]
>>>>> Sent: Wednesday, June 1, 2022 9:24 AM
>>>>> To: Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
>>>>> Cc: Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; nathan@thevchclim.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>

Subject: RE: Follow up

I'm not available at that time. How about 10am tomorrow?

Brian McElvoy
Partner

<image004.jpg>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6596

bmcevoy@bakerlaw.com
bakerlaw.com
<image006.jpg>

**From:** Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
**Sent:** Wednesday, June 1, 2022 8:57 AM
**To:** McElvoy, Brian F. <bmcevoy@bakerlaw.com>
**Cc:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>; nathan@thevabrfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>
**Subject:** Re: Follow up

Good morning Brian,

This is Investigator Mike Hill. I just left Donald. He's tied up with Grand Jury at the moment.

If agreeable, let's plan a call this afternoon at 1600hrs.

Advise, thanks.

Sent from my iPhone

On Jun 1, 2022, at 8:14 AM, McElvoy, Brian F. <bmcevoy@bakerlaw.com> wrote:

Donald are you available today?

Thanks,
Brian

Brian McElvoy
Partner

<image004.jpg>
1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6596

bmcevoy@bakerlaw.com
bakerlaw.com
<image006.jpg>

**From:** Wakeford, FMcDonald <FMcDonald.Wakeford@fultoncountyga.gov>
**Sent:** Tuesday, May 31, 2022 2:19 PM
**To:** McElvoy, Brian F. <bmcevoy@bakerlaw.com>
**Cc:** nathan@thevabrfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
**Subject:** RE: Follow up

[External Email: Use caution when clicking on links or opening attachments.]

Good afternoon, Brian,

I wanted to touch base with you to see if we could speak again. Could you get on the phone tomorrow afternoon any time after 3:00?
Thank you,
Donald

F. McDonald Wakeford
Chief Senior Assistant District Attorney
Fulton County District Attorney's Office
(404) 375-0281
<image007.png>

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

**From:** Wakeford, FMcDonald
**Sent:** Thursday, May 12, 2022 4:14 PM
**To:** bmcevoy@bakerlaw.com <bmcevoy@bakerlaw.com>
**Cc:** nathan@thevabrfirm.com; Ney, Adam <Adam.Ney@fultoncountyga.gov>; Wooten, Will <Will.Wooten@fultoncountyga.gov>; Hill-DA, Michael <Mike.Hill@fultoncountyga.gov>
**Subject:** Follow up

Good afternoon, Brian,

I am glad we were able to speak this afternoon, and I wanted to follow up on a couple of points.

First, we acknowledge your point that your client remains in a cooperative posture. Additionally, we are open to scheduling an attorney proffer and will speak with you to find an agreeable date.
However, we are unable to agree to push the date of a future voluntary interview past the date of the general election. If a voluntary interview is to take place, it would need to take place much sooner than that.

We remain available to continue to discuss these issues. The best numbers to reach us are 404-612-3253 or 404-612-5921.
Sincerely,
Donald

F. McDonald Wakeford
Chief Senior Assistant District Attorney
Fulton County District Attorney's Office
(404) 375-0281
<image007.png>

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any use, dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error and/or notify the sender by replying to the message and deleting it from your computer.

Any file attached to this email is that otherwise purpose only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not secure and therefore do not accept liability for any errors or omissions in the content of this message which arise as the result of email transmission, corrupted, lost.

destroyed, erase late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of email transmission.

**Wade, Bradley & Campbell Firm**
1827 Powers Ferry Rd.
Bldg. 23
Atlanta, GA 30339

# Exhibit S

# BakerHostetler

Baker&Hostetler LLP

1170 Peachtree Street
Suite 2400
Atlanta, GA 30309-7676

T 404.459.0050
F 404.459.5734
www.bakerlaw.com

Brian F. McEvoy
direct dial: 404.256.6696
bmcevoy@bakerlaw.com

July 25, 2022

Ms. Fani Willis                                    Mr. Nathan Wade
District Attorney                                  Special Prosecutor
Office of the Fulton County District Attorney      Office of the Fulton County District Attorney
136 Pryor Street SW, 3rd Floor                     136 Pryor Street SW, 3rd Floor
Atlanta, GA 30303                                  Atlanta, GA 30303

