# EXHIBIT B-084

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

IN RE: )
 )  2022-EX-000024
SPECIAL PURPOSE GRAND JURY )
 )  Judge Robert C. I. McBurney

FILED IN OFFICE
AUG 26 2022
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## DISTRICT ATTORNEY'S RESPONSE TO MOTION TO QUASH GRAND JURY SUBPOENA BY KENNETH CHESEBRO

**COMES NOW** District Attorney Fani T. Willis, Atlanta Judicial Circuit, by and through the undersigned counsel, in response to the Witness's Motion to Quash Grand Jury Subpoena by Kenneth Chesebro, and respectfully requests that this Honorable Court deny the motion on the pleadings and order the Witness to appear as scheduled, and in support says as follows:

1. The District Attorney largely agrees with the facts as set forth by the Witness, in that the District Attorney obtained a Certificate of Material Witness for the Witness, the Certificate of Material Witness was presented to a judge of the New York County Supreme Court, and the Witness was ordered to appear before the special purpose grand jury on August 30, 2022, by the New York judge.

2. Further, the District Attorney agrees that certain information known to the Witness may be protected by both the attorney-client privilege and the duty of confidentiality. Still, it must be noted that while the Witness argues that "many, if not most, of the DA's questions at the Grand Jury will implicate the attorney-client privilege," the Witness makes no showing that *all* of the information sought by the special purpose grand jury will implicate privilege.

3. This Court has heard and ruled on multiple similar motions to quash subpoenas issued on behalf of the special purpose grand jury where certain privileges have been cited as grounds for total quashal. The privileges claimed by other witnesses have been wide-ranging — including legislative privilege, attorney-client privilege, and the privilege against self-incrimination.

4. In each of those circumstances, the Court has appropriately declined to order total quashal because, each time, at least *some* information sought by the special purpose grand jury fell outside the bounds of the claimed privileges, and the Court has established a procedure by which witnesses can assert objections based on privilege to individual questions where appropriate that can be ruled on individually.

5. The District Attorney has identified certain areas of questioning that fall squarely outside the attorney-client privilege and duty of confidentiality, and they were set forth in both the Certificate of Material Witness and the accompanying petition. These areas include, among others, communications between the Witness and third-party members of the Georgia Republican Party – without the participation of the Trump Campaign – advising the third-party individuals on "the practical logistics" of the December 14, 2020, meeting of purported electors at the Georgia State Capitol. These practical logistics include instructions on documents to be used at the meeting, instructions for mailing those documents, and a draft press release. Other areas that fall outside the claimed privileges include the Witness's own prior legal experience including his experience with election law, how the Witness came to be involved with efforts following the November 2020 election, the Witness's relationships with others involved in these efforts prior to the establishment of any attorney-client relationship,

and other third-party communications that do not fall within any of the claimed privileges.

6. Consistent with this, our appellate courts have held that total quashal of a subpoena is not required where some information sought by the subpoena falls outside of a claimed privilege and where the trial court establishes some procedure to ensure that privileged information is protected. *See, e.g., In re Morris Communs. Co.*, 258 Ga. App. 154 (2002).

7. Accordingly, because some of the information sought by the subpoena falls outside the attorney-client privilege and the duty of confidentiality and because the Court has established a procedure through which the Witness can assert objections to individual questions to ensure that privileged information is protected, the Court should deny the motion to quash on the pleadings and order the Witness to appear as scheduled.

**WHEREFORE,** based on the foregoing facts and law, the District Attorney respectfully requests that this Court deny the motion to quash on the pleadings and order the Witness to appear as scheduled.

Respectfully submitted this the 26th day of August, 2022,

FANI T. WILLIS
DISTRICT ATTORNEY

Will Wooten, Bar No. 410684
Deputy District Attorney
Atlanta Judicial Circuit
136 Pryor Street Southwest
Third Floor
Atlanta, Georgia 30303

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing District Attorney's Response to Motion to Quash Grand Jury Subpoena by Kenneth Chesebro has been served upon Scott R. Grubman, counsel for the Witness, via electronic mail, this the 26th day of August, 2022,

Will Wooten, Bar No. 410684
Deputy District Attorney
Atlanta Judicial Circuit
136 Pryor Street Southwest
Third Floor
Atlanta, Georgia 30303