# EXHIBIT B-102

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE

OCT 0 3 2022

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN RE: )
)
SPECIAL PURPOSE GRAND JURY )
)
)
)
)

2022-EX-000024

Judge Robert C. I. McBurney

***FILED UNDER SEAL***

## MOTION TO DISQUALIFY ATTORNEYS HOLLY A. PIERSON AND KIMBERLY BOURROUGHS DEBROW IN THEIR SIMULTANEOUS REPRESENTATION OF MARK AMICK, JOSEPH BRANNAN, BRAD CARVER, VIKKI TOWNSEND CONSIGLIO, JOHN DOWNEY, CAROLYN HALL FISHER, GLORIA KAY GODWIN, CATHLEEN ALSTON LATHAM, DAVID SHAFER, SHAWN STILL, AND C.B. YADAV AND PROHIBIT THEM FROM ANY FURTHER PARTICIPATION IN THIS MATTER PURSUANT TO GEORGIA RULES OF PROFESSIONAL CONDUCT RULES 1.6, 1.7, AND 1.9 AND OTHER RELEVANT LAW

**COMES NOW** District Attorney Fani T. Willis, Atlanta Judicial Circuit, by and through

the undersigned counsel, and moves this Court to disqualify attorneys Holly A. Pierson and

Kimberly Bourroughs Debrow in their simultaneous representation of the above-listed parties and

prohibit them from any further participation in this matter pursuant to Georgia Rules of

Professional Conduct Rules 1.6, 1.7, and 1.9 and other relevant law, and in support says as follows.

## I. INTRODUCTION

The Georgia Rules of Professional Conduct plainly state that "a lawyer shall not represent

or continue to represent a client if there is a significant risk that the lawyer's own interests or the

lawyer's duties to another client, a former client, or a third person will materially and adversely

affect the representation of the client," subject to limited exceptions requiring written informed

consent of the client. GA. R. & REGS. ST. BAR 1.7(a). Client consent is not permissible if the

representation "includes the assertion of a claim by one client against another client represented by the lawyer in the same or a substantially related proceeding" or if the representation "involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients." GA. R. & REGS. ST. BAR 1.7(c). "In a criminal case, inquiry by the court is generally *required* when a lawyer represents multiple defendants." GA. R. & REGS. ST. BAR 1.7, Comment 15 (emphasis added). "Where the conflict is such as clearly to call into question the fair or efficient administration of justice, opposing counsel may properly raise the question." *Id.* "The prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant [or, in this case, the target of a grand jury investigation] is accorded procedural justice." GA. R. & REGS. ST. BAR 3.8, Comment 1. "In light of the prosecutor's public responsibilities, broad authority and discretion, the prosecutor has a heightened duty of candor to the courts and in fulfilling other professional obligations." ABA STAND. CRIM. JUST. REL. PROS. FUNCT. 3-1.4(a).

Accordingly, as set forth below, and in conformity with the Georgia Rules of Professional Conduct and relevant guidance related to the ethical duties and obligations of prosecutors under applicable rules, statutes, and both the United States Constitution and the Georgia Constitution, the District Attorney is compelled to move the Court to disqualify attorneys Holly A. Pierson and Kimberly Bourroughs Debrow in their simultaneous representation of their 11 clients who have been summoned to appear before the special purpose grand jury and to prohibit them from any further participation in this matter. The District Attorney is so compelled not only because it is paramount that the District Attorney, as a minister of justice, must guarantee that the constitutional and statutory rights of all persons are preserved at every stage of a criminal proceeding, but also because the District Attorney's failure to do so would be fundamentally at odds with every

lawyer's duties as "a representative of clients, an officer of the legal system, and a citizen having special responsibility for the quality of justice." GA. R. & REGS. ST. BAR, PMBL.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2022, Fulton County Superior Court Chief Judge Christopher S. Brasher issued an order authorizing the impaneling of a special purpose grand jury to investigate the facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia. This order was issued pursuant to a lawful request by the District Attorney. ██████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

During the course of her investigation, the District Attorney learned that attorneys Holly A. Pierson and Kimberly Bourroughs Debrow had been retained by ██████████████ to simultaneously represent 11 relevant witnesses, including Mark Amick, Joseph Brannan, Brad Carver, Vikki Townsend Consiglio, John Downey, Carolyn Hall Fisher, Gloria Kay Godwin, Cathleen Alston Latham, David Shafer, Shawn Still, and C.B. Yadav, each of whom had signed their names to the false certificate of vote purporting to be the duly elected and qualified electors

for the State of Georgia at the meeting on December 14, 2020. ██████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████

After considering all of the relevant evidence outlined above and other relevant evidence received from collateral sources, the District Attorney determined that each of Pierson and Debrow's 11 clients had become targets of the special purpose grand jury's investigation. A letter reflecting this change in status was delivered to Pierson and Debrow for each of their 11 clients on July 5, 2022, so that their clients would be notified of this change in status prior to giving testimony before the special purpose grand jury and so that counsel could advise their 11 clients on the legal consequences of this change in status. Subpoenas were also served on each of Pierson and Debrow's 11 clients commanding them to appear and testify before the special purpose grand jury.

