# EXHIBIT B-104



IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

IN THE MATTER OF SEALED DOCUMENTS

CASE 2022EX_ *001279*

## STANDING ORDER REGARDING THE SEALING OF WARRANTS, WARRANT AFFIDAVITS, WARRANT RETURNS, AND NON-DISCLOSURE ORDERS

The District Attorney of Fulton County is conducting a criminal investigation into alleged interference with the 2020 general election in Georgia. To date, this investigation has involved subpoenas, grand jury testimony, and intense public scrutiny. The District Attorney's Office is now seeking to obtain and execute a series of search warrants, the affidavits for which are predicated on sensitive information acquired during the investigation. The Court finds that disclosure of this information could compromise the investigation by, among other things, causing flight from prosecution, destruction of or tampering with evidence, and intimidation of potential witnesses. Some disclosures could also substantially risk the safety and wellbeing of the individuals involved in the investigation including, but not limited to, witnesses, subjects, law enforcement officers, and officers of the Court.

The undersigned finds that the District Attorney's compelling interest in protecting the ongoing investigation into possible criminal electoral interference is sufficient to justify sealing the investigative documents covered by this Standing Order. *See United States v. Valenti*, 987 F.2d 70, 714 (11th Cir. 1993); *In re Four Search Warrants*, 945 F. Supp. 1563 (N.D. Ga. 1996). The undersigned additionally finds that such investigative documents "are not subject to disclosure under [Uniform Superior Court Rule] 21 because they do not fall within that which USCR 21 embodies: they are not court records to which the public and press in Georgia have traditionally

enjoyed access." *In re Gwinnett Cnty. Grand Jury*, 284 Ga. 510, 512 (2008).  Rather, they are sensitive investigative records the disclosure of which could compromise the District Attorney's work at this time.

THEREFORE, unless otherwise directed by the undersigned judge, the Clerk of Fulton County Superior Court shall ensure that there is no public access, either in paper or electronic form, to the following documents filed under this *ex parte* case, 2022EX 001279 :

1. Search and seizure warrants, supporting affidavits, returns, and related papers, whether executed or unexecuted; and

2. All applications and nondisclosure orders issued under 18 § U.S.C. 2705(b) and related papers.

The Clerk of Court shall file the documents listed above -- and only the documents listed above -- under seal without need for a motion to seal or a certification by counsel (and shall, upon request, provide a copy to the filing party).  These documents shall remain sealed until otherwise ordered by the Court, although a party to a criminal case lawfully possessing a sealed document relevant to that criminal case may disclose it to any opposing parties under the law and rules applicable to criminal discovery without further order of the Court.

SO ORDERED this 3rd day of October 2022.

JUDGE ROBERT C.I. MCBURNEY
SUPERIOR COURT OF FULTON COUNTY
ATLANTA JUDICIAL CIRCUIT