# EXHIBIT B-126



FILED IN OFFICE
DEC 05 2022
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE FULTON COUNTY SUPERIOR COURT
STATE OF GEORGIA

IN RE SUBPOENAS FROM MAY 2022 ) Case No. 2022-EX-000024
SPECIAL PURPOSE GRAND JURY )

**SUBPOENAS ISSUED TO:** Presidential Nominee Electors Mark Amick, Joseph Brannan, Brad Carver, Vikki Consiglio, John Downey, Carolyn Fish, Kay Godwin, Cathy Latham, David Shafer, Shawn Still, CB Yadav

## MOTION FOR CERTIFICATE OF IMMEDIATE REVIEW

NOW COME the above-referenced subpoena recipients ("elector nominees" or "nominee electors"), pursuant to O.C.G.A. § 5-6-34(b),[1] and move for a Certificate of Immediate Review of the November 30, 2022 Order on Motion to Disqualify (the "Order") holding that undersigned counsel cannot continue to represent both David Shafer and the other ten elector nominees referenced herein to the conclusion of the Special Purpose Grand Jury ("SPGJ"). For the reasons set forth in the elector nominees' Opposition to Motion to Disqualify, they disagree with the Order's determination that Mr. Shafer cannot remain in the joint representation and request that this Court provide a Certificate of Immediate Review, showing this Court as follows:

---

[1] Typically, an order such as the one at issue here disqualifying counsel from continuing to represent one or more individuals is an interlocutory order, the appeal of which must follow the procedures in O.C.G.A. § 5-6-34(b). *See, e.g., Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404–05 (1987). This disqualification order, however, arises in the unique context of representation before a special purpose grand jury. Unlike a regular grand jury, a special purpose grand jury has no authority to indict or decline to indict, and, unlike a regular grand jury, once a special purpose grand jury has issued its report and been dissolved by the Fulton County Superior Court, there are no further proceedings or judgments that would seemingly permit review or appeal of the decision to disqualify counsel from continued representation of the affected. Under these unique circumstances, a disqualification order may be directly appealable under O.C.G.A. § 5-6-34(a) as a final judgment, as the functional equivalent of an interlocutory or permanent injunction, or under the collateral order doctrine. *See, e.g., WXIA-TV v. State*, 303 Ga. 428, 432 (2018). Because no Georgia statute or case addresses these specific issues directly in the context of a special purpose grand jury, the nominee electors are following the procedure for interlocutory appeals in O.C.G.A. 5-6-34(b) without prejudice to their rights to seek direct appeal as well.

1

1. The right to counsel is "an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution." *Bernocchi v. Forcucci*, 279 Ga. 460, 462 (2) (2005).

2. Disqualification "has an *immediate adverse effect* on the client by separating him [or her] from counsel of his [or her] choice." *Id.* at 462 (2) (emphasis added).

3. When chosen counsel is disqualified, it works a "unique hardship" on the client whose lawyer has been disqualified though the loss of time and money in finding new counsel and "the benefit of its counsel's specialized knowledge of [the client's circumstances]." *Lewis v. State*, 312 Ga. App. 275, 282 (Ga. App. 2011) (citations omitted).

4. This immediate hardship is exacerbated in the context of this case and the SPGJ. Unlike a normal disqualification in the context of a civil or criminal case that can be reviewed at the conclusion of that trial, the SPGJ terminates in a report that ostensibly cannot be appealed.[2] Because of this unique nature of the SPGJ, if the Order is not permitted immediate appellate review, it could be effectively unreviewable permanently.

5. Additionally, this Court has held that this SPGJ is a criminal, not civil, grand jury. Individuals have a federal (and presumably state) constitutional right pursuant to the Fifth Amendment (and its state constitutional equivalent) to be represented by counsel in criminal grand jury processes. *See, e.g., United States v. Mandujano*, 425 U.S. 564, 581 n.6 (1976) (clarifying right to counsel at grand jury stage is rooted in the Fifth,

---

[2] Even if the SPGJ report can be challenged, there is no established or express procedure or mechanism to challenge the trial court's rulings such as the Order at issue here in such a context once the SPGJ has concluded its work and been dissolved.

not Sixth, Amendment); *United States v. Ramsey*, 785 F.2d 184, 193 (7th Cir. 1986) ("The right of a witness to counsel before a grand jury must be based on the fifth rather than the sixth amendment. It is 'a right under the due process clause to be free of unjustified interference by the government in a private arrangement between client and lawyer.'") (quoting *In re Schmidt*, 775 F.2d 822, 824 (7th Cir.1985)).

6. "[T]he consequences of an erroneous deprivation of the right to select counsel of choice in criminal prosecutions are severe. *Such an erroneous deprivation is a structural error*, one that affects 'the framework in which the trial proceeds,' and *it requires an appellate court to reverse any conviction that follows without any inquiry into harm or prejudice.*" *Lewis*, 312 Ga. App. at 283 (citations omitted) (emphasis added)

7. Counsel for the nominee electors' research has identified no Georgia case disqualifying counsel from joint representation of clients at the grand jury or pre-indictment stage, nor any case in which the Georgia appellate courts have addressed whether an erroneous deprivation of the right to counsel of choice in the context of a special purpose grand jury is also a structural error as described in *Lewis*.

## Conclusion

For the reasons set forth herein, the issues presented are compelling and immediate interests. The eleven nominee electors respectfully request a Certificate of Immediate Review of the November 30, 2022 Order on Motion to Disqualify.

Respectfully submitted this the 5th day of December, 2022.

| | |
|---|---|
| /s/ Holly A. Pierson | /s/ Kimberly Bourroughs Debrow |
| Holly A. Pierson | Kimberly Bourroughs Debrow |
| Georgia Bar No. 579655 | Georgia Bar No. 231480 |
| PIERSON LAW LLC | STRICKLAND DEBROW LLP |
| 2951 Piedmont Road NE | 246 Bullsboro Drive, Suite A |
| Suite 200 | Newnan, GA 30263 |
| Atlanta, GA 30305 | kbdebrow@stricklanddebrow.com |
| hpierson@piersonlawllc.com | 470-683-4402 |
| 404-353-2316 | |

*Counsel for Nominee Electors*

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing ***Motion for a Certificate of Immediate Review*** with the Clerk of Court of the Fulton County Superior Court and that a date-stamped copy will be hand-delivered to the Fulton County District Attorney's Office today.

Respectfully submitted this the 5th day of December, 2022.

_____
Holly A. Pierson
Georgia Bar No. 579655