# EXHIBIT B-148


FILED IN OFFICE
APR 18 2023
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**IN THE SUPERIOR COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

IN RE: )
) 2022-EX-000024
SPECIAL PURPOSE GRAND JURY )
) Judge Robert C. I. McBurney
)
)
)

### MOTION TO DISQUALIFY ATTORNEY KIMBERLY BOURROUGHS DEBROW IN HER SIMULTANEOUS REPRESENTATION OF MULTIPLE PARTIES IN THIS MATTER AND TO PROHIBIT HER FROM ANY FURTHER PARTICIPATION IN THIS MATTER PURSUANT TO GEORGIA RULES OF PROFESSIONAL CONDUCT RULES 1.6, 1.7, AND 1.9 AND OTHER RELEVANT LAW

**COMES NOW** District Attorney Fani T. Willis, Atlanta Judicial Circuit, and moves this Court to disqualify Kimberly Bourroughs Debrow in her simultaneous representation of multiple parties in this matter and prohibit her from any further participation in this matter pursuant to Georgia Rules of Professional Conduct Rules 1.6, 1.7, and 1.9 and other relevant law. The status quo that existed whereby Ms. Debrow represents 10 of the electors has changed, and problems have arisen whereby such representation is now untenable.

**I.      INTRODUCTION**

The Georgia Rules of Professional Conduct plainly state that "a lawyer shall not represent or continue to represent client if there is significant risk that the lawyer's own interests or the lawyer's duties to another client, former client, or third person will materially and adversely affect the representation of the client," subject to limited exceptions requiring written informed consent of the client. GA. R. & REGS. ST. BAR 1.7(a). Client consent is not permissible if the representation "includes the assertion of claim by one client against another client represented by the lawyer in the same or substantially related proceeding" or if the representation

"involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients." GA. R. & REGS. ST. BAR 1.7(c). "In a criminal case, inquiry by the court is generally *required* when a lawyer represents multiple defendants." GA. R. & REGS. ST. BAR 1.7, Comment 15 (emphasis added). "Where the conflict is such as clearly to call into question the fair or efficient administration of justice, opposing counsel may properly raise the question." *Id.* "The prosecutor has the responsibility of minister of justice and not simply that of an advocate. This responsibility carries with it Specific obligations to see that the defendant [or, in this case, the target of an investigation] is accorded procedural justice." GA. R. & REGS. ST. BAR 3.8, Comment 1. "In light of the prosecutor' public responsibilities, broad authority and discretion, the prosecutor has a heightened duty of candor to the courts and in fulfilling other professional obligations." ABA STAND. CRIM. JUST. REL. PROS. FUNCT. 3-1.4(a).

Accordingly, as set forth below, and in conformity with the Georgia Rules of Professional Conduct and relevant guidance related to the ethical duties and obligations of prosecutors under applicable rules, statutes, and both the United States Constitution and the Georgia Constitution, the District Attorney is compelled to move the Court to disqualify attorney Kimberly Bourroughs Debrow in her simultaneous representation of her clients in this matter and to prohibit her from any further participation in this matter. The District Attorney is so compelled not only because it is paramount that the District Attorney, as minister of justice, must guarantee that the constitutional and statutory rights of all persons are preserved at every stage of a criminal proceeding, but also because the District Attorney's failure to do so would be fundamentally at odds with every lawyer's duties as "a representative of clients, an officer of the legal system, and a citizen having special responsibility for the quality of justice." GA. R. & REGS. ST. BAR, PMBL.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2022, Fulton County Superior Court Chief Judge Christopher S. Brasher issued an order authorizing the impaneling of a special purpose grand jury to investigate the facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia. This order was issued pursuant to lawful request by the District Attorney.

During the course of her investigation, the District Attorney learned that attorneys Holly A. Pierson and Kimberly Bourroughs Debrow had been retained to simultaneously represent 11 relevant clients, including Mark Amick, Joseph Brannan, Brad Carver, Vikki Townsend Consiglio, John Downey, Carolyn Hall Fisher, Gloria Kay Godwin, Cathleen Alston Latham, David Shafer, Shawn Still, and C.B. Yadav, each of whom had signed their names to the false certificate of vote purporting to be the duly elected and qualified presidential electors for the State of Georgia at the meeting on December 14, 2020.

