# EXHIBIT B-151

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

IN RE: SPECIAL PURPOSE GRAND ) Case No.: 2022-EX-000024
JURY )
) Hearing Requested
)

**MOTION JOINING THE TRUMP MOTION TO QUASH, TO ENJOIN THE PRODUCTION OR USE OF THE SPECIAL PURPOSE GRAND JURY REPORT AND ANY EVIDENCE DERIVED FROM THE SPECIAL PURPOSE GRAND JURY, AND TO DISQUALIFY THE FULTON COUNTY DISTRICT ATTORNEY'S OFFICE**

NOW COMES Cathleen A. Latham ("Mrs. Latham"), by and through undersigned counsel, and files this Motion Joining the Trump Motion to Quash, to Enjoin the Production or Use of the Special Purpose Grand Jury ("SPGJ") Report, and the Use of Any Evidence Derived From The Special Purpose Grand Jury, and to Disqualify the Fulton County District Attorney's Office ("Motion") in the above-referenced matter. Specifically, the Motion adopts and joins the Motion to Quash the Special Purpose Grand Jury Report, to Preclude the Use of Any Evidence Derived Therefrom, and to Recuse Fulton County District Attorney's Office filed by Donald J. Trump on March 20, 2023 (the "Trump Motion"). Both motions seek to enjoin the publication or use of the SPGJ Report and to preclude any State prosecuting agency from presenting or utilizing any evidence or testimony derived by the SPGJ in the above-referenced matter. Additionally, both motions request that the Fulton County District Attorney's Office be disqualified and enjoined from any further involvement in this matter for the reasons set forth therein. This Motion is based on the Fifth,

Sixth, and Fourteenth Amendments to the United States Constitution and Ga. Const. Art. I, § I, Paras. I and XVI, and all other applicable federal and state laws.

### INCORPORATION BY REFERNCE

Mrs. Latham hereby adopts and joins in the "Motion to Quash the Special Purpose Grand Jury Report, to Preclude the Use of Any Evidence Derived Therefrom, and to Recuse Fulton County District Attorney's Office," filed by counsel for Donald J. Trump on March 20, 2023, which is incorporated herein by reference in its entirety, with additional claims for injunctive relief as set forth herein.

### STANDING

Mrs. Latham, a retired schoolteacher, is one of sixteen (16) duly selected Georgia Republican Party presidential electors in 2020 whose actions have been a subject of the SPGJ. The Fulton County District Attorney has indicated in writing that Mrs. Latham is a "target" of the SPGJ. Mrs. Latham, therefore, has standing to bring this Motion. *See, e.g., Bo Fancy Prods. v. Rabun Cty. Rd. Comm'rs*, 267 Ga 341, 344 (1996).

### INJUNCTIVE RELIEF

In addition to the relief sought in the Trump Motion, Mrs. Latham also seeks injunctive relief (1) prohibiting the Fulton County District Attorney's Office (or any other prosecuting arm of the State) from publishing or using the SPGJ report or any evidence presented to the SPGJ in any future grand jury or legal proceeding, and (2) enjoining the Fulton County District Attorney's Office from any further participation in this investigation or any subsequent indictments or prosecutions relating to the

same because of her ongoing, actual disqualifying conflict of interest previously found by this Court and as further established in the Trump Motion.

"Generally, a writ of injunction may be used to enjoin illegal conduct for which no adequate remedy is provided at law." *W. Sky Fin., LLC v. State ex rel. Olens*, 300 Ga. 340, 350 (2016). A prospective or ongoing violation of a constitutional right constitutes irreparable injury for purposes of injunctive relief. *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013) (citations omitted).[1]

The actions described warrant the Fulton County District Attorney's Office being precluded from presenting any evidence or testimony obtained by means of the SPGJ to a regular Grand Jury. The guarantee of the Fifth Amendment to the United States Constitution that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury…," U.S. Const. Amend. V, "*presupposes an investigative body 'acting independently of either prosecuting attorney* or judge…,'" *United States v. Williams*, 504 U.S. 36, 49, 112 S. Ct. 1735 (1992) (emphasis added) (quoting *United States v. Dionisio*, 410 U.S. 1, 17-18, 93 S. Ct. 764 (1973); quoting *Stirone v. United States*, 361 U.S. 212, 218, 80 S. Ct. 270 (1960)). A grand jury is "'free to pursue its investigations unhindered by external influence or supervision so long as it does not trench upon the legitimate rights of any witness called before it.'" *Id.*, at 48-49 (quoting *Dionisio*, at 17-18).

