# EXHIBIT B-174

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE

AUG 1 6 2023

CHÉ ALEXANDER
Clerk of Superior Court
Fulton County, Georgia

IN RE 2 MAY 2022 SPECIAL PURPOSE ) No. 2022-EX-000024
GRAND JURY )
)
)

## MEDIA INTERVENORS' MOTION FOR
## RELEASE OF SPECIAL PURPOSE GRAND JURY FINAL REPORT

The Atlanta Journal-Constitution; The Associated Press; Bloomberg L.P.; Cable News Network, Inc.; CBS Broadcasting Inc., on behalf of CBS News; CMG Media Corporation and its television station WSB-TV; Dow Jones & Company, publisher of The Wall Street Journal; The E.W. Scripps Company on behalf of Scripps News and its local media station group; Gray Media Group, Inc. and its television station WANF; The New York Times Company; Tegna Inc. and its television station WXIA-TV; and WP Company LLC d/b/a The Washington Post (collectively, "Media Intervenors") respectfully move this Court to publish in full the final report of the special purpose grand jury ("Final Report").

On May 2, 2022, this Court empaneled a special purpose grand jury to investigate whether, and to what extent, President Donald J. Trump and others attempted to interfere with or influence the 2020 presidential election in Georgia. Upon the conclusion of the investigation, the special purpose grand jury submitted its Final Report to the Court and recommended that it be published. After conducting a hearing, the Court, in a February 13, 2023 Order, held that while certain portions of the Final Report were ripe for publication at that time, much of the Final Report needed to remain confined to "the District Attorney's eyes only – for now." February 13, 2023 Order at 5. The Court found that the due process rights of those named in the Final Report were jeopardized because Georgia's grand jury process had not yet afforded them a "statutory mechanism to respond to the charges against them." *Id.* at 6 (quoting *In re Present of Lowndes*

*Cnty. Grand Jury, March Term 1982*, 166 Ga. App. 258, 258 (1983)). In its subsequent July 31, 2023 Order, the Court emphasized that as the grand jury process progressed, "[t]he Court will, as promised, revisit the question of releasing the remainder of the Final Report." July 31, 2023 Order at 6.

Media Intervenors submit the time to revisit the question is now. The Fulton County regular grand jury has issued a 41-count indictment against 19 individuals. *See State of Georgia v. Donald J. Trump et al.*, Case No. 23SC188947. Our criminal justice system will provide the defendants the full array of due process rights to defend themselves against the allegations, evidence, and charges lodged against them. The Final Report should now be published.

## ARGUMENT

As this Court found, where, as here, a grand jury recommends publication of its final report, it is generally the duty of the Court to "order the publication as recommended." February 13, 2023 Order at 3-4 (citing O.C.G.A. § 15-12-80). The Court acknowledged that its primary "screening function" is to assess the report for *ultra vires* inclusions, i.e., areas where the special purpose grand jury included investigative information that exceeded its authority. *Id.*, citing *In re July-August 2003 DeKalb Cnty. Grand Jury*, 265 Ga. App. 870, 871 (2004). The Court concluded that the Final Report contained no such *ultra vires* inclusions warranting expungement. February 13, 2023 Order at 4 ("Having reviewed the final report, the undersigned concludes that the special purpose grand jury did not exceed the scope of its prescribed mission.").

However, the Court did not release the Final Report in full in February, explaining "as with many things in the law, it is not that simple." *Id.* The Court held that withholding the release of the majority of the Final Report was warranted at that time because of the "limited due

process" afforded by the special purpose grand jury procedures to individuals named in the Final Report. *Id.* at 5. The Court explained that Georgia's appellate courts had recognized due process concerns arising from the publication of charges against identifiable individuals in circumstances where *no indictment was returned. Id.*, citing *Thompson v. Macon-Bibb Cnty. Hosp. Auth.*, 246 Ga. 777 (1980); *Kelley v. Tanksley*, 105 Ga. App. 65, 66 (1961). *See generally Kelley*, 105 Ga. App. at 66 (1961) (emphasizing "[t]he report of the grand jury sought to be expunged from the records in the instant case was not a special presentment or true bill of indictment charging any individual with the violation of the penal laws of this State" but was "in the nature of a general presentment or recommendation in which the grand jury took note of an unsolved theft involving county funds").

Because an indictment has now issued against a broad array of individuals, the due process concerns relied on by the Court in its February Order are resolved. Those indicted Defendants now have a clear "mechanism by which to respond" to the allegations, evidence, and charges against them as their criminal cases proceed. February 13, 2023 Order at 6, quoting *In re Presentments of Lowndes Cnty. Grand Jury, March Term* 1983, 166 Ga. App. 258, 258 (1983); *see also id.* (explaining expungement is appropriate with respect to identifiable individuals or institutions when "no indictment is returned").

Because Defendants will now be afforded a mechanism in which to exercise their due process rights, the Court should order the "publication" of the Final Report in its entirety. For the same reasons the Indictment is a public record, the Final Report should be published to permit the public to understand the scope and scale of the investigation that informed the Indictment's charges.

3

## **CONCLUSION**

For these reasons, Media Intervenors respectfully request that the Final Report be published in its entirety.

Dated this the 16th day of August, 2023

Respectfully submitted,

FOR: KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ Thomas M. Clyde*

Thomas M. Clyde
  Georgia State Bar No.: 170955
  tclyde@kilpatricktownsend.com
Lesli N. Gaither
  Georgia State Bar No.: 621501
  lgaither@kilpatricktownsend.com
Suite 2800, 1100 Peachtree Street, N.E.
Atlanta, Georgia 30309
Phone: (404) 815-6500

Attorneys for Intervenors

4

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served a true and correct copy of the above via Electronic and United States Mail upon:

Fani T. Willis
Will Wooten
F. McDonald Wakeford
District Attorney's Office
136 Pryor Street SW, 3rd Floor
Atlanta, Georgia 30303
Fani.willisda@fultoncountyga.gov
Will.wooten@fultoncountyga.gov
Fmcdonald.wakeford@fultoncountyga.gov

Drew Findling
Marissa Goldberg
Findling Law Firm
3575 Piedmont Rd NE, Suite 1010
Atlanta, Georgia 30305
drew@findlinglawfirm.com
marissa@findlinglawfirm.com

Jennifer L. Little
Jennifer Little Law, LLC
400 Galleria Pkwy SE, Suite 1920
Atlanta, Georgia 30339
jlittle@jllaw.com

Brandon A. Bullard
The Bullard Law Firm, LLC
1827 Powers Ferry Road SE, Bld. 11, Ste. 250
Atlanta Georgia, 30339
brandon@bullardappeals.com

Kieran J. Shanahan
Shanahan Law Group, PLLC
128 E. Hargett Street, Suite 300
Raleigh, North Carolina 27601
kieran@shanahanlawgroup.com

DATED this the 16th day of August, 2023

_____
Thomas M. Clyde