IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEPHAN PSILLOS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF JOHNS CREEK, GEORGIA, (POLICE DEPARTMENT) <br><br> Defendant. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Stephan Psillos ("Plaintiff" or "Psillos"), by and through their undersigned counsel, and files this, their Complaint for Damages, and shows the Court as follows:

### NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant CITY OF JOHNS CREEK, GEORGIA ("Defendant") for violations of his rights under the Equal Pay Act of 1963, 29 U.S.C. § 206 (d) and 29 U.S.C. § 215(a) ("EPA").

### JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district.

4.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Northern District of Georgia, and all of the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

5.

Psillos is a Male citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

At all times relevant, Defendant, the CITY OF JOHNS CREEK, GEORGIA, is a municipal corporation located within the Northern District of Georgia and is an "employer" within the meaning of the Equal Pay Act.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent and/or City Clerk Allison Tarpley, located at 11360 Lakefield Drive, Johns Creek, GA 30097.

8.

Defendant is governed by and subject to the Equal Pay Act, 29 U.S.C. § 206(d) and § 215(a)(3).

9.

Plaintiff is a Male citizen of the United States of America and a resident of the State of Georgia and at all times relevant to the claims brought in this case, Plaintiff was an "employee" of Defendant as defined under the EPA.

## FACTUAL ALLEGATIONS

10.

Psillos began working for Defendant on or about August 16, 2021, as a Police Officer.

11.

Defendant paid Psillos less than his female counterparts for similar or equal work throughout his employment.

12.

On May 2, 2023, Psillos told Human Resources female officer Ellen "Ellie" Jones received between $8,000.00 to $10,000.00 more pay per year and that he felt like he was being discriminated against.

13.

Psillos graduated from the Academy the same month and year as Ellie Jones.

14.

Psillos has more qualifications and experience than Ellie Jones as he has military experience and a bachelor's degree.

15.

Psillos and Jones' job duties are the same as they are both Patrol Officers.

16.

Psillos was told the employees previous employer pay is one of the factors they consider on the pay scale.

17.

Psillos asked Human Resources what they were going to do to fix the pay gap.

18.

Human Resources told Psillos that they would research it and set a follow up meeting.

19.

On or about May 10, 2023, Psillos attended the follow up meeting with Human Resources wherein they told him Jones was hired from another agency where is pay is high and that it was matched.

20.

Human Resources told Psillos they would not be adjusting his pay to correct the pay gap.

21.

After this conversation with Human Rources, Psillos began to be retaliated against.

22.

On July 14, 2023, Psillos sent an email requesting time off.

23.

Normally, requests for time off are first-come, first-serve which is why Psillos put his request in so early.

25.

Lieutenant Matthew Stocks sent an email out to everyone on July 15, 2023, stating he was changing the procedure for requesting time off effectively denying Psillos first place in the first-come, first-serve request and in effect denying Psillos of his requested time off.

26.

On July 20, 2023, Psillos received written notice from Human Resources that it would not change his pay.

27.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is pretext for discrimination and retaliation under the Equal Pay Act.

## CLAIMS FOR RELIEF

## COUNT I:  VIOLATION OF THE EQUAL PAY ACT

28.

Plaintiff re-alleges paragraphs 10-27 as if set forth fully herein.

29.

Defendant willfully paid Psillos lower wages, salary, and benefits than female employees performing equal work.

30.

Psillos received substantially less compensation than female employees with less experience and qualifications than him, because of their sex.

31.

Defendant's actions have deprived Psillos of equal pay for equal work in violation of the EPA.

32.

Psillos is entitled to actual and liquidated damages, attorneys' fees and costs of litigation as a result of the Defendant's violation.

## COUNT II:  RETALIATION FOR ASSERTING CLAIM FOR EQUAL PAY

33.

Plaintiff re-alleges paragraphs 10-27 as if set forth fully herein.

34.

Psillos notified Human Resources of the fact that he was being discriminated against based on his gender as it relates to his pay.

35.

Shortly after Psillos notified Human Reources of the discrimination based on gender as it relates to pay, Defendant changed the policy on leave requests, in effect denying Psillos his requested time off.

36.

The Defendant has not articulated a non-retaliatory reason for changing the policy upon Psillos request for leave.

37.

Psillos is entitled to actual and liquidated damages, attorneys' fees and costs of litigation as a result of the Defendant's violation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) Lost wages (both past and future plus interest);

(b) General damages for mental and emotional suffering caused by Defendant's misconduct;

(c) Liquidated damages in an amount equal to recovery under subparagraph (b) for Defendant's willful violation of the EPA;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which Psillos may be entitled.

                              **BARRETT & FARAHANY**
                              s/ *Kira Fonteneau*
                              Kira Fonteneau
                              Georgia Bar No. GA103355
                              Counsel for Plaintiff

2 20TH Street North, Suite 900
Birmingham, AL 35203
Mailing Address: P.O. Box 530092
Atlanta, Georgia 30353-0092
(404) 214-0120
Email: kira@justiceatwork.com

                              *s/ Patricia A. Gill*
                              Patricia A. Gill[1]
                              ASB-0780-I66P

**BARRETT & FARAHANY**
2 20TH Street North, Suite 900
Birmingham, AL 35203
Phone 205-564-9005
Direct: 205-390-1953
Email: trish@justiceatwork.com

                              *Attorneys for the Plaintiff*

---

[1] Application for Pro Hac Vice will be forthcoming with the court.