IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANNY SIMS,<br><br>    Plaintiff,<br><br>v.<br><br>SE INDEPENDENT DELIVERY SERVICES, INC.,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

COMES NOW Plaintiff, Danny Sims, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against SE Independent Delivery Services, Inc. (hereafter referred to as "SEIDS") and states as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. ("Section 1981").

2. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the

Atlanta Division of the Northern District of Georgia.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

4.      Plaintiff is a citizen of the United States and a resident of Gwinnett County, Georgia.

5.      Defendant is a Foreign Limited Liability Company doing business in the state of Georgia, with a principal office located at 11540 E US Hwy 92, Seffner, FL, 33584.

6.      Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805.

7.      Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

8.      Plaintiff is African American.

9.      Plaintiff was employed by Defendant from November 2017, until his termination on or about December 1, 2020.

10.     During all time periods relevant to this Complaint, Plaintiff held the position of Delivery Manager.

11. During all time periods relevant to this Complaint, Plaintiff received positive performance reviews, in which he was primarily rated "above average" in various performance categories.

12. During all time periods relevant to this Complaint, Plaintiff received annual raises in pay throughout his tenure.

13. During all time periods relevant to this Complaint, Plaintiff had not been advised of any performance issues or purported policy violations prior to his COVID-19 illness.

14. During all time periods relevant to this Complaint, Plaintiff reported directly to Mr. Larry Osmond.

15. Mr. Osmond is Caucasian.

16. On May 4, 2020, Defendant allegedly instituted a "Daily Associate Self-Screening Exercise" based on guidance from the CDC (the "Screening Exercise"), requiring associates to monitor their symptoms and potential exposure to help prevent the spread of COVID-19.

17. The Screening Exercise required that employees confirm their health status by selecting yes or no to whether or not they have: a fever greater than or equal to 99.6 Fahrenheit, cough, muscle aches & pains, difficulty breathing, chills, vomiting, headache, diarrhea, sore throat, or new loss of taste or smell.

18. Plaintiff was not made aware of the Screening Exercise requirements by Defendant at the time of its implementation.

19. Defendant communicated by email to employees that employees would not need to fill out the Screening Exercise sheet, nor did management need to collect the Screening Exercise sheet.

20. In or around late October, 2020 Plaintiff discovered that a coworker, Ms. Felicia Stewart, Delivery Manager, called out believing she was sick due to COVID-19.

21. Ms. Stewart is Caucasian.

22. After this COVID-19 report by Ms. Stewart, Defendant implemented a mask policy requiring that masks be worn when not seated at your work station.

23. On November 9, 2020, Ms. Stewart returned to work after her COVID-19 test came back negative.

24. Following her return to the workplace, Ms. Stewart did not abide by Defendant's mask policy.

25. Around November 10, 2020, Plaintiff's coworker, Ms. Gabby "LNU" (Last Name Unknown) was in the office and told Mr. Osmond that she was not feeling well.

26. Ms. Gabby LNU expressed symptoms of sneezing and coughing..

27. Ms. Gabby LNU was able to leave work and return to work without reprimand.

28. Ms. Gabby LNU is Latino.

29. On November 12, 2020, Ms. Stewart was sneezing, coughing, and expressed that she did not feel well again while working next to Plaintiff.

30. On November 13, 2020, Ms. Stewart called out, again citing COVID-19 symptoms.

31. Ms. Stewart remained out of work until November 28, 2020.

32. On November 17, 2020, Plaintiff attended a team meeting led by Mr. Osmand regarding personnel coverage and attendance.

33. During this team meeting, it was emphasized that working six days a week was now mandatory.

34. Based on Ms. Stewart's absence during the team meeting and the reason for her absence, COVID-19 policies were also reviewed.

35. Following the morning meeting on November 17, 2020, Plaintiff began feeling sick and showing flu-like symptoms such as sweating, sneezing, and coughing.

36. Plaintiff informed Mr. Osmand of his symptoms.

37. Mr. Osmand accused Plaintiff of trying to get out of work.

38. Plaintiff remained on-site and returned to his work space.

39. Because he was not allowed to leave work, Plaintiff warned his coworker, Ms. Amber Bonz, who was pregnant at the time, about his symptoms via text message.

