# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re: SUBPOENA ISSUED TO APRIO LLP | ) ) ) | CIVIL ACTION NO. _____ |
| _____ | ) ) | |
| ROCK SPRINGS PLAZA II, LLC, | ) ) | Currently Pending in the United States District Court for the |
| Plaintiff, | ) ) | District of Maryland |
| vs. | ) | Case No. 8:20-cv-01502-PJM |
| INVESTORS WARRANTY OF AMERICA, LLC, ET AL., | | |
| Defendants. | | |

## <u>NONPARTY APRIO LLP'S</u><br><u>MOTION TO QUASH SUBPOENA</u>

Nonparty Aprio LLP, ("Aprio"), pursuant to F.R.C.P. 45(3)(A), submits this Motion to Quash a subpoena issued to Aprio by Plaintiff Rock Springs Plaza II, LLC ("Plaintiff") in the above-styled Action (the "Action). This subpoena directed Aprio to appear for a deposition and produce documents by August 25. Aprio hereby moves this Court to quash this Subpoena.

The Subpoena subjects Aprio to an undue burden, and the documents requested are privileged and constitute protected work product under the accountant-client privilege. Aprio's client, Defendant Rock Springs Drive, LLC ("RSD") has

not waived the privilege and, as a result, Aprio cannot produce the requested documents.

## BACKGROUND

Aprio understands that the above-styled Action arises from the conveyance of a property at 6560 Rock Springs Drive in Bethesda, Maryland between Defendants.

Aprio has performed compilations and prepared tax returns for RSD from 2018 to the present. Aprio did not conduct a full review or audit RSD's financials.

## ARGUMENT AND CITATIONS TO AUTHORITY

This Court should quash the Subpoena because it seeks privileged information and subjects Aprio to an undue burden.[1] When a subpoena is served that requires compliance outside of the jurisdiction of the federal district court issuing the subpoena, the federal district court where compliance would occur has the authority and the duty to quash or amend the subpoena.[2]

*1.     The Subpoena should be quashed because it seeks documents and testimony protected by accountant-client privilege.*

In diversity cases, state privilege law applies.[3] The law of the forum in actions seeking to quash a subpoena is the law of the state in which the subpoena is being

---

[1] F.R.C.P. 45(3)(A)

[2] *Id*.

[3] Fed. R. Evid. 501. Even if the law of Maryland is applied, however, the privilege is still intact as Maryland also recognizes an accountant-client privilege. Md. Code Ann., Cts. & Jud. Proc. § 9-110; *Vellone v. First Union Brokerage Servs., Inc*., 203 F.R.D. 231, 234 (D. Md. 2001) ("[T]he privilege may thus be said to cover any confidential communication made to a licensed certified public accountant or firm by a client who employs the accountant or firm to audit, examine, or report on any account, book, record, or statement of the client. Second, the

enforced.[4] Under Georgia law, accountants' communications with their clients are privileged[5] and cannot be released to a third party without the consent of the accountant's client.[6]

This privilege encompasses communications whether or not they occurred inside Georgia.[7] In addition to communications, materials exchanged as part of the accountant-client relationship are also protected.[8]

Document requests 1-6 all directly ask for communications between Aprio employees and RSD and/or documents exchanged between Aprio and RSD, infringing directly upon this privilege. Document request 7 may also consist of information learned from communications between Aprio and RSD or documents exchanged between Aprio and RSD. Every single subject matter of inquiry asks about information that Aprio would only have been able to obtain via communications from its client. Therefore, this Court must quash the subpoena.[9]

---

statute protects from disclosure any information that the accountant or firm, in rendering professional services, derives from the client in the course of a confidential communication with the client, or from material of the client given to the accountant in the course of a confidential communication.")

[4] *Palmer v. Fisher*, 228 F.2d 603, 608 (7th Cir. 1955) ("Since the proceeding to suppress a deposition is an independent action, the law of the forum is the law of [the state in which that motion is filed].")

[5] O.C.G.A. § 43–3–32; *see also Christenbury v. Locke Lord Bissell & Liddell, LLP*, 285 F.R.D. 675, 680 (N.D. Ga. 2012) (applying Georgia's accountant-client privilege law in a diversity case).

[6] *Rose v. Commercial Factors of Atlanta, Inc.*, 262 Ga. App. 528, 529 (2003).

[7] *Christenbury*, 285 F.R.D. at 681.

[8] *See City of Rome, Georgia v. Hotels.com, LP*, 4:05-CV-249-HLM, 2011 WL 13232153, at *3 (N.D. Ga. July 28, 2011) (finding a memorandum prepared by an accounting firm for a company was protected from discovery by Georgia's accountant-client privilege).

[9] F.R.C.P. 45(3)(A) ("On timely motion, the court of the district where compliance is required *must* quash or modify a subpoena that… requires disclosure of privileged or other protected matter") (emphasis added).

2.      *The Subpoena should be quashed because it is overly broad and burdensome.*

The Federal Rules of Civil Procedure prohibit subpoenas that subject the recipient to an undue burden.[10] When determining whether a subpoena imposes undue burden, federal courts consider numerous factors, including the deponent's status as a party or nonparty, the relevance of the information requested, and the burden imposed by enforcing the subpoena.[11] A deponent being a nonparty weighs against the enforcement of the subpoena.[12]

Here, Aprio is a nonparty to the underlying litigation. The document requests reflect all financial information of RSD and any services provided, without any clear relevance to the allegations that the transfer of the underlying property was a fraudulent conveyance. Document Request 1 asks for the terms of engagement and the negotiations thereof, which have no relevance to this action. Document Request 6 requests documents reflecting compliance with the Financial Account Standard Board's Accounting Standards, which are not mentioned in the Complaint nor otherwise relevant to this action. Document Request 8 asks for the professional credentials and licenses of any individuals who prepared RSD's financial statement. This request bears no rational relationship to whether the underlying property was a

---

[10] F.R.C.P. 45(3)(A)(iv).

