## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **ENDYSEN ATU,** ) | |
| ) | |
| **SHAQUASA JANEE BOOTH** ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | Civil Action No. |
| **MERRICK GARLAND** ) | |
| Attorney General of the United States ) | |
| ) | |
| **ALEJANDRO MAYORKAS,** ) | |
| Secretary of Homeland Security ) | |
| ) | |
| **U.S. DEPARTMENT OF HOMELAND** ) | |
| **SECURITY,** ) | |
| ) | |
| **U.S. CITIZENSHIP & IMMIGRATION** ) | |
| **SERVICES** ) | |
| ) | |
| **UR MENDOZA JADDOU,** ) | |
| Director, ) | |
| U.S. Citizenship & Immigration Services ) | |
| USCIS ) | |
| ) | |
| **JERRY ADDISON** ) | |
| Acting Field Office Director at ) | |
| U.S. Citizenship & ) | |
| Immigration Services Atlanta ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY RELIEF UNDER THE APA AND FOR A WRIT OF MANDAMUS

## INTRODUCTION

Plaintiff Endysen Atu ("Mr. Atu") entered the United States on January 8, 2011 on a B2 tourist visa. Plaintiff Shaquasa Janee Booth is the U.S. citizen spouse of Plaintiff Endysen Atu.

On February 11, 2019, Mrs. Booth filed Form I-130, Petition for Alien Relative on behalf of her spouse, Mr. Atu. Mr. Atu concurrently filed Form I-485, Application to Register Permanent Residence of Adjust Status. *See* Exhibit A, *Copy of I-130 and* Exhibit B, *Copy of I-485*. USCIS issued Mrs. Booth the receipt number MSC1990611632 for her Form I-130 and issued Mr. Atu receipt number MSC1990611631 for his Form I-485. Mr. Atu attended his biometric appointment for his application on March 11, 2019 at 8:00 a.m. *See* Exhibit C, *Biometric Notice*.

On July 26, 2019, Mrs. Booth received a Request for Initial Evidence seeking proof that all of the previous marriages of Mr. Atu had legally ended. Mrs. Booth's response to USCIS was due to the National Benefits Center in Lee's Summit, MO by October 21, 2019. The response was timely filed on October 21, 2019. *See* Exhibit D, *Copy of Request for Evidence with Copy of Response*.

Since then, USCIS has failed to make any progress on the adjudication of the I-130, Petition for Alien Relative or the I-485 Applications to Register Permanent Residence or Adjust Status. Mr. Atu and his family have dealt with significant delays, uncertainty, and instability.

Mr. Atu has been unable to fully share his work and expertise in the United States because the U.S. Department of Homeland Security and its officers ("Defendants") unlawfully refuse to adjudicate his adjustment of status application. He is prohibited from leaving the country to visit his sick father as his immigration status is in limbo due to Defendants' delay.

Mrs. Booth and Mr. Atu have complied with all documentary requests and hav followed up with the Atlanta Field Office to no avail.

On April 8, 2021, Mr. Atu received a response from a previously filed congressional inquiry with Senator Warnock's office which stated his case remained in process. *See* Exhibit E, *Copy of Response from Congressional Inquiry.* The congressional inquiry was unsuccessful in the adjudication of Mr. Atu's Form I-485.

Every attempt that Mr. Atu has made to have Defendants adjudicate his adjustment application has been met with arbitrary delay. Defendants have given no indication for the reason behind the continued delays of Mrs. Booth and Mr. Atu's applications. The couple continues to receive boilerplate responses stating their case requires additional review and remains pending.

With Defendants refusal to adjudicate the I-130 and I-485 applications, Mrs. Booth and Mr. Atu's case now languishes at the Atlanta Field Office with no end

in sight. Plaintiffs bring this action to compel the Defendants to adjudicate their I-130, Petition for Alien Relative and their I-485, Adjustment of Status application.

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over Mrs. Booth's and Mr. Atu's claims pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction). This Court has authority to grant relief under the Mandamus Act (28 U.S.C. § 1361), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedure Act, 5 U.S.C. § 702.

2.    This Court can also compel agency action that is unlawfully withheld, or which is contrary to law, an abuse of discretion, or arbitrary and capricious. 5 U.S.C. §§ 555(b), 706.

