IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **CIVIL ACTION NO.** |
| **WAIRIMU WAIYAKI** | ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Berkshire Life Insurance Company of America ("Berkshire"), by and through its attorneys, files this Complaint for Declaratory Judgment against Wairimu Waiyaki ("Ms. Waiyaki"), showing the Court as follows:

## PARTIES

1. Berkshire is an insurance company organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Massachusetts. Berkshire is a citizen of the Commonwealth of Massachusetts within the meaning and intent of 28 U.S.C. § 1332.

2. Ms. Waiyaki is an adult citizen of the State of Georgia.

## JURISDICTION AND VENUE

3. Berkshire and Ms. Waiyaki are citizens of different states, and as is more fully set out below, the matter in controversy exceeds the sum of $75,000,

exclusive of interest, attorney's fees and costs. Specifically, Ms. Waiyaki seeks benefits under a disability insurance policy with a total monthly benefit of $4,000. The policy provides benefits for ten (10) years. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

4. This Court is a proper venue for this declaratory judgment action pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in DeKalb County, Georgia, which is within the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. § 90(a)(2).

5. Berkshire seeks a declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

6. Berkshire is, and during all relevant times has been, in the business of underwriting and issuing insurance policies and is authorized to transact the business of insurance in the State of Georgia.

## FACTUAL BACKGROUND

**A. Ms. Waiyaki Applies For An Individual Disability Insurance Policy With Berkshire.**

7. On or about August 3, 2021, Ms. Waiyaki completed an Application For Individual Disability Insurance: Part I (the "Application"). A true and correct copy of the Application is attached hereto as Exhibit 1.

8. The Application contained the following representations:

Those parties who sign below, agree that:

1. This Application for Disability Insurance: Part I, Application for Insurance: Part II — Health and Medical History, any required Representations to the Medical Examiner, and any other supplements or amendments to this Application For Disability Insurance: Part I will form the basis for, and become part of and attached to any policy or coverage issued and is herein referred to as the "Application."

2. The Proposed Insured has read the application and all statements and answers as they pertain to the Proposed Insured, and all of the statements that are part of this Application are correctly recorded, and are complete and true to the best of the knowledge and belief of those persons who made them.

…

4. Any misrepresentation or omission, if found to be material, may adversely affect acceptance of the risk, claims payment, or may lead to rescission of any policy that is issued based on this Application.

(Exhibit 1, at p. 9).

9. Ms. Waiyaki signed the Application. (*Id.*).

10. On or about August 14, 2021, Ms. Waiyaki completed a Medical Supplement for Individual Life and Disability Insurance – Part II (the "Medical Supplement"). A true and correct copy of the Medical Supplement is attached hereto as Exhibit 2.

11. In the Medical Supplement, Ms. Waiyaki responded to the following

questions:

> 4. In the past 10 years, have you been diagnosed with, treated for, tested positive for, been given medical advice by a member of the medical profession or received a consultation or counseling for:
>
>> c. high blood sugar, high cholesterol, diabetes, thyroid disorder or any disease or disorder of the blood (except HIV), skin, glands or endocrine system?
>>
>> …
>>
>> g. arthritis, chronic pain, auto-immune or connective tissue disorder, multiple sclerosis, Parkinson's disease or tremor?
>>
>> …
>>
>> l. anxiety, depression, stress, attention deficit disorder (ADD), post-traumatic stress disorder (PTSD) or any other mental, nervous, eating or emotional disorder?
>
> …
>
> 20. Other than as previously stated on this application, are you currently or in the past 5 years have you received medical advice, counseling, or treatment for any medical, surgical, psychological, or psychiatric condition from a medical professional or have you been a patient in a hospital, clinic, rehabilitation center or other medical facility?

(*Id.* at pp. 2-4).

12. Ms. Waiyaki responded "No" to each of these questions in the Medical Supplement. (*Id.*).

13. In the Medical Supplement, Ms. Waiyaki stated that she "under[stood] and agree[d] that the statements and answers in this application: (1) are written as made by me; (2) to the best of my knowledge and belief are full, complete and true; and (3) shall be a part of the contract of insurance, if issued." (*Id.* at p. 5).

14. Ms. Waiyaki signed the Medical Supplement. (*Id.*).

15. On August 27, 2021, Ms. Waiyaki signed an Amendment to Application. A true and correct copy of the Amendment is attached hereto as Exhibit 3.

