UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

Atlanta Division

| | | |
|---|---|---|
| AMARIS EVANS DANIELS, Individually and as Personal Representative of the Estate of EDDIE JAMES EVANS, Decedent, and on Behalf of All Wrongful Death Beneficiaries of EDDIE JAMES EVANS, Decedent, | ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Civil Action File No. |
| UNITED STATES POSTAL SERVICE, POSTMASTER GENERAL of the UNITED STATES LOUIS DeJOY, POSTMASTER, NEWNAN, COWETA COUNTY, GEORGIA, OLGA L. DOCKERY, (collectively, "USPS" JOHN DOES of THE UNITED STATES POSTAL SERVICE and NORTHROP GRUMMAN CORPORATION. | ) ) ) ) ) ) ) ) ) ) ) ) | _____ Complaint for Damages for Wrongful Death (1) Negligence (FTCA) (2) Negligence (non-FTCA) (3) Strict Liability (non-FTCA) |
| Defendants. | ) | JURY TRIAL DEMAND |

1

## COMPLAINT FOR NEGLIGENCE AND WRONGFUL DEATH

COMES NOW the Plaintiff, Amaris Evans Daniels, individually and as the Personal Representative of the Estate of Eddie James Evans, and on behalf of all beneficiaries of Eddie James Evans, deceased, through her undersigned attorney, files this Complaint for Negligence and Wrongful Death, against Defendants United States of America, United States Postal Service; Postmaster General of the United States Postal Service, Louis DeJoy; Coweta County Postmaster General, Olga L. Dockery, collectively John Does (1 – 3) of the United States Postal Service ("USPS"); and Northrop Grumman Corporation stating as follows:

## JURISDICTION & VENUE

1. This action is brought pursuant to the Federal Tort Claims Act (FCTA), 28 U.S.C. §§1346(b), 2671 *et seq.*, against the United States of America, United States Postal Service, Postmaster Generals of the United Postal Service, and USPS employees John Does (1-3), which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2. As to those claims asserted herein against the defendant Northrop Grumman Corporation, the Federal Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. § 1391(e)(1), because the United States is a defendant.

4. The underlying event and circumstances giving rise to this claim occurred in Coweta County, Georgia; thus, Venue is proper.

## NATURE OF THE ACTION

5. This is a wrongful death, negligence (FTCA), negligence (non-FTCA) and strict liability (non-FTCA) action arising out of the injury to and death of Eddie James Evans, on or about August 23, 2021, in a Grumman Long Life Vehicle (LLV) mail carrier truck for the United States Postal Service (USPS), in the Newnan, Coweta County, Georgia location, on land owned, controlled, operated, supervised, managed, secured, patrolled, and maintained by the Postmaster General of the United States Postal Service (USPS).  Mr. Evans was an Out of Order ("Tag") Mechanic, during maintenance, in August 2021, on a mail delivery truck owned, modified, and operated by Defendant Northrop Grumman. This vehicle was not climate controlled and lacked air conditioning and due the extreme heat, resulted in substantial bodily injuries, a stroke, and associated death of Eddie James Evans, deceased.

## PARTIES

6. Plaintiff Amaris Evans Daniels is a competent adult and a surviving daughter of Eddie James Evans, deceased. Mr. Evans is also survived by his daughter Amber Yvette Evans and son Edrick Tamaurus Evans, who have claims or potential claims as beneficiaries, survivors, and heirs of the decedent. Plaintiff Amaris Evans Daniels brings this action individually and as a personal representative of the estate of Eddie James Evans.

7. At all times, the defendant United States of America, acted through its agency, the United States Postal Service, Postmaster General.

8. At all relevant times, the defendant, Northrop Grumman Corporation ("Grumman"), was and is a corporation, association, partnership, joint venture, and/or sole proprietorship organized and existing under the laws of the State of Georgia and authorized to do and doing business within the State of Georgia, including in the County of Coweta.

9. At all times herein mentioned, defendants, and each of them, and their contractors, corporates, associates, and partners, and each of them, were the agent, servant, employee, assignee, permissive user, successor in interest or joint

venturer of each other, and were acting within the time, purpose, course and scope of such relationship.

