UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____

| | |
|---|---|
| DR. OLGA M. NATAL ROSADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. |
| ) | |
| DEKALB COUNTY SCHOOL ) | |
| DISTRICT, ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

_____

## COMPLAINT

NOW COMES Plaintiff DR. OLGA M. NATAL ROSADO ("Natal" or "Plaintiff") through undersigned counsel and makes her claims against Defendant, DEKALB COUNTY SCHOOL DISTRICT ("DCSD" or "Defendant"), showing the Court as follows:

## SUBJECT MATTER JURISDICTION

1.

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"), for employment discrimination based on race, national origin, and in retaliation. Jurisdiction is

specifically conferred on the court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.

This action is also brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), as amended, for race and retaliation discrimination, via 42 U.S.C. § 1983.

3.

This action is brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 and 29 C.F.R. §§ 1625-1627, as amended, for age discrimination.

4.

These claims are federal questions under 28 U.S.C. § 1331 and civil rights matters under 28 U.S.C. § 1343, and jurisdiction and venue are proper in this court.

**PERSONAL JURISDICTION**

5.

Defendant DeKalb County School District (~14,000 employees) may be served through its Superintendent, Dr. Devon Horton at 1701 Mountain Industrial Blvd., Stone Mountain, Georgia 30083.

# FACTS OF THE CASE

6.

On or around August 8, 2014, Natal was hired as an English Learner Success Facilitator. Charge Sentence 1.

7.

Natal performed different duties outside her job description and provided support and assistance to different departments in the school system/district. Charge Sentence 2.

8.

The earliest date discrimination took place reported on Natal's EEOC charge in the date box is April 23, 2020.

9.

But, even in the narrative box, this period is shown to go back longer, and it continued until her constructive termination.

10.

Since 2015, Natal began applying for several different promotional positions for which she was qualified, but for which she was denied the opportunity to be considered for interviews. Charge Sentence 3.

11.

In 2019, Natal complained, both verbally and in writing, to upper management about discriminatory employment practices, but her complaints were ignored.  Charge Sentence 4.

12.

After complaining, Natal was given a 20-minute interview for one position, but she was not selected for the position.  Charge Sentence 5.

13.

From April to July 2020, Natal applied for Assistant Principal, Coordinator III, and Manager III positions at five different elementary schools, but was denied the opportunity to interview.  Charge Sentence 6.

14.

Natal remained employed until August 2020, but was at that time constructively discharged.  Charge Sentence 7.

15.

Dr. Angelica Collins, H.R. Director told Natal that the Superintendent can appoint staff.

## COUNT I: NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII

16.

Paragraphs 1 to 15 incorporated herein by reference as if recited verbatim.

17.

Natal is a member of a protected class. She suffered the discriminatory treatment described herein based on her national origin, being of Puerto Rican descent.

18.

Natal was denied promotion despite being qualified and applying.

19.

Natal was rejected in favor of persons outside her protected classes and similarly situated employees and other applicants outside her protected class were treated more favorably, being less qualified.

20.

Natal was qualified the job she was hired for as well as each of those for which she applied and was not hired.

21.

To the extent reasons were given for the failure to promote Natal, those reasons are pretextual.

22.

Natal's mistreatment has been improper and based on animus based on her national origin and actions of Defendant, its employees, officers, managers, and agents.

## COUNT IA: NATIONAL ORIGIN DISPARATE IMPACT UNDER TITLE VII

23.

Paragraphs 1 to 20 incorporated herein by reference.

24.

Defendant's employment and promotion policies were facially neutral and had a disparate impact on Puerto Rican employees and applicants.

25.

Natal was harmed based on this disparate impact.

## COUNT II: RACE DISCRIMINATION UNDER TITLE VII

26.

Paragraphs 1 to 15 incorporated herein by reference as if recited verbatim.

27.

Natal is a member of a protected class.  She suffered the discriminatory

treatment described herein based on being Hispanic.

28.

Natal was denied promotion despite being qualified and applying.

29.

Natal was rejected in favor of persons outside her protected classes and similarly situated employees and other applicants outside her protected class were treated more favorably, begin less qualified.

30.

Natal was qualified the job she was hired for as well as each of those for which she applied and was not hired.

31.

To the extent reasons were given for the failure to promote Natal, those reasons are pretextual.

32.

Natal's mistreatment has been improper and based on animus based on her race and actions of Defendant, its employees, officers, managers, and agents.

## **COUNT IIA: RACE DISPARATE IMPACT UNDER TITLE VII**

33.

Paragraphs 1 to 15 and 23-27 are incorporated herein by reference.

34.

Defendant's employment and promotion policies were facially neutral and had a disparate impact on Hispanic employees and applicants.

35.

Natal was harmed based on this disparate impact.

## **COUNT III: RETALIATION DISCRIMINATION UNDER TITLE VII**

36.

Paragraphs 1 to 15 incorporated herein by reference as if recited verbatim.

37.

Natal engaged in protected conduct.

38.

Natal suffered adverse employment action in being blacklisted and rejected from advancement.

39.

There was a causal connection between the protected conduct and the adverse employment action.

40.

Natal suffered the discriminatory treatment described herein based on her opposition to what she believed were unlawful and discriminatory employment practices.

41.

Suggestion otherwise than that Natal was entitled to legal protection she sought to procure is pretextual.

42.

Natal's mistreatment has been improper and based on her protected statements to Defendant, its employees, officers, managers, and agents in opposition to her treatment.

