UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH CHAD BRANNEN, as the Temporary Administrator of the ESTATE OF PEGGY GLASS, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>JONESBORO NURSING AND REHABILITATION CENTER, LLC; D&N, LLC; and DTD HC, LLC, et al.,<br><br>Defendants. | Case No.: _____ |

## JOINT NOTICE OF REMOVAL

The Defendants, **Jonesboro Nursing and Rehabilitation Center, LLC** ("JNRC"), **D&N, LLC**, and **DTD HC, LLC**[1], hereby file this Notice of Removal of this action from the State Court of Clayton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds therefor, the Defendants state and show the following:

---

[1] By joining this Notice of Removal, DTD HC, LLC and D&N, LLC do not waive their right to file a Rule 12(b) motion to dismiss for lack of personal jurisdiction within 30 days of the service of the Summons and Complaint in this matter.

1

## BACKGROUND OF THIS ACTION

1. The above-entitled cause was brought in the State Court of Clayton County, Georgia on <u>July 21, 2023</u>. JNRC was served a copy of the Summons and Complaint via certified mail on <u>July 25, 2023</u>. DTD HC, LLC and D&N, LLC were served with a copy of the Summons and Complaint via certified mail on <u>August 1, 2023</u>.

2. A complete copy of the lawsuit along with all State Court pleadings are attached to this Notice of Removal as Exhibit "A." Defendants represent to this Court that true and correct copies of all process, pleadings, and orders served upon Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (*See* Exhibit "B," State Court of Clayton County docket). Defendants further represent to this Court that there are no other processes, pleadings, or orders properly served upon the Defendants to date in this case that have not been attached hereto.

3. A true and correct copy of this Notice of Removal is being served on counsel for Plaintiff on this date. Furthermore, a true and correct copy of this Notice of Removal is being filed with the State Court of Clayton County, Georgia. (*See* copy of Notice of Filing Notice of Removal, attached as Exhibit "C").

4. This case was removed within thirty (30) days of service and well within one (1) year of the commencement of this action.

5. This action is of a civil nature, whereby the Plaintiff seeks to recover damages in excess of $75,000.00 from JNRC, DTD HC, LLC, and D&N HC, LLC, exclusive of interest and costs.

6. As described in detail below, there is complete diversity between Plaintiff, JNRC, DTD HC, LLC, and D&N, LLC.[2]

## THE PLAINTIFF

7. Joseph Chad Brannen filed this lawsuit as the Temporary Administrator of the Estate of Peggy Glass, the decedent. (Complaint, ¶ 1). Peggy Glass was a resident and citizen of the State of Georgia at the time of the allegations made the basis of Plaintiff's Complaint. Therefore, Plaintiff is a citizen of the State of Georgia. 28 U.S.C. § 1332(c)(2).

---

[2] The removing Defendants note that Plaintiff's Complaint also lists "John/Jane Does I and II" as parties to this lawsuit. However, JNRC notes that "In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Furthermore, the Eleventh Circuit has recognized that "[t]he presence of John Does does not destroy diversity jurisdiction in cases removed to federal court." *Walker v. CSX Transp. Inc*., 650 F.3d 1392, 1395 n.11 (11th Cir. 2011) (quoting *Universal Commc'n Sys., Inc. v. Lycos, Inc*., 478 F.3d 413, 426 n.10 (1st Cir. 2007)).

## THE REMOVING DEFENDANTS

8. Jonesboro Nursing and Rehabilitation Center, LLC was and is a limited liability company organized and existing under the laws of the State of Georgia. (*See* Complaint, ¶ 3). JNRC's only members are D&N, LLC and DTD HC, LLC. (Exhibit D, Affidavit of Donald Denz, ¶ 7). D&N, LLC and DTD HC, LLC are New York limited liability companies. (Exhibit D, ¶ 4; Exhibit E, Affidavit of Norbert Bennett, ¶ 4).

9. D&N, LLC's members are Norbert A. Bennett, the Norbert A. Bennett Children's Trust, and the Norbert A. Bennett Grand-Children's Trust. (Ex. E, ¶ 5). Mr. Bennett is a resident and citizen of the State of New York. (*Id.*, ¶ 1). The trustee of the Norbert A. Bennett Children's Trust and the Norbert A. Bennett Grand-Children's Trust is Ronald Bennett, a resident and citizen of New York. (*Id.*, ¶¶ 6-7).

10. DTD HC, LLC's members are Donald T. Denz and the Donald T. Denz Irrevocable Trust. (Ex. D, ¶ 5). Mr. Denz is a resident and citizen of the State of New York. (*Id.*, ¶ 1). The trustee of the Donald T. Denz Irrevocable Trust is Martin J. Clifford, who is also a resident and citizen of the State of New York. (*Id.*, ¶ 6).

11. JNRC is not a citizen of the State of Georgia. JNRC is a citizen of the State of New York, since its members are all citizens of the State of New York.

*Rolling Green MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Likewise, DTD HC, LLC and D&N, LLC are not citizens of the State of Georgia. Both are citizens of the State of New York, since its members are all citizens of the State of New York. *Id.*

## **GROUNDS FOR REMOVAL**

12. This case is being removed pursuant to 28 U.S.C. §1441 *et seq*. This action could have originally been brought in this Court pursuant to 28 U.S.C. §1332.

13. This Notice of Removal is filed by all three Defendants. All Defendants consent to removal. *See, e.g.*, *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001) (citing *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900); *In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir. 1993); *and In re Federal Sav. & Loan Ins. Corp.*, 837 F.2d 432, 434 (11th Cir. 1988)) (acknowledging that "all defendants must consent to removal").

