# EXHIBIT "A"

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of <u>Douglas</u> County

┌─────────────────────────────────────────────────────────────────────┐
**For Clerk Use Only**

**Date Filed** <u>04-25-2023</u>                    **Case Number** <u>23SV00426</u>
        **MM-DD-YYYY**
└─────────────────────────────────────────────────────────────────────┘

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ZONOU, KOUESSAN | | | | | SGM TRUCKING, INC | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | GOMEZ, SELVIN | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** <u>O'Briant, John</u>        **Bar Number** <u>133201</u>        **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

┌──────────────────────────────────────┐  ┌──────────────────────────────────────┐
**General Civil Cases**

- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐  Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
        **Case Number**                        **Case Number**

☑  I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐  Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____        **Language(s) Required**

☐  Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

# STATE COURT OF DOUGLAS COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>23SV00426</u>

ZONOU, KOUESSAN

_____

**PLAINTIFF**

**VS.**

SGM TRUCKING, INC
GOMEZ, SELVIN

_____

**DEFENDANTS**

**SUMMONS**

TO: GOMEZ, SELVIN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**John O'Briant**
**MORGAN AND MORGAN PLLC**
**178 S Main Street Ste 300**
**Alpharetta, Georgia 30009**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of April, 2023.**

Clerk of State Court

Annetta D. Stembridge, Clerk
Douglas County, Georgia

Page 1 of 1

# STATE COURT OF DOUGLAS COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  23SV00426

ZONOU, KOUESSAN

_____

**PLAINTIFF**

**VS.**

SGM TRUCKING, INC
GOMEZ, SELVIN

_____

**DEFENDANTS**

**SUMMONS**

TO: SGM TRUCKING, INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**John O'Briant**
**MORGAN AND MORGAN PLLC**
**178 S Main Street Ste 300**
**Alpharetta, Georgia 30009**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 25th day of April, 2023.**

Clerk of State Court

_____

Annetta D. Stembridge, Clerk
Douglas County, Georgia

**EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

**EDDIE BARKER**
APR 25, 2023 09:05 AM

*Annetta D. Stembridge*
Annetta D. Stembridge, Clerk
Douglas County, Georgia

IN THE STATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

KOUESSAN ZONOU,

    Plaintiff,

vs.

SELVIN GOMEZ and
SGM TRUCKING, INC,

    Defendants.

)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE NO.:

)

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff KOUESSAN ZONOU , by and through counsel, and files this Complaint for Damages against Defendants SELVIN GOMEZ and SGM TRUCKING, INC , and shows the Court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia and by bringing this action, subjects himself to the jurisdiction of this court.

2.

Defendant SELVIN GOMEZ (hereinafter "Defendant GOMEZ ") is domiciled in California and is subject to the jurisdiction of this Court. Defendant GOMEZ may be served with process at 11109 Otsego Street, North Hollywood, CA 91601.

3.

Defendant SGM TRUCKING, INC (hereinafter "Defendant SGM TRUCKING, INC") is a foreign corporation existing under the laws of the state of California with its principal place of business in California and may be served through SGM TRUCKING, INC Company, whose agent for service of process is Mayra M Alvarado Chavez, located at 11109 Otsego St, Apt 203, North Hollywood, CA 91601.

4.

Jurisdiction is proper in this Court.

5.

1

Venue is proper in this Court

## **BACKGROUND**

6.

On November 8, 2022, Plaintiff KOUESSAN ZONOU  was traveling east on SR-14 ALT, in a prudent and careful manner, in Fulton County, Georgia.

7.

At or about that same time, Defendant GOMEZ  was driving a 2014 Freightliner commercial truck, attempting to make a left turn off of SR-14 ALT, when he negligently, recklessly, carelessly and unlawfully operated said vehicle so as to cause it to collide with the plaintiff's vehicle.

8.

On the above-mentioned date and time, Defendant GOMEZ  was an agent or employee of Defendant SGM TRUCKING, INC , and working within the scope of his employment.

9.

On this date, Defendant GOMEZ  was operating the 2014 Freightliner commercial truck ("commercial truck") on behalf of Defendant SGM TRUCKING, INC .

10.

At the time of the incident, Defendant GOMEZ  had Defendant SGM TRUCKING, INC 's express or implied permission to drive the commercial truck on behalf of Defendant SGM TRUCKING, INC .

11.

Defendant SGM TRUCKING, INC should have been aware of Defendant GOMEZ 's unsafe driving habits.

12.

Defendant GOMEZ  negligently maintained the aforementioned 2014 Freightliner commercial truck and specifically fail to maintain a safe distance between his and the plaintiff's vehicle, causing the subject collision.

13.

By reason of the foregoing, Plaintiff KOUESSAN ZONOU  suffered injuries and damages including but not limited to:

    a.  Personal injuries;

    b.  Pain and suffering;

    c.  Disability;

    d.  Mental anguish;

    e.  Loss of the capacity for the enjoyment of life;

    f.  Impaired ability to labor;

    g.  Loss of earnings and economic losses;

    h.  Past, present, and future medical expenses;

    i.  Permanent injuries;

    j.  Incidental expenses; and

    k.  Consequential damages to be proven at trial.

## COUNT 1:  NEGLIGENCE – SELVIN GOMEZ

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

The collision was caused by the negligence of Defendant GOMEZ .

3

16.

The investigating police officer assigned contributing factors to Defendant GOMEZ in regard to this wreck, due to the fact he was not paying attention to the roadway and the fact that an emergency vehicle had their lights on and no change in direction was made.

17.

At all times relevant hereto, Defendant GOMEZ owed a duty of care to Plaintiff to operate his vehicle in accordance with ordinary care and diligence, as defined under O.C.G.A. § 51-1-2, and Defendant GOMEZ breached that duty to which he owed to Plaintiff.

18.

Defendant GOMEZ 's negligence is a proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT 2:  NEGLIGENCE – SGM TRUCKING, INC .

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

At all relevant times, Defendant GOMEZ was an employee or agent of Defendant SGM TRUCKING, INC and was acting within the scope and course of his employment at the time of the accident.

21.

Defendant SGM TRUCKING, INC negligently maintained the aforementioned commercial truck.

22.

Defendant SGM TRUCKING, INC had knowledge that Defendant GOMEZ was incompetent to

4

drive or habitually reckless and allowed him access their motor vehicle anyway.

23.

Defendant SGM TRUCKING, INC  failed to conduct a proper background check before hiring Defendant GOMEZ  and allowed him to access its motor vehicle anyway.

24.

Defendant SGM TRUCKING, INC  is liable for the acts and omissions of Defendant GOMEZ as Defendant SGM TRUCKING, INC 's agent and employee at the time of the collision-in-suit under the theory of *respondeat superior* and the rules of agency.

25.

Defendant SGM TRUCKING, INC 's negligent act of allowing Defendant GOMEZ  to operate the 2014 Freightliner commercial truck was the proximate cause of this wreck.

## COUNT 3:  IMPUTED LIABILITY

26.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

27.

At the time of the subject collision, Defendant GOMEZ  was an employee or agent of Defendant SGM TRUCKING, INC .

28.

At the time of the subject collision, Defendant GOMEZ  was operating the 2014 Freightliner commercial truck on behalf of Defendant SGM TRUCKING, INC .

29.

Liability is imputed to Defendant SGM TRUCKING, INC as an interstate motor carrier, and

pursuant to federal and state laws, is responsible for the actions of Defendant GOMEZ  in regard to the collision and incident described in this complaint under the doctrines of lease liability, agency or apparent agency and *respondeat superior*.

## COUNT 4:  NEGLIGENT HIRING, TRAINING & SUPERVISION

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

Defendant SGM TRUCKING, INC was negligent in hiring, screening, employing, training and supervising Defendant GOMEZ  and entrusting him to drive the 2014 Freightliner commercial truck.

32.

Defendant SGM TRUCKING, INC 's negligence in hiring Defendant GOMEZ  and entrusting him with driving a commercial vehicle and failing to properly train and supervise him was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

33.

 Defendant SGM TRUCKING, INC is liable for tortuously failing to properly instruct, train and supervise Defendant GOMEZ  as its employee and/or agent.

34.

Defendant SGM TRUCKING, INC is accountable for independent negligence in hiring, training, entrusting, supervising and retaining Defendant GOMEZ  in connection with his operation of the 2014 Freightliner commercial truck and for otherwise failing to act as a reasonable and prudent interstate motor carrier would under the same or similar circumstances.

35.

Defendant SGM TRUCKING, INC is accountable for independent negligence in that it failed to

6

provide safety management as required by various provisions of the Federal Motor Carrier Safety Regulations.

36.

Defendant SGM TRUCKING, INC  is accountable for independent negligence related to violations of such additional provisions of Georgia law and the Federal Motor Carrier Safety Regulations as may be determined through discovery and proven at trial.

**<u>COUNT 6:  DAMAGES</u>**

37.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 36 above as if fully restated.

38.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious and permanent physical injuries and substantial and continuing pain, suffering, and discomfort. Plaintiff has incurred past medical expenses in excess of $6,145.48 and will continue to incur medical expenses in the future.

39.

As a direct and proximate result of the combined and concurrent negligent acts and omissions of all Defendants, Plaintiff is entitled to an award of special damages for past and future medical expenses and lost wages in an amount to be shown at trial and general damages in an amount to be determined by the trier of fact.

40.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff KOUESSAN ZONOU  prays that she has a trial on all issues and judgment against Defendants SELVIN GOMEZ and SGM TRUCKING, INC  , as follows:

7

(a) Summons and Complaint be served upon Defendants according to the law;

(b)     That Plaintiff recover from Defendants a sum of damages to compensate her for her injuries and damages, including, but not limited to, her medical expenses (past and future), lost wages, and pain and suffering (past, present, and future), as aforesaid;

(c)     That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(d) All costs of this action be taxed against Defendants; and

(e) That Plaintiff recover such other and further relief as is just and proper.

Respectfully submitted this 14th day of April 2023.

