IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )  Civil Action No. |
| v. | )<br>)<br>) _____ |
| FRANK MADEO and MARIE WAGNER-GOMEZ, | )<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT FOR INTERPLEADER**

Plaintiff The Lincoln National Life Insurance Company ("Lincoln"), for its Complaint in Interpleader, alleges and says as follows:

**PARTIES**

1. Lincoln is an insurance company existing under the laws of the state of Indiana with its principal place of business in Radnor, Pennsylvania.

2. Defendant Frank Madeo ("Mr. Madeo") is a citizen and resident of Marietta, Georgia, residing at 1907 Scout Ridge SW, Marietta, GA 30064.

3. Defendant Marie Wagner-Gomez ("Ms. Gomez") is a citizen and resident of Medinah, Illinois, residing at 4925 E Lake Shore Drive, Wonder Lake, IL 60097-9795.

1

**4.** Maria Madeo (the "Decedent") was a citizen and resident of Marietta, Georgia. Decedent was the owner/annuitant of the annuity contract issued by Lincoln as described below, after the death of her husband, Giovanni Madeo, in 2007.

**5.** Mr. Madeo and Ms. Gomez are the children of the Decedent and are collectively referred to herein as the "Claimants."

## JURISDICTION AND VENUE

**6.** This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties; as well as under 28 U.S.C. § 1335 because this is an interpleader action in which two or more diverse claimants are claiming to be entitled to money of more than $500.00.

**7.** This Court has personal jurisdiction over Claimants pursuant to GA Code § 9-10-91 (2022) because Claimants are seeking a death benefit payable under an annuity contract payable upon the death of a resident of Georgia; as well as under Federal Rule of Civil Procedure 4(k)(1)(C) and 28 U.S.C. § 2361, which authorizes nationwide service of process in this interpleader action. Further, the exercise of personal jurisdiction over Claimants comports with due process because Claimants have sufficient

minimum contacts with the State of Georgia such that the exercise of jurisdiction over them does not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1397 because one of the claimants, Mr. Madeo, resides in this district.

## CLAIM FOR INTERPLEADER

9. Lincoln brings this action for interpleader relating to a variable annuity contract bearing the contract number 95-9963561 issued by Lincoln (the "Annuity Contract") on or about November 9, 2004. A redacted copy of the Annuity Contract is attached as Exhibit A.

10. Originally, the Annuity Contract provided for a death benefit payable upon the death of the Decedent's husband (the "Original Death Benefit"). (*See* Ex. A.)

11. At the time the Annuity Contract was issued, Mr. Madeo and Ms. Gomez were designated co-beneficiaries, each receiving 50% of the Original Death Benefit. A redacted copy of the Original Annuity Application is attached as Exhibit B.

12. The Decedent's husband died on September 16, 2007, and Decedent assumed the Annuity Contract, with the death benefit payable upon

her death (the "Death Benefit"). A redacted copy of the Annuity Assumption is attached as Exhibit C.

13. When Decedent assumed the Annuity Contract, she listed Mr. Madeo as the 50% beneficiary and did not include a beneficiary for the remaining 50% of the Death Benefit. (*See* Ex. C.)

14. Decedent died on June 2, 2021, at which time the Death Benefit became payable. A redacted copy of the Death Certificate is attached as Exhibit D.

15. On or about August 14, 2021, Mr. Madeo submitted a Claimant's Statement claiming entitlement to 100% of the Death Benefit. A redacted copy of this Claimant's Statement is attached as Exhibit E.

16. Ms. Gomez contacted Lincoln after Decedent's death and disputed Mr. Madeo's claim and claimed that she was entitled to 50% of the Death Benefit.

17. In light of the adverse claims from Claimants, and the associated factual and legal issues involved, Lincoln cannot determine the proper beneficiary of the Death Benefit without risking exposure to double liability.

18. The Claimants have been unable to reach an agreement as to how the Death Benefit should be paid.

**19.**   As a mere stakeholder, Lincoln has no interest in the Death Benefit (except to recover attorneys' fees and costs associated with this action). Lincoln therefore respectfully requests that this Court determine to whom the Death Benefit should be paid.

**20.**   Lincoln will deposit into the registry of the Court the Death Benefit, plus any applicable interest, upon issuance of an order authorizing such payment.

WHEREFORE, Lincoln prays for judgment as follows:

(a)   That Claimants be ordered to interplead and settle amongst themselves their respective claims to the Death Benefit;

(b)   That Lincoln be permitted to pay the Death Benefit into the registry of the Court;

(c)   That Claimants each be restrained from initiating any other action or proceeding in any state or federal court against Lincoln for recovery of the Death Benefit or any part thereof;

(d)   That Lincoln be found to have no further liability beyond having the Death Benefit deposited into the registry of this Court;

(e)   That Lincoln be discharged and dismissed with prejudice from this case; and

5

(f) That the Court award such other and further relief, including attorneys' fees and costs, to which Lincoln is entitled in law or equity, as this Court deems just and proper.

This 24th day of August, 2023.

        **BRADLEY ARANT BOULT CUMMINGS LLP**

        */s/ Erik J. Badia*
        Erik J. Badia
        Georgia Bar No. 327905
        1230 Peachtree Street, NE
        Atlanta, GA 30309
        Telephone: (404) 868-2100
        Email: ebadia@bradley.com

        *Counsel for The Lincoln National Life Insurance Company*

OF COUNSEL:

C. Bailey King, Jr.
BRADLEY ARANT BOULT CUMMINGS LLP
Hearst Tower, 214 North Tryon Street
Suite 3700
Charlotte, NC 28202-1078
Telephone:  (704) 338-6027
E-Mail:   bking@bradley.com

Benjamin A. Johnson
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Ste 700
Nashville, TN 37203
Telephone: (615) 252-3881
E-Mail: bjohnson@bradley.com