**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **CATRINA L. BROWN, and** | ) |
| **KENNETH E. AKHUETIE,** | ) |
| | ) |
| | )   Civil Action |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) CASE NO.:_____ |
| | ) |
| **UR MENDOZA JADDOU,** Director | ) |
| of U.S. Citizenship and Immigration | ) |
| Services, **JOSE L. LUYANDA**, Director | ) |
| of Montgomery Field Office of U.S. | ) |
| Citizenship and Immigration Services, | ) |
| | ) |
| **Defendants.** | ) |
| ———————————————— | ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER
THE ADMINISTRATIVE PROCEDURE ACT**

**To the Honorable Judges of this Court:**

COME NOW, Catrina L. Brown and Kenneth E. Akhuetie, Plaintiffs in the

above-styled and -numbered cause, by and through the undersigned attorney of

record, and hereby file their complaint for relief under the Administrative Procedure

Act and for cause of action would show this Honorable Court the following:

1. This is an action for declaratory and injunctive relief under the Administrative Procedure Act (APA) brought against the Defendants, to compel corrective action on a Petition for Alien Relative and Application for Adjustment of Status filed by Plaintiffs. The Application and Petition were filed with and remain within the jurisdiction of the Defendants, who have unlawfully denied the application to Plaintiffs' detriment.

2. As the Defendants have acted arbitrarily, capriciously and not in accordance with the law this action seeks an order from the Court setting aside the Defendants' unlawful decision and compelling the Defendants to perform a duty that the Defendants owe to the Plaintiffs; to wit:  to cause the Defendants to adjudicate the Petitioner for Alien Relative and the Application for Adjustment of Status according to the law and regulations by which they are bound. The claim for declaratory relief seeks a judicial declaration that the Defendants are required under law to complete the adjudication process for the Plaintiffs according to the law.

**PARTIES**

3. Plaintiff Kenneth E. Akhuetie, (hereinafter "Plaintiff Beneficiary") is a 47-year-old native of Nigeria (Alien Number: 214-695-898).  She filed an I-485 Application to Register Permanent Residence or Adjust Status

(MSC2091311827) which was received by USCIS on June 22, 2020 (See I-485 Receipt, **Exhibit 1**). His application was based on an I-130 Petition for Alien Relative filed on his behalf by Plaintiff, Catrina L. Brown, (hereinafter "Plaintiff Petitioner"), his U.S citizen wife.

4.   Plaintiff Petitioner is a 50-year-old native and citizen of the United States of America.  She filed an I-130 Petition for Alien Relative (See I-130 Receipt, **Exhibit 2**) on behalf of her spouse, Plaintiff Beneficiary.

5.   Defendant, Ur Mendoza Jaddou, is the Director of USCIS.  USCIS is the branch of the Department of Homeland Security that is charged with all adjudication duties pertaining to immigration applications. Defendant is the official of USCIS generally charged with administrative and supervisory authority over all operations of USCIS including the Atlanta Field Office. Defendant Jaddou is sued in her official capacity.

6.   Defendant Jose L. Luyanda is the USCIS Montgomery Field Office Director. Defendant Addison is sued in his official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within his District with certain specific exceptions not relevant here. 8 C.F.R. § 103.1(g)(2)(ii)(B) Specifically, Defendant is responsible for the adjudication of applications for adjustment of status filed pursuant to § 245 of the Immigration

and Nationality Act (hereinafter, "INA"), codified at 8 U.S.C. § 1255, in his service area. Defendant is also responsible for the adjudication of petitions for alien relative filed pursuant to 8 U.S.C. § 1151(a)(1). As will be shown, Defendant is the official with whom Plaintiffs' applications were properly filed, and who ultimately decided them.

## JURISDICTION

7.  Jurisdiction, in this case, is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. § 701 et seq.; and, 28 U.S.C. § 2201 et seq. Relief is requested according to said statutes.

