March 6, 2023



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
3381 Atlanta Highway
Montgomery, AL 36109

**U.S. Citizenship and Immigration Services**

CATRINA LUVETTE BROWN
c/o DAVID LUNEL
THE FOGLE LAW FIRM LLC ATLANTA
55 IVAN ALLEN JR BLVD STE 830
ATLANTA, GA 30308



MSC2091311828



A214-695-898

RE: KENNETH EGUALELOJIE AKHUETIE
I-130, Petition for Alien Relative

### DECISION

Dear CATRINA BROWN:

On June 22, 2020, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of KENNETH AKHUETIE (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we are denying your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

**I. Background Facts and Procedural History:**

- The beneficiary entered the United States on January 29, 2016 as a B2 nonimmigrant visitor from Nigeria with an authorized stay through July 28, 2016;
- On August 25, 2016, the beneficiary divorced Mercy Mojudla Ugbebor in Lagos, Nigeria;
- On June 06, 2017, you and the beneficiary married in Fulton County, Georgia;
- On October 27, 2017, USCIS received the Form I-130 Petition for Alien Relative and Form I-485 Application to Re Register Permanent Residence or Adjust Status and supporting documents concurrently filed between you and the beneficiary;

- On October 29, 2018, you and the beneficiary came for an I-130/I-485 interview at the Atlanta Field Office where the Form I-130 was subsequently approved that day;
- On November 05, 2019, USCIS issued a Notice of Intent to Revoke (NOIR) on the Form I-130 and the petition was subsequently denied for abandonment on December 02, 2019;
- On June 22, 2020, USCIS received the Form I-130 and Form I-485 concurrently filed between you and the beneficiary;
- On December 10, 2020, you and the beneficiary came for an I-130/I-485 interview at the Montgomery Field Office;
- On April 29, 2022, USCIS issued a Request for Evidence (RFE) for a response received no later than July 25, 2022;
- On August 08, 2022, USCIS issued a Notice of Intent to Deny (NOID) where it was received on June 29, 2022 and on November 10, 2022.

## II. Issue:

The petitioner must show, by a preponderance of the evidence, that the marriage was legally valid and bona fide at its inception, and not entered into for the purpose of evading the immigration laws.

## III. Rule:

When there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration law. See *Matter of Phillis*, 15 I&N Dec. 385, 386 (BIA 1975).

To demonstrate that the purpose of the marriage was not to evade the immigration laws, a petitioner may submit documentation showing, for instance, joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship. See 8 CFR 204.2(a)(1)(iii)(B).

If there is evidence that would permit a reasonable person to conclude that the applicant may be inadmissible for fraud or will misrepresentation, then the applicant has not successfully met his/her burden of proof. The applicant is therefore inadmissible because he or she has not satisfied the burden of proof. See *Matter of Rivero-Diaz*, 12 I&N Dec. 475 (BIA 1967).

A petitioner must establish eligibility at the time of filing a petition; a petition cannot be approved at a future date after the petitioner becomes eligible under a new set of facts. See *Matter of Katigbak*, 14 I&N Dec. 45 (Reg. Com. 1971).

A petitioner may not make material changes to a petition that has already been filed in an effort to make an apparently deficient petition conform to USCIS requirements. See *Matter of Izumii*, 22 I&N Dec. 169 (BIA 1998).

## IV. Analysis and Discussion:

Kenneth Egualelojie Akhuetie (the beneficiary) applied for his B2 visitor visa on August 17, 2016. On his visa application, he indicated that he was married to Mojisola Mercy Akhuetie. Having presented sufficient evidence of his ties to Nigeria such as ownership of a profitable business, Klin Well Resort Nig Ltd, his previous travel to the U.S. and his long history of marriage, the beneficiary was able to obtain his renewed B2 visitor visa valid from August 25, 2016 to August 22, 2018.

