August 8, 2022

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
3381 Atlanta Highway
Montgomery, AL 36109



**U.S. Citizenship and Immigration Services**

CATRINA LUVETTE BROWN
c/o DAVID LUNEL
THE FOGLE LAW FIRM LLC ATLANTA
55 IVAN ALLEN JR BLVD STE 830
ATLANTA, GA 30308



MSC2091311828



A214-695-898

RE: KENNETH EGUALELOJIE AKHUETIE
I-130, Petition for Alien Relative

## NOTICE OF INTENT TO DENY

Dear CATRINA BROWN:

On June 22, 2020, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of KENNETH AKHUETIE (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we intend to deny your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

**I. Background Facts and Procedural History:**

- The beneficiary entered the United States on January 29, 2016 as a B2 nonimmigrant visitor from Nigeria with an authorized stay through July 28, 2016;
- On August 25, 2016, the beneficiary divorced Mercy Mojudla Ugbebor in Lagos, Nigeria;
- On June 06, 2017, you and the beneficiary married in Fulton County, Georgia;
- On October 27, 2017, USCIS received the Form I-130 Petition for Alien Relative and Form I-485 Application to Re Register Permanent Residence or Adjust Status and

supporting documents concurrently filed between you and the beneficiary;
- On October 29, 2018, you and the beneficiary came for an I-130/I-485 interview at the Atlanta Field Office where the Form I-130 was subsequently approved that day;
- On November 05, 2019, USCIS issued a Notice of Intent to Revoke (NOIR) on the Form I-130 and the petition was subsequently denied for abandonment on December 02, 2019;
- On June 22, 2020, USCIS received the Form I-130 and Form I-485 concurrently filed between you and the beneficiary;
- On December 10, 2020, you and the beneficiary came for an I-130/I-485 interview at the Montgomery Field Office;
- On April 29, 2022, USCIS issued a Request for Evidence (RFE) for a response received no later than July 25, 2022.

## II. Issue:

The petitioner must show, by a preponderance of the evidence, that the marriage was legally valid and bona fide at its inception, and not entered into for the purpose of evading the immigration laws.

## III. Rule:

When there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration law. See Matter of Phillis, 15 I&N Dec. 385, 386 (BIA 1975).

To demonstrate that the purpose of the marriage was not to evade the immigration laws, a petitioner may submit documentation showing, for instance, joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship. See 8 CFR 204.2(a)(1)(iii)(B).

## IV. Analysis and Discussion:

Kenneth Egualelojie Akhuetie (the beneficiary) applied for his B2 visitor visa on August 17, 2016. On his visa application, he indicated that he was married to Mojisola Mercy Akhuetie. Having presented sufficient evidence of his ties to Nigeria such as ownership of a profitable business, Klin Well Resort Nig Ltd, his previous travel to the U.S. and his long history of marriage, the beneficiary was able to obtain his renewed B2 visitor visa valid from August 25, 2016 to August 22, 2018.

On August 25, 2016, however, the High Court of Lagos State ordered a Divorce Decree Nisi. He did not disclose to the Consulate Officer that he is in the middle of a divorce on his visa application or during the interview. The very fact that issuance of his B2 visa and the order of Divorce Decree Nisi occurring on the same day indicate that the beneficiary willfully misrepresent a material fact which could affect the Consulate Officer's decision to issue him a visa.

On October 29, 2018, both you and the beneficiary appeared for your interview. During your initial interview with USCIS, you and the beneficiary confirmed that all information disclosed on your petition and his application was true and correct to the best of your knowledge.

USCIS conducted an administrative investigation and discovered derogatory information that was pertinent to your case. Specifically, a phone contact was made with Invision Property management LLC at (229) 854-4587 on or about August 15, 2019. During the phone call, the officer spoke with DeAnn Ramsey, a property manager. The Officer expressed his concern with regards to the validity

of the lease document that you and the beneficiary submitted to USCIS. The Officer, therefore, asked Ms. Ramsey to verify whether the submitted document was a valid document.

