H. GLENN FOGLE, JR., ESQ. (ADMITTED IN GA)
DAVID LUNEL, ESQ; (ADMITTED IN GA & PARIS)
NATALY CADENA, ESQ. (ADMITTED IN IL)
R. IAN FORREST, ESQ. (ADMITTED IN GA)
OF COUNSEL: PRADEEK SUSHEELAN, ESQ. (ADMITTED IN NY)
OF COUNSEL: MARY M. SHIN, ESQ. (ADMITTED IN HI)



ATLANTA OFFICE       404.522.1852
CHARLESTON OFFICE    843.323.4280
CHARLOTTE OFFICE     704.405.9060
LOS ANGELES OFFICE   213.344.3780

— LAW FIRM, LLC —

*"Effective Immigration Solutions"*

November 9, 2022

U.S. Citizenship and Immigration Services
Montgomery Field Office
3381 Atlanta Highway
Montgomery, AL 36109

**RE:     RESPONSE TO NOTICE OF INTENT TO DENY**

**Case Type: I-130, Petition for Alien Relative**
**Petitioner: Catrina Luvette Brown**
**Beneficiary: Kenneth Egualelojie Akhuetie (A#214-695-898)**
**Receipt No.: MSC2091311828**

Dear Staff:

The undersigned is the counsel of record for the above-listed clients regarding the above-stated matter. Original Forms G-28, pertaining to the firm's representation are enclosed.

This response is in connection with the Notice of Intent to Deny (hereinafter "NOID") dated August 8, 2022, for Mr. **Kenneth Egualelojie Akhuetie** Form I-130, Petition for Alien Relative filed by Mrs. **Catrina Brown** on June 22, 2020.

The Service provided the Petitioner thirty-three (33) days to respond to the NOID. Mr. Daniel was instructed by the Service to respond to this NOID in 30 days (33 days if this notice is received by mail) which is Saturday, September 10, 2022. Furthermore, where a filing deadline occurs on a Saturday, Sunday, or legal holiday, USCIS regulations allow for an application or petition to be considered timely filed if it is received by USCIS by the end of the next day that is not a Saturday, Sunday, or legal holiday. Therefore, the initial response deadline will be Monday, September 12, 2022. Per the USCIS website, USCIS will consider responses to NOIDS and other Service requests and notices received within 60 calendar days after the response due date set in the request or notice before taking any action. The new deadline including the 60 covid days is Friday, November 11, 2022. **This response is timely filed as it was filed on or before November 11, 2022.**

Please be advised that the Petitioner, Mrs. Brown has done everything in her power to gather the evidence that substantiates that her I-130 Petition warrants approval by the Service. As such, please find enclosed and accept the submission of the following evidence in support of Mrs. Brown's petition:

**Exhibits:**

A. Original Notice of Intent to Deny;
B. Original Forms G-28 pertaining to the Firm's Representation;
C. Copy of signed and notarized personal statement from Petitioner;
D. Copy of signed and notarized personal statement from Beneficiary;
E. Lease of current address 211 Pine Bluff Rd Lot 81 and receipts of rent payments;
F. Amended 2021 Tax Returns of Petitioner filed as "married filing separately" showing the Beneficiary listed as spouse on taxes and also showing a common address;
G. 2021 Tax returns of Beneficiary filed as "married filing separately" showing the Petitioner listed as spouse on taxes and also showing a common address;
H. Georgia Driver's License of Petitioner and Beneficiary showing current address;
I. Joint Business document showing both Petitioner's and Beneficiary's name and address;
J. Joint Wells Fargo account statements for both July and August;
K. Joint Bank of America and Best Buy credit cards valid till 09/24 and 06/25 respectively;
L. Joint Verizon Account statement showing current address;
M. Copart Business Purchase receipts;
N. Affidavits from friends and family attesting to *bona fide* relationship;
O. Recent Photographs of the couple;
P. I-94 of the Beneficiary.

The NOID questions the validity and credibility of Mrs. Brown's marriage to her husband Mr. Akhuetie, based on an incorrect assumption that their marriage is not bona fide based on the evidence and testimony.

