E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05090-S5**

**7/21/2023 2:21 PM**

**TIANA P. GARNER, CLERK**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** Gwinnett State Court _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 23-C-05090-S5 |

**Plaintiff(s)**
Mitchell, Nakia T

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
CSL Plasma Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Chris Farmer _____ **State Bar Number** 255170 _____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05090-S5**

7/21/2023 2:21 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

# Nakia Tyrell Mitchell

————————————————————

————————————————————

————————————————————

                                   PLAINTIFF

                                                    23-C-05090-S5

                                   CIVIL ACTION
                                   NUMBER:_____

VS.

# CSL Plasma c/o CT Corp.

# 289 South Culver Street

# Lawrenceville, GA 30046

                                   DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

C. Farmer
1629 Monroe Drive, NE
Atlanta, GA 30306

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
          21st day of July, 2023

                                   Tiana P. Garner
                                   Clerk of State Court

                                   By_____
                                           **Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-05090-S5**
**7/21/2023 2:21 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NAKIA TYRELL MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO.:    23-C-05090-S5 |
| CSL PLASMA INC., XYZ | ) | |
| CORPORATION NO. 1, XYZ | ) | |
| CORPORATION NO. 2, XYZ | ) | |
| CORPORATION NO. 3, XYZ | ) | |
| CORPORATION NO. 4, JOHN DOE | ) | |
| DEFENDANT NO. 1, JOHN DOE | ) | JURY TRIAL DEMAND |
| DEFENDANT NO. 2, JOHN DOE | ) | |
| DEFENDANT NO. 3, AND JOHN | ) | |
| DOE DEFENDANT NO. 4, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW plaintiff and files this his Complaint and shows the Court the following:

1.

This is an action for special and general damages arising out of an incident that took

place on or about July 24, 2022.

## PARTIES AND JURISDICTION

2.

CSL Plasma Inc. (hereinafter designated "CSL Plasma") is subject to service upon its

registered agent CT Corporation System, 289 South Culver Street, Lawrenceville, Georgia,

30046-4805, Gwinnett County.  Defendant is subject to the jurisdiction and venue of this Court.

3.

XYZ Corporation defendants are entities whose identities and whereabouts have not yet

been determined. Once the identities and whereabouts of these defendants have been determined, and these entities have been properly served, these entities will be subject to the jurisdiction and venue of this Court.

4.

John Doe Defendants are individuals whose identities and whereabouts have not yet been determined. Once the identities and whereabouts of these defendants have been determined, and these individuals have been properly served, these individuals will be subject to the jurisdiction and venue of this Court.

## STATEMENT OF FACTS

5.

Plaintiff incorporates by reference paragraphs one through four of this Complaint as if fully set forth herein.

6.

On or about July 24, 2022, plaintiff was injured in an incident at CSL Plasma, Store East Point 193, located at 1043 Cleveland Avenue, East Point, Georgia 30344.

7.

On or about July 24, 2022, plaintiff was an invitee because he was a customer at said location at the time of the incident.

8.

At all relevant times applicable hereto, plaintiff exercised ordinary care for his own safety.

9.

At all relevant times applicable hereto before his injury, plaintiff did not have any

information, from any source, about the hazard(s) that he encountered at the time of his injury.

10.

On or about July 24, 2022, plaintiff encountered a hazard(s) at said location.

11.

On or about July 24, 2022, plaintiff was involved in an incident at said location when he fell due to a hazard(s) at said location.

12.

Defendant had actual and/or constructive notice of said hazard(s).

13.

Immediately after the incident giving rise to this suit, the injury was reported to one or more representatives of defendant CSL.

## COUNT ONE

## NEGLIGENCE OF CSL PLASMA

14.

Plaintiff incorporates by reference paragraphs one through thirteen of the Complaint as if fully set forth herein.

15.

That at all times relevant hereto CSL Plasma, as owner and/or occupier of said property, and as an active tortfeasor, owed certain civil duties to plaintiff and, notwithstanding those duties, defendant CSL Plasma did violate them in the following particulars:

A)      In failing to maintain the premises and approaches in a safe manner in violation of O.C.G.A. §51-3-1;

B)     In failing to warn innocent victims such as plaintiff of the dangerous condition(s);

C)     In failing to correct the dangerous hazard(s) despite having actual and/or constructive notice;

D)     In failing to perform its obligations to properly inspect and repair its premises;

E)     In committing other negligent or reckless acts or omissions, involving premises liability and/or active negligence, that may be shown by the evidence at trial;

F)     In violating certain rules, regulations, policies, procedures, etc;

G)     In violating Georgia statutory and common law;

H)     At all times relevant hereto, defendant is liable for the negligent acts of its employees and agents set forth herein.

16.

At all relevant times, CSL Plasma is vicariously liable for each and every action of its representatives on the grounds of the doctrine of respondeat superior.

17.

CSL Plasma is independently responsible for each and every element of damages alleged on the theory of negligent entrustment, hiring, training, and retention of its representatives.

18.

As a direct and proximate result of the breaches of duties by CSL Plasma, plaintiff has incurred special and general damages.

19.

By reason of the foregoing, plaintiff is entitled to recover special and general damages.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays and demands as follows:

(A)     That Process and Summons issue, as provided by law, requiring defendant to appear and answer plaintiff's Complaint;

(B)     That service be had upon defendant as provided by law;

(C)     That the Court award a judgment in favor of plaintiff for special and general damages in amounts to be proven at trial;

(D)     That plaintiff has a trial by jury as to all issues;

(E)     That plaintiff has such other and further relief as this Court may deem just and proper.

*Christopher Farmer*
Christopher M. Farmer, Esq.
State Bar No. 255170
Attorney for Plaintiff

Johnson & Ward, LLC
1629 Monroe Drive, NE
Atlanta, GA 30324-5003
(404) 524-5626

*Kathleen Opperman*
Kathleen Opperman, Esq.
State Bar No. 241460
Attorney for Plaintiff

Montlick & Associates, P.C.
17 Executive Park Drive
Suite 300
Atlanta, GA 30329
(404)529-6333

E-FILED IN OFFICE - RJ
Case 1:23-mi-99999-UNA Document 2712-2 Filed 08/24/23 Page 8 of 56CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-05090-S5
7/25/2023 3:58 PM
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

| Case:<br>23-C-05090-S5 | Court:<br>State Court of Gwinnett County | County:<br>Gwinnett, GA | Job:<br>9232850 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Nakia Tyrell Mitchell | | **Defendant / Respondent:**<br>CSL Plasma Inc., XYZ Corporation No. 1, XYZ Corporation No. 2, XYZ Corporation No. 3, XYZ Corporation No. 4, John Doe Defendant No. 1, John Doe Defendant No. 2, John Doe Defendant No. 3, and John Doe Defendant No. 4 | |
| **Received by:**<br>CGA Solutions | | **For:**<br>Johnson & Ward, LLC | |
| **To be served upon:**<br>CSL Plasma Inc c/o CT Corporation System, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Jane Richardson, CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046

**Manner of Service:** Registered Agent, Jul 25, 2023, 11:36 am EDT

**Documents:** Summons, Complaint (Received Jul 21, 2023 at 3:08pm EDT)

### Additional Comments:
1) Successful Attempt: Jul 25, 2023, 11:36 am EDT at CT Corporation System: 289 S Culver St, Lawrenceville, GA 30046 received by Jane Richardson.

