**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LINDSEY BROOKE ADAMS, | ) | |
| TAKISHA GREEN, and | ) | |
| TIASIA LEE, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| ADDA, LLC, and VENU DANDA, | ) | |
| | ) | COMPLAINT |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Lindsey Brooke Adams, Takisha Green, and Tiasia Lee (collectively "Plaintiffs"), by and through counsel, files this Complaint against Defendants Adda, LLC, ("Adda") and Venu Danda ("Danda") (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees.

In support of their claims, Plaintiffs assert as follows:

## INTRODUCTION

1.     This lawsuit arises because Defendants improperly withheld Plaintiffs' and other similarly situated employees' tips in violation of the FLSA and

1

Defendants' failure to properly calculate and pay Plaintiffs' and other similarly situated employees' minimum wages during the period three years prior to the filing of this lawsuit.

## JURISDICTION AND VENUE

1.     This court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.     Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391.  Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## <u>THE PARTIES</u>

**Plaintiff Lindsey Brooke Adams**

3.     Plaintiff Adams is a resident of Georgia in this judicial district and division.

4.     Plaintiff Adams was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C. § 201 et seq. and 29 U.S.C. § 203(e).

**Plaintiff Takisha Green**

5.     Plaintiff Green is a resident of Georgia in this judicial district and division.

6.     Plaintiff Green was an "employee" of Defendants, as that term has

been defined by the FLSA, 29 U.S.C. § 201 et seq. and 29 U.S.C. § 203(e).

**Plaintiff Tiasia Lee**

7.     Plaintiff Lee is a resident of Georgia in this judicial district and division.

8.     Plaintiff Lee was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C. § 201 et seq. and 29 U.S.C. § 203(e).

**Defendant Adda**

9.     Defendant Adda is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 2695 Etienne Lane, Cumming, GA 30041.

10.     Defendant Adda's registered agent for service of process is Sandhya Rachapudi, 2695 Etienne Lane, Cumming, GA 30041.

11.     Adda had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

**Defendant Danda**

12.     At all relevant times, Defendant Danda was the owner, general manager, and/or primary decision maker for Adda.

13.     Defendant Danda can be served at 1330 Wondering Way, Suwanee, GA, 30024.

14.　At all relevant times, Defendants have continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a). Defendants gross revenue exceeds $500,000 per year.

15.　Defendants employed Plaintiffs throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFFS' CLAIMS

16.　Defendants own and operate Adda Sports Pub & Eatery restaurant located at 3455 Peachtree Pkwy # 212, Suwanee, GA 30024 (the "Restaurant").

**A. Defendant Danda is Individually Liability for the FLSA Violations.**

17.　At all relevant times, Defendant Danda was the owner, general manager, and/or primary decision maker for Adda; had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decisions relating to Plaintiffs; determined Plaintiffs' wages; and approved Plaintiffs' hours and days off.

18.　At all relevant times, Defendant Danda as an owner, general manager, and/or primary decision maker for Adda, made the decision of what to pay Plaintiffs and to withhold minimum wage compensation in violation of the FLSA.

19.　At all relevant times, Defendant Danda exercised sufficient control over Plaintiffs to cause Defendant Danda to be individually liable for the FLSA

4

violations.

**B. Plaintiffs and other Servers' Employment with Defendants.**

20.     Plaintiffs were employed by Adda as servers and bartenders at the Restaurant.

21.     Defendants hired Plaintiff Adams in approximately January 2022.

22.     Plaintiff Adams's employment with Defendants ended in approximately February 2023.

23.     Defendants hired Plaintiff Green in approximately September 2022.

24.     Plaintiff Green's employment with Defendants ended in approximately April 2023.

25.     Defendants hired Plaintiff Lee in approximately April 2022.

26.     Plaintiff Lee's employment with Defendants ended in approximately May 2023.

27.     During the relevant period, Defendants employed other similarly situated servers and bartenders ("Servers") at the Restaurant.

28.     At all relevant times, Plaintiffs and other Servers were "employees" of Defendants as that term is used in 29 U.S.C. § 203(e)(1).

29.     At all relevant times, Defendants employed, and/or continues to employ, Plaintiffs and other Servers within the meaning of the FLSA.

30.     Plaintiffs and other Servers employed by Defendant were similarly situated, with similar job duties and responsibilities, and with similar pay structures.

31.     At all relevant times, Plaintiffs and other Servers were non-exempt employees for Defendants.

**C. Defendants Denied Plaintiffs and other Servers Earned Wages.**

32.     At all relevant times, Defendants paid Plaintiffs and other Servers either no wage or a tip credit wage (less than minimum wage) for all hours worked at the Restaurant.

33.     Federal law permits Defendants to pay employees less than the minimum wage so long as they are working a tipped occupation and able to earn tips.

