IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNUM LIFE INSURANCE ) <br> COMPANY OF AMERICA ) <br> ) <br>     Plaintiff ) <br> ) CIVIL ACTION FILE NUMBER <br> v. ) <br> )_____ <br> IAN RAPAPORT ) <br> ) <br>     Defendant ) | |

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS

Now comes Plaintiff Unum Life Insurance Company of America ("Unum Life") and for its Complaint against Defendant Ian Rapaport herein alleges:

### Parties

1.

Unum Life is an insurance company organized and existing under the laws of the State of Maine with its principal place of business in Portland, Maine. and is authorized to do business in the State of Georgia.

2.

Defendant Rapaport is a citizen of the State of Georgia who resides in Fulton County, Georgia, and is subject to the jurisdiction of this Court.

## Jurisdiction and Venue

3.

In this action, Unum Life seeks to recover funds that were mistakenly overpaid to Rapaport pursuant to his claim for life insurance benefits under the Thomson Reuters Holdings, Inc. Plan ("the Plan"), which is an employee welfare benefit plan sponsored and maintained by Thomson Reuters Holdings, Inc. ("Thompson Reuters") and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*.

4.

Life insurance benefits under the Plan are funded by a group policy of insurance ("the Group Policy") issued by Unum Life.

5.

Unum Life is a claim fiduciary for the Plan with discretionary authority to interpret Plan provisions and determine eligibility for Plan benefits.

6.

This is an action by a fiduciary, pursuant to 29 U.S.C. § 1132(a)(3), to enjoin a violation of the provisions of the Plan and to obtain other equitable relief to redress such violation and to enforce the provisions of the Plan.

7.

This Court has original federal question jurisdiction under ERISA.

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 29 U.S.C. § 1132(e)(2).

**Facts**

9.

Rapaport was married to Allison Coplein ("the Decedent"), who was employed by Thomson Reuters, was participant in the Plan, and was covered under the Group Policy for basic life insurance coverage in the amount of 1 times her annual earnings, or $154,000 ("the Basic Life Coverage").

10.

The Decedent also elected coverage under the Group Policy for accidental death and dismemberment ("AD&D") coverage in the amount of 4 times her annual earnings, or $616,000 ("the AD&D Coverage").

11.

The Decedent designated Rapaport as the beneficiary of the Basic Life Coverage and the AD&D Coverage.

12.

The Decedent did not elect to enroll for supplemental life insurance coverage under the Plan.

13.

Thomson Reuters and/or its third-party administrator, Alight, is responsible for maintaining benefits enrollment information for employees of Thomson Reuters.

14.

The Plan provides for waiver of premium payments for a participant's life insurance coverage if she is under 60 years old and is disabled for 6 months.

15.

The Decedent became disabled on or about November 18, 2020, and subsequently made a claim for Life Insurance Premium Waiver benefits under the Plan.

16.

In connection with the Decedent's claim for Life Insurance Premium Waiver benefits, Unum Life requested enrollment confirmation of in force coverage for the Decedent from Thomson Reuters, including confirmation of whether the Decedent had elected supplemental life insurance coverage.

17.

Alight, on behalf of Thomson Reuters, provided an enrollment confirmation statement which Unum Life misunderstood to confirm $154,000 for the Basic Life Coverage and $616,000 in supplemental life coverage (which was actually the AD&D Coverage for which no Life Insurance Premium Waiver benefit was available).

18.

Unum Life approved the Decedent's claim for Life Insurance Premium Waiver benefits as of October 14, 2021.

19.

The Life Insurance Premium Waiver benefit does not apply to the AD&D Coverage.

20.

The Decedent passed away on April 7, 2022, due to malignant neoplasm of the appendix.

21.

Rapaport made a claim for life insurance Plan benefits on or about April 8, 2022 and asked for the benefits to be directly deposited into his bank account.

22.

Because Unum Life had approved the Decedent's Life Insurance Premium Waiver claim, Unum Life did not complete another eligibility review when Rapaport made his claim for life insurance Plan benefits.

23.

Rapaport provided Unum Life with a copy of the Decedent's Georgia Death Certificate on April 18, 2022, and Unum Life subsequently approved Rapaport's claim.

24.

On or about April 25, 2022, Unum Life deposited $772,025.21 into Rapaport's bank account.

25.

On April 27, 2022, Rapaport contacted Thomson Reuters to report that the amount of life insurance benefits he received was much greater than he expected.

26.

In turn, Thomson Reuters contacted Unum Life to inquire about the benefit amount and informed Unum Life that the Decedent had never elected supplemental life insurance coverage.

27.

Rapaport contacted Unum Life by telephone on April 28, 2022 for an explanation of the overpayment. Unum Life advised Rapaport that the enrollment information was misinterpreted during the review of the Decedent's claim for Life Insurance Premium Waiver benefits such that the Decedent's AD&D Coverage was interpreted as supplemental life insurance coverage.

28.

Rapaport suggested that he could not understand what had happened. However, Rapaport is an attorney with extensive experience related to insurance law and also has experience working as an insurance executive.

29.

