# EXHIBIT "B"

ID# ERKSQSZLX-PXQ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-3029

AUG 24, 2023 10:55 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

PAUL REYNOLDS, SR.,

    Plaintiff,

v.

ARMSTRONG TRANSPORTATION
SERVICES LLC, JERRY ARMSTRONG,
BENCHMARK INSURANCE COMPANY
AND JOHN DOES 1-5,

    Defendants.

CIVIL ACTION FILE
NUMBER  23-A-3029

**THESE DEFENDANTS
DEMAND A JURY OF 12.**

## DEFENDANTS ARMSTRONG TRANSPORTATION SERVICES LLC, JERRY ARMSTRONG, AND BENCHMARK INSURANCE COMPANY'S ANSWER

Defendants Armstrong Transportation Services LLC, Jerry Armstrong, and Benchmark Insurance Company answer the Complaint for Damages and show the Court as follows.

### FIRST DEFENSE

Plaintiff failed to properly or sufficiently serve Defendants Armstrong Transportation and Armstrong with the Summons and Complaint for Damages.

### SECOND DEFENSE

This Court lacks personal jurisdiction and venue over Defendants Armstrong Transportation and Armstrong.

### THIRD DEFENSE

Defendant Benchmark is not subject to direct action, is not a real party in interest, and this Court lacks venue over it.



## FOURTH DEFENSE

## JURISDICTION AND VENUE

1.

These Defendants admit Defendant Armstrong Transportation is a North Carolina limited liability company, its principal place of business is in North Carolina, all of its members are citizens and are domiciled in North Carolina, Plaintiff may serve its registered agent, Patricia Armstrong, at 11306 Coreopsis Road, Charlotte, North Carolina 28213, and the Court has subject matter jurisdiction, but deny the remaining allegations.

2.

These Defendants admit Defendant Benchmark is a Kansas foreign insurance company organized as a corporation, its principal place of business is 150 Lake Street West, Wayzata, Minnesota, 55391, Plaintiff properly and sufficiently served Defendant Benchmark with the Summons and Complaint through its registered agent C T Corporation System, 2 Sun Court, Suite 400, Peachtree Corners, Georgia  30092, the Court has subject matter jurisdiction, and personal jurisdiction over it, but deny the remaining allegations.

3.

These Defendants admit Defendant Armstrong is a citizen and domicile of North Carolina, he resides at 11306 Coreopsis Road, Charlotte, North Carolina 28213, the Court has subject matter jurisdiction, but deny the remaining allegations.

4.

These Defendants admit Defendant Benchmark issued motor carrier liability policy number FLCA-1926-01120 to named insured Armstrong Transportation Services, LLC and the Policy was in effect August 21, 2022, but deny the remaining allegations.

5.

These Defendants admit Georgia law provides for the joining of an insurance carrier under certain circumstances as set forth in O.C.G.A. §§ 40-1-112(c) and 40-2-140, but denies the remaining allegations.

6.

These Defendants admit Defendant Benchmark is responsible for any judgment that meets the declarations, limits, conditions, declarations, exclusions, endorsements, and payments under the Policy, but deny the remaining allegations.

7.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.

These Defendants admit Plaintiff was a resident and domicile of Georgia when Plaintiff filed the Complaint, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**FACTS**

9.

These Defendants incorporate by reference herein their responses to paragraphs 1 through 8 of the Complaint for Damages.

10.

These Defendants admit Defendant Armstrong was the owner of Defendant Armstrong Transportation,  was operating the tractor-trailer in the scope of his employment with Defendant Armstrong Transportation at the time of the collision, and *respondeat superior* applies to

Plaintiff's negligence claims against Defendants Armstrong and Armstrong Transportation, but deny the remaining allegations.

11.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, Plaintiff told investigating Cobb County Police Officer M. J. Turner he had no injuries and refused medical treatment,

```
into the back of vehicle #2. Driver number #1 stated he had no injuries and refused
medical treatment.
```

| | Name (Last, First): REYNOLDS, PAUL EDWARD | | | | Address | 2560 DELK RD SE B5 MARIETTA, GA, 30067-6355 | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2 | Age: 55 | Sex: M | Unit #: 2 | Position: 1 | Safety Eq: 3 | Ejected: 1 | Extricated: 2 | Air Bag: 2 | Injury: 0 | Taken for Treatment: 2 |
| | Injured Taken To: | | By: | | EMS Notified Time (Fatality Only): | EMS Arrival Time (Fatality Only): | | Hospital Arrival Time (Fatality Only): | |

are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations about Plaintiff's injuries, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

12.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

13.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

14.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

15.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

16.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

17.

