# EXHIBIT "A"

**STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

ID# E-MFWAVMVL-YDL
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**23-A-3031**
JUL 14, 2023 10:19 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER  23-A-3031

$198.00 COST PAID

Reynolds, Jr., Paul

**PLAINTIFF**

VS.

Armstrong Transportation Services LLC
Benchmark Insurance Company
Armstrong, Jerry
Does (1-5), John

**DEFENDANTS**

**SUMMONS**

TO: ARMSTRONG, JERRY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Terrence Bethune**
**Bethune Law Firm**
**2890 Piedmont Road NE**
**Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 14th day of July, 2023.**

Clerk of State Court




Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-MFWAVMVL-XVD
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-3031**

JUL 14, 2023 10:19 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  23-A-3031

$198.00 COST PAID

Reynolds, Jr., Paul

**PLAINTIFF**

VS.

Armstrong Transportation Services LLC
Benchmark Insurance Company
Armstrong, Jerry
Does (1-5), John

**DEFENDANTS**

### SUMMONS

TO: BENCHMARK INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Terrence Bethune**
> **Bethune Law Firm**
> **2890 Piedmont Road NE**
> **Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 14th day of July, 2023.**

Clerk of State Court




Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



**ID# E-MFWAVMVL-MPQ**
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-3031**

**JUL 14, 2023 10:19 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  23-A-3031

$198.00 COST PAID

Reynolds, Jr., Paul

**PLAINTIFF**

VS.

Armstrong Transportation Services LLC
Benchmark Insurance Company
Armstrong, Jerry
Does (1-5), John

**DEFENDANTS**

## SUMMONS

TO: ARMSTRONG TRANSPORTATION SERVICES LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Terrence Bethune**
> **Bethune Law Firm**
> **2890 Piedmont Road NE**
> **Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 14th day of July, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



**ID# E-H5DEWRDE-YWB**
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-3031**

*Robin C. Bishop*
C. Bishop, Clerk of State Court
Cobb County, Georgia

JUL 25, 2023 04:34 PM

## AFFIDAVIT OF SERVICE

| Case: 23-A-3031 | Court: State Court of Cobb County | County: Cobb, GA | Job: 9191102 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Paul Reynolds, Jr. | | **Defendant / Respondent:** Armstrong Transportation Services LLC, Jerry Armstrong, Benchmark Insurance Company and John Does (1-5) | |
| **Received by:** CGA Solutions | | **For:** Bethune Law | |
| **To be served upon:** Benchmark Insurance Company c/o Corporation Service Company, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Alisha Smith, Corporation Service Company: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092
**Manner of Service:** Registered Agent, Jul 25, 2023, 10:33 am EDT
**Documents:** Summons, Complaint for Damages, Plaintiff's First Interrogatories and Request for Production of Documents to Defendant, Plaintiff's First Request for Admissions to Defendant, Plaintiff's First Interrogatories and Request for Production of Documents to Defendant, Notice of Videotaped 30(B)(6) Deposition of Defendant Armstrong Transportation Services LLC, Notice of Videotaped Deposition of Defendant Jerry Armstrong, General Civil and Domestic Relations Case Filing Information Form (Received Jul 14, 2023 at 12:47pm EDT)

**Additional Comments:**
1) Successful Attempt: Jul 25, 2023, 10:33 am EDT at Corporation Service Company: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092 received by Alisha Smith.
CSC Coordinator

_____     7-25-23
Thomas David Gibbs III              Date

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
Notary Public

7-25-23                   12-27-24
Date                      Commission Expires

(Notary Seal: AMY MERAZ, NOTARY PUBLIC, COUNTY OF GEORGIA)

ID# E-MFWAVMVL-HCT
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-3031

JUL 14, 2023 10:19 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| PAUL REYNOLDS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| vs. | ) | |
| | ) | |
| ARMSTRONG TRANSPORTATION SERVICES LLC, JERRY ARMSTRONG, BENCHMARK INSURANCE COMPANY AND JOHN DOES (1-5), | ) ) ) ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff in the above-styled action, and hereby files this Complaint for Damages against Defendants Armstrong Transportation Services LLC, Jerry Armstrong, Benchmark Insurance Company and John Does (1-5) as follows:

### JURISDICTION AND VENUE

1.

