**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| CRESTBROOK INSURANCE COMPANY, AS SUBROGEE OF DANIEL AND MARIA CASTAN,<br><br>Plaintiff,<br><br>v.<br><br>JOMAR GROUP LTD,<br><br>Defendant. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Crestbrook Insurance Company, as subrogree of Daniel and Maria Castan, by and through its undersigned counsel, upon information and belief, hereby alleges as follows:

## THE PARTIES

1.      Plaintiff, Crestbrook Insurance Company ("Crestbrook"), is an Ohio corporation with its principal place of business at 1 W. Nationwide Boulevard, Columbus, Ohio 43215, which, at all times material hereto, was authorized to issue insurance policies in the State of Georgia.

2.      Defendant, Jomar Group Ltd ("Jomar"), is a corporation organized and existing under the laws of the State of Michigan with its principal place of

business located at 7243 Miller Drive, Warren, Michigan 48092.  Jomar may be

served with process through its registered agent, Adam Stier, 7243 Miller Drive,

Warren, Michigan 48092.

## JURISDICTION AND VENUE

3.      Jurisdiction is founded upon diversity of citizenship pursuant to 28

U.S.C. §1332 and the matter in controversy, exclusive of interest and costs,

exceeds the sum of $75,000.00.

4.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a), as

the acts and omissions that gave rise to this matter took place in this judicial

district.

## FACTUAL ALLEGATIONS

5.      At all times material hereto, Daniel and Maria Castan owned a home

located at 1055 West Wesley Road, NW, Atlanta, Georgia.

6.      At all times material hereto, Crestbrook provided property insurance

coverage to Mr. and Mrs. Castan for the property.

7.      Jomar is in the business of designing, manufacturing, distributing, and

selling plumbing fixtures throughout the United States, including the State of

Georgia.

8.      Between April of 2021 and January of 2023, Mr. and Mrs. Castan purchased a Jomar model T 412G ball valve for use in the plumbing system in their residence.

9.      A photograph of the subject ball valve's identification marking is set forth below:



10.     On or about January 17, 2023, the Jomar ball valve catastrophically split, causing water to exit the plumbing system and causing extensive water damage to the real and personal property owned by the Castans.

11.     The Jomar ball valve split and separated at threaded connections of the two halves of the valve as shown in the photograph below:



12.     The fracture was at a connection made at the time of the manufacturing of the Jomar ball valve and is not a connection tightened by the installing plumber.

13.     The Jomar ball valve is made of brass.

14.     Brass is a metal alloy consisting of primarily zinc and copper.

15.     Brass is subject to a failure mechanism known as stress corrosion cracking when the percentage of zinc in the alloy is above 15 percent.

16.     The Jomar ball valve split while operating under normal and expected water pressure because of design and manufacturing defects with the ball valve, including, but not limited to, designing and manufacturing the Jomar valve with too much zinc.

4

17.     Pursuant to its obligations under its policy, Crestbrook reimbursed its insureds in an amount in excess of $150,000.00 for the water damage caused by the failure of the Jomar valve.

18.     Under and pursuant to the terms of the policy and in accordance with the common law principles of equitable subrogation, to the extent of the payments Crestbrook has made to its insureds, Crestbrook is duly subrogated to the rights, claims and causes of action of its insureds against Jomar.

## COUNT I:  STRICT PRODUCTS LIABILITY

19.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

20.     The ball valve was not abused or altered in any way by the plaintiff's insureds from the condition in which it was manufactured and supplied by the defendant.

21.     Jomar is liable and legally responsible to the plaintiff for the damages caused by the Jomar valve failure by selling and supplying a defective product that was unreasonably dangerous in one of the following ways:

    (a)     the ball valve was defective and in unreasonably dangerous condition;

(b)     the ball valve was designed, manufactured, and sold in a condition that caused the ball valve to be at an unreasonable threat of splitting;

(c)     the ball valve was designed and manufactured in a condition that was not merchantable nor fit for the purpose for which such products are ordinarily and foreseeably used, nor did it meet the expectations of the reasonable consumer;

(d)     the ball valve was defectively designed so as to have too much zinc so as to subject the valve to stress corrosion cracking;

(e)     the ball valve was defectively manufactured so as to have too much zinc so as to subject the valve to stress corrosion cracking.

22.     The water leak and resulting water damage to the property of Mr. and Mrs. Castan was caused by the foregoing defects in the ball valve and, as a consequence, Defendant is strictly liable in tort.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant Jomar in an amount in excess of $150,000.00 with interest and the costs of this action.

6

## COUNT II:  NEGLIGENCE

23.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

24.    Jomar, as the designer, manufacturer, and distributor of the ball valve, was under a duty to exercise due care in the design and manufacturing of the ball valve.

25.    Jomar is liable and legally responsible to the plaintiff for the damages caused by the Jomar valve failure by selling and supplying a defective product that was unreasonably dangerous in one of the following ways:

>       (a)    the ball valve was defective and in unreasonably dangerous condition;

>       (b)    the ball valve was designed, manufactured, and sold in a condition that caused the ball valve to be at an unreasonable threat of splitting;

>       (c)    the ball valve was designed and manufactured in a condition that was not merchantable nor fit for the purpose for which such products are ordinarily and foreseeably used, nor did it meet the expectations of the reasonable consumer;

(d)     the ball valve was defectively designed so as to have too much zinc so as to subject the valve to stress corrosion cracking;

(e)     the ball valve was defectively manufactured so as to have too much zinc so as to subject the valve to stress corrosion cracking.

26.    The water leak and resulting water damage to the property of Mr. and Mrs. Castan was caused by the foregoing negligent acts and omissions of Jomar.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against defendant Jomar in an amount in excess of $150,000.00 with interest and the costs of this action.

PLAINTIFF DEMANDS TRIAL BY JURY AS TO EACH COUNT PLEADED.

Respectfully submitted this 24th day of August, 2023.

COZEN O'CONNOR

By:     /s/ David A. Terry
        David A. Terry
        Georgia Bar No. 051508
        1230 Peachtree Street
        Suite 400
        Atlanta, GA 30309
        Telephone:  (404) 572-2016
        Facsimile:   (404) 572-2199
        dterry@cozen.com
        *Counsel for Plaintiff*

OF COUNSEL:

William N. Clark, Jr.
Pennsylvania Bar No. 69739
*Pro Hac Vice* motion to be filed
Cozen O'Connor
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Telephone:   (215) 665-4101
Facsimile:   (215) 701-2041
wclark@cozen.com
*Counsel for Plaintiff*

9