## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. _____ |
| MICHAEL COLLIER JR.; SHAUNEETTA MATLOCK; KEOANNA COLLIER; MIA KIMBROUGH; SERETE, INC.; MEHARI SONS, LLC; and JOHN DOES 1-10; | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** NATIONWIDE GENERAL INSURANCE COMPANY ("Plaintiff"), Plaintiff in the above-styled action, and pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, *et seq.*, hereby file this Complaint for Declaratory Judgment, showing this Court as follows:

## NATURE OF THE ACTION

1.

This action brought by Plaintiff for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, *et seq.*, wherein

Plaintiff is seeking a declaration that they owe Defendant Mehari Sons, LLC ("Mehari") no duty to defend or indemnify under a businessowner's policy issued to Mehari.

## PARTIES, JURISDICTION, & VENUE

2.

Nationwide General Insurance Company ("Plaintiff") is a foreign insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio. Plaintiff is authorized to conduct business in the State of Georgia, and has a registered agent in Gwinnett County, Georgia. Plaintiff is not a citizen of Georgia for diversity purposes.

3.

Defendant Mehari Sons, LLC, ("Mehari") is a limited liability company formed under the laws of the State of Georgia. Upon information and belief, Mehari maintains a principal office located at 3923 Glenwood Road, Decatur, Georgia 30032-7028, where it may be served with process through its registered agent Wehazit Tesfamichael Mehari. Discount Food Mart ("Discount") is upon information and belief a d/b/a of Mehari Sons, LLC, and a food mart located at 3923 Glenwood Road, Decatur, Georgia 30032-7028. Discount was the location of a

shooting that is the subject of the underlying litigation. Upon information and belief, all members of Mehari Sons, LLC are residents and citizens of Georgia

4.

Defendant Serete, Inc., ("Serete"), is a domestic for-profit corporation registered to do business in the State of Georgia. It may be served process through its registered agent Worke Serete at 1202 Golden Cir., Lilburn, Georgia, 30047. For purposes of federal court jurisdiction, Serete is a resident and citizen of Georgia.

5.

Defendant Michael Collier, Jr., is a surviving child of Michael A. Collier, Sr., deceased. Upon information and belief, Michael Collier, Jr., is a resident citizen of Dekalb County, Georgia.

6.

Defendant Shauneetta Matlock is a surviving child of Michael A. Collier, Sr., deceased. Upon information and belief, Shauneetta Matlock is a resident citizen of Henry County, Georgia.

7.

Defendant Keoanna M. Collier is a surviving child of Michael A. Collier, Sr., deceased. Upon information and belief, Keoanna Collier is a resident citizen of Clayton County, Georgia.

8.

Defendant Mia Kimbrough is a surviving child of Michael A. Collier, Sr., deceased. Upon information and belief, Mia Kimbrough is a resident citizen of Gwinnett County, Georgia.

9.

John Does 1-3 are any other insurance companies that are currently unknown which may have an interest in this declaratory judgment action. John Does 4-10 are any other interested parties which are currently unknown but necessary to this action.

10.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of different states and the value of the matter in controversy, exclusive of interests and costs, exceeds the $75,000.00 jurisdictional amount. Michael Collier, Jr., Shauneetta Matlock, Keoanna Collier, and Mia Kimbrough by and through counsel have alleged to have suffered at least one million dollars in damages.

11.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) and Northern District of Georgia Local Rule 3.1(B)(1) because the Defendant Michael Collier, Jr., is upon information and belief a resident citizen of Dekalb County,

Georgia, and the underlying litigation, the subject of this Complaint, was brought in Dekalb County, Georgia.

## BACKGROUND

12.

Plaintiff Nationwide issued the Policy to Defendant Mehari Sons, LLC, ("Mehari") which provides commercial general liability insurance coverage pursuant to its terms and conditions.

13.

Defendant Mehari seeks defense and indemnity pursuant to a businessowner's policy with policy number ACP BP13200208065 issued by Nationwide General Insurance Company (the "Policy") in connection with liability claims asserted by Michael Collier, Jr., Shauneetta Matlock, Keoanna Collier, and Mia Kimbrough (collectively "Underlying Plaintiffs") in a lawsuit styled, *Michael Collier Jr., et al. v. Serete Inc., et al.*, Civil Action No. 23A00687 pending in the State Court of DeKalb County ("Underlying Lawsuit").  A true and correct copy of the Policy is attached hereto as "Exhibit A." A true and complete copy of the First Amended Complaint in the Underlying Lawsuit is attached hereto as "Exhibit B."

14.

