# EXHIBIT B

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MICHAEL COLLIER JR., SHAUNEETTA MATLOCK, KEOANNA COLLIER, and MIA KIMBROUGH, | ) ) ) ) ) | Civil Action No. 23A00687 |
| Plaintiffs, | ) ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| SERETE, INC. dba DISCOUNT FOOD MART, MEHARI SONS, LLC, DOE 1, DOE 2, DOE 3, and DOE 4 | ) ) ) ) ) | |
| Defendants. | | |

**FIRST AMENDED COMPLAINT**

Plaintiffs, the surviving children of Michael Collier Sr. (or Collier), deceased, hereby file their First Amended Complaint for damages, substituting Mehari Sons, LLC in place of Doe 5 pursuant to O.C.G.A. § 9-11-15(c) and *Bishop v. Farhat*, 227 Ga. App. 201, 202 (1997) as follows:

1.

Defendant Serete, Inc. ("Serete, Inc." or "Defendant(s)") is a domestic for-profit corporation registered to do business in the state of Georgia. It may be served through its registered agent, Worke Serete, 1202 Golden Cir., Lilburn, Georgia 30047.

2.

Jurisdiction and venue are proper as to Serete, Inc.

3.

Serete, Inc. has been properly served with process in this action.

4.

Mehari Sons, LLC is a limited liability company registered and authorized to do business in Georgia. It is the entity which operated the Discount Food Mart located at 3923 Glenwood Road, Decatur, Georgia 30032. Mehari Sons, LLC may be served thoruhg its registered agent, Wehazit Tesfamichael Mehari, at the physical address as listed on file with the Georgia Secretary of State, 3923 Glenwood Road, Decatur, Georgia 30032.

5.

According to Serete, Inc.'s response to Plaintiffs' Interrogatory 1, Mehari Sons, LLC is the tenant which operated the Discount Food Mart located at 3923 Glenwood Road, Decatur, Georgia 30032.

6.

Plaintiffs' premises liability, nuisance, negligence, and other claims against Mehari Sons, LLC asserted in this First Amended Complaint arise out of the same conduct, transactions, and occurrence set forth in Plaintiff's original Complaint.

7.

Mehari Sons, LLC was served with a copy of the summons and complaint and otherwise received such notice of the institution of this action that it will not be prejudiced by maintaining a defense on the merits within the period provided by law for commencing an action against Mehari Sons, LLC.

8.

Mehari Sons, LLC knew or should have known that, but for a mistake concerning the identity of the proper party, this action would have been brought against it.

9.

Jurisdiction and venue are proper as to Mehari Sons, LLC.

10.

Mehari Sons, LLC has been properly served with process in this matter.

11.

Out of an abundance of caution, Plaintiffs identify DOE 1, DOE 2, DOE 3, and DOE 4 as party defendants.  The true names and capacities, whether corporate, associate, individual or otherwise are unknown to Plaintiffs. Plaintiffs bring claims against said defendants by fictitious names. Each defendant designated as a DOE is legally responsible in some manner for Collier's injuries and death under the theories of *respondent superior*, vicarious liability, agency principles, and/or joint and several liability for the negligent security and operation of the subject Discount Food Mart, located at 3923 Glenwood Road, Decatur, Georgia 30032. These DOE Defendants have received such notice of the institution of the action that they will not be prejudiced in maintaining defense on the merits. These DOE Defendants are on notice, and/or should have been on notice, except that but for a mistake as to the real party, the action would have been brought against them.

12.

At all times relevant to this action, Defendants owned, operated, controlled, and/or managed the subject premises, Discount Food Mart, located at 3923 Glenwood Road, Decatur, Georgia 30032 on the dates of the acts and omissions alleged in the original Complaint and this First Amended Complaint.

13.

On or about October 14, 2021, Decedent Michael Collier Sr. was at the Discount Food Mart as an invitee and customer. While on Defendants' premises, Collier was a victim of aggravated assault and aggravated battery and was shot with a deadly weapon. As a result of the shooting, Collier suffered catastrophic injuries and death.

