ID# E-FBXCG4DJ-BXC
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-750**

FEB 22, 2023 05:09 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **LENA LITTLEJOHN**<br><br>Plaintiff,<br><br>VS.<br><br>**DOLGENCORP, LLC, SHEILA SIMS** in his/her/their professional capacity, and **JOHN DOES NOS 1-10,** whether singular or plural, masculine or feminine, individuals or corporations, who are not known at this time, but will be added by amendment when ascertained.<br><br>Defendant(s). | **CIVIL ACTION NO.:**<br><br>_____ |

## COMPLAINT FOR DAMAGES

COMES NOW Lena Littlejohn, by and through undersigned counsel of record, and files this Complaint for Damages and respectfully shows this Honorable Court as follows:

### VENUE AND JURISDICTION

1.

Dolgencorp, LLC is a Foreign for-profit Corporation who's registered agent resides in Cobb County, Georgia. As such, Dolgencorp, LLC is subject to the venue of Cobb County, Georgia pursuant to O.C.G.A. § 14-2-510(b)(1).

2.

The occurrence which gives rise to this Complaint for Damages occurred in Pike County Georgia. As such, Dolgencorp, LLC is subject to the venue of Pike County, Georgia pursuant to O.C.G.A. § 14-2-510(b)(3).

3.

Dolgencorp, LLC is subject to the jurisdiction of this Court. See: O.C.G.A. § 9-10-91(2); International Shoe Co. v. Washington, 326 U.S. 310 (1945).

4.

Venue is proper as to Dolgencorp, LLC.

5.

Sheila Sims is alleged to be, at all times relevant to this Complaint for Damages, a joint-tortfeasor with Dolgencorp, LLC.

6.

Sheila Sims is alleged to be a joint tortfeasor with Dolgencorp, LLC.

7.

Defendant Sheila Sims is subject to the jurisdiction of this court.

8.

This venue is proper as to defendant Sheila Sims. See: O.C.G.A. § 9-10-31(a).

## GENERAL FACTS COMMON TO ALL COUNTS

9.

Plaintiff hereby incorporates all previous paragraphs of this complaint.

### THE PREMISES

10.

That on or about February 27, 2021 Dolgencorp, LLC owned and/or operated a store located at 10005 Georgia-109, Zebulon, Georgia 30295 (hereinafter, "premises").

11.

At all times relevant to this Complaint for Damages, Sheila Sims was the manager and/or operator of the premises.

12.

At all times relevant to this Complaint for Damages, Sheila Sims was an agent and/or employee of Dolgencorp, LLC.

13.

At all times relevant to this complaint for damages, John Does Nos. 1-10 were agents and/or employees of Dolgencorp, LLC.

14.

At all times relevant to this complaint for damages, Sheila Sims had a duty to supervise and/or manage the daily work of John Does Nos. 1-10.

15.

At all times relevant to this complaint for damages, the aforementioned premises is open to the public for business.

16.

On or about February 27, 2021 Dolgencorp, LLC, by express or implied invitation, induced or lead Lena Littlejohn to come upon the premises for a lawful purpose.

17.

On or about February 27, 2021 Lena Littlejohn was an invitee on the premises owned and operated by Dolgencorp, LLC.

18.

On or about February 27, 2021 Lena Littlejohn was an invitee on the premises managed by Sheila Sims.

**CONDITIONS LEADING TO INJURY**

19.

While on the premises as an invitee, Lena Littlejohn tripped.

20.

At all times relevant to this Complaint for Damages, there were no signs and/or warnings to put plaintiff on notice of a potentially dangerous hazard.

21.

At all times relevant to this Complaint for Damages, John Doe Nos. 1-10 knew or should have known of the risk of a potentially dangerous hazard on the premises owned by Dolgencorp, LLC.

22.

At all times relevant to this Complaint for Damages, John Doe Nos. 1-10 knew or should have known of the risk of a potentially dangerous hazard on the premises managed by Sheila Sims.

## **INJURIES AND DAMAGES**

23.

The aforementioned circumstances pled in this complaint resulted in serious injuries to Plaintiff's body.

24.

As a proximate and foreseeable result of the aforementioned injuries, the Plaintiff has incurred medical expenses in excess of $84,329.90 and lost wages in excess of $1.00.

25.

