# Exhibit "B"

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| VANESSA HINES AND DAVID M. HINES, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | FILE NO. 23-C-05141-S5 |
| v. | ) | |
| | ) | |
| HOBBY LOBBY STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## HOBBY LOBBY STORES, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant Hobby Lobby Stores, Inc. ("Defendant" herein), and files this Answer and Affirmative Defenses to Plaintiffs' Complaint, showing the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Pending additional investigation and discovery and to preserve defenses, some or all of Plaintiffs' Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Pending additional investigation and discovery, Defendant states that Plaintiffs' alleged injuries and damages were caused or contributed to by Plaintiff Vanessa Hines's own actions.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff Vanessa Hines failed to exercise reasonable care for her own safety.

### FOURTH AFFIRMATIVE DEFENSE

Defendant breached no duty owed to Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover against Defendant because no act or omission of Defendant was the legal cause or the proximate precipitating cause of Plaintiffs' alleged injuries and damages.

## SIXTH AFFIRMATIVE DEFENSE

Pending further investigation and discovery, Defendant asserts the defenses of contributory and comparative negligence. Defendant denies that Defendant or Defendant's agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover against Defendant due to Plaintiff Vanessa Hines's equal or superior knowledge of any condition which she alleges resulted in this event.

## EIGTH AFFIRMATIVE DEFENSE

Pending additional investigation and discovery, Defendant had no actual or constructive knowledge of any alleged dangerous or hazardous condition which allegedly caused Plaintiffs' injuries and damages.

## NINTH AFFIRMATIVE DEFENSE

Defendant denies any and all allegations regarding negligent inspection and failure to warn.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages must be reduced to the extent Plaintiffs have failed to properly mitigate their damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff Vanessa Hines's medical expenses must be reduced to the extent they exceed reasonable and customary amounts.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages must be reduced to the extent the alleged injuries of Plaintiff Vanessa Hines are the result of pre-existing injuries or otherwise unrelated conditions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any special damages to the extent that Plaintiffs have failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

## FOURTEENTH AFFIRMATIVE DEFENSE

In the event any benefits have been paid by or on behalf of Defendant, Defendant is entitled to a setoff against any verdict for the amount of benefits paid.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any damages awarded to Plaintiffs should be reduced proportionally based upon the negligence of Plaintiff Vanessa Hines, if any, and/or other unnamed responsible parties, pursuant to O.C.G.A. §51-12-33.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorney's fees, expenses, post-judgment interest, or pre-judgment interest under the facts of this case. Further, Defendant preserves all rights against Plaintiffs to the extent these claims are asserted without any justifiable basis in fact or law.

## SEVENTEETH AFFIRMATIVE DEFENSE

Pending further investigation and discovery, Defendant reserves the right to assert all applicable affirmative defenses provided and/or available under the Georgia Civil Practice Act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant responds to the specific allegations contained in Plaintiffs' Complaint as follows:

## JURISDICTION AND VENUE

1.

Defendant is without information or knowledge sufficient to admit or deny the allegations

contained within Paragraph 1 of Plaintiffs' Complaint, which are therefore denied by operation of law.

2.

Paragraph 2 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.

Paragraph 3 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendant admits the allegations contained within Paragraph 3 of Plaintiffs' Complaint.

## **FACTS**

4.

Paragraph 4 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendant denies the allegations as pled. Further responding, Defendant admits only Defendant Hobby Lobby was responsible for operation of the subject premises by virtue of a lease agreement.

5.

Paragraph 5 of Plaintiffs' Complaint asserts a legal conclusion, which does not require a response. To the extent a response is required, Defendant admits that Plaintiff was present on the premises. Defendant is without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 5 of Plaintiffs' Complaint, which are therefore denied by operation of law.

6.

Defendant admits only that Plaintiff was present on the premises. Defendant is without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 6 of Plaintiffs' Complaint, which are therefore denied by operation of law.

7.

Defendant is without information or knowledge sufficient to admit or deny the remaining allegations contained within Paragraph 7 of Plaintiffs' Complaint, which are therefore denied by operation of law.

8.

Defendant is without information or knowledge sufficient to admit or deny the allegations contained within Paragraph 8 of Plaintiffs' Complaint, which are therefore denied by operation of law.

9.

The allegations contained within Paragraph 9 of Plaintiffs' Complaint call for conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations as pled. Defendant specifically denies any allegation or inference of negligence and/or liability.

