IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KRISTIN KOPER, as an individual, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | _____ |
| v. ) | |
| ) | |
| FIRST ADVANTAGE BACKGROUND ) | |
| SERVICES, CORP., and DOES 1-10 ) | |
| Inclusive, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff KRISTIN KOPER (hereinafter "Plaintiff") files her Complaint for Damages and Demand for a Jury Trial against Defendant FIRST ADVANTAGE BACKGROUND SERVICES, CORP. and DOES 1-10 inclusive (hereinafter collectively as "Defendants") and alleges as follows:

### NATURE OF THE ACTION

1. Defendant is an employment screening company that furnishes employment screening reports to prospective employers. Its reports include information related to an applicant's criminal history.

2. In August 2021, Plaintiff applied to work for Walmart, Inc.

3. In connection with Plaintiff's employment application, Walmart offered conditional employment to Plaintiff on the basis that Plaintiff pass a background check.

- 1 -

4.      On or about August 25, 2021, Defendant furnished an employment background check report ("Report") regarding Plaintiff to Walmart.  The Report was a consumer report under the Fair Credit Reporting Act ("FCRA").

5.      The Report erroneously disclosed that Plaintiff had a "Self-Reported Conviction" as a sex offender.

6.      Plaintiff has never been convicted of any sex offense, has never been required to register as a sex offender, and a search through the federal government's sex offender registry has revealed that Plaintiff is in fact not registered as a sex offender.

7.      A simple search through the United States Department of Justice Website located at http://nsopw.gov readily shows that Plaintiff is not a registered sex offender.

8.      Defendant's disclosure that Plaintiff is a sex-reported sex offender caused Plaintiff to lose a valuable employment opportunity with Walmart.

9.      Plaintiff has never been rehired even following Plaintiff's dispute. Plaintiff was instructed to "reapply" after several months. Plaintiff reapplied with her prospective employer every few months in an attempt to obtain employment. To date, Plaintiff has never been hired back despite her multiple employment applications.

10.     Under the FCRA, specifically 15 USC § 1681e(b), Defendant was required to use reasonable procedures to ensure the maximum possible accuracy of the

information it reported about Plaintiff to Walmart. Failing to ensure an exact name match is a clear violation of this statute.

11.     As a direct result of Defendant's failure to verify public records, Plaintiff was denied employment with Walmart.

12.     Defendant did not have defined processes to verify the accuracy of the public records information provided in the Report.

13.     Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result of the denial of employment.

14.     Accordingly, Plaintiff seeks recovery for her actual damages, including loss of earnings, emotional distress, and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

15.     Plaintiff is an individual and resident of Fruita, Colorado.

16.     Defendant is a consumer reporting agency within the meaning of the FCRA, specifically 15 USC § 1681a(f).

17.     Defendant First Advantage is a consumer reporting agency, and is and at all times herein mentioned was, a Foreign Corporation registered to do business in the State of Georgia, with its principal place of business at 1 Concourse Parkway, N.E., Suite 200, Atlanta, Georgia 30328. It may be served by Service of Process upon its registered agent, Corporation Service Company, at the address of 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

18. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

19. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

20. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## FIRST CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1681e(b)

21. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by disclosing inaccurate information regarding Plaintiff, specifically Defendant failed to use reasonable procedures to ensure that the reported information belonged to Plaintiff and was accurate as alleged in Paragraphs 4-7 above.

22. The first requirement of identity matching within the background check industry is to ensure all criminal history reported belongs to the consumer who is the

subject of the consumer report. As one of the nation's largest background screening companies, Defendant is well aware of this requirement.

23. Defendant's conduct was willful and/or reckless because it had actual knowledge of its obligations under the FCRA and nevertheless failed to take the steps and institute the procedures necessary to ensure the maximum possible accuracy of the information in the Report.

24. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported in the Report.

25. Alternatively, Plaintiff alleges that Defendant's violations were negligent as Defendant did not utilize reasonable procedures to ensure the reported information about Plaintiff was accurate.

## SECOND CAUSE OF ACTION
### [Violation of 15 U.S.C. § 1681k(a)]

26. Plaintiff is informed and believes, and thereon alleges that Defendant willfully and/or recklessly failed to use strict procedures to ensure the information reported in the Report was complete and up to date despite knowing that the erroneous public record was likely to have an adverse effect upon Plaintiff's ability to obtain employment in violation of 15 U.S.C. § 1681k(a).

27. Alternatively, Plaintiff alleges that Defendant's violations of 15 U.S.C. § 1681k(a) were negligent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

2. For interest upon such damages as permitted by law;

3. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

4. For the costs of the lawsuit; and

5. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

This 24th day of August, 2023

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC** <br> 1872 Independence Square, Suite D <br> Dunwoody, Georgia 30338 <br><br> *Counsel for Plaintiff* | */s/ Craig E. Bertschi* <br> Craig E. Bertschi <br> Georgia Bar No. 055739 <br> ceb@mcraebertschi.com <br> 678.999.1102 |

*To be admitted as counsel for Plaintiff pro hac vice:*

Devin Fok (SBN #256599)
devin@devinfoklaw.com
DHF Law, PC
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023