IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CASSANDRA GODFREY, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | FILE NUMBER: 23A03337 _____ |
| v. | ) | |
| | ) | |
| JERALD F. CRAFT (dba CRAFT | ) | |
| TRUCKING) and PROGRESSIVE | ) | |
| SOUTHEASTERN INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Cassandra Godfrey, Plaintiff in the above-styled action, and hereby files

her Complaint, and in support thereof, shows this Court as follows:

## PARTIES AND JURISDICTION

1.

Defendant Jerald F. Craft, doing business as Craft Trucking (hereinafter "Craft"), is a

nonresident motor carrier transacting business in the State of Georgia.  Defendant Craft operates

as an interstate motor carrier under US DOT number 3737198.  Defendant Craft is subject to the

jurisdiction and venue of this Court as a party Defendant pursuant to, *inter alia*, O.C.G.A. §§ 9-

10-31, 9-10-91, 9-10-93, 40-1-117(b), and/or 40-12-3.  Service by second original may be made

upon Defendant Craft at his home residence and principal business address, which is 162 Myrtle

Sholar Road, Wallace, NC 28466.  Jurisdiction and venue are proper.  This Defendant has been

properly served with process in this action.

2.

Defendant Progressive Southeastern Insurance Company is an Indiana-based insurance

company and is subject to suit by direct action pursuant to O.C.G.A. §§ 40-1-112 and 40-2-

STATE COURT OF
DEKALB COUNTY, GA.
7/26/2023 3:26 PM
E-FILED
BY: Monica Gay

140(c)(4).  Defendant Progressive Southeastern Insurance Company is subject to the jurisdiction and venue of this Court as a party Defendant pursuant to O.C.G.A. §§ 40-1-112, 9-10-31 and/or 33-4-1, as the incident giving rise to this action occurred in DeKalb County and this Defendant maintained an agent and/or a place of doing business in this county at the time the cause of action arose.  Pursuant to O.C.G.A. §§ 33-4-3 and 33-4-4, service may be made upon the Commissioner of Insurance of the State of Georgia.  Service by second original may also be made upon Defendant Progressive Southeastern Insurance Company's registered agent for service to wit: CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.  Jurisdiction and venue are proper. This Defendant has been properly served with process in this action.

3.

Defendant Craft is engaged in business as an interstate motor carrier transporting goods for compensation and conducting business in Georgia, including in and through DeKalb County, Georgia.

4.

At the time of the subject collision, Defendant Progressive Southeastern Insurance Company provided a policy of liability insurance on behalf of Defendant Craft, a motor carrier, the same being policy number 952639982.  Said policy was in effect on May 7, 2022 and at all times relevant.

5.

Plaintiff Cassandra Godfrey (hereinafter referred to as "Godfrey") is a resident of Covington, Georgia.

6.

This Court has subject matter jurisdiction over the claims asserted in this Complaint.

- 2 -

7.

The amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00).

## FACTS

8.

On May 7, 2022, at approximately 4:54 p.m., Plaintiff Cassandra Godfrey was driving eastbound on Interstate 20 in DeKalb County, GA, while maintaining her lane of travel at all times relevant.

9.

At the same date and time, Defendant Craft also was driving eastbound on Interstate 20, two lanes to the right of Plaintiff, in a commercial motor vehicle, a 2015 International Prostar Limited, VIN 3HSDJAPR3FN716200, with trailer, owned by Defendant Craft.

10.

Defendant Craft merged left across two lanes of traffic and struck the passenger side of Plaintiff's vehicle, causing Plaintiff's to spin into traffic.

11.

At all times relevant, the weather on the afternoon of May 7, 2022 was clear and the subject roadways were dry at the scene of the collision.

12.

There was nothing obstructing Defendant Craft's view of Plaintiff's vehicle or the roadway.

## COUNT I – DEFENDANT CRAFT'S NEGLIGENCE

13.

Plaintiff re-alleges the allegations contained in paragraph numbers 1 through 12 as if restated herein in their entirety.

14.

Defendant Craft had a duty to operate his commercial motor vehicle in a safe and prudent manner in accordance with his training as a professional truck driver and so as not to endanger the lives and welfare of Plaintiff and the motoring public.  This duty included keeping a proper lookout, not being distracted, paying attention, operating his commercial motor vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway, having regard for the actual and potential hazards then existing, and observance of all traffic laws, regulations, and rules of the road.

