IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CASSANDRA GODFREY, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | FILE NUMBER: 23A03337 _____ |
| v. | ) | |
| | ) | |
| JERALD F. CRAFT (dba CRAFT | ) | |
| TRUCKING) and PROGRESSIVE | ) | |
| SOUTHEASTERN INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
DEFENDANT PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY**

COMES NOW, Cassandra Godfrey, Plaintiff in the above-styled civil action, and hereby requests that this Defendant admit under oath the truth of the facts and the genuineness of the document hereinafter set forth within forty-five (45) days after service of this discovery request upon Defendant.

1.

This Defendant has been correctly named in the present cause insofar as the legal designation of name is concerned.

2.

This Defendant has been properly served as a party Defendant in this case.

3.

That process is sufficient with regard to this Defendant in this case.

4.

That service of process is sufficient with regard to this Defendant in this case.

5.

That DeKalb County State Court has jurisdiction over the subject matter of this case.

6.

That DeKalb County State Court has personal jurisdiction over you as a party Defendant in this case.

7.

That venue is proper in DeKalb County State Court.

8.

That the incident referred to in Plaintiff's Complaint did, in fact, occur on May 7, 2022, at the location described in the Complaint.

9.

That Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

That Defendant Jerald Craft owned the commercial motor vehicle he was operating at the time of the subject incident.

11.

That at the time of the incident referred to in Plaintiff's Complaint, Defendant Jerald Craft was operating the commercial motor vehicle under Defendant Jerald Craft's USDOT number 3737198.

12.

That at the time of the incident referred to in Plaintiff's Complaint, Defendant Jerald Craft was doing business as "Craft Trucking."

12.

That Defendant Jerald Craft is a "motor carrier" as defined by O.C.G.A. § 40-1-100(12).

13.

That the commercial motor vehicle operated by Defendant Jerald Craft at the time of the subject incident and insured by Defendant Progressive Southeastern Insurance Company was not exempt from the definition of a "motor contract carrier" or "motor common carrier" by O.C.G.A. § 40-1-100(12).

14.

That the vehicle operated by Defendant Jerald Craft at the time of the subject incident was a 2015 International Prostar Limited, VIN 3HSDJAPR3FN716200, with a gross vehicle weight rating (GVWR) or 10,001 pounds or more.

15.

That the vehicle operated by Defendant Jerald Craft at the time of the subject incident was a "commercial motor vehicle" as defined by O.C.G.A. § 40-1-1(8.3).

16.

That at the time of the incident described in Plaintiff's Complaint, Defendant Jerald Craft was transporting goods and/or property for compensation.

17.

That at the time of the subject incident, there were no occupants other than Defendant Jerald Craft in the vehicle Defendant Jerald Craft was driving.

18.

That at the time of the subject incident, Defendant Jerald Craft was using or attempting to use a cellular/mobile phone or other communication device.

19.

That at the time of the subject incident, the weather was clear and the subject roadway was dry at the scene of the collision.

20.

That at all times relevant, there was nothing obstructing Defendant Jerald Craft's view of Plaintiff's vehicle or the roadway.

21.

That at the time of the subject incident, Defendant Jerald Craft failed to maintain his lane of travel in violation of O.C.G.A. § 40-6-48.

22.

That at the time of the subject incident, Defendant Jerald Craft attempted to change lanes on the interstate at a time that he was unable to do so safely.

23.

Defendant Jerald Craft failed to drive at a reasonable and prudent speed in accordance with the conditions of the roadway and have regard for the actual and potential hazards then existing in violation of O.C.G.A. § 40-6-180.

24.

Defendant Jerald Craft failed to maintain a proper lookout in violation of O.C.G.A. § 40-6-180.

25.

Defendant Jerald Craft failed to utilize due care in the operation of his vehicle and engaged in actions which distracted from the safe operation of a vehicle in violation of O.C.G.A. § 40-6-241.

26.

Defendant Jerald Craft drove recklessly in violation of O.C.G.A. § 40-6-390.

27.

Defendant Jerald Craft failed to utilize ordinary care for the safety of others/ committed ordinary negligence in violation of O.C.G.A. § 51-1-2.

28.

Defendant Jerald Craft failed to maintain control of his vehicle.

29.

Defendant Jerald Craft failed to have the required knowledge and skills for basic operation and control of a commercial motor vehicle in violation of 49 C.F.R. §§ 383.110, 383.111, and 383.113.

