## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CASSANDRA GODFREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CIVIL ACTION FILE NO.:  23A03337 |
| JERALD F. CRAFT (dba CRAFT | ) | |
| TRUCKING) and PROGRESSIVE | ) | |
| SOUTHEASTERN INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

### JERALD F. CRAFT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

COMES NOW, Defendant Jerald F. Craft (hereinafter "Defendant"), and hereby responds to Plaintiff's First Request for Admissions as follows:

<u>General Limitations and Objections</u>

1.

Defendant will supplement this discovery only as required by the Georgia Rules of Civil Procedure.

2.

Defendant objects to the Plaintiff's Request for Admissions to the extent that it contains legal contentions and requests legal responses which are outside the scope of the parameters of the Georgia Rules of Civil Procedure as they relate to requests for admissions.

3.

By responding to any of Plaintiff's Requests, Defendant does not waive, and hereby expressly reserve the right: (a) to object to the admissibility or relevance at trial or any hearing of any information produced in connection with such response; and (b) to modify any of such responses at a later date if further factual development or analysis warrants such modification.

Defendant notes that expert discovery has not yet commenced in this matter and reserves the right to amend its responses to Plaintiff's Requests based on opinions developed by its experts during discovery.

4.

Defendant objects to each and every Request and the definitions and instructions used in connection with Plaintiff's Requests to the extent that the wording contained therein is overly broad, vague, and may be inconsistent with the normal usage and may confuse and unduly burden Defendant.  Defendant states that it shall answer Plaintiff's Requests in a manner consistent with the normal understanding and usage of the language used in the Requests.

5.

Defendant objects to each and every Request to the extent that the information called for is protected by the attorney/client privilege or work product immunity or other applicable privileges or immunities, including but not limited to any joint defense privilege.

6.

Defendant objects to each and every Request and object to the instructions and definitions to these Requests to the extent that they seek to vary or broaden Defendant's obligations beyond the requirements of the Georgia Rules of Civil Procedure or any pretrial orders of the court in this action.

7.

The following responses are given without prejudice to Defendant's right to produce any evidence of any undiscovered fact or facts that Defendant may later recall or identify.  Defendant accordingly reserve the right to amend or supplement any and all responses herein as additional facts are ascertained or legal and factual analyses are conducted.  The responses contained herein

are made in a good faith effort to respond based on what is presently known but should in no way be to the detriment of Defendant in relation to further discovery.

## REQUEST FOR ADMISSIONS

1.

This Defendant has been correctly named in the present cause insofar as the legal designation of name is concerned.

**RESPONSE: Admit.**

2.

This Defendant has been properly served as a party Defendant in this case.

**RESPONSE: Admit.**

3.

That process is sufficient with regard to this Defendant in this case.

**RESPONSE: Admit.**

4.

That service of process is sufficient with regard to this Defendant in this case.

**RESPONSE: Admit.**

5.

That DeKalb County State Court has jurisdiction over the subject matter of this case.

**RESPONSE: Admit.**

6.

That DeKalb County State Court has personal jurisdiction over you as a party Defendant in this case.

**RESPONSE: Admit.**

7.

That venue is proper in DeKalb County State Court.

**RESPONSE: Admit.**

8.

That the incident referred to in Plaintiff's Complaint did, in fact, occur on May 7, 2022, at the location described in the Complaint.

**RESPONSE: Admit.**

9.

That Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

**RESPONSE: Admit.**

10.

That Defendant Jerald Craft owned the commercial motor vehicle he was operating at the time of the subject incident.

**RESPONSE: Admit.**

11.

That at the time of the incident referred to in Plaintiff's Complaint, Defendant Jerald Craft was operating the commercial motor vehicle under Defendant Jerald Craft's USDOT number 3737198.

**RESPONSE: Admit.**

12.

That at the time of the incident referred to in Plaintiff's Complaint, Defendant Jerald Craft was doing business as "Craft Trucking."

**RESPONSE: Admit.**

12.

