**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHRISTOPHER JULIAN ADAM,

     Plaintiff,

-vs-                              CASE NO.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
and ALLY FINANCIAL INC.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, CHRISTOPHER JULIAN ADAM (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and ALLY FINANCIAL INC. ("Ally") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, each of the Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Jefferson County in the State of Kentucky. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 South Culver Street, Lawrenceville, GA 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Ally is a corporation with its principal place of business in the State of Michigan and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 South Culver Street, Lawrenceville, GA 30046.

17.     Ally is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.     Ally furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

19.     Plaintiff had a credit account with Ally for an auto loan, partial account no. 673925****** ("Ally Account").

20.     Plaintiff made timely payments throughout the history of the loan.

21.     On or about August 21, 2021, Plaintiff was involved in an auto accident.

22.     Due to supply chain issues, the parts required to repair the vehicle could not be obtained. Therefore, in or about January 2022, the vehicle was declared a total loss as of the date of the auto accident on August 21, 2021.

23.     Plaintiff had full coverage insurance through non-party, State Farm Mutual Auto Insurance Company ("State Farm"), as well as gap coverage through Ally.

24.     Accordingly, Ally issued a payoff request to State Farm, and on or about July 13, 2022, State Farm issued a payoff to Ally in the amount of $10,314.50.

25.     The payoff from State Farm and the gap coverage from Ally therefore left a balance of $0.00.

26.      In or about the fall of 2022, Plaintiff attempted to purchase a new vehicle but to his surprise was denied due to delinquencies on his previous car loan.

27.    Utterly confused since he knew he made timely payments t0 the Ally Account, Plaintiff reviewed his Equifax and Experian credit reports and observed that the Ally Account was reported as open with a balance remaining and numerous late payments.

28.    On or about November 2, 2022, Plaintiff submitted an online dispute to Equifax regarding the inaccurate reporting of the Ally Account advising Equifax that the Ally Account was paid in full and never late.

29.    On or about November 3, 2022, the very next day, Equifax stated the investigation was complete, and the reporting of the Ally Account remained unchanged.

30.    Equifax failed to do any independent investigation, and Equifax did not attempt to contact Plaintiff during the alleged investigation.

31.    Upon information and belief, Equifax notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

32.    Around the same time, Plaintiff contacted Experian and disputed the inaccurate reporting of the Ally Account advising Experian that the Ally Account was paid in full and never late.

33.     In or about December 2022, Experian completed its investigation, and reporting of the Ally Account remained unchanged.

34.     Experian failed to do any independent investigation, and Experian did not attempt to contact Plaintiff during the alleged investigation.

35.     Upon information and belief, Experian notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

36.     On or about July 17, 2023, Plaintiff obtained copies of his Equifax and Experian credit reports and the Ally Account continued to be reported with a status of open and a balance of $3,213. Experian was reporting that payment was 30 days late in the months of December 2019, July 2020, December 2020, January 2021, February 2021 (60 days late), April 2021, May 2021, and July 2021. Interestingly, Equifax was reporting that payment was 30 days late in the mostly different months of November 2019, June 2020, November 2020, December 2020, January 2021 (60 days late), March 2021, May 2021, and July 2021.

37.     Not knowing what else to do, on August 4, 2023, Plaintiff reported the inaccurate reporting of the Ally Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 230804-11685151.

38.     In the report, Plaintiff detailed the fact that the Ally Account should have a zero balance and no late payments, that Equifax and Experian were inaccurately reporting the account to his credit report and requested an investigation into the Equifax's and Experian's inaccurate reporting.

39.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax and Experian, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

40.     Upon information and belief, as of the filing of this Complaint, Equifax and Experian failed to review the CFPB complaint that Plaintiff filed and continue to inaccurately report the Ally Account on his credit report.

41.     In response to the continued inaccurate reporting, on August 7, 2023, Plaintiff mailed detailed written dispute letters to Equifax and Experian. In the dispute letter, Plaintiff explained that the Ally account should be listed as having a zero balance with no late payments. To confirm his identity, a copy of his driver's license was included. Also, in this letter, Plaintiff provided images from his credit report of the erroneous reporting, images showing how the CRAs were reporting different late payments, copies of letters from Ally and State Farm as proof of the payoff, and a copy of the CFPB Complaint ID 230804-11685151.

42.     Plaintiff mailed the detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0319 5555 26) and Experian (9589 0710 5270 0319 5555 40).

