**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Eleonora Korotkina, | ) | FILE NO.: _____ |
| | ) | NOTICE OF REMOVAL OF |
| Plaintiff, | ) | CIVIL ACTION UNDER 28 |
| | ) | U.S.C. § 1441(a) |
| v. | ) | |
| | ) | ***(DIVERSITY JURISDICTION)*** |
| Target Corporation, XYZ | ) | |
| Corporations 1-3 and John Does 1-3, | ) | (Removed from the State Court |
| | ) | of the State of Georgia, County |
| Defendants. | ) | of Gwinnett, File No. 23-C- |
| | ) | 004949-S3) |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

## NOTICE OF REMOVAL

COMES NOW, Target Corporation, (hereinafter "Target"), hereby removes the above-captioned action to this Court from the State Court of the State of Georgia, County of Gwinnett (File No. 23-C-004949-S3) (hereinafter "State Action"). Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, the Defendant seeks to remove this action from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff Eleonora Korotkina ("Plaintiff") and Target have complete diversity of citizenship and the amount in controversy exceeds $75,000.00. In

support of this Notice, Target states as follows:

## I. PROCEDURAL REQUIREMENTS

1.  The State Action was commenced by the Plaintiff filing a lawsuit in Georgia State Court, Gwinnett County, on July 17, 2023.   A copy of the Plaintiff's Complaint is attached at "Exhibit A." A copy of all other process, pleadings, and items served on Target from the State Action are attached at "Exhibit B," as required by 28 U.S.C. § 1446(a). This is a civil action for personal injury, inclusive of special and general damages sought by Plaintiff against Target.

2.  This Notice is timely, as it is filed within one year of the State Action's commencement on July 17, 2023, and within 30 days of receipt of the Plaintiff's Complaint, which was served on Target on July 28, 2023.   See 28 U.S.C. § 1446(b)(1).

3.  The State Action is properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division, as that is the "district and division embracing the place where [the State Action] is pending."   See 28 U.S.C. § 1441(a); see also 28 U.S.C. § 90(a)(2) (listing Gwinnett County as within the Atlanta Division of the Northern District of Georgia).

4.   Target will promptly file a copy of this Notice of Removal with the clerk of the Georgia State Court, Gwinnett County, and will serve a copy on the other parties to the State Action, as required by 28 U.S.C. § 1446(d)

## II.   BACKGROUND

5.   Plaintiff alleges that on December 23, 2021, while visiting a Target Store in Alpharetta, Georgia, Plaintiff had a shopping cart pushed into her back by a cart pusher causing her to fall. (Complaint, ¶¶ 11 and 12).

6.   Plaintiff alleges that the hit and fall caused her to suffer bodily injuries. (Complaint, ¶ 13).

7.   Plaintiff alleges four purported causes of action arising from these facts: 1) negligence; 2) premises liability; 3) vicarious liability; and 4) negligent training and supervision. (See Complaint, *generally*). In addition, Plaintiff is alleging general and punitive damages. Id.

## III.   THIS COURT HAS DIVERSITY JURISDICTION

### A.   <u>There is Complete Diversity Between the Parties</u>

8.   This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant have complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. <u>See</u> 28 U.S.C. § 1332(a).

9.      Plaintiff, Eleonora Korotkina, is an individual who, upon information and belief, resides in and is domiciled in Georgia.  For purposes of determining diversity jurisdiction, Plaintiff is therefore, a citizen of Georgia. 28 U.S.C. § 1332(c)(2).

10.     Defendant Target is a domestic for Profit (Business) Corporation incorporated and domiciled in the State of Minnesota, with its principal place of business in Minnesota.  See Minnesota Business Filing Details, attached hereto as "Exhibit C."  Target's Statutory Agent is CT Corporation System located at 1010 Dale Street N., St. Paul, Minnesota 55117-5603.   For purposes of determining diversity jurisdiction, Target is therefore, a citizen of Minnesota. 28 U.S.C. § 1332(c)(2).

11.     Therefore, complete diversity of citizenship exists between Plaintiff and Target.

       **B.     Amount in Controversy**

12.     It is clear that the amount in controversy exceeds $75,000.00. See Complaint, *generally*. Plaintiff alleges in her complaint current special damages totaling $185,612.30. See Complaint, ¶ 43.

