# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Eleonora Korotkina, | ) | FILE NO.: _____ |
| | ) | NOTICE OF REMOVAL OF |
| Plaintiff, | ) | CIVIL ACTION UNDER 28 |
| | ) | U.S.C. § 1441(a) |
| v. | ) | |
| | ) | **(DIVERSITY JURISDICTION)** |
| Target Corporation, XYZ | ) | |
| Corporations 1-3 and John Does 1-3, | ) | (Removed from the State Court |
| | ) | of the State of Georgia, County |
| Defendants. | ) | of Gwinnett, File No. 23-C- |
| | ) | 004949-S3) |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

## DEFENDANT TARGET CORPORATION'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Target Corporation, by and through its undersigned counsel, and files this Answer to Plaintiff's Complaint ("Plaintiff's Complaint"), as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted, and Defendant raises the O.C.G.A. § 9-11-12(b)(6) and F.R.C.P. 12(b)(6) defense of failure to state a claim accordingly.

## SECOND DEFENSE

Defendant denies any contention that it, or its agents and employees, were negligent and further denies that any act or omission on the part of Defendant, or its agents and employees, proximately caused the contended incident at issue or the alleged damages of the Plaintiff.

## THIRD DEFENSE

Defendant denies any contention that it, or its agents and employees, were reckless or wanton in any manner and further denies that any act or omission on the part of Defendant, or its agents and employees, proximately caused or contributed to the contended incident at issue or the alleged damages of Plaintiff.

## FOURTH DEFENSE

Defendant did not breach any legal duty owed to Plaintiff, and at all times Defendant exercised that degree of care required by law.

## FIFTH DEFENSE

Defendant, and its agents and employees, did not have actual or constructive knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times Defendant exercised that degree of care required by law.

## SIXTH DEFENSE

Defendant, and its agents and employees, did not have superior knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times Defendant exercised that degree of care required by law.

## SEVENTH DEFENSE

Defendant asserts the O.C.G.A. § 9-11-8 and F.R.C.P. Rule 8 defense of contributory negligence and assumption of the risk.

## EIGHTH DEFENSE

In the event it is determined that Plaintiff is entitled to recover against Defendant, which is denied, Plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to Plaintiff or any designated non-party pursuant to O.C.G.A. § 51-12-33.

## NINTH DEFENSE

Some or all of the injuries and damages alleged in Plaintiff's Complaint were or may have been enhanced or increased by Plaintiff's failure to mitigate.

## TENTH DEFENSE

Plaintiff has failed to allege special damages with particularity.

**ELEVENTH DEFENSE**

Defendant demands a jury of twelve impartial persons.

**TWELFTH DEFENSE**

To the extent as may be shown by the evidence through discovery, Defendant avers the O.C.G.A. § 9-11-8(c) and F.R.C.P. Rule 8 affirmative defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

**THIRTEENTH DEFENSE**

In response to the individually numbered paragraphs contained in the Plaintiff's Complaint, Defendant responds as follows:

**PARTIES AND JURISDICTION**

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and, on that basis, said allegations are denied.

2.

The allegations contained in Paragraph 2 of Plaintiff's Complaint are admitted.

3.

In responding to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant states that jurisdiction is proper in The United States District Court for the Northern District of Georgia. The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

4.

The allegations contained in Paragraph 4 of Plaintiff's Complaint are admitted.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and, on that basis, said allegations are denied. To the extent the allegation contained in Paragraph 5 of Plaintiff's Complaint express or infer any negligence on the part of Defendant, said allegations are expressly denied.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and, on that basis, said allegations are denied. To the extent the allegations contained in

Paragraph 6 of Plaintiff's Complaint express or infer any negligence on the part of Defendant, said allegations are expressly denied.

7.

In responding to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendant states that The United States District Court for the Northern District of Georgia has jurisdiction over the parties named herein. The remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8.

In responding to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Defendant states that The United States District Court for the Northern District of Georgia has jurisdiction over the subject matter of this action. The remaining allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

9.

In responding to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Defendant states that venue is proper in The United States District Court for the Northern District of Georgia. The remaining allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

## **BACKGROUND**

10.

In responding to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits only that upon information and belief, on December 23, 2021, Plaintiff was present inside the Target retail store at 6000 North Point Parkway, Alpharetta, Georgia 30022. The remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied as stated.

11.

The allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.

The allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14.

The allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

15.

The allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

## COUNT 1
## NEGLIGENCE

16.

In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, this Defendant incorporates by reference its affirmative defenses and responses to Paragraphs 1 through 15 as if fully set forth herein.

17.

The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.

In response to the allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendant admits that Target and Target's employees have a legal duty and obligations under relevant law, including the statutory duty of care referenced in O.C.G.A. § 51-3-1 and further responds that at all times Target and Target's employees fulfilled the same. The remaining allegations contained in Paragraph 18 are denied, and any implications of negligence contained in Paragraph 18 are denied.

19.

In response to the allegations contained in Paragraph 19 of Plaintiff's Complaint, Defendant admits that Target and Target's employees have a legal duty and obligations under relevant law, including the statutory duty of care referenced in O.C.G.A. § 51-3-1 and further responds that at all times Target and Target's

employees fulfilled the same. The remaining allegations contained in Paragraph 19 are denied, and any implications of negligence contained in Paragraph 19 are denied.

