# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BRIANNA TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>G&I IX EAST VILLAGE JV LLC d/b/a ARTESIAN EAST VILLAGE, ABC CORPORATIONS 1-3, and JOHN DOES 1-3;<br><br>    Defendants. | CIVIL ACTION FILE NO.: _____ |

## NOTICE OF REMOVAL BY DEFENDANT G&I IX EAST VILLAGE JV LLC D/B/A ARTESIAN EAST VILLAGE

COMES NOW, Defendant G&I East Village JV LLC d/b/a Artesian East Village ("Defendant") pursuant to 28 U.S.C. § 1446, and without waiver of personal jurisdiction, sufficiency of service of process, or sufficiency of process, hereby removes the action now pending in the State Court of Dekalb County, Georgia, Civil Action No. 23A02793 styled as *Brianna Taylor v. G&I EAST VILLAGE JV LLC d/b/a ARTESIAN EAST VILLAGE, ABC CORPORATIONS 1-3, and JOHN DOES 1-3,* (the "State Court Action") to this Court, and respectfully shows this Honorable Court as follows:

## PROCEDURAL BACKGROUND

1. On June 22, 2023, Plaintiff Brianna Taylor (the "Plaintiff") filed her Complaint for Damages against Defendant G&I East Village JV LLC d/b/a Artesian East Village ("G&I East") in the State Court Action, the subject of which is an aggravated assault that allegedly occurred on June 28, 2021 in Atlanta, Georgia. (Complaint at ¶¶ 6-7). Attached hereto as **Exhibit "1"** are true and correct copies of the Complaint and all other filings of record in the State Court Action.

2. On June 22, 2023, the Clerk of the State Court of Dekalb County issued a Summons for Plaintiff to serve upon Defendant G&I East.

3. On or about July 18, 2023, Defendant G&I East received copies of the Summons and Complaint (the "Service Packet"). Attached hereto as **Exhibit "2"** are true and correct copies of the Service Packet.

4. By filing this Notice of Removal, Defendant G&I East does not waive its right to personal jurisdiction, service of process, or sufficiency of process. Defendant G&I East also reserves the right to assert any defenses and objections to which it may become entitled.

5. Pursuant to 28 U.S.C. § 1446(a), attached hereto all process, pleadings, and other documents filed in this State Court Action. (*See* Exhibit "1")

286303843v.1

## COMPLETE DIVERSITY EXISTS

6. Pursuant to 28 U.S.C. § 1332, the Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendant.

7. Plaintiff is a citizen of the State of Georgia. (Compl. at ¶ 1).

8. Defendant G&I East is a foreign corporation. (Compl. at ¶ 2).

9. Upon information and belief, and based upon the available record in the State Court Action, Defendants ABC Corporations 1-3 and John Does 1-3 have not yet been served.

## THE AMOUNT IN CONTROVERSY IS SUFFICIENT TO ESTABLISH DIVERSITY JURISDICTION

10. The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

11. Even where the amount was not specified in Plaintiff's Complaint, the amount in controversy here is easily in excess of $75,000.00. "'Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.'" *Ramos v. Aetna Life Ins. Co.*, No. 1:17-CV-160-CAP, 2017 WL 7805607, at *1 (N.D. Ga. Feb. 17, 2017) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744,

770 (11th Cir. 2010)) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)).

12. "'Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Id.* at * 1 (quoting *Pretka*, 608 F.3d at 770).

13. Plaintiff's Complaint alleges that she suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, loss of the capacity for the enjoyment of life; has and will be required to undergo medical treatment and to incur medical costs to alleviate said injuries, pain, and suffering; and has and will be precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and actual earnings. (Compl. at ¶ 35).

14. Based upon these allegations, Plaintiff's Complaint seeks damages for past, present, and future general and special damages. (*See*, "Wherefore" paragraph, Compl. at p. 10). Courts have further held that where the plaintiff alleges permanent and severe injuries, there is sufficient evidence to conclude the jurisdictional amount in controversy has been met. *See*, e.g., *Purdiman v. Organon Pharm. USA, Inc.*, No. 2:08-cv-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008) (complaint alleging plaintiff sustained "permanent and debilitating injuries" sufficient for the court to conclude that the amount

of damages exceeds $75,000.00); *Turner v. Wilson Foods Corp.,* 711 F. Supp. 624, 626 (N.D. Ga. 1989) (complaint alleging severe and permanent injuries, pain and suffering and lifelong medical expenses "provided defendant with the necessary information to intelligently ascertain that it had grounds for removal to federal court").

15. Plaintiff also seeks to recover the costs of this litigation. (See, Id.). *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000) ("[W]hen a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees.").

## REMOVAL TO THIS COURT IS PROCEDURALLY PROPER

16. Venue is proper in this district pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Northern District of Georgia embraces the venue where the State Court Action is pending.

17. Further, removal is timely pursuant to 28 U.S.C. § 1446(b) because G&I East filed this Notice of Removal prior to being served and/or within thirty days of alleged service.

18. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the State Court of Dekalb County, Georgia. (*See* **Exhibit "3"**).

286303843v.1

## **CONCLUSION**

WHEREFORE, Defendants respectfully request the Court assume jurisdiction over this matter.

Respectfully submitted this 25th day of August, 2023

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Ciara N. Lowe*
Michael P. Manfredi
Georgia Bar No. 784682
Ciara N. Lowe
Georgia Bar No. 658035

*Counsel for Defendant G&I IX EAST VILLAGE JV LLC d/b/a ARTESIAN EAST VILLAGE*

3348 Peachtree Road NE
Suite 1400
Atlanta, GA 30326
470-419-6650 (main)
470-419-6651 (facsimile)
Michael@manfredi@wilsonelser.com
Ciara.lowe@wilsonelser.com

286303843v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing **Notice of Removal** by email and United States Postal Service to counsel for Plaintiff, addressed as follows:

N. John Bey
Bey and Associates LLC
191 Peachtree Street, Suite 3230
Atlanta, Georgia 30303
*Attorney for Plaintiff*

This 25th day of August, 2023.

                                         */s/Ciara N. Lowe*
                                         Georgia Bar No. 658035
                                         *Counsel for Defendant G&I IX*
                                         *EAST VILLAGE JV LLC d/b/a*
                                         *ARTESIAN   EAST VILLAGE*

286303843v.1