# EXHIBIT 2

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

No. _____

**SUMMONS**

Date Summons Issued and Filed

_____

_____
Deputy Clerk

BRIANNA TAYLOR
_____

Deposit Paid $ _____

_____
(Plaintiff's name and address)

[ ]  **ANSWER**

vs.

[ ]  **JURY**

G&I IX EAST VILLAGE LLC d/b/a ARTESIAN EAST VILLAGE,

ABC CORPORATIONS 1-3, JOHN DOES 1-3
_____

_____
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

N. JOHN BEY, ESQ.
(Name)
191 PEACHTREE ST., STE. 3200, ATLANTA, GA 30303
(Address)
404.344.4448                                    118279
(Phone Number)                          (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

---

Defendant's Attorney

_____

Address

Phone No.        Georgia Bar No.

Third Party Attorney

_____

Address

Phone No.        Georgia Bar No.

---

**TYPE OF SUIT**

☐ Account            ☐ Personal Injury              Principal    $ _____
☐ Contract           ☐ Medical Malpractice
☐ Note               ☐ Legal Malpractice            Interest     $ _____
☐ Trover             ☐ Product Liability
                     ☐ Other                        Atty Fees    $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

IN THE STATE COURT OF DEKALB
COUNTY STATE OF GEORGIA

BRIANNA TAYLOR,

    Plaintiff,

v

G&I IX EAST VILLAGE JV LLC d/b/a
ARTESIAN EAST VILLAGE, ABC
CORPORATIONS 1-3, and JOHN
DOES 1-3;

    Defendants.

CIVIL ACTION FILE NO.: 23A02793

<u>JURY TRIAL DEMANDED</u>

## <u>COMPLAINT FOR DAMAGES</u>

**COMES NOW,** Plaintiff, by and through undersigned counsel, and hereby makes and files this Complaint against Defendant, G&I IX East Village JV LLC d/b/a Artesian East Village, ABC Corporations 1-3 and John Does 103 and respectfully shows unto this Honorable Court the following, to wit:

### <u>PARTIES, JURISDICTION, & VENUE</u>

1

Plaintiff, is a resident of Henry County in the state of Georgia and is subject to the jurisdiction and venue of this Court.

2

Defendant G&I IX East Village JV LLC d/b/a Artesian East Village, ("Defendant G&I IX"), is a foreign for profit corporation registered with the Georgia Secretary of State with its

STATE COURT OF
DEKALB COUNTY, GA.
6/22/2023 9:38 PM
E-FILED
BY: Monica Gay

registered agent for service listed as: Corporation Service Company, 2 Sun Court, Ste. 400, Peachtree Corners, GA 30092 in Gwinnett County. Upon information and belief, Defendant GI IX is involved in the ownership, operation, control, and management of the Artesian East Village apartment complex located at 1438 Bouldercrest Rd., Atlanta, Dekalb County, Georgia 30316. Defendant GI IX may be served through its registered agent Corporation Service Company.

3.

Defendants, ABC CORPORATIONS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPORATIONS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that 4 injured Plaintiff. If and when entity Defendants ABC CORPORATIONS #1-3 are identified, Plaintiff will timely amend her pleading and cause a Summons and Complaint to be properly served.

4.

Defendant JOHN DOE #1 is the unidentified manager on duty of Defendant's business establishments at the time of the alleged incident at issue in this case. Defendant JOHN DOE #1 had the authority and right to control the mode and manner of operations of the business located at 1438 Bouldercrest Rd., Atlanta, Dekalb County, Georgia 30316 on the date of incident and at all relevant times and as such is a joint tortfeasor. Defendant JOHN DOE #1's authority and control over operations included, but was not limited to, control over the manner in which safety

procedures and protocols were implemented and enforced.

5.

Jurisdiction and venue are proper in this Honorable Court.

**GENERAL ALLEGATIONS**

6.

On or around June 28, 2021, Plaintiff was an invitee at the premises named Artesian East Village Apartment complex located at 1438 Bouldercrest Rd., Atlanta, Dekalb County, Georgia 30316, (hereinafter "Premises").

7.

