# Exhibit G

# Howard & Howard
## law for business®

| Chicago | Detroit | Las Vegas | Los Angeles | Peoria |

Direct Dial: 312.456.3454     Madison J. Scaggs     email: mjs2@h2law.com
Attorney

August 18, 2023

<u>Via Email to AndrewMelnick@dwt.com</u>

Andrew Melnick, Esq.
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020-1104

    Re:    <u>Post-Employment Obligations of Former UBS FA Leslie Lauer to UBS</u>

Dear Mr. Melnick:

    I write you as counsel for UBS Financial Services Inc. ("UBS") following the resignation of your client Leslie Lauer from UBS to advise you of her post-employment obligations to UBS and to demand strict compliance with those obligations.

    During the course of Ms. Lauer's UBS employment, she executed various agreements concerning the non-solicitation of UBS clients and the confidentiality of client information. One of those agreements is the Aspiring Legacy Financial Advisor Program ("ALFA") Receiving Financial Advisor Agreement that Ms. Lauer executed on May 23, 2020 ("ALFA Receiving FA Agreement"). I direct your attention to page two in this regard, which states:

> <u>Non-Solicitation</u>. … You also agree that during the Restricted Period you will not directly or indirectly solicit or interfere with any client who maintains or maintained an ALFA Account. Your agreement 'not to solicit' include but is not limited to your agreement not to initiate, whether directly or indirectly, any contact or communication of any kind whatsoever, for the purpose of inviting, encouraging or requesting a client or that may have the effect of inviting, encouraging or requesting a client to transfer any account from the UBS Group to you or any other entity or person; to open a new account with you or any other entity or person; or to discontinue the client's business relationship with the UBS Group.

The ALFA Receiving FA Agreement also prohibits Ms. Lauer from using or disclosing information relating to the "ALFA Accounts" except in the course of her UBS employment and requires her to discontinue use of such information upon her termination from UBS. <u>See</u> ALFA Receiving FA Agreement at p. 2. I am attaching a copy of the ALFA Receiving FA Agreement for

Andrew Melnick, Esq.
August 18, 2023
Page 2 of 4

your reference.

In addition, Ms. Lauer executed a Premier Plus Accelerate Option Transition Payment Award Agreement, which provides as follows at Paragraph 14:

> 14.B <u>Non-Solicitation</u>. … Employee … agrees that during the Restricted Period Employee will not directly or indirectly solicit or interfere with … any of the clients or client relationships of any UBS Group entity that Employee either performed work for, supervised or actively solicited work from during the 12 months prior to the date on which Employee's employment terminates or whose names became known to Employee during Employee's employment. Employee's agreement 'not to solicit' includes but is not limited to Employee's agreement not to initiate, whether directly or indirectly, any contact or communication of any kind whatsoever, for the purpose of inviting, encouraging or requesting a client or that may have the effect of inviting, encouraging or requesting a client to transfer any account from the UBS Group to Employee or any other entity or person; to open a new account with Employee or any other entity or person; or to discontinue the client's business relationship with the UBS Group.
>
> 14.C (i) "Restricted Period" means the period during which employee is employed by UBSFS until one year from the last to occur of the following: (i) the date on which Employee's employment terminates with UBSFS for any reason whatsoever and (ii) the Scheduled Inactive Phase End Date as defined in Employee's Premier Plus Commitment Agreement.

I am attaching a copy of the Premier Plus Accelerate Option Transition Payment Award Agreement executed by Ms. Lauer for your reference.

<u>Importantly, under the Premier Plus Accelerate Option Transition Payment Award Agreement, Ms. Lauer's obligation to refrain from soliciting UBS clients continues for one year from the date of her termination of employment without regard to whether she has repaid her financial obligations to UBS.</u>

The Premier Plus Accelerate Option Transition Payment Award Agreement also prohibits Ms. Lauer from using, disclosing or taking UBS confidential information, including "client lists and contact information," except in connection with her duties as a UBS employee. <u>See</u> Paragraph 6.

