# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NYIESHA SHOWERS, | ) |
| | ) Civil Action No.: |
| Plaintiff | ) |
| | ) |
| | ) Jury Trial Demanded |
| v. | ) |
| | ) |
| WORLD CHANGERS CHURCH | ) |
| INTERNATIONAL, INC. a Domestic | ) |
| Nonprofit Corporation | ) |
| | ) |
| Defendant. | ) |

## FLSA COMPLAINT

COMES NOW Plaintiff Nyiesha Showers (hereinafter "Plaintiff" and/or "Showers") by and through her undersigned counsel, and files this lawsuit against Defendant World Changers Church International, Inc. (hereinafter "Defendant") and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to recover overtime wages, liquidated damages, attorneys' fees and any other remedy approved by this Court.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

3. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) (1) and (2) because a substantial part of the events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is located in this District and is subject to personal jurisdiction in this District.

## PARTIES

4. Defendant operates a Church with its principal office located at 2500 Burdett Road, College Park, Georgia 30349-4208 ("College Park location").

5. Defendant is a Domestic Nonprofit Corporation, is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit, and can be served through its registered agent, Vernon Harrison located at 2500 Burdett Road, College Park, Georgia 30349-4208.

6. Plaintiff resides in Clayton County, Georgia (within this District).

7. At all material times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all material times, Plaintiff engaged in interstate commerce.

9. Upon information and belief, at all material times, Defendant was and

remains an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA and had an annual gross volume of sales which exceeded $500,000.

10. Defendant conducts business within this State and District.

11. At all times material to this action, Defendant was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

12. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

12. In approximately May, 2022, Defendant hired Plaintiff for the position as the eChurch Ministry Liaison.

13. Plaintiff worked for Defendant until August 10, 2023.

14. During her employment, Plaintiff did not perform the job duties that were exempt from the overtime provisions of the FLSA.

15. At all times relevant to when Plaintiff was employed as a salaried employee by Defendant, Plaintiff was at times required to work in excess of forty (40) hours a week.

16. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

17. At all times relevant to this action, Defendant had a policy and/or

practice of not compensating Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times minimum wage at which Defendant was by law required.

18. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

19. Defendant is liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times minimum wage at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, and 207.

20. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

21. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

22. At all material times, Defendant maintained control, oversight, and direction over its operations and employment practices of the employees.

23. At all times relevant to this action, the primary duty of Plaintiff was not the management of the enterprise in which she was employed, nor of a customarily recognized department or subdivision thereof.

24. At all time relevant to this action, Plaintiff was not responsible for customarily and regularly directing the work of two or more other employees.

25. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

26. At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

27. At all times relevant to this action, Plaintiff was a salaried, non- exempt employee for purposes of overtime compensation.

28. Defendant regularly directed Plaintiff to work more than forty hours per week as when she travelled to various cities for out of town events and when she was tasked with running evening bible studies.

29. Defendant was aware that Plaintiff regularly worked more than forty hours per week.

30. However, Defendant did not compensate Plaintiff for any hours over forty hours per week.

31. At all times relevant to this action, Defendant did not compensate Plaintiff for time worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which she was employed.

32. Defendant was aware that the FLSA required it to compensate Plaintiff

overtime pay for all hours worked in excess of forty hours per week.

33. Defendant's failure to compensate Plaintiff overtime wages for her work in excess of forty hours per week is willful, intentional, and in bad faith.

40. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff suffered damages plus incurring costs and reasonable attorneys' fees.

42. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

43. Plaintiff has retained the undersigned counsel to represent her.

44. Plaintiff demands a jury trial.

## COUNT I
## (OVERTIME)

45. The above paragraphs are incorporated by reference as if fully set forth herein.

46. Defendant has not made a good faith effort to comply with the FLSA with respect to compensation paid to Plaintiff.

47. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations with respect to compensation paid to Plaintiff.

48. Defendant is thereby liable to Plaintiff for unpaid overtime, liquidated damages, attorneys' fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.    Unpaid overtime wages;

B.    Liquidated damages;

C.    Attorneys' fees and expenses;

D.    Any such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 26th day of August, 2023.

                         MARTIN & MARTIN, LLP

                         By:    *Thomas F. Martin*
                                 Thomas F. Martin
                                 tfmartinlaw@msn.com
                                 Georgia Bar No. 482595
                                 Kimberly N. Martin
                                 kimberlymartinlaw@gmail.com
                                 Georgia Bar No. 473410
                                 MARTIN & MARTIN, LLP
                                 Post Office Box 1070
                                 Tucker, Georgia 30085