IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| OLUWOLE LONGE and ADETUTU LONGE,<br><br>    Plaintiffs,<br>v.<br><br>GRANGE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>    Defendants. | Civil Action<br>File No.:    2023CV383262 |

**DEFENDANT GRANGE PROPERTY & CASUALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

COMES NOW the Defendant, Grange Property & Casualty Insurance Company, ("Grange"), Improperly Named and files this Answer and Affirmative Defenses to Plaintiffs' Complaint, and shows this Honorable Court the following:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim against Grange upon which relief can be granted, and therefore, must be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

Grange shows that Plaintiffs' Complaint should be dismissed because the insurance policy upon which the claim for insurance proceeds was brought does not provide coverage for the damages sought by Plaintiff in the Complaint. Plaintiffs' claim for insurance proceeds, as asserted in the Complaint, is barred under the applicable exclusions, and therefore, Plaintiffs' Complaint must be dismissed.

**THIRD AFFIRMATIVE DEFENSE**

Grange shows that Plaintiffs' Complaint should be dismissed because Grange adjusted Plaintiffs' claim at issue properly and in accordance with all of the terms, conditions, limitations, and exclusions of the insurance policy at issue.

**FOURTH AFFIRMATIVE DEFENSE**

Pending further investigation and discovery, Grange reserves the right to raise any all additional affirmative defenses available to it under the Georgia Civil Practice Act, the laws of the State of Georgia, The Federal Rules of Civil Procedure and the terms, conditions, limitations, and exclusions of the insurance policy at issue.

**FIFTH AFFIRMATIVE DEFENSE**

In response to the specific allegations contained in the Plaintiffs' Complaint, and while at all times reserving the defenses previously raised by Grange, as well as those which may be added by amendment in the future after further discovery and investigation, Grange states the following:

1.

Grange Denies as Plead Duel Residency of the Plaintiffs but Admit that Plaintiffs are Residents of California.

2.

Grange denies as plead the Allegations of Paragraph 2 of plaintiffs' Complaint but admits that Grange Insurance Company transacts Business in the State of Georgia.

3.

Grange admits that The policy of Insurance was issued and delivered in the State of Georgia However, to the extent that Plaintiffs assert or infers that the This is the Only Court of Jurisdiction, is the only court in which venue may be proper and/or that removal of this case to Federal court is improper, said allegations are hereby denied.  Defendant Denies all other allegations.

4.

Defendant Admits that Venue may be proper, However, to the extent that Plaintiffs assert or infer that the this is the Only court in which venue may be proper and/or that removal of this case to Federal court is improper, said allegations are hereby denied. Defendant Denies all other allegations.

5.

Upon Information and Belief Admitted.

6.

Grange Admits that trees fell and struck a portion of the house. Grange Denies as plead the remainder of the paragraph.

7.

Grange Admits that it issued a policy of insurance under Policy Number HM4296972-03. Defendant denies as plead the remainder of the paragraph.

8.

Grange admits that the policy limits are as stated, however denies any insinuation or allegation that any claims are covered.

9.

Grange admits that a claim was submitted on or about July 27, 2021 and assigned claim number ZHM003335224

10.

Grange admits that services of various people were allegedly obtained by plaintiffs or prior counsel.  Grange furthermore denies the remaining allegations contained in Paragraph 10 of the Complaint as plead.

11.

Admitted

12.

Grange admits that a letter denying the claim was provided, but denies any insinuation or suggestion of delay without

13.

Grange denies the allegations contained in Paragraph 13 of the Complaint.

14.

Grange denies the allegations other than that new counsel was obtained.

15.

Grange denies the allegations contained in Paragraph 15 of the Complaint as plead.

16.

Defendant restates as if fully restates herein each and every response to paragraphs 1-15.

17.

Grange admits that the action is categorized as breach of contract or policy but denies any such breach occurred.

18.

Grange admits that the policy is a contract but denies any breach and reasserts the requirements and any and all applicable exclusions.

19.

Denied

20.

Denied as plead

21.

Denied

22.

Defendant is without knowledge sufficient to either admit or deny paragraph 22 of plaintiffs complaint.

23.

Denied as plead

24.

Denied.

All Allegations contained in the "WHEREFORE" paragraph immediately following Paragraph 24 of the Complaint are Denied.

25.

Grange denies any and all allegations not explicitly responded to above.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to properly mitigate their damage

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are guilty of laches, unclean hands, Fraud, and failure to meet all conditions precedent.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' allegations of failure to pay are without any basis in fact or law and are barred since Grange did not refuse to pay based upon an unreasonable interpretation of the policy provisions as applied to the circumstances known, which represents a substantial legal basis for its payment and denial of Plaintiffs' additional claim for damages.

**NINETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred under the Policy, in whole or in part, due to Plaintiffs' own actions or omissions in their failure to protect the property from future damage and/or by their failure to make reasonable and necessary repairs to protect the property.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages may be caused by or responsibility may lie with parties other than Grange and for whom Grange is not legally responsible.

WHEREFORE, having responded to the allegations of Plaintiffs' Complaint, Grange respectfully requests that:

1. Plaintiffs' Complaint be dismissed against Grange and for judgment on the Complaint in Grange's favor and against Plaintiff;

2. All costs of this action be cast upon Plaintiff for attorney's fees and expenses of litigation; and

3. Grange be awarded such other further relief as the Court may deem just and proper.

4. A Jury of 12 is Demanded for all matters.

This 27th day of August, 2023.

                                Chartwell Law
                                Attorneys for Defendants

By: */S/ROBERT A. LUSKIN*
Robert A. Luskin
GA State Bar No.: 004383
rluskin@chartwelllaw.com
3200 Cobb Galleria Parkway, Suite 250
Atlanta, GA 30339
Main (404) 410-1151
Fax (404) 738-1632

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| OLUWOLE LONGE and ADETUTU LONGE,<br><br>    Plaintiffs,<br>v.<br><br>GRANGE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>    Defendants. | Civil Action<br>File No.:    2023CV383262 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of Grange Property and Casualty Insurance Company's Answer and Affirmative Defenses by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) **or** by depositing a copy of same in the United States Mail, postage prepaid, as follows:

Nicholas P. Martin
**Martin DeMelfi LLC**
7000 Peachtree Dunwoody Road
Building 1, Ste. 202
Atlanta, GA 30328
nmartin@martin-demelfi.com
*Attorney for Plaintiff*

This 27th day of August, 2023.

/s/ROBERT A. LUSKIN
Robert A. Luskin
GA State Bar No.:  004383
rluskin@chartwelllaw.com
3200 Cobb Galleria Parkway, Suite 250
Atlanta, GA 30339
Main (404) 410-1151
Fax (404) 738-1632