UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN MARTINEZ JAIMES<br>ESTEBAN MARTINEZ<br><br>Plaintiffs,<br><br>v.<br><br><br>ALEJANDRO MAYORKAS, Secretary, U.S.<br>    Department of Homeland Security,<br>UR M. JADDOU, Director, United States<br>    Citizenship and Immigration Services, and<br>SHINEKA MILLER, District Director,<br>    U.S. Citizenship and Immigration Services<br>    Atlanta District Office,<br><br>Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A.F.N. _____<br>)   Agency # 093 453 962<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

Plaintiffs Steven Martinez Jaimes And Esteban Martinez, through undersigned counsel, file this Complaint for Writ of Mandamus and Declaratory Judgment to compel Defendants, and those acting under them, to take all appropriate action to adjudicate Plaintiffs' Petition for Alien Relative (Form I-130) and Application to Register Permanent Residence or Adjust Status (Form I-485) without further delay. As good cause, Plaintiffs state the following:

## PARTIES

1. Plaintiffs concurrently filed Forms I-130 and I-485 with United States Citizenship and Immigration Services ("USCIS") on or about April 6, 2017.

2. Defendant Alejandro Mayorkas is the Secretary of the United States Department of Homeland Security ("DHS") and is sued in his official capacity only. Defendant Mayorkas is charged with the administration of USCIS and implementing the Immigration and Nationality Act ("INA"). 8 C.F.R. § 2.1.

3. Defendant Ur M. Jaddou is the Director of USCIS and is sued in her official capacity only. USCIS is the agency responsible for implementing the provisions of the INA. 8 C.F.R. § 100.1.

4. Defendant Shineka Miller is the Atlanta USCIS District Director and is sued in her official capacity only.

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1361(c) ("The district courts shall have original jurisdiction of any

action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

6. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to execute its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *Belegradek v. Gonzales*, 523 F. Supp. 2d 1364, 1367 (N.D. GA 2007) ("This Court agrees that the Section 245 of the INA [8 U.S.C. § 1255] imposes a *non-discretionary duty* on the Attorney General to adjudicate an application for adjustment of status.  Because that statute does not contain a specific time requirement, the APA, 5 U.S.C. § 555(b), requires that the Attorney General act upon an application of adjustment of status within a '**reasonable time' and '[w]ith due regard for the convenience and necessity of the parties**.'") (internal citations omitted) (emphasis added).

7. 8 U.S.C. § 1252 does *not* deprive this court of jurisdiction. 8 U.S.C. § 1252(a)(2)(B)(ii) provides that "a petition for review filed with an

appropriate court of appeals…shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" This complaint does not seek review of a removal order; rather, it simply seeks to compel USCIS to adjudicate Plaintiffs' unreasonably delayed applications. Thus, this court retains original mandamus jurisdiction under 28 U.S.C. § 1361.

8. Further, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified…to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" The act of adjudicating a visa petition and adjustment of status application is neither a judgment regarding the granting of relief from removal nor a decision or action specified to be in the discretion of the Attorney General or the Secretary of Homeland Security. Thus this court retains original mandamus jurisdiction over this claim. *Belegradek*, 523 F. Supp. at 1366.

9. Adjudication of a properly filed visa petition and adjustment of status application is a non-discretionary act which the Government is under obligation to perform in a timely manner. *Id*. at 1367.

10. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103(a)(1) provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens[.]" (emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added). The language of the statute and the above - cited regulations are mandatory, not discretionary. Defendants have a clear duty to adjudicate the application for adjustment of status pending before them.

11. As set forth below, the delay in processing Plaintiffs' Forms I-130 and I-485 is unreasonable.

12. Venue in the Northern District of Georgia is appropriate pursuant to 28 U.S.C. § 1391(e) in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a substantial part of the events or omissions giving rise to the claim occurred. Further, Plaintiffs reside in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. No exhaustion requirement applies to Plaintiffs' Complaint for a Writ of Mandamus as there are no other adequate remedies available for the harm they seek to redress – the failure of USCIS to adjudicate Plaintiffs' Forms I-130 and I-485 in a timely manner. Plaintiffs are owed a duty – the adjudication of their properly filed applications. Defendants have unreasonably delayed and failed to adjudicate Plaintiffs' applications since filing well over six years ago.

## FACTS AND PROCEDURAL HISTORY

14. Plaintiff Esteban Martinez, a native and citizen of Mexico, is the father of Plaintiff Steven Martinez Jaimes, a United States citizen.

15. Plaintiffs concurrently filed Forms I-130 and I-485 with USCIS, as part of the same filing package, on approximately April 6, 2017. **Attachment A – I-130 and I-485 Receipt Notices**.

