THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| YUPINE SEMIRA DAVIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE NO.: |
| KILOLO KIJAKAZI, ACTING | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Yupine Semira Davis, hereinafter referred to as Plaintiff, by and through her attorney, John V. Hogan, and brings this action against the Defendant as captioned, and respectfully shows:

1.

Plaintiff is a citizen of the United States of America and a current resident of Clayton County, Georgia.

2.

The Defendant is the (Acting) Commissioner of the Social Security Administration.

3.

Jurisdiction of this Court is evoked under Sections 205(g) of the Social Security Act, as amended, (Section 405(g) of Title 42 of the United States Code) this being an action authorized by law for review of Defendant's final administrative decision denying Plaintiff disability benefits under the Social Security Act, as amended.

4.

Plaintiff applied for disability benefits under Title II of the Social Security Act by way of application filed March 23, 2017.

5.

Plaintiff alleged an onset of disability as of October 5, 2014, but subsequently amended it to March 2, 2015.

6.

Plaintiff has not been engaged in substantial gainful activity subsequent to the amended alleged onset date.

7.

Plaintiff met the insured status requirements for entitlement to disability benefits under Title II of the Social Security Act as of the alleged onset date and through June 30, 2021, but not thereafter.

8.

Plaintiff shows that at all times from the alleged onset date, she was under a disability as defined in sections 216(i) and 223(d) of the Social Security Act, as amended [42 U.S.C. §§ 426(i) and 423(d)]. Plaintiff was disabled due to severe medically determinable impairments including those found by the administrative law judge: degenerative disc disease, osteoarthritis of the knees, depression, anxiety, post-traumatic stress disorder and borderline personality disorder.

9.

Plaintiff's aforesaid application was denied at the initial and reconsideration levels.

After an administrative law judge hearing, a written decision was issued October 30, 2019, denying the claim.

10.

Appeals council review was requested and granted by way of Order dated October 6, 2020.

11.

Subsequent to said remand, the administrative law judge held another hearing and issued another unfavorable decision on November 25, 2022. This decision is identified as **BNC#21WW824K13180.**

12.

Plaintiff again requested review by the Appeals Council, which denied the request by way of determination dated July 17, 2023.

Said denial of the request for review is the final administrative determination of the Defendant.

13.

Defendant's decision is not supported by substantial evidence.

14.

Defendant's decision is based upon errors of fact and law.

WHEREFORE, Plaintiff requests:

(a)  That this Court find there was not substantial evidence to support Defendant's decision that Plaintiff was not disabled, and reverse said decision;

(b)  That this Court find Defendant's decision that Plaintiff was not disabled is based upon errors of fact and law and reverse said decision; and

(c)  That this Court grant such other and further relief as appears just and proper.

Respectfully submitted this 29th day of August 2023.

*John V. Hogan*

John V. Hogan
GA Bar No. 359936
Attorney for Plaintiff

Law Office of John V. Hogan
593 Main Street
Suwanee, GA 30024
678-546-1010
john@johnhoganlaw.com