UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER SADOWSKI, | |
| Plaintiff, | Case No.: |
| v. | **COMPLAINT** |
| GOD IS DOPE LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Christopher Sadowski ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant God Is Dope LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a photograph of officers from the New York City Police Department surveilling a crime scene where two persons were shot on Intervale Avenue near Fox Street in the Bronx, New York (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

1

3.   Defendant is a clothing company, which owns and operates a website at domain www.godisdope.com (the "*Website*").

4.   Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5.   Plaintiff Christopher Sadowski is an individual who is a citizen of the State of New Jersey and who resides in Passaic County, New Jersey.

6.   Upon information and belief, defendant God Is Dope LLC, is a Georgia limited liability company with a principal place of business at 451 Edgewood Avenue Northeast, Atlanta in Fulton County, Georgia.

## JURISDICTION AND VENUE

7.   This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8.   This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Georgia.

9.   Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A.  **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. On July 5, 2021, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

15. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

16. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

17. Plaintiff published the Photograph by commercially licensing it to the

New York Post for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

18.    Upon information and belief, Defendant is the registered owner of the Website and is responsible for its content.

19.    Upon information and belief, Defendant is the operator of the Website and is responsible for its content.

20.    The Website is a key component of Defendant's popular and lucrative commercial enterprise.

21.    The Website is monetized in that it sells merchandise to the public and, upon information and belief, Defendant profits from these activities.

22.    Defendant displayed the Photograph on the Website as part of an on-line story at URL: https://www.godisdope.com/blogs/news/stop-the-violence-more-than-400-u-s-shootings-recorded-over-july-4th-and-at-least-150-dead. A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

23.    The Photograph was stored at URL: https://cdn.shopify.com/s/files/1/0937/6498/articles/GOD_IS_DOPE_ARTICLE_COVERS_18_700x.png.

24.    Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on

the Website.

25. Plaintiff first observed and actually discovered the Infringement on April 16, 2022.

26. Plaintiff, through counsel, attempted to contact Defendant regarding this matter on June 16, 2023, via email, June 29, 2023, via email and regular mail, and July 14, 2023, via email and regular mail, but have not received a response from Defendant.

27. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

28. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

29. The Infringement is an exact copy of the vast majority of Plaintiff's original image that was directly copied and displayed by Defendant on the Website.

30. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to, copying,

posting, selecting, commenting on and/or displaying images including, but not limited to, Plaintiff's Photograph.

31. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

32. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

33. Upon information and belief, the Infringement was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

34. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

35. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

36. Upon information and belief, Defendant monitors the content on its Website.

37. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

38. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its merchandise

sales.

39. Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph on the Website.

40. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

41. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

42. Defendant's use of the Photograph harmed the actual market for the Photograph.

43. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

44. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

45. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

46. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

47. The Photograph is properly registered with the USCO and Plaintiff has

complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

48. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

49. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

50. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

51. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website.

52. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of

Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

53. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

54. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

  a. finding that Defendant infringed upon Plaintiff's copyright interest in and to the Photograph by copying and displaying it

without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: August 28, 2023

                              **SANDERS LAW GROUP**

                              By:   */s/ Ashley E. Wentz*
                              Ashley E. Wentz, Esq.
                              Georgia Bar No. 132322
                              333 Earle Ovington Boulevard, Suite 402
                              Uniondale, NY 11553

       Tel: (516) 203-7600
       Email: awentz@sanderslaw.group
       File No.: 128121
       *Attorneys for Plaintiff*