# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Dai Ngoc NGUYEN<br><br>    Plaintiff,<br><br>v.<br><br>UR MENDOZA JADDOU, Director of U.S. Citizenship and Immigration Services,<br><br>    Defendant | Civil No:<br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' ADJUDICATION OF FORM I-485 ADJUSTMENT OF STATUS APPLICATIONS<br><br>Agency No.  A216 493 342 |

## COMPLAINT FOR WRIT OF MANDAMUS

Plaintiff, Dai Ngoc Nguyen, through undersigned counsel, allege as follows:

### I.    INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. § 1361, 8 U.S.C. § 1329, and 28 U.S.C. § 1331, to redress the deprivation of rights, privileges and immunities secured to Plaintiff to compel Defendant to perform a duty Defendant owed to Plaintiff.

2. This action is brought to compel Defendant and those acting under her to take action on the Plaintiff's Form I-485, Application for Permanent Residence ("Application"). Plaintiff requests that this Court issue injunctive relief and a writ in the nature of mandamus compelling Defendant to make a determination to grant or deny adjustment of status under 8 U.S.C. § 1255.

## II.   JURISDICTION

3. This Court has general federal question jurisdiction over this action under 5 U.S.C. §§ 555(b) and 706(a), 28 U.S.C. § 1361, and 28 U.S.C. § 1331(a). Jurisdiction is also conferred by 5 U.S.C. § 704.

4. This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and F.R.C.P. 57 and 65.

## III.   VENUE

5. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. §1391(e). Defendant is an Officer of the United States acting in her official capacity, and the U.S. Attorney General's Office, the Department of Homeland Security ("DHS"), and U.S. Citizenship and Immigration Services ("USCIS") are agencies of the United States. Additionally, Plaintiff resides in this district.

## IV.   EXHAUSTION

6.  There are no administrative remedies available for Plaintiff to exhaust.

## V.   PARTIES

7.  Plaintiff, Dai Ngoc Nguyen, (Alien Registration Number A216 493 342). Plaintiff is a resident of Lawrenceville, Georgia, and an Applicant for adjustment of status.

8.  Defendant Ur Mendoza Jaddou, is the Director of USCIS, a fee-for-service agency that is responsible for the administration and enforcement of the immigration laws of the United States. This action is brought against her in her official capacity.

## VI.   FACTUAL ALLEGATIONS

9.  Plaintiff Dai, who is a native and citizen of Vietnam, entered the United States on September 17, 2016 as a F-1 student and has resided continuously in the United States since then. *See* Exhibit A.

10. Plaintiff Dai filed an application for adjustment of status on October 22, 2020. *See* Exhibit B.

11. On October 22, 2020, Wayne Farms, LLC submitted a visa petition for Plaintiff Kim in the EB3 Other Worker category. This visa petition was approved, carrying a priority date of September 20, 2019. *See* Exhibit C.

12. Visa numbers were available at the time the Plaintiff filed his adjustment application. USCIS accepted Plaintiff's application and approved his work authorization document. Plaintiff has been working at Wayne Farms, LLC for the past several years. Attached please find his work authorization. *See* Exhibit D.

13. Plaintiff has at all times met and continues to meet the requirements necessary to adjust status in the United States.

14. Plaintiff's Application has now been pending with Defendant for almost three years, and Defendant has taken no action on the Application.

15. Historically, over the last six years, USCIS has adjudicated cases like Plaintiff's on average within 8-11 months. *See* Exhibit E. Plaintiff's adjustment Application has now been pending 34 months.

16. Defendant now claims that it is taking 31.5 months to process 80 percent of the Applications in this category. *See* Exhibit F. This delay is entirely unreasonable, as are the unexplained increases in processing times. Plaintiff

should not be required to wait further when the announced unreasonable processing times may simply grow longer and longer.

17. Plaintiff falls into the preference category EB-3 from Vietnam. Accordingly, visa numbers are available for Plaintiff's adjustment application. The September Visa Bulletin shows the EB-3 category for other workers with a priority date of May 1, 2020. *See* Exhibit G. The Plaintiff's priority date is September 20, 2019 and thus visa numbers are immediately available.

18. Despite Plaintiff's diligent efforts to comply with all requirements, the Defendant has failed to fulfill its mandatory duty to adjudicate the pending application within a reasonable time as required by the APA.

19. As a result of Defendant's failure to act, Plaintiff has suffered and will continue to suffer severe, concrete, and particularized injury.

**FIRST CLAIM FOR RELIEF**
**28 U.S.C. § 1361 - Writ of Mandamus to compel officers and agencies of the United States to perform a duty owed to Plaintiffs**

20. The allegations in the preceding paragraphs are repeated and incorporated as though fully set forth herein.

21. Plaintiff is eligible for immediate adjudication of his pending I-485 Application.

4

22. Plaintiff is admissible to the United States as lawful permanent resident.

23. Plaintiff has suffered and will continue to suffer significant and irreparable harm because of the Defendant's policies, procedures, acts and failure to act as described herein.

24. Defendant has violated Plaintiff's statutory rights to apply for benefits that Congress has provided under the Immigration and Nationality Act ("INA"), depriving Plaintiff the opportunity to pursue adjustment of status to lawful permanent residence and live lawfully in the United States under 8 U.S.C. § 1255.

