IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIELLE RANIERI f/k/a ) <br> DANIELLE PAULET, ) <br>     Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> CLICKER CANINES and ) <br> PATRICIA CALDERONE, ) <br>     Defendant. ) | Civil Action File No.: <br> _____ |

# **COMPLAINT**

Plaintiff Danielle Ranieri f/k/a Danielle Paulet ("Plaintiff"), for her Complaint against Clicker Canines and Patricia Calderone ("Calderone") (collectively, "Defendants") states as follows:

## **NATURE OF THE ACTION**

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

2. Plaintiff created an image of a Doberman with a heart across his back (the "Image"), which Plaintiff owns the rights and licenses for various uses including online and print publications and graphic designs for businesses.

3.      Defendant Clicker Canines is a dog training business which owns and operates a website at the domain <clickercanines.com> (the "Website"), as well as various social media accounts.

4.      Upon information and belief, Defendant Calderone is the sole proprietor of this business.

5.      Defendants, without permission or authorization from Plaintiff, actively copied and/or displayed the Image on the Website, social media accounts, and Defendants' business materials and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## THE PARTIES

6.      Plaintiff Danielle Ranieri is an individual who is a citizen of the State of Georgia.

7.      On information and belief, Defendant Calderone is an individual who resides at 235 Morgan Court, Apt. 2C, Manhattan, Illinois, 60442.

8.      On information and belief, Defendant Clicker Canines is an Illinois sole proprietorship with a principal place of business at 235 Morgan Court, Apt. 2C, Manhattan, Illinois, 60442.

## JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

10. This Court has personal jurisdiction over Defendants under Georgia's Long Arm Statute.

11. Venue is proper in this Court under 28 U.S.C. § 1391 in that Defendants are subject to the personal jurisdiction of this judicial district, and that a substantial part of the events giving rise to this action occurred in this judicial district.

## STATEMENT OF FACTS

### *A. Plaintiff's Copyright Ownership*

12. Plaintiff is a professional UX designer and animator by trade who is the legal and rightful owner of certain images and graphics which Plaintiff commercially sells or licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's animation portfolio and presence, including by obtaining both a Bachelors and Masters degree in Animation.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "USCO") which cover many of Plaintiff's images and graphics while many others are the subject of pending copyright applications.

15. Plaintiff's images are original, creative works in which Plaintiff owns protectable copyright interests.

16. On September 7, 2011, Plaintiff first published the Image. A copy of the Image is attached hereto as **Exhibit A**.

17. Plaintiff is the owner of the Image and has remained the owner at all times material hereto.

**Defendant's Infringing Acts**

18. Defendant Clicker Canines is a dog training business that operates out of Manhattan, Illinois.

19. Defendants advertise/market the business through its website and social media pages.

20. On or about January 31, 2014, Defendants displayed the Image on Defendant Clicker Canines' Facebook page, where an individual commented "I love your logo" with no correction. A true and correct copy of a screenshot of the Website including the Image is attached hereto as **Exhibit B**.

21. Defendants have continued to include the Image on social media sites and materials that are distributed to Defendants' clients. A true and correct copy of screenshots of these activities is attached hereto as **Exhibit C**.

22. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

23. Defendants utilized the Work for commercial use – namely, in connection with the marketing of Defendants' business.

24. Plaintiff first observed and actually discovered Defendants' use of the Image on April 25, 2023.

25. Plaintiff notified Defendants of the infringing material via email on both April 30, 2023 and May 5, 2023. Defendants failed to respond and did not remove the Image from Defendants' Website or various social media pages.

26. Plaintiff attempted to reach Defendant about the Infringement via Facebook messenger on May 6, 2023. Although the message indicated it was "seen", Defendants failed to respond and did not remove the Image from Defendants' Website or social media pages.

27. On June 20, 2023, Plaintiff, through counsel, notified Defendants of the infringing material via electronic mail.

28. On June 20, 2023, Defendants called undersigned counsel and stated that she did receive notices from Plaintiff, but believed they were a scam. Undersigned counsel explained the letters were not a scam and informed Defendants of the serious nature of a copyright claim.

29. On June 22, 2023, undersigned counsel received a call from the Village of Manhattan Police's Commander stating that Defendant Calderone had

reported undersigned counsel as a scam. Undersigned counsel then explained that the matter was serious and assured the officer that there was no scam.

30. Defendants, after receiving this letter, made the Website private, making it impossible for Plaintiff to determine if Defendants are still infringing on Plaintiff's Image on its Website.

31. As of August 24, 2023, Defendants continue to have materials on its Instagram containing the infringing Image. A true and correct copy of screenshots depicting the continued uses is attached hereto as **Exhibit D**.

32. Plaintiff, through undersigned counsel, attempted to reach Defendants numerous times in an attempt to further negotiate settlement, but Defendants refused to answer any emails or phone calls.

33. Plaintiff attempted to properly serve Defendants with an additional demand letter via private process server to further communicate, but Defendants actively avoided service and failed to communicate with Plaintiff or undersigned counsel.

34. Despite Plaintiff's good faith communicative efforts to resolve this matter amicably, Defendants continue to ignore Plaintiff's attempt to negotiate.

35. Upon information and belief, the Image was copied and displayed by Defendants without license or permission, thereby infringing on Plaintiff's

copyrights in and to the Image (hereinafter all of the unauthorized uses set forth above are referred to as the "Infringement").

36. The Infringement includes a URL (Uniform Resource Locator) for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement in accordance with 17 U.S.C. § 106(5).

37. Upon information and belief, Defendants have the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise that right.

38. Upon information and belief, Defendants monitor the content on the Website.

39. Upon information and belief, Defendants have received financial benefit directly attributable to the Infringement.

40. Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

41. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## COUNT I

**Copyright Infringement**
**(17 U.S.C. § 501 *et seq*.)**

42. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 41 above as if fully set forth herein.

43. The Image is an original, creative work, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

44. The Image is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

45. Plaintiff has not granted Defendants a license or the right to use the Image in any manner, nor has Plaintiff assigned any of her exclusive rights in the copyright to Defendants.

46. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. § 106, Defendants improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in the copyright.

47. Defendants' reproduction of the Image and display of the Image constitutes willful copyright infringement.

48. Upon information and belief, Defendants willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that

Defendants used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Image without Plaintiff's consent or authority by using it on the Website.

49. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

50. As a result of Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

51. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

52. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Danielle Ranieri, prays for relief against Defendants Clicker Canines and Patricia Calderone as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. § 501 *et seq.* and therefore award damages and monetary relief as follows:

A. That Defendants infringed Plaintiff's copyright in and to the Image by copying and displaying without a license or consent;

B. That Plaintiff be awarded actual damages and disgorgement of all Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven;

C. That pursuant to 17 U.S.C. § 502(a), Defendants be enjoined from any infringing use of any of Plaintiff's works;

D. That pursuant to 17 U.S.C. § 505, Plaintiff be awarded the costs of litigation and reasonable attorneys' fees against Defendants;

E. That Plaintiff be entitled to pre-judgment interest as permitted by law; and

F. Any other relief the Court deems just and proper.

Respectfully Submitted this August 28, 2023,

DANIELLE RANIERI

By Counsel

*/s/Kennington R. Groff*
Kennington R. Groff

        GA Bar No.: 782901
        Zachary C. Eyster
        GA Bar No.: 192335
        Melanie Lane
        GA Bar No.: 831941

        BEKIARES ELIEZER, LLP
        2870 Peachtree Rd. #512
        Atlanta GA 30305
        Telephone: 404.537.3686
        kgroff@founderslegal.com
        zeyster@founderslegal.com
        mlane@legalfounders.com