# EXHIBIT 1

**U.S. Department of Labor**        Office of the Assistant Secretary
for Administration and Management
Washington, D.C. 20210



Misty Dupre
2015 Village Green Drive                      **NOV – 7 2019**
Fairburn, GA 30213

RE: CRC Case No. 20-04-006

Dear Ms. Dupre:

This confirms receipt of your recent correspondence by which you filed a formal complaint of discrimination against the Department of Labor. Your complaint was received on October 25, 2019, and this date is deemed to be the filing date of your complaint.

As soon as we have reviewed the EEO Counselor's Summary Report on your complaint, a determination will be made about whether your complaint should be accepted for processing pursuant to the EEO regulations. If your complaint is accepted for investigation, the Agency is required to conduct an impartial and appropriate investigation of the complaint within 180 days of the filing date of the complaint unless the parties agree to extend the time period. If your complaint is not accepted for investigation (dismissed), you have a right to appeal this action to the Equal Employment Opportunity Commission (EEOC), Office of Federal Operations. Further guidance will be provided to you on your appeal rights upon issuance of a dismissal decision.

A complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in this formal complaint. In order to add allegations, a complainant must explain to the Director of the Civil Rights Center (CRC) or the assigned investigator how the additional allegations are like or related to the claim under investigation. Any new allegations not like or related to the claim under investigation may provide the basis for a new complaint. There is no requirement to seek EEO counseling on amendments to a complaint under investigation, but complainants must seek counseling on claims that form the basis of a new complaint. It should be noted that allegations of reprisal are generally considered like or related to the initial complaint.

When a complaint has been amended, the agency shall complete its investigation within the earlier of 180 days after the last amendment to the complaint or 360 days after the filing of the original complaint, except that the complainant may request a hearing from an administrative judge on the amended complaint any time after 180 days from the date of the first filed complaint.

In order to request a hearing, you must send your request directly to the appropriate office of the EEOC. As your complaint involves actions occurring in or near Atlanta, GA the address of the EEOC Office with jurisdiction over your complaint is:

> **Equal Employment Opportunity Commission**
> **Atlanta District Office**
> **Sam Nunn Atlanta Federal Center**
> **100 Alabama Street, SW, Suite 4R30**
> **Atlanta, GA 30303**

When you receive the completed investigative file, you may request an immediate decision on the written record prepared by the CRC or a hearing before an EEOC Administrative Judge. If you request a hearing, the Administrative Judge shall assume full responsibility for the adjudication of the complaint, including overseeing development of the record, if appropriate. You will have 30 days to choose between a final decision on the record or a hearing before an Administrative Judge. If you want a final decision on the record, you must inform the Director of the CRC at 200 Constitution Ave., N.W., Room N-4123, Washington, D.C. 20210. If you want a hearing before an Administrative Judge, you must write directly to the EEOC at the address listed above; a copy of the hearing request sent directly to the EEOC should also be sent to the CRC. If you do not indicate your choice between a final decision and a hearing within the 30 day timeframe, a final decision will be issued by the Director of the CRC, the Department's official designated by the Secretary of Labor to issue final decisions on EEO complaints. You have a right to appeal the final action on or dismissal of your complaint. Further guidance will be provided to you on your appeal rights upon issuance of the Agency's final decision.

You are advised that the EEO regulations give the EEOC's Administrative Judges (AJs) full responsibility for the adjudication of the complaint where a hearing has been requested. When an AJ sends to the agency a decision on the complaint, the agency has 40 days from receipt of that decision to issue a final order. This final order shall notify the complainant whether the agency will fully implement the AJ's decision, and shall give the complainant rights to appeal to the EEOC's Office of Federal Operations or to file a civil action in Federal District Court. If the agency's final order does not fully implement the AJ's decision, the agency shall simultaneously file an appeal with the EEOC's Office of Federal Operations and shall append a copy of the appeal to the final order.

