# EXHIBIT A

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03884-S1**

**6/6/2023 3:58 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BERNARD HOLT,

      Plaintiff,

v.

EXTRA SPACE STORAGE INC. and
JOHN DOES 1-5,

Defendants.

CIVIL ACTION FILE NO.:

_____

23-C-03884-S1

**JURY TRIAL DEMANDED**

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EXTRA SPACE STORAGE INC.

---

**COMES NOW**, Plaintiff BERNARD HOLT ("Plaintiff"), and hereby requests that Defendant EXTRA SPACE STORAGE INC. ("Defendant" or "Defendant Extra Space") respond, under oath, to the following Request for Production of Documents within the time allotted by the Georgia Rules of Civil Procedure in conformity with O.C.G.A. § 9-11-11.

Each Request is addressed to the personal knowledge of Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to comply with a Request completely, responsive materials should be produced as fully as possible. When a Request is directed to Defendant, the Request is also directed to the aforementioned persons. These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response. If no such information exists to comply with a particular Request, please state that fact.

These Requests are made for production of the documents by mail. If documents are voluminous, please contact Plaintiff's council to arrange an alternative production. Plaintiff

requests that this Defendant read and abide by the preliminary notes and instructions set forth below.

## PRELIMINARY NOTES AND INSTRUCTIONS

1. General Notes

Plaintiff requests that Defendant produces and/or makes available for inspection and copying true, accurate and complete copies of the documents and things described below that are in the possession, custody, and control of Defendant, its employees or subordinates, agents, investigators and/or attorneys. Documents produced in response to these requests should be sent by First Class U.S. Mail or by Federal Express to the law offices of **KEVIN A. ADAMSON, P.C., 4295 International Boulevard, Suite D, Norcross, Georgia 30093.**

Plaintiff asks that all documents produced be identified by a Bates Number in the lower right-hand corner of each document in a manner that does not obscure any written portion of the document so that the parties, and the Court, will be able to readily identify specific documents. Plaintiff also requests and insists, consistent with the Georgia Civil Practice Act, that Defendant identifies which numbered documents being produced are responsive to each of Plaintiff's requests. This Request for the Production of Documents shall be deemed continuing so as to require supplemental answers if the persons or entities to whom this Request for the Production of Documents is addressed obtain further responsive documents or information.

Plaintiff requests that Defendant takes the time to accumulate all information which is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive.

**Plaintiff requests that you set forth in your response the text of the request for documents propounded as well as your responses or objections to that request for documents so that it is clear from the four corners of your response what documents were sought and what your answer is to that particular request for documents.** This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine what the answer to a particular request is. If Defendant requests it, Plaintiff will provide these requests on computer disk to facilitate this process. Plaintiff will reciprocate this request if Defendant provides a copy of your discovery requests on disk.

Plaintiff requests that each Defendant respond to these Request for the Production of Documents individually, separately, and completely, and supplement any responses to these Request for the Production of Documents individually, separately, and completely. In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2.   Claims of Privilege or Work Product

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular document requested in this Request for the Production of Documents in fact encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically. In the event any documents are withheld from production pursuant to such contentions, Plaintiff requests that

Defendant prepares a privilege log identifying the specific documents withheld by date, author, recipients, type of privilege claimed and general subject matter, along with any other evidence which you contend supports your claims, so that Plaintiff can identify specific documents to be submitted in camera for review and ultimate decision by the Court as to the contentions of privilege. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37 (d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings, in violation of Georgia Civil Practice Act.

    3.   Claims To Confidentiality/Proprietary Information

If Defendant believes that documents responsive to this Request for the Production Documents are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendant intends to withhold the production of any documents on the basis of such claims to confidentiality, it should contact Plaintiff before responding to these requests and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made. Failure to do so, or the interposing of such objections for the purposes of delay, will result in waiver of such claims.

    4.   Breadth/Burden Objections

  It is improper for Defendant to attempt the following strategy: wait until the time has run for responding to the requests herein, interpose boilerplate objections in its responses that a particular request is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery request in its responses. If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to

4

these requests, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify any such objections. Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these requests. This note is provided specifically to put Defendant on notice that if baseless objections are made to these requests and a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Georgia Civil Practice Act.

    5.   <u>Subsequent Discovery of Information</u>

If in response to any of Plaintiff's document requests in this Request for the Production of Documents Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to this Request for the Production of Documents.

## **<u>DEFINITIONS</u>**

As used herein, the terms listed below are defined as follows:

1.   **"<u>Document</u>"** means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, whether in tangible or electronic form, including but not limited to, correspondence, memoranda, e-mail, e-mail attachments, videotapes, audiotapes, stenographic or hand-written notes, studies,

publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes, statistical calculations.

2. **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3. **"You"** or **"your"** or **"Defendant"** refers to Defendant Extra Space as well as its attorneys, agents and representatives.

4. **"Subject Incident"** or **"Subject Occurrence"** refers to the incident on or about July 19, 2021 as described in Plaintiff's Complaint, which occurred at the self-storage units located at 4444 N. Shallowford Road, Dunwoody, Georgia 30338, DeKalb County.

5. (a) **"Identify"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) **"Identify"** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce **true, accurate, and complete** copies of the following documents and things:

6

1.      All documents, writings, and tangible things identified in your responses to Plaintiff's First Interrogatories.

## STATEMENTS, REPORTS, AND VIDEO

2.      Any statements, whether recorded or written, obtained from any person who has any information about any issue in this lawsuit, including but not limited to the Subject Incident, liability, or damages.

3.      Any photographs, still or motion pictures, videos, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the Subject Incident or concerning any of the issues in this lawsuit to include, but not be limited to, the issues of liability and damages.

4.      The complete video recording on the date of the Subject Incident capturing the Plaintiff's rented storage unit and the surrounding area where the Subject Incident occurred at 4444 N. Shallowford Road, Dunwoody, Georgia 30338, DeKalb County ("the Premises").

5.      Copies of any incident reports prepared by any agent, employee, or officer on their own or on behalf of Defendant Extra Space concerning the Subject Incident and any claim or potential claim arising out of said incident.

6.      Copies of any and all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff's resultant damages that have not been supplied to you by Plaintiff's counsel (i.e., in the event you received or do receive any documents related to Plaintiff or to his physical or mental condition from any third party, the request seeks production of all such documents to Plaintiff).

7

7.    Copies of any and all information sent to or received from any other Defendant concerning the Subject Incident.

## INSURANCE INFORMATION

8.    Copies of the entirety of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to Defendant Extra Space. This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

9.    Copies of any reservation of rights letter or other documentation of any kind sent by you or received from any other insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

10.    A complete copy of the entire adjuster's file from the date the Subject Incident was reported. If you claim specific privilege, including anticipation of litigation, work product, or attorney-client privilege, list the date you claim the privilege started and produce all non-privileged material responsive to this Request.

## EXPERTS

11.    Copies of all reports or opinions received from any experts who have investigated any issue relevant to the Subject Incident and/or lawsuit and who are expected to testify at trial.

12.    For each expert you expect to call at trial, please produce true, accurate and complete copies of all materials relied upon by each expert in formulating their opinions or conclusions.

## CORPORATE INFORMATION

13.    Copies of any and all handbooks, manuals, bulletins, e-mails, e-mail attachments, letters, directives or similar documents relating to the hiring, training or retention of employees.

14.    Copies of any and all documents outlining Defendant Extra Space's policies, guidelines, and/or duties as they pertain to the maintenance and inspection of the Premises including, but not limited to, the Premises' storage units.

15.    Copies of any memoranda, e-mails, e-mail attachments, bulletins, directives, or other documents sent to, posted, or otherwise made known to employees or guests regarding safety of and on the Premises including, but not limited to, the Premises' storage units..

## OTHER SIMILAR INCIDENTS

16.    Copies of any and all reports regarding other similar incidents at the Premises made within the last five (5) years.  If you are unable to produce a report, please produce documents containing the names of the parties involved, the location, the date, and a detailed description for each incident.

## OTHER DISCOVERABLE INFORMATION

17.    Copies of all contracts and/or agreements between Defendant Extra Space and Plaintiff.

18.    Copies of all communications between Defendant Extra Space and Plaintiff

This 6th day of June, 2023.

KEVIN A. ADAMSON P.C.

Kevin A. Adamson
Georgia Bar No. 004851
Brittany D. Schwanitz
Georgia Bar No. 393905
*Attorneys for Plaintiff*

9

4295 International Blvd., Suite D
Norcross, Georgia 30093
T: (404) 581-9100 / F: (404) 581-9111
kevin@kaapc.com
brittany@kaapc.com

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03884-S1**

**6/6/2023 3:58 PM**

TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BERNARD HOLT,

     Plaintiff,

v.

EXTRA SPACE STORAGE INC. and
JOHN DOES 1-5,

Defendants.

CIVIL ACTION FILE NO.:

_____

23-C-03884-S1

**JURY TRIAL DEMANDED**

---

### PLAINTIFF'S FIRST INTERROGATORIES TO
### DEFENDANT EXTRA SPACE STORAGE INC.

---

**COMES NOW**, Plaintiff BERNARD HOLT ("Plaintiff"), and hereby requests that

Defendant EXTRA SPACE STORAGE INC. ("Defendant" or "Defendant Extra Space") respond,

under oath, to the following Interrogatories within the time allotted by the Georgia Rules of Civil

Procedure and in conformity with O.C.G.A. § 9-11-33. Plaintiff requests that Defendant Extra

Space read and abide by the preliminary notes and instructions set forth below.

### PRELIMINARY NOTES AND INSTRUCTIONS

1. General Notes

     Each interrogatory is addressed to the personal knowledge of Defendant Extra Space, as

well as to the knowledge and information of Defendant's attorneys, investigators, agents,

employees, and other representatives. When a question is directed to Defendant, the question is

also directed to each of the aforementioned persons.

     These interrogatories shall be deemed continuing so as to require supplemental answers if

the person or entities to whom they are addressed obtain further responsive information.

     Plaintiff requests that Defendant take the time to accumulate all information which is called

for by these interrogatories and to provide all such information in its initial written discovery

responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive.

