# EXHIBIT A

## THE CRAIG C. KAUFFMANN TRUST

I, **Suzanne M. Kauffmann**, of Fulton County, Georgia, the undersigned Donor, do hereby give, transfer, assign and convey to Howard C. Kauffmann, as Trustee, (hereinafter referred to as the "Trustee") and any successor Trustee hereunder, IN TRUST, the property described on "Schedule A" attached hereto which, together with such other property acceptable to the Trustee as may be conveyed, assigned, devised, bequeathed, or otherwise made payable to the Trustee by me or any other person for the purposes of this trust, shall be referred to herein as the "Trust Estate." The trust hereby created shall be known as **THE CRAIG C. KAUFFMANN TRUST**.

### ARTICLE ONE
#### Distribution of Trust Income and Corpus During Craig's Life

A.     During the life of Craig C. Kauffmann, the Trustee shall hold and administer the Trust Estate, collect the income therefrom, pay the costs and expenses incident thereto, and dispose of the net income and corpus as provided below.

1.     The Trustee shall pay over to my son, Craig C. Kauffmann, such part of the net income of this trust as the Trustee may deem proper to provide for the health, maintenance, support, education and best interests of Craig C. Kauffmann and his lineal descendants. Any undistributed income shall be accumulated and added to the corpus of the trust.

2.     Until the death of my said son, whenever in the sole judgment of the Trustee the income being paid to my said son, together with any other income or periodic payments known to the Trustee that are being received by my son, shall be insufficient for his proper health, maintenance, education, support and best interests, the Trustee shall be authorized to encroach on the corpus of this trust as it may deem appropriate to provide for the health, maintenance, support, education and best interests of Craig C. Kauffmann and his lineal descendants.

1

3.      Distributions of income and corpus from this trust may be in any amount or proportion in any year or years that the Trustee deems appropriate without requirement of equalization from year to year, or between individuals or classes of beneficiaries.  If the person receiving any encroachment on the corpus of this trust or his or her descendants will ultimately receive any of the corpus of this trust in fee simple or in a separate subtrust, the encroachment shall not be accounted against his or her distributive share.  My primary intent is that the <u>Craig C. Kauffmann</u> be treated as the primary beneficiary of this trust and be suitably supported, maintained and educated rather than the preservation of this trust's corpus for later distribution to other beneficiaries, and the Trustee shall take account thereof in any decision respecting distributions of income and corpus from such subtrust.

4.      Notwithstanding anything otherwise in this trust, if my spouse ever serves as trustee, he shall not have any power as trustee to distribute, apportion, accumulate, or allocate income or corpus to or for one or more beneficiaries, unless such power is limited ascertainable standards which for purposes of this trust include only health, maintenance support or education.

5.      On the death of my said son, the Trustee shall be authorized to withhold distribution of an amount of property sufficient, in the judgment of the Trustee, to cover any liability that may be imposed on said Trustee for Estate taxes, generation-skipping transfer taxes or other taxes until such liability is finally satisfied.

## ARTICLE TWO
### Distribution of Trust Income and Corpus
### After the Death of Craig C. Kauffmann

A.      Upon <u>Craig C. Kauffmann's</u> death, this trust shall be distributed to or among any individual, any charitable organization, Craig's estate, his creditors or the creditors of his estate, in such manner, outright or in further trust, as <u>Craig C. Kauffmann</u> may specify in his valid Last Will and Testament by making express reference to this power of appointment.

Any property not effectively disposed of by the exercise of the above power of appointment shall be further divided into a sufficient number of equal shares in order to allocate one such share to each then living child of Craig C. Kauffmann, and one such share per stirpes to the then living lineal descendants of each of Craig C. Kauffmann's deceased children, and shall be distributed outright in fee simple to the beneficiaries of said shares, subject to the provisions below for beneficiaries under the age of thirty-five (35).

Should Craig C. Kauffmann not be survived by lineal descendants, the remaining property in this trust shall be divided into a sufficient number of equal shares in order to allocate one such share to each then living child of mine and one such share to each deceased child of mine who has then living lineal descendants.  The share set aside for each living child of mine shall be held, administered and distributed as follows:

1.      The Trustee shall continue to hold the share of any living child of mine who does not have lineal descendants in a separate subtrust for each such child, and shall pay such part of the net income of each such subtrust to or for the benefit of the child for whom the subtrust is held, and to or for the benefit of such child's lineal descendants, as the Trustee may deem proper to provide for their health, maintenance, support and education.  Any undistributed income shall be accumulated and added to the corpus of the subtrust from which it was generated.

