IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARIAN ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. |
| | ) |
| HYATT CORPORATION, | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff MARIAN ANDERSON ("Plaintiff") files this complaint against Defendant HYATT CORPORATION ("Defendant") and states the following:

## JURISDICTION, VENUE AND PARTIES

1.

This is a tort action based on the laws of the State of Georgia. Plaintiff's claims are based on Defendant's acts, omissions, and conduct in committing and/or causing Plaintiff to suffer personal injuries.

2.

Plaintiff is an adult female citizen of the United States and a legal resident of the State of Georgia.

1

3.

Defendant is a corporation for profit created under the laws of the State of Delaware. Defendant has its principal office in the state of Illinois and is registered to conduct business in the State of Georgia. Defendant may be served with process through its registered agent, United States Corporation Company located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

4.

At all relevant times, Defendant operated, managed, and conducted business as the Park Hyatt Paris-Vendôme ("Hyatt Paris hotel"), a hotel located at 5 Rue de la Paix, Paris, France 75002.

5.

At all relevant times, Defendant owned Hyatt Paris hotel and leased guest rooms to the general public.

6.

At all relevant times, Defendant employed and managed staff at the Hyatt Paris hotel.

7.

At all relevant times, Defendant was responsible for establishing, implementing, and enforcing hotel staff responsibilities, duties, practices, polices, and procedures at the Hyatt Paris hotel.

8.

Plaintiff is asserting state law claims against Defendant in this civil action. The opposing party in this legal action includes a citizen of a different state and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9.

The parties and claims in this legal action are all subject to the jurisdiction of this Court based on diversity of citizenship and pursuant to 28 U.S.C. § 1332.

## BACKGROUND FACTS

10.

Plaintiff works as a corporate communications consultant. She is also a travel writer.

11.

Plaintiff made plans to visit Paris, France from September 2-7, 2021.

12.

Plaintiff reserved a room at the Hyatt Paris hotel for September 2-4, 2021.

13.

Defendant advertised Hyatt Paris hotel on the internet and showcased its hotel rooms including its balconies.

14.

Plaintiff checked in at the Hyatt Paris hotel on September 2, 2021.

15.

Plaintiff invited her friend, Catherine Polomack ("Polomack"), to visit her at the Hyatt Paris hotel on the evening of September 3, 2021.

16.

Plaintiff and Polomack sat outside on the balcony of her hotel room for approximately one-hour with the balcony doors open.

17.

At some point, Plaintiff left the balcony and went to the bathroom inside her hotel room.

18.

When Plaintiff entered the bathroom she unexpectedly encountered a swarm of insects (both alive and dead) in the bathroom.

19.

The insects were on, and around, her personal items, the counter in the dressing room, in the sink, and the bathtub.

20.

Plaintiff did not notice any insects prior to sitting outside on the balcony.

21.

As Plaintiff was inspecting the extent of the insect infestation, she slipped and fell in the bathroom ("the Incident").

22.

Plaintiff's injuries caused her to become immobilized and rely on the assistance of Polomack.

23.

Polomack was unable to contact an employee of Hyatt Paris hotel at the reception desk via the in-room telephone.

24.

Polomack was unable to find an employee of Hyatt Paris hotel at the reception desk.

25.

Polomack was unable to find an employee of Hyatt Paris hotel in the lounge area.

26.

An employee of Hyatt Paris hotel did not arrive at Plaintiff's hotel room until approximately one-hour after the Incident.

27.

Plaintiff was transported to the emergency room of the American Hospital in Paris.

28.

The doctors at the American Hospital in Paris evaluated Plaintiff.

29.

Plaintiff underwent x rays and was prescribed medication at the American Hospital in Paris.

30.

The doctors at the American Hospital in Paris concluded Plaintiff broke her ankle as a result of the Incident and required surgery.

31.

A specialist doctor in Paris, France evaluated Plaintiff, prescribed injections to prevent blood clots, and ordered a specialized boot to stabilize Plaintiff's ankle. Plaintiff was referred for surgery and instructed to remain in her hotel room and off her feet.

32.

The doctors at the American Hospital in Paris cleared Plaintiff to return to the United States for surgery provided she utilize the assistance of a wheelchair.

33.

Some insects were still present in her hotel room when Plaintiff returned.

34.

Plaintiff remained in her hotel room with the insects until they were cleaned later that day by housekeeping.

35.

