## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TADESHIA PETERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | _____ |
| | ) | |
| **TYSON FARMS INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff Tadeshia Peterson ("Ms. Peterson" or "Plaintiff") hereby files this Complaint against Defendant Tyson Farms Inc. ("Defendant" or the "Company") for damages and other relief for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

### 1.

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

### 2.

Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because a Defendant resides in this this District.

## ADMINISTRATIVE PREREQUISITES

### 3.

Plaintiff has exhausted all administrative requirements necessary to bring her Title VII claims.  Plaintiff filed an EEOC charge based on her claims under Title VII within 180 days of the Title VII-violative conduct at issue.  The EEOC issued its Notice of Right to Sue on June 19, 2023.

### 4.

This action is timely filed with respect to Plaintiff Title VII claims as less than 90 days have passed since Plaintiff's receipt of the Notice of Right to Sue for the same.

## THE PARTIES

### 5.

Defendant is a subsidiary of Tyson Foods, Inc. that produces raw poultry products and is organized as a foreign for-profit corporation doing business in Georgia. Its registered office address in Georgia is 289 South Culver Street, Lawrenceville, GA, 30046, USA.

### 6.

Plaintiff is a former employee of Defendant, having worked for it for as a general laborer at its Vienna, GA plant from June 2019 until her discharge in January 2021.

## STATEMENT OF FACTS

### 7.

Throughout Ms. Peterson's roughly year and a half long span of employment by Defendant, she was persistently mocked and harassed on the basis of her sex and sexual orientation (lesbian).

### 8.

Essentially from the beginning of her employment, her co-workers and supervisors alike would refer to her as "sir," or "wannabe man."

### 9.

Among these individuals was her direct supervisor, who referred to her as "fag," "dyke," and "bitch." He told her that "your lesbian ass needs get back on the floor."

### 10.

This individual would also ask her why she was using the women's restroom when the men's was right next to it.

### 11.

When management discovered that Ms. Peterson had begun dating another woman at the plant, they would stare at them menacingly and told them that they needed to separate.

**12.**

Throughout that time, beginning in or about February 2020, Ms. Peterson lodged complaints, first with her supervisor, and then with the Company's human resources department, but to no avail.

**13.**

When she complained to human resources, they did nothing to remedy the harassment, and instead told her to be humble and to tune everyone else out and focus on herself.

**14.**

Her harassment continued unabated after this.

**15.**

When another of her supervisors learned that she had been reporting her harassment to HR, he threatened her, saying, "I don't know why you're going to HR.  I'm the one who runs the floor."

**16.**

Defendant terminated Ms. Peterson's employment in January 2021, just days after she last complained to HR about her treatment on the basis of her sex and sexual orientation.

**17.**

On the day she was fired, she was in the employee locker room changing her socks when one of her managers walked in.  Two other women from the same department, both white, and neither gay, were also there.  Nonetheless, the supervisor singled Ms. Peterson out, stating that she was in an "unauthorized area," and sent her home on a three-day suspension.  He said nothing to the other two women, who were not fired.

**18.**

Three days later, Ms. Peterson called the Company and was informed that she had been terminated.

## COUNT I
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

*Disparate Treatment*

**19.**

Plaintiff incorporates all previous paragraphs by reference as if fully stated herein.

**20.**

As a lesbian woman, Plaintiff is protected from discrimination in the terms and conditions of her employment under Title VII.

**21.**

Defendant discriminated against Plaintiff by terminating her for her sexual orientation, while purporting that it did so because she was in an "unauthorized area" but not terminating other similarly situated non-lesbian employees for the same behavior.

**22.**

Plaintiff is entitled to all damages permitted by law, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

## COUNT II
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

*Hostile Work Environment/ Harassment*

**23.**

Plaintiff incorporates all previous paragraphs by reference as if fully stated herein.

**24.**

Plaintiff was subjected to unwelcome sexual harassment by multiple of her coworkers and supervisors.

**25.**

The harassment that Plaintiff suffered at the hands of these individuals was so severe and pervasive as to create a hostile working environment.

**26.**

Plaintiff has suffered severe emotional distress as a result of Defendant's actions.

**27.**

Plaintiff is entitled to all damages permitted by law, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

## COUNT III
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

*Retaliation*

**28.**

Plaintiff incorporates all previous paragraphs by reference as if fully stated herein.

**29.**

By complaining of her treatment and harassment on the basis of her sexual orientation, Plaintiff engaged in protected activity.

**30.**

Defendant retaliated against Plaintiff for this conduct by creating a hostile working environment.

**31.**

Defendant ultimately terminated Plaintiff for her protected conduct.

**32.**

Plaintiff is entitled to all damages permitted by law, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

## COUNT IV
## VIOLATIONS OF 42 U.SC. § 1981

*Discrimination*

**33.**

Plaintiff incorporates all previous paragraphs by reference as if fully stated herein.

**34.**

Ms. Peterson is also a member of a protected class under Section 1981 because she is African American.

**35.**

As an African American, Plaintiff is protected from discrimination in the terms and conditions of her employment under Section 1981.

**36.**

Defendant discriminated against Plaintiff by terminating her on the basis of her race, while purporting that it did so for being in an "unauthorized area" but not terminating other similarly situated white employees for the same thing.

**37.**

Plaintiff is entitled to all damages permitted by law, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

**WHEREFORE** Plaintiff respectfully requests judgment in her favor on each count in this Complaint and demands:

1. A Jury Trial;

2. Judgment in Plaintiff's favor and against Defendant under all claims in this Complaint;

3. An order Defendant to make whole Plaintiff by providing her with out-of-pocket losses as well as back pay in an amount equal to the sum of wages, salary, employment benefits and other compensation denied or lost as a

result of Defendant's unlawful acts, together with interest thereon, all in an amount to be proven at trial;

4. Statutory damages and penalties under the Title VII;

5. Statutory damages and penalties under 42 U.S.C. § 1981;

6. An Order granting Plaintiff her reasonable attorney's fees and all other fees and costs associated with this action;

7. Declarative and injunctive relief appropriate to remedy the Title VII violations;

8. Declarative and injunctive relief appropriate to remedy the 42 U.S.C. § 1981 violations;

9. Interest; and

10. Such other and further relief as is just and proper.

[*Signature on following page*]

This 29th day of August 2023.

/s/ S. Graham White
James M. McCabe
Georgia Bar No. 724618
jim@mccabe-lawfirm.com
S. Graham White
Georgia Bar No. 535538
graham@mccabe-lawfirm.com

The McCabe Law Firm, LLC
3355 Lenox Road
Suite 750
Atlanta, GA  30326
Office: (404) 250-3233
Fax: (404) 400-1724

Attorneys for Plaintiff Tadeshia
Peterson