LF 027
(Rev. 11/04/2019)

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

ISAAC BEASLEY
GDC-956581
Ware State Prison , Petitioner,
Name, include name under which you were
convicted; prison number; and place of confinement.

-vs-

ROY ODUM , Respondent.
Name of Warden, Superintendent, Jailor, or
authorized person having custody of petitioner.

# Petition

1.  **Name and county of court which entered the judgment of conviction under attack** DeKalb County Superior Court
2.  **Date of judgment of conviction** _____
3.  **Length of sentence** November 27, 2012 **Sentencing Judge** Gail Flake
4.  **Name of offense(s) for which you were convicted (list all counts):** Rape, aggravated sodomy, kidnapping with bodily injury, and aggravated assault

    _____

5.  **What was your plea? (Check one)**
    (a)  **Guilty**          ☐
    (b)  **Not Guilty**      ☒
    (c)  **Nolo contendere**  ☐
    **If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:** _____

    _____

6.  **Kind of trial? (If you did not plead guilty, Check one)**
    (a)  **Jury**          ☒
    (b)  **Judge Only**    ☐

7.  **Did you testify at the trial?**            Yes ☐    No ☒

8.  **Did you file a motion for a new trial?**   Yes ☒    No ☐

LF 027
(Rev. 11/04/2019)

    (a)    **If so, did the trial court hold a hearing on your motion?**

                                                      Yes ☒  No ☐

    (b)    **What was the result?** Denied

    (c)    **Date of result?** January 14, 2014

**9.**    **Did you appeal from the judgment of conviction?**    Yes ☒  No ☐

**10.**    **If you did appeal, answer the following:**

    (a)    **Name of appellate court to which you appealed** Georgia Court of Appeals

    (b)    **Result of appeal** Affirmed

    (c)    **Date of result** March 16, 2015

    (d)    **If your appeal was to the Georgia Court of Appeals, did you file a petition for a writ of certiorari with the Supreme Court of Georgia?**

                                                      Yes ☐  No ☒

        **(i) If so, what was the result**

        **(ii) Date of result**

    (e)    **Did you petition for a writ of certiorari with the United States Supreme Court?** No

        **Result and date of result**

**11.**    **Other than a direct appeal from the judgment of conviction and sentence or a motion for a new trial, have you previously filed any petitions, applications, or motions with respect to this conviction in any state or federal court:**

                                            Yes ☒  No ☐

**12.**    **If your answer to 11 was "yes," give the following information. (If more than three petitions, please provide the following information on a separate sheet of paper).**

    (a)    (1)    **Name of court and case number** Ware County Superior Court, 15-V-0597

            (2)    **Date that you filed petition or motion** September 14, 2015

            (3)    **Nature of proceeding** Habeas Corpus

            (4)    **All grounds raised (attach extra sheet if necessary)** Appellate counsel was ineffective for not raising that trial counsel was ineffective during the plea bargaining process for not knowing that kidnapping with bodily injury mandated a life sentence, and therefore, trial counsel could not advise Petitioner of the mandatory life sentence.

            (5)    **Did you receive an evidentiary hearing on your petition, application or motion?**

                                          Yes ☒  No ☐

            (6)    **Name of judge** Clarence D. Blount

            (7)    **Result** Granted

2

LF 027
(Rev. 11/04/2019)

(8)   Date of Result  September 26, 2017

(9)   Did you appeal this result?

                                     Yes  ☐    No  ☒

        but the Respondent appealed.

(10)  If you did appeal,

      Which court heard your appeal?  Georgia Supreme Court

      What was the result of the appeal?  Vacated and remanded

      Date of result  October 9, 2018

(11)  If you did not appeal from the denial of relief, explain briefly
      why you did not.
      The Habeas Corpus was granted.


(b)     As to any second petition, application, or motion, give the same
       information:

     (1)    Name of court and case number  Ware County Superior Court,
            15-V-0597

     (2)    Date that you filed petition or motion  September 14, 2015

     (3)    Nature of proceeding  Habeas Corpus on remand

     (4)    All grounds raised (attach extra sheet if necessary)
           Ineffective assistance of appellate counsel for not raising trial
           counsel was ineffective during the plea bargaining process.

     (5)    Did you receive an evidentiary hearing on your petition,
         application or motion?

                                  Yes  ☐    No  ☒

     (6)    Name of judge  David L. Cavender

     (7)    Result  Denied

     (8)    Date of Result  June 21, 2021

     (9)    Did you appeal this result?

