## IN THE SUPERIOR COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | |
| | ) | |
| vs. | ) | 12CR1548-4 |
| | ) | |
| ISAAC BEASLEY, | ) | Judge Flake |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

The Defendant's Motion for New Trial in the above-styled case having come before this Court for consideration on the 10th day of December, 2013, and the Court having heard argument presented by both parties, and having considered the same as well as the entire record, including briefs submitted by the parties and evidence presented at the hearing, the Court finds as follows:

## FACTS

This case stems from the September 9, 1999 abduction and sexual assault of J.E. in DeKalb County. On the night of the sexual assault, the victim, J.E., was walking home from her godmother's house on Rockyford Road when a red car drove past her. Moments later Beasley, armed with a gun, forced J.E. into the front passenger's seat of the red car and drove away. [T. 108-110]. When the car reached the intersection of Rockyford and Hosea Williams Drive, Beasley ordered J.E. to

"put her head down" so she complied. [T. 111-112]. Several men who were standing at the corner called out to the driver, "Chris[1], where are you going?" [T. 112]. Beasley responded he had "something to do." Id.

Beasley drove the victim to a secluded area where he struck her in the face with the gun and ordered her to disrobe. [T. 113]. After the victim complied Beasley struck the victim again with the handgun until she fell. [T. 113-114]. Then Beasley rubbed the victim's blood onto his penis and forced the victim to suck it off. [T.114]. Initially the victim complied but when she resisted, Beasley struck her again with the handgun. [T. 114]. Beasley warned the victim, "if you stop I'll shoot. You scream, I'll shoot." [T. 114]. Beasley forced his penis into the victim's vagina and, after he ejaculated, went through the victim's purse. [T. 114-115]. The victim found some of her clothing and then ran away into the wood line. [T. 115-116]. The victim ran through "a lot" of bushes until she found a street with houses. [T. 117]. She knocked on doors pleading for help. [T. 117-118].

Vickey Dawson and her son let the victim in their home. [T. 117-118, 73-75, 87-89]. J.E. was bleeding and her clothing was torn. [T. 75, 83, 88-89]. After calling the victim's mother and giving her their address, Ms. Dawson called 911. [T. 76-81]. Police and emergency medical personnel responded. [T. 94-99, 159-162, 174-176].

---

[1] The record shows that Beasley's middle name is Christopher.

These witnesses testified the victim was crying, bleeding and "spitting blood" from injuries to her mouth. Id. Though J.E. could not identify her attacker, a man she had never seen before, the victim described him as a tall slender black male. [T. 145, 183, 110, 114]. The victim was taken to Grady Memorial Hospital where she was treated for her injuries and a sexual assault examination was completed. [T. 192-198, 205-208]. Because law enforcement had no leads to identify Beasley in 1999, the case was "closed" on October 31, 1999. [T. 209]. However, the results of J.E.'s sexual assault kit, which showed the presence of spermatozoa and the victim's vaginal cellular material, were entered into the CODIS system in 2001. [T. 219-221, 227-231].

In January 2011, Beasley was identified when his known DNA was again entered into the CODIS system following his arrest in an unrelated matter. [T. 231-237, 249]. Beasley's mother testified that in 1999 Beasley drove a blue or black Camaro. [T. 279-280]. His mother also admitted that, around the time of the sexual assault, Beasley had access to her red car. [T. 281-282]

Following a jury trial, Beasley was convicted of the crimes of Rape, Aggravated Sodomy, Kidnapping with Bodily Injury and Aggravated Assault. [T. 341]. This Court sentenced Beasley to life for Kidnapping with Bodily Injury (Count III); to twenty years' incarceration for Rape (Count I) to be served concurrently with Count III; to ten years' incarceration for Aggravated Sodomy

3

(Count II) to be served consecutively to Count I but concurrently with Count III; and to ten years' incarceration for Aggravated Assault (Count IV) to be served concurrently with Count II. Beasley timely filed a motion for new trial which, as amended, raises seventeen instances[2] of purported error.

