**FOURTH DIVISION
DOYLE, P. J.,
MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

March 16, 2015

NOT TO BE OFFICIALLY REPORTED

# In the Court of Appeals of Georgia

A14A1522. BEASLEY v. THE STATE.

DILLARD, Judge.

Following trial, a jury convicted Isaac Christopher Beasley on one count each of rape, aggravated sodomy, kidnapping with bodily injury, and aggravated assault. Beasley appeals his convictions and the denial of his motion for new trial, arguing that the State failed to prove venue and that his trial counsel rendered ineffective assistance by failing to object to certain jury instructions. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to the guilty verdict,[1] the record shows that late on the night of September 8, 1999, J. E. left her godmother's home and began walking south on Rocky Ford Road toward her own home, which was less than one

---

[1] *See, e.g., Muse v. State*, 323 Ga. App. 779, 780 (748 SE2d 136) (2013).


RESPONDENT EXHIBIT 8

mile away. Then, as she neared the intersection of Rocky Ford and Hosea Williams Boulevard, Beasley, whom she did not know, approached, drew a handgun, and ordered her to get into the vehicle he had just parked. J. E. complied, and as the car reached the Rocky Ford and Hosea Williams intersection, she saw a group of young men congregating near the corner on the left side of the street. One of the young men called out "Chris" and asked Beasley what he was doing, at which point Beasley ordered J. E. to duck down out of sight. Beasley then responded that he "had something to do" and pulled away from the intersection.

 Beasley drove for approximately another five minutes, but because J. E. kept her head down as ordered, she had no idea where Beasley was taking her. Finally, Beasley parked and ordered J. E. to exit the vehicle. And once she was out of the car, J. E. noticed that Beasley had stopped near some woods and a large rock at the end of a dead-end street (an area with which she was unfamiliar). Then, Beasley struck J. E. in the face with his handgun and told her to remove her clothes. After J. E. complied, Beasley again struck her in the face with the handgun and ordered her to perform oral sex on him, telling her that he would shoot her if she stopped or screamed. J. E. initially complied but stopped a few moments later, at which point Beasley struck her in the face, yet again, before turning her around and raping her.

At the conclusion of the sexual assault, Beasley rifled through J. E.'s purse, took $45, and walked back toward the vehicle. J. E. then fled in the opposite direction through the woods, reaching a residential area just a few minutes later. And after unsuccessfully seeking assistance at several houses, J. E. eventually came upon the residence of 44 Clay Street, where a woman and her adult son let J. E. inside and called her parents and the police. Shortly thereafter, an Atlanta police officer and an ambulance arrived, and J. E. was taken to a nearby hospital. There, a physician treated the injuries to J. E.'s face and conducted an examination for sexual assault, which included collecting bodily fluid samples. The physician then sent those samples to the Georgia Bureau of Investigation's ("GBI") crime lab.

At the GBI crime lab, a forensic biologist and DNA analyst determined that the sample collected from J. E. contained male DNA. Subsequently, the analyst created a DNA profile and entered that information into CODIS.[2] However, at that time, the profile did not match any other current CODIS profiles. In addition, although J. E. provided the police with a general physical description, she could not identify her attacker. Consequently, the case remained inactive until 2011, when the GBI

---

[2] CODIS, the Combined DNA Indexing System, is a database of DNA profiles linked among all the states through the Federal Bureau of Investigation.

3

informed a detective with the Atlanta Police Department that the 1999 DNA profile matched a profile for Beasley, which recently had been entered into CODIS in connection with an unrelated case. Armed with this information, the detective obtained a warrant for another DNA sample from Beasley, which also matched the 1999 profile and resulted in Beasley's arrest.

Thereafter, the State charged Beasley, via indictment in the Superior Court of DeKalb County, with one count each of rape, aggravated sodomy, kidnapping with bodily injury, and aggravated assault. Then, at trial, J. E. testified about the kidnapping and assault, and the residents of the house who helped J. E. recounted assisting her. Additionally, the police officers, GBI personnel, and an ER physician involved testified regarding their part in the investigation. In his defense, Beasley attempted to impeach J. E.'s credibility and insinuated that they had a consensual sexual encounter prior to her being assaulted by someone else, but at the trial's conclusion, the jury found Beasley guilty on all charges.

After his conviction, Beasley obtained new counsel and filed a motion for new trial, in which he alleged, *inter alia*, that his trial counsel rendered ineffective assistance. The trial court held a hearing on the matter, during which Beasley's trial counsel testified, and ultimately denied Beasley's motion This appeal follows.

