IN THE SUPERIOR COURT OF WARE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **ISAAC BEASLEY**<br>    Petitioner | :<br>:<br>: **CASE NO. 15-V-0597** |
| V. | :<br>: |
| **THOMAS GRAMIAK, WARDEN**<br>    Respondent | :<br>: |

### FINAL ORDER GRANTING HABEAS CORPUS

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Upon consideration of the record in this case as established at the January 14, 2016 habeas corpus hearing, this Court finds as follows:

On October 11, 2011, Petitioner was indicted, Ind. No. 11CR5384, in the DeKalb County Superior Court for various charges arising from an alleged rape on September 9, 1999. On January 6, 2012, Petitioner was re-indicted for the same charges those being rape (count 1), aggravated sodomy (count 2), kidnapping with bodily injury (count 3), and aggravated assault (Count 4). The only difference was that the earlier indictment only charged Petitioner with simple kidnapping. The first indictment was nolle proceed on November 6, 2012.

Beasley was tried before a jury, the Honorable Gail Flake presiding, commencing on October 22, 2012. On October 24, 2012, Beasley was convicted of all counts. On November 27, 2012, the court sentenced Beasley to 20 years for the rape, 10 years for the aggravated sodomy consecutive, life in prison to the

kidnapping concurrent, and 10 years for the aggravated assault concurrent. Beasley's direct appeal was affirmed on March 16, 2015 in an unpublished decision. Beasley v. State, A14A1522 (March 16, 2015). Beasley filed his habeas corpus pro se in September of 2015. The habeas was heard on ~~January 14~~ MAY 12, 2016.

Petitioner raised that his right to effective assistance of counsel was denied when his appellate counsel was ineffective for not raising trial counsel's ineffectiveness for not advising Petitioner that he was facing a mandatory life sentence for the kidnapping with bodily injury charge.

In Nelson v. Hall, 275 Ga. 792, 573 S.E.2d 42 (2002), the Georgia Court simplified previous court holdings as follows: "To obtain habeas corpus relief on a claim of ineffective assistance of appellate counsel, a petitioner must satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984)--that appellate counsel was deficient in failing to raise an issue on appeal and that the deficiency prejudiced the defense."

To satisfy the second prong of Strickland, a petitioner must show a "reasonable probability that the outcome of the appeal would have been different." Id. When considering the prejudice prong, "the inquiry does not focus on the projected result on remand or retrial, but whether there is a reasonable probability that the result of the appeal would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id at 520. Crawford v. Thompson, 278 Ga. 517, 520 (2004).

In <u>Miller v. State</u>, 285 Ga. 285, 676 S.E.2d 173 (2009), the Georgia Supreme Court corrected years of misapplying the Strickland standard holding that a defendant need only show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Miller</u>, quoting <u>Strickland</u> at 694, stated that "a reasonable probability is a probability sufficient to undermine confidence in the outcome."

On March 21, 2012, the United States Supreme Court decided <u>Missouri v. Frye</u>, — U.S. —, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and <u>Lafler v. Cooper</u>, — U.S. —, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). In <u>Frye</u>, counsel did not convey an earlier plea offer to his client, and the defendant received a harsher sentence when he pled guilty at a later date without the benefit of a plea bargain. In <u>Lafler</u>, defense counsel's advice to reject a plea bargain resulted in a trial that resulted in a harsher sentence after the defendant was convicted. The United States Supreme held in both cases that effective assistance of counsel applies to the plea bargaining stage.

The Georgia Supreme Court held in <u>Harris v. Upton</u>, 292 Ga. 491, 492, 739 S.E.2d 300 (2013) that this State has long recognized the right to effective assistance of counsel in the plea bargaining process. See also <u>Lloyd v. State</u>, 258 Ga. 645, 648, 373 S.E.2d 1 (1988).

Petitioner raised that he would have pled guilty if he would have been advised that he was facing a mandatory life sentence. While the Respondent

argued that Beasley was advised of the maximum sentences he was facing, this is not relevant to the issue. The issue is whether Beasley was advised that the life sentence for kidnapping with bodily injury was mandatory. During Beasley's sentencing, trial counsel clearly was unaware of the mandatory life sentence (Respondent's Exhibit 3, pp. 4-6). He appeared shocked that the State was asking for a life sentence. Id. Additionally, trial counsel made another sentencing mistake when he argued to the trial court that Beasley would not be paroled because he was a recidivist (Resp. Ex. 3, p. 6). The State did file a recidivist notice based on one prior felony conviction (Resp. Ex. 3, pp. 2-3). Pursuant to O.C.G.A. § 17-10-7(a), a defendant who has previously been convicted of a felony must be sentenced to the longest sentence possible, but the sentence may be probated or suspended. It is O.C.G.A. § 17-10-7 (b) and (c) that mandate no parole. Subsection (b) only applies if the defendant's prior felony conviction was a serious violent felony. Beasley's prior conviction was not a serious violent felony, as it was burglary (Resp. Ex. 3, p. 3). Subsection (d) requires three prior felony convictions before a defendant is sentenced without parole. Therefore, trial counsel was incorrect in his belief that Beasley would not be parole eligible because he was a recidivist.

