# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Cynthia Freeman, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| National Credit Systems, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendants' overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendants' conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*

## PARTIES

1. Plaintiff, Cynthia Freeman, is a natural person who resides in Orlando, Florida.

2. Defendant, National Credit Systems, Inc., is a corporation formed under the laws of the State of Georgia and registered to do business in Georgia.

1

Defendant may be served with process via its registered agent, C T Corporation System, 289 South Culver Street, Lawrenceville, Georgia 30046.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because Defendant maintains a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay consumer debts arising out of an apartment lease and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency that focuses on the collection of consumer debt.

9. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Plaintiff had reviewed her credit report in November of 2022 and noticed Defendant reporting an account which she did not recognize or believe she owed.

13. In December of 2022, Plaintiff sent a letter to Defendant.

14. In the letter, Plaintiff disputed that she owed the debt.

15. A pertinent excerpt of the letter is below:

Cynthia Freeman
667 W Amelia St., Apt 209
Orlando, Florida 32801

December 19, 2022

NATLCRSYS
P O BOX 312125
ATLANTA, GA 31131

RE: DISPUTE & VALIDATION OF NATLCRSYS # 4609261

Dear Debt Collector:

Please be advised that this debt is disputed. I am requesting verification that NATLCRSYS owns this debt.

16. Plaintiff accessed her Experian credit report in February of 2023.

17. The February 2023 Experian credit report included a tradeline from Defendant which did not notate the account as "disputed."

18. Defendants' actions caused Plaintiff anxiety, annoyance, and worry.

19. Defendant's behavior interfered with Plaintiff's ability to get her financial affairs in order.

20. Plaintiff took time out of her day to seek the advice of counsel regarding the Defendants' collection attempts.

21. Defendant falsely represented Plaintiff's credit history to 3rd parties.

## **INJURIES-IN-FACT**

22. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

23. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

24. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

25. Defendants have subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

26. Defendants' acts and omissions caused particularized harm to the Plaintiff in that she suffered worry, annoyance, and anxiety by the collection agency failing to accurately mark his account as dispute don Plaintiff's credit report.

27. Plaintiff took time out of her day to speak with counsel about the false and misleading representations made by Defendant.

28. Wasted time is a concrete harm. S*ee Salcedo v. Hanna*, 936 F.3d 1162, 1172–73 (11th Cir. 2019).

29. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing

## DAMAGES

30. As a result of the Defendants' actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Interference with Plaintiff's ability to organize her financial affairs;

d.) Having inaccurate credit information about herself reported to third parties.

## CAUSE OF ACTION

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692** *et seq.*

31. Plaintiff incorporates by reference paragraphs 1 through 30 as though fully stated herein.

*Violations of 15 U.SC. § 1692e and its subparts*

32. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

33. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

34. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

35. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

36. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

37. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the

failure to communicate that a disputed debt is disputed, is a false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e(8).

38. As a result of Defendants' violations of the FDCPA, Defendants are liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

39. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k ;

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 28th day of August, 2023.

        **BERRY & ASSOCIATES**
*/s/ Chris Armor*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Fax (404) 235-3333


Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 509
Londonderry, VT 05148
Phone 651-208-6441
Fax 404-592-6102
*chris.armor@armorlaw.com*
Plaintiff's Attorneys