**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **TIMOTHY TIDWELL, Individually,** : <br> : <br> **Plaintiff,** : <br> : <br> vs. : **Case No.:** <br> : <br> **ADVANCE STORES COMPANY INC.,** : <br> a Virginia Corporation : <br> : <br> : <br> **Defendant.** : <br> _____/ | |

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, TIMOTHY TIDWELL, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, ADVANCE STORES COMPANY INC. (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

**COUNT I**

1. Defendant's property Advance Auto Parts is located at 1344 Metropolitan Pkwy, SW, Atlanta, GA 30310, in the County of Fulton (hereinafter referred to as "Defendant's property" or "subject property").

2. Venue is properly located in the Northern District of Georgia because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202. The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. §1367.

4. Plaintiff TIMOTHY TIDWELL is a Georgia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Tidwell has a history of severe knee arthritis which requires him to use a wheelchair to ambulate.

5. Mr. Tidwell has been a customer of the subject Advance Auto Parts Store on several occasions. He lives less than 3 miles from the subject property.

6. Mr. Tidwell most recently visited the subject property for his auto care needs on June 7, 2023.

7. During his visit, Plaintiff encountered numerous architectural barriers at the subject property which impaired his use of the facilities and have endangered his safety at the facilities and in particular his ability to use the restroom.

8. He intends to continue to return to the subject property in the near future and on a regular basis to shop.

9. Defendant owns, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

10. The place of public accommodation that the Defendant owns, leases, leases to, or operates is the Advance Auto Parts Store located at 1344 Metropolitan Pkwy, SW, Atlanta, GA 30310.

11. Timothy Tidwell has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the subject

property as described but not necessarily limited to the allegations set forth in this Complaint.

12.     Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

13.     Timothy Tidwell has visited the subject property and desires to visit the subject property again in the near future, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the subject property without fear of discrimination.

14.     The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. §12182 et seq.

15.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

16.     A preliminary inspection of the subject property has shown that violations exist.

17.     The violations that Mr. Tidwell has personally observed or encountered, and which have been verified, are set forth in the following paragraphs.

18.     The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff.

19.     This violates section 28 CFR §36.211 of the 2010 ADA Standards, whose resolution is readily achievable.

20. The facility does not provide a compliant accessible route from the public streets and sidewalks to the facility entrance.

21. Same is in violation of section 206.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

22. The ramp leading to the walkway in front of the entrance has a running slope that exceeds the maximum allowance of 8.33%.

23. Same is in violation of section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

24. The accessible parking stall's striping is dilapidated and faded.

25. Same is in violation of sections CFR 36.211 and 502.2 of the 2010 ADA Standards, whose resolution is readily achievable.

26. The facility has two accessible parking spaces that are missing the accessible parking signage with the International Symbol of Accessibility (ISA).

27. Same is in violation sections 502.6 and 703.7.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

28. One of those accessible parking spaces does not have an access aisle.

29. Same is in violation of section 502.2 of the 2010 ADA Standards, whose resolution is readily achievable.

30. The accessible parking spaces have uneven surfaces with changes of level in excess of ¼ inch (or ½ inch if beveled).

21. Same is in violation of sections 502.4 and 302 of the 2010 ADA Standards, whose resolution is readily achievable.

32. The service counters exceed the maximum height allowance of 36 inches above

the finish floor.

33. Same is in violation of section 904.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

34. The facility does not provide a compliant 36-inch-wide clear floor space for an accessible route to the restroom.

35. Same is in violation of in violation of section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

36. The restrooms do not provide directional and informational signage complete with the Symbol of Accessibility (ISA).

37. Same is in violation of section 216.3 of the 2010 ADA Standards, whose resolution is readily achievable.

38. The restroom door hardware requires tight grasping and twisting of the wrist to operate.

39. Same is in violation of section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

40 The flush control is not located on the open side of the water closet.

41. Same is in violation of section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

42. The Americans with Disability Act of 1990 prohibits discrimination on the basis of disability by public accommodations and commercial facilities to be signed, constructed and altered in compliance with the Accessibility Standards established in the Act.  This facility does not meet with all of these Standards, whose remedy is readily achievable.

43. The foregoing violations are also violations of the 1991 Americans with Disability

Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

44. The discriminatory violations described in the foregoing paragraphs are not an exclusive list of the Defendant's ADA violations.

45. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

46. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

47. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C.  12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to

individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

48. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. ▯ 12205 and 28 CFR 36.505.

49. Defendant is required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

50. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

51. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant

Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject property to make the facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendant to maintain its accessible features.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated:  August 30, 2023		Respectfully submitted,

<p style="margin-left: 40%;">
<u>/s/ Richard A. Rice, Jr.</u><br>
Richard A. Rice, Jr., Esq.<br>
GA Bar No. 603203<br>
THE RICE LAW FIRM, LLC<br>
3151 Maple Drive NE<br>
Atlanta, GA 30305<br>
Phone: (404) 845-0783<br>
Fax: (404) 481-3057<br>
richard.rice@trlfirm.com<br>
<br>
Brandon A. Rotbart (Pro Hac Vice Pending)<br>
LAW OFFICE OF BRANDON A. ROTBART, P.A.<br>
11098 Biscayne Blvd., Suite 401-18<br>
Miami, FL 33161<br>
Phone: (305) 350-7400<br>
rotbart@rotbartlaw.com<br>
<br>
*Counsel for Plaintiff Timothy Tidwell*
</p>