UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

| | |
|---|---|
| **TIMOTHY TIDWELL, Individually,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | **Case No.:** |
| : | |
| **CROSS ROADS SHOPPING CTR, LLC. a** : | |
| **Georgia Limited Liability Company, and** : | |
| **METROPOLITAN PARKWAY LLC, a** : | |
| **Georgia Limited Liability Company.** : | |
| : | |
| **Defendants.** | |
| _____/ | |

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, TIMOTHY TIDWELL, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendants, CROSS ROADS SHOPPING CTR, LLC, a Georgia Limited Liability Company and METROPOLITAN PARKWAY LLC, a Georgia Limited Liability Company (sometimes referred to as "Defendants"), for Injunctive Relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## COUNT I

1.  Defendant, CROSS ROADS SHOPPING CTR, LLC,'s property is located at 2095 Metropolitan Parkway SW, Atlanta, GA 30315, in the County of Fulton.

2.  Defendant, METROPOLITAN PARKWAY LLC's property is located at 2769 Lakewood Ave., Atlanta, GA 30315, in the County of Fulton.

3.  Venue is properly located in the Northern District of Georgia because venue lies in

the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

4.      Together the two afore-referenced properties make up a shopping mall located at the intersection of Lakewood Avenue and Metropolitan Parkway SW (hereinafter the Defendants' property or subject property).

5.      Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202. The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. §1367.

6.      Plaintiff TIMOTHY TIDWELL is a Georgia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Tidwell has a history of severe knee arthritis which requires him to use a wheelchair to ambulate.

7.      Mr. Tidwell has been a customer of the subject property on many occasions. He lives less than 5 miles therefrom.

8.      Mr. Tidwell most recently visited the subject property on May 19, 2023.

9.      During his visit, Plaintiff encountered numerous architectural barriers at the subject property which impaired his use of and access to the subject property.

10.     He intends to continue to return to the subject property in the near future and on a regular basis to shop.

11.     Defendants own, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

12.     The place of public accommodation that the Defendant METROPOLITAN

PARKWAY LLC's owns, leases, leases to, or operates is located at 2769 Lakewood Ave., Atlanta, GA 30315.

13. The place of public accommodation that the Defendant Cross Roads Shopping Ctr LLC owns is located at 2095 Metropolitan Parkway SW, Atlanta, GA 30315.

14. Timothy Tidwell has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the subject property as described but not necessarily limited to the allegations set forth in this Complaint.

15. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

16. Timothy Tidwell has visited the subject property and desires to visit the subject property again in the near future, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the subject property without fear of discrimination.

17. The Defendants have discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. §12182 et seq.

18. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

19. A preliminary inspection of the subject property has shown that violations exist.

20. The violations that Mr. Tidwell has personally observed or encountered, and which have been verified, are set forth in the following paragraphs.

21. The accessible features of the subject property are not maintained, creating barriers to access for the Plaintiff.

22. This violates section 28 CFR §36.211.

23. The subject property has curb ramps throughout that have side flares exceeding the maximum allowance of 10%.

24. Same is in violation of section 406.3 of the 2010 ADA Standards, whose resolution is readily achievable.

25. The curb ramps throughout the subject property have vertical changes in level at both the top and the bottom of the ramps exceeding ¼ inch ( or ½ inch if beveled).

26. Same is in violation of section 303.2 of the 2010 ADA Standards, whose resolution is readily achievable.

27. The subject property's parking stalls' striping is dilapidated and faded.

28. Same is in violation of sections CFR 36.211 and 502.2 of the 2010 ADA Standards, whose resolution is readily achievable.

29. The accessible parking stalls at the subject property are missing the accessible parking signage.

30. Same is in violation of sections 502.6 and 703.7.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

31. The accessible parking stalls at the subject property have cross slopes that exceed the maximum slope allowance of 2%.

32. Same is in violation of section 502.4 of the 2010 ADA Standards, whose

resolution is readily achievable.

33. The sales and service counter at the Lakewood Diner exceeds the maximum height allowance of 36 inches above the finish floor.

34. Same is in violation of section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

35. The public restroom at the Lakewood Diner is missing signage with the International Symbol of Accessibility (ISA).

36. Same is in violation of sections 216.8 and 703.7.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

37. The public restroom door at the Lakewood Diner does not provide 32 inches minimum clear width as required.

38. Same is in violation of section 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

39. The Lakewood Diner's public restroom door hardware requires tight grasping and twisting of the wrist to operate.

40. Same is in violation of section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

41. The paper towel and soap dispensers in the Lakewood Diner's restroom are obstructed by the lavatory and are above the maximum height allowance.

42. Same is in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

43. The paper towel dispenser in the Lakewood Diner's restroom requires tight pinching and grasping to operate.

44. Same is in violation of section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

45. The lavatory cabinet in the Lakewood Diner's restroom does not provide knee and toe clearance as required.

46. Same is in violation of section 306.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

45. The public restroom at the Lakewood Diner's restroom does not provide 60 inches minimum around the toilet measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall.

47. Same is in violation of section 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

48. The toilet paper dispenser in the Lakewood Diner's restroom is not mounted in the compliant location 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser.

49. Same is in violation of section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

50. The toilet in the Lakewood Diner's restroom is missing the rear wall grab bar and the side wall grab bar.

51. Same is in violation of sections 604.5.1 and 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

52. The centerline of the Lakewood Diner's restroom's toilet exceeds the maximum 18 inches from the side wall.

53. Same is in violation of section 604.2 of the 2010 ADA Standards, whose

resolution is readily achievable.

54. The Americans with Disability Act of 1990 prohibits discrimination on the basis of disability by public accommodations and commercial facilities to be signed, constructed and altered in compliance with the Accessibility Standards established in the Act. This subject property does not meet with all of these Standards, whose remedy is readily achievable.

55. The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

56. The discriminatory violations described in the foregoing paragraphs are not an exclusive list of the Defendants' ADA violations.

57. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

58. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

59. Defendants have discriminated against the individual Plaintiff by denying him

access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. ⍰ 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

60.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. ⍰ 12205 and 28 CFR 36.505.

61.     Defendants are required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with

Case 1:23-mi-99999-UNA   Document 2781   Filed 08/30/23   Page 9 of 10

disabilities as defined by the ADA.

62. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

63. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the subject property to make the facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA. The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendant to maintain its accessible features.

      c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

      d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 30, 2023

Respectfully submitted,

*/s/ Richard A. Rice, Jr.*
Richard A. Rice, Jr., Esq.
GA Bar No. 603203
THE RICE LAW FIRM, LLC
3151 Maple Drive NE
Atlanta, GA 30305
Phone: (404) 845-0783
Fax: (404) 481-3057
richard.rice@trlfirm.com

Brandon A. Rotbart (Pro Hac Vice Pending)
LAW OFFICE OF BRANDON A. ROTBART, P.A.
11098 Biscayne Blvd., Suite 401-18
Miami, FL 33161
Phone: (305) 350-7400
rotbart@rotbartlaw.com

*Counsel for Plaintiff Timothy Tidwell*