## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TIMOTHY TIDWELL, Individually,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **vs.** | **:** | **Case No.:** |
| | **:** | |
| **KNOX ENTERPRISES, LLLP, a Georgia** | **:** | |
| **Limited Liability Limited Partnership, and** | **:** | |
| **METRO ESTATE PROPERTIES, LLC, a** | **:** | |
| **Georgia Limited Liability Partnership.** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| _____/ | | |

### COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, TIMOTHY TIDWELL, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendants, KNOX ENTERPRISES, LLLP and METRO ESTATE PROPERTIES, LLC, (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

### COUNT I

1.    Defendant, KNOX ENTERPRISES, LLLP owns the shopping plaza located at 1897 Metropolitan Parkway SW, Atlanta, GA 30315 in the County of Fulton.

2.    Defendant, METRO ESTATE PROPERTIES LLC owns the shopping plaza located at 1919 Metropolitan Parkway SW, Atlanta, GA 30315 in the County of Fulton.

3.    The Defendants' properties are part of a shopping plaza, and share a parking lot. The combined properties will be referred to as the "subject property".

4.      Venue is properly located in the Northern District of Georgia because venue lies in the judicial district of the property situs.  The Defendants' properties are located in and do business within this judicial district.

5.      Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.  The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. §1367.

6.      Plaintiff TIMOTHY TIDWELL is a Georgia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Tidwell has a history of severe knee arthritis which requires him to use a wheelchair to ambulate.

7.      Mr. Tidwell has been a customer of the subject property on many occasions. He lives approximately 4 miles therefrom.

8.      Mr. Tidwell last visited the subject property on May 26, 2023.

9.      During his visits, Plaintiff encountered numerous architectural barriers at the subject property which impaired his use of the facilities and have endangered his safety at the facilities and his ability to use the restroom.

10.      He intends to continue to return to the subject property in the near future and on a regular basis to shop for items at Value Village, Metro Mart USA, and the other stores at the subject property.

11.      Defendant, KNOX ENTERPRISES, LLLP, owns, leases to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

12.     The place of public accommodation that the Defendant, KNOX ENTERPRISES, LLLP owns, leases, leases to, or operates is the shopping plaza located at 1897 Metropolitan Parkway SW, Atlanta, GA 30315.

13.      Defendant, METRO ESTATE PROPERTIES LLC, owns, leases to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

14.     The place of public accommodation that the Defendant, METRO ESTATE PROPERTIES LLC, owns, leases, leases to, or operates is the shopping plaza located at 1919 Metropolitan Parkway SW, Atlanta, GA 30315.

15.     Timothy Tidwell has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the subject property as described but not necessarily limited to the allegations set forth in this Complaint.

16.     Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

17.     Timothy Tidwell has visited the subject property and desires to visit the subject property again in the near future, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the Americans with Disabilities Act so that he and others similarly situated will have full and equal enjoyment of the subject property without fear of discrimination.

18.     The Defendants have discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. §12182 et seq.

19.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

20.     A preliminary inspection of the subject property has shown that violations exist.

21.     The violations that Mr. Tidwell has personally observed or encountered, and which have been verified by an expert, are set forth in the following paragraphs.

22.     The accessible features of the subject property are not maintained, creating barriers to access for the Plaintiff.

23.     This violates section 28 CFR §36.211 of the ADA Standards, whose resolution is readily achievable.

24.     The subject property does not provide a compliant accessible route from the public streets and sidewalks to the property entrances they serve.

25.     Same is in violation of section 206.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

26.     The subject property has curb ramps throughout that have side flares exceeding a slope of 10%.

27.     Same is in violation of section 406.3 of the 2010 ADA Standards, whose resolution is readily achievable.

28.     There are curb ramps throughout the subject property that project into traffic.

29.     Same is in violation of section 406.5 of the 2010 ADA Standards, whose resolution is readily achievable.

30.     The subject property parking stalls' striping is dilapidated and faded.

4

31.     Same is in violation of sections CFR 36.211 and 502.2 of the 2010 ADA Standards, whose resolution is readily achievable.

32.     The accessible parking spaces at the subject property are uneven with changes in level exceeding ¼ inch (or ½ inch if beveled).

33.     Same is in violation of of section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

34.     The access aisles have changes in level exceeding ¼ inch (or ½ inch if beveled).

35.     Same is in violation of sections 303 and 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

36.     The restroom inside Metro Mart USA is missing the rear wall grab bar.

37.     Same is in violation of section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

38.     The restroom inside Metro Mart USA has a side wall grab bar that is non-compliant.

39.     Same is in violation of section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

40.     The restroom stall door in Metro Mart USA is not self closing.

41.     Same is in violation of section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

42.     The restroom stall door in Metro Mart USA is missing the u-pull on both sides of the stall door.

43.     Same is in violation of section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

44.     The mirror in the restroom of Metro Mart USA height exceeds the maximum allowance of 40 inches above the finish floor measured at the bottom of the reflecting surface.

45.     Same is in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

46.     The lavatory in the restroom of Metro Mart USA does not provide insulation around the drain pipe.

47.     Same is in violation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

48.     The paper towel dispenser at the Metro Mart USA is mounted above the maximum height range of 48 inches above the finish floor.

49.     Same is in violation of section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

50.     The Americans with Disabilities Act of 1990 prohibits discrimination on the basis of disability by public accommodations and commercial facilities to be signed, constructed and altered in compliance with the Accessibility Standards established in the Act.  The subject property does not meet with all of these Standards, whose remedy is readily achievable.

51.     The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

52.     The discriminatory violations described in the foregoing paragraphs are not an exclusive list of the Defendant's ADA violations.

53.     Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the

barriers to access.

54.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

55.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. ⬜ 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

56.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. ⊡ 12205 and 28 CFR 36.505.

57.     Defendants are required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

58.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

59.     Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the subject property to make the facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.

b.      Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendants to maintain its accessible features.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated:  August 30, 2023          Respectfully submitted,

*/s/ Richard A. Rice, Jr.*
Richard A. Rice, Jr., Esq.
GA Bar No. 603203
THE RICE LAW FIRM, LLC
3151 Maple Drive NE
Atlanta, GA 30305
Phone: (404) 845-0783
Fax: (404) 481-3057
richard.rice@trlfirm.com

Brandon A. Rotbart (Pro Hac Vice Pending)
LAW OFFICE OF BRANDON A. ROTBART, P.A.
11098 Biscayne Blvd., Suite 401-18
Miami, FL 33161
Phone: (305) 350-7400
rotbart@rotbartlaw.com

*Counsel for Plaintiff Timothy Tidwell*