# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ERIKA JOHNSON, and MICHAEL JOHNSON,** ) ) ) ) | |
| ) | **Civil Action No.** |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | |
| **LONZAY MORGAN,** ) ) | |
| **Defendant.** ) | |

## VERIFIED COMPLAINT

Erika Johnson and Mike Johnson hereby file this verified complaint against Lonzay Morgan, as follows.

## NATURE OF THE ACTION

1. This diversity suit is an action for breach of contract, unjust enrichment, and fraud, by an investor in a business which turned out to be fraudulent.

## PARTIES

2. Plaintiff Erika Johnson is an individual resident of the State of Arizona, who may be served by serving the undersigned, and submits herself to the jurisdiction of this Court. Ms. Johnson resides at 9999 West Missouri Avenue, Unit 181, Glendale, Arizona 85305.

3. Plaintiff Michael Johnson is an individual resident of the State of Arizona, who may be served by serving the undersigned, and submits himself to the jurisdiction of this Court. Mr. Johnson resides at 9999 West Missouri Avenue, Unit 181, Glendale, Arizona 85305.

4. Defendant Lonzay Morgan is an individual resident of the State of Georgia, who may be served at his home, 210 Villa Ridge Parkway, Lawrenceville, Georgia 30044.

**JURISDICTION AND VENUE**

5. Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as this is a diversity jurisdiction action and all of the plaintiffs are citizens of different states from all of the defendants, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all, or substantially all, of the acts or omissions giving rise to the claims asserted herein occurred in this District.

**FACTUAL BACKGROUND**

7. On March 25, 2023, Plaintiffs sent Mr. Morgan (through his company "My Hair 360") $24,500.00 as an investment for a business.

8. The business purpose was selling acheke (an African food) from the Ivory Coast in the United States.

9. On April 20, 2023, Mr. Morgan sent a Certificate of Origin Form B which stated that Morgan Farm Industries (in Sunyani, Ghana) had sent 4,800 bags of raw cassava (which is used to make acheke), weighing 48,000 pounds, to Yaznol Transport and Logistics (in Duluth, Georgia) (hereafter, the "Form").

10. The Form stated that the cassava had been "cleared for export."

11. Along with the Form, on April 20, 2023, Mr. Morgan sent Plaintiffs a commercial invoice (directed to Yaznol Transport and Logistics) for the 48,000 pounds of cassava in the amount of $3,120,000,000.00 USD (hereafter, the "Commercial Invoice").

12. On April 20, 2023, Mr. Morgan also included a proforma invoice which stated that the cassava ran at a unit price of $65,000.00 USD per pound (hereafter, the "Proforma Invoice").

13. On April 20, 2023, Mr. Morgan also sent a packing slip for the same order and a separate invoice from Morgan Farms Industries for the same amounts.

14. Around this time, Mr. Morgan created (and provided to Plaintiffs) three Morgan Farm commodity statements to Losenni Bakayoko in the paid amounts of $149,280.00, $55,000.00, and $18,660.00 (hereafter, the "MF Statements").

15. The values of the acheke / cassava on the MF Statements was wildly less than the value per the Form, the Commercial Invoice and the Form.

16. These forms were clearly incorrect.

17. On May 3, 2023, Plaintiffs sent Mr. Morgan $3,300.00 as an investment in the business to be used for the purpose of buying materials for the business.

18. On May 5, 2023, Mr. Morgan assured Plaintiffs that the process had begun for the first order to take place, and for a container of acheke to be ordered to be shipped from the Ivory Coast to Texas.

19. On May 9, 2023, Mr. Morgan informed Plaintiffs that Mr. Morgan's brother had finished ordering the acheke to be shipped.

20. On May 13, 2023, Mr. Morgan told Plaintiffs that their first two shipments had been "locked in" and that he had more clients in Texas.

21. On May 22, 2023, Mr. Morgan explained the nature of acheke ("a direct derivative of cassava" which is "similar to rice") to Plaintiffs.

22. On May 25, 2023, Mr. Morgan promised Plaintiffs that they would have a purchase order for the cassava shortly and that the cassava had entered U.S. waters.

