

PLAINTIFF'S EXHIBIT 8

Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov

ESTTA Tracking number: **ESTTA757980**

Filing date: **07/13/2016**

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Proceeding | 91226186 |
| Party | Defendant<br>Security Benefit Associates Group Services Inc |
| Correspondence Address | JOANN HOLMES<br>HOLMES@LAW LLC<br>279 W CROGAN STREET<br>LAWRENCEVILLE, GA 30046<br>UNITED STATES<br>trademark@holmesatlaw.com |
| Submission | Answer |
| Filer's Name | Joseph J. Gleason |
| Filer's e-mail | joe@gleason.legal |
| Signature | /Joseph J. Gleason/ |
| Date | 07/13/2016 |
| Attachments | Milner - Answer to Opposition.pdf(351776 bytes ) |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| The Milner Agency, Inc.,<br><br>　　　　Opposer,<br><br>v.<br><br>Security Benefit Associates Group Services, Inc.,<br><br>　　　　Applicant. | Opposition No. 91226186<br>Application Serial No. 86/556,368<br>Mark: THE MILNER GROUP |

## APPLICANT'S ANSWER

Applicant Security Benefit Associates Group Services, Inc. ("Applicant") hereby answers the Notice of Opposition filed by Opposer The Milner Agency, Inc. ("Opposer") as follows:

In response to the Grounds for Opposition enumerated in Opposer's Electronic System for Trademark Trials and Appeals ("ESTTA") Notice of Opposition form, Applicant denies that there are any grounds to sustain the opposition and specifically denies that Opposer owns any common law trademark rights in "THE MILNER GROUP" (the "Mark"). On the contrary, all such common law rights in the Mark have been assigned to Applicant expressly and in writing.

In response to the introductory unnumbered paragraph, Applicant denies Opposer's allegation that it will be damaged by the registration of Application Serial No. 86/556,368.

1. Applicant admits that Opposer is an insurance agency. Applicant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 1 and therefore, to the extent not admitted herein, denies each and every allegation of this paragraph.

2. Denied.

3. Applicant admits that the Mark has achieved widespread and favorable public appearance and recognition and has become an asset of great value. Applicant denies that this is by reason of Opposer's long and extensive use of the Mark, and denies that the Mark is a symbol of Opposer's services and goodwill. To the extent not admitted herein, Applicant denies each and every allegation of this paragraph.

4. Applicant admits that the Mark is entitled to a broad scope of protection. Applicant denies that Opposer has made continuous, exclusive and widespread use of the Mark. To the extent not admitted herein, Applicant denies each and every allegation of this paragraph.

5. Applicant admits that it seeks to register the Mark. Applicant denies that Opposer owns any rights in the Mark. To the extent not admitted herein, Applicant denies each and every allegation of this paragraph.

6. Denied. Applicant specifically denies that Opposer owns any rights in the Mark.

7. Denied.

8. Denied.

9. Denied.

10. Denied. The Mark was assigned to Applicant expressly and in writing.

11. Applicant admits that registration of the Mark will provide Applicant with prima facie exclusive rights therein. Applicant denies that registration of the Mark would harm Opposer at least because Opposer owns no rights in the Mark. To the extent not admitted herein, Applicant denies each and every allegation of this paragraph.

12. Denied.

13. Denied.

## AFFIRMATIVE DEFENSES

By way of further Answer, Applicant alleges and asserts the following defenses in response to the allegations contained in the Notice of Opposition. Applicant undertakes the burden of proof only as to those defenses that are deemed affirmative defenses by law, regardless of how such defenses are denominated in the instant Answer. Applicant reserves the right to assert other affirmative defenses as this opposition proceeds based on further discovery, legal research, or analysis

that may supply additional facts or lend new meaning or clarification to Opposer's claims that are not now apparent.

### FIRST AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

Opposer's claims are barred, in whole or in part, because the Notice of Opposition fails to state a claim upon which relief can be granted because Opposer does not own any common law rights in the Mark. All such common law rights have been assigned to Applicant expressly and in writing.

### SECOND AFFIRMATIVE DEFENSE
### NO INJURY OR DAMAGE

Opposer's claims are barred, in whole or in part, because Opposer has not and will not suffer any injury or damage from the registration of Applicant's U.S. Serial No. 86/556,368.

### THIRD AFFIRMATIVE DEFENSE
### LACK OF STANDING

Opposer's claims are barred, in whole or in part, because Opposer does not have standing in that Opposer does not own any common law trademark rights in the Mark.

## FOURTH AFFIRMATIVE DEFENSE
## PRIORITY

Opposer's claims are barred, in whole or in part, because Applicant possesses prior, superior rights in the Mark that predate any rights allegedly owned by Opposer in the Mark.

## FIFTH AFFIRMATIVE DEFENSE
## ASSIGNMENT ESTOPPEL

Opposer's claims are barred, in whole or in part, because Opposer is estopped from challenging Applicant's ownership of the Mark because one or more of Opposer's officers signed the written documents expressly assigning the Mark to Applicant.

## SIXTH AFFIRMATIVE DEFENSE
## LICENSEE ESTOPPEL

Opposer's claims are barred, in whole or in part, because Opposer is estopped from challenging Applicant's ownership of the Mark because any use of the Mark by Opposer has been authorized and permitted by Applicant, and licensees are estopped from contesting the validity of their licensed rights.

WHEREFORE, Applicant requests judgment as follows:

1. That the Notice of Opposition be dismissed with prejudice;
2. That Application Serial No. 86/556,368 be allowed to register; and,
3. That applicant be granted all other reasonable and appropriate relief.

Dated: <u>July 13, 2016</u>       Respectfully submitted,

<div style="margin-left: 3em;">

<u>/s/ Joseph J. Gleason</u>
Joseph J. Gleason
**GLEASON LAW LLC**
780 Morosgo Drive #14084
Atlanta, GA 30324
Phone: 404-594-3550
Email: joe@gleason.legal

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing APPLICANT'S ANSWER was served on counsel for Opposer, on July 13, 2016 via first class mail to:

Jason A. Bernstein
Barnes & Thornburg, LLP
3475 Piedmont Road NE Suite 1700
Atlanta, GA 30305-3327

Dated: July 13, 2016

/s/ Joseph J. Gleason
*Attorney for Applicant*