■ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BARROW COUNTY, GEORGIA

**18-CV-000736-W**
WAYNE D. MCLOCKLIN
SEP 17, 2020 09:17 AM

Regina McIntyre, Clerk
Barrow County, Georgia

# IN THE SUPERIOR COURT OF BARROW COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| WILLIS LATIMER MILNER,<br><br>Plaintiff,<br><br>vs.<br><br>WHITNER READE MILNER,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>18-CV-000736-W |



PLAINTIFF'S EXHIBIT 16

## ORDER

This matter is before the Court on Plaintiff Willis Latimer Milner's Motion for Summary Judgment filed March 2, 2020. Defendant Whitner Read Milner filed a response brief on May 19, 2020, and Plaintiff filed a reply brief on August 26, 2020. The Court held a hearing via web-ex video conferencing on September 2, 2020 at which time both parties were represented by Counsel. Having considered the motions, briefs, record, argument, and applicable law, the Court finds as follows:

## BACKGROUND

This case is a dispute over stock in British American Intermediaries, Inc. ("BAII"), a closely held corporation. Plaintiff and Defendant are the sole shareholders of BAII, and both signed a Shareholders' Agreement governing the transfer of their shares.[1] The stock certificate for Defendant's shares also references the Shareholders' Agreement.[2]

The Shareholders' Agreement provides that shareholders would not sell their BAII shares "without first giving written notice of the transaction and then offering a right of first refusal to the Company and to other Shareholders." Shareholders' Agreement at ¶ 2(a). Furthermore, "Any shareholder desiring to make a transfer of his Shares (the "Transferor") must give a written notice

---

[1] Affidavit of Willis L. Milner filed March 2, 2020 (the "Lat Milner Aff.") ¶¶ 3-4 and Exhibit 1 thereto (the "Shareholders' Agreement"); *see also* Deposition of Whitner Milner (the "Whit Milner Depo.") at 31:1-23 and Exhibit 1 thereto; Plaintiff's Statement of Undisputed Facts filed March 2, 2020 at ¶ 2; Defendant's Response filed May 19, 2020 at ¶ 2 (not disputing signature).

[2] Plaintiff's Statement of Undisputed Facts at ¶ 4; Defendant's Response at ¶ 4.

to the Company of his intent to transfer the Shares," and would be "bound by the terms of the transfer as stated in the notice." *Id.* at ¶2(b). In such event, BAII "shall have an option… to elect to purchase all… of the Shares the Transferor proposes to transfer," and that "[i]f the option is not exercised by the Company, then the other Shareholders shall have a similar option to purchase the Shares." *Id.* at ¶ 2(c).

Defendant executed a Stock Purchase Agreement on August 7, 2017 selling his stock to a third-party for $10,000 without first providing notice of such proposed sale and its terms to BAII and Plaintiff as required by the Shareholder's Agreement.[3] After receiving notification of the sale by email (from the purported buyer) on August 14, 2017, Plaintiff timely sought to exercise his right to purchase the stock on the same terms by letter to Defendant.[4]

Defendant rescinded the Stock Purchase Agreement but refused to sell his stock to Plaintiff on the same terms.[5]

## CONCLUSIONS OF LAW

Plaintiff seeks summary judgment on his claims for breach of contract, declaratory judgment, and specific performance, and requests the Court order Defendant to convey the stock to Plaintiff on the same terms Defendant previously accepted from the third-party. In order to prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact so that the moving party is entitled to judgment as a matter of law. *Burton v. ECI Management Corporation*, 346 Ga.App. 668 (2018).

An option is an "offer that, for consideration, is open for acceptance for a specified time." Ga. Contracts Law and Litigation § 3:7 (2d ed.) citing *Pargar, LLC v. CP Summit Retail, LLC*, 316 Ga. App. 668, 671 (2012). Moreover, "an option right gives to the holder the power to compel a sale of the property by an unwilling owner." *Shiver v. Benton*, 251 Ga. 284, 285 (1983). Similarly, a "right of first" refusal gives the holder the right to contract "at the same price and upon

