

PLAINTIFF'S
EXHIBIT
19

IN THE SUPERIOR COURT OF BARROW COUNTY
STATE OF GEORGIA

WILLIS LATIMER MILNER,

    Plaintiff,

vs.

WHITNER READE MILNER,

    Defendant.

CIVIL ACTION FILE NO.

18-CV-000736-W

## ORDER

This matter is before the Court on Plaintiff Willis Latimer Milner's Motion for Attorneys' Fees filed May 9, 2022. Defendant Whitner Read Milner filed a response brief on June 8, 2022, and the Court heard arguments on January 9, 2023. After considering the briefs and other evidence submitted by the parties and argument of counsel, it is hereby ORDERED AND ADJUDGED:

Fees are hereby awarded under O.C.G.A. § 9-15-14(b) in Plaintiff's favor against Defendant in the amount of $38,674.91, which represents attorneys' fees and expenses of litigation incurred by Plaintiff in relation to Defendant's counterclaims and defenses that lacked substantial justification, were interposed for delay or harassment, or otherwise unnecessarily expanded this proceeding. Said fees are only a portion of the fees actually incurred by Plaintiff in this matter. Regarding said award the Court hereby makes the following findings of fact and conclusions of law as required by O.C.G.A. § 9-15-14:

### FINDINGS OF FACT AND CONCLUSION OF LAW

Defendant or his business partners and their related entities have filed three different lawsuits against Plaintiff and his businesses.[1] The instant suit --

---

[1] The related lawsuits are *The Milner Agency, Inc. v. Security Benefits Associates Group Services, Inc.*, Opposition No. 91226186, Trademark Trial and Appeal Board; *Sexias G. Milner, Jr. vs. Willis Latimer Milner, et al.*, Case No. 17A04678-1 Superior Court of Gwinnett County, Georgia; and

which is the only suit filed by Plaintiff – involved a dispute over the ownership of British American Insurance Intermediaries, Inc. ("BAII"), a closely held corporation that brokers and sells insurance. Plaintiff, a shareholder in BAII, filed this suit seeking an order of specific performance after Defendant, the only other shareholder in BAII, violated BAII's shareholder's agreement by secretly selling his stock to his nephew and business partner, Sexias Milner, III ("Chad"), without first providing notice to Plaintiff and offering him the option to acquire such stock on the same terms as required by the plain terms of the shareholder's agreement.[2]

Defendant never disputed that he signed the BAII shareholders' agreement, agreed to sell his stock to Chad, and then refused to sell it to Plaintiff on the same terms when Plaintiff belatedly learned of the sale. Yet in his answer, Defendant denied he breached the shareholder's agreement, asserted multiple affirmative defenses, and filed counterclaims seeking dissolution of BAII and for an accounting, even though BAII was never a party to this suit.[3]

After discovery, Plaintiff moved for summary judgment.[4] In response, Defendant dismissed his counterclaims, including the counterclaim to dissolve BAII, waived most of his affirmative defenses, and argued that Plaintiff's option to acquire his stock was not triggered because *Defendant* failed to serve notice of the sale as required by the shareholder's agreement.[5] The Court granted Plaintiff's motion and entered summary judgment in Plaintiff's favor on

---

*The Milner Agency, Inc. v. British American Insurance Intermediaries, Inc. et al.*, Case No. 20-A-07822-1, Superior Court of Gwinnett County, Georgia.

[2] *See* Complaint filed May 14, 2018.

[3] *See generally* Answer filed July 25, 2018.

[4] *See* Motion for Summary Judgment filed March 2, 2020.

[5] *See* Defendant's Response filed May 19, 2020.

September 17, 2020.[6]   The order was affirmed after an appeal by Defendant. Plaintiff filed a motion for fees and a supporting affidavit on May 9, 2022.

The Court finds that Defendant asserted counterclaims and defenses that lacked "substantial justification," were interposed for "delay and harassment," and otherwise designed to "unnecessarily expanded the proceeding by other improper conduct" in violation of O.C.G. § 9-15-14(b).   His counterclaims for corporate dissolution and accounting of BAII were improperly asserted against Plaintiff, an individual, his defenses lacked substantial justification, and both were asserted to delay and harass or otherwise unnecessarily expand this proceeding and harm Plaintiff.

The $38,674.91 in fees hereby awarded to Plaintiff and against Defendant represents attorneys' fees incurred by Edwin M. Cook that were reasonable and necessary to the prosecution of the instant suit taking into consideration the facts and circumstance of the case in the face of the counterclaims and defenses that violated O.C.G.A. § 9-15-14(b).   Said money judgment shall accrue post-judgment interest at the legal rate.

SO ORDERED this 24 day of Jan 2023.

WAYNE D. McLOCKLIN, Judge
Piedmont Judicial Circuit

Order Prepared By:

Edwin M. Cook (Ga. Bar No. 154203)
edwin@edwincooklaw.com
**Edwin Cook Law, LLC**
50 Hurt Plaza, Suite 1140
Atlanta, Georgia 30303
Telephone:   (404) 465-3426

THE PARTY/ATTORNEY PRESEN
ORDER SHALL BE RESPONSI
FILING THIS ORDER AND SE
COPY TO ALL OTHER PAR

*Attorney for Plaintiff*

---

[6] *See* Order filed September 17, 2020.