**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Shallamoon Garner, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, and Navy Federal Credit Union, | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, Shallamoon Garner, BY AND THROUGH

COUNSEL, GARY HANSZ, ESQ., and for her Complaint against the Defendants,

pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit

   Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the city and county of Atlanta, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in the city of Loganville, and county of Gwinnett, Georgia.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a domestic limited liability company that conducts business in the State of Georgia;

   b. Navy Federal Credit Union ("Navy FCU") is a Virginia corporation that conducts business in the State of GA

## GENERAL ALLEGATIONS

7. Navy FCU is reporting a duplicate negative tradelines ("Duplicate Tradeline") with an opened date of January 2019, as a charge off on Plaintiff's Equifax credit disclosures.

8. The account reflected by the Duplicate Tradeline is the same account as the other tradeline as Plaintiff has only ever had one tradeline with Navy FCU.

9.  On April 21, 2023, the Plaintiff submitted a dispute letter to Equifax, disputing the Duplicate Tradeline.  This letter was received by Equifax on May 27, 2023.

10. In her dispute letter, Plaintiff explained that the account reflected by the Duplicate Tradeline is incorrect as she only had one account with Navy FCU.

11. Equifax forwarded Plaintiff's consumer dispute to Navy FCU.

12. Plaintiff's never received any communication related to any dispute contacted by Equifax.

13. On August 8, 2023, Plaintiff obtained her Equifax credit disclosure which showed that Equifax and Navy FCU failed or refused to delete the Duplicate Tradeline.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Her credit score has been illegally depressed by the reporting of duplicate negative tradelines. She has also experienced undue stress, shock, anxiety, depression, nervousness, embarrassment, anger, frustrations, , and humiliation due along with loss of sleep, restlessness/discomfort, nightmares due to the Defendants' failure to correct the error in her credit files and her inability to

improve her financial situation by obtaining new or more favorable credit

terms as a result of the Defendants' violations of the FCRA.

## <u>COUNT I</u>

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

17. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

18. Equifax negligently failed to maintain and/or reasonable procedures to assure the maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

19. After receiving Plaintiff's consumer dispute to the Duplicate Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

20. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

21. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

24. Such reports contained information about Plaintiff that was false,

misleading, and inaccurate.

25. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

26. After receiving Plaintiff's consumer dispute to the Duplicate Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

27. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

28. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVY FEDERAL CREDIT UNION.

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed of Plaintiff's consumer dispute regarding the Duplicate Tradeline, Navy FCU negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

31. Navy FCU negligently failed to review all relevant information available to it and provided in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to provide the client's credit reports.

32. The Duplicate Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit files with Equifax to which it is reporting such tradeline.

33. As a direct and proximate cause of Navy FCU's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. Navy FCU is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

35. Plaintiff has a private right of action to assert claims against Navy FCU arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Navy FCU for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVY FEDERAL CREDIT UNION**

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. After being informed that Plaintiff disputed the accuracy of the information it was providing, Navy FCU willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to provide the client's credit report as requested.

38. Navy FCU willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

39. As a direct and proximate cause of Navy FCU's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

40. Navy FCU is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment

against Defendant Navy FCU for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.


DATED: August 30, 2023

> By: */s/ Gary Hansz*
> Gary Hansz Bar # 534669
>  Credit Repair Lawyers of America
> 39111 6 Mile Road
> Suite 142
> Livonia, MI 48152
> (248) 353-2882
> Gary.Hansz@crlam.com
> *Attorneys for Plaintiff*
> *Shallamoon Garner*