Case 1:23-mi-99999-UNA   Document 2803-4   Filed 08/30/23   Page 1 of 6

FILED
7/21/2023 9:28 AM
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA
23SV00478

IN THE STATE COURT OF DOUGLAS COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| JODY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. 23SV00478 |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| ALVIN B. PARKER and | ) | |
| PREMIER, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER OF DEFENDANTS ALVIN B. PARKER AND PREMIER, LLC

COME NOW ALVIN B. PARKER and PREMIER, LLC (hereinafter "these Defendants"), Defendants in the above-styled case, by and through undersigned counsel, and file their Answer to Plaintiff's Complaint for Damages (hereinafter "Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim against these Defendants upon which relief can be granted.

### SECOND DEFENSE

No act or omission on the part of these Defendants caused or contributed to the Plaintiff's alleged injuries and damages and, therefore, Plaintiff is not entitled to any recovery from these Defendants.

### THIRD DEFENSE

These Defendants contest the damages and injuries which are being asserted in this action and demand strict proof thereof.

## FOURTH DEFENSE

These Defendants state that the proximate cause of the Plaintiff's alleged injuries and damages are unrelated to the subject accident, in whole or in part, and/or were due to the actions, omissions, or negligence of a person or persons other than these Defendants, for whom these Defendants are in no way liable.  Therefore, Plaintiff is not entitled to recover from these Defendants.

## FIFTH DEFENSE

Any recovery by Plaintiff should be reduced in proportion to the comparative fault of Plaintiff Smith and others, or barred if Plaintiff's fault is found to be 50% or more.

## SIXTH DEFENSE

These Defendants answer the specific allegations of Plaintiff's Complaint as follows:

1.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint.

2.

These Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint.

3.

These Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4.

These Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.

23SV00478

5.

These Defendants admit the allegations in Paragraph 5 of Plaintiff's Complaint.

6.

These Defendants admit the allegations in Paragraph 6 of Plaintiff's Complaint.

7.

These Defendants admit the allegations in Paragraph 7 of Plaintiff's Complaint.

8.

These Defendants admit the allegations in Paragraph 8 of Plaintiff's Complaint.

9.

In response to the allegations in Paragraph 9 of Plaintiff's Complaint, these Defendants admit that venue is proper in the State Court of Douglas County under O.C.G.A. § 40-12-3. These Defendants deny the remaining allegations in that Paragraph.

10.

These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiff's Complaint.

11.

In response to the allegations in Paragraph 11 of Plaintiff's Complaint, these Defendants admit that Mr. Parker was operating the stated vehicle at the approximate stated location and that a rear-end collision occurred with Plaintiff's vehicle. These Defendants deny that Mr. Parker was positioned directly behind Plaintiff during the entire relevant time, as there was another vehicle positioned directly behind Plaintiff's vehicle just prior

to the subject accident. These Defendants deny that Mr. Parker was following too closely and deny any remaining allegations in that Paragraph.

12.

In response to the allegations in Paragraph 12 of Plaintiff's Complaint, these Defendants admit that Mr. Parker owed all duties prescribed by applicable law. These Defendants deny the remaining allegations in that Paragraph, including subparts (a) through (g).

13.

These Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint.

14.

These Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

In response to the allegations in Paragraph 15 of Plaintiff's Complaint, these Defendants admit that Mr. Parker was operating the stated vehicle within the course and scope of his employment with Premier, LLC at the time of the subject accident. These Defendants deny the remaining allegations in that Paragraph.

16.

In response to the allegations in Paragraph 16 of Plaintiff's Complaint, these Defendants admit the general applicability of *respondeat superior*. These Defendants deny negligence and any remaining allegations in that Paragraph.

17.

These Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.

23SV00478

18.

These Defendants deny any allegations contained in the Paragraph beginning "WHEREFORE", including subparts (a) through (g).

19.

Any allegation, language, or paragraph not specifically responded to above is hereby denied by these Defendants.

**WHEREFORE**, these Defendants pray that:

(1) These Defendants be dismissed;

(2) All costs of this litigation be paid by Plaintiff;

(3) If any triable issue of fact exists, these Defendants request that they be granted a jury trial by a jury of twelve (12) persons; and

(4) Any other relief that this Court deems just and proper be granted.

Respectfully submitted this 21st day of July, 2023.

                                          **NALL & MILLER, LLP**

                                        By:    */s/ Quinn Curtis Bennett*

235 Peachtree Street NE                         **QUINN CURTIS BENNETT**
North Tower, Suite 1500                        Georgia Bar No. 356087
Atlanta, Georgia 30303                          **SAREENA R. BEASLEY**
Telephone: 404-522-2200                      Georgia Bar No. 454829
Facsimile: 404-522-2208
qbennett@nallmiller.com                         *Attorneys for Defendants Alvin B.*
sbeasley@nallmiller.com                         *Parker and Premier, LLC*

23SV00478

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this day the foregoing ***ANSWER OF DEFENDANTS ALVIN B. PARKER AND PREMIER, LLC*** was electronically filed with the Clerk of Court using the PeachCourt Electronic Filing System which caused all parties-of-record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>   Trevor Becton, Esq.
>   MORGAN & MORGAN ATLANTA, PLLC
>   178 S. Main Street, Unit 300
>   Alpharetta, GA  30009
>   E-Mail:  tbecton@forthepeople.com
>
>   *Attorney for Plaintiff*

Respectfully submitted this 21st day of July, 2023.

|  |  |
|---|---|
|  | **NALL & MILLER, LLP** |
| | By:   <u>/s/ Quinn Curtis Bennett</u> |
| | **QUINN CURTIS BENNETT** |
| 235 Peachtree Street NE | Georgia Bar No. 356087 |
| North Tower, Suite 1500 | **SAREENA R. BEASLEY** |
| Atlanta, Georgia 30303 | Georgia Bar No. 454829 |
| Telephone: 404-522-2200 | |
| Facsimile: 404-522-2208 | ***Attorneys for Defendants Alvin B.*** |
| qbennett@nallmiller.com | ***Parker and Premier, LLC*** |
| sbeasley@nallmiller.com | |

- 6 -
1016441v.1