State Court of Fulton County
**E-FILED**
23EV003620
6/15/2023 2:42 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

PAUL REID, JR.,

     Plaintiff,

v.

THOMAS WILLIAMS,
FRANTZ SOIRO
H & M TRUCKING, INC.,
ARCH INSURANCE COMPANY,
ABC CORP., XYZ CORP.,
JOHN DOE 1, and JOHN DOE 2,

     Defendants.

CIVIL ACTION FILE NO.:

### COMPLAINT FOR DAMAGES

COMES NOW, PAUL REID, JR., (hereinafter "Plaintiff") by and through his undersigned counsel and files this Complaint for Damages and shows this Honorable Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant Thomas Williams is an individual and resident of Ashland County, Ohio, and may be served at his residence, 515 Taylor Street, Ashland, OH 44805-3308.

3.

Defendant Frantz Soiro is an individual and resident of Fulton County, Georgia, and may be served at his residence, 3901 Campbellton Rd, SW, APT G13, Atlanta, GA 30331-5122.

# EXHIBIT A

4.

Defendant H & M Trucking, Inc. is a domestic corporation authorized to do business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant through its registered agent, James M. Walters, located at 301 Green Street, N.W., Suite 100C, Gainesville, GA 30501.

5.

Defendant ARCH INSURANCE COMPANY is a foreign corporation authorized to transact and do business within the State of Georgia and is subject to the jurisdiction and venue of this Court.  Service of process may be perfected upon Defendant ARCH INSURANCE COMPANY through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

6.

Defendants ABC Corp., John Doe 1, and John Doe 2 are entities or persons that owned and/or operated the truck tractor involved in the subject collision and/or employed the driver of the truck tractor involved in the subject collision and are subject to the jurisdiction and venue of this Court. Plaintiffs incorporate by reference all claims made in this Complaint against any Defendant against Defendants ABC Corp., John Doe 1, and John Doe 2. Defendants ABC Corp., John Doe 1, and John Doe 2 will be named and served with the Summons and Complaint once their identities are revealed.

7.

Defendant XYZ Corp. is an entity that insured the truck tractor involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant

against Defendant XYZ Corp. Defendant XYZ Corp. will be named and served with the Summons and Complaint once its identity is revealed.

8.

Defendants are subject to the jurisdiction of this Court.

9.

This Court has jurisdiction over the subject matter of this action.

10.

Venue is proper in Fulton County, Georgia pursuant to the Constitution of Georgia (Ga. Const., Art. VI, § II, ¶ VI), because Defendant Soiro resides in Fulton County, Georgia.

## ALLEGATIONS

11.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 10 of his Complaint as if fully set forth herein.

12.

On or about October 27, 2021, at approximately 4:38 p.m., Plaintiff was a lawfully restrained operator of a 2016 Toyota Camry LE/XLE/S traveling west on Georgia 138, in the County of Walton, State of Georgia.

13.

At the same time and on the occasion in question, Defendant Thomas Williams , the operator of a 2014 Freightliner Conventional, V.I.N. 3AKJGLD66ESFR5992, a vehicle for use over public highways, was traveling west on Georgia 138, in the  County of Walton, State of Georgia.

14.

At the same time and on the occasion in question, Defendant Soiro, the operator of a 2014 Hyundai Elantra, was traveling west on Georgia 138, in the County of Walton, State of Georgia.

15.

Defendant Williams was an employee or agent of Defendant H&M Trucking Inc. at the time of the foregoing collision and at all times relevant to this case.

16.

Defendant Williams was an employee or agent of Defendant ABC Corp. at the time of the foregoing collision and at all times relevant to this case.

17.

The underlying motor vehicle accident of this litigation occurred when Defendant Williams was an employee or agent, and acting in the course and scope of employment, of Defendant H&M Trucking, Inc., acting in the course and scope, and furtherance, of Defendant H&M Trucking, Inc.'s business.

18.

The underlying motor vehicle accident of this litigation occurred when Defendant Williams was an employee or agent, and acting in the course and scope of employment, of Defendants ABC Corp., John Doe 1, or John Doe 2, acting in the course and scope, and furtherance, of Defendant ABC Corp. John Doe 1, or John Does 2's business.

19.

The underlying motor vehicle accident of this litigation occurred when Defendant ARCH INSURANCE COMPANY was an insurer of Defendants H & M TRUCKING, INC., Defendant Williams, and ABC Corp.

20.

Upon information and belief, the underlying motor vehicle accident of this litigation occurred when Defendant XYZ CORP. was an insurer of Defendants H & M TRUCKING, INC., Defendant Williams, and ABC Corp.

## JOINT AND SEVERAL LIABILITY

21.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 20 of his complaint as if fully set forth herein.

22.

The combined acts of the collective Defendants were reckless, intentional, negligent, and negligent per se and proximately caused Plaintiff's injuries and damages, and, as a result Defendants are jointly and severally liable for Plaintiff's injuries and damages.

## VICARIOUS LIABILITY

23.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 22 of his complaint as if fully set forth herein.

24.

Defendant H & M Trucking, Inc. is vicariously liable under the doctrine of respondent superior as Defendant Williams was operating the foregoing 2014 Freightliner Conventional in the course and scope, and in furtherance of Defendant H & M Trucking, Inc.'s business and acting within the course and scope of the collective Defendants' business.

25.

Defendant ABC Corp. is vicariously liable under the doctrine of respondent superior as Defendant Williams was operating the foregoing 2014 Freightliner Conventional in the course and scope, and in furtherance of Defendant ABC Corp.'s business and acting within the course and scope of the collective Defendants' businesses.

**<u>DIRECT ACTION</u>**

26.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 25 of his complaint as if fully set forth herein.

27.

Plaintiff Paul Reid, Jr. takes direct action pursuant to O.C.G.A. § 40-2-140 against Defendant ARCH INSURANCE COMPANY, as Plaintiff has a cause of action against a foregoing defendant motor carrier as stated in this complaint including H & M TRUCKING, INC., and/or ABC CORP., and/or a cause of action against another motor carrier relevant to this complaint, as Defendant ARCH INSURANCE COMPANY was an insurer of the foregoing motor carrier or carriers at the time of the underlying motor vehicle accident of this complaint.

28.

Plaintiff Paul Reid, Jr. takes direct action pursuant to O.C.G.A. § 40-1-112 against Defendant ARCH INSURANCE COMPANY, as Plaintiff has a cause of action under this statute and accordingly is permitted to join insurance carrier ARCH INSURANCE COMPANY.

29.

Plaintiff Paul Reid, Jr. takes direct action pursuant to O.C.G.A. § 40-2-140 against Defendant XYZ CORP. as Plaintiff has a cause of action against a foregoing defendant motor carrier as stated in this complaint including H & M TRUCKING, INC., and/or ABC CORP., and/or a cause of action against another motor carrier relevant to this complaint, as Defendant XYZ CORP. was an insurer of the foregoing motor carrier or carriers at the time of the underlying motor vehicle accident of this complaint.

30.

Plaintiff Paul Reid, Jr. takes direct action pursuant to O.C.G.A. § 40-1-112 against Defendant XYZ CORP. as Plaintiff has a cause of action under this statute and accordingly is permitted to join insurance carrier XYZ CORP.

31.

Plaintiff Paul Reid, Jr. takes direct action pursuant to O.C.G.A. § 40-1-112 against Defendant H & M TRUCKING, INC., as Plaintiff has a cause of action under this statute and accordingly is permitted to join motor carrier H & M TRUCKING, INC.

32.

Plaintiff Paul Reid, Jr. takes direct action pursuant to O.C.G.A. § 40-1-112 against Defendant ABC CORP. as Plaintiff has a cause of action under this statute and accordingly is permitted to join motor carrier ABC CORP.

## <u>COUNT I</u>
## NEGLIGENCE

33.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 32 of his complaint into Count I as if fully set forth herein.

34.

At the time in question, Defendant Williams failed to operate his vehicle in a safe manner by following too closely and otherwise failed to operate his vehicle in a safe and prudent manner as required by the Georgia Uniform Rules of the Road, causing a collision with Defendant Soiro's vehicle, which caused Defendant Soiro's vehicle to collide with Plaintiff's vehicle and resulting in bodily injury to the Plaintiff.

35.

Because of his negligent driving, Defendant Williams breached his duty of ordinary care to the automobile-driving public and to the Plaintiff in particular.

