IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>BAHATI STEWART, JULIE NICHOLS, and DAVID NICHOLS,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW OWNERS INSURANCE COMPANY, Plaintiff in the above-styled matter, and files this Complaint for Declaratory Judgment, showing this Honorable Court as follows:

**PARTIES**

1.

Owners Insurance Company ("Owners") is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business in the state of Michigan.

2.

Defendant Bahati Stewart ("Stewart"), as a natural person who is a citizen of the United States, who is physically present in the state of Georgia, who resides in

the state of Georgia, and who intends to make Georgia her home, is an individual citizen of the state of Georgia. Stewart resides in Clayton County, Georgia and may be served at her residence located at 7961 Mustang Lane, Riverdale, Georgia 30274. Stewart is subject to the jurisdiction and venue of this Court.

3.

Defendant Julie Nichols ("Ms. Nichols"), as a natural person who is a citizen of the United States, who is physically present in the state of Georgia, who resides in the state of Georgia, and who intends to make Georgia her home, is an individual citizen of the state of Georgia. Ms. Nichols resides in Rockdale County, Georgia and may be served at her residence located at 2700 Oglesby Bridge Road SW, Conyers, Georgia 30094. Ms. Nichols is subject to the jurisdiction and venue of this Court.

4.

Defendant David Nichols ("Mr. Nichols"), as a natural person who is a citizen of the United States, who is physically present in the state of Georgia, who resides in the state of Georgia, and who intends to make Georgia his home, is an individual citizen of the state of Georgia. Mr. Nichols resides in Rockdale County, Georgia and may be served at his residence located at 2700 Oglesby Road SW,

Conyers, Georgia 30094. Mr. Nichols is subject to the jurisdiction and venue of this Court.

## **JURISDICTION**

5.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The Underlying Lawsuit (defined below) seeks damages in excess of $100,000.00.

6.

This Court has personal jurisdiction over the Defendants because the Underlying Lawsuit (defined below) is pending in the State Court of Rockdale County, Georgia, which lies within this judicial district and division of the Court, and each Defendant is present in, or has substantial contacts with, Georgia.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## **NATURE OF ACTION**

8.

This is a complaint for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Owners and the Defendants.

9.

A controversy of a judicial nature presently exists among the parties which demands a declaration by this Court in order that Owners may have its rights and duties under the relevant contract of insurance determined and avoid the possible accrual of damages.

10.

Each named defendant herein has been joined in compliance with case law requiring the insurer seeking a declaratory judgment to bring into the action all individuals or entities that have a financial or other interest in the outcome of the coverage issues to be decided through declaratory judgment.

## THE UNDERLYING CLAIMS AND LAWSUIT

11.

On February 3, 2023, Stewart filed a lawsuit against Mr. and Ms. Nichols (collectively, the "Nichols") in the State Court of Rockdale County, State of Georgia, civil action file number 2023-SV-1141 (the "Underlying Lawsuit"). A true and accurate copy of the Complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit A**.

12.

The Underlying Lawsuit alleges that, on April 7, 2021, Stewart encountered a cow on the road, around approximately 1:30 A.M., while driving her Nissan Maxima around a curve. See **Ex. A**, at ¶¶ 5-6.

13.

Stewart allegedly struck the cow with her vehicle, sustaining injuries to her back and neck, including a permanent pinched nerve in her neck. Id. at ¶¶ 6, 8.

14.

According to the Underlying Lawsuit, the police receive calls about cows in the roadway, near 2700 Oglesby Bridge Road SW, Conyers, Georgia 30094 (the "Property"), the residence of the Nichols. Id. at ¶¶ 4, 7.

15.

Stewart alleges that the Nichols were negligent in failing to keep their cattle from running at large and straying upon public land. Id. at ¶¶ 12-13.

16.

Stewart alleges causes of action for negligence and compensatory damages for her pain and suffering in the amount of $123,681.35. Id. at ¶ 15.

17.

Notably, the Underlying Lawsuit does not contain any allegations suggesting that Stewart's collision with the cow occurred in connection with any business activity related to Nichols.

## THE INSURANCE CONTRACT

18.

Owners issued a commercial general liability insurance policy to David P. Nichols d/b/a Nichols Nursery Company, policy number 80456297-21, with an effective policy period of March 20, 2021 to March 20, 2022 (the "Policy"). A true and accurate copy of the Policy is attached hereto as **Exhibit B**.

19.

The Policy contains the Commercial General Liability Coverage Form CG 00 01 04 13 ("CGL Form"), which provides, in relevant part, the following with respect to coverages:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**
   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

> **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
>
> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

See **Ex. B**, CGL Form, at p. 1 of 14.

[. . . .]

20.

The CGL Form in the Policy further contains the following with respect to who is an insured thereunder:

> **SECTION II – WHO IS AN INSURED**
> **1.** If you are designated in the Declarations as:
>   **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
>   **b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
>   **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
>   **d.** An organization other than an partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
>   **e.** A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

See **Ex. B**, CGL Form, at p. 8 of 14.

[. . . .]

21.

The CGL Form in the Policy contains the following relevant definitions:

**SECTION V – DEFINITIONS**

[. . .]

