IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELISE WYSINGER, | |
| Plaintiff, | Civil Action No. |
| v. | |
| TARA ANNA LLC D/B/A DISTRICT ATLANTA, PRISTINE SECURITY DETAIL LLC, AND STEPHAN THURMAN, | JURY TRIAL DEMANDED |
| Defendants. | |

# COMPLAINT

COMES NOW, Plaintiff Delise Wysinger ("Plainiff" or "Ms. Wysinger"), by and through undersigned counsel, and files this, her Complaint against Defendants Tara Anna LLC d/b/a/ District Atlanta, Pristine Security Detail LLC and Stephan Thurman, (collectively, "Defendants") and shows this Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices and tortious acts described herein.

1

2.

This action seeks declaratory and equitable relief and damages for Defendants' violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), for subjecting her to intentional and negligent sexual harassment and retaliation and for tortious conduct under Georgia law.

## JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1343(a)(4).

4.

The conduct alleged herein occurred at 269 Armour Dr NE, Atlanta, GA 30324 and/or within this District and Division and, therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f), venue is appropriate in this Court.

## PARTIES

5.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

Defendant Tara Anna LLC d/b/a District Atlanta is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant Tara Anna LLC d/b/a District Atlanta is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII and has employed more than the requisite number of persons for the requisite duration under Title VII.

8.

Defendant Tara Anna LLC d/b/a District Atlanta may be served with process by delivering a copy of the summons and complaint to its registered agent, Donald Walloch, 155 Lakeview Estates Dr, Eatonton, GA 31024.

9.

Defendant Pristine Security Detail LLC is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

10.

Defendant Pristine Security Detail LLC may be served with process by delivering a copy of the summons and complaint to its registered agent, Stephan Thurman, 415 Armour Drive, Apt 440, Atlanta, GA 30324.

11.

Defendant Stephan Thurman may be served with process by delivering a copy of the summons and complaint to 415 Armour Drive, Apt 440, Atlanta, GA 30324.

12.

Defendants Tara Anna LLC and Pristine Security functioned as a joint employer for Plaintiff's claims under Title VII. Plaintiff was hired to work for both entities and was subject to the supervision by Defendant Thurman, acting as the agents of both entities.

## ADMINISTRATIVE PROCEDURES

13.

Plaintiff timely filed a charge of discrimination against Defendant Tara Anna LLC d/b/a District Atlanta with the Equal Employment Opportunity Commission ("EEOC") on November 9, 2022.

14.

The EEOC issued a "Notice of Right to Sue" on June 12, 2023, entitling an action to be commenced within ninety (90) days of receipt of that notice.

15.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## **FACTUAL ALLEGATIONS**

16.

Ms. Wysinger was hired to work for Defendants on or about September 25, 2022, as a Bottle Service Girl.

17.

Tara Anna LLC d/b/a District Atlanta, Pristine Security Detail LLC, and Stephan Thurman hired Delise Wysinger for employment.

18.

Stephan Thurman was the agent and/or employee of both corporate Defendants. Thurman sexually harassed employees, including Plaintiff, during his employment with Defendants.

19.

Defendants Tara Anna LLC d/b/a District Atlanta and Pristine Security Detail LLC were aware of Stephan Thurman's propensity to sexually harass its employees.

20.

Stephan Thurman was one of Ms. Wysinger's supervisors.

21.

Not long after Ms. Wysinger was hired, Defendant Stephan Thurman began subjecting her to unwelcomed sexual comments and advances.

22.

Mr. Thurman asked Ms. Wysinger if she had a boyfriend and after she informed him she did not, he stated, "you do now", referring to himself.

23.

Mr. Thurman made numerous advances towards Ms. Wysinger, including requesting that she work late shifts for private parties for only himself and his friends.

24.

On October 7, 2022, while Ms. Wysinger was working, Mr. Thurman made numerous references to how "sexy" Ms. Wysinger looked.

25.

Nearly every time he walked past Ms. Wysinger on October 7, 2022, he grazed her lower back and/or buttocks with his hand, in an intentional effort to commit a sexual battery on her person.

26.

Later that evening, Mr. Thurman told Ms. Wysinger he needed to speak with her. She began to follow him and inquired about the discussion topic, but Mr. Thurman refused to answer while in the view of security cameras.

27.

Mr. Thurman led Ms. Wysinger to the dry storage room where no cameras were located.

28.

