## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

LYNNTOYA WASHINGTON,                     |
                                          |
            Plaintiff,                    |
                                          |
      v.                                  |        CIVIL ACTION
                                          |        FILE NO. 23-A-06388-6
STATE FARM FIRE AND                       |
CASUALTY COMPANY, a foreign               |
Corporation,                             |
                                          |
            Defendant.                    |

### STATE FARM FIRE AND CASUALTY COMPANY'S
### ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW State Farm Fire and Casualty Company ("**State Farm**"), Defendant in the above-styled civil action and, by and through its undersigned counsel, files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Lynntoya Washington ("**Plaintiff**"), respectfully showing this Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against State Farm under the policy of insurance, Policy No. 11-C8-V134-8 (the "**Policy**") which is the subject of this Complaint.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to assert a claim for breach of contract against State Farm for the alleged August 2, 2022[1] upstairs toilet overflow (hereinafter "**the Loss**") that is the subject of the Plaintiff's Complaint, Plaintiff's action should be dismissed because State Farm did not breach its contract with Plaintiff and, at all times relevant to this action, has acted in accordance with the terms and conditions of the Policy and all applicable Georgia law.

---

[1] Upon information and belief, the actual date of loss for the loss Plaintiff complains of is on or about July 3, 2022.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the suit limitation period. Upon information and belief, the actual date of loss for the loss that is the subject of Plaintiff's Complaint is July 3, 2022. Plaintiff's Complaint was not filed on or before July 3, 2023. The Policy provides in **SECTION I – CONDITIONS** a one-year time limitation to file suit, as follows:

> 6. **Suit Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred and Plaintiff may not recover because Plaintiff failed to comply with the policy terms appearing at **SECTION I – CONDITIONS** which states in pertinent part:

> 2. **Your Duties After Loss.** After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:
> a. give immediate notice to *us* or *our* agent and also notify:
>    (1) the police if the loss is caused by theft, vandalism, or any other criminal act; and
>    (2) the credit card company or bank if the loss involves a credit card or bank fund transfer card;
> b. protect the property from further damage or loss and also:
>    (1) make reasonable and necessary temporary repairs required to protect the property; and
>    (2) keep an accurate record of repair expenses;
> c. prepare an inventory of damaged or stolen personal property:
>    (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and
>    (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;
> d. as often as *we* reasonably require:
>    (1) exhibit the damaged property;
>    (2) provide *us* with any requested records and documents and allow *us* to make copies;
>    (3) while not in the presence of any other *insured*:
>        (a) give statements; and
>        (b) submit to examinations under oath; and
>    (4) produce employees, members of the *insured's*

household, or others for examination under oath to the extent it is within the ***insured's*** power to do so; and

e. submit to ***us***, within 60 days after the loss, ***your*** signed sworn proof of loss that sets forth, to the best of ***your*** knowledge and belief:

(1) the time and cause of loss;

(2) interest of the ***insured*** and all others in the property involved and all encumbrances on the property;

(3) other insurance that may cover the loss;

(4) changes in title or occupancy of the property during the term of this policy;

(5) specifications of any damaged structure and detailed estimates for repair of the damage;

(6) an inventory of damaged or stolen personal property described in 2.c;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8) evidence or affidavit supporting a claim under **SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money** coverage, stating the amount and cause of the loss.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any replacement cost benefits for repairs relating to the amounts claimed in her Complaint because she did not comply with the provisions of the Policy regarding how to recover these benefits.  Specifically, the Policy provides at **SECTION I – LOSS SETTLEMENT**:

Only the **Loss Settlement Provisions** shown in the ***Declarations*** apply. ***We*** will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and ***we*** will not pay, any amount for ***diminution in value***.

**COVERAGE A – DWELLING**

**1.     A1—Replacement Cost Loss Settlement—Similar Construction.**

a. ***We*** will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the ***Declarations***, the damaged part of the property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE A**

3

– **DWELLING**, except for wood fences, subject to the following:

(1) until actual repair or replacement is completed, *we* will pay only the ***actual cash value*** of the damaged part of the property, up to the applicable limit of liability shown in the ***Declarations***, not to exceed the cost to repair or replace the damaged part of the property;

(2) when the repair or replacement is actually completed, *we* will pay the covered additional amount ***you*** actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the ***Declarations***, whichever is less;

(3) to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify ***us*** within 30 days after the work has been completed; and

(4) *we* will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a ***building structure*** or other structure, except as provided under OPTIONAL POICY PROVISIONS, Option OL--Building Ordinance Law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred and she may not recover because, before filing this lawsuit, Plaintiff failed to comply with conditions precedent with recovery in the **Duties After Loss** and the **Loss Settlement** provisions of the State Farm Policy. Specifically, the Policy provides in **SECTION I – CONDITIONS** as follows:

6.    **Suit Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff waived her right to insist upon State Farm's compliance with the subject policy due to her own failure to comply with the policy terms and conditions prior to instituting suit.

