IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **DOROTHY CLARK,**<br><br>        Plaintiff,<br>v.<br><br>**CONNER GOODWIN, TOTAL TRANSPORTATION OF MISSISSIPPI, LLC, and MOUNTAIN LAKE RISK RETENTION GROUP, INC.,**<br><br>        Defendants. | **CIVIL ACTION FILE NO:**<br>23A00810<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff, DOROTHY CLARK, and states her complaint against Defendants, CONNER GOODWIN, TOTAL TRANSPORTATION OF MISSISSIPPI, LLC, and MOUNTAIN LAKE RISK RETENTION GROUP, INC., as follows:

1.

The Plaintiff DOROTHY CLARK is a resident of the State of Georgia.

2.

Defendant CONNER GOODWIN is a citizen and resident of the State of Tennessee, whose last known residence is 2709 Citco Avenue, Apartment E01, Chattanooga, Tennessee 37406. Defendant CONNER GOODWIN is subject to the jurisdiction of this Court under O.C.G.A §9-10-91 and may be served by personal service of the Summons and Complaint at that address.

3.

Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC (hereinafter "TOTAL TRANSPORTATION") is a Mississippi Domestic Profit Corporation with its principal place of business located at 125 Riverview Drive, Richland, Mississippi, 39218-9485. Defendant TOTAL TRANSPORTATION OF MISSISSIPPI, LLC is subject to the jurisdiction of this Court and may

EXHIBIT A

be served by issuing Summons and a second original of this Complaint to its Registered Agent: Corporation Service Company, 109 Executive Drive, Suite 3, Madison, MS 39110. Defendant TOTAL TRANSPRTATION may also be served at its Agent: United States Corporation Company, 2 Sun Court, Suite 400, Peachtree Corners GA, 30092.

4.

At all relevant times, Defendant TOTAL TRANSPORTATION was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Georgia.

5.

Defendant MOUNTAIN LAKE RISK RETENTION GROUP, INC. (hereinafter "MOUNTAIN LAKE RISK") is a domestic insurance company existing under the laws of Vermont with a principal place of business in Vermont, and it is authorized to transact business in Georgia. Defendant MOUNTAIN LAKE RISK RETENTION GROUP, INC. may be served through its registered agent, Corporation Service Company, at 100 North Main Street, Suite 2, Barre, Washington County, VT 05641 and it is subject to the jurisdiction of this Court.

6.

MOUNTAIN LAKE RISK transacts business in the State of Georgia.

7.

Defendants CONNER GOODWIN, TOTAL TRANSPORTATION, and MOUNTAIN LAKE RISK are subject to the jurisdiction of this Court.

8.

Defendants CONNER GOODWIN and TOTAL TRANSPORTAITON are joint tortfeasors and as such, venue as to all Defendants is proper in State Court of Dekalb County, Georgia,

pursuant to O.C.G.A. § 40-12-3.

## FACTUAL BACKGROUND

9.

This lawsuit arises out of a motor vehicle collision that occurred on or about December 4, 2022, at the intersection of Glenwood Road and Covington Highway in Dekalb County, Georgia (hereinafter referred to as the "subject-crash").

10.

On December 4, 2022, Plaintiff, DOROTHY CLARK was operating a 2001 Hyundai Elantra in a safe and prudent manner, making a right turn from Northbound Glenwood Road onto Eastbound Covington Highway in Dekalb County, Georgia.

11.

At or about that same time, Defendant CONNER GOODWIN was operating a 2020 Freightliner Cascadia when he negligently, recklessly and unlawfully failed to maintain lane and attempted to make a right turn from Northbound Glenwood Road onto Eastbound Covington Highway, striking Plaintiff's vehicle.

12.

Following the subject collision, Defendant CONNER GOODWIN received a citation for failing to maintain lane in violation of O.C.G.A. § 40-6-48.

13.

At the time of the collision, Defendant CONNER GOODWIN was acting in the course and scope of his employment with Defendant TOTAL TRANSPORTAITON and in furtherance of the business of Defendant TOTAL TRANSPORTAITON.

14.

At the time of the collision, the 2020 Freightliner Cascadia driven by Defendant CONNER GOODWIN was owned by Defendant TOTAL TRANSPORTAITON.

15.

At the time of the collision, Defendant MOUNTAIN LAKE RISK provided liability coverage to Defendant TOTAL TRANSPORTATION.

16.

As a result of the subject-crash, Plaintiff DOROTHY CLARK suffered severe and permanent injuries.

## COUNT I - NEGLIGENCE OF DEFENDANT CONNER GOODWIN

17.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 16 above as if the same were restated herein verbatim.

18.

