IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DOROTHY CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION FILE |
| | ) NO.: 23A00810 |
| CONNER GOODWIN, TOTAL TRANSPORTATION OF MISSISSIPPI, LLC, AND MOUNTAIN LAKE RISK RETENTION GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

**ANSWER OF DEFENDANTS CONNER GOODWIN AND
TOTAL TRANSPORTATION OF MISSISSIPPI, LLC**

COME NOW, CONNER GOODWIN (hereinafter "Goodwin") and TOTAL TRANSPORTATION OF MISSISSIPPI, LLC, (hereinafter "TTMS"), collectively Defendants in the above-styled case and hereby files this their Answer to Plaintiff's Complaint for Damages (hereinafter "Complaint"), and shows this Honorable Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted and should be dismissed.

**SECOND DEFENSE**

No act or omission on the part of Defendant caused or contributed to the Plaintiff's alleged injuries and damages and, therefore, Plaintiff is not entitled to any recovery from Defendant.

**THIRD DEFENSE**

Defendant contests the damages and injuries which are being asserted in this action and demands strict proof thereof.

STATE COURT OF
DEKALB COUNTY, GA.
8/31/2023 11:18 AM
E-FILED
BY: Kelly M Johnson

**EXHIBIT E**

**FOURTH DEFENSE**

Defendant states that the proximate cause of the Plaintiff's alleged injuries and damages are unrelated to the subject accident, in whole or in part, and/or were due to the actions, omissions, or negligence of a person or persons other than Defendant, for whom he is in no way liable. Therefore, Plaintiff is not entitled to recover from Defendant.

**FIFTH DEFENSE**

Any recovery by Plaintiff should be reduced in proportion to the comparative fault of Plaintiff and others.

**SIXTH DEFENSE**

Plaintiff, by the exercise of ordinary care, could have avoided the accident that forms the basis of Plaintiff's Complaint.

**SEVENTH DEFENSE**

The negligence of Plaintiff was equal to or greater than any alleged negligence on the part of Defendant or any person for whom Defendant is responsible. Therefore, Plaintiff is not entitled to recover any sum from Defendant.

**EIGHTH DEFENSE**

Plaintiff had the last opportunity to prevent the harm that occurred. Therefore, recovery is barred or reduced by the last clear chance doctrine.

**NINTH DEFENSE**

Plaintiff is not entitled to attorney's fees, and none are warranted in this case.

**TENTH DEFENSE**

Plaintiff's claim for punitive damages against Defendant cannot be upheld to the extent it violates any law passed by the United States Congress or the Georgia Legislature limiting awards of punitive damages.

**ELEVENTH DEFENSE**

Plaintiff's claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages, or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates Defendant's right to due process as guaranteed by the United States Constitution.

c. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Defendant's due process rights.

  e. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of Defendant's due process rights.

  f. Plaintiff's claim for punitive damages against Defendant cannot be sustained because any award of punitive damages under Georgia law would violate Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

  g. Plaintiff's claim for punitive damages, and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and therefore deprive Defendant of due process of law.

  h. Plaintiff's claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages cause Defendant to be treated differently from other similarly situated persons/entities by subjecting Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

  i. Plaintiff's claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages subject Defendant to punishment for the conduct of others through vicarious liability, respondeat superior or through non-apportionment of damages among joint tortfeasors based on the respective enormity of the alleged misconduct, and therefore violate Defendant's due process, and Fifth and Fourteenth Amendment rights.

j.  Plaintiff's claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages expose Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, if any, and creates a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

k.  An award of punitive damages in this case would constitute a deprivation of property without due process of law.

l.  The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

## TWELFTH DEFENSE

Defendant reserves the right to rely upon any of the affirmative or additional defenses to the claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

## THIRTEENTH DEFENSE

Defendants, Conner Goodwin and Total Transportation of Mississippi, LLC (hereinafter, "Defendants") answer the specific allegations of Plaintiff's Complaint as follows:

1.

Defendants admit the allegations contained in paragraph one (1) of Plaintiff's Complaint.

2.

Defendant, Conner Goodwin denies the allegations contained in paragraph two (2) of Plaintiff's Complaint. Defendant now resides at 6225 University Drive NW, Huntsville, Alabama 35806.

3.

Defendants admit the allegations contained in paragraph three (3) of Plaintiff's Complaint.

4.

Defendants admit the allegations contained in paragraph four (4) of Plaintiff's Complaint.

5.

Defendants admit the allegations contained in paragraph five (5) of Plaintiff's Complaint.

6.

Defendants admit the allegations contained in paragraph six (6) of Plaintiff's Complaint.

7.

Defendants admit the allegations contained in paragraph seven (7) of Plaintiff's Complaint.

