# EXHIBIT "A"

2023CV01966    e-Filed 7/30/2023 1:48 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Cornelia Ramsey

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

_____

_____

_____

_____
                            Plaintiff

Vs.                                         ___2023CV01966____
                                            Case Number

_____

_____

_____
                            Defendant

## **SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By:_____ /s/ Cornelia Ramsey_____
Deputy Clerk

2023CV01966

*Tiki Brown*
Tiki Brown
Clerk of State Cour
Clayton County, Georgia
Cornelia Ramse

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA
9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| |
|---|
| LAKYSHA SHIELDS |
| |
| |

Plaintiff

Vs.

| |
|---|
| UNITED FINANCIAL CASUALTY COMPANY |
| c/o C T Corporation System |
| 289 S Culver Street |
| Lawrenceville, GA 30046 |

Defendant

2023CV01966
Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

| |
|---|
| Daniel J. Saxton, Esq. |
| Allison T. Newell, Esq. |
| SAXTON FIRM, P.C. |
| 1995 North Park Place, SE, Suite 207 |
| Atlanta, GA  30339 |
| |

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By:_____/s/ Cornelia Ramsey_____
Deputy Clerk

2023CV01966
e-Filed 7/30/2023 1:48 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Cornelia Rams

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

LAKYSHA SHIELDS,

     Plaintiff,

v.

JOHN JOSEPH BONICELLI,

     Defendant.

**JURY TRIAL DEMANDED**

**CIVIL ACTION FILE NO.** 2023CV01966

## COMPLAINT FOR TORT DAMAGES

COMES NOW Plaintiff by and through the undersigned counsel of record, in the above-styled action, and files this Complaint for Tort Damages against Defendant and shows this Court as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Defendant is a resident of Autauga County, Alabama and is, therefore subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 and O.C.G.A. § 9-10-93.

2.

Defendant may be served at his residence located at 802 County Road 4 E, Prattville, Autauga County, Alabama 36067.

3.

Plaintiff, by filing this action, submits to the jurisdiction of this Court.

4.

The motor vehicle collision, which is the subject matter of this lawsuit, occurred in Clayton County, Georgia.

2023CV01966

5.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 9-10-91 and O.C.G.A. § 9-10-93.

## STATEMENT OF FACTS

6.

On or about September 9, 2021, Plaintiff was traveling northbound on Riverdale Road at or near its intersection with Interstate 85 entrance ramp in Clayton County, Georgia.

7.

On or about the same date, Defendant was traveling northbound on Riverdale Road at or near its intersection with Interstate 85 entrance ramp in Clayton County, Georgia.

8.

Plaintiff was traveling northbound on Riverdale Road at or near its intersection with Interstate 85 entrance ramp in Clayton County, Georgia when suddenly her vehicle was struck in the rear-end by non-party Maris Campbell who was rearended by Defendant.

9.

Defendant was issued a citation for following too closely, in violation of O.C.G.A. §40-6-49.

10.

At all times relevant, Plaintiff was exercising due care at all times leading up to and during the collision at issue.

11.

Defendant's negligence was the sole and proximate cause of the subject-collision.

2023CV01966

12.

As a direct and proximate result of the subject-collision, Plaintiff sustained bodily injuries.

## COUNT I – NEGLIGENCE

13.

At all times relevant, Defendant owed a duty of care to operate his vehicle safely on the highway, O.C.G.A. §40-6-241.

14.

Defendant breached his duty of care by following too closely.

15.

Defendant's negligent operation of his motor vehicle was the sole and proximate cause of the subject-collision and injuries sustained by Plaintiff.

## COUNT II- NEGLIGENCE PER SE

16.

Defendant breached his duty of care in the following particulars:

(a)     In failing to make reasonable and proper observations while driving Defendant's vehicle or, if reasonable and proper observations were made, failing to act thereon;

(b)     In following too closely, in violation of O.C.G.A. §40-6-49;

(c)     In failing to make timely and proper application of Defendant's brakes, in violation of O.C.G.A. § 40-6-241;

(d)     In failing to observe or undertake the necessary precautions to keep Defendant's vehicle from colliding with the Plaintiff's vehicle, in violation of O.C.G.A § 40-6-390;

Page **3** of **6**

2023CV01966

(e)     In driving Defendant's vehicle without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity, in violation of O.C.G.A. § 40-6-241;

(f)     In driving Defendant's vehicle in reckless disregard for the safety of persons and/or property, in violation of O.C.G.A. § 40-6-390; and

(g)     In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

16.

