IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LAKYSHA SHIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| JOHN JOSEPH BONICELLI, | ) | |
| | ) | |
| Defendant, | ) | [Removed from State Court |
| | ) | of Clayton County, GA |
| | ) | Case No. 2023CV01966] |

## **JURISDICTIONAL STATEMENT**

COMES NOW, United Financial Casualty Company, herein after "UFCC", by and through undersigned counsel, and hereby makes the following jurisdictional statement:

1.

Defendant is a resident of the State of Alabama and was served in that State, a copy of the service is attached hereto to as **EXHIBIT B**. Defendant is not a citizen of the State of Georgia and was not a citizen of the State of Georgia on the date of filing of the Complaint. (Complaint, ¶ 1-2; Exhibit B). UFCC is Foreign Insurance Company with a principal office in the State of Ohio. UFCC is not a citizen of the State of Georgia.

1

2.

UFCC, as required by 28 U.S.C. § 1446(d), has given notice of this removal to Plaintiff and to the State Court of Clayton, Georgia. A copy of said Notice is attached hereto as **Exhibit C**.

3.

Venue is proper because the United States District Court for the Northern District of Georgia, Atlanta Division encompasses Clayton County, Georgia – the jurisdiction in which Plaintiff filed her original Complaint.

4.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceed $75,000 (exclusive of interest and costs). Accordingly, removal of this case to this Court is proper under 28 U.S.C. § 1441.

5.

For jurisdiction to be proper under 28 U.S.C. § 1332, plaintiffs and defendants must be citizens of different states. 28 U.S.C. § 1332 (a)(1) (2013); *Wis. Dep't of Corrections, et al. v. Schacht*, 524 U.S. 381, 388 (1998) (stating, "[a] case falls within the federal district court's 'original' 'diversity jurisdiction' only if diversity

of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.").

6.

As shown above, Plaintiff is a citizen of Georgia while Defendant is a citizen of Alabama and UFCC is a citizen of Ohio.

7.

Accordingly, Defendant and UFCC are not a citizens of the same state as the Plaintiff, and therefore, complete diversity exists in this case.

8.

For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). "Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. When determining if the defendant has satisfied its burden to establish jurisdiction by a preponderance of the evidence, if the court cannot

determine whether it is facially apparent from the complaint that the jurisdictional amount is in controversy, the court may consider facts alleged in the notice of removal, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied (i.e., affidavits, declarations or other documentation). *Id*. at 754-755 (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990)).

9.

Plaintiff stated in her Complaint that that she has incurred over $325,405.08 in medical expenses and that she expects to incur more in the future. (Complaint, ¶ 18-19). Moreover, Plaintiff, in her Complaint, states that she is looking to recover more than just past medical specials. (Complaint, ¶ 20-23).

10.

Plaintiff's claimed damages is greater than $75,000.00 and thus Plaintiff cannot shield her case from removal. *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754 (11th Cir. 2010); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990).

11.

Because the parties are completely diverse in citizenship and UFCC has established by the preponderance of the evidence that the amount in controversy exceeds $75,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal jurisdiction pursuant to 28 U.S.C. § 1441.

12.

UFCC has given written notice of the filing of this Notice of Removal to Plaintiff by notifying their attorney of record, Daniel J. Saxton and Allison T. Newell, 1995 North Park Place, SE, Suite 207, Atlanta, Georgia 30339. UFCC has filed a written notice with the Clerk of the State Court of Clayton County, a copy of said notice being attached hereto and made a part hereof.

This 31st day of August, 2023.

                Respectfully submitted,

                **GOWER WOOTEN & DARNEILLE, LLC**

                */s/ Jason D. Darneille*
                JASON D. DARNEILLE
                Georgia Bar No.  24018
                *Counsel for United Financial Casualty Co.*

4200 Northside Pkwy. NW, Building 12
Atlanta, Georgia 30327
OFF:  (404) 662-2333
FAX: (678) 981-5182
jdarneille@gwdlawfirm.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing has been prepared with Time New Roman 14-point, which is one of the font and point selections approved by the Court in LR 5.1B.

GOWER WOOTEN & DARNEILLE

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
*Counsel for United Financial Casualty Co.*

4200 Northside Parkway
Building 12
Atlanta, GA   30327
OFF:  (404) 662-2333
FAX: (678) 981-5182

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2023 the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following CM/ECF filing participants:

Daniel J. Saxton, Esq.
Alliston T. Newell, Esq.
Saxton Firm, P.C.
1995 North Park Place, SE
Suite 207
Atlanta, GA 30339

**GOWER WOOTEN & DARNEILLE, LLC**

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 24018
*Counsel for United Financial Casualty Co.*

4200 Northside Parkway
Building 12
Atlanta, GA   30327
OFF:  (404) 662-2333
FAX: (678) 981-5182