```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION

CICELY C. WALKER,                *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *   CASE NO. _____
                                 *
CITY OF COVINGTON, GEORGIA,      *
SGT. SLADE MCCULLOUGH, and       *
SGT. ALLAN SEEBARAN,             *
                                 *
     Defendants.                 *
```

**COMPLAINT**

1.

This case concerns an unlawful entry and wrongful arrest by city police officers. The officers were dispatched to the apartment complex where Cicely Walker lived to investigate a missing Amazon package. When the officers knocked on Ms. Walker's door and asked her about the missing package, she professed no knowledge about its location and declined to offer either her name or date of birth. She also refused to allow the officers into her apartment to look around. Frustrated by Ms. Walker's refusal to cooperate, the officers entered her home without permission and arrested her. They later released Ms. Walker without filing any criminal charge. With this complaint, Ms. Walker seeks damages and her reasonable costs and attorney's fees.

<u>Parties</u>

2.

Plaintiff CICELY C. WALKER ("Walker") is a citizen of the State of Georgia.

3.

Defendant CITY OF CONVINGTON, GEORGIA, ("the City") is a political subdivision of the State of Georgia, which has the capacity to sue and be sued.

4.

Defendant SGT. SLADE MCCULLOUGH, at all times mentioned in this complaint, was employed by the City's police department and acted under the color of law.  Sgt. McCullough is sued in his individual capacity.

5.

Defendant SGT. ALLAN SEEBARAN, at all times mentioned in this complaint, was employed by the City's police department and acted under the color of law.  Sergeant Seebaran is sued in his individual capacity.

<u>Venue</u>

6.

All acts or omissions alleged in this complaint occurred in the Northern District of Georgia, where at least one defendant resides, and therefore venue is properly within this district under 28 U.S.C. § 1391(b)(2).

## Jurisdiction

7.

Jurisdiction for this suit is conferred in part by 42 U.S.C. § 1983, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

8.

Under 28 U.S.C. §§ 1331 and 1343(a)(3)&(4), the Court can entertain an action to redress a deprivation of rights guaranteed by the United States Constitution, and the Court has jurisdiction under 28 U.S.C. § 1367 to hear an action to redress a deprivation of rights guaranteed by the laws and the Constitution of the State of Georgia.

## Facts

9.

On the afternoon of December 1, 2022, Sgt. Allan Seebaran and Officer J. Sugg (of the Covington police department) responded to the Magnolia Heights Apartments in reference to a stolen package. The officers met with resident Denise Smith.

10.

Smith told Sgt. Seebaran that her daughter's Amazon package (valued at less than $100) was missing, had been delivered the previous day, and had been dropped off in front of the wrong apartment unit (Unit #604).

11.

Smith told the officers that, after she learned the package was delivered to Unit #604, she knocked on the door and spoke with Walker (who lived in Unit #604). Walker told Smith she was not at home when the package was delivered.

12.

After meeting with Smith, Sgt. Seebaran and Officer Sugg went to Walker's apartment (Unit #604) and told her about the missing package. Walker stated she spoke with Smith the previous day and had told Smith that she was not at home when the package was dropped off and did not take the package. Walker also stated she did not know anything else about the package.

13.

Sgt. Seebaran asked Ms. Walker if he could check her apartment for the package and she answered "no." Sgt. Seebaran then asked Walker for her information (name and date of birth); she asked why she had to give personal information. Sgt. Seebaran explained to Walker that he was

investigating a missing package and that state law required her to give this information.  Walker said she needed to call someone and then closed the door.

14.

After a few minutes, Sgt. Seebaran rang Walker's doorbell again, and she answered while on the phone.  Sgt. Seebaran again asked Walker for her identification and she again refused.  Walker then attempted to close her door, but Sgt. Seebaran placed one foot inside the apartment to prevent her from closing the door.

15.

Walker immediately called her husband.  At the same time, Sgt. Seebaran told Walker that if she did not provide her information, he would arrest her for obstruction. Walker's husband (who was on speaker phone) told Sgt. Seebaran that he was not doing his job properly and that Walker would not give her information.

16.

Upon Walker's husband's request, Officer Sugg called for his supervisor, Sgt. Slade McCullough.  Sgt. McCullough arrived and told Walker that if she did not give him her information, he would arrest her.  Walker refused.

17.

Sgt. McCullough and Sgt. Seebaran then entered Walker's

apartment (without her consent) and placed her in handcuffs. Walker was escorted from inside her apartment to Officer Sugg's patrol vehicle and placed in the backseat.

