# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TBI DIAGNOSTIC CENTERS OF GEORGIA, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY <br><br> Defendants. | CASE NO. _____ <br><br> CASE BELOW: <br> Superior Court of DeKalb County, Georgia, Case No. 23CV6931 <br><br> JURY DEMAND |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm") hereby remove the above-captioned lawsuit from the Superior Court of DeKalb County, Georgia, to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). In support of this Notice of Removal, State Farm states as follows:

### Grounds for Removal

1. This Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000,

exclusive of interest and costs. Accordingly, removal to this Court is proper under 28 U.S.C. § 1441(a).

### Plaintiff's Complaint

2.  Plaintiff TBI Diagnostic Centers of Georgia, LLC ("TBI") filed its Complaint against State Farm on July 31, 2023, in the Superior Court of DeKalb County, Georgia. State Farm was served with the Complaint on August 2, 2023, through its registered agent. *See* Complete State Court Record including Complaint and service papers, attached as Exhibit 1.

3.  The Complaint alleges State Farm sent a letter to Plaintiff seeking a meeting to discuss "questions" concerning "treatment and billing for services rendered to patients whose claims are covered" by a State Farm policy. *See* Complaint ¶¶ 62, 64. According to the Complaint, Plaintiff entered into a "Confidentiality, Tolling and Moratorium Agreement" with State Farm, *id.* ¶ 69, which Plaintiff claims it rescinded, *id.* ¶¶ 73, 94-100.

4.  The Complaint seeks two declaratory judgments.[1] First, the Complaint seeks a declaration "confirming" Plaintiff's rescission of the Confidentiality, Tolling and Moratorium Agreement. *Id.* ¶¶ 73, 94-100.

---

[1] The Complaint lards these two claims with inaccurate allegations cut-and-pasted from another lawsuit filed by the same Plaintiffs' counsel, including about supposed practices from over twenty years ago, and unfounded inflammatory accusations of

5.  Second, the Complaint seeks a declaration that:

(a)  Plaintiff, as an independent diagnostic testing facility, does not represent that a diagnostic test it performs upon the referral of a treating doctor is medically necessary;

(b)  State Farm has not and is not presently relying on the truth or accuracy of any representation made by Plaintiff in determining the settlement amount of any third-party injury claim made by a test subject who received testing at Plaintiff's facility;

(c)  No portion of any settlement paid by State Farm in any third-party claim in which Plaintiff provided diagnostic testing upon the referral of a treating physician was proximately caused to be paid by any representation by Plaintiff; and

(d)  Any payment made by State Farm in settlement of a third-party claim which State Farm apportions to Plaintiff was voluntary.

*Id.* ¶ 103. This declaratory relief puts at issue more than the jurisdictional threshold required for diversity jurisdiction.

## Procedural Requirements

6.  State Farm has complied with all procedural requirements for removal.

7.  This Notice of Removal has been filed within 30 days of service of the Complaint on State Farm, and it accordingly is timely. *See* 28 U.S.C. § 1446(b)(1).

---

racism cribbed from a former employee's dismissed lawsuit against State Farm Fire and Casualty Company. *Compare* Complaint ¶¶ 37-48 *with* Complaint ¶¶ 43-55, *Wellness Around the World Chiropractic, LLC v. State Farm Mutual Auto. Ins. Co. et al.,* 1:23-cv-00997-MHC (N.D. Ga.) (Doc. 1-1).

3

8.     Venue is proper in this Court because the Superior Court of DeKalb County is located in the Northern District of Georgia. *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court . . . for the district and division embracing the place where such action is pending").

9.     As required under 28 U.S.C. § 1446(a), State Farm has attached copies of all process, pleadings, and orders served upon State Farm with respect to this action. *See* Exhibit 1; *see also* Superior Court of DeKalb County docket sheet, attached as Exhibit 2.

10.    As required under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being filed with the Clerk of the Superior Court of DeKalb County, Georgia.

## Diversity of Citizenship

11.    The diversity requirement of 28 U.S.C. § 1332(a) is satisfied because Plaintiff and Defendants are citizens of different states.

12.    Plaintiff is a Georgia citizen. Plaintiff is a Georgia limited liability company with its facilities in Georgia. Compl. ¶ 1. The Complaint attaches a Verification from its "principal," Gairy Johnson. *See* Compl. Verification. Mr. Johnson is identified in Plaintiff's corporate filings with the Georgia Secretary of State as the organizer, member and authorized agent of Plaintiff. *See* Ex. 3. Mr.

4

Johnson is a resident and citizen of the State of Georgia, which means Plaintiff is a Georgia citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").[2]

13. The Complaint specifically alleges State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company are "foreign corporations." *See* Complaint ¶ 2. Both companies are citizens of the State of Illinois. *See Ljuljdjuraj v. State Farm Mut. Auto. Ins. Co.,* 774 F.3d 908, 910 (6th Cir. 2014) ("State Farm [Mutual Automobile Insurance Company], which is incorporated in Illinois and has its principal place of business there, is a citizen of Illinois."); *McIntyre v. State Farm Fire & Casualty Co.,* No. 4:16CV-0065-HLM, 2016 WL 8902593, at *3 (N.D. Ga. May 19, 2016) ("Defendant [State Farm Fire and Casualty Company] is an Illinois citizen."); *see also* 28 U.S.C. § 1332(c)(1).

14. State Farm Mutual Automobile Insurance Company is a mutual insurance company, organized under the laws of the State of Illinois that maintains its principal place of business in that state. State Farm Fire and Casualty Company

---

[2] Since Mr. Johnson identifies himself as the principal of TBI in his sworn Verification to the Complaint, he presumptively is its only member. Compl. Verification. In response to an emailed inquiry, Plaintiff's counsel declined to confirm there are no other members.

is a stock insurance company, which also is organized under the laws of the State of Illinois that maintains its principal place of business in that state. *See* Declaration of Weslie Sawyer, attached hereto as Exhibit 4, ¶¶ 4-11.

