IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LIDIA ERAZO                              :
                                         :
            Plaintiff,                   :    CIVIL ACTION
                                         :
      V.                                 :
                                         :    NO: 23EV004608
                                         :
AMERICAN AIRLNES, INC.                   :
                                         :
            Defendant.                   :
                                         :

## NOTICE OF REMOVAL

Without waiving any available defenses, including, without limitation, lack of jurisdiction, improper venue, statute of limitations, insufficient process, or insufficient service of process Defendant, American Airlines, Inc. (hereinafter "Removing Defendant"), by and through its attorneys, Morgan, Akins & Jackson, PLLC, with this Notice of Removal (hereinafter "Notice"), hereby removes the instant action from the State Court of Fulton County, Georgia, Docket No. 23EV004608, to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1332, and in support thereof states as follows:

1.     Plaintiff, Lidia Erazo (hereinafter, "Plaintiff"), commenced the above-referenced action by the filing of a Complaint (hereinafter, "Complaint") on or about



August 1, 2023.  (A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A.")

2.    In the Complaint, Plaintiff alleges that, during a flight on December 14, 2022, she was "struck on her left eye by an air attendant conducting the demonstration." Ex. "A," ¶¶ 4-5.

3.    In the Complaint, Plaintiff alleges that, as a result of the foregoing, she "sustained injuries to her left eye." Ex. "A," ¶ 7.

4.    In the Complaint, Plaintiff alleges that, as a result of the foregoing, she "underwent multiple visits to the eye doctor, two eye surgeries, and still has difficulty seeing out of her left eye." Ex. "A," ¶ 12.

5.    In the Complaint, Plaintiff alleges that, as a result of the foregoing, she has "suffered pain, *extreme* mental stress, and emotional distress."  Ex. "A," ¶ 8 (emphasis added).

6.    In the Complaint, in addition to compensatory damages "in excess of $70,000.00," Plaintiff seeks all "expenses of litigation," including "attorneys' fees and costs." Ex. "A," ¶ 25; Prayer for Relief, (b),(c).

7.    Plaintiff effectuated service of the Complaint upon Removing Defendant on August 28, 2023. (A true and correct copy of the service upon Removing Defendant is attached hereto as Exhibit "B.")

### Notice Timely Filed

This Notice is timely because it is filed within thirty (30) days of Removing Defendant's

receipt of a "pleading, motion, order or other paper from which it may first be ascertained"

that the action is removable. 28 U.S.C §1446(b).

8.      Furthermore, this Notice is timely because it is filed within one (1) year

of the inception of the matter.  28 U.S.C §1446(c)(1).

9.      Pursuant to 28 U.S.C §1446(b), Removing Defendant's deadline for

removal is September 28, 2023, and this Notice is timely filed.

<u>Citizenship of Parties</u>

10.      At all times relevant herein, including both the time of the subject

incident and the time of the filing of the instant Notice, Plaintiff was and is a resident and

citizen of the state of Georgia.  Ex. "A," ¶ 1.

11.      For purposes of diversity removal, a corporation "shall be deemed to be

a citizen of every State [in] which it has been incorporated and of the State . . . where it has its

principal place of business."  28 U.S.C. §1332(c)(1).

12.      At all times relevant herein, including both the time of the incident and

the time of the filing of the instant Notice, Removing Defendant is incorporated in Delaware

with a principal place of business in Texas.   (A true and correct copy of Removing

Defendant's business details, collectively, are attached hereto as Exhibit

"C.")

13.   Given the foregoing, complete diversity exists between Plaintiff (Georgia) and Removing Defendant (Delaware and Texas), satisfying the requirements of 28 U.S.C. §1332(a)(1).

## Amount in Controversy

14.   The amount in controversy in the instant matter is above the $75,000.00 threshold required for diversity removal, pursuant to the requirements of 28 U.S.C. §1332(a).

15.   It can be "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," and the "additional evidence demonstrating that removal is proper" may also be considered. *Farley v. Variety Wholesalers, Inc.*, 2013 U.S. Dist. LEXIS 57740, *4 (MD. Ga. April 23, 2013), citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

16.   "To determine whether the case meets federal jurisdictional requirements, courts may use their judicial experience and common sense." *Farley*, at *4, citing *Roe*, 613 F.3d at 1062; see also *Webb v. Dollar Tree Stores, Inc.*, 2022 U.S. Dist. LEXIS 30768, *4 (S.D. Ga. February22, 2022) (quoting *Bryant v. Publix Super Mkts., Inc.*, No. 1:20-CV-3916-JPB-CCB, 2021 WL 2470454, at *5 (N.D. Ga. Mar. 26, 2021) ("A court may rely on evidence put forward by the removing defendant, reasonable inferences and deductions drawn from that evidence, and judicial experience and common sense in determining whether defendant has carried its burden.")

