IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LIDIA ERAZO | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 23EV004608 |
| AMERICAN AIRLNES, INC. | |
| Defendant. | |

## NOTICE OF REMOVAL

Without waiving any available defenses, including, without limitation, lack of jurisdiction, improper venue, statute of limitations, insufficient process, or insufficient service of process Defendant, American Airlines, Inc. (hereinafter "Removing Defendant"), by and through its attorneys, Morgan, Akins & Jackson, PLLC, with this Notice of Removal (hereinafter "Notice"), hereby removes the instant action from the State Court of Fulton County, Georgia, Docket No. 23EV004608, to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1332, and in support thereof states as follows:

1. Plaintiff, Lidia Erazo (hereinafter, "Plaintiff"), commenced the above-referenced action by the filing of a Complaint (hereinafter, "Complaint") on or about

August 1, 2023. (A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A.")

2. In the Complaint, Plaintiff alleges that, during a flight on December 14, 2022, she was "struck on her left eye by an air attendant conducting the demonstration." Ex. "A," ¶¶ 4-5.

3. In the Complaint, Plaintiff alleges that, as a result of the foregoing, she "sustained injuries to her left eye." Ex. "A," ¶ 7.

4. In the Complaint, Plaintiff alleges that, as a result of the foregoing, she "underwent multiple visits to the eye doctor, two eye surgeries, and still has difficulty seeing out of her left eye." Ex. "A," ¶ 12.

5. In the Complaint, Plaintiff alleges that, as a result of the foregoing, she has "suffered pain, *extreme* mental stress, and emotional distress." Ex. "A," ¶ 8 (emphasis added).

6. In the Complaint, in addition to compensatory damages "in excess of $70,000.00," Plaintiff seeks all "expenses of litigation," including "attorneys' fees and costs." Ex. "A," ¶ 25; Prayer for Relief, (b),(c).

7. Plaintiff effectuated service of the Complaint upon Removing Defendant on August 28, 2023. (A true and correct copy of the service upon Removing Defendant is attached hereto as Exhibit "B.")

### Notice Timely Filed

This Notice is timely because it is filed within thirty (30) days of Removing Defendant's receipt of a "pleading, motion, order or other paper from which it may first be ascertained" that the action is removable. 28 U.S.C §1446(b).

8. Furthermore, this Notice is timely because it is filed within one (1) year of the inception of the matter. 28 U.S.C §1446(c)(1).

9. Pursuant to 28 U.S.C §1446(b), Removing Defendant's deadline for removal is September 28, 2023, and this Notice is timely filed.

## Citizenship of Parties

10. At all times relevant herein, including both the time of the subject incident and the time of the filing of the instant Notice, Plaintiff was and is a resident and citizen of the state of Georgia. Ex. "A," ¶ 1.

11. For purposes of diversity removal, a corporation "shall be deemed to be a citizen of every State [in] which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. §1332(c)(1).

12. At all times relevant herein, including both the time of the incident and the time of the filing of the instant Notice, Removing Defendant is incorporated in Delaware with a principal place of business in Texas. (A true and correct copy of Removing Defendant's business details, collectively, are attached hereto as Exhibit "C.")

13. Given the foregoing, complete diversity exists between Plaintiff (Georgia) and Removing Defendant (Delaware and Texas), satisfying the requirements of 28 U.S.C. §1332(a)(1).

## Amount in Controversy

14. The amount in controversy in the instant matter is above the $75,000.00 threshold required for diversity removal, pursuant to the requirements of 28 U.S.C. §1332(a).

15. It can be "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," and the "additional evidence demonstrating that removal is proper" may also be considered. *Farley v. Variety Wholesalers, Inc.*, 2013 U.S. Dist. LEXIS 57740, *4 (MD. Ga. April 23, 2013), citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

16. "To determine whether the case meets federal jurisdictional requirements, courts may use their judicial experience and common sense." *Farley*, at *4, citing *Roe*, 613 F.3d at 1062; see also *Webb v. Dollar Tree Stores, Inc.*, 2022 U.S. Dist. LEXIS 30768, *4 (S.D. Ga. February22, 2022) (quoting *Bryant v. Publix Super Mkts., Inc.*, No. 1:20-CV-3916-JPB-CCB, 2021 WL 2470454, at *5 (N.D. Ga. Mar. 26, 2021) ("A court may rely on evidence put forward by the removing defendant, reasonable inferences and deductions drawn from that evidence, and judicial experience and common sense in determining whether defendant has carried its burden.")

