## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

NASSIREDDIN MOKARRAM-DORRI				Case No.
3630 Peachtree RD NE, Unit 2206, Atlanta, GA, 30326
 Plaintiff

v.

CHIP LAITINEN
Deputy Chief of Mission, U.S. Embassy in Armenia
The Executive Office, Office of the Legal Adviser
Suite 5.600, 600 19th St. NW
Washington, DC 20522

ANTONY BLINKEN
Secretary of the U.S. Department of State
The Executive Office, Office of the Legal Adviser
Suite 5.600, 600 19th St. NW
Washington, DC 20522
 Defendants

## PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF

### INTRODUCTION

1. Plaintiff Nassireddin Mokarram-Dorri brings this action to compel the Defendants to take action on and adjudicate his father's properly filed I-130 visa application.

2. In or arround November 2019, Plaintiff filed a visa petition with USCIS on behalf of his father, Hossein Mokarram-Dorri, (DS-260 Number AA009R4S21; Department of State Visa Application Number YRV2021611009).

3. Although the United States Citizenship and Immigration Service (USCIS) approved the petition, Plaintiff's father's visa application remains pending since the petition was filed in 2019.

1

4. Defendant Consular Officers from the U.S. Embassy in Armenia have taken no further steps to adjudicate the visa application, yet continue to retain jurisdiction over Plaintiff's petition and his father's visa application.

5. This lawsuit therefore challenges Defendants' failure to conclude processing of Plaintiff's father's visa application within a reasonable time.

6. Congress created the I-130 petition pathway to allow immigrants to reunite with their immediate family members in the United States. Defendants' failure to adjudicate Plaintiff's I-130 based visa application has put on indefinite hold the reunification of Plaintiff and his father, and caused significant personal, financial, and emotional hardship.

7. Defendants' delay has separated Plaintiff from his father since 2019. As a result of that separation, Plaintiff is suffering from significant personal, financial and emotional hardship due to the delay.

8. Plaintiff and his parents are facing emotional hardship due to the delay. Plaintiff's mother visa was issued after she attended the consular interview with Plaintiff's father. However, she cannot travel on her own and leave her husband behind, because he needs her care and support. Plaintiff's father suffers from severe neuropathic pain as a consequence of his diabetes, which has become unbearable. Plaintiff wants to provide his father access to world-class treatment for his condition at Emory University, where Plaintiff currently holds a faculty position within the Neurosurgery Department. This delay has affected Plaintiff's ability to fulfill his responsibility of caring for his parents.

9. Plaintiff and his parents are facing personal hardship due to the delay. Plaintiff has been able to visit his parents only once since the delay began. The eight-hour time difference

renders communication between Plaintiff and his parents challenging, permitting only limited interaction during weekends.

10. Plaintiff is facing financial hardship due to the delay. Plaintiff has spent over $4,000 in travel expenses to visit his parents. In addition, Plaintiff is maintaining two households because he is financially supporting his parents in Iran.

## PARTIES

11. Plaintiff is a U.S. citizen residing in Atlanta, GA.

12. From the organization of the U.S. Embassy in Armenia, Plaintiff has named the defendant, in their official capacity: Chip Laitinen, Deputy Chief of Mission, U.S. Embassy in Armenia. Chip Laitinen, in their official capacity, is named as a defendant because of their leadership role within the component of DOS in Armenia, which is responsible for processing and adjudicating visa applications and implementing federal immigration law.

13. Defendant Antony Blinken, Secretary of the U.S. Department of State (DOS), oversees DOS, which is responsible for adjudicating visa applications under the INA and implementing regulations, and subject to the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*. They are named in their official capacity.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (Mandamus Act). This Court has additional remedial authority under 28 U.S.C. §§ 2201 (Declaratory Judgment Act).

15. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1)(C), because Plaintiff resides in this District and no real property is involved in this action.

16. Each Defendant is an agency of the United States or an officer of the United States sued in their official capacity.

## BACKGROUND

17. In or arround November 2019, Plaintiff Nassireddin Mokarram-Dorri, properly filed with USCIS a visa petition for his father, Hossein Mokarram-Dorri (DS-260 Number AA009R4S21; Department of State Visa Application Number YRV2021611009). In or arround April 2020, USCIS approved Plaintiff's father's visa petition.

18. Plaintiff Nassireddin Mokarram-Dorri's goal was to obtain lawful permanent resident status for his father, Hossein Mokarram-Dorri, so that his father could join Plaintiff in the United States.

19. In October 2021, Plaintiff's father, Hossein Mokarram-Dorri, was interviewed by the U.S. Embassy in Armenia in connection with the case. During this interview, a consular officer reviewed Hossein Mokarram-Dorri's case, and Plaintiff's father responded truthfully to all questions and provided all requested information.

20. After the interview, Hossein Mokarram-Dorri, learned that this case was placed in administrative processing pursuant to the Immigration and Nationality Act ("INA") § 221(g).

