**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| OSCAR BARNES and<br>GWENDOLYN BARNES, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| v. | ) | |
| | ) | [On removal from the Superior Court |
| STATE FARM FIRE AND | ) | of Gwinnett County, Civil Action File |
| CASUALTY COMPANY, | ) | No. 23-A-06462-6] |
| A foreign corporation, | ) | |
| | ) | |
| Defendant. | | |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'**
**COMPLAINT**

COMES NOW, State Farm Fire and Casualty Company (hereinafter "Defendant" or "State Farm") and hereby files this, its Answer and Affirmative Defenses to Plaintiffs' Complaint, and shows this Court as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant State Farm is not liable to Plaintiffs for any cause of action, including for breach of contract, because Defendant State Farm at no time breached or otherwise violated any of the terms or conditions of the insurance policy between State Farm and Plaintiffs. At all times, Defendant State Farm acted in accordance with its rights and obligations as set forth in the Policy.

**THIRD AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' Complaint or prayer for relief seeks, or is construed as seeking, damages other than the contractual damages, such remedies are not available to the Plaintiffs inasmuch as O.C.G.A. § 33-4-6 is the sole manner by which to recover extra-contractual damages, including attorney's fees, from an insurer in a first party dispute over payment of insurance benefits.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' Complaint seeks or is construed as seeking, to recover bad faith penalties and attorney's fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiffs, as Plaintiffs failed to satisfy the substantive and/or procedural requirements for making a claim for bad faith, as required under O.C.G.A. § 33-4-6.  Plaintiffs failure to comply with the procedural requirements of O.C.G.A. § 33-4-6 include failing to submit a proper and timely

demand to State Farm as the purported bad-faith demand attached to Plaintiffs' Complaint as Exhibit B was never transmitted to State Farm until the filing of this Lawsuit.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover for any damage to real or personal property under the subject insurance policy and applicable Georgia law to the extent that the damages are excluded by the Policy.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are entitled to any recovery under the Policy, which State Farm denies, Plaintiffs' recovery is limited by the deductible, coverage limits, loss settlement, and loss payment provisions of the insurance Policy.

## SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiffs were entitled to recover under the Complaint, which State Farm denies, Plaintiffs are unable to recover the damages as set forth in the Complaint because this amount does not reflect the reasonable and necessary costs to repair the covered damage to the Property.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover from Defendant on the basis that Plaintiffs failed to mitigate the damages in accordance with Georgia law.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs attempt to impose duties upon Defendant aside from those set forth in the insurance contract, Plaintiffs fail in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the Policy.

## TENTH AFFIRMATIVE DEFENSE

The facts and circumstances forming the basis of Plaintiffs' Complaint were brought by and as a result of Plaintiffs' conduct, and Plaintiffs are, therefore, estopped and have waived their rights to recovery.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to recover pursuant to any alleged violation of Georgia's Unfair Settlement Practices Act, Plaintiffs are legally prohibited from doing so as the Act does not create or imply any private cause of action. See O.C.G.A. § 33-6-37.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to recover replacement cost benefits for the structure or personal property, Plaintiffs have not satisfied the contractual

requirements to recover these benefits pursuant to the terms of the Policy and applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover from Defendant because the Policy specifically excludes coverage for Plaintiffs' claimed damages. Specifically, the Policy provides:

## SECTION I – LOSSES NOT INSURED

1. *We* will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . .

b. freezing of a plumbing, heating, air conditioning, or automatic fire protective sprinkler system or of a household appliance; or discharge, leakage, or overflow from within the system or appliance caused by freezing. This does not apply if **you** have used reasonable care to:

    (1) maintain heat in the **building structure** at 55 degrees Fahrenheit or higher; or

    (2) shut off the water supply and drain the system and appliances of water.

...

g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

...

i. wet or dry rot;

j. contamination or pollution, meaning the presence, discharge, dispersal, seepage, migration, release, or escape of contaminants or pollutants at or from any source. This does not apply if the presence, discharge, dispersal, seepage, migration, release, or escape is itself caused by a peril described in **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY**.

