**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

127 Interior/Main Level/Dining Room - 127-Media 108-DB254F13-DA49-4A6B-9D1C-55F19063117 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

[illegible] [illegible] Level Dining Room [illegible] Date Taken: 8/30/2022
[illegible]
[illegible]



**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

129 Interior/Main Level/Dining Room - 129-Media 100-C41AAF06-F009-494C-ABC6-B9152654C48 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

130 Interior/Main Level/Dining Room - 130-Media 105-5536D9B6-CD81-4CCF-B5E8-880469C83C5 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA  30518
(770) 881-6380



Precision Public Adjusting

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

[illegible] [illegible] Date Taken: [illegible]
[illegible]



**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

133 Interior/Main Level/Dining Room - 133-Media 101-00D01F64-101F-4AC9-9586-EBACD28305C Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

134 Interior/Main Level/Dining Room - Date Taken: 8/30/2022
134-Media 102-0C539D01-0599-482F-BC11-BCFB39D392B

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

135 Interior/Main Level/Kitchen - 135-Media 98-9EC531E4-EFF5-4C1E-ADF1-4BBBA56915EB Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

136 Interior\Main Level\Kitchen - 136- Media 99-6013 [illegible] -8918-420B-8592-A4D918EF4B7E Date Taken: 8/30/2022

Precision Public Adjusting

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

137 Interior/Main Level/Kitchen - 137-Media 97-CD3CFEFB-C644-4C2C-8C3C-F090C1EA693C Date Taken: 8/30/2022





138 Interior/Main Level/Kitchen - 138- Media 79-B977D3B0-2014-400A-8DDC-45A0D9AC8EFB Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380



139 Interior/Main Level/Kitchen - 139- Media 84-8BAEFE82-6ED3-4162-A46A-27133C154478 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

140 Interior/Main Level/Kitchen - 140-Media 81-9DA843A2-29C1-49EB-8EF5-72BA80CAB8E7 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

141 Interior/Main Level/Kitchen - 141-Media 80-3EB31111-9979-451B-AEDD-010A2470B574 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

142 Interior/Main Level/Kitchen - 142-Media 91-2F89E172-86A0-4DF6-9E58-9332CC8ED8DC Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

143 Interior/Main Level/Kitchen - 143-Media 96-FC57EF42-E23F-46DE-B9D3-A755DEDBC16C Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

144 Interior/Main Level/Kitchen - 144-Media 94-A325C739-B8C5-4657-A0B9-972B2ABA1080 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

145 Interior/Main Level/Kitchen - 145-Media 95-2F86D5F4-7056-400B-9112-69AF2CD43678 Date Taken: 8/30/2022

Precision Public Adjusting
4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6389

146 Interior/Main Level/Kitchen - 146-Media 93-0E8DC52A-2758-4B20-B206-B86BD336B726 Date Taken: 8/30/2022

Precision Public Adjusting
4195 South Lee St., Suite I
Buford, GA 30518
(770) 831-6980

147 Interior/Main Level/Kitchen - 147-Media 88-A083CA12-788B-47DC-BD5D-CCA6668DDB76 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

148 Interior/Main Level/Kitchen - 148-Media 87-5A1D22DA-445B-4C63-870A-459269B0F520 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

149 Interior/Main Level/Kitchen - 149-Media 82-1BA80D8C-29F1-4ADF-82C1-F75E43FA482A Date Taken: 8/30/2022

Precision Public Adjusting

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

150 Interior/Main Level/Kitchen - 150-Media 83-E2AD32C1-3E4C-49AB-BC06-8AC4DDA876AF Date Taken: 8/30/2022



Precision Public Adjusting
[illegible]
[illegible]
[illegible]

151 Interior Main Level Kitchen - 151 - Media.89-6E9A58E7-016C-4926-9F81-9B89A[illegible]AC50 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

152 Interior/Main Level/Kitchen: 152. Date Taken: [illegible]
[illegible]



**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

[illegible] [illegible] Date Taken: [illegible]/30/2022
[illegible]



**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

154 Interior/Main Level/Kitchen - 154-Media 85-11B36B3E-7C8E-42EC-981A-60C12A038B4B Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

155 Interior/Main Level/Living Room - 155-Media 166-3055DF07-880C-4E82-9A8A-81B3D7FCEB5 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

156 Interior/Main Level/Living Room - 156-Media 129-1E1C6961-C1B1-41D6-92D4-42828FC8E94 Date Taken: 8/30/2022





**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

157 Interior/Main Level/Living Room - 157-Media 119-AB43A54C-1386-4C62-9461-FE3C0F9BDBC Date Taken: 8/30/2022





158 Interior/Main Level/Living Room - 158-Media 1:5-79BF0658-1E5B-49BF-9FE4-17268976CC4 Date Taken: 8/30/2022

Precision Public Adjusting
4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6980

159 Interior/Main Level/Living Room - 159-Media 120-07AFCD10-6BA5-44F0-AC09-361C67F1CFF Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380



**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

161 Interior/Main Level/Living Room - 161-Media 122-D5E18468-7689-430F-AE52-1FAABE6C050 Date Taken: 8/30/2022

**Precision Public Adjusting**

[illegible] South Lee St., Suite [illegible]
Buford, GA 30518
(770) 831-6180

162 Interior/Main Level/Living Room - 162-Media 123-09CB85E1-DD22-4ED7-A5A9-A4B5D2546E2 Date Taken: 8/30/2022



163 Interior/Main Level/Living Room - 163-Media 116-0D8B700B-D84E-46B7-B6DC-49C900EB6A3 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

164 Interior/Main Level/Living Room - 164-Media 167-AE4A544C-6C1D-469A-B748-2FE2B68067E Date Taken: 8/30/2022





165 Interior/Main Level/Living Room - 165-Media 168-FD837B1B-EC32-4234-A7F0-185A172BE84 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

