# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-KSRQSSPN-XF4
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2914**

JUL 05, 2023 05:47 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER <u>23-A-2914</u>

$198.00 COST PAID

*Recd 8/11*

DeBarros, Juli-Ann

**PLAINTIFF**

**VS.**

Huey Luey's Acworth LLC
Stoll, Richard
Glore, Jamie

**DEFENDANTS**

## SUMMONS

TO: HUEY LUEY'S ACWORTH LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Nicholas Martin**
**Martin DeMelfi, LLC**
**7000 Peachtree Dunwoody Road**
**Building 1, Suite 202**
**Atlanta, Georgia 30328**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 6th day of July, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

**EXHIBIT "A"**

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-KSRQSSPN-NRU
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2914**

**JUL 05, 2023 05:47 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER   23-A-2914

$198.00 COST PAID

DeBarros, Juli-Ann

_____
**PLAINTIFF**

**VS.**

Huey Luey's Acworth LLC
Stoll, Richard
Glore, Jamie

_____
**DEFENDANTS**

## SUMMONS

TO: GLORE, JAMIE

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Nicholas Martin**
> **Martin DeMelfi, LLC**
> **7000 Peachtree Dunwoody Road**
> **Building 1, Suite 202**
> **Atlanta, Georgia 30328**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 6th day of July, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

ID# E-KSRQSSPN-HD5
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2914**

**JUL 05, 2023 05:47 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

CIVIL ACTION NUMBER   23-A-2914

$198.00 COST PAID

DeBarros, Juli-Ann
_____
**PLAINTIFF**

**VS.**

Huey Luey's Acworth LLC
Stoll, Richard
Glore, Jamie
_____
**DEFENDANTS**

## SUMMONS

TO: STOLL, RICHARD

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Nicholas Martin**
> **Martin DeMelfi, LLC**
> **7000 Peachtree Dunwoody Road**
> **Building 1, Suite 202**
> **Atlanta, Georgia 30328**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 6th day of July, 2023.**

Clerk of State Court



*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-KSRQSSPN-HUQ
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**23-A-2914**

JUL 05, 2023 05:47 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| JULI-ANN DEBARROS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| HUEY LUEY'S ACWORTH, LLC , | ) | |
| RICHARD STOLL, and | ) | _____ |
| JAMIE GLORE, | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANT. | ) | |
| _____ | ) | |

## **COMPLAINT FOR DAMAGES**

NOW COMES Plaintiff, JULI-ANN DEBARROS, through undersigned counsel, and files this lawsuit against Defendants HUEY LUEY'S ACWORTH, LLC ("Huey Luey"), RICHARD STOLL ("Stoll") and JAMIE GLORE ("Glore" (collectively, "Defendants")), and for her First Complaint shows the following:

## I.  NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks, *inter alia*, declaratory and equitable relief, along with monetary damages, attorney's fees and costs.

## II. JURISDICTION AND VENUE

3.

This Court has jurisdiction over the parties and Plaintiff's claims.

4.

The acts and omissions giving rise to Plaintiff's claims were committed within this county. Thus, venue is appropriate in this Court.

## III.   PARTIES

5.

Plaintiff is an adult resident citizen of Cobb County, Georgia.

6.

Based upon Plaintiff's information and belief, Defendant, Huey Luey's Acworth, LLC ("Huey Luey"), is a domestic corporation existing under the State

laws of Georgia.  Defendant lists its principal place of business as 1690 Roberts Boulevard, Suite 121, Kennesaw, Georgia 30144.

7.

Service of process for Huey Luey can be effectuated through its registered agent Richard Stoll at 1690 Roberts Boulevard, Suite 121, Kennesaw, Georgia 30144.

8.

Based upon Plaintiff's information and belief, Defendant, Richard Stoll ("Stoll"), is a natural person residing in Cherokee County

9.

Service of process for Defendant Stoll can be effectuated at his place of business of where ever he may be located.

10.

Based upon Plaintiff's information and belief, Defendant, Jamie Glore ("Glore"), is a natural person residing in Cherokee County.

11.

Service of process for Defendant Glore can be effectuated at his place of business of where ever he may be located.

## IV.   FACTUAL ALLEGATIONS

12.

Plaintiff is an adult female and former employee of Defendant, Huey Luey. Plaintiff was employed by Huey Luey from June 2017 until July 2020.

