IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEVIN M. GARNETT, | ) | |
| | ) | Civil Action No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES A. BANKS IV, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

Plaintiff, Kevin M. Garnett, by and through the undersigned counsel, brings this action against Defendant, Charles A. Banks IV, and respectfully shows the Court as follows:

1. This case is very simple. The parties had a dispute that went to arbitration. The arbitration was resolved through settlement. The Defendant has breached the terms of the settlement agreement and this action is being brought to enforce it.

## THE PARTIES

2. Plaintiff Kevin M. Garnett is a natural person and maintains his principal address in Los Angeles County Los Angeles.

1

3. Defendant Charles A. Banks IV is a natural person and, upon information and belief, maintains his principal residence in Atlanta, Georgia.

## JURISDICTION AND VENUE

4. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the sole Plaintiff has different United States citizenship than the sole Defendant and the amount in controversy is in excess of $75,000.00.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, upon information and belief, the Defendant maintains a residence within the Northern District of Georgia.

## COUNT ONE (BREACH OF SETTLEMENT AGREEMENT)

6. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-5 hereof, as if fully set forth herein.

7. Effective April 23, 2019, the parties executed a document denominated a Settlement Agreement & Mutual General Release (the "Settlement Agreement"), a true and correct copy of which is attached hereto as **Exhibit "A".**

8. The Settlement Agreement states, at paragraph 2, in pertinent part as follows:

> Banks agrees to pay to Garnett the sum of Fifteen Million Dollars ($15,000,000.00), in accordance with the Payment Schedule, as defined and set forth below (the "Settlement

2

Payment"). The Settlement Amount shall be paid in installments on the dates and in the amounts set forth in the Payment Schedule via wire transfer or bank check. Banks' obligation to pay to Garnett the Settlement Amount is an unconditional and irrevocable obligation and is not and will not be subject to any defenses, offsets, recoupments or counterclaims, except as set forth herein. Upon the occurrence of an Event of Default ( defined below), Garnett may, at his option, declare the entire unpaid balance of the Settlement Amount to be immediately due and payable, and the Settlement Amount shall be increased to reflect interest at the rate set forth as the Secured Overnight Financing Rate, or SOFR (currently approximately 2.38 percent) upon the unpaid portion of the Settlement Amount from the Date of Default, and continuing until the Settlement Amount is paid in full. Banks shall pay the Settlement Amount in immediately available funds pursuant to the following (the "Payment Schedule"), though he may elect in his sole discretion to pay sooner:

| Date | Installment Amount |
|---|---|
| On or before 10 business days from the Effective Date | $5,000,000.00 |
| The first anniversary of the Effective Date | $500,000.00 |
| The second anniversary of the Effective Date | $4.750,000.00 |
| The third anniversary of the Effective Date | $4,750,000.00 |

9. Banks timely made the first two payment installments totaling $5.5 million.

10. On February 23, 2022, the parties executed an amendment to the Settlement Agreement, a true and correct copy of which is attached hereto as **Exhibit "B"**, which revised the Payment Schedule for the remaining $9.5 million owed to Garnett as follows:

| Date | Installment Amount |
|---|---|
| On or before March 4, 2022 | $750,000.00 (the "$750,000 Payment") |
| The first anniversary of receipt of the $750,000 Payment | $4,750,000.00 |
| The second anniversary of receipt of the $750,000 Payment the Effective Date | $4,000,000.00 |

11. On March 2, 2022, Banks timely made the $750,000.00 payment that was due on March 4, 2022.

12. Notwithstanding Garnett's demands for payment, Banks has failed and refused to make the $4,750,000.00 payment that was due on March 2, 2023, and has failed and refused to make any payments towards his indebtedness towards Garnett since the March 2, 2022, $750,000.00 payment.

13. By virtue of Banks' payment default, Garnett has exercised his right to accelerate the full amount of the monies due under the Settlement Agreement in the principal sum of $8,750,000.00, which sum is past due, without any defenses, offsets, recoupments or counterclaims.

14. By reason of the foregoing, Banks is in material breach of the Settlement Agreement and Garnett is entitled to a money judgment against Banks in the principal sum of $8,750,000.00, together with interest at the rate set forth as the Secured Overnight Financing Rate, from the date of default.

### COUNT TWO (Expenses of Litigation Under O.C.G.A. §13-6-11)

15. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-14 hereof, as if fully set forth herein.

16. Notwithstanding Garnett's demand, Banks has failed to make payment due and owing under the Settlement Agreement.

17. Banks' failure to make payment is without legal justification and is in willful disregard of the obligations of the Settlement Agreement.

18. By his failure and refusal to make payment, Banks has acted in bad faith, been stubbornly litigious, and has caused Garnett unnecessary trouble and expense, including the necessity of filing this suit in order to secure the payment to which Garnett is entitled.

19. Pursuant to O.C.G.A. §13-6-11, Garnett is therefore entitled to recover his expenses of litigation, including without limitation, his attorneys' fees.

WHEREFORE, Plaintiff Kevin M. Garnett respectfully requests that this Court enter Judgment against Defendant Charles A. Banks IV in the principal sum of $8,750,000.00, together with interest at the rate set forth as the Secured Overnight Financing Rate, from the date of default, as well as such other and further relief as is just including, without limitation, the costs, expenses, disbursements and reasonable attorneys' fees of this action.

Dated: September 1, 2023

                                                Respectfully submitted,

                                                /s/ Stephen G. Lowe
                                                Stephen G. Lowe (GA Bar No. 459955)
                                                LEACH & LOWE LLC
                                                750 Hammond Dr., Bldg 19
                                                Suite 300
                                                Atlanta, Georgia 30328
                                                Telephone: 678.587.3831
                                                Facsimile: 770.800.7190
                                                slowe@lllawllc.com

                                                /s/ Richard C. Ebeling
                                                *Pro Hac Vice Forthcoming*
                                                DANIEL EBELING MACCIA & COHEN, LLP
                                                8 Woodridge

        Putnam Valley, NY 10579
        Telephone 914-924-2251
        Facsimile 928-441-7733
        RE@Demclaw.com