## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **SHAILESH GODKHINDI,** | ) | **COMPLAINT FOR** |
| | ) | **WRIT OF MANDAMUS** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.** |
| **MERRICK B. GARLAND, Attorney** | ) | |
| **General of the United States;** | ) | |
| **ALEJANDRO MAYORKAS,** | ) | |
| **Secretary Department of Homeland** | ) | |
| **Security; UR MENDOZA JADDOU,** | ) | |
| **Director, U.S. Citizenship and** | ) | |
| **Immigration Services,** | ) | |
| **SHINEKA C. MILLER,** | ) | |
| **Field Office Director, Atlanta,** | ) | |
| **U.S. Citizenship and Immigration** | ) | |
| **Service.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## COMPLAINT FOR WRIT OF MANDAMUS

**To the Honorable Judges of Said Court:**

Plaintiff, Mr. Shailesh Godkhindi, through undersigned counsel, alleges as follows:

## INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. § 1361, 8 U.S.C. § 1329, 5 U.S.C. § 555(b), and 28 U.S.C. § 1331, to redress the deprivation of rights, privileges and immunities secured to Plaintiff to compel Defendants to perform a duty Defendants owe to Plaintiff.  Jurisdiction is also conferred by 5 U.S.C. § 704.

2. This action is brought to compel Defendants and those acting under them to take action on the Form I-290B, Motion to Reconsider, and underlying Form I-485, Application for Adjustment of Status, in order for Plaintiff to be adjudicated a lawful permanent resident of the United States.  The Adjustment of Status Application was paid for with the Department of Homeland Security ("DHS") and the United States Citizenship and Immigration Services' ("USCIS") on August 29, 2018.

3. Defendants, DHS and USCIS, are charged by law with the statutory obligation to adjudicate the Motion and the underlying Application.

## JURISDICTION AND VENUE

4. This action arises under the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1255, and 8 U.S.C. § 1254.  This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), the INA, the

Administrative Procedure Act, 5 U.S.C. § 701 et seq., and the Mandamus

Act, 28 U.S.C. § 1361.

5. Venue is proper in this Court under 28 U.S.C. §1391(e)(3) because

Defendants maintain an office in this judicial district, Plaintiff resides in this

district, and the events that are the subject of this complaint occurred within

this judicial district.

## FACTS

6. Plaintiff is a native and citizen of India who was in valid H-1B status from

2009 – 2017, before and while pursuing lawful permanent residence in the

United States.  *See Ex. A*, Copy of Motion to Reconsider.

7. On August 29, 2018, Plaintiff submitted his Adjustment of Status

Application, and it was assigned Receipt Number MSC18916987796.

8. Plaintiff participated in an interview under oath at the Atlanta Field Office

of USCIS where a sworn statement was taken.  During the interview,

Plaintiff explained as truthfully as he could recall, what he knew and did

not know in connection with the events in question.

9.  Plaintiff states he was not the author of an email that was actually created by a then Novalink employee, Ms. Jeannie Lu, who admitted that she created the email and used Plaintiff's name.

10. On January 26, 2022, Defendants denied Plaintiff's Application finding that he was ineligible to adjust his status for having committed fraud or willful misrepresentation.  *Id.*

11. On April 11, 2022, Plaintiff filed his initial Form I-290B, challenging the denial and arguing for the application to be reopened and approved.  *Id.*

12. The first Form I-290B, Motion to Reopen, contained a sworn statement from Mr. John O'Brien, a retiree from the Georgia Department of Labor, and former Information Technology Finance Manager from February 1998 through March 2014.  Mr. O'Brien oversaw "the hiring and maintaining of all legal documents for approximately seventy-two green card and visa contract workers from multiple personnel companies".  Mr. O'Brien recounted the circumstances surrounding the allegations of fraud and misrepresentation against Plaintiff, and he clearly and vehemently disputed the belief that Plaintiff engaged in fraud for any reason at any time.  *Id.*

13. Mr. O'Brien confirmed in a statement that he interviewed Plaintiff, as well as the two other Novalink employees, one of which who admitted to creating the fraudulent email herself.  Mr. O'Brien was intent on investigating the matter further, but retired due to health issues before being able to see through an investigation into the fraudulent activity.

