## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SING CHHAY,

      PLAINTIFF,

v.

COSTCO WHOLESALE
CORPORATION,

      DEFENDANT.

CIVIL ACTION FILE NO.

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Sing Chhay ("Plaintiff"), by and through her undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Costco Wholesale Corporation (hereinafter "Defendant" or "Costco"), showing the following:

## I. NATURE OF COMPLAINT

1.    Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of her rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

## II. PARTIES

2.    Plaintiff is a resident of the State of Georgia, a citizen of the United States of

America, and is subject to the jurisdiction of this Court.

3.    Defendant is a Foreign Profit Corporation with a principal office located in Issaquah, Washington.

4.    Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, The Corporation Company (FL), 106 Colony Park Dr., Ste 800-B, Cumming, Georgia 30040.

5.    Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. JURISDICTION AND VENUE

6.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of the ADA.

7.    The majority of the events plead herein occurred at Defendant work sites of 6350 Peachtree Dunwoody Rd., Atlanta, Georgia 30328 (the "Perimeter, Georgia warehouse") and 3980 Venture Dr., Duluth, Georgia 30096 (the "Gwinnett, Georgia warehouse").

8.    This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Atlanta Division of the Northern District of Georgia.

9.    Plaintiff exhausted all administrative remedies in this matter. Dismissal and

Notice of Rights, Ex. 1.

10.   This action has been timely commenced.

11.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

12.   Defendant is now, and at all times relevant hereto has been, an employer subject to the ADA.

13.   Defendant operates cash and carry membership "warehouse" stores, which sell merchandise to businesses and individual members.

14.   Products range from food, computers, housewares, home furnishings, office supplies, clothing, and tires, to health and beauty aids, as well as pharmacies.

15.   The Gwinnett, Georgia warehouse and Perimeter, Georgia warehouse where Plaintiff worked are each run by a Warehouse General Manager, who is supported by a team of assistant managers, staff-level managers, department managers, and area supervisors.

16.   The Gwinnett, Georgia warehouse and Perimeter, Georgia warehouse each have a pharmacy.

17.   Defendant's pharmacies are led by a Pharmacy Manager who is supported by Staff Pharmacists and Pharmacy Technicians.

18.   Plaintiff was employed by Defendant from June 2004, through her

3.

termination on July 14, 2023.

19.    Plaintiff previously worked for Costco in 1999 as a cashier, and returned in 2004 as a Pharmacy Intern.

20.    After receiving her Pharmacy License, Plaintiff worked as a part-time Pharmacist, a floating Pharmacist, and was promoted in 2015 to a full-time, salaried Pharmacy Manager.

21.    As a Pharmacy Manager, Plaintiff initially worked in Defendant's Gwinnett, Georgia warehouse, Store #187.

22.    Pharmacy Manager duties include overseeing and directing the operations of the in-store pharmacy and participating in Pharmacist duties.

23.    As of December 2018, Plaintiff reported to Mr. Thomas Casey Freeman, Regional Supervisor.

24.    Prior to her legal claims, Plaintiff had a positive history with Costco and received no poor performance reviews or disciplinary actions. In fact, Plaintiff was nominated and voted to appear in Defendant's company magazine in acknowledgement of her time and dedication to the company.

25.    In February 2020, Plaintiff began a period of medical leave, lasting into June 2021.

26.    Plaintiff's leave was necessitated by a stress fracture of her foot, which her

doctor indicated was brought about by long periods of standing on the job.

27.     During her medical leave, Plaintiff's position was filled by two Pharmacy Managers, initially Ms. Elizabeth Kim, and in February 2021, Mr. Robert Borsom.

28.     Plaintiff returned from medical leave, initially without restrictions, on or about June 9, 2021, at which point she replaced Mr. Borsom and resumed her position as Pharmacy Manager.

29.     Upon her return from medical leave, Plaintiff was presented with a disciplinary action from Mr. Freeman for an alleged misfill that pre-dated her medical leave.

