# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BLAISE COWAN, | Civil Action No. |
| Plaintiff, | |
| v. | |
| ACM, LLC | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Blaise Cowan ("Plaintiff"), by and through her undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

### I.    NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

1

## II. ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her charge of discrimination against Defendant with the EEOC and the EEOC issued its Notice of Right to Sue on July 25, 2023.

3.

Plaintiff timely filed this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## III. JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b)

5.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. § 2000e venue is appropriate in this Court.

### IV.  **PARTIES**

6.

Plaintiff identifies as a male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant is now and, at all times relevant hereto, has been a domestic for-profit corporation engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant may be served with process at their principal place of business located at 5616 Peachtree Road Suite 120, Chamblee, Georgia 30366

## V. FACTUAL ALLEGATIONS

10.

Plaintiff began working at Defendant on or around January 31, 2022, as an Original Project Manager.

11.

On or around December 11, 2022, a co-worker of Plaintiff named Samantha, sent him inappropriate and sexually explicit text messages.

12.

These messages included a request from Samantha for Plaintiff to perform sexual acts on her.

13.

The following week, while in a weekly meeting with his supervisor, Plaintiff complained about the sexually explicit text messages Samantha had sent to him the week prior.

14.

His supervisor brushed it off by saying something to the effect of, "You know how Samantha is."

15.

On January 6, 2023, Defendant terminated Plaintiff's employment.

16.

The alleged reasons for his termination were unsubstantiated and lacked credence since these "issues" didn't become issues until after he complained to his supervisor about the text messages.

17.

Prior to the complaint, Plaintiff had received a bonus for his work performance.

## **COUNT I: RETALIATION IN VIOLATION OF TITLE VII**

18.

Plaintiff incorporates the preceding paragraphs as if stated herein.

19.

Plaintiff engaged in protected conduct under Title VII by complaining of sexual harassment on the basis of his sex.

20.

Because Plaintiff engaged in protected activity, Defendant retaliated against Plaintiff by, including but not limited to, failing to investigate his claims of harassment, failure in taking measures to prevent further harassment, and terminating his employment.

21.

As a direct, natural, proximate and foreseeable result of the Defendant's retaliation, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

22.

Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to federal law.

23.

Plaintiff having been retaliated against by Defendant has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 5th day of September, 2023.

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-1682
Email: *jstephens@forthepeople.com*