**IN THE UNITED STATED DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GABRIELLE DIERKES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action File No.: _____ |
| vs. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES
## UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff Gabrielle Dierkes (also "Plaintiff") files this Complaint for Damages under the Federal Tort Claims Act (also "Complaint") against Defendant the United States of America and shows this Honorable Court the following:

### JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

**1.**

This action arises from a November 3, 2020 motor vehicle collision ("Collision") involving Plaintiff and an employee ("Defendant's Employee") of Defendant the United States of America. The Collision occurred while Defendant's Employee was operating a United States Postal Service van ("Defendant's Van") within the scope of his office and employment for Defendant.

**2.**

Plaintiff brings this action against Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of an employee of the United States Government while acting within the scope of his office and employment, under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Georgia.

**3.**

Defendant operates an agency within the government designated as the United States Postal Service or "USPS," which falls under the U.S. Postal Regulatory Commission. Defendant may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and this Complaint by certified mail, return receipt requested, on Ryan K. Buchanan, United States Attorney for the Northern District of Georgia, 75 Ted Turner Drive SW, Suite 600 Atlanta, Georgia 30303, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and this Complaint on Merrick B. Garland, Attorney General of the United States by certified mail, return receipt requested, at the Attorney General's Office, United States Department of Justice, 950 Pennsylvania

Avenue, N.W., Washington, D.C. 20530, to the attention of the Civil Process Clerk.

**4.**

Defendant has been properly and timely served with legally sufficient process, including the Summons and this Complaint.

**5.**

The Collision injuring Plaintiff occurred in Gwinnett County, Georgia.

**6.**

Plaintiff is a resident of Fulton County, Georgia.

**7.**

Defendant's Employee who caused the Collision is upon information and belief, Hudson Rashawn (also referred to as "Hudson Rashawn"), and he resides in Gwinnett County, Georgia.

**8.**

Pursuant to 28 U.S.C. § 1346 and 28 U.S.C. § 2671, *et seq.,* this Court has personal jurisdiction over Defendant and subject matter jurisdiction over this case arising from the Collision involving an employee of Defendant acting within the scope of his office and employment while operating Defendant's Van, a USPS mail van.

**9.**

Pursuant to 28 U.S.C. § 1346, 28 U.S.C. § 1391, 28 U.S.C. § 1402, and 32

C.F.R. § 750.32, venue is proper in this Honorable Court as the Atlanta Division of the Northern District of Georgia is the location where the acts and omissions by Defendant occurred and Plaintiff resides in the Atlanta Division of the Northern District of Georgia.

**10.**

Pursuant to 28 U.S.C. § 1346, *et seq.* and 28 U.S.C. § 2679, Plaintiff could not bring the instant action against Defendant or Defendant's Employee in any (non-federal) state or superior court in Georgia. This Honorable Court is the only court with jurisdiction to hear this case.

**11.**

On or before October 28, 2022, less than two (2) years from the date of the Collision, an administrative tort claim was timely presented in writing to Defendant and the appropriate federal agency pursuant to 28 U.S.C. § 2401 and 28 C.F.R. § 14.2. A true and correct copy of the SF-95 Claim for Damage, Injury, or Death (excluding attachments), with accompanying certified mail return receipts, is appended as Exhibit A.[1]

---

[1] Plaintiff has not included in Exhibit A the attachments submitted to the agency with the SF-95 Claim, as they contain hundreds of pages and include the incident report and voluminous medical records of Plaintiff. The attachments can be provided to Defendant and/or the Court upon request.

**12.**

By letter dated June 8, 2023, USPS, through its counsel, denied the administrative claim. The tort claims at issue have therefore been administratively denied. A true and correct copy of the denial letter from USPS is appended as Exhibit B.

**13.**

The June 8, 2023 letter from USPS provides as follows:

> In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if your client is dissatisfied with the Postal Service's final denial of an administrative claim, the claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action. Accordingly, any suit filed regarding this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

(Ex. B).

**14.**

The instant action, and the claims herein, have been properly presented to USPS and Defendant such that Plaintiff has the right to and may pursue the instant action.

