# EXHIBIT A

*Tiki Brown*

**Tiki Brow**
**Clerk of State Cour**
**Clayton County, Georgi**
**Waukecia Lawrenc**

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

Amatulah Abdul

Plaintiff

Vs.

Diversified Recovery Bureau, LLC

Defendant

2023CV02083

_____

Case Number

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Jason Tenenbaum, Esq.
Tenenbaum Law Group, PLLC
1600 Ponce De Leon Blvd.
10th Floor
Coral Gables, FL 33134

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W. Lawrence
By:_____
Deputy Clerk

*Tiki Brown*

Tiki Brown
Clerk of State Cour
Clayton County, Georgia
Waukecia Lawrenc

**IN THE CLAYTON COUNTY COURT
STATE OF GEORGIA**

| | |
|---|---|
| **AMATULAH ABDUL,** | **Case No.:** 2023CV02083 |
| **Plaintiff,** | |
| v. | **JURY DEMAND** |
| **DIVERSIFIED RECOVERY BUREAU, LLC,** | |
| **Defendant.** | |

## COMPLAINT

Plaintiff Amatulah Abdul, by and through the undersigned counsel, complains, states, and alleges for damages for negligence and for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") against defendant Diversified Recovery Bureau, LLC, as follows:

### INTRODUCTION

1.  This action seeks to recover for violations of the FDCPA.

2.  The FDCPA was enacted to protect citizens from such abuses by debt collectors, like the ones described in this Complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.  The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014) (noting that "Congress passed the FDCPA in 1977 to stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" (internal quotation marks

1

omitted)). To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act. *Id.* at 1258.

4.      The 11th Circuit applies the "least-sophisticated consumer" standard. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010) (explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA).

5.      Under the foregoing standard, a debt collector violates § 1692e by making a representation in a letter that would be deceptive or misleading to the "least sophisticated" recipient of the letter. *Id*. at 1193–95.

6.      Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the "least sophisticated" debtor subjected to the practice. *Id*. at 1201.

7.      The least-sophisticated consumer standard is intended to protect "all consumers, the gullible as well as the shrewd." *Id.* at 1194 (internal quotation marks omitted).

## JURISDICTION AND VENUE

8.      This is an action for damages within the jurisdiction of this Court.

9.      This is an action for damages for Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorney's fees.

10.     This Court also has jurisdiction over the Plaintiff's claim.

11.     Venue is also proper in Clayton County, Georgia as a substantial part of the events or omissions giving rise to the claims occurred in this County and Plaintiff resided in this County at the time of the events.

12.     This Court has jurisdiction over defendant Diversified Recovery Bureau, LLC because it regularly transacts business within this County, derives substantial revenue from

2

services rendered in this County, have committed tortious acts within this County and have caused injury to persons within this County as described herein.

## PARTIES

13.     Plaintiff Amatulah Abdul ("Plaintiff") is an individual who is a citizen of the State of Georgia residing in Clayton County, Georgia.

14.     Plaintiff is a natural person allegedly obligated to pay a debt.

15.     Plaintiff is a "consumer" as defined by the FDCPA.

16.     Diversified Recovery Bureau, LLC ("DRBLLC") is a company existing under the laws of the State of New York, with its principal place of business in Derby, New York.

17.     DRBLLC has transacted business within this state as is more fully set forth hereinafter in this Complaint.

18.     DRBLLC regularly collects or attempts to collect debts asserted to be owed to others.

19.     DRBLLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

20.     The principal purpose of DRBLLC's business is the collection of such debts.

21.     DRBLLC uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

22.     DRBLLC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23.     At all material times herein, DRBLLC's conduct, with respect to the debt complained of below, qualifies as "communication" as defined by 15 U.S.C. § 1692a(2).

24.     All necessary conditions precedent to the filing of this action occurred or Defendant waived or excused the same.

3

## FACTUAL ALLEGATIONS

25.     Plaintiff maintained a personal loan with US Auto.

26.     Due to financial difficulties, Plaintiff began to fall behind on payments owed on the loan.

27.     In or around April 14, 2023, Plaintiff received a letter from Diversified Recovery Bureau, LLC via email.

28.     The letter alleged that Plaintiff no longer owed money to US Auto, but now owed $11,882.73 to Plaza Services, LLC.

29.     However, Plaintiff was never indebted to Plaza Services, LLC, and was never indebted to Plaza Services, LLC for $11,882.73.

