# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PRIME HEALTHCARE FOUNDATION – SOUTHERN REGIONAL, LLC D/B/A SOUTHERN REGIONAL MEDICAL CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY; CIGNA HEALTHCARE OF GEORGIA, INC.; and DOES 1 through 10<br><br>    Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Defendants Cigna Health and Life Insurance Company and Cigna Healthcare of Georgia, Inc. (collectively, "Cigna") remove this case from the Superior Court of Fulton County, Georgia, to the Atlanta Division of the United States District Court for the Northern District of Georgia under 28 U.S.C. §§ 1331, 1367, 1441, and 1446; 29 U.S.C. § 1132; and other applicable law.

This case is removable because Plaintiffs' claims, in whole or in part, arise under and are completely preempted by the Employee Retirement Income Security

1

Act of 1974, *as amended* ("ERISA"), 29 U.S.C. § 1001, *et. seq*. This Court therefore has federal question jurisdiction under Section 1331 and the case is properly removable under Section 1441(a). The Court also has supplemental jurisdiction over any pendant state law claims under 28 U.S.C. § 1367.

## BACKGROUND

1.   Plaintiff Prime Healthcare Foundation – Southern Regional, LLC d/b/a Southern Regional Medical Center ("Southern Regional") filed a complaint on August 1, 2023, against Cigna in the Superior Court of Fulton County, Georgia, Civil Action No. 2023CV383450.

2.   Southern Regional is a local community hospital located in Riverdale, Georgia. Compl. ¶¶ 2, 8. Southern Regional alleges that it was an "out-of-network" provider that did not have a contract with Cigna governing the reimbursement of claims. *Id.* at ¶ 24. Southern Regional allegedly provided "medically necessary hospital services to hundreds of [Cigna's] members." *Id.* at ¶ 25. Southern Regional alleges that it submitted individual claims to Cigna for those services and Cigna "paid [Southern Regional] far less than the reasonable value for those services." *Id.* at ¶¶ 26, 27.

3.   Southern Regional's Complaint includes three counts that appear to assert state law causes of action against Cigna under common law, quasi-contract

2

theories, including (i) quantum meruit, (ii) unjust enrichment, and (iii) breach of implied contract.

4. Southern Regional's Complaint acknowledges that any duty that would obligate Cigna to pay for medical services is Cigna and its members, not to Southern Regional. *Id.* ¶¶ 33. That obligation arises through contracts between Cigna and its members called "healthcare benefit plans." *Id.* at ¶ 14. At least some of these healthcare benefit plans are governed by ERISA.

5. On August 4, 2023, the summons and complaint were served on Cigna. A true and correct copy of all process, pleadings, and filings provided to Cigna are attached as Exhibit A.

6. Pursuant to Rule 6(a) of the Federal Rule of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days after service of the initial pleading on which the action is based.

7. Removal to this Court is proper because this Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and § 1367 (supplemental jurisdiction), and all requirements of 28 U.S.C. §§ 1441 and 1446 are satisfied.

## FEDERAL QUESTION JURISDICTION

8. Cigna may remove this action under the Court's federal question subject-matter jurisdiction based on ERISA preemption. *See* 28 U.S.C. § 1331; 29 U.S.C. § 1132(e).

9. A defendant may remove a case asserting state law causes of action "when a federal statute wholly displaces [a] state-law cause of action through complete pre-emption." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). "ERISA is one of these statutes." *Id.* at 208; *see also Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) (ERISA preemption creates an exception to the well-pleaded complaint rule). ERISA's primary objective is to "provide a uniform regulatory regime over employee benefit plans." *Davila,* 542 U.S. at 208. To that end, the Supreme Court has recognized that Congress intended ERISA's comprehensive remedial scheme to occupy the field, providing for complete or super preemption of state law claims, even if no federal claim is expressly pleaded on the face of the complaint. *See Metrop. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–67 (1987). Under ERISA, federal district courts have original jurisdiction over these completely preempted claims, irrespective of the amount in controversy or the citizenship of the parties. *See* 29 U.S.C. § 1132(e)(1) and (f); 28 U.S.C. § 1331.

10.     Under the Supreme Court's two-part *Davila* test, ERISA completely preempts claims (a) brought by "an individual [who], at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (b) where "there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. Both *Davila* prongs are satisfied here.

11.     As to the first prong, Southern Regional could have brought its claim under ERISA because Southern Regional obtained assignments of its patients' benefits under their benefit plans. Some of these plans are governed by ERISA. Participants or beneficiaries—and by extension assignee healthcare providers—are individuals who may bring ERISA claims. *See* 29 U.S.C. § 1132(a) ("participant[s]" or "beneficiar[ies]" seeking "to recover benefits" or "enforce [their] rights under the terms of a plan" may bring an ERISA action); *Griffin v. Coca-Cola Refreshments USA, Inc.*, 989 F.3d 923, 932 (11th Cir. 2021) (finding that healthcare providers can bring ERISA claims under Section 502 through a valid assignment of benefits). Southern Regional's claims implicate ERISA coverage and benefit determinations because, as an out-of-network provider, any payment to which Southern Regional is entitled can only be determined by reference to the individual ERISA plans. *See S. Fulton Dialysis, LLC v. Anita Taylor Caldwell & United Healthcare*, 428 F. Supp. 3d 1346, 1354 (N.D. Ga. 2019).

