# Exhibit A

Fulton County Superior Court
***EFILED***LW
Date: 8/1/2023 11:36 AM
Che Alexander, Clerk

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of ___Fulton_____ County

| For Clerk Use Only | |
|---|---|
| 8/1/2023 | 2023CV383450 |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Prime Healthcare Foundation - Southern Regional, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

d/b/a Southern Regional Medical Center

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Cigna Health and Life Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Cigna Healthcare of Georgia, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Does 1 through 10

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Ian K. Byrnside _____   **State Bar Number** _167521_   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                        **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Fulton County Superior Court
***EFILED***LW
Date: 8/1/2023 11:36 AM
Che Alexander, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| PRIME HEALTHCARE FOUNDATION – SOUTHERN REGIONAL, LLC d/b/a SOUTHERN REGIONAL MEDICAL CENTER, | |
|     Plaintiff, | CASE NO. _2023CV383450_ |
| v. | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY; CIGNA HEALTHCARE OF GEORGIA, INC.; and DOES 1 through 10, | |
|     Defendants. | |

## **COMPLAINT**

Plaintiff Prime Healthcare Foundation – Southern Regional, LLC d/b/a Southern Regional Medical Center ("SRMC") hereby asserts its Complaint against Defendants Cigna Health and Life Insurance Company, Cigna Healthcare of Georgia, Inc., and Does 1 through 10 (collectively, "Defendants"), and respectfully shows the Court as follows:

## **NATURE OF THE ACTION**

1.    This action concerns Defendants' failure to fully and properly reimburse SRMC for out-of-network medically necessary hospital services that SRMC provided to patients who had health insurance coverage under a healthcare benefit plan issued and/or administered by Defendants.

2.    SRMC is an award-winning, local community hospital that provides emergency medical services and other critically-needed care to patients in the State of Georgia, 24 hours per day, 7 days per week, 365 days per year.

3.      Defendants are insurance companies and managed care plans that issue and/or administer healthcare benefit plans in the State of Georgia and that are obligated to provide or arrange for the provision of healthcare coverage to their members in exchange for payment of premiums by or on behalf of their members.

4.      From 2019 through May 2020, SRMC provided medically necessary hospital services to hundreds of patients enrolled in health benefit plans issued and/or administered by Defendants with the understanding and expectation that Defendants would pay for those services.

5.      Defendants, however, systematically failed and refused to fully and properly pay SRMC for the reasonable value of the services that SRMC provided to Defendants' members for Defendants' benefit and/or on Defendants' behalf.

6.      SRMC brings this action to recover the amounts owed to it by Defendants for the medically necessary hospital services it provided to Defendants' members.

7.      The claims at issue in this lawsuit are brought by SRMC in its own right and on its own behalf, and not on behalf of any patient.  SRMC does not assert in this lawsuit any causes of action under the federal Employee Retirement Income Security Act of 1974 ("ERISA") or any claims for benefits based on an assignment of benefits.  Moreover, SRMC does not seek in this lawsuit to recover for any claims for members covered by self-funded ERISA plans for which no amount was allowed or paid by Defendants because of a coverage or benefit determination.

## THE PARTIES

8.      Plaintiff SRMC is a Delaware limited liability company qualified to do business in the State of Georgia, with its principal place of business in the city of Riverdale in Clayton County, Georgia.

9.      SRMC is a 501(c)(3) non-profit, general acute-care, safety net hospital that
provides emergency care, post-emergency stabilization services, and other critically needed
medical services to patients in Georgia 24 hours per day, 7 days per week, 365 days per year,
without regard to patients' insurance coverage or ability to pay for those services.

10.     SRMC is part of an award-winning, community-based health system -- Prime
Healthcare -- that operates forty-five acute care hospitals in fourteen states, many of which are in
underserved communities.  Prime Healthcare has repeatedly been recognized as one of the "15
Top Health Systems" in the country based on quality of care, efficiency, and patient satisfaction.
In addition, Prime Healthcare's hospitals have been named among the "100 Top Hospitals" in the
country more than 55 times based on clinical, operational, and patient satisfaction metrics; they
have received more Patient Safety Excellence Awards from Healthgrades than any other health
system in the past six years; they have received more than 200 five-star achievements for clinical
excellence in a variety of specialties; and they are frequently recognized as "Top Performers on
Key Quality Measures" by The Joint Commission, the leading medical accreditation organization.

