IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COREN SWAIN,<br><br>  Plaintiff,<br><br>v.<br><br>AFVA HOSPITALITY LLC,<br><br>  Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Coren Swain ("Plaintiff"), by and through their undersigned counsel, and files this, their Complaint for Damages against Defendant AFVA Hospitality LLC ("Defendant") and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney's fees against Defendant for violations of her rights under Title VII of the Civil Rights Act of 1964 ("Title VII").

1

## **JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## **PARTIES**

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Alpesh Patel, located at 250 Avalon Court, McDonough, GA, 30253, USA.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging pregnancy discrimination, in violation of Title VII. The EEOC issued a "Notice of Right to Sue", entitling an action to be commenced within ninety (90) days of receipt of said notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTS

8.

Plaintiff was hired by Defendant in its McDonough, Georgia, location as a Front Office Manager, on or about January 23, 2023.

9.

Plaintiff announced that she was pregnant, on or about February 20, 2023, to Kristi Williams, Defendant's Vice President.

10.

Plaintiff was pregnant.

11.

On March 25, 2023, Williams sent an email where she said she was planning on terminating Plaintiff.

12.

In that email, Williams stated that Plaintiff's pregnancy was a motivating factor in her decision to terminate Plaintiff.

13.

Then, two days later, on March 27, 2023, Williams terminated Plaintiff.

14.

At a minimum, Plaintiff's pregnancy was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

15.

As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## COUNTS
## COUNT ONE: DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

15.

Plaintiff re-alleges paragraphs 8-13 as if fully set forth herein.

16.

Plaintiff was pregnant.

17.

Plaintiff informed Defendant of her pregnancy.

18.

Defendant terminated Plaintiff's employment because she was pregnant.

19.

In terminating Plaintiff's employment due to her protected characteristic, Defendant violated Title VII.

20.

Although Defendant purports to provide a legitimate non-discriminatory reasons for Plaintiff's termination, these reason reasons are pre-text.

21.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination under Title VII.

22.

Defendant has willfully and wantonly disregarded Plaintiff's rights and its discrimination against Plaintiff was undertaken in bad faith.

23.

The effect of the conduct complained of herein has been to deprive Plainitff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her protected characteristic.

24.

As a direct and proximate result Defendant's violation of the Title VII, Plaintiff has been made the victim of acts that have adversely affected their psychological and physical well-being.

25.

Pursuant to Title VII, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, punitive and compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under Title VII.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which Plaintiff may be entitled.

            **BARRETT & FARAHANY**

            s/ *V. Severin Roberts*
            V. Severin Roberts
            Georgia Bar No. 940504

            *Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
severin@justiceatwork.com