IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| RODERICK CHILES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO. 23A02843 |
| CHRISTOPHER BRANDON KEITH; | ) | |
| VETERANS CHOICE LLC; and INTEGON | ) | |
| INDEMNITY CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT INTEGON INDEMNITY CORPORATION**

COMES NOW, Integon Indemnity Corporation, named as a Defendant in the above-styled civil action, and responds to Plaintiff's Complaint, showing the Court as follows[1]:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted against this Defendant.

SECOND DEFENSE

This Defendant states as separate defenses the following:

(a)  Lack of personal jurisdiction;

(b)  Lack of subject matter jurisdiction; and

(b)  Improper venue.

THIRD DEFENSE

O.C.G.A. § 40-1-112 does not provide a legal basis for Plaintiff's direct action against this Defendant. Upon information and belief, Defendant Veterans Choice LLC is not an intrastate

---

[1] See O.C.G.A. § 9-11-4(h)

# EXHIBIT C

motor carrier, and therefore O.C.G.A. § 40-1-112 does not permit an action directly against this Defendant.

### FOURTH DEFENSE

O.C.G.A. § 40-2-140 does not provide a legal basis for Plaintiff's direct action against this Defendant. Upon information and belief, Defendant Veterans Choice LLC is not an intrastate motor carrier and therefore the statute does not permit an action directly against this Defendant. To the extent O.C.G.A. § 40-2-140 does allow for direct action against insurers of interstate motor carriers, which it does not, the statute only allows for direct action against an insurer of an interstate motor carrier arising out of a failure to register with the commissioner or a base state as required by the federal Unified Carrier Registration Act of 2005, and therefore the statute does not permit an action directly against this Defendant.

### FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action for attorneys' fees and/or costs upon which relief can be granted against this Defendant.

### SIXTH DEFENSE

The sole proximate cause of the incident complained of was the negligence or other wrongful act or omission of Plaintiff and on account thereof, this Defendant is not liable to the Plaintiff in any amount whatsoever.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## EIGHTH DEFENSE

The negligence of the Plaintiff was equal to or greater than any negligence chargeable to the Defendants, which negligence is specifically denied, and on account thereof, Plaintiff is barred from any recovery against this Defendant whatsoever.

## NINTH DEFENSE

Pending further discovery and to preserve defenses, this defendant submits that Plaintiff's own conduct and actions caused and/or contributed to the alleged injuries. Plaintiff is barred from recovering damages caused by his conduct and actions.

## TENTH DEFENSE

Plaintiff failed to exercise ordinary care for his own safety.

## ELEVENTH DEFENSE

This Defendant incorporates herein by reference all affirmative defenses set forth in O.C.G.A. §9-11-8 (c) and O.C.G.A. §9-11-12 not set forth hereinabove to the full extent applicable, and asserts on the grounds of said affirmative defenses that Plaintiff's Complaint should be dismissed as against it.

## TWELFTH DEFENSE

This Defendant reserves any and all other defenses to which it may be entitled and of which it may learn in the course of the investigation and discovery in this action.

## THIRTEENTH DEFENSE

Without waiving any of the above-enumerated defenses, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

2.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

3.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

4.

This Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

Responding to paragraph 5 of Plaintiff's Complaint, this Defendant states that at the time of the incident that occurred on September 25, 2021, Christopher Brandon Keith was acting as an independent contractor for Veterans Choice LLC. This Defendant denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

7.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

8.

This Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

This Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

This Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

12.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

13.

This Defendant admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

This Defendant admits that it issued Policy No. 2010316555 to Veterans Choice LLC, with policy period from September 29, 2020, to September 29, 2021, which contains certain coverages,

limitations, and exclusions, which speak for themselves. This Defendant denies the remaining allegations, as worded, contained in paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

This Defendant admits the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

18.

This Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

This Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint, and therefore, this Defendant can neither admit nor deny said allegations.

20.

This Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

This Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint, including all subparagraphs.

22.

This Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint, including all subparagraphs.

24.

This Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint, including all subparagraphs.

25.

This Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Responding to that last unnumbered paragraph of Plaintiff's Complaint, and all subparagraphs therein, this Defendant denies that Plaintiff is entitled to a recovery against it in any form, fashion or amount whatsoever.

27.

Any allegation of Plaintiff's Complaint not specifically responded to above, is hereby denied.

WHEREFORE, having fully responded to Plaintiff's Complaint, and having shown the court that Plaintiff is not entitled to a recovery against this Defendant in any form, fashion or amount whatsoever, Defendant Integon Indemnity Corporation respectfully prays this Court for an Order dismissing it without liability and casting all costs upon the Plaintiff.

            STRAWINSKI & STOUT, P.C.

      By: */s/ Nicole Wolfe Stout*
         NICOLE WOLFE STOUT
         Georgia Bar No. 773370
         Attorneys for Defendants Veterans Choice LLC and Integon Indemnity Corporation

3340 Peachtree Road, N.E.
Suite 1445, Tower Place 100
Atlanta, Georgia 30326
Phone:  (404) 264-9955
Fax: (404) 264-1450
nws@strawlaw.con

- 9 -

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing ANSWER OF DEFENDANT INTEGON INDEMNITY CORPORATION, by electronic filing and service upon:

>William D. Holman, Esq.
>4227 Pleasant Hill Road
>Building 11
>Duluth, Georgia 30096

This 5th day of September, 2023.

>*/s/ Nicole Wolfe Stout*
>NICOLE WOLFE STOUT

96-3018

IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| RODERICK CHILES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO. 23A02843 |
| CHRISTOPHER BRANDON KEITH; | ) | |
| VETERANS CHOICE LLC; and INTEGON | ) | |
| INDEMNITY CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## JURY DEMAND

COME NOW, Veterans Choice LLC and Integon Indemnity Corporation, named as a Defendant in the above-styled civil action, and within the time provided by law demand a trial by jury of twelve persons on all issues of fact.

        STRAWINSKI & STOUT, P.C.

By: */s/ Nicole Wolfe Stout*
     NICOLE WOLFE STOUT
     Georgia Bar No. 773370
     Attorneys for Defendants Veterans Choice
     LLC and Integon Indemnity Corporation

3340 Peachtree Road, N.E.
Suite 1445, Tower Place 100
Atlanta, Georgia 30326
Phone: (404) 264-9955
Fax: (404) 264-1450
nws@strawlaw.con

- 2 -

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing JURY DEMAND, by electronic filing and service upon:

> William D. Holman, Esq.
> 4227 Pleasant Hill Road
> Building 11
> Duluth, Georgia 30096

This 5th day of September, 2023.

> */s/ Nicole Wolfe Stout*
> NICOLE WOLFE STOUT

96-3018

- 2 -