**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **RODERICK CHILES,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | 23A02843 |
| **v.** | : | **FILE NO.** |
| | : | |
| **CHRISTOPHER BRANDON KEITH,** | : | |
| **VETERANS CHOICE LLC AND** | : | |
| **INTEGON INDEMNITY CORPORATION** | : | |
| | : | |
| **Defendants.** | : | |

**REQUEST FOR ADMISSIONS TO DEFENDANT**
**VETERANS CHOICE LLC**

**COMES NOW**, RODERICK CHILES, Plaintiff ( Plaintiffs ), and request pursuant to

O.C.G.A. § 9-11-36(a) that Defendant(s) VETERANS CHOICE LLC (hereinafter VETERANS

CHOICE) admit the matters set forth below, or deny same in writing, within thirty (30) days

from the date of service hereof (or 45 days if served along with a copy of the complaint and

summons).  You are hereby notified, pursuant to Rule 37(c) of the Georgia Civil Practice Act,

O.C.G.A. § 9-11-37(c), that if you fail to admit the truth of any matter or the genuineness of

any document as requested under Rule 36 of the Georgia Civil Practice Act, O.C.G.A. § 9-11-

36, and if Plaintiff thereafter proves the truth of any matter or the genuineness of any such

document, Plaintiff will apply to the Court for an order requiring Defendant to pay Plaintiff the

reasonable expenses incurred in making that proof, including reasonable attorney's fees.

1.

    The Defendant admits that at the time of the collision Defendant, VETERANS CHOICE

employed Defendant KEITH and that Defendant KEITH was acting within the course and

**STATE COURT OF
DEKALB COUNTY, GA.
6/26/2023 3:45 PM
E-FILED
BY: Monica Gay**



# EXHIBIT D

scope of his employment and on the business of Defendant VETERANS CHOICE at all times related to the subject crash.

2.

The Defendant admits that jurisdiction and venue are proper in this case.

3.

The Defendant admits that there are no additional corporate or individual entities affiliated with Defendant VETERANS CHOICE who should be joined in this action.

4.

The Defendant admits that it is a proper party to the subject lawsuit.

5.

The Defendant, VETERANS CHOICE admits that the negligence of it's driver, Defendant KEITH is the proximate cause of the collision described in the Complaint.

6.

The Defendant admits that the Plaintiff sustained damages as a result of the subject collision.

This the __26th__ day of __June__, 2023.

Respectfully submitted,

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
(770) 495-6624
wholman@attorneykennugent.com

*/S/ William D. Holman*
William D. Holman
Attorney for Plaintiff
Georgia Bar No. 363825

STATE COURT OF
DEKALB COUNTY, GA.
6/26/2023 3:45 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **RODERICK CHILES,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **FILE NO.** 23A02843 |
| | : | |
| **CHRISTOPHER BRANDON KEITH,** | : | |
| **VETERANS CHOICE LLC AND** | : | |
| **INTEGON INDEMNITY CORPORATION** | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF S FIRST INTERROGATORIES TO DEFENDANT**
**VETERANS CHOICE LLC**

TO:   VETERANS CHOICE LLC and their attorney of record

**COMES NOW** RODERICK CHILES, the Plaintiff in the above-styled action and serves these Interrogatories upon the above-named Defendant(s) as an opposite party and request that they be fully answered in writing and under oath within forty-five (45) days of the date of service.  These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. § 9-11-26 and 9-11-33.  These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or that there be any other witness(es) or evidence.  Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives.  If Defendant is unable to answer a question completely, the question should be answered as fully as possible.  When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "Person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.      "Occurrence" refers to the collision made the basis of the Complaint.

4.      (a)      "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## **INTERROGATORIES**

1.

Identify each person or entity, whether a party to this action or not, known or believed by you to have been negligent or at fault, or who otherwise may be liable in whole or in part for Plaintiff's alleged damages in connection with the occurrence complained of in this action.  As to each person or entity identified, describe the nature of the negligence, fault or liability alleged and set forth the facts relevant to your response.

2.

Describe in detail the precise nature and scope of this Defendant's business relationship with the named Defendant-driver named herein in the 12 months prior to and including day of the subject wreck and state whether the Defendant-driver was acting within the course and scope of their employment for this Defendant at the time and place of the subject wreck.  If you

contend the Defendant-driver was not acting within the course and scope of their employment for this Defendant at the time of the wreck, please state the factual basis for that claim and identify who you contend the Defendant-driver was working for at the time of the wreck.

3.

State in detail the factual basis for each and every affirmative defense you raised in your Answer to the Complaint.

4.

