IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA  DIVISION

JONATHAN HOUSCH,

    Plaintiff,

v.

CLASSIC COLLISION, LLC,

    Defendant.

Civil Action No.


JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Jonathan Housch, by and through undersigned counsel, and files this Complaint against Defendant Classic Collision, LLC ("Defendant") and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages and reasonable attorney fees against Defendant for violations of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq* ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, the acts and omissions that give rise to Plaintiff's claims occurred in this District. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391 and 42 U.S.C. §2000(e)-5(f).

## PARTIES

4.

Plaintiff is a Caucasian male citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, C T Corporation System, located at 289 S. Culver Street Lawrenceville, GA 30046-4805.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

8.

Upon Plaintiff's request, the EEOC issued a "Notice of Right to Sue" with respect to Plaintiff's EEOC Charges, entitling an action to be commenced within ninety (90) days of receipt of that notice.

9.

This action has been timely commenced.

## FACTUAL ALLEGATIONS

10.

In or about August 2022, Plaintiff began working for Defendant as an Autobody Technician. Plaintiff is Caucasian/white.

11.

In or around February 2023, Plaintiff transferred to Defendant's Morrow, Georgia location and Joseph (LNU), Store Manager, began making racially and sexually offensive statements towards Plaintiff and his coworkers. Joseph is a bisexual Caucasian male.

12.

Specifically, Joseph stated, "Let me see all your teeth, y'all look like y'all have black people teeth." Joseph also said, "I will hang all you from the roof and suck y'all off until you beg me to stop" and "I will make you screw my girlfriend until you beg me to screw you." Additionally, on multiple occasions Joseph stated, "I'll just starve you out and make you stand in line for welfare like the niggers." Plaintiff repeatedly told Joseph not to talk to him in that manner.

13.

Plaintiff also complained to Daniel (LNU), District Regional Manager, on numerous occasions beginning in February 2023 about Joseph's racist and sexually harassing comments and Daniel always told Plaintiff "Everything's going to be worked out." However, no action was taken with regards to Plaintiff's complaints against Joseph.

14.

In March 2023, Plaintiff filed a complaint with Human Resources against Joseph regarding his sexually harassing and racist statements.

15.

In or around April 2023, Plaintiff returned from lunch and Joseph asked Plaintiff what he was doing and then stated, "I'll make you clean up like a nigger."

16.

In or around mid-May 2023, Plaintiff was talking to a friend on the phone and complaining about how he was being treated by Defendant. Joseph overheard Plaintiff's conversation and stated, "It sucks being treated like a nigger." Later that same day, Joseph called Plaintiff into his office and said he reported Plaintiff's use of the n-word to human resources and that Plaintiff was terminated. Plaintiff never used the n-word.

17.

Approximately one hour after Joseph terminated Plaintiff, Daniel called Plaintiff and said he would transfer Plaintiff to a new store location in Covington and Plaintiff's start date would be May 31, 2023.

18.

On or about May 23, 2023, Plaintiff received a call from a Human Resources representative stating that he would not approve Plaintiff's transfer to a new store because he was not going to keep "a racist cracker" in the company. The Human Resource representative was African American and Joseph told him to fire Plaintiff because Plaintiff was racist, which is not true.

19.

Any reason provided by Defendant for terminating Plaintiff's employment is pretext for unlawful retaliation in response to Plaintiff's protected activity.

20.

As a result of Defendants' unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which he is entitled to recover from Defendant, including lost wages emotional distress.

## **COUNT I: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

21.

Plaintiff re-alleges paragraphs 10-20 as if set forth fully herein.

22.

Plaintiff is a member of a pretected class, i.e., he is a Caucasian male.

23.

Title VII prohibits Defendant from retaliating against Plaintiff for engaing in protected activity.

24.

Plaintiff's complaints and opposition to sexual harrassment and racist conduct constitutes protectd activity under Title VII.

25.

Defendant subjected Plaintiff to adverse employment action (to wit, terminating Plaintiff's employment) because Plaintiff engaged in protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

26.

There was a causal connection between the protected conduct and the adverse action.

27.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

28.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)   General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)   Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)   Damages for lost wages and benefits and prejudgment interest thereon;

(d)   Reasonable attorney's fees and expenses of litigation;

(e)   Trial by jury as to all issues;

(f)   Prejudgment interest at the rate allowed by law;

(g)   Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and

prohibiting Defendant from further unlawful conduct of the type

described herein; and

(i)     All other relief to which he may be entitled.


Respectfully submitted this 6th day of September 2023.

> **BARRETT & FARAHANY**
>
> s/ *V. Severin Roberts*
> V. Severin Roberts
> Georgia Bar No. 940504
> Benjamin J. Rollins
> Georgia Bar No. 613751
>
> *Attorneys for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
severin@justiceatwork.com
benjamin@justiceatwork.com