IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JACOB REVILLS,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHSIDE HOSPITAL, INC.<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Jacob Revills ("Plaintiff" or "Mr. Revills"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Northside Hospital, Inc. ("Defendant") for violations of his rights under the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981a.

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, 42 U.S.C. §1981, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 11, 2022; the EEOC issued its Notice of Right to Sue on June 10, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

### 6.

Plaintiff is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

### 7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

### 8.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

### 9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Susan Sommers, located at 980 Johnson Ferry Road, Suite 70, Atlanta, GA 30343.

## FACTUAL ALLEGATIONS

### 10.

Plaintiff was hired in February 2021 and began working on April 12, 2021, as a Medical Technologist II.

11.

Plaintiff is a Black man.

12.

Plaintiff is a Veteran, and suffers with a service-related disability.

13.

Defendant was made aware of Plaintiff's service-related disability during the interview process, as well multiple times after he was hired, including Plaintiff's request for reasonable accommodations related to his disability.

14.

Plaintiff was trained with a group of new employees, which included men and women of various races.

15.

For the purposes of training, Plaintiff was paired with a white woman, Marie Lavie ("Lavie"), who was hired around the same time as Plaintiff.

16.

Lavie was a French citizen, and English was her second language. Due to Lavie's language barrier, Plaintiff would help her with training tasks.

17.

Further, because of their assigned partnership during training, Plaintiff and Lavie would engage in small talk about banal topics during down time from work, such as Lavie's experience of living in France and gourmet coffee.

18.

The training process, including the pairing of employees, was overseen by Sue Tidwell.

19.

In June of 2021, Tidwell called Plaintiff into her office and started asking Plaintiff about "going to France," and coffee.

20.

Tidwell then informed Plaintiff that a complaint was filed against him and that she was going to "look into it," however, she did not explain to Plaintiff that complaint contained an accusation of sexual harassment or provide any further information to Plaintiff.

21.

Two weeks later, in July of 2021, Tidwell called Plaintiff into her office to sign a human resource document but provided no further information about the document.

22.

Tidwell explained that the meeting was not disciplinary but warned Plaintiff that he should "be careful" when talking with white women because he "live[d] in the South."

23.

Tidwell further told Plaintiff in that meeting that he needed to know his place, and "If it continues, there will be greater consequences."

24.

Plaintiff then asked Tidwell if she was speaking to him about his conversations with white women in the workplace because he was a black man, to which she responded, "Well, you know we are in the South."

25.

Again, Tidwell did not inform Plaintiff during this meeting that the complaint leveled against Plaintiff included an accusation of sexual harassment.

26.

The next day, Plaintiff was called into the human resource office by Chanell Lee and made to watch a sexual harassment video, despite Tidwell never informing Plaintiff that a sexual harassment complaint had been filed against him.

27.

Plaintiff never engaged in inappropriate conversations with Lavie or any other white female employee during his time at Northside.

28.

White male employees that regularly engaged in conversations inappropriate for the workplace, including explicit discussions about sex and drug use were not disciplined.

29.

White male employees that helped Lavie or any other white woman were not told to be careful when communicating with white women.

30.

During the meeting with Lee in July, Plaintiff complained of discrimination to which Tidwell subjected him. Plaintiff made clear to HR how poorly Tidwell informed him of the allegations or the reason he was made to see Lee.

31.

After this meeting, Plaintiff was temporarily moved to another facility in August 2021 at the same pay rate.

32.

Although Plaintiff complained to HR in July, HR did not respond to his complaint of discrimination.

33.

The next contact that HR had with Plaintiff was in September 2021, in which HR gave Plaintiff an ultimatum of taking a position at another branch of Northside Hospital and taking a pay cut or being terminated but was not given a reason for why the ultimatum was made. Initially, Plaintiff only agreed to go along with the ultimatum if given written options regarding employment from Northside. Northside gave no written options to Plaintiff.

34.

Plaintiff eventually acquiesced and began working in the Atlanta branch of Northside Hospital in September 2021.

35.

Plaintiff's managers at the Northside Atlanta Branch told Plaintiff that his dreadlocks, a natural hairstyle part of Plaintiff's culture, were unprofessional.

