**IT IS ORDERED as set forth below:**



Date: August 24, 2023

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.  21-57646-WLH |
| | ) | |
| KAREN ANNE MITCHELL-SMITH, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| EDWIN K. PALMER, as Trustee for the Estate of Karen Anne Mitchell-Smith, | ) ) ) | |
| | ) | CONTESTED MATTER |
| Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Respondent. | ) ) | |

**ORDER GRANTING MOTION FOR EXAMINATION OF WELLS FARGO BANK, N.A. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

On July 20, 2023, Edwin K. Palmer, Chapter 7 Trustee ("Movant") filed his Motion for

an Order Requiring Wells Fargo Bank, N.A. to Produce Records and to Appear for an

Examination Under Rule 2004 (the "Motion") (Doc. No. 121).  Wells Fargo Bank, N.A. has not appeared in opposition to the Motion.

On August 1, 2023, Karen Mitchell-Smith ("Debtor") filed her Objection (the "Objection") (Doc. No. 124) to Trustee's Motion.  Trustee's Motion and Debtor's Objection came for hearing before the Court on August 24, 2023.  The Court has fully read and considered the pleadings and heard and considered any argument presented by the parties, and for the reasons announced by the Court at the hearing (to be supplemented if necessary), the Court finds that good cause exists to grant the Motion.  Accordingly, it is

**ORDERED** that the Motion be and the same hereby is **GRANTED**.  Wells Fargo Bank, N.A. is **ORDERED** and directed to produce all documents described in Exhibit "A" attached to this Order to Trustee's Counsel no later than 33 days after service of this Order by Trustee's Counsel upon Wells Fargo Bank, N.A. consistent with the service requirements of the Bankruptcy Rules.

It is **FURTHER ORDERED** that Movant (if necessary) may conduct an examination of Wells Fargo Bank, N.A. in accordance with Fed.R.Bankr.P. 2004(b) at a mutually agreed time and place.  It is

**FURTHER ORDERED** that if attendance for the examination cannot be obtained

voluntarily, the Movant may compel such attendance consistent with the terms of this Order.

Prepared by:

*/s/ W. Russell Patterson, Jr.*
W. Russell Patterson, Jr.
Attorney for Trustee
Georgia Bar No. 566920

Ragsdale, Beals, Seigler, Patterson & Gray LLP
229 Peachtree ST NE, Suite 2400
Atlanta, GA 30303-1629
(404) 588-0500
wrpjr@rbspg.com

Parties to be served:

W. Russell Patterson, Jr.
Ragsdale, Beals, Seigler, Patterson & Gray, LLP
229 Peachtree St. NE, Suite 2400
Atlanta, GA 30303-1629

Karen Anne Mitchell-Smith
PO Box 1151
1740 Hudson Bridge Rd
Stockbridge, GA 30281

Karen Anne Mitchell-Smith
107 South West Street, #301
Alexandria, VA 22314

## DEFINITIONS

A.     The term "Documents" is intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure and shall mean any written, printed, recorded, taped, electromagnetically recorded or encoded, graphic or other matter of every type and description that is or has been in the possession, custody, or control of you or any of your agents and attorneys, or of which you have knowledge and shall mean writings of every kind, source, and authorship, both originals and/or all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including, without limitation, any government agency, department, administrative entity, or personnel.  The term shall include handwritten, typewritten, stenographic, printed, photocopied, photographic, or recorded matter and transcriptions.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

For purposes of illustration, and not limitation, the term shall include: correspondence; transcripts of testimony; letters; notes; messages; emails; electronic communications; electronically stored information; flash drives; external hard drives; metadata reports; papers; files; other communications sent or received; diaries; calendars; logs, notes, or memoranda of telephonic or face-to-face conversations; drafts; work papers; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes, resolutions summaries, notes, and

other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills, statements, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments; ledgers, journals, balance sheets, profit and loss statements, financial statements; audit reports; tax returns; and other sources of financial data; notes, loan documents, collateral documents, photographs; tapes; video tapes; movies; contracts; sub-contracts; bids; work orders; change orders, draw requests, sub draw requests; job ledgers; worksheets; drafts; agreements; records; analyses; statements; interviews; affidavits; printed matter (including published books, articles, reprints; speeches, and newspaper clippings); computer print-outs; data processing cards; data storage cards; and the like; press releases; charts; drawings; plans, sketches; estimates, calculations; diagrams; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any person, agency, or entity; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, testings, manuals, procedures, data, reports, and results; résumés and CV's; records of administrative, technical, and financial actions taken or recommended; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.  Where originals of such documents are not available or are not in your possession, custody, or control, every copy of every such document; and every copy of every such document where such copy is not an identical copy of the original or where such copy contains any commentary or notation whatsoever which does not appear on the original.

