# EXHIBIT 1

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-05542-S4**
**8/4/2023 10:45 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Victoria Leighton**

- 23-C-05542-S4

CIVIL ACTION NUMBER:_____

PLAINTIFF

VS.

**Zwicker & Associates, P.C.**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Jason Tenenbaum, Esq.
1600 Ponce De Leon Blvd.
10th Floor
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
   4th day of August, 2023

Tiana P. Garner
Clerk of State Court

By _____
   Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

1

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-05542-S4**
**8/4/2023 10:45 AM**
TIANA P. GARNER, CLERK

## IN THE GWINNETT COUNTY COURT
## STATE OF GEORGIA

| | |
|---|---|
| **VICTORIA LEIGHTON,**<br><br>Plaintiff,<br><br>v.<br><br>**ZWICKER & ASSOCIATES, P.C.,**<br><br>Defendant. | Case No.:<br>23-C-05542-S4<br><br><br>**JURY DEMAND** |

### COMPLAINT

Plaintiff Victoria Leighton, by and through the undersigned counsel, complains, states, and alleges for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") against defendant Zwicker & Associates, P.C., as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the FDCPA.

2. The FDCPA was enacted to protect citizens from such abuses by debt collectors, like the ones described in this Complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014) (noting that "Congress passed the FDCPA in 1977 to stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" (internal quotation marks

omitted)). To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act. *Id.* at 1258.

4. The 11th Circuit applies the "least-sophisticated consumer" standard. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010) (explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA).

5. Under the foregoing standard, a debt collector violates § 1692e by making a representation in a letter that would be deceptive or misleading to the "least sophisticated" recipient of the letter. *Id.* at 1193–95.

6. Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the "least sophisticated" debtor subjected to the practice. *Id.* at 1201.

7. The least-sophisticated consumer standard is intended to protect "all consumers, the gullible as well as the shrewd." *Id.* at 1194 (internal quotation marks omitted).

## JURISDICTION AND VENUE

8. This is an action for damages within the jurisdiction of this Court.

9. This is an action for damages for Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorney's fees.

10. This Court also has jurisdiction over the Plaintiff's claim.

11. Venue is also proper in Gwinnett County, Georgia as a substantial part of the events or omissions giving rise to the claims occurred in this County and Plaintiff resided in this County at the time of the events.

12. This Court has jurisdiction over defendant Zwicker & Associates, P.C. because it regularly transacts business within this County, derives substantial revenue from services rendered

in this County, have committed tortious acts within this County and have caused injury to persons within this County as described herein.

## PARTIES

13. Plaintiff Victoria Leighton is an individual who is a citizen of the State of Georgia with residence in Lilburn, Gwinnett County, Georgia.

14. Plaintiff is a natural person allegedly obligated to pay a debt.

15. Defendant Zwicker & Associates, P.C. ("Z&A") is a company existing under the laws of the State of Connecticut, with its principal place of business in Enfield, Connecticut.

16. Z&A has transacted business within this state as is more fully set forth hereinafter in this Complaint.

17. Z&A regularly collects or attempts to collect debts asserted to be owed to others.

18. Z&A is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

19. The principal purpose of Z&A's business is the collection of such debts.

20. Z&A uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

21. Z&A is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

22. At all material times herein, Z&A's conduct, with respect to the debt complained of below, qualifies as "communication" as defined by 15 U.S.C. § 1692a(2).

23. All necessary conditions precedent to the filing of this action occurred or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

24.  Z&A alleges Plaintiff owes a debt for a personal credit card account to American Express ("AMEX").

25.  In an attempt to collect the alleged debt, AMEX placed, transferred, and/or assigned the alleged debt to Z&A for purposes of collection.

26.  However, prior to placing the account with Z&A, Plaintiff retained counsel to assist Plaintiff with the AMEX debt, and on November 11, 2021, then again on December 13, 2021, Plaintiff's counsel, Fair Credit Law Group, LLC, notified AMEX of its representation of Plaintiff and demanded all further communications to cease directly with Plaintiff.

27.  In fact, AMEX acknowledged receipt of Plaintiff's attorney's correspondence.

28.  Thereafter, AMEX placed, transferred, and/or assigned the alleged debt to Z&A for purposes of collection on behalf of AMEX.

29.  It is standard practice for a creditor to inform downstream entities of attorney representations and cease and desists.

30.  Upon information and belief, Z&A was notified of Plaintiff's attorney's representation either in the placement file(s) or via the client portal AMEX provides the debt collectors it retains to collect debts on its behalf.

