IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKE FLIGHT EDUCATION LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HARLEYSVILLE WORCESTER INSURANCE COMPANY,<br><br>    Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Harleysville Worcester Insurance Company ("Harleysville Worcester") files this Notice of Removal from the State Court of Gwinnett County, to the United States District Court for the Northern District of Georgia. Harleysville Worcester states the following in support of removal:

**A.   BACKGROUND**

1. Plaintiff, Take Flight Education, LLC, filed its Complaint in Gwinnett County, Georgia on February 28, 2023 (Case Number 23-C-01319S4), and the entire

1

case file for the action is *See generally* Complaint and Summons, attached hereto as part of composite **Exhibit A**.[1]

2.  Harleysville Worcester was served with a copy of the Complaint on August 8, 2023. *See generally* **Ex. A**.

3.  Per the Complaint, Plaintiff alleges that Harleysville Worcester improperly denied Plaintiff insurance coverage for flood damage that allegedly occurred at its commercial property located at 3525 Duluth Park Ln, Duluth, GA 30096. Compl. at ¶¶ 10-14, **Ex. A**. Plaintiff admits that Harleysville Worcester already paid $150,000 towards Plaintiff's demand on damages to the building, but states Harleysville Worcester still owes Plaintiff money for "personal property, business income, and extra expenses." Compl. at ¶ 14, **Ex. A**.

4.  Based on these allegations, Plaintiff alleges two claims: (1) breach of contract; and (2) bad faith refusal to pay/breach of the duty of good faith and fair dealing. *See generally* **Ex. A.**

5.  Plaintiff prays for actual and compensatory damages in "excess of $331,354.03", as well as attorneys' fees. Compl. ¶¶ 23, 30, 34, **Ex. A**. Plaintiff also prays for punitive damages, stating that Harleysville Worcester "intended to injure

---

[1] Composite Exhibit A contains the entirety of the State Court file for Case Number 23-C-01319S4.

its policyholder and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant hardship to Plaintiff," and such conduct was "oppressive, outrageous, and/or intolerable."  Compl. at ¶¶ 32-33, **Ex. A**.

**B.    REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a)**

6.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the Parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

7.    The propriety of removal is determined by looking at Plaintiff's Complaint as it exists at the time of removal.  *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 200) ("[U]nder any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal[.]").

8.    Plaintiff's Complaint alleges that it is entitled to insurance benefits in excess of $331,354.03, for personal property damage, business income, and extra expenses as a result of flood damages to its premises.  Compl. at ¶ 14, **Ex. A**.

9.    The face of the Complaint makes clear that the amounts in controversy exceeds $300,000, well exceeding the $75,000 jurisdictional threshold.[2]  Further,

---

[2] Even if the Complaint could be construed to seek new monies in the amount of $331,354.03 for actual damages less the $150,000 amount paid by Nationwide to date, that difference still outstrips the jurisdictional minimum.

because Plaintiff alleges "extra-contractual damages" such as punitive, bad faith damages and attorneys' fees, the amount in controversy is even greater than the $331,354.03 that Plaintiff pled for compensatory damages. *See, e.g.*, *Akin v. Owners Ins. Co.*, No. 4:16-CV-0264-HLM, 2017 WL 7805605, at *3 (N.D. Ga. Apr. 28, 2017) (holding that the amount in controversy exceeded $75,000 after considering the amount plaintiff sought under the policy, plus fifty percent of that amount and statutory attorneys' fees pursuant to the statute controlling first party bad faith claims, O.C.G.A. § 33-4-6); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1263 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *Gladstein v. Garrison Prop & Cas. Ins. Co.*, No. 1:21-CV-1658-TWT, 2021 WL 5029422, at *2 (N.D. Ga. July 22, 2021).

10. Diversity of citizenship exists between the parties, pursuant to 28 U.S.C. § 1332(a).

11. Under 28 U.S.C. § 1332(a), Defendant Harleysville Worcester Insurance Company is an Ohio citizen. Harleysville Worcester is a corporation existing under the laws of the state of Ohio, with its principal place of business located in Ohio. *See* Harleysville Worcester Insurance Company Quarterly Statement Excerpt, attached hereto as **Exhibit B**.

