EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2023RCCV00371**
ASHLEY WRIGHT
AUG 01, 2023 01:54 PM

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE SUPERIOR COURT RICHMOND COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MELANIE SMITH GOLDWIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File |
| | ) No._____ |
| JOSEPH PERMAR; | ) |
| AG ENERGY TRANSPORT, LLC; | ) |
| AND PROTECTIVE INSURANCE | ) |
| COMPANY | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

The Plaintiff, by and through Counsel, sues Defendants and alleges as follows:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff resides at 901 Cox Avenue, Aiken, South Carolina 29801.

2. Defendant Joseph Permar ("Permar"), upon information and belief, resides at 3678 Doe Lane, Haw River, North Carolina 27258 and may be served with the Summons and Complaint pursuant to the Non-Resident Motorist Act as defined in O.C.G.A. §40-12-1 *et. seq.*

3. Defendant AG Energy Transport, LLC ("AG") is, upon information and belief, a limited liability company organized under the laws of the state of Michigan and doing business in the State of Georgia. AG may be served with the Summons and Complaint pursuant to the Non-Resident Motorist Act as defined in O.C.G.A. §40-12-1 *et. seq.* AG is a company that purportedly has a "committed focus on safety" and prides itself on the motto "no excuses".

4. Defendant Protective Insurance Company ("Protective") is an insurance carrier that is, upon information and belief, organized under the laws of the State of Indiana and doing business in the State of Georgia. Protective may be served by way of its Georgia Registered Agent,

EXHIBIT A

Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5. Jurisdiction is proper in this court pursuant to the Georgia Constitution, Art. 6, §2, ¶IV and O.C.G.A. §9-10-91.

6. Venue is proper in this court pursuant to O.C.G.A. §§40-12-3 and 40-1-117.

**COUNT I**
**NEGLIGENCE/GROSS NEGLIGENCE**
**AS TO JOSEPH PERMAR & AG ENERGY TRANSPORT, LLC**

The Plaintiff repeats the allegations contained in Paragraphs 1 through 6 as though fully set forth herein and further alleges the following:

7. On or about September 9, 2021, at approximately 6:47 p.m., the Plaintiff was traveling east on Interstate 20 near mile marker 201 in Augusta, Richmond County, Georgia in an active construction zone.

8. At that time and place, Permar was also traveling east on Interstate 20 near mile marker 201 in a tractor-trailer owned by AG.

9. The tractor driven by Permar and owned by AG included a right front tire that was not fit to be on the road.

10. As a direct and proximate result of the Defendants' failure to select, maintain, inspect, and replace the tire, the tire failed.

11. Permar then negligently crashed into Plaintiff's vehicle and forced her into a concrete barrier before crashing into Plaintiff's vehicle a second time.

12. As a result of Defendants' negligence, both vehicles burst into flames.

13. Permar was negligent, *inter alia*, and breached his duty of care to the Plaintiff in one or more of the following ways:

a. Failing to properly conduct a pre-trip inspection of his vehicle;
b. Driving an unsafe or improperly equipped vehicle in violation of O.C.G.A. §§40-8-7 and 40-8-74.
c. Failing to maintain control of his commercial motor vehicle;
d. Failing to use due care while operating his commercial motor vehicle;
e. Failing to drive his commercial motor vehicle at a reasonable and prudent speed in an active construction zone;
f. Driving too fast for conditions in an active construction zone in violation of O.C.G.A. §40-6-180;
g. Failing to exercise ordinary care in the control, speed, and movements of his vehicle to avoid a collision;
h. Failing to maintain his lane in violation of O.C.G.A. §40-6-48; and
i. Other acts and/or omissions to be proved at trial.

14. AG was negligent, *inter alia*, and breached its duty of care to the Plaintiff in one or more of the following ways:

a. Failing to properly ensure the performance of a pre-trip inspection of the vehicle;
b. Deploying an improperly equipped vehicle in violation of O.C.G.A. §§40-8-7 and 40-8-74.
c. Failing to properly monitor and evaluate its equipment;
d. Failing to establish proper protocols for its drivers to inspect tires;
e. Failing to train employees, like Permar, to identify and replace problem tires; and
f. Other acts and/or omissions to be proved at trial.

