EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2023RCCV00371**
ASHLEY WRIGHT
SEP 06, 2023 02:57 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MELANIE SMITH GOLDWIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO.: |
| | ) | 2023RCCV00371 |
| JOSEPH PERMAR; | ) | |
| AG ENERGY TRANSPORT, LLC; | ) | |
| AND PROTECTIVE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS
JOSEPH PERMAR, AG ENERGY TRANSPORT, LLC; AND
PROTECTIVE INSURANCE COMPANY**

COME NOW, JOSEPH PERMAR, AG ENERGY TRANSPORT, LLC; and PROTECTIVE INSURANCE COMPANY (Defendants) and answers Plaintiff's Complaint for Damages ("Plaintiff's Complaint") as follows:

**FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendants upon which relief can be granted and should be dismissed.

**SECOND DEFENSE**

No act or omission on the part of Defendants caused or contributed to the Plaintiff's alleged injuries and damages and, therefore, Plaintiff is not entitled to any recovery from Defendants.

EXHIBIT D

**THIRD DEFENSE**

Defendants contest the damages and injuries which are being asserted in this action and demands strict proof thereof.

**FOURTH DEFENSE**

Defendants state that the proximate cause of the Plaintiff's alleged injuries and damages are unrelated to the subject accident, in whole or in part, and/or were due to the actions, omissions, or negligence of a person or persons other than Defendant, for whom he is in no way liable. Therefore, Plaintiff is not entitled to recover from Defendant.

**FIFTH DEFENSE**

Any recovery by Plaintiff should be reduced in proportion to the comparative fault of Plaintiff and others.

**SIXTH DEFENSE**

Plaintiff, by the exercise of ordinary care, could have avoided the accident that forms the basis of Plaintiff's Complaint.

**SEVENTH DEFENSE**

The negligence of Plaintiff was equal to or greater than any alleged negligence on the part of Defendants or any person for whom Defendants is responsible. Therefore, Plaintiff is not entitled to recover any sum from Defendants.

**EIGHTH DEFENSE**

Plaintiff had the last opportunity to prevent the harm that occurred. Therefore, recovery is barred or reduced by the last clear chance doctrine.

**NINTH DEFENSE**

Plaintiff is not entitled to attorney's fees, and none are warranted in this case.

**TENTH DEFENSE**

Plaintiff's claim for punitive damages against Defendant cannot be upheld to the extent it violates any law passed by the United States Congress or the Georgia Legislature limiting awards of punitive damages.

**ELEVENTH DEFENSE**

Plaintiff's claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages, or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates Defendant's right to due process as guaranteed by the United States Constitution.

c. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d.	The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Defendant's due process rights.

e.	The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of Defendant's due process rights.

f.	Plaintiff's claim for punitive damages against Defendants cannot be sustained because any award of punitive damages under Georgia law would violate Defendants' due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

g.	Plaintiff's claim for punitive damages, and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and therefore deprive Defendants of due process of law.

h.	Plaintiff's claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages cause Defendants to be treated differently from other similarly situated persons/entities by

subjecting Defendants to liability beyond the actual loss, if any, caused by Defendants' conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

i. Plaintiff's claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages subject Defendants to punishment for the conduct of others through vicarious liability, respondeat superior or through non-apportionment of damages among joint tortfeasors based on the respective enormity of the alleged misconduct, and therefore violate Defendants' due process, and Fifth and Fourteenth Amendment rights.

j. Plaintiff's claim for punitive damages and the provisions of Georgia law governing the right to recover punitive damages or the determination of punitive damages expose Defendants to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, if any, and creates a chilling effect on Defendants' exercise of its right to a judicial resolution of this dispute.

k. An award of punitive damages in this case would constitute a deprivation of property without due process of law.

l. The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

**TWELFTH DEFENSE**

Defendants reserve the right to rely upon any of the affirmative or additional defenses to the claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

**THIRTEENTH DEFENSE**

Defendants' answer the specific allegations of Plaintiffs' Complaint as follows:

**PARTIES, JURISDICTION & VENUE**

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph one (1) of Plaintiff's Complaint.

2.

Defendant, Joseph Permar admits the allegations contained in paragraph two (2) of Plaintiff's Complaint.

3.

Defendant, AG Energy Transport, LLC., admits the allegations contained in paragraph three (3) of Plaintiff's Complaint.

4.

Defendant, Protective Insurance Company admits the allegations contained in paragraph four (4) of Plaintiff's Complaint.

5.

Defendants admit the allegations contained in paragraph five (5) of Plaintiff's Complaint.

6.

Defendants admit the allegations contained in paragraph six (6) of Plaintiff's Complaint.

**COUNT I**
**NEGLIGENCE/GROSS NEGLIGENCE**
**AST TO JOSEPH PERMAR & AG ENERGY TRANSPORT, LLC**

Defendants repeat the answers contained in Paragraphs 1 through 6 as though fully set forth herein and further answers the following:

7.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph seven (7) of Plaintiff's Complaint.

8.

Defendants admit the allegations contained in paragraph eight (8) of Plaintiff's Complaint.

9.

Defendants deny the allegations contained in paragraph nine (9) of Plaintiff's Complaint and demands strict proof thereof.

