# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JUAN MORALES LOPEZ, LETICIA VINAS-GONZALEZ, MELANIE MORALES-VINAS, ELIANNA MORALES VAZQUEZ, and SANTIAGO MORALES VAZQUEZ, ) ) ) ) ) ) Plaintiffs, ) ) v. ) THE UNITED STATES OF AMERICA, ) JANE DOE, JOHN DOE, XYZ CORP, ) and ABC CORP, ) ) Defendants, ) | CIVIL ACTION FILE NO: |

## COMPLAINT FOR DAMAGES

COME NOW Juan Morales Lopez, Leticia Vinas-Gonzalez, Melanie Morales-Vinas, Elianna Morales Vazquez, and Santiago Morales Vazquez, Plaintiffs, and file their complaint against the Defendants, The United States of America, Jane Doe, John Doe, XYZ Corp., and ABC Corp., and state as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

Plaintiffs Juan Morales Lopez, Leticia Vinas-Gonzalez, and Melanie Morales-Vinas reside at 212 Belcourt Pkwy, Roswell, GA 30076, AND Elianna Morales Vazquez and Santiago Morales Vazquez reside at 215 Sheringham Dr, Roswell, Georgia 30076 and submit to the jurisdiction and venue of this court.

2.

Pursuant to 28 U.S.C.S. § 1367(d), this action is a recommencement and renewal of a prior action between these parties, namely, Civil Action No. 1:22-CV-04892-SCJ, which was filed in the United States District Court for The Northern District of Georgia, Atlanta Division.  The Prior Action was brought within the applicable statute of limitations and was dismissed without prejudice, involuntarily, by the U.S. District Judge.  The above-styled renewal action is brought within the six months of the dismissal of the Prior Action as required by O.C.G.A. § 9-2-61, and this renewal action involves essentially the same allegations as the Prior Action. The above-styled renewal action is not barred by any statute of limitations, and all conditions precedent to this action have been fulfilled.

3.

This is a renewal of an action against the United States of America ("United States") for personal injuries brought pursuant to 28 U.S.C. § 2675, 38 U.S.C. § 1151, and 38 C.F.R. 14.514 et seq.

4.

The Plaintiffs' claims against the United States are based on the negligent acts and omissions of James M. Williams, an employee of the United States, The Department of Justice ("DOJ"), and/or The Federal Bureau of Investigation ("FBI"), who was acting within the course and scope of his employment with the United States at the time of the events described herein under such circumstances that the United States, if a private person, would be liable and vicariously liable to the Plaintiffs in accordance with the laws of the State of Georgia, the place where the negligent acts and omissions occurred.

5.

The United States District Court for the Northern District of Georgia, Atlanta Division, has subject matter jurisdiction in this case under 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b)(1), in that the claims alleged herein arise under the Federal Tort Claim Act and involve federal questions, and thus these questions are addressed to the exclusive jurisdiction of the United States District Courts.

6.

Venue as to The United States of America is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1402(b), because all acts, omissions, and acts of negligence alleged herein occurred in Cherokee County, Georgia, within the Northern District of Georgia, Atlanta Division.

7.

Pursuant to FRCP 4(i), service of process upon the United States of America may be perfected by delivering a copy of the Summons and Complaint to the United States Attorney for the Northern District of Georgia, or by sending a copy of the Summons and Complaint by registered or certified mail addressed to the Civil Process Clerk at the office of the United States Attorney; and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

**CONDITIONS PRECEDENT**

8.

The negligent acts and omissions giving rise to this Complaint occurred on December 14, 2020.

9.

Each Plaintiff timely and properly presented their Federal Tort Claim, Form 95, and supporting evidence of their claim to the DOJ, Civil Division, by certified letter dated January 27, 2021. The letter, Form 95, and supporting documentation and evidence of the claim were received by the DOJ on February 1, 2021, all of which is shown by Exhibit A attached hereto.

10.

Since submitting Form 95, and Demand received on September 13, 2021, Plaintiff has not received any formal correspondence from the FBI.

11.

Each Plaintiff has properly presented an additional Form 95, by certified mail, sent on December 5, 2022, and received a confirmation of delivery on December 8, 2022, all of which is shown by Exhibit B attached hereto.

12.

Despite receiving the Plaintiffs' Federal Tort Claim, Form 95, and supporting evidence, the FBI failed to make final disposition of said claim.

13.

According to 28 U.S.C. § 2675, the failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the

claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

14.

Pursuant to 28 U.S.C. § 2675, Plaintiffs now refile this suit based on the administrative tort claim which was forwarded to the FBI December 5, 2022 exhausting all administrative remedies by pursuing claims after the agency's response period.

15.

Plaintiff has fulfilled all conditions precedent for filing this suit and has properly exhausted all administrative remedies, and this Complaint is not barred by the statute of limitations or by any other statute, law, regulation, or rule of procedure.

**FACTS APPLICABLE TO ALL CLAIMS**

16.

On or about December 14, 2020, the date of his injuries, Plaintiffs were traveling in a 2019 Buick Enclave, which was being operated by Plaintiff Juan Morales Lopez.

17.

On or about December 14, 2020, James M. Williams was driving west in the sixth lane on 285 West in Fulton County, Georgia.

18.

