UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HAROLD ALONZO GAMBLE, JR.

    Plaintiff,

vs.                                                                                         Case No.:

PRIDE TRUCK SALES L.P.                                       JURY TRIAL DEMANDED
a foreign limited partnership,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Harold Alonzo Gamble, Jr. ("Plaintiff"), by and through the undersigned attorneys, hereby sues the Defendant, Pride Truck Sales L.P. ("PTS"), and alleges as follows:

### INTRODUCTION

Plaintiff was employed as a Sales Representative by PTS, a used truck dealership. Plaintiff met or exceeded PTS's expectations. In April 2022, Plaintiff disclosed to his General Manager, Mr. Brian McFarland, that he had been diagnosed with glaucoma and would require reasonable accommodations, including time off for medical appointments. Within weeks, PTS terminated his employment, asserting it was moving "in a different direction," and in doing so, violated Plaintiff's federally protected rights pursuant to the Americans with Disabilities Act, as amended

("ADAAA"). And it gets worse, much worse. Discovery will prove that after Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Defendant [ironically] represented to the EEOC Plaintiff was terminated for making racially derogatory comments about its owners. Discovery will prove the allegations were bogus – fabricated by Defendant to deceive the EEOC and justify its conduct. Even worse, discovery will prove Defendant attempted to bribe an employee to cover-up its discriminatory motive.

This is a textbook case of illegal discrimination and retaliation, for which Plaintiff now seeks to hold PTS accountable. Plaintiff seeks redress including compensatory damages for pain, suffering, mental anguish, loss of enjoyment of life; compensation for lost wages, liquidated damages, punitive damages, benefits and other remuneration, attorneys' fees and costs, punitive damages, and for such other and further relief as the Court deems just and proper.

## **JURISDICTION AND VENUE**

1. Venue is proper in this district because a substantial part of the events giving rise to this claim arose in this district.

2. At all relevant times, PTS was a covered employer pursuant to the ADAAA.

3. PTS is an employer as defined by the ADAAA and employs greater than fifteen (15) employees.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to bringing this action have occurred.

5. Plaintiff timely filed a charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC") on July 14, 2022. [Ex. A]

6. The EEOC issued a Determination and Notice of Suit Rights on June 26, 2023. [Ex. B].

## PARTIES

7. Plaintiff is a resident of Henry County, Georgia and was employed by PTS as a Sales Representative at the time of his termination.

8. PTS is headquartered in the U.S. at 34880 Lyndon B Johnson Fwy, Dallas, TX 75241.

9. PTS was at the time of all incidents described herein, doing business and operating in Fulton County, Georgia, located at 4895 Old National Highway, Atlanta, GA 30337 and is within the jurisdiction of this Court.  Venue is proper in this district.

## GENERAL ALLEGATIONS

10. At all times material, PTS acted with malice and reckless disregard for Plaintiff's federally protected rights.

11. At all times material, Plaintiff was qualified to perform his job duties

within the legitimate expectations of PTS.

12. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

**FACTUAL ALLEGATIONS**

13. Plaintiff was hired by PTS on or around December 28, 2021, and was employed through May 16, 2022, the day he was unlawfully terminated. For approximately 5 months, Plaintiff performed his job faithfully and met or exceeded his employer's expectations.

14. Plaintiff's claims arise out of the events occurring in or around April 2022 and May 16, 2022.

15. In or around April 2022, Plaintiff was diagnosed with Glaucoma.

16. Plaintiff disclosed his diagnosis to his supervisor, Mr. McFarland. Instead of offering support, Mr. McFarland questioned Plaintiff about his vision and asking "are you going blind?" Plaintiff informed Mr. McFarland he was pursuing treatment from his physician, and it would not [immediately] affect his ability to perform the essential functions of the job.

17. Mr. McFarland expressed concern about the amount of time Plaintiff might miss to attend future medical treatment and the types of accommodations that might be required if his condition worsened.

4

18. Plaintiff reassured Mr. McFarland that he could still perform his job at a high level.

19. On May 16, 2022, Mr. McFarland terminated Plaintiff under the guise he "wasn't satisfied with Plaintiff's performance" and was prepared to "try something different."

20. Discovery will provide Defendant's purported dissatisfaction was unfounded – a thinly veiled attempt to justify an otherwise illegal termination.

21. Plaintiff filed a charge of discrimination with the EEOC. When the EEOC pressed Defendant for the reason Plaintiff was terminated, Defendant changed its tune and fabricated a false narrative, claiming Plaintiff was terminated for making derogatory comments about PTS's owners.

