State Court of Fulton County
**E-FILED**
23EV004629
8/2/2023 11:45 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MILDRED HENDRIX,<br><br>     Plaintiff<br><br>vs.<br><br>TARGET ENTERPRISE, INC. (MN) ABC<br><br>CORPS #1-3; AND JOHN DOES #1-3<br><br><br>     Defendants. | CASE ACTION<br><br>FILE NO.:<br><br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR DAMAGES

Plaintiff MILDRED HENDRIX ("Plaintiff") sues Defendant and alleges:

Parties, Jurisdiction, & Venue

1.  Plaintiff is a Georgia resident.

2.  Defendant TARGET ENTERPRISE, INC. ("Defendant") is a Foreign Profit Corporation, with a registered agent for service of process, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia,30046-4805. Service of process can be perfected upon Defendant at that address.

3.  Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution, and O.C.G.A. § 14-2-510, venue is proper because the cause of action originated in Fulton County.

4.  Defendant, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff. If and when entity Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

Exhibit A

5.  Defendant JOHN DOE #1 is a resident of Georgia and is the unidentified manager on duty of Defendant POINT 100's business establishment at the time of the alleged incident at issue in this case. Defendant JOHN DOE #1 had the authority and right to control the mode and manner of operations of the business located at 3509 MLK JR Drive, Atlanta, GA on the date of incident and at all relevant times and as such is a joint tortfeasor. Defendant JOHN DOE #1's authority and control over operations included, but was not limited to, control over the manner in which safety procedures and protocols were implemented and enforced. The legal name of Defendant JOHN DOE #1 is known by FAMILY DOLLAR STORES OF GEORGIA, LLC. When Defendant JOHN DOE #1 is identified by FAMILY DOLLAR STORES OF GEORGIA, LLC, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

6.  Defendants JOHN DOES #2-3 are unidentified individuals who are potential, third-party, joint tortfeasors. Defendants JOHN DOES #2-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of FAMILY DOLLAR STORES OF GEORGIA, LLC's business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants JOHN DOES #2-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

                        Facts Common to Counts I & II

7.  At all material times, Defendants owned, managed, operated, or otherwise provided services for a business open to the public and located at 3660 Marketplace Boulevard, East Point, Fulton County Georgia (the "Premises").

8.  On or about August 10, 2021, Plaintiff and a friend was lawfully on the Premises as an invitee when Plaintiff's friend reached for a product, causing items to fall onto the Plaintiff, who then fell backwards, hitting her head and body on the floor, which caused Plaintiff to be severely injured (the "Incident").

9.  Defendants negligently caused Plaintiff's injuries.

10. At all relevant times, the Plaintiff exercised reasonable care for Plaintiff's own safety.

11. As the direct and proximate result of Defendants' negligence, Plaintiff fell and suffered severe bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

12. As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

## Count I: Active Negligence

13. Plaintiff repeats and realleges paragraphs **[1 through 12]** above, verbatim.

14. At all material times, Defendants controlled the mode, manner, and means by which they operated the Premises. Under Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

15. Defendants' chosen mode and manner of operation of the Premises required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

16. Defendants owed its customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating the Premises.

17. Defendants have a duty to develop, implement, maintain, comply with and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect customers from the foreseeable risks of harm, including fall risks arising from the operation of the Premises.

18. Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect him from foreseeable risks of harm.

19. While operating the Premises, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

   (i) Defendants failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by a slip or trip and fall;

   (ii) Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by a slip or trip and fall;

   (iii) Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

   (iv) Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

   (v) Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

   (vi) Defendants failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

20. Defendants' failure to exercise reasonable care in their operations of the Premises caused a dangerous condition that created a fall risk and caused Plaintiff to fall and suffer severe injuries.

21. Defendants' negligent operation of the Premises directly and proximately caused Plaintiff's injuries.

22. Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendants' business.   Defendants' employees, contractors, agents and representatives include, but are not limited to, Defendants JOHN DOE #1-3.

23. Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

## Count II: Premises Liability

24. Plaintiff repeats and realleges paragraphs **[12 through 24]** above, verbatim.

25. At all material times, Defendants owned, occupied and was otherwise in possession and control of the Premises.

26. At all material times, Defendants owed a non-delegable duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

27. Defendants' duty of care included:

   a.   Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a slip / trip hazard or risk;

   b.   Detecting, removing or otherwise remedying hazardous conditions on the

Premises floor that posed a slip / trip hazard or risk; and

    c.  Adequately warning invitees about specific hazards on the Premises, including slip/trip hazards on the floor, to enable invitees to avoid harm.

