# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MILDRED HENDRIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | _____ |
| ) | |
| TARGET ENTERPRISE, INC. (MN) ABC ) | |
| CORPS #1-3, and JOHN DOES #1-3, ) | Removed From Gwinnett |
| ) | State Court Civil Action File |
| Defendants. ) | No.: 23EV004629 |
| ) | |
| ) | |

**TARGET ENTERPRISE, INC.'S (IMPROPERLY NAMED DEFENDANT) ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW, Target Enterprise, Inc. (Improperly Named Defendant), in the above-styled action, by and through its undersigned counsel, and files this Answer to Plaintiff's Complaint for Damages and Demand For Jury Trial (hereinafter "Plaintiff's Complaint"), as follows:

**FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted, and this Defendant raises the O.C.G.A. § 9-11-12(b)(6) defense of failure to state a claim accordingly.

## SECOND DEFENSE

This Defendant denies any contention that it was negligent and further denies that any act or omission on the part of this Defendant proximately caused the contended incident at issue or the alleged damages of the Plaintiff.

## THIRD DEFENSE

This Defendant denies any contention that it was reckless or wanton in any manner and further denies that any act or omission on the part of this Defendant proximately caused or contributed to the contended incident at issue or the alleged damages of Plaintiff.

## FOURTH DEFENSE

This Defendant did not breach any legal duty owed to Plaintiff, and at all times this Defendant exercised that degree of care required by law.

## FIFTH DEFENSE

This Defendant did not have actual or constructive knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times this Defendant exercised that degree of care required by law.

## SIXTH DEFENSE

This Defendant did not have superior knowledge of any alleged potentially hazardous, or allegedly hazardous condition at any time relevant to the incident at issue, as alleged by Plaintiff, and at all times this Defendant exercised that degree of care required by law.

## SEVENTH DEFENSE

This Defendant asserts the O.C.G.A. § 9-11-8 defense of contributory negligence and assumption of the risk.

## EIGHTH DEFENSE

In the event it is determined that Plaintiff is entitled to recover against this Defendant, which is denied, Plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to Plaintiff or any designated non-party pursuant to O.C.G.A. § 51-12-33.

## NINTH DEFENSE

Some or all of the injuries and damages alleged in Plaintiff's Complaint were or may have been enhanced or increased by Plaintiff's failure to mitigate.

## TENTH DEFENSE

Plaintiff has failed to allege special damages with particularity.

## ELEVENTH DEFENSE

This Defendant reserves the right to assert any additional affirmative defenses as may be disclosed during the course of additional investigation, research and/or discovery.

## TWELFTH DEFENSE

This Defendant demands a jury of twelve impartial persons.

## THIRTEENTH DEFENSE

Plaintiff's injuries were caused by her failure to keep a proper lookout for an open and obvious condition.

## FOURTEENTH DEFENSE

This Defendant is an improper party, and therefore, should be dismissed.

## FIFTEENTH DEFENSE

In response to the individually numbered paragraphs contained in the Plaintiff's Complaint, this Defendant responds as follows:

### Parties, Jurisdiction, & Venue

1.

In responding to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Plaintiff's said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

2.

In responding to the allegations contained in Paragraph 2 of Plaintiff's Complaint, said allegations are denied. The correct name for Defendant Target is Target Corporation. Defendant Target admits that Target Corporation is a Foreign Profit Corporation whose registered agent can be served at 289 S. Culver Street, Lawrenceville, Georgia, 30046.

3.

In responding to the allegations contained in Paragraph 3 of Plaintiff's Complaint, said allegations are admitted.

4. – 6.

In responding to the allegations contained in Paragraphs 4 through 6 of Plaintiff's Complaint, this Defendant denies any it or its employees were negligent in any way.  All other allegations contained in this Paragraph can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein. Furthermore, to the extent said allegations express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

## **Facts Common to Counts I & II**

7.

In responding to the allegations contained in Paragraph 7 of Plaintiff's Complaint, this Defendant admits it owned and operated the Target store located at 3660 Marketplace Boulevard, East Point, Fulton County, Georgia.  All other allegations contained in this Paragraph can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

8.

In responding to the allegations contained in Paragraph 8 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.  Furthermore, to the extent said allegations express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

9.

In responding to the allegations contained in Paragraph 9 of Plaintiff's Complaint, said allegations are denied.

10.

