# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANDRE R. JOHNSON, | Civil Action File No. |
| Plaintiff, | _____ |
| v. | Removed from Fulton County State Court, Civil Action No. 23EV004834 |
| THE KROGER CO. | |
| Defendant. | JURY TRIAL DEMANDED |

### DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW The Kroger Co. ("Defendant" or "Kroger"), named as defendant in the *Complaint* of Plaintiff Andre Johnson (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and files this *Answer and Defenses* thereto, further showing this honorable Court as follows:

### **FIRST DEFENSE**

Pending further investigation and discovery, and in order to preserve this defense, Defendant raises defenses based on Plaintiff's own contributory and/or comparative negligence.

## SECOND DEFENSE

Pending further investigation and discovery, and in order to preserve this defense, Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any alleged act or alleged failure to act by Defendant.

## THIRD DEFENSE

Pending further investigation and discovery, the accident giving rise to Plaintiff's Complaint was caused by the acts or omissions of persons or entities other than this Defendant.

## FOURTH DEFENSE

The Complaint fails to plead special damages with particularity as required by O.C.G.A. § 9-ll-9(g) and Fed. R. Civ. P. 9(g).

## FIFTH DEFENSE

For a fifth defense, Defendant responds to the enumerated paragraphs of Plaintiff's *Complaint* (the "*Complaint*") as follows:

### PARTIES, JURISDICTION, AND VENUE

**1.**

Defendant lacks sufficient information to either admit or deny the allegations in Paragraph No. 1, so those allegations are therefore denied.

**2.**

Defendant admits the allegations in Paragraph No. 2.

**3.**

In response to Paragraph No. 3, Defendant admits that Georgia recognizes the doctrine of *respondeat superior* which generally holds an employer vicariously liable for the negligent acts of its employees performed during the course and scope of their employment. However, Defendant denies that Paragraph No. 3 contains an accurate and full description of said doctrine. Therefore, Defendant denies the allegations in Paragraph No. 3 as pled.

**4.**

Defendant admits the allegations in Paragraph No. 4.

## ALLEGED FACTS

**5.**

Defendant incorporates its defenses as well as its responses to all previous paragraphs as if fully stated herein.

**6.**

Defendant lacks sufficient information to either admit or deny the allegations in Paragraph No. 6, so those allegations are therefore denied.

**7.**

Defendant lacks sufficient information to either admit or deny the allegations in Paragraph No. 7, so those allegations are therefore denied.

**8.**

Defendant lacks sufficient information to either admit or deny the allegations in Paragraph No. 8, so those allegations are therefore denied.

**9.**

Defendant lacks sufficient information to either admit or deny the allegations in Paragraph No. 9, so those allegations are therefore denied.

**10.**

In response to Paragraph No. 10, Defendant admits that Plaintiff did receive prescriptions for Levocarnitine at a Kroger Pharmacy located at 12460 Crabapple Road, Alpharetta, Fulton County, Georgia. Defendant lacks sufficient information to either admit or deny the remaining allegations in Paragraph No. 10, so those allegations are therefore denied.

**11.**

Based on information and belief, Defendant admits the allegations in Paragraph No. 11.

**12.**

Defendant admits the allegations in Paragraph No. 12.

**13.**

Defendant lacks sufficient information to either admit or deny the allegations in Paragraph No. 13, so those allegations are therefore denied.

**14.**

Defendant lacks sufficient information to either admit or deny the allegations in Paragraph No. 14, as pled, so those allegations are therefore denied.

**15.**

In response to Paragraph No. 15, Defendant admits only that it did not dispense Levocarnitine to Plaintiff in 2021. Defendant lacks sufficient information to either admit or deny the remaining allegations in Paragraph No. 15, so those allegations are therefore denied.

**16.**

Defendant lacks sufficient information to either admit or deny the allegations in Paragraph No. 16, so those allegations are therefore denied.

## COUNT I – ALLEGED PROFESSIONAL NEGLIGENCE

**17.**

Defendant incorporates its defenses as well as its responses to all previous paragraphs as if fully stated herein.

**18.**

In response to Paragraph No. 18, Defendant admits that it did not sell or otherwise provide Levocarnitine to Plaintiff in 2021. Defendant also admits that it dispensed Levetiracetam to Plaintiff in 2021. Defendant further admits that it sent a refill request for Levetiracetam. Defendant lacks sufficient information to either admit or deny the remaining allegations in Paragraph No. 18, as pled, so those allegations are therefore denied.

## ALLEGED COMPLIANCE WITH O.C.G.A § 9-11-9.1

**19.**

To the extent Paragraph No. 19 requires a response, Defendant admits that the Complaint includes an Affidavit which purports to be from Brian D. Buck, Pharm. D., FASHP. Defendant lacks sufficient information to authenticate said Affidavit and therefore can neither admit or deny the Affidavit is authentic or accurate, so any remaining allegations contained in Paragraph No. 19 (both implied and expressed) are therefore denied.

**20.**

All allegations not expressly admitted in this Answer are hereby expressly denied.

**21.**

In response to Plaintiff's unnumbered WHEREFORE paragraph and all its subparts, Defendant denies all allegations contained therein requiring a response.

WHEREFORE, having fully responded to the averments in Plaintiff's *Complaint*, Defendant The Kroger Co. respectfully prays:

(a) That judgment be rendered on Plaintiff's *Complaint* in its favor and against Plaintiff;

(b) That the costs of Plaintiff's action be taxed against Plaintiff;

(c) For a trial by jury of twelve (12) members; and

(d) For such other and further relief as is meet and just.

Respectfully submitted, this <u>8th</u> day of <u>September</u>, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | */s/ Marc Hood* |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road, N.E. | Georgia Bar No. 515323 |
| Suite 1700 – Salesforce Tower Atlanta | Marc Hood |
| Atlanta, Georgia 30326 | Georgia Bar No. 490821 |
| Telephone: (404) 870-1070 | *Counsel for Defendant The Kroger Co.* |
| Facsimile: (404) 870-7374 | |
| Email:     mmoffett@grsmb.com | |
|                   mhood@grsmb.com | |

- 8 -

**CERTIFICATE OF SERVICE AND OF COMPLIANCE WITH L.R. 5.1**

This is to certify that on this date, the undersigned filed a true and correct copy of **DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will send electronic notification to all parties having appeared of record in this action:

>Paul I. Hotchkiss, Esq.
>Maggie L. Stewart, Esq.
>HOTCHKISS LAW FIRM LLC
>185 E. Lake Ter., SE
>Atlanta, GA 30317

Further, this is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Dated this <u>8th</u> day of September, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | */s/ Marc Hood* |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road, N.E. | Georgia Bar No. 515323 |
| Suite 1700 – Salesforce Tower Atlanta | Marc Hood |
| Atlanta, Georgia 30326 | Georgia Bar No. 490821 |
| Telephone:  (404) 870-1070 | *Counsel for Defendant The Kroger Co.* |
| Facsimile:  (404) 870-7374 | |
| Email:       mmoffett@grsmb.com | |
|                    mhood@grsmb.com | |