UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Stephanie Echeverry** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | CIVIL ACTION NO. |
| ) | |
| **Officer Suazo of the Gwinnett** ) | |
| **County Police Department; and** ) | |
| ) | JURY TRIAL DEMANDED |
| **Deputy Perlaza of the Gwinnett** ) | |
| **County Sheriff's Office,** ) | |
| ) | |
| **Both individually and officially,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Stephanie Echeverry, and files this Complaint for Damages against the above-named defendants, all individually and officially, individually and officially, showing as follows.

## NATURE OF CLAIM

Plaintiff brings this action against Defendants for violation of her rights as guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Georgia Constitution, and Georgia law. Plaintiff seeks compensatory damages,

1

special damages, general damages, punitive damages, reasonable attorneys' fees and costs, and any and all other relief to which she is entitled by law as more fully described below.

## JURISDICTION AND VENUE

1. This action is brought before the court pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution for the deprivation of Plaintiff's constitutional rights under color of law. Accordingly, this Court has jurisdiction over her claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff also asserts Georgia state law claims against Defendants that arise out of the same transaction or occurrence that serves as the basis for her claims that arising under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, it is the most convenient to the parties and to the witnesses, and it is where one or more of the Defendants are deemed to reside. 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Gwinnett County, Georgia and is subject to the jurisdiction and venue of this Court.

5. At all times relevant hereto, defendants Suazo and Perlaza were employed by their respective law enforcement agencies and were acting under color of state law.

6. Ante litem notice was mailed to Nicole Love Hendrickson, Chairwoman of the Gwinnett County Board of Commissioners, and to James McClure, Chief of Police of the Gwinnett County Police Department, on or about June 14, 2023, with no response thereto.

## FACTUAL ALLEGATIONS

7. On or about January 22, 2023, Plaintiff was a patron at Mi Bella Colombia Restaurant in Lawrenceville, Georgia. She was there with her cousins, Jessica Ochoa-Palacio and Jackeline Lasso-Palacio, as well as her aunt, Ruby Palacio.

8. While at the restaurant, Plaintiff and her cousin, Jessica, got into a minor verbal argument with another patron near the bathroom. This argument never escalated beyond a minor exchange of words and there was no threat or use of physical violence by Plaintiff or anyone with her party.

9. Moments later, Plaintiff's group was approached by restaurant security and by Perlaza and Suazo who asked Plaintiff and her party to leave. Suazo and Perlaza began escorting Plaintiff and her party out of the building.

10. As she was being escorted outside, Plaintiff and Jessica protested their innocence and that they did nothing wrong to deserve to be removed from the establishment. This argument fell on deaf ears and Perlaza and Suazo continued to escort them out of the building.

11. As Suazo and Plaintiff crossed the threshold of the front entrance and arrived at the parking lot, Suazo informed Plaintiff that she was under arrest while continuing to force Plaintiff out of the building with her hands behind her back.

12. With no resistance, obstruction, or force on the part of Plaintiff, and without warning, Suazo maliciously tackled Plaintiff from behind, forcing her face-down into the pavement while simultaneously twisting her arms. During this maneuver, Suazo placed his entire body weight onto Plaintiff's upper body and back, all the while twisting and crushing her arms.

13. During this, Plaintiff felt her left arm crush and fracture and cried out in pain. In response, Suazo placed his knee on the rear-right of her neck, causing further pain and leaving Plaintiff gasping for air.

14. As this was unfolding, Perlaza stood idly by and took no action to intervene in the unconstitutional use of force against Plaintiff despite his duty to do so.

15. After significant delay and being completely neglected by Suazo and Perlaza following her injuries, Plaintiff was transported by EMS to Northside Hospital in Lawrenceville, Georgia. Plaintiff was diagnosed with a displaced distal humerus fracture.

16. Plaintiff later underwent surgery to repair her fractured arm at considerable expense and causing great pain and suffering.

17. Following her initial surgery, Plaintiff underwent a second procedure to repair nerve damage also caused by Suazo and Perlaza.

18. As a result of the use of force, Plaintiff suffered major physical injuries.

19. In addition to her physical injuries, Plaintiff also suffered severe mental, emotional, and psychological injury as a result of the cruel and excessive force used against her and the cruel and unusual treatment to which she was subjected, as set forth above.

20. Plaintiff continues to suffer physical, emotional, and psychological pain as a result of the unlawful, cruel, and unusual treatment to which she was subjected by Defendants.

21. At all relevant times, Plaintiff had a clearly established constitutional right under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable use of force.

22. There was no reasonable justification for the constitutional violations that Plaintiff suffered by these Defendants.

23. No reasonable law enforcement officer would have believed that such actions as complained of herein were in any way appropriate or commensurate under the circumstances.

