IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MADELEINE STANLEY,

    Plaintiff,

  v.

MACY'S RETAIL HOLDINGS, LLC

    Defendants.

Civil Action File No:
_____

## **NOTICE OF REMOVAL**

COMES NOW Macy's Retail Holdings, LLC ("Macy's" or "Defendant"), Defendant in the above-styled action, and petitions for removal of the action herein from the State Court of Cobb County to the United Stated District Court for the Northern District of Georgia, Atlanta Division and respectfully shows the Court the following:

1.

The incident which is the basis of the Plaintiff's suit occurred in Cobb County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division.

2.

The parties to this action are Plaintiff Madeleine Stanley, a citizen of the State of Georgia who resides within the Northern District of Georgia, and Defendant Macy's Retail Holdings, LLC, a corporation organized and existing under the laws of the State of Ohio, maintaining its principal office and principal place of doing business in Ohio.

3.

Defendant Macy's Retail Holdings, LLC's sole owner and member is Macy's, Inc., which is a Delaware corporation with its principal place of business in the State of New York.

4.

In this action, Plaintiff seeks to recover for personal injuries and damages allegedly sustained when she fell on an escalator while on the premises of the Macy's department store located in Kennesaw, Georgia. (*See* Complaint, Exhibit A).

5.

To determine whether the jurisdictional threshold of $75,000 is met, a court must assume that plaintiff will "prevail" on all claims, and then assess whether "an award below the jurisdictional amount would be outside the range of permissible

awards because the case is clearly worth more than $75,000.00." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

6.

Plaintiff filed a civil action in the State Court of Cobb County, styled *Madeleine Stanley v. Macy's Retail Holdings, LLC, ABC Corps #1-3, and John Does #1-3, Civil Action File No. 23-A-1668* ("State Court Action"). Macy's filed its Defenses and Answer on July 13, 2023.

7.

Plaintiff's Complaint did not contain any allegations which Defendant felt formed a good faith basis for a removal to this Court, and Defendant did not have any independent knowledge of the nature or extent of the claimed damages. (See Amended Complaint, Exhibit A).

8.

Discovery commenced in the State Court Action at the time of filing of Macy's Defenses and Answer, including initial written discovery.

9.

Plaintiffs served their responses to Interrogatories by via statutory electronic service on August 10, 2023. The responses were received by the undersigned counsel on August 10, 2023. This petition is filed within 30 days of receipt of

Plaintiffs' discovery responses, which was when Macy's first ascertained that the case was removable.

10.

Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

11.

Plaintiff's interrogatory responses identify in excess of $29,071.00 in claimed medical expenses and approximately $41,600 in claimed lost wages, for a total of over $70,000 in special damages alone. On this alone, and accounting for general damages, the amount in controversy exceeds $75,000. Further, counsel for Plaintiff has since advised that there are additional hospital expenses not identified in discovery responses that exceed $300,000. Thus, it is clear that the amount in controversy in this case will exceed the jurisdictional amount of $75,000.

12.

Plaintiff's Complaint also seeks recovery of attorneys' fees.

13.

While Defendant disputes Plaintiff's claims, based on the experience of the undersigned counsel, assuming that Plaintiff prevails on all of her claims for special and general damages, an award would not be less than $75,000, exclusive of interests and costs.

14.

Therefore, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) Plaintiff and Defendant are citizens of different states, and (b) the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.

15.

Attached as Exhibit "A" are copies of all process, pleadings, and orders received by counsel for Macy's in such action.

16.

Attached as Exhibit "B" is a copy of the interrogatory responses of Madeleine Stanley.

17.

Attached as Exhibit C is a copy of the notice filed with the State Court of Cobb County required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Macy's prays that this petition be filed, that said action be removed to and proceed in this Court, and that there be no further proceedings in said case in the State Court of Cobb County.

The undersigned has read this Notice of Removal, and to the best of her knowledge, information and belief, formed after reasonable inquiry, determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted this 8th day of September, 2023.

                DREW ECKL & FARNHAM, LLP

                *s/ Lisa R. Richardson*
                Lisa R. Richardson
                **Georgia Bar No. 604074**

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com
**Attorneys for Defendant Macy's Retail Holdings, LLC**

## CERTIFICATE OF FONT COMPLIANCE

Counsel for Defendant hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 9th day of August, 2023.

                                                **DREW ECKL & FARNHAM, LLP**

                                                *s/Lisa R. Richardson*
                                                Lisa R. Richardson
                                                ***Georgia Bar No. 604074***

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com
***Attorney for Defendant***

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MADELEINE STANLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>MACY'S RETAIL HOLDINGS, LLC<br><br>    Defendants. | Civil Action File No:<br>_____ |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am counsel for Defendant, and that I have this day served a true and correct copy of the foregoing *Notice of Removal* upon all parties to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to the following counsel of record:

> Phillip Hairston
> Morgan & Morgan Atlanta PLLC
> 191 Peachtree Street NE, Suite 4200
> Atlanta, Georgia 30303
> phairston@forthepeople.com

This 9th day of August, 2023.

> *s/Lisa R. Richardson*
> Lisa R. Richardson

*Georgia Bar No. 604074*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com
*Attorney for Defendant*