# EXHIBIT A

ID# E-RBKYXNQ3-YB5
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1668

APR 25, 2023 03:06 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MADELEINE STANLEY,** | |
| **Plaintiff** | **CASE ACTION** |
| **vs.** | **FILE NO.:** |
| MACYS.COM, LLC; ABC CORPS #1-3; | |
| AND JOHN DOES #1-3 | **JURY TRIAL DEMANDED** |
| | |
| **Defendants.** | |

### COMPLAINT FOR DAMAGES

Plaintiff MADELEINE STANLEY ("Plaintiff") sues Defendant and alleges:

Parties, Jurisdiction, & Venue

1.     Plaintiff is a Georgia resident.

2.     Defendant MACYS.COM, LLC ("Defendant") is a domestic profit corporation, with a registered agent for service of process, CORPORATE CREATIONS NETWORK INC., located at 2985 GORDY PARKWAY 1ST FLOOR, Marietta, GA 30006 in Cobb County. Service of process can be perfected upon Defendant at that address.

3.     Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution, and O.C.G.A. § 14-2-510, venue is proper because the cause of action originated in Cobb County.

4.     Defendant, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff. If and when entity Defendants ABC CORPS #1-3 are identified,



Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

5.     Defendant JOHN DOE #1 is a resident of Georgia and is the unidentified manager on duty of Defendant MACYS.COM, LLC's business establishment at the time of the alleged incident at issue in this case. Defendant JOHN DOE #1 had the authority and right to control the mode and manner of operations of the business located at 400 Ernest W Barrett Pkwy NW, Atlanta, GA on the date of incident and at all relevant times and as such is a joint tortfeasor. Defendant JOHN DOE #1's authority and control over operations included, but was not limited to, control over the manner in which safety procedures and protocols were implemented and enforced. The legal name of Defendant JOHN DOE #1 is known by MACYS.COM, LLC. When Defendant JOHN DOE #1 is identified by MACYS.COM, LLC, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

6.     Defendants JOHN DOES #2-3 are unidentified individuals who are potential, third-party, joint tortfeasors. Defendants JOHN DOES #2-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of MACYS.COM, LLC's business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants JOHN DOES #2-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

<u>Facts Common to Counts I & II</u>

7.     At all material times, Defendants owned, managed, operated or otherwise provided services for a business open to the public and located at 400 Ernest W Barrett Pkwy NW, Kennesaw, GA (the "Premises").

8.    On or about August 5, 2022, Plaintiff was lawfully on the Premises as an invitee when Plaintiff tripped and fell on a stationary escalator which caused Plaintiff to be injured (the "Incident").

9.    Defendants negligently caused Plaintiff's injuries.

10.    At all relevant times, Plaintiff exercised reasonable care for Plaintiff's own safety.

11.    As the direct and proximate result of Defendants' negligence, Plaintiff fell and suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

12.    As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law.  Plaintiff will continue to incur such losses in the future.

## Count I: Active Negligence

13.    Plaintiff repeats and realleges paragraphs **[1 through 12]** above, verbatim.

14.    At all material times, Defendants controlled the mode, manner, and means by which they operated the Premises. Under Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

15.    Defendants' chosen mode and manner of operation of the Premises required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

16.     Defendants owed its customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating the Premises.

17.     Defendants have a duty to develop, implement, maintain, comply with and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect customers from the foreseeable risks of harm, including fall risks arising from the operation of the Premises.

18.     Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect him from foreseeable risks of harm.

19.     While operating the Premises, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

   (i)      Defendants failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by a slip or trip and fall;

   (ii)     Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by a slip or trip and fall;

   (iii)    Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

   (iv)     Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

   (v)      Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

   (vi)     Defendants failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of

operating its business.

20. Defendants' failure to exercise reasonable care in their operations of the Premises caused a dangerous condition that created a fall risk and caused Plaintiff to fall and suffer injuries.

21. Defendants' negligent operation of the Premises directly and proximately caused Plaintiff's injuries.

22. Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendants' business.   Defendants' employees, contractors, agents and representatives include, but are not limited to, Defendants JOHN DOE #1-3.

23. Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

## Count II: Premises Liability

24. Plaintiff repeats and realleges paragraphs **[1 through 12]** above, verbatim.

25. At all material times, Defendants owned, occupied and was otherwise in possession and control of the Premises.

26. At all material times, Defendants owed a non-delegable duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

27. Defendants' duty of care included:

     a.   Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a slip / trip hazard or risk;

      b.  Detecting, removing or otherwise remedying hazardous conditions on the Premises floor that posed a slip / trip hazard or risk; and

      c.  Adequately warning invitees about specific hazards on the Premises, including slip/trip hazards on the floor, to enable invitees to avoid harm.

28.    At all material times, Plaintiff was Defendant's invitee.

29.    The dangerous condition that caused Plaintiff to fall existed on the Premises for a sufficient length of time that Defendants knew, or in the exercise of reasonable care should have known, about the dangerous condition and failed to repair, remove or otherwise remedy the hazardous condition or defect; and/or failed to give adequate warning to invitees of the dangerous condition the defect created.

