# EXHIBIT B

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MADELEINE STANLEY,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action File No: 23-A-1668** |
| **MACY'S RETAIL HOLDINGS, LLC; ABC CORPS #1-3; AND JOHN DOES #1-3** | |
| **Defendant.** | |

### PLAINTIFF'S RESPONSES TO DEFENDANT MACY'S RETAIL HOLDINGS, LLC FIRST INTERROGATORIES

**COMES NOW,** Plaintiff MADELEINE STANLEY and, pursuant to Official Code of Ga. Ann. § 9-11-33, responds to Defendant MACY'S REATAIL HOLDINGS, LLC First Interrogatories as follows:

### INTERROGATORIES

1.

Please provide the following:

(a)     Full name and date and place of birth;

(b)     Current residence and each residence for the past ten years;

(c)     Name and age of spouse and each child, whether natural or adopted;

(d)     Social Security Number (you may provide by separate letter);

(e)     Name and address of your current employer; and

(f)     Educational background, including all each school, institution, trade or professional school attended, the dates of attendance of each, and the degrees, certificates or licenses obtained at each.

**RESPONSE:** Plaintiff objects to Interrogatory No. 1 on the grounds that it is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Interrogatory No. 1 to the extent it seeks Plaintiff's Social Security Number as the Privacy Act of 1974, Public Law 93-579 § 7 enacted by the U.S. Congress and the federal legislative scheme regarding the use of Social Security Numbers, establishes a legitimate expectation of privacy for a person in their Social Security Number, prohibits the disclosure of a Social Security Number, and prohibits a state from penalizing an individual solely because of a failure to reveal his or her Social Security Number upon request. In addition, the E-Government Act, Public Law 107-347 (2002) prohibits the use of a Social Security Number as well as a full date of birth in court proceedings. Therefore, subject to this objection, Plaintiff will provide her social security number off the record at the time of her deposition.

Subject to and without waiving said objections, please see below:

(a) Plaintiff is Madeleine Stanley, and she was born February 2, 1958.

(b) Plaintiff currently resides at 308 Nobleman Way, Canton, GA 30114 and has been there for 6 years. Prior to this, Plaintiff resides at 644 Spring Harbor Drive, Woodstock, GA 30188.

(c) Plaintiff has two sons, Mazen Matta (5/21/1958) and Maher Matta (1/1/1983)

(d) Plaintiff is not currently working as a result of this incident.

(e) Plaintiff attended American University Hospital in Beirut, Lebanon between 1975-176.

2.

If you have ever made or asserted any other claim for bodily injury, disability or injury on the job, whether or not a lawsuit or formal claim was ever filed or whether this occurred

before or after this occurrence, please give:

(a)     The date, place and a brief description of the occurrence giving rise to the claim, and state in what manner it caused, contributed to, or aggravated any such injuries or illnesses you claim;

(b)     The name of the individual or entity against whom the claim was asserted or suit was brought;

(c)     A brief description of all injuries received;

(d)     The names, addresses and phone numbers of all treating physicians, chiropractors or other practitioners of the healing arts;

(e)     The names, addresses and phone numbers of all emergency rooms and hospitals where treatment was provided;

(f)     The style and identifying numerical designation of any lawsuit or compensation claim actually filed; and

(g)     The county and state in which suit or claim was filed.

**RESPONSE:** Plaintiff objects to Interrogatory No. 2 on the grounds that it is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, no.

3.

Identify all social, athletic, civic, fraternal, business or professional clubs, churches, organizations, groups, lodges, unions, committees or other associations in which you have been an active member during the past ten (10) years; and identify each of your relations, by blood or marriage, who reside in the county in which this action is pending.  (Note that this

interrogatory seeks information for qualifying the jury on voir dire and is relevant for that reason.)

**RESPONSE:** Plaintiff objects to Interrogatory No. 3 on the grounds that it is irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

 Subject to and without waiving said objections, Plaintiff attended a Yoga studio (does not recall the name) in Woodstock, GA during (2021-2022).

4.

As to the action in which these Interrogatories are filed, please state where the accident giving rise to this lawsuit (hereinafter referred to as "the occurrence") took place, the date and time of day, and state specifically and in reasonable detail how the occurrence happened.

