IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVE MITCHELL, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

## I. INTRODUCTION

1. This action, under 18 U.S.C. § 925A(2), seeks an order that a firearm transfer to Plaintiff be approved by Defendant and a declaration that Plaintiff is not federally prohibited from possessing firearms.

## II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1346(a)(2), and 28 U.S.C. § 1361.

3. Venue is proper under 28 U.S.C. § 1402(a)(1) because the United States is a Defendant and the Plaintiff resides in this District and in this Division.

1

### III. PARTIES

4. Plaintiff is a citizen and resident of Cobb County, Georgia and a citizen of the United States.

5. Defendant is the United States of America.

### IV. FACTUAL BACKGROUND

6. On August 25, 2023, Plaintiff attempted to purchase a shotgun from Adventure Outdoors in Smyrna, Georgia.

7. As a federal firearms licensee ("FFL"), Adventure Outdoors was required under 18 U.S.C. § 922(t) to run a background check on Plaintiff using the National Instant Criminal Background Check System ("NICS"), which is operated by the Federal Bureau of Investigation ("FBI") (an agency of Defendant), before transferring the firearm to Plaintiff.

8. The FBI denied the transfer.

9. Plaintiff asked the FBI for the reason for the denial.

10. On August 29, 2023, the FBI wrote Plaintiff a letter that purported to inform Plaintiff of the reason(s) for the denial.

11. The reason stated in the denial was that Plaintiff is prohibited under 18 U.S.C. § 922(g)(1) from possessing firearms because he has been convicted of a crime punishable for a term exceeding one year or a state offense classified by the state as a misdemeanor and punishable by a term of imprisonment of more than two years.

12. The letter did not state the date or place of the alleged conviction, nor did it identify the crime of conviction.

13. Plaintiff has not been convicted of a crime punishable for a term exceeding one year or a state offense classified by the state as a misdemeanor and punishable by a term of imprisonment of more than two years.

14. If Plaintiff has been convicted of a crime described in Par. 13 above, the record for such conviction has been expunged in accordance with the law of the state of conviction.

15. Pursuant to 27 C.F.R. § 478.11, a conviction that has been expunged does not count as a conviction for purposes of 18 U.S.C. § 922(g)(1).

16. Plaintiff is not prohibited under 18 U.S.C. § 922(g)(1) from possessing firearms.

17. Plaintiff is not prohibited under any other provision of federal law from possessing firearms.

18. Plaintiff would like to possess firearms but is in fear of arrest and

prosecution for doing so because Defendant has asserted that it would be a federal crime for Plaintiff to do so.

**Prayer for Relief**

Plaintiff demands the following relief:

19. An order pursuant to 18 U.S.C. § 925A requiring Defendant to approve the shotgun transfer described above.

20. A declaration that Plaintiff is not federally prohibited from possessing firearms.

21. Costs of bringing and maintaining this action, including reasonable attorney's fees.

22. Any other relief the Court deems proper.

JOHN R. MONROE,

  /s/ John R. Monroe
John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA  30534
Telephone: (678) 362-7650
Facsimile: (678) 744-3464
jrm@johnmonroelaw.com

ATTORNEYS FOR PLAINTIFF