**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JALEN BASS,** | * | |
| **Plaintiff,** | * | |
| **vs.** | * | **Civil Action File No.: _____** |
| **ROLAND JONES, JR., in his individual capacity,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

---

## COMPLAINT FOR DAMAGES

---

**COMES NOW** Plaintiff **JALEN BASS** ("Plaintiff"), by and through his undersigned counsel, and files his Complaint for Damages against Defendant **ROLAND JONES, JR.**, in his individual capacity ("Defendant") and respectfully shows as follows:

### <u>Introduction</u>

### 1.

Plaintiff brings his Complaint for Damages pursuant 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution and Georgia law.

- 1 -

**2.**

Plaintiff asserts claims based on Defendant's unreasonable seizure and unwarranted and excessive use of force against Plaintiff.

**<u>Parties</u>**

**3.**

Plaintiff is an individual and a resident of the State of Georgia.

**4.**

Defendant is an individual and resident of the State of Georgia.  Defendant may be served personally at his home address, to wit: 185 Montag Circle NE, Unit 414, Atlanta, GA 30307.

**<u>Jurisdiction and Venue</u>**

**5.**

This case presents a federal question under 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.

**6.**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**7.**

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) because all acts occurred within this District and Division.

## Factual Allegations

**8.**

On August 6, 2022, Plaintiff was stopped by Defendant on West Paces Ferry Road in Atlanta, GA.

**9.**

Defendant stopped Plaintiff for allegedly violating a traffic control device.

**10.**

During this traffic stop, Defendant wrongfully accused Plaintiff of being under the influence of alcohol and/or drugs and forcefully removed Plaintiff from his vehicle.

**11.**

Defendant then slammed Plaintiff's head against the metal bars that separated the front from the back of the police vehicle.  Defendant's actions occurred despite Plaintiff not offering resistance and not presenting an objective threat to Defendant.

**12.**

Plaintiff did not offer any resistance, and Defendant did not have any information that would cause a reasonable officer to believe Plaintiff posed any

threat, imminent or otherwise, to anyone.  Defendant knew Plaintiff offered no resistance whatsoever.

**13.**

Plaintiff suffered severe bodily injuries and mental pain, including, but not limited to, a concussion, and had to seek emergency medical treatment immediately after the incident.

**14.**

At all times relevant hereto, Defendant was employed as a police officer with the City of Atlanta Police Department and acting under the color of state law.

**Count 1**
**Excessive Force under the 42 U.S.C. § 1983 and the Fourth Amendment**

**15.**

Defendant used excessive force against Plaintiff.

**16.**

There was no need for Defendant to slam Plaintiff's head against the metal bars that separated the front from the back of the police vehicle.

**17.**

At the time of Defendant's conduct, the law clearly established that gratuitous force upon a non-resisting arrestee constitutes excessive force.

**Count 2**
**State Law Claims**

**18.**

Defendant committed an assault and battery on Plaintiff in violation of O.C.G.A. §§ 51-1-13 and 51-1-14.

**19.**

Defendant acted with actual malice toward Plaintiff.  In using excessive force against Plaintiff, Defendant possessed the deliberate intent to do wrong.

**20.**

Defendant's actions were malicious, reckless, and callously indifferent to Plaintiff's clearly established rights, and Defendant is not entitled to official immunity under Georgia law.

**Count 3**
**Punitive Damages under 42 U.S.C. § 1983 and Georgia law**

**21.**

Defendant acted with conscious indifference, reckless disregard for the consequences of his actions, an intent to injure, and malice such that an award of punitive damages is authorized under federal and Georgia law.

**WHEREFORE** Plaintiff respectfully prays as follows:

1.  That this action be tried by jury;

2. That judgment be entered in favor of Plaintiff and against Defendant in an amount to be determined by the enlightened conscious of a fair and impartial jury;

3. That Plaintiff be awarded his reasonable attorney's fees and expenses as allowed under federal and Georgia law;

4. That all costs of this action be taxed against Defendant; and

5. For such further relief as the Court deems proper.

Dated this 8th day of September 2023.

Respectfully submitted,

**WETHERINGTON LAW FIRM, P.C.**

/s/ *Robert N. Friedman*
ROBERT N. FRIEDMAN
Georgia Bar No. 945494
MATTHEW Q. WETHERINGTON
Georgia Bar No. 339639

1800 Peachtree St. NW
Suite 370
Atlanta, Georgia 30309
P/F: 404-888-4444
robert@wfirm.com
matt@wfirm.com