E-FILED IN OFFICE - C
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-05602-S
8/7/2023 3:05 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PAUL BOGLE,<br><br>   Plaintiff,<br>v.<br><br>WAL-MART STORES EAST, LP, JOHN JOHN DOE No. 1 and JOHN DOE No. 2,<br><br>   Defendants. | )<br>)<br>)<br>) Civil Action File No.<br>)<br>) Jury Trial Demand<br>)  23-C-05602-S1<br>)<br>) |

## COMPLAINT

**COMES NOW**, Paul Bogle (hereinafter referred to as "Plaintiff"), Plaintiff herein and files this Complaint against Defendant, Wal-Mart Stores East, LP, (hereinafter referred to as "Defendant").

1.

Plaintiff Paul Bogle is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

2.

Defendant Wal-Mart Stores East, LP, is a for profit corporation which at all material times, conducted business in the state of, Georgia, Gwinnett County, and is subject to the jurisdiction and venue of this Court.

3.

Defendant Wal-Mart Stores East, LP, is a for profit limited partnership company operating under the laws of the State of Georgia. It is subject to the jurisdiction and venue of this court. It may be served by and through its Registered Agent, The Corporation Company, 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040, Forsyth County.

4.

Defendant John Doe No. 1 was an employee of Defendant Wal-Mart Stores East, LP on the date of the incident alleged herein. Plaintiff will substitute the correct party name, should that become necessary, accordingly pursuant to OCGA § 9-11-10, *et seq*. and any other applicable provision of the

**Exhibit A**

Georgia Civil Practice Act.

5.

Defendant John Doe No. 2 was an independent contractor or subcontractor of Defendant Wal-Mart Stores East, LP on the date of the incident alleged herein. Plaintiff will substitute the correct party name, should that become necessary, accordingly pursuant to OCGA § 9-11-10, *et seq.* and any other applicable provision of the Georgia Civil Practice Act.

7.

Venue and jurisdiction as to this matter are proper in this Court.

8.

On October 29, 2021, Wal-Mart Stores East, LP, was the owner operator of a Wal-Mart Store located at 4375 Lawrenceville Highway, Tucker, Georgia 30084.

9.

On October 29, 2021, Plaintiff, Paul Bogle, was an invitee/patron/customer on the premises of Defendant's Wal-Mart Store, located at 4375 Lawrenceville Highway, Tucker, Georgia 30084, when he was caused to slip and fall as a result of water allowed to accumulate on the ground/floor at the front door, that was leaking from the roof of the store.

10.

At all times relevant, defendant owed a duty to the public and its patrons to exercise reasonable care and maintain safe conditions on its premises. Defendant knew, or in the exercise of reasonable care, should have known, of the hazardous condition or warned Plaintiff of the unsafe conditions.

11.

As a result of the negligence of Defendant Wal-Mart Sores East, LP, Plaintiff suffered bodily injury, pain and suffering, mental anguish, loss of enjoyment of life, medical treatment, medical expenses, and loss of income.

Exhibit A

## **COUNT I — NEGLIGENCE**

12.

Plaintiff, Paul Bogle, realleges and reavers the allegations made in Paragraphs 1 - 11 as if fully restated herein.

13.

Defendants' failure to maintain safe conditions and failure to provide notice or warn the patrons of the hazardous conditions described above constitutes negligence.

14.

Defendant Wal-Mart Stores East, LP is responsible for the premises and maintaining safe conditions for invitee/patrons due to the *superior knowledge* rule.

15.

As a direct result of the Defendants negligence to maintain safe and secure conditions, Plaintiff slipped and fell, causing him to suffer severe and permanent injuries.

16.

Defendants violated OCGA § 51-3-1, which establishes that a property owner is liable to invitees for injuries caused by failure to maintain safe premises, conduct was negligent *per se*.

17.

Defendants' negligence caused the unsafe conditions described above at said time and place and caused plaintiff to suffer physical injuries to his body.

18.

As a result of Defendants negligent conduct described above, Plaintiff was required to undergo necessary medical treatment for the injuries sustained.

**Exhibit A**

## COUNT II — LIABILITY OF DEFENDANT WAL-MART STORES EAST, LP

19.

