E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05602-S1**
**8/7/2023 3:05 PM**
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☐ State Court of _____ County

**For Clerk Use Only**

Date Filed _____   Case Number _____
MM-DD-YYYY                                          23-C-05602-S1

**Plaintiff(s)**                                             **Defendant(s)**

_____     _____
Last    First    Middle I.    Suffix    Prefix          Last    First    Middle I.    Suffix    Prefix

_____     _____
Last    First    Middle I.    Suffix    Prefix          Last    First    Middle I.    Suffix    Prefix

_____     _____
Last    First    Middle I.    Suffix    Prefix          Last    First    Middle I.    Suffix    Prefix

_____     _____
Last    First    Middle I.    Suffix    Prefix          Last    First    Middle I.    Suffix    Prefix

**Plaintiff's Attorney** _____   **Bar Number** _____   Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number                          Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

Case 1:23-mi-99999-UNA   Document 2904-5   Filed 09/08/23   Page 2 of 19

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05602-S1**
**8/7/2023 3:05 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

_____
_____
_____

CIVIL ACTION
NUMBER:_____

PLAINTIFF

23-C-05602-S1

VS.

_____
_____
_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**SC-1 Rev. 2011**

Case 1:23-mi-99999-UNA   Document 2904-5   Filed 09/08/23   Page 3 of 19

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05602-S1**
**8/7/2023 3:05 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **PAul BOGLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action File No. |
| | ) |
| **WAL-MART STORES EAST, LP, JOHN** | ) Jury Trial Demand |
| **JOHN DOE No. 1 and JOHN DOE No. 2,** | ) |
| | )       23-C-05602-S1 |
| **Defendants.** | ) |

# COMPLAINT

**COMES NOW**, Paul Bogle (hereinafter referred to as "Plaintiff"), Plaintiff herein and files this Complaint against Defendant, Wal-Mart Stores East, LP, (hereinafter referred to as "Defendant").

1.

Plaintiff Paul Bogle is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

2.

Defendant Wal-Mart Stores East, LP, is a for profit corporation which at all material times, conducted business in the state of, Georgia, Gwinnett County, and is subject to the jurisdiction and venue of this Court.

3.

Defendant Wal-Mart Stores East, LP, is a for profit limited partnership company operating under the laws of the State of Georgia.  It is subject to the jurisdiction and venue of this court.  It may be served by and through its Registered Agent, The Corporation Company**,** 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040, Forsyth County.

4.

Defendant John Doe No. 1 was an employee of Defendant Wal-Mart Stores East, LP on the date of the incident alleged herein. Plaintiff will substitute the correct party name, should that become necessary, accordingly pursuant to OCGA § 9-11-10, *et seq*. and any other applicable provision of the

Georgia Civil Practice Act.

5.

Defendant John Doe No. 2 was an independent contractor or subcontractor of Defendant Wal-Mart Stores East, LP on the date of the incident alleged herein. Plaintiff will substitute the correct party name, should that become necessary, accordingly pursuant to OCGA § 9-11-10, *et seq.* and any other applicable provision of the Georgia Civil Practice Act.

7.

Venue and jurisdiction as to this matter are proper in this Court.

8.

On October 29, 2021, Wal-Mart Stores East, LP, was the owner operator of a Wal-Mart Store located at 4375 Lawrenceville Highway, Tucker, Georgia 30084.

9.

On October 29, 2021, Plaintiff, Paul Bogle, was an invitee/patron/customer on the premises of Defendant's Wal-Mart Store, located at 4375 Lawrenceville Highway, Tucker, Georgia 30084, when he was caused to slip and fall as a result of water allowed to accumulate on the ground/floor at the front door, that was leaking from the roof of the store.

10.

At all times relevant, defendant owed a duty to the public and its patrons to exercise reasonable care and maintain safe conditions on its premises.  Defendant knew, or in the exercise of reasonable care, should have known, of the hazardous condition or warned Plaintiff of the unsafe conditions.

