E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-05709-S1**
8/10/2023 3:37 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Catice Mosley**

_____

_____

_____

CIVIL ACTION
NUMBER:_____      23-C-05709-S1

PLAINTIFF

VS.

**Merchants Distributors, LLC**

**Dustin Lane Kirby and**

**Aon Risk Service South, Inc.**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Reginald A. Greene, Esq.
Greene Legal Group LLC
600 W. Peachtree St., NW, Ste. 605
Atlanta, GA 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

10th day of August, 2023

Tiana P. Garner
Clerk of State Court

By _____

Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05709-S1**

**8/10/2023 3:37 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CATICE MOSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 23-C-05709-S1 |
| v. | ) | |
| | ) | |
| MERCHANTS DISTRIBUTORS, | ) | JURY TRIAL DEMAND |
| LLC, DUSTIN LANE KIRBY, | ) | |
| and AON RISK SERVICES SOUTH, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Catice Mosley ("Plaintiff"), by and through her undersigned counsel, and files this Complaint for Damages ("Complaint") against Defendants Merchants Distributors, LLC ("Defendant Distributors"), Dustin Lane Kirby ("Defendant Kirby"), and Aon Risk Services South, Inc. ("Defendant Aon")(collectively, "Defendants"). Plaintiff shows this Honorable Court the following:

1.

This action arises from a motor vehicle accident that occurred on August 16, 2021, in which Plaintiff sustained personal injuries when Defendant Kirby was driving a Merchants Distributors, LLC, tractor-trailer in the scope of his employment and/or agency for Defendant Distributors and caused a collision with Plaintiff's vehicle (the "Incident").

## PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff is a resident of the state of Georgia, residing in Gwinnett County, Georgia and willfully avails herself of the jurisdiction and venue of this Honorable Court.

3.

Defendant Kirby is a resident of the State of North Carolina, residing in Caldwell County, and may be personally served with a copy of this Complaint and the Summons at 2469 Annas Drive, Granite Falls, North Carolina 28630-9448.

4.

Defendant Distributors is a foreign corporation, with its principal office at 5001 Alex Lee Blvd, Hickory, North Carolina 28601. Its registered agent, U.S. Corporation Co. is located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5.

Defendant Distributors may be served with a copy of this Complaint and the Summons upon its registered agent, U.S. Corporation Co., at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

6.

Defendant Aon is a foreign insurance company, with its principal office at 200 East Randolph Street, Chicago, Illinois, 60601. Its registered agent, Corporation Service Company, is located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7.

Defendant Aon may be personally served with a copy of the Complaint and the Summons upon its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092

8.

Jurisdiction and venue are proper in this Court.

## FACTUAL NARRATIVE

9.

At all times relevant to this Complaint, Defendant Kirby is, was, or appeared to be an employee, agent, and/or representative of Defendant Distributors, acting within the course and

2

scope of his employment and/or agency.

10.

On August 16, 2021, at approximately 6:10 a.m., Defendant Kirby was on the job for Defendant Distributors.

11.

Defendant Kirby was driving a 2016 Freight (the "Tractor Trailer") in a southbound direction on I-85 south near the collector-distributor to I-285 in DeKalb County, Georgia.

12.

At all times relevant to this Complaint, Defendant Aon insured the Tractor Trailer Defendant Kirby was operating.

13.

On the same date and at the time and location, Plaintiff was driving a 2016 Nissan Altima in an eastbound direction when Defendants' Tractor Trailer struck the left rear side of Plaintiff's vehicle while changing lanes to exit onto I-285.

14.

Defendant Kirby was cited for changing lanes before such movement could be made with reasonable safety in violation of O.C.G.A. § 40-6-123(a).

15.

As a result of the Incident, Plaintiff sustained bodily injuries, including pain and suffering, and loss of enjoyment of life.

## COUNT I
### (Negligence - Defendants)

16.

Plaintiff repeats and re-alleges each relevant allegation set forth in paragraphs 1 through 15 of this Complaint as if fully set forth herein verbatim.

3

17.

Defendant Kirby owed Plaintiff a duty of care to operate the Tractor Trailer in a safe manner and in accordance with applicable laws, just as a reasonably prudent and careful person would have done under similar circumstances.

