## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **RACHAEL O. LUCKY, DIVINE N. LUCKY, FAVOUR C. LUCKY, & ISIOMA L. LUCKY,** | ) ) ) ) | |
| | ) | Civil Action |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | CASE NO.: _____ |
| **UR MENDOZA JADDOU,** Director of U.S. Citizenship and Immigration Services**,** and **MICAH R. BROWN,** Director of Atlanta Field Office of U.S. Citizenship and Immigration Services, | ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT
## UNDER THE ADMINISTRATIVE PROCEDURE ACT

### To the Honorable Judges of this Court:

COME NOW, **Rachael O. Lucky**, **Divine N. Lucky**, **Favour C. Lucky**, and **Isioma L. Lucky**, Plaintiffs in the above-styled and numbered cause, by and through the undersigned attorney of record, and for cause of action would show unto the Court the following:

-1-

1. This is an action for mandamus, brought against the Defendants to compel action on an immigrant visa petition and adjustment of status application filed by Plaintiff and her spouse. The petition and application were presented to and remain within the jurisdiction of the Defendants, who have improperly withheld action on said petition and application to Plaintiffs' detriment.

2. The claims for mandamus and injunctive relief seek an order from the Court compelling Defendants to perform a duty that Defendants owe to Plaintiffs; namely, to cause Defendants to adjudicate and process Plaintiffs' petition and application. The claim for declaratory relief seeks a judicial declaration that Defendants are required under law to complete the adjudication process for Plaintiffs.

## PARTIES

3. Plaintiff Rachael O. Lucky (hereinafter "Plaintiff Beneficiary") is a native and citizen of Nigeria. On October 5, 2020, her husband, Desmond D. Morgan, filed a Form I-130, Petition for Alien Relative, on her behalf and she concurrently filed her own Form I-485, Application to Register Permanent Residence or Adjust Status. *See* **Exhibit A** (Copies of Official I-130 Receipts); *see also* **Exhibit B** (Copies of Official I-485 Receipts). On April 3, 2021,

Desmond D. Morgan died at 33 years of age. *See* **Exhibit C** (Copy of Death Certificate).

4.  Plaintiffs Divine N. Lucky, Favour C. Lucky, and Isioma L. Lucky, biological daughters of Plaintiff Beneficiary and stepchildren of deceased Petitioner, Desmond D. Morgan. They are natives and citizens of Nigeria. On October 5, 2020, their stepfather, Desmond D. Morgan, filed individual Forms I-130, Petitions for Alien Relative, on their behalf. *See* **Exhibit A**. They concurrently filed their own Form I-485, Application to Register Permanent Residence or Adjust Status. *See* **Exhibit B**.

5.  Defendant Ur Mendoza Jaddou is the Director of the U.S. Citizenship and Immigration Services (hereinafter "USCIS") a branch of the Department of Homeland Security. The USCIS is charged with all adjudication duties pertaining to immigration applications. Defendant is the official of the USCIS generally charged with administrative and supervisory authority over all operations of the USCIS.

6.  Defendant Micah R. Brown is the Director of the Atlanta Field Office for USCIS. Defendant Brown is sued in his official capacity and is the official of USCIS generally charged with supervisory authority over all operations of USCIS within his District with certain specific exceptions not relevant here. 8

C.F.R. § 103.1(g)(2)(ii)(B). Specifically, Defendant is responsible for the adjudication of Petitions for Alien Relative and Applications to Register Permanent Residence or Adjust Status in his service area. As will be shown, Defendant is the official with whom Plaintiffs' applications were properly filed.

## JURISDICTION

7.   Jurisdiction, in this case, is proper under 28 U.S.C. §§ 1331 and 1361, 5 USC § 701 *et seq*.; and 28 U.S.C. § 2201 *et seq*. Relief is requested according to said statutes.

## VENUE

8.   Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), that this is an action against officers and agencies of the United States in their official capacities brought in the district where a Plaintiff in the action reside, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

9.   Plaintiffs in the instant case have exhausted their administrative remedies. No other remedy is adequate in this case because the Defendants failed to properly adjudicate Plaintiffs' Petitions for Alien Relative and Applications for Adjustment of Status. Immediate action, such as that offered by a mandamus action under the APA, is the only relief available.

