June 13, 2023

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 648004
Lee's Summit, MO 64002



**U.S. Citizenship and Immigration Services**

RACHEAL ONYEWELIEHI LUCKY
3642 WINDING TRAIL DRIVE
DOUGLASVILLE, GA 30135



IOE0919458977



A219-638-139

RE: I-131, Application for Travel Document

## DECISION

Dear RACHEAL LUCKY:

After a thorough review of your application and supporting documents, we have denied your Form I-131, Application for Travel Document, that you submitted on February 21, 2023. You applied under section 212(d)(5)(A) of the Immigration and Nationality Act (INA). We have denied your application for the reasons noted below.

Generally, we exercise discretion to issue advance parole under INA 212(d)(5)(A) to applicants who:

- Have a pending Form I-485, Application to Register Permanent Residence or Adjust Status;
- Filed their Form I-131 with or after filing Form I-485;
- Are present in the United States after being inspected and admitted or paroled; and
- Are not in immigration proceedings or under an order of deportation, removal, or exclusion.

### Statement of Facts and Analysis, Including Reason(s) for Denial

A review of USCIS records indicates that your Form I-485 was denied on December 2, 2022.

Since you no longer have a pending Form I-485, USCIS will not issue you an advance parole document at this time.

Therefore, we have denied your Form I-131. This decision has no effect on future applications you may file with USCIS.

### Responding to This Decision

You may not appeal this decision. However, if you believe your Form I-131 was denied in error, you may file a motion to reopen and/or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. You must submit Form I-290B by July 16, 2023. See Title 8, Code of Federal Regulations (8 CFR), section 103.5.

Mail your Form I-290B and the current fee to:

USCIS
Attn: AOS
P.O. Box 805887
Chicago, IL 60680

To find Form I-290B or if you need more information, you can use our many online tools (uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting uscis.gov/contact center.

Sincerely,

*Robinson*

Terri A. Robinson
Director
Officer: LA0894

## Attachment
## (Applicable Law/Regulations)

INA 212(d)(5)(A) The Attorney General may, except as provided in subparagraph (B) or in section 214(f), in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

INA 245(a) The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 CFR 103.2(b) Evidence and processing. (1) Demonstrating eligibility. An applicant or petitioner must establish that he or she is eligible for the requested benefit at the time of filing the benefit request and must continue to be eligible through adjudication. Each benefit request must be properly completed and filed with all initial evidence required by applicable regulations and other USCIS instructions. Any evidence submitted in connection with a benefit request is incorporated into and considered part of the request. (8)(ii) Initial evidence. If all required initial evidence is not submitted with the benefit request or does not demonstrate eligibility, USCIS in its discretion may deny the benefit request for lack of initial evidence or for ineligibility or request that the missing initial evidence be submitted within a specified period of time as determined by USCIS. (12) Effect where evidence submitted in response to a request does not establish eligibility at the time of filing. A benefit request shall be denied where evidence submitted in response to a request for evidence does not establish filing eligibility at the time the benefit request was filed. A benefit request shall be denied where any benefit request upon which it was based was filed subsequently. (13) Effect of failure to respond to a request for evidence or a notice of intent to deny or to appear for interview or biometrics capture -- (i) Failure to submit evidence or respond to a notice of intent to deny. If the petitioner or applicant fails to respond to a request for evidence or to a notice of intent to deny by the required date, the benefit request may be summarily denied as abandoned, denied based on the record, or denied for both reasons. If other requested material necessary to the processing and approval of a case, such as photographs, are not submitted by the required date, the application may be summarily denied as abandoned.

8 CFR 103.5(a) Motions to reopen or reconsider in other than special agricultural worker and legalization cases— (1) When filed by affected party— (i) General. ... when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision. ... (iii) Filing Requirements—A motion shall be submitted on Form I-290B and may be accompanied by a brief. ... (2) Requirements for motion to reopen. A motion to reopen must state the new facts to be proved in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because: (i) The requested evidence was not material to the issue of eligibility; (ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or (iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address. (3) Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

8 CFR 245.2(a)(4) Effect of departure -- (ii) Under section 245 of the Act. (A) The departure from the United States of an applicant who is under exclusion, deportation, or removal proceedings shall be deemed an abandonment of the application constituting grounds for termination of the proceeding by reason of the departure. Except as provided in paragraph (a)(4)(ii)(B) and (C) of this section, the departure of an applicant who is not under exclusion, deportation, or removal proceedings shall be deemed an abandonment of the application constituting grounds for termination of any pending application for adjustment of status, unless the applicant was previously granted advance parole by the Service for such absences, and was inspected upon returning to the United States. If the adjustment application of an individual granted advance parole is subsequently denied the individual will be treated as an applicant for admission, and subject to the provisions of section 212 and 235 of the Act.



