**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **ROLETA PITTMAN, as Surviving Child** | **:** | |
| **of Raleigh H. Pittman Sr, Deceased;** | **:** | |
| **RALEIGH PITTMAN JR., as Surviving** | **:** | |
| **Child of Raleigh H. Pittman Sr, Deceased;** | **:** | |
| **ESTATE OF RALEIGH H.** | **:** | |
| **PITTMAN SR.** | **:** | |
| | **:** | |
| **Plaintiffs,** | **:** | |
| | **:** | **Civil Action File No.:** |
| **v.** | **:** | |
| | **:** | |
| | **:** | |
| **UNITED STATES** | **:** | |
| | **:** | |
| | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Roleta Pittman, as Surviving Child of Raleigh H.
Pittman Sr., Deceased, Plaintiff Raleigh Pittman Jr., as Surviving Child of Raleigh
H. Pittman Sr., Deceased, and Plaintiff Estate of Raleigh H. Pittman Sr.
(hereinafter "Plaintiffs"), by and through their undersigned counsel, and file this
Complaint for Damages against the United States and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1346(b)(1) (United States as Defendant), 28 U.S.C. § 2674 (Liability of United States) on the grounds that this action arises under the Federal Tort Claims Act (hereinafter, the "FTCA") where a federal entity is a defendant party in this case.  All conditions precedent to jurisdiction under the FTCA have either occurred or been complied with; specifically, on January 4, 2022, Plaintiff has filed an FTCA claim with Defendant's Office of General Counsel of the Department of Veterans Affairs. (Exhibit A.)  On April 6, 2023, the United States Department of Veterans Affairs summarily denied the claim. (Exhibit B.) Accordingly, Plaintiffs are authorized to initiate litigation against Defendant having exhausted their administrative remedies.

2.

This action sounds in tort related to the personal injuries and wrongful death and resulting damages sustained by the respective Plaintiffs and Plaintiffs' decedent and the obligations imposed upon the United States as a defendant under the FTCA.

3.

The venue of this action is properly placed in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1402, because Plaintiffs and Plaintiffs' decedent are/were residents of this district and a substantial part of the events and omissions giving rise to the claim occurred in the Northern District of Georgia (Decatur, Georgia).

## **PARTIES**

4.

Plaintiff Roleta Pittman, a citizen and resident of the State of Florida, submits to the jurisdiction of this Court, and is the surviving child of Raleigh H. Pittman, Sr., Deceased.  Plaintiff Roleta Pittman shows she is a person entitled to bring this action under Georgia law for the injuries and wrongful death of her deceased father, Raleigh H. Pittman, Sr.

5.

Plaintiff Raleigh Pittman Jr., a citizen and resident of the State of Georgia, submits to the jurisdiction of this Court, and is the surviving child of Raleigh H. Pittman, Sr., Deceased.  Plaintiff Raleigh Pittman Jr. shows he is a person entitled to bring this action under Georgia law for the injuries and wrongful death of his deceased father, Raleigh H. Pittman, Sr.

6.

Plaintiffs' decedent Raliegh H. Pittman Sr., now Plaintiff Estate of Raleigh H. Pittman Sr., was a citizen and resident of the State of Georgia died on September 10, 2021, at the age of seventy-two (72) years, from cardiac arrest as a result of the negligent failure of certain treating physicians at the Atlanta Veterans Medical Center operated by the United States Department of Veterans Affairs to timely treat his injured hip from a fall for eight days.

7.

Defendant United States is a sovereign entity which, at all times material to the allegations of this lawsuit, acted through its employees and representatives at the United States Department of Veterans Affairs and the Atlanta Veterans Medical Center.  Defendant may be served through the United States Department of Veterans Affairs, Office of the General Counsel, at 810 Vermont Avenue, NW, Washington, DC 20420.

## STATEMENT OF FACTS

8.

Plaintiffs hereby incorporates all previous Paragraphs as if fully restated herein.

4

9.

On or around September 2, 2021, Raleigh H. Pittman Sr. was admitted to the Atlanta Veterans Medical Center after he fell and injured his hip.

10.

The doctors and medical staff at the Atlanta Veterans Medical Center initially identified Mr. Pittman as a candidate for surgical intervention to treat his injured hip.

11.

Notwithstanding, Mr. Pittman was not scheduled for surgery.

12.

Mr. Pittman's injured hip was not materially treated at any point during his tenure at the Atlanta Veterans Medical Center.

13.

On September 9, 2021, Mr. Pittman suffered multiple episodes of cardiac arrest.

14.

Mr. Pittman was a seventy-two year old man with no history of cardiac arrest, chronic heart conditions, or acute heart conditions.

15.

On September 10, 2021, 9:07 AM, Dr. Ashley L. Slappy, a physician agent of the United States Department of Veterans Affairs, decided additional surgical intervention was unwarranted due to multiple organ failure and mortality was likely at 60-80%.

16.

On September 10, 2021, doctors and medical staff at the Atlanta Veterans Medical Center concluded additional diagnostic or imaging was not feasible due to Mr. Pittman's unstable condition and that three pressors were maxed out but only two were ordered.

