# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ISA BRITTAIN, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| GLOBAL PAYMENTS INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Mr. Isa Brittain, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Global Payments, Inc. (hereinafter referred to as "Defendant"), and states as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

4. Plaintiff is a citizen of the United States and a resident of Fulton County, Georgia.

5. Defendant Global Payments Inc. is a Domestic Profit Corporation doing business in the state of Georgia, with a principal office located at 3550 Lenox Road NE, Suite 3000, Atlanta, GA 30326.

6. Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30326.

7. This Court has jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

8. Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

9. Plaintiff was employed with Defendant beginning in 2018.

10. Plaintiff was most recently employed as an Analytics Support Technician ("Technician").

11. Prior to Mr. Teodorescu's arrival, Plaintiff had a positive employment

history with no indication of performance deficiencies.

12. As a Technician, Plaintiff reported directly to Mr. Adrian Teodorescu, Defendant Regional Manager, beginning in June 2019.

13. Mr. Teodorescu supervised five total Technicians.

14. Mr. Teodorescu reported to Mr. Mario Rametta, Senior Manager, User Support Services.

15. As such, Technicians reported indirectly to Mr. Rametta.

16. In 2019, Plaintiff made Defendant aware that Plaintiff's daughter had been diagnosed with Stage IV Renal Cell Carcinoma and was undergoing treatment.

17. Plaintiff also requested to take leave pursuant to the Family and Medical Leave Act ("FMLA") in order to help care for his daughter.

18. On December 9, 2019, Mr. Teodorescu accused Plaintiff of falsifying documentation; specifically, filing a false claim for FMLA leave.

19. No other Technician that reported to Mr. Teodorescu was accused of falsifying documentation.

20. No other Technician that reported to Mr. Teodorescu took medical leave.

21. No other Technician that reported to Mr. Teodorescu had a known disability or association with a disabled individual.

22. On December 12, 2019, Plaintiff emailed Mr. Rametta, Mr. Teodorescu, and

other members of management stating he felt Mr. Teodorescu's comments were inappropriate, discriminatory based on his association with his daughter's disability, and made in retaliation for Plaintiff's FMLA leave request.

23. Plaintiff is unaware of any steps taken by Defendant to address his complaint.

24. On April 2, 2020, Plaintiff received a positive performance review confirming he met all performance expectations.

25. Just one month later, on May 1, 2020, Plaintiff was placed on a Performance Improvement Plan ("PIP") by Mr. Teodorescu.

26. As reasoning for the PIP, Defendant stated it was because Plaintiff "serviced 50% less service tickets" than other Technicians.

27. No other Technician that reported to Mr. Teodorescu took medical leave.

28. No other Technician that reported to Mr. Teodorescu had a known disability or association with a disabled individual.

29. Defendant's standard operating procedure is to have service tickets distributed by an automated system evenly among Technicians.

30. Mr. Teodorescu manually assigned tickets instead of following Defendant's standard operating procedure.

31. Plaintiff did not have control over how many tickets were assigned to him as

compared to other Technicians.

32. Plaintiff did not have control over the complexity of tickets that were assigned to him as compared to other Technicians.

33. Plaintiff resolved tickets that were assigned to him consistently.

34. Technicians reporting to Mr. Teodorescu that were not disabled and not associated with a disabled individual received more service tickets than Plaintiff on a regular basis, including but not limited to Mr. Ty Mata-Vongphosy, Mr. Shedrick Rhodes, Mr. Michael Williams, and Mr. Matthew Chen.

35. The PIP provided no guidance as to how to receive more service tickets or otherwise have management assign service tickets more evenly in volume and complexity among Technicians.

36. Plaintiff requested data demonstrating how and when management, through Mr. Teodorescu, assigned service tickets to Technicians.

