# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Taquanta Pearson,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Spring Oaks Capital LLC,<br><br>　　　　Defendant. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, TAQUANTA PEARSON, BY AND THROUGH COUNSEL, Gary Hansz, Esq., and for her Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq.

## **VENUE**

2. The transactions and occurrences which give rise to this action occurred in Locust Grove, Henry County, State of Georgia.

3. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

4. Plaintiff is a natural person residing in Locust Grove, Henry County, Georgia.

5. The Defendant to this lawsuit is Spring Oaks Capital LLC ("Defendant"), which is a foreign limited liability company that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer-type debt allegedly owed to a third party in the amount of $536.00 (the alleged "Debt").

7. Plaintiff disputes the alleged Debt.

8. Sometime prior to March 15, 2023, Plaintiff obtained her Trans Union credit disclosures and noticed Defendant reporting the alleged Debt as a collection item. Shortly thereafter, Plaintiff sent Defendant a letter disputing the collection item.

9. On May 1, 2023, Plaintiff obtained her Trans Union credit disclosures again and noticed that Defendant was continuing to report the alleged debt without indicating that Plaintiff disputed it.

10. On or about June 20, 2023, Plaintiff sent Defendant a subsequent letter disputing the collection item. In her letter, Plaintiff explained that she

previously disputed the Debt and that Defendant was reporting the Debt as resolved, which was false because Plaintiff still, in fact, disputed it.

11. On August 28, 2023, Plaintiff obtained her Trans Union credit disclosures, which showed Defendant last reported the collection item reflected by Trans Union on August 25, 2023, and failed or refused to flag them as disputed, in violation of the FDCPA.

12. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

13. Defendant had more than ample time to instruct Trans Union to flag its collection item as Disputed.

14. Defendant's inaction to have its collection item on Plaintiff's credit report flagged as disputed was either negligent or willful.

15. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Because Defendant failed or refused to flag its collection item as disputed, Plaintiff's credit score has been improperly depressed, making it harder for her to obtain employment, housing, and credit for her day-to-day needs.  Her credit report continues to be damaged due to the Defendant's failure to properly report the associated collection item. Plaintiff has suffered emotional damages such as stress, anxiety, depression, nervousness, frustration, embarrassment, and humiliation.

Plaintiff also suffered physical damages such as loss of sleep, inability to concentrate, headaches, and restlessness.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates the preceding allegations by reference.

17. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue, in this case, is a consumer debt.

19. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Defendant's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

20. Plaintiff has suffered harm and damage at the hands of the Defendant as this harm was one specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

21. Defendant's failure to flag its collection item on Plaintiff's consumer credit file is humiliating and embarrassing to the Plaintiff as it creates a false

impression to users of her credit report that she has simply ignored this debt when, in fact, she disputes its validity.

22. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from stress, anxiety, depression, nervousness, frustration, embarrassment, and humiliation. Plaintiff also suffered physical damages such as loss of sleep, inability to concentrate, headaches, and restlessness resulting from Defendant's violations of the FDCPA.

23. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grants her damages plus costs, interest, and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

                                        Respectfully submitted.

September 11, 2023        /s/ Gary A. Hansz
                                        GARY A. HANSZ (Bar # 534669)
                                        CREDIT REPAIR LAWYERS OF AMERICA
                                        Attorneys for Plaintiff
                                        39111 Six Mile Road, Suite 142
                                        Livonia, MI 48152
                                        Telephone (248) 353-2882
                                        Fax (248) 353-4840
                                        Email – gary.hansz@crlam.com