**IN THE UNITED STATES DISTRICT COURT**
**for the NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| AUBREY MITCHELL, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| DEKALB COUNTY SCHOOL DISTRICT, | ) | *Jury Trial Demanded* |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

COMES NOW AUBREY MITCHELL, Plaintiff in the above-styled matter, by and through her undersigned counsel, and files this, his Complaint for Employment Discrimination. In support of said Complaint, Plaintiff shows this Honorable Court as follows:

PARTIES AND JURISDICTION

1.

Plaintiff is a natural person residing in Dekalb County, Georgia.

2.

Defendant Dekalb County School District is Dekalb County, Georgia's county-level school system.

3.

Defendant Dekalb County School District is comprised of at least 100 schools, enrolls at least 100,000 students annually, and traditionally employs at least 6,000 teachers and/or full-time employees.

4.

Defendant Dekalb County School District maintains its principal offices at 1701 Mountain Industrial Boulevard, Stone Mountain GA 30083.

5.

Plaintiff brings this action for employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e.

6.

Plaintiff duly filed a Charge (No. 410-2022-02040) with the Equal Opportunity Commission on or about February 25, 2022.

7.

Plaintiff received a Notice of Right to Sue on his Title VII claims from the Equal Employment Opportunity Commission on or about June 14, 2023.

8.

For the Court's convenience, Plaintiff's Notice of Right to Sue is attached hereto as "Exhibit A."

9.

This Complaint for Employment Discrimination is timely filed before the expiration of ninety (90) days following the issuance of Plaintiff's Notice of Right to Sue.

10.

Jurisdiction is proper in this Court.

<u>FACTS</u>

11.

Plaintiff re-states and incorporates Paragraphs (1) through (10) above as if fully recited herein.

12.

At all times relevant hereto, Plaintiff was an employee of Defendant.

13.

Specifically, Plaintiff worked as an In-School Suspension Coordinator under Principal Margie Smith at Dekalb Alternative School or "DAS."

14.

Smith characteristically abused her supervisory authority, punished employees according to her personal whims, and openly retaliated against any employee who spoke up against her harsh treatment.

15.

Plaintiff is a gay African American male.

16.

Smith routinely berated Plaintiff in reference to his sexual orientation and other men Smith thought were gay, "effeminate" or "weak."

17.

Smith often singled Plaintiff out and/or subjected him to harsher treatment on that basis.

18.

Smith would routinely invade Plaintiff's personal space and threaten him physically.

19.

On one such occasion, Plaintiff requested that Smith refrain from such tactics.

20.

Smith retorted, "In this building, I do whatever I want to whomever I want to do it to."

21.

This instance was ultimately escalated to the Area Superintendent.

22.

In response, Smith told Plaintiff that Smith wanted him "gone" from the building.

23.

A second particularly difficult instance occurred when Plaintiff suspected one student of stealing from another student.

24.

Smith reprimanded Plaintiff harshly.

25.

Plaintiff's suspicions were proven correct when the accused student was caught trying to sell the stolen merchandise.

26.

Smith held her ground.

27.

Smith went on a tirade and ultimately stated that she did not care what happened but simply wanted Plaintiff out of the building.

28.

Smith's stated desire for Plaintiff to be removed from the building was Plaintiff's escalating his complaints about Smith to District officials.

29.

In November 2016, Plaintiff filed a formal grievance with the District.

30.

The grievance cited Smith's openly hostile, anti-gay, and retaliatory behaviors.

31.

In response to the grievance, Smith initiated a retaliatory re-assignment of Plaintiff.

32.

Plaintiff filed a second grievance against Smith, citing the retaliatory re-assignment.

32.

At all times relevant, Smith routinely publicly, cruelly, and unreasonably berated employes at Dekalb Alternative School (including Plaintiff).

33.

Smith's antics created and fostered a hostile work environment at Dekalb Alternative School which became more and more unbearable over the years.

34.

Smith's tirades often included race-based, skincolor-based, age-based, sex (or sexual orientation)-based, and other generally cruel remarks to and about Plaintiff.

35.

These and similar instances happened regularly, often in the presence of other employees, including Plaintiff's subordinates.

36.

Smith often abused her supervisory authority, often resorting to punishing employees (including Plaintiff) according to her personal whims and retaliating against anyone who dared to speak up against her harsh treatment.

37.

For instance, if Plaintiff spoke out against Smith (or was perceived by Smith to speak speaking against Smith) or otherwise did anything Smith disliked or disapproved of, Smith would respond by employing a variety of retaliatory tactics.

38.

