UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | : : : | MDL DOCKET NO. 2974 |
| This document relates to: | : : | 1:20-md-02974-LMM |
| IWINA WASHINGTON | : : : | |
| vs. | : : | Civil Action No.: _____ |
| TEVA PHARMACEUTICALS USA, INC ET AL. | : : : : | |
| _____ | : | |

## SHORT FORM COMPLAINT

Come(s) now the Plaintiff(s) named below, and for her/their Complaint against the Defendant(s) named below, incorporate(s) the Second Amended Master Personal Injury Complaint (Doc. No. 79), in MDL No. 2974 by reference. Plaintiff(s) further plead(s) as follows:

1.    Name of Plaintiff placed with Paragard: _____

Iwina Washington
_____

2.    Name of Plaintiff's Spouse (if a party to the case): _____

n/a
_____

3.	If case is brought in a representative capacity, Name of Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator):

N/A
_____

_____

4.	State of Residence of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Plaintiff's original complaint:    Pennsylvania
_____

_____

5.	State of Residence of each Plaintiff at the time of Paragard placement:

Pennsylvania

6.	State of Residence of each Plaintiff at the time of Paragard removal:

Pennsylvania

7.	District Court and Division in which personal jurisdiction and venue would be proper:

The United States District Court for the Western District of Pennsylvania
_____

_____

8.	Defendants. (Check one or more of the following five (5) Defendants against whom Plaintiff's Complaint is made. The following five (5) Defendants are the only defendants against whom a Short Form Complaint may be filed. No other entity may be added as a defendant in a Short Form Complaint.):

2

☒   A. Teva Pharmaceuticals USA, Inc.

☒   B. Teva Women's Health, LLC

☒   C. Teva Branded Pharmaceutical Products R&D, Inc.

☒   D. The Cooper Companies, Inc.

☒   E. CooperSurgical, Inc.


9.   Basis of Jurisdiction

☒   Diversity of Citizenship (28 U.S.C. § 1332(a))

☐   Other (if Other, identify below):

_____

10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physician(s) or other Health Care Provider (include City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY)* <br><br> *If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provider (include City and State)** <br><br> **If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
| Date Unknown January 2010 | Dr. Aaron S. Hasiuk, MDLower Bucks Hospital501 Bath Rd., # 202, Bristol, PA 19007 | Date Unknown August 2016 | Thomas Jefferson University Hospital - Jefferson Health111 S. 11th St., Philadelphia, PA 19107 |
|  |  |  |  |

3

11.    Plaintiff alleges breakage (other than thread or string breakage) of her
       Paragard upon removal.

☒      Yes

☐      No


12.    Brief statement of injury(ies) Plaintiff is claiming:

       As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to
       suffer significant bodily and mental injuries, including but not limited to pain and suffering,
       mental anguish, disfigurement, embarrassment, inconvenience, loss of earnings, loss of
       reproductive health and past and potential future medical expenses.

       Plaintiff reserves her right to allege additional injuries and
       complications specific to her.


13.    Product Identification:

       a.  Lot Number of Paragard placed in Plaintiff (if now known):

       <u>Unknown.</u>

       b.  Did you obtain your Paragard from anyone other than the
           HealthCare Provider who placed your Paragard:

       ☐      Yes

       ☒      No


14.    Counts in the Master Complaint brought by Plaintiff(s):

☒      Count I – Strict Liability / Design Defect

☒      Count II – Strict Liability / Failure to Warn

☒      Count III – Strict Liability / Manufacturing Defect

☒      Count IV – Negligence

☒      Count V – Negligence / Design and Manufacturing Defect

☒      Count VI – Negligence / Failure to Warn

☒     Count IX – Negligent Misrepresentation

☒     Count X – Breach of Express Warranty

☒     Count XI – Breach of Implied Warranty

☒     Count XII – Violation of Consumer Protection Laws

☒     Count XIII – Gross Negligence

☒     Count XIV – Unjust Enrichment

☒     Count XV – Punitive Damages

☐     Count XVI – Loss of Consortium

☐     Other Count(s) (Please state factual and legal basis for other claims

not included in the Master Complaint below):

_____

_____


15.    "Tolling/Fraudulent Concealment" allegations:

    a.     Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

☒     Yes

☐     No

    b.     If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below:

Prior to having the ParaGard IUD implanted, Plaintiff's healthcare providers told her that ParaGard IUD was safe, effective, and could be removed in-office with a simple procedure. She did not realize that she might have a cause of action reagarding the ParaGard IUD. She did not know there was an issue with the ParaGard IUD. She contacted her lawyers after learning she might have a claim

5

16.   Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:

   a.   Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

   ☒   Yes

   ☐   No

   b.   If Yes, the following information must be provided (in accordance with <u>Federal Rule of Civil Procedure 8</u> and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

   i.   The alleged statement(s) of material fact that Plaintiff alleges was false: __Paragard, a reversible form of birth control, was safe and effective. Paragard__

   __was safe and/or safer than other reversible birth control products on the market.__

   ii.   Who allegedly made the statement: _____Defendants_____

   _____

   iii.   To whom the statement was allegedly made: __Plaintiff and her healthcare provider who implanted Paragard.__

   iv.   The date(s) on which the statement was allegedly made: __Defendants' statements are within the Paragard label and marketing materials at all relevant times prior to implantation__

17.   If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

   a.   What does Plaintiff allege is the manufacturing defect in her Paragard? __N/A__

18.     Plaintiff's demand for the relief sought if different than what is

alleged in the Master Complaint: _____N/A_____

_____

19.     Jury Demand:

☒     Jury Trial is demanded as to all counts

☐     Jury Trial is NOT demanded as to any count

s/ Nicole Berg
_____
                    Attorney(s) for Plaintiff

Address, phone number, email address and Bar information:

Nicole Berg (IL Bar #6305464)
Ashley Barriere (LA Bar # 38129)
ncb@kellerpostman.com
ashley.barriere@kellerpostman.com

Keller Postman LLC
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220

/s/ Laura V. Yaeger
Yaeger Law, PLLC
P.O Box 530338
Saint Petersburg, FL 33747
(727) 202-5015
laura@yourlegalcounsel.net
FL Bar # 101972
TX Bar #  24011432