**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| NATHANIEL BEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 23A03502 |
| BRUCE DEAN and | ) | |
| SOUTHERN TANK TRANSPORT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SOUTHERN TANK TRANSPORT, INC.'S ANSWER**
**TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant SOUTHERN TANK TRANSPORT, INC. ("Southern Tank"), by and through the undersigned attorneys, and files its Answer to Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused (the "Complaint"), as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

**SECOND DEFENSE**

Plaintiff's claim is barred by the applicable statute of limitations.

**THIRD DEFENSE**

Southern Tank is not liable to Plaintiff because Southern Tank did not breach any duty owed to Plaintiff with respect to the accident that forms the basis of the Complaint.

**FOURTH DEFENSE**

At all times subject hereto, Southern Tank exercised the degree of care and skill required by law, and therefore, Southern Tank is not liable to Plaintiff in any amount whatsoever.

STATE COURT OF
DEKALB COUNTY, GA.
9/8/2023 3:24 PM
E-FILED
BY: Kelly M Johnson

## FIFTH DEFENSE

Southern Tank denies that it was in any way negligent with respect to the accident that forms the basis of the Complaint.

## SIXTH DEFENSE

Any injuries or damages which Plaintiff may have sustained were not proximately caused by any act or omission of Southern Tank or any person for whose actions Southern Tank is legally liable, and therefore, Plaintiff is not entitled to recover against Southern Tank.

## SEVENTH DEFENSE

Any injuries or damages which Plaintiff may have sustained were the direct and proximate result of an act or omission of someone other than Southern Tank.

## EIGHTH DEFENSE

Any injuries or damages which Plaintiff may have sustained were the direct and proximate result of an act or omission of an entity or individual who is a necessary and/or indispensable party.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, and/or estoppel.

## TENTH DEFENSE

If the evidence shows that Plaintiff was negligent in bringing about the injuries and damages set forth in the Complaint and Plaintiff's negligence was equal to or greater than any negligence on behalf of the defendants, then Plaintiff is not entitled to damages.

## ELEVENTH DEFENSE

If the evidence shows that Plaintiff was negligent in bringing about the injuries and damages set forth in the Complaint, but Plaintiff's negligence was less than any negligence found

on behalf of the defendants, then any award of damages to Plaintiff should be reduced to the extent of Plaintiff's own negligence.

## TWELFTH DEFENSE

To the extent that Plaintiff failed to mitigate his damages, if any, Plaintiff's damages should be reduced to the extent of his failure to mitigate.

## THIRTEENTH DEFENSE

Plaintiff's alleged damages include medical expenses unrelated to the accident that forms the basis of the Complaint.

## FOURTEENTH DEFENSE

Plaintiff's alleged damages include medical expenses which are neither reasonable nor necessary.

## FIFTEENTH DEFENSE

Plaintiff's alleged damages are too remote, speculative, and/or non-existent to be recoverable.

## SIXTEENTH DEFENSE

Plaintiff failed to plead his special damages with specificity as required by law pursuant to O.C.G.A. § 9-11-9(g).

## SEVENTEENTH DEFENSE

With respect to Plaintiff's demand for punitive damages, Southern Tank affirmatively pleads the following:

(a)     An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth

Amendments to the United States Constitution and the corresponding provisions of the Georgia Constitution;

(b)     An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Georgia Constitution;

(c)     The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Georgia Constitution;

(d)     An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the Georgia Constitution; and

(e)     Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## EIGHTEENTH DEFENSE

Southern Tank hereby specifically retains, and denies any waiver of, any and all affirmative defenses available to it that become evident during the course of discovery.

## NINETEENTH DEFENSE

Southern Tank reserves the right to assert any and all additional defenses that arise during the course of this litigation and reserves the right to amend this Answer to assert such defenses.

**TWENTIETH DEFENSE**

Subject to and without waiving the above defenses, Southern Tank responds to the individually numbered paragraphs of the Complaint as follows:

**PRELIMINARY STATEMENT**

Southern Tank denies the allegations in the unnumbered "PRELIMINARY STATEMENT" paragraphs in the Complaint, as pled.

**SUBJECT MATTER JURISDICTION**

1.

In response to the allegations in Paragraph 1 of the Complaint, Southern Tank admits that the Court has subject matter jurisdiction over this action.  Southern Tank denies that O.C.G.A. § 9-3-99 applied to toll the applicable statute of limitations.

**PERSONAL JURISDICTION**

2.

In response to the allegations in Paragraph 2 of the Complaint, Southern Tank admits that Bruce Dean was the driver of a vehicle involved in the subject accident; that Mr. Dean's address is 5302 Roy Dr., Helena, AL 35080; and that, if Plaintiff properly serves Mr. Dean, the Court may properly exercise personal jurisdiction over him. Southern Tank denies the remaining allegations in Paragraph 2 of the Complaint.

3.

In response to the allegations in Paragraph 3 of the Complaint, Southern Tank admits that it is subject to the jurisdiction of this Court. Southern Tank denies the remaining allegations in Paragraph 3 of the Complaint.

## VENUE

### 4.

Southern Tank admits the allegations in Paragraph 4 of the Complaint.

## THE OPERATIVE FACTS

### 5.

In response to the allegations in Paragraph 5 of the Complaint, Southern Tank admits that Bruce Dean is a resident of the State of Alabama.  Southern Tank denies that it presently employs Mr. Dean.

### 6.

In response to the allegations in Paragraph 6 of the Complaint, Southern Tank denies that it is organized under the laws of the State of Georgia.  By way of further response, Southern Tank states that it is organized under the laws of the State of South Carolina.  Southern Tank admits the remaining allegations in Paragraph 6 of the Complaint.

