IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAMELLA HOLLOWAY, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| CARCOUSTICS USA SOUTH, | |
| Defendant. | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Camella Holloway ("Plaintiff" or "Ms. Holloway"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Carcoustics USA South ("Defendant") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 11, 2023; the EEOC issued its Notice of Right to Sue on July 25, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Janine Bauske, located at 4620 Thompson Mill Rd., Buford, GA, 30518, USA.

## **FACTUAL ALLEGATIONS**

10.

Ms. Holloway began working for Defendant on or about October 17, 2022. Her last position was People and Culture Manager/HR Manager.

11.

On or about March 9, 2023, Ms. Holloway had surgery that required her to be out of work for a day.

12.

After the surgery, Ms. Holloway's blood pressure rose. Complications from high blood pressure caused her to be off of work for roughly one week.

13.

Ms. Holloway emailed her doctor's note to Defendant and called Ian Fisher, HR Generalist to let him know that she would be out.

14.

Ian informed Ms. Holloway that she would not have to use her vacation or PTO days.

15.

On or around March 15, 2023, Ms. Holloway returned from her leave.

16.

On or about March 22, 2023, Defendant terminated Ms. Holloway stating that she was "not a good fit for the company."

17.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Ms. Holloway was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

18.

Ms. Holloway requested a reasonable accommodation of her disabilities.

19.

Specifically, Ms. Holloway requested medical leave.

20.

Defendant failed to engage in the interactive process with Ms. Holloway, even though doing so would not have been an undue hardship.

21.

Defendant terminated Ms. Holloway because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in protective activity.

22.

But for Ms. Holloway's disability status and/or request for a reasonable accommodation of the same, she would not have suffered the adverse employment action.

23.

Ms. Holloway was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for their disability.

## **CLAIMS FOR RELIEF**

## **COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

24.

Plaintiff re-alleges paragraphs 10-23 as if set forth fully herein.

25.

Plaintiff had a physical impairment that substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

26.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

27.

Defendant was aware of Plaintiff's disability.

28.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

29.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

30.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

31.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

32.

Defendant terminated Plaintiff's employment because of her accommodation requests.

33.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

34.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext for disability discrimination.

35.

Defendant treated other employees outside Plaintiff's protected class differently.

36.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

37.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

38.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

39.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

40.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

41.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation, and all other relief recoverable under the ADA, as amended.

42.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has

not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

43.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

44.

Plaintiff re-alleges paragraphs 10-23 as if set forth fully herein.

45.

Plaintiff has a physical impairment that substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

46.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

47.

Defendant was aware of Plaintiff's disability.

48.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

49.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

50.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

51.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

52.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

53.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

54.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

55.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

56.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

57.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation, and all other relief recoverable under the ADA, as amended.

58.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

59.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

*[Signature on following page.]*

Respectfully submitted this 11th day of September 2023.

**BARRETT & FARAHANY**

s/ *Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com