**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Brandie Massey, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Maury Cobb, Attorney at Law, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.     Plaintiff, Brandie Massey, is a natural person who resides in Newton County, Georgia.

2.     Defendant, Maury Cobb, Attorney at Law, LLC, is a limited liability corporation, headquartered in Alabama.  The Defendant does business, but is not

1

registered, in Georgia.  It can be served through its principal, Maury Cobb, at 201 Beacon Parkway West, Suite 100, Birmingham, Alabama 35209.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Newton County, Georgia.

## FACTUAL ALLEGATIONS

7.      The Plaintiff recently completed a Chapter 13 bankruptcy reorganization that was filed in the Northern District of Georgia in 2018.

8.    On July 10, 2023 the Plaintiff obtained a copy of her credit report as published by the three main credit reporting agencies.

9.    In reviewing those reports, she noted a tradeline reported by "Amsher Collection Services"  (Amsher) of Hoover, Alabama.

10.    On August 7th, 2023, the Plaintiff initiated a telephone call to Amsher in an effort to obtain more information.  Upon being connected with a representative of Amsher, she was directed to the Defendant through a new telephone number.

11.    On this same date, August 7th, 2023, the Plaintiff called the number provided by Amsher and was connected with the Defendant.

12.    Defendant answered the call with the greeting "thank you for calling the Law Office of Maury Cobb".

13.    After verifying the Plaintiff's identity, the Defendant advised her that her T-Mobile account had been placed with their office to collect the sum of $587.40.

14.    The Plaintiff informed the Defendant that she had a number of questions regarding this account and specifically asked about interest, fees, and credit reporting.

15.    The Defendant responded that the account had been with a collection agency "before it reached legal" and that the accounts are usually reported by the collection agency in the two to three weeks of an account "escalating to legal."

16.     The Plaintiff advised the Defendant regarding her inability to take calls during certain hours of the day and the call ended shortly thereafter.

17.     The Plaintiff naturally assumed that her account having been "escalated to legal" meant that that T-Mobile had charged Defendant with bringing a collection action and that she was at imminent risk of being sued.

18.     Having just completed a chapter 13 bankruptcy case brought about to abate the same risk in her past, the Plaintiff was extremely anxious and concerned.

19.     The Plaintiff expended significant time and effort in an attempt to raise the money necessary to forestall what she reasonably believed to be imminent suit.

20.     Despite its intimations, the Defendant does not have an office in Georgia.  Moreover, its principal, Maury Cobb, is not licensed to practice law in Georgia nor is any other lawyer that is employed by the Defendant.  Last, a review of Georgia state court records does not reveal any collection lawsuit filed by the Defendant on behalf of any particular creditor.

21.     The relationship between the Plaintiff and T-Mobile is governed by a contract for services that includes an arbitration provision.

22.     The Plaintiff now believes and hereby avers that T-Mobile never provided authorization to the Defendant to initiate legal action against the Plaintiff.

23.    Plaintiff believes and hereby avers that at the time of its representations to the Plaintiff, the Defendant had no authorization or intent to bring any legal action against the Plaintiff.

## INJURIES-IN-FACT AND DAMAGES

24.    The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc*., 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

25.    An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

26.    Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

27.    As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)     Being subjected to false, deceptive, and unfair debt collection practices;

b.)     Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.)     Anxiety and worry caused by concern that Plaintiff was facing imminent legal action. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

28.     Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

### *Violations of 15 U.SC. § 1692e and its subparts*

29.     15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

30.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

31.    "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

32.    "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

33.    Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l*

*Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

34.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

35.     Defendant's representations or implications that led Plaintiff to believe that she may be subject to legal process in connection with the debt in collection was objectively false and or materially misleading.

36.     Defendant's representations and implications were a violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

37.     Defendant's representations or implications that led Plaintiff to believe that Defendant, as opposed to the holder of the debt, would make any decision regarding legal process was objectively false and or materially misleading in that the Defendant did not then have the authority or legal standing to bring litigation against the Plaintiff.  In addition, Defendant has never authorized or pursued litigation on a claim as small as that which it is seeking to collect from the Plaintiff.   Defendant's representations were a violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

**Violations of 15 U.SC. § 1692f and its subparts**

38.     The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon its perceived lack of sophistication of the Plaintiff.

39.     Defendant's conduct violated 15 U.S.C. § 1692f.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

40.     Plaintiff incorporates by reference paragraphs 1 through 37 as though fully stated herein.

41.     O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

42.     The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

43.     O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

44.     O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

45.     Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

46.     Defendant's conduct has implications for the consuming public in general.

47.     Defendant's conduct negatively impacts the consumer marketplace.

48.     Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

49.     As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

50.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

51.     As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

52.     Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

53.     Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.)     Plaintiff's actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b.)     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)     General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

d.)     Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. § 10-1-399(d);

e)      Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

f)      Such other and further relief as may be just and proper.

Respectfully submitted this 8th day of September, 2023.

[Signatures follow]

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333