IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER BERTSCH,<br><br>    Plaintiff,<br><br> v.<br><br>FINSYNC, INC.<br><br>    Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff, Christopher Bertsch ("Bertsch" or "Plaintiff"), by and through counsel, files this complaint against Defendant FINSYNC Inc. ("FINSYNC" or "Defendant"), and in support thereof states as follows:

## PARTIES

1. Plaintiff is an individual who resides at 7204 Avignon Drive, Round Rock, Texas 78681. This address is Plaintiff's true, fixed, and permanent home to which he has the intention of returning whenever he is absent therefrom, and Plaintiff is thus a citizen of Texas.

2. Defendant is a Delaware corporation with, on information and belief, its principal place of business located at 1635 Old 41 Hwy, Suite 112-169, Kennesaw, Georgia, 30152, and is thus a citizen of both Delaware and Georgia.

Defendant may be served through its registered agent, David Olsen, at 100 Galleria Parkway, Suite 200, Atlanta, Georgia 30339.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy is greater than $75,000 and there is complete diversity of citizenship among the parties, with Plaintiff being a citizen of Texas and Defendant being a citizen of Delaware and Georgia.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), because Defendant has its principal place of business and is subject to personal jurisdiction in the Atlanta Division of the Northern District of Georgia.

## FACTUAL BACKGROUND

5. Plaintiff was employed by Defendant from June 6, 2016, until May 31, 2023.

6. As part of his employment with Defendant, Plaintiff received certain rights to purchase equity interests in Defendant (the "Equity-Based Package").

7. On or around July 1, 2022, Plaintiff informed Defendant's CEO Tucker Mathis ("Mathis") that he intended to resign from his position with Defendant and that he had already accepted employment with another company.

8. Mathis encouraged Plaintiff to remain with Defendant and promised him that, if Plaintiff rescinded his acceptance of the offer of new employment and continued his employment with Defendant, Defendant would buy Plaintiff's Equity-Based Package for $250,000.00 (the "Buyout Right") if, on or after April 1, 2023, Plaintiff elected to have Defendant do so.

9. Mathis memorialized this offer in a writing dated July 6, 2022, in which Defendant agreed that the closing of Defendant's purchase of Plaintiff's Equity-Based Package would occur within 30 days after Plaintiff elected to exercise the Buyout Right.

10. Defendant's offer to buy Plaintiff's Equity-Based Package for $250,000.00 was intentionally misleading because, on information and belief, at the time that Defendant offered Plaintiff that Buyout Right in order to induce Plaintiff to remain employed with Defendant, Defendant had no intention to honor that Buyout Right.

11. Plaintiff justifiably relied on the promise of the Buyout Right to his detriment by accepting the Contract, rescinding his acceptance of the offer of new employment with another employer, and continuing his employment with Defendant.

12. On or after April 1, 2023, Plaintiff informed Mathis that he wished to exercise the Buyout Right.

13. Defendant was thus obligated, per the terms of the Contract, to pay Plaintiff $250,000.00 on or before May 1, 2023.

14. On April 3, 2023, Mathis responded to Plaintiff by email by stating that Defendant was "stretched thin" based on various "capital events," and that the "30-day closing may be more like 60 days."

15. Mathis's statement was intended to get Plaintiff to remain employed with Defendant.

16. On information and belief, Mathis had no intention of paying Plaintiff the $250,000.00 he was owed within 60 days.

17. In justifiable reliance on Mathis's statement and to his detriment, Plaintiff remained employed with Defendant until May 31st — 60 days after Plaintiff attempted to exercise the Buyout Right—at which point Plaintiff, realizing that Mathis's statement that Defendant would pay him the $250,000.00 within 60 days was also false, resigned.

18. Defendant did not pay Plaintiff the $250,000.00 it owed him by May 1, 2023, or on any subsequent date, despite repeated requests by Plaintiff, on his own and through counsel, that Defendant honor the Contract by paying that amount.

