GEORGIA, FULTON COUNTY

STATE COURT OF FULTON COUNTY
Civil Division

DO NOT WRITE IN THIS SPACE

State Court of Fulton County
**E-FILED**
23EV003129
5/25/2023 12:22 PM
Donald Talley, Clerk
Civil Division

CIVIL ACTION FILE #: _____

Spencer Harris
750 Hammond Drive, Bldg 12, Suite 200
Sandy Springs, GA 30328

Plaintiff's Name, Address, City, State, Zip Code

vs.

Charles Holmes, John Doe 1-3, CJ Alexander Trucking LLC
Trisura Specialty Insurance Company & ABC Corp 1-3

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ _____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ _____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $ _____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Adanna U. Ugwonali
Address: 750 Hammond Dr, Bldg 12, Ste 200
City, State, Zip Code: Sandy Springs, GA 30328      Phone No.: 404-593-2705

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSES MAY BE MADE & JURY TRIAL DEMANDED, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20___.
_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20___.     _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

**EXHIBIT C**

State Court of Fulton County
\*\*E-FILED\*\*
23EV003129
5/24/2023 12:11 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SPENCER HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES HOLMES; JOHN DOE 1-3; CJ ALEXANDER TRUCKING, LLC, TRISURA SPECIALTY INSURANCE COMPANY, and ABC CORPORATION 1-3, <br><br> Defendants. | CIVIL ACTION FILE NUMBER: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Spencer Harris, in the above-styled action, by and through his counsel, Ugwonali Law Group, LLC, and files this complaint against Charles Holmes, John Doe1-3, CJ Alexander Trucking, LLC., Trisura Specialty Insurance Company, and ABC Corporation 1-3, Defendants herein, and respectfully shows the following:

### PARTIES AND JURISDICTION

1.

Plaintiff seeks money damages and other relief against Defendants. This Court has subject matter jurisdiction over this complaint.

2.

Defendant Charles Holmes is a Florida resident and can be served at 624 Montego Bay Ct, Winter Park, Fl 32792; he is presumed to be an employee or agent of CJ Alexander Trucking, LLC. Consequently, this Court has personal jurisdiction over this Defendant pursuant to O.C.G.A. § 9-10-31(b).

**EXHIBIT C**

3.

Defendant CJ Alexander Trucking, LLC., (hereinafter referred to as "CJ") is a motor common carrier, licensed to transact business in the State of Florida. Defendant "CJ" is subject to the jurisdiction and venue of this Court. Service may be made upon Defendant, "CJ", upon its registered agent Jena L Mehlberg, at 1209 N Mills Ave, Orlando, FL 32792.

4.

Defendant, Trisura Specialty Insurance Company (hereinafter referred to as "Trisura") is subject to suit by direct action pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. and § 40-2-140 (d)(4). Defendant Trisura Specialty Insurance Company is subject to the jurisdiction and venue of this Court. Service by second original may be made upon Defendant by serving its registered agent for service to wit: Keavius Wilson, 2778 Vineyards Dr SE Apt 1008, Atlanta, GA, 30354,

5.

Defendant ABC 1-3 Corporation is a corporation, partnership, or other entity whose correct identity is unknown and that is subject to the jurisdiction and venue of this Court as owner of the subject property and/or a joint tortfeasor as provided by law.

6.

Upon information and belief, Defendant John Doe 1-3 —whose residence, whereabouts, and true identity are unknown—but is more than likely a resident of Fulton county; and I subject to the jurisdiction and venue of this Court.

7.

Venue is proper in this Court.

**EXHIBIT C**

## BACKGROUND

8.

On or about August 30, 2021, Plaintiff was travelling south on I-475 in Macon, Georgia.

9.

Defendant Charles Holmes was also travelling south on I-475.

10.

Defendant Charles Holmes was operating the tractor-trailer on behalf of Defendant CJ.

11.

