Case 1:23-mi-99999-UNA   Document 2944-6   Filed 09/12/23   Page 1 of 9

State Court of Fulton County
**E-FILED**
23EV003129
7/21/2023 2:50 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| SPENCER HARRIS,<br><br>        Plaintiff,<br>v.<br><br>CHARLES HOLMES; JOHN DOE 1-3;<br>CJ ALEXANDER TRUCKING, LLC,<br>TRISURA SPECIALTY INSURANCE<br>COMPANY, and<br>ABC CORPORATION 1-3,<br><br>        Defendants. | CIVIL ACTION FILE NO.:<br><br>23EV003129 |

**TRISURA SPECIALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW, Trisura Specialty Insurance Company (hereinafter "Trisura"), Defendant in the above-styled case, by and through its undersigned counsel, and hereby files this its Answer to Plaintiff's Complaint for Damages (hereinafter "Complaint"), and shows this Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim against Trisura upon which relief can be granted and should be dismissed.

**SECOND DEFENSE**

No act or omission on the part of Trisura caused or contributed to the Plaintiff's alleged injuries and damages and, therefore, Plaintiff is not entitled to any recovery from Trisura.

**THIRD DEFENSE**

Trisura contests the damages and injuries which are being asserted in this action and

977753v.1

**EXHIBIT E**

demands strict proof thereof.

### FOURTH DEFENSE

Trisura states that the proximate cause of the Plaintiff's alleged injuries and damages are unrelated to the subject accident, in whole or in part, and/or were due to the actions, omissions, or negligence of a person or persons other than Trisura, for whom it is in no way liable. Therefore, Plaintiff is not entitled to recover from Trisura.

### FIFTH DEFENSE

Any recovery by Plaintiff should be reduced in proportion to the comparative fault of Plaintiff and others.

### SIXTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the accident that forms the basis of Plaintiff's Complaint.

### SEVENTH DEFENSE

The negligence of Plaintiff was equal to or greater than any alleged negligence on the part of Trisura or any person for whom Trisura is responsible. Therefore, Plaintiff is not entitled to recover any sum from Trisura.

### EIGHTH DEFENSE

Plaintiff had the last opportunity to prevent the harm that occurred. Therefore, recovery is barred or reduced by the last clear chance doctrine.

### NINTH DEFENSE

Plaintiff's claim for property damages has been resolved, and therefore, Plaintiff's claims for property damages should be dismissed.

### EXHIBIT E

## TENTH DEFENSE

Venue is improper.

## ELEVENTH DEFENSE

Trisura reserves the right to rely upon any of the affirmative or additional defenses to the claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

## TWELFTH DEFENSE

Trisura answers the specific allegations of Plaintiff's Complaint as follows:

### PARTIES AND JURISDICTION

1.

Trisura only admits that this Court has subject matter jurisdiction over this Complaint. Trisura is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of Plaintiff's Complaint and therefore, they are denied.

2.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and therefore, they are denied.

3.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint and therefore, they are denied.

4.

Trisura only admits that it is subject to the jurisdiction of this Court. Trisura is without knowledge or information sufficient to form a belief as to the truth of whether it is subject to suit by direct action as alleged and therefore, this allegation is denied. Trisura denies the remaining

## EXHIBIT E

allegations in this Paragraph.

5.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's Complaint and therefore, they are denied.

6.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiff's Complaint and therefore, they are denied.

7.

Trisura denies the allegations in Paragraph 7 of Plaintiff's Complaint.

## BACKGROUND

8.

Trisura admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9.

Trisura admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiff's Complaint and therefore, they are denied.

11.

Trisura only admits that on or about August 30, 2021, while traveling on I-475, the vehicle driven by Charles Holmes experienced a tire blowout, and the remnants of the blown tire were encountered by nearby vehicles, including Plaintiff's vehicle. Trisura is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of Plaintiff's Complaint and therefore, they are denied.

977753v.1

## EXHIBIT E

## COUNT I – NEGLIGENCE

12.

