## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

SPENCER HARRIS,

|  |  |
|---|---|
| Plaintiff, | CIVIL ACTION FILE NO.: |
| v. | 23EV003129 |
| CHARLES HOLMES; JOHN DOE 1-3; CJ ALEXANDER TRUCKING, LLC, TRISURA SPECIALTY INSURANCE COMPANY, and ABC CORPORATION 1-3, | |
| Defendants. | |

### SPENCER HARRIS' RESPONSES TO DEFENDANT TRISURA SPECIALTY INSURANCE COMPANY'S FIRST INTERROGATORIES

### I.        INTRODUCTION

COMES NOW Spencer Harris and responds as follows: The following responses are made solely for the purposes of this action. Each response is subject to all objections to relevance, materiality, and any other ground which would require exclusion of that response if it were introduced in court.

No incidental or implied admissions are intended by these responses. That Plaintiff objects or responds to any request shall not be deemed an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such requests or that such objections or responses constitute admissible evidence. That Plaintiff responds to part or all of any request shall not be construed to be a waiver by Plaintiff of any objection to any request or part thereof.

These responses and objections are made on the basis of information and writings currently available to and located by Plaintiff upon reasonable investigation. Plaintiff expressly reserves the right to modify, revise, supplement, and amend these responses as appropriate.

### II.        GENERAL OBJECTIONS

### EXHIBIT G

1. Plaintiff objects to all duplicative and unduly burdensome requests.

2. Plaintiff objects to the Requests to the extent that they seek privileged information.

3. Plaintiff objects to the Requests to the extent that they require a search for or production of responsive material not within Plaintiff's possession, custody, or control.

4. Plaintiff objects to the Requests to the extent that they seek material that cannot be located by Plaintiff after reasonably diligent inquiry, are readily available from public sources, or are available to Defendant's counsel from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.

5. Plaintiff objects to the Requests to the extent that they seek legal conclusions and/or would require Plaintiff to reach a legal conclusion in order to make a response.

6. Plaintiff objects to the Requests to the extent that they are argumentative, prejudicial, improper, vague, and/or ambiguous.

7. Plaintiff objects to any "Definitions" supplied or assumed by Defendant to the extent that they imply legal conclusions.

### III.    RESPONSES TO INTERROGATORIES
#### 1.

State your full name, date of birth, place of birth, height, weight, social security number and residence address (for the last ten years).

**RESPONSE: Spencer E. Harris; 3005 Benton Drive, Macon GA 31216; Dob: 4/29/1958; xxx-xx-4527.**

#### 2.

Please identify by name, address, and telephone number all persons 15 years of age or older who have lived with you during the last ten (10) years with the inclusive dates each.

**Response: Plaintiff has lived alone for the past 10 years.**

#### 3.

Please state the telephone numbers, service provider, account number, and account holder's

**EXHIBIT G**

full name for all cellular phones in the vehicle with you or on your person at the time of the Accident.

**Response: T-Mobile; (478) 444-0061.**

4.

Regarding marriages, please state each spouse's full name or names and any children from said marriage, the dates and places of the marriages, the dates and places of any separations or divorces, and the court in which the separation or divorce was heard.

**Response: Plaintiff is not married.**

5.

Please state your educational history, listing any and all educational institutions attended and any degrees earned.

**Response: Community College of the Air Force, Aviation Maintenance Certificate.**

6.

Please state your employment history for the last ten (10) years including the names and addresses of each and every employer, your job title and job duties, inclusive dates of employment, your immediate supervisor, the amount of any and all compensation for such employment, and the reason for separation from each employer.

**Response: Plaintiff has been employed by the U.S. Department of Defense for 20 years. Job description is Analyst; Actively involved in investigating data collection, process analysis, instructing, lecture, process analysis comparisons. Rate of pay is $38.07/hr. Plaintiff reserves the right to supplement or amend prior to trial.**

7.

Have you ever been terminated, suspended and/or disciplined at any job?  If so, please state the name and address of the employer and the circumstances surrounding the action taken against you.

**Response: Plaintiff objects to this request to the extent that it is overly broad and responding thereto would be unduly burdensome and oppressive.**

**EXHIBIT G**

8.

Please state whether you have any criminal record and, if so, state the nature of each charge, the date and place of each arrest, the name of each prosecuting court, whether a plea or conviction were entered, and the nature of any sentence imposed.

**Response: Plaintiff does not have a criminal record.**

9.

Please list and describe any military service by you.  Please include the branch of service, years served, military occupational specialty ("MOS") rank attained prior to discharge, and reason for discharge.

