IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONAH JACKSON, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| UNITED PARCEL SERVICE, INC., SHANE SERRITT, and JOSH THOMPSON, | |
| Defendants. | |

**COMPLAINT FOR VIOLTIONS OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA) AND THE AMERICANS WITH DISABITLIIES ACT (ADA)**

COMES NOW Plaintiff Jonah Jackson ("Plaintiff"), by and through his undersigned counsel, and files his Complaint against Defendants United Parcel Service, Inc. ("Defendant" or "UPS"), Shane Serritt ("Defendant Serritt"), and Josh Thompson ("Defendant Thompson") as follows:

**Introduction**

1. Plaintiff, Jonah Jackson, was a driver for Defendant UPS. He sought time off to care for his ill mother who was dying and was denied. When she passed, he began to suffer from anxiety and depression, and sought intermittent FMLA leave which while technically granted by the company, was challenged by his supervisors,

1

Defendants Serritt and Thompson, who insisted on medical paperwork being provided directly to them. Although "leave early days" are commonly granted based upon seniority and Plaintiff had seniority over other drivers who were granted "leave early days", despite his needing such days for FMLA leave and to accommodate his disability, his supervisors denied him. His was disciplined for taking FMLA leave and his supervisors further shared information about his medical condition with other employees.

2. Plaintiff sought reasonable accommodations including shorter routes to which he was already entitled to have by virtue of seniority. He was denied those accommodations and neither his supervisors nor the company's HR team made any effort to work with him to accommodate those needs. Plaintiff was further harassed by supervisors ensuring that his truck was not loaded in an efficient manner making his routes more difficult, challenges and comments about his disability and FMLA needs, and general lack of support.

3. In May of 2022, Plaintiff specifically explained to Defendants Serritt and Thompson that the actions that they were taking were "torturing" him. He explained that they were causing him severe anxiety, bowel issues, and insomnia. In response, these two managers laughed at him and worked to increase his suffering using his anxiety disorder against him including forcing him to work while he was

suffering from dehydration resulting in a hospitalization for Glomerulonephritis causing damage to his kidneys, and making jokes each time he sought FMLA leave to pressure and embarrass him.

4.     On September 1, 2022, Plaintiff filed a charge of discrimination with the EEOC. Defendants began a pattern of retaliatory conduct as a result including forcing him to work overtime when employees with less seniority were not so required. In December of 2022, Plaintiff was wrongfully accused of a no-scan and threatened with termination. When he noted that this was not a terminable offense, he was promptly terminated for "threatening behavior." This complaint for violations of the FMLA and ADA and retaliation and Intentional Infliction of Emotional Distress follows.

## Parties

5.     Plaintiff, Jonah Jackson ("Jackson" or "Plaintiff"), is a citizen of the United States and of the State of Georgia who at all relevant times resided within the territorial jurisdiction of the United States District Court for the Northern District of Georgia. Plaintiff has been diagnosed with anxiety disorder and depression, which substantially impairs several major life activities. At all relevant times he was a qualified individual and an employee as defined by 42 U.S.C §12111. Plaintiff also suffered from a serious medical condition and was eligible for FMLA pursuant to 29

U.S.C. §2612. Plaintiff not only qualified for intermittent FMLA, but such leave was approved by the Company.

6. Defendant United Parcel Service, Inc., (hereinafter "UPS") is a corporation that at all relevant times regularly conducted business within the territorial jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division. During all times relevant hereto, Defendant was a covered employer under the ADA in accordance with 42 U.S.C. § 12111(5).

7. Defendant Shane Serritt, (hereinafter "Serritt") is, on information and belief, a citizen and resident of the United States and of the State of Georgia who at all times relevant resided within the territorial jurisdiction of the United States District Court for the Northern District of Georgia.

8. Defendant Joshua Thompson (hereinafter "Thompson") is, on information and belief, a citizen and resident of the United States and of the State of Georgia who at all times relevant resided within the territorial jurisdiction of the United States District Court for the Northern District of Georgia.

