## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☐ **State Court of** _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 8/15/2023 _____ **MM-DD-YYYY** | 23A03715 **Case Number** _____ |

**Plaintiff(s)**                                                                                  **Defendant(s)**

| | | | | |   | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
      **Case Number**                          **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

**STATE COURT OF DEKALB COUNTY, GA.**
**8/15/2023 4:15 PM**
**E-FILED**
Version 1.1.20
**BY: Monica Gay**

EXHIBIT A

# IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

_____

_____

_____

CIVIL ACTION
NUMBER: 23A03715 _____

**PLAINTIFF**

VS.

**STATE FARM FIRE AND**
**CASUALTY COMPANY**
_____

_____

**DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

   Andrew Cobb, Esq.
   Jaraysi Law, LLC
   2250 Satellite Blvd. Ste. 120
   Duluth, GA 30097

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____,   20_____.

8/15/2023

**Clerk of State Court**

/s/ Monica Gay

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**DEASHUN WALKER, individually and as assignee of Terry Spivey,**

      **Plaintiff,**

**v.**

**STATE FARM FIRE AND CASUALTY COMPANY,**

      **Defendant.**

Civil Action File No.: 23A03715 _____

**JURY TRIAL DEMANDED**

---

### PLAINTIFF'S COMPLAINT FOR DAMAGES & JURY DEMAND

---

**COMES NOW,** Deashun Walker, individually and as assignee of Terry Spivey, (hereinafter referred to as, "Plaintiff"), by and through the undersigned counsel, and files this *Plaintiff's Complaint For Damages & Jury Demand against State Farm Fire and Casualty Company* (hereinafter referred to as "Defendant") as follows:

### JURISDICTION & VENUE

**1.**    Plaintiff is an adult Georgia resident and voluntarily subjects themselves to the Jurisdiction and Venue of this Honorable Court by filing this action.

**2.**    Defendant is a property and casualty insurance company doing business in DeKalb County.

**3.**    The subject property located at 2015 Northerly Way, Stone Mountain, GA 30088 is situated in DeKalb County, Georgia.

**4.**    Defendant's Agent for service of process is J. Patrick O'Brien c/o Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

**5.** Jurisdiction and Venue in the State Court of DeKalb County, Georgia is proper for the above and following reasons.

**FACTS**

**6.** Terry Spivey owned a parcel of property located at 2015 Northerly Way, Stone Mountain, GA 30088 (hereinafter referred to as "The premises") at all times relevant to the incident that is the subject of this Complaint.

**7.** Carol Spivey and Courteney Spivey resided at a residence located on the premises at all times relevant to the incident that is the subject of this Complaint.

**8.** Terry Spivey owned but did not reside at the subject property at the time of the subject incident described herein.

**9.** On, or around June 23, 2021, Plaintiff visited the premises through the express or implied invitation of Carol and Courteney by them ordering food for delivery.

**10.** At all times relevant to this lawsuit, Plaintiff was an invitee on the premises.

**11.** As Plaintiff approached the front door of the residence located on the premises, Plaintiff fell through a gap left by a missing step of the staircase leading to the front door.

**12.** At all times relevant to this incident, Terry, Carol, and Courteney all had actual or constructive knowledge that the gap left by the missing steps in the staircase leading to the front door of the residence located on the premises was a hazard and failed to take steps to remedy the hazard or warn invitees to avoid the hazard.

**13.** At all times relevant to this incident, Plaintiff lacked knowledge of the hazard posed by the gap left by the missing steps in the staircase leading to the front door of the residence located on Defendant Terry's premises.

**14.**     Plaintiff filed a lawsuit against Terry Spivey, Carol Spivey, and Courteney Spivey alleging Negligence and Landowner's Liability.

**15.**     Terry Spivey held a valid homeowner's insurance policy with Defendant; No. 11-CJ-0107-2. (A true and correct copy of the declarations page reflecting this policy is attached hereto as **Exhibit A**.)

**16.**     Terry Spivey tendered the Defense of the previous lawsuit to Defendant.

**17.**     Defendant initially accepted coverage and provided Terry Spivey with an attorney in Defense of the lawsuit.

**18.**     Sometime later, Defendant revoked its defense of Terry Spivey. (A true and correct copy of the revocation and denial letter is attached hereto as **Exhibit B**.)

**19.**     The claim made by the Plaintiff was capable of acceptance by State Farm.

**20.**     Plaintiff's demand was a valid and reasonable opportunity to settle Plaintiff's claim.

**21.**     Since State Farm revoked its coverage, they have since abandoned this case and all related claims.

**22.**     State Farm claims that there are exclusions within the policy that allow them to deny coverage based on the definitions of the Policy.

**23.**     As a proximate and direct result of Defendants' actions and/or inactions, Plaintiff suffered serious mental and physical injuries.

## I.     <u>BREACH OF CONTRACT</u>

**24.**     Plaintiff incorporates all previous allegations of this Complaint as if set forth verbatim herein.

**25.**     At all times relevant to this incident, Terry Spivey fulfilled all conditions precedent to coverage under the policy.

26.     On March 22, 2022, Defendant State Farm Fire and Casualty Insurance Company revoked and denied coverage without just cause, thereby breaching the contract.

27.     The underlying action resulted in a Judgment against Terry Spivey in the amount of $100,000.00.

28.     The factual allegations in the underlying lawsuit triggered coverage under the Policy for Terry Spivey.

29.     State Farm had a duty to defend Terry Spivey under the terms of the Policy, and State Farm breached that duty by failing to defend Terry Spivey in the underlying lawsuit.

30.     The judgment in the underlying lawsuit arose naturally and according to the usual course of things from an insurer's breach of duty to Mr. Spivey.

31.     State Farm has breached the duty to indemnify Terry Spivey for the resulting Judgment, post-judgment interest and by failing to pay any other benefits due under the policy.

32.     Because of its breaches, State Farm is liable to Plaintiff, as assignee of Terry Spivey, for the full amount of the judgment and all post-judgment interest and other damages, including nominal damages.

## II.     NEGLIGENT OR BAD FAITH FAILURE TO SETTLE UNDER THE COMMON LAW

33.     Plaintiff incorporates all previous allegations of this Complaint as if set forth verbatim herein.

34.     At all times relevant, Terry Spivey owned, operated, maintained, or controlled and was otherwise responsible for the management and maintenance of the staircase leading to the front door of the residence located on Terry Spivey's premises.

35.  At all times relevant, Carol and Courteney, physically occupied and resided on the subject property owned by Terry Spivey, therefore exercising possession and control of the staircase leading to the front door of the residence located on the subject premises.

36.  The Judgment is a proximate result of these breaches and State Farm is liable for the full amount of the Judgment and other damages.

### III.    JUDGMENT CREDITORS' DIRECT ACTION AGAINST JUDGMNET DEBTOR'S INSURANCE COMPANY

37.  Plaintiff incorporates all previous allegations of this Complaint as if set forth verbatim herein.

38.  The Judgment fixes the liability of State Farm's insured, allowing Plaintiff to maintain an action directly against State Farm for the proceeds of the Policy *Smith v. GEICO,* 179 Ga. App. 654 (1986).

39.  As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiff suffered conscious physical pain and suffering.

40.  As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiff suffered conscious mental pain and suffering.

41.  As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiff incurred reasonable and necessary medical expenses of no–less–than $40,549.58 due to the nature and extent of Plaintiff's injuries.

42.  By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendants for past, present, and future emotional and physical pain and

suffering, disability, and loss of quality of life in such an amount as shall be shown by the evidence and determined by the enlightened conscience of the jury.

43.     By reason of the foregoing, Plaintiff is entitled to recover special damages from Defendants for past and future medical expenses, in such an amount as shall be shown by the evidence and proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court for the following:

**[a]**     That Summons issue and service be perfected upon Defendants requiring them to appear in this Honorable Court within the time prescribed by Georgia law and answer this Complaint;

**[b]**     Judgment for Plaintiffs against Defendants for past, present and future pain and suffering;

**[c]**     Judgment for Plaintiffs against Defendants for past, present and future treatment expenses;

**[d]**     Trial by jury of twelve (12) jurors under O.C.G.A. § 15–12–122(a)(2); and

**[e]**     Any other relief this Court deems fair and just.

### **[SIGNATURE PAGE FOLLOWS]**

**THIS 15TH DAY OF AUGUST, 2023.**                    *RESPECTFULLY SUBMITTED,*



_____

**PETER JARAYSI, ESQ.**
Georgia Bar #  297725
Direct Dial:  470-232-1393
E-Mail:  peter@jaraysilawfirm.com
**ANDREW COBB, ESQ.**
Georgia Bar #  453488
Direct Dial:  470-226-1774
E-Mail:  andrew@jaraysilawfirm.com

**JARAYSI LAW, LLC**
2250 Satellite Blvd. Ste. 120                    *Attorneys for the Plaintiff*
Duluth, GA 30097
Fax:     888-576-7869

STATE COURT OF
DEKALB COUNTY, GA.
8/15/2023 4:15 PM
E-FILED
BY: Monica Gay

of which **you** are a member, employee, subscriber, licensee, or franchisee.

d. **Your** purchase of this policy may allow:

(1) **you** to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the **State Farm Companies**, subject to their applicable eligibility rules; or

(2) the premium or price for other products or services purchased by **you**, including non-insurance products or services, to vary. Such other products or services must be provided by the **State Farm Companies** or by an organization that has entered into an agreement or contract with the **State Farm Companies**. The **State Farm Companies** do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization.

12. **Right to Inspect.**

a. **We** have the right but are not obligated to perform the following:

(1) make inspections and surveys of the **insured location** at any time;

(2) provide **you** with reports on conditions **we** find; or

(3) recommend changes.

Any inspections, surveys, reports, or recommendations relate only to insurability and the premiums to be charged.

b. **We** do not:

(1) make safety inspections;

(2) undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public;

(3) warrant that conditions are safe or healthful; or

(4) warrant that conditions comply with laws, regulations, codes, or standards.

This condition applies to **us** and to any rating, advisory, rate service, or similar organization that makes insurance inspections, surveys, reports, or recommendations on **our** behalf.

13. **Joint and Individual Interests.** When there are two or more Named Insureds, each acts for all to cancel or change this policy.

14. **Change of Policy Address. We** may change the Named Insured's policy address as shown in the **Declarations** and in **our** records to the most recent address provided to **us** by:

a. **you**; or

b. the United States Postal Service.

15. **Electronic Delivery.** With **your** consent, **we** may electronically deliver any document or notice, including a notice to renew, nonrenew, or cancel, instead of mailing it or delivering it by other means. Proof of transmission will be sufficient proof of notice.

16. **Our Rights Regarding Claim Information.**

a. **We** will collect, receive, obtain, use, and retain all the items described in item b.(1) below and use and retain the information described in item b.(3)(b) below, in accordance with applicable federal and state laws and regulations and consistent with the performance of **our** business functions.

b. Subject to 16.a. above, **we** will not be restricted in or prohibited from:

(1) collecting, receiving, or obtaining records, receipts, invoices, medical bills, medical records, wage information, salary information, employment information, data, and any other information;

(2) using any of the items described in item b.(1) above; or

(3) retaining:

(a) any of the items in item b.(1) above; or

(b) any other information **we** have in **our** possession as a result of **our** processing, handling, or otherwise resolving claims submitted under this policy.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017
HW-2111

c. *We* may disclose any of the items in b.(1) above and any of the information described in item b.(3)(b) above:

   (1) to enable performance of *our* business functions;

   (2) to meet *our* reporting obligations to insurance regulators;

   (3) to meet *our* reporting obligations to insurance data consolidators;

   (4) to meet other obligations required by law; and

   (5) as otherwise permitted by law.

d. *Our* rights under 16.a., 16.b., and 16.c. above will not be impaired by any:

   (1) authorization related to any claim submitted under this policy; or

   (2) act or omission of an *insured* or a legal representative acting on an *insured's* behalf.

17. **Duties Regarding Claim Information.** An *insured* or a legal representative acting on an *insured's* behalf must provide *us* with any requested authorizations related to the claim. *Our* rights as set forth under **Our Rights Regarding Claim Information** of this policy will not be impaired by any:

a. authorization related to the claim; or

b. act or omission of an *insured* or a legal representative acting on an *insured's* behalf.

## OPTIONAL POLICY PROVISIONS

Each Optional Policy Provision applies only as shown in the *Declarations* and is subject to all the terms, provisions, exclusions, and conditions of this policy.

**Option AI – Additional Insured.** The definition of *insured* is extended to include the person or organization shown in the *Declarations* as an Additional Insured or whose name is on file with *us*. Coverage is with respect to:

1. **SECTION I – Coverage A**, **Coverage B**, or **Coverage C**; or

2. **SECTION II – Coverage L** and **Coverage M** but only with respect to the *residence premises*. This coverage does not apply to *bodily injury* to an employee arising out of or in the course of the employee's employment by the person or organization.

This option applies only with respect to the location shown in the *Declarations*.

**Option BP – Business Property.** The COVERAGE B – PERSONAL PROPERTY, **Special Limits of Liability**, item b., for property used or intended for use in a *business*, including merchandise held as samples or for sale or for delivery after sale, is changed as follows:

The $1,500 limit is replaced with the amount shown in the *Declarations* for this option.

**Option BU – Business Pursuits.** SECTION II – EXCLUSIONS, item 1.b. is modified as follows:

1. Section II coverage applies to the *business* pursuits of an *insured* who is a:

a. clerical office employee, salesperson, collector, messenger; or

b. teacher (except college, university, and professional athletic coaches), school principal, or school administrator;

while acting within the scope of the above listed occupations.

2. However, no coverage is provided:

a. for *bodily injury* or *property damage* arising out of a *business* owned or financially controlled by the *insured* or by a partnership of which the *insured* is a partner or member;

b. for *bodily injury* or *property damage* arising out of the rendering of or failure to render professional services of any nature (other than teaching or school administration). This exclusion includes but is not limited to:

   (1) computer programming, architectural, engineering, or industrial design services;

   (2) medical, surgical, dental, or other services or treatment conducive to the health of persons or animals; and

   (3) beauty or barber services or treatment;

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

c. for **bodily injury** to a fellow employee of the **insured** injured in the course of employment; or

d. when the **insured** is a member of the faculty or teaching staff of a school or college:

(1) for **bodily injury** or **property damage** arising out of the maintenance, use, loading, or unloading of:

(a) draft or saddle animals, including vehicles for use with them; or

(b) aircraft, **motor vehicles**, recreational **motor vehicles** or watercraft, airboats, air cushions, or personal watercraft which use a water jet pump powered by an internal combustion engine as the primary source of propulsion;

owned, operated, or hired by or for the **insured** or employer of the **insured** or used by the **insured** for the purpose of instruction in the use thereof; or

(2) under **Coverage M** for **bodily injury** to a student arising out of corporal punishment administered by or at the direction of the **insured**.

**Option FA – Firearms.** Firearms are covered for accidental direct physical loss or damage.

The limits for this option are shown in the **Declarations**. The first amount is the limit for any one article; the second amount is the aggregate limit for each loss.

The following additional provisions apply:

1. **We** will not pay for any loss to the property described in this option either consisting of, or directly and immediately caused by, one or more of the following:

a. mechanical breakdown, wear and tear, or gradual deterioration;

b. all animals, birds, or insects, including nesting, infestation, gnawing, feeding, breeding, or discharge or release of waste products or secretions by animals, birds, or insects. However, **we** will pay for losses caused by wild bears or deer;

c. any process of refinishing, renovating, or repairing;

d. dampness of atmosphere or extremes of temperatures;

e. inherent defect or faulty manufacture;

f. rust, fouling, or explosion of firearms;

g. breakage, marring, scratching, tearing, or denting unless caused by fire, thieves, or accidents to conveyances; or

h. infidelity of an **insured's** employees or persons to whom the insured property may be entrusted or rented;

2. **Our** limit for loss by any Coverage B peril except theft is the limit shown in the **Declarations** for Coverage B, plus the aggregate limit;

3. **Our** limits for loss by theft are those shown in the **Declarations** for this option. These limits apply in lieu of the Coverage B theft limit; and

4. **Our** limits for loss by any covered peril except those in items 2. and 3. above are those shown in the **Declarations** for this option.

**Option ID – Increased Dwelling Limit. We** will settle losses to damaged **building structures** covered under **COVERAGE A – DWELLING** according to the **Loss Settlement Provision** shown in the **Declarations**.

If the amount **you** actually and necessarily spend to repair or replace damaged **building structures** exceeds the applicable limit of liability shown in the **Declarations**, **we** will pay the additional amounts not to exceed:

1. the Option ID limit of liability shown in the **Declarations** to repair or replace the **dwelling**; or

2. 10% of the Option ID limit of liability to repair or replace **building structures** covered under **COVERAGE A – DWELLING**, Other Structures.

**Report Increased Values. You** must notify **us** within 90 days of the start of construction on any new **building structure** costing $5,000 or more; or any additions to or remodeling of **building structures** that increase their values by $5,000 or more. **You** must pay any additional premium due for the increased value. **We** will not pay more than the applicable limit of liability shown in the **Declarations** if **you** fail to notify **us** of the increased value within 90 days.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

**Option IO – Incidental Business.** The coverage provided by this option applies only to that incidental *business* occupancy on file with *us*.

1. **COVERAGE A – DWELLING**, **Other Structures**, item 2.b. is deleted.

2. **COVERAGE B – PERSONAL PROPERTY** is extended to include equipment, supplies, and furnishings usual and incidental to this *business* occupancy. This Optional Policy Provision does not include electronic data processing system equipment or the recording or storage media used with that equipment or merchandise held as samples or for sale or for delivery after sale.

   The Option IO limits are shown in the *Declarations*. The first limit applies to property on the *residence premises*. The second limit applies to property while off the *residence premises*. These limits are in addition to the **COVERAGE B – PERSONAL PROPERTY**, **Special Limits of Liability** on property used or intended for use in a *business*.

3. Under Section II, the *residence premises* is not considered *business* property because an *insured* occupies a part of it as an incidental *business*.

4. **SECTION II – EXCLUSIONS**, item 1.b. is replaced with the following:

   b. *bodily injury* or *property damage* arising out of *business* pursuits of any *insured*, except as provided in item c. below. This exclusion does not apply to activities that are ordinarily incident to non-*business* pursuits or to *business* pursuits of an *insured* that are necessary or incidental to the use of the *residence premises* as an incidental *business*;

5. This insurance does not apply to:

   a. *bodily injury* to an employee of an *insured* arising out of the *residence premises* as an incidental *business* other than to a *residence employee* while engaged in the employee's employment by an *insured*;

   b. *bodily injury* to a student arising out of corporal punishment administered by or at the direction of the *insured*;

c. liability arising out of any acts, errors, or omissions of an *insured*, or any other person for whose acts an *insured* is liable, resulting from the preparation or approval of data, plans, designs, opinions, reports, programs, specifications, supervisory inspections, or engineering services in the conduct of an *insured's* incidental *business* involving data processing, computer consulting, or computer programming; or

d. any claim made or suit brought against any *insured* by:

   (1) any person in the care of any *insured* because of child care services provided by or at the direction of:

      (a) any *insured*;

      (b) any employee of any *insured*; or

      (c) any other person actually or apparently acting on behalf of any *insured*; or

   (2) any person who makes a claim because of *bodily injury* to any person in the care of any *insured* because of child care services provided by or at the direction of:

      (a) any *insured*;

      (b) any employee of any *insured*; or

      (c) any other person actually or apparently acting on behalf of any *insured*.

   Coverage M does not apply to any person indicated in d.(1) and d.(2) above.

   This exclusion does not apply to the occasional child care services provided by any *insured*, or to the part-time child care services provided by any *insured* under 19 years of age.

**Option JF – Jewelry and Furs.** Jewelry, watches, fur garments and garments trimmed with fur, precious and semi-precious stones, gold other than goldware, silver other than silverware, and platinum are covered for accidental direct physical loss or damage.

The limits for this option are shown in the *Declarations*. The first amount is the limit for any one article; the second amount is the aggregate limit for each loss. All provisions and exclusions of **SECTION I – LOSSES**

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

INSURED, **COVERAGE B – PERSONAL PROPERTY, Theft** apply to Option JF.

