IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Anna Cooke,<br><br>   Plaintiff,<br><br>vs.<br><br>American Express,<br><br>   Defendant. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

PLAINTIFF ANNA COOKE, THROUGH COUNSEL GARY HANSZ, pleads this complaint for actual damages, statutory damages, and attorney fees for violation of the Fair Credit Billing Act ("FCBA"), part of the Truth in Lending Act), 15 U.S.C. § 1666 and Regulation Z ("Reg Z") issued thereunder, as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.  The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

2. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3. Plaintiff is a natural person, residing in Atlanta, GA who entered into an open-end credit transaction with American Express for personal, family, and household purposes.

4. Defendant, American Express Company ("Amex"), at all times relevant hereto, is and was a New York company that conducts business in the State of Georgia.

## FACTUAL ALLEGATIONS

5. On May 16, 2023, while visiting Las Vegas, Nevada, Plaintiff purchased skin cream from a vendor Skins 62 Cosmetics for $216.76 using her Amex credit card account ending in 008.

6. Upon information and belief, Skins 62 is an assumed name for G.A.D. Beauty, a dissolved Nevada limited liability company.  In an online search, the telephone number associated with Skins 62 is associated with G.A.D. Beauty, LLC.

7. The website for Skins 62 shows an opulent store front in the luxurious Cosmopolitan Hotel in Las Vegas with absolutely no information about the entity.  Clearly, Skins 62 is a fly by night operation.

8. Plaintiff accidentally left her Amex card at Skins 62 which proceeded to charge Plaintiff's account an additional $9,450 for goods or services which she never authorized or agreed ("the Bogus Charge").

9. The Bogus Charge appeared on Plaintiff's Amex Account on May 16, 2023; the same date she made her legitimate purchase for $216.76.

10. Amex sent the Plaintiff an electronic alert of the $9450 charge which she disputed immediately.

11. On May 17, 2023, Plaintiff disputed the Bogus Charge with Amex who acknowledged this dispute in writing on June 1, 2023.

12. On June 6, 2023, Amex sent the Plaintiff a replacement credit card.

13. On June 17, 2023, Amex declined the Plaintiff's dispute, stating that it believed the charge to be valid.  Amex provided no documentation showing that Plaintiff ever received any goods or services for $9450 or ever authorized this transaction.  Amex then lowered the Plaintiff's available credit, causing her credit damage.

14. After declining her dispute, Plaintiff asked Amex to reopen the dispute as she never authorized any purchased for $9450.

15. On July 21, 2023, Plaintiff re submitted her dispute to Amex, which Amex acknowledged in writing.

16. After not hearing back from Amex, she again posited a third dispute to the Bogus Charge on August 19, 2023.  She again informed Amex that she did not authorize this charge.  She acknowledged the legitimacy of the $216 charge but

emphatically informed Amex, again, that she never authorized the $9450 charge and that it was fraudulent.

17. On August 31, 2023, Amex again, declines the Plaintiff's third and final dispute and is now seeking to hold the Plaintiff liable for the Bogus Charge.

18. Amex was required to conduct a reasonable reinvestigation into the Plaintiff's dispute and failed to do so.

19. In support of its duty to conduct an investigation under the Fair Credit Billing Act and Regulation Z at 15 U.S.C. 1666 et seq, ("FCBA") Amex produced nothing to show that Plaintiff incurred the charge or benefited from it in anyway.

20. As a direct and proximate cause of Amex's failure to conduct a reasonable investigation, Plaintiff has suffered financial damages and losses, including incurring additional interest charges on her account, late charges for refusing to pay a debt that is not his, and wasted time in trying to get Amex to conduct a reasonable investigation.  Plaintiff has also suffered emotional damages and distress including embarrassment, humiliation, and frustration.

## VIOLATION OF THE FAIR CREDIT BILLING ACT

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. Plaintiff's credit card with Defendant Amex was a revolving account.  She uses this account for personal, family or household use.

23. Defendant Amex is subject to the Fair Credit Billing Act ("FCBA") and Regulation Z ("Reg Z").

24. Plaintiff timely disputed the Bogus Charge on her Amex credit card account as it was a bona fide billing error as defined by statute and regulation.  In her dispute, Plaintiff explained that she never incurred this charge and never authorized it.  She also never benefitted from it.  She received no goods or services for $9450 and the charge was fraudulently placed on her account.

25. Under the Fair Credit Billing Act at 15 U.S.C. 1666 and Regulation Z which interprets and applies the FCBA, a "billing error" includes an extension of credit for property or services not delivered to the consumer or the consumer's designee as agreed. See 15 U.S.C. § 1666(b)(3); Reg. Z § 1026.13(a)(3). Plaintiff never ordered, let alone, received any goods or services from the alleged merchant that charged her account for the Bogus Charge.

26. Amex received Plaintiff's timely posited dispute and upon receipt was required to conduct a reasonable reinvestigation in the circumstances to determine whether the Plaintiff's dispute warranted a credit to her account of $9450.

27. Amex breached its duty to conduct a reasonable reinvestigation into Plaintiff's billing dispute.  Amex produced nothing to rebut the fact that Plaintiff ever authorized or benefited from the Bogus Charge.  Amex's investigation was

quick, to be sure, but equally slipshod at best and showed a callous indifference to the Plaintiff's rights under the Fair Credit Billing Act.

28. As a direct and proximate cause of Amex's violation of its duties to the Plaintiff under the FCBA and Reg Z, Plaintiff has suffered damages to her credit standing along with financial and emotional damages.

WHEREFORE, plaintiff prays for Actual damages including pecuniary and emotional damages, statutory, punitive, and exemplary damages, costs of the action along with an award of reasonable attorneys' fees plus any other relief that this court deems just.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted

Date:  September 12, 2023        /s/ Gary Hansz
Gary Hansz  Bar # 534669
39111 6 Mile Road
Suite 142
Livonia, MI 48152
(248) 353-2882
Fax (248) 353-4840
Gary.hansz@crlam.com

Attorney for Plaintiff