# EXHIBIT "A"

State Court of Fulton County
**E-FILED**
23EV003785
6/23/2023 3:34 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

**VINCENT MERCADO,**

    **Plaintiff,**

**vs.**

**RAMON CULVER,**

    **First Defendant,**

**K.L. BREEDEN & SONS, LLC d/b/a KLB SONS,**

    **Second Defendant,**

**and**

**NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,**

    **Third Defendant.**

## COMPLAINT

**COMES NOW** the above-styled Plaintiff, by and through his undersigned counsel, and files this, his Complaint for Damages, and would show this Honorable Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff is a resident and citizen of the state of New York.

2.    Defendant Ramon Culver is a resident and citizen of the state of Florida and may be served with process through the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-2.

3.    Defendant K.L. Breeden & Sons, LLC d/b/a KLB Sons ("KLB") is a Texas limited liability corporation authorized to transact business in the state of Georgia. This Defendant may be served through its registered agent located in Fulton County as follows: Incorporating Services, Ltd., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076. This Defendant may be served through the Secretary of State pursuant to O.C.G.A. § 40-1-117.

4.     KLB is a motor carrier.

5.     KLB's United States Department of Transportation carrier number is 1836511.

6.     KLB is engaged in interstate trucking commerce.

7.     On April 8, 2023, KLB had an active authority status with the Federal Motor Carrier Safety Administration.

8.     On April 8, 2023, KLB was licensed and insured in accordance with the Federal Motor Safety Administration rules and regulations.

9.     KLB had a policy of indemnity insurance with Defendant Nationwide Agribusiness Insurance Company ("Nationwide") which provided coverage that was in effect on June 2, 2023.

10.    Nationwide is an Iowa corporation registered to do business in the state of Georgia. This Defendant may be served through its registered agent for process, as follows: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

11.    By virtue of its issuance of indemnity insurance to KLB, Nationwide is a named Defendant in this case pursuant to O.C.G.A. § 40-1-112.

12.    KLB is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 14-2-510(b)(1).

13.    Culver is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91.

14.    The tortious acts complained of herein occurred in Fulton County and KLB has its registered agent in Fulton County. Accordingly, jurisdiction and venue are appropriate in the State Court of Fulton County pursuant to O.C.G.A. §§ 9-10-93 and 14-2-510.

15.    This case is not properly removable to Federal Court because some of the Defendant joint tortfeasors are citizens of the state of Georgia for diversity purposes, thus precluding removal under 28 U.S.C. § 1441(b).

## **FACTUAL ALLEGATIONS**

16.     On or about the morning of April 8, 2023, a motor vehicle accident occurred in the southbound lanes of I-75 at or near its intersection with Moores Mill Road.

17.     Following that motor vehicle accident, Plaintiff was operating his Tesla in a southerly direction on I-75 at or near its intersection with Moores Mill Road.

18.     As Plaintiff approached the accident, he immediately slowed his Tesla to a safe speed.

19.     Plaintiff then parked his Tesla in the emergency lane to see if anyone needed help.

20.     After checking on the parties to the accident, Plaintiff then sat back in his Tesla to wait for the first responders to arrive.

21.     At or about the same time, Ramon Culver was operating a 2010 Peterbilt tractor trailer owned by KLB in a southerly direction on I-75.

22.     As Mr. Culver approached the accident, he failed to keep a proper lookout and caused his tractor trailer to collide with the wrecked vehicles from the first accident.

23.     Following that impact, Mr. Culver lost control of his 18-wheeler and caused it to violently collide with the rear of Plaintiff's Tesla.

24.     As a result, Plaintiff sustained severe injuries to his body, including multiple fractures to his spine.

## FOR A FIRST CAUSE OF ACTION
## (NEGLIGENCE & NEGLIGENCE PER SE)

25.     Plaintiff restates the allegations above as though fully stated herein verbatim.

26.     At all times relevant, Mr. Culver held a duty of ordinary care to operate his 18-wheeler in a safe and prudent manner.

