# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AUDREY LAWSON,<br><br>    Plaintiff,<br><br>v.<br><br>BIOMET, INC. d/b/a ZIMMER BIOMET,<br><br>    Defendant. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendant, Biomet, Inc., d/b/a Zimmer Biomet ("Biomet"), removes the state court action entitled *Audrey Lawson v. Biomet, Inc. d/b/a Zimmer Biomet*, Case No. 23-C-05517-S7 from the State Court of Gwinnett County, Georgia (the "Action"), to this Court based upon diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

## INTRODUCTION

1. Plaintiff Audrey Lawson ("Plaintiff") commenced this action on August 3, 2023, by filing her Complaint in the State Court of Gwinnett County, Georgia, Case No. 23-C-05517-S7, against Biomet. Copies of all process,

pleadings, and orders in the state court are attached as **Exhibits A and B**, in accordance with 28 U.S.C. § 1446(a).

2. In this product liability action, Plaintiff alleges that Biomet designed, manufactured, and sold a defective Biomet Regenerex Series A Patella knee replacement component (the "Regenerex Patella") that was implanted into her right knee. *See* Compl., ¶¶ 1-3, 15-16. More specifically, Plaintiff alleges that the three pegs on the Regenerex Patella fractured, causing a need for her to undergo revision surgery and multiple additional procedures to treat a post-revision bacterial infection. *Id.*, ¶¶ 3-4, 30-40. Plaintiff further contends that she "has experienced and will continue to experience significant mental and physical pain and suffering, has sustained permanent injury to her right knee and bone loss, has undergone multiple surgeries, has suffered financial and economic loss, including, but no[t] limited to, lost wages and obligations for medical services and expenses." *Id.*, ¶ 41.

3. Biomet was served by personal service on its registered agent on August 14, 2023. A true and correct copy of the Summons is attached as **Exhibit B**.

4. Biomet has not yet answered or otherwise responded to the Complaint.

## **GROUNDS FOR REMOVAL**

5. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The action may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely, (ii) there is complete diversity of citizenship between Plaintiff and Biomet, pursuant to 28 U.S.C. § 1332(c)(1), (iii) the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is satisfied, and (iv) this Court is the proper venue.

### A. **Removal Is Timely.**

6. Removal is timely, pursuant to 28 U.S.C. § 1446(b), because Biomet has filed this Notice of Removal within 30 days of being served with the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day clock for removal does not begin to run until service is perfected). As noted above, Biomet was served on August 14, 2023. *See generally* **Exhibit B**.

### B. **The Diversity of Citizenship Requirement is Satisfied.**

7. Plaintiff is a resident of Georgia. *See* Compl., ¶ 7. Additionally, Plaintiff has undergone her relevant medical care in Georgia. *See id.*, ¶¶ 12, 22, 31-37 (noting treatment at Dekalb Medical Center in Georgia and multiple procedures performed by Georgia-based surgeons Dr. Jeff Traub and Dr. Christopher Harastzi). Based on her residence in Georgia since at least 2015,

Plaintiff is domiciled in Georgia and is a citizen of Georgia for purposes of determining diversity. *See Elliott v. BOKF, N.A.*, 2018 WL 8263266, at *2-4 (N.D. Ga. Dec. 19, 2018) (noting that while residence does not equate domicile, long-term residence is the prima facie domicile) (citing *Stine v. Moore*, 213 F.3d 446, 448 (5th Cir. 1954)).

8.  Biomet, Inc. is incorporated under the laws of the State of Indiana, with its principal place of business in Warsaw, Indiana. *See* Compl., ¶ 8. Thus, Biomet, Inc. is a citizen of Indiana for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

9.  Therefore, there is complete diversity of citizenship between Plaintiff and Biomet, the sole defendant in the case.

C.  **The Amount in Controversy Requirement Is Satisfied.**

10. Removal is proper under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446 if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

---

[1] The preponderance of the evidence standard was announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not

11.     Under section 1446(a), a defendant seeking to remove a case must include in its Notice of Removal "a short and plain statement of the grounds for removal."  The United States Supreme Court has explained that "by borrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)).  To satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Id.* at 551 (quoting *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192, 200 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint'").

12.     In her Complaint, Plaintiff asserts four causes of action, including (1) Products Liability; (2) Failure to Warn; (3) Breach of Express Warranty; and (4)

---

be bound by it."   H.R. Rep. No. 112-10, at 15 (2011).   Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

Breach of Implied Warranty.  *See* Compl., ¶¶ 42-69.  Plaintiff also has pled a request for punitive damages.  *See id.*, ¶ 69; WHEREFORE Paragraph (C).  Plaintiff alleges that she has incurred "serious injuries and damages," but does not allege a specific monetary amount.  *Id.*, ¶¶ 49, 53, 61, 68.

