# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY, ) ) ) **Interpleader Plaintiff,** ) ) v. ) ) VERONICA MOSLEY, WILLIE ) MOSLEY II, WANDA MOSLEY, ) ANTHONY BRIGGS, GREGORY ) MOSLEY, RODNEY SESLER, and ) EXPRESS FUNERAL FUNDING, LLC, ) ) ) **Interpleader Defendants.** ) _____) | Case No. _____ |

## **COMPLAINT-IN-INTERPLEADER**

COMES NOW Interpleader Plaintiff Protective Life Insurance Company ("Protective"), through undersigned counsel, and hereby submits this Complaint-in-Interpleader against Interpleader Defendants Veronica Mosley, Willie Mosley II, Wanda Mosley, Anthony Briggs, Gregory Mosley, Rodney Sesler, and Express Funeral Funding, LLC (collectively, the "Interpleader Defendants") as follows:

## **PARTIES**

1. Protective is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Birmingham, Alabama.

1

Protective is, and at all times relevant to this Complaint-in-Interpleader was, duly authorized to transact business in the State of Georgia.

2. Upon information and belief, Veronica Mosley is a citizen of the State of Georgia, presently residing in Lithonia, Georgia. Upon further information and belief, Veronica Mosley is the spouse of Willie J. Mosley, Sr. (the "Insured").

3. Upon information and belief, Willie Mosley II is a citizen of the State of Georgia, presently residing in Jackson, Georgia. Upon further information and belief, Willie Mosley II is the son of the Insured.

4. Upon information and belief, Wanda Mosley is a citizen of the State of Georgia, presently residing in Lithonia, Georgia. Upon further information and belief, Wanda Mosley is the daughter of the Insured.

5. Upon information and belief, Anthony Briggs is a citizen of the State of Georgia, presently residing in Lithonia, Georgia. Upon further information and belief, Anthony Briggs is the son of the Insured.

6. Upon information and belief, Gregory Mosley is a citizen of the State of Georgia, presently residing in Conyers, Georgia. Upon further information and belief, Gregory Mosley is the son of the Insured.

7. Upon information and belief, Rodney Sesler is a citizen of the State of Georgia, presently residing in Lithonia, Georgia. Upon further information and belief, Rodney Sesler is the son of the Insured.

8. Upon information and belief, Express Funeral Funding, LLC is a limited liability corporation organized and existing under the laws of the State of Indiana, with its principal place of business located in Clarksville, Indiana. Upon further information and belief, the members of Express Funeral Funding LLC are as follows: (a) Steven Calloway, who is a citizen of the State of Indiana, presently residing in Henryville, Indiana; (b) Michael R. Wilson, who is a citizen of the State of Indiana, presently residing in Floyds Knobs, Indiana; (c) Aaron Calloway, who is a citizen of the State of Indiana, presently residing in Sellersburg, Indiana; and (d) Michael O. Wilson, who is a citizen of the State of Indiana, presently residing in Floyds Knobs, Indiana.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C § 1335 because there is minimal diversity among the adverse claimants and the amount in controversy exceeds $500.00.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2) because at least one Interpleader Defendant resides in this judicial district, and because this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

11. In this statutory interpleader action, nationwide service of process is made pursuant to 28 U.S.C. § 2361, and this Court may exercise personal jurisdiction over all Interpleader Defendants.

## FACTUAL ALLEGATIONS

12. On or around March 28, 2004, Chase Insurance Life and Annuity Company f/k/a Federal Kemper Life Assurance Company ("Chase") issued a policy of life insurance in the face amount of $100,000.00 to Willie J. Mosley Sr. (defined above as the "Insured")—Policy No. FK3322608 (the "Policy"). In the application that was incorporated as part of the Policy, the Insured's wife, Veronica Mosley, was designated as the Policy's primary beneficiary. In the application that was incorporated as part of the Policy, the Insured's children—Willie Mosley II, Wanda Mosley, Anthony Briggs, Gregory Mosley, and Rodney Sesler, were designated as the Policy's contingent beneficiaries (with each individual to receive an equal 20% share of the Policy death benefit).

