# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

_____

| | |
|---|---|
| **ANGELA ROBINSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. |
| | ) |
| **PIEDMONT HEALTHCARE, INC.,** | ) |
| **PIEDMONT HENRY HOSPITAL,** | ) |
| **INC.,** | )    **JURY DEMAND** |
| | ) |
| **Defendant.** | ) |

_____

## **COMPLAINT**

NOW COMES Plaintiff ANGELA ROBINSON ("Robinson" or "Plaintiff") through undersigned counsel and makes her claims against Defendants, PIEDMONT HEALTHCARE, INC. ("PHI"), PIEDMONT HENRY HOSPITAL, INC. ("PHH") (collectively "Defendants"), showing the Court as follows:

1

## **SUBJECT MATTER JURISDICTION**

1.

This action is brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 and 29 C.F.R. §§ 1625-1627, as amended, for age discrimination.

2.

This action is also brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), as amended, for race and retaliation discrimination.

3.

This action is brought pursuant to Section 504 of the Rehabilitation Act of 1973, as amended 29 U.S.C. § 701, *et seq*. ("Rehab Act"), and 34 C.F.R. § 104.1, *et seq*., and the Americans with Disabilities Act of 1990 (hereafter referred to as "ADA"), *as amended*, 42 U.S.C. § 12101 *et seq*. (including the Americans with Disabilities Act Amendments Act of 2008), and 28 C.F.R. § 36.101, *et seq*.

4.

These claims are federal questions under 28 U.S.C. § 1331 and civil rights matters under 28 U.S.C. § 1343, and jurisdiction, and venue are proper in this court.

## PERSONAL JURISDICTION

5.

PHI (44,000+ employees) may be served through its registered agent CSC of Cobb County, Inc., 192 Anderson Street, N.E., Suite 125, Marietta, GA 30060.

6.

PHH (1430+ employees) may be served through its registered agent CSC of Cobb County, Inc., 192 Anderson Street, N.E., Suite 125, Marietta, GA 30060.

## FACTS OF THE CASE

7.

On or around March 13, 2016[1], Robinson was hired as a Phlebotomist by Defendants.  Charge Paragraph 1, Sentence 1.

8.

Robinson's most recent position was Lab Assistant.  Charge Paragraph 1, Sentence 2.

9.

On or about September 29, 2020, Robinson's doctor informed Latosha Hicks, Senior Talent Consultant Specialist, about Robinson's medical condition

---

[1] EEOC charge says 2013, but 2016 is the correct date.

and informed her that Robinson could no longer perform the essential functions of her position. Charge Paragraph 1, Sentence 3.

10.

Ms. Hicks told Robinson that she would have ninety (90) days to find another job with the hospital. Charge Paragraph 1, Sentence 4.

11.

From on or about September 29, 2020 to January 4, 2021, Robinson applied for sixteen (16) positions, for which she met all qualifications.  Charge Paragraph 1, Sentence 5.

12.

Robinson was not hired, or even called for a single interview.  Charge Paragraph 1, Sentence 6.

13.

Through her own inquiry, Robinson learned that the positions were filled by individuals who were significantly younger. Charge Paragraph 1, Sentence 7.

14.

On or about January 4, 2021, Ms. Hicks informed Robinson that she was discharged.  Charge Paragraph 1, Sentence 8.

15.

Robinson was told that she was discharged because she did not find another position with the hospital.  Charge Paragraph 2, Sentence 1.

16.

The reasons given for Robinson's discharge /non-hire are pretextual.

17.

Robinson was 59 years of age at the time of her EEOC charge and a member of a protected class.  Charge Paragraph 3, Sentence 1.

## **COUNT I: AGE DISCRIMINATION UNDER ADEA**

18.

Fact paragraphs 1 to 17 incorporated herein by reference as if recited verbatim.

19.

Robinson is a member of a protected class.  She suffered the discriminatory treatment described herein based on her age, which was over 40, 59 specifically.

20.

Robinson was denied hiring for alternate positions with Defendants.

21.

Robinson was rejected in favor of persons outside her protected class, to wit younger than 40, and similarly situated employees outside her protected class were treated more favorably, being less qualified.

22.

Robinson was qualified for the job for which she was originally hired until she became unable to perform it; she was qualified as well for each of those jobs for which she applied and was not hired.

23.

