IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY MCCLAM               :
                                   :
     Plaintiff,               :
                                   :
     vs.                      :     Case No. _____
                                   :
CITY OF RIVERDALE, KIRBY    :
THREAT, AND TODD SPIVEY    :
                                   :
     Defendants.         :
_____:

## **COMPLAINT**

Comes now Plaintiff, and respectfully shows as follows:

## COUNT ONE

### 1.

This is a claim under U.S.C. §1983 and the First, Fourth, and Fourteenth

Amendment for the illegal arrest of Plaintiff's person. Plaintiff also brings claims

under Georgia law.

It is also a claim for violation of state constitutional rights and tortious

conduct under state laws.

### 2.

The Court has jurisdiction under 28 U.S.C. §1343 and 28 U.S.C. §1367.

3.

The actions of said individual officers named herein were taken under the color of state law. Defendant City of Riverdale also acted under color of state law.

4.

Defendant Threat is a resident of the Northern District of Georgia and subject to the jurisdiction of the Court. Defendant City of Riverdale is a municipality within the jurisdiction of the Court.

5.

On or about September 14, 2021. Plaintiff was at work as a police officer for the City of Riverdale.

6.

Defendant Kirby Threat was Captain of Internal Affairs at the time.

7.

Defendant Kirby was the final policymaker for the City of Riverdale. His actions in investigating Riverdale police officers for wrongdoing were unreviewable by any superior and in the past had never been reviewed and his decisions in investigating his officers were within his authority.

8.

Defendant Kirby was asked by Defendant or some other employee to investigate Plaintiff for the crime of removing a candidate's campaign signs.

9.

Defendant Kirby provided Plaintiff with a copy of the Riverdale Police Department Employee Statement, a true and correct copy which is attached as Exhibit A. This form is used in all investigations by the police department of Riverdale in any "official investigation by the Department."

10.

Exhibit A requires each employee to answer "questions and make available relevant materials or sworn statement concerning an investigation of allegations of employee misconduct when directed to do so by a disciplinary authority."

11.

Exhibit A provides that "Administrative statement made by employees and evidence gained by reason of such statement may not be used against the employee in criminal proceedings involving the employee except in case of perjury."

12.

Plaintiff was aware that he faced disciplinary action, up to and including dismissal which he did not fill out such form and he did so.

13.

Defendant's Threat and City of Riverdale thereafter turned over Plaintiff's statement to Defendant Spivey and violated his right under the Fifth and Fourteenth Amendment to be free of self-incrimination because thereafter, has sought and

received a warrant based on the statement made by Plaintiff that he had been in the City of Clarkston at 6:30.

15.

Plaintiff was thereafter arrested for and all charges thereafter dismissed.

16.

Absent the coerced statement, Plaintiff would not have been arrested.

17.

As a direct and proximate result of Defendants Threat and Riverdale, Plaintiff was demoted, required to turn over his gun and badge to Defendant Threat and exposed to public ridicule because of Defendant Threat's actions. Thereafter, he was terminated.

18.

He was then reassigned to desk duty with no gun or badge.

19.

Because of Defendant's actions, Plaintiff suffered humiliation and embarrassment and loss of income in the amount of $100,000. Defendant Spivey is not liable for these damages.

20.

Because of the reckless designed and callous indifference to Plaintiff's constitutional right, Defendant Threat is liable to Plaintiff for $250,000 in punitive damage.

21.

Plaintiff is entitled to reasonable attorney fees pursuant to 42 U.S.C. §1988.

## COUNT TWO

22.

Paragraphs 1-6 and 8-16 are realleged as though fully set out.

23.

Defendants City of Riverdale and Kirby Threat are not sued under Count Two.

24.

Defendant Threat represented Plaintiff when he gave him the form attached as Exhibit A that any information given by Plaintiff except in cases of perjury would not be used against Plaintiff in any criminal proceeding.

25.

Defendant Threat knew when he made the representation above that the same was false.

26.

Alternatively, he made representation to Plaintiff without knowing if it was true or not and thus, recklessly.

27.

