UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION | : | MDL DOCKET NO. 2974 |
| | : | |
| This document relates to: | : | 1:20-md-02974-LMM |
| | : | |
| EBONIE WILLIAMS | : | |
| | : | |
| vs. | : | Civil Action No.: _____ |
| | : | |
| TEVA PHARMACEUTICAL PRODUCTS USA INC ET AL. | : | |
| | : | |
| | : | |
| _____ | : | |

## **SHORT FORM COMPLAINT**

Come(s) now the Plaintiff(s) named below, and for her/their Complaint against the Defendant(s) named below, incorporate(s) the Second Amended Master Personal Injury Complaint (Doc. No. 79), in MDL No. 2974 by reference. Plaintiff(s) further plead(s) as follows:

1.    Name of Plaintiff placed with Paragard: _____

Ebonie Williams
_____

2.    Name of Plaintiff's Spouse (if a party to the case): _____

N/A
_____

3.  If case is brought in a representative capacity, Name of Other Plaintiff
    and capacity (i.e., administrator, executor, guardian, conservator):
    N/A
    _____

    _____

4.  State of Residence of each Plaintiff (including any Plaintiff in a
    representative capacity) at time of filing of Plaintiff's original
    complaint:     Texas
    _____

    _____

5.  State of Residence of each Plaintiff at the time of Paragard placement:
    North Carolina

6.  State of Residence of each Plaintiff at the time of Paragard removal:
    Texas

7.  District Court and Division in which personal jurisdiction and venue
    would be proper:
    The United States District Court for the Southern District
    _____
    of Texas
    _____

8.  Defendants. (Check one or more of the following five (5) Defendants
    against whom Plaintiff's Complaint is made. The following five (5)
    Defendants are the only defendants against whom a Short Form
    Complaint may be filed. No other entity may be added as a defendant
    in a Short Form Complaint.):

☒     A. Teva Pharmaceuticals USA, Inc.

☒     B. Teva Women's Health, LLC

☒     C. Teva Branded Pharmaceutical Products R&D, Inc.

☒     D. The Cooper Companies, Inc.

☒     E. CooperSurgical, Inc.

9.     Basis of Jurisdiction

☒     Diversity of Citizenship (28 U.S.C. § 1332(a))

☐     Other (if Other, identify below):

_____

10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physician(s) or other Health Care Provider (include City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY)* <br><br> *If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provider (include City and State)** <br><br> **If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
| Date Unknown June 2009 | Dr. Ira Smith, Chapel Hill, NC | Date Unknown January 2017 | Dr. Wanda T. Mott, MD6651 Main St., Houston, TX 77030 |
|  |  |  |  |

11.  Plaintiff alleges breakage (other than thread or string breakage) of her Paragard upon removal.

☒  Yes

☐  No

12.  Brief statement of injury(ies) Plaintiff is claiming:

As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer significant bodily and mental injuries, including but not limited to pain and suffering, mental anguish, disfigurement, embarrassment, inconvenience, loss of earnings, loss of reproductive health and past and potential future medical expenses.

Plaintiff reserves her right to allege additional injuries and complications specific to her.

13.  Product Identification:

a.  Lot Number of Paragard placed in Plaintiff (if now known):

Unknown.

b.  Did you obtain your Paragard from anyone other than the HealthCare Provider who placed your Paragard:

☐  Yes

☒  No

14.  Counts in the Master Complaint brought by Plaintiff(s):

☒  Count I – Strict Liability / Design Defect

☒  Count II – Strict Liability / Failure to Warn

☒  Count III – Strict Liability / Manufacturing Defect

☒  Count IV – Negligence

☒  Count V – Negligence / Design and Manufacturing Defect

☒  Count VI – Negligence / Failure to Warn

4

☒     Count IX – Negligent Misrepresentation

☒     Count X – Breach of Express Warranty

☒     Count XI – Breach of Implied Warranty

☒     Count XII – Violation of Consumer Protection Laws

☒     Count XIII – Gross Negligence

☒     Count XIV – Unjust Enrichment

☒     Count XV – Punitive Damages

☐     Count XVI – Loss of Consortium

☐     Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

_____

_____

15.     "Tolling/Fraudulent Concealment" allegations:

     a.     Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

     ☒     Yes

     ☐     No

     b.     If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below:

Prior to having the ParaGard IUD implanted, Plaintiff's healthcare providers told her that ParaGard IUD was safe, effective, and could be removed in-office with a simple procedure. She did not realize that she might have a cause of action reagarding the ParaGard IUD. She did not know there was an issue with the ParaGard IUD. She contacted her lawyers after learning she might have a claim

16. Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:

    a. Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

    ☒ Yes

    ☐ No

    b. If Yes, the following information must be provided (in accordance with <u>Federal Rule of Civil Procedure 8</u> and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

    i. The alleged statement(s) of material fact that Plaintiff alleges was false: <u>Paragard, a reversible form of birth control, was safe and effective. Paragard</u>
<u>was safe and/or safer than other reversible birth control products on the market.</u>

    ii. Who allegedly made the statement: <u>Defendants</u>
_____

    iii. To whom the statement was allegedly made: <u>Plaintiff and her healthcare provider</u>
<u>who implanted Paragard.</u>

    iv. The date(s) on which the statement was allegedly made:
<u>Defendants' statements are within the Paragard label and marketing materials at all relevant times</u>
<u>prior to implantation</u>

17. If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

    a. What does Plaintiff allege is the manufacturing defect in her Paragard? <u>N/A</u>

6

18.  Plaintiff's demand for the relief sought if different than what is alleged in the Master Complaint:  _____N/A_____

_____

19.  Jury Demand:

☒  Jury Trial is demanded as to all counts

☐  Jury Trial is NOT demanded as to any count

**s/** Nicole Berg
_____
                Attorney(s) for Plaintiff

Address, phone number, email address and Bar information:

Nicole Berg (IL Bar #6305464)
Ashley Barriere (LA Bar # 38129)
ncb@kellerpostman.com
ashley.barriere@kellerpostman.com
Keller Postman LLC
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220

/s/ Laura V. Yaeger
Yaeger Law, PLLC
P.O Box 530338
Saint Petersburg, FL 33747
(727) 202-5015
laura@yourlegalcounsel.net
FL Bar # 101972
TX Bar #  24011432