E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-05697-S5**
8/10/2023 1:44 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☒ **State Court of** Gwinnett _____ **County**

| For Clerk Use Only | | 23-C-05697-S5 |
|---|---|---|
| Date Filed _____ <br> **MM-DD-YYYY** | | Case Number _____ |

**Plaintiff(s)**
Caporossi   Carmela
_____
Last          First          Middle I.    Suffix    Prefix

_____
Last          First          Middle I.    Suffix    Prefix

_____
Last          First          Middle I.    Suffix    Prefix

**Defendant(s)**
Unifi Aviation, LLC
_____
Last          First          Middle I.    Suffix    Prefix
Delta Air Lines, Inc.
_____
Last          First          Middle I.    Suffix    Prefix
John Doe
_____
Last          First          Middle I.    Suffix    Prefix

_____
Last          First          Middle I.    Suffix    Prefix

**Plaintiff's Attorney** Peter A. Law      **Bar Number** 439655      **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☒ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
       Case Number                         Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                        **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-05697-S5**
**8/10/2023 12:55 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CARMELA CAPOROSSI,                )
                                  )
        Plaintiff,                )          CIVIL ACTION FILE
                                  )          NO.: _____
v.                                )              23-C-05697-S5
                                  )
UNIFI AVIATION, LLC, DELTA AIR    )
LINES, INC., and JOHN DOE,        )
                                  )
        Defendants.               )

## **COMPLAINT**

COMES NOW Plaintiff in the above-styled action, and hereby files this Complaint and shows the Court as follows:

1.

Defendant Unifi Aviation, LLC (hereinafter referred to as "Defendant(s)" or "Unifi") is a foreign Limited Liability Company with its principal place of business in the state of Georgia. Unifi does business and derives substantial revenue in the state of Georgia. Unifi may be served through its registered agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

2.

Jurisdiction and venue are proper as to Defendant Unifi.

3.

Defendant Unifi was properly served with process in this action.

4.

Defendant Delta Air Lines, Inc. (hereinafter "Defendant(s)" or "Delta") is a foreign corporation with its principal place of business in the state of Georgia. Delta does business and derives substantial revenue in the state of Georgia. Delta may be served through its registered

agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5.

Jurisdiction and venue are proper as to Defendant Delta.

6.

Defendant Delta was properly served with process in this action.

7.

John Doe is the employee of Defendant Unifi understood to have brought a broken and defective wheelchair to transport Plaintiff between her Delta flights during a layover at Hartsfield Jackson International Airport on January 23, 2023, and whose acts and omissions caused Plaintiff to fall and suffer severe injuries at the time of the subject incident. Plaintiff has a good faith belief that Defendant John Doe is and was at all relevant times a resident of Georgia. Despite requests for this information from Defendant Unifi, it has refused to provide it. Accordingly, Plaintiff does not currently know the identity of John Doe but will work with defense counsel to substitute the proper party for John Doe upon disclosure of John Doe's identity.

8.

On January 23, 2023, Plaintiff was scheduled to travel on Delta Air Lines from Cleveland, Ohio to Wilmington, North Carolina to visit her daughter, and requested that Defendant Delta provide her with wheelchair service assistance for her entire trip, including during her scheduled flight lay over in Atlanta at Hartsfield-Jackson International Airport.

9.

On January 23, 2023, Plaintiff's Delta Air Lines flight from Cleveland landed at Hartsfield-Jackson International Airport at approximately 7:10 a.m. As she deplaned in Atlanta,

she was met in the jetway by John Doe, an employee of Unifi, who was acting within the course and scope of his employment with Defendant Unifi and as an agent of Defendant Delta. John Doe instructed Plaintiff to sit down in Defendants' wheelchair without assistance, and as she complied, the wheel came off of the defective and broken wheelchair, which was not equipped with arm rests, causing Plaintiff to fall on her right side, striking her arm, leg, and face violently against the ground and resulting in severe and permanent injuries to Plaintiff, including but not limited to a fractured right humerous necessitating an open reduction and internal fixation surgery and extensive post-surgical physical therapy.

10.

At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing and was an innocent victim of Defendants' negligence.

11.

At the time of the subject incident, Defendant John Doe was acting at the direction and under the control of Defendants Unifi and Delta, operating Defendants' equipment and performing the wheelchair functions in the course and scope of his employment with Defendant Unifi and as an agent of Defendant Delta, and with Defendants' permission. All Defendants are jointly and severally liable and Defendants Unifi and Delta are liable for the actions of Defendant John Doe under theories of *respondeat superior*, vicarious liability, and agency principles.

12.

Defendants negligently failed to take proper precautions to ensure Plaintiff's safety while she was being transported.

13.

Defendants negligently failed to assist Plaintiff in deplaning and negligently failed to

3

perform a proper inspection of the wheelchair before arriving to transport Plaintiff to ensure the wheelchair was in proper working order.

14.

