# EXHIBIT B
## Surety's 4.3 Election

 

PLAINTIFF'S EXHIBIT
**B**

5 Park Center Court, Suite 300
Owings Mills, Maryland 21117

www.iatinsurance.com
Kyle P. Murphy*
Assistant Vice President, Claims Counsel
kyle.murphy@iatinsurance.com
*Admitted in MD only

**VIA E-MAIL & FEDEX**

Rhon P. Redwine
Young Contracting/SE, Inc.
8215 Roswell Road, Building 400
Atlanta, GA 30340

RE:   Obligee:       Young Contracting/SE, Inc. ("Young")
       Principal:      Fritz Contractors ("Fritz)
       Surety:        Harco National Insurance Company ("Harco")
       Project:       Ashwood Perimeter Marketplace
       Subcontract:  Young Subcontract Agreement 3403-50102
       Bond No:     GRHNSU 0772230

Dear Mr. Redwine,

      On February 4, 2021, Young declared Fritz in default of the above referenced subcontract and made a demand on Harco under the performance bond. Since that date additional notices of default have been submitted to the surety by Young.

      Upon receipt of the initial notice of default, Harco initiated an investigation into the claim and hired Nicholson Professional Consulting, Inc. as surety consultant. Harco visited the site on multiple occasions, analyzed soil reports requested by the parties, reviewed documents and other material supplied by Young and Fritz and taken other steps to evaluate the claim and options available under the performance bond.

      Fritz contests the default. They allege that the owner supplied stockpile is unsuitable and that the soil stabilization required of the stockpile was not contemplated by the subcontract. Young has responded to those allegations, pointing to the drying efforts undertaken by Fritz prior to the default, and by also supporting the additional allegations of default raised against Fritz.

      Young has supplied a proposal provided by Cummins Enterprises, Inc. dated February 18, 2021 to complete the remaining scope of the subcontract. Young has made it clear that it is using Cummins to supplement Fritz and will complete with Cummins unless the surety elects to perform the remainder of the subcontract pursuant to Section 4.1 or 4.2 of the performance bond.

On numerous occasions Harco has requested additional information related to the Cummins' proposal, including: (1) Cummins' original bid, (2) a breakout of the estimates for the remedial work to be completed by Cummins, (3) Cummins' revisit of the storm sewer costs, and (4) additional information related to how onsite material, previously supplied by Fritz Contractors, was treated by Cummins in its proposal. Young has not yet provided this information.

Notwithstanding Young's failure to provide the requested information, based on the information available to date, Harco has elected to perform pursuant to Section 4.3 of the performance bond, which states as follows:

> **4.3 PAY OBLIGEE.** Determine the amount for which it is liable to the Obligee and pay the Obligee that amount as soon as practicable.

The amount Harco is liable to pay under this provision is the amount incurred by Young in excess of the contract funds remaining to complete the bonded subcontract. Harco is not liable for any excess amounts incurred by Young for which Fritz is not responsible under its subcontract agreement.

At the time of the default, the subcontract balance was $2,532,028.65. Harco has not received any information from Young to show that it has incurred costs, as of this date, of more than the subcontract balance. However, Harco has determined that the cost to perform the bonded subcontract will be $2,927,370.54.

Harco is tendering a check under separate cover in the amount of $395,341.89, which represents the amount that Harco has determined it is liable for under Section 4.3 of the performance bond based on the information received and known to date. Harco remains liable under the payment bond, and Harco will resolve all valid payment bond claims for work performed under the Fritz subcontract prior to the default.

Harco reserves and does not waive any rights and defenses under the performance bond for any claim made by Young in excess of the amount tendered.

Sincerely,
Harco National Insurance Company

By: _____
Kyle P. Murphy

CC:   Brad Parrott (via email only)
      Jason Fritz (via email only)
      Shane O'Connor (via email only)
      John V. Burch (via email only)
      David A. Harris (via email only)