# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EVERLAST ROOFING, INC., <br><br> Plaintiff, <br><br> v. <br><br> EVERLAST CONSTRUCTION GROUP, LLC, and EVERLAST ROOFING AND RESTORATION, LLC, <br><br> Defendants. | Civil Action No. <br> _____ |

## COMPLAINT

NOW COMES Everlast Roofing, Inc. ("Everlast Roofing") and complains against Everlast Construction Group, LLC ("ECG") and Everlast Roofing and Restoration, LLC ("ERR," and with ECG, "Defendants"), for trademark infringement and other wrongs for the reasons that follow.

## INTRODUCTION

Everlast Roofing files this lawsuit to comply with its duty to protect its valid and subsisting trademark rights in the EVERLAST ROOFING brand that it has built for over 25 years. Federal trademark laws require that Everlast Roofing affirmatively police the use of trademarks likely to be confused with its own, lest it lose its rights. Where the Defendants here operate under names that range from very

PPAB 9905374v1

similar (in the case of ECG) to nearly identical (in the case of ERR) to Everlast Roofing's name and provide roofing installation and other construction services, Everlast Roofing has no choice but to act.

Everlast Roofing is a manufacturing, wholesale, and retail roofing business. Since 1997, Everlast Roofing has sold high-value, high-quality metal roofing and building materials to customers across the United States under the "EVERLAST" name. The Defendants are owned by Eric Antebi ("Mr. Antebi") and are affiliated with one another through similar branding, including by prominently featuring the word "EVERLAST" in their names and logos.

Everlast Roofing first contacted ECG and Mr. Antebi regarding their use of marks confusingly similar to Everlast Roofing's marks in 2014. ECG and Mr. Antebi agreed that ECG would add a disclaimer to its website making clear that its services were distinct from those of Everlast Roofing, and that the two companies were not affiliated with one another. Sometime between 2016 and 2023, without notice to Everlast, ECG removed the disclaimer from its website and Mr. Antebi started ERR—a company that both uses the term "EVERLAST" in conjunction with "ROOFING" and, unlike ECG, focuses exclusively on roofing. Everlast Roofing's recent repeated requests that Defendants cease and desist their conduct were to no avail.

As set forth more fully herein, Defendants' infringing conduct is willful and creates a likelihood of confusion in the marketplace. In addition, Defendants' conduct constitutes deceptive trade practices within the meaning of the Georgia Uniform Deceptive Trade Practices Act Ga. Code Ann. § 10-1-370 *et seq*. Where Defendants refuse to correct the unlawful conduct, Everlast Roofing files the instant lawsuit seeking injunctive relief and monetary damages.

## **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Everlast Roofing, Inc. is a Pennsylvania corporation with a principal place of business at 10 Enterprise Court, Lebanon, Pennsylvania 17042.

2. Defendant Everlast Construction Group, LLC is a Georgia corporation with a principal place of business at 1355 Union Hill Industrial Ct., Alpharetta, GA, 30004.

3. Defendant Everlast Roofing and Restoration, LLC, is a Georgia corporation with a principal place of business at 1355 Union Hill Industrial Ct., Alpharetta, GA 30004.

4. This Court has subject matter jurisdiction over Everlast Roofing's federal trademark claim under 28 U.S.C. § 1331. The Court also has subject matter jurisdiction over Everlast Roofing's state law claim under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Everlast Construction Group, LLC and Everlast Roofing and Restoration, LLC because their principal places of business are in Alpharetta, Fulton County, Georgia.

6. Venue is appropriate under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Everlast Roofing, Inc.'s claims occurred within this judicial district. Further, Everlast Construction Group, LLC and Everlast Roofing and Restoration, LLC are corporations with principal places of business within this judicial district.

