# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **CURTIO MALIK FREDERICKS,**<br><br>**Plaintiff,**<br>v.<br><br>**THE UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF JUSTICE, THE UNITED STATES POSTAL SERVICE, and DAVE ANTHONY PETERS,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO:** |

## **PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Curtio Malik Fredericks, Plaintiff in the above-styled action, and states his complaint for damages against Defendants the United States of America, The United States Department of Justice, The United States Postal Service, and Dave Anthony Peters as follows:

1.

The Plaintiff Curtio Malik Fredericks is a resident of the State of Georgia.

2.

This is an action against The United States of America ("United States"), The Department of Justice ("DOJ"), The United States Postal Service ("USPS"), and Dave Anthony Peters, for personal injuries brought pursuant to 28 U.S.C. § 2675, 39 U.S.C. § 409(c), 39 U.S.C. § 2603, and 38 C.F.R. 912 et seq.

3.

The Plaintiff's claim against the United States are based on the negligent acts and omissions of Dave Anthony Peters, an employee of the United States, DOJ, and/or USPS, who was acting within the course and scope of his employment with the United States at the time of the events described herein under such circumstances that the United States, if a private person, would be liable and vicariously liable to the Plaintiff in accordance with the laws of the State of Georgia, the place where the negligent acts and omissions occurred.

4.

The United States District Court for the Northern District of Georgia, Atlanta Division, has subject matter jurisdiction in this case under 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b)(1), in that the claims alleged herein arise under the Federal Tort Claim Act and involve federal questions, and thus these questions are addressed to the exclusive jurisdiction of the United States District Courts.

5.

Venue as the United States of America is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1402(b), because all acts, omissions, and acts of negligence alleged herein occurred in Henry County, Georgia, within the Northern District of Georgia, Atlanta Division.

6.

Venue as to the DOJ is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391 because all acts, omissions, and acts of negligence alleged herein occurred in Henry County, Georgia, within the Northern District of Georgia, Atlanta Division.

7.

Venue as to the USPS is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391 because all acts, omissions, and acts of negligence alleged herein occurred in Henry County, Georgia, within the Northern District of Georgia, Atlanta Division.

8.

Defendant Dave Anthony Peters is a citizen and resident of the State of Georgia, whose last known residence is 255 Lakeside Point, Covington, Georgia 30016. Defendant Dave Anthony Peters is subject to the jurisdiction of this Court and may be served by issuing Summons and a second original of this Complaint to him at his address of: 255 Lakeside Point, Covington, Georgia 30016.

9.

Pursuant to FRCP 4(i), service of process upon the United States of America may be perfected by delivering a copy of the Summons and Complaint to the United States Attorney for the Northern District of Georgia, or by sending a copy of the Summons and Complaint by registered or certified mail addressed to the Civil Process Clerk at the office of the United States Attorney; and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

10.

Pursuant to FRCP 4(i)(2), service of process upon the Defendant Dave Anthony Peters, a Untied States employee, sued in his official capacity, may be

perfected by delivering a copy of the Summons and Complaint by registered or certified mail to Defendant Dave Anthony Peters.

11.

Pursuant to FRCP 4(i)(2), service of process upon the DOJ, a United States agency, may be perfected by delivering a copy of the Summons and Complaint to the agency, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires.

12.

On July 21, 2022, Plaintiff Curtio Malik Fredericks was stopped for the red traffic signal on Highway 42 North at Campground Road in Henry County, State of Georgia.

13.

At or about that same time, Defendant Dave Anthony Peters was traveling on Highway 42 North at Campground Road behind Plaintiff's vehicle in Henry County, State of Georgia, driving a USPS vehicle, which was owned, controlled, or leased by Defendant USPS, when he failed to maintain a proper distance from Plaintiff's vehicle, crashed into the back of Plaintiff, causing a collision.

14.

Defendant Dave Anthony Peters was negligent in operating the vehicle owned by Defendant United States Postal Service.

15.

