IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OLLIE and STACEY MCCOY,          ) | |
| ) | |
| Plaintiffs,          ) | |
| vs.                                               ) | CIVIL ACTION NO: |
| ) | |
| AMERICAN STRATEGIC          ) | JURY TRIAL DEMANDED |
| INSURANCE CORPORATION     ) | |
| ) | |
| Defendant.          ) | |
| ) | |

## COMPLAINT

Ollie and Stacey McCoy ("Plaintiffs"), by and through their undersigned attorney, state and allege as follows:

1.

This action arises under flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA"); the National Flood Insurance Act of 1968, as amended, ("NFIA"), 42 U.S.C. 4001 *et seq*.; and federal common law.

2.

This breach of contract action involves a federal flood insurance policy that American Strategic Insurance Corporation ("Defendant") issued to Plaintiffs pursuant to the NFIA.

3.

Pursuant to 42 U.S.C. § 4072, federal courts have original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

4.

Federal courts have subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter involves an insurance contract that was issued pursuant to the National Flood Insurance Act of 1968, as amended, and thus this matter involves federal questions—including the application of federal statutes and federal regulations.

5.

This Court has personal jurisdiction over Defendant because Defendant does business in and is authorized to do business in the State of Georgia and because Defendant issued a policy of insurance covering property that is located in this State and venue.

6.

Venue of this action is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2).

7.

At all times relevant hereto, Plaintiffs are and were the owners of the property located at 775 Lovette Lane NE, Atlanta, Georgia 30342 (the "Property").

8.

Defendant is a Florida corporation registered to do business in the State of Georgia. Defendant was and is presently doing business in Fulton County, Georgia. Defendant may be served with process on its registered agent Corporate Creations Network, Inc. at 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

9.

At all times relevant hereto, Defendant was a Write-Your-Own ("WYO") Program Carrier participating in the United States Governmental National Flood Insurance Program ("NFIP") pursuant to the NFIA.

10.

Pursuant to 44 C.F.R. Sections 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policy.

11.

Pursuant to 44 C.F.R. Section 62.23 (i)(1), Defendant was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

12.

On January 3, 2023 and January 4, 2023, a weather event occurred in the Atlanta metropolitan area which resulted in a general and temporary condition of partial inundation of the Property and one or more adjacent properties from the overflow of inland waters and/or the unusual and rapid accumulation or runoff of surface waters (hereinafter, the "Flood").

13.

The National Weather Service issued a Severe Thunderstorm Warning for Fulton County, Georgia at 5:37 a.m. on January 4, 2023.

14.

Between 5:00 a.m. and 6:00 a.m. on January 4, 2023, the Property sustained rainfall at a rate of 4-8" per hour.

15.

On January 3rd and January 4th, 2023, the Property experienced rainfall between 3:20 p.m. on January 3rd to 11:00 a.m. on January 4th.

16.

The National Weather Service issued a Flash Flood Warning for Nancy Creek in Fulton County, Georgia at 9:21 a.m. on January 4, 2023.

17.

Nancy Creek runs adjacent to the Property.

18.

The Property and Plaintiffs' personal property sustained direct physical loss caused by and from the Flood.  Plaintiffs' have incurred and will incur substantial cost and expense to restore the Property and their personal property to its pre-loss condition.

19.

At the time of the Flood, Plaintiffs had in full force and effect an insurance policy, given policy number 0FLD600430 (the "Policy"), issued by Defendant which provided flood insurance for the Property and Plaintiffs' personal property. A copy of the Policy declarations pages are attached hereto as **Exhibit "A"**.

20.

After the Flood, Plaintiffs made claim with Defendant under the Policy for the damages they sustained as a result of the Flood.  Defendant assigned claim number 21982-231101 to Plaintiffs' claim (the "Claim").

21.

Plaintiffs fully performed all duties and obligations in accordance with the Policy, including making all premium payments, complying with all conditions as required under the terms of the Policy, and furnishing accurate information and statements to Defendant during the Claim.

22.

Plaintiffs complied with all conditions precedent to filing this lawsuit.

23.

Defendant contends that the weather event on January 3rd and January 4th, 2023 did not result in a general and temporary condition of partial inundation to any property other than Plaintiffs' property.

24.

Accordingly, Defendant contends that the Policy does not provide coverage for Plaintiffs' damages caused by the Flood.

25.

Defendant denied the Claim on these grounds.  A true and correct copy of Defendant's denial letter is attached hereto as **Exhibit "B"**.

## **COUNT I – BREACH OF CONTRACT**

26.

Plaintiffs repeat and re-allege each and every allegation set forth above as if fully set forth herein.

27.

Plaintiffs and Defendant entered into an insurance contract when Plaintiffs purchased and Defendant issued the Policy.

28.

The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiffs for, among other things, physical damage and loss to the Property and their personal property by and from flood.

29.

Plaintiffs fully performed under the contract by paying all premiums when due, satisfying all Policy requirements, and cooperating with Defendant regarding the Claim. Plaintiffs complied with all conditions precedent to recovery by paying all premiums, timely notifying Defendant of loss, and by providing timely and satisfactory Proof of Loss.

30.

This is an action for damages as a result of Defendant's breach of the Policy, an insurance contract.

31.

Defendant materially breached the Policy when it failed to make payment to Plaintiffs for damage directly caused to the Property and Plaintiffs' personal property by or from the Flood.

32.

By virtue of its failure to pay Plaintiffs for Plaintiffs' covered losses arising from the Flood, Defendant is liable to and owes Plaintiffs for the actual damages Plaintiffs sustained as a foreseeable and direct result of the breach and all costs associated with recovering, repairing, and/or replacing the Property in accordance with the Policy, together with interest and all other damages Plaintiffs may prove as allowed by law

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor for all damages arising out of Defendant's breach of contract alleged herein, for expenses, for prejudgment and post-judgment interest as provided by law, and for all other relief this Court may deem just and proper.

## **Jury Trial Demand**

Plaintiffs demand a trial struck by jury on all issues.

Respectfully submitted this 13th day of September, 2023.

**MORGAN & MORGAN**

*/s/ Max Compton*

_____
William Maxwell Compton
GA Bar Number: 380092
Attorney for Plaintiffs

200 Stephenson Ave., Suite 200
Savannah, GA 31405
Direct:  912-443-1017
Fax:  912-443-1184
MCompton@forthepeople.com