IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAMS HUTCHINSON,<br><br>  Plaintiff,<br><br>v.<br><br>COBB COUNTY, GEORGIA,<br><br>  Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

COMES NOW, Plaintiff Williams Hutchinson ("Mr. Hutchinson" or "Plaintiff), by and through undersigned counsel, and files his Complaint against Defendant Cobb County, Georgia ("Defendant"), showing this Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for equitable relief, back wages, damages, and reasonable attorney fees for Defendant's violation of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

3.

Defendant is a governmental entity within this judicial District and Division and maintains employment records for its employees herein. Additionally, the unlawful employment practices alleged in this Complaint were committed within this District and Division. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this case of action under the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 24, 2022, and the EEOC issued its Notice of Right to Sue on July 17, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a citizen of the United States of America and a resident of the state of Georgia, and consents to the jurisdiction of this court.

7.

Defendant has at all times material hereto been a County governmental agency within this District.

8.

Defendant may be served with process by delivering a copy of the summons and complaint to Dr. Jackie R. McMorris, County Manager, 100 Cherokee St, Marietta, GA 30090

9.

At all such times, Plaintiff was also an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

10.

Defendant is a covered employer subject to the jurisdiction of Title I of the ADA in accordance with 42 U.S.C. § 12111(5).

11.

During all times relevant hereto, Defendant has employed fifteen (15) or

more employees 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year in 2018 and 2019. Defendant is therefore an "employer" under the ADA in accordance with 42 U.S.C. § 12111(5).

**FACTUAL ALLEGATIONS**

12.

Mr. Hutchinson has a long history with law enforcement, having served both as a military police officer and with the Clayton County Police Department.

13.

Mr. Hutchinson applied for a position as a police officer with the Cobb County Police Department in early 2021.

14.

At the time of his application with Defendant, Mr. Hutchinson was a National Guardsman.

15.

Because he was unable to get all requested medical records in time, Mr. Hutchinson was unable to complete the application process before receiving orders to report to Texas for active duty for approximately (1) one year.

16.

Upon returning from active leave in or about November 2021, Mr. Hutchinson contacted Defendant to resume his application process and was told that he would need to start the application process all over again.

17.

Mr. Hutchinson made sure he obtained all medical records that previously held up his application process.

18.

In January 2022, Mr. Hutchinson had medical, physical exam, psychological exams as well as a polygraph.

19.

One of the questions on the fitness for duty read as follows: "Tolerate the psychological stresses of law enforcement work, including working swing shifts, observing and assisting with traumatic incidents (deciding to discharge weapon in protection of self or others; responding to serious crimes in progress; responding to child abuse cases; death and dismemberment scenes; and other acts of extreme malice, etc.), work long hours without the possibility of relief (emergency situations, etc.), and high stress incidents (active shooter incidents, etc.)" The physician marked "yes" on the form, indicating that Mr. Hutchinson could perform these tasks.

20.

He passed all tests and was given conditional hire, pending psychological interview.

21.

Mr. Hutchinson's doctor requested additional documentation during this visit, contrary to the previous visit when he initially applied with the Defendant.

22.

The doctor mentioned a notation about panic attacks in his VA medical records. She asked Mr. Hutchinson about it and he replied that some of those details were from four years ago and there had been no recent issues.

23.

The only reference in his VA medical records to panic attacks is *nocturnal* panic attack.

24.

The doctor asked that Mr. Hutchinson get a CNP exam. They sent him to the same doctor that gave him a 70% Disability rating.

25.

The final step of the process was an interview with the psychologist. At the end of the interview, Mr. Hutchinson thanked the psychologist and informed her he

was ready to get back to work. She told him, "Well that depends on if it is determined you are a good fit."

26.

Mr. Hutchinson's last day of active duty was January 15, 2022, and he returned to the National Guard.

27.

Mr. Hutchinson was told by a representative for the Defendant that he was denied employment because the "doctor" gave a "do not recommend" regarding his fitness for duty.

28.

Defendant employed Stone, McElroy & Associates to perform the purported psychological assessment of Plaintiff.

29.

Mr. Hutchinson requested a copy of his report, however he was told he was unable to because he allegedly waived his right to receive a copy.

30.

Defendant sent Mr. Hutchinson the formal removal letter on February 4, 2022, citing "Psychological Results."  Mr. Hutchinson attempted to get more information on what "Psychological Results" referred to, but Defendant refused to

elaborate or provide additional information until it was provided the report to the Equal Employment Opportunity Commission in response to Plaintiff's Charge of Discrimination.

