# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ANITRICE ANDERSON,

    Plaintiff,

v.

SPEEDWAY LLC and
JOHN DOE(S) 1-2,

    Defendants.

CASE NO.

_____/

## NOTICE OF REMOVAL

COMES NOW Defendant Speedway LLC (hereinafter "Speedway"), by and through undersigned counsel, and files this Notice of Removal of Case Number 23-C-03911-S6 from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Speedway shows this Court as follows:

## INTRODUCTION

1. Plaintiff Anitrice Anderson (hereinafter "Plaintiff") commenced this action on June 7, 2023 by filing a Renewal Complaint in the State Court of Gwinnett County, Georgia, styled "Anitrice Anderson v. Speedway LLC, Marathon Petroleum Corporation LP, and John Doe(s) 1-2," Case No. 23-C-03911-S6. Plaintiff alleges

injuries resulting from an incident at a Speedway gas station in Lawrenceville, Georgia.

2.  The Summons and Complaint and Demand for Trial by Jury in that action were first received by Speedway through its registered agent on June 9, 2023. Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of the following pleadings and other filings within the action initially filed in the State Court of Gwinnett County, Georgia:

Exhibit A.  Summons and Complaint and Affidavit of Private Process Server;

Exhibit B.  Answer of Defendant Speedway LLC;

Exhibit C.  Defendant's Requests for Admission to Plaintiff, Defendant's First Interrogatories to Plaintiff, Defendant's First Requests for Production to Plaintiff, Defendant's Rule 5.2 Certificate of Service regarding same;

Exhibit D.  Plaintiff's Responses to Defendant's Requests for Admission to Plaintiff, Plaintiff's Responses to Defendant's Interrogatories to Plaintiff, Plaintiff's Responses to Defendant's First Requests for Production of Documents to Plaintiff; Plaintiff's Rule 5.2 Certificate of Service regarding same;

Exhibit E.   Consent Motion to Dismiss Marathon Petroleum Corporation LP Without Prejudice;

Exhibit F.   Order Dismissing Marathon Petroleum Corporation LP Without Prejudice.

**REMOVAL UNDER 28 U.S.C. § 1332(a): COMPLETE DIVERSITY OF CITIZENSHIP**

3.   Plaintiff is and was at the time of filing an adult individual as well as a citizen of the State of Georgia.

4.   Speedway is and was at the time of filing a citizen of the States of Delaware and Texas by virtue of being a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Texas. Speedway's sole member is SEI Speedway Holdings, LLC, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Texas. SEI Speedway Holdings, LLC's sole member is 7-Eleven, Inc., a Texas corporation, with its principal place of business in Texas.

5.   Complete diversity of citizenship exists between the parties, and removal is proper pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441.

**REMOVAL UNDER 28 U.S.C. § 1332(a): AMOUNT IN CONTROVERSY**

6.   The amount in controversy is measured "on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal."

*The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010). Although Speedway is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010), Speedway must show by a preponderance of the evidence that Plaintiff's claim meets the threshold jurisdictional amount in excess of $75,000.00. *See Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. App'x 914, 916-17 (11th Cir. 2016).

7. The case stated by the initial pleading was not removable because Plaintiff's Complaint alleges only "serious injuries to her body" and "reasonable, necessary, and continuing medical expenses . . . in an amount to be proven at trial" and does not provide a dollar amount of such damages. Exhibit A, Plaintiff's Complaint at ¶¶ 15 – 16. Pursuant to 28 U.S.C. § 1446(b)(3), Speedway files this Notice of Removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Pursuant to 28 U.S.C. § 1446(c)(3)(A), "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

8. On September 5, 2023 Speedway received Plaintiff's Responses to Defendant's Requests for Admission. Plaintiff admitted the following: "That

[Plaintiff] is claiming more than $75,000 in damages in this case"; "That [Plaintiff] is claiming more than $100,000 in damages in this case"; "That [Plaintiff] is claiming more than $150,000 in damages in this case." Exhibit D, Plaintiff's Responses to Defendant's Request for Admission at ¶¶ 1, 2, 3.

9.  Plaintiff's responses to Defendant's Request for Admissions thus "unambiguously establish federal jurisdiction" for the purposes of removal under 28 U.S.C. §§ 1446(b) and (c). *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007). *See also* U.S.C. §§ 1446(c)(3)(A) ("[I]nformation relating to the amount in controversy . . . in responses to discovery, shall be treated as an 'other paper' under [28 U.S.C. §§ 1446(b)(3)]."); *Lowery*, 483 F.3d at 1213, n.62 (responses to request for admissions constitute "other paper.").

10. With an amount in controversy in excess of $75,000 unambiguously established, removal is proper pursuant to 28 U.S.C. § 1332(a).

**ALL OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

11. This Notice of Removal is being timely filed pursuant to 28 U.S.C. §§ 1446(b)(3) and 1446(c)(3)(A). This Notice of Removal is being filed within 30 days of September 5, 2023, when Speedway first received information from which it ascertained that the case was removable.

12. Pursuant to 28 U.S.C. § 1441(a) and N.D. Ga. L.R. App. A, I, the United States District Court for the Northern District of Georgia, Atlanta Division is the

appropriate court for filing this Notice of Removal from the State Court of Gwinnett County, Georgia where the state court action was filed.

13.  This Notice of Removal will be served promptly on Plaintiff and filed promptly with the State Court of Gwinnett County pursuant to 28 U.S.C. § 1446(d).

WHEREFORE Speedway respectfully requests that this case be removed from the State Court of Gwinnett County, Georgia, and that this case proceed in the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 14th day of September, 2023.

                                    */s/ Joseph Menello*
                                    Joseph P. Menello, Esquire
                                    Georgia Bar No. 752378
                                    Asher W. Lipsett, Esquire
                                    Georgia Bar No. 951994
                                    *Attorneys for Defendant Speedway LLC*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (407) 843-3939
(fax) (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

## **CERTIFICATE OF COMPLIANCE**

We hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(C) in 14-point Times New Roman typeface.

Dated this 14th day of September, 2023.

                               */s/ Joseph Menello*
                               Joseph P. Menello, Esquire
                               Georgia Bar No. 752378
                               Asher W. Lipsett, Esquire
                               Georgia Bar No. 951994
                               *Attorneys for Defendant Speedway LLC*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (407) 843-3939
(fax) (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

# CERTIFICATE OF SERVICE

This is to certify that we have this day served counsel for the opposing party with a copy of the Notice of Removal by electronic mail as follows:

Cameron D. Hawkins
Law Office of Cameron Hawkins
1231 Booth Street NW
Atlanta, GA 30318
chawkins@chawkinslaw.com
mfulks@chawkinslaw.com
aroy@chawkinslaw.com

Dated this 14th day of September, 2023.

*/s/ Joseph P. Menello*
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Asher W. Lipsett, Esquire
Georgia Bar No. 951994
*Attorneys for Speedway LLC*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (407) 843-3939
(fax) (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com