# EXHIBIT C

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ANITRICE ANDERSON,

    Plaintiff,

CASE NO. 23-C-03911-S6

v.

SPEEDWAY LLC, MARATHON
PETROLEUM CORPORATION LP,
and JOHN DOE(S) 1-2,

    Defendants.
_____/

## DEFENDANT'S REQUEST FOR ADMISSIONS TO PLAINTIFF

Pursuant to O.C.G.A § 9-11-36, Defendant Speedway LLC requests the Plaintiff to admit or deny each of the following:

1.

That you are claiming more than $75,000 in damages in this case.

**RESPONSE:**

2.

That you are claiming more than $100,000 in damages in this case.

**RESPONSE**:

3.

That you are claiming more than $150,000 in damages in this case.

**RESPONSE**:

This 3rd day of August, 2023.

                                                                              */s/ Joseph P. Menello*
                                                                    Joseph P. Menello, Esquire

- 2 -

CASE NO. 23-C-03911-S6

                    Georgia Bar No. 752378
                    Asher W. Lipsett, Esquire
                    Georgia Bar No. 951994
                    *Attorneys for Defendant Speedway LLC*

**WICKER SMITH O'HARA MCCOY & FORD, PA**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
Phone: (407) 843-3939
Fax: (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ANITRICE ANDERSON,

    Plaintiff,

v.

SPEEDWAY LLC, MARATHON
PETROLEUM CORPORATION LP,
and JOHN DOE(S) 1-2,

    Defendants.
_____/

CASE NO. 23-C-03911-S6

## **DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF**

COMES NOW Defendant Speedway LLC, by and through undersigned counsel, and for the purposes of discovery and all other purposes authorized by law pursuant to O.C.G.A. § 9-11-33, requiring Plaintiff to answer under oath the following Interrogatories within the time provided by law and to serve a copy of said answers upon counsel for Speedway LLC

You are under a duty seasonably to supplement your response to any questions directly addressed to the identity and/or location of a person having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter of which each is expected to testify, and the substance of each one's testimony.

You are under a duty seasonably to amend a prior response if you obtain information upon the basis of which: (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to correct the response is in substance a knowing concealment.

CASE NO. 23-C-03911-S6

In answering the following interrogatories, you are requested to give full and complete answers based upon your personal knowledge as well as that of agents, employees, investigators or attorneys who may have obtained information on your behalf.

You are hereby required to answer the following Interrogatories separately and fully in writing under oath within the time required by the Georgia Civil Practice Act.

## **INTERROGATORIES**

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**ANSWER:**


2.      List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past 10 years.

**ANSWER:**


3.      List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have ever been married, the name of your spouse or spouses.

**ANSWER:**


4.      Do you wear glasses, contact lenses, or hearing aids? If so, who prescribed them, the date they were prescribed, when your eyes or ears were last examined, and the name and address of the examiner?

**ANSWER:**

CASE NO. 23-C-03911-S6

5. Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

**ANSWER:**

6. Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?

**ANSWER:**

7. Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the Complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

**ANSWER:**

8. Have you ever filed for either short-term or long-term disability? If so, describe in detail the date(s) of said claim(s), the nature of disability claimed, and whether the claim was paid or denied.

**ANSWER:**

9. Have you ever filed a claim for worker's compensation benefits in the past 10 years? If so, describe in detail the date(s) of said claim(s), the nature of injury, and the name and address of your employer at the time of said claim(s).

**ANSWER:**

CASE NO. 23-C-03911-S6

10. Describe each injury to which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

**ANSWER:**

11. Are you enrolled in Medicare or Medicaid? If so, attach a copy of your Medicare or Medicaid card.

**ANSWER:**

12. Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the Complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount, and list each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the Complaint, giving for each item the date incurred, the name and subject address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

**ANSWER:**

13. Has anything been paid or is anything payable from any third party for the damages listed in your answers to these Interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

**ANSWER:**

14. List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

**ANSWER:**

15.     List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

**ANSWER:**

16.     List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**

17.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

**ANSWER:**

18.     State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

19.     Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

**ANSWER:**

CASE NO. 23-C-03911-S6

      20.    Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**ANSWER:**

      21.    Please state if you have ever been in any accidents or incidents of any kind in the past 10 years involving any personal injuries?  If so, state what type of injuries you suffered from as a result of the accident, when the accident occurred, if you filed a claim or suit and against whom you filed a claim or suit.

**ANSWER:**

      22.    Please list the name and address of all educational facilities or institutions you have attended, including the dates of attendance, and any degrees or certifications obtained.

**ANSWER:**

      23.    Please identify any and all claims you have made for personal injuries over the last fifteen years, including lawsuits, claims to insurance companies, worker's compensation claims or other matters seeking monies or compensation, including the name of the party contacted, the name of any attorney utilized, the dates of such claims and status of such claims?

**ANSWER:**

      24.    Have you, in the last ten years, applied for any health, life or disability insurance? If so, please identify each and every such insurance carrier, including the name and address of the insurance company, and if applicable, policy number, member number and dates?

