# EXHIBIT D

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

ANITRICE ANDERSON,

                Plaintiff,

     v.

SPEEDWAY LLC, MARATHON
PETROLEUM CORPORATION LP, and
JOHN DOE(S) 1-2,

               Defendants.

CIVIL ACTION FILE

NO.: 23-C-03911-S6

**JURY TRIAL DEMANDED**

## <u>PLAINTIFF'S RESPONSES TO DEFENDANT SPEEDWAY LLC</u>
## <u>FIRST SET OF ADMISSIONS TO PLAINTIFF</u>

COMES NOW Plaintiff Anitrice Anderson (hereinafter "Plaintiff"), in the above-styled civil action, and hereby propounds to Defendant Speedway LLC the following responses to Admissions pursuant to O.C.G.A §9-11-36.

### <u>GENERAL OBJECTIONS</u>

Objection is made to the preamble to Defendant's First Request for Admissions to Plaintiff to the extent said preamble enlarges the permissible scope of discovery under the Civil Practice Act and to the extent said requests seek information not based on personal information and which includes or encompasses work product, materials prepared in anticipation of litigation, and/or materials protected by attorney-client privilege or other privilege and is protected from discovery. Subject to the foregoing objection, the Plaintiff's responds to Defendant's First Request for Admissions as follows:

1.

That you are claiming more than $75,000 in damages in this case.

RESPONSE:  Admitted.

2.

That you are claiming more than $100,000 in damages in this case.

RESPONSE: Admitted.

3.

That you are claiming more than $150,000 in damages in this case.

RESPONSE: Admitted.

Respectfully submitted this 5th day of September, 2023.

**LAW OFFICE OF CAMERON HAWKINS, LLC**
_/s/ Cameron D. Hawkins_
Cameron D. Hawkins
Georgia Bar No. 250504
Mia P. Fulks
Georgia Bar No. 279902
Ananya Roy
Georgia Bar No. 670660
_Attorneys for Plaintiff_

1231 Booth St NW
Atlanta, GA 30318
T: (678) 921-4225
F: (678) 921-4322
chawkins@chawkinslaw.com
mfulks@chawkinslaw.com
aroy@chawkinslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I have served the opposing party with the foregoing *Plaintiff's Responses to Defendant Speedway LLC's First Requests Admissions to Plaintiff by* emailing via statutory electronic service the same to appropriate parties and opposing counsel of record, including:

Joseph P. Menello
WICKER SMITH O'HARA MCCOY & FORD, PA
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
jmenello@wickersmith.com
alipsett@wickersmith.com
tdeloach@wickersmith.com
*Attorneys for Defendant Speedway LLC*

This 5th day of September, 2023.

**LAW OFFICE OF CAMERON HAWKINS, LLC**

/s/ *Cameron D. Hawkins*
Cameron D. Hawkins
Georgia Bar No. 250504
Mia P. Fulks
Georgia Bar No. 279902
Ananya Roy
Georgia Bar No. 670660
*Attorneys for Plaintiff*

1231 Booth St NW
Atlanta, GA 30318
T: (678) 921-4225
F: (678) 921-4322
chawkins@chawkinslaw.com
mfulks@chawkinslaw.com
aroy@chawkinslaw.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

ANITRICE ANDERSON,

                Plaintiff,

    v.

SPEEDWAY LLC, MARATHON
PETROLEUM CORPORATION LP, and
JOHN DOE(S) 1-2,

                Defendants.

CIVIL ACTION FILE

NO.: 23-C-03911-S6

**JURY TRIAL DEMANDED**

**PLAINTIFF'S RESPONSES TO DEFENDANT SPEEDWAY LLC'S**
**FIRST INTERROGATORIES TO PLAINTIFF**

COMES NOW Plaintiff Anitrice Anderson (hereinafter "Plaintiff"), in the above-styled civil action, and hereby files her responses to Defendant Speedway LLC's First Interrogatories to Plaintiff and shows this Court as follows:

**GENERAL OBJECTIONS**

Objection is made to the preamble to Defendant Speedway LLC's First Interrogatories to Plaintiff to the extent said preamble enlarges the permissible scope of discovery under the Civil Practice Act and to the extent said requests seek information not based on personal information and which includes or encompasses work product, materials prepared in anticipation of litigation, and/or materials protected by attorney-client privilege or other privilege and is protected from discovery. Furthermore, O.C.G.A. § 9-11-33(a)(1) provides that no party may serve interrogatories containing more than fifty (50) interrogatories, including subparts upon any other party without leave of court. Subject to the foregoing objection, the Plaintiff responds to Defendant Speedway LLC's Interrogatories as follows:

1.

