# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HOLIDAY HOSPITALITY FRANCHISING, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>RICK Q. LY a/k/a RICHARD QUAN LY,<br><br>  Defendant. | Civil Action No.: |

## NOTICE OF REMOVAL

Defendant RICK Q. LY a/k/a RICHARD QUAN LY ("Ly" or "Defendant"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, respectfully files this Notice of Removal giving notice that he is removing this civil action to the United States District Court for the Northern District of Georgia, Atlanta, Division. In support of this Notice of Removal, Ly states as follows:

  1. On or about May 31, 2023, Plaintiff, Holiday Hospitality Franchising, LLC ("Plaintiff") filed a complaint in the State Court of DeKalb County, State of Georgia, entitled *Holiday Hospitality Franchising, LLC, v. Rick Q. Ly a/k/a Richard*

*Quan Ly*, designated Civil Action No. 23A02391 (hereinafter referred to as the "State Court Action").

2. The State Court of DeKalb County, State of Georgia in which the action was filed lies within the Atlanta Division of the United States District Court Northern District of Georgia for wherein this Notice of Removal is filed. *See* Local Rule App. A, I. Thus, venue in this District is proper. *See* 28 U.S.C. § 1441(a).

3. This Court has subject-matter jurisdiction of the action pursuant to 28 U.S.C. § 1332 in that it is a civil action (1) between citizens of different States and (2) where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. According to the Complaint, Plaintiff is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. (*See* Compl., ¶ 1).

5. Allegations of an individual's residence do not enable the Court to determine an individual's citizenship. Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For purposes of diversity jurisdiction, citizenship is equivalent to domicile, which is a party's "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). "[A] limited

partnership is a citizen of each state in which any of its partners, limited or general, are citizens." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-196 (1990)). A limited liability company, like other unincorporated entities, "is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, 374 F.3d at 1022. A traditional trust is a citizen of the state of which its trustee is a citizen, not its beneficiaries. Alliant Tax Credit 31, Inc. v. Murphy, 924 F.3d 1134, 1143 (11th Cir. 2019).

6. Upon information and belief, based on prior filings in this Court, Holiday Hospitality Franchising has a single member, Six Continents Hotels, Inc., a corporation organized under the laws of Delaware, with its principal place of business in Atlanta. *See* Holiday Hospitality Franchising, LLC v. Holtsville Hospitality, LLC, et. al., Case No. 1:16-cv-00828-TWT, Dkt. 1; *see also* Holiday Hospitality Franchising, LLC v. Northern Riverfront Marina and Hotel, LLLP, et. al., Case No. 1:21-cv-02584-TWT, Dkt. 1.  Thus, Plaintiff is therefore a citizen of Delaware and Georgia for diversity purposes. In any event, upon information and belief, no member of Holiday Hospitality Franchising is a citizen of Mississippi.

7. Ly is a citizen of the state of Mississippi.

8.     Thus, there is complete diversity between the States of residence for all parties to this action as prescribed by 28 U.S.C. § 1332(a) and (c).

9.     An action may be removed to and remain in federal court if the defendant establishes by a preponderance of the evidence that the aggregate amount in controversy exceeds the jurisdictional amount. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

10.    In determining whether the amount in controversy exceeds $75,000, the Court must presume that Plaintiffs will prevail on every one of their claims. *Burns v. Windsor Inc.*, 31 F.3d 1092 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability").

11.    Although Ly denies all liability to Plaintiff, this action satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a)(1) as a reasonable reading of the value being litigated leads to the conclusion that the amount in controversy will be in excess of $75,000, exclusive of interest and costs. The Complaint asserts claims for breach of contract and seeks liquidated damages in the amount of $1,724,288.44. As a result, the amount in controversy alleged by Plaintiff, exclusive of interest, attorneys' fees, and costs, exceeds $75,000. Therefore, the statutory minimum for diversity jurisdiction is satisfied in this matter.

12. Thus, this Court has original jurisdiction under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Plaintiff and Ly; and (2) the damages Plaintiff seeks exceed the $75,000 jurisdictional threshold.

13. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446. On August 16, 2023, Ly was purportedly served with a Summons and Complaint by Sheriff's service.[1] Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) if it is "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Thus, in any event, this Notice of Removal is timely as it is filed within 30 days of the purported service upon Ly as prescribed by 28 U.S.C. § 1446.

14. As required by 28 U.S.C. § 1446, attached hereto within Exhibit "A" are copies of all of the documents which are all of the process, pleadings, and orders in the State Court Action, which are in the possession of the undersigned and served upon Ly. Upon information and belief, there are no pending motions in the State Court Action:

    (a)    Docket Sheet as of September 13, 2023;

---

[1] Ly preserves all defenses that may relate to service as the Summons and Complaint were left with a third party, not Ly.

   (b)  Complaint;

   (c)  General Civil Information Form;

   (d)  Summons; and

   (e)  Sheriff's Entry of Service.

 15. Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal are today being served upon all adverse parties and upon the Clerk of the State Court of DeKalb County, Georgia. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "B."

 16. Ly submits this Notice of Removal without waiving any defense to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted. Ly specifically reserves the right to assert, if applicable, any and all defenses enumerated under Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including, but not limited to, those enumerated under Rule 8(c) of the Federal Rules of Civil Procedure, upon the filing of his responsive pleadings within the time allotted under the Federal Rules.

 Defendant Ly prays that the above case now pending against it in the State Court of DeKalb County, Georgia be removed therefrom to this Court, together with such other and further relief as this Court deems just, fair, and appropriate.

Respectfully submitted this 14th day of September, 2023.

                            **TAYLOR ENGLISH DUMA LLP**

                            <u>/s/ Matthew R. Rosenkoff</u>
                            Matthew R. Rosenkoff, Esq.
                            Georgia Bar No. 842117
                            Michael S. Rosenthal
                            Georgia Bar No. 614750
                            1600 Parkwood Circle – Suite 200
                            Atlanta, Georgia 30339
                            Telephone: (770) 434-6868
                            Facsimile: (770) 434-7376
                            mrosenkoff@taylorenglish.com

## <u>LOCAL RULE 7.1D CERTIFICATION</u>

I hereby certify that the foregoing complies with the font and point requirements of LR 5.1, to wit, the foregoing was prepared in Times New Roman font, 14-point type.

                            **TAYLOR ENGLISH DUMA LLP**

                            <u>/s/ Matthew R. Rosenkoff</u>
                            Matthew R. Rosenkoff, Esq.
                            Georgia Bar No. 842117
                            1600 Parkwood Circle – Suite 200
                            Atlanta, Georgia 30339
                            Telephone: (770) 434-6868
                            Facsimile: (770) 434-7376
                            mrosenkoff@taylorenglish.com

- 8 -

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HOLIDAY HOSPITALITY FRANCHISING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RICK Q. LY a/k/a RICHARD QUAN LY, <br><br> Defendant. | **Civil Action No.:** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2023, a copy of the foregoing was filed via CM/ECF and served upon counsel of record via electronic notification.

/s/ Matthew R. Rosenkoff
Matthew R. Rosenkoff, Esq.
Georgia Bar No. 842117
