## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JEFFREY ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | **NO.: _____** |
| **v.** | ) | |
| | ) | **From Fulton County State** |
| **R.J. CORMAN RAILROAD SERVICES,** | ) | **Court No.: 23EV004334** |
| **LLC, and JOHN DOE** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Defendant R.J. Corman Railroad Services, LLC ("Defendant" or "R.J. Corman") hereby gives notice of its removal of Case No. 23EV004334 from the State Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1441 and 1446. In addition to removing this matter, R.J. Corman specifically reserves the right to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure as well as transferring this matter to the proper venue. As grounds for removal, R.J. Corman states as follows:

## INTRODUCTION

1.      Plaintiff Jeffrey Allen commenced this action in the State Court of Fulton County, Georgia, Case No. 23EV004334, on or about July 19, 2023 by filing a Complaint against R.J. Corman and fictitious party John Doe. The United States District Court for the Northern District of Georgia, Atlanta Division, is the district and division embracing the Court where this action is currently pending.  A true and correct copy of all process, pleadings, and orders in the state court action is attached hereto as **Exhibit A**.

2.      Allen's Complaint alleges negligence against R.J. Corman for injuries he claims to have sustained on October 4, 2021 in a rail yard in Chickamauga, Georgia. He alleges he was working for Shaw Industries at the Chickamauga rail yard when he suffered injuries after tripping and falling on a "metal spacer." (Ex. A, Complaint at ¶¶ 9; 11). He claims that R.J. Corman failed to adequately maintain its workplace, failed to clean up construction materials, and caused him to suffer injuries to his back. (*Id.* at 12–15).

3.      Allen alleges he suffered personal injuries and has incurred expenses for medical attention. He also claims to have suffered lost wages.  He also says there is a reasonable probability these medical expenses and lost wages will continue to accrue in the future. Allen also makes damages claims for past and future pain and suffering and permanent disability. (*Id.* at ¶ 23–25).

## TECHNICAL REQUIREMENTS FOR REMOVAL

4.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

5.      R.J. Corman was served on August 15, 2023. (*See* Ex. A, Notice Service). Because this Notice of Removal is filed within thirty (30) days of service of the Summons and Complaint, it is timely under 28 U.S.C. § 1446 (b)(1).

6.      The proper filing fee has been tendered to the Clerk of the United States District Court of the Northern District of Georgia.

7.      Written notice of the filing of this Notice of Removal will be provided to all adverse parties in this case, and a copy will be filed with the Clerk of the State Court of Fulton County, Georgia, as directed by 28 U.S.C. § 1446(d), along with a Notice of Filing Notice of Removal.

8.      This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which the United States District Court for that district has original jurisdiction. The United States District Court for the Northern District of Georgia, Atlanta Division, is the federal judicial district and division embracing the State Court of Fulton County, Georgia where the suit was originally filed. Removal to this District and Division is therefore proper pursuant to 28 U.S.C. § 123(a)(4) and § 1441(a).

9.      Moreover, as discussed more fully below, this Court has original, diversity jurisdiction under 28 U.S.C. § 1332 because Allen and R.J. Corman are completely diverse, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.     Written notice of the filing of this Notice of Removal has been served upon Plaintiff, and a copy of this Notice of Removal, along with the Notice of Filing Notice of Removal, will be promptly filed with the Clerk of the State Court of Fulton County, Georgia.  A copy of the Notice of Filing Notice of Removal is attached hereto (without exhibits thereto) as **Exhibit B.**

## DIVERSITY JURISDICTION

11.     Under 28 U.S.C. §1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and cost. This case is properly removable pursuant to 28 U.S.C. § 1332 because the amount-in-controversy exceeds $75,000.00, and the parties are completely diverse. *See* 28 U.S.C. § 1332(a)(2); *Darden v. Ford Consumer Finance Co.*, 200 F.3d 753, 755 (11th Cir. 2000).

12.     Because diversity jurisdiction exists in this matter, this Court is statutorily obligated to exercise jurisdiction pursuant to 28 U.S.C. § 1332. *See*

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) ("[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.").

**A.   Allen and R.J. Corman are completely diverse.**

13.   Section 1332 demands complete diversity, such that no plaintiff may be a citizen of the same state as any defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1198 n. 31 (11th Cir. 2007).

14.   There is complete diversity between Allen and R.J. Corman because Allen is a citizen of Georgia and R.J. Corman is a citizen of Kentucky.

15.   Although Plaintiff Jeffrey Allen failed to plead his citizenship in his Complaint, upon information and belief, he is a citizen of Georgia. Allen is a citizen of Georgia because he is domiciled there. *See McCormick v. Aderholt*, 293 F. 3d 1254, 1257 (11th Cir. 2002). An individual's domicile is determined by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. *Miss. Brand of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Courts look to a series of non-exclusive, objective factors, including: location of employment, home ownership and ownership of real property, registration and title of automobiles, driver's licensing, voter registration, payment of utilities, banking, mailing address, and memberships in local professional, civic,

religious, or social organizations. *See Duff v. Beaty*, 804 F. Supp. 332, 335 (N.D. Ga. 1992) (looking to "any number of objective factors, e.g. payment of taxes, procurement of driver's license, exercise of voting rights, moving of personal belonging, ownership or rental of property, location of family, place of employment, etc.").

16.     Here, Plaintiff's place of employment, Shaw Industries, as referred to in his Complaint, is located at 12454 N Highway 27, Chickamauga, GA 30707. In addition, in the records attached to his Complaint, Allen lists his home address, which is a Georgia address. Because Allen works in Georgia and, upon information and belief, resides in Georgia, Allen is to be considered a citizen of Georgia for diversity purposes.

