# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JEFFREY ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO: _____ |
| ) | |
| R.J. CORMAN RAILROAD ) | |
| SERVICES, LLC, et al, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT R.J. CORMAN RAILROAD SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW**, Defendant R.J. Corman Railroad Services, LLC, by and through its undersigned counsel of record, and in Answer to the Plaintiff Jeffrey Allen ("Plaintiff" or "Allen")'s Complaint for Damages, states as follows:

### STATEMENT OF JURISDICTION AND VENUE

1.

No response is required to Paragraph 1, or to any legal conclusions or statements therein. To the extent a response is required, Defendant denies the allegations as set forth in this paragraph and demands strict proof thereof.

51694522 v1

2.

Defendant denies the allegations as set forth in Paragraph 2 of Plaintiff's Complaint and demands strict proof thereof.

3.

Defendant denies the allegations as set forth in Paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

4.

This Defendant denies the allegations as set forth in Paragraph 4 of Plaintiff's Complaint and demands strict proof thereof.

5.

No response is required to Paragraph 5, or to any legal conclusions or statements therein. To the extent a response is required, Defendant denies the allegations as set forth in this paragraph and demands strict proof thereof.

## **FACTS OF THE CASE**

6.

Defendant reasserts and reavers all previous admissions, denials, and defenses to Paragraphs 1 through 5 as though fully set out herein.

7.

As currently phrased, Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and therefore denies the same.

8.

As currently phrased, Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and therefore denies the same.

9.

Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and therefore denies the same.

10.

As currently phrased, Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and therefore denies the same.

11.

Defendant is without sufficient information to either admit or deny the allegations of this paragraph, and therefore denies the same.

12.

Defendant denies the allegations as set forth in Paragraph 12 and demands strict proof thereof.

13.

Defendant denies the allegations as set forth in Paragraph 13 and demands strict proof thereof.

14.

As currently phrased, Defendant denies the allegations as set forth in Paragraph 14 and demands strict proof thereof.

15.

Defendant denies the allegations as set forth in Paragraph 15 and demands strict proof thereof.

## **NEGLIGENCE OF DEFENDANT**

16.

Defendant reasserts and reavers all previous admissions, denials, and defenses to Paragraphs 1 through 15 as though fully set out herein.

17.

No response is required to Paragraph 17, or to any legal conclusions or statements therein.  To the extent a response is required, Defendant denies the allegations as set forth in this paragraph and demands strict proof thereof.

18.

Defendant denies the allegations as set forth in Paragraph 18 and demands strict proof thereof.

19.

Defendant denies the allegations as set forth in Paragraph 19 and demands strict proof thereof.

20.

Defendant denies the allegations as set forth in Paragraph 20 and demands strict proof thereof.

21.

Defendant denies the allegations as set forth in Paragraph 21 and demands strict proof thereof.

22.

Defendant denies the allegations as set forth in Paragraph 22 and demands strict proof thereof.

23.

Defendant denies the allegations as set forth in Paragraph 23 and demands strict proof thereof.

24.

Defendant denies the allegations as set forth in Paragraph 24 and demands strict proof thereof.

25.

Defendant denies the allegations as set forth in Paragraph 25 and demands strict proof thereof.

In response to the paragraph beginning with WHEREFORE following Paragraph 25 (Plaintiff's prayer for relief), Defendant denies that Plaintiff is entitled to any of the relief sought in his prayer for relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint is barred by lack of jurisdiction and/or improper venue.

### SECOND DEFENSE

Venue is improper under the doctrine of *forum non conveniens*. This case should be transferred pursuant to 28 U.S.C. § 1404 to the Rome Division of the Northern District of Georgia.

### THIRD DEFENSE

Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff failed to join parties who are needed for a just adjudication.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, set off, subrogation, accord and satisfaction, ratification, res judicata, collateral estoppel, consent, acquiescence, laches, and unclean hands.

### SIXTH DEFENSE

Plaintiff's Complaint fails to the extent conditions precedent for a direct claim against this Defendant have not occurred.

### SEVENTH DEFENSE

Plaintiff's claims are barred because this Defendant has not breached any duties allegedly owed, arising by contract and/or by operation of law.

### EIGHTH DEFENSE

Plaintiff's claims fail because this Defendant at all times relevant conducted itself in compliance with all federal, state and local applicable statutes, codes and regulations.

## NINTH DEFENSE

This Defendant's equipment, procedures, and/or employees were not negligent, unsafe, or dangerous in any way.

## TENTH DEFENSE

No act or omission of this Defendant was the proximate or legal cause of any injury or damage allegedly sustained by Plaintiff and/or Plaintiff's decedent.

## ELEVENTH DEFENSE

The incident described in the Complaint was not a reasonably foreseeable consequence of any act or omission on the part of this Defendant.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of intervening and/or superseding cause.

## THIRTEENTH DEFENSE

To the extent Plaintiff incurred any injuries or damages, such injuries or damages were caused by the intervening or superseding cause of the act or omissions of third parties over which this Defendant had no responsibility or control and for which this Defendant may not be held liable.

