# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MAIN STREET AMERICA ASSURANCE COMPANY, | Civil Action No.: |
| Plaintiff, | |
| v. | |
| SHARLICE EDWARDS, as next friend, mother and guardian of AE, a minor; McDONALD'S CORPORATION, a Delaware Foreign Corporation; McDONALD'S USA, LLC, a Delaware Foreign Limited Liability Company; BPV PARTNERS, LLC, a Georgia Limited Liability Company; and VINEYARD MANAGEMENT CORPORATION, a Georgia Domestic Profit Corporation, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW AMERICAN FAMILY MUTUAL INSURANCE COMPANY (hereinafter referred to as "American Family") and MAIN STREET AMERICA ASSURANCE COMPANY (hereinafter referred to as "MSA") and file this Complaint for Declaratory Judgment ("Complaint"), showing the Court as follows:

### NATURE OF THE ACTION

1. This is a declaratory judgment action wherein Plaintiffs seek a declaration that they do not owe a duty to defend or indemnify McDonald's Corporation ("McDonald's"), McDonald's USA, LLC ("McDonald's USA"), BPV Partners, LLC ("BPV"), and Vineyard Management Corporation ( "Vineyard") with respect to the claims made by Sharlice Edwards as the next of friend, mother and guardian of AE, a minor ("Edwards") in the lawsuit captioned *Edwards v. McDonald's Corporation et al.*, Civil Action File No. 23-C-01714-S4, currently

pending in the State Court of Gwinnett County, Georgia (the "Underlying Action"). In the Underlying Action, Edwards brings claims against McDonald's, McDonald's USA, BPV and Vineyard (the "Underlying Defendants") in relation to the alleged sexual assault and harassment of AE, a minor employee, by Jamira C. Sampson ("Sampson"), an adult employee. Edwards alleges that AE became pregnant as a result of Sampson's sexual assaults and gave birth to a baby boy.  Edwards further alleges that the Underlying Defendants knew or should have known that Sampson was a registered sex offender and asserts claims for negligence, negligent hiring, training and supervision, respondeat superior, and intentional and/or negligent infliction of emotional distress.

## PARTIES

2.  Main Street is a Florida insurance company licensed to issue policies in the State of Georgia with a principal place of business at 4601 Touchton Road East, Suite 3400, Jacksonville, FL 32246. Pursuant to 28 U.S.C. § 1332(c)(1), Main Street is a citizen of Florida.

3.  Edwards is a resident of the State of Georgia and may be served through her attorney, to wit: Melvin L. Hewitt, Jr., Isenberg & Hewitt, P.C., 1200 Altmore Avenue Suite 120, Sandy Springs, Fulton County, Georgia 30342.

4.  McDonald's is a Delaware Foreign Profit Corporation who lawfully does business in Georgia, and whose principal office is located at 110 N. Carpenter, Chicago, Illinois 60607. McDonald's may be served by delivering a copy of the Summons and Complaint on its registered agent for service in Georgia, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092. Pursuant to 28 U.S.C. § 1332(c)(1), McDonald's is a citizen of Delaware and Illinois.

5. McDonald's USA is a Delaware Foreign Limited Liability Company who lawfully does business in Georgia, and whose principal office is located at 110 North Carpenter, Chicago, Illinois 60607. McDonald's USA may be served by delivering a copy of the Summons and Complaint on its registered agent for service in Georgia, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092. Upon information and belief, McDonald's USA's sole member is McDonald's Corporation. McDonald's Corporation is a Delaware corporation, whose principal place of business is in Chicago, Illinois.

6. BPV Partners, LLC ("BPV") is a Georgia Limited Liability Company whose principal place of business is located at 1460 Iris Drive, Conyers, Gwinnett County, Georgia 30094. BPV may be served by delivering a copy of the Summons and Complaint on its registered agent for service, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092. Upon information and belief, BPV's sole member is Randy Miller, who is a citizen of Georgia.

