IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY SMITHEY,  )( | |
| )( | |
| Plaintiff,  )( | |
| )( | CIVIL ACTION FILE |
| v.  )( | NO. _____ |
| )( | |
| HARBOR FREIGHT TOOLS USA, INC.,  )( | |
| AND JOHN DOES 1-5,  )( | |
| )( | |
| Defendants.  )( | |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)**

**PLEASE TAKE NOTICE** that Defendant Harbor Freight Tools USA, Inc., ("Harbor Freight"), hereby removes Case No. 23-A-3557 (the "State Action") from the State Court of Cobb County, State of Georgia, to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A copy of this Notice of Removal is concurrently filed with the Clerk of the State Court of Cobb County, State of Georgia, in order to effect removal pursuant to 28 U.S.C. § 1441. The State Court shall proceed no further unless and until this case is remanded. 28 U.S.C. § 1441.

Defendant submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support shows as follows:

1

1.      On August 10, 2023, Plaintiff filed a Complaint for Damages in the State Court of Cobb County, State of Georgia, captioned <u>Gregory Smithey v. Harbor Freight Tools USA, Inc. and John Does 1-5</u>, bearing Civil Action File No. 23-A-3557.

2.      Plaintiff served Harbor Freight Tools USA, Inc. with the Complaint on August 16, 2023, and this Notice of Removal is timely filed.

3.      In accordance with 28 U.S.C. § 1446, true and complete copies all process, pleadings, and orders filed in such action have been attached to this Notice as Exhibit A.

4.      Plaintiff's Complaint alleges that on or about August 30, 2021, Plaintiff was an invitee on the premises of a Harbor Freight location in Rincon, Georgia. (Complaint, Ex. A, ¶ 9, 14). Plaintiff's Complaint further alleges that while at the Rincon Harbor Freight location, Plaintiff tripped on an object and fell, hitting his head on the ground. (Complaint, Ex. A, ¶ 10-11). Plaintiff brings a claim of negligence/premises liability against Harbor Freight. (<u>See generally</u> Complaint, Ex. A.)

5.      Plaintiff alleges that as a result of the hazard on the premises, he suffered a severe laceration on his head and other injuries. (Complaint, Ex. A, ¶ 12). Plaintiff alleges he has incurred medical expenses and has general damages in

the form of pain and suffering, mental anguish, emotional distress, loss of the capacity for the enjoyment of life and the diminished capacity to labor. (Complaint, Ex. A, ¶ 20-21).

6. This action is a civil action that falls under the Court's original jurisdiction pursuant to United States Code, Title 28, section 1332, and is one that may be removed to this Court by Defendant pursuant to the provisions of Title 28, section 1441(b) because citizenship Plaintiff is diverse from each Defendant and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7. For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). "Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. Plaintiff has not alleged in the Complaint a specific amount which he is seeking to recover. Upon information and belief, and based on pre-suit communications, Plaintiff has incurred approximately $21,000 in

past medical expenses as of November 2022. In pre-suit conversations, Plaintiff alleged he suffered a laceration to his head and numerous issues of memory loss, imbalance and dizziness. Plaintiff made a pre-suit demand of $250,000 on November 29, 2022. Upon information and belief, Plaintiff has never made a settlement demand of less than $75,000.

8.   Although Defendants deny Plaintiff is entitled to any damages whatsoever, using reasonable deductions and inferences, and in the exercise of common sense, the amount in controversy exceeds $75,000. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1065 (11th Cir. 2010) (upholding district court's order that the value of the plaintiff's claims, when "analyzed with judicial experience and common sense," likely exceeded $75,000 threshold in wrongful death case with punitive damages claim); Dixon v. Whatley Oil & Auto Parts Co., 2019 WL 169687, at *2 (M.D. Ga. 2019) (noting the court may make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings and other evidence to determine whether the amount in controversy is met"). In this case, Plaintiff alleges he fell, hit his head and suffered a "severe laceration" on his head. (Complaint, Ex. A, ¶ 10). In his pre-suit demand, Plaintiff also asserted he experienced cognitive issues as a result of this accident. (Complaint, Ex. A, ¶ 23, 24). Plaintiff is seeking recovery for medical expenses,

