# EXHIBIT J

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.



## GUARANTY

This Guaranty (this "**Guaranty**") is dated as of May 12, 2020 by Time Out Properties, LLC, a Delaware limited liability company, Top Park Services LLC, a Florida limited liability company, Abbot Park MHC LLC, a North Carolina limited liability company, Alamac Village MHP LLC, a North Carolina limited liability company, Cadillac Ranch MHC LLC, a North Carolina limited liability company, Brittany Court MHP LLC. an Illinois limited liability company,, Bullock MHP LLC, a North Carolina limited liability company, Cedarbrook Estates MHP LLC, a Illinois limited liability company, Central Park 2 MHP LLC, a North Carolina limited liability company, Central Park 3 MHP LLC, a North Carolina limited liability company, City View MHC LLC, an Illinois limited liability company, Eaglewood MHP LLC, a North Carolina limited liability company, Grand Valley MHP LLC, an Illinois limited liability company, Littlefield Village MHP LLC, a North Carolina limited liability company, Maple Creek MHP LLC, an Illinois limited liability company, Countryside MHC LLC, a North Carolina limited liability company, Eastview MHC LLC, a North Carolina limited liability company, Pine Run Park MHP LLC, a North Carolina limited liability company, Prairie Knolls MHP LLC. an Illinois limited liability company, Rolling Acres MHC LLC, an Illinois limited liability company, Scottsdale MHP LLC, an Illinois limited liability company, Taylor Park MHC LLC, a North Carolina limited liability company, Waynesville Plantation MHP LLC, a North Carolina limited liability company, West Estates MHC LLC, a North Carolina limited liability company, Wysteria Village MHC LLC, a North Carolina limited liability company, Patch Place MHC LLC, an Illinois limited liability company, Dogwood MHC, LLC, a North Carolina limited liability company, Laiken Estates MHC, LLC, a North Carolina limited liability company, Schoolview MHC, LLC, a North Carolina limited liability company, Turner Park MHC, LLC, a North Carolina limited liability company, Victoria Estates MHC, LLC, a North Carolina limited liability company, Ridgefield MHC LLC, a North Carolina limited liability company, Pleasant Hope MHC LLC, a North Carolina limited liability company (individually and collectively "**Guarantor**") in favor of Northpoint Commercial Finance LLC, a Delaware limited liability company and its affiliates (individually and collectively "**Northpoint**"). As used in this Guaranty, affiliates of Northpoint Commercial Finance LLC includes any party that, directly or indirectly, (i) controls Northpoint Commercial Finance LLC, (ii) is controlled by Northpoint Commercial Finance LLC, or (iii) is under common control with Northpoint Commercial Finance LLC.

Northpoint may, from time to time, extend financial accommodations to Time Out Communities, LLC ("**Obligor**").

Northpoint is unwilling to extend, or continue to extend, financial accommodations to Obligor, unless Guarantor unconditionally guarantees to Northpoint the payment and performance of all obligations of Obligor at any time owing to Northpoint.

With knowledge that Northpoint will extend, or continue to extend, financial accommodations to Obligor in reliance upon the existence of this Guaranty, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Guarantor agrees as follows:

1.  Guaranty. Guarantor unconditionally, absolutely, and irrevocably guarantees to Northpoint, without off-set or deduction, the prompt payment and performance of all indebtedness, obligations and liabilities of Obligor at any time owing to Northpoint, whether direct or indirect, matured or unmatured, primary or secondary, or certain or contingent (individually, a "**Guaranteed Obligation**" and collectively, the "**Guaranteed Obligations**"). This Guaranty is a guaranty of payment and not a guaranty of collection. Guarantor guarantees to Northpoint the punctual and faithful performance by Obligor of each and every Guaranteed Obligation. If Obligor defaults in the payment or performance of any Guaranteed Obligation, if there exists any event or condition which, with notice or the passage of time or both, would constitute a default under any Guaranteed Obligation, or if there is a liquidation, bankruptcy, assignment for the benefit of creditors or similar proceeding affecting the status, existence, assets or obligations of Obligor, Guarantor shall pay directly to Northpoint the sums that Obligor is obligated to pay to Northpoint, whether by acceleration or otherwise, and promptly perform all other Guaranteed Obligations. If Northpoint is required to return any payment made to Northpoint by or on behalf of Obligor, whether as a result of Obligor's bankruptcy, reorganization or otherwise, Guarantor acknowledges that this Guaranty covers all such amounts.

2.  Continuing Nature of Guaranty. This Guaranty is a continuing guarantee and shall apply without regard to the form or the amount of the Guaranteed Obligations in existence at any time. Guarantor may prospectively revoke this Guaranty by sending written notice, by certified mail, return receipt requested, to Northpoint at the address for Northpoint specified below (the "**Revocation Notice**"). The revocation of this Guaranty shall not be effective with respect to any Guaranteed Obligation arising on or prior to the date occurring fifteen (15) days after Northpoint's receipt of the Revocation Notice (the "**Revocation Date**") or arising at any time after the Revocation Date, if arising as the result of a commitment made by Northpoint to Obligor on or prior to the Revocation Date.

3.  Absolute Nature of Guaranty. The obligations of Guarantor under this Guaranty are absolute and unconditional. Nothing shall discharge or satisfy the liability of Guarantor under this Guaranty except the full performance and payment of the Guaranteed Obligations. It is the obligation of Guarantor to discharge the Guaranteed Obligations when due, notwithstanding any occurrence, circumstance, event, action or omission whatsoever, whether or not particularly described herein. Guarantor is not entering into this Guaranty in reliance on the value or the availability of any of the Collateral. Guarantor acknowledges that Guarantor may be required to pay the Guaranteed Obligations, in full, without the assistance or support of any other party. Guarantor has not been induced to enter into this Guaranty on the basis that any party other than Obligor will be liable to perform any Guaranteed Obligation or that Northpoint will look to any other party to perform any Guaranteed Obligation. Guarantor shall not be released from such obligations for any reason, nor shall such obligations be reduced, diminished or discharged for any reason, including, without limitation,:

The original document is owned by Northpoint Commercial Finance LLC and this copy was created on May 18, 2020 02:48:13 PM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

(a) <u>Modifications and Indulgences</u>.  Any modification, renewal, or alteration of any agreement, document, or instrument relating to any Guaranteed Obligation, or any indulgence, waiver, adjustment, preference, extension, or compromise made by Northpoint in favor of Obligor or Guarantor.

(b) <u>Condition of Obligor or Guarantor</u>.  Any insolvency, bankruptcy, arrangement, adjustment, composition, liquidation, disability, dissolution, or similar proceeding affecting Obligor or Guarantor; any sale, lease, or other disposition of any of the assets of Obligor or Guarantor; or any reorganization of, or change in the composition of, the shareholders, partners, or members of Obligor or Guarantor.

(c) <u>Invalidity of Guaranteed Obligations</u>.   The invalidity, illegality, or unenforceability of any Guaranteed Obligation for any reason whatsoever, including, without limitation,: the existence of valid defenses, counterclaims, or off-sets to any Guaranteed Obligation; the violation of applicable usury laws by any Guaranteed Obligation; or the inauthenticity of any document or instrument relating to the Guaranteed Obligations.

(d) <u>Release of Obligor</u>.  Any complete or partial release of Obligor or any other party from any Guaranteed Obligation.

(e) <u>Release of Collateral; Care of Collateral; Status of Liens</u>.  Any release, surrender, exchange, deterioration, waste, loss, or impairment of any collateral securing payment of any Guaranteed Obligation (the "**Collateral**"), whether negligent or willful; the failure of Northpoint or any other party to exercise reasonable care in the preservation, protection, sale or other treatment of any of the Collateral; the failure of Northpoint to create or perfect any security interest intended to be given by Obligor in connection with any Guaranteed Obligation (a "**Security Interest**"); the unenforceability of any Security Interest; the subordination of any Security Interest to any other lien or encumbrance; or the taking or accepting by Northpoint of any other security for, or assurance of payment of, any Guaranteed Obligation.

(f) <u>Other Action or Inaction</u>.  Any other action or inaction on the part of Northpoint, including, without limitation, any failure of Northpoint to timely enforce any right or remedy available to Northpoint in connection with the Guaranteed Obligations, whether or not such action or inaction (i) prejudices Guarantor, (ii) increases the likelihood that Guarantor will be required to pay or perform any Guaranteed Obligation, or (iii) exposes the Guarantor to greater liability under this Guaranty.

4. <u>Waivers</u>.  Guarantor waives:

(a) <u>Action Against Others</u>.  Any right to require Northpoint to: institute suit or exhaust remedies against Obligor or any other party liable for any Guaranteed Obligation; enforce Northpoint's rights in any of the Collateral or other security that is at any time given to secure any Guaranteed Obligation; enforce Northpoint's rights against any other guarantor of any Guaranteed Obligation; join Obligor or any other party liable for any Guaranteed Obligation in any action seeking to enforce this Guaranty; or exhaust any other remedies available to Northpoint or resort to any other means of obtaining payment or performance of any Guaranteed Obligation.

(b) <u>Section 10-7-24 of Official Code of Georgia</u>. The provisions of Section 10—7-24 of the Official Code of Georgia; any right to direct the application of payments provided for in Section 13-4-42 of the Official Code of Georgia or any similar law of Georgia or any other state, or of the United States; and agrees that Northpoint may apply any payments received from Guarantor, Obligor, or any other party to the Guaranteed Obligations in such order as Northpoint may elect in its discretion.

