IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NATASHA BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | Original Complaint |
| | ) | CIVIL ACTION FILE NO. |
| | ) | |
| | ) | (Jury Trial Demanded) |
| v. | ) | |
| | ) | |
| ARGOS READY MIX, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT FOR DAMAGES

COMES NOW Natasha Barnett ("Plaintiff" or "Ms. Barnett") by and through her undersigned counsel of record and files this Complaint for Damages against Defendant Argos Ready Mix, LLC ("Defendant" or "Argos") and hereby seeks damages against the Defendant for violating the Plaintiff's federal civil rights and constitutional rights and their retaliation against Plaintiff.

NATURE OF THE ACTION

1.

This is an action brought by Plaintiff against Argos for damages for their violation of the provisions of Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12111-12117, which incorporate, through 42 U.S.C. §12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil

1

Rights Act of 1964, as amended, included in 42 U.S.C. §2000e *et. seq.* As set forth below, Plaintiff alleges that Argos subjected her to unlawful discrimination on the basis of disability in violation of the ADA.

## JURISDICTION AND VENUE

2.

The Court has jurisdiction over this action under 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1331. The Court has authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. §12117(a). Venue is proper in this district under 42 U.S.C. §2000e-5(f).

3.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia.

## PARTIES

4.

Plaintiff, Ms. Barnett, is an adult United States citizen who at all relevant times was a resident of Gwinnett County, Georgia.

5.

Defendant Argos is a local company that does business in Gwinnett County, Georgia.  Its principal office in Georgia is located at 3015 Windward Plaza, Suite 200, Alpharetta, Georgia 30005. Defendant may be served with a copy of this Complaint at their principal office in Alpharetta, Georgia.

6.

Defendant was Plaintiff's employer within the meaning of the ADA.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A). Further, Defendant does not qualify for any exceptions under 42 U.S.C. §12111(5)(B).

7.

On December 23, 2020, Plaintiff sustained injuries to her right hand, right elbow, right knee, and lower back when she fell while going up a set of steps.  The injury occurred in the course of the Plaintiff performing her job duties for the Defendant. Plaintiff received treatment from several physician through the Employer's workers' compensation coverage and was released to return to work. However, she also received treatment through her personal primary care physician, who provided restrictions for her return to work.  The Defendant scheduled Ms. Barnett for a "Functional Fit For Duty Test" to take place on July 13, 2021.  Ms.

Barnett appeared for the test and did not pass it due to continued pain in her back. As a result, on July 14, 2021, the Defendant informed Ms. Barnett that they were looking into whether they could accommodate her based on her in ability to pass the "fit for duty" test.

8.

At all relevant times, Ms. Barnett experienced severe back pain that required medical treatment, including several visits to the emergency room.  She controls her pain through medication and altered lifestyle choices.  She is disabled within the meaning of 42 U.S.C. §12102 because she has a physical impairment that substantially limits one or more major life activities, including caring for herself, walking, standing, lifting, bending, and working. She was also regarded as having a perceived impairment due to her reporting her work injury to Defendant. The perceived impairment lasted from December 23, 2020 through at least July 24, 2021. Accordingly, it is not a transitory impairment as defined in 42 U.S.C. §12102(3)(B).

ADMINSITRATIVE PREREQUISITES

9.

Ms. Barnett has complied with all administrative prerequisites to action under the ADA, as amended, by timely filing a formal charge of discrimination and

retaliation (Charge No. 410-2021-00676) with the EEOC, Atlanta District Office on December 1, 2021.

10.

Ms. Barnett has exhausted all available administrative remedies in accord with the aforementioned statues prior to instituting this Civil Action and a Notice of Right to Sue was issued on June 16, 2023.  Ms. Whidby received the Notice of Right to Sue on June 23, 2023.

STATEMENT OF CLAIMS

11.

Ms. Barnett was hired to work as a driver for the Defendant on October 12, 2020.

10.

On December 23, 2020, she sustained an on-the-job injury when she tripped and fell while going up a set of metal stairs.  The accident caused injuries to her right hand, right elbow, right knee, and lower back. She received medical treatment and was placed on "light duty" by the Defendant's preferred workers' compensation treating physicians.  Specifically, Ms. Barnett received treatment from Dr. Christopher Edwards. The Defendant accommodated Ms Barnett's restrictions.  On June 25, 2021, after evaluating Ms. Barnett, Dr. Edwards diagnosed her with "borderline stenosis" and instructed her to return to work with

"moderate restrictions." Further, Dr. Edwards instructed Ms. Barnett to return to him for a follow-up examination to take place on July 16, 2021. Dr. Edwards provided a "work status report" outlining these instructions.

11.

