UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: PARAGARD PRODUCTS LIABILTY LITIGATION | : | MDL DOCKET NO. 2974 |
| This document relates to: | : | 1:20-md-02974-LMM |
| SANDRA SNYDER and JEFFREY SNYDER<br>Plaintiffs | : | Civil Action No.: _____ |
| vs. | : | |
| TEVA PHARMACEUTICALS USA, INC., TEVA WOMEN'S HEALTH, LLC, TEVA BRANDED PHARMACEUTICAL PRODUCTS R&D, INC., THE COOPER COMPANIES, INC. COOPERSURGICAL, INC.<br>Defendants. | : | |

## SHORT FORM COMPLAINT

Come(s) now the Plaintiff(s) named below, and for her/their Complaint against the Defendant(s) named below, incorporate(s) the Second Amended Master Personal Injury Complaint (Doc. No. 79), in the MDL No. 2974 by reference. Plaintiff(s) further plead(s) as follows:

1. Name of Plaintiff placed with Paragard: ___Sandra Snyder___

2. Name of Plaintiff's Spouse (if a party to the case): ___Jeffrey Snyder___

3. If case is brought in a representative capacity, Name of Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator): ___N/A___

4. State of Residence of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Plaintiff's original complaint: ___Massachusetts___

5. State of Residence of each Plaintiff at the time of Paragard placement: __Massachusetts__

6. State of Residence of each Plaintiff at the time of Paragard removal: __Massachusetts__

7. District Court and Division in which personal jurisdiction and venue would be proper: __USDC for the District of Massachusetts, Boston Division__

8. Defendants. (Check one or more of the following five (5) Defendants against whom Plaintiff's Complaint is made. The following five (5) Defendants are the only defendants against whom a Short Form Complaint may be filed. No other entity may be added as a defendant in a Short Form Complaint.):

    ☒ A. Teva Pharmaceuticals USA, Inc.

    ☒ B. Teva Women's Health, LLC

    ☒ C. Teva Branded Pharmaceutical Products R&D, Inc.

    ☒ D. The Cooper Companies, Inc.

    ☒ E. CooperSurgical, Inc.

9. Basis of Jurisdiction

    ☒ Diversity of Citizenship (28 U.S.C. § 1332(a))

    ☐ Other (if Other, identify below):

    _____

10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physician(s) or other Health Care Provider (including City and State) | Date Plaintiff's Paragard was Removed (DD/MM/YYYY)* <br><br>*If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provider (include City and State)** <br><br>**If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
| 03/07/2013 | Mary Chang, DO Georgetown, MA | 01/10/2023 | Alda Andoni, MD Newburyport, MA |
|  |  | 04/03/2023 | Annekathryn Goodman, MD Boston, MA |

11. Plaintiff alleges breakage (other than thread or string breakage) of her Paragard upon removal.

☒ Yes

☐ No

12. Brief statement of injury(ies) Plaintiff is claiming:

Upon attempted removal, it was discovered that both arms of the ParaGard IUD had broken off requiring a surgical procedure. Prior to surgery, an ultrasound located the fractured ParaGard IUD arms embedded in the lower uterine segment, possibly embedded into myometrium. The surgeon was able to remove a fragment of the ParaGard IUD arm, but the other ParaGard IUD arm was unable to be removed from the anterior myometrium. Plaintiff reserves her right to allege additional injuries and complications specific to her.

13. Product Identification:

    a. Lot Number of Paragard placed in Plaintiff (if now known):

    _____

    b. Did you obtain your Paragard from anyone other than the Health Care Provider who placed your Paragard:

    ☐ Yes

    ☒ No

14. Counts in the Master Complaint brought by Plaintiff(s):

    ☐ Count I – Strict Liability / Design Defect

    ☐ Count II – Strict Liability / Failure to Warn

    ☐ Count III – Strict Liability / Manufacturing Defect

    ☒ Count IV – Negligence

    ☒ Count V – Negligence / Design and Manufacturing Defect

    ☒ Count VI – Negligence / Failure to Warn

    ☒ Count IX – Negligent Misrepresentation

    ☒ Count X – Breach of Express Warranty

    ☒ Count XI – Breach of Implied Warranty

    ☒ Count XII – Violation of Consumer Protection Laws

    ☒ Count XIII – Gross Negligence

    ☒ Count XIV – Unjust Enrichment

    ☐ Count XV – Punitive Damages

☒  Count XVI – Loss of Consortium

☒  Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

<u>Violation of State Consumer Protection Laws of the State of Massachusetts pursuant to G.L.c.93A. Against All Defendants.</u>

15. "Tolling/Fraudulent Concealment" allegations:

    a. Is Plaintiff alleging "Tolling/Fraudulent Concealment"?

       ☒ Yes

       ☐ No

    b. If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below:

       _____

16. Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:

    a. Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

       ☒ Yes

       ☐ No

    b. If Yes, the following information must be provided (in accordance with Federal Rule of Civil Procedure 8 and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

       i. The alleged statement(s) of material fact that Plaintiff alleges was false: <u>Paragard was a safe, effective and reversible form of birth control. Paragard</u>

was safe or safer than other products available on the market, including but not limited to the ease in removing in a nonsurgical manner.

 ii. Who allegedly made the statement: __Defendants__

 iii. To whom the statement was allegedly made: __The public, including Plaintiff, medical professionals including Plaintiff's physicians.__

 iv. The date(s) on which the statement was allegedly made: __Various dates since FDA approval in 1984, including but not limited to the statements on their website from December 2016 to April 2018.__

17. If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

 a. What does Plaintiff allege is the manufacturing defect in her Paragard? _____

18. Plaintiff's demand for relief sought if different than what is alleged in the Master Complaint: _____

19. Jury Demand:

 ☒ Jury Trial is demanded as to all counts

 ☐ Jury Trial is NOT demanded as to any count

         /s/ Marilyn T. McGoldrick
         Attorney for Plaintiff

THORNTON LAW FIRM LLP
84 State Street, 4th Floor
Boston, MA  02109
(617) 720-1333
(617) 720-2445 (Fax)
mmcgoldrick@tenlaw.com
MA BBO#561766