FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR(
**23-C-08350-**
**11/8/2023 4:57 P**
TIANA P. GARNER, CLE

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **BEATRICE BROWN** | * | |
| Plaintiff | * | |
| | * | |
| | * | **CIVIL ACTION** |
| **vs.** | * | **FILE NO.** 23-C-08350-S3 |
| | * | |
| **MICHAELS STORES, INC.** | * | |
| Defendant. | * | |

## COMPLAINT FOR DAMAGES

COMES NOW, **BEATRICE BROWN**, the Plaintiff in the above-styled action and files this Complaint for Damages against **MICHAELS STORES, INC.**, the Defendant, named herein and shows this Honorable Court the following:

## VENUE AND JURISDICTION

1.

Michaels Stores, Inc. (Defendant) is a foreign corporation authorized to do business in the state of Georgia. Defendant's registered agent is


EXHIBIT
D-1

agent is Corporation Service Company (CSC), located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092. Plaintiff further shows that Defendant purposefully availed itself of the laws of Georgia via continuous and systematic contacts within the State of Georgia. These contacts triggered the event that is the subject matter of this litigation. See International Shoe Co. v. Washington, 326 U.S. 310 (1945), Burger King v. Rudzewicz, 471 U.S. 462 (1985), Allstate Ins. Co. v. Klein, 262 Ga. 599 (1992). Accordingly, Defendant is subject to the jurisdiction of this Honorable Court. Defendant's registered agent may be served with process at the aforementioned registered address.

Accordingly, Defendant is subject to the jurisdiction and venue of this Honorable Court.

## FACTUAL BASIS

2.

On November 12, 2021, Plaintiff went inside Michaels Stores, Inc. located at the Alps Road Shopping Center at 196 Alps Road, Athens, GA 30606. Plaintiff went inside the store to shop. While walking inside the store, she was suddenly struck on her head by a box of canvas frames, stored on a shelf with a height between ten to twelve feet.

3.

The sudden force of the falling box led to Plaintiff's injuries, which included trauma to her head, neck, arms, and hands. Plaintiff will continue to suffer her injuries from the accident and will need continuous medical assistance, extensive medical treatments, and therapies.

4.

Also, Defendant, Michaels Stores, Inc.'s employees and staff failed to provide reasonable assistance to Plaintiff after the accident. Defendant failed to contact law enforcement and emergency medical services for the Plaintiff's injuries and medical condition.

## PREMISES LIABILITY

5.

Plaintiff was a customer of Defendant's and therefore she was a business invitee the entire time she was shopping at Defendant's premises. Defendant owed its shopping customers a duty of care to maintain the safety of its premises.

6.

Defendant failed to ensure reasonable care when it did not warn its customers of the risk of danger of falling boxes. Defendant also did not render medical aid assistance to its injured customer. Defendant's breach of duty of care resulted in serious injuries to Plaintiff, thus Defendant is liable for damages and injuries to Plaintiff, under O.C.G.A. § 51-3-1.

## AGENCY AND VICARIOUS LIABILITY

### 7.

Defendant Michaels Stores, Inc.'s employees and staff were employees and agents of Defendant Michaels Stores, Inc. during the time of the accident. Defendant's employees and staff were operating Michaels Stores, Inc. within the scope of their employment.  Pursuant to O.C.G.A. § 10-6-1 and O.C.G.A. § 51-2-2, Defendant is vicariously liable to Plaintiff for the conduct of its employees' and their actions.

### 8.

Under the theory of respondeat superior, the acts and omissions of Defendant's employees and staff, as the agents or employees of Defendant, Michaels Stores, Inc., are imputed to Defendant Michaels Stores, Inc. as a matter of law.

9.

As a direct and proximate result of the negligence of Defendant Michaels Stores, Inc. and its employees and staff, Plaintiff has experienced physical injuries, medical bills and physical and emotional pain and suffering.

## PAIN AND SUFFERING

10.

As a direct and proximate result of the forceful impact of the fallen box of canvas frames on Plaintiff's head and body, Plaintiff felt dizzy and nearly lost consciousness. She suffered injuries to her head, right side of the neck, and right shoulder and had ongoing discomfort and pain during movement and touch.

11.

Plaintiff sought medical attention at St. Mary's Hospital Emergency Department. After examination and imaging results, Dr. Jonathan F. Swanson, M.D. diagnosed Plaintiff with Closed Head Injury and Right Shoulder Pain from the trauma caused by the box striking Plaintiff on her head. See Plaintiff's Exhibits 1-4.

12.

