IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AFIA DAVIS, | Civil Action No. |
| Plaintiff, | |
| v. | |
| | JURY TRIAL DEMANDED |
| ACCURATE NEUROMONITORING SE, LLC, | |
| Defendant. | |

## **COMPLAINT**

COMES NOW, Plaintiff Afia Davis ("Plaintiff" or "Ms. Davis"), by and through undersigned counsel, and files her Complaint against Defendant Accurate Neuromonitoring SE, LLC ("Defendant"), and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages for Defendant's violation of her rights under the the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

3.

Defendant does business in this judicial district.  Additionally, the unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a Black female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Between January 2021 through June 2022, Plaintiff was employed by Defendant.

6.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

8.

During all times relevant hereto, Defendant employed fifteen (15) or more employees for the requisite duration under the ADA.  Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

9.

Defendant is now, and at all times relevant hereto, has been engaged in an industry affecting commerce.  During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite period and duration under Title VII.  Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its corporate Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## ADMINISTRATIVE PROCEDURES

### 11.

Plaintiff timely filed a charge of discrimination against Defendant alleging racial and disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on October 28, 2022.

### 12.

The EEOC issued the "Notice of Right to Sue" on September 25, 2023.

### 13.

This action is being commenced within ninety (90) days of receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

### 14.

Ms. Davis began working for the Defendant on January 16, 2021, as a Neuromonitoring Technologist.

### 15.

In her position, she was assigned to work at various locations in and around metro Atlanta, Columbus and Dalton, Georgia.

16.

Throughout her employment, Ms. Davis was subjected to hostile and discriminatory treatment based on her race (Black).

17.

Ms. Davis was yelled at by team lead, Nickneet (Nicky) Jaamu, whom she worked under at WellStar, while in the OR and on other occasions.

18.

When Ms. Davis reached out to a team lead to inform them of management's actions, they dismissed her complaint and told her to "check [her] attitude at the door," and took no further action.

19.

Ms. Davis was treated as less than capable and held to a higher standard than other co-workers who were white, despite her experience and performance.

20.

Defendant permitted its employees, including Nicky Jaamu, to spread false rumors about Ms. Davis and her capability to do the work.

21.

Similarly situated white employees were not treated the same way.

22.

Ms. Davis and another co-worker, Nikita Waller (black female), were continuously followed and monitored during their surgical cases.

23.

Neither Ms. Davis or Ms. Waller were provided with feedback of their work, which ultimately prevented them from working on their own, unlike other colleagues who began employment after them.

24.

She also requested a 30/60/90-day plan, so she was aware of the Defendant's clear expectations and she could also see the areas where she may need improvement.

25.

On April 26, 2021, Ms. Davis emailed HR Director, Mary Nova and Southeast Clinical Director, Marlee Davis and new team lead, Fabian Vazquez, to request a medical leave of absence because of the stress and anxiety she was experiencing due to the racial discrimination and hostile work environment she was experiencing.

26.

In the email, Ms. Davis detailed how the ongoing discrimination and rumors spread by Nicky Jaamu severely impacted her mental well-being.

27.

As a result, Ms. Davis's request for medical leave was denied.

28.

During Ms. Davis's employment, there was only one other Black employee who worked in her area, who also complained of race discrimination.

29.

Following the complaints of discrimination, the Defendant began to retaliate against Ms. Davis.

30.

Specifically, the Defendant assigned Ms. Davis to a hospital she specifically requested not to be sent to, despite the need for Neuromonitoring Technologists at other hospitals within her territory.

31.

In or around January 2022, Ms. Davis was informed by Director Davis she was required to take the CNIM examination, which was related to her license.

32.

Ms. Davis suffers from Graves disease, an autoimmune disorder that causes a variety of debilitating symptoms.

33.

Due to a flare up which kept her from adequately preparing for the exam, Ms. Davis was forced to cancel the exam she was scheduled to take in March 2022.

34.

When Ms. Davis explained to Director Davis why she cancelled, she was told to reschedule immediately without delay, because "we have third party investors we have to answer to."

35.

Ms. Davis rescheduled the exam for May 3, 2022.

36.

Ms. Davis was taking medication to manage her severe symptoms and experienced the side effects of the medication while she sat for the exam.

37.

As a result, Ms. Davis did not pass the exam.

38.

Again, Director Davis advised Ms. Davis to reschedule another attempt immediately.

39.

On June 2, 2022, in an email to Director Davis and Mr. Vazquez, Ms. Davis reiterated her health concerns; the steps taken to control her disability-related symptoms and requested to be accommodated by providing additional time before re- taking the exam.

40.

Ms. Davis also mentioned that a side effect of her medication was fatigue, which hindered her ability to study.

41.

Defendant denied Ms. Davis's request for a reasonable accommodation – i.e., additional time to focus on managing the symptoms related to her disability before sitting for the examination a second time.

42.

On June 6, 2022, less than a week after requesting a reasonable accommodation, Defendant terminated Ms. Davis.

43.

