# Exhibit A

# SUPERIOR COURT OF FORSYTH COUNTY
# STATE OF GEORGIA

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA
**23CV-1793-2**
Judge David L. Dickinson
NOV 07, 2023 08:59 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

CIVIL ACTION NUMBER  23CV-1793-2

Logan, Shannon
Logan, Akili

**PLAINTIFF**

VS.

Quiktrip Corporation

**DEFENDANT**

## SUMMONS

TO: QUIKTRIP CORPORATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Nikoo Razavi**
**Razavi Law Firm, LLC**
**211 Cambridge Avenue**
**Decatur, Georgia 30030**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of November, 2023.**

Clerk of Superior Court

Greg G. Allen, Clerk
Forsyth County, Georgia

Page 1 of 1

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA
**23CV-1793-2**
Judge David L. Dickinson
NOV 07, 2023 08:59 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE SUPERIOR COURT OF FORSYTH COUNTY
STATE OF GEORGIA

SHANNON LOGAN and
AKILI LOGAN,

    Plaintiffs,

V.                             Civil Action No.: _____
                                **JURY TRIAL DEMANDED**

QUIKTRIP CORPORATION,

    Defendant.

## COMPLAINT

COMES NOW PLAINTIFFS SHANNON LOGAN (hereinafter "SHANNON") and AKILI LOGAN (hereinafter "AKILI"), by and through their attorney, Nikoo Razavi, and states their cause of action for damages against DEFENDANT QUIKTRIP CORPORATION (hereinafter "QT"), as follows:

### PARTIES

1. Defendant QT is a foreign profit corporation registered to do business in Georgia.

2. QT may be served via their registered agent; C T Corporation System, 106 Colony Park Drive, Ste 800-B, Cumming, GA, 30040 (Forsyth County).

3. Plaintiffs are residents of Georgia and submit to the venue and jurisdiction of this Court.

### EVENTS

4. On or about 11/16/2021, QT owned, operated, managed, and/or was responsible for the day-to-day operations of QuickTrip Store #747 (hereinafter "the gas station", "the location", and "the premises"), located at 2776 Panola Road, Lithonia, GA, 30058 (Dekalb County).

5. The location operates as a gas station, with interior supermarket/convenience store, selling gasoline, alcohol, tobacco, and a variety of grocery and non-grocery items, available to the public.

1

6. QT is the entity best situated to answer any lawsuit related to premises liability occurring on or about 11/16/2021.

7. On or about 11/16/2021, SHANNON and AKILI drove to the gas station, entered the convenience store located at the premises, with the intention of making a purchase and using the bathroom. As they exited the store, Plaintiffs were robbed, mugged, assaulted, and battered by unknown assailants, who were actively driving a car through the pump area of the gas station.

8. As Shannon Logan was robbed, the assailants kept hold of her arm in an attempt to strip her of her purse, and as they drove off, Shannon Logan was dragged by the car, face first in the ground, for an unknown period of time, causing severe, life changing, and life-threatening injuries to Plaintiff.

9. While attempting to pull SHANNON back to safety as she was being dragged away by unknown assailants, AKILI suffered severe and life changing injuries.

## Duty Owed and Respondeat Superior

10. Under O.C.G.A. § 51-3-1, because QT invited the Plaintiffs onto their premises, QT is liable to Plaintiffs for any injuries caused by QT's failure to exercise ordinary care in keeping the premises safe and secure.

11. Under the doctrine of *respondeat superior*, QT are liable for the torts of their employees, including any that may be added to this lawsuit at a future date.

12. At all relevant times, Defendant QT and their employees negligently failed to keep the premises safe and negligently failed to adequately and properly protect their invitees, including Plaintiff, in breach of their duty of care.

## LIABILITY AND DAMAGES

13. Defendant QT was negligent *per se* when they failed to keep their premises safe, in violation of O.C.G.A. § 51-3-1, by actively allowing criminal and reckless activity to occur on their

premises, including violent crime, and by failing to adequately warn customers, including Plaintiffs, of the potential danger in that area.

14. Defendant QT was negligent when they failed to keep their premises safe to invitees, by actively allowing criminal and reckless activity to occur on their premises, including violent crime, and by failing to adequately warn customers, including Plaintiffs, of the potential danger in that area. Defendant QT was negligent with any other act of negligence which may be proven at trial or through the discovery process of this suit.
15. Defendant was negligent by providing inadequate security and by providing no warnings about the potential security threats in the area.
16. As a result of QT's negligence, Plaintiffs suffered severe injuries, that will be further detailed during discovery and trial of this case.
17. To date, Plaintiff has special damages as follows:

**SHANNON LOGAN's Medical Specials:**

| Provider | Amount |
| --- | --- |
|  |  |
| Emory Hillendale | $10,436.10 |
| Grady Memorial Hospital | $177,960.65 |
| **Total Medical Specials (to date):** | $ |

18. Plaintiff has experienced pain and suffering, diminished capacity to work, and diminished quality of life because of the Defendant's negligent and actions.
19. Akili Logan's specials and Shannon Logan's remaining specials will be supplemented.
20. The Plaintiffs seeks personal injury damages in the amount of three million dollars ($3,000,000).

3

WHEREFORE the Plaintiffs prays as follows:

(a) SERVICE: The Defendant(s) be served with process and be required to answer this lawsuit.

