IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MALAYA HOBDY<br><br>    Plaintiff,<br><br>v.<br><br>RENEWAL LOGISTICS, LLC,<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Malaya Hobdy ("Plaintiff"), by and through her undersigned counsel, and files this, her Complaint for Damages against Defendant Renewal Logistics, LLC ("Defendant") and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff's Notice of Right to sue on December 11, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## **PARTIES**

6.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all times relevant, Defendant has had fifteen or more employees. For each working day in each of twenty or more calendar weeks during 2022 and 2023, Defendant had fifteen or more employees.

9.

Defendant was an employer subject to Title VII at all times relevant to the claims asserted herein.

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Richard J. Dreger, Esq. at 295 W. Crossville Road, Building 100, Suite 110, Roswell, GA, 30075.

# FACTS

11.

Plaintiff began working for Defendant on or about August 4, 2022, as a Warehouse Worker.

12.

As soon as Plaintiff began working, her supervisor, Gabriel Terreal, started to make sexual advances on her.

13.

For example, Terreal messaged Plaintiff on Instagram on or about August 5, 2022, and told her she was "fine as hell."

14.

Plaintiff told Terreal that she was not interested in him.

15.

However, Terreal continued to make sexual advances towards Plaintiff, so she blocked him from being able to communicate with her through Instagram on August 26, 2022.

16.

After Plaintiff blocked Terreal, he continued to harass her by making sexual comments to her in person in the workplace.

17.

Then, on or about December 1, 2022 Terreal came up behind Plaintiff while she was working and rubbed his crotch against Plaintiff's rear end.

18.

Plaintiff then indicated to Terreal that she was going to report Terreal's harassment to a Manager.

19.

After Plaintiff told Terreal that she was going to report his behavior to the Manager, Terreal walked away.

20.

Terreal's behavior greatly upset Plaintiff and so she told him she was not feeling well and needed to leave, and Terreal clocked her out and sent her home.

21.

The next day, on or about December 2, 2022, when Plaintiff arrived to work, she attempted to clock in but could not do so.

22.

When Plaintiff asked an employee at the front desk why she could not clock in, that employee told Plaintiff she was terminated because she had clocked out early.

23.

Plaintiff then asked to talk to Defendant's General Manager, Glen.

24.

Plaintiff then reported to Glen all of the harassment that she had faced at the hands of Terreal and about what had happened the day before, including the fact that Terreal had approved her to clock out early.

25.

Glen told Plaintiff he would call her so she could send him the messages Terreal had sent, and that Human Resources would contact her.

26.

A Human Resources employee then called Plaintiff and asked her to send the messages, which Plaintiff did.

27.

However, Defendant still maintained its termination of Plaintiff.

28.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation, in response to Plaintiff's protected activity. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages, including lost wages and emotional distress.

## COUNT I: Retaliation in Violation of Title VII

29.

Plaintiff re-alleges paragraphs 11-29 as if set forth fully herein.

30.

Defendant took adverse action (to wit, termination) against Plaintiff because of her protected activity, which constitutes unlawful intentional retaliation in violation of Title VII.

31.

Plaintiff engaged in protected activity under Title VII when she complained about sexual harassment and retaliation for opposing sexual harassment and when she opposed sexual harassment.

32.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

33.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation, including lost wages and emotional disress caused by the retaliation. Plaintiff is also entitled to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C)   Grant Plaintiff general damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(D)   Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(E)   Grant Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F)   Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(G)  Grant injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(H)  Award Plaintiff such further and additional relief as may be just and appropriate.

This 14th day of December, 2023.

          **BARRETT & FARAHANY**

          /s/ V. Severin Roberts
          V. Severin Roberts
          Georgia Bar No. 940504
          Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com