Plaintiff's Complaint

Exhibit A

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-09647-11
11/6/2023 3:17 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ASHLEY KOPPERUD AND ROBERT KOPPERUD, <br>     Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br> a foreign corporation, <br><br>     Defendant. | CIVIL ACTION FILE NO.: <br><br> 23-A-09647-11 |

### COMPLAINT

**COMES NOW** Plaintiffs **Ashley Kopperud and Robert Kopperud,** by and through the undersigned counsel, and files this Complaint for breach of first party property insurance contract and bad faith denial of insurance coverage against Defendant, **State Farm Fire and Casualty Company,** and in support hereof, states as follows:

### PARTIES

1.

Plaintiffs are adult resident citizens of Morgan County, Georgia.

2.

Upon information and belief, Defendant is a foreign insurance company, registered to transact business in, and in fact transacts business in, the State of Georgia. Defendant is in the business of insuring risks and properties located throughout the United States, including Georgia. Defendant maintains an office at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 where it may be served with process through its registered agent, Corporation Service Company, as identified by the state of Georgia Secretary of State registry.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over this action for breach of contract and bad faith denial of an insurance claim because the breached contract was entered into, and concerned property in, the state of Georgia and the amount in controversy exceeds $15,000.00. This Court has personal jurisdiction over Defendant because Defendant is transacting business and insuring properties in the state of Georgia and has appointed a registered agent for service of process in Georgia pursuant to O.C.G.A. § 33-4-1 and O.C.G.A. § 33-4-4.

4.

Venue is proper in this Court because Defendant has a registered agent doing business in Gwinnett County pursuant to O.C.G.A. § 33-4-1, O.C.G.A. § 33-4-4.

5.

In addition, by virtue of the express terms of the insurance policy at issue, Defendant has consented to jurisdiction and venue of this Court.

## THE POLICY

6.

Upon information and belief, prior to November 7, 2022, and in consideration of the premiums paid to Defendant by the Plaintiffs, Defendant issued a policy with Policy No. 81ENN4074 (the "Policy").

7.

Upon information and belief , the Policy provides numerous coverages for the real and personal property located at 1701 Westminster Way, Madison, GA 30650 (the "Insured Property,"

2

"Property," or the "home"). The Policy likewise insures against loss due to Water, subject to a deductible of $1,000.00 per occurrence.

8.

Upon information and belief, the Policy is an all-perils policy providing coverage for sudden and accidental direct physical loss to the dwelling, other structures, and personal property. The Policy covers property repairs and personal property on a full replacement cost basis.

9.

Upon information and belief, the Policy covers various types of expenses, including reasonable and necessary costs incurred for temporary repairs to protect covered property from further imminent covered loss and additional living expenses.

## SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY

10.

On or about November 7, 2022, the above-referenced property suffered damage from a sudden and accidental direct physical Loss resulting from Water (the "Loss"). The Policy was in effect at the time of the Loss.

11.

Plaintiffs promptly and timely notified Defendant of the damage to the Property resulting from the Loss and made a claim pursuant to the Policy. As a result, Defendant assigned an adjuster ("Adjuster") to investigate Plaintiffs' claim for sudden and accidental direct physical loss. The Adjuster was authorized as Defendant's representative and agent for purposes of the claim.

3

12.

At all times, Plaintiffs made themselves and the Property available to, and fully cooperated with, the Defendant and its representative and agent to inspect and investigate the damages caused by the loss.

13.

Defendant, through its authorized representative and agent, Adjuster, performed a site inspection of the Property.

14.

Defendant's authorized representative and agent, Adjuster, incurred the duty of acting with due diligence in achieving a proper disposition of the Plaintiffs' claim when Adjuster undertook the handling of the claim.

15.

Defendant, through its authorized representative and agent, Adjuster, grossly underestimated the scope of loss suffered by the Plaintiffs as a result of the Water event. Defendant failed to properly indemnify the Plaintiffs and estimated Plaintiffs' total loss to be $194,094.07. Plaintiffs' deductible is $1,000.00 per occurrence, and Defendant withheld $57,409.80 in recoverable depreciation; thus, after deductions for depreciation and Plaintiffs' deductible, Defendant claims Plaintiffs were due $124,202.17 as indemnification under the Policy. A true and accurate copy of the Defendant's estimate is attached hereto as Exhibit "A."

16.

As a result of Defendant's gross underestimation, Plaintiffs requested multiple times that Defendant reconsider its position regarding Defendant's estimate. Defendant refused to comply with the Plaintiffs' requests and continued to frivolously and baselessly deny any additional

4

payment on Plaintiffs' claim. Furthermore, the Defendant continued to ignore the opinions of the Plaintiffs' experts as to the extent of damage and the amount it will cost the Plaintiffs' to be properly indemnified for the Loss.

17.

