UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WAYNE EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO._____ |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff Wayne Evans ("Plaintiff" or "Mr. Evans") submits the following Complaint against Defendant Wal-Mart Stores East, LP ("Defendant" or Wal-Mart").

## **INTRODUCTION**

1. Mr. Evans brings this action against Wal-Mart for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

## **JURISDICTION AND VENUE**

2. Mr. Evan's Title VII claims present federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

3. This Court is an appropriate venue for all of Mr. Evans' claims under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3), because a substantial part of the events giving rise to Mr. Evans' claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

4. Mr. Evans filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

5. Mr. Evans received a notice of right to sue from the EEOC within the last ninety (90) days and has complied with all other conditions precedent to the institution of this lawsuit.

## PARTIES

6. Mr. Evans is a male and resides in the Northern District of Georgia.

7. Mr. Evans was employed by Defendant at all times material to this Complaint.

8. Defendant Wal-Mart Stores East, LP is registered to do business in Georgia and is subject to the jurisdiction of this Court.

9. Defendant may be served with process upon its registered agent, The Corporation Company, 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040-2794, USA.

## FACTUAL ALLEGATIONS

10. Mr. Evans has worked for Defendant since approximately September 11, 2011.

11. Mr. Evans primarily works at Defendant's Morrow Supercenter #1047.

12. Around March 2022, Mr. Evans began receiving threatening anonymous text messages and phone calls falsely accusing him of having a sexual relationship with a Wal-Mart associate, Bricola King, and other unnamed Wal-Mart associates.

13. These messages were sexually explicit, threatening, or both.

14. A message of March 29, 2022 stated in part "Everything you ever worked hard for is about to come crumbling down! You stupid idiot! Every Walmart employee will soon know about you and Bricola!"

15. A message to Mr. Evans from July 27, 2023 stated in part "We see that you are still there! And your girlfriend is too! We are here as well watching the 2 of you!" and made reference to how Mr. Evans was dressed that day in an apparent attempt to confirm he was being watched.

16. A message of August 3, 2022 to Mr. Williams stated in part "FYI: Try holding your breath for 180 calendar days. That's the time frame given to us for the outside agency to review your sexual predator history . . . Also, watch your little store wifey . . ."

17. Another message of August 3, 2022 to Mr. Williams stated in part "You f[---]ed[1] her last night? We will find out my friend!" and another of that same day stated "You made this bed in and you will have to lie in it oh BUSTER ASS LOSER NIGGA!"

18. Some minutes later that day (at 2:23 am) Mr. Evans received another text reading in part "My guess is you wanted this broad since your days at Hudson Bridge since you did the lowest s[--]t anyone could do to f[--]k with her!"

19. On August 6, 2022, Mr. Evans received a text reading in part "hello Mighty Mouse a.k.a. R. Kelly Jr. You have had a busy week! Since she got that p[---]y tighten you just can't stay out of it! We just keep collecting more evidence and handing it over to the proper authorities . . . Unlike your whore of a girlfriend Bricola! . . . Slammed her in the back of Walmart? . . . You're in love with a real tramp."

20. A text to Mr. Evans of August 8, 2022 stated in part "DEM HOES BE WINNING! . . And your sexual encounters only helped this case! We see y'all f[---]ing around!"

21. A few minutes later Mr. Evans received a text reading "She Really F[---]ED HER WAY TO THE TOP!!!"

---

[1] This Complaint edits certain vulgar language as reflected by bracketed changes. The original texts are not edited.

22. Another text to Mr. Evans threatened "YOU MAY WANY TO HOPE THE EEOC ACTS FASTER THAN OUR PAID SPOKESMAN WHO WILL SOON COME INTO TO WAL-MART & TAKE THE INTERCOM TO AIR YOU & BRICOLA'S CONTINUAL DIRTY AFFAIR. REMEMBER YOU WERE BOTH SHOWN MERCY! THIS WILL BE PRICELESS!"

23. Mr. Evans received another text stating "That BITCH BOUT TO MAKE YOU LOSE YOUR MIND . .. JOB . . . AND CREDIBILITY!!!!"

24. On September 26, 2022, Mr. Evans received a series of text messages reading in part "YOU WERE WARNED YET YOU PLAYED THE HARLOT! DA WHORE GAVE OUR INTEL MOST OF WHAT WE NEEDED TO DESTROY YOU!!! YOU HAVEN'T SEEN THE WORST OF US YET! CALL US LEGION!!! THOUGHT IT WAS A GAME! SHE IS NEXT!!! WE ARE WATCHING YOU BOTH NIGHT & DAY!!!"

25. In April 2022, Mr. Evans raised with his Matthew Thrash, his store manager at the time, the harassing and threatening texts and calls he was receiving.

26. At that time, Mr. Evans understood that Mr. Thrash contacted the Ethics department on Mr. Evans' behalf.

27. Mr. Evans would show Mr. Thrash each text that he received. So distressing to Mr. Evans were the texts that at one point Mr. Evans would only open new texts in front of Mr. Thrash when he arrived at work.

28. Some weeks later, Mr. Evans asked Mr. Thrash when someone from Defendant's Ethics group would contact Mr. Evans about these phone calls and text messages.

