IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**JEROMZHAYE DENSMORE,**

          **Plaintiff,**          **CIVIL ACTION NO.**

**Vs.**          _____

**OPTUM SERVICES, INC.**

          **Defendant.**

## COMPLAINT

Plaintiff Jeromzhaye Densmore ("Densmore" or "Plaintiff") files this Complaint against Optum Services, Inc., showing the Court as follows:

1.

Optum Services, Inc. ("Optum") is a Foreign Profit Corporation organized under the laws of Delaware and registered to do business in Georgia, with its

Georgia registered agent being CT Corporation Systems, Inc., 289 S. Culver Street. Lawrenceville GA 30046-4805.  Optum is subject to the jurisdiction of the Court.

2.

Densmore is a citizen of Georgia residing in Douglas County, Georgia.

4.

This is a civil rights complaint for discrimination against and retaliation against Densmore in violation of the Americans With Disabilities Act ("ADA").

3.

This Court has subject matter jurisdiction over this case pursuant to 28 U.S. and 28 U.S.C. 1343.

4.

Venue is proper in this Court under 28 U.S.C. 1391 9b) and (c).

5.

Within 180 days of the beginning of the discriminatory acts complained of, plaintiff filed a timely charge of Discrimination alleging discrimination by Optum for its  ADA violations relating to Densmore.

6.

The EEOC on September 12, 2023 issued to Densmore a Notice of Right to Sue on her EEOC Charge.

7.

Densmore properly exhausted her administrative remedies regarding her federal claims, and Densmore has initiated the present lawsuit within 90 days of receiving the EEOC Notice of Right to Sue, which was mailed to her post office box.

8.

Defendant committed illegal discrimination against Densmore using as a but for cause for its adverse employment action against Densmore  Densmore's known disability in violation of the ADA, firing her rather than providing to Densmore reasonable accommodations which would have allowed her

9.

Defendant fired Densmore because it decided it no longer wanted to provide to Densmore the reasonable accommodations the ADA required it to provide to Densmore.

10.

Defendant terminated Densmore for the pretextual reason that she failed a criminal background check, more than fiver years into her employment, during which she had received favorable reviews consistently.

11.

Defendant chose to terminate Plaintiff so as to interfere with and deny Porras' attempt to exercise her ADA rights, preemptively firing her because of Plaintiff's advocating for her rights under the ADA.

12.

Central to Defendants' effectuated plan of retaliation against Plaintiff was to first fire her for being asserting her ADA rights.

13.

Defendant had actual knowledge that it would be more difficult for Plaintiff to obtain a new job comparable to the job she performed for Defendants, because of her age and disability.

14.

Firing Plaintiff because she was asserted her ADA rights was an act taken by Defendant with specific intent to harm Plaintiff.

## COUNT ONE : DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

15.

Defendant had actual knowledge of Plaintiff's disability and provided reasonable accommodations and leaves of absence to Plaintiff as required by law, for far more than a year, then reneged on its legal duties to Plaintiff and fired her for a pretextual reason, so as to terminate unilaterally and illegally Defendant's legal duties to Densmore.

16.

Plaintiff's right to reasonable accommodations under the ADA did not stop abruptly when Defendant used a criminal record check that they initiated without Plaintiff's prior permission, as a ground to terminate Plaintiff based on a charge years ago, despite her performance in her job which was repeatedly reviewed positively by Defendant.

17.

Defendant fired Plaintiff to avoid their obligations to Plaintiff under the ADA.

18.

Plaintiff is entitled to a back pay award covering a period from the day she was fired, on or about October 13, 2020, until the date of Judgment, in an amount to be proven at trial, including but not limited to lost pay, the lost value of fringe benefits, and other compensation.

19.

Plaintiff is also entitled to equitable relief against Defendant in the form of lost front pay in lieu of reinstatement.

## **COUNT TWO: RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT**

20.

Defendant committed the intentional tort of retaliation against Densmore for asserting her rights under the ADA.

21.

Plaintiff suffered loss of pay, loss of reputation, loss of benefits which went with the employment of an employee by Defendant based on her tenure with Defendant, emotional distress, magnified physical and emotional distress and loss of the ability to be employed in a comparable position when Defendant fired her in retaliation for her assertion of her ADA rights.

22.

Plaintiff is entitled to a Judgment against Defendant for compensatory damages for pain and suffering, emotional distress, embarrassment from being fired, and other consequential damages Plaintiff suffered, in an amount to be proven at trial.

23.

Defendant having acted with specific intent to harm Plaintiff, Plaintiff is entitled to a judgment for Plaintiff t for punitive damages without cap, or alternatively, because Defendants acted with an entire want of care evidencing conscious indifference to the consequences of their actions, for punitive damages up to the $250,000 cap.

24.

Plaintiff is entitled to a judgment against Defendant for her reasonable attorneys' fees as calculated in the Atlanta market at the rate of $575.00 per hour.

WHEREFORE, Plaintiff prays that the court grant her a judgment against Defendant as follows:

(1) a back pay award covering a period from the day Plaintiff was fired, on or about October 13, 2020, until the date of Judgment, in an amount to be proven at trial, including but not limited to lost pay, the lost value of fringe benefits, and other compensation.

(2) Retaliation being an intentional tort, a Judgment for Plaintiff against Defendant for compensatory damages for pain and suffering, emotional distress, embarrassment from being fired, and other damages Plaintiff suffered, to be proven at trial.

(3) Defendant having specific intent to harm Plaintiff, a judgment for Plaintiff against Defendant for punitive damages without cap, or alternatively, because Defendant acted with an entire want of care evidencing conscious indifference to the consequences of their actions, for punitive damages up to the $250,000 cap.

(4) A judgment for Plaintiff for her attorneys' fees at the $575/hr. rate.

(5) For such other and further relief as the Court deems meet and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 14th day of Decemberber, 2023.

**DALZIEL LAW FIRM**
s/ *Charles M. Dalziel, Jr.*
Charles M. Dalziel, Jr.
Georgia Bar No. 203730
680 Village Trace NE Building  20E
Marietta GA 30060
(404) 735-0438
chuck@dalziellawfirm.com
Attorney for Plaintiff