IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARELL ROBINSON, | : |
| | : CIVIL ACTION NO. _____ |
| Plaintiff, | : |
| | : **JURY TRIAL DEMANDED** |
| v. | : |
| | : |
| SECURITY CREDIT SERVICES, LLC, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Darell Robinson ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant Security Credit Services, LLC ("Defendant"), as follows:

## INTRODUCTION

1. This is an action seeking redress for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA").

2. Defendant, a foreign limited liability company, is a debt collector. Defendant agreed to completely remove a collection account from Plaintiff's credit reports after Plaintiff paid it. Instead, Defendant continued to report the account and, further, thereafter verified to at least one credit bureau (Experian) that the

account should remain on Plaintiff's credit file after Defendant had agreed to have it deleted from the credit file.  Defendant's conduct violated the FCRA.

3.  Plaintiff has been harmed as a result of Defendant's conduct.

## PARTIES, JURISDICTION, AND VENUE

4.  Plaintiff is a natural person and a "consumer" under the FCRA.  He resides in this District.

5.  At all times material to this action, Defendant was a foreign limited liability company.  Defendant is a "furnisher" of information as that term is used in the FCRA.

6.  Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

7.  This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

8.  Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) as Defendant conducts business in this District and Division, is registered to do business in this District and Division, and a substantial portion of events or omissions giving rise to the claims occurred in this District and Division.

9.  Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

10.     Defendant sought to collect a debt from Plaintiff on a Kornerstone Credit account ending in 721-1 (the "Account"). Defendant's own number for the Account ended in 2615.

11.     Defendant reported the Account to the credit reporting agencies, Equifax, TransUnion, and Experian to be included in Plaintiff's credit files.

12.     Plaintiff paid Defendant to settle the Account in full.

13.     Defendant accepted Plaintiff's payment in full satisfaction of the Account and agreed to request the credit bureaus to delete it completely from Plaintiff's credit files.

14.     Defendant sent Plaintiff a letter, dated November 7, 2023, wherein Defendant advised Plaintiff that the account was "closed as settled in full for $2,313.00 on or about 10/17/2023." A copy of the letter is attached hereto as Exhibit A with PII redacted.

15.     In its letter, Defendant also stated, in relevant part, "[a] request has been submitted to have this account updated **& removed** from EQUIFAX, Experian and TransUnion." (emphasis added).

16. Plaintiff subsequently checked his credit reports and saw that Defendant was still reporting the Account. This was inaccurate. The Account had been paid and should not have been on Plaintiff's credit reports at all.

17. Plaintiff thereafter disputed the Account with Equifax, TransUnion, and Experian.

18. Equifax and TransUnion deleted the Account from Plaintiff's Equifax and TransUnion credit files.

19. Experian did not delete the Account from Plaintiff's Experian credit file. Instead, Experian advised Plaintiff that the Account was determined to be accurate and would remain on his credit file.

20. Upon information and belief, Experian contacted Defendant and notified Defendant of Plaintiff(s) dispute(s) of the Account after 10/17/2023.

21. Upon information and belief, Defendant advised Experian, in response to Experian's notification to Defendant of Plaintiff's dispute of the Account, that the Account was accurate. This was false. The Account was not accurate.

22. Upon information and belief, Defendant verified the Account as accurate to Experian even after it had been paid and settled by Plaintiff.

23. Defendant failed to conduct a reasonable investigation of the dispute(s) it received from Experian concerning the Account.

24. Defendant did not request Experian to delete the Account from Plaintiff's Experian credit file in response to the dispute(s) it received from Experian concerning the Account. Instead, Defendant falsely verified to Experian that the Account was reporting accurately when it was not.

25. As a result of Defendant's false and inaccurate credit reporting of the Account, Plaintiff has suffered harm.

26. As a result of Defendant's wrongful conduct set forth above, Plaintiff has suffered inability to obtain financing to purchase a home, reduced credit scores, emotional distress arising from having Defendant report an inaccurate Account about him to credit bureaus and from the inability to buy a home; reputational harm caused by Defendant representing to the Experian that Plaintiff was delinquent on the Account when he was not; embarrassment caused by Defendant reporting to Experian that the Account was delinquent when it was not; and time, expense, and effort to have the inaccurate Account removed from his credit files.

27. Plaintiff has also had to retain counsel to protect his rights.

## COUNT ONE:

### Defendant's Violations of the FCRA

28. Plaintiff incorporates and realleges the Paragraphs set forth above.

29. Defendant negligently, or in the alternative recklessly and/or willfully, violated 15 U.S.C. 1681s-2(b) by failing to conduct a reasonable investigation of the CRA Disputes.

30. As a result, Plaintiff has suffered and is entitled to recover actual damages as alleged above in an amount to be proven at trial as allowed by 15 U.S.C. 1681n(a)(1)(A) or 15 U.S.C. 1681o(a)(1).

31. As a result of Defendant's reckless and willful violations of 15 U.S.C. 1681s-2(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. 1681n(a)(1)(A).

32. As a result of Defendant's reckless and willful violations of 15 U.S.C. 1681s-2(b), Plaintiff is also entitled to recover punitive damages as allowed by 15 U.S.C. 1681n(a)(2).

33. Plaintiff is also entitled to recover her costs of this action and reasonable attorney's fees as allowed by 15 U.S.C. 1681n(a)(3) or 15 U.S.C. 1681o(a)(2).

WHEREFORE, Plaintiff requests the following relief:

1. That he have a jury trial on his claims herein;

2. an award of actual damages;

3. an award of statutory damages;

4. an award of punitive damages;

5. an award of his costs and reasonable attorney's fees; and,

6. all other relief the Court deems just and proper.

This 15th day of December, 2023.

                                      **LOVE CONSUMER LAW**

                                      */s/ John A. Love*
                                      John A. Love
                                      Ga Bar No. 459155
                                      2500 Northwinds Parkway
                                      Suite 330
                                      Alpharetta, GA  30009
                                      (tel.) 404.855.3600
                                      (fax) 404.301.2300
                                      tlove@loveconsumerlaw.com