# EXHIBIT B

*▮▮▮▮▮▮7388▮▮▮▮▮*

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $500,000.00 | 04-25-2022 | 05-25-2023 | ▮7388 | 55 / 0157 | ▮▮▮ | 18907 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:**  AVENTIS SYSTEMS, INC.
189 COBB PKWY N. STE B7
MARIETTA, GA  30062

**Lender:**  UNITED COMMUNITY BANK
ALPHARETTA LPO
310 MAXWELL RD, STE 400
ALPHARETTA, GA  30009

---

**Principal Amount:  $500,000.00**                      **Date of Note:  April 25, 2022**

**PROMISE TO PAY.**  AVENTIS SYSTEMS, INC.  ("Borrower") promises to pay to UNITED COMMUNITY BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of Five Hundred Thousand & 00/100 Dollars ($500,000.00), together with interest on the unpaid principal balance from April 25, 2022, until paid in full.

**PAYMENT.**  Borrower will pay this loan in one principal payment of $500,000.00 plus interest on May 25, 2023.  This payment due on May 25, 2023, will be for all principal and all accrued interest not yet paid.  In addition, Borrower will pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning May 25, 2022, with all subsequent interest payments to be due on the same day of each month after that.  Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any late charges; and then to any unpaid collection costs.  Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**VARIABLE INTEREST RATE.**  The interest rate on this Note is subject to change from time to time based on changes in an independent index which is the Prime Rate as published in the Wall Street Journal.  Prime Rate means the highest per annum "Prime Rate" of interest as published from time to time by The Wall Street Journal in its "Money Rates" listings.  When a range of rates has been published, the higher of the rates will be used.  If the Index is no longer available, we will choose a new Index and margin.  The new Index will have an historical movement substantially similar to the original Index, and the new Index and margin will result in an annual percentage rate that is substantially similar to the rate in effect at the time the original Index becomes unavailable. (the "Index").  The Index is not necessarily the lowest rate charged by Lender on its loans.  Lender will tell Borrower the current Index rate upon Borrower's request.  The interest rate change will not occur more often than each day.  Payments adjust monthly.  Borrower understands that Lender may make loans based on other rates as well.  **The Index currently is 3.500% per annum.**  Interest on the unpaid principal balance of this Note will be calculated as described in the "INTEREST CALCULATION METHOD" paragraph using a rate equal to the Index, adjusted if necessary for any minimum and maximum rate limitations described below, resulting in an initial annual rate of simple interest, based on a year of 360 days, of 3.500%.  If Lender determines, in its sole discretion, that the Index has become unavailable or unreliable, either temporarily, indefinitely, or permanently, during the term of this Note, Lender may amend this Note by designating a substantially similar substitute index.  Lender may also amend and add a positive or negative margin (percentage added to or subtracted from the substitute index value) as part of the rate determination.  In making these amendments, Lender may take into consideration any then-prevailing market convention for selecting a substitute index and margin for the specific Index that is unavailable or unreliable.  Such an amendment to the terms of this Note will become effective and bind Borrower 10 business days after Lender gives written notice to Borrower without any action or consent of the Borrower.  NOTICE:  Under no circumstances will the interest rate on this Note be less than 2.950% per annum or more than the maximum rate allowed by applicable law.

**INTEREST CALCULATION METHOD.**  Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.  All interest payable under this Note is computed using this method.  This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Note.

**PREPAYMENT.**  Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law.   Except for the foregoing, Borrower may pay without penalty all or a portion of the amount owed earlier than it is due.  Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule.  Rather, early payments will reduce the principal balance due.  Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language.  If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender.  **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to:  UNITED COMMUNITY BANK, ALPHARETTA LPO, 310 MAXWELL RD, STE 400, ALPHARETTA, GA  30009.**

**LATE CHARGE.**  If a payment is 10 days or more late, Borrower will be charged **10.000% of the unpaid portion of the regularly scheduled payment or $10.00, whichever is greater, regardless of any partial payments Lender has received.**

**INTEREST AFTER DEFAULT.**  Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 16.000% per annum based on a year of 360 days.  However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.**  Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.**  Borrower fails to make any payment when due under this Note.

**Other Defaults.**  Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.**  Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.**  Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Insolvency.**  The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.**  Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan.  This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender.  However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.**  Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Change In Ownership.**  Any change in ownership of twenty-five percent (25%) or more of the common stock of Borrower.

**Adverse Change.**  A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.**  Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.**  Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

# PROMISSORY NOTE

**Loan No:** ▮▮▮▮**7388**                          **(Continued)**                                          **Page 2**

---

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's costs of collection, including court costs and fifteen percent (15%) of the principal plus accrued interest as attorneys' fees, if any sums owing under this Note are collected by or through an attorney at law, whether or not there is a lawsuit, and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER. Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.**

**GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Georgia without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Georgia.**

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of FULTON County, State of Georgia.

