IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ALPHA AMADOU DIALLO,**<br>**Plaintiff**<br><br>v.<br><br>**DTG OPERATIONS, INC.,**<br>**Defendant.** | )<br>)<br>)<br>)  Civil Action File No:<br>)<br>)  _____<br>)<br>) |

## COMPLAINT FOR OVERTIME PAY AND JURY DEMAND

Plaintiff Alpha Amadou Diallo ("Plaintiff" or "Diallo"), by and through his attorney of record, Clifford M. Weiss of Fox and Weiss, P.A., bring this action against DTG Operations, Inc. ("Defendant" or "DTG") for failing to pay overtime as required by the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") as follows:

### Jurisdiction and Venue

1.

This is an action for unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

2.

This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and

28 U.S.C. §1337.

3.

Venue in this case is proper pursuant to 28 U.S.C. §§1391(b) and (c).

## PARTIES

### Plaintiff Alpha Amadou Diallo

4.

Plaintiff Diallo is a Georgia citizen who resides at 3778 Landau Ln., Atlanta, GA 30331, and worked for the Defendant from on or about mid-August of 2020 until on or about mid-September of 2023 at the Defendant's rental car operation located in the Hartsfield Jackson International Airport.

5.

Plaintiff Diallo worked as a "Manager" for Defendant DTG, which required him to work often work by himself, performing all functions and job duties for the entire location, for shifts that lasted in excess of eight (8) hours per day, and sometimes lasted as much as sixteen (16) hours per day. Plaintiff Diallo worked a substantial amount of overtime hours, but he was always paid a straight salary without overtime.

6.

Although Plaintiff Diallo handled some minor managerial duties from time to time, the vast majority of the job duties that he performed were non-executive

and non-administrative jobs.

7.

Plaintiff Diallo is a covered employee under the FLSA.

**Defendant DTG Operations, Inc.**

8.

Defendant DTG Operations, Inc. is an Oklahoma corporation, with its principal office located at 8501 Williams Rd., Estero, FL 33928, and which is licensed and registered to conduct business in the State of Georgia with its Registered Agent being CT Corporation System at 289 S. Culver St., Lawrenceville, GA 30046. DTG Operations, Inc. is a wholly owned subsidiary of the Hertz Corporation and was at all relevant times operating the rental car agency at Hartsfield Jackson International Airport where Plaintiff Diallo was employed as a "Manager."

9.

Defendant DTG controlled the terms and conditions of Plaintiff Diallo's pay and employment and knew that Plaintiff Diallo worked substantial hours of overtime for which he was not paid.

10.

Defendant DTG knew that Plaintiff Diallo worked overtime hours and performed mostly manual labor duties, because Defendant DTG often scheduled

only Plaintiff Diallo to work for more than an eight (8) hour shift by himself, and that would require him to perform all general job duties, not just the very few administrative or executive job duties that would be required on rare occasion, but all forms of labor, including driving, cleaning, stocking, servicing, etc.

11.

At all relevant times, Defendant DTG's annual gross volume of sales or business done was not less than $500,000.00, and Defendant DTG also engages in interstate commerce as some of its rental vehicles cross state lines and are rented at different locations across state lines.

12.

Defendant DTG is a covered employer under the FLSA.

## **FACTUAL ALLEGATIONS**

13.

Plaintiff Diallo brings this Complaint and legal claims against Defendant DTG pursuant to the FLSA, 29 U.S.C. §216.

14.

The claims being made are all for work that has been performed by Plaintiff Diallo for Defendant DTG within the last three (3) years form the date of the filing of this Complaint ("Relevant Period" or "Relevant Times").

15.

All of the work performed by Plaintiff Diallo was assigned by Defendant DTG, and Defendant DTG has been aware of all of the work that Plaintiff Diallo performed.

16.

At all Relevant Times, as part of Defendant DTG's regular business plan and practice, Defendant DTG intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the overtime requirements of the FLSA with respect to Plaintiff Diallo, including, but not limited to:

a. Willfully failing to pay Plaintiff Diallo overtime wages for hours that he worked in excess of forty (40) hours per workweek;

b. Willfully misclassifying Plaintiff Diallo as an exempt employee, not protected by the overtime requirements of the FLSA; and

c. Willfully failing to record all of the time that Plaintiff Diallo worked for the benefit of Defendant DTG.

17.

Defendant DTG knew, or should have known, that the FLSA required it to pay employees performing non-exempt duties, like Plaintiff Diallo, an overtime premium pay for all hours worked in excess of forty (40) per workweek.

18.

Based upon prior lawsuits against Hertz Corporation, of which Defendant is a wholly owned subsidiary with the same principal office location as Hertz Corporation, Defendant DTG was on notice that misclassifying positions, which required mostly manual labor and general, mundane job duties, as if they were exempt "managerial" positions violated the FLSA.

