IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBYN GARDNER and CRYSTAL WALLER, <br><br> Plaintiffs, <br><br> v. <br><br> TYSON FOODS INC., <br> Defendant. | Case No. <br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000E, *ET SEQ.***

Plaintiffs, Robyn Gardner and Crystal Waller, by and through their attorneys, Aaron B. Maduff (pro hac vice motion pending) and Matthew C. Billips, of Barrett & Farahany, complains against Tyson Foods Inc., as follows:

**Introduction**

1. Robyn Gardner was a forklift driver. Defendant brought two supervisors from its Mississippi plant to its Plaintiffs' plant who, on information and belief, had a known past history of sexual harassment. Gardner was assigned to one of those supervisors. That supervisor sexually harassed her including *inter alia*, making comments to her about her body and the things he would like to do to her

1

including having sex with her.  Gardner reported the harassment to her floor lead, Crystal Waller.

2.  Waller was a floor lead in October 2022.  She sought a supervisor position, but those positions went to less qualified white males.

3.  In early 2023, Waller witnessed the supervisor's harassment of Gardn's harassment and tried to prevent it. When Gardner formally reported to Waller that she was being sexually harassed, Waller insisted that she make a formal complaint.

4.  Gardner made her formal complaint to the supervisor on duty who promptly communicated that complaint indirectly to the harasser.  In response to the complaint the harassment intensified.  Gardner made further complaints to Human Resources on site.

5.  The matter was referred to Corporate Human Resources who then spoke to both Gardner and Waller.  Waller confirmed Gardner's complaints, both from what she had seen and from what Gardner had relayed to her.  Corporate HR dismissed the complaints.  Thereafter, the harasser told people not to take either woman seriously and that they would soon be fired.  Both women were terminated.

## **Parties**

6.      Plaintiff, Robyn Gardner (hereinafter "Gardner") is a female individual and a citizen of the United States and of the State of Georgia residing within the territorial jurisdiction of the United States District Court for the Northern District of Georgia.  At all relevant times, Gardner was an employee within the meaning of 42 U.S.C. §2000e (f).

7.      Plaintiff, Crystal Waller (hereinafter "Waller") is a female individual and a citizen of the United States and of the State of Georgia residing within the territorial jurisdiction of the United States District Court for the Northern District of Georgia.  At all relevant times, Waller as an employee within the meaning of 42 U.S.C. §2000e (f).

8.      Defendant, Tyson Foods, Inc., (hereinafter "defendant" or "Tyson") is on information and belief, a corporation licensed and doing business in the State of Georgia and within the territorial jurisdiction of the United States District Court for the Northern District of Georgia.  At all times relevant hereto, Defendant was an employer within the meaning of 42 U.S.C. §2000e (b).

**Jurisdiction**

9. Plaintiff, Crystal Waller, filed a charge with the United States Equal Employment Opportunity Commission, Charge No. 410-2023-06038 on April 12, 2023 alleging race and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The EEOC issued a Notice of Right to Sue on that Charge on September 29, 2023. This Complaint is timely filed within 90 days of that Notice.

10. Plaintiff, Robyn Gardner, filed a charge with the United States Equal Employment Opportunity Commission, Charge No. 410-2023-09939 on July 24, 2023 alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The EEOC issued a Notice of Right to Sue on that Charge on November 17, 2023. This Complaint is timely filed within 90 days of that Notice.

11. This court has original jurisdiction of this civil action pursuant to 28 U.S.C.§ 1331 in that the claims of this Complaint arise under Title VII of the Civil Rights Act of 1963, 42 U.S.C. §2000e, *et seq.*

## Venue

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because at all relevant times, Defendant regularly conducted business in this District and a significant portion of the acts giving rise to this complaint occurred in this District.

## Facts

Robyn Gardner Background

13. Robyn Gardner was hired as a forklift driver in June of 2022.

14. Prior to her complaint of sexual harassment described herein, her performance was always satisfactory, and she had had no discipline.

Enrique Flores Background

15. In September of 2022, Defendant transferred a supervisor, Mr. Enrique Flores, from a plant in Mississippi to her floor.

16. On information and belief, one or more sexual harassment complaints had been made against Flores while in Mississippi before he became a supervisor in Plaintiffs' plant.

17. On information and belief, Flores, who was married, fathered a child on an employee at the Mississippi plant.

18. On information and belief, this employee was a subordinate of Flores at the time.

Flores' Harassment of Gardner

19. In January of 2023, Flores began sexually harassing Plaintiff Gardner including *inter alia*, making comments to her indicating that he wanted to have sex with her, explaining the things he would like to do to her and complaining that she was refusing his advances.

20. He followed her to the bathroom and waited outside of it so that he could further harass her.

21. At one point, he grabbed his penis and began making gestures to her indicating his desire to have sex with her and made further comments about her body size and shape and that he wanted to take her home and have sex with her.

22. His following Ms. Gardner around the plant made her very uncomfortable and fearful.

Crystal Waller Background and Discriminatory Failure to Promote

23. Waller was hired as a forklift operator in 2017 and was promoted to floor lead in October 2022.

24. At that point, Gardner became a direct report to Waller.

25. Supervisor positions were becoming available and other supervisors and even the plant manager told Waller that she was better qualified than some of

the supervisors that they already had and that she should apply for a supervisor position.

26. Waller did so, but those positions went to less qualified white men.

Gardner's Complaints of Sexual Harassment

27. In early 2023, Waller witnessed Flores' harassment of Gardner.

28. Waller witnessed Flores talking to Gardner on several occasions which seemed out of place, and eventually noticed that he was following Gardner to the bathroom and seating himself at a table until she came out where he would further talk to her.

29. Waller made an effort to separate the two and interpose herself between them to stop the harassment.

30. One evening, Gardner came to Waller in tears to complain of the sexual harassment.

31. Because it was evening, there were no HR people in the plant.

32. Waller therefore took Gardner to the supervisor's office to make a formal complaint.

33. At the supervisor's office, Waller and Gardner were met by Supervisor Brent Higgins.

34. Higgins took Gardner into a conference room and told her to write down a formal complaint.

35. Shortly thereafter a break period began, and Waller and Gardner went to the breakroom together.

36. Higgins found them in the breakroom and told them that he had informed another supervisor, Scottie Lawrence, that a complaint had been made against Flores.

37. On information and belief, Lawrence had worked for the company in Mississippi with Flores.

38. On information and belief, Lawrence had also been accused of sexual harassment when in Mississippi.

39. Later that evening, Waller spoke to Lawrence.

40. Lawrence told Waller that he had spoken to Flores and that Gardner was blowing the situation out of proportion and they were just going to let it go.

<u>Local HR Fails to Address the Complaint and Gardner Files it with Corporate HR</u>

41. In the following days, Flores' harassment of Gardner continued, and Gardner went directly to HR herself to complain again and to get a copy of her statement.

42. HR told her that she could not have a copy of the statement.

43. HR also told her that there was nothing that they could do about the situation.

44. Waller then had Gardner call corporate HR.

45. Corporate HR interviewed Gardner and Waller by telephone.

46. Flores then intensified his harassment of Gardner and retaliated against her, threatening her and making her feel unsafe.

47. He increased the frequency of following her to the bathroom.

48. Gardner started to use a different restroom to avoid him.

49. Gardner made further complaints to Human Resources.

50. Corporate HR eventually told Gardner that there was not enough evidence to support her complaint and it had been closed.

Retaliatory Termination

51. Thereafter, Flores began telling people not to talk to Gardner because she would be fired soon.

52. This made matters difficult for Gardner at work.

53. Flores also made false accusations against Waller, and she was thereafter terminated.

54. Meanwhile, Gardner noticed that she was accumulating absence points and that those points were inaccurately tracked.

55. Gardner complained to HR.

56. Rather than fix the points, HR terminated Gardner.

57. Prior to Gardner's complaint of sexual harassment and Waller's support of her complaint, Waller had no history of discipline, and her performance was satisfactory.

## COUNT I
## (CRYSTAL WALLER -- DISCRIMINATION)

## DEMAND FOR RELIEF FOR VIOLATIONS OF THE TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. §2000E *ET SEQ.*

58. Plaintiff, Crystal Waller, restates and realleges paragraphs 1 through 57 as paragraph 58 of this Count I.

59. By virtue of the foregoing, Defendant discriminated against Plaintiff on the basis of her race and/or gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

60. As a result of that discrimination, Plaintiff suffered damages of a pecuniary and non-pecuniary nature.

61. By virtue of the foregoing, Defendant's violations were willful and malicious warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, Crystal Waller, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant for her back pay, front pay, compensatory and punitive damages, and such other and further relief as this Court deems just.

## COUNT II
## (CRYSTAL WALLER – RETALIATION)

### DEMAND FOR RELIEF FOR VIOLATIONS OF THE TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. §2000E *ET SEQ.*

62. Plaintiff, Crystal Waller, restates and realleges paragraphs 1 through 57 as paragraph 62 of this Count II.

63. By virtue of the foregoing, Defendant retaliated against Plaintiff for reporting discrimination and/or harassment (of Gardner) and/or otherwise supporting Gardner's efforts to complain of sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

64. As a result of that retaliation, Plaintiff suffered damages of a pecuniary and non-pecuniary nature.

65. By virtue of the foregoing, Defendant's violations were willful and malicious warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, Crystal Waller, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant for her back pay, front pay, compensatory and punitive damages, and such other and further relief as this Court deems just.

## COUNT III
## (ROBYN GARDNER – SEXUAL HARASSMENT)

## DEMAND FOR RELIEF FOR VIOLATIONS OF THE TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000E *ET SEQ.*

66. Plaintiff, Robyn Garder restates and realleges paragraphs 1 through 57 as paragraph 66 of this Count III.

67. By virtue of the foregoing, Defendant discriminated against Plaintiff on the basis of her gender (sexual harassment) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

68. As a result of that discrimination, Plaintiff suffered damages of a pecuniary and non-pecuniary nature.

69. By virtue of the foregoing, Defendant's violations were willful and malicious warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, Robyn Gardner, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant for her back

pay, front pay, compensatory and punitive damages, and such other and further relief as this Court deems just.

PLAINTIFFS DEMAND A TRIAL BY JURY

Respectfully submitted,
Robyn Gardner and Crystal Waller

By: s/ *Matthew C. Billips*
One of their Attorneys

| | |
|---|---|
| Matthew C. Billips | Aaron B. Maduff |
| Atty. No. 057110 | IL Atty. No. 6226932 |
| Barrett & Farahany | Barrett & Farahany |
| P.O. Box 530092 | 77 W Wacker Dr. |
| Atlanta, Georgia 30353 | Suite 4500 |
| (404) 214-0120 | Chicago, IL 60601 |
| matt@justiceatwork.com | (Pro Hac Vice) |
| | (312) 800-8581 |
| | Aaron@justiceatwork.com |