IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MONCRIEF HART, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| INNOVATIVE CONCESSIONS ENTERPRISE, LLC, | |
| Defendant. | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Moncrief Hart ("Plaintiff" or "Mr. Hart"), by and through undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981") and Retaliation. As a result, and for the violation of Plaintiff's rights to be free from racial discrimination and to recover front pay, back pay, reinstatement, lost benefits,

1

compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs, and any other relief to which Plaintiff is entitled, including but not limited to, equitable relief.

## ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his Charge of Discrimination against Innovative Concessions Enterprise, LLC.

3.

The EEOC issued its Notice of Right to Sue on September 22, 2023.

4.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

5.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b).

6.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## **PARTIES**

7.

Plaintiff is an African American male.

8.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

9.

Defendant is a Domestic Limited Liability company qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Jared Downs, at 1720 Cumberland Point Parkway, Suite 17, Marietta, Georgia 30067.

11.

Defendant is now and, at all times relevant hereto, has been a domestic limited liability company.

12.

Defendant is engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

## FACTUAL ALLEGATIONS

13.

Plaintiff began working for Defendant on or around sometime in April 2021, as a warehouse employee.

14.

Plaintiff worked with the company for one and a half (1 ½) years without any problems or performance issues with the company.

15.

During Plaintiff's time at the company, he was one of many African American employees.

16.

Joseph Ellison was Plaintiff's manager.

17.

Mr. Ellis was a middle-aged Caucasian male.

18.

During Mr. Hart's time working with the company his manager Joseph Ellison would refer to the African American employees as "ghetto" including Plaintiff.

19.

On or around sometime in June 2021, Plaintiff filed a complaint for racial discriminatory treatment and harassment against Mr. Ellison with Defendant's management department.

20.

Defendant sent Keith (last name unknown) to the job site Mr. Hart was working at to discuss the racial comments being made by Mr. Ellison.

21.

During Keith's visit instead of investigating the racial discrimination claims he attempted to intimidate Plaintiff by saying "I guess you and Joe can't work together so we may have to let you go"

22.

The racial discrimination comments by Mr. Ellison increased after the visit with Keith.

23.

Plaintiff's complaint was ignored, and he was still being targeted by Mr. Ellison.

24.

Mr. Ellison began to verbally abuse Plaintiff in front of his peers and customers.

25.

Mr. Ellison began to retaliate against Plaintiff by increasing his workload and requesting he do jobs outside of his job duties.

26.

On or about June 3, 2022, Plaintiff advised Mr. Ellison of damage that was done to the steering wheel of a company vehicle and Mr. Ellison replied, "yeah he tore it up with that Haitian grip".

27.

Plaintiff requested a contact number and email for Human Resources in order to file another complaint of racial discrimination and harassment, but he was ignored.

28.

On or about September 7, 2022, Plaintiff emailed Defendant's management department which included Jeff Sapp, Rudy Cook and Jared Downs regarding the ongoing racial discriminatory treatment and harassment he'd been facing, and Plaintiff included factual details of what had been taken place in the past year.

29.

Defendants' management department (Jeff Sapp, Rudy Cook and Jared Downs) advised Plaintiff that they were aware of the racial discrimination, harassment, retaliation Mr. Ellison exuded to employees and how it was an ongoing situation for the pass 2 ½ years.

30.

On or about October 5, 2022, Plaintiff sent a text message to Jeff Sapp for an update on his complaint of racial discrimination and harassment against Mr. Ellison and he advised Mr. Sapp that the situation was only becoming worse and intense.

31.

On or about October 6, 2022, Plaintiff sent an additional text message asking Mr. Sapp to reprimand Mr. Ellison for his racial comments and behavior. Plaintiff also expressed how he felt he was being retaliated against for making a complaint.

32.

The Plaintiff was terminated on or about November 15, 2022, for his complaints of racial discrimination and harassment.

33.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

34.

Others outside of Mr. Hart's protected class were treated differently.

35.

Plaintiff worked for Defendant for approximately 1 ½ years and was never written up nor did he have any disciplinary actions while employed with Defendant.

36.

Defendant knew that Mr. Ellison was racist and was discriminating against the Plaintiff but did nothing.

**CLAIMS FOR RELIEF**

**COUNT I - RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

37.

Plaintiff re-alleges and adopts the allegations of paragraphs 1-36 above as if fully set forth herein and further states.

38.

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of his race.

39.

Defendant violated Plaintiff's rights under Title VII by subjecting him to a hostile environment because of his race, which materially affected the terms and conditions of Plaintiff's employment.

40.

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's race, in violation of Title VII.

41.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected race class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

42.

Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

43.

As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer from loss of employment, loss of income, loss of other employment benefits, has suffered and continues to suffer from mental anguish, distress, humiliation, and loss of enjoyment of life.

44.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

45.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

46.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

## COUNT II – RETALIATION UNDER TITLE VII

47.

Plaintiff re-alleges and adopts the allegations of paragraphs 1-46 above as if fully set forth herein and further states:

48.

Plaintiff is a member of a protected class, i.e. he is an African American and black in color.

49.

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of race.

50.

Plaintiff suffered an adverse action.

51.

Defendant engaged in unlawful employment practices prohibited by Title VII

by retaliating against Plaintiff as set forth above.

52.

Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

53.

Plaintiff engaged in protected conduct when he complained about race-based discrimination and harassment.

54.

There was a causal connection between the protected conduct and the adverse action.

55.

Plaintiff's complaints of and opposition to discriminatory conduct constitute protected activity under Title VII.

56.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

57.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

58.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

59.

The above-described discrimination and retaliation were committed by Defendant with a reckless disregard for Plaintiff's rights under federal law.

60.

As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer from loss of employment, loss of income, loss of other employment benefits, has suffered and continues to suffer from mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III- DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

61.

Plaintiff re-alleges and adopts the allegations of paragraphs 1-60 above as if fully set forth herein and further states:

62.

Plaintiff is an African American individual and therefore a member of a protected class as set forth in and pursuant to 42 U.S.C. § 1981.

63.

At all times material to this proceeding, Plaintiff was an employee of the Defendant.

64.

At all times material, Defendant through their agents, representatives, and employees who were acting in the course and scope of their employment, was an employer within the meaning of Section 1981.

65.

Defendant deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by discriminating against Plaintiff with respect to the benefits, rights, privileges, terms, and conditions of his employment.

66.

Defendant discriminated against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing, and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

67.

Defendant has never, on any other occasions, acted in a similar manner with white former or current employees who have entered such or similar employment-related contract(s), agreements, or relationships with the Defendant.

68.

Pursuant to 42 U.S.C. § 1981(a), "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

69.

Pursuant to 42 U.S.C. § 1981(b), "[f]or purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

70.

Defendant violated Plaintiff's civil rights under 42 U.S.C. § 1981 by discriminating against Plaintiff in the making and enforcement of her employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between Plaintiff and the Defendants.

**COUNT VI- RETALIATION IN VIOLATION OF 42 U.S.C. §1981**

71.

Plaintiff re-alleges and adopts the allegations of paragraphs 1-70 above as if fully set forth herein and further states:

72.

Plaintiff is an African American individual and therefore a member of a protected class as set forth in and pursuant to 42 U.S.C. § 1981.

73.

At all times materially relevant, Plaintiff was an employee of the Defendant.

74.

At all times materially relevant, Defendant, through their agents, representatives, and employees who were acting in the course and scope of their employment, were employers within the meaning of Section 1981.

75.

Defendant deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by discriminating and retaliating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment by discriminating and retaliating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

76.

Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements or relationships with the Defendant.

77.

To this end, Plaintiff engaged in protected activity by complaining of disparate treatment.

78.

Plaintiff suffered an adverse action.

79.

Pursuant to 42 U.S.C. §1981(a), "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

80.

Pursuant to 42 U.S.C. §1981 (b), "[f]or purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

81.

Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating and retaliating against Plaintiff in the making and enforcement of his employment contract and employment relationship, including the performance and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and Defendant.

**WHEREFORE**, Plaintiff judgment as follows:

(a) Compensatory damages for emotional pain and suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Back pay and benefits;

(d) Interest on backpay and benefits;

(e) Front pay and benefits;

(f) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(g) Reasonable attorney's fees and expenses of litigation;

(h) Trial by jury as to all issues;

(i) Prejudgment interest at the rate allowed by law;

(j) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(k) All other relief to which he may be entitled.

Respectfully submitted the 15th day of December 2023.

        Respectfully submitted,

        **THE LEACH FIRM, P.A.**

        ***/s/ Anthony J. Hall***
        Anthony J. Hall, Esq. – LEAD COUNSEL
        FL Bar No. 40924
        **THE LEACH FIRM**, **P.A.**
        1560 N. Orange Ave., Ste. 600
        Winter Park, FL 32789
        Tel: 407-574-4999
        Fax: 321-594-7316
        Email: ahall@theleachfirm.com
        Email: aperez@theleachfirm.com
        ***Counsel for Plaintiff***