# EXHIBIT A
# State Court Pleadings

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-07985-S6**
**10/26/2023 1:03 PM**

TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☐ **Superior** or ☒ **State Court of** __Gwinnett State Court__ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ MM-DD-YYYY | **Case Number** __23-C-07985-S6__ |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| CADET-DANTES, PASCALE | CREDENCE RESOURCE MANAGEMENT LLC |
| Last  First  Middle I.  Suffix  Prefix | Last  First  Middle I.  Suffix  Prefix |
| | EQUIFAX INFORMATION SERVICES LLC |
| Last  First  Middle I.  Suffix  Prefix | Last  First  Middle I.  Suffix  Prefix |
| | EXPERIAN INFORMATION SOLUTIONS INC |
| Last  First  Middle I.  Suffix  Prefix | Last  First  Middle I.  Suffix  Prefix |
| | TRANS UNION LLC |
| Last  First  Middle I.  Suffix  Prefix | Last  First  Middle I.  Suffix  Prefix |

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☒

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Pascale Cadetdantes

                Plaintiff

VS.

Credence Resource Management Llc;
Equifax Information Services LLC;
Experian Information Solutions Inc; Trans Union LLC

                Defendant

Civil Action
Number 23-C-07985-S6

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA
2023 OCT 26 PM 1:29
TIANA P. GARNER, CLERK

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

    Pascale Cadetdantes
    1881 Geyser Terrace
    Lawrenceville, GA 30044

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 26th day of October, 2023

                                      Tiana P. Garner,
                                      Clerk of Superior Court

                      By: _____
                                                Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-07985-S6**
10/26/2023 1:03 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| PASCALE CADET-DANTES | ) | |
| | ) | 23-C-07985-S6 |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| CREDENCE RESOURCE MANAGEMENT LLC | ) | |
| In care of: Corporation Service Company | ) | |
| 2 Sun Court, Suite 400 | ) | |
| Peachtree Corners, GA 30092 | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES LLC | ) | |
| In care of: Corporation Service Company | ) | |
| 2 Sun Court, Suite 400 | ) | |
| Peachtree Corners, GA 30092 | ) | |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC | ) | |
| In care of: C'T Corporation System | ) | |
| 289 S. Culver St | ) | |
| Lawrenceville, GA 30046 | ) | |
| | ) | |
| TRANS UNION, LLC | ) | |
| In care of: Corporation Service Company | ) | |
| 2 Sun Court, Suite 400 | ) | |
| Peachtree Corners, GA 30092 | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Pascale Cadet-Danes, and for her complaint against the named defendants above, and in support thereof, she alleges the following:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1681 ("FDCPA") and Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

1

## JURISDICTION & VENUE

1. **Federal Question Jurisdiction.** This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et al., Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. Therefore, this Court has subject matter jurisdiction over Plaintiff's claims. See 28 U.S.C. § 1331.

2. **Venue.** Plaintiff's injury occurred in Gwinnett County, which is located in the Northern District of Georgia. Therefore, this Court is a proper venue for this case. See 28 U.S.C. § 1391(b)(2).

## PARTIES TO ACTION

3. Mrs. Cadet-Dantes is a natural person and resides in the state of Georgia.

4. Credence Resource Management, LLC ("CRM") is a foreign limited liability company existing under the law of the state of Nebraska that, itself and through its subsidiaries, regularly collects debts due to phone/utility companies, including but not limited to T-Mobile.

5. Equifax Information Services, LLC ("Equifax") is in the business of selling consumer reports to third parties for monetary compensation and is a "consumer reporting agency" or "CRA" as defined in 15 U.S.C. § 1681a(f).

6. Experian Information Solutions, Inc (Experian") is regularly engaged in the business of selling consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties for monetary compensation and is considered a CRA as defined in 15 U.S.C. § 1681a(f).

7. Trans Union, LLC ("TransUnion") is regularly engaged in the business of selling consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties for monetary compensation and is considered a CRA as defined in 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

8. Mrs. Cadet-Dantes had cellular phone service with Sprint.

2

9. In 2021, Sprint merged with T-Mobile and former Sprint customers, including Mrs. Cadet-Dantes, were required to update their phones for computability issues.

10. Mrs. Cadet-Dantes stayed with T-Mobile and updated her phone because T-Mobile promised to provide Mrs. Cadet-Dantes with a discounted military service plan.

11. After providing Mrs. Cadet-Dates with the discounted military service plan, T-Mobile changed the plan and increased the fees.

12. Mrs. Cadet-Dantes terminated her phone service with T-Mobile and obtained new phone service with AT&T Wireless.

13. Mrs. Cadet-Dantes visited a T-Mobile store to pay her final T-Mobile bill.

14. The T-Mobile representative presented Mrs. Cadet-Dantes with the final bill and she paid the entire bill in full.

15. Despite receiving the full payment for the amount due, T-Mobile sent Mrs. Cadet-Dantes another bill that requested her to pay $959 for the phone device.

16. AT&T requested and received Mrs. Cadet-Dantes' cell phone when she obtained cell phone service with AT&T.

17. The national phone carriers, including AT&T and T-Mobile, have an agreement with one another that allows their customers to turn in their phones with the new carrier when a customer is changing phone carriers.

18. T-Mobile received any due compensation for the phone device from AT&T.

19. On July 6, 2023, CRM reported to the CRAs that Mrs. Cadet-Dantes owed $959 to CRM for the T-Mobile bill.

20. CRM and Experian reported the collection twice (duplicates).

21. CRM did not provide Mrs. Cadet-Dantes with written notification of her FDCPA rights until CRM mailed a dunning letter on September 13, 2023.

33. Plaintiff incorporates paragraphs 1 through 32.

34. Defendant CRM violated 15 U.S.C. §§ 1692e(2), 1692e(10) and 1692f by attempting to collect a $959 fee that were not owed.

35. Defendant CRM violated 15 U.S.C. § 1692e(8) by reporting the debt to the CRAs when CRM knows, or should know, that the debt is not legitimate.

36. Defendant CRM violated 15 U.S.C. § 1692g(b) by failing to provide written notification of Plaintiff's rights under the FDCPA within 5 days of CRM's initial communication with Plaintiff.

37. As a result of CRM's foregoing violations, Plaintiff's credit profile has been damaged severely and has prevented or hampered Plaintiff from obtaining credit.

38. Additionally, Plaintiff suffers emotional distress from his inability to correct her credit report and obtain goods and services with his credit.

39. Thus, CRM's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT TWO: VIOLATIONS OF 15 U.S.C. § 1681s-2(b)
(as to defendant CRM)

40. Plaintiff incorporates paragraphs 1 through 32.

41. Defendant CRM received notice of Plaintiff's dispute but did not conduct a thorough, detailed, and careful inquiry of the claims raised in Plaintiff's dispute. Instead of conducting a reasonable investigation, the Defendant simply confirmed that the *disputed* information was being reported consistently to the CRAs and made absolutely *no* inquiry into the accurateness of the information being reported.

42. The Defendant did not review Plaintiff's dispute letter—which was attached to the notice of dispute forwarded by the CRAs—and as a result CRM remained willfully ignorant of the true nature of Plaintiff's dispute.

43. Defendant's foregoing conduct violated 15 U.S.C. § 1681s-2(b)(1) for their conduct constitutes a failure to fully and properly investigate Plaintiff's disputes and failure to review—much less consider—all relevant information provided by the CRAs.

44. Defendant's procedure to simply data match information that it previously reported, or data match the information that it has in its computer file with the information currently be reported to the CRA, instead of conducting a careful inquiry into the substance and merits of a consumers' dispute, is policy employed in deliberate violation of Defendant's obligation under the FCRA to conduct reasonable investigation of credit disputes.

45. As a result of Defendant's violations of 15 U.S.C. § 1681s-2(b)(1), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress.

46. The violations by Defendant were willful, rendering them liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT THREE: VIOLATIONS OF 15 U.S.C. § 1681e(b)
**(as to defendants Equifax, Experian and Trans Union)**

48. Plaintiff incorporates paragraphs 1 through 47.

49. The CRAs violated 15 U.S.C. § 1681e(b) by reporting information furnished from unreliable sources of information without any accuracy checks on the information.

50. If the CRAs had reasonable procedures to prepare maximally accurate reports, then the CRAs would have procedures that would have prevented the inaccurate information from appearing on Plaintiff's credit reports.

51. Defendant Experian violated 15 U.S.C. § 1681e(b) by reporting patently erroneous that would have been prevented by reasonable procedures.

52. If Experian had reasonable procedures to prepare maximally accurate reports, then Experian would have procedures that prevent duplicate accounts from being reported.

53. The CRAs do not implement and/or employ reasonable procedures to report maximum accurate information because the CRAs seeks to save money on their procedures and the savings they enjoy by utilizing unreasonable procedures is significantly more than the costs from the lawsuits they face from the unreasonable procedures.

54. Due to the foregoing violations of the CRAs, the Plaintiff suffered actual damages, including but not limited to: pecuniary expenses, loss of credit opportunity, damages to reputation, frustration, embarrassment, humiliation and other emotional distress.

55. The violations by the CRAs were willful, rendering them liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56. In the alternative, the CRAs were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT FOUR: VIOLATION OF 15 U.S.C. § 1681i(a)
### (as to defendants Experian and Trans Union)

57. Plaintiff incorporates paragraphs 48 through 56.

58. The CRAs violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable investigation of Plaintiff's disputes.

59. The CRAs do not implement and/or employ reasonable procedures to respond to consumer's disputes because they seek to save money on their procedures and the savings they enjoy by utilizing unreasonable procedures is significantly more than the costs from the lawsuits they face from their unreasonable procedures.

60. The violations by the CRAs were willful, rendering the CRAs liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

61. In the alternative, the CRAs were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays:

A. That the Court award actual damages of $100,000;
B. That the Court award maximum statutory damages of $4,000 or more;
C. That the Court award maximum punitive damages for FCRA;
D. That the Court award costs and any reasonable attorneys' fees; and
E. That the Court award prejudgment and post-judgment interest.

Respectfully submitted,

*/s/ Pascale*

Pascale Cadet-Dantes
Pro Se Plaintiff
1881 Geyser Terrace
Lawrenceville, GA 30044
Tel: (404) 604-5014
pcdrd@yahoo.com