Re:    *In Re: Special Purpose Grand Jury, Case No. 2022-EX-000024, Subpoena for the*
       *Production of Documentary Evidence*

Counsel:

This letter is to confirm the Office of the Governor's production of documents in response to the Government's above-referenced subpoena for the production of documentary evidence, dated June 22, 2022 (the "Subpoena"). This production contains documents responsive to Document Request Nos. 1 and 2. Specifically, this production contains email correspondence from the Office of the Governor during November 2020. These documents are Bates labeled as GOVOFFICE_0000001 through and including GOVOFFICE_0014328 and have been ordered numerically into eight banker's boxes and delivered to your office at 9:00 am as instructed in the Subpoena.

The Office of the Governor is continuing its document collection and review pursuant to the Subpoena. Given the vast amount of data housed within the Office of the Governor and in light of the voluminous universe of potentially responsive documents, collecting, reviewing, and producing responsive materials to the Subpoena is an abnormally time-intensive task. As such, the Office of the Governor anticipates supplementing this production tomorrow and again in the coming weeks.

Subject to the general objections raised in the attached Subpoena response (*see* The Office of the Governor's Objections to the Subpoena for the Production of Documentary Evidence to be Used by the Special Purpose Grand Jury in the Case of In Re: Special Purpose Grand Jury, Case Number 2022-EX-000024, dated July 25, 2022), we are nonetheless producing these documents on a voluntary basis evidencing a continued willingness to engage with the District Attorney's Office's investigation.

Ms. Fani Willis
Mr. Nathan Wade
July 25, 2022
Page 2

     This production should be held confidentially and not disclosed outside of the special purpose grand jury as it includes personally identifying information, personal health information, and other sensitive content. The documents have not been redacted in any way given the Subpoena was issued by the Fulton County District Attorney's Office in an ongoing criminal matter.

     If you have any questions or concerns about this current production, please do not hesitate to reach out.

     Sincerely,

     */s/ Brian F. McEvoy*

     Brian F. McEvoy
     Partner

4889-7629-0859.1

# Exhibit T

# BakerHostetler

Baker&Hostetler LLP

1170 Peachtree Street
Suite 2400
Atlanta, GA 30309-7676

T 404.459.0050
F 404.459.5734
www.bakerlaw.com

Brian F. McEvoy
direct dial: 404.256.6696
bmcevoy@bakerlaw.com

July 27, 2022

Ms. Fani Willis                              Mr. Nathan Wade
District Attorney                            Special Prosecutor
Office of the Fulton County District Attorney    Office of the Fulton County District Attorney
136 Pryor Street SW, 3rd Floor               136 Pryor Street SW, 3rd Floor
Atlanta, GA 30303                            Atlanta, GA 30303

Re:     *In Re: Special Purpose Grand Jury, Case No. 2022-EX-000024, Subpoena for the
        Production of Documentary Evidence*

Counsel:

        This letter is to confirm the Office of the Governor's production of documents in response to
the Fulton County District Attorney Office's above-referenced subpoena for the production of
documentary evidence, dated June 22, 2022 (the "Subpoena"). This production contains documents
responsive to Document Request Nos. 1 and 2. Specifically, this production contains email
correspondence from the Office of the Governor during November 2020. These documents are Bates
labeled as GOVOFFICE_0014329 through and including GOVOFFICE_0035535 and have been
ordered numerically into eleven banker's boxes and delivered to your office as instructed in the
Subpoena.

        The Office of the Governor is continuing its document collection and review pursuant to the
Subpoena. Given the vast amount of data housed within the Office of the Governor and in light of the
voluminous universe of potentially responsive documents, collecting, reviewing, and producing
responsive materials to the Subpoena is an abnormally time-intensive task. As such, the Office of the
Governor anticipates supplementing this production in the coming weeks.

        Subject to the general objections raised in the attached Subpoena response (*see* The Office of
the Governor's Objections to the Subpoena for the Production of Documentary Evidence to be Used
by the Special Purpose Grand Jury in the Case of In Re: Special Purpose Grand Jury, Case Number
2022-EX-000024, dated July 25, 2022), we are nonetheless producing these documents on a voluntary
basis evidencing a continued willingness to engage with the District Attorney's Office's investigation.

Ms. Fani Willis
Mr. Nathan Wade
July 27, 2022
Page 2

     This production should be held confidentially and not disclosed outside of the special purpose grand jury as it includes personally identifying information, personal health information, and other sensitive content. The documents have not been redacted in any way given the Subpoena was issued by the Fulton County District Attorney's Office in an ongoing criminal matter.

     If you have any questions or concerns about this current production, please do not hesitate to reach out.

                       Sincerely,

                       */s/ Brian F. McEvoy*

                       Brian F. McEvoy
                       Partner

# Exhibit U

# BakerHostetler

Baker&Hostetler LLP

1170 Peachtree Street
Suite 2400
Atlanta, GA 30309-7676

T 404.459.0050
F 404.459.5734
www.bakerlaw.com

Brian F. McEvoy
direct dial: 404.256.6696
bmcevoy@bakerlaw.com

August 3, 2022

Ms. Fani Willis
District Attorney
Office of the Fulton County District Attorney
136 Pryor Street SW, 3rd Floor
Atlanta, GA 30303

Mr. Nathan Wade
Special Prosecutor
Office of the Fulton County District Attorney
136 Pryor Street SW, 3rd Floor
Atlanta, GA 30303

Re:   *In Re: Special Purpose Grand Jury, Case No. 2022-EX-000024, Subpoena for the Production of Documentary Evidence*

Counsel:

This letter is to confirm the Office of the Governor's production of documents in response to the Fulton County District Attorney Office's above-referenced subpoena for the production of documentary evidence, dated June 22, 2022 (the "Subpoena"). This production contains documents responsive to Document Request Nos. 1 and 2. Specifically, this production contains email correspondence from the Office of the Governor during November 2020. These documents are Bates labeled as GOVOFFICE_0035536 through and including GOVOFFICE_0119442 and have been ordered numerically into banker's boxes and delivered to your office as instructed in the Subpoena.

The Office of the Governor is continuing its document collection and review pursuant to the Subpoena. Given the vast amount of data housed within the Office of the Governor and in light of the voluminous universe of potentially responsive documents, collecting, reviewing, and producing responsive materials to the Subpoena is an abnormally time-intensive task. As such, the Office of the Governor anticipates supplementing this production in the coming weeks.

Subject to the general objections raised in the attached Subpoena response (*see* The Office of the Governor's Objections to the Subpoena for the Production of Documentary Evidence to be Used by the Special Purpose Grand Jury in the Case of In Re: Special Purpose Grand Jury, Case Number 2022-EX-000024, dated July 25, 2022), we are nonetheless producing these documents on a voluntary basis evidencing a continued willingness to engage with the District Attorney's Office's investigation.

Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Dallas   Denver   Houston
Los Angeles   New York   Orlando   Philadelphia   San Francisco   Seattle   Washington, DC   Wilmington

Ms. Fani Willis
Mr. Nathan Wade
August 3, 2022
Page 2

     This production should be held confidentially and not disclosed outside of the special purpose grand jury as it includes personally identifying information, personal health information, and other sensitive content. The documents have not been redacted in any way given the Subpoena was issued by the Fulton County District Attorney's Office in an ongoing criminal matter.

     If you have any questions or concerns about this current production, please do not hesitate to reach out.

                Sincerely,

                */s/ Brian F. McEvoy*

                Brian F. McEvoy
                Partner

# Exhibit V

# BakerHostetler

Baker&Hostetler LLP

1170 Peachtree Street
Suite 2400
Atlanta, GA 30309-7676

T 404.459.0050
F 404.459.5734
www.bakerlaw.com

Brian F. McEvoy
direct dial: 404.256.6696
bmcevoy@bakerlaw.com

August 12, 2022

Ms. Fani Willis
District Attorney
Office of the Fulton County District Attorney
136 Pryor Street SW, 3rd Floor
Atlanta, GA 30303

Mr. Nathan Wade
Special Prosecutor
Office of the Fulton County District Attorney
136 Pryor Street SW, 3rd Floor
Atlanta, GA 30303

Re:   *In Re: Special Purpose Grand Jury, Case No. 2022-EX-000024, Subpoena for the Production of Documentary Evidence*

Counsel:

This letter is to confirm the Office of the Governor's production of documents in response to the Fulton County District Attorney Office's above-referenced subpoena for the production of documentary evidence, dated June 22, 2022 (the "Subpoena"). This production contains documents responsive to Document Request Nos. 1 and 2. Specifically, this production contains email correspondence from the Office of the Governor during January 2021. These documents are Bates labeled as GOVOFFICE_0119443 through and including GOVOFFICE_0136612 and have been ordered numerically into banker's boxes and delivered to your office as instructed in the Subpeona.

The Office of the Governor is continuing its document collection and review pursuant to the Subpoena. Given the vast amount of data housed within the Office of the Governor and in light of the voluminous universe of potentially responsive documents, collecting, reviewing, and producing responsive materials to the Subpoena is an abnormally time-intensive task. As such, the Office of the Governor anticipates supplementing this production in the coming weeks.

Subject to the general objections raised in the attached Subpoena response (*see* The Office of the Governor's Objections to the Subpoena for the Production of Documentary Evidence to be Used by the Special Purpose Grand Jury, Case Number 2022-EX-000024, dated July 25, 2022), we are nonetheless producing these documents on a voluntary basis evidencing a continued willingness to engage with the District Attorney's Office's investigation.

Ms. Fani Willis
Mr. Nathan Wade
August 12, 2022
Page 2

This production should be held confidentially and not disclosed outside of the special purpose grand jury as it includes personally identifying information, personal health information, and other sensitive content. The documents have not been redacted in any way given the Subpoena was issued by the Fulton County District Attorney's Office in an ongoing criminal matter.

If you have any questions or concerns about this current production, please do not hesitate to reach out.

Sincerely,

*/s/ Brian F. McEvoy*

Brian F. McEvoy
Partner

# Exhibit W

| | |
|---|---|
| **From:** | McEvoy, Brian F. |
| **To:** | nathan@thewbcfirm.com |
| **Subject:** | Gov. Kemp Interview |
| **Date:** | Monday, August 8, 2022 7:33:00 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |

Nathan:

I am writing to renew our request that Governor Kemp's interview (whether formal or informal) be postponed until after the General Election on November 8, 2022.  As Judge McBurney suggested, we are happy to discuss any potential evidentiary and privilege issues in an attorney proffer in advance to make the discussion as seamless and productive as possible under the circumstances.  Given the significance of the Special Grandy Jury's investigation, we believe it is important that all applicable procedural, ethical, and legal standards are closely followed. Moreover, consistent with guidance from the American Bar Association and National District Attorney's Association, and because of the political nature of this investigation which is occurring in the middle of an election cycle, we want to make sure the investigation does not improperly influence the upcoming general election.

Thanks,
Brian


**Brian F. McEvoy**
Partner



1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com



Exhibit X

| From: | nathan |
|---|---|
| To: | McEvoy, Brian F. |
| Cc: | Rafferty, Brian T.; Zoller, Grace W. |
| Subject: | RE: Gov. Kemp Interview |
| Date: | Tuesday, August 9, 2022 9:37:42 AM |

[External Email: Use caution when clicking on links or opening attachments.]

Brian

Governor Kemp is scheduled to testify in person before the Special Purpose Grand Jury on August 18, 2022 at 9 am. We have made every attempt to accommodate the Governor and his schedule however, the grand jurors are requesting to move forward with his testimony.  Thank you

Sent via the Samsung Galaxy Z Flip3 5G, an AT&T 5G smartphone

-------- Original message --------
From: "McEvoy, Brian F." <bmcevoy@bakerlaw.com>
Date: 8/8/22 7:35 PM (GMT-05:00)
To: nathan@thewbcfirm.com
Cc: "Rafferty, Brian T." <brafferty@bakerlaw.com>, "Zoller, Grace W." <gzoller@bakerlaw.com>
Subject: Gov. Kemp Interview

Nathan:

As you may recall, I will be unavailable tomorrow through Friday.  If you would like to discuss anything before then, please reach out to Mr. Rafferty or Ms. Zoller.  Otherwise, I am available at your convenience beginning Monday, August 15.

**Brian McEvoy**
Partner

1170 Peachtree Street | Suite 2400
Atlanta, GA 30309-7676
T +1.404.256.6696

bmcevoy@bakerlaw.com
bakerlaw.com



This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.