On July 19, 2022, Pierson and Debrow filed a motion to quash in their entirety the subpoenas issued to each of their 11 clients, claiming in part that their 11 clients are immune from state prosecution as a matter of law and that the subpoenas are unnecessary, unreasonable, and

─────────────────────────

███████████████████████████████████████

oppressive. A hearing on the issue was held, and the Court denied the motion. ███████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████

    █████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████



████████ Accordingly, on August 1, 2022, the District Attorney filed a Motion for Leave to File Under Seal Pursuant to Uniform Superior Court Rule 21 in order to file the present Motion to Disqualify outside of public view to protect the privacy interests of each of Pierson and Debrow's

11 clients related to their choice of counsel, which is of little or no public concern, and other sensitive matters concerning evidence received by the special purpose grand jury in secret.

In addition to the above, the District Attorney reasonably believes that her investigation to this date has established the following facts that are material to demonstrating a conflict of interest in Pierson and Debrow's simultaneous representation of their 11 clients in this matter:

1) 

2) David Shafer currently serves as the Chairman of the Georgia Republican Party and held the same office on December 14, 2020.

3) Shawn Still was the Secretary of the Georgia Republican Party on December 14, 2020.



4)

5)

6)





10)

11)

---

[5] A total of four individuals were lawfully nominated as electors for the Georgia Republican Party pursuant to O.C.G.A. § 21-2-172 and did not participate in the meeting on December 14, 2020. They were Patrick Gartland, Susan Holmes, John A. Isakson, and CJ Pearson. The fourth individual purportedly nominated and certified by David Shafer and Shawn Still as a "replacement elector" is not represented by Pierson and Debrow, and the District Attorney has been barred from further investigation of that individual by the Court.

12) 

### III. LEGAL ANALYSIS

**A. Witnesses before a grand jury have no constitutional right to counsel and therefore no constitutional right to *choice* of counsel, which widely broadens the Court's discretion to disqualify Pierson and Debrow.**

It is well settled in the law that both the Sixth Amendment to the United States Constitution and Article 1, Section 1, Paragraph XIV, of the Georgia Constitution guarantee the right of an accused in a criminal prosecution to have the benefit of counsel. *See Lewis v. State*, 312 Ga. App. 275, 279 (2011). Additionally, it is well settled that a crucial element of this right is the right to *choice* of counsel for defendants who do not require appointed counsel. *Id* (emphasis added). What may seem less clear is what right to counsel, if any, is afforded to witnesses during a grand jury proceeding. *See United States v. Gaddy*, 894 F.2d 1307, 1314 (11th Cir. 1990). The United States Supreme Court held in *United States v. Mandujano* that a "witness before a grand jury cannot insist, as a matter of constitutional right, on being represented by his counsel." 425 U.S. 564, 581 (1976) (internal citations omitted). Said differently, a witness testifying before a grand jury has no constitutional right to have his counsel present inside the grand jury room. *Id*. Moreover, neither federal courts nor Georgia courts have ever held that a constitutional right to counsel exists during other phases of a grand jury proceeding. *Gaddy* at 1314.

In this case, it is essential to note that the District Attorney has afforded all witnesses appearing before the special purpose grand jury the opportunity to consult with counsel, at their

own request and as much as needed, throughout the course of their testimony. But in this Court's analysis of the disqualification issues brought before it by the District Attorney, the Court must distinguish between a courtesy offered by the District Attorney and any potential claim of a constitutional right that does not exist. Because no constitutional right to counsel exists for witnesses appearing before a grand jury, it follows that neither does a constitutional right to *choice* of counsel. *See Gaddy* at 1314. With this in mind, because none of Pierson and Debrow's 11 clients have been charged with a crime and thus no constitutional right to counsel or choice of counsel has yet been implicated, the Court's discretion to grant the District Attorney's motion to disqualify is widely broadened when compared to cases in which a prosecutor moves to disqualify counsel *after* a charging instrument has been filed. *Cf. Lewis* at 282.

**B.  Pierson and Debrow's simultaneous representation of their 11 clients is rife with serious ethical problems, and these actual conflicts of interest and serious potential for future conflicts violate Rule 1.7 of the Georgia Rules of Professional Conduct.**

Rule 1.7 of the Georgia Rules of Professional Conduct prohibits a lawyer from representing or continuing to represent a client "if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client," except as permitted in limited circumstances requiring written informed consent of the client. GA. R. & REGS. ST. BAR 1.7(a). Client consent is not permissible if the representation "includes the assertion of a claim by one client against another client represented by the lawyer in the same or a substantially related proceeding" or if the representation "involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients." GA. R. & REGS. ST. BAR 1.7(c). The potential for conflict of interest in representing multiple parties in a criminal

matter "is so grave that ordinarily a lawyer should decline to represent" more than one party in such a circumstance. GA. R. & REGS. ST. BAR 1.7, Comment 7.

In *Heidt v. State*, the Georgia Supreme Court upheld a trial court's disqualification of counsel when Heidt hired attorney Manubir Arora to assist in his defense while Arora simultaneously represented Heidt's sister-in-law Robin, who had been arrested and charged with intimidating a witness in the case against Heidt, despite the fact that Heidt and Robin had consented to simultaneous representation. 292 Ga. 343 (2013). Notably, the prosecutor intended to call Robin as a witness at Heidt's trial. *Id* at 347. The Court held that while "Heidt and Robin may not have foreseen any conflict between their interests at the time that they consented to the dual representation, we know that their interests ultimately were not aligned, inasmuch as Robin ended up testifying against Heidt, and the criminal charges against her were dismissed." *Id*. The trial court disqualified Arora, and the Court affirmed the disqualification because "the prospects of Arora advising Robin about any deal that might be proposed by the State to secure her testimony against Heidt or cross-examining her on behalf of Heidt were rife with serious ethical problems." *Id*. The trial court further ruled that "Arora's representation of Robin would materially and adversely affect his representation of Heidt" in violation of Rule 1.7(c)(3), and the Georgia Supreme Court agreed. *Id*. Moreover, the Court recognized that in cases where a constitutional right to choice of counsel exists – and the District Attorney maintains that no such constitutional right exists in the present case – "the presumption in favor of an accused's choice of counsel . . . may be overcome not only by a demonstration of an actual conflict of interest but by a showing of a *serious potential for conflict*." *Id* at 346 (internal citations omitted) (emphasis added). It follows that such a showing of either an actual conflict of interest or a serious potential for conflict is also

sufficient to authorize a trial court to disqualify counsel pursuant to Rule 1.7 where no constitutional right to counsel or choice of counsel has yet attached.



This situation clearly "involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients," and such representation is expressly forbidden by the Rules of Professional Conduct. GA. R. & REGS. ST. BAR 1.7(c)(3).

13

**C. Pierson and Debrow's simultaneous representation of their 11 clients poses a serious risk to the fundamental principle of confidentiality of information relating to the representation, and, if disqualified, they should be prevented from any further participation in this matter in order to maintain the duty of confidentiality.**

Rule 1.6 of the Georgia Rules of Professional Conduct provides that a lawyer "shall maintain in confidence all information gained in the professional relationship with a client, including information which the client has requested to be held inviolate or the disclosure of which would be embarrassing or would likely be detrimental to the client, unless the client gives informed consent." GA. R. & REGS. ST. BAR 1.6(a). "The duty of confidentiality shall continue after the client-lawyer relationship has terminated." GA. R. & REGS. ST. BAR 1.6(c). In order to protect the ongoing duty of confidentiality arising from a former attorney-client relationship, Rule 1.9 provides that a "lawyer who has formerly represented a client in a matter … shall not thereafter use information relating to the representation to the disadvantage of the former client … [or] reveal information relating to the representation." GA. R. & REGS. ST. BAR 1.9(c).

In *Edwards v. State*, the Court of Appeals of Georgia upheld the trial court's sua sponte disqualification of the defendant's counsel after a jury was impaneled and sworn to try that defendant on charges of rape and child molestation. 336 Ga. App. 595 (2016). Prior to the presentation of any evidence, the defendant's counsel and the prosecutor brought to the attention of the trial court that the defendant's counsel had previously represented the victim's mother in unrelated proceedings and, through that representation, had learned confidential information that could be used to impeach her if she were to testify at the trial of Edwards. *Id* at 595. Nothing in the record showed that the victim's mother had waived the conflict or consented to the disclosure or use of the confidential information. *Id* at 596. The Court of Appeals noted that, in that case, the conflict could have been waived if both the current and former clients had consulted with their attorney, had received in writing reasonable and adequate information about the material risks and

reasonable available alternatives to the representation, and an opportunity to consult with independent counsel. *Id* at 599. But in that case, the conflict only dealt with the potential use of information to the disadvantage of only a single former client.

In this case, the body of information – including potentially incriminating information and information that could be used for impeachment or otherwise to the disadvantage of a former client – gained by Pierson and Debrow concerning each of their 11 clients in the course of their simultaneous representation is undoubtedly vast. The serious potential that any of that information might be used to the disadvantage of a former client, should Pierson and Debrow be allowed to continue in their representation of even just one of the 11, must be a matter of grave concern for the Court. Obtaining informed consent in accordance with the provisions of Rule 1.7(b) for up to as many as ten former clients, solely for the sake of continued representation of just one of them, would be an enormously complicated undertaking with the potential for ethical problems at multiple stages and little opportunity for a meaningful remedy for the affected former clients should an ethical violation occur. Accordingly, in order to avoid potential violations of Rules 1.6, 1.7, and 1.9 of the Georgia Rules of Professional Conduct, the only appropriate course of action by the Court is a prophylactic one: prohibiting Pierson and Debrow from any further participation in this matter.

## IV. CONCLUSION

As set forth above, the Georgia Rules of Professional Conduct plainly state that a lawyer has a conflict of interest "if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client." GA. R. & REGS. ST. BAR 1.7(a). Such a conflict cannot be waived if representation "includes the assertion of a claim by one client against another client represented

by the lawyer in the same or a substantially related proceeding" or if the representation "involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients." GA. R. & REGS. ST. BAR 1.7(c).

Further, a lawyer must generally maintain in confidence all information gained as a result of the attorney-client relationship, even after that relationship has terminated. GA. R. & REGS. ST. BAR 1.6(c). In order to protect the ongoing duty of confidentiality arising from a former attorney-client relationship, a "lawyer who has formerly represented a client in a matter … shall not thereafter use information relating to the representation to the disadvantage of the former client … [or] reveal information relating to the representation." GA. R. & REGS. ST. BAR 1.9(c).



Should Pierson and Debrow be allowed to continue in their representation of even just one of the 11, there is a serious possibility of future ethical problems concerning confidentiality of information obtained in the course of their representation thus far. Moreover, if continued participation in this matter in any way were allowed, there would be little opportunity for a meaningful remedy for the affected former clients should an ethical violation occur.

Accordingly, the appropriate remedy under Rules 1.6, 1.7, and 1.9 of the Georgia Rules of Professional Conduct and other relevant law is disqualification of attorneys Holly A. Pierson and Kimberly Bourroughs Debrow in their simultaneous representation of their 11 clients in this matter and prohibition of any further participation by Pierson or Debrow in this matter.

**WHEREFORE,** based on the foregoing facts and law, the District Attorney respectfully requests that this Court disqualify attorneys Holly A. Pierson and Kimberly Bourroughs Debrow in their simultaneous representation of the above-listed parties and prohibit them from any further participation in this matter pursuant to Georgia Rules of Professional Conduct Rules 1.6, 1.7, and 1.9 and other relevant law.

Respectfully submitted this the 30th day of September, 2022,

> **FANI T. WILLIS**
> **DISTRICT ATTORNEY**
>
> **Will Wooten, Bar No. 410684**
> Deputy District Attorney
> Atlanta Judicial Circuit
> 136 Pryor Street Southwest
> Third Floor
> Atlanta, Georgia 30303
>
> **Nathan Wade, Bar No. 390947**
> Special Prosecutor
> Atlanta Judicial Circuit
> 136 Pryor Street Southwest
> Third Floor
> Atlanta, Georgia 30303

17

# Exhibit A

**[REDACTED]**

# Exhibit B

**[REDACTED]**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sealed Motion to Disqualify Attorneys Holly A. Pierson and Kimberly Bourroughs Debrow will be immediately served upon Holly A. Pierson and Kimberly Bourroughs Debrow, counsel for the persons in interest, via electronic mail, upon the entry of an order sealing this matter by the Court, this the 30th day of September, 2022,

**FANI T. WILLIS**
**DISTRICT ATTORNEY**

**Will Wooten, Bar No. 410684**
Deputy District Attorney
Atlanta Judicial Circuit
136 Pryor Street Southwest
Third Floor
Atlanta, Georgia 30303

**Nathan Wade, Bar No. 390947**
Special Prosecutor
Atlanta Judicial Circuit
136 Pryor Street Southwest
Third Floor
Atlanta, Georgia 30303