In July, 2022, this Court directed the Fulton County District Attorney's Office election investigation team to have conversations with Ms. Pierson and Ms. Debrow about immunity for their clients. The investigation team complied with this request; however, during the conversation with the Court regarding immunity, the Court did not place a requirement ordering the election investigation team to specify which electors could potentially receive immunity from prosecution. Rather, the Court instructed Ms. Pierson and Ms. Debrow to broach the conversation with all their clients, thereby extending the idea of a blanket offer of immunity, in efforts to gauge each individual electors' interest. On August 5, 2022, Ms. Pierson reported to the Court that she and Ms. Debrow had spoken to their clients about potential offers of immunity from prosecution and that none of their clients were interested.

On October 3, 2022, the District Attorney filed a Motion to Disqualify Attorneys Holly A. Pierson and Kimberly Bourroughs Debrow in their Simultaneous Representation of the above-referenced 11 persons. On November 30, 2022, this Court ruled that Attorneys Pierson and Debrow could "represent David Shafer or the other ten alternate electors – but not both." Later, Ms. Debrow proposed for her to continue representing the "other ten alternate electors" and for Ms. Pierson to separately represent David Shafer. This Court allowed this arrangement to proceed and stated in an e-mail to all parties, "The disqualification was never premised on the identity of the lawyers but rather the impracticability and ethical mess of simultaneously representing eleven clients who, despite their lawyers' protestations to the contrary, were differently situated. . . .[S]hould problems arise to which good faith legal objections can be made, please let me know and I will address them."

The issue of representation of the current status quo of Ms. Debrow representing 10 of the electors has reached an "impracticable and ethical mess," as events in the past week have shown. On April 12, 2023 and April 14, 2023, members of the Fulton County District Attorney's Office interviewed certain of the electors represented by Ms. Debrow, with Ms. Debrow in attendance. During these interviews, some of the electors stated that another elector represented by Ms. Debrow committed acts that are violations of Georgia law and that they were not party to these additional acts.

Additionally, in these interviews, some of the electors represented by Ms. Debrow told members of the investigation team that no potential offer of immunity was ever brought to them in 2022, which is in direct conflict with Ms. Debrow's co-counsel Ms. Pierson's representation to this Court in August, 2022.

### III.    LEGAL ANALYSIS

**A. Debrow's simultaneous representation of her 10 clients is rife with serious ethical problems, and these actual conflicts of interest and serious potential for future conflicts violate Rule 1.7 of the Georgia Rules of Professional Conduct.**

Rule 1.7 of the Georgia Rules of Professional Conduct prohibits a lawyer from representing or continuing to represent a client "if there is significant risk that the lawyer's own interests or the lawyer's duties to another client, former client, or third person will materially and adversely affect the representation of the client," except as permitted in limited circumstances requiring written informed consent of the client. GA. R. & REGS. ST. BAR 1.7(a). Client consent is not permissible if the representation "includes the assertion of claim by one client against another client represented by the lawyer in the same or substantially related proceeding" or if the representation "involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients." GA. R. & REGS. ST. BAR 1.7(c). The potential for conflict of interest in representing multiple parties in criminal matter "is so grave that ordinarily a lawyer should decline to represent" more than one party in such circumstance. GA. R. & REGS. ST. BAR 1.7, Comment 7.

In *Heidt v. State*, the Georgia Supreme Court upheld trial court's disqualification of counsel when Heidt hired attorney Manubir Arora to assist in his defense while Arora simultaneously represented Heidt's sister-in-law Robin, who had been arrested and charged with intimidating a witness in the case against Heidt, despite the fact that Heidt and Robin had consented to simultaneous representation. 292 Ga. 343 (2013). Notably, the prosecutor intended to call Robin as witness at Heidt's trial. *Id.* at 347. The Court held that while "Heidt and Robin may not have foreseen any conflict between their interests at the time that they consented to the dual representation, we know that their interests ultimately were not aligned, inasmuch as Robin ended up testifying against Heidt, and the criminal charges against her were dismissed." *Id.* The

trial court disqualified Arora, and the Court affirmed the disqualification because "the prospects of Arora advising Robin about any deal that might be proposed by the State to secure her testimony against Heidt or cross-examining her on behalf of Heidt were rife with serious ethical problems." *Id*. The trial court further ruled that "Arora's representation of Robin would materially and adversely affect his representation of Heidt" in violation of Rule 1.7(c)(3), and the Georgia Supreme Court agreed. *Id*. Moreover, the Court recognized that in cases where constitutional right to choice of counsel exists – and the District Attorney maintains that no such constitutional right exists in the present case – "the presumption in favor of an accused's choice of counsel may be overcome not only by demonstration of an actual conflict of interest but by showing of *serious potential for conflict*." *Id*. at 346 (internal citations omitted) (emphasis added).

This situation clearly "includes the assertion of a claim by one client against another client represented by the lawyer in the same or a substantially related proceeding" and clearly involves "circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients." Multiple of Ms. Debrow's clients have made adverse claims against another of Ms. Debrow's clients in this *same proceeding*. It is unfathomable how Ms. Debrow can offer competent and adequate counsel to her client who has been accused of further crimes; any claim of all 10 of her clients being similarly situated has gone out the window and any additional consent by her clients as to joint representation cannot cure these ethical issues and conflicts of interest.

**B. Debrow's simultaneous representation of her 10 clients poses a serious risk to the fundamental principle of confidentiality of information relating to the representation, and, if disqualified, she should be prevented from any further participation in this matter in order to maintain the duty of confidentiality.**

Rule 1.6 of the Georgia Rules of Professional Conduct provides that a lawyer "shall maintain in confidence all information gained in the professional relationship with client, including information which the client has requested to be held inviolate or the disclosure of which would be embarrassing or would likely be detrimental to the client, unless the client gives informed consent." GA. R. & REGS. ST. BAR 1.6(a). "The duty of confidentiality shall continue after the client-lawyer relationship has terminated." GA. R. & REGS. ST. BAR 1.6(c). In order to protect the ongoing duty of confidentiality arising from former attorney—client relationship, Rule 1.9 provides that a "lawyer who has formerly a represented client in a matter shall not thereafter use information relating to the representation to the disadvantage of the former client ... [or] reveal information relating to the representation." GA. R. & REGS. ST. BAR 1.9(c).

In Edwards v. State, the Court of Appeals of Georgia upheld the trial court's sua sponte disqualification of the defendant's counsel after a jury was impaneled and sworn to try that defendant on charges of rape and child molestation. 336 Ga. App. 595 (2016). Prior to the presentation of any evidence, the defendant's counsel and the prosecutor brought to the attention of the trial court that the defendant's counsel had previously represented the victim's mother in unrelated proceedings and, through that representation, had learned confidential information that could be used to impeach her if she were to testify at the trial of Edwards. *Id.* at 595. Nothing in the record showed that the victim's mother had waived the conflict or consented to the disclosure or use of the confidential information. *Id.* at 596. The Court of Appeals noted that, in that case, the conflict could have been waived if both the current and former clients had consulted with their attorney, had received in writing reasonable and adequate information about the material

risks and reasonable available alternatives to the representation, and an opportunity to consult with independent counsel. *Id.* at 599. But in that case, the conflict only dealt with the potential use of information to the disadvantage of only a single former client.

In this case, the body of information – including potentially incriminating information and information that could be used for impeachment or otherwise to the disadvantage of former client – gained by Debrow concerning each of her 10 clients in the course of her simultaneous representation is undoubtedly vast. The serious potential that any of that information might be used to the disadvantage of a former client, should Debrow be allowed to continue in her representation of even just one of the 10, must be a matter of grave concern for the Court. The District Attorney's Office understands that Ms. Debrow's 10 clients have signed an "Informed Consent to Continued Joint Representation" in which they have waived the conflicts inherent in joint representation. This waiver may have sufficed before the recent interviews with some of the electors, but the situation has changed. Obtaining additional informed consent in accordance with the provisions of Rule 1.7(b) for up to as many as nine former clients, solely for the sake of continued representation of just one of them, would be an enormously complicated undertaking with the potential for ethical problems at multiple stages and little opportunity for meaningful remedy for the affected former clients should an ethical violation occur. And the events of the past week show that such a waiver *cannot* and *will not* work in this case.

Accordingly, in order to avoid potential violations of Rules 1.6, 1.7, and 1.9 of the Georgia Rules of Professional Conduct, the only appropriate course of action by the Court is a prophylactic one: prohibiting Debrow from any further participation in this matter. The statement of some of her clients that directly implicate another client in additional crimes shows that Ms.

Debrow's continued participation in this matter is fraught with conflicts of interest that rise to the level of her being disqualified from this case in its entirety.

### IV.  CONCLUSION

As set forth above, the Georgia Rules of Professional Conduct plainly state that a lawyer has a conflict of interest "if there is significant risk that the lawyer's own interests or the lawyer's duties to another client, former client, or third person will materially and adversely affect the representation of the client." GA. R. & REGS. ST. BAR 1.7(a). Such conflict cannot be waived if representation "includes the assertion of claim by one client against another client represented by the lawyer in the same or substantially related proceeding" or if the representation "involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients." GA. R. & REGS. ST. BAR 1.7(c).

Further, a lawyer must generally maintain in confidence all information gained as result of the attorney-client relationship, even after that relationship has terminated. GA. R. & REGS. ST. BAR 1.6(c). In order to protect the ongoing duty of confidentiality arising from former attorney-client relationship, a "lawyer who has formerly represented a client in a matter ... shall not thereafter use information relating to the representation to the disadvantage of the former client ... [or] reveal information relating to the representation." GA. R. & REGS. ST. BAR 1.9(c).

Should Debrow be allowed to continue in her representation of even just one of the 10 electors, there is a serious possibility of future ethical problems concerning confidentiality of information obtained in the course of her representation thus far. Moreover, if continued participation in this matter in any way were allowed, there would be little opportunity for meaningful remedy for the affected former clients should an ethical violation occur.

Accordingly, the appropriate remedy under Rules 1.6, 1.7, and 1.9 of the Georgia Rules of Professional Conduct and other relevant law is disqualification of attorney Kimberly Bourroughs Debrow in her simultaneous representation of her 10 clients in this matter and the prohibition of any further participation by Debrow in this matter.

**WHEREFORE**, based on the foregoing facts and law, the District Attorney respectfully requests that this Court disqualify attorneys Kimberly Bourroughs Debrow in her simultaneous representation of her clients in this matter and prohibit her from any further participation in this matter pursuant to Georgia Rules of Professional Conduct Rules 1.6, 1.7, and 1.9 and other relevant law.

Respectfully submitted this the 18th day of April, 2023,

**FANI T. WILLIS**
DISTRICT ATTORNEY
Atlanta Judicial Circuit
Ga. Bar. No. 223955
136 Pryor Street Southwest
Third Floor
Atlanta, Georgia 30303

**Nathan Wade**
Special Prosecutor
Atlanta Judicial Circuit
Ga. Bar. No. 390947
136 Pryor Street Southwest
Third Floor
Atlanta, Georgia 30303

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Disqualify will be served upon Kimberly Bourroughs Debrow via electronic mail, this the 18th day of April, 2023,

                              **FANI T. WILLIS**
                              **DISTRICT ATTORNEY**
                              Atlanta Judicial Circuit
                              Ga. Bar. No. 223955
                              136 Pryor Street Southwest
                              Third Floor
                              Atlanta, Georgia 30303

                              */s/*
                              **Nathan Wade**
                              Special Prosecutor
                              Atlanta Judicial Circuit
                              Ga. Bar. No. 390947
                              136 Pryor Street Southwest
                              Third Floor
                              Atlanta, Georgia 30303