---

[1] Because the injury from the District Attorney's Office operating under the ongoing conflict of interest and the taint of the grand jury and the potential jury pool from that and from the disclosure or use of the SPGJ's report and evidence could never be adequately quantified or undone in the absence of the injunctions requested, Mrs. Latham has no adequate remedy at law. *See, e.g., Young v. United States ex rel. Vuitton Et Fils S.A.*, 481 U.S. 787 (1987) (recognizing that an actual conflict of interest is a conflict that permeates the entire proceeding).

3

> "Historically, (the grand jury) has been regarded as a primary security to the innocent against hasty, malicious and oppressive persecution; it serves the invaluable function in our society of standing between the accuser and the accused... to determine whether a charge is founded upon reason or was dictated by an intimidating power or by malice and personal ill will."

*Branzburg v. Hayes*, 408 U.S. 665 n. 23, 687, 92 S. Ct. 2646 (1972) (quoting *Wood v. Georgia*, 370 U.S. 375, 390, 82 S. Ct. 1364 (1962)). The actions of the Fulton County District Attorney's Office as set forth in the Trump Motion have violated Mrs. Latham's constitutional rights, have tainted the evidence allegedly gathered by the SPGJ, and have intruded upon the traditional independence and safeguards of the institution of the grand jury itself.

In view of the abuses of and surrounding the Special Purpose Grand Jury by the Fulton County District Attorney's Office and the Fulton County District Attorney's ongoing disqualifying conflict of interest in this matter as found by this Court and as further established in the Trump Motion as adopted herein, Mrs. Latham respectfully requests that the publication of the SPGJ Report be permanently enjoined and that the District Attorney's Office be enjoined from presenting any evidence derived from the SPGJ to a regular Grand Jury. Mrs. Latham further requests that the Fulton County District Attorney's Office be enjoined from any further participation or involvement in this investigation and any subsequent prosecutions in this matter because of the actual disqualifying conflict already found by this Court and for the additional and ongoing conflicts set forth in the Trump Motion. Any such presentation or involvement would necessarily involve evidence obtained in violation of Mrs. Latham's state and federal

4

constitutional rights, including her Fifth and Sixth Amendment rights and their state equivalents.

Based on the foregoing constitutional infirmities Mrs. Latham is entitled to permanent injunctive relief under Georgia law as follows:

(1) The SPGJ actions be quashed in their entirety and any and every state entity be enjoined from presenting or utilizing any evidence or testimony derived by the SPGJ; and

(2) The Fulton County District Attorney's Office be disqualified from any further involvement in this SPGJ proceeding or any other investigation or prosecution relating to this matter.

WHEREFORE, Cathleen A. Latham respectfully pray the Court as follows:

1. The report of the SPGJ is quashed and expunged from the record;

2. All evidence derived from the SPGJ is suppressed as unconstitutionally derived and any prosecuting body be prevented from its use;

3. The Fulton County District Attorney's Office be disqualified from any further investigation and/or prosecution of this matter or any related matter;;

4. For permanent injunctive relief as follows:

    a. The SPGJ actions be quashed in their entirety and any and every state entity be enjoined from presenting or utilizing any evidence or testimony derived by the SPGJ; and

      b.      The Fulton County District Attorney's Office be disqualified and enjoined from any further involvement in any investigation or prosecution of this matter; and

5.      Mrs. Latham further respectfully requests that this Motion be heard by the Chief Judge (or other duly assigned judge separate from the Supervising Judge), and that she be granted a hearing on the merits of this Motion.

Respectfully submitted this the 28th day of April, 2023.

**SHANAHAN LAW GROUP, PLLC**

By: *[signature: Kieran J. Shanahan]*

Kieran J. Shanahan, GASB# 637574
128 E. Hargett Street, Suite 300
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
kieran@shanahanlawgroup.com
*Counsel for Cathleen A. Latham*

6

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

IN RE: SPECIAL PURPOSE GRAND )  Case No.: 2022-EX-000024
JURY )
)
)

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby confirms that on April 28, 2023 it served the above and foregoing Motion Joining the Trump Motion to Quash, to Enjoin the Production or use of the Special Purpose Grand Jury Report, and Any Evidence Derived From the Special Purpose Grand Jury, and to Disqualify the Fulton County District Attorney's Office via email and United States Mail, First Class, postage prepaid to:

District Attorney Fani Willis
Fulton County Justice Center
Office of the District Attorney
136 Pryor St. SW, Third Floor
Atlanta, GA 30303
fani.willisda@fultoncountyga.gov

Drew Findling
Findling Law Firm
3575 Piedmont Road NE, Suite 1010
Atlanta, GA 30305
drew@thefindlinglawfirm.com

SHANAHAN LAW GROUP, PLLC

By: /s/ Kieran J. Shanahan
Kieran J. Shanahan, GASB# 637574
128 E. Hargett Street, Suite 300
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
kieran@shanahanlawgroup.com
*Counsel for Cathleen A. Latham*

7