40. Ms. Bonz reported Plaintiff's symptoms to Human Resources.

41. Only after Ms. Bonz's report to Human Resources was Plaintiff sent home.

42. On November 17, 2020, Plaintiff went to get tested for COVID-19 at the Gwinnett County VA Clinic.

43. Plaintiff was informed by Dr. Leena Mane that he tested positive for COVID-19.

44. Dr. Mane instructed Plaintiff to remain quarantined for fourteen (14) days.

45. Dr. Mane provided a note for Plaintiff's medical absences to provide to Defendant.

46. Plaintiff was expected to return to work December 2, 2020, following the completion of his quarantine period.

47. On December 1, 2020, however, Plaintiff was terminated by Mr. James Mullett, Plaintiff's second-line supervisor.

48. Mr. Mullett is Caucasian.

49. As reasoning for his separation, Defendant stated that Plaintiff was

terminated for violating company policy.

50. Defendant added specifically that Plaintiff coming to work with symptoms November 17, 2020, was in contravention of Defendant's policy to "ensure the health and safety of its associates."

51. During all time periods relevant to this complaint, Plaintiff did not violate company policy.

52. During all time periods relevant to this complaint, Plaintiff did not purposefully nor intentionally infect the team members within his office.

53. During all time periods relevant to this complaint, Plaintiff did not purposefully nor intentionally attempt to abandon his job.

54. During all time periods relevant to this complaint, Plaintiff demonstrated good faith regarding reporting his COVID-19 symptoms.

55. During all time periods relevant to this complaint, Plaintiff did not have any history of disciplinary action.

56. Ms. Felicia Stewart reported to the workplace with COVID-19 symptoms on more than one occasion without reprimand.

57. Ms. Stewart and Plaintiff were both Delivery Managers reporting to Mr. Osman.

58. Ms. Gabby LNU reported to the workplace with COVID-19 symptoms on at

least one occasion without reprimand.

59. Ms. Gabby LNU and Plaintiff both reported to Mr. Osman.

60. Plaintiff is aware of other employees of Defendant contracting COVID-19 but being allowed to return to work, including Ms. Jamie Danielson and Mr. Dennis Taylor.

61. Ms. Danielson is Caucasian.

62. Mr. Taylor is Caucasian.

63. Plaintiff, Ms. Danielson, and Mr. Taylor were all employed by Defendant as Delivery Managers and reported to Mr. Osman.

64. No remedial action was taken against non-African American employees of Defendant who came into work with COVID-19 symptoms.

65. Plaintiff was held to disparate terms and conditions of employment than his non-African American peers.

## IV. CLAIMS FOR RELIEF

### COUNT I: SECTION 1981 DISCRIMINATION

66. Plaintiff incorporates by reference all preceding paragraphs of his Complaint as if fully set forth herein.

67. Plaintiff is a member of a protected class by virtue of his race (African American) pursuant to Section 1981. *Para. 8.*

68. Defendant had knowledge of Plaintiff's protected class. *Paras. 8-9.*

69. The termination of Plaintiff by Mr. Mullett as compared to Plaintiff's non-African American peers demonstrates a discriminatory animus. *Paras. 20-31, 35-38, 45-49, 56-65.*

70. Plaintiff's termination constituted an adverse action under Section 1981. *Para. 47.*

71. The circumstances of Plaintiff's termination serve as evidence that the termination was discriminatory on the basis of Plaintiff's race. *Paras. 49-65.*

72. Defendants' legitimate business reason is pretextual. *Paras. 49-65.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Declaratory relief;

b. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

c. Punitive damages; and

d. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 22nd day of August, 2023.

                                                THE KIRBY G. SMITH LAW FIRM, LLC

                                                <u>s/Rachel B. Canfield</u>
                                                Rachel B. Canfield
                                                Georgia Bar No. 488716
                                                Kirby G. Smith
                                                Georgia Bar No. 250119
                                                *Attorneys for Plaintiff*

4488 North Shallowford Road, Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 22nd day of August, 2023.

                                                THE KIRBY G. SMITH LAW FIRM, LLC

                                                s/Rachel B. Canfield
                                                Rachel B. Canfield
                                                Georgia Bar No. 488716
                                                *Attorney for Plaintiff*

4488 North Shallowford Road, Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 22nd day of August, 2023.

                                                    THE KIRBY G. SMITH LAW FIRM, LLC

                                                    s/Rachel B. Canfield
                                                    Rachel B. Canfield
                                                    Georgia Bar No. 488716
                                                    *Attorney for Plaintiff*

4488 North Shallowford Road, Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com