[11] *Gamache v. Hogue*, 595 F. Supp. 3d 1344, 1355 (M.D. Ga. 2022).

[12] *Id*.

fraudulent conveyance, and nowhere does the Complaint allege that the action is based on any uncredentialed accounting work done.

The subject matters of inquiry also stray far from relevance. Subject matters 1 and 2 ask about general accounting work done by Aprio for RSD unrelated to the alleged fraudulent conveyance and performed afterwards.

The burden here on Aprio is great, as it will be required to produce six years of workpapers, including communications from employees who left more than twelve months ago, some of which are no longer readily available. Aprio will also have to reveal personal information about its employees to respond to these requests.

3.    *Document Request 2 should be quashed because communications between lawyers and clients' accountants are privileged*

Communications between attorneys and clients are privileged under federal,[13] Georgia,[14] and Maryland law.[15] Work product of attorneys is similarly protected from discovery under federal law.[16] Materials prepared by accountants for attorneys for litigation is also protected by the attorney-client work product privilege.[17]

---

[13] *In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992).
[14] OCGA § 24–5–501; *St. Simons Waterfront, LLC v. Hunter, Maclean, Exley & Dunn, P.C.*, 293 Ga. 419, 421 (2013).
[15] *CR-RSC Tower I, LLC v. RSC Tower I, LLC*, 202 Md. App. 307, 363 (2011), aff'd, 429 Md. 387 (2012).
[16] F.R.C.P. 26(b)(3).
[17] *City of Rome*, 2011 WL 13232153 at *4 (finding memo prepared by an accounting firm for an in house counsel in anticipation of potential litigation protected by work product privilege); *Eglin Fed. Credit Union v. Cantor, Fitzgerald Sec. Corp.*, 91 F.R.D. 414, 418 (N.D. Ga. 1981) ("If the accountant is consulted in connection with the client's obtaining legal advice, the privilege extends to cover confidential documents in the accountant's possession.").

Document Request 2 asks Aprio to produce communications with RSD's counsel Berger Singerman LLP. These communications are protected by the attorney-client privilege and the request for them must be quashed.

## CONCLUSION

For all of these reasons, this Subpoena should be quashed because it seeks privileged information and imposes an undue burden on Aprio. While Aprio has no interest in frustrating discovery, it must comply with applicable privileges. Moreover, as a nonparty, Aprio should not be made to incur unnecessary costs and expenses responding to a subpoena seeking information that is not relevant, overly broad, and privileged. Accordingly, Aprio respectfully requests that this Court grant its Motion to Quash.

This 22nd day of August, 2023.

/s/ *Johannes S. Kingma*
Johannes S. Kingma
Georgia Bar No. 421650
Evan W. Elam
Georgia Bar No. 170583
Stites & Harbison PLLC
303 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30308
Telephone: (404) 739-8872
jkingma@stites.com
eelam@stites.com

*Counsel for nonparty Aprio LLP*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing pleading has been prepared with one of the font and point selections approved by the Court in LR 5.1(b), Times New Roman 14 point.

This 22nd day of August 2023.

> */s/ Johannes S. Kingma*
> Johannes S. Kingma
> Georgia Bar No. 421650
> Evan W. Elam
> Georgia Bar No. 170583
> Stites & Harbison, PLLC
> 303 Peachtree Street, N.E.
> Suite 2800
> Atlanta, Georgia 30308
> Telephone:  (404) 739-8872
> Facsimile:   (404) 739-8870
> jkingma@stites.com
> eelam@stites.com
>
> *Attorneys for nonparty Aprio LLP*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I have this day served this ***NONPARTY APRIO LLP's MOTION***

***TO QUASH*** upon counsel of record via email to the below counsel of record:

**Alvin Dunn**
**Anthony F Cavanaugh**
**Katherine Theresa Danial**
**Nicole Steinberg**
**William M Bosch**
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036
alvin.dunn@pillsburylaw.com
katherine.danial@pillsburylaw.com
nicole.steinberg@pillsburylaw.com
william.bosch@pillsburylaw.com

**Anne V Dunne**
**Anthony Joseph LaPlaca**
**Rebecca Allison Davis**
**Renee Beth Appel**
Seyfarth Shaw LLP
Suite 300
2 Seaport Lane
Boston, MA 02210
adunne@seyfarth.com
alaplaca@seyfarth.com
rebecca.davis@agg.com
rappel@seyfarth.com

**Sara Kropf**

**Rebecca Guiterman**
Kropf Moseley PLLC
1100 H Street NW
Suite 1220
Washington, DC 20005
2026276900
sara@kmlawfirm.com
rebecca@kmlawfirm.com

This 22nd day of August 2023.

    */s/ Johannes S. Kingma*
Johannes S. Kingma
Georgia Bar No. 421650
Evan W. Elam
Georgia Bar No. 170583
Stites & Harbison PLLC
303 Peachtree Street, N.E., Suite 2800
Atlanta, GA 30308
Telephone: (404) 739-8872
jkingma@stites.com
eelam@stites.com

*Counsel for nonparty Aprio LLP*