3.    This Court also has jurisdiction to review executive action that is ultra vires. *See Chamber of Commerce v. Reich,* 74 F.3d 1322 (D.C. Cir. 1996). The Administrative Procedure Act permits judicial review of actions that are arbitrary capricious, and an abuse of discretion. 5 U.S.C. § 706.

4.    Venue in this judicial district is proper under 28 U.S.C. § 1391(e) because the Plaintiffs reside in this District.

5.    Mr. Atu has exhausted all administrative remedies.

6.    Plaintiffs have standing. Defendants' actions in refusing to adjudicate Plaintiffs respective I-130, Petition for Alien Relative and I-485, Adjustment of

4

Status application have caused and continue to cause Plaintiffs a concrete and

particularized injury by preventing them from obtaining certainty in their family's

future as well as preventing Mr. Atu from obtaining lawful permanent residency

and stable employment status. The requested relief will redress Plaintiffs' injuries

by allowing them to obtain the immigration benefits for which Mr. Atu is

otherwise eligible.

## PARTIES

7.      Plaintiff Endysen Atu is a citizen of Nigeria.

8.      Plaintiff Shaquasha Janee Booth is a U.S. citizen, resident of Georgia, and

the spouse of Plaintiff Endysen Atu.

9.      Defendant Department of Homeland Security ("DHS") is a cabinet-level

department of the U.S. federal government. DHS oversees immigration and

customs in the United States.

10.     Defendant Alejandro Mayorkas is the Secretary of the U.S. Department of

Homeland Security and has responsibility for overseeing enforcement and

implementation of DHS practices and advisories. He is sued in his official

capacity.

11.     Defendant U.S. Citizenship and Immigration Services is an agency of the

United States Department of Homeland Security that administers the country's

naturalization and immigration system.

12.     Defendant Ur M. Jaddou is the Director of U.S. Citizenship and Immigration

Services and has responsibility to oversee and enforce practices within the agency.

She is sued in her official capacity.

13.     Defendant Jerry Addison is the Director of the USCIS Atlanta Field Office.

He is sued in his official capacity.

## STATUTORY AND REGULATORY BACKGROUND

## FACTUAL ALLEGATIONS

14.     Mr. Atu is a citizen of Nigeria and arrived in the United States on a B2

tourist visa.

15.     On December 20, 2018, Plaintiff Atu and Plaintiff Booth married in Cobb

County, Georgia.

16. On February 11, 2019, Mrs. Booth filed Form I-130, Petition for Alien Relative

on behalf of her spouse, Mr. Atu. USCIS issued Mrs. Booth the receipt number

MSC1990611632 for her Form I-130.

17. Mr. Atu concurrently filed Form I-485, Application to Register Permanent

Residence of Adjust Status. USCIS issued Mr. Atu receipt number

MSC1990611631 for his Form I-485.

18. Mr. Atu attended his biometric appointment for his application on March 11,

2019 at 8:00 a.m. *See* Exhibit C, *Biometric Notice*.

19.     Mr. Atu has followed up regularly with USCIS and the Atlanta Field Office.

20.    Mr. Atu also submitted a congressional inquiry in hopes of receiving an
adjudication of his I-485.

21.    Mr. Atu continues to receive the same boilerplate responses that the
applications remain in process.

22. Mrs. Booth's current case Response To USCIS' Request For Evidence Was
   Received On October 22, 2019, we received your response to our Request for
   Evidence for your Form I-130, Petition for Alien Relative, Receipt Number
   MSC1990611632. USCIS has begun working on your case again. We will send
   you a decision or notify you if we need something from you. If you move, go to
   www.uscis.gov/addresschange to give us your new mailing address.

23.  Mrs. Booth and Mr. Atu have experienced, and continue to experience,
   numerous arbitrary and illegal barriers erected by Defendants in securing a
   decision on Mrs. Booth's Form I-130 and on Mr. Atu's green card, namely
   Defendants' unlawful delays in reviewing their case and issuing Mr. Atu's
   residency.

24.    Defendants' actions and omissions, enumerated in this Action, have directly
impacted and jeopardized Mrs. Booth's and Mr. Atu's future, and have put Mr.
Atu's career and the couple's financial security at grave risk.

25.    Mrs. Booth and Mr. Atu remain in a constant state of instability.

26.     In order for Mr. Atu to maintain his lawful employment, he is at the mercy of Defendants as he must continue to renew his work authorization. This has resulted in uncertainty, as well as financial instability. Mr. Atu is prevented from traveling and seeing extended family outside of the U.S. as USCIS denied his previous application for an advance parole document to allow re-entry after travel. Plaintiffs are personally and mentally affected by the way their case has been treated by USCIS.

27.     Plaintiffs have no other recourse against Defendants' arbitrary and illegal actions than by way of this lawsuit.

### FIRST CAUSE OF ACTION
### (Writ of Mandamus Act (28 U.S.C. § 1361))

28.     Plaintiffs incorporate and re-allege each of the foregoing paragraphs.

29.     District courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to them. 28 U.S.C. § 1361. In this case, Defendants have failed or refused to adjudicate Mrs. Booth's Petition for Alien relative on behalf of Plaintiff Mr. Atu in a timely and reasonable manner even though they have a clear, non-discretionary duty to do so. There is no other adequate remedy available to Plaintiff Booth.

30.     Defendants have also failed or refused to adjudicate Mr. Atu's application for adjustment of status in a timely and reasonable manner even though they have a

clear, non-discretionary duty to do so. There is no other adequate remedy available to Plaintiff Atu.

31.    Defendants have willfully and unreasonably delayed, and have refused to adjudicate, Mrs. Booth's Petition for Alien Relative and Mr. Atu's Adjustment of Status application, thereby depriving them of the opportunity to obtain an immigration benefit.

32.    Defendants owe Plaintiffs a duty to adjudicate their respective applications and have unreasonably failed to perform that duty.

## SECOND CAUSE OF ACTION
### (Arbitrary and Capricious Actions and Abuse of Discretion in Violation of the Administrative Procedures Act (5 U.S.C. § 706(2)(A))

33.    Plaintiffs incorporates and re-alleges each of the foregoing paragraphs.

34.    Pursuant to 5 U.S.C. § 701(b)(1), the Department of Homeland Security is subject to the Administrative Procedure Act ("APA").

35.    This Court may review and set aside all relevant questions of law regarding agency actions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This Court may further review and set aside actions in excess of statutory jurisdiction, authority, or limitations, or without observance of procedure required by law. 5 U.S.C. § 706(2)(A), (C), (D).

36.    Defendants' delay is arbitrary, capricious, and an abuse of agency discretion.

37.     As such, this Court should order the Defendants to resume adjudication of

Mrs. Booth's Petition for Alien Relative and Mr. Atu's Adjustment of Status

application with due priority and expediency.

38.     Additionally, this Court should order the Defendants to schedule an

interview for Plaintiffs (if needed) and upon approval, order green card issuance

for Mr. Atu with due priority and expediency.

### THIRD CAUSE OF ACTION
**(Unreasonable Delay in Violation of the Administrative Procedures Act Under
5 U.S.C. § 555(b))**

39.     Plaintiffs incorporate and re-allege each of the foregoing paragraphs.

40.     The APA requires agencies to "proceed to conclude a matter presented to

[them]" in a "reasonable time," 5 U.S.C. § 555(b), and authorizes reviewing courts

to "compel agency action unlawfully withheld or unreasonably delayed." *Id.*

41.     Defendants have willfully and unreasonably delayed, have refused, and

continue to refuse to do their duty to fully adjudicate Mrs. Booth's Petition for

Alien Relative and Mr. Atu's Adjustment of Status application, thereby depriving

them of the opportunity to obtain an immigration benefit. Defendants' willful,

arbitrary, and capricious acts and omissions have put Mr. Atu's career and the

couple's financial security at grave risk, have caused Plaintiffs to incur additional

expenses and inconveniences, and have subjected Plaintiffs to severe stress and

anguish.

42.    In implementing the Proclamations, Defendants have refused to process or adjudicate applications for immigrant visas. This refusal is a final agency action subject to review under the APA.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court grant the following relief:

    (a) Assume jurisdiction over this matter;

    (b) Order the immediate adjudication of Mrs. Booth's application;

    (c) Order the immediate adjudication of Mr. Atu's application, and when approved, to expeditiously issue Mr. Atu's green card;

    (d) Award Plaintiffs costs of suit and reasonable attorney's fees under the Equal Access to Justice Act, 42 U.S.C. § 1988, and any other applicable laws;

    (e) Enter all necessary writs, injunctions, and orders as justice and equity require; and

    (f) Grant such further relief as this Court deems just and proper.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to add additional allegations of agency error and related causes of action upon receiving the certified administrative record.

Respectfully submitted this the _18th_ day of August 2023.

                /s/ Danielle M. Claffey
                Danielle M. Claffey

Georgia Bar #: 222292
Kuck Baxter Immigration, LLC
365 Northridge Rd, Suite 300
Atlanta, GA 30350
Phone: 404-816-8611
Fax: 404-816-8615
dclaffey@immigration.net
Attorney for Plaintiffs

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the document to which this certificate is attached has been prepared with one of the font and point selections approved by the Northern District of Georgia in Local Rule 5.1 for documents prepared by computer.

<u>/s/ Danielle M. Claffey</u>
Danielle M. Claffey
Georgia Bar #: 222292
Kuck Baxter Immigration, LLC
365 Northridge Rd, Suite 300
Atlanta, GA 30350
Phone: 404-816-8611
Fax: 404-816-8615
<u>dclaffey@immigration.net</u>
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Danielle M. Claffey, hereby certify that on August 18th, 2023, I filed the

foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify

that I have mailed a hard copy of the document to the above individual pursuant to

Fed.R.Civ.P. 4 via first-class mail to:

> Merrick Garland
> Attorney General of the United States
> U.S. Department of Justice
> 950 Pennsylvania Ave. NW
> Washington, D.C. 20530-0001
>
> Ryan K. Buchanan
> c/o Civil Process Clerk
> Acting U.S. Attorney, Northern District of Georgia
> Richard B. Russell Federal Building
> 75 Ted Turner Dr. SW
> Suite 600
> Atlanta, GA 30303-3309
>
> Jonathan Meyer
> General Counsel, DHS
> Office of the General Counsel
> U.S. Department of Homeland Security
> 2707 Martin Luther King Jr. Ave, SE
> Washington, DC 20528-0485
>
> Alejandro Mayorkas
> Office of the General Counsel
> U.S. Department of Homeland Security
> 2707 Martin Luther King Jr. Ave, SE
> Washington, DC 20528-0485
>
> Ur M. Jaddou
> Director, USCIS

Office of the General Counsel
U.S. Department of Homeland Security
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

Jerry Addison
Director, Atlanta Field Office
2150 Parklake Dr NE
Atlanta, GA 30345

Respectfully submitted,

/s/ Danielle M. Claffey

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **ENDYSEN ATU,** | ) | |
| | ) | |
| **SHAQUASA JANEE BOOTH** | ) | |
|       Plaintiffs, | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| **MERRICK GARLAND** | ) | |
| Attorney General of the United States | ) | |
| | ) | |
| **ALEJANDRO MAYORKAS,** | ) | |
| Secretary of Homeland Security | ) | |
| | ) | |
| **U.S. DEPARTMENT OF HOMELAND** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| **U.S. CITIZENSHIP & IMMIGRATION** | ) | |
| **SERVICES** | ) | |
| | ) | |
| **UR MENDOZA JADDOU,** | ) | |
| Director, | ) | |
| U.S. Citizenship & Immigration Services | ) | |
| USCIS | ) | |
| | ) | |
| **JERRY ADDISON** | ) | |
| Acting Field Office Director at | ) | |
| U.S. Citizenship & | ) | |
| Immigration Services Atlanta | ) | |
| | ) | |
|       Defendants. | ) | |

## LIST OF EXHIBITS

Exhibit A        Copy of I-130

| | |
|---|---|
| Exhibit B | Copy of I-485 |
| Exhibit C | Copy of Biometric Appointment Notices |
| Exhibit D | Copy of Request for Evidence with Copy of Response |
| Exhibit E | Copy of Response from Congressional Inquiry |
| Exhibit F | USCIS Case Status Online last accessed August 15, 2023 |