16. The Amendment to Application contains the following affirmation above Ms. Waiyaki's signature:

> It is agreed that these amendments and declarations are to be taken and considered a part of said application and subject to the representations and agreements therein, and that the said application and these amendments are to be taken as a whole and considered as the basis and form part of the contract or policy issued thereon.
>
> It is further represented that the statements and answers in said application were complete and true when made and that no changes have occurred which would make said statements and answers incorrect or incomplete as of the present date.

(*Id.*).

17. On the same day, Ms. Waiyaki completed a Declaration of Insurability. A true and correct copy of the Declaration of Insurability is attached hereto as Exhibit 4.

18. The Declaration of Insurability contained the following

representations:

> I represent that since the date of the earlier of the Application for Insurance: Part II – Health and Medical History, . . . or the Application for Disability Insurance Part I . . . I have not:
>
> 1. had a physical exam or checkup of any kind;
>
> 2. been diagnosed, treated, or tested positive by a member of the medical profession, counselor, or professional of the healing arts for any disease, illness, or injury;
>
> 3. received any medical advice or counseling from any physician, medical or mental health professional, counselor, psychotherapist, chiropractor, or other practitioner;
>
> 4. been a patient in a hospital, clinic, or other medical or mental facility;
>
> 5. had a change in occupation, job title, duties, employment, income, residence, military status, or tobacco or nicotine use;
>
> …
>
> In addition to the above representations, I further represent that: 1) as of today's date, I am actively at work on a full time basis at least 30 hours per week performing the same duties and occupation(s) identified in the Application for Disability Insurance: Part 1; and 2) there are no exceptions to the above representations…

(*Id.*).

19.    Ms. Waiyaki signed the Declaration of Insurability on August 27, 2021. (*Id.*).

20.    Based on the answers and representations made by Ms. Waiyaki in the Application, Medical Supplement, Amendment to Application, and Declaration of

Insurability, Berkshire issued a disability income insurance policy, Policy No. Z4834040 (the "Policy") to Ms. Waiyaki for $4,000 in monthly benefits. A copy of the Policy is attached hereto as Exhibit 5.

**B. Ms. Waiyaki Submits A Disability Claim Under the Policies.**

21.     On or about April 18, 2023, Ms. Waiyaki contacted Berkshire to initiate a disability claim stating she had been diagnosed with depression and that she was stopping work that month.

22.     On April 24, 2023, Ms. Waiyaki submitted a Disability Claimant's Statement and Description of Occupation ("Claimant's Statement"). A true and correct copy of the Claimant's Statement is attached hereto as Exhibit 6. In her Claimant's Statement, Ms. Waiyaki stated she was suffering from Depression and Anxiety beginning in December 2022. (*Id.* at p. 3). She stated she had been working as a project manager with Voya Financial. (*Id.* at p. 6).

23.     Ms. Waiyaki also stated that she had been diagnosed with Psoriasis in the past five (5) years. (*Id.* at p. 3).

24.     Ms. Waiyaki stated that she had not worked in her occupation due to disability from May 1, 2023 to the present and her attending physician advised her to stop work all together during that time frame. (*Id.* at p. 4).

25.     On or about April 25, 2023, Berkshire received a Psychiatric Physician's Statement stating that her doctor advised her to stop work all together

beginning on May 1, 2023 due to Major Depressive Disorder and Post-Traumatic Stress Disorder. A true and correct copy of Ms. Waiyaki's Psychiatric Physician Statement is attached hereto as <u>Exhibit 7</u>.

26. During Berkshire's claim investigation, Berkshire discovered that certain representations made by Ms. Waiyaki concerning her medical history were not true at the time she signed the Application, Medical Supplement, Amendment to Application, and Declaration of Insurability.

27. For example, Berkshire discovered the following medical issues Ms. Waiyaki did not disclose in her Application:

- Ms. Waiyaki had begun treating with a therapist in April 2020, including seeking treatment for, and being diagnosed with, Generalized Anxiety Disorder based on childhood trauma in April 2021. Ms. Waiyaki continued treatment through 2021 and into 2022.

- Ms. Waiyaki's medical records also noted that she had been suffering from psoriasis on her body and scalp for twenty (20) years, for which she had taken multiple medications.

28. Based on this medical history, Ms. Waiyaki's response to whether in the past 10 years she had been diagnosed, treated for, given medical advice, or received a consultation for "any disease or disorder of the . . . skin" was false. In addition, her response to whether in the past 10 years she had been diagnosed, treated for, given medical advice, or received a consultation for "arthritis, chronic pain, auto-immune or connective disuse disorder, multiple sclerosis, Parkinson's disease or tremor" was false. In addition, her response to whether in the past 10

years she had been diagnosed, treated for, given medical advice, or received a consultation for "anxiety, depression, stress, attention deficit disorder (ADD), post-traumatic stress disorder (PTSD) or any other mental, nervous, eating or emotional disorder" was false.

29. Had Berkshire's underwriting department been aware of the true facts concerning Ms. Waiyaki's health history, Berkshire would not have issued the Policy as written.

30. Based on the material misrepresentations and omissions in the Application, Medical Supplement, Amendment to Application, and Declaration of Insurability, Berkshire is contemporaneously herewith sending a letter notifying Ms. Waiyaki that it has rescinded the Policy and the Policy is null and void from its inception. Berkshire is enclosing a check for the full return of premiums, plus interest with its rescission letter. Berkshire also is enclosing a $500 check as additional consideration for a release of all claims between Berkshire and Ms. Waiyaki, and Berkshire's agreement to forego its right to pursue judicial confirmation of the rescission if Ms. Waiyaki negotiated the $500 check.

**COUNT I: DECLARATORY JUDGMENT ON POLICY NO. Z4834040**

31. Berkshire adopts and incorporates its allegations above as if fully set forth herein.

32. Ms. Waiyaki made fraudulent and material misrepresentations and

omissions concerning her health conditions in answering questions in the Application, Medical Supplement, Amendment to Application, and Declaration of Insurability. These misrepresentations and omissions materially affected Berkshire's acceptance of the risk under the Policy and the hazard assumed by Berkshire under the Policy.

33. Berkshire would not have issued the Policy as written had Ms. Waiyaki's true medical conditions been known. Berkshire was denied information that it sought and deemed necessary to an accurate appraisal of insurability.

34. Contemporaneously herewith, Berkshire is properly rescinding the Policy by giving notice of the rescission and tendering return of the Policy premiums, plus interest, to Ms. Waiyaki.

35. Berkshire is entitled to a judicial declaration stating that the Policy is rescinded and void *ab initio*.

## COUNT II: DECLARATORY JUDGMENT THAT DISABILITY CLAIM IS NOT COVERED

36. Berkshire adopts and incorporates its allegations above as if fully set forth herein.

37. On or about April 18, 2023, Ms. Waiyaki contacted Berkshire to initiate a disability claim stating she had been diagnosed with depression and that she was stopping work that month.

38. The Policy defines "Pre-existing Condition" as a physical or mental

condition:

- that was misrepresented or not disclosed in the application; and

- for which You received professional medical advice, diagnosis or treatment within two years before the Effective Date; or

- that caused symptoms within one year before the Effective Date for which a prudent person would usually seek professional medical advice, diagnosis or treatment.

(Exhibit 5, at p. 5).

39. The Policy further provides that Berkshire "will not cover any loss that begins in the first two years after the Effective Date from a Pre-existing Condition." (Exhibit 5, at p. 10).

40. During the course of Ms. Waiyaki's claim, Berkshire discovered that Ms. Waiyaki was seen by a doctor for anxiety and depression beginning in April 2020, in April 2021, and throughout 2021 and 2022.

41. Accordingly, the sickness that is the basis for Ms. Waiyaki's disability claim – *i.e.*, depression and anxiety – is a "Pre-existing Condition" which is not covered under the Policy.

42. Berkshire is entitled to a declaration that Ms. Waiyaki's sickness is a "Pre-existing Condition" and therefore even if the Policy is not found to be void *ab initio*, Berkshire is not required under the Policy to pay any benefits for Ms. Waiyaki's sickness.

## **RELIEF REQUESTED**

WHEREFORE, Berkshire prays of this Honorable Court as follows:

(a) That this Court declare that Policy No. Z4834040 is rescinded and that this policy is void *ab initio*;

(b) That this Court declare that Ms. Waiyaki's sickness which forms the basis of her disability claim is a "Pre-existing Condition," and;

(c) That Berkshire receive such other relief as this Court deems just and proper.

Respectfully submitted on August 23, 2023

> */s/ Alexander B. Feinberg*
> Alexander B. Feinberg (GA Bar. No 956505)
> MAYNARD NEXSEN, P.C.
> 1901 Sixth Avenue North, Suite 1700
> Birmingham, Alabama 35203
> Telephone: (205) 254-1000
> Facsimile: (205) 254-1999
> Email: afeinberg@maynardnexsen.com
>
> *Attorney for Plaintiff Berkshire Life Insurance Company of America*