10.   At all times herein mentioned, defendants, and each of them, and their contractors, corporates, associates, and partners, and each of them, were the agent, servant, employee, assignee, permissive user, successor in interest or joint venturer of each other, and were acting within the time, purpose, course and scope of such agency or permission; and all acts or omissions alleged herein of each such defendant were authorized, adopted, approved, or ratified by each of the other defendants.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES POSTAL SERVICE

11.   This case is brought against the United States Postal Service pursuant to 28 U.S.C. § 2671 *et seq.*, commonly referred to as the "Federal Tort Claims Act". Liability of the United States Postal Service is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries, wrongful death, and resulting damages that form the basis of this complaint, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America through its agency, the United States Postal Service, Postmaster Generals, John Does (1-3) of the United States Postal Service.  These employees were acting

5

within the course and scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Georgia.

## FIRST CAUSE OF ACTION – NEGLIGENCE
### (Against Defendant, United States Postal Service)

12. Plaintiff incorporates herein by reference each and every prior and subsequent allegation as though fully set forth herein.

13. Defendant, the United States Postal Service, was negligent in its conduct leading up to and during the repair of a Grumman Long Life Vehicle (LLV) that led to the death of Eddie James Evans by failing to follow mandatory procedures to ensure the safety of Tag mechanics and, in fact, said Defendant was negligent; thereby, causing the risk of injury and death.

14. The United States Postal Service, failed in in its mandatory duty to ensure safety of work conditions for mobile mechanics of LLV USPS carrier trucks.

15. The United States Postal Service, failed in its mandatory duty to follow standard procedures for monitoring and supervising LLV Tag mobile mechanics.

16. The United States Postal Service, failed in its mandatory duty to monitor LLV mechanics and staff, as no Postmaster Generals or United States Postal Service staff checked on the decedent for approximately five (5) hours.

17. The United States Postal Service, failed in its mandatory duty to provide safety and communications plans with Postmaster Generals and United States Postal Service employees John Does (1 – 3), resulting in the injuries and death of the decedent, due to the inadequacies as set forth above and otherwise.

18. The United States Postal Service, failed in its mandatory duty to conduct a safety check of TAG mechanics while repairing LLV United States Postal Service carrier trucks.

19. The defendant, United States Postal Service, was negligent in requesting a TAG mechanic repair of a LLV United States Postal Service carrier truck, because the United States Postal Service knew or had reason to know that there was a dangerous heat condition due to the lack of ventilation in such trucks during the heat of the Summer Season.

20. As a direct and proximate result of the aforesaid conduct and other tortious acts and omissions of the Defendants, the Service carrier truck was required to be repaired by the decedent, without any precautions or preparations for the fatal heat, or any monitoring or follow up with its Tag Mechanics, and

Eddie James Evans consequently suffered severe injuries, and a heat stroke, and was left undiscovered for five hours after his normal departure repair time, and ultimately died as a result.

21. As a direct and proximate result of the aforesaid conduct and other tortious acts and omission of the Defendant resulting in the death of Eddie James Evans, Plaintiff has suffered and continues to suffer economic and non-economic losses, including but not limited to: the decedent's love, comfort, care, assistance, protection, affection, moral support and guidance, in an amount to be proved at trial.

## SECOND CAUSE OF ACTION – NEGLIGENCE
(Against Defendant Postmaster General of the United States, Coweta County Postmaster General, USPS John Does; and Northrop Grumman Corporation)

22. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

23. At all relevant times, Defendants, and each of them, had a duty to use ordinary care with respect to the work conditions of TAG mechanics.

24. On or about August 23, 2021, Defendant United States Postal Service, Postmaster Generals of the United States Postal Service and Northrop Grumman Corp., and each of them, so negligently, careless, recklessly created, owned, controlled, authorized, reviewed, managed, supervised, directed, inspected,

contracted, and or monitored the LLV USPS carrier trucks so as to directly and proximately cause the incident involved herein.

26. At all relevant times, Defendant Northrop Grummer Corp. carelessly, recklessly, and negligently owned, controlled, operated, designed, manufactured, constructed, fabricated, modified, repaired, managed and maintained the Long Life Vehicle (LLV) USPS carrier truck involved herein and carelessly, negligently.

26. As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, Plaintiff suffered, and continues to suffer, loss of society, companionship, comfort, protection, care, love, affection, guidance, moral support, and all other damages under applicable wrongful death and survival statutes.

27. As a further direct and proximate result of the conduct of Defendants, and each of them, Plaintiff incurred expenses for funeral, burial, estate administration, and other costs pertaining to Mr. Evans's death in an amount to be ascertained at trial.

28. As a further direct and proximate result of the conduct of Defendants, and each of them, Plaintiff experienced, and continues to experience economic loss, including but not limited to loss of gifts, and other economic benefits, the value of which will be proven at the time of trial.

## THIRD CAUSE OF ACTION – STRICT LIABILITY
### (Against Northrop Grummer Corporation)

29. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

30. At all relevant times, the Northrop Grummer Corporation Long Life Vehicle (LLV) United State Postal Service carrier trucks were unreasonably dangerous and ultra-hazardous justifying the imposition of strict liability against Defendant.

31. At all relevant times, Defendants, and each of them, were in some manner responsible for the LLV heated, not conditioned, and non-ventilated USPS carrier trucks, that were, among other things, they owned, controlled, authorized, reviewed, managed, supervised, directed, inspected, contracted, maintained, and/or monitored at the Newnan, Coweta County, Georgia location involved herein so as to legally cause the injuries and ultimately death of the decedent herein alleged.

32. As a direct and proximate result of the aforesaid conduct of the Defendants, and each of them, Plaintiff suffered and continues to suffer, loss of society, companionship, comfort, protection, care, love, affection, guidance, moral

support, and all other damages under applicable wrongful death and survival statues.

33. As a further direct and proximate result of the conduct of Defendants, and each of them, Plaintiff incurred expenses for funeral, burial, and other costs pertaining to Mr. Evans's death in an amount to be ascertained at trial.

34. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff experienced, and continues to experience, including but not limited to, loss of gifts and other economic benefits, the value of which will be proven at the time of trial.

35. By reason of the foregoing, Defendant is liable for all damages.

## **PUNITIVE DAMAGES**

36. Plaintiff incorporates hereby reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. The forgoing acts of Defendants amount to willful misconduct, malice, wantonness, oppression, or the total want of care which would raise the presumption of conscious indifference to the consequences of their actions.

38. Defendants' intentional acts authorize an award of punitive damages.

39. The foregoing acts of the Defendants have been the actual and proximate cause of Eddie James Evan's (deceased) injuries and ultimate death, which is described herein above and include, but are not limited to, physical, emotional and mental pain and suffering, and anguish to Plaintiff Amaris Evans Daniels, Individually and the Estate of Eddie James Evans.

40. Plaintiff is entitled to recover reasonable attorney fees for punitive damages from the Defendants for all purposes, including but not limited to deterring the Defendants from repeating such acts and omissions with other employees, which may result in similar or worse consequences to other individuals.

## RECOVERY OF ATTORNEY FEES

41. Plaintiff hereby incorporates by reference paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. Plaintiff is entitled to reasonable attorney fees and expenses of litigation for having to bring this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, on all causes of action as follows:

a. That process and summons issue requiring Defendants to appear as provided by law and to answer allegations of this Complaint;

b. That Plaintiff have a trial by jury;

c. That Plaintiff recovers a verdict and judgment on all counts against Defendants for general and special damages in an amount to be proven at trial;

d. That Plaintiff recovers a verdict and judgment against the Defendants for punitive damages;

e. That Plaintiff recovers a verdict and judgement against Defendants for attorney's fees and expenses of litigation;

f. That all costs be cast against the Defendants; and

g. For such other relief as this Court deems just and proper.

This 23rd day of August 2023.

                      Respectfully submitted,

                      Ricardo S. Mosby
                      Georgia Bar No. 526839
                      Attorney for Defendant
                      260 Peachtree Street, Suite 1402
                      Atlanta, Georgia 30303
                      Ph:    (404) 748-9305
                      Fax:  (404) 748-9312
                      Email: efile@mosbylawfirm.com, or admin@mosbylawfirm.com