## **COUNT IV: RACE DISCRIMINATION UNDER SECTION 1981**

43.

Paragraphs 1 to 15 incorporated herein by reference as if recited verbatim.

44.

Natal is a member of a protected class.  She suffered the discriminatory

treatment described herein based on being Hispanic.

45.

Natal was denied promotion despite being qualified and applying.

46.

Natal was rejected in favor of persons outside her protected class and similarly situated employees and other applicants outside her protected class were treated more favorably, begin less qualified.

47.

Natal was qualified the job she was hired for as well as each of those for which she applied and was not hired.

48.

To the extent reasons were given for the failure to promote Natal, those reasons are pretextual.

49.

Natal's mistreatment has been improper and based on animus based on her race and actions of Defendant, its employees, officers, managers, and agents.

50.

Natal suffered adverse employment action in being blacklisted and rejected from advancement.

51.

Natal was made to work outside her job description and her career was purposely fragmented.

## COUNT V: RETALIATION DISCRIMINATION UNDER SECTION 1981

52.

Paragraphs 1 to 15 incorporated herein by reference as if recited verbatim.

53.

Natal engaged in protected conduct.

54.

Natal suffered adverse employment action in being blacklisted and rejected from advancement.

55.

There was a causal connection between the protected conduct and the adverse employment action.

56.

Natal suffered the discriminatory treatment described herein based on her opposition to what she believed were unlawful and discriminatory employment practices.

57.

Suggestion otherwise than that Natal was entitled to legal protection she sought to procure is pretextual.

58.

Natal's mistreatment has been improper and based on her protected statements to Defendant, its employees, officers, managers, and agents in opposition to her treatment.

59.

Natal was made to work outside her job description and her career was purposely fragmented.

## COUNT VI: AGE DISCRIMINATION UNDER ADEA

60.

Paragraphs 1 to 15 incorporated herein by reference as if recited verbatim.

61.

Natal is a member of a protected class.  She suffered the discriminatory treatment described herein based on her age, which was over 40.

62.

Natal was denied promotion despite being qualified and applying.

63.

Natal was rejected in favor of persons outside her protected class and similarly situated employees outside her protected class were treated more favorably, being less qualified.

64.

Natal was qualified the job she was hired for as well as each of those for which she applied and was not hired.

65.

To the extent reasons were given for the failure to promote Natal, those reasons were pretextual.

66.

Natal's mistreatment has been improper and based on animus based on her age and actions of Defendant, its employees, officers, managers, and agents.

67.

During Natal's employment with Defendants, she encountered discriminatory treatment vis-à-vis similarly situated employees and other applicants who were younger than 40 and over 40 but younger than Plaintiff.

## COUNT VIA: AGE DISPARATE IMPACT UNDER

## TITLE VII

68.

Paragraphs 1 to 15, 54 to 58, and 61 are incorporated herein by reference.

69.

Defendant's employment and promotion policies were facially neutral and had a disparate impact on employees and applicants over 40.

70.

Natal was harmed based on this disparate impact.

## DAMAGES

71.

Natal suffered loss of wages, including but not limited to those she otherwise would have earned because of promotion and pay raises from Defendant. Such loss was because of the actions and inactions of Defendant.

72.

Since her constructive termination Natal has suffered loss of all of her wages, also because of the actions and inactions of Defendant.

73.

Natal suffered loss of increased benefits she otherwise would have

had because of the actions and inactions of Defendant.

74.

Since her termination Natal has suffered loss of all of her benefits, also because of the actions and inactions of Defendant.

75.

Natal suffered and continues to suffer emotional distress and pain and suffering because of the actions and inactions of Defendant.

76.

Defendant consciously disregarded Natal's civil rights.

77.

Defendant acted with reckless disregard as to whether its conduct violated the law.

## ADMINISTRATIVE HISTORY

78.

On November 24, 2020, an EEOC Charge was filed and given EEOC Charge Number 410-2020-07839, attached to Plaintiff's Complaint as Exhibit A and incorporated herein by reference as if recited verbatim.

79.

Plaintiff's Right to Sue Letter was signed May 25, 2023 and received

thereafter by her.  It is attached hereto as Exhibit B.

WHEREFORE, Plaintiff Natal demands that she have trial by jury and judgment against Defendant as follows:

a) For lost wages in an amount to be determined at trial;

b) For lost benefits in an amount to be determined at trial;

c) For compensatory damages in an amount to be determined at trial;

d) For front pay in an amount to be determined at trial;

e) For a declaratory judgment that Defendants' actions were unlawful;

f) For injunctive relief in ordering Defendants to rehire, promote, and cease discriminatory mistreatment of Plaintiff;

g) For such injunctive relief as the law may allow toward an order requiring Defendant to refrain from future discriminatory treatment of other individuals similar to Plaintiff;

h) For her costs and expenses;

i) For her attorney's fees; and

j) For such other and further relief as is just, proper, or equitable.

This 23rd day of August, 2023.

                                                <u>/S/ Drew Mosley</u>
                                                Drew Mosley
                                                Attorney for Plaintiff
                                                GA Bar No. 526406
                                                Drew Mosley, LLC
                                                279 W. Crogan Street
                                                Lawrenceville, GA 30046
                                                Office Phone (678) 225-0098
                                                Office Fax (678) 221-0230
                                                Email: <u>drew@mlawmail.com</u>