14. This Notice of Removal is timely filed because it is being submitted within one (1) year from the July 21, 2023 date of commencement of the action and within thirty (30) days of service of the Complaint on the Defendants. JNRC was served with a copy of the Summons and Complaint on July 25, 2023, and DTD HC,

LLC and D&N, LLC were served with a copy of the Summons and Complaint on <u>August 1, 2023</u>.

15.  A true and correct copy of this Notice of Removal is being served upon counsel for the Plaintiff on this date.

16.  A true and correct copy of this Notice of Removal is being filed with the State Court of Clayton County, Georgia. (*See* copy of Notice of Filing Notice of Removal, attached as Exhibit "C").

17.  No special bail was or is required in this action.

## JURISDICTION UNDER 28 U.S.C. §1332

18.  This action could have originally been brought in this Court pursuant to 28 U.S.C. §1332. It is a civil action wherein the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and there is diversity of citizenship among the Plaintiff and Defendants.

19.  Plaintiff's suit arises from Peggy Glass's residency at JNRC, a skilled nursing and long-term care facility located in the State of Georgia. According to the Complaint, Plaintiff claims that the Defendants provided substandard medical and nursing care to Ms. Glass, which caused her to suffer "severe and life-threatening injuries, illness, pain, suffering," and caused Ms. Glass's death. (Complaint, ¶ 1).

20. Specifically, Plaintiff claims that "Defendants deviated from the standard of care by failing to ensure Ms. Glass' safety by providing direct oversight and feeding assistance to Ms. Glass' while eating, specifically during lunch time on August 4, 2021 causing her to choke on a piece of vegetable (broccoli) that caused respiratory distress and life-threatening situation which prompted an emergent hospital transfer." (Complaint, ¶¶ 57).

21. Plaintiff's Complaint does not seek a specific monetary amount—only that a judgment be entered against the Defendants in excess of $10,000. (Complaint, ¶ 108(c)). However, the allegations in the Complaint yield the conclusion that the amount in controversy exceeds $75,000, exclusive of interests and costs.

22. Georgia courts have routinely affirmed verdicts against healthcare providers in excess of $75,000.00 in wrongful death cases. *See, Sw. Emergency Physicians, P.C. v. Quinney*, 347 Ga. App. 410, 819 S.E.2d 696 (2018) (affirming $4,500,000.00 verdict in medical malpractice case against an emergency room physician); *Southcoast Med. Grp., LLC v. Simmons*, No. S20C0437, 2020 Ga. LEXIS 407 (May 18, 2020) (affirming $18,000,000.00 medical malpractice verdict).

23. "When the Complaint does not claim a specific amount of damages, removal from state court is (jurisdictionally) proper if it is facially apparent from the Complaint that the amount in controversy exceeds a jurisdictional requirement."

*Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11ᵗʰ Cir. 2010) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11ᵗʰ Cir. 2001)). "[I]f the jurisdictional amount is not facially apparent from the Complaint, the Court should look to the Notice of Removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.; see also, e.g.*, 16 James Wm. Moore*, et al., Moore's Federal Practice*, § 107.14(2)(g), at 107-86.4 to 107.86.5 (3rd Ed. 2010) ("when determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the Court will consider first whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. If it is not, the Court may consider facts alleged in the Notice of Removal, judicial omissions made by the plaintiffs, non-sworn letters submitted to the Court, or other summary judgment type evidence that may reveal that the amount in controversy requirement has been satisfied.").

24.   Additionally, "[t]o assert the amount in controversy adequately in the removal notice," the Defendants' Notice of Removal need only contain "a statement 'short and plain'" and the Notice of Removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). Additionally, "a defendant's notice of removal need include only a

plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

26. In addition to meeting the requirement that the amount in controversy exceeds $75,000.00, there is complete diversity of citizenship between the Plaintiff and the Defendants.

26. This suit is removed to this Court, under and by virtue of the Acts of The Congress of the United States, and the Defendants desire to remove said cause to this Court.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that the above-entitled cause be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, according to the statutes in such case made and provided.

Respectfully submitted this 24th day of August, 2023.

                          */s/R. Gordon Sproule, Jr.*
                          R. Gordon Sproule, Jr.
                          Georgia Bar No. 673042
                          *Attorney for the Defendants*

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, AL 35243
Telephone: (205) 251-1193
Facsimile: (205) 251-1256
gsproule@huielaw.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JOSEPH CHAD BRANNEN,** as the Temporary Administrator of the **ESTATE OF PEGGY GLASS,** deceased,<br><br>**Plaintiffs,**<br><br>v.<br><br>**JONESBORO NURSING AND REHABILITATION CENTER, LLC; D&N, LLC; and DTD HC, LLC, et al.,**<br><br>**Defendants.** | |

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The foregoing was prepared in Times New Roman font, 14-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C). I hereby certify that I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using CM/ECF electronic filing system which will automatically send email notification of such filing to the following opposing counsel of record and serve as follows:

William F. Holbert
Michael A. Prieto
Elizabeth E. Meyer
PRIETO, MARIGLIANO, HOLBERT & PRIETO, LLC
1555 Mount Vernon Road
Atlanta, GA 30338
Phone: 404-856-0040
Fax: 404-856-0066
bholbert@pmhplaw.com
mprieto@pmhplaw.com
emeyer@pmhplaw.com

Respectfully submitted this 24th day of August 2023.

**HUIE, FERNAMBUCQ & STEWART, LLP**

*/s/ R. Gordon Sproule, Jr.*
R. Gordon Sproule, Jr.
Georgia Bar No. 673042
*Counsel for Defendant*

3291 US Highway 280, Suite 200
Birmingham, AL 35243
Telephone: (205) 251-1193
Facsimile: (205) 251-1256
GSproule@huielaw.com