/s/ John S. O'Briant III
John O'Briant, Esquire
Bar # 133201
Morgan & Morgan
178 S Main Street Suite 300
Alpharetta, GA 30009,
United States
Phone: (770) 576-7620
Fax: (770) 576-7670
Primary email: jobriant@forthepeople.com
Attorney for Plaintiff

⬬ **EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

EDDIE BARKER
APR 25, 2023 09:05 AM

*Annetta D. Stembridge*
Annetta D. Stembridge, Clerk
Douglas County, Georgia

IN THE STATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

KOUESSAN ZONOU ,

   Plaintiff,

vs.

SELVIN GOMEZ and
SGM TRUCKING, INC
. ,

   Defendants.

)
)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE NO.:

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT SELVIN GOMEZ

TO: Defendant SELVIN GOMEZ
   11109 Otsego St, Apt 203
   North Hollywood, CA 91601

 Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following Request for Production of Documents and Notice to Produce.

 You are required, when responding to these requests, interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf.

 You are requested to produce the following described documents for inspection and copying on behalf of the Defendant, this material to be produced to John O'Briant, Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia 30009, Attorney for Plaintiff.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.

Any and all videotapes, photographs, or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Plaintiff's Interrogatories.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Any and all taped or written statements taken from Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendants or Defendants' insurer(s).

10.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

A copy of the title and tag registration on the vehicle you were driving at the time of the subject incident.

12.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Plaintiff's Interrogatories.

13.

A copy of your current driver's license and all drivers' licenses you have held in the past five (5) years.

14.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

15.

Any and all documents related to the medical treatment Plaintiff received prior to the

subject incident.

16.

Any and all documents which you contend in any way impeach or discredit the Plaintiff.

17.

For any document which has not been produced on grounds of privilege, please state the following:

        (a)    the date each document was generated;

        (b)    the person generating each document;

        (c)    the present custodian of each document; and

        (d)    a description of each document.

18.

Please produce any and all documents intended to be used to argue that Plaintiff's medical bills as requested in Plaintiff's Interrogatories are not reasonable and necessary.

19.

All settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

20.

Any documents created or obtained by you during your trips up to and during the 90 days prior to the wreck. This request is intended to include the day of the wreck and as a point of explanation includes but is not limited to fuel receipts, tool receipts, notes, log book pages, general purchase receipts or inspection results.

21.

Any documents evidencing compensation to you for the 90 days up to and including the date of the wreck.

22.

All Facebook, Twitter, Instagram or other social media postings which in any way refer or reference driving, working as a truck driver, working for a trucking company, the wreck, any of the Defendants in this action, and of the Plaintiff in this action.

23.

Any documents which in any way reference any drug test which you have taken, or you were scheduled to take either as a post-accident test, random test or otherwise.

Respectfully submitted,

This 14th day of April, 2023.

/s/ John S. O'Briant III
John O'Briant, Esquire
Bar# 133201
Morgan & Morgan
178 S Main Street Suite 300
Alpharetta, GA 30009 United States
Phone: (770) 576-7620
Fax: (770) 576-7670
Primary email: jobriant@forthepeople.com
Attorney for Plaintiff

**EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

**EDDIE BARKER**
APR 25, 2023 09:05 AM

Annetta D. Stembridge, Clerk
Douglas County, Georgia

IN THE STATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KOUESSAN ZONOU , ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | CIVIL ACTION FILE NO.: |
| ) | |
| SELVIN GOMEZ and ) | |
| SGM TRUCKING, INC ) | |
| . , ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT SGM TRUCKING, INC .

TO:   Defendant SGM TRUCKING, INC .
      11109 Otsego St, Apt 203
      North Hollywood, CA 91601

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above- named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) daysafter service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory tothe fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by wayof supplementary answers to these interrogatories, such additional information as may be obtainedhereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information

will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff withina reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced atthe offices of John O'Briant, Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia  30009, within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.   DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of

such writing or record where the original is not in your possession, custody or control,

and every copy of such writing or record where such copy is not an identical copy

of an original or wheresuch copy contains any commentary or notation whatsoever

that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation,

cooperative,association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more

persons  toanother person or persons, whether the medium for transmittal be oral,

written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not,

the  bestavailable approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

> (d)      an <u>individual</u>, shall mean to state the full name, present or last known residence

address (designating which), residence telephone number, present or last

known employmentaddress (designating which), employment telephone number,

and employment title or capacity.

> (e)      a <u>firm, partnership, corporation, proprietorship, association or other organization or</u>

<u>entity</u>, shall mean to state its full name and present or last known address (designating which) and

the legal form of such entity or organization.

> (f)      <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient,

the identity of person signing it, type of document (i.e., a letter, memorandum,

notation, book, telegram, chart, etc.) or some other means of identifying it, and its

present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## **INTERROGATORIES**

1.

Please identify the persons or entities who in any way owned and/or leased the subject commercial vehicle referred to in the Complaint at the time of the incident involving the Plaintiff. If theownership changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendants, that there has been an insufficiency of process of service of  Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendants.

3.

Please state whether Defendant SELVIN GOMEZ was acting within the course and scope of his employment with Defendant SGM TRUCKING, INC at the time of the incident at issue. If you claim he was not acting within the course and scope of his employment, please detail the basis of your denial.

4.

Please state the name and address of any potential party to this lawsuit, not already a party thereto, and state your claims and reasons for same.

5.

If the commercial vehicle involved in the subject incident is owned by someone or some entity other than Defendant SGM TRUCKING, INC ,  please explain the circumstances under which the vehicle came into the possession of the operator,the purpose for which the vehicle was being used and its destination.

6.

If you have ever been a Defendant in a lawsuit involving personal injuries in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

7.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

8.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulations which you contend the Plaintiff violated with respect to the incident giving rise to this lawsuit.

9.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

10.

State the name, address and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert

expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. <u>See</u> O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

13.

Please identify with specificity any accident or incident involving personal injuries in which Defendant SELVIN GOMEZ has been involved, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiffs' first request for production of documents.)

15.

State the substance of each conversation you or your representatives had with Plaintiff or any representative of Plaintiff at any time.

16.

For the date of the collision that is the subject of this lawsuit, state the times in which Defendant SELVIN GOMEZ went to work and the times he quit work on that date, and on each of the previous seven (7) days.

17.

Please state the point of origin, the destination, the reason for the trip, and at whose request Defendant SELVIN GOMEZ was driving the subject commercial vehicle at the time of the collision described in Plaintiff's Claim.

18.

If Defendant SELVIN GOMEZ has ever been given a citation for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

19.

Please state the make, year, weight and model of the subject commercial vehicle involved in the incident, and please identify the last date preceding the incident on which the tireswere replaced or repaired on the vehicle, and please identify all mechanical repairs or services to the trailer preceding the crash.

20.

Has Defendant SELVIN GOMEZ ever had a driver's license suspended, canceled, revoked, or containingany restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Claim?

21.

Please state the factual basis for each defense that you assert in this action.

22.

If you contend that the Plaintiff acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

23.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

24.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

25.

Please identify all policies and procedures in effect to supervise and regulate your drivers to determine their ability to safely operate and maintain commercial vehicles, such as the vehicle driven by Defendant SELVIN GOMEZ forming the basis of Plaintiff's Complaint.

26.

Did you make a determination as to whether this incident was preventable by or chargeable to Defendant SELVIN GOMEZ ? If so, please state your determination and the reasons therefore.

27.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report,the date of same and the present location of such statement or report or any copy thereof.

28.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, haveor know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

    d)    what each such item purports to show, illustrate or represent;

    e)    the date it was made or taken; and

    f)    the names and address of the person having custody of such item.

29.

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address and telephone numbers of any person performing such test(s), experiment(s) or reconstruction(s), and provide a summary of any findings.

30.

Please state by whom Defendant SELVIN GOMEZ was given permission to operate the subject commercial vehicle, and haul the subject load, and on what date authorization was given.

31.

Detail each and every arrangement or agreement between Defendant SELVIN GOMEZ and Defendant SGM TRUCKING, INC or any other individual or entity under which Defendant SELVIN GOMEZ was performing services at the time of the subject incident.

32.

State the date and time of each and every inspection of the subject commercial vehicle prior to this incident. For each inspection, detail how the inspection was performed, identify who was present and the results of the inspection.

33.

Are you a motor common carrier for hire?

34.

Please state the names, addresses and job positions of all operations managers who were either working at the time of this incident or have knowledge of this incident.

35.

Please state whether you have attempted to surveil or observe Plaintiff at any time after the collision forming the basis Plaintiff's Claim, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

36.

Please provide the present location of the tractor-trailer involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such

alteration or repairs.

37.

Please state whether Defendant SELVIN GOMEZ received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

38.

Please identify whether the subject commercial vehicle driven by Defendant SELVIN GOMEZ was equipped with any monitoring or recording devices (i.e., a "black box") at the time of the incident at issue, and if so, please identify all documents generated therefrom.

39.

Do you contend that Plaintiff's medical bills for the injuries sustained in the subject collision were not reasonable and necessary in their current form?  If not, please explain.

40.

State whether you have knowledge of any Federal Motor Carrier Safety Regulations violations committed by Defendant SELVIN GOMEZ either while in your employ or in previous employment. If so, state what information you have in that regard.

41.

As to both the tractor and trailer involved in the wreck which your driver was operating, please state:

    a.  each manufacturer, make, model number, and year;

    b.  the trailer's length and width thereof at the longest and widest portions, respectively; the weight of the trailer empty, its carrying capacity, and the gross vehicular weight;

    c.  the name of the entity to whom the tractor and the trailer were titled;

d.  the total gross weight of the tractor-trailer at the time of the wreck.

42.

In reference to the load being transported at the time of the wreck, please identify:

a.  where the load originated;

b.  the contents and weight of the load;

c.  the final destination for the load;

d.  any contracts signed or entered into pertaining to the transportation of said load;

e.  the name, address and phone number of the person or persons employed by the contractor
    and shipper who was in charge of the load and the place where said load originated; and

f.  the name, address, and phone number of each broker in any way involved with the load.

43.

At the time of the wreck, did you have any policy or procedure manuals pertaining to the
operation of a tractor-trailer such as driver's manuals, company rules, or other tangible materials by
whatever name? If so, provide the name of each such manual and state whether your driver was in
possession of a copy of those written policies on the date of the wreck with the Plaintiff.

44.

Was the driver provided any training relating to his vehicle or the trailer prior to the accident? If
so, describe the training and identify any individuals and describe any documents, which are in any
way related to the training.

45.

Were any tests (blood, urine, or other) performed on your driver by you, pursuant to state of
federal regulation or your own safety policies, at any time during the period commencing 45 days prior
to the wreck through and including 45 days after the wreck? If so, please state the results of all such
tests and the name, address, and phone number of the persons, firms, or entities who administered said

test and all such persons, firms, or entities who are in possession of a copy of the results of said tests. If a test was not performed after the wreck with the Plaintiff(s) please state why one was not performed.

46.

Describe in detail your drug and alcohol programs including, without limitation, your random drug testing program.

47.

State the manner in which your driver, his dispatcher and his/her terminal manager were compensated as of the date of the present collision, including without limitation any pay, or bonus was based on miles driven or other productivity indices.

48.

State whether your company has a safety director or someone who is charged with ensuring the safe conduct of your drivers. If so, state his or her name and full title.

49.

State the time the vehicle began operations on the day of the incident and whether there were any periods of time during which the vehicle was not in operation stating the times that occurred (if any) and the activity (other than operating, if any).

50.

Please state the name, address, and telephone number of each person who has a copy of any of your driver's Daily Driver Logs for the period commencing 6 months prior to the present collision, up to and including the day of the collision. If the drier is not required to prepare Driver Daily logs, please state the name, address, and telephone number of each person who has a copy of his time records showing the number of hours he worked each day for.

Respectfully submitted,

This 17th day of April, 2023.

/s/ John S. O'Briant III
John O'Briant, Esquire
Bar # 133201
Morgan & Morgan
178 S Main Street Suite 300
Alpharetta, GA 30009, United States
Phone: (770) 576-7620
Fax: (770) 576-7670
Primary email: jobriant@forthepeople.com
Attorney for Plaintiff

EFILED IN OFFICE
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

EDDIE BARKER
APR 25, 2023 09:05 AM

*Annetta D. Stembridge*
Annetta D. Stembridge, Clerk
Douglas County, Georgia

IN THE STATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

KOUESSAN ZONOU ,

     Plaintiff,

vs.

SELVIN GOMEZ and
SGM TRUCKING, INC
. ,

     Defendants.

)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE NO.:

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT SGM TRUCKING, INC**

TO:    Defendant SGM TRUCKING, INC
       11109 Otsego St, Apt 203
       North Hollywood, CA 91601

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above- named

Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service

hereof, in the form provided by law, the following Request for Production of Documents and Notice to

Produce.

     You are required, when responding to these requests, interrogatories, to furnish all information

that is available to you, your attorneys or agents, and anyone else acting on your behalf.

     You are requested to produce the following described documents for inspection and copying on

behalf of the Defendant, this material to be produced to John O'Briant, Esq., 178 S. Main Street, Unit

300, Alpharetta, Georgia 30009, Attorney for Counter Plaintiff.

## **DOCUMENTS TO BE PRODUCED**

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any vehicle or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendants and Plaintiff or any third person or entity relating to the incident or matters involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendants in connection with this occurrence, including any coverage available to Defendant SGM TRUCKING, INC , (This request seeks each and every policy that may provide coverage in any amount.)

5.

Copies of any and all transcripts from any investigation, hearing or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this claim.

6.

Copies of the entire file, bills, all reports, memoranda or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

The complete personnel file of  Defendant SELVIN GOMEZ

8.

Please produce Defendant SELVIN GOMEZ 's driver's qualification file.

9.

Please provide all maintenance and repair records on the commercial vehicle involved in this incident, including the vehicle maintenance file and all documents created as a result of the incident in question. (This request also includes all documents, purchase invoices, repair estimates, previous damage, repair or maintenance documents, appraisals, property damagereports, daily vehicle condition report or inspection report, or any tangible evidence pertaining tothe upkeep of the commercial vehicle involved in the occurrence which is the subject matter of this civil action.)

10.

All documents evidencing, reflecting, and/or relating to any damage or expenses that you received, incurred or obtained as a result of this incident, including copies of any and all repair estimates or other statements reflecting any value and/or the extent of the damage to your commercial vehicle or equipment at issue.

11.

Each document submitted by you, or received from the police, the Interstate Commerce Commission, Department of Transportation or any other State, Federal or municipal entityinvestigating this incident.

12.

All policies or procedures regarding the inspection and maintenance of your truck and/or tractor and trailer and any inspection records for the truck and/or tractor and trailer involved in the subject incident.

13.

Any and all documents in any way pertaining to Defendant SELVIN GOMEZ reflecting or regarding his driver log books, driver's qualification file, personnel file, drug or alcohol tests, driver trip reports, driver trip envelopes, incidents reports for this incident and any other collisions involving Defendant SELVIN GOMEZ , his driving history, drug tests, hours of service, record of duty status, orders for the trip at issue in this case, hours of service for the preceding two weeks, or documents regarding the operation of Defendants' equipment.

14.

Any and all documents required to be maintained by DOT/CFR regulations, or Georgia's motor vehicle laws, as it relates to Defendant SGM TRUCKING, INC  or the commercial vehicle at issue.

15.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendants' defenses.

16.

Copies of all company policies and procedures pertaining to the operation of commercial vehicles any policies and procedures that in anyway apply to, cover, or govern Defendant SELVIN GOMEZ employment.

17.

Copies of all work orders, daily loads and/or work reports for November 8, 2022, as it relates to the driver, commercial vehicle, or trip which is the subject of this incident.

18.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from a collision involving Defendant SGM TRUCKING, INC , vehicle prior November 8, 2022

All documents that you receive in response to your Requests for Production of Documents to nonparties.

20.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence.

21.

Please produce all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

22.

Please produce the certificate of title, and/or other proof of ownership, and/or lease agreement for the commercial vehicle involved in the wreck that is the subject matter of this civil action.

23.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over any Defendants, that there has been an insufficiency of process of service of Plaintiff's Claim, and/or that there has been an insufficiency of service of process upon any Defendants.

24.

Copies of any and all reports, interoffice memoranda or other documents relating to matters which are the subject of this Complaint.

25.

Copies of any and all logbooks Defendant SELVIN GOMEZ Defendant SGM TRUCKING, INC for the months of September 2022, October 2022 and November 2022.

26.

Copies of any and all documentary evidence which is relevant to any issue in this action or which might lead to the discovery of other admissible evidence.

27.

Please produce any and all documents intended to be used to argue that Plaintiff's medical bills as mentioned in Plaintiff's Interrogatories are not reasonable and necessary.

28.

Your driver's complete application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21.

29.

All inquiries and responses to state driving agencies and prior employers of your driver made pursuant to the Federal Motor Carrier Safety Regulations of the U. S. Department of Transportation, Page 391.23.

30.

Inquiries and responses concerning annual reviews of driving records and records of violations regarding your driver, made pursuant to the Federal Motor Carrier Safety Regulations of the U.S.

Department of Transportation, Part 391.25 and 391.27.

31.

Logs and records commonly known as "Driver Daily Logs," "MCS-139," "MCS139A," "grid sheets" or "Driver's Multi-Day Logs," concerning your driver for the period commencing 30 days prior to the wreck described in the Claim to and including thirty (30) days after the date of the wreck described in the Claim. Or if you contend the driver was not required to maintain Driver Daily Logs, any other documents which would show either completely or in part when your driver came to work, when he finished work, where he delivered items, and the type of items delivered for the 30 days prior to the wreck described in the Claim to and including thirty (30) days after the date of the wreck described in the Claim to and including thirty (30) days after the date of the wreck described in the Claim.

32.

Complete copies of all driver's manuals, and other materials pertaining to company, federal, or state rues, in effect at the time of the wreck described in Counter Plaintiff's Claim.

33.

Copies of all bi-annual medical reviews for the last ten years.

34.

A copy of all documents showing your authority to operate your trucks through the State of Georgia (such as an I.C.C. permit or Certificate of Public Necessity and Convenience) and your permit to operate pursuant to the Interstate Commerce Commission rules.

Respectfully submitted,

This 17th day of April, 2023.

_/s/_ John S. O'Briant III
John O'Briant, Esquire

Bar # 133201
Morgan & Morgan
178 S Main Street Suite 300
Alpharetta, GA 30009, United States
Phone: (770) 576-7620
Fax: (770) 576-7670
Primary email: jobriant@forthepeople.com
Attorney for Plaintiff

**EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

**EDDIE BARKER**
APR 25, 2023 09:05 AM

*Annetta D. Stembridge*
Annetta D. Stembridge, Clerk
Douglas County, Georgia

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| KOUESSAN ZONOU , | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )     CIVIL ACTION FILE NO.: |
| | ) |
| SELVIN GOMEZ and | ) |
| SGM TRUCKING, INC | ) |
| . , | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT SGM TRUCKING, INC

TO: Defendant SGM TRUCKING, INC
     11109 Otsego St, Apt 203
     North Hollywood, CA 91601

COMES NOW Plaintiff KOUESSAN ZONOU , by and through her counsel of record, and

requires Defendant SGM TRUCKING, INC ., to answer under oath the following Requests for

Admissions within 45 days from the date of service of these Requests, pursuant to O.C.G.A. § 9-

11-36(a)(2).

Requests for admissions are not objectionable simply because they ask for opinions or

conclusions of law as long as the legal conclusions relate to the facts of the case. Bass & Co. v.

Douglas County Bd. of Tax Assessors, 268 Ga. 327, 486 S.E.2d 810 (1997).

**NOTE A:**     In reply to these Requests for Admission, your answer should specifically

admit or deny the request, or set forth in detail the reasons why the request cannot be truthfully

admitted or denied. Any denial shall fail to meet the substance of the requested admission, and

when good faith requires that you qualify your answer or deny only a part of the matter of which

an admission is requested, you shall specify so much of it as is true and qualify or deny the

remainder. O.C.G.A. § 9-11-36(a)(2).

**NOTE B:**       As the answering party, you may not give lack of information or knowledge as a reason for failure to admit or deny unless reasonable effort has been made and the information known or readily obtainable and available to the Defendant is sufficient to enable the Defendant to admit or deny the matter.  O.C.G.A. § 9-11-36(a)(2).

**NOTE C:**       If the Defendant considers that a matter requested presents a genuine issue for trial, this alone does not constitute grounds for an objection.  Mixed questions of law and fact, opinions, and genuineness of documents are all legitimate subjects of Requests for Admission. O.C.G.A. § 9-11-36(a)(1)(2).

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

3. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

4. "**subject incident**" means the collision between SELVIN GOMEZ , driver for SGM TRUCKING, INC , and KOUESSAN ZONOU   which occurred on November 8, 2022

## REQUEST FOR ADMISSIONS

1.

Please admit that Defendant SGM TRUCKING, INC ., was properly served with the Summons and Complaint in the above-styled action.

2.

Please admit that you raise no defenses as to insufficiency of process or insufficiency of service in this action.

3.

Please admit that venue for the above-styled case is proper IN THE STATE COURT OF DOUGLAS COUNTY, Georgia.

4.

Please admit that the State Court of Douglas County, Georgia has jurisdiction over Defendant SGM TRUCKING, INC ,. for the purpose of this lawsuit.

5.

Please admit that Defendant SELVIN GOMEZ an employee of Defendant SGM TRUCKING, INC ,. at the time of the subject collision with Plaintiff's vehicle.

6.

Please admit that Defendant SELVIN GOMEZ was operating the SGM TRUCKING, INC ., owned tractor trailer at the time of the collision in the course and scope of his employment with SGM TRUCKING, INC .

7.

Please admit that Defendant SGM TRUCKING, INC . is liable under the doctrine of respondeat superior for the negligent acts and omissions of Defendant SELVIN GOMEZ at the time of the subject collision.

8.

Please admit that Plaintiff's medical expenses for injuries she received in the subject collision are reasonable and necessary.

Respectfully submitted this 14th day of April 2023.


*/s/* John S. O'Briant III
John O'Briant, Esquire

Bar # 133201
Morgan & Morgan
178 S Main Street Suite 300
Alpharetta, GA 30009, United
StatesPhone: (770) 576-7620
Fax: (770) 576-7670
Primary email:
jobriant@forthepeople.com
Attorney for Plaintiff

EFILED IN OFFICE
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

EDDIE BARKER
APR 25, 2023 09:05 AM

Annetta D. Stembridge, Clerk
Douglas County, Georgia

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

KOUESSAN ZONOU ,

     Plaintiff,

vs.

SELVIN GOMEZ and
SGM TRUCKING, INC
. ,

     Defendants.

)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE NO.:

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SELVIN GOMEZ

TO:   Defendant SELVIN GOMEZ
      11109 Otsego St, Apt 203
      North Hollywood, CA 91601.

     Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the

above- named Defendant (hereinafter referred to "you" or "your") for response within

thirty (30) days after service hereof, in the form provided by law, the following

interrogatories and request for production of documents.

     You are required, when answering these interrogatories, to furnish all information

that is available to you, your attorneys or agents, and anyone else acting on your behalf.

If the complete answer to an interrogatory is not known to you, you shall so state and

answer the interrogatory to the fullest extent possible.

     These interrogatories are deemed to be continuing and you are required to provide,

by way of supplementary answers to these interrogatories, such additional information as

may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your

behalf, which information will augment or modify any answer given to the attached

interrogatories. All such supplemental answers must be filed and served upon the counsel

9

of record for the above-named Plaintiff within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of John O'Briant, Esq., 178 S. Main Street, Unit 300, Alpharetta, Georgia  30009, within thirty (30) days following receipt of this request unless the 30th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

**I.**   DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation,

cooperative,association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons toanother person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the bestavailable approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)      an <u>individual</u>, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employmentaddress (designating which), employment telephone number, and employment title or capacity.

(b)      a <u>firm, partnership, corporation, proprietorship, association or other organization or entity</u>, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)      <u>document</u> shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## I.      <u>INTERROGATORIES</u>

1.

Please identify the persons or entities who in any way owned and/or leased the subject commercial vehicle referred to in the Complaint at the time of the incident involving the Plaintiff. If the ownership changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over Defendants, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon the Defendants.

3.

Please state whether SELVIN GOMEZ was acting within the course and scope of his employment with SGM TRUCKING, INC  at the time of the incident at issue. If you claim he was not acting within the course and scope of his employment, please detail the basis of your denial.

4.

Please state the name and address of any potential party to this lawsuit, not already a party thereto, and state your claims and reasons for same.

5.

If the commercial vehicle involved in the subject incident belongs to someone other than SGM TRUCKING, INC , please explain the circumstances under which the vehicle came into the possession of the operator,the purpose for which the vehicle was being used and its destination.

6.

If you have ever been a Defendant or Plaintiff in a lawsuit involving personal injuries in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

7.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

8.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulations which you contend the Plaintiff violated with respect to the incident giving rise to this lawsuit.

9.

Give the name, address and telephone number of all persons that to you or your representative's knowledge, information or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

10.

State the name, address and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

13.

Please identify with specificity any accident or incident involving personal injuries in which Defendant SELVIN GOMEZ has been involved, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence, the name, address and telephone number of all parties involved in said accident, the address of the investigating police department, personal injuries, if any, claimed in such accident and a short description of how the accident occurred.

14.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item. (NOTE: You need not describe any document that was produced and specifically listed as having been produced in your responses to Plaintiffs' first request for production of documents.)

15.

State the substance of each conversation you had with Plaintiff or any representative of Plaintiff at any time.

16.

For the date of the incident that is the subject of this lawsuit, state the times in which Defendant SELVIN GOMEZ went to work and the times he quit work on that date, and on each of the previous seven (7) days.

17.

Please state the point of origin, the destination, the reason for the trip, and at whose request Defendant SELVIN GOMEZ was driving the subject commercial vehicle at the time of the incident described in Plaintiff's Complaint Claim.

18.

If Defendant SELVIN GOMEZ has ever been given a citation for traffic offenses or a work reprimand preceding the incident which is the subject of this lawsuit, please state the date and place where the citation(s) or reprimands were issued and the disposition(s) of each.

19.

15

Please state the make, year, weight and model of the subject commercial vehicle involved in the incident, and please identify the last date preceding the incident on which the tires were replaced or repaired on the vehicle, and please identify all mechanical repairs or services to the trailer preceding the crash.

20.

Has Defendant SELVIN GOMEZ ever had a driver's license suspended, canceled, revoked, or containing any restrictions of any sort in the past, at the time of the incident, or after the collision forming the basis of Plaintiff's Claim?

21.

Please state the factual basis for each defense that you assert in this action.

22.

If you contend that the Plaintiff acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

23.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, please state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

24.

Please identify any and all documentary or other tangible evidence, not previously

identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

25.

Please identify all policies and procedures in effect to supervise and regulate your drivers to determine their ability to safely operate and maintain commercial vehicles, such as the vehicle driven by Defendant SELVIN GOMEZ forming the basis of Plaintiff's Claim.

26.

Did you make a determination as to whether this incident was preventable by or chargeable to Defendant SELVIN GOMEZ If so, please state your determination and the reasons therefore.

27.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, please describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same and the present location of such statement or report or any copy thereof.

28.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Claim, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

    a)      what each such item purports to show, illustrate or represent;

    b)      the date it was made or taken; and

c)      the names and address of the person having custody of such item.

29.

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence? If so, state the full name, address and telephone numbers of any person performing such test(s), experiment(s) or reconstruction(s), and provide a summary of any findings.

30.

Please state by whom Defendant SELVIN GOMEZ was given permission to operate the subject truck or tractor trailer and on what date authorization was given.

31.

Detail each and every arrangement or agreement between Defendant SELVIN GOMEZ and Defendant SGM TRUCKING, INC  or any other individual or entity under which Defendant SELVIN GOMEZ was performing services at the time of the subject incident.

32.

State the date and time of each and every inspection of the subject commercial vehicle prior to this incident. For each inspection, detail how the inspection was performed, identifywho was present and the results of the inspection.

33.

Are you a motor common carrier for hire?

34.

Please state the names, addresses and job positions of all operations managers who were either working at the time of this incident or have knowledge of this incident.

18

35.

Please state whether you have attempted to surveil or observe Plaintiff at any time after the collision forming the basis of Plaintiff's Claim, and state whether any video tapes, pictures or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-collision surveillance even if such attempts were unsuccessful.)

36.

Please provide the present location of the tractor-trailer involved in this incident, state whether it has been altered or repaired following the incident, and identify the nature of the alteration or repairs, the person or entity who made such alterations or repairs, and any documentation regarding such alteration or repairs.

37.

Please state whether Defendant SELVIN GOMEZ received any verbal or written disciplinary action as a result of the incident at issue, and if so, please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

38.

Please identify whether the subject commercial vehicle driven by Defendant SELVIN GOMEZ was equipped with any monitoring or recording devices (i.e., a "black box") at the time of the incident at issue, and if so, please identify all documents generated therefrom.

39.

Do you contend that Plaintiff's medical bills for the injuries sustained in the subject collision were not reasonable and customary in their current form?  If not, please explain.

40.

Have you ever violated the federal motor carrier safety regulations? If so, please state the

violation and whether or not the violation is known to your employer and/or any enforcement agency.

41.

Please state the time you started working and the time you stopped working setting forth how many deliveries you made and to where the day before the collision with the Plaintiff and the day of the collision with the Plaintiff.

Respectfully submitted,

This 14th day of April, 2023.

/s/ John S. O'Briant III<br>
John O'Briant, Esquire<br>
Bar# 133201<br>
Morgan & Morgan<br>
178 S Main Street Suite 300<br>
Alpharetta, GA 30009 United States<br>
Phone: (770) 576-7620<br>
Fax: (770) 576-7670<br>
Primary email: jobriant@forthepeople.com<br>
Attorney for Plaintiff

**EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

**EDDIE BARKER**
APR 25, 2023 09:05 AM

Annetta D. Stembridge, Clerk
Douglas County, Georgia

IN THE STATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

KOUESSAN ZONOU ,                              )
                                             )
      Plaintiff,                         )
vs.                                          )        CIVIL ACTION FILE NO.:
                                             )
SELVIN GOMEZ and                             )
SGM TRUCKING, INC                                 )
. ,                                          )
                                             )
      Defendants.                        )

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all

Defendants in the foregoing matter with a copy of the following:

1. **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SELVIN GOMEZ**

2. **PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO SELVIN GOMEZ**

3. **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT SGM TRUCKING, INC**

4. **PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO SGM TRUCKING, INC**

This 17th day of April, 2023.

_/s/_ John S. O'Briant III
John O'Briant, Esquire
Bar # 133201
Morgan & Morgan
178 S Main Street Suite 300
Alpharetta, GA 30009, United
StatesPhone: (770) 576-7620
Fax: (770) 576-7670
Primary email:
jobriant@forthepeople.com
Attorney for Plaintiff

# STATE COURT OF DOUGLAS COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>23SV00426</u>

ZONOU, KOUESSAN

---

**PLAINTIFF**

**VS.**

SGM TRUCKING, INC,
GOMEZ, SELVIN

---

**DEFENDANTS**

**SUMMONS**

TO: SCOTTSDALE INDEMNITY COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **John O'Briant**
> **MORGAN AND MORGAN PLLC**
> **178 S Main Street Ste 300**
> **Alpharetta, Georgia 30009**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 26th day of May, 2023.**

Clerk of State Court

Annetta D. Stembridge, Clerk
Douglas County, Georgia

**AFFIDAVIT OF SERVICE**

**State of Georgia**                    **County of Douglas**          **State Court**

✉ EFILED IN OFFICE
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

**EDDIE BARKER**
**JUN 09, 2023 12:52 PM**

Annetta D. Stembridge, Clerk
Douglas County, Georgia

Case Number: 23SV00426

Plaintiff:
Zonou, Kouessan
vs
Defendant
SGM Trucking Inc
Gomez, Selvin

For:
J. O' Briant
Morgan & Morgan

Received by Perma Investigations on the 31st day of May 2023 to be served on **Scottsdale Indemnity Company c/o Corporation Service Company RA 2 Sun Court Suite 400 Peachtree Corners, GA 30092.**

**I, Marc Perlson, being duly sworn, depose and say, that on the 31st day of May 2023 at 12:35 PM, I:** Served **Scottsdale Indemnity Company c/o Corporation Service Company RA** by delivering a true copy of the **SUMMONS, COMPLAINT FOR DAMAGES,** to: Corporation Service Company as **Registered Agent BY LEAVING THE SAME WITH** Alisha Smith as **Authorized to Accept** at the address of **2 Sun Court Suite 400 Peachtree Corners, GA 30092.**

I am an agent of Perma Investigations and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and have been appointed by this Court to serve process.

**Additional Information**

Latest Status: 05/31/2023 12:35 pm corporate service made at 2 Sun Court Suite 400, Peachtree Corners, GA 30092, by serving Alisha Smith, CSC Coordinator. Black female, black hair, 40-45 years old , 5'8", 150 lbs, no glasses.

Subscribed and Sworn to before me on the ____4 M____ day of
June 2023 by the affiant who is personally known to me.

_____
NOTARY PUBLIC



Marc Perlson
Process Server

Perma Investigations
PO Box 1742
Roswell, GA 30077

IN THE SUPERIOR COURT OF DOUGLAS COUNTY

STATE OF GEORGIA

**FILED**

IN RE:  APPLICATION OF )
Marc Perlson )
FOR APPOINTMENT AS )
PERMANENT PROCESS SERVER )
PURSUANT TO O.C.G.A. SECTION )
9-11-4(c) )

**DEC 03 2021**

Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA

## ORDER APPOINTING PERMANENT PROCESS SERVER

The foregoing Application having been read and considered, it is hereby ORDERED that Marc Perlson be appointed as permanent process server for the Douglas County Superior Court pursuant to O.C.G.A. § 9-11-4(c).

The appointment shall be effective from the date of this Order to the date of expiration of Applicant's current certification as a process server through the Georgia Administrative Office of the Courts, which is 11/09/2023 , unless sooner revoked.

SO ORDERED, this _2nd_ day of _December_, 20 _21_.

**DAVID T. EMERSON**
Chief Judge

5

☐ ORIGINAL

**FILED**

IN THE STATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

NOV 29 2022

Annetta D. Blombridge, Clerk
Superior & State Court
Douglas County, GA

STANDING ORDER, RE:                    :
                                       :
                                       :
                                       :
PERMANENT PROCESS SERVERS              :
                                       :
                                       :
                                       :
                                       :

## STANDING ORDER

Pursuant to O.C.G.A. § 9-11-4 (c), this Court provides herein that any person who has completed the application process for appointment as a permanent process server in the Superior Court of Douglas County in 2019 or anytime thereafter, and has been appointed as a permanent process server in said Court for 2019 or anytime thereafter, shall be deemed to be appointed as a permanent process server in the State Court of Douglas County. Permanent process servers wishing to rely upon this Order shall be required to attach a copy of their Superior Court Order of Appointment to any Affidavit of Service that is required to be filed with the Court. All appointments arising pursuant to this Order shall be effective until midnight, December 31, 2023.

And it is SO ORDERED and ADJUDGED this 29th day of November, 2022.

HON. EDDIE BARKER, Chief Judge
State Court of Douglas County
Douglas Judicial Circuit

HON. BRIAN K. FORTNER, Judge
State Court of Douglas County
Douglas Judicial Circuit

RECORDED IN BOOK 67 PAGE 04
DATE 11/29/2022

Scanned with CamScanner

# NOTICE OF LEAVE OF ABSENCE

EFILED IN OFFICE
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

EDDIE BARKER
JUN 29, 2023 01:29 PM

Annetta D. Stembridge, Clerk
Douglas County, Georgia

**To:**       **All Judges, Clerks of Court, and Counsel of Record**

**From:**     **John S. O'Briant III**

**Date:**     **June 28, 2023**

**Re:**       **Notice of Leave of Absence**

---

COMES NOW, John S. O'Briant III, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel that he will be on leave pursuant to Georgia Uniform Court Rule 16 as follows:

1.     The periods of leave during which time Applicant will be away from the practice of law are:

July 21, 2023

August 4, 2023

August 16 through August 18, 2023

August 23 through August 25, 2023

October 26 through November 1, 2023.

2.     The purpose of the leave is travel out of state and/or country.

3.     All affected judges and opposing counsel shall have ten (10) days from the date of this notice to object to it.  If no objections are filed, the leave shall be granted.

This 28th day of June, 2023.

Respectfully Submitted,

*/s/ John S. O'Briant*

_____

John S. O' Briant III
Attorney for Plaintiff
Georgia Bar No. 133201

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the within and foregoing **NOTICE OF LEAVE OF ABSENCE** upon all judges, clerks, and opposing counsel via PeachCourt E-File and Odyssey E-File.

This 28th day of June, 2023.

Respectfully Submitted,

*/s/ John S. O'Briant*

_____

John S. O' Briant III
Attorney for Plaintiff
Georgia Bar No. 133201

Morgan & Morgan, PLLC
178 S Main Street, Suite 300
Alpharetta, Georgia 30009
Phone:  (770) 799-2921
jobriant@forthepeople.com
kierriajones@forthepeople.com
bsatchwell@forthepeople.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

EDDIE BARKER

**JUN 30, 2023 08:38 AM**

*Annetta D. Stembridge*
Annetta D. Stembridge, Clerk
Douglas County, Georgia

IN THE STATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| KOUESSAN ZONOU | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO. 23SV00426 |
| | ) | |
| v. | ) | |
| | ) | |
| SELVIN GOMEZ and | ) | |
| SGM TRUCKING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**NON-PARTY SCOTTSDALE INDEMNITY COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Non-Party Scottsdale Indemnity Company ("Scottsdale"), by and through undersigned counsel and by way of special appearance, without waiving but specifically reserving all jurisdiction defenses available to it, and serves its answer and defenses to Plaintiff's Complaint for Damages ("Complaint") showing the court as follows:

**FIRST DEFENSE**

All or part of Plaintiff's Complaint fails to state a cause of action against Scottsdale upon which relief can be granted, and Scottsdale therefore moves to dismiss said action.

**SECOND DEFENSE**

No act or omission of Scottsdale either proximately caused or contributed to whatever damage Plaintiff may have sustained, and, on account thereof, Plaintiff is not entitled to recover any sum of Scottsdale.

**THIRD DEFENSE**

The occurrence complained of was caused, produced, and brought about directly and proximately by the negligence of Plaintiff, and on account thereof, Plaintiff is not entitled to recover any sum of Scottsdale.

## FOURTH DEFENSE

The occurrence complained of was caused, produced, and brought about directly and proximately by the negligence of some other person or persons for whom Scottsdale was not responsible and, on account thereof, Plaintiff is not entitled to recover any sum of Scottsdale.

## FIFTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided being injured, and on account thereof, Plaintiff is not entitled to recover any sum of Scottsdale.

## SIXTH DEFENSE

The negligence of Plaintiff equaled or preponderated over any act or omission of Scottsdale in producing and bringing about the occurrence complained of, and on account thereof, Plaintiff is not entitled to recover any sum of Scottsdale.

## SEVENTH DEFENSE

Plaintiff is barred from bringing the instant action by the doctrine of assumption of risk.

## EIGHTH DEFENSE

The failure to specifically plead special damages bars is recovery. O.C.G.A. §9-11-9(g).

## NINTH DEFENSE

To avoid waiving affirmative defenses which may subsequently develop, and in further answer, Scottsdale states that Plaintiff's Complaint may be barred by the affirmative defenses stated in O.C.G.A. §9-11-8(c), or any one of them.

## TENTH DEFENSE

To the extent as may be shown by the evidence through discovery, Scottsdale asserts the defenses of assumption of the risk, contributory/comparative negligence, failure of Plaintiff to exercise ordinary care for Plaintiff's own safety, failure to avoid consequences, failure to mitigate

damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, sudden emergency, and waiver.

## ELEVENTH DEFENSE

To the extent Plaintiff's Complaint states a claim for recovery of attorney's fees, Plaintiff failed to state facts sufficient to entitle him to an award of compensatory damages or attorney's fees and expenses from Scottsdale.

## TWELFTH DEFENSE

To the extent Plaintiff's Complaint states a claim for recovery of attorney's fees, under O.C.G.A. § 13-6-11, such claim is barred because Scottsdale did not act in bad faith in the underlying transaction giving rise to this suit.

## THIRTEENTH DEFENSE

To the extent Plaintiff's Complaint states a claim for recovery of attorney's fees, under O.C.G.A. § 13-6-11, such claim is barred by the existence of a bona fide dispute as to liability and/or damages.

## FOURTEENTH DEFENSE

This Honorable Court lacks jurisdiction over this Defendant and, as a result thereof, Plaintiff's Complaint must be dismissed.

## FIFTEENTH DEFENSE

Venue is improper in this Court and, as a result thereof, Plaintiff's Complaint must be dismissed.

## SIXTEENTH DEFENSE

Further answering the numbered paragraphs of Plaintiff's Complaint, Scottsdale answers as follows:

## PARTIES AND JURISDICTION

1.

Scottsdale does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

2.

Scottsdale does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

3.

Scottsdale only admits Defendant SGM Trucking, Inc. is a foreign corporation existing under the laws of the state of California with its principal place of business in California and its registered agent is Mayra M. Alvarado Chavez who is located at 11109 Otsego St. Apt. 203, North Hollywood, CA 91601. The remaining allegations contained in paragraph 3 of Plaintiff's Complaint contain legal conclusions to which no response is required from Scottsdale. To the extent a response is required, Scottsdale admits Defendant SGM Trucking, Inc. may be served with process in accordance with Georgia law. To the extent the remaining allegations contained in paragraph 3 of Plaintiff's Complaint are inconsistent with Georgia law, they are denied.

4.

The allegations contained in paragraph 4 of Plaintiff's Complaint contain a legal conclusion to which no response is required from Scottsdale. To the extent a response is required, Scottsdale admits jurisdiction is proper if established in accordance with Georgia law. To the extent the legal conclusion contained in paragraph 4 of Plaintiff's Complaint is inconsistent with Georgia law, it is denied.

5.

The allegations contained in paragraph 5 of Plaintiff's Complaint contain a legal conclusion to which no response is required from Scottsdale. To the extent a response is required, Scottsdale admits venue is proper if established in accordance with Georgia law. To the extent the legal conclusion contained in paragraph 5 of Plaintiff's Complaint is inconsistent with Georgia law, it is denied.

## **BACKGROUND**

6.

Scottsdale only admits Plaintiff was travelling east on SR-14 ALT, in Fulton County, Georgia, on November 8, 2022. Scottsdale denies the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Scottsdale denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Scottsdale does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

9.

Scottsdale does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

10.

Scottsdale does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

11.

Scottsdale denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Scottsdale denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Scottsdale denies the allegations contained in paragraph 13, including subparts a through k thereof, of Plaintiff's Complaint.

## **COUNT 1: NEGLIGENCE – SELVIN GOMEZ**

14.

Scottsdale incorporates its responses to paragraph 1-13 by reference as if stated in full herein.

15.

Scottsdale denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Scottsdale does not possess sufficient information to form a belief as to the truth of the

allegations contained in paragraph 16 of Plaintiff's Complaint and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

17.

Scottsdale denies the allegation contained in paragraph 17 of Plaintiff's Complaint.

18.

Scottsdale denies the allegation contained in paragraph 18 of Plaintiff's Complaint.

## **COUNT 2: NEGLIGENCE – SGM TRUCKING, INC.**

19.

Scottsdale incorporates its responses to paragraph 1-18 by reference as if stated in full herein.

20.

Scottsdale does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

21.

Scottsdale denies the allegation contained in paragraph 21 of Plaintiff's Complaint.

22.

Scottsdale denies the allegation contained in paragraph 22 of Plaintiff's Complaint.

23.

Scottsdale denies the allegation contained in paragraph 23 of Plaintiff's Complaint.

24.

Scottsdale denies the allegation contained in paragraph 24 of Plaintiff's Complaint.

25.

Scottsdale denies the allegation contained in paragraph 25 of Plaintiff's Complaint.

## COUNT 3: IMPUTED LIABILITY

26.

Scottsdale incorporates its responses to paragraph 1-25 by reference as if stated in full herein.

27.

Scottsdale does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

28.

Scottsdale does not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

29.

The allegations contained in paragraph 29 of Plaintiff's Complaint contain legal conclusions to which no response is required from Scottsdale. To the extent a response is required, Scottsdale admits Defendant SGM Trucking, Inc.'s duties are established by federal and Georgia law. To the extent the legal conclusions contained in paragraph 29 of Plaintiff's Complaint are inconsistent with Georgia law, it is denied.

## COUNT 4: NEGLIGENT HIRING, TRAINING & SUPERVISION

30.

Scottsdale incorporates its responses to paragraph 1-29 by reference as if stated in full

herein.

31.

Scottsdale denies the allegations in paragraph 31 of Plaintiff's Complaint.

32.

Scottsdale denies the allegations in paragraph 32 of Plaintiff's Complaint.

33.

Scottsdale denies the allegations in paragraph 33 of Plaintiff's Complaint.

34

Scottsdale denies the allegations in paragraph 34 of Plaintiff's Complaint.

35.

Scottsdale denies the allegations in paragraph 35 of Plaintiff's Complaint.

36.

Scottsdale denies the allegations in paragraph 36 of Plaintiff's Complaint.

## **COUNT 6: DAMAGES**

37.

Scottsdale incorporates its responses to paragraph 1-36 by reference as if stated in full herein.

38.

Scottsdale denies the allegations in paragraph 38 of Plaintiff's Complaint.

39.

Scottsdale denies the allegations in paragraph 39 of Plaintiff's Complaint.

40.

Scottsdale denies the allegations in paragraph 40 of Plaintiff's Complaint.

41.

In response to the "WHEREFORE" paragraph immediately following paragraph 40 of Plaintiff's Complaint, including subparts a through e thereof, Scottsdale denies it is liable to Plaintiff and denies that Plaintiff is entitled to any relief from Scottsdale under any theory at law or in equity.

42.

Each and every allegation contained in Plaintiff's Complaint not specifically addressed above is hereby expressly denied.

43.

Scottsdale demands a trial by jury on all issues so triable.

WHEREFORE, Scottsdale having fully answered the Plaintiff's Complaint, prays that it hence be discharged of the Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of it and against Plaintiff, with all costs cast upon Plaintiff.

This 30th day of June, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
CARLOS A. FERNÁNDEZ
Georgia Bar No. 769087
Carlos.fernandez@fmglaw.com

*Attorneys for Scottsdale Indemnity Company*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 – Phone
(833) 330-3669 – Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing NON-PARTY SCOTTSDALE INDEMNITY COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES via PeachCourt E-File system which will send electronic notification of such filing to counsel of record as follows:

John S. O'Briant, III
MORGAN & MORGAN
178 S Main Street
Suite 300
Alpharetta, GA 30009
jobriant@forthepeople.com

This 30th day of June, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
CARLOS A. FERNÁNDEZ
Georgia Bar No. 769087
Carlos.fernandez@fmglaw.com

*Attorneys for Scottsdale Indemnity Company*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 – Phone
(833) 330-3669 – Facsimile

**EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

**EDDIE BARKER**
**JUL 10, 2023 02:23 PM**

Annetta D. Stembridge, Clerk
Douglas County, Georgia

IN THE STATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

KOUESSAN ZONOU                )
                              )    CIVIL ACTION FILE
          Plaintiff,          )    NO. 23SV00426
                              )
v.                            )
                              )
SELVIN GOMEZ and              )
SGM TRUCKING, INC.,           )
                              )
          Defendants.         )

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

Pursuant to Rule 5.2 of the Uniform Superior Court Rules, I hereby certify that as of this date

I have served the foregoing documents as follows:

- ***Non-Party Scottsdale Indemnity's First Requests for Admissions to Plaintiff***

via statutory electronic service upon counsel and participants of record in this action as follows:

John S. O'Briant, III
MORGAN & MORGAN
178 S Main Street
Suite 300
Alpharetta, GA 30009
jobriant@forthepeople.com

This 10th day of July, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
CARLOS A. FERNÁNDEZ
Georgia Bar No. 769087
Carlos.fernandez@fmglaw.com

*Attorneys for Scottsdale Indemnity Company*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 – Phone
(833) 330-3669 – Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing **RULE 5.2**

**CERTIFICATE OF SERVICE OF DISCOVERY** to the Clerk of Court utilizing the Court's

Odyssey eFileGA electronic filing system which will automatically transmit by electronic service

a copy of this filing to counsel and participants of record in this action:

John S. O'Briant, III
MORGAN & MORGAN
178 S Main Street
Suite 300
Alpharetta, GA 30009
jobriant@forthepeople.com

This 10th day of July, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
CARLOS A. FERNÁNDEZ
Georgia Bar No. 769087
Carlos.fernandez@fmglaw.com

*Attorneys for Scottsdale Indemnity Company*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 – Phone
(833) 330-3669 – Facsimile

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

EDDIE BARKER

JUL 10, 2023 03:38 PM

*Annetta D. Stembridge*
Annetta D. Stembridge, Clerk
Douglas County, Georgia

IN THE STATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| KOUESSAN ZONOU | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | NO. 23SV00426 |
| | ) | |
| v. | ) | |
| | ) | |
| SELVIN GOMEZ and | ) | |
| SGM TRUCKING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

Pursuant to Rule 5.2 of the Uniform Superior Court Rules, I hereby certify that as of this date

I have served the foregoing documents as follows:

- ***Non-Party Scottsdale Indemnity's First Requests for Admissions to Plaintiff***

via statutory electronic service upon counsel and participants of record in this action as follows:

John S. O'Briant, III
MORGAN & MORGAN
178 S Main Street
Suite 300
Alpharetta, GA 30009
jobriant@forthepeople.com

This 10th day of July, 2023.

FREEMAN MATHIS & GARY, LLP

/s/ Marc H. Bardack
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
CARLOS A. FERNÁNDEZ
Georgia Bar No. 769087
Carlos.fernandez@fmglaw.com

*Attorneys for Scottsdale Indemnity Company*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 – Phone
(833) 330-3669 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **RULE 5.2**

**CERTIFICATE OF SERVICE OF DISCOVERY** to the Clerk of Court utilizing the Court's

Odyssey eFileGA electronic filing system which will automatically transmit by electronic service

a copy of this filing to counsel and participants of record in this action:

John S. O'Briant, III

MORGAN & MORGAN

178 S Main Street

Suite 300

Alpharetta, GA 30009

jobriant@forthepeople.com

This 10th day of July, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Marc H. Bardack*

MARC H. BARDACK

Georgia Bar No. 037126

mbardack@fmglaw.com

CARLOS A. FERNÁNDEZ

Georgia Bar No. 769087

Carlos.fernandez@fmglaw.com

*Attorneys for Scottsdale Indemnity Company*

100 Galleria Parkway, Suite 1600

Atlanta, Georgia 30339

(770) 818-0000 – Phone

(833) 330-3669 – Facsimile

**EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

EDDIE BARKER
**JUL 12, 2023 12:59 PM**

Annetta D. Stembridge, Clerk
Douglas County, Georgia

**IN THE STATE COURT OF DOUGLAS COUNTY, GEORGIA**

Kouessan Zonou

        Plaintiff

     v.

Selvin Gomez and SGM Trucking, Inc

       Defendant

Case No.:23SV00426

### AFFIDAVIT OF NON SERVICE

That I, Jim Sands hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That attempts were made to serve Selvin Gomez with Plaintiff's First Set of Interrogatories to Defendant Selvin Gomez; Rule 5.2 Certificate of Service; Plaintiff's First Request for Admissions to Defendant Selvin Gomez; Plaintiff's First Request for Production of Documents and Notice to Produce to Defendant Selvin Gomez; Complaint for Damages; Summons; General Civil and Domestic Relations Case Filing Information Form at:

  Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 4/30/2023 at 5:10 PM
  Results: security apt complex, intercom broken. No names on mailbox. No answer at door.

  Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/3/2023 at 7:26 PM
  Results: No answer at door.

  Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/6/2023 at 10:10 AM
  Results: No answer at door.

  Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/9/2023 at 5:46 PM
  Results: No answer at door.

  Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/12/2023 at 7:10 AM
  Results: No answer, lights on inside unit.

**Continued on Next Page**

**IN THE STATE COURT OF DOUGLAS COUNTY, GEORGIA**

Kouessan Zonou

              Plaintiff

        v.

Selvin Gomez and SGM Trucking, Inc

              Defendant

Case No.:23SV00426

**Continued from Previous Page**

Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/15/2023 at 3:01 PM
Results: No answer at door.

Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/18/2023 at 6:46 AM
Results: No answer at door.

Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/20/2023 at 6:52 AM
Results: Per Ogungbe family, subject/company is unknown.

That the fee for this Service is

Sworn to and subscribed before me on  6/29/2023

ELIZABETH H. MACAULEY
COMM # 2345405
SAN DIEGO County
California Notary Public
Comm Exp Feb. 6, 2025

Jim Sands
Contracted by Perma Investigations and Polygraph
PO Box 1742
Roswell, GA 300771742
(770) 664-8005

5/26/2023
Executed On:

Order #:36515
Zonou v SMG Trucking

EFILED IN OFFICE
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

EDDIE BARKER
JUL 12, 2023 12:59 PM

Annetta D. Stembridge, Clerk
Douglas County, Georgia

## IN THE STATE COURT OF DOUGLAS COUNTY, GEORGIA

Kouessan Zonou

           Plaintiff

    v.

Selvin Gomez and SGM Trucking, Inc

        Defendant

Case No.:23SV00426

### AFFIDAVIT OF NON SERVICE

That I, Jim Sands hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the following document are true and do affirm I am a competent person over 18 years of age, not a party to this action and that I am certified and in good standing and/or authorized to serve process in the Judicial Circuit in which the process was served.

That attempts were made to serve SGM Trcuking with Plaintiff's First Set of Interrogatories to Defendant SGM Trcuking; Rule 5.2 Certificate of Service; Plaintiff's First Request for Admissions to Defendant SGM Trcuking; Plaintiff's First Request for Production of Documents and Notice to Produce to Defendant SGM Trcuking; Complaint for Damages; Summons; General Civil and Domestic Relations Case Filing Information Form at:

  Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 4/30/2023 at 5:10 PM
  Results: security apt complex, intercom broken. No names on mailbox. No answer at door.

  Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/3/2023 at 7:26 PM
  Results: No answer at door.

  Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/6/2023 at 10:10 AM
  Results: No answer at door.

  Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/9/2023 at 5:46 PM
  Results: No answer at door.

  Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/12/2023 at 7:10 AM
  Results: No answer, lights on inside unit.

**Continued on Next Page**

**IN THE STATE COURT OF DOUGLAS COUNTY, GEORGIA**

Kouessan Zonou

        Plaintiff

    v.

Selvin Gomez and SGM Trucking, Inc

        Defendant

Case No.:23SV00426

**Continued from Previous Page**

Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/15/2023 at 3:01 PM
Results: No answer at door.

Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/18/2023 at 6:46 AM
Results: No answer at door.

Attempted at 11109 Otsego St Apt 203 North Hollywood, CA 91601-5627 On 5/20/2023 at 6:52 AM
Results: Per Ogungbe family, subject/company is unknown.

That the fee for this Service is

Sworn to and subscribed before me on   6/29/2023

ELIZABETH M. MACAULEY
COMM # 2345405
SAN DIEGO County
California Notary Public
Comm Exp Feb. 6, 2025

Jim Sands
Contracted by Perma Investigations and Polygraph
PO Box 1742
Roswell, GA 300771742
(770) 664-8005

5/24/2023
Executed On:

Order #:36518
Zonou v SMG Trucking

**EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**
**EDDIE BARKER**
**JUL 14, 2023 02:11 PM**

Annetta D. Stembridge, Clerk
Douglas County, Georgia

IN THE STATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

KOUESSAN ZONOU          )
                        )          CIVIL ACTION FILE
        Plaintiff,       )          NO. 23SV00426
                        )
v.                      )
                        )
SELVIN GOMEZ and         )
SGM TRUCKING, INC.,      )
                        )
        Defendants.      )

**PLAINTIFF'S RESPONSE TO NON-PARTY SCOTTSDALE INDEMNITY COMPANY'S**
**FIRST REQUESTS FOR ADMISSIONS**

COMES NOW Plaintiff Kouessan Zonou and responds to Non-Party Scottsdale

Indemnity Company's first request for admissions as follows:

**REQUESTS FOR ADMISSION**

1.

Admit that you are currently a citizen of Georgia. **ADMIT**

2.

Admit that you are a resident of Georgia.      **ADMIT**

3.

Admit that you are domiciled in Georgia.      **ADMIT**

4.

Admit that you reside within Fulton County, Georgia.        **DENY**

5.

Admit that you are domiciled within Fulton County, Georgia.        **DENY**

6.

Admit that you are not currently a citizen of California.        **ADMIT**

7.

Admit that you are not a resident of California.       **ADMIT**

8.

Admit that you are domiciled in California.  **DENY**

9.

Admit that the amount in controversy in this case exceeds the sum or value of $75,000.00, exclusive of interest and costs. **CANNOT ADMIT OR DENY**

10.

If your response to Request No. 9 is anything other than an unqualified admission, admit that you or your counsel will not ask a judge or jury to award damages in the instant case in excess of $75,000, exclusive of interest and costs. **CANNOT ADMIT OR DENY**

11.

If your response to Request No. 9 is anything other than an unqualified admission, admit that you will not amend your complaint to seek damages in excess of $75,000.00, exclusive of interest and costs, after the expiration of one year from the date this case was commenced. **CANNOT ADMIT OR DENY**

12.

If your response to Request No. 9 is anything other than an unqualified admission, admit that in the event of a verdict or judgment in excess of $75,000, exclusive of interest and costs, you will agree not to execute on any portion of the verdict or judgment that exceeds $75,000.00, exclusive of interest and costs. **CANNOT ADMIT OR DENY**

13.

If your response to Request No. 9 is anything other than an unqualified admission, admit that in the event of a verdict or judgment in excess of $75,000, exclusive of interest and costs, you will agree that the verdict or judgment shall be satisfied and canceled upon payment of $75,000.00, exclusive of interest and costs. **CANNOT ADMIT OR DENY**

This 14th day of July 2023

*/s/ John S. O'Briant*

_____

John S. O' Briant III
Attorney for Plaintiff
Georgia Bar No. 133201

Morgan & Morgan, PLLC
178 S Main Street, Suite 300
Alpharetta, Georgia 30009
Phone:  (770) 799-2921
jobriant@forthepeople.com
kierriajones@forthepeople.com
bsatchwell@forthepeople.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing *PLAINTIFF'S RESPONSE TO NON-PARTY SCOTTSDALE INDEMNITY COMPANY'S FIRST REQUESTS FOR ADMISSIONS* via PeachCourt E-File system which will send electronic notification of such filing to counsel of record as follows:

MARC H. BARDACK
mbardack@fmglaw.com

CARLOS A. FERNÁNDEZ
Carlos.fernandez@fmglaw.com

This 14th day of July 2023

*/s/ John S. O'Briant*

_____
John S. O' Briant III
Attorney for Plaintiff
Georgia Bar No. 133201

Morgan & Morgan, PLLC
178 S Main Street, Suite 300
Alpharetta, Georgia 30009
Phone:  (770) 799-2921
jobriant@forthepeople.com
kierriajones@forthepeople.com
bsatchwell@forthepeople.com

✦ **EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGLAS COUNTY, GEORGIA

**23SV00426**

**EDDIE BARKER**
**AUG 24, 2023 09:59 AM**

*Annetta D. Stembridge*
Annetta D. Stembridge, Clerk
Douglas County, Georgia

IN THE STATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

KOUESSAN ZONOU )
)  CIVIL ACTION FILE
    Plaintiff, )  NO. 23SV00426
)
v. )
)
SELVIN GOMEZ and )
SGM TRUCKING, INC., )
)
    Defendants. )

### DEFENDANTS SELVIN GOMEZ AND SGM TRUCKING, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Defendants Selvin Gomez ("Gomez") and SGM Trucking, Inc. ("SGM," collectively referred to as "Defendants"), by and through undersigned counsel and by way of special appearance, without waiving but specifically reserving all jurisdiction defenses available to them, and serve their answer and defenses to Plaintiff's Complaint for Damages ("Complaint") showing the court as follows:

### FIRST DEFENSE

All or part of Plaintiff's Complaint fails to state a cause of action against Defendants upon which relief can be granted, and Defendants therefore move to dismiss said action.

### SECOND DEFENSE

No act or omission of Defendants either proximately caused or contributed to whatever damage Plaintiff may have sustained, and, on account thereof, Plaintiff is not entitled to recover any sum of Defendants.

## THIRD DEFENSE

The occurrence complained of was caused, produced, and brought about directly and proximately by the negligence of Plaintiff, and on account thereof, Plaintiff is not entitled to recover any sum of Defendants.

## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided being injured, and on account thereof, Plaintiff is not entitled to recover any sum of Defendants.

## FIFTH DEFENSE

The negligence of Plaintiff equaled or preponderated over any act or omission of Defendants in producing and bringing about the occurrence complained of, and on account thereof, Plaintiff is not entitled to recover any sum of Defendants.

## SIXTH DEFENSE

Plaintiff is barred from bringing the instant action by the doctrine of assumption of risk.

## SEVENTH DEFENSE

The failure to specifically plead special damages bars is recovery. O.C.G.A. §9-11-9(g).

## EIGHTH DEFENSE

To avoid waiving affirmative defenses which may subsequently develop, and in further answer, Defendants state that Plaintiff's Complaint may be barred by the affirmative defenses stated in O.C.G.A. §9-11-8(c), or any one of them.

## NINETH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendants

assert the defenses of assumption of the risk, contributory/comparative negligence, failure of Plaintiff to exercise ordinary care for Plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, sudden emergency, and waiver.

## TENTH DEFENSE

To the extent Plaintiff's Complaint states a claim for recovery of attorney's fees, Plaintiff failed to state facts sufficient to entitle him to an award of compensatory damages or attorney's fees and expenses from Defendants.

## ELEVENTH DEFENSE

To the extent Plaintiff's Complaint states a claim for recovery of attorney's fees, under O.C.G.A. § 13-6-11, such claim is barred because Defendants did not act in bad faith in the underlying transaction giving rise to this suit.

## TWELFTH DEFENSE

To the extent Plaintiff's Complaint states a claim for recovery of attorney's fees, under O.C.G.A. § 13-6-11, such claim is barred by the existence of a bona fide dispute as to liability and/or damages.

## THIRTEENTH DEFENSE

This Honorable Court lacks jurisdiction over these Defendants and, as a result thereof, Plaintiff's Complaint must be dismissed.

## FOURTEENTH DEFENSE

Venue is improper in this Court and, as a result thereof, Plaintiff's Complaint

must be dismissed.

## FIFTEENTH DEFENSE

Further answering the numbered paragraphs of Plaintiff's Complaint, Defendants answer as follows:

## PARTIES AND JURISDICTION

1.

Defendants do not possess sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, in an abundance of caution, all allegations in said paragraph are denied.

2.

Defendants only admit Gomez is domiciled in California and may be served with process at 11109 Ostego Street, North Hollywood, CA 91601. The remaining allegations contained in paragraph 2 of Plaintiff's Complaint contain a legal conclusion to which no response is required from Defendants. To the extent a response is required, Defendants admit jurisdiction may be established in accordance with Georgia law. To the extent the remaining allegations contained in paragraph 3 of Plaintiff's Complaint is inconsistent with Georgia law, they are denied.

3.

Defendants only admit SGM. is a foreign corporation existing under the laws of the state of California with its principal place of business in California and its registered agent is Mayra M. Alvarado Chavez who is located at 11109 Otsego St. Apt. 203, North Hollywood, CA 91601. The remaining allegations contained in paragraph 3 of Plaintiff's Complaint contain legal conclusions to which no response

is required from Defendants. To the extent a response is required, Defendants admit SGM may be served with process in accordance with Georgia law. To the extent the remaining allegations contained in paragraph 3 of Plaintiff's Complaint are inconsistent with Georgia law, they are denied.

4.

The allegations contained in paragraph 4 of Plaintiff's Complaint contain a legal conclusion to which no response is required from Defendants. To the extent a response is required, Defendants admit jurisdiction is proper if established in accordance with Georgia law. To the extent the legal conclusion contained in paragraph 4 of Plaintiff's Complaint is inconsistent with Georgia law, it is denied.

5.

The allegations contained in paragraph 5 of Plaintiff's Complaint contain a legal conclusion to which no response is required from Defendants. To the extent a response is required, Defendants admit venue is proper if established in accordance with Georgia law. To the extent the legal conclusion contained in paragraph 5 of Plaintiff's Complaint is inconsistent with Georgia law, it is denied.

## **BACKGROUND**

6.

Defendants only admit Plaintiff was travelling east on SR-14 ALT, in Fulton County, Georgia, on November 8, 2022. Defendants deny the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny the allegations contained in paragraph 13, including subparts a through k thereof, of Plaintiff's Complaint.

## COUNT 1: NEGLIGENCE – SELVIN GOMEZ

14.

Defendants incorporate their responses to paragraph 1-13 by reference as if stated in full herein.

15.

Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

## COUNT 2: NEGLIGENCE – SGM TRUCKING, INC.

19.

Defendants incorporate their responses to paragraph 1-18 by reference as if stated in full herein.

20.

Defendants admit the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of Plaintiff's
Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of Plaintiff's
Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of Plaintiff's
Complaint.

24.

Defendants deny the allegations contained in paragraph 24 of Plaintiff's
Complaint.

25.

Defendants deny the allegations contained in paragraph 25 of Plaintiff's
Complaint.

## **COUNT 3: IMPUTED LIABILITY**

26.

Defendants incorporate their responses to paragraph 1-25 by reference as if
stated in full herein.

27.

Defendants admit the allegations contained in paragraph 27 of Plaintiff's
Complaint.

28.

Defendants admit the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

The allegations contained in paragraph 29 of Plaintiff's Complaint contain legal conclusions to which no response is required from Defendants. To the extent a response is required, Defendants admit SGM's duties are established by federal and Georgia law. To the extent the legal conclusions contained in paragraph 29 of Plaintiff's Complaint are inconsistent with Georgia law, they are denied.

## COUNT 4: NEGLIGENT HIRING, TRAINING & SUPERVISION

30.

Defendants incorporate their responses to paragraph 1-29 by reference as if stated in full herein.

31.

Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint.

33.

Defendants deny the allegations in paragraph 33 of Plaintiff's Complaint.

34

Defendants deny the allegations in paragraph 34 of Plaintiff's Complaint.

35.

Defendants deny the allegations in paragraph 35 of Plaintiff's Complaint.

36.

Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

## COUNT 6: DAMAGES

37.

Defendants incorporate their responses to paragraph 1-36 by reference as if stated in full herein.

38.

Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

39.

Defendants deny the allegations in paragraph 39 of Plaintiff's Complaint.

40.

Defendants deny the allegations in paragraph 40 of Plaintiff's Complaint.

41.

In response to the "WHEREFORE" paragraph immediately following paragraph 40 of Plaintiff's Complaint, including subparts a through e thereof, Defendants deny they are liable to Plaintiff and deny that Plaintiff is entitled to any relief from Defendants under any theory at law or in equity.

42.

Each and every allegation contained in Plaintiff's Complaint not specifically addressed above is hereby expressly denied.

43.

Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants, having fully answered the Plaintiff's Complaint, pray that they be discharged of the Plaintiff's Complaint on all the aforesaid defenses, and that judgment be entered in favor of them and against Plaintiff, with all costs cast upon Plaintiff.

This 24th day of August, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
CARLOS A. FERNÁNDEZ
Georgia Bar No. 769087
Carlos.fernandez@fmglaw.com

*Attorneys for Defendant Selvin Gomez and SGM Trucking, Inc.*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 – Phone
(833) 330-3669 – Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the within and foregoing DEFENDANTS SELVIN GOMEZ AND SGM TRUCKING, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES via PeachCourt E-File system which will send electronic notification of such filing to counsel of record as follows:

John S. O'Briant, III, Esq.
MORGAN & MORGAN
178 S Main Street
Suite 300
Alpharetta, GA 30009
jobriant@forthepeople.com

This 24th day of August, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
CARLOS A. FERNÁNDEZ
Georgia Bar No. 769087
Carlos.fernandez@fmglaw.com

*Attorneys for Defendant Selvin Gomez and SGM Trucking, Inc.*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 – Phone
(833) 330-3669 – Facsimile