## VENUE

8.  Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), insofar as this is an action against officers and agencies of the United States in their official capacities brought in the District where Plaintiffs reside, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

9.  The Plaintiffs in the instant case have exhausted their administrative remedies. No other remedy was adequate in this case because the Defendants failed to properly adjudicate Plaintiffs' Petition for Alien Relative and Application to

4

Adjust Status.  Immediate action, such as that offered by the Administrative Procedure Act (hereinafter "APA"), is the only relief available.

## LEGAL BACKGROUND

### *Family Based Immigrant Petitions*

#### *The Adjudication of I-130 Petitions for Alien Relative*

10.  When a Form I-130 is filed on behalf of the alien-spouse, USCIS conducts an investigation of every Form I-130 petition, in part to determine whether the marriage is valid. See 8 U.S.C. § 1154(a)-(b). If the USCIS determines that the marriage is not a sham and the alien-spouse is in fact a "spouse," then it shall approve the Form I-130 petition. See 8 U.S.C. § 1154(b). Approval of the Form I-130 petition allows the alien/immediate relative who is already lawfully in the United States under a temporary visa to apply for adjustment of status using a Form I-485. See 8 U.S.C. § 5 1255(a).

11.  The Service must first determine whether the marriage is valid under a state's law, then whether the marriage qualifies under the INA. *Miezgiel v. Holder*, 33 F.Supp.3d 184 (E.D.N.Y. 2014).

12.  To qualify under the INA, the question is whether the spouses intended to establish life together at the time of marriage. *Lutwak v. U.S.*, 344 U.S. 604 (1954); *Agyeman v. INS,* 296 F.3d 871, 883 (9th Cir. 2002); *Matter of*

*McKee*, 17 I&N Dec. 332 (BIA 1980); *Matter of Laureano*, 19 I&N Dec. 1 (BIA 1983). This is a matter of subjective intent – objective facts and evidence serve only to indicate the state of mind at the time.

13. The conduct of the parties after marriage is relevant to their intent at the time of marriage. *Matter of Laureano,* 19 I&N Dec. 1, 3 (BIA 1983).

14. There is no requirement that the marriage be ideal, or conform to a particular societal expectation. See, e.g., *Matter of Peterson*, 12 I&N Dec. 663 (BIA 1968) (marriage of elderly couple as a caregiving arrangement with mutual friendship and intent to share their lives, though without consummation and sleeping in separate rooms, was a bona fide marital relationship).

15. Later separation or nonviability is not a bar to the approval of a marital visa. "The issue is not whether there is a presently subsisting or 'viable' marriage (assuming there is no legal separation or dissolution of the marriage), but rather whether the marriage was entered into for the primary purpose of circumventing the immigration laws." *Matter of Boromand,* 17 I&N Dec. 450, 453 (BIA 1980).

16. This determination is fact-based and nondiscretionary. See INA §§ 203(a) and 204(a)(1)(A)-(D), 8 C.F.R. § 204.

*The Legal Framework of Adjustment of Status*

17. Ultimately, the Form I-485 Application for Adjustment of Status is a request to become a lawful permanent resident. See *Freeman v. Gonzales*, 444 F.3d at 1033. An immigrant visa must be immediately available to an alien in order to qualify for adjustment of status. Id. Without an approved Form I-130 petition, an immigrant visa is not immediately available and the USCIS cannot adjudicate the Form I-485 application. If the Form I-130 petition is approved and the Form I-485 Application for Adjustment of Status is granted, then the alien is afforded permanent residence status.

18. Adjustment of Status is the mechanism by which an eligible alien who is present in the United States applies for lawful permanent resident status based on a relationship to a U.S. citizen family member.

19. Adjustment of Status allows applicants to apply to obtain lawful status while remaining in the United States, instead of requiring them to first return to their home countries and apply for immigrant visas from a U.S. embassy or consulate abroad, which is often a lengthy application process.

20. In general, to apply for Adjustment of Status, an individual must demonstrate that he or she has been "inspected and admitted or paroled into the United States." See 8 U.S.C. § 1255(a).

21. Additionally, an adjustment applicant must demonstrate that he or she is eligible to receive an immigrant visa (based on the qualifying relationship) and has an immigrant visa immediately available at the time the individual files an adjustment application. 8 U.S.C. § 1255(a).

22. The Immigration and Nationality Act (hereinafter "INA") regulates the number of immigrant visas that can be issued in a given year. Section 1151(a) generally establishes quotas for the number of immigrants that may be issued a visa from each foreign country in a given year. See 8 U.S.C. § 1151(a).

23. Sub-section (b), however, describes categories of aliens who are not subject to the numerical limitations in § 1151(a). See 8 U.S.C. § 1151(b).

24. Sub-section (b) was enacted as part of the Immigration Reform Act of 1965 and is intended to ensure that relatives of U.S. citizens and legal aliens are allowed to enter and remain in the United States. Sub-section (b) therefore defines several categories of aliens, including "immediate relatives," who are not subject to the numerical limitations in the INA. See 8 U.S.C. § 1151(b)(2)(A)(i). In pertinent part, 8 U.S.C. § 1151(b)(2)(A)(1) provides:

> (2)(A)(i) Immediate relatives.--For purposes of this subsection, the term "immediate relatives" means the children, spouses, and parents of a citizen of the United States, except that, in the case of parents, such citizens shall be at least 21 years of age. In the case of an alien who was the spouse of a citizen of the United States for at least 2 years at the time of the citizen's death and was not legally separated from the citizen

at the time of the citizen's death, the alien (and each child of the alien) shall be considered, for purposes of this subsection, to remain an immediate relative after the date of the citizen's death but only if the spouse files a petition under section 1154(a)(1)(A)(ii) of this title within 2 years after such date and only until the date the spouse remarries. . . .

25. Under the first sentence of § 1151(b)(2)(A)(1), an alien is an "immediate relative" if he/she is the spouse of a U.S. citizen. After the couple marries, the citizen-spouse may file an alien relative visa petition with the USCIS. <u>See</u> 8 U.S.C. § 1154(a)(1)(A)(i); 8 C.F.R §§ 204.1(a)(1) and 204.2(a).

26. Finally, the applicant must demonstrate admissibility to the United States; i.e., that he or she either is not subject to an enumerated ground of inadmissibility set forth in 8 U.S.C. § 1182 or qualifies for a waiver of any such ground. <u>Id.</u> With exceptions, an otherwise eligible individual is barred from adjusting if, *inter alia*, he or she has worked in the United States without authorization, is in unlawful immigration status on the date of filing an adjustment application or has failed to maintain continuously a lawful status since entry into the United States. 8 U.S.C. § 1255(c)(2).

27. Certain individuals are not subject to the § 1255(c)(2) bar to adjustment, including: (a) "immediate relatives," defined as the children and spouses of U.S. citizens and the parents of U.S. citizens provided the citizen son or daughter is at least 21 years old, [*See* 8 U.S.C. § 1151(b)(2)(A)(i)]; and (b) employment-

based visa beneficiaries who: (i) are present in the United States pursuant to a lawful admission on the date of filing the adjustment application; and (ii) after such lawful admission, have not, for an aggregate period of more than 180 days, failed to maintain continuous lawful status, engaged in unauthorized employment, or otherwise violated the terms of admission.

28. If an alien is caught using fraud or willful misrepresentation of a material fact to procure an immigration benefit, he or she will be deemed inadmissible to the United States.

29. Indeed, pursuant to Section 212(a)(6)(C)(i) of the INA:

> Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act is inadmissible.

30. In order for conduct to meet the standard required for inadmissibility to attach under INA § 212(a)(6)(C)(i), the conduct must meet certain conditions: (i) the individual committing misrepresentation must not have been a United States citizen,  (ii) the conduct must have involved fraud or misrepresentation,  (iii) the misrepresentation must have been willful, (iv) the misrepresentation must have been of a material fact and, (v) the fraud or misrepresentation must have been committed in the context of procuring a benefit under the Immigration and Nationality Act (INA).

10

31. A person makes a material misrepresentation when the government proves: (1) the misrepresented fact was directly disqualifying, such as lying about travel history or aggravated felony conviction or (2a) the misrepresented fact would be sufficient to prompt "reasonable officials … to undertake further investigation" and (2b) the investigation 'would predictably have disclosed' some legal disqualification." *Maslenjak v. U.S.*, 582 U.S. __, 137 S.Ct. 1918, 1928-30 (2017).

32. The Supreme Court defines "willfully" as acting "with an evil-meaning mind" such that the person "acted with knowledge that his conduct was unlawful." Bryan v. U.S., 524 U.S. 184, 193 (1998). The BIA has held that "Congress intended to impose perpetual banishment upon those making a willful misrepresentation only where there has been a knowing misrepresentation made with the intention of gaining an advantage to which the alien was not entitled under the immigration laws." Matter of G-G-, 7 I&N Dec. 161, 163–65 (BIA 1956). A misrepresentation is willful only if the applicant made the misrepresentation intentionally, deliberately, voluntarily, and with knowledge of its falsity. See Ortiz-Bouchet v. U.S. Att'y Gen., 714 F.3d 1353, 1356–57 (11th Cir. 2013).

33. If all of the above elements are present, then the person is inadmissible for

willful misrepresentation.

34. If the person succeeded in obtaining the benefit under the INA, he or she would be inadmissible for having procured the benefit by willful misrepresentation. If the attempt was not successful, the person would still be inadmissible for having "sought to procure" the immigration benefit by willful misrepresentation. In each case, evidence of intent to deceive is not required. <u>See</u> *Matter of Kai Hing Hui*, 15 I&N Dec. 288, 289-90 (BIA 1975).

### *Administrative Procedure Act*

35. The APA, 5 U.S.C. §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other adequate remedy in this situation because the Defendants have acted contrary to the law and regulations and wrongfully denied the Plaintiffs' I-130 Petition and I-485 Application, and no deportation proceedings have been initiated in which a decision may be reopened or challenged. There not being no other adequate remedy in this situation, the only option for Plaintiff is this instant action in this court.

36. Moreover, 5 U.S.C. § 706 states:

The reviewing court shall—

**(1)** compel agency action unlawfully withheld or unreasonably delayed; and

**(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—

**(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

**(B)** contrary to constitutional right, power, privilege, or immunity;

**(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

**(D)** without observance of procedure required by law;

**(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

**(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

37.  In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to properly adjudicate Plaintiffs' Form I-130, Petition for Alien Relative and Form I-485, Application to Register Permanent Residence or Adjust Status.

38. Accordingly, Plaintiff has been forced to pursue the instant action.

## CAUSE OF ACTION

### *Factual background*

39. Plaintiff Petitioner, a United States citizen, married Plaintiff Beneficiary on June 6, 2017.

40. Plaintiff Petitioner filed a Petition for Alien Relative on Beneficiary's behalf, along with Plaintiff Beneficiary's Application to Adjust Status. The Service subsequently denied the petition for abandonment on December 2, 2019. (See I-130 Decision Notice, **Exhibit 3**).

41. Plaintiff Petitioner filed a new Petition for Alien Relative (Form I-130) on Plaintiff Beneficiary's behalf, which was received by USCIS on June 22, 2020. (See I-130 Receipt Notice, **Exhibit 2**).

42. On July 8, 2020, the Service issued a Request for Initial Evidence seeking proof of Plaintiff Petitioner's United States citizenship and the couple's most recent taxes. (See Request for Initial Evidence, **Exhibit 4**) Plaintiffs duly responded. (See Response to Request for Initial Evidence, **Exhibit 5**).[1]

43. On December 10, 2020, Plaintiffs appeared for an initial interview. (See Interview Notice, **Exhibit 6**). They were interviewed separately.

---

[1] Plaintiffs here include only the cover letter as evidence of the contents of the Response; the full Response includes substantial exhibits unnecessary to the complaint.

44.  On August 20, 2021, Plaintiff Beneficiary appeared for a second interview, during which he offered sworn testimony regarding the nature of his relationship to Plaintiff Petitioner. (<u>See</u> Sworn Statement, **Exhibit 7**).

45.  On April 29, 2022, the Service issued a Request for Evidence (RFE) seeking additional evidence on the bona fides of the marriage, particularly evidence of a shared life from June 6, 2017 to the date of issue. (<u>See</u> Request for Evidence, **Exhibit 8**). Plaintiffs timely responded with additional marital evidence. (<u>See</u> Response to I-130 Request for Evidence, **Exhibit 9**).[2]

46.  On August 8, 2022, the Service issued a Notice of Intent to Deny the I-130 Petition. (<u>See</u> Notice of Intent to Deny, **Exhibit 10**). The Notice is eight pages long and covers the period from Plaintiff Beneficiary's initial application for a visitor's visa through the prior I-130 application, and finally the instant application.

47.  Plaintiffs timely responded with an additional hundred pages of shared life evidence, including specific rebuttals of the allegations of the Notice of Intent to Deny. (<u>See</u> Response to Notice of Intent to Deny, **Exhibit 11**).[3]

---

[2] As above, Plaintiffs here include only the cover letter as evidence of the contents of the Response.

[3] As above, Plaintiffs here include only the cover letter as evidence of the contents of the Response.

48. On March 6, 2023, the Service denied the I-130 Petition. (See I-130 Decision Notice, **Exhibit 3**). The bulk of the Decision Notice is copied from the NOID without alteration.

49. Consequently, the Service denied the I-485 Application as well. (See I-485 Decision Notice, **Exhibit 12**)

50. The I-130 Decision Notice concludes with three grounds for the denial: an alleged forged signature on a lease agreement submitted with the prior I-130 petition; misrepresentations on Supplemental Nutrition Assistance Program (SNAP) documents submitted to the Georgia Department of Human Services and two tax returns; and "insufficient bona fides and proof of commingling of finances." (See I-130 Decision Notice, **Exhibit 3**).

## COUNT 1

***Defendants violated the Administrative Procedure Act 5 U.S.C. § 701, et seq. and Plaintiff is entitled to review by this Court pursuant to U.S.C. §§ 701-706***

51. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-50 above.

52. Plaintiff is entitled to review by this Court pursuant to 5 U.S.C. §§ 701-706. A reviewing court shall "hold unlawful and set aside agency action … found to be

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 706(2)(A).

53. The Present Court has jurisdiction under the APA to review certain agency determinations outlined in 8 U.S.C. § 1252. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." See 5 U.S.C. § 702.

54. Under the APA, the Court has jurisdiction to review an agency decision if the agency action is final, the action adversely affects the party seeking review, and the agency's decision is non-discretionary. See 5 U.S.C. §§ 702, 704 ("Agency action made reviewable by statute and final agency action for which there is not other adequate remedy in a court are subject to judicial review."). The Court "shall decide all relevant questions of law," and "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." See 5 U.S.C. § 706 (2)(A).

55. "To determine whether an agency decision [is] arbitrary or capricious, the reviewing court must consider whether the decision [is] based on a consideration of the relevant factors and whether there ha[s] been a clear error

of judgment." <u>See</u> *N. Buckhead Civic Ass'n v. Skinner,* 903 F.2d 1533, 1538 (11th Cir. 1990).

56. Examples of arbitrary or capricious agency decisions include those where an agency considers material "Congress has not intended it to consider, entirely fail[s] to consider an important aspect of the problem, offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983).

57. Here, the Defendants have based their decision upon two grounds which are not applicable to the Petition at issue, and a third which runs contrary to the evidence.

58. The Decision Notice on the I-130 Petition states that one of the submitted lease agreements has a forged signature, and that "[i]f there is evidence that would permit a reasonable person to conclude that the applicant may be inadmissible for fraud or will [sic] misrepresentation, then the applicant has not successfully met his/her burden of proof." This presumably applies to the threshold burden of proof of admissibility for I-485 Applications. It then goes on to state that it finds the applicant inadmissible.

59. A Petition for Alien Relative does not require a showing of admissibility; to the contrary, under INA § 204(b) a petition *may not* be denied based upon the conclusion that the beneficiary is inadmissible. <u>Matter of O-</u>, 8 I&N Dec. 295 (BIA 1959). As the Board has stated "visa petition procedure is not the forum for determining substantive questions of admissibility under the immigration laws."

60. Assuming *arguendo* that the Service intended to apply this reasoning to the Application to Adjust Status, it remains unavailing, as the alleged forgery appears to be neither willful, material to admissibility or even necessarily attributable to the Plaintiff Beneficiary (i.e. as opposed to the Plaintiff Petitioner or someone else).

61. Plaintiff Beneficiary has maintained throughout the process that he is not aware of who could have signed the lease besides the property manager, DeAnn Ramsey.

62. A willful act does not include acts that are negligent, "accidental, inadvertent, or … honest mistaken belief[s]." 9 FAM 302.9-4(B)(4)(a); 8 USCIS-PM, Pt. J, Ch. 3 ¶D.1 ("willfully" does not mean "accidentally" or "inadvertently").

63. Further, the misrepresentation, if any, is immaterial to his qualification for adjustment. The alleged forgery of the name on the lease would not present a

legal disqualification from Adjustment of Status. See 9 FAM 302.9-4(B)(5)(b)(3)(c) ["if the true facts do not disclose a ground of inadmissibility the facts are not material"].

64. Similarly, the second articulated ground, that misrepresentations on SNAP benefits applications and tax returns submitted by Plaintiff Petitioner rendered Plaintiff Beneficiary inadmissible, is both immaterial to whether the marriage between the Plaintiffs was *bona fide* and further not a lawful basis for denying an I-130 Petition. Id.

65. Assuming *arguendo* that this conclusion were applied to the I-485 Application, it remains inapplicable as the misrepresentation was made by a United States citizen, and is immaterial to Plaintiff Beneficiary's Application, as he is not the party who made the misrepresentation.

66. Here, the Defendants not only failed to consider the full body of the record and previously-submitted evidence attesting to the bona fide nature of the Plaintiffs' marriage, but also their own repeated testimony over the course of four interviews spanning three years, which is clearly an abuse of discretion and error of judgment. This has grave implications for the Children's Petitions and Applications.

## COUNT 2

### *The Defendants, in Violation of the APA, failed to properly consider all evidence in the record and follow the law and established principles in arriving at their determination.*

67. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-66 above.

68. Defendants failed to properly consider all evidence in the record and erroneously denied the Petitions based on inference with little probative value.

69. Read as a whole, the evidentiary record establishes a bona fide marital relationship.

70. Defendants' sole explanation for their finding that the couple were not in a bona fide marriage is alleged insufficient commingling of finances. This finding was entered in spite of joint utility bills, residential leases, joint bank statements, tax returns reflecting their marital relationship, and the like.

71. Defendants' decision ultimately rests on the commingling of finances ground and two alleged inconsistencies from the first interview in 2019. It does not explain how these outweigh the sum of all evidence and testimony previously submitted.

72. Therefore, the Defendants clearly failed to properly consider all evidence in the

record and their errors were arbitrary, capricious and in violation of the law, as they did not take into consideration the evidence in the record, which clearly contradicted their own observations, and ultimately their factual determinations. Decisions on I-130 Petitions for Alien Relative are, by law, fact-based and nondiscretionary. See INA §§ 203(a) and 204(a)(1)(A)-(D), 8 C.F.R. § 204. The Decision does not reflect a full accounting of the evidence presented, nor a process endeavoring to make an even-handed factual finding.

## COUNT 3

### *The Defendants clearly and unequivocally misapplied the law by applying an elevated standard.*

73. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-72 above.

74. Defendants misapplied the law and the facts in determining that Plaintiff had failed to meet the preponderance of the evidence standard for demonstrating a bona fide marriage.

75. *Matter of Chawathe*, 25 I&N Dec. 369 (AAO 2010) states that the standard of proof in administrative immigration proceedings is "preponderance of the evidence," as clarified by the regulations. In an application for a spousal visa, filings are not required to demonstrate eligibility beyond a reasonable doubt.

USCIS is required to consider and give due weight to all facts, evidence and testimony on record. See *Matter of Treasure Craft of California*, 14 I&N Dec. 190 (Reg. Comm. 1972). "[A]n agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary agency action within the meaning of§ 706." *Butte County v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010).

76. USCIS cannot "unilaterally impose novel substantive or evidentiary requirements beyond those set forth [by law]." See *Riffin v. Surface Transp. Bd.*, 592 F.3d 195, 195 (D.C. Cir. 2010) ("The APA requires the agency to articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.' . . .[The agency] must state its reasons for doing so and conduct an appropriate analysis.") The Board of Immigration Appeals ("BIA") explained that "preponderance of the evidence" is the "rock bottom [of] the fact-finding level of civil litigation," a lower standard than "clear, convincing and unequivocal." Matter of E-M-, 20 I. & N. Dec. 77, 79, fn.1 (BIA 1989). Only a very low standard of proof is required to be established.

77. The Supreme Court has stated that if the Petitioner submits relevant, probative, and credible evidence that shows the claim is "more likely than not" true, the

Applicant or Petitioner has satisfied the standard of proof. <u>See</u> *U.S. v. Cardozo-Fonseca*, 480 U.S. 421 (1987).

78.   The specific question in I-130 petitions filed on the basis of marriage is whether the parties entered into a bona fide marriage with the intent of joining together as spouses, rather than for the primary purpose of obtaining immigration benefits.

79.   The couple have been married for six years, and have actively pursued Lawful Permanent Residence for Plaintiff Beneficiary for nearly as long.

80.   There is no clear indication of any weighing of probative evidence against whatever doubts the Service may have.

81.   The Defendants clearly and unequivocally misinterpreted and/or misapplied the law when they denied Applicant's I-130 Petition based on a failure to meet a preponderance of the evidence standard regarding the bona fides of the marital relationship.

82.   Defendants' decision reflects the application of an elevated and novel standard of proof to the Plaintiffs' I-130 Petitions, which is clearly and unequivocally an abuse of discretion.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court shall:

(a)    Assume jurisdiction in this case;

(b)    Find that Defendants are in violation of the Administrative Procedure Act as they acted arbitrarily and capriciously and thus, failed to follow the law and perform their duties as mandated by statute and regulation;

(c)    Find that Defendants' decision is unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing court;

(d)    Declare that the Defendants' denials of Plaintiffs' I-130 Petition for Alien Relative and furthermore Plaintiff Beneficiary's I-485 Application for Adjustment of Status and are unlawful, and order the Defendants to reopen, adjudicate, and approve the application on the merits according to the law;

(e)    Award Plaintiffs' reasonable attorney's fees and costs under the Equal Access to Justice Act; and,

(f)    Grant such other relief at law and in equity as justice may require.

Respectfully submitted,

This 22nd day of August, 2023,

THE FOGLE LAW FIRM, LLC

/S/H. Glenn Fogle, Jr.
by: H. Glenn Fogle, Jr.
Georgia Bar No. 266963
Attorney for the Plaintiff

55 Allen Plaza, Suite 830
55 Ivan Allen Jr. Boulevard
Atlanta, Ga 30308
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com