On August 25, 2016, however, the High Court of Lagos State ordered a Divorce Decree Nisi. He did not disclose to the Consulate Officer that he is in the middle of a divorce on his visa application or during the interview. The very fact that issuance of his B2 visa and the order of Divorce Decree Nisi occurring on the same day indicate that the beneficiary willfully misrepresent a material fact which could affect the Consulate Officer's decision to issue him a visa.

On October 29, 2018, both you and the beneficiary appeared for your interview. During your initial interview with USCIS, you and the beneficiary confirmed that all information disclosed on your petition and his application was true and correct to the best of your knowledge.

USCIS conducted an administrative investigation and discovered derogatory information that was pertinent to your case. Specifically, a phone contact was made with Invision Property management LLC at (229) 854-4587 on or about August 15, 2019. During the phone call, the officer spoke with DeAnn Ramsey, a property manager. The Officer expressed his concern with regards to the validity of the lease document that you and the beneficiary submitted to USCIS. The Officer, therefore, asked Ms. Ramsey to verify whether the submitted document was a valid document.

In response to the Officer's inquiry, Ms. Ramsey stated that she reviewed the lease document you and the beneficiary submitted to USCIS. She stated that although the lease reflects her name on it, she did not sign the document. She stated that it is not her signature which appeared on the lease document submitted to USCIS. Ms. Ramsey provided a copy of the valid lease which shows that only you and your daughter Brittany Harris were listed as tenants at 618 Pinson Road, Albany, GA 31705.

Ms. Ramsey also informed the Officer in her email that around July of 2018, you asked her to add the beneficiary to your lease. Ms. Ramsey prepared the documents including the new lease where the beneficiary was added as a tenant. Ms. Ramsey gave the updated lease to you so that the beneficiary could sign and return. However, neither you nor the beneficiary returned the updated lease back to Ms. Ramsey. Ms. Ramsey emphasized that the signature appearing over her name is not her signature. Considering that Ms. Ramsey had no reason to provide false information, USCIS has determined that you and the beneficiary misrepresented yourselves by not submitting a valid document.

On August 19, 2019, USCIS requested you and the beneficiary to appear for a second interview. During the interview, both you and the beneficiary were placed under oath. During the interview, the Officer took yours and the beneficiary's sworn statements in separate interviews. During the course of the interview, the Officer noted numerous testimonial discrepancies, specifically:

- The beneficiary testified you used your last name Rushmore in the past. However, you testified that other than your current legal name, Catrina Luvette Brown, you have never used any other names;
- The beneficiary testified he last entered the United States in February 2017. However, you testified he last entered in February 2018;
- The beneficiary testified that prior to coming to the U.S., he was a manager of Klin Well Resort in Nigeria. However, you could not tell what type of work the beneficiary did prior to coming to the U.S.;
- The beneficiary testified when the two of you first met at Bahamas Breeze in Duluth, GA, the two of you exchanged phone numbers and he called you later that day. He further stated the two of you talked on the phone for two months before you met again. However, you testified the restaurant was in Atlanta, GA and you were the only one who gave out a phone number and the two of you talked for a month before meeting up again;

- The beneficiary testified that when he first met you, he was living with his cousin, Fred and his friend Henry at 1140 Pleasant Oaks Court, Lawrenceville, GA and have been living there less than a year. You testified the beneficiary was still living in Nigeria and only visiting his two friends, Fred and Henry;
- The beneficiary testified when he first met you, you were living in Miami, FL with family. He could not disclose who you were living with at the time. In contrast, you testified you were living with your five daughters; The beneficiary testified he currently works at Alpha Broder, a clothing company and his schedule is 8 AM to 6-7 pm Monday through Friday, and some Saturdays. In contrast, you could not tell the name of the company, nor tell what type of product or services that his company provides. You further stated his work schedule is 8 AM to 4 PM, Monday through Friday;
- The beneficiary testified that during the weekdays, he resides at 1140 Pleasant Oaks Court, Lawrenceville, GA with his roommate, Tony. You testified the beneficiary lives at 1140 Court Drive, Apt O. You could not give the name of the city where he lives nor could you give a correct street address;
- The beneficiary testified that he lived at 1140 Pleasant Oaks Court, Lawrenceville, GA for less than a year. It should be noted he did not disclose this address on his Form I-485 where he disclosed he has lived at 618 Pinson Road, Albany, GA since June 05, 2017;
- The beneficiary testified he proposed to you on February 28, 2017 at Bahamas Breeze. He said you and he met at the restaurant. He further stated you got there by Uber, and that his cousin, Fred, gave him a ride to the restaurant. He said the two of you spent an hour there. In contrast, you testified the beneficiary proposed to you on February 28, 2018 at Bahamas Breeze. You testified the beneficiary drove you to the place. You further elaborated that you took the bus and the beneficiary picked you up at the bus station. You testified the beneficiary drove you to Bahamas Breeze and the two of you spent a few hours there;
- The beneficiary testified that the two of you got married on June 06, 2017 in the Fulton County Courthouse. He stated his cousin, Fred, drove the two of you and Henry to the courthouse. You testified you got married on June 06, 2018 and your brother Casey, drove the two of you and Henry to the courthouse;
- The beneficiary testified on the day of the wedding, the following people were there: Shun (his cousin) and her husband, Kareem, Fred, and Henry. You testified your brother Casey, Henry, Fred, and the beneficiary's friend, Shun;
- The beneficiary testified his two daughters (Happiness and Harmony) are currently visiting the U.S. at their aunt's place in Canton, GA. In contrast, you testified the beneficiary's two daughters were staying at his address;
- The beneficiary testified he pays for the gas and water bill at 618 Pinson Road, Albany, GA. You testified you pay for gas, water, and electricity bill at 618 Pinson Road, Albany, GA;
- The beneficiary testified the two of you have a shared Wells Fargo account. He stated that you only use the account to make regular purchases, not to pay for bills and rent. In contrast, you testified you use this account to pay for your bills and rent; The beneficiary testified he added you to his State Farm life insurance policy. You testified you do not have any health or life insurance coverage;
- The beneficiary testified he has 2 sisters and 3 brothers. He further stated his sister, Margaret, is the oldest in his family and his brother, Evans, is the youngest. In contrast, you could not disclose how many siblings he has or any of their names;
- The beneficiary testified you have 2 brothers and 1 sister. He could not tell which one is the oldest in your family. He stated the youngest in your family s Tasha. In contrast, you stated your brother, Johnny, is the oldest in the family and that you are the youngest;

- The beneficiary testified Otejiri Akpobo and Kyle Brand are his co-sponsors. He was able to identify them and tell where they live. You, on the other hand, could not tell anything about the two individuals you were asked about. You were unable to discern the beneficiary's father's name, nor were you able to know how much the beneficiary pays rent or his utilities for his apartment or know the name of the apartment complex. You were also unable to tell what auto insurance he has or how much he pays for his coverage.

Apart from the testimonial discrepancies, there were other issues present in your record. When the Officer asked you during the interview whether you signed your Form I-864, Affidavit of Support and Form I-130, you stated you signed them both. However, your claimed signature on the forenamed immigration forms look totally different from what was transcribed on the lease document, sworn statement, and the piece of paper where an Office asked you to sign for comparison. Although, you allege that all signatures are yours, your statement become questionable considering the issues with your lease and testimonial discrepancies.

Additionally, the Form I-864 completed by Otejiri Akpobo raises even more questions. It appears that Otejiri Akpobo filed more than 40 similar forms for other individuals. He never disclosed that he completed so many affidavits. Not disclosing he filed so many affidavits for others not only becomes and issue with his income limits but it would appear that he misrepresented a material fact for nondisclosure.

Overall, your testimony and documentary evidence in the record did not establish the claimed marital relationship. USCIS noted numerous testimonial discrepancies. There is clear evidence of misrepresentation submitted by you and the beneficiary. On November 05, 2019, USCIS issued a Notice of Intent to Revoke (NOIR) on the Form I-130 and the petition was subsequently denied for abandonment on December 02, 2019.

On June 22, 2020, USCIS received a newly filed Form I-130 and Form I-485 concurrently filed between you and the beneficiary with the following documents relevant to your petition:

- Copy of an IRS Form 1040 2018 U.S. Individual Income Tax Return for Catrina Brown with a listed address as 618 Pinson Road, Albany, GA 31705;
- Copy of an IRS Form 1040 2019 U.S. Individual Income Tax Return for Catrina Brown with a listed address as 211 Pine Bluff Road, Albany, GA 31705;
- Copy of an IRS Form 1040 2018 U.S. Individual Income Tax Return for Kenneth E. Akhuetie with a listed address as 618 Pinson Road, Albany, GA 31705;
- Wells Fargo bank statements of Kenneth E. Arkhuette for the months of March 27, 2019, April 26, 2019, May 29, 2019, June 26, 2019, July 27, 2019, August 28, 2019, September 26, 2019, October 29, November 26, 2019, December 27, 2019, January 29, 2020;

The information provided was reviewed and determined to be insufficient to establish the claimed relationship. Specifically:

- 2018 and 2019 Tax returns for Catrina Brown: The tax returns are deemed insufficient because you listed yourself as head of household for 2018 and single for 2019 when you were married on June 06, 2017. The document is given no weight as evidence of a marital union;
- Wells Fargo bank statements: Most of the transactions in the bank statements show activity in either Duluth, Lilburn, Norcross, Lawrenceville, or Atlanta, GA. The average distance with those cities to Albany is all over three hours of driving time. There is no evidence of any transactions conducted in Albany, GA of your listed residence and no evidence of commingling of assets or liabilities. The financial transactions conflict with your statement

concerning the relationship and residency with the beneficiary. The document is given no weight as evidence of a marital union.

On December 10, 2020, you and the beneficiary appeared for an interview with an Immigration Services Officer to establish for the benefits sought. At that time, you and the beneficiary provided testimony under oath in separated interviews. The testimony did not establish the claimed relationship. Although both of you testified consistently regarding the date and location of the marriage, and basic knowledge of living arrangements, there were inconsistent statements and discrepancies with respect to issues that go to the heart of the marriage, specifically:

- Current residency discrepancy: You testified you and the beneficiary have lived continuously since the date of marriage. You stated the beneficiary stays in Atlanta where he works during the week and comes to Albany during the weekends. You further stated he lives at 1649 South Ridge, Atlanta, GA. The beneficiary testified the same as you did however, he provided a Georgia driver's license with a listed address of 1140 Court Drive, Apt 0, Duluth, GA 30096. The beneficiary did not explain the address discrepancy;
- Beneficiary's employment discrepancy: You testified the beneficiary sells cars online at an auction. The beneficiary testified he was not working because of COVID-19;
- July 4, 2020 discrepancy: You testified everyone stayed home and celebrated July 4th with fireworks with the kids outside. The beneficiary testified everyone stayed home and no one shot any fireworks.

On August 20, 2021, the beneficiary appeared for an interview with an Immigration Officer. The following issues were discussed, specifically:

- 618 Pinson apartment lease agreement: The beneficiary testified the lease originally did not have his name and acknowledged he submitted the lease signed by DeAnn Ramsey. The Immigration Officer discussed with the beneficiary that DeAnn Ramsey did not sign the lease. The beneficiary responded he was not aware the lease was not signed by DeAnn Ramsey and did not know who signed the lease;
- George DHR food stamps: The beneficiary testified you listed yourself as single, even though you were married to get food stamps for the children.

On April 29, 2022, USCIS issued a Request for Evidence (RFE) for more marital bona fides because of inconsistencies of documents previously submitted and testimonies provided. On June 29, 2022, USCIS received the following documentation:

- Verizon phone statements;
- Wells Fargo bank statements for the months of November 25,4, 2021, January 26, 2022, February 24, 2022, March 23, 2022, and April 25, 2022;
- Residential lease for 1649 Southgate Mill Dr NW Duluth, GA covering the period from June 01, 2021 to May 31, 2022;
- Previously submitted residential lease for Pine Bluff Road, Albany, GA 31705 in a month to month lease starting on October 25, 2019;
- Affidavits from Chanell Brown, Jania Mathis, Paul Mometi, and Victor Enaboifo; Jackson EMC utility statements;
- Copy of an IRS Form 1040 2021 U.S. Individual Income Tax Return for the beneficiary with a listed address as 211 Pine Bluff Road, Lot 81 Albany, GA 31705;
- Copy of an GA Form 500 2021 Georgia Individual Income Tax Return for the beneficiary with a listed address as 211 Pine Bluff Road, Lot 81 Albany, GA 31705;
- Copy as well as a transcript copy of an IRS Form 1040 2020 U.S. Individual Income Tax Return for the beneficiary with a listed address as 618 Pinson Road, Albany, GA 31705;
- Copy of an GA Form 500 2020 Georgia Individual Income Tax Return for the beneficiary with

a listed address as 618 Pinson Road, Albany, GA 31705;
- Copy of an IRS Form 1040 2019 U.S. Individual Income Tax Return for the beneficiary with a listed address as 618 Pinson Road, Albany, GA 31705;
- Copy of an GA Form 500 2019 Georgia Individual Income Tax Return for the beneficiary with a listed address as 618 Pinson Road, Albany, GA 31705;
- Transcript copy of an IRS Form 1040 2018 U.S. Individual Income Tax Return for Catrina Brown with a listed address as 618 Pinson Road, Albany, GA 31705;
- Transcript copy of an IRS Form 1040 2019 U.S. Individual Income Tax Return for Catrina Brown with a listed address as 211 Pine Bluff Road, Albany, GA 31705;
- Transcript copy of an IRS Form 1040 2020 U.S. Individual Income Tax Return for Catrina Brown with a listed address as 211 Pine Bluff Road, Albany, GA 31705;
- Transcript copy of an IRS Form 1040 2018 U.S. Individual Income Tax Return for Kenneth E. Akhuetie with a listed address as 618 Pinson Road, Albany, GA 31705;
- Statements over income tax filing with you and the beneficiary;
- 38 photos.

The information provided was reviewed and determined to be insufficient to establish the claimed relationship. Specifically:

- Wells Fargo bank statements: There is no evidence of commingling of assets or liabilities in particular on how rent or utilities are being paid. You provided a lease with a start date of June 01, 2021 for 1649 Southgate Mill Dr NW Duluth, GA. All of the bank statements are for 211 Pine Bluff Road Lot 81, Albany, GA. You provided as a residence on your Georgia's driver's license as 618 Pinson Road, Albany, GA. Based on inconsistencies of addresses and no evidence of commingling of assets and liabilities, the document is given little weight as evidence of a marital union;
- Jackson EMC utility statements: You did not provide how the utility was being paid or from what account. You provided as a residence on your Georgia's driver's license as 618 Pinson Road, Albany, GA. Moreover, in a sworn statement dated September 03, 2019, you testified the joint Wells Fargo account is used to pay for rent and utilities. There is no evidence in the documents provided has this occurred. The documents are given little weight as evidence of a marital union;
- Residential leases: You did not provide how the rent was being paid or from what account. You provided as a residence on your Georgia's driver's license as 618 Pinson Road, Albany, GA. Moreover, in a sworn statement dated September 03, 2019, you testified the joint Wells Fargo account is used to pay for rent and utilities. There is no evidence in the documents provided has this occurred. The documents are given little weight as evidence of a marital union;
- Income Tax Returns: You and the beneficiary provided statements where the income tax returns filed by the beneficiary as "married filing separately" and with you as either "single" or "head of household" as an agreement between spouses was found not credible as a response. In separate sworn statements conducted on December 10, 2020, you testified your tax preparer did it. The beneficiary testified he did not know anything about it. In the same testimony, you admitted you were previously convicted Food Stamp fraud in 2008 and had to pay everything back. This was further affirmed on an August 20, 2021 in a sworn statement where the beneficiary testified you reported to Georgia DHR as "not married" and only lives with her children in order to currently get food stamps. Misrepresentation of a benefit is not condone with USCIS. The documents are given little weight as evidence of a marital union.

On August 08, 2022, USCIS issued a Notice of Intent to Deny (NOID) and on November 10, 2022, USCIS received a response to the NOID. The evidence are presented as such:

- NOID response from Fogle Law Firm;

- Affidavit from Catrina Luvette Brown;
- Affidavit from Kenneth Egualelojie Akhuetie;
- Residential Lease Agreement for 211 Pine Bluff Road, Albany, GA 31705 with a starting lease date of October 25, 2019
- Receipt and money order to correspond a payment on September 05, 2022;
- Copy of amended IRS Form 1040, 2021 U.S. Individual Income Tax Return for Catrina Brown with a filing status of married filing separately with a home address listed as 211 Pine Bluff Road Lot 81, Albany, GA 31705;
- Copy of IRS Form 1040, 2021 U.S. Individual Income Tax Return for Keneth Akuetie with a filing status of married filing separately with a home address listed as 211 Pine Bluff Road Lot 81, Albany, GA 31705;
- Copy of Form 500, 2021 Georgia Individual Income Tax Return for Keneth Akuetie with a filing status of married filing separately with a home address listed as 211 Pine Bluff Road Lot 81, Albany, GA 31705;
- Copy of a Georgia driver's license for Catrina Luvette Brown issued on October 04, 2022 with 211 Pine Bluff Road Lot 81, Albany, GA 31705 listed as the home address;
- Copy of a Georgia driver's license for Kenneth E Akhuetie issued on March 18, 2022 with 211 Pine Bluff Road Lot 81, Albany, GA 31705 listed as the home address;
- Georgia Certificate of Organization for Klin Well Resorts LLC filed on January 21, 2021, listing Catrina Brown and Kenneth Akhuetie as organizers;
- Wells Fargo bank statements for Catrina Brown and Kenneth Akhuetie for 211 Pine Bluff Road Lot 81, Albany, GA covering for the months of June 24, 2022, July 26, 2022, and August 23, 2022;
- Copy of joint credit cards for Catrina L. Brown and Kenneth E Akhuetie from Bank of America and Best Buy;
- Verizon phone bill for Catrina Brown and Kenneth Akhuetie for billing period March 30, 2022 to April 29, 2022;
- Copart Sales Receipt/Bill of Sales of various vehicles for Klin WEll Resorts LLC;
- Affidavits from Michael Opia, Patricia E. Omonria, Henry Ojaide, Victor Enaboifo, Chanell Brown, and Casey McNair;
- 18 pictures;
- I-94 (already on file).

USCIS will give weight and acknowledges the following points in response to the NOID, specifically:

- Date of entry into the United States;
- Date of first meeting between you and the beneficiary;
- Beneficiary's living arrangements at the time he met you;
- Beneficiary's work during COVID-19 outbreak;
- Beneficiary's employment with Apha Broders;
- Beneficiary's residence in Duluth;
- Date and manner of proposal;
- Marriage attendance;
- Life insurance policy;

USCIS will give weight and acknowledges the documents in submission to the NOID, specifically:

- Residential Lease Agreement for 211 Pine Bluff Road, Albany, GA 31705 with a starting lease date of October 25, 2019
- Receipt and money order to correspond a payment on September 05, 2022;
- Copy of amended IRS Form 1040, 2021 U.S. Individual Income Tax Return for Catrina Brown with a filing status of married filing separately with a home address listed as 211 Pine Bluff

   Road Lot 81, Albany, GA 31705;
- Copy of IRS Form 1040, 2021 U.S. Individual Income Tax Return for Keneth Akuetie with a filing status of married filing separately with a home address listed as 211 Pine Bluff Road Lot 81, Albany, GA 31705;
- Copy of Form 500, 2021 Georgia Individual Income Tax Return for Keneth Akuetie with a filing status of married filing separately with a home address listed as 211 Pine Bluff Road Lot 81, Albany, GA 31705;
- Copy of a Georgia driver's license for Catrina Luvette Brown issued on October 04, 2022 with 211 Pine Bluff Road Lot 81, Albany, GA 31705 listed as the home address;
- Copy of a Georgia driver's license for Kenneth E Akhuetie issued on March 18, 2022 with 211 Pine Bluff Road Lot 81, Albany, GA 31705 listed as the home address;
- Georgia Certificate of Organization for Klin Well Resorts LLC filed on January 21, 2021, listing Catrina Brown and Kenneth Akhuetie as organizers;
- Wells Fargo bank statements for Catrina Brown and Kenneth Akhuetie for 211 Pine Bluff Road Lot 81, Albany, GA covering for the months of June 24, 2022, July 26, 2022, and August 23, 2022;
- Verizon phone bill for Catrina Brown and Kenneth Akhuetie for billing period March 30, 2022 to April 29, 2022.

Your response does not overcome the concerns expressed in the NOID, specifically:

- Forged signature for 618 Pinson apartment lease agreement: In an interview conducted on August 20, 2021, the beneficiary in a sworn statement acknowledged the two of you submitted a lease agreement signed by DeAnn Ramsey. The beneficiary further testified he was not aware that DeAnn Ramsey did not sign the lease. In a sworn personal statement submitted in response to the NOID, you stated the lease was signed by DeAnn Ramsey. In a sworn personal statement submitted in response to the NOID, the beneficiary stated he does not know who could have signed the lease outside of the property manager. USCIS does not find the response credible considering DeAnn Ramsey confirmed and verified to an Immigration Officer that the signature on the lease is not hers. In certain instances, USCIS allows for a timely retraction to negate a false representation. For a retraction to be effective, it must be corrected before being exposed by the government official or before the conclusion of the interview. USCIS weighs negatively towards your petition considering the lease agreement was not provided by DeAnn Ramsey but by you and the beneficiary. See *Matter of Rivero-Diaz*;
- Commingling of finances: In a response to the NOID, it was stated that the "rent was paid by money order and the other utility bills paid from her (petitioner) personal account because that was the account she signed up with." As part of the response, you provided relatively current bank statements but lacked any corroborated evidence to support your claims prior to the issuance of the NOID. You claimed utility bills were paid in your account but submitted no documentation. The response and bank statements are given little weight as evidence of a marital union. See *Matter of Izumii*;
- Inconsistencies germane to the marriage: It must be noted that USCIS applications are signed "under penalty of perjury" and oaths are taken during in-person interviews. By signing or by making statements under oath, the person asserts his/her claims are true. If the evidence in the record or testimony subsequently shows that the claims are false, then it can be reasonably ascertained the person willfully misrepresented fact to the government or the response could be interpreted that it does not bear any merit towards legitimacy of a marriage. USCIS takes note the following inconsistencies, specifically:
    - Petitioner's last name: The beneficiary testified the petitioner had Rushmore as a last name when he was interviewed on September 03, 2019. The beneficiary was given an opportunity to review his statement and in the presence of a witness, signed and



"certified, under penalty of perjury under the laws of the United States of American, that the foregoing is true and correct." The question asked at the interview concern shared facts and events that genuine spouses would be reasonably be expected to know as well as be able to provide consistent responses. The beneficiary response lacked merit considering that on the day of his sworn statement, he has been married for over two years with you;

- Who the Petitioner living with when she met the beneficiary: The beneficiary testified, "She was living in Miami, FL. She was living with her family. I do not know who she was living with. In a response to the NOID, the beneficiary stated, "he does not know with whom his wife was living, but was well aware that his wife lived in Miami, FL with her kids." The response to the NOID is contrary to the sworn statement. The question asked at the interview concern shared facts and events that genuine spouses would be reasonably be expected to know as well as be able to provide consistent responses. USCIS finds the response lacking merit considering the on the day of the sworn statement, the beneficiary has been married for over two years with you.

- Misrepresentation of food stamps: You reported to USCIS that you are married, however you reported to Georgia Department of Human Services, that you are single and live with your mother to acquire "food stamps." This is a false representation made to a state government official. The U.S. Supreme Court has developed a test to determine whether a misrepresentation is material. A concealment or a misrepresentation is material if it has a natural tendency to influence or could influence the decisions of the decision-making body. See *Kungys v. United States*, 485 U.S. 759, 770 (1988). USCIS finds it material because you submitted tax returns for 2018 (filed as head of household) and 2019 (single) in your Form I-864 Affidavit of Support where you certify under penalty of perjury that all of this information is complete, true, and correct. The submission of Form I-864 was used to influence an adjudicative outcome of both the Form I-130 and Form I-485 applications;

- Tax Returns for 2018 and 2019: In response to the NOID statement, it is stated the tax preparer was in error when the filing status for you was filed as head of household (2018) and single (2019). It is further stated that you did not amend your 2018 and 2019 tax returns due to cost of associated fees and professional expenses. The tax returns were used to qualify you for food stamps while inadvertently it was used to substantiate your Form I-864 application. While there is a written retraction, there were no amended tax returns. According to *Kungys v. United States*, USCIS finds that your submission of Form I-864 was used to influence an adjudicative outcome of both the Form I-130 and Form I-485 applications.

### V. Conclusion:

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that the beneficiary is not eligible for the requested benefit sought for the following reason(s).

- Forged signature for 618 Pinson apartment lease agreement: If there is evidence that would permit a reasonable person to conclude that the applicant may be inadmissible for fraud or will misrepresentation, then the applicant has not successfully met his/her burden of proof. USCIS finds the applicant inadmissible because he or she has not satisfied the burden of proof;
- Misrepresentation of food stamps and tax returns: Misrepresentation on the documents was used to influence an adjudicative outcome of both the Form I-130 and Form I-485 applications upon the submission of Form I-864;
- Insufficient bona fides and proof of commingling of finances: You have failed to meet the burden, by the preponderance of evidence at the time of the issuance of the NOID, that you lived in a bona fide relationship.

Based on a review of the record, USCIS finds that you have not met your burden of proof in

demonstrating that your petition should be approved. Therefore, USCIS denies your Form I-130.

This decision will become final unless you appeal it by filing a completed Form EOIR-29, Notice of Appeal to the Board of Immigration Appeals from a Decision of a USCIS Officer. Although the Board of Immigration Appeals (BIA) will decide the appeal, you must send the Form EOIR-29 and all required documents to the following address:

U.S. Citizenship and Immigration Services
Montgomery Field Office
3381 Atlanta Highway
Montgomery, AL 36109

If you are filing your form at a USCIS field office, you cannot pay the filing fee with cash, a cashier's check, or money order. You must pay the filing fee thought pay.gov via a credit card or with a personal check. We must receive your Form EOIR-29 within 30 days from the date of this decision notice. The decision is final if we do not receive your appeal within the time allowed.

If you, the petitioner, intend to be represented on appeal, your attorney or accredited representative should submit Form EOIR-27.

If you or your attorney wishes to file a brief in support of your appeal, the brief must be received by the USCIS office where you file your appeal either with your appeal or no later than 30 days from the date of filing your appeal. We will send your appeal for further processing 30 days after the date we receive it; after that time, we cannot accept any brief on your appeal. For more information about filing requirements for appeals to the BIA, please see 8 CFR 1003.3 and the Board of Immigration Appeals Practice Manual at usdoj.gov/eoir. If you need additional information, please visit the USCIS Web site at www.uscis.gov or call our USCIS Contact Center toll free at 1-800-375-5283.

Sincerely,

*[signature]*

Jose L. Luyanda
Field Office Director

AC 1013

RECEIVED MAR 13 REC'D By____