In response to the Officer's inquiry, Ms. Ramsey stated that she reviewed the lease document you and the beneficiary submitted to USCIS. She stated that although the lease reflects her name on it, she did not sign the document. She stated that it is not her signature which appeared on the lease document submitted to USCIS. Ms. Ramsey provided a copy of the valid lease which shows that only you and your daughter Brittany Harris were listed as tenants at 618 Pinson Road, Albany, GA 31705.

Ms. Ramsey also informed the Officer in her email that around July of 2018, you asked her to add the beneficiary to your lease. Ms. Ramsey prepared the documents including the new lease where the beneficiary was added as a tenant. Ms. Ramsey gave the updated lease to you so that the beneficiary could sign and return. However, neither you nor the beneficiary returned the updated lease back to Ms. Ramsey. Ms. Ramsey emphasized that the signature appearing over her name is not her signature. Considering that Ms. Ramsey had no reason to provide false information, USCIS has determined that you and the beneficiary misrepresented yourselves by not submitting a valid document.

On August 19, 2019, USCIS requested you and the beneficiary to appear for a second interview. During the interview, both you and the beneficiary were placed under oath. During the interview, the Officer took yours and the beneficiary's sworn statements in separate interviews. During the course of the interview, the Officer noted numerous testimonial discrepancies, specifically:

- The beneficiary testified you used your last name Rushmore in the past. However, you testified that other than your current legal name, Catrina Luvette Brown, you have never used any other names;
- The beneficiary testified he last entered the United States in February 2017. However, you testified he last entered in February 2018;
- The beneficiary testified that prior to coming to the U.S., he was a manager of Klin Well Resort in Nigeria. However, you could not tell what type of work the beneficiary did prior to coming to the U.S.;
- The beneficiary testified when the two of you first met at Bahamas Breeze in Duluth, GA, the two of you exchanged phone numbers and he called you later that day. He further stated the two of you talked on the phone for two months before you met again. However, you testified the restaurant was in Atlanta, GA and you were the only one who gave out a phone number and the two of you talked for a month before meeting up again;
- The beneficiary testified that when he first met you, he was living with his cousin, Fred and his friend Henry at 1140 Pleasant Oaks Court, Lawrenceville, GA and have been living there less than a year. You testified the beneficiary was still living in Nigeria and only visiting his two friends, Fred and Henry;
- The beneficiary testified when he first met you, you were living in Miami, FL with family. He could not disclose who you were living with at the time. In contrast, you testified you were living with your five daughters;
- The beneficiary testified he currently works at Alpha Broder, a clothing company and his schedule is 8 AM to 6-7 pm Monday through Friday, and some Saturdays. In contrast, you could not tell the name of the company, nor tell what type of product or services that his company provides. You further stated his work schedule is 8 AM to 4 PM, Monday through Friday;
- The beneficiary testified that during the weekdays, he resides at 1140 Pleasant Oaks Court, Lawrenceville, GA with his roommate, Tony. You testified the beneficiary lives at 1140 Court Drive, Apt O. You could not give the name of the city where he lives nor could you give a

correct street address;
- The beneficiary testified that he lived at 1140 Pleasant Oaks Court, Lawrenceville, GA for less than a year. It should be noted he did not disclose this address on his Form I-485 where he disclosed he has lived at 618 Pinson Road, Albany, GA since June 05, 2017;
- The beneficiary testified he proposed to you on February 28, 2017 at Bahamas Breeze. He said you and he met at the restaurant. He further stated you got there by Uber, and that his cousin, Fred, gave him a ride to the restaurant. He said the two of you spent an hour there. In contrast, you testified the beneficiary proposed to you on February 28, 2018 at Bahamas Breeze. You testified the beneficiary drove you to the place. You further elaborated that you took the bus and the beneficiary picked you up at the bus station. You testified the beneficiary drove you to Bahamas Breeze and the two of you spent a few hours there;
- The beneficiary testified that the two of you got married on June 06, 2017 in the Fulton County Courthouse. He stated his cousin, Fred, drove the two of you and Henry to the courthouse. You testified you got married on June 06, 2018 and your brother Casey, drove the two of you and Henry to the courthouse;
- The beneficiary testified on the day of the wedding, the following people were there: Shun (his cousin) and her husband, Kareem, Fred, and Henry. You testified your brother Casey, Henry, Fred, and the beneficiary's friend, Shun;
- The beneficiary testified his two daughters (Happiness and Harmony) are currently visiting the U.S. at their aunt's place in Canton, GA. In contrast, you testified the beneficiary's two daughters were staying at his address;
- The beneficiary testified he pays for the gas and water bill at 618 Pinson Road, Albany, GA. You testified you pay for gas, water, and electricity bill at 618 Pinson Road, Albany, GA;
- The beneficiary testified the two of you have a shared Wells Fargo account. He stated that you only use the account to make regular purchases, not to pay for bills and rent. In contrast, you testified you use this account to pay for your bills and rent;
- The beneficiary testified he added you to his State Farm life insurance policy. You testified you do not have any health or life insurance coverage;
- The beneficiary testified he has 2 sisters and 3 brothers. He further stated his sister, Margaret, is the oldest in his family and his brother, Evans, is the youngest. In contrast, you could not disclose how many siblings he has or any of their names;
- The beneficiary testified you have 2 brothers and 1 sister. He could not tell which one is the oldest in your family. He stated the youngest in your family s Tasha. In contrast, you stated your brother, Johnny, is the oldest in the family and that you are the youngest;
- The beneficiary testified Otejiri Akpobo and Kyle Brand are his co-sponsors. He was able to identify them and tell where they live. You, on the other hand, could not tell anything about the two individuals you were asked about.
- You were unable to discern the beneficiary's father's name, nor were you able to know how much the beneficiary pays rent or his utilities for his apartment or know the name of the apartment complex. You were also unable to tell what auto insurance he has or how much he pays for his coverage.

Apart from the testimonial discrepancies, there were other issues present in your record. When the Officer asked you during the interview whether you signed your Form I-864, Affidavit of Support and Form I-130, you stated you signed them both. However, your claimed signature on the forenamed immigration forms look totally different from what was transcribed on the lease document, sworn statement, and the piece of paper where an Office asked you to sign for comparison. Although, you allege that all signatures are yours, your statement become questionable considering the issues with your lease and testimonial discrepancies.

Additionally, the Form I-864 completed by Otejiri Akpobo raises even more questions. It appears that

Otejiri Akpobo filed more than 40 similar forms for other individuals. He never disclosed that he completed so many affidavits. Not disclosing he filed so many affidavits for others not only becomes and issue with his income limits but it would appear that he misrepresented a material fact for nondisclosure.

Overall, your testimony and documentary evidence in the record did not establish the claimed marital relationship. USCIS noted numerous testimonial discrepancies. There is clear evidence of misrepresentation submitted by you and the beneficiary. On November 05, 2019, USCIS issued a Notice of Intent to Revoke (NOIR) on the Form I-130 and the petition was subsequently denied for abandonment on December 02, 2019.

On June 22, 2020, USCIS received a newly filed Form I-130 and Form I-485 concurrently filed between you and the beneficiary with the following documents relevant to your petition:

- Copy of an IRS Form 1040 2018 U.S. Individual Income Tax Return for Catrina Brown with a listed address as 618 Pinson Road, Albany, GA 31705;
- Copy of an IRS Form 1040 2019 U.S. Individual Income Tax Return for Catrina Brown with a listed address as 211 Pine Bluff Road, Albany, GA 31705;
- Copy of an IRS Form 1040 2018 U.S. Individual Income Tax Return for Kenneth E. Akhuetie with a listed address as 618 Pinson Road, Albany, GA 31705;
- Wells Fargo bank statements of Kenneth E. Arkhuette for the months of March 27, 2019, April 26, 2019, May 29, 2019, June 26, 2019, July 27, 2019, August 28, 2019, September 26, 2019, October 29, November 26, 2019, December 27, 2019, January 29, 2020;

The information provided was reviewed and determined to be insufficient to establish the claimed relationship. Specifically:

- 2018 and 2019 Tax returns for Catrina Brown: The tax returns are deemed insufficient because you listed yourself as head of household for 2018 and single for 2019 when you were married on June 06, 2017. The document is given no weight as evidence of a marital union;
- Wells Fargo bank statements: Most of the transactions in the bank statements show activity in either Duluth, Lilburn, Norcross, Lawrenceville, or Atlanta, GA. The average distance with those cities to Albany is all over three hours of driving time. There is no evidence of any transactions conducted in Albany, GA of your listed residence and no evidence of commingling of assets or liabilities. The financial transactions conflict with your statement concerning the relationship and residency with the beneficiary. The document is given no weight as evidence of a marital union.

On December 10, 2020, you and the beneficiary appeared for an interview with an Immigration Services Officer to establish for the benefits sought. At that time, you and the beneficiary provided testimony under oath in separated interviews. The testimony did not establish the claimed relationship. Although both of you testified consistently regarding the date and location of the marriage, and basic knowledge of living arrangements, there were inconsistent statements and discrepancies with respect to issues that go to the heart of the marriage, specifically:

- Current residency discrepancy: You testified you and the beneficiary have lived continuously since the date of marriage. You stated the beneficiary stays in Atlanta where he works during the week and comes to Albany during the weekends. You further stated he lives at 1649 South Ridge, Atlanta, GA. The beneficiary testified the same as you did however, he provided a Georgia driver's license with a listed address of 1140 Court Drive, Apt 0, Duluth, GA 30096. The beneficiary did not explain the address discrepancy;
- Beneficiary's employment discrepancy: You testified the beneficiary sells cars online at an

- auction. The beneficiary testified he was not working because of COVID-19.
- July 4, 2020 discrepancy: You testified everyone stayed home and celebrated July 4th with fireworks with the kids outside. The beneficiary testified everyone stayed home and noone shot any fireworks.

On August 20, 2021, the beneficiary appeared for an interview with an Immigration Officer. The following issues were discussed, specifically:

- 618 Pinson apartment lease agreement: The beneficiary testified the lease originally did not have his name and acknowledged he submitted the lease signed by DeAnn Ramsey. The Immigration Officer discussed with the beneficiary that DeAnn Ramsey did not sign the lease. The beneficiary responded he was not aware the lease was not signed by DeAnn Ramsey and did not know who signed the lease;
- George DHR food stamps: The beneficiary testified you listed yourself as single, even though you were married to get food stamps for the children.

On April 29, 2022, USCIS issued a Request for Evidence (RFE) for more marital bona fides because of inconsistencies of documents previously submitted and testimonies provided. On June 29, 2022, USCIS received the following documentation:

- Verizon phone statements;
- Wells Fargo bank statements for the months of November 25,4, 2021, January 26, 2022, February 24, 2022, March 23, 2022, and April 25, 2022;
- Residential lease for 1649 Southgate Mill Dr NW Duluth, GA covering the period from June 01, 2021 to May 31, 2022;
- Previously submitted residential lease for Pine Bluff Road, Albany, GA 31705 in a month to month lease starting on October 25, 2019;
- Affidavits from Chanell Brown, Jania Mathis, Paul Mometi, and Victor Enaboifo;
- Jackson EMC utility statements;
- Copy of an IRS Form 1040 2021 U.S. Individual Income Tax Return for the beneficiary with a listed address as 211 Pine Bluff Road, Lot 81 Albany, GA 31705;
- Copy of an GA Form 500 2021 Georgia Individual Income Tax Return for the beneficiary with a listed address as 211 Pine Bluff Road, Lot 81 Albany, GA 31705;
- Copy as well as a transcript copy of an IRS Form 1040 2020 U.S. Individual Income Tax Return for the beneficiary with a listed address as 618 Pinson Road, Albany, GA 31705;
- Copy of an GA Form 500 2020 Georgia Individual Income Tax Return for the beneficiary with a listed address as 618 Pinson Road, Albany, GA 31705;
- Copy of an IRS Form 1040 2019 U.S. Individual Income Tax Return for the beneficiary with a listed address as 618 Pinson Road, Albany, GA 31705;
- Copy of an GA Form 500 2019 Georgia Individual Income Tax Return for the beneficiary with a listed address as 618 Pinson Road, Albany, GA 31705;
- Transcript copy of an IRS Form 1040 2018 U.S. Individual Income Tax Return for Catrina Brown with a listed address as 618 Pinson Road, Albany, GA 31705;
- Transcript copy of an IRS Form 1040 2019 U.S. Individual Income Tax Return for Catrina Brown with a listed address as 211 Pine Bluff Road, Albany, GA 31705;
- Transcript copy of an IRS Form 1040 2020 U.S. Individual Income Tax Return for Catrina Brown with a listed address as 211 Pine Bluff Road, Albany, GA 31705;
- Transcript copy of an IRS Form 1040 2018 U.S. Individual Income Tax Return for Kenneth E. Akhuetie with a listed address as 618 Pinson Road, Albany, GA 31705;
- Statements over income tax filing with you and the beneficiary:
- 38 photos.

The information provided was reviewed and determined to be insufficient to establish the claimed relationship. Specifically:

- Wells Fargo bank statements: There is no evidence of commingling of assets or liabilities in particular on how rent or utilities are being paid. You provided a lease with a start date of June 01, 2021 for 1649 Southgate Mill Dr NW Duluth, GA. All of the bank statements are for 211 Pine Bluff Road Lot 81, Albany, GA. You provided as a residence on your Georgia's driver's license as 618 Pinson Road, Albany, GA. Based on inconsistencies of addresses and no evidence of commingling of assets and liabilities, the document is given little weight as evidence of a marital union;
- Jackson EMC utility statements: You did not provide how the utility was being paid or from what account. You provided as a residence on your Georgia's driver's license as 618 Pinson Road, Albany, GA. Moreover, in a sworn statement dated September 03, 2019, you testified the joint Wells Fargo account is used to pay for rent and utilities. There is no evidence in the documents provided has this occurred. The documents are given little weight as evidence of a marital union;
- Residential leases: You did not provide how the rent was being paid or from what account. You provided as a residence on your Georgia's driver's license as 618 Pinson Road, Albany, GA. Moreover, in a sworn statement dated September 03, 2019, you testified the joint Wells Fargo account is used to pay for rent and utilities. There is no evidence in the documents provided has this occurred. The documents are given little weight as evidence of a marital union;
- Income Tax Returns: You and the beneficiary provided statements where the income tax returns filed by the beneficiary as "married filing separately" and with you as either "single" or "head of household" as an agreement between spouses was found not credible as a response. In separate sworn statements conducted on December 10, 2020, you testified your tax preparer did it. The beneficiary testified he did not know anything about it. In the same testimony, you admitted you were previously convicted Food Stamp fraud in 2008 and had to pay everything back. This was further affirmed on an August 20, 2021 in a sworn statement where the beneficiary testified you reported to Georgia DHR as "not married" and only lives with her children in order to currently get food stamps. Misrepresentation of a benefit is not condone with USCIS. The documents are given little weight as evidence of a marital union.

The evidence in the record and testimony did not establish the claimed relationship.

The beneficiary must be eligible for the benefit sought at the time the petition was filed. See Matter of Drigo, 18 I&N Dec. 223 (BIA 1982). A petitioner must establish eligibility at the time of filing a petition; a petition cannot be approved at a future date after the petitioner becomes eligible under a new set of facts. See Matter of Katigbak, 14 I&N Dec. 45 (Reg. Com. 1971). A petitioner may not make material changes to a petition that has already been filed in an effort to make an apparently deficient petition conform to USCIS requirements. See Matter of Izumii, 22 I&N Dec. 169 (BIA 1998).

After reviewing the evidence and the testimony provided at the interview, USCIS records indicate that the beneficiary is not eligible for the requested benefit sought for the following reason(s).

You have thirty (30) days (33 days if this notice was received by mail) from the date of this notice to submit additional information, evidence or arguments to support the petition. Failure to respond to this request within the time allotted will result in the denial of the petition.

You must either mail the requested information to the address shown below or scan and upload your response using your USCIS online account (if applicable). Please note, if the request is for original

documents, you must submit that information by mail.

<u>Please include a copy of this letter with your response by mail to this address:</u>

**U.S. Citizenship and Immigration Services**
**Montgomery Field Office**
**3381 Atlanta Highway**
**Montgomery, AL 36109**

Sincerely,

Jose L. Luyanda
Field Office Director

AC 1613