The key and primary issue which needs to be considered by USCIS is whether the marriage was entered into in good faith. 8 CFR § 204.2. This only needs to be demonstrated by a **preponderance of the evidence – or more than 50% chance that the marriage is *bona fide*.** Even if an adjudicator has some doubt as to the truth, if the petitioner or applicant submits relevant, probative, and credible evidence that leads to the conclusion that the claim is "more likely than not" or "probably true", the petitioner or applicant has satisfied the standard of proof, as in this case. *See* United States v. Cardozo Fonseca, 480 U.S. 421 (1987) (defining "more likely than not" as a greater than 50 percent probability of something occurring."). To assist the Service, Mrs. Brown and Mr. Akhuetie have provided additional evidence and explanations in support of their marriage.

**Joint residence**

The service claims inconsistencies in the residential history of the parties. Please note that both the **Petitioner and the Beneficiary are currently living at 211 Pine Bluff Road, Albany, GA, and have been since 2019.** (See Lease, Exhibit E). Before moving to this address, both the Petitioner and the Beneficiary resided at 618 Pinson Road, Albany GA from 2017 to 2019. (See previously submitted 2018 and 2019 tax returns for Petitioner and Beneficiary which reflect this address).

Before the marriage, the Beneficiary was living at 1100 Pleasant Oaks Ct, Lawrenceville, GA, the address he used when he first came to the U.S. After their marriage, both Petitioner and the Beneficiary moved to 618 Pinson Road, Albany GA. However, the Beneficiary's work commute became impractical. Therefore, the Petitioner and Beneficiary decided that Beneficiary should find housing closer to his work and return home on weekends. Beneficiary resided at 1140 Court Dr. Apt O, Duluth, with his roommate Tony during the week. He also lived temporary at 1649 Southgate Duluth, but throughout has maintained 618 Pinson Road, Albany GA as his primary and permanent address. Both the Petitioner and the Beneficiary agreed that Petitioner stays in Duluth because that location was more convenient and closer to his work. He returns to the home at 618 Pinson Road, Albany GA over the weekends. The Beneficiary in his affidavit states- *"I first lived at 1100 Pleasant Oaks Ct, Lawrenceville, GA when I first came to the United States, thereafter, I moved to 618 Pinson Road, Albany, GA. During these periods, I was shuttling 618 Pinson Road, Albany GA weekends and 1140 Court Dr Apt O, Duluth within the working days of the week because I couldn't transport myself from Albany GA to Atlanta GA on daily bases, so my wife and I agreed to share place with a friend in Duluth to lay my head after workday and return home weekend when I am off work. I later moved to 1649 Southgate Duluth; GA based on nearness to my place of work."* See Personal Statements of both Petitioner and Beneficiary stating this fact. (Exhibit C & D).

## Comingled Finances

The Service alleges that based on the documents submitted by the Petitioner, the Petitioner and Beneficiary have not provided evidence that they have comingled their finances.

1. **Wells Fargo Bank Statements:** The NOID states that there is no evidence of commingling of assets or liabilities in particular on how rent or utilities are being paid. The Petitioner and Beneficiary do not make direct payments through their Wells Fargo account for rent and some utilities, but do so through money orders, as required by their lease agreement.

    The NOID further states that there is inconsistency in reported addresses between the lease, driver's license, and Wells Fargo Bank Statements. Please note that the 1649 Southgate Mill Dr. NW Duluth, GA is the address where the beneficiary resides during the week as it is nearer his employment; the lease was included to clarify any questions. Both Petitioner and beneficiary maintain their permanent residence at 211 Pine Bluff Road, Albany, GA. All the Wells Fargo bank statements attached reflect this address. The previously-submitted Georgia driver's license has since been updated. Please see attached current licenses of both Petitioner and Beneficiary showing the 211 Pine Bluff Road, Albany, GA address. See also the attached 2021 tax returns of both Petitioner and Beneficiary showing the same address. (*See* Exhibit E, F, G, H).

2. **Jackson EMC utility statements:** The NOID states that the Petitioner did not make clear how the utility was being paid from and what account. Please note that Petitioner and Beneficiary are no longer using Jackson EMC services. At the time it was paid with Petitioner's Bank of America account, which is no longer in use. Petitioner is now using only her Wells Fargo account. The Petitioner and Beneficiary's current utility is Albany Utilities, which is provided by the city of Albany, Georgia. The utility statements for

3. **Residential leases:** Please see the included lease for 211 Pine Bluff Road, Albany, GA reflecting both Petitioner's and Beneficiary's names. The proof of rent payment and a sample money order is attached. (See Exhibit E). The lease began in 2019, but the Petitioner and Beneficiary confirmed that that is an ongoing month-to-month lease and that they do not renew annually. See the attached receipt dated 09/05/2022 for a rent payment made as dictated by the lease. (*See* Exhibit E)

4. **Income Tax Returns:** The Petitioner amended her 2021 tax returns. She has filed her taxes as "married filing separately." We have attached a copy of her 2021 tax returns showing Beneficiary's name listed as spouse. The tax returns also show their current address of 211 Pine Bluff Road, Albany, GA. The Beneficiary also filed his 2021 tax returns as "married filing separately." A copy of Beneficiary's 2021 tax return is also attached showing Petitioner's name listed as spouse. (*See* Exhibit F). The Petitioner contacted her tax preparer to amend the 2018 and 2019 tax returns but was unable to pay the associated fees at this time; she maintains that she will do so once she has funds available to complete the process.

## Alleged Discrepancies from the Interview

Please see attached Petitioner and Beneficiary's Personal statement answering each discrepancy. (*See* Exhibit C&D).

- **Use of Last name:** The beneficiary cannot recall telling the officer that the Petitioner ever used the last name Rushmore. He has known her last name to be Brown.
- **Entry:** The beneficiary last entered on January 29, 2016. See attached I-94. The Petitioner and Beneficiary may have confused this date.
- **Manager:** The Beneficiary simply could not recall this information when the officer asked her this question.
- **When the first meeting took place:** They first met at Bahama Breeze in Duluth, GA. The Beneficiary generally refers to smaller subsets of the Metro Atlanta area, e.g., Duluth, Lawrenceville, Buford, etc. as Atlanta; the couple initially met at Bahama Breeze in Duluth, which is part of the Metro Atlanta area.
- **Where Beneficiary was living when he met Petitioner:** The Petitioner remembers telling the officer that at the time Petitioner and she first met in 2016, the Petitioner was living at 1100 Pleasant Oaks Ct, Lawrenceville, GA with his cousins Fred and Henry before he traveled back to Nigeria.
- **Where Petitioner was living when she met Beneficiary:** The Beneficiary can't recall telling the officer that he does not know with whom his wife was living, but was well aware that his wife lived in Miami, Florida with her kids.
- **Beneficiary's work:** The Petitioner in her affidavit stated that it is true that her husband was working at Apha Broders when the interview was conducted. His schedule was from

Mondays to Fridays and some Saturdays, from 8 AM to 6-7 PM. Any lack of clarity on her part was an innocent oversight.

- **Where Beneficiary resided:** The Petitioner remembers telling the officer that her husband resides at 1140 Court Dr, Apt O, Duluth GA during the week and returns home on weekends and holidays.
- **Address:** Petitioner was staying at 1140 Court Dr. Apt O, Duluth, with his roommate Tony during the week, but he was still maintaining 618 Pinson Road, Albany GA as his permanent address. Therefore, he mentioned his permanent address in the forms and disclosed to the officer about his temporary address when asked. That the beneficiary did not disclose this address on his form I-485 is not an affirmative misrepresentation.
- **The Proposal:** The Petitioner in her Personal statement stated – "Sir, I can't remember telling the officer that my husband proposed to me February 2018 when our marriage was June 2017. My husband and Fred picked me up at the bus station Atlanta to Bahama breeze where he proposed to me." The Beneficiary stated- "I told the officer that I proposed to my wife February 28, 2017, and Fred drove me to gray hound bus station to pick my wife up. We spent few hours together at the restaurant Bahama breeze where we first met."
- **Who drove to courthouse:** The Beneficiary in her Personal statement states- "We got married June 6th, 2017, with Fred, Henry, Shawn, Henry and Casey in attendance and Fred drove my wife and I to the courthouse." The Petitioner mentioned in her personal statement- "My husband and I got married June 6th, 2017, and not 2018. It is possible that the officer didn't hear me well. My husband cousin Fred drove us to Fulton County courthouse while by Cousin Casey drove himself the ceremony venue."
- **Marriage ceremony:** Beneficiary states that "Fred, Henry, Shawn and her husband Kareem and Casey were at our marriage ceremony." The Petitioner states that – "I couldn't have mentioned everyone's name in attendance to the officer. Everybody listed by the officer were all there."
- **Happiness and Harmony:** Beneficiary states in his affidavit that "my daughters Happiness and Harmony stayed at 510 Creekshire Cir, Canton GA. They only came to spend few days with us during their visit. You can verify this from Eunice Momeh (727 688 9441)." Petitioner's statement is consistent with this understanding - "I told the officer that my stepdaughters Happiness and Harmony visited us during their visit though they stayed with their aunt."
- **Paying bills:** Beneficiary states that "what I meant was that I support in paying the bills, but my wife does the payment." Petitioner- "I pay the bills doesn't mean I bring the money alone. What I meant is that I am like the secretary of the home, making sure I know when the bills are due and takes care of them."
- **Wells Fargo Rent and Expenses:** Petitioner states that - "I said that my husband put the rent and other expenses in our account while I withdraw to buy money order for the rent." Beneficiary states that -"my wife and I both have Wells Fargo joint account. We don't use the account to pay our rent because we pay our rent with money order and the other utility bills paid from her personal account because that was the account she signed up with."
- **Life insurance policy:** The Beneficiary did not tell the Petitioner about the life insurance policy. The Beneficiary in his affidavit states that "I didn't tell my wife about the life insurance because I wanted to surprise her with it." Petitioner states that "my husband

didn't tell me that he added me to state farm life insurance though he later told me that he wanted to use it as a surprise to me. He likes to surprise me most of the times."

- **Brothers and Sisters of Beneficiary**: The Beneficiary states that "it is true that I have 2 sisters and 3 brothers. Margaret is the oldest and Evans is the Youngest. I can recall telling the officer that my wife has 1 brother and 2 sisters, but I can't remember telling him that Tasha was the youngest." Petitioner states- "I didn't want to say what I am not sure of. Some of their names are Nigeria names and they are difficult to pronounce. Regarding the siblings, it was not everything that I could remembered, and I didn't want to mention numbers that is not correct or contradict our statements."
- **Brothers and Sisters of the Petitioner**: The Petitioner states that- "it is true that I have 1 brother and 2 sisters, and my husband knows them. Regarding which one is the oldest, like I said, my husband knows the names of my siblings. I was not at the interview room. It could be accent problem." The Beneficiary further states that - "I can recall telling the officer that my wife has 1 brother and 2 sisters, but I can't remember telling him that Tasha was the youngest."
- **Co-Sponsor**: The Petitioner in her affidavit states that- "I couldn't give details about our c-sponsor because I allowed my husband to handle that aspect without paying much emphasis."
- **Father-in-laws name**: The Petitioner states- "my late father-in-law's name is a Nigerian native name, and I can't pronounce it."
- **Auto-insurance**: The Petitioner states that – "my husband auto insurance is infinity, and the monthly payment is $443. I cannot remember not been able to quote the insurance coverage. It is $443."

### Other Issues

- **Signatures**: The lease for 618 Pinson Road was signed by Ramsey and not the Petitioner.
- **I-864 Affidavit of support**: The Petitioner and the Beneficiary were not aware of the fact that Otejiri Akpobo filed more than 40 similar forms for other individuals. The Beneficiary states in his affidavit that- "Onegire Akpobo and Kyle Brand were our co-sponsor then. I never knew he had sponsored other persons other than my wife and I got their help through my late friend Marshall Ovabore in the military."
- **2018 and 2019 taxes address discrepancy**: Petitioner's IRS 2019 stated 211 Pine Bluff Road because she lived at that address during those times.
- **2018 and 2019 taxes of Petitioner filed as single and as head of the household:** The Petitioner states that - "we agreed on filing our taxes as married filing separately. The single filing type stated in the 2018 and 2019 IRS 1040 for Petitioner was an error from the tax preparer." The Petitioner did not amend her 2018 and 2019 tax returns due to the associated fees and professional expenses. However, she amended her 2021 tax returns which are attached. The Petitioner in her affidavit states that – "we got the 2021 taxes amended and we are attaching amendment copy of the IRS tax returns."
- **Wells Fargo Statements:** Their Wells Fargo account statement carried 618 Pinson Road address because they had not changed the address at that time. They later changed their address with Wells Fargo and the more recent Wells Fargo statements reflect their present address.

- **Wells Fargo bank statement show activity from Duluth, Norcross, or Lawrenceville:** The Wells Fargo bank statement shows activity from Duluth, Norcross, and Lawrenceville areas because those are relatively close to the beneficiary's place of employment. Please refer to the current Wells Fargo statements of Petitioner and Beneficiary which shows the transactions occurring in Albany, GA. (*See* Exhibit J).
- **July 4th discrepancy:** The Petitioner states that- "my husband, myself and our kids were at home on July 4th and the beneficiary was sleeping when the kids had fireworks outside with neighbors, so he is not aware of it."
- **Employment discrepancy:** The Beneficiary in his affidavit states – "I am into used cars dealership. I have various auction licenses where I buy and sell cars. I told the officer that I didn't work for certain periods as a result of covid-19."
- **Lease agreement signatures:** As mentioned by the Petitioner in her affidavit the 618 Pinson apartment lease agreement was signed by Ramsey. (*See* affidavit of Petitioner).
- **Food Stamps:** The Petitioner enrolled for food stamps as single because at that time she needed food for her children, and she did not give it particular thought, as she was unsure of its impact on the enrollment. (*See* affidavit of Petitioner).

## Conclusion

It is important to reiterate that a petitioner has the burden of proving the bona fides of the marriage by a preponderance of the evidence. In other words, the petitioner must establish that it is more likely than not (**more than 50% chance that the marriage is bona fide**) that the parties intended to establish a life together at the time of their marriage. Even if an adjudicator has some doubt as to the truth, if the petitioner or applicant submits relevant, probative, and credible evidence leading to the conclusion that the claim is "more likely than not" or "probably true", the petitioner or applicant has satisfied the standard of proof.

The Service is understandably confused, however, with a further review of the facts, testimony, and documents provided by the Petitioner and Beneficiary, the situation should be significantly clearer. It is the responsibility of the Service to take all of the information provided to them by Petitioners, including the information provided on submitted forms, to make a decision on cases. Mrs. Brown and Mr. Akhuetie have established that they are in a bona fide, good-faith marriage by the preponderance of the evidence. The enclosed supporting documents and explanations, the documents previously submitted to the Service, and the testimony previously submitted to the Service demonstrate that they are in a bona fide marital union.

Kenneth E. Akhuetie & Catrina Brown					Page 8
I-130 NOID Response

      For the foregoing reasons, Mrs. Brown respectfully requests that the Service review the submitted evidence in relation to the Form I-130, Petition for Alien Relative. The Petitioner has provided the government with adequate responses and supporting evidence regarding the issues raised in the NOID. We kindly request that the above-mentioned I-130, Petition for Alien Relative be approved so that Mrs. Brown and Mr. Akhuetie can remain as a family here in the United States. Should you need further information please contact me at (404) 522-1852 or via email at ian@foglelaw.com.

      Thank you in advance for your prompt attention to this matter.

Sincerely,

The Fogle Law Firm, LLC

*R. Ian*

By: R. Ian Forrest, Esq.

IF/aj
Enclosures: As indicated