,Agent designated by CT Corporation to accept service

Subscribed and sworn to before me by the affiant who is personally known to me.

Thomas David Gibbs III

Date 7-25-23

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Notary Public

Date

Commission Expires 12-27-24

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers
Case Number:

**23 C-01315-6**

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___2nd___ day of ___March___, 20 23.

_Veronica Cope_
Veronica Cope (Mar 2, 2023 14:39 EST)
Presiding Judge
Gwinnett County State Court

TIANA P. GARNER, CLERK
2023 MAR -3 AM 8:25
FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

Applicant:

Name ___Thomas David Gibbs III___

Address ___1215 Connth Court___
___Stone Mountain, GA 30087___

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05090-S5**

**8/23/2023 2:53 PM**

TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **NAKIA TYRELL MITCHELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CSL PLASMA, INC,** | § | **CIVIL ACTION** |
| **XYZ CORPORATION NO. 1,** | § | **FILE NO. 23-C-05090-S5** |
| **XYZ CORPORATION NO. 2,** | § | |
| **XYZ CORPORATION NO. 3,** | § | |
| **XYZ CORPORATION NO. 4,** | § | |
| **JOHN DOE DEFENDANT NO. 1,** | § | |
| **JOHN DOE DEFENDANT NO. 2,** | § | |
| **JOHN DOE DEFENDANT NO. 3, and** | § | |
| **JOHN DOE DEFENDANT NO. 4,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT CSL PLASMA INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW, **CSL PLASMA INC.**, a named Defendant in the above-styled action, and files its Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

## FIRST DEFENSE

Plaintiff had superior knowledge of the alleged hazard, if any, at the time of the alleged fall.

## SECOND DEFENSE

Defendant raises the defense of contributory and comparative fault.

## THIRD DEFENSE

For a Third Defense, Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

Defendant denies it owes damages and can neither admit nor deny the remaining allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

Defendant admits the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

Defendant can neither admit nor deny the allegations contained within Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4.

Defendant can neither admit nor deny the allegations contained within Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## STATEMENT OF FACTS

5.

Defendant hereby incorporates by reference as if fully set out herein its answers and responses previously made to Paragraphs 1 through 4 of Plaintiff's Complaint.

6.

Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

7.

Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

Defendant denies as pled the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies as pled the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies as pled the allegations contained within Paragraph 13 of Plaintiff's Complaint.

## COUNT ONE

## NEGLIGENCE OF CSL PLASMA

### 14.

Defendant hereby incorporates by reference as if fully set out herein its answers and responses previously made to Paragraphs 1 through 13 of Plaintiff's Complaint.

### 15.

Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

### 16.

Defendant denies as pled the allegations contained within Paragraph 16 of Plaintiff's Complaint.

### 17.

Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

### 18.

Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

### 19.

Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

### 20.

Defendant denies that Plaintiff is entitled to the relief requested in the "Prayer for Relief" and "Wherefore" paragraph of Plaintiff's Complaint.

### 21.

All remaining allegations contained in Plaintiff's Complaint not specifically admitted or denied herein are denied.

WHEREFORE, having fully answered Defendant CSL PLASMA, INC. prays that it be discharged without costs.

This 23rd day of August, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**TIMOTHY L. MITCHELL**
Georgia Bar No. 460744
*Counsel for Defendant CSL Plasma, Inc.*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – fax
tmitchell@cmlawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **NAKIA TYRELL MITCHELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CSL PLASMA, INC,** | § | **CIVIL ACTION** |
| **XYZ CORPORATION NO. 1,** | § | **FILE NO. 23-C-05090-S5** |
| **XYZ CORPORATION NO. 2,** | § | |
| **XYZ CORPORATION NO. 3,** | § | |
| **XYZ CORPORATION NO. 4,** | § | |
| **JOHN DOE DEFENDANT NO. 1,** | § | |
| **JOHN DOE DEFENDANT NO. 2,** | § | |
| **JOHN DOE DEFENDANT NO. 3, and** | § | |
| **JOHN DOE DEFENDANT NO. 4,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing

**DEFENDANT CSL PLASMA INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S**

**COMPLAINT** with the Clerk of Court using the Odyssey e-filing system which will

automatically send e-mail notification of such filing to the following counsel of record:

*Christopher M. Farmer, Esq.*
*Johnson & Ward, LLC*
*1629 Monroe Drive, NE*
*Atlanta, GA 30324-5003*
<u>cfarmer@johnsonward.com</u>

*Kathleen Opperman, Esq.*
*Montlick & Associates, P.C.*
*17 Executive Park Drive, Suite 300*
*Atlanta, GA 30329*
<u>kopperman@montlick.com</u>

This 23rd day of August, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**TIMOTHY L. MITCHELL**
Georgia Bar No. 460744
*Counsel for Defendant CSL Plasma, Inc.*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – fax
tmitchell@cmlawfirm.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05090-S5**

**8/23/2023 2:53 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **NAKIA TYRELL MITCHELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CSL PLASMA, INC,** | § | **CIVIL ACTION** |
| **XYZ CORPORATION NO. 1,** | § | **FILE NO. <u>23-C-05090-S5</u>** |
| **XYZ CORPORATION NO. 2,** | § | |
| **XYZ CORPORATION NO. 3,** | § | |
| **XYZ CORPORATION NO. 4,** | § | |
| **JOHN DOE DEFENDANT NO. 1,** | § | |
| **JOHN DOE DEFENDANT NO. 2,** | § | |
| **JOHN DOE DEFENDANT NO. 3, and** | § | |
| **JOHN DOE DEFENDANT NO. 4,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>DEFENDANT CSL PLASMA, INC.'S DEMAND FOR TRIAL BY A JURY OF TWELVE JURORS</u>

COMES NOW **CSL PLASMA, INC.**, Defendant in the above-styled Civil Action, and

files this Demand for Trial by a Jury of 12 Jurors pursuant to O.C.G.A. § 15-12-122(a)(2), which

states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12.  If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

**WHEREFORE**, demand is made for trial of this case by a jury of 12 as by law provided**.**

This the 23rd day of August, 2023.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

**TIMOTHY L. MITCHELL**
Georgia Bar No. 460744
*Counsel for Defendant CSL Plasma, Inc.*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – fax
tmitchell@cmlawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| **NAKIA TYRELL MITCHELL,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| **CSL PLASMA, INC,** § | **CIVIL ACTION** |
| **XYZ CORPORATION NO. 1,** § | **FILE NO. <u>23-C-05090-S5</u>** |
| **XYZ CORPORATION NO. 2,** § | |
| **XYZ CORPORATION NO. 3,** § | |
| **XYZ CORPORATION NO. 4,** § | |
| **JOHN DOE DEFENDANT NO. 1,** § | |
| **JOHN DOE DEFENDANT NO. 2,** § | |
| **JOHN DOE DEFENDANT NO. 3, and** § | |
| **JOHN DOE DEFENDANT NO. 4,** § | |
| § | |
| **Defendants.** § | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing

**DEFENDANT CSL PLASMA, INC.'S DEMAND FOR TRIAL BY A JURY OF TWELVE**

**JURORS** with the Clerk of Court using the Odyssey e-filing system which will automatically

send e-mail notification of such filing to the following attorneys of record:

*Christopher M. Farmer, Esq.*
*Johnson & Ward, LLC*
*1629 Monroe Drive, NE*
*Atlanta, GA 30324-5003*
<u>cfarmer@johnsonward.com</u>

*Kathleen Opperman, Esq.*
*Montlick & Associates, P.C.*
*17 Executive Park Drive, Suite 300*
*Atlanta, GA 30329*
<u>kopperman@montlick.com</u>

This the 23rd day of August, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**TIMOTHY L. MITCHELL**
Georgia Bar No. 460744
*Counsel for Defendant CSL Plasma, Inc.*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – fax
tmitchell@cmlawfirm.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05090-S5**
**8/23/2023 2:53 PM**
**TIANA P. GARNER, CLERK**



ATTORNEYS AT LAW
MERIDIAN II, SUITE 2000
275 SCIENTIFIC DRIVE
PEACHTREE CORNERS, GA  30092

TELEPHONE  404-881-2622
FACSIMILE    404-881-2630
www.cmlawfirm.com

CALIFORNIA
FLORIDA
GEORGIA
INDIANA
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON

**WRITER'S DIRECT ACCESS**
**810-348-1942**
**tmitchell@cmlawfirm.com**

| | | |
|---|---|---|
| To: | All Judges, Clerks of Courts, and Counsel of Record | <u>23-C-05090-S5</u> |
| From: | Timothy L. Mitchell, Esq. | |
| Re: | Notice of Leave of Absence | |

COMES NOW Timothy L. Mitchell, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court and all opposing counsel, that he will be on leave and out of the state pursuant to Georgia Uniform Court Rule 16.

The period of leave during which time Applicant will be away from the practice of law is:

**September 1, 2023;**
**November 20, 2023 through and including November 24, 2023;**
**December 22, 2023 through and including December 29, 2023.**

Applicant requests that this Leave of Absence apply to all trials, hearings, depositions and other legal proceedings that might be scheduled in any of the cases referenced in Exhibit "A".

All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the Leave of Absence shall be granted.

Respectfully submitted, this 23rd day of August, 2023.

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**

**TIMOTHY L. MITCHELL**
Georgia Bar No. 460744

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622 / (404) 881-2630 -- fax

{SECURE Firm/11807/00003/PLEADING/04206347.DOCX }

**EXHIBIT "A" TO**
**TIMOTHY MITCHELL'S LEAVE OF ABSENCE**

| Case | Court/Judge | Counsel |
|---|---|---|
| *Nakia Tyrell Mitchell v. CSL Plasma, Inc, et al.* State Court of Gwinnett County; Civil Action File No. 23-C-05090-S5 | Gwinnett County State Court Tiana P. Garner, Clerk 75 Langley Drive PO Box 880 Lawrenceville, GA 30046 | Christopher M. Farmer, Esq. Johnson & Ward, LLC 1629 Monroe Drive, NE Atlanta, GA 30324-5003 cfarmer@johnsonward.com |
| | State Court of Gwinnett County Hon. Erica K. Dove 75 Langley Drive PO Box 880 Lawrenceville, GA 30046 | Kathleen Opperman, Esq. Montlick & Associates, P.C. 17 Executive Park Drive, Suite 300 Atlanta, GA 30329 kopperman@montlick.com |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the foregoing **NOTICE OF**

**LEAVE OF ABSENCE** on all opposing counsel of record as set forth in Exhibit "A" via the e-

filing system which will automatically send e-mail notification of such filing to said counsel of

record.

This 23rd day of August, 2023.

Respectfully submitted,

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**TIMOTHY L. MITCHELL**
Georgia Bar No. 460744

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622 / (404) 881-2630 -- fax

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-05090-S5**
**8/23/2023 2:53 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| **NAKIA TYRELL MITCHELL,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| **CSL PLASMA, INC,** § | **CIVIL ACTION** |
| **XYZ CORPORATION NO. 1,** § | **FILE NO. 23-C-05090-S5** |
| **XYZ CORPORATION NO. 2,** § | |
| **XYZ CORPORATION NO. 3,** § | |
| **XYZ CORPORATION NO. 4,** § | |
| **JOHN DOE DEFENDANT NO. 1,** § | |
| **JOHN DOE DEFENDANT NO. 2,** § | |
| **JOHN DOE DEFENDANT NO. 3, and** § | |
| **JOHN DOE DEFENDANT NO. 4,** § | |
| § | |
| **Defendants.** § | |

## DEFENDANT CSL PLASMA INC.'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS UNDER O.C.G.A. § 9-11-34 AND NOTICE TO PRODUCE AT TRIAL UNDER O.C.G.A § 24-13-27 TO PLAINTIFF

COMES NOW, **CSL PLASMA INC.,** Defendant in the above-styled action, and serves

its First Interrogatories and Request for Production of Documents Under O.C.G.A. § 9-11-34 and

Notice to Produce at Trial Under O.C.G.A. § 24-13-27 to Plaintiff Nakia Tyrell Mitchell.

## GENERAL DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

The following terms are contained within Defendant's First Interrogatories and Request

for Production of Documents Under O.C.G.A. § 9-11-34 and Notice to Produce At Trial Under

O.C.G.A. § 24-13-27 to Plaintiff and are defined as follows:

**"Communication(s)"** means and refers to both written and oral exchanges including, but

not limited to, verbal conversations, such as telephone calls and/or words spoken at a meeting,

encounter or speech, and any writing such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings and sketches.

**"Defendant(s)"** means CSL PLASMA INC., XYZ CORPORATION NO. 1, XYZ CORPORATION NO. 2, XYZ CORPORATION NO. 3, XYZ CORPORATION NO. 4, JOHN DOE DEFENDANT NO. 1, JOHN DOE DEFENDANT NO. 2, JOHN DOE DEFENDANT NO. 3, and JOHN DOE DEFENDANT NO. 4.

**"Diary"** includes any writings, journal, blogging, or posting on any social media websites including, but not limited to, Facebook, Twitter, Instagram, Myspace, Pinterest, and/or Wordpress.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control – including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify**" means:

> with respect to "**persons**" who are individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known

business address, and present or last-known business telephone number of each

**person** mentioned;

with respect to institutions, businesses, groups or other organizations, to provide

the current or last-known complete name, address and telephone number for each;

and

with respect to "**documents**," to provide – irrespective of whether the **document**

is subject to any claim of privilege – the title or other means of identification of

each **document**, the date of each **document**, the name and address of the author,

the name and address of each recipient, and the name and address of all **persons**

who have custody, control or possession of each **document** or copies of it.

"**Occurrence**" means the incident, accident or event that gives rise to this lawsuit.

"**Person(s)**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

"**Practitioner(s) and institution(s) of the healing arts**" means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

"**You**" or "**Your**" shall refer to NAKIA TYRELL MITCHELL.

## <u>INSTRUCTIONS</u>

1.      Defendant's discovery requests shall be deemed continuing and supplemental responses shall be required as set forth by the Georgia Civil Practice Act.

2.      If any privileges are claimed with respect to any information or **documents** requested, **you** are requested to provide the following information:

      (a)      **identify** the **document**;

      (b)      the general character of the **document** (e.g., letter, memorandum, contract, etc.);

      (c)      the date of the **document**;

      (d)      the **person** who offered or otherwise created or generated the **document**;

      (e)      a brief summary of the subject matter of the **document**;

      (f)      the location of the **document**; and

      (g)      the nature and grounds of the privilege claimed.

## INTERROGATORIES

In accordance with O.C.G.A. § 9-11-33, Defendant requests that Plaintiff answer the following Interrogatories and serve the answers upon counsel for this Defendant within 30 days after the service of the Interrogatories.  Each Interrogatory must be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of an answer.  The answers must be signed by the **person** making them.

These Interrogatories are continuing to the extent O.C.G.A. § 9-11-26(e) requires.  **Your** responses must be supplemented in accordance with those Rules.  O.C.G.A. § 9-11-33(a) requires **you** to "furnish such information as is available to the party."  If **you** produce business records under O.C.G.A. § 9-11-33(c) in lieu of answering any Interrogatory, **you** must specify in writing the business records from which the answer to the Interrogatory can be derived or ascertained and afford this Defendant reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.

**Plaintiff's Information**

1.

Please state **your** date of birth; current address; marital status and full name of spouse;

Social Security number; and educational background including all schools, institutions, trade or

professional schools attended, the dates of attendance of each, and the degrees, certificates or

licenses obtained at each.  [Social Security number required under the Medicare Secondary Payer

Statute 42 USC § 1395y(b)(2), even if Plaintiff has not received Medicare benefits or is not

Medicare eligible.  Smith v. Sound Breese of Groton Condo. Assn, Inc., 2011 WL 803067

(Conn. Super. Ct. Feb. 3, 2011); Hackley v. Garofano, 2010 WL 3025597 (Conn. Super. Ct. July

1, 2010)]

2.

If **you** have ever been a party to a civil action of any kind (including bankruptcy and

other insolvency proceedings) or criminal proceeding (including first offender charges), for each

such proceeding please give the style of the case, docket number, the court in which the case was

held, the date the case was initiated, the substance of the case and its present status or ultimate

disposition.  See Federated Dep't Stores, Inc. v. Kane, 180 Ga. App. 175, 348 S.E.2d 718 (1986);

Lewis v. State, 243 Ga. 443, 254 S.E.2d 830 (1979); Hightower v. General Motors Corp., 255

Ga. 349, 338 S.E.2d 426 (1986).

**Occurrence and Witness Information**

3.

Please state specifically and describe in reasonable detail how this **occurrence** happened.

4.

Please state specifically and describe in reasonable detail the alleged hazard in question.

5.

Please state specifically and describe in reasonable detail your movements and actions for the 24 hours prior to and the 24 hours after the subject **occurrence**.

6.

Please describe fully the shoes and clothing **you** were wearing at the time of this **occurrence**, and state whether still have those shoes and clothing.  Include in **your** answer the type and brand name of the footwear, the material of the sole, the type and height of the heel, the date of purchase and current custodian.

7.

**Identify** all **persons** who to **your** knowledge, information or belief have investigated any aspect of this **occurrence**, and **identify** each **document** concerning any part of the investigation.

8.

**Identify** each **person** that, to **you** or **your** representative's knowledge, information or belief:

(a)     Were eyewitnesses to the **occurrence**;

(b)     Have discoverable information relevant to this **occurrence**, including any issue of liability or damages; and indicate the subjects of the information.

9.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any **person** with information relevant to this lawsuit, please **identify** each **person** giving the statement, the **person** taking each statement, the date each statement was taken, and each **person** having possession, custody or control of each statement.

- 6 -

10.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, and other **documents** illustrating any person, place or thing concerning this **occurrence** or relevant to this lawsuit, giving the date each was made, and **identify** the **person(s)** with possession, custody or control of each item or a copy of any item.

11.

If **you** consumed any alcoholic beverages, medicines or drugs within twenty-four hours before this **occurrence**, please describe the nature and quantity thereof and the time(s) and place(s) where such were consumed.

12.

Please describe each act or omission that **you** contend was a breach of duty on the part of this **Defendant**, including any federal or state statutory violations and describe in reasonable detail how each statute was violated.

13.

Please state the number of times you had been at or near the show where the occurrence happened.

14.

Please identify all knowledge you allege Defendant possessed regarding the alleged hazard prior to the occurrence, including when you allege Defendant first had knowledge..

**<u>Plaintiff's Injuries</u>**

15.

Describe to the best of **your** ability, all injuries **you** claim to have received as a result of this **occurrence**, indicate what injuries **you** are suffering from at present, and describe fully the

- 7 -

manner and extent of **your** current suffering and the problems and impairments **you** expect in the future.

16.

Describe in reasonable detail each <u>prior</u> injury, disease or difficulty in the area(s) of the body that **you** claim were injured in this **occurrence**, or to area(s) of **your** body involving **your** senses (sight, hearing, etc.), and **identify** all **practitioners and institutions of the healing arts** that have treated **you** for each such injury, disease or difficulty.

17.

Describe in reasonable detail each <u>subsequent</u> injury, disease or difficulty in the area(s) of the body that **you** claim were injured in this **occurrence**, or to area(s) of **your** body involving **your** senses (sight, hearing, etc.), and **identify** all **practitioners and institutions of the healing arts** that have treated **you** for each such injury, disease or difficulty.

18.

**Identify** all accidents or incidences in which **you** received personal or bodily injuries <u>prior</u> to this **occurrence**, and described the bodily injuries or personal injuries which **you** received in such other accident or incident, no matter how slight and even if it did not lead to a claim or litigation.

19.

**Identify** all accidents or incidences in which **you** received personal or bodily injuries <u>subsequent</u> to this **occurrence**, and described the bodily injuries or personal injuries which **you** received in such other accident or incident, no matter how slight and even if it did not lead to a claim or litigation.

20.

Please describe fully all physical or mental impairments or disability **you** had at the time of this **occurrence**, including but not limited to congenital, medical, psychological, alcohol or substance induced, vision impairment or otherwise.

### Plaintiff's Medical Treatment

21.

**Identify** all **practitioners and institutions of the healing arts** that have treated or evaluated **you** as a result of this **occurrence**, give the date of **your** last visit to each and indicate whether each has issued a written report regarding his or her treatment or evaluation.

22.

**Identify** all **practitioners and institutions of the healing arts** that have treated **you** subsequent to this **occurrence** and whose treatment or evaluation **you** do not attribute to this **occurrence**.

23.

**Identify** all **practitioners and institutions of the healing arts** that have treated **you** for the fifteen (15) years immediately <u>prior</u> this **occurrence**.

24.

**Identify** each and every pharmacy, hospital or any other place in which **you** have had medications and/or prescriptions filled for the five (5) years preceding the **occurrence** through the present.

- 9 -

**Plaintiff's Special Damages**

25.

Please itemize all special damages **you** allege **you** have incurred (or that others have incurred on **your** behalf) as a result of this **occurrence** including medical expenses, hospital expenses, drug expenses, property damage, lost wages (past and future), lost profits and all other special damages (describing them).

26.

For each lost wage, lost salary claims and lost profits claims that **you** make, please explain how **you** computed the amount of damages, **identify your** employer at the relevant time, **identify your** supervisor, and state the dates **you** were unable to work, the date **you** returned to work, **your** rate of pay, and whether **your** employer continued to pay **your** salary during any part of the time **you** were unable to work.

27.

For each property damage claim that **you** make, please explain how **you** computed the amount of damages, describe fully the property **you** claim to be damaged, describe each payment **you** have received for **your** property damage, and **identify** each release and other **documents** executed for **your** property damage or related payments.

**Liens and Subrogation Interests Potentially Related to This Occurrence Pursuant to State and/or Federal Law**

28.

**Identify** all liens, subrogation interests and/or third-party rights with respect to this **occurrence**, including but not limited to any Medicare lien [Medicare Secondary Payer Statute 42 USC § 1395y(b)(2)], Medicaid lien [Medicaid Secondary Payer Statute 42 USC § 1396a(a)(25)], Georgia Health Care Provider liens [O.C.G.A § 44-14-470 or § 49-9-14], ERISA

- 10 -

lien or reimbursement claim [29 U.S.C. § 1132(a)(3)], Georgia Workers Compensation lien or

reimbursement claim [O.C.G.A. § 34-9-11.1] and/or any other lien, subrogation interest or third-

party claim(s) seeking recovery or reimbursement from any potential settlement or judgment

related to this **occurrence**. For each such lienholder(s), please state the amount paid to date and

the current amount of the outstanding lien.

### Expert Discovery

### 29.

Please **identify** each expert of every type expected to testify at trial, INCLUDING

WITHOUT LIMITATION TREATING **PHYSICIANS AND PRACTITIONERS OF THE**

**HEALING ARTS**, and state the subject matter about which the expert is expected to testify, the

substance of the facts and opinions to which the expert is expected to testify, and give a summary

of the grounds for each opinion. *See* O.C.G.A. § 9-11-26(b)(4)(A)(i). This Interrogatory applies

to all expert witnesses of every kind. The trial court has the power to exclude any expert or any

expert testimony not fairly disclosed in your answer to this Interrogatory.

### Social Media and Website Discovery

### 30.

Have **you** been photographed or videotaped at any time since the date of the **occurrence**

which is the subject of this litigation? If **your** answer is yes, please **identify** where **you** were

photographed or videotaped; **identify** the **person(s)** who photographed or videotaped **you**, and,

**identify** the **person(s)** who currently have the photographs or videotape or any copy thereof.

### 31.

Please **identify** any **diary**, whether written or electronically stored, that **you** have kept since

the subject incident which in any way references, discusses, or depicts the subject incident.

32.

Please state whether **you** (or anyone on **your** behalf) have posted (or replied to any posting) on any internet social media websites or blogs (including, but not limited to Facebook, Twitter, Instagram, YouTube, Reddit, Tumblr, Flickr, Google+, Twitter, Myspace, Snapchat, Pinterest, Wordpress, etc.) any writings, messages, texts, electronic mail, instant messages, pictures, videos, etc. which in any way relate to:

(a)     the subject incident;

(b)     any injuries (or absence of injuries) **you** suffered from the subject incident;

(c)     any impairment (or absence of impairment) of **your** ability to work or be active because of the subject incident.

If yes, do not destroy or delete any such postings or writings, rather please state when such postings were made, the content of such postings, and which internet social media website such postings or writings were made, along with your account information and passwords.

33.

For the period of one (1) year prior to the **occurrence** to the present, please state whether or not **you** have posted on any job board or job search websites (including, but not limited to Monster, Sales Force, Career Builder, Hot Jobs, Sales Job Hunter and/or Craig's List).  If yes, do not destroy or delete any such posting or writing but rather state when such postings were made, the content of such postings, and which internet website such postings or writings were made, along with your account information and passwords.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

You are hereby requested to comply with O.C.G.A. § 9-11-34 and § 24-13-27 by producing and permitting Defendant's attorney to inspect and copy the documents designated

- 12 -

below, which are in your possession, custody or control.  You may do so by mailing copies of

said documents to the undersigned at Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP,

Meridian II, Suite 2000, 275 Scientific Drive, Peachtree Corners, GA 30092, within thirty (30)

days from the date of service of this Request for Production of Documents Under O.C.G.A. § 9-

11-34 and Notice to Produce at Trial Under O.C.G.A. § 24-13-27 to Plaintiff.

## PRODUCE A TRUE AND CORRECT COPY OF EACH OF THE FOLLOWING DOCUMENTS AND TANGIBLE THINGS:

### Plaintiff Information

1.

The pleadings, discovery (including any discovery responses by **you**) depositions,

releases, and all medical bills and medical records and reports and related **documents** concerning

all suits and other claims (even if it did not go into suit) made by **you** or on **your** behalf for

damages for bodily injury or property damage within the past fifteen (15) years.

### Occurrence and Witness Information

2.

All photos, videotapes, diagrams, plats and other documents illustrating **persons**, places,

products and tangible things concerning this **occurrence**, or that are relevant to the subject

matter involved in this lawsuit, including but not limited to any issue of liability or damages.

3.

The shoes **you** were wearing at the time of the alleged fall.

4.

All government statutes, ordinances, regulations and other laws that **you** contend this

**Defendant** did not follow or adhere to.

- 13 -

5.

All industry and other standards, guidelines or recommendations that **you** contend this **Defendant** did not follow or adhere to.

6.

All **documents** that support or concern **your** contentions that acts or omissions of this **Defendant** caused or contributed to this **occurrence**.

7.

All **documents** concerning the investigation of this occurrence by government bodies (police, fire department, OSHA, unions, employers, or other organizations).

8.

All statements (written, recorded, etc.) from this **Defendant** and agents, representatives, employees or former employees of this **Defendant** concerning this **occurrence**, or relevant to the subject matter involved in this lawsuit.

9.

All statements (written, recorded, etc.) from other **persons** concerning this **occurrence**, or relevant to the subject matter involved in this lawsuit.

10.

All statements (including without limitation transcripts of testimony) from this **Defendant** and each agent or representative of this **Defendant** concerning any other **occurrence**, lawsuit, hearing or proceeding, which **you** contend are relevant to any issue in this lawsuit.

11.

All **documents** concerning judicial, quasi-judicial, or administrative hearings concerning this **occurrence**.

- 14 -

12.

All **documents** concerning or referencing the alleged hazard.

13.

All **documents** concerning or referencing Defendant's purported knowledge of the alleged hazard.

**<u>Plaintiff's Medical Treatment Documents</u>**

14.

All medical reports, hospital records, letters, office notes, progress notes or other **documents** prepared by **physicians or other practitioners of the healing arts**, or by hospitals, clinics or other institutions that have treated or evaluated **you** for complaints or injuries allegedly received from this **occurrence**.

15.

All <u>medical reports</u>, including hospital records, letters, office notes, progress notes or other **documents** prepared by **physicians or other practitioners of the healing arts**, or by hospitals, clinics or other institutions that have treated or evaluated **you** <u>prior</u> to this **occurrence** but only for complaints or injuries to the same area(s) of the body that **you** allegedly received from this **occurrence**.

16.

All <u>medical reports</u>, including hospital records, letters, office notes, progress notes or other **documents** prepared by **physicians or other practitioners of the healing arts**, or by hospitals, clinics or other institutions that have treated or evaluated **you** for any complaint or injury <u>subsequent</u> to this **occurrence**.

- 15 -

## **Plaintiff's Special Damages:  Medical Expenses**

17.

A computation for all medical special damages **you** claim from this **occurrence**, along with the **documents** or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

18.

All doctor's bills, hospital bills, drug bills and other **documents** concerning expenses for medical treatment incurred in connection with this **occurrence**.

19.

All medical bills, including doctor bills, hospital bills, drug bills and other **documents** concerning expenses for medical treatment incurred prior to this **occurrence**, but only for the same area(s) of the body that **you** allegedly received treatment for from this **occurrence**.

## **Plaintiff's Special Damages:  Lost Wages, Lost Salary or Lost Profits**

20.

A computation for all lost wages, lost salary or lost profits claims that **you** seek recovery for from this **occurrence**, along with the **documents** or other evidentiary material on which such computation is based.

21.

A computation for all lost wages, lost salaries or lost profits claims that **you** sought recovery for prior to this occurrence but only because of a complaint or injury or treatment to the same area(s) of the body that **you** allegedly received treatment for from this **occurrence**.

- 16 -

22.

**Your** state and federal income tax returns (including W-2, W-4 and 1099 forms) for the past five (5) years.

23.

All other **documents** that evidence or concern lost wages and earnings claims made in this lawsuit, including but not limited to Le Great Chef Cater, LLC financial statements, banking statements, payroll documents, and tax records.

**Plaintiff's Special Damages:  Other Damages**

24.

A computation for any other special damages that **you** seek recovery for, along with the **documents** or other evidentiary material on which such computation is based.

**Liens and Subrogation Interests Documents Pursuant to State and/or Federal Law**

25.

All <u>Medicare</u> lien information with respect to this **occurrence**, including but not limited to any **documents** reflecting the amount paid to date and the current amount of the alleged outstanding lien.  [Medicare Secondary Payer Statute 42 USC § 1395y(b)(2)]

26.

All <u>Medicare</u> Rights and Responsibilities ("RAR") letters relating to **you** from the last ten (10) years to the present, including but not limited to any **documents** that reflect the amount paid to date and the current amount of the alleged outstanding lien arising from this **occurrence**.

27.

All <u>Medicare</u> Conditional Payment Notice ("CPN") letters relating to **you** from the last ten (10) years to the present, including but not limited to any **documents** that reflect the amount paid to date and the current amount of the alleged outstanding lien arising from this **occurrence**.

28.

All <u>Medicare</u> Final Demand letters ("FDL") relating to **you** from the last ten (10) years to the present, including but not limited to any **documents** that reflect the amount paid to date and the current amount of the alleged outstanding lien arising from this **occurrence**.

29.

All <u>Medicaid</u> lien information with respect to this **occurrence**, including but not limited to any **documents** reflecting the amount paid to date and the current amount of the alleged outstanding lien.  [Medicaid Secondary Payer Statute 42 USC § 1396a(a)(25)]

30.

All <u>Medicaid</u> Rights and Responsibilities ("RAR") letters relating to **you** from the last ten (10) years to the present, including but not limited to any **documents** that reflect the amount paid to date and the current amount of the alleged outstanding lien arising from this **occurrence**.

31.

All <u>Medicaid</u> Conditional Payment Notice ("CPN") letters relating to **you** from the last ten (10) years to the present, including but not limited to any **documents** that reflect the amount paid to date and the current amount of the alleged outstanding lien arising from this **occurrence**.

- 18 -

32.

All <u>Medicaid</u> Final Demand letters ("FDL") relating to **you** from the last ten (10) years to the present, including but not limited to any **documents** that reflect the amount paid to date and the current amount of the alleged outstanding lien arising from this **occurrence**.

33.

All <u>Georgia Health Care Provider</u> liens, including but not limited to any **documents** reflecting the amount paid to date and the current amount of the alleged outstanding lien arising from this **occurrence**.  [O.C.G.A § 44-14-470]

34.

All ERISA liens or reimbursement claims, including but not limited to any **documents** reflecting the amount paid to date and the current amount of the alleged outstanding lien arising from this **occurrence**. [29 U.S.C. § 1132(a)(3)]

35.

A copy of all **your** health insurance policy(s) that was in effect at the time of the **occurrence**.  [To determine if a fully-funded ERISA plan or a self-funded ERISA plan was in place at the time of the **occurrence**]

36.

All workers' compensation liens or reimbursement claims, including but not limited to any **documents** reflecting the amount paid to date and the current amount of the alleged outstanding lien arising from this **occurrence**.  [O.C.G.A. § 34-9-11.1]

37.

Any and all **documents** that reflect any other lien(s), subrogation interest(s) or third-party claim(s) seeking recovery or reimbursement from any potential settlement or judgment arising

- 19 -

from this **occurrence**, including but not limited to the amount paid to date and the current amount of the alleged outstanding lien arising from this **occurrence**.  [O.C.G.A. § 34-9-11.1]

38.

All **documents** concerning compensation, indemnity, insurance, wage-loss replacement, income replacement, disability benefits, or payments available to the **Plaintiff** from all government or private sources, and all materials, group medical booklets, manuals, etc., concerning the cost of providing and the extent of such available benefits or payments.

39.

All subrogation agreements, notices of claimed subrogation rights by others, assignments of claims to others, workers' compensation liens, hospital liens, and other **documents** concerning subrogation claims related to this **occurrence**.

## Expert Documents

40.

The entire file, including all field notes, sketches, diagrams, letters, memos, reports, photos, emails and other **documents** concerning this **occurrence** or other subject matter involved in this lawsuit that have been generated by or for any expert that may testify at trial concerning this **occurrence** or other subject matter involved in this lawsuit.

41.

All reports, correspondence, memos, notes, photos, trial exhibits and other **documents** embodying observations, calculations, illustrations and opinions from any expert that may testify at trial concerning this **occurrence** or other subject matter involved in this lawsuit.

{SECURE Firm/11807/00003/DISC/04206500.DOCX }

42.

All **documents** and tangible things which constitute evidence reasonably relied upon by each expert which supports **your** contentions regarding liability and damages.

43.

A current CV and all statements for services rendered by each expert retained to testify in this case.

### Social Media Documents

44.

For each internet social media website or blog **you identified** in response to the "Social Media and Website Discovery" Interrogatories, please produce all content therefrom for the period of two (2) years prior to the **occurrence** through the present.

45.

For each job search website **identified** in response to the "Social Media and Website Discovery" Interrogatories, please produce all content therefrom for the period of two (2) years prior to the **occurrence** through the present.

46.

For each Facebook account maintained by **you**, produce your account data for the period of two (2) years prior to the **occurrence** through the present.  **You** may download and print **your** Facebook data by logging onto your Facebook account, selecting "Account Settings" under the "Account" tab on your Home Page, clicking on the "Learn More" link beside the "Download Your Information" tab, and following the directions on the "Download Your Information" page.

- 21 -

47.

All **documents** that contain information, whether or not hearsay, as to the cause or nature of this **occurrence** that have not already been requested.

48.

All **documents identified** or referenced in response to this **Defendant's** First Interrogatories to **Plaintiff**.

49.

Produce all photographs and videotape taken of **you** after the date of the **occurrence**.

**Authorizations to Obtain Discoverable Information and Documents Pursuant to State and/or Federal Law**

50.

A completed Authorization(s) for the release of **your** medical records from all **practitioners and institutions of the healing arts** that have treated or evaluated **you** as a result of this **occurrence** in compliance with HIPAA.  Please sign and return the attached HIPAA Authorization(s).

51.

A completed Authorization for the release of **your** employment records from all employers within the past ten (10) years.  Please sign and return the attached Employer Authorization.

52.

A completed IRS form 4506 for release of tax records for a period of at least five (5) years prior to the **occurrence** through the present.  Please sign and return the attached IRS Form 4506.

- 22 -

53.

A completed Authorization for the release of **your** Medicare lien information, including but not limited to conditional payment letter(s) and final demand letter(s) for the past the last ten (10) years to the present.  Please sign and return the attached "CONSENT TO RELEASE" Authorization.

54.

A certified copy of **your** complete file with the State Board of Workers' Compensation for any claims filed related to the occurrence.

55.

A certified copy of **your** complete file with the State Board of Workers' Compensation for any claims filed within the last fifteen (15) years.

56.

Any **documents** relating to any State Board of Workers' Compensation claim that **you** made within the last fifteen (15) years.

This 23rd day of August, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**TIMOTHY L. MITCHELL**
Georgia Bar No. 460744
*Counsel for Defendant CSL Plasma Inc.*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – fax
tmitchell@cmlawfirm.com

- 23 -

**HIPAA AUTHORIZATION FOR THE RELEASE OF HEALTH INFORMATION**

TO:      _____
         _____
         _____

RE:      Release for disclosure of health information

Patient's Name:   **NAKIA TYRELL MITCHELL**
DOB:              _____
SSN:              _____

      Pursuant to HIPAA Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. §§ 164.512 & 164.508, I hereby authorize you to use or disclose my protected health information as described below.  I further authorize the following individuals or organizations to receive such health information:  **Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Meridian II, Suite 2000, 275 Scientific Drive, Peachtree Corners, GA 30092.**  The purpose of the requested use or disclosure is: at the request of the individual or organization for purposes of investigation and litigation.

      The information to be used or disclosed includes the following specified information:

  XX   Complete medical records, bills, and diagnostic films for all dates on which you have treated me, which may include substance abuse, mental health, and/or HIV/AIDS information.

      I understand that the information in my health record may include information relating to sexually transmitted disease, AIDS, human immunodeficiency, HIV, behavioral or mental health services and/or treatment for alcohol and/or drug use.  I authorize the release of such information.

      Federal and state laws protect the information disclosed pursuant to this Authorization.  I understand that if the authorized recipient of the information is not a health care provider or health plan covered by federal privacy regulations, the information may be re-disclosed and no longer protected.  However, the recipient may be prohibited from disclosing any substance abuse information under the federal confidentiality requirements for alcohol and drug abuse patient records and the Public Health Service Act.  Such information may not be used to criminally investigate or prosecute any alcohol or drug patient.  Further, pursuant to O.C.G.A. § 24-9-47, state law prohibits recipients from making any further disclosure of test results relating to HIV or AIDS without the specific written consent of the person to whom such information pertains.  A general authorization for the release of medical or other information is NOT sufficient for such purpose.

      This Authorization will expire upon the occurrence of the following event or condition: at the termination of the litigation in which Cruser Mitchell is representing the Defendant CSL Plasma, Inc.

I understand that I have the right to revoke this Authorization at any time, and in order to do so, I must present a written revocation to you.  I understand that the revocation will not apply to information that already has been released in response to or in reliance on this Authorization. I understand that I need not sign this Authorization in order to ensure health care treatment, payment, enrollment in my health plan, or eligibility for benefits.  I understand that if this Authorization is sought by a covered entity, I will be given a copy of this Authorization form after signing it.

**A copy of this Authorization shall be deemed as sufficient as the original signature.**

This _____ day of _____, 2023.


_____
NAKIA TYRELL MITCHELL


Sworn to and subscribed before me
this _____ day of _____, 2023.


_____
Notary Public

My Commission Expires:

## <u>AUTHORIZATION FOR THE RELEASE OF EMPLOYMENT INFORMATION</u>

TO: _____

      _____

      _____

    RE:    Release for Disclosure of Employment Information

    Employee:    <u>**NAKIA TYRELL MITCHELL**</u>

    DOB:    _____

    SSN:    _____

You are hereby requested and authorized to disclose, make available, and furnish to the following attorneys:

***TIMOTHY L. MITCHELL, ESQ.***
***Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP***
***Meridian II, Suite 2000***
***275 Scientific Drive***
***Peachtree Corners, GA  30092***

**all documents in your possession, including, but not limited to:**

    **1.**    Your entire file regarding the employment of **NAKIA TYRELL MITCHELL**

    ("Employee"), including, but not limited to the following:

    **A.**    Application for employment;

    **B.**    Time cards or attendance records;

    **C.**    All employee evaluation forms;

    **D.**    Termination or disciplinary notices, if any;

    **E.**    Results of any drug testing or screening, if any;

    **F.**    Any and all applications for employment completed by Employee;

    **G.**    Any and all background investigations and reference checks performed on

    Employee concerning his or her former employment or work history;

    **H.**    Any and all W-2 Forms;

**I.**     All documents reflecting payment of any sum to Employee since employment;

**J.**     All documents reflecting withholding of federal income taxes on salaries earned by Employee since employment;

**K.**     All documents reflecting payment of Social Security (FICA) taxes on salaries earned by Employee since employment;

**L.**     All documents relating to claims or requests for unemployment;

**M.**     All documents regarding any claim or claims made by Employee for workers' compensation, including, but not limited to, medical bills, sworn testimony, hearing transcripts, and other documents evidencing benefits received;

**N.**     Your copies of all standard State Board of Workers' Compensation forms and all stipulation agreements;

**O.**     All orders and awards of the State Board of Workers' Compensation and all correspondence from any employee of the Board;

**P.**     All documents reflecting any certifications held by Employee;

**Q.**     All proficiency and performance assessments of Employee;

**R.**     All certifications and testing information regarding Employee;

**S.**     All documents reflecting any training or educational courses in which Employee participated;

**T.**     Attendance records on Employee since employment; and

**U.**     All contracts, indemnities, and other written agreements executed by Employee.

**2.** Your entire personnel file regarding Employee;

**3.** Copies of all reports by all physicians or other practitioners of the healing arts, hospital records, rehabilitation reports and information and evidence of expenses incurred relating to Employee at any time during employment;

**4.** All file material having to do with lost earnings or time missed from work by Employee; and

**5.** Copies of your file materials which confirm all payments made to Employee regarding disability benefits or lost wages.

**A copy of this Authorization shall be deemed as sufficient as the original signature.**

This _____ day of _____, 2023.

_____
NAKIA TYRELL MITCHELL

Sworn to and subscribed before me
this _____ day of _____, 2023.

_____
Notary Public

My Commission Expires:

Form **4506**

(Novmeber 2020)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.
▶ Request may be rejected if the form is incomplete or illegible.
▶ For more information about Form 4506, visit *www.irs.gov/form4506*.

OMB No. 1545-0429

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T, Request for Transcript of Tax Return,** or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." or call 1-800-908-9946.

**1a** Name shown on tax return. If a joint return, enter the name shown first.

NAKIA TYRELL MITCHELL

**1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions)

**2a** If a joint return, enter spouse's name shown on tax return.

**2b** Second social security number or individual taxpayer identification number if joint tax return

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

Timothy L. Mitchell, Esq., Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Meridian II, Suite 2000, 275 Scientific Drive, Peachtree Corners, GA 30092, (404) 881-2622

**Caution:** If the tax return is being sent to the third party, ensure that lines 5 through 7 are completed before signing. (see instructions).

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

**Note:** If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . ☐

**7** **Year or period requested.** Enter the ending date of the tax year or period using the mm/dd/yyyy format (see instructions).

12 / 31 / 2018      12 / 31 / 2019      12 / 31 / 2020      12 / 31 / 2021

12 / 31 / 2022      ___ / ___ / ___      ___ / ___ / ___      ___ / ___ / ___

**8** **Fee.** There is a $43 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.**

**a** Cost for each return . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 43.00

**b** Number of returns requested on line 7 . . . . . . . . . . . . . . . . . . . 5

**c** Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . . . . . . . $ 215.00

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☑

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☐ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506.** See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ Signature (see instructions) _____ Date _____

Print/Type name _____ Title (if line 1a above is a corporation, partnership, estate, or trust) _____

▶ Spouse's signature _____ Date _____

▶ Print/Type name _____

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**      Cat. No. 41721E      Form **4506** (Rev. 11-2020)

Form 4506 (Rev. 11-2020)

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines, *including lines 5 through 7,* have been completed.

**Designated Recipient Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information received pursuant to the taxpayer's consent and holds the recipient subject to penalties for any unauthorized access, other use, or redisclosure without the taxpayer's express permission or request.

**Taxpayer Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information provided pursuant to your consent and holds the recipient subject to penalties, brought by private right of action, for any unauthorized access, other use, or redisclosure without your express permission or request.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

 If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request based on the address of your most recent return.

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
|---|---|
| Florida, Louisiana, Mississippi, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alabama, Arkansas, Delaware, Georgia, Illinois, Indiana, Iowa, Kentucky, Maine, Massachusetts, Minnesota, Missouri, New Hampshire, New Jersey, New York, North Carolina, Oklahoma, South Carolina, Tennessee, Vermont, Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alaska, Arizona, California, Colorado, Connecticut, District of Columbia, Hawaii, Idaho, Kansas, Maryland, Michigan, Montana, Nebraska, Nevada, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Washington, West Virginia, Wyoming | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Chart for all other returns

| For returns not in Form 1040 series, if the address on the return was in: | Mail to: |
|---|---|
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter the social security number (SSN) or individual taxpayer identification number (ITIN) for the individual listed on line 1a, or enter the employer identification number (EIN) for the business listed on line 1a. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address, or Form 8822-B,Change of Address or Responsible Party — Business, with Form 4506.

**Line 7.** Enter the end date of the tax year or period requested in mm/dd/yyyy format. This may be a calendar year, fiscal year or quarter. Enter each quarter requested for quarterly returns. Example: Enter 12/31/2018 for a calendar year 2018 Form 1040 return, or 03/31/2017 for a first quarter Form 941 return.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines, *including lines 5 through 7,* are completed before signing.



*You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

 Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

 You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

 The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

 If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

 Do not send the form to this address. Instead, see *Where to file* on this page.

## CONSENT TO RELEASE

I, _____, (print your name exactly as shown on your Medicare card) hereby authorize the CMS, its agents and/or contractors to release, upon request, information related to my injury/illness and/or settlement for the specified date of injury/illness to the individual and/or entity listed below:

TIMOTHY L. MITCHELL, ESQ.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP
Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
404-881-2622

This Authorization will expire upon the occurrence of the following event or condition: at the termination of the litigation in which Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP is representing the Defendant CSL Plasma, Inc. in the litigation styled: Nakia Tyrell Mitchell v. CSL Plasma Inc. et al.; State Court of Gwinnett County; Civil Action File No. 23-C-0500-S5.

I understand that I have the right to revoke this Authorization at any time, and in order to do so, I must present a written revocation to you.  I understand that the revocation will not apply to information that already has been released in response to or in reliance on this Authorization. I understand that I need not sign this Authorization in order to ensure health care treatment, payment, enrollment in my health plan, or eligibility for benefits.  I understand that if this Authorization is sought by a covered entity, I will be given a copy of this Authorization form after signing it.

**MEDICARE BENEFICIARY INFORMATION AND SIGNATURE:**

Medicare Health Insurance Claim Number (The number on your Medicare card.):_____
Date of Injury/Illness:_____

This _____ day of _____, 2023.

_____
(name exactly as shown on your Medicare card)

Sworn to and subscribed before me
this _____ day of _____, 2023.

_____
Notary Public

My Commission Expires

{SECURE Firm/11807/00003/DISC/04206500.DOCX }

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **NAKIA TYRELL MITCHELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CSL PLASMA, INC,** | § | **CIVIL ACTION** |
| **XYZ CORPORATION NO. 1,** | § | **FILE NO. 23-C-05090-S5** |
| **XYZ CORPORATION NO. 2,** | § | |
| **XYZ CORPORATION NO. 3,** | § | |
| **XYZ CORPORATION NO. 4,** | § | |
| **JOHN DOE DEFENDANT NO. 1,** | § | |
| **JOHN DOE DEFENDANT NO. 2,** | § | |
| **JOHN DOE DEFENDANT NO. 3, and** | § | |
| **JOHN DOE DEFENDANT NO. 4,** | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing

**DEFENDANT CSL PLASMA INC.'S FIRST INTERROGATORIES AND REQUEST**

**FOR PRODUCTION OF DOCUMENTS UNDER O.C.G.A. § 9-11-34 AND NOTICE TO**

**PRODUCE AT TRIAL UNDER O.C.G.A § 24-13-27 TO PLAINTIFF NAKIA TYRELL**

**MITCHELL** with the Clerk of Court using the Odyssey e-filing system which will

automatically send e-mail notification of such filing to the following attorneys of record:

*Christopher M. Farmer, Esq.*
*Johnson & Ward, LLC*
*1629 Monroe Drive, NE*
*Atlanta, GA 30324-5003*
cfarmer@johnsonward.com

*Kathleen Opperman, Esq.*
*Montlick & Associates, P.C.*
*17 Executive Park Drive, Suite 300*
*Atlanta, GA 30329*
kopperman@montlick.com

I FURTHER CERTIFY that in accordance with O.C.G.A. § 9-11-29.1(a), Filing of

Discovery Materials, the undersigned is responsible for service of the above document and

acknowledges that he/she is in possession of the original of the foregoing and the custodian

thereof, the same to be held in accordance with the foregoing Code section.

This 23rd day of August, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**TIMOTHY L. MITCHELL**
Georgia Bar No. 460744
*Counsel for Defendant CSL Plasma Inc.*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 – fax
tmitchell@cmlawfirm.com