**1. Plaintiffs and other Servers' Improperly Withheld Tips.**

34.     Defendants improperly deducted a portion of Plaintiffs and other Servers' tips for a tip pool but retained a portion of the tips for the Restaurant and/or management.

35.     Defendants improperly required Plaintiffs and other Servers to pay the Restaurant a portion of their tips.

36.     Defendants willfully and/or deliberately withheld Plaintiffs' and other Servers' tips in violation of the FLSA.

37.    Defendants maintained records of gross sales and tips that Plaintiffs' and other Servers' earned at the Restaurant.

## 2. **Wage claims for non-customer service duties.**

38.    Federal law prohibits Defendants from utilizing the tip credit when requiring employees to perform non-tip-producing tasks that are not contemporaneous with tip-producing activities or are not for reasonable times immediately before or after performing contemporaneous tipped activities.

39.    While employed as a server, Plaintiffs and other Servers were routinely assigned opening and closing duties that included non-tipped, maintenance-type, food prep, cleaning, and non-customer service duties while employed by Defendants.

40.    These opening and closing duties were not contemporaneous with customer service, were substantial, and amounted to a separate, non-tipped occupation.

41.    These opening and closing duties were not contemporaneous with customer service duties.

42.    These opening and closing duties were performed both before and after customer service and for extensive periods of time that were not reasonable times immediately before or after tipped activities.

43.   Plaintiffs and other Servers' opening and closing server duties extended to the entire restaurant beyond areas where they served customers.

44.   Plaintiffs' and other Servers' mandatory opening and closing server duties consumed a substantial portion of the workday, were more than "part of the time" that Plaintiffs and other Servers worked, were for times longer than a few minutes, and longer than de minimis time periods.

45.   The opening duties were not tipped duties and were required to be performed for extensive and unreasonable periods of time before serving customers and before the restaurant opened.

46.   The closing duties were not tipped duties and were required to be performed for extensive and unreasonable periods of time after serving customers and after the restaurant closed.

47.   Such opening and closing duties included, but were not limited to: extensive cleaning throughout the Restaurant and in areas unrelated to server stations; cleaning under tables and booths; cleaning the server alley and to-go station; cleaning and restocking the bar area; restock silverware and condiments; cleaning trays and chairs.

48.   There was a clear dividing line between Plaintiffs and other Server's customer service duties and Plaintiffs and other Server's non-customer service,

opening and closing duties, particularly because extensive non-customer service duties were required before and after the restaurant was open, and before Plaintiffs and other Servers were assigned a customer and after Plaintiffs and other Servers' customers were served.

49.     While employed as a server and serving customers, Plaintiffs and other Servers were routinely assigned contemporaneous duties that included non-tipped, maintenance-type, managerial, food prep, cleaning and non-customer service duties while employed by Defendants.

50.     Plaintiffs and other Server's non-serving duties accounted for over 20% of their time working at the Restaurant on any workday.

51.     The contemporaneous duties were not tipped duties and were required to be performed for extensive and unreasonable periods of time during Plaintiffs and other Server's shift.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS**
**UNPAID WAGES**

52.     At all relevant times, Defendants were Plaintiffs' employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53.     At all relevant times, Defendants employed Plaintiffs within the

meaning of the FLSA.

54.     At all relevant times, Defendants improperly withheld Plaintiffs' and other Servers' tips in violation of the FLSA.

55.     At all relevant times, Defendants improperly took a tip credit against Plaintiffs' and other Servers' wages.

56.     At all relevant times, Defendants failed to compensate Plaintiffs and other Servers at the applicable federal minimum wage.

57.     As a result of Defendant's willful failure to pay Plaintiffs and other Servers the appropriate wage, Defendant violated the FLSA, 29 U.S.C. §§ 206 and 215(a).

58.     Defendants' conduct of failing to pay minimum wage constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59.     Due to Defendants' FLSA violations, Plaintiffs and other Servers were damaged and are entitled to recover from Defendants compensation for unpaid minimum wage; improperly withheld tips; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs demands a trial by jury and request that this Court grant the following relief against Defendants:

10

A.     Award of all unpaid wages, including but not limited to, all unpaid minimum wage compensation and improperly withheld tips, due under the FLSA to Plaintiffs;

B.     Award of liquidated damages to the Plaintiffs;

C.     Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

D.     Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this August 24, 2023.

**HALL & LAMPROS, LLP**

/s/ *Gordon Van Remmen*
Gordon Van Remmen
Georgia Bar No. 215512
Meredith Carter
Georgia Bar No. 325422

300 Galleria Parkway,
Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile

11

gordon@hallandlampros.com
meredith@hallandlampros.com

*Attorneys for Plaintiffs*

Plaintiffs' counsel certify that this complaint is in 14-point Times New Roman font.