By letter dated April 28, 2022, Unum Life confirmed to Rapaport in writing that Plan benefits and interest had been overpaid to him in the amount of $617,620.15 and requested that he reimburse the overpaid benefits within 30 days.

30.

The Plan documents provide that Unum Life "has the right to recover any overpayments due to: fraud; and any error Unum [Life] makes in processing a claim." The Plan language further provides: "You must reimburse us in full. We will determine the method by which the repayment is to be made."

31.

Despite Unum Life's multiple subsequent written requests to and telephone conversations with Rapaport requesting reimbursement of the overpaid Plan benefits, Rapaport has willfully and intentionally failed to reimburse Unum Life for the overpaid Plan benefits to date.

32.

On information and belief, Rapaport has not dissipated the overpaid Plan benefits on non-traceable items.

**Count One**

**Claim for Reimbursement/Enforcement of Plan Provisions**

33.

Unum Life realleges and incorporates the allegations in Paragraphs 1 through 32 above as if set forth herein verbatim.

34.

Rapaport was bound by the terms of the Plan, which was in effect at all times relevant to this Complaint.

35.

Under the terms of the Plan, Rapaport was required to reimburse the Plan for any overpayments due to any error Unum Life made in processing the Decedent's

Life Insurance Premium Waiver claim and Rapaport's claim for life insurance Plan benefits.

36.

Despite repeated requests, Rapaport has failed to reimburse the overpaid Plan benefits.

37.

As a direct and proximate cause of Rapaport's violation of the Plan's terms, Unum Life is entitled to recoupment of the overpaid Plan benefits in the amount of $616,000, plus interest in the amount of $1,620.15, costs, and reasonable attorney's fees under 29 U.S.C. § 1132(g)(1).

## Count Two

### Claims for Unjust Enrichment under 29 U.S.C. § 1132(a)(3)

38.

Unum Life realleges and incorporates the allegations in Paragraphs 1 through 37 above as if set forth herein verbatim.

39.

On or about April 25, 2022, Rapaport was mistakenly paid $616,000 in supplemental life insurance benefits for which the Decedent was not enrolled, plus interest, amounting to an overpayment of $617,620.15

40.

Rappaport was not entitled to receive Plan benefits for which the Decedent was not enrolled and for which no premiums were paid.

41.

Rappaport knew he was not entitled to retain the overpaid Plan benefits at the time he received them.

42.

Rapaport has no lawful claim to the overpaid Plan benefits.

43.

Despite due demand, Rapaport has failed and refused to reimburse Unum Life for the overpaid Plan benefits.

44.

As a direct and proximate result of Rapaport's wrongful conduct, Unum Life is entitled to restitution in the amount of $616,000, plus interest in the amount of $1,620.15, costs, and reasonable attorney's fees under 29 U.S.C. § 1132(g)(1).

## Count Three

**Claim for Equitable Lien or Constructive Trust**

45.

Unum Life realleges and incorporates the allegations in Paragraphs 1 through

44 above as if set forth herein verbatim.

46.

The Plan documents specifically identify a particular fund from which the Plan may recover and specify the portion of that fund to which the Plan is entitled.

47.

Unum Life is entitled to have an equitable lien or constructive trust imposed on funds belonging to the Plan in Rapaport's possession, or to assets traceable to those funds.

**Count Four**

**Attorney's Fees under 29 U.S.C. § 1132(g)(1)**

48.

Unum Life realleges and incorporates the allegations in Paragraphs 1 through 47 above as if set forth herein verbatim.

49.

Rapaport has acted in bad faith, an award of attorney's fees will deter other persons from engaging in such conduct under similar circumstances, and this action seeks to benefit all participants and beneficiaries of the Plan by obtaining the return of Plan assets.

50.

Accordingly, under 29 U.S.C. § 1132(g)(1), Rapaport is liable to Unum Life for reasonable attorney's fees and costs of this action to obtain the return of Plan assets.

WHEREFORE, Plaintiff Unum Life Insurance Company of America respectfully prays:

(a) That this Court grant judgment in favor of Unum Life on its equitable claims for enforcement of the Plan's provisions and unjust enrichment;

(b) That this Court grant Unum Life its attorney's fees and costs for this action pursuant to 29 U.S.C. § 1132(g);

(c) That this Court impose a constructive trust on the overpaid Plan benefits in Rapaport's possession or traceable to other assets; and

(d) That this Court grant such other and further relief as this Court deems just and appropriate.

This 24th day of August, 2023.

s/ *Nikole M. Crow*
Nikole M. Crow
Georgia Bar No. 198359

WOMBLE BOND DICKINSON (US) LLP
271 17th Street, N.W., Suite 2400
Atlanta, Georgia 30363-1017

(404) 872-7000 (telephone)
(404) 888-7490 (facsimile)
nikole.crow@wbd-us.com

                                        s/ *Jason D. Wyman*
                                        Jason D. Wyman
                                        Georgia Bar No. 871980

WOMBLE BOND DICKINSON (US) LLP
550 South Main Street, Suite 400
Greenville, South Carolina 29601
(864) 255-5400 (telephone)
(864) 255-5440 (facsimile)
jason.wyman@wbd-us.com

                                        Attorneys for Defendant Unum Life
                                        Insurance Company of America