These Defendants deny the allegations in paragraph 17.

18.

These Defendants admit Defendant Armstrong was the owner of Defendant Armstrong Transportation,  was operating the tractor-trailer in the scope of his employment with Defendant Armstrong Transportation at the time of the collision, and *respondeat superior* applies to Plaintiff's negligence claims against Defendants Armstrong and Armstrong Transportation, but deny the remaining allegations.

19.

These Defendants deny the allegations in paragraph 19.

20.

These Defendants deny the allegations in paragraph 20.

21.

These Defendants deny the allegations in paragraph 21.

22.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

23.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

## COUNT I – NEGLIGENCE PER SE

26.

These Defendants incorporate by reference herein their responses to paragraphs 1 through 25 of the Complaint for Damages.

27.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

28.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

29.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

30.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

31.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

32.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

## COUNT II – NEGLIGENCE

33.

These Defendants incorporate by reference herein their responses to paragraphs 1 through 32 of the Complaint for Damages.

34.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

35.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

36.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

37.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

39.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

## **DAMAGES**

40.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.

These Defendants deny the allegations in paragraph 43.

44.

These Defendants deny the allegations in paragraph 44.

45.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

46.

These Defendants admit Defendant Armstrong is responsible for contacting the rear of Plaintiff's 2020 Dodge Ram pickup truck at very low speed on the Interstate 75 South on ramp to

Interstate 285 east in Cobb County, Georgia August 21, 2022, but reserve the issues of proximate cause and damages, and deny the remaining allegations.

47.

These Defendants deny all allegations in paragraphs 1 to 46 of the Complaint for Damages they did not specifically admit.

WHEREFORE, having fully answered all allegations in paragraphs 1 to 46 of the Complaint for Damages, these Defendants respectfully request judgment consistent with the Law.

**THESE DEFENDANTS DEMAND A JURY OF 12.**

DENNIS, CORRY, SMITH & DIXON, LLP

/s/ *Grant B. Smith*
GRANT B. SMITH, ESQ.
Georgia bar number 658345
For the Firm
Attorney for Defendants Armstrong Transportation Services, LLC, Jerry Armstrong, and Benchmark Insurance Company

900 Circle 75 Parkway, Suite 1400
Atlanta, Georgia 30339
(404) 364-4503
Gbs@dcplaw.com
KMoore@dcplaw.com

## CERTIFICATE OF SERVICE

I electronically filed **DEFENDANTS ARMSTRONG TRANSPORTATION SERVICES LLC, JERRY ARMSTRONG, AND BENCHMARK INSURANCE COMPANY'S ANSWER** with the Clerk of Court using the PeachCourt eFiling system which will send notification of such filing to the following:

> Terrence R. Bethune, Esq.
> Bethune Law Firm, LLC
> 2890 Piedmont Road, N.E.
> Atlanta, Georgia 30305

I served the document by United States mail in a properly-addressed envelope with adequate postage thereon, to the following non-PeachCourt eFiling participants:  None.

This 24th day of August, 2023.

/s/ *Grant B. Smith*
GRANT B. SMITH, ESQ.
For the Firm

2117-14683(GBS)

-12-

## CERTIFICATE OF SERVICE

I electronically filed **DEFENDANTS ARMSTRONG TRANSPORTATION SERVICES, LLC, JERRY ARMSTRONG, AND BENCHMARK INSURANCE COMPANY'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

    Terrence R. Bethune, Esq.
    Bethune Law Firm, LLC
    2890 Piedmont Road, N.E.
    Atlanta, Georgia 30305

I also mailed by United States Postal Service the document to the following non-CM/ECF participants:  None.

This 24th day of August, 2023.

                              /s/ *Grant B. Smith*
                              GRANT B. SMITH, ESQ.
                              For the Firm

524-14314(GBS)