Defendant Armstrong Transportation Services LLC (hereinafter referred to as "ARMSTRONG TRANSPORTATION" or "Defendant") is a limited liability company with its principal place of business in North Carolina. Defendant ARMSTRONG TRANSPORTATION may be served c/o its Administrative Member at its designated place of service: Ms. Patricia Armstrong, 11306 Coreopsis Road, Charlotte, North Carolina 28213. ARMSTRONG TRANSPORTATION is subject to the jurisdiction and venue of this Court..

2.

Defendant Benchmark Insurance Company (hereinafter referred to as "Benchmark") is a foreign insurance company with a principle office in Minnesota. Defendant Benchmark may be served c/o its Registered Agent at its designated place of service: Corporation Service Company,



2 Sun Court, Suite 400, Peachtree Corners, GA 30092. Benchmark is subject to the jurisdiction and venue of this Court.

3.

Defendant Jerry Armstrong (hereinafter referred to as "Jerry" or "Defendant") is a resident of North Carolina, residing at 11306 Coreopsis Road, Charlotte, North Carolina 28213, subject to the jurisdiction and venue of this Court pursuant to the Georgia long-arm statute, per O.G.G.A. §§ 9-10-91 and 40-12-3.

4.

At the time of the wreck that forms the basis of this lawsuit, Defendant Benchmark provided a policy of liability insurance on behalf of Jerry and/or ARMSTRONG TRANSPORTATION , the same being policy of insurance number FLCA192600353. Said policy was in full force and effect on August 21, 2022.

5.

Benchmark  is subject to suit by direct action pursuant to the provisions of Georgia's Direct Action Statute, O.C.G.A. §§ 40-1-112, 40-2-140, and/or its predecessor, O.C.G.A. § 46-7-12.

6.

Pursuant to the terms and conditions of the above-referenced policy of insurance and applicable Georgia law, Defendant Benchmark is liable to Plaintiff and responsible for payment of damages sustained by Plaintiff as a result of the negligent acts and/or omissions of Defendant Doe, and/or ARMSTRONG TRANSPORTATION.

7.

The true names or capacities of Defendants named herein as John Does 1-5, [hereinafter collectively referred to as "John Does"] are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint for Damages to show said John Does' true names and service addresses when the same have been ascertained. Plaintiff identifies John Does 1-5 as either joint tortfeasors or possible additional liable parties. Plaintiff alleges on information and belief that John Does are in some manner responsible for the acts or omissions alleged herein.

8.

Plaintiff is, and at all times material to this action, a resident of the State of Georgia.

## **FACTS**

9.

The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 8 above as if they were fully restated verbatim herein.

10.

On August 21, 2022, Defendant Jerry was owner, employee and agent acting within the course and scope of his employment at all times for ARMSTRONG TRANSPORTATION and/or John Does (1-5). All Defendants are jointly and severally liable and Defendant ARMSTRONG TRANSPORTATION and/or John Does (1-5) is liable for the actions of Defendant Jerry under the theories of Respondeat Superior, vicarious liability, and agency principles.

11.

On August 21, 2022, Plaintiff was injured due to a collision that occurred on the I-285 / I-75 Ramp in Cobb County, Georgia. Defendant Jerry was operating a 2015 Freightliner on behalf of ARMSTRONG TRANSPORTATION, and failed to pay attention to conditions in the roadway and was following too closely. Suddenly and without warning, Defendant Jerry caused an unavoidable rear-end collision with Plaintiff, injuring Plaintiff.

12.

Defendant Jerry's negligence included, but is not limited to, one or more of the following: Following Too Closely (O.C.G.A. section 40-6-49), failure to exercise due care, negligently causing a collision in the roadway, negligently failing to keep a proper lookout, negligently failing to maintain his vehicle under proper control, negligently failing to use or sound a signal or warning, negligently failing to make timely and proper application of brakes, and other negligent acts that may be proven at trial.

13.

Defendant Jerry failed to operate his vehicle with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff.

14.

Defendant Jerry is at fault for causing the collision at issue.

15.

Defendant Jerry's actions constituted negligence in operating his vehicle contrary to the reasonable and safe conditions and circumstances then existing.

16.

Defendant Jerry's actions constituted negligence by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Plaintiff.

17.

Defendants were negligent in failing to properly inspect their equipment and the subject vehicle before its operation, and negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

18.

At the time of the subject incident, Defendant Jerry was acting at the direction and under the control of Defendant ARMSTRONG TRANSPORTATION and/or John Does (1-5), was an owner, agent and employee of ARMSTRONG TRANSPORTATION and/or John Does (1-5) operating the subject vehicle in the course and scope of his ownership and/or employment with Defendants and in the furtherance of Defendants' business, and with Defendants' permission.

19.

Defendants ARMSTRONG TRANSPORTATION and/or John Does (1-5) negligently hired, supervised, trained, and retained Defendant Jerry and negligently entrusted Jerry with the responsibility of operating a motor vehicle.  Defendant ARMSTRONG TRANSPORTATION and/or John Does (1-5) negligently failed to implement and utilize proper procedures to evaluate Defendant Doe's skills and expertise for the operation of said motor vehicle.

20.

Because Defendant ARMSTRONG TRANSPORTATION and/or John Does (1-5) had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence

discussed herein and the dangerous condition(s) created by its actions, Defendant ARMSTRONG TRANSPORTATION and/or John Does (1-5) are liable for the negligent supervision, hiring, training, and retention or its management, owners, agents, employees and the entrustment of said motor vehicle to said management, owners, agents and employees.

21.

Defendant ARMSTRONG TRANSPORTATION and/or John Does (1-5) were negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including, but not limited to, Plaintiff.

22.

Defendants failed to adhere to pertinent aspects of Georgia Motor vehicle laws and regulations.

23.

Plaintiff did nothing to cause or contribute to the collision.

24.

Plaintiff exercised ordinary care and diligence at all times herein and under the circumstances then existing.

25.

Plaintiff did not assume the risk of his injuries.

**COUNT I – NEGLIGENCE PER SE**

26.

The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 above as if they were fully restated verbatim herein.

27.

Defendants are negligent per se because (1) the acts of the Defendants were in violation of Georgia laws regarding the operation of motor vehicles, (2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation, (3) Plaintiff was a member of the class intended to be protected by said laws, and (4) the violation of said laws proximately caused Plaintiff's injuries.

28.

Defendant Jerry's negligence included, but is not limited to, one or more of the following: Following Too Closely (O.C.G.A. section 40-6-49), requiring a driver to drive his vehicle in a manner so as to not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

29.

Defendant Jerry failed to maintain a safe distance away from Plaintiff's vehicle and and/or to keep a proper lookout and crashed his truck into Plaintiff's vehicle.

30.

Defendant Jerry violated O.C.G.A. § 40-6-49 and is negligent per se.

31.

Defendant Jerry's negligence was a cause in fact and the sole proximate cause of the collision and Plaintiff's injuries and damages.

32.

Plaintiff did nothing to cause or contribute to the collision and his injuries and damages.

## COUNT II – NEGLIGENCE

33.

The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 above as if they were fully stated verbatim herein.

34.

At all times, Defendants owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendants did violate them when Defendant Jerry caused a vehicle collision in the following particulars:

a. In failing to make reasonable and proper observations while driving his vehicle; or, if reasonable and proper observations were made, failing to act thereon;

b. In following too closely in violation of O.C.G.A. section 40-6-49;

c. In failing to make timely and proper application of his brakes in violation of O.C.G.A. section 40-6-241;

d. In failing to observe or undertake the necessary precautions to keep his vehicle from colliding with Plaintiff's vehicle in violation of O.C.G.A. section 40-6-390;

e. In failing to keep his vehicle under control at all times in violation of O.C.G.A. section 40-6-390;

f. In driving his vehicle without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity, in violation of O.C.G.A. section 40-6-241;

g. In driving his vehicle in a reckless disregard for the safety of persons and/or property, in violation of O.C.G.A. section 40-6-390;

h.  In driving his vehicle and causing serious bodily injury, in violation of O.C.G.A. section 30-6-394;

i.  In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

35.

Defendant Jerry was negligent for failure to exercise due care; not keeping a proper lookout of Plaintiff's vehicle; and following too closely, which caused him to lose control of the tractor trailer he was operating on behalf of ARMSTRONG TRANSPORTATION and crash into Plaintiff's vehicle.

36.

Defendant Jerry's negligence was the sole proximate cause of the collision and Plaintiff's injuries and damages.

37.

Plaintiff did nothing to cause or contribute to the collision and his injuries and damages.

38.

The injuries sustained by Plaintiff are the direct and proximate result of negligence on the part of the Defendant. But for the Defendant's negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

39.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendant and one or more or all of said herein above stated acts were the proximate causes of the injuries and damages sustained by Plaintiff.

## **DAMAGES**

40.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to, all compensatory, general, special, incidental, consequential, punitive, and other damages permitted. Plaintiff states his intentions to seek all compensatory, general, special, incidental, consequential, punitive and other damages permissible under Georgia law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of capacity for the enjoyment of life;

g) Lost wages;

h) Impaired ability to labor;

i) Diminished capacity to labor;

j) Loss of earning capacity;

k) Loss of past, present and future fringe benefits;

l)  Incidental expenses;

m) Past, present and future medical expenses;

n) Permanent injuries; and

o) Consequential damages to be proven at trial.

41.

The injuries suffered by Plaintiff are continuing and permanent in nature.

42.

As a result of injury Plaintiff has incurred reasonable and necessary medical expenses believed to be in excess of $73,636.15. Plaintiff may require surgery, and may continue to incur expenses in the future, in an amount to be proven at trial.

43.

Plaintiff is entitled to an award of punitive damages from Defendants because the actions of the Defendants showed an entire want of care, which would raise the presumption of a conscious indifference to consequences. Accordingly, Plaintiff is entitled to punitive damages from the Defendants, without limitation or cap, in accordance with the enlightened conscience of an impartial jury.

44.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff unnecessary trouble and undue expenses by forcing Plaintiff to resort to the use of the court system in order to resolve his claim when there is no bona fide controversy. Thus, Plaintiff seeks to recover his necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A. section 13-6-11, as well as any other statutory or common law basis.

45.

As a result of Defendants' negligence, Plaintiff sustained bodily injuries and may require surgery; incurred medical expenses and compensatory damages; and missed time from work.

46.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff prays for a judgment to be awarded to him and against the Defendants for the following:

a. That Process and Summons be issued, as provided by law, requiring the Defendants to appear and answer the Plaintiff's Complaint, Plaintiff's First Request for Admissions to Defendants and Plaintiff's First Interrogatories and Request for Production of Documents to Defendants;

b. That service be had upon the Defendants as provided by law;

c. That Plaintiff recover the full value of his medical expenses and compensatory damages in an amount to be proven at trial by jury;

d. That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

e. That Plaintiff recover for loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

f. That Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

g. That Plaintiff be awarded all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

h. Plaintiff recover from Defendants a sum of damages to compensate him for all injuries and damages, including, but not limited to medical expenses (past, present

and future), lost wages (past, present and future), and pain and suffering (past, present and future) as aforesaid;

i. Plaintiff be awarded prejudgment interest on all damages as allowed by law;

j. Interest on the judgment be awarded at the legal rate from the date of judgment.

k. All costs of this action be taxed against Defendants; and

l. That Plaintiff recover such other and further relief as is just and proper.

This Complaint is served upon you together with Plaintiff's First Request for Admissions to Defendants; Plaintiff's First Interrogatories and Request for Production of Documents to Defendants; and Notices of Depositions to Defendants.

TRIAL BY JURY IS HEREBY DEMANDED.

This the 14th day of July, 2023.

/s/ Terrence R. Bethune

_____
Terrence R. Bethune
Georgia Bar No. 217138
Sabrina L. Zellner
Georgia Bar No. 702639
Attorneys for Plaintiff

**BETHUNE LAW FIRM, LLC**
2890 Piedmont Road NE, Atlanta, GA 30305
Phone: 404-875-7800 / Fax: 404-521-4011
tbethune@bethunelawfirm.com
szellner@bethunelawfirm.com