According to the Underlying Lawsuit, Defendant Serete, Inc., ("Serete") owns the property which serves as the location of the Discount Food Mart located at 3923 Glenwood Road, Decatur, Georgia 30032 (the "Premises").  Defendant Mehari is alleged to be the tenant of the Premises and operated the Discount Food Mart. *See* Exhibit B, ¶ 5.

15.

On October 14, 2021, 61-year-old Decedent Michael Collier Sr. was involved in an altercation in the parking lot of the Discount Food Mart.  During the altercation, Decedent was shot and killed. *Id.* at ¶ 13[1].

16.

Shortly after the shooting Defendant Mehari provided video surveillance footage of the shooting to police officers.  However, Defendant Mehari did not notify Nationwide of the shooting.

---

[1] *See also* Arrest made in DeKalb convenience store shooting that killed 61-year-old man, THE ATLANTA JOURNAL CONSTITUTION, Dec. 9, 2021 (available at https://www.ajc.com/news/arrest-made-in-dekalb-convenience-store-shooting-that-killed-61-year-old-man/R76SK4WMXBB6PCHL2E2C5HBUXA/).

17.

On or about February 14, 2023, Underlying Plaintiffs (children of the Deceased) brought suit against Defendant Serete.

18.

On or about July 11, 2023, Underlying Plaintiffs filed their First Amended Complaint adding Mehari as a defendant.  Defendant Mehari was served on or about August 3, 2023.

19.

The complaint in the Underlying Litigation generally includes the following non-enumerated causes of action:  Premises Liability, Nuisance, Negligence, Negligence *Per Se*, violation of O.C.G.A. §§ 51-3-1 and 44-7-13. *See generally, Id.* The Complaint further includes demands for compensatory, special, economic, consequential, and general damages. *Id.* at 41. Mehari was allegedly negligent in their operation and allowed criminal activity to occur on the Property. *See generally, Id*.

20.

In the Underlying Lawsuit, Underlying Plaintiffs allege Defendant Mehari failed to exercise ordinary care to keep its premises safe and failed to exercise

ordinary care in the security, maintenance, and patrolling the Property. *See generally, Id*.

21.

Underlying Plaintiffs further allege the Underlying Defendants failed to warn of the dangerous condition, failed to patrol and monitor, and failed to maintain adequate security devices to permit proper use of the property. *Id.* at ¶¶ 22-24.

22.

Underlying Plaintiffs allege that Underlying Defendants are further liable for the negligent supervision, hiring, and retention of its employees and negligent entrustment of the property to its agents and employees. *Id.* at ¶ 29(f).

23.

Underlying Plaintiffs further allege that Underlying Defendants negligently represented to invitees that the Property was properly maintained and secured. *Id.* at ¶ 33.

24.

Underlying Plaintiffs allege the violent and criminal activity on the premises created a nuisance under O.C.G.A. § 41-1-3. *Id.* at ¶ 36.

25.

Defendant Mehari failed to report the incident to Plaintiff until August 14, 2023, approximately twenty-two (22) months after the shooting event.

26.

Plaintiff properly reserved its rights under the Policy. A true and complete copy of Plaintiff's reservation of rights letter is attached as Exhibit C.

### **RELEVANT POLICY PROVISIONS**

27.

The Policy's policy period is from October 19, 2020, to October 19, 2021. *See* Exhibit A at 17.

28.

The Policy provides commercial general liability insurance coverage, subject to the Policy's terms and conditions, for certain business operations at the Property. *See generally*, Exhibit A.

29.

Defendant Mehari is a named insured under the Policy. *See* Exhibit A at 18.

30.

The Policy has a liability limit of $1,000,000.00 per occurrence, and a general aggregate limit of $2,000,000.00. *See* Exhibit A at 22.

31.

**Section I – Coverages** of the Policy contains the following:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**INSURING AGREEMENT**

a. We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy.
HOWEVER, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
We may, at our sole discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

>  (1) The amount we will pay for damages is limited as described in Section III. LIMITS OF INSURANCE; and
>  (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under COVERAGES A or B or medical expenses under COVERAGE C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

Exhibit A at 72.

32.

**Section IV – Commercial General Liability Conditions** of the Policy contains the following:

## SECTION IV - LIABILITY CONDITIONS

**[…]**

   **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a. You and any insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense that may result in a claim. To the extent possible, notice should include:

    (1) How, when and where the "occurrence" or offense took place; (2) The names and addresses of any injured persons and witnesses; and
    (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

    (1) Immediately record the specifics of the claim or "suit" and the date received; and
    (2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

    (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
    (2) Authorize us to obtain records and other information;
    (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit";
    (4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply; and
    (5) Agree to be examined under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim or "suit". At our option and expense, any examination under oath may be video or audio taped as well as being

>recorded by stenographic record. In the event of an examination, an insured's answers must be signed.
>d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Exhibit A at 90-91.

33.

**Section V – Definitions** of the Policy contains the following:

**SECTION V – DEFINITIONS**

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.[…]
13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Exhibit A at 91, 93.

34.

The Businessowners Advantage with Limited Employee Dishonesty Coverage Endorsement (Form PB 20 98 01 17) modifies the notice provision of the Policy. It contains the following:

>5. Under SECTION IV. LIABILITY CONDITIONS, the following applies to paragraph 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit:
>
>Your obligation under relative to notifying us of "occurrence", offense, claim or "suit", applies only when the "occurrence", offense, claim or "suit" is known to:
>
>a. You, or your spouse, if you are an individual;

> b. You, an "executive officer", director, or stockholder, if you are a corporation;
> c. A partner, member, or their spouses if you are a partnership or joint venture;
> d. You, a member, or your managers, if you are a limited liability company;
> e. You, or a trustee, if you are a trust;
> f. An "employee" who is either designated by you to give such notice of an "occurrence" or offense (such as an insurance, loss control or risk manager or administrator) or a manager or supervisor responsible for the operation or oversight of a department, crew, business unit or division.

Exhibit A at 115.

## CLAIM FOR RELIEF

35.

Plaintiff reiterates Paragraphs 1 through 34 of this Complaint for Declaratory Judgment as if fully set forth herein.

36.

In light of the facts and circumstances surrounding the Policy, the incident described in the Underlying Lawsuit, and the Underlying Lawsuit, Plaintiff is in a position of uncertainty as to its legal rights and obligations under the Policy.

37.

Under the language of the Policy as set forth above, no coverage is owed by Plaintiff for any liability resulting from any claim or action alleged in the Underlying Lawsuit because Defendant Mehari failed to comply with the notice requirements set forth in the Policy.

38.

Specifically, Defendant Mehari knew about the existence of "an 'occurrence' or an offense that may result in a claim" on or about October 14, 2021, the date of the shooting. Defendant Mehari failed to notify Plaintiff of the claim until approximately twenty-two (22) months later on August 14, 2023.

39.

When a question arises as to insurance coverage, the Georgia Court of Appeals set forth the following procedure that an insurance company must take:

> Upon learning of facts reasonably putting it on notice that there may be grounds for noncoverage and where the insured refuses to consent to a defense under a reservation of rights, the insurer must thereupon, (a) give the insured proper unilateral notice of its reservation of rights, (b) take necessary steps to prevent the main case from going into default or to prevent the insured from being otherwise prejudiced, and (c) seek immediate declaratory relief including a stay of the main case pending final resolution of the declaratory judgment action.

*Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 219 (1976) (emphasis added). As such, an actual controversy of justiciable nature presently exists between the Plaintiff and Defendants which demands a declaration by this Court in order for Plaintiff to have its rights and duties under the Policy determined.

Accordingly, Plaintiff seeks a declaration from this Court that no duty to defend or indemnify is owed to Defendant Mehari or any other Defendants under the Policy for the Underlying Lawsuit, as outlined herein.

**WHEREFORE**, Plaintiff prays this Court enter a judgment declaring:

a) That process and summons be issued to Defendants and that service of Defendants be had as required by law;

b) For a declaratory judgment of the rights and obligations of the parties to the Policy;

c) For a declaration that there is no coverage provided under the Policy for the claims in the Underlying Lawsuit and that Plaintiff has no duty to defend any claims or actions, or pay any judgment, in the Underlying Lawsuit or arising out of the incident involving Defendants;

d) That Plaintiff be awarded its costs in this action; and,

e) That Plaintiff be awarded any other further relief that this Court deems just and proper.

This 24th day of August, 2023.

                                              Respectfully submitted,

                                              **Swift, Currie, McGhee & Hiers, LLP**

                                              By:   /s/ Lee Clayton
                                                         Lee Clayton, Esq.
                                                         Georgia State Bar No. 601004
                                                         *Attorney for Plaintiff*

1420 Peachtree Street, NE, Ste. 800
Atlanta, GA  30309
Telephone 404-874-8800
Fax 404-888-6199
lee.clayton@swiftcurrie.com

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1D, that the foregoing Complaint for Declaratory Judgment has been prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

This 24th day of August 2023.

                                        **Swift, Currie, McGhee & Hiers, LLP**

                              By:    /s/ Lee Clayton
                                          Lee Clayton, Esq.
                                          Georgia State Bar No. 601004
                                          *Attorney for Plaintiff*

1420 Peachtree Street, NE, Ste. 800
Atlanta, GA  30309
Telephone 404-874-8800
Fax 404-888-6199
lee.clayton@swiftcurrie.com

4887-6754-0602, v. 1