14.

Collier did nothing wrong to cause the incident at issue.

15.

Collier was a completely innocent victim.

16.

Defendants breached their duty owed to Collier by failing to exercise ordinary care to keep their premises safe.

17.

On and before October 14, 2021, Defendants had actual and constructive knowledge of criminal activity existing on the premises and its approaches and the surrounding area. Said prior criminal activity was negligently permitted to

exist and remain on the premises.

18.

Upon information and belief, Defendants had knowledge of actual danger of the criminal assailant on the premises before the assailant shot Collier. Defendants did not take adequate steps to design a security plan or take any steps to implement a security plan in order to keep its premises safe for its customers, including Collier, of a foreseeable and/or known danger.

19.

At all times mentioned herein, Defendants controlled the property and its management, and had the legal duty to keep the premises in a state consistent with the due regard of the safety of their customers and invitees, including Collier. Defendants breached said duties to Collier and failed to act as similarly situated business in like circumstances.

20.

Defendants knew of, or with the exercise of due care for the safety of their invitees should have known of, the dangerous hazardous conditions existing on the premises and the failure to maintain, inspect, secure, patrol, and manage the premises and those conditions were likely to result in the injuries suffered by Collier.

21.

Defendants had actual knowledge of the dangerous and hazardous conditions existing at the premises due to the direct knowledge of their employees

and agents and due to the prior criminal activity and dangers associated with the property and surrounding areas.

22.

Prior to and on October 14, 2021, then subject premises were negligently maintained, inspected, secured, patrolled, and managed. Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol and manage said premises, but failed to exercise ordinary care.

23.

Even though Defendants had actual and constructive knowledge of criminal activity existing at the property and in the neighborhood surrounding their property prior to the attack on Collier, they failed to warn Collier of the hazardous conditions on the property.

24.

Defendants negligently failed to maintain adequate security devices to permit proper use of the property, thereby causing an unreasonable risk of injury to their invitees, including Collier.

25.

Defendants were negligent *per se*.

26.

Defendants failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity and negligently maintained the property.

27.

Defendants are liable for the shooting of Collier. Said shooting was done without necessity, privilege, or consent.

28.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of, the dangerous environment of said property, Defendants are liable for the negligent supervision, hiring, training, and retention of their employees and the entrustment of said property to their agents and employees. Said negligence was the proximate cause of the damages, injuries, and wrongful death to Collier.

29.

Defendants were negligent and said negligence proximately caused Michael Collier's injuries and death in the following ways, to-wit:

   a. Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

   b. Violation of O.C.G.A. § 44-7-13;

   c. In failing to properly inspect and maintain the premises;

   d. In failing to warn of the latent dangers on the premises;

   e. In failing to properly train and supervise employees in regard to the maintenance and safety of said premises;

   f. In failing in properly retaining, entrusting, hiring, training and supervising said employees;

    g. In failing to design or implement a security plan to protect Collier from imminent dangers known to Defendants' employees;

    h. In failing to inspect, patrol, or appropriately monitor the premises; and

    i. In failing to employ proper security measures in light of the history of the property and high-crime area in which the property is located.

30.

Defendants negligently failed to provide proper security protection, security personnel, or an outside security presence on the property, and negligently failed to employ proper security protections available to Defendants.

31.

Defendants negligently failed to remedy and respond to known criminal activity, loitering, and trespassing on the subject premises, thereby creating an unreasonable risk of crime to invitees, including Collier.

32.

Defendants negligently failed to act on knowledge of prior crimes, and the surrounding high-crime area, and failed to act to correct, prevent, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of said property.

33.

Defendants negligently represented to their invitees, including Michael

Collier, that the property at issue was properly maintained and that the premises were safe.

34.

Defendants failed to take appropriate action to remedy or reduce the danger to invitees, including Collier, and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

35.

Defendants' negligence was a cause in fact and a proximate cause of Michael Collier's injuries and death.

36.

Defendants are liable for maintaining a public nuisance under O.C.G.A. § 41-1-3.

37.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above-stated acts were the proximate cause of Collier's injuries and death. Defendants are liable for Collier's injuries sustained, pain and suffering, wrongful death, and all other elements of damages allowed under the laws of the state of Georgia.

38.

Defendants' negligence was a cause in fact and a proximate cause of Collier's injuries and death.

39.

Plaintiffs claim damages for Collier's wrongful death, representing the full value of the Decedent's life, economic and intangible, to Collier had he lived. Plaintiffs seek all wrongful death damages permitted under Georgia law in an amount to be determined by the enlightened conscious of a fair and impartial jury.

40.

Plaintiffs seek general damages for all the elements of the personal injuries, conscious physical and mental pain and suffering, mental anguish, medical expenses, and all other injuries and damages endured by Collier prior to his death proximately caused by the incident at issue.

41.

As a proximate and foreseeable result of the Defendants' negligence, Decedent Collier received serious injuries, endured conscious pain and suffering, mental anguish, became aware of his impending death, loss of the enjoyment of life, lost wages, wrongful death, and suffered other damages as will be proven at trial and permitted under Georgia law.  Plaintiffs seek recover the full value of Collier's life for his wrongful death and all other elements of damages allowed under Georgia law. Plaintiffs seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal and physical injuries;
b) Pain and suffering;

   c) Lost past, present, and future wages;

   d) Medical expenses;

   e) Mental anguish and emotional distress;

   f) Incidental expenses;

   g) Funeral expenses;

   h) Wrongful death; and

   i) Consequential damages to be proven at trial; and

   j) All estate and wrongful death damages permitted under Georgia law.

42.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above-stated acts were the proximate cause of the injuries to Collier. Defendants are liable for Collier's injuries sustained, pain and suffering, the cost of treatment, death, and all other elements of damages allowed under the laws of the State of Georgia.

**WHEREFORE**, Plaintiffs pray that:

   a) Process issue and the Defendants be served as provided by law;

   b) Plaintiffs have trial by jury;

   c) Plaintiffs be awarded general, special, compensatory, incidental, consequential, wrongful death, punitive, attorneys fees, and all other permissible damages in accordance with the enlightened conscience of an impartial jury;

   d) Plaintiffs be awarded interest and costs; and

e) Plaintiffs be awarded such other and further relief as this Court deems just and proper and permitted under Georgia law.

Dated: July 11, 2023.

                                Respectfully submitted,

                                **PIASTA NEWBERN WALKER, LLC**

                                */s/ Edward A. Piasta*
                                Edward A. Piasta
                                Georgia Bar No. 110161
                                Michael P. Walker
                                Georgia Bar No. 954678
                                Benjamin R. Rosichan
                                Georgia Bar No. 296256
                                Attorneys for Plaintiffs

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
F: (404) 996-1316
E: edward@pnwlaw.com
   mike@pnwlaw.com
   ben@pnwlaw.com

                                        STATE COURT OF
                                        DEKALB COUNTY, GA.
                                        7/11/2023 6:10 PM
                                        E-FILED
                                        BY: Patricia Nesbitt

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served all attorneys of record with the foregoing by email and e-filing, which will automatically send e-mail notification of such filing to the following:

John T. Davis
Michael Sheridan
DAVIS & SHERIDAN, LLC
Post Office Box 338
Lithonia, GA, 30058
sheridanlaw@gmail.com

Dated: July 11, 2023.

Respectfully Submitted,

**PIASTA NEWBERN WALKER, LLC**

*/s/ Benjamin R. Rosichan*
Edward A. Piasta
Georgia Bar No. 110161
Benjamin R. Rosichan
Georgia Bar No. 296256
*Counsel for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
T: (404) 996-1296
F: (404) 996-1316
E: edward@pnwlaw.com
   ben@pnwlaw.com

STATE COURT OF
DEKALB COUNTY, GA.
7/11/2023 6:10 PM
E-FILED
BY: Patricia Nesbitt

13