As a proximate and foreseeable result of the aforementioned circumstances, the Plaintiff, in addition to the damages pled in this complaint for damages, has and will suffer pain and suffering, aggravation and inconvenience, loss of capacity

to work, loss of enjoyment of life, and/or other categories of general damages that logically flow from the Defendant(s) negligent conduct. Plaintiff is entitled to compensation for these general damages in an amount to be determined by a fair and impartial jury.

26.

In accordance with O.C.G.A. § 9-11-9 (g), Plaintiff states that the special damages incurred because of the negligence of the Defendants are itemized as follows:

### SPECIAL DAMAGES

**MEDICAL EXPENSES:**
WellStar Spalding Regional Hospital            $84,329.90
**TOTAL DAMAGES:**            **$84,329.90**

### COUNT I: PREMISES LIABILITY AS TO DOLGENCORP, LLC

27.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

28.

Dolgencorp, LLC has and had a duty to exercise ordinary care in keeping the aforementioned store and its approaches safe. O.C.G.A. § 51-3-1.

29.

Dolgencorp, LLC breached the aforementioned duty on February 27, 2021 by failing to use ordinary care in preventing hazardous conditions which could result in an injury.

30.

Dolgencorp, LLC's breach of duty actually and proximately caused the injuries pled by Plaintiff in this Complaint for Damages.

31.

As a reasonable and foreseeable result of Dolgencorp, LLC's breach of duty, Plaintiff has incurred damages as pled in this Complaint for Damages.

32.

Plaintiff has a cause of action against defendant Dolgencorp, LLC for negligence arising from its premises liability.

33.

Plaintiff is entitled to recover from Dolgencorp, LLC for Plaintiff's past and future medical expenses, past and future lost wages, and past and future pain and suffering.

## COUNT II: PREMISES LIABILITY AS TO SHEILA SIMS

34.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

35.

Sheila Sims, through his/her/their relationship with Dolgencorp, LLC, had sufficient control over the aforementioned premises to make him/her/they an owner or occupier of land under the laws of the State of Georgia. See: Norman v. Jones Lang Lasalle Ams., Inc., 277 Ga.App. 621, 622 (2006).

36.

Sheila Sims has and had a duty to exercise ordinary care in keeping the aforementioned store and its approaches safe.

37.

Sheila Sims breached the aforementioned duty on February 27, 2021 by failing to use ordinary care in preventing hazardous conditions which could result in an injury.

38.

Sheila Sims's breach of duty actually and proximately caused the injuries pled by Plaintiff in this Complaint for Damages.

39.

As a reasonable and foreseeable result of Sheila Sims's breach of duty, Plaintiff has incurred damages as pled in this Complaint for Damages.

40.

Plaintiff has a cause of action against defendant Sheila Sims for negligence arising from his/her/their premises liability.

41.

Plaintiff is entitled to recover from Sheila Sims for Plaintiff's past and future medical expenses, past and future lost wages, and past and future pain and suffering.

**WHEREFORE,** the Plaintiff prays that:

a. Summons be issued as to the Defendant(s);
b. that the Defendant(s) be called to answer this Complaint for Damages;
c. that a trial be held on all issues so triable;
d. that a Judgment be entered against the Defendant for all the Plaintiff's specific damages including past and future medical expenses and past and future lost wages, if applicable;
e. that said Judgment include an award of attorneys' fees and costs for the Defendant(s)' bad faith, stubborn litigiousness, and causing the Plaintiff unnecessary time and expense pursuant to O.C.G.A. § 13-6-11; see: Bo Phillips Co. v. R.L. King Properties, LLC, 336 Ga. App. 705 (2016);
f. that said Judgment include a sum to compensate the Plaintiff for general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury; and,
g. such further relief as this Court determines is adequate and just.

Executed today, February 22, 2023.

**DOZIER LAW FIRM, LLC**

David Thomas Dorer
Georgia Bar No.: 934408
Attorney for Lena Littlejohn

DOZIER LAW FIRM, LLC
487 Cherry Street
Post Office Box 13
Macon, Georgia, 31201-0013
(p): 478-742-8441
(f): 478-745-0997
(e): dorerlawteam@dozierlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, upon acceptance from the Clerk of Court, a file-stamped copy of the foregoing Complaint for Damages will be dispatched to the Defendant(s) through first-class mail or other reliable means with a request that said Defendant(s) acknowledge and waive service of process pursuant to O.C.G.A. § 9-11-4(d). Said persons so served are:

| | |
|---|---|
| Dolgencorp, LLC<br>c/o: CSC of Cobb County, Inc.<br>192 Anderson Street SE, Suite 125<br>Marietta, Georgia 30060 | Sheila Sims<br>10005 Georgia-109<br>Zebulon, Georgia 30295 |

Executed today, February 22, 2023.

**DOZIER LAW FIRM, LLC**

David Thomas Dorer
Georgia Bar No.: 934408
Attorney for Lena Littlejohn

DOZIER LAW FIRM, LLC
487 Cherry Street
Post Office Box 13
Macon, Georgia, 31201-0013
(p): 478-742-8441
(f): 478-745-0997
(e): dorerlawteam@dozierlaw.com

# IN THE STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

LENA LITTLEJOHN

    Plaintiff,

VS.

**DOLGENCORP, LLC, SHEILA SIMS** in his/her/their professional capacity, and **JOHN DOES NOS 1-10,** whether singular or plural, masculine or feminine, individuals or corporations, who are not known at this time, but will be added by amendment when ascertained.

    Defendant(s).

## VERIFICATION OF COMPLAINT FOR DAMAGES

COMES NOW, Lena Littlejohn, appearing remotely, and after being duly sworn via electronic means, attests, under oath, that the foregoing Complaint for Damages is truly and correct to the best of my knowledge.

Lena Littlejohn v. Dolgencorp, LLC, et. al.,
Cobb County State Court
Electronic Verification of Complaint for Damages

Page 1 of 2

Doc ID: 5f7dfaa55dabc8b19546d486f2bc278732874901

Executed today, February 22, 2023.

_____
Lena Littlejohn

Remotely sworn to and subscribed before me today, February 22, 2023

/s/ Mariah Cohen
_____
Notary Public
My Commission Expires: 8/22/2023



Lena Littlejohn v. Dolgencorp, LLC, et. al.,
Cobb County State Court
Electronic Verification of Complaint for Damages

Page 2 of 2

Doc ID: 5f7dfaa55dabc8b19546d486f2bc278732874901

ID# E-X4QTAHNJ-SAR
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**23-A-750**

MAR 23, 2023 02:28 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. __23-A-750__

Date Filed _____

Attorney's Address  **Dorer, David**
**Dozier Law Firm, LLC**
**487 Cherry St**
**PO Box 13**
**Macon, GEORGIA 31201-0013**

Name and Address of Party to be Served.
Sims, Sheila

**10005 Georgia -109**

**Zebulon, Georgia 30295**

Superior Court ☐   Magistrate Court ☐
State Court ☒   Probate Court ☐
Juvenile Court ☐

Georgia, __COBB__ COUNTY

LittleJohn, Lena
_____ Plaintiff

VS.
Dolgencorp, LLC; Sims, Sheila
_____ Defendant

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☒ Served the defendant __Dolgencorp LLC__ a corporation by leaving a copy of the within action and summons with __Catelyn Baker Assistant Manager__ in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

This __3__ day of __March__, 20__23__ @1130

_____ Deputy
Rowan


19/16

143698

A/803:57

ID# J-YWGKTJ4G-TEA
≡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-750**

MAR 13, 2023 12:34 PM

[KEEP stamp]

Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

# SHERIFF'S ENTRY OF SERVICE

Civil Action No. __23-A-750__

Date Filed _____

| | |
|---|---|
| Superior Court | ☐ |
| State Court | ☒ |
| Juvenile Court | ☐ |
| Magistrate Court | |
| Probate Court | |

Georgia, __COBB__ COUNTY

Attorney's Address  Dorer, David
Dozier Law Firm, LLC
487 Cherry St
PO Box 13
Macon, GEORGIA 31201-0013

LittleJohn, Lena _____
_____ Plaintiff

VS.

Dolgencorp, LLC; Sims, Sheila

Name and Address of Party to be Served.
**Dolgencorp, LLC**

c/o CSC of Cobb County, Inc.

192 Anderson Street SE, Suite 125

Marietta, Georgia 30060

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows:
age, about ____ years; weight ____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant.

**CORPORATION**
☒ Served the defendant __Dolgencorp LLC__ a corporation by leaving a copy of the within action and summons with __c/o CSC of Cobb County c/o Anna Norris__ in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

This __9__ day of __March__, 20__23__

_McAllister 19deo_
Deputy