## COUNT I – NEGLIGENCE

10.

Defendant realleges its responses to Paragraphs 1-9 of Plaintiffs' Complaint as if fully incorporated herein.

11.

The allegations contained within Paragraph 11 of Plaintiffs' Complaint call for conclusions

of law to which no response is required. To the extent a response is required, denied. Defendant specifically denies any allegation or inference of negligence and/or liability.

12.

The allegations contained within Paragraph 12 of Plaintiffs' Complaint call for conclusions of law to which no response is required. To the extent a response is required, denied. Defendant specifically denies any allegation or inference of negligence and/or liability.

13.

The allegations contained within Paragraph 13 of Plaintiffs' Complaint call for conclusions of law to which no response is required. To the extent a response is required, denied. Defendant specifically denies any allegation or inference of negligence and/or liability and further denies that Plaintiffs are entitled to recover any damages from Defendant.

14.

The allegations contained within Paragraph 14 of Plaintiffs' Complaint call for conclusions of law to which no response is required. To the extent a response is required, denied. Defendant specifically denies any allegation or inference of negligence and/or liability and further denies that Plaintiffs are entitled to recover any damages from Defendant.

15.

The allegations contained within Paragraph 15 of Plaintiffs' Complaint call for conclusions of law to which no response is required. To the extent a response is required, denied. Defendant specifically denies any allegation or inference of negligence and/or liability and further denies that Plaintiffs are entitled to recover any damages from Defendant.

16.

The allegations contained within Paragraph 16 of Plaintiffs' Complaint call for conclusions

of law to which no response is required. To the extent a response is required, denied. Defendant specifically denies any allegation or inference of negligence and/or liability and further denies that Plaintiffs are entitled to recover any damages from Defendant.

## COUNT II – LOSS OF CONSORTIUM

17.

Defendant realleges its responses to Paragraphs 1-16 of Plaintiffs' Complaint as if fully incorporated herein.

18.

The allegations contained within Paragraph 18 of Plaintiffs' Complaint call for conclusions of law to which no response is required. To the extent a response is required, Defendant is without information or knowledge sufficient to admit or deny the allegations contained within Paragraph 18 of Plaintiffs' Complaint, which are, therefore, denied by operation of law.

19.

The allegations contained within Paragraph 19 of Plaintiffs' Complaint call for conclusions of law to which no response is required. To the extent a response is required, denied. Defendant specifically denies any allegation or inference of negligence and/or liability and further denies that Plaintiffs are entitled to recover any damages from Defendant.

20.

In response to Plaintiffs' prayer for relief located immediately after Paragraph 19 of Plaintiffs' Complaint, including subparts (a) through (e), Defendant denies the allegations contained therein and further denies that Plaintiffs are entitled to any of the relief sought therein from Defendant.

21.

Defendant denies each and every allegation contained in Plaintiffs' Complaint not specifically admitted herein and specifically denies any liability to Plaintiff.

22.

**HOBBY LOBBY STORES, INC. HEREBY DEMANDS TRIAL BY JURY OF TWELVE (12) AS TO ALL ISSUES PRESENTED IN PLAINTIFFS' COMPLAINT.**

WHEREFORE having fully answered, Defendant Hobby Lobby Stores, Inc. respectfully requests that the instant civil action be dismissed with costs assessed against the Plaintiffs.

Respectfully submitted this 24th day of August 2023.

**CHARTWELL LAW**

*/s/Whitney Lay Greene*

3200 Cobb Galleria Parkway
Suite 250
Atlanta, GA  30339
(404) 410-1151
wgreene@chartwelllaw.com
ktalley@chartwelllaw.com

Whitney Lay Greene
Georgia Bar No. 955783
Kendra Talley
Georgia Bar No. 013334

-8-

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| VANESSA HINES AND DAVID M. HINES, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | FILE NO. 23-C-05141-S5 |
| v. | ) | |
| | ) | |
| HOBBY LOBBY STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing using the Court's electronic filing system, which automatically sends notice to the following counsel of record:

Lee S. Goldstein
Lee Goldstein Law, P.C.
990 Hammond Drive, Suite 840
Atlanta, GA 30328
lee@leegoldsteinlaw.com

Laurie S. Robbins
Robbins Law, P.C.
P. O. Box 720393
Atlanta, GA  30358
lrobbins@robbinslaw.com

Respectfully submitted this 24th of August, 2023.

{*signature on following page*}

-9-

**CHARTWELL LAW**

*/s/Whitney Lay Greene*_____

3200 Cobb Galleria Parkway
Suite 250
Atlanta, GA  30339
(404) 410-1151
wgreene@chartwelllaw.com

Whitney Lay Greene
Georgia Bar No. 955783

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05141-S5**

**8/24/2023 3:49 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| VANESSA HINES AND DAVID M. HINES, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | FILE NO. 23-C-05141-S5 |
| v. | ) | |
| | ) | |
| HOBBY LOBBY STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING OF NOTICE OF REMOVAL**

TO:   Clerk, State Court of Gwinnett County, Georgia

COMES NOW, Defendant Hobby Lobby Stores, Inc., named Defendant in the above-styled civil action, through counsel, and provides the following notice to the Court:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division.  A copy of the Notice of Removal is attached hereto as Exhibit A.

Pursuant to 28 U.S.C. §1446(d), this Court is precluded from taking any further action with respect to this case unless and until same is remanded to it by order of the United States District Court for the Northern District of Georgia.

Respectfully submitted this 24th day of August, 2023.

**CHARTWELL LAW**

*/s/Whitney Lay Greene*_____
Whitney Lay Greene
Georgia Bar No. 955783
Kendra Talley
Georgia Bar No. 013334

3200 Cobb Galleria Parkway
Suite 250
Atlanta, GA  30339
(404) 410-1151
wgreene@chartwelllaw.com
ktalley@chartwelllaw.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| VANESSA HINES AND DAVID M. HINES, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | FILE NO. 23-C-05141-S5 |
| v. | ) | |
| | ) | |
| HOBBY LOBBY STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing using the Court's electronic filing system, which automatically sends notice to the following counsel of record:

Lee S. Goldstein
Lee Goldstein Law, P.C.
990 Hammond Drive, Suite 840
Atlanta, GA 30328
lee@leegoldsteinlaw.com

Laurie S. Robbins
Robbins Law, P.C.
P. O. Box 720393
Atlanta, GA  30358
lrobbins@robbinslaw.com

Respectfully submitted this 24th of August, 2023.

{*signature on following page*}

**CHARTWELL LAW**

3200 Cobb Galleria Parkway
Suite 250
Atlanta, GA  30339
(404) 410-1151
wgreene@chartwelllaw.com

*/s/Whitney Lay Greene*_____
Whitney Lay Greene
Georgia Bar No. 955783

Exhibit "A"

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **VANESSA HINES AND DAVID M. HINES,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) ) | |
| **HOBBY LOBBY STORES, INC.,** | ) ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

COMES NOW Hobby Lobby Stores, Inc., Defendant in the above-styled action, by and through counsel of record, within the time prescribed by law, and files this Notice of Removal in the United States District Court for the Northern District of Georgia, Atlanta Division, and invokes this Court's jurisdiction over this matter, showing the Court as follows:

1.

Plaintiffs initiated this suit for personal injury on or about July 24, 2023 against Defendant by filing the Summons and Complaint ("Plaintiffs' Complaint") in the State Court of Gwinnett County, Georgia (Civil Action File No. 23-C-05141-S5). (Exhibit A, Plaintiffs' Complaint for Damages).

2.

Plaintiffs' Complaint alleges that Plaintiff Vanessa Hines sustained injuries due to a metal shelf falling on top of her at Defendant's store, located in Lawrenceville, Georgia. (Exhibit A, ¶¶ 4,8). Plaintiffs' Complaint goes on to allege that Plaintiffs Vanessa Hines and David M. Hines were married at the time of the subject incident, and continue to be married, such that Plaintiff David M. Hines is asserting a loss of consortium claim as a result of the injuries allegedly sustained by Plaintiff Vanessa Hines. (*Id.* at ¶¶ 18-19).

3.

Pursuant to the provisions of 28 U.S.C. §1446, Defendant attaches hereto as Composite Exhibit B copies of all pleadings and orders served upon Defendant, including copies of all pleadings filed and served to date in the State Court of Gwinnett County Georgia for the above-styled case.

4.

This case is subject to removal under 28 U.S.C. § 1332.

5.

Defendant Hobby Lobby Stores, Inc. is an Oklahoma Corporation, with a principal place of business located at 7707 SW 44th Street, Oklahoma City, Oklahoma, 73179-4808. (A true and correct copy of Defendant's 2023 Annual Registration filed with the Georgia Secretary of State's Office is attached hereto and

made a part hereof as Exhibit "C"). Defendant is not, and was not, a citizen of the State of Georgia at the time of, or immediately prior to, the filing and service of Plaintiff's Complaint, or at any time thereafter. (*See generally*, Exhibit "C").

6.

Plaintiffs Vanessa Hines and David M. Hines reside in the State of Georgia and have voluntarily availed themselves of the jurisdiction of courts in this state. (Exhibit A, ¶1).

7.

Complete diversity exists between Plaintiffs (citizens of Georgia) and Defendant (citizen of Oklahoma).

8.

Plaintiff's Complaint alleges that she suffered injuries and incurred medical bills of $150,000.00, "with future medical expenses assured…" as a result of the incident at Defendant's store. (Exhibit A, ¶ 13).

9.

The amount in controversy is sufficient under 28 U.S.C. § 1332 (a). "[I]t is not the settlement value of a case that determines whether the jurisdictional amount is in controversy. The appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." Jackson v. Am.

Bankers Ins. Co. of Fla., 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938) (emphasis added).

10.

Assuming Plaintiffs were to prevail on each of the claims set forth in their Complaint, which this Defendant denies, the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.  (See Exhibit A, ¶ 13).

11.

Consequently, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 (a) and 1441 because complete diversity exists between the parties to this action and the amount in controversy exceeds $75,000.00.

12.

Pursuant to 28 U.S.C. § 1447, Defendant is not required to file a removal bond.

13.

By service of a copy of this Notice of Removal as evidenced by the Certificate of Service attached, Defendant hereby gives notice of such removal to Plaintiffs as required by 28 U.S.C. § 1446.

-4-

14.

A true and correct copy of this Notice of Removal will be filed with the Clerk of State Court of Gwinnett County, Georgia as required by 28 U.S.C. § 1446.

**Wherefore,** Defendant prays that the above-styled lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, that this Court take cognizance and jurisdiction over this claim from the State Court of Gwinnett County, Georgia, and that this action shall proceed as removed and under this Court's jurisdiction under 28 U.S.C. § 1332.

Respectfully submitted, this 24th day of August, 2023.

**CHARTWELL LAW**

3200 Cobb Galleria Parkway
Suite 250
Atlanta, GA  30339
(404) 410-1151
wgreene@chartwelllaw.com
ktalley@chartwelllaw.com

*/s/Whitney Lay Greene*_____
Whitney Lay Greene
Georgia Bar No. 955783
Kendra Talley
Georgia Bar No. 013334

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **VANESSA HINES AND DAVID M. HINES,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) ) | |
| **HOBBY LOBBY STORES, INC.,** | ) ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF *COMPLIANCE* WITH LOCAL RULE 5.1.B

Counsel for the Defendant hereby certifies that this pleading was prepared in

Times New Roman, 14 Point, in compliance with Local Rule 5.1.B.

Respectfully submitted, this 24th day of August, 2023.

**CHARTWELL LAW**

/s/Whitney Lay Greene_____

3200 Cobb Galleria Parkway
Suite 250
Atlanta, GA  30339
(404) 410-1151
wgreene@chartwelllaw.com

Whitney Lay Greene
Georgia Bar No. 955783

-6-

# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **VANESSA HINES AND DAVID M. HINES,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO.** |
| **v.** | ) | |
| | ) | |
| **HOBBY LOBBY STORES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the foregoing ***Notice of Removal*** to the following counsel of record by electronically filing with the Clerk of Court using the electronic CM/ECF System as follows:

Lee S. Goldstein
Lee Goldstein Law, P.C.
990 Hammond Drive, Suite 840
Atlanta, GA 30328
lee@goldsteinlaw.com

Laurie S. Robbins
Robbins Law, P.C.
P.O. Box 720393
Atlanta, GA 30358
lrobbins@robbinslaw.com

*Signature on Following Page*

-7-

Respectfully submitted, this 24th day of August, 2023.

**CHARTWELL LAW**

3200 Cobb Galleria Parkway          */s/Whitney Lay Greene*_____
Suite 250                           Whitney Lay Greene
Atlanta, GA  30339                  Georgia Bar No. 955783
(404) 410-1151
wgreene@chartwelllaw.com