15.

As a professional truck driver, Defendant Craft had a duty to operate his commercial motor vehicle in accordance with the laws, ordinances and regulations of the State of Georgia and the jurisdiction in which it is being operated, in conformance with the Federal Motor Carrier Safety Regulations and the industry and corporate standards arising out of these regulations, including the required knowledge and skills set forth in 49 C.F.R. §§ 383.111 and 383.113 and the mandates of 49 C.F.R. §§ 390-395, and in compliance with any other operating authority.

16.

Defendant Craft breached those duties, was negligent, and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

1.  Failure to maintain his lane of travel (O.C.G.A. § 40-6-48);

2.  Changing lanes on the interstate in an unsafe and unlawful manner (O.C.G.A. § 40-6-48);

3.  Traveling at a speed unsafe for conditions (O.C.G.A. § 40-6-180);

4.  Failing to drive at a reasonable and prudent speed in accordance with the conditions of the roadway and having regard for the actual and potential hazards then existing (O.C.G.A. § 40-6-180);

5.  Failing to maintain control of his vehicle;

6.  Failing to utilize due care in the operation of his vehicle and engaging in actions which distract from the safe operation of a vehicle (O.C.G.A. § 40-6-241);

7.  Reckless driving (O.C.G.A. § 40-6-390);

8.  Failing to utilize ordinary care for the safety of others/ordinary negligence (O.C.G.A. § 51-1-2); and

9.  Any and all other acts of negligence which may be proven at trial, including violations of any pertinent rules of the road and the Federal Motor Carrier Safety Administration's regulations.

17.

At all times relevant hereto, Defendant Craft was negligent and in violation of the following Federal Motor Carrier Safety Regulations, *inter alia*:

1.  Failing to operate a commercial motor vehicle in accordance with state and local laws, ordinances, and regulations (49 C.F.R. § 392.2);

2.  Operating a commercial motor vehicle while the driver's ability or alertness is impaired (49 C.F.R. § 392.3);

3. Operating a commercial motor vehicle in violation of hours of service regulations (49 C.F.R. § 395); and

4. Any and all other acts of negligence or violations of the Federal Motor Carrier Safety Administration's regulations which may be proven at trial.

18.

Defendant Craft negligently maintained and inspected the subject commercial motor vehicle and negligently failed to make needed repairs, modifications, maintenance, and service to the commercial motor vehicle.  Said commercial motor vehicle should have been maintained, repaired, or removed from service so it did not create an unreasonable risk of injury.

19.

Defendant Craft failed to adhere to pertinent aspects of Georgia's Uniform Rules of the Road and the Federal Motor Carrier Safety Regulations.

20.

Defendant Craft's negligence and violation of Georgia's Uniform Rules of the Road and the Federal Motor Carrier Safety Regulations constitute negligence *per se*.

21.

As a result of the foregoing breaches of duties by Defendant Craft, Plaintiff Godfrey suffered the losses and injuries noted herein.

22.

Defendant Craft's negligence proximately caused the injuries sustained by Plaintiff Godfrey.

## COUNT II – DAMAGES

23.

Plaintiff re-alleges the allegations contained in paragraph numbers 1 through 22 as if restated herein in their entirety.

24.

The injuries sustained by Plaintiff Godfrey are a direct and proximate result of the negligence of Defendant Craft.

25.

As a direct and proximate result of Defendant Craft's negligence, Plaintiff Godfrey sustained significant bodily injuries requiring medical attention.  These injuries are anticipated to require additional care in the future.

26.

As a direct and proximate result of Defendant Craft's negligence, Plaintiff Godfrey incurred damages including but not limited to: medical expenses, pain and suffering, lost wages, including her diminished capacity to labor, and any and all other elements of damage allowable under the laws of the State of Georgia.

27.

Plaintiff Godfrey is entitled to recover from Defendants for her medical care and treatment to date, the care she may require in the future, her pain and suffering, past, present and future, any wage loss she may have incurred, including her diminished capacity to labor, and any and all other elements of damage allowable under the laws of the State of Georgia.

28.

Plaintiff Godfrey is entitled to recover for the ramifications of her injuries, directly and proximately resulting from Defendant Craft's negligence.

## COUNT III – ATTORNEYS' FEES AND LITIGATION EXPENSES UNDER O.C.G.A. § 13-6-11

29.

Plaintiff re-alleges the allegations contained in paragraph numbers 1 through 28 as if restated herein in their entirety.

30.

Defendant Craft's actions leading to the subject collision and failure to comply with and violations of the Georgia Uniform Rules of the Road and/or Federal Motor Carrier Safety Regulations are evidence that Defendant acted in bad faith in the transaction out of which the cause of action arose within the meaning of O.C.G.A. § 13-6-11.

31.

Pursuant to O.C.G.A. § 13-6-11, Plaintiff Godfrey is entitled to recovery of the expenses of litigation and attorneys' fees since Defendant has acted in bad faith, has been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense.

## COUNT IV – PUNITIVE DAMAGES

32.

Plaintiff re-alleges the allegations contained in paragraph numbers 1 through 31 as if restated herein in their entirety.

33.

The conduct of Defendant Craft in operating the commercial motor vehicle in a reckless manner and his failure to follow procedures necessary to operate and maintain said vehicle

evidence a gross and wanton disregard for the health and safety of individuals, including Plaintiff Godfrey.  Defendant Craft acted with willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care which would raise the presumption of the conscious indifference to consequences and/or a specific intent to cause harm and, as such, Plaintiff is entitled to an award of punitive damages.

34.

The conduct of Defendant Craft and his failure to follow procedures necessary to operate and maintain said vehicle evidence a gross and wanton disregard for the health and safety of individuals, including Plaintiff Godfrey.  Defendant acted with willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care which would raise the presumption of the conscious indifference to consequences and/or a specific intent to cause harm and, as such, Plaintiff is entitled to an award of punitive damages.

35.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the actions of Defendant Craft showed willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care which would raise the presumption of the conscious indifference to consequences and/or a specific intent to cause harm.

## COUNT V – JOINDER OF DEFENDANT COUNTY HALL INSURANCE COMPANY

36.

Plaintiff re-alleges the allegations contained in paragraph numbers 1 through 35 as if restated herein in their entirety.

37.

Defendant Progressive Southeastern Insurance Company provided a policy of liability insurance on behalf of Defendant Craft, a motor carrier, the same being policy number 952639982.

38.

Defendant Progressive Southeastern Insurance Company issued its bond or policy of indemnity insurance to Defendant Craft (a common carrier), which bond or policy was in effect at the time of the incident which is the subject matter of this Complaint.

39.

Defendant Progressive Southeastern Insurance Company's bond or policy of indemnity insurance issued to Defendant Craft (a common carrier) was filed with the commissioner and approved by the Public Service Commission.

40.

Plaintiff Godfrey is a third-party beneficiary under said contract or policies of insurance.

41.

As a result of the foregoing breaches of duties by Defendant Craft, the insured motor carrier of Defendant Progressive Southeastern Insurance Company, Plaintiff Godfrey suffered the losses and injuries noted herein.

42.

Pursuant to the terms and conditions of its policies of insurance, O.C.G.A. §§ 40-1-112 and 40-2-140(c)(4), and other applicable Georgia law, Defendant Progressive Southeastern Insurance Company is subject to suit by direct action and is liable to Plaintiff and responsible for payment of damages incurred by Plaintiff as a result of the negligent acts of Defendant Craft.

WHEREFORE, Plaintiff Cassandra Godfrey prays that:

a)  Process issue as provided by law;

b)  She be awarded actual damages from Defendants in an amount to be shown at trial;

c)  She be awarded general damages from Defendants in accordance with the enlightened

   conscience of an impartial jury;

d)  She be awarded punitive damages from Defendants in accordance with the enlightened

   conscience of an impartial jury;

e)  She be awarded attorneys' fees and expenses;

f)  She be awarded interest and costs;

g)  She have a trial by jury; and

h)  Such other and further relief as this Court deems just and proper, as permitted under

   Georgia law.

**GOLDSTEIN HAYES & LINA, LLC**

*/s/ Jared M. Lina*

_____

Jared M. Lina
Georgia Bar No. 191099
James A. Goldstein
Georgia Bar No. 300430
One Buckhead Plaza
3060 Peachtree Road NW
Suite 1000
Atlanta, Georgia 30305
(404) 869-8600
(404) 869-8044 fax
jml@goldsteinhayes.com
jag@goldsteinhayes.com
Attorneys for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA.
7/26/2023 3:26 PM
E-FILED
BY: Monica Gay

- 11 -