30.

Defendant Jerald Craft failed to operate a commercial motor vehicle in accordance with state and local laws, ordinances, and regulations in violation of 49 C.F.R. § 392.2.

31.

Defendant Jerald Craft operated a commercial motor vehicle while his ability or alertness was impaired in violation of 49 C.F.R. § 392.3.

32.

Defendant Jerald Craft operated a commercial motor vehicle in violation of hours of service regulations in violation of 49 C.F.R. § 395.

33.

Defendant Jerald Craft failed to properly look and recognize the traffic on all sides of the commercial motor vehicle.

34.

That Defendant Jerald Craft's acts of negligence were the proximate cause of the incident referred to in Plaintiff's Complaint.

35.

That Defendant Jerald Craft's acts of negligence were the proximate cause of the injuries sustained by Plaintiff Cassandra Godfrey.

36.

That Plaintiff Cassandra Godfrey sustained an actionable injury or loss as a result of the negligence of Defendant Jerald Craft in the operation of the subject commercial motor vehicle.

37.

That this Defendant has no insurance policy, policies, or coverage, which may be applicable to compensate Plaintiff for injuries and damages arising out of the incident which is the subject of Plaintiff's Complaint.

38.

That Defendant Jerald Craft was insured for the purposes of liability coverage under Progressive Southeastern Insurance Company's policy number 952639982 at the time of the subject incident.  Said policy was in effect at all times relevant hereto.

39.

That at the time of the subject incident and all times relevant hereto, Progressive Southeastern Insurance Company provided a policy of liability insurance on behalf of Defendant Jerald Craft, the same being policy number 952639982.

40.

That in addition to Progressive Southeastern Insurance Company's policy number 952639982, other policies of insurance may provide coverage to Plaintiff Cassandra Godfrey.

41.

That the incident complained of was not due, either in whole or in part, to any negligence on the part of Plaintiff Cassandra Godfrey.

42.

That Plaintiff Godfrey did nothing to cause this incident.

43.

That this Defendant transacts business in and through DeKalb County, Georgia.

44.

That this Defendant was transacting business in and through DeKalb County, Georgia at the time of the incident referred to in Plaintiff's Complaint.

**GOLDSTEIN HAYES & LINA, LLC**

/s/ *Jared M. Lina*

_____
Jared M. Lina
Georgia Bar No. 191099
James A. Goldstein
Georgia Bar No. 300430
One Buckhead Plaza
3060 Peachtree Road NW
Suite 1000
Atlanta, Georgia 30305
(404) 869-8600
(404) 869-8044 fax
jml@goldsteinhayes.com
jag@goldsteinhayes.com
Attorneys for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA.
7/26/2023 3:26 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CASSANDRA GODFREY, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | FILE NUMBER: 23A03337 _____ |
| v. | ) | |
| | ) | |
| JERALD F. CRAFT (dba CRAFT | ) | |
| TRUCKING) and PROGRESSIVE | ) | |
| SOUTHEASTERN INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO
DEFENDANT PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY**

COMES NOW, Cassandra Godfrey, Plaintiff in the above-styled action, and hereby requests pursuant to O.C.G.A. § 9-11-26 and § 9-11-33, that this Defendant respond to the following written interrogatories, through an officer, fully, in writing and under oath within the time permitted by law.  Each of the following interrogatories shall be deemed continuing and must be supplemented by Defendant to the extent required by O.C.G.A. § 9-11-26(e).

**DEFINITIONS**

(a)     Document - As used herein "document" shall mean any tangible thing upon which information is or has been stored, recorded, or communicated in the custody, control, or possession of Defendant or of which Defendant has knowledge, including without limitation letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graph, statistical compilations, magnetic discs, records and tapes and other media information or data stored or generated from a computer, computer cards, computer hard drive, computer CDs or disks, computer

saved program or any computer tapes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which the draft copy contains any commentary or notation whatsoever that does not appear on the original.

(b)     <u>Person</u> - As used herein "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies, or any other legally cognizable entities.

(c)     <u>Date</u> - As used herein "date" shall mean the exact day, month, and year, if known to Defendant, or, if the exact date is not known, the best available approximation.

(d)     <u>Communication</u> - As used herein "communication" shall include any oral utterance made, heard, or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

(e)     <u>Identify</u> - As used herein "identify" when used in reference to:

(1)     a person who is an individual, shall mean to state his or her full name, present, or last known address (designating which), present or last known position or business affiliation (designating which), job title, employment address, and business and residence telephone numbers;

(2)     a person who is a firm, partnership, corporation, proprietorship, financial institution, or other organization or entity, shall mean to state its full name and present or last known address (designating which), telephone number, the legal form of such entity or organization, and the identity of its chief executive officer;

- 2 -

(3)     an oral communication shall mean to state the date, subject matter, communicator, place or places where communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witness thereto;

(4)     a document shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.g., invoice number), the names of the persons known to have seen the document or to have received copies, its present location or custodian, and a description of its contents (in lieu of stating the foregoing information, Defendant may attach a legible copy of a document to its responses hereto, specifying the particular interrogatory to which the copy is in response to and identifying the present custodian of the original).  If any document which you would have identified in response to any interrogatory was but is no longer in your possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others, or otherwise disposed of, and in any such instance to set forth the surrounding circumstances in any authorization for such disposition, to state the approximate date of such disposition, and, if known, the present location and custodian of such documents.

(f)     State All Facts - As used herein "state all facts" means to state all facts discoverable under O.C.G.A. § 9-11-26 and § 9-11-33 known to Defendant or Defendant's attorneys, and to identify all documents concerning or relating to such facts.  When used in reference to an allegation of the pleadings, "state all facts" shall include all facts negating, as well as supporting, the allegation.

(g)     You - As used herein "you" shall mean Defendant or any person or persons acting, or purporting to act in any manner for Defendant or on Defendant's behalf.

(h)     Or - As used herein "or" shall mean and/or.

(i)     This incident or the subject incident - As used herein "this incident" or "the subject incident" shall be defined as the event described in Plaintiff's Complaint, which occurred on or about May 7, 2022.

## **INSTRUCTIONS**

(a)     Each interrogatory should be answered separately upon the knowledge or upon the information and belief of Defendant and any answer based upon information and belief should state that it is given upon such basis.

(b)     If the complete answer to an interrogatory is not known, so state and answer as fully as possible each part of such interrogatory to which an answer is known.

(c)     The following interrogatories shall be continuing to the full extent permitted under the applicable provisions of the Georgia Civil Practice Act.  Each interrogatory shall be construed to include information and documents within Defendant's knowledge, possession, or control as of the date of his/her/its answer to these interrogatories and any supplemental information, knowledge, data, documents,

or communications responsive to these interrogatories which is subsequently generated, obtained, or discovered.

(d)    If the response to any interrogatory consists in whole or in part of any objection relating to or including burdensomeness, then with respect to such response:

(1)    provide such information as can be ascertained without undue burden;

(2)    state with particularity the basis for such objection, including;

(a)    a description of the process or method required to obtain any fact or document responsive to the interrogatory; and

(b)    the estimated cost and time required to obtain any fact responsive to the interrogatory.

(3)    describe the nature and extent of the documents (or other sources), if any, from which any fact responsive to the interrogatory can be obtained.

(e)    Objections based on privilege - In the event that any information requested herein is withheld under a claim of privilege, please provide the following regarding the information which you claim is privileged:

(1)    a description of the general subject matter of the information and the approximate date when it was prepared, created, or became known;

(2)    the name and title of each person having knowledge of the information and the name and title of any other person who may have received such information;

(3)     a statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the information; and

(4)     the numbers of each interrogatory to which the information otherwise would be responsive.

(f)     To the extent any information called for by these interrogatories is unknown to you so state and set forth such remaining information as is known.  If any estimate can reasonably be made in place of unknown information, also set forth you best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

(g)     All definitions set forth herein shall be carefully regarded.

## <u>INTERROGATORIES</u>

1.

Please identify by name, address, county, and telephone number all of this Defendant's agents and places of doing business within DeKalb County, Georgia both at the present time and at the time the cause of action accrued or the contract was made out of which such cause of action arose.

2.

State specifically and in detail when, where, and how you claim the occurrence happened which is the basis of this lawsuit.

3.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules, or regulations which you contend any person or entity violated with respect to the incident giving rise to this lawsuit.

4.

State the name, address, and employer of all persons or entities who to your knowledge, information, or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.  This request includes the identification of any and all drug testing facilities utilized as a result of this incident.

5.

Please state the names, addresses, telephone numbers, and places of employment of all persons that to you or your representative's knowledge, information, or belief, either from your own investigation or from any investigation made on your behalf:

(a) who may have seen any part of the occurrence complained of or who may have or claim to have arrived at the scene of the occurrence complained of immediately or shortly after its happening;

(b) who have some knowledge regarding the facts or circumstances surrounding the happening of the incident complained of, including but not limited to, medical witnesses and other persons having any knowledge thereof; and

(c) if any of these people listed above are friends, relatives, or employees of you, your family, or companies, please list those relationships.

6.

Please state the names, residence and business addresses, and business telephone numbers of all persons retained or consulted by you or on your behalf to evaluate or investigate the cause of the subject incident or whom you expect to call or may call as expert witnesses at trial. With respect to each person, state:

(a) the specific subject matter on which you consulted such expert or expect such expert to testify;

(b) the substance of the facts, opinions, and conclusions which you expect such expert to testify;

(c) the grounds for each such opinion or conclusions;

(d) whether any of such person has prepared or provided you with a written or recorded statement or report concerning their investigation or study, or the facts found by them, or the conclusions or opinions arrived at by them, or the grounds of their opinions or conclusions. If so, please state the date of each such report or statement, and the names and addresses of all persons who have a copy of such report or statement; and

- 8 -

(e)     the name, business telephone number, and business address of each person you retained or specially employed in the anticipation of litigation or preparation for trial who you do not expect to call as a witness at the trial of the case.

7.

Please identify specifically each and every statute, ordinance, regulation, rule, code, or industry standard of any kind which you, your expert, or other witness will rely upon in support of any of your defenses in this lawsuit.

8.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

9.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item.  (NOTE:  You need not describe any document that was produced _and_ specifically listed as having been produced in your responses to Plaintiff's First Request for Production of Documents.)

10.

Please identify with specificity any collision in which Defendant Jerald Craft has been involved, either _before_ or _after_ the incident that is the subject matter of this

litigation, including the date, time, and place of occurrence, the name, address, and telephone number of all parties involved in said collision, the address of the investigating police department, personal injuries, if any, claimed in such collision, and a short description of how the collision occurred.

11.

Has Defendant Jerald Craft ever had a driver's license suspended, canceled, revoked, or containing any restrictions of any sort in the past, at the time of the incident, or after the incident forming the basis of Plaintiff's Complaint?

12.

Please state how and when you first became aware of the subject incident, identifying the specific individual(s) reporting the incident.

13.

Do you deny that Defendant Jerald Craft was negligent in the subject incident? If so, please explain the factual basis of your denial of negligence, including a description of any negligent acts of other persons or entities that you contend contributed to this wreck.

14.

If you contend that Plaintiff or any other individual or entity acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit or to Plaintiff being injured, please set forth each and every fact, act, or omission upon which your contention is based and identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules, or regulations which you contend were violated.

15.

Did you make a determination as to whether this incident was preventable by or chargeable to Defendant Jerald Craft?  If so, please state your determination and the reasons therefore.

16.

State the substance of each conversation you, your agents, attorneys, servants, or employees had with any Plaintiff at the time of or at any time following the occurrence giving rise to this lawsuit.

17.

Please state whether you, your agents, attorneys, servants, or employees have any information indicating whether Plaintiff or any witness has been convicted of a crime.  If so, please describe the information you have and what your information reveals about the number of convictions.

18.

Please state whether you have attempted to surveil or observe Plaintiff at any time after the incident forming the basis of Plaintiff's Complaint, and state whether any video tapes, pictures, or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-incident surveillance even if such attempts were unsuccessful.)

19.

Please state the factual basis upon which you rely in support of each defense that you assert or denial alleged in this action, including but not limited to all defenses or denials alleged in your answer to Plaintiff's Complaint and/or responses to Plaintiff's Request for Admissions.  For each such defense and/or denial, please give a

detailed explanation for your defense and/or denial (under oath in response to this Interrogatory) and identify all known facts, statements, expected lay or expert testimony, and documents which support each defense and/or denial.

20.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction over this Defendant, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon this Defendant.

21.

If you deny that this Defendant is subject to direct action in accordance with O.C.G.A. § 40-1-112, please state fully and completely the factual basis for your denial.

22.

Please describe each and every action this Defendant takes to screen, monitor, or review any drivers or prospective drivers for Defendant Jerald Craft (dba Craft Trucking).

23.

Please identify any contracts, agreements, or services provided to Defendant Jerald Craft, including a complete description of any action in any way related to:

a)  Fleet management services;

b)  Maintenance services;

c)  Fuel services;

d)  Fuel monitoring;

e)  Leasing programs;

f)  Leased drivers;

g) Routing and scheduling services;

h) Driver screening and application;

i) Driver recruiting;

j) Driver hiring;

k) Driver qualification;

l) Driver training/re-training;

m) Driver retention;

n) Driver monitoring;

o) Safety;

p) Safety consulting;

q) Safety compliance;

r) Safety services;

s) Regulatory compliance;

t) Driver log auditing, monitoring, management, intervention, and validation of log integrity;

u) Risk management;

v) Communication systems;

w) Distribution management services; and

x) Transportation management services.

24.

Please identify by name, address, and telephone number all drivers for Defendant Jerald Craft (dba Craft Trucking) that this Defendant denied coverage to or excluded from coverage.

25.

Please identify each and every video recording device, data recording device, and tracking device that was present on the subject commercial motor vehicle at the time of the subject incident.  For each device, indicate the custodian and location of the data recorded.  If no data was recorded or saved, please explain why.

26.

Please identify by name, address, telephone number, and registered agent (if appropriate) all individuals, including but not limited to maintenance employees, management persons, or other employees or persons, corporations, businesses, and entities that in any way inspected the subject commercial motor vehicle, as well as any person or entity whose responsibilities included the inspection, repair, maintenance, and upkeep of the commercial motor vehicle.  For any person identified, please describe the actions taken, the date, time, and location of the action, the result of such action and the involvement in regard to said responsibilities.

27.

State whether at the time of the subject incident there were any mechanical, manufacturing, or other defects of any nature in or relating to the commercial motor vehicle involved in this incident.

28.

State whether any repair or maintenance on or to any part of the subject commercial motor vehicle has been made since the date of the incident complained of, and, if so, state the date, nature of, and the reason for making each repair or maintenance and the name, current address, and telephone number of each person who made each repair or maintenance.

29.

State whether you have one or more insurance policies, agreement(s), or contract(s) in which the insurance company is or may be obligated to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse any person for any cost, expense, or payment made in connection with this action.  If so, for each such policy of insurance, agreement, or contract (specifying which), identify by name and address the insurer and each person who is a party or beneficiary (specifying which), the effective dates of coverage or date of execution, the substance and content, the amount of coverage to satisfy such a judgment, the name and current address of the person(s) having possession thereof, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

30.

Please state the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

31.

Please state the date that you first anticipated litigation to arise out of the subject incident and identify the first act which was performed by you in anticipation of litigation.  Specifically, state the date of each such act and by whom the act was performed.

32.

Were any documents, pictures, files, records, or other tangible items relating to the subject incident, any vehicle involved, or the parties involved, destroyed, lost, or misplaced after the date litigation was first anticipated?  If so, please identify:

(a) the item(s), including a description of each item and what it depicts;

(b) the last known location of the item(s), by name;

(c) the name, address, and position of the individual who is believed to have last had possession of the item(s); and

(d) the reason for each items destruction or how it came to be misplaced or lost.

33.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

34.

Please identify each person who provided information or assisted in preparing your responses to these interrogatories, stating, in particular, what each person did in that respect, as well as that person's full name and position.  Also, state the specific interrogatories with respect to which each person provided information or assistance.  Individuals performing only clerical duties need not be identified.

**GOLDSTEIN HAYES & LINA, LLC**

*/s/ Jared M. Lina*

_____
Jared M. Lina
Georgia Bar No. 191099
James A. Goldstein
Georgia Bar No. 300430
One Buckhead Plaza
3060 Peachtree Road NW
Suite 1000
Atlanta, Georgia 30305
(404) 869-8600
(404) 869-8044 fax
jml@goldsteinhayes.com
jag@goldsteinhayes.com
Attorneys for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA.
7/26/2023 3:26 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CASSANDRA GODFREY, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | 23A03337 |
| | ) | FILE NUMBER: _____ |
| v. | ) | |
| | ) | |
| JERALD F. CRAFT (dba CRAFT | ) | |
| TRUCKING) and PROGRESSIVE | ) | |
| SOUTHEASTERN INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY**

COMES NOW, CASSANDRA GODFREY, Plaintiff in the above-styled action, and hereby requests that this Defendant respond as provided by law, with a copy of the responses being served upon the undersigned counsel of record for Plaintiff at 3060 Peachtree Road, N.W., Suite 1000, Atlanta, Georgia 30305.

**DEFINITIONS AND INSTRUCTIONS**

(A)     This request for production of documents shall be deemed continuing, to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-13-27, *et seq.*, so as to require Defendant to serve upon Plaintiff supplemental answers if Defendant or its attorneys obtain further information between the time the answers are served and the time of trial.

(B)     The following definitions shall apply to these requests:

(1)     The term "document", whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals, or if such are not available, true copies of all letters, correspondence, invoices, contracts,

agreements, purchase orders, memoranda, tapes, stenographical and handwritten notes, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graph, statistical compilations, magnetic discs, records and tapes and other media information or data stored or generated from a computer, computer cards, computer hard drive, computer CDs or disks, computer saved program or any computer tapes, printouts, reports, and other machine-readable records and data, sound recordings, and every draft or copy of a documents which is not identical to the original or which the draft of copy contains any commentary or notation whatsoever that does not appear on the original, and any other written matter tangible or physical objects, however produced or reproduced, upon which words or phrases are affixed and from which by appropriate transfixion such matter or tangible thing may be produced in the possession, custody, or control of either Defendant or its agents, attorneys, or employees.

(2)     The term "persons" shall mean all individuals and entities, including without limiting the generality of the foregoing, all individuals, governmental bodies, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, and estates.

(3)     The term "and" shall mean and/or.

(4)     In these requests, the singular includes the plural, the plural includes the singular, the masculine includes the feminine, and the feminine includes the masculine.

(5)     The term "identify" when used with reference to a person means such person's name, present home and business address, present home and business telephone numbers, present basis of employment, and job title.

(6)     The term "identify" when used with reference to an entity (i.e. firm, partnership, corporation, proprietorship, financial institution, or other organization) shall mean to state its full name and present or last known address and telephone number (designating which), the legal form of such entity or organization, and the identity of its chief executive officer.

(7)     The word "you" used herein shall mean Defendant or any person or persons acting, or purporting to act in any manner for Defendant or on Defendant's behalf.

(8)     As used herein "date" shall meant the exact day, month, and year, if known to Defendant, or if the exact date is not known, the best available approximation.

(9)     As used herein "communication" shall include any conversation, discussion, and utterance made, heard, or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

(C)     If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request.  If you object to the

scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

(D)     If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying whatever information you have concerning the unanswered portions.  If your response is qualified in any particular, please set forth the details of such qualifications.

(E)     In the event you wish to assert attorney/client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide Plaintiff with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

## **REQUEST FOR PRODUCTION**

1.

Any statement or document obtained or in your control from any person, including any Plaintiff or his/her agents, possessing knowledge relevant to the subject incident, whether written, recorded, or other.

2.

All photographs, charts, diagrams, videos, visual or audio recordings, computer-generated media, or other illustrations of any person, place, or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, any vehicle or trailer involved in the incident including any damaged parts thereof, the body or person of any Plaintiff, Defendant, or other person involved in this incident after the trauma, depicting the injuries allegedly sustained, the incident itself, or any other relevant event or thing.

3.

All documents evidencing, reflecting, relating to, or constituting any communication between any Defendant, any Plaintiff, and any other party or witness involved in this lawsuit, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this litigation.

4.

Any and all documents, letters, memos, computer, electronic, or e-mail messages relating to the facts, circumstances, or investigation of the incident, whether generated or received by you or your agents.

5.

All documents evidencing, reflecting, or recording any payments to Plaintiff and/or any Defendant (or payments made on behalf of Plaintiff and/or any Defendant), by any insurance carrier for damages allegedly sustained by Plaintiff and/or any Defendant due to this incident.

6.

All diaries, calendars, journals, appointment books, or other records, including memoranda, notes, or other documents, from the date of the incident giving rise to this lawsuit, which were kept by you as a result of the incident.

7.

All documents supporting or relating to Plaintiff's or Defendant's contentions of negligence.

8.

The original or a certified true and accurate copy of the declaration sheet or coverage page and all applicable insurance policies that may provide coverage or benefits to the Defendant(s) in connection with this occurrence.

9.

All documents evidencing, reflecting, or relating to personal injuries, property damage, or other expenses that any party received, incurred, or obtained as a result of this incident.

10.

Any correspondence, statements, documents, or other tangible evidence obtained from any of the witnesses or other individuals involved or with knowledge of the incident forming the basis of Plaintiff's Complaint.

11.

All documents evidencing, reflecting, relating to, or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

12.

All documents that you receive in response to your Requests for Production of Documents to Non-Parties.

13.

Any and all documents identified, referenced, or used to answer any of Plaintiff's Requests for Admissions in this matter.

14.

Any and all documents identified, referenced, or used to answer any of Plaintiff's Interrogatories in this matter.

15.

Please produce all books, documents, and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

16.

Any and all documents that support your allegations, if any, that this Court lacks jurisdiction over this Defendant, that there has been an insufficiency of process of service of Plaintiff's Complaint, and/or that there has been an insufficiency of service of process upon this Defendant.

17.

Please produce all reports received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

18.

The curriculum vitae of all experts who are expected to testify on behalf of Defendant(s), and any documents they created, reviewed, or relied on.

19.

Any and all lease documents or fleet management documents related to the subject commercial motor vehicle.

20.

All contracts and agreements between this Defendant and any other party involved in this civil action.

21.

With respect to Defendant Jerald Craft (dba Craft Trucking), any and all documents or agreements in any way related to:

    a)  Fleet management services;

    b)  Maintenance services;

    c)  Fuel services;

    d)  Fuel monitoring;

    e)  Leasing programs;

    f)  Leased drivers;

    g)  Routing and scheduling services;

    h)  Driver screening and application;

    i)  Driver recruiting;

    j)  Driver hiring;

    k)  Driver qualification;

    l)  Driver training/re-training;

    m) Driver retention;

n) Driver monitoring;

o) Safety;

p) Safety consulting;

q) Safety compliance;

r) Safety services;

s) Regulatory compliance;

t) Driver log auditing, monitoring, management, intervention, and validation of log integrity;

u) Risk management;

v) Communication systems;

w) Distribution management services; and

x) Transportation management services.

22.

The complete underwriting file for your policy number 952639982.

23.

All reports or other documents generated during this Defendant's normal course of investigating the subject incident, including all reports regarding incident fault or preventability as well as documentation of all actions taken.

24.

Any and all documents evidencing facts known to this Defendant regarding factors which caused and/or contributed to the subject incident, including all documentation evidencing efforts made by this Defendant at any time to correct any condition or defect in the subject commercial motor vehicle which may have caused and/or contributed to the subject incident.

25.

Each insurance report, proof of loss, application for insurance payment, or other document or record made by or for you pertaining to insurance coverage, indemnification, reimbursement, payment, or reservation of rights regarding the occurrence forming the basis of this lawsuit.

26.

Each document submitted by you to, or received from, the Georgia Public Service Commission that pertains to the occurrence forming the basis of this lawsuit.

27.

Each document submitted by you to, or received from, the Georgia Public Service Commission that pertains to all applicable insurance policies that may provide coverage or benefits to the Defendant(s) in connection with this occurrence.

28.

Any and all documents or endorsements relating to anyone driving for Defendant Jerald Craft that this Defendant denied coverage to or excluded from coverage.

29.

Any and all contracts or agreements with any person or company that this Defendant utilizes to monitor driver behavior or review Defendant Jerald Craft's driving records.

30.

Please produce a copy of any reservation of right letter(s) or other documentation of any kind which purports to deny insurance coverage, or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

31.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of the Plaintiff's claims in this action or Defendant's defenses.

**GOLDSTEIN HAYES & LINA, LLC**

*/s/ Jared M. Lina*

_____
Jared M. Lina
Georgia Bar No. 191099
James A. Goldstein
Georgia Bar No. 300430
One Buckhead Plaza
3060 Peachtree Road NW
Suite 1000
Atlanta, Georgia 30305
(404) 869-8600
(404) 869-8044 fax
jml@goldsteinhayes.com
jag@goldsteinhayes.com
Attorneys for Plaintiff


STATE COURT OF
DEKALB COUNTY, GA.
7/26/2023 3:26 PM
E-FILED
BY: Monica Gay