That Defendant Jerald Craft is a "motor carrier" as defined by O.C.G.A. § 40-1-100(12).

**RESPONSE: Admit.**

13.

That the commercial motor vehicle operated by Defendant Jerald Craft at the time of the subject incident and insured by Defendant Progressive Southeastern Insurance Company was not exempt from the definition of a "motor contract carrier" or "motor common carrier" by O.C.G.A. § 40-1-100(12).

**RESPONSE: Admit.**

14.

That the vehicle operated by Defendant Jerald Craft at the time of the subject incident was a 2015 International Prostar Limited, VIN 3HSDJAPR3FN716200, with a gross vehicle weight rating (GVWR) or 10,001 pounds or more.

**RESPONSE: Admit.**

15.

That the vehicle operated by Defendant Jerald Craft at the time of the subject incident was a "commercial motor vehicle" as defined by O.C.G.A. § 40-1-1(8.3).

**RESPONSE: Admit.**

16.

That at the time of the incident described in Plaintiff's Complaint, Defendant Jerald Craft was transporting goods and/or property for compensation.

**RESPONSE: Admit.**

17.

That at the time of the subject incident, there were no occupants other than Defendant Jerald Craft in the vehicle Defendant Jerald Craft was driving.

**RESPONSE: Admit.**

18.

That at the time of the subject incident, Defendant Jerald Craft was using or attempting to use a cellular/mobile phone or other communication device.

**RESPONSE: Deny.**

19.

That at the time of the subject incident, the weather was clear and the subject roadway was dry at the scene of the collision.

**RESPONSE: Admit.**

20.

That at all times relevant, there was nothing obstructing Defendant Jerald Craft's view of Plaintiff's vehicle or the roadway.

**RESPONSE: Admit.**

21.

That at the time of the subject incident, Defendant Jerald Craft failed to maintain his lane of travel in violation of O.C.G.A. § 40-6-48.

**RESPONSE: Deny.**

22.

That at the time of the subject incident, Defendant Jerald Craft attempted to change lanes on the interstate at a time that he was unable to do so safely.

**RESPONSE: Deny.**

23.

Defendant Jerald Craft failed to drive at a reasonable and prudent speed in accordance with the conditions of the roadway and have regard for the actual and potential hazards then existing in violation of O.C.G.A. § 40-6-180.

**RESPONSE: Deny.**

24.

Defendant Jerald Craft failed to maintain a proper lookout in violation of O.C.G.A. § 40-6-180.

**RESPONSE: Deny.**

25.

Defendant Jerald Craft failed to utilize due care in the operation of his vehicle and engaged in actions which distracted from the safe operation of a vehicle in violation of O.C.G.A. § 40-6-241.

**RESPONSE: Deny.**

26.

Defendant Jerald Craft drove recklessly in violation of O.C.G.A. § 40-6-390.

**RESPONSE: Deny.**

27.

Defendant Jerald Craft failed to utilize ordinary care for the safety of others/ committed ordinary negligence in violation of O.C.G.A. § 51-1-2.

**RESPONSE: Deny.**

28.

Defendant Jerald Craft failed to maintain control of his vehicle.

**RESPONSE: Deny.**

29.

Defendant Jerald Craft failed to have the required knowledge and skills for basic operation and control of a commercial motor vehicle in violation of 49 C.F.R. §§ 383.110, 383.111, and 383.113.

**RESPONSE: Deny.**

30.

Defendant Jerald Craft failed to operate a commercial motor vehicle in accordance with state and local laws, ordinances, and regulations in violation of 49 C.F.R. § 392.2.

**RESPONSE: Deny.**

31.

Defendant Jerald Craft operated a commercial motor vehicle while his ability or alertness was impaired in violation of 49 C.F.R. § 392.3.

**RESPONSE: Deny.**

32.

Defendant Jerald Craft operated a commercial motor vehicle in violation of hours of service regulations in violation of 49 C.F.R. § 395.

**RESPONSE: Deny.**

33.

Defendant Jerald Craft failed to properly look and recognize the traffic on all sides of the commercial motor vehicle.

**RESPONSE: Deny.**

34.

That Defendant Jerald Craft's acts of negligence were the proximate cause of the incident referred to in Plaintiff's Complaint.

**RESPONSE: Deny.**

35.

That Defendant Jerald Craft's acts of negligence were the proximate cause of the injuries sustained by Plaintiff Cassandra Godfrey.

**RESPONSE: Deny.**

36.

That Plaintiff Cassandra Godfrey sustained an actionable injury or loss as a result of the negligence of Defendant Jerald Craft in the operation of the subject commercial motor vehicle.

**RESPONSE: Deny.**

37.

That this Defendant has no insurance policy, policies, or coverage, which may be applicable to compensate Plaintiff for injuries and damages arising out of the incident which is the subject of Plaintiff's Complaint.

**RESPONSE: Deny.**

38.

That Defendant Jerald Craft was insured for the purposes of liability coverage under Progressive Southeastern Insurance Company's policy number 952639982 at the time of the subject incident.  Said policy was in effect at all times relevant hereto.

**RESPONSE: Admit.**

39.

That at the time of the subject incident and all times relevant hereto, Progressive Southeastern Insurance Company provided a policy of liability insurance on behalf of Defendant Jerald Craft, the same being policy number 952639982.

**RESPONSE: Admit.**

40.

That in addition to Progressive Southeastern Insurance Company's policy number 952639982, other policies of insurance may provide coverage to Plaintiff Cassandra Godfrey.

**RESPONSE: Denied as to policies issued to Defendant. Defendant is without knowledge as to any uninsured motorist policies.**

41.

That the incident complained of was not due, either in whole or in part, to any negligence on the part of Plaintiff Cassandra Godfrey.

**RESPONSE: Defendant has made reasonable inquiry and the information known or readily obtainable is insufficient to enable Defendant to admit or deny.**

42.

That Plaintiff Godfrey did nothing to cause this incident.

**RESPONSE: Defendant has made reasonable inquiry and the information known or readily obtainable is insufficient to enable Defendant to admit or deny.**

43.

That this Defendant transacts business in and through DeKalb County, Georgia.

**RESPONSE: Deny.**

44.

That this Defendant was transacting business in and through DeKalb County, Georgia at the time of the incident referred to in Plaintiff's Complaint.

**RESPONSE: Deny.**

Respectfully submitted, this 25th of August, 2023.

FAIN, MAJOR & BRENNAN, P.C.

*/s/ Robyn M. Roth*

_____

ROBYN M. ROTH
Georgia Bar No. 153025
Counsel for Defendants

One Premier Plaza
5605 Glenridge Drive NE
Suite 900
Atlanta, GA  30342
(404) 688-6633
rroth@fainmajor.com

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| CASSANDRA GODFREY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )    CIVIL ACTION FILE NO.:  23A03337 |
| JERALD F. CRAFT (dba CRAFT | ) |
| TRUCKING) and PROGRESSIVE | ) |
| SOUTHEASTERN INSURANCE CO., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing ***Jerald F. Craft's Responses to Plaintiff's First Request for Admissions*** with the Clerk of Court using *Odyssey eFileGA* which will automatically send e-mail notification of such filing to all parties of record and/or by depositing a copy of same with the United States Postal Service, with first class postage prepaid, as follows:

Jared M. Lina, Esq.
James A. Goldstein, Esq.
Goldstein Hayes & Lina, LLC
One Buckhead Plaza
3060 Peachtree Road, NW, Suite 1000
Atlanta, GA 30305
jml@goldsteinhayes.com
jag@goldsteinhayes.com

Respectfully submitted, this 25th of August, 2023.

**FAIN, MAJOR & BRENNAN, P.C.**

*/s/ Robyn M. Roth*

ROBYN M. ROTH
Georgia Bar No. 153025
Counsel for Defendants

One Premier Plaza
5605 Glenridge Drive NE
Suite 900
Atlanta, GA  30342
(404) 688-6633
rroth@fainmajor.com