43.     As of the filing of this Complaint, Equifax and Experian continue to report negative information on Plaintiff's credit report regarding the Ally Account, and Plaintiff's damages are on-going.

44.     Defendants have never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of this Complaint with Defendants' refusal to conduct a meaningful investigation into her dispute as it is required to by law.

45.     As a result of the actions and/or inactions of the Defendants, Plaintiff has suffered damage to his credit score.

46.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.      Monies lost by attempting to fix his credit;

    ii.     Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.     Reduction in credit score;

v.     Apprehensiveness to apply for an auto loan or lines of credit due to the fear of rejection; and

vi.    Defamation as Equifax and Experian published Plaintiff's inaccurate information to third parties.

## COUNT I
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

47.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

48.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

50.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming

from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

51.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

52.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHRISTOPHER JULIAN ADAM, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

53.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

54.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

55.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

56.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

57.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

58.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHRISTOPHER JULIAN ADAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff

his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of the 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

59.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

60.    Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

61.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

62.    As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

63.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

64.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHRISTOPHER JULIAN ADAM, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of the 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

65.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

66.    Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file.

67.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

68.    As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

69.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

70.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHRISTOPHER JULIAN ADAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff

his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

71.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

72.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

73.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

74.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

76.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHRISTOPHER JULIAN ADAM, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

77.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

78.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

79.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

80.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

81.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHRISTOPHER JULIAN ADAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
**Violation of the 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

83.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

84.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

85.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

86.     As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

87.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

88.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHRISTOPHER JULIAN ADAM, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of the 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

89.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

90.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

91.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

92.    As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

93.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

94.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHRISTOPHER JULIAN ADAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violations of 15 U.S.C. § 1681s-2(b) as to
### Defendant, Ally Financial Inc. (Negligent)

95.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

96.     Ally furnished inaccurate information about Plaintiff to the CRAs, and through those companies, to all of Plaintiff's potential lenders.

97.     After receiving Plaintiff's disputes, Ally violated 15 U.S.C. § 1681s-2(b) by: (i) failing to review all relevant information regarding Plaintiff's dispute of the Ally Account; (ii) failing to accurately respond to Equifax and Experian; (iii) failing to correctly report results of an accurate investigation to every other credit reporting agency; and/or (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting the inaccurate status of the Ally Account to the consumer reporting agencies.

98.     Plaintiff provided all the relevant information and documents necessary for Ally to determine that it was furnishing inaccurate information. Ally did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished to the CRAs.

99.    Instead, Ally knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether Plaintiff truly owed the balance reported.

100.   Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian. Ally has been aware of Plaintiff's disputes but continued to erroneously report the Ally Account.

101.   As a result of this conduct, action and/or inaction of Ally, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

102.   The conduct, action and/or inaction of Ally was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

103.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, CHRISTOPHER JULIAN ADAM, respectfully requests that this Court award actual damages against Defendant, ALLY FINANCIAL INC., jointly and severally; award Plaintiff his attorney's fees and

costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violations of 15 U.S.C. § 1681s-2(b) as to Defendant, Ally Financial Inc. (Willful)

104.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

105.   Ally furnished inaccurate information about Plaintiff to the CRAs, and through those companies, to all of Plaintiff's potential lenders.

106.   After receiving Plaintiff's disputes, Ally violated 15 U.S.C. § 1681s-2(b) by: (i) failing to review all relevant information regarding Plaintiff's dispute of the Ally Account; (ii) failing to accurately respond to Equifax and Experian; (iii) failing to correctly report results of an accurate investigation to every other credit reporting agency; and/or (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting the inaccurate status of the Ally Account to the consumer reporting agencies.

107.   Plaintiff provided all the relevant information and documents necessary for Ally to determine that it was furnishing inaccurate information. Ally did not have a reasonable basis to believe that Plaintiff was responsible for the account balance it furnished to the CRAs.

108.   Instead, Ally knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether Plaintiff truly owed the balance reported.

109.   Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian. Ally has been aware of Plaintiff's disputes but continued to erroneously report the Ally Account.

110.   As a result of this conduct, action and/or inaction of Ally, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

111.   The conduct, action and/or inaction of Ally was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

112.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, CHRISTOPHER JULIAN ADAM, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, ALLY FINANCIAL INC., jointly and severally; award Plaintiff

his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTOPHER JULIAN ADAM, demands judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and ALLY FINANCIAL INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 25th day of August 2023.

Respectfully submitted,

/s/ *Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Primary Email:
Tav@theconsumerlawyers.com

Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*