13.     Although Target denies that Plaintiff is entitled to recover any amount and specifically denies that Plaintiff is entitled to relief in the various forms

sought, Plaintiff's Complaint establishes the amount in controversy to be more than $75,000.00, exclusive of interest and costs. Id.

14.    In sum, this Court has diversity jurisdiction in this action because (i) there is complete diversity of citizenship between Plaintiff and Target, and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue.

## IV.    NOTICE OF REMOVAL TO THE STATE COURT OF GWINNETT COUNTY, GEORGIA.

15.    Concurrently with this Notice, Target will file a copy of this Notice with the State Court of Gwinnett County, Georgia, where this action is currently pending, and will provide Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

16.    All fees required by law in connection with this Notice of Removal have been paid by Defendant Target.

17.    All the other requirements for removal and for federal court jurisdiction have been satisfied.

18.    By filing this Notice of Removal and the associated attachments, Defendant Target does not waive any objections they may have as to service, jurisdiction, or venue, or any other claims, defenses, or objections that are or may be available to them in this action. Furthermore, Defendant Target intends no admission of fact, law, or liability by this Notice, and they expressly reserve

all defenses, motions, and/or pleas.

## V.    CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Target hereby removes this action from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 25th day of August, 2023.

<div style="text-align:right">

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda B. Barnes*

_____
SHARONDA BOYCE BARNES
Ga. Bar No. 245438
BRITTANY GRINER
Ga. Bar No. 760338
*Counsel for Defendant Target Corporation*

</div>

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
bgriner@huffpowellbailey.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda B. Barnes*

_____
SHARONDA BOYCE BARNES
Ga. Bar No. 245438
BRITTANY GRINER
Ga. Bar No. 760338
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
bgriner@huffpowellbailey.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy the NOTICE OF REMOVAL upon all parties or their counsel of record via CM/ECF's Electronic Case Filing System and by Statutory Electronic Service, addressed as follows to assure delivery to:

<div align="center">

Inna Voronkina
Foy & Associates, P.C.
3343 Peachtree Road, NE
Suite 350
Atlanta, Georgia 30326
ivoronkina@johnfoy.com

</div>

This 25th day of August, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda B. Barnes*

_____
SHARONDA BOYCE BARNES
Ga. Bar No. 245438
BRITTANY GRINER
Ga. Bar No. 760338
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)

# EXHIBIT A

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-04949-S3

7/17/2023 3:53 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Gwinnett State Court _____ County

| For Clerk Use Only | | |
|---|---|---|
| **Date Filed** _____ <br> **MM-DD-YYYY** | **Case Number** | 23-C-04949-S3 <br> _____ |

**Plaintiff(s)**
Korotkina, Eleonora

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Target Corporation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Inna Voronkina _____     **State Bar Number** 435363 _____     **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                         **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04949-S3**
**7/17/2023 3:53 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ELEONORA KOROTKINA,

                         Plaintiff,

v.

TARGET CORPORATION,
XYZ CORPORATIONS 1-3, and
JOHN DOES 1-3,

                      Defendants.

CIVIL ACTION
FILE NO.:
      23-C-04949-S3

## SUMMONS

TO: **TARGET CORPORATION**

      You are hereby summoned and required to file with the clerk of said court and serve upon the plaintiff's attorney, whose name and address is:

<div align="center">

Inna Voronkina
FOY & ASSOCIATES, P.C.
3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
404-400-4000 (phone)
404-873-4490 (fax)

</div>

an answer to the complaint that is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
17th day of July, 2023

           Tiana P. Garner.

           Clerk of Superior Court/State Court

           By:_____
                      Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, _____.

           _____ Deputy Sheriff

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04949-S3**
**7/17/2023 3:53 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ELEONORA KOROTKINA,

                       Plaintiff,

v.

TARGET CORPORATION,
XYZ CORPORATIONS 1-3, and
JOHN DOES 1-3,

                   Defendants.

CIVIL ACTION 23-C-04949-S3
FILE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

    COMES NOW ELEONORA KOROTKINA, Plaintiff, and files this complaint against defendants TARGET CORPORATION, XYZ CORPORATIONS 1-3, and JOHN DOES 1-3, as follows:

### PARTIES AND JURISDICTION

1.

    Plaintiff ELEONORA KOROTKINA is and at all times relevant has been a resident and citizen of the State of Georgia.

2.

    Defendant TARGET CORPORATION (hereinafter, "Defendant TARGET") is a foreign profit corporation and may be served through its registered agent C T Corporation System at 289 S. Culver Street, Lawrenceville, Georgia 30046. In addition to the Summons and Complaint, Defendant TARGET is being served with the following discovery:

    (a) Plaintiff's First Request for the Production of Documents to Defendant TARGET;

    (b) Plaintiff's First Interrogatories to Defendant TARGET; and

    (c) Plaintiff's First Request for Admissions to Defendant TARGET.

3.

    Defendant TARGET is subject to the jurisdiction of this court.

4.

    Defendant TARGET has been properly served with Plaintiff's complaint.

5.

Defendants XYZ Corporations 1-3 are corporate entities (including but not limited to, partnerships, corporations, limited liability companies, firms, businesses, and/or other legal entities) who caused Plaintiff's harm. Defendants XYZ Corporations' true names are unknown at this time but will be substituted by amendment when ascertained.

6.

Defendants John Does 1-3 are individuals who caused Plaintiff's harm. Defendants John Does 1-3 true names and identities are unknown at this time but will be substituted by amendment when ascertained.

7.

This Court has jurisdiction over the parties named herein.

8.

This Court has jurisdiction over the subject matter of this action.

9.

Venue is proper in this court.

## BACKGROUND

10.

On or about December 23, 2021, Plaintiff was an invitee at the TARGET store located at 6000 North Point Parkway, Alpharetta, Georgia 30022 (hereinafter, "the TARGET Store").

11.

On or about December 23, 2021, TARGET Store's employee John Doe 1 pushed shopping carts with cart pusher into Plaintiff's back.

12.

The carts hit Plaintiff in the back and caused Plaintiff to fall.

13.

On or about December 23, 2021, Plaintiff suffered bodily injuries at the TARGET Store.

14.

On or about December 23, 2021, Plaintiff was injured as a result of Defendant TARGET's failure to keep the premises safe for invitees.

15.

Defendant TARGET had exclusive ownership, possession, and control over the TARGET Store, at all times relevant to this litigation.

## COUNT 1

## NEGLIGENCE

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

Acts of Defendant John Doe 1 constitute negligence *per se*.

18.

Defendant John Doe 1 owed the duty of ordinary and reasonable care to Plaintiff.

19.

Defendant John Doe 1 owed a duty to Plaintiff not to subject her to unreasonable risk of harm.

20.

Defendant John Doe 1 breached his duty to exercise ordinary and reasonable care towards Plaintiff.

21.

Defendant John Doe 1 is negligent under the theory of *res ipsa loquitur*.

22.

At all times relevant to this action, Plaintiff exercised ordinary care for her own safety under the condition and circumstances then existing.

23.

Plaintiff was not contributory negligent.

## COUNT 2

## PREMISES LIABILITY

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.

Plaintiff was an invitee on the premises at the time of the fall.

26.

Defendant TARGET owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

27.

Defendant TARGET was negligent in failing to keep the premises safe for invitees.

28.

Defendant TARGET is negligent under the theory of *res ipsa loquitur.*

29.

Defendant TARGET's negligence was the proximate cause of Plaintiff's injuries.

## COUNT 3

## VICARIOUS LIABILITY

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

At all times relevant to this action, Defendant John Doe 1 was employed by defendant TARGET and was acting within the scope of his employment.

32.

Defendant TARGET is responsible for the conduct of John Doe 1 under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT 4

## NEGLIGENT TRAINING & SUPERVISION

33.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

At all times relevant to this action, Defendant TARGET retained the right to direct and control the time and manner of executing work and/or interfere to assume control of the work of

its employees, including Defendant John Doe 1, rendering that Defendant TARGET is liable for the Defendant John Doe 1 negligence.

35.

Defendant TARGET was negligent in training and supervising its staff.

36.

Defendant TARGET failure to implement safety rules, precautions, and procedure to train and to supervise its employees in order to ensure the work was performed safely was a breach of its duty of care.

37.

As a result of Defendant TARGET's negligence in training and supervising its staff, Plaintiff was injured on the premises.

38.

Defendant TARGET was negligent in training and supervising Defendant John Doe 1.

39.

As a result of Defendant TARGET's negligence in training and supervising Defendant John Doe 1, Plaintiff was injured on the premises.

## COUNT 5
## DAMAGES

40.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 39 above as if fully restated.

41.

As a direct and proximate result of Defendant TARGET's negligence, Plaintiff suffered serious and persistent injuries, which caused her great pain and suffering.

42.

As a direct and proximate result of Defendant John Doe 1's negligence, Plaintiff suffered serious and persistent injuries, which caused her great pain and suffering.

43.

Based upon the information currently held by counsel for Plaintiff, Plaintiff has incurred the following medical expenses to date:

| Medical Provider | Amount Charged |
|---|---|
| Wellstar Medical Group | $      331.00 |
| Wellstar North Fulton Hospital | $  14,033.00 |
| North Fulton Emergency Physicians | $    1,400.00 |
| EMS Ventures, Inc. | $    1,872.50 |
| Steven Eisenberg, MD | $      450.00 |
| Resurgens Orthopedics | $      539.00 |
| Saint Joseph's Hospital | $  58,449.39 |
| Grady Memorial Hospital | $107,701.41 |
| Quantum Radiology | $      836.00 |
| Georgia Clinic, PC | TBD |
| Arthur Grigorian, MD | TBD |
| Open MRI | TBD |
| Complete Cardiology | TBD |
| **Total Special Damages** | **$185,612.30** |

These expenses were incurred for the necessary care and treatment of the injuries to Plaintiff resulting from the fall that constitutes the basis of the underlying action.

44.

As a direct and proximate result of Defendant TARGET's negligence, Plaintiff has endured emotional distress and mental anxiety.

45.

As a direct and proximate result of Defendant TARGET's negligence, Plaintiff has suffered interference with the enjoyment of life.

46.

As a direct and proximate result of Defendant John Doe 1's negligence, Plaintiff has endured emotional distress and mental anxiety.

47.

As a direct and proximate result of Defendant John Doe 1's negligence, Plaintiff has suffered interference with the enjoyment of life.

## COUNT 6
## PUNITIVE DAMAGES

### 48.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 47 above as if fully restated.

### 49.

Defendant John Doe 1's actions constitute willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of conscious indifference to the consequences.

### 50.

Defendant TARGET's actions constitute willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of conscious indifference to the consequences.

### 51.

Plaintiff is entitled to recover punitive damages from Defendants, as determined by the enlightened conscience of the jury.

WHEREFORE, Plaintiff prays that he has a trial on all issues and judgment against defendants as follows:

(a)      That Plaintiff recover past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)      That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)      That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of the jury;

(d)      That Plaintiff be awarded costs of this action;

(e)      That Plaintiff recover such other and further relief as is just and proper; and

(f)      That all issues be tried before a jury.

This 12th day of July, 2023.

*[signature to follow on next page]*

- 7 -

**FOY & ASSOCIATES, P.C.**
/s/ Inna Voronkina
Inna Voronkina
Georgia Bar No. 435363
*Attorney for Plaintiff*

3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
404-400-4000
404-873-4490 (fax)
ivoronkina@johnfoy.com

# EXHIBIT B

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04949-S3**

**7/17/2023 3:53 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ELEONORA KOROTKINA,

                                Plaintiff,

v.

TARGET CORPORATION,
XYZ CORPORATIONS 1-3, and
JOHN DOES 1-3,

                            Defendants.

CIVIL ACTION
FILE NO.:

          23-C-04949-S3

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
## TO DEFENDANT TARGET CORPORATION

Please admit the following:

1.

Please admit that service of process on you is proper and timely.

2.

Please admit that there has not been a failure to join a necessary and/or indispensable party to this action.

3.

Please admit that you are properly identified in the style of the Complaint.

4.

Please admit that you are subject to the jurisdiction of this Court.

5.

Please admit that you are subject to the venue of this Court.

6.

Please admit that you owed a duty to keep safe the premises where this incident occurred on December 23, 2021.

7.

Please admit that Target Store's employee pushed shopping carts with cart pusher into Plaintiff's back at the Target store located at 6000 North Point Parkway, Alpharetta, Georgia 30022, on December 23, 2021.

8.

Plaintiff sustained injuries due to being hit in the back with shopping carts by the Target's employee.

9.

Please admit that Plaintiff did nothing to cause or contribute to his injuries.

10.

Please admit that you are responsible for Plaintiff injuries and all special and general damages resulting from her injuries.

This 12th day of July, 2023.

<div style="margin-left:40%;">

**FOY & ASSOCIATES, P.C.**

/s/ Inna Voronkina
Inna Voronkina
Georgia Bar No. 435363
*Attorney for Plaintiff*

</div>

3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
404-400-4000
404-873-4490 (fax)
ivoronkina@johnfoy.com

## CERTIFICATE OF SERVICE

This is to certify that I have, this day served Parties of record in the foregoing matter with the attached document by service contemporaneously with the Complaint in this matter. Service will be perfected at the following address:

<div align="center">

TARGET CORPORATION
c/o Registered Agent C T Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

</div>

This 12th day of July, 2023.

FOY & ASSOCIATES, P.C.

/s/ Inna Voronkina
Inna Voronkina
Georgia Bar No. 435363
*Attorney for Plaintiff*

3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
404-400-4000
404-873-4490 (fax)
ivoronkina@johnfoy.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04949-S3**
**7/17/2023 3:53 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ELEONORA KOROTKINA,

               Plaintiff,

v.

TARGET CORPORATION,
XYZ CORPORATIONS 1-3, and
JOHN DOES 1-3,

               Defendants.

CIVIL ACTION
FILE NO.:

          23-C-04949-S3

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
## TO DEFENDANT TARGET CORPORATION

      COMES NOW Plaintiff, by and through counsel, and hereby serves upon Defendant
TARGET CORPORATION (hereinafter, "Defendant") Plaintiff's First Continuing Interrogatories
to be answered in accordance with O.C.G.A. § 9-11-26 *et seq.*

      When used in these Interrogatories, the term "Defendant", or any synonym thereof, is intended
to, and shall embrace servants, representatives, private investigators, and others who are in a position
of or may have obtained information for or on behalf of the Defendant Walmart.

      Defendant must respond to these Interrogatories by the forty-fifth day after following Service
of the Complaint in this matter by sending the responses to counsel for Plaintiff on the forty-fifth day
following service of this Complaint and these Interrogatories, or at any such time as may be mutually
agreed upon by the parties and their attorneys. These Interrogatories shall be deemed continuing so
as to require supplemental answers if you or your attorneys obtain further information between the
time the answers are served and the time of trial. Any such supplemental answers are to be filed and
served upon counsel for Plaintiff within thirty (30) days from the receipt of such information but not
later than the time of trial.

## **INTERROGATORIES**

1.

Please provide the name, address, telephone number, place of employment, job title or capacity, and relationship to Defendant of all persons who provided information in order to respond to these Interrogatories.

2.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all witnesses known to Defendant who saw, or claim they saw, all or any part of the occurrence complained of in this action.

3.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all witnesses known to Defendant who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence.

4.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons known to Defendant who have knowledge of relevant information, facts or circumstances in this case.

5.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, identifying same with sufficient particularity to satisfy a request for production of documents.

6.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons employed by Defendant at the time of the incident complained of in this action who had managerial or supervisory responsibilities at relating to the premises where this incident occurred.  Please delineate the nature of those supervisory responsibilities and job titles of the individuals identified.

7.

In the event you or anyone acting in your behalf have or know of any photographs or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint, please state the following:

(a)     its nature;

(b)     its specific subject matter;

(c)     the date it was made or taken;

(d)     the name and address of the person making or taking it;

(e)     what each item purports to show;

(f)     the name, address and telephone number of the person having custody of each such item or items.

8.

Please state the name, address, and telephone number of each person (whether your employee or not), who, by virtue of his or her experience, education or training, is an expert or is believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation.  With respect to each such person, please state the following:

(a)     the subject matter said person was retained to study or investigate;

(b)     the substance of the facts and opinions or conclusions found or arrived at by each such person;

(c)     a summary of the facts or grounds for the opinions and conclusions of each such person;

(d)     whether or not such person provided you with a written or recorded statement or report concerning their study or investigation, and if so, please state the date of the report, the name and address of the preparer of the report, and the name and address of all persons known to you to have a copy of each such statement or report.

9.

Please state the name, address and telephone number of all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter, and with respect to each such person, please state the following:

(a)     the specific subject matter on which you expect such expert to testify;

(b)     the substance of the facts, opinions and conclusions to which you expect such expert to testify;

(c)     a summary of the facts or grounds for each such opinion or conclusion;

(d)     whether any such person has prepared or provided you with a written or recorded statement or report concerning their investigation and, if so, the name and address of all persons who have custody of such report or statement.

10.

Please state whether there is or was in existence any policy or policies of liability insurance which would or might inure to the benefit of the Plaintiff here by providing for payment of a part of, or all of, any judgment rendered in favor of the Plaintiff against Defendant or against any other person, firm or corporation who is or may be liable to the Plaintiff by reason of the incident described in the Complaint, and if the answer is yes, state as follows as to each such policy of insurance known or believed to exist by you or your attorneys:

(a)     the name and address of the insurer on each such policy;

(b)     the name and address of each named insured on each such policy;

(c)     the relationship, if any, between each named insured on each such policy, and any named Defendant in this cause;

(d)     the policy number of each such policy;

(e)     the name and address of any firm, person or corporation who is or may be an "additional insured" under such policy by reason of the incident described in the Complaint, and the relationship, if any, between such

(f)     the limits of liability of such policy as might be applied to any one plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident;

(g)     whether or not any insurer has notified any insured that said insurer or any other person, firm or corporation must pay a part of, or all of any judgment before the insurer must make any payment; if so, what payment must be made and by whom before the insurer must make payment;

(h)     whether or not any insurer has notified any insured that said insurer claims that there is or may be no coverage under the terms of the policy of insurance involved and if the answer is "yes", describe the reason given for the claimed lack of coverage or failure thereof as stated by said insurer (identifying same) to said insured (identifying same), and state the date of such notice; and

(i)     whether or not all "excess" and "catastrophe" and "umbrella" policies known to exist are listed above and if not, why not.

11.

State the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons who are believed by you to have knowledge about and concerning the physical condition of the Plaintiff prior to and following the incident described in the Complaint.

12.

If you contend that this Defendant is not the proper legal entity to be sued in this action, or if there is a misnomer, please identify whom you contend would be the proper legal entity or entities. This interrogatory does not seek any admission of legal liability, only the affirmation of legal responsibility in the event liability is proven.

13.

If you contend that any other entities or individuals bear responsibility for the Plaintiff's injuries in this litigation, please identify the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of any and all such individuals and/or identify such legal entities by name and current address.

14.

State the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities and present whereabouts of all persons who examined the location of the incident immediately before and after the incident.

15.

Please set forth in detail all steps taken by Defendant to avoid any future incidents such as that described in Plaintiff's Complaint.

16.

Please state whether or not Defendant is in fact the owner of the property where the incident described in the Complaint occurred.

17.

Please identify whether surveillance captured the event that is the subject of this litigation, the location of the footage, as well as the entity in charge of monitoring the surveillance that would have captured this event more fully described in the Complaint.

18.

Please identify all incidents resulting in injuries taking place on the premises where this incident occurred for the five (5) years prior to the incident more fully described in Plaintiff's Complaint.  Please identify if there are incident reports or any other documentation that have memorialized these incidents and produce said reports to Plaintiff.

19.

For the incident that is the subject of this litigation, please state whether Defendant generated an incident report and if so, the custodian of said incident report.

20.

Please identify by name, address, and telephone number each employee of Defendant who was working at the premises where this incident occurred on December 23, 2021.  For each individual, please state whether this individual is currently employed by this Defendant or not.   If the individual is not currently employed by Defendant, please provide the employee's last known address and telephone number.

21.

Please identify any and all documentation that contains the policies and procedures for maintaining, cleaning, inspecting or otherwise keeping the premises where this incident occurred free from hazardous conditions.

22.

Please identify all documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of your responses to these Interrogatories.

23.

Please identify with reasonable particularity all books, documents, and other tangible things relevant to the issues in this lawsuit or that support your contentions that have not already been identified, and give the name and address of the person(s) having possession, custody or control of each thing.

24.

Do you have any knowledge of any accident in which Plaintiff in this litigation was involved during Plaintiff's lifetime or of any prior or subsequent injuries that may have been sustained by Plaintiff?  If so, please identify each such accident by date, place of occurrence, and other persons involved.  For each prior injury of Plaintiff known to the party propounding these

Interrogatory Responses, please identify each such injury, the date said injury was sustained, the manner in which said injury was sustained, and the physicians by whom the Plaintiff was treated.

25.

Please identify the date on which Defendant anticipated litigation might arise out of this incident.

26.

Please identify the employee who pushed carts in the Plaintiff's back on December 23, 2021; state whether the employee is still employed by Target and provide employee's last known phone number and address.

This 12th day of July, 2023.

FOY & ASSOCIATES, P.C.

/s/ Inna Voronkina
Inna Voronkina
Georgia Bar No. 435363
*Attorney for Plaintiff*

3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
404-400-4000
404-873-4490 (fax)
ivoronkina@johnfoy.com

## CERTIFICATE OF SERVICE

This is to certify that I have, this day served Parties of record in the foregoing matter with the attached document by service contemporaneously with the Complaint in this matter. Service will be perfected at the following address:

TARGET CORPORATION
c/o Registered Agent C T Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

This 12th day of July, 2023.

FOY & ASSOCIATES, P.C.

/s/ Inna Voronkina
Inna Voronkina
Georgia Bar No. 435363
*Attorney for Plaintiff*

3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
404-400-4000
404-873-4490 (fax)
ivoronkina@johnfoy.com

-8-

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04949-S3**
**7/17/2023 3:53 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ELEONORA KOROTKINA,

                     Plaintiff,

v.

TARGET CORPORATION,
XYZ CORPORATIONS 1-3, and
JOHN DOES 1-3,

                     Defendants.

CIVIL ACTION
FILE NO.:
          23-C-04949-S3

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TARGET CORPORATION

COMES NOW Plaintiff, by and through counsel, and in accordance with O.C.G.A. § 9-11-34, requests Defendant TARGET CORPORATION (hereinafter "Defendant") to produce the following requested documents to counsel for Plaintiff on the forty-fifth day following service of this Complaint and this Request for Production of Documents, or at any such other reasonable time or place as might be mutually agreed upon by the parties and their attorneys prior to said date, for the purpose of inspection and copying the matters requested below.

Plaintiff needs to examine, copy and inspect said described items and is unable, without due hardship, to obtain the substantial equivalent of the materials by other means, or, alternatively, Plaintiff is otherwise entitled to said items under O.C.G.A. § 9-11-34.

Defendant is requested to file a response to this Request on or before the above date in accordance with O.C.G.A. § 9-11-34. It is hereby certified that a true and correct copy of this foregoing notice of Request for the Production of Documents has been served upon Defendant by being attached to the Summons and Complaint.

## DOCUMENT REQUESTS

1.

The original of each and every written statement or a transcript of a recorded statement that covers the facts and/or circumstances of the incident that gives rise to the Complaint in this action.

2.

The originals of each and every photograph or other pictorial representation, including videotaping, of the events and happenings alleged in Plaintiff's Complaint that have been or is available to Defendant.

3.

A copy of each and every written or recorded statement or report concerning the study or investigation of each person identified in responses to Plaintiff's First Continuing Interrogatories to Defendant.

4.

A copy of each and every written or recorded statement or report concerning the investigation of each witness expected to be called as an expert upon the trial of this matter.

5.

A copy of each and every policy of liability insurance identified in this Defendant's answer to Plaintiff's First Interrogatories.

6.

Please produce any and all policies, procedures, guidelines, corporate directives, memoranda or any other document or tangible thing by whatever name called which sets forth any practices of this Defendant with respect to the operation, inspection and maintenance of the premises where this incident occurred.

7.

Please provide any and all documents that provide or include any of the information responsive to Plaintiff's First Interrogatories Nos. 18, 19, 21, 22, and 23.

8.

Please produce copies of any and all complaints for damages resulting from injuries where this incident occurred in the five (5) years preceding incident with Plaintiff.

9.

Please produce any incident report or other documentation of the incident that forms the basis of Plaintiff's Complaint.

10.

Please produce any and all correspondence or other documentation that in any way relates or related to the incident described in Plaintiff's Complaint that was sent internally or sent by Defendant to any other person or corporation.

11.

Please produce all written agreements or other documents which in any way address any issue of ownership, operation, management or maintenance of the area where Plaintiff was injured.

12.

Please produce all medical records relating to Plaintiff obtained by your counsel through 9-11-34(c)

13.

Please produce all documents you intend to rely upon for any depositions, hearings, or the trial of this case.

14.

Please produce a list of all documents that are being withheld from production by virtue of any privilege of non-production or for any other reason, identifying each document by its name, date, author and recipient and specifying the reason for withholding it from production.

15.

Please produce a complete personnel file of the employee who pushed the carts in Plaintiff's back on December 23, 2021.

This 12th day of July, 2023.

**FOY & ASSOCIATES, P.C.**

/s/ Inna Voronkina
Inna Voronkina
Georgia Bar No. 435363
*Attorney for Plaintiff*

3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
404-400-4000
404-873-4490 (fax)
ivoronkina@johnfoy.com

-3-

**CERTIFICATE OF SERVICE**

This is to certify that I have, this day served Parties of record in the foregoing matter with the attached document by service contemporaneously with the Complaint in this matter. Service will be perfected at the following address:

TARGET CORPORATION
c/o Registered Agent C T Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

This 12th day of July, 2023.

FOY & ASSOCIATES, P.C.

/s/ Inna Voronkina
Inna Voronkina
Georgia Bar No. 435363
*Attorney for Plaintiff*

3343 Peachtree Road, NE, Ste. 350
Atlanta, GA 30326
404-400-4000
404-873-4490 (fax)
ivoronkina@johnfoy.com

-4-

SHERIFF'S ENTRY OF SERVICE                                                SC286-38                              PROPERTY CO., COVINGTON, GA 30015

Civil Action No. **23-C-04949-S3**

Date Filed **07|17|2023**

| | |
|---|---|
| Superior Court | ☐ |
| State Court | ☒ |
| Juvenile Court | ☐ |

| | |
|---|---|
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, **Gwinnett** _____ COUNTY

**Eleonora Korotkina**

Attorney's Address    **Inna Voronkina**
John Foy & Associates
3343 Peachtree Rd., NE, Suite 350,
Atlanta, Ga. 30326

_____ Plaintiff

VS.

**Target Corporation**
**XYZ Corporations 1-3, and**
**John Does 1-3.**

Name and Address of Party to be Served.

**Target Corporation**
**C/O CT Corporation System**
**289 S. Culver St.**
**Lawrenceville, Ga. 30046**

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☒
Served the defendant **Target Corp** _____ a corporation
by leaving a copy of the within action and summons with **Lane Richardson**
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This **28** day of **July**, 20 **23**.

**Lt. Higgins S054**
_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

EXHIBIT C

11-AA

# State of Minnesota

# SECRETARY OF STATE

### Certificate of Merger

I, Mary Kiffmeyer, Secretary of State of Minnesota, certify that: the documents required to effectuate a merger between the entities listed below and designating the surviving entity have been filed in this office on the date noted on this certificate; and the qualification of any non-surviving entity to do business in Minnesota is terminated on the effective date of this merger.

Merger Filed Pursuant to Minnesota Statutes, Chapter: 302A

State of Formation and Names of Merging Entities:

MN: DAYTON HUDSON CORPORATION

MN: TARGET CORPORATION

State of Formation and Name of Surviving Entity:

MN: DAYTON HUDSON CORPORATION

Effective Date of Merger: 1/30/2000---12:01 A.M.

Name of Surviving Entity After Effective Date of Merger:

TARGET CORPORATION

This certificate has been issued on: 1/13/2000



_Mary Kiffmeyer_
Secretary of State.

**Exhibit C**