20.

The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21.

The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22.

The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.

The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

### COUNT 2
### PREMISES LIABILITY

24.

In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint, this Defendant incorporates by reference its affirmative defenses and responses to Paragraphs 1 through 23 as if fully set forth herein.

25.

In responding to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant admits only that upon information and belief, on December 23, 2021, Plaintiff was present inside the Target retail store at 6000 North Point

Parkway, Alpharetta, Georgia 30022. The remaining allegations contained in Paragraph 25 of Plaintiff's Complaint are denied as stated.

26.

In response to the allegations contained in Paragraph 26 of Plaintiff's Complaint, Defendant admits that it has a legal duty and obligations under relevant law, including the statutory duty of care referenced in O.C.G.A. § 51-3-1 and further responds that at all times it fulfilled the same. The remaining allegations contained in Paragraph 26 are denied, and any implications of negligence contained in Paragraph 26 are denied.

27.

The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

28.

The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

29.

The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

## COUNT 3
## VICARIOUS LIABILITY

30.

In response to the allegations contained in Paragraph 30 of Plaintiff's Complaint, this Defendant incorporates by reference its affirmative defenses and responses to Paragraphs 1 through 29 as if fully set forth herein.

31.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint, and, on that basis, said allegations are denied. To the extent the allegation contained in Paragraph 31 of Plaintiff's Complaint express or infer any negligence on the part of Defendant, said allegations are expressly denied.

32.

The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

## COUNT 4
## NEGLIGENT TRAINING & SUPERVISION

33.

In response to the allegations contained in Paragraph 33 of Plaintiff's Complaint, this Defendant incorporates by reference its affirmative defenses and responses to Paragraphs 1 through 32 as if fully set forth herein.

34.

The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35.

The allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

36.

The allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

37.

The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

38

The allegations contained in Paragraph 38 of Plaintiff's Complaint are denied.

39.

The allegations contained in Paragraph 39 of Plaintiff's Complaint are denied.

## COUNT 5
## DAMAGES

40.

In response to the allegations contained in Paragraph 40 of Plaintiff's Complaint, this Defendant incorporates by reference its affirmative defenses and responses to Paragraphs 1 through 39 as if fully set forth herein.

41.

The allegations contained in Paragraph 41 of Plaintiff's Complaint are denied.

42.

The allegations contained in Paragraph 42 of Plaintiff's Complaint are denied.

43.

The allegations contained in Paragraph 43 of Plaintiff's Complaint are denied.

44.

The allegations contained in Paragraph 44 of Plaintiff's Complaint are denied.

45.

The allegations contained in Paragraph 45 of Plaintiff's Complaint are denied.

46.

The allegations contained in Paragraph 46 of Plaintiff's Complaint are denied.

47.

The allegations contained in Paragraph 47 of Plaintiff's Complaint are denied.

## COUNT 6
## PUNITIVE DAMAGES

48.

In response to the allegations contained in Paragraph 48 of Plaintiff's Complaint, this Defendant incorporates by reference its affirmative defenses and responses to Paragraphs 1 through 47 as if fully set forth herein.

49.

The allegations contained in Paragraph 49 of Plaintiff's Complaint are denied.

50.

The allegations contained in Paragraph 50 of Plaintiff's Complaint are denied.

51.

The allegations contained in Paragraph 51 of Plaintiff's Complaint are denied.

52.

To the extent the "Wherefore" paragraph, including subparagraphs (a) through (f), beneath Paragraph 51 of Plaintiff's Complaint requires a response, it is hereby denied.

53.

Any allegation not specifically admitted herein is expressly denied.

WHEREFORE, having answered the Plaintiff's Complaint, Defendant requests that the Court dismiss the Plaintiff's Complaint or, in the alternative, enter judgment against the Plaintiff and in favor of Defendant with all costs of this action being cast against the Plaintiff and for such other and further relief as this Court deems just and proper.

This 25th day of August, 2023.

HUFF, POWELL & BAILEY, LLC

/s/ Sharonda B. Barnes
_____
SHARONDA BOYCE BARNES
Ga. Bar No. 245438

- 15 -

                                    BRITTANY GRINER
                                    Ga. Bar No. 760338
                                    *Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
bgriner@huffpowellbailey.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

                    HUFF, POWELL & BAILEY, LLC

                    */s/ Sharonda B. Barnes*

                    _____
                    SHARONDA BOYCE BARNES
                    Ga. Bar No. 245438
                    BRITTANY GRINER
                    Ga. Bar No. 760338

999 Peachtree Street           *Counsel for Defendant Target*
Suite 950                                   *Corporation*
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
bgriner@huffpowellbailey.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a true and correct copy of the within and foregoing **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** upon all parties or their counsel of record via E-file and by Statutory Electronic Service to assure delivery as follows:

Inna Voronkina<br>
Foy & Associates, P.C.<br>
3343 Peachtree Road, NE<br>
Suite 350<br>
Atlanta, Georgia 30326<br>
ivoronkina@johnfoy.com

This 25th day of August, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Sharonda B. Barnes*

_____
SHARONDA BOYCE BARNES
Ga. Bar No. 245438
BRITTANY GRINER
Ga. Bar No. 760338
*Counsel for Defendant Target Corporation*

999 Peachtree Street
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)
sbarnes@huffpowellbailey.com
bgriner@huffpowellbailey.com