On June 28, 2021, Plaintiff was the victim of an aggravated assault with serious injuries at the Premises.

8.

Plaintiff was a completely innocent victim and exercised ordinary care and diligence at all times herein and under the circumstances then existing.

9.

Prior to and on June 28, 2021, Defendants negligently and recklessly maintained, inspected, secured, patrolled, and managed the Premises.

10.

Defendants had actual and constructive knowledge for the need to properly maintain, secure, inspect, patrol, and manage the Premises but failed to exercise ordinary

-3-

care regarding same.

11.

Defendants had actual and constructive knowledge of criminal activity existing on the Premises.

12.

Defendants recklessly and negligently permitted criminal activity to exist and remain at the Premises.

13.

Defendants had actual and constructive knowledge of criminal activity existing and occurring at the Premises and in the neighborhood prior to the assault of Plaintiff but recklessly and negligently failed to warn Plaintiff.

14.

Defendants recklessly and negligently failed to maintain a policy, procedure, or system of investigating, reporting, protecting against, and warning of criminal activity rampant on the Premises.

15.

As a result of the negligence by Defendants the unknown assailant(s) was able to facilitate the criminal activity that led to the serious injury of Plaintiff.

16.

As a result of the aggravated assault Plaintiff suffered serious and debilitating

injuries and continues to endure immeasurable pain and suffering.

## NEGLIGENCE: FAILURE TO KEEP THE PREMISES SAFE *(O.C.G.A. § 51-3-1)*

17.

Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs 1 through 16 above and further alleges:

18.

Defendants owed a duty to invitees, such as Plaintiff, to keep the Premises in a safe condition.

19.

Prior to June 28, 2021, Defendants were aware or should have been aware of the risk of crime by third parties against invitees in situations similar to the aggravated assault sustained by Plaintiff.

20.

Defendants were reckless and negligent in their failure to take adequate security measures to protect invitees, such as Plaintiff, from becoming victims of crimes on the Premises.

21.

Defendants recklessly and negligently represented to their invitees and residents that the Premises were properly maintained and reasonably safe.

22.

Defendants recklessly and negligently failed to maintain adequate security devices to permit proper use of the Premises; thereby causing an unreasonable risk of injury to invitees to the Premises, such as Plaintiff.

23.

Defendants recklessly and negligently failed to provide adequate security protection or security personnel at the Premises.

24.

Defendants were and are negligent *per se*.

25.

Defendants' recklessness, negligence, and negligence *per se* were the sole and proximate cause of the aggravated assault on Plaintiff.

## **NEGLIGENT HIRING, TRAINING, SUPERVISION, AND ENTRUSTMENT**

26.

Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs 1 through 25 above and further alleges:

27.

Defendants were reckless and negligent in hiring, training, supervising, and retaining their employees who were responsible for the Premises.

28.

Defendants' recklessness and negligence in hiring, training, supervising, and retaining their employees who were responsible for the Premises caused and contributed to the aggravated assault and shooting sustained by Plaintiff on June 28, 2021.

-6-

## **NEGLIGENCE: ALLOWING AND MAINTAINING A NUISANCE (O.C.G.A. § 41-1-1)**

29.

Plaintiff re-alleges and incorporates by reference all those fuels and allegations in paragraphs 1 through 28 above and further alleges:

30.

Defendants recklessly, wantonly, and negligently failed to remedy criminal and dangerous incidents and conduct that persisted over a period of time as a continuous and repetitive dangerous condition on the Premises.

31.

Defendants had express, actual, and constructive notice and knowledge of the criminal and dangerous incidents and conduct that persisted over a period of time as a continuous and repetitive dangerous condition on the Premises.

32.

Defendants failure to remedy the dangerous condition for continuous and repetitive criminal and dangerous incidents caused and contributed to the aggravated assault and shooting sustained by Plaintiff on June 28, 2021.

33.

Each of the foregoing actions and omissions constitute an independent act of recklessness, carelessness and negligence on the part of Defendants and one or more of all of the aforementioned actions and omissions were the direct and proximate cause of the injuries and damages of Plaintiff.

## DAMAGES

34.

Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs 1 through 35 above and further alleges:

35.

As a direct, sole, and proximate result of the recklessness, carelessness, negligence, and negligence *per se* of the Defendants, the Plaintiff:

(a) suffered serious, painful and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, loss of the capacity for the enjoyment of life;
(b) have and will be required to undergo medical treatment and to incur medical costs and expenses in excess of an amount to amended in accordance with Georgia Rules of Civil procedure to alleviate said injuries, pain and suffering;
(c) have and will be precluded from engaging in normal activities• and pursuits, including a loss of ability to earn money and actual earnings;
(d) otherwise was hurt, injured and caused to sustain losses.
(e) All of the Plaintiff's losses were, are and will be due solely to and by reason of the recklessness, carelessness, negligence, and negligence *per se* of the Defendants, without any negligence or want of due care on the
. Plaintiffs part contributing thereto.

36.

Defendants are accountable to Plaintiff for:

(a)   any medical expenses incurred as a result of injuries sustained;
(b)   special damages incurred for lost wages;
(c)   the physical pain and suffering Plaintiff endured from injuries sustained; and
(d)   for the mental pain and suffering Plaintiff endured as a result of this incident.

## PUNITIVE DAMAGES

37.

Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs 1 through 38 above and further alleges;;

38.

- 8 -

The actions and omissions of the Defendants, as set forth herein and above demonstrate willful misconduct, fraud, malice, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to the consequences thereby authorizing an award of punitive damages, pursuant to O.C.G.A, § 51-12-5.1.

### ATTORNEY'S FEES & COSTS OF LITIGATION

39.

Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs I through 40 above and further alleges:

40.

Defendants have acted in bad faith, been stubbornly litigious and caused Plaintiff unnecessary trouble and expense in requiring the filing of the instant lawsuit. Pursuant to O.C.G.A. §§ 13-6-11 and 51-12-7, Plaintiff hereby respectfully requests and specifically pleads for recovery of expenses of litigation, interest, penalties, and attorneys' fees as a result of their stubbornly litigious and bad faith conduct.

41.

### RELIEF REQUESTED

WHEREFORE, the Plaintiff demands trial by a fair and impartial jury on all issues and for the following relief, pursuant to O.C.G.A. § 51-12-12:

A. That Defendants be found liable for recklessness, carelessness, ordinary and gross negligence, and negligence *per se;*

B. That Plaintiff recovers medical expenses of $60,268.33 as of this date and lost wages in an amount to be determined prior to trial;

C. That Plaintiff recovers physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

D. That Plaintiff be awarded an amount for special damages in excess of an amount to supplemented in

accordance with the Georgia Rules of Civil Procedure for said recklessness, carelessness, negligence, and negligence *per se,* pursuant to O.C.G.A. §§ 5l-12-2(b), 51-12-3, and 51-12-7;

E. That Plaintiff be awarded an amount for general damages to be proven at trial for said recklessness, carelessness, negligence, and negligence *per se,* pursuant to O.C.G.A. §§ 5l-12-2(a), 51-12-4, 51-12-6, and 51-12-12;

F. That Plaintiff be awarded an amount for punitive damages, pursuant to O.C.G.A. § 51-12-5.1.

G. That Plaintiff be awarded an amount for recovery of expenses of litigation, penalties, and attorneys' fees as a result of Defendant's stubbornly litigious and bad faith conduct pursuant to O.C.G.A. §§ 13-6-11 and 51-12-7.

H. That Plaintiff be awarded any and all additional relief that this Honorable Court deems just, proper, and reasonable in these premises.

Respectfully submitted this 22nd day of June, 2023.

                              **BEY AND ASSOCIATES, LLC.**

                              **/s/*N. John Bey***
                              **N. John Bey**
                              GA. Bar No.: 118279
                              *Attorney for Plaintiff*

191 Peachtree Street, Suite 3230
Atlanta, Georgia 30303
Telephone; (404) 344-4448
Fax: (404) 393-6107

                              STATE COURT OF
                              DEKALB COUNTY, GA.
                              6/22/2023 9:38 PM
                              E-FILED
                              BY: Monica Gay