Further, as a UBS employee, Ms. Lauer agreed to comply with UBS's Code of Conduct, which requires all employees to maintain the confidentiality of UBS client and business information and to cease any use of such information upon the termination of their UBS employment:

> It is essential for all employees to maintain and preserve the confidentiality of the



Andrew Melnick, Esq.
August 18, 2023
Page 3 of 4

>Firm's and its clients' information. This obligation continues even after an employee leaves the Firm. The policies and procedures set forth below set a minimum standard; your business unit or position may require additional, and in some instances more restrictive, procedures.
>
>Firm or client information generally may only be used for the specific purpose for which it was created or obtained; any other use without the permission of the source may be a misuse. Your ability to share Firm or client information within and outside the Firm is governed by both Firm and departmental policies and procedures, and by Federal and State regulations. Generally, you may only disclose such information with the Firm to employees who have a need to know it to carry out the Firm's business and sharing with affiliates or unaffiliated third parties is strictly limited. Under no circumstances may you disclose Firm or client information to anyone should it appear likely he or she would misuse the information.
>Confidential information may be contained in Firm documents, computer programs, databases, client lists, trading strategies and analytic models. You should assume that all nonpublic or unpublished information is confidential.
>
>Upon the termination of your [UBS] employment, you may not retain or take with you any Firm property or assets, including any writings, files, documents or other records that contain client information, including information maintained electronically, such as disks, e-mail, computer databases, video, microfiche and tape recordings, or any other Firm confidential information.

UBS demands that Ms. Lauer honor the obligations imposed by these and similar agreements signed during the course of her employment. With regard to the obligation not to solicit as that term is defined in the ALFA Receiving FA Agreement, Ms. Lauer is specifically advised that UBS considers any purported "announcements" to clients to violate that provision. In addition, Ms. Lauer must immediately return to UBS or permanently delete, as appropriate, any information regarding UBS clients in her possession, custody or control, including any in her mobile phone or other personal electronic devices.

UBS requests that this letter be brought to the immediate attention of the Legal and Compliance departments at RBC Wealth Management so that they may be made aware of all of the obligations your client owes to UBS and take all appropriate steps necessary to ensure strict compliance with such obligations. If Ms. Lauer fails to comply with her legal obligations to UBS, UBS will take action to protect its rights, which may include filing an appropriate claim for injunctive and other relief in a court of competent jurisdiction and/or at FINRA.



Andrew Melnick, Esq.
August 18, 2023
Page 4 of 4

I invite you to contact me should you wish to discuss this matter.

Very truly yours,

HOWARD & HOWARD ATTORNEYS PLLC

Madison J. Scaggs

Attachments

cc: Lane Strumlauf, UBS Financial Services Inc.
John Clark, Esq., UBS Financial Services Inc.
James L. Komie, Esq., Howard & Howard Attorneys PLLC

Howard & Howard
law for business

# Howard & Howard
### law for business®

| Chicago | Detroit | Las Vegas | Los Angeles | Peoria |

Direct Dial: 312.456.3454      Madison J. Scaggs      email: mjs2@h2law.com
Attorney

August 18, 2023

<u>*Via Email to AndrewMelnick@dwt.com*</u>

Andrew Melnick, Esq.
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020-1104

      Re:     <u>**Post-Employment Obligations of Former UBS FA Wayne Curt Rubinas to UBS**</u>

Dear Mr. Melnick:

      I write you as counsel for UBS Financial Services Inc. ("UBS") following the resignation of your client Wayne Curt Rubinas from UBS to advise you of his post-employment obligations to UBS and to demand strict compliance with those obligations.

      During the course of Mr. Rubinas's UBS employment, he executed various agreements concerning the non-solicitation of UBS clients and the confidentiality of client information. One of those agreements is the Aspiring Legacy Financial Advisor Program ("ALFA") Receiving Financial Advisor Agreement that Mr. Rubinas executed ("ALFA Receiving FA Agreement"). Page two of the ALFA Receiving FA Agreement states:

> <u>Non-Solicitation</u>. … You also agree that during the Restricted Period you will not directly or indirectly solicit or interfere with any client who maintains or maintained an ALFA Account. Your agreement 'not to solicit' include but is not limited to your agreement not to initiate, whether directly or indirectly, any contact or communication of any kind whatsoever, for the purpose of inviting, encouraging or requesting a client or that may have the effect of inviting, encouraging or requesting a client to transfer any account from the UBS Group to you or any other entity or person; to open a new account with you or any other entity or person; or to discontinue the client's business relationship with the UBS Group.

The ALFA Receiving FA Agreement also prohibits Mr. Rubinas from using or disclosing information relating to the "ALFA Accounts" except in the course of his UBS employment and requires him to discontinue use of such information upon his termination from UBS. <u>See</u> ALFA

Andrew Melnick, Esq.
August 18, 2023
Page 2 of 3

Receiving FA Agreement at p. 2. I will provide a copy of the ALFA Receiving FA Agreement executed by Mr. Rubinas as soon as I have it.

In addition, as a UBS employee, Mr. Rubinas agreed to comply with UBS's Code of Conduct, which requires all employees to maintain the confidentiality of UBS client and business information and to cease any use of such information upon the termination of their UBS employment:

> It is essential for all employees to maintain and preserve the confidentiality of the Firm's and its clients' information. This obligation continues even after an employee leaves the Firm. The policies and procedures set forth below set a minimum standard; your business unit or position may require additional, and in some instances more restrictive, procedures.
>
> Firm or client information generally may only be used for the specific purpose for which it was created or obtained; any other use without the permission of the source may be a misuse. Your ability to share Firm or client information within and outside the Firm is governed by both Firm and departmental policies and procedures, and by Federal and State regulations. Generally, you may only disclose such information with the Firm to employees who have a need to know it to carry out the Firm's business and sharing with affiliates or unaffiliated third parties is strictly limited. Under no circumstances may you disclose Firm or client information to anyone should it appear likely he or she would misuse the information.
> Confidential information may be contained in Firm documents, computer programs, databases, client lists, trading strategies and analytic models. You should assume that all nonpublic or unpublished information is confidential.
>
> Upon the termination of your [UBS] employment, you may not retain or take with you any Firm property or assets, including any writings, files, documents or other records that contain client information, including information maintained electronically, such as disks, e-mail, computer databases, video, microfiche and tape recordings, or any other Firm confidential information.

UBS demands that Mr. Rubinas honor the obligations imposed by these and similar agreements signed during the course of his employment. With regard to the obligation not to solicit as that term is defined in the ALFA Receiving FA Agreement, Mr. Rubinas is specifically advised that UBS considers any purported "announcements" to clients to violate that provision. In addition, Mr. Rubinas must immediately return to UBS or permanently delete, as appropriate, any information regarding UBS clients in his possession, custody or control, including any in his mobile phone or other personal electronic devices.

UBS requests that this letter be brought to the immediate attention of the Legal and Compliance departments at RBC Wealth Management so that they may be made aware of all of the obligations your client owes to UBS and take all appropriate steps necessary to ensure strict


Andrew Melnick, Esq.
August 18, 2023
Page 3 of 3

compliance with such obligations. If Mr. Rubinas fails to comply with his legal obligations to UBS, UBS will take action to protect its rights, which may include filing an appropriate claim for injunctive and other relief in a court of competent jurisdiction and/or at FINRA.

    I invite you to contact me should you wish to discuss this matter.

Very truly yours,

HOWARD & HOWARD ATTORNEYS PLLC

Madison J. Scaggs

cc:    Lane Strumlauf, UBS Financial Services Inc.
        John Clark, Esq., UBS Financial Services Inc.
        James L. Komie, Esq., Howard & Howard Attorneys PLLC

# Howard & Howard
## law for business®

| Chicago | Detroit | Las Vegas | Los Angeles | Peoria |

Direct Dial: 312.456.3454     Madison J. Scaggs     email: mjs2@h2law.com
Attorney

August 18, 2023

<u>Via Email to AndrewMelnick@dwt.com</u>

Andrew Melnick, Esq.
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020-1104

    Re:    <u>**Post-Employment Obligations of Former UBS FA Rebecca Glasgow to UBS**</u>

Dear Mr. Melnick:

    I write you as counsel for UBS Financial Services Inc. ("UBS") following the resignation of your client Rebecca Glasgow from UBS to advise you of her post-employment obligations to UBS and to demand strict compliance with those obligations.

    During the course of Ms. Glasgow's UBS employment, she executed various agreements concerning the non-solicitation of UBS clients and the confidentiality of client information. One of those agreements is the Aspiring Legacy Financial Advisor Program ("ALFA") Receiving Financial Advisor Agreement that Ms. Glasgow executed ("ALFA Receiving FA Agreement"). Page 2 of the ALFA Receiving FA Agreement states:

> <u>Non-Solicitation</u>. … You also agree that during the Restricted Period you will not directly or indirectly solicit or interfere with any client who maintains or maintained an ALFA Account. Your agreement 'not to solicit' include but is not limited to your agreement not to initiate, whether directly or indirectly, any contact or communication of any kind whatsoever, for the purpose of inviting, encouraging or requesting a client or that may have the effect of inviting, encouraging or requesting a client to transfer any account from the UBS Group to you or any other entity or person; to open a new account with you or any other entity or person; or to discontinue the client's business relationship with the UBS Group.

The ALFA Receiving FA Agreement also prohibits Ms. Glasgow from using or disclosing information relating to the "ALFA Accounts" except in the course of her UBS employment and requires her to discontinue use of such information upon her termination from UBS.  <u>See</u> ALFA Receiving FA Agreement at p. 2. I will provide a copy of the ALFA Receiving FA Agreement

Andrew Melnick, Esq.
August 18, 2023
Page 2 of 3

executed by Ms. Glasgow as soon as I have it.

In addition, as a UBS employee, Ms. Glasgow agreed to comply with UBS's Code of Conduct, which requires all employees to maintain the confidentiality of UBS client and business information and to cease any use of such information upon the termination of their UBS employment:

> It is essential for all employees to maintain and preserve the confidentiality of the Firm's and its clients' information. This obligation continues even after an employee leaves the Firm. The policies and procedures set forth below set a minimum standard; your business unit or position may require additional, and in some instances more restrictive, procedures.
>
> Firm or client information generally may only be used for the specific purpose for which it was created or obtained; any other use without the permission of the source may be a misuse. Your ability to share Firm or client information within and outside the Firm is governed by both Firm and departmental policies and procedures, and by Federal and State regulations. Generally, you may only disclose such information with the Firm to employees who have a need to know it to carry out the Firm's business and sharing with affiliates or unaffiliated third parties is strictly limited. Under no circumstances may you disclose Firm or client information to anyone should it appear likely he or she would misuse the information.
> Confidential information may be contained in Firm documents, computer programs, databases, client lists, trading strategies and analytic models. You should assume that all nonpublic or unpublished information is confidential.
>
> Upon the termination of your [UBS] employment, you may not retain or take with you any Firm property or assets, including any writings, files, documents or other records that contain client information, including information maintained electronically, such as disks, e-mail, computer databases, video, microfiche and tape recordings, or any other Firm confidential information.

UBS demands that Ms. Glasgow honor the obligations imposed by these and similar agreements signed during the course of her employment. With regard to the obligation not to solicit as that term is defined in the ALFA Receiving FA Agreement, Ms. Glasgow is specifically advised that UBS considers any purported "announcements" to clients to violate that provision. In addition, Ms. Glasgow must immediately return to UBS or permanently delete, as appropriate, any information regarding UBS clients in her possession, custody or control, including any in her mobile phone or other personal electronic devices.

UBS requests that this letter be brought to the immediate attention of the Legal and Compliance departments at RBC Wealth Management so that they may be made aware of all of the obligations your client owes to UBS and take all appropriate steps necessary to ensure strict compliance with such obligations. If Ms. Glasgow fails to comply with her legal obligations to



Andrew Melnick, Esq.
August 18, 2023
Page 3 of 3

UBS, UBS will take action to protect its rights, which may include filing an appropriate claim for injunctive and other relief in a court of competent jurisdiction and/or at FINRA.

    I invite you to contact me should you wish to discuss this matter.

Very truly yours,

HOWARD & HOWARD ATTORNEYS PLLC

Madison J. Scaggs

cc:    Lane Strumlauf, UBS Financial Services Inc.
        John Clark, Esq., UBS Financial Services Inc.
        James L. Komie, Esq., Howard & Howard Attorneys PLLC