16. On January 30, 2020 Plaintiff Esteban Martinez appeared at the USCIS Atlanta Field Office for an adjustment of status interview. Immigration Services Officer (ISO) Kay stated to counsel and Plaintiff at that time that

USCIS did not have Plaintiff's file and therefore the interview could not be conducted as scheduled. ISO Kay stated that the interview would be rescheduled. **Attachment B – Interview Notice.** Plaintiffs to date have received no notice of a rescheduled interview nor notice of a decision.

17. Plaintiff Esteban Martinez submitted an inquiry through U.S. Senator Raphael Warnock's Congressional Liaison. Senator Warnock's office replied, "… a previously scheduled interview may have been cancelled for the Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt Number MSC1791086902, however, this case has been categorized as a interview waiver eligible. As of date, USCIS has not requested an eligibility interview appointment for your constituent ..." **Attachment C – email from U.S. Senator Warnock's Congressional Liaison.**

18. Regarding Plaintiff Steven Martinez Jaimes's pending Form I-130, USCIS states on its website that, "[o]n April 6, 2017, we received your Form I-130, Petition for Alien Relative, Receipt Number MSC1791086903, and sent you the receipt notice that describes how we will process your case." To date, Plaintiffs have received no decision. **Attachment D – USCIS Website Case Status I-130.**

19. Regarding Plaintiff Esteban Martinez's pending Form I-485, USCIS states on its website that, "[o]n April 21, 2017, we accepted the fingerprint fee for your Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt MSC1791086902. Our National Benefits Center location is working on your case." To date, Plaintiffs have received no decision. **Attachment E – USCIS Website Case Status I-485.**

20. As of August 23, 2023, the current estimated processing time for a Form I-485 at the Atlanta Field Office is 22.5 months. **Attachment F – USCIS Website I-485 Processing Time.**

21. **Plaintiffs filed their Forms I-130 and I-485 almost 77 months ago.**

22. Defendants have unreasonably failed to issue a final decision on Plaintiffs' applications. Plaintiffs request that this court order USCIS to adjudicate their Forms I-130 and I-485 without further delay.

## CAUSE OF ACTION

23. Plaintiff Esteban Martinez is eligible to adjust status to lawful permanent residence on the basis of his Form I-485 and the Form I-130 filed by Plaintiff pursuant to 8 U.S.C. § 1255(a).

24. Defendants have sufficient information to determine Plaintiff Esteban Martinez's eligibility for adjustment of status. Defendants have unreasonably delayed and refused to adjudicate Plaintiffs' Forms I-130 and I-485 initially filed almost 77 months ago, thereby depriving Plaintiffs of their right under the INA to a decision. 8 C.F.R. § 245.2(a)(5)(i).

25. Defendants' unreasonable inaction has caused Plaintiffs an inordinate and undeserved amount of expense and stress. Plaintiffs are entitled by law to a decision on their Forms I-130 and I-485, which have yet to be adjudicated despite the adjudication of other, similar applications filed years after Plaintiffs'.

## CLAIM FOR RELIEF

26. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003). Plaintiffs clearly meet all three criteria.

27. Plaintiffs have fully complied with all statutory and regulatory requirements for seeking a decision on their pending applications.

28. Defendants have a clear duty to adjudicate Plaintiffs' Forms I-130 and I-485 and have unreasonably failed to do so. Defendants' failure to adjudicate Plaintiffs' applications since receiving them well over 6 years ago deprives Plaintiffs of their rights under 8 U.S.C. § 1255 to a decision on their applications. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (emphasis added).

29. Defendants owe Plaintiffs a duty to adjudicate their applications pursuant to the INA and its implementing regulations, and have unreasonably failed to perform that duty.

30. This court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. Plaintiffs filed well over six years ago. This is an unacceptable and unreasonable delay.

31. Defendants' delay is without justification and has forced Plaintiffs to resort to this court for relief, and Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this court:

1. Compel Defendants and those acting under them to take all appropriate action to adjudicate Plaintiffs' Forms I-130 and I-485 without further delay;

2. Award attorney's fees and costs as permitted by statute; and

3. Grant any and all further relief that is necessary or appropriate.

Respectfully submitted this 27th day of August, 2023.

ANTONINI AND COHEN
IMMIGRATION LAW GROUP

/s/ Marshall Lewis Cohen
Marshall Lewis Cohen
Attorney for Plaintiffs
Georgia Bar. No.174580
2751 Buford Highway, NE – Suite 500
Atlanta, GA 30324
phone (404) 523-8141
fax (678) 436-8843

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the attached Complaint for Writ of Mandamus and Declaratory Judgment has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1 for documents prepared by computer.

This 27th day of August, 2023.

                                                      Antonini and Cohen
                                                      Immigration Law Group

                                                      <u>/s/ Marshall Lewis Cohen</u>
                                                      Marshall Lewis Cohen