25. District courts have mandamus jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

26. Both the INA and its implementing regulations provide numerous examples of mandatory duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security shall be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for

adjustment of status . . . shall be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added).

27. The language of the statute and the above cited regulations is mandatory, not discretionary, and the Defendant has a clear duty to adjudicate the application for adjustment of status pending before them.

28. It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application. *See* 8 U.S.C. § 1571 and (Pub. L. 106-313, title II, §202, Oct. 17, 2000, 114 Stat. 1262).

29. Mandamus action is appropriate because the Defendant has failed to act within a reasonable period of time.

30. Defendant has a clear, non-discretionary, and mandatory duty to adjudicate Plaintiff's I-485 Application. There is no legal bar to doing so. Accordingly, Plaintiff has a clear and indisputable right to have his Application adjudicated. No alternative remedy exists to compel action by Defendant.

## SECOND CLAIM FOR RELIEF
## Administrative Procedure Act, 5 U.S.C. § 555(b), § 706(1) et seq.

31. Plaintiff re-alleges each of the allegations contained herein.

32. Plaintiff has suffered a legal wrong or has been "adversely affected or aggrieved" by agency action. 5 U.S.C. § 702. Plaintiff is a person aggrieved by agency action, for which there is no other adequate remedy in a court. 5 U.S.C. § 704.

33. Pursuant to the APA, 5 U.S.C. § 555(b), Defendant has a nondiscretionary duty to act "within a reasonable time" upon a matter presented to it.

34. Pursuant to the APA, 5 U.S.C. § 706(1), a court may compel agency action unlawfully withheld or unreasonably delayed.

35. Plaintiff is eligible for and has fulfilled all statutory requirements for adjustment of status. He has submitted all necessary information and evidence supporting his application and paid all applicable fees.

36. Defendant's delay in acting on Plaintiff's Application is unreasonable and constitutes agency action wrongfully withheld or unreasonably delayed because the application has been pending for over 34 months and counting

without a final decision. Plaintiff faces irreparable harm if the failure to act persists, a fact which is well known to Defendant.

37. Despite Plaintiff's diligent efforts to resolve the delay in adjudication, the Defendant has failed to fulfill her mandatory duty to adjudicate the pending Application within a reasonable time as required by the APA.

38. Plaintiff has no other adequate remedy at law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court:

1. Assume Jurisdiction over this action;

2. Issue a Writ of Mandamus compelling Defendant to immediately adjudicate the pending Application and, if approved, to deliver Plaintiff's I-551 permanent residence card to him at his address of record;

3. Award Plaintiff reasonable costs and attorney's fees under the Equal Access to Justice Act; and

4. Award such further relief as the Court deems just or appropriate.

RESPECTFULLY SUBMITTED this 28th day of August, 2023


_____/s/_____
Zainab A. Alwan, Esq.
Georgia Bar #385074
Attorney for the Plaintiff
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
zainab@socheatchea.com

## CERTIFICATE OF SERVICE

This is to certify I electronically filed the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** and its accompanying Exhibits with the Clerk of Court using the CM/ECF system. This system will automatically send email notification of such filing to all below Defendants who are registered with this system. In addition, in compliance with local rules, this initial Complaint and the accompanying Exhibits and summons have also been served by First Class Certified Mail, postage pre-paid, on:

| | |
|---|---|
| Ur Mendoza Jaddou, Director USCIS<br>c/o<br>Office of the Chief Counsel<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009 | Ryan K. Buchanan, U.S. Attorney,<br>Northern District of Georgia<br>75 Ted Turner Drive SW<br>Suite 600<br>Atlanta, Georgia 30303 |

Certified this the 28th day of August, 2023.


_____/s/_____
Zainab A. Alwan, Esq.
Georgia Bar #385074
Attorney for the Plaintiff
Socheat Chea, P.C.
3500 Duluth Park Lane, Bldg. 300
Duluth, Georgia 30096
(770) 623-8880
(770) 623-8852 (fax)
zainab@socheatchea.com

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Dai Ngoc NGUYEN,<br><br>   Plaintiff,<br><br>v.<br><br>UR MENDOZA JADDOU, Director of U.S. Citizenship and Immigration Services,<br><br>   Defendant | Civil No:<br><br>COMPLAINT TO COMPEL AGENCY ACTION UNDER 28 U.S.C. § 1361 AND 5 U.S.C. §§ 555(b), 706(1), AND FOR A WRIT OF MANDAMUS TO COMPEL DEFENDANTS' ADJUDICATION OF FORM I-485 ADJUSTMENT OF STATUS APPLICATION<br><br>Agency No.  A216 493 342 |

## **LIST OF EXHIBITS**

Exhibit A   Plaintiff's passport biographical page, visa, and admission stamp;

Exhibit B   Receipt for Form I-485, Application for Adjustment of Status for Plaintiff;

Exhibit C   Approval Notice for Form I-140 Immigrant Petition for Immigrant Worker;

Exhibit D   Employment Authorization Card for Plaintiff;

Exhibit E   USCIS Historic Case Processing Time report;

Exhibit F   USCIS.gov Case Processing times; and

Exhibit G   September 2023 Visa Bulletin.