It is CRC's policy to process complaints on the bases of sexual orientation and parental status within the traditional EEO process, and to apply the EEOC regulations to determine whether to accept or dismiss these complaints at the formal stage. *See Department of Labor Manual Series 4*, Chapters 335, 353(J), (2010). Please be advised that sexual orientation and parental status are bases protected by Executive Order and not by federal statute. *See* Exec. Order No. 13,087, 63 Fed. Reg. 30,097 (May 28, 1998); Exec. Order No. 13,152, 65 Fed. Reg. 26,115 (May 2, 2000).

Claimants may request a final Agency decision on these bases, but have no statutory authority to request a hearing before an EEOC Administrative Judge or appeal a final Agency decision to the EEOC. Exec. Order No. 13,152, 65 Fed. Reg. 26,115 (May 2, 2000); *see also Department of Labor Manual Series 4*, Chapter 353(J), (2010).

The EEO regulations allow a complainant pursuing an individual complaint of discrimination to move for class certification at any reasonable point in the process (generally no later than the end of the discovery period at the hearing stage) if it becomes apparent that there are class implications to the claim raised in the individual complaint. Class implications mean that a complaint potentially involves questions of law or fact common to a class and the complainant's claim is typical of the class. You should recognize that there are prerequisites to the certification of a class complaint specified in the regulations at 29 C.F.R. § 1614.204(a) (2), and class complaints that do not meet all of the prerequisites of a class complaint will be dismissed.

The EEO regulations at 29 C.F.R. § 1614.109(c) also contain an element called an offer of resolution, which can be made to a complainant who is represented by an attorney at any time after the filing of the formal complaint but not later than the date an administrative judge is appointed to conduct a hearing. Any time after the parties have received notice that an administrative judge has been appointed to conduct a hearing, but not later than thirty days prior to the hearing, the agency may make an offer of resolution to the complainant, whether represented by an attorney or not. The agency's offer of resolution must be in writing and will provide the complainant 30 days to consider the offer. There is a potential penalty for refusing to accept the offer of resolution. In the event that the relief awarded by the AJ in the final decision on the complaint is not more favorable than that which had been contained in the offer, the complainant will not receive from the agency payment of attorney's fees or costs incurred after the expiration of the 30-day acceptance period. This provision is not intended to conflict with the agency's responsibility, pursuant to 29 C.F.R. § 1614.603, to make reasonable efforts to voluntarily settle complaints as early as possible in, and throughout, the administrative processing of complaints. An offer of resolution may be offered to a complainant who is not represented by an attorney at any time. If, however, the offer of resolution is not accepted by a complainant who is not represented by an attorney, the potential penalty for refusing resolution may not be applied.

In accordance with 29 C.F.R. § 1614.603, a voluntary settlement of your complaint can be made at any time during the administrative process, including the hearing stage. Any settlement reached shall be in writing and signed by both parties and shall identify the claims resolved. The Department's Alternative Dispute Resolution (ADR) program for EEO complaints is available at both the informal and formal stage of complaint processing.

Please be advised that a complainant has the right to file a civil action in the appropriate
U.S. District Court at any time after 180 days from the date a complaint was filed, if the
Department has not issued a final decision on the complaint. A complainant may also file
in U.S. District Court within 90 days of receipt of a final decision on an individual or
class complaint unless an appeal to the EEOC has been filed. If you file a civil action,
you must name the head as a defendant. The Secretary of the Department of Labor is
Eugene Scalia. Failure to name the agency head may result in the loss of any judicial
redress to which you may be entitled. Also, you should know that the filing of a civil
action will result in the dismissal of your complaint for further processing under the EEO
regulations.

If you have any questions, please do not hesitate to contact this office at (202) 693-6500.

Sincerely,

SAMUEL L. RHAMES, JR.
Chief, Office of Internal Enforcement
Civil Rights Center

cc: Betty Lopez, OASAM Workplace Equality Compliance Officer

Formal Complaint
Page 6 of 7