Plaintiff requests that Defendant respond to and supplement these and all future interrogatories with direct and concise responses and answers that can be read to a jury. Plaintiff requests, therefore, that you not answer interrogatories in this case by cross-referencing answers and responses given in other paragraphs of this same discovery, but rather answer with a full, clear textual response to each question.

**Plaintiff requests that you set forth in your response the text of the interrogatory propounded as well as your responses or objections to that interrogatory so that it is clear from the four corners of your response what the interrogatory sought and what your answer to that interrogatory is.** This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine what the answer to a particular request is. If Defendant requests it, Plaintiff will provide these requests on computer disk to facilitate this process. Plaintiff will reciprocate this request if Defendant provides a copy of your discovery requests on disk.

Plaintiff requests that each Defendant respond to these interrogatories individually, separately and completely, and supplement any responses to these interrogatories individually, separately, and completely. In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

2. <u>Claims of Privilege or Work Product</u>

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are

subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision.  If a particular interrogatory seeks information which encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically.  In any information is not provided pursuant to such contentions, Plaintiff requests that Defendant identify specifically the bases for the objection and provide sufficient information so that the Court may render decision as to the contention of privilege.  Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37.

3.  Claims To Confidentiality/Proprietary Information

If Defendant believes that information responsive to any interrogatory is somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner.  If Defendant intends to withhold information on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these interrogatories and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made.  Failure to do so, or the interposing of such objections for the purposes of delay, will result in waiver of such claims.

4.  Breadth/Burden Objections

It is improper for Defendant to attempt the following strategy:  wait until the time has run for responding to the interrogatories herein, interpose boilerplate objections in its responses that a particular interrogatory is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery interrogatories in its

3

responses. If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these interrogatories, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these interrogatories, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify any such objections. Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these interrogatories. This note is provided specifically to put Defendant on notice that if baseless objections are made to these interrogatories and a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Georgia Civil Practice Act.

5.  Subsequent Discovery of Information

If in response to any of Plaintiff's interrogatories Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these interrogatories.

## DEFINITIONS AND INSTRUCTIONS

As used herein, the terms listed below are defined as follows:

1.  **"Document"** means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, whether in tangible or electronic form, including but not limited to, correspondence, memoranda, e-mail, e-mail attachments, videotapes, audiotapes, stenographic or hand-written notes, studies, publications,

books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes, statistical calculations.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "**You**" or "**your**" or "**Defendant**" refers to Defendant Extra Space as well as its attorneys, agents and representatives.

4.      "**Subject Incident**" or "**Subject Occurrence**" refers to the incident on or about July 19, 2021 as described in Plaintiff's Complaint, which occurred at the self-storage units located at 4444 N. Shallowford Road, Dunwoody, Georgia 30338, DeKalb County.

5.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

        (b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## **INTERROGATORIES**

1.      State the name, address, telephone number and relationship to you of each person who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**DEFENDANT EXTRA SPACE**

2.    Please list all owners of the storage unit property where the Subject Incident occurred ("the Premises") located at 4444 N. Shallowford Road, Dunwoody, Georgia 30338, DeKalb County from July 19, 2021 to present.

3.    Please state the names and addresses of all managers, members, and/or officers of the Premises since July 19, 2021.

4.    Please state whether there were any policies or procedures in place regarding maintenance and inspection of the storage units, to include the units' metal doors, at the Premises on the date of the Subject Incident.

5.    If your answer to Interrogatory No. 4 is "yes," please state whether such policies or procedures were carried out on July 19, 2021 and whether they had been carried out within one year prior to July 19, 2021.

6.    If your answer to Interrogatory No. 4 is "yes," please provide a general description of each such policy or procedure, identify each person charged with responsibility for implementing and/or supervising such policy or procedure, and whether such policy or procedure was embodied in a writing.

7.    Identify, with sufficient particularity to allow Plaintiff to frame a notice to produce, all procedure manuals, letters, memos, instruction manuals and other writings that pertain to or concern in any way the method of properly maintaining and inspecting the Premises and its storage units.

8.    Please state how frequently the area where the Subject Incident occurred was inspected on the week of the Subject Incident including July 19, 2021.

9.    Please state whether any maintenance logs were created on July 19, 2021 and within one year prior to the Subject Incident.

10.     Please provide the date and time you were first notified of the Subject Incident and include the name and address of the person who notified you, the name and address of the person at Defendant Extra Space who was in fact notified, and your response to that notification.

11.     Please describe all safety precautions or other affirmative steps you took on or about July 19, 2021 to reasonably ensure the safety of the area in and around the storage unit on the Premises where the Subject Incident occurred.

### INSURANCE

12.     At the time of the Subject Incident, was there in effect any policy of insurance through which you might be insured in any manner (for example, primary, pro-rata, excess liability coverage, or medical expense coverage) for the damages, claims or actions that have arisen out of the Subject Incident? If so, for each policy state:

(a) the kind of coverage;

(b) the name and address of the insurance company;

(c) the name, address, and telephone number of each named insured;

(d) the policy number;

(e) the limits of coverage for each type of coverage contained in the policy;

(f) whether any reservation of rights, controversy, or coverage dispute exists between you and the insurance company, and if so, its nature;

(g) the name, address, and telephone number of the custodian of the policy.

13.     If applicable, please state the date on which you notified your insurance company of the Subject Incident.

14.     Please state whether the insurance company referred to above denied coverage or reserved its right to alter or deny coverage under any such policy of liability insurance? If so, please explain.

7

## IDENTIFICATION OF PERSONS

15.   Please state the name, address and telephone number of each individual:

    (a)   Who witnessed the Subject Incident or events occurring before or after the Subject Incident;

    (b)   Who heard any statements made about the Subject Incident by any individual at the scene;

    (c)   Who you or anyone acting on your behalf claim has knowledge of the Subject Incident (except for expert witnesses covered by the Georgia Civil Code Procedure).

16.   For each of Defendant Extra Space's employees physically present at the Premises at the time and place of the Subject Incident, please state his or her name, address and telephone number; his or her job title as of the date of the Subject Incident; whether she or he was on duty at the time of the Subject Incident; and the job function she or he was performing at the time of the Subject Incident.

17.   Please state the name, address, and telephone number of any individual who was interviewed about the Subject Incident.

18.   Identify anyone who inspected the scene of the Subject Incident.

19.   Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information regarding Plaintiff's health condition prior to or subsequent to the incident in this case, information regarding Plaintiff's physical and mental suffering as a result of this incident, or any information regarding the issue of damages in this case.

20.   Please identify any and all investigators, adjusters, claims representatives, or experts who have investigated the Subject Incident, examined or inspected the scene, or who have in any way investigated the claims made in this lawsuit on behalf of you, your attorneys, or your insurers.

8

## EVIDENCE

21.     Identify any written or recorded statement from any individual concerning the Subject Incident and identify who has possession of any such statement.

22.     Are you aware of or in possession of any photographs, films, videotapes depicting any place, object or individual concerning the Subject Incident and/or Plaintiff's injuries?

23.     Was a report made by any person concerning the Subject Incident?

24.     Identify all persons who have investigated the Subject Incident or have discussed the Subject Incident on your behalf with your representatives, attorneys, or insurers.

## EXPERT WITNESSES

25.     Please state the name and address of each person Defendant Extra Space expects to call as an expert witness at the trial or at any hearing in the captioned matter, and with respect to each such expert witness, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions about which such person is expected to testify, and a summary of the grounds for such opinion.

## OTHER SIMILAR INCIDENTS

26.     Please state whether there have ever been any similar occurrences at the Premises over the past five (5) years.  If so, identify:

(a)     Who was involved;

(b)     Where on the Premises the similar incident occurred;

(c)     Facts surrounding the similar incident; and

(d)     When you were notified of the similar incident and by whom.

27.     Please identify each and every claim, lawsuit, complaint, or other documented incidents over the past five (5) years in which an individual alleged that Defendant Extra Space

caused or contributed to personal injuries sustained by said individual in other similar incidents in the State of Georgia.

**CONTENTIONS**

28.     Do you contend that you have been improperly named in the sense that the incorrect corporate entity has not been properly styled in the caption of this matter and/or that an improper or incorrect agent for service was utilized to effectuate service upon you? If your answer to either of these inquiries is "yes," please provide a detailed explanation as to why you contend you have been improperly named or the agent used for service was improper and provide the complete name of the entity you contend should have been named and/or served.

29.     Do you contend that venue is improper in this Court, jurisdiction is lacking over you in this Court, or that service of process has been deficient on you in this matter? If so, please describe and state with specificity all factual and legal bases supporting any such contention(s).

30.     Do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law? If so, please identify any such contentions and describe and state with specificity all factual and legal bases supporting any such contention(s).

31.     At the time of Plaintiff's injury, do you contend that any person or entity other than you and your employees and/or agents were responsible for the maintenance and/or inspection of the Premises on which Plaintiff was injured?

32.     Please state specifically and in detail how you contend the Subject Incident occurred.

33.     Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person not a party to this action did or failed to do which in any way contributed to causing the Subject Incident and/or any of Plaintiff's injuries.

Please identify these persons and supply any statutory authority in support of these contentions, if any are made.

This _6 th_ day of June, 2023.

KEVIN A. ADAMSON P.C.

Kevin A. Adamson
Georgia Bar No. 004851
Brittany D. Schwanitz
Georgia Bar No. 393905
*Attorneys for Plaintiff*

4295 International Boulevard, Suite D
Norcross, Georgia 30093
P: (404) 581-9100 | F: (404) 581-9111
kevin@kaapc.com
brittany@kaapc.com

11

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03884-S1**
**6/6/2023 3:58 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

_____

_____

_____

                            **PLAINTIFF**

**VS.**

_____

_____

_____

                            **DEFENDANT**

CIVIL ACTION
NUMBER:_____

23-C-03884-S1

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT: Extra Space Storage Inc. 289 S. Culver Street Lawrenceville, GA 30046**

    **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This _____ day of _____, 20\_\_\_\_\_.**

                    **Tiana P. Garner**
                    **Clerk of State Court**

            **By** _____
                        **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03884-S1**
**6/6/2023 3:58 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BERNARD HOLT,

      Plaintiff,

v.

EXTRA SPACE STORAGE INC. and
JOHN DOES 1-5,

      Defendants.

CIVIL ACTION FILE NO.:

_____

23-C-03884-S1

**JURY TRIAL DEMANDED**

---

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

---

      **COMES NOW**, Plaintiff BERNARD HOLT, by and through his counsel, and hereby makes and files this *Complaint for Damages and Demand for Jury Trial* against the above-named Defendants and, in support thereof, shows this court as follows:

### PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS

1.     Plaintiff BERNARD HOLT ("Plaintiff") is a citizen of the State of Georgia and resides at 2115 Piedmont Road, Apartment 2412, Atlanta, Georgia 30324, Fulton County. By bringing this action, he subjects himself to the jurisdiction and venue of this court.

2.     Defendant EXTRA SPACE STORAGE INC. ("Defendant Extra Space") is a foreign profit corporation that transacts business in the State of Georgia. Defendant Extra Space is incorporated in Georgia and has its principal place of business in Salt Lake City, Utah. Defendant Extra Space is registered with the Georgia Secretary of State and may be served with a copy of the Summons and Complaint through its registered agent, C T Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046, Gwinnett County. Defendant Extra Space is subject to the jurisdiction and venue of this Court.

3.    The true names or capacities of Defendants named herein as JOHN DOES 1-5 are unknown to the Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend his Complaint to show said John Does' true names when the same have been ascertained. Plaintiff alleges on information and belief that John Does may be jointly responsible for the negligent acts or omissions alleged herein. Venue and jurisdiction are proper in this Court.

4.    Jurisdiction and venue are not proper, originally or by removal, in any United States District Court because complete diversity is lacking.

## OPERATIVE FACTS

5.    On or about July 19, 2021, Defendant Extra Space owned, operated, controlled, and/or managed the self-storage units ("the Premises") located at 4444 N. Shallowford Road, Dunwoody, Georgia 30338, DeKalb County.

6.    On or about July 19, 2021, Plaintiff was on the Premises visiting the storage unit he rented from Defendant Extra Space.

7.    At all times relevant hereto, Plaintiff was an invitee and lawfully and properly on the grounds of the Premises.

8.    As Plaintiff was moving boxes, suddenly and without warning, the metal storage unit door slammed down on his head.

9.    There were no "caution" signs or any other warning(s) in the area of the storage unit to warn Plaintiff and others of the dangerous condition of the faulty storage unit door.

10.   At all times relevant hereto, Plaintiff was exercising reasonable care for his own safety.

11.   Plaintiff suffered immediate, continuing, and permanent injuries to his head, which caused

and continues to cause extreme and disabling pain.

## COUNT ONE
### *(Liability of Defendant Extra Space)*

12.    Plaintiff alleges that the aforesaid occurrence and his resulting injuries were proximately caused as a result of the negligence of Defendant Extra Space in that Defendant Extra Space maintained the Premises in a careless, reckless, negligent, and dangerous manner.

13.    At all times pertinent herein, Defendant Extra Space owned, managed, controlled, supervised, and/or otherwise maintained the Premises.

14.    At the time and place of the incident complained of herein, Defendant Extra Space owed a duty to its customers in general and Plaintiff in particular to maintain the premises, including the storage unit door to Plaintiff's rented unit, in a reasonably safe condition, to correct dangerous conditions of which it knew or should have known, and to warn Plaintiff and others of any dangerous condition which it had, or should have had, knowledge greater than that of Plaintiff.

15.    As a proximate cause of the negligence of Defendant Extra Space, Plaintiff has suffered and continues to suffer significant physical, mental, emotional and financial injuries, for which he is entitled to recover under the law.  Defendant Extra Space is liable to Plaintiff for these injuries.

16.    Plaintiff suffered immediate, continuing, and permanent injuries to his head, all of which cause extreme and disabling pain, all directly and proximately caused by the aforesaid negligence of Defendant Extra Space.

3

17.    As a direct and proximate cause of the negligence of Defendant Extra Space, Plaintiff has incurred significant medical expenses to date and will continue to incur medical expenses into the future.

18.    As a direct and proximate result of the negligence of Defendant Extra Space, Plaintiff suffered severe mental distress from serious physical injury and seeks recovery for that mental distress in an amount determined by the enlightened conscience of the jury at trial.

19.    Defendant Extra Space was negligent in failing to correct, mark, remove or repair the hazardous condition existing on the Premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff.

20.    Defendant Extra Space knew of, or by the exercise of due care for the safety of its invitees, including Plaintiff, should have known of the hazardous condition existing on the Premises and that the failure to correct, mark, remove, and/or repair said condition was likely to result in the precise injuries suffered by Plaintiff.

21.    At all times relevant hereto, Defendant Extra Space and its agents, servants and/or employees including, upon information and belief, John Does 1-5, were negligent as they failed to warn Plaintiff of the Premises' hazardous and dangerous condition imminently perilous to Plaintiff.

22.    Defendants Extra Space and, upon information and belief, John Does 1-5 were and are negligent *per se*.

23.    Defendant Extra Space was negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to wit:

    (a)    Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the Premises

4

safe and free from hazards which Defendant Extra Space knew or should have known;

(b)      Failing to implement and/or enforce policies and procedures that would have guarded against or prevented the subject incident and the injuries and damages to Plaintiff;

(c)      Failing to properly inspect and maintain the Premises;

(d)      Knowingly allowing its invited guests to utilize an unsafe area of the Premises;

(e)      Failing to warn Plaintiff and others of the dangerous condition that existed in and around the Plaintiff's rented storage unit on the Premises, where Plaintiff was violently struck in the head by a faulty storage unit door, by failing to post warning signs or warning markings; and

(f)      Failing to properly train and supervise Defendants John Does 1-5 in regard to the care of said Premises;

(g)      Negligently retaining, entrusting, hiring, training and supervising Defendants John Does 1-5; and

(h)      Negligently supervising the operations of the Premises.

## COUNT TWO
### (*Liability of Defendants John Does 1-5*)

24.    Plaintiff alleges that the aforesaid occurrence and resulting injuries were proximately caused, upon information and belief, as a result of the negligence of Defendants John Does 1-5 in that one or more of these Defendants, in their capacity as a manager and/or supervisor of the Premises, maintained the property in a careless, reckless, negligent, and dangerous manner.

25.    At all times pertinent herein, Defendants John Does 1-5 were employed as a manager and/or supervisor of the Premises and acted within the course and scope of their employment and/or agency with Defendant Extra Space.

5

26. At the time and place of the incident complained of herein, and in their capacity as a manager and/or supervisor of the Premises, Defendants John Does 1-5 owed a duty to the customers of the Premises in general, and Plaintiff in particular, to maintain the Premises, including the faulty storage unit door at issue, in a reasonably safe condition, to correct dangerous conditions of which he knew or should have known, and to warn Plaintiff and others of any dangerous condition which he had, or should have had, knowledge greater than that of Plaintiff.

27. As a proximate cause of the negligence of Defendants John Does 1-5, Plaintiff has suffered and continues to suffer significant physical, mental, emotional, and financial injuries for which he is entitled to recover under the law. Defendants John Does 1-5 are liable to Plaintiff for these injuries.

28. Plaintiff suffered immediate, continuing, and permanent injuries to his head, all of which cause extreme and disabling pain, all directly and proximately caused by the aforesaid negligence of Defendants John Does 1-5.

29. As a direct and proximate cause of the negligence of Defendants John Does 1-5, Plaintiff has incurred significant medical expenses to date, and will continue to incur medical expenses into the future.

30. As a direct and proximate result of the negligence of Defendants John Does 1-5, Plaintiff suffered severe mental distress from serious physical injury and seeks recovery for that mental distress in an amount determined by the enlightened conscience of the jury at trial.

31. At all times relevant hereto, Defendants John Does 1-5, in their capacity as manager and/or supervisor of the Premises, were actively negligent for failing to repair a faulty storage unit

door accessible to customers.

32.     At all times relevant hereto, Defendants John Does 1-5, in their capacity as manager and/or

supervisor of the Premises, were negligent as they failed to warn Plaintiff of the Premises'

hazardous and dangerous condition imminently perilous to Plaintiff.

33.     Defendants John Does 1-5 are liable to Plaintiff on at least the following grounds:

(a)     Tortiously failing to provide for, oversee, inspect, or otherwise ensure a reasonably

safe storage unit in the area where Plaintiff was violently struck in the head by a faulty

storage unit door free from hazards of which he knew or should have known;

(b)     Tortiously failing to keep the subject storage unit door in good working order such

that customers and invitees, including Plaintiff, would be exposed to an unreasonable

risk of physical harm in and around such area;

(c)     Tortiously failing to establish, adhere to, implement, conduct or follow reasonable

inspection procedures which would have discovered the existence of the faulty storage

unit door that struck Plaintiff in the head;

(d)     Tortiously failing to provide proper or adequate warnings of the faulty storage unit

door and/or other hazardous conditions, the existence of which they knew or should have

known;

(e)     Tortiously failing to supervise and/or train employees and/or agents working for or

on behalf of Defendant Extra Space so that the subject storage unit would be reasonably

safe for customers and invitees, including Plaintiff;

7

(f)     Tortiously failing to remedy a known hazard (or a hazard that should have been known by Defendant Extra Space and/or its employees and/or agents); namely, the faulty storage unit door and/or other hazardous conditions present on or about July 19, 2021.

34.   As a direct and proximate result of the tortious acts and/or omissions of Defendants John Does 1-5 and/or employees and/or agents under their direction or control, and working within the course and scope of their employment and/or agency, Plaintiff suffered excruciating and debilitating damages as set out above.

35.   Defendants John Does 1-5 and Extra Space are jointly and severally liable for the damages to Plaintiff.

## COUNT THREE
### (*Respondeat Superior*)

36.   Upon information and belief, at all times pertinent to this Complaint, Defendants John Does 1-5 were employees and/or agents of Defendant Extra Storage.

37.   Upon information and belief, at all times pertinent to this Complaint, Defendants John Does 1-5 were operating within the course and scope of their employment and/or agency with Defendant Extra Storage.

38.   Upon information and belief, at all times pertinent to this Complaint, Defendants John Does 1-5 were acting in furtherance of the interests of Defendant Extra Storage.

39.   Defendant Extra Storage are therefore liable under the doctrines of *respondeat superior*, vicarious liability and/or statutory employer liability for the tortious acts and/or omissions of their employee(s) and/or agent(s) in the subject incident.

## COUNT FOUR
### (*General and Special Damages*)

8

40.     Plaintiff claims general damages against Defendants Extra Space and John Does 1-5 for all elements of the pain and suffering; physical and mental injury, including shock, fright and terror; loss of the capacity for the enjoyment of life; impaired ability to labor; and permanent injury which Plaintiff endured and continues to endure, in an amount to be determined by the enlightened conscience of the jury after hearing the evidence at trial.

41.     Plaintiff also claims special damages for any past and future medical expenses, loss of earning capacity, and incidental expenses incurred on his own behalf in an amount which reflects the reasonable value of those services as established by the evidence at trial.

## COUNT FIVE
### *(Punitive Damages – Defendants Extra Space Storage and John Does 1-5)*

42.     The actions of Defendants Extra Space Storage and John Does 1-5, jointly and/or individually, showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences pursuant to O.C.G.A. § 51-12-5.1, making Plaintiff entitled to recover punitive damages for the intentional, egregious, and outrageous and reckless behavior of Defendants Extra Space Storage and John Does 1-5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)  That summons issue requiring Defendants Extra Space and John Does 1-5 to appear before this Court and answer this Complaint for Damages and Demand for Jury Trial;

(b)  That Plaintiff has a trial by jury on all issues so triable;

9

(c) That the Court enter judgment in favor of Plaintiff and against Defendants Extra Space and John Does 1-5;

(d) That the Court enter judgement in favor of Plaintiff and against Defendants Extra Space and John Does 1-5 for general and special damages as described herein in an amount to be determined by the enlightened conscience of the jury;

(e) That Plaintiff recovers all compensatory damages for the liability of Defendants Extra Space and John Does 1-5 claimed in the paragraphs above, and any other damages authorized by Georgia law under the evidence adduced at trial;

(f) Punitive damages;

(g) That Plaintiff be awarded the costs of this action; and

(h) That Plaintiff be awarded any such other and further relief that the Court or jury deems just and equitable.

Respectfully submitted, this _6th_ day of June, 2023.

KEVIN A. ADAMSON P.C.

Kevin A. Adamson
Georgia Bar No. 004851
Brittany D. Schwanitz
Georgia Bar No. 393905
*Attorneys for Plaintiff*

4295 International Boulevard, Suite D
Norcross, Georgia 30093
P: (404) 581-9100 | F: (404) 581-9111
kevin@kaapc.com
brittany@kaapc.com

10

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-03884-S1

6/6/2023 3:58 PM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☐ **State Court of** _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 23-C-03884-S1 |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _____   **Bar Number** _____   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                    **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03884-S1**

**6/6/2023 3:58 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BERNARD HOLT,

     Plaintiff,

v.

EXTRA SPACE STORAGE INC. and
JOHN DOES 1-5,

Defendants.

CIVIL ACTION FILE NO.:

     23-C-03884-S1

_____

**JURY TRIAL DEMANDED**

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
### DEFENDANT EXTRA SPACE STORAGE INC.

---

**COMES NOW**, Plaintiff BERNARD HOLT ("Plaintiff") in the above-styled action and

serves these Requests for Admission upon Defendant EXTRA SPACE STORAGE INC.

("Defendant Extra Space").

These Requests for Admission are served upon you pursuant to the provisions of O.C.G.A

§ 9-11-36 to be answered fully and separately in writing by Defendant Extra Space within the time

allotted by the Georgia Rules of Civil Procedure. These Requests for Admission are expressly

made continuing and if at any time after the initial response, new or additional information

responsive to any of these Requests for Admission comes to your attention, you are required to

serve upon all counsel for all parties' supplemental answers to these Requests for Admission in

accordance with the provisions of O.C.G.A. § 9-11-26 (e) and each subpart.  Additionally, these

Requests for Admission are propounded subject to the provisions of O.C.G.A. § 9-11-37 and each

subpart.

These Requests for Admission, and answers, are to be included and are to be based upon

information in the possession of or gathered by Defendant Extra Space, Defendant Extra Space's

agents, representatives, investigators, attorneys, and all other persons who have investigated or gathered information at Defendant Extra Space's request.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    "**Document**" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, whether in tangible or electronic form, including but not limited to, correspondence, memoranda, e-mail, e-mail attachments, videotapes, audiotapes, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes, statistical calculations.

2.    "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.    "**You**" or "**your**" or "**Defendant**" refers to Defendant Extra Space as well as its attorneys, agents and representatives.

4.    "**Subject Incident**" or "**Subject Occurrence**" refers to the incident on or about July 19, 2021 as described in Plaintiff's Complaint, which occurred at the self-storage units located at 4444 N. Shallowford Road, Dunwoody, Georgia 30338, DeKalb County.

5.    (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

    (b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document,

2

the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## REQUESTS FOR ADMISSION

1.     Admit that Defendant Extra Space is a proper party to this lawsuit.

2.     Admit that Defendant Extra Space is properly named in this suit.

3.     Admit that you have been served with process in this action.

4.     Admit that you raise no defense as to sufficiency of service of process in this action.

5.     Admit that you are subject to the jurisdiction of this Court.

6.     Admit that venue in this Court is proper as to you.

## SUBJECT PROPERTY

7.     Admit that Defendant Extra Space was the owner of the storage unit facility located at 4444 N. Shallowford Road, Dunwoody, Georgia 30338, DeKalb County ("the Premises") when the Subject Incident occurred.

8.     Admit that the Subject Incident did, in fact, occur on or about July 19, 2021 at the Premises.

9.     Admit that on or about July 19, 2021, Defendant Extra Space was in control of the Premises.

## SUBJECT INCIDENT

10.    Admit Plaintiff was an invitee at the time of the Subject Incident.

11.    Admit that Plaintiff was exercising ordinary care for his own safety at the time he was struck in the head by a storage unit door on the Premises.

12.    Admit that Plaintiff was not contributorily negligent at the time of the Subject Incident.

13.    Admit that Defendant Extra Space was responsible for keeping the Premises safe.

3

14. Admit that on or about July 19, 2021, Defendant Extra Space breached its duty to keep the Premises safe.

15. Admit that Defendant Extra Space was aware, or should have been aware, of the hazardous condition created by the subject storage unit door described in Plaintiff's Complaint.

16. Admit that Defendant Extra Space did not exercise ordinary care in keeping the Premises safe for its patrons.

17. Admit that Plaintiff was injured as a result of the subject storage unit door described in Plaintiff's Complaint on the Premises on or about July 19, 2021.

18. Admit that there is an incident report regarding the Subject Incident.

SURVEILLANCE

19. Admit that the Premises had a video camera surveillance system installed that was operational and being used on or about July 19, 2021.

20. Admit that one or more cameras recorded the Subject Incident on or about July 19, 2021.

21. Admit that one or more cameras recorded for at least two (2) hours prior to the time when Plaintiff was injured, including the cameras that recorded the Subject Incident.

22. Admit that you preserved all the video recordings taken on the Premises on or about July 19, 2021.

23. Admit that on or about July 19, 2021, Defendant Extra Space had a preservation of video policy in effect.

SAFETY

24. Admit that Defendant Extra Space has a policy in place requiring monthly safety audit reports in regard to the Premises.

25. Admit that employees of Defendant Extra Space are required to conduct safety walk throughs.

4

26. Admit that on or about July 19, 2021, Defendant Extra Space had policies and procedures in place regarding the maintenance of storage units on the Premises including, but not limited to, the metal doors of its storage units.

27. Admit that on or about July 19, 2021, Defendant Extra Space had an inspection policy in place.

## COURSE AND SCOPE OF EMPLOYMENT

28. Admit that on or about July 19, 2021, Defendants John Does 1-5 were employee(s) and/or agent(s) of Defendant Extra Space and were acting within the course and scope of such employment and/or agency.

29. Admit that Defendant Extra Space is vicariously liable under the doctrine of *respondeat superior* for the negligent acts and omissions of Defendants John Does 1-5.

## DAMAGES

30. Admit that Plaintiff suffered injuries as a result of the Subject Incident.

31. Admit that Plaintiff should be awarded general and special damages as a result of these injuries.

32. Admit that Plaintiff should be awarded punitive damages for the costs of prosecuting this action.

This __6th__ day of June, 2023.

KEVIN A. ADAMSON P.C.

Kevin A. Adamson
Georgia Bar No. 004851
Brittany D. Schwanitz
Georgia Bar No. 393905
*Attorneys for Plaintiff*

5

4295 International Boulevard, Suite D
Norcross, Georgia 30093
P: (404) 581-9100 | F: (404) 581-9111
kevin@kaapc.com
brittany@kaapc.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03884-S1**

**6/12/2023 9:46 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

**BERNARD HOLT**

Plaintiff/Petitioner

vs.

**EXTRA SPACE STORAGE, INC.; JOHN DOES 1-5**

Defendant/Respondent

Case No.:   **23-C-03884-S1**

AFFIDAVIT OF SERVICE OF
**SUMMONS; CASE FILING INFORMATION FORM;
COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR
ADMISSIONS; PLAINTIFF'S FIRST INTERROGATORIES;
PLAINTIFF'S FIRST REQUEST FOR PRODUCTIONS**

Received by **Marsha Lausman**, on the **8th day of June, 2023 at 9:25 AM** to be served upon **C T Corporation System**
at **289 Culver Street South, Lawrenceville, Gwinnett County, GA 30046.**
On the **9th day of June, 2023 at 9:03 AM**, I, Marsha Lausman, **SERVED C T Corporation System at 289 Culver
Street South, Lawrenceville, Gwinnett County, GA 30046** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation,
by serving **Jayne Richardson, SOP**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Jayne Richardson, SOP who identified themselves as the person authorized to
accept with identity confirmed by subject saying yes when named. The individual accepted service with direct
delivery. The individual appeared to be a blonde-haired white female contact 55-65 years of age, 6'0"-6'2" tall and
weighing 200-240 lbs with glasses.**

Service Fee Total: **$85.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing
is true and correct.

NAME: _____   141          **JUN - 9 2023**
Marsha Lausman                    Server ID #        Date
                                         **JUN - 9 2023**

Notary Public:  Subscribed and sworn before me on this _____ day of _____ in the year of 20__
Personally known to me _____ or _____ identified by the following document:

_____
Notary Public (Legal Signature)

DANA FAULKNER
NOTARY
EXPIRES
GEORGIA
10-18-2024
PUBLIC
GWINNETT COUNTY

REF: **REF-12947383**



IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:

## 22 C 06987-2

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order up to and including **January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this _12_ day of _Decemb___, 20 _22_.

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name    MARSHA LAUSMAN

Address    3769 TUPELO TRAIL

AUBURN, GA  30011

770-339-7739

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03884-S1**

**6/27/2023 3:43 PM**

TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BERNARD HOLT,

    Plaintiff,

vs.

EXTRA SPACE STORAGE INC. AND
JOHN DOES 1-5,

    Defendants.

CASE NO.: 23-C-03884-S1

## NOTICE OF APPEARANCE OF COUNSEL

COMES NOW, ELEANOR G. JOLLEY and KAYLA A. LAKES of the law firm of

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and hereby files this Notice of Appearance

as Counsel on behalf of Defendant EXTRA SPACE STORAGE INC. in the above-captioned

matter. Please direct all future correspondence, pleadings, and other notices to:

Eleanor G. Jolley, Esq.
Kayla A. Lakes, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3348 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
eleanor.jolley@wilsonelser.com
kayla.lakes@wilsonelser.com

Respectfully submitted this 27th day of June, 2023.

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

3348 Peachtree Road, N.E.
Suite 1400
Atlanta, Georgia 30326
Main: 470-419-6650
Fax: 470-419-6651
eleanor.jolley@wilsonelser.com
kayla.lakes@wilsonelser.com

*/s/ Eleanor G. Jolley*
Eleanor G. Jolley
Georgia Bar No.: 602577
Kayla A. Lakes
GA Bar No. 144579
*Counsel for Defendant Extra Space Storage,
Inc.*

1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for or all parties who have appeared in this action a copy of the foregoing **NOTICE OF APPEARANCE OF COUNSEL** by filing it with the Court's Odyssey eFileGA electronic filing system which automatically generates copies to the following counsel:

Kevin A. Adamson
Brittany D. Schwanitz
KEVIN A. ADAMSON, P.C.
4295 International Boulevard, Suite D
Norcross, GA 30093
kevin@kaapc.com
brittany@kaapc.com
*Attorneys for Plaintiff*

Dated: April 21, 2023.

*/s/ Eleanor G. Jolley*
Eleanor G. Jolley
Georgia Bar No.: 602577
*Counsel for Defendant Extra Space Storage, Inc.*

2

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03884-S1**
**6/27/2023 11:55 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BERNARD HOLT,

   Plaintiff,

vs.

EXTRA SPACE STORAGE INC. AND
JOHN DOES 1-5,

  Defendants.

CASE NO.: 23-C-03884-S1

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

COMES NOW Defendant EXTRA SPACE STORAGE INC (hereinafter referred to as "Defendant"), defendant in the above-captioned matter, by and through the undersigned counsel, and pursuant to Uniform State Rule 5.2, hereby notify the Court that said Defendant has served upon all parties to this matter via Statutory Electronic Service with the following:

1. DEFENDANT EXTRA SPACE STORAGE, INC.'S  FIRST INTERROGATORIES TO PLAINTIFF BERNARD HOLT; and

2. DEFENDANT EXTRA SPACE STORAGE, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF BERNARD HOLT.

Respectfully submitted this 27th day of June, 2023.

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER, LLP**

3348 Peachtree Road, NE
Suite 1400
Atlanta, GA  30326
Main: 470-419-6650
Fax: 470-419-6651
eleanor.jolley@wilsonelser.com
kayla.lakes@wilsonelser.com

*/s/ Eleanor G. Jolley*
Eleanor G. Jolley
GA Bar No.  602577
Kayla A. Lakes
GA Bar No. 144579
*Counsel for Defendant Extra Space Storage, Inc.*

272536417v.1

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have this date served a true and correct copy of the within and foregoing **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY** by providing it via statutory electronic service to the following party of record and electronically filing same via the Odyssey eFile GA electronic filing system:

Kevin A. Adamson
Brittany D. Schwanitz
KEVIN A. ADAMSON, P.C.
4295 International Boulevard, Suite D
Norcross, GA 30093
<u>kevin@kaapc.com</u>
<u>brittany@kaapc.com</u>

Dated:  June 27, 2023

*<u>/s/ Eleanor G. Jolley</u>*
Eleanor G. Jolley

272536417v.1

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03884-S1**

**7/6/2023 10:09 AM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BERNARD HOLT,

    Plaintiff,

vs.

EXTRA SPACE STORAGE INC. AND
JOHN DOES 1-5,

  Defendants.

CASE NO.: 23-C-03884-S1

## DEFENDANT EXTRA SPACE STORAGE, INC.'S AFFIRMATIVE DEFENSES
## AND ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

COMES NOW Defendant Extra Space Storage, Inc. ("Defendant"), files its Affirmative

Defenses and Answer to Plaintiff's Complaint for Damages and Demand for Jury Trial as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted under O.C.G.A. § 9-

11-12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the result of the acts or failures to act of a person or persons

or entity or entities other than Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not directly or proximately caused by any act, error, or

omission of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's right to recover from Defendant may be barred by comparative negligence

and/or contributory fault.

284316717v.1

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the result of the acts or failures to act of Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Venue is improper in this Court.

## EIGHTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish by clear and convincing evidence any willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care on the part of Defendant in connection with the Plaintiff's claims. Any award of punitive damages based upon a lesser standard would be a violation of Defendant's rights to due process of law under both the Georgia and United States Constitutions.

## TENTH AFFIRMATIVE DEFENSE

Defendant responds to the allegations contained in the Complaint as follows:

### PARTIES, JURSDICTION, VENUE AND SERVICE OF PROCESS

1.

Paragraph No. 1 of Plaintiff's Complaint does not require a response from Defendant.

2.

In response to the allegations contained in Paragraph No. 2 of Plaintiff's Complaint, Defendant admits that it is a foreign profit corporation and maintains its principal place of business in Salt Lake City, Utah. Defendant also admits that it may be served through its registered agent

-2-

CT Corporation, 289 S. Culver Street, Lawrenceville, Georgia 30046. The remaining allegations contained in Paragraph No. 2 of Plaintiff's Complaint not expressly admitted herein are denied.

3.

Paragraph No. 3 of Plaintiff's Complaint does not require a response from Defendant. To the extent a response is required, Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of these allegations; therefore, they are denied.

4.

Paragraph No. 4 of Plaintiff's Complaint states a legal conclusion to which no response is required from Defendant. To the extent a response is required from Defendant, Defendant denies the allegations as pled.

## **OPERATIVE FACTS**

5.

Defendant denies the allegations contained in Paragraph No. 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in Paragraph No. 6 of Plaintiff's Complaint.

7.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph No. 7 of Plaintiff's Complaint; therefore, they are denied.

8.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph No. 8 of Plaintiff's Complaint; therefore, they are denied.

284316717v.1

9.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph No. 9 of Plaintiff's Complaint; therefore, they are denied.

10.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph No. 10 of Plaintiff's Complaint; therefore, they are denied.

11.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph No. 11 of Plaintiff's Complaint; therefore, they are denied.

**COUNT ONE – Alleged Liability of Defendant Extra Space**

12.

Defendant denies any wrongdoing as alleged in Paragraph No. 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph No. 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph No. 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph No. 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph No. 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph No. 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in Paragraph No. 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph No. 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in Paragraph No. 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph No. 23, including subparagraphs

(a-h).

## **COUNT TWO – Alleged Liability of Defendants John Does 1-5**

24.

Defendant denies any wrongdoing as alleged in Paragraph No. 24 of Plaintiff's Complain.

25.

Defendant denies the allegations contained in Paragraph No. 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph No. 26 of Plaintiff's Complaint

as pled.

-5-

27.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph No. 27 of Plaintiff's Complaint; therefore, they are denied.

28.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph No. 28 of Plaintiff's Complaint; therefore, they are denied.

29.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph No. 29 of Plaintiff's Complaint; therefore, they are denied.

30.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph No. 30 of Plaintiff's Complaint; therefore, they are denied.

31.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph No. 31 of Plaintiff's Complaint; therefore, they are denied.

32.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph No. 32 of Plaintiff's Complaint; therefore, they are denied.

33.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph No. 33 of Plaintiff's Complaint, including subparagraphs (a) – (f); therefore, they are denied.

34.

Defendant lacks the knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph No. 34 of Plaintiff's Complaint; therefore, they are denied.

35.

Defendant denies the allegations contained in Paragraph No. 35 of Plaintiff's Complaint.

### **COUNT THREE – Alleged *Respondeat Superior***

36.

Defendant denies the allegations contained in Paragraph No. 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations contained in Paragraph No. 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations contained in Paragraph No. 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations contained in Paragraph No. 39 of Plaintiff's Complaint.

284316717v.1

## COUNT FOUR – Alleged General and Special Damages

40.

In response to the allegations contained in Paragraph No. 40, Defendant denies it is liable for Plaintiff's alleged injuries under any theory of recovery.

41.

In response to the allegations contained in Paragraph No. 41, Defendant denies it is liable for Plaintiff's alleged injuries under any theory of recovery.

## COUNT FIVE – Alleged Punitive Damages – Defendants Extra Space Storage and John Does 1-5

42.

Defendant denies the allegations contained in Paragraph No. 42 of Plaintiff's Complaint.

43.

Defendant denies the allegations contained in the WHEREFORE paragraph in Plaintiff's Complaint.

44.

Any paragraphs not specifically admitted herein is denied as pled.

WHEREFORE, having fully responded to the Complaint, Defendant asks:

(a)     that the above stated defenses be inquired into and that the same be sustained;

(b)     that trial by jury of 12 be had;

(c)     that judgment be entered against Plaintiff;

(d)     that all costs be taxed against Plaintiff; and

(e)     that this Court enter such other and further relief as it deems just and proper under the circumstances.

284316717v.1

This 6th day of July, 2023.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

3348 Peachtree Road, NE
Suite 1400
Atlanta, GA  30326
470-419-6650 (telephone)
470-419-6651 (facsimile)
eleanor.jolley@wilsonelser.com
kayla.lakes@wilsonelser.com

/s/ Eleanor G. Jolley
Eleanor G. Jolley
GA Bar No.  602577
Kayla A. Lakes
GA Bar No. 144579
*Counsel for Defendant Extra Space Storage Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing **DEFENDANT EXTRA SPACE STORAGE INC.'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** was filed with the Clerk of Court using the Odyssey electronic filing system, which will automatically serve all counsel of record as follows:

Kevin A. Adamson
Brittany D. Schwanitz
KEVIN A. ADAMSON, P.C.
4295 International Boulevard, Suite D
Norcross, GA 30093
kevin@kaapc.com
brittany@kaapc.com

This 6th day of July, 2023.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

3348 Peachtree Road, NE
Suite 1400
Atlanta, GA  30326
470-419-6650 (telephone)
470-419-6651 (facsimile)
eleanor.jolley@wilsonelser.com
kayla.lakes@wilsonelser.com

*/s/ Eleanor G. Jolley*
Eleanor G. Jolley
GA Bar No.  602577
Kayla A. Lakes
GA Bar No. 144579
*Counsel for Defendant Extra Space Storage, Inc.*

-10-

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03884-S1**

**7/28/2023 1:21 PM**

TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

BERNARD HOLT,

   Plaintiff,

vs.

EXTRA SPACE STORAGE INC. AND
JOHN DOES 1-5,

   Defendants.

CASE NO.: 23-C-03884-S1

### <u>RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY</u>

COMES NOW Defendant EXTRA SPACE STORAGE INC (hereinafter referred to as "Defendant"), defendant in the above-captioned matter, by and through the undersigned counsel, and pursuant to Uniform State Rule 5.2, hereby notify the Court that said Defendant has served upon all parties to this matter via Statutory Electronic Service with the following:

1. DEFENDANT EXTRA SPACE STORAGE, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES;

2. DEFENDANT EXTRA SPACE STORAGE, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS; and

3. DEFENDANT EXTRA SPACE STORAGE, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.

Respectfully submitted this 28th day of July, 2023.

(Signature of Counsel on the following page)

272536417v.1

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**

3348 Peachtree Road, NE
Suite 1400
Atlanta, GA  30326
Main: 470-419-6650
Fax: 470-419-6651
eleanor.jolley@wilsonelser.com
kayla.lakes@wilsonelser.com

*/s/ Eleanor G. Jolley*
Eleanor G. Jolley
GA Bar No.  602577
Kayla A. Lakes
GA Bar No. 144579
*Counsel for Defendant Extra Space Storage,
Inc.*

272536417v.1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served a true and correct copy of the within and

foregoing **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY** by providing it via

statutory electronic service to the following party of record and electronically filing same via the

Odyssey eFile GA electronic filing system:

Kevin A. Adamson
Brittany D. Schwanitz
KEVIN A. ADAMSON, P.C.
4295 International Boulevard, Suite D
Norcross, GA 30093
<u>kevin@kaapc.com</u>
<u>brittany@kaapc.com</u>

Dated:  July 28, 2023

*/s/ Eleanor G. Jolley*
Eleanor G. Jolley

272536417v.1

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03884-S1**

**7/27/2023 9:54 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BERNARD HOLT,

     Plaintiff,

v.

EXTRA SPACE STORAGE, INC. and
JOHN DOES 1-5,

     Defendant.

CIVIL ACTION FILE NO.:
**23-C-03884-S1**

---

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

This certifies that I have this day served all parties of record with copies of ***Plaintiff's Objections and Responses to Defendant Extra Space Storage, Inc.'s First Interrogatories and Request for Production of Documents*** by filing the same with this Court via Odyssey eFileGA filing system and by depositing a copy of the same in the U.S. Mail in a properly addressed envelope with adequate postage thereon to:

Eleanor G. Jolley, Esq.
Kayla Lakes, Esq.
**WILSON ELSER MOSKOWITZ EDELMAN & DICKLER, LLP**
3348 Peachtree Road, Suite 1400
Atlanta, GA 30326
eleanor.jolley@gwdlawfirm.com
kayla.lakes@wilsonelser.com
*Counsel for Defendant Extra Space Storage, Inc.*

This 27th day of July 2023.

                               **KEVIN A. ADAMSON, P.C.**

                               */s/ Kevin A. Adamson*
                               Kevin A. Adamson
                               Georgia Bar No. 004851
                               Brittany D. Schwanitz, Esq
                               Georgia Bar No. 393305
                               *Counsel for Plaintiff*

4295 International Blvd. Suite D
Norcross, GA 30093
P:  404.581.9100/F:  404.581.9111
E: kevin@kaapc.com
    brittany@kaapc.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-03884-S1**
**8/3/2023 3:46 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

BERNARD HOLT,

    Plaintiff,

vs.

EXTRA SPACE STORAGE INC. AND
JOHN DOES 1-5,

        Defendants.  .

CASE NO.: 23-C-03884-S1

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

WHEREAS, O.C.G.A. § 9-11-26 provides for the issuance of a protective order limiting the disclosure of confidential information in appropriate circumstances, the Court hereby ORDERS the entry of this Confidentiality Agreement and Stipulated Protective Order in the above-captioned action.

1.     **Scope.**     This Confidentiality Agreement and Stipulated Protective Order (hereinafter "Protective Order") shall govern the production and use of all documents, information, data, material, studies, recordings, testimony, and/or other items (hereinafter collectively "documents") produced by Extra Space Storage Inc. ("Defendant"), through its counsel, in response to discovery requests served by Plaintiff in this action or utilized and/or referenced during depositions or other proceedings in this action, which Defendant and/or its respective counsel designate as "CONFIDENTIAL" The protections conferred by this Protective Order cover not only documents (as defined above), but also (1) any "Confidential Information" copied or extracted from documents; (2) all copies, excerpts, summaries, or compilations of "Confidential Information"; and (3) any testimony, conversations, or presentations by parties or their respective counsel that might reveal "Confidential Information."

2.      **Dissemination/Disclosure.**    Any person or entity subject to this Protective Order, as set forth below, shall not disseminate or disclose documents designated as "CONFIDENTIAL," or the information contained therein, except in furtherance of limited purposes directly related to the prosecution of claims or defenses in this action as permitted by this Protective Order.  As used in this Protective Order, the term "disseminate" shall include, but not be limited to, speaking about or paraphrasing the contents of; posting through electronic means, the internet, or social media, the contents of; and copying, photographing, scanning, streaming, videotaping, transcribing, retyping, reproducing, or reprinting by any means whatsoever, any documents designated as "CONFIDENTIAL." The parties and counsel shall be subject to all restrictions on dissemination and disclosure set forth in this Protective Order.

3.      **Form and Timing of Designation.**  Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the "CONFIDENTIAL" designation. Documents shall be designated "CONFIDENTIAL" prior to, or contemporaneously with, the production or disclosure of the documents.   Inadvertent or unintentional production of documents without prior designation as "CONFIDENTIAL" shall not be deemed a waiver, in whole or in part, of the right to designate documents as "CONFIDENTIAL" as otherwise allowed by this Protective Order.

4.      **Documents Which May be Designated Confidential.**   A party may designate documents as "CONFIDENTIAL" but only after review of the documents and certification by an attorney[1] who has, in good faith, determined that the documents contain "Confidential

---

[1] The attorney who reviews the documents and certifies them to be "CONFIDENTIAL" must be admitted to the Bar of at least one state but need not be admitted to practice in Georgia and need not apply for *pro*

Information." "Confidential Information" as used in this Protective Order shall mean information which falls within one or more of the following categories:

a. Protected from disclosure by statute;

b. Sensitive personal information;

c. Personal Identifying Information;

d. Trade secrets;

e. Research, technical, commercial, or financial information that the producing party has maintained as confidential;

f. Non-public information maintained by a third party as confidential that the producing party receives, obtains, or is provided access to that the producing party has maintained as confidential;

g. Medical information concerning any individual;

h. Tax returns (including attached schedules and forms) and tax forms including, but not limited to, W-2 forms and 1099 forms; or

i. Personnel or employment records of a person who is not a party to the action.

The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed in accordance with the standards of the Georgia Civil Practice Act.  Information or documents which are available in the public sector may not be designated as "CONFIDENTIAL."

---

*hac vice* admission.  By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

5.     **Depositions.**   Portions of depositions shall be deemed "CONFIDENTIAL" if designated as such when the deposition is taken.  Such designation shall be specific as to the portions to be protected.  The portions of the transcripts of all such testimony shall be designated as "CONFIDENTIAL" and shall be labeled with the appropriate notation by the court reporter/stenographer.  To the extent documents designated as "CONFIDENTIAL" are used in the taking of depositions, same shall remain subject to the provisions of this Protective Order, unless the Court expressly rules otherwise.  If any document designated as "CONFIDENTIAL" pursuant to this Protective Order is used during the course of a deposition in this lawsuit, that portion of the deposition record referencing such document shall be labeled with the appropriate "CONFIDENTIAL" designation.   The court reporter/stenographer also shall clearly and conspicuously mark the front page of any transcript which contains references to Confidential Information with the respective "CONFIDENTIAL" designation.  If Confidential Information is to be disclosed at a deposition, the producing party shall have the right to exclude from attendance, during the time in which the Confidential Information is to be discussed, any persons not bound by this Protective Order.

"Confidential Information" disclosed at a deposition may also be designated as such by notifying all parties in writing not later than thirty (30) days after receipt of the transcript of the specific pages and lines of the transcript that should be designated as "CONFIDENTIAL."  Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control.

6.     **Protection of Confidential.**

a.     **General Protections.**   Documents designated "CONFIDENTIAL" under this Protective Order shall not be used, disclosed, or disseminated by the parties or counsel for

the parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b.      **Limited Third-Party Disclosures of Confidential Material.**   The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL" under the terms of this Protective Order to any other person or entity except for "qualified persons" as set forth in subparagraphs (1) through (5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Protective Order and is bound by it.   Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated "CONFIDENTIAL" pursuant to this Protective Order:

(1)      counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2)      parties and employees of a party to this Protective Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed[2];

(3)      court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

_____

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Protective Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto.  Counsel shall retain the certification together with the form signed by the party or employee.

(4)     consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(5)     other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c.     **Control of Documents.**   Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL," or dissemination of the Confidential Information contained therein, pursuant to the terms of this Protective Order.   Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Protective Order.  If a receiving party learns of any unauthorized disclosure of "Confidential Information," the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

d.     **Unintentional Disclosures.**     Documents unintentionally produced without designation as "CONFIDENTIAL" may be later designated and shall be treated as "CONFIDENTIAL" from the date written notice of the designation is provided to the receiving party.

e.     **Copies.**   All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies"), of documents designated as "CONFIDENTIAL" under this Protective Order or any portion of such a document, shall be immediately affixed

with the designation "CONFIDENTIAL" if the word or words do not already appear on the copy.  All such copies shall be afforded the full protection of this Protective Order.

7.    **Filing of Confidential Materials.**  In the event a party seeks to file any material that is subject to protection under this Protective Order with the court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal in accordance with the Georgia Civil Practice Act, or such other rule or procedure as may apply in the relevant jurisdiction.   Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as "CONFIDENTIAL" to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.  This duty exists irrespective of the duty to consult on the underlying motion.  Nothing in this Protective Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.   The parties understand that documents may be filed under seal only with the permission of the court after proper motion in accordance with proper procedure as indicated above.

8.    **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order unless the party moves for an order providing such special protection.

9.     **Challenges to Designation as Confidential.**   Any "designation is subject to challenge.   The following procedures shall apply to any such challenge:

a.     The burden of proving the necessity of a "CONFIDENTIAL" designation remains with the party asserting confidentiality level of protection to extremely sensitive "Confidential Information."

b.     A party who contends that documents designated "CONFIDENTIAL" are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge.   The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an order confirming the Confidential designation.

c.     Notwithstanding any challenge to the designation of documents as confidential, all documents previously designated "CONFIDENTIAL" shall continue to be treated as subject to the full protections of this Protective Order until one of the following occurs:

(1)     the party who claims that the documents are "CONFIDENTIAL" withdraws such designation in writing;

(2)     the party who claims that the documents are "CONFIDENTIAL" fails to move timely for an order designating the documents as "CONFIDENTIAL"  as set forth in paragraph 9.b. above; or

(3)     the court rules that the documents should no longer be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

d.     Challenges to "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designations of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

11.     **Treatment on Conclusion of Litigation.**

a.     **Protective Order Remains in Effect.**  All provisions of this Protective Order restricting the use of documents designated "CONFIDENTIAL" shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.     **Return of CONFIDENTIAL Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as "CONFIDENTIAL" under this Protective Order, including copies as defined above (¶6.e.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated "CONFIDENTIAL" so long as that work product does not duplicate verbatim substantial portions of the text of "CONFIDENTIAL" documents.   This work product continues to be "CONFIDENTIAL" under the terms of this Protective Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the "CONFIDENTIAL" information.

12.     **Protective Order Subject to Modification.**  This Protective Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in

the matter to intervene for purposes of addressing the scope and terms of this Protective Order. This Protective Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

13. **No Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as "CONFIDENTIAL" by counsel is subject to protection under the Georgia Civil Practice Act or otherwise until such time as a document-specific ruling shall have been made.

14. **Persons Bound.** This Protective Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**SO ORDERED, this 3rd day of August, 2023.**

_____
Honorable Emily J. Brantley
Judge, Gwinnett County State Court

**CONSENTED TO BY:**

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

_/s/ Eleanor G. Jolley_
Eleanor G. Jolley
GA Bar No.  602577
Kayla A. Lakes
GA Bar No. 144579
3348 Peachtree Road NE
Atlanta, GA 30326
Ph. 470.419.6650
Fx. 470.419.6651
_Counsel for Extra Space Storage Inc._

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03884-S1**

**8/8/2023 4:20 PM**

TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| BERNARD HOLT, | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| **Plaintiff,** | ) | **23-C-03884-S1** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EXTRA SPACE STORAGE INC., and** | ) | |
| **JOHN DOES 1-5,** | ) | |
| | ) | |
| **Defendants,** | ) | |

## CASE MANAGEMENT AND MEDIATION DEADLINE ORDER

After consideration of the record in this case and pursuant to this Court's inherent authority to control discovery and the disposition of the cases on its docket, this Court **HEREBY** sets forth its Case Management Deadline Order in this action as follows:

1.

This case will be scheduled for trial on the next available calendar date **after discovery closes and dispositive motions, the consolidated pre-trial order and *motions in limine* have been filed**, as further described below. Please visit Judge Brantley's web page at https://www.gwinnettcourts.com/state-court/judge-emily-j-brantley for information about published calendars and check the telephone status line for additional trial information: 770-822-8518.

2.

**DISCOVERY** shall close on **JANUARY 15, 2024**. ALL discovery shall be **COMPLETED** by this date; this includes, but is not limited to: identification of, written discovery to and from <u>and</u> depositions from BOTH fact and expert witnesses. Any remaining discovery must be served early enough so that the responses thereto are due on or before the last day of the discovery period.

(a) **ALL EXPERT WITNESSES** (if any) shall be <u>disclosed</u> and <u>deposed</u> NO LATER THAN **JANUARY 15, 2024.** The parties can stagger Plaintiff(s) and Defendant(s) disclosure dates as they feel necessary, within these deadline dates, but in any event, the Court will allow the opposing party to depose any disclosed expert within 30 days of disclosure. **ALL REBUTTAL WITNESSES** (if any) shall be <u>disclosed</u> and <u>deposed</u> NO LATER THAN **FEBRUARY 15, 2024.**

3.

(a) **All SUBSTANTIVE MOTIONS**, including motions for summary judgment, and DAUBERT MOTIONS shall be filed NO LATER THAN **SIXTY** (60) days AFTER DISCOVERY CLOSES i.e. **MARCH 15, 2024**. **\*Note: <u>Daubert</u> motions are not to be included in *Motions in Limine*. <u>Daubert</u> motions are separate and independent motions and must be filed and titled as such, as the Court addresses <u>Daubert</u> motions differently**.

(b) Any motions regarding discovery disputes (i.e. motions to compel or for protective order) shall be filed within 60 days from the date of the response or event (e.g. deposition) that is the subject of the motion, and in **no event later than the close of discovery**, absent Court Order. *In the event of a discovery dispute, after discussion and attempts at resolution amongst the parties, counsel MAY contact the Court's Staff Attorney at 770-822-8516 to set up a telephone conference PRIOR TO filing any motion to compel or for protective order, if it would expedite resolution.*

(c) There shall be no extensions of these deadlines by agreement of the parties. Any extension of time to file a motion must be made by Order of this Court. **If any motion is filed after these deadlines and without this Court's prior written approval by Order, then the motion will be untimely and may not be considered.** All briefs and response briefs are LIMITED to no more than **fifteen (15)** pages, double spaced, exclusive of attachments, unless

otherwise permitted by the Court in writing.  Although reply briefs are generally disfavored, if such an issue arises that requires a reply, a party **may** file a reply brief without leave of the Court, no later than ten (10) days after a responsive brief is filed, LIMITED to no more than **five (5)** pages, double spaced, exclusive of attachments, unless otherwise permitted by the Court in writing.  No reply brief may otherwise be filed without leave of the Court.

4.

**MEDIATION** shall be scheduled <u>and</u> completed NO LATER THAN **<u>MARCH 1, 2024</u>**, in accordance with **ATTACHMENT "A" MEDIATION STANDING ORDER, attached hereto.**

5.

A **CONSOLIDATED PRETRIAL ORDER** in the form set out in Uniform Rule 7.2 and any **MOTIONS IN LIMINE** shall be filed NO LATER THAN **SIXTY** (60) days AFTER DISCOVERY CLOSES i.e. **<u>MARCH 15, 2024</u>**.  Plaintiff's counsel shall consolidate the order. All other parties shall deliver their portion of the pre-trial order to Plaintiff's counsel no later than ten days prior to the due date.  No party shall submit their individual portion of the pre-trial order to the Court absent written certification detailing their good faith efforts to present the Court with a fully consolidated order. Extensions for submission of consolidated pre-trial orders will be granted only for good cause shown by Order of this Court.

**All documentary and physical evidence shall be identified with reasonable particularity in the consolidated pre-trial order.  All witnesses shall be identified by name or specific information to allow identification of the person or entity.  In the event a witness or document not previously disclosed during discovery is listed on the pretrial order, the Court may strike the witness or evidence.**

**DO NOT file boilerplate or generic motions *in limine* where the law is well-settled and same would be clearly granted i.e. invoking the rule, collateral source and insurance, golden rule in closing etc.  Those can be submitted as mutually agreed and filed in the record as "Joint Consent Motions in Limine" without review.  Otherwise, please submit disputed and novel motions *in limine* for Court review only where the law is unsettled or the Court needs to provide a ruling on a substantive area of law prior to trial.**

*Motions in limine not filed in accordance with this paragraph will be deemed untimely and will not be ruled on before trial unless good cause is shown. However, the failure to file a motion in limine in compliance with this paragraph does not operate as a waiver of the right to object to evidence at trial.*

6.

**DEPOSITION DESIGNATIONS**. Counsel and parties are ordered and directed to discuss all objections to any depositions a party intends to introduce at trial in lieu of live testimony.  Counsel and parties are then required to submit to the Court a report, in writing, identifying any objections for which agreement between the parties could not be reached.  If there are **more** than five (5) depositions with objections, said objections must be filed with the Court as soon as known, but no later than **thirty (30) days** prior to the first scheduled date of trial, with copies to opposing counsel. If there are five (5) or **fewer** depositions with objections, they must be filed no later than **twenty (20) days** prior to the first scheduled date of trial. The report shall identify the objected to testimony by line and page number, in addition to the specific objection to same.   The Court will not consider or rule on counter designations with supplemental objections or designations for use at trial that have no objections.  Please simply state objections to testimony as described above, **ONLY**.

## EXAMPLE

1.     <u>DEPOSITION OF FNAME LNAME</u>

**Defendant/Plaintiff Objections – <u>FNAM LNAME</u>**

| Line Designation | Objecting Party | Objection |
|---|---|---|
| 6:24 – 7:7 | Party | Outside Scope of Permissible Other Incident Evidence; Relevance; Unduly Prejudicial; Cumulative |
| 9:25 ("trying to unbuckle Noelle's car seat.") | Party | Outside Scope of Permissible Other Incident Evidence; Relevance |
| 12:1-3 | Party | Lack of Foundation; Speculation |
| 12:11-19 | Party | Hearsay; Lack of Foundation; Speculation |

The Court will **NOT** rule on deposition objections on the day of trial.

7.

**EXHIBITS**.  All exhibits must be pre-marked and an exhibit list furnished to the Court prior to trial.  Copies of all exhibits and a copy of the list of exhibits are to be made for each opposing counsel. All copies and list of exhibits are to be exchanged no later than thirty (30) days prior to the first scheduled date of trial, and the parties shall confer before trial with a view toward stipulating any such exhibits for admission into evidence.

8.

**REQUESTS TO CHARGE**. Request to charge shall be submitted to the Court when the case is called in for trial.  Pattern charges shall be requested in writing and identified by number. Each party is LIMITED to no more than **10 NON-PATTERN** requests to charge. No charge will be considered if covered by a Pattern charge.

9.

**LEAVE OF ABSENCES (LOAs).**  The Court will **ONLY** recognize the filed and approved LOAs of **LEAD COUNSEL** for each party for the purposes of scheduling hearings, conferences and trial, etc.  The Court will **ONLY** recognize up to thirty (30) days leave in a 12-month period of time, which calculation begins on the first day of the discovery period.  **EACH PARTY MUST IDENTIFY THEIR LEAD COUNSEL UPON RECEIPT OF THIS ORDER, BY EMAIL TO** kelli.pollack@gwinnettcounty.com.

10.

The failure to comply with the deadlines and other provisions set forth in this Case Management Order may result in the exclusion of evidence or witnesses at trial, or other sanctions this Court deems warranted under the facts and circumstances.  See Doherty v. Brown, 339 Ga. App. 567, 576 (2016); OTS, Inc. v. Weinstock & Scavo, P.C., 339 Ga. App. 511, 517 (2016); Hart v. Northside Hospital, Inc., 291 Ga. App. 208 (2008).  **This Case Management Deadline Order sets forth and/or supersedes all previous dates and deadlines and will control the course of the trial and may not be amended except by consent of the parties and by Order of the Court to prevent manifest injustice.**

SO ORDERED, this  7th   day of    August    , 2023.


_____
Judge Emily J. Brantley,
State Court of Gwinnett County


Copies to:
All Counsel/Parties of Record
*C:\CIVIL\SCHEDULING ORDERS\CMMDO.doc*


*Rev. 0007.1, July 2022*                    6

**ATTACHMENT "A"**

**STANDING MEDIATION ORDER**

1.  This case SHALL be mediated within **forty-five (45) days** after the close of discovery.  Counsel and any pro se parties are **DIRECTED** to contact the **Gwinnett County Office of Dispute Resolution (GCODR) at 770-822-8553** and schedule mediation within 45 days after the close of discovery.  Should the parties decide to use a private mediation service or arbitrator, the Court and GCODR must **each** be notified, **in writing**, **within forty-five (45) days after the close of discovery**, as to whom the parties have agreed to use and the date of the mediation, verifying that the mediation is to occur within the aforementioned time.

2.  You may also contact GCODR at 770-822-8553 for an approved list of mediators.  If an agreement cannot be reached as to a mediator, the court will appoint one for you.  Documentation of mediation shall be provided to the GCODR.  If the case is not resolved through mediation, it shall be immediately returned to the court's docket.

3.  The appearance of each party is mandatory. Counsel and all parties, or their representatives, are to appear and participate in good faith in this mediation.  If insurance is involved, an adjuster with authority to resolve the matter **shall** attend.

4.  The cost of the mediator will be divided equally among the parties, who shall be prepared to pay the mediator at the time of the session.  The parties and the designated mediator will determine the length of the session.  Sanctions may be imposed due to nonpayment.

5.  All discussions, representations, and statements made at the mediation conference shall be privileged consistent with Georgia law.

6.  The mediator has no power to compel or enforce settlement agreements and does not  give  legal advice.  The mediator shall notify the Court of any agreement or lack of agreement entered into within five (5) days of the mediation.  Thereafter, the parties or their counsel shall present the agreement within ten (10) business days of the mediation to the Court for signature and filing as an Order.

7.  The mediator will notify this Court of any failure of a party or parties to appear for mediation at the scheduled date and time.  Should a party fail to appear, the Court may impose sanctions, including costs, upon that party.

8.  In the event the case is settled, or in any way disposed of prior to mediation, the GCODR and the Staff Attorney must be notified **in writing** immediately.

9.  The case will remain assigned to this Court for all motions, hearings and trial calendars already scheduled and for future motions, hearings and calendars.

**NOTE:  If both parties agree that mediation will likely not be helpful in the above-styled case or that the cost of mediation would likely outweigh the benefit, the parties may submit a Consent Order vacating this Mediation Order.  The parties must submit said Order within <u>45 days</u> of the close of discovery.  If mediation is cancelled, the above-styled case will be immediately placed on the next available trial calendar, pursuant to the dates and deadlines contained within.**

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03884-S1**

**8/14/2023 1:35 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| BERNARD HOLT, | |
| Plaintiff, | |
| vs. | CASE NO.: 23-C-03884-S1 |
| EXTRA SPACE STORAGE INC. AND JOHN DOES 1-5, | |
| Defendants. | |

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

COME NOW Universal Protection Service, LLC ("Defendant"), by and through the undersigned counsel, and hereby notify the Court that on this day, said Defendant served upon all parties to this matter the following:

- Request for Production of Documents to Non-Party Northside Hospital;

- Request for Production of Documents to Non-Party Regenerative Ortho and Spine;

- Request for Production of Documents to Non-Party Grady EMS;

- Request for Production of Documents to Non-Party Grady Health System; and

- Request for Production of Documents to Non-Party Wellstar Atlanta Medical Center

via United States Postal Service and/or statutory electronic service to counsel of record as follows:

Kevin A. Adamson
Brittany D. Schwanitz
KEVIN A. ADAMSON, P.C.
4295 International Boulevard, Suite D
Norcross, GA 30093
kevin@kaapc.com
brittany@kaapc.com

[SIGNATURES ON FOLLOWING PAGE]

1

285890425v.1

This 14th day of August, 2023.

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**

3348 Peachtree Road, NE
Suite 1400
Atlanta, GA  30326
470-419-6650 (telephone)
470-419-6651 (facsimile)
eleanor.jolley@wilsonelser.com
kayla.lakes@wilsonelser.com

*/s/ Eleanor G. Jolley*
Eleanor G. Jolley
GA Bar No.  602577
Kayla A. Lakes
GA Bar No. 144579
*Counsel for Defendant Extra Space Storage,
Inc.*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date the foregoing **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY** was filed with the Clerk of Court using the Odyssey electronic filing system, which will automatically serve all counsel of record as follows:

Kevin A. Adamson
Brittany D. Schwanitz
KEVIN A. ADAMSON, P.C.
4295 International Boulevard, Suite D
Norcross, GA 30093
kevin@kaapc.com
brittany@kaapc.com

Dated:  August 14, 2023

*/s/ Eleanor G. Jolley*
Eleanor G. Jolley

285890425v.1

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03884-S1**

**8/18/2023 11:53 AM**

TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORIGA

| | |
|---|---|
| BERNARD HOLT, | |
| Plaintiff, | |
| | CIVIL ACTION FILE NO. |
| v. | **23-C-03884-S1** |
| EXTRA SPACE STORAGE, INC. and JOHN DOES 1-5, | |
| Defendants. | |

---

### NOTICE OF CHANGE OF FIRM ADDRESS

---

### TO THE CLERK OF THE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that the law firm of Kevin A. Adamson, P.C. has a new address effective immediately. Copies of all further pleadings, notices and orders in this case should be addressed to the following:

Kevin A. Adamson
Brittany D. Schwanitz
Kevin A. Adamson, P.C
Gwinnett Commerce Center
3700 Crestwood Pkwy NW, Suite 600
Duluth, Georgia 30096

This 16th day of August 2023.

**KEVIN A. ADAMSON P.C.**

*/s/ Kevin A. Adamson*
Kevin A. Adamson, Esq.
Georgia Bar No. 004851
Brittany D. Schwanitz, Esq.
Georgia Bar No. 393905
*Counsel for Plaintiff*

Gwinnett Commerce Center
3700 Crestwood Pkwy NW, Suite 600
Duluth, Georgia 30096
P: 404-581-9100 / F:404-581-9111
E: kevin@kaapc.com
   brittany@kaapc.com

1

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORIGA**

BERNARD HOLT,

        Plaintiff,

v.

EXTRA SPACE STORAGE, INC. and
JOHN DOES 1-5,

        Defendants.

CIVIL ACTION FILE NO.
**23-C-03884-S1**

---

**CERTIFICATE OF SERVICE**

---

    This is to certify that I have on this date served all counsel of record with a copy of

Plaintiff's ***NOTICE OF CHANGE OF FIRM ADDRESS*** by Odyssey e-filing and by electronic

mail and U.S. Mail addressed as follows:

Eleanor G. Jolley
Kayla A. Lakes
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3348 Peachtree Road NE, Suite 1400
Atlanta, Georgia 30326
eleanor.jolley@wilsonelser.com
kayla.lakes@wilsonelser.com

This 16th day of August 2023.

                                       **KEVIN A. ADAMSON P.C.**

                                       */s/ Kevin A. Adamson*
                                       Kevin A. Adamson, Esq.

Gwinnett Commerce Center                    Georgia Bar No. 004851
3700 Crestwood Pkwy NW, Suite 600        Brittany D. Schwanitz, Esq.
Duluth, Georgia 30096                    Georgia Bar No. 393905
P: 404-581-9100 / F:404-581-9111          *Counsel for Plaintiff*
E: kevin@kaapc.com
   brittany@kaapc.com

2