2.      The Trustee shall be authorized to encroach on the corpus of each subtrust as it may deem appropriate to provide for the health, maintenance, support and education of a child for whom such subtrust is held and such child's lineal descendants.

3.      In any determination made by the Trustee to distribute or withhold distribution of trust income or corpus for any beneficiary, the Trustee shall take account of other means of support available to such beneficiary to the knowledge of the Trustee, but only to the extent the Trustee determines appropriate under the circumstances in the Trustee's sole discretion.

3

4.      Distributions of income and corpus from any such subtrust may be in any amount or proportion in any year or years that the Trustee deems appropriate without requirement of equalization from year to year, or between individuals or classes of beneficiaries.  If the person receiving any encroachment on the corpus of a subtrust or his or her descendants will ultimately receive any of the corpus of such subtrust in fee simple or in a separate subtrust, the encroachment shall not be accounted against his or her distributive share.  My primary intent is that the child of mine for whom a subtrust is held hereunder be treated as the primary beneficiary of such subtrust and be suitably supported, maintained and educated rather than the preservation of the subtrust corpus for later distribution to other beneficiaries, and the Trustee shall take account thereof in any decision respecting distributions of income and corpus from such subtrust.

5.      The share of any deceased child of mine shall be distributed to or among any individual or charitable organization, in such manner, outright or in further trust, as such deceased child may specify in his or her valid Last Will and Testament by making express reference to this power of appointment.  This power shall not be exercisable, however (i) to appoint such property to such child, to his or her estate, to his or her creditors, or to the creditors of his or her estate, or (ii) to appoint such property in any manner which would extend the applicable period of the rule against perpetuities to which the appointed property in this trust shall be subject.  Any property of a deceased child's share not effectively disposed of by the exercise of the said power of appointment shall be further divided into a sufficient number of equal shares in order to allocate one such share to each then living child of my deceased child, and one such share per stirpes to the then living lineal descendants of each of my deceased child's deceased children, to be distributed outright, in fee simple, subject to the provisions below for beneficiaries under the age of thirty-five (35).  Should any such deceased child of mine not be survived by lineal descendants, the remaining property in such deceased child's subtrust shall be distributed to the shares and subtrusts established for my other living children and lineal descendants of deceased children as if it had originally been a part thereof.

4

6.      Any property distributable to a beneficiary who has not attained age thirty-five (35) shall be held in a separate subtrust for the benefit of such beneficiary. The Trustee shall be authorized to distribute from such subtrust such amounts of income or corpus as it may deem appropriate to provide for the health, maintenance, support and education of such beneficiary for whom the subtrust is held.  Any undistributed income shall be accumulated and added to corpus.  When a beneficiary for whom such a subtrust is created has attained age thirty-five (35), the entire remaining corpus in such beneficiary's subtrust shall be distributed to him or her in fee simple.  Should a beneficiary die after the creation of his or her subtrust, but before receiving all the property held therein, then upon such beneficiary's death any remaining corpus in his or her subtrust shall be distributed to his or her then living lineal descendants, per stirpes, if any, and, if none, to the shares established for such beneficiary's living siblings and lineal descendants of deceased siblings as if it had originally been a part thereof, if any, and, if none, to the shares established for my other living children and lineal descendants of deceased children as if it had originally been a part thereof.

B.      If at any time the total fair market value of the assets of any trust or subtrust established or to be established hereunder is less than fifty thousand dollars ($50,000.00), the Trustee in its discretion shall be authorized to terminate such trust or subtrust, or to decide not to establish such trust or subtrust, and in such event the property then held in or to be distributed to such trust or subtrust shall be distributed to the primary beneficiary on account of whom such trust or subtrust is otherwise directed to be created. In deciding to terminate or not terminate any such trust or subtrust, or to not establish such trust or subtrust, the Trustee shall consider the needs of the beneficiary or beneficiaries thereof, the cost of administering such trust or subtrust, and such other factors as the Trustee may consider relevant.  The Trustee's decision to terminate or not terminate such a trust or subtrust, or to establish or not establish such trust or subtrust, shall be final and binding on all persons having any interest therein, and the Trustee shall have no liability for any such decision made in good faith.

5

C.      This trust and all subtrusts hereunder shall terminate upon the first to occur of (1.) the expiration of the period of the rule against perpetuities applicable to any property with an inclusion ratio of zero which was received by this trust from another trust or estate, or (2.) by the exercise of a power of appointment by any beneficiary hereunder which appoints all the remaining property of this trust.

1.      Upon such termination, the property of each subtrust then held hereunder shall be distributed in fee simple to the primary beneficiary for whom such subtrust is held, except as otherwise provided below.

2.      If any such beneficiary shall not have attained the age of thirty-five (35), however, such beneficiary's subtrust shall continue upon the terms set forth hereinabove until such beneficiary has attained age thirty-five (35), whereupon the remaining trust property shall be distributed to such beneficiary in fee simple.  If such beneficiary shall die before attaining age thirty-five (35), any property remaining in his or her subtrust shall be distributed to the personal representative of his or her estate to be disposed of as a part of his or her estate.

D.      If at any time prior to final termination of this trust and the subtrusts created hereunder, all the beneficiaries designated herein shall die, the remaining corpus in this trust and any subtrusts hereunder shall be distributed to those persons who would be my heirs at law, determined according to applicable Georgia law, as if I had died intestate and unmarried at that time.

## ARTICLE THREE
### Trustees

A.      The undersigned Trustee hereby accepts the trust herein created and covenants and agrees to execute the same as herein provided with all due fidelity and will account for all monies received and disbursed hereunder.

B.    1.    Should <u>Howard C. Kauffmann</u> fail to serve or cease to serve for any reason, then <u>Kristine K. Hope</u> shall serve as Successor Trustee with all the powers, rights and immunities granted in this trust instrument, and shall have the power (but shall not be required) to designate another person or corporate fiduciary to serve as Co-Trustee and/or Successor Trustee hereunder with all the rights, powers, and immunities granted in this trust instrument.

2.    Any Trustee, other than the Donor's spouse, named above, or appointed pursuant to the authority above, who is serving, may designate one or more successor Trustee(s) for each trust created hereunder. Such designated Trustee(s) may be named to serve presently or at any future date, or following any other named or designated Trustee(s).

3.    <u>Kristine K. Hope</u> shall have the power to remove and replace any Trustee named or appointed hereunder unless she irrevocably renounces such power in writing. If she irrevocable renounces such power, then <u>Scott A. Kauffmann</u> shall have such power unless he irrevocably renounces such power in writing.

C.    Any individual fiduciary at any time serving as a fiduciary hereunder shall be entitled to fees based upon an hourly rate for time spent serving in a fiduciary capacity but may elect not to accept such fees. The hourly rate shall be equal to fifty percent (50%) of my estate's or this trust's attorney's standard hourly billing rate. Such fee shall be calculated on the time spent on all trust matters.

## ARTICLE FOUR
### <u>Other Administrative Provisions</u>

A.    The designation of any Corporate Trustee or successor Trustee at any time serving under the terms of this trust instrument shall include any bank or trust company into which it may hereafter be merged or consolidated.

B.      Having in mind the rule against perpetuities and laws against imposing restraints on alienations, each trust created hereunder, excepting such trusts as heretofore vested in compliance with such rules and laws, shall, unless sooner terminated under other provisions hereof, terminate upon the expiration of the maximum period allowed for valid interests under The Uniform Statutory Rule Against Perpetuities (or other similar applicable law) to which such trust shall be subject, any provisions of this instrument to the contrary notwithstanding.  Thereupon, the property held in trust shall be distributed, in fee simple and free of all trusts, to the persons then entitled to receive the income thereof.  If such beneficiaries shall be entitled to receive the trust income in ascertainable proportions, then each shall receive the said distribution in such proportions.  If the income is distributable in the discretion of the Trustee among the beneficiaries, then the said distribution shall be equal shares among those beneficiaries then living.

C.      The Trustee, or any of them hereunder, may resign at any time by a signed instrument in writing delivered to the beneficiaries of the trust then having a present interest therein, or to the parent or guardian of any such beneficiary who shall not at the time of such resignation be sui juris; and upon properly accounting to such beneficiaries for all money and property received and disbursed by them, shall be relieved of any further fiduciary responsibility.  All successor Trustees hereunder shall have the powers (except any power(s) to remove and replace any Trustee(s)), authority, discretion and exemptions given to the original Trustee hereunder; and all provisions of this instrument relating to the original Trustee shall apply to all successor Trustees.  No Trustee or successor Trustee shall have any liability for the acts or omissions of any prior fiduciary, nor shall they be required to inquire into the acts or omissions of any prior fiduciary or to make any claim against any prior fiduciary.

D.      In the event at any time after my death there exist trusts under my Will, trusts under the Will of any other person, or trusts created during life by any other person or myself, which trusts have the same beneficiaries and substantially identical terms as provided in this trust, then the Trustee of this trust or any separate share or trust created

8

hereunder shall be authorized, in its sole discretion, to merge and combine such trust hereunder with such other substantially identical trust, and then and thereafter such trusts shall be held and administered as one trust. If the trusts so merged shall have different vesting dates under The Uniform Statutory Rule Against Perpetuities (or other similar applicable law) to which such trusts shall be subject, then the earliest vesting date applicable to one of the trusts so merged shall be the vesting date for the single trust created as a result of such merger.

E.      Any Trustee may give to any other Trustee hereunder Power of Attorney to act for them, and any such Power of Attorney may be general or confined to designated actions, and may be revoked at any time.  Any action taken pursuant to such Power of Attorney shall be valid and binding upon the Trustee granting such Power of Attorney.

F.      No person who shall be serving as a Trustee or Co-Trustee of any trust created hereunder may participate in any discretionary decision of the Trustee to: (1) allocate corpus to themselves as a beneficiary of such trust except as such power of the Trustee is limited by an ascertainable standard relating to the health, education, support, or maintenance of himself or herself; or (2) allocate corpus to other beneficiaries for whom such Trustee has a legal obligation of support at the time such decision is made.

Should any trust created hereunder at any time be the owner of a policy of insurance insuring the life of any Trustee thereunder, the Trustee insured thereby shall have no authority, notwithstanding any other provision of this trust instrument, to exercise or participate in the exercise of any incident of ownership respecting such policy.

The holder, if any, of any non-general power of appointment hereunder shall not be authorized to exercise such power with respect to any policy of life insurance under which such power holder is an insured person within the meaning of IRC Section 2042.

9

The prohibitions set forth above shall not be applicable to my surviving spouse with respect to any trust or share for which a marital deduction is claimed and allowed in my estate for federal estate tax purposes.

Whenever a trustee of any trust hereunder shall be prohibited from exercising all of the authority granted to the trustee as a result of the provisions of this paragraph, such authority shall be exercisable by the other co-trustee or co-trustees then serving, if any.  After all co-trustee and/or successor trustee replacement provisions in such trust have been given full effect to, if no other co-trustee shall be then serving, the current trustee shall be authorized to designate another person or corporate fiduciary to serve as co-trustee hereunder with all the rights, powers and immunities granted herein to the trustee.  Should the said current trustee subsequently cease to serve for any reason, the successor trustee or trustees designated herein shall serve as if such co-trustee had never been appointed; but if no such successor trustee shall be designated, or if all the designated successors shall fail to serve or cease to serve for any reason, then the said co-trustee designated by the current trustee under the provisions of this paragraph shall be authorized to continue serving as the trustee hereunder.

G.      Should any Trustee or successor Trustee be domiciled outside the State of Georgia, such Trustee shall be authorized to remove the trust assets to the domicile of such Trustee, and then and thereafter the administration of such trust shall be governed by the laws of the state in which such Trustee is domiciled, but the construction of such trust and the rights of the beneficiaries thereof shall continue to be governed by the laws of the State of Georgia.  Should any Trustee of this trust be, at any time, a nonresident of the state in which is situated the administration of such trust, and if the applicable law of such state requires the office of Trustee to be occupied by a resident of such state, then the said Trustee shall be authorized to designate a person or corporate fiduciary who is a resident of such state to serve as successor Trustee or Co-Trustee hereunder with all the rights, powers and immunities granted in this trust instrument.

H.    Until the assets held hereunder shall exceed One Thousand Dollars ($1,000.00) in value exclusive of the unreceived cash surrender values of any policies of life insurance, the Trustee shall be under no duty or obligation whatsoever except with respect to the safekeeping of the property of the Trust Estate.

I.    Division and Consolidation of Trusts – The Trustee may for tax, administrative or investment purposes divide any trust created hereunder, based upon the fair market values of the trust property at the time of division, into two or more separate trusts, the dispositive provisions of which except as otherwise expressly provided herein, shall be identical to those applicable to the trust prior to division, and consolidate any trust created hereunder with any trust having substantially identical provisions for the same beneficiary of beneficiaries if such consolidation is consistent with my intent and does not defeat or impair a beneficial interest.  Without limiting the generality of the foregoing, the Trustee may divide any trust into separate trusts consisting of portions that would, and would not, respectively, be included in the gross estate of my spouse or another beneficiary for federal estate tax purposes if such beneficiary died immediately prior to the division.  The Trustee may also divide any transfer in trust provided for hereunder into fractional shares to which all, and none, respectively, of my or my spouse's remaining GST exemption may be allocated, so as to create two separate trusts, the dispositive provisions of which, except as otherwise expressly provided herein, shall be identical to those which would have applied if such transfer had not been divided.

## ARTICLE FIVE
### Definitions

A.    The term "Trust Estate," "Trust Property" or "Trust" shall mean, except as herein otherwise provided for, all property and assets of whatever kind or character at any time, or from time to time, held by the Trustee, including the corpus and accumulated income, whether the same be held as the principal trust or any separate share or subtrust created hereunder.

B.      The term "net income" shall mean the income of the trust determined by the Trustee in accordance with applicable Georgia law and the powers granted herein to the Trustee, less (1) all reasonable and proper expenses of administering the trust and the property of the Trust Estate, and (2) all amounts set aside by the Trustee as a reserve for depreciation, amortization of any premium paid, and any other similar charge against income, and (3) the amount of all income tax liabilities assessed against the trust.

C.      The terms "corpus" and "principal" shall mean the property conveyed by me as a gift upon the creation of this Trust, any addition thereto by me or any other person, and any net income accumulated under the terms of the trust.

D.      The term "Trustee" wherever used in this instrument shall be deemed to refer individually or collectively to all Trustees serving hereunder from time to time as the context may require, and the term "Corporate Trustee" shall refer to any Trustee which is a state or national banking institution or trust company with trust powers.

E.      As used herein, the term "education" shall be deemed to include public or private, primary, secondary, college, postgraduate, and professional education, and technical and vocational training.

F.      Any reference herein to "IRC" or the "Internal Revenue Code" shall mean the United States Internal Revenue Code of 1986 as the same may hereafter be amended from time to time.

G.      The singular shall include the plural and the plural shall include the singular; the male shall include the female gender and the female gender shall include the male gender, as the context and meaning of this trust instrument may require.

## ARTICLE SIX
### No Assignment of Beneficial Interests

A.    Except as otherwise expressly provided below, the income and support provided in this trust instrument for the several beneficiaries thereof shall not be transferred, assigned or conveyed and shall not be subject to the claims of any creditors of any beneficiary, and the Trustee shall continue to pay such income and support directly to or for the support of such beneficiary notwithstanding any transfer, assignment or conveyance, and notwithstanding any action by creditors.

B.    If, however, the Trustee is prevented (by any assignment or conveyance of a beneficial interest or by any legal proceeding or order of any court) from paying such income or corpus directly to or for the benefit of such beneficiary, then and for so long as such condition shall last the Trustee shall hold and accumulate the income and corpus which would have been paid to or for the support of such beneficiary until the Trustee is able to pay the same directly to or for the support of such beneficiary, or until the death of such beneficiary, whichever shall first occur; and, on the death of such beneficiary, any income so accumulated shall become a part of the corpus of the trust and be disposed of as provided for the corpus.

C.    The provisions of this Article shall not apply to authorize the Trustee to withhold distribution of income to my husband from any trust, separate share or subtrust hereunder for which a marital deduction is claimed and allowed for federal gift tax purposes or for federal estate tax purposes in my estate.

## ARTICLE SEVEN
### Presumption of Survival

If my death and the death of any beneficiary occur under circumstances which make it difficult to determine which of us died first, then such beneficiary shall be deemed to have predeceased me for all purposes of this trust.

13

## ARTICLE EIGHT
### Ancillary Administration

If ancillary administration be required in any state in which the Trustee shall be unable or unwilling to qualify, then and in that event the Trustee shall designate in writing the person or corporate fiduciary to act in such capacity, with all the powers and immunities of the Trustee as may be specifically delegated by such written designation. Unless prohibited by law of the state in which such property is located, I direct that upon sale of any assets by the ancillary Trustee the proceeds thereof shall be paid to the Trustee hereunder.  My Trustee shall be authorized to pay all costs of any ancillary administration from the property of the Trust Estate if, in its discretion, such action is in the best interest of my estate or the trust hereunder.

## ARTICLE NINE
### Powers of Trustee

In the execution and management of the trust herein created, I hereby give and convey upon the Trustee all the rights, powers and immunities set forth in Official Code of Georgia Annotated Section 53-12-232, as amended, and the following special additional rights, powers and immunities, all of which shall be exercised in a manner as may be fair and equitable under the circumstances, without order of or report to any court.

A.    1.    To continue to carry on any business which may become a part of the Trust Estate; or become or remain a stockholder of a corporation, or a partnership, general or special, in any such business; to incorporate any such business and hold the stock as an investment, and to employ agents to manage and operate any such business without liability for indebtedness of any such business.

2.    To form, become interested in, operate, or carry on, and manage any business, as a stockholder of a corporation, or as a partner of a limited or general partnership, or as a member of any association, trust, joint venture, or any other form of business organization.

14

3.     To appoint agents, attorneys, appraisers, real estate brokers, accountants, managers, foremen, and others to act under them in the administration of the trust hereunder, and to fix the salaries, wages or compensation of such persons.

4.     To buy, exchange, sell, pledge, encumber and mortgage any property of the trust of any nature whatsoever, at public or private sale upon such terms as they deem proper; to lease any property of the trust upon such terms as they deem best and for any duration of time, regardless of the duration of the trust, all with or without any order of any court, or with or without any advertisement.

5.     To lend and borrow money; to give credit and to extend or renew loans; to secure any loan or debt by mortgaging, encumbering, conveying, or subjecting to a lien any part or all of the property of the trust, notwithstanding the duration of the trust; which powers shall include, without limitation, the power to maintain and operate a margin account or accounts with any securities brokerage house.

6.     To register any stock, bond, or other property or security in the name of a nominee with or without disclosure of any fiduciary relationship, but accurate records shall be maintained showing each is an asset of the trust.

7.     To select depositories for the funds, securities and properties administered by them.

8.     To acquire, hold, dispose of, retain, invest and reinvest in as they see fit, any property of any nature whatsoever (including life insurance contracts, common trust funds established by any corporate fiduciary, stock in any corporate fiduciary, options of any type, and mutual fund shares), whether or not authorized by law as a permitted investment for Trustees, and any investment made or retained by them in good faith and with reasonable prudence shall be proper, although of a kind or in an amount or proportion not authorized by law as suitable for trustees.

9.     To vote directly or by proxy on any question, any stock, bond, or other security held by them, and to make such exchanges, pay such expenses, and otherwise act as they deem proper, in any bankruptcy, merger, reorganization, consolidation, or other procedure affecting the property of the trust, regardless of whether the Trustee is personally or individually a stockholder, officer, director, employee, or agent of such corporation.

10.     To rescind, release, discharge, vary, compromise, modify, settle and adjust any contract, agreement, claim, debt, account, demand, action or suit of, by or against the trust hereunder; and to ask, demand, sue for, recover, and receive all property and all sums of money, debts, or claims owing or due the trust hereunder, and to pay or discharge any claim or debt, upon such evidence as they may deem sufficient.

11.     In arriving at the income of the trust, to amortize or fail to amortize any part or all of the premium or discount on notes, stocks, bonds, or other securities, evidences of indebtedness, or assets which were purchased; to treat any part or all of the profit resulting from the maturity or sale of any assets, whether purchased at a premium or at a discount, as income or corpus, or apportion the same between income and corpus; to treat any dividends (including stock dividends) or other distribution on any investment, as income or corpus, or apportion the same between income and corpus; to charge any expenses against income or corpus or apportion the same; to provide or fail to provide a reasonable reserve against depreciation or obsolescence on any assets subject to depreciation or obsolescence; all as the Trustee may reasonably deem equitable and just under the circumstances.  The Trustee shall have no liability to any person for any such decision made by them in good faith.

12.     In distributing the income or corpus of the trust property under the provisions of this trust, the Trustees may, unless specifically otherwise provided for in this trust instrument, make such distributions in such amounts and proportions or installments and at such time as they, in their sole discretion, deem proper.

13.     My Trustee is hereby authorized to make any election permitted by any tax law, if in the opinion of the Trustee such election is for the combined best interests of the trust and the beneficiaries thereof, and make or agree to such apportionment of taxes as the Trustee may deem equitable under the circumstances. If my Executor shall elect pursuant to IRC Sec.2652(a)(3) to treat me as the transferor of any portion of the Trust Estate which is qualified terminable interest property with respect to which I am allowed a deduction by reason of IRC Section 2523(f) or with respect to which my estate is allowed a deduction by reason of IRC Sec.2056(b)(7), the Trustee shall be authorized to set apart such portion of such property in a separate trust or subtrust so that its inclusion ratio as defined in IRC Sec.2641 is zero. If my Executor shall elect to allocate to the trust (or any share or subtrust hereunder) any part of my GST Exemption as provided in IRC Sec.2631, then I authorize the Trustee to divide any such trust, share or subtrust into two or more separate trusts so that the generation-skipping transfer tax Inclusion Ratio as defined in IRC Sec.2642 for each such separate trust shall be either zero or one. Any such separate trust shall be held, administered, and distributed under the same terms and conditions as the original trust, share or subtrust from which it was divided, and the Trustee shall be authorized to encroach first from whichever such separate trust the Trustee may deem most likely to result in overall minimization of transfer taxes. All elections and allocations under this paragraph shall be in the discretion of the Trustee, who shall have the power to omit any such property from any such elections or allocation. The Trustee shall be authorized to make or fail to make such adjustments among the beneficial interests of the trust hereunder as the Trustee may deem equitable and just under the circumstances. Any decision made by the Trustee under this paragraph shall be binding on all persons and the Trustee shall have no liability to any person for any such decision made in good faith.

14.     The Trustee shall have the right and power to exercise all of the rights, powers and exemptions set forth herein in this trust regardless of whether the said Trustee is interested in their individual capacity in any such business, partnership, or corporation, as partner(s), joint venturer(s), officer(s), stockholder(s), director(s), employee(s), or otherwise; provided, however, that in the case of any transaction with

17

any Trustee, all sales to or purchases from any of them shall be at the fair market value of the property sold or purchased, and all loans or advances shall be upon adequate, good and sufficient security, and at an adequate and fair rate of interest.

B.     Except as herein otherwise specifically provided for, any distribution by the Trustee, whether of income or corpus, may be made in cash or wholly or partly in kind; or they may sell for such purpose any part or all of the Trust Estate and distribute all or part of the proceeds of such sale, or they may make such distribution partially in kind and without allocating the same property to different distributes, and partially in cash, all as may be deemed best and most advisable in the sole discretion of the Trustee. In determining the value of any property distributed in kind, the judgment or valuation of the Trustee shall be final and binding.  The Trustee may, in making any division in kind, allot undivided interests in different properties or businesses, or in the same property or business, to several trusts or shares or persons.

C.     The Trustee hereunder, regardless of whether or not they are residents of the State of Georgia, shall not be required to give any bond, surety or security, or to make or file any reports, annual or other returns, or inventory, inventories or appraisals of the trust property to any court; but shall furnish at least annually to each beneficiary entitled to receive income hereunder a statement of all receipts and disbursements made hereunder.

D.     If any distribution of property, income, or corpus of the trust or any share or subtrust is to be made to a minor or person suffering under any legal disability, the Trustee may, in its sole discretion, distribute such property to such person, or to a guardian for such person, or to a parent or spouse of such person, or to anyone having custody of such person, or to a Custodian for such person under either the Georgia Transfers to Minors Act or the Transfers to Minors Act of any other state, and the receipt by such person to whom payment is made shall be full discharge thereof to the Trustee. In the alternative, my Trustee may hold any such property distributable to a minor or other legally disabled person in trust for such person until they attain the age of majority

or are otherwise relieved from such legal disability.  In the meantime, such portions of the income or corpus of the trust as the Trustee may deem proper may be distributed to or for the benefit of such beneficiary to provide for his or her support, maintenance, and education.  Should such beneficiary die prior to receiving all the property in such trust, any remaining trust property shall be distributed to the personal representative of his or her estate.

E.     The Trustee shall be authorized to allow any beneficiary of the trust created hereunder to use or occupy property of the trust free of any rent or other charges, or upon such terms and conditions as the Trustee may deem proper and consistent with the terms of this trust.

F.     I specifically authorize the Trustee to retain in the same form as received any property deposited by me hereunder and it shall not be sold merely for purposes of diversification or because the Trustee may deem such property somewhat speculative. This paragraph shall not, nevertheless, prevent the Trustee from selling any such property if in the opinion of the Trustee such property should be sold.

G.     Any Trustee serving hereunder shall be empowered to accept additional property which may be deposited with the trustee by any person for the purposes of the trust.  While it is generally expected that the Trustee would accept such property as an addition to the trust, the Trustee shall be specifically empowered to refuse to accept any property which, in the opinion of the Trustee, might expose the trust to undue risks of liability (from environmental hazards or otherwise), or which might impair the trust's status with respect to the Generation Skipping Transfer Tax, or which may otherwise reasonably seem imprudent to the Trustee.  The Trustee shall have no liability to any person having any interest in this trust for any decision made in good faith to accept or reject any such additional property.

H.     The Trustee shall expend the income or corpus of the trust as it may deem necessary or proper to comply with applicable law governing the environmental

condition of any property of the trust, and to address any environmental conditions which may adversely affect the trust.  Any liabilities, fines, or penalties assessed against the trust, or against the Trustee personally, arising from the environmental condition of any property of the trust shall be paid from the property of the trust and apportioned against the shares of the various beneficiaries as the Trustee may deem fair and equitable under the circumstances; except for any such amounts assessed as a result of environmental conditions which are proximately caused by the  negligence or misconduct of the Trustee in operating any such property of the trust.

      I.      Whenever the Trustee shall be authorized to distribute either income or corpus of any trust or subtrust held hereunder to benefit a beneficiary in any way, the Trustee shall also be authorized, in the sole discretion of the Trustee,

      (i)      to make distribution directly to any other person or entity providing support or services to or for the benefit of the beneficiary, notwithstanding the existence of any liens, judgments, garnishments or other claims existing or threatened against the beneficiary; and

      (ii) to acquire property in the trust or subtrust (including real and personal property of all kinds, whether or not it would generally be considered a prudent investment for a fiduciary) and to hold, administer, repair and maintain such property for the use and benefit of the beneficiary upon such terms and conditions as the Trustee may deem consistent with the needs of the beneficiary and the purpose of such trust.

The powers enumerated herein shall not be exercisable in any manner which would violate the requirements provided in the Internal Revenue Code and applicable regulations for the distribution of income to a surviving spouse in any trust or share for which a marital deduction is claimed and allowed.

      J.      If any trust or subtrust hereunder is designated as the recipient of any stock in a corporation which has elected to be treated as an "S Corporation" pursuant to

IRC Section 1361, or for which such an election is to be made, and if such trust or subtrust would not otherwise qualify for treatment as a "Qualified Subchapter S Trust" pursuant to IRC Section 1361(d), then the Trustee shall be authorized instead to hold such stock in a "qualified" separate trust or subtrust to be created by the Trustee, with beneficial provisions substantially similar to those of the disqualified trust or subtrust to the extent reasonably possible while preserving such Subchapter S status. Each such qualified trust or subtrust created by the Trustee shall comply with all the requirements set forth in IRC Section 1361(d) and the regulations applicable thereto to be a Qualified Subchapter S Trust, and such other applicable law as may be requisite to such qualification. In addition, the Trustee shall be authorized, in its sole discretion, to make any elections or give any consents which may be required to maintain or achieve S Corporation status for any such stock held by any trust or subtrust hereunder, and may also enter into such stock purchase agreements, voting agreements or other agreements as the Trustee may deem proper for the benefit of the beneficiaries, the S Corporation, or the shareholders of the S Corporation. I expressly declare that I understand that the creation of such qualified trusts or subtrusts will probably deviate from the express terms of the underlying disqualified trust or subtrust, and that the beneficial interests created hereunder may be materially altered by such action of the Trustee. The Trustee shall be held harmless for any decision to create or not create such qualified trusts or subtrusts so long as such decision is made in good faith in the belief that it will be in the overall best interest of my beneficiaries.

## ARTICLE TEN

### Irrevocability and Certain Prohibited Actions

A.    I have been fully advised and understand and declare that this trust is and shall be irrevocable and that after the execution of this trust, I shall have no right, title, or interest in or power, privilege, or incident of ownership in regard to any of the property or assets of the trust, and shall have no right to alter, amend, revoke, or terminate this trust or any provision hereof. This Trust is not established to discharge any of my legal obligations or duties to the said beneficiaries, and the payment for the benefit of the

beneficiaries of any income of this trust is not intended to be, nor shall any such payment be, made in lieu of or in discharge of any of my legal obligations.

B.      Notwithstanding any other provisions contained in this trust, the Trustee shall not (1) Permit me or any person to purchase, exchange or otherwise deal with or dispose of the corpus or income of this trust for less than an adequate consideration in money or money's worth, or (2) Permit me to borrow the corpus or income of this trust directly or indirectly without adequate interest or security.

C.      Notwithstanding anything herein to the contrary, I shall not have any power, exercisable alone or in conjunction with any person, either (1) to designate the persons who shall possess or enjoy the trust property or the income therefrom, or (2) to alter, amend, revoke or terminate any beneficial interest or right to enjoyment in the trust property.

[Remainder of this page left blank intentionally.]

IN WITNESS WHEREOF, I have set my hand and seal, the 5th day of March, 2008.

Signed, sealed and delivered
in the presence of:


_____                    _____ (SEAL)
Witness                                              SUZANNE M. KAUFFMANN, Donor


_____
Notary Public

Received, accepted and acknowledged the day and year last written above.


Signed, sealed and delivered
in the presence of:


_____                    _____ (SEAL)
Witness                                              HOWARD C. KAUFFMANN, Trustee


_____
Notary Public

23

**SCHEDULE A**