Plaintiff's vacation was negatively impacted due to the injuries she sustained in the Incident.

36.

Plaintiff's vacation was ruined due to the injuries she sustained in the Incident.

37.

Plaintiff returned to the United States on September 7, 2021.

38.

Plaintiff underwent surgery on September 17, 2021 for the injuries she sustained in the Incident.

39.

Plaintiff received permanent Titanium screws in her ankle because of the injuries she sustained in the Incident.

40.

Plaintiff wore a cast for approximately eight weeks because of the injuries she sustained in the Incident.

41.

Plaintiff was unable to walk for approximately two and one-half months because of the injuries she sustained in the Incident.

42.

Plaintiff underwent approximately seven months of physical therapy because of the injuries she sustained in the Incident.

43.

Plaintiff has a permanent physical scar from the injuries she sustained in the Incident.

44.

Plaintiff continues to experience pain in her ankle because of the injuries she sustained in the Incident.

45.

Plaintiff continues to experience swelling of her ankle because of the injuries she sustained in the Incident.

## **COUNT ONE: NEGLIGENCE**

46.

In violation of its duty, the Defendant, by and through its agents, servants, and employees, prior to and at the time of the occurrence acted or failed to act in one or more of the following ways, amounting to careless and negligent conduct:

a) failed to exercise reasonably care and caution on its premises;
b) failed to maintain its premises in a reasonably safe and proper condition for the avoidance of injury to its invitees;

c) allowed its premises to be and remain in a defective, dangerous, or hazardous condition when defendants knew of or should have known of the existence of the defective, dangerous, or hazardous condition;

d) failed to warn Plaintiff and others of a dangerous, defective, or hazardous condition of its guest rooms when the Defendant knew or should have known that a person such as Plaintiff would be present;

e) failed to make reasonable inspection of its guest rooms when the Defendant knew or should have known that said inspection was necessary to prevent injury to guests such as Plaintiff;

f) failed to perform routine maintenance of its guest rooms;

g) failed to perform routine cleaning of its guest rooms;

h) failed to warn Plaintiff of the slippery nature of the bathroom tiles and bathtub;

i) failed to provide Plaintiff with a non-slip mat on the floor for the guest room prior to her incident;

j) failed to warn Plaintiff that a proliferation of bugs may enter the hotel room and create a hazardous condition if the balcony doors are left open;

k) failed to inform Plaintiff of any precautions necessary to avoid a bug infestation;

l) created the condition that caused the bug infestation;

m) failed to cure the insect infestation in Plaintiff's room promptly and effectively; and

n) failed to promptly assist Plaintiff once notified of Plaintiff's injuries.

47.

Defendant is liable to Plaintiff for the injuries she sustained in the Incident that were caused by Defendant's negligence.

## **INJURIES AND DAMAGES**

48.

Defendant's conduct caused Plaintiff to experience physical injuries, discomfort, pain, suffering, shock, fright, humiliation, mental anguish, and emotional trauma.

49.

Defendant's conduct also created a tangible risk of death or additional bodily harm to Plaintiff.

50.

Plaintiff has incurred substantial medical and rehabilitation expenses caused by, and resulting from, the conduct of Defendant.

51.

Defendant is liable to Plaintiff in monetary damages as just compensation for these violations of Plaintiff's legal rights and the resulting damages.

52.

The acts, omissions and intentions of Defendant constitutes aggravating circumstances for which Plaintiff should recover additional punitive damages.

53.

Defendant is liable for Plaintiff's attorney fees and litigation expenses associated with her personal injury claim.

**WHEREFORE**, Plaintiff respectfully prays for a **TRIAL BY JURY** and an award of the following relief from Defendant:

a) Actual and compensatory damages;

b) Litigation expenses, costs, and reasonable attorney's fees that Plaintiff incurs related to this;

c) Additional punitive damages; and

d) Such other and further relief as the Court deems just and proper.

/s/ *James W. Howard*
James W. Howard
Georgia Bar No. 370925
jhoward@howardfirm.com


/s/ *Sharon Effatt Howard*
Sharon Effatt Howard
Georgia Bar No. 371275
showard@howardfirm.com


/s/ *Leif A. Howard*
Leif A. Howard
Georgia Bar No. 132778
Lhoward@howardfirm.com

ATTORNEYS FOR PLAINTIFF

THE HOWARD LAW FIRM, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia 30084
(770 270-5080
(770) 270-5033 (Facsimile)