                                  Yes  ☒    No  ☐

     (10)  If you did appeal,
        Which court heard your appeal?  Georgia Supreme Court
        What was the result of the appeal?  Denied
        Date of result  February 7, 2023

**(11)    If you did not appeal from the denial of relief, explain briefly why you did not.**

_____

_____

_____

**(c)    As to any third petition, application, or motion, give the same information:**

    **(1)    Name of court and case number** _____

_____

    **(2)    Date that you filed petition or motion** _____

    **(3)    Nature of proceeding** _____

    **(4)    All grounds raised (attach extra sheet if necessary)** _____

_____

    **(5)    Did you receive an evidentiary hearing on your petition, application or motion?**

        **Yes** ☐   **No** ☐

    **(6)    Name of judge** _____

    **(7)    Result** _____

    **(8)    Date of Result** _____

    **(9)    Did you appeal this result?**

        **Yes** ☐   **No** ☐

    **(10)   If you did appeal,**
**Which court heard your appeal?** _____
**What was the result of the appeal?** _____
**Date of result** _____

    **(11)   If you did not appeal from the denial of relief, explain briefly why you did not.**

_____

_____

_____

_____

**13.    Is any petition, application, motion, or appeal relating to your conviction or sentence currently pending before any court or other tribunal? (In other words, have you filed a motion, petition, or appeal where the court has <u>not</u> issued a final ruling?)**

        **Yes** ☐   **No** ☒

**If you answered yes, provide:**
**The name of the court** _____
**The case number** _____
**Nature of the petition, application, or motion** _____

LF 027
(Rev. 11/04/2019)

14.     State <u>concisely</u> every ground on which you now claim that you are being held
        unlawfully.  Summarize <u>briefly</u> the <u>facts</u> supporting each ground.  If necessary,
        you may attach pages stating additional grounds and facts supporting same.

        CAUTION:     To proceed in the federal court, you must ordinarily first exhaust
                     your state court remedies as to each ground on which you request
                     action by the federal court.  As to all grounds on which you have
                     previously exhausted state court remedies, you should set them
                     forth in this petition if you wish to seek federal relief. If you fail
                     to set forth all such grounds in this petition, you may be barred
                     from presenting them at a later date.

        For your information, the following is a list of the most frequently raised
        grounds for relief in Habeas Corpus proceedings.  Each statement preceded by
        a letter constitutes a separate ground for possible relief. You may raise any
        grounds which you may have other than those listed if you have exhausted all
        your state court remedies with respect to them. However, <u>you should raise in
        this petition all available grounds</u>, relating to this conviction, on which you base
        your allegations that you are being held in custody unlawfully.

        If you select one or more of these grounds for relief, you must allege facts in
        support of the ground or grounds which you choose. Do not check any of the
        grounds listed below.  The petitions will be returned to you if you merely check
        (a) through (j) or any one of these grounds.

        (a)     Conviction obtained by plea of guilty which was unlawfully induced or
                not made voluntarily with understanding of the nature of the charge and
                the consequences of the plea.
        (b)     Conviction obtained by use of coerced confession.
        (c)     Conviction obtained by use of evidence gained pursuant to an
                unconstitutional search and seizure, where the state has not provided a
                full and fair hearing on the merits of the Fourth Amendment claim.
        (d)     Conviction obtained by use of evidence obtained pursuant to an unlawful
                arrest, where the state has not provided a full and fair hearing on the
                merits of the Fourth Amendment claim.
        (e)     Conviction obtained by a violation of the privilege against self-
                incrimination.
        (f)     Conviction obtained by the unconstitutional failure of the prosecution
                to disclose to the defendant evidence favorable to the defendant.
        (g)     Conviction obtained by a violation of the protection against double
                jeopardy.
        (h)     Conviction obtained by the action of a grand or petit jury which was
                unconstitutionally selected and impaneled.
        (i)     Denial of effective assistance of counsel.
        (j)     Denial of right of appeal.

LF 027
(Rev. 11/04/2019)

**A.      Ground One:**  <u>Ineffective assistance of appellate cousnel.</u>

_____

_____

_____

**Supporting FACTS (Tell your story <u>briefly</u> without citing cases or law):**
 <u>Prior to trial, the State offered a plea bargain to of 10 years to serve for</u>
 <u>the rape and dismiss the remaining charges. Petitioer rejected this plea</u>
 <u>offer because trial counsel was unaware that kidnapping with bodily injury</u>
 <u>mandated a life sentence. At sentencing, the trial court and trial counsel both</u>
 <u>showed their lack of knowledge when the trial court tried to sentence Petitioner</u>
 <u>to 10 years, and the State informed the court that a life sentence was mandatory. Had</u>

**B.      Ground Two:**  <u>Petitioner been aware of this mandatory sentence, he would have</u>
 <u>accepted the plea bargain.</u>

_____

_____

_____

**Supporting FACTS (Tell your story <u>briefly</u> without citing cases or law):**

_____

_____

_____

_____

_____

**C.      Ground Three:** _____

_____

_____

_____

**Supporting FACTS (Tell your story <u>briefly</u> without citing cases or law):**

_____

_____

_____

_____

_____

**D.      Ground Four:** _____

_____

_____

_____

**Supporting FACTS (Tell your story <u>briefly</u> without citing cases or law):**

_____

_____

_____

_____

LF 027
(Rev. 11/04/2019)

15.   If any of the grounds listed in questions 12 A, B, C, and D, were not previously presented in any other court, state or federal, state __briefly__ what grounds were not so presented, and give your reasons for not presenting them:
N/A

16.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)   At preliminary hearing

(b)   At arraignment and plea Robert Glickman, 3151 Maple Dr NE, Atlanta, GA 30305

(c)   At trial  Robert Glickman

(d)   At sentencing  Robert Glickman

(e)   On appeal   Gerard Kleinrock, 320 Church St, Decatur, GA 30030

(f)   In any post-conviction proceeding  pro se and Rodney Zell, 1111 Bull St, Savannah, GA 31401

(g)   On appeal from any adverse ruling in a post-conviction proceeding
Rodney Zell

17.   Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at the same time?
Yes ☒   No ☐

18.   Do you have any future sentence to serve after you complete the sentence imposed by the conviction under attack?
Yes ☐   No ☒

(a)   If so, give name and location of court which imposed sentence to be served in the future   N/A

(b)   Give date and length or sentence to be served in the future

(c)   Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐

19.   Timeliness of Petition: If over one year has passed since the conclusion of your appeal, not counting any time during which an application for habeas corpus was pending in any state court, you must explain why the one-year statute of limitation set forth in 28 U.S.C. § 2244(d)* does not bar your petition:

LF 027
(Rev. 11/04/2019)

**The conviction was final on April 7, 2015, which is when the time to file certiorari in the Georgia Supreme Court expired. The state habeas petition was filed on September 14, 2015, so the time ran from April 7, 2015 to September 13, 2015 for a total of 160 days leaving Petitioner 205 days to file in federal court after his state habeas was final. Petitioner's state habeas appeal was denied on February 7, 2023 and the remittitur was issued on March 6, 2023. The time began to run on March 7, 2023 and 185 days from March 7, 2023 is September 27, 2023.**

**\*Title 28 U.S.C. § 2244(d) provides:**

**(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–**

**(A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;**

**(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;**

**(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

**(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

**(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.**

**Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.**

LF 027
(Rev. 11/04/2019)

**I declare under penalty of perjury that the foregoing is true and correct.**

**Signed on** ___August 29, 2023___
                        **(Date)**

_Rodney Bell_
_____
**Signature**

**If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.**
  The signatory is Petitioner's attorney, and as this Petition was prepared by counsel and
not Petitioner, counsel would be the appropriate signatory. Further, the contents of the
Petition cannot be considered evidence, so Petitioner's signature is not required.


**Please note that under O.C.G.A. § 9-14-45 service of a petition of Habeas Corpus shall be made upon the person having custody of the petitioner. If you are being detained under the custody of the Department of Corrections, an additional copy of the petition must be served on the Attorney General. If you are being detained under the custody of some authority other than the Department of Corrections, an additional copy of the petition must be served upon the District Attorney of the county in which the petition is filed.  Service upon the Attorney General or  the  District Attorney may be had by mailing a copy of the petition and a proper certificate of service.**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have served, by U.S. mail, a copy of the foregoing

PETITION FOR WRIT OF HABEAS CORPUS to the Respondent's attorney, the

Honorable Michael Oldham, 40 Capitol Square, Atlanta, GA 30304,

MOldham@LAW.GA.GOV.

This 29th day of August, 2023.

<u>/s/Rodney Zell</u>
Rodney Zell
State Bar No. 784650
Attorney for Petitioner

Zell & Zell, P.C.
1111 Bull Street
Savannah, Georgia 31401
Tel. (404) 523-4611 / Fax. (866) 461-1942
rodneyzell@zellandzell.com