## I.   SUFFICIENCY OF THE EVIDENCE

### (Issue #1, #2 and #10)

The evidence as summarized above was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Beasley was guilty of the crimes[3] for which he was convicted. <u>Jackson v. Virginia</u>, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

OCGA § 5-5-20 authorizes the trial court to grant a new trial "[i]n any case when the verdict of the jury is found contrary to evidence and the principles of justice and equity[,]" and OCGA § 5-5-21 empowers the trial court to grant a new trial "where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the

---

[2] At his motion for new trial hearing, Beasley withdrew the issues raised in paragraphs 4 and 5 of his amended motion for new trial.

[3] The indictment accused Beasley of Rape (Count I) for having carnal knowledge of the victim forcibly and against her will; Aggravated Sodomy (Count II) for submitting to oral sodomy by the victim forcibly and against her will; Kidnapping with Bodily Injury (Count III) for abducting the victim and holding her against her will resulting in bodily injury; and Aggravated Assault (Count IV) for assaulting the victim with a handgun, a deadly weapon.

finding." These statutes "afford the trial court broad discretion to sit as a 'thirteenth juror' and weigh the evidence on a motion for new trial alleging these general grounds. [Cits.]" Hartley v. State, 299 Ga. App. 534 (3) (683 SE2d 109) (2009). "[O]ur sovereign, the law, has in effect said to the trial judge: 'We charge you to let no verdict stand unless your conscience approves it, although there may be some slight evidence to support it.'" Mills v. State, 188 Ga. 616, 624 (4 SE2d 453) (1939).When faced with a motion for new trial based on these general grounds, the trial court has the duty to exercise its discretion and weigh the evidence. Mills v. State, 188 Ga. at 624; Hargrave v. State, 311 Ga. App. 852 (2) (717 SE2d 485) (2011); Hartley v. State, supra, 299 Ga. App. at 540; Rutland v. State, 296 Ga. App. 471 (3) (675 SE2d 506) (2009).

Here, after considering the entire record and after weighing the evidence independently as a "thirteenth juror," the Court finds that the weight of the evidence preponderated heavily in favor of the verdict and, further, that the verdict was not contrary to the evidence or the principles of justice and equity. Therefore, in the exercise of its sound discretion, this Court denies Beasley's motion for new trial on the general grounds set out in OCGA §§ 5-5-20 and 5-5-21; Alvelo v. State, 288 Ga. 437 (1) (704 SE2d 787) (2011).

**Venue was Properly Proven (Issue #10).**

Beasley also argues the State failed to present sufficient evidence of venue.

At his motion for new trial, Beasley proved the entire area in question, including the area where the victim was sexually assaulted, was in DeKalb County, but contends the jury may not have necessarily been so aware. To the contrary, the jury heard testimony that the victim was abducted from Rockyford Road walking toward Hosea L. Williams Drive in DeKalb County. [T.110, 147, 173-174]. Further, the evidence showed that, following the assault, the victim ran into the woods from an unknown location and was able to gain access to the Dawson residence in DeKalb County; and the jury saw an overhead view of the area between the street from which the victim was abducted (including street names) and the Dawson residence where the victim reported the assault following the 911 call. [State's Exhibit #13]. Although the City of Atlanta does extend into Fulton County, there was no evidence presented that any incident related to the crime took place outside of Dekalb County. Indeed, at his motion for new trial hearing, Beasley introduced evidence which established the victim was sexually assaulted and beaten in DeKalb County. The evidence here was sufficient for the jury to conclude beyond a reasonable doubt that venue for the abduction and sexual assault was in DeKalb County. Armstrong v. State, 286 Ga. 420, 421 (2) (688 SE2d 629) (2010) ("Proof of venue is sufficient where the State has submitted a map of the crime scene area into evidence and presented testimony that the crime occurred on a street located in the county in which the defendant is being

prosecuted. [Cit.]"). See also <u>Lanham v. State</u>, 291 Ga. 625 (2) (732 SE2d 72)

(2012); <u>O'Donnell v. Smith</u>, S13A0783 (decided November 18, 2013), Nahmias, J.

concurring ("In the absence of evidence to the contrary (and there was none in this

case), jurors can very reasonably infer that a location within 100 yards of a location

in a particular county is in the same county, since that fact is true of the

overwhelming majority of locations in this State"). Because the State presented

sufficient evidence of venue, Beasley's motion for new trial on this ground is

denied.

## II.    EVIDENCE OF THE VICTIM'S PAST SEXUAL BEHAVIOR.
### (Issue # 7)

At trial and again at Beasley's motion for new trial hearing, the State sought

to bar the admission of evidence relating to the victim's past sexual behavior

unless the evidence directly involved Beasley's participation and supported an

inference that Beasley could have reasonably believed that the victim consented to

the conduct at issue. See, former OCGA § 24-2-3 (Rape Shield statute). This Court

granted the State's motion before trial and excluded any evidence showing the

victim had condoms in her purse or that there was any purported nexus between

her drug use and sex unless <u>direct testimony</u> made this evidence relevant. [T.

(Motions, 5/7/12) 35-36]. With the exception of evidence or testimony concerning

whether the victim's attacker wore a condom, this Court granted the State's

renewed motion to exclude this evidence at Beasley's motion for new trial hearing. Beasley asserts it was error for this Court to exclude evidence of a purported "drugs-sex nexus in [the victim's] life at the time of the incident." The Court finds none of this evidence or testimony was relevant.

Beasley did not testify or make any proffer showing any past sexual contact between him and the victim. The victim denied knowing or ever having met Beasley. Because there is no evidence directly linking Beasley to the victim, this Court finds that testimony or evidence, if any, of the victim's alleged acts of prostitution or any of her prior sexual behavior was properly excluded at trial. Griffin v. State, 224 Ga. App. 225, 227-228 (2) (480 S.E.2d 608) (1997). Indeed, because the evidence admitted at trial showed the victim's extensive injuries and her flight through the woods to escape Beasley, and because Beasley fails to show any participation in any act of prostitution or consensual sex with the victim, the law forbids the introduction of any evidence of her past sexual behavior. Davis v. State, 235 Ga. App. 362 (1)(509 SE 2d 362) (1998); Johnson v. State, 322 Ga. App. 612 (2)(744 SE 2d 903)(2013); former OCGA § 24-2-3; compare Ivey v. State, 264 Ga. App. 377 (2)(590 SE 2d 781)(2003).

This Court finds that Beasley has failed to present any evidence showing any relationship with the victim, whether sexual or otherwise, prior to the attack. Because the uncontroverted evidence admitted at trial showed the victim's

8

extensive injuries and her flight through the woods to escape Beasley, the Court

further finds that there is no evidence supporting any inference that Beasley could

have reasonably believed that the victim consented to the conduct at issue.

Consequently, evidence or testimony showing the victim had condoms in her purse

or that there was purportedly a "nexus" involving the victim's drug use[4] or sexual

behavior was irrelevant and, therefore, was properly excluded. For this reason,

Beasley's motion for new trial on this ground in denied.

### III.   THE COURT PROPERLY EXCLUDED EVIDENCE OF STATEMENTS MADE BY A DEFENSE INVESTIGATOR.

(Issue # 11)

At trial Beasley confronted the victim with an outstanding bench warrant for

an administratively dead-docketed Fulton County criminal case. [T. 148, 371-371-

A]. In response the State presented evidence showing three investigators, all

retained by Beasley, met with the victim at her Chicago home before trial and,

---

[4] Notwithstanding this Court's ruling, Beasley nevertheless introduced evidence that the victim "had a drug problem" in 1999. [T. 152, ln 12-16]. This evidence prompted the State to fully explore the issue of the victim's drug use and any nexus between her drug use and her sexual behavior on the night of the sexual assault. [T. 153-154]. Beasley's trial counsel later attempted to circumvent this Court's direct order when he asked a defense witness if the victim "volunteered anything about prostitutes" during an interview. [T. 267-268]. The State's objection to this line of questioning was sustained. Id. Beasley also questioned the State's law enforcement witnesses about the frequency of prostitution in the area from which the victim was abducted and whether prostitutes were drug users. [T. 162-166, 184-185].

after confronting her with the outstanding warrant, one of the investigators asked the victim not to testify against Beasley. [T. 154]. When Beasley's counsel asked the victim "what were their exact words?" the witness testified, "Are you sure you want to press charges on this man who has six children and has reorganized his life?" [T. 155]. In rebuttal, Beasley presented the testimony of one of the three investigators. [T. 263]. The witness denied telling the victim not to testify and denied threatening the victim "not to come to court." [T. 265]. The witness later testified, "**No one there told [the victim] not to come to court.**" [T. 270]. The witness insisted, on two occasions, "I never told her not to come to court." [T. 270, ln. 6-10]. When Beasley attempted to ask the witness "did [any investigator] in the room tell [the victim] not to come to court?" this Court sustained the State's hearsay objection. [T. 271-272]. Beasley asserts it was error to exclude the witness's response to this question.

Because this question had already been asked and answered, this Court, in the exercise of its discretion, properly limited, sua sponte, the additional cumulative testimony. Scales v. State, 310 Ga. App. 48, 54 (5) (712 SE2d 555) (2011).

Moreover, pretermitting whether the State's hearsay objection should have been overruled, the Court finds any error in excluding the witness's response was harmless because any response would have been cumulative of testimony

previously presented to the jury. Hammond v. State, 237 Ga. App. 238, 240

(3)(515 SE2d 183)(1999); Stewart v. State, 210 Ga. App. 474, 478 (10) (436 SE2d

679) (1993); James v. State, 270 Ga. 675, 678 (6) (513 SE2d 207) (1999).

Consequently, Beasley's motion for new trial on this ground is denied.

## V. JURY INSTRUCTIONS WERE PROPER

(Issue #13, #14 and #16).

After this Court charged the jury, neither attorney objected. [T. 339]. Despite

the lack of objection below, Beasley contends in his amended motion for new trial

that the Court erred in giving two charges and by failing to give an instruction on

"pending prosecutions." Pursuant to State v. Kelly, 290 Ga. 29 (718 SE2d 232)

(2011) and the mandate of OCGA § 17-8-58 (b), the Court reviews the charge to

determine whether it constituted plain error. Because no plain error is shown,

Beasley's argument fails.

### Instruction on Venue under OCGA § 17-2-2 (h)

The evidence presented at trial showed the victim was abducted from a street

in DeKalb County and driven to an unknown location where she was sexually

assaulted by Beasley. [T. 174]. The Court finds the victim ran through woods and

brush to reach safety at the Dawson residence, and although she was never able to

identify the location where Beasley raped her, the evidence showed that the

Dawson residence was also in DeKalb County. [T. 174].

Regarding venue, this Court instructed the jury as follows, "The law provides that criminal actions shall be tried in the county in which the crime was committed. [OCGA § 17-2-2 (a)]. In a prosecution in any case in which it cannot be determined in which county the crime was committed, venue is proper and may be proved in any county in which the evidence shows beyond a reasonable doubt that it might have been committed. [OCGA § 17-2-2 (h)]. Venue, that is the crime was committed in DeKalb County, is a jurisdictional fact that must be proved by the State just as any element of the offense. Venue must be proved by direct or circumstantial evidence or both." [T. 328].

Beasley argues that, because the evidence presented at his motion for new trial shows the wooded area where he assaulted the victim was indisputably in DeKalb county, this Court erred when it additionally instructed the jury that "[i]n a prosecution in any case in which it cannot be determined in which county the crime was committed, venue is proper and may be proved in any county in which the evidence shows beyond a reasonable doubt that it might have been committed" under OCGA §17-2-2 (h).

The court finds the principle contained in the charge is a correct statement of the relevant law; therefore, Beasley fails to satisfy the first two prongs of the plain error test — that a clear or obvious legal error occurred, and, because the testimony presented by Beasley shows DeKalb County is the proper venue for the

12

prosecution of the charges contained in the State's indictment, Beasley fails to

show his substantial rights were affected. Further, Beasley's proffer established the

case was properly tried in DeKalb County; therefore he has not demonstrated the

outcome of the proceedings would have differed had this instruction not been

given. Therefore, Beasley fails to satisfy his burden under the third prong of Kelly.

This Court finds no error, much less any plain error pursuant to OCGA § 17-8-58

(b) in its instruction on venue.

### Instruction on Sufficiency of the Evidence

This Court instructed the jury, "The testimony of the victim is sufficient, if

believed, to sustain a rape conviction." [T. 332]. Beasley contends this was error.

The Court finds the principle contained in the charge is a correct statement of the

relevant law. "It is well established that a victim's testimony, without more, is

sufficient to sustain a conviction for rape." Strozier v. State, 314 Ga. App. 432,

437-438 (2) (724 SE2d 446) (2012). Thus, Beasley fails to satisfy the first two

prongs of the plain error test — that the Court erred and error, if any, was clear or

obvious legal error. Pye v. State, 322 Ga. App. 125 (2) (742 SE2d 770)(2013).

Consequently, Beasley's motion for new trial on this ground is denied.

### Failure to Instruct on Pending Prosecutions

Beasley also complains of this Court's failure to instruct the jury on

"pending prosecutions" citing to pattern jury instruction 1.31.80.

That instruction provides as follows, "In accessing the credibility of a witness, you may consider any possible motive in testifying, if shown. In that regard you are authorized to consider any possible pending prosecutions, negotiated pleas, grants of immunity or leniency, or similar matters. You alone shall decide the believability of the witnesses."

Though Beasley requested in writing that this instruction (as set out above) be given, the charge conference in this case was not recorded with Beasley's consent. [T. 283]. The Court's notes reflect that Beasley withdrew his request for this instruction and, for this reason, it was not given. Thus, Beasley intentionally waived this issue by withdrawing the previously requested charge.

Further, even assuming Beasley had not withdrawn his request, the Court finds no error is shown. In order for a refusal to charge to be error, the request must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge. Hall v. State, 241 Ga. App. 454, 460 (1) (525 SE2d 759) (1999). In this case, there was no evidence the victim was offered immunity or leniency in exchange for her testimony. To the extent Beasley asserts that this instruction was warranted in connection with the victim's testimony and the purported pendency of the Fulton County charges, which were shown to be administratively dead-docketed, the Court finds there was simply no evidence that the victim was offered any favorable treatment by the State. The

Court finds there is no evidence the 2003 prosecution in Fulton County was affected in any way by the victim's status as a witness against Beasley in DeKalb County in 2012. This Court finds no error because the evidence presented at trial did not support the <u>entire</u> charge requested. See, <u>Guillen v. State</u>, 275 Ga. App. 316, 318 (1) (620 SE2d 518) (2005); <u>Monsalve v. State</u>, 271 Ga. 523, 525-526 (3) (519 SE2d 915) (1999); <u>Harris v. State</u>, 274 Ga. 422, 426 (6) (a) (554 SE2d 458) (2001). Because the charge, as requested, was not tailored to the evidence admitted at trial, the Court finds that it did not err.

Furthermore, this Court's general charge on credibility of witnesses adequately covered the applicable principle of the proposed charge. Consequently, Beasley's motion for new trial on this ground is denied.

## VI.   NO INEFFECTIVE ASSISTANCE IS SHOWN

Beasley contends his trial attorney was ineffective for 1) failing to present evidence the victim had consensual sex with Beasley or that there was some "nexus" between drugs and sex; 2) for failing to present evidence the victim was attacked by another person who was wearing a condom; 3) for calling a witness who testified Beasley had access to a red car; 4) for failing to object to certain jury instructions; and 5) for failing to object when a requested instruction was not given.

15

To prevail on a claim of ineffective assistance of counsel, Beasley must show both that his trial counsel's performance was deficient and that the deficient performance was prejudicial to his defense. Strickland v. Washington, 466 U.S. 668, 687 (III) (104 SCt 2052, 80 LEd2d 674) (1984). A charge of ineffective assistance of counsel is not judged by a standard of errorless counsel or by hindsight, but rather whether counsel rendered reasonably effective assistance; there is a critical distinction between inadequate preparation and unwise choices of trial tactics and strategy, which are not to be judged by hindsight or result. Castleberry v. State, 274 Ga. 290, 294 (4) (553 SE2d 606) (2001).

**Failure to Present Evidence the Victim Had Consensual Sex with Beasley or Anyone Else (Issue # 6 and #8).**

At Beasley's motion for new trial hearing, the State renewed its pre-trial motion to bar the admission of evidence relating to the victim's past sexual behavior unless the evidence directly involved Beasley's participation and supported an inference that Beasley could have reasonably believed that the victim consented to the conduct at issue. With the exception of evidence or testimony concerning whether the victim's attacker wore a condom, this Court granted the State's motion.

The Court finds that testimony or evidence, if any, of the victim's past sexual behavior was properly excluded at trial, see, Division II, supra.; thus

16

Beasley fails to carry his burden of showing his counsel's performance was deficient for failing to introduce the inadmissible evidence. Moreover, because Beasley's counsel repeatedly touched on this issue in violation of this Court's order, the Court finds the issue of the victim's drug use and prior sexual conduct ultimately was explored at trial. So, even after evidence of the victim's drug use was admitted and even though the victim was questioned about a purported exchange of sex or drugs for money, the jury still convicted Beasley.

"To establish the prejudicial effect of trial counsel's failure to present certain evidence, an appellant 'is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case.' (Citation and punctuation omitted.) Ware v. State, 273 Ga. 16, 17 (3) (537 SE2d 657) (2000)." Cupe v. State, 253 Ga. App. 851, 856 (3) (e) (560 SE2d 700) (2002). Here, the Court finds that Beasley has failed to show the introduction of any additional impermissible evidence of the victim's character would reasonably have affected the outcome of his trial and that there is no reasonable probability the outcome of his trial would have differed. Consequently, Beasley's motion for new trial on this ground is denied.

**Failure to Introduce Evidence the Assailant was Wearing a Condom (Issue #9).**

At his motion for new trial, Beasley questioned the victim regarding whether the man who attacked her was wearing a condom. At the hearing the witness testified she did not remember what she may have told the responding officers on the night she was attacked. Beasley argues his trial counsel was ineffective for failing to introduce evidence the assailant may have been wearing a condom. Beasley currently argues this evidence would have explained the presence of Beasley's spermatozoa, left during an earlier consensual encounter, without implicating him in the abduction and assault. But this argument ignores Beasley's trial counsel's strategy and defense.

Beasley's trial counsel testified his defense theory was that, following consensual intercourse with Beasley earlier that day, the victim was beaten up by someone else, perhaps a customer or pimp, likely the latter given the dangerous nature of the victim's employment as a prostitute. Counsel testified he wanted to undermine the victim's credibility by proving she was a prostitute which supported Beasley's claim of consensual intercourse for drugs earlier that day. Under these circumstances, Beasley's trial counsel testified he did not introduce evidence the attacker wore a condom because it was not logical given the defense he presented. The Court finds this strategy was reasonable under the circumstances. See, e.g.,

Butler v. State, 273 Ga. 380, 384-385 (10) (a) (541 SE2d 653) (2001) ("[I]nformed strategic decisions do not amount to inadequacy under Strickland ... [and] '[t]he fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel' ") (citations omitted). Though Beasley's current counsel may disagree with trial counsel's decision to argue another customer or a pimp beat the victim later that day, not that there was a second sexual assault against the victim, the Court finds the decision to present the theory advanced at trial was a reasonable one. Beasley's ineffective assistance claim is therefore without merit.

**Calling a Witness Who Testified Beasley had Access to a Red Car (Issue # 12).**

At trial, Beasley's counsel called Beasley's mother to testify that, around the time of the rape, Beasley was driving a blue or black Camaro. When the State examined the witness, however, the jury learned that Beasley also had access to his mother's vehicle: a red car. Of course this testimony was consistent with the victim's testimony that her attacker was driving a red car. Beasley contends that his counsel was ineffective for calling his mother to testify because counsel knew or should have known the witness would offer damaging testimony which connected him to the sexual assault.

19

The "fact that a witness gives unforeseen damaging testimony does not justify an after the fact adjudication of deficient performance." <u>Mathis v. State</u>, 291 Ga. 268 (4)(728 SE 2d 625) (2012). Here, counsel admitted that he received numerous e-mails from Beasley's girlfriend during trial, but denied that he received any warning alerting him that Beasley's mother drove a red car in 1999. The Court finds Beasley fails to show his counsel performed deficiently. Further, Beasley has presented no other witness who could testify Beasley drove a blue or black Camaro in 1999.

The Court concludes that, while the introduction of evidence that Beasley had access to a red car was not helpful to his case, this testimony fell far from sealing Beasley's fate. Under these facts the Court finds that Beasley's counsel's decision to call the witness was reasonable. Further, because the DNA evidence identifying Beasley was indisputable, the Court finds that, given the vague description of the red car provided by the victim, there is no reasonable probability the outcome of Beasley's trial would have differed had Beasley's counsel elected to call a different witness, assuming one exists. Consequently, Beasley's motion for new trial on this ground is denied.

**Failure to Object to Instructions on Venue and Sufficiency of the Evidence (Issue # 15).**

Beasley alleges his trial counsel was ineffective for failing to object to this Court's charge on venue and the sufficiency of the evidence.

At Beasley's motion for new trial his trial counsel testified he could not recall his "thought process" or whether he considered objecting to the Court's instructions at the conclusion of the trial. Consequently counsel was also unable to recall whether his failure to object to the Court's instruction was a matter of trial tactics or strategy.

Pretermitting whether such failure to act constituted deficient performance, Beasley cannot establish that he was prejudiced thereby for the reasons set forth in Division V, supra. Consequently, Beasley's motion for new trial on this ground is denied.

**Failure to Object to Lack of Instruction on Pending Prosecutions (Issue # 17).**

Beasley alleges his trial counsel was ineffective for failing to object when his requested instruction on "Pending Prosecutions" was not given. At the motion for new trial hearing, Beasley's trial counsel recalled this Court's ruling, over his objection, limiting his ability to question the victim about the Fulton County case. However, trial counsel could not recall whether he considered objecting to the

Court's instructions at the conclusion of the trial. As stated earlier, the Court finds that its notes show Beasley's trial counsel withdrew his request to instruct the jury on pending prosecutions. Under these facts, the Court finds the requested instruction was withdrawn as a matter of reasonable trial strategy. Further, pretermitting whether such failure to act constituted deficient performance, Beasley cannot establish that he was prejudiced thereby for the reasons set forth in Division V, supra. Consequently, Beasley's motion for new trial on this ground is denied.

**IT IS HEREBY ORDERED THAT** the Defendants' Motion for New Trial is **DENIED** on each and every ground thereof.

This ___13___ day of ___January___, 2014.

_____
HONORABLE GAIL C. FLAKE
JUDGE, DEKALB SUPERIOR COURT
STONE MOUNTAIN JUDICIAL CIRCUIT

Order prepared by:

Elizabeth A. Baker
Assistant District Attorney
(404) 371-2987

(Continued on next page)

Please serve:

Gerard Kleinrock, Esq.
DeKalb County Public Defender
Room 408 Callaway Building
120 West Trinity Place
Decatur Georgia 30030