4

1. Beasley contends that the State failed to establish venue beyond a reasonable doubt. Specifically, he argues that the evidence was insufficient to prove that the kidnapping occurred in DeKalb County and that, with regard to the remaining charges, the trial court erred in instructing the jury that the State could prove venue in DeKalb County under OCGA § 17-2-2 (h). We disagree.

It is well established that the Georgia Constitution requires that venue in all criminal cases "be laid in the county in which the crime was allegedly committed."[3] And as with every other material allegation contained in an indictment, the State must prove venue beyond a reasonable doubt.[4] But the State may do so by circumstantial evidence.[5] Accordingly, as is the case with regard to the sufficiency of the evidence generally, the standard of review of the sufficiency of the evidence to support venue is whether, after viewing the evidence in the light most favorable to the State, any

---

[3] *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000); *see* GA. CONST. Art. VI, Sec. II, Par. VI. ("[A]ll criminal cases shall be tried in the county where the crime was committed, except cases in the superior courts where the judge is satisfied that an impartial jury cannot be obtained in such county."); OCGA § 17-2-2 (a) ("Criminal actions shall be tried in the county where the crime was committed, except as otherwise provided by law.").

[4] *See Jones*, 272 Ga. at 901-02 (2).

[5] *See Walton v. State*, 293 Ga. 607, 609 (2) (748 SE2d 866) (2013).

5

rational trier of fact could have found venue beyond a reasonable doubt.[6] Importantly, venue is a question for the jury, and its decision "will not be set aside if there is any evidence to support it."[7] With these guiding principles in mind, we turn now to Beasley's claims.

(a) *Kidnapping offense.* In this matter, J. E. testified that Beasley abducted her as she was walking south on Rocky Ford Road, approximately three minutes from the intersection with Hosea Williams Boulevard. Subsequently, one of the investigating officers testified that the intersection of Rocky Ford Road and Hosea Williams Boulevard, as well as the residence where J. E. was helped, are both located in DeKalb County. And while conceding on appeal that the entire area in question is in DeKalb County, Beasley, nevertheless, argues that because the State did not show that the exact spot of the abduction—a three-minute walk from the aforementioned intersection—was in DeKalb County, it failed to prove venue. But as previously

---

[6] *See Thompson v. State*, 277 Ga. 102, 103 (1) (586 SE2d 231) (2003).

[7] *Leftwich v. State*, 299 Ga. App. 392, 399 (4) (682 SE2d 614) (2009) (punctuation omitted); *see Graham v. State*, 275 Ga. 290, 292 (2) (565 SE2d 467) (2002) (noting that whether venue has been properly proved is a question of fact for the jury).

noted, the State may prove venue through circumstantial evidence.[8] As such, testimony that an intersection only three minutes walking distance from where Beasley abducted J. E. was in DeKalb County certainly constituted circumstantial evidence that J. E. was also abducted in DeKalb County.[9] Moreover, and importantly, there was absolutely *no evidence* presented that any incident related to the crime "took place outside of [DeKalb] County."[10] Accordingly, the evidence here was sufficient for the jury to conclude beyond a reasonable doubt that venue for the kidnapping was in DeKalb County.[11]

---

[8] *Walton*, 293 Ga. at 609 (2).

[9] *See O'Donnell v. Smith*, 294 Ga. 307, 311-312 (2) (a) (751 SE2d 324) (2013) (finding proof of venue sufficient when "jury heard testimony that the victim was found lying down and injured in Fulton County . . . that, based on blood stains discovered in a nearby parking lot, the victim staggered 75-100 yards from where he was stabbed to the place he was found when the ambulance arrived; and the jury saw a police-drawn sketch of the area as well as diagrams, including street names and locations of where the blood stains were found and where the victim was found by emergency services.").

[10] *Id.* at 312 (2) (a).

[11] *See id.* at 311-12 (2) (a) (holding that State proved venue for murder when victim's body was found in Fulton County and scene of stabbing appeared to be 100 yards from where body was found). *But see Jones*, 272 Ga. at 903-04 (3) (finding that State failed to prove venue when the *only evidence* presented was that murder victim's neighbor's home—across the street from victim's home—was in Fulton County). We note that although the case has not been overruled, the reasoning in

7

(b) *Remaining offenses.* At the conclusion of the evidence in this matter, the trial court instructed the jury as to OCGA § 17-2-2 (h), which provides: "If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." On appeal, Beasley contends that the trial court erred in providing this instruction, arguing that OCGA § 17-2-2 (h) did not apply because the State could have determined the county in which the sexual and aggravated assaults occurred. We disagree.

Initially, it is important to note that Beasley did not object to any portion of the trial court's jury charges, and under OCGA § 17-8-58, "[a]ny party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury

---

*Jones* has been called into question. *See O'Donnell*, 294 Ga. at 313-14 (Nahmias, J., concurring) (opining that, in the absence of evidence to the contrary, jurors can very reasonably infer that a location within 100 yards of a location in a particular county is in the same county and that *Jones* should be overruled if its erroneous logic would result in a conviction being reversed due to purportedly insufficient proof of venue). In any event, the question of whether venue has been proven in a specific case is necessarily a fact-intensive inquiry, and we conclude that the facts of this case more closely resemble those of *O'Donnell*.

8

retires to deliberate."[12] And the failure to so object precludes appellate review of such portion of the jury charge, unless "such portion of the jury charge constitutes plain error which affects the substantial rights of the parties."[13] In such cases, as the Supreme Court of Georgia has explained, "the proper inquiry is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings."[14] Thus, because Beasley failed to object whatsoever to the jury charges, our review is limited to consideration in this regard.[15]

Turning to the instruction at issue, one of the primary purposes of OCGA § 17-2-2 (h) is to provide for establishment of venue in "situations in which there is . . . some doubt as to which county was the scene of the crime[.]"[16] And our Supreme

---

[12] OCGA § 17-8-58 (a).

[13] OCGA § 17-8-58 (b); *see Alvelo v. State*, 290 Ga. 609, 614 (5) (724 SE2d 377) (2012) (holding that OCGA § 17-8-58 (b) requires an appellate court to review for plain error an alleged jury-instruction error to which no objection was raised at trial).

[14] *Alvelo*, 290 Ga. at 615 (5) (punctuation omitted); *accord State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011).

[15] *See* OCGA § 17-8-58 (b); *see also King v. State*, 317 Ga. App. 834, 836-37 (1) (733 SE2d 21) (2012) (reviewing jury instructions only for plain error given defendant's failure to object to instructions).

[16] *Bundren v. State*, 247 Ga. 180, 180 (1) (274 SE2d 455) (1981) (discussing Code Ann. § 26-302 (h), the former version of the statute).

9

Court has held that OCGA § 17-2-2 (h) does not violate the venue provision in the Georgia Constitution but, rather, "merely provides a mechanism by which that mandate can be carried out when the place in which the crime is committed cannot be determined with certainty."[17]

In this matter, as previously noted, J. E. was abducted in DeKalb County. She then testified that shortly after forcing her into his car, Beasley ordered her to keep her head down and, therefore, she was unable to see the route he drove before parking on the dead-end street. In addition, J. E. testified that she did not recognize that street and, thus, did not know where the aggravated sodomy, aggravated assault, and rape occurred. Following the assault, she ran through some woods for a few minutes before reaching the DeKalb County residence where she received help. Given these particular circumstances, the "evidence supports the conclusion that the county in which the crime occurred could not be determined with certainty."[18] Accordingly, the State was entitled to rely upon OCGA § 17-2-2 (h), and the evidence was sufficient

---

[17] *Hinton v. State*, 280 Ga. 811, 815 (2) (631 SE2d 365) (2006) (punctuation omitted); *accord Bundren*, 247 Ga. at 181 (1).

[18] *Taylor v. State*, 328 Ga. App. 551, 553 (1) (759 SE2d 892) (2014).

to support the jury's finding that the aggravated assault, aggravated sodomy, and rape occurred in DeKalb County.[19]

2. Beasley also contends that his trial counsel rendered ineffective assistance by failing to object to two of the trial court's jury instructions. Again, we disagree.

It is well established that in order to prevail on his claim of ineffective assistance of counsel, Beasley must show that his trial counsel's performance was "deficient and that the deficient performance so prejudiced [him] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[20] Additionally, there is a strong presumption that trial counsel's

---

[19] *See id.* at 553-54 (1) (holding that OCGA § 17-2-2 (h) was applicable when victim was abducted in one location and transported to another location, with which she was unfamiliar, where defendant subjected her to sodomy, and further holding that evidence was sufficient to prove venue given that there was evidence crime might have occurred in same county where victim was abducted); *cf. Thompson v. Brown*, 288 Ga. 855, 856-57 (708 SE2d 270) (2011) (holding that State was not entitled to rely upon OCGA § 17-2-2 (e)—the statute for establishing venue when it is uncertain due to vehicle travel between counties—because law enforcement knew exact route that informant and defendant traveled when drug sales occurred); *Rogers v. State*, 298 Ga. App. 895, 898-99 (3) (c) (681 SE2d 693) (2009) (holding that State was not entitled to rely upon OCGA § 17-2-2 (e) because law enforcement knew where the offenses were committed).

[20] *Chapman v. State*, 273 Ga. 348, 349-50 (2) (541 SE2d 634) (2001); *see Strickland v. Washington*, 466 U.S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

11

conduct falls within the broad range of reasonable professional conduct, and a criminal defendant must overcome this presumption.[21] Indeed, unless clearly erroneous, we will uphold a trial court's factual determinations with respect to claims of ineffective assistance of counsel; however, a trial court's legal conclusions in this regard are reviewed *de novo*.[22]

(a) *Jury instruction as to OCGA § 17-2-2 (h)*. Beasley argues that his trial counsel rendered ineffective assistance by failing to object to the trial court's instruction to the jury as to OCGA § 17-2-2 (h). However, as we held in Division 1 (b), *supra*, OCGA § 17-2-2 (h) was applicable here. Consequently, any objection to this instruction would have lacked merit. And the failure to pursue a futile objection "does not amount to ineffective assistance."[23]

(b) *Jury instruction as to victim's testimony*. Beasley also contends that his trial counsel rendered ineffective assistance by failing to object to the trial court's

---

[21] *Chapman*, 273 Ga. at 350 (2).

[22] *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[23] *Ventura v. State*, 284 Ga. 215, 218 (4) (663 SE2d 149) (2008); *see Butler v. State*, 277 Ga. App. 57, 61 (2) (625 SE2d 458) (2005) (holding that trial court's jury charge was not error, and thus, any objection by defendant's trial counsel would have been futile).

instruction to the jury that "[t]he testimony of the victim is sufficient, if believed, to sustain a rape conviction." Specifically, Beasley argues that the court's instruction allowed the jury to ignore J. E.'s inability to identify her attacker and Beasley's defense that his DNA was found in J. E. as a result of an earlier consensual sexual encounter. Once again, we disagree.

As we have previously emphasized, a victim's testimony, without more, is "sufficient to sustain a conviction for rape," and, thus, the "principle contained in the charge is a correct statement of the relevant law."[24] In fact, the only requirement regarding jury charges is that "the charges, as given, were correct statements of the law and, as a whole, would not mislead a jury of ordinary intelligence."[25] And there is no error when it is "unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence."[26]

Here, in addition to the instruction that Beasley now argues was harmful, the trial court instructed the jury on the presumption of the defendant's innocence and the

---

[24] *Pye v. State*, 322 Ga. App. 125, 128 (2) (742 SE2d 770) (2013) (footnote and punctuation omitted); *accord Strozier v. State*, 314 Ga. App. 432, 437 (2) (724 SE2d 446) (2012).

[25] *Pye*, 322 Ga. App. at 129 (2) (punctuation omitted).

[26] *Id.* (punctuation omitted).

13

State's burden of proving every material allegation of the indictment and every essential element of the crimes charged beyond a reasonable doubt, including the crime of rape. The court also instructed the jury on determining the credibility of witnesses and resolving any conflicts in the evidence. And finally, the trial court instructed the jury that

> [i]t is for you to say whether under the evidence in this case the testimony of the witnesses and the facts and circumstances of the case sufficiently identify this defendant beyond a reasonable doubt as the perpetrator of the alleged crime. It is not necessary that the defendant show that another person committed the alleged offense.

The court then continued, "[i]f you do not believe that the defendant has been sufficiently identified as the person who committed the alleged crime, or if you have any reasonable doubt about such, then it would be your duty to find the defendant not guilty." Given these circumstances, it is unlikely that the instructions considered as a whole mislead or confused the jury.[27] Thus, any objection to this instruction would

---

[27] *See id.* at 129-30 (2) (holding that instruction that victim's testimony was sufficient to support conviction for rape did not impermissibly lower State's burden of proving elements of crime beyond reasonable doubt, in light of fact that jury was instructed on presumption of innocence, on State's burden of proof, and that lack of consent on part of alleged victim was essential element of crime).

14

have lacked merit, and defense counsel's failure to object did not constitute ineffective assistance.[28]

For all of the foregoing reasons, we affirm Beasley's convictions.

*Judgment affirmed. Doyle, P. J., and Miller, J., concur.*

---

[28] *See Butler*, 277 Ga. App. at 61 (2) (holding that trial court's jury charge was not error, and thus, any objection by defendant's trial counsel would have been futile).