Beasley was not parole eligible because rape and aggravated sodomy are serious violent felonies. Further, during the sentencing, the trial court actually sentenced Beasley to 10 years for the kidnapping (Resp. Ex. 3, p. 10). The prosecutor had to correct the court (Id. at 10-11). Both the trial court and trial

counsel were unaware of the mandatory sentence for life for the kidnapping with bodily injury. If both the trial court and trial counsel were unaware then there is no doubt that Beasley did not know. At the motion for new trial, trial counsel testified that in "early discussions" he spoke with Bealey about possible sentences but did not conclude that any sentence would result in a life sentence (Resp. Ex. 4, p. 21).

The State offered Beasley a plea deal of 10 years to serve on the rape with dropping the other three counts (Resp. Ex. 2A, pp. 10-11). Beasley contends he would have pled guilty had he known he was facing a mandatory life sentence.

Appellate counsel testified he decided not to raise this issue on appeal but wanted to get the evidence admitted, so it could be raised in a habeas (Hab. Trans. 29). Appellate counsel testified that Petitioner "really wanted" him to raise the issue on appeal (Hab. Trans., p. 19). Appellate counsel believed the other issues were stronger, so he did not raise it (Hab. Trans., p. 27). Appellate counsel did not testify that his omission of this issue on appeal was based on strategy, but indicated it was based more on his legal opinion.

While this Court makes a finding that appellate counsel's failure to raise this issue on appeal was not based on any strategy but based on his belief in the strength of the issue, any strategic decision must still be reasonable. Benham v. State, 277 Ga. 516, 591 S.E.2d 824 (2004). In Benham, supra, the Supreme Court held that trial counsel was ineffective for failing to request a charge on defense of habitation though counsel did request justification. The Supreme Court chided the

Court of Appeals for finding that trial counsel's failure to request defense of habitation as trial strategy. Id at 518. "Invoking the words 'tactics' and 'strategy' does not automatically immunize trial counsel against a claim that a tactical decision or strategic maneuver was an unreasonable one no competent attorney would have made under the same circumstances. Id. 'Tactics' and 'strategy' provide no talismanic protection against an ineffective assistance of counsel claim." Id. The Supreme Court held that even if the decision was tactical, it was "not a reasonable decision a competent attorney would have made under the same circumstances." Id.

As the United States Supreme Court held in Frye and Lafler, most cases are resolved through guilty pleas. As a result, it is of great importance and especially for fundamental fairness for a defendant to have effective assistance of counsel. Defendants are supposed to rely on their attorneys for advice on the strengths and weaknesses of the State's prosecution and the defense and certainly on sentencing issues. Based on this, a defendant then is supposed to make a knowing, voluntary, and intelligent decision on whether to plead guilty. When counsel deficiently performs this function, fundamental fairness is not met. A defendant will proceed to trial and usually receive a much harsher sentence than the plea bargain offered.

There is no dispute that trial counsel misadvised Petitioner regarding the mandatory life sentence he was facing. In this regard, trial counsel was deficient. The issue thus becomes whether appellate counsel was ineffective for failing to

raise this issue on appeal. The question is whether there was a reasonable probability of a different result had this issue been raised on appeal. Strickland. If the answer to this question is yes, it follows that appellate counsel was deficient for his failure to raise the issue. Petitioner has been consistent since he was sentenced, through his motion for new trial, appeal, and habeas corpus that he would have pled guilty had he known he was facing a mandatory life sentence. There is no evidence to contradict this, and there is nothing in the record to infer that this he would still have proceeded to trial. Therefore, this Court finds that had Petitioner been advised of the mandatory sentence he was facing, he would have pled guilty and been sentence to 10 years in prison. Thus, appellate counsel was ineffective for his failure to raise this issue on appeal. Strickland.

WHEREFORE, Petitioner's Writ of Habeas Corpus is granted.

It is hereby ordered and adjudged that Petitioner's conviction and sentence are set aside, and that he be remanded to the custody of the Sheriff of DeKalb County.

The Superior Court of Ware County is hereby directed to mail a copy of this order to counsel for Petitioner, to Respondent, and to the Office of the Attorney General. The Clerk is further directed to mail a certified copy of this Order to the Clerk of Superior Court of DeKalb County.

**SO ORDERED** this 26 day of September, 2017.

*Clarence D. Blount*
CLARENCE D. BLOUNT
SENIOR JUDGE, SUPERIOR COURT
SITTING BY DESIGNATION IN THE
SUPERIOR COURT OF COFFEE COUNTY

Presented by:

Rodney Zell
State Bar No. 784650
Attorney for Petitioner

FILED IN OFFICE THIS 26 DAY
OF September 2017
_____ CLERK
WARE COUNTY