23. Mr. Morgan delivered 24,000 lbs of cassava.

24. Mr. Morgan was able to sell 12.000 lbs of the cassava for $2.45/lb for a total of $29,400.00.

25. This left Plaintiffs a net of $20,926.00 of value of cassava.

26. On June 6, 2023, Mr. Morgan advised Plaintiffs that an invoice for $20,900.00 plus PayPal fees would be coming for the business.

27. On June 6, 2023, Plaintiffs sent Mr. Morgan (through his company "My Hair 360") $20,926.00 in satisfaction of this invoice.

28. Through text messages on June 6, 2023, Mr. Morgan promised not to cheat Plaintiffs out of roughly $5,000.00 which may or may not be owed out of the $20,926.00 value..

29. Later that day, Mr. Morgan stated "[w]e now have your load sir."

30. On July 3, 2023, Plaintiffs transferred $10,000.00 (in two lumps of $5,000.00 each) to Mr. Morgan from Plaintiffs' Navy Federal Credit Union account.

31. The next day, June 7, 2023, Plaintiffs reminded Mr. Morgan that all of their money and their family's future had been invested in the business.

32. Through text messages on June 7, 2023, Mr. Morgan stated that they had sold 48,000 lbs of acheke in Philadelphia at $3.11/lb ($149,280.00) and 12,000 lbs in Atlanta at $2.45 ($29,400.00).

33. The total reported sale was $178,680.00.

34. The next day, June 8, 2023, Mr. Morgan corrected that the 12,000 was in fact being sold in Washington, D.C., and that nothing had been sold, but rather would be sold.

35. On June 9, 2023, Mr. Morgan reported delays that nothing had yet actually shipped anywhere, despite prior promises that the loads had shipped.

36. Mr. Morgan states that it would take 3-4 days for the bags of cassava to be ready.

37. On June 15, 2023, Mr. Morgan stated that he was loading the truck.

38. On June 16, 2023, Mr. Morgan promised that the cassava would reach Washington, D.C. that day and Philadelphia the next day.

39. On June 21, 2023, Mr. Morgan promised Plaintiffs that the 12,000 lbs had been delivered and they would be paid.

40. On June 22, 2023, Plaintiffs checked their accounts, but they had not been paid.

41. On June 22, 2023, Mr. Morgan stated "[l]et's give it the 2 to 3 days, and if there's an issue I'll pay it and get the pay from them.

42. On June 26, 2023, Mr. Morgan has still not sent the money.

43. In July of 2023, after numerous claims of being delayed due to surgeries, Mr. Morgan promised that the balance would be paid no later than July 6, 2023.

44. The money never came.

45. Mr. Morgan later made several more promises that the money was imminent, but never paid it.

46. Mr. Morgan even sent false scheduled transfers to "prove" that he was sending the money.

47. It never came.

48. Mr. Morgan agrees that he owes Plaintiffs $168,680.00 for the sold cassava.

49. Plaintiffs now sue for fraud, breach of contract, unjust enrichment and attorneys fees.

## COUNT I
## Fraud

50. Plaintiffs restate paragraphs 1-49 and incorporate said paragraphs herein by reference.

51. Mr. Morgan took more than $55,000.00 from Plaintiffs for an investment in a cassava / acheke business.

52. Plaintiffs gave Mr. Morgan the money on the condition of promises from Mr. Morgan that he would purchase cassava from Ghana, import it to the United States, sell the product in the United States, and repay Plaintiffs for their investment with profits.

53. Mr. Morgan purchased the cassava from Ghana, imported the product to the United States, and sold the product in the United States.

54. Mr. Morgan did not pay Plaintiffs for the profit.

55. Throughout April and May of 2023, Mr. Morgan crafted a series of clearly falsified forms to induce Plaintiffs to invest with him.

56. These forms painted pictures of grandeur as a benefit of Plaintiffs' investment.

57. Mr. Morgan also made numerous promises via text message to Plaintiffs, promising to pay them for their investment in April, May and June of 2023.

58. Mr. Morgan never paid, but agrees that he owes Plaintiffs at least $168,680.00 for the sold cassava.

59. Mr. Morgan is liable to Plaintiffs for fraud.

## COUNT II
## Breach of Oral Contract

60. Plaintiffs restate paragraphs 1-59 and incorporate said paragraphs herein by reference.

61. The Parties entered into an oral contract for the purchase, import and sale of cassava from Ghana to be made into acheke.

62. Per the oral contract, Mr. Morgan would purchase cassava from Ghana, import it to the United States, sell the product in the United States, and repay Plaintiffs for their investment with profits.

63. Plaintiffs paid Mr. Morgan more than $55,000.00 towards this endeavor.

64. Mr. Morgan purchased the cassava from Ghana, imported the product to the United States, and sold the product in the United States.

65. Mr. Morgan also realized profits for the sales.

66. Mr. Morgan failed to pay any of the profits to Plaintiffs.

67. Mr. Morgan agrees that he owes Plaintiffs at least $168,680.00 for the sold cassava.

68. Mr. Morgan is liable to Plaintiffs for breach of contract.

## COUNT III
## Unjust Enrichment

69. Plaintiffs restate paragraphs 1-68 and incorporate said paragraphs herein by reference.

70. Plaintiffs paid Mr. Morgan more than $55,000.00 towards a business of purchasing, invoicing and selling cassava from Ghana.

71. Mr. Morgan received the funds and has been enriched by the receipt and use thereof.

72. Mr. Morgan was able to realize an anticipated profit with the funds.

73. Moreover, Mr. Morgan agrees that he owes Plaintiffs at least $168,680.00 for the sold cassava.

74. Nonetheless, Mr. Morgan has never paid the $168,680.00 to the Plaintiffs.

75. As such, Mr. Morgan continues to be unjustly enriched by the $168,680.00 that he owes Plaintiff

76. Mr. Morgan is liable to Plaintiffs for unjust enrichment.

## COUNT IV
### Attorneys' Fees

77. Plaintiffs restate paragraphs 1-X and incorporate said paragraphs herein by reference.

78. Plaintiffs have attempted to resolve this matter amicably.

79. Mr. Morgan has repeatedly rebuffed Plaintiffs' ovations.

80. Plaintiffs made formal demands, to which Mr. Morgan has not responded, apart from the false promises made as per above.

81. Mr. Morgan refused to resolve this matter reasonably.

82. Mr. Morgan has been stubbornly litigious.

83. Plaintiffs are entitled to attorneys' fees and costs for having to bring and maintain this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as requested above against Mr. Morgan and further request:

    a. An award of damages as stated per this Complaint;

    b. Incidental and consequential damages;

    c. Punitive damages;

      d.      Preliminary interlocutory injunctive relief;

      e.      An award of attorneys' fees and costs in bringing and maintaining this action; and

      f.      Any other relief as this Court may deem just and reasonable.

### **DEMAND FOR JURY TRIAL**

Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted, this 29th day of August, 2023.

      FGP LAW, LLC

      /s/ Frank G. Podesta
      Frank G. Podesta
      GA Bar No. 496530
      fpodesta@fgplaw.com

      555 Sun Valley Drive
      Suite N-3
      Roswell, Georgia 30076
      678.677.5143 (voice)
      678.222.0123 (facsimile)
      *Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ERIKA JOHNSON, and MICHAEL JOHNSON,** | ) <br> ) <br> ) <br> ) **Civil Action No.** <br> ) |
| **Plaintiffs,** | ) <br> ) |
| v. | ) <br> ) |
| **LONZAY MORGAN,** | ) <br> ) |
| **Defendant.** | ) |

## **VERIFICATION OF VERIFIED COMPLAINT**

STATE OF ARIZONA            )
                            )
COUNTY OF MARICOPA   )

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Erika Johnson, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint are true and correct upon her personal knowledge and belief.

This 29th day of August, 2023.

_____
Erika Johnson

Sworn to and subscribed before me this
29th Day of August, 2023.

_____
Notary Public        (SEAL)
My commission expires: 4/21/2027

OFFICIAL SEAL
ANJU RAI
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
COMM# 646090
My Comm. Expires April 21, 2027

13