---

[3] Plaintiff's Statement of Undisputed Facts ¶¶ 8-9; Defendant's Response ¶¶8-9.
[4] Lat Milner Aff. ¶¶ 12-19 and Exhibit 4 thereto; Whit Milner Depo. 98:13-99:13, Exhibit 16 thereto.
[5] Plaintiff's Statement of Undisputed Facts at ¶ 15; Defendant's Response at ¶15.

the same terms and conditions as those contained in a bona fide third-party offer." *Bouy, Hall & Howard & Associates v. Savannah Airport Comm'n*, 256 Ga. 181, 181 (1986); *see also Hasty v. Health Serv. Centers Inc.*, 258 Ga. 625, 626 (1988) (the "trial court correctly decided that [Defendant's actions] triggered [Plaintiff's] right of first refusal and its grant of specific performance is affirmed").

Here, Defendant received an offer and intended to sell his stock, as supported by the execution of the Stock Purchase Agreement with a third-party. Execution of a Purchase Agreement qualifies as a "shareholder desiring to make a transfer of his Shares" triggering the notice and option provisions of the Shareholders' Agreement, thereby vesting Plaintiff with an irrevocable right to acquire such stock on the same terms within a specified time. *See* Shareholders' Agreement at ¶ 2(b)-(c). Defendant's failure to provide the required notice and offer BAII and Plaintiff the right to acquire such stock on the same terms was a breach of the Shareholders' Agreement.

Defendant argues that the option was not triggered because there was no notice of the sale provided to Plaintiff. However, Defendant cannot rely on his own failure to send notice of the sale (in violation of the terms contained in the Shareholder Agreement) as an unfulfilled condition precedent to Plaintiff's option because sending such notice was Defendant's responsibility under the terms of the Shareholder Agreement. *Georgia 20 Properties LLC v. Tanner*, 255 Ga. App. 6, 10 (2002) ("A party cannot avoid the obligations of a contract by frustrating the performance of a condition precedent.") citing *Hammond v. Bank of Newnan*, 217 Ga. App. 49, 50 (1995); *see also Merritt v. State Farm Mut. Auto. Ins. Co.*, 247 Ga. App. 442, 447 (2000) citing *Oxford Motors Co. v. Niblack*, 183 Ga. App. 771, 772 (1987).

Defendant indicated that he was only eighteen (18) years old at the time the Shareholder Agreement was signed, and that he signed the document because his father told him to. He argued that he was unaware of the restrictions on the sale of shares, and that he rescinded the agreement to sell to the third-party upon learning of the restrictions. Defendant does not suggest that it was not his signature on the Shareholder Agreement. Although Defendant may not have remembered

the restrictions when presented with an offer to purchase the shares, he is bound by the terms of the signed Shareholder Agreement.

BAII did not exercise its option under ¶ 2(b) of the Shareholder Agreement, and Plaintiff timely attempted to exercise his option by sending a letter to Defendant. Plaintiff did not delay in making an offer to Defendant after receiving notice of the sale, and Defendant has produced no evidence of waiver by Plaintiff. *Vratsinas Const. Co. v. Triad Drywall, LLC*, 321 Ga. App. 451, 454 (2013) ("the law will not infer the waiver of an important contract right unless the waiver is clear and unmistakable.").

Finally, because the stock is in a closely held corporation, specific performance is an appropriate remedy for Defendant's breach. O.C.G.A. §§ 23-1-8 (equity considers that done which ought to be done and directs its relief accordingly) 23-2-130 (specific performance may be decreed when damages recoverable at law not adequate); *Wallace v. Wallace*, 345 Ga. App. 764, 768 (2018) (no adequate remedy at law existed given the nature of the stock in small, family-owned business).

The Court finds that Plaintiff has met its burden. Accordingly, Plaintiff's Motion for Summary Judgment is GRANTED. Pursuant to its equitable powers, the Court ORDERS Defendant to convey such stock to Plaintiff on the same terms set forth in the Stock Purchase Agreement dated August 7, 2017 within thirty (30) days of the date of this Order.

The Court reserves a ruling on the issues of attorneys' fees.

SO ORDERED this 15 day of Sep 2020.

Wayne D. McLocklin, Judge
Barrow County Superior Court
Piedmont Judicial Circuit

Order Prepared By the Court
Largely in conformity with the proposed order
Submitted by:
Edwin M. Cook (Ga. Bar No. 154203), *Attorney for Plaintiff*