36.

Plaintiff suffered pain and suffering as a result of the collision.

37.

Defendants H&M Trucking, Inc., and/or ABC CORP. are jointly and severally liable to Plaintiff, vicariously liable to Plaintiff, and/or subject to Plaintiff's direct-action claim.

38.

Defendants ARCH INSURANCE CORP., and/or XYZ CORP. are subject to Plaintiff's direct-action claim.

## COUNT II
**NEGLIGENCE**

39.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 38 of his complaint into Count II as if fully set forth herein.

40.

At the time in question, Defendant Soiro failed to operate his vehicle in a safe manner by following too closely and otherwise failed to operate his vehicle in a safe and prudent manner as required by the Georgia Uniform Rules of the Road causing a collision with Plaintiff's vehicle and resulting in bodily injury to the Plaintiff.

41.

As a consequence of his negligent driving, Defendant Soiro breached his duty of ordinary care to the automobile-driving public and to the Plaintiff in particular.

42.

Plaintiff suffered pain and suffering as a result of the collision.

## COUNT III
**NEGLIGENCE PER SE—FOLLOWING TOO CLOSELY**

43.

Plaintiff Paul Reid, Jr., incorporates by reference paragraphs 1 through 42 of his complaint into Count III as if fully set forth herein.

44.

At all relevant times, Defendant Thomas Williams owed a duty to comply with applicable statutes, regulations, and rules related to the safe operation of a truck in the State of Georgia.

45.

Defendant Thomas Williams breached this duty when he failed to control his truck by following too closely, as required by O.C.G.A. § 40-6-49.

46.

Plaintiff was, at the time of the collision, within the class of persons whom the above-referenced statute was meant to protect.

47.

Defendant Williams' failure to comply with O.C.G.A. § 40-6-49 created the type of collision against which the law was designed to protect.

48.

Defendant Williams' failure to comply with O.C.G.A. § 40-6-49 was the direct and proximate cause of Plaintiff's injuries and damages and thus constitutes negligence per se.

49.

Defendants ABC CORP., JOHN DOE 1, and/or JOHN DOE 2 are jointly and severally liable to Plaintiff, vicariously liable to Plaintiff, and/or subject to Plaintiff's direct-action claim.

50.

Defendants ARCH INSURANCE COMPANY and/or XYZ CORP. are subject to Plaintiff's direct-action claim.

**<u>COUNT IV</u>**
**NEGLIGENCE PER SE – FOLLOWING TOO CLOSELY**

51.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 50 of his complaint into Count IV as if fully set forth herein.

52.

At all relevant times, Defendant Soiro owed a duty to comply with applicable statutes, regulations, and rules related to the safe operation of a motor vehicle in the State of Georgia.

53.

Defendant Soiro breached his duty when he failed to control his vehicle by following too closely as required by O.C.G.A. § 40-6-49.

54.

Plaintiff was, at the time of the collision, within the class of persons whom the above-referenced statute was meant to protect.

55.

Defendant Soiro failure to comply with O.C.G.A. § 40-6-49 created the type of collision against which the law was designed to protect.

56.

Defendant Soiro failure to comply with O.C.G.A. § 40-6-49 was the direct and proximate cause of Plaintiff's injuries and damages and thus constitutes negligence per se.

**COUNT V**
**NEGLIGENT HIRING-- H&M TRUCKING, INC.**

57.

Plaintiff Paul Reid, Jr., incorporates by reference paragraphs 1 through 56 of his complaint into Count III as if fully set forth herein.

58.

At all times relevant to this litigation, Defendant H&M TRUCKING, INC. had a duty to use reasonable care when hiring an employee.

59.

Upon information and belief, Defendant H&M TRUCKING, INC. knew, or should have known, of Defendant Williams incompetence or did not conduct an adequate pre-employment investigation of Defendant Williams.

60.

As a result of Defendant H&M TRUCKING, INC.'s foregoing actions and/or admissions, Defendant H&M TRUCKING, INC. created a foreseeable, dangerous, and unreasonable risk by hiring Defendant Williams.

61.

As a result of the foreseeable and unreasonable risk Defendant H&M TRUCKING, INC. created, the underlying accident of this litigation occurred and injured Plaintiff.

62.

Defendant H&M TRUCKING, INC. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## COUNT VI

## NEGLIGENT HIRING – ABC CORP.

63.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 62 of his complaint into Count VI as if fully set forth herein.

64.

At all times relevant to this litigation, Defendant ABC CORP. had a duty to use reasonable care when hiring an employee.

65.

On information and belief, Defendant ABC CORP. knew, or should have known, of Defendant Williams' incompetence or did not conduct an adequate pre-employment investigation of Defendant Williams.

66.

As a result of Defendant ABC CORP.'s foregoing actions and/or omissions, Defendant ABC CORP. created a foreseeable, dangerous, and unreasonable risk by hiring Defendant Williams.

67.

As a result of the foreseeable and unreasonable risk Defendant ABC CORP. created, the underlying accident of this litigation occurred and injured Plaintiff.

68.

Defendant ABC CORP. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## COUNT VII
## NEGLIGENT RETENTION-- H&M TRUCKING, INC.

69.

Plaintiff Paul Reid, Jr., incorporates by reference paragraphs 1 through 68 of his complaint into Count VII as if fully set forth herein.

70.

At all times relevant to this litigation, Defendant H&M TRUCKING, INC. had a duty to use reasonable care when retaining an employee.

71.

Upon information and belief, Defendant H&M TRUCKING, INC. learned, or should have learned, during the course of Defendant Williams' employment leading up to the underling accident of this litigation, of Defendant Williams' incompetence or otherwise failed to properly observe, review, or investigate Defendant Williams.

72.

As a result of Defendant H&M TRUCKING, INC.'s foregoing actions and/or omissions, Defendant H&M TRUCKING, INC. created a foreseeable, dangerous, and unreasonable risk by retaining Defendant Williams.

73.

As a result of the foreseeable and unreasonable risk Defendant H&M TRUCKING, INC. created, the underlying accident of this litigation occurred and injured Plaintiff.

74.

Defendant H&M TRUCKING, INC. is liable to Plaintiff for damages, including special damages, general damages, and punitive damages.

## COUNT VIII

## NEGLIGENT RETENTION – ABC CORP.

75.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 74 of his complaint into Count VIII as if fully set forth herein.

76.

At all times relevant to this litigation, Defendant ABC CORP. had a duty to use reasonable care when retaining an employee.

77.

On information and belief, Defendant ABC CORP. learned, or should have learned, during the course of Defendant Williams' employment leading up to the underling accident of this litigation, of Defendant Williams' incompetence or otherwise failed to properly observe, review, or investigate Defendant Williams.

78.

As a result of Defendant ABC CORP.'s foregoing actions and/or omissions, Defendant ABC CORP. created a foreseeable, dangerous, and unreasonable risk by retaining Defendant Williams.

79.

As a result of the foreseeable and unreasonable risk Defendant ABC CORP. created, the underlying accident of this litigation occurred and injured Plaintiff.

80.

Defendant ABC CORP. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## COUNT IX

### NEGLIGENT SUPERVISION – H & M TRUCKING, INC.

81.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 80 of his complaint into Count IX as if fully set forth herein.

82.

At all times relevant to this litigation, Defendant H & M TRUCKING, INC., had a duty to supervise Defendant Williams by properly instructing Defendant Williams, reasonably controlling or monitoring the actions or omissions of Defendant Williams, and ensuring Defendant Williams was performing his job duties properly.

83.

On information and belief, Defendant H & M TRUCKING, INC. failed to properly supervise Defendant Williams and was negligent in supervision of Defendant Williams.

84.

As a result of Defendant H & M TRUCKING, INC.'s foregoing actions and/or omissions, Defendant H & M TRUCKING, INC. created a foreseeable, dangerous, and unreasonable risk by negligently supervising Defendant Williams.

85.

As a result of the foreseeable and unreasonable risk Defendant H & M TRUCKING, INC. created, the underlying accident of this litigation occurred and injured Plaintiff.

86.

Defendant H & M TRUCKING, INC. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## COUNT X

## NEGLIGENT SUPERVISION – ABC CORP.

87.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 86 of his complaint into Count X as if fully set forth herein.

88.

At all times relevant to this litigation, Defendant ABC CORP. had a duty to supervise Defendant Williams by properly instructing Defendant Williams, reasonably controlling or monitoring the actions or omissions of Defendant Williams and ensuring Defendant Williams was performing his job duties properly.

89.

On information and belief, Defendant ABC CORP. failed to properly supervise Defendant Williams and was negligent in supervision of Defendant Williams.

90.

As a result of Defendant ABC CORP.'s foregoing actions and/or omissions, Defendant ABC CORP. created a foreseeable, dangerous, and unreasonable risk by negligently supervising Defendant Williams.

91.

As a result of the foreseeable and unreasonable risk Defendant ABC CORP. created, the underlying accident of this litigation occurred and injured Plaintiff.

92.

Defendant ABC CORP. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## COUNT XI

## NEGLIGENT TRAINING – H & M TRUCKING, INC.

93.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 92 of his complaint into Count XI as if fully set forth herein.

94.

At all times relevant to this litigation, Defendant H & M TRUCKING, INC. had a duty to properly train Defendant Williams by properly instructing and educating Defendant Williams and by providing the necessary knowledge and/or other training to properly perform his job.

95.

On information and belief, Defendant H & M TRUCKING, INC. failed to properly train Defendant Williams and was negligent in training Defendant Williams.

96.

As a result of Defendant H & M TRUCKING, INC.'s foregoing actions and/or omissions, Defendant H & M TRUCKING, INC. created a foreseeable, dangerous, and unreasonable risk by negligently training Defendant Williams.

97.

As a result of the foreseeable and unreasonable risk Defendant H & M TRUCKING, INC. created, the underlying accident of this litigation occurred and injured Plaintiff.

98.

Defendant H & M TRUCKING, INC. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## COUNT XII

## NEGLIGENT TRAINING – ABC CORP.

99.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 98 of his complaint into Count XII as if fully set forth herein.

100.

At all times relevant to this litigation, Defendant ABC CORP. had a duty to properly train Defendant Williams by properly instructing and educating Defendant Williams and by providing the necessary knowledge and/or other training to properly perform his job.

101.

Upon information and belief, Defendant ABC CORP. failed to properly train Defendant Williams and was negligent in training Defendant Williams.

102.

As a result of Defendant ABC CORP.'s foregoing actions and/or omissions, Defendant ABC CORP. created a foreseeable, dangerous, and unreasonable risk by negligently training Defendant Williams.

103.

As a result of the foreseeable and unreasonable risk Defendant ABC CORP. created, the underlying accident of this litigation occurred and injured Plaintiff.

104.

Defendant ABC CORP. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## COUNT XIII

## NEGLIGENT ENTRUSTMENT – H & M TRUCKING, INC.

105.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 104 of his complaint into Count XIII as if fully set forth herein.

106.

Defendant H & M TRUCKING, INC. owned or supplied the vehicle driven by Defendant Williams at the time of the incident.

107.

Defendant H & M TRUCKING, INC. gave permission to Defendant Williams to drive and exercise control of the vehicle at the time of the incident.

108.

Defendant H & M TRUCKING, INC. exercised or had the ability to exercise control over the vehicle driven by Defendant Williams at all times relevant to this litigation.

109.

On information and belief, Defendant H & M TRUCKING, INC. knew, or should have known, of Defendant Williams' incompetence, unfitness, or otherwise unsuitability to operate the vehicle safely, or did not conduct adequate observation, investigation, or review of Defendant Williams.

110.

As a result of Defendant H & M TRUCKING, INC.'s foregoing actions and/or omissions, Defendant H & M TRUCKING, INC.  created a foreseeable, dangerous, and unreasonable risk by negligently entrusting the foregoing vehicle to Defendant Williams.

111.

As a result of the foreseeable and unreasonable risk Defendant H & M TRUCKING, INC. created, the underlying accident of this litigation occurred and injured Plaintiff.

112.

Defendant H & M TRUCKING, INC. is responsible for the conduct and actions of Defendant Williams under the doctrine of negligent entrustment.

113.

Defendant H & M TRUCKING, INC. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

## COUNT XIV

### NEGLIGENT ENTRUSTMENT – ABC CORP.

114.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 113 of his complaint into Count XIV as if fully set forth herein.

115.

Defendant ABC CORP. owned or supplied the vehicle driven by Defendant Williams at the time of the incident.

116.

Defendant ABC CORP. gave permission to Defendant Williams to drive and exercise control of the vehicle at the time of the incident.

117.

Defendant ABC CORP. exercised or had the ability to exercise control over the vehicle driven by Defendant Williams at all times relevant to this litigation.

118.

Upon information and belief, Defendant ABC CORP. knew, or should have known, of Defendant Williams' incompetence, unfitness, or otherwise unsuitability to operate the vehicle safely, or did not conduct adequate observation, investigation, or review of Defendant Williams.

119.

As a result of Defendant ABC CORP.'s foregoing actions and/or omissions, Defendant ABC CORP. created a foreseeable, dangerous, and unreasonable risk by negligently entrusting the foregoing vehicle to Defendant Williams.

120.

As a result of the foreseeable and unreasonable risk Defendant ABC CORP. created, the underlying accident of this litigation occurred and injured Plaintiff.

121.

Defendant ABC CORP. is responsible for the conduct and actions of Defendant Williams under the doctrine of negligent entrustment.

122.

Defendant ABC CORP. is liable to Plaintiff for damages including special damages, general damages, and punitive damages.

**<u>DAMAGES</u>**

123.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 122 of his complaint as if fully set forth herein.

124.

Plaintiff Paul Reid, Jr. received medical treatment for his injuries of at least $140,860.70, the exact amount to be determined at trial.

125.

Plaintiff Paul Reid, Jr., will continue to suffer both general and special damages in the future, including expenses for future medical treatment and future pain and suffering, and past and future wage loss, the exact amount to be proven at trial.

126.

Defendants' negligence, commission of negligence per se, and other unlawful actions or omissions as stated in this complaint, which constituted the actual and proximate cause of injuries to the Plaintiff, consisted of one or more of the following:

a)      Following too closely in violation of O.C.G.A. § 40-6-49;

b)      Failure to exercise due care in operating a motor vehicle in violation of O.C.G.A § 40-6-241;

c)      Failure to exercise that degree of care which is exercised by ordinary persons in the same or similar situation, in violation of O.C.G.A § 51-1-2;

d)      Failure to use ordinary care to avoid colliding with another vehicle;

e)      Failure to keep a proper lookout; and/or

f)      Failure to maintain control of the vehicle.

127.

As a direct and proximate result of Defendants' negligence and commission of negligence per se, Plaintiff has incurred damages including but not limited to medical expenses for treatment of his injuries, pain, emotional distress, and general inconvenience.

## PUNITIVE DAMAGES

### 128.

Plaintiff Paul Reid, Jr. incorporates by reference paragraphs 1 through 127 of his complaint as if fully set forth herein.

### 129.

Defendants, at the time of the collision, were unaware that Plaintiff's vehicle was lawfully traveling in his proper lane of travel because at the time of the collision Defendants were intentionally using an electronic cellular device to send and/or receive electronic messages, call(s), and data.

### 130.

By engaging in the above-described conduct, and all of the Defendants' conduct stated in this Complaint, Defendants acted in an intentional, malicious, fraudulent, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of Defendants is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish Defendants for the misconduct and to deter Defendants from engaging in such aggravating conduct in the future. Plaintiff hiseby specifically pleads for the imposition of punitive damages.

## ATTORNEY'S FEES AND COSTS OF LITIGATION

### 131.

Plaintiff Paul Reid Jr. incorporates by reference paragraphs 1 through 130 of his complaint as if fully set forth herein.

132.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when thise is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-15-14, and O.C.G.A. § 33-4-6.

WHEREFORE, Plaintiff prays for judgment against Defendants in the following particulars:

a) Plaintiff be awarded general damages to fully compensate him for his pain and suffering and other human losses in an amount to be determined at trial;

b) Plaintiff be awarded special damages in an amount of at least $140,860.70, the exact amount to be proven at trial to fully compensate him for his medical bills, lost wages, and loss of earning capacity;

c) Plaintiff be awarded special damages in the exact amount to be proven at trial to fully compensate him for his future medical expenses and future wage loss;

d) Plaintiff be awarded general damages to fully compensate him for his future pain and suffering;

e) Punitive damages be assessed against Defendants;

f) Judgment be rendered against Defendants for punitive damages to deter like or similar conduct in the future;

g) Plaintiff be awarded attorney fees and other expenses of litigation pursuant to O.C.G.A. § 13-6-11;

h) Plaintiff be awarded attorney fees pursuant to O.C.G.A. § 9-15-14 and O.C.G.A. § 33-4-6 as Defendants have acted in bad faith;

i) Plaintiff be awarded his attorney fees and costs of litigation as the Defendants have acted in bad faith, have been stubbornly litigious, or have caused the Plaintiff unnecessary trouble and expense;

j) Plaintiff be granted a jury panel of twelve (12) from which to select a jury of six

pursuant to O.C.G.A § 15-12-122;

k)      Process be issued requiring the Defendants to answer according to law; and

l)      Plaintiff be granted such furthis and other relief as is just and proper.

Respectfully submitted this    15th    day of   June  , 2023.

Bader Scott Injury Lawyers,

_____

**Camio Robinson**
Georgia Bar No. 551843
**David Byrd**
Georgia Bar No. 974073
*Attorneys for Plaintiff Paul Reid Jr.*

Bader Scott Injury Lawyers
3384 Peachtree Road NE, Suite 500
Atlanta, GA 30326
Ph: 404.888.8888
camiorobinson@baderscott.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV003620**
**8/3/2023 5:28 PM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY, STATE OF GEORGIA

PAUL REID, JR.

               Plaintiff/Petitioner

vs.

THOMAS WILLIAMS, ET AL.

            Defendant/Respondent

Case No.:    **23EV003620**

AFFIDAVIT OF NON-SERVICE OF
**SUMMONS (X5); COMPLAINT; GENERAL CIVIL AND
DOMESTIC RELATIONS CASE FILING INFORMATION
FORM (X2); POLICE REPORT**

Received by **Xavier Irvine**, on the **23rd day of July, 2023 at 11:18 PM** to be served upon **Frantz Soiro** at **101 Rampart Street, Dallas, Paulding County, GA 30157**.

On the **30th day of July, 2023 at 6:52 PM**, I, **Xavier Irvine**, NON-SERVED **Frantz Soiro**.

**NON-SERVICE** after due search, careful inquiry and diligent attempts at **101 Rampart Street, Dallas, Paulding County, GA 30157**, I have been unable to effect process upon the person/entity being served due to the following reason(s):
**7/25/2023 6:26 PM: I spoke with an individual who identified themselves as the resident and they stated subject moved.**
**7/30/2023 6:52 PM: I spoke with an individual who identified themselves as the resident and they stated subject moved. Due to divorce.**

Service Fee Total: **$73.50**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____     n/a     JUL 3 0 2023
        Xavier Irvine           Server ID #          Date

Notary Public: Subscribed and sworn before me on this ___ day of _____ in the year of 20___
Personally known to me _____ or _____ identified by the following document: _____

Notary Public (Legal Signature)

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV003620**
**8/3/2023 6:25 PM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY, STATE OF GEORGIA

| | |
|---|---|
| **PAUL REID, JR.** | Case No.: **23EV003620** |
| Plaintiff/Petitioner | |
| vs. | |
| **THOMAS WILLIAMS, ET AL.** | AFFIDAVIT OF NON-SERVICE OF |
| Defendant/Respondent | **SUMMONS (X5); COMPLAINT; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM (X2); POLICE REPORT** |

Received by **Dana Faulkner**, on the **21st day of July, 2023 at 8:35 PM** to be served upon **H&M Trucking, Inc. c/o JAMES M. WALTERS, REGISTERED AGENT** at **301 Green St Suite 100C, Gainesville, Hall County, GA 30501.**

On the **24th day of July, 2023 at 1:10 PM**, I, **Dana Faulkner**, **NON-SERVED H&M Trucking, Inc. c/o JAMES M. WALTERS, REGISTERED AGENT.**

**NON-SERVICE** after due search, careful inquiry and diligent attempts at **301 Green St Suite 100C, Gainesville, Hall County, GA 30501**, I have been unable to effect process upon the person/entity being served due to the following reason (s):
**7/24/2023 1:10 PM: I spoke with an individual who identified themselves as the employee and they stated subject unknown. This Company nor the Agent at this location. SKI ENTERPRISE is currently in this suite. Not listed on the building Directory .**

Service Fee Total: **$83.50**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| NAME: | _signature_ | 260 | **JUL 2 4 2023** |
| | Dana Faulkner | Server ID # | Date |

Notary Public: Subscribed and sworn before me on this _____ day of **JUL 2 4 2023** in the year of 20__
Personally known to me __X__ or _____ identified by the following document:

_signature_

Notary Public (Legal Signature)

*[Notary seal: MARSHA LAUSMAN, NOTARY PUBLIC, GEORGIA, EXPIRES 01-16-2025, GWINNETT COUNTY]*

REF: **REF-13280849**

State Court of Fulton County
**E-FILED**
23EV003620
8/30/2023 12:13 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY, STATE OF GEORGIA

**PAUL REID JR**

Plaintiff/Petitioner

vs.

**ARCH INSURANCE COMPANY**

Defendant/Respondent

Case No.: **23EV003620**

AFFIDAVIT OF SERVICE OF
**SUMMONS; COVER LETTER; GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM; COMPLAINT**

Received by **Bradley Delfs**, on the **28th day of August, 2023 at 9:09 AM** to be served upon **H&M Trucking, Inc.** at **2522 Edward Babe Gomez Avenue, Omaha, Douglas County, NE 68107**.
On the **28th day of August, 2023 at 2:50 PM**, I, **Bradley Delfs**, **SERVED H&M Trucking, Inc.** at **2522 Edward Babe Gomez Avenue, Omaha, Douglas County, NE 68107** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **ron beginburg**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to ron beginburg who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a gray-haired white male contact 45-55 years of age, 5'10"-6'0" tall and weighing over 300 lbs with a goatee.**

**Entered building. A lady with blonde hair asked how she can help me. Said I had papers to serve. Needed a registered agent. She said let me see if Ron is available. Was approached by a man that had "Ron" on his shirt. Asked if he was authorized to accept papers he said yes. And name was Ron beginburg. His title was manager**

Service Fee Total: **$171.50**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____    Server ID # _____    Date **8/29/23**
        Bradley Delfs

Notary Public. Subscribed and sworn before me on this **29th** day of **August** in the year of 20**23**
Personally known to me **✓** or _____ identified by the following document:

_____
Notary Public (Legal Signature)

**PATTY KLEINLEIN**
Commission Number 835300
My Commission Expires
October 25, 2024

**PATTY KLEINLEIN**
Commission Number 835300
My Commission Expires
October 25, 2024



REF: **9981600**

State Court of Fulton County
**E-FILED**
23EV003620
8/8/2023 2:46 PM
Donald Talley, Clerk
Civil Division

## Return of Service Ashland County Sheriff's Office

PAUL REID JR.

Case No. **23EV003620**

vs.

THOMAS WILLIAMS, FRANTZ SOIRO,
H & M TRUCKING, INC., ARCH INSURANCE COMPANY,
ABC CORP., XYZ CORP., JOHN DOE 1 AND JOHN DOE 2.

*R* I received this Summons on Complaint from the Bader Scott Injury Lawyers, on the 27th day of July, 2023 at 8:26 o'clock A. M. with instructions to make service upon Thomas Williams.

[✓] Personal Service was made on _July 31st, 2023 @ 5:39 PM_

- Or -

[ ] Residential Service was made on _N/A_

Served to: _N/A_

- Or -

[ ] Failure of Service because: _N/A_

_E. Wayne Risner_
Sheriff E. Wayne Risner

X _B. ___ #338_
Deputy    _7/31/23   1739   2 mi_ (P)

FEES:

| | |
|---|---|
| Service & Return | $ 6.00 |
| Mileage | $ 5.00 |
| Postage | $ |
| Door Tag | $ .15 |
| Total | $ 11.15 |

Please include our Paper Served ID number with your payment Thank-you    Paper ID # C202301167

Please remit payment to:    Ashland County Sheriff's Office, 1205 East Main Street, Ashland, Ohio 44805

State Court of Fulton County
**E-FILED**
23EV003620
6/21/2023 10:05 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

Paul Reid, Jr.

3384 Peachtree Road, N.E., Suite 500

Atlanta, GA 30326

Plaintiff's Name, Address, City, State, Zip Code

vs.

Arch Insurance Company c/o Corporation Service Company

2 Sun Court, Suite 400

Peachtree Corners, GA 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Camio Robinson, Esq.

Address:  3384 Peachtree Road, N.E., Suite 500

City, State, Zip Code:  Atlanta, GA 30326          Phone No. 404-888-8888

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV003620**
**6/21/2023 10:05 AM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

**DO NOT WRITE IN THIS SPACE**

## STATE COURT OF FULTON COUNTY
Civil Division

**CIVIL ACTION FILE #:** _____

Paul Reid Jr.
_____
3384 Peachtree Road, N.E., Suite 500
_____
Atlanta, GA 30326
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

Frantz Soiro
_____
3901 Campbellton Road, S.W., Apt G13
_____
Atlanta, GA 30331-5122
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: ___Camio Robinson, Esq._____

Address: ___3384 Peachtree Road, N.E., Suite 500_____

City, State, Zip Code: ___Atlanta, GA 30326_____   Phone No.: ___404-888-8888_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

  Served, this _____ day of _____, 20_____.   _____
                                                                                                    DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV003620**
**6/21/2023 10:05 AM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _____

Paul Reid Jr.
_____

3384 Peachtree Road, N.E., Suite 500
_____

Atlanta, GA 30326
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Thomas Williams
_____

515 Taylor Street
_____

Ashland, OH 44805-3308
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: ___Camio Robinson, Esq._____

Address: __3384 Peachtree Road, N.E., Suite 500_____

City, State, Zip Code: _Atlanta, GA 30326_____   Phone No.:_404-888-8888____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.   _____
                                                                                                       DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV003620
6/21/2023 10:05 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

Paul Reid, Jr.

3384 Peachtree Road, N.E., Suite 500

Atlanta, GA 30326

Plaintiff's Name, Address, City, State, Zip Code

vs.

H&M Trucking, Inc. c/o James M. Walters

301 Green Street, N.W., Suite 100C

Gainesville, GA 30501.

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Camio Robinson, Esq.

Address: 3384 Peachtree Road, N.E., Suite 500

City, State, Zip Code: Atlanta, GA 30326          Phone No.: 404-888-8888

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.          _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.          _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV003620
8/30/2023 4:12 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **PAUL REID, JR.,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **23EV003620** |
| **THOMAS WILLIAMS, FRANTZ SOIRO, H&M TRUCKING, INC., ARCH INSURANCE COMPANY, ABC CORP., XYZ CORP., JOHN DOE 1, and JOHN DOE 2** | **JURY TRIAL OF 12 DEMANDED** |
| **Defendants.** | |

## DEFENDANT THOMAS WILLIAMS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, **THOMAS WILLIAMS**, Defendant in the above-styled action, and files this its Answer to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant denies that any Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

### THIRD DEFENSE

To the extent shown in discovery, Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from Defendants.

-1-

## FOURTH DEFENSE

To the extent shown in discovery, Plaintiff has failed to mitigate his damages and is therefore barred from recovery.

## FIFTH DEFENSE

To the extent shown in discovery, the sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than Defendant.  Therefore, Plaintiff is barred from any recovery against Defendant.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon Defendants would violate their rights under the Constitution of the State of Georgia and the United States Constitution.  Further in this regard, Defendant specifically shows that a *bona fide* dispute exists to the extent that Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

To the extent shown in discovery, Plaintiff's claims are barred by the avoidance doctrine.

## NINTH DEFENSE

Plaintiff cannot recover to the extent that there was an intervening or superseding cause.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiffs' damages are the result of a preexisting or otherwise unrelated medical condition.

## ELEVENTH DEFENSE

Plaintiff's failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiff's rights to recover and/or recoup any items of special damages in this action, as a matter of law.  O.C.G.A. § 9-11-9(g).

## TWELFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## THIRTEENTH DEFENSE

Defendant asserts that venue is improper as to this Defendant.

## FOURTEENTH DEFENSE

Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## FIFTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 1 and, therefore, denies same as stated.

2.

-3-

Defendant admits the allegations contained in Paragraph 2.

3.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 3 and, therefore, denies same as stated.

4.

Defendant denies the allegations contained in Paragraph 4 as stated.

5.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 5 and, therefore, denies same as stated.

6.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 6 and, therefore, denies same as stated.

7.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 7 and, therefore, denies same as stated.

8.

Defendant denies the allegations contained in Paragraph 8 as stated.

9.

Defendant denies the allegations contained in Paragraph 9 as stated.

10.

Defendant denies the allegations contained in Paragraph 10 as stated.

## **ALLEGATIONS**

11.

Defendant reasserts Paragraphs 1-10 as if stated verbatim herein.

12.

In response to Paragraph 12, Defendant admits, upon information and belief, that on October 27, 2021, Plaintiff was operating a 2016 Toyota Camry traveling west on Georgia 138 in Walton County, Georgia.  Defendant is without sufficient information to form a belief as to the remaining allegations of this Paragraph and, therefore, denies same as stated.

13.

Defendant admits the allegations contained in Paragraph 13.

14.

Defendant admits, upon information and belief, the allegations contained in Paragraph 14.

15.

Defendant admits the allegations contained in Paragraph 15.

16.

Defendant denies the allegations contained in Paragraph 16.

17.

Defendant admits the allegations contained in Paragraph 17.

18.

Defendant denies the allegations contained in Paragraph 18.

19.

Defendant denies the allegations contained in Paragraph 19 as stated.

20.

Defendant denies the allegations contained in Paragraph 20 as stated.

## JOINT AND SEVERAL LIABILITY

21.

Defendant reasserts Paragraphs 1-20 as if stated verbatim herein.

22.

Defendant denies the allegations contained in Paragraph 22.

## **VICARIOUS LIABILITY**

23.

Defendant reasserts Paragraphs 1-22 as if stated verbatim herein.

24.

In response to Paragraph 24, Defendant admits that he was operating the 2014 Freightliner Conventional in the course and scope of his business with Defendant H&M.  Defendant denies the remaining allegations contained in this Paragraph as stated.

25.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 25 and, therefore, denies same as stated.

## **DIRECT ACTION**

26.

Defendant reasserts Paragraphs 1-25 as if stated verbatim herein.

27.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 27 and, therefore, denies same as stated.

28.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 28 and, therefore, denies same as stated.

29.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 29 and, therefore, denies same as stated.

30.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 30 and, therefore, denies same as stated.

31.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 31 and, therefore, denies same as stated.

32.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 32 and, therefore, denies same as stated.

## **COUNT I- NEGLIGENCE**

33.

Defendant reasserts Paragraphs 1-32 as if stated verbatim herein.

34.

Paragraph 34 draws a legal conclusion that does not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 34 as stated.

35.

Paragraph 35 draws a legal conclusion that does not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 35 as stated.

36.

Defendant is without sufficient information to form a belief as to the allegations contained in

Paragraph 36 and, therefore, denies same as stated.

37.

Defendant denies the allegations contained in Paragraph 37 as stated.

38.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 38 and, therefore, denies same as stated.

**COUNT II- NEGLIGENCE**

39.

Defendant asserts Paragraphs 1-38 as if stated verbatim herein.

40.

Paragraph 40 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 40 and, therefore, denies same as stated.

41.

Paragraph 41 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 41 and, therefore, denies same as stated.

42.

Paragraph 42 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 42 and, therefore, denies same as stated.

**COUNT III- NEGLIGENCE PER SE- FOLLOWING TOO CLOSELY**

43.

-8 -

Defendant reasserts Paragraphs 1-42 as if stated verbatim herein.

44.

In response to Paragraph 44, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

45.

Paragraph 45 draws a legal conclusion that does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 45 as stated.

46.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 46 and, therefore, denies same as stated.

47.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 47 and, therefore, denies same as stated.

48.

Paragraph 48 draws a legal conclusion that does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph 48 as stated.

49.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 49 and, therefore, denies same as stated.

50.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 50 and, therefore, denies same as stated.

## COUNT IV- NEGLIGENCE PER SE- FOLLOWING TOO CLOSELY

51.

Defendant reasserts Paragraphs 1-50 as if stated verbatim herein.

52.

Paragraph 52 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 52 and, therefore, denies same as stated.

53.

Paragraph 53 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 53 and, therefore, denies same as stated.

54.

Paragraph 54 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 54 and, therefore, denies same as stated.

55.

Paragraph 55 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 55 and, therefore, denies same as stated.

56.

Paragraph 56 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 56 and, therefore, denies same as stated.

## **COUNT V- NEGLIGENT HIRING- H&M TRUCKING, INC.**

57.

Defendant reasserts Paragraphs 1-56 as if stated verbatim herein.

58.

Paragraph 58 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 58 and, therefore, denies same as stated.

59.

Defendant denies the allegations contained in Paragraph 59.

60.

Defendant denies the allegations contained in Paragraph 60.

61.

Defendant denies the allegations contained in Paragraph 61.

62.

Defendant denies the allegations contained in Paragraph 62.

## **COUNT VI- NEGLIGENT HIRING- ABC CORP.**

63.

Defendant reasserts Paragraphs 1-62 as if stated verbatim herein.

64.

Paragraph 64 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 64 and, therefore, denies same as stated.

65.

Paragraph 65 is not directed to this Defendant and, therefore, does not require a response.  To

-11

the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 65 and, therefore, denies same as stated.

66.

Paragraph 66 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 66 and, therefore, denies same as stated.

67.

Paragraph 67 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 67 and, therefore, denies same as stated.

68.

Paragraph 68 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 68 and, therefore, denies same as stated.

## COUNT VII- NEGLIGENT RETENTION- H&M TRUCKING, INC.

69.

Defendant reasserts Paragraphs 1-68 as if stated verbatim herein.

70.

Paragraph 70 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 70 and, therefore, denies same as stated.

71.

Defendant denies the allegations contained in Paragraph 71.

-12

72.

Defendant denies the allegations contained in Paragraph 72.

73.

Defendant denies the allegations contained in Paragraph 73.

74.

Defendant denies the allegations contained in Paragraph 74.

## **COUNT VIII- NEGLIGENT RETENTION- ABC CORP.**

75.

Defendant reasserts Paragraphs 1-74 as if stated verbatim herein.

76.

Paragraph 76 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 76 and, therefore, denies same as stated.

77.

Paragraph 77 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 77 and, therefore, denies same as stated.

78.

Paragraph 78 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 78 and, therefore, denies same as stated.

79.

Paragraph 79 is not directed to this Defendant and, therefore, does not require a response.  To

the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 79 and, therefore, denies same as stated.

80.

Paragraph 80 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 80 and, therefore, denies same as stated.

## COUNT IX- NEGLIGENT SUPERVISION- H&M TRUCKING, INC.

81.

Defendant reasserts Paragraphs 1-80 as if stated verbatim herein.

82.

Paragraph 82 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 82 and, therefore, denies same as stated.

83.

Defendant denies the allegations contained in Paragraph 83.

84.

Defendant denies the allegations contained in Paragraph 84.

85.

Defendant denies the allegations contained in Paragraph 85.

86.

Defendant denies the allegations contained in Paragraph 86.

## COUNT X- NEGLIGENT SUPERVISION- ABC CORP.

87.

Defendant reasserts Paragraphs 1-86 as if stated verbatim herein.

88.

Paragraph 88 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 88 and, therefore, denies same as stated.

89.

Paragraph 89 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 89 and, therefore, denies same as stated.

90.

Paragraph 90 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 90 and, therefore, denies same as stated.

91.

Paragraph 91 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 91 and, therefore, denies same as stated.

92.

Paragraph 92 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 92 and, therefore, denies same as stated.

## COUNT XI- NEGLIGENT TRAINING- H&M TRUCKING, INC.

93.

-15-

Defendant reasserts Paragraphs 1-92 as if stated verbatim herein.

94.

Paragraph 94 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 94 and, therefore, denies same as stated.

95.

Defendant denies the allegations contained in Paragraph 95.

96.

Defendant denies the allegations contained in Paragraph 96.

97.

Defendant denies the allegations contained in Paragraph 97.

98.

Defendant denies the allegations contained in Paragraph 98.

## **COUNT XII- NEGLIGENT TRAINING- ABC CORP.**

99.

Defendant reasserts Paragraphs 1-98 as if stated verbatim herein.

100.

Paragraph 100 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 100 and, therefore, denies same as stated.

101.

Paragraph 101 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the

allegations contained in Paragraph 101 and, therefore, denies same as stated.

102.

Paragraph 102 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 102 and, therefore, denies same as stated.

103.

Paragraph 103 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 103 and, therefore, denies same as stated.

104.

Paragraph 104 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 104 and, therefore, denies same as stated.

## COUNT XIII- NEGLIGENT ENTRUSTMENT- H&M TRUCKING, INC.

105.

Defendant reasserts Paragraphs 1-104 as if stated verbatim herein.

106.

Defendant admits the allegations contained in Paragraph 106.

107.

Defendant admits the allegations contained in Paragraph 107.

108.

Defendant denies the allegations contained in Paragraph 108 as stated.

109.

Defendant denies the allegations contained in Paragraph 109.

110.

Defendant denies the allegations contained in Paragraph 110.

111.

Defendant denies the allegations contained in Paragraph 111.

112.

Defendant denies the allegations contained in Paragraph 112.

113.

Defendant denies the allegations contained in Paragraph 113.

## COUNT XIV- NEGLIGENT ENTRUSTMENT- ABC CORP.

114.

Defendant reasserts Paragraphs 1-113 as if stated verbatim herein.

115.

Paragraph 115 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 115 and, therefore, denies same as stated.

116.

Paragraph 116 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 116 and, therefore, denies same as stated.

117.

Paragraph 117 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the

allegations contained in Paragraph 117 and, therefore, denies same as stated.

118.

Paragraph 118 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 118 and, therefore, denies same as stated.

119.

Paragraph 119 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 119 and, therefore, denies same as stated.

120.

Paragraph 120 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 120 and, therefore, denies same as stated.

121.

Paragraph 121 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 121 and, therefore, denies same as stated.

122.

Paragraph 122 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 122 and, therefore, denies same as stated.

## DAMAGES

123.

-19

Defendant reasserts Paragraphs 1-122 as if stated verbatim herein.

124.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 124 and, therefore, denies same as stated.

125.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 125 and, therefore, denies same as stated.

126.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 126 and, therefore, denies same as stated.

127.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 127 and, therefore, denies same as stated.

## PUNITIVE DAMAGES

128.

Defendant reasserts Paragraphs 1-127 as if stated verbatim herein.

129.

Defendant denies the allegations contained in Paragraph 129.

130.

Defendant denies the allegations contained in Paragraph 130.

## ATTORNEY'S FEES AND COSTS OF LITIGATION

131.

Defendant reasserts Paragraphs 1-130 as if stated verbatim herein.

132.

Defendant denies the allegations contained in Paragraph 132.

133.

Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

**WHEREFORE**, Defendant Williams, having fully answered Plaintiff's Complaint for Damages, prays as follows:

a)   that he be discharged without cost or liability;

b)   that he has a trial by a jury of twelve persons as to all issues properly triable by a jury, including liability, causation and damages;

c)   that a Pre-Trial Conference be held;

d)   that costs and attorneys' fees be assessed against Plaintiff; and

e)   that he has such other relief as the Court deems just and proper.

Respectfully submitted this 30th day of August 2023.

-21

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Paul B. Trainor*

_____

SCOTT H. MOULTON
Georgia Bar No. 974237
PAUL B. TRAINOR
Georgia Bar No. 641312
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
paul.trainor@qpwblaw.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **PAUL REID, JR.,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **23EV003620** |
| **THOMAS WILLIAMS, FRANTZ SOIRO, H&M TRUCKING, INC., ARCH INSURANCE COMPANY, ABC CORP., XYZ CORP., JOHN DOE 1, and JOHN DOE 2** | **JURY TRIAL OF 12 DEMANDED** |
| **Defendants.** | |

**CERTIFICATEOF SERVICE**

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT H&M TRUCKING, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Odyssey E-File which will automatically send electronic notification to the following:

Camio Robinson
David Byrd
Bader Scott Injury Lawyers
3384 Peachtree Road NE, Suite 500
Atlanta, GA 30326
camiorobinson@baderscott.com
*Counsel for Plaintiff*

Respectfully submitted this 30th day of August 2023.

-23

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Paul B. Trainor*

_____
SCOTT H. MOULTON
Georgia Bar No. 974237
PAUL B. TRAINOR
Georgia Bar No. 641312
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
paul.trainor@qpwblaw.com

State Court of Fulton County
**E-FILED**
23EV003620
8/30/2023 4:12 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **PAUL REID, JR.,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **23EV003620** |
| **THOMAS WILLIAMS, FRANTZ SOIRO, H&M TRUCKING, INC., ARCH INSURANCE COMPANY, ABC CORP., XYZ CORP., JOHN DOE 1, and JOHN DOE 2** | **JURY TRIAL OF 12 DEMANDED** |
| **Defendants.** | |

## DEFENDANT H&M TRUCKING, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, **H&M TRUCKING, INC.**, Defendant in the above-styled action, and files this its Answer to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant denies that any Defendant was negligent in any manner, or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

### THIRD DEFENSE

To the extent shown in discovery, Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from Defendants.

-1-

## FOURTH DEFENSE

To the extent shown in discovery, Plaintiff has failed to mitigate his damages and is therefore barred from recovery.

## FIFTH DEFENSE

To the extent shown in discovery, the sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence *per se*, of a party or parties other than Defendant.  Therefore, Plaintiff is barred from any recovery against Defendant.

## SIXTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## SEVENTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiff, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon Defendants would violate their rights under the Constitution of the State of Georgia and the United States Constitution.  Further in this regard, Defendant specifically shows that a *bona fide* dispute exists to the extent that Defendant is not liable to Plaintiff.

## EIGHTH DEFENSE

To the extent shown in discovery, Plaintiff's claims are barred by the avoidance doctrine.

## NINTH DEFENSE

Plaintiff cannot recover to the extent that there was an intervening or superseding cause.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiffs' damages are the result of a preexisting or otherwise unrelated medical condition.

## ELEVENTH DEFENSE

Plaintiff's failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiff's rights to recover and/or recoup any items of special damages in this action, as a matter of law.  O.C.G.A. § 9-11-9(g).

## TWELFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## THIRTEENTH DEFENSE

Defendant asserts that venue is improper as to this Defendant.

## FOURTEENTH DEFENSE

Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## FIFTEENTH DEFENSE

This Defendant responds to the individually numbered paragraphs of the Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 1 and, therefore, denies same as stated.

2.

Defendant is without sufficient information to form a belief as to the allegations contained in

Paragraph 2 and, therefore, denies same as stated.

3.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 3 and, therefore, denies same as stated.

4.

Defendant denies the allegations contained in Paragraph 4 as stated.

5.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 5 and, therefore, denies same as stated.

6.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 6 and, therefore, denies same as stated.

7.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 7 and, therefore, denies same as stated.

8.

Defendant denies the allegations contained in Paragraph 8 as stated.

9.

Defendant denies the allegations contained in Paragraph 9 as stated.

10.

Defendant denies the allegations contained in Paragraph 10 as stated.

## **ALLEGATIONS**

11.

Defendant reasserts Paragraphs 1-10 as if stated verbatim herein.

12.

In response to Paragraph 12, Defendant admits, upon information and belief, that on October 27, 2021, Plaintiff was operating a 2016 Toyota Camry traveling west on Georgia 138 in Walton County, Georgia.  Defendant is without sufficient information to form a belief as to the remaining allegations of this Paragraph and, therefore, denies same as stated.

13.

Defendant admits the allegations contained in Paragraph 13.

14.

Defendant admits, upon information and belief, the allegations contained in Paragraph 14.

15.

Defendant admits the allegations contained in Paragraph 15.

16.

Defendant denies the allegations contained in Paragraph 16.

17.

Defendant admits the allegations contained in Paragraph 17.

18.

Defendant denies the allegations contained in Paragraph 18.

19.

Defendant denies the allegations contained in Paragraph 19 as stated.

20.

Defendant denies the allegations contained in Paragraph 20 as stated.

**<u>JOINT AND SEVERAL LIABILITY</u>**

21.

Defendant reasserts Paragraphs 1-20 as if stated verbatim herein.

22.

Defendant denies the allegations contained in Paragraph 22.

## **VICARIOUS LIABILITY**

23.

Defendant reasserts Paragraphs 1-22 as if stated verbatim herein.

24.

In response to Paragraph 24, Defendant admits that Defendant Williams was operating the 2014 Freightliner Conventional in the course and scope of his business with this Defendant.  Defendant denies the remaining allegations contained in this Paragraph as stated.

25.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 25 and, therefore, denies same as stated.

## **DIRECT ACTION**

26.

Defendant reasserts Paragraphs 1-25 as if stated verbatim herein.

27.

In response to Paragraph 27, Defendant admits that, at the time of the incident described in Plaintiff's Complaint, it had a policy of insurance issued by Defendant Arch Insurance Company. Defendant denies the remaining allegations contained in this Paragraph as stated.

28.

Defendant is without sufficient information to form a belief as to the allegations contained in

Paragraph 28 and, therefore, denies same as stated.

29.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 29 and, therefore, denies same as stated.

30.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 30 and, therefore, denies same as stated.

31.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 31 and, therefore, denies same as stated.

32.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 32 and, therefore, denies same as stated.

## **COUNT I- NEGLIGENCE**

33.

Defendant reasserts Paragraphs 1-32 as if stated verbatim herein.

34.

Paragraph 34 draws a legal conclusion that does not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 34 as stated.

35.

Paragraph 35 draws a legal conclusion that does not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 34 as stated.

36.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 36 and, therefore, denies same as stated.

37.

Defendant denies the allegations contained in Paragraph 37 as stated.

38.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 38 and, therefore, denies same as stated.

## COUNT II- NEGLIGENCE

39.

Defendant asserts Paragraphs 1-38 as if stated verbatim herein.

40.

Paragraph 40 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 40 and, therefore, denies same as stated.

41.

Paragraph 41 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 41 and, therefore, denies same as stated.

42.

Paragraph 42 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 42 and, therefore, denies same as stated.

## COUNT III- NEGLIGENCE PER SE- FOLLOWING TOO CLOSELY

43.

Defendant reasserts Paragraphs 1-42 as if stated verbatim herein.

44.

In response to Paragraph 44, Defendant admits that various duties apply to drivers as provided by law, and denies any allegations inconsistent herewith.

45.

Paragraph 45 draws a legal conclusion that does not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 45 as stated.

46.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 46 and, therefore, denies same as stated.

47.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 47 and, therefore, denies same as stated.

48.

Paragraph 48 draws a legal conclusion that does not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 48 as stated.

49.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 49 and, therefore, denies same as stated.

50.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 50 and, therefore, denies same as stated.

## **COUNT IV- NEGLIGENCE PER SE- FOLLOWING TOO CLOSELY**

51.

Defendant reasserts Paragraphs 1-50 as if stated verbatim herein.

52.

Paragraph 52 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 52 and, therefore, denies same as stated.

53.

Paragraph 53 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 53 and, therefore, denies same as stated.

54.

Paragraph 54 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 54 and, therefore, denies same as stated.

55.

Paragraph 55 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 55 and, therefore, denies same as stated.

56.

Paragraph 56 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 56 and, therefore, denies same as stated.

## COUNT V- NEGLIGENT HIRING- H&M TRUCKING, INC.

57.

Defendant reasserts Paragraphs 1-56 as if stated verbatim herein.

58.

In response to Paragraph 58, Defendant admits that various duties apply to it as provided by law, and denies any allegations inconsistent herewith.

59.

Defendant denies the allegations contained in Paragraph 59.

60.

Defendant denies the allegations contained in Paragraph 60.

61.

Defendant denies the allegations contained in Paragraph 61.

62.

Defendant denies the allegations contained in Paragraph 62.

## COUNT VI- NEGLIGENT HIRING- ABC CORP.

63.

Defendant reasserts Paragraphs 1-62 as if stated verbatim herein.

64.

Paragraph 64 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 64 and, therefore, denies same as stated.

65.

Paragraph 65 is not directed to this Defendant and, therefore, does not require a response.  To

the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 65 and, therefore, denies same as stated.

66.

Paragraph 66 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 66 and, therefore, denies same as stated.

67.

Paragraph 67 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 67 and, therefore, denies same as stated.

68.

Paragraph 68 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 68 and, therefore, denies same as stated.

## COUNT VII- NEGLIGENT RETENTION- H&M TRUCKING, INC.

69.

Defendant reasserts Paragraphs 1-68 as if stated verbatim herein.

70.

In response to Paragraph 70, Defendant admits that various duties apply to it as provided by law, and denies any allegations inconsistent herewith.

71.

Defendant denies the allegations contained in Paragraph 71.

72.

-12

Defendant denies the allegations contained in Paragraph 72.

73.

Defendant denies the allegations contained in Paragraph 73.

74.

Defendant denies the allegations contained in Paragraph 74.

## COUNT VIII- NEGLIGENT RETENTION- ABC CORP.

75.

Defendant reasserts Paragraphs 1-74 as if stated verbatim herein.

76.

Paragraph 76 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 76 and, therefore, denies same as stated.

77.

Paragraph 77 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 77 and, therefore, denies same as stated.

78.

Paragraph 78 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 78 and, therefore, denies same as stated.

79.

Paragraph 79 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the

allegations contained in Paragraph 79 and, therefore, denies same as stated.

80.

Paragraph 80 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 80 and, therefore, denies same as stated.

## COUNT IX- NEGLIGENT SUPERVISION- H&M TRUCKING, INC.

81.

Defendant reasserts Paragraphs 1-80 as if stated verbatim herein.

82.

In response to Paragraph 82, Defendant admits that various duties apply to it as provided by law, and denies any allegations inconsistent herewith.

83.

Defendant denies the allegations contained in Paragraph 83.

84.

Defendant denies the allegations contained in Paragraph 84.

85.

Defendant denies the allegations contained in Paragraph 85.

86.

Defendant denies the allegations contained in Paragraph 86.

## COUNT X- NEGLIGENT SUPERVISION- ABC CORP.

87.

Defendant reasserts Paragraphs 1-86 as if stated verbatim herein.

88.

Paragraph 88 is not directed to this Defendant and, therefore, does not require a response. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 88 and, therefore, denies same as stated.

89.

Paragraph 89 is not directed to this Defendant and, therefore, does not require a response. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 89 and, therefore, denies same as stated.

90.

Paragraph 90 is not directed to this Defendant and, therefore, does not require a response. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 90 and, therefore, denies same as stated.

91.

Paragraph 91 is not directed to this Defendant and, therefore, does not require a response. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 91 and, therefore, denies same as stated.

92.

Paragraph 92 is not directed to this Defendant and, therefore, does not require a response. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 92 and, therefore, denies same as stated.

## COUNT XI- NEGLIGENT TRAINING- H&M TRUCKING, INC.

93.

Defendant reasserts Paragraphs 1-92 as if stated verbatim herein.

94.

-15

In response to Paragraph 94, Defendant admits that various duties apply to it as provided by law, and denies any allegations inconsistent herewith.

95.

Defendant denies the allegations contained in Paragraph 95.

96.

Defendant denies the allegations contained in Paragraph 96.

97.

Defendant denies the allegations contained in Paragraph 97.

98.

Defendant denies the allegations contained in Paragraph 98.

## **COUNT XII- NEGLIGENT TRAINING- ABC CORP.**

99.

Defendant reasserts Paragraphs 1-98 as if stated verbatim herein.

100.

Paragraph 100 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 100 and, therefore, denies same as stated.

101.

Paragraph 101 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 101 and, therefore, denies same as stated.

102.

Paragraph 102 is not directed to this Defendant and, therefore, does not require a response.  To

the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 102 and, therefore, denies same as stated.

103.

Paragraph 103 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 103 and, therefore, denies same as stated.

104.

Paragraph 104 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 104 and, therefore, denies same as stated.

## **COUNT XIII- NEGLIGENT ENTRUSTMENT- H&M TRUCKING, INC.**

105.

Defendant reasserts Paragraphs 1-104 as if stated verbatim herein.

106.

Defendant admits the allegations contained in Paragraph 106.

107.

Defendant admits the allegations contained in Paragraph 107.

108.

Defendant denies the allegations contained in Paragraph 108 as stated.

109.

Defendant denies the allegations contained in Paragraph 109.

110.

Defendant denies the allegations contained in Paragraph 110.

-17

111.

Defendant denies the allegations contained in Paragraph 111.

112.

Defendant denies the allegations contained in Paragraph 112.

113.

Defendant denies the allegations contained in Paragraph 113.

## COUNT XIV- NEGLIGENT ENTRUSTMENT- ABC CORP.

114.

Defendant reasserts Paragraphs 1-113 as if stated verbatim herein.

115.

Paragraph 115 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 115 and, therefore, denies same as stated.

116.

Paragraph 116 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 116 and, therefore, denies same as stated.

117.

Paragraph 117 is not directed to this Defendant and, therefore, does not require a response.  To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 117 and, therefore, denies same as stated.

118.

Paragraph 118 is not directed to this Defendant and, therefore, does not require a response.  To

-18

the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 118 and, therefore, denies same as stated.

119.

Paragraph 119 is not directed to this Defendant and, therefore, does not require a response. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 119 and, therefore, denies same as stated.

120.

Paragraph 120 is not directed to this Defendant and, therefore, does not require a response. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 120 and, therefore, denies same as stated.

121.

Paragraph 121 is not directed to this Defendant and, therefore, does not require a response. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 121 and, therefore, denies same as stated.

122.

Paragraph 122 is not directed to this Defendant and, therefore, does not require a response. To the extent a response is required, Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 122 and, therefore, denies same as stated.

## **DAMAGES**

123.

Defendant reasserts Paragraphs 1-122 as if stated verbatim herein.

124.

Defendant is without sufficient information to form a belief as to the allegations contained in

Paragraph 124 and, therefore, denies same as stated.

125.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 125 and, therefore, denies same as stated.

126.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 126 and, therefore, denies same as stated.

127.

Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 127 and, therefore, denies same as stated.

## **PUNITIVE DAMAGES**

128.

Defendant reasserts Paragraphs 1-127 as if stated verbatim herein.

129.

Defendant denies the allegations contained in Paragraph 129.

130.

Defendant denies the allegations contained in Paragraph 130.

## **ATTORNEY'S FEES AND COSTS OF LITIGATION**

131.

Defendant reasserts Paragraphs 1-130 as if stated verbatim herein.

132.

Defendant denies the allegations contained in Paragraph 132.

133.

-20

Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

**WHEREFORE**, Defendant H&M Trucking, Inc., having fully answered Plaintiff's Complaint for Damages, prays as follows:

a)    that it be discharged without cost or liability;

b)    that it has a trial by a jury of twelve persons as to all issues properly triable by a jury, including liability, causation and damages;

c)    that a Pre-Trial Conference be held;

d)    that costs and attorneys' fees be assessed against Plaintiff; and

e)    that it has such other relief as the Court deems just and proper.

Respectfully submitted this 30th day of August 2023.

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Paul B. Trainor*
_____
SCOTT H. MOULTON
Georgia Bar No. 974237
PAUL B. TRAINOR
Georgia Bar No. 641312
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
paul.trainor@qpwblaw.com

-21

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **PAUL REID, JR.,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| **v.** | **23EV003620** |
| **THOMAS WILLIAMS, FRANTZ SOIRO, H&M TRUCKING, INC., ARCH INSURANCE COMPANY, ABC CORP., XYZ CORP., JOHN DOE 1, and JOHN DOE 2** | **JURY TRIAL OF 12 DEMANDED** |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on  this day I have served a copy of the within and foregoing **DEFENDANT H&M TRUCKING, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all parties to this matter by depositing same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with Odyssey E-File which will automatically send electronic notification to the following:

Camio Robinson
David Byrd
Bader Scott Injury Lawyers
3384 Peachtree Road NE, Suite 500
Atlanta, GA 30326
camiorobinson@baderscott.com
*Counsel for Plaintiff*

Respectfully submitted this 30th  day of August 2023.

-22

**Quintairos, Prieto, Wood & Boyer, P.A.**

*/s/ Paul B. Trainor*
_____
SCOTT H. MOULTON
Georgia Bar No. 974237
PAUL B. TRAINOR
Georgia Bar No. 641312
*Counsel for Defendants*

365 Northridge Road
Suite 230
Atlanta, GA 30350
T: (770) 650-8737
F: (770) 650-8797
scott.moulton@qpwblaw.com
paul.trainor@qpwblaw.com

-23