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

[. . .]

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

[. . .]

17. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. [. . .]

See **Ex. B**, CGL Form, at p. 11-14 of 14.

[. . . .]

## THE RESERVATION OF RIGHTS

22.

On March 27, 2023, Owners issued a reservation of rights letter to the Nichols wherein it reserved its rights and defenses which it has in connection with the Policy based upon questions surrounding the Nichols' insured status. See Reservation of Rights letter attached hereto as **Exhibit C**.

23.

Owners is currently providing a defense to Nichols in the Underlying Lawsuit, subject to a complete reservation of rights. See **Ex. C**, generally.

24.

The Nichols seek a defense and indemnify under the Policy for the claims asserted and the damages sought in the Underlying Lawsuit. However, it is questionable as to whether coverage is afforded under the Policy.

25.

Therefore, faced with this uncertainty Owners issued the reservation of rights letter and subsequently filed this declaratory judgment action seeking a determination from this Court as to how it should proceed.

## THE NICHOLS NURSERY COMPANY

26.

The Policy was issued to Mr. Nichols doing business as "Nichols Nursery Company." See **Ex. B**, Declarations, generally.

27.

"Nichols Nursery Company" is a trade name by which Mr. Nichols conducts his business and is not registered with the Georgia Secretary of State.

28.

Upon information and belief, Mr. Nichols is the sole proprietor of Nichols Nursery Company.

29.

Upon information and belief, Ms. Nichols is not a part-owner of Nichols Nursery Company.

30.

Upon information and belief, Nichols Nursery Company is in the business of selling various plants and nursery items. Nichols Nursery Company is not in the business of selling cows nor are the cows used for any business purposes.

## COUNT I

31.

Owners hereby realleges and incorporates paragraphs 1 through 30 of this Complaint as if set forth fully herein.

32.

The CGL Form in the Policy provides that "[i]f you are designated in the Declarations as. . . [a]n individual, you and your spouse are insured, *but only with respect to the conduct of a business of which you are the sole owner*." See **Ex. B**, CGL Form, at p. 8 of 14 (emphasis added).

33.

The declarations pages of the Policy provides that it was issued to "David P. Nichols" doing business as "Nichols Nursery Company." See **Ex. B**, Declarations, generally.

34.

Under Georgia law, "[a]n individual doing business under a trade name is clearly a sole proprietor distinct under Georgia law from a corporation in which that individual holds stock." Miller v. Harsco Nat'l Ins. Co., 274 Ga. 387, 390 (2001).

35.

Mr. Nichols conducts business under the trade name Nichols Nursery Company and, thus, Nichols Nursery Company is a sole proprietorship. Moreover, Ms. Nichols is not a part-owner.

36.

"'[A] policy issued under the trade name of an individual is viewed as if issued under his given name.'" Miller, 274 Ga. at 391 (quoting Simmons v. Ins. Co. of North America, 17 P.3d 56, 61 (Alaska 2001)). Thus, when a policy lists a trade name as the "named insured", then coverage is extended to the individual. Purcell v. Allstate Ins. Co., 168 Ga. App. 863 (1983).

37.

Therefore, in accordance with Georgia law, the Policy is viewed as if it were issued to Mr. Nichols.

38.

When viewed as if issued to an individual, the Policy provides that the Nichols are insureds, "*but only with respect to the conduct of a business of which you are the sole owner.*" See **Ex. B**, CGL Form, at p. 8 of 14 (emphasis added).

39.

However, the Underlying Lawsuit does not allege that Stewart's collision with the cow occurred in connection with any business activity of the Nichols.

40.

Most importantly, neither the Nichols nor Nichols Nursery Company engage in any business related to cows.

41.

Consequently, because the allegations in the Underlying Lawsuit concerning Stewart's accident involving the cow do not involve the conduct of the Nichols' or Nichols Nursery Company's business, Mr. Nichols and Ms. Nichols are not insureds under the Policy for the purpose of coverage for the claims asserted in the Underlying Lawsuit.

42.

Owners is, therefore, entitled to a declaratory judgment that it has no duty to defend or indemnify the Nichols against the Underlying Lawsuit.

## PRAYER FOR RELIEF

**WHEREFORE**, Owners respectfully prays as follows:

(1) That this Court declare that Owners does not owe any duties to defend or indemnify the Nichols against the claims asserted in the Underlying Lawsuit;

(2) That judgment be entered in Owners' favor and against all Defendants;

(3) That this Court bind each and every named party herein by said judgment;

(4) That the Court award Owners all costs, expenses, and attorney's fees that it is entitled to receive under federal and/or state law; and

(5) That this Court enter an order granting such other and further relief as justice requires.

This 30th day of August, 2023.

Respectfully submitted,

KENDALL | MANDELL, LLC

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone: (770) 577-3559
Facsimile:  (770) 577-8113
mckendall@kendallmandell.com
nbtuz@kendallmandell.com

/s/ Nicholas B. Tuz
Michael C. Kendall
Georgia Bar No. 414030
Nicholas B. Tuz
Georgia Bar No. 274964
*Attorneys for Owners Ins. Co.*