After he was out of sight of the cameras, he asked Ms. Wysinger why she declined his offer to go to Puerto Rico and she stated she did not think he was serious. He then asked if she would go on a date with him. Ms. Wysinger said no, she did not want to; she just wanted to work.

29.

Mr. Thurman told Ms. Wysinger that she was "full of shit" because she declined going on trips and dates with him and that he has money and was just trying

to take care of her. She told him that she was just being honest and she did not want any problems with him moving forward.

30.

After Ms. Wysinger informed Mr. Thurman she did not want to date or take trips with him, his demeanor changed and he began to act towards her in a hostile manner in retaliation for her refusal to participate in the sexually offensive conduct to which he subjected her.

31.

Ms. Wysinger was scheduled to work the following day; however Defendants removed her from the schedule, scheduling her instead for the next weekend, October 15, 2022.

32.

Mr. Thurman also began to retaliate against Ms. Wysinger by encouraging other employees to corroborate that she was a "bad employee."

33.

Mr. Thurman spread a rumor that Ms. Wysinger accused other employees of stealing her personal belongings, to persuade the other employees to turn against her, in retaliation for her rejection of his sexual advances.

34.

After Ms. Wysinger was employed for approximately a month, she was directed to approach Mr. Thurman regarding her paycheck. She was not paid for two (2) pay cycles. He refused to pay her unless she agreed to stay after hours at the club once all employees were gone for the night.

35.

Due to Ms. Wysinger declining Mr. Thurman's request, he continued to withhold Ms. Wysinger's paycheck.

36.

On or around October 24, 2022, Mr. Thurman finally sent Ms. Wysinger her compensation via Cash app along with a text message to Ms. Wysinger stating she was being terminated.

37.

Mr. Thurman alleged he was terminating Ms. Wysinger due to complaints from patrons and other employees that she was not attentive to clients, did not clean up tables and was not a team player.

38.

Ms. Wysinger refuted these claims and informed Mr. Thurman he fired her because she denied his advances.

39.

Mr. Thurman began to antagonize Ms. Wysinger stating she was being replaced by his girlfriend; he does not date broke women (insinuating Ms. Wysinger is a broke woman); she was begging for money (by asking for her paycheck) and that she was delusional.

40.

The sexual harassment by Defendants was severe or pervasive, altering the terms and conditions of Ms. Wysinger's employment.

41.

Defendants created a hostile work environment that Ms. Wysinger was required to endure as a condition of employment.

42.

Defendants chose not to take reasonable steps to prevent sexual harassment from occurring, despite its knowledge of its employee's propensity for sexual harassment.

43.

Defendants failed to take appropriate remedial actions to correct the sexual harassment and, instead, retaliated against her and terminated her employment

because she refused to consent to Thurman's sexual advances and in retaliation for the same.

## CLAIMS FOR RELIEF

## COUNT ONE: SEXUAL HARASSMENT
## IN VIOLATION OF TITLE VII

44.

Plaintiff re-alleges paragraphs 1-44 as if set forth fully herein.

45.

Defendants' actions in subjecting Plaintiff to severe and ongoing sexual harassment constitute unlawful discrimination on basis of Plaintiff's gender in violation of Title VII.

46.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

47.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her gender.

48.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being and caused her personal physical injury.

49.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination and retaliation.

**COUNT TWO:  RETALIATION IN VIOLATION OF TITLE VII**

50.

Plaintiff re-alleges paragraphs 1-50 as if set forth fully herein.

51.

Plaintiff's reject of and complaints about Thurman's unwelcome sexual comments, advances, and harassment constitute conduct protected under Title VII.

52.

Defendants' retaliatory harassment and termination of Plaintiff's employment because of her complaints of sexual harassment constitutes unlawful retaliation in violation of Title VII.

53.

Accordingly, Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and is liable for compensatory damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

54.

As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic and non-pecuniary damages.

55.

Defendant willfully and wantonly disregarded Plaintiff's rights, and their actions toward Plaintiff were undertaken in bad faith.

56.

Defendant is therefore liable for damages caused proximately resulting from its retalation against Plaintiff.

### CLAIM THREE:  HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

57.

Plaintiff re-alleges paragraphs 1-57 as if set forth fully herein.

58.

On a consistent basis during Plaintiff's employment, Stephan Thurman subjected her to sexual harassment.  Plaintiff was obligated to work in an

atmosphere that was hostile by virtue of unsolicited and unwelcome sexual advances, comments, sex-based comments, sexual innuendo and other sexually charged conduct. This sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a working environment that was intimidating, insulting and abusive to employees.

59.

Because of its failure to take prompt and remedial action, and its deliberate indifference to sexually hostile conduct, Tara Anna LLC d/b/a District Atlanta, Pristine Security Detail LLC, and Stephan Thurman has intentionally engaged in unlawful employment practices in violation of Title VII.

60.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of sex.

61.

As a direct and proximate result of Tara Anna LLC d/b/a District Atlanta, Pristine Security Detail LLC and Stephan Thurman's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being and caused her personal physical injury.

## COUNT FOUR: NEGLIGENT AND WRONGFUL HIRING, RETENTION AND SUPERVISION

62.

Plaintiff re-alleges paragraphs 1-62 as if set forth fully herein.

63.

Defendants Tara Anna LLC d/b/a District Atlanta, Pristine Security Detail LLC, and Stephan Thurman knew, or in the exercise of ordinary diligence, should have known of the propensity of Defendant Thurman to engage in sexually offensive conduct toward other employees, and Delise Wysinger in particular.

64.

Defendants Tara Anna LLC d/b/a District Atlanta, Pristine Security Detail LLC, and Stephan Thurman nevertheless failed and refused to act to protect Delise Wysinger from Defendant Thurman's sexually harassing and offensive conduct.

65.

Defendants Tara Anna LLC d/b/a District Atlanta, Pristine Security Detail LLC, and Stephan Thurman are thus liable to Delise Wysinger for all of the damages sustained as a result, including the personal physical injury caused by Defendant Thurman's sexual battery on Ms. Wysinger.

## COUNT FIVE:  NEGLIGENT FAILURE TO PREVENT SEXUAL HARASSMENT

66.

Plaintiff re-alleges paragraphs 1-66 as if set forth fully herein.

67.

Defendants Tara Anna LLC d/b/a District Atlanta, Pristine Security Detail LLC, and Stephan Thurman had a duty to prevent sexual harassment in the workplace.

68.

Defendants Tara Anna LLC d/b/a District Atlanta, Pristine Security Detail LLC, and Stephan Thurman failed to use ordinary care to prevent sexual harassment in the workplace, causing Delise Wysinger to be sexually harassed.

69.

The conduct of Defendants Tara Anna LLC d/b/a District Atlanta, Pristine Security Detail LLC, and Stephan Thurman was consciously or recklessly indifferent to the inevitable or probable consequences of its conduct in failing to remedy the harassment.

70.

Defendants Tara Anna LLC d/b/a District Atlanta, Pristine Security Detail LLC, and Stephan Thurman is thus liable to Delise Wysinger for all of the damages

sustained as a result, including the personal physical injury caused by Defendant Thurman's sexual battery on Ms. Wysinger.

## COUNTY SIX: BATTERY

71.

Plaintiff re-alleges paragraphs 1-71 as if set forth fully herein.

72.

Defendant Thurman, in touching Plaintiff in an offensive manner, committed the tort of battery.

73.

As the sole owner of Defendant Pristine Security, Defendant Thurman's conduct subjects this Defendant to direct liability for his actions.

74.

Defendants Pristine Security Detail LLC and Stephan Thurman are thus liable to Delise Wysinger for all of the damages sustained as a result of Defendant Thurman's battery on her, including the personal physical injury caused by Defendant Thurman's offensive and sexual touching of Ms. Wysinger.

## COUNTY SEVEN: INTENTIONAL INFLICTION EMOTIONAL DISTRESS

75.

Plaintiff re-alleges paragraphs 1-75 as if set forth fully herein.

76.

Defendants' conduct was extreme and outrageous.

77.

Defendants intended to inflict severe emotional distress or knew that it was a high probability that the conduct would do so.

78.

Defendants' conduct actually caused severe emotional distress.

79.

Defendants are liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

**WHEREFORE**, Plaintiff demands judgment as follows:

(a) General damages for personal physical injury and mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants Tara Anna LLC d/b/a District Atlanta and Pristine Security Detail LLC have violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants Tara Anna LLC d/b/a District Atlanta or Pristine Security Detail LLC from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 31st day of August, 2023.

**BARRETT & FARAHANY**

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

*Counsel for Plaintiff Delise Wysinger*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matt@justiceatwork.com