## EIGHTH AFFIRMATIVE DEFENSE

Any failure to pay Plaintiff's claim was brought about by and is a result of Plaintiff's own conduct and therefore Plaintiff is estopped and precluded from recovering herein.

## NINTH AFFIRMATIVE DEFENSE

State Farm is not liable to Plaintiff because State Farm did not breach any legal or contractual duty owed to Plaintiff under the subject insurance policy with regard to the alleged loss as set forth in Plaintiff's Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover damages from State Farm under the applicable policy as the terms and conditions of the policy only cover accidental direct physical loss to the insured property. Specifically, the Policy provides in **SECTION I – LOSSES INSURED** as follows:

> **COVERAGE A- DWELLING**
> **We** will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I - LOSSES NOT INSURED** or otherwise excluded or limited in this policy. However, loss does not include and we will not pay for, any ***diminution in value***.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and Plaintiff may not be able to recover because the claims may involve **LOSSES NOT INSURED** within the meaning of the State Farm Policy. State Farm's investigation revealed circumstances indicating that the Plaintiff's claims may have been the result of sewage that occurred or developed over a period of time and was intermittent, or repeating and was from a plumbing system, the upstairs toilet.  The Policy provides:

**SECTION I – LOSSES NOT INSURED**

…

1.    *We* will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

…

f.    seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:

    (1)    and is:

        (a)    continuous;

        (b)    repeating;

        (c)    gradual;

        (d)    intermittent;

        (e)    slow; or

        (f)    trickling; and

    (2)    from a:

        (a)    heating, air conditioning, or automatic fire protective sprinkler system;

        (b)    household appliance; or

        (c)    plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.

We also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time.

Item f. does not apply if the seepage or leakage of water, steam, or sewage is hidden from view within the walls, ceilings, or floors, and unknown by the insured.

Plaintiff's claims may be the result of **LOSSES NOT INSURED** under the Policy.

<u>**TWELTH AFFIRMATIVE DEFENSE**</u>

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to assert a cause of action against State Farm based upon the breach of any duty other than those duties set forth in the applicable policy, Plaintiff fails to state a claim upon which relief can be granted since Georgia law does not impose duties on State Farm other than those set forth in the applicable insurance policy and Georgia law does not recognize any other cause of action aside from a breach of contract action for the allegations contained in Plaintiff's Complaint. Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the applicable policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to recover under O.C.G.A. § 33-4-6, Plaintiff fails to state a claim under O.C.G.A. § 33-4-6 since State Farm acted reasonably and with probable cause in response to the claim asserted by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim and cannot recover for bad faith pursuant to O.C.G.A. § 33-4-6 because State Farm never failed or refused to pay Plaintiff's claim for the Loss.  In fact, State Farm paid $40,521.07 toward the alleged claim.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim with respect to any extra-contractual damages, including statutory and/or bad faith damages under O.C.G.A. § 33-4-6 or any other statutory or other cause of action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint seeks damages under O.C.G.A. § 33-4-6, such damages are not available in as much as Plaintiff failed to strictly comply with the statute and applicable law.  The Policy states:

## SECTION I – CONDITIONS

…

8. **Loss Payment**. *We* will adjust all losses with *you*.  *We* will pay *you* unless some other person is named in the policy or is legally entitled to receive payment.  Loss will be payable 60 days after *we* receive *your* proof of loss and:

   a.   reach agreement with *you*;

   b.   there is an entry of a final judgment; or

   c.   there is a filing of an appraisal award with *us*.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks damages against State Farm other than contractual damages, such damages are not available to Plaintiff because State Farm owed Plaintiff no duty independent of the Policy, Plaintiff failed to allege the breach of duty independent of the Policy, and Plaintiff failed to allege harm independent of the alleged failure to pay Plaintiff's insurance claim.   Further, O.C.G.A. § 33-4-6 is the exclusive remedy available to Plaintiff for any alleged failure to pay an insurance claim and State Farm specifically denies any liability to Plaintiff under O.C.G.A. § 33-4-6.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against State Farm for violation of the Unfair Settlement Practices (O.C.G.A. § 33-6-30) upon which relief can be granted.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to establish a cause of action against State Farm based on the provisions of Georgia's Unfair Claims Settlement Practices Act contained in O.C.G.A. § 33-6-34, Plaintiff fails to state a claim upon which relief could be granted. By its express terms, the Unfair Claims Settlement Practices Act does not create a private cause of action. O.C.G.A. § 33-6-37.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

In the event this Court finds State Farm liable to Plaintiffs in any amount, State Farm is entitled to a set-off for any policy deductible and for any amounts owed in connection with separate incidents or losses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot recover in this action because Plaintiff failed to mitigate her damages and failed to take reasonable steps to mitigate the loss relating to the events described in Plaintiff's Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot recover the damages set forth in her Complaint because the amount of said damages do not reflect the reasonable cost to replace and/or repair the damaged and covered property with equivalent construction for equivalent use and to return the Plaintiff to their pre-loss condition.  The damages sought in Plaintiff's Complaint were for repairs that were not in accordance with the standard and custom of the industry.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

State Farm asserts that Plaintiff's claims are barred due to accord and satisfaction.  State Farm has paid the claim in totality in the amount of $40,521.07 pursuant to the Policy.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

State Farm incorporates herein by reference all other affirmative defenses set forth in O.C.G.A. § 9-11-8(c) to the extent same may be found applicable through discovery or otherwise.

## <u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims may be barred and Plaintiff may not be able to recover because the claims may involve **CONCEALMENT OR FRAUD** within the meaning of the State Farm Policy.  State Farm's investigation revealed circumstances indicating that the Plaintiff's claims may have involved concealment or fraud.  The Policy provides:

### SECTION I AND SECTION II – CONDITIONS

### 2.  Concealment or Fraud

    a.  This policy is void as to *you* and any other *insured* if *you* or any other *insured* under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after the loss.

        However, this condition applies only to facts or circumstances:

(1) On which *we* rely and are either:
(a) Material; or
(b) Made with intent to deceive; or
(2) That contribute to the loss.

    b.  No failure of a policy condition before the loss and no breach of a promissory warranty affects *our* obligations under this policy unless such failure or breach exists at the time of loss and either:
(1) Increases the risk at the time of loss; or
(2) Contributes to the loss.
        This item, 2b., does not apply to failure to tender payment of premium.

    c.  Violation of this condition by an **insured** does not apply to a claim of an innocent **insured**, to the extent of the innocent **insured's** interest in the covered property, if the loss:
(1) Arises out of family violence or sexual assault against an innocent *insured*; and
(2) Is caused by an intentional act of an *insured* against whom a family violence complaint is brought.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and Plaintiff may not be able to recover due to Plaintiff's possible fraud and false swearing in relation to her Losses and her claims. State Farm's investigation revealed circumstances indicating that the Plaintiff may have engaged in fraudulent conduct and/or made false statements relating to the Losses and her claims. At the time Plaintiff filed her Complaint, the Plaintiff had not adequately complied with the Policy conditions so that State Farm could complete its investigation and determine whether this defense might apply. State Farm reserves the right to contend that Plaintiff's claims may be barred and that Plaintiff may not recover due to her fraud and false swearing.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

State Farm expressly reserves the right to assert all affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery. Subject to and without waiving any of its other rights, defenses, or objections, State Farm responds to the specifically enumerated paragraphs of Plaintiffs' Complaint as follows:

## PARTIES

1.

In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, State Farm is without information sufficient to admit or deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint, and as such, State Farm denies the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, State Farm admits only that it is a foreign insurance company, authorized to transact business in the

State of Georgia, and in the business of selling insurance policies and that its registered agent is located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 2 of Plaintiff's Complaint are denied. All coverage provided is subject to the terms and provisions of the Policy and applicable Georgia law.

## JURISDICTION AND VENUE

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, State Farm objects to the allegations of paragraph 3 as it calls for a legal conclusion.  To the extent that State Farm can respond, State Farm admits only that the Superior Court of Gwinnett County has jurisdiction over this matter but denies all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only court having jurisdiction over this matter and any allegations that Defendant breached its contract with Plaintiff or otherwise acted in bad faith.

4.

In response to the allegations contained in Paragraph 4 of Plaintiff's Complaint, State Farm objects to the allegations of paragraph 4 as it calls for a legal conclusion.  To the extent that State Farm can respond to Paragraph 4 of the Plaintiff's Complaint, State Farm does not dispute venue in this Court.  By way of further response, State Farm states that this Court is not the only court where venue is proper.  State Farm denies the remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5.

In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves.   All remaining allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

## **THE POLICY**

6.

In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, State Farm admits that it issued Policy No. 11-C8-V134-8 (the "Policy") with an effective policy period of February 17, 2022 through February 17, 2023.  State Farm responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 6 in direct contradiction thereto. Any remaining allegations contained in Paragraph 6 of Plaintiff's Complaint are denied.

7.

In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, State Farm admits only that it issued the Policy to Plaintiff for the property located at:  3183 Chipping Wood Court, Alpharetta, Georgia 30004.  State Farm responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 7 in direct contradiction thereto. State Farm also admits that the deductible amount is $9,719.00.  Except as otherwise herein admitted, any remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8.

In response to the allegations contained in Paragraph 8 of Plaintiff's Complaint, State Farm objects to the allegation as it calls for a legal conclusion.  To the extent that State Farm can formulate a response, State Farm states that the Policy provided certain coverage for covered property subject, however, to the terms and conditions contained of the Policy and all applicable Georgia law. State Farm further states that the Policy speaks for itself and any attempt to characterize or interpret its provisions is expressly denied. State Farm denies the remaining allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9.

State Farm objects to the allegation as it calls for a legal conclusion.  To the extent that State Farm can formulate a response, State Farm states that the Policy provided certain coverage for the covered property subject, however, to the terms and conditions contained of the Policy and all applicable Georgia law. State Farm further states that the Policy speaks for itself and any attempt to characterize or interpret its provisions is expressly denied. State Farm denies the remaining allegations contained in Paragraph 9 of the Plaintiff's Complaint.

**_[alleged]_ SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

10.

In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, State Farm admits only that the coverage terms of the Policy extended from February 17, 2022, to February 17, 2023, and that on August 4, 2022, Plaintiff first reported to State Farm that the Property suffered alleged damage from a water event alleged to have occurred on or about August 2, 2022. Except as otherwise herein admitted.  All remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11.

In response to the allegations contained in Paragraph 11 of Plaintiff's Complaint, State Farm admits only that on or around August 4, 2022, the Plaintiff notified State Farm of alleged water damage to the Property that allegedly occurred on August 2, 2022.  Defendant admits further that Plaintiff made a claim pursuant to the Policy for the alleged water damage to the Property, and State Farm assigned the claim no. 11-37M7-69X.  All remaining allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, State Farm objects to the allegation as vague and ambiguous.  To the extent that State Farm can answer, State Farm admits only that the property was inspected on August 18, 2022 and again on April 26, 2023.  All remaining allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.

In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, State Farm objects to the allegation to the extent that it calls for a legal conclusion regarding agency and authority.  To the extent that State Farm can answer, State Farm admits only that State Farm inspected the property on August 18, 2022 and again on April 26, 2023.  All remaining allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14.

In response to the allegations contained in Paragraph 14 of Plaintiff's Complaint, State Farm objects to the allegation to the extent that it calls for a legal conclusion regarding duty,

agency, and authority.   To the extent that State Farm can answer, State Farm denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, State Farm objects to the extent that it calls for a legal conclusion regarding legal duties, coverage under the policy, and is vague or ambiguous.   To the extent that State Farm can respond to the allegations contained in Paragraph 15 of Plaintiff's Complaint, State Farm admits only that Exhibit A is a copy of the estimate prepared by State Farm on or about May 21, 2023 and that the document speaks for itself.   State Farm further states that the Policy speaks for itself and any attempt to characterize or interpret its provisions is expressly denied.   State Farm denies the remaining allegations of Paragraph 15 of Plaintiff's Complaint.

16.

State Farm denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17.

In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, State Farm admits only that Exhibit B is titled 60 Days Final Demand and is dated May 30, 2023. State Farm denies the remaining allegations of Paragraph 17 of Plaintiff's Complaint.

18.

In response to the allegations contained in Paragraph 18 of Plaintiff's Complaint, State Farm objects to the extent that it calls for a legal conclusion regarding compliance with O.C.G.A. § 33-4-6, the meaning of "just cause," the definition of legal duties, and applicable coverage under the policy.   In addition, State Farm further objects to the allegations as they are

vague or ambiguous.   To the extent that State Farm can respond, State Farm denies the remaining allegations of Paragraph 18 of Plaintiff's Complaint.

19.

State Farm denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20.

State Farm denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21.

State Farm denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22.

State Farm denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

## *[alleged]* COUNT I:  BREACH OF CONTRACT

23.

To the extent a response is required to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendant incorporates herein by reference its responses to Plaintiff's enumerated Paragraphs 1 through 22.

24.

State Farm denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25.

In response to the allegations contained in Paragraph 25 of Plaintiff's Complaint, State Farm objects to the allegation to the extent it calls for a legal conclusion regarding coverage.  To the extent that State Farm can formulate a response, State Farm states that the Policy provided certain coverage for the covered property subject, however, to the terms and conditions

contained of the Policy and all applicable Georgia law. State Farm further states that the Policy speaks for itself and any attempt to characterize or interpret its provisions is expressly denied. State Farm denies the remaining allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26.

In response to the allegations contained in Paragraph 26 of Plaintiff's Complaint, State Farm objects to the allegation to the extent it calls for a legal conclusion. To the extent that State Farm can formulate a response, State Farm states that the Policy provided certain coverage for the covered property subject, however, to the terms and conditions contained of the Policy and all applicable Georgia law. State Farm further states that the Policy speaks for itself and any attempt to characterize or interpret its provisions is expressly denied. State Farm denies the remaining allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27.

State Farm denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28.

State Farm denies the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29.

State Farm denies the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30.

State Farm denies the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31.

State Farm denies the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

**[*alleged* COUNT II:  BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6**

32.

To the extent a response is required to the allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendant hereby incorporates by reference its answers to Paragraphs 1 through 31 as if each were fully set forth herein.

33.

State Farm denies the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34.

State Farm denies the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35.

State Farm denies the allegations contained in Paragraph 35, including all subparts 1-8 of Paragraph 35, of the Plaintiff's Complaint.

36.

State Farm denies the allegations contained in Paragraph 36 of the Plaintiff's Complaint

37.

State Farm denies the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38.

State Farm denies the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39.

State Farm denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40.

State Farm denies the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

41.

To the extent a response is required to the allegations contained in Paragraph 41 of Plaintiff's Complaint, Defendant admits the allegations contained in Paragraph 41 of Plaintiff's Complaint and demands a jury trial.

## PRAYER FOR RELIEF

42.

Defendant denies all allegations contained in Plaintiff's Prayer for Relief and Paragraph 42 of Plaintiff's Complaint, including those allegations set forth in subsections (a) through (i) contained therein.

Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Plaintiff's Complaint.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court:

(a) Deny Plaintiff's prayer for damages;

(b) Dismiss this action with prejudice and cast all costs upon Plaintiff;

(c) The Defendant be granted a jury of twelve; and

 Award Defendant any other relief that this Court deems just and equitable

This 31st day of August, 2023.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP

/s/ Melissa A. Segel
Melissa A. Segel
Georgia State Bar No. 020406
Vera J. Starks
Georgia Bar No. 935496
***Attorneys for Defendant***

1420 Peachtree Street NE
Suite 800
Atlanta, GA  30309
(404) 874-8800
melissa.segel@swiftcurrie.com
vera.starks@swiftcurrie.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed Defendant's Answer and Affirmative Defenses with the Clerk of Court using the Odyssey E-FileGA system which will automatically send e-mail notification of such filing to counsel of record as follows:

J. Remington Huggins
Michael D. Turner
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, GA 30075
remington@lawhuggins.com
mdturner@lawhuggins.com
***Attorney for Plaintiff***

This 31st day of August, 2023.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS, LLP


/s/ Melissa A. Segel
Melissa A. Segel
Georgia State Bar No. 020406
Vera J. Starks
Georgia Bar No. 935496
***Attorneys for Defendant***

1420 Peachtree Street, NE
Suite 800
Atlanta, Georgia 30309
(404) 874-8800
melissa.segel@swiftcurrie.com
vera.starks@swiftcurrie.com

4874-2170-2521, v. 3