At all relevant times, Defendant CONNER GOODWIN owed certain civil duties to Plaintiff DOROTHY CLARK, and, notwithstanding those duties, Defendant CONNER GOODWIN violated them in the following particulars:

a. In failing to make reasonable and proper observations while operating his commercial vehicle or, if reasonable and proper observations were made, failing to act thereon;

b. In failing to maintain lane in violation of O.C.G.A. § 40-6-48;

c. In failing to observe or undertake the necessary precautions to keep his commercial vehicle from causing the collision with Plaintiff's vehicle in violation of O.C.G.A § 40-6-390;

d. In operating his commercial vehicle without due caution and

      circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241, namely the Plaintiff herein;

e.    In operating his commercial vehicle in reckless disregard for the safety of persons and/orproperty in violation of O.C.G.A. § 40-6-390; and

f.    Violating the Georgia Uniform Rules of the Road which constitute negligence *per se*;

g.    Otherwise failing to act reasonably and prudently as a professional driver should under the circumstances; and

h.    In committing other negligent and reckless acts and omissions as may be shown bythe evidence and proven at trial, including but not limited to: negligently failing to keep a proper lookout, negligently failing to maintain the vehicle under proper control, distracted driving, negligently failing to use or sound a signal or warning, and negligently failing to make timely and proper application of brakes.

19.

Defendant CONNER GOODWIN's violations of the aforementioned statutory duties of care constitute negligence and negligence *per se*.

20.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant CONNER GOODWIN, Plaintiff DOROTHY CLARK suffered substantial injuries and damages including medical and other necessary expenses. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff, plus an inability to lead a normal life.  Plaintiff is also entitled to recover general damages.  As the result of the subject collision, Plaintiff, DOROTHY CLARK, has incurred past and future medical expenses in an amount to be determined.

## COUNT II - IMPUTED LIABILITY OF DEFENDANT
## TOTAL TRANSPORTATION OF MISSISSIPPI, LLC

21.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 20 above as if the same were restated herein verbatim.

22.

At all relevant times, Defendant CONNER GOODWIN was an agent and/or employee of Defendant TOTAL TRANSPORTATION and was operating the 2020 Freightliner Cascadia within the course and scope of his employment with Defendant TOTAL TRANSPORTATION at the time of the subject collision with Plaintiff DOROTHY CLARK's vehicle.

23.

Defendant TOTAL TRANSPORTATION is liable for the acts and omissions of Defendant CONNER GOODWIN as Defendant TOTAL TRANSPORTATION's agent and/or employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

24.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant TOTAL TRANSPORTATION, Plaintiff DOROTHY CLARK suffered substantial injuries and damages including medical and other necessary expenses.  These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff, plus an inability to lead a normal life.  Plaintiff is also entitled to recover general damages.  As the result of the subject collision, Plaintiff, DOROTHY CLARK, has incurred past and future medical expenses in an amount to be determined.

## COUNT III– NEGLIGENT HIRING AND RETENTION OF DEFENDANT TOTAL TRANSPORTATION OF MISSISSIPPI, LLC

25.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 24 above as if they were fully restated verbatim.

26.

Defendant TOTAL TRANSPORTATION owed a duty not to hire or retain drivers it knew or should have known posed a risk of harm to others.

27.

Defendant TOTAL TRANSPORTATION breached that duty when it negligently hired, contracted with, and/or retained Defendant CONNER GOODWIN as a driver and failed to exercise ordinary care to determine his fitness for the task of driving a commercial motor vehicle.

28.

Plaintiff, DOROTHY CLARK, suffered extensive injuries, pain and suffering, and missed work as a direct and proximate result of Defendants TOTAL TRANSPORTATION and CONNER GOODWIN's negligence.

29.

Plaintiff, DOROTHY CLARK, is entitled to recover from Defendant TOTAL TRANSPORTATION for her past, present and future medical expenses, past, present and future lost earnings, and past, present, and future pain and suffering, in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

## COUNT IV – NEGLIGENT TRAINING AND SUPERVISION OF DEFENDANT TOTAL TRANSPORTATION OF MISSISSIPPI, LLC

30.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 29 above as if they were fully restated verbatim.

31.

Defendant TOTAL TRANSPORTATION owed a duty to train and/or supervise its drivers in safely and prudently operating a commercial motor vehicle in compliance with federal and local laws and regulations.

32.

Defendant TOTAL TRANSPORTATION breached this duty when it negligently failed to exercise ordinary care to properly train and/or supervise Defendant CONNER GOODWIN and to ensure his fitness for the task of driving a commercial motor vehicle.

33.

Plaintiff, DOROTHY CLARK, suffered extensive injuries, pain and suffering, and loss as a direct and proximate result of Defendants' negligence.

34.

Plaintiff, DOROTHY CLARK, is entitled to recover from Defendants for her past, present and future medical expenses, past, present, and past, present and future pain and suffering, in an amount to be determined at trial, as well as all other damages allowed under Georgia law.

## COUNT V – DIRECT ACTION AGAINST DEFENDANT MOUNTAIN LAKE RISK RETENTION GROUP, INC.

35.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 34 above as if they were fully restated verbatim.

36.

Defendant MOUNTAIN LAKE RISK is subject to a direct action under Georgia law as the insurer for Defendants TOTAL TRANSPORTATION and/or CONNER GOODWIN.

37.

Defendant MOUNTAIN LAKE RISK was provided liability coverage to Defendant TOTAL TRANSPORTATION and the 2020 Freightliner Cascadia at the time of the subject-crash and issued a liability policy to comply with the filing requirements under Georgia law for intrastate and/or interstate transportation.

38.

Pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140, Defendant MOUNTAIN LAKE RISK is subject to this Direct Action.

39.

Defendant MOUNTAIN LAKE RISK is responsible for any judgment rendered against Defendants TOTAL TRANSPORTATION and/or CONNER GOODWIN.

### COUNT VI - ATTORNEYS' FEES AND EXPENSES OF LITIGATION

40.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 39 above as if the same were restated herein verbatim.

41.

Defendants CONNER GOODWIN, TOTAL TRANSPORTATION, and MOUNTAIN LAKE RISK, individually and by and through their representatives, have been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense.

42.

Defendants CONNER GOODWIN, TOTAL TRANSPORTATION, and MOUNTAIN LAKE RISK, are liable to Plaintiff for the expenses of litigation, including attorney's fees, pursuant to O.C.G.A. § 13-6-11.

### COUNT VII – DAMAGES

43.

Plaintiff DOROTHY CLARK realleges and incorporates herein by reference paragraphs 1 through 42 above as if the same were restated herein verbatim.

44.

As a result of Defendants CONNER GOODWIN, TOTAL TRANSPORTATION, and MOUNTAIN LAKE RISK's negligence, Plaintiff suffered severe and permanent injuries and has a claim for past and future pain and suffering.

45.

As a result of Defendants CONNER GOODWIN, TOTAL TRANSPORTATION, and MOUNTAIN LAKE RISK's negligence, Plaintiff has already incurred past medical expenses and will continue to incur future medical expenses.

46.

As a result of Defendants CONNER GOODWIN, TOTAL TRANSPORTATION, and MOUNTAIN LAKE RISK's negligence, Plaintiff missed time from work and has a claim for past and future lost wages.

47.

Defendants CONNER GOODWIN, TOTAL TRANSPORTATION, and MOUNTAIN LAKE RISK's negligence is the sole and proximate cause of Plaintiff's injuries in addition to her resulting damages.

## COUNT VIII – PUNITIVE DAMAGES

48.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 47 above as if the same were restated herein verbatim.

49.

Defendants CONNER GOODWIN, TOTAL TRANSPORTATION, and MOUNTAIN LAKE RISK's actions set forth above show, by clear and convincing evidence, willful misconduct, malice, or that entire want of care which would raise the presumption of conscious indifference to consequences, and that warrants the imposition of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

50.

Accordingly, in order to punish, penalize, and deter Defendants CONNER GOODWIN, TOTAL TRANSPORTATION, and MOUNTAIN LAKE RISK, they are liable to Plaintiff for punitive damages.

**WHEREFORE**, Plaintiff DOROTHY CLARK respectfully prays and demands as follows:

a. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b. That service be had upon Defendants as provided by law;

  c. That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of his injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

  d. That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

  e. That Plaintiff have and recover from Defendants, punitive damages for willful misconduct, malice, or that entire want of care which would raise the presumption of conscious indifference to consequences;

  f. That this matter be tried to a jury of twelve;

  g. That all costs be cast against the Defendants; and

  h. For such other and further relief as this Court deems just and appropriate.

This <u>21st</u> day of February, 2023.

                   Respectfully submitted,

                   */s/ Riley Snider*
                   **RILEY W. SNIDER**
                   Georgia Bar No. 912995
                   *Attorney for Plaintiff*

MORGAN & MORGAN ATLANTA, PLLC
178 South Main Street, Unit #300
Alpharetta, Georgia 30009
Main: (770) 799-2757
Fax: (770) 800-9778
Email: rsnider@forthepeople.com

STATE COURT OF
DEKALB COUNTY, GA.
2/21/2023 2:01 PM
E-FILED
BY: Monica Gay