8.

Defendants deny the allegations contained in paragraph eight (8) of Plaintiff's Complaint and demands strict proof thereof.

**FACTUAL BACKGROUND**

9.

Defendants admit the allegations contained in paragraph nine (9) of Plaintiff's Complaint.

10.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph ten (10) of Plaintiff's Complaint.

11.

Defendant, Conner Goodwin denies any allegation of negligence and denies the remaining allegations contained in paragraph eleven (11) of Plaintiff's Complaint and demand strict proof thereof.

12.

Defendant, Conner Goodwin admits the allegations contained in paragraph twelve (12) of Plaintiff's Complaint.

13.

Defendant, Conner Goodwin admits the allegations contained in paragraph thirteen (13) of Plaintiff's Complaint.

14.

Defendants admit the allegations contained in paragraph fourteen (14) of Plaintiff's Complaint.

15.

Defendants admit the allegations contained in paragraph fifteen (15) of Plaintiff's Complaint.

16.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph sixteen (16) of Plaintiff's Complaint.

## COUNT I-NEGLIGENCE OF DEFENDANT CONNER GOODWIN

17.

Defendants restate and incorporate herein by reference their answers and defenses to paragraphs 1 through 16 of Plaintiff's Complaint above as if fully stated herein.

18.

Defendant, Conner Goodwin admits to owing certain civil duties to Plaintiff, Dorothy Clark however, Defendant denies any specific allegation of negligence and denies the remaining

allegations contained in paragraph eighteen (18) of Plaintiff's Complaint and demands strict proof thereof.

19.

Defendants deny the allegations contained in paragraph nineteen (19) of Plaintiff's Complaint and demands strict proof thereof.

20.

Defendants deny any and all specific allegations of negligence however, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph twenty (20) of Plaintiff's Complaint.

## COUNT II – IMPUTED LIABILITY OF DEFENDANT TOTAL TRANSPORTATION OF MISSISSIPPI, LLC

21.

Defendants restate and incorporate herein by reference their answers and defenses to paragraphs 1 through 20 of Plaintiff's Complaint above as if fully stated herein.

22.

Defendants admit the allegations contained in paragraph twenty-two (22) of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in paragraph twenty-three (23) of Plaintiff's Complaint and demands strict proof thereof.

24.

Defendants deny any and all specific allegations of negligence however, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph twenty-four (24) of Plaintiff's Complaint.

## COUNT III – NEGLIGENT HIRING AND RETENTION OF DEFENDANT TOTAL TRANSPORTATION OF MISSISSIPPI, LLC

25.

Defendants restate and incorporate herein by reference their answers and defenses to paragraphs 1 through 24 of Plaintiff's Complaint above as if fully stated herein.

26.

Defendant, Total Transportation admits the allegations contained in paragraph twenty-six (26) of Plaintiff's Complaint.

27.

Defendant, Total Transportation denies the allegations contained in paragraph twenty-seven (27) of Plaintiff's Complaint and demands strict proof thereof.

28.

Defendants deny any and all specific allegations of negligence however, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph twenty-eight (28) of Plaintiff's Complaint.

29.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph twenty-nine (29) of Plaintiff's Complaint.

## COUNT IV – NEGLIGENT TRAINING AND SUPERVISION OF DEFENDANT TOTAL TRANSPORTATION OF MISSISSIPPI

30.

Defendants restate and incorporate herein by reference their answers and defenses to paragraphs 1 through 29 of Plaintiff's Complaint above as if fully stated herein.

31.

Defendant, Total Transportation admits the allegations contained in paragraph thirty-one (31) of Plaintiff's Complaint.

32.

Defendant, Total Transportation denies the allegations contained in paragraph thirty-two (32) of Plaintiff's Complaint and demands strict proof thereof.

33.

Defendants deny any and all specific allegations of negligence however, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph thirty-three (33) of Plaintiff's Complaint.

34.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph thirty-four (34) of Plaintiff's Complaint.

## COUNT V – DIRECT ACTION AGAINST DEFENDANT MOUNTAIN LAKE RISK RETENTION GROUP, INC.

35.

Defendants restate and incorporate herein by reference their answers and defenses to paragraphs 1 through 34 of Plaintiff's Complaint above as if fully stated herein.

36.

Defendant, Mountain Lake Risk Retention Group, Inc., denies the allegations contained in paragraph thirty-six (36) of Plaintiff's Complaint and demands strict proof thereof. Further, Defendant Mountain Lake Risk Retention Group, Inc,, is no longer a party to this suit.

37.

Defendant, Mountain Lake Risk Retention Group, Inc., denies the allegations contained in paragraph thirty-seven (37) of Plaintiff's Complaint and demands strict proof thereof. Further, Defendant Mountain Lake Risk Retention Group, Inc,, is no longer a party to this suit.

38.

Defendant, Mountain Lake Risk Retention Group, Inc., denies the allegations contained in paragraph thirty-eight (38) of Plaintiff's Complaint and demands strict proof thereof. Further, Defendant Mountain Lake Risk Retention Group, Inc,, is no longer a party to this suit.

39.

Defendant, Mountain Lake Risk Retention Group, Inc., denies the allegations contained in paragraph thirty-nine (39) of Plaintiff's Complaint and demands strict proof thereof. Further, Defendant Mountain Lake Risk Retention Group, Inc,, is no longer a party to this suit.

**COUNT 41 – ATTORNEYS' FEES AND EXPENSES OF LITIGATION**

40.

Defendants restate and incorporate herein by reference their answers and defenses to paragraphs 1 through 39 of Plaintiff's Complaint above as if fully stated herein.

41.

Defendants deny the allegations contained in paragraph forty-one (41) of Plaintiff's Complaint and demands strict proof thereof.

42.

Defendants deny the allegations contained in paragraph forty-two (42) of Plaintiff's Complaint and demands strict proof thereof.

**COUNT VII - DAMAGES**

43.

Defendants restate and incorporate herein by reference their answers and defenses to paragraphs 1 through 42 of Plaintiff's Complaint above as if fully stated herein.

44.

Defendants deny any and all specific allegations of negligence however, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph forty-four (44) of Plaintiff's Complaint.

45.

Defendants deny any and all specific allegations of negligence however, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph forty-five (45) of Plaintiff's Complaint.

46.

Defendants deny any and all specific allegations of negligence however, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph forty-six (46) of Plaintiff's Complaint.

47.

Defendants deny any and all specific allegations of negligence however, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph forty-seven (47) of Plaintiff's Complaint.

## COUNT VIII – PUNITIVE DAMAGES

48.

Defendants restate and incorporate herein by reference their answers and defenses to paragraphs 1 through 47 of Plaintiff's Complaint above as if fully stated herein.

49.

Defendants denies the allegations contained in paragraph forty-nine (49) of Plaintiff's Complaint and demands strict proof thereof.

50.

Defendant denies any allegations contained in the Paragraph beginning "WHEREFORE" following Paragraph fifty (50) of Plaintiffs' Complaint including subparts a. through h.

51.

Any allegation in any Paragraph of Plaintiff's Complaint not specifically responded to above is hereby denied by Defendant.

**WHEREFORE**, Defendants Conner Goodwin and Total Transportation of Mississippi, LLC prays that:

(1)     They be dismissed;

(2)     All costs of this litigation be paid by Plaintiff;

(3)     If any triable issue of fact exists, Defendants request that they be granted a jury trial as provided by law; and

(4)     Any other relief that this Court deems just and proper be granted.

This 31st day of August, 2023.

NALL & MILLER, LLP

BY: */s/ LM Sampson/*
MICHAEL D. HOSTETTER
Georgia State Bar No.: 368420
LASHAWNDA M. SAMPSON
Georgia State Bar No.: 577242

*Attorney(s) for Conner Goodwin and Total Transportation of Mississippi, LLC*

235 Peachtree Street NE,
North Tower, Suite 1500
Atlanta, Georgia 30303
Telephone: 404-522-2200
Fax: 404-522-2208
mhostetter@nallmiller.com
lsampson@nallmiller.com

STATE COURT OF
DEKALB COUNTY, GA.
8/31/2023 11:18 AM
E-FILED
BY: Kelly Johnson

## CERTIFICATE OF SERVICE

I hereby certify that on this day a copy of the within and foregoing **ANSWER OF DEFENDANTS CONNER GOODWIN AND TOTAL TRANSPORTATION OF MISSISSIPPI, LLC** was served electronically by operation of the Court's electronic filing system *[Odyssey]* to the following attorney(s) of record:

Riley W. Snider.
Morgan & Morgan Atlanta, PLLC
178 South Main Street, Unit 300
Alpharetta, GA  30009
rsnider@forthepeople.com
*Counsel for Plaintiff*

This 31st day of August, 2023.

                                          **NALL & MILLER, LLP**

BY: /s/ LM Sampson
**MICHAEL D. HOSTETTER**
Georgia State Bar No.: 368420
**LASHAWNDA M. SAMPSON**
Georgia State Bar No.: 577242

*Attorneys for Conner Goodwin and Total Transportation of Mississippi*

235 Peachtree Street NE,
North Tower, Suite 1500
Atlanta, Georgia 30303
Telephone: 404-522-2200
Fax: 404-522-2208