Defendant's negligent actions above violate the *Georgia Uniform Rules of the Road* and, therefore, constitute negligence as a matter of law or *negligence per se.*

## COUNT III- DAMAGES

17.

As a direct and proximate result of the injuries sustained, Plaintiff had to seek medical treatment.

18.

As a direct and proximate result of seeking medical treatment, Plaintiff incurred medical expenses in the amount of $325,405.08.

19.

As a direct and proximate result of seeking medical treatment, Plaintiff will continue to incur medical expenses in the future, in an amount to be determined by the enlightened conscience of an impartial jury at trial.

2023CV01966

20.

As a direct and proximate result of seeking medical treatment, Plaintiff incurred travel expenses, in the form of mileage, in an amount to be determined by the enlightened conscience of an impartial jury at trial.

21.

As a direct and proximate result of seeking medical treatment, Plaintiff suffered loss of wages, in an amount to be determined through discovery and this Complaint be amended accordingly.

22.

As a direct and proximate result of the injuries sustained, Plaintiff endured pain and suffering, in an amount to be determined by the enlightened conscience of an impartial jury at trial.

23.

As a direct and proximate result of pain and suffering, Plaintiff suffered loss of enjoyment of life, in an amount to be determined by the enlightened conscience of an impartial jury at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment in her favor and against Defendant as follows:

(a)     That this Court provide a trial by jury, pursuant to O.C.G.A. § 9-11-38;

(b)     That Plaintiff be awarded special damages for past and present medical expenses in the amount of $325,405.08;

(c)     That Plaintiff be awarded special damages for loss of wages, in an amount to be determined through discovery and amended accordingly;

2023CV01956

(d)    That Plaintiff be awarded general damages for travel expenses, future medical expenses, pain and suffering, and loss of enjoyment of life, in an amount to be determined at trial; and

(e)    That Plaintiff be awarded such other and further relief as this court deems just and proper.

This 30th day of July 2023.

**SAXTON FIRM, P.C.**
1995 North Park Place, SE, Suite 207
Atlanta, GA 30339
Telephone: (404) 420-5791
Facsimile: (678) 213-1058
Email: djsaxton@saxtonfirm.com
       atnewell@saxtonfirm.com

**SAXTON FIRM, P.C.**

*Daniel J. Saxton*
_____
Daniel J. Saxton, Esq.
Georgia Bar No. 628075

*/s/ Allison T. Newell*
_____
Allison T. Newell, Esq.
Georgia Bar No. 984808
*Attorneys for Plaintiff*

Page **6** of **6**

2023CV01966
E-Filed 7/30/2023 1:48 PM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Cornelia Rams

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

LAKYSHA SHIELDS,

      Plaintiff,

v.

JOHN JOSEPH BONICELLI,

      Defendant.

CIVIL ACTION FILE NO. 2023CV01966

### RULE 5.2 CERTIFICATE OF SERVING DISCOVERY MATERIAL

COMES NOW, Plaintiff and pursuant to the local rules of court hereby certifies that a true and correct copy of the following documents has been delivered for service with the summons upon UNITED FINANCIAL CASUALTY COMPANY via hand delivery:

1.    *Plaintiff's First Request for Admissions to UNITED FINANCIAL CASUALTY COMPANY; and*

2.    *Plaintiff's First Continuing Interrogatories and Request for Production of Documents to UNITED FINANCIAL CASUALTY COMPANY.*

This 30th day of July 2023.

SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA 30339
Telephone: (404) 420-5791
Facsimile: (678) 213-1058
Email: djsaxton@saxtonfirm.com
       atnewell@saxtonfirm.com

SAXTON FIRM, P.C.

*Daniel J. Saxton*
Daniel J. Saxton, Esq.
Georgia Bar No. 628075

**/s/ Allison T. Newell**
Allison T. Newell, Esq.
Georgia Bar No. 984808
*Attorneys for Plaintiff*

2023CV01966

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served a copy of the within and foregoing CERTIFICATE OF SERVING DISCOVERY MATERIAL was delivered for service attached to the summons and complaint upon UNITED FINANCIAL CASUALTY COMPANY via hand delivery.

UNITED FINANCIAL CASUALTY COMPANY
c/o C T Corporation System
289 S Culver Street
Lawrenceville, GA 30046

This 30th day of July 2023.

SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA  30339
Telephone: (404) 420-5791
Facsimile: (678) 213-1058
Email: djsaxton@saxtonfirm.com
        atnewell@saxtonfirm.com

SAXTON FIRM, P.C.

*Daniel J. Saxton*

Daniel J. Saxton, Esq.
Georgia Bar No. 628075

*/s/ Allison T. Newell*
Allison T. Newell, Esq.
Georgia Bar No. 984808
*Attorneys for Plaintiff*

2023CV01966

e-Filed 7/30/2023 1:48 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**LAKYSHA SHIELDS,**

     Plaintiff,

**v.**

     **CIVIL ACTION FILE NO.** 2023CV01966

**JOHN JOSEPH BONICELLI,**

     Defendant.

### RULE 5.2 CERTIFICATE OF SERVING DISCOVERY MATERIAL

     COMES NOW, Plaintiff and pursuant to the local rules of court hereby certifies that a true and correct copy of the following documents has been delivered for service with the summons upon Defendant via hand delivery:

     *1.    Plaintiff's First Request for Admissions to Defendant; and*

     *2.    Plaintiff's First Continuing Interrogatories and Request for Production of Documents to Defendant.*

     This 30th day of July 2023.

SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA  30339
Telephone: (404) 420-5791
Facsimile: (678) 213-1058
Email: djsaxton@saxtonfirm.com
             atnewell@saxtonfirm.com

**SAXTON FIRM, P.C.**

*Daniel J. Saxton*

Daniel J. Saxton, Esq.
Georgia Bar No. 628075

***/s/ Allison T. Newell***
Allison T. Newell, Esq.
Georgia Bar No. 984808
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served a copy of the within and foregoing CERTIFICATE OF SERVING DISCOVERY MATERIAL was delivered for service attached to the summons and complaint upon Defendant via hand delivery.

**JOHN JOSEPH BONICELLI**
802 County Road 4 E
Prattville, Autauga County, Alabama 36067

This 30th day of July 2023.

SAXTON FIRM, P.C.
1995 North Park Place, SE, Suite 207
Atlanta, GA  30339
Telephone: (404) 420-5791
Facsimile: (678) 213-1058
Email: djsaxton@saxtonfirm.com
        atnewell@saxtonfirm.com

SAXTON FIRM, P.C.

*Daniel J. Saxton*
Daniel J. Saxton, Esq.
Georgia Bar No. 628075

*/s/ Allison T. Newell*
Allison T. Newell, Esq.
Georgia Bar No. 984808
*Attorneys for Plaintiff*

*Tiki Brown*
**Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green**

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Georgia** | **County of Clayton** | **State Court** |

Case Number: 2023CV01966

Plaintiff:
**LAKYSHA SHIELDS**

vs.

Defendant:
**JOIHN BONICELLI, UNITED FINANCIAL CASUALTY COMPANY**

For:
DANIEL SAXTON
SAXTON FIRM, P.C.

Received by Discrete Professional Services L. L. C. on the 31st day of July, 2023 at 10:24 am to be served on **UNITED FINANCIAL CASUALTY COMPANY C/O CT CORPORATION SYSTEM, 289 S. CULVER ST, LAWRENCEVILLE, GA 30046**.

I, MUHSIN S. HASSAN, being duly sworn, depose and say that on the **2nd day of August, 2023** at **10:35 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS, and COMPLAINT FOR TORT DAMAGES, and RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS, CERTIFICATE OF SERVICE and PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO THE UNITED FINANCIAL CASUALTY COMPANY, and PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO THE UNITED FINANCIAL CASUALTY COMPANY**  to: **LINDA BANKS** for **The REGISTERED AGENT,** at the address of: **289 S CULVER STREET, LAWRENCEVILLE, GA 30046** on behalf of **UNITED FINANCIAL CASUALTY COMPANY**, and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit.  I have personal knowledge of the facts stated above.  I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

Subscribed and Sworn to before me on this
_____ day of _____ , 20___ , by
the affiant who is personally known to me or has
show acceptable identification.

*Ernestine Bell*
NOTARY PUBLIC

OFFICIAL SEAL
ERNESTINE BELL
NOTARY PUBLIC-GEORGIA
DEKALB COUNTY
My Comm. Expires JANUARY 3, 2026

*Muhsin S Hassan*
**MUHSIN S. HASSAN**

**Discrete Professional Services L. L. C.
375 ROCKBRIDGE RD. NW
SUITE 172
LILBURN, GA 30047
(470) 454-3107**

Our Job Serial Number: DIS-2023002472
Ref: 2023CV01966

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r

Discrete Professional Services L. L. C.           **INVOICE**                Invoice #DIS-2023002472
375 ROCKBRIDGE RD. NW                                                                        8/2/2023
SUITE 172
LILBURN, GA 30047
Phone: (470) 454-3107
30-0703538

SAXTON FIRM, P.C.

Reference Number: 2023CV01966

**Case Number: Clayton 2023CV01966**

Plaintiff:
**LAKYSHA SHIELDS**

Defendant:
**JOIHN BONICELLI, UNITED FINANCIAL CASUALTY COMPANY**

Received: 7/31/2023   Served: 8/2/2023 10:35 am  CORPORATE REGISTERED AGENT-REP
To be served on: UNITED FINANCIAL CASUALTY COMPANY C/O CT CORPORATION SYSTEM

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Regular Service | 1.00 | 125.00 | 125.00 |
| TOTAL CHARGED: | | | $125.00 |

**BALANCE DUE:**                                                                          **$125.00**

Please enclose a copy of this invoice with your payment.
DUE UPON RECEIPT. $50. LATE PAYMENT CHARGE ADDED TO ALL INVOICES NOT PAID AND RECEIVED
WITHIN 10 BUSINESS DAYS OF THE DATE OF THIS INVOICE. WE OFFER PAYMENT THROUGH PAYPAL,
BY CREDIT CARD AND CHECK.

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r

2023CV01966

eFiled 8/21/2023 8:01 AM

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

**Lakysha Shields**

| | Case No.: | **2023CV01966** |

Plaintiff/Petitioner

vs.

**John Joseph Bonicelli**

Defendant/Respondent

AFFIDAVIT OF SERVICE OF
**Summons; Complaint; RULE 5.2 CERTIFICATE OF
SERVING DISCOVERY MATERIAL; Plaintiff's First
Request for Admissions to Defendant; Plaintiff's First
Continuing Interrogatories and Request for Production
of Documents to Defendant**

Received by **Vadall Morrow**, on the **1st day of August, 2023 at 8:59 PM** to be served upon **JOHN JOSEPH BONICELLI** at **802 County Road 4 East, Prattville, Autauga County, AL 36067**.
On the **2nd day of August, 2023 at 3:10 PM**, I, Vadall Morrow, SERVED JOHN JOSEPH BONICELLI at **802 County Road 4 East, Prattville, Autauga County, AL 36067** in the manner indicated below:

**INDIVIDUAL SERVICE**, by personally delivering **1** copy(ies) of the above-listed documents to **JOHN JOSEPH BONICELLI**.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to JOHN JOSEPH BONICELLI with identity confirmed by subject saying yes when
named. The individual accepted service with direct delivery. The individual appeared to be a white male contact
45-55 years of age, 5'8"-5'10" tall and weighing 180-200 lbs with a beard.**

Service Fee Total: **$85.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing
is true and correct.

NAME: *Vadall Morrow*          R7326413                    9-18-23
          Vadall Morrow                  Server ID #                   Date

Notary Public: Subscribed and sworn before me on this ___18___ day of ___August___ in the year of 20__23__
Personally known to me ____ or _____ identified by the following document:

Notary Public (Legal Signature)

AMBER SIMMONS
NOTARY
My Comm. Expires
Mar. 8, 2025
ALABAMA STATE AT LARGE
PUBLIC

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

LAKYSHA SHIELDS,                :
                                      :
                Plaintiff,      :
vs.                            :
                                      :  CIVIL ACTION
JOHN JOSEPH BONICELLI,    :  FILE NO. 2023CV01966
                                      :
                Defendant.    :

**ANSWER AND CROSS-CLAIM OF UNITED FINANCIAL CASUALTY COMPANY**

**COMES NOW** United Financial Casualty Company, ostensibly served as the uninsured motorist carrier of the Plaintiff, which status it expressly denies, and files this, its Answer and Cross-Claim to the Plaintiff's Complaint, respectfully showing this Court the following facts:

**FIRST DEFENSE**

The Plaintiff's Complaint fails to state or set forth a claim against United Financial Casualty Company for which the legal relief sought can be granted.

**SECOND DEFENSE**

Plaintiff's failure to specifically plead items of special damages bars her recovery in this action.

**THIRD DEFENSE**

Plaintiff can make no recovery from United Financial Casualty Company until lawful service, venue, jurisdiction, and a valid judgment have been established against an "uninsured motorist."

**FOURTH DEFENSE**

No damages can be recovered which were directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

**FIFTH DEFENSE**

United Financial Casualty Company contends that the named Defendant in this case is neither uninsured nor underinsured as defined by Georgia Law.

**SIXTH DEFENSE**

The payment of uninsured/underinsured benefits may be offset by Plaintiff's entitlement to worker's compensation benefits and/or medical payments benefits.

**SEVENTH DEFENSE**

United Financial Casualty Company shows that it has the right to elect whether to defend in its own name or in the name of the Defendant and reserves the right to make that election pending the entry of a Pre-Trial Order.

**EIGHTH DEFENSE**

This Court lacks jurisdiction over United Financial Casualty Company.

**NINTH DEFENSE**

Venue is improper as to United Financial Casualty Company.

**TENTH DEFENSE**

Plaintiff's Complaint fails to name a proper and indispensable party.

**ELEVENTH DEFENSE**

Responding specifically to each and every allegation of the Plaintiff's Complaint, United Financial Casualty Company shows as follows:

**1.**

Responding to Paragraph 1, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**2.**

Responding to Paragraph 2, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**3.**

Responding to Paragraph 3, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**4.**

Responding to Paragraph 4, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, therefore denies the same.

**5.**

Responding to Paragraph 5, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**6.**

Responding to Paragraph 6, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**7.**

Responding to Paragraph 7, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**8.**

Responding to Paragraph 8, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**9.**

Responding to Paragraph 9, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**10.**

Responding to Paragraph 10, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**11.**

Responding to Paragraph 11, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**12.**

Responding to Paragraph 12, United Financial Casualty Company denies each and every allegation contained therein.

**13.**

Responding to Paragraph 13, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**14.**

Responding to Paragraph 14, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**15.**

Responding to Paragraph 15, United Financial Casualty Company denies each and every allegation contained therein.

**16.**

Responding to Paragraph 16, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**16. [sic]**

Responding to Paragraph 16, United Financial Casualty Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**17.**

Responding to Paragraph 17, United Financial Casualty Company denies each and every allegation contained therein.

**18.**

Responding to Paragraph 18, United Financial Casualty Company denies each and every allegation contained therein.

**19.**

Responding to Paragraph 19, United Financial Casualty Company denies each and every allegation contained therein.

**20.**

Responding to Paragraph 20, United Financial Casualty Company denies each and every allegation contained therein.

**21.**

Responding to Paragraph 21, United Financial Casualty Company denies each and every allegation contained therein.

**22.**

Responding to Paragraph 22, United Financial Casualty Company denies each and every allegation contained therein.

**23.**

Responding to Paragraph 23, United Financial Casualty Company denies each and every allegation contained therein.

**24.**

Any allegation of the Plaintiff's Complaint not specifically responded to herein is hereby denied.

## CROSS-CLAIM

**COMES NOW** United Financial Casualty Company and, pursuant to O.C.G.A. § 9-11-13(g), files this, its Cross-Claim against Defendant John Joseph Bonicelli and shows the Court as follows:

**1.**

United Financial Casualty Company has been served as if it were a party Defendant pursuant to O.C.G.A. § 33-7-11(d), the Georgia Uninsured Motorist Act.

**2.**

By serving United Financial Casualty Company, Plaintiff is alleging that the Defendant does not have sufficient liability insurance providing coverage for the claims made in this suit and that United Financial Casualty Company is liable as the uninsured/underinsured motorist insurer.

**3.**

United Financial Casualty Company shows that if it is found to be liable to make payment pursuant to the Georgia Uninsured Motorist Act, which liability is denied, then and in that event, United Financial Casualty Company is entitled to recover over and against the Defendant for all sums paid or payable up to its policy limit.

**WHEREFORE,** United Financial Casualty Company prays as follows:

(a)     That the Complaint against it be dismissed and that it be discharged without any

        liability to the Plaintiff whatsoever;

(b)     That United Financial Casualty Company has and recovers on its Cross-Claim

        against John Joseph Bonicelli;

(c)     That all costs of this action be cast against the Plaintiff; and

(d)     For such other and further relief as the Court deems just under the circumstances.

**THIS** 31st day of August, 2023.

                                        GOWER WOOTEN & DARNEILLE, LLC

                                        _/s/ Jason D. Darneille_
                                        JASON D. DARNEILLE
                                        Georgia Bar No. 224108
                                        Attorney for United Financial Casualty Co.

4200 Northside Parkway, NW
Building 12
Atlanta, GA 30327
(404)662-2333
jdarneille@gwdlawfirm.com

### CERTIFICATE OF SERVICE

This is to certify that I have this date served upon opposing counsel a copy of the within and foregoing ANSWER AND CROSS-CLAIM OF UNITED FINANCIAL CASUALTY COMPANY by filing the same with this Court through the designated electronic filing system and/or depositing a copy of same in the United States mail in an appropriately addressed envelope with adequate postage thereon as follows:

Daniel J. Saxton, Esq.
Alliston T. Newell, Esq.
Saxton Firm, P.C.
1995 North Park Place, SE
Suite 207
Atlanta, GA 30339

**THIS** 31st day of August, 2023.

GOWER WOOTEN & DARNEILLE, LLC

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
Attorney for United Financial Casualty Co.

4200 Northside Parkway, NW
Building 12
Atlanta, GA 30327
(404)662-2333
jdarneille@gwdlawfirm.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

LAKYSHA SHIELDS,       :
              :
        Plaintiff,   :
vs.             :
              :  CIVIL ACTION
JOHN JOSEPH BONICELLI,    :  FILE NO. 2023CV01966
              :
        Defendant.  :

## <u>UNITED FINANCIAL CASUALTY COMPANY'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS</u>

**COMES NOW** United Financial Casualty Company and files this, its Response to Plaintiff's Request for Admissions as follows:

**1.**

Responding to Paragraph 1, Defendant denies the allegations contained therein, as stated.

**2.**

Responding to Paragraph 2, Defendant denies the allegations contained therein.

**3.**

Responding to Paragraph 3, Defendant denies the allegations contained therein.

**4.**

Responding to Paragraph 4, Defendant admits the allegations contained therein.

**5.**

Responding to Paragraph 5, Defendant admits service is proper but denies the remaining allegations contained therein.

**6.**

Responding to Paragraph 6, Defendant admits its name is correct but denies the remaining allegations contained therein.

**7.**

Responding to Paragraph 7, Having made reasonable inquiry, the information known or readily obtainable by this Defendant is insufficient to enable Defendant to either admit or deny the truth of the averment contained in Request for Admission No. 7.

**8.**

Responding to Paragraph 8, Having made reasonable inquiry, the information known or readily obtainable by this Defendant is insufficient to enable Defendant to either admit or deny the truth of the averment contained in Request for Admission No. 8.

**9.**

Responding to Paragraph 9, Defendant denies the allegations contained therein.

**10.**

Responding to Paragraph 10, Having made reasonable inquiry, the information known or readily obtainable by this Defendant is insufficient to enable Defendant to either admit or deny the truth of the averment contained in Request for Admission No. 10.

**11.**

Responding to Paragraph 11, Defendant denies the allegations contained therein.

**12.**

Responding to Paragraph 12, Defendant denies the allegations contained therein.

**13.**

Responding to Paragraph 13, Defendant denies the allegations contained therein, as stated.

**14.**

Responding to Paragraph 14, Defendant denies the allegations contained therein, as stated.

**15.**

Responding to Paragraph 15, Defendant denies the allegations contained therein.

**16.**

Responding to Paragraph 16, Defendant denies the allegations contained therein.

**17.**

Responding to Paragraph 17, Defendant denies the allegations contained therein, as stated.

**18.**

Responding to Paragraph 18, Defendant admits the allegations contained therein.

**THIS** 31st day of August, 2023.

GOWER WOOTEN & DARNEILLE, LLC

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
Attorney for United Financial Casualty Co.

4200 Northside Parkway, NW
Building 12
Atlanta, GA 30327
(404)662-2333
jdarneille@gwdlawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon opposing counsel a copy of the within and foregoing UNITED FINANCIAL CASUALTY COMPANY'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS by filing the same with this Court through the designated electronic filing system and/or depositing a copy of same in the United States mail in an appropriately addressed envelope with adequate postage thereon as follows:

Daniel J. Saxton, Esq.
Alliston T. Newell, Esq.
Saxton Firm, P.C.
1995 North Park Place, SE
Suite 207
Atlanta, GA 30339

**THIS** 31st day of August, 2023.

GOWER WOOTEN & DARNEILLE, LLC

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
Attorney for United Financial Casualty Co.

4200 Northside Parkway, NW
Building 12
Atlanta, GA 30327
(404)662-2333
jdarneille@gwdlawfirm.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

LAKYSHA SHIELDS,                          :
                                          :
                         Plaintiff,       :
vs.                                       :
                                          :   CIVIL ACTION
JOHN JOSEPH BONICELLI,                    :   FILE NO. 2023CV01966
                                          :
                         Defendant.       :

**DEMAND FOR TRIAL BY JURY BY TWELVE**

   **COMES NOW** United Financial Casualty Company and files this, its Demand for Trial

by Jury by Twelve as provided by law.

   **THIS** 31st day of August, 2023.

                                   GOWER WOOTEN & DARNEILLE, LLC

                                   */s/ Jason D. Darneille*
                                   JASON D. DARNEILLE
                                   Georgia Bar No. 224108
                                   Attorney for United Financial Casualty Co.

4200 Northside Parkway, NW
Building 12
Atlanta, GA 30327
(404)662-2333
jdarneille@gwdlawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon opposing counsel a copy of the within and foregoing DEMAND FOR TRIAL BY JURY BY TWELVE by filing the same with this Court through the designated electronic filing system and/or depositing a copy of same in the United States mail in an appropriately addressed envelope with adequate postage thereon as follows:

Daniel J. Saxton, Esq.
Alliston T. Newell, Esq.
Saxton Firm, P.C.
1995 North Park Place, SE
Suite 207
Atlanta, GA 30339

**THIS** 31st day of August, 2023.

GOWER WOOTEN & DARNEILLE, LLC

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
Attorney for United Financial Casualty Co.

4200 Northside Parkway, NW
Building 12
Atlanta, GA 30327
(404)662-2333
jdarneille@gwdlawfirm.com

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

LAKYSHA SHIELDS,                          :
                                          :
                          Plaintiff,      :
                                          :
vs.                                       :
                                          :   CIVIL ACTION
JOHN JOSEPH BONICELLI,                    :   FILE NO. 2023CV01966
                                          :
                          Defendant.      :

## NOTICE OF LEAVE OF ABSENCE

**COMES NOW** Jason D. Darneille, attorney for United Financial Casualty Company and

hereby notifies the Court pursuant to Uniform Superior/State Court Rule 16.1 as follows:

    1.     Defendant's counsel will be out of town and/or on vacation and will be absent from all proceedings including trials, hearings, and depositions in the above-referenced matter during the following dates:

**September 11, 2023-September 18, 2023, November 09, 2023, November 22, 2023-November 27, 2023 and December 15, 2023-January 03, 2024.**

    2.     All affected judges and opposing counsel shall have ten days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

**THIS** 31st day of August, 2023.

GOWER WOOTEN & DARNEILLE, LLC

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
Attorney for United Financial Casualty Co.

4200 Northside Parkway, NW, Building 12
Atlanta, GA 30327
(404)662-2333
jdarneille@gwdlawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon opposing counsel a copy of the within and foregoing NOTICE OF LEAVE OF ABSENCE by filing the same with this Court through the designated electronic filing system and/or depositing a copy of same in the United States mail in an appropriately addressed envelope with adequate postage thereon as follows:

Daniel J. Saxton, Esq.
Alliston T. Newell, Esq.
Saxton Firm, P.C.
1995 North Park Place, SE
Suite 207
Atlanta, GA 30339

**THIS** 31st day of August, 2023.

GOWER WOOTEN & DARNEILLE, LLC

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
Attorney for United Financial Casualty Co.

4200 Northside Parkway, NW
Building 12
Atlanta, GA 30327
(404)662-2333
jdarneille@gwdlawfirm.com