18.

Walker's husband arrived at the apartment complex (from work) and spoke with Sgt. McCullough, giving the officers both his and his wife's information.  Walker was then released.

<u>Count 1</u>

<u>42 U.S.C. § 1983: Unlawful Entry</u>

<u>in violation of the Fourth Amendment</u>

(Sgt. McCollough and Sgt. Seebaran)

19.

Walker incorporates paragraphs 1 through 18 here by this reference.

20.

Based upon their experience, knowledge and training as law enforcement officers, the defendants knew or should have known that entering into a home without a warrant, consent, or exigent circumstances is presumptively unreasonable under the Fourth Amendment to the U.S. Constitution.

21.

As a direct and proximate cause of the defendants' acts and omissions, Walker's residence was unlawfully entered,

entitling her to compensatory and punitive damages in an amount to be determined by the enlightened conscience of the jury.

<u>Count 2</u>

<u>42 U.S.C. § 1983: Warrantless In-Home Arrest</u>

<u>in violation of the Fourth Amendment</u>

(Sgt. McCollough and Sgt. Seebaran)

22.

Walker incorporates paragraphs 1 through 18 here by this reference.

23.

Based upon their experience, knowledge and training as law enforcement officers, the defendants knew or should have known that a suspect should not be arrested in her house without an arrest warrant, even if there is probable cause to arrest her, when there is neither exigent circumstances nor consent.

24.

At all times relevant to this action, the law was established with obvious clarity that arresting a citizen in her home without either consent or exigent circumstances violates the Fourth Amendment to the United States Constitution.

25.

As a direct and proximate cause of the defendants' acts and omissions, Walker was arrested in her home and against her will, entitling her to compensatory and punitive damages in an amount to be determined by the enlightened conscience of the jury.

### Count 3

### O.C.G.A. § 51-9-1: Trespass

(Sgt. McCollough and Sgt. Seebaran)

26.

Walker incorporates paragraphs 1 through 18 here by this reference.

27.

Walker had a right of enjoyment in her property, and the defendants unlawfully interfered with this enjoyment.

28.

As a proximate result of the defendants' conduct, Walker suffered damages, entitling her to recover compensatory and punitive damages against the defendants in an amount to be determined by the enlightened conscience of the jury.

## Count 4

### Municipal Liability - Law Enforcement Activity

(The City)

29.

Walker incorporates paragraphs 1 through 18 here by this reference.

30.

This Count is alleged against the City of Covington.

31.

Walker timely provided ante litem notice to the City.

32.

The City has purchased liability insurance that provides coverage and indemnification for liability arising from law enforcement operations, including errors and omissions.  That policy was in effect at all times relevant to this complaint.

33.

The purchase of liability insurance constitutes a limited waiver of sovereign immunity by the City.

34.

During the course of their employment and while fulfilling their official duties, the defendants breached duties owed to Walker.

35.

The City is liable for the negligent and tortious actions of the individual defendants under the doctrine of respondeat superior for violations of State law.  Under that doctrine, the City is not entitled to present a defense of official immunity.

<u>Count 5</u>

<u>O.C.G.A. § 51-12-5.1: Punitive Damages</u>

(Sgt. McCollough and Sgt. Seebaran)

36.

Walker incorporates paragraphs 1 through 18 here by this reference.

37.

The defendants' actions described in this complaint were willful and intentional misconduct, malice, wantonness, oppression or, at the very least, displayed a want of care showing a conscious indifference to consequences as contemplated under O.C.G.A. § 51-12-5.1.  For this reason, Walker is entitled to punitive damages.

**WHEREFORE**, Walker prays:

(a)   that as to Counts 1 through 4, the Court award Walker compensatory damages against the defendants, in an amount to be determined by the

        enlightened conscience of an impartial jury;

(b)    that as to Count 5, the Court award Walker punitive damages against the defendants for their violations of Georgia law, in an amount to be determined by the enlightened conscience of an impartial jury;

(c)    that the Court award Walker her reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial;

(d)    that she be granted a trial by jury on all issues so triable; and

(e)    that she be granted such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        BY: /s/ Cary S. Wiggins
        Cary S. Wiggins
        Ga. Bar No. 757657

WIGGINS LAW GROUP, LLC
Suite 401
260 Peachtree Street, NW
Atlanta, GA 30303
Telephone: (404) 659-2880
cary@wigginslawgroup.com