## Amount in Controversy

15.     Plaintiff's claim plainly places more than $75,000 in controversy pursuant to 28 U.S.C. § 1332(a). In taking this position, State Farm does not concede that Plaintiff plausibly states a claim it is entitled to recover any amount, but only the amount placed in controversy by its declaratory judgment claim plausibly exceeds the jurisdictional threshold. *See Creswell v. Transport Risk Solutions Risk Retention Grp.,* No. 1:19-cv-04632-SDG, 2020 WL 13526729, at *2 (N.D. Ga. July 16, 2020) (a notice of removal "need only provide 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold'") (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

16.     In actions seeking declaratory relief, the amount in controversy is measured by the "value of the object of the litigation" from the plaintiff's perspective. *See Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.,* 120 F.3d 216, 218–20 (11th Cir. 1997). Stated another way, the value of declaratory relief is the amount a plaintiff would recover or avoid losing if the relief was granted. *See Cohen v. Office Depot,* 204 F.3d 1069,

1077 (11th Cir. 2000); *Braniff Intern., Inc. v. Florida Public Service Commission*, 576 F.2d 1100, 1106 n.8 (5th Cir. 1978) (for declaratory judgment actions, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented"). The monetary value of the declaratory relief sought by Plaintiff far exceeds $75,000.

17.  Although styled as a declaratory judgment and recission action, the intended purpose of Plaintiff's Complaint is to seek to prevent State Farm from filing suit on its "questions" concerning Plaintiff's billings. *See* Compl. ¶¶ 50-54, 58-59, 60-63, 66, 78, 91-93.  To the extent State Farm has questions concerning Plaintiff's billings for treatment services rendered on behalf of State Farm insureds, the billings involved include: (a) over $25,000 in billings since 2020 by Plaintiff for services allegedly provided to State Farm insureds on first-party claims; and (b) over $1,000,000 in billings since 2020 by Plaintiff for services allegedly provided to other individuals under State Farm insureds' bodily injury liability, uninsured and underinsured motorist coverages (collectively categorized by Plaintiff as third-party claims), of which State Farm considered over $400,000 in determining the settlement amounts of third-party claims, Compl. ¶ 103, easily satisfying the $75,000 amount-in-controversy requirement.

18. This is also apparent from the components of declaratory relief sought by Plaintiff. Among other things, Plaintiff seeks a declaration that any payments by State Farm now or in the future to settle Plaintiff's billings on any "third-party claim" is "voluntary," and so cannot legally be recovered as damages in any lawsuit by State Farm against Plaintiff. *See* Compl. ¶¶ 92, 103(d). Since 2020, Plaintiff has had bills considered by State Farm, on average, of over $130,000 each year for treatment of individuals under State Farm coverages on "third-party claims." Using just one year of Plaintiff's projected billings on third-party claims, this component of Plaintiff's requested relief alone also satisfies the amount-in-controversy requirement.

19. Lastly, Plaintiff effectively alleges an object of this declaratory judgment litigation is to avoid the financial "burden of defending" a lawsuit by State Farm. Compl. ¶ 76. Consequently, the "financial benefit of not having to pay" these costs likewise may be considered and included in the amount in controversy and increase it even more. *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1344 (11th Cir. 2018) (quoting *Ericsson*, 120 F.3d at 220); *see also id.* at n. 9 (amount in controversy includes "the costs associated with defending" lawsuit avoided by declaratory judgment) (quoting *Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976)).

20. Accordingly, State Farm has shown the value of the object of this litigation clearly exceeds the $75,000 threshold for diversity jurisdiction.

21. For all the foregoing reasons, State Farm has demonstrated all prerequisites for federal diversity jurisdiction have been met.

**WHEREFORE**, Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company hereby remove this action from the Superior Court of DeKalb County, Georgia, to this Court.

Dated: September 1, 2023

          WALDON ADELMAN CASTILLA
          HIESTAND & PROUT

          /s/ *Jonathan M. Adelman*
          Jonathan M. Adelman
          (State Bar No. 005128)
          900 Circle 75 Parkway
          Suite 1040
          Atlanta, Georgia 30339
          (770) 953-1710
          jadelman@wachp.com

          *Attorney for Defendant*

## **CERTIFICATE OF COMPLIANCE**

This certifies that the foregoing brief is typed in 14-Point, Times New Roman font and is otherwise formatted in compliance with LR 5.1.

This 1st day of SeptemberSeptember, 2023.

                                                WALDON ADELMAN CASTILLA HIESTAND & PROUT

                                                /s/ *Jonathan M. Adelman*
                                                Jonathan M. Adelman
                                                (State Bar No. 005128)
                                                900 Circle 75 Parkway
                                                Suite 1040
                                                Atlanta, Georgia 30339
                                                (770) 953-1710
                                                jadelman@wachp.com

                                                *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this the 1st day of September, 2023, I electronically filed the foregoing *Defendants' Notice of Removal* with the Clerk of this Court using the CM/ECF system which will automatically provide notice of such filing via electronic mail to the following attorney(s) of record:

Douglas Dean<br>
LAWSON, REID & DEAN, LLC<br>
601 East 14th Avenue (31015)<br>
P.O. Box 5005<br>
Cordele, Georgia 31010<br>
Douglas.Dean@lawsonreidlaw.com<br>
*Attorney for Plaintiff*

WALDON ADELMAN CASTILLA HIESTAND & PROUT

/s/ *Jonathan M. Adelman*
Jonathan M. Adelman
(State Bar No. 005128)
900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com

*Attorney for Defendants*