4

17.     Notably, a "removing defendant is 'not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.'" *Webb* at *4; citing *Melton v. Transamerica Life Ins. Co.*, No. 20-0463-WS-M, 2020 U.S. Dist. LEXIS 201574 (S.D. Ala. Oct. 29, 2020) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

18.     "[S]ettlement offers that provide specific information to support the plaintiff's claim for damages suggests the plaintiff is offering a reasonable assessment of the value of his claim." *Farley*, at *6.

19.     On April 13, 2023, Removing Defendant received a demand letter ("Letter") from Plaintiff's counsel.  (A true and correct copy of the Letter is attached hereto as Exhibit "D.")

20.     Therein, Plaintiff's counsel represented that Plaintiff had undergone two (2) surgical procedures and, despite same, her "vision has been *permanently impaired* and will likely never be repaired through treatment." Ex. "D," pg. 1 (emphasis added).

21.     In the Letter, Plaintiff's counsel also represents that, in addition to "pain" and "discomfort," Plaintiff has suffered from "loss of sleep." Ex. "D," pg. 2.

22.     In the Letter, Plaintiff's counsel sets forth a demand of $100,000.00, which "stands even if a lawsuit is filed." Ex. "D," pg. 2.

23.     Plaintiff attached nearly forty (40) pages of medical records to the Letter, detailing the surgical procedures undergone as a result of the subject incident.[1]

24.     As noted above, in her Complaint, Plaintiff avers that she suffers from "*extreme*" mental and emotional distress, and, in addition to her compensatory damages exceeding $70,000.00, prays for relief in the form of attorneys' fees and costs of the action. Ex. "A," ¶¶ 4-5, 7-8 12, 25 (emphasis added).

25.     Plaintiff's demand of $100,000.00, combined with the damages sought in the Complaint (including an amount in *excess* of $70,000.00 *plus* all attorneys' fees and costs), claimed severe physical (including two surgeries and "permanent" loss of vision in one eye), and "extreme" emotional injuries in this matter, clearly satisfy the amount in controversy requirement of 28 U.S.C. §1332(a).

<u>Conclusion</u>

26.     For the reasons set forth above, this action is properly removed to this Honorable Court by the Removing Defendant pursuant to 28 U.S.C. § 1332.

27.     Removal to this Honorable Court is proper insofar as this case was initially brought in a state court within the geographical area of the Northern District of Georgia.  28 U.S.C. §1441(a).

---

[1] Removing Defendant does not attach these records to the instant Notice for HIPAA purposes.

28.     Removing Defendant has given written notice of the filing of this Notice pursuant to 28 U.S.C. §1446(d), by filing this Notice with the State Court of Fulton County, Georgia, and by giving written notice to Plaintiff.

29.     All pleadings, process, orders and other filings in the State Court action are attached to this Notice as required by 28 U.S.C. §1441(a).

**WHEREFORE**, Defendant, American Airlines, Inc., by and through its attorneys, Morgan, Akins & Jackson, PLLC, via this Notice of Removal, hereby removes the instant action from the State Court of Fulton County, Georgia, Docket No. 23EV004608, to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1332.

Respectfully submitted,

**MORGAN, AKINS & JACKSON, PLLC**

BY:

MCNIC AS. G OUDY, ESQUIRE
GA BAR #404816
4779 S. Atlanta Road
Suite 350
Atlanta, GA 30339
Telephone: 678-403-1043 Facsimile:
678-402-8301
Email: mgoudy@morganakins.com
*Counsel for Defendant, American
Airlines, Inc.*

Date: August 30, 2023

7

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify the foregoing document complies with the font and point selections permitted by Local Rule 5.1(B). This document was prepared on a computer using Times New Roman font in 14 point.

This 30th day of August, 2023.

BY:

MONICA GOUDY
GA BAR #404816

8

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LIDIA ERAZO | : |
| | : |
| Plaintiff, | :    CIVIL ACTION |
| | : |
| V. | : |
| | :    NO: 23EV004608 |
| | : |
| AMERICAN AIRLNES, INC. | : |
| | : |
| Defendant. | : |
| | : |

. **CERTIFICATE OF SERVICE** .

I hereby certify that on August 30, 2023, a copy of the foregoing Notice of Removal was provided electronically, as well as mailed via USPS Certified Mail, to Plaintiff's counsel at the below address:

Juan Estrada, Esq.
Juan Estrada Law
3675 Crestwood Parkway
Suite 400
Duluth, GA 30096
*Counsel for Plaintiff, Lidia Erazo*

Respectfully submitted,

**MORGAN, AKINS & JACKSON, PLLC**

BY:

MONICA C. GOUDY, ESQUIRE
GA BAR #404816
4779 S. Atlanta Road
Suite 350
Atlanta, GA 30339
Telephone: 678-403-1043 Facsimile:
678-402-8301
Email: mgoudy@morganakins.com
*Counsel for Defendant, American Air!*
*ines, Inc.*

Date: <u>August 30, 2023</u> .

State Court of Fulton County
**E-FILED**
23EV004608
8/29/2023 2:47 PM
State Court of Fulton County
Donald Talley, Clerk
Civil Division
23EV004608
8/1/2023 1:42 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

LIDIA ERAZO,                          )
                                      )
            Plaintiff,                )
                                      )
        v.                            )            CIVIL ACTION
                                      )            FILE NO: _____
AMERICAN AIRLINES, INC.,              )
                                      )
            Defendant.                )

## COMPLAINT

COMES NOW Lidia Erazo, Plaintiff in the above-captioned action, by and through her undersigned counsel and hereby files this Complaint against American Airlines, Inc. ("Defendant") showing this Court that Plaintiff is entitled to judgement against Defendant and alleging as follows:

### PARTIES AND JURISDICTION AND VENUE

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant is Foreign Profit Corporation with a registered agent located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30096 and is registered to do business in the State of Georgia with the Georgia Secretary of State's office. Defendant may be served a copy of this complaint through its registered agent, Corporation Service Company, at this address.

3.

Jurisdiction and Venue are proper in this court because the cause of action (Defendant Agent's physical strike on Plaintiff) originated in Fulton County.


EXHIBIT
A

## FACTS

4.

On or about December 14, 2022, Plaintiff was a passenger on a flight operated by Defendant.

5.

During the pre-flight safety demonstration, Plaintiff was physically struck on her left eye by an air attendant conducting the demonstration ("John Doe Flight Attendant").

6.

John Doe Flight Attendant was in the scope and course of their employment during the aforementioned physical strike.

7.

Plaintiff sustained injuries to her left eye, including the development of an itchy bump in her left eyelid, which required medical treatment and surgery to her eyelid.

8.

As a result of the physical strike by John Doe Flight Attendant, Plaintiff has suffered pain, extreme mental stress, and emotional distress.

## COUNT I – NEGLIGENCE BY JOHN DOE FLIGHT ATTENDANT

9.

Plaintiff incorporates and reallege the allegations set forth in Paragraphs 1 through 8 above as though fully set forth.

10.

John Doe Flight Attendant had a general duty of care while performing the flight safety demonstration.

- 2 -

11.

John Doe Flight Attendant breached this duty of care while performing the flight demonstration by overextending his arm into the seat where Defendant was sitting.

12.

As a result of Defendant's breach of his general duty of care, Plaintiff suffered injuries to her eye, underwent multiple visits to the eye doctor, two eye surgeries, and still has difficulty seeing out of her eye.

13.

John Doe Flight Attendant's negligence was the sole and proximate cause of the physical strike to Plaintiff and to Plaintiff's injuries.

### COUNT II – VICARIOUS LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 through 13 above as if fully restated.

15.

At the time of the subject-crash, John Doe Flight Attendant was an employee of American Airlines, Inc.

16.

At the time of the subject strike, John Doe Flight Attendant was performing his official duties and acting within scope of his employment with American Airlines.

17.

Defendant is liable for the tortious acts and omissions of John Doe Flight attendant under the doctrine of *respondeat superior*.

- 3 -

## COUNT III – NEGLIGENT HIRING

18.

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 through 17 above as if fully restated.

19.

Defendant was negligent in hiring John Doe Flight Attendant and entrusting him to perform safety demonstrations.

20.

Defendant was negligent in failing to properly train John Doe Flight Attendant.

21.

Defendant was negligent in failing to properly supervise John Doe Flight Attendant.

22.

Defendant's negligence in hiring John Doe Flight Attendant and entrusting him to perform safety demonstrations, and in failing to properly train and supervise John Doe Flight Attendant, was the sole and proximate cause of the subject physical strike, and Plaintiffs' resulting injuries.

## COUNT IV - EXPENSES OF LITIGATION PERSUANT TO O.C.G.A. § 13-6-11

23.

Plaintiff incorporates and reallege the allegations set forth in Paragraphs 1 through 22 above as though fully set forth.

24.

In committing their torts against Plaintiff, Defendant has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense in pursuing this matter pursuant to O.C.G.A. §13-6-11.

- 4 -

25.

As a result, Plaintiff is entitled to the expenses of litigation, including reasonable attorneys' fees and costs, pursuant to O.C.G.A. § 13-6-11.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Prays the following:

a.  Trial by jury;

b.  Judgement against Defendant for compensatory damages in excess of $70,000.00

c.  Expenses of litigation including costs and attorneys' fees as appropriate under Georgia Law; and

d.  Such other and further relief as the Court considers just and appropriate under the circumstances.

This 1st day of August, 2023.

JUAN ESTRADA LAW
/s/ Juan Estrada
Juan Estrada, Esq.
Georgia Bar No.: 317809
Attorney for Plaintiff

3675 Crestwood Parkway, Suite 400,
Duluth, Georgia 30096
Tel:   (770) 817-7653; Fax:  (404) 521-5057
Juan@JuanEstradaLaw.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

LIDIA ERAZO,                              )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )          CIVIL ACTION
                                          )          FILE NO: _____
AMERICAN AIRLINES, INC,                   )
                                          )
                    Defendant.            )

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said Court and to serve a copy on Juan Estrada, Plaintiff's Attorney, whose address is Juan Estrada Law, 3675 Crestwood Parkway, Suite 400, Duluth, Georgia 30096, an answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus costs of this action.

Your answer may be filed in writing or may be given orally (in person) to the Court. If you mail in your answer it must be notarized. Upon receipt of your answer a hearing date will be set and you will be notified by mail. At said hearing, bring your witnesses, books, receipts or other writings bearing on your claim or defense. Failure to appear at the time of hearing may result in judgment being entered against you.

This 1st day of August, 2023.

                                   Clerk of Magistrate Court


                                   By _____
                                   Deputy Clerk

SERVED: _____, 2023.


_____
Deputy Marshal

- 6 -



# Notice of Service of Process

LDD / ALL
Transmittal Number: 27543210
Date Processed: 08/28/2023

| | |
|---|---|
| Primary Contact: | AMERICAN AIRLINES, INC.<br>1 Skyview Dr<br>Md 8B503<br>Fort Worth, TX 76155-1801 |

| | |
|---|---|
| Entity: | American Airlines, Inc.<br>Entity ID Number |
| Entity Served: | American Airlines, Inc. |
| Title of Action: | Lidia Erazo vs. American Airlines, Inc. |
| Matter Name/ID: | Lidia Erazo vs. American Airlines, Inc. (14526662) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Fulton County State Court, GA |
| Case/Reference No: | 23EV004608 |
| Jurisdiction Served: | Georgia |
| Date Served on CSC: | 08/28/2023 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Juan Estrada Law<br>770-817-7653 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



EXHIBIT

B

TEXAS SECRETARY of STATE
RUTH R. HUGHS

BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| Filing Number: | 816206 | Entity Type: | Foreign For-Profit Corporation |
| Original Date of Filing: | June 13, 1934 | Entity Status: | In existence |
| Formation Date: | N/A | | |
| Tax ID: | 11315027984 | FEIN: | |
| Name: | AMERICAN AIRLINES, INC | | |
| Address: | PO BOX 619616 MD5656 | | |
| | Dfw Airport, TX 75261-9616 USA | | |
| Fictitous Name: | N/A | | |
| Jurisdiction: | DE, USA | | |
| Foreign Formation Date: | N/A | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| Name | | Address | | | |
| C T CORP SYSTEM | | 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136 USA | | Inactive Date | |

Order    Return to Search

Instructions:
* To place an order for additional information about a filing press the 'Order' button.



EXHIBIT

C



ision of Corporations

---

Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| File Number: | 332421 | Incorporation Date / Formation Date: | 4/11/1934 (mm/dd/yyyy) |
| Entity Name: | AMERICAN AIRLINES, INC. | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

REGISTERED AGENT INFORMATION

| Name: | CORPORATION SERVICE COMPANY | | |
| Address: | 251 LITTLE FALLS DRIVE | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19808 |
| Phone: | 302-636-5401 | | |

JE

Juan Estrada
Law

3675 Crestwood Parkway, Suite 400,
Duluth, Georgia 30096
(770) 817-7653
Juan@JuanEstradaLaw.com

VIA USPS CERTIFIED MAIL: 7022 3330 0001 9058 0023

March 29, 2023

American Airlines
1 Skyview Drive
Fort Worth, Texas 76155



RE:   Our Client:       Lidia Erazo
      Date of Loss:    December 14, 2022
      Claim No:        AAL-22TGU69574
      Claims:          Negligence

Mr. Cruz:

We have been retained to represent Lidia Erazo ("Our Client") who was injured by American Airlines ("You"), by through an employed flight attendant, on or about December 14, 2022. Our Client was a passenger on a flight and was injured due to a physical strike by an air attendant employed by You during a pre-flight safety demonstration. As a result of the physical strike, Our Client suffered injuries to her left eye, specifically developing an itchy bump in her left eyelid. (See photos attached as Exhibit "A")

On January 5, 2023, Our Client presented to Thomas Eye Group for treatment of the painful, itchy, irritated bump her left eye. Our Client was diagnosed with a chalazion in her upper left eyelid. She was prescribed antibiotic steroid eye drops, eye lubricants, and antibiotics. She was also given home care instructions to perform daily warm compresses and lid massage. In spite of these conservative measures, Our Client continued to experience symptoms. On January 18, 2023, Our Client received an eyelid drainage procedure to treat the chalazion. The procedure was ineffective at treating Our Client's symptoms. Our Client continued to have symptoms of a red, irritated, swollen bump on her eyelid. On February 13, 2023, Our Client received a second procedure to remove the chalazion. (A copy of medical records from Thomas Eye Group is attached as Exhibit "B"). To this current day, Our Client's vision has been permanently impaired and will likely never be repaired through treatment.

Medical bills for the above-referenced treatment are attached as Exhibit "C" and total $1,510.00.

    (a) Thomas Eye Group .................................................................$1,510.00

                                                       $1,510.00



EXHIBIT
D

Liability here is clear and compelling. You owed a duty to Ms. Erazo to conduct all safety demonstrations and other actions in a safe manner. You breached that duty when You, through your agent flight attendant, physically struck her during a safety demonstration. As a result of that breach of duty, Ms. Erazo has suffered damages. She has experienced pain, discomfort, and loss of sleep. She went through several visits to medical providers where she was treated, and has undergone two procedures to her left eye. Although she has worked hard and spent a lot of time to recover, Ms. Erazo will offer you an opportunity to settle this claim within thirty (30) days of the date of this elrter. This offer stands even if a lawsuit is filed. Should you fail to respond to this demand, we will file suit for civil damages and a bad faith claim in the court where venue is proper.

This settlement correspondence is delivered pursuant to O.C.G.A. § 51-12-14, in order to establish a claim for interest on this tort claim.

We are seeking to resolve this amicably and therefore demand that You issue a check made payable Juan Estrada Law, LLC., for the amount of One Hundred Thousand Dollars ($100,000.00) and deliver to the address listed below.

You have thirty (30) days from Your receipt of these offers to accept them. The 30-day period shall be conclusively established by the email correspondence.

If we do not actually receive a timely acceptance, this offer will be deemed rejected, and we will file a lawsuit against You. Your acceptance of this offer must be made in writing to:

Juan Estrada Law, LLC.
3675 Crestwood Parkway Suite 400,
Duluth, Georgia 30096

Payment in the amount of $100,000.00 must be made payable to Juan Estrada Law, LLC. within ten (10) days after Your written acceptance of this offer to settle. Timely payment is an essential element of acceptance.

If we are unable to resolve this matter in a timely fashion, we will file a lawsuit in the court where venue is proper where we will seek attorneys fees as well as litigation under O.C.G.A. § 13-6-11. If You have retained or do retain counsel in this matter, please do not hesitate to have Your counsel contact me. I hope that we can reach a resolution of this matter soon and I look forward to Your prompt response to discuss a resolution to this matter.

Regards,

/s/ Juan Estrada
Juan Estrada, Esq.
Attorney and Managing Partner
Direct: (770) 817-7653
Direct Fax: (404) 521-5057
Email: Juan@JuanEstradaLaw.com

JS44 (Rev. 10/2020 NDGA)                    CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

Lidia Erazo

## DEFENDANT(S)

American Airlines, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED
PLAINTIFF_____**Georgia**_____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED
DEFENDANT_____**Delaware/Texas**_____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

Juan Estrada, Esq.
Juan Estrada Law
3675 Crestwood Parkway, Suite 400
Duluth, GA 30096
Juan@JuanEstradaLaw.com / 770.817.7653

ATTORNEYS (IF KNOWN)

Monica Goudy, Esq.
Morgan, Akins & Jackson, PLLC
4779 S. Atlanta Road, Suite 350
Atlanta, GA 30339
mgoudy@morganakins.com / 678.403.1043

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. GOVERNMENT PLAINTIFF

☐ 2 U.S. GOVERNMENT DEFENDANT

☐ 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)

☑ 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| | PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|---|
| | ☑ 1 | ☐ 1 | CITIZEN OF THIS STATE | ☐ 4 | ☐ 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| | ☐ 2 | ☐ 2 | CITIZEN OF ANOTHER STATE | ☐ 5 | ☑ 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| | ☐ 3 | ☐ 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐ 6 | ☐ 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 ORIGINAL PROCEEDING

☑ 2 REMOVED FROM STATE COURT

☐ 3 REMANDED FROM APPELLATE COURT

☐ 4 REINSTATED OR REOPENED

☐ 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)

☐ 6 MULTIDISTRICT LITIGATION - TRANSFER

☐ 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT

☐ 8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiff alleges that she was struck by flight attendant during safety demonstration on flight. Removal from State Court of Fulton County (Docket No. 23EV004608) based upon diversity jurisdiction (28 U.S.C. § 1332(a)) as amount in controversy is greater than $75k and there is complete diversity of citizenship amongst the parties.

(IF COMPLEX, CHECK REASON BELOW)

☐ 1. Unusually large number of parties.

☐ 2. Unusually large number of claims or defenses.

☐ 3. Factual issues are exceptionally complex

☐ 4. Greater than normal volume of evidence.

☐ 5. Extended discovery period is needed.

☐ 6. Problems locating or preserving evidence

☐ 7. Pending parallel investigations or actions by government.

☐ 8. Multiple use of experts.

☑ 9. Need for discovery outside United States boundaries.

☐ 0. Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT $_____   APPLYING IFP_____   MAG JUDGE (IFP)_____

JUDGE_____   MAG JUDGE_____   NATURE OF SUIT_____   CAUSE OF ACTION_____
(Referral)

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- 110 INSURANCE
- 120 MARINE
- 130 MILLER ACT
- 140 NEGOTIABLE INSTRUMENT
- 151 MEDICARE ACT
- 160 STOCKHOLDERS' SUITS
- 190 OTHER CONTRACT
- 195 CONTRACT PRODUCT LIABILITY
- 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- 210 LAND CONDEMNATION
- 220 FORECLOSURE
- 230 RENT LEASE & EJECTMENT
- 240 TORTS TO LAND
- 245 TORT PRODUCT LIABILITY
- 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- [X] 310 AIRPLANE
- 315 AIRPLANE PRODUCT LIABILITY
- 320 ASSAULT, LIBEL & SLANDER
- 330 FEDERAL EMPLOYERS' LIABILITY
- 340 MARINE
- 345 MARINE PRODUCT LIABILITY
- 350 MOTOR VEHICLE
- 355 MOTOR VEHICLE PRODUCT LIABILITY
- 360 OTHER PERSONAL INJURY
- 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- 365 PERSONAL INJURY - PRODUCT LIABILITY
- 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- 370 OTHER FRAUD
- 371 TRUTH IN LENDING
- 380 OTHER PERSONAL PROPERTY DAMAGE
- 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- 422 APPEAL 28 USC 158
- 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- 440 OTHER CIVIL RIGHTS
- 441 VOTING
- 442 EMPLOYMENT
- 443 HOUSING/ ACCOMMODATIONS
- 445 AMERICANS with DISABILITIES - Employment
- 446 AMERICANS with DISABILITIES - Other
- 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- 462 NATURALIZATION APPLICATION
- 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- 463 HABEAS CORPUS- Alien Detainee
- 510 MOTIONS TO VACATE SENTENCE
- 530 HABEAS CORPUS
- 535 HABEAS CORPUS DEATH PENALTY
- 540 MANDAMUS & OTHER
- 550 CIVIL RIGHTS - Filed Pro se
- 555 PRISON CONDITION(S) - Filed Pro se
- 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- 550 CIVIL RIGHTS - Filed by Counsel
- 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- 710 FAIR LABOR STANDARDS ACT
- 720 LABOR/MGMT. RELATIONS
- 740 RAILWAY LABOR ACT
- 751 FAMILY and MEDICAL LEAVE ACT
- 790 OTHER LABOR LITIGATION
- 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- 820 COPYRIGHTS
- 840 TRADEMARK
- 880 DEFEND TRADE SECRETS ACT of 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- 830 PATENT
- 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- 861 HIA (1395ff)
- 862 BLACK LUNG (923)
- 863 DIWC (405(g))
- 863 DIWW (405(g))
- 864 SSID TITLE XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- 870 TAXES (U.S. Plaintiff or Defendant)
- 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- 375 FALSE CLAIMS ACT
- 376 Qui Tam 31 USC 3729(a)
- 400 STATE REAPPORTIONMENT
- 430 BANKS AND BANKING
- 450 COMMERCE/ICC RATES/ETC.
- 460 DEPORTATION
- 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- 480 CONSUMER CREDIT
- 485 TELEPHONE CONSUMER PROTECTION ACT
- 490 CABLE/SATELLITE TV
- 890 OTHER STATUTORY ACTIONS
- 891 AGRICULTURAL ACTS
- 893 ENVIRONMENTAL MATTERS
- 895 FREEDOM OF INFORMATION ACT 899
- 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- 410 ANTITRUST
- 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- 896 ARBITRATION (Confirm / Vacate / Order / Modify)

\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3

## VII. REQUESTED IN COMPLAINT:

- CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23   DEMAND $ > $70k + litigation costs
- JURY DEMAND [X] YES [ ] NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE_____   DOCKET NO._____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES:  (CHECK APPROPRIATE BOX)
- 1.  PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- 2.  SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- 3.  VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- 4.  APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- 5.  REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- 6.  COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- 7.  EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO._____, WHICH WAS DISMISSED.  This case [ ] IS [ ] IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

SIGNATURE OF ATTORNEY OF RECORD                    8/30/2023

DATE

State Court of Fulton County
**E-FILED**
23EV004608
8/29/2023 2:47 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| LIDIA ERAZO | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | NO: 23EV004608 |
| | ) | |
| AMERICAN AIRLNES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT, AMERICAN AIRLINES, INC.'S MOTION TO DISMISS

COME NOW, Defendant, American Airlines, Inc. ("Defendant"), by and through its attorneys, Morgan, Akins & Jackson, PLLC, hereby files this Motion to Dismiss ("Motion") pursuant to O.C.G.A. § 9-11-12(b)(6), respectfully submit to this Honorable Court the following:

## INTRODUCTION

On August 1, 2023, Plaintiff, Lidia Erazo ("Plaintiff") filed a Complaint (attached hereto as Exhibit "A") in the instant Court, which sets forth four (4) causes of action against Defendant, including "Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11." *See*, generally, Ex. "A." Plaintiff's request for relief in the form of litigation expenses is wholly inapplicable and cannot be maintained under any theory of law. As such, Defendant files the instant Motion to have Plaintiff's claim pursuant to O.C.G.A. § 13-6-11 dismissed.

## STATEMENT OF FACTS

In the Complaint, Plaintiff alleges that, during a flight on December 14, 2022, she was "struck on her left eye by an air attendant conducting the demonstration." Ex. "A," ¶¶ 4-5. Plaintiff alleges that, as a result of the foregoing, she "sustained injuries to her left eye." Ex. "A," ¶ 7. Plaintiff advances four (4) causes of action against Defendant: Negligence, Vicarious

Liability, Negligent Hiring, and Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11. *See*, generally, Ex. "A." Specifically, Plaintiff claims, without any that Defendant, "in supporting their [sic] torts against Plaintiff . . . has been stubbornly litigious," and she has been "caused unnecessary trouble and expense in pursuing" the instant matter. Ex. "A," ¶ 24. Plaintiff further claims that, "[a]s a result, [she] is entitled to the expenses of litigation, including reasonable attorneys' fees and costs . . .." Ex. "A," ¶ 24.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

Pursuant to O.C.G.A. § 9-11-12(b), a list of defenses to a plaintiff's claims "may, at the option of the pleader, be made by motion in writing," including "[f]ailure to state a claim upon which relief may be granted." O.C.G.A. § 9-11-12(b)(6). Pursuant to the standard for motions to dismiss for failure to state a claim, "the Court must grant the motion if '(1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support therefore; and (2) the movant established that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought'." *Bryan Ventures, Inc. v. Gainor*, 2009 Ga. Super. LEXIS 78, *9-10 (April 6, 2009) (quoting *Stendahl v. Cobb Cty.*, 668 S.E.2d 723, 725 (2008). Furthermore, under this standard, a "complaint must give a defendant notice of the claim in terms sufficiently clear to enable him to frame a responsive pleading thereto." *Drummond Fin. Servs. v. TMX Fin. Holdings*, 2018 Ga. Super. LEXIS 4504, *6 (March 13, 2018) (citing *Patrick v. Verizon Directories Corp.*, 284 Ga. App. 123, 124, (2007) (quoting *Allen v. Bergman*, 201 Ga. App. 781, 783 (1991)).

a.    **Plaintiff's request for expenses of litigation must be dismissed.**

As noted above, in Count IV of her Complaint, Plaintiff seeks the "expenses of litigation, including reasonable attorneys' fees and costs, pursuant to O.C.G.A. § 13-6-11. Ex. "A," ¶ 24;

Prayer for Relief (c). Pursuant to O.C.G.A. § 13-6-11, "expenses of litigation" are recoverable by a plaintiff when a defendant "has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense . . .."

Plaintiff's request for litigation expenses cannot survive the instant Motion for several reasons. First, Plaintiff's averments in this respect are a legal impossibility on their face. In her Complaint, Plaintiff pleads that the sole incident giving rise to the instant matter is the striking of Plaintiff by Defendant's "air attendant" during a flight. Ex. "A," ¶¶ 4-5. Then, in Count IV, Plaintiff alleges that *"[i]n committing their* [sic] *torts* against Plaintiff, Defendant has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense in pursuing this matter." Ex. "A," ¶ 24 (emphasis added). Plainly, Plaintiff avers that, by the simple fact of the "air attendant" striking her during a flight, Defendant was "stubbornly litigious" and caused Plaintiff "unnecessary trouble and expense" with respect to the instant lawsuit. This position, of course, is nonsensical. If Plaintiff's position were tenable in any capacity, then litigation expenses would be properly pled in every single civil case in the State of Georgia, since, by the mere fact that an incident occurred, a defendant was "stubbornly litigious." Such a result would be patently untenable.

Second, the facts as pled in the Complaint do not suggest, let alone establish, any "stubborn litigious[ness]" on the part of Defendant whatsoever. Even accepting Plaintiff's allegations as true, Defendant's sole action is striking Plaintiff during a safety demonstration on a flight. Ex. "A," ¶¶ 4-5. At the core of Plaintiff's claims against Defendant is simple Negligence. *See,* generally, Ex. "A." No punitive damages are pled. *Id.* There are no averments whatsoever included in the Complaint regarding any dilatory, or certainly "stubborn" actions on the part of Defendant. *Id.* Similarly, Plaintiff levy any allegations regarding any "unnecessary expense"

3

incurred by Plaintiff in bringing the instant action. *Id.* Indeed, Plaintiff herself made the unilateral decision to file the instant lawsuit with almost a year-and-a-half left under Georgia's statute of limitations. Defendant cannot, under any reading of the Complaint, be said to have been "stubbornly litigious," and, as a result, Plaintiff's claim for litigation expenses must fail.

Third, anticipating that Plaintiff's counterargument to the instant Motion may include an averment that a pre-suit claim was denied, Defendant notes a bevy of established Georgia precedential case law sets forth that mere refusal to pay a claim is not the equivalent of "stubborn[ ] litigious[ness]" on the part of Defendant. See, e.g., *Teems v. Forest Park,* 137 Ga. App. 733 (1976); *Murphy v. Morse,* 96 Ga. App. 513 (1957); *D.H. Overmyer Co. v. Nelson-Brantley Glass Co.,* 119 Ga. App. 599 (1969); *McDevitt & Street Co. v. K-C Air Conditioning Serv., Inc.,* 203 Ga. App. 640 (1992), cert. denied, No. S92C0888, 1992 Ga. LEXIS 486 (Ga. June 11, 1992). Similarly, attorneys fees are not supported by a refusal to pay a claim. See, e.g., *G.E.C. Corp. v. Levy,* 126 Ga. App. 604, (1972); *Palmer v. Howse,* 133 Ga. App. 619 (1974); *Brannon Enters., Inc. v. Deaton,* 159 Ga. App. 685 (1981); *Evans v. Willis,* 212 Ga. App. 335 (1994), cert. denied, No. S94C1001, 1994 Ga. LEXIS 691 (Ga. Apr. 28, 1994). Finally, the "key to the [(expenses of litigation)] test is whether there is a 'bona fide controversy'" which necessitates resolution by the courts. *Franchise Enterprises, Inc. v. Ridgeway,* 157 Ga. App. 458, 460 (1981), citing *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522, 524 (1972). Plaintiff has not pled that no such controversy exists in this matter, resulting in the failure of Count IV of her Complaint.

## CONCLUSION

In her Complaint, Plaintiff provides no factual basis whatsoever for Count IV, seeking litigation expenses pursuant O.C.G.A. § 13-6-11. Her bald assertions, including averments that Defendant was "stubbornly litigious" and caused her "unnecessary expense" consist solely of

4

enumerated paragraphs stating as much. She does not include anything remotely approaching the imposition of attorneys fees upon Defendant, in accordance with Georgia statute. In fact, even if Plaintiff attempts to claim that Defendant refused to pay her claim, that is not the applicable test; rather, the test is whether a "bona fide" controversy exists. Plaintiff did not claim that no such controversy exists, and, indeed, she cannot.

As such, Defendant, American Airlines, Inc., by and through its attorneys, Morgan, Akins & Jackson, PLLC, via the instant Motion to Dismiss and pursuant to O.C.G.A. § 9-11-12(b)(6), submits that Count IV of Plaintiff, Lidia Erazo's Complaint seeking "Expenses of Litigation Pursuant to O.C.G.A. § 13-6-11" should be dismissed.

Respectfully submitted,

MORGAN, AKINS & JACKSON, PLLC

BY:

MONICA S. GOUDY, ESQUIRE
GA BAR #404816
4779 S. Atlanta Road
Suite 350
Atlanta, GA 30339
Telephone: 678-403-1043
Facsimile: 678-402-8301
Email: mgoudy@morganakins.com
*Counsel for Defendant, American Airlines, Inc.*

Date: August 29, 2023

5

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

LIDIA ERAZO                              )
                                         )
                      Plaintiff,         )        CIVIL ACTION
                                         )
        V.                               )
                                         )
                                         )        NO: 23EV004608
                                         )
AMERICAN AIRLNES, INC.                   )
                                         )
                      Defendant.         )
                                         )

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2023, a copy of the foregoing Motion to Dismiss was provided electronically, as well as mailed via USPS Certified Mail, to Plaintiff's counsel at the below address:

Juan Estrada, Esq.
Juan Estrada Law
3675 Crestwood Parkway
Suite 400
Duluth, GA 30096
*Counsel for Plaintiff, Lidia Erazo*

Respectfully submitted,

MORGAN, AKINS & JACKSON, PLLC

BY:

MONICA S. GOUDY, ESQUIRE
GA BAR #404816
4779 S. Atlanta Road
Suite 350
Atlanta, GA 30339
Telephone: 678-403-1043
Facsimile: 678-402-8301
Email: mgoudy@morganakins.com
*Counsel for Defendant, American Airlines, Inc.*

Date: August 29, 2023

6