17. Notably, a "removing defendant is 'not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.'" *Webb* at *4; citing *Melton v. Transamerica Life Ins. Co.*, No. 20-0463-WS-M, 2020 U.S. Dist. LEXIS 201574 (S.D. Ala. Oct. 29, 2020) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

18. "[S]ettlement offers that provide specific information to support the plaintiff's claim for damages suggests the plaintiff is offering a reasonable assessment of the value of his claim." *Farley*, at *6.

19. On April 13, 2023, Removing Defendant received a demand letter ("Letter") from Plaintiff's counsel. (A true and correct copy of the Letter is attached hereto as Exhibit "D.")

20. Therein, Plaintiff's counsel represented that Plaintiff had undergone two (2) surgical procedures and, despite same, her "vision has been *permanently impaired* and will likely never be repaired through treatment." Ex. "D," pg. 1 (emphasis added).

21. In the Letter, Plaintiff's counsel also represents that, in addition to "pain" and "discomfort," Plaintiff has suffered from "loss of sleep." Ex. "D," pg. 2.

22. In the Letter, Plaintiff's counsel sets forth a demand of $100,000.00, which "stands even if a lawsuit is filed." Ex. "D," pg. 2.

23.     Plaintiff attached nearly forty (40) pages of medical records to the Letter, detailing the surgical procedures undergone as a result of the subject incident.[1]

24.     As noted above, in her Complaint, Plaintiff avers that she suffers from *"extreme"* mental and emotional distress, and, in addition to her compensatory damages exceeding $70,000.00, prays for relief in the form of attorneys' fees and costs of the action. Ex. "A," ¶¶ 4-5, 7-8 12, 25 (emphasis added).

25.     Plaintiff's demand of $100,000.00, combined with the damages sought in the Complaint (including an amount in *excess* of $70.000.00 *plus* all attorneys' fees and costs), claimed severe physical (including two surgeries and "permanent" loss of vision in one eye), and "extreme" emotional injuries in this matter, clearly satisfy the amount in controversy requirement of 28 U.S.C. §1332(a).

## Conclusion

26.     For the reasons set forth above, this action is properly removed to this Honorable Court by the Removing Defendant pursuant to 28 U.S.C. § 1332.

27.     Removal to this Honorable Court is proper insofar as this case was initially brought in a state court within the geographical area of the Northern District of Georgia. 28 U.S.C. §1441(a).

---

[1] Removing Defendant does not attach these records to the instant Notice for HIPAA purposes.

28.     Removing Defendant has given written notice of the filing of this Notice pursuant to 28 U.S.C. §1446(d), by filing this Notice with the State Court of Fulton County, Georgia, and by giving written notice to Plaintiff.

29.     All pleadings, process, orders and other filings in the State Court action are attached to this Notice as required by 28 U.S.C. §1441(a).

**WHEREFORE**, Defendant, American Airlines, Inc., by and through its attorneys, Morgan, Akins & Jackson, PLLC, via this Notice of Removal, hereby removes the instant action from the State Court of Fulton County, Georgia, Docket No. 23EV004608, to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1332.

Respectfully submitted,

**MORGAN, AKINS & JACKSON, PLLC**

BY:

MCNICAS. G OUDY, ESQUIRE
GA BAR #404816
4779 S. Atlanta Road
Suite 350
Atlanta, GA 30339
Telephone: 678-403-1043 Facsimile: 678-402-8301
Email: mgoudy@morganakins.com
*Counsel for Defendant, American Airlines, Inc.*

Date: August 30, 2023

7

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify the foregoing document complies with the font and point selections permitted by Local Rule 5.1(B). This document was prepared on a computer using Times New Roman font in 14 point.

This 30th day of August, 2023.

BY: _____

MONICA GOUDY
GA BAR #404816

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LIDIA ERAZO | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | NO: 23EV004608 |
| | : | |
| AMERICAN AIRLNES, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023, a copy of the foregoing Notice of Removal was provided electronically, as well as mailed via USPS Certified Mail, to Plaintiff's counsel at the below address:

Juan Estrada, Esq.
Juan Estrada Law
3675 Crestwood Parkway
Suite 400
Duluth, GA 30036
*Counsel for Plaintiff, Lidia Erazo*

9

Respectfully submitted,

**MORGAN, AKINS & JACKSON, PLLC**

BY: _____
MONICA S. GOUDY, ESQUIRE
GA BAR #404816
4779 S. Atlanta Road
Suite 350
Atlanta, GA 30339
Telephone: 678-403-1043 Facsimile: 678-402-8301
Email: mgoudy@morganakins.com
*Counsel for Defendant, American Airlines, Inc.*

Date: August 30, 2023