21. A "refusal" under INA § 221(g) places an application into a status called "administrative processing." Administrative processing is a temporary measure, signaling that processing is ongoing while allowing the Defendant Department of State to gather additional information. *See, e.g.*, *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the United States v. Kerry*, 168 F. Supp. 3d 268, 275-84 (holding that a

§ 221(g) "refusal" is not a final decision for the purpose of determining jurisdiction to review under the APA).

22. Since the interview, Plaintiff and his father have inquired as to the status of this visa application on numerous occasions and received no meaningful responses. Upon information and belief, it is unclear what steps, if any, Defendants are actually taking to complete the adjudication of Hossein Mokarram-Dorri's visa application.

## FIRST CAUSE OF ACTION

### Administrative Procedure Act 5 U.S.C. § 706(1) – Unreasonable Delay

23. The foregoing allegations are repeated and incorporated as though fully set forth herein.

24. Pursuant to the INA, 8 U.S.C. §§ 1153(a) and 1202(b), and the regulations governing immigrant visa applications, Defendants have a nondiscretionary duty to review and adjudicate Plaintiff's father's visa application. *See* 8 U.S.C. § 1202(b) ("All immigrant visa applications shall be reviewed and adjudicated by a consular officer."); *id.* § 1153(a) (providing that visas "shall" be issued to immediate relatives of qualified immigrant petitioners). *See also* 22 C.F.R. § 42.21(a) ("An immediate relative [of a U.S. citizen] **shall** be documented as such unless the U.S. citizen refuses to file the required petition.") (emphasis added).

25. The APA obligates Defendants to take these nondiscretionary actions within a "reasonable time," 5 U.S.C. § 555(b), and directs this Court to compel Defendants to take these actions when they are "unreasonably delayed," *id.* § 706(1).

26. Defendants have failed to adjudicate Plaintiff's father's visa application within a reasonable time, which caused and continues to cause irreparable harm to Plaintiff and his father.

5

27. Plaintiff is entitled to relief pursuant to 5 U.S.C. § 706(1) compelling Defendants to adjudicate Plaintiff's father's visa application.

## SECOND CAUSE OF ACTION

### Mandamus Act

28. The foregoing allegations are repeated and incorporated as though fully set forth herein.

29. The Mandamus Act, 28 U.S.C. § 1361, vests this Court with original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States, or any agency thereof, to perform a nondiscretionary duty owed to Plaintiff.

30. The All Writs Act, 28 U.S.C. § 1651, authorizes this Court to issue all writs "necessary or appropriate" in aid of its jurisdiction.

31. Pursuant to the INA, 8 U.S.C. §§ 1153(a) and 1202(b), and the regulations governing immigrant visa applications, Defendants have a nondiscretionary duty to review and adjudicate Plaintiff's father's visa application. *See* 8 U.S.C. § 1202(b) ("All immigrant visa applications shall be reviewed and adjudicated by a consular officer."); *id.* § 1153(a) (providing that visas "**shall**" be issued to immediate relatives of qualified immigrant petitioners). *See also* 22 C.F.R. § 42.21(a) ("An immediate relative [of a U.S. citizen] **shall** be documented as such unless the U.S. citizen refuses to file the required petition.") (emphasis added).

32. The APA obligates Defendants to complete these nondiscretionary actions within a "reasonable time." 5 U.S.C. § 555(b).

33. Defendants have failed to adjudicate Plaintiff's father's visa application within a reasonable time.

34. Plaintiff has brought this action because he has no other means to compel Defendants to perform the nondiscretionary duty that Defendants owe Plaintiff.

## THIRD CAUSE OF ACTION

### Fifth Amendment - Due Process

35. The foregoing allegations are repeated and incorporated as though fully set forth herein.

36. Plaintiff is entitled to a writ of mandamus pursuant to 28 U.S.C. §§ 1361 and 1651 and this Court's inherent equitable authority compelling Defendants to adjudicate Plaintiff's father's visa application.

37. Plaintiff, a U.S. citizen, has a statutorily created entitlement to adjudication of his father's visa application. Defendants' delay in adjudicating Plaintiff's father's visa application constitutes a deprivation of Plaintiff's protected interest without due process.

38. Defendants' delay is egregious and is without any rational justification.

39. Defendants' conduct violates Plaintiff's substantive and procedural due process rights protected by the Fifth Amendment of the Constitution.

## PRAYER FOR RELIEF

40. For these reasons, Plaintiff requests that the Court enter an order:

    a) Accepting and maintaining jurisdiction of this action;

    b) Mandating that Defendants process Plaintiff's father's visa application within fifteen (15) calendar days of this order or as soon as reasonably possible;

    c) Granting attorney's fees and costs under the Equal Access to Justice Act and/or other appropriate authority; and

    d) Granting such other and further relief as may be appropriate.

Respectfully submitted on behalf of Plaintiff on September 01, 2023.

**/s/ Ellaretha Coleman**
Attorney for Plaintiff
Property Claims Litigation Group, LLC
101 Marietta Street NW
Suite 3625
Atlanta, GA 30303
Telephone: (404) 800-4524
Email: ecoleman@insurancetrialgroup.com
United States District Court for the Southern District of Georgia Bar No. 404051