   (1) Contaminants and pollutants include but are not limited to any:

   (a) solid, liquid, gaseous, or thermal irritant, including smoke from agricultural smudging or industrial operations, smog, soot, vapor, fumes, acids, alkalis, chemicals, pathogens, noxious substances, asbestos, or lead:

   (b) contaminants or pollutants resulting from any natural resource extraction activities; or

   (c) fuel oil except as specifically provided in **SECTION I – ADDITIONAL COVERAGES, Fuel Oil Release**.

   (2) *We* also will not pay for:
   (a) losses arising from contamination or pollution caused by or resulting from defective building materials, nuclear substances, and waste. Waste includes materials to be recycled, reconditioned, or reclaimed;

   (b) the cost to extract contaminants or pollutants from land, water, or air, or the cost to remove, restore, or replace contaminated or polluted land, water, or air; or

   (c) the cost of testing, monitoring, cleaning, removing, containing, treating, detoxifying, neutralizing, remediating, disposing of, or assessing the effects of contaminants or pollutants;

k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings;

…

2. **We** will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. **We** will not pay for such loss regardless of. (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the **residence premises**, arises from any natural or external forces, or occurs as a result of any combination of these:

**. . .**

d. **Neglect**, meaning neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

**. . .**

3. **We** will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, **we** will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a. conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

b. defect, weakness, inadequacy, fault, or unsoundness in:

(1) planning, zoning, development, surveying, or siting;

(2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or
(4) maintenance

Of any property (including land, structures, or improvements or any kind) whether on or off the *residence premises*; OR

c. weather conditions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to recover for any damages that did not result from accidental direct physical loss as required by the policy. Specifically, the Policy provides:

## SECTION I – LOSSES INSURED

## COVERAGE A – DWELLING

*We* will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in the policy. However, loss does not include and *we* will not pay for, any *diminution in value*.
. . .

## COVERAGE B – PERSONAL PROPERTY

*We* will pay for accidental direct physical loss to the property described in Coverage B caused by the following perils, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or

otherwise excluded or limited in this policy. However, loss does not include and *we* will not pay for, any ***diminution in value***.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to recover for any damages that occurred outside of the applicable policy period. Specifically, the Policy provides:

## SECTION I AND SECTION II – CONDITIONS

1. Policy Period. This policy applies only to loss under Section I or bodily injury or property damage under Section II that occurs during the period this policy is in effect.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not maintain this action against Defendant because Plaintiffs failed to satisfy the conditions precedent to bringing suit set forth in the insurance policy issued by Defendant to Plaintiffs. Specifically, the policy provides:

## SECTION I – CONDITIONS

. . .

6. **Suit Against Us**. No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage[.]

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not maintain this action against Defendant because Plaintiffs did not satisfy the duties after loss provisions in accordance with the policy requirements. Specifically, the Policy provides:

## SECTION I – CONDITIONS

. . .

2. **Your Duties After Loss**. After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:

   a.   give immediate notice to *us* or *our* agent, and also notify:

   (1) the policy if the loss is caused by theft, vandalism, or any other criminal act and

   (2)  the credit card company or bank if the loss involves a credit card or bank fund transfer card;

   b. protect the property from further damage or loss, and also:
   (1) make reasonable and necessary temporary repairs required to protect the property; and

   (3)  keep an accurate record of repair expenses;

   c. prepare an inventory of damaged or stolen personal property:

   (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; an

   (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

   d. as often as *we* reasonably require:

   (1) exhibit the damaged property;

   (2) provide *us* with any requested records and documents and allow *us* to make copies;

   (3) while not in the presence of any other *insured*:

(a) give statements; and

(b) submit to examinations under oath; and

(4) produce employees, members of the ***insured's*** household, or others for examination under oath to the extent it is within the ***insured's*** power to do so; and

e. submit to ***us*** within 60 days after the loss, ***your*** signed, sworn proof of loss that sets forth, to the best of ***your*** knowledge and belief:

(1) the time and cause of loss;

(2) interest of the ***insured*** and all others in the property involved and all encumbrances on the property;

(3) other insurance which may cover the loss;

(4) changes in title or occupancy of the property during the terms of this policy;

(5) specifications of any damaged building and detailed estimates for repair of the damage;

(6) an inventory of damaged or stolen personal property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8) evidence of affidavit supporting a claim under **SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money** coverage, stating the amount and cause of loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiffs were entitled to recover benefits in this matter, which State Farm denies, Plaintiffs are only able to recover benefits of the costs to repair or replace the damaged Property to the extent these costs of repair exceed the Policy Deductible. The Policy provides in pertinent part:

### DEDUCTIBLE

In case of loss under this policy, we will pay, subject to specified policy limits, only that part of the amount of the loss that exceeds the deductible amount shown in the Declarations. Deductibles will be applied per occurrence. Deductibles apply to specific losses as described in this policy.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover any additional living expenses from State Farm.

The Policy provides, in **SECTION I – COVERAGES**, as follows:

### COVERAGE C – LOSS OF USE

1.  **Additional Living Expense**.  When a ***loss insured*** causes the ***residence premises*** to become uninhabitable, ***we*** will pay the reasonable and necessary increase in cost incurred by an ***insured*** to maintain their normal standard of living for up to 24 months.  ***Our*** payment is limited to incurred costs for the shortest of:

2.

    a.   the time required to repair or replace the premises;

      b.    the time required for *your* household to settle elsewhere; or

      c.    24 months.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent State Farm is found liable to Plaintiffs for any damages under the Policy, which State Farm expressly denies, State Farm is entitled to a setoff of all amounts paid to or on Plaintiffs' behalf, including, but not limited to indemnity payments totaling not less than $108,816.19.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs cannot recover from State Farm under the subject insurance policy because Plaintiffs breached the terms and conditions of the policy.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs are entitled to any recovery under the policy, which State Farm denies, Plaintiffs' recovery is limited by the Loss Settlement provisions in the Policy.  Specifically, the policy provides in **SECTION I – LOSS SETTLEMENT** as follows:

### COVERAGE A – DWELLING

1. **A1 – Replacement Cost Loss Settlement – Similar Construction**

    a. *We* will pay the cost to repair or replace with similar

construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

(1)   until actual repair or replacement is completed, **we** will pay only the **actual cash value** of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

(2)   when the repair or replacement is actually completed, **we** will pay the covered additional amount **you** actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(3)   to receive any additional payments on a replacement cost basis, **you** must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify **us** within 30 days after the work has been completed; and

(4)   **we** will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a **building structure** or other structure, except as provided under **OPTIONAL POLICY PROVISIONS, Option OL – Building Ordinance or Law Coverage**.

b.  Wood Fences: **We** will pay the **actual cash value** for loss

or damage to wood fences, not to exceed the limit of liability shown in the *Declarations* for **COVERAGE A – Other Structures**.

. . .

**COVERAGE B – PERSONAL PROPERTY**

1. **B1 – Limited Replacement Cost Loss Settlement.**
   a. *We* will pay the cost to repair or replace property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY**, except for property listed in item b. below, subject to the following:

      (1) until repair or replacement is completed, *we* will pay only the *actual cash value* of the damaged property;

      (2) after repair or replacement is completed, *we* will pay the difference between the *actual cash value* and the cost *you* have actually and necessarily spent to repair or replace the property; and

      (3) if property is not repaired or replaced within two years after the date of loss, *we* will pay only the *actual cash value*.

   b. *We* will pay market value at the time of loss for:

      (1) antiques, fine arts, paintings, statuary and similar articles, which by their inherent nature cannot be replaced with new articles;

      (2) articles whose age or history contribute substantially to their value including, but not

limited to, memorabilia, souvenirs and collectors items; and

(3)    property not useful for its intended purpose.

However, **we** will not pay an amount exceeding the smallest of the following for items a. and b. above:

(1)    **our** cost to replace at the time of loss;
(2)    the full cost of repair;
(3)    any special limit of liability described in this policy; or
(4)    any applicable Coverage B limit of liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover based on their spoliation of critical evidence.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek coverage for mold damage to the property, the Policy only affords limited coverage for this type of damage.  The Policy provides in **SECTION I – LOSSES NOT INSURED**:

2.    **We** will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. **We** will not pay for such loss regardless of. (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves

isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or externa forces, or occurs as a result of any combination of these:

…

g. ***Fungus***, including:

(1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the ***residence premises*** or location of the rebuilding, repair, or replacement of that property, by ***fungus***;

(2) any remediation of ***fungus***, including the cost or expense to:

(a) remove the ***fungus*** from covered property or to repair, restore, or replace that property;

(b) tear out and replace any part of the ***building structure*** or other property as needed to gain access to the ***fungus***; or

(c) contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the ***fungus***; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of ***fungus***, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

…

**HO-2584 Fungus (Including Mold) Limited Coverage Endorsement**

This endorsement modifies insurance provided under the following: HOMEOWNERS POLICY, CONDOMINIUM POLICY, and RENTERS POLICY

**SECTION I - LOSSES NOT INSURED** 2.g., **Fungus** (**SECTION | - LOSSES NOT INSURED** 1.g. if *you* have a RENTERS POLICY), does not apply to the extent coverage is provided by this endorsement.

**SECTION I - ADDITIONAL COVERAGES**
The following is added:

**Remediation of Fungus**.
a. If *fungus* is the result of a *loss insured* other than fire or lightning, *we* will pay for:

(1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the *residence premises* or location of the rebuilding, repair, or replacement of that property, by *fungus*;

(2) any remediation of *fungus*, including the cost or expense to:

(a) remove the *fungus* from covered property or to repair, restore, or replace that property;

(b) tear out and replace any part of the *building structure* or other property as needed to gain access to the *fungus*; or

(c) contain, treat, detoxify, neutralize, or dispose of or in any way respond to or assess the effects of the *fungus*; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of *fungus*,

whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

b. *We* do not cover *fungus* that is the result of:

(1) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:

(a) and is:
   i. continuous;
   ii. repeating;
   iii. gradual;
   iv. intermittent;
   v. slow; or
   vi. trickling; and

(b) from a:
   i. heating, air conditioning, or automatic fire protective sprinkler system;
   ii. household appliance; or
   iii. plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.

*We* also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time.

Item b. does not apply if the seepage or leakage of water, steam, or sewage is hidden from view within the walls, ceilings, or floors, and unknown by the *insured*.

(2) defect, weakness, inadequacy, fault, or unsoundness in:(a) planning, zoning, development, surveying, or siting;

(a) planning, zoning, development, surveying, or siting;

(b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(c) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(d) maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the *residence premises*.

c. This coverage applies only if:

(1) *we* receive immediate notice of the occurrence of the *loss insured* that is alleged to have resulted in *fungus*, and remediation begins as soon as possible; and
(2) all reasonable means were used to save and preserve the property from further damage at the time of and after the occurrence of the *loss insured*.

d. The most *we* will pay for this coverage, in any one policy period, is the limit of insurance shown on the *Declarations* for this endorsement. This limit applies only to *fungus* resulting from a *loss insured* other than fire or lightning regardless of:

(1) the number of *losses insured* that combine or contribute to the presence of resulting *fungus*; or

(2) the number of claims made during the policy period.

This limit includes any payments for **SECTION | — ADDITIONAL COVERAGES** and **COVERAGE C — LOSS OF USE**. Any payments made for this coverage are part of and not in addition to the limit of insurance that applies to covered property.

All other policy provisions apply.

The most that Plaintiffs can recover under this coverage is $10,000 or actual expense incurred, whichever is lower.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

State Farm expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery. Subject to and without waiving any of their other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific averments contained in the individual and enumerated paragraphs of the Complaint as follows:

## <u>PARTIES</u>

### 1.

Defendant admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

### 2.

In response to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendant admits only that it is a foreign insurance company, authorized to transact business in the State of Georgia, in the business of selling insurance policies, and that its registered agent is located at 2 Sun Court, Suite 400, Peachtree

Corners, Georgia 30092. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the insurance policy issued by Defendant provides unfettered and/or unrestricted insurance coverage. All coverage provided is subject to the terms and provisions of the Policy and applicable Georgia law.

### JURISDICTION AND VENUE

3.

In response to the allegations contained in Paragraph 3 of Plaintiffs' Complaint, Defendant admits only that the Superior Court of Gwinnett County has jurisdiction over this matter but denies all remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only court having jurisdiction over this matter and any allegations that Defendant breached its contract with Plaintiffs or otherwise acted in bad faith.

4.

In response to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendant admits only that the Superior Court of Gwinnett County is a proper venue in which to bring this matter, but denies all remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint, including, but not limited to, any

allegations that the Superior Court of Gwinnett County is the only venue in which this matter could be brought and any allegations that Defendant breached its contract with Plaintiffs or otherwise acted in bad faith.

5.

In response to the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant admits only that the Superior Court of Gwinnett County has jurisdiction and is a proper venue for this matter, but denies the Superior Court of Gwinnett County is the only court with proper jurisdiction and venue over this matter. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied.

**THE POLICY**

6.

In response to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendant admits only that it issued Policy Number 11-QB-7846-3 (the "Policy") to Plaintiffs. Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 6 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint are denied.

7.

In response to the allegations contained in Paragraph 7 of Plaintiffs' Complaint, Defendant admits only that it issued the Policy to Plaintiffs to provide specified coverage for the property located at 433 Oakside Drive SW, Atlanta, Georgia (the "Property"), subject to all terms, conditions, and exclusions therein and applicable law. Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 7 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

8.

In response to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 8 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted

and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

9.

In response to the allegations contained in Paragraph 9 of Plaintiffs' Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 9 in contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law.

## SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY

10.

In response to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs reported that the Property suffered damage from wind on or about July 30, 2022 and that the alleged date of loss is within the effective dates of the Policy. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied.

11.

In response to the allegations contained in Paragraph 11 of Plaintiffs' Complaint, Defendant admits only that the Plaintiffs notified Defendant of the alleged wind damage to the Property on July 30, 2022. Defendant admits further that Plaintiffs made a claim pursuant to the Policy for the alleged wind damage to the Property, and a State Farm Claim Representative was assigned to adjust the claim on behalf of State Farm. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs permitted Defendant to inspect the Property and provided some, but not all, of the documents requested by Defendant. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint are denied.

13.

In response to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs permitted Defendant to inspect the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint are denied.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

In response to the allegations contained in Paragraph 15 of Plaintiffs' Complaint, Defendant admits that Exhibit "A" is a true and accurate copy of an estimate prepared by Defendant, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to properly issue payment for Plaintiffs' claim.

16.

In response to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, Defendant admits only that Defendant and representatives of Plaintiffs exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 16 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint are denied.

17.

In response to the allegations contained in Paragraph 17 of Plaintiffs' Complaint, Defendant denies that it received a copy of Exhibit B prior to the filing of this Lawsuit or on May 24, 2023.  By way of further response, Defendant states that on May 24, 2023, Plaintiffs' counsel resent its February 2023 letter of representation to it and did not send Exhibit B to it.    Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the May 24, 2022 correspondence constituted a timely or valid demand for payment.

18.

In response to the allegations contained in Paragraph 18 of Plaintiffs' Complaint, Defendant denies that it received a copy of Exhibit B prior to the filing of this Lawsuit or on May 24, 2023.  By way of further response, Defendant states that on May 24, 2023, Plaintiffs' counsel resent its February 2023 letter of representation to it and did not send Exhibit B to it.  Defendant denies that Exhibit B constitutes a valid or timely demand for payment pursuant to O.C.G.A. § 33-4-6. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint are denied, including, but not limited to, any

allegations that the May 24, 2022, correspondence constituted a timely or valid demand for payment.

19.

In response to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Defendant denies that it received a copy of Exhibit B prior to the filing of this Lawsuit or on May 24, 2023.   Except as otherwise herein admitted, all remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint are denied.

20.

All allegations contained in Paragraph 20 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiffs'

Complaint.

## COUNT I – BREACH OF CONTRACT

24.

To the extent a response is required to the allegations contained in Paragraph

24 of Plaintiffs' Complaint, Defendant incorporates herein by reference its responses

to Plaintiffs' enumerated Paragraphs 1 through 23.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiffs'

Complaint.

26.

In response to the allegations contained in Paragraph 26 of Plaintiffs'

Complaint, Defendant admits that the Policy speaks for itself and affords coverage

for certain losses subject to the Policy's terms and conditions and applicable Georgia

law. All remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint

are denied, including, but not limited to, any allegations that Defendant failed to

issue payment for covered damages to the Property resulting from the July 30, 2022

loss, pursuant to the terms and provisions of the Policy and applicable Georgia law.

27.

All allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law and any allegation that Plaintiffs made a valid demand for payment pursuant to O.C.G.A. § 33-4-6.

28.

All allegations contained in Paragraph 28 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

29.

All allegations contained in Paragraph 29 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

30.

All allegations contained in Paragraph 30 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

31.

Defendant denies all the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.

To the extent a response is required to the allegations contained in Paragraph 32 of Plaintiffs' Complaint, Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

## **COUNT II: BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6**

33.

To the extent a response is required to the allegations contained in Paragraph 33 of Plaintiffs' Complaint, Defendant incorporates herein by reference its responses to Plaintiffs' enumerated Paragraphs 1 through 32.

34.

All allegations contained in Paragraph 34 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant owed any duty other than those duties set forth in the Policy.

35.

All allegations contained in Paragraph 35 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant owed any duty other than those duties set forth in the Policy.

36.

Defendant denies all allegations contained in Paragraph 36 of Plaintiffs' Complaint, including those allegations set forth in subsections (1) through (8) contained therein, including but not limited to any allegation that Defendant owed any duty other than those duties set forth in the Policy.

37.

Defendant denies all allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.

Defendant denies all allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.

Defendant denies all allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.

Defendant denies all allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.

To the extent a response is required to the allegations contained in Paragraph 41 of Plaintiffs' Complaint, Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

## DEMAND FOR JURY TRIAL

### 42.

To the extent a response is required to Paragraph 42 of Plaintiffs' Complaint, Defendant denies any and all allegations contained in Paragraph 42 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

### 43.

Defendant denies all allegations contained in Plaintiffs' Prayer for Relief, including those allegations set forth in subsections (a) through (i) contained therein.

### 44.

Except as otherwise herein admitted, Defendant denies all remaining allegations contained in Plaintiffs' Complaint.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court:

(a) Deny Plaintiffs' prayer for damages;

(b) Dismiss this action with prejudice and cast all costs upon Plaintiffs; and

(c) Award Defendant any other relief that this Court deems just and equitable.

Respectfully submitted this 1st day of September, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Christopher A. Wood*
Alex A. Mikhalevsky, Esq.
Georgia Bar No. 711188
Christopher A. Wood, Esq.
Georgia Bar No. 272768
*Attorneys for Defendant State Farm Fire*
*and Casualty Company*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
Fax:   (404) 888-6199
alex.mikhalevsky@swiftcurrie.com
Christopher.wood@swiftcurrie.com

## <u>LOCAL RULE 5.1C CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this 1st day of September, 2023.

SWIFT, CURRIE, MCGHEE & HIERS

*/s/ Christopher A. Wood*
Alex A. Mikhalevsky, Esq.
Georgia Bar No. 711188
Christopher A. Wood, Esq.
Georgia Bar No. 272768
*Attorneys for Defendant State Farm Fire*
*and Casualty Company*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
Fax:   (404) 888-6199
alex.mikhalevsky@swiftcurrie.com
Christopher.wood@swiftcurrie.com

<u>**CERTIFICATE OF SERVICE**</u>

I have this day electronically filed the foregoing **DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** with the Clerk of Court using the CM/ECF System.  The clerk will serve opposing counsel as follows:

J. Remington Huggins
Michael D. Turner
THE HUGGINS LAW FIRM, LLC
110 Norcross Street, Roswell, GA 30075
remington@lawhuggins.com
mdturner@lawhuggins.com
*Attorneys for Plaintiffs*

This 1st day of September, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Christopher A. Wood*
Alex A. Mikhalevsky, Esq.
Georgia Bar No. 711188
Christopher A. Wood, Esq.
Georgia Bar No. 272768
*Attorneys for Defendant State Farm Fire
and Casualty Company*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
Fax:   (404) 888-6199
alex.mikhalevsky@swiftcurrie.com
Christopher.wood@swiftcurrie.com