166 Interior/Main Level/Living Room - 166-Media 124-3754D9C6-0647-4C96-988E-79889D7DA90 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

157 Inside/Main Level/Living Room -- Date Taken: [illegible]
[illegible]



**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

168 Interior/Main Level/Living Room - 168-Media 111-C243F9EE-3783-450A-867E-A17F6F0061B Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 831-6389

169 Interior/Main Level/Living Room... Date Taken: 8/30/2022
169-Media.186-58TB2EBA-4236A-4816-98E6-DB6E19D2F03

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

170 Interior/Main Level/Living Room - 170-Media 109-8F2D12A0-1145-49BB-BC6E-6CDFB85E281 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

171 Interior/Main Level/Living Room - 171-Media 114-8810AA07-0924-42AD-991F-7C3DFBD734B Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

172 Interior/Main Level/Living Room - 172-Media 110-77EBF7F2-EEFD-4F1D-A5BB-E7262747C44 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

173 Interior/Main Level/Living Room - 173-Media 113-110A24E6-3A66-40ED-A219-8E9CC5C1CC7 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

174 Interior/Main Level/Living Room - 174-Media 117-C9365150-72BA-4EC9-A564-41F8904B024 Date Taken: 8/30/2022





**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

175 Interior/Main Level/Hallway - 175-Media 106-BF94F93D-6AE8-481B-ABA9-0E14614C55D Date Taken: 8/30/2022





176 Interior/Main Level/Hallway - 176-Media 125-AE330E3A-2052-4C87-BB23-EC15297ABCC Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

177 Interior/Main Level/Hallway - 177 Date Taken: [illegible]
[illegible]



Precision Public Adjusting

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

178 Interior/Main Level/Master Bedroom - 178-Media 182-036E5EC0-93D3-4BA0-8A8D-72097F1B46E Date Taken: 8/30/2022

Precision Public Adjusting
4795 South Lee St., Suite 1
Buford, GA 30518
(770) 831-6380

179 Interior/Main Level/Master Bedroom - 179-Media 169-5EE49A19-3360-4DEA-A358-38BD0C81A64 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

180 Interior/Main Level/Master Bedroom - 180-Media.178-A08ABB1A-6724-4A88-BFB8-9A313749SC3 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

181 Interior/Main Level/Master Bedroom - 181-Media 171-D6379B11-4807-4363-A084-22826720106 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

182 Interior/Main Level/Master Bedroom - 182-Media 181-AC8A0E87-13A1-4B98-B98E-AF8444CD0DB Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA  30518
(770) 881-6380



**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

184 Interior/Main Level/Master Bedroom - 184.Media.178-879E2F[illegible]-D[illegible]4A-4[illegible]F2-B4D7-BCA3A70BB08 Date Taken: 8/30/2022



**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

186 [illegible] Date Taken: [illegible]



**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

187 Interior/Main Level/Master Clst - 187-Media 172-EF73D43F-3FF0-4BE5-AE4D-15AD0459440 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

188 Interior/Main Level/Master Clst - 188-Media 173-AB8FE600-5FB5-4326-B35A-C21B4AC17C0 Date Taken: 8/30/2022

189 Interior/Main Level/Master Clst - 189-Media 174-25B8BA9F-4EA2-44D0-A9FA-FC9EBD9FF5E Date Taken: 8/30/2022





190 Interior/Main Level/Master Clst - 190-Media 175-C7F3E34D-4EAC-430E-9502-D50EB780431 Date Taken: 8/30/2022



191 Interior/Main Level/Master Clst - 191-Media 176-3483D6F7-1BAA-48C4-965E-3B4DA5B502D Date Taken: 8/30/2022



192 Interior/Main Level/Master Clst - 192-Media 177-9C0A8E0F-FB5B-4987-AD4E-41E5D95997D Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

193 Interior/Basement/Living Room - 193-Media 144-B9F05F45-C53D-485C-A5D5-DC2CCFF9D5C Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA  30518
(770) 881-6380



Precision Public Adjusting
4195 South Lee St, Suite I
Buford, GA, 30518
(770) 881-6389

195 Interior/Basement/Living Room - 195-Media 139-C5128CA7-C0C7-432F-91AB-BBA720B1E86 Date Taken: 8/30/2022

  

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

196 Interior/Basement/Living Room - 196-Media 140-4B25E222-A2BE-4688-A901-8AA770DBF2C Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

197 Interior/Basement/Living Room - 197-Media 158-803B80A1-2F73-4F8C-9378-68190A77800 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

198 Interior/Basement/Living Room - 198-Media 143-729776B3-DECF-4E58-BB15-47B76D4D5CE Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

199 Interior/Basement/Living Room - 199-Media 157-51442651-CFCB-4062-ACD1-1C7570D7FF9 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

200 Interior/Basement/Living Room - 200-Media 142-093E98EF-5AD6-46FB-B143-FA384A4E9C4 Date Taken: 8/30/2022

Precision Public Adjusting

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380



Precision Public Adjusting
[illegible]
[illegible]
[illegible]

202 Interior Basement Living Room - 202-Media [illegible]-5950598972806-4132-AB3C-DC0407GD9BB Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

203 Interior/Basement/Living Room - 203-Media 147-7F75611D-7DA2-469F-8C0E-433FAFF7941 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

204 Interior/Basement/Living Room - 204-Media 145-213A6C0C-E886-4741-8320-1F798E9A363 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

205 Interior/Basement/Living Room - 205-Media 146-704F2CDA-24C7-47A8-A50D-E62CEB89C61 Date Taken: 8/30/2022

Precision Public Adjusting

4495 South Lee St., Suite I
Buford, GA 30518
(770) 881-6389

206 Interior/Basement/Living Room - 206-Media 150-C7A75FC1-D3EE-44A4-AB2A-B73178[illegible]B92A. Date Taken: 8/30/2022.

Precision Public Adjusting
[illegible] South Lee St, Suite [illegible]
Buford, GA [illegible]
[illegible]

207 Interior/Basement/Storage Room - 207-Media 156-7D34F5C6-BFB5-4754-AA9B-8880C15FF0A Date Taken: 8/30/2022

Precision Public Adjusting

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

208 Interior/Basement/Storage Room - 208-Media 151-C122B795-4935-4E20-BAA8-90EC8661048 Date Taken: 8/30/2022

Precision Public Adjusting

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

209 Interior/Basement/Storage Room - 209-Media 152-50E17F2A-7FE5-423F-8E45-2FF2709A017 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

210 Interior/Basement/Storage Room - 210-Media 159-E6D4C7C0-C3DD-46C8-A6C5-8C1F2842348 Date Taken: [illegible]



Precision Public Adjusting

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

211 Interior Basement Storage Room - 211-Media 155-FA4D7C7A8-6FB1-4B06-AFB9-45A7D19E50B Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

212 Interior/Basement/HVAC - 212-Media 131-8D482C75-3D87-4B95-8873-658493A4FDA Date Taken: 8/30/2022

Precision Public Adjusting

[illegible] South Lee St., Suite C
Buford, GA 30518
[illegible]

213 Interior/Basement/HVAC - 213-Media 132-A8F0EA2C-4FDA-48D2-B498-B86D25E6619 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

214 Interior/Basement/HVAC - 214-Media 127-B2E898B4-865E-4B21-8871-3C255217E48 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

215 Interior/Basement/HVAC - 215a (Media 128-DA258CA2-BBD6-43C5-9BEF-2F113CA5E66 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

216 Interior/Basement/HVAC - 216-Media 133-99F59B06-6EBB-42FC-B4BD-4EDD0746DBD Date Taken: 8/30/2022

Precision Public Adjusting

4105 South Lee St., Suite F,
Buford, GA 30518
(770) 831-5380

212 Interior/Basement/HVAC - 217 - Media 134-24B1FB94-54D3-4024-BB18-406B9F520CF Date Taken: 6/30/2022

**Precision Public Adjusting**

4198 South Lee St., Suite E
Buford, GA 30518
(770) 881-6380

218 Interior Basement HVAC - 218 Date Taken: 8/30/2022
Media 135-B250E599-FF79-48D6-B91C-41C909B989C



Precision Public Adjusting

[illegible]

[illegible] Date Taken: [illegible]





**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

222 Interior/Basement/HVAC - 222-Media 138-4D9DF333-F2B2-4C8E-BC5A-BC59B6CA3E1 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

223 Interior/Basement/Garage - 223-Media 160-624AC579-8AE2-4A0B-A634-08508324DF5 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

224 Interior/Basement/Garage - 224-Media 161-05F29013-CEAA-404A-A97B-76F7D3D13D0 Date Taken: 8/30/2022



225 Interior/Basement/Garage - 225 - Media 164-4B2711A6-F76D-4587-97D8-6503EF71522 Date Taken: 8/30/2022

**Precision Public Adjusting**

4195 South Lee St., Suite I
Buford, GA 30518
(770) 881-6380

226 Interior/Basement/Garage - 226-Media 165-B03AB42C-DE35-41F1-8EA1-FAB41A3C6FF Date Taken: 8/30/2022





227 Interior/Basement/Garage - 227-Media 163-67B0A1C1-C71B-400C-86A0-64A3E9F69BB Date Taken: 8/30/2022

Exterior - Roof

Replacement Roof Framing
F1(A)
F2(C)
F3(D)
15' 11"
15' 2"
30' 3"
18'
19'

House Roof
F8(A)
F9
F10(C)
F11(D)
F12(A)
F14(C)
30' 1"
19' 7"
40' 4"
70' 5"
46' 10"
24' 8"
21' 10"
19' 10"
27' 3"
14' 4"
13' 7"
N

Roof

OSCAR_BARNES 9/5/2022 Page: 298



Exterior - Rear Deck

13'
N

Rear Deck

OSCAR_BARNES 9/5/2022 Page: 299

Interior - Main Level





OSCAR_BARNES

3' 4"
18'
11' 5"
9'
3'
3' 5"
3' 1"
17' 8"
Sheet Vinyl Flooring (A1)
Storage Room
Living Room Clst
6'
11' 8"
15' 2"
5' 10"
11' 4"
3' 5"
Storage Room Clst
HVAC
7' 8"
4' 3"
4' 5"
6' 2"
7' 4"
Garage
Basement

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| OSCAR BARNES and<br>GWENDOLYN BARNES,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND<br>CASUALTY COMPANY,<br>A foreign corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>FILE NO. 23-A-06462-6 |

**NOTICE OF FILING REMOVAL**

TO: J. Remington Huggins
Michael D. Turner
THE HUGGINS LAW FIRM, LLC
110 Norcross Street
Roswell, GA 30075
remington@lawhuggins.com
mdturner@lawhuggins.com

Please take notice that STATE FARM FIRE AND CASUALTY COMPANY, Defendant in the above-styled action, has on this date filed its Notice of Removal, a copy of which is attached hereto, in the Office of the Clerk of the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 1st day of September, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Christopher A. Wood*
Alex A. Mikhalevsky, Esq.

Georgia Bar No. 711188
Christopher A. Wood, Esq.
Georgia Bar No. 272768
*Attorneys for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
alex.mikhalevsky@swiftcurrie.com
Christopher.wood@swiftcurrie.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing **NOTICE OF FILING REMOVAL** with the Clerk of Court using the Odyssey e-filing system, which will automatically send e-mail notification and service of such filing to counsel of record follows:

J. Remington Huggins
Michael D. Turner
THE HUGGINS LAW FIRM, LLC
110 Norcross Street
Roswell, GA 30075
remington@lawhuggins.com
mdturner@lawhuggins.com
*Attorneys for Plaintiffs*

This 1st day of September, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Christopher A. Wood*
Alex A. Mikhalevsky, Esq.
Georgia Bar No. 711188
Christopher A. Wood, Esq.
Georgia Bar No. 272768
*Attorneys for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
alex.mikhalevsky@swiftcurrie.com
Christopher.wood@swiftcurrie.com

4859-1421-1197, v. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| OSCAR BARNES and GWENDOLYN BARNES, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | FILE NO. ____________ |
| v. | ) | |
| | ) | [On removal from the Superior Court |
| STATE FARM FIRE AND CASUALTY COMPANY, A foreign corporation, | ) | of Gwinnett County, Civil Action File No. 23-A-06462-6] |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Comes now, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "State Farm"), by and through its undersigned counsel, and hereby files this Notice of Removal, respectfully showing this Honorable Court as follows:

1.

On July 27, 2023, Plaintiffs OSCAR BARNES and GWENDOLYN BARNES (the "Plaintiffs"), by and through counsel, filed a Complaint against State Farm in the Superior Court of Gwinnett County, Georgia, which is a county within the Atlanta Division of this Court, styled as *OSCAR BARNES and GWENDOLYN BARNES v. STATE FARM FIRE AND CASUALTY COMPANY*, and assigned Case

No. 23-A-06462-6 (the "Superior Court Action"). True and correct copies of all process, pleadings, and orders served upon this defendant to date in the Superior Court Action are collectively attached hereto as **Exhibit "A."**

2.

The Complaint and Summons in this action were served upon State Farm on August 2, 2023, the date on which State Farm first received the Complaint and notice of this lawsuit. State Farm shows that this Notice of Removal is filed within thirty (30) days from the date of service of said suit on Defendant. Thus, removal is timely under 28 U.S.C. § 1446(b).

3.

The United States District Court for the Northern District of Georgia, Atlanta Division, embraces Gwinnett County, Georgia. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

4.

Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, State Farm will give written notice to the Plaintiffs by notifying their attorney of record, Michael D. Turner, Esq., of The Huggins Law Firm, LLC, and will file a copy of the Notice of Removal with the Clerk of Superior Court of Gwinnett County, which shall effect the removal.

**DIVERSITY JURISDICTION**

5.

The United States District Court for the Northern District of Georgia, Atlanta Division, possesses diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6.

Plaintiffs OSCAR BARNES and GWENDOLYN BARNES are residents of Atlanta, Georgia and citizens of the State of Georgia.

7.

State Farm is a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois. Thus, State Farm is a citizen of the State of Illinois.

8.

Because Plaintiffs and State Farm are citizens of different States, complete diversity exists between Plaintiffs and State Farm in accordance with 28 U.S.C. § 1332(a)(1).

9.

This action is a civil action between citizens of different state where the controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

Plaintiffs expressly allege in their Complaint that they are entitled to all damages to their Property and any resulting expenses and temporary repairs, as well as bad faith damages and attorney's fees and costs.  See, Complaint, Prayer for Relief.  Given the statements of Plaintiffs regarding the value of their claim and the amount they contend they are entitled to recover, the amount in dispute in this matter will exceed the jurisdictional requirement of $75,000.00.

10.

More specifically, in Plaintiffs' Complaint, Plaintiffs seek damages in the amount of $334,011.52. *See* Complaint, ¶ 17. Plaintiffs also seek bad faith damages in the "amount of fifty percent (50%) of the total compensatory damages awarded or $5,00.00, whichever is greater[.]" *See* Complaint, Prayer for Relief. Plaintiffs seek further unspecified damages against State Farm, asking to recover "[a]ny and all applicable multipliers" and "[a]ny and all other relief that the Court may deem just and proper[.]" *See* Complaint, Prayer for Relief. Accordingly, the amount in controversy, exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

11.

This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. § 1441.  This Court has original jurisdiction pursuant to 28 U.S.C.

§ 1332(a)(1) and (b) as there is complete diversity of citizenship between Plaintiffs and Defendant and, as shown above, the amount in controversy exceeds $75,000.00. Further, as required by 28 U.S.C. § 1441(b), Defendant State Farm is not a citizen of the State of Georgia.

12.

Venue is proper in this Court for purposes of removal under 28 U.S.C. § 1441(a). By filing this Notice of Removal, State Farm does not waive any of its jurisdictional objections or affirmative defenses.

WHEREFORE, State Farm prays that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1446, and that no further proceedings be had in said case in the Superior Court of Gwinnett County, Georgia.

This 1st day of September, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Christopher A. Wood*
Alex A. Mikhalevsky, Esq.
Georgia Bar No. 711188
Christopher A. Wood, Esq.
Georgia Bar No. 272768
*Attorneys for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA   30309
Tel:   (404) 874-8800
Fax:   (404) 888-6199
alex.mikhalevsky@swiftcurrie.com
Christopher.wood@swiftcurrie.com

**LOCAL RULE 5.1C CERTIFICATION**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this 1st day of September, 2023.

SWIFT, CURRIE, MCGHEE & HIERS

*/s/ Christopher A. Wood*
Alex A. Mikhalevsky, Esq.
Georgia Bar No. 711188
Christopher A. Wood, Esq.
Georgia Bar No. 272768
*Attorneys for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
alex.mikhalevsky@swiftcurrie.com
Christopher.wood@swiftcurrie.com

**CERTIFICATE OF SERVICE**

I have this day electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF System. The clerk will serve opposing counsel as follows:

J. Remington Huggins
Michael D. Turner
THE HUGGINS LAW FIRM, LLC
110 Norcross Street, Roswell, GA 30075
remington@lawhuggins.com
mdturner@lawhuggins.com
*Attorneys for Plaintiffs*

This 1st day of September, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Christopher A. Wood*
Alex A. Mikhalevsky, Esq.
Georgia Bar No. 711188
Christopher A. Wood, Esq.
Georgia Bar No. 272768
*Attorneys for Defendant State Farm Fire and Casualty Company*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
alex.mikhalevsky@swiftcurrie.com
Christopher.wood@swiftcurrie.com

4867-4081-7277, v. 1

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| OSCAR BARNES and GWENDOLYN BARNES, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO.: |
| | ) | 23-A-06462-6 |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

COMES NOW, State Farm Fire and Casualty Company (hereinafter "Defendant" or "State Farm") and hereby files this, its Answer and Affirmative Defenses to Plaintiffs' Complaint, and shows this Court as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant State Farm is not liable to Plaintiffs for any cause of action, including for breach of contract, because Defendant State Farm at no time breached or otherwise violated any of the terms or conditions of the insurance policy between State Farm and Plaintiffs. At all times, Defendant State Farm acted in accordance with its rights and obligations as set forth in the Policy.

**THIRD AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' Complaint or prayer for relief seeks, or is construed as seeking, damages other than the contractual damages, such remedies are not available to the Plaintiffs inasmuch as O.C.G.A. § 33-4-6 is the sole manner by which to recover extra-contractual damages, including attorney's fees, from an insurer in a first party dispute over payment of insurance benefits.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' Complaint seeks or is construed as seeking, to recover bad faith penalties and attorney's fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiffs, as Plaintiffs failed to satisfy the substantive and/or procedural requirements for making a claim for bad faith, as required under O.C.G.A. § 33-4-6. Plaintiffs failure to comply with the procedural requirements of O.C.G.A. § 33-4-6 include failing to submit a proper and timely demand to State Farm as the purported bad-faith demand attached to Plaintiffs' Complaint as Exhibit B was never transmitted to State Farm until the filing of this Lawsuit.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs may not recover for any damage to real or personal property under the subject insurance policy and applicable Georgia law to the extent that the damages are excluded by the Policy.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs are entitled to any recovery under the Policy, which State Farm denies, Plaintiffs' recovery is limited by the deductible, coverage limits, loss settlement, and loss payment provisions of the insurance Policy.

**SEVENTH AFFIRMATIVE DEFENSE**

Even if Plaintiffs were entitled to recover under the Complaint, which State Farm denies, Plaintiffs are unable to recover the damages as set forth in the Complaint because this amount does not reflect the reasonable and necessary costs to repair the covered damage to the Property.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs may not recover from Defendant on the basis that Plaintiffs failed to mitigate the damages in accordance with Georgia law.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs attempt to impose duties upon Defendant aside from those set forth in the insurance contract, Plaintiffs fail in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the Policy.

**TENTH AFFIRMATIVE DEFENSE**

The facts and circumstances forming the basis of Plaintiffs' Complaint were brought by and as a result of Plaintiffs' conduct, and Plaintiffs are, therefore, estopped and have waived their rights to recovery.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs seek to recover pursuant to any alleged violation of Georgia's Unfair Settlement Practices Act, Plaintiffs are legally prohibited from doing so as the Act does not create or imply any private cause of action. See O.C.G.A. § 33-6-37.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs seek to recover replacement cost benefits for the structure or personal property, Plaintiffs have not satisfied the contractual requirements to recover these benefits pursuant to the terms of the Policy and applicable law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs may not recover from Defendant because the Policy specifically excludes coverage for Plaintiffs' claimed damages. Specifically, the Policy provides:

**SECTION I – LOSSES NOT INSURED**

> 1. ***We*** will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> . . .
>
> b. freezing of a plumbing, heating, air conditioning, or automatic fire protective sprinkler system or of a household appliance; or discharge, leakage, or overflow from within the system or appliance caused by freezing. This does not apply if **you** have used reasonable care to:
>
> (1) maintain heat in the **building structure** at 55 degrees Fahrenheit or higher; or
>
> (2) shut off the water supply and drain the system and appliances of water.
>
> …
>
> g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;
>
> . . .
>
> i. wet or dry rot;
>
> j. contamination or pollution, meaning the presence, discharge, dispersal, seepage, migration, release, or escape of contaminants or pollutants at or from any source. This does not apply if the presence, discharge, dispersal, seepage, migration,

release, or escape is itself caused by a peril described in **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY**.

(1) Contaminants and pollutants include but are not limited to any:

(a) solid, liquid, gaseous, or thermal irritant, including smoke from agricultural smudging or industrial operations, smog, soot, vapor, fumes, acids, alkalis, chemicals, pathogens, noxious substances, asbestos, or lead:

(b) contaminants or pollutants resulting from any natural resource extraction activities; or

(c) fuel oil except as specifically provided in **SECTION I – ADDITIONAL COVERAGES, Fuel Oil Release**.

(2) ***We*** also will not pay for:

(a) losses arising from contamination or pollution caused by or resulting from defective building materials, nuclear substances, and waste. Waste includes materials to be recycled, reconditioned, or reclaimed;

(b) the cost to extract contaminants or pollutants from land, water, or air, or the cost to remove, restore, or replace contaminated or polluted land, water, or air; or

(c) the cost of testing, monitoring, cleaning, removing, containing, treating, detoxifying, neutralizing, remediating, disposing of, or assessing the effects of contaminants or pollutants;

k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings;
…

2. ***We*** will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. ***We*** will not pay for such loss regardless of. (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the **residence premises**, arises from any natural or external forces, or occurs as a result of any combination of these:

**. . .**

**d. Neglect**, meaning neglect of the ***insured*** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.
. . .

3. ***We*** will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, ***we*** will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a. conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

b. defect, weakness, inadequacy, fault, or unsoundness in:

(1) planning, zoning, development, surveying, or siting;

(3) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(4) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(5) maintenance

Of any property (including land, structures, or improvements or any kind) whether on or off the ***residence premises***; OR

c. weather conditions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are unable to recover for any damages that did not result from accidental direct physical loss as required by the policy. Specifically, the Policy provides:

**SECTION I – LOSSES INSURED**

**COVERAGE A – DWELLING**

***We*** will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in the policy. However, loss does not include and ***we*** will not pay for, any ***diminution in value***.
. . .

**COVERAGE B – PERSONAL PROPERTY**

***We*** will pay for accidental direct physical loss to the property described in Coverage B caused by the following perils, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. However, loss does not include and ***we*** will not pay for, any ***diminution in value***.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are unable to recover for any damages that occurred outside of the applicable policy period. Specifically, the Policy provides:

**SECTION I AND SECTION II – CONDITIONS**

1. Policy Period. This policy applies only to loss under Section I or bodily injury or property damage under Section II that occurs during the period this policy is in effect.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs may not maintain this action against Defendant because Plaintiffs failed to satisfy the conditions precedent to bringing suit set forth in the insurance policy issued by Defendant to Plaintiffs. Specifically, the policy provides:

**SECTION I – CONDITIONS**

. . .

6. **Suit Against Us**. No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage[.]

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs may not maintain this action against Defendant because Plaintiffs did not satisfy the duties after loss provisions in accordance with the policy requirements. Specifically, the Policy provides:

**SECTION I – CONDITIONS**

. . .

2. **Your Duties After Loss**. After a loss to which this insurance may apply, ***you*** must cooperate with ***us*** in the investigation of the claim and also see that the following duties are performed:

a. give immediate notice to ***us*** or ***our*** agent, and also notify:

(1) the policy if the loss is caused by theft, vandalism, or any other criminal act and

(2) the credit card company or bank if the loss involves a credit card or bank fund transfer card;

b. protect the property from further damage or loss, and also:

(1) make reasonable and necessary temporary repairs required to protect the property; and

(2) keep an accurate record of repair expenses;

c. prepare an inventory of damaged or stolen personal property:

(1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and

(2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d. as often as ***we*** reasonably require:

(1) exhibit the damaged property;

(3) provide ***us*** with any requested records and documents and allow ***us*** to make copies;

(4) while not in the presence of any other ***insured***:

(a) give statements; and

(b) submit to examinations under oath; and

(4) produce employees, members of the ***insured's*** household, or others for examination under oath to the extent it is within the ***insured's*** power to do so; and

e. submit to ***us*** within 60 days after the loss, ***your*** signed, sworn proof of loss that sets forth, to the best of ***your*** knowledge and belief:

(1) the time and cause of loss;

(2) interest of the ***insured*** and all others in the property involved and all encumbrances on the property;

(2) other insurance which may cover the loss;

(3) changes in title or occupancy of the property during the terms of this policy;

(4) specifications of any damaged building and detailed estimates for repair of the damage;

(5) an inventory of damaged or stolen personal property described in 2.c.;

(6) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8) evidence of affidavit supporting a claim under **SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money** coverage, stating the amount and cause of loss.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Even if Plaintiffs were entitled to recover benefits in this matter, which State Farm denies, Plaintiffs are only able to recover benefits of the costs to repair or replace the damaged Property to the extent these costs of repair exceed the Policy Deductible. The Policy provides in pertinent part:

**DEDUCTIBLE**

In case of loss under this policy, we will pay, subject to specified policy limits, only that part of the amount of the loss that exceeds the deductible amount shown in the Declarations. Deductibles will be applied per occurrence. Deductibles apply to specific losses as described in this policy.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs may not recover any additional living expenses from State Farm. The Policy provides, in **SECTION I – COVERAGES**, as follows:

> **COVERAGE C – LOSS OF USE**
>
> 1. **Additional Living Expense**. When a ***loss insured*** causes the ***residence premises*** to become uninhabitable, ***we*** will pay the reasonable and necessary increase in cost incurred by an ***insured*** to maintain their normal standard of living for up to 24 months. ***Our*** payment is limited to incurred costs for the shortest of:
>
>    a. the time required to repair or replace the premises;
>
>    b. the time required for ***your*** household to settle elsewhere; or
>
>    c. 24 months.

**TWENTIETH AFFIRMATIVE DEFENSE**

To the extent State Farm is found liable to Plaintiffs for any damages under the Policy, which State Farm expressly denies, State Farm is entitled to a setoff of all amounts paid to or on Plaintiffs' behalf, including, but not limited to indemnity payments totaling not less than $108,816.19.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover from State Farm under the subject insurance policy because Plaintiffs breached the terms and conditions of the policy.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiffs are entitled to any recovery under the policy, which State Farm denies, Plaintiffs' recovery is limited by the Loss Settlement provisions in the Policy. Specifically, the policy provides in **SECTION I – LOSS SETTLEMENT** as follows:

**COVERAGE A – DWELLING**

1. **A1 – Replacement Cost Loss Settlement – Similar Construction**

   a. ***We*** will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the ***Declarations***, the damaged part of the property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

      (1) until actual repair or replacement is completed, ***we*** will pay only the ***actual cash value*** of the damaged part of the property, up to the applicable limit of liability shown in the ***Declarations***, not to exceed the cost to repair or replace the damaged part of the property;

      (2) when the repair or replacement is actually completed, ***we*** will pay the covered additional amount ***you*** actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the ***Declarations***, whichever is less;

      (3) to receive any additional payments on a replacement cost basis, ***you*** must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify ***us*** within 30 days after the work has been completed; and

      (4) ***we*** will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a ***building structure*** or other structure, except as provided under **OPTIONAL POLICY PROVISIONS, Option OL – Building Ordinance or Law Coverage**.

   b. Wood Fences: ***We*** will pay the ***actual cash value*** for loss or damage to wood fences, not to exceed the limit of liability shown in the ***Declarations*** for **COVERAGE A – Other Structures**.

. . .

**COVERAGE B – PERSONAL PROPERTY**

1. **B1 – Limited Replacement Cost Loss Settlement.**

   a. ***We*** will pay the cost to repair or replace property covered

under **SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY**, except for property listed in item b. below, subject to the following:

(1) until repair or replacement is completed, ***we*** will pay only the ***actual cash value*** of the damaged property;

(2) after repair or replacement is completed, ***we*** will pay the difference between the ***actual cash value*** and the cost ***you*** have actually and necessarily spent to repair or replace the property; and

(3) if property is not repaired or replaced within two years after the date of loss, ***we*** will pay only the ***actual cash value***.

b. ***We*** will pay market value at the time of loss for:

(1) antiques, fine arts, paintings, statuary and similar articles, which by their inherent nature cannot be replaced with new articles;

(2) articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs and collectors items; and

(3) property not useful for its intended purpose.

However, ***we*** will not pay an amount exceeding the smallest of the following for items a. and b. above:

(1) ***our*** cost to replace at the time of loss;

(2) the full cost of repair;

(3) any special limit of liability described in this policy; or

(4) any applicable Coverage B limit of liability.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover based on their spoliation of critical evidence.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs seek coverage for mold damage to the property, the Policy only affords limited coverage for this type of damage. The Policy provides in **SECTION I – LOSSES NOT INSURED**:

2. ***We*** will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. ***We*** will not pay for such loss regardless of. (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or externa forces, or occurs as a result of any combination of these:

…

g. ***Fungus***, including:

(1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the ***residence premises*** or location of the rebuilding, repair, or replacement of that property, by ***fungus***;

(2) any remediation of ***fungus***, including the cost or expense to:

(a) remove the ***fungus*** from covered property or to repair, restore, or replace that property;

(b) tear out and replace any part of the ***building structure*** or other property as needed to gain access to the ***fungus***; or

(c) contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the ***fungus***; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of ***fungus***, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

…

**HO-2584 Fungus (Including Mold) Limited Coverage Endorsement**

This endorsement modifies insurance provided under the following: HOMEOWNERS POLICY, CONDOMINIUM POLICY, and RENTERS POLICY

**SECTION I - LOSSES NOT INSURED** 2.g., **Fungus** (**SECTION | - LOSSES NOT INSURED** 1.g. if ***you*** have a RENTERS POLICY), does not apply to the extent coverage is provided by this endorsement.

**SECTION I - ADDITIONAL COVERAGES**

The following is added:

**Remediation of Fungus**.
a. If ***fungus*** is the result of a ***loss insured*** other than fire or lightning, ***we*** will pay for:

(1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the ***residence premises*** or location of the rebuilding, repair, or replacement of that property, by ***fungus***;

(2) any remediation of ***fungus***, including the cost or expense to:

(a) remove the ***fungus*** from covered property or to repair, restore, or replace that property;

(b) tear out and replace any part of the ***building structure*** or other property as needed to gain access to the ***fungus***; or

(c) contain, treat, detoxify, neutralize, or dispose of or in any way respond to or assess the effects of the ***fungus***; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of ***fungus***, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

b. ***We*** do not cover ***fungus*** that is the result of:

(1) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:

(a) and is:
i. continuous;
ii. repeating;

iii. gradual;
iv. intermittent;
v. slow; or
vi. trickling; and

(b) from a:
i. heating, air conditioning, or automatic fire protective sprinkler system;
ii. household appliance; or
iii. plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.

***We*** also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time.

Item b. does not apply if the seepage or leakage of water, steam, or sewage is hidden from view within the walls, ceilings, or floors, and unknown by the ***insured***.

(2) defect, weakness, inadequacy, fault, or unsoundness in:(a) planning, zoning, development, surveying, or siting;

(a) planning, zoning, development, surveying, or siting;

(b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(c) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(d) maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the ***residence premises***.

c. This coverage applies only if:

(1) ***we*** receive immediate notice of the occurrence of the ***loss insured*** that is alleged to have resulted in ***fungus***, and remediation begins as soon as possible; and

(2) all reasonable means were used to save and preserve the property from further damage at the time of and after the occurrence of the ***loss insured***.

d. The most ***we*** will pay for this coverage, in any one policy period, is the limit of insurance shown on the ***Declarations*** for this endorsement. This limit applies only to ***fungus*** resulting from a ***loss insured*** other than fire or lightning regardless of:

(1) the number of ***losses insured*** that combine or contribute to the presence of resulting ***fungus***; or

(2) the number of claims made during the policy period.

This limit includes any payments for **SECTION | — ADDITIONAL COVERAGES** and **COVERAGE C — LOSS OF USE**. Any payments made for this coverage are part of and not in addition to the limit of insurance that applies to covered property.

All other policy provisions apply.

The most that Plaintiffs can recover under this coverage is $10,000 or actual expense incurred, whichever is lower.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

State Farm expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery. Subject to and without waiving any of their other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific averments contained in the individual and enumerated paragraphs of the Complaint as follows:

**PARTIES**

1.

Defendant admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.

In response to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendant admits only that it is a foreign insurance company, authorized to transact business in the State of Georgia, in the business of selling insurance policies, and that its registered agent is located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the insurance policy issued by Defendant provides unfettered and/or unrestricted insurance coverage. All coverage provided is subject to the terms and provisions of the Policy and applicable Georgia law.

**JURISDICTION AND VENUE**

3.

In response to the allegations contained in Paragraph 3 of Plaintiffs' Complaint, Defendant admits only that the Superior Court of Gwinnett County has jurisdiction over this matter but denies all remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only court having jurisdiction over this matter and any allegations that Defendant breached its contract with Plaintiffs or otherwise acted in bad faith.

4.

In response to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, Defendant admits only that the Superior Court of Gwinnett County is a proper venue in which to bring this matter, but denies all remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint, including, but not limited to, any allegations that the Superior Court of Gwinnett County is the only venue in which this matter could be brought and any allegations that Defendant breached its contract with Plaintiffs or otherwise acted in bad faith.

5.

In response to the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant admits only that this Court has jurisdiction and is a proper venue for this matter, but denies this is the only court with proper jurisdiction and venue over this matter. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied.

**THE POLICY**

6.

In response to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendant admits only that it issued Policy Number 11-QB-7846-3 (the "Policy") to Plaintiffs. Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 6 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint are denied.

7.

In response to the allegations contained in Paragraph 7 of Plaintiffs' Complaint, Defendant admits only that it issued the Policy to Plaintiffs to provide specified coverage for the property located at 433 Oakside Drive SW, Atlanta, Georgia (the "Property"), subject to all terms, conditions, and exclusions therein and applicable law. Defendant responds further that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 7 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the Policy provided

unrestricted and/or unfettered insurance coverage, as all coverage under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

8.

In response to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 8 in direct contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and conditions of the Policy and applicable Georgia law.

9.

In response to the allegations contained in Paragraph 9 of Plaintiffs' Complaint, Defendant admits only that the terms and provisions of the Policy and applicable Georgia law speak for themselves and denies all allegations contained in Paragraph 9 in contradiction thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the Policy provided unrestricted and/or unfettered insurance coverage, as all coverage provided under the Policy is subject to the terms and provisions of the Policy and applicable Georgia law.

**SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

10.

In response to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs reported that the Property suffered damage from wind on or about July 30, 2022 and that the alleged date of loss is within the effective dates of the Policy.

Except as otherwise herein admitted, all remaining allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied.

11.

In response to the allegations contained in Paragraph 11 of Plaintiffs' Complaint, Defendant admits only that the Plaintiffs notified Defendant of the alleged wind damage to the Property on July 30, 2022. Defendant admits further that Plaintiffs made a claim pursuant to the Policy for the alleged wind damage to the Property, and a State Farm Claim Representative was assigned to adjust the claim on behalf of State Farm. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint are denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs permitted Defendant to inspect the Property and provided some, but not all, of the documents requested by Defendant. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint are denied.

13.

In response to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendant admits only that Plaintiffs permitted Defendant to inspect the Property. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint are denied.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

In response to the allegations contained in Paragraph 15 of Plaintiffs' Complaint, Defendant admits that Exhibit "A" is a true and accurate copy of an estimate prepared by Defendant, which speaks for itself. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to properly issue payment for Plaintiffs' claim.

16.

In response to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, Defendant admits only that Defendant and representatives of Plaintiffs exchanged communications during the claim, but states that these communications speak for themselves and denies any allegations contained in Paragraph 16 in direct contravention thereto. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint are denied.

17.

In response to the allegations contained in Paragraph 17 of Plaintiffs' Complaint, Defendant denies that it received a copy of Exhibit B prior to the filing of this Lawsuit or on May 24, 2023.  By way of further response, Defendant states that on May 24, 2023, Plaintiffs' counsel resent its February 2023 letter of representation to it and did not send Exhibit B to it.   Except as otherwise herein admitted, all remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the May 24, 2022 correspondence constituted a timely or valid demand for payment.

18.

In response to the allegations contained in Paragraph 18 of Plaintiffs' Complaint, Defendant denies that it received a copy of Exhibit B prior to the filing of this Lawsuit or on May

24, 2023.  By way of further response, Defendant states that on May 24, 2023, Plaintiffs' counsel resent its February 2023 letter of representation to it and did not send Exhibit B to it.  Defendant denies that Exhibit B constitutes a valid or timely demand for payment pursuant to O.C.G.A. § 33-4-6. Except as otherwise herein admitted, all remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that the May 24, 2022, correspondence constituted a timely or valid demand for payment.

19.

In response to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Defendant denies that it received a copy of Exhibit B prior to the filing of this Lawsuit or on May 24, 2023.  Except as otherwise herein admitted, all remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint are denied.

20.

All allegations contained in Paragraph 20 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

**COUNT I – BREACH OF CONTRACT**

24.

To the extent a response is required to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, Defendant incorporates herein by reference its responses to Plaintiffs' enumerated Paragraphs 1 through 23.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

In response to the allegations contained in Paragraph 26 of Plaintiffs' Complaint, Defendant admits that the Policy speaks for itself and affords coverage for certain losses subject to the Policy's terms and conditions and applicable Georgia law. All remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property resulting from the July 30, 2022 loss, pursuant to the terms and provisions of the Policy and applicable Georgia law.

27.

All allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law and any allegation that Plaintiffs made a valid demand for payment pursuant to O.C.G.A. § 33-4-6.

28.

All allegations contained in Paragraph 28 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or

that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

29.

All allegations contained in Paragraph 29 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

30.

All allegations contained in Paragraph 30 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law.

31.

Defendant denies all the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.

To the extent a response is required to the allegations contained in Paragraph 32 of Plaintiffs' Complaint, Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

**COUNT II: BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6**

33.

To the extent a response is required to the allegations contained in Paragraph 33 of Plaintiffs' Complaint, Defendant incorporates herein by reference its responses to Plaintiffs' enumerated Paragraphs 1 through 32.

34.

All allegations contained in Paragraph 34 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant owed any duty other than those duties set forth in the Policy.

35.

All allegations contained in Paragraph 35 of Plaintiffs' Complaint are denied, including, but not limited to, any allegations that Defendant failed to conduct a proper claim investigation or that it failed to issue payment for covered damages to the Property pursuant to the terms and provisions of the Policy and applicable Georgia law, and that Defendant owed any duty other than those duties set forth in the Policy.

36.

Defendant denies all allegations contained in Paragraph 36 of Plaintiffs' Complaint, including those allegations set forth in subsections (1) through (8) contained therein, including but not limited to any allegation that Defendant owed any duty other than those duties set forth in the Policy.

37.

Defendant denies all allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.

Defendant denies all allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.

Defendant denies all allegations contained in Paragraph 39 of Plaintiffs' Complaint.