13.

Defendant, Huey Luey, is a Mexican restaurant and bar in Cobb County, Georgia.  Defendant, Glore, was a manager at Huey Luey during all times relevant to this Complaint.

14.

During the course of her employment, Plaintiff was subjected to severe and pervasive sexual harassment and being touched inappropriately by her manager, Defendant Glore.

15.

Defendant Glore was hired by Huey Luey in approximately February 2019 as the General Manager.

16.

Defendant Glore is a personal friend of Richard Stoll, the owner and operated of Huey Luey.  At the time Huey Luey and Stoll hired Glore, he was not properly

vetted prior to hiring.  Huey Luey and Stoll knew or should have known that Glore had a history of sexually harassing female employees.

17.

Shortly following Huey Luey's hiring Glore, he began making sexual comments to the Plaintiff.

18.

Glore's sexual comments to Plaintiff included sexual innuendo about a photograph of Plaintiff on her social media in a bathing suit and making comments about oral sex while showing Plaintiff a pornographic video.

19.

On or about July 13, 2020, Huey Luey organized a corporate event at Lake Allatoona.

20.

Said corporate event was to celebrate Huey Luey's success and encourage team building amongst employees.

21.

At or about 11:30 a.m. Huey Luey employees, including Plaintiff and Defendant Glore, were transported to an island in Lake Allatoona.   Several

employees were allowed to over imbibe alcohol, including Defendant Glore, that was provided by Huey Luey.

22.

As the corporate event was coming to a close, Defendant Glore approached Plaintiff, grabbed her bathing suit top between her breasts, and pulled down her top thereby exposing her breasts.

23.

Plaintiff was visibly upset and shaken by Defendant Glore's actions and a coworker quickly escorted her away from Glore.

24.

The day following the Huey Luey corporate event, Defendant Glore sent Plaintiff several text messages wherein he stated that he "didn't remember anything after 4pm," and that he was "so ashamed at what [he had] done."

25.

Plaintiff shows that prior to July 13, 2020 other female Huey Luey employees had complained about Glore's sexual harassment and inappropriate behavior. Huey Luey took no action regarding these complaints.

26.

Plaintiff further shows that Defendant Glore was terminated or forced to resign from at least two (2) prior restaurant supervisory positions due to sexual harassment of female subordinates.  Huey Luey and Stoll knew or should have known about these prior incidents before hiring Defendant Glore.

27.

Plaintiff did not welcome Glore's conduct at any time.  Plaintiff was subjected to harassment by the Defendants because of her sex.

28.

The harassment adversely affected Plaintiff's psychological wellbeing.  The sexual harassment was sufficiently severe or widespread, pervasive, and prevalent in Defendants' workplace at all times pertinent hereto to charge Defendants with constructive notice thereof.

29.

Defendant Huey Luey failed to take adequate remedial action.

30.

Plaintiff sustained emotional suffering and injury attributable to the harassment and physical unwelcome touching.  Defendants tortious conduct has caused the Plaintiff severe emotional distress.

31.

Defendants acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

32.

On or about January 5, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of Defendants' unlawful employment practices satisfying the requirements of 42 U.S.C. § 2000e-5(b), (e).

33.

On or about April 6, 2023, less than 90 days prior to the filing of the Complaint, the EEOC issued Plaintiff a notice of Right to Sue with respect to such charge of discrimination.  A copy of said letter is attached hereto as "Exhibit A". Plaintiff complied with all conditions precedent to jurisdiction pursuant to 42 U.S.C. § 2000e-5.

34.

Plaintiff shows that she is entitled to an award of attorney's fees, including expert witness fees and expenses of litigation, pursuant to 42 U.S.C. § 2000e-5(k).

## Count I - Negligent Supervision and Retention

### 35.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

### 36.

Because Galore was Huey Luey's alter ego/proxy, Huey Luey knew of or should have known of Galore's propensity to engage in sexually offensive conduct, including battery against Plaintiff. Defendant Huey Luey knew or had reason to know of Galore's propensity to engage in sexually offensive conduct against Plaintiff.

### 37.

It was foreseeable that Galore would engage in tortious conduct against Plaintiff.

### 38.

Huey Luey nevertheless failed and refused to act to protect Plaintiff.

### 39.

Huey Luey and Stoll were willfully negligent in hiring, supervising, and/or continuing the employment of Galore. Stoll was personal friends with Galor and

failed to adequately inquire about Galore's background and prior employment before hiring Galore.

40.

By retaining Galore after it knew or should have known of his propensity to engage in tortious conduct against Plaintiff and failing to remediate Plaintiff's complaint, Defendant Huey Luey breached its duty to Plaintiff.

41.

As a result of said negligence, which was gross and in reckless disregard for Plaintiff's health and safety, Plaintiff has been subjected to tortious conduct and suffered mental anguish, humiliation, and other indignities.

## **II - Battery**

42.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

43.

On every occasion Galore touched Plaintiff in an offensive manner without permission or other justification, Galore committed battery.

44.

Defendant Galore is liable for all general and special damages proximately resulting from each battery of Plaintiff.

45.

Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

## Count III – Attorneys' Fees and Expenses of Litigation
## (Pursuant to O.C.G.A. § 13-6-11)

46.

Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

47.

Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

48.

Plaintiff has put Defendants on notice that Plaintiff seeks attorneys' fees, litigation costs, and expenses from Defendants.

### Count IV – Punitive Damages (Pursuant to O.C.G.A. § 51-12-5)

49.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

50.

The aggravating circumstances in Defendants' commission of the conduct against Plaintiff and intentions in committing same, entitle Plaintiff to an award of punitive damages to deter Defendants from repeating the trespass and as compensation for the wounded feelings of Plaintiff.

### Count V - Title VII of the Civil Rights Act of 1964

51.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

52.

This count is brought under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; and 42 U.S.C. § 1981 as amended by the

Civil Rights Act of 1991, and 42 U.S.C § 2000, to correct unlawful employment practices on the basis of discrimination through (a) sexual discrimination; and (b) hostile abusive environment, and to make Plaintiff whole. Defendants discriminated against Plaintiff (female).

53.

Plaintiff is a female, has been subject to unwanted sexual touching and harassment by Defendant Galore.

54.

The sexual touching and harassment by Defendant Galore was based on Plaintiff being a female.

55.

The sexual harassment was sufficiently severe to alter the terms and conditions of employment and create a discriminatorily abusive working environment.

56.

Defendant Stoll and Huey Luey are liable for Defendant Galore's actions. Defendants Stoll and Huey Luey did not adequately investigate Galore's background including prior instances of sexual harassment. Defendants Stoll and Huey Luey never took action to correct Galore's prior misconduct while working at Huey Luey. Defendants Stoll and Huey Luey organized the corporate outing and supplied alcohol to employees, which contributed to the sexual harassment by Galore.

57.

Plaintiff be awarded attorneys' fees, including expert witness fees and expenses of litigation, pursuant to 42 U.S.C § 2000e-5(k).

**WHEREFORE**, Plaintiffs pray for the following from this Honorable Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(C)  Grant Plaintiff leave to add additional claims if necessary;

(D)  Compensatory damages, including damages for mental and emotional suffering caused by Defendants' misconduct;

(E)  Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F)  Reasonable attorney's fees and expenses of litigation on Plaintiff's state law claims pursuant to O.C.G.A. § 13-6-11;

(G)  Prejudgment interest at the rate allowed by law;

(H)  That judgment be granted in favor of the Plaintiff against the Defendants for the back pay and damages for Plaintiff's loss of earnings and benefits of the employment relationship;

(I)  That Plaintiff be awarded front pay to compensate for the lost employment opportunity;

(J)  The Plaintiff be awarded compensatory damages for her emotional suffering and related expenses;

(K)  That Plaintiff be awarded attorneys' fees, including expert witness fees and expenses of litigation, pursuant to 42 U.S.C § 2000e-5(k);

(L)  That Plaintiff be awarded punitive damages in an amount to be determined by the enlightened conscience of a jury;

(M)  Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

Respectfully submitted, this <u>6th</u> day of July, 2023.

*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

<u>*/s/ Nicholas P. Martin*</u>
Nicholas P. Martin, Esq.
Georgia Bar No. 168722
nmartin@martin-demelfi.com
Frank DeMelfi, Esq.
Georgia Bar No. 320128
fdemelfi@martin-demelfi.com
7000 Peachtree Dunwoody Road
Building 1, Suite 2020
Atlanta, Georgia 30328
Phone & Fax: (770) 450-6155



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/06/2023

**To:** Juli-Ann DeBarros
509 Vinings Crest Blvd.
Smyrna, GA 30080
Charge No: 410-2021-02638

EEOC Representative and email:    JOHN JARVIS
Investigator
john.jarvis@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2021-02638.

On behalf of the Commission,

Digitally Signed By:Darrell Graham
04/06/2023

Darrell Graham
District Director

**EXHIBIT - A**

**Cc:**
Richard Stoll
HUEY LUEY'S ACWORTH, LLC
3338 COBB PKWY NW
Acworth, GA 30101

Nick Martin
7000 Peachtree Dunwoody Road
Atlanta, GA 30308

Frank DeMelifi
1742 Mount Vernon Road Suite 300
Atlanta, GA 30338


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 410-2021-02638 to the District Director at Darrell Graham, 100 Alabama Street, SW Suite 4R30

Atlanta, GA 30303.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

ID# E-KSRQSSPN-EDN
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2914**

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of __Cobb_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed _07-05-2023_____ | Case Number _23-A-2914___ |
| **MM-DD-YYYY** | |

JUL 05, 2023 05:47 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

**Plaintiff(s)**

DeBarros, Juli-Ann

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Huey Luey's Acworth LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Stoll, Richard

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Glore, Jamie

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _Martin, Nicholas_____   **Bar Number** _168722_____   **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐   Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                              **Case Number**

☑   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

ID# E-WFRRZDGW-PZC
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**23-A-2914**

AUG 11, 2023 03:47 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

DeBarros, Juli-Ann,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　　CIVIL ACTION FILE
　　　　Plaintiff,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　　NO.: 23-A-2914
vs.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
Huey Luey's Acworth LLC　　　　　　　　　)
Stoll, Richard　　　　　　　　　　　　　　　)
Glore, Jamie　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　　　)

### AFFIDAVIT OF SERVICE
(Re: Jamie Glore)

Came and appeared before me, a Notary Public authorized to take oaths, Craig Brazeman, who, having been duly sworn stated and deposed to me as follows:

1.

That I have the intellectual capacity to make an oath and have knowledge of the facts that make this affidavit.

2.

That I am sui juris, over the age of twenty one (21), and have a residence in the State of Georgia.

3.

That I am employed as a Licensed Private Detective and Certified Process Server (Georgia).

4.

That I am in no way a party to the above-styled action.

5.

That I am authorized by Order of this Court to serve process of related documents/pleadings.

6.

That I was hired to serve process of the following documents/pleadings:

a) Summons;
b) Complaint for Damages; and
c) General Civil and Domestic Relations case Filing Information Form.

7.

That on August 6th , 2023 at 2:06 p.m., I served Jamie Glore, an above-named Defendant, with the above documents/pleadings by placing said documents/pleadings in the hands of Mrs. Jamie Glore, this Defendant's current wife, while located at 145 Parkcrest Lane, Dallas, Georgia 30132, the Glores' current and shared marital residence.

This 9th day of August, 2023.

Craig Brazeman

Sworn to and subscribed before me
this 9th day of August, 2023.

NOTARY PUBLIC
My commission expires: 1/10/2027

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

Re:    Craig Brazeman

## ORDER APPOINTING
## PERMANENT PROCESS SERVER

The Petitioner/Movant, Craig Brazeman, having submitted an Affidavit for Permanent Process Server in the State Court of County, and having already been appointed as a Permanent Process Server in the Superior Court of Cobb County, case number 2023-0000468-CV, is hereby Appointed as a Permanent Process Server of this court pursuant to O.C.G.A. Section 9-11-4(c), from the date of this Order until midnight on December 31, 2023, subject to revocation for good cause shown.

A copy of this Order must be attached to any Return of Service to be filed.

SO ORDERED this ____ day of January, 2023.


Judge of State Court
Cobb County, Georgia

ID# E-WFRRZDGW-ACA
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-2914**

**AUG 11, 2023 03:47 PM**

## IN THE STATE COURT OF COBB COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| DeBarros, Juli-Ann, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Huey Luey's Acworth LLC | ) |
| Stoll, Richard | ) |
| Glore, Jamie | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION FILE

NO.: <u>23-A-2914</u>

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

### <u>AFFIDAVIT OF SERVICE</u>
(Re: Huey Luey's Acworth LLC)

Came and appeared before me, a Notary Public authorized to take oaths, Craig Brazeman, who, having been duly sworn stated and deposed to me as follows:

1.

That I have the intellectual capacity to make an oath and have knowledge of the facts that make this affidavit.

2.

That I am sui juris, over the age of twenty one (21), and have a residence in the State of Georgia.

3.

That I am employed as a Licensed Private Detective and Certified Process Server (Georgia).

4.

That I am in no way a party to the above-styled action.

5.

That I am authorized by Order of this Court to serve process of related documents/pleadings.

6.

That I was hired to serve process of the following documents/pleadings:

a) Summons;
b) Complaint for Damages; and
c) General Civil and Domestic Relations case Filing Information Form.



7.

  That on August 8th , 2023 at 11:55 a.m., I served Huey Luey's Acworth LLC, an above-named Defendant, with the above documents/pleadings by placing said documents/pleadings in the hands of Sue Saltalamacchio, an authorized managing agent, while located at 1690 Roberts Boulevard, Suite 121, Kennesaw, Georgia 30144.

  This 9th day of August, 2023.

Craig Brazeman

Sworn to and subscribed before me
this 9th day of August, 2023.

NOTARY PUBLIC
My commission expires: 1/18/2027



**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

Re:    Craig Brazeman

**ORDER APPOINTING**
**PERMANENT PROCESS SERVER**

The Petitioner/Movant, Craig Brazeman, having submitted an Affidavit for Permanent Process Server in the State Court of County, and having already been appointed as a Permanent Process Server in the Superior Court of Cobb County, case number 2023-0000468-CV, is hereby Appointed as a Permanent Process Server of this court pursuant to O.C.G.A. Section 9-11-4(c), from the date of this Order until midnight on December 31, 2023, subject to revocation for good cause shown.

A copy of this Order must be attached to any Return of Service to be filed.

SO ORDERED this 26 day of January, 2023.

Judge of State Court
Cobb County, Georgia

ID# E-WFRRZDGW-RYE
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-2914

AUG 11, 2023 03:47 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

DeBarros, Juli-Ann,                                    )        CIVIL ACTION
                                                       )
      Plaintiff,                                     )        NO.: <u>23-A-2914</u>
                                                       )
vs.                                                    )
                                                       )
Huey Luey's Acworth LLC                                )
Stoll, Richard                                         )
Glore, Jamie                                           )
                                                       )
      Defendants.                                    )

### AFFIDAVIT OF SERVICE
(Re: Richard Stoll)

Came and appeared before me, a Notary Public authorized to take oaths, Craig Brazeman, who, having been duly sworn stated and deposed to me as follows:

1.

That I have the intellectual capacity to make an oath and have knowledge of the facts that make this affidavit.

2.

That I am sui juris, over the age of twenty one (21), and have a residence in the State of Georgia.

3.

That I am employed as a Licensed Private Detective and Certified Process Server (Georgia).

4.

That I am in no way a party to the above-styled action.

5.

That I am authorized by Order of this Court to serve process of related documents/pleadings.

6.

That I was hired to serve process of the following documents/pleadings:

a)  Summons;
b)  Complaint for Damages; and
c)  General Civil and Domestic Relations case Filing Information Form.



7.

That on August 11th, 2023 at 10:05 a.m., I personally served Richard Stoll, an above-named Defendant, with the above documents/pleadings while located at 1690 Roberts Boulevard, Suite 121, Kennesaw, Georgia 30144.

This 11th day of August, 2023.



Craig Brazeman

Sworn to and subscribed before me
this 11th day of August, 2023.



NOTARY PUBLIC
My commission expires: 1/10/2027

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

Re:    Craig Brazeman

## ORDER APPOINTING
## PERMANENT PROCESS SERVER

The Petitioner/Movant, Craig Brazeman, having submitted an Affidavit for Permanent Process Server in the State Court of County, and having already been appointed as a Permanent Process Server in the Superior Court of Cobb County, case number 2023-0000468-CV, is hereby Appointed as a Permanent Process Server of this court pursuant to O.C.G.A. Section 9-11-4(c), from the date of this Order until midnight on December 31, 2023, subject to revocation for good cause shown.

A copy of this Order must be attached to any Return of Service to be filed.

SO ORDERED this _____ day of January, 2023.


Judge of State Court
Cobb County, Georgia