14. Despite the unequivocal evidence submitted with the fist Motion to Reopen, on April 18, 2023, Defendants issued a two-page denial that simply stated Plaintiff failed to overcome the basis of the denial with the evidence submitted.

15. Subsequently, on May 11, 2023, Plaintiff submitted a Motion to Reconsider the dismissal of the Motion to Reopen, and it is currently pending with USCIS (Receipt Number: IOE0920634862).

16. On June 16, 2023, the office of Senator Warnock forwarded correspondence to Plaintiff following a congressional inquiry, and the auto-generated response from Defendants confirmed that the Motion is pending and "in queue for officer assignment".

17. To date, there have been no further developments in connection with

Plaintiff's adjustment of status application, and he is currently left without

the opportunity for lawful permanent residence status in the U.S.

## STATUTORY AND LEGAL AUTHORITY

18. According to the INA, Section 245 allows certain noncitizens who are

physically present in the United States to adjust status to that of a lawful

permanent resident (LPR). This is the manner in which the majority of

applicants, in particular employment-based, adjust their status in the U.S.

19. There are certain grounds of inadmissibility present in the INA which will

bar an applicant from being approved for adjustment of status if found to

have violated one of those provisions.  In this particular record, we focus

on Section 212(a)(6)(c)(i) of the INA, which holds that, "[a]ny alien who,

by fraud or willfully misrepresenting a material fact, seeks to procure (or

has sought to procure or has procured) a visa, other documentation, or

admission into the United States or other benefit provided under this

chapter is inadmissible."

20. The Court retains jurisdiction to review this matter despite the Supreme

Court decision in *Patel v. Garland*, 142 S.Ct. 1614 (2022).  The matter in

6

question is not only a factual issue, but is also a legal issue that involves a determination as to whether Plaintiff was properly found inadmissible for fraud or misrepresentation.  He was not.

21. In an Eleventh Circuit Decision issued in 2009, the Court reasoned that just because the Secretary of Homeland Security has the ultimate discretionary authority to issue a decision in particular cases, does not mean that every determination is discretionary, and hence not subject to review. *See Mejia Rodriguez v. Department of Homeland Security*, 562 F.3d 1137 (11th Cir. 2009).

22. Additionally, the decision to deny Plaintiff's Application was arbitrary, capricious, and a clear abuse of discretion.  In determining whether the decision denying Plaintiff's Application was arbitrary, capricious, and an abuse of discretion under 5 U.S.C. 706(2)(A) the Court "must determine whether the agency considered the relevant data and rationally explained its decision." *Ariz. Pub. Serv. Co. v. U.S. EPA*, 562 F.3d 1116, 1122 (10th Cir. 2009).  *See also Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004) ("Even when an agency explains its decision with less than ideal clarity, a reviewing court will not upset the decision on that

account if the agency's path may reasonably be discerned.") (internal

quotations omitted).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Writ of Mandamus (28 U.S.C. § 1361))

23. Plaintiff repeats and incorporates by reference each and every allegation

    contained in the preceding and foregoing paragraphs as if fully set forth

    herein.

24. Mandamus is available to compel a federal official or agency to perform a

    duty if: (1) the plaintiff has a clear right to the relief requested; (2)

    defendant has a clear, non-discretionary duty to act; and (3) there is no

    other adequate remedy available. See 28 U.S.C. § 1361.

25. Defendants have a clear, ministerial, and non-discretionary duty to

    adjudicate Mr. Godkhindi's Motion to Reconsider and Adjustment of

    Status Application.  Both the INA and Defendants' own regulations

    confirm that Defendants have a clear and non-discretionary duty to

    adjudicate Plaintiff's Motion and Application.

26. Plaintiff has exhausted all possible remedies, and mandamus is the only

    available recourse.

27. Defendants have unlawfully and unreasonably delayed and withheld adjudication and approval of Plaintiff's permanent status in the U.S.

28. Defendants' unlawful delay has harmed Plaintiff. For years, he has lived in a limbo-state of uncertainty and stress regarding his immigration status. He continues to incur the burden and expense associated with being out of status in the U.S.

29. This harm can be remedied by the issuance of a writ of mandamus compelling the defendants to immediately adjudicate Plaintiff's underlying record.

## SECOND CAUSE OF ACTION
### (Unreasonable Delay under the APA, 5 U.S.C. § 555(b))

30. Plaintiff repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

31. The APA requires agencies to conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and authorizes a federal court to "compel agency action unlawfully withheld or unreasonably delayed," id. § 706(1). The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other agency action. 5 U.S.C. § 702.

32. Defendants' failure to properly review Plaintiff's second Form I-290B in light of the clear and egregious error is a failure to act and amounts to final agency action under the APA.

33. Defendants have unlawfully withheld and unreasonably delayed the adjudication of Plaintiff's adjustment application.

34. Accordingly, when a proper showing is made, "[t]he reviewing court shall . . .compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

35. For these reasons, this Court should declare that the delay in processing Plaintiff's Motion to Reconsider and request for adjustment of status is not reasonable.

## RESERVATION OF RIGHTS

36. Plaintiff reserves the right to add additional allegations of agency error and related causes of action upon receiving the certified administrative record.

## REQUEST FOR RELIEF

Plaintiffs request that this Court grant the following relief:

(1)     Assume jurisdiction over this matter;

(2)     Issue a writ of mandamus compelling Defendants to grant the pending

Form I-290B, and reopen and approve the adjustment of status

application;

(3)     Enter a judgment declaring Defendants' unreasonable delay and

failure to properly adjudicate Plaintiff's status to be in direct violation

of the APA, the INA, and federal regulations;

(4)     Award Plaintiff costs of suit and reasonable attorney's fees under the

Equal Access to Justice Act, 42 U.S.C. §1988, and any other

applicable law;

(5)     Grant such further relief as this Court deems just and proper.


RESPECTFULLY SUBMITTED this 1st day of September, 2023.


KUCK BAXTER LLC,

/s/ Danielle M. Claffey
Danielle M. Claffey
GA Bar Number: 222292
365 Northridge Road, Suite 300
Atlanta, GA 30350
Phone: 404-816-8611
Fax: 404-816-8615

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that the foregoing **COMPLAINT FOR WRIT OF MANDAMUS** was served by certified mail, return receipt requested, on:


Merrick B. Garland
Attorney General of the United States
950 Pennsylvania Ave, NW
Washington, D.C. 20530

Alejandro Mayorkas, Secretary
Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Ur Mendoza Jaddou, Director
U.S. Citizenship and Immigration Services
c/o Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

Shineka Miller
Field Office Director
U.S. Citizenship and Immigration Services
2150 Parklake Drive NE
Atlanta, GA 30345

Ryan K. Buchanan, U.S. Attorney
Federal District Court, Northern District of Georgia
The United States Attorney's Office, Richard B. Russell Federal Building
75 Ted Turner Drive, S.W., Suite 600
Atlanta, Georgia 30303-3309

KUCK BAXTER LLC,

/s/ Danielle M. Claffey
Danielle M. Claffey
GA Bar Number: 222292
365 Northridge Road, Suite 300
Atlanta, GA 30350
Phone: 404-816-8611
Fax: 404-816-8615

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **SHAILESH GODKHINDI,** | ) | **COMPLAINT FOR** |
| | ) | **WRIT OF MANDAMUS** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.** |
| **MERRICK B. GARLAND, Attorney** | ) | |
| **General of the United States;** | ) | |
| **ALEJANDRO MAYORKAS,** | ) | |
| **Secretary Department of Homeland** | ) | |
| **Security; UR MENDOZA JADDOU,** | ) | |
| **Director, U.S. Citizenship and** | ) | |
| **Immigration Services,** | ) | |
| **DENISE FRAZIER,** | ) | |
| **District Director, District 8 Atlanta,** | ) | |
| **U.S. Citizenship and Immigration** | ) | |
| **Service.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## LIST OF EXHIBITS

**Exhibit A**   Copy of Motion to Reconsider

**Exhibit B**   Copy of I-290B Receipt Notice

**Exhibit C**   Copy of Congressional Inquiry