30.     Mr. Borsom, on the other hand, had not been disciplined for his own misfills that occurred while he managed the Pharmacy during Plaintiff's absence.

31.     Mr. Borsom's misfills occurred during his time as a Pharmacy Manager reporting to Mr. Freeman.

32.     Mr. Freeman was aware of the misfills.

33.     Mr. Borsom does not have any known disabilities.

34.     Mr. Borsom did not take medical leave.

35.     Plaintiff also discovered that the Pharmacy had been mismanaged by Mr. Borsom during her absence: Mr. Borsom had fallen months behind on reporting COVID vaccines to the CDC, the Pharmacy was not compliant with hazardous

material regulations, and state-mandated licenses were out of date.

36.     On or about June 24, 2021, Mr. Freeman audited the Pharmacy.

37.     Despite his knowledge that Mr. Borsom's mismanagement of the Pharmacy throughout Plaintiff's absence led to the failed audit, Mr. Freeman placed the blame on Plaintiff alone; Mr. Borsom was not disciplined for his multiple instances of noncompliance.

38.     Upon Plaintiff's initial return from medical leave, she was also singled out by Mr. Freeman on the basis of her ongoing medical condition.

39.     While Plaintiff and other Pharmacists intermittently used a stool during shifts, Mr. Freeman threw away the existing Pharmacy stool upon Plaintiff's return and seeing Plaintiff using the stool, and advised her to submit an ADA accommodation request to the company for its return.

40.     On or about August 13, 2021, Plaintiff was demoted to an hourly, floating Pharmacist by Mr. Freeman, without reason.

41.     The demotion took effect on August 14, 2021.

42.     Plaintiff's demotion reduced Plaintiff's wages by approximately $25,000.00 per year, as well as a yearly bonus.

43.     Following her demotion, Plaintiff was replaced as Pharmacy Manager by Mr. Borsom.

44.     Through her demotion, Plaintiff was required to travel to stores far from her home store and home, while other floating Pharmacists were permitted to deny shifts and pick up guaranteed shifts locally at their home store.

45.     Plaintiff was also consistently shorted pay as a result of being scheduled for less than 36 hours per week, despite full-time Pharmacists with less seniority than Plaintiff being guaranteed more hours per week.

46.     On or about August 31, 2021, Plaintiff was transferred to Defendant's Perimeter, Georgia warehouse, Store #188, reporting to Mr. Jeff Garris, Regional Manager.

47.     Mr. Borsom was also transferred to Store #188, again as Plaintiff's supervisory Pharmacy Manager.

48.     Plaintiff submitted her ADA request for the use of a stool to Defendant's Human Resources department on or about September 9, 2021.

49.     Plaintiff's ADA accommodation requested that Plaintiff be granted a sitting stool at work, to be reevaluated in twelve (12) weeks.

50.     Plaintiff's ADA accommodation request detailed that Plaintiff has severe bilateral nerve pain in her legs, which increases in intensity when standing or walking; this substantially limits one or more major life activities.

51.     Plaintiff's ADA accommodation detailed that Plaintiff should alternate

sitting and standing in one (1) hour increments, but was able to get up at any time to help customers.

52.    Costco failed to grant the requested accommodation or engage in the interactive process, and Plaintiff was forced to work without a stool.

53.    On or about October 20, 2021, Plaintiff was given a write-up at the direction of Mr. Freeman, who was not her Regional Manager at the time, for an alleged "no call, no show" on a morning shift, resulting in a proposed 3-day unpaid suspension.

54.    Plaintiff explained that the schedule had not been properly posted as per company policy, and that Mr. Borsom verbally instructed her that she was scheduled to work only evening shifts that entire week.

55.    While the suspension was lifted, Plaintiff nonetheless received coaching; Mr. Borsom was not disciplined.

56.    On or about November 8, 2021, Mr. Freeman again disciplined Plaintiff, through an extremely poor performance review delivered through Mr. Garris.

57.     While the performance review makes certain allegations against Plaintiff, the incidents behind the allegations were previously found to have been unsubstantiated by Human Resources.

58.    As Plaintiff's medical condition worsened due to Defendant's failure to accommodate, on or around December 22, 2021, Plaintiff again submitted

documentation supporting her request for ADA accommodations.

59.    Again, Costco failed to grant the requested accommodation or engage in the interactive process, and Plaintiff was forced to work without a stool.

60.    Costco's failure to accommodate Plaintiff exacerbated her disabling conditions, requiring epidural injections after standing for extended periods of time.

61.    Due to the effects of the epidural injections, Plaintiff suffered medical complications that necessitated a medical leave of absence from January 2022 through her termination on July 14, 2023.

62.    Had Costco appropriately accommodated Plaintiff upon her return from leave in June 2021, her medical condition would not have worsened to the extent she could not return to work.

63.    Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") on December 2, 2021, Charge Number 410-2022-01513, alleging continuing employment violations.

64.    Plaintiff received her Dismissal and Notice Rights from the EEOC, dated June 7, 2023.

## V. CLAIMS FOR RELIEF

## COUNT I: ADA FAILURE TO ACCOMMODATE

65.    Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

66.    Plaintiff was qualified for her position.

67.    Plaintiff is a disabled individual, of which Defendant was aware.

68.    Following her return from medical leave, Plaintiff requested medical accommodations from the company due to her on-going medical conditions.

69.    Those medical conditions substantially limit one or more of Plaintiff's major life activities, such as standing and walking.

70.    Plaintiff's requested accommodations were reasonable, and would not place an undue burden on Defendant in granting those accommodations.

71.    Defendant did not grant Plaintiff's requested accommodations, and failed to engage in the interactive process.

72.    Costco's failure to accommodate Plaintiff exacerbated her disabling conditions, which ultimately led to another medical leave and subsequent termination of employment.

73.    Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

74.     Plaintiff suffered damages as a result of Defendant's failure to accommodate, for which she is entitled to recovery.

## COUNT II: ADA RETALIATION

75.     Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

76.     Plaintiff was qualified for her position.

77.     Plaintiff is a disabled individual, of which Defendant was aware.

78.     Following Plaintiff's return from medical leave, a protected activity, on or about June 9, 2021, Plaintiff suffered the adverse action of disciplinary action based on allegations that pre-dated her medical leave.

79.     Pharmacy Managers reporting to the same Regional Supervisor and accused of the same conduct who did not engage in protected activities under the ADA were not similarly disciplined.

80.     Plaintiff thereafter suffered the adverse action of a demotion.

81.     Furthermore, while Plaintiff and other Pharmacists intermittently used a stool during shifts, Plaintiff's supervisor threw the stool away following her return from medical leave and advised her to submit an ADA accommodation request to the company.

82.     Plaintiff submitted her doctor's ADA request, another protected activity, to

Defendant's Human Resources department on or about September 9, 2021.

83.    Following that request for an accommodation, Plaintiff suffered the adverse actions of disciplinary action and a poor performance review.

84.    Plaintiff engaged in protected activities pursuant the ADA when she requested and took a medical leave of absence, and requested reasonable accommodations following her return from leave.

85.    Plaintiff suffered a series of adverse actions following those protected activities, and the circumstances and temporal proximity of the adverse actions to the protected activities raise an inference of retaliation.

86.    Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

87.    Plaintiff has suffered damages as a result of Defendant's actions, for which she is entitled to recovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual, compensatory, and liquidated damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages;

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper;

f. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

g. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

h. Any other relief this Court deems proper and just.

Respectfully submitted this 4th day of September, 2023.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
Kirby G. Smith
Georgia Bar No. 250119
Attorney for Plaintiff

4488 North Shallowford Road, Suite 105
Atlanta, Georgia 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.


Respectfully submitted this 4th day of September, 2023.


THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
Attorney for Plaintiff