**15.**

The administrative process and all administrative remedies have been exhausted in this case as demonstrated by USPS' June 8, 2023 correspondence denying the

administrative claim, such that Plaintiff has the right to and may pursue the instant action against Defendant.

## 16.

This action against Defendant arising from the Collision is timely filed. This action is filed within six months of USPS' June 8, 2023 denial of the administrative claim, which was timely and properly presented. This action is not time-barred in any respect, including by any statute of limitation or repose.

## 17.

Defendant is not entitled to immunity, in any form, for and from Plaintiff's tort and personal injury claims herein in connection with the Collision arising from the negligent operation of a motor vehicle by Defendant's Employee.

## 18.

Plaintiff has fully complied with and satisfied all conditions precedent to bringing the instant action. By filing this action against Defendant for the claims previously presented after exhausting the administrative process, Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 and the Federal Tort Claims Act.

## FACTUAL ALLEGATIONS

## 19.

On November 3, 2020, at or around 2:53 PM, Plaintiff was lawfully driving

her 2015 Chevrolet Malibu south on Financial Drive in Norcross, Gwinnett County, Georgia.

**20.**

On November 3, 2020, at or around 2:53 PM, Plaintiff had the right of way as she was driving her 2015 Chevrolet Malibu straight in the southbound direction on Financial Drive.

**21.**

At or about the same time, Defendant's Employee Rashawn Hudson (also referred to as "Hudson Rashawn") was driving Defendant's Van, a 2016 Dodge Ram, owned by Defendant and entrusted to Defendant's Employee by Defendant.

**22.**

At all times relevant to the Collision, Defendant's Employee was acting within the scope of his employment and agency for Defendant: Defendant's Employee was using Defendant's Van to deliver mail for Defendant. Defendant knew Defendant's Employee would be operating Defendant's Vehicle at the time of the Collision and gave him permission to do so.

**23.**

During the relevant time period, Defendant's Employee made an illegal U-turn and/or improper turn into a private driveway from Financial Drive. He then

attempted to turn onto Financial Drive from the private driveway and failed to yield
to oncoming traffic on Financial Drive as he entered the roadway from the private
driveway.

**24.**

Defendant's Van driven by Defendant's Employee entered Plaintiff's lane of
travel while Plaintiff had the right of way.

**25.**

Defendant's Van struck Plaintiff's vehicle as a result of Defendant's
Employee's failure to yield while exiting the private driveway.

**26.**

Defendant's Employee failed to yield, causing the Collision. The investigating
officer cited Defendant's Employee for failure to yield while entering the roadway
(O.C.G.A. § 40-6-73), and Defendant's Employee was determined to be at fault for
the Collision by the investigating officer.

**27.**

Defendant's Employee paid the citation for failure to yield while entering the
roadway. The payment of the citation constitutes an admission of liability by
Defendant's Employee for his failure to yield to Plaintiff.

**28.**

Defendant's Employee admitted he caused the Collision and apologized to Plaintiff for causing the Collision.

**29.**

At all times relevant to the Collision, including at the time of the Collision, Defendant's Employee, who was delivering mail, was an employee and agent of Defendant acting under the direction, supervision, and control of Defendant. As Defendant's Employee was delivering mail, including at the time of the Collision, he was operating a vehicle entrusted to him by Defendant with Defendant's permission and knowledge.

**30.**

As a result of the Collision, Plaintiff sustained substantial damages and suffered serious injuries, including cervical and lumbar spine injuries. Plaintiff ultimately underwent lumbar spine and cervical spine surgeries. Plaintiff has incurred over $485,000.00 in medical bills and endured accompanying pain and suffering as a result of the Collision.

**31.**

Defendant, through its own negligence, as well as the negligence and negligence *per se* of its employee and agent within the course of his employment

and agency as he was delivering mail, is the cause in fact and proximate cause of Plaintiff's serious injuries and substantial damages. Defendant is liable to Plaintiff for its negligence as well as the negligence and negligence *per se* of Defendant's Employee and agent within the course of his employment and agency.

## ALLEGATIONS OF NEGLIGENCE AGAINST DEFENDANT

**32.**

Plaintiff incorporates by reference herein all allegations set forth above.

**33.**

Georgia tort law, including regarding the Rules of the Road, applies to this case.

**34.**

Defendant's Employee was the cause in fact and proximate cause of the Collision. Defendant's Employee failed to yield and entered Plaintiff's lane of travel while Plaintiff had the right of way and was traveling straight.

**35.**

There was nothing Plaintiff could have done to avoid the Collision, and Plaintiff did *not* cause the Collision or contribute to its occurrence in any respect. At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing.

**36.**

Plaintiff did *not* assume the risk of her injuries and damages through any action or omission on her part. Defendant's Employee unlawfully and improperly failed to yield and entered Plaintiff's lane of travel as Plaintiff had the right of way.

**37.**

No other person or entity is responsible for causing the Collision other than Defendant, which is responsible directly and vicariously as a result of the negligence and negligence *per se* of Defendant's Employee.

**38.**

As the operator of a motor vehicle on a public road, Defendant's Employee owed other drivers and vehicle occupants on the road, including Plaintiff, a duty to exercise ordinary and reasonable care and caution to avoid causing injury and damage. Defendant's Employee breached a duty he owed to Plaintiff through his failure to exercise ordinary and reasonable care causing the Collision and substantial damages and serious personal injuries to Plaintiff.

**39.**

As the operator of a motor vehicle on a public road, Defendant's Employee owed other drivers and vehicle occupants on the road, including Plaintiff, a duty to operate Defendant's Van in a reasonably safe manner and to follow the laws of the

State of Georgia and the Rules of the Road. Defendant's Employee breached a duty he owed to Plaintiff through his failure to operate Defendant's Van in a reasonably safe manner and in accordance with the laws of the State of Georgia and the Rules of the Road causing the Collision and substantial damages and serious personal injuries to Plaintiff.

**40.**

Defendant's Employee's negligence includes, but is not limited to, one or more of the following acts or omissions: failing to follow the laws of the State of Georgia and the Rules of the Road; failing to exercise due care under the circumstances (O.C.G.A. § 51-1-2); failing to yield (O.C.G.A. § 40-6-73); making an unlawful and improper turn/U-turn (O.C.G.A. §§ 40-6-121, 40-6-123); failing to obey a traffic control device; driving while distracted; failing to keep a proper lookout; failing to pay attention; and any other acts of negligence that may be proven at trial. These actions or omissions by Defendant's Employee caused Defendant's Van to collide with Plaintiff's vehicle. One or more of these actions or omissions were a breach of Defendant's Employee's duties to Plaintiff.

**41.**

As the driver of a vehicle traveling on a public road, Plaintiff was in the class of persons that the Rules of the Road were designed to protect.

**42.**

The Rules of the Road are designed to protect against injuries to persons and property traveling on public roads.

**43.**

O.C.G.A. § 40-6-73, O.C.G.A. § 40-6-121, and O.C.G.A. § 40-6-123 are some of the Rules of the Road.

**44.**

Defendant's Employee violated one or more of the following statutes: O.C.G.A. § 40-6-73, O.C.G.A. § 40-6-121, and/or O.C.G.A. § 40-6-123. Defendant's Employee was cited by the investigating officer for violating O.C.G.A. § 40-6-73, and Defendant's Employee paid the citation for his violation.

**45.**

Defendant's Employee's violation of one or more of the aforementioned statutes, including O.C.G.A. § 40-6-73, constitutes negligent *per se* as Defendant's Employee violated a statute designed to protect Plaintiff as she was traveling on a public road. These actions and omissions were a breach of Defendant's Employee's duties to Plaintiff.

**46.**

The aforementioned acts and  omissions of negligence and negligence *per se* by Defendant's Employee were the cause in fact and proximate cause of the Collision and were the cause in fact and proximate cause of Plaintiff's substantial damages and serious personal injuries, including, but not limited to, injuries to her neck and back necessitating surgeries, and over $485,000 in medical bills. Defendant is responsible for Plaintiff's substantial damages and serious injuries.

**47.**

The aforementioned acts and omissions of negligence and negligence *per se* by Defendant's Employee were committed by Defendant's Employee while driving Defendant's Van, a mail van, within the scope of Defendant's Employee's employment and agency for Defendant (i.e., delivering mail). Defendant is liable for the negligence and negligence *per se* of Defendant's Employee in causing the Collision.

**48.**

Defendant is vicariously liable for the aforementioned acts and omissions of negligence and negligence *per se* under the doctrines of *respondeat superior* and agency. Defendant is responsible for Plaintiff's substantial damages and serious injuries.

**49.**

Defendant is liable for the aforementioned acts and omissions by Defendant's Employee in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674. Defendant is responsible for Plaintiff's substantial damages and serious injuries.

**50.**

In addition, Defendant failed to provide adequate supervision to Defendant's Employee and entrusted Defendant's Employee with Defendant's Vehicle with knowledge of his lack of competence to drive.

**51.**

Defendant had a duty to supervise Defendant's Employee in a reasonably prudent manner in addition to a duty to not entrust a motor vehicle to someone who was incompetent to drive.  Defendant breached those duties.

**52.**

As a result, Defendant is directly liable for one or more of the following negligent acts or omissions: negligently supervising Defendant's Employee; and/or negligently assigning and entrusting driving responsibilities to Defendant's Employee with knowledge of his lack of fitness to drive Defendant's Vehicle.

**53.**

The aforementioned negligent acts and omissions by Defendant were the cause in fact and proximate cause of the Collision and were the cause in fact and proximate cause of Plaintiff's serious personal injuries and damages, including, but not limited to, injuries to her neck and back necessitating surgeries, and over $485,000 in medical bills. Defendant is responsible for Plaintiff's substantial damages and serious injuries.

## DAMAGES

**54.**

Each of the foregoing acts and omissions constitutes an independent act of negligence or negligence *per se* on the part of Defendant or for which Defendant is directly or vicariously liable, and one or more of the above stated acts and omissions were the cause in fact and proximate cause of substantial damages and serious injuries to Plaintiff, including injuries to her neck and back requiring surgical intervention and over $485,000 in medical bills.

**55.**

Plaintiff is entitled to recover from Defendant for her serious personal injuries, including injuries to her neck and back requiring surgical intervention, and substantial

damages, including over $485,000 in medical bills and pain and suffering, past, present, and future, caused by the Collision.

**56.**

Plaintiff is also entitled to recover from Defendant for all other elements of damages allowed by law, including but not limited to all compensatory, general, special, incidental, consequential, and/or other damages permitted.

**57.**

Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, and other damages supported by the evidence and permissible by law, including, but not limited to, for the following:

a) Personal injuries;

b) past, present, and future pain and suffering;

c) mental anguish;

d) loss of the capacity for the enjoyment of life;

e) incidental expenses;

f) past, present, and future medical expenses;

g) impairment;

h) diminished capacity to labor; and

i) permanent injuries.

WHEREFORE, Plaintiff prays that a summons be issued requiring Defendant to answer and for judgment to be entered against Defendant for the following:

a) Medical, doctor, healthcare, and rehabilitation expenses in an amount to be proven through the evidence at the time of trial for the past, present and future;

b) All elements of physical and mental pain and suffering compensable by law for the past, present, and future;

c) All general, special, compensatory, economic, incidental, consequential, and other permissible damages and expenses supported by the evidence in an amount to be determined at the time of trial;

d) damages for lost capacity to labor in an amount for the past, present, and future which will be proven at the time of trial through the evidence;

e) All further losses and recovery as deemed proper by the Court.

Respectfully submitted, this 5th day of September, 2023.

**SHIVER HAMILTON CAMPBELL, LLC**

*/s/ Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698
Jared H. Jacobs
Georgia Bar No. 553482
**Attorneys for Plaintiff**

3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
Phone: (404) 593-0020
Facsimile: (888) 501-9536

alan@shiverhamilton.com
jared@shiverhamilton.com

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced using Times New Roman 14-font.

Respectfully submitted, this 5th day of September, 2023.

**SHIVER HAMILTON CAMPBELL, LLC**

*/s/ Alan J. Hamilton*
Alan J. Hamilton
Georgia Bar No. 320698
Jared H. Jacobs
Georgia Bar No. 553482
**Attorneys for Plaintiff**

3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
Phone: (404) 593-0020
Facsimile: (888) 501-9536
alan@shiverhamilton.com
jared@shiverhamilton.com