30.     Debt scavengers purchase large CSV files or Excel spreadsheets of purported "accounts" from credit card companies or other debt scavengers for pennies on the dollar.  These files are usually without account-level documentation establishing that the amount sought is correct, and without sufficient proof of the debt scavenger's legal right, title and/or interest in the money sought.  By paying so little for the debt, debt scavengers stand to make tremendous amounts of money when unsuspecting or easily confused consumers pay even a small portion of the money sought.

31.     According to data provided by the Consumer Financial Protection Bureau (the "CFPB"), consumer complaints about debt scavenger and collectors attempting to collect money not actually owed by the consumer are by far the most common of all complaints received by the Bureau every year.

32.     Upon information and belief, Plaza Services, LLC is a debt scavenger.

4

33.     Upon information and belief, Plaza Services, LLC purchases large CSV files or Excel spreadsheets of purported "accounts" and merely uploads said data into its account management system without reviewing any of the information regarding any individual account or balance allegedly owed.

34.     Upon information and belief, after uploading these data, Plaza Services, LLC begins to attempt to collect the accounts without performing any inquiry into the account or balance allegedly owed.

35.     Upon information and belief, Plaza Services, LLC purchased a CSV file or Excel spreadsheet that included Plaintiff's name, but failed to include account-level documentation, such as a credit agreement signed by Plaintiff or any other competent proof that Plaintiff owed the amount sought to establish Plaza Services, LLC's legal right, title and/or interest in $11,882.73 allegedly owed by Plaintiff.

36.     Indeed, Plaintiff was never indebted to Plaza Services, LLC for $11,882.73 and Plaza Services, LLC never extended credit to Plaintiff for $11,882.73.

37.     Plaintiff was never involved in any transaction with Plaza Services, LLC for $11,882.73 and never entered into any contract with Plaza Services, LLC for the payment of $11,882.73.

38.     Upon information and belief, Diversified Recovery Bureau, LLC does not possess competent proof that Plaintiff owes $11,882.73 to Plaza Services, LLC.

39.     Upon information and belief, Diversified Recovery Bureau, LLC does not possess any credit agreement between Plaintiff and Plaza Services, LLC for $11,882.73.

40.     Upon information and belief, Diversified Recovery Bureau, LLC does not possess competent proof that Plaintiff agreed to pay $11,882.73 to Plaza Services, LLC.

5

41.     Upon information and belief, Diversified Recovery Bureau, LLC does not possess any competent proof that Plaintiff is obligated to pay $11,882.73 to Plaza Services, LLC.

42.     Upon information and belief, Diversified Recovery Bureau, LLC does not possess any competent proof that $11,882.73 was ever owed by Plaintiff to Plaza Services, LLC.

43.     Upon information and belief, Diversified Recovery Bureau, LLC does not possess any competent proof that Plaintiff owed $11,882.73 at the time Plaza Services, LLC purchased the portfolio of debt.

44.     Diversified Recovery Bureau, LLC holds no legal right, title or interest in $11,882.73 owed by Plaintiff.

45.     That letter, dated April 14, 2023, was received and read by Plaintiff.

46.     The April 14, 2023 letter was the initial written communication from Diversified Recovery Bureau, LLC.

47.     Under § 1692g(a) of the FDCPA, within five days of an initial communication with a consumer, a debt collector must provide a written notice, known as a "1692g Notice," that contains relevant information about the alleged debt and how to dispute it.

48.     Pursuant to the FDCPA § 1692g(a), the debt collector must:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
>> (1)     the amount of the debt;
>>
>> (2)     the name of the creditor to whom the debt is owed;
>>
>> (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

6

(4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

49.    Diversified Recovery Bureau, LLC did not provide Plaintiff with the 1692g Notice in the initial communication.

50.    Diversified Recovery Bureau, LLC failed to provide Plaintiff with the 1692g Notice within five days of the initial communication with Plaintiff.

51.    The letter stated, "You are legally obligated for the above balance and if payment in full is not received within seven (7) days of the date of this correspondence, your account may be noted to our client that further collection efforts are necessary to recover the debt involved in this matter, without further notice to you."

52.    DRBLLC does not perform any review of the alleged debt or finance agreements to determine if in fact Plaintiff owed the alleged debt to US Auto.

53.    DRBLLC does not perform any review of the sale documents or investigation into consumers' accounts to determine if in fact Plaintiff actually owed the alleged debt to Plaza Services, LLC.

54.    DRBLLC does not perform any review of the alleged debt or agreements to determine if Plaintiff is in fact "legally" obligated for the alleged debt.

55.    In fact, Plaintiff does not owe Plaza Services, LLC the money DRBLLC was attempting to collect from Plaintiff.

7

56.     DRBLLC's statement that Plaintiff owed the alleged debt to Plaza Services, LLC is false, misleading and/or deceptive.

57.     The foregoing is a legal conclusion, intending to make consumers believe that Plaza Services, LLC is the creditor of the account, in order to induce quick payments from consumers who may otherwise dispute the debt or question whether Plaza Services, LLC is in fact the actual creditor of the alleged debt.

58.     DRBLLC's statement that "your account may be noted to our client that further collection efforts are necessary to recover the debt involved in this matter, without further notice to you," is confusing, misleading, and/or deceptive to the least sophisticated consumer because it states, or otherwise implies, that DRBLLC or Plaza Services, LLC will take legal or some other collection action without notice to Plaintiff and will be able to obtain a judgment without proper legal notice to Plaintiff.

59.     The acts of DRBLLC as described in this Complaint were performed by DRBLLC or on DRBLLC's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority.  As such, all references to "DRBLLC" in this Complaint shall mean DRBLLC or its owners, officers, agents, and/or employees.

60.     DRBLLC's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from DRBLLC's conduct.

61.     Plaintiff justifiably fears that, absent this Court's intervention, DRBLLC will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

8

62.     Plaintiff justifiably fears that, absent this Court's intervention, DRBLLC will ultimately cause Plaintiff unwarranted economic harm.

63.     Plaintiff justifiably fears that, absent this Court's intervention, DRBLLC will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

64.     Plaintiff justifiably fears that, absent this Court's intervention, DRBLLC will ultimately cause Plaintiff to be sued.

65.     A favorable decision herein would serve to deter DRBLLC from further similar conduct.

**FIRST COUNT**
**<u>Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2)</u>**

66.     Plaintiff repeats and realleges paragraphs 1 to 65 as if fully restated herein.

67.     The Plaintiff is a "consumer" as that term defined by the FDCPA.

68.     DRBLLC is a "debt collector" as that term is defined by the FDCPA.

69.     The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

70.     The email is a "communication" as that term is defined by the FDCPA.

71.     The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

72.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

73.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

9

74.     To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

75.     A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

76.     As previously stated, Plaintiff did not owe the amount DRBLLC alleges is owed to Plaza Services, LLC by Plaintiff.

77.     As such, DRBLLC did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

78.     DRBLLC's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

79.     As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

80.     To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

81.     A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

82.     As set forth above, Plaintiff did not owe money to Plaza Services, LLC.

83.     As such, DRBLLC did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

84.     DRBLLC's statement that Plaza Services, LLC was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to Plaza Services, LLC, violates 15 U.S.C. § 1692g(a)(2).

85.     For the foregoing reasons, DRBLLC violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2), and is liable to Plaintiff therefor.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against DRBLLC as follows:

      a.   Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

      b.   Awarding costs and attorneys' fees; and

      c.   Any other and further relief as this Court deems just and equitable.

### SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)

86.     Plaintiff repeats and realleges paragraphs 1 to 65 as if fully restated herein.

87.     Plaintiff is a "consumer" as that term is defined by the FDCPA.

88.     DRBLLC is a "debt collector" as that term is defined by the FDCPA.

89.     The alleged debt is a "debt" as that term is defined by the FDCPA.

90.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

91.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

92.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

93.     An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not owe that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

94.     As set forth in this Complaint, Plaintiff did not owe any monies to Plaza Services, LLC.

11

95.     As such, DRBLLC's allegation that Plaintiff owed the claimed amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

96.     DRBLLC's allegation that Plaintiff owed the claimed amount is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

97.     DRBLLC's allegation that Plaintiff owed the claimed amount is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

98.     For the foregoing reasons, DRBLLC violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) and are liable to Plaintiff therefor.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against DRBLLC as follows:

      a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

      b.  Awarding costs and attorneys' fees; and

      c.  Any other and further relief as this Court deems just and equitable.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692d

99.     Plaintiff repeats and realleges paragraphs 1 to 65 as if fully restated herein.

100.    Plaintiff is a "consumer" as that term is defined by the FDCPA.

101.    DRBLLC is a "debt collector" as that term is defined by the FDCPA.

102.    The alleged debt is a "debt" as that term is defined by the FDCPA.

103.    The email is a "communication" as that term is defined by the FDCPA.

12

104.     15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

105.     An allegation by a debt collector that a consumer owes a claimed amount to an entity when the consumer does not owe the claimed amount to that entity is a violation of 15 U.S.C. § 1692d.

106.     An allegation by a debt collector that a consumer owes a claimed amount when the consumer does not owe that amount is a violation of 15 U.S.C. § 1692d.

107.     As set forth in the relevant paragraphs of this Complaint, Plaintiff did not owe any monies to Plaza Services, LLC.

108.     As such, DRBLLC's allegation that Plaintiff owed the alleged debt to Plaza Services, LLC, was harassing, oppressive, and/or abusive conduct in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692d.

109.     For the foregoing reasons, DRBLLC violated 15 U.S.C. § 1692d and is liable to Plaintiff therefor.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against DRBLLC as follows:

    a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b.  Awarding costs and attorneys' fees; and

    c.  Any other and further relief as this Court deems just and equitable.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692g**

110.     Plaintiff repeats and realleges paragraphs 1 to 65 as if fully restated herein.

111.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

112.    DRBLLC did not provide Plaintiff the requisite 1692g Notice as required by the FDCPA.

113.    For the foregoing reasons, DRBLLC violated 15 U.S.C. § 1692g, and is liable to Plaintiff therefor.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against DRBLLC as follows:

      a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

      b.  Awarding costs and attorneys' fees; and

      c.  Any other and further relief as this Court deems just and equitable.

### FIFTH COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f

114.    Plaintiff repeats and realleges paragraphs 1 to 65 as if fully restated herein.

115.    Plaintiff is a "consumer" as that term is defined by the FDCPA.

116.    DRBLLC is a "debt collector" as that term is defined by the FDCPA.

117.    The alleged debt is a "debt" as that term is defined by the FDCPA.

118.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

119.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

14

120.    15 U.S.C. § 1692f prohibits using unfair or unconscionable means to collect or attempt to collect any debt.

121.    The letter stated, "You are legally obligated for the above balance and if payment in full is not received within seven (7) days of the date of this correspondence, your account may be noted to our client that further collection efforts are necessary to recover the debt involved in this matter, without further notice to you."

122.    DRBLLC does not perform any review of the alleged debt or finance agreements to determine if in fact Plaintiff owed the alleged debt to US Auto.

123.    DRBLLC does not perform any review of the sale documents or investigation into consumers' accounts to determine if in fact Plaintiff actually owed the alleged debt to Plaza Services, LLC.

124.    DRBLLC does not perform any review of the alleged debt or agreements to determine if Plaintiff is in fact "legally" obligated for the alleged debt.

125.    In fact, Plaintiff does not owe Plaza Services, LLC the money DRBLLC was attempting to collect from Plaintiff.

126.    DRBLLC's statement that Plaintiff owed the alleged debt to Plaza Services, LLC is false, misleading and/or deceptive.

127.    The foregoing is a legal conclusion, intending to make consumers believe that Plaza Services, LLC is the creditor of the account, in order to induce quick payments from consumers who may otherwise dispute the debt or question whether Plaza Services, LLC is in fact the actual creditor of the alleged debt.

128.    DRBLLC's statement that "your account may be noted to our client that further collection efforts are necessary to recover the debt involved in this matter, without further notice

15

to you," is confusing, misleading, and/or deceptive to the least sophisticated consumer because it states, or otherwise implies, that DRBLLC or Plaza Services, LLC will take legal or some other collection action without notice to Plaintiff and will be able to obtain a judgment without proper legal notice to Plaintiff.

129.    For the foregoing reasons, DRBLLC violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f and are liable to Plaintiff therefor.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against DRBLLC as follows:

       a.   Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

       b.   Awarding costs and attorneys' fees; and

       c.   Any other and further relief as this Court deems just and equitable.

### SIXTH COUNT
### NEGLIGENCE PER SE

130.    Plaintiff repeats and realleges paragraphs 1 to 65 as if fully restated herein.

131.    Violation of a statute that imposes a duty of care constitutes negligence per se.

132.    DRBLLC owed Plaintiff a duty, or obligation, recognized by law.

133.    The FDCPA creates a standard of care because it was designed to protect consumers like Plaintiff from the type of harm which occurred here and provides for a private right of action.

134.    Plaintiff is within the class of persons protected by the FDCPA.

135.    As previously set forth, DRBLLC's conduct violated the FDCPA and therefore breached the duty imposed by the statutory standard and constitutes negligence per se.

136.    As a direct and proximate result of DRBLLC's negligence per se, Plaintiff suffered compensable harm and is entitled to recover actual, treble, exemplary, and punitive damages.

16

## SEVENTH COUNT
### NEGLIGENCE

137.     Plaintiff repeats and realleges paragraphs 1 to 65 as if fully restated herein.

138.     Independent of the FDCPA, creditors and debt collectors owe debtors a duty of reasonable care in the collection of debts.

139.     DRBLLC owed a duty to Plaintiff to exercise reasonable care in their attempts to collect money from Plaintiff.

140.     DRBLLC owed a duty to Plaintiff to exercise reasonable care in making representations of fact to Plaintiff concerning the alleged debt.

141.     DRBLLC owed a duty to Plaintiff not to attempt to collect money from Plaintiff that Plaintiff did not owe.

142.     DRBLLC owed a duty to Plaintiff not to attempt to collect money from Plaintiff without sufficient proof and competent business records establishing that Plaintiff owed the money sought, not to attempt to collect money from Plaintiff without sufficient proof that DRBLLC hold a legitimate right, title, or interest in such money, not to attempt to collect money from Plaintiff without being in possession of a credit agreement executed by Plaintiff, not to attempt to collect money from Plaintiff without being in possession of any competent proof that Plaintiff agreed to pay the money, and not to misrepresent to Plaintiff the amount of money owed and Plaintiff's obligation to pay such.

143.     DRBLLC breached these duties by attempting to collect money from Plaintiff without sufficient proof and competent business records establishing that Plaintiff owed the money sought, by attempting to collect money from Plaintiff without sufficient proof that DRBLLC hold a legitimate right, title, or interest in such money, by attempting to collect money from Plaintiff without being in possession of a credit agreement executed by Plaintiff, by attempting to collect

17

money from Plaintiff without being in possession of any competent proof that Plaintiff agreed to pay the money, by misrepresenting the amount of money owed and Plaintiff's obligation to pay such, by using false, deceptive or misleading representations or means in its attempt to collect money from Plaintiff, by misrepresenting the character, amount, or legal status of the alleged debt, by misrepresenting the services rendered or compensation which may be lawfully received, by threatening to take and actually taking an action prohibited by law, by using unfair or unconscionable means in its attempt to collect money from Plaintiff; by seeking to collect money from Plaintiff not expressly authorized by an agreement or permitted by law, and by failing to provide accurate and clear information in its collection communications.

144.    As a direct and proximate result of DRBLLC's negligence, Plaintiff suffered compensable harm and is entitled to recover actual, treble, exemplary, and punitive damages.

**EIGHTH COUNT**
**NEGLIGENT MISREPRESENTATION**

145.    Plaintiff repeats and realleges paragraphs 1 to 65 as if fully restated herein.

146.    DRBLLC owed a duty to Plaintiff to exercise reasonable care in their attempts to collect money from Plaintiff.

147.    DRBLLC owed a duty to Plaintiff to exercise reasonable care in making representations of fact to Plaintiff concerning the alleged debt.

148.    DRBLLC owed a duty to Plaintiff to ensure that their collection communications contain accurate information.

149.    DRBLLC owed a duty to Plaintiff to exercise reasonable care in making sure their collection communications do not contain inaccurate representations of fact.

150.    DRBLLC breached these duties by representing in their email that Plaintiff owed money when such representation was based on insufficient documentation, by representing in their

18

email that Plaintiff owed money when such representation was not based on any competent proof that any entity assigned all that entity's interest in the alleged debt, by representing in their email that Plaintiff owed money when such representation was not based on any credit agreement signed by Plaintiff, by representing in their email that Plaintiff owed money when such representation was not based on any competent proof that Plaintiff agreed to pay such money, and by representing in their email that Plaintiff owed money when DRBLLC held no legal right, title or interest in any money Plaintiff allegedly owed.

151.    As a direct and proximate result of DRBLLC's negligent misrepresentations, Plaintiff suffered compensable harm and is entitled to recover actual, treble, exemplary, and punitive damages.

**JURY DEMAND**

152.    Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment be entered:

  a.  A determination DRBLLC committed the violations of law alleged in this action; and

  b.  Actual, treble, exemplary, punitive, and statutory damages of $15,000.00; and

  c.  The costs of this action and attorneys' fees as allowed by law; and

  d.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

  e.  Such other and further relief that the Court determines is just and proper.

19

Dated: Wednesday, August 9, 2023

Respectfully Submitted,

/s/: *Jason Tenenbaum*
Jason Tenenbaum, Esq.
Tenenbaum Law Group, PLLC
1600 Ponce De Leon Blvd.
10th Floor
Coral Gables, FL 33134
PH: (305) 402-9529
FAX: (786) 292-1948

*Attorneys for Plaintiff*

20