12. The second prong from *Davila* is also satisfied because Southern Regional's claims do not arise from any legal duty independent of the healthcare benefit plans at issue. Southern Regional alleges that it has no "express written contracts with" Cigna. Compl. at ¶ 24. Instead, Southern Regional's claims are purportedly based solely on vague and unspecified "obligations" for Cigna to pay Southern Regional "the reasonable [or fair] value" of medical services. *Id.* at ¶¶ 35, 44, 50. To the contrary, however, any possible right to payment held by Southern Regional could have only been derived from rights and obligations established by healthcare benefit plans, at least some of which are ERISA-governed employee benefit plans.

13. The plaintiffs may not evade federal jurisdiction under ERISA by trying to cast their ERISA claims as common law claims for quantum meruit or unjust enrichment. *See, e.g.*, *Jones v. LMR International, Inc.*, 457 F.3d 1174, 1180 (11th Cir. 2006).

14. Thus, the Court has original and/or exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1331. Removal is therefore appropriate to this Court.

## SUPPLEMENTAL JURISDICTION

15. Supplemental jurisdiction is proper over any pendant state law claims pursuant to 28 U.S.C. § 1367.

16. To the extent that some of the health plans at issue are not governed by ERISA, this Court has supplemental jurisdiction over such pendant state law claims. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1353 (11th Cir. 2009) (where there is removal jurisdiction over a completely preempted claim, jurisdiction exists over any state law claims joined with that claim).

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

17. Cigna has satisfied all procedural requirements for removal to be proper. *See* 28 U.S.C. §§ 1441(a), 1446.

18. Cigna timely files this Notice. Southern Regional served Cigna on August 4, 2023. A defendant must file a notice of removal within thirty days after waiving or receiving service of process. *See* 28 U.S.C. § 1446(b). Thirty days after August 4, 2023 is September 3, 2023. Cigna files this Notice on September 5, 2023 and it is therefore timely as September 3 was a Sunday, and September 4 was Labor Day, a legal holiday under Fed. R. Civ. P. 6.

19. The United States District Court for the Northern District of Georgia, Atlanta Division, is the federal judicial district embracing the Superior Court of Fulton County, Georgia, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 90(a)(2) and 1441(a).

20. A copy of this Notice of Removal will be filed with the Clerk in the Superior Court of Fulton County, Georgia, Civil Action No. 2023CV383450, as provided by law, and written notice is being sent to Southern Regional's counsel.

21. Cigna Health and Life Insurance Company and Cigna Healthcare of Georgia, Inc. are the only defendants and both consent to removal.

22. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders served upon Cigna in the state court action are attached as Exhibit A and are incorporated by reference herein.

## **CONCLUSION**

23. For the foregoing reasons, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1367, and removal is proper under 28 U.S.C. § 1441 and 1446.

24. Cigna reserves all defenses and counterclaims.

**WHEREFORE**, Defendants Cigna Health and Life Insurance Company and Cigna Healthcare of Georgia, Inc., by and through their counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiffs, and the filing of a copy of this Notice with the Clerk in the Superior Court of Fulton County, Georgia, Civil Action No. 2023CV383450, effect the removal of said civil action to this Court.

Respectfully submitted, this 5th day of September, 2023.

/s/ *Daniel F. Diffley*
Daniel F. Diffley
Georgia Bar No. 221703
Andrew M. Brown
Georgia Bar No. 890126
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777
dan.diffley@alston.com
andrew.brown@alston.com

Edward T. Kang  (*pro hac vice* forthcoming)
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Tel.: (202) 239-3300
Fax: (202) 239-3333
edward.kang@alston.com


Kelsey L. Kingsbery (*pro hac vice* forthcoming)
555 Fayetteville St., Suite 600
Raleigh, North Carolina 27615
Tel: (919) 862-2200
Fax: (919) 862-2260
kelsey.kingsbery@alston.com


*Counsel for Defendants Cigna Health and Life Insurance Company and Cigna Healthcare of Georgia, Inc.*

## **LOCAL RULE 7.1D CERTIFICATION**

In accordance with L.R. 7.1D, the undersigned counsel hereby certifies that, consistent with L.R. 5.1C, the foregoing document was prepared in Times New Roman font, 14 point.

On this 5th day of September, 2023.

/s/ *Daniel F. Diffley*
Daniel F. Diffley

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of the filing to any filing users who have entered an appearance in this action.  I certify that I also sent a copy *via* U.S. Postal Service first-class mail to Plaintiffs' counsel of record:

>S. Derek Bauer
>Ian K. Byrnside
>Kevin D. Bradberry
>Dorothy H. Cornwell
>BAKER & HOSTETLER, LLP
>1170 Peachtree St., NE, Suite 2400
>Atlanta, Georgia 30309

On this 5th day of September, 2023.

>/s/ *Daniel F. Diffley*
>Daniel F. Diffley