11.     SRMC has received numerous awards in recognition of its dedication to providing
high-quality patient care, including two Gold Achievement Awards from the American Heart
Association/American Stroke Association ("AHA/ASA") for exceptional care of patients suffering
severe heart attacks and strokes; multiple Five-Star Awards from Healthgrades for Hip Fracture
Treatment and Gallbladder Removal Surgery outcomes; and the American Heart Association's
Mission: Lifeline Trailblazer Achievement Award for the Greater Metro Atlanta region for
implementing specific quality improvement measures for patients who suffer severe heart attacks.
SRMC has also received the Joint Commission's and AHA/ASA's Gold Seal of Approval for
advanced certification of primary stroke centers, it has been recognized as a member of Nurses

Improving Care for Health System Elders program for providing special care to older adult patients, and it was one of only 225 hospitals in the country to receive the American College of Cardiology's NCDR Chest Pain – MI Registry Platinum Performance Achievement Award in 2019.

12.     Defendant Cigna Health and Life Insurance Company is a Connecticut corporation and for-profit insurance company that is authorized to transact business in the State of Georgia, with its registered agent (CT Corporation System) in Gwinnett County, Georgia.

13.     Defendant Cigna Healthcare of Georgia, Inc. is a Georgia corporation and for-profit insurance company, with its registered agent (CT Corporation System) in Gwinnett County, Georgia.  Cigna Healthcare of Georgia, Inc.'s principal place of business is in Fulton County, Georgia.

14.     Defendants are insurance companies and managed care plans that provide healthcare benefits, arrange for the delivery of healthcare services, and/or administer the provision of and reimbursement for healthcare services for individuals enrolled in healthcare benefit plans issued and/or administered by Defendants ("Defendants' Members") in exchange for premiums, fees, and/or other compensation.  Upon information and belief, Defendants issue and/or administer commercial health benefits plans and regularly conduct business throughout Georgia, including in Fulton County.

15.     The true names and capacities of Defendants Does 1 through 10, whether individual, corporate, associate, or otherwise, are currently unknown to SRMC, and therefore SRMC alleges that each of these fictitiously named defendants is responsible in some manner for the events sued upon.  SRMC will seek leave of this Court, as necessary, to amend this Complaint

to assert the true identities and capacities of the defendants named as Does 1 through 10 when such identities have been ascertained.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over this case under the Constitution of the State of Georgia and O.C.G.A. § 15-6-8.

17.     This Court has personal jurisdiction over Defendants because, among other things, Cigna Healthcare of Georgia, Inc. is a domestic corporation that has its principal place of business in the State of Georgia and is a citizen of Georgia; Defendants are registered and authorized to transact business in the State of Georgia and have regularly transacted business in the State of Georgia for several years; and Defendants committed the wrongful acts alleged herein in the State of Georgia. Moreover, Defendants purposefully directed their activities at SRMC and citizens of the State of Georgia, and the injuries related to those activities were incurred in the State of Georgia.

18.     Venue is proper in Fulton County under O.C.G.A. § 9-10-30 *et seq.*, O.C.G.A. § 14-2-510, and O.C.G.A. § 33-4-1 because a portion of the transactions and occurrences out of which this Complaint arises took place in Fulton County, Defendants transact business in Fulton County, and because at least one of the Defendants resides in Fulton County, has its principal place of business in Fulton County, and/or maintains an office or place of doing business in Fulton County.

## FACTUAL ALLEGATIONS

### A.     SMRC Was An "Out-of-Network" Provider with Defendants at All Times Relevant to this Lawsuit

19.     Healthcare insurers, like Defendants, that offer or administer health benefit plans often use a network of preferred participating healthcare providers, referred to as "in-network providers," who enter into a written contract with the insurer and who agree to accept pre-

negotiated discounted payment rates in return for increased patient volume, a wider range of reimbursable services, and other benefits of being "in-network" with the insurer.

20.     Healthcare providers who do not have a written contract with a healthcare insurer and who are not part of the insurer's provider network are referred to as "out-of-network providers."

21.     To encourage their members to choose an in-network provider, Defendants and other healthcare insurers often create financial incentives for their members to obtain care from in-network providers, including by covering a significantly smaller portion of the cost of care rendered by out-of-network providers and requiring their members to pay the remaining balance when they choose to receive care from an out-of-network provider.

22.     As a result of those financial terms and other terms of their insurance policies, patients often choose to receive healthcare services from an in-network provider.

23.     In a medical emergency, however, a patient often does not have the time, opportunity, or ability to choose an in-network hospital; instead, the patient often goes (or is taken) to whichever hospital is the closest.

24.     At all times relevant to this lawsuit, SRMC was an out-of-network provider with Defendants, meaning it did not have express written contracts with Defendants, was not part of Defendants' provider network, and had not agreed to accept Defendants' discounted in-network payment rates for services it provided to Defendants' Members (because SRMC did not receive the benefits of being "in-network").

**B.     Defendants Failed to Fully Reimburse SRMC for the Medically Necessary Hospital Services it Provided to Defendants' Members**

25.     From 2019 through May 2020, SRMC provided medically necessary hospital services to hundreds of Defendants' Members.

-6-

26.     After providing such services to Defendants' Members, SRMC submitted individual claims to Defendants seeking payment for those services.

27.     Defendants processed SRMC's claims and made certain payments to SRMC for the services it provided to Defendants' Members, but for hundreds of SRMC's claims, Defendants paid SRMC far less than the reasonable value for those services.

### CAUSES OF ACTION
### COUNT ONE
### Quantum Meruit

28.     SRMC realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

29.     In exchange for premiums and other compensation, Defendants assumed a duty to provide coverage to their Members for medically necessary hospital services and to pay for, arrange, and/or otherwise administer those services.

30.     From 2019 through May 31, 2020, SRMC provided medically necessary hospital services to Defendants' Members – *i.e.*, patients whose care Defendants were obligated to cover and pay for, arrange, and/or otherwise administer.

31.     At the time SRMC provided medically necessary hospital services to Defendants' Members, SRMC expected to be compensated for the reasonable value of those services.

32.     The medically necessary hospital services that SRMC provided to Defendants' Members were valuable to and benefited Defendants, including by discharging Defendants' obligations to ensure that their Members have access to emergency care 24 hours a day, 365 days a year and their obligations to cover, pay for, arrange, and/or otherwise administer medically necessary hospital services for their Members.

33.     SRMC conferred material benefits on Defendants by satisfying Defendants' core obligations to their Members and by providing valuable medically necessary hospital services to Defendants' Members for which Defendants are obligated to pay for, arrange, and/or administer.

34.     Defendants requested and/or knowingly accepted and retained the services that SRMC provided and the attendant benefits that SRMC conferred on them.

35.     With respect to the claims at issue in this litigation, Defendants failed to pay SRMC the reasonable value of the medically necessary hospital services that SRMC rendered to Defendants' Members for Defendants' benefit.

36.     Under the circumstances, it would be inequitable and unjust for Defendants to retain the services and benefits they received from SRMC without paying SRMC for the value of those services and benefits, *i.e.*, without paying SRMC the reasonable value of the medically necessary hospital services it rendered to Defendants' Members for Defendants' benefit.

37.     SRMC is entitled to recover the reasonable value of the medically necessary hospital services that it provided to Defendants' Members for Defendants' benefit for each of the claims at issue in this litigation, the exact amount to be proven at trial, plus interest.

## COUNT TWO
### Unjust Enrichment

38.     SRMC realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

39.     From 2019 through May 31, 2020, SRMC conferred benefits on Defendants by providing medically necessary hospital services to patients whose care Defendants were obligated to cover, pay for, arrange, and/or otherwise administer (*i.e.*, Defendants' Members).

40.     In providing those medically necessary hospital services to Defendants' Members, SRMC was not acting as a volunteer.  To the contrary, SRMC was required by law to provide such

services to Defendants' Members and/or was otherwise authorized, induced, or encouraged by Defendants to do so.

41.     SRMC provided medically necessary hospital services to Defendants' Members with the understanding and expectation that Defendants would compensate SRMC for the fair value of those services.

42.     Defendants knew of the medically necessary hospital services that SRMC provided to Defendants' Members for Defendants' benefit and/or on Defendants' behalf, and Defendants accepted those services and/or failed to reject those services.

43.     Defendants failed and refused to pay SRMC for the fair value of the medically necessary hospital services that SRMC provided to Defendants' Members for Defendants' benefit and/or on Defendants' behalf.

44.     Defendants have profited and unjustly enriched themselves at SRMC's expense by failing and refusing to pay SRMC for the fair value of the medically necessary hospital services that SRMC provided to Defendants' Members for Defendants' benefit and/or on Defendants' behalf.

45.     Under the circumstances, it would be inequitable and unjust for Defendants to retain the benefits of the medically necessary hospital services that SRMC provided to Defendants and their Members without paying SRMC for the fair value of those services.

46.     SRMC is entitled to restitution and/or damages from Defendants to compensate SRMC for the fair value of the medically necessary hospital services that SRMC provided to Defendants and their Members for each of the claims at issue in this litigation, the exact amount to be proven at trial, plus interest.

## COUNT THREE
### Breach of Implied Contract

47.     SRMC realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

48.     SRMC is legally obligated to provide emergency services to every patient seeking emergency care at its facility, without regard to the patient's insurance or ability to pay, and without regard to whether the hospital is an in-network or out-of-network provider.

49.     Indeed, SRMC cannot refuse to treat a patient who is in need of emergency care based on whether the patient has insurance coverage, who the patient's insurer is, whether the patient's insurer has a contract with the provider, or whether the patient's insurer has a history of underpaying for medical services.

50.     Defendants have a corresponding legal obligation to pay providers, including SRMC, for emergency services rendered to their Members, without requiring prior approval and without regard to whether the provider is in-network or out-of-network.

51.     The parties' legal duties and obligations are clear: (a) SRMC must provide emergency services to all patients who come to its emergency department, without regard to the patient's insurance coverage or ability to pay; and (b) Defendants must reimburse SRMC for the emergency services it provides to Defendants' Members, without regard to whether SRMC is an in-network or out-of-network provider.

52.     Based on their legal obligations and relationship, there was an implied contract between SRMC and Defendants pursuant to which SRMC was obligated to provide emergency services to Defendants' Members, and Defendants were required to pay SRMC for the emergency services it provided to Defendants' Members.

53.     From 2019 through May 31, 2020, SRMC provided emergency services to Defendants' Members and performed all of its obligations under the parties' implied contracts.

54.     SRMC submitted claims to Defendants for the emergency services it provided to Defendants' Members that are at issue in this lawsuit, but Defendants failed to fully and properly pay SRMC for those services according to the terms of the parties' implied contracts.

55.     Defendants breached the parties' implied contracts by failing to fully and properly pay SRMC for the emergency services it provided to Defendants' Members.

56.     As a direct and proximate result of Defendants' breaches of the parties' implied contracts, SRMC has suffered damages in an amount to be proven at trial, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, SRMC prays that judgment be entered in its favor and against Defendants awarding SRMC:

a.     Compensatory damages, restitution, and monetary relief, including actual damages, to compensate SRMC for the reasonable and fair value of the services it provided to Defendants' Members for Defendants' benefit and/or on Defendants' behalf, the exact amount to be proven at trial;

b.     All damages suffered as a result of Defendants' breach of the parties' implied contracts and their failure to fully and properly pay SRMC for the services it provided to Defendants' Members, the exact amount to be proven at trial;

c.     Pre-judgment and post-judgment interest as allowed by law;

d.     Costs; and

e.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

SRMC hereby demands a jury trial on all triable issues and causes of action.

Respectfully submitted this 31st day of July, 2023.

*/s/ Ian K. Byrnside*
S. Derek Bauer
Georgia Bar No. 042537
Ian K. Byrnside
Georgia Bar No. 167521
Kevin D. Bradberry
Georgia Bar No. 532880
Dorothy H. Cornwell
Georgia Bar No. 552635

BAKER & HOSTETLER LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia 30309
Telephone: (404) 459-0050
Facsimile: (404) 459-5734
dbauer@bakerlaw.com
ibyrnside@bakerlaw.com
kbradberry@bakerlaw.com
dcornwell@bakerlaw.com

*Attorneys for Plaintiffs*

Fulton County Superior Court
***EFILED***LW
Date: 8/1/2023 11:36 AM
Che Alexander, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

PRIME HEALTHCARE FOUNDATION –
SOUTHERN REGIONAL, LLC d/b/a SOUTHERN
REGIONAL MEDICAL CENTER,

      Plaintiff,

v.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY; CIGNA HEALTHCARE OF
GEORGIA, INC.; and DOES 1 through 10,

      Defendants.

CASE NO. _____

2023CV383450

## SUMMONS

TO THE NAMED DEFENDANT:
## CIGNA HEALTH AND LIFE INSURANCE COMPANY

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon
plaintiff's attorney, whose name and address is:

      S. Derek Bauer
      BAKER & HOSTETLER LLP
      1170 Peachtree Street, NE, Suite 2400
      Atlanta, Georgia 30309-7676

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon
you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business
days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU
FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF
DEMANDED IN THE COMPLAINT.**

This_____8/1/2023_____day of_____, 2023.

                                Honorable Che Alexander
                                Clerk of Superior Court
                                By_____
                                       Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 2023

                                       Deputy Sherriff

### IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
**136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303**

PRIME HEALTHCARE FOUNDATION –
SOUTHERN REGIONAL, LLC d/b/a SOUTHERN
REGIONAL MEDICAL CENTER,

     Plaintiff,

v.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY; CIGNA HEALTHCARE OF
GEORGIA, INC.; and DOES 1 through 10,

     Defendants.

CASE NO. _2023CV383450_

## SUMMONS

TO THE NAMED DEFENDANT:
**CIGNA HEALTHCARE OF GEORGIA, INC.**

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

     S. Derek Bauer
     BAKER & HOSTETLER LLP
     1170 Peachtree Street, NE, Suite 2400
     Atlanta, Georgia 30309-7676

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____8/1/2023_____day of_____, 2023.

     Honorable Che Alexander
     Clerk of Superior Court
     By_____
          Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 2023

     Deputy Sherriff

Fulton County Superior Court
***EFILED***MH
Date: 8/7/2023 11:27 AM
Che Alexander, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**PRIME HEALTHCARE FOUNDATION – SOUTHERN
REGIONAL, LLC d/b/a SOUTHERN REGIONAL MEDICAL
CENTER**

*Plaintiff(s) / Petitioner(s)*

v.                                                                    Case No.: 2023CV383450

**CIGNA HEALTH AND LIFE INSURANCE COMPANY;
CIGNA HEALTHCARE OF GEORGIA, INC.; and DOES 1
through 10**

*Defendant(s) / Respondent(s)*

### AFFIDAVIT OF SERVICE

I, Anton Floyd, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents on CIGNA Health and Life Insurance Company in Gwinnett County, GA on August 4, 2023 at 11:17 am at 289 Culver St, Lawrenceville, GA 30046 by leaving the following documents with Jane Richardson who as Intake Specialist is authorized by appointment or by law to receive service of process for CIGNA Health and Life Insurance Company.

Summons to CIGNA Health and Life Insurance Company
Summons to CIGNA Healthcare of Georgia
Complaint

Additional Description:
I left the following documents with Jane Richardson who is an Intake Specialist C T Corporation System.

White Female, est. age 58, glasses: Y, Blonde hair, 180 lbs to 200 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=33.9519042969,-83.9906080518
Photograph: See Exhibit 1

Signature
Anton Floyd
+1 (501) 256-3277

Subscribed and sworn to before
me this 4 day of
Aug , 2023 by
Ashton Floyd .
Witness my hand and official
seal.

Notary Public

My commission expires:
7·24·2024

# Exhibit 1

Exhibit 1a)



Fulton County Superior Court
***EFILED***MH
Date: 8/7/2023 11:27 AM
Che Alexander, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

**PRIME HEALTHCARE FOUNDATION — SOUTHERN
REGIONAL, LLC d/b/a SOUTHERN REGIONAL MEDICAL
CENTER**

    *Plaintiff(s) / Petitioner(s)*

v.

**CIGNA HEALTH AND LIFE INSURANCE COMPANY;
CIGNA HEALTHCARE OF GEORGIA, INC.; and DOES 1
through 10**

    *Defendant(s) / Respondent(s)*

Case No.: 2023CV383450

### AFFIDAVIT OF SERVICE

I, Anton Floyd, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents on CIGNA Healthcare of Georgia, Inc. in Gwinnett County, GA on August 4, 2023 at 11:15 am at 289 Culver St, Lawrenceville, GA 30046 by leaving the following documents with Jane Richardson who as Intake Specialist is authorized by appointment or by law to receive service of process for CIGNA Healthcare of Georgia, Inc.

Summons to CIGNA Health and Life Insurance Company
Summons to CIGNA Healthcare of Georgia
Complaint

Additional Description:
I left the following documents with Jane Richardson who is an Intake Specialist C T Corporation System

White Female, est. age 58, glasses: Y, Blonde hair, 180 lbs to 200 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=33.9519042969,-83.9905843543
Photograph: See Exhibit 1

Signature
Anton Floyd
+1 (501) 256-3277

Subscribed and sworn to before
me this __4__ day of
__Aug.__ , __2023__ by
__Ashton Floyd__ .
Witness my hand and official
seal.



Notary Public

My commission expires:
__7-24-2024__

# Exhibit 1

Exhibit 1a)



## Case Information

### Prime Healthcare Foundation - Southern Regional, LLC VS. Cigna Health and Life Insurance Company,Cigna Healthcare of Georgia, Inc.,Does 1 through 10

2023CV383450

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Fulton - Superior Court | Civil | OTHER CIVIL CAUSE OF ACTION | 8/1/2023 |

| Judge | Case Status |
|---|---|
| CARNESALE, RACHELLE L. | Open (Open) |

### Parties [4]

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| DEFENDANT | Cigna Health and Life Insurance Company | | |
| DEFENDANT | Cigna Healthcare of Georgia, Inc. | | |
| DEFENDANT | Does 1 through 10 | | |
| PLAINTIFF | Prime Healthcare Foundation - Southern Regional, LLC | | DOROTHY CORNWELL, IAN K BYRNSIDE, KEVIN D. BRADBERRY, S. DEREK BAUER |

### Events [6]

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 8/1/2023 | Filing | SUMMONS | Summons to Cigna Healthcare of Georgia, Inc. | SUMMONS.pdf |
| 8/1/2023 | Filing | CASE INITIATION FORM | OTHER GENERAL CIVIL | CASE INITIATION FORM.pdf |
| 8/1/2023 | Filing | Plaintiff's Original Petition | Complaint | COMPLAINT.pdf |
| 8/1/2023 | Filing | SUMMONS | Summons to Defendant Cigna Health and LIfe Insurance Company | SUMMONS.pdf |
| 8/7/2023 | Filing | AFFIDAVIT OF SERVICE | Affidavit of Service on CIGNA Health and Life Insurance Company | AFFIDAVIT OF SERVICE.pdf |
| 8/7/2023 | Filing | AFFIDAVIT OF SERVICE | Affidavit of Service on CIGNA Healthcare of Georgia, Inc. | AFFIDAVIT OF SERVICE.pdf |

© 2023 Tyler Technologies, Inc. | All Rights Reserved
Version: 2023.7.0.47