State whether this Defendant admits that the Defendant-driver negligently caused the subject occurrence.  If your answer is in the negative, please explain the basis for that denial, including a description of any negligent acts of other persons or entities that you contend contributed to this wreck.

5.

Do you contend that service of process has been deficient on you in this matter?  If so, please describe and state with specificity all factual and legal bases supporting any such contention(s).

6.

If any named defendant is improperly identified, please provide the proper identification and state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

7.

Do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law?  If so, please identify each such contention and describe and state with specificity all factual and legal bases supporting any such contention(s).

8.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issue of liability, causation or damages in this case.  Please include a brief description of the nature of such person's knowledge, their phone number(s), address(es), place of employment, and present whereabouts.

9.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to Plaintiff's physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

10.

Please state whether any of the people identified in Interrogatories Nos. 9 and 10 above made or gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify all such persons giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.).  Also, identify the taker and present custodian of such statement(s).

11.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence.  As to each item, please state the following:  the

nature of such item; how many of such items exist (for example, 15 photographs); the name,

address, and employer of the person making or supplying such item; and the identity of the

person who presently possesses such item.

12.

State the date on which the Defendant-driver first drove a truck for or was employed by

this Defendant and the date on which that employment terminated.

13.

State whether the Defendant-driver was tested for drugs or alcohol after the subject

collision.  If so, identify the person who administered such test, the type of test administered and

state the results of all such test.

14.

Please state in detail how you contend the subject occurrence took place and the order in

which the events took place, to include the purpose of the trip by the Defendant-driver, their

destination, and from where they left.  Please include in this response a listing of each person,

force of nature, act of God, and/or circumstance you believe to have caused or contributed to

causing the subject occurrence and/or any of Plaintiff's damages.

15.

State whether any test, experiment, inspection, chart or measurement has been made with

respect to the scene of the collision-in-suit, or any object involved.  State the name, current

address and telephone number of each person who participated in such a test, experiment,

inspection, chart, or measurement, and the date and nature of their participation.  Identify all

documents, pictures/videos and other data generated as a result of such activities.

16.

Please identify any and all investigators, mechanics, adjusters, claims representatives, experts or any other person who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insurers.

17.

Please state whether any inspection of the subject truck driven by Defendant-driver was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the person(s) performing such inspection.  Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the subject truck.

18.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives in connection with the subject occurrence, and if so, identify all persons who have reviewed a copy of such report(s), the place where such report(s) is located, and the present custodian of the same.

19.

Was the vehicle driven by the Defendant-driver equipped with any on-board monitoring devices such as a GPS or Qualcom system?  If so, was any data, reports or records that pertain to those devices generated that cover the 24 hours prior to and including the wreck?

20.

Was the vehicle driven by the Defendant-driver equipped with any black box, engine control module, or vehicle control module at the time of the wreck? If so, has the data from those devices been retrieved and retained?

21.

Describe in detail all precautions this Defendant took to control the speed and driving conduct of drivers such as the Defendant-driver, i.e. the use of governors, the monitoring of Qualcom records, etc.

22.

Identify every person who has discussed this wreck with this Defendant or the Defendant-driver.

23.

Please identify the following individuals as of the date of the occurrence and at present:

(a)     Person(s) responsible for the inspection, maintenance, and repair of this Defendant's vehicle that was involved in the subject wreck;

(b)     Safety Director;

(c)     Person(s) responsible for training employees/drivers, including the Defendant-driver;

(d)     Person(s) responsible for interviewing and/or hiring employees/drivers, and specifically the Defendant-driver;

(e)     Person(s) responsible for supervising drivers, including the Defendant-driver;

(f)     Person responsible for ensuring that the Defendant-driver maintained current log books, permits, licenses, and certifications;

(g)     Person in charge of the drug testing of drivers including the Defendant-driver;

and

(h)     Person(s) responsible for dispatching or assigning the Defendant-driver their

work tasks on day of the subject wreck.

24.

Please state whether this Defendant, its agents, its attorneys, or its insurers, on its own or

through any other person, obtained or obtains information, from any private source or

governmental agency, about the driving history, driving violations, criminal violations, motor

vehicle record, or other driving qualifications of the persons this Defendant hires or allows to

drive vehicles for this Defendant's benefit.  If so, please state, by job title, to which employees

this inquiry applies, from whom this information is obtained (including, but not limited to any

governmental agency or entity), and exactly what information is obtained or, as a matter of

policy, sought to be obtained.  Also, please state the same as to each person through which such

information was requested or obtained concerning the driver involved in the subject occurrence

and the dates upon which such information was obtained concerning the driver operating the

truck involved in the subject occurrence.

25.

With respect to the Defendant-driver, please state the following:  their date of birth;

Social Security number; Driver's license number and state of issuance; their present home

address; all of said driver's previous residence addresses for the past five years, including the

street address, city, state, and zip code; their mode of compensation; and any special

certifications they have ever held while employed by this Defendant.

26.

State how the Defendant-driver was selected by this Defendant to drive the subject vehicle; how long they had been authorized to drive the subject vehicle; and whether there have ever been any criticisms related to their driving or job performance of which this Defendant is aware.

27.

State whether the Defendant-driver was criticized, reprimanded, or any of their job duties were altered in any fashion as a result of the subject collision.  If your answer is in the affirmative, please state in detail the basis for the affirmative answer.

28.

State the number of hours the Defendant-driver had worked and had been on duty in the seven days prior to this collision.

29.

List each motor vehicle collision, traffic violation, or other crime committed or allegedly committed by the Defendant-driver of which this Defendant was aware prior to the wreck.  For each such event listed, identify and explain how and from what source this Defendant was made aware of each such event.

30.

Identify each and every traffic citation or motor vehicle collision that the Defendant-driver has received or been involved in while driving for this Defendant.

31.

Describe all steps taken by, or for the benefit of, this Defendant to evaluate the training, health, experience, and qualifications of the Defendant-driver before they were allowed to drive for this Defendant.

32.

Identify all training, instruction, handbooks, videos and/or seminars provided to persons who drive trucks for this Defendant, including but not limited to those that haul hazardous materials, and identify all such training/instruction/handbooks/videos and/or seminars were provided to the Defendant-driver.

33.

Did the Defendant-driver violate any policy, standard, guideline, recommendation or rule of this Defendant in connection with the subject wreck?  If so, please state the substance of the rule/policy/standard and explain how the same was violated by the Defendant-driver.

34.

Please identify any person that this Defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:  identify the subject matter of which the person is expected to testify; identify the substance of the facts and opinions as to which the person is expected to testify; summarize the grounds for such opinions; and identify all documents and professional references upon which such person may base his or her testimony and opinions.

35.

As to any policy of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of or all of any judgment rendered in favor of the Plaintiff against any Defendant, state the name and address of the insurer of each such policy, the name and address of each insured on each such policy, the policy number of each such policy, and the limits of liability in such policy as same might apply to Plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident.   State also whether the policy is drawn down or reduced as a result of the expenses of litigation.

36.

Identify, including the names, business titles, job positions and descriptions, addresses and home and business telephone numbers, the person or persons who assisted in any way in responding to these Interrogatories, and specify the particular response or responses to which each person responded.

37.

Identify all documents and other tangible things which constitute or contain matters relevant to the subject of this lawsuit or which were relied on or referred to in answering these Interrogatories.  Please include in your response to this Interrogatory identification of all documents or tangible things that you intend to introduce as evidence at the time of trial.

38.

State the exact weight of the vehicle operated by the Defendant-driver at the time of the collision.

39.

State whether you have a policy against cell phone use while employees are driving your vehicles?  If so, please describe such policy.

40.

State whether the tractor or trailer driven by the Defendant-driver had been placed out of service at any time prior to the subject collision.  If so, state when, where and why such out of service status was put on the subject tractor or trailer.

41.

Identify all persons and entities that brokered or in any way was responsible for contracting the subject load with you.

42.

Describe in detail how this Defendant was engaged to haul this load including who contacted this Defendant, gave it the pickup and drop-off locations, made payment, or was supposed to make payment for, this load.


This the ___26th___ day of ___June___, 2023.

Respectfully submitted,


4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
(770) 495-6624                                     /S/ William D. Holman_____
wholman@attorneykennugent.com          William D. Holman
                                                          Attorney for Plaintiff
                                                          Georgia Bar No. 363825

                        STATE COURT OF
                        DEKALB COUNTY, GA.
                        6/26/2023 3:45 PM
                        E-FILED
                        BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

RODERICK CHILES,                                  :
                                                  :
         **Plaintiff,**                 :          **CIVIL ACTION**
                                                  :                23A02843
**v.**                                            :          **FILE NO.**
                                                  :
**CHRISTOPHER BRANDON KEITH,**                    :
**VETERANS CHOICE LLC AND**                       :
**INTEGON INDEMNITY CORPORATION**                 :
                                                  :
         **Defendants.**                :


### PLAINTIFF S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT VETERANS CHOICE LLC

TO:     VETERANS CHOICE LLC and their attorney of record

      **COMES NOW** RODERICK CHILES, the Plaintiff and serves these Requests for

Production upon the above named Defendant and request that they be fully answered in writing

and under oath within forty-five (45) days of the date of service.  Each Request is addressed to

the personal knowledge of the Defendant, as well as to the knowledge and information of

Defendant's attorneys, investigators, agents, employees, and other representatives.  If Defendant

is unable to comply with a Request completely, the Request should be produced as fully as

possible.  When a Request is directed to Defendant, the Request is also directed to the

aforementioned persons.  These Requests shall be deemed continuing, and you are under a duty

to seasonably supplement or amend a prior response.

      If no such information exists to comply with a particular Request, please state that fact.

Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail to Plaintiff's counsel's address as listed herein; if documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.      "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "Person" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.      "Occurrence" refers to the collision made the basis of the Complaint.

## REQUESTS FOR PRODUCTION

The documents to be produced are the following:

1.

Please produce copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but not limited to, the issues of liability, causation or damages.

2.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and/or concerning any of the issues relevant in this lawsuit, to include, but not be limited to, the issues of liability, causation and damages.

3.

Please produce a copy of any incident/accident reports prepared by any agent, employee, or officer on behalf of this Defendant concerning the subject collision and/or any claim or potential claim arising out of said collision.

4.

Produce a copy of all documents or other materials this Defendant has generated or received from any person as a result of this collision.

5.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) that do or may afford liability insurance coverage to this Defendant with respect to

Plaintiff's claims against this Defendant.  This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

6.

Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit.  Also, please produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

7.

Please produce a copy of the paycheck, paycheck stub, time card, or any documentation of time worked by the Defendant-driver for the time period during which this collision occurred. This request includes copies of any materials which reflect any expenses (such as mileage, gas, etc.) which are reimbursed.

8.

Please produce a copy of the logs for trips made by the Defendant-driver for this Defendant for the fourteen days prior to the subject collision, the date of said collision, and the seven days subsequent to said collision.

9.

Please produce a copy of any and all instructions manuals, employee rules, regulations, training videos, or any driver/employee handbook provided to the Defendant-driver or any handbook in force and effect for drivers of this Defendant at the time of the subject collision.

10.

Please produce copies of all manuals or documents that relate to the qualifications for this Defendant's drivers and/or your policies regarding the screening, hiring and monitoring of persons who drive for the benefit of this Defendant.

11.

Please produce a complete copy of the driver qualification file, your personnel file, and all other files maintained concerning the Defendant-driver involved in the subject collision.

12.

Please produce copies of any and all trip sheets, bills of lading, shipping documents, or any and all other documents of any kind or by any other name which reflect information concerning the trip being made by the Defendant-driver at the time the subject collision occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

13.

Please produce a copy of any documentation of any kind received by this Defendant from any person, corporation, or insurer relative to the performance of the Defendant-driver as a driver or employee to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning the Defendant-driver's work or background as a driver and employee from the time he first worked for this Defendant to include, but not be limited to, the date of the collision and any information received concerning the requested subject matter subsequent to said collision.

14.

Please produce any report or statement concerning the collision given by the Defendant-driver and given to this Defendant, the police, any insurer, or any other person concerning the collision set forth in the Complaint.

15.

Please produce a complete copy of maintenance records, repair records, and inspection records on the vehicle operated by the Defendant-driver and involved in the subject collision from the last two years preceding the subject collision to the current time. This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject vehicle from two years prior to the subject collision to the present date.

16.

Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to the vehicle driven by the Defendant-driver in the subject collision and who repaired the vehicle after the subject collision.

17.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

18.

Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other

name, that concerns Plaintiff's physical or medical condition, injuries, or damages that have not

been supplied to you by Plaintiff's counsel.

19.

Please produce copies of any and all documents obtained or generated as a result of the

Defendant-driver's driving for this Defendant or its agents, officers, and employees or generated

for consideration of the Defendant-driver as a driver and employee for this Defendant.

20.

Please produce any and all documents that in any way pertain to the Defendant-driver's

qualifications (or lack thereof) to drive professionally for this Defendant to include prior

references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other

information that reflects negatively or positively upon said driver's driving or driving ability.

21.

Please produce copies of any and all information sent to or received from or through any

of your insurers concerning the collision giving rise to this litigation including, but not limited to,

documents in the possession of your liability insurance carrier with respect to the issue of

liability in this case.

22.

Please produce copies of all motor vehicle reports or reports of any kind received from

any private corporation or individual, or other business entity, or any governmental entity

relative to the driving history, driving record, and driving infractions or criminal history of the

Defendant-driver.

23.

Please produce a copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

24.

Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon the Defendant-driver by any person including but not limited to any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

25.

Please produce copies of any and all citations received by the Defendant-driver from any law enforcement officer to include citations relevant to any violation of any law, ordinance, or rule of road of any state as a result of this collision.

26.

Please produce copies of any data and reports that have been downloaded or generated from data recorded by the vehicle engine and/or vehicle control modules, the "black box," GPS or Qualcom devices or other trip recording devices that pertain to the vehicle driven by the Defendant-driver in this wreck.

27.

Please produce all Qualcom records (or any other similar type vehicle monitoring records) that pertain to any vehicle driven for this Defendant by the Defendant-driver.

28.

Please produce copies of any tapes or recordings made on the day of the wreck that relate to the subject collision.

29.

Please produce any documents or materials that you contend show that any other entity or person is responsible for the subject collision.

30.

Produce all documents that discuss, reference or mention any issue concerning recommended or safe driving practices for persons who drive vehicles for this Defendant, including but not limited to, handouts, videos or other materials.

31.

Produce all documents discussing the use or benefit of using Qualcom devices or other similar type tracking devices on this Defendant's vehicles.

32.

Produce all documents evidencing any changes in this Defendant's practices or policies that pertain to driving, hiring, screening or retention of drivers for this Defendant that have been implemented since the subject wreck.

33.

Produce a copy of the Complaint and Answer of all lawsuits filed against this Defendant in the last 10 years that arose out of a collision between a vehicle for the benefit of you and another vehicle or person that resulted in a personal injury.

34.

Produce a copy of all audits or compliance reviews conducted by or for this Defendant or any governmental agency relating to its motor vehicle operations, hiring, monitoring or screening of drivers, or this Defendant's compliance with the Federal and State Motor Carrier regulations.

35.

Produce an organizational chart for this Defendant from the time of the wreck to the present.

36.

Produce the personnel file of the person directly responsible for supervising the Defendant-driver.

37.

Produce all documents and materials that were either identified or relied upon in your responses to Plaintiff's First Interrogatories.

38.

Produce a copy of all driver's license and other certificates or permits held by the Defendant-driver that related to their qualifications to drive for this Defendant.

39.

Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff's physical or medical conditions.

40.

Produce a copy of all safety policies that relate to any of the Defendant-driver's job activities they perform or did perform for this Defendant including any policies addressing cell phone use while driving.

41.

Produce a copy of all documents exchanged between this Defendant and any other person concerning the subject load.

42.

Produce a copy of all documents exchange between this Defendant and any of the other Defendants in this case at any time.

This the __26th__ day of __June__, 2023.

Respectfully submitted,

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
(770) 495-6624
wholman@attorneykennugent.com                /S/ *William D. Holman*_____
                                              William D. Holman
                                              Attorney for Plaintiff
                                              Georgia Bar No. 363825

STATE COURT OF
DEKALB COUNTY, GA.
6/26/2023 3:45 PM
E-FILED
BY: Monica Gay

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| RODERICK CHILES, | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| v. | : | **FILE NO.** 23A02843 |
| | : | |
| CHRISTOPHER BRANDON KEITH, | : | |
| VETERANS CHOICE LLC AND | : | |
| INTEGON INDEMNITY CORPORATION | : | |
| | : | |
| Defendants. | : | |

**REQUESTS FOR ADMISSIONS TO DEFENDANT**
**CHRISTOPHER BRANDON KEITH**

1.

Admit that you have been correctly named in the instant action insofar as the legal

designation of names is concerned.

2.

Admit that you were solely responsible for the collision that occurred involving your

vehicle and Plaintiff's vehicle that occurred on or about September 25, 2021.

3.

Admit that Plaintiff RODERICK CHILES was not contributorily negligent in said

collision.

4.

Admit that Plaintiff RODERICK CHILES did nothing wrong with regard to said

collision.

5.

Admit that Plaintiff RODERICK CHILES did not assume the risk of injury with regard to said collision.

6.

Admit that you failed to remain stopped until it was safe to pass the Plaintiff.

7.

Admit that your actions were the proximate causes of the collision that occurred with Plaintiff.

8.

Admit that Plaintiff RODERICK CHILES was injured in this accident.

9.

Admit that the Plaintiff RODERICK CHILES' injuries were caused by this accident.

10.

Admit that the Plaintiff RODERICK CHILES incurred medical expenses as a result of this accident.

11.

Admit that the charges for the medical bills that Plaintiff RODERICK CHILES has presented to date are reasonable and customary.

12.

Admit that venue is proper in the State Court of DeKalb County.

13.

Admit that you were served with a copy of the Summons and Complaint.

14.

Admit that you were in the course and scope of your employment with VETERANS

CHOICE LLC at the time of the subject collision occurring on September 25, 2021.


This   26th   day of   June  , 2023.


                                                Respectfully submitted,


4227 Pleasant Hill Road
Building 11
Duluth, Georgia  30096              By:    /S/ William D. Holman
(770) 495-6624                              William D. Holman
wholman@attorneykennugent.com              Georgia Bar No.  363825
                                           Attorney for Plaintiff


                                    STATE COURT OF
                                    DEKALB COUNTY, GA.
                                    6/26/2023 3:45 PM
                                    E-FILED
                                    BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

RODERICK CHILES,                          :
                                          :
        Plaintiff,                        :    CIVIL ACTION
                                          :
v.                                        :    FILE NO.  23A02843
                                          :
CHRISTOPHER BRANDON KEITH,                :
VETERANS CHOICE LLC AND                   :
INTEGON INDEMNITY CORPORATION             :
                                          :
        Defendants.                       :

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT CHRISTOPHER BRANDON KEITH

TO:    CHRISTOPHER BRANDON KEITH and his attorney of record

**COMES NOW** RODERICK CHILES, the Plaintiff in the above-captioned case, and

hereby requires that Defendant answer under oath and in writing the following interrogatories

within 30 days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the

answers be furnished to Plaintiff's attorney.

NOTE A: When used in these interrogatories, the term defendant or any synonym thereof

is intended to and shall embrace and include, in addition to the said defendant, all agents,

servants, representatives, private investigators and others who are in a position for or may have

obtained information for or on behalf of the defendant.

NOTE B: These interrogatories shall be deemed continuing to the extent required by law.

You are requested to (1) seasonably supplement any response directed to the identity and

location of persons having knowledge of discoverable matters, as well as the identity of each

person expected to be called as an expert witness at trial, the subject matter of which

he is expected to testify and the substance of his testimony; and (2) amend any prior response

if you subsequently learn that the original response was incorrect or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## INTERROGATORY NO. 1

State your full name, current residence address, date of birth, social security number, any and all names, alias and/or nicknames by which you are presently known or have ever been known, and all residence addresses for the past ten years with the inclusive dates that you lived at each place.

## INTERROGATORY NO. 2

List the names and addresses of any relatives you have in the county in which the above-captioned action is pending or any county to which you contend this action must be transferred to for trial.

## INTERROGATORY NO. 3

List the name, address and telephone number of your present employer and all jobs held for the past five (5) years, and as to each such job, include your various responsibilities and duties, the dates of your employment, and the reasons for leaving said employment.

## INTERROGATORY NO. 4

Do you have a valid drivers' license? If so, indicate the license number, the state of issuance, the date of issuance, and all restrictions on your license. Further, indicate if your driver s license was valid at the time of the collision with the plaintiff. If your driver's license has ever been detained, revoked or suspended, state when, for what reason, and for what period of time each such action took place.

INTERROGATORY NO. 5

Describe in detail any and all motor vehicle collisions during the past ten (10) years where you were either a passenger, driver or pedestrian stating the facts and circumstances of each collision, the nature and extent of any and all injuries received as a result of each such collision, and the court, date of filing and disposition of any civil or criminal proceedings related to each listed collision.

INTERROGATORY NO. 6

Did you receive one or more citations as a result of the collision involved herein?  If so, state the traffic laws, ordinances or regulations that were the subject of the citations?  Further, state the name of the court hearing the charges contained in the citation, the date of that hearing, and the sentence, fine or other disposition which resulted from each citation.

INTERROGATORY NO. 7

Have you ever been arrested, pled guilty, pled nolo (no contest) or been convicted of any felony or other crime involving moral turpitude?  If so, please state the offense alleged, the warrant, indictment or case number, the state, county and court involved, the date of the final order, and the outcome (sentence, fine, period of probation) from each such charge.

INTERROGATORY NO. 8

Where had you been prior to the subject accident, where were you going at the time of the subject accident, and what time were you due to arrive at your destination?

INTERROGATORY NO. 9

Please indicate if at the time of the collision out of which this suit arose;

(a)     you were acting as an agent or employee of any person or entity; or

(b)     Whether you were on any errand or mission for, or rendering services or benefit

to, anyone at the time of this incident, and if so; describe the nature of said errand, mission, service or benefit;

(c)    State the name, business and/or residence address, and telephone number of each such agent, employer or person or entity for whom you were on any such errand, mission, or providing such service or benefit.

## INTERROGATORY NO. 10

Please list the name and address of the owner of the vehicle you were driving at the time of the collision involved in this case, and your relationship to such owner.

## INTERROGATORY NO. 11

What damage resulted to the vehicle you were driving at the time of the collision?  Please include a description of each and every portion of the vehicle damaged and the amount of the total loss payment or the cost or estimated cost of said repairs, the name and address of the person or entity estimating or repairing the damage, and the present location of said vehicle.

## INTERROGATORY NO. 12

Describe fully the extent to which any mechanical problems with your vehicle, the condition of the weather, the condition of the highway, the occupants of your vehicle or any other external factor or factors influenced, contributed or led to the collision made the basis of this action.

## INTERROGATORY NO. 13

How long had you operated this particular vehicle?  If you are not the owner of the vehicle, indicate how many prior times you have operated this particular vehicle and if each prior operation was with the consent of the owner.

## INTERROGATORY NO. 14

State whether or not you had consumed any alcoholic beverage or any drug, whether prescription, over the counter, legal or illegal in the twenty-four (24) hour period prior to the occurrence which gave rise to this litigation. If so, state the type of alcoholic beverage or drug, the quantity consumed by you, when the consumption occurred, and over what period of time consumption occurred.

## INTERROGATORY NO. 15

Identify all persons who witnessed you consume any drug or alcoholic beverage within the twelve (12) hour period immediately preceding the subject accident.

## INTERROGATORY NO. 16

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who,

1) saw or claim they saw all or any part of the occurrence complained of in this action?

2) arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

3) have knowledge of relevant information, facts or circumstances in this action?

## INTERROGATORY NO. 17

Identify all persons who have furnished statements, signed or unsigned, to you, your representative or attorney.

## INTERROGATORY NO. 18

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(i), defendant is requested to identify each person whom defendant expects to call as an expert witness at trial, state the

subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

## INTERROGATORY NO. 19

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

## INTERROGATORY NO. 20

Do you, your attorney, insurance carrier, their representatives, or anyone acting in your behalf or their behalf, have in your possession or know anyone who has possession of any still photographs, motion pictures, video tapes, drawings or other graphic representations of the scene of this accident, the wreckage or any part thereof, any vehicle involved in this accident, any object, place or thing involved or relevant to this accident, any reconstruction or simulation of any aspect of this accident, or any of the Plaintiff taken since the time of the accident.

## INTERROGATORY NO. 21

If your answer to the foregoing Interrogatory was in the affirmative, please identify and describe each photograph, motion picture, or video tape:

    (a)    the subject matter of each stating what views, scenes, or objects each depicts;

    (b)    the name, business and residence address, and telephone number of each person who took, made or prepared each;

    (c)    the total number of still photographs taken, and the total length of footage taken in any such motion pictures or video tapes;

    (d)    the date each was taken and/or made;

(e)     the name, address and telephone number of the custodian of each;

## INTERROGATORY NO. 22

Does any insurance agreement or indemnity agreement exist covering yourself, and/or the vehicle which you were in at the time of the collision involved in this lawsuit, under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action? If so, state the type of policy, the name and address of the insurer, the policy number, the name and address of the person or persons insured, the policy number, the effective date of the coverage and the limits of coverage provided by such agreement.

## INTERROGATORY NO. 23

State specifically all facts and legal theories which you contend support the defenses set forth in Defendant's answer including, but not limited to, defenses based on lack of jurisdiction of the subject matter, lack of jurisdiction of the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, failure to join a party under O.C.G.A. 9-11-19, failure to correctly name a Defendant, or failure to sue a real party in interest.

## INTERROGATORY NO. 24

State specifically any and all medical conditions of Plaintiff that Defendant contends in any way affects the claim that the Plaintiffs have made in this action. For each such condition, identify any documents, photographs, statements, reports or other similar items which contain information regarding the condition, and any person who has information regarding such condition.

INTERROGATORY NO. 25

Please state the content of each and every statement made by any Plaintiff in this action to you, or in your presence, which you overheard at the scene of this collision, in traffic court or at any other occasion when you came in contact with any Plaintiff. Include with regard to each such statement the party whom the statement was directed, and the date and time of the statement.

INTERROGATORY NO. 26

Please state the content of each and every statement made by you to any Plaintiff in this action, or to the police officer at the scene of this collision, in traffic court or at any other occasion when you came in contact with any Plaintiff. Include with regard to each such statement the party whom the statement was directed, and the date and time of the statement.

INTERROGATORY NO. 27

Were you familiar with the general area where this accident occurred?

INTERROGATORY NO. 28

Describe as best you recall the events leading up to and including the instant of the collision including in your answer:

1)    The speed of your vehicle immediately before the collision;

2)    If you were operating a cell phone or otherwise distracted immediately prior to the collision;

3)    The length of any skid marks you observed at the scene;

4)    The distance in car lengths from your vehicle to the Plaintiff's vehicle when you first observed the Plaintiff's vehicle; and

5)      The location of your vehicle with reference to the intersection or other roadway

markings at the time you first noticed the Plaintiff's vehicle.

## INTERROGATORY NO. 29

State in detail your version of how the subject accident occurred, including what you did

to avoid the accident and what you believe the plaintiff did or could have done to avoid the

collision.

## INTERROGATORY NO. 30

Identify every act by which you claim the plaintiff unreasonably exposed himself to a

foreseeable risk of injury.


This the  26th   day of   June  , 2023.



                                        Respectfully submitted,


4227 Pleasant Hill Road
Building 11
Duluth, Georgia  30096
(770) 495-6624
wholman@attorneykennugent.com    By:    /S/ William D. Holman
                                        William D. Holman
                                        Georgia Bar No. 363825
                                        Attorney for Plaintiff


                                   STATE COURT OF
                                   DEKALB COUNTY, GA.
                                   6/26/2023 3:45 PM
                                   E-FILED
                                   BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

RODERICK CHILES,                                :
                                                :
            **Plaintiff,**                      :        **CIVIL ACTION**
                                                :
v.                                              :        **FILE NO.** 23A02843
                                                :
CHRISTOPHER BRANDON KEITH,                      :
VETERANS CHOICE LLC AND                         :
INTEGON INDEMNITY CORPORATION                   :
                                                :
            **Defendants.**                     :

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT CHRISTOPHER BRANDON KEITH

TO:     CHRISTOPHER BRANDON KEITH and his attorney of record

**COMES NOW** RODERICK CHILES, the Plaintiff in the above-captioned case and

hereby requests Defendant to produce and permit Plaintiff, or someone acting on Plaintiff's

behalf, to inspect and copy the following designated documents (including writings, drawings,

graphs, charts, photographs, and other data compilations from which information can be obtained

or translated, if necessary, by the respondent through detection devices into a reasonably usable

form) or to inspect and copy, test or sample any of the following designated tangible things,

which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice

Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party

whom these requests are served.

The production of documents and things designated herein shall be made at the offices of

William D. Holman, Esq., 4227 Pleasant Hill Road, Building 11, Duluth, Georgia 30096 on the

30th day following the service of these requests.

NOTE A: Should any document or thing herein requested come into existence or

become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things requested herein, this request shall be deemed to be continuing in nature.

NOTE B: As an alternative to producing the documents or other evidence of writing designated herein at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within thirty (30) days from the date of service of this request.

Request No. 1

In the event that defendant was licensed to operate a motor vehicle at the time of the incident referred to in the complaint in this action, or is presently licensed to operate a motor vehicle, please produce, as requested, defendant's driver's license(s) or an accurate and legible photostatic copy thereof.

Request No. 2

Please produce a copy of your driving record for the past seven (7) years. In lieu of providing this document, you may sign and verify a letter authorizing Plaintiff s counsel to obtain this information directly from the Department of Public Safety.

Request No. 3

Please produce any and all photographs, sketches, transparencies and/or drawings of any person, party, vehicle, roadway, scene, or any other object or thing relative to the incident referred to in the complaint in this action and the subject matter thereof.

Request No. 4

Please produce any and all accident reports concerning the subject accident, including any that were prepared by you or on your behalf.

Request No. 5

Please produce any and all damage appraisals and repair invoices of defendant's vehicle.

Request No. 6

Please produce the title to the vehicle driven by defendant at the time of the subject accident, or the lease papers or contracts if said vehicle was not owned by defendant.

Request No. 7

Please produce all equipment and maintenance records on the subject vehicle.

Request No. 8

Please produce any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

Request No. 9

Please produce all surveillance movies or photographs which have been made of the plaintiff as well as any diaries or notes prepared during or following this surveillance.

Request No. 10

Please produce any and all reports, whether written or otherwise recorded, made by any expert or experts who has been retained or otherwise employed by defendant in anticipation of litigation or preparation for trial in this action.

Request No. 11

Please produce any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of

any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering defendant or the automobile being driven by defendant at the time of the subject accident.

Request No. 12

Please produce all settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this action, regarding or pertaining to the subject incident or any damages resulting therefrom.

This the  26th  day of   June  , 2023.


Respectfully submitted,

4227 Pleasant Hill Road
Building 11
Duluth, Georgia  30096
(770) 495-6624
wholman@attorneykennugent.com    By:      */S/ William D. Holman*
                                            William D. Holman
                                            Attorney for Plaintiff
                                            Georgia Bar No. 363825

STATE COURT OF
DEKALB COUNTY, GA.
6/26/2023 3:45 PM
E-FILED
BY: Monica Gay