36.

Plaintiff's co-workers also referred to Plaintiff as "boy," and "retard," and asked if Plaintiff was slow.

37.

On November 3, 2021, several white females complained against Plaintiff for being defensive or not friendly enough.

38.

Plaintiff suffers from the side effects of a traumatic brain injury sustained during Plaintiff's service in United States Military.

39.

Side effects of Plaintiff's disability are that he has difficulty sitting, requiring him to stand or walk during work, and/or can appear to be talking to himself.

40.

Plaintiff regularly complained to the Lab Manager that his coworkers would harass him regarding their perception of the symptoms of his disability.

41.

Plaintiff did not have any negative performance reviews regarding his ability to complete work assignments.

42.

Plaintiff was terminated in November 2021 for repeated tardiness.

43.

Plaintiff's tardiness was caused by road work on I-285. This road work caused other white employees to be tardy as well, but the similarly situated white employees, as well as employees who were not disabled or perceived as being disabled, were not terminated.

## COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

44.

Plaintiff re-alleges paragraphs 10-43 as if set forth fully herein.

45.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

46.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

47.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his race.

48.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

49.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

50.

Plaintiff re-alleges paragraphs 10-43 as if set forth fully herein.

51.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of his gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

52.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

53.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his gender.

54.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his economic, psychological, and physical well-being.

55.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT III:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

56.

Plaintiff re-alleges paragraphs 10-43 as if set forth fully herein.

57.

Defendant's actions, as detailed above, in terminating Plaintiff because of his protected activity constitutes unlawful intentional retaliation in violation of Title VII.

58.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

59.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

**COUNT IV:  VIOLATION OF 42 U.S.C. § 1981**

60.

Plaintiff re-alleges paragraphs 10-43 as if set forth fully herein.

61.

Defendant subjected Plaintiff to discrimination and harassment on the basis of his race (Black).

62.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

63.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

64.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

65.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

66.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

67.

Defendant chose not to take appropriate remedial steps to prevent or correct

the harassment.

## COUNT V:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

68.

Plaintiff re-alleges paragraphs 10-43 as if set forth fully herein.

69.

Plaintiff engaged in protected conduct when he complained about race-based discrimination.

70.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

71.

There was a causal connection between the protected conduct and the adverse action.

72.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

73.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

## COUNT VI:  DISABILITY DISCRIMINATION
## IN VIOLATION OF ADA, AS AMENDED

74.

Plaintiff repeats and re-alleges paragraphs 10-43 as if set forth fully herein.

75.

Plaintiff has one or more physical impairments that substantially limited one or more major life activities.

76.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

77.

Defendants were aware of Plaintiff's disability.

78.

Defendants regarded Plaintiff as having a disability such that he is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

79.

Plaintiff has a record of having a disability such that he is a person with a disability within the meaning of the ADA, as amended.

80.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

81.

Defendants terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

82.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendants violated the ADA, as amended.

83.

Although Defendants purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

83.

Defendants treated other employees outside Plaintiff's protected class more favorably, in that they were not terminated because of a disability.

84.

Defendants' actions in subjecting Plaintiff to less favorable terms and conditions of employment constitutes unlawful discrimination on the basis of this

violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §

12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981a.

85.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and

Defendant's discrimination against Plaintiff was undertaken in bad faith.

86.

Defendant chose not to take appropriate remedial steps to prevent or correct

the harassment Plaintiff suffered as a result of his disability or perceived disability.

87.

The effect of the conduct complained of herein has been to deprive Plaintiff

of equal employment opportunity and has otherwise adversely affected his status as

an employee because of his disability.

88.

As a direct and proximate result Defendants' violation of the ADA, Plaintiff

has been made the victim of acts that have adversely affected his psychological and

physical well-being.

89.

As a result of Defendants' discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

90.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

91.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

92.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted this 6th day of September, 2023.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
Victoria Williamson
*(Pro Hac Vice To be filed)*

*Counsel for Plaintiff Jacob Revills*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matt@justiceatwork.com
victoria@justiceatwork.com