    B.    "Debtor" as used herein shall refer to Karen Anne Mitchell-Smith who filed her Bankruptcy Case on October 10, 2021 in the United States Bankruptcy Court for the Northern

District of Georgia, Atlanta, Division, Case No. 21-57646-WLH, (Social Security No. -3928), and she also filed a prior bankruptcy case on September 12, 2019, Case No. 19-64507-WLH.

  C.  "Deponent" as used herein shall refer to Wells Fargo Bank, N.A.

Pursuant to Federal Rule of Civil Procedure 34 and Federal Rules of Bankruptcy Procedure 2004, 7034, and 9014 Deponent shall produce true and correct copies, properly certified as authentic by the responsible custodian, of the following:

## DOCUMENTS REQUIRED FOR PRODUCTION

1.

All documents which evidence, show, refer to, or support any bank account, investment account, retirement account or other deposit account on which Debtor was a named account holder and/or a signatory at anytime during the period January 1, 2019 through August 31, 2023. These documents should include, without limitation, all bank account statements, cancelled checks, deposit items, credit items, debit items, and all other account documents.

2.

With regard to any accounts referenced in Deponent's response to Request Number 1 herein, provide all documents which evidence, show, refer to, or support all credits to said account(s) during the period January 1, 2019 through August 31, 2023 inclusive, including, without limitation, all deposit slips, all deposit items (front and back), all wire transfer advices (monies in) and all other documents which support any credit(s) to the account(s) during that time period.

3.

With regard to any accounts referenced in Deponent's response to Request Number 1 herein, provide all documents which evidence, show, refer to, or support any debits to said account(s) during the period January 1, 2019 through August 31, 2023 inclusive, including, without limitation, all canceled checks (front and back), wire transfer advices, and all other documents which evidence or support any debit to said account and the recipient (or transferee) of that debit.  In addition, if any debit item was exchanged for a cashiers' check, certified check or other form of bank check, produce a copy (front and back) of the cashier's check, certified check and/or other form of bank check.

4.

All documents which evidence, show, refer to, or support the signatories on any account held or owned by Debtor, including, without limitation, the signature cards.

5.

If Debtor is a signatory on any "entity" account (i.e. corporation, LLC, LLLP, etc.) all documents which evidence, show, refer to, or support the entity formation and/or entity existence, including, without limitation, certificates of formation, minutes, resolutions, membership and/or shareholder agreements, operating agreements, registrations, secretary of state filings and/or registration documents, and all other documents in the possession of Deponent indicating the entity is/was a valid legal entity.

6.

Deponent's entire loan file with regard to any loans to Debtor specifically including, <u>without limitation</u>, all correspondence, communication, loan documents, appraisals, construction agreements, construction draws, financial statements, tax returns, funding requests, closing and/or settlement statements, construction schedules, draw requests, loan deposits to borrower account(s), loan payment history, all documents which evidence, show, refer to, or support payments against the loan and the "source" of those payments to Deponent, demands,

foreclosures, and all other documents which evidence, show, refer to, or relate to any loan to Debtor or any payment against the loan at any time during the period January 1, 2019 through August 31, 2023.  In addition to the forgoing, also produce Deponent's entire loan file with regard to any loans <u>guaranteed</u> by Debtor during the period from 2019 through 2023 inclusive, specifically including, without limitation**,** all correspondence, communication, loan documents, appraisals, construction agreements, construction draws, financial statements, tax returns, funding requests, closing and/or settlement statements, construction schedules, draw requests, loan deposits to borrower account(s), loan payment history, all documents which evidence, show, refer to, or support payments against the loan and the "source" of those payments to Deponent, demands, foreclosures, and all other documents which evidence, show, refer to, or relate to any of the aforesaid loans.

7.

All documents which evidence, show, refer to, or support any individual receipts or monthly statements for any and all charge card accounts in the name of Debtor during the period January 1, 2019 through August 31, 2023 inclusive.  Said documents should also include the card payment history and all documents which evidence, show, refer to, or support any payment received by Deponent as payment against the balance owed on the card during the relevant time period.

[End of Exhibit "A" to the Order]