31.  Upon information and belief, Z&A was notified of Plaintiff's cease and desist either in the placement file(s) or via the client portal AMEX provides the debt collectors it retains to collect debts on its behalf.

32.  Alternatively, if Z&A did not receive notice of Plaintiff's attorney's representation and/or cease and desist when AMEX transferred, assigned, or placed the debt with Z&A for purposes of collection on behalf of AMEX and did not have access to Plaintiff's attorney's

representation and/or cease and desist via AMEX's client portal it provides to its debt collectors, then Z&A intentionally or negligently lacks sufficient policies and procedures because it failed to inquire with AMEX prior to attempting to collect the debt from Plaintiff whether Plaintiff was represented by counsel and/or whether Plaintiff previously provided a written cease and desist from further communications directly with Plaintiff.

33. In spite of Plaintiff's counsel's representation, Z&A sent an email directly to Plaintiff on behalf of AMEX, dated September 19, 2022.

34. In spite of Plaintiff's cease and desist, Z&A sent an email directly to Plaintiff on behalf of AMEX, dated September 19, 2022.

35. The email was received and read by Plaintiff.

36. The email stated, or otherwise implied, AMEX had hired Z&A to collect the alleged debt from Plaintiff.

37. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendant in this Complaint shall mean Defendant or their owners, officers, agents, and/or employees.

38. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

39. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debt and other alleged debts.

40. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will

ultimately cause Plaintiff unwarranted economic harm.

41.   Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

42.   Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued.

43.   A favorable decision herein would serve to deter Defendant from further similar conduct.

## FIRST COUNT
## VIOLATION OF 15 U.S.C. §§ 1692c(a)(2) and 1692c(c)

44.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

45.   Plaintiff is a "consumer" as that term defined by the FDCPA.

46.   Z&A is a "debt collector" as that term is defined by the FDCPA.

47.   The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

48.   The email is a "communication" as that term is defined by the FDCPA.

49.   The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

50.   15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt *"if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address..."*

51.   The email demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that Z&A knew that Plaintiff was represented by counsel regarding the alleged debt or could have readily ascertained Plaintiff's attorney's information from its client, in violation of 15 U.S.C. § 1692c(a)(2) of the FDCPA.

6

52. 15 U.S.C. § 1692c(c) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt *"If a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer."*

53. The email demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that Z&A knew that Plaintiff previously provided a written cease and desist from further communication directly from Z&A, in violation of 15 U.S.C. § 1692c(c) of the FDCPA.

54. For the foregoing reasons, Z&A violated 15 U.S.C. §§ 1692c(a)(2) and 1692c(c) and is therefore liable to Plaintiff.

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered:

   a. A determination Z&A committed the violations of law alleged in this action; and

   b. Actual, treble, exemplary, punitive, and statutory damages of $15,000.00; and

   c. The costs of this action and attorneys' fees as allowed by law; and

   d. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

   e. Such other and further relief that the Court determines is just and proper.

Dated: Friday, August 4, 2023

Respectfully Submitted,

/s/: *Jason Tenenbaum*
Jason Tenenbaum, Esq.
Tenenbaum Law Group, PLLC
1600 Ponce De Leon Blvd.
10th Floor
Coral Gables, FL 33134
PH: (305) 402-9529
FAX: (786) 292-1948

*Attorneys for Plaintiff*

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05542-S4**
**9/6/2023 2:25 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| VICTORIA LEIGHTON,<br>　　　　　　　　Plaintiff,<br>vs.<br><br>ZWICKER & ASSOCIATES, P.C.,<br>　　　　　　　　Defendant. | )<br>)<br>)　Civil Case No: 23-C-05542-S4<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING EXTENSION OF TIME FOR DEFENDANT TO FILE AN ANSWER TO PLAINTIFF'S COMPLAINT

Defendant's Motion for Extension of Time to File Answer to Plaintiff's Complaint ("Motion") having come before this Court; and after a review of the Motion;

IT IS ORDERED that Defendant's Motion is HEREBY **GRANTED**, and Defendant shall have to and including October 6, 2023 to file its answer.

SO ORDERED, this ____ day of _____, 2023.

_____
The Honorable Ronda S. Colvin
Judge, State Court of Gwinnett County

Prepared and presented by,

_____
Attorneys for Defendant
Keith D. Taylor, Esq.　　　　　　Bar # 141357
Madge R. Buckle, Esq.　　　　　Bar # 864934
3505 Koger Boulevard, Suite 125
Duluth, GA 30096
Telephone: (678) 924-9644
Facsimile: (678) 924-9652
Email: GeorgiaLtigation@Zwickerpc.com

10