12. Plaintiff Take Flight Education, LLC, is a Georgia citizen, with its principal place of business located in Georgia. For the purpose of determining diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Upon information and belief, Take Flight Education, LLC is a limited liability company existing under the laws of Georgia, and its membership consists of Georgia citizens and/or members who are not citizens of Ohio.[3]

---

[3] Although Plaintiff's Complaint is removable on its face under 28 U.S.C. § 1332, out of an abundance of caution, Harleysville Worcester offers certain publicly available materials in relation to Take Flight Education's limited liability company formation maintained by the Secretary of State for Georgia. *See* Georgia Sec. of State Materials, attached hereto as **Exhibit C**. A review of these publicly available materials and reasonable investigation has not identified any member of Take Flight Education LLC that is a citizen of Ohio. Insofar as the Court deems the allegations in the Complaint and Harleysville Worcester's good-faith assertion inadequate, Harleysville Worcester requests the Court allow the parties to conduct jurisdictional discovery to determine Take Flight Education LLC's membership. *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party to cure the omission. . ."); *see also Thierry v. Honey Pot Company (DE), LLC*, 2023 WL 3881072, at *3 (N.D. Ga. April 6, 2023) ("The Court has the power to order expedited discovery responses when they are on discrete issues and to avoid further delay in determining its jurisdiction.") (citing *Mullane v. Almon*, 339 F.R.D. 659, 665 (N.D. Fla. 2021) (stating courts may order expedited discovery "to establish a defendant's domicile or other information relevant to a court's ability to exercise personal or subject-matter jurisdiction.")).

13. Because Harleysville Worcester is not a citizen of any State where Plaintiff and its members are citizens, complete diversity of citizenship exists.

14. Because the Parties are of diverse citizenship and the amount in controversy exceeds $75,000, the United States District Court for the Northern District of Georgia has original diversity jurisdiction over this action. 28 U.S.C. § 1332(a)(1). Removal is, therefore, proper under 28 U.S.C. § 1441(b).

**C.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET**

15. Harleysville Worcester was served with the Complaint on August 8, 2023. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446. *See* **Ex. A**.

16. Pursuant to 28 U.S.C. § 105(b)(2), the United States District Court for the Northern District of Georgia is the federal judicial district encompassing the State Court of Gwinnett County, Georgia, where this lawsuit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

17. Consistent with 28 U.S.C. § 1446(d), promptly upon filing, Harleysville Worcester will send formal notice of this Notice of Removal to Plaintiff's counsel of record and the clerk of the court for the State Court of Gwinnett County.

18.     Harleysville Worcester reserves the right to amend or supplement this Notice, and further reserves all rights and defenses, including but not limited to those available under Federal Rule of Civil Procedure 12.

**D.    CONCLUSION**

WHEREFORE, Harleysville Worcester Insurance Company states this action is properly removable and gives notice to this Court, Plaintiff Take Flight Education, LLC, and the State Court of Gwinnett County, Georgia, that this action has been removed to the United States District Court for the Northern District of Georgia.

Respectfully Submitted,

Dated: September 6, 2023     **SHOOK, HARDY & BACON L.L.P.**

*/s/ Caroline M. Gieser*
Caroline M. Gieser, GA #167916
1230 Peachtree St., Suite 1200
Atlanta, GA 30309
Tel: (470) 867-6000
Fax: (470) 867-6001
cgieser@shb.com

*Attorney for Defendant Harleysville Worcester Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2023, a true and correct copy of the foregoing was filed using the Court's CM/ECF electronic filing system and sent via email and U.S. mail to all counsel of record:

Amadu Wiltshire
Law Offices of Wiltshire LLC
1196 K. Ashborough Dr. SE, Atlanta, GA 30067
Amaduwiltshire22@gmail.com

*Attorney for Plaintiff*

*/s/ Caroline M. Gieser*
*Attorney for Defendant*
*Harleysville Worcester*
*Insurance Company*