15. As a direct and proximate result of Defendants' negligence and/or gross negligence, the Plaintiff suffered bodily injury and resulting pain and discomfort, disability, mental anguish, loss of capacity for the enjoyment of life, medical expenses, loss of income, loss of earning capacity, loss of capacity to work and labor, and loss of business opportunities. The losses are permanent and continuing and the Plaintiff will suffer the losses in the future. The Plaintiff's vehicle was damaged beyond repair as a direct and proximate result of the collision.

## COUNT II
### *RESPONDEAT SUPERIOR*
### AS TO AG ENERGY TRANSPORT, LLC

The Plaintiff repeats the allegations contained in Paragraphs 1 through 15 as though fully

3

set forth herein and further alleges the following:

16. Permar was an employee and/or agent of AG and acting within the course and scope of his employment and/or agency at all times relevant to the allegations contained in the complaint.

17. AG is liable for the negligent acts and/or omissions of its employees and/or agents including, but not limited to, Permar for negligent acts and omissions that occur during the course and scope of the employment and/or agency.

## COUNT III
## NEGLIGENT HIRING, RETENTION, AND SUPERVISION
## AS TO AG ENERGY TRANSPORT, LLC

The Plaintiff repeats the allegations contained in Paragraphs 1 through 17 as though fully set forth herein and further alleges the following:

18. AG owed a duty to the Plaintiff to hire, retain, and supervise employees and agents who are competent and/or suited for the particular employment for which they were hired.

19. Defendant AG breached its duty of care to the Plaintiff and was negligent, *inter alia*, in hiring, retaining, and supervising Defendant Permar when it knew, or should have known, that he was not competent and/or not suited for the particular employment for which he was hired.

## COUNT IV
## DIRECT ACTION CLAIM
## AS TO PROTECTIVE INSURANCE COMPANY

The Plaintiff repeats the allegations contained in Paragraphs 1 through 19 as though fully set forth herein and further alleges the following:

20. AG is a motor carrier as that term is defined in O.C.G.A. §40-1-100(12).

21. AG had a liability insurance policy in place with Protective that was in full force

and effect on the day of the collision that is the subject of this lawsuit.

22.     The liability insurance policy was issued for the protection of the public against the negligence of AG, its employees, agents, and/or those individuals under its dispatch including, but not limited to, Permar, when such negligence is determined to be a proximate cause of any injury.

23.     Protective is directly liable to the Plaintiff for the negligent acts of AG, its employees, agents, and/or those individuals under its dispatch including, but not limited to, Permar, that occur in the State of Georgia and, specifically, the collision that is the subject of this lawsuit.

## COUNT V
## PUNITIVE DAMAGES

The Plaintiff repeats the allegations contained in Paragraphs 1 through 23 as though fully set forth herein and further alleges the following:

24.     The actions and omissions of the Defendants justify the imposition of punitive damages in that they showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, including but not limited to, reckless driving in an active construction zone.

**WHEREFORE**, the Plaintiff prays as follows:

(a) That Defendants be served as provided by law;
(b) That Plaintiff recover from Defendants for all of her past, present, and future general damages;
(c) That Plaintiff recover from Defendants for all of her past, present, and future special damages;
(d) That Plaintiff recover punitive damages from Defendants pursuant to O.C.G.A. §51-12-5.1;
(e) That Plaintiff recover from Defendants interest and court costs as provided by law;
(f) That Plaintiff have a trial by jury; and
(i) That Plaintiff have such further relief as the Court may deem just and proper.

**DOUMAR | RAINSFORD**

s/Bettis C. Rainsford, Jr.
Raymond J. Doumar
(Georgia Bar No. 227510)
Bettis C. Rainsford, Jr.
(Georgia Bar No. 778594)
Emily A. Doumar
(Georgia Bar No. 279018)
One 10th Street, Suite 700
Augusta, Georgia 30901
ray@doumarlaw.com
bettis@doumarlaw.com
emily@doumarlaw.com
Phone: (706) 722-1700

August 1, 2023