10.

Defendants deny the allegations contained in paragraph ten (10) of Plaintiff's Complaint and demands strict proof thereof.

11.

Defendants deny the allegations contained in paragraph eleven (11) of Plaintiff's Complaint and demands strict proof thereof.

12.

Defendants deny the allegations contained in paragraph twelve (12) of Plaintiff's Complaint and demands strict proof thereof.

13.

Defendants deny the allegations contained in paragraph thirteen (13) of Plaintiff's Complaint including subparts (a) through (i) and demands strict proof thereof.

14.

Defendants deny the allegations contained in paragraph fourteen (14) of Plaintiff's Complaint including subparts (a) through (f) and demands strict proof thereof.

15.

Defendants deny any and all allegations of negligence contained in paragraph fifteen (15) of Plaintiff's Complaint and demands strict proof thereof however, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph fifteen (15) of Plaintiff's Complaint.

<u>**COUNT II**</u>
*RESPONDEAT SUPERIOR*
**AS TO AG ENERGY TRANSPORT, LLC**

Defendants repeat the answers contained in Paragraphs 1 through 15 as though fully set forth herein and further answers the following:

16.

Defendant, Joseph Permar admits the allegations contained in paragraph sixteen (16) of Plaintiff's Complaint.

17.

Defendant, AG Energy Transport, LLC denies the allegations contained in paragraph seventeen (17) of Plaintiff's Complaint and demands strict proof thereof.

## COUNT III
### NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### AS TO AG ENERGY TRANSPORT, LLC

Defendants repeat the answers contained in Paragraphs 1 through 17 as though fully set forth herein and further answers the following:

18.

Defendants admit the allegations contained in paragraph eighteen (18) of Plaintiff's Complaint.

19.

Defendants deny the allegations contained in paragraph nineteen (19) of Plaintiff's Complaint and demands strict proof thereof.

## COUNT IV
### DIRECT ACTION CLAIM
### AS TO PROTECTIVE INSURANCE COMPANY

Defendants repeats the answers contained in Paragraphs 1 through 19 as though fully set forth herein and further answers the following:

20.

Defendants admit the allegations contained in paragraph twenty (20) of Plaintiff's Complaint.

21.

Defendants admit the allegations contained in paragraph twenty-one (21) of Plaintiff's Complaint.

22.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph twenty-two (22) of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in paragraph twenty-three (23) of Plaintiff's Complaint and demands strict proof thereof.

## COUNT V
## PUNITIVE DAMAGES

Defendants repeats the answers contained in Paragraphs 1 through 23 as though fully set forth herein and further answers the following:

24.

Defendants deny the allegations contained in paragraph twenty-four (24) of Plaintiff's Complaint and demands strict proof thereof.

Defendants deny that the Plaintiff is entitled to the relief prayed for at the end of her Complaint against them.

**WHEREFORE**, having fully answered Plaintiff's Complaint, JOSEPH PERMAR, AG ENERGY TRANSPORT, LLC; and PROTECTIVE INSURANCE COMPANY pray that:

(1) They be dismissed from this lawsuit;

(2) All costs of this litigation be paid by Plaintiff;

(3) If any triable issue of fact exists, Defendants request that they be granted a jury trial by a twelve (12) person jury as provided by law; and

(4) Any other relief that this Court deems just and proper be granted.

This 6th day of September, 2023.

                                                       **NALL & MILLER, LLP**

                                    By:   */s/ LaShawnda M. Sampson*
                                               **MICHAEL HOSTETTER**
                                               Georgia Bar No. 368420
                                               **LASHAWNDA M. SAMPSON**
                                               Georgia Bar No. 577242

                                               ***ATTORNEYS FOR DEFENDANTS***

235 Peachtree Street NE,
North Tower, Suite 1500
Atlanta, Georgia 30303
Telephone: 404/522.2200
Facsimile: 404/522.2208
mhostetter@nallmiller.com
lsampson@nallmiller.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **ANSWER OF JOSEPH PERMAR, AG ENERGY TRANSPORT, LLC; AND PROTECTIVE INSURANCE COMPANY** with the Clerk of Court via PeachCourt and served a true copy of same via the Court's electronic filing service to counsel of record listed below.

Raymond J. Doumar, Jr.
Bettis C. Rainsford, Jr.
Emily A. Doumar
DOUMAR | RAINSFORD
One 10th Street, Suite 700
Augusta, Georgia 30901
ray@doumarlaw.com
bettis@doumarlaw.com
emily@doumarlaw.com
*Attorney for Plaintiff*

This 6th day of September, 2023.

          **NALL & MILLER, LLP**

          By: */s/ LaShawnda M. Sampson*
             **MICHAEL HOSTETTER**
             Georgia Bar No. 368420
             **LASHAWNDA M. SAMPSON**
             Georgia Bar No. 577242

          *ATTORNEYS FOR DEFENDANTS*

235 Peachtree Street NE,
North Tower, Suite 1500
Atlanta, Georgia 30303
Telephone: 404/522.2200
Facsimile: 404/522.2208
mhostetter@nallmiller.com
lsampson@nallmiller.com

1026687v.1