James M. Williams stated that he glanced at this radio and saw that Plaintiff Juan Morales Lopez had slowed down considerably. James M. Williams collided into Plaintiff Juan Morales Lopez's vehicle.

19.

As a direct and proximate result of James M. Williams' negligence, Plaintiffs sustained multiple injuries to their body, requiring extensive and subsequent medical treatment.

20.

The Plaintiffs' claims against the United States is based on the negligent acts and omissions of James M. Williams, who was acting within the course and scope of his employment with the United States and the FBI, a federal law agency within the DOJ, at the time of the events described herein under such circumstances that the United States, if a private person, would be liable and vicariously liable to the Plaintiffs in accordance with the laws of the State of Georgia, the place where the negligent acts and omissions occurred.

### COUNT I – NEGLIGENCE AS TO UNITED STATES JAMES M. WILLIAMS

Plaintiffs hereby incorporates the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

21.

The automobile collision, described in Paragraphs 16-20, above constitute the basis for this cause of action.  Plaintiffs' injuries and damages, as set forth below were proximately caused by the negligent and careless conduct of James M. Williams in one or more of the following respects in failing to avoid the aforementioned automobile collision.

22.

James M. Williams owed Plaintiffs a duty to obey the traffic laws of Georgia and to operate the vehicle with reasonable care.

23.

James M. Williams breached the duty owed to Plaintiffs by failing to exercise due care and by failing to avoid the collision described in Paragraphs 16-20.

24.

As a direct and proximate result of James M. Williams negligence, Plaintiffs sustained significant bodily injuries.  Plaintiffs have incurred and will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of James M. Williams.

25.

Plaintiffs are entitled to recover of United States such reasonable sums as compensatory, general and special damages as may be shown by the evidence.

26.

Plaintiffs were without fault in causing the aforementioned incident.

### COUNT II– NEGLIGENCE PER SE AS TO UNITED STATES JAMES M. WILLIAMS

Plaintiffs hereby incorporate by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

27.

James M. Williams willfully, negligently, or otherwise failed to act as an ordinary prudent person in obeying the traffic laws and regulations of Georgia.

28.

James M. Williams violated O.C.G.A. § 40-6-48, and was cited by responding Fulton County officers for the violation.

29.

James M. Williams violated laws meant to protect innocent victims such as Plaintiffs to protect unnecessary accidents and auto collisions such as the one in this action.

30.

As a direct result of James M. Williams' failure to abide by the traffic laws of Georgia, Plaintiffs suffered serious physical, emotional, and financial damages.

31.

As a direct and proximate result of James M. Williams' negligence, Plaintiffs sustained significant bodily injuries. Plaintiffs have incurred and will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of James M. Williams.

## COUNT III– RESPONDEAT SUPERIOR/VICARIOUS LIABILITY AS TO THE UNITED STATES OF AMERICA

Plaintiffs hereby incorporate by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

32.

James M. Williams was an employee of the United States through the FBI, and was acting within the course and scope of such employment on December 14, 2020, under such circumstances that the United States, if a private person, would be vicariously liable to the Plaintiffs in accordance with the laws of the State of Georgia, the place where the negligent acts and omissions occurred.

33.

The United States is vicariously liable to the Plaintiffs for the negligence of James M. Williams on December 14, 2020.

34.

As such, the United States is liable to the Plaintiffs for damages for past pain and suffering, future pain and suffering, medical expenses, and other damages in an amount to be proven at trial, not to exceed $1,000,000 as set forth in the Plaintiffs' Form 95.

**WHEREFORE**, the Plaintiff prays:

1. That United States be served with summons, process and a copy of this Complaint as provided by law;

2. That service be had upon the United States as provided by law;

3. That Plaintiff obtain judgment against the United States for general and special damages as determined at trial as well as costs of litigation and expenses;

4. That the Plaintiff be granted a trial by jury as to all triable issues in this cause;

5. That the Plaintiff receive the cost of this action and interest; and

6. For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

This the 7th day of September, 2023.

                           **HAUG BARRON LAW GROUP, LLC**

                           */s/ Vangelis Zafiroulis*
                           Vangelis Zafiroulis
                           Georgia Bar No. 547832
                           William T. "Billy" Joyner
                           Georgia Bar No. 222755
                           *Counsel for Plaintiffs*

8237 Dunwoody Place, Bldg. 18
Atlanta, GA 30350
Telephone: 404-850-1322
Facsimile: 678-528-2999
Email: vangelis@hauglawgroup.com
Email: wjoyner@hauglawgroup.com

# CERTIFICATE OF SERVICE

I certify that on the date set forth below, I electronically filed the within and foregoing *Complaint for Damages* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

William A. Hudson
Office of General Counsel
The U.S. Department of Veterans Affairs
Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

United States Attorney for the Northern District of Georgia
75 Richard B. Russell Federal Building
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303

This the 7th day of September, 2023.

**HAUG BARRON LAW GROUP, LLC**

*/s/ Vangelis Zafiroulis*
Vangelis Zafiroulis
Georgia Bar No. 547832
William T. "Billy" Joyner
Georgia Bar No. 222755
*Counsel for Plaintiffs*

8237 Dunwoody Place, Bldg. 18
Atlanta, GA 30350

Telephone: 404-850-1322
Facsimile: 678-528-2999
Email: vangelis@hauglawgroup.com
Email: wjoyner@hauglawgroup.com

2