22. PTS claimed the alleged "derogatory comments" were witnessed by a co-worker, Ms. Joselyn Sherman. However, Ms. Sherman has subsequently declared it never happened, and even worse, Mr. McFarland offered her money to provide false testimony. Ms. Sherman refused, and informed Mr. McFarland she would never lie or allow herself to be coerced into lying to protect Defendant.

23. The evidence will prove [both] of the purported "legitimate non-discriminatory" reasons for terminating Plaintiff's employment are pre-text for unlawful disability discrimination and retaliation.

24. PTS discriminatorily targeted Plaintiff for termination because of

disability by fabricating conflicting reasons for his termination.

25. PTS sanctioned the disparate treatment and cover-up.

26. Plaintiff's glaucoma diagnosis is a disability as defined by the ADAAA.

27. PTS has/had knowledge of Plaintiff's Glaucoma diagnosis.

28. At all material times Plaintiff was ready, willing, and able to perform the essential functions of his job with or without a reasonable accommodation.

29. At all times, PTS was aware Plaintiff had a record of disability and/or perceived Plaintiff as disabled.

30. Plaintiff was replaced by a non-disabled individual.

## COUNT I
## Violation of the Americans with Disabilities Act, as amended ("ADAAA")
## *42 USCA § 12101*
## (Disability Discrimination -Disparate Treatment and Failure to Accommodate)

31. Plaintiff re-alleges and re-adopts paragraphs 4 through 30 of his Complaint as if fully set forth herein.

32. Plaintiff is/was Disabled.

33. PTS was aware of Plaintiff's disabilities and/or regarded Plaintiff as disabled because of his medical condition.

34. PTS refused to engage in the "interactive process" with Plaintiff to determine whether any accommodations were necessary, would create an "undue

hardship," or to explore alternatives.

35. PTS terminated Plaintiff in whole or in part because of his disability or because PTS regarded Plaintiff as disabled because of his medical condition in violation of the ADAAA.

36. As a result of PTS's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

37. PTS engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the ADAAA.

38. Plaintiff suffered emotional pain and mental anguish as a direct result of PTS's unlawful discrimination.

39. Plaintiff has suffered pecuniary losses as a direct result of PTS's unlawful discrimination.

WHEREFORE, Plaintiff prays for the following damages against PTS:

    a. back pay and benefits;

    b. interest on back pay and benefits;

    c. front pay and benefits;

    d. compensatory damages for emotion pain and suffering;

    e. for costs and attorneys' fees;

    f. injunctive relief;

  g. punitive damages; and

  h. for any other relief this Court deems just and equitable.

## COUNT II
**Violation of the Americans with Disabilities Act, as amended ("ADAAA")**
*42 USCA § 12101*
**(Retaliation)**

40. Plaintiff re-alleges and re-adopts paragraphs 4 through 30 of his Complaint as if fully set forth herein.

41. The foregoing actions of PTS constitute retaliation against Plaintiff based upon Plaintiff's protected activities in violation of the ADAAA based upon disability.

42. PTS's actions were willful and done with malice.

43. The retaliation described herein was based on Plaintiff's exercise of rights protected by law to resist and oppose unlawful discrimination and/or harassment.

44. Plaintiff was injured due to PTS's violations of the ADAAA, including but not limited to losing his job, to which Plaintiff is entitled to legal and injunctive relief.

45. Plaintiff is entitled to legal and injunctive relief as a result of PTS's actions.

WHEREFORE, Plaintiff prays for the following damages against PTS:

  a. back pay and benefits;

    b.  interest on back pay and benefits;

    c.  front pay and benefits;

    d.  compensatory damages for emotion pain and suffering;

    e.  for costs and attorneys' fees;

    f.  injunctive relief;

    g.  punitive damages; and

    h.  for any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial for all issues so triable.

Dated this 7th day of September, 2023.

                        */s/ Jeffrey N. Del Rio*
                        **JEFFREY N. DEL RIO, ESQ.**[1]
                        Georgia Bar No. 719505
                        **GEORGE G. TRIANTIS, ESQ.***
                        Fla. Bar No. 1015574
                        **MARC R. EDELMAN, ESQ.***
                        Fla. Bar No. 0096342
                        **MORGAN & MORGAN, P.A.**
                        201 N. Franklin Street, Suite 700
                        Tampa, FL 33602
                        Telephone: 813-223-5505
                        Fax: 813-257-0572
                        Email: Gtriantis@forthepeople.com
                        Email: Medelman@forthepeople.com
                        *Attorneys for Plaintiff*

                        *Pro Hac Vice forthcoming

---

[1] Morgan & Morgan has a local office in Atlanta Georgis located at 191 Peachtree St NE, Suite 4200, Atlanta GA 30303.