28.  At all material times, Plaintiff was Defendant's invitee.

29.  The dangerous condition that caused Plaintiff to fall existed on the Premises for a sufficient length of time that Defendants knew, or in the exercise of reasonable care should have known, about the dangerous condition and failed to inspect, remove or otherwise remedy the hazardous condition or defect; and/or failed to give adequate warning to invitees of the dangerous condition the defect created.

30.  Because Defendants had notice of the dangerous condition and controlled the condition of the Premises, Defendants and their employees, contractors, agents and representatives had a duty to repair the dangerous condition, remove the dangerous condition, or to warn invitees of the dangerous condition because it posed a foreseeable and an unreasonable risk of harm to invitees' safety, including Plaintiff herein.

31.  Defendants breached their duty to Plaintiff when they negligently failed to adequately repair the dangerous condition, remove the dangerous condition, and/or to warn invitees of the dangerous condition and the foreseeable and unreasonable risk of harm to the safety of Defendant's invitees, including Plaintiff.

32.  As a direct and proximate result of Defendants' negligent failure to keep the Premises safe, remove, remedy, or warn Plaintiff about the dangerous condition Plaintiff slipped or tripped on the dangerous condition and was injured.

33.  Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees

and costs of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a.   That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b.   That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

c.   That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d.   That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e.   That Plaintiff recover general and special damages in amounts to be proved at trial;

f.   That Plaintiff be granted Attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11; and

g.   That this Honorable Court order such other and further relief as the Court deems just and proper.

This 14th day of July, 2023.

Respectfully Submitted,

_____
Michael A. Johnson, Esq.
Georgia Bar Number 679391
Attorney for Plaintiff

MORGAN & MORGAN
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone:   (404) 757-8572
Facsimile:   (404) 757-8727
E: MaJohnson@forthepeople.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV004629**
**8/3/2023 12:18 PM**
**Donald Talley, Clerk**
**Civil Division**

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: 23EV004629

Mildred hendrix
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Target Enterprise, Inc., ABC Corporation 1-3, John Does 1-3
_____
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Michael Johnson

Address: 191 Peachtree Street Suite 4200

City, State, Zip Code: Atlanta, GA 30303            Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***
  Served, this _____ day of _____, 20_____.
                                                            _____
                                                            DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV004629
9/7/2023 2:52 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MILDRED HENDRIX, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) 23EV004629 |
| v. | ) |
| | ) |
| TARGET ENTERPRISE, INC. (MN) ABC | ) |
| CORPS #1-3, and JOHN DOES #1-3, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### TARGET ENTERPRISE, INC.'S (IMPROPERLY NAMED DEFENDANT) ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Target Enterprise, Inc. (Improperly Named Defendant), in the above-styled action, by and through its undersigned counsel, and files this Answer to Plaintiff's Complaint for Damages and Demand For Jury Trial (hereinafter "Plaintiff's Complaint"), as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted, and this Defendant raises the O.C.G.A. § 9-11-12(b)(6) defense of failure to state a claim accordingly.

### SECOND DEFENSE

This Defendant denies any contention that it was negligent and further denies that any act or omission on the part of this Defendant proximately caused the contended incident at issue or the alleged damages of the Plaintiff.

**THIRD DEFENSE**

This Defendant denies any contention that it was reckless or wanton in any manner and further denies that any act or omission on the part of this Defendant proximately caused or contributed to the contended incident at issue or the alleged damages of Plaintiff.

**FOURTH DEFENSE**

This Defendant did not breach any legal duty owed to Plaintiff, and at all times this Defendant exercised that degree of care required by law.

**FIFTH DEFENSE**

This Defendant did not have actual or constructive knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times this Defendant exercised that degree of care required by law.

**SIXTH DEFENSE**

This Defendant did not have superior knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times this Defendant exercised that degree of care required by law.

**SEVENTH DEFENSE**

This Defendant asserts the O.C.G.A. § 9-11-8 defense of contributory negligence and assumption of the risk.

**EIGHTH DEFENSE**

In the event it is determined that Plaintiff is entitled to recover against this Defendant, which is denied, Plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to Plaintiff or any designated non-party pursuant to O.C.G.A. § 51-12-33.

**NINTH DEFENSE**

Some or all of the injuries and damages alleged in Plaintiff's Complaint were or may have been enhanced or increased by Plaintiff's failure to mitigate.

**TENTH DEFENSE**

Plaintiff has failed to allege special damages with particularity.

**ELEVENTH DEFENSE**

This Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation, research and/or discovery.

**TWELFTH DEFENSE**

This Defendant demands a jury of twelve impartial persons.

**THIRTEENTH DEFENSE**

Plaintiff's injuries were caused by her failure to keep a proper lookout for an open and obvious condition.

**FOURTEENTH DEFENSE**

This Defendant is an improper party, and therefore, should be dismissed.

**FIFTEENTH DEFENSE**

In response to the individually numbered paragraphs contained in the Plaintiff's Complaint, this Defendant responds as follows:

**Parties, Jurisdiction, & Venue**

1.

In responding to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Plaintiff's said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

2.

In responding to the allegations contained in Paragraph 2 of Plaintiff's Complaint, said allegations are denied. The correct name for Defendant Target is Target Corporation. Defendant Target admits that Target Corporation is a Foreign Profit Corporation whose registered agent can be served at 289 S. Culver Street, Lawrenceville, Georgia, 30046.

3.

In responding to the allegations contained in Paragraph 3 of Plaintiff's Complaint, said allegations are admitted.

4. – 6.

In responding to the allegations contained in Paragraphs 4 through 6 of Plaintiff's Complaint, this Defendant denies any it or its employees were negligent in any way.  All other allegations contained in this Paragraph can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein. Furthermore, to the extent said allegations express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

**Facts Common to Counts I & II**

7.

In responding to the allegations contained in Paragraph 7 of Plaintiff's Complaint, this Defendant admits it owned and operated the Target store located at 3660 Marketplace Boulevard, East Point, Fulton County, Georgia.  All other allegations contained in this Paragraph can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

8.

In responding to the allegations contained in Paragraph 8 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  Furthermore, to the extent said allegations express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

9.

In responding to the allegations contained in Paragraph 9 of Plaintiff's Complaint, said allegations are denied.

10.

In responding to the allegations contained in Paragraph 10 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  Furthermore, to the extent said allegations express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

11. – 12.

In responding to the allegations contained in Paragraphs 11 through 12 of Plaintiff's Complaint, said allegations are denied.

## Count I: Active Negligence

13.

In responding to the allegations contained in Paragraph 13 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 12 of Plaintiff's Complaint as if fully set forth herein.

14.

In responding to the allegations contained in Paragraph 14 of Plaintiff's Complaint, Defendant admits that it operated the Target that is located at 3660 Marketplace Blvd, East Point, GA. The other allegations contained in this Paragraph are denied. Furthermore, to the extent said allegations express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

15.

In responding to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant admits that it implements safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries. The other allegations contained in this Paragraph are denied. Furthermore, to the extent said allegations express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

16. – 17.

In responding to the allegations contained in Paragraphs 16 through 17 of Plaintiff's Complaint, Defendant admits that it owes to a duty to its customers dependent on the status of the guest as required by Georgia law. The other allegations contained in these Paragraphs are denied. To the extent said allegations infer or allege negligence, such allegations are denied.

18. – 23.

In responding to the allegations contained in Paragraphs 18 through 23 of Plaintiff's Complaint, said allegations are denied.

## Count II: Premises Liability

24.

In responding to the allegations contained in Paragraph 24 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 23 of Plaintiff's Complaint as if fully set forth herein.

25.

In responding to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant admits that it operated and were in possession of the Target that is located at 3660 Marketplace Boulevard East Point, Ga. The other allegations contained in this Paragraph are denied. Furthermore, to the extent said allegations express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

26. – 27.

In responding to the allegations contained in Paragraphs 26 through 27 of Plaintiff's Complaint, Defendant admits that it owes to a duty to its customers dependent on the status of the guest as required by Georgia law. The other allegations contained in these Paragraphs are denied. Furthermore, to the extent said allegations express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

28.

In responding to the allegations contained in Paragraph 28 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

29. - 33

In responding to the allegations contained in Paragraphs 29 through 33 of Plaintiff's Complaint, said allegations are denied.

Defendant denies all express or implied allegations of Plaintiff's Complaint that have not been admitted, denied, or otherwise responded to in this Answer.  Defendant further denies any and all allegations contained in the WHEREFORE section of Plaintiff's Complaint.

WHEREFORE Target Enterprise, Inc. (Improperly Named Defendant), having answered the Plaintiff's Complaint, requests that the Court dismiss the Plaintiff's Complaint or, in the alternative, enter judgment against the Plaintiff and in favor of Target Enterprise, Inc. (Improperly Named Defendant) with all costs of this action being cast against the Plaintiff and for such other and further relief as this Court deems just and proper and a trial by a jury of 12 persons.

This 7th day of September, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No.: 477026
BRITTANY R. GRINER
Georgia Bar No.: 760338

*Counsel for Defendant*
*Target Enterprise, Inc. (Improperly Named*
*Defendant)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **TARGET ENTERPRISE, INC.'S (IMPROPERLY NAMED DEFENDANT) ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all parties or their counsel of record via the Odyssey eFileGA efiling system and Statutory Electronic Service to assure delivery as follows:

Michael A. Johnson
MORGAN & MORGAN
PO BOX 57007
Atlanta, Georgia 30343-1007
majohnson@forthepeople.com

*Counsel for Plaintiff*

This 7th day of September, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No.: 477026
BRITTANY R. GRINER
Georgia Bar No.: 760338

*Counsel for Defendant*
*Target Enterprise, Inc. (Improperly Named*
*Defendant)*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
bgriner@huffpowellbailey.com

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV004629**
**9/7/2023 2:52 PM**
**Donald Talley, Clerk**
**Civil Division**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

|                                                                 |     |                                      |
|-----------------------------------------------------------------|-----|--------------------------------------|
| MILDRED HENDRIX,                                                | )   |                                      |
|                                                                 | )   |                                      |
| Plaintiff,                                                      | )   | CIVIL ACTION NO.                     |
|                                                                 | )   | 23EV004629                           |
| v.                                                              | )   |                                      |
|                                                                 | )   |                                      |
| TARGET ENTERPRISE, INC. (MN) ABC                                | )   |                                      |
| CORPS #1-3, and JOHN DOES #1-3,                                 | )   |                                      |
|                                                                 | )   |                                      |
| Defendants.                                                     | )   |                                      |
|                                                                 | )   |                                      |

## JURY DEMAND ON BEHALF OF TARGET ENTERPRISE, INC.
## (IMPROPERLY NAMED DEFENDANT)

COMES NOW, Target Enterprise, Inc., (Improperly Named Defendant) in the above styled action, and pursuant to O.C.G.A. § 15-12-122(a)(2), demands a trial by a jury of twelve to be picked from a panel of twenty-four prospective jurors.

This 7th day of September, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No.: 477026
BRITTANY R. GRINER
Georgia Bar No.: 760338

*Counsel for Defendant*
*Target Enterprise, Inc. (Improperly Named*
*Defendant)*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
bgriner@huffpowellbailey.com

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day served a true and correct copy of the within and foregoing **JURY DEMAND ON BEHALF OF TARGET ENTERPRISE, INC. (IMPROPERLY NAMED DEFENDANT)** upon all parties or their counsel of record via Odyssey E-file and by Statutory Electronic Service to assure delivery as follows:

Michael A. Johnson
MORGAN & MORGAN
PO BOX 57007
Atlanta, Georgia 30343-1007
majohnson@forthepeople.com

*Counsel for Plaintiff*

This 7th day of September, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No.: 477026
BRITTANY R. GRINER
Georgia Bar No.: 760338

*Counsel for Defendant*
*Target Enterprise, Inc. (Improperly Named*
*Defendant)*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
bgriner@huffpowellbailey.com

State Court of Fulton County
**E-FILED**
23EV004629
9/7/2023 2:52 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| MILDRED HENDRIX, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 23EV004629 |
| v. | ) | |
| | ) | |
| TARGET ENTERPRISE, INC. (MN) ABC | ) | |
| CORPS #1-3, and JOHN DOES #1-3, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL TO DISTRICT COURT

COMES NOW, Target Enterprise, Inc., (Improperly named Defendant) in the above-styled action, by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332 and 1446, files this Notice of Removal to District Court.

Defendant hereby provides notice to Plaintiff that this case is being removed the United States District Court for the Northern District of Georgia, Atlanta Division, based upon diversity jurisdiction, pursuant to 28 U.S.C. § 1441.

This 7th day of September, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No.: 477026
BRITTANY R. GRINER
Georgia Bar No.: 760338

*Counsel for Defendant*
*Target Enterprise, Inc. (Improperly Named Defendant)*

999 Peachtree Street, NE, Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
bgriner@huffpowellbailey.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL TO DISTRICT COURT** upon all parties or their counsel of record via the Odyssey eFileGA efiling system and Statutory Electronic Service to assure delivery as follows:

Michael A. Johnson
MORGAN & MORGAN
PO BOX 57007
Atlanta, Georgia 30343-1007
majohnson@forthepeople.com

*Counsel for Plaintiff*

This 7th day of September, 2023.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No.: 477026
BRITTANY R. GRINER
Georgia Bar No.: 760338

*Counsel for Defendant*
*Target Enterprise, Inc. (Improperly Named Defendant)*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
bgriner@huffpowellbailey.com