In responding to the allegations contained in Paragraph 10 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient

information to form a belief of the truth of the averments therein. Furthermore, to the extent said allegations express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

11. – 12.

In responding to the allegations contained in Paragraphs 11 through 12 of Plaintiff's Complaint, said allegations are denied.

**Count I: Active Negligence**

13.

In responding to the allegations contained in Paragraph 13 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 12 of Plaintiff's Complaint as if fully set forth herein.

14.

In responding to the allegations contained in Paragraph 14 of Plaintiff's Complaint, Defendant admits that it operated the Target that is located at 3660 Marketplace Blvd, East Point, GA. The other allegations contained in this Paragraph are denied. Furthermore, to the extent said allegations express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

15.

In responding to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant admits that it implements safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries. The other allegations contained in this Paragraph are denied. Furthermore, to the extent said allegations express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

16. – 17.

In responding to the allegations contained in Paragraphs 16 through 17 of Plaintiff's Complaint, Defendant admits that it owes to a duty to its customers dependent on the status of the guest as required by Georgia law. The other allegations contained in these Paragraphs are denied. To the extent said allegations infer or allege negligence, such allegations are denied.

18. – 23.

In responding to the allegations contained in Paragraphs 18 through 23 of Plaintiff's Complaint, said allegations are denied.

## Count II: Premises Liability

24.

In responding to the allegations contained in Paragraph 24 of Plaintiff's Complaint, this Defendant hereby reasserts all defenses and responses contained in its responses to Paragraphs 1 through 23 of Plaintiff's Complaint as if fully set forth herein.

25.

In responding to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant admits that it operated and were in possession of the Target that is located at 3660 Marketplace Boulevard East Point, Ga. The other allegations contained in this Paragraph are denied. Furthermore, to the extent said allegations express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

26. – 27.

In responding to the allegations contained in Paragraphs 26 through 27 of Plaintiff's Complaint, Defendant admits that it owes to a duty to its customers dependent on the status of the guest as required by Georgia law. The other allegations contained in these Paragraphs are denied. Furthermore, to the extent said allegations

express or imply any alleged wrongdoing or negligence against this Defendant, said allegations are expressly denied.

28.

In responding to the allegations contained in Paragraph 28 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

29. - 33

In responding to the allegations contained in Paragraphs 29 through 33 of Plaintiff's Complaint, said allegations are denied.

Defendant denies all express or implied allegations of Plaintiff's Complaint that have not been admitted, denied, or otherwise responded to in this Answer. Defendant further denies any and all allegations contained in the WHEREFORE section of Plaintiff's Complaint.

WHEREFORE Target Corporation, having answered the Plaintiff's Complaint, requests that the Court dismiss the Plaintiff's Complaint or, in the alternative, enter judgment against the Plaintiff and in favor of Target Corporation with all costs of this action being cast against the Plaintiff and for such other and further relief as this Court deems just and proper and a trial by a jury of 12 persons.

This 7th day of September, 2023.

          Respectfully submitted,

          HUFF, POWELL & BAILEY, LLC

          */s/ Brian K. Mathis*
          BRIAN K. MATHIS
          Georgia Bar No.: 477026

          *Counsel for Defendant Target Enterprise, Inc. (Improperly Named Defendant)*

999 Peachtree Street, NE, Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

                              HUFF, POWELL & BAILEY, LLC

                              */s/ Brian K. Mathis*
                              BRIAN K. MATHIS
                              Georgia Bar No.: 477026

                              *Counsel for Defendant Target Enterprise, Inc. (Improperly Named Defendant)*

999 Peachtree Street, NE, Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy the **TARGET ENTERPRISE, INC.'S (IMPROPERLY NAMED DEFENDANT) ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** upon all parties or their counsel of record via CM/ECF's Electronic Case Filing System and by Statutory Electronic Service, addressed as follows to assure delivery to:

Michael A. Johnson
MORGAN & MORGAN
PO BOX 57007
Atlanta, Georgia 30343-1007
majohnson@forthepeople.com

*Counsel for Plaintiff*

This 7th day of September, 2023.

        HUFF, POWELL & BAILEY, LLC

        */s/ Brian K. Mathis*
        BRIAN K. MATHIS
        Georgia Bar No.: 477026

        *Counsel for Defendant Target Enterprise, Inc. (Improperly Named Defendant)*

999 Peachtree Street, NE, Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com