24. Based on information and belief, no employees or agents of the CCSO have been reprimanded or otherwise disciplined for the conduct against Plaintiff or other inmates similarly situated.

25. Defendants' actions, as set forth above, have caused severe and significant mental, emotional, psychological, physical, and financial harm to Plaintiff which she has suffered, is suffering, and will continue to suffer in the future.

26. In addition to her physical, mental, and emotional injuries, Plaintiff has incurred special damages in the following amounts, all of which continue to accrue:

    a. Medical expenses:                $112,864.50;
    b. Physical and occupational therapy:   $1,980.00
    c. Mental health treatment:         $300.00

  d. Medication:            $790.00

  e. Lost wages:            $48,000.00

27. Plaintiff has been out of work since the date of incident and will remain out of work until her arm has mended and she is in a condition to return to work. As a result, she has incurred the aforementioned lost wages.

### COUNTS I and II –
### 42 U.S.C. §1983
### FOURTH and FOURTEENTH AMENDMENTS
### ALL DEFENDANTS

28. Plaintiff re-alleges and reincorporates paragraphs 1-27 as if fully set forth herein.

29. At all times relevant hereto, all named defendants were acting under color of law.

30. At all times relevant hereto, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be free from unlawful seizure and unlawful use of force by those acting under color of law.

31. At all times relevant hereto, Plaintiff had a clearly established constitutional right to be free from summary denial of life, liberty, and property without due process of law under the Fourteenth Amendment.

32. At no point was there any justification for the seizure or use of force against Plaintiff as complained of herein.

33. No reasonable officer under the circumstances would ever have seized or used such force against Plaintiff.

34. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of her Fourth and Fourteenth Amendment rights under the United States Constitution to be free from unlawful seizure and unlawful use of force against her.

35. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damages for which all Defendants are liable including, but not limited to: physical injury; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

36. The injuries to Plaintiff are permanent and continuing.

**COUNTS III, IV, and V**
**ASSAULT– GEORGIA LAW**
**BATTERY – GEORGIA LAW**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – GEORGIA LAW**
**ALL DEFENDANTS**

37. Plaintiff re-alleges and reincorporates paragraphs 1-26 as if fully set forth herein.

38. These defendants acted intentionally and maliciously to injure Plaintiff.

39. Said acts were extreme and outrageous.

40. Plaintiff was impacted and personally harmed by said acts.

41. As a result of same, Plaintiff has suffered severe emotional distress.

42. These defendants placed Plaintiff in reasonable apprehension of immediate, unlawful contact.

43. These defendants made unwelcome, intentional, and harmful, physical contact with Plaintiff of an insulting and provoking nature by using disproportionate and unnecessary physical force against her.

44. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

## COUNT VI
## PUNITIVE DAMAGES
## ALL DEFENDANTS

45. Plaintiff re-alleges and reincorporates paragraphs 1-27 and 37-44 as if fully set forth herein.

46. The harm collectively caused by these Defendants has shown willful misconduct, malice, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences.

47. Due to such conduct, these Defendants are liable in punitive damages to deter such conduct in the future.

48. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered the injures complained of herein; consequently, Plaintiff is entitled to punitive damages against Defendants to deter similar conduct in the future and to punish Defendants for their wrongful acts, in an amount to be determined at trial.

### COUNT VII –
### ATTORNEYS FEES AND COSTS
### 42 U.S.C. §1988 and GEORGIA LAW
### ALL DEFENDANTS

49. Plaintiff re-alleges and reincorporates paragraphs 1-27 as if fully set forth herein.

50. As a result of the actions, omissions, and wrongful conduct of Defendants as described herein, Plaintiff has been forced to retain legal counsel and incur the costs and expenses of bringing this action in defense of her rights.

51. Pursuant to 42 U.S.C. § 1988 and Georgia law, Plaintiff is entitled to recover from Defendants her attorneys' fees and the costs and expenses of litigation.

### DEMAND FOR JURY TRIAL

Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein and demands a trial by jury on all claims so triable. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Fed. R. Civ. P. 38(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment, costs, and fees be entered in her favor and against the Defendants, and that the following relief be granted by the Court:

a) that Plaintiff recover against Defendants in compensatory, special, and general damages in an amount to be determined at trial by the enlightened conscious of the jury;

b) that Plaintiff recover against Defendants in punitive damages in an amount sufficient to punish and deter Defendants in an amount determined at trial by the enlightened conscious of the jury;

c) that Plaintiff recover against Defendants for her attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988 and Georgia law; and

d) such other and further relief that the Court deems just and proper.

This 8th day of September, 2023.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com

## FONT CERTIFICATION

Pursuant to Local Rule for the Northern District of Georgia 7.1(D), the undersigned hereby certifies that this Complaint was prepared using Times New Roman font, 14-point, as approved by this Court.

This 8th day of September, 2023.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com