30.    Because Defendants had notice of the dangerous condition and controlled the condition of the Premises, Defendants and their employees, contractors, agents and representatives had a duty to repair the dangerous condition, remove the dangerous condition, or to warn invitees of the dangerous condition because it posed a foreseeable and an unreasonable risk of harm to invitees' safety, including Plaintiff herein.

31.    Defendants breached their duty to Plaintiff when they negligently failed to adequately repair the dangerous condition, remove the dangerous condition, and/or to warn invitees of the dangerous condition and the foreseeable and unreasonable risk of harm to the safety of Defendant's invitees, including Plaintiff.

32.    As a direct and proximate result of Defendants' negligent failure to keep the Premises safe, remove, remedy, or warn Plaintiff about the dangerous condition Plaintiff slipped or tripped on the dangerous condition and was injured.

33.    Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff

unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a.    That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b.    That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

c.    That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d.    That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e.    That Plaintiff recover general and special damages in amounts to be proved at trial;

f.    That Plaintiff be granted Attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11; and

g.    That this Honorable Court order such other and further relief as the Court deems just and proper.

This 20th day of April, 2023.

Respectfully Submitted,

_____*/s/Benjamin Welch*_____
Benjamin Welch, Esq.
Georgia Bar Number 459886
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone:     (404) 496-7339
Facsimile:     (470) 639-6947

ID# E-WHGSHJLZ-RP4
&#9983; EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1668**

JUN 08, 2023 01:06 PM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MADELEINE STANLEY,<br><br>    Plaintiff<br><br>vs.<br><br>MACY'S RETAIL HOLDINGS, LLC; ABC<br><br>CORPS #1-3; AND JOHN DOES #1-3<br><br><br>    Defendants. | **CASE ACTION**<br><br>**FILE NO.: 23-A-1668**<br><br><br>**JURY TRIAL DEMANDED** |

### AMENDED COMPLAINT FOR DAMAGES

Plaintiff MADELEINE STANLEY ("Plaintiff") sues Defendant and alleges:

#### Parties, Jurisdiction, & Venue

1.  Plaintiff is a Georgia resident.

2.  Defendant MACY'S RETAIL HOLDINGS, LLC ("Defendant") is a foreign limited liability corporation, with a registered agent for service of process, CORPORATE CREATIONS NETWORK INC., located at 2985 GORDY PARKWAY 1ST FLOOR, Marietta, GA 30006 in Cobb County. Service of process can be perfected upon Defendant at that address.

3.  Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution, and O.C.G.A. § 14-2-510, venue is proper because the cause of action originated in Cobb County and because Defendant maintains an office and transacts business in Cobb County.

4.  Defendant, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that



injured Plaintiff. If and when entity Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

5.      Defendant JOHN DOE #1 is a resident of Georgia and is the unidentified manager on duty of Defendant MACY'S RETAIL HOLDINGS, LLC business establishment at the time of the alleged incident at issue in this case. Defendant JOHN DOE #1 had the authority and right to control the mode and manner of operations of the business located at 400 Ernest W Barrett Pkwy NW, Atlanta, GA on the date of incident and at all relevant times and as such is a joint tortfeasor. Defendant JOHN DOE #1's authority and control over operations included, but was not limited to, control over the manner in which safety procedures and protocols were implemented and enforced. The legal name of Defendant JOHN DOE #1 is known by MACY'S RETAIL HOLDINGS, LLC. When Defendant JOHN DOE #1 is identified by MACY'S RETAIL HOLDINGS, LLC, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

6.      Defendants JOHN DOES #2-3 are unidentified individuals who are potential, third-party, joint tortfeasors. Defendants JOHN DOES #2-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of MACY'S RETAIL HOLDINGS, LLC's business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants JOHN DOES #2-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

Facts Common to Counts I & II

7.      At all material times, Defendants owned, managed, operated or otherwise provided services for a business open to the public and located at 400 Ernest W Barrett Pkwy NW, Kennesaw, GA (the "Premises").

8.     On or about August 5, 2022, Plaintiff was lawfully on the Premises as an invitee when Plaintiff tripped and fell on a stationary escalator which caused Plaintiff to be injured (the "Incident").

9.     Defendant caused Plaintiff's injuries by stopping the escalator, suddenly and without warning, while Plaintiff stood on it.

10.    Defendants negligently caused Plaintiff's injuries.

11.    At all relevant times, Plaintiff exercised reasonable care for Plaintiff's own safety.

12.    As the direct and proximate result of Defendants' negligence, Plaintiff fell and suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

13.    As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law. Plaintiff will continue to incur such losses in the future.

### Count I: Active Negligence

14.    Plaintiff repeats and realleges paragraphs **[1 through 12]** above, verbatim.

15.    At all material times, Defendants controlled the mode, manner, and means by which they operated the Premises. Under Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

16.     Defendants' chosen mode and manner of operation of the Premises required that
        Defendants implement safety procedures to mitigate or eliminate foreseeable risks of falls
        and resulting injuries.

17.     Defendants owed its customers a duty to use ordinary care to guard against foreseeable
        risks of harm caused by Defendants' mode, manner, and means of operating the Premises.

18.     Defendants have a duty to develop, implement, maintain, comply with and enforce a safety
        program or appropriate safety measures, including adequate inspection procedures, to
        protect customers from the foreseeable risks of harm, including fall risks arising from the
        operation of the Premises.

19.     Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable
        care to protect him from foreseeable risks of harm.

20.     While operating the Premises, Defendants negligently failed to exercise reasonable care to
        protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

        (i)     Defendants failed to maintain a safety protocol to protect customers from the
                foreseeable risk of injuries caused by a slip or trip and fall;

        (ii)    Defendants' safety program was inadequate to protect customers from the
                foreseeable risk of injuries caused by a slip or trip and fall;

        (iii)   Defendants negligently failed to comply with and enforce its inspection
                protocols or procedures;

        (iv)    Defendants negligently failed to train their employees, contractors, agents
                and/or representatives to properly implement their safety program;

        (v)     Defendants failed to supervise their employees, contractors, agents and/or
                representatives to ensure compliance with their safety program; and/or

(vi)     Defendants failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

21.    Defendants' failure to exercise reasonable care in their operations of the Premises caused a dangerous condition that created a fall risk and caused Plaintiff to fall and suffer injuries.

22.    Defendants' negligent operation of the Premises directly and proximately caused Plaintiff's injuries.

23.    Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendants' business.   Defendants' employees, contractors, agents and representatives include, but are not limited to, Defendants JOHN DOE #1-3.

24.    Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

## Count II: Premises Liability

25.    Plaintiff repeats and realleges paragraphs **[1 through 12]** above, verbatim.

26.    At all material times, Defendants owned, occupied and was otherwise in possession and control of the Premises.

27.    At all material times, Defendants owed a non-delegable duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

28.    Defendants' duty of care included:

a.    Inspecting the Premises for hazardous conditions including static conditions

and passive defects that posed a slip / trip hazard or risk;

    b.   Detecting, removing or otherwise remedying hazardous conditions on the Premises floor that posed a slip / trip hazard or risk; and

    c.   Adequately warning invitees about specific hazards on the Premises, including slip/trip hazards on the floor, to enable invitees to avoid harm.

29.    At all material times, Plaintiff was Defendant's invitee.

30.    The dangerous condition that caused Plaintiff to fall existed on the Premises for a sufficient length of time that Defendants knew, or in the exercise of reasonable care should have known, about the dangerous condition and failed to repair, remove or otherwise remedy the hazardous condition or defect; and/or failed to give adequate warning to invitees of the dangerous condition the defect created.

31.    Because Defendants had notice of the dangerous condition and controlled the condition of the Premises, Defendants and their employees, contractors, agents and representatives had a duty to repair the dangerous condition, remove the dangerous condition, or to warn invitees of the dangerous condition because it posed a foreseeable and an unreasonable risk of harm to invitees' safety, including Plaintiff herein.

32.    Defendants breached their duty to Plaintiff when they negligently failed to adequately repair the dangerous condition, remove the dangerous condition, and/or to warn invitees of the dangerous condition and the foreseeable and unreasonable risk of harm to the safety of Defendant's invitees, including Plaintiff.

33.    As a direct and proximate result of Defendants' negligent failure to keep the Premises safe, remove, remedy, or warn Plaintiff about the dangerous condition Plaintiff slipped or tripped on the dangerous condition and was injured.

34.     Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a.     That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b.     That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

c.     That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d.     That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e.     That Plaintiff recover general and special damages in amounts to be proved at trial;

f.     That Plaintiff be granted Attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11; and

g.     That this Honorable Court order such other and further relief as the Court deems just and proper.

This 8th day of June, 2023.

Respectfully Submitted,

*(Signature on following page)*

*/s/Phillip Hairston*
Phillip Hairston, Esq.
Georgia Bar Number 387378
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone:    (404) 965-1662
Facsimile:    (404) 720-3825

ID# E-WHGSHJLZ-HMB
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1668**

JUN 08, 2023 01:06 PM



Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MADELEINE STANLEY,**<br><br>        **Plaintiff**<br><br>**vs.**<br><br>**MACY'S RETAIL HOLDINGS, LLC;**<br><br>**ABC CORPS #1-3; AND JOHN DOES #1-**<br><br>**3**<br><br><br>        **Defendants.** | **CASE ACTION**<br><br>**FILE NO.: 23-A-1668**<br><br><br>**JURY TRIAL DEMANDED** |

## RULE 5.2 CERTIFICATE OF SERVICE

Pursuant to Uniform Court Rule 5.2, Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the summons.

1. PLAINTIFF'S AMENDED COMPLAINT
2. PLAINTIFF'S FIRST AMENDED REQUEST FOR ADMISSIONS TO DEFENDANT MACY'S RETAIL HOLDINGS, LLC
3. PLAINTIFF'S FIRST AMENDED INTEROGATTORIES AND REQUEST FOR PRODUCTION TO DEFENDANT MACY'S RETAIL HOLDINGS LLC

This 8th day of June, 2023

*(Signature on following page)*

1



*/s/Phillip Hairston*
Phillip Hairston, Esq.
Georgia Bar Number 387378
*Attorney for Plaintiff*

MORGAN & MORGAN
Post Office Box 57007
Atlanta, GA 30343-1007
Telephone: (404) 965-1662
Facsimile: (404) 720-3825
*pahirston@forthepeople.com*

2

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ID# E-QSAN2LV2-YBS
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1668

JUN 14, 2023 08:27 AM

Robin C. Bishop
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

MADELEINE STANLY,

        Plaintiff,

                                        CIVIL ACTION
                                        FILE NO.: 23-A-1668

vs.

MACY'S RETAIL HOLDINGS, LLC; ABC
CORPS #1-3; AND JOHN DOES #1-3,

        Defendants.


### AFFIDAVIT OF JEFF DOLBIER

        On Tuesday June 13, 2023 at 11:52 am I served true and correct copies of the
SUMMONS, AMENDED COMPLAINT FOR DAMAGES, CIVIL COVER SHEET, NOTICE
OF SUBSTITUTION OF COUNSEL, RULE 5.2 CERTIFICATE OF SERVICE, PLAINTIFF'S
1ST REQUEST FOR ADMISSIONS TO DEFENDANT, and PLAINTIFF'S 1ST SET OF
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT upon Defendant Macy's Retail Holdings, LLC's Registered Agent, Corporate
Creations Network, Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066. Ms.
Pamela Jordan, a Corporate Creations Network, Inc. representative, accepted service.


This ___13___ day of June, 2023

                                                 Jeff Dolbier
                                                 President, Flash Delivery Inc.


Sworn and Subscribed before
me this 13th day of June 20 23
Ryan Moreau
My Commission Expires: 11-23-2024

RYAN MOREAU
NOTARY
EXPIRES
GEORGIA
11-23-2024
PUBLIC
HENRY COUNTY

ID# E-WHGSHJLZ-ENW
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1668**

JUN 08, 2023 01:06 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **MADELEINE STANLEY,**<br><br> **Plaintiff**<br><br>vs.<br><br>**MACY'S RETAIL HOLDINGS, LLC;**<br><br>**ABC CORPS #1-3; AND JOHN DOES #1-**<br><br>**3**<br><br><br> **Defendants.** | **CASE ACTION**<br><br>**FILE NO.: 23-A-1668**<br><br><br>**JURY TRIAL DEMANDED** |

### NOTICE OF SUBSTITUTION OF COUNSEL

The Honorable Court is hereby notified that effective upon the filing of this Notice, counsel for Plaintiff Madeleine Stanley will be substituted.

Benjamin Welch, Esq. of Morgan & Morgan Atlanta, PLLC, P.O. Box 57007, Atlanta, Georgia 30343-1007, hereby withdraws and will no longer serve as counsel for Plaintiff Madeleine Stanley, will be relieved of any and all further obligations in regard to the prosecution of above-styled case, and should receive no further notices pertaining to this case.

In his place substituted as counsel of record for Plaintiff Madeleine Stanley will be Phillip Hairston, Esq. of Morgan & Morgan Atlanta, PLLC, P.O. Box 57007, Atlanta, Georgia 30343-1007, Tel: (404) 965-1662, Fax: (404) 720-3825, phairston@forthepeople.com. Please see that this substitution is made of record and that any and all future notices and correspondence of any kind and type be directed and addressed to Phillip Hairston , Esq. as the new attorneys of record for Plaintiff Madeleine Stanley.



This 8th day of June, 2023.

MORGAN & MORGAN ATLANTA, PLLC

*/s/ Phillip Hairston*

PHILLIP HAIRSTON
phairston@forthepeople.com
Georgia State Bar No.: 387378
phairston@forthepeople.com
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
(404) 965-1662 (Telephone)
(404) 720-3825 (Fax)

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **MADELEINE STANLEY,**<br><br>        **Plaintiff**<br><br>vs.<br><br>**MACY'S RETAIL HOLDINGS, LLC;**<br><br>ABC CORPS #1-3; AND JOHN DOES #1-<br><br>3<br><br><br>        **Defendants.** | **CASE ACTION**<br><br>**FILE NO.: 23-A-1668**<br><br><br>**JURY TRIAL DEMANDED** |

NOTICE OF SUBSTITUTION OF COUNSEL

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that, by filing and serving electronically, a true and correct copy of the

foregoing **NOTICE OF SUBSTITUTION OF COUNSEL** was served upon all parties, which

are identified as follows:

MACY'S RETAIL HOLDINGS, LLC
C/O CORPORATE CREATIONS NETWORK INC.,
2985 GORDY PARKWAY 1ST FLOOR
MARIETTA, GA 30006

This 8th day of June, 2023.

**(Signature on following page)**

MORGAN & MORGAN ATLANTA, PLLC

*/s/ Phillip Hairston*

PHILLIP HAIRSTON
phairston@forthepeople.com
Georgia State Bar No.: 387378
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
(404) 965-1662 (Telephone)
(404) 720-3825 (Fax)
*Attorney for Plaintiff*

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MADELEINE STANLEY,** | |
| **Plaintiff** | **CASE ACTION** |
| vs. | **FILE NO.: 23-A-1668** |
| **MACY'S RETAIL HOLDINGS, LLC;** | |
| **ABC CORPS #1-3; AND JOHN DOES #1-** | **JURY TRIAL DEMANDED** |
| **3** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

This is to certify that, by filing and serving electronically, a true and correct copy of the foregoing **PLAINTIFFS FIRST AMENDED REQUEST FOR ADMISSIONS TO DEFENDANT; PLAINTIFF'S FIRST AMENDED SET OF INTERROGATORIES AND AMENDED REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** was served upon all parties, which are identified as follows:

MACY'S RETAIL HOLDINGS, LLC
c/o CORPORATE CREATIONS NETWORK INC.
2985 GORDY PARKWAY 1ST ESCALATOR
Marietta, GA 30006

*(Signature on the following page)*

23

This 8th day of June, 2023.

                                           **MORGAN & MORGAN ATLANTA, PLLC**

                                           */s/ Phillip Hairston*

                                           _____

                                           PHILLIP HAIRSTON
                                           phairston@forthepeople.com
                                           Georgia State Bar No.: 387378
                                           191 Peachtree Street NE, Suite 4200
                                           Atlanta, GA 30303
                                           (404) 965-1662 (Telephone)
                                           (404) 720-3825 (Fax)
                                           *Attorney for Plaintiff*

JUN 1 3 2023

ID# EJ2AB5ZMLA-3NQ

E-FILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

23-A-1668

JUL 13, 2023 10:33 AM

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA



MADELEINE STANLEY,

    Plaintiff,

v.                                                              Civil Action File No: 23-A-1668

MACY'S RETAIL HOLDINGS, LLC; ABC
CORPS #1-3; AND JOHN DOES #1-3

    Defendant.

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## **DEFENSES AND ANSWER OF MACY'S RETAIL HOLDINGS, LLC**

COMES NOW MACY'S RETAIL HOLDINGS, LLC, (hereinafter this "Defendant"),

Defendant in the above-styled civil action, and responds with these Defenses and Answer to

Plaintiff's Amended Complaint for Damages as follows:

## **FIRST DEFENSE**

Some or all of Plaintiff's Amended Complaint fails to state a claim upon which relief can

be granted against this Defendant.

## **SECOND DEFENSE**

Pending further investigation and discovery, this Defendant raises a defense based upon

assumption of risk by Plaintiff.

## **THIRD DEFENSE**

This Defendant breached no duty of care to Plaintiff.

## **FOURTH DEFENSE**

No alleged breach of any duty by this Defendant was the proximate cause of Plaintiff's

alleged damages.

**FIFTH DEFENSE**

Pending further investigation and discovery, and in order to preserve this defense, this Defendant raises defenses based on Plaintiff's own contributory and/or comparative negligence.

**SIXTH DEFENSE**

Defendant shows that Plaintiff has a duty to mitigate any alleged damages.

**SEVENTH DEFENSE**

Plaintiff's Amended Complaint fails to plead special damages with particularity as required by O.C.G.A. § 9-11-9(g).

**EIGHTH DEFENSE**

Pending further investigation and discovery, this Defendant raises a defense based upon assumption of risk by Plaintiff.

**NINTH DEFENSE**

Pending further investigation and discovery, and in order to preserve this defense, Defendant raises the defense that Plaintiff's claims against Defendant may be barred by Georgia's workers compensation law and the exclusive remedy doctrine.

**TENTH DEFENSE**

In order to preserve the defenses, Defendants raise defenses based upon improper service of process and insufficiency of process.

**TENTH DEFENSE**

This Defendant responds to the numbered paragraphs of Plaintiff's Amended Complaint as follows:

Parties, Jurisdiction, & Venue

1.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

2.

Paragraph 2 of Plaintiff's Amended Complaint is admitted.

3.

Paragraph 3 of Plaintiff's Amended Complaint is admitted as to this Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

4.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

5.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

6.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

<u>Facts Common to Counts I & II</u>

7.

Answering Paragraph 7 of Plaintiff's Amended Complaint, this Defendant admits that it operated the Premises within the meaning of O.C.G.A. § 51-3-1.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

8.

Answering Paragraph 8 of Plaintiff's Amended Complaint, this Defendant admits that Plaintiff was lawfully on the Premises on August 5, 2022, and that she was using an escalator. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

9.

Paragraph 9 of Plaintiff's Amended Complaint is denied.

10.

Answering Paragraph 10 of Plaintiff's Amended Complaint, this Defendant denies it was negligent and denies all liability. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

11.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint and

therefore can neither admit nor deny the same.

### 12.

Answering Paragraph 12 of Plaintiff's Amended Complaint, this Defendant denies it was negligent and denies all liability. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

### 13.

Answering Paragraph 13 of Plaintiff's Amended Complaint, this Defendant denies it was negligent and denies all liability. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

## **Count I: Active Negligence**

### 14.

Defendant incorporates by reference its answers to Paragraphs 1 through 13 of Plaintiff's Amended Complaint as if fully set forth herein.

### 15.

Answering Paragraph 15 of Plaintiff's Amended Complaint, this Defendant admits that it operated the Premises within the meaning of O.C.G.A. § 51-3-1. The remaining allegations contained in Paragraph 15 of Plaintiff's Amended Complaint are denied.

### 16.

Answering Paragraph 16 of Plaintiff's Amended Complaint, this Defendant admits owing only those duties as prescribed by applicable law and denies any allegations inconsistent therewith.

17.

Answering Paragraph 17 of Plaintiff's Amended Complaint, this Defendant admits owing only those duties as prescribed by applicable law and denies any allegations inconsistent therewith.

18.

Answering Paragraph 18 of Plaintiff's Amended Complaint, this Defendant admits owing only those duties as prescribed by applicable law and denies any allegations inconsistent therewith.

19.

Answering Paragraph 19 of Plaintiff's Amended Complaint, this Defendant denies it was negligent and denies all liability. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

20.

Answering Paragraph 20 of Plaintiff's Amended Complaint, including all subparts, this Defendant denies it was negligent and denies all liability. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Amended Complaint, including all subparts, and therefore can neither admit nor deny the same.

21.

Answering Paragraph 21 of Plaintiff's Amended Complaint, the allegations as to this Defendant are denied. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Amended

Complaint and therefore can neither admit nor deny the same.

22.

Answering Paragraph 22 of Plaintiff's Amended Complaint, this Defendant denies it was negligent and denies all liability. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

23.

Answering Paragraph 23 of Plaintiff's Amended Complaint, the allegations as to this Defendant are denied. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

24.

Answering Paragraph 24 of Plaintiff's Amended Complaint, the allegations as to this Defendant are denied. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

**Count II: Premises Liability**

25.

Defendant incorporates by reference its answers to Paragraphs 1 through 24 of Plaintiff's Amended Complaint as if fully set forth herein.

26.

Paragraph 26 of Plaintiff's Amended Complaint is admitted as to this Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of the

remaining allegations contained in Paragraph 26 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

27.

Answering Paragraph 27 of Plaintiff's Amended Complaint, this Defendant admits owing only those duties as prescribed by applicable law and denies any allegations inconsistent therewith.

28.

Answering Paragraph 28 of Plaintiff's Amended Complaint, including all subparts, this Defendant admits owing only those duties as prescribed by applicable law and denies any allegations inconsistent therewith.

29.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

30.

Answering Paragraph 30 of Plaintiff's Amended Complaint, the allegations as to this Defendant are denied. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of Plaintiff's Amended Complaint and therefore can neither admit nor deny the same.

31.

Answering Paragraph 31 of Plaintiff's Amended Complaint, the allegations as to this Defendant are denied. Defendant is without sufficient information or knowledge to form a belief

as to the truth of the remaining allegations contained in Paragraph 31 of Plaintiff's Amended

Complaint and therefore can neither admit nor deny the same.

32.

Answering Paragraph 32 of Plaintiff's Amended Complaint, the allegations as to this

Defendant are denied. Defendant is without sufficient information or knowledge to form a belief

as to the truth of the remaining allegations contained in Paragraph 32 of Plaintiff's Amended

Complaint and therefore can neither admit nor deny the same.

33.

Answering Paragraph 33 of Plaintiff's Amended Complaint, the allegations as to this

Defendant are denied. Defendant is without sufficient information or knowledge to form a belief

as to the truth of the remaining allegations contained in Paragraph 33 of Plaintiff's Amended

Complaint and therefore can neither admit nor deny the same.

34.

Answering Paragraph 34 of Plaintiff's Amended Complaint, the allegations as to this

Defendant are denied. Defendant is without sufficient information or knowledge to form a belief

as to the truth of the remaining allegations contained in Paragraph 34 of Plaintiff's Amended

Complaint and therefore can neither admit nor deny the same.

35.

Any allegations of the Amended Complaint not heretofore responded to are denied.

WHEREFORE, having fully answered, this Defendant prays for judgment in its favor.

**THIS DEFENDANT DEMANDS TRIAL BY TWELVE PERSON JURY ON ANY**

**ISSUES THAT REQUIRE JURY DETERMINATION.**

Respectfully submitted this 13th day of July, 2023.

DREW ECKL & FARNHAM, LLP

*/s/Lisa R. Richardson*
Lisa R. Richardson
***Georgia Bar No. 604074***
Taylor P. Alig
***Georgia Bar No. 230116***

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com
E-mail: aligt@deflaw.com
***Attorneys for Defendant Macy's Retail Holdings, LLC***

13624581v1
07613-262495

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MADELEINE STANLEY,

     Plaintiff,

v.

                                       Civil Action File No: 23-A-1668

MACY'S RETAIL HOLDINGS, LLC; ABC
CORPS #1-3; AND JOHN DOES #1-3

     Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am counsel for Defendant Macy's Retail Holdings, LLC and

that I have this day served a copy of the forgoing *Defenses and Answer of Macy's Retail*

*Holdings, LLC* upon all parties to this matter by filing with the PeachCourt efiling system, which

will automatically deliver electronic notification to the following counsel of record:

> Phillip Hairston
> Morgan & Morgan Atlanta PLLC
> P.O. Box 57007
> Atlanta, Georgia 30343-1007

This 13th day of July, 2023.

> */s/Lisa R. Richardson*
> Lisa R. Richardson
> **Georgia Bar No. 604074**

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com
**Attorneys for Defendant Macy's Retail Holdings, LLC**

13624581v1
07613-262495

ID# 4FAB5ZMLA-MXC

**E-FILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1668**

**JUL 13, 2023 10:33 AM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MADELEINE STANLEY,

    Plaintiff,

v.

                                               Civil Action File No: 23-A-1668

MACY'S RETAIL HOLDINGS, LLC; ABC
CORPS #1-3; AND JOHN DOES #1-3

    Defendant.

## RULE 5.2 CERTIFICATE

I HEREBY CERTIFY that I am counsel for Defendant Macy's Retail Holdings, LLC and

that I have this day served the following

- *Defendant Macy's Retail Holdings, LLC's  First Interrogatories to Plaintiff;* and

- *Defendant Macy's Retail Holdings, LLC's First Request for Production of Documents to*
  *Plaintiff*

 upon all parties to this action via STATUTORY ELECTRONIC SERVICE:

                        Phillip Hairston
                        Morgan & Morgan Atlanta PLLC
                        P.O. Box 57007
                        Atlanta, Georgia 30343-1007

This 13th day of July, 2023.

                        /s/Lisa R. Richardson
                        Lisa R. Richardson
                        ***Georgia Bar No. 604074***

DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com
***Attorneys for Defendants Macy's Retail Holdings, LLC***
13646803v1
07613-262495



## <u>NOTICE OF LEAVE OF ABSENCE</u>

TO:         All Judges, Clerks of Court and Counsel of Record

FROM:     Lisa R. Richardson

RE:         **Notice of Leave of Absence**

DATE:     July 13, 2023

       COMES NOW Lisa R. Richardson and respectfully notifies all Judges before whom she has cases pending, all affected Clerks of Court and all opposing counsel, that she will be on leave pursuant to Uniform State Court Rule 16.1.

       The period of leave during which time Applicant will be away from the practice of law is as follows:

- December 22, 2023 through December 29, 2023

       The purpose for the leave is for personal vacation out of state.

       All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, then leave shall be granted.

       Respectfully submitted this13th day of July, 2023.

                    DREW ECKL & FARNHAM, LLP

                    */s/ Lisa R. Richardson*
                    Lisa R. Richardson
                    ***Georgia Bar No. 604074***

303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing Notice of Leave of Absence upon all Judge, Clerk and opposing counsel upon all parties via the Court's e-filing system, which will deliver electronic notification of same.

This 13th day of July, 2023.

DREW ECKL & FARNHAM, LLP

*/s/ Lisa R. Richardson*
Lisa R. Richardson
**Georgia Bar No. 604074**

303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com

ID# EMHXFZUPL-GZN
**EFILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1668**

**JUL 26, 2023 02:22 PM**

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MADELEINE STANLEY,

     Plaintiff,

v.                              Civil Action File No: 23-A-1668

MACY'S RETAIL HOLDINGS, LLC; ABC
CORPS #1-3; AND JOHN DOES #1-3

     Defendant.

## <u>STIPULATION EXTENDING TIME TO RESPOND<br>PURSUANT TO O.C.G.A. § 9-11-6(b)</u>

Pursuant to O.C.G.A. § 9-11-6(b), Plaintiff hereby stipulates to extend the time in which

Defendant Macy's Retail Holdings, LLC may answer, object, or may otherwise respond to

*Plaintiff's First Request for Admissions, Interrogatories and Request to Produce to Defendant*

*Macy's Retail Holdings, LLC,* through and including August 11, 2023.

This 26th day of July, 2023.

                              /s/Phillip Hairston
                              Phillip Hairston
                              ***Georgia Bar No. 387378***

Morgan & Morgan Atlanta, PLLC
P.O. Box 57007
Atlanta, GA 30343-1007
Telephone: (404) 965-1662
Facsimile:  (404) 720-3825
***Attorneys for Plaintiff***



IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MADELEINE STANLEY,

      Plaintiff,

v.

MACY'S RETAIL HOLDINGS, LLC; ABC
CORPS #1-3; AND JOHN DOES #1-3

      Defendant.

Civil Action File No: 23-A-1668

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am counsel for Defendant Macy's Retail Holdings, LLC,

and that I have this day served a copy of the forgoing *Stipulation Extending Time to Respond*

*Pursuant to O.C.G.A. § 9-11-6(b)* upon all parties to this matter by filing with the PeachCourt

system, which will automatically deliver electronic notification to the following counsel of

record:

      Phillip Hairston
      Morgan & Morgan Atlanta PLLC
      P.O. Box 57007
      Atlanta, Georgia 30343-1007

This 27th day of July, 2023.

      */s/Taylor P. Alig*
      Taylor P. Alig
      **Georgia Bar No. 230116**

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: aligt@deflaw.com
**Attorneys for Defendant Macy's Retail Holdings, LLC**

ID# E-XR2JDTZ4-R5C
⬡ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1668**

AUG 10, 2023 10:31 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

**MADELEINE STANLEY,**

      **Plaintiff,**

v.

**MACY'S RETAIL HOLDINGS, LLC; ABC
CORPS #1-3; AND JOHN DOES #1-3**

      **Defendant.**

**Civil Action File No: 23-A-1668**

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

Plaintiff hereby certifies that a true and correct copy of the following was delivered for service via electronic mail:

1. Plaintiff's Responses to Defendant Macy's Retail Holdings, LLC Frist Interrogatories and
2. Plaintiff's Responses to Defendant Macy's Retail Holdings, LLC First Request for Production of Documents

to the following counsel of record:

**Lisa R. Richardson, Esq.**
Georgia Bar Number 604074
303 Peachtree Street. NE, Suite 3500
Atlanta, Georgia 30308
*Attorney for Defendant*

This 10th day of August, 2023.

**MORGAN & MORGAN ATLANTA, PLLC**

*/s/ Phillip Hairston*

_____

PHILLIP HAIRSTON
phairston@forthepeople.com
Georgia State Bar No.: 387378
191 Peachtree Street NE, Suite 4200



Atlanta, GA 30303
(404) 965-1662 (Telephone)
(404) 720-3825 (Fax)
*Attorney for Plaintiff*
404-965-8812 (Fax)
*Attorney for Plaintiff*

ID#48HKJDUPD-PQD

**E-FILED IN OFFICE**
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1668**

**AUG 11, 2023 04:47 PM**

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

MADELEINE STANLEY,

     Plaintiff,

v.

                             Civil Action File No: 23-A-1668

MACY'S RETAIL HOLDINGS, LLC; ABC
CORPS #1-3; AND JOHN DOES #1-3

     Defendant.

## RULE 5.2 CERTIFICATE

I HEREBY CERTIFY that I am counsel for Defendant Macy's Retail Holdings, LLC and

that I have this day served the following:

- *Defendant Macy's Retail Holdings, LLC's Objections and Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents;* and

- *Defendant Macy's Retail Holdings, LLC's Objections and Responses to Plaintiff's First Request for Admissions*

  upon all parties to this action via STATUTORY ELECTRONIC SERVICE:

          Phillip Hairston
          Morgan & Morgan Atlanta PLLC
          P.O. Box 57007
          Atlanta, Georgia 30343-1007

This 11th day of August, 2023.

          /s/Lisa R. Richardson
          Lisa R. Richardson
          **Georgia Bar No. 604074**
          Taylor P. Alig
          **Georgia Bar No. 230116**

DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com



E-mail: aligt@deflaw.com
***Attorneys for Defendants Macy's Retail Holdings, LLC***

ID# E4FE2MENXM-KBA

EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**23-A-1668**

SEP 08, 2023 08:48 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

MADELEINE STANLEY,

     Plaintiff,

v.

Civil Action File No: 23-A-1668

MACY'S RETAIL HOLDINGS, LLC; ABC
CORPS #1-3; AND JOHN DOES #1-3

     Defendant.

## <u>RULE 5.2 CERTIFICATE</u>

I HEREBY CERTIFY that I am counsel for Defendant Macy's Retail Holdings, LLC, and that I have this day served:

1. Defendant's *Request for Production of Documents to Non-Party MetroAtlanta Ambulance;*

2. Defendant's *Request for Production of Documents to Non-Party Northside Hospital Cherokee;*

3. Defendant's *Request for Production of Documents to Non-Party Northside Radiology Associates;*

4. Defendant's *Request for Production of Documents to Non-Party Peachtree Immediate Care;*

5. Defendant's *Request for Production of Documents to Non-Party Wellstar Family Medicine;*

6. Defendant's *Request for Production of Documents to Non-Party Wellstar Kennestone Hospital;*

7. Defendant's *Request for Production of Documents to Non-Party Wellstar North Fulton Hospital;* and



8. Defendant's *Request for Production of Documents to Non-Party Wellstar Urgent Care-Avalon*

upon all parties to this matter via STATUTORY ELECTRONIC SERVICE to the following counsel of record:

> Phillip Hairston
> Morgan & Morgan Atlanta PLLC
> P.O. Box 57007
> Atlanta, Georgia 30343-1007

This 8th day of September, 2023.

*/s/ Lisa R. Richardson*
Lisa R. Richardson
**Georgia Bar No. 604074**

DREW ECKL & FARNHAM, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: richardsonl@deflaw.com
**Attorneys for Defendant Macy's Retail Holdings, LLC**