**RESPONSE:** On August 5th, 2022, around 5:30pm, Plaintiff was leaving from the premises. Plaintiff was present on the premises because she is a vendor at Macy's. Plaintiff stepped on the escalator step and made it halfway down to the middle of the escalator when the escalator abruptly stopped. Plaintiff lost balance due to the abrupt stop and fell down to the bottom of the escalator where she grabbed her neck and noticed blood. Plaintiff was met by two (2) Security guards (unknown name), a nurse who aided her (Hana Burnette (404)819-0372), two fellow coworkers Valentina Shourrosh (678)521-3686 and Cheryl (unknown last name) and a lady screaming from the top of the escalator by the name of Enas (unknown last name) (404-736-5348. unknown). Plaintiff was then rushed by ambulance to the hospital.

5.

Please state the full name, home address and telephone number, current employer and business address and phone number of every person who, to your knowledge,

information orbelief:

(a)      was an eyewitness to the occurrence; and/or

(b)      has any knowledge, information or opinions regarding the facts or
circumstances which are the subject matter of this lawsuit, including but not limited to any
issues of negligence, liability, causation, injuries and damages, or who has knowledge or
information of any facts or circumstances supporting any claims against each Defendant in
this case.

RESPONSE: Please see list below:

- Defendant Macy's Retail Holdings LLC

- 2 Security on guard during incident

- Hana Burnette (404)819-0372

- Plaintiff's coworker Valentina Shourrosh (678)521-3686

- Plaintiff's coworker Cheryl (unknown last name and number)

- Plaintiff's coworker Enas (unknown last name) (404)736-5348

6.

With regard to each statement (oral, written, recorded, court or deposition transcript,
etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of
each person, the name and address of the person or entity taking each statement, the date each
statement was taken, and the name and address of each person having possession, custody or
control of each statement.

RESPONSE: Plaintiff objects to Interrogatory No. 6 to the extent that it calls for
materials prepared in anticipation of litigation and/or materials protected by the attorney-
client privilege and/or work product doctrine.

To Plaintiff's knowledge Defendant is in possession of all written and recorded statements.

7.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

**RESPONSE:** Plaintiff objects to Interrogatory No. 7 to the extent that it calls for materials prepared in anticipation of litigation and/or materials protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving said objections, please see attached photos.

8.

Identify all statutes, regulations, city ordinances, county ordinances, and all other governmental laws, rules, regulations or standards which you contend the Defendants violated with respect to the incident giving rise to this lawsuit.

**RESPONSE:** Plaintiff objects to Interrogatory No. 8 to the extent it seeks legal reasoning, analysis, opinions, conclusions and/or theories of Plaintiff's contentions that Plaintiff is not qualified to provide

Subject to and without waiving said objections, Plaintiff refers Defendant to her Complaint for Damages.

9.

If you consumed any medicines or drugs within 24 hours prior to the occurrence, please identify the nature and quantity thereof and the time(s) and place(s) where such were consumed.

**RESPONSE:** Plaintiff objects to Interrogatory No. 9 because it is irrelevant, overly broad,

not limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Plaintiff took her prescription medications, Lisinopril (Blood pressure) and metformin (preventative diabetic medication).

10.

Please state the place and date of all motor vehicle, fall accidents, or incidents in which you have been involved, both before this occurrence and subsequent thereto, and describe the bodily and personal injuries, if any, which you received in such other accidents or incidents.

**RESPONSE:** Plaintiff objects to Interrogatory No. 10 because it is irrelevant, overly broad, not limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, not applicable.

11.

State the substance of and names of the parties to all conversations or other communications you had with each Defendant or its employees or agents at the time of or at any time following the occurrence.

**RESPONSE:** Plaintiff was approached by coworkers who are listed in Response No. 5 and the details of the conversation include but are not limited to asking if Plaintiff was okay.

12.

Pursuant to O.C.G.A. § 9-11-26(b)(4)(A), please state whether any medical consultant, physician, nurse, other practitioner of the healing arts, **or any other expert witness of every type**, including but not limited to experts concerning negligence, causation, injuries,  damages, economists, life care planners, or other experts of any type are expected to testify as an expert

witness at trial and, if so, please provide as to each expert:

    (a)    The name, present address and telephone number of the expert;

    (b)    The subject matter on which the expert is expected to testify;

    (c)    The substance of the facts and opinions to which the expert is expected to testify;

    (d)    A summary of the grounds for each opinion, including, but not limited to, each specification of negligence; and

    (e)    The qualifications of the expert to give these opinions.  (A copy of the expert's C.V. will be accepted in lieu of a detailed answer to this subpart).

A detailed answer to this interrogatory may be omitted if you will attach to your responses a copy of all opinion letters or written reports prepared by all experts so long as any such letters or reports cover all of any such expert opinions as regards all specifications of negligence, causation, injuries and damages.

**RESPONSE:** Plaintiff objects to Interrogatory No. 12 to the extent that it calls for materials prepared in anticipation of litigation and/or materials protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving said objections, Plaintiff has not yet determined if she will utilize expert witness testimony at the trial of this matter. Plaintiff states she may call any of his treating physicians as experts at trial, to elicit the nature, scope, and extent of her treatment as well as experts' professional opinions on her care, treatment, and/or evaluation of Plaintiff; the care of his injuries and required medical care; her prognosis; her impairments; her limitations; and any need for future care. Plaintiff reserves the right to supplement her response and to identify additional expert witnesses in accordance with the Georgia Civil Practice Act.

(a)     If Plaintiff received injuries or disabilities, either physical or mental, arising out of this occurrence, please state (1) the nature and extent of each such injury or disability; (2) when and how it was sustained or developed; (3) which injuries have healed and which have not and

(4) to the extent not already provided, the names and addresses of all hospitals, clinics or other facilities at which Plaintiff underwent any tests or received any treatment up to the present time.

(b)     Give the same information as above, as to any injury or disability before this occurrence and also as to any subsequent injury or disability to this occurrence.

(c)     If you have been given any permanent disability rating on the body as a whole, or any specific member or extremity, please identify the area and the percentage.

(d)     Give the name and address of all hospitals or inpatient care facilities to which you have been admitted during the past 15 years, and state the reasons for each such admission.

(e)     Give the names and addresses of all chiropractors or physical therapists who have treated you in the past and up to the present, and the approximate dates of such treatment.

**RESPONSE:** Plaintiff objects to Interrogatory No. 13 to the extent it seeks a medical analysis, diagnosis, or opinion which Plaintiff is unqualified to provide.

Subject to and without waiving said objections, Plaintiff sustained various injuries as a result of this incident including but not limited to left hip pain, left- sided low back pain, back spasms, concussion and spinal injuries resulting in spinal surgery. Plaintiff continues to suffer as a result of this incident with spinal pain from the screws in her spine from her surgery. Plaintiff

was treated at the following facilities as a result of her fall:

- Northside Hospital- Cherokee- 1000 Johnson Ferry Rd. Atlanta, GA 30342

- Northside Radiology Associates-

- Wellstar North Fulton Hospital- 3000 Hospital Blvd. Roswell, GA 30076

- MetroAtlanta Ambulance- 595 Armstrong Street, Marietta, GA 30060

- Wellstar Urgent Care- Avalon- 2450 Old Milton Parkway, Suite 102, Alpharetta, GA 30009

(b.) Plaintiff had no prior disabilities or injuries.

(c.) Plaintiff is not aware of any permanent disabilities and reserved the right to supplement this response.

(d.) To the best of her knowledge, Plaintiff does not recall being admitted anywhere in the last 15 years outside of any treatment related to this incident.

(e.) Plaintiff visits her Primary Physician Stacey O'brien annually at Wellstar Family Medicine located at 14205 Hwy 92 #105, Woodstock, GA 30188.

14.

State whether you have had any prior or subsequent injuries, diseases or health difficulties before or after this occurrence, including but not limited to, your senses (sight, hearing, etc.), and give the names and addresses of all practitioners of the healing arts, including family doctors, who have treated you for such injury, disease or health difficulty.

**RESPONSE:** Plaintiff objects to Interrogatory No. 25 because it is irrelevant, overly broad, not limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Plaintiff fell over 30 years ago and experiences lumbar bruising. Plaintiff is also on preventive medication for diabetes.

15.

State the names and addresses of all doctors, osteopaths, psychologists, physical therapists, chiropractors and other practitioners of the healing arts of any type or nature who have treated you as a result of the occurrence that is the subject of this litigation, give the date of your last visit to each and give the dates of all written reports regarding his or her treatment of you in your or your attorney's possession.

**RESPONSE:** Plaintiff has treated at the following facilities as a result of her incident. Plaintiff is still retrieving all medical records and will supplement response once received.

- Northside Hospital Cherokee - 450 Northside Cherokee Blvd, Canton, GA 30115

- Metro- Atlanta Ambulance- 595 Armstrong Street, Marietta, GA 30060

- Northside Cherokee Emergency Department- 450 Northside Cherokee Blvd, Canton, GA 30115

- Northside Radiology Associates- 450 Northside Cherokee Blvd, Canton, GA 30115

- Wellstar Kennestone Hospital- 677 Church Street, Marietta, GA 30060

16.

Identify your personal or family physicians for general healthcare and treatment on the date of this occurrence and during the past 15 years.

**RESPONSE:** Plaintiff objects to Interrogatory No. 25 because it is irrelevant, overly broad, not limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's primary care doctor is Stacy O'brien at Wellstar Hospital. Plaintiff has seen her for annual yearly checkups. Plaintiff does not recall any other previous doctors as she was in another state and can't recall facility and names.

17.

Did Plaintiff have any pre-existing impaired physical or mental condition or disability at the time and place of this occurrence, including but not limited to, congenital, medical, psychological, alcohol or substance induced, vision impairment, chiropractic or otherwise?  If so, please explain in reasonable detail, and identify all doctors, hospitals, clinics, therapists, counselors, chiropractors or other health care providers who treated Plaintiff for each such condition or disability during Plaintiff' life up to the present date.

**RESPONSE:** Plaintiff objects to Interrogatory No. 17 because it is irrelevant, overly broad, not limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Plaintiff refers Defendant to previous responses.

18.

(a)     If you have ever been a party to a civil or criminal action or proceeding,

including a bankruptcy proceeding, please state the style of the case, docket number, court, the date, the substance of the litigation and the disposition of the case or charge.

(b)      State whether you have ever been convicted of a felony or a misdemeanor involving moral turpitude.  If so, provide the information set out in (a) above.

(c)      Did you attend any judicial or quasi-judicial hearing arising out of this occurrence?  If so, state whether there is a transcript of said hearing and produce a full copy of the transcript.

**RESPONSE:** Plaintiff objects to Interrogatory No. 18 because it is irrelevant, overly broad, not limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, not applicable.

19.

(a)      Please state whether the Plaintiff consumed any alcoholic beverages or any controlled substance (e.g. marijuana, cocaine, heroin, etc.) in the 24-hour period immediately preceding the subject occurrence.  If the answer is affirmative, please identify the place where the alcoholic beverage(s) and/or controlled substances were purchased, and any person(s) present while such beverages and/or controlled substances were being consumed or otherwise inhaled or injected, and the amount of alcohol and/or controlled substances consumed.

(b)      Please identify all tests which were given for alcohol or drugs, the person or place where such tests were administered, and the results thereof.

(c)      Produce a copy of all such tests.

**RESPONSE:** Plaintiff objects to Interrogatory No. 19 because it is irrelevant, overly broad, not limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, not applicable.

20.

Please state the name of any type of medicine or drug, either prescribed or not prescribed, that Plaintiff have taken in connection with any alleged injuries resulting from the subject occurrence.  With respect to each medicine or drug taken, please identify the doctor or pharmacist who prescribed such medicine or drug, and the store at which the medicine or drug was purchased and whether Plaintiff is still taking this medication.

**RESPONSE:** Plaintiff was given morphine shorts, hydrocodone for pain and cyclobenzaprine by Dr. Lance at Northside Hospital Cherokee after her spinal surgery.

21.

Please itemize all special damages which you allege you have incurred or others have incurred on your behalf as a result of the incident, which is the subject matter of this litigation (<u>do not</u> simply refer to attached documents), including, but not limited to, property damage, all past and future medical expenses of any kind, past and future hospital expenses, lost income of any kind, and the past and future cost of medication.  Defendant requires that Plaintiff update the answer to this Interrogatory pursuant to Plaintiff's obligation to itemize all special damages as required by O.C.G.A § 9-11-9(g), and Defendant notes that it will object to the introduction of any damages which are not itemized as required by law.

**RESPONSE:**

| Provider | Amount |
|---|---|
| Northside Hospital- Cherokee | $24,325.00 |
| Northside Radiology Associates | $2,801.00 |
| Well Star North Fulton Hospital | $350.00 |
| MetroAtlanta Ambulance | $1595.00 |
| WellStar Kennestone Hospital | TBA |
| Total | $29,071 |

Plaintiff is also claiming lost wages. Plaintiff made approximately $20/hour and has not worked since the date of her incident August 5, 2022. Plaintiff was working between 30-40 hours and is still gathering documents to support her lost wage claim and will supplement once received.

22.

For any lost wage or salary claim or loss that you assert, please explain how you computed the amount of damages, including the full name and address of (a) your employers on the date of the occurrence; (b) your hourly rate, salary and annual earnings on the date of occurrence; (c) identify your employers for the ten years preceding this occurrence and the reason for cessation of employment.  If Plaintiff was not employed at the time of the occurrence identify the last employer and date employment ended, please explain with particularity upon what facts you base your claim for lost past or future wages.

**RESPONSE:** Plaintiff was working as a vendor at Macy's prior to her incident making approximately $20/hour and working between 30-40 hours a week. Plaintiff is still retrieving responsive documents to support her lost wage claim but has essentially missed a year of work which equals about $41,600. Plaintiff reserves the right to supplement this response.

24.

With respect to any payments or benefits which are available or which have been made

or received (or which were made by any source) because of the occurrence as regards Plaintiff, please state the amount and payee of each benefit, the name and address of the person, insurance company, corporation or other entity making each payment or benefit available, and the nature of each payment or benefit made (i.e., medical payment benefits, Workers' Compensation, group or individual disability benefits, group or individual medical coverage, coverage provided by a policy provided by the U.S. or state government, Medicare, Medicaid, Champus, etc).

**RESPONSE:** Plaintiff is still gathering responsive documents and will supplement response once received.

25.

If Plaintiff received injuries or disabilities, either physical or mental, arising out of this occurrence, please state (1) the nature and extent of each such injury or disability; (2) when and how it was sustained or developed; (3) which injuries have healed and which have not and (4) tothe extent not already provided, the names and addresses of all hospitals, clinics or other facilities at which Plaintiff underwent any tests or received any treatment up to the present time.

**RESPONSE:** Plaintiff sustained a severe spinal injury as a result of this incident including screws in her spine as well as incision down her stomach which she is currently still healing from. Plaintiff has not been able to stand up for periods of time or travel as a result of this injury.

26.

With regard to the injuries or disabilities listed in response to Interrogatory No. 25, please state whether you had experienced any of the same injuries, or similar injuries in a particular area of your body, at any time in the previous 15 years leading up to the accident.

**RESPONSE:** Plaintiff does not recall having any issues with her spine or any other areas of her body she sustained injuries to prior to this incident.

27.

Please state the name, address and telephone number of all persons who arrived at the scene of the occurrence or that you spoke with about the occurrence regardless of when the conversation took place.

**RESPONSE:**

- (2) Security Guards (Information unknown)

- Hana Burnette (nurse on scene) (404) -819-0372

- Valentina Shourrosh (678) 521-3686

- Cheryl (unknown information)

- Enas (unknown last name) (404) 736-5348

28.

State the name, address and employer of all persons who to your knowledge, information or belief have investigated any aspect of the occurrence, which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

**RESPONSE**: Plaintiff is not aware of any investigation outside of the one being conducted by her attorney.

29.

Did you own, use or possess a cell phone at the time of the relevant accident?  If so, please provide the number of such cell phone and your cell phone service provider at that time.

**RESPONSE:** Plaintiff objects to Request No. 29 because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

Subject to and without waiving said objections, Plaintiff is not in possession of any responsive documents.

Plaintiff had a phone in her pocket at the time of the incident and the phone number is (423) 494-0839 and the cell phone service provider is AT&T.

29.

Describe each and every way that you allege this Defendant was negligent in maintaining its premises where the subject incident occurred, including, but not limited to, a description of each condition that made the premises dangerous, each fact that would indicate the length of time the condition existed prior to the subject incident, each fact that tends to show that this Defendant knew or should have known of the condition.

**RESPONSE:** Plaintiff objects to Interrogatory No. 29 to the extent it seeks legal reasoning, analysis, opinions, conclusions and/or theories of Plaintiff's contentions that Plaintiff is not qualified to provide.

Subject to and without waiving said objections, Plaintiff refers defendant to her Complaint for Damages.

30.

With regard to each manner in which you contend the subject escalator malfunctioned state how it malfunctioned (i.e. stopped), the manner in which they should have functioned, and the authority (legal or otherwise) upon which you rely to support your contention regarding the manner in which the doors should have functioned.

**RESPONSE:** Plaintiff objects to Interrogatory No. 30 to the extent it seeks legal

reasoning, analysis, opinions, conclusions and/or theories of Plaintiff's contentions that Plaintiff is not qualified to provide.

Subject to and without waiving said objections, Plaintiff states that the escalator abruptly stopped with no warning. Plaintiff states the escalator should have been consistently moving and warning should have been given if there were any problems with the escalator the day of the incident.

31.

Describe by title, author, edition, and year of publication all manuals, standards, or other documents that you contend set forth operational requirements for the subject doors, including size, weight, closing speed, closing time, safety mechanisms, or any other aspect of the doors' operation.

**RESPONSE:** Plaintiff objects to Interrogatory No. 31 to the extent it seeks legal reasoning, analysis, opinions, conclusions and/or theories of Plaintiff's contentions that Plaintiff is not qualified to provide.

32.

If you contend that this Defendant had experienced problems with the operation of the subject escalator prior to the date of the alleged incident, state: (a) the date of the prior incident;

(c)     describe what happened in the prior incident; (c) identify all persons involved in the prior incident; and, (d) identify all Macy's employees who you content were made aware of the prior incident.

**RESPONSE:** Plaintiff has not experienced any problems with the escalator prior to this incident and only recalls the escalator being out of order/use.

33.

Please state why you were on the subject premises on the day of the subject incident.

**RESPONSE:** Plaintiff is a employee of a vendor on the premises.

34.

Please state where you were coming from and where you were going to at the time of the subject incident.

**RESPONSE:** Plaintiff was leaving work and headed towards her car.

35.

Please state if you contend the escalator was manually stopped or turned off and, if so, who manually stopped or turned off the escalator and how the escalator was stopped or turned off.

**RESPONSE:** Plaintiff does not currently contend that the escalator was manually stopped by an employee or agent and reserves the right to supplement this response as discovery is ongoing.

36.

If you contend that the escalator was manually stopped by an employee or agent of this Defendant, please identify that employee or agent.

**RESPONSE:** Plaintiff does not currently contend that the escalator was manually stopped by an employee or agent and reserves the right to supplement this response as discovery is ongoing.

37.

Please describe the weather conditions at the time of the subject of incident.

**RESPONSE**: Plaintiff recalls the day of the incident as being a rainy day.

38.

Please state if the weather the contributed to any malfunction of the subject escalator you allege contributed your injuries.

**RESPONSE:** Plaintiff objects to Interrogatory No. 38 to the extent it seeks analysis, opinions, conclusions and/or theories of Plaintiff's contentions that Plaintiff is not qualified to provide.


39.

Please state whether you were holding onto either the left or the right handrails of the subject escalator at the time of the incident. If you were not, please state why.

**RESPONSE:** Plaintiff does not recall if she was holding on to the railing as she had a purse on one shoulder and her work bag on the other shoulder.


This 10th  day of August, 2023.

**IN THE STATE COURT OF COBB COUNTY STATE OF GEORGIA**

MADELEINE STANLEY,

      Plaintiff,

v.

MACY'S RETAIL HOLDINGS, LLC; ABC
CORPS #1-3; AND JOHN DOES #1-3

      Defendant.

Civil Action File No: 23-A-1668

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of **PLAINTIFF'S RESPONSES TO DEFENDANT MACY'S RETAIL HOLDING, LLC FIRST INTERRAGATORIES TO PLAINTIFF** was duly served in this matter by forwarding a copy of same via electronic mail to all counsel of record, which are identified as follows:

**Lisa R. Richardson, Esq.**
Georgia Bar Number 604074
303 Peachtree Street. NE, Suite 3500
Atlanta, Georgia 30308
*Attorney for Defendant*

This 10th day of August, 2023.

                        **MORGAN & MORGAN ATLANTA, PLLC**

                        */s/ Phillip Hairston*

                        ―――――――――――――――――――――――

                        PHILLIP HAIRSTON
                        phairston@forthepeople.com
                        Georgia State Bar No.: 387378
                        191 Peachtree Street NE, Suite 4200
                        Atlanta, GA 30303
                        (404) 965-1662 (Telephone)
                        (404) 720-3825 (Fax)

*Attorney for Plaintiff*
404-965-8812 (Fax)
*Attorney for Plaintiff*