Plaintiff, Paul Bogle, realleges and reavers the allegations made in Paragraphs 1 - 18 as if fully restated herein.

20.

By virtue of Defendant's negligence, Defendant Wal-Mart Stores East, LP is liable to the Plaintiff, for the costs associated Plaintiff's medical treatment related to the injuries sustained.

21.

Further, as a result of Defendant Wal-Mart Stores East, LP's negligent conduct causing, without warning, the unsafe conditions described above, Plaintiff has suffered past, present and future pain and suffering, permanent injuries, as well as other losses.

22.

By virtue of Defendant Wal-Mart Stores East, LP's negligence, Defendant Wal-Mart Stores East, LP, is liable to the Plaintiff, for an amount to make Plaintiff whole for his, past, present and future pain and suffering which may well be permanent, as well as other losses.

23.

Plaintiff has suffered lost wages and other tangible losses due to the negligence of Defendant Wal-Mart Stores East, LP.

24.

By virtue of Defendant Wal-Mart Stores East, LP's negligence, Defendant Wal-Mart Stores East, LP is liable to the Plaintiff, for an amount to make Plaintiff whole for his lost wages and, possibly, other tangible losses.

25.

By virtue of the conduct of Defendant Wal-Mart Stores East, LP's negligence, in violation of

Exhibit A

OCGA § 51-3-1, failure to maintain a safe premises for invitees, Defendant Wal-Mart Stores East, LP, was negligent *per se*. Defendant Wal-Mart Stores East, LP is liable to the Plaintiff for the costs associated Plaintiff's medical treatment related to the injuries sustained.

26.

Further, as a result of the negligence of Defendant Wal-Mart Stores East, LP, Plaintiff, has suffered past, present and future pain and suffering which may well be permanent, as well as other losses.

27.

By virtue of Defendant Wal-Mart Stores East, LP's negligence, they are liable to the Plaintiff, for an amount to make Plaintiff whole for, past, present and future pain and suffering which may well be permanent, as well as other losses.

28.

Plaintiff has suffered lost wages and, possibly, other tangible losses due to the Defendants negligent conduct.

29.

By virtue of Defendant Wal-Mart Stores East, LP's failure to maintain safe and secure premise for invitees, they are liable to the Plaintiff, for an amount to make Plaintiff whole for lost wages and, possibly, other tangible losses due to the Defendants negligence.

### **COUNT III — LIABILITY OF DEFENDANT JOHN DOE NO. 1**

30.

Plaintiff Paul Bogle realleges and reavers the allegations made in Paragraphs 1- 29 as if fully restated herein.

31.

Defendant John Doe No. 1 was employed by Defendant Wal-Mart Stores East, LP, at the time of the incident, October 29, 2021.

**Exhibit A**

32.

Defendant John Doe No. 1 was in the scope and course of his/her/its employment with Defendant Wal-Mart Stores East, LP, as the manager on-sight at the time of the subject incident. At all times relevant, defendant owed a duty to the public and its patrons to exercise reasonable care and maintain safe conditions on its premises. Defendant John Doe No. 1, knew, or in the exercise of reasonable care, should have known, of the hazardous condition or should have warned Plaintiff of the unsafe conditions.

33.

Defendant John Doe No. 1 was an agent for Defendant Wal-Mart Stores East, LP due to his/her on-sight management position with Defendant Wal-Mart Stores East, LP.

34.

Defendant Wal-Mart Stores East, LP is responsible for the actions of Defendant John Doe No. 1 due to the doctrine of *respondeat superior*.

35.

By virtue of the conduct of Defendant John Doe No. 1, in violation of OCGA § 51-3-1, failure to maintain a safe premises for invitees, Defendant John Doe No. 1 was negligent *per se*. Both Defendant Wal-Mart Stores East, LP and John Doe No. 1 are liable to the Plaintiff for the costs associated Plaintiff's medical treatment related to the injuries sustained.

36.

Further, as a result of the negligence of Defendant John Doe No. 1, as well as the negligence of Defendant Wal-Mart Stores East, LP, Plaintiff, has suffered past, present and future pain and suffering which may well be permanent, as well as other losses.

37.

By virtue of Defendant John Doe No. 1's negligence as well as the negligence of Defendant Wal-Mart Stores East, LP, they are both liable to the Plaintiff, for an amount to make Plaintiff whole for, past,

**Exhibit A**

present and future pain and suffering which may well be permanent, as well as other losses.

38.

Plaintiff has suffered lost wages and, possibly, other tangible losses due to the Defendants negligent conduct.

39.

By virtue of Defendant John Doe No. 1's failure to maintain safe and secure premise for invitees as well as the negligence of Defendant Wal-Mart Stores East, LP, they are both liable to the Plaintiff, for an amount to make Plaintiff whole for lost wages and, possibly, other tangible losses due to the Defendants negligence.

## COUNT IV — LIABILITY OF DEFENDANT JOHN DOE NO. 2

40.

Plaintiff Paul Bogle realleges and reavers the allegations made in Paragraphs 1- 39 as if fully restated herein.

41.

Defendant John Doe No. 2 was employed as a contractor or subcontractor by Defendant Wal-Mart Stores East, LP, at the time of the incident, October 29, 2021.

42.

Defendant John Doe No. 2 was in the scope and course of his/her/its employment with Defendant Wal-Mart Stores East, LP, as a contractor or subcontractor at the time of the subject incident. At all times relevant, defendant owed a duty to the public and its patrons to exercise reasonable care and maintain safe conditions on its premises.  Defendant John Doe No. 2, knew, or in the exercise of reasonable care, should have known, of the hazardous condition or should have warned Plaintiff of the unsafe conditions.

**Exhibit A**

43.

Defendant John Doe No. 2 was an agent for Defendant Wal-Mart Stores East, LP due to his/her contract position with Defendant Wal-Mart Stores East, LP.

44.

Defendant Wal-Mart Stores East, LP is responsible for the actions of Defendant John Doe No. 2, due to the doctrine of *respondeat superior.*

45.

By virtue of the conduct of Defendant John Doe No. 2, in violation of OCGA § 51-3-1, failure to maintain a safe premises for invitees, Defendant John Doe No. 2 was negligent *per se.* Both Defendant Wal-Mart Stores East, LP and John Doe No. 2 are liable to the Plaintiff for the costs associated Plaintiff's medical treatment related to the injuries sustained.

46.

Further, as a result of the negligence of Defendant John Doe No. 2, as well as the negligence of Defendant Wal-Mart Stores East, LP, Plaintiff, has suffered past, present and future pain and suffering which may well be permanent, as well as other losses.

47.

By virtue of Defendant John Doe No. 2's negligence as well as the negligence of Defendant Wal-Mart Stores East, LP, they are both liable to the Plaintiff, for an amount to make Plaintiff whole for, past, present and future pain and suffering which may well be permanent, as well as other losses.

48.

Plaintiff has suffered lost wages and, possibly, other tangible losses due to the Defendants negligent conduct.

49.

By virtue of Defendant John Doe No. 2's failure to maintain safe and secure premise for invitees

Exhibit A

as well as the negligence of Defendant Wal-Mart Stores East, LP, they are both liable to the Plaintiff, for an amount to make Plaintiff whole for lost wages and, possibly, other tangible losses due to the Defendants negligence.

50.

**WHEREFORE**, Plaintiff Paul Bogle prays that this Honorable Court issue a judgment against the Defendants and in favor of the Plaintiff for:

a. A summons and process be issued according to law against the Defendants.

b. Any and all past, present and future medical bills for Plaintiff's, medical bills incurred as a result of the incident described herein as determined from the enlightened conscious of the jury;

c. Any and all past, present and future physical, emotional, pain and suffering and any other damages to be decided by the enlightened conscience of the jury;

d. Any and all lost wages and other tangible losses incurred by the Plaintiff;

e. Any and all costs of this action;

f. Any other such relief as this Honorable Court deems fit.

This 7th day of August, 2023,

**KANNER & PINTALUGA**

*/s/ Robert L. Jenkins/s/*
Robert L. Jenkins, Esq.
Attorney for Plaintiff
Georgia State Bar No. 390910

201 Peachtree St. NW, Suite 200
Atlanta, GA 30303
770 755 9663
866 641 4690
rjenkins@kpattorney.com

**Exhibit A**