11.

As a result of the negligence of Defendant Wal-Mart Sores East, LP, Plaintiff suffered bodily injury, pain and suffering, mental anguish, loss of enjoyment of life, medical treatment, medical expenses, and loss of income.

## **COUNT I — NEGLIGENCE**

12.

Plaintiff, Paul Bogle, realleges and reavers the allegations made in Paragraphs 1 - 11 as if fully restated herein.

13.

Defendants' failure to maintain safe conditions and failure to provide notice or warn the patrons of the hazardous conditions described above constitutes negligence.

14.

Defendant Wal-Mart Stores East, LP is responsible for the premises and maintaining safe conditions for invitee/patrons due to the *superior knowledge* rule.

15.

As a direct result of the Defendants negligence to maintain safe and secure conditions, Plaintiff slipped and fell, causing him to suffer severe and permanent injuries.

16.

Defendants violated OCGA § 51-3-1, which establishes that a property owner is liable to invitees for injuries caused by failure to maintain safe premises, conduct was negligent *per se.*

17.

Defendants' negligence caused the unsafe conditions described above at said time and place and caused plaintiff to suffer physical injuries to his body.

18.

As a result of Defendants negligent conduct described above, Plaintiff was required to undergo necessary medical treatment for the injuries sustained.

## COUNT II — LIABILITY OF DEFENDANT WAL-MART STORES EAST, LP

19.

Plaintiff, Paul Bogle, realleges and reavers the allegations made in Paragraphs 1 - 18 as if fully restated herein.

20.

By virtue of Defendant's negligence, Defendant Wal-Mart Stores East, LP is liable to the Plaintiff, for the costs associated Plaintiff's medical treatment related to the injuries sustained.

21.

Further, as a result of Defendant Wal-Mart Stores East, LP's negligent conduct causing, without warning, the unsafe conditions described above, Plaintiff has suffered past, present and future pain and suffering, permanent injuries, as well as other losses.

22.

By virtue of Defendant Wal-Mart Stores East, LP's negligence, Defendant Wal-Mart Stores East, LP, is liable to the Plaintiff, for an amount to make Plaintiff whole for his, past, present and future pain and suffering which may well be permanent, as well as other losses.

23.

Plaintiff has suffered lost wages and other tangible losses due to the negligence of Defendant Wal-Mart Stores East, LP.

24.

By virtue of Defendant Wal-Mart Stores East, LP's negligence, Defendant Wal-Mart Stores East, LP is liable to the Plaintiff, for an amount to make Plaintiff whole for his lost wages and, possibly, other tangible losses.

25.

By virtue of the conduct of Defendant Wal-Mart Stores East, LP's negligence, in violation of

OCGA § 51-3-1, failure to maintain a safe premises for invitees, Defendant Wal-Mart Stores East, LP, was negligent *per se*. Defendant Wal-Mart Stores East, LP is liable to the Plaintiff for the costs associated Plaintiff's medical treatment related to the injuries sustained.

26.

Further, as a result of the negligence of Defendant Wal-Mart Stores East, LP, Plaintiff, has suffered past, present and future pain and suffering which may well be permanent, as well as other losses.

27.

By virtue of Defendant Wal-Mart Stores East, LP's negligence, they are liable to the Plaintiff, for an amount to make Plaintiff whole for, past, present and future pain and suffering which may well be permanent, as well as other losses.

28.

Plaintiff has suffered lost wages and, possibly, other tangible losses due to the Defendants negligent conduct.

29.

By virtue of Defendant Wal-Mart Stores East, LP's failure to maintain safe and secure premise for invitees, they are liable to the Plaintiff, for an amount to make Plaintiff whole for lost wages and, possibly, other tangible losses due to the Defendants negligence.

### COUNT III — LIABILITY OF DEFENDANT JOHN DOE NO. 1

30.

Plaintiff Paul Bogle realleges and reavers the allegations made in Paragraphs 1- 29 as if fully restated herein.

31.

Defendant John Doe No. 1 was employed by Defendant Wal-Mart Stores East, LP, at the time of the incident, October 29, 2021.

32.

Defendant John Doe No. 1 was in the scope and course of his/her/its employment with Defendant Wal-Mart Stores East, LP, as the manager on-sight at the time of the subject incident. At all times relevant, defendant owed a duty to the public and its patrons to exercise reasonable care and maintain safe conditions on its premises.  Defendant John Doe No. 1, knew, or in the exercise of reasonable care, should have known, of the hazardous condition or should have warned Plaintiff of the unsafe conditions.

33.

Defendant John Doe No. 1 was an agent for Defendant Wal-Mart Stores East, LP due to his/her on-sight management position with Defendant Wal-Mart Stores East, LP.

34.

Defendant Wal-Mart Stores East, LP is responsible for the actions of Defendant John Doe No. 1 due to the doctrine of *respondeat superior.*

35.

By virtue of the conduct of Defendant John Doe No. 1, in violation of OCGA § 51-3-1, failure to maintain a safe premises for invitees, Defendant John Doe No. 1 was negligent *per se.*  Both Defendant Wal-Mart Stores East, LP and John Doe No. 1 are liable to the Plaintiff for the costs associated Plaintiff's medical treatment related to the injuries sustained.

36.

Further, as a result of the negligence of Defendant John Doe No. 1, as well as the negligence of Defendant Wal-Mart Stores East, LP, Plaintiff, has suffered past, present and future pain and suffering which may well be permanent, as well as other losses.

37.

By virtue of Defendant John Doe No. 1's negligence as well as the negligence of Defendant Wal-Mart Stores East, LP, they are both liable to the Plaintiff, for an amount to make Plaintiff whole for, past,

present and future pain and suffering which may well be permanent, as well as other losses.

38.

Plaintiff has suffered lost wages and, possibly, other tangible losses due to the Defendants negligent conduct.

39.

By virtue of Defendant John Doe No. 1's failure to maintain safe and secure premise for invitees as well as the negligence of Defendant Wal-Mart Stores East, LP, they are both liable to the Plaintiff, for an amount to make Plaintiff whole for lost wages and, possibly, other tangible losses due to the Defendants negligence.

## **COUNT IV — LIABILITY OF DEFENDANT JOHN DOE NO. 2**

40.

Plaintiff Paul Bogle realleges and reavers the allegations made in Paragraphs 1- 39 as if fully restated herein.

41.

Defendant John Doe No. 2 was employed as a contractor or subcontractor by Defendant Wal-Mart Stores East, LP, at the time of the incident, October 29, 2021.

42.

Defendant John Doe No. 2 was in the scope and course of his/her/its employment with Defendant Wal-Mart Stores East, LP, as a contractor or subcontractor at the time of the subject incident. At all times relevant, defendant owed a duty to the public and its patrons to exercise reasonable care and maintain safe conditions on its premises.  Defendant John Doe No. 2, knew, or in the exercise of reasonable care, should have known, of the hazardous condition or should have warned Plaintiff of the unsafe conditions.

43.

Defendant John Doe No. 2 was an agent for Defendant Wal-Mart Stores East, LP due to his/her contract position with Defendant Wal-Mart Stores East, LP.

44.

Defendant Wal-Mart Stores East, LP is responsible for the actions of Defendant John Doe No. 2, due to the doctrine of *respondeat superior.*

45.

By virtue of the conduct of Defendant John Doe No. 2, in violation of OCGA § 51-3-1, failure to maintain a safe premises for invitees, Defendant John Doe No. 2 was negligent *per se.* Both Defendant Wal-Mart Stores East, LP and John Doe No. 2 are liable to the Plaintiff for the costs associated Plaintiff's medical treatment related to the injuries sustained.

46.

Further, as a result of the negligence of Defendant John Doe No. 2, as well as the negligence of Defendant Wal-Mart Stores East, LP, Plaintiff, has suffered past, present and future pain and suffering which may well be permanent, as well as other losses.

47.

By virtue of Defendant John Doe No. 2's negligence as well as the negligence of Defendant Wal-Mart Stores East, LP, they are both liable to the Plaintiff, for an amount to make Plaintiff whole for, past, present and future pain and suffering which may well be permanent, as well as other losses.

48.

Plaintiff has suffered lost wages and, possibly, other tangible losses due to the Defendants negligent conduct.

49.

By virtue of Defendant John Doe No. 2's failure to maintain safe and secure premise for invitees

as well as the negligence of Defendant Wal-Mart Stores East, LP, they are both liable to the Plaintiff, for an amount to make Plaintiff whole for lost wages and, possibly, other tangible losses due to the Defendants negligence.

50.

**WHEREFORE**, Plaintiff Paul Bogle prays that this Honorable Court issue a judgment against the Defendants and in favor of the Plaintiff for:

a. A summons and process be issued according to law against the Defendants.

b. Any and all past, present and future medical bills for Plaintiff's, medical bills incurred as a result of the incident described herein as determined from the enlightened conscious of the jury;

c. Any and all past, present and future physical, emotional, pain and suffering and any other damages to be decided by the enlightened conscience of the jury;

d. Any and all lost wages and other tangible losses incurred by the Plaintiff;

e. Any and all costs of this action;

f. Any other such relief as this Honorable Court deems fit.

This 7th day of August, 2023,

**KANNER & PINTALUGA**

*/s/ Robert L. Jenkins/s/*
Robert L. Jenkins, Esq.
Attorney for Plaintiff
Georgia State Bar No. 390910

201 Peachtree St. NW, Suite 200
Atlanta, GA 30303
770 755 9663
866 641 4690
rjenkins@kpattorney.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05602-S1**
**8/10/2023 11:35 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

| | | |
|---|---|---|
| **PAUL BOGLE** | Case No.: | **23-C-05602-S1** |
| Plaintiff/Petitioner | | |
| vs. | Hearing Date: | **10/09/2023** |
| **WAL-MART STORES EAST, LP** | AFFIDAVIT OF SERVICE OF | |
| Defendant/Respondent | **SUMMONS; COMPLAINT; PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES EAST, LP W/ RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY; PLAINTIFF'S NOTICE TO TAKE DEPOSITION OF DESIGNATED REPRESENTATIVE PURSUANT TO O.C.G.A § 9-11-30 (B)(6) W/ RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY** | |

Received by **Berhane Tassaw**, on the **9th day of August, 2023 at 9:02 AM** to be served upon **Wal-Mart c/o The Corporation Company, Registered Agent** at **106 Colony Park Drive Ste 800 B, Cumming, Forsyth County, GA 30040**.
On the **9th day of August, 2023 at 2:10 PM**, I, **Berhane Tassaw**, SERVED Wal-Mart c/o The Corporation Company, Registered Agent at **106 Colony Park Drive Ste 800 B, Cumming, Forsyth County, GA 30040** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **The Corporation Company, Registered Agent**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to The Corporation Company, Registered Agent with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired black male contact 25-35 years of age, 5'-5'4" tall and weighing 120-140 lbs.  Dayvon Jackson**

Service Fee Total: **$85.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| NAME: _____ | 22-C-07133-4 | 8/10/2023 |
| Berhane Tassaw | Server ID # | Date |

Notary Public: Subscribed and sworn before me on this _10th_ day of _August_ in the year of 20_23_
Personally known to me __✓__ or _____ identified by the following document: _____

_____
Notary Public (Legal Signature)

KIFLOM AWETAHENG
Notary Public, Georgia
Dekalb County
My Commission Expires
May 09, 2025

REF: **REF-13413136**

Page 1 of 1
Tracking #: **0111891281**





FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2022 DEC 12 PM 4:18

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

IN RE: Permanent Process Servers
Case Number: **22 C-07133-4**

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this __12th__ day of __December__, 20__22__.

_Ronda C. Leary_
Ronda Colvin Leary (Dec 12, 2022 12:31 EST)
Presiding Judge
Gwinnett County State Court

Applicant: BT Process Services
Name: Berhane Tassaw
Address: 4514 Chamblee Dunwoody Rd, Suite 231
Atlanta, GA 30338
404-455-1603

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05602-S1**

**8/7/2023 3:05 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| **PAUL BOGLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action File No.** |
| ) | |
| **WAL-MART STORES EAST, LP and** ) | **23-C-05602-S1** |
| **JOHN DOE No. 1 and JOHN DOE No. 2,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S NOTICE TO TAKE DEPOSITION OF DESIGNATED REPRESENTATIVE PURSUANT TO O.C.G.A § 9-11-30(b)(6)

**To:**   **Wal-Mart Stores East, LP**
**Registered Agent, The Corporation Company**
**106 Colony Park Drive Ste. 800-B**
**Cumming, GA, 30040**

You are hereby noticed that on **October 9, 2023 beginning at 10:30 a.m., via Zoom**, we will proceed to take the deposition of Defendant Wal-Mart Stores East, LP's designated representative pursuant to O.C.G.A. § 9-11-30(b)(6), upon oral examination for the purposes of discovery, cross-examination, preservation of evidence and use at trial, and any and all other purposes allowed under Georgia law, pursuant to O.C.G.A. § 9-11-26 and § 9-11-30. The deposition will be taken before an officer duly authorized to administer oaths. The oral examination will continue from day to day until its completion.

Under the provisions of O.C.G.A. § 9-11-30(b)(6), you are required to designate a representative who will testify on your behalf in regard to the following:

1. The incident which forms the subject matter of this lawsuit;

2. Any verbal or written instructions Wal-Mart Stores East, LP gave employees after it learned about Plaintiff's injury.

1. All maintenance and repairs made to the roof at the subject location, 4375 Lawrenceville Highway, Tucker, Georgia 30084;

3. Any verbal or written instructions Wal-Mart Stores East, LP gave employees concerning slip and fall incidents.

4. Identify the person responsible for store maintenance on the date of the incident in question, October 29, 2021;

5. Any verbal or written instructions Wal-Mart Stores East, LP gave employees concerning wet floor, rainy day or hazardous areas in the store;

6. Identify the contractor or sub-contractor who performed any roof maintenance or repairs at the subject location;

7. All efforts to ensure compliance with state law concerning the safety of customers and the store policy;

8. Identify all employees and management scheduled to work on the date of the incident in question, October 29, 2021.

9. Identify any and all employees, contractors or any other such person who has knowledge of the video system used by Defendants on the date of the incident, October 29th, 2021. Such information should include:

    a. who has custody of the videos, an explanation of how the system operates,

    b. the retention policy of the person or entity that has control of the video,

    c. and the video itself of the incident that occurred on October 29, 2021.

In addition, pursuant to O.C.G.A. §§ 24-13-23 and 24-13-27, your designated representative shall PRODUCE BEFORE OR AT THE DEPOSITION the below documents, records, and tangible things specified herein.

1. The staff schedule, for employees and management, on the date of the incident in question;

2. The store video, for the date of the incident, October 29, 2021, that shows the entrance door where Plaintiff fell;

3. All daily store maintenance logs and repair records for the date of the incident in question;

4. All maintenance and repair records for the roof located at 4375 Lawrenceville Highway, Tucker, Georgia 30084.

5. All written and/or video training instructions and policies concerning store maintenance procedures regarding wet floor, rainy day or hazardous area warnings.

6. Any and all digital, electronic or video recordings of anyone who fell within 30 feet of the location where the Plaintiff, Paul Bogle fell on October 29th, 2021.  Such video should include, but shall not be limited to, the fall of Paul Bogle

7. Any and all notes, incident reports or message correspondence regarding the incident subject to this litigation and injuries;

This 7th day of August, 2023,

                 **KANNER & PINTALUGA**

                 */s/ Robert L. Jenkins/s/*
                 Robert L. Jenkins, Esq.
                 Attorney for Plaintiff
                 Georgia State Bar No. 390910

201 Peachtree St. NW, Suite 200
Atlanta, GA 30303
770 755 9663
866 641 4690
rjenkins@kpattorney.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of the within and foregoing by addressing same to:

**Wal-Mart Stores East, LP**
**Registered Agent, The Corporation Company**
**106 Colony Park Drive Ste. 800-B**
**Cumming, GA, 30040**

This 7th  day of August, 2023,

                                                            **KANNER & PINTALUGA**

                                                            */s/ Robert L. Jenkins/s/*
                                                            Robert L. Jenkins, Esq.
                                                            Attorney for Plaintiff
                                                            Georgia State Bar No. 390910

201 Peachtree St. NW, Suite 200
Atlanta, GA 30303
770 755 9663
866 641 4690
rjenkins@kpattorney.com

Case 1:23-mi-99999-UNA   Document 2904-5   Filed 09/08/23   Page 18 of 19

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05602-S1**
**8/7/2023 3:05 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| **PAUL BOGLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action File No. |
| ) | 23-C-05602-S1 |
| **WAL-MART STORES EAST, LP** and ) | |
| **JOHN DOE No. 1** and **JOHN DOE No. 2,** ) | |
| ) | |
| **Defendants.** ) | |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

**COMES NOW,** Paul Bogle, Plaintiff, and pursuant to Rule 5.2 of the Uniform State Court Rules, hereby certifies that the following:

1. **Plaintiff's Notice to Take Deposition of Designated Representative Pursuant to O.C.G.A § 9-11-30(b)(6).**

was served by United States mail with sufficient postage attached thereon to ensure delivery, and via electronic mail to the following:

**Wal-Mart Stores East, LP**
**Registered Agent, The Corporation Company**
**106 Colony Park Drive Ste. 800-B**
**Cumming, GA, 30040**

This 7th day of August, 2023,

                                                **KANNER & PINTALUGA**

                                                */s/ Robert L. Jenkins/s/*
                                                Robert L. Jenkins, Esq.
                                                Attorney for Plaintiff
                                                Georgia State Bar No. 390910

201 Peachtree St. NW, Suite 200
Atlanta, GA 30303
770 755 9663
866 641 4690
rjenkins@kpattorney.com

Case 1:23-mi-99999-UNA   Document 2904-5   Filed 09/08/23   Page 19 of 19

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05602-S1**
**8/7/2023 3:05 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **PAUL BOGLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action File No. |
| | ) | |
| **WAL-MART STORES EAST, LP** and | ) | 23-C-05602-S1 |
| **JOHN DOE No. 1 and JOHN DOE No. 2,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

**COMES NOW,** Paul Bogle, Plaintiff, and pursuant to Rule 5.2 of the Uniform State Court Rules, hereby certifies that the following documents have been served:

1. **Plaintiff's First Interrogatories and Request for Production of Documents to Defendant Wal-Mart Stores East, LP.**

by United States mail with sufficient postage attached thereon to ensure delivery, and by e-mail, addressed as follows;

**Wal-Mart Stores East, LP**
**Registered Agent, The Corporation Company**
**106 Colony Park Drive Ste. 800-B**
**Cumming, GA, 30040**

This 7th day of August, 2023,

**KANNER & PINTALUGA**
*/s/ Robert L. Jenkins/s/*
Robert L. Jenkins, Esq.
Attorney for Plaintiffs
Georgia State Bar No. 390910

201 Peachtree St. NW, Suite 200
Atlanta, GA 30303
770 755 9663
866 641 4690
rjenkins@kpattorney.com