18.

Defendant Kirby breached this duty of care by, among other things, recklessly and/or negligently:

(a) changing lanes before such movement can be made with reasonable safety;

(b) failing to maintain control of the Tractor Trailer;

(c) failing to maintain lane;

(d) failing to otherwise exercise ordinary care while operating the Tractor Trailer; and

(e) failing to otherwise avoid a collision with Plaintiff.

19.

As a direct and proximate result of the negligence and/or recklessness of Defendant Kirby, Plaintiff has suffered personal injuries, including pain and suffering, and loss of enjoyment of life.

20.

The sole and proximate cause of Plaintiff's injuries, losses, and damages was Defendants' negligence and/or recklessness.

21.

At all times relevant to this Complaint, Plaintiff was in no way partially or wholly responsible for her injuries, and no conduct on his part directly or proximately caused or contributed in any way to any of her injuries, losses, or damages.

4

## COUNT II
### (Negligence *Per Se* - O.C.G.A. § 40-6-123 – Defendant Kirby)

22.

Plaintiff repeats and re-alleges each relevant allegation set forth in paragraphs 1 through 21 as if fully set forth herein verbatim.

23.

Defendant Kirby was under a duty to follow the Georgia Rules of the Road.

24.

Defendant Kirby breached this duty when he changed lanes before such movement could be made with reasonable safety in violation of O.C.G.A § 40-6-123.

25.

At all times relevant to this Complaint, Plaintiff was within the class of persons whom O.C.G.A. § 40-6-123 is intended to protect.

26.

Defendant Kirby's failure to comply with O.C.G.A. § 40-6-123 created the type of collision against which the statute was designed to protect.

27.

Defendant Kirby's failure to comply with O.C.G.A. § 40-6-123 directly and proximately caused Plaintiff's injuries and damages and thus constitutes negligence *per se*.

## COUNT III
### (Respondent Superior – Defendant Distributors)

28.

Plaintiff repeats and re-alleges each and every relevant allegation set forth in paragraphs 1 through 27 of this Complaint as if fully set forth herein verbatim.

5

29.

At all times relevant to this Complaint, Defendant Kirby is, was, or appeared to be an employee, agent, and/or representative of Defendant Distributors.

30.

At all times relevant to this Complaint, Defendant Kirby was acting within the course and scope of his employment and/or agency.

31.

Defendant Distributors is vicariously liable to Plaintiff for the negligence and/or recklessness of Defendant Kirby as alleged herein.

## COUNT III
**(Negligent Hiring and Retention – Defendant Distributors)**

32.

Plaintiff repeats and re-alleges each and every relevant allegation set forth in paragraphs 1 through 31 of this Complaint as if fully set forth herein verbatim.

33.

Defendant Distributors did not exercise ordinary prudence in hiring and/or retaining Defendant Kirby.

34.

Defendant Distributors was negligent in hiring and/or retaining Defendant Kirby and, as a result, created a risk of danger to the public, including Plaintiff, and the risk of danger was reasonably foreseeable.

35.

Plaintiff had no reason to know of the risk of danger created by Defendant Distributors' negligent hiring and/or retention of Defendant Kirby and, Plaintiff had no time to discover the

risk of danger created by Defendant Distributors.

36.

Defendant Distributors' negligence was the sole and proximate cause of Plaintiff's injuries.

37.

Defendant Distributors is liable to Plaintiff for the negligent hiring and retention of Defendant Kirby.

## COUNT IV
### (Direct Action – Defendant Aon)

38.

Plaintiff repeats and re-alleges each and every relevant allegation set forth in paragraphs 1 through 37 of this Complaint as if fully set forth herein verbatim.

39.

Defendant Aon is subject to a direct action as the insurer for Defendant Distributors and the Tractor Trailer pursuant to O.C.G.A. §§ 40-2-140(d)(4) and/or 40-1-112(c) as the case may be.

40.

Defendant Aon was the insurer of Defendant Distributors at the time of the subject incident and issued a liability policy to Defendant Distributors.

41.

Defendant Aon is responsible for any judgment rendered against Defendants Kirby and Distributors.

## GENERAL AND SPECIAL DAMAGES

### 42.

Plaintiffs repeat and re-allege each and every relevant allegation set forth in paragraphs 1 through 41 of this Complaint as if fully set forth herein verbatim.

### 43.

As a direct and proximate result of Defendant Kirby's negligence and/or recklessness, Plaintiff has incurred special damages including, but not limited to, the following:

| | | |
|---|---|---|
| Northside Hospital | 08/16/2021 | $ 3,787.50 |
| Northside Emergency Associates | 08/16/2021 | TBA |
| Emory Saint Joseph's Hospital | 08/21/2021 | $ 6,888.00 |
| Emory Physicians Group | 08/21/2021 | $ 793.00 |
| Peachtree Orthopedic Clinic | 08/20/2021 – 03/23/2022 | $ 11,066.96 |
| Peachtree Orthopaedic Surgery | 10/07/2021 | $ 2,000.00 |
| North Georgia Urgent Care | 08/18/2021 | $ 155.00 |
| Eastside Urgent Care | 02/16/2022 | $ 300.00 |
| Piedmont Eastside Medical Center | 03/07/2022 | TBA |
| Envision Emergency Physicians | 03/07/2022 | $ 1,096.00 |
| Georgia Neurodiagnostic & Treatment | TBA | TBA |
| Summit Spine & Joint Centers | 07/15/2022 – 05/03/2023 | $ 76,150.40 |
| | SPECIALS TO DATE | $102,236.86 |

### 44.

As a result of Defendants' conduct, Plaintiff suffered general damages in an amount to be proven at trial.

### 45.

The sole proximate cause of Plaintiffs' injuries, losses, and damages was the negligence and Negligence *per se* of Defendants.

### 46.

Plaintiff did not have the injuries described in this Complaint before the Incident.

### 47.

Plaintiff's medical treatment was reasonable, necessary and consistent with the injuries

8

she sustained and suffered as a direct and proximate result of the Incident.

48.

At all times relevant to this Complaint, Plaintiff was in no way negligent or reckless, and no conduct on her part directly or proximately caused or contributed in any way to any of her injuries, losses, or damages.

49.

Prior to the Incident, Plaintiff did not have the complaints or symptoms that she had after the Incident.

### PLAINTIFF'S PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays to this Honorable Court for the following relief:

(a)   That summons be issued, and service be had upon Defendants;

(b)   That this matter be tried before an impartial jury of twelve (12) persons;

(c)   That judgment be entered against the Defendants and in favor of Plaintiff for special damages complained herein and general damages to be determined at trial by an impartial jury;

(d)   That Plaintiff be awarded the court costs and expenses of litigating this action; and,

(e)   That Plaintiff receives such other relief as this Honorable Court deems just and proper.

[SIGNATURE ON THE FOLLOWING PAGE]

Respectfully submitted, this 10th day of August, 2023.

**GREENE LEGAL GROUP LLC**

By: */s/ Reginald A. Greene*
Reginald A. Greene, Esq.
Georgia Bar No. 308674
Jasmine M. Williams, Esq.
Georgia Bar No. 117912
*Attorneys for Plaintiff*

One Georgia Center, Suite 605
600 West Peachtree Street
Atlanta, Georgia 30308
(404) 574-4308
Facsimile: (404) 574-4312
rgreene@greenelegalgroup.com
jcobbs@greenelegalgroup.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05709-S1**
**8/14/2023 2:03 PM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

**State of Georgia**                 **County of Gwinnett**                 **State Court**

Case Number: 23-C-05709-S1

Plaintiff: **Catice Mosley**
vs.
Defendant: **Merchants Distributors LLC, et al**

For:
Reginald Greene
Greene Legal Group LLC

Received by Ancillary Legal Corporation on the 10th day of August, 2023 at 4:42 pm to be served on **Merchants Distributors LLC c/o Corporation Service Company, 2 Sun Ct, Ste 400, Peachtree Corners, GA 30092.**

I, Christopher Todd Horton, being duly sworn, depose and say that on the **11th day of August, 2023** at **12:55 pm, I:**

served **Merchants Distributors LLC c/o Corporation Service Company** by delivering a true copy of the **Summons, Complaint for Damages** to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Alisha Smith as **Authorized to Accept** at the address of: **2 Sun Court, Suite 400, Peachtree Corners, GA 30092.**

**Additional Information pertaining to this Service:**
8/11/2023  12:55 pm  Perfected corporate service at 2 Sun Court Suite 400, Peachtree Corners, GA 30092, by serving Alisha Smith, CSC Coordinator.

Black female,
black hair,
40-45 years old ,
5'8", 150 lbs,
no glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

**Christopher Todd Horton**
Process Server

Subscribed and Sworn to before me on the 14th day of August , 2023 by the affiant who is personally known to me.

_Alejandro Gutierrez_
NOTARY PUBLIC

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2023008872
Ref: Mosley

*Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n*

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05709-S1**

**8/14/2023 2:03 PM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

State of Georgia                 County of Gwinnett                 State Court

Case Number: 23-C-05709-S1

Plaintiff: **Catice Mosley**
vs.
Defendant: **Merchants Distributors LLC, et al**

For:
Reginald Greene
Greene Legal Group LLC

Received by Ancillary Legal Corporation on the 10th day of August, 2023 at 4:42 pm to be served on **Aon Risk Services South Inc c/o Corporation Service Company, 2 Sun Ct, Ste 400, Peachtree Corners, GA 30092**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **11th day of August, 2023** at **12:55 pm, I:**

served **Aon Risk Services South Inc c/o Corporation Service Company** by delivering a true copy of the **Summons, Complaint for Damages** to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Alisha Smith as **Authorized to Accept** at the address of: **2 Sun Court, Suite 400, Peachtree Corners, GA 30092**.

**Additional Information pertaining to this Service:**
8/11/2023  12:55 pm  Perfected corporate service at 2 Sun Court Suite 400, Peachtree Corners, GA 30092, by serving Alisha Smith, CSC Coordinator.

Black female,
black hair,
40-45 years old ,
5'8", 150 lbs,
no glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of  the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the 14th
day of August , 2023  by the affiant
who is personally known to me.

_Alejandro Gutierrez_
NOTARY PUBLIC

**Christopher Todd Horton**
Process Server

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2023008873
Ref: Mosley

ALEJANDRO GUTIERREZ
MY COMM. EXP.
NOTARY
PUBLIC
04/13/2027
COBB COUNTY, GEORGIA

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V6.2n

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05709-S1**
**8/16/2023 1:32 PM**
TIANA P. GARNER, CLERK

## AFFIDAVIT OF SERVICE

State of Georgia          County of Gwinnett          **State Court**

Case Number: 23-C-05709-S1

Plaintiff: **Catice Mosley**
vs.
Defendant: **Merchants Distributors LLC, et al**

For: Reginald Greene
      Greene Legal Group LLC

Received by Ancillary Legal Corporation on the 10th day of August, 2023 at 4:42 pm to be served on **Dustin Lane Kirby, 2469 Annas Dr, Granite Falls, NC 28630**. I, _____Cliff Green_____, being duly sworn, depose and say that on the _14_ day of _August_, 2023 at _7:30_ p.m., executed service by delivering a true copy of the **Summons, Complaint for Damages** in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as _____, a person of suitable age and discretion residing therein.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age _35_ SEX (M) F Race __W__ Height _5'10"_ Weight _170_ Hair _Brown_ Glasses Y (N)
COMMENTS: _Long goatee. Many tattoos._

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_Cliff Green_

Subscribed and Sworn to before me on the _15_ day of _August_, _2023_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _N.C. Process Server_
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2023008877
Ref: Mosley

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05709-S1**

**9/8/2023 2:23 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CATICE MOSLEY, | **)** | |
| | **)** | |
| Plaintiff, | **)** | CIVIL ACTION FILE |
| | **)** | NO. 23-C-05709-S1 |
| v. | **)** | |
| | **)** | |
| MERCHANTS DISTRIBUTORS, | **)** | |
| LLC; DUSTIN LANE KIRBY; and | **)** | |
| AON RISK SERVICES SOUTH, | **)** | |
| INC., | **)** | |
| | **)** | |
| Defendants. | **)** | |

### ANSWER AND DEFENSES OF DEFENDANTS MERCHANTS DISTRIBUTORS, LLC AND DUSTIN LANE KIRBY TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW defendants Merchants Distributors, LLC ("Merchants") and Dustin Lane Kirby ("these defendants") and answer plaintiff's complaint for damages as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against these defendants upon which relief can be granted.

### SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint, these defendants answer as follows:

1.

Responding to the allegations in this paragraph of the complaint, these defendants admit plaintiff and Mr. Kirby were involved in a motor vehicle accident and Mr. Kirby was acting in the course and scope of his employment with Merchants at the time of the subject accident.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

## PARTIES, JURISDICTION, AND VENUE

2.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

3.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Kirby resides at the stated address and may be served according to law.  Except as expressly admitted, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

4.

Responding to the allegations in this paragraph of the complaint, Merchants admits it its principal office is located at the stated address and its registered agent

is as stated.  Except as expressly admitted, Merchants denies the allegations in this paragraph of the complaint.

5.

Responding to the allegations in this paragraph of the complaint, these defendants admit Merchants may be served according to law.  Except as expressly admitted, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

6.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

7.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

8.

These defendants deny the allegations in this paragraph of the complaint directed at them; otherwise, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## FACTUAL NARRATIVE

9.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Kirby was acting in the course and scope of his employment with Merchants at the time of the subject accident.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

10.

These defendants admit the allegations in this paragraph of the complaint.

11.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Kirby driving a tractor-trailer on I-85 South at the time of the subject accident; otherwise, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

12.

These defendants deny the allegations in this paragraph of the complaint.

13.

Responding to the allegations in this paragraph of the complaint, these defendants admit plaintiff and Mr. Kirby were involved in a motor vehicle accident;

otherwise, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

14.

The allegations in this paragraph of the complaint are irrelevant, immaterial, and inadmissible; and these defendants will file a motion to strike.  To the extent a response is required, these defendants admit Mr. Kirby received a citation.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

15.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT I

**(Negligence – Defendants)**

16.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if fully set forth herein.

17.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Kirby had a duty to follow applicable law; otherwise, these

defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

18.

These defendants deny the allegations in this paragraph of the complaint, including those set forth in subparagraphs (a) through (e).

19.

These defendants deny the allegations in this paragraph of the complaint.

20.

These defendants deny the allegations in this paragraph of the complaint.

21.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT II

### (Negligence *Per Se* – O.C.G.A. § 40-6-123 – Defendant Kirby)

22.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if fully set forth herein.

23.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Kirby had a duty to follow applicable law; otherwise, these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

24.

These defendants deny the allegations in this paragraph of the complaint.

25.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

26.

These defendants deny the allegations in this paragraph of the complaint.

27.

These defendants deny the allegations in this paragraph of the complaint.

## **COUNT III**

**(Respondeat Superior – Defendant Distributors)**

28.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if fully set forth herein.

29.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Kirby was acting in the course and scope of his employment with Merchants at the time of the subject accident.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

30.

Responding to the allegations in this paragraph of the complaint, these defendants admit Mr. Kirby was acting in the course and scope of his employment with Merchants at the time of the subject accident.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

31.

Responding to the allegations in this paragraph of the complaint, these defendants admit the *respondeat superior* doctrine applies to plaintiff's allegations of negligence against Mr. Kirby.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

## <u>COUNT III</u>

**(Negligent Hiring and Retention – Defendant Distributors)**

32.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if fully set forth herein.

33.

These defendants deny the allegations in this paragraph of the complaint.

34.

These defendants deny the allegations in this paragraph of the complaint.

35.

These defendants deny the allegations in this paragraph of the complaint.

36.

These defendants deny the allegations in this paragraph of the complaint.

37.

These defendants deny the allegations in this paragraph of the complaint.

## <u>COUNT IV</u>

**(Direct Action – Defendant Aon)**

38.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if fully set forth herein.

39.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

40.

These defendants deny the allegations in this paragraph of the complaint.

41.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## <u>GENERAL AND SPECIAL DAMAGES</u>

42.

These defendants incorporate their responses to the foregoing paragraphs of the complaint as if fully set forth herein.

43.

These defendants deny the allegations in this paragraph of the complaint.

44.

These defendants deny the allegations in this paragraph of the complaint.

45.

These defendants deny the allegations in this paragraph of the complaint.

46.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

47.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

48.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

49.

These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

50.

Responding to the allegations in the unnumbered paragraph of the complaint which appears under the heading "PLAINTIFF'S PRAYER FOR RELIEF,",

including subparagraphs (a) through (e), these defendants deny plaintiff is entitled to any relief from them under any theory, at law or in equity.

51.

Except as expressly admitted or otherwise responded to, these defendants deny all allegations in the complaint.

## THIRD DEFENSE

This Court lacks personal jurisdiction over these defendants.

## FOURTH DEFENSE

Venue is improper as to these defendants; therefore, this Court lacks personal jurisdiction over these defendants.

## FIFTH DEFENSE

These defendants did not breach any duty owed to plaintiff.

## SIXTH DEFENSE

No act or omission of these defendants proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against these defendants.

## SEVENTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and

no alleged act by these defendants caused or contributed to the incident described in the complaint.

## EIGHTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, these defendants assert the affirmative defenses of accord and satisfaction, arbitration and award, assumption of the risk, contributory/comparative negligence, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, failure of plaintiff to avoid consequences, failure of plaintiff to mitigate damages, discharge in bankruptcy, estoppel, last clear chance, and waiver.

## NINTH DEFENSE

These defendants reserve the right to plead additional defenses as become known to them through investigation and discovery.

WHEREFORE, having fully listed its defenses and having fully answered the complaint, these defendants pray as follows:

(a)     That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just

and proper.

STONE KALFUS LLP

*/s/ Aleksandra Mitchell*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Aleksandra Mitchell
Georgia Bar No. 136019
Attorneys for Defendants
Merchants Distributors, LLC; and
Dustin Lane Kirby

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)
matt.stone@stonekalfus.com
shawn.kalfus@stonekalfus.com
alex.mitchell@stonekalfus.com

**THESE DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE**

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served the foregoing *Defendants' Answer and Defenses to Plaintiff's Complaint* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

>Reginald A. Greene, Esq.
>Jasmine M. Williams, Esq.
>Greene Legal Group LLC
>One Georgia Center, Suite 605
>600 West Peachtree Street
>Atlanta, GA 30308

This 8ᵗʰ day of September, 2023.

>/s/ Aleksandra Mitchell
>Aleksandra Mitchell
>Georgia Bar No. 136019

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05709-S1**

**9/8/2023 2:23 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CATICE MOSLEY, | ) |
| | ) |
|     Plaintiff, | )    CIVIL ACTION FILE |
| | )    NO. 23-C-05709-S1 |
| v. | ) |
| | ) |
| MERCHANTS DISTRIBUTORS, | ) |
| LLC; DUSTIN LANE KIRBY; and | ) |
| AON RISK SERVICES SOUTH, | ) |
| INC., | ) |
| | ) |
|     Defendants. | ) |

## <u>DEMAND FOR JURY OF TWELVE</u>

COME NOW defendants Merchants Distributors, LLC and Dustin Lane Kirby ("these defendants" and, pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123, demand that this action be tried by a jury of twelve. In support of this demand, these defendants show they reasonably believe plaintiff's claim for damages is greater than $25,000 and this demand is made before the commencement of the trial term in which this case is to be tried.

STONE KALFUS LLP

*/s/ Aleksandra Mitchell*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Aleksandra Mitchell

Georgia Bar No. 136019
Attorneys for Defendants
Merchants Distributors, LLC; and
Dustin Lane Kirby

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)
matt.stone@stonekalfus.com
shawn.kalfus@stonekalfus.com
alex.mitchell@stonekalfus.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Demand for Jury of Twelve* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Reginald A. Greene, Esq.
> Jasmine M. Williams, Esq.
> Greene Legal Group LLC
> One Georgia Center, Suite 605
> 600 West Peachtree Street
> Atlanta, GA 30308

This 8th day of September, 2023.

> */s/ Aleksandra Mitchell*
> Aleksandra Mitchell
> Georgia Bar No. 136019

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)