## FACTUAL BACKGROUND

10. Plaintiff Beneficiary, a citizen of Nigeria, married her husband, Desmond D. Morgan, on February 6, 2020. *See* **Exhibit D** (Copy of Official Marriage Certificate and License).

11. On or about October 5, 2020, Plaintiff Beneficiary's United-States-citizen husband filed four (4) Forms I-130, Petitions for Alien Relative with Defendants, on behalf of Plaintiff Beneficiary and their three children. *See* **Exhibit A** (Copies of I-130 Receipt Notices).

12. Unfortunately, on April 3, 2021, Plaintiff Beneficiary's Petitioner husband, Desmond D. Morgan, died as consequence of cardiac arrest. *See* **Exhibit C** (Copy of Official Death Certificate).

13. On December 22, 2021, Plaintiff Beneficiary received correspondence from Defendants, addressed to her deceased husband, notifying her of the Service's intent to deny her I-130 Petition. *See* **Exhibit E** (I-130 NOID dated December 22, 2021). The Service's NOID gave Plaintiff Beneficiary's deceased husband thirty-three (33) days to respond.  However, Plaintiff Beneficiary's February 22, 2022, response remained within the time allowed by the Service's COVID-19 protocols (allowing additional time to respond during the pandemic). *See* **Exhibit F** (Copy of Plaintiff Beneficiary's Response to the Service's NOID).

-5-

14. On February 21, 2023, Plaintiffs filed Forms I-131, Applications for Travel Document with Defendants. *See* **Exhibit G** (Copies of Original I-131 Denial Notices).

15. On June 13, 2023, Plaintiffs received Denial Notices for their I-131, Applications for Travel Document. *See* **Exhibit G**. The Service stated its denial of Plaintiffs' applications was the result of their lack of pending I-485 Applications for Adjustment of Status, which the Service states were denied on December 2, 2022. *See id.*; *but see* **Exhibit H** (USCIS online Case Status Results for Forms I-130 and I-485). However, Plaintiffs received no correspondence from the Service regarding a decision on their I-485 applications. Indeed, upon query of Plaintiffs' I-485 case status via the Service's online case status inquiry portal, Plaintiffs' petitions and applications remain pending. *See* **Exhibit H**.

## LEGAL BACKGROUND

### *The Legal Framework of Petition filed under INA 201(b)*

16. The Immigration and Nationality Act (hereinafter "INA") allows citizens, via Form I-130, to petition for immediate relative status on behalf of their alien spouses so that the alien spouses may immigrate to the United States. *See* 8 U.S.C. § 1154(a)(1)(A)(i).

17. The person seeking an immigration benefit has the burden of establishing that they are eligible for it. *See Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). "Except where a different standard is specified by law, a petitioner or applicant in administrative immigration proceedings must prove by a preponderance of evidence the he or she is eligible for the benefit sought." *See Matter of Chawathe*, 25 I & N Dec. 369, at 375 (AAO 2010).

18. In evaluating the *bona fide* nature of a marriage, evidence to be considered may take many forms, including, but not limited to inclusion of the beneficiary as petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts, and testimony concerning courtship, the wedding ceremony, shared residence, and experiences. *See Matter of Laureano*, 19 I&N Dec. 1 (BIA 1983). This has long been the standard by which USCIS evaluates the *bona fide* nature of marriages in the context of visa petitions.

19. A petitioner bears the burden of establishing the *bona fide* nature of the marriage by a preponderance of the evidence, or more than 50%. It is well established that a visa petition may be denied pursuant to Section 204(c) of the Immigration and Nationality Act where there is evidence in the record to indicate that an alien has sought to obtain an immigration benefit based on a fraudulent marriage. *See Id*.  However, evidence of a fraudulent marriage "must

be documented in the alien's file and must be substantial and probative." *See*

*Matter of Tawfik*, 20 I&N Dec. 166, 167 (BIA 1990). Utilizing a reasonable

inference instead of the substantial and probative evidence standard can lead

USCIS to erroneously substitute the adjudicator's own image of a marriage to

determine that a marital union is a sham marriage. *See Damon v. Ashcroft*, 360

F.2d 1084 (9th Cir. 2004). This personal inference is impermissible in

adjudicating petitions.

20. The key and primary issue which needs to be considered by the Service is

whether the marriage was entered into in good faith. *See* 8 CFR § 204.2. Even

if an adjudicator has some doubt as to the truth, if the petitioner or applicant

submit relevant, probative, and credible evidence that leads to the conclusion

that the claim is "more likely than not" or "probably true", the petitioner or

applicant has satisfied the standard of proof.

21. Moreover, 8 CFR § 103.2(b) states the following:

> (16) Inspection of evidence. An applicant or petitioner shall be permitted to inspect the record of proceeding which constitutes the basis for the decision, except as provided in the following paragraphs.
>
>> (i) Derogatory information unknown to petitioner or applicant. If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and

present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv) of this section. Any explanation, rebuttal, or information presented by or in behalf of the applicant or petitioner shall be included in the record of proceeding.

(ii) Determination of statutory eligibility. A determination of statutory eligibility shall be based only on information contained in the record of proceeding which is disclosed to the applicant or petitioner, except as provided in paragraph (b)(16)(iv) of this section.

Thus, USCIS is obligated to inform the applicant of any derogatory information the agency intends to use to deny a benefit application and provide an opportunity for the applicant to inspect the record and an opportunity to rebut said information.

### *The Legal Framework of Adjustment of Status*

22. The Form I-485 Application for Adjustment of Status is a request to become a lawful permanent resident. *See Freeman v. Gonzales*, 444 F.3d at 1033. An immigrant visa must be immediately available to an alien in order to qualify for adjustment of status. *Id*. Without an approved Form I-130 petition, an immigrant visa is not immediately available and the USCIS cannot adjudicate the Form I-485 application. If the Form I-130 petition is approved and the Form I-485 Application for Adjustment of Status is granted, then the alien is afforded permanent residence status.

23. In general, to apply for Adjustment of Status, an individual must demonstrate that he or she has been "inspected and admitted or paroled into the United States." 8 U.S.C. § 1255(a).

24. Finally, the applicant must demonstrate admissibility to the United States, *i.e.*, that he or she either is not subject to an enumerated ground of inadmissibility set forth in 8 U.S.C. § 1182 or qualifies for a waiver of any such ground. *Id*.

25. With exceptions, an otherwise eligible individual is barred from adjusting if, *inter alia*, he or she has been convicted of, or admits having committed, or admits committing acts which constitute essential elements of (1) a crime involving moral turpitude or an attempt or conspiracy to commit such a crime, or (2) a violation of any law or regulation of a State, the United States, or a foreign country relating to controlled substance. 8 U.S.C. § 1182 (2)(A).

26. Upon the death of the citizen petitioner, Form I-130 is converted to a widow(er)'s Form I-360. In light of the amendment to INA § 201(b)(2)(A)(i) by section 568(c) of Public Law 111-83, this conversion takes place even if the citizen and alien were married for less than two (2) years when the citizen died. *See* USCIS Policy Memo, PM-602-0017, *Approval of Petitions and*

*Applications after the Death of the Qualifying Relative under the New Section 204(l) of the INA*, (Dec. 16, 2010).

<u>*The Administrative Procedure Act*</u>

27.     The APA states that acts by government agencies, which are "final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. §701 *et seq.*, at § 704. There is no other adequate remedy in this situation because the Defendants have acted contrary to the law and regulations and wrongfully denied the Plaintiffs' I-485 Applications and withheld action of Plaintiffs' Petitions for Alien Relative. Absent any other adequate remedy in this situation, the only option for Plaintiffs is this instant action in this court.

28.     Moreover, 5 U.S.C. § 706 states:

The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    (D) without observance of procedure required by law;

    (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

    (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

29. In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to properly adjudicate Plaintiffs' Petitions for Alien Relative and Applications to Adjust Status.

30. Accordingly, Plaintiffs have been forced to pursue the instant action.

## CAUSE OF ACTION

31. Petitioner Decedent filed a Petition for Alien Relative on behalf of his spouse, Plaintiff Beneficiary, on October 5, 2020. *See* **Exhibit A** (Receipts of Forms I-130 Petitions). The same day, Plaintiff Beneficiary filed an Application for Adjustment of Status. *See* **Exhibit B** (Receipts of Forms I-485 Applications).

32. Plaintiff Beneficiary attended an interview for her and her deceased husband's filings on December 21, 2021, at the request of Defendants. *See* **Exhibit E** (NOID dated December 22, 2021).

33. On December 22, 2021, Plaintiff Beneficiary received an envelope from USCIS, addressed to Decedent Petitioner, containing a Notice of Intent to Deny (hereinafter "NOID") his I-130 Petition. *See* **Exhibit E**.

34. Plaintiff Beneficiary issued a response to Defendants' Notice of Intent to Deny on or around February 22, 2022, including substantial new evidence addressing all discrepancies and evidentiary issues set forth in Defendants' notice. *See* **Exhibit F** (Copy of Plaintiffs' Response to Defendants' NOID).

35. Among the issues cited by the Defendants' NOID were inconsistencies in the Plaintiffs' statements and insufficient evidence to support the *bona fides* of their marital relationship. The Defendants erroneously contended that these issues provided enough grounds, on a preponderance of the evidence, to suggest that the marriage in question was entered into solely for the purpose of immigration. *See* **Exhibit E**.

36. Plaintiff's response to Defendants' NOID included additional evidence of the Plaintiffs' shared life together by way of a jointly owned lease agreement, jointly owned bank account, and jointly held utility bills. *See* **Exhibit F**.

37. Plaintiffs received no further correspondence from Defendants until their receipt of Denial Decisions for Plaintiffs' I-131—Applications for Travel

Document, and I-765—Applications for Employment Authorization, dated June 13, 2023, via US mail. *See* **Exhibit G** (I-131 Denial Decisions); *see also* **Exhibit I** (I-765 Denial Decisions).

38. Defendants' Denial Decisions for each of the Plaintiffs' I-131 and I-765 Applications cite, as reason for denial, the prior denial (allegedly dated December 2, 2022) of their associated I-485 applications. *See* **Exhibits G-I**. However, no Denial notice was issued to Plaintiffs regarding the alleged denial of their I-485 applications; indeed, a query of the USCIS Case Status Online function shows all four of Plaintiffs' I-485 applications are still pending decision. *See* **Exhibit H** (USCIS Case Status Online Search Results for Plaintiffs' I-485 Applications and I-130 Petitions).

39. Defendants' purported denial of the Plaintiffs' Applications fails to comply with the regulations outlined in 8 CFR § 204.2(a)(ii). As per *Matter of Tawfik*, 20 I&N Dec. at 168, any evidence used to determine a fraudulent marriage must be documented in the alien's file, which the Defendants failed to do.

40. Despite the Plaintiffs' submission of extensive evidence supporting the validity of their marital relationship and addressing any purported discrepancies, the final determination made by the Defendants lacks logical coherence and fails to

-14-

consider other relevant factors. (*See* Exhibit 5). The denial appears to be solely based on speculation regarding subjective aspects of the Plaintiffs' relationship, without any documented evidence of fraud in the Plaintiff's file. Thus, the Defendants' denial of the Plaintiffs' Applications is clearly erroneous and arbitrary, as it relies on insufficient evidence and disregards the required documentation outlined in the regulations set forth in 8 CFR § 204.2(a)(1)(ii), requiring that any evidence used to determine a fraudulent marriage must be documented in the alien's file. *See also Matter of Tawfik*, 20 I&N Dec. at 168.

41.   The Defendants clearly erred in denying Plaintiffs' Petition for Alien Relative and Application for Adjustment of Status, by violating the APA, 5 U.S.C. § 701, et seq., and Plaintiffs are entitled to review by this Court pursuant to 5 U.S.C. §§ 701-706. The Defendants misapplied the law and abused their discretion when they did not follow the regulations by failing to send the denial decisions of the I-130 Petitions for Alien Relative to Plaintiffs, preventing Plaintiffs from filing an appeal before the Board of Immigration Appeals. For this reason, Plaintiffs were forced to file the present complaint for declaratory and injunctive relief under the APA before this Honorable Court.

***Defendants violated the Administrative Procedure Act 5 U.S.C. § 701, et seq. and Plaintiffs are entitled to review by this Court pursuant to U.S.C. §§ 701-706.***

42. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1-41 above.

43. Plaintiffs are entitled to review by this Court pursuant to 5 U.S.C. §§ 701-706. A reviewing court shall "hold unlawful and set aside agency action … found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 706(2)(A).

44. The Present Court has jurisdiction under the APA to review certain agency determinations outlined in 8 U.S.C. § 1252. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

45. Under the APA, the Court has jurisdiction to review an agency decision if the agency action is final, the action adversely affects the party seeking review, and the agency's decision is non-discretionary. *See* 5 U.S.C. §§ 702, 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). The Court "shall decide all relevant questions of law," and "shall … hold unlawful and set aside agency action, findings, and conclusions found to be … arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706 (2)(A).

46. The Eleventh Circuit has reasoned that "simply because the Secretary has the ultimate discretionary authority to grant an immigration benefit does not mean that every determination made by USCIS regarding an alien's application for that benefit is discretionary, and hence not subject to review." *Mejia Rodriguez v. U.S. Dep't Homeland Sec.*, 562 F.3d 1137, 1143 (11th Cir. 2009). The Court in *Mejia Rodriguez* further reasoned that "the statutory eligibility determinations USCIS is obligated to make in deciding whether to grant or deny an application ... are not decision[s] or action[s] ... the authority for which is specified to be in the discretion of [USCIS]." *Id*. at 1144. As such, while "the ultimate decision of whether to grant or deny [an application] is a decision that is within the discretion of the Secretary," a determination of an immigrant's statutory eligibility for relief is "not one designated to be within the discretion of the Attorney General or Secretary and hence [is] not precluded from review by 8 U.S.C. § 1252(a)(2)(B)(ii)." *Mejia Rodriguez*, 562 F.3d at 1144-1146.

47. "To determine whether an agency decision [is] arbitrary or capricious, the reviewing court must consider whether the decision [is] based on a consideration of the relevant factors and whether there ha[s] been a clear error

of judgment." *See N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990).

48. Examples of arbitrary or capricious agency decisions include those where an agency considers material "Congress has not intended it to consider, entirely fail[s] to consider an important aspect of the problem, offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983).

49. In the instant case, there is no doubt that Defendants misapplied the law. Defendants' conclusion that Plaintiff Beneficiary is not qualified to adjust status is clearly erroneous.

50. Defendants' arbitrary and capricious action and abuse of discretion has caused and continues to cause harm to Plaintiff Beneficiary in denying her a privilege to which she is entitled. Accordingly, Plaintiff Beneficiary, and by extension, Decedent Petitioner, are suffering continued damage.

51. The APA, 5 USC § 701 *et seq.*, at § 704, states that acts by government agencies which are, "final agency action for which there is no other adequate remedy in

a court are subject to judicial review." *Id*. There is no other appropriate remedy in this situation. Thus, the only option for Plaintiffs is this action in this court.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray this Honorable Court to enter an order:

A.  Finding Defendants' decision, denying deceased Petitioners' Petition for Alien Relative for his spouse, Plaintiff Beneficiary, was contrary to the law and vacating said decision;

B.  Finding Defendants' decision, denying Plaintiff Beneficiary's Application to Register Permanent Residence was contrary to the law and vacating said decision;

C.  Finding Defendants' decision, denying deceased Petitioners' Petition for Alien Relative for his stepchildren, Plaintiffs Divine N. Lucky, Favour C. Lucky, and Isioma L. Lucky, was contrary to the law and vacating said decisions;

D.  Finding Defendants' decision, denying Plaintiffs Divine N. Lucky's, Favour C. Lucky's, and Isioma L. Lucky's, Application to Register Permanent Residence was contrary to the law and vacating said decisions;

-19-

E.   Compelling Defendants to immediately perform their ministerial duty owed to the Plaintiffs and adjudicate Plaintiffs' Petitions and Applications on their merits and according to the law and regulations by which they are bound;

F.   Grant such other and further relief as this Court deems proper under the circumstances; and,

G.   Grant Attorney's fees and costs of Court to Plaintiffs under the Equal Access to Justice Act.

Respectfully submitted,

This, the 8th day of September 2023.

**THE FOGLE LAW FIRM, LLC**

/s/ H. Glenn Fogle, Jr.
by: H. Glenn Fogle, Jr.
Georgia Bar No. 266963
Attorney for the Plaintiff

75 14th St. NE, Suite 3050
Atlanta, Ga 30309
Tel.: (404) 522-1852
Fax.: (470) 592-6989
Email: glenn@foglelaw.com

-20-