June 13, 2023

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 648004
Lee's Summit, MO 64002



U.S. Citizenship
and Immigration
Services

DIVINE NNEKA LUCKY
3642 WINDING TRAIL DRIVE
DOUGLASVILLE, GA 30135



IOE0919458973

RE: I-131, Application for Travel Document



A219-638-137

## DECISION

Dear DIVINE LUCKY:

After a thorough review of your application and supporting documents, we have denied your Form I-131, Application for Travel Document, that you submitted on February 21, 2023. You applied under section 212(d)(5)(A) of the Immigration and Nationality Act (INA). We have denied your application for the reasons noted below.

Generally, we exercise discretion to issue advance parole under INA 212(d)(5)(A) to applicants who:

- Have a pending Form I-485, Application to Register Permanent Residence or Adjust Status;
- Filed their Form I-131 with or after filing Form I-485;
- Are present in the United States after being inspected and admitted or paroled; and
- Are not in immigration proceedings or under an order of deportation, removal, or exclusion.

### Statement of Facts and Analysis, Including Reason(s) for Denial

A review of USCIS records indicates that your Form I-485 was denied on December 2, 2022.

Since you no longer have a pending Form I-485, USCIS will not issue you an advance parole document at this time.

Therefore, we have denied your Form I-131. This decision has no effect on future applications you may file with USCIS.

### Responding to This Decision

You may not appeal this decision. However, if you believe your Form I-131 was denied in error, you may file a motion to reopen and/or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. You must submit Form I-290B by July 16, 2023. See Title 8, Code of Federal Regulations (8 CFR), section 103.5.

Mail your Form I-290B and the current fee to:

USCIS  
Attn: AOS  
P.O. Box 805887  
Chicago, IL 60680

To find Form I-290B or if you need more information, you can use our many online tools (uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting uscis.gov/contact center.

Sincerely,

*Robinson*

Terri A. Robinson  
Director  
Officer: LA0894

## Attachment
## (Applicable Law/Regulations)

INA 212(d)(5)(A) The Attorney General may, except as provided in subparagraph (B) or in section 214(f), in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

INA 245(a) The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 CFR 103.2(b) Evidence and processing. (1) Demonstrating eligibility. An applicant or petitioner must establish that he or she is eligible for the requested benefit at the time of filing the benefit request and must continue to be eligible through adjudication. Each benefit request must be properly completed and filed with all initial evidence required by applicable regulations and other USCIS instructions. Any evidence submitted in connection with a benefit request is incorporated into and considered part of the request. (8)(ii) Initial evidence. If all required initial evidence is not submitted with the benefit request or does not demonstrate eligibility, USCIS in its discretion may deny the benefit request for lack of initial evidence or for ineligibility or request that the missing initial evidence be submitted within a specified period of time as determined by USCIS. (12) Effect where evidence submitted in response to a request does not establish eligibility at the time of filing. A benefit request shall be denied where evidence submitted in response to a request for evidence does not establish filing eligibility at the time the benefit request was filed. A benefit request shall be denied where any benefit request upon which it was based was filed subsequently. (13) Effect of failure to respond to a request for evidence or a notice of intent to deny or to appear for interview or biometrics capture -- (i) Failure to submit evidence or respond to a notice of intent to deny. If the petitioner or applicant fails to respond to a request for evidence or to a notice of intent to deny by the required date, the benefit request may be summarily denied as abandoned, denied based on the record, or denied for both reasons. If other requested material necessary to the processing and approval of a case, such as photographs, are not submitted by the required date, the application may be summarily denied as abandoned.

8 CFR 103.5(a) Motions to reopen or reconsider in other than special agricultural worker and legalization cases— (1) When filed by affected party— (i) General. ... when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision. ... (iii) Filing Requirements—A motion shall be submitted on Form I-290B and may be accompanied by a brief. ... (2) Requirements for motion to reopen. A motion to reopen must state the new facts to be proved in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because: (i) The requested evidence was not material to the issue of eligibility; (ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or (iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address. (3) Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

8 CFR 245.2(a)(4) Effect of departure -- (ii) Under section 245 of the Act. (A) The departure from the United States of an applicant who is under exclusion, deportation, or removal proceedings shall be deemed an abandonment of the application constituting grounds for termination of the proceeding by reason of the departure. Except as provided in paragraph (a)(4)(ii)(B) and (C) of this section, the departure of an applicant who is not under exclusion, deportation, or removal proceedings shall be deemed an abandonment of the application constituting grounds for termination of any pending application for adjustment of status, unless the applicant was previously granted advance parole by the Service for such absences, and was inspected upon returning to the United States. If the adjustment application of an individual granted advance parole is subsequently denied the individual will be treated as an applicant for admission, and subject to the provisions of section 212 and 235 of the Act.

June 13, 2023

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 648004
Lee's Summit, MO 64002





U.S. Citizenship
and Immigration
Services

FAVOUR CHIKA LUCKY
3642 WINDING TRAIL DRIVE
DOUGLASVILLE, GA 30135



IOE0919458971

RE: I-131, Application for Travel Document

A219-638-138

## DECISION

Dear FAVOUR LUCKY:

After a thorough review of your application and supporting documents, we have denied your Form I-131, Application for Travel Document, that you submitted on February 21, 2023. You applied under section 212(d)(5)(A) of the Immigration and Nationality Act (INA). We have denied your application for the reasons noted below.

Generally, we exercise discretion to issue advance parole under INA 212(d)(5)(A) to applicants who:

- Have a pending Form I-485, Application to Register Permanent Residence or Adjust Status;
- Filed their Form I-131 with or after filing Form I-485;
- Are present in the United States after being inspected and admitted or paroled; and
- Are not in immigration proceedings or under an order of deportation, removal, or exclusion.

### Statement of Facts and Analysis, Including Reason(s) for Denial

A review of USCIS records indicates that your Form I-485 was denied on December 2, 2022.

Since you no longer have a pending Form I-485, USCIS will not issue you an advance parole document at this time.

Therefore, we have denied your Form I-131. This decision has no effect on future applications you may file with USCIS.

### Responding to This Decision

You may not appeal this decision. However, if you believe your Form I-131 was denied in error, you may file a motion to reopen and/or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. You must submit Form I-290B by July 16, 2023. See Title 8, Code of Federal Regulations (8 CFR), section 103.5.



Mail your Form I-290B and the current fee to:

USCIS
Attn: AOS
P.O. Box 805887
Chicago, IL 60680

To find Form I-290B or if you need more information, you can use our many online tools (uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting uscis.gov/contact center.

Sincerely,

*Robinson* (signature)

Terri A. Robinson
Director
Officer: LA0894

## Attachment
## (Applicable Law/Regulations)

INA 212(d)(5)(A) The Attorney General may, except as provided in subparagraph (B) or in section 214(f), in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

INA 245(a) The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 CFR 103.2(b) Evidence and processing. (1) Demonstrating eligibility. An applicant or petitioner must establish that he or she is eligible for the requested benefit at the time of filing the benefit request and must continue to be eligible through adjudication. Each benefit request must be properly completed and filed with all initial evidence required by applicable regulations and other USCIS instructions. Any evidence submitted in connection with a benefit request is incorporated into and considered part of the request. (8)(ii) Initial evidence. If all required initial evidence is not submitted with the benefit request or does not demonstrate eligibility, USCIS in its discretion may deny the benefit request for lack of initial evidence or for ineligibility or request that the missing initial evidence be submitted within a specified period of time as determined by USCIS. (12) Effect where evidence submitted in response to a request does not establish eligibility at the time of filing. A benefit request shall be denied where evidence submitted in response to a request for evidence does not establish filing eligibility at the time the benefit request was filed. A benefit request shall be denied where any benefit request upon which it was based was filed subsequently. (13) Effect of failure to respond to a request for evidence or a notice of intent to deny or to appear for interview or biometrics capture -- (i) Failure to submit evidence or respond to a notice of intent to deny. If the petitioner or applicant fails to respond to a request for evidence or to a notice of intent to deny by the required date, the benefit request may be summarily denied as abandoned, denied based on the record, or denied for both reasons. If other requested material necessary to the processing and approval of a case, such as photographs, are not submitted by the required date, the application may be summarily denied as abandoned.

8 CFR 103.5(a) Motions to reopen or reconsider in other than special agricultural worker and legalization cases—(1) When filed by affected party— (i) General. ... when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision. ... (iii) Filing Requirements—A motion shall be submitted on Form I-290B and may be accompanied by a brief. ... (2) Requirements for motion to reopen. A motion to reopen must state the new facts to be proved in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because: (i) The requested evidence was not material to the issue of eligibility; (ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or (iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address. (3) Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

8 CFR 245.2(a)(4) Effect of departure -- (ii) Under section 245 of the Act. (A) The departure from the United States of an applicant who is under exclusion, deportation, or removal proceedings shall be deemed an abandonment of the application constituting grounds for termination of the proceeding by reason of the departure. Except as provided in paragraph (a)(4)(ii)(B) and (C) of this section, the departure of an applicant who is not under exclusion, deportation, or removal proceedings shall be deemed an abandonment of the application constituting grounds for termination of any pending application for adjustment of status, unless the applicant was previously granted advance parole by the Service for such absences, and was inspected upon returning to the United States. If the adjustment application of an individual granted advance parole is subsequently denied the individual will be treated as an applicant for admission, and subject to the provisions of section 212 and 235 of the Act.



June 13, 2023

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 648004
Lee's Summit, MO 64002



U.S. Citizenship
and Immigration
Services



IOE0919458975



A219-638-140

ISIOMA LUCIA LUCKY
3642 WINDING TRAIL DRIVE
DOUGLASVILLE, GA 30135

RE: I-131, Application for Travel Document



## DECISION

Dear ISIOMA LUCKY:

After a thorough review of your application and supporting documents, we have denied your Form I-131, Application for Travel Document, that you submitted on February 21, 2023. You applied under section 212(d)(5)(A) of the Immigration and Nationality Act (INA). We have denied your application for the reasons noted below.

Generally, we exercise discretion to issue advance parole under INA 212(d)(5)(A) to applicants who:

- Have a pending Form I-485, Application to Register Permanent Residence or Adjust Status;
- Filed their Form I-131 with or after filing Form I-485;
- Are present in the United States after being inspected and admitted or paroled; and
- Are not in immigration proceedings or under an order of deportation, removal, or exclusion.

### Statement of Facts and Analysis, Including Reason(s) for Denial

A review of USCIS records indicates that your Form I-485 was denied on December 2, 2022.

Since you no longer have a pending Form I-485, USCIS will not issue you an advance parole document at this time.

Therefore, we have denied your Form I-131. This decision has no effect on future applications you may file with USCIS.

### Responding to This Decision

You may not appeal this decision. However, if you believe your Form I-131 was denied in error, you may file a motion to reopen and/or a motion to reconsider using Form I-290B, Notice of Appeal or Motion. You must submit Form I-290B by July 16, 2023. See Title 8, Code of Federal Regulations (8 CFR), section 103.5.

Mail your Form I-290B and the current fee to:

> USCIS
> Attn: AOS
> P.O. Box 805887
> Chicago, IL 60680

To find Form I-290B or if you need more information, you can use our many online tools (uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting uscis.gov/contact center.

Sincerely,

*Robinson*

Terri A. Robinson
Director
Officer: LA0894

## Attachment
## (Applicable Law/Regulations)

INA 212(d)(5)(A) The Attorney General may, except as provided in subparagraph (B) or in section 214(f), in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

INA 245(a) The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 CFR 103.2(b) Evidence and processing. (1) Demonstrating eligibility. An applicant or petitioner must establish that he or she is eligible for the requested benefit at the time of filing the benefit request and must continue to be eligible through adjudication. Each benefit request must be properly completed and filed with all initial evidence required by applicable regulations and other USCIS instructions. Any evidence submitted in connection with a benefit request is incorporated into and considered part of the request. (8)(ii) Initial evidence. If all required initial evidence is not submitted with the benefit request or does not demonstrate eligibility, USCIS in its discretion may deny the benefit request for lack of initial evidence or for ineligibility or request that the missing initial evidence be submitted within a specified period of time as determined by USCIS. (12) Effect where evidence submitted in response to a request does not establish eligibility at the time of filing. A benefit request shall be denied where evidence submitted in response to a request for evidence does not establish filing eligibility at the time the benefit request was filed. A benefit request shall be denied where any benefit request upon which it was based was filed subsequently. (13) Effect of failure to respond to a request for evidence or a notice of intent to deny or to appear for interview or biometrics capture -- (i) Failure to submit evidence or respond to a notice of intent to deny. If the petitioner or applicant fails to respond to a request for evidence or to a notice of intent to deny by the required date, the benefit request may be summarily denied as abandoned, denied based on the record, or denied for both reasons. If other requested material necessary to the processing and approval of a case, such as photographs, are not submitted by the required date, the application may be summarily denied as abandoned.

8 CFR 103.5(a) Motions to reopen or reconsider in other than special agricultural worker and legalization cases— (1) When filed by affected party— (i) General. ... when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision. ... (iii) Filing Requirements—A motion shall be submitted on Form I-290B and may be accompanied by a brief. ... (2) Requirements for motion to reopen. A motion to reopen must state the new facts to be proved in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because: (i) The requested evidence was not material to the issue of eligibility; (ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or (iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address. (3) Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

8 CFR 245.2(a)(4) Effect of departure -- (ii) Under section 245 of the Act . (A) The departure from the United States of an applicant who is under exclusion, deportation, or removal proceedings shall be deemed an abandonment of the application constituting grounds for termination of the proceeding by reason of the departure. Except as provided in paragraph (a)(4)(ii)(B) and (C) of this section, the departure of an applicant who is not under exclusion, deportation, or removal proceedings shall be deemed an abandonment of the application constituting grounds for termination of any pending application for adjustment of status, unless the applicant was previously granted advance parole by the Service for such absences, and was inspected upon returning to the United States. If the adjustment application of an individual granted advance parole is subsequently denied the individual will be treated as an applicant for admission, and subject to the provisions of section 212 and 235 of the Act.