17.

On September 10, 2021, 2:04 PM, Dr. Tamra S. McKenzie-Johnson decided additional surgical intervention was unwarranted given the condition of Mr. Pittman.

18.

Mr. Pittman subsequently died on September 10, 2021.

19.

Plaintiffs have attached to this complaint an affidavit from Dr. David Anthony Grundy, MD, stating the prevailing standard of medical care required the doctors and medical staff at the Atlanta Veterans Medical Center to surgically

stabilize Mr. Pittman's injured hip before September 9, 2021, or before the passing of seven days from injury, because cardiac arrest was a predictable outcome from physical deterioration. (Exhibit C.)

## CLAIMS FOR RELIEF

### COUNT I
### MEDICAL NEGLIENCE AND MALPRACTICE

20.

Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

21.

Defendant United States committed medical negligence and malpractice, by and through its physician and medical staff agents at the Atlanta Veterans Medical Center, upon Plaintiffs' decedent Raleigh H. Pittman Sr. on and about September 10, 2021, in that said Defendant's treatment fell below the standard of care expected of similarly situated healthcare providers exercised under like circumstances by failing to treat Mr. Pittman's injured hip with medical intervention and surgical repair when physical deterioration and cardiac arrest was foreseeable; deciding to cease diagnostic testing, imaging, and surgical intervention because Mr. Pittman had maxed out on three pressors when only two

had been ordered; and committing such other acts or omissions as may be revealed during discovery in this matter.

22.

Plaintiffs' decedent Raleigh H. Pittman Sr. was injured, suffered, and died as a direct and proximate result of Defendant's breaches of the standard of care.

## <u>COUNT II</u><br><u>NEGLIGENCE - RES IPSA LOQUITUR</u>

23.

Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

24.

Defendant had exclusive custody and control of Mr. Pittman as a patient at its Atlanta Veterans Medical Center after being admitted for an injured hip from a fall.

25.

Plaintiff died at the Atlanta Veterans Medical Center eight days later.

26.

Under the circumstances, Plaintiff would not have died in the absence of negligence by Defendant's agents.

27.

8

Plaintiffs could not have caused Mr. Pittman's death under the circumstances.

28.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered damages in an amount to be determined at trial.

**DAMAGES**

29.

Plaintiffs hereby incorporate all previous Paragraphs as if fully restated herein.

30.

Raleigh H. Pittman Sr. had no surviving spouse at the time of his death on September 10, 2021.

31.

As a result of the acts and omissions of the Defendant, Plaintiffs have sustained the following damages:

1)  Raleigh H. Pittman Sr. died; Plaintiff Roleta Pittman, as a surviving child

is entitled to recover damages for the full value of the life of Raleigh H. Pittman Sr., to be allocated and distributed in accordance with state law with other children of Raleigh H. Pittman Sr., in an amount determined by the enlightened conscience of the jury.

2) Raleigh H. Pittman Sr. died; Plaintiff Raleigh Pittman Jr., as a surviving child is entitled to recover damages for the full value of the life of Raleigh H. Pittman Sr., to be allocated and distributed in accordance with state law with other children of Raleigh H. Pittman Sr., in an amount determined by the enlightened conscience of the jury.

3) The Estate of Raleigh H. Pittman Sr. is entitled to recover damages for the physical and mental pain and suffering sustained by Raleigh H. Pittman Sr. during his life in an amount to be determined by the enlightened conscience of the jury; and damages for funeral, burial, and medical expenses incurred by the Estate of Raleigh H. Pittman Sr. in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for:

1) General damages, compensatory damages, and special damages;

2) Judgment for Plaintiffs Roleta Pittman & Raleigh Pittman Jr., as Surviving Children of Raleigh H. Pittman Sr., Deceased, in the full amount the jury awards for the full value of the life of Raleigh H. Pittman Sr.;

3) Judgment for Plaintiff Estate of Raleigh H. Pittman Sr. for the pain and suffering of Raleigh H. Pittman Sr. in an mount to be determined by the enlightened conscience of the jury and funeral, burial, and medical expenses as proven at trial;

4) Trial by jury as to all issues;

5) Prejudgment interest at the rate allowed by law;

6) That all costs be cast upon Defendant;

7) All other relief to which Plaintiffs may be entitled.

Respectfully submitted this 8th day of September, 2023.

/s/ David Cheng
CHENG LAW, INC.
David Cheng, Esq.
Georgia Bar No. 762468
260 PEACHTREE ST.
SUITE 2200
ATLANTA, GEORGIA 30303

11

Tel: (334) 451-4346
Fax: (312) 626-2487
E: david@considerdavidcheng.com

*Attorney for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that Plaintiff's Complaint for Damages complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia.  Counsel hereby states that Plaintiff's Complaint for Damages has been typed in Times New Roman 14 point.

This 8th day of September, 2023.

 /s/ David G. Cheng
David G. Cheng
Georgia Bar No. 762468