37. Defendant, through Mr. Teodorescu, responded that the requested information, "wasn't easy to obtain."

38. Plaintiff questioned what his PIP was based on if the information could not be obtained.

39. Mr. Teodorescu did not provide a response.

40. On May 27, 2020, Plaintiff requested to continue working remotely due to

the ongoing COVID-19 pandemic and the impact contracting COVID-19 could have on his immunocompromised daughter.

41. On June 5, 2020, however, Plaintiff was informed that his job duties required that he be in office 100% of the time.

42. Defendant paradoxically proposed a partial work-from-home schedule.

43. On June 11, 2020, Plaintiff retained legal counsel and informed Defendant's in-house counsel of such.

44. On June 15, 2020, Plaintiff reported to Defendant, through an email to Human Resources, that he felt he was being retaliated against for reporting Mr. Teodorescu's discriminatory actions that Plaintiff believed in good faith occurred because of Plaintiff revealing his daughter's diagnosis to Mr. Teodorescu.

45. On June 19, 2020, Plaintiff was terminated from his employment.

46. As reasoning, Defendant stated Plaintiff did not meet the expectations of the job.

47. Plaintiff was never given the underlying data that allegedly provides sufficient clarity so that the plaintiff would have a full and fair opportunity to demonstrate pretext.

48. Plaintiff filed claims with the Equal Employment Opportunity Commission ("EEOC") on or about August 14, 2020.

49. Plaintiff received his Dismissal and Notice Of Rights.

## IV. CLAIMS FOR RELIEF

### COUNT I: ADA DISCRIMINATION
### (ASSOCIATION WITH DISABLED PERSON)

50. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

51. Plaintiff was qualified for his position. *Paras. 9-11.*

52. Plaintiff was associated with a disabled individual, his daughter, of which Defendant was aware. *Paras. 16-18.*

53. After Defendant became aware of Plaintiff's association, Plaintiff suffered the adverse action of a hostile work environment following use of medical leave and notice to the company of his daughter's medical condition, including being accused of providing falsified paperwork, being denied work from home continuation, and being held to different performance standards than similarly situated peers. *Paras. 16-21, 25-28, 30-34, 40-42.*

54. Plaintiff ultimately suffered the adverse action of termination. *Para. 45.*

55. The timing of Plaintiff's use of medical leave and notice to Defendant of his daughter's medical condition as compared to the chain of adverse actions against him demonstrates causation. *Paras. 16-21, 25-28, 30-34, 40-45.*

56. Defendant's reason for Plaintiff's termination is illegitimate. *Paras. 35-38,*

*45-47.*

57.     Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## COUNT II: ADA RETALIATION

58.     Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

59.     Plaintiff engaged in a protected activity under the ADA when he objected to his supervisor's discriminatory treatment based on Plaintiff's association with a disabled individual and participated in the anti-discrimination process by indicating his retention of an attorney in the matter. *Paras. 40-44.*

60.     Plaintiff suffered the adverse action of termination. *Para. 45.*

61.     The timing of Plaintiff's protected complaint and his termination demonstrates causation. *Paras. 40-45.*

62.     Defendant's reason for Plaintiff's termination is illegitimate. *Paras. 35-38, 45-47.*

63.     Plaintiff suffered damages as a result of Defendant's retaliation, for which he is entitled to recovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Declaratory relief;

b. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

c. Punitive damages; and

d. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 11th day of September, 2023.

                THE KIRBY G. SMITH LAW FIRM, LLC

                s/Rachel B. Canfield
                Rachel B. Canfield
                Georgia Bar No. 488716
                Kirby G. Smith
                Georgia Bar No. 250119
                *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 11th day of September, 2023.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Rachel B. Canfield
        Rachel B. Canfield
        Georgia Bar No. 488716
        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## FONT AND POINT CERTIFICATION

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 11th day of September, 2023.

                                                THE KIRBY G. SMITH LAW FIRM, LLC

                                                <u>s/Rachel B. Canfield</u>
                                                Rachel B. Canfield
                                                Georgia Bar No. 488716
                                                *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com