These tactics included but were not limited to:

a.  assigning additional duties;

b.  shortening deadlines;

c.  giving intentionally ambiguous directions regarding work assignments;

d.  gossiping about Plaintiff or starting rumors about Plaintiff;

e.  isolating Plaintiff from co-workers;

f.  giving Plaintiff the silent treatment;

g.   daring Plaintiff to file complaints against Smith;

h.   taunting Plaintiff that if a complaint were filed, nothing would be done; and

i.  threatening Plaintiff's job.

39.

Smith engaged in a decade-long campaign of discrimination, hostility, harassment, and retaliation, the highlights of which appear above but the entirety of which is impossible to detail herein.

40.

Both prior to and during Plaintiff's time as a direct report to Smith, Defendant received numerous complaints about Smith including but not limited to Smith bullying, harassing, discriminating against, and retaliating against Smith's subordinates.

41.

Despite these complaints, Defendant allowed Smith to obtain and continue in leadership positions involving direct supervisory authority over other employees.

42.

In response to the second grievance, the District moved Plaintiff to Southwest Dekalb High School under Principal Thomas Glanton.

43.

Smith recounted to Glanton her biased version of Plaintiff's time as an employee at Dekalb Alternative School.

44.

As such, Plaintiff began his time at Southwest Dekalb with a proverbial target on his back.

45.

Glanton continued Smith's campaign of discrimination, hostility, and retaliation.

46.

Glanton also fostered a hostile work environment.

47.

Glanton also singled Plaintiff out based on Plaintiff's status as a gay African American male.

48.

Glanton would tease Plaintiff, give Plaintiff more work than other similarly-situated staffers, generally require that Plaintiff be at Glanton's beck and call, and referred to Plaintiff as Glanton's "fetch dog."

49.

Glanton often interfered with Plaintiff's accomplishing school tasks, sometimes for the purpose of delivering personal items to Glanton.

50.

Glanton went out of his way to keep Plaintiff isolated from others at work, interfering unduly with Plaintiff's conversations and relationship with other staffers.

51.

Glanton told Plaintiff that Glanton would ensure Plaintiff "never advanced" in the District.

52.

Glanton taunted that he had complete control over Plaintiff's employment with the District, could move Plaintiff anywhere he wanted, and would keep Plaintiff in a low position for the rest of Plaintiff's life if it were up to Glanton.

53.

Plaintiff was passed over for promotions and accolades.

54.

Glanton bragged to other staffers about passing over Plaintiff for promotions and accolades.

55.

Glanton also retaliated against Plaintiff and other employees for speaking out.

56.

Plaintiff's time at Southwest Dekalb High School under Glanton was anxiety-provoking and difficult.

57.

Plaintiff filed a formal grievance with the District against Glanton in March 2021.

58.

Plaintiff was threatened and told to stop being "nitpicky."

59.

Plaintiff was also told in a threatening manner to consider the "stress" he would bring to himself and the District if he pursued the complaint.

60.

After the grievance was filed, Glanton taunted Plaintiff as well as the named witnesses.

61.

When the harassment escalated, Plaintiff filed a fourth grievance (the second against Glanton) in August 2021.

62.

Glanton served Plaintiff a "cease and desist" letter in an attempt to quiet Plaintiff
and to dissuade him from pursuing further action against Glanton and/or the District.

63.

Following the second grievance against Glanton, Plaintiff was subjected to a
second retaliatory re-assignment in October 2021.

64.

Plaintiff filed an EEOC charge on or about February 25, 2022.

65.

Plaintiff received his notice of right to sue on or about June 14, 2023.

66.

Plaintiff timely files this complaint within ninety (90) days following the
issuance of the notice of right to sue.

## DEFENDANT'S FAILURES

### 67.

Plaintiff re-states and incorporates Paragraphs (1) through (66) above as if fully recited herein.

### 68.

With respect to Smith's treatment of Plaintiff and others, Defendant breached its duties to Plaintiff.

### 69.

With respect to the retaliatory re-assignment by Smith, Defendant breached its duty to Plaintiff.

### 70.

With respect to the handling of Plaintiff's grievances against Smtih, Defendant breached its duty to Plaintiff.

### 71.

With respect to Glanton's treatment of Plaintiff and others, Defendant breached its duty to Plaintiff.

72.

With respect to the retaliatory assignment by Glanton, Defendant breached its duty to Plaintiff.

73.

With respect to the handling of Plaintiff's grievances against Glanton, Defendant breached its duty to Plaintiff.

74.

These breaches include but are not limited to:

(a) failure to investigate promptly and/or properly,

(b) failure to protect Plaintiff from further harm.

(c) failure to take reasonable steps to prevent or correct problematic and/or illegal behaviors; and

(c) failure to follow Defendant's own policies and procedures.

75.

At all times relevant, Defendant's failures regarding Smith's and Glanton's treatment of Plaintiff and Defendant's response to same were numerous, repetitive, callous, and intentional.

CAUSES OF ACTION

76.

Plaintiff re-states and incorporates Paragraphs (1) through (75) above as if fully recited herein.

77.

Plaintiff brings this action for sex/gender and sexual orientation discrimination and retaliation under Title VII of the Civil rights Act of 1964.

78.

Title VII of the Civil Rights Act of 1964 prohibits (1) discrimination based on sex and (2) retaliation for participation in protected activities with regard to any aspect, term, or condition of employment.

79.

Defendant maintains at least 15 employees and, as such, falls within the employers covered by the statute.

80.

Plaintiff, a gay African American male, falls into the class of persons protected by Title VII.

81.

Plaintiff was qualified for his job and had been hired based on these qualifications.

82.

Plaintiff experienced disparate treatment due to his status as a gay African-American male.

83.

Plaintiff experienced adverse employment events due to his status as a gay African-American male.

84.

Plaintiff experienced disparate treatment due to his status as a male who identifies as part of the LGBTQ community or who was perceived by his employer to be part of the LGBTQ community.

85.

Plaintiff experienced adverse employment events due to his status as a male who identifies as part of the LGBTQ community or who was perceived by his employer to be part of the LGBTQ community.

86.

Plaintiff engaged in statutorily protected activity.

87.

Plaintiff opposed discriminatory practices including but not limited to filing and participating in internal grievance proceedings and employment discrimination proceedings.

88.

Plaintiff was subjected to treatment which might have dissuaded a reasonable worker from engaging in such statutorily protected activity.

## DAMAGES

89.

Plaintiff re-states and incorporates Paragraphs (1) through (80) above as if fully recited herein.

90.

Plaintiff seeks compensatory damages of no less than $300,000 and up the maximum amount allowed by law.

91.

Such damages include but may not be limited to:

j.  Back pay;

k.  Front pay;

l.  Lost benefits; and

m. Other pecuniary losses stemming directly from the wrongful conduct by Defendant including by Smith.

92.

Defendants were wanton, reckless, intentional, and/or callous with respect to failure to address Smith's and Glanton's conduct and/or to respond to Plaintiff's and other employees' complaints regarding Smith and Glanton.

93.

Thus, Plaintiff also seeks punitive damages in an amount to be determined by this Honorable Court and/or a jury of his peers.

94.

Defendants have also been stubbornly litigious.

95.

Plaintiff also requests that his attorney's fees, litigation costs, and other expenses be awarded for Defendant's stubborn litigiousness.

<u>PRAYER</u>

96.

Plaintiff prays:

a. That this Complaint for Employment Discrimination be served upon the Defendant;

b. That this matter be heard before a jury of his peers;

c. That this Court issue judgment for Plaintiff's damages;

d. That Plaintiff be compensated and made whole for the events forming the subject matter hereof;

e. That Plaintiff be awarded punitive damages for the callous and wanton conduct of the Defendants;

f. That Plaintiff be awarded his attorney's fees, litigation costs, and other expenses; and

g. That Plaintiff receive all other relief to which he is entitled under applicable law.

This 8th day of September, 2023

by: **WILLIAMS LEGAL GROUP, LLC**

Raqketa D. Williams
Georgia Bar No. 591631
180 Interstate N Pkwy, Suite 510
Atlanta GA 30339
E-mail:        raqketa@williams-legal-group.com
Fax: 762.212.4954
Phone: 770.575.0187
**ATTORNEY FOR PLAINTIFF**

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/14/2023

**To:** Mr. Aubrey Mitchell
5472 JAMERSON DR
ATLANTA, GA 30349
Charge No: 410-2022-02040

EEOC Representative and email:    ESTHER BEST
Federal Investigator
Esther.Best@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2022-02040.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
06/14/2023

Darrell E. Graham
District Director

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this **Plaintiff's Complaint for Employment Discrimination** was forwarded to all known parties and/or their counsel, if known, in accordance with the applicable Rules of Civil Procedure.

This 8th day of September, 2023

by: **WILLIAMS LEGAL GROUP, LLC**

Raqketa D. Williams
Georgia Bar No. 591631
180 Interstate N Pkwy, Suite 510
Atlanta GA 30339
E-mail:        raqketa@williams-legal-group.com
Fax: 762.212.4954
Phone: 770.575.0187
**ATTORNEY FOR PLAINTIFF**