### 7.

In response to the allegations in Paragraph 7 of the Complaint, Southern Tank denies that the subject accident occurred on April 29, 2019.  By way of further response, Southern Tank states that, upon information and belief, the accident occurred on April 21, 2019.  Upon reasonable inquiry, Southern Tank admits the remaining allegations in Paragraph 7.

### 8.

Upon reasonable inquiry, Southern Tank admits the allegations in Paragraph 8 of the Complaint.

### 9.

Southern Tank denies the allegations in Paragraph 9 of the Complaint.

10.

Southern Tank is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies same.

11.

Southern Tank denies the allegations in Paragraph 11 of the Complaint.

12.

Southern Tank denies the allegations in Paragraph 12 of the Complaint.

13.

Southern Tank denies the allegations in Paragraph 13 of the Complaint.

## COUNT I: NEGLIGENCE OF DEFENDANTS IN VIOLATION OF O.C.G.A. § 51-1-6 AND O.C.G.A. § 40-6-48

14.

Southern Tank incorporates its responses to Paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15.

Southern Tank denies the allegations in Paragraph 15 of the Complaint.

16.

Southern Tank denies the allegations in Paragraph 16 of the Complaint.

17.

Southern Tank admits the allegations in Paragraph 17 of the Complaint.

18.

Southern Tank denies the allegations in Paragraph 18 of the Complaint.

19.

Southern Tank denies the allegations in Paragraph 19 of the Complaint.

20.

Southern Tank denies the allegations in Paragraph 20 of the Complaint.

21.

Southern Tank denies the allegations in Paragraph 21 of the Complaint.

## COUNT II: BATTERY OF DEFENDANT WHEN HE COLLIDED INTO NATHANIEL BEH'S VEHICLE PURSUANT TO O.C.G.A. § 51-1-13

22.

Southern Tank incorporates its responses to Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23.

Southern Tank denies the allegations in Paragraph 23 of the Complaint.

24.

Southern Tank denies the allegations in Paragraph 24 of the Complaint.

25.

Southern Tank denies the allegations in Paragraph 25 of the Complaint.

26.

Southern Tank denies the allegations in Paragraph 26 of the Complaint.

## COUNT III: CLAIM OF DAMAGES FOR PERSONAL INJURY

27.

Southern Tank incorporates its responses to Paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28.

Southern Tank denies the allegations in Paragraph 28 of the Complaint.

29.

Southern Tank is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore denies same.

30.

Southern Tank is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies same.

31.

Southern Tank denies the allegations in Paragraph 31 of the Complaint.

32.

Southern Tank denies the allegations in Paragraph 32 of the Complaint.

33.

Paragraph 33 does not require a response from Southern Tank.  To the extent a response is deemed necessary, Southern Tank denies that Plaintiff is entitled to the damages sought and further denies any liability to Plaintiff whatsoever.

## COUNT IV: SPECIAL DAMAGES

34.

Southern Tank incorporates its responses to Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.

Southern Tank denies the allegations in Paragraph 35 of the Complaint.

36.

Southern Tank denies the allegations in Paragraph 36 of the Complaint.

37.

Southern Tank denies the allegations in Paragraph 37 of the Complaint.

38.

Southern Tank denies the allegations in Paragraph 38 of the Complaint.

**PRAYER FOR RELIEF**

39.

Southern Tank incorporates its responses to Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.

Southern Tank denies the allegations in Paragraph 40 of the Complaint.

41.

Southern Tank denies the allegations in Paragraph 41 of the Complaint.

42.

In response to the unnumbered "WHEREFORE" paragraph in the Complaint, Southern Tank denies that Plaintiff is entitled to the relief sought and further denies any liability to Plaintiff whatsoever.

43.

Southern Tank denies each and every other allegation which it has not expressly admitted herein.

WHEREFORE, Defendant SOUTHERN TANK TRANSPORT, INC. respectfully requests that the Court:

(a) deny Plaintiff's prayer for damages;

(b) dismiss this action with prejudice and assess all costs against Plaintiff;

(c)  conduct a trial by a jury of twelve persons as to all issues properly triable by a jury; and

(d)  enter such other and further relief as is just and proper.

This 8th day of September, 2023.

               Respectfully submitted,

               **SWIFT, CURRIE, McGHEE & HIERS, LLP**

               */s/  Laura N. Gable*
               Stephen M. Schatz
               Georgia Bar No. 628840
               Laura N. Gable
               Georgia Bar No. 208961
               ***Attorneys for Defendant***
               ***Southern Tank Transport, Inc.***

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309
Tel:  (404) 874-8800
Fax:  (404) 888-6199
steve.schatz@swiftcurrie.com
laura.gable@swiftcurrie.com

               STATE COURT OF
               DEKALB COUNTY, GA.
               9/8/2023 3:24 PM
               E-FILED
               BY: Kelly Johnson

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date electronically filed **DEFENDANT SOUTHERN TANK TRANSPORT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court via the Odyssey e-filing system, which will automatically send notification to counsel of record as follows:

M. Cordele Rolle
The Cordele Firm, Inc.
5815 Live Oak Pkwy, Ste A
Norcross, GA 30093
cordele@cordelefirm.com
*Attorney for Plaintiff*

This 8th day of September, 2023.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/  Laura N. Gable*
Stephen M. Schatz
Georgia Bar No. 628840
Laura N. Gable
Georgia Bar No. 208961
*Attorneys for Defendant*
*Southern Tank Transport, Inc.*

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309
Tel:  (404) 874-8800
Fax:  (404) 888-6199
steve.schatz@swiftcurrie.com
laura.gable@swiftcurrie.com