## COUNT I – BREACH OF CONTRACT

19. Plaintiff incorporates the allegations of paragraphs 1–18 as if fully restated herein.

20. Plaintiff and Defendant are parties to the Contract.

21. Plaintiff performed all of his obligations under the Contract.

22. Defendant has materially breached the Contract by refusing to pay Plaintiff $250,000.00 for his Equity-Based Package, causing Plaintiff to suffer damages of at least $250,000.00.

## COUNT II – FRAUDULENT INDUCEMENT

23. Plaintiff incorporates the allegations of paragraphs 1–18 as if fully restated herein.

24. Defendant fraudulently induced Plaintiff to enter into the Contract by falsely telling Plaintiff that Defendant would provide Plaintiff the Buyout Right when, on information and belief, Defendant had no intention to honor that Buyout Right.

25. Plaintiff justifiably relied on this false statement to his detriment by rescinding his acceptance of the offer of new employment with another employer and continuing his employment with Defendant.

26. After Plaintiff attempted to exercise the Buyout Right, Defendant again fraudulently induced Plaintiff to remain employed with Defendant by falsely telling him that he would be paid $250,000.00 within 60 days, despite, on information and belief, the fact that Defendant had no intention to pay Plaintiff that amount within that time period.

27. Plaintiff justifiably relied on this false statement to his detriment by remaining employed with Defendant through May 31, 2023.

28. Plaintiff was injured by his reliance on these two fraudulent statements by Defendant in an amount to be determined at trial.

### COUNT III – COSTS AND ATTORNEYS' FEES UNDER GA. CODE § 13-6-11

29. Plaintiff incorporates the allegations of paragraphs 1–27 as if fully restated herein.

30. Defendant fraudulently induced Plaintiff to enter into the Contract.

31. Defendant fraudulently induced Plaintiff to remain employed with Defendant from April 3, 2023, until May 31, 2023, by falsely stating that Defendant would pay Plaintiff $250,000.00 during that time period.

32. Defendant's refusal to perform its obligations under the Contract, including its obligations to pay Plaintiff $250,000.00 within 30 days of Plaintiff's

exercise of the Buyout Right, despite repeated demands from Plaintiff and his attorneys that Defendant do so, was done willfully and in bad faith.

33. Plaintiff has incurred unnecessary trouble and expense as a result of Defendant's fraud and bad faith refusal to perform its obligations under the contract.

34. Because Defendant induced Plaintiff to enter into the Contract through fraud and because Defendant's breach of the Contract was done in bad faith, Plaintiff is entitled the costs and expenses of this litigation, including his reasonable attorneys' fees, pursuant to Ga. Code § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Award Plaintiff compensatory damages for the harm he suffered as the result of Defendant's fraud and breaches of contract in an amount to be determined at trial, but in no event less than $250,000.00 plus interest;

B. Award Plaintiff the expenses he has incurred in bringing this claim, including reasonable attorneys' fees, pursuant to Ga. Code § 13-6-11;

C. Award Plaintiff punitive damages in an amount to be determined at trial; and

D. Order such other and further relief as this Court may deem just and proper.

Respectfully submitted, this 12th day of September, 2023.

        LUEDER, LARKIN & HUNTER, LLC

        */s/ Jefferson M. Starr*
        JEFFERSON M. STARR
        Georgia State Bar No.: 992352
        3535 Piedmont Road
        Building 14, Suite 205
        Atlanta, Georgia 30305
        Telephone: (404) 480-4028
        Facsimile: (404) 480-4028
        Email: JStarr@luederlaw.com

        JASON R. BROST
        (application for admission *pro hac vice* to be submitted)
        Combs & Taylor LLP
        2101 L Street NW, Suite 800
        Washington, DC 20037
        Telephone: (202) 448-1008
        Facsimile: (202) 466-0502
        Email: jason.brost@combstaylor.com

        *Attorneys for Plaintiff Christopher Bertsch*