At the specified moment and location, the tractor-trailer operated by Defendant Charles Holmes was reportedly moving southward when a tire blowout forced him to veer into the emergency lane. The remnants of the blown tire were then encountered by the Plaintiff's vehicle, subsequently causing injuries to the Plaintiff.

## COUNT I - NEGLIGENCE

12.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully set forth verbatim.

13.

Defendant Charles Holmes was negligent in the operation and maintenance of his tractor-trailer by failing to maintain his lane.

14.

Defendant Charles Holmes was negligent in the operation of his tractor-trailer by failing to maintain a proper lookout.

**EXHIBIT C**

15.

Defendant Charles Holmes was negligent in the operation of his tractor-trailer, causing Plaintiff to struck the veered tire.

16.

Defendant Charles Holmes is liable to Plaintiff for all damages Plaintiff sustained.

## COUNT II – IMPUTED LIABILITY

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully set forth verbatim.

18.

At the time of the subject collision, Defendant Charles Holmes was under dispatch for Defendant CJ.

19.

At the time of the subject collision, Defendant Charles Holmes was operating the subject vehicle on behalf of Defendant CJ.

20.

Defendant CJ is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Charles Holmes in regard to the collision described in this complaint under the doctrine of lease liability, agency or apparent agency.

**EXHIBIT C**

## COUNT III – DIRECT ACTION

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully set forth verbatim.

22.

Defendant Trisura Specialty Insurance Company is subject to direct action as the insurer for Defendant CJ pursuant to O.C.G.A. 40-2-140.

23.

Defendant Trisura Specialty Insurance Company was the insurer of Defendant CJ at the time of the subject incident and issued a liability policy to comply with the requirements for interstate transportation.

24.

Defendant Trisura Specialty Insurance Company and Defendant CJ are subject to the filing requirements outlined in to O.C.G.A. 40-2-140.

25.

Defendant Trisura Specialty Insurance Company is responsible for any judgment rendered against Defendant CJ and/or Defendant Charles Holmes up to the maximum liability limits in the applicable policy.

## COUNT IV
## CLAIM FOR PROPERTY DAMAGE

26.

Defendant CJ owned the vehicle used to strike the Plaintiff.

27.

As a direct and proximate result of Defendant's negligence, Plaintiff has incurred property

5

**EXHIBIT C**

damage in the amount of $25,000.00.

28.

As a result, Defendant CJ is also liable for Plaintiff's property damages.

## DAMAGES

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully set forth verbatim.

30.

As a result of Defendant Charles Holmes and Defendant CJ's negligence, Plaintiff suffered serious, permanent and painful injuries to his body.

31.

As a result of Defendant Charles Holmes' and Defendant CJ's negligence, Plaintiff has incurred past medical expenses in excess of $15,000.00 and may continue to incur future medical expenses.

32.

As a result of Defendant John Doe's and Defendant CJ's negligence, Plaintiff has incurred lost wages in an amount to be proved at trial.

**EXHIBIT C**

WHEREFORE, Plaintiff prays for a trial by jury on all issues and judgment against Defendants as follows:

(a) That Plaintiff recover the full value of his past and future medical expenses in an amount to be proven at trial,

(b) That Plaintiff recovers for past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(c) That Process and Summons issue, as provided by law, requiring defendant to appear and answer Plaintiff's Complaint;

(d) That service be had upon defendant as provided by law;

(e) That the Court award and enter a judgment in favor of Plaintiff and against Defendants for compensatory damages in an amount to be proven at trial;

(f) That Plaintiff has a trial by a jury as to all issues;

(g) That Plaintiff recovers such other and further relief as is just and proper; and

(h) That Plaintiff recover general and property damages.

Respectfully submitted,

UGWONALI LAW GROUP, LLC

Dated 23rd day of May,

/s/ Adanna U. Ugwonali
Adanna U. Ugwonali
Georgia Bar No.: 360541

750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328
(404) 593-2705
(404) 334-3306 [Fax]
adanna@auulaw.com
Attorney for Plaintiff

**EXHIBIT C**