Trisura restates and incorporates by reference its responses to Paragraphs 1 through 11 as if fully set forth herein.

13.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiff's Complaint and therefore, they are denied.

14.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint and therefore, they are denied.

15.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint and therefore, they are denied.

16.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint and therefore, they are denied.

## COUNT II – IMPUTED LIABILITY

17.

Trisura restates and incorporates by reference its responses to Paragraphs 1 through 16 as if fully set forth herein.

18.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Complaint and therefore, they are denied.

977753v.1

## EXHIBIT E

19.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Complaint and therefore, they are denied.

20.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Complaint and therefore, they are denied.

## COUNT III – DIRECT ACTION

21.

Trisura restates and incorporates by reference its responses to Paragraphs 1 through 20 as if fully set forth herein.

22.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiff's Complaint and therefore, they are denied.

23.

Trisura only admits that it issued an insurance policy to C J Alexander Trucking LLC that was in effect that the time of the subject accident giving rise to Plaintiff's Complaint. Trisura denies the remaining allegations in this Paragraph.

24.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiff's Complaint and therefore, they are denied.

25.

Trisura denies the allegations in Paragraph 25 of Plaintiff's Complaint.

-6-

977753v.1

# EXHIBIT E

## COUNT IV

## CLAIM FOR PROPERTY DAMAGE

26.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiff's Complaint and therefore, they are denied.

27.

Trisura denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Complaint and therefore, they are denied.

## DAMAGES

29.

Trisura restates and incorporates by reference its responses to Paragraphs 1 through 28 as if fully set forth herein.

30.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Complaint and therefore, they are denied.

31.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiff's Complaint and therefore, they are denied.

32.

Trisura is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiff's Complaint and therefore, they are denied.

977753v.1

## EXHIBIT E

33.

Trisura denies any allegations contained in the Paragraph beginning "WHEREFORE" following Paragraph 32 of Plaintiff's Complaint, including subparts (a) through (h).

34.

Any allegation in Plaintiff's Complaint not specifically responded to above is hereby denied by Trisura.

**WHEREFORE**, Defendant Trisura Specialty Insurance Company prays that:

(1)  It be dismissed;

(2)  All costs of this litigation be paid by Plaintiff;

(3)  If any triable issue of fact exists, Trisura requests that it be granted a jury trial by a twelve (12) person jury as provided by law; and

(4)  Any other relief that this Court deems just and proper be granted.

This 21st day of July, 2023.

                    **NALL & MILLER, LLP**

                    By:  */s/ Alain P. Fernandez*
                         **AMANDA MATTHEWS**
                         Georgia Bar No. 474951
                         **ALAIN P. FERNANDEZ**
                         Georgia Bar No. 684293

                    ***ATTORNEYS FOR DEFENDANT TRISURA SPECIALTY INSURANCE COMPANY***

235 Peachtree Street, NE
North Tower, Suite 1500
Atlanta, Georgia 30303
Telephone: 404.522.2200
Facsimile: 404.522.2208
amatthews@nallmiller.com
afernandez@nallmiller.com

-8-

977753v.1

# EXHIBIT E

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed and served the within and foregoing **TRISURA SPECIALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** via the Court's electronic filing service upon counsel of record listed below.

Adanna U. Ugwonali, Esq.
Ugwonali Law Group, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328
404-593-2705
404-334-3306 (fax)
adanna@auulaw.com
*Attorney for Plaintiff*

This 21st day of July, 2023.

**NALL & MILLER, LLP**

By: */s/ Alain P. Fernandez*
    **ALAIN P. FERNANDEZ**
    Georgia Bar No. 684293

*ATTORNEY FOR DEFENDANT TRISURA SPECIALTY INSURANCE COMPANY*

235 Peachtree Street, NE
North Tower, Suite 1500
Atlanta, Georgia 30303
Telephone: 404.522.2204
Facsimile: 404.522.2208
afernandez@nallmiller.com

977753v.1

**EXHIBIT E**