**Response: United States Air Force, Tech Seargent, 43171.**

10.

Please state your whereabouts within the 24-hour period *preceding* the Accident, including the names of each person with whom you visited and/or spoke with.

**Response: 24 hours prior to the collision, Plaintiff attended church.**

11.

During the 24-hour period *prior* to the Accident, did you take any medications of any kind, whether over-the-counter or prescription, or consume any alcohol or recreational drug?  If so, please identify the name of the medication taken or substance, the time(s) taken, the reason taken, the number of times taken, and the name and location of the establishment or person from where/whom the medication, alcohol, or substance was purchased.

**Response: Plaintiff did not take any medications 24 hours prior to the collision.**

12.

Identify all persons having knowledge or believed to have knowledge of the truth of the facts set forth in the Complaint, including all known addresses and telephone numbers for said persons.  With respect to each person identified, state concisely the facts that person is aware of,

**EXHIBIT G**

when and how the facts were obtained, and identify any document evidencing said person's knowledge.

**Response: Kenny Tran, 3476 Oakleigh Drive, Clayton, Georgia 30273; Latasha Davis, 3509 Daneels Street, New Orleans, Louisiana, 70115, Mable Brown; Yoalanda Davis; Charles Holmes 624 Montego Bay Court, Winter Park, Florida 32792; Bibb County Sheriff's Office.**

13.

What is your understanding or contention with respect to how the Accident in question occurred, the specific injuries you sustained and how and why you sustained the injuries?

**Response: On August 30, 2021, the tractor-trailer operated by Defendant Charles Holmes was reportedly moving southward when a tire blowout forced him to veer into the emergency lane. The remnants of the blown tire were then encountered by the Plaintiff's vehicle, subsequently causing injuries to the Plaintiff.**

14.

Please state where you were positioned in the vehicle you occupied that was involved in the Accident and whether you were the only occupant of that vehicle.  If there were other occupants of the vehicle at the time of the accident, please provide where the other occupants were seated and each person's name, address, telephone number and your relationship to that person.

**Response: Plaintiff was the driver and only occupant of the vehicle.**

15.

Please describe in your own words your recollection of how the Accident occurred.

**Response: While traveling south on I-475, a wheel came off a tractor trailer, obstructing the road and damaging several vehicles including Plaintiff's vehicle.**

16.

Please state whether you have ever been involved in another motor vehicle collision, both before and after the Accident.  If so, please state the date or approximate date of such collision, state whether anyone was injured or killed, and give a brief description of how the collision occurred to include stating whether you believe the collision was your fault or someone else's fault.

**Response: 6/22/2021; Plaintiff was injured in the collision. Plaintiff was not at fault for the accident. 1981 – Plaintiff does not recall the details; Early 2000s, Plaintiff does not recall any**

**EXHIBIT G**

**additional details.**

17.

Please **itemize** all special damages (including but not limited to, those related to medical

expenses, lost wages, and property damage) that you claim in this litigation.

| Macon Spine & Injury | $1,470.00 |
| Orthopaedic & Spine Center of Atlanta | $23,068.03 |
| Lost Wages | To be supplied |
| OrthoGeorgia | $18,421.00 |
| Axis Spine and Pain | $1,567.00 |
| Piedmont Macon Hospital | To be supplied |
| Total | $44,526.03 |

**Plaintiff reserves the right to amend or supplement this response prior to trial.**

18.

Please state the specific injuries you allege resulted from the Accident, and whether you

ever complained of any injuries, prior to the Accident, to the same body parts that you claim to

have injured in this Accident?  If so, please state the nature of any injury received, and the identity

of all medical providers, including any hospitals, which have examined or treated you for the

injury..

**Response: Neck pain, back pain, left shoulder pain**

**Diagnosis by medical providers:**
 **A. G44.309 Post-traumatic headache, unspecified, not intractable**
**B. S13.4XXA Sprain of ligaments of cervical spine, initial encounter**
**C. S23.3XXA Sprain of ligaments of thoracic spine, initial encounter**
**D. S33.8XXA Sprain of other parts of lumbar spine and pelvis, initial encounter**
**E. M25.512 Pain in left shoulder**
**F. M54.2 Cervicalgia**
**G. M54.6 Pain in thoracic spine**
**H. M54.5 Low back pain**
**I. M62.830 Muscle spasm of back**
**J. M99.01 Segmental and somatic dysfunction of cervical region**
**K. M99.02 Segmental and somatic dysfunction of thoracic region**

**EXHIBIT G**

**L. M99.03 Segmental and somatic dysfunction of lumbar region**
**M. M51.26 Lumbar disc herniation**
**N. M50.20 Cervical disc herniation**
**1. Diffuse tendinosis of the supraspinatus tendon is present with a full-thickness defect distally and anteriorly measuring approximately 9 x 11 mm. Adjacent surrounding inflammation is present consistent with tendinitis or possible interstitial microtearing.**
**2. There is a strain or very subtle partial tear of the anterior musculotendinous junction of the infraspinatus. Fluid is present adjacent to the musculotendinous junctions of the infraspinatus and supraspinatus consistent with bursal collections.**
**3. A disc bulge and bony changes contribute to lateral recess and foraminal stenosis bilaterally at L4-5 and L5-S1. is an annular tear involving the L5-S1 disc bulge consistent with a recent injury.**
**4. There is a small focal disc herniation posteriorly on the right at L1-2.**
**5. A wide prominent posterior midline disc herniation at C5-6 causes diffuse cord contact and posterior displacement of the cord without cord impingement. Spinal canal stenosis is present. Bilateral foraminal stenosis is also present at this level secondary to bony changes.**

**Plaintiff was in a collision on 6/22/2021 and received injuries to his left shoulder, neck and back. He sought treatment from Orthopaedic & Spine Center of Atlanta, Macon Spine & Injury, Medical Center Navicent Health. Plaintiff reserves the right to amend or supplement this response prior to trial.**

19.

If you had any illness, injury or surgical operation for which you sought medical treatment on the date of the Accident through to the present, please state the date and place of each such treatment, the nature of medical treatment received, and the name and address of each and every medical practitioner or institution rendering treatment.  Also, include an itemization of charges rendered for all such treatment.

**Response:**

| | |
|---|---|
| **Macon Spine & Injury (9/2/21 – 9/16/21)** | **$1,470.00** |
| **Orthopaedic & Spine Center of Atlanta (9/14/21 – 10/5/21)** | **$23,068.03** |
| **OrthoGeorgia (10/11/21 – 7/27/22)** | **$18,421.00** |
| **Axis Spine and Pain (10/13/22 -3/31/23)** | **$1,567.00** |
| **American Health Imaging** | **$6,820.00** |
| **Total** | **$51,346.03** |

**Plaintiff reserves the right to amend or supplement this response prior to trial.**

**EXHIBIT G**

20.

Please state all physical and/or mental injuries or conditions you suffered from at any time _before_ the Incident.

**Response:  Plaintiff sustained injuries to his neck, back and shoulder following a 6/22/2021 MVA. OrthoGeorgia, 3708 Northside Dr, Macon, GA 31210; Orthopaedic &Spine Center of Atlanta, 3161 Howell Mill Road, Ste. 310, Atlanta, GA 30327, July 28, 2021; Macon Spine & Injury, 155 Franklin Street, Macon, GA 31201; July 2, 2021-August 27, 2021; Medical Center Navicent Health 777 Hemlock St. Macon, GA 31201, June 22, 2021; Plaintiff reserves the right to supplement or amend prior to trial.**

21.

If you had any illness, injury, or condition for which medical treatment was sought during the ten (10) years _prior_ to the Accident, please state the date and place of each such treatment, the nature of medical treatment received, and the name and address of each and every medical practitioner or institution rendering treatment.

**Response: OrthoGeorgia, 3708 Northside Dr, Macon, GA 31210; Orthopaedic &Spine Center of Atlanta, 3161 Howell Mill Road, Ste. 310, Atlanta, GA 30327, July 28, 2021; Macon Spine & Injury, 155 Franklin Street, Macon, GA 31201; July 2, 2021-August 27, 2021; Medical Center Navicent Health 777 Hemlock St. Macon, GA 31201, June 22, 2021; American Health Imaging, 6590 Powers Ferry Rd, Atlanta, GA 30339; 9/8/2021. Plaintiff reserves the right to supplement or amend prior to trial.**

22.

Please state all physical and/or mental injuries or conditions you have incurred _since the date of the Accident_ which you claim either (a) aggravated your injuries, or (b) were new injuries.

**Response: Neck pain, back pain, left shoulder pain**
**A. G44.309 Post-traumatic headache, unspecified, not intractable**
**B. S13.4XXA Sprain of ligaments of cervical spine, initial encounter**
**C. S23.3XXA Sprain of ligaments of thoracic spine, initial encounter**
**D. S33.8XXA Sprain of other parts of lumbar spine and pelvis, initial encounter**
**E. M25.512 Pain in left shoulder**
**F. M54.2 Cervicalgia**
**G. M54.6 Pain in thoracic spine**
**H. M54.5 Low back pain**
**I. M62.830 Muscle spasm of back**
**J. M99.01 Segmental and somatic dysfunction of cervical region**
**K. M99.02 Segmental and somatic dysfunction of thoracic region**
**L. M99.03 Segmental and somatic dysfunction of lumbar region**
**M. M51.26 Lumbar disc herniation**

**EXHIBIT G**

**N. M50.20 Cervical disc herniation**
**1. Diffuse tendinosis of the supraspinatus tendon is present with a full-thickness defect**
**distally and anteriorly measuring approximately 9 x 11 mm. Adjacent surrounding**
**inflammation is present consistent with tendinitis or possible interstitial microtearing.**
**2. There is a strain or very subtle partial tear of the anterior musculotendinous junction of**
**the infraspinatus. Fluid is present adjacent to the musculotendinous junctions of the**
**infraspinatus and supraspinatus consistent with bursal collections.**
**3. A disc bulge and bony changes contribute to lateral recess and foraminal stenosis**
**bilaterally at L4-5 and L5-S1. is an annular tear involving the L5-S1 disc bulge**
**consistent with a recent injury.**
**4. There is a small focal disc herniation posteriorly on the right at L1-2.**
**5. A wide prominent posterior midline disc herniation at C5-6 causes diffuse cord contact**
**and posterior displacement of the cord without cord impingement. Spinal canal stenosis**
**is present. Bilateral foraminal stenosis is also present at this level secondary to bony changes.**
**Plaintiff reserves the right to amend or supplement this response prior to trial.**

23.

Please state whether you have had a "family doctor" (or primary care physician) at any time in the past ten (10) years and, if so, provide the name, address and telephone number for each said doctor.

**Response: Macon Family Health Center.**

24.

If you ever entered any institution for the treatment or observation of mental conditions, alcoholism or narcotic addiction, please state the name and address of such institution, the length of stay and the dates thereof, the reason for entry into such institution, and the name and address of the doctor who treated you for such condition.

**Response: None.**

25.

If you have ever been involved in any other legal action, including but not limited to domestic actions, personal injury actions and workers' compensation claims, either as a defendant or as a plaintiff, please state the date and place each such action was filed, giving the name of the court, the name of the other party or parties involved, the names of the attorneys representing each party, a description of the nature of each such action, and the result of each such action.

**EXHIBIT G**

**Response: Plaintiff is involved in a civil lawsuit in the State Court of Dekalb County.**

26.

With regard to any witness whom you expect to call as an expert witness at trial, including any of your treating physicians from whom you may elicit causation testimony at trial, please state the expert's name and business address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, a summary of the grounds for each opinion, whether such expert has furnished you or your attorneys a written report and, if so, the date of such report and the person having possession and control of the report, and the date on which the expert was first retained.

**Response: Plaintiff expects to call one or more treating physicians. Plaintiff reserves the right to amend or supplement this response prior to trial.**

27.

Do you intend to have any of the Plaintiff's medical providers offer testimony outside of the specific facts surrounding their care of the Plaintiff including, but not limited to, opinions about the cause of the injuries or condition for which they are treating the Plaintiff, the likelihood that other causes are possible, and the duration that the Plaintiff will continue to suffer from them in the future? If so, please state:

(a) The name of the provider(s) you intend to have offer this testimony;

(b) A summary of the expected testimony;

(c) The facts upon which the provider bases these opinions;

(d) Any sources upon which the provider relies to support these opinions; and

(e) Whether your attorney has discussed this expected testimony with them.

**Response: Plaintiff will supplement this response as provided by the Georgia Civil Practice Act.**

28.

With regard to any witness whom you expect to call as a fact witness at trial, please state

**EXHIBIT G**

the witness's name, address, and the subject matter on which the witness is expected to testify.

**Response: Plaintiff will supplement this response as provided by the Georgia Civil Practice Act.**

29.

Please identify all persons with whom you had a conversation with at the scene of the Incident, and state in detail the substance of each conversation.

**Response: Bibb County Sheriff's Office, Officer Laquta Pitts (badge 1952).**

30.

Please state the name, address, and telephone number of all witnesses known to you who saw or claimed they saw all or any part of the Incident.

**Response: Kenny Tran, 3476 Oakleigh Drive, Clayton, Georgia 30273; Latasha Davis, 3509 Daneels Street, New Orleans, Louisianna, 70115, Mable Brown; Yoalanda Davis; Charles Holmes 624 Montego Bay Court, Winter Park, Florida 32792; Bibb County Sheriff's Office, Officer Laquta Pitts (badge 1952).**

31.

Please describe in detail any conversations or communication you have had with any named Defendant or any Defendant's representatives at any time following the Incident.

**Response: Plaintiff did not have any conversations with any Defendants.**

32.

Please state whether or not on the date of the Accident the vehicle you were occupying had any defects, and if so, the nature of those defects.

**Response: Plaintiff's vehicle did not have any defects.**

33.

Please state your whereabouts within the 24-hour period *following* the Accident and the names of each and every person with whom you spoke and the subject matter of these conversations.

**Response: Plaintiff present himself to Piedmont Macon Hospital the day after the collision. Plaintiff reserves the right to amend or supplement this response prior to trial.**

**EXHIBIT G**

34.

Have you or anyone acting on your behalf made or obtained statements or reports, in any form, from any person regarding the Accident?  If so, please state the name and address of each person making any statement or report, the date and place each statement or report was made, and the name and address of each person who has custody of any such statement or report.

**Response: Plaintiff obtained the police report produced by Bibb County Sheriff's Office.**

35.

Do you or anyone acting on your behalf have or know of any photographs, maps, drawings, videotapes, diagrams, or other depictions or tangible evidence in any way relating to or concerning the Accident?  If so, as to each such item, please state the date it was made or taken, what it purports to show or represent, and the name and address of any person who has custody of it.

**Response: Plaintiff has photos of the property damage.**

36.

Please state whether you have maintained or otherwise possessed a personal website, personal blog, personal web portal or personal webpage.  This includes, but is not limited to, sites such as http://www.facebook.com, http://www.linkedin.com and http://www.twitter.com, whereupon you have information on display, as well as internet phone apps such as Instagram and Snapchat.  This Interrogatory also includes blogs to which you contribute material at least once a month.  If your answer to this Interrogatory is in the affirmative, please identify the correct URL address of that website, your username, ID, and/or email address associated with the account, and state how long you have used, maintained or otherwise possessed said website, web portal or webpage.  *[NOTE: This Interrogatory is not asking for your password or a download of your account at this time, so please do not object on that basis.]*

**Response: Plaintiff objects to Interrogatory No. 36 on the ground that it is overly broad and seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Courts routinely deny requests that amount to no more than fishing**

**EXHIBIT G**

expeditions for discovery of private social media pages where the party fails to make a threshold showing to the relevancy of any information contained on an individual's private social networking websites, internet usage or email addresses.  See, e.g., *Salvato v. Miley*, No. 5:12-CV-635-Oc-10PRL, 2013 U.S. Dist. LEXIS 81784, at *6-7 (M.D. Fla. June 11, 2013).

Further, Plaintiff has a right of privacy in his electronic communications which is protected by the criminal laws of this State. Specifically, the propounder of this discovery is prohibited from using a computer network, including Plaintiff's computer network, to discover the information sought. See O.C.G.A. § 16-9-93(c) which provides: "Any person who uses a computer or computer network with the intention of examining any employment, medical, salary, credit, or any other financial or personal data relating to any other person with knowledge that such examination is without authority shall be guilty of the crime of computer invasion of privacy." Plaintiff does not grant authority for examination of his stored electronic data.

37.

If you lost any time from your employment or occupation since the Incident, please state the cause of such loss of time, the number of days lost and the dates, and the amount of any wages or income lost.

**Response: Plaintiff missed several days of work due to the collision that is the subject of this lawsuit. Plaintiff will supplement this response as provided by the Georgia Civil Practice Act.**

38.

Please identify any liens (hospital, workers' compensation, Medicare, Medicaid, etc.) which exist or may exist as a result of any treatment for injuries for which you contend the Defendants are liable in this action.

**Response: Plaintiff is not aware of any enforceable liens.**

39.

If any persons or entities have agreed to underwrite, or otherwise provide secondary funding for, the payment of any medical bills that you allegedly incurred as a result of the Incident, please state the name and address of each such person or entity, the date the agreement to underwrite or otherwise provide secondary funding went into effect, and the terms and conditions of such an agreement.

**Response: Plaintiff has not entered into any such agreements.**

**EXHIBIT G**

40.

Please describe in detail the property damage which occurred to the vehicle you were driving or occupying at the time of the Accident.

**Response: Damage was done to the front bumper, the grille assembly, and park sensor. Plaintiff reserves the right to amend or supplement this response prior to trial.**

41.

Please explain in detail your lost wages damages and provide your calculation of lost wages damages.

**Response: To be supplied.**

42.

Please list every element of general damages, punitive damages, attorney's fees, litigation expenses, or other damages not otherwise specified in response to Interrogatory No. 17, that you contend you are entitled to recover from each Defendant and state the basis of that contention as to each.

**Response: Future Treatment: $45,000.00, Pain and suffering: $30,000.00. Total: $75,000.00.**

43.

Please identify all policies of uninsured or underinsured motorist coverage that provide coverage or may provide coverage to you for the claims asserted in your Complaint, including the name and address of the insurance company, the policy number, the coverage limits, the named insured, and your relationship to the named insured.

**Response: Spencer Harris, Progressive Direct Auto, P.O. Box 31260, Tampa, FL 33631; Policy no.: 948316306, $100k/$300k.**

**EXHIBIT G**

## IV.    <u>RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

1.

In the event that you were licensed to operate a motor vehicle at the time of the incident referred to in the Complaint in this action, or are presently licensed to operate a motor vehicle, please produce your driver license or an accurate and legible photo static copy thereof.

**Response: See attached license.**

2.

Please produce any and all documents (including but not limited to, audio or video tapes and transcripts of such tapes) identified in responding to Defendant's First Interrogatories to Plaintiff.

**Response: See attached property damage photos, police report, medical records and bills.**

3.

Please produce any and all photographs, motion pictures, recordings, videotapes, maps, drawings, diagrams, x-rays, audio or visual representations, or any other tangible or demonstrative evidence concerning or touching upon any fact, issue, claim, defense or alleged injuries in this case.

**Response: See attached medical records and bills.**

4.

Please produce any and all photographs, sketches, transparencies and/or drawings of any person, party, scene, tangible thing, or any other object or thing relative to the incident referred to in the Complaint of this action and the subject matter thereof.

**Response: See attached photos.**

5.

Please produce any and all documents concerning any claims that you have made to any insurance company, employer, or other entity as a result of this accident, including all written

**EXHIBIT G**

correspondence.

**Response: See attached Letter of Rep and Demand. Plaintiff reserves the right to amend or supplement this response prior to trial.**

6.

Please produce a copy of all written, recorded, or transcribed statements by any person concerning or touching upon any fact or issue in this case.

**Response: See attached police report.**

7.

Produce a copy of any diary, journal, calendar, organizer, Facebook activity, Twitter activity, notes, text, correspondence or other similar documents or things reflecting or containing observations or recollections relating to any fact or issue in this lawsuit, including the accident itself and your resulting claimed injuries and treatment.

**Response: None.**

8.

If you claim lost wages, please produce your pay stubs or copies of your paychecks for the one-year (1) year preceding this accident and six (6) months afterward.

**Response: To be supplied.**

9.

If you claim lost wages, please produce all tax returns filed on your behalf for the five (5) years prior to this Incident through the present.

**Response: To be supplied.**

10.

Please produce any and all documents reflecting any medical treatment you have received for injuries allegedly sustained as a result of this incident, including documents reflecting treatment Plaintiff already received, is still receiving, or treatment that is planned or recommended for the future.

**EXHIBIT G**

**Response: See attached medical records and bills.**

11.

Please produce a copy of any impairment or disability rating given to you by any medical care provider at any time.

**Response: See attached medical records.**

12.

Please produce any and all documents provided to, identified, referenced, generated or relied upon by any expert witnesses identified in your response to Interrogatories.

**Response: Plaintiff will supplement this response as provided by the Georgia Civil Practice Act.**

13.

Please produce a copy of a current resume or curriculum vitae of any witness whom you expect to call as an expert witness at trial.

**Response: Plaintiff will supplement this response as provided by the Georgia Civil Practice Act.**

14.

Please produce a copy of all reports authored by any witness whom you expect to call as an expert witness at trial.

**Response: Plaintiff will supplement this response as provided by the Georgia Civil Practice Act.**

15.

Please produce a copy of all correspondence directed to or authored by each expert witness whom you expect to call as an expert witness at trial which describes or refers in any way to the facts of the case, the materials provided for his or her review, the review or analysis he or she was requested to perform, and the fee paid to date to such expert.

**Response: Plaintiff will supplement this response as provided by the Georgia Civil Practice Act.**

16.

Please produce each and every document, writing, data compilation, or other tangible thing

**EXHIBIT G**

on which Plaintiff's expert(s) will rely in this case.  This request specifically includes but is not limited to any learned treatises, texts, articles and journals relied on by Plaintiff's expert(s).

**Response: Plaintiff will supplement this response as provided by the Georgia Civil Practice Act.**

17.

Please produce any and all documents you may wish to use as a demonstrative aid or admissible evidence at any hearing or trial regarding this matter, including but not limited to any video re-enactment, computer animation or other video.

**Response: See attached photos.**

18.

Please produce any and all settlement, insurance, or other agreements, check stubs or other documents concerning any payment made a result of the subject Accident.

**Response: None.**

19.

Please produce any and all documents evidencing your claim for lost wages and any claim for loss of future earnings or earning capacity.

**Response: To be supplied.**

20.

Please produce any documents reflecting any restrictions placed on you by any physician or other professional following this accident, including any documentation indicating the date you returned to work, or the date of an expected or potential date upon which you may return to work.

**Response: See attached medical records.**

21.

Please produce any and all documents evidencing medical treatment you have incurred for *any* reason following the Accident that forms the basis of your Complaint.

**Response: See attached medical records.**

**EXHIBIT G**

22.

Please produce any and all bills, invoices or other documents evidencing special or other damages you are claiming as a result of the Accident that forms the basis of your Complaint.

**Response: See attached medical bills.**

23.

For all documents upon which you claim a privilege exists, please provide a privilege log.

**Response: Plaintiff is not in possession of such documents.**

24.

If Plaintiff was eligible to receive in the last ten (10) years or is receiving Social Security Disability currently, please produce a copy of the Social Security Disability Eligibility Determination letter.

**Response: Plaintiff is not receiving Social Security Disability.**

25.

Please produce all documents relating to any consult, conversations or correspondence between you and any Defendant or employee or agent of any Defendant.

**Response: See attached Letter or Rep and Demand.**

26.

Please produce any documents obtained through any non-party request for production of documents, subpoena, subpoena duces tecum or signed authorization from you and issued by your counsel in this lawsuit.

**Response: None.**

27.

Please produce any photographs or video taken regarding the vehicles, the scene, persons involved, or any other matter relevant to the subject Accident.

**EXHIBIT G**

**Response: See attached photos.**

28.

Please produce all medical records pertaining to treatment rendered by any physician, dentist, chiropractor, physical therapist, hospital or other medical practitioner or facility in connection with any illness or condition from which you were suffering at the time of the Accident or in the ten (10) years prior to the Accident.

**Response: See attached medical records. Plaintiff reserves the right to amend or supplement this response prior to trial.**

29.

Please produce any and all statements or documents from your employers reflecting any time claimed to have been lost from work as a result of the occurrence which is the subject of this litigation.

**Response: To be supplied.**

30.

Please produce all insurance policies and correspondence with any insurance companies that may be liable to satisfy any part of a judgment in this action, including those described in your response to Defendant's Interrogatory No. 43.

**Response: See attached correspondence.**

31.

Please produce all documents which support any and all of the special damages which you claim in this action.

**Response: See attached medical bills. Plaintiff reserves the right to amend or supplement this response prior to trial.**

32.

Please produce all documents relating to the Plaintiff's employment for the period of five (5) years prior to or at any time subsequent to the occurrence which is the subject of this litigation.

**Response: To be supplied.**

**EXHIBIT G**

33.

Please produce all documents that constitute, relate or refer to an investigation of or an inquiry into the incident giving rise to the claims stated in the Complaint.

**Response: See police report.**

34.

Please produce all documents concerning any medical or other liens that have been or may be asserted against your recovery in this case.

**Response: None.**

35.

Please produce any and all funding company agreements where a third party has agreed to finance your medical treatment, and all correspondence with any such funding company.

**Response: Plaintiff has not received any funding from a third party.**

36.

Please produce any and all data downloads taken from any vehicle involved in the Accident.

**Response: Plaintiff is not in possession of such documents.**

37.

Please produce any and all data downloads taken from any GPS or phone device in connection with the Accident.

**Response: Plaintiff is not in possession of such documents.**

## V.   RESPONSES TO REQUESTS FOR ADMISSIONS

1.

Please admit that prior to the Accident, you had been diagnosed with conditions similar to the conditions which you allege were caused by the Accident.

**Response: Admitted.**

**EXHIBIT G**

2.

Please admit that prior to the Accident, you had experienced pain in the same areas of your body which you allege were injured in the Accident.

**Response: Admitted.**

3.

Please admit that prior to the Accident, you had consulted with medical professionals in relation to pain in the same areas of your body which you allege were injured in the Accident.

**Response: Admitted.**

4.

Please admit that prior to the Accident, you had received x-rays on the same areas of your body which you allege were injured in the Accident.

**Response: Admitted.**

5.

Please admit that prior to the Accident, you had received MRI and/or CT scans on the same areas of your body which you allege were injured in the Accident.

**Response: Admitted.**

6.

Please admit that you are not currently being treated by any healthcare provider for injuries which you allege were caused by the Accident.

**Response: Denied.**

7.

Please admit that you are not currently taking any prescription medications for injuries which you allege were caused by the Accident.

**Response: Admitted.**

**EXHIBIT G**

8.

Please admit that you are not currently taking any over-the-counter medications for injuries which you allege were caused by the Accident.

**Response: Denied.**

9.

Please admit that you have not received surgery for any injuries you allege you sustained in the Accident.

**Response: Denied.**

10.

Please admit that surgery has not been recommended to treat any injuries you allege you sustained in the Accident.

**Response: Denied.**

11.

Please admit that you have fully recovered from the injuries you allege you sustained in the Accident.

**Response: Denied.**

12.

Please admit that, aside from the claim involved in this civil action, you have previously made a claim for personal injuries against an insurance company.

**Response: Admitted.**

13.

Please admit that, aside from the claim involved in this civil action, you have previously made a claim for personal injuries against an individual or corporation.

**Response: Admitted.**

**EXHIBIT G**

14.

Please admit that you have been convicted of a crime punishable by imprisonment of one or more years in the last 10 years.

**Response: Denied.**

15.

Please admit that you have treated with a chiropractor at some point prior to the Accident.

**Response: Admitted.**

16.

Please admit that you have treated with a physical therapist at some point prior to the Accident.

**Response: Denied.**

17.

Please admit that you have treated with an orthopedist at some point prior to the Accident.

**Response: Admitted.**

18.

Please admit that during the Accident you were the driver of the vehicle that you occupied.

**Response: Admitted.**

19.

Please admit that immediately preceding the Accident you were using electronic devices (e.g., mobile phone, tablet, music player, etc.).

**Response: Denied.**

20.

Please admit that immediately preceding the Accident you were using your mobile phone.

**Response: Denied.**

**EXHIBIT G**

21.

Please admit that in the moments prior to the Accident you were distracted.

**Response: Denied.**

22.

Please admit that you were prescribed with corrective lenses (i.e. eyeglasses, contact lenses) at the time of the Accident.

**Response: Admitted.**

23.

Please admit that you were not wearing your prescribed corrective lenses during the Accident.

**Response: Denied.**

24.

Please admit that your property damages claim in this lawsuit has been resolved.

**Response: Admitted.**

25.

Please admit that the amount in controversy in this lawsuit exceeds $75,000.00.

**Response: Admitted.**

This 21st day of August, 2023.

Respectfully submitted,
**UGWONALI LAW GROUP, LLC**

/s/ Adanna U. Ugwonali
Adanna U. Ugwonali
Georgia Bar No. 360541

750 Hammond Drive NE
Building 12, Suite 200
Sandy Springs, Georgia 30328
(404) 593-2705
(404) 334-3306 [Facsimile]

**EXHIBIT G**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SPENCER HARRIS, | |
| Plaintiff, | CIVIL ACTION FILE NO.: |
| v. | |
| CHARLES HOLMES; JOHN DOE 1-3; CJ ALEXANDER TRUCKING, LLC, TRISURA SPECIALTY INSURANCE COMPANY, and ABC CORPORATION 1-3, | 23EV003129 |
| Defendants. | |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT TRISURA SPECIALTY INSURANCE COMPANY'S FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** with the Clerk of Court using the electronic filing system, which will automatically send email notification of such filing to the following attorneys of record:

Alain P. Fernandez & Amanda Matthews
Nall & Miller, LLP
235 Peachtree Street, NE
North Tower, Suite 1500
Atlanta, Georgia 30303
afernandez@nallmiller.com, amatthews@nallmiller.com
*Attorney for Trisura Specialty Insurance*

Dated: August 21, 2023

UGWONALI LAW GROUP LLC

/s/ Adanna Ugwonali
Adanna U. Ugwonali, Esq.
Georgia Bar No. 360541
(Attorney) for the Plaintiff

## EXHIBIT G