## Jurisdiction

9. Plaintiff flied a charge with the United States Equal Employment Opportunity Commission, Charge No. 410-2022-07108, on September 1, 2022, alleging violations of the Americans with Disabilities Act.

10. Plaintiff filed a second charge of discrimination, Charge No. 410-2023-02745 alleging retaliation in violation of the Americans with Disabilities Act.

11. Plaintiff received notices of right to sue on both charges on or about June 14, 2022.

12. This Complaint is filed within 90 days of the issuance of that Notice of Right to Sue and is therefore timely filed.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this claim involves a federal question brought under 42 U.S.C. §12111 *et seq*. (The Americans with Disabilities Act) and 29 U.S.C. §2601 *et seq.* the Family and Medical Leave Act (FMLA.) This Court has supplemental jurisdiction over the state law claims pled in this action pursuant to 28 U.S.C. §1367 because they are part of the same core controversy as those pled under the Federal Statutes.

## Venue

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because at all relevant times, Defendant regularly conducted business in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## Facts

15. Plaintiff began working for UPS on or about September 14, 2014, as part time inside help.

16. In 2019 Plaintiff became full time driver.

Defendant Serritt's Animosity toward Plaintiff's FMLA leave and His Plan to Interfere with It

17. In February of 2020, Plaintiff took FMLA leave for a foot injury, during which a screw was surgically inserted into his foot.

18. He was out on leave for 12 weeks as a result.

19. After Plaintiff returned from his FMLA leave, one of his supervisors, Defendant Serritt, began to target Plaintiff with write-ups in a pattern of harassment that continued until his ultimate termination.

20. Serritt began telling other drivers that he was "going to fire [Jackson] one way or another," and that Plaintiff was "his number one target."

21. On information and belief, Serritt's purpose was to interfere with all of Plaintiff's FMLA leave and to terminate him for taking it.

22. This began a cycle of terminations, grievances, and returns to work until finally Jackson was terminated on December 16, 2022.

23. This cycle included *inter alia*:

    a. On September 2, 2021, Serritt submitted a recommendation for Plaintiff's termination based upon his attendance record. Plaintiff had not taken any days of leave that were not either available to him as PTO or covered by his FMLA leave.  Plaintiff submitted a grievance to his Union about the termination and was ultimately rehired.

    b. In November of 2021, Plaintiff's mother became very sick.  Plaintiff was driving and began experiencing a panic attack about the health of his mother.  Plaintiff pulled over for the sake of safety.  However, when Plaintiff called Serritt, Serritt insisted that he get back on the road and finish his route, despite the fact that it was unsafe for him to drive while having a panic attack.

Plaintiff's Disabilities and His FMLA Leave for Anxiety and Depression

24. In January of 2022, Plaintiff's mother passed away.

7

25. Plaintiff became despondent after the death of his mother and began to suffer from panic, lack of sleep, nightmares, bowl issues, and other physiological responses.

26. He sought medical assistance and was then diagnosed with depression, anxiety disorder, and insomnia.

27. In order to treat his disabilities, Plaintiff took FMLA leave which was approved by UPS.

Serritt's Campaign of FMLA Interference and Retaliation

28. In March of 2022, after returning from FMLA, Serritt issued Plaintiff an "Intent to Discharge," firing Plaintiff for his "attendance record," despite the fact that Plaintiff's absences were FMLA-protected.

29. Plaintiff again prevailed with his union grievance.

Jackson Informs Serritt and Thompson of His Medical Condition and the Effects of Their Behavior on Him

30. On or about May 10, 2022, Serritt and Thompson demanded that Jackson recertify for his FMLA.

31. Jackson went into the office and spoke to them.

32. At that time, Plaintiff informed them that their actions were causing him severe emotional and physiological reactions including bowel issues, insomnia, and anxiety.

33. He informed them that their actions were "torturing" him and that asked that they stop the series of unnecessary and inappropriate write-ups.

34. The two laughed at him.

35. Plaintiff asked why they were laughing.

36. They grinned at him and informed him that the meeting was over.

Serritt and Thompson Escalate Their Harassing Behavior

37. Thereafter, Serritt and Thompson intentionally increased their harassing conduct.

38. They frequently wrote Plaintiff disciplinary letters on trivial or fabricated claims including "intent to discharge" write-ups.

39. On July 1, 2022, Plaintiff began suffering from dehydration and cramps on his route. He messaged Thompson, telling him that he was going to the Emergency Room.

40. Thompson responded sarcastically, "Sure you are."

41. In the ER, Plaintiff was diagnosed with acute glomerulonephritis. If left untreated, this condition can lead to end-stage renal failure.

42. On July 15, 2022, Jackson told Thompson and Serritt that he was taking an FMLA day.

43. Thompson responded sarcastically, "Hope you get that truck nice and clean today. Hope the strain of cleaning it doesn't mess with your back or cause you to cramp up or give you anxiety or insomnia."

44. On information and belief, Thompson and Serritt engaged in this pattern of increased harassment because they had been informed that it was torturing Jackson and they wanted to increase the pain of their torture upon him.

45. Despite the numerous attempts to fire Plaintiff on the basis of his protected FMLA leave, neither Serritt nor Thompson were ever removed from their positions.

<u>Serritt Falsifies Jackson's Timecard and Terminated Him.  He Still Loses Pay Despite Prevailing on the Grievance</u>

46. On July 26, 2022, Serritt terminated Jackson for "dishonesty."

47. Jackson prevailed on the grievance on the basis that Serritt had gone into Jackson's timesheet without Plaintiff's knowledge or permission and made the modifications falsifying it.

48. However, Jackson only received half of his back pay.

<u>Serritt Further Escalates His Retaliation</u>

49. On August 26, 2022, Plaintiff's second child was born. Plaintiff took 4 weeks of leave to be with his family.

50. After Plaintiff returned, Serritt and Thompson's harassment of Plaintiff escalated further by issuing as many as four or five disciplinary write-ups per day.

51. On information and belief, Serritt and Thompson further escalated their conduct because the prior conduct while torturous to Jackson had not effectively discharged him or caused a constructive discharge and because they were enjoying the effects they were having upon him.

Plaintiff's First Charge of Discrimination and Retaliatory Termination

52. Plaintiff filed a charge of discrimination on the basis of disability and retaliation on September 1, 2022.

53. On December 16, 2022, Serritt and Thompson brought Jackson into their office, claiming that Plaintiff had been brought a package he failed to pick up.

54. Jackson informed them that no one had brought him a package.

55. Thompson and Serritt then falsely claimed that Jackson became violent, threw a chair, and broke a door frame and terminated him.

56. On information and belief, Thompson and Serritt did so because Jackson had taken FMLA leave and/or because he had requested accommodations pursuant to the Americans with Disabilities Act, and/or because he filed a charge of discrimination with the EEOC.

11

## COUNT I

## DEMAND FOR RELIEF FOR FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

57. Plaintiff restates and realleges paragraphs 1 through 56 as paragraph 57 of this Count I.

58. By virtue of the foregoing, Defendant failed to engage in the interactive process as required by the Americans with Disabilities Act.

59. By virtue of the foregoing, Defendant failed to accommodate Plaintiff's disabilities in violation of the Americans with Disabilities Act.

60. As a result of these violations, Plaintiff suffered damages of both a pecuniary and non-pecuniary nature.

61. Defendant's actions in committing the violations were wanton and malicious warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Jonah Jackson, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant UPS and award him backpay, front pay, pre and post judgment interest, compensatory and punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and equitable.

## COUNT II

## DEMAND FOR RELIEF FOR DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILTIIES ACT

62. Plaintiff restates and realleges paragraphs 1 through 56 as paragraph 62 of this Count II.

63. By virtue of the foregoing, Defendant discriminated against Plaintiff on the basis of his disabilities in violation of the Americans with Disabilities Act.

64. As a result of these violations, Plaintiff suffered damages of both a pecuniary and non-pecuniary nature.

65. Defendant's actions in committing the violations were wanton and malicious warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Jonah Jackson, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant UPS and award him backpay, front pay, compensatory and punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and equitable.

## COUNT III

## DEMAND FOR RELIF FOR RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILTIES ACT

66. Plaintiff restates and realleges paragraphs 1 through 56 as paragraph 66 of this Count III.

67. By virtue of the foregoing, Defendant retaliated against Plaintiff on the basis of his disabilities in violation of the Americans with Disabilities Act.

68. As a result of these violations, Plaintiff suffered damages of both a pecuniary and non-pecuniary nature.

69. Defendant's actions in committing the violations were wanton and malicious warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Jonah Jackson, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant UPS and award him backpay, front pay, pre and post judgment interest, compensatory and punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and equitable.

## COUNT IV

## DEMAND FOR RELIEF FOR INTERFERENCE WITH LEAVE RIGHTS IN VIOLAITON OF THE FAMILY AND MEDICAL LEAVE ACT

70. Plaintiff restates and realleges paragraphs 1 through 56 as paragraph 70 of this Count IV.

71. By virtue of the foregoing, Defendant interfered with Plaintiff's right to take leave in violation of the Family and Medical Leave Act on numerous occasions.

72. As a result of these violations, Plaintiff suffered damages.

WHEREFORE, Plaintiff, Jonah Jackson, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant UPS, and award him backpay, front pay, pre and post judgment interest, liquidated damages, attorneys' fees and costs, and such other and further relief as this Court deems just and equitable.

## COUNT V

## DEMAND FOR RELIEF FOR RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

73. Plaintiff restates and realleges paragraphs 1 through 56 as paragraph 73 of this Count V.

74. By virtue of the foregoing, Defendant discriminated against Plaintiff for having sought leave under the Family and Medical Leave Act.

75. As a result of these violations, Plaintiff suffered damages.

WHEREFORE, Plaintiff, Jonah Jackson, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant UPS, and award him backpay, front pay, pre and post judgment interest, liquidated damages, attorneys' fees and costs, and such other and further relief as this Court deems just and equitable.

## COUNT VI

## DEMAND FOR RELIEF FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESSS AGAINST ALL DEFENDANTS

76. Plaintiff restates and realleges paragraphs 1 through 56 as paragraph 76 of this Count VI.

77. By virtue of the foregoing, Defendant Shane Serritt based upon his knowledge of Plaintiff's vulnerabilities, intentionally and maliciously engaged in extreme and outrageous conduct calculated to cause Plaintiff severe emotional (and physical) distress.

78. As a result of his actions, Plaintiff suffered severe emotional (and physical) distress.

79. By virtue of the foregoing, Defendant Joshua Thompson, based upon his knowledge of Plaintiff's vulnerabilities, intentionally and maliciously engaged in extreme and outrageous conduct calculated to cause Plaintiff severe emotional (and physical) distress.

80. As a result of his actions, Plaintiff suffered severe emotional (and physical) distress.

81. Defendants Serritt and Thompson were using their authority as supervisors for Defendant UPS to intentionally cause Plaintiff severe emotional (and

physical) distress, such that Defendant UPS is liable under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff, Jonah Jackson, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants Shane Serritt, Joshua Thompson, and UPS jointly and severally award him compensatory and punitive damages, and such other and further relief as this Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted the 12th day of September, 2023.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
Aaron B. Maduff
(*Pro Hac Vice Motion to be filed*)
IL Atty. No. 6226932

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matt@justiceatwork.com
aaron@justiceatwork.com