The following additional provisions apply:

1. **We** will not pay for any loss to the property described in this option either consisting of, or directly and immediately caused by, one or more of the following:

   a. mechanical breakdown, wear and tear, or gradual deterioration;

   b. all animals, birds or insects, including nesting, infestation, gnawing, feeding, breeding, or discharge or release of waste products or secretions by animals, birds, or insects. However, **we** will pay for losses caused by wild bears or deer;

   c. inherent vice; or

   d. seizure or destruction under quarantine or customs regulations;

2. **Our** limit for loss by any Coverage B peril except theft is the limit shown in the **Declarations** for Coverage B, plus the aggregate limit;

3. **Our** limits for loss by theft are those shown in the **Declarations** for this option. These limits apply in lieu of the Coverage B theft limit; and

4. **Our** limits for loss by any covered peril except those in items 2. and 3. above are those shown in the **Declarations** for this option.

**Option OL – Building Ordinance or Law.**

1. **Coverage Provided.** The total limit of insurance provided by this option will not exceed an amount equal to the Option OL percentage shown in the **Declarations** of the Coverage A limit shown in the **Declarations** at the time of the loss, as adjusted by the Inflation Coverage provisions of this policy. This is an additional amount of insurance and applies to **building structures** on the **residence premises**.

2. **Damaged Portions of Building Structure.** When a **building structure** covered under **COVERAGE A – DWELLING** is damaged by a **loss insured**, **we** will pay for the increased cost to repair or rebuild the physically damaged portion of the **building structure** caused by the enforcement of a building, zoning, or land use ordinance or law if the enforcement is directly caused by the same **loss insured** and the

requirement is in effect at the time the **loss insured** occurs.

3. **Undamaged Portions of Damaged Building Structure.** When a **building structure** covered under **COVERAGE A – DWELLING** is damaged by a **loss insured**, **we** will also pay for:

   a. the cost to demolish and clear the site of the undamaged portions of the **building structure** caused by the enforcement of a building, zoning, or land use ordinance or law if the enforcement is directly caused by the same **loss insured** and the requirement is in effect at the time the **loss insured** occurs; and

   b. loss to the undamaged portion of the **building structure** caused by enforcement of any ordinance or law if:

      (1) the enforcement is directly caused by the same **loss insured**;

      (2) the enforcement requires the demolition of portions of the same **building structure** not damaged by the same **loss insured**;

      (3) the ordinance or law regulates the construction or repair of the **building structure**, or establishes zoning or land use requirements at the described premises; and

      (4) the ordinance or law is in force at the time of the occurrence of the same **loss insured**; or

   c. legally required changes to the undamaged portion of the **building structure** caused by the enforcement of a building, zoning, or land use ordinance or law, if:

      (1) the enforcement is directly caused by the same **loss insured**;

      (2) the requirement is in effect at the time the **loss insured** occurs; and

      (3) the legally required changes are made to the undamaged portions of specific **building structure** features, systems, or components that have been physically damaged by the **loss insured**.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

*We* will not pay for legally required changes to specific *building structure* features, systems, or components that have not been physically damaged by the *loss insured*.

4. **Building Ordinance or Law Coverage Limitations.**

   a. *We* will not pay for any increased cost of construction:

      (1) until the *building structure* is actually repaired or replaced at the same or another premises in the same general vicinity;

      (2) unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years; and

      (3) due to any original or subsequent construction, addition, modification, renovation, remodel, or repair to a *building structure* that did not comply with a building, zoning, or land use ordinance or law in effect when the construction, addition, modification, renovation, remodel, or repair was performed.

   b. *We* will not pay more under this coverage than the amount *you* actually spend:

      (1) for the increased cost to repair or rebuild the *building structure* at the same or another premises in the same general vicinity if relocation is required by ordinance or law; and

      (2) to demolish and clear the site of the undamaged portions of the *building structure* caused by enforcement of building, zoning, or land use ordinance or law.

   *We* will not pay for more than a *building structure* of the same height, floor area, and style on the same or similar premises as the *building structure*, subject to the limit provided in paragraph 1. **Coverage Provided** of this option.

**Option SG – Silverware and Goldware Theft.** The **COVERAGE B – PERSONAL PROPERTY**, **Special Limits of Liability**, item i., for theft of silverware and goldware is increased to be the amount shown in the *Declarations* for this option.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

HW-2111

# HO-2465 FUNGUS (INCLUDING MOLD) LIMITATION OF LIABILITY COVERAGE ENDORSEMENT ($50,000)

This endorsement modifies insurance provided under the following: HOMEOWNERS POLICY, CONDOMINIUM UNITOWNERS POLICY, and RENTERS POLICY

Except for the coverage provided by this endorsement, the policy to which this endorsement is attached does not apply to any claim or suit for damages because of **bodily injury** or **property damage** arising out of or resulting from **fungus**.

## SECTION II – LIABILITY COVERAGES

**COVERAGE L – PERSONAL LIABILITY** is amended to include the following:

**We** will pay up to **our** limit of liability all sums that the **insured** is legally obligated to pay as damages because of **bodily injury** or **property damage** arising out of or resulting from the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any **fungus** at or from any source or location.

However, **we** do not cover any loss, cost, or expense arising out of any:

(1) request, demand, order, or statutory or regulatory requirement that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate, dispose of, or in any way respond to or assess the effects of **fungus**; or

(2) claim or suit for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, disposing of, or in any way responding to or assessing the effects of **fungus**.

## LIMIT OF LIABILITY

Regardless of the number of **insureds** under this coverage or number of claims made or suits brought, the most **we** will pay under this coverage for all claims for damages in any one **occurrence** is $50,000. This limit is also the most **we** will pay for the sum of all claims arising from all **occurrences** during each policy period.

All other policy provisions apply.

HO-2465

©, Copyright, State Farm Mutual Automobile Insurance Company, 2016

## HO-2584 FUNGUS (INCLUDING MOLD) LIMITED COVERAGE ENDORSEMENT

This endorsement modifies insurance provided under the following: HOMEOWNERS POLICY, CONDOMINIUM UNITOWNERS POLICY, and RENTERS POLICY

**SECTION I – LOSSES NOT INSURED** 2.g., **Fungus** (**SECTION I – LOSSES NOT INSURED** 1.g. if **you** have a RENTERS POLICY), does not apply to the extent coverage is provided by this endorsement.

**SECTION I – ADDITIONAL COVERAGES**

The following is added:

**Remediation of Fungus.**

a. If **fungus** is the result of a **loss insured** other than fire or lightning, **we** will pay for:

  (1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the **residence premises** or location of the rebuilding, repair, or replacement of that property, by **fungus**;

  (2) any remediation of **fungus**, including the cost or expense to:

    (a) remove the **fungus** from covered property or to repair, restore, or replace that property;

    (b) tear out and replace any part of the **building structure** or other property as needed to gain access to the **fungus**; or

    (c) contain, treat, detoxify, neutralize, or dispose of or in any way respond to or assess the effects of the **fungus**; or

  (3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of **fungus**, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

b. **We** do not cover **fungus** that is the result of:

  (1) seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:

    (a) and is:

      i.   continuous;

      ii.  repeating;

      iii. gradual;

      iv. intermittent;

      v.  slow; or

      vi. trickling; and

    (b) from a:

      i.   heating, air conditioning, or automatic fire protective sprinkler system;

      ii.  household appliance; or

      iii. plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.

    **We** also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time.

    Item b. does not apply if the seepage or leakage of water, steam, or sewage is hidden from view within the walls, ceilings, or floors, and unknown by the **insured**.

  (2) defect, weakness, inadequacy, fault, or unsoundness in:

    (a) planning, zoning, development, surveying, or siting;

    (b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

    (c) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

    (d) maintenance;

    of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**.

c. This coverage applies only if:

  (1) **we** receive immediate notice of the occurrence of the **loss insured** that is alleged to have resulted in **fungus**, and remediation begins as soon as possible; and

  (2) all reasonable means were used to save and preserve the property from further damage at the time of and after the occurrence of the **loss insured**.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017
CONTINUED

HO-2584
Page 2 of 2

d. The most **we** will pay for this coverage, in any one policy period, is the limit of insurance shown on the *Declarations* for this endorsement. This limit applies only to *fungus* resulting from a *loss insured* other than fire or lightning regardless of:

(1) the number of *losses insured* that combine or contribute to the presence of resulting *fungus*; or

(2) the number of claims made during the policy period.

This limit includes any payments for **SECTION I – ADDITIONAL COVERAGES** and **COVERAGE C – LOSS OF USE**. Any payments made for this coverage are part of and not in addition to the limit of insurance that applies to covered property.

All other policy provisions apply.

HO-2584

©, Copyright, State Farm Mutual Automobile Insurance Company, 2017



# Certified Policy Record

I, the undersigned, do hereby confirm that I am custodian of the records pertaining to the issuance of policies by State Farm Fire and Casualty Company.

I received the request for a true and accurate record of the terms and conditions of Policy Number 11-CJ-0107-2 including any endorsements, if applicable, for the policy term(s) 12/05/2020 to 12/05/2021 and insuring SPIVEY, TERRY based on available records.

However, I am unable to provide a complete record as the information is not available.

The following documents are not available:
Changes to the additional interest lienholder occurred during the policy term.

All other policy information is accurate, as indicated on the Declaration page for the policy term(s) 12/05/2020 to 12/05/2021.

The policy was in effect on the loss date of 06/28/2021.

Lidia Diaz
Underwriter
Date: 04/01/2022

*A Stock Company With Home Offices in Bloomington, Illinois*

O Box 88049
anta GA 30356-9901

 **StateFarm**®

T2      004471 3200      H-27-1722-FB59  F H W

PIVEY, TERRY
015 NORTHERLY WAY
TONE MOUNTAIN GA   30088-4309

# RENEWAL DECLARATIONS

**AMOUNT DUE:**                                **None**

**Payment is due by  TO BE PAID BY MORTGAGEE**

**Policy Number:**   11-CJ-0107-2

**Policy Period:**  12 Months
**Effective Dates:** DEC 05 2020 to DEC 05 2021
The policy period begins and ends at 12:01 am standard
time at the residence premises.

**Your State Farm Agent**
JIMMY JONES
5500 OLD NAT HWY
COLLEGE PARK GA   30349-3854

**Phone: (404) 761-7762  or  (404) 761-2025**

**eowners Policy**

**on of Residence Premises**
NORTHERLY WAY
E MOUNTAIN GA  30088-4309

**Roof Material:** Composition Shingle
**Roof Installation Year:**  Default to Year Built

ruction:        Frame
Built:          1983

**atic Renewal**
**POLICY PERIOD** is shown as **12 MONTHS,** this policy will be renewed automatically subject to the premiums, rules,
rms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lien-
r written notice in compliance with the policy provisions or as required by law.

**RTANT MESSAGES**

E: Information concerning changes in your policy language is included.  Please call your agent with any questions.
 help us update the data used to determine your premium. Contact your agent with the year each of
ome's utilities (heating/cooling, plumbing, or electrical) and roof were last updated.

**IUM**

l Premium                                                                          $2,023.00
*remium has already been adjusted by the following:*
Record Discount

**Premium**                                                                      **$2,023.00**

OCT 12 2020

*Thanks for letting us serve you.  We appreciate our long term customers.*

420
GB,DR,6T,R7

{o1F1000B}  04-04-2016



**D INSURED**

**MORTGAGEE AND ADDITIONAL INTERESTS**

Y, TERRY

**Mortgagee**
M&T BANK
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 5738
SPRINGFIELD OH  45501-5738

Loan Number :
0051883270

## ON I - PROPERTY COVERAGES AND LIMITS

| ge | Limit of Liability |
|---|---|
| lling | $ 177,400 |
| Structures | $ 17,740 |
| sonal Property | $ 133,050 |
| s of Use | $ 53,220 |
| s (including Mold) Limited Coverage | $ 10,000 |

**onal Coverages**

| | |
|---|---|
| Reward | $1,000 |
| Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money | $1,000 |
| Removal | Additional 5% available/$1,000 tree debris |
| epartment Service Charge | $500 per occurrence |
| oil Release | $10,000 |
| and Remote Devices | $1,000 |
| Shrubs, and Landscaping | 5% of Coverage A amount/$750 per item |

## ON II - LIABILITY COVERAGES AND LIMITS

| ge | Limit of Liability |
|---|---|
| onal Liability (Each Occurrence) | $ 100,000 |
| ge to the Property of Others | $ 1,000 |
| dical Payments to Others (Each Person) | $ 1,000 |

## TION

n Coverage Index: 284.4

## CTIBLES

| n I Deductible | Deductible Amount |
|---|---|
| sses  1/2%   (MIN) | $ 1,000 |

## SETTLEMENT PROVISIONS

eplacement Cost - Similar Construction
mited Replacement Cost - Coverage B

OCT 12 2020

**11-CJ-0107-2**



## FORMS, OPTIONS, AND ENDORSEMENTS

| | |
|---|---|
| HW-2111 | Homeowners Policy |
| Option ID | Increase Dwlg up to $35,480 |
| Option OL | Ordinance/Law   10%/   $17,740 |
| Option JF | Jewelry and Furs $1,500 Each |
| | Article/$2,500 Aggregate |
| HO-2465 | Fungus (Incl Mold) Liability |
| HO-2584 | Fungus (Incl Mold) Limited Cov |
| HO-2231.1 | *Amendatory Endorsement |
| HO-2356 | *Amendatory End - Liability |
| | *New Form Attached |

## ADDITIONAL MESSAGES

State Farm® works hard to offer you the best combination of price, service, and protection. The amount you pay for homeowners insurance is determined by many factors such as the coverages you have, the type of construction, the likelihood of future claims, and information from consumers reports.

**Other limits and exclusions may apply - refer to your policy**

Your policy consists of these Declarations, the Homeowners Policy shown above, and any other forms and endorsements that apply, including those shown above as well as those issued subsequent to the issuance of this policy.

This policy is issued by the State Farm Fire and Casualty Company.

**Participating Policy**

You are entitled to participate in a distribution of the earnings of the company as determined by our Board of Directors in accordance with the Company's Articles of Incorporation, as amended.

In Witness Whereof, the State Farm Fire and Casualty Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

*Lynne M. Yowell*
Secretary

*Michael F. Tipsord*
President

**S** *StateFarm*®

**overage amount....**

o you to choose the coverages and limits that meet your needs. We recommend that you purchase a coverage limit at
ual to the estimated replacement cost of your home. Replacement cost estimates are available from building contractors
acement cost appraisers, or, your agent can provide an Xactware estimate using information you provide about your
We can accept the type of estimate you choose as long as it provides a reasonable level of detail about your home.  State
oes not guarantee that any estimate will be the actual future cost to rebuild your home. Higher limits are available at
remiums. Lower limits are also available, which if selected may make certain coverages unavailable to you. We
ge you to periodically review your coverages and limits with your agent and to notify us of any changes or additions to
me.

OCT 12 2020

# IMPORTANT NOTICE

## Regarding Changes to Your Policy

Effective with this policy term, **HO-2231.1 HOMEOWNERS AMENDATORY ENDORSEMENT (Georgia)** replaces **HO-2231 HOMEOWNERS AMENDATORY ENDORSEMENT (Georgia)**

This notice summarizes the changes being made to your policy.  Please read the new endorsement carefully and note the following changes:

Under **DEFINITIONS**, the definition of "occurrence" has been updated as it relates to bodily injury and property damage. In order to be considered one occurrence, bodily injury and property damage may occur from continuous or repeated exposure.

Under **SECTION I – LOSSES NOT INSURED**, the Intentional Losses provision has been revised to add reference to sexual assault to the exceptions for loss arising out of or caused by family violence.

Editorial changes have been made to the following provisions:

o   **SECTION I – CONDITIONS, Mortgagee Clause**

o   **SECTION I AND SECTION II – CONDITIONS, Cancellation**

o   **SECTION I AND SECTION II – CONDITIONS, Nonrenewal**

o   **OPTIONAL POLICY PROVISIONS, Option ID – Increased Dwelling Limit**

## SECTION I AND SECTION II – CONDITIONS

o   **Electronic Delivery** has been deleted.

o   **Concealment or Fraud** has been revised as follows:

-   The word "void" has been removed.

-   Added reference to sexual assault to the exceptions for loss arising out of or caused by family violence.

Endorsement **HO-2231.1** follows this notice. Please read it thoroughly and place it with your policy. If you have any questions about the information in this notice, please contact your State Farm® agent.

This notice is a general description of coverage and/or coverage changes and is not a statement of contract. This message does not change, modify, or invalidate any of the provisions, terms, or conditions of your policy, or any other applicable endorsements.

## HOMEOWNERS AMENDATORY ENDORSEMENT (Georgia)

This endorsement modifies insurance provided under the HOMEOWNERS POLICY

### DEFINITIONS

The definition of "*occurrence*" is replaced by the following:

"*occurrence*", when used in Section II of this policy, means an accident, including accidental exposure to conditions, which first results in:

a.   *bodily injury*; or

b.   *property damage*;

during the policy period. All *bodily injury* and *property damage* resulting from one accident, series of related accidents, or from continuous or repeated exposure to the same general conditions is considered to be one *occurrence*.

### SECTION I – LOSSES NOT INSURED

**Intentional Losses** is replaced by the following:

**Intentional Losses.** If any *insured* intentionally causes or procures a loss to property covered under this policy, *we* will not pay any *insured* for this loss.  This applies regardless of whether the *insured* is charged with or convicted of a crime.

This does not apply to:

a.   an *insured* who did not participate in, cooperate in, or contribute to causing or procuring the loss; or

b.   a claim of an innocent *insured*, to the extent of the innocent *insured's* interest in the covered property, if the loss:

©, Copyright, State Farm Mutual Automobile Insurance Company, 2019

HO-2231.1C
Page 2 of 3

(1) arises out of family violence or sexual assault against an innocent *insured*; and

(2) is caused by an intentional act of an *insured* against whom a family violence or sexual assault complaint is brought.

## SECTION I – CONDITIONS

Under **Mortgagee Clause**, paragraph 10.c. is replaced by the following:

   c.  If *we* cancel this policy, the mortgagee will be notified at least 10 days before the date cancellation takes effect.

## SECTION I AND SECTION II – CONDITIONS

**Concealment or Fraud** is replaced by the following:

**Concealment or Fraud.**

   a.  *We* do not provide any coverages under this policy for *you* or any other *insured* if *you* or any other *insured* has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

     However, this condition applies only to facts or circumstances:

     (1) on which *we* rely and are either:

       (a) material; or

       (b) made with intent to deceive; or

     (2) that contribute to the loss.

   b.  No failure of a policy condition before the loss and no breach of a promissory warranty affects *our* obligations under this policy unless such failure or breach exists at the time of loss and either:

     (1) increases the risk at the time of loss; or

     (2) contributes to the loss.

     This item, b., does not apply to failure to tender payment of premium.

   c.  Violation of this condition by an *insured* does not apply to a claim of an innocent *insured*, to the extent of the innocent *insured's* interest in the covered property, if the loss:

     (1) arises out of family violence or sexual assault against an innocent *insured*; and

     (2) is caused by an intentional act of an *insured* against whom a family violence or sexual assault complaint is brought.

Under **Cancellation**, paragraphs 5.a. and 5.b. are replaced by the following:

   a.  *You* may cancel this policy at any time by giving *us* advance notice of the date cancellation is to take effect. *We* may require written, electronic, or other recorded verification of the request for cancellation prior to such cancellation taking effect.

     If only *your* interest is affected, the effective date of cancellation will be the later of:

     (1) the date *we* received *your* notice of cancellation; or

     (2) the date specified in the notice.

     If notice must be given to a governmental agency, mortgagee, or other third party, the effective date of cancellation may be extended in order for *us* to provide notice of cancellation to *you* and the other party at least 10 days before the date cancellation takes effect.

   b.  *We* may cancel this policy by providing notice to a named insured shown on the *Declarations*. The notice will provide the date cancellation is effective.

     (1) When *you* have not paid the premium, *we* may cancel at any time by providing notice at least 10 days before the date cancellation takes effect. This condition applies whether the premium is payable to *us* or *our* agent or under any finance or credit plan.

     (2) When this policy has been in effect for less than 60 days and is not a renewal with *us*, *we* may cancel for any reason. *We* may cancel by providing notice at least 10 days before the date cancellation takes effect.

     (3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with *us*, *we* may cancel:

       (a) if there has been a material misrepresentation of fact that, if known to *us*, would have caused *us* not to issue this policy; or

       (b) if the risk has changed substantially since this policy was issued.

      *We* may cancel this policy by providing notice at least 30 days before the date cancellation takes effect.

     (4) When this policy is written for a period longer than one year, *we* may cancel for any reason at anniversary. *We* may cancel by notifying *you* at least 30 days before the date cancellation takes effect.

**Nonrenewal** is replaced by the following:

©, Copyright, State Farm Mutual Automobile Insurance Company, 2019

**Nonrenewal.** If *we* decide not to renew this policy, then, at least 30 days before the end of the current policy period, *we* will provide a nonrenewal notice to a named insured shown on the *Declarations*.

If *we* decide not to renew this policy, *we* will notify any mortgagee shown in this policy in accordance with Georgia state insurance law.

**Electronic Delivery** is deleted.

**OPTIONAL POLICY PROVISIONS**

**Option ID** is replaced by the following:

**Option ID – Increased Dwelling Limit.** *We* will settle losses to damaged *building structures* covered under COVERAGE A – DWELLING according to the **Loss Settlement Provision** shown in the *Declarations*.

1. If the amount *you* actually and necessarily spend to repair or replace the damaged *dwelling* exceeds the limit of liability shown in the *Declarations* for Coverage A – Dwelling, *we* will pay the additional amounts not to exceed the Option ID limit shown in the *Declarations*.

2. If the amount *you* actually and necessarily spend to repair or replace damaged *building structures* covered under COVERAGE A – DWELLING, Other Structures exceeds the limit of liability shown in the *Declarations* for Other Structures, *we* will pay the additional amounts not to exceed 10% of the Option ID limit shown in the *Declarations*.

**Report Increased Values.** *You* must notify *us* within 90 days of the start of construction on any new *building structure* costing $5,000 or more; or any additions to or remodeling of *building structures* that increase their values by $5,000 or more. *You* must pay any additional premium due for the increased value. *We* will not pay more than the applicable limit of liability shown in the *Declarations* if *you* fail to notify *us* of the increased value within 90 days.

All other policy provisions apply.

HO-2231.1

©, Copyright, State Farm Mutual Automobile Insurance Company, 2019

(CONTINUED)

# IMPORTANT NOTICE

## Regarding Changes to Your Policy

Effective with this policy term, **HO-2356 AMENDATORY ENDORSEMENT – SECTION II – LIABILITY COVERAGES** is added to your policy.

This notice summarizes the changes being made to your policy.  Please read the new endorsement carefully and note the following changes:

Under **SECTION II – EXCLUSIONS**, Under item 2.a., language has been added to the exclusion to create exceptions for written contracts that directly relate to the ownership, maintenance, or use of any insured location and when the liability of others is assumed by you.

Under **SECTION II – EXCLUSIONS**, Under item 2.c., language has been added to the exclusion to create an exception for pet damage to property rented to, used or occupied by, or in the care, custody, or control of any insured.

Endorsement **HO-2356** follows this notice. Please read it thoroughly and place it with your policy. If you have any questions about the information in this notice, please contact your State Farm® agent.

This notice is a general description of coverage and/or coverage changes and is not a statement of contract. This message does not change, modify, or invalidate any of the provisions, terms, or conditions of your policy, or any other applicable endorsements.

---

# AMENDATORY ENDORSEMENT– SECTION II – LIABILITY COVERAGES

This endorsement modifies insurance provided under the following: HOMEOWNERS POLICY, CONDOMINIUM UNITOWNERS POLICY, and RENTERS POLICY

## SECTION II – EXCLUSIONS

Under **SECTION II – EXCLUSIONS**, 2.a. and 2.c. are replaced by the following:

2.  Coverage L does not apply to:

a.  liability:

(1) for **your** share of any loss assessment charged against all members of any type of association of property owners; or

(2) imposed on or assumed by any **insured** through any unwritten or written contract or agreement. This exclusion does not apply to:

(a) liability for damages that the **insured** would have in absence of the contract or agreement; or

(b) written contracts:

(i) that directly relate to the ownership, maintenance, or use of any **insured location**; or

(ii) when the liability of others is assumed by **you** prior to the **occurrence**;

unless excluded elsewhere in the policy;

c.  **property damage** to property rented to, used or occupied by, or in the care, custody, or control of any **insured** at the time of the **occurrence**. This exclusion does not apply to **property damage** caused by:

(1) fire;

(2) smoke;

(3) explosion;

(4) abrupt and accidental damage from water; or

(5) household pets, up to $500 in excess of **your** security deposit;

All other policy provisions apply.

HO-2356

©, Copyright, State Farm Mutual Automobile Insurance Company, 2019

553-2634.1

## PREMIUM DISCOUNT AVAILABLE FOR USE OF IMPACT-RESISTIVE ROOFING PRODUCTS

te Farm® offers a premium discount for homes that have qualified impact-resistive roofing materials.

derwriters Laboratories (UL) and Factory Mutual (FM) are nationally recognized testing laboratories that develop safety ndards and test products to verify they meet specific performance standards. Both UL and FM have developed testing ndards that measure the impact resistance of various roofing materials. The roofing products tested by UL and FM are ed from Class 1 to Class 4, with Class 4 providing the greatest roofing protection.

te Farm offers a premium discount when qualified UL certified or FM approved Class 3 or Class 4 roofing materials have en installed on your home. The discount applies to both new and replacement roofs installed since May 1996 with UL tified products, and since July 2005 with FM approved products.

scounts are not available for wood roofs, or roofs (other than qualifying metal roofs) that have been overlaid on to existing ofing. Discounts are also subject to limitations and may not be available on all UL or FM Class 3 and 4 impact-resistant ofing products.

nufacturers continue to bring UL certified and FM approved roofing products to the consumer marketplace. You can visit r web site at http://www.statefarm.com/insurance/other/roofinfo.asp for a list of qualifying products in your state.

ou have any questions about the discounts available for installing an impact-resistive roof or to see if your roof qualifies, ase contact your State Farm agent.

**is discount program does not constitute an endorsement or any warranty of performance on the part of State Farm any particular roofing product. Please research and determine what roofing material is best suited for your home, ation and environmental conditions.**

-2634.1 (C)          (12/09)

553-3665 GA

## Information About Your Premium

ims and information from other State Farm® policies in your household may have been used to determine the premium own. A policy may be considered "in your household" if, according to our records, the policy has a name and address in mmon with this policy.

nsumer reports may also be used to determine the price you are charged. We may obtain and use a credit-based insurance re developed from information contained in these reports. We may use a third party in connection with the development your insurance score.

credit-based insurance score is used, you have the right to request, no more than once in a 12 month period that your policy re-rated. The resulting impact due to the credit portion of the re-rated insurance score will not increase your premium; wever, your overall premium may decrease, remain the same, or increase due to other factors impacting your total premium.

occasionally collect personal information from persons other than the individual or individuals listed on the policy. Such sonal information may, in certain circumstances, be disclosed to third parties without your authorization. If you would e additional information concerning the collection and disclosure of your personal information – and your right to see and rect any personal information in your files – it will be furnished upon request.

-3665 GA (C)

(CONTINUED)

553-2798

# IMPORTANT NOTICE . . . Discounts and Rating

e longer you are insured with State Farm® and the fewer claims you have, the lower your premium.  For policyholders
ured by State Farm for three or more years, the Claim Free Discount Plan provides a premium discount if you have not had
 claims considered for the Plan in the most recent three-year period since becoming insured with State Farm.  Premium
ustments under the Claim Record Rating Plan are based on the number of years you have been insured with State Farm
 on the number of claims that we consider for the Plan.  Depending on the Plan(s) that applies in your state/province,
ims considered for the Plans generally include claims resulting in a paid loss and may include weather-related claims.
ditionally, depending on your state/province's plan and your tenure with State Farm, any claims with your prior insurer
ulting in property damage or injury may also influence your premium.  For further information about whether a Claim
e Discount is in effect in your state/province, the Claim Record Rating Plan that applies in your state/province, and the
ims we consider for the Plans, please contact your State Farm agent.

-2798 (C)          (10/07)

553-4157

# NOTICE TO POLICYHOLDER

 a comprehensive description of coverages and forms, please refer to your policy.

icy changes that you requested before the "Date Prepared" on your Renewal Declarations are effective on the renewal date of
 policy unless indicated otherwise by a separate endorsement, binder or Amended Declarations Page.  Any coverage forms or
dorsements included with your Renewal Declarations are effective on the renewal date of this policy.

icy changes that you requested after the "Date Prepared" on your Renewal Declarations will be sent to you as an Amended
clarations Page or as an endorsement to your policy.  You will be billed for any resulting premium increase later.

ou have acquired any valuable property items, made any improvements to your home, or have questions about your insurance
erage, please contact your State Farm® agent.

-4157 (C)



This policy is one of the broadest forms available today, and provides you with outstanding value for your insurance dollars.   However, we want to point out that every policy contains limitations and exclusions.   Please read your policy carefully, especially "Losses Not Insured" and all exclusions.

# State Farm®
# Homeowners Policy

**Georgia**
HW-2111

# HOMEOWNERS POLICY
## TABLE OF CONTENTS

AGREEMENT .................................................... 1

DEFINITIONS .................................................. 1

DEDUCTIBLE .................................................. 5

SECTION I – PROPERTY COVERAGES ..................... 5

    COVERAGE A – DWELLING ............................... 5

        Dwelling ............................................... 5

        Other Structures ...................................... 5

        Property Not Covered ................................ 5

    COVERAGE B – PERSONAL PROPERTY ............. 5

        Property Covered .................................... 5

        Special Limits of Liability ......................... 6

        Property Not Covered ............................... 6

    COVERAGE C – LOSS OF USE ........................... 8

        Additional Living Expense ......................... 8

        Fair Rental Value .................................... 8

        Prohibited Use ....................................... 8

    SECTION I – ADDITIONAL COVERAGES ............. 8

        Debris Removal ...................................... 8

        Temporary Repairs .................................. 9

        Trees, Shrubs, and Landscaping ................ 9

        Fire Department Service Charge ................ 9

        Property Removed .................................. 9

        Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money ................ 9

        Power Interruption ................................ 10

        Refrigerated Products ........................... 10

        Arson Reward ...................................... 10

        Volcanic Action .................................... 10

        Collapse ............................................. 10

        Locks and Remote Devices ..................... 11

        Fuel Oil Release ................................... 11

        Tear Out ............................................. 11

        Home Certification ................................ 11

INFLATION COVERAGE ....................................... 11

SECTION I – LOSSES INSURED ............................... 12

    COVERAGE A – DWELLING ............................... 12

    COVERAGE B – PERSONAL PROPERTY ........... 12

SECTION I – LOSSES NOT INSURED ....................... 14

SECTION I – LOSS SETTLEMENT ........................... 18

    COVERAGE A – DWELLING ............................... 18

        A1 – Replacement Cost Loss Settlement – Similar Construction ............................... 18

        A2 – Replacement Cost Loss Settlement – Common Construction ............................. 19

    COVERAGE B – PERSONAL PROPERTY ........... 19

        B1 – Limited Replacement Cost Loss Settlement ........................................... 19

        B2 – Depreciated Loss Settlement ........... 20

    SECTION I – CONDITIONS ................................. 20

        Insurable Interest and Limit of Liability ...... 20

        Your Duties After Loss ........................... 20

        Loss to a Pair or Set ............................. 21

        Appraisal ............................................ 21

        Other Insurance ................................... 22

        Suit Against Us .................................... 22

        Our Option .......................................... 22

        Loss Payment ..................................... 22

        Abandonment of Property ....................... 22

        Mortgagee Clause ................................ 22

        No Benefit to Bailee .............................. 23

        Recovered Property .............................. 23

        Assignment of Claim ............................. 23

SECTION II – LIABILITY COVERAGES ..................... 23

    COVERAGE L – PERSONAL LIABILITY .............. 23

    COVERAGE M – MEDICAL PAYMENTS TO OTHERS ..................................................... 23

©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

HW-2111

SECTION II – ADDITIONAL COVERAGES ............24
    Claim Expenses ...................................24
    First Aid Expenses ..............................24
    Damage to Property of Others ........................24
SECTION II – EXCLUSIONS ................................25
SECTION II – CONDITIONS .................................28
    Limit of Liability ..................................28
    Severability of Insurance ..................................28
    Duties After Loss ..................................28
    Coverage M Requirements ..........................29
    Payment of Claim – Coverage M or Damage to Property of Others .................29
    Suit Against Us ..................................29
    Bankruptcy of an Insured ..................................29
    Other Insurance – Coverage L ........................29
SECTION I AND SECTION II – CONDITIONS ............29
    Policy Period ..................................29
    Concealment or Fraud ..................................29
    Liberalization Clause ..................................30
    Waiver or Change of Policy Provisions ..........30
    Cancellation ..................................30
    Nonrenewal ..................................30
    Assignment of Policy ..................................31

Subrogation and Reimbursement ....................31
Death ..................................31
Conformity to State Law ..................................31
Premium ..................................31
Right to Inspect ..................................32
Joint and Individual Interests ..................................32
Change of Policy Address ..................................32
Electronic Delivery ..................................32
Our Rights Regarding Claim Information .........32
Duties Regarding Claim Information ...............33
OPTIONAL POLICY PROVISIONS ...........................33
    Option AI – Additional Insured .........................33
    Option BP – Business Property .....................33
    Option BU – Business Pursuits .....................33
    Option FA – Firearms ..................................34
    Option ID – Increased Dwelling Limit .............34
    Option IO – Incidental Business ......................35
    Option JF – Jewelry and Furs ......................35
    Option OL – Building Ordinance or Law ...........36
    Option SG – Silverware and Goldwar7 Theft ..................................37

©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

# HOMEOWNERS POLICY

## AGREEMENT

*We* agree to provide the insurance described in this policy:

1.  based on *your* payment of premium, in a form acceptable to *us*, for the coverages *you* chose;

2.  based on *your* compliance with all applicable provisions of this policy; and

3.  based on the information *you* have given *us* and *your* statements in this agreement.

*You* agree, by acceptance of this policy, that:

1.  *you* will pay premiums when due and comply with the provisions of this policy;

2.  the statements in this agreement are *your* statements and are true;

3.  *we* insure *you* on the basis *your* statements are true; and

4.  this policy contains all of the agreements between *you* and *us* and any of *our* agents.

Unless otherwise indicated in the application, *you* state that during the five years preceding the time of *your* application for this insurance *you* have not had any losses, insured or not.

When *you* request changes to this policy, or the information or factors used to calculate the premium for this policy changes during the policy period, *we* may adjust the premium in accordance with the change during the policy period and *you* must pay any additional premium due within the time *we* specify.

## DEFINITIONS

*We* define the following words and phrases for use throughout this policy.  These definitions apply to the singular, plural, and possessive forms of these words and phrases.  Defined words and phrases are printed in bold italics.

1.  *"actual cash value"* means the value of the damaged part of the property at the time of loss, calculated as the estimated cost to repair or replace such property, less a deduction to account for pre-loss depreciation.  For this calculation, all components of this estimated cost including, but not limited to:

    a.  materials, including any tax;

    b.  labor, including any tax; and

    c.  overhead and profit;

    are subject to depreciation.

    The depreciation deduction may include such considerations as:

    a.  age;

    b.  condition;

    c.  reduction in useful life;

    d.  obsolescence; and

    e.  any pre-loss damage including wear, tear, or deterioration;

    of the damaged part of the property.

2.  *"bodily injury"* means physical injury, sickness, or disease to a person. This includes required care, loss of services, and death resulting therefrom.

    *Bodily injury* does not include:

    a.  any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any *insured* to any other person;

    b.  the actual or alleged exposure to any such disease, bacteria, parasite, virus, or other organism by any *insured* to any other person; or

    c.  emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

3.  *"building structure"* means a structure fully enclosed with permanent walls and a roof.  A permanent wall or roof does not include any kind of temporary materials including but not limited to tarps, plastic sheeting, or other similar material.  A structure that is otherwise fully enclosed with permanent walls and a roof, that is undergoing repairs due to a recent *loss insured*, using materials such as tarps, plastic sheeting, or other similar material, is still considered a *building structure*.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

A **building structure** includes:

a. the foundation supporting the structure, including:

   (1) slabs;

   (2) basement walls;

   (3) crawl space walls;

   (4) footings; and

   (5) gravel, stone, or sand, used as fill material and located not more than 12 inches directly below a slab described in item a.(1), including water supply lines, domestic water pipes, and sewer pipes located within this fill material; and

b. wall-to-wall carpeting attached to the structure.

4. **"business"** means any full-time or part-time activity, trade, profession, employment, or occupation or a commercial, mercantile, or industrial undertaking of an economic nature. It does not matter whether it is continuous or regular, is a secondary or supplemental source of income, or is an **insured's** principal means of livelihood. Profit and profit motive are irrelevant.

   **Business** does not include:

a. volunteer activities for a not-for-profit or non-profit organization or public agency for which no money is received other than payment of expenses;

b. incidental and infrequent personal economic activity such as a hobby, garage or yard sale, or traditional farm activities when the farm products are intended only for the personal use of the **insured**;

c. any occasional or part-time self-employed activity by a person under 19 years of age that involves no employees or subcontracted independent contractors and is a type of activity normally performed by persons under 19 years of age, including but not limited to, child care, lawn mowing, or paper delivery;

d. the ownership, maintenance, or use of systems and equipment used to generate electrical power up to but not exceeding 125 percent of

the actual electrical power usage by the **residence premises** in the 12-month period prior to the date of the loss; or

e. ownership of the **residence premises** by the person or organization shown in the **Declarations** as Additional Insured.

5. **"Declarations"** means the policy **Declarations**, any amended **Declarations**, the most recent renewal **Declarations**, an Evidence of Insurance form, or any endorsement changing any of these.

6. **"diminution in value"** means any reduction in the value of any covered property prior to or following repair or replacement as compared to the value of that property immediately before the loss.

7. **"dwelling"** means the **building structure** on the **residence premises** used as the primary private residence and includes structures attached to the **dwelling**.

8. **"fungus"** means any type or form of **fungus**, including mold, mildew, mycotoxins, spores, scents, or byproducts produced or released by fungi.

9. **"insured"** means:

a. **you**;

b. **your relatives**; and

c. any other person under the age of 21 in the care of a person described above.

   Under Section II, **insured** also means:

d. the person or organization legally responsible for animals or watercraft to which this policy applies. However, the animal or watercraft must be owned by **you** or a person included in 9.b. or 9.c. above. A person or organization using or having custody of these animals or watercraft in the course of a **business**, or without permission of the owner, is not an **insured**; and

e. with respect to any vehicle to which this policy applies, any person while engaged in **your** employment or the employment of a person included in 9.b. or 9.c. above.

10. **"insured location"** means:

a. the **residence premises**;

© Copyright, State Farm Mutual Automobile Insurance Company, 2017
HW-2111

b. the part of any other premises, other structures, and grounds used by **you** as a residence. This includes premises, structures, and grounds **you** acquire while this policy is in effect for **your** use as a residence;

c. any premises used by **you** in connection with the premises included in 10.a. or 10.b. above;

d. any part of a premises not owned by an **insured** but where an **insured** is temporarily residing;

e. land owned by or rented to an **insured** on which a one or two family dwelling is being constructed as a residence for an **insured**;

f. individual or family cemetery plots or burial vaults owned by an **insured**;

g. any part of a premises occasionally rented to an **insured** for purposes other than **business**;

h. vacant land owned by or rented to an **insured**. For the purposes of this definition, vacant land does not include:

   (1) farm land;

   (2) land containing a residence; or

   (3) land containing fences, corrals, boat docks, tool sheds, barns, grain bins, and similar structures, unless they are used solely for the personal use of the **insured**; or

i. farm land (without buildings), rented or held for rental to others, but not to exceed a total of 500 acres, regardless of the number of locations.

11. **"loss insured"** means a loss as described under **SECTION I – LOSSES INSURED, COVERAGE A – DWELLING** and **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY**.

12. **"motor vehicle"**, when used in Section II of this policy, means:

a. a land **motor vehicle** designed for travel on public roads or subject to motor vehicle registration;

b. a trailer or semi-trailer designed for travel on public roads and subject to motor vehicle registration;

c. a "recreational or utility vehicle" while off an **insured location**. "Recreational or utility vehicle" means a motorized vehicle designed for recreation or utility purposes, used principally off public roads, and that is owned or leased by an **insured**. This includes, but is not limited to, a motorized all-terrain vehicle, side-by-side vehicle, utility work vehicle, amphibious vehicle, dune buggy, go-cart, golf cart, snowmobile, trailbike, minibike, and personal assistive mobility device. "Leased" does not include temporary rental;

d. a "locomotive" while off an **insured location**. "Locomotive" means a self-propelled vehicle for pulling or pushing freight or passenger cars on tracks that is large enough to carry a person and is owned or leased by an **insured**. "Leased" does not include temporary rental;

e. a bulldozer, track loader, backhoe, high-hoe, trencher, grader, crane, self-propelled scraper, excavator, pipe-layer, cherry picker, telehandler, logging vehicle, mining vehicle, or road building vehicle that is owned or leased by an **insured** while off an **insured location**. "Leased" does not include temporary rental; and

f. any vehicle while being towed or pushed by or carried on a vehicle included in 12.a. through 12.e. above.

The following are not **motor vehicles**:

a. a boat, camper, home, or utility trailer not being towed or pushed by or carried on a vehicle included in 12.a. through 12.e. above;

b. a motorized land vehicle in storage on an **insured location** not intended to be operated for an extended period of time and rendered inoperable by placing the vehicle on blocks or removing parts essential for its operation;

c. a motorized golf cart while used for golfing purposes;

d. a motorized vehicle or trailer designed to assist persons with disabilities that is not designed for travel on public roads or subject to motor vehicle registration; or

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

HW-2111

e. a commercially manufactured two, three, or four wheeled personal conveyance powered only by or assisted by an unmodified motor or engine with a manufacturer's power rating of no more than 1 horsepower and capable of a top speed of no more than 20 miles per hour.

13. *"occurrence"*, when used in Section II of this policy, means an accident, including accidental exposure to conditions, which first results in:

a. *bodily injury*; or

b. *property damage*;

during the policy period. All *bodily injury* and *property damage* resulting from one accident, series of related accidents, or from continuous and repeated exposure to the same general conditions is considered to be one *occurrence*.

14. *"property damage"* means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any *insured* is not *property damage*.

15. *"relative"* means any person related to *you* by:

a. blood;

b. adoption;

c. marriage; or

d. civil union, domestic partnership, or other substantially similar legal relationship that is recognized and valid in the state where, and at the time when, the legal relationship was established;

and who resides primarily with *you*.

16. *"residence employee"* means an employee of an *insured*, or an employee leased to an *insured* by a labor leasing firm under an agreement between an *insured* and the labor leasing firm, who performs duties, including household or domestic services, in connection with the maintenance or use of the *residence premises*. This includes employees who perform similar duties elsewhere for *you*. This does not include employees while performing duties in connection with the *business* of an *insured*.

17. *"residence premises"* means:

a. the one, two, three, or four family dwelling, other structures and grounds; or

b. that part of any other *building structure*;

where *you* reside and which is shown in the *Declarations*.

18. *"State Farm Companies"* means one or more of the following:

a. State Farm Mutual Automobile Insurance Company;

b. State Farm Fire and Casualty Company; and

c. subsidiaries or affiliates of either 18.a. or 18.b. above.

19. *"vacant dwelling"* means:

a. a dwelling:

(1) that has not been occupied as a residence for more than 30 consecutive days immediately before the loss; and

(2) where a predominant amount of personal property has been removed or is absent such that the dwelling is not functional as a habitual place of residence.

A dwelling will be considered occupied only if it is being used as a habitual place of residence with *your* knowledge and approval.

b. A dwelling that is under active construction will not be considered a *vacant dwelling*. A dwelling is under active construction when it is:

(1) being built as a new structure;

(2) being repaired due to damage otherwise covered by this policy; or

(3) undergoing substantial improvements, renovations, remodeling, or modifications;

and the construction results in substantial continuing activities by persons associated with the construction project at the premises during the relevant time periods.

20. *"we"*, *"us"*, and *"our"* mean the Company shown in the *Declarations*.

21. *"you"* and *"your"* mean the person or persons shown as "Named Insured" in the *Declarations*. If a "Named Insured" shown in the *Declarations* is a human being, then *you* and *your* include:

a. a spouse of a "Named Insured";

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

b. a party to a civil union with a "Named Insured";

c. a domestic partner of a "Named Insured"; or

d. a person in a substantially similar legal relationship with a "Named Insured";

if such relationship is recognized and valid in the state where, and at the time when, the legal relationship was established, so long as the person in the above relationship resides primarily with that "Named Insured".

## DEDUCTIBLE

In case of loss under this policy, *we* will pay, subject to specified policy limits, only that part of the amount of the loss that exceeds the deductible amount shown in the *Declarations*. Deductibles will be applied per occurrence. Deductibles apply to specific losses as described in this policy.

## SECTION I – PROPERTY COVERAGES

### COVERAGE A – DWELLING

1. **Dwelling.** *We* cover the *dwelling* and materials and supplies located on or adjacent to the *residence premises* for use in the construction, alteration, or repair of the *dwelling* or other structures on the *residence premises*.

2. **Other Structures.** *We* cover other structures on the *residence premises*, separated from the *dwelling* by clear space. Structures connected to the *dwelling* by only a fence, utility line, or similar connection are considered to be other structures.

   *We* do not cover other structures:

   a. not permanently attached to or otherwise forming a part of the realty;

   b. used either completely or in part for *business* purposes unless such use consists solely of office space for paperwork, computer work, or use of a telephone, and consists solely of activities that are:

      (1) duties of the *insured's* employment by another; and

      (2) performed solely by the *insured*; or

   c. rented or held for rental unless:

      (1) rented to a person who is a tenant of the *dwelling;*

      (2) rented for use solely as a private garage; or

      (3) rented either completely or in part, for exclusive use as a residence, for no more than 30 nights in the 12-month period prior to the date of the loss.

3. **Property Not Covered.** *We* do not cover:

   a. land, including the land necessary to support any Coverage A property. *We* also do not cover:

      (1) any costs required to replace, rebuild, stabilize, or otherwise restore the land; or

      (2) the costs of repair techniques designed to compensate for or prevent land instability to any property, whether or not insured under Coverage A;

   b. trees, shrubs, live or artificial plants, lawns, or artificial grass, except as provided in **SECTION I – ADDITIONAL COVERAGES**, **Trees, Shrubs, and Landscaping**; or

   c. systems and equipment used to generate electrical power exceeding 125 percent of the actual electrical power usage by the *residence premises* in the 12-month period prior to the date of the loss.

### COVERAGE B – PERSONAL PROPERTY

1. **Property Covered.**

   a. *We* cover personal property owned or used by an *insured* while it is anywhere in the world. This includes structures not permanently attached to or otherwise forming a part of the realty. At *your* request, *we* will cover personal property:

      (1) owned by others while the property is on the part of the *residence premises* occupied exclusively by an *insured*;

      (2) owned by a guest or a *residence employee*, while the property is in any other residence occupied by an *insured*; and

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

(3) owned by roomers, boarders, tenants, and other residents, any of whom are related to **you**.

b. **We** cover personal property usually located at an **insured's** residence, other than the **residence premises**, for up to $1,000 or 10% of the Coverage B limit, whichever is greater. This limitation does not apply to personal property:

(1) in a newly acquired principal residence for the first 30 days after **you** start moving the property there. If the **residence premises** is a newly acquired principal residence, personal property in **your** immediate past principal residence is not subject to this limitation for the first 30 days after the inception of this policy; and

(2) of a student who is an **insured** while located at a residence away from the **residence premises**.

**Special Limits of Liability.**  These limits do not increase the Coverage B limit. The special limit for each of the following categories is the total limit for each loss for all property in that category:

a. $200 on money, coins, and medals, including any of these that are a part of a collection, bank notes, bullion, gold other than goldware, silver other than silverware, and platinum;

b. $1,500 on property used or intended for use in a **business**, including merchandise held as samples or for sale or for delivery after sale, while on the **residence premises**. This coverage is limited to $750 on such property away from the **residence premises**.

Electronic data processing system equipment or the recording or storage media used with that equipment is not included under this coverage, and is addressed in item c. below;

c. $10,000 on electronic data processing system equipment used or intended for use in a **business**, including but not limited to computers, tablets, mobile personal communication equipment, global positioning systems, mobile personal electronic devices used for the reproduction of sound,

and standard media or non-media equipment for use with the above devices;

d. $1,500 on securities, checks, cashiers checks, travelers checks, money orders, gift certificates, gift cards, rechargeable debit cards, phone cards and other negotiable instruments, accounts, deeds, evidences of debt, letters of credit, notes other than bank notes, manuscripts, passports, and tickets;

e. $1,500 on watercraft of all types and outboard motors, including their trailers, furnishings, and equipment;

f. $1,500 on trailers not used with watercraft;

g. $2,500 on stamps, trading cards, and comic books, including any of these that are a part of a collection;

h. $2,500 for loss by theft of firearms;

i. $2,500 for loss by theft of silverware and goldware;

j. $5,000 on any one article and $10,000 in the aggregate for loss by theft of any rug, carpet (except wall-to-wall carpet), tapestry, wall-hanging, or other similar article;

k. $1,000 on commercially manufactured two, three, or four wheeled personal conveyances powered only by or assisted by an unmodified motor or engine with a manufacturer's power rating of no more than 1 horsepower and capable of a top speed of no more than 20 miles per hour. This does not include such conveyances that are:

(1) designed for assisting persons with disabilities;

(2) not designed for travel on public roads; and

(3) not subject to motor vehicle registration; and

l. $1,000 for loss by theft of jewelry, watches, fur garments and garments trimmed with fur, and precious and semi-precious stones.

2. **Property Not Covered.  We** do not cover:

a. articles separately described and specifically insured in this or any other insurance;

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

b. animals, birds, or fish;

c. any engine-propelled or motor-propelled vehicle or machine, including parts, designed for movement on land, except as provided in **Special Limits of Liability**, item k. However, **we** do cover those vehicles or machines:

    (1) that are:

        (a) not designed for travel on public roads; and

        (b) not subject to motor vehicle registration;

    (2) and that are:

        (a) used primarily to service the **insured location**; or

        (b) designed for assisting persons with disabilities;

d. any electronic equipment, devices, or accessories designed for the recording, reproduction, or storage of audio, video, photos, or other data that is permanently installed in or permanently fastened to an engine-propelled or motor-propelled vehicle or hard-wired directly to the vehicle's electrical system. **We** also do not cover removable products that may be used with the equipment or devices described above, including but not limited to tapes, discs, videos, or memory cards while in an engine-propelled or motor-propelled vehicle;

e. aircraft and parts. This does not apply to unmanned aircraft systems used as model aircraft and operated solely for recreational or hobby purposes;

f. property of roomers, boarders, tenants, and other residents not related to **you**;

g. property regularly rented or held for rental to others by an **insured**. This does not apply to property of an **insured**:

    (1) in a sleeping room when the **dwelling** is rented in part, for use as a permanent residence, by either one or two full-time roomers or boarders; or

    (2) on the **residence premises** if it is rented, either completely or in part, for exclusive use as a residence, for no more than 30 nights in the 12-month period prior to the date of the loss;

h. property rented or held for rental to others away from the **residence premises**;

i. any radio devices or transmitters, global positioning systems, radar or laser detectors, antennas, and all other similar equipment that is permanently installed in or permanently fastened to an engine-propelled or motor-propelled vehicle or that is hard-wired directly to the vehicle's electrical system;

j. books or records of accounts receivable, abstracts or other journals, architectural or technical drawings, card index systems, or other records. This does not apply to any recording or storage media for electronic data processing. **We** will cover the cost of blank books, cards, or other blank material plus the cost of labor **you** incur for transcribing or copying such records;

k. recording or storage media for electronic data processing that cannot be replaced with property of like kind and quality on the current retail market;

l. purchased or created audio, video, photos, or other data that cannot be replaced with like kind and quality on the current retail market and that is transferred or downloaded onto mobile communication equipment, global positioning systems, or electronic devices designed for the recording, reproduction, or storage of audio, video, photos, or other data;

m. contraband, or any property used in the course of illegal consumption, possession, import, export, or trade;

n. outdoor hardscape property used for aesthetic purposes except as provided in **SECTION I – ADDITIONAL COVERAGES**, **Trees, Shrubs, and Landscaping**; or

o. electronic currency, digital currency, virtual currency, crypto-currency, and other similar mediums of exchange.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

## COVERAGE C – LOSS OF USE

The most **we** will pay for the sum of all losses combined under **Additional Living Expense**, **Fair Rental Value**, and **Prohibited Use** is the limit of liability shown in the **Declarations** for **Coverage C – Loss of Use**.

1. **Additional Living Expense.** When a *loss insured* causes the *residence premises* to become uninhabitable, **we** will pay the reasonable and necessary increase in cost incurred by an *insured* to maintain their normal standard of living for up to 24 months. **Our** payment is limited to incurred costs for the shortest of:

   a. the time required to repair or replace the premises;

   b. the time required for **your** household to settle elsewhere; or

   c. 24 months.

   This period of time is not limited by the expiration of this policy.

   **We** will not pay more than the limit of liability shown in the **Declarations** for **Coverage C – Loss of Use**. Any normal expenses that are reduced or discontinued due to a *loss insured* will be subtracted from any amount owed.

2. **Fair Rental Value.** When a *loss insured* causes that part of the *residence premises* rented to others or held for rental by **you** to become uninhabitable, **we** will pay its fair rental value. Payment will be for the shortest time required to repair or replace the part of the premises rented or held for rental, but not to exceed 12 months. This period of time is not limited by the expiration of this policy. Fair rental value will not include any expense that does not continue while that part of the *residence premises* rented or held for rental is uninhabitable.

3. **Prohibited Use.** **We** will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks, beginning when a civil authority issues an order of evacuation or prohibits **your** use of the *residence premises*, provided that:

   a. direct physical damage occurs to any property, other than covered property located on the *residence premises*, arising from a cause of loss that would be a *loss insured* under this policy

   if the damage had occurred to property on the *residence premises*;

   b. the *residence premises* is within one mile of property damaged by a cause of loss identified in 3.a. above; and

   c. the action of the civil authority is taken in response to:

      (1) dangerous physical conditions resulting from the continuation of the cause of loss identified in 3.a. above;

      (2) dangerous physical conditions resulting from the damage caused by the cause of loss identified in 3.a. above; or

      (3) the need to gain free access to property damaged by the cause of loss identified in 3.a. above.

   **We** will not pay for loss or expense due to cancellation of a lease or agreement.

## SECTION I – ADDITIONAL COVERAGES

The following Additional Coverages are subject to all the terms, provisions, exclusions, and conditions of this policy.

1. **Debris Removal.** **We** will pay the reasonable expenses **you** incur in the removal of debris of covered property damaged by a *loss insured*. This expense is included in the limit applying to the damaged property. The following coverages and limits also apply:

   a. When the amount payable for the property damage plus the debris removal exceeds the limit for damaged property, an additional 5% of that limit is available for debris removal expense. This additional amount of insurance does not apply to **SECTION I – ADDITIONAL COVERAGES**, **Trees, Shrubs, and Landscaping**.

   b. **We** will also pay up to $1,000 total for each loss to cover the reasonable expenses **you** incur in the removal of tree debris and stumps from the *residence premises*, unless otherwise excluded. This coverage applies when:

      (1) the tree has caused a *loss insured* to Coverage A property; or

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

    (2)  the tree debris felled by windstorm, hail, or weight of snow or ice blocks:

        (a)  the driveway, on the **residence premises**, and prevents land **motor vehicle** access to or from the **dwelling**; or

        (b)  a ramp designed to assist persons with disabilities, on the **residence premises**, and prevents access to or from a **building structure**.

2. **Temporary Repairs.** If damage is caused by a **loss insured**, **we** will pay the reasonable and necessary cost **you** incur for temporary repairs to covered property to protect the property from further immediate damage or loss. This coverage does not increase the limit applying to the property being repaired.

3. **Trees, Shrubs, and Landscaping.** **We** will pay for accidental direct physical loss to outdoor:

    a.  trees, shrubs, live or artificial plants, and lawns;

    b.  artificial grass; and

    c.  hardscape property used for aesthetic purposes not permanently affixed to realty;

on the **residence premises**, caused by the following perils: **Fire or lightning**, **Explosion**, **Riot or civil commotion**, **Aircraft**, **Vehicles** (not owned or operated by a resident of the **residence premises**), **Vandalism or malicious mischief**, or **Theft**.

The limit for this coverage, including the removal of debris, will not exceed 5% of the amount shown in the **Declarations** for **COVERAGE A – DWELLING**. **We** will not pay more than $750 for any one outdoor tree, shrub, plant, or hardscape item, including debris removal expense. This coverage may increase the limit otherwise applicable. **We** will not pay for any loss to property grown for **business** purposes.

4. **Fire Department Service Charge.** **We** will pay up to $500 per occurrence for fire department charges incurred when the fire department is called to save or protect Coverage A property from fire, lightning, or explosion. No deductible applies to this coverage. This coverage may increase the limit otherwise applicable.

5. **Property Removed.** **We** will pay for any accidental direct physical loss to covered property while being removed from a premises endangered by a **loss insured**. This coverage also applies to the property

for up to 30 days while removed. **We** will also pay for reasonable expenses incurred by **you** for the removal and return of the covered property. This coverage does not increase the limit applying to the property being removed.

6. **Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money.**

    a.  **We** will pay up to $1,000 for:

        (1)  the legal obligation of an **insured** to pay because of the theft or unauthorized use of credit cards and bank fund transfer cards issued to or registered in an **insured's** name. If an **insured** has not complied with all terms and conditions under which the cards are issued, **we** will not pay for use by an **insured** or anyone else;

        (2)  loss to an **insured** caused by forgery or alteration of any check or negotiable instrument; and

        (3)  loss to an **insured** through acceptance in good faith of counterfeit United States or Canadian paper currency.

No deductible applies to this coverage.

**We** will not pay more than the limit stated above for forgery or alteration committed by any one person. This limit applies when the forgery or alteration involves one or more instruments in the same loss.

    b.  **We** will not pay for loss arising out of **business** pursuits or dishonesty of an **insured**.

    c.  Defense:

        (1)  **We** may make any investigation and settle any claim or suit that **we** decide is appropriate. **Our** obligation to defend claims or suits ends when the amount **we** pay for the loss equals **our** limit of liability.

        (2)  If claim is made or a suit is brought against an **insured** for liability under the Credit Card or Bank Fund Transfer Card coverage, **we** will provide a defense. This defense is at **our** expense by counsel of **our** choice.

        (3)  **We** have the option to defend at **our** expense an **insured** or an **insured's** bank

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

against any suit for the enforcement of payment under the Forgery coverage.

7. **Power Interruption.** **We** will pay for accidental direct physical loss caused directly or indirectly by a change of temperature that results from power interruption that takes place on the **residence premises**. The power interruption must be caused by a **loss insured** occurring on the **residence premises**. The power lines off the **residence premises** must remain energized. This coverage does not increase the limit applying to the damaged property.

8. **Refrigerated Products.** Coverage B is extended to cover the contents of deep freeze or refrigerated units on the **residence premises** for loss due to power failure or mechanical failure. If mechanical failure or power failure is known to **you**, all reasonable means must be used to protect the property insured from further damage or this coverage is void. Power failure or mechanical failure does not include:

   a. removal of a plug from an electrical outlet; or

   b. turning off an electrical switch unless caused by a **loss insured**.

   This coverage does not increase the limit applying to the damaged property.

9. **Arson Reward.** **We** will pay $1,000 for information that leads to an arson conviction in connection with a fire loss to property covered by this policy. This coverage may increase the limit otherwise applicable. However, the $1,000 limit will not be increased regardless of the number of persons providing information.

10. **Volcanic Action.** **We** will pay for accidental direct physical loss to a covered **building structure** or covered property contained in a **building structure** resulting from the eruption of a volcano when the loss is directly and immediately caused by:

   a. airborne volcanic shock waves;

   b. ash, dust, or particulate matter; or

   c. lava flow.

   **We** will also pay for the removal of that ash, dust, or particulate matter that has caused accidental direct physical loss to a covered **building structure** or covered property contained in a **building structure**.

All volcanic eruptions that occur within any 168-hour period will be considered one volcanic eruption.

This coverage does not increase the limit applying to the damaged property.

11. **Collapse.** **We** will pay for accidental direct physical loss to covered property involving the abrupt, entire collapse of a **building structure** or any part of a **building structure**.

   a. Collapse means the abrupt and entire falling down, caving in, or falling into pieces of a **building structure** or any part of a **building structure**. Collapse does not include any of the following:

      (1) settling, cracking, crumbling, deterioration, shrinking, bulging, expansion, sagging, bowing, leaning, or bending;

      (2) substantial structural impairment;

      (3) imminent or threatened collapse;

      (4) a **building structure** or any part of a **building structure** that is in danger of falling down or caving in; or

      (5) a part of a **building structure** that is standing even if:

         (a) it has separated from another part of the **building structure**; or

         (b) it shows evidence of settling, cracking, crumbling, deterioration, shrinking, bulging, expansion, sagging, bowing, leaning, or bending.

   b. The collapse must be directly and immediately caused by one or more of the following:

      (1) perils described in **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY**. These perils apply to **building structures** covered under Coverage A or Coverage B for loss insured by this Additional Coverage;

      (2) decay or deterioration of, or damage from animals, birds, or insects to:

         (a) a connector; or

         (b) a structural member of a **building structure**;

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

The decay, deterioration, or damage must be hidden from view and unknown to all *insureds* prior to the collapse;

(3) weight of contents, equipment, animals, or people;

(4) weight of ice, snow, sleet, or rain that collects on a roof, porch, or deck; or

(5) use of defective material or methods in the construction (includes remodeling or renovation) of the *building structure*, if the collapse occurs during the course of the construction of the *building structure*.

Loss to awnings, fences, patios, pavement, swimming pools, underground pipes, flues, drains, cesspools, septic tanks, foundations (including slabs, basement walls, and crawl space walls), retaining walls, bulkheads, piers, wharfs, docks, trellises, or antennas and their supporting structures is not included under items (2), (3), and (4) immediately above unless the loss is the direct and immediate result of the collapse of a *building structure* or any part of a *building structure*.

This coverage does not increase the limit applying to the damaged property.

12. **Locks and Remote Devices.** *We* will pay up to $1,000 for each loss for the reasonable expenses *you* incur to rekey, replace, recode, program, or reprogram locks on exterior doors to the *dwelling* or other structures located on the *residence premises* when the keys or remote devices used with those doors are part of a covered theft loss. This coverage includes remote devices designed solely for locking, unlocking, opening, or closing doors, including garage doors and gates.

No deductible applies to this coverage.

13. **Fuel Oil Release.** *We* will pay up to $10,000 for each loss for accidental direct physical loss to covered property caused by the abrupt and accidental escape of liquid fuel oil from a fixed household tank, apparatus, or pipes that are part of a heating unit for the *dwelling*. This includes damage to covered property resulting from an accidental spill or overflow of fuel oil in the course of filling a fixed household tank.

This coverage includes surface clean up only. *We* will not pay for:

a. the cost to repair or replace the fuel oil tank, apparatus, and pipes; or

b. the cost of testing, monitoring, removing, treating, or detoxifying of soil, air, or water.

This coverage does not increase the limit applying to the damaged property.

14. **Tear Out.** If a *loss insured* to Coverage A property is caused by water, steam, or sewage escaping from a system or appliance, *we* will also pay the reasonable cost *you* incur to tear out and replace only that particular part of the *building structure* necessary to gain access to the specific point of that system or appliance from which the water, steam, or sewage escaped. *We* will not pay for the cost of repairing or replacing the system or appliance itself. This coverage does not increase the limit applying to Coverage A property.

15. **Home Certification.** If damage to covered property is caused by a *loss insured*, *we* will pay the reasonable increase in cost to repair or replace only the damaged property to maintain the *dwelling's* FORTIFIED HOME or FORTIFIED FOR SAFER LIVING certification in place at the time of the loss. This coverage does not increase the limit applying to the damaged property.

*We* will not pay:

a. any increase in cost until the repair or replacement of the property is complete; or

b. for increased costs resulting from enforcement of any ordinance or law regulating the construction or repair of the *dwelling* except as provided under **OPTIONAL POLICY PROVISIONS**, **Option OL – Building Ordinance or Law**.

This coverage does not apply if Loss Settlement provision A2 – Replacement Cost Loss Settlement – Common Construction is shown in the *Declarations*.

## INFLATION COVERAGE

The limits of liability shown in the *Declarations* for Coverage A, Coverage B, and when applicable, Option ID will be increased at the same rate as the increase in the Inflation Coverage Index shown in the *Declarations*.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

To find the limits on a given date:

1. divide the Index on that date by the Index as of the effective date of this Inflation Coverage provision; then

2. multiply the resulting factor by the limits of liability for Coverage A, Coverage B, and Option ID separately.

The limits of liability will not be reduced to less than the amounts shown in the *Declarations*.

If during the term of this policy the Coverage A limit of liability is changed at *your* request, the effective date of this Inflation Coverage provision is changed to coincide with the effective date of such change.

# SECTION I – LOSSES INSURED

## COVERAGE A – DWELLING

*We* will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. However, loss does not include and *we* will not pay for, any *diminution in value*.

## COVERAGE B – PERSONAL PROPERTY

*We* will pay for accidental direct physical loss to the property described in Coverage B caused by the following perils, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy.  However, loss does not include and *we* will not pay for, any *diminution in value*.

1. **Fire or lightning.**

2. **Windstorm or hail.**  This peril does not include loss to property contained in a structure caused by rain, snow, sleet, sand, or dust.  This limitation does not apply when the direct force of wind or hail damages the structure causing an opening in a roof or wall and the rain, snow, sleet, sand, or dust enters through this opening.

   This peril includes loss to watercraft of all types and their trailers, furnishings, equipment, and outboard motors, only while inside a *building structure*.

3. **Explosion.**

4. **Riot or civil commotion.**

5. **Aircraft**, including self-propelled missiles and spacecraft.

6. **Vehicles**, meaning accidental direct physical loss to covered property caused by the weight, force, power, or movement of a vehicle.

   a. This includes:

      (1) the impact of a vehicle;

      (2) an object propelled from the tire or body of a vehicle;

      (3) the upset or collision of a vehicle with a stationary object or other vehicle, including damage to personal property carried on the exterior of the vehicle; or

      (4) a vehicle door or trunk lid being closed on personal property.

   b. This peril does not include loss:

      (1) to personal property that falls off a vehicle and strikes the ground, any other surface, or any object;

      (2) caused by shifting of the load being carried in or on a vehicle; or

      (3) to the vehicle itself unless the vehicle is property covered under **COVERAGE B – PERSONAL PROPERTY** and the loss is caused by the weight, force, power, or movement of another vehicle.

7. **Smoke**, meaning abrupt and accidental damage from smoke.

   This peril does not include loss caused by smoke from agricultural smudging or industrial operations.

8. **Vandalism or malicious mischief**, meaning only willful and malicious damage to or destruction of property.

9. **Theft**, including attempted theft and loss of property from a known location when it is probable that the property has been stolen.

   This peril does not include:

   a. loss of a precious or semi-precious stone from its setting;

   b. loss caused by theft:

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

(1) committed by an **insured** or by any other person regularly residing on the **insured location**. Property of a student who is an **insured** is covered while located at a residence away from the **residence premises**, if the theft is committed by a person who is not an **insured**;

(2) in or to a dwelling under construction or of materials and supplies for use in the construction until the dwelling is completed and occupied; or

(3) from the part of a **residence premises** rented to others:

    (a) caused by a tenant, members of the tenant's household, or the tenant's employees unless the **residence premises** is rented, either completely or in part, for exclusive use as a residence, for no more than 30 nights in the 12-month period prior to the date of the loss;

    (b) of money, bank notes, bullion, gold, goldware, silver, silverware, pewterware, platinum, coins, and medals;

    (c) of securities, checks, cashiers checks, travelers checks, money orders, gift certificates, gift cards, rechargeable debit cards, phone cards, and other negotiable instruments, accounts, deeds, evidences of debt, letters of credit, notes other than bank notes, manuscripts, passports, tickets, and stamps; or

    (d) of jewelry, watches, fur garments and garments trimmed with fur, and precious and semi-precious stones; or

c. loss caused by theft that occurs away from the **residence premises** of:

(1) property while at any other residence owned, rented to, or occupied by an **insured**, except while an **insured** is temporarily residing there. Property of a student who is an **insured** is covered while at a residence away from the **residence premises**;

(2) watercraft of all types, including their furnishings, equipment, and outboard motors; or

(3) trailers and campers designed to be pulled by or carried on a vehicle.

If the **residence premises** is a newly acquired principal residence, property in the immediate past principal residence will not be considered property away from the **residence premises** for the first 30 days after the inception of this policy.

10. **Falling objects.** This peril does not include loss to property contained in a structure unless the roof or an exterior wall of the structure is first damaged by a falling object. Damage to the falling object itself is not included.

11. **Weight of ice, snow, or sleet** that causes damage to property contained in a structure.

12. **Abrupt and accidental discharge or overflow** of water, steam, or sewage from within a plumbing, heating, air conditioning, or automatic fire protective sprinkler system, or from within a household appliance.

This peril does not include loss:

a. to the system or appliance from which the water, steam, or sewage escaped;

b. caused by or resulting from:

    (1) freezing;

    (2) water or sewage from outside the **residence premises** plumbing system that enters through sewers or drains, or water that enters into and overflows from within a sump pump, sump pump well, or any other system designed to remove subsurface water that is drained from the foundation area; or

    (3) the pressure from or presence of tree, shrub, or plant roots; or

c. that occurs or develops over a period of time and is caused by or resulting from:

    (1) condensation or the presence of humidity, moisture, or vapor; or

    (2) seepage or leakage of water, steam, or sewage that is:

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

(a) continuous;

(b) repeating;

(c) gradual;

(d) intermittent;

(e) slow; or

(f) trickling.

13. **Abrupt and accidental tearing asunder, cracking, burning, or bulging** of a steam or hot water heating system, an air conditioning system, an automatic fire protective sprinkler system, or an appliance for heating water.

This peril does not include loss:

a. caused by or resulting from freezing; or

b. that occurs or develops over a period of time and is caused by or resulting from:

(1) condensation or the presence of humidity, moisture, or vapor; or

(2) seepage or leakage of water or steam that is:

(a) continuous;

(b) repeating;

(c) gradual;

(d) intermittent;

(e) slow; or

(f) trickling.

14. **Freezing** of a plumbing, heating, air conditioning, or automatic fire protective sprinkler system, or of a household appliance.

This peril does not include:

a. loss to a portable hot tub or portable spa unless **you** have used reasonable care to prevent freezing; or

b. loss on the **residence premises** unless **you** have used reasonable care to:

(1) maintain heat in the **building structure** at 55 degrees Fahrenheit or higher; or

(2) shut off the water supply and drain the system and appliances of water.

However, if the **building structure** is protected by an automatic fire protective sprinkler system, **you** must use reasonable care to continue the water supply and maintain heat in the **building structure** at 55 degrees Fahrenheit or higher for coverage to apply.

15. **Abrupt and accidental damage** to electrical appliances, devices, fixtures, and wiring from an increase or decrease of artificially generated electrical current. **We** will pay up to $3,000 under this peril for each damaged item described above.

16. **Breakage of glass**, meaning damage to personal property caused by breakage of glass that is a part of a structure on the **residence premises**. **We** will not pay for loss or damage to the glass.

17. **Wild bears or deer**, meaning damage caused by wild bears or deer to property located in a **building structure**.

## SECTION I – LOSSES NOT INSURED

1. **We** will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

a. collapse, except as specifically provided in **SECTION I – ADDITIONAL COVERAGES, Collapse**;

b. freezing of a plumbing, heating, air conditioning, or automatic fire protective sprinkler system or of a household appliance; or discharge, leakage, or overflow from within the system or appliance caused by freezing. This does not apply if **you** have used reasonable care to:

(1) maintain heat in the **building structure** at 55 degrees Fahrenheit or higher; or

(2) shut off the water supply and drain the system and appliances of water.

However, if the **building structure** is protected by an automatic fire protective system, **you** must use reasonable care to continue the water supply and maintain heat in the

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

***building structure*** at 55 degrees Fahrenheit or higher for coverage to apply;

c. freezing, thawing, pressure, or weight of water, ice, snow, or sleet, whether driven by wind or not, to:

   (1) a swimming pool, hot tub, or spa, including their covers, filtration, and circulation systems; or

   (2) an awning, fence, pavement, patio, foundation (including slabs, basement walls, crawl space walls, and footings), retaining wall, bulkhead, pier, wharf, or dock;

d. theft in or to a dwelling under construction, or of materials and supplies for use in the construction, until the dwelling is completed and occupied;

e. theft, vandalism, malicious mischief, or breakage of glass and safety glazing materials if the dwelling is a ***vacant dwelling***;

f. seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:

   (1) and is:

      (a) continuous;

      (b) repeating;

      (c) gradual;

      (d) intermittent;

      (e) slow; or

      (f) trickling; and

   (2) from a:

      (a) heating, air conditioning, or automatic fire protective sprinkler system;

      (b) household appliance; or

      (c) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.

***We*** also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time.

Item f. does not apply if the seepage or leakage of water, steam, or sewage is hidden from view within the walls, ceilings, or floors, and unknown by the ***insured***;

g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

h. corrosion, electrolysis, or rust;

i. wet or dry rot;

j. contamination or pollution, meaning the presence, discharge, dispersal, seepage, migration, release, or escape of contaminants or pollutants at or from any source. This does not apply if the presence, discharge, dispersal, seepage, migration, release, or escape is itself caused by a peril described in **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY.**

   (1) Contaminants and pollutants include but are not limited to any:

      (a) solid, liquid, gaseous, or thermal irritant, including smoke from agricultural smudging or industrial operations, smog, soot, vapor, fumes, acids, alkalis, chemicals, pathogens, noxious substances, asbestos, or lead;

      (b) contaminants or pollutants resulting from any natural resource extraction activities; or

      (c) fuel oil except as specifically provided in **SECTION I – ADDITIONAL COVERAGES**, **Fuel Oil Release**.

   (2) ***We*** also will not pay for:

      (a) losses arising from contamination or pollution caused by or resulting from defective building materials, nuclear substances, and waste. Waste includes materials to be recycled, reconditioned, or reclaimed;

      (b) the cost to extract contaminants or pollutants from land, water, or air, or the cost to remove, restore, or replace contaminated or polluted land, water, or air; or

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

(c) the cost of testing, monitoring, cleaning, removing, containing, treating, detoxifying, neutralizing, remediating, disposing of, or assessing the effects of contaminants or pollutants;

k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings;

l. all animals, birds, or insects.

(1) This includes:

(a) nesting, infestation, gnawing, feeding, breeding, or discharge or release of waste products or secretions by animals, birds, or insects;

(b) costs to remove animals, birds, or insects from the covered property; and

(c) costs to prevent the animals, birds, or insects from returning to the property;

(2) However, **we** will pay for:

(a) losses caused by wild bears or deer; and

(b) the breakage of glass or safety glazing material that is a part of a **building structure**, when caused by animals, birds, or insects; or

m. pressure from or presence of tree, shrub, or plant roots.

However, **we** will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured as described in this Section.

2. **We** will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. **We** will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the **residence premises**, arises from any natural or external forces, or occurs as a result of any combination of these:

a. **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a **building structure** or other structure.

b. **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth. Earth movement includes but is not limited to:

(1) earthquake;

(2) landslide, mudslide, or mudflow;

(3) sinkhole or subsidence;

(4) movement resulting from:

(a) improper compaction;

(b) site selection;

(c) natural resource extraction activities; or

(d) excavation;

(5) erosion;

(6) pressure by surface or subsurface earth or fill; or

(7) any volcanic activity, except as specifically provided in **SECTION I – ADDITIONAL COVERAGES, Volcanic Action**.

However, **we** will pay for any accidental direct physical loss by fire, explosion other than explosion of a volcano, or theft resulting from earth movement, provided the resulting loss is itself a **loss insured**.

c. **Water**, meaning:

(1) flood;

(2) surface water. This does not include water solely caused by the release of water from a swimming pool, spigot, sprinkler system, hose, or hydrant;

(3) waves (including tidal wave, tsunami, and seiche);

(4) tides or tidal water;

(5) overflow of any body of water (including any release, escape, or rising of any body

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

of water, or any water held, contained, controlled, or diverted by a dam, levee, dike, or any type of water containment, diversion, or flood control device);

(6) spray or surge from any of the items c.(1) through c.(5) described above, all whether driven by wind or not;

(7) water or sewage from outside the **residence premises** plumbing system that enters through sewers or drains, or water or sewage that enters into and overflows from within a sump pump, sump pump well, or any other system designed to remove subsurface water that is drained from the foundation area;

(8) water or sewage below the surface of the ground, including water or sewage that exerts pressure on, or seeps or leaks through a **building structure**, sidewalk, driveway, swimming pool, or other structure; or

(9) material carried or otherwise moved by any of the water or sewage, as described in items c.(1) through c.(8) above.

However, **we** will pay for any accidental direct physical loss by fire, explosion, or theft resulting from water, provided the resulting loss is itself a **loss insured**.

d. **Neglect**, meaning neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

e. **War**, including any undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon will be considered a warlike act even if accidental.

f. **Nuclear Hazard**, meaning any nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these. Loss caused by the nuclear hazard will not be considered loss caused by fire, explosion, or smoke.

However, **we** will pay for any accidental direct physical loss by fire resulting from the nuclear hazard, provided the resulting fire loss is itself a **loss insured**.

g. **Fungus**, including:

(1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the **residence premises** or location of the rebuilding, repair, or replacement of that property, by **fungus**;

(2) any remediation of **fungus**, including the cost or expense to:

(a) remove the **fungus** from covered property or to repair, restore, or replace that property;

(b) tear out and replace any part of the **building structure** or other property as needed to gain access to the **fungus**; or

(c) contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the **fungus**; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of **fungus**, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

However, item g. does not apply if **fungus** results from an accidental direct physical loss caused by fire or lightning.

h. **Intentional Losses.** If any **insured** intentionally causes or procures a loss to property covered under this policy, **we** will not pay any **insured** for this loss. This applies regardless of whether the **insured** is charged with or convicted of a crime.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

This does not apply to:

(1) an *insured* who did not participate in, co-operate in, or contribute to causing or procuring the loss; or

(2) a claim of an innocent *insured*, to the extent of the innocent *insured's* interest in the covered property, if the loss:

    (a) arises out of family violence against an innocent *insured*; and

    (b) is caused by an intentional act of an *insured* against whom a family violence complaint is brought.

3. *We* will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, *we* will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a. conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

b. defect, weakness, inadequacy, fault, or unsoundness in:

(1) planning, zoning, development, surveying, or siting;

(2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(4) maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the *residence premises*; or

c. weather conditions.

However, *we* will pay for any resulting loss from items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Loss Not Insured as described in this Section.

## SECTION I – LOSS SETTLEMENT

Only the **Loss Settlement Provisions** shown in the *Declarations* apply. *We* will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and *we* will not pay, any amount for *diminution in value*.

**COVERAGE A – DWELLING**

1. **A1 – Replacement Cost Loss Settlement – Similar Construction.**

a. *We* will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the *Declarations*, the damaged part of the property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

(1) until actual repair or replacement is completed, *we* will pay only the *actual cash value* of the damaged part of the property, up to the applicable limit of liability shown in the *Declarations*, not to exceed the cost to repair or replace the damaged part of the property;

(2) when the repair or replacement is actually completed, *we* will pay the covered additional amount *you* actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the *Declarations*, whichever is less;

(3) to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify *us* within 30 days after the work has been completed; and

(4) *we* will not pay for increased costs resulting from enforcement of any ordinance or

© Copyright, State Farm Mutual Automobile Insurance Company, 2017
HW-2111

law regulating the construction, repair, or demolition of a *building structure* or other structure, except as provided under **OPTIONAL POLICY PROVISIONS**, **Option OL – Building Ordinance or Law**.

b. Wood Fences:   *We* will pay the *actual cash value* for loss or damage to wood fences, not to exceed the limit of liability shown in the *Declarations* for **COVERAGE A – Other Structures**.

2. **A2 – Replacement Cost Loss Settlement – Common Construction.**

a. *We* will pay the cost to repair or replace with common construction and for the same use on the premises shown in the *Declarations*, the damaged part of the property covered under **SECTION I – PROPERTY COVERAGES**, **COVERAGE A – DWELLING**, except for wood fences, subject to the following:

   (1) *we* will pay only for repair or replacement of the damaged part of the property with common construction techniques and materials commonly used by the building trades in standard new construction.  *We* will not pay the cost to repair or replace obsolete, antique, or custom construction with like kind and quality;

   (2) until actual repair or replacement is completed, *we* will pay only the *actual cash value* of the damaged part of the property, up to the applicable limit of liability shown in the *Declarations*, not to exceed the cost to repair or replace the damaged part of the property as described in a.(1) above;

   (3) when the repair or replacement is actually completed as described in a.(1) above, *we* will pay the covered additional amount *you* actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the *Declarations*, whichever is less;

   (4) to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within

two years after the date of loss, and notify *us* within 30 days after the work has been completed; and

   (5) *we* will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a *building structure* or other structure, except as provided under **OPTIONAL POLICY PROVISIONS**, **Option OL – Building Ordinance or Law**.

b. Wood Fences: *We* will pay the *actual cash value* for loss or damage to wood fences, not to exceed the limit of liability shown in the *Declarations* for **COVERAGE A – Other Structures**.

**COVERAGE B – PERSONAL PROPERTY**

1. **B1 – Limited Replacement Cost Loss Settlement.**

a. *We* will pay the cost to repair or replace property covered under **SECTION I – PROPERTY COVERAGES**, **COVERAGE B – PERSONAL PROPERTY**, except for property listed in item b. below, subject to the following:

   (1) until repair or replacement is completed, *we* will pay only the *actual cash value* of the damaged property;

   (2) after repair or replacement is completed, *we* will pay the difference between the *actual cash value* and the cost *you* have actually and necessarily spent to repair or replace the property; and

   (3) if property is not repaired or replaced within two years after the date of loss, *we* will pay only the *actual cash value*.

b. *We* will pay market value at the time of loss for:

   (1) antiques, fine arts, paintings, statuary, and similar articles which by their inherent nature cannot be replaced with new articles;

   (2) articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs, and collectors items; and

   (3) property not useful for its intended purpose.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

However, *we* will not pay an amount exceeding the smallest of the following for items a. and b. above:

    (1)  *our* cost to replace at the time of loss;

    (2)  the full cost of repair;

    (3)  any special limit of liability described in this policy; or

    (4)  any applicable Coverage B limit of liability.

2.  **B2 – Depreciated Loss Settlement.**

    a.  *We* will pay the ***actual cash value*** for property covered under **SECTION I – PROPERTY COVERAGES**, **COVERAGE B – PERSONAL PROPERTY**, except for property listed in item b. below.

    b.  *We* will pay market value at the time of loss for:

    (1)  antiques, fine arts, paintings, statuary, and similar articles which by their inherent nature cannot be replaced with new articles;

    (2)  articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs, and collectors items; and

    (3)  property not useful for its intended purpose.

However, *we* will not pay an amount exceeding the smallest of the following for items a. and b. above:

    (1)  *our* cost to replace at the time of loss;

    (2)  the full cost of repair;

    (3)  any special limit of liability described in this policy; or

    (4)  any applicable Coverage B limit of liability.

# SECTION I – CONDITIONS

1.  **Insurable Interest and Limit of Liability.**  Even if more than one person has an insurable interest in the property covered, *we* will not be liable:

    a.  to the *insured* for an amount greater than the *insured's* interest; or

    b.  for more than the applicable limit of liability.

2.  **Your Duties After Loss.**  After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:

    a.  give immediate notice to *us* or *our* agent and also notify:

    (1)  the police if the loss is caused by theft, vandalism, or any other criminal act; and

    (2)  the credit card company or bank if the loss involves a credit card or bank fund transfer card;

    b.  protect the property from further damage or loss and also:

    (1)  make reasonable and necessary temporary repairs required to protect the property; and

    (2)  keep an accurate record of repair expenses;

    c.  prepare an inventory of damaged or stolen personal property:

    (1)  showing in detail the quantity, description, age, replacement cost, and amount of loss; and

    (2)  attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

    d.  as often as *we* reasonably require:

    (1)  exhibit the damaged property;

    (2)  provide *us* with any requested records and documents and allow *us* to make copies;

    (3)  while not in the presence of any other *insured*:

        (a)  give statements; and

        (b)  submit to examinations under oath; and

    (4)  produce employees, members of the *insured's* household, or others for examination under oath to the extent it is within the *insured's* power to do so; and

    e.  submit to *us*, within 60 days after the loss, *your* signed, sworn proof of loss that sets forth, to the best of *your* knowledge and belief:

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

(1)  the time and cause of loss;

(2)  interest of the **insured** and all others in the property involved and all encumbrances on the property;

(3)  other insurance that may cover the loss;

(4)  changes in title or occupancy of the property during the term of this policy;

(5)  specifications of any damaged structure and detailed estimates for repair of the damage;

(6)  an inventory of damaged or stolen personal property described in 2.c.;

(7)  receipts for additional living expenses incurred and records supporting the fair rental value loss; and

(8)  evidence or affidavit supporting a claim under **SECTION I – ADDITIONAL COVERAGES**, **Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money** coverage, stating the amount and cause of loss.

3.  **Loss to a Pair or Set.**  In case of loss to a pair or set, **we** may choose to:

a.  repair or replace any part to restore the pair or set to its value before the loss; or

b.  pay the difference between the depreciated value of the property before the loss and the depreciated value of the property after the loss.

4.  **Appraisal.**  If **you** and **we** fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only **you** or **we** may demand appraisal. A demand for appraisal must be in writing.  **You** must comply with **SECTION I – CONDITIONS**, **Your Duties After Loss** before making a demand for appraisal. At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.

a.  Each party will select a competent, disinterested appraiser and notify the other party of

the appraiser's identity within 20 days of receipt of the written demand for appraisal.

b.  The appraisers will then attempt to set the amount of the loss of each item in dispute as specified by each party, and jointly submit to each party a written report of agreement signed by them. In all instances the written report of agreement will be itemized and state separately the **actual cash value**, replacement cost, and if applicable, the market value of each item in dispute.

The written report of agreement will set the amount of the loss of each item in dispute.

c.  If the two appraisers fail to agree upon the amount of the loss within 30 days, unless the period of time is extended by mutual agreement, they will select a competent, disinterested umpire and will submit their differences to the umpire. If the appraisers are unable to agree upon an umpire within 15 days:

(1)  **you** or **we** may make a written application for a judge of a court of record in the same state and county (or city if the city is not within a county) where the **residence premises** is located to select an umpire;

(2)  the party requesting the selection described in item c.(1) must provide the other party:

(a)  written notice of the intent to file, identifying the specific location and identity of the court at least 10 days prior to submission of the written application; and

(b)  a copy of the written application; and

(3)  a written report of agreement, as required in item b., signed by any two (appraisers or appraiser and umpire) will set the amount of the loss of each item in dispute. In all instances the written report of agreement will be itemized and state separately the **actual cash value**, replacement cost, and if applicable, the market value of each item in dispute.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

d. To qualify as an appraiser or umpire for a loss to property described in **COVERAGE A – DWELLING**, a person must be one of the following and be licensed or certified as required by the applicable jurisdiction:

   (1) an engineer or architect with experience and training in building construction, repair, estimating, or investigation of the type of property damage in dispute;

   (2) an adjuster or public adjuster with experience and training in estimating the type of property damage in dispute; or

   (3) a contractor with experience and training in the construction, repair, and estimating of the type of property damage in dispute.

e. A person may not serve as an appraiser or umpire if that person, any employee of that person, that person's employer, or any employee of their employer:

   (1) has performed services for either party with respect to the claim at issue in the appraisal; or

   (2) has a financial interest in the outcome of the claim at issue in the appraisal.

f. Each party will be responsible for the compensation of their selected appraiser. Reasonable expenses of the appraisal and the reasonable compensation of the umpire will be paid equally by *you* and *us*.

g. *You* and *we* do not waive any rights by demanding or submitting to an appraisal, and retain all contractual rights to determine if coverage applies to each item in dispute.

h. Appraisal is only available to determine the amount of the loss of each item in dispute. The appraisers and the umpire have no authority to decide:

   (1) any other questions of fact;

   (2) questions of law;

   (3) questions of coverage;

   (4) other contractual issues; or

   (5) to conduct appraisal on a class-wide basis.

i. Appraisal is a non-judicial proceeding and does not provide for or require arbitration. Neither party will be awarded attorney fees. The appraisal award may not be entered as a judgment in a court.

j. A party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss.

5. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, *we* will pay only *our* share of the loss. *Our* share is the proportion of the loss that the applicable limit under this policy bears to the total amount of insurance covering the loss.

6. **Suit Against Us.** No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.

   However, if the action results from a loss caused by fire or lightning, the action must be started within two years after the date of loss or damage.

7. **Our Option.** *We* may repair or replace any part of the property damaged or stolen with similar property. Any property *we* pay for or replace becomes *our* property.

8. **Loss Payment.** *We* will adjust all losses with *you*. *We* will pay *you* unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after *we* receive *your* proof of loss and:

   a. reach agreement with *you*;

   b. there is an entry of a final judgment; or

   c. there is a filing of an appraisal award with *us*.

9. **Abandonment of Property.** *We* need not accept any property abandoned by an *insured*.

10. **Mortgagee Clause.** The word "mortgagee" includes trustee.

    a. If a mortgagee is named in this policy, any loss payable under Coverage A will be paid to the mortgagee and *you*, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

b. If *we* deny *your* claim that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

  (1) notifies *us* of any change in ownership, occupancy, or substantial change in risk of which the mortgagee is aware;

  (2) pays on demand any premium due under this policy, if *you* have not paid the premium; and

  (3) submits a signed, sworn statement of loss within 60 days after receiving notice from *us* of *your* failure to do so. Policy conditions relating to **Appraisal**, **Suit Against Us**, and **Loss Payment** apply to the mortgagee.

c. If *we* cancel this policy, the mortgagee will be notified at least 10 days before the date cancellation takes effect. Proof of mailing will be proof of notice.

d. If *we* pay the mortgagee for any loss and deny payment to *you*:

  (1) *we* are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

  (2) at *our* option, *we* may pay to the mortgagee the whole principal on the mortgage

plus any accrued interest. In this event, *we* will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

e. Subrogation does not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

11. **No Benefit to Bailee.** *We* will not recognize an assignment or grant coverage for the benefit of a person or organization holding, storing, or transporting property for a fee. This applies regardless of any other provision of this policy.

12. **Recovered Property.** If either *you* or *we* recover any property after loss settlement, that party must give the other prompt notice. At *your* option, *you* may keep the property or *we* will return it to *you*. Otherwise, it will become *our* property. If *you* choose to keep the property, the loss payment will be adjusted based on the amount *you* received for the recovered property.

13. **Assignment of Claim.** Assignment to another party of any of *your* rights or duties under this policy regarding any claim, or any part of any claim, will be void and *we* will not recognize any such assignment, unless *we* give *our* written consent. However, once *you* have complied with all policy provisions, *you* may assign to another party, in writing, payment of claim proceeds otherwise payable to *you*.

## SECTION II – LIABILITY COVERAGES

### COVERAGE L – PERSONAL LIABILITY

If a claim is made or a suit is brought against an *insured* for damages because of *bodily injury* or *property damage* to which this coverage applies, caused by an *occurrence*, *we* will:

1. pay up to *our* limit of liability for the damages for which the *insured* is legally liable. *We* will not pay for criminal restitution; and

2. provide a defense at *our* expense by counsel of *our* choice. *We* may make any investigation and settle any claim or suit that *we* decide is appropriate. *Our* obligation to defend any suit ends when the amount *we* pay for damages, to effect settlement or satisfy a judgment resulting from the *occurrence*, equals *our* limit of liability. *We* will not provide a defense to any *insured* for criminal prosecution or proceedings.

### COVERAGE M – MEDICAL PAYMENTS TO OTHERS

*We* will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing *bodily injury*. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, rehabilitation, pharmaceuticals, orthopedic devices, prosthetic devices, and funeral services. This coverage applies only:

1. to a person on the *insured location* with the permission of an *insured*;

2. to a person off the *insured location*, if the *bodily injury*:

  a. arises out of a condition on the *insured location* or the ways immediately adjoining;

23

HW-2111

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

b. is caused by the activities of an *insured*;

c. is caused by a *residence employee* in the course of the *residence employee's* employment by an *insured*; or

d. is caused by an animal owned by or in the care of an *insured*; or

3. to a *residence employee* if the *occurrence* causing *bodily injury* occurs off the *insured location* and arises out of or in the course of the *residence employee's* employment by an *insured*.

**SECTION II – ADDITIONAL COVERAGES**

The following Additional Coverages are subject to all the terms, provisions, exclusions, and conditions of this policy.

*We* will pay for the following in addition to the limits of liability:

1. **Claim Expenses. *We*** will pay:

   a. expenses *we* incur and costs taxed against an *insured* in suits *we* defend. Taxed costs do not include attorney fees;

   b. premiums on bonds required in suits *we* defend, but not for bond amounts greater than the Coverage L limit. *We* are not obligated to apply for or furnish any bond;

   c. reasonable expenses an *insured* incurs at *our* request. This includes actual loss of earnings (but not loss of other income) up to $250 per day for aiding *us* in the investigation or defense of claims or suits;

   d. interest the *insured* is legally liable to pay on damages payable under Coverage L above before a judgment, but only the interest on the lesser of:

      (1) that part of the damages *we* pay; or

      (2) the Coverage L limit; and

   e. interest on the entire judgment that accrues after entry of the judgment and before *we* pay or tender, or deposit in court that part of the judgment that does not exceed the limit of liability that applies.

2. **First Aid Expenses. *We*** will pay expenses for first aid to others incurred by an *insured* for *bodily injury*

covered under this policy. *We* will not pay for first aid to *you* or any other *insured*.

3. **Damage to Property of Others.**

   a. *We* will pay for *property damage* to property of others caused by the activities of an *insured*.

   b. *We* will not pay more than the smallest of the following amounts:

      (1) replacement cost at the time of loss;

      (2) full cost of repair; or

      (3) the limit of liability shown in the *Declarations* for **Damage to Property of Others** for any one *occurrence*.

   c. *We* will not pay for *property damage*:

      (1) for a loss that is recoverable under Section I of this policy. *We* also will not pay for any applicable deductible regardless of whether the amount of the loss exceeds the deductible;

      (2) caused intentionally by an *insured* 13 years of age or older;

      (3) to property, other than a rented golf cart, owned by, or rented to an *insured*, a tenant of an *insured*, or a resident in *your* household;

      (4) arising out of:

         (a) *business* pursuits;

         (b) any act or omission in connection with a premises an *insured* owns, rents, or controls, other than the *insured location*;

         (c) a condition on the *insured location* or the ways immediately adjoining; or

         (d) the ownership, maintenance, or use of a *motor vehicle*, aircraft, or watercraft, including airboat, air cushion, personal watercraft, sail board, or similar type watercraft; or

      (5) if a payment is made under **COVERAGE L – PERSONAL LIABILITY** for the same *property damage*.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

# SECTION II – EXCLUSIONS

1. Coverage L and Coverage M do not apply to:

   a. **bodily injury** or **property damage** that:

   (1) was a result of a:

      (a) willful and malicious; or

      (b) criminal;

      act or omission of the **insured**;

   (2) was intended by the **insured**; or

   (3) would have been expected by the **insured** based on a reasonable person standard.

   However, exclusions a.(2) and a.(3) above do not apply to **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property.

   Exclusions a.(1), a.(2), and a.(3) above apply to all **bodily injury** or **property damage** even if the:

   (1) **bodily injury** or **property damage** was sustained by a different person, entity, or property than was expected or intended;

   (2) **bodily injury** or **property damage** was of a different kind, quality, or degree than was expected or intended;

   (3) **insured** lacked the mental capacity to control his or her conduct;

   (4) **insured** was not charged with or convicted of a criminal act or omission; or

   (5) **insured** was impaired by drugs or alcohol;

   b. **bodily injury** or **property damage** arising out of **business** pursuits of any **insured**, except as provided in item c. below. This exclusion does not apply to activities that are ordinarily incident to non-**business** pursuits;

   c. **bodily injury** or **property damage** arising out of the rental of any part of any premises by any **insured**. This exclusion does not apply:

   (1) to the rental of the **residence premises**:

      (a) either completely or in part, for exclusive use as a residence, for up to 30 nights in the 12-month period prior to the date of the loss;

      (b) in part, for use as a permanent residence, by either one or two full-time roomers or boarders; or

      (c) in part, as an office, school, studio, or private garage;

   (2) when the **dwelling** on the **residence premises** is a two, three, or four family **dwelling** and **you** occupy one part and rent the other part to others;

   (3) to farm land (without buildings), rented to others, but not to exceed a total of 500 acres, regardless of the number of locations; or

   (4) to activities that are ordinarily incident to non-**business** pursuits;

   d. **bodily injury** or **property damage** arising out of the rendering or failing to render professional services;

   e. **bodily injury** or **property damage** arising out of any premises currently owned or rented to any **insured** which is not an **insured location**. This exclusion does not apply to **bodily injury** to a **residence employee** arising out of and in the course of the **residence employee's** employment by an **insured**;

   f. **bodily injury** or **property damage** arising out of the ownership, maintenance, use, loading, or unloading of:

   (1) an aircraft. This exclusion does not apply to the ownership, maintenance, use, loading, or unloading of unmanned aircraft systems used as model aircraft:

      (a) solely for recreational or hobby purposes;

      (b) designed to be operated within the visual line of sight of the operator and operated within the visual line of sight of the operator; and

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

HW-2111

(c)   weighing not more than 55 pounds at the time of operation;

unless the ownership, maintenance, use, loading, or unloading of such aircraft results in:

(a)   *property damage* to any aircraft; or

(b)   *bodily injury* or *property damage* resulting from interference with an aircraft carrying people regardless of whether the *bodily injury* or *property damage* is sustained by people or property on the aircraft or not;

(2)   a *motor vehicle* owned or operated by or rented or loaned to any *insured*; or

(3)   a watercraft:

(a)   owned by or rented to any *insured* if it has inboard or inboard-outdrive motor power of more than 50 horsepower;

(b)   owned by or rented to any *insured* if it is a sailing vessel, with or without auxiliary power, 26 feet or more in overall length;

(c)   powered by one or more outboard motors with more than 25 total horsepower owned by any *insured*;

(d)   designated as an airboat, air cushion, or similar type of craft; or

(e)   owned by any *insured* if it is a personal watercraft using a water jet pump powered by an internal combustion engine as the primary source of propulsion.

This exclusion does not apply to *bodily injury* to a *residence employee* arising out of and in the course of the *residence employee's* employment by an *insured*.  Exclusion f.(3) does not apply while the watercraft is on the *residence premises*;

g.   *bodily injury* or *property damage* arising out of:

(1)   the entrustment by any *insured* to any person;

(2)   the supervision by any *insured* of any person;

(3)   any liability statutorily imposed on any *insured*; or

(4)   any liability assumed through an unwritten or written agreement by any *insured*;

with regard to the ownership, maintenance, or use of any aircraft, watercraft, or *motor vehicle* not covered under Section II of this policy;

h.   *bodily injury* or *property damage* caused directly or indirectly by war, including undeclared war, or any warlike act including destruction, seizure, or use for a military purpose, or any consequence of these. Discharge of a nuclear weapon will be considered a warlike act even if accidental;

i.   *bodily injury* to any *insured* within the meaning of part 9.a., 9.b., or 9.c. of the definition of *insured*.

This exclusion also applies to any claim made or suit brought against any *insured* within the meaning of part 9.a., 9.b., or 9.c. of the definition of *insured* to share damages with or repay someone else who may be obligated to pay damages because of the *bodily injury* sustained by any *insured* within the meaning of part 9.a., 9.b., or 9.c. of the definition of *insured*;

j.   any claim made or suit brought against any *insured* by:

(1)   any person in the care of any *insured* because of child care services provided by or at the direction of:

(a)   any *insured*;

(b)   any employee of any *insured*; or

(c)   any other person actually or apparently acting on behalf of any *insured*; or

(2)   any person who makes a claim because of *bodily injury* to any person in the care of any *insured* because of child care services provided by or at the direction of:

(a)   any *insured*;

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

(b) any employee of any *insured*; or

(c) any other person actually or apparently acting on behalf of any *insured*.

This exclusion does not apply to the occasional child care services provided by any *insured*, or to the part-time child care services provided by any *insured* under 19 years of age;

k. *bodily injury* or *property damage* arising out of an *insured's* participation in, or preparation or practice for, any prearranged or organized race, speed or demolition contest, or similar competition involving a motorized land vehicle or motorized watercraft. This exclusion does not apply to a sailing vessel less than 26 feet in overall length with or without auxiliary power;

l. *bodily injury* or *property damage* arising out of the use, sale, manufacture, distribution, delivery, transfer, or possession, by any *insured*, of any substance that is illegal or is a controlled substance under either federal or state law.

This exclusion does not apply to:

(1) the legitimate use of legally prescribed drugs, under either federal or state law, by a person following orders of a licensed health care professional; or

(2) an *insured* who did not knowingly participate or cooperate in the acts described in paragraph l. above;

m. *bodily injury* or *property damage* arising out of any actual, alleged, or threatened:

(1) sexual harassment, sexual molestation, or sexual misconduct;

(2) physical or mental abuse; or

(3) corporal punishment;

by the *insured*;

n. *bodily injury* or *property damage* arising out of the actual, alleged, or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any *fungus* at or from any source or location.

*We* also do not cover any loss, cost, or expense arising out of any:

(1) request, demand, order, or statutory or regulatory requirement that any *insured* or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, remediate, dispose of, or in any way respond to or assess the effects of *fungus*; or

(2) claim or suit for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, disposing of, or in any way responding to or assessing the effects of *fungus*; or

o. *bodily injury* or *property damage* arising out of the ownership, maintenance, or use of systems and equipment used to generate electrical power exceeding 125 percent of the actual electrical power usage by the *residence premises* in the 12-month period prior to the date of the loss.

2. Coverage L does not apply to:

a. liability:

(1) for *your* share of any loss assessment charged against all members of any type of association of property owners; or

(2) imposed on or assumed by any *insured* through any unwritten or written contract or agreement. This exclusion does not apply to liability for damages that the *insured* would have in absence of the contract or agreement;

b. *property damage* to property owned by any *insured* at the time of the *occurrence*;

c. *property damage* to property rented to, used or occupied by, or in the care, custody, or control of any *insured* at the time of the *occurrence*. This exclusion does not apply to *property damage* caused by fire, smoke, explosion, or abrupt and accidental damage from water;

d. *bodily injury* to a person eligible to receive any benefits required to be provided or voluntarily provided by an *insured* under a workers'

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

compensation, non-occupational disability, or occupational disease law;

e. **bodily injury** or **property damage** for which an **insured** under this policy is also an insured under a nuclear energy liability policy or would be an insured but for its termination upon exhaustion of its limit of liability. A nuclear energy liability policy is a policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada, or any of their successors;

f. **bodily injury** or **property damage** arising out of any real property any **insured** has sold or transferred. This includes but is not limited to **bodily injury** or **property damage** arising out of known, unknown, hidden, or alleged property conditions, problems, or defects.

This exclusion also applies to any **property damage** to the sold or transferred real property itself.

However, this exclusion does not apply to:

(1) **bodily injury** arising out of fire, smoke, explosion, electrocution, or carbon monoxide poisoning; or

(2) **property damage** arising out of fire, smoke, or explosion.

3. Coverage M does not apply to **bodily injury**:

a. to a **residence employee** if it occurs off the **insured location** and does not arise out of or in the course of the **residence employee's** employment by an **insured**;

b. to a person eligible to receive any benefits required to be provided or voluntarily provided under any workers' compensation, non-occupational disability, or occupational disease law;

c. to a person other than a **residence employee** of an **insured**, regularly residing on any part of the **insured location**; or

d. from nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

## SECTION II – CONDITIONS

1. **Limit of Liability.** The Coverage L limit is shown in the **Declarations**. This is the limit for all damages from each **occurrence** for the policy period in which the **bodily injury** or **property damage** first occurs, regardless of the number of **insureds**, claims made, or persons injured. No additional limits or coverage will be available for the **occurrence** under any additional policy periods while this policy remains in force.

The Coverage M limit is shown in the **Declarations**. This is **our** limit for all medical expenses for **bodily injury** to one person as the result of one accident.

2. **Severability of Insurance.** This insurance applies separately to each **insured**. This condition does not increase **our** limit of liability for any one **occurrence**.

3. **Duties After Loss.** In case of an accident or **occurrence**, the **insured** must cooperate with **us** in the investigation, settlement, or defense of any claim or suit and also perform the following duties

that apply. **You** must cooperate with **us** in seeing that these duties are performed:

a. give written notice to **us** or **our** agent as soon as possible, which sets forth:

(1) the identity of this policy and the **insured**;

(2) reasonably available information on the time, place, and circumstances of the accident or **occurrence**; and

(3) names and addresses of any claimants and available witnesses;

b. immediately forward to **us** every notice, demand, summons, or other process relating to the accident or **occurrence**;

c. at **our** request, assist in:

(1) making settlement;

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

(2) the enforcement of any right of contribution or indemnity against a person or organization who may be liable to an **insured**;

(3) the conduct of suits and attend hearings and trials; and

(4) securing and giving evidence and obtaining the attendance of witnesses;

d.  under **SECTION II – ADDITIONAL COVER-AGES, Damage to Property of Others**, exhibit the damaged property if within the **insured's** control; and

e.  the **insured** must not, except at the **insured's** own cost, voluntarily make payments, assume obligations, or incur expenses.  This does not apply to expense for first aid to others at the time of the **bodily injury**.

4.  **Coverage M Requirements.  We** may require the following in regard to any Coverage M claim:

a.  written proof of claim, under oath if required, as soon as possible from the injured person, or when appropriate, someone acting on behalf of that person;

b.  the injured person's submission to physical examinations by a physician selected by **us** when and as often as **we** reasonably require; and

c.  any authorizations from the injured person as **we** may require.

5.  **Payment of Claim – Coverage M or Damage to Property of Others.**  Payment under either of these is not an admission of liability by an **insured** or **us**.

6.  **Suit Against Us.**  No action will be brought against **us** unless there has been compliance with the policy provisions.

No one will have the right to join **us** as a party to an action against an **insured**.  Further, no action with respect to Coverage L will be brought against **us** until the obligation of the **insured** has been determined by final judgment on the merits, after an actual trial or by an agreement signed by **us**; but **we** will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable Limit of Liability.

7.  **Bankruptcy of an Insured.**  Bankruptcy or insolvency of an **insured** will not relieve **us** or **our** obligation under this policy.

8.  **Other Insurance – Coverage L.**  This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

## SECTION I AND SECTION II – CONDITIONS

1.  **Policy Period.**  This policy applies only to loss under Section I or **bodily injury** or **property damage** under Section II that occurs during the period this policy is in effect.

2.  **Concealment or Fraud.**

a.  This policy is void as to **you** and any other **insured** if **you** or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

However, this condition applies only to facts or circumstances:

(1) on which **we** rely and are either:

(a)  material; or

(b)  made with intent to deceive; or

(2) that contribute to the loss.

b.  No failure of a policy condition before the loss and no breach of a promissory warranty affects **our** obligations under this policy unless such failure or breach exists at the time of loss and either:

(1) increases the risk at the time of loss; or

(2) contributes to the loss.

Item 2.b. does not apply to failure to tender payment of premium.

c.  Violation of this condition by an **insured** does not apply to a claim of an innocent **insured**, to

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

the extent of the innocent *insured's* interest in the covered property, if the loss:

(1) arises out of family violence against an innocent *insured*; and

(2) is caused by an intentional act of an *insured* against whom a family violence complaint is brought.

3. **Liberalization Clause.** If *we* adopt any revision that would broaden coverage under this policy without additional premium, within 60 days prior to or during the period this policy is in effect, the broadened coverage will immediately apply to this policy.

4. **Waiver or Change of Policy Provisions.** A waiver or change of any provision of this policy must be in writing by *us* to be valid. *Our* request for an appraisal or examination does not waive any of *our* rights.

5. **Cancellation.**

a. *You* may cancel this policy at any time by giving *us* advance written notice of the date cancellation is to take effect. If only *your* interest is affected, the effective date of cancellation will be the later of:

(1) the date *we* receive *your* notice of cancellation; or

(2) the date specified in the notice.

However, upon receipt of *your* notice of cancellation, *we* may waive the requirement that the notice be in writing by confirming the date and time of cancellation to *you* in writing.

b. *We* may cancel this policy only for the reasons stated in this condition. *We* will notify *you* in writing of the date cancellation takes effect. This cancellation notice may be delivered to *you*, or mailed to *you* at *your* mailing address shown in the *Declarations*. Proof of mailing will be sufficient proof of notice:

(1) When *you* have not paid the premium, *we* may cancel at any time by notifying *you* at least 10 days before the date cancellation takes effect. This condition applies whether the premium is payable to *us* or

*our* agent or under any finance or credit plan.

(2) When this policy has been in effect for less than 60 days and is not a renewal with *us*, *we* may cancel for any reason. *We* may cancel by notifying *you* at least 30 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with *us*, *we* may cancel:

(a) if there has been a material misrepresentation of fact that, if known to *us*, would have caused *us* not to issue this policy; or

(b) if the risk has changed substantially since this policy was issued.

*We* may cancel this policy by notifying *you* at least 30 days before the date cancellation takes effect.

(4) When this policy is written for a period longer than one year, *we* may cancel for any reason at anniversary. *We* may cancel by notifying *you* at least 30 days before the date cancellation takes effect.

c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded. The return premium will be pro rata.

d. The return premium may not be refunded with the notice of cancellation or when this policy is returned to *us*. In such cases, *we* will refund it within a reasonable time after the date cancellation takes effect.

e. If *we* cancel this policy, *we* will notify any mortgagee shown in this policy in accordance with Georgia state insurance law.

6. **Nonrenewal.** *We* may elect not to renew this policy. If *we* elect not to renew, a written notice will be delivered to *you*, or mailed to *you* at *your* mailing address shown in the *Declarations*. The notice will be mailed or delivered at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

© Copyright, State Farm Mutual Automobile Insurance Company, 2017

If *we* elect not to renew this policy, *we* will notify any mortgagee shown in this policy in accordance with Georgia state insurance law.

7. **Assignment of Policy.**  Assignment of this policy will be void and *we* will not recognize any such assignment, unless *we* give *our* written consent.

8. **Subrogation and Reimbursement.**

   a. **Subrogation.**

      (1) Applicable to SECTION I:

          If any *insured* to or for whom *we* make payment under this policy has rights to recover damages from another, those rights are transferred to *us* to the extent of *our* payment.  That *insured* must do everything necessary to secure *our* rights and must do nothing after loss to impair them.  However before a loss, an *insured* may waive in writing all rights of recovery against any person.

      (2) Applicable to SECTION II:

          If any *insured* has rights to recover all or part of any payment *we* have made under this policy, those rights are transferred to *us*.  An *insured* must do nothing after loss to impair them.  At *our* request, an *insured* will bring suit or transfer those rights to *us* and help *us* enforce them.

      Subrogation does not apply under Section II to **Medical Payments to Others** or **Damage to Property of Others**.

   b. **Reimbursement.**

      If *we* make payment under this policy and any *insured* to or for whom *we* make payment recovers or has recovered from another person or organization, then the *insured* to or for whom *we* make payment must:

      (1) hold in trust for *us* the proceeds of any recovery; and

      (2) reimburse *us* to the extent of *our* payment.

9. **Death.** If *you* die:

   a. *we* insure the legal representative of the deceased.  This condition applies only with respect to the premises and property of the deceased covered under this policy at the time of death;

   b. *insured* includes:

      (1) any member of *your* household who is an *insured* at the time of *your* death, but only while a resident of the *residence premises*; and

      (2) with respect to *your* property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

10. **Conformity to State Law.** When a policy provision is in conflict with the applicable law of the state in which this policy is issued, the law of the state will apply.

11. **Premium.**

    a. Unless as otherwise provided by an alternative payment plan in effect with the **State Farm Companies** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown in the most recently issued *Declarations*.

    b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium applicable at the time of renewal.

    c. The premium for this policy may vary based upon:

       (1) the purchase of other products or services from the **State Farm Companies**;

       (2) the purchase of products or services from an organization that has entered into an agreement or contract with the **State Farm Companies**.  The **State Farm Companies** do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization; or

       (3) an agreement, concerning the insurance provided by this policy, that the **State Farm Companies** has with an organization

© Copyright, State Farm Mutual Automobile Insurance Company, 2017



State Farm Fire and Casualty Company

March 22, 2022

State Farm Insurance Companies
Fire Claims
PO BOX 106169
Atlanta, GA 30348-6169
Fax 844 236 3646

TERRY SPIVEY
10852 CLEARWATER DR
HAMPTON, GA, 30228-2648

Sent via email: MTJSPIV831@YAHOO.COM

RE:  Claim Number:    11-22B3-17T
     Insured:         Terry Spivey
     Date of Loss:    June 28, 2021
     Policy Number:   11-CJ-0107-2
     Insured Property: 2015 Northerly Way
                       Stone Mountain, GA 30088-4309
     Type of Policy:  Homeowners
     Plaintiff:       Deshaun Walker

Dear Terry Spivey:

Thank you for speaking with Ms. Graham this afternoon concerning the results of our coverage investigation. We have determined that there are applicable policy exclusions since you did not reside at the property insured by this Homeowners policy at the time of the occurrence and there was a rental agreement in place with the occupants residing there. Therefore, we will be unable to provide you with coverage for indemnity or defense under the liability regarding the lawsuit Mr. Walker has brought against you.

We will allow you 30 days to obtain new counsel and will ask that Mr. Hedrick not withdraw his representation of you until that time has passed. Please let us and Mr. Hedrick know once you have obtained new defense counsel.

We wish to call your attention to the language in your Homeowners policy and endorsements, which state in part:

## SECTION II – LIABILITY COVERAGES

### COVERAGE L – PERSONAL LIABILITY

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, **we** will:

TERRY SPIVEY
11-22B3-17T
Page 2
March 22, 2022

1. pay up to *our* limit of liability for the damages for which the *insured* is legally liable.  *We* will not pay for criminal restitution; and

2. provide a defense at *our* expense by counsel of *our* choice.  *We* may make any investigation and settle any claim or suit that *we* decide is appropriate.  *Our* obligation to defend any suit ends when the amount *we* pay for damages, to effect settlement or satisfy a judgment resulting from the *occurrence*, equals *our* limit of liability.  *We* will not provide a defense to any *insured* for criminal prosecution or proceedings.

**COVERAGE M – MEDICAL PAYMENTS TO OTHERS**

*We* will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing *bodily injury*.  Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, rehabilitation, pharmaceuticals, orthopedic devices, prosthetic devices, and funeral services. This coverage applies only:

1. to a person on the *insured location* with the permission of an *insured*;

2. to a person off the *insured location*, if the *bodily injury*:

    a. arises out of a condition on the *insured location* or the ways immediately adjoining;

    b. is caused by the activities of an *insured*;

    c. is caused by a *residence employee* in the course of the *residence employee's* employment by an *insured*; or

    d. is caused by an animal owned by or in the care of an *insured*; or

3. to a *residence employee* if the *occurrence* causing *bodily injury* occurs off the *insured location* and arises out of or in the course of the *residence employee's* employment by an *insured*.

**SECTION II – EXCLUSIONS**

1. Coverage L and Coverage M do not apply to:

    c. *bodily injury* or *property damage* arising out of the rental of any part of any premises by any *insured*.  This exclusion does not apply:

        (1) to the rental of the *residence premises*:

            (a) either completely or in part, for exclusive use as a residence, for up to 30 nights in the 12-month period prior to the date of the loss;

            (b) in part, for use as a permanent residence, by either one or two full-time roomers or boarders; or

            (c) in part, as an office, school, studio, or private garage;

        (2) when the *dwelling* on the *residence premises* is a two, three, or four family *dwelling* and *you* occupy one part and rent the other part to others;

        (3) to farm land (without buildings), rented to others, but not to exceed a total of 500 acres, regardless of the number of locations; or

        (4) to activities that are ordinarily incident to non-*business* pursuits;

TERRY SPIVEY
11-22B3-17T
Page 3
March 22, 2022

    e. **bodily injury** or **property damage** arising out of any premises currently owned or rented to any **insured** which is not an **insured location**. This exclusion does not apply to **bodily injury** to a **residence employee** arising out of and in the course of the **residence employee's** employment by an **insured**;

2. Coverage L does not apply to:

    a. liability:

        (2) imposed on or assumed by any **insured** through any unwritten or written contract or agreement. This exclusion does not apply to liability for damages that the **insured** would have in absence of the contract or agreement;

## AMENDATORY ENDORSEMENT – SECTION II – LIABILITY COVERAGES

This endorsement modifies insurance provided under the following: HOMEOWNERS POLICY, CONDOMINIUM UNITOWNERS POLICY, and RENTERS POLICY

### SECTION II – EXCLUSIONS

Under **SECTION II – EXCLUSIONS**, 2.a. and 2.c. are replaced by the following:

    2. Coverage L does not apply to:

    a. liability:

        (2) imposed on or assumed by any **insured** through any unwritten or written contract or agreement. This exclusion does not apply to:

            (a) liability for damages that the **insured** would have in absence of the contract or agreement; or

            (b) written contracts:

                (i) that directly relate to the ownership, maintenance, or use of any **insured location**; or

                (ii) when the liability of others is assumed by **you** prior to the **occurrence**;

            unless excluded elsewhere in the policy;

### DEFINITIONS

**We** define the following words and phrases for use throughout this policy. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in bold italics.

2. **"bodily injury"** means physical injury, sickness, or disease to a person. This includes required care, loss of services, and death resulting therefrom.

    **Bodily injury** does not include:

    a. any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any **insured** to any other person;

    b. the actual or alleged exposure to any such disease, bacteria, parasite, virus, or other organism by any **insured** to any other person; or

TERRY SPIVEY
11-22B3-17T
Page 4
March 22, 2022

  c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

4. ***"business"*** means any full-time or part-time activity, trade, profession, employment, or occupation or a commercial, mercantile, or industrial undertaking of an economic nature. It does not matter whether it is continuous or regular, is a secondary or supplemental source of income, or is an ***insured's*** principal means of livelihood. Profit and profit motive are irrelevant.

  ***Business*** does not include:

  a. volunteer activities for a not-for-profit or non-profit organization or public agency for which no money is received other than payment of expenses;

  b. incidental and infrequent personal economic activity such as a hobby, garage or yard sale, or traditional farm activities when the farm products are intended only for the personal use of the ***insured***;

  c. any occasional or part-time self-employed activity by a person under 19 years of age that involves no employees or subcontracted independent contractors and is a type of activity normally performed by persons under 19 years of age, including but not limited to, child care, lawn mowing, or paper delivery;

  d. the ownership, maintenance, or use of systems and equipment used to generate electrical power up to but not exceeding 125 percent of the actual electrical power usage by the ***residence premises*** in the 12-month period prior to the date of the loss; or

  e. ownership of the ***residence premises*** by the person or organization shown in the ***Declarations*** as Additional Insured.

5. ***"Declarations"*** means the policy ***Declarations***, any amended ***Declarations***, the most recent renewal ***Declarations***, an Evidence of Insurance form, or any endorsement changing any of these.

9. ***"insured"*** means:

  a. ***you***;

  b. ***your relatives***; and

  c. any other person under the age of 21 in the care of a person described above.

  Under Section II, ***insured*** also means:

  d. the person or organization legally responsible for animals or watercraft to which this policy applies. However, the animal or watercraft must be owned by ***you*** or a person included in 9.b. or 9.c. above. A person or organization using or having custody of these animals or watercraft in the course of a ***business***, or without permission of the owner, is not an ***insured***; and

  e. with respect to any vehicle to which this policy applies, any person while engaged in ***your*** employment or the employment of a person included in 9.b. or 9.c. above.

10. ***"insured location"*** means:

  a. the ***residence premises***;

TERRY SPIVEY
11-22B3-17T
Page 5
March 22, 2022

      b. the part of any other premises, other structures, and grounds used by **you** as a residence. This includes premises, structures, and grounds **you** acquire while this policy is in effect for **your** use as a residence;

      c. any premises used by **you** in connection with the premises included in 10.a. or 10.b. above;

      d. any part of a premises not owned by an **insured** but where an **insured** is temporarily residing;

      e. land owned by or rented to an **insured** on which a one or two family dwelling is being constructed as a residence for an **insured**;

      f. individual or family cemetery plots or burial vaults owned by an **insured**;

      g. any part of a premises occasionally rented to an **insured** for purposes other than **business**;

      h. vacant land owned by or rented to an **insured**.  For the purposes of this definition, vacant land does not include:

          (1) farm land;

          (2) land containing a residence; or

          (3) land containing fences, corrals, boat docks, tool sheds, barns, grain bins, and similar structures, unless they are used solely for the personal use of the **insured**; or

      i. farm land (without buildings), rented or held for rental to others, but not to exceed a total of 500 acres, regardless of the number of locations.

13. **"occurrence"**, when used in Section II of this policy, means an accident, including accidental exposure to conditions, which first results in:

      a. **bodily injury**; or

      b. **property damage**;

    during the policy period. All **bodily injury** and **property damage** resulting from one accident, series of related accidents, or from continuous and repeated exposure to the same general conditions is considered to be one **occurrence**.

15. **"relative"** means any person related to **you** by:

      a. blood;

      b. adoption;

      c. marriage; or

      d. civil union, domestic partnership, or other substantially similar legal relationship that is recognized and valid in the state where, and at the time when, the legal relationship was established;

    and who resides primarily with **you**.

17. **"residence premises"** means:

      a. the one, two, three, or four family dwelling, other structures and grounds; or

      b. that part of any other **building structure**;

TERRY SPIVEY
11-22B3-17T
Page 6
March 22, 2022

where **you** reside and which is shown in the **Declarations**.

20. **"we"**, **"us"**, and **"our"** mean the Company shown in the **Declarations**.

21. **"you"** and **"your"** mean the person or persons shown as "Named Insured" in the **Declarations**. If a "Named Insured" shown in the **Declarations** is a human being, then **you** and **your** include:

   a. a spouse of a "Named Insured";

   b. a party to a civil union with a "Named Insured";

   c. a domestic partner of a "Named Insured"; or

   d. a person in a substantially similar legal relationship with a "Named Insured";

if such relationship is recognized and valid in the state where, and at the time when, the legal relationship was established, so long as the person in the above relationship resides primarily with that "Named Insured".

## HOMEOWNERS AMENDATORY ENDORSEMENT (Georgia)

This endorsement modifies insurance provided under the HOMEOWNERS POLICY

### DEFINITIONS

The definition of "**occurrence**" is replaced by the following:

   **"occurrence"**, when used in Section II of this policy, means an accident, including accidental exposure to conditions, which first results in:

   a. **bodily injury**; or

   b. **property damage**;

   during the policy period. All **bodily injury** and **property damage** resulting from one accident, series of related accidents, or from continuous or repeated exposure to the same general conditions is considered to be one **occurrence**.

We regret that we are unable to provide liability coverage for your indemnity and defense in regard to this matter and we trust that our explanation is complete.

Please be advised that State Farm relies on the entire coverage agreement to evaluate coverage. Our right to disclaim coverage for this matter is not limited to the reasons set above but shall include any additional coverage or non-coverage or breach of the policy conditions which may be revealed.

Please contact us if you have any questions or concerns.

Sincerely,

Bob Surina
Digitally signed by Bob Surina
Date: 2022.03.22
13:23:54 -04'00'

Bob Surina CLU®, CPCU®

TERRY SPIVEY
11-22B3-17T
Page 7
March 22, 2022

Team Manager
610-358-7748
Fax 844-236-3646
statefarmfireclaims@statefarm.com

State Farm Fire and Casualty Company

CC:  Hedrick Law LLC
     2408 Mount Vernon Rd
     Atlanta, GA 30338-3004

     Kerri Graham

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **DEASHUN WALKER, individually and as assignee of Terry Spivey,** | |
| **Plaintiff,** | Civil Action File No.: _____ 23A03715 |
| **v.** | |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## U.S.C.R. 5.2 CERTIFICATE OF DISCOVERY

Pursuant to Uniform Superior Court Rule 5.2, this certifies that I have served:

**1.    *PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT; and***

**2.    *PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT***

on Defendant, through the DeKalb County Sheriff's Department, at the following address:

**STATE FARM CASUALTY INSURANCE COMPANY**
c/o J. Patrick O'Brien, Agent for service of process
Corporation Service Company
2 Sun Court. Suite 400
Peachtree Corners, GA 30092

**[SIGNATURE PAGE FOLLOWS]**

**THIS 15TH DAY OF AUGUST, 2023.**                    *RESPECTFULLY SUBMITTED*

_____

**PETER JARAYSI, ESQ.**
Georgia Bar #  297725
Direct Dial:  470-232-1393
E-Mail:  peter@jaraysilawfirm.com
**ANDREW COBB, ESQ.**
Georgia Bar #  297725
Direct Dial:  470-226+1774
E-Mail:  andrew@jaraysilawfirm.com

**JARAYSI LAW, LLC**
2250 Satellite Blvd. Ste. 120                         *Attorneys for the Plaintiff*
Duluth, GA 30097
Fax:     888-576-7869

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

**Deashun Walker, individually and as assignee of Terry Spivey,**

       Plaintiff(s),

vs.

**State Farm Fire and Casualty Company,**

       Defendant(s).

**Case No.: 23A03715**

---

### AFFIDAVIT OF SERVICE

Personally appeared before me the undersigned officer duly authorized to administer oaths, Danny Davidson, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he/she is appointed by this Court to serve process. The statements made are true and correct and are based upon my personal knowledge.

2.

I served State Farm Fire and Casualty Company with a Summons, General Civil and Domestic Relations Case Filing Information Form, Plaintiff's Complaint for Damages & Jury Demand, Attachments, U.S.C.R. 5.2 Certificate of Discovery, Plaintiff's First Continuing Interrogatories to Defendant, Plaintiff's First Request for Production of Documents & Notice to Produce to Defendant, U.S.C.R. 5.2 Certificate of Discovery, Plaintiff's First Continuing Interrogatories to Defendant, Plaintiff's First Request for Production of Documents & Notice to Produce to Defendant by leaving the documents with Alisha Smith, agent at Corporation Service Company, Registered Agent of State Farm Fire and Casualty Company at said person's place of employment/place of business located at 2 Sun Court, Suite 400, Norcross, GA 30092 on August 18, 2023 at 8:58 AM.

Signed and sworn to before me on
this **23** day of **AUGUST**, 20**23**
by an affiant who is personally known to me
or produced identification.

_____
Notary Public

**Danny Davidson**
Express Legal Services LLC
860 Johnson Ferry Rd.
Atlanta, GA 30342
(678) 648-6330





STATE COURT OF
DEKALB COUNTY, GA.
[illegible date] AM
E-FILED
BY: Patricia Harris

*5148121*

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DEASHUN WALKER, individually and*
as assignee of Terry Spivey,      *
                                  *
        Plaintiff,                *
                                  *
v.                                *   Civil Action No.: 23A03715
                                  *
STATE FARM FIRE AND CASUALTY      *
COMPANY,                          *
                                  *
        Defendant.                *

## SPECIAL APPEARANCE ANSWER AND DEFENSES OF DEFENDANT

COMES NOW State Farm Fire and Casualty Company (hereinafter referred to as "State Farm"), defendant in the above-styled action, and hereby presents the following answer and defenses to plaintiff's complaint. State Farm is responding to plaintiff's complaint by special appearance, without admitting that venue, personal jurisdiction, or subject matter jurisdiction is proper in this Court. Furthermore, State Farm makes this response to plaintiff's complaint subject to and without waiving its right to file a notice of removal to the Untied State District Court for the Northern District of Georgia, Atlanta Division, in conformity with <u>Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP</u>, 365 F.3d 1244 (11th Cir. 2004). State Farm is filing this special appearance, answer and defenses merely to preserve its defenses and to preserve the status quo.

-1-

## FIRST DEFENSE

The complaint fails to state a claim against State Farm upon which relief can be granted.

## SECOND DEFENSE

Plaintiff lacks standing to bring this action.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction over this action, as defendant will remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

## FOURTH DEFENSE

This Court lacks personal jurisdiction over the defendant, as defendant will remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

## FIFTH DEFENSE

The venue of this action is improper, as defendant will remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

## SIXTH DEFENSE

O.C.G.A. § 13-1-13 bars this action.

## SEVENTH DEFENSE

The damages sued now for are not covered under State Farm policy number 11-CJ-0107-2; therefore, plaintiff cannot recover

-2-

from State Farm.

### EIGHTH DEFENSE

Assuming arguendo that State Farm policy number 11-CJ-0107-2 provided liability coverage to Terry Spivey for the claims asserted against him in either Civil Action Number 22A00290 or Civil Action Number STSV2022000583, an assertion which State Farm emphatically denies, Count I and Count III of plaintiff's complaint fail as a matter of law because plaintiff did not obtain a judgment in either Civil Action Number 22A00290 or Civil Action Number STSV2022000583.

### NINTH DEFENSE

Assuming arguendo that State Farm policy number 11-CJ-0107-2 provided liability coverage to Terry Spivey for the claims asserted against him in either Civil Action Number 22A00290 or Civil Action Number STSV2022000583, an assertion which State Farm emphatically denies, Count II of plaintiff's complaint fails as a matter of law because: (1) plaintiff did not obtain a judgment in either Civil Action Number 22A00290 or Civil Action Number STSV2022000583 and (2) assuming arguendo that plaintiff did obtain a judgment in one of said civil actions, said judgment did not exceed the limit of liability coverage under State Farm policy number 11-CJ-0107-2.

-3-

## TENTH DEFENSE

### (Responsive Answer)

Subject to and without waiving the foregoing affirmative defenses, State Farm responsively answers the enumerated paragraphs of plaintiff's complaint and the various allegations therein contained as follows:

1.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, State Farm can neither admit nor deny the allegations contained in paragraph 1 of plaintiff's complaint.

2.

State Farm admits that it sells property and casualty insurance coverage and further admits it sells insurance policies in Dekalb County, Georgia.  State Farm denies the remaining allegations contained in paragraph 2 of plaintiff's complaint.

3.

State Farm admits that 2015 Northerly Way, Stone Mountain, GA 30088 is located in Dekalb County, Georgia.  State Farm denies the remaining allegations contained in paragraph 3 of plaintiff's complaint.

4.

State Farm admits that its registered agent for service of process is Corporation Service Company, which is located at 2 Sun

-4-

Court, Suite 400, Peachtree Corners, GA 30092.  State Farm denies
the remaining allegations contained in paragraph 4 of plaintiff's
complaint.

5.

State Farm denies the allegations contained in paragraph 5
of plaintiff's complaint.

6.

State Farm admits the allegations contained in paragraph 6
of plaintiff's complaint.

7.

For want of sufficient information and knowledge upon which
to form a belief as to the truth thereof, State Farm can neither
admit nor deny the allegations contained in paragraph 7 of
plaintiff's complaint.

8.

State Farm admits the allegations contained in paragraph 8
of plaintiff's complaint.

9.

For want of sufficient information and knowledge upon which
to form a belief as to the truth thereof, State Farm can neither
admit nor deny the allegations contained in paragraph 9 of
plaintiff's complaint.

10.

For want of sufficient information and knowledge upon which

to form a belief as to the truth thereof, State Farm can neither admit nor deny the allegations contained in paragraph 10 of plaintiff's complaint.

11.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, State Farm can neither admit nor deny the allegations contained in paragraph 11 of plaintiff's complaint.

12.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, State Farm can neither admit nor deny the allegations contained in paragraph 12 of plaintiff's complaint.

13.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, State Farm can neither admit nor deny the allegations contained in paragraph 13 of plaintiff's complaint.

14.

State Farm admits that plaintiff filed suit against Terry Spivey in the State Court of Dekalb County in a civil action designated as Civil Action Number 22A00290.  State Farm further admits that Civil Action Number 22A00290 was transferred to the State Court of Henry County, which designated said action Civil

-6-

Action Number STSV2022000583.  State Farm admits that once this
action was transferred to Henry State Court, the Court added
Carol Spivey and Courteney Spivey as defendants.  Finally, State
Farm admits that Judge Vincent A. Lotti dismissed Civil Action
Number STSV2022000583 without prejudice on July 18, 2022.  State
Farm denies the remaining allegations contained in paragraph 14
of plaintiff's complaint.

15.

State Farm admits that it issued policy number 11-CJ-0107-2
to Terry Spivey and that the terms and conditions of said policy
speak for themselves.  State Farm further admits that a copy of
the renewal declarations is attached to the complaint.  State
Farm denies the remaining allegations contained in paragraph 15
of plaintiff's complaint.

16.

State Farm admits the allegations contained in paragraph 16
of plaintiff's complaint.

17.

State Farm admits that it initially provided a defense to
Terry Spivey in Civil Action Number 22A00290 and Civil Action
Number STSV2022000583 under a reservation of rights, but State
Farm denies that it ever "accepted coverage."  State Farm denies
the remaining allegations contained in paragraph 17 of
plaintiff's complaint.

-7-

18.

State Farm admits that on March 22, 2022 it sent a letter to
Terry Spivey which explained to Mr. Spivey the following:

a.   State Farm had completed its investigation of whether
     it owned liability coverage to Mr. Spivey for the
     claims asserted against him in Civil Action Number
     22A00290 and Civil Action Number STSV2022000583;

b.   The applicable policy exclusions contained in the
     policy excluded liability coverage for him for the
     claims asserted against him in Civil Action Number
     22A00290 and Civil Action Number STSV2022000583 because
     he did not reside at the subject property at the time
     of the alleged occurrence and because there was a
     rental agreement in place with the occupants residing
     at the property;

c.   State Farm had instructed the defense counsel it had
     retained for Mr. Spivey to withdraw as Mr. Spivey's
     counsel thirty (30) days after the date of the letter.

State Farm admits that a copy of the March 22, 2022 letter is
attached to the complaint.  State Farm denies the remaining
allegations contained in paragraph 18 of plaintiff's complaint.

19.

State Farm denies the allegations contained in paragraph 19
of plaintiff's complaint.

-8-

20.

State Farm denies the allegations contained in paragraph 20 of plaintiff's complaint.

21.

State Farm denies the allegations contained in paragraph 21 of plaintiff's complaint.

22.

State Farm admits that the exclusions described in March 22, 2022 letter to Terry Spivey excluded liability coverage for Mr. Spivey in the claims asserted against him in Civil Action Number 22A00290 and Civil Action Number STSV2022000583.  As a result of said exclusions, State Farm admits that it issued a denial of coverage letter dated March 22, 2022.  State Farm denies the remaining allegations contained in paragraph 22 of plaintiff's complaint.

23.

State Farm denies the allegations contained in paragraph 23 of plaintiff's complaint.

24.

In response to paragraph 24 of plaintiff's complaint, State Farm reasserts and restates each and every defense, answer and response with reference to paragraph numbers 1-23 of plaintiff's complaint with the same effect as if repeated here, denying each allegation herein unless expressly admitted or specifically

-9-

answered otherwise.

                                25.

     State Farm denies the allegations contained in paragraph 25
of plaintiff's complaint.

                                26.

     State Farm denies the allegations contained in paragraph 26
of plaintiff's complaint.

                                27.

     State Farm denies the allegations contained in paragraph 27
of plaintiff's complaint.

                                28.

     State Farm denies the allegations contained in paragraph 28
of plaintiff's complaint.

                                29.

     State Farm denies the allegations contained in paragraph 29
of plaintiff's complaint.

                                30.

     State Farm denies the allegations contained in paragraph 30
of plaintiff's complaint.

                                31.

     State Farm denies the allegations contained in paragraph 31
of plaintiff's complaint.

                                32.

     State Farm denies the allegations contained in paragraph 32

of plaintiff's complaint.

33.

In response to paragraph 33 of plaintiff's complaint, State Farm reasserts and restates each and every defense, answer and response with reference to paragraph numbers 1-32 of plaintiff's complaint with the same effect as if repeated here, denying each allegation herein unless expressly admitted or specifically answered otherwise.

34.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, State Farm can neither admit nor deny the allegations contained in paragraph 34 of plaintiff's complaint.

35.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, State Farm can neither admit nor deny the allegations contained in paragraph 35 of plaintiff's complaint.

36.

State Farm denies the allegations contained in paragraph 35 of plaintiff's complaint.

37.

In response to paragraph 37 of plaintiff's complaint, State Farm reasserts and restates each and every defense, answer and

response with reference to paragraph numbers 1-36 of plaintiff's complaint with the same effect as if repeated here, denying each allegation herein unless expressly admitted or specifically answered otherwise.

38.

State Farm denies the allegations contained in paragraph 38 of plaintiff's complaint.

39.

State Farm denies the allegations contained in paragraph 39 of plaintiff's complaint.

40.

State Farm denies the allegations contained in paragraph 40 of plaintiff's complaint.

41.

State Farm denies the allegations contained in paragraph 41 of plaintiff's complaint.

42.

State Farm denies the allegations contained in paragraph 42 of plaintiff's complaint.

43.

State Farm denies the allegations contained in paragraph 43 of plaintiff's complaint.

44.

In response to the prayers for relief which follow paragraph

43 of plaintiff's complaint, State Farm denies plaintiff's prayers for relief.

45.

State Farm denies each and every allegation contained in plaintiff's complaint which it has not specifically answered hereinabove.

46.

WHEREFORE, having fully answered, State Farm prays that the demands of the plaintiff be denied and that the action be dismissed on the merits.

This <u>12th</u> day of <u>September</u>, 2023.

**YOUNG, THAGARD, HOFFMAN, LLP**

Address of Counsel:

By:   <u>/s/ J. Holder Smith, Jr.</u>

P.O. Box 3007                       J. Holder Smith, Jr.
Valdosta, GA 31604                  State Bar No.: 661105
229-242-2520                        Attorney for Defendant
229-242-5040 fax                    State Farm Fire and Casualty
jaysmith@youngthagard.com           Company

STATE COURT OF
DEKALB COUNTY, GA.
9/12/2023 10:34 AM
E-FILED
BY: Patricia Harris

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing **SPECIAL APPEARANCE ANSWER AND DEFENSES OF DEFENDANT** upon the following by statutory electronic service using the Odyssey eFile system, pursuant to O.C.G.A. § 9-11-5(f) which will send notification of such filing to the following:

Mr. Peter Jaraysi
Mr. Andrew Cobb
Jaraysi Law, LLC
2250 Satellite Blvd. Ste. 120
Duluth, GA 30097
Email: peter@jaraysilawfirm.com
Email: andrew@jaraysilawfirm.com

This <u>12th</u> day of <u>September</u>, 2023.

**YOUNG, THAGARD, HOFFMAN, LLP**

Address of Counsel:

By: <u>/s/ J. Holder Smith, Jr.</u>

| | |
|---|---|
| P.O. Box 3007 | J. Holder Smith, Jr. |
| Valdosta, GA 31604 | State Bar No.: 661105 |
| 229-242-2520 | Attorney for Defendant |
| 229-242-5040 fax | State Farm Fire and Casualty |
| jaysmith@youngthagard.com | Company |

STATE COURT OF
DEKALB COUNTY, GA.
9/12/2023 10:34 AM
E-FILED
BY: Patricia Harris

–14–