27.     Mr. Culver breached this duty of care in the following particulars:

    a.     By operating his 18-wheeler at an excessive speed;

    b.     By failing to keep a proper lookout; and

    c.     By operating an 18-wheeler inside the perimeter of I-285.

28.    Inasmuch as the above acts and omissions are in violation of the motor vehicle laws of Georgia, Mr. Culver is negligent *per se*.

29.    The above-stated acts and omissions are a proximate cause of Plaintiff's severe injuries and all damages set forth herein.

**FOR A SECOND CAUSE OF ACTION**
**(VICARIOUS LIABILITY; NEGLIGENT HIRING, TRAINING, AND SUPERVISION)**

30.    Plaintiff restates the allegations above as though fully stated herein verbatim.

31.    At all times relevant, Mr. Culver was acting in the course and scope of his employment with KLB.

32.    Accordingly, KLB is vicariously liable for the negligent acts of its employee and agent, Mr. Culver.

33.    Further alleging, KLB is negligent in its own right in its hiring, training, supervision and retention of Mr. Culver.

34.    The above-stated acts and omissions are a proximate cause of Plaintiff's severe injuries and all damages set forth herein.

**DAMAGES**

35.    That as a sole and proximate cause of Defendants' negligence, Plaintiff has incurred the following damages which are recoverable under the laws of the state of Georgia:

**I.    GENERAL DAMAGES**

a.    Present bodily pain from the date of injury to the time of trial;

b.    Future bodily pain;

c.    Past, present and future mental suffering due to permanent injuries and monetary loss; and

d.    Loss of enjoyment of life and recreation due to the fact that Plaintiffs are not physically and emotionally capable of being the same persons they were prior to being injured.

## II.   **SPECIAL DAMAGES**

a.   Plaintiffs' presently incurred medical expenses;

b.   Medical expenses that will most likely be incurred in the future because Plaintiffs' injuries will persist;

c.   Expense of travel for medical treatment; and

d.   Lost wages.

### PRAYER FOR RELIEF

**WHEREFORE,** having set out the true allegations contained herein, your Plaintiff respectfully prays that this Court grant the following:

a.   That Plaintiff be granted judgment against the Defendants in the form of general and special damages in an amount to be determined by the enlightened conscience of a fair and impartial jury;

c.   That Plaintiff have a trial by jury as to all issues;

d.   That Plaintiff be granted all costs of bringing this action; and

e.   That the Court grant such other and further relief as it deems just and proper.

This the 23rd day of June, 2023.

Respectfully submitted,
NIMMONS MALCHOW JOHNSON

*/s/ Leland M. Malchow*
Leland M. Malchow GSB #466990
leland@nmjfirm.com

*/s/ Chris C. Johnson*
Chris C. Johnson   GSB #436652
chris@nmjfirm.com

*Attorneys for Plaintiff*

460 Greene Street
Augusta, Georgia 30901
(706) 724-889

State Court of Fulton County
**E-FILED**
23EV003785
6/26/2023 11:46 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

.DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: __23EV003785_____

---

Vincent Mercado c/o Chris Johnson
_____

460 Greene Street
_____

____Augusta_____Georgia__30901_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Nationwide Agribusiness Ins. Co. c/o
_____

Corporation Service Company 2 Sun Court
_____

Ste. 400__Peachtree Corners__Georgia__30092__

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Christopher Johnson_____

Address: 460 Greene Street_____

City, State, Zip Code: Augusta, Georgia 30901_____         Phone No.:(706) 724-8890_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

---

### SERVICE INFORMATION:

Served, this _____ day of _____, 20_____.        _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

### (STAPLE TO FRONT OF COMPLAINT)



# Notice of Service of Process

null / ALL
**Transmittal Number: 27192033**
**Date Processed: 06/28/2023**

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215-2410 |
| **Electronic copy provided to:** | Ashley Roberts |

| | |
|---|---|
| **Entity:** | Nationwide Agribusiness Insurance Company<br>Entity ID Number  3286268 |
| **Entity Served:** | Nationwide Agribusiness Ins. Co |
| **Title of Action:** | Vincent Mercado vs. Ramon Culver; K.L. Breeden & Sons, LLC d/b/a Klb Sons;<br>Nationwide Agribusiness Insurance Company |
| **Matter Name/ID:** | Vincent Mercado vs. Ramon Culver; K.L. Breeden & Sons, LLC d/b/a Klb Sons;<br>Nationwide Agribusiness Insurance Company (14265211) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fulton County State Court, GA |
| **Case/Reference No:** | 23EV0031S5 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 06/28/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Nimmons Malchow Johnson<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

State Court of Fulton County
**E-FILED**
23EV003785
7/26/2023 2:43 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

VINCENT MERCADO,

        Plaintiff,

v.

RAMON CULVER, K.L. BREEDEN &
SONS, LLC D/B/A KLB SONS, and
NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY.,

        Defendants.

CIVIL ACTION FILE
NO. 23EV003785

## ANSWER AND DEFENSES OF DEFENDANTS RAMON CULVER, K.L. BREEDEN & SONS, LLC D/B/A KLB SONS, AND NATIONWIDE AGRIBUSINESS INSURANCE COMPANY

COME NOW defendants Ramon Culver ("defendant Culver"), K.L. Breeden & Sons, LLC d/b/a KLB Sons ("defendant KLB") and Nationwide Agribusiness Insurance Company ("defendant Nationwide") (collectively "these defendants") by way of undersigned counsel, and file this, their answer and defenses in response to plaintiff Vincent Mercado's ("plaintiff") Complaint ("complaint") as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

These defendants did not breach any duties owed to plaintiff and, therefore, plaintiff has no right of recovery against these defendants.

- 1 -

## THIRD DEFENSE

No action or omission on the part of these defendants proximately caused or contributed to the incident at issue or the injuries or damages allegedly suffered by plaintiff; therefore, plaintiff has no right of recovery against these defendants.

## FOURTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act or omission by these defendants in any way caused or contributed to the incident described in the complaint.

## FIFTH DEFENSE

Plaintiff has no right of recovery against these defendants because any injuries or damages of which plaintiff complains are the proximate result of conduct, acts or omissions for which these defendants were in no way responsible.

## SIXTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided being injured, and on account thereof, he is not entitled to recover any sum of these defendants.

## SEVENTH DEFENSE

The negligence of plaintiff equaled or preponderated over any act or omission of these defendants in producing and bringing about the incident described in plaintiff's complaint, and on account thereof, plaintiff is not entitled to recover any sum of these defendants.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, these defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to exercise ordinary care for their own safety, failure to avoid consequences, failure to

mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, estoppel, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, <u>res</u> <u>judicata</u>, statute of limitations, sudden emergency, and waiver.

## NINTH DEFENSE

These defendants assert all affirmative defenses which they may be required to plead pursuant to and as provided by O.C.G.A. §9-11-8(c) and O.C.G.A. §9-11-12(b) and (h) and incorporate all defensive matters set forth in those statutory provisions herein as if affirmatively set forth and pled.  These defendants specifically reserve the right to amend defensive pleadings and set forth any other defenses as investigation and discovery in the above-captioned matter continues.

## TENTH DEFENSE

In response to the numbered paragraphs of plaintiff's complaint, these defendants answer as follows:

## RESPONSE TO ALLEGED PARTIES, JURISDICTION, AND VENUE

1.

These defendants lack knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of plaintiff's complaint, and place plaintiff on notice of strict proof of same.

2.

These defendants admit that defendant Culver is a nonresident motorist but deny that defendant Culver has been properly served.

3.

These defendants admit only that portion of the facts alleged in paragraph 2 of plaintiff's complaint that defendant KLB may be served pursuant to applicable law. To the extent the

allegations contained in paragraph 3 of plaintiff's complaint are inconsistent with Georgia law, they are denied.

4.

These defendants admit the allegations contained in paragraph 4 of plaintiff's complaint.

5.

These defendants admit the allegations contained in paragraph 5 of plaintiff's complaint.

6.

These defendants admit the allegations contained in paragraph 6 of plaintiff's complaint.

7.

These defendants admit the allegations contained in paragraph 7 of plaintiff's complaint.

8.

These defendants admit the allegations contained in paragraph 8 of plaintiff's complaint.

9.

These defendants admit the allegations contained in paragraph 9 of plaintiff's complaint, but state that coverage in subject to the terms and conditions of the insurance policy.

10.

These defendants admit only that portion of the facts alleged in paragraph 10 of plaintiff's complaint that defendant Nationwide may be served pursuant to applicable law. To the extent the

allegations contained in paragraph 10 of plaintiff's complaint are inconsistent with Georgia law or the facts, they are denied.

11.

These defendants deny the allegations contained in paragraph 11 of plaintiff's complaint.

12.

These defendants deny the allegations contained in paragraph 12 of plaintiff's complaint.

13.

These defendants deny the allegations contained in paragraph 13 of plaintiff's complaint.

14.

These defendants deny the allegations contained in paragraph 14 of plaintiff's complaint relating to jurisdiction and venue being appropriate in Fulton County due to defendant KLB's registered agent being located therein.

15.

These defendants deny the allegations contained in paragraph 15 of plaintiff's complaint.

## RESPONSE TO FACTUAL ALLEGATIONS

16.

These defendants lack knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 of plaintiff's complaint, and place plaintiff on notice of strict proof of same.

17.

These defendants lack knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 of plaintiff's complaint, and place plaintiff on notice of strict proof of same.

18.

These defendants lack knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 of plaintiff's complaint, and place plaintiff on notice of strict proof of same.

19.

These defendants lack knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 of plaintiff's complaint, and place plaintiff on notice of strict proof of same.

20.

These defendants lack knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 of plaintiff's complaint, and place plaintiff on notice of strict proof of same.

21.

These defendants deny that the trailer was owned by defendant KLB, but admit the remaining allegations contained in paragraph 21 of plaintiff's complaint.

22.

These defendants deny the allegations contained in paragraph 22 of plaintiff's complaint.

23.

These defendants deny the allegations contained in paragraph 22 of plaintiff's complaint.

24.

These defendants lack knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 of plaintiff's complaint, and place plaintiff on notice of strict proof of same.

## RESPONSE TO ALLEGATIONS OF "FOR A FIRST CAUSE OF ACTION (NEGLIGENCE & NEGLIGENCE PER SE")

25.

These defendants repeat and reincorporate herein responses to plaintiff's allegations contained in paragraphs 1 through 24 as if fully restated herein.

26.

These defendants admit only that defendant Culver held a duty to the extent required by applicable law. To the extent that the facts alleged in paragraph 26 are inconsistent with applicable law, they are denied.

27.

These defendants deny the allegations in paragraph 27, including subparagraphs (a) through (c) of plaintiff's complaint.

28.

These defendants deny the allegations contained in paragraph 28 of plaintiff's complaint.

29.

These defendants deny the allegations contained in paragraph 29 of plaintiff's complaint.

## RESPONSE TO ALLEGATIONS OF "FOR A SECOND CAUSE OF ACTION (VICARIOUS LIABILITY; NEGLIGENT HIRING, TRAINING, AND SUPERVISION)

30.

These defendants repeat and reincorporate herein responses to plaintiff's allegations contained in paragraphs 1 through 29 as if fully restated herein.

31.

These defendants deny the allegations contained in paragraph 31 of plaintiff's complaint as defendant Culver was not employed by defendant KLB.

32.

The allegations contained in paragraph 32 of plaintiff's complaint call for a legal conclusion and as such, no response is required of these defendants.  To the extent a response is required, denied.

33.

These defendants deny the allegations contained in paragraph 33 of plaintiff's complaint

34.

These defendants deny the allegations contained in paragraph 34 of plaintiff's complaint

## RESPONSE TO ALLEGED DAMAGES

35.

These defendants deny the allegations contained in paragraph 35 of plaintiff's complaint, including subparagraph (I.) titled General Damages, parts (a) through (d), and subparagraph (II.) titled Special Damages, parts (a) through (d).

## RESPONSE TO ALLEGED PRAYER FOR RELIEF

36.

Responding to the allegations contained in the paragraph immediately following paragraph 35 of plaintiff's complaint and beginning "WHEREFORE," these defendants deny all such allegations, including subparagraphs (a) through (e) thereof, and specifically deny that plaintiff is entitled to any of the requested relief from them.

WHEREFORE, having fully listed their defenses and having fully answered the complaint,

these defendants pray as follows:

(a)    That judgment be entered in favor of these defendants and against plaintiff on the

complaint;

(b)    That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just and proper.

## THESE DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE ON ALL ISSUES SO TRIABLE

This 26th day of July, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing *ANSWER AND DEFENSES OF DEFENDANTS RAMON CULVER, K.L. BREEDEN & SONS, LLC D/B/A KLB SONS, AND NATIONWIDE AGRIBUSINESS INSURANCE COMPANY* to the Clerk of Court using the *Odyssey eFileGA* filing system which will automatically send electronic mail notification of such filing to counsel of record:

Leland M. Malchow
Chris C. Johnson
Nimmons Malchow Johnson
460 Greene Street
Augusta, Georgia 30901

This 26th day of July, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

State Court of Fulton County
**E-FILED**
23EV003785
7/26/2023 2:43 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

VINCENT MERCADO,

        Plaintiff,

v.

RAMON CULVER, K.L. BREEDEN &
SONS, LLC D/B/A KLB SONS, and
NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY.,

        Defendants.

CIVIL ACTION FILE
NO. 23EV003785

## DEFENDANTS' NOTICE OF NON-PARTY FAULT AND INTENT TO SEEK APPORTIONMENT OF FAULT PURSUANT TO O.C.G.A. § 51-12-33(d)

COME NOW defendants Ramon Culver ("defendant Culver"), K.L. Breeden & Sons, LLC d/b/a KLB Sons ("defendant KLB") and Nationwide Agribusiness Insurance Company ("defendant Nationwide") (collectively "these defendants") by and through their counsel of record, and pursuant to O.C.G.A. § 51-12-33(d), hereby notify the Court and all parties that defendants intend to assert that any or all of the following non-parties (hereinafter collectively "Non-Parties") were wholly or partially at fault for the incidents and/or damages that form the basis of this litigation:

- Marquis D. Ross, 172 Blake Avenue, Jackson, Georgia 30233; 678.763.2059;

- Hernandez Galvan, 642 Allgood Road, Marietta, Georgia 30060; and

- John Doe, address and telephone number unknown.

Upon information and belief, on the date of the subject accident that forms the basis of the plaintiff's complaint, Mr. Ross and Mr. Galvan were involved in a motor vehicle accident that resulted in Mr. Galvan's Toyota being in defendant Culver's lane of travel.  Because the Toyota was not illuminated and left in defendant Culver's lane of travel, the Toyota was struck by the vehicle being driven by defendant Culver which subsequently resulted in the accident described in plaintiff's complaint.  Because these defendants do not know who caused the first accident involving Mr. Ross and Mr. Galvan, nor do they know who left the Toyota in defendant Culver's lane of travel and unilluminated, both Mr. Ross and Mr. Galvan are named as non-parties who were wholly or partially at fault.   To the extent an unknown person caused that first accident, John Doe is also named as a non-party who was wholly or partially at fault

Accordingly, these defendants reserve the right to contend at trial of this matter that plaintiff's claimed injuries or damages resulted from the negligence or fault of the above-listed Non-Parties and to seek apportionment of fault by the jury to such Non-Parties.

This 26th day of July, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day electronically submitted the foregoing pleading to the

Clerk of Court using the Court's electronic filing system which will automatically send electronic

mail notification of such filing to the following counsel of record:

Leland M. Malchow
Chris C. Johnson
Nimmons Malchow Johnson
460 Greene Street
Augusta, Georgia 30901

This 26th day of July, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wayne S. Melnick*
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
Aaron P. Miller
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)