13. In the Eleventh Circuit, where no specific amount in controversy is alleged, a removing defendant need only show by a preponderance of evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); 28 U.S.C. §1446(c)(2)(B); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin North Am.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

14. Here, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.  More specifically, in her Complaint, Plaintiff alleges that she underwent a revision surgery to replace her Regenerex Patella and that she subsequently developed a bacterial infection that required further surgeries, including the complete removal of all of her knee implant components and a forthcoming surgery to implant new components now that the infection has cleared.  *See* Compl., ¶¶ 4, 31-40.  Plaintiff further alleges that, as a

result, she experienced and will continue to experience "significant mental and physical pain and suffering, [] permanent injury to her right knee and bone loss . . . [and] financial and economic loss, including, but no[t] limited to, lost wages and obligations for medical services and expenses." *Id.*, ¶ 41.  In addition, Plaintiff seeks recovery for emotional distress and lost income due to the alleged serious injuries and damages she contends were caused by Biomet.  *Id.*, ¶¶ 49, 53, 61, 68.

15.   Moreover, in her claim for punitive damages, Plaintiff asserts that Biomet's "actions and decisions concerning the design, manufacturing, marketing labeling, packaging, and selling the Regenerex® 3-Peg Patella show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences thus authorizing an award of punitive damages under O.C.G.A. § 51-12-5.1." *Id.*, ¶ 69.

16.   Although Biomet intends to vigorously dispute the allegations in the Complaint, courts also often look to jury verdicts in comparable cases to determine the amount in controversy.  Verdicts with damages in excess of $75,000 have resulted in cases where plaintiffs alleged that a medical product caused injury, but not death.  *See, e.g., Toole v. McClintock*, 999 F.2d 1430, 1432–33 (11th Cir. 1993) (addressing on appeal an award of $400,000 in compensatory damages and $5 million in punitive damages in a medical device product liability case); *Benford*

*v. Richard's Med. Co.*, 792 F.3d 1537, 1538 (11th Cir. 1986) (discussing an award of $165,000 in compensatory and $100,000 in punitive damages in a medical device case); *Christiansen v. Wright Med. Tech., Inc.*, 2015 WL 9701334 (N.D. Ga. Nov. 24, 2015) (reporting on verdict in metal-on-metal hip case awarding the plaintiff $1 million in total compensatory damages and $10 million in punitive damages); *K.B. Pro Ami, Bunch v. Pacific Cycle, Inc. d/b/a Schwinn Bicycles*, 2015 WL 4465118 (N.D. Ga. May 7, 2015) (with respect to product liability more broadly, reporting on $550,000 verdict awarded to the plaintiff in bicycle defect case who suffered a severed femoral vein after a tip over).

17. Therefore, based on the allegations in the Complaint and this Notice of Removal, the amount in controversy, exclusive of interest and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a).

**D.  Venue and Other Requirements Are Satisfied.**

18. The United States District Court for the Northern District of Georgia includes Gwinnett County, the county in which the Action is now pending. Thus, this Court is the proper venue for the Action pursuant to 28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1446(d), Biomet is filing a written notice of this removal (attached hereto as **Exhibit C**) with the Clerk of the State Court of Gwinnett County, Georgia, which, along with this Notice, is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

20. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Biomet are attached as **Exhibits A and B**.

For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1332(a), and removal is appropriate under 28 U.S.C. § 1441(a).

Respectfully submitted this 12th day of September, 2023.

TROUTMAN PEPPER
HAMILTON SANDERS LLP

*/s/ David F. Norden*
David F. Norden
Georgia Bar No. 545647

*Attorneys for Defendant Biomet, Inc.
d/b/a Zimmer Biomet*

600 Peachtree St., NE
Suite 3000
Atlanta, GA 30308
Telephone:  (404) 885-3000
Facsimile:  (404) 885-3900
david.norden@troutman.com

## **FONT CERTIFICATION**

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing document was prepared using Times New Roman 14-point type as provided in Local Rule 5.1.

> */s/ David F. Norden*
> David F. Norden
> Georgia Bar No. 545647

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2023, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served Plaintiff's counsel with a copy via U.S. Mail with adequate first class postage affixed thereto as follows:

Timothy K. Hall
Adam M. Collins
HALL & COLLINS INJURY LAW, LLC
594 Oconee St., Suite 111
Athens, GA  30605

/s/ David F. Norden
David F. Norden
Georgia Bar No. 545647