13. The Policy was issued and delivered to the Insured in the State of Georgia.

14. In 2006, Protective acquired Chase, and effective April 1, 2007, Chase merged with and into Protective. Pursuant to the merger, Protective thereafter became responsible for the Policy.

15. On or around February 20, 2023, Protective received a Change of Beneficiary form purporting to designate Wanda Mosley as the Policy's primary beneficiary. The Change of Beneficiary form was signed by Wanda Mosley as power-of-attorney for the Insured. In connection with the Change of Beneficiary form, Wanda Mosley provided Protective with the Insured's power-of-attorney agreement; however, this agreement did not give Wanda Mosley specific authority to change any beneficiary designations on behalf of the Insured:

> **GRANT OF SPECIFIC AUTHORITY (OPTIONAL)**
>
> My agents SHALL NOT do any of the following specific acts for me UNLESS I have INITIALED the specific authority listed below:
>
> (CAUTION: Granting any of the following will give your agents the authority to take actions that could significantly reduce your property or change how your property is distributed at your death. INITIAL ONLY the specific authority you WANT to give your agents. You should give your agents specific instructions in the Special Instructions when you authorize your agent to make gifts.)
>
> ( ☐ )  Create, amend, revoke, or terminate an inter vivos trust
>
> ( ☐ )  Make a gift, subject to the limitations of O.C.G.A. § 10-6B-56 and any Special Instructions in this power of attorney
>
> ( ☐ )  Create or change rights of survivorship
>
> ( ☐ )  ==Create or change a beneficiary designation==

16. By letter dated February 24, 2023, Protective advised that it could not accept the Change of Beneficiary form dated February 20, 2023, as the power-of-attorney agreement did not give Wanda Mosley specific authority to make the requested change on the Insured's behalf.

17. Upon information and belief, the Insured died on February 27, 2023.

18.     On or around February 27, 2023, Veronica Mosley initiated a claim for the Policy death benefit.

19.     On or around February 28, 2023, Wanda Mosley advised Protective as follows:

> **From:** Willie Mosley <wanda0423@icloud.com>
> **Sent:** Tuesday, February 28, 2023 3:16:38 PM
> **To:** Protective Life Customer Service <ladphs@protective.com>
> **Subject:** *EXTERNAL* Online Contact Request from Mosley, Willie
>
> [Caution] This message appears to come from an external source. Be careful with links and attachments.
>
> **Policy/Contract Number:** FK3322608
> **Policy/Contract Type:** Life
> **Customer Name:** Willie Mosley
> **Customer Email Address:** wanda0423@icloud.com
> **Customer Daytime Phone Number:** 4044215002
> **Contact Category:** Other
> **Message:** Good morning My father Willie J. Mosley Sr. passed away on yesterday morning. His wife Veronica Mosley have been calling around trying to get his money. There is an active case against her for negligence and wrongful death. The APS (Adult Protective Service) reference number is 985173 and Dekalb County Police case number is 23-015736. Please put a hold on his life insurance until the case is over. Thanks, Wanda D. Mosley 770) 820-3052

20.     On or around March 15, 2023, Protective received correspondence from Express Funeral Funding, LLC, advising that Veronica Mosley had irrevocably assigned the amount of $10,248.63 under the Policy to Express Funeral Funding, LLC, to pay for the Insured's funeral expenses.

21. As part of its claim review, Protective received a redacted copy of the DeKalb County Police Department Incident Report regarding the Insured's death, which noted "suspicious activity."

22. As part of its claim review, Protective also attempted to obtain information from Adult Protective Services regarding the reference number provided by Wanda Mosley, but Adult Protective Services would not release any information regarding its investigation.

23. On May 23, 2023, Protective received correspondence from Attorney Tanieka Thompson-Mungo, advising of her representation of Veronica Mosley and demanding payment of the Policy proceeds.

24. On August 30, 2023, Wanda Mosley e-mailed Protective advising that the Insured intended to make her the Policy beneficiary prior to his death, that she maintains Veronica Mosley was involved in the Insured's death, and that she continues to dispute that Veronica Mosley is the Policy's beneficiary.

25. Based upon the foregoing, Protective cannot determine whether the Policy proceeds are: (a) payable to Veronica Mosley as the Policy's primary beneficiary, with $10,248.63 of the proceeds payable to Express Funeral Funding, LLC pursuant to Veronica Mosley's irrevocable assignment; (b) payable to Willie Mosley II, Wanda Mosley, Anthony Briggs, Gregory Mosley, and Rodney Sesler, to

the extent Veronica Mosley was involved in the Insured's death;[1] or (c) payable only to Wanda Mosley, based upon Wanda Mosley's contention that the Insured intended to make her the sole Policy beneficiary.  As a result, Protective has been compelled to retain counsel and file this interpleader complaint against the Interpleader Defendants.

### INTERPLEADER TO DEPOSIT POLICY PROCEEDS INTO THE REGISTRY OF THE COURT

26.    Protective incorporates by this reference each preceding paragraph as if fully set forth herein.

27.    Protective admits that the Policy proceeds are payable.  However, due to the issues described above, Protective cannot determine without peril the proper beneficiary(ies) to whom the Policy proceeds are owed.

28.    Protective claims no beneficial interest in the Policy proceeds, and Protective is instead a mere stakeholder.

29.    Unless the potentially conflicting claims of the Interpleader Defendants are disposed of in a single proceeding, Protective remains subject to multiple litigation and faces substantial risk of suffering duplicate or inconsistent rulings on liability for payment of the Policy proceeds.

---

[1] *See* O.C.G.A. § 33-25-13 ("No person who commits murder or voluntary manslaughter or who conspires with another to commit murder shall receive any benefits from any insurance policy on the life of the deceased, even though the person so killing or conspiring be named beneficiary in the insurance policy.").

30. Protective is ready, willing, and able to pay the Policy proceeds and applicable accrued interest thereon into the Registry of the Court upon issuance of an order authorizing the deposit of said interpleader funds.

31. Protective is entitled to an order enjoining the Interpleader Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any action in any state or federal court against Protective for the recovery of any claim, in whole or in part, against the Policy.

32. Protective should be discharged as a disinterested stakeholder and should recover its reasonable attorneys' fees and costs for the services rendered in prosecuting this interpleader action.

## **PRAYER FOR RELIEF**

WHEREFORE, Protective respectfully requests that this Court enter a final judgment in its favor and against the Interpleader Defendants as follows:

1. That the aforementioned Policy proceeds and applicable accrued interest thereon be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to the judgment of this Court;

2. That the Court adjudicate the issue of which Interpleader Defendants are rightfully entitled to the Policy proceeds at issue;

3. That the Court enter an order enjoining each of the Interpleader Defendants, their agents, attorneys, and/or assigns, and any other purported

beneficiaries of the Policy, from instituting or maintaining any action in any court or forum against Protective for the recovery of any claim, in whole or in part, against the Policy;

4. That an award be made to Protective out of the funds to be deposited into the Registry of this Court, as reimbursement for the costs, attorneys' fees, and other expenses that Protective is compelled to expend in the prosecution of this interpleader lawsuit;

5. That Protective be dismissed *with prejudice* from this action and discharged from any and all further liability with respect to, affecting, or in any way arising out of the Policy with an express finding of finality; and

6. That Protective be awarded such other and further relief as the Court may deem just and proper.

Dated: September 12, 2023          Respectfully submitted,

/s/ Alexander B. Feinberg
Alexander B. Feinberg (Ga. Bar No. 956505)
MAYNARD NEXSEN, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
Telephone: (205) 254-1000
Email: afeinberg@maynardnexsen.com

*Attorney for Interpleader Plaintiff Protective Life Insurance Company*