PHI has provided the following table it alleges reflects the outcome of Robinson's applications.  As indicated with asterisks, Robinson does not agree with all of Defendants' comments:

| Position Title / Location | Date Position Filled | Hired Candidate |
|---|---|---|
| Pharmacy Tech IV – PRN/ Piedmont Fayette Hospital | 11/20/20 | Kaleb Adams (29) |
| Pharmacy Tech IV – PRN/ Piedmont Henry Hospital | 11/16/20 | Zariah Terry (19) |
| Pharmacy Tech IV – PRN/ Piedmont Henry Hospital | 11/18/20 | Brittany Walker (31) |
| Patient Connection Center Associate III – PRN / Remote | 1/14/21 | Samantha Auguste (24) |
| Unit Secretary – Imaging- PRN / Piedmont Henry Hospital | 1/25/21 | Dina Reut (26) |
| Home Med History, Pharmacy Tech – PRN / Piedmont Fayette Hospital | Not filled | N/A |
| Patient Connection Associate II – PRN (Days) / Remote | Canceled | N/A |
| Pharmacy Tech PRN – Weekends / Piedmont Athens Regional Medical Center | Canceled | N/A |
| Patient Scheduling Associate (PT/PRN) / Remote | Canceled | N/A |
| Pharmacy Tech IV – PRN / Piedmont Atlanta Hospital | Canceled | N/A |
| Central Sterile Tech I – PRN / Piedmont Henry Hospital | Not filled Charging Party did not meet minimum qualifications* | N/A |
| Central Sterile Tech I – PRN / Piedmont Henry Hospital | 11/16/20 Charging Party did not meet minimum qualifications* | Dominique Howard (32) |

| Position Title / Location | Date Position Filled | Hired Candidate |
|---|---|---|
| Unit Secretary – Imaging, PT Evenings / Piedmont Walton Hospital | 11/2/20 (prior to Charging Party's application on 11/22/20) | Margaret Hubbard (36) |

24.

To the extent reasons were given for the failure to transfer/re-hire/hire Robinson, those reasons were pretextual.

25.

Robinson's mistreatment has been improper and based on animus/preference/bias based on her age and actions of Defendants, their employees, officers, managers, and agents.

26.

During Robinson's employment with Defendant and in application for transfer/re-hire, she encountered discriminatory treatment vis-à-vis similarly situated employees and other applicants who were younger than 40 and over 40 but younger than Plaintiff.

## **COUNT IA: AGE DISPARATE IMPACT UNDER ADEA**

27.

Fact Paragraphs 1 to 17 are incorporated herein by reference.

28.

Defendants' employment and transfer/re-hire/hire policies were facially neutral and had a significant disparate impact on employees and applicants over 40 years of age.

29.

Robinson was harmed based on this disparate impact.

30.

Robinson is a member of a protected class. She was as of the date of her EEOC charge over 40, 59 specifically.

31.

Robinson was denied hiring for alternate positions with Defendants.

32.

Robinson was rejected in favor of persons outside her protected class, to wit younger than 40, and similarly situated employees outside her protected class were selected more favorably, though less qualified.

33.

Robinson was qualified for the job for which she was originally hired until she became unable to perform it; she was qualified as well for each of those jobs for which she applied and was not hired.

34.

PHI has provided the following table it alleges reflects the outcome of Robinson's applications. As indicated with asterisks, Robinson does not agree with all of Defendants' comments:

| Position Title / Location | Date Position Filled | Hired Candidate |
|---|---|---|
| Pharmacy Tech IV – PRN/ Piedmont Fayette Hospital | 11/20/20 | Kaleb Adams (29) |
| Pharmacy Tech IV – PRN/ Piedmont Henry Hospital | 11/16/20 | Zariah Terry (19) |
| Pharmacy Tech IV – PRN/ Piedmont Henry Hospital | 11/18/20 | Brittany Walker (31) |
| Patient Connection Center Associate III – PRN / Remote | 1/14/21 | Samantha Auguste (24) |
| Unit Secretary – Imaging- PRN / Piedmont Henry Hospital | 1/25/21 | Dina Reut (26) |
| Home Med History, Pharmacy Tech – PRN / Piedmont Fayette Hospital | Not filled | N/A |
| Patient Connection Associate II – PRN (Days) / Remote | Canceled | N/A |
| Pharmacy Tech PRN – Weekends / Piedmont Athens Regional Medical Center | Canceled | N/A |
| Patient Scheduling Associate (PT/PRN) / Remote | Canceled | N/A |
| Pharmacy Tech IV – PRN / Piedmont Atlanta Hospital | Canceled | N/A |
| Central Sterile Tech I – PRN / Piedmont Henry Hospital | Not filled Charging Party did not meet minimum qualifications* | N/A |
| Central Sterile Tech I – PRN / Piedmont Henry Hospital | 11/16/20 Charging Party did not meet minimum qualifications* | Dominique Howard (32) |

11

| Position Title / Location | Date Position Filled | Hired Candidate |
|---|---|---|
| Unit Secretary – Imaging, PT Evenings / Piedmont Walton Hospital | 11/2/20 (prior to Charging Party's application on 11/22/20) | Margaret Hubbard (36) |

35.

During Robinson's employment with Defendant and in application for transfer/re-hire, she encountered discriminatory results vis-à-vis similarly situated employees and other applicants who were younger than 40.

## COUNT II: RACE DISCRIMINATION UNDER SECTION 1981

36.

Fact paragraphs 1 to 17 incorporated herein by reference as if recited verbatim.

37.

Robinson is African-American and a member of a protected class.  She suffered the discriminatory treatment described herein based on being African-American.

38.

Robinson was denied transfer/re-hire/hire despite being qualified and applying.

39.

Robinson was rejected / discriminated against in favor of persons outside her protected class and similarly situated employees and other applicants outside her protected class were treated more favorably, begin less qualified.

40.

Robinson was qualified for the job she was hired for as well as each of those for which she applied and was not transferred to/hired for/re-hired for.

41.

To the extent reasons were given for the termination / treatment / failure to transfer / failure to hire / failure to re-hire Robinson, those reasons are pretextual.

42.

Robinson's mistreatment has been improper and based on animus based on her race and actions of Defendant, its employees, officers, managers, and agents.

43.

Robinson suffered adverse employment action in being discharged, blacklisted, not transferred, not hired, not re-hired.

## COUNT III: DISABILITY DISCRIMINATION UNDER ADA AND REHAB ACT

44.

Fact Paragraphs 1 to 17 are incorporated herein by reference.

45.

Robinson is an individual with a disability.

46.

Robinson's doctor communicated her limitations to Defendants' Human Resources personnel.

47.

Robinson was limited in one or more major life activities.

48.

Defendants were obligated to begin the interactive accommodation process.

49.

Defendants failed to meet their obligation to participate in the interactive process.

50.

Robinson was qualified to do her former job until disability interfered with that.

14

51.

Robinson then was qualified to perform many other jobs.

52.

Robinson was qualified to perform all of the jobs for which she sought transfer/applied for with or without accommodation.

53.

Defendants terminated Robinson because of her disability.

54.

Defendants failed to transfer / hire / re-hire Robinson because of her disability.

55.

The reason given for Robinson's termination was pretextual.

56.

The reasons Defendants gave for failing to transfer / hire / re-hire Robinson were pretextual.

57.

The real reason for Robinson's termination was discrimination against Robinson based on her disability.

58.

The real reason Defendants did not transfer / hire / re-hire Robinson were pretextual.

**DAMAGES**

59.

Robinson suffered loss of wages, including but not limited to those she otherwise would have earned because of promotion and pay raises from Defendants. Such loss was because of the actions and inactions of Defendants.

60.

Since her termination Robinson has suffered loss of all of her wages, also because of the actions and inactions of Defendants.

61.

Robinson suffered loss of increased benefits she otherwise would have had because of the actions and inactions of Defendants.

62.

Since her termination Robinson has suffered loss of all of her benefits, also because of the actions and inactions of Defendants.

63.

Robinson suffered and continues to suffer emotional distress and pain and

suffering because of the actions and inactions of Defendants.

64.

Defendants consciously disregarded Robinson's civil rights.

65.

Defendants acted with reckless disregard as to whether their conduct violated the law.

## **ADMINISTRATIVE HISTORY**

66.

On April 8, 2021, an EEOC Charge was filed and given EEOC Charge Number 410-2021-01761, attached to Plaintiff's Complaint as Exhibit A and incorporated herein by reference as if recited verbatim.

67.

Plaintiff's Conciliation Failure of Charge and Right to Sue Letter was signed June 14, 2023 and received thereafter by her.  It is attached hereto as Exhibit B.

WHEREFORE, Plaintiff Robinson demands that she have trial by jury and judgment against Defendant as follows:

  a) For lost wages in an amount to be determined at trial;

  b) For lost benefits in an amount to be determined at trial;

c) For compensatory damages in an amount to be determined at trial;

d) For punitive damages in an amount to be determined at trial;

e) For front pay in an amount to be determined at trial;

f) For a declaratory judgment that Defendants' actions were unlawful;

g) For such injunctive relief as the law may allow toward an order requiring Defendant to refrain from future discriminatory treatment of other individuals similar to Plaintiff;

h) For her costs and expenses;

i) For her attorney's fees; and

j) For such other and further relief as is just, proper, or equitable.

This 12th day of September, 2023.

/S/ Drew Mosley
Drew Mosley
Attorney for Plaintiff
GA Bar No. 526406
Drew Mosley, LLC
279 W. Crogan Street
Lawrenceville, GA 30046
Office Phone (678) 225-0098
Office Fax (678) 221-0230
Email: drew@mlawmail.com