He did so to convince Plaintiff to cooperate with the internal affairs investigation.

28.

Plaintiff justifiably relied on such representation to cooperate with such investigation and to provide evidences which could possibly incriminate him if revealed.

29.

Plaintiff suffered pecuniary harm herein as set out in paragraph 19.

30.

Defendant Threat acted with the intent to injure Plaintiff.

31.

Defendant Threat showed willful misconduct malice fraud, wantonness, oppression, or that entire want of care which would cause the presumption of conscious indifference to consequences.

32.

Plaintiff is entitled to attorney fees because Defendant's intentional tort.

<u>COUNT THREE</u>

33.

Paragraphs 22, 23, 29, 30, 31, and 32 are realleged as though fully set out.

34.

Defendant Threat violated Plaintiff's rights under Art. 1 Sec. 1 Para XVI.

<u>COUNT FOUR</u>

35.

Paragraphs 1-3, (although Defendant City of Riverdale is not sued in this Court), 4-6, 8-20, and 24-29 are realleged as set out above.

36.

Defendants Kirby and Spivey knew that the statement Defendant Kirby had secured in violation of Plaintiff's 5th and 14th Amendment rights were going to be used to provide probable cause for a warrant for Plaintiff's arrest.

37.

The statement was so used.

38.

Absent the use of Plaintiff's statement, there would not have been probable cause to arrest Plaintiff.

39.

Plaintiff suffered damages as a result of each individual's actions including humiliation and embarrassment and loss of income in the amount of $100,000.

40.

Because of the reckless designed and callous indifference to Plaintiff's constitutional right, both Defendants are liable to Plaintiff for punitive damages of $250,000.

41.

Plaintiff is entitled to reasonable attorney fees under 42 U.S.C. §1988.

COUNT FIVE

42.

Paragraphs 1-4 and are realleged herein.

43.

Only Defendant Spivey is sued in this Court.

44.

Defendant Spivey secured a warrant for arrest of Plaintiff for theft on or about September 14, 2021 and pursued criminal charges against him.

45.

The criminal prosecution of Plaintiff ended without a conviction of Plaintiff.

46.

There was no probable cause to initiate the proceeding even with Plaintiff's statement.

47.

Specifically, other than the fact that Plaintiff lived in Clarkston, there was nothing to connect him to the alleged crime.

48.

There was no identification of Plaintiff. There was no identification of the automobile that the person who took down the signs except that there is a darkened view of a Ford Explorer. Defendant had no license plate as evidence. Numerous police agencies in the immediate vicinity including jurisdictions in Dekalb and Clayton Counties provided similar vehicles to the officers. Defendant had no license plate. There was police officer GPS. Moreover, as time was not of the essence, Defendants could have determined that Plaintiff had checked into work at the time of the alleged crime.

49.

Plaintiff was seized when he turned himself after he was arrested and surrendered after he learned of the warrant.

50.

Defendants acted maliciously in obtaining the warrant and suffered a deprivation of his liberty.

51.

Because of Defendants' actions, Plaintiff suffered humiliation and embarrassment and loss of income in the amount of $100,000.

52.

He is entitled to punitive damages and attorney fees against both Defendants as set out in paragraphs 20 and 21.

WHEREFORE, Plaintiff prays,

1) For damages as set out;

2) Punitive damages in the amount of $250,000 against the individual Defendants;

3) Attorney fees;

4) Jury trial; and

5) Such other and further relief as is just and proper.

This 12th day of September, 2023.

Respectfully submitted,

/s/ Ralph Goldberg
Ralph Goldberg
Ga. Bar. No. 299475

/s/ Keith R.Foster
Keith R. Foster
Ga. Bar No. 271001
Attorneys for Plaintiff

Goldberg & Cuvillier, P.C.
3469 Lawrenceville Hwy., Ste. 102
Tucker, Ga. 30084
(770) 670-7343; (770) 670-7344
attorneygoldberg@hotmail.com

THE FOSTER FIRM, LLC
One Crown Center
1895 Phoenix Blvd., Suite 110
404-559-8325, 404-559-8335 (fax)
kfoster@tfflaw.net