In addition to the ordinary negligence alleged throughout this complaint, Plaintiff states that Defendants, at the time of the subject incident, were common carriers and failed to exercise extraordinary diligence to protect the lives and persons of their passengers pursuant to O.C.G.A. §§ 46-9-1 and 46-9-132.

15.

At all times material hereto and as it relates to Plaintiff, Defendants negligently failed to comply with the provisions of the Air Carrier Access Act of 1986, as amended.

16.

Defendants failed to inspect the subject wheelchair and assist Plaintiff in deplaning with ordinary care and the due care exercised by individuals in like or similar circumstances, and Defendants actions in this regard showed a disregard for the safety of others, including Plaintiff.

17.

Defendants' actions constituted negligence in operating the wheelchair contrary to the reasonable and safe conditions and circumstances then existing.

18.

Defendants breached the duties owed to Plaintiff by failing to exercise ordinary care as it relates to the care and transportation rendered to Plaintiff.

19.

Defendants were negligent in failing to adhere to routine and common industry standards regarding operation, inspection and maintenance of the wheelchair at issue. Defendants were negligent in failing to properly inspect, maintain and operate the equipment being utilized to

ensure it was safe to do so, and in negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Plaintiff.

20.

Defendants negligently hired, supervised, trained and retained Defendant John Doe and negligently entrusted the operation responsibilities of the subject wheelchair to Defendant John Doe. Defendants negligently failed to implement and utilize proper procedures to evaluate Defendant John Doe's skills and expertise for the operation of said equipment.

21.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, Defendants are liable for the negligent supervision, hiring, training, and retention of their management, agents and employees and the entrustment of Defendants' equipment to said management, agents and employees.

22.

Defendants were negligent in failing to promulgate and enforce policies, procedures and rules for the protection of those individuals they were to transport, including but not limited to Plaintiff.

23.

Defendants were and are negligent *per se*.

24.

Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to wit:

a) In negligently violating 14 CFR § 382, by failing to provide Plaintiff, a disabled individual, proper assistance with deplaning and making connections during her air

travel;

b)  In negligently failing to exercise extraordinary diligence to protect the lives and persons of their passengers pursuant to O.C.G.A. §§ 46-9-1 and 46-9-132;

c)  In negligently failing to properly inspected, repair, and maintain the wheelchair at issue;

d)   Negligently transferring Plaintiff into the chair in a manner that proximately caused serious and permanent injuries to Plaintiff;

e)  In negligently failing to warn of the dangers of the improperly repaired and maintained wheelchair;

f)  In negligently failing to properly train and supervise their employees in regard to the transportation of persons with disabilities; and

g)  In negligently retaining, entrusting, hiring, training and supervising said employees.

25.

Defendants were negligent for all other acts of negligence as may be shown at trial.

26.

The injuries sustained by Plaintiff were the direct and proximate result of the negligence of the Defendants.  But for said negligence, Plaintiff would not have suffered injuries and endured conscious pain and suffering.

27.

The injuries suffered by Plaintiff as described herein are continuing and permanent in nature.

28.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all

6

compensatory, general, special, incidental, consequential, punitive and other damages permitted. Plaintiff states her intention to seek all compensatory, general, special, incidental, consequential, punitive and other damages permissible under Georgia law, including, but not limited to the following which were proximately caused by Defendants' negligence:

    a)  Personal injuries;

    b)  Past, present and future pain and suffering;

    c)  Past, present and future medical expenses, likely exceeding $100,000.00;

    d)  Permanent injuries;

    e)  Disability and disfigurement;

    f)  Mental anguish and emotional distress;

    g)  Loss of the capacity for the enjoyment of life;

    h)  Impaired ability to labor;

    i)  Incidental expenses;

    j)  Consequential damages to be proven at trial; and

    k)  All items of damages recoverable under Georgia law.

29.

Because Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action. (O.C.G.A. §§ 13-6-11, 9-11-68(e) and 9-15-14). Furthermore, Plaintiff is entitled to all expenses of litigation and attorneys' fees pursuant to all other Georgia statutory and common laws.

30.

Plaintiff is entitled to recover punitive damages without limitation or cap from

Defendants, because the actions of Defendants and their agents and employees were willful and wanton, and showed an entire want of care which would raise the presumption of conscious indifference to consequences, in accordance with the enlightened conscience of an impartial jury pursuant to O.C.G.A. § 51-12-5.1.

31.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendants and one or more or all above stated acts were the proximate causes of the injuries to Plaintiff.

WHEREFORE, Plaintiff prays for a judgment to be awarded to her and against the Defendants for the following:

a)  Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

b)  Plaintiff be awarded all general, special, compensatory, economic, punitive and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

c)  Plaintiff be awarded punitive damages in an amount to be determined by the enlightened conscience of the jury;

d)  Plaintiff be awarded a trial by jury; and

e)  Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

This 10th day of August, 2023.

*[signature on following page].*

Respectfully submitted,

**LAW & MORAN**

/s/ Peter A. Law
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, N.W.
Atlanta, Georgia 30308
(404) 814-3700

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-05697-S5**
**8/10/2023 12:55 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Carmela Caporossi**

**c/o Law & Moran**

563 Spring Street, NW, Atlanta, GA 30308

PLAINTIFF

CIVIL ACTION
NUMBER:_____   23-C-05697-S5

VS.

**Delta Air Lines, Inc.**

**c/o Corporation Service Company**

2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Peter A. Law
563 Spring Street, NW
Atlanta, GA 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **10** day of **August**, 20**23**.

Tiana P. Garner
**Clerk of State Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05697-S5**

**8/30/2023 10:27 AM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CARMELA CAPOROSSI,      )
           )
     Plaintiff,      )
           )    CIVIL ACTION FILE
v.             )    NO.: 23-C-05697
           )
UNIFI AVIATION, LLC, DELTA AIR  )
LINES, INC., and JOHN DOE,   )
           )
     Defendants.     )

### PLAINTIFF'S NOTICE OF FILING AFFIDAVIT OF SERVICE

COMES NOW Plaintiff in the above-styled case and files the Affidavit of Service served

upon Unifi Aviation LLC, care of Corporation Service Company, registered agent, attached

hereto and incorporated herein.  The Clerk's docket should reflect that Defendant Unifi Aviation

LLC was served with Plaintiff's General Civil Filing Form, Summons, Complaint, First

Interrogatories, First Request for Production of Documents, and First Requests for Admissions

by Process Server Thomas David Gibbs III on August 15, 2023.

This 30th day of August, 2023.

Respectfully submitted,

**LAW & MORAN**

/s/ Denise D. Hoying
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, N.W.
Atlanta, Georgia 30308
(404) 814-3700

## AFFIDAVIT OF SERVICE

| Case:<br>23-C-05697-S5 | Court:<br>State Court of Gwinnett County | County:<br>Gwinnett, GA | Job:<br>9353458 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Carmela Caporossi | | Defendant / Respondent:<br>Unifi Aviation, LLC, Delta Air Lines, Inc., and John Doe | |
| Received by:<br>CGA Solutions | | For:<br>Law and Moran | |
| To be served upon:<br>Unifi Aviation LLC c/o Corporation Service Company, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Alisha Smith , Corporation Service Company: 2 Sun Ct Suite 400 , Peachtree Corners, GA 30092 |
| **Manner of Service:** | Registered Agent, Aug 15, 2023, 2:48 pm EDT |
| **Documents:** | Summons, Complaint, Plaintiff's First Continuing Interrogatories to Defendants,Plaintiff's First Request for Production of Documents to Defendants, Plaintiff's First Request for Admissions to Defendants,General Civil and Domestic Relations Case Filing Information Form (Received Aug 10, 2023 at 2:33pm EDT) |

**Additional Comments:**
1) Successful Attempt: Aug 15, 2023, 2:48 pm EDT at Corporation Service Company: 2 Sun Ct Suite 400 , Peachtree Corners, GA 30092 received by Alisha Smith .
CSC Coordinator

Subscribed and sworn to before me by the affiant who is personally known to me.

Thomas David Gibbs III                    Date

Notary Public

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Date                    Commission Expires

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:                           **23 C-01315-6**

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ____2nd____ day of ____March____, 20_23_.

_Veronica Cope_
Veronica Cope (Mar 2, 2023 14:39 EST)
Presiding Judge
Gwinnett County State Court

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA
2023 MAR -3 AM 8: 25
TIANA P. GARNER, CLERK

Applicant:

Name   _Thomas David Gibbs III_

Address  _1215 Conata Court_
_Stone Mountain, GA 30087_

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05697-S5**
**8/30/2023 10:27 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

CARMELA CAPOROSSI,                      )
                                        )
     Plaintiff,                        )
                                        )        CIVIL ACTION FILE
v.                                      )        NO.: 23-C-05697
                                        )
UNIFI AVIATION, LLC, DELTA AIR          )
LINES, INC., and JOHN DOE,              )
                                        )
     Defendants.                       )

### PLAINTIFF'S NOTICE OF FILING AFFIDAVIT OF SERVICE

COMES NOW Plaintiff in the above-styled case and files the Affidavit of Service served

upon Delta Air Lines, care of Corporation Service Company, registered agent, attached hereto

and incorporated herein.  The Clerk's docket should reflect that Defendant Delta Air Lines was

served with Plaintiff's General Civil Filing Form, Summons, Complaint, First Interrogatories,

First Request for Production of Documents, and First Requests for Admissions by Process Server

Thomas David Gibbs III on August 15, 2023.

This 30th day of August, 2023.

Respectfully submitted,

**LAW & MORAN**

/s/ Denise D. Hoying
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, N.W.
Atlanta, Georgia 30308
(404) 814-3700

## AFFIDAVIT OF SERVICE

| Case:<br>23-C-05697-S5 | Court:<br>State Court of Gwinnett County | | County:<br>Gwinnett, GA | Job:<br>9353458 |
|---|---|---|---|---|
| Plaintiff / Petitioner:<br>Carmela Caporossi | | | Defendant / Respondent:<br>Unifi Aviation, LLC, Delta Air Lines, Inc., and John Doe | |
| Received by:<br>CGA Solutions | | | For:<br>Law and Moran | |
| To be served upon:<br>Delta Air Lines Inc c/o Corporation Service Company, Registered Agent | | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Alisha Smith , Corporation Service Company: 2 Sun Ct Suite 400 , Peachtree Corners, GA 30092

**Manner of Service:**   Registered Agent, Aug 15, 2023, 2:48 pm EDT

**Documents:**   Summons, Complaint, Plaintiff's First Continuing Interrogatories to Defendants,Plaintiff's First Request for Production of Documents to Defendants, Plaintiff's First Request for Admissions to Defendants,General Civil and Domestic Relations Case Filing Information Form (Received Aug 10, 2023 at 2:33pm EDT)

**Additional Comments:**
1) Successful Attempt: Aug 15, 2023, 2:48 pm EDT at Corporation Service Company: 2 Sun Ct Suite 400 , Peachtree Corners, GA 30092 received by Alisha Smith .
CSC Coordinator

Subscribed and sworn to before me by the affiant who is personally known to me.

Thomas David Gibbs III          Date   8-25-23

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Notary Public

Date   8-25-23          Commission Expires   12-27-24

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number: **23 C-01315-6**

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order up to and including January 4, 2024.

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___2nd___ day of ___March___, 20_23_.

_Veronica Cope_
Veronica Cope (Mar 2, 2023 14:39 EST)
Presiding Judge
Gwinnett County State Court

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA.
2023 MAR -3 AM 8: 25
TIANA P. GARNER, CLERK

Applicant:

Name  _Thomas David Gibbs III_

Address  _1215 Cornata Court_
_Stone Mountain, GA 30087_

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-05697-S5**
**8/10/2023 12:55 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CARMELA CAPOROSSI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE 23-C-05697-S5 |
| v. | ) NO.: _____ |
| | ) |
| UNIFI AVIATION, LLC, DELTA AIR | ) |
| LINES, INC., and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## <u>PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS</u>

TO:   EACH DEFENDANT, INSURER (NAMED OR UNINSURED MOTORIST), OR ANY
OTHER NAMED PARTY

Pursuant to O.C.G.A. Section 9-11-36 you are hereby required to Answer, in the form

provided by law, the following Request for Admissions:

1.

You have been correctly named in the present cause insofar as the legal designation of

names is concerned.

2.

That you have been properly served as a party defendant.

3.

That process is sufficient with regard to you in this case.

4.

That service of process is sufficient with regard to you in this case.

5.

The State Court of Gwinnett County has jurisdiction over the subject matter of this case.

6.

The State Court of Gwinnett County has personal jurisdiction over you as a party defendant in this case.

7.

Venue is proper in the State Court of Gwinnett County.

8.

Plaintiff states a claim upon which relief can be granted.

9.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

Defendant Unifi Aviation, LLC contracted with Defendant Delta Air Lines, Inc. to provide wheelchair services to Delta passengers who requested wheelchair assistance during their travels, to include at Hartsfield Jackson International Airport, on or about January 23, 2023.

11.

Defendant Unifi Aviation, LLC's employee John Doe attempted to transport Plaintiff by wheelchair from her arrival aircraft to her departure aircraft during her layover at Hartsfield Jackson International Airport on or about January 23, 2023.

12.

The wheelchair that Defendants' employee and agent John Doe brought to her arrival gate to transport Plaintiff was owned by Defendant Unifi Aviation, LLC.

13.

The wheelchair that Defendants' employee and agent John Doe brought to her arrival gate to transport Plaintiff was owned by Defendant Delta Air Lines, Inc.

14.

The wheelchair that Defendants' employee and agent John Doe brought to her arrival gate to transport Plaintiff did not have any armrests.

15.

The wheelchair that Defendants' employee and agent John Doe brought to her arrival gate to transport Plaintiff was broken or otherwise not reasonably suited for transporting Plaintiff in the airport.

16.

Defendant Unifi Aviation, LLC operates in more than 200 airports, and represents to the public on its website that its services include but are not limited to: "leveraging the latest technologies and operational processes ensures safe and reliable experiences for airline passengers."

17.

Defendant Unifi Aviation, LLC represents to the public that it "is the largest ground handling & aviation services company in North America. Well-known and well-respected for our innovative and agile operations, we are an elite team of experts serving the airline industry."

18.

Plaintiff is a qualified individual with a disability as defined by 14 C.F.R. § 382.

19.

Defendants violated 14 CFR § 382 in their transportation of Plaintiff at Hartsfield Jackson International Airport.

20.

Defendant John Doe was in the course and scope of his employment with Defendant Unifi Aviation, LLC at the time of the incident at issue in this case.

21.

Defendant John Does was acting as an agent for Defendant Delta at the time of the incident at issue in this case.

22.

Defendant John Doe instructed Plaintiff to sit in Defendants' wheelchair on the jetway at Hartsfield Jackson International Airport without providing her any assistance.

23.

Plaintiff followed Defendant John Doe's instructions and sat in wheelchair without assistance, which, unknown to Plaintiff but known to Defendants, was broken or otherwise defective.

24.

At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing, and was completely free of any negligence in the incident at issue.

25.

Plaintiff was injured in the incident at issue in this case.

25.

The condition of Hartsfield Jackson International Airport itself, to include the subject jetway, did not cause or contribute to Plaintiff's fall or her injuries in this case.

26.

There were no defects or other imperfections in the airport itself, to include the subject jetway, that caused or contributed to Plaintiff's fall or her injuries in this case.

This 10th day of August, 2023.

Respectfully Submitted,

**LAW & MORAN**

/s/ Peter A. Law
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, N.W.
Atlanta, Georgia 30308
(404) 814-3700

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-05697-S5**

**8/10/2023 12:55 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CARMELA CAPOROSSI, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: _____ |
| v. | ) | |
| | ) | |
| UNIFI AVIATION, LLC, DELTA AIR | ) | |
| LINES, INC., and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANTS

TO:   EACH DEFENDANT, INSURER (NAMED OR UNINSURED MOTORIST), OR ANY
OTHER NAMED PARTY

Pursuant to O.C.G.A. § 9-11-26 *et seq.*, Plaintiff hereby requests that each Defendant and

any Insurer respond separately in writing and under oath, to the following interrogatories as

provided by law, with a copy of the responses being served upon the undersigned counsel of

record for the Plaintiff at Law & Moran, 563 Spring Street, N.W., Atlanta, Georgia 30308.

## DEFINITIONS AND INSTRUCTIONS

A. These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. §

9-11-26, *et seq.*, so as to require Defendant(s), any insurer, or their attorney(s) to serve

upon all parties supplemental answers if Defendant(s) or its attorney(s) obtain further

information between the time the answers are served and the time of trial.

B. "Document," whether singular or plural, means documents and other tangible things

defined in the broadest sense permitted by the Georgia Civil Practice Act and shall

include without limitation originals or, if such are not available, true copies, including

copies of documents, videotapes, electronic data, emails and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. If you claim privilege or withheld any information pursuant to any objection or privilege, please provide a privilege log or sufficient information to file a motion to compel.

## INTERROGATORIES

## DEFENSES, OWNERSHIP and INSURANCE

1.

Please identify the person(s) who owned, repaired, maintained, and/or was in control of the wheelchair or other equipment for the event at issue and the subject of Plaintiff's Complaint. Please also explain the relationship between Defendants at the time of the event at issue.

2.

Please state the factual basis for each defense or denial in your Answer, including but not limited to any assertions that this Court lacks jurisdiction or venue, that there has been an insufficiency of process and/or that there has been an insufficiency of service of process, and identify specifically each and every fact, statute, ordinance, regulation, rule, code or industry standard of any kind which you, your expert or other witness rely upon in support of any of your defenses in this lawsuit.

3.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff, or any other person or entity, did or failed to do which in any way contributed to the occurrence and/or Plaintiff's injuries. If you contend that Plaintiff or anyone else acted or failed to act in a manner as to cause or contribute to the occurrence made the basis

of this suit, please set forth each and every fact or act upon which your contention is based, including all United States statutes, state statutes, city ordinances, country ordinances, and all other governmental laws, rules or regulations which you contend any of these individuals violated with respect to the incident giving rise to this lawsuit.

4.

Please identify all potential parties, individuals, entities or other person that you contend are at fault for Plaintiff's injuries in this action and identify in detail any and all claims or facts that any other person or entity is responsible for any aspect of Plaintiffs' claims and damages.

5.

Please identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  Please state the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered versus the Defendants.  This request includes all primary and excess or umbrella policies.

## THE INCIDENT and FACTS

6.

Please describe how you claim the incident happened, giving all such events in detail and in the order in which they occurred, before, at the time of, and after the occurrence, which had any bearing on the cause or manner of the happening of this occurrence or event.

7.

Detail each and every arrangement or agreement between Defendants, or any other individual or entity under which you were performing services at the time of the subject incident, including whether Defendant John Doe was acting withi the course and scope of his employment

with Defendant Unifi Aviation, LLC at the time of the subject incident, and whether he was transporting Plaintiff with the permission and/or agency of Defendant Delta Air Lines, Inc. at the time of the subject incident.  If Defendant John Doe was working under the authority, direction, or control of a person or entity other than Defendants Unifi and/or Delta on the date and time of the subject incident, please identify the person or entity.

8.

Please identify all maintenance, repairs, and inspections performed on the wheelchair at issue from January 1, 2020 to January 30, 2023.  For each, please identify the person or entity who performed the repair or inspection, the date the repair or inspection was performed, and the repair performed and/or the results of the inspection.

9.

Please state all disciplinary actions, either verbal or written, received by Defendant John Doe, either before the subject incident and as a result of the subject incident.  Please state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

10.

Please provide the time Defendant John Doe's shift began on January 23, 2023, the time Defendant John Doe's shift ended on January 23, 2023, and whether he used the subject wheelchair to transport any passengers on January 23, 2023 other than Plaintiff, and if so, identify those passengers and state whether there were any issues in transporting them.

11.

Please state whether it is standard procedure to assist passengers in deplaning and sitting down in wheelchairs for transport.  If so, why was Plaintiff not provided assistance in deplaning and sitting in the subject wheelchair?

12.

Please state whether any of Defendants' wheelchairs at Hartsfield Jackson International Airport are equipped with arm rests, and if so, please state the number of wheelchairs that are equipped with arm rests and the number that do not have arm rests, and how it is determined which type of wheelchair will be used to use to transport each passenger.

## **WITNESSES and EXPERTS**

13.

Please identify all witnesses by name, address, telephone number, knowledge possessed, whether a statement was taken (oral, written, recorded, court or deposition), places of employment, and job description of all persons known to you, either from your own investigation or from any investigation made on your behalf, who has any knowledge regarding the facts or circumstances regarding the event at issue, history or relevant facts regarding the incident, how it happened or the events that caused it to happen.

14.

State the substance of each conversation or any communication (whether oral, written, or electronic) you had with Plaintiff, or any of Plaintiff's family members, or any other passenger or witness following the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiff, her agents, or any of her family members.

15.

Please identify any information you claim you or your agents, attorneys, servants, or employees have indicating whether any witness (to include Plaintiff and Defendant John Doe) has been convicted or plead guilty to a crime.

16.

Please state the names and addresses of all experts whom you expect to call or may call as an expert witness, and please state or provide:

a) A complete and full Rule 26 disclosure;

b) The specific subject matter on which you expect such expert to testify;

c) the substance of the facts, opinions and conclusions which you expect such expert to testify;

d) the grounds for each such opinion or conclusion;

e) whether any such persons have prepared or provided you with a written or recorded statement, or report concerning their investigation or study, or the facts found by them, or the conclusions or opinions arrived at by them or the grounds of their opinions or conclusions. If so, state the date of each such report or statement, and the names and addresses of all persons who have a copy of such report or statement.

f) The expert's qualifications (a resume or CV will suffice); the name, business telephone number and business address, of each person you retained or specially employed in the anticipation of litigation or preparation for trial whom you do not expect to call as a witness at the trial of the case;

g) whether the expert has ever been limited in his ability to testify or ever been denied qualifications under a Daubert standard.

17.

Have you surveilled or attempted to surveil the Plaintiff, any witnesses, or anyone involved or related to the incident at issue? If so, please identify the agents, officers, managers, employees, vendors, contractors, or anyone acting on your behalf who was involved in this surveillance or attempted surveillance; please include the date(s) of the surveillance, the method(s) used to surveil, the location(s) from which you surveilled, the names of those involved in each occurrence of surveillance, and the names of those who initiated the surveillance. Please also identify any documents, recordings, reports, or other tangible items resulting from the surveillance, the recipients and authors of the same, as well as your purpose or intent in initiating surveillance. You may produce the documents in lieu of providing an identification. If you refuse to produce the documents or e-mails, then please provide a privilege log identifying all such documents, recordings, reports, or other tangible items sufficient for the parties to file a motion to compel or request an in-camera inspection, if needed.

## IDENTIFY DOCUMENTS

18.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any documents, logs, incident reports, investigative materials, memoranda, photographs, videos, charts, e-mails, electronic data, communications, correspondence, graphs, any other tangible items of any type, or other descriptions concerning the events and happenings alleged in the Complaint, scene of the incident, the area, or persons involved, as to each such item, please identify such document(s) and state what each such item purports to show, illustrate or represent, the date it was made or taken and by whom, and the name and address of the person having custody of such item. You may produce the documents in lieu of providing a description but if you withhold any

document pursuant to any objection or privilege, please provide a privilege log or sufficient information to file a motion to compel.

19.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item.  (NOTE:  You need not describe any document that was produced <u>and</u> specifically listed as having been produced in your responses to Plaintiff's First Request for Production of Documents.)

20.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the Plaintiff's claims, any relevant fact, liability or damages, and any defenses in this case.

21.

Please gather, investigate, and identify all emails relating to or referencing, or in any way that are relevant to any of the facts, people, witnesses, liability, damages, or other matters in any way related to or pertaining to the incident at issue in this case.  Please include the date, recipients, and authors, along with an identification and description of the email. You may produce the documents in lieu of providing a description. **(This request includes what is commonly called "e-discovery.")** If you refuse to produce the emails, then please provide a privilege log identifying all such emails sufficient for the parties to file a motion to compel or request an *in camera* inspection, if needed.  Further, please state whether inquiry was made to all

of the corporate or individual parties as to whether any emails were generated regarding the above-referenced matter.

## PRIOR INCIDENTS and LAWSUITS

22.

Please identify with specificity all prior injuries, incidents, claims, complaints, or lawsuits for the five (5) years preceding the incident at issue made against you involving personal injury or death as a result of wheelchair transport, either <u>before</u> or <u>after</u> the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties and their attorneys involved in said incident; the address of all investigating people or departments, the personal injuries and property damage, if any, claimed in such incident and a short description of how the incident occurred.

23.

If Defendant John Doe has ever been arrested for, pled guilty to, pled *nolo contendere* to, or have been found guilty of any crime, please state the nature of said crime, the date, county, and state in which Defendant John Doe was tried and entered his plea, and the sentence given to Defendant John Doe.

## POLICY, PROCEDURES, RULES

24.

Please identify all policies and procedures the govern the transportation of passengers by wheelchair for Defendants at any location.

25.

Please identify all training provided to Defendant John Doe or any other agent or employee in the safe transport of wheelchair passengers, to include all certifications, licenses, or training relevant to their employment with you.

26.

If Defendant John Doe was required to undergo testing for drugs or alcohol at any time prior to or as a result of the subject incident, please state the results of such testing, the name and address of the facility where such testing was performed, and the reason for the testing.

27.

Please identify the policies, procedures, and/or records, if any, regarding the maximum number of hours an employee may work in a twenty-four (24) hour period, including any policies regarding required break times. In answering this interrogatory, please identify the policies, procedures, and/or records in place to track the number of hours worked by your employees, including Defendant John Doe, and state the shifts and hours Defendant John Doe worked in the eight (8) days leading up to the date of the incident.

**DEFENDANT JOHN DOE**

28.

Please state the full name of Defendant John Doe, and any other name(s), nickname(s), "handle(s)," or aliases, if any, which he has used or by which he has ever been known, every address where Defendant John Doe has lived for the past ten (10) years, including the dates of residency, the date and place of his birth, Defendant John Doe's Social Security Number, and his driver's license number and the state of issuance.

29.

List all of Defendant John Doe's employment for the past ten (10) years, giving the name and address of each employer, the period of each employment, and the general nature of the job.

30.

Please identify all of Defendant John Doe's social media accounts, including, but not limited to, Facebook, Instagram, Snapchat, YouTube, Twitter, LinkedIn, and/or Pinterest, which were active at the time of the subject incident and whether those social media accounts are still active and if Defendant John Doe has deleted any material from those accounts since the incident at issue.

## MISCELLANEOUS

31.

Please identify who Defendant John Doe's supervisors were during the entire time he performed work for you, including who hired and trained Defendant John Doe.

This 10th day of August, 2023.

Respectfully submitted,

**LAW & MORAN**

/s/ Peter A. Law
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
Attorneys for Plaintiffs

**LAW & MORAN**
563 Spring Street, N.W.
Atlanta, Georgia 30308
(404) 814-3700

11

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-05697-S5**
**8/10/2023 12:55 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

CARMELA CAPOROSSI,                    )
                                      )
        Plaintiff,                    )
                                      )        CIVIL ACTION FILE
v.                                    )        NO.: _____23-C-05697-S5
                                      )
UNIFI AVIATION, LLC, DELTA AIR        )
LINES, INC., and JOHN DOE,            )
                                      )
        Defendants.                   )

## PLAINTIFF'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO:   EACH DEFENDANT, INSURER (NAMED OR UNINSURED MOTORIST), OR ANY
      OTHER NAMED PARTY

      Pursuant to O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-13-27, *et seq.*, Plaintiff

hereby requests that each Defendant and Any Insurer respond separately, in writing and under

oath to the following request for production of documents within forty-five (45) days from the

date of service as provided by law, with a copy of the responses being served upon the

undersigned counsel of record for the Plaintiff at Law & Moran, 563 Spring Street, N.W.,

Atlanta, Georgia 30308.

## DEFINITIONS AND INSTRUCTIONS

      A.  This request for production of documents and notice to produce shall be

deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-

13-27, *et seq.*, so as to require each Defendant and Any Insurer to serve or produce upon all

parties supplemental answers or documents if Defendant, any Insurer or their attorneys obtain

further information between the time the answers are served and the time of trial.  Plaintiff also

requests that each Defendant and Any Insurer produce the originals of each document at trial and

1

any deposition of Defendant or its agents or employees.  Plaintiff invites defense counsel to contact counsel and arrange a meeting to mutually exchange non-privileged evidence at any time throughout the case and as more information becomes available.

B.  "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C.  "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.  If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E.  If you object to part of a request, <u>please identify any documents withheld</u>. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.  If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

## **REQUEST FOR PRODUCTION**

Each Defendant and Any Insurer is requested to produce and identify each of the following:

1.

All accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit including, but not limited, to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, damaged parts of any wheelchair or equipment, or any other relevant event or thing which is the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral, or otherwise, in your control or obtained on your behalf.

3.

All documents evidencing, reflecting, relating to, or constituting any communication between any Defendant and Plaintiff, or any third person or entity relating to the incident or matters involved in this lawsuit, including, without limitation, all correspondence, letters, notes, tapes, memoranda, and any other evidence of communications that in any way relates to this incident.

4.

The original or a certified true and accurate copy of the declaration page or coverage page, and all applicable insurance policies, that may provide coverage or benefits to Defendants in connection with this occurrence.  (This request seeks each and every policy, including excess or umbrella, that may provide coverage in any amount.)

5.

Copies of any and all documents and transcripts from any investigation, hearing, or any judicial or quasi-judicial hearing or investigation relating to the incident giving rise to this Complaint. This request includes both internal and third party investigations.

6.

Copies of the entire file, bills, all reports, memoranda, or notes from any expert who has investigated any aspect or element of the subject incident or who you intend to call as a witness.

7.

Each document created, received, or submitted by you, or received or submitted from law enforcement, Department of Transportation, City of Atlanta, or any other State, Federal, or municipal entity regarding any charges, citations, or investigation into this incident or Defendant John Doe.

8.

Any and all records of any kind that in any way pertain to Defendant John Doe, including but not limited to, his personnel file, drug or alcohol tests, incident reports for this incident and any other incidents involving Defendant John Doe, his medical history, drug tests, schedule for the day of the subject incident and the 8 days prior, or documents regarding the operation of Defendants' equipment, or his employment with Defendants.

9.

Any and all documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of Plaintiff's claims in this action or Defendants' defenses.

10.

Copies of all company policies and procedures pertaining to the operation of your business, pushing passengers in wheelchairs, assisting passengers in deplaning, assisting passengers in sitting in wheelchairs, and any policies and procedures that in any way apply to, cover, or govern Defendant John Doe's hiring, training, retention, or employment generally.

11.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from any claims of negligent transport in wheelchairs involving Defendants prior to January 23, 2023.

12.

All documents that you receive in response to your Open Records Requests, Subpoenas, and Requests for Production of Documents to nonparties.

13.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery or supporting or relating to Plaintiff's or Defendants' contentions of negligence, lack of jurisdiction over any Defendant, that there has been an insufficiency of service and/or process of service, including all books, documents and/or other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which you base the allegations in the Answer or issues of liability.

14.

Copies of any and all of Defendants' reports, interoffice memoranda, emails, or other documents relating to matters which are the subject of this Complaint, Defendant John Doe, Plaintiff, or the incident at issue.

5

15.

Any report, correspondence, memorandum, or document prepared by any physician or other expert hired by you or your representatives to review and/or evaluate Plaintiff's injuries and/or damages.

16.

Please produce any and all call logs, messages, letters, memoranda, or other documents detailing any calls or complaints you have received from any person or entity regarding Defendant John Doe.

17.

Please gather, investigate, identify and produce all documents and <u>emails</u> relating to or referencing, or in any way that are relevant to any of the facts, people, witnesses, liability, damages, or other matters in any way related to or pertaining to the incident at issue in this case, including but not limited to all emails relating to, referencing or in any way that are relevant to the incident at issue, Defendant John Doe's employment, training, job performance and/or reprimands. Please include the date, recipients, and authors, along with an identification and description of the email. **(This request is meant to include what is commonly referred to as "e-discovery.")** If you refuse to produce the emails, then please provide a privilege log identifying all such emails sufficient for the parties to file a motion to compel or request an in camera inspection, if needed. Further, please state whether inquiry was made to all of the corporate or individual parties as to whether any emails were generated regarding the above-referenced matter.

18.

A copy of any contract between Defendants that was in force on the date of the incident.

19.

A copy of Defendant John Doe's schedule for the time period January 10, 2023 through January 23, 2023.

20.

All maintenance, repair, and inspection records, invoices, receipts, bills, or other documents that reference the subject wheelchair from January 1, 2020 through January 30, 2023.

21.

Any document or thing that in anyway relates or refers to Plaintiff's physical, mental, and/or emotional condition at any point during or following the incident at issue in Plaintiffs' complaint.

You are hereby requested to comply with said Georgia Rules of Civil Procedure by producing and permitting Plaintiff's attorneys to inspect and copy the documents requested. In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to LAW & MORAN, 563 Spring St., NW, Atlanta, Georgia 30308.

This 10th day of August, 2023.

Respectfully submitted,

**LAW & MORAN**

/s/ Peter A. Law
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, N.W.
Atlanta, Georgia 30308
(404) 814-3700