## FACTS

### Everlast Roofing's Trademark and Branding

7. Everlast Roofing's current logo includes the corporation's name in green block lettering:

**Everlast Roofing, Inc.**

8. In order to protect its intellectual property rights, Everlast Roofing obtained the following registrations from the U.S. Patent and Trademark Office:

| Reg. Date | Reg. No. / Serial No. | Mark | Class | Type |
|---|---|---|---|---|
| 01/17/2006 | 3,046,168/ 78-550,917 | EVERLAST | IC 6 | Trademark on Principal Register |
| 08/02/2005 | 2,980,967/ 78-372,754 | EVERLAST II | IC 6 | Trademark on Principal Register |
| 03/07/2006 | 3,065,577/ 78-550,925 | EVERLAST ROOFING, INC. | IC 6 | Trademark on Principal Register |

9. Accordingly, Everlast Roofing has valid, subsisting rights to EVERLAST, EVERLAST II, and EVERLAST ROOFING, INC. ("the Everlast Marks") within International Class 6 for metal materials in building and construction. *See* **Exhibit A**, U.S. Patent and Trademark Office Certificates of Registration.

10. Where the Everlast Marks were registered in 2005 and 2006, they are incontestable pursuant to 15 U.S.C. § 1115(b), meaning that registration of these marks serves as conclusive evidence of the validity of the registration, the registrant's ownership, and the registrant's exclusive right to use the marks in commerce.

11. Everlast Roofing has been using the "Everlast" and "Everlast Roofing, Inc." marks as trademarks in interstate commerce and in connection with roofing products since March 1997, or earlier.

### Everlast Roofing's Products and Reputation

12. Everlast Roofing is a manufacturing, wholesale, and retail roofing business with office locations in Pennsylvania, Indiana, Ohio, and Maine.

13. The roofing and siding materials sold in connection with the Everlast Marks are made with high value and high-quality metal building components. Everlast Roofing's wide range of roofing and siding materials are sold and used in residential, post frame, commercial, and agricultural settings.

14. Everlast Roofing has received numerous nationwide accolades for its products. By way of recent example, Everlast Roofing received the Rural Builder Gold Key of Excellence award in 2020, 2021, 2022, and 2023 from Rural Builder Magazine. Everlast Roofing has won this award 21 times since 2003 for excellence in product quality and service.

15. Everlast Roofing fosters a strong community presence by contributing to and facilitating employee support of the Wounded Warrior Project, local food pantries, and Toys for Tots.

16. Consistent with Everlast Roofing's national reputation, it sells roofing and siding materials to customers across the United States.

### **Defendants' Services and Infringing Conduct**

17. ECG is a residential and commercial general building contractor that provides general contracting services to customers based out of its northern Georgia location. ECG was registered with the Georgia Secretary of State on May 31, 2007. A copy of ECG's 2023 Annual Registration is attached hereto as **Exhibit B**.

18. ERR is a residential and commercial roofing business that provides roofing repair, replacements, and maintenance based out of the same northern Georgia location as ECG. ERR was registered with the Georgia Secretary of State on March 13, 2023. A copy of ERR's Certificate of Organization is attached hereto as **Exhibit C**.

19. The Defendants are affiliated with one another and owned by Mr. Antebi.

20. The Defendants share branding and, to an extent, corporate identities.

21. For example: Although ECG and ERR have separate websites (www.everlastllc.com and www.roofsbyeverlast.com, respectively), each site's "About" page describes its corresponding business as existing since 2007. *See* **Exhibit D** ECG About Page; *see also* **Exhibit E** ERR About Page.

22. Further, Defendants' marks are very similar:



*ECG Mark*



*ERR Mark*

23. Like their websites, Defendants' marks describe each entity as being established in 2007, even though ERR is less than a year old.

24. Defendants chose to use these marks even though Everlast Roofing holds valid, subsisting trademark registrations based on use in commerce since 1997 in International Class 6 for metal construction materials for the Everlast Marks.

25. Defendants' marks create a likelihood of confusion with the Everlast Marks. This is especially true regarding ERR's use of "Everlast Roofing and Restoration" as its trade name, given that, as in Everlast Roofing's EVERLAST ROOFING, INC. mark, the words EVERLAST and ROOFING are used in succession and make up two of the primary words used in the mark.

26. The causes of the likelihood of confusion include but are not limited to: the similarity of the Everlast Marks and Defendants' marks in their entireties as to appearance, sound, connotation, and commercial impression; the similarity of goods offered by Everlast Roofing and Defendants; the similarity of trade channels used by Everlast Roofing and Defendants; and at least one instance of actual confusion between the parties' businesses.

27. Everlast Roofing's federal registrations of the Everlast Marks put Defendants on constructive notice of Everlast Roofing's rights.

28. In 2014, ECG received actual notice of Everlast Roofing's subsisting trademark registrations and rights when Everlast Roofing communicated with ECG regarding its use of a mark confusingly similar to the Everlast Marks.

29. ECG was informed of Everlast Roofing's concerns that their use of a mark that includes the word "EVERLAST" to offer similar services would cause confusion in the marketplace.

30. In October of 2015, ECG agreed to incorporate a disclaimer on its website indicating that ECG did not provide, install, or repair metal roofing, nor was it affiliated with Everlast Roofing (the "Disclaimer"). ECG further agreed to de-emphasize its roofing services when reconstructing the ECG website. *See* **Exhibit F** Emails between J. Keenan and L. Van Gelderen at 1 – 2.

31. In or around May of 2023, Everlast Roofing discovered that: (i) ECG no longer included the Disclaimer on its website; (ii) without notice to Everlast Roofing, Mr. Antebi had formed a new company, ERR, which offers services even more closely resembling those offered by Everlast Roofing; and (iii) there was an instance of actual confusion in the marketplace when a job listing for ERR populated on Everlast Roofing's Indeed job page. *See* **Exhibit G** Indeed Posting.

32. Through these actions, Mr. Antebi and his companies not only ignored their obligations under the prior agreement, but also moved their branding and services *closer* to those of Everlast Roofing.

33. Everlast Roofing promptly contacted ECG and Mr. Antebi through counsel to demand that they reincorporate the Disclaimer on the ECG website; cease and desist use and/or development of the ERR entity; and cease and desist use of the website associated with ERR. *See* **Exhibit H** Letters between N. Sackman and Counsel for Defendants at 1 – 2.

34. Defendants responded through counsel and, across multiple letters, refused to cease operating ERR. *See id.* at 3, 10 – 12.

35. Defendants continue to infringe on the Everlast Marks by using marks that are confusingly similar to those of Everlast Roofing.

### **COUNT I: Trademark Infringement (15 U.S.C. §§ 1114 and 1125)**

36. Everlast Roofing incorporates all paragraphs above and below.

37. Where Everlast Roofing has been using its marks since 1997, it has priority over Defendants.

38. Where Everlast Roofing has federally registered trademarks for EVERLAST, EVERLAST II, and EVERLAST ROOFING, INC., it has superior rights in its marks to those of Defendants.

39. Defendants use marks that are confusingly similar to the Everlast Marks, without Everlast Roofing's consent and in the face of cease-and-desist demands.

40. Defendants continue to infringe on Everlast Roofing's mark despite receiving actual notice of Everlast Roofing's ownership of the Everlast Marks.

41. Consequently, Defendants' infringement is willful.

42. By using marks that are confusingly similar to the Everlast Marks in connection with the advertising and sale of roofing services, Defendants cause a

likelihood of confusion in the minds of the public as to the connection between the goods and services of Everlast Roofing and those offered by Defendants.

43. In fact, Everlast Roofing is aware of at least one instance of actual confusion between Everlast Roofing's business and that of the Defendants.

44. Defendants' unauthorized and willful use of marks confusingly similar to the Everlast Marks constitutes an infringement of the rights of Everlast Roofing in and to the use of its federally registered marks, as well as Everlast Roofing's common law rights, with consequent damages to Everlast Roofing and the business and good will associated with and symbolized by the Everlast Marks, and specifically gives rise to this action under 15 U.S.C. §§ 1114 and 1125.

45. Everlast Roofing is irreparably harmed by Defendants' infringement, and the injury is ongoing.

46. Defendants' infringement is "exceptional" within the meaning and scope of 15 U.S.C. § 1117 such that attorneys' fees should be awarded to Everlast Roofing. Defendants are infringing on the Everlast Marks. Several years ago, ECG received actual notice of the Everlast Marks. Despite this actual notice, and despite ECG entering into an agreement with Everlast Roofing, Defendants continue to infringe—and, in the case of ERR, infringe even further—upon the Everlast Marks. Defendants have refused to cease and desist even after being confronted with

Everlast Roofing's federal registrations, thereby engaging in willful and/or deliberate infringement and displaying the utmost bad faith.

47. Everlast Roofing is therefore entitled to injunctive relief against Defendants to restrain further acts of infringement before and after trial, to recover any damages, including statutory damages under 15 U.S.C. § 1117, caused by Defendants' aforesaid acts, damages for corrective advertising, and enhanced damages based on Defendants' willful, intentional, and/or grossly negligent acts.

### COUNT II: Violation of Georgia Uniform Deceptive Trade Practices Act ("GUDTPA") O.C.G.A. § 10-1-370 *et seq.*

48. Everlast Roofing incorporates all paragraphs above and below.

49. Defendants engage in trade and commerce within the State of Georgia.

50. Defendants, as corporations, are each a "person" within the meaning of the GUDTPA. O.C.G.A. § 10-1-371(5).

51. Under the GUDTPA, a person engages in deceptive trade practices when they pass off goods or services as those of another; cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of their goods or services; cause a likelihood of confusion or misunderstanding as to affiliation, connection, or association with or certification by another; or otherwise engage in conduct that creates a likelihood of confusion or of misunderstanding. O.C.G.A. § 10-1-372(a)(1-3, 12).

52.     Defendants' use of marks confusingly similar to the Everlast Marks constitutes deceptive trade practices within the meaning of O.C.G.A. § 10-1-370 *et seq*.

53.     Defendants continue to infringe on Everlast Roofing's marks despite receiving actual notice of Everlast Roofing's ownership of the Everlast Marks.

54.     Defendants continue to infringe on the Everlast Marks despite Everlast Roofing's demand to cease and desist the infringement.

55.     Consequently, Defendants' infringement is with knowing and willful disregard for Everlast Roofing's rights.

56.     Everlast Roofing is therefore entitled to injunctive relief against Defendants to restrain further acts of infringement before and after trial, and to recover costs and attorneys' fees associated with this action, to the extent permitted by law. O.C.G.A. § 10-1-373.

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury on all counts so triable pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Everlast Roofing respectfully requests that this Court:

A. Enter an injunction that prohibits Defendants from making any use whatsoever of the Everlast Marks;

B. Order Defendants to provide an accounting of all monies received as a result of their improper conduct and direct a disgorgement of profits;

C. Award Everlast Roofing a to-be-determined sum for corrective advertising;

D. Award Everlast Roofing actual damages in the form of lost profits;

E. Award Everlast Roofing injunctive relief, costs, and attorneys' fees pursuant to O.C.G.A. § 10-1-370 *et seq.*;

F. Award Everlast Roofing pre- and post-judgment interest;

G. Award Everlast Roofing reasonable attorneys' fees and costs; and

H. Grant such other relief as may be just and proper.

Dated:  September 13, 2023            Respectfully submitted,

*/s/ A. Todd Sprinkle*
A. Todd Sprinkle
Georgia State Bar No. 832602
PARKER POE ADAMS & BERNSTEIN LLP
1075 Peachtree Street NE, Suite 1500
Atlanta, GA  30309
Tel:   (678) 690-5702
Fax:   (404) 869-6972
toddsprinkle@parkerpoe.com
*Attorney for Plaintiff Everlast Roofing, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rules 5.1 (c) and 7.1 (d).

This 13th day of September, 2023.

                                          /s/ A. Todd Sprinkle
                                          A. Todd Sprinkle

PPAB 9905374v1