The Plaintiff's claim against the United States are based on the negligent acts and omissions of Defendant Dave Amthony Peters, who was acting within the course and scope of his employment with the United States and the United States Postal Service, a federal agency within the Department of Justice, at the time of the events described herein under such circumstances that the United States, if a private person, would be liable and vicariously liable to the Plaintiff in accordance with the laws of the State of Georgia, the place where the negligent acts and omissions occurred.

16.

Defendant Dave Anthony Peters' negligence included, but is not limited to, one or more of the following:

a. In failing to make reasonable and proper observations while operating the mail truck or, if reasonable and proper observations were made, failing to act thereon;

b. In operating the vehicle without due caution and circumspection

and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241, namely the Plaintiff herein;

c. In following too closely in violation of O.C.G.A. § 40-6-49;

d. In failing to make timely and proper application of brakes in violation of O.C.G.A. § 40-6-241;

e. In operating the vehicle in reckless disregard for the safety of persons and/orproperty in violation of O.C.G.A. § 40-6-390; and,

f. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

17.

Defendant Dave Anthony Peters was and is negligent per se for his actions as described above.

18.

Defendant Dave Anthony Peters failed to operate the vehicle owned by Defendant USPS with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including especially the Plaintiff herein.

19.

Defendants' actions constituted negligence in operating the vehicle contrary to the reasonable and safe conditions and circumstances then existing.

20.

At all relevant times, Defendant Dave Anthony Peters was acting at the direction an under the control of Defendants the United States, DOJ, and USPS. Further Defendant Dustin Caughman was operating the 1993 Grumman-Olsen USPS vehicle in the course and scope of his employment with Defendant USPS with its permission.

21.

Defendants the United States, DOJ, and USPS are liable for the actions and omissions of Defendant Dave Anthony Peters through respondent superior because, at all relevant times, Defendant Dave Anthony Peters was acting within the scope of his employment and/or agency.

22.

Defendant USPS negligently hired, supervised, trained, and retained Defendant Dave Anthony Peters and negligently entrusted motor vehicle operation responsibilities to Defendant Dave Anthony Peters. Defendant USPS negligently failed to implement and utilize proper procedures to evaluate Defendant Dave Anthony Peter's skills and expertise for the operation of said motor vehicle.

23.

Defendants the United States, DOJ, and USPS had knowledge of, or in the exercise of reasonable care, should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by its actions, Defendants the United States, DOJ, and USPS is liable for the negligent supervision, hiring, training, and retention of their management, agents, and employees and the entrustment of said motor vehicle to said management, agents, and employees.

24.

Defendant USPS was negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

25.

Defendants the United States, DOJ, and USPS were and are negligent per se.

26.

Defendant the United States, DOJ, and USPS were negligent for all other acts of negligence as may be shown at trial.

27.

As a proximate and foreseeable result of the negligence of Defendants,

Plaintiff sustained substantial injuries including disc bulges, and damages including medical and other reasonable and necessary expenses, mental and physical pain and suffering due to the injuries to his body, musculoskeletal and nervous system, which required non-surgical procedures and therapies and which will likely require additional care into the future, personal inconvenience, plus an inability to lead a normal life.

28.

As a result of the subject collision, Plaintiff Curtio Malik Fredericks incurred reasonable and necessary medical bills in an amount of $22,683.15, and his medical treatment is ongoing.

29.

The Plaintiff, Curtio Malik Fredericks, will require additional and ongoing medical treatment for the injuries he sustained as a direct result of the Defendants' negligence.

WHEREFORE, Plaintiff respectfully prays and demands as follows:

(a) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

(b) That service be had upon Defendants as provided by law;

(c) That Plaintiff have and recover general damages from such Defendants, as the jury deems are liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of his injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

(d) That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

(e) That this matter be tried to a jury;

(f) That all costs be cast against the Defendants;

(g) For such other and further relief as this Court deems just and appropriate.

This 13th day of September, 2023.

Respectfully submitted by,

**/s/ Edward Hardrick**
EDWARD HARDRICK, ESQ.
Georgia Bar No. 606792
*Attorney for Plaintiff*

Morgan & Morgan, PLLC
11605 Haynes Bridge Road
Suite 490
Alpharetta, Georgia 30009
Phone: (770) 576-7634

Facsimile: (770) 576-7684
ehardrick@forthepeople.com