31.

Stone, McElroy & Associates, acting as agent for Defendant, provided a false narrative of irrelevant alleged "personal characteristics" – including the amount of cologne Plaintiff was wearing, a contention that he was "arrogant" that was not accompanied by any objective basis for this claim, and that he interrupted the examiner – all of which were unrelated to Plaintiff's fitness for duty.

32.

For more than 20 years, Stone, McElroy & Associates has had a practice of relying on factors that are neither objectively verifiable nor based on medically reliable tests nor medically related to the applicant's or employee's fitness for duty in recommending in favor of adverse employment actions, including refusal to hire, individuals with disabilities in or for public employment.

33.

Stone, McElroy & Associates relies on this practice in order to gain business, as it assists its clients in taking adverse action against employees and/or applicants for employment based on factors that are irrelevant to psychological fitness for duty

evaluation and which are inherently subjective and not subject to proof, so as to adversely affect individuals with disabilities.

34.

By relying on Stone, McElroy & Associates for this purpose, Defendant has participated in a contractual or other arrangement or relationship that has the effect of subjecting a qualified applicant with a disability, to disability discrimination prohibited by the Americans with Disabilities Act.

35.

By relying on Stone, McElroy & Associates for this purpose, Defendant has utilized standards, criteria or methods of administration that have the effect of discrimination on the basis of disability or that perpetuate the discrimination of others who are subject to common administrative control.

36.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext.

37.

Defendant failed to hire Plaintiff because of his disability and/or because it or its agent, Stone, McElroy & Associates regarded him as disabled and therefore created a false justification for Defendant to refuse to hire him.

38.

Mr. Hutchinson previously worked as a police officer with Clayton County, had no issues and had the same diagnosis then that is allegedly precluding him from working for the Defendant.

39.

Mr. Hutchinson received a conditional offer as a police officer with the Georgia Institute of Technology (GA Tech) approximately one month after being denied employment by the Defendant. He was provided with a start date of March 7, 2022.

40.

Mr. Hutchinson was subjected to another mental evaluation with Stone, McElroy and Associates.

41.

On June 13, 2022, GA Tech retracted their offer.

42.

Mr. Hutchinson was offered a position in or around July 2023, with the Clayton County Sheriff's Office.

43.

Mr. Hutchinson successfully completed a mental evaluation in order to obtain the position with Clayton County Sheriff's Office.

44.

Others outside the Plaintiff's protected class – i.e., those without a disability – were treated more favorably than Plaintiff.

## CLAIMS FOR RELIEF

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

45.

Plaintiff re-alleges paragraphs 12-44 as if set forth fully herein.

46.

Plaintiff had been previously diagnosed with PTSD and MDD, mental health impairments, which had not prevented him from successfully working in law enforcement for years.

47.

Plaintiff's mental health impairment is a "disability" within the meaning of the ADA, as amended.

48.

Defendant was aware of Plaintiff's disability.

49.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

50.

Defendant violated 42 U.S.C. § 12112(d) by requiring Plaintiff to undergo an impermissible preemployment medical examination, by using such purported examination to conduct an inquiry that was neither job related not consistent with business necessity, and by violating the confidentiality provisions of the Americans with Disabilities Act of 1990, as amended, including 42 U.S.C. § 12112(d)(3)(B) and (4).

51.

Defendant violated Plaintiff's privacy rights under the Americans with Disabilities Act by entering into an agreement to provide, by soliciting and by obtaining a narrative response from Stone, McElroy & Associates that was not an assessment of Plaintiff's ability to perform the duties of a police officer, but was instead an insulting screed and included medical information that was unnecessary to determining whether he was able to perform the duties of a police officer, intended merely to justify denying him employment, rather than a permitted medical examination, in violation of the ADA.

52.

Defendant refused to hire Plaintiff because of his disability and/or his perceived disability.

53.

By refusing to hire Plaintiff because of his disability, Defendant violated the ADA, as amended.

54.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext for disability discrimination.

55.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

56.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

57.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff was denied employment with Defendant.

58.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

59.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

60.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

61.

Plaintiff thus seeks compensatory damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages for lost wages and benefits and prejudgment interest thereon;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment and post judgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which Plaintiff may be entitled.

Respectfully submitted the 14thp day of September, 2023.

                                              **BARRETT & FARAHANY**

                                              s/ *Matthew C. Billips*
                                              Matthew C. Billips
                                              Georgia Bar No. 057110

                                              *Attorney for Williams Hutchinson*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matt@justiceatwork.com