**ANSWER:**

CASE NO. 23-C-03911-S6

25. Has any health care provider ever rendered an opinion that you suffered from a permanent disability or permanent impairment, whether or not from this case? If so, please identify the name of the health care provider, address and approximate date the opinion was rendered?

**ANSWER:**


26. Please identify by name and address each pharmacy at which you have had a prescription for medication filled for yourself in the past ten (10) years.

**ANSWER:**


27. With regard to the area(s) of the body that you are claiming were injured in the accident described in the Complaint, please state whether or not you were ever treated by any doctor or hospital (including emergency room) or other health care provider for any problems in the same areas of your body before the accident. For each such prior visit to any doctor, hospital or other health care provider, please state the name and address of each such doctor, hospital or health care provider, and the approximate date of each such visit.

**ANSWER:**


28. Please list the number and service carrier associated with each cellular telephone used by the Plaintiff and/or registered in the Plaintiff's name (this includes all numbers registered to and/or used by the Plaintiff under a "family plan" or similar service) at both the time of the subject loss and currently.

**ANSWER:**


29. Describe any and all accidents, dates of the accidents, location of the accidents in which you suffered personal injuries after the subject matter accident which is the subject matter of this lawsuit indicating what the injuries were and whether or not they were of a permanent nature.

**ANSWER:**

CASE NO. 23-C-03911-S6

30. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

31. Please identify the type of clothing you were wearing including your top, pants and shoes, and identify for each, their approximate age, and if you still have them.

**ANSWER:**

This 3rd day of August, 2023.

*/s/ Joseph P. Menello*
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Asher W. Lipsett, Esquire
Georgia Bar No. 951994
*Attorneys for Defendant Speedway LLC*

**WICKER SMITH O'HARA MCCOY & FORD, PA**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
Phone: (407) 843-3939
Fax: (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

CASE NO. 23-C-03911-S6

## **VERIFICATION PAGE**

_____
Plaintiff

STATE OF GEORGIA
                                ss:
COUNTY OF _____,

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____, 2023, by _____ (name of person acknowledging), who is personally known to me or who has produced _____ (type of identification) as identification.

_____
Signature of Notary Public

_____
Name typed, printed, or stamped

_____
Title or rank

_____
Serial number, if any

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ANITRICE ANDERSON,

    Plaintiff,

CASE NO. 23-C-03911-S6

v.

SPEEDWAY LLC, MARATHON
PETROLEUM CORPORATION LP,
and JOHN DOE(S) 1-2,

    Defendants.
_____/

## **DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**

COMES NOW Defendant Speedway LLC, by and through undersigned counsel, and pursuant to O.C.G.A. § 9-11-34 submits to Plaintiff the following Requests for Production of Documents. Plaintiff is reminded that under O.C.G.A. § 9-11-26(e), responses to discovery must be supplemented, corrected, and/or amended as additional information becomes available or known.

1. Federal Income Tax Returns and W-2 Forms for the past five years including individual and joint tax returns.

2. Federal Income Tax Returns for the past five years filed for any business or corporation that the Plaintiff has or had an ownership or financial interest.

3. A complete copy of the front and back sides of any and all health insurance cards or any type of insurance benefit card.

4. A color copy of the front and back of your driver's license.

5. Any and all statements obtained from any person pertaining to the allegations in the Complaint.

CASE NO. 23-C-03911-S6

  **6.**  Any and all notices of claim, loss, or injury submitted by you or on your behalf to Publix.

  7.  A color copy of all pages contained within your passport, including the front and back sides of the cover.

  8.  All medical bills, doctor bills, hospital bills, drug bills, nursing bills, ambulance bills, and bills for similar expenses incurred as a result of and related to the injuries which are or may be the subject matter of this lawsuit.

  9.  Laser color copies of all photographs taken of any medical procedure you have undergone since the subject accident or incident.

  10.  All videos of any medical procedure you have undergone since the subject accident or incident.

  11.  Laser color copies of any and all photographs in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including, but not limited to, all photographs of the parties, or the scene of the subject accident or incident.  If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

  12.  Laser copies of all photographs depicting any change in the physical appearance of the Plaintiff(s) that was allegedly caused by the act or acts of the Publix.

  13.  Any and all videos in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including but not limited to all videos, videos or "day in the life" videos

CASE NO. 23-C-03911-S6

of the parties, or the scene of the subject accident or incident. If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

14. All medical reports received by the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees, from doctors, physicians or anyone else who has examined or rendered treatment to the Plaintiff(s), for injuries incurred as a result of the accident or incident which is the subject matter of this lawsuit.

15. All medical and hospital records for the Plaintiff for the past five years.

16. All letters of protection issued to each and every treating physician, and/or any other agreements with any treating physicians wherein those physicians agreed to provide treatment pending the outcome of this lawsuit or claim.

17. All documentary evidence of benefits or payments made to the Plaintiff(s) or on Plaintiff(s) behalf.

18. All documents reflecting payments made to Plaintiff(s) or on their behalf, as a result of the incident and/or damages that are the subject of this case by the following:

    A. The United States Social Security Act; any Federal State or Local Disability Act; any other public programs providing medical benefits or payment for medical expenses, disability or other similar benefits.

    B. Any health, sickness or disability income insurance or other similar insurance benefits.

CASE NO. 23-C-03911-S6

      C.      Any contract or agreements of any group, organization, partnership or corporation to provide, pay for or reimburse costs of hospital, medical or other health care services.

      D.      Any contractual or voluntary wage continuation plan provided by any employers or the Plaintiff(s) or any other system intended to provide wages during any period of alleged disability of the Plaintiff(s).

      E.      Any other collateral source whatsoever providing compensation as a result of the damages incurred as a result of the incident or incidents which are the subject of this claim.

19.    Any audio recordings that are in any manner related to the subject matter of this lawsuit.

20.    All statements made by Publix, its agents or employees, that are in the possession or control of Plaintiff(s) or Plaintiff(s)' attorneys, servants, employees or agents regarding the incident complained of or in any way relating to the issues raised by the Complaint.

21.    A copy of a current CV and all statements for services rendered by any expert retained to testify at trial in this case.

22.    All reports received from any experts the Plaintiff(s) intend to call at the time of trial and copies of all documents the experts have reviewed in preparation for rendering any opinions in this case.

23.    All documents that the experts have reviewed in arriving at their opinions in this case. (This request only relates to experts Plaintiff(s) intend to call at trial to testify.)

24. All other documents in the possession or control of the Plaintiff(s) that support the Plaintiff(s)' claims that Publix is liable for the damages being claimed in this case.

25. Any correspondence sent to or received by the Plaintiff(s) from any Defendant. This request does not include any correspondence with any attorneys and is strictly limited to any correspondence between the named parties in this litigation.

26. The Plaintiff's Social Security Personal Earnings and Benefits Statement.

27. Any and all settlement agreements and releases with any individual or corporation that in any way relate to or arise out of the allegations that are the subject of this litigation.

28. A copy of the first written notice of any type sent by you (or on your behalf) to Publix or its agents relating to this incident.

29. All notes, text messages, and emails written by the Plaintiff(s) prior to the retention of counsel that relate to the allegations or subject matter of the Complaint.

30. Please produce all documents that you have received from all Open Records Act requests and non-party requests for production of documents pertaining to this case.

31. Please produce all credit card and/or debit card statements from the date of the incident.

32. Please produce all documents that support your claim for pain and suffering.

33. Please produce each and every document that evidences ways in which you purportedly mitigated the damages you allegedly sustained as a result of the subject accident.

34. Please produce any and all documents evidencing your membership, attendance, and/or participation in a gym, fitness club, or fitness program of any type of which you have been

CASE NO. 23-C-03911-S6

a member in the last 10 years. This request explicitly includes emails containing membership information as well as attendance and member keycard access records.

35. The clothing, including top, pants and shoes that you were wearing at the time of the subject incident. In lieu of providing the actual pieces of clothing, please provide laser, color copies of each and provide dates on which those items of clothing can be inspected. This shall also serve as a demand that such items of clothing be preserved and unaltered until such time as the undersigned is able to inspect such items.

36. Copies of any and all social media posts that you made from the 6 months prior to the subject incident to the present day including any photographs and videos. This shall also serve as a demand that you do not change or delete any social media information prior to inspection by the undersigned.

This 3rd day of August, 2023.

*/s/ Joseph P. Menello*
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Asher W. Lipsett, Esquire
Georgia Bar No. 951994
*Attorneys for Defendant Speedway LLC*

**WICKER SMITH O'HARA MCCOY & FORD, PA**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
Phone: (407) 843-3939
Fax: (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

Case 1:23-mi-99999-UNA   Document 2985-3   Filed 09/14/23   Page 19 of 19

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03911-S6**
**8/3/2023 10:04 AM**
**TIANA P. GARNER, CLERK**

THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ANITRICE ANDERSON,

   Plaintiff,

v.

SPEEDWAY LLC, MARATHON
PETROLEUM CORPORATION LP,
and JOHN DOE(S) 1-2,

   Defendants.
_____/

CASE NO. 23-C-03911-S6

## **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

This is to certify that, pursuant to Uniform Court Rule 5.2, the undersigned has served upon all parties in the foregoing matter with a copy of the following discovery:

1. Defendant Speedway LLC's First Interrogatories to Plaintiff

2. Defendant Speedway LLC's First Requests For Production To Plaintiff

3. Defendant Speedway LLC's Requests for Admissions to Plaintiff

This 3rd day of August, 2023.

                                                  */s/ Joseph P. Menello*
                                                Joseph P. Menello, Esquire
                                                Georgia Bar No. 752378
                                                Asher W. Lipsett, Esquire
                                                Georgia Bar No. 951994
                                                *Attorneys for Defendant Speedway LLC*

**WICKER SMITH O'HARA MCCOY & FORD, PA**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
Phone: (407) 843-3939
Fax: (404) 467-1771
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com