What is the name and address of the person Answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**RESPONSE: Plaintiff Anitrice Anderson; Plaintiff currently resides at 3467 Parkside View Blvd., Dacula, Georgia 30019. Plaintiff's Attorney Cameron Hawkins and other members of the Law Office of Cameron Hawkins, LLC, located at 1231 Booth Street NW, Atlanta, Georgia 30318.**

2.

List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past 10 years.

**RESPONSE:**

1. **Employer:** **Aspire Lifestyles**
   **Address:** **1515 King Street, Suite 410, Alexandria, Virginia 22314**
   **Job Title:** **Lifestyle Consultant**
   **DOE:** **August 12, 2019, to Present**
   **Wages:** **$16.36 per hour**

2. **Employer:** **Uber**
   **Address:** **1455 Market St #400, San Francisco, CA 94103**
   **Job Title:** **Rideshare Driver**
   **DOE:** **December 13, 2016 – February 28, 2020**
   **Wages:** **Approx. $11,889.00 annually**

3. **Employer:** **Lyft**
   **Address:** **185 Berry St #5000, San Francisco, CA 94107**
   **Job Title:** **Rideshare Driver**
   **DOE:** **December 12, 2016 – February 28, 2020**
   **Wages:** **Approx. $6,151.00 annually**

**Plaintiff reserves the right to amend or supplement her response to this Interrogatory in accordance with the terms of the Georgia Civil Practice Act.**

3.

List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have ever been married, the name of your spouse or

2

spouses.

**RESPONSE:**

(a)     **Anitrice Anderson-Ward sometimes referred to as "Nya";**

(b)     **Plaintiff currently resides at 3467 Parkside View Blvd., Dacula, Georgia 30019; She has resided at this location for 6 years. Her previous address was 3522 Kittery Drive, Snellville, Georgia 30024; She resided at this address for 4 years;**

(c)     **Plaintiff objects to providing her social security number in these responses, but will provide such off the record at her deposition;**

(d)     **Ms. Anitrice Anderson was born on February 2, 1977; and**

(e)     **Ms. Anderson is married to Mr. Kenith Deonta Ward. They were married on May 23, 2018, in Duluth, Georgia.**

**Plaintiff reserves the right to amend or supplement her response to this Interrogatory in accordance with the terms of the Georgia Civil Practice Act.**

4.

Do you wear glasses, contact lenses, or hearing aids? If so, who prescribed them, the date they were prescribed, when your eyes or ears were last examined, and the name and address of the examiner?

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that the interrogatory seeks information which is irrelevant and immaterial to the instant action and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Plaintiff states the following: She wears reading glasses.**

5.

Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objection, and without waiving the same, Plaintiff has never been convicted of a felony or crime of moral turpitude.**

3

6.

Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?

**RESPONSE: Plaintiff was not suffering from any physical infirmity, disability, or sickness at the time of the accident.**

7.

Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the Complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

**RESPONSE:  Plaintiff did not consume any alcoholic beverages or take any drugs or medication within 12 hours before the incident described in the Complaint.**

8.

Have you ever filed for either short-term or long-term disability? If so, describe in detail the date(s) of said claim(s), the nature of disability claimed, and whether the claim was paid or denied.

**RESPONSE: Yes, because of this incident, Plaintiff received disability income from August 2020 to present. She was on FMLA and now the Plaintiff is on long-term disability through her employer. Plaintiff applied for Social Security Disability benefits last year in August 2022. Plaintiff reserves the right to amend or supplement her response to this Interrogatory in accordance with the terms of the Georgia Civil Practice Act.**

9.

Have you ever filed a claim for worker's compensation benefits in the past 10 years? If so, describe in detail the date(s) of said claim(s), the nature of injury, and the name and address of your employer at the time of said claim(s).

**RESPONSE: The Plaintiff has not filed a claim for worker's compensation benefits in the past 10 years.**

10.

Describe each injury to which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are

4

permanent, the effects on you that you claim are permanent.

**RESPONSE: As a result of the injury sustained on September 16, 2019, in subject incident, Plaintiff experiences chronic pain in both of her hands. She had a torn ligament repaired and a partial nerve removal on her left index finger. Plaintiff suffers from permanent nerve damage, scarring, loss of range of motion, hypersensitivity, and Complex Regional Pain Syndrome (CRPS). Plaintiff's leg pain began on August 6, 2020, shortly after her nerve removal surgery, as a result of complications from the anesthesia, which affected her ability to walk. But for the required hand surgery, there would have been no complications from the anesthesia. As a result of these complications, Plaintiff has lost significant muscle mass and has difficulty walking without the assistance of a cane or walker. Plaintiff reserves the right to amend or supplement her response to this Interrogatory in accordance with the terms of the Georgia Civil Practice Act. See the attached medical records.**

11.

Are you enrolled in Medicare or Medicaid? If so, attach a copy of your Medicare or Medicaid card.

**RESPONSE:  The Plaintiff is not enrolled in Medicare or Medicaid.**

12.

Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the Complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount, and list each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the Complaint, giving for each item the date incurred, the name and subject address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

**RESPONSE: Yes, Plaintiff is making a claim for lost wages. At the time of the subject incident, Plaintiff was a full-time employee with Aspire Lifestyles (Americas), Inc., earning an average indexed monthly income of approximately $2,686.67. As a result of this incident, Plaintiff received disability income from August 2020 to April 2021.**

13.

Has anything been paid or is anything payable from any third party for the damages listed

5

in your Answers to these Interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

**RESPONSE:  Plaintiff objects to this Interrogatory in light of the fact that the same calls for evidence of collateral sources. The "collateral source rule" bars the defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party and taking any credit toward the defendant's liability and damages for such payments; a tortfeasor is not allowed to benefit by its wrongful conduct or mitigate its liability by collateral sources provided by others. *Hoeflick v. Bradley*, 282 Ga. App. 123, 637 S.E.2d 832 (2006). In light of this fact, the interrogatory seeks evidence which is neither admissible nor calculated to lead to admissible discovery. Subject to these and her General Objections, Plaintiff responds as follows: Please see the attached medical bills. Plaintiff reserves the right to amend or supplement her response to this Interrogatory in accordance with the terms of the Georgia Civil Practice Act.**

14.

List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

**RESPONSE:**

1. **Piedmont Eastside Medical Center South Campus; Emergency Room treating Physician (name unknown); 1700 Medical Way, Snellville, Georgia 30078-1700**

2. **Atlanta Hand Specialist; Hand specialist;**
   **3968 Felton Hill Road, SW, Suite 100, Smyrna, Georgia 30082**

3. **Emory Johns Creek Hospital; Surgeon;**
   **6325 Hospital Pkwy, Johns Creek, GA 30097.**

4. **Kindred At Home; Home healthcare provider;**
   **1075 Old Norcross Road, Suite S, Lawrenceville, Georgia 30048.**

5. **Concussion Institute at Northside Hospital Duluth;**
   **3855 Pleasant Hill Road, Suite 130, Duluth, GA 30096.**

6. **Benchmark Physical Therapy; Physical therapy provider;**

   **5415 Thompson Mill Road, Hoschton, Georgia 30548.**

7. **North of Atlanta Pain Clinic, LLC; NAPC Nerve Testing;**

   **3473 Satellite Blvd., Suite 120, Duluth, Georgia 30096-8690.**

8. **North Metropolitan Radiology Associates, LLP; MRI;**

   **Northside Hospital Gwinnett Imaging Dept., 1000 Medical Center Blvd.,**

   **Lawrenceville, Georgia 30046.**

   **Plaintiff reserves the right to supplement her response to this Interrogatory as discovery progresses, in accordance with the terms of the Georgia Civil Practice Act. See the attached medical records.**

15.

List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

**RESPONSE:  Plaintiff has not treated with any other facilities other than the ones listed as part of Interrogatory response 14. Plaintiff reserves the right to supplement her response to this Interrogatory as discovery progresses, in accordance with the terms of the Georgia Civil Practice Act.**

16.

List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**RESPONSE: Plaintiff's Attorney Cameron Hawkins and other members of the Law Office of Cameron Hawkins. The plaintiff's doctors and Ms. Christa (Last Name Unknown), the on-duty Speedway Manager at the time that the subject Incident occurred. Plaintiff reserves the right to supplement her response to this Interrogatory as discovery progresses, in accordance with the terms of the Georgia Civil Practice Act.**

17.

Have you heard or do you know about any statement or remark made by or on behalf of

any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

**RESPONSE: Upon information and belief, at the time of the incident, Christa, the on-duty Manager of Speedway, LLC, investigated the subject Incident and took a statement from Plaintiff, see the attached documents.**

18.

State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**RESPONSE: My attorney Cameron Hawkins with the Law Office of Cameron Hawkins, LLC, has possession of the following photographs:**

1. **Plaintiff's vehicle at pump #14 at Speedway.**
2. **Several photographs of the gas pump involved with the subject incident;**
3. **Multiple photographs of Plaintiff's left index finger immediately after the incident;**
4. **Several photographs of Plaintiff's left index finger prior to surgery;**
5. **Multiple photographs of Plaintiff's left index finger after surgery;**
6. **Video of her walking with a walker;**
7. **Photographs of both index fingers (for comparison) post-surgery; and**
8. **Plaintiff in her current state with cane.**

19.

Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

**RESPONSE:  On or about September 16, 2019, at approximately 9:35 p.m., Plaintiff visited the Speedway Gas Station in Lawrenceville, Georgia, as an invitee, for the purpose of purchasing gasoline. Plaintiff pulled up to the gas pump to fill up the gas tank located on the driver's side of the vehicle. While pumping gasoline at Speedway, the trigger lever that allows the flow of gasoline into the tank crushed Plaintiff's index finger with such force, that it**

8

dislocated her finger, causing acute injury, severe pain, and suffering. After dislodging her finger, the Plaintiff went into Speedway to notify the manager, Ms. Christa (last name unknown). Ms. Anderson explained to Ms. Christa what happened with the pump and was told she would hear from the corporate office in response to filing a formal complaint with Speedway.

20.

Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

RESPONSE: Plaintiff was involved in an automobile accident over 20 years ago. She was hit on the driver's side of her car and had to hire an attorney for the accident, which occurred in Minnesota. Plaintiff reserves the right to supplement her response to this interrogatory as discovery progresses, in accordance with the terms of the Georgia Civil Practice Act.

21.

Please state if you have ever been in any accidents or incidents of any kind in the past 10 years involving any personal injuries? If so, state what type of injuries you suffered from as a result of the accident, when the accident occurred, if you filed a claim or suit and against whom you filed a claim or suit.

RESPONSE: Plaintiff has not been in any accidents or incidents in the past 10 years other than this accident which occurred on September 16, 2019.

22.

Please list the name and address of all educational facilities or institutions you have attended, including the dates of attendance, and any degrees or certifications obtained.

RESPONSE: Plaintiff has attended the following educational institutions:

1. Minneapolis Community College; 1995-1997;

2. DeVry Institute; 2002; and

3. Saint Leo University; 2010; associate degree in business administration management & marketing.

23.

Please identify any and all claims you have made for personal injuries over the last fifteen years, including lawsuits, claims to insurance companies, worker's compensation claims or other matters seeking monies or compensation, including the name of the party contacted, the name of any attorney utilized, the dates of such claims and status of such claims?

**RESPONSE: Plaintiff has not made any claims for personal injuries over the last 15 years.**

24.

Have you, in the last ten years, applied for any health, life or disability insurance? If so, please identify each and every such insurance carrier, including the name and address of the insurance company, and if applicable, policy number, member number and dates?

**RESPONSE:  Plaintiff has previously benefitted from the Family Medical Leave Act (FMLA) and is now on long-term disability with Cigna, which is now called New York Life. Ms. Anderson applied for social security disability benefits in August 2022. Plaintiff reserves the right to supplement her response to this interrogatory as discovery progresses, in accordance with the terms of the Georgia Civil Practice Act.**

25.

Has any health care provider ever rendered an opinion that you suffered from a permanent disability or permanent impairment, whether or not from this case? If so, please identify the name of the health care provider, address, and approximate date the opinion was rendered?

**RESPONSE: Plaintiff's treating physician Dr. Michael Magonon, with Atlanta Hand Specialist, put her on Temporary Total Disability status from October 8, 2020, through November 23, 2020; January 25, 2021, through May 04, 2021.  Dr. Magonon also put the Plaintiff on a Partial Disability status from October 21, 2019, through January 8, 2020; March 5, 2020, through July 28, 2020, and August 10, 2020, through September 10, 2020. Atlanta Hand Specialist is located at 60 Professional Drive Ste., 100, Lawrenceville, Georgia 30004. Plaintiff reserves the right to supplement her response to this interrogatory as discovery progresses, in accordance with the terms of the Georgia Civil Practice Act. See the attached medical records.**

10

26.

Please identify by name and address each pharmacy at which you have had a prescription for medication filled for yourself in the past ten (10) years.

**RESPONSE: Plaintiff has gone to the following pharmacies for her prescriptions in the last ten years:**

1. **CVS Pharmacy - 620 West Pike Street, Lawrenceville, Georgia 30046; and**
2. **CVS Pharmacy - 1187 Grayson Highway, Lawrenceville, Georgia 30045.**

27.

With regard to the area(s) of the body that you are claiming were injured in the accident described in the Complaint, please state whether or not you were ever treated by any doctor or hospital (including emergency room) or other health care provider for any problems in the same areas of your body before the accident. For each such prior visit to any doctor, hospital or other health care provider, please state the name and address of each such doctor, hospital or health care provider, and the approximate date of each such visit.

**RESPONSE: Plaintiff has not treated with any health care provider prior to the incident for her hand and legs. Plaintiff reserves the right to supplement her response to this interrogatory as discovery progresses, in accordance with the terms of the Georgia Civil Practice Act. See the attached medical records.**

28.

Please list the number and service carrier associated with each cellular telephone used by the Plaintiff and/or registered in the Plaintiff's name (this includes all numbers registered to and/or used by the Plaintiff under a "family plan" or similar service) at both the time of the subject loss and currently.

**RESPONSE: Plaintiff objects to this interrogatory as it is immaterial to the instant action. Subject to and without waiving said objection, Plaintiff states that her cell number is (219) 789-6081 and the service carrier associated with her number is Verizon.**

29.

Describe any and all accidents, dates of the accidents, location of the accidents in which you suffered personal injuries after the subject matter accident which is the subject matter of this lawsuit indicating what the injuries were and whether or not they were of a permanent nature.

**RESPONSE: Plaintiff has not been involved in any other accidents since her**

11

**September 16, 2018, accident with Speedway. Plaintiff reserves the right to supplement her response to this interrogatory as discovery progresses, in accordance with the terms of the Georgia Civil Practice Act.**

30.

Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege and/or the work product doctrine. Subject to the aforementioned objection, Plaintiff states that she has not yet determined whether she will call an expert witness during the trial of this case. Plaintiff specifically reserves the right to utilize treating physicians as experts; see attached medical records. Plaintiff specifically reserves the right to correct and/or modify this Interrogatory Response as necessitated by information gained through further discovery.**

31.

Please identify the type of clothing you were wearing including your top, pants and shoes, and identify for each, their approximate age, and if you still have them.

**RESPONSE: Plaintiff does not recall what she was wearing on September 16, 2019, at the time of the incident. Plaintiff specifically reserves the right to correct and/or modify this Interrogatory Response as necessitated by information gained through further discovery. Please see the attached video and photographs.**

This 5th day of September 2023.

**LAW OFFICE OF CAMERON HAWKINS, LLC**

*/s/ Cameron D. Hawkins*
Cameron D. Hawkins
Georgia Bar No. 250504
Mia P. Fulks
Georgia Bar No. 279902

12

Ananya Roy
Georgia Bar No. 670660
*Attorneys for Plaintiff*

1231 Booth St NW
Atlanta, GA 30318
T: (678) 921-4225
F: (678) 921-4322
chawkins@chawkinslaw.com
mfulks@chawkinslaw.com
aroy@chawkinslaw.com

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I have served the opposing party with the foregoing *Plaintiff's Responses to Defendant Speedway LLC's First Interrogatories to Plaintiff* by emailing via statutory electronic service the same to appropriate parties and opposing counsel of record, including:

Joseph P. Menello
WICKER SMITH O'HARA MCCOY & FORD, PA
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
jmenello@wickersmith.com
alipsett@wickersmith.com
tdeloach@wickersmith.com
*Attorneys for Defendant Speedway LLC*

This 5th day of September 2023.

**LAW OFFICE OF CAMERON HAWKINS, LLC**

/s/ *Cameron D. Hawkins*
Cameron D. Hawkins
Georgia Bar No. 250504
Mia P. Fulks
Georgia Bar No. 279902
Ananya Roy
Georgia Bar No. 670660
*Attorneys for Plaintiff*

1231 Booth St NW
Atlanta, GA 30318
T: (678) 921-4225
F: (678) 921-4322
chawkins@chawkinslaw.com
mfulks@chawkinslaw.com
aroy@chawkinslaw.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANITRICE ANDERSON, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO.: 23-C-03911-S6 |
| SPEEDWAY LLC, MARATHON PETROLEUM CORPORATION LP, and JOHN DOE(S) 1-2, | **JURY TRIAL DEMANDED** |
| Defendants. | |

### PLAINTIFF'S RESPONSES TO DEFENDANT SPEEDWAY LLC'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

COMES NOW Plaintiff Anitrice Anderson (hereinafter "Plaintiff"), in the above-styled civil action, and hereby files her responses to Defendant Speedway LLC's First Requests for Production to Plaintiff and shows as follows:

### GENERAL OBJECTIONS

Objection is made to the preamble to Defendant Speedway LLC's First Request for Production to Plaintiff to the extent said preamble enlarges the permissible scope of discovery under the Civil Practice Act and to the extent said requests seek information not based on personal information and which includes or encompasses work product, materials prepared in anticipation of litigation, and/or materials protected by attorney-client privilege or other privilege, and is protected from discovery. Subject to the foregoing objection, the Plaintiff responds to Defendant Speedway LLC's First Request for Production as follows:

1.

Federal Income Tax Returns and W-2 Forms for the past five years including individual

and joint tax returns.

**RESPONSE: Please see the attached federal income tax returns. Plaintiff specifically reserves the right to supplement this Request response as necessitated by information gained through further discovery.**

2.

Federal Income Tax Returns for the past five years filed for any business or corporation that the Plaintiff has or had an ownership or financial interest.

**RESPONSE: None.**

3.

A complete copy of the front and back sides of any and all health insurance cards or any type of insurance benefit card.

**RESPONSE: Plaintiff objects to this Interrogatory in light of the fact that the same calls for evidence of collateral sources. The "collateral source rule" bars the defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party and taking any credit toward the defendant's liability and damages for such payments; a tortfeasor is not allowed to benefit by its wrongful conduct or mitigate its liability by collateral sources provided by others.** *Hoeflick v. Bradley*, **282 Ga. App. 123, 637 S.E.2d 832 (2006). In light of this fact, the interrogatory seeks evidence which is neither admissible nor calculated to lead to admissible discovery.**

4.

A color copy of the front and back of your driver's license.

**RESPONSE: Plaintiff is in the process of compiling additional records and will supplement accordingly.**

5.

Any and all statements obtained from any person pertaining to the allegations in the Complaint.

**RESPONSE: See the attached Demand, Speedway's Customer contact card, and the Plaintiff's written statement.**

6.

Any and all notices of claim, loss, or injury submitted by you or on your behalf to Publix.

**RESPONSE: Plaintiff never submitted any notices of claims, loss or injury to Publix.**

**However, to the extent this request refers to any communication with Speedway, please see the attached Demand letter to Speedway.**

7.

A color copy of all pages contained within your passport, including the front and back sides of the cover.

**RESPONSE: Plaintiff does not have a passport.**

8.

All medical bills, doctor bills, hospital bills, drug bills, nursing bills, ambulance bills, and bills for similar expenses incurred as a result of and related to the injuries which are or may be the subject matter of this lawsuit.

**RESPONSE: See the attached medical records and medical bills.**

9.

Laser color copies of all photographs taken of any medical procedure you have undergone since the subject accident or incident.

**RESPONSE: See the attached medical records and photographs.**

10.

All videos of any medical procedure you have undergone since the subject accident or incident.

**RESPONSE: Plaintiff in not in the possession of any videos of her medical procedures.**

11.

Laser color copies of any and all photographs in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including, but not limited to, all photographs of the parties, or the scene of the subject accident or incident.  If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

**RESPONSE: See the attached photographs.**

12.

Laser copies of all photographs depicting any change in the physical appearance of the Plaintiff(s) that was allegedly caused by the act or acts of the Publix.

3

**RESPONSE: Plaintiff does not have any laser copies photographs depicting any change in her physical appearance caused by the act or acts of the Publix. However, to the extent this request refers to any photographs depicting any change in the physical appearance of the Plaintiff(s) that was allegedly caused by the act or acts with Speedway, please see the attached Demand letter to Speedway along with the photographs that were taken.**

13.

Any and all videos in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including but not limited to all videos, videos or "day in the life" videos of the parties, or the scene of the subject accident or incident. If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

**RESPONSE: Please see the attached video of the Plaintiff walking. Plaintiff specifically reserves the right to supplement this response as necessitated by information gained through further discovery.**

14.

All medical reports received by the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees, from doctors, physicians or anyone else who has examined or rendered treatment to the Plaintiff(s), for injuries incurred as a result of the accident or incident which is the subject matter of this lawsuit.

**RESPONSE: Please see the attached medical records. Plaintiff specifically reserves the right to supplement this response as necessitated by information gained through further discovery.**

15.

All medical and hospital records for the Plaintiff for the past five years.

**RESPONSE: Please see the attached medical records. Plaintiff specifically reserves the right to supplement this response as necessitated by information gained through further discovery.**

16.

All letters of protection issued to each and every treating physician, and/or any other agreements with any treating physicians wherein those physicians agreed to provide treatment

4

pending the outcome of this lawsuit or claim.

**RESPONSE: Plaintiff does not have letters of protection issued to her treating physician and/or any other agreements. Plaintiff specifically reserves the right to supplement this response as necessitated by information gained through further discovery.**

17.

All documentary evidence of benefits or payments made to the Plaintiff(s) or on Plaintiff(s) behalf.

**RESPONSE: Plaintiff is in the process of compiling additional records and will supplement accordingly.**

18.

All documents reflecting payments made to Plaintiff(s) or on their behalf, as a result of the incident and/or damages that are the subject of this case by the following:

A.      The United States Social Security Act; any Federal State or Local Disability Act; any other public programs providing medical benefits or payment for medical expenses, disability or other similar benefits.

B.      Any health, sickness or disability income insurance or other similar insurance benefits.

C.      Any contract or agreements of any group, organization, partnership or corporation to provide, pay for or reimburse costs of hospital, medical or other health care services.

D.      Any contractual or voluntary wage continuation plan provided by any employers or the Plaintiff(s) or any other system intended to provide wages during any period of alleged disability of the Plaintiff(s).

E.      Any other collateral source whatsoever providing compensation as a result of the damages incurred as a result of the incident or incidents which are the subject of this claim.

**RESPONSE: Plaintiff is in the process of compiling additional records and will supplement accordingly.**

19.

Any audio recordings that are in any manner related to the subject matter of this lawsuit.

**RESPONSE: Plaintiff does not have any audio recordings in her possession at this time. Plaintiff specifically reserves the right to supplement this response as necessitated by information gained through further discovery.**

5

20.

All statements made by Publix, its agents or employees, that are in the possession or control of Plaintiff(s) or Plaintiff(s)' attorneys, servants, employees or agents regarding the incident complained of or in any way relating to the issues raised by the Complaint.

**RESPONSE: Plaintiff does not have any statements made by Publix. However, to the extent this request refers to any statements made by Speedway, please see the attached Speedway customer contact card.**

21.

A copy of a current CV and all statements for services rendered by any expert retained to testify at trial in this case.

**RESPONSE: Plaintiff states that she has not yet determined whether she will call expert witnesses during the trial of this case. Plaintiff reserves the right to supplement this response. Also, Plaintiff specifically reserves the right to utilize treating physicians as experts; see attached medical records.**

22.

All reports received from any experts the Plaintiff(s) intend to call at the time of trial and copies of all documents the experts have reviewed in preparation for rendering any opinions in this case.

**RESPONSE: Plaintiff states that she has not yet determined whether she will call expert witnesses during the trial of this case. Plaintiff reserves the right to supplement this response. Also, Plaintiff specifically reserves the right to utilize treating physicians as experts; see attached medical records.**

23.

All documents that the experts have reviewed in arriving at their opinions in this case. (This request only relates to experts Plaintiff(s) intend to call at trial to testify.)

**RESPONSE: Plaintiff states that she has not yet determined whether she will call expert witnesses during the trial of this case. Plaintiff reserves the right to supplement this response. Also, Plaintiff specifically reserves the right to utilize treating physicians as experts; see attached medical records.**

24.

All other documents in the possession or control of the Plaintiff(s) that support the

Plaintiff(s)' claims that Publix is liable for the damages being claimed in this case.

**RESPONSE: Plaintiff does not have any documents in her possession or control that were submitted to Publix. However, to the extent this request refers to documents submitted to Speedway, please see the attached documents.**

25.

Any correspondence sent to or received by the Plaintiff(s) from any Defendant. This request does not include any correspondence with any attorneys and is strictly limited to any correspondence between the named parties in this litigation.

**RESPONSE: See the attached incident statement.**

26.

The Plaintiff's Social Security Personal Earnings and Benefits Statement.

**RESPONSE: Plaintiff objects to this interrogatory to the extent that it seeks irrelevant information, collateral source information and information not likely to lead to the discovery of admissible evidence.**

27.

Any and all settlement agreements and releases with any individual or corporation that in any way relate to or arise out of the allegations that are the subject of this litigation.

**RESPONSE: None.**

28.

A copy of the first written notice of any type sent by you (or on your behalf) to Publix or its agents relating to this incident.

**RESPONSE: Plaintiff does not have any written notices of any type that were sent to Publix. However, to the extent this request refers to any photographs with Speedway, please see the attached demand letter.**

29.

All notes, text messages, and emails written by the Plaintiff(s) prior to the retention of counsel that relate to the allegations or subject matter of the Complaint.

**RESPONSE: None.**

30.

Please produce all documents that you have received from all Open Records Act requests and non-party requests for production of documents pertaining to this case.

**RESPONSE: None. Plaintiff specifically reserves the right to supplement this response as necessitated by information gained through further discovery.**

31.

Please produce all credit card and/or debit card statements from the date of the incident.

**RESPONSE: Plaintiff is in the process of compiling additional records and will supplement accordingly.**

32.

Please produce all documents that support your claim for pain and suffering.

**RESPONSE: See the attached medical records and photographs.**

33.

Please produce each and every document that evidence ways in which you purportedly mitigated the damages you allegedly sustained as a result of the subject accident.

**RESPONSE: See the attached medical records and photographs.**

34.

Please produce any and all documents evidencing your membership, attendance, and/or participation in a gym, fitness club, or fitness program of any type of which you have been a member in the last 10 years.  This request explicitly includes emails containing membership information as well as attendance and member keycard access records.

**RESPONSE: Plaintiff is not a member of a gym. Plaintiff participated in strength training sessions with her physiologist.**

35.

The clothing, including top, pants and shoes that you were wearing at the time of the subject incident.  In lieu of providing the actual pieces of clothing, please provide laser, color copies of each and provide dates on which those items of clothing can be inspected.  This shall also serve as a demand that such items of clothing be preserved and unaltered until such time as the undersigned is able to inspect such items.

**RESPONSE: Please see the attached Demand with photographs. Plaintiff specifically reserves the right to supplement this response as necessitated by information gained through further discovery.**

36.

Copies of any and all social media posts that you made from the 6 months prior to the

subject incident to the present day including any photographs and videos.  This shall also serve as a demand that you do not change or delete any social media information prior to inspection by the undersigned.

**RESPONSE: Plaintiff states she has a Facebook, and Instagram account. Plaintiff specifically reserves the right to correct and/or modify this request as necessitated by information gained through further discovery.**

This 5th day of September 2023.

**LAW OFFICE OF CAMERON HAWKINS, LLC**

/s/ *Cameron D. Hawkins*
Cameron D. Hawkins
Georgia Bar No. 250504
Mia P. Fulks
Georgia Bar No. 279902
Ananya Roy
Georgia Bar No. 670660
*Attorneys for Plaintiff*

1231 Booth St NW
Atlanta, GA 30318
T: (678) 921-4225
F: (678) 921-4322
chawkins@chawkinslaw.com
mfulks@chawkinslaw.com
aroy@chawkinslaw.com

9

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this date I have served the opposing party with the foregoing *Plaintiff's Responses to Defendant Speedway LLC's First Requests for Production to Plaintiff* by emailing via statutory electronic service the same to appropriate parties and opposing counsel of record, including:

Joseph P. Menello
WICKER SMITH O'HARA MCCOY & FORD, PA
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
jmenello@wickersmith.com
alipsett@wickersmith.com
tdeloach@wickersmith.com
*Attorneys for Defendant Speedway LLC*

This 5th day of September 2023.

**LAW OFFICE OF CAMERON HAWKINS, LLC**

<u>/s/ *Cameron D. Hawkins*</u>
Cameron D. Hawkins
Georgia Bar No. 250504
Mia P. Fulks
Georgia Bar No. 279902
Ananya Roy
Georgia Bar No. 670660
*Attorneys for Plaintiff*

1231 Booth St NW
Atlanta, GA 30318
T: (678) 921-4225
F: (678) 921-4322
chawkins@chawkinslaw.com
mfulks@chawkinslaw.com
aroy@chawkinslaw.com

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03911-S6**

**9/5/2023 4:27 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ANITRICE ANDERSON,

                Plaintiff,

      v.

SPEEDWAY, LLC; MARATHON
PETROLEUM CORPORATION, LP; and
JOHN DOE(S) 1-2,

            Defendants.

CIVIL ACTION FILE

NO.: 23-C-03911-S6

**JURY TRIAL DEMANDED**

## UNIFORM RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

COMES NOW, ANITRICE ANDERSON (hereinafter "Plaintiff"), Plaintiff in the above-captioned matter and serves upon Defendant SPEEDWAY, LLC'S (hereinafter "Defendant Speedway"), in compliance with Uniform Superior Court Rule 5.2, and hereby files this Certificate of Service relating to the following:

    *1. PLAINTIFF'S RESPONSES & OBJECTIONS TO DEFENDANT SPEEDWAY, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF;*

    *2. PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT SPEEDWAY, LLC'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF; and*

    *3. PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT SPEEDWAY, LLC'S FIRST SET OF ADMISSIONS TO PLAINTIFF.*

Pursuant to O.C.G.A. § 9-11-5 and Uniform Superior Court Rule 36.16, I certify that I have on this date electronically served the foregoing on all parties of record by filing this Certificate of Service with the Clerk of the State Court of Gwinnett County via the Odyssey e-file system. The

undersigned counsel for the Plaintiff certifies that the described documents were served by emailing via statutory electronic service as follows:

Joseph P. Menello
WICKER SMITH O'HARA MCCOY & FORD, PA
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
jmenello@wickersmith.com
alipsett@wickersmith.com
tdeloach@wickersmith.com
*Attorney for Defendant Speedway LLC*

This 5th day of September, 2023.

**LAW OFFICE OF CAMERON HAWKINS, LLC**

/s/ *Cameron D. Hawkins*
Cameron D. Hawkins
Georgia Bar No. 250504
Mia P. Fulks
Georgia Bar No. 279902
Ananya Roy
Georgia Bar No. 670660
*Attorneys for Plaintiff*

1231 Booth St NW
Atlanta, GA 30318
T: (678) 921-4225
F: (678) 921-4322
chawkins@chawkinslaw.com
mfulks@chawkinslaw.com
aroy@chawkinslaw.com

2