17.     Limited liability companies like R.J. Corman are "a citizen of any state of which a member of the company is a citizen." *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

18.     R.J. Corman is a citizen of Kentucky. (*See* Affidavit of Edward Quinn III, attached as **Exhibit C**). R.J. Corman's sole member is R.J. Corman Railroad Group, LLC. Because R.J. Corman's sole member is also a limited liability company, the citizenship of R.J. Corman Railroad Group, LLC is determinative. *See*

*Flintlock Const. Servs., LLC*, 710 F. 3d at 1224; *see also RES-GA Creekside Manor, LLC v. StarHome Builders, Inc.*, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) ("[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court.").

19.    The sole member of R.J. Corman Railroad Group, LLC is the Richard J. Corman Living Trust, a traditional trust established under the laws of Rhode Island. (Ex. C at ¶ 3). The citizenship of a traditional trust is determined by the citizenship of its trustees. *See Alliant Tax Credit 31, Inc. v. Murphy*, 924 F. 3d 1134, 1143 (11th Cir. 2019).

20.    All of the Trustees of Trust are citizens of the Commonwealth of Kentucky. (Ex. C at ¶¶ 4–6).

21.    Because the trustees of the Richard J. Corman Living Trust are considered citizens of Kentucky, the R.J. Corman Railroad Group, LLC is considered a citizen of Kentucky. Because R.J. Corman's sole member is considered a citizen of Kentucky for purposes of diversity jurisdiction, R.J. Corman is a citizen of Kentucky for purposes of diversity jurisdiction.

22.     Because Allen is considered a citizen of Georgia while R.J. Corman is a citizen of Kentucky, the parties are diverse for the purposes of diversity jurisdiction.

23.     Plaintiff has also named an unknown person JOHN DOE as a defendant and has designated them under a fictitious name.  Pursuant to 28 U.S.C. § 1441(b), in determining whether a civil action is removable on the basis of the jurisdiction under 28 U.S.C. § 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded.

**B.      The amount in controversy exceeds $75,000.00.**

24.     Removal is proper because the amount in controversy will likely meet the $75,000.00 jurisdictional threshold, exclusive of interest and costs. Plaintiff seeks $70,000.00 in compensatory damages and an unspecified amount of general damages for pain and suffering. A defendant seeking removal to federal court based on diversity jurisdiction need show only, by preponderance of the evidence, that over $75,000.00 is likely at stake in the litigation to satisfy § 1332's amount in controversy requirement—not that plaintiff will likely or necessarily recover more than $75,000. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F. 3d 1312, 1315 (11th Cir. 2014). A removing defendant is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter*

*City Plaza II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2010); *Painter v. Sixt Rent A Car, LLC*, 2020 WL 6106625, at *2 (N.D. Ga. June 17, 2020) (explaining that where a plaintiff makes a base line monetary demand of $65,000.00 for special damages and requests additional compensatory damages, the court can assume the sum of the compensatory damages and the special damages will be more than $75,000.00 in damages).

25.    Allen has initially requested that he be awarded $70,000.00 in special damages, including medical expenses and lost wages.  He also states that his medical bills are currently unknown but infers they will continue to increase. He says that he will incur future medical expenses and lost wages but that the exact amount of these future medical expenses and lost wages is not known at this time. (Ex. A, Compl. at ¶ 3).

26.    Additionally, and separately, Allen alleges *general damages*, "including compensation for past and future pain and suffering in an amount to be determined by the enlightened conscience of a fair and impartial jury." (Ex. A, Compl. at ¶ 4).

27.    Allen's request for $70,000.00 in special damages and open-ended request for general damages for pain and suffering make the amount in controversy more than likely over $75,000.00. *See Painter*, 2020 WL 6106625, at *2.

28.    Accordingly, this case is properly removable because it is between a citizen of one state and citizens of a foreign state and the amount in controversy meets the jurisdictional threshold.

### ADOPTION AND RESERVATION OF DEFENSES

29.    R. J. Corman reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses that may independently support a basis for removal.

30.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of R.J. Corman's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Rule 12 of the Federal Rules of Civil Procedure, Georgia common law, any state or federal statute, or otherwise.

### CONCLUSION

Defendant R.J. Corman Railroad Services, LLC prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this

action from the State Court of Fulton County, Georgia, to the United States District

Court for the Northern District of Georgia.

Respectfully submitted this 14th day of September, 2023.

*/s/ Grace B. Callanan*
Grace B. Callanan
Georgia Bar No. 909597
gcallanan@burr.com
Counsel for Defendant R.J. Corman
Railroad Services, LLC

BURR & FORMAN LLP
171 17th Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATION OF COUNSEL

I hereby certify I prepared the foregoing **NOTICE OF REMOVAL** with

Times New Roman, 14 point font, one of the font and point selections approved by

the Court in LR 5.1B.

*/s/ Grace B. Callanan*
Grace B. Callanan
Georgia Bar No. 909597
gcallanan@burr.com
Counsel for Defendant R.J. Corman
Railroad Services, LLC

BURR & FORMAN LLP
171 17th Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2023, I presented the foregoing **NOTICE OF REMOVAL** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record, or, if notice is not provided to the attorney via the CM/ECF system, that a true and correct copy of same will be served via United States First Class Mail, postage prepaid, and addressed as follows:

> Carson A. Royal
> GA Bar No. 964008
> **HARRISS HARTMAN LAW FIRM, P.C.**
> P.O. Drawer 220
> Rossville, GA  30741
> (706) 861-0203
> (706) 861-6838 (Facsimile)
> Email:  carson.royal@harrisshartman.com

*/s/ Grace B. Callanan*
Grace B. Callanan
Georgia Bar No. 909597
gcallanan@burr.com
Counsel for Defendant R.J. Corman
Railroad Services, LLC

BURR & FORMAN LLP
171 17th Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244