## FOURTEENTH DEFENSE

The sole proximate cause of the accident referenced in the Complaint was the negligence of Plaintiff, with the result that the plaintiff is not entitled to recover in this action. Plaintiff's own negligence consists of, but is not limited to, the following particulars:

(a) Failure to take proper safety precautions that he was aware of, or should have been aware of, and which could have prevented the injuries alleged herein;

(b) Failure to observe what he should have observed;

(c) Failure to comply with safety instructions or regulations of which he was aware, or should have been aware;

(d) Failure to keep a proper lookout; and

(e) Any and all acts of negligence as may be determined by discovery or trial on the merits.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred for failure to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would appreciate under the same or similar circumstances.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of comparative and/or contributory negligence.

## SEVENTEENTH DEFENSE

This Defendant further shows that any party or actor found to be negligent or at fault with respect to Plaintiff's alleged claims must be required to satisfy any such claims in accordance with its proportional share of negligence or fault to be determined in this action.

## EIGHTTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part as Plaintiff had the last clear chance to avoid the accident which forms the basis of this action.

## NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by assumption of the risk.

## TWENTIETH DEFENSE

This Defendant pleads the affirmative defense of Plaintiff's subsequent negligence.

## TWENTY-FIRST DEFENSE

This Defendant pleads the affirmative defense of damnun absque injuria (damage without wrong).

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred because Plaintiff has not sustained any damages as a result of any alleged act or omission by this Defendant.

### TWENTY-THIRD DEFENSE

To the extent that Plaintiff has received payment from any alleged joint tort-feasor in satisfaction of any of the injuries and/or claims against the Defendants and/or other alleged joint tort-feasors, this Defendant is entitled to apportionment and/or a set-off.

### TWENTY-FOURTH DEFENSE

To the extent that Plaintiff has received payment from any alleged joint tort-feasor in full satisfaction of any of the injuries and/or claims against the Defendants and/or other alleged joint tort-feasors, the Complaint is barred by the defenses of payment and accord and satisfaction.

### TWENTY-FIFTH DEFENSE

This Defendant pleads failure to mitigate.

### TWENTY-SIXTH DEFENSE

Plaintiff is not entitled to recover attorney's fees or the expenses of litigation.

-12-

## TWENTY-SEVENTH DEFENSE

All or some of the damages claimed by Plaintiff are speculative and are thus barred.

## TWENTY-EIGHTH DEFENSE

Plaintiff cannot meet the requirements of O.C.G.A. § 51-12-5.1, and as a result, punitive damages may not be awarded in this case.

## TWENTY-NINTH DEFENSE

This Defendant asserts all affirmative defenses available pursuant to O.C.G.A. § 9-11-8 which may be supported by any evidence in this action.

## THIRTIETH DEFENSE

This Defendant asserts all affirmative defenses available pursuant to O.C.G.A. § 9-11-12 not hereinbefore or hereinafter asserted which may be supported by any evidence in this action.

## THIRTY-FIRST DEFENSE

To the extent Plaintiff seeks punitive damages, this Defendant states that an award of punitive damages deprives Defendant of property without due process of law in violation of Defendant's rights under the United States Constitution, and the standard for determining whether to impose punitive damages is vague and

indefinite, does not provide adequate guidance to the trier of fact, and fails to require proof by an appropriate standard.

## **RESERVATION OF DEFENSES**

This Defendant reserves the right to amend its answer and assert additional affirmative defenses as discovery dictates. To the extent any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this the 14th day of September, 2023.

*/s/ Grace B. Callanan*
Grace B. Callanan
Georgia Bar No. 909597
gcallanan@burr.com
Counsel for Defendant R.J. Corman
Railroad Services, LLC

BURR & FORMAN LLP
171 17th Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATION OF COUNSEL

I hereby certify I prepared the foregoing **ANSWER** with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1B.

                                              */s/ Grace B. Callanan*
Grace B. Callanan
Georgia Bar No. 909597
gcallanan@burr.com
Counsel for Defendant R.J. Corman
Railroad Services, LLC

BURR & FORMAN LLP
171 17th Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2023, I presented the foregoing **ANSWER** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record, or, if notice is not provided to the attorney via the CM/ECF system, that a true and correct copy of same will be served via United States First Class Mail, postage prepaid, and addressed as follows:

>
> Carson A. Royal
> GA Bar No. 964008
> **HARRISS HARTMAN LAW FIRM, P.C.**
> P.O. Drawer 220
> Rossville, GA  30741
> (706) 861-0203
> (706) 861-6838 (Facsimile)
> Email:  carson.royal@harrisshartman.com

>
> */s/ Grace B. Callanan*
> Grace B. Callanan
> Georgia Bar No. 909597
> gcallanan@burr.com
> Counsel for Defendant R.J. Corman
> Railroad Services, LLC

BURR & FORMAN LLP
171 17th Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

51694522 v1