7. Vineyard Management Corporation (hereinafter "Vineyard") is a Georgia Domestic Profit Corporation whose principal place of business is located at 1460 Iris Drive, Conyers, Gwinnett County, Georgia 30094. Vineyard may be served by delivering a copy of the Summons and Complaint on its registered agent for service, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092. Pursuant to 28 U.S.C. § 1332(c)(1), Vineyard is a citizen of Georgia.

**JURISDICTION AND VENUE**

8. There is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy exceeds the value of $75,000, exclusive of costs and interest.

9. Edwards alleges that AE became pregnant as a result of Sampson's sexual assaults and gave birth to a baby boy.

10. Edwards further alleges that, as a result of the actions and/or inactions and negligence of the Underlying Defendants, AE has suffered and continues to suffer the traumatic effects of the emotional injuries she sustained in relation to the alleged sexual assault and harassment by Sampson; that AE has experienced and will continue to experience special damages for her and her child's physical and emotional health and economic damages for her child's care and support; and that AE has experienced and suffered special, economic damages for medical care and the cost to raise a child, currently estimated to be at least $310,605.00.

11. Edwards also seeks punitive damages from the Underlying Defendants pursuant to O.C.G.A. § 51-12-5.1.

12. Accordingly, Edwards alleges in the Underlying Action that damages are in excess of $75,000.

13. There is personal jurisdiction as to Edwards, who resides in Georgia, and the Underlying Defendants, who do business in Georgia.

14. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the Underlying Action and, as a result, this litigation, occurred in this judicial district. Further the Underlying Action is currently pending in the State Court of Gwinnett County, Georgia.

## FACTUAL BACKGROUND

15. On March 15, 2023, Edwards filed a lawsuit against McDonald's Corporation; McDonald's USA, LVM, and Vineyard (each an "Underlying Defendant" and collectively the "Underlying Defendants").

16. In the Underlying Action, Edwards alleges that AE, a minor and employee of the Underlying Defendants, was, on multiple occasions, sexually assaulted and harassed by Sampson, also an employee of the Underlying Defendants, and became pregnant as a result of the sexual assault.

17. Edwards alleges that AE understood Sampson to be a manager trainee or supervisor.

18. Edwards further alleges that Underlying Defendants knew or should have known that Sampson was a registered sex offender.

19. Edwards alleges damages as a result of Negligence (Counts I and II) and Intentional and/or Negligent Infliction of Emotional Distress (Count VI, improperly named as Count V) as to all the Underlying Defendants.

20. Edwards also alleges damages for Negligent Hiring, Training, and Supervision (Count III) and Respondeat Superior (Count V) as to BPV and Vineyard, and Negligent Training and Supervision (Count IV, improperly named as Count III) as to McDonald's Corporation and McDonald's USA (the "Underlying Action").

21. For all Counts, Edwards includes a claim for Punitive Damages.

## THE POLICY

22. Main Street issued businessowner's insurance policy number BPJ6546A to named insured LVM Enterprises for policy period 3/1/21 to 3/1/22 (the "Policy"). A copy of the Policy as attached hereto as Exhibit "A".

23. The insuring agreement of the Policy states as follows, in pertinent part:

### SECTION II – LIABILITY

**A. Coverages**

  **1. Business Liability**

  a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply.

  ***

  b. This insurance applies:

   (1) To "bodily injury" and "property damage" only if:
    (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
    (b) The "bodily injury" or "property damage" occurs during the policy period; and
    (c) Prior to the policy period, no insured listed under Paragraph C.1. Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.

24. The Subject Policy defines "bodily injury" and "occurrence" as follows:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

***

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

25. The Subject Policy contains the following exclusions, in pertinent part:

**B. Exclusions**

**1. Applicable to Business Liability Coverage**

This insurance does not apply to:

**a. Expected or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

***

**d. Workers' Compensation and Similar Laws**
Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**
"Bodily injury" to:
**(1)** An "employee" of the insured arising out of and in the course of:
 **(a)** Employment by the insured; or
 **(b)** Performing duties related to the conduct of the insured's business; or
**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.
This exclusion applies:
**(1)** Whether the insured may be liable as an employer or in any other capacity; and
**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.
This exclusion does not apply to liability assumed by the insured under an "insured contract".

26. The Policy also contains the following exclusions, added by endorsement:

**EMPLOYMENT-RELATED PRACTICES EXCLUSION**

The following exclusion is added to Paragraph **B. Exclusions** in **Section II – Liability**:

This insurance does not apply to:
- **1.** "Bodily injury" or "personal and advertising injury" to:
  - **a.** A person arising out of any:
    - **(1)** Refusal to employ that person;
    - **(2)** Termination of that person's employment; or
    - **(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or
  - **b.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" or "personal and advertising injury" to that person at whom any of the employment- related practices described in Paragraphs **(1), (2)** or **(3)** above is directed.
- **2.** This exclusion applies:
  - **a.** Whether the insured may be liable as an employer or in any other capacity; and
  - **b.** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

***

**ABUSE OR MOLESTATION EXCLUSION**

The following applies to **Section II – Liability** and supersedes any provision to the contrary:

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of:

- **(a)** The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
- **(b)** The negligent:
  - **(i)** Employment;
  - **(ii)** Investigation;
  - **(iii)** Supervision;
  - **(iv)** Reporting to the proper authorities, or failure to so report; or
  - **(v)** Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **(a)** above.

27. The Policy also contains the McDonald's Enhanced Coverage Endorsement, which provides as follows, in pertinent part:

**MCDONALD'S ENHANCED COVERAGE ENDORSEMENT**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM – SECTION 1 – PROPERTY
BUSINESSOWNERS COVERAGE FORM – SECTION II – LIABILITY
BUSINESSOWNERS COVERAGE FORM – SECTION III – COMMON POLICY CONDITIONS

\*\*\*

**B.  BUSINESSOWNERS COVERAGE FORM SECTION II – LIABILITY,** is amended as follows:

\* \* \*

**3.  Definitions**

**a.  Bodily Injury**

Paragraph **F.3., Liability And Medical Expenses Definitions** is replaced with the following:

"Bodily injury" means bodily injury, sickness, disease or mental anguish sustained by a person, including death resulting from any of these at any time.

**b.  Personal and Advertising Injury**

The following is added to Paragraph **F.14., Liability and Medical Expenses Definitions:**

H.  Humiliation

**4.  Who Is An Insured**

The following is added to Paragraph **C, Who Is An Insured:**

McDonald's Corporation, McDonald's USA, LLC, any parent, subsidiary or affiliated company now existing or hereafter acquired or constituted and any company, partnership or joint venture created, owned or controlled by McDonald's Corporation, McDonald's USA, LLC, any parent, subsidiary or affiliated company.  With respect to McDonald's Corporation and McDonald's USA, LLC., this insurance is primary to and will not seek contribution from any other insurance available to them.

## DECLARATORY JUDGMENT

28. The Underlying Action makes allegations against the Underlying Defendants which are either not covered or are specifically excluded under the express terms of the Policy.

29. This is a proceeding seeking declaratory judgment pursuant to 28 U.S.C. § 2201. Main Street is faced with claims for insurance coverage and is uncertain of its rights and duties. Consequently, Main Street seeks a declaration of its rights and duties pursuant to the Policy under the facts and circumstances of this case. The uncertainties and insecurities as to Main Street's rights and duties will be resolved by this Declaratory Judgment action.

30. Main Street is entitled to bring this Declaratory Judgment because an actual controversy, which is within the jurisdiction of this Court, exists as to whether there is coverage under the Policy to pay the alleged damages claimed in the underlying lawsuit.

31. Main Street denies that it has a duty to defend or indemnify the Underlying Defendants in the Underlying Action.

32. Because the allegations against the Underlying Defendants are not covered under the Policy, or are specifically excluded under the Policy, Main Street is not obligated to continue to defend the Underlying Defendants in the Underlying Action or provide coverage for any judgment resulting in the Underlying Action.

## FIRST CLAIM

33. Main Street realleges and incorporates by reference Paragraphs 1 to 32.

34. The Policy excludes coverage for "bodily injury" or "personal and advertising injury" to a person arising out of any employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person (the "Employment-Related Practices

Exclusion"). The Employment-Related Practices Exclusion applies whether the insured may be liable as an employer or in any other capacity.

35. The Employment-Related Practices Exclusion applies to preclude coverage for the Underlying Defendants because the claims in the Underlying Action allege bodily injury to AE arising out of the sexual assault and sexual harassment of her by Sampson, who was her fellow employee and someone she understood to be a manager trainee and/or supervisor.

## SECOND CLAIM

36. Main Street realleges and incorporates by reference Paragraphs 1 to 35.

37. The Policy excludes coverage for "bodily injury", "property damage" or "personal advertising injury" arising out of: (a) the actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or (b) the negligent employment, investigation, supervision, reporting to the proper authorities, or failure to so report, or retention, of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above (the "Abuse or Molestation Exclusion").

38. The Abuse or Molestation Exclusion applies to preclude coverage for the Underlying Defendants because the claims in the Underlying Action allege bodily injury arising out of the sexual assault of AE while in the care, custody or control of the Underlying Defendants. The claims in the Underlying Action also allege bodily injury arising out of the Underlying Defendants' negligent hiring, training and/or supervision of Sampson.

## THIRD CLAIM

39. Main Street realleges and incorporates by reference Paragraphs 1 to 38.

40. The Policy excludes coverage for "bodily injury" to an "employee" of the insured arising out of and in the course of employment by the insured or performing duties related to the

conduct of the insured's business (the "Employer's Liability Exclusion"). The Employer's Liability Exclusion applies whether the insured may be liable as an employer or in any other capacity.

41.     The Employer's Liability Exclusion applies to preclude coverage for the Underlying Defendants because the claims in the Underlying Action allege bodily injury to AE, an employee, arising out of and in the course of employment by the insured or performing duties related to the conduct of the insured's business.

## FOURTH CLAIM

42.     Main Street realleges and incorporates by reference Paragraphs 1 to 41.

43.     Other terms, conditions, definitions, limitations and exclusions in the Policy may preclude or limit coverage, and Main Street reserves the right to assert any other relevant terms, conditions, and exclusions as this matter proceeds.

WHEREFORE, Plaintiffs pray for the following relief:

a.  that process issue as required by law and that Defendants be served with a copy of the Summons and Complaint for Declaratory Judgment;

b.  for a declaratory judgment that the Policy does not provide coverage for the claims asserted against the Underlying Defendants in the Underlying Action;

c.  for a declaratory judgment that Main Street has no obligation to defend or indemnify any of the Underlying Defendants against the claims asserted in the Underlying Action;

d.  for an order awarding Main Street its costs, disbursements and fees as provided by law; and

e.  for any other relief as this Court deems just and proper under the circumstances.

Dated this 13th day of September, 2023.

|  | **CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP** |
|---|---|
| | */s/ Olivia B. Dabbs* |
| Meridian II, Suite 2000 | **CRAIG P. TERRETT** |
| 275 Scientific Drive | Georgia Bar No. 702410 |
| Peachtree Corners, GA  30092 | **OLIVIA B. DABBS** |
| (404) 881-2622 | Georgia Bar No. 859836 |
| (404) 881-2630 (Fax) | *Counsel for Plaintiffs* |
| cterrett@cmlawfirm.com | |
| odabbs@cmlawfirm.com | |