pain and suffering, mental anguish, emotional distress, loss of the capacity for the enjoyment of life and the diminished capacity to labor. (Complaint, Ex. A, ¶ 20-21). Given the nature of the injuries and the scope of damages sought, on experience, information and belief, a preponderance of the evidence shows the jurisdictional minimum amount in controversy as required by 28 U.S.C. § 1332(a) is satisfied. See 28 U.S.C. § 1446(c)(2)(B).

9. There is also complete diversity in this action. Plaintiff is a resident and citizen of Georgia. (Complaint, Ex. A, ¶ 1).

10. Harbor Freight Tools USA, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business in California. (See State of Georgia Annual Registration, attached as Exhibit B). Harbor Freight is thus a citizen of California and Delaware for the purposes of jurisdictional analysis, and is diverse from Plaintiff.

11. The citizenship of the fictious defendants named by Plaintiff, John Does 1-5, must be disregarded for removal purposes. See 28 U.S.C. § 1441(b)(1); Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1318 n.4 (11th Cir. 2015).

12. As is shown above, this case is removable pursuant to United States Code, Title 28, section 1441 because the United States District Court has original

jurisdiction under Title 28, section 1332(a), which provides in pertinent part: "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states."

13.   Written notice of this Notice of Removal will be promptly given to all parties in this action. The written notice of filing and a copy of the Notice of Removal is being filed simultaneously with the Clerk of the State Court of Cobb County, State of Georgia, a copy of which has been attached as Exhibit C.

14.   Venue is proper in this District Court pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the State Court of Cobb County, State of Georgia, which lies within the United States District Court for the Northern District of Georgia, Atlanta Division.  28 U.S.C. § 90(a)(2).

WHEREFORE, Harbor Freight Tools USA, Inc. requests this Court assume full jurisdiction over the cause herein as provided by law, and that further proceedings in the State Court of Cobb County, State of Georgia be stayed. Harbor Freight Tools USA, Inc. further demands that the trial of this matter in federal court be heard by a jury.

This 14th day of September, 2023.

                        SWIFT, CURRIE, McGHEE & HIERS, LLP

                        */s/ Myrece R. Johnson*
                        _____
                        C. Bradford Marsh
                        Georgia Bar No. 471280
                        Myrece R. Johnson
                        Georgia Bar No. 940301
                        *Attorneys for Defendant Harbor Freight Tools USA, Inc.*

1420 Peachtree St. N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

## **LOCAL RULE 5.1(C) CERTIFICATION**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1(C)

This 14th day of September, 2023.

                                  SWIFT, CURRIE, McGHEE & HIERS, LLP

                                  */s/ Myrece R. Johnson*
                                  _____
                                  C. Bradford Marsh
                                  Georgia Bar No. 471280
                                  Myrece R. Johnson
                                  Georgia Bar No. 940301
                                  *Attorneys for Defendant Harbor Freight Tools USA, Inc.*

1420 Peachtree St. N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the attached **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)** to be filed and served on counsel of record as follows:

Frank A. Ilardi
Ilardi Law, LLC
1201 Peachtree Street, NE
Suite 2000
Atlanta, Georgia 30361
frank@ilawgeorgia.com

This 14th day of September, 2023.

        SWIFT, CURRIE, McGHEE & HIERS, LLP

        */s/ Myrece R. Johnson*
        _____
        C. Bradford Marsh
        Georgia Bar No. 471280
        Myrece R. Johnson
        Georgia Bar No. 940301
        *Attorneys for Defendant Harbor Freight Tools USA, Inc.*

1420 Peachtree St. N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

4881-5818-7391, v. 1