(c) <u>Notices</u>.  Notice of the amount of credit extended by Northpoint to Obligor at any time, whether primary or secondary; notice of the modification or extension of any Guaranteed Obligation; notice of a default or other non-performance by Obligor in connection with any Guaranteed Obligation; notice of the transfer or disposition by Northpoint of any Guaranteed Obligation; notice of the repossession, sale or other disposition of any of the Collateral; notice of the acceptance of this Guaranty by Northpoint; demand and presentation for payment upon Obligor or any other party liable for any Guaranteed Obligation; protest, notice of protest, and diligence of bringing suit against Obligor or any other party; and any other notices that Guarantor might otherwise be entitled by law.

(c) <u>Defenses</u>. Any defenses to the payment and performance of Guarantor's obligations under this Guaranty, including, without limitation, (i) any defenses based on suretyship or impairment of the collateral or the like and (ii) any defenses arising by reason of any claim or defense based upon an election of remedies by Northpoint that in any manner impairs, affects, reduces, releases, destroys, or extinguishes Guarantor's subrogation rights, rights to proceed against Obligor or against any other party or security, including, without limitation, any defense based upon an election of remedies by Northpoint under the provisions of Section 580(d) of the California Code of Civil Procedure, or any similar law of California or any other state, or of the United States.

(d) <u>Marshal</u>. Any right to require Northpoint to marshal any assets in favor of Guarantor or against or in payment of any or all the Guaranteed Obligations.

(e) <u>Subrogation</u>.  Until all Guaranteed Obligations are paid in full, any right which Guarantor may at any time have against Obligor, or any other party liable for any Guaranteed Obligation, as the result of the performance by Guarantor of its obligations under this Guaranty, including, but not limited to, contractual, statutory, and common law rights of subrogation, reimbursement, indemnification, contribution, and other rights of recourse whatsoever.

5. <u>Joint and Several</u>.

(a) <u>Joint and Several Liability</u>. Each Guarantor will have joint and several liability for the obligations to Northpoint under this Agreement ("**Obligations**"), and each Guarantor represents and warrants that they are affiliates of each other and expect to directly or indirectly benefit from this Agreement. Each Guarantor acknowledges and agrees that their joint and several liability for the Obligations and the waivers set forth in this Section 6 are material inducements to Northpoint Commercial Finance entering into this Agreement.

The original document is owned by Northpoint Commercial Finance LLC and this copy was created on May 18, 2020 02:48:13 PM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

DocuSign Envelope ID: 33EA9FC8-FC6D-419F-97A3-3F5A9A817B64B

Case 1:23-ml-99999-UNA   Document 2993-10   Filed 09/14/23   Page 4 of 22

(b)    <u>Joint and Several Surety Waivers</u>.  Each Guarantor will not be released from their joint and several liability for the Obligations for any reason, nor shall their joint and several liability for the Obligations be reduced, diminished or discharged for any reason, including without limitation (a) any modification, waiver, or release of, or any indulgences granted by Northpoint with respect to, the Obligations, (b) any failure of Northpoint to timely enforce any right or remedy available to Northpoint in connection with the Obligations, (c) the invalidity of any agreement forming a part of the Obligations, (d) any other action that may increase each Guarantor's risk or expose either to greater liability, or (e) any other circumstance which might otherwise relieve each Guarantor of their obligations under this Section 6.  Each Guarantor waives:  (i) any right to require Northpoint to proceed against each Guarantor or to pursue any other remedy prior to exercising Northpoint's rights under this Section 6, (ii) notice of the non-performance of any Obligations or the amount of the Obligations outstanding at any time, (iii) demand and presentation for payment, (iv) protest and notice of protest and diligence of bringing suit, (v) all notices to which each Guarantor might otherwise be entitled by law, other than as may be expressly set forth herein; (vi) any defenses based on suretyship or impairment of the collateral or the like; and (vii) any other defense to the payment and performance of each Guarantor's obligations under this Section 6. Nothing shall discharge or satisfy the liability of each Guarantor under this Section 6 except the full performance and payment of the Obligations. Northpoint is not obligated to marshal any assets in favor of each Guarantor.

6.    <u>Representations and Warranties</u>.  Guarantor represents and warrants to Northpoint that:

    (a)    <u>Benefit</u>.  Guarantor has received, or will receive, direct or indirect benefit from the creation of the Guaranteed Obligations.

    (b)    <u>No Representation by Northpoint</u>.  Neither Northpoint nor any other party has made any representation, warranty, or statement to Guarantor in order to induce Guarantor to execute this Guaranty.

    (c)    <u>Financial Condition</u>.  As of the date hereof, and after giving effect to this Guaranty and the contingent obligations contained herein, Guarantor is solvent and has assets which, when fairly valued, exceed its liabilities.

7.    <u>Default</u>. Guarantor will be in breach of this Guaranty if any one or combination of the following occur: (a) any of Guarantor's obligations to Northpoint under this Guaranty or under any other agreement with or in favor of Northpoint are not paid or performed as required; (b) Guarantor breaches any representation, warranty or covenant contained in this Guaranty or in any other agreement with or in favor of Northpoint; (c) Guarantor ceases to do business as a going concern or there occurs a material change in the ownership or management of Guarantor's business; (d) Guarantor becomes insolvent or bankrupt; Guarantor makes an assignment for the benefit of creditors or consents to the appointment of a trustee or receiver; a trustee or a receiver is appointed for Guarantor or for a substantial part of its property without its consent; bankruptcy, reorganization or insolvency proceedings are instituted by or against Guarantor; (e) Northpoint believes that the prospect of payment or performance of Guarantor's obligations to Northpoint is impaired, whether by reason of a material adverse change in the business prospects or financial condition of Guarantor or otherwise.

8.    <u>Miscellaneous</u>.  **TO THE EXTENT PERMITTED BY LAW, GUARANTOR, FOLLOWING CONSULTATION WITH LEGAL COUNSEL, KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS WITH REGARD TO DISPUTES IN ANY WAY DIRECTLY AND/OR INDIRECTLY ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS GUARANTY.** This Guaranty shall be governed by, and construed in accordance with, the laws of the State of Georgia, without reference to applicable conflict of laws principles. Guarantor consents to the jurisdiction and venue of state and federal courts located in the State of Georgia in connection with Northpoint's enforcement of any of Guarantor's obligations under this Guaranty.  Guarantor waives and agrees not to assert any objection to the jurisdiction of any of such courts, including the objection of inconvenient forum.  Guarantor consents that any process or notice of motion or other application to any of said courts or a judge thereof, or any notice in connection with any proceedings hereunder, may be served inside or outside the State of or the District of Georgia by registered or certified mail, return receipt requested, to the last known address or by personal service provided a reasonable time for appearance is allowed, or in such other manner as may be permissible under the Rules of said Courts. This Guaranty shall not be deemed to create any right in any party except as provided herein and shall inure to the benefit of, and be binding upon, the permitted successors and assigns of Guarantor and Northpoint.  Guarantor agrees that Northpoint may, without the consent of, or notice to, Guarantor, assign all or any portion of its rights hereunder to any other party to which any Guaranteed Obligation is transferred, assigned or negotiated. Guarantor shall be liable for all attorneys' fees and other costs and expenses incurred by Northpoint in connection with Northpoint's enforcement of this Guaranty. No provision of this Guaranty shall be varied or modified by any prior or subsequent statement, conduct or act of any of the parties, except by a writing specifically referring to this Guaranty and signed by Guarantor and Northpoint. Any provision of this Guaranty held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Guaranty, and the effect thereof shall be confined to the provision so held to be invalid or unenforceable. This Guaranty contains the entire agreement with respect to the subject matter hereof.  Any signature delivered by Guarantor by facsimile transmission or by e-mail transmission of an adobe file format document (also known as a "PDF file") shall be deemed an original signature hereto. The section headings contained in this Guaranty are for reference purposes only and shall not affect in any way the meaning or interpretation of this Guaranty. The obligations of Guarantor may not be assigned without the prior written consent of Lender. All notices, demands and requests required or permitted to be given under this Guaranty shall be in writing and delivered by certified mail, return receipt requested, with all postage and other costs of such delivery paid or prepaid. Delivery shall be deemed to have been made on the date five days after the date of mailing by certified mail. Unless and until notice is provided to the contrary, notices shall be addressed to Northpoint's address set forth below. Any claim that Guarantor may have against Northpoint arising out of this Guaranty or the transactions contemplated herein must be asserted by Guarantor within one (1) year of it accruing or else it shall be deemed waived.  Guarantor agrees that such period is reasonable and sufficient for it to investigate and act upon any such claim.

The original document is owned by Northpoint Commercial Finance LLC and this copy was created on May 18, 2020 02:48:13 PM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

Guarantor has executed this Guaranty as of the date first set forth above.

TIME OUT PROPERTIES, LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

TOP PARK SERVICES LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

ABBOT PARK MHC LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

ALAMAC VILLAGE MHP LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

CADILLAC RANCH MHC LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

BRITTANY COURT MHP LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

BULLOCK MHP LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

CEDARBROOK ESTATES MHP LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

CENTRAL PARK 2 MHP LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

CENTRAL PARK 3 MHP LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

CITY VIEW MHC LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

EAGLEWOOD MHP LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

GRAND VALLEY MHP LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

LITTLEFIELD VILLAGE MHP LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

MAPLE CREEK MHP LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

COUNTRYSIDE MHC LLC

By: _Matthew W. Ring_
Print Name: Matthew W. Ring
Title: Manager

The original document is owned by Northpoint Commercial Finance LLC and this copy was created on May 18, 2020 02:48:13 PM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

DocuSign Envelope ID: 33EA9FC8-EC6D-419E-97A3-3FA9A817B64B

Case 1:23-ml-99999-UNA   Document 2993-10   Filed 09/14/23   Page 6 of 22

EASTVIEW MHC LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

PINE RUN PARK MHP LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

PRAIRIE KNOLLS MHP LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

ROLLING ACRES MHC LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

SCOTTSDALE MHP LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

TAYLOR PARK MHC LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

WAYNESVILLE PLANTATION MHP LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

WEST ESTATES MHC LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

WYSTERIA VILLAGE MHC LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

PATCH PLACE MHC LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

DOGWOOD MHC, LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

LAIKEN ESTATES MHC, LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

SCHOOLVIEW MHC, LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

TURNER PARK MHC, LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

VICTORIA ESTATES MHC, LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

RIDGEFIELD MHC LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

PLEASANT HOPE MHC LLC

By: _Matthew W. Ring_
Print Name: _Matthew W. Ring_
Title: _Manager_

Address for notices to Northpoint:

Northpoint Commercial Finance LLC
1105 Lakewood Parkway, Suite 210
Alpharetta, GA 30009
Attn:  Operations

The original document is owned by Northpoint Commercial Finance LLC and this copy was created on May 18, 2020 02:48:13 PM.

THIS IS A COPY

This is a copy view of the Authoritative Copy held
by the designated custodian

## AMENDMENT TO GUARANTY

This Amendment to Guaranty (this "**Amendment**") is dated as of January 4, 2022 by Time Out Properties, LLC, a Delaware limited liability company, Top Park Services LLC, a Delaware limited liability company, Abbott Park MHC LLC, a North Carolina limited liability company, Alamac Village MHP LLC, a North Carolina limited liability company, Cadillac Ranch MHC LLC, a North Carolina limited liability company, Brittany Court MHP LLC. an Illinois limited liability company, Bullock MHP LLC, a North Carolina limited liability company, Cedarbrook Estates MHP LLC, a Illinois limited liability company, Central Park 2 MHP LLC, a North Carolina limited liability company, Central Park 3 MHP LLC, a North Carolina limited liability company, City View MHC LLC, an Illinois limited liability company, Eaglewood MHP LLC, a North Carolina limited liability company, Grand Valley MHP LLC, an Illinois limited liability company, Littlefield Village MHP LLC, a North Carolina limited liability company, Maple Creek MHP LLC, an Illinois limited liability company, Countryside MHC LLC, a North Carolina limited liability company, Eastview MHC LLC, a North Carolina limited liability company, Pine Run Park MHP LLC, a North Carolina limited liability company, Prairie Knolls MHP LLC. an Illinois limited liability company, Rolling Acres MHC LLC, an Illinois limited liability company, Scottsdale MHP LLC, an Illinois limited liability company, Taylor Park MHC LLC, a North Carolina limited liability company, Waynesville Plantation MHP LLC, a North Carolina limited liability company, West Estates MHC LLC, a North Carolina limited liability company, Wysteria Village MHC LLC, a North Carolina limited liability company, Patch Place MHC LLC, an Ohio limited liability company, Dogwood MHC, LLC, a North Carolina limited liability company, Laiken Estates MHC, LLC, a North Carolina limited liability company, Schoolview MHC, LLC, a North Carolina limited liability company, Turner Park MHC, LLC, a North Carolina limited liability company, Victoria Estates MHC, LLC, a North Carolina limited liability company, Ridgefield MHC LLC, a North Carolina limited liability company, Pleasant Hope MHC LLC, a North Carolina limited liability company (each of the foregoing, individually and collectively, "**Guarantor**") in favor of Northpoint Commercial Finance LLC ("**Lender**").

Guarantor executed in favor of Lender a Guaranty dated as of May 12, 2020 (as amended, restated, supplemented, or otherwise modified from time to time, the "**Guaranty**") that guarantees the obligations of Time Out Communities, LLC to Lender.

The Guarantor and Lender desire to amend the Guaranty to correct some scrivener's errors.

In consideration of the mutual covenants and undertakings contained in this Amendment, the Guaranty, and the Personal Guaranty, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Guarantor and the Personal Guarantor agree as follows:

1. The Guaranty is amended by deleting the introductory paragraph and substituting in lieu thereof the following:

"This Guaranty (this "**Guaranty**") is dated as of May 12, 2020 by Time Out Properties, LLC, a Delaware limited liability company, Top Park Services LLC, a Delaware limited liability company, Abbot Park MHC LLC, a North Carolina limited liability company, Alamac Village MHP LLC, a North Carolina limited liability company, Cadillac Ranch MHC LLC, a North Carolina limited liability company, Brittany Court MHP LLC, an Illinois limited liability company, Bullock MHP LLC, a North Carolina limited liability company, Cedarbrook Estates MHP LLC, an Illinois limited liability company, Central Park 2 MHP LLC, a North Carolina limited liability company, Central Park 3 MHP LLC, a North Carolina limited liability company, City View MHC LLC, an Illinois limited liability company, Eaglewood MHP LLC, a North Carolina limited liability company, Grand Valley MHP LLC, an Illinois limited liability company, Littlefield Village MHP LLC, a North Carolina limited liability company, Maple Creek MHP LLC, an Illinois limited liability company, Countryside MHC LLC, a North Carolina limited liability company, Eastview MHC LLC, a North Carolina limited liability company, Pine Run Park MHP LLC, a North Carolina limited liability company, Prairie Knolls MHP LLC, an Illinois limited liability company, Rolling Acres MHC LLC, an Illinois limited liability company, Scottsdale MHP LLC, an Illinois limited liability company, Taylor Park MHC LLC, a North Carolina limited liability company, Waynesville Plantation MHP LLC, a North Carolina limited liability company, West Estates MHC LLC, a North Carolina limited liability company, Wysteria Village MHC LLC, a North Carolina limited liability company, Patch Place MHC LLC, an Ohio limited liability company, Dogwood MHC, LLC, a North Carolina limited liability company, Laiken Estates MHC, LLC, a North Carolina limited liability company, Schoolview MHC, LLC, a North Carolina limited liability company, Turner Park MHC, LLC, a North Carolina limited liability company, Victoria Estates MHC, LLC, a North Carolina limited liability company, Ridgefield MHC LLC, a North Carolina limited liability company, Pleasant Hope MHC LLC, a North Carolina limited liability company (individually and collectively "Guarantor") in favor of Northpoint Commercial Finance LLC, a

Delaware limited liability company and its affiliates (individually and collectively "Northpoint"). As used in this Guaranty, affiliates of Northpoint Commercial Finance LLC includes any party that, directly or indirectly, (i) controls Northpoint Commercial Finance LLC, (ii) is controlled by Northpoint Commercial Finance LLC, or (iii) is under common control with Northpoint Commercial Finance LLC."

2. The Guaranty is a legal, valid, and binding agreement, is in full force and effect, and is fully enforceable according to its terms. This Amendment is not intended to be, nor shall it be construed to create, a novation or accord and satisfaction. Except as expressly amended by this Amendment, the Guaranty shall remain unchanged and in full force and effect. Each reference in the Guaranty to "this Agreement", "hereunder", "herein", or words of like import referring to the Guaranty shall mean and refer to the Guaranty as amended by this Amendment.

3. Notwithstanding anything to the contrary herein, the parties signing this Amendment agree that it may be completed, signed and delivered by electronic means (including, without limitation, through the DocuSign, Inc. electronic signing system) and in one or more counterparts, each of which shall be (i) an original as if signed manually by hand, and all of the counterparts of which taken together shall constitute one and the same agreement and (ii) a valid and binding agreement and fully admissible in any court of law or otherwise and under any and all state and federal rules of evidence.

Guarantor has executed this Amendment as of the date first set forth above.

**TIME OUT PROPERTIES, LLC**

X _____
Neil Carmichael Bender, II, Manager

**TOP PARK SERVICES LLC**

X _____
Neil Carmichael Bender, II, Manager

**ABBOTT PARK MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**ALAMAC VILLAGE MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CADILLAC RANCH MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**BRITTANY COURT MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**BULLOCK MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CEDARBROOK ESTATES MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CENTRAL PARK 2 MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CENTRAL PARK 3 MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CITY VIEW MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**EAGLEWOOD MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**GRAND VALLEY MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**LITTLEFIELD VILLAGE MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

**MAPLE CREEK MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**EASTVIEW MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**PRAIRIE KNOLLS MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**SCOTTSDALE MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**WAYNESVILLE PLANTATION MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**WYSTERIA VILLAGE MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**DOGWOOD MHC, LLC**

X _____
Neil Carmichael Bender, II, Manager

**SCHOOLVIEW MHC, LLC**

X _____
Neil Carmichael Bender, II, Manager

**VICTORIA ESTATES MHC, LLC**

X _____
Neil Carmichael Bender, II, Manager

**PLEASANT HOPE MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**COUNTRYSIDE MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**PINE RUN PARK MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**ROLLING ACRES MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**TAYLOR PARK MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**WEST ESTATES MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**PATCH PLACE MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**LAIKEN ESTATES MHC, LLC**

X _____
Neil Carmichael Bender, II, Manager

**TURNER PARK MHC, LLC**

X _____
Neil Carmichael Bender, II, Manager

**RIDGEFIELD MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

DocuSign Envelope ID: 682DBA09-60B8-481E-8798-A4752E2924DE

THIS IS A COPY.
This is a copy view of the Authoritative Copy held
by the designated custodian



## GUARANTY

This Guaranty (this "**Guaranty**") is dated as of January 4, 2022 by Time Out Properties, LLC, a Delaware limited liability company, Top Park Services LLC, a Delaware limited liability company, Abbott Park MHC LLC, a North Carolina limited liability company, Alamac Village MHP LLC, a North Carolina limited liability company, Cadillac Ranch MHC LLC, a North Carolina limited liability company, Brittany Court MHP LLC, an Illinois limited liability company, Bullock MHP LLC, a North Carolina limited liability company, Cedarbrook Estates MHP LLC, an Illinois limited liability company, Central Park 2 MHP LLC, a North Carolina limited liability company, Central Park 3 MHP LLC, a North Carolina limited liability company, City View MHC LLC, an Illinois limited liability company, Eaglewood MHP LLC, a North Carolina limited liability company, Grand Valley MHP LLC, an Illinois limited liability company, Littlefield Village MHP LLC, a North Carolina limited liability company, Maple Creek MHP LLC, an Illinois limited liability company, Countryside MHC LLC, a North Carolina limited liability company,  Eastview MHC LLC, a North Carolina limited liability company, Pine Run Park MHP LLC, a North Carolina limited liability company, Prairie Knolls MHP LLC, an Illinois limited liability company, Rolling Acres MHC LLC, an Illinois limited liability company, Scottsdale MHP LLC, an Illinois limited liability company, Taylor Park MHC LLC, a North Carolina limited liability company, Waynesville Plantation MHP LLC, a North Carolina limited liability company, West Estates MHC LLC, a North Carolina limited liability company, Wysteria Village MHC LLC, a North Carolina limited liability company, Patch Place MHC LLC, an Ohio limited liability company, Dogwood MHC, LLC, a North Carolina limited liability company, Laiken Estates MHC, LLC, a North Carolina limited liability company, Schoolview MHC, LLC, a North Carolina limited liability company, Turner Park MHC, LLC, a North Carolina limited liability company, Victoria Estates MHC, LLC, a North Carolina limited liability company, Ridgefield MHC LLC, a North Carolina limited liability company, Pleasant Hope MHC LLC, a North Carolina limited liability company (each of the foregoing, individually and collectively "Guarantor") in favor of Northpoint Commercial Finance LLC, a Delaware limited liability company and its affiliates (individually and collectively "Northpoint"). As used in this Guaranty, affiliates of Northpoint Commercial Finance LLC includes any party that, directly or indirectly, (i) controls Northpoint Commercial Finance LLC, (ii) is controlled by Northpoint Commercial Finance LLC, or (iii) is under common control with Northpoint Commercial Finance LLC.

Northpoint may, from time to time, extend financial accommodations to TOPPOS LLC, a Delaware limited liability company ("**Obligor**").

Northpoint is unwilling to extend, or continue to extend, financial accommodations to Obligor, unless Guarantor unconditionally guarantees to Northpoint the payment and performance of all obligations of Obligor at any time owing to Northpoint.

With knowledge that Northpoint will extend, or continue to extend, financial accommodations to Obligor in reliance upon the existence of this Guaranty, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Guarantor agrees as follows:

1.    Guaranty.  Guarantor unconditionally, absolutely, and irrevocably guarantees to Northpoint, without off-set or deduction, the prompt payment and performance of all indebtedness, obligations and liabilities of Obligor at any time owing to Northpoint, whether direct or indirect, matured or unmatured, primary or secondary, or certain or contingent (individually, a "**Guaranteed Obligation**" and collectively, the "**Guaranteed Obligations**").  This Guaranty is a guaranty of payment and not a guaranty of collection.  Guarantor guarantees to Northpoint the punctual and faithful performance by Obligor of each and every Guaranteed Obligation.  If Obligor defaults in the payment or performance of any Guaranteed Obligation, if there exists any event or condition which, with notice or the passage of time or both, would constitute a default under any Guaranteed Obligation, or if there is a liquidation, bankruptcy, assignment for the benefit of creditors or similar proceeding affecting the status, existence, assets or obligations of Obligor, Guarantor shall pay directly to Northpoint the sums that Obligor is obligated to pay to Northpoint, whether by acceleration or otherwise, and promptly perform all other Guaranteed Obligations.  If Northpoint is required to return any payment made to Northpoint by or on behalf of Obligor, whether as a result of Obligor's bankruptcy, reorganization or otherwise, Guarantor acknowledges that this Guaranty covers all such amounts.

2.    Continuing Nature of Guaranty.  This Guaranty is a continuing guarantee and shall apply without regard to the form or the amount of the Guaranteed Obligations in existence at any time.  Guarantor may prospectively revoke this Guaranty by sending written notice, by certified mail, return receipt requested, to Northpoint at the address for Northpoint specified below (the "**Revocation Notice**").  The revocation of this Guaranty shall not be effective with respect to any Guaranteed Obligation arising on or prior to the date occurring fifteen (15) days after Northpoint's receipt of the Revocation Notice (the "**Revocation Date**") or arising at any time after the Revocation Date, if arising as the result of a commitment made by Northpoint to Obligor on or prior to the Revocation Date.

3.    Absolute Nature of Guaranty.  The obligations of Guarantor under this Guaranty are absolute and unconditional. Nothing shall discharge or satisfy the liability of Guarantor under this Guaranty except the full performance and payment of the Guaranteed Obligations. It is the obligation of Guarantor to discharge the Guaranteed Obligations when due, notwithstanding any occurrence, circumstance, event, action or omission whatsoever, whether or not particularly described herein.  Guarantor is not entering into this Guaranty in reliance on the value or the availability of any of the Collateral.  Guarantor acknowledges that Guarantor may be required to pay the Guaranteed Obligations, in full, without the assistance or support of any other party.  Guarantor has not been induced to enter into this Guaranty on the basis that any party other than Obligor will be liable to perform any Guaranteed Obligation or that Northpoint will look to any other party to perform any Guaranteed Obligation. Guarantor shall not be released from such obligations for any reason, nor shall such obligations be reduced, diminished or discharged for any reason, including, without limitation,:

THIS IS A COPY
This is a Copy view of the Authoritative Copy held
by the designated custodian

(a)  Modifications and Indulgences.  Any modification, renewal, or alteration of any agreement, document, or instrument relating to any Guaranteed Obligation, or any indulgence, waiver, adjustment, preference, extension, or compromise made by Northpoint in favor of Obligor or Guarantor.

(b)  Condition of Obligor or Guarantor.  Any insolvency, bankruptcy, arrangement, adjustment, composition, liquidation, disability, dissolution, or similar proceeding affecting Obligor or Guarantor; any sale, lease, or other disposition of any of the assets of Obligor or Guarantor; or any reorganization of, or change in the composition of, the shareholders, partners, or members of Obligor or Guarantor.

(c)  Invalidity of Guaranteed Obligations.  The invalidity, illegality, or unenforceability of any Guaranteed Obligation for any reason whatsoever, including, without limitation,: the existence of valid defenses, counterclaims, or off-sets to any Guaranteed Obligation; the violation of applicable usury laws by any Guaranteed Obligation; or the inauthenticity of any document or instrument relating to the Guaranteed Obligations.

(d)  Release of Obligor.  Any complete or partial release of Obligor or any other party from any Guaranteed Obligation.

(e)  Release of Collateral; Care of Collateral; Status of Liens.  Any release, surrender, exchange, deterioration, waste, loss, or impairment of any collateral securing payment of any Guaranteed Obligation (the "**Collateral**"), whether negligent or willful; the failure of Northpoint or any other party to exercise reasonable care in the preservation, protection, sale or other treatment of any of the Collateral; the failure of Northpoint to create or perfect any security interest intended to be given by Obligor in connection with any Guaranteed Obligation (a "**Security Interest**"); the unenforceability of any Security Interest; the subordination of any Security Interest to any other lien or encumbrance; or the taking or accepting by Northpoint of any other security for, or assurance of, payment of, any Guaranteed Obligation.

(f)  Other Action or Inaction.  Any other action or inaction on the part of Northpoint, including, without limitation, any failure of Northpoint to timely enforce any right or remedy available to Northpoint in connection with the Guaranteed Obligations, whether or not such action or inaction (i) prejudices Guarantor, (ii) increases the likelihood that Guarantor will be required to pay or perform any Guaranteed Obligation, or (iii) exposes the Guarantor to greater liability under this Guaranty.

4.  Waivers.  Guarantor waives:

(a)  Action Against Others.  Any right to require Northpoint to: institute suit or exhaust remedies against Obligor or any other party liable for any Guaranteed Obligation; enforce Northpoint's rights in any of the Collateral or other security that is at any time given to secure any Guaranteed Obligation; enforce Northpoint's rights against any other guarantor of any Guaranteed Obligation; join Obligor or any other party liable for any Guaranteed Obligation in any action seeking to enforce this Guaranty; or exhaust any other remedies available to Northpoint or resort to any other means of obtaining payment or performance of any Guaranteed Obligation.

(b)  Section 10-7-24 of Official Code of Georgia.  The provisions of Section 10—24 of the Official Code of Georgia; any right to direct the application of payments provided for in Section 13-4-42 of the Official Code of Georgia or any similar law of Georgia or any other state, or of the United States; and agrees that Northpoint may apply any payments received from Guarantor, Obligor, or any other party to the Guaranteed Obligations in such order as Northpoint may elect in its discretion.

(c)  Notices.  Notice of the amount of credit extended by Northpoint to Obligor at any time, whether primary or secondary; notice of the modification or extension of any Guaranteed Obligation; notice of a default or other non-performance by Obligor in connection with any Guaranteed Obligation; notice of the transfer or disposition by Northpoint of any Guaranteed Obligation; notice of the repossession, sale or other disposition of any of the Collateral; notice of the acceptance of this Guaranty by Northpoint; demand and presentation for payment upon Obligor or any other party liable for any Guaranteed Obligation; protest, notice of protest, and diligence of bringing suit against Obligor or any other party; and any other notices that Guarantor might otherwise be entitled by law.

(c)  Defenses.  Any defenses to the payment and performance of Guarantor's obligations under this Guaranty, including, without limitation, (i) any defenses based on suretyship or impairment of the collateral or the like and (ii) any defenses arising by reason of any claim or defense based upon an election of remedies by Northpoint that in any manner impairs, affects, reduces, releases, destroys, or extinguishes Guarantor's subrogation rights, rights to proceed against Obligor or against any other party or security, including, without limitation, any defense based upon an election of remedies by Northpoint under the provisions of Section 580(d) of the California Code of Civil Procedure, or any similar law of California or any other state, or of the United States.

(d)  Marshal.  Any right to require Northpoint to marshal any assets in favor of Guarantor or against or in payment of any or all the Guaranteed Obligations.

(e)  Subrogation.  Until all Guaranteed Obligations are paid in full, any right which Guarantor may at any time have against Obligor, or any other party liable for any Guaranteed Obligation, as the result of the performance by Guarantor of its obligations under this Guaranty, including, but not limited to, contractual, statutory, and common law rights of subrogation, reimbursement, indemnification, contribution, and other rights of recourse whatsoever.

5. Joint and Several.

(a)      Joint and Several Liability.  Each Guarantor will have joint and several liability for the obligations to Northpoint under this Agreement ("**Obligations**"), and each Guarantor represents and warrants that they are affiliates of each other and expect to directly or indirectly benefit from this Agreement.  Each Guarantor acknowledges and agrees that their joint and several

DocuSign Envelope ID: 682DBA09-60B8-481E-8798-A4752E2994DE

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

liability for the Obligations and the waivers set forth in this Section 5thi are material inducements to Northpoint Commercial Finance entering into this Agreement.

    (b)    <u>Joint and Several Surety Waivers</u>.  Each Guarantor will not be released from their joint and several liability for the Obligations for any reason, nor shall their joint and several liability for the Obligations be reduced, diminished or discharged for any reason, including without limitation (a) any modification, waiver, or release of, or any indulgences granted by Northpoint with respect to, the Obligations, (b) any failure of Northpoint to timely enforce any right or remedy available to Northpoint in connection with the Obligations, (c) the invalidity of any agreement forming a part of the Obligations, (d) any other action that may increase each Guarantor's risk or expose either to greater liability, or (e) any other circumstance which might otherwise relieve each Guarantor of their obligations under this Section 5.  Each Guarantor waives:  (i) any right to require Northpoint to proceed against each Guarantor or to pursue any other remedy prior to exercising Northpoint's rights under this Section 5, (ii) notice of the non-performance of any Obligations or the amount of the Obligations outstanding at any time, (iii) demand and presentation for payment, (iv) protest and notice of protest and diligence of bringing suit, (v) all notices to which each Guarantor might otherwise be entitled by law, other than as may be expressly set forth herein; (vi) any defenses based on suretyship or impairment of the collateral or the like; and (vii) any other defense to the payment and performance of each Guarantor's obligations under this Section 5. Nothing shall discharge or satisfy the liability of each Guarantor under this Section 5 except the full performance and payment of the Obligations. Northpoint is not obligated to marshal any assets in favor of each Guarantor.

6.    <u>Representations and Warranties</u>.  Guarantor represents and warrants to Northpoint that:

    (a)    <u>Benefit</u>.  Guarantor has received, or will receive, direct or indirect benefit from the creation of the Guaranteed Obligations.

    (b)    <u>No Representation by Northpoint</u>.  Neither Northpoint nor any other party has made any representation, warranty, or statement to Guarantor in order to induce Guarantor to execute this Guaranty.

    (c)    <u>Financial Condition</u>.  As of the date hereof, and after giving effect to this Guaranty and the contingent obligations contained herein, Guarantor is solvent and has assets which, when fairly valued, exceed its liabilities.

7.    <u>Default</u>. Guarantor will be in breach of this Guaranty if any one or combination of the following occur: (a) any of Guarantor's obligations to Northpoint under this Guaranty or under any other agreement with or in favor of Northpoint are not paid or performed as required; (b) Guarantor breaches any representation, warranty or covenant contained in this Guaranty or in any other agreement with or in favor of Northpoint; (c) Guarantor ceases to do business as a going concern or there occurs a material change in the ownership or management of Guarantor's business; (d) Guarantor becomes insolvent or bankrupt; Guarantor makes an assignment for the benefit of creditors or consents to the appointment of a trustee or receiver; a trustee or a receiver is appointed for Guarantor or for a substantial part of its property without its consent; bankruptcy, reorganization or insolvency proceedings are instituted by or against Guarantor; (e) Northpoint believes that the prospect of payment or performance of Guarantor's obligations to Northpoint is impaired, whether by reason of a material adverse change in the business prospects or financial condition of Guarantor or otherwise.

8.    <u>Miscellaneous</u>.  **TO THE EXTENT PERMITTED BY LAW, GUARANTOR, FOLLOWING CONSULTATION WITH LEGAL COUNSEL, KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS WITH REGARD TO DISPUTES IN ANY WAY DIRECTLY AND/OR INDIRECTLY ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS GUARANTY.** This Guaranty shall be governed by, and construed in accordance with, the laws of the State of Georgia, without reference to applicable conflict of laws principles. Guarantor consents to the jurisdiction and venue of state and federal courts located in the State of Georgia in connection with Northpoint's enforcement of any of Guarantor's obligations under this Guaranty.  Guarantor waives and agrees not to assert any objection to the jurisdiction of any of such courts, including the objection of inconvenient forum.  Guarantor consents that any process or notice of motion or other application to any of said courts or a judge thereof, or any notice in connection with any proceedings hereunder, may be served inside or outside the State of or the District of Georgia by registered or certified mail, return receipt requested, to the last known address or by personal service provided a reasonable time for appearance is allowed, or in such other manner as may be permissible under the Rules of said Courts. This Guaranty shall not be deemed to create any right in any party except as provided herein and shall inure to the benefit of, and be binding upon, the permitted successors and assigns of Guarantor and Northpoint.  Guarantor agrees that Northpoint may, without the consent of, or notice to, Guarantor, assign all or any portion of its rights hereunder to any other party to which any Guaranteed Obligation is transferred, assigned or negotiated. Guarantor shall be liable for all attorneys' fees and other costs and expenses incurred by Northpoint in connection with Northpoint's enforcement of this Guaranty. No provision of this Guaranty shall be varied or modified by any prior or subsequent statement, conduct or act of any of the parties, except by a writing specifically referring to this Guaranty and signed by Guarantor and Northpoint. Any provision of this Guaranty held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Guaranty, and the effect thereof shall be confined to the provision so held to be invalid or unenforceable. Notwithstanding anything to the contrary herein, the parties signing this Guaranty agree that it may be completed, signed and delivered by electronic means (including, without limitation, through the DocuSign, Inc. electronic signing system) and in one or more counterparts, each of which shall be (i) an original as if signed manually by hand, and all of the counterparts of which taken together shall constitute one and the same agreement, (ii) a valid and binding agreement and fully admissible in any court of law or otherwise and under any and all state and federal rules of evidence and (iii) enforceable under UCC Section 3-309, UCC Section 3-604, or any other similar statute (with any provision contained in the UCC or other law to the contrary being waived hereby), without regard to any loss or destruction of any paper counterpart hereof, the parties hereto agreeing that the possession or maintenance of a signed and delivered scanned, emailed or other electronic version hereof shall constitute possession of this Agreement under UCC Section 3-309 or any other similar statute (with any provision contained in the UCC or other law to the contrary being waived hereby), and shall not constitute the destruction hereof and shall not result in the discharge of any obligation evidenced hereby, notwithstanding UCC Section 3-604 or any other similar law or statute. The section headings contained in this Guaranty are for reference purposes only and shall not affect in any way the meaning or interpretation of this Guaranty. The obligations of Guarantor may not be assigned without the prior written consent of Lender. All notices, demands and requests required or permitted to be given under this Guaranty shall be in

THIS IS A COPY
This is a copy, is of the Authoritative Copy held
by the designated custodian

writing and delivered by certified mail, return receipt requested, with all postage and other costs of such delivery paid or prepaid. Notwithstanding the foregoing, All required notices, disclosures, authorizations, acknowledgments, and other documents that are required to be provided by Northpoint or made available by Northpoint (if any) to Guarantor may be sent via email by Northpoint. Delivery shall be deemed to have been made on the date five days after the date of mailing by certified mail. Unless and until notice is provided to the contrary, notices shall be addressed to Northpoint's address set forth below. Any claim that Guarantor may have against Northpoint arising out of this Guaranty or the transactions contemplated herein must be asserted by Guarantor within one (1) year of it accruing or else it shall be deemed waived. Guarantor agrees that such period is reasonable and sufficient for it to investigate and act upon any such claim.

Guarantor has executed this Guaranty as of the date first set forth above.

**TIME OUT PROPERTIES, LLC**

X _____
Neil Carmichael Bender, II, Manager

**TOP PARK SERVICES LLC**

X _____
Neil Carmichael Bender, II, Manager

**ABBOTT PARK MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**ALAMAC VILLAGE MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CADILLAC RANCH MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**BRITTANY COURT MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**BULLOCK MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CEDARBROOK ESTATES MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CENTRAL PARK 2 MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CENTRAL PARK 3 MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CITY VIEW MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**EAGLEWOOD MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**GRAND VALLEY MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**LITTLEFIELD VILLAGE MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**MAPLE CREEK MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**COUNTRYSIDE MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**EASTVIEW MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**PINE RUN PARK MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**PRAIRIE KNOLLS MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**ROLLING ACRES MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**SCOTTSDALE MHP LLC**

**TAYLOR PARK MHC LLC**

THIS IS A COPY.
This is a copy view of the Authoritative Copy held
by the designated custodian

X _____
1C6F9AD80042457
Neil Carmichael Bender, II, Manager

X _____
1C6F9AD80042457
Neil Carmichael Bender, II, Manager

**WAYNESVILLE PLANTATION MHP LLC**

X _____
1C6F9AD80042457
Neil Carmichael Bender, II, Manager

**WEST ESTATES MHC LLC**

X _____
1C6F9AD80042457
Neil Carmichael Bender, II, Manager

**WYSTERIA VILLAGE MHC LLC**

X _____
1C6F9AD80042457
Neil Carmichael Bender, II, Manager

**PATCH PLACE MHC LLC**

X _____
1C6F9AD80042457
Neil Carmichael Bender, II, Manager

**DOGWOOD MHC, LLC**

X _____
1C6F9AD80042457
Neil Carmichael Bender, II, Manager

**LAIKEN ESTATES MHC, LLC**

X _____
1C6F9AD80042457
Neil Carmichael Bender, II, Manager

**SCHOOLVIEW MHC, LLC**

X _____
1C6F9AD80042457
Neil Carmichael Bender, II, Manager

**TURNER PARK MHC, LLC**

X _____
1C6F9AD80042457
Neil Carmichael Bender, II, Manager

**VICTORIA ESTATES MHC, LLC**

X _____
1C6F9AD80042457
Neil Carmichael Bender, II, Manager

**RIDGEFIELD MHC LLC**

X _____
1C6F9AD80042457
Neil Carmichael Bender, II, Manager

**PLEASANT HOPE MHC LLC**

X _____
1C6F9AD80042457
Neil Carmichael Bender, II, Manager

Address for notices to Northpoint:
Northpoint Commercial Finance LLC
1105 Lakewood Parkway, Suite 210
Alpharetta, GA 30009
Attn:  Operations

THIS IS A COPY
This is a Copy view of the Authoritative Copy held
by the designated custodian

## ADDENDUM TO GUARANTY (JOINDER)

This Addendum to Guaranty (Joinder) (this "**Addendum**") is dated as of March 8, 2022 among Time Out Properties, LLC, a Delaware limited liability company ("**Original Guarantor 1**"), Top Park Services LLC, a Delaware limited liability company ("**Original Guarantor 2**"), Abbot Park MHC LLC, a North Carolina limited liability company ("**Original Guarantor 3**"), Alamac Village MHP LLC, a North Carolina limited liability company ("**Original Guarantor 4**"), Cadillac Ranch MHC LLC, a North Carolina limited liability company ("**Original Guarantor 5**"), Brittany Court MHP LLC, an Illinois limited liability company ("**Original Guarantor 6**"), Bullock MHP LLC, a North Carolina limited liability company ("**Original Guarantor 7**"), Cedarbrook Estates MHP LLC, an Illinois limited liability company ("**Original Guarantor 8**"), Central Park 2 MHP LLC, a North Carolina limited liability company ("**Original Guarantor 9**"), Central Park 3 MHP LLC, a North Carolina limited liability company ("**Original Guarantor 10**"), City View MHC LLC, an Illinois limited liability company ("**Original Guarantor 11**"), Eaglewood MHP LLC, a North Carolina limited liability company ("**Original Guarantor 12**"), Grand Valley MHP LLC, an Illinois limited liability company ("**Original Guarantor 13**"), Littlefield Village MHP LLC, a North Carolina limited liability company ("**Original Guarantor 14**"), Maple Creek MHP LLC, an Illinois limited liability company ("**Original Guarantor 15**"), Countryside MHC LLC, a North Carolina limited liability company ("**Original Guarantor 16**"), Eastview MHC LLC, a North Carolina limited liability company ("**Original Guarantor 17**"), Pine Run Park MHP LLC, a North Carolina limited liability company ("**Original Guarantor 18**"), Prairie Knolls MHP LLC, an Illinois limited liability company ("**Original Guarantor 19**"), Rolling Acres MHC LLC, an Illinois limited liability company ("**Original Guarantor 20**"), Scottsdale MHP LLC, an Illinois limited liability company ("**Original Guarantor 21**"), Taylor Park MHC LLC, a North Carolina limited liability company ("**Original Guarantor 22**"), Waynesville Plantation MHP LLC, a North Carolina limited liability company ("**Original Guarantor 23**"), West Estates MHC LLC, a North Carolina limited liability company ("**Original Guarantor 24**"), Wysteria Village MHC LLC, a North Carolina limited liability company ("**Original Guarantor 25**"), Patch Place MHC LLC, an Ohio limited liability company ("**Original Guarantor 26**"), Dogwood MHC, LLC, a North Carolina limited liability company ("**Original Guarantor 27**"), Laiken Estates MHC, LLC, a North Carolina limited liability company ("**Original Guarantor 28**"), Schoolview MHC, LLC, a North Carolina limited liability company ("**Original Guarantor 29**"), Turner Park MHC, LLC, a North Carolina limited liability company ("**Original Guarantor 30**"), Victoria Estates MHC, LLC, a North Carolina limited liability company ("**Original Guarantor 31**"), Ridgefield MHC LLC, a North Carolina limited liability company ("**Original Guarantor 32**"), Pleasant Hope MHC LLC, a North Carolina limited liability company (together with Original Guarantor 1, Original Guarantor 2, Original Guarantor 3, Original Guarantor 4, Original Guarantor 5, Original Guarantor 6, Original Guarantor 7, Original Guarantor 8, Original Guarantor 9, Original Guarantor 10, Original Guarantor 11, Original Guarantor 12, Original Guarantor 13, Original Guarantor 14, Original Guarantor 15, Original Guarantor 16, Original Guarantor 17, Original Guarantor 18, Original Guarantor 19, Original Guarantor 20, Original Guarantor 21, Original Guarantor 22, Original Guarantor 23, Original Guarantor 25, Original Guarantor 25, Original Guarantor 26, Original Guarantor 27, Original Guarantor 28, Original Guarantor 29, Original Guarantor 30, Original Guarantor 31, and Original Guarantor 32, individually and collectively "**Original Guarantor**"), Time Out MHP, LLC, Delaware limited liability company ("**Additional Guarantor 1**"), Cape Fear MHC LLC, North Carolina limited liability company ("**Additional Guarantor 2**"), Green Pines MHC LLC, a North Carolina limited liability company ("**Additional Guarantor 3**"), Pine Log MHC LLC, a North Carolina limited liability company ("**Additional Guarantor 4**"), Pinewood MHC LLC, a North Carolina limited liability company ("**Additional Guarantor 5**"), Taylor's Bridge MHC LLC, a North Carolina limited liability company ("**Additional Guarantor 6**"), and White Sands MHC LLC, a North Carolina limited liability company (together with Additional Guarantor 1, Additional Guarantor 2, Additional Guarantor 3, Additional Guarantor 4, Additional Guarantor 5, and Additional Guarantor 6, individually and collectively, "**Additional Guarantor**"; and Additional Guarantor together with Original Guarantor, individually and collectively, "**Guarantor**") in favor of Northpoint Commercial Finance LLC ("**Lender**").

Each Original Guarantor executed in favor of Lender a Guaranty dated as of May 12, 2020 (as amended, restated, supplemented, or otherwise modified from time to time, the "**Guaranty**") that guarantees the obligations of Time Out Communities, LLC ("**Obligor**") to Lender.

Each Original Guarantor and each Additional Guarantor have requested that each Additional Guarantor, which are affiliates of each Original Guarantor and each other, join the Guaranty each as additional Guarantors thereunder.

In consideration of the mutual covenants and undertakings contained in this Addendum and in the Guaranty, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, each Guarantor agrees as follows:

1.  The Guaranty is amended by making each Additional Guarantor an additional Guarantor thereunder, and all references in the Guaranty to "Guarantor" shall mean (individually and collectively) each Original Guarantor and each Additional Guarantor. Each Additional Guarantor shall each have all the rights and obligations under the Guaranty of a "Guarantor". Each Additional Guarantor (a) is familiar with the Guaranty and the other documents entered into in connection with the Guaranty, (b) is jointly and severally liable with each other Guarantor for all outstanding Obligations, (c) makes, affirms, and confirms all representations and warranties of each Guarantor under the Guaranty, and (d) agrees to be bound by all covenants of each Guarantor under the Guaranty.

No Guarantor will be released from their joint and several liability for Obligations for any reason, nor shall their joint and several liability for the Obligations be reduced, diminished or discharged for any reason, including without limitation (a) any modification,

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

waiver, or release of, or any indulgences granted by Lender with respect to, the Obligations of any other Guarantor, (b) any failure of Lender to timely enforce any right or remedy available to Lender in connection with the Obligations of any other Guarantor, (c) the invalidity of any agreement forming a part of the Obligations of any other Guarantor, (d) any other action that may increase any Guarantor's risk or expose it to greater liability, or (e) any other circumstance which might otherwise relieve any Guarantor of their obligations under this Section 1. Each Guarantor waives: (i) any right to require Lender to proceed against any other Guarantor or to pursue any other remedy prior to exercising Lender's rights under this Section 1, (ii) demand and presentation for payment upon any other Guarantor, (iii) protest and notice of protest and diligence of bringing suit against any other Guarantor, (iv) all notices to which any Guarantor might otherwise be entitled by law, other than as may be expressly set forth herein; (v) any defenses based on suretyship or impairment of the collateral or the like; and (vii) any other defense to the payment and performance of any Guarantor's obligations under this Section 1. Nothing shall discharge or satisfy the liability of any Guarantor under this Section 1 except the full performance and payment of the Obligations. Lender is not obligated to marshal any assets in favor of any Guarantor.

2. Except as expressly amended by this Addendum, the Guaranty shall remain unchanged and in full force and effect, and the Guaranty is hereby ratified and reaffirmed in all respects. This Addendum is not intended to be, nor shall it be construed to create, a novation or accord and satisfaction.

3. Each reference in the Guaranty to "this Guaranty", "hereunder", "herein", or words of like import referring to the Guaranty shall mean and refer to the Guaranty as amended hereby. All terms governing the Guaranty shall govern this Addendum. Unless otherwise defined in this Addendum, all capitalized terms used in this Addendum have the same meaning given to those terms in the Guaranty.

4. The parties signing this Addendum agree that it may be completed, signed and delivered by electronic means (including, without limitation, through the DocuSign, Inc. electronic signing system) and in one or more counterparts, each of which shall be (i) an original as if signed manually by hand, and all of the counterparts of which taken together shall constitute one and the same agreement, (ii) a valid and binding agreement and fully admissible in any court of law or otherwise and under any and all state and federal rules of evidence and (iii) enforceable under UCC Section 3-309, UCC Section 3-604, or any other similar statute (with any provision contained in the UCC or other law to the contrary being waived hereby), without regard to any loss or destruction of any paper counterpart hereof, the parties hereto agreeing that the possession or maintenance of a signed and delivered scanned, emailed or other electronic version hereof shall constitute possession of this Addendum under UCC Section 3-309 or any other similar statute (with any provision contained in the UCC or other law to the contrary being waived hereby), and shall not constitute the destruction hereof and shall not result in the discharge of any obligation evidenced hereby, notwithstanding UCC Section 3-604 or any other similar law or statute..

The parties hereto have executed this Addendum as of the date first set forth above.

**TIME OUT PROPERTIES, LLC**

X _____
Neil Carmichael Bender, II, Manager

**TOP PARK SERVICES LLC**

X _____
Neil Carmichael Bender, II, Manager

**ABBOTT PARK MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**ALAMAC VILLAGE MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CADILLAC RANCH MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**BRITTANY COURT MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**BULLOCK MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CEDARBROOK ESTATES MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

COPY VIEW

**CENTRAL PARK 2 MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CENTRAL PARK 3 MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CITY VIEW MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**EAGLEWOOD MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**GRAND VALLEY MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**LITTLEFIELD VILLAGE MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**MAPLE CREEK MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**COUNTRYSIDE MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**EASTVIEW MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**PINE RUN PARK MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**PRAIRIE KNOLLS MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**ROLLING ACRES MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**SCOTTSDALE MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**TAYLOR PARK MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**WAYNESVILLE PLANTATION MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**WEST ESTATES MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**WYSTERIA VILLAGE MHC LLC**

**PATCH PLACE MHC LLC**

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

X _____
1C6F9AD80042457...
**Neil Carmichael Bender, II, Manager**

X _____
1C6F9AD80042457
**Neil Carmichael Bender, II, Manager**

**DOGWOOD MHC, LLC**

X _____
1C6F9AD80042457...
**Neil Carmichael Bender, II, Manager**

**LAIKEN ESTATES MHC, LLC**

X _____
1C6F9AD80042457...
**Neil Carmichael Bender, II, Manager**

**SCHOOLVIEW MHC, LLC**

X _____
1C6F9AD80042457
**Neil Carmichael Bender, II, Manager**

**TURNER PARK MHC, LLC**

X _____
1C6F9AD80042457
**Neil Carmichael Bender, II, Manager**

**VICTORIA ESTATES MHC, LLC**

X _____
1C6F9AD80042457
**Neil Carmichael Bender, II, Manager**

**RIDGEFIELD MHC LLC**

X _____
1C6F9AD80042457
**Neil Carmichael Bender, II, Manager**

**PLEASANT HOPE MHC LLC**

X _____
1C6F9AD80042457
**Neil Carmichael Bender, II, Manager**

**TIME OUT MHP, LLC**

X _____
1C6F9AD80042457
**Neil Carmichael Bender, II, Manager**

**CAPE FEAR MHC LLC**

X _____
1C6F9AD80042457
**Neil Carmichael Bender, II, Manager**

**GREEN PINES MHC LLC**

X _____
1C6F9AD80042457
**Neil Carmichael Bender, II, Manager**

**PINE LOG MHC LLC**

X _____
1C6F9AD80042457
**Neil Carmichael Bender, II, Manager**

**PINEWOOD MHC LLC**

X _____
1C6F9AD80042457
**Neil Carmichael Bender, II, Manager**

**TAYLOR'S BRIDGE MHC LLC**

X _____
1C6F9AD80042457
**Neil Carmichael Bender, II, Manager**

**WHITE SANDS MHC LLC**

X _____
1C6F9AD80042457
**Neil Carmichael Bender, II, Manager**

THIS IS A COPY
This is a copy, view of the Authoritative Copy held
by the designated custodian

## ADDENDUM TO GUARANTY (JOINDER)

This Addendum to Guaranty (Joinder) (this "**Addendum**") is dated as of October 17, 2022 among Time Out Properties, LLC, a Delaware limited liability company ("**Original Guarantor 1**"), Top Park Services LLC, a Delaware limited liability company ("**Original Guarantor 2**"), Abbot Park MHC LLC, a North Carolina limited liability company ("**Original Guarantor 3**"), Alamac Village MHP LLC, a North Carolina limited liability company ("**Original Guarantor 4**"), Cadillac Ranch MHC LLC, a North Carolina limited liability company ("**Original Guarantor 5**"), Brittany Court MHP LLC, an Illinois limited liability company ("**Original Guarantor 6**"), Bullock MHP LLC, a North Carolina limited liability company ("**Original Guarantor 7**"), Cedarbrook Estates MHP LLC, an Illinois limited liability company ("**Original Guarantor 8**"), Central Park 2 MHP LLC, a North Carolina limited liability company ("**Original Guarantor 9**"), Central Park 3 MHP LLC, a North Carolina limited liability company ("**Original Guarantor 10**"), City View MHC LLC, an Illinois limited liability company ("**Original Guarantor 11**"), Eaglewood MHP LLC, a North Carolina limited liability company ("**Original Guarantor 12**"), Grand Valley MHP LLC, an Illinois limited liability company ("**Original Guarantor 13**"), Littlefield Village MHP LLC, a North Carolina limited liability company ("**Original Guarantor 14**"), Maple Creek MHP LLC, an Illinois limited liability company ("**Original Guarantor 15**"), Countryside MHC LLC, a North Carolina limited liability company ("**Original Guarantor 16**"), Eastview MHC LLC, a North Carolina limited liability company ("**Original Guarantor 17**"), Pine Run Park MHP LLC, a North Carolina limited liability company ("**Original Guarantor 18**"), Prairie Knolls MHP LLC, an Illinois limited liability company ("**Original Guarantor 19**"), Rolling Acres MHC LLC, an Illinois limited liability company ("**Original Guarantor 20**"), Scottsdale MHP LLC, an Illinois limited liability company ("**Original Guarantor 21**"), Taylor Park MHC LLC, a North Carolina limited liability company ("**Original Guarantor 22**"), Waynesville Plantation MHP LLC, a North Carolina limited liability company ("**Original Guarantor 23**"), West Estates MHC LLC, a North Carolina limited liability company ("**Original Guarantor 24**"), Wysteria Village MHC LLC, a North Carolina limited liability company ("**Original Guarantor 25**"), Patch Place MHC LLC, an Ohio limited liability company ("**Original Guarantor 26**"), Dogwood MHC, LLC, a North Carolina limited liability company ("**Original Guarantor 27**"), Laiken Estates MHC, LLC, a North Carolina limited liability company ("**Original Guarantor 28**"), Schoolview MHC, LLC, a North Carolina limited liability company ("**Original Guarantor 29**"), Turner Park MHC, LLC, a North Carolina limited liability company ("**Original Guarantor 30**"), Victoria Estates MHC, LLC, a North Carolina limited liability company ("**Original Guarantor 31**"), Ridgefield MHC LLC, a North Carolina limited liability company ("**Original Guarantor 32**"), Pleasant Hope MHC LLC, a North Carolina limited liability company ("**Original Guarantor 33**"), Time Out MHP, LLC, Delaware limited liability company ("**Original Guarantor 34**"), Cape Fear MHC LLC, North Carolina limited liability company ("**Original Guarantor 35**"), Green Pines MHC LLC, a North Carolina limited liability company ("**Original Guarantor 36**"), Pine Log MHC LLC, a North Carolina limited liability company ("**Original Guarantor 37**"), Pinewood MHC LLC, a North Carolina limited liability company ("**Original Guarantor 38**"), Taylor's Bridge MHC LLC, a North Carolina limited liability company ("**Original Guarantor 39**"), White Sands MHC LLC, a North Carolina limited liability company (together with Original Guarantor 1, Original Guarantor 2, Original Guarantor 3, Original Guarantor 4, Original Guarantor 5, Original Guarantor 6, Original Guarantor 7, Original Guarantor 8, Original Guarantor 9, Original Guarantor 10, Original Guarantor 11, Original Guarantor 12, Original Guarantor 13, Original Guarantor 14, Original Guarantor 15, Original Guarantor 16, Original Guarantor 17, Original Guarantor 18, Original Guarantor 19, Original Guarantor 20, Original Guarantor 21, Original Guarantor 22, Original Guarantor 23, Original Guarantor 24, Original Guarantor 25, Original Guarantor 26, Original Guarantor 27, Original Guarantor 28, Original Guarantor 29, Original Guarantor 30, Original Guarantor 31, Original Guarantor 32, Original Guarantor 33, Original Guarantor 34, Original Guarantor 35, Original Guarantor 36, Original Guarantor 37, Original Guarantor 38, and Original Guarantor 39, individually and collectively, "**Original Guarantor**"), Bayside MHC LLC, a North Carolina limited liability company ("**Additional Guarantor 1**"), Affordable Resorts LLC (together with Additional Guarantor 1, individually and collectively, "**Additional Guarantor**"; and Additional Guarantor together with Original Guarantor, individually and collectively, "**Guarantor**") in favor of Northpoint Commercial Finance LLC ("**Lender**").

Each Original Guarantor executed in favor of Lender a Guaranty dated as of May 12, 2020 (as amended, restated, supplemented, or otherwise modified from time to time, the "**Guaranty**") that guarantees the obligations of Time Out Communities, LLC ("**Obligor**") to Lender.

Each Original Guarantor and each Additional Guarantor have requested that each Additional Guarantor, which are affiliates of each Original Guarantor and each other, join the Guaranty each as additional Guarantors thereunder.

In consideration of the mutual covenants and undertakings contained in this Addendum and in the Guaranty, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, each Guarantor agrees as follows:

1.   The Guaranty is amended by making each Additional Guarantor an additional Guarantor thereunder, and all references in the Guaranty to "Guarantor" shall mean (individually and collectively) each Original Guarantor and each Additional Guarantor. Each Additional Guarantor shall each have all the rights and obligations under the Guaranty of a "Guarantor". Each Additional Guarantor (a) is familiar with the Guaranty and the other documents entered into in connection with the Guaranty, (b) is jointly and severally liable with each other Guarantor for all outstanding Obligations, (c) makes, affirms, and confirms all representations and warranties of each Guarantor under the Guaranty, and (d) agrees to be bound by all covenants of each Guarantor under the Guaranty.

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

No Guarantor will be released from their joint and several liability for Obligations for any reason, nor shall their joint and several liability for the Obligations be reduced, diminished or discharged for any reason, including without limitation (a) any modification, waiver, or release of, or any indulgences granted by Lender with respect to, the Obligations of any other Guarantor, (b) any failure of Lender to timely enforce any right or remedy available to Lender in connection with the Obligations of any other Guarantor, (c) the invalidity of any agreement forming a part of the Obligations of any other Guarantor, (d) any other action that may increase any Guarantor's risk or expose it to greater liability, or (e) any other circumstance which might otherwise relieve any Guarantor of their obligations under this Section 1.  Each Guarantor waives: (i) any right to require Lender to proceed against any other Guarantor or to pursue any other remedy prior to exercising Lender's rights under this Section 1, (ii) demand and presentation for payment upon any other Guarantor, (iii) protest and notice of protest and diligence of bringing suit against any other Guarantor, (iv) all notices to which any Guarantor might otherwise be entitled by law, other than as may be expressly set forth herein; (v) any defenses based on suretyship or impairment of the collateral or the like; and (vii) any other defense to the payment and performance of any Guarantor's obligations under this Section 1. Nothing shall discharge or satisfy the liability of any Guarantor under this Section 1 except the full performance and payment of the Obligations. Lender is not obligated to marshal any assets in favor of any Guarantor.

2. Except as expressly amended by this Addendum, the Guaranty shall remain unchanged and in full force and effect, and the Guaranty is hereby ratified and reaffirmed in all respects. This Addendum is not intended to be, nor shall it be construed to create, a novation or accord and satisfaction.

3.  Each reference in the Guaranty to "this Guaranty", "hereunder", "herein", or words of like import referring to the Guaranty shall mean and refer to the Guaranty as amended hereby. All terms governing the Guaranty shall govern this Addendum. Unless otherwise defined in this Addendum, all capitalized terms used in this Addendum have the same meaning given to those terms in the Guaranty.

4. The parties signing this Addendum agree that it may be completed, signed and delivered by electronic means (including, without limitation, through the DocuSign, Inc. electronic signing system) and in one or more counterparts, each of which shall be (i) an original as if signed manually by hand, and all of the counterparts of which taken together shall constitute one and the same agreement, (ii) a valid and binding agreement and fully admissible in any court of law or otherwise and under any and all state and federal rules of evidence and (iii) enforceable under UCC Section 3-309, UCC Section 3-604, or any other similar statute (with any provision contained in the UCC or other law to the contrary being waived hereby), without regard to any loss or destruction of any paper counterpart hereof, the parties hereto agreeing that the possession or maintenance of a signed and delivered scanned, emailed or other electronic version hereof shall constitute possession of this Addendum under UCC Section 3-309 or any other similar statute (with any provision contained in the UCC or other law to the contrary being waived hereby), and shall not constitute the destruction hereof and shall not result in the discharge of any obligation evidenced hereby, notwithstanding UCC Section 3-604 or any other similar law or statute..

The parties hereto have executed this Addendum as of the date first set forth above.

**TIME OUT PROPERTIES, LLC**

X _____
Neil Carmichael Bender, II, Manager

**TOP PARK SERVICES LLC**

X _____
Neil Carmichael Bender, II, Manager

**ABBOTT PARK MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**ALAMAC VILLAGE MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CADILLAC RANCH MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**BRITTANY COURT MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**BULLOCK MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CEDARBROOK ESTATES MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

ADDENDUM TO GUARANTY (JOINDER) - Page 2 of 4

THIS IS A COPY.
This is a copy view of the Authoritative Copy held
by the designated custodian

**CENTRAL PARK 2 MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CENTRAL PARK 3 MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**CITY VIEW MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**EAGLEWOOD MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**GRAND VALLEY MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**LITTLEFIELD VILLAGE MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**MAPLE CREEK MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**COUNTRYSIDE MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**EASTVIEW MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**PINE RUN PARK MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**PRAIRIE KNOLLS MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**ROLLING ACRES MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**SCOTTSDALE MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**TAYLOR PARK MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**WAYNESVILLE PLANTATION MHP LLC**

X _____
Neil Carmichael Bender, II, Manager

**WEST ESTATES MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

**WYSTERIA VILLAGE MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**PATCH PLACE MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**DOGWOOD MHC, LLC**

X _____
Neil Carmichael Bender, II, Manager

**LAIKEN ESTATES MHC, LLC**

X _____
Neil Carmichael Bender, II, Manager

**SCHOOLVIEW MHC, LLC**

X _____
Neil Carmichael Bender, II, Manager

**TURNER PARK MHC, LLC**

X _____
Neil Carmichael Bender, II, Manager

**VICTORIA ESTATES MHC, LLC**

X _____
Neil Carmichael Bender, II, Manager

**RIDGEFIELD MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**PLEASANT HOPE MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**TIME OUT MHP, LLC**

X _____
Neil Carmichael Bender, II, Manager

**CAPE FEAR MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**GREEN PINES MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**PINE LOG MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**PINEWOOD MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**TAYLOR'S BRIDGE MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**WHITE SANDS MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**BAYSIDE MHC LLC**

X _____
Neil Carmichael Bender, II, Manager

**AFFORDABLE RESORTS LLC**

X _____
Neil Carmichael Bender, II, Manager