On July 12, 2021, four days prior to her scheduled return to Dr. Edwards, Ms. Barnett's supervisor informed her that Dr. Edward released her to return to full duty work. In support of this assertion, the Defendant presented Ms. Barnett with a copy of the same "work status report" that she received on June 25, 2021. However, the report was altered. On the new report, "someone" checked the box stating that Ms. Barnett was to "return to regular duty" as of July 10, 2021. Ms. Barnett never received this report from her doctor. Instead, she only received it from her supervisor. Ms. Barnett complained to her supervisor that she never received this report and questioned its origin and authenticity in light of her work injury and prior restrictions.

12.

On July 13, 2021, the day following after Ms. Barnett learned of the "return to regular duty" report, the Defendant scheduled Ms. Barnett for a "functional physical fit for duty" test. Ms. Barnett appeared for the test, however, she did not pass.

13.

On July 14, 2021, through their workers' compensation attorney, Argos informed Ms. Barnett that they were "looking to see if they can accommodate her." However, Argos never initiated the interactive accommodations process. Instead, on July 21, 2021, they silently placed Ms. Barnett back on the schedule without notifying her. Two days later, they terminated her for failing to appear for work. In the termination correspondence, they noted that she failed to show for work for three days, although three days had not passed at the time the termination correspondence was sent.

CAUSE OF ACTION

14.

Paragraphs 1-13 are repeated and incorporated herein.

15.

Title I of the ADA prohibits covered entities from discriminating against a qualified individual on the basis of disability in regard to the discharge of

employees, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. §12112(a).

16.

Title I of the ADA requires covered entities to engage job applicants with known disabilities in an interactive process to assess the nature of the disability and how the employer might reasonably accommodate that disability, where the employer believes that the disability might prevent the applicant from performing an essential job function. 42 U.S.C. §12112(a).

17.

Defendant Argos's conduct as described in this Complaint constitutes discrimination on the basis of disability in violation of Title I of the ADA, 42 U.S.C. §§12111-12117, in the following ways:

a. Argos failed to engage Ms. Barnett in an interactive process concerning the essential job functions of the position, Ms. Barnett's ability to perform those functions, and the possibility of accommodations for Ms. Barnett's disability, despite the fact that she is a qualified person with a disability who could perform the essential functions of the position, with or without accommodation, in violation of Title I of the ADA. *See* 42 U.S.C. §12112.

    b. Argos terminated Ms. Barnett due to her disability, record of disability, report of a work injury, and regarded her as disabled, despite the fact that she is a qualified person with a disability who could perform the essential functions of the position, with or without accommodation, in violation of Title I of the ADA.  *See* 42 U.S.C. §12112.

18.

42 U.S.C. §12203 prohibits Employers from discriminating against any individual because such individual has opposed any act or practice made unlawful by the ADA.

19.

Defendant Argos's conduct as described in this Complaint constitutes retaliation in violation of 42 U.S.C. §12203 because:

    a. They denied Ms. Barnett's request for benefits following her opposition to receiving an altered medical report considering her reported work injury and receipt of medical treatment under the Defendant's workers' compensation insurance policy; and

    b. They terminated Ms. Barnett following her stated opposition to receiving an altered medical report that she believed was related to her reported work injury, receipt of medical treatment, and perceived disability.

20.

As a consequence of Defendant Argos's discriminatory conduct, Ms. Barnett suffered and continues to suffer harms, including emotional distress, lost of income, lost of medical benefits, lost of other supplemental benefits, mental anguish, pain and suffering, anxiety, depression, loss of enjoyment of life, and humiliation.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests from this Court:

(a) That Plaintiff have judgment against Defendant on all counts, in an amount to be determined at trial;

(b) That Plaintiff be awarded back pay and compensation for lost benefits of employment, to the extent awardable under the Counts set forth above;

(c) That Plaintiff recover compensatory damages in an amount reasonable and commensurate with the economic loss suffered as a result of Defendant's retaliation and the pain and emotional distress imposed upon him by Defendant's intentionally retaliatory acts and all other sums and relief to which Plaintiff is entitled;

(d) That Plaintiff recover pre-judgment interest from Defendant;

(e) That Plaintiff recover post-judgment interest from Defendant;

(f) That Plaintiff recover from Defendant his attorneys' fees and costs incurred in bringing this action;

(g) That this Court enjoin Defendant from any further retaliatory and unlawful conduct;

(h) That a jury trial be had as to all issues in this Complaint; and

(i) For all such other and further relief as is deemed just and proper by this Court.

Respectfully submitted this 14th day of September 2023.

/s/ Tundé O. Ezekiel
The Ezekiel Law Firm, LLC
Attorney for Plaintiff
Georgia Bar No. 653750
190 Sandy Springs Place, Suite 100
Atlanta, GA 30327
Tel: (404) 662-2224
Fax: (404) 907-3133

## **FONT CERTIFICATION**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiffs hereby certifies that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 14th day of September, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.

/s/ Tundé O. Ezekiel