Plaintiff continued to suffer consistent neck pain which caused a

serious diminution in her capacity to do her activities of daily living. Plaintiff

sought treatment at Athens Orthopedic Clinic on February 8, 2022.  Dr.

William C. Tally, M.D. and Physician Assistant Skye Barrett, PA-C

diagnosed Plaintiff with Radiculopathy, Cervical Region. Plaintiff underwent

thirteen (13) orthopedic treatment sessions.

13.

However, on August 30, 2022, Plaintiff suffered worsening neck pain

that radiated to both her shoulders. She had left upper extremity

radiculopathy (pinched nerve) with pain and numbness, radiating down her

cervical spine. Plaintiff had severe foraminal stenosis in her right (C5-C6)

and left shoulder (C6-C7) muscles. Based on the MRI Cervical Spine results,

Dr. William Tally, M.D. recommended cervical injections for the Plaintiff for

her severe stenosis and upper extremity radiculopathy.  On October 5, 2022,

Dr. Tally recommended surgery for the Plaintiff's progressive pain, indicating

that Plaintiff would need a two-level Anterior Cervical Discectomy and

Fusion. See Plaintiff's Exhibit 5.

14.

On December 14, 2022, Plaintiff sought treatment at Piedmont Hospital since she suffered new symptoms of nerve pain in her back and neck. Dr. Michael Gelsomino, M.D. diagnosed Plaintiff with Radicular Pain, the pain that spreads from the back or neck along a spinal nerve.

15.

On September 6, 2023, Plaintiff visited Piedmont Athens Regional Hospital Physical Therapy, seeking treatment for her new symptom of left shoulder pain. Plaintiff had signs and symptoms of left shoulder rotator cuff tendinopathy. Dr. Tracy Ray, M.D. diagnosed Plaintiff with Left Shoulder Pain and Shoulder Impingement. Currently, Plaintiff is still undergoing medical treatment and therapy.  However, her progressive worsening condition of nerve pain in her neck, shoulder, and back require more serious treatments, injections and surgery in the future as recommended by her doctors.

## DAMAGES

### 16.

As a direct and proximate result of the aforesaid accident, Plaintiff has incurred personal injuries, pain and suffering, and emotional trauma. Plaintiff shows further that these injuries required medical expenses in the amount of **$13,555.10**.  Therefore, Plaintiff is entitled to recover special damages in the amount of **$13,555.10**.  Furthermore, Plaintiff is entitled to recover general damages in an amount to be determined by a jury for past and future pain and suffering, past and future medical expenses, past and future emotional trauma, and interference with Plaintiff's normal living and enjoyment of life.  Consequently, Plaintiff is entitled to a total judgment in an amount to be determined by a jury due to the negligence of the Defendants' personnel and staff.

## LOST WAGES

### 17.

Prior to the accident, Plaintiff worked five (5) days a week at the University of Georgia.  However, after she was injured at Michaels Stores, Inc., she had to reduce her time at the University of Georgia by three (3) days, resulting in her working *ONLY* two (2) days a week (Mondays and

Fridays).  Due to the pain Plaintiff began experiencing in her neck, spine and sides, she was unable to work a full five (5) day work week as she had done in the past. The radiating pain she endures coupled with the strong medications (Gabapentin and Meloxicam) she is required to take in order to deal with the pain, required her to reduce her work schedule by three days.

18.

Plaintiff earned *$218.75/day* for her work. The reduced schedule of working only two days a week, off for three days, has been her schedule for the past year. Over the last year, she has lost *$218.75/day X 3 days*= *$656.25/week*.  Since there are 52 weeks in a year, this means that Plaintiff lost *$656.25/week* for *52 weeks*. The Loss of Income totals *$34,125.00* = *$656.25 weekly losses X 52 weeks*, due to her inability to work consistently while attempting to manage her radiating pain (predominately in her neck and spine).

19.

There is clear and convincing evidence that Defendant is liable to Plaintiff for Lost Wages in the amount of $34,125.00.

## NEGLIGENCE PER SE

20.

The Plaintiff hereby restates and incorporates paragraphs 1-19 as if they were pled in their entirety herein.

21.

Defendant was negligent in:

(A)     Failing to maintain the safety of its premises;

(B)     Failing to maintain proper installation of boxes on its shelves;

(C)     Failing to maintain proper control, checking, and safety measures for its stock on the store shelves;

(D)     Failing to warn its customers of the risk of danger of falling boxes and canvas frames;

(E)     Failing to render medical aid and assistance to its injured customer;

(F)     Violation of the above statutes constitutes negligence per se.

measures.

22.

WHEREFORE, the Plaintiff prays for the following:

(A)     That due process, as provided by the laws of the State of Georgia, requires the Defendant to file an answer to this cause of action;

(B)     That Plaintiff obtain a judgment for damages against Defendant in a sufficient amount to compensate Plaintiff for her medical bills

($13,555.10), personal injuries, emotional trauma, and past, present, and future pain and suffering;

(C)   That Plaintiff obtain a judgment for damages against Defendant in a sufficient amount to compensate Plaintiff for her future medical bills;

(D)   That Plaintiff be awarded Lost Wages in the amount of $34,125.00;

(E)   That this matter be heard by a jury of her peers;

(F)   That Plaintiff be awarded such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted this 8th day of November 2023.

PALMORE, BOENIG & ASSOCIATES

By: _/s/ Malcolm Palmore_____
MALCOLM A. PALMORE
Ga. Bar No.: 560203
*Attorney for Plaintiff*

Palmore, Boenig & Associates, PC
575 Research Drive, Suite C
Athens, GA 30605
706-549-6880 (p)
706-549-6879 (f)
mpalmore@palmoreboenig.com



PLAINTIFF'S
EXHIBIT
2
fa45f733



PLAINTIFF'S
EXHIBIT
3
tabbies'



PLAINTIFF'S
EXHIBIT
4



**ATHENS ORTHOPEDIC CLINIC, PA.**
1765 OLD WEST BROAD STREET
BUILDING 2, SUITE 200
ATHENS, GEORGIA 30606
TELEPHONE 706/549-1663
www.athensorthopedicclinic.com



PLAINTIFF'S
EXHIBIT
5

BROWN, BEATRICE    #93983202
DOB:
DOS: 10/05/2022

HISTORY OF PRESENT ILLNESS: Ms. Brown is in today in followup with her MRI. The imaging studies do confirm the causality for what she describes in terms of her symptoms. She has got severe stenosis at C5-C6 and C6-C7 foraminally. Centrally, she is open so she has got no concerns for myelopathy, but that everything goes along with her chronic progressive axial neck pain now upper extremity radiculopathy.

PLAN: She is in a position where she can tolerate it for a while longer and she wants to try one cervical injection first. I do not think that she is going to be able to avoid surgery. She has got so much progressive change in her timeline for how this is progressing is not consistent with an acute flare-up that is resolving. We did talk about that briefly. I do think she is going to end up needing an ACDF, but that her symptoms are not distracting enough at this point that she cannot live with it and try one injection. So, I will get her over to Dr. Mitchel Leavitt for one cervical injection, then I will see her back and we will discuss how that affected her and what her symptom tolerance level is and make the decision based on that, but at the end of the day, I think she is going to get a two-level ACDF.

William C. Tally, M.D.
WCT/sf/bd/ts

DD: 10/05/2022 9:39 AM
DT: 10/06/2022
TID: #271198613

cc: Vasu Murthy, MD (Autofax)

FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR
23-C-08350-
11/9/2023 10:02 A
TIANA P. GARNER, CLE

### IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Beatrice Brown**

_____

_____

PLAINTIFF

VS.

**Michaels Stores, INC.**

_____

_____

DEFENDANT

23-C-08350-S3

CIVIL ACTION
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Malcolm Palmore
575 Research Dr. Suite C
Athens, GA 30605
(P) 706-549-6880

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **9th** _____ day of **November** _____, 20**23**.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR
23-C-08350-
11/16/2023 12:01 F
TIANA P. GARNER, CLE

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **BEATRICE BROWN** | * | |
| **Plaintiff** | * | |
| | * | |
| | * | **CIVIL ACTION** |
| **vs.** | * | **FILE NO. 23-C-08350-S3** |
| | * | |
| **MICHAELS STORES, INC.** | * | |
| **Defendant.** | * | |

## <u>MOTION FOR APPOINTMENT OF SPECIAL AGENT FOR SERVICE OF PROCESS</u>

COMES NOW, Plaintiff in the above action and moves this Honorable Court to enter an Order naming JAMAAL DAVENPORT as Special Agent to serve the Defendant Michaels Stores, INC. with a copy of any and all Pleadings in this action pursuant to OCGA § 9-11-4(c). In support thereof, Plaintiff shows the following:

1.

Plaintiff filed suit against Defendant Michaels Stores, INC. on November 08, 2023. On November 08, 2023 the Plaintiff hand delivered to

Gwinnett County Sheriff's Office the request for service. As of November 16, 2023, that request has not been served.

2.

The address provided to the Sheriff's office for service is the address of the registered agent for receiving of service.

3.

The Special Agent for Service (Jamaal Davenport) selected by Plaintiff has the capability to quickly locate and serve Defendant Annette Hinton.

4.

Therefore, Plaintiff respectfully requests that Jamaal Davenport, a professional process server, who is statutorily qualified to serve process in the State of Georgia, be appointed as Special Agent to serve the Defendant with a copy of any and all Pleadings in this action pursuant to OCGA § 9-11-4(c). Jamaal Davenport has served process successfully for several years and he is not an employee of this company, nor is he a party in this action and he has

no interest in the outcome of the case. Further, Jamaal Davenport is more than eighteen (18) years of age and is a citizen of the United States of America. Please see Plaintiff's 1- Affidavit of Jamaal Davenport.

This 16th day of November, 2023

Respectfully Submitted,

/s/ Malcolm A. Palmore
Malcolm Palmore
Attorney for Plaintiff

Palmore, Boenig and Associates, P.C.
575 Research Drive, Suite C
Athens, GA 30605
706-549-6880 (p)
706-549-6879 (f)
mpalmore@palmoreboenig.com



STATE OF GEORGIA

ATHENS-CLARKE COUNTY

## AFFIDAVIT OF JAMAAL DAVENPORT

Before the undersigned officer, duly authorized to administer oaths, personally appeared. Jamaal Davenport, a resident of Athens-Clarke County, Georgia, who being duly sworn and upon oath deposes the following:

1.

My name is Jamaal Davenport. I am a US Citizen over the age of eighteen (18) years and am competent to make this affidavit. I am not related to or employed by any party or attorney in this matter, and I have no interest in the outcome.

2.

I am of sound mind, and I do not suffer from any debilitating mental illness or legal disability that would impede appointment. I am statutorily qualified to serve process by appointment, in accordance with O.C.G.A. 9-11-4(c)(3). I have completed the Georgia Board of Private Detectives and Security Agencies Training course. I have completed the Georgia Association of Professional Bondsmen training course. I am a Fugitive Recovery Agent. I offer to serve process in difficult situations. I have previously served process in Federal actions in the State of Georgia. I have also served process for state and superior court judges in multiple counties in Georgia.

3.

I do not accept service of process requests for any case where I have an interest or a relationship with any party involved. I do not serve any papers or process in any action where I have a financial or personal interest in the

outcome of the matter or where any person to whom I am related by blood or marriage has such an interest.

I hereby swear that the facts in the foregoing affidavit are true to the best of my knowledge and belief.

This __11th__ day of __April__ , 2023

JAMAAL DAVENPORT

Sworn to and subscribed before me this __11__ day of __April__ , 2023.

Notary Public

NATHANIEL WIGGS
Notary Public, Georgia
Clarke County
My Commission Expires
November 21, 2026

My Commission Expires:

__Nov. 21, 2026__



CIVIL ACTION NO. 23-C-08390-S3

DATE FILED   11/8/23

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

Malcolm Palmore

575 Research Dr. Suite C

Athens, GA 30605

(P) 706-549-6880

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

Michael's Stores, Inc.

Corporation Service Company (CSC)

2 Sun Court, Suite 400

Peachtree Corners, GA, 30092

[ ] MAGISTRATE [X] STATE [ ] SUPERIOR - COURT
GWINNETT COUNTY, GEORGIA

Beatrice Brown
PLAINTIFF(S)

vs.

Michaels Stores, Inc.

DEFENDANT(S)

GARNISHEE

Other attached documents to be served: Complaint + Summons

---

## SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

**[ ] PERSONAL**  Upon the following named defendant.

**[ ] NOTORIOUS** Upon defendant.
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to _____ described as follows: approximate age _____

yrs; approximate weight _____ pounds; approximate height _____ feet and _____ inches; domiciled at residence of the defendant.

**[✓] CORPORATION** Upon corporation  Michaels Stores Inc

By serving  Alisha  8m.4L _____, in charge of the office and
place of business of the corporation in this county.

By serving _____, its registered agent.

**[ ] TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

**[ ] NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

_____

_____

This  14  day of  Nov  20 23        30#1526

SHERIFF DOCKET_____ PAGE_____                DEPUTY

TIME: _____ M.

O:\Mag\forms\Forms\MAG 10-10 Sheriff's Entry of Service

E-FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR
**23-C-08350-**
**12/14/2023 11:34 A**
TIANA P. GARNER, CLE

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **BEATRICE BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **v.** | § | **FILE NO.  23-C-08350-S3** |
| | § | |
| **MICHAELS STORES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT MICHAELS STORES, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Michaels Stores, Inc., Defendant in the above-styled action, and files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages, showing the Court the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Service, process, and/or service of process may be improper.

### THIRD DEFENSE

Plaintiff's Complaint is barred due to latches.

### FOURTH DEFENSE

As a next Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## VENUE AND JURISDICTION

1.

Defendant denies as pled the allegations contained in Paragraph 1 of Plaintiff's Complaint.

## FACTUAL BASIS

2.

Defendant can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

3.

Defendant can neither admit nor deny the allegations contained within Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

4.

Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## PREMISES LIABILITY

5.

Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## AGENCY AND VICARIOUS LIABILITY

7.

Defendant admits the applicability of the doctrine of *respondeat superior*, but denies any negligence or liability and the remaining allegations of Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits the applicability of the doctrine of *respondeat superior*, but denies any negligence or liability and the remaining allegations of Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

## PAIN AND SUFFERING

10.

Defendant can neither admit nor deny the allegations contained within Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

11.

Defendant can neither admit nor deny the allegations contained within Paragraph 11 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

12.

Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant can neither admit nor deny the allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

15.

Defendant can neither admit nor deny the allegations contained within Paragraph 15 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

**DAMAGES**

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

**LOST WAGES**

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

**NEGLIGENCE PER SE**

20.

Defendant hereby reasserts and incorporates by reference the responses made previously

to Paragraphs 1 through 19 of Plaintiff's Complaint, as if those responses were set forth herein by reference.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiff's Complaint.

24.

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant prays that it be discharged without costs.

**A TRIAL BY TWELVE JURORS IS DEMANDED.**

This 14th day of December, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**CANDICE R. BRYANT**
Georgia Bar No. 807404
**JANELLE RUSSELL**
Georgia Bar No. 630113
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
cbryant@cmlawfirm.com
jrussell@cmlawfirm.com

{SECURE Firm/2015/00017/PLEADING/04343063.DOCX }          5

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **BEATRICE BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| | § | **FILE NO.  23-C-08350-S3** |
| **v.** | § | |
| | § | |
| **MICHAELS STORES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT MICHAELS STORES, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of Court using the Odyssey e-filing system which will automatically send e-mail notification of such filing to the following counsel of record:

Malcolm A. Plamore

PALMORE, BOENIG & ASSOCIATES

575 Research Drive, Suite C

Athens, GA 30605

mpalmore@palmoreboenig.com

*Counsel for Plaintiff*

This 14th day of December, 2023.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*[signature]*

**CANDICE R. BRYANT**
Georgia Bar No. 807404
**JANELLE RUSSELL**
Georgia Bar No. 630113
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
cbryant@cmlawfirm.com
jrussell@cmlawfirm.com

E-FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR
**23-C-08350-**
**12/14/2023 11:34 A**
TIANA P. GARNER, CLE

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **BEATRICE BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **v.** | § | **FILE NO.  23-C-08350-S3** |
| | § | |
| **MICHAELS STORES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT MICHAELS STORES, INC.'S
## DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **MICHAELS STORES, INC.**, named as Defendant in the above-styled

civil action, and file this Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. §

15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater
> than $25,000.00, either party may demand in writing prior to the commencement
> of the trial term that the case be tried by a jury of 12.  If such a demand is made,
> the judge shall follow the procedures for superior courts of sub-section (b) of this
> Code section.

See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge
> shall follow the procedures for superior courts of sub-section (b) of this Code
> section.

WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

*[Signature contained on next page.]*

This 14th day of December, 2023.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**CANDICE R. BRYANT**
Georgia Bar No. 807404
**JANELLE RUSSELL**
Georgia Bar No. 630113
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
cbryant@cmlawfirm.com
jrussell@cmlawfirm.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BEATRICE BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| v. | § | FILE NO.  23-C-08350-S3 |
| | § | |
| MICHAELS STORES, INC., | § | |
| | § | |
| Defendant. | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT MICHAELS STORES, INC.'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey e-filing system which will automatically send e-mail notification of such filing to the following counsel of record:

Malcolm A. Plamore
PALMORE, BOENIG & ASSOCIATES
575 Research Drive, Suite C
Athens, GA 30605
mpalmore@palmoreboenig.com
*Counsel for Plaintiff*

This 14ᵗʰ day of December, 2023.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP


**CANDICE R. BRYANT**
Georgia Bar No. 807404
**JANELLE RUSSELL**
Georgia Bar No. 630113
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
cbryant@cmlawfirm.com
jrussell@cmlawfirm.com