The termination letter sent to Ms. Davis further noted: *The combative nature you've displayed with supervisors, insubordination, and acknowledged shortcomings in job duties is no longer tolerable for our organization*, which statements were false and pretextual.

44.

Defendant failed to engage in the interactive process with Ms. Davis, even though doing so would not have been an undue hardship.

45.

Defendant terminated Plaintiff because she had a record of a disability; regarded her as disabled and/or because she engaged in protective activity.

46.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is pre-text.

47.

Others outside the Plaintiff's protected class, i.e. employees not needing a medical accommodation and/or employees who had not complained of discrimination and retaliation, were treated more favorably than Plaintiff.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

48.

Plaintiff re-alleges paragraphs 14-47 as if set forth fully herein.

49.

Plaintiff has a physical and mental health impairment which substantially limits one or more major life activities including but not limited to concentrating, thinking, and working.

50.

Plaintiff's impairments are "disabilities" within the meaning of the ADA, as amended.

51.

Defendant was aware of Plaintiff's disability.

52.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

53.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

54.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

55.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

56.

Defendant terminated Plaintiff's employment because of her accommodation requests.

57.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

58.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

59.

Defendant treated other employees outside Plaintiff's protected class differently.

60.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

61.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

62.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

63.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

64.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

65.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

66.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

67.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

68.

Plaintiff re-alleges paragraphs 14-47 as if set forth fully herein.

69.

Plaintiff has a physical and mental health impaiment which substantially limits one or more major life activities including but not limited to concentrating, thinking, and working.

70.

Plaintiff's impairments are "disabilities" within the meaning of the ADA, as amended.

71.

Defendant was aware of Plaintiff's disability.

72.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

73.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

74.

Plaintiff requested that Defendant accommodate her disability by allowing her additional time to adjust to her medication before taking the exam related to her licensure.

75.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

76.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

77.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

78.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

79.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

80.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

81.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

82.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

83.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

84.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

85.

Plaintiff re-alleges paragraphs 14-47 as if set forth fully herein.

86.

Plaintiff has a physical and mental health impaiment which substantially limits one or more major life activities including but not limited to concentrating, thinking and working.

87.

Plaintiff's impairments are "disabilities" within the meaning of the ADA, as amended.

88.

Defendant was aware of Plaintiff's disability.

89.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

90.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

91.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

92.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

93.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

94.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

95.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

96.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

97.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

98.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

99.

Defendant discriminated against Plaintiff and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices; has not only deprived Plaintiff of equal employment opportunities but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

100.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT IV:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII

101.

Plaintiff re-alleges paragraphs 14-47 as if set forth fully herein.

102.

Defendant's actions in subjecting Plaintiff to ongoing race discrimination constitutes unlawful discrimination on basis of Plaintiff's race in violation of Title VII.

103.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

104.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her race.

105.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that adversely affected her psychological and physical well-being.

106.

Accordingly, Defendant is liable for the damages Plaintiff has sustained because of Defendant's unlawful discrimination and retaliation.

## COUNT V:  RETALIATION IN VIOLATION OF TITLE VII

107.

Plaintiff re-alleges paragraphs 14-47 as if set forth fully herein.

108.

Plaintiff's complaints to the EEOC of race discrimination constitute conduct protected under Title VII.

109.

Defendant's unwarranted disciplining of Plaintiff's employment because of her complaints of race discrimination, constitutes unlawful retaliation in violation of Title VII.

110.

Accordingly, Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and is liable for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

111.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic and non-pecuniary damages.

112.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

113.

Defendant is therefore liable for damages proximately resulting from its retaliation against Plaintiff.

## COUNT VI:  VIOLATION OF 42 U.S.C. § 1981

114.

Plaintiff re-alleges paragraphs 14-47 as if set forth fully herein.

115.

Defendant subjected Plaintiff to discrimination and harassment on the basis of her race.

116.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

117.

The effect of the conduct was to deprive Plaintiff of economic opportunites and adversely effect Plaintiff's status as an employee, because of her race.

118.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

119.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated, suffered damage to her emotional health and has lost back pay and front pay.

120.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

121.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment of the Plaintiff.

## COUNT VII:  VIOLATION OF 42 U.S.C. § 1981 RETALIATION

122.

Plaintiff re-alleges paragraphs 14-47 as if set forth fully herein.

123.

Plaintiff engaged in protected conduct when she complained about race-based discrimination and harassment.

124.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

125.

There was a causal connection between the protected conduct and the adverse action.

126.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

127.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)      General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)      Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)      Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)      Reasonable attorney's fees and expenses of litigation;

(e)        Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated
           Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof,
           and prohibiting Defendant from further unlawful conduct of the
           type described herein; and

(i)        All other relief to which she may be entitled.

Respectfully submitted the 14th day of December, 2023.

                              **BARRETT & FARAHANY**

                               _s/ Matthew C. Billips_
                              Matthew C. Billips
                              Georgia Bar No. 057110

                              _Counsel for Afia Davis_

PO Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com