(b) DAMAGES: The Plaintiff recover damages from the Defendant(s) for the personal injuries including pain and suffering which they have suffered in an amount to be determined according to the enlightened conscience of an impartial jury.

(c) MEDICALS: The Plaintiff be awarded an amount sufficient to reimburse them for all past, present and future medical expenses associated with their injuries.

(d) WAGES LOST: The Plaintiff(s) be awarded an amount sufficient to reimburse them for all past, present, and future losses to their ability to work and earn money associated with their injuries.

(e) MENTAL/PHYSICAL PAIN AND SUFFERING: The Plaintiff is compensated for mental and physical pain and suffering related to their injuries.

(f) GENERAL/SPECIAL DAMAGES: The Plaintiff(s) will recover both general and special damages.

(g) INTEREST: The Plaintiff(s) will be awarded interest at the legal rate on any judgment ultimately rendered.

(h) COSTS: The Plaintiff(s) will recover their costs in bringing this action.

(i) JURY DEMAND: The Plaintiff(s) will have a trial by twelve (12) jurors; and

(j) OTHER RELIEF: The Plaintiff(s) will have such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th Day of November, 2023.

_____
Nikoo Razavi
Ga. Bar # 172451
Razavi Law Firm, LLC
211 Cambridge Ave.
Decatur, GA 30030
(404) 290 6204
(404) 963 8023 (fax)
nikoo@razavilaw.com
**Attorneys for the Plaintiff**

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA

**23CV-1793-2**

Judge David L. Dickinson
DEC 11, 2023 03:52 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SHANNON LOGAN and AKILI LOGAN, | ) |
| Plaintiffs, | ) CIVIL ACTION |
| v. | ) |
| QUIKTRIP CORPORATION, | ) FILE NO. 23CV-1793-2 |
| Defendant. | ) |

### DEFENSES AND ANSWER

COMES NOW, Defendant QUIKTRIP CORPORATION, appearing specially without submitting to the jurisdiction and venue of this Court, and files its Defenses and Answer to Plaintiffs' Complaint, and shows the Court as follows:

### FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

There has been insufficiency of process and an insufficiency of service of process in regard to the Plaintiffs' Complaint and Summons upon this Defendant.

### THIRD DEFENSE

Jurisdiction is improper as to this Defendant.

### FOURTH DEFENSE

Venue is improper as to this Defendant.

## FIFTH DEFENSE

Plaintiffs' claims against this Defendant are barred by the statute of limitations.

## SIXTH DEFENSE

## ANSWER

Defendant responds to the allegations of Plaintiffs' Complaint as follows:

1.

Defendant admits the averments contained in paragraph 1 of Plaintiffs' Complaint.

2.

Defendant admits the averments contained in paragraph 2 of Plaintiffs' Complaint.

3.

Defendant admits the averments contained in paragraph 3 of Plaintiffs' Complaint.

4.

Defendant denies the averments contained in paragraph 4 of Plaintiffs' Complaint as alleged.

5.

Defendant denies the averments contained in paragraph 5 of Plaintiffs' Complaint as alleged.

6.

Defendant denies the averments contained in paragraph 6 of Plaintiffs' Complaint.

7.

Defendant denies the averments contained in paragraph 7 of Plaintiffs' Complaint.

8.

Defendant denies the averments contained in paragraph 8 of Plaintiffs' Complaint.

9.

Defendant denies the averments contained in paragraph 9 of Plaintiffs' Complaint.

10.

Defendant denies the averments contained in paragraph 10 of Plaintiffs' Complaint.

11.

Defendant denies the averments contained in paragraph 11 of Plaintiffs' Complaint.

12.

Defendant denies the averments contained in paragraph 12 of Plaintiffs' Complaint.

13.

Defendant denies the averments contained in paragraph 13 of Plaintiffs' Complaint.

14.

Defendant denies the averments contained in paragraph 14 of Plaintiffs' Complaint.

15.

Defendant denies the averments contained in paragraph 15 of Plaintiffs' Complaint.

16.

Defendant denies the averments contained in paragraph 16 of Plaintiffs' Complaint.

17.

Defendant denies the averments contained in paragraph 17 of Plaintiffs' Complaint.

18.

Defendant denies the averments contained in paragraph 18 of Plaintiffs' Complaint.

19.

Defendant denies the averments contained in paragraph 19 of Plaintiffs' Complaint.

20.

Defendant denies the averments contained in paragraph 20 of Plaintiffs' Complaint.

## SEVENTH DEFENSE

Defendant denies each and every averment contained in the paragraph beginning with the word "WHEREFORE" in the Plaintiffs' Complaint. Any allegations or averments contained in Plaintiffs' Complaint not specifically responded to above are hereby denied.

WHEREFORE, Defendant QUIKTRIP CORPORATION, having fully answered, demands that it be discharged with all costs cast upon the Plaintiffs.

            Respectfully submitted,

            **DOWNEY & CLEVELAND, LLP**


            By: /s/ Sean L. Hynes
              SEAN L. HYNES
              Georgia State Bar No. 381698
              hynes@downeycleveland.com
              Attorney for Defendant

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Nikoo Razavi, Esq.
Razavi Law Firm, LLC
211 Cambridge Avenue
Decatur, Georgia 30030

This 11th day of December, 2023.

**DOWNEY & CLEVELAND, LLP**

By: /s/ Sean L. Hynes
    SEAN L. HYNES
    Georgia State Bar No. 381698