Because Defendant would not allow further coverage of Plaintiffs' loss, Plaintiffs hired Precision Public Adjusting to inspect and write an estimate for the rebuild of their home. Precision Public Adjusting wrote an estimate in the amount of $304,921.39 to rebuild the interior of Plaintiffs' home. Precision Public Adjusting's estimate is attached hereto as Exhibit "B."

18.

Prior to hiring Precision Public Adjusting, Plaintiffs' used Rainbow International of Athens GA ("Rainbow"), a State Farm Premier Service contractor, to mitigation the water damage inside the Property. Rainbow demolished and cleaned the Property, while extracting and remediating the water damage, which came to the amount of $74,253.64. Rainbow's service estimate is attached hereto as Exhibit "C."

19.

Plaintiffs' retained Elzen Group for specialized demolition and disposal of certain aspects of their water-damaged Property including, but not limited to, sub flooring and its replacement. Elzen Group's invoice for these services is attached hereto as "Exhibit D."

20.

Plaintiffs also claim damages to their personal property and incurred additional living expenses, in an amount to be determined at trial.

5

21.

The estimates and invoices, Exhibits "B," "C," and "D," which are attached hereto come to the amount of $414,901.28, which Plaintiff is owed less previous payments and the applicable deductible. Defendant continues to frivolously deny Plaintiffs' claim without just cause when, under one or more portions of the Policy, the obligation to settle the claim is reasonably clear.

22.

Defendant did not act fairly or honestly toward the Plaintiffs, or with due regard to the Plaintiffs' claim and interests, when Defendant, under all circumstances articulated herein, failed to indemnify the Plaintiffs for their damages in direct breach of the terms and conditions of the Policy.

23.

Plaintiffs have fulfilled all conditions precedent and contractual obligations under the Policy prior to this lawsuit, or the same were waived.

24.

There exists a genuine, justifiable controversy between the Plaintiffs and the Defendant as to whether Defendant is responsible for further indemnification owed to the Plaintiffs as a result of the Loss. Plaintiffs have exhausted every reasonable means possible to resolve this dispute with the Defendant. With no other option, Plaintiffs were constrained to hire legal counsel, incur additional expenses, and file this lawsuit.

25.

Plaintiffs have suffered loss under the Policy in an amount to be determined at trial.

6

## COUNT I: BREACH OF CONTRACT

26.

Plaintiffs hereby adopt, re-allege, and incorporate their allegations set forth in Paragraphs 1-25 of this Complaint as if fully set forth herein.

27.

Plaintiffs have performed all conditions precedent to the Defendant's obligation to perform under the Policy including, without limitation, the timely payment of premiums, timely notice of the claim, and post loss obligations, or the Defendant has waived any and all other conditions.

28.

Under the terms of the Policy, Defendant is required to fully indemnify the Plaintiffs for the damages sustained from the Loss.

29.

Despite Plaintiffs' timely written demand, Defendant failed to provide full indemnification to the Plaintiffs under the terms of the Policy.

30.

Defendant failed to act in good faith and fair dealing under the terms of the Policy by refusing to properly investigate and fully indemnify the Plaintiffs according to the terms of the Policy.

31.

As a result of the Defendant's denying and delaying payment in Plaintiffs' claim, Plaintiffs sustained additional covered losses from mitigation and temporary repairs of the direct physical damage to the Property in an amount to be determined at trial.

7

32.

The Plaintiffs suffered damages as a direct result of Defendant's failure to indemnify the Plaintiffs for their loss.

33.

All foregoing conduct constitutes a breach of contract that has resulted in damages to the Plaintiffs.

34.

**WHEREFORE,** Plaintiffs pray for this Court to enter an award in Plaintiffs' favor of compensatory damages, attorneys' fees, pre- and post-judgment interest, and such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

35.

Plaintiffs request a trial by Jury on all counts of the Complaint.

## PRAYER FOR RELIEF

36.

**WHEREFORE,** Plaintiffs request that after due proceedings are had, all appropriate penalties be assessed against the Defendant and that the Plaintiffs receive any and all damages at law to which they are justly entitled, and thus prays for judgment against the Defendant, as follows:

a. That this Court grant judgment in favor of the Plaintiffs and against Defendant in an amount to be determined at trial for breach of insurance contract.

b. Compensatory damages, including all damages to the Plaintiffs by the Defendant and any resulting expenses.

8

c.  Bad faith damages in an amount of fifty percent (50%) of the total compensatory damages awarded or $5,000.00, whichever is greater, for Defendant's bad faith delay, denial, and its intentional, frivolous failure to conduct a reasonable investigation of the Plaintiffs' claim without a reasonable basis;

d.  Plaintiffs' attorneys' fees and costs of suit in this action;

e.  Pre- and post-judgment interest in the maximum amount allowed by law;

f.  All statutory penalties;

g.  Any and all applicable multipliers; and,

h.  Any and all other relief that the Court may deem just and proper, whether such relief sounds in law or equity.

Respectfully submitted, this 6th day of November, 2023.

THE HUGGINS LAW FIRM, LLC

*/s/ Michael D. Turner*

J. Remington Huggins, Esq.
Georgia Bar No.: 348736
Michael D. Turner, Esq.
Georgia Bar No.: 216414
*Attorneys for the Plaintiff*

110 Norcross Street
Roswell, GA 30075
(o) (770) 913-6229
(e) remington@lawhuggins.com
(e) mdturner@lawhuggins.com

9

Sherriff's Entry of Service

Exhibit B

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-A-09647-11

Date Filed 11/6/2023

Attorney's Address

Huggins Law Firm, LLC

110 Norcross St.

Roswell, GA 30075

Name and Address of Party to Served

State Farm Fire and Casualty Company

RA: Corporation Service Company

2 Sun Court, Suite 400, Peachtree Corners, GA 30092

Superior Court ☒   Magistrate Court ☐
State Court ☐   Probate Court ☐
Juvenile Court ☐

Georgia, Gwinnett   COUNTY

Ashley Kopperud and Robert Kopperud

Plaintiff

VS.

State Farm Fire and Casualty Company

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☑ Served the defendant _STATE FARM Fire AND CASUALty Company_ a corporation
by leaving a copy of the within action and summons with _Alisha Smith_
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _14_ day of _NOV_, 20_23_.

DEPUTY _____

## CLERK'S | DEFENDANT'S | PLAINTIFF'S COPY

# Gwinnett County Sheriff's Office

## Cover Sheet



**Sheriff #:**          23036892

**Person Served:**    STATE FARM FIRE AND CASUALTY CO
                      2 SUN COURT, SUITE 400
                      PEACHTREE CORNERS GA 30092
                      PHONE:

**Process Information:**

Date Received:      11/13/2023

Assigned Zone:      2 Sun Court                Court Case #:      23-A-09647-11

Expiration Date:                               Hearing Date:

Paper Types:        COMPLAINT

Notes/Alerts:

**Notes:**

_____

_____

_____

_____

_____

_____

_____

Georgia Secretary of State Documents

Exhibit C

State Farm Fire and Casualty Company's Notice of Removal



# GEORGIA
# CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE

# BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

|  |  |
|---|---|
| Business Name: | **STATE FARM FIRE AND CASUALTY COMPANY** |
| Business Type: | **Foreign Insurance Company** |
| Business Purpose: | **NONE** |
| Principal Office Address: | **ONE STATE FARM PLAZA, BLOOMINGTON, IL, 61710-0001, USA** |
| Jurisdiction: | **Illinois** |

|  |  |
|---|---|
| Control Number: | **J450476** |
| Business Status: | **Active/Compliance** |
| Date of Formation / Registration Date: | **3/23/1937** |
| Last Annual Registration Year: | **2023** |

### REGISTERED AGENT INFORMATION

|  |  |
|---|---|
| Registered Agent Name: | **Corporation Service Company** |
| Physical Address: | **2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA** |
| County: | **Gwinnett** |

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| Jon Charles Farney | CFO | ONE STATE FARM PLAZA, BLOOMINGTON, IL, 61710, USA |
| LYNNE MADDEN YOWELL | Secretary | ONE STATE FARM PLAZA, BLOOMINGTON, IL, 61710, USA |
| Michael Leon Tipsord | CEO | One State Farm Plaza, Bloomington, IL, 61710-0001, USA |

Back

Filing History        Name History

Return to Business Search



# GEORGIA
# CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
# BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

Business Name: **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

Control Number: **J450478**

Business Type: **Foreign Insurance Company**

Business Status: **Active/Compliance**

Business Purpose: **NONE**

Principal Office Address: **ONE STATE FARM PLAZA, BLOOMINGTON, IL, 61710-0001, USA**

Date of Formation / Registration Date: **12/3/1932**

Jurisdiction: **Illinois**

Last Annual Registration Year: **2023**

### REGISTERED AGENT INFORMATION

Registered Agent Name: **Corporation Service Company**

Physical Address: **2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA**

County: **Gwinnett**

### OFFICER INFORMATION

| Name | Title | Business Address |
|------|-------|------------------|
| Jon Charles Farney | CFO | ONE STATE FARM PLAZA, BLOOMINGTON, IL, 61710, USA |
| Lynne Madden Yowell | Secretary | ONE STATE FARM PLAZA, BLOOMINGTON, IL, 61710, USA |
| Michael Leon Tipsord | CEO | ONE STATE FARM PLAZA, BLOOMINGTON, IL, 61710, USA |

Back

Filing History        Name History

Return to Business Search

All Documents and Pleadings

Exhibit D

State Farm Fire and Casualty Company's Notice of Removal

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-09647-11
11/6/2023 3:17 PM
TIANA P. GARNER, CLERK

**IN THE SUPERIOR COURT OF GWINNETT COUNTY**

**STATE OF GEORGIA**

**Ashley Kopperud and Robert Kopperud**
1701 Westminster Way
Madison, GA 30650

**PLAINTIFFS**

23-A-09647-11

**VS**

**CIVIL ACTION NUMBER:** _____

**State Farm Fire and Casualty Company**
**RA: Corporation Service Company**
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

**DEFENDANT**

---

**SUMMONS**

---

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs' attorney, whose name and address is:

**Michael D. Turner**
**Attorney For the Plaintiffs**
**THE HUGGINS LAW FIRM, LLC**
**110 Norcross Street**
**Roswell, GA 30075**
**(770) 913-6229**
mdturner@lawhuggins.com

an Answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2023.
7th day of November, 2023

Tiana P. Garner,
Clerk of Superior Court

BY: _Krystil Castaneda_____
Deputy Clerk

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-09647-11
11/6/2023 3:17 PM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ASHLEY KOPPERUD AND ROBERT KOPPERUD,<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | )    **CIVIL ACTION FILE NO.:** |
| STATE FARM FIRE AND CASUALTY COMPANY,<br>    a foreign corporation, | )<br>)    23-A-09647-11<br>)<br>) |
|     Defendant. | )<br>) |

## COMPLAINT

**COMES NOW** Plaintiffs **Ashley Kopperud and Robert Kopperud,** by and through the undersigned counsel, and files this Complaint for breach of first party property insurance contract and bad faith denial of insurance coverage against Defendant, **State Farm Fire and Casualty Company,** and in support hereof, states as follows:

### PARTIES

1.

Plaintiffs are adult resident citizens of Morgan County, Georgia.

2.

Upon information and belief, Defendant is a foreign insurance company, registered to transact business in, and in fact transacts business in, the State of Georgia. Defendant is in the business of insuring risks and properties located throughout the United States, including Georgia. Defendant maintains an office at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 where it may be served with process through its registered agent, Corporation Service Company, as identified by the state of Georgia Secretary of State registry.

## **JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over this action for breach of contract and bad faith denial of an insurance claim because the breached contract was entered into, and concerned property in, the state of Georgia and the amount in controversy exceeds $15,000.00. This Court has personal jurisdiction over Defendant because Defendant is transacting business and insuring properties in the state of Georgia and has appointed a registered agent for service of process in Georgia pursuant to O.C.G.A. § 33-4-1 and O.C.G.A. § 33-4-4.

4.

Venue is proper in this Court because Defendant has a registered agent doing business in Gwinnett County pursuant to O.C.G.A. § 33-4-1, O.C.G.A. § 33-4-4.

5.

In addition, by virtue of the express terms of the insurance policy at issue, Defendant has consented to jurisdiction and venue of this Court.

## **THE POLICY**

6.

Upon information and belief, prior to November 7, 2022, and in consideration of the premiums paid to Defendant by the Plaintiffs, Defendant issued a policy with Policy No. 81ENN4074 (the "Policy").

7.

Upon information and belief , the Policy provides numerous coverages for the real and personal property located at 1701 Westminster Way, Madison, GA 30650 (the "Insured Property,"

2

"Property," or the "home"). The Policy likewise insures against loss due to Water, subject to a deductible of $1,000.00 per occurrence.

8.

Upon information and belief, the Policy is an all-perils policy providing coverage for sudden and accidental direct physical loss to the dwelling, other structures, and personal property. The Policy covers property repairs and personal property on a full replacement cost basis.

9.

Upon information and belief, the Policy covers various types of expenses, including reasonable and necessary costs incurred for temporary repairs to protect covered property from further imminent covered loss and additional living expenses.

## **SUDDEN AND ACCIDENTAL DAMAGE TO THE INSURED PROPERTY**

10.

On or about November 7, 2022, the above-referenced property suffered damage from a sudden and accidental direct physical Loss resulting from Water (the "Loss"). The Policy was in effect at the time of the Loss.

11.

Plaintiffs promptly and timely notified Defendant of the damage to the Property resulting from the Loss and made a claim pursuant to the Policy. As a result, Defendant assigned an adjuster ("Adjuster") to investigate Plaintiffs' claim for sudden and accidental direct physical loss. The Adjuster was authorized as Defendant's representative and agent for purposes of the claim.

3

12.

At all times, Plaintiffs made themselves and the Property available to, and fully cooperated with, the Defendant and its representative and agent to inspect and investigate the damages caused by the loss.

13.

Defendant, through its authorized representative and agent, Adjuster, performed a site inspection of the Property.

14.

Defendant's authorized representative and agent, Adjuster, incurred the duty of acting with due diligence in achieving a proper disposition of the Plaintiffs' claim when Adjuster undertook the handling of the claim.

15.

Defendant, through its authorized representative and agent, Adjuster, grossly underestimated the scope of loss suffered by the Plaintiffs as a result of the Water event. Defendant failed to properly indemnify the Plaintiffs and estimated Plaintiffs' total loss to be $194,094.07. Plaintiffs' deductible is $1,000.00 per occurrence, and Defendant withheld $57,409.80 in recoverable depreciation; thus, after deductions for depreciation and Plaintiffs' deductible, Defendant claims Plaintiffs were due $124,202.17 as indemnification under the Policy. A true and accurate copy of the Defendant's estimate is attached hereto as Exhibit "A."

16.

As a result of Defendant's gross underestimation, Plaintiffs requested multiple times that Defendant reconsider its position regarding Defendant's estimate. Defendant refused to comply with the Plaintiffs' requests and continued to frivolously and baselessly deny any additional

4

payment on Plaintiffs' claim. Furthermore, the Defendant continued to ignore the opinions of the Plaintiffs' experts as to the extent of damage and the amount it will cost the Plaintiffs' to be properly indemnified for the Loss.

17.

Because Defendant would not allow further coverage of Plaintiffs' loss, Plaintiffs hired Precision Public Adjusting to inspect and write an estimate for the rebuild of their home. Precision Public Adjusting wrote an estimate in the amount of $304,921.39 to rebuild the interior of Plaintiffs' home. Precision Public Adjusting's estimate is attached hereto as Exhibit "B."

18.

Prior to hiring Precision Public Adjusting, Plaintiffs' used Rainbow International of Athens GA ("Rainbow"), a State Farm Premier Service contractor, to mitigation the water damage inside the Property. Rainbow demolished and cleaned the Property, while extracting and remediating the water damage, which came to the amount of $74,253.64. Rainbow's service estimate is attached hereto as Exhibit "C."

19.

Plaintiffs' retained Elzen Group for specialized demolition and disposal of certain aspects of their water-damaged Property including, but not limited to, sub flooring and its replacement. Elzen Group's invoice for these services is attached hereto as "Exhibit D."

20.

Plaintiffs also claim damages to their personal property and incurred additional living expenses, in an amount to be determined at trial.

5

21.

The estimates and invoices, Exhibits "B," "C," and "D," which are attached hereto come to the amount of $414,901.28, which Plaintiff is owed less previous payments and the applicable deductible. Defendant continues to frivolously deny Plaintiffs' claim without just cause when, under one or more portions of the Policy, the obligation to settle the claim is reasonably clear.

22.

Defendant did not act fairly or honestly toward the Plaintiffs, or with due regard to the Plaintiffs' claim and interests, when Defendant, under all circumstances articulated herein, failed to indemnify the Plaintiffs for their damages in direct breach of the terms and conditions of the Policy.

23.

Plaintiffs have fulfilled all conditions precedent and contractual obligations under the Policy prior to this lawsuit, or the same were waived.

24.

There exists a genuine, justifiable controversy between the Plaintiffs and the Defendant as to whether Defendant is responsible for further indemnification owed to the Plaintiffs as a result of the Loss. Plaintiffs have exhausted every reasonable means possible to resolve this dispute with the Defendant. With no other option, Plaintiffs were constrained to hire legal counsel, incur additional expenses, and file this lawsuit.

25.

Plaintiffs have suffered loss under the Policy in an amount to be determined at trial.

## COUNT I: BREACH OF CONTRACT

26.

Plaintiffs hereby adopt, re-allege, and incorporate their allegations set forth in Paragraphs 1-25 of this Complaint as if fully set forth herein.

27.

Plaintiffs have performed all conditions precedent to the Defendant's obligation to perform under the Policy including, without limitation, the timely payment of premiums, timely notice of the claim, and post loss obligations, or the Defendant has waived any and all other conditions.

28.

Under the terms of the Policy, Defendant is required to fully indemnify the Plaintiffs for the damages sustained from the Loss.

29.

Despite Plaintiffs' timely written demand, Defendant failed to provide full indemnification to the Plaintiffs under the terms of the Policy.

30.

Defendant failed to act in good faith and fair dealing under the terms of the Policy by refusing to properly investigate and fully indemnify the Plaintiffs according to the terms of the Policy.

31.

As a result of the Defendant's denying and delaying payment in Plaintiffs' claim, Plaintiffs sustained additional covered losses from mitigation and temporary repairs of the direct physical damage to the Property in an amount to be determined at trial.

7

32.

The Plaintiffs suffered damages as a direct result of Defendant's failure to indemnify the Plaintiffs for their loss.

33.

All foregoing conduct constitutes a breach of contract that has resulted in damages to the Plaintiffs.

34.

**WHEREFORE,** Plaintiffs pray for this Court to enter an award in Plaintiffs' favor of compensatory damages, attorneys' fees, pre- and post-judgment interest, and such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

35.

Plaintiffs request a trial by Jury on all counts of the Complaint.

## PRAYER FOR RELIEF

36.

**WHEREFORE,** Plaintiffs request that after due proceedings are had, all appropriate penalties be assessed against the Defendant and that the Plaintiffs receive any and all damages at law to which they are justly entitled, and thus prays for judgment against the Defendant, as follows:

a. That this Court grant judgment in favor of the Plaintiffs and against Defendant in an amount to be determined at trial for breach of insurance contract.

b. Compensatory damages, including all damages to the Plaintiffs by the Defendant and any resulting expenses.

8

c.  Bad faith damages in an amount of fifty percent (50%) of the total compensatory damages awarded or $5,000.00, whichever is greater, for Defendant's bad faith delay, denial, and its intentional, frivolous failure to conduct a reasonable investigation of the Plaintiffs' claim without a reasonable basis;

d.  Plaintiffs' attorneys' fees and costs of suit in this action;

e.  Pre- and post-judgment interest in the maximum amount allowed by law;

f.  All statutory penalties;

g.  Any and all applicable multipliers; and,

h.  Any and all other relief that the Court may deem just and proper, whether such relief sounds in law or equity.

Respectfully submitted, this 6th day of November, 2023.

THE HUGGINS LAW FIRM, LLC

*/s/ Michael D. Turner*
J. Remington Huggins, Esq.
110 Norcross Street                                   Georgia Bar No.: 348736
Roswell, GA 30075                                    Michael D. Turner, Esq.
(o) (770) 913-6229                                    Georgia Bar No.: 216414
(e) remington@lawhuggins.com              *Attorneys for the Plaintiff*
(e) mdturner@lawhuggins.com

9

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**23-A-09647-11**
**11/6/2023 3:17 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

ASHLEY KOPPERUD AND ROBERT ) 
KOPPERUD, )
      **Plaintiff,** )
  )
v. )    **CIVIL ACTION FILE NO.:**
  )    23-A-09647-11
STATE FARM FIRE AND CASUALTY )
COMPANY, )
    a foreign corporation, )
  )
    **Defendant.** )

### CERTIFICATE OF SERVICE

This is to certify that I have served the foregoing upon the Defendant State Farm Fire and Casualty Company by serving them with the ***Summons, Complaint and Exhibits***, and ***Plaintiffs' First Set of Interrogatories and Request for Production of Documents*** in accordance with the Court's rules to Defendant State Farm Fire and Casualty Company at the address listed below:

**Corporation Service Company**
**Registered Agent for Defendant State Farm Fire and Casualty Company**
**2 Sun Court, Suite 400**
**Peachtree Corners, GA 30092**

Respectfully submitted, this 6th day of November, 2023.

For: The Huggins Law Firm, LLC,

**The Huggins Law Firm, LLC**
110 Norcross Street
Roswell, GA 30075
(o) (770) 913-6229
(e) remington@lawhuggins.com
(e) mdturner@lawhuggins.com

J. Remington Huggins, Esq.
Georgia Bar No.: 348736
Michael D. Turner, Esq.
Georgia Bar No.: 216414
*Attorneys for the Plaintiff*

E-FILED IN OFFICE - KC
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
23-A-09647-11
11/6/2023 3:17 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☐ **State Court of** _____ **County**

| For Clerk Use Only | |
|---|---|
| Date Filed _____ <br> **MM-DD-YYYY** | Case Number _____ <br> 23-A-09647-11 |

**Plaintiff(s)**                                                     **Defendant(s)**

_____          _____
Last          First          Middle I.     Suffix     Prefix          Last          First          Middle I.     Suffix     Prefix

_____          _____
Last          First          Middle I.     Suffix     Prefix          Last          First          Middle I.     Suffix     Prefix

_____          _____
Last          First          Middle I.     Suffix     Prefix          Last          First          Middle I.     Suffix     Prefix

_____          _____
Last          First          Middle I.     Suffix     Prefix          Last          First          Middle I.     Suffix     Prefix

**Plaintiff's Attorney** _____          **Bar Number** _____          **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐   Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                              **Case Number**

☐   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐   Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-A-09647-11

Date Filed 11/6/2023

Attorney's Address

Huggins Law Firm, LLC

110 Norcross St.

Roswell, GA 30075

Name and Address of Party to Served

State Farm Fire and Casualty Company

RA: Corporation Service Company

2 Sun Court, Suite 400, Peachtree Corners, GA 30092

Superior Court ☒        Magistrate Court ☐
State Court ☐            Probate Court ☐
Juvenile Court ☐

Georgia,  Gwinnett                COUNTY

Ashley Kopperud and Robert Kopperud

Plaintiff

VS.

State Farm Fire and Casualty Company

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☑ Served the defendant _STATE FARM FIRE AND CASUALTY Company_ a corporation
by leaving a copy of the within action and summons with _Alisha Smith_
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _14_ day of _NOV_____, 20_23_.

DEPUTY

**CLERK'S | DEFENDANT'S | PLAINTIFF'S COPY**

# Gwinnett County Sheriff's Office

## Cover Sheet



**Sheriff #:**    23036892

**Person Served:**    STATE FARM FIRE AND CASUALTY CO
2 SUN COURT, SUITE 400
PEACHTREE CORNERS GA 30092
PHONE:

**Process Information:**

Date Received:    11/13/2023

Assigned Zone:    2 Sun Court                      Court Case #:    23-A-09647-11

Expiration Date:                                   Hearing Date:

Paper Types:    COMPLAINT

Notes/Alerts:

**Notes:**

_____

_____

_____

_____

_____

_____

_____

E-FILED IN OFFICE - CS
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**23-A-09647-11**

**12/14/2023 3:19 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ASHLEY KOPPERUD and ROBERT )
KOPPERUD, )
                       )
         Plaintiffs, )
                       )      Civil Action File No.: 23-A-09647-11
vs. )
                       )
STATE FARM FIRE AND CASUALTY )
COMPANY, )
                       )
         Defendant. )

## **DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER AND DEMAND FOR JURY TRIAL**

Defendant State Farm Fire and Casualty Company, by and through counsel of record, files this Answer to plaintiff's Complaint and shows as follows:

### **FIRST DEFENSE**

Plaintiffs' failure to specifically state items of special damages sought in this action bars their recovery pursuant to O.C.G.A. § 9-11-9(g).

### **SECOND DEFENSE**

Plaintiffs' Complaint fails to state any theory of recovery which would entitle plaintiff to an award of attorney's fees or bad faith damages.

### **THIRD DEFENSE**

Some or all of plaintiffs' claims are barred by their prior material breach of the subject policy of insurance.

## **FOURTH DEFENSE**

Some or all of plaintiffs' claims are barred by plaintiffs' failure to perform obligations or conditions precedent required by the subject policy of insurance.

## **FIFTH DEFENSE**

Some or all of plaintiffs' claims under the subject policy of insurance are not covered by the subject policy of insurance.

## **SIXTH DEFENSE**

Some or all of plaintiffs' claims are barred by plaintiffs' failure to mitigate their damages.

## **SIXTH DEFENSE**

Some or all of plaintiffs' claims under the subject policy of insurance are barred by plaintiffs' assumption of risk.

## **SEVENTH DEFENSE**

Defendant has breached no legal duty to Plaintiff and Plaintiff's claims, therefore, should be dismissed.

## **EIGHTH DEFENSE**

Responding to the specific allegations of the numbered paragraphs of plaintiff's Complaint, defendant responds as follows:

1.

Defendant is without sufficient information to either admit or deny allegations contained within this paragraph of plaintiff's Complaint.

2.

Defendant admits the allegations contained within this paragraph of plaintiff's Complaint insofar as it is a foreign insurance company licensed to do business in the State of Georgia and may be served through its registered agent at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Defendant denies the remaining allegations contained within this paragraph of plaintiff's Complaint.

3.

The allegations contained within this paragraph of plaintiff's Complaint are legal conclusions to which no response is required. To the extent that a response is required, defendant admits the allegations contained within this paragraph of plaintiff's Complaint only insofar as this Court has subject matter jurisdiction over the allegations contained within plaintiffs' Complaint and personal jurisdiction over defendant. Defendant denies the remaining allegations contained within this paragraph of plaintiff's Complaint.

4.

Defendant admits the allegations contained within this paragraph of plaintiff's Complaint.

5.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

6.

Defendant admits the allegations contained within this paragraph of plaintiff's Complaint.

7.

The allegations contained in this paragraph of the Complaint reference a writing, and said writing is the best evidence of its contents. Defendant admits the allegations contained within this paragraph of the Complaint to the extent that they are consistent with said writing.

Defendant denies the allegations contained within this paragraph of the Complaint to the extent that they are inconsistent with said writing.

8.

The allegations contained in this paragraph of the Complaint reference a writing, and said writing is the best evidence of its contents. Defendant admits the allegations contained within this paragraph of the Complaint to the extent that they are consistent with said writing. Defendant denies the allegations contained within this paragraph of the Complaint to the extent that they are inconsistent with said writing.

9.

The allegations contained in this paragraph of the Complaint reference a writing, and said writing is the best evidence of its contents. Defendant admits the allegations contained within this paragraph of the Complaint to the extent that they are consistent with said writing. Defendant denies the allegations contained within this paragraph of the Complaint to the extent that they are inconsistent with said writing.

10.

Upon information and belief, defendant admits the allegations contained within this paragraph of plaintiff's Complaint to the extent that there was damage caused to plaintiffs' home November 7, 2022, and that a policy of insurance was in effect on that date. Defendant denies the remaining allegations contained within this paragraph of plaintiff's Complaint.

11.

Defendant admits plaintiffs notified defendant of an incident. Defendant is without sufficient information to either admit or deny that plaintiffs promptly and timely notified defendant of the incident. Defendant further admits that it opened a claim and assigned an

adjuster for the claim. Defendant denies the remaining allegations contained within this paragraph of plaintiff's Complaint.

12.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

13.

Defendant admits that agents of defendant visited the subject property. Defendant is without sufficient information to either admit or deny the remaining allegations contained within this paragraph of plaintiff's Complaint because it is vague and not limited to time or scope.

14.

Defendant admits to any obligation or duty it owes under any applicable law and the subject policy of insurance. However, defendant denies that allegations contained within this paragraph of plaintiff's Complaint are an accurate statement of law or its duties under said policy of insurance.

15.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

16.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

17.

Defendant is without sufficient information to either admit or deny allegations contained within this paragraph of plaintiff's Complaint as to why plaintiffs hired Precision Public Adjusting. Additionally, the allegations contained in this paragraph of the Complaint reference a writing, and said writing is the best evidence of its contents. Defendant admits the allegations contained within this paragraph of the Complaint to the extent that they are consistent with said writing. Defendant denies the allegations contained within this paragraph of the Complaint to the

extent that they are inconsistent with said writing. Finally, defendant denies the allegations in this paragraph to the extent that they may be construed to suggest any liability or breach of contract or duty on the part of defendant.

18.

Upon information and belief, defendant admits that Rainbow International of Athens GA performed work in plaintiffs' property. Further, the allegations contained in this paragraph of the Complaint reference a writing, and said writing is the best evidence of its contents. Defendant admits the allegations contained within this paragraph of the Complaint to the extent that they are consistent with said writing. Defendant denies the allegations contained within this paragraph of the Complaint to the extent that they are inconsistent with said writing.

19.

Defendant is without sufficient information to either admit or deny allegations contained within this paragraph of plaintiff's Complaint. Further, the allegations contained in this paragraph of the Complaint reference a writing, and said writing is the best evidence of its contents. Defendant admits the allegations contained within this paragraph of the Complaint to the extent that they are consistent with said writing. Defendant denies the allegations contained within this paragraph of the Complaint to the extent that they are inconsistent with said writing.

20.

Defendant is without sufficient information to either admit or deny allegations contained within this paragraph of plaintiff's Complaint. Defendant denies the allegations in this paragraph to the extent that they may be construed to suggest any liability or breach of contract or duty on the part of defendant.

21.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

22.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

23.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

24.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

25.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

26.

Defendant reincorporates responses to Paragraphs 1 through 25 in plaintiff's Complaint as if fully restated herein.

27.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

28.

The allegations contained within this paragraph of plaintiff's Complaint are legal conclusions to which no response is required. To the extent that a response is required, Further, the allegations contained in this paragraph of the Complaint reference a writing, and said writing is the best evidence of its contents. Defendant admits the allegations contained within this paragraph of the Complaint to the extent that they are consistent with said writing. Defendant denies the allegations contained within this paragraph of the Complaint to the extent that they are inconsistent with said writing. Defendant denies the allegations in this paragraph to the extent

that they may be construed to suggest any liability or breach of contract or duty on the part of defendant.

29.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

30.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

31.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

32.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

33.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

34.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

35.

Defendant denies the allegations contained within this paragraph of plaintiff's Complaint.

36.

Any allegation, language, or paragraph of plaintiff's Complaint not hereinbefore responded to is specifically denied by defendant.

WHEREFORE, having fully answered plaintiff's Complaint, defendant prays:

a)      that plaintiff's Complaint be dismissed;

b)      that defendant have judgment in its favor;

c)      that defendant have a trial by jury of twelve persons; and

d)      that defendant have all other proper relief.

This <u>14th</u> day of December, 2023.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

<u>/s/Kyle Joyce</u>
Jonathan M. Adelman
(State Bar No. 005128)
Kyle T. Joyce
(State Bar No. 960181)
Attorneys for Defendant

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
jadelman@waldonadelman.com
kjoyce@waldonadelman.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the

Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically

send e-mail notification of such filing to the following attorney(s) of record:

J. Remington Huggins, Esq.
Michael D. Turner, Esq.
The Huggins Law Firm, LLC
110 Norcross Street
Roswell, GA  30075
remington@lawhuggins.com
mdturner@lawhuggins.com

This <u>14th</u> day of December, 2023.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

<u>/s/Kyle Joyce</u>
Jonathan M. Adelman
(State Bar No. 005128)
Kyle T. Joyce
(State Bar No. 960181)
Attorneys for Defendant

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia  30339
(770) 953-1710
jadelman@waldonadelman.com
kjoyce@waldonadelman.com