29. Mr. Thrash first stated that it takes time to investigate situations like this but then, upon checking his email, notified Mr. Evans that the case had been closed.

30. No one from Ethics had contacted Mr. Evans before closing the case.

31. In the meantime, Mr. Evans continued to receive the harassing messages.

32. Mr. Evans then contacted the Ethics group again to see if his complaint would be taken seriously.

33. Mr. Evans also spoke with Mr. Thrash and his Personnel Manager about who he thought was sending the text messages and phone calls. They all believed it was employee Felisha lkeh.

34. Sometime later, representatives of the Ethics department finally decided to come to the location where Mr. Evans worked.

35. At that time, they first chose to question Mr. Evans about alleged inappropriate relationships with other employees.

36. Such complaints against Mr. Evans were never substantiated and were made in furtherance of the hostile work environment. Mr. Evans denies them and was cleared of wrongdoing.

37. When Mr. Evans questioned the representatives about their slow response to his complaints, they replied only that they had been backed up.

38. In this same meeting, when the representative from Ethics who was physically in the facility starting asking Mr. Evans questions, the Ethics representative present via Zoom recognized his voice and asked, "Is this the same Wayne I spoke to a month ago about a Bricola?"

39. When Mr. Evans said that it was, she asked "Are you still dealing with this?"

40. Mr. Evans had spoken with this individual about a month or two before and had asked her when they were going to speak to him about the concerns he had raised. This representative told him the call was not for that purpose but was because someone had accused him of having an inappropriate relationship with Bricola King and other associates.

41. Mr. Evans told the Ethics department that he believed Ikeh was sending the text messages and also told them the about the threat that had been made to go on the store's PA system the following month.

42. Mr. Evans also understood that other associates at the store had heard lkeh make statements about Mr. Evans and had informed Mr. Thrash and the Personnel Manager about this.

43. Despite this information, Defendant did nothing to address the situation.

44. On September 26, 2022, Ikeh came into the store where Mr. Evans was working.

45. After an altercation between King and Ikeh, Ikeh got on the store's PA system and made an announcement to the entire store falsely accusing Mr. Evans of sleeping with King and trying to sleep with Ikeh. Her announcement included Mr. Evans' entire name.

46. The altercation and announcement were filmed, posted on Tik Tok, and viewed over two million times. The incident and Tik Toks were also published in a Daily Dot article online.

47. The texts, calls, in-store incident and resulting exposure caused Mr. Evans significant emotional distress.

48. Mr. Evans was forced to use all his vacation time to try to get some relief from all the anxiety caused by associates/drivers and customers making comments, mocking him, and sharing their opinions on the situation with him.

49. Mr. Evans was forced to take a leave of absence and also applied for medical leave, which was denied.

50. Eventually, Mr. Evans had to return to the store because his medical leave was denied and he had to work to pay his bills.

51. Mr. Evans has continued to be subjected to unwelcome comments from co-workers about the incident and has observed co-workers whispering or otherwise talking about him.

52. Mr. Evans has continued to complain to Defendant but to no avail.

## COUNT I
## SEXUALLY HOSTILE WORKING ENVIRONMENT IN VIOLATION OF TITLE VII

53. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully restated herein.

54. Mr. Evans is an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

55. Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

56. Plaintiff was subjected to a sexually hostile work environment for which Defendant is liable.

57. Plaintiff was subjected to severe and pervasive sexual communications and actions by at least one of Defendant's employees.

58. Plaintiff reported this conduct to Defendant and provided Defendant information concerning the suspected identity of the employee perpetrating the harassment.

59. Defendant failed to take remedial action to prevent or correct the harassment or protect Plaintiff.

60. Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

61. Defendant's actions were willful, deliberate and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, and were in derogation of his federally protected rights.

62. As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities for which Defendant is liable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the

following relief be granted:

    A.    That this Court take jurisdiction of this matter;

    B.    That process be served;

    C.    That Plaintiff be awarded a declaratory judgment that Defendant violated Title VII, as described above;

    D.    That this Court enter a permanent injunction, prohibiting Defendant from engaging in unlawful employment practices, including unlawful sex discrimination and sexual harassment;

    E.    That this Court award Plaintiff full lost wages and lost benefits;

    F.    Prejudgment interest and post-judgment interest;

    G.    That this Court award compensatory damages in an amount to be determined by the trier of fact;

    H.    That this Court award punitive damages for Defendant's willful violations of the law;

    I.    That this Court award Plaintiff his costs in this action and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and other applicable laws;

    J.    That this Court grant Plaintiff the right to have a trial by jury on all issues triable to a jury; and

    K.    That this Court grant such additional relief as this Court deems proper

and just.

Respectfully submitted this 14th day of December, 2023.

        By:   */s/ Thomas J. Mew IV*
                Thomas J. Mew IV
                Georgia Bar No. 503447
                tmew@bbwmlaw.com
                Buckley Bala Wilson Mew LLP
                600 Peachtree Street, NE
                Suite 3900
                Atlanta, GA  30308
                Telephone: (404) 781-1100
                Facsimile: (404) 781-1101
                Counsel for Plaintiff