**DISHONORED ITEM FEE.** Borrower will pay a fee to Lender of $30.00 or five percent (5%) of the face amount of the check, whichever is greater, if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** Borrower acknowledges this Note is secured by **ALL INVENTORY, EQUIPMENT, ACCOUNTS (INCLUDING BUT NOT LIMITED TO ALL HEALTH-CARE-INSURANCE RECEIVABLES), CHATTEL PAPER, INSTRUMENTS (INCLUDING BUT NOT LIMITED TO ALL PROMISSORY NOTES), LETTER-OF-CREDIT RIGHTS, LETTERS OF CREDIT, DOCUMENTS, DEPOSIT ACCOUNTS, INVESTMENT PROPERTY, MONEY, OTHER RIGHTS TO PAYMENT AND PERFORMANCE, AND GENERAL INTANGIBLES (INCLUDING BUT NOT LIMITED TO ALL SOFTWARE AND ALL PAYMENT INTANGIBLES); ALL OIL, GAS AND OTHER MINERALS BEFORE EXTRACTION; ALL OIL, GAS, OTHER MINERALS AND ACCOUNTS CONSTITUTING AS-EXTRACTED COLLATERAL; ALL FIXTURES; ALL TIMBER TO BE CUT; ALL ATTACHMENTS, ACCESSIONS, ACCESSORIES, FITTINGS, INCREASES, TOOLS, PARTS, REPAIRS, SUPPLIES, AND COMMINGLED GOODS RELATING TO THE FOREGOING PROPERTY, AND ALL ADDITIONS, REPLACEMENTS OF AND SUBSTITUTIONS FOR ALL OR ANY PART OF THE FOREGOING PROPERTY; ALL INSURANCE REFUNDS RELATING TO THE FOREGOING PROPERTY; ALL GOOD WILL RELATING TO THE FOREGOING PROPERTY; ALL RECORDS AND DATA AND EMBEDDED SOFTWARE RELATING TO THE FOREGOING PROPERTY, AND ALL EQUIPMENT, INVENTORY AND SOFTWARE TO UTILIZE, CREATE, MAINTAIN AND PROCESS ANY SUCH RECORDS AND DATA ON ELECTRONIC MEDIA; AND ALL SUPPORTING OBLIGATIONS RELATING TO THE FOREGOING PROPERTY; ALL WHETHER NOW EXISTING OR HEREAFTER ARISING, WHETHER NOW OWNED OR HEREAFTER ACQUIRED OR WHETHER NOW OR HEREAFTER SUBJECT TO ANY RIGHTS IN THE FOREGOING PROPERTY; AND ALL PRODUCTS AND PROCEEDS (INCLUDING BUT NOT LIMITED TO ALL INSURANCE PAYMENTS) OF OR RELATING TO THE FOREGOING PROPERTY. UCC FILING #038-2021-013728 FILED IN COWETA COUNTY GA CLERK OF SUPERIOR COURT.**

**CROSS-DEFAULTED WITH LOAN #** ▮▮▮▮**0771**

**CROSS-COLLATERALIZED WITH LOAN #** ▮▮▮▮**0771**

.

**ARBITRATION.** Borrower and Lender agree that all disputes, claims and controversies between them whether individual, joint, or class in nature, arising from this Note or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the financial services rules of J.A.M.S. or its successor in effect at the time the claim is filed, upon request of either party. No act to take or dispose of any collateral securing this Note shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any collateral securing this Note, including any claim to rescind, reform, or otherwise modify any agreement relating to the collateral securing this Note, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Judgment upon any award rendered by any arbitrator may be entered in any court having jurisdiction. Nothing in this Note shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.

**LIMITATION OF REMEDIES.** Lender and Borrower agree that neither party shall have a remedy of punitive or exemplary damages against the other in any dispute and hereby waive any right or claim to punitive or exemplary damages we have now or which may arise in the future in connection with any Dispute whether the Dispute is resolved by arbitration or judicially. Further, Lender and Borrower agree to limit damages to actual compensatory damages flowing directly from the claimed breach, specifically excluding damages for lost profits, wages and/or income.

**PLACE, TIME AND COST OF ARBITRATION.** If either Borrower or Lender demands arbitration, such arbitration proceedings shall be held by a single arbitrator, as soon as practicable, but in any event within sixty (60) days after the demand for arbitration is made, in FULTON County, Georgia. Notwithstanding anything to the contrary elsewhere in this Agreement, all of the expenses charged by the arbitrator or arbitration service shall be borne exclusively by the Lender, and no such expenses shall be the responsibility of the Borrower.

Arbitration provisions of this Agreement do not apply if, on the date Borrower signs the Agreement, Borrower is covered by the federal Military Lending Act as a member of the Armed Forces or is a dependent of such a member.

**RECEIPT OF PAYMENTS.** All payments must be made by cash, check, automatic account debit, electronic funds transfer, money order, or other instrument in U.S. dollars and must be received by us at the remittance address shown on your billing statement or coupon book. Payments received at that address prior to 5:00 PM Eastern Time on any business day will be credited to your loan as of the date received. A business day is defined as Monday through Friday, excluding federal holidays. If we receive payments at other locations, such payments will be credited promptly, but such crediting may be delayed for up to five (5) days after receipt.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: UNITED COMMUNITY BANK LOAN OPERATIONS CENTER PO BOX 249 BLAIRSVILLE, GA 30514.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties waive any right to require Lender to take action against any other party who signs this Note as provided in O.C.G.A. Section 10-7-24 and agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**PROMISSORY NOTE**
**(Continued)**

Loan No: ▓▓▓▓7388                                                                                Page 3

THIS NOTE IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS NOTE IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

BORROWER:

AVENTIS SYSTEMS, INC.

By: _____ 4/25/2022 (Seal)
     HESAM  LAMEI,  OWNER  of  AVENTIS  SYSTEMS,
     INC.

LaserPro, Ver. 21.4.0.034  Copr. Finastra USA Corporation 1997, 2022.  All Rights Reserved.   - GA  L:\DH\CFI\LPL\D20.FC  TR-242281  PR-2