19.

Throughout the Relevant Period, Plaintiff routinely and consistently worked excessive overtime hours per workweek.

20.

Plaintiff Diallo's primary, principal, main, major or most important duty was not actual management, and Plaintiff Diallo did not direct the work of two (2) or more full-time employees or the equivalent, and thus, Plaintiff Diallo did not satisfy the executive exemption under the FLSA.

21.

Plaintiff Diallo's primary, principal, main, major or most important duty was not performing office or non-manual work, and thus Plaintiff Diallo did not qualify for the administrative exemption under the FLSA.

22.

Plaintiff Diallo's primary, principal, main, major or most important job duties were checking cars in and out, mundane customer service, answering customer questions, cleaning cars, moving cars, adding gasoline to the cars, cleaning the customer service areas.

23.

Plaintiff Diallo did not exercise a meaningful degree of independent discretion with respect to the exercise of his job duties, because almost all duties required at a rental car location had specific policies, practices, and procedures associated with them, and those detailed policies, practices, and procedures could not be altered, ignored, or deviated from by employees, including Plaintiff Diallo, because DTG demanded a high degree of uniformity among all of its rental car locations.

24.

During the Relevant Period, regardless of how many hours per week Plaintiff Diallo was scheduled to work, and when known to be the only employee working at that location who would be required to perform all job duties as they arise, Defendant DTG paid Plaintiff Diallo the same weekly salary based upon a forty (40) hour workweek with no overtime premium pay.

## CLAIMS FOR VIOLATIONS OF SECTION 207A OF THE FLSA: FAILURE TO PAY OVERTIME PREMIUMS

25.

Plaintiff Diallo realleges and incorporates by reference all allegations detailed in the preceding paragraphs, and based upon those allegations detailed herein above makes the claims for failure to pay overtime premiums.

26.

At all Relevant Times, Plaintiff Diallo was engaged in interstate commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

27.

At all Relevant Times, Defendant DTG was engaged in interstate commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

28.

The overtime wage provisions of §§ 201 *et seq.* of the FLSA apply to Defendant DTG.

29.

At all Relevant Times, Plaintiff Diallo was an employee of Defendant DTG within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

30.

At all Relevant Times, Defendant DTG failed to pay Plaintiff Diallo the overtime wages to which he was entitled under the FLSA.

31.

Defendant DTG's violations of the FLSA, as described in the allegations herein above, have been willful and intentional, as Defendant DTG knew or should have known that if there was only one employee working an entire shift or longer, that one employee would have to spend the vast majority of the time on non-executive and non-administrative job duties.

32.

Defendant DTG's violations of the FLSA, as described in the allegations herein above, have been willful and intentional, because Defendant DTG knew or should have known from previous litigation that simply giving the title of "manager" to an employee does not magically make that employee exempt from the overtime pay requirements of the FLSA.

33.

Defendant DTG's violations of the FLSA, as described in the allegations herein above, have been willful and intentional, as Defendant DTG failed and refused to make a good faith effort to comply with the requirements of the FLSA in regard to overtime premium pay.

34.

Defendant DTG's violations of the FLSA, as described in the allegations herein above, have been willful and intentional, as Defendant DTG knew or should have known from previous lawsuits against Hertz Corporation that overtime premium payments would be due to Plaintiff Diallo under the facts alleged herein above.

35.

Because Defendant DTG's violations of the FLSA are willful, the three (3) year statute of limitations applies to this case pursuant to 29 U.S.C. § 255.

36.

As a result of Defendant DTG's violations of the FLSA and failure to properly pay overtime, Plaintiff Diallo has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

37.

As a result of Defendant DTG's unlawful conduct complained of and detailed herein above, Plaintiff Diallo has been deprived of overtime compensation and other wages in amounts to be determined at trial, and Plaintiff Diallo is entitled to the recovery of such amounts, as well as liquidated damages, prejudgment interest, attorney's fees, costs of litigation, and/or any and all other compensation allowed pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Unpaid overtime pay, plus an additional and equal amount as liquidated damages pursuant to the FLSA and supporting U.S. Department of Labor Regulations;

B. Pre-judgment and/or post-judgment interest as provided by law;

C. Attorney's fees and costs of litigation; and

D. Such other and further legal and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff Diallo hereby demands a trial by jury on all issues so triable.

Respectfully submitted, this 11th day of December, 2023.

/s/ Clifford M. Weiss
Clifford M. Weiss
GA Bar No. 746473
Attorney for Plaintiff

Fox & Weiss, P.A.
3400 Peachtree Rd., Ste.1800
Atlanta, GA 30326
770-317-1767
cmweiss@foxweiss.com