# EXHIBIT A

Fulton County Superior Court
***EFILED***LW
Date: 11/15/2023 4:51 PM
Che Alexander, Clerk



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
## 136 PRYOR STREET, ROOM J2 C-103, ATLANTA, GEORGIA 30303
### SUMMONS

| | | |
|---|---|---|
| | ) Case | 2023CV388860 |
| RUSSELL JUNIOR MCCRAY, III | ) No.: | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | |
| BOWLERO ATLANTIC STATION, LLC | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |
| | ) | |

TO THE ABOVE NAMED DEFENDANT(S): c/o R.A. - C T Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylertech.cloud/OfsEfsp/ui/landing (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Christine A. Forsythe
The Forsythe Law Firm, LLC
1050 Crown Pointe Parkway, Suite 500
Atlanta, Georgia 30338

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____11/15/2023_____ day of _____, 20 _____

Honorable Ché Alexander, Clerk of

Superior Court

By _____

Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed. make notation on this sheet if addendum is used

Fulton County Superior Court
***EFILED***LW
Date: 11/15/2023 4:51 PM
Che Alexander, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

RUSSELL JUNIOR MCCRAY, III,                )
                                                                       )
     Plaintiff,                                         )
                                                                       )
v.                                                                    )        Civil Action No.:        2023CV388860
                                                                       )
BOWLERO ATLANTIC STATION, LLC   )        **JURY TRIAL DEMANDED**
                                                                       )
                                                                       )
     Defendant.                                       )

## COMPLAINT FOR DAMAGES

**COMES NOW**, Russell Junior McCray, III (hereinafter "Plaintiff") in the above-styled action, by and through undersigned counsel, and files this COMPLAINT FOR DAMAGES against Bowlero Atlantic Station, LLC (hereinafter "Defendant"), and shows this Court the following:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff is a resident of Fulton County, Georgia and by filing this action submits himself to the jurisdiction of this Court.

2.

Defendant Bowlero Atlantic Station, LLC is a Delaware, Foreign Limited Liability Company, with its principal place of business located at 7313 Bell Creek Road, Mechanicsville, VA, 23111, and is subject to the jurisdiction of this Court because the injury and cause of action originated in Fulton County.

3.

Process may be perfected on the Defendant by serving a copy of the summons and complaint through its registered agent, C T Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046.

4.

Venue is proper in this Court, pursuant to O.C.G.A. § 14-2-510(b)(3) as this is an action in tort, and the cause of action originated at Defendant's place of business, located in Fulton County, Georgia.

5.

Defendant Bowlero Atlantic Station, LLC was properly served in this matter.

## STATEMENT OF FACTS

6.

Plaintiff hereby incorporates paragraphs 1 through 5 as if fully restated herein.

7.

On Sunday, November 21, 2021, Plaintiff attended his birthday celebration at the Defendant's bowling alley in Atlantic Station, located at 261 19th Street, NW, Suite 1150, Atlanta, Georgia 30363.

8.

Plaintiff visited the game section of Defendant's bowling alley with other patrons and his friends there to celebrate his birthday.

9.

Plaintiff and his friends stopped by the area of the "Boxer" game to play the game.

10.

The group, including the Plaintiff, was situated next to the "Tons of Tickets" machine which is next to the "Boxer" game machine.

11.

The goal of the "Boxer" game is to hit the boxing bag as hard as you can to achieve the highest score.

12.

Plaintiff's friends initially took turns hitting the "Boxer" game.

13.

Plaintiff attempted to hit the boxing bag of the "Boxer" game, and through no fault of his own, his hand missed and struck the blue lights on the adjacent "Tons of Tickets" machine.

14.

The impact of hitting the "Tons of Tickets" machine caused severe pain and injury to the Plaintiff and resulted in him fracturing his right hand.

15.

The Plaintiff's hand immediately swelled, and he left Defendant's bowling alley and sought treatment at an urgent care facility, Peachtree Immediate Care.

16.

Approximately one hour after injuring his right hand, Plaintiff was seen by the medical professionals at Peachtree Immediate Care, where he underwent several examinations.

17.

Those examinations revealed right hand deformity, moderate tenderness, skin abnormalities, and several displaced fractures in his right hand.

18.

Plaintiff was prescribed medication and sent home with follow up instructions on how to treat his pain at home and to follow up with additional medical specialists.

19.

On December 2, 2021, Plaintiff presented to Midtown Outpatient Surgery Center for an operation on his hand (Open Reduction Internal Fixation). This surgery was performed by Dr. Hsu, MD.

20.

Plaintiff also sustained injuries to his left shoulder, and on August 16, 2022, Plaintiff presented to Northside Hospital Orthopedic Institute Midtown for a left shoulder arthroscopy performed by Dr. Hsu, MD.

21.

Plaintiff has received medical treatment, medication, surgeries, and several rounds of therapy for his injuries since their onset and will continue seeking treatment in the future.

## **NEGLIGENCE**

22.

Plaintiff hereby incorporates paragraph 1 through 21 as if fully restated herein.

23.

At the time of this incident, Plaintiff was an invitee at the Defendant's property.

24.

As an invitee, Defendant owed the Plaintiff the duty of reasonable care pursuant to O.C.G.A. §51-3-1.

25.

This duty of care required the Defendant to protect guests against injuries caused by dangerous conditions that the Defendant knew or by the exercise of reasonable care should have known pose an unreasonable risk of harm to those invitees.

26.

Defendant's placement of the "Boxer" machine posed a significant risk of harm to users including the Plaintiff.

27.

Defendant had a duty to ensure that all equipment and entertainment attractions at their bowling alley were properly positioned to prevent injuries, and employees and agents are required to conduct routine inspections.

28.

These routine inspections and adjustments would have prevented harm and or injury to the invitees of Defendant and prevented harm to the Plaintiff.

29.

Defendant breached its duty of reasonable care, which contributed to the injuries and damages sustained by Plaintiff.

30.

The Defendant's negligence in breaching its duties owed to Plaintiff was the direct and proximate cause of Plaintiff's injuries and damages.

## **DAMAGES**

31.

Plaintiff hereby incorporates paragraph 1 through 30 as if fully restated herein.

32.

As a direct and proximate cause of this accident caused by Defendant's negligence, Plaintiff has incurred over $300,000.00 in medical expenses and lost wages.

33.

Plaintiff's medical cost continues to increase and the aforementioned $300,000.00 does not include the cost of all outstanding bills and future treatment.

. 34.

It is estimated that future medical costs and expenses will exceed $56,000.00, which brings the total damages to exceed $356,000.00.

## **ATTORNEY'S FEES**

35.

Plaintiff hereby incorporates paragraph 1 through 34 as if fully restated herein.

36.

Prior to filing this lawsuit, Plaintiff attempted to avoid litigation by giving the Defendants ample time to resolve each of the aforementioned issues from the date of injuries to the present.

37.

Plaintiff is entitled to an award of attorney's fees and all expenses of litigation due to Defendants' bad faith, stubborn litigiousness, and causing Plaintiff unnecessary trouble and expenses, prior to the filing of this lawsuit (O.C.G.A. § 13-6-11). Furthermore, Plaintiff is entitled

to all expenses of litigation and attorney's fees pursuant to all other Georgia statutory and common laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that:

(a) Summons and Process issue and that the named Defendant be served with a copy of this Complaint as provided by law and that Defendants be required to appear and answer;

(b) That Plaintiff be awarded general, special, compensatory, incidental, consequential, and all other permissible damages against Defendants, in such an amount as may be shown by the evidence and as may be determined in the enlightened conscience of an impartial jury;

(c) That Defendants be charged with all court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case including interest;

(d) For attorney's fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

(e) That Plaintiff be granted a trial by jury; and,

(f) That Plaintiff be granted such other and further relief as may be shown by the evidence and the law, and as this Court may deem just and appropriate.

## TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully, submitted this 15th day of November, 2023

**THE FORSYTHE LAW FIRM LLC**

*/s/ Christine A. Forsythe*

Christine A. Forsythe
Attorney for Plaintiff

Georgia Bar. No.: 321456

1050 Crown Pointe Parkway
Suite 500
Atlanta, GA 30358
(404) 476-2717
christine@forsythethelawfirm.com

Fulton County Superior Court
***EFILED***LW
Date: 11/15/2023 4:51 PM
Che Alexander, Clerk

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior** or ☐ **State Court of** <u>FULTON</u> **County**

| For Clerk Use Only | |
|---|---|
| Date Filed <u>11/15/2023</u> | Case Number <u>2023CV388860</u> |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

MCCRAY,III    RUSSELL    JUNIOR

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

BOWLERO    ATLANTIC    STATION,    LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** <u>CHRISTINE FORSYTHE</u>    **State Bar Number** <u>321456</u>    **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

<u>                    </u>    <u>                    </u>
**Case Number**    **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

<u>                                   </u>
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

RUSSELL JUNIOR MCCRAY, III,

    Plaintiff,

v.

BOWLERO ATLANTIC STATION, LLC,

    Defendant.

CIVIL ACTION FILE NO.:
2023CV388860

### ANSWER OF DEFENDANT BOWLERO ATLANTIC STATION, LLC

Defendant Bowlero Atlantic Station, LLC (hereinafter "Defendant" or "Bowlero") files its Answer to the Complaint for Damages and shows the Court as follows:

### FIRST DEFENSE

Plaintiff's damages, if any, were not proximately caused by any act, error, or omission by this Defendant as a matter of law.

### SECOND DEFENSE

At all times, Defendant was in the exercise of that degree of care required by law; therefore, Plaintiff may not recover from Defendant.

### THIRD DEFENSE

The alleged injuries or damages claimed were caused, in whole or in part, by the negligence, acts, failures, or other culpable conduct of a third party or a non-party over which Defendant had no control.

## FOURTH DEFENSE

Plaintiff failed to use ordinary care for his own safety, such that Plaintiff's failure was the sole proximate cause of Plaintiff's alleged damages and injuries, thus Plaintiff cannot recover from the Defendant.

## FIFTH DEFENSE

Plaintiff's claims are barred or diminished by comparative or contributory negligence.

## SIXTH DEFENSE

Plaintiff's alleged injuries may have existed, either in whole or in part, prior to the alleged incident and are not connected with an act or omission of the Defendant, such that there can be no recovery by Plaintiff for the injuries that were not proximately caused by Defendant's conduct.

## SEVENTH DEFENSE

The causes of action asserted against Defendant are precluded because the damages, if any, sustained by Plaintiff were solely and proximately caused by superseding causes and/or by independent intervening causes outside the control of Defendant.

## EIGHTH DEFENSE

Defendant denies that it was negligent or that it is liable to Plaintiff. However, in the event Defendant is found liable to Plaintiff, any damages awarded to Plaintiff are subject to apportionment under O.C.G.A. § 51-12-33.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## TENTH DEFENSE

The injuries and damages alleged could not reasonably have been foreseen as the natural, reasonable, and probable result of the original act or omission by Defendant, such that there can

be no recovery.

## ELEVENTH DEFENSE

Plaintiff has an obligation to reduce his damages. To the extent Plaintiff had not done so, Defendant is entitled to a credit or setoff against any amount awarded to Plaintiff in the amount of the damages that could have been reasonably avoided by Plaintiff.

## TWELFTH DEFENSE

Defendant reserves the right to assert additional defenses at any time prior to trial to the extent permitted by Georgia Civil Practice Act.

## THIRTEENTH DEFENSE

Defendant responds to the individually numbered paragraphs of the Complaint for Damages as follows:

### Jurisdiction, Parties And Venue

1.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 1; therefore, those allegations are denied.

2.

Admitted.

3.

Admitted.

4.

Admitted.

5.

Admitted.

## STATEMENT OF FACTS

6.

Defendant hereby incorporates by reference its responses in Paragraphs 1-5 above.

7.

Defendant admits Plaintiff was present at the bowling alley on November 21, 2021, but it is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations; therefore, those allegations are denied.

8.

Defendant admits Plaintiff was present in the gaming section of the bowling alley on the subject date, but it is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations; therefore, those allegations are denied.

9.

Defendant admits Plaintiff and other persons were present near the Boxer game in the bowling alley on the subject date, but it is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations; therefore, those allegations are denied.

10.

Defendant admits the Boxer game was next to the Tons of Tickets game in the bowling alley on the subject date, but it is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations; therefore, those allegations are denied.

11.

Admitted.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 12; therefore, those allegations are deemed denied.

13.

Denied.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 14; therefore, those allegations are deemed denied.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 15; therefore, those allegations are denied.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 16; therefore, those allegations are denied.

17.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 17; therefore, those allegations are denied.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 18; therefore, those allegations are denied.

19.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 19; therefore, those allegations are denied.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 20; therefore, those allegations are denied.

21.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 21; therefore, those allegations are denied.

## **COUNT I – NEGLIGENCE**

22.

Defendant hereby incorporates by reference its responses in Paragraphs 1-21 above.

23.

Defendant admits the Plaintiff was present at the bowling alley on November 21, 2021, but it is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations; therefore, those allegations are denied.

24.

Defendant admits it owed duty to Plaintiff as provided for under applicable law, but it denies any remaining allegations.

25.

Defendant admits it was subject to applicable law concerning guests on its premises, but it denies the remaining allegations to the extent they are contrary to applicable law.

26.

Denied.

27.

Defendant admits it was subject to applicable law concerning guests on its premises, but it denies the remaining allegations to the extent they are contrary to applicable law.

28.

Denied.

29.

Denied.

30.

Denied.

## COUNT II – DAMAGES

31.

Defendant hereby incorporates by reference its responses in Paragraphs 1-30 above.

32.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 32; therefore, those allegations are deemed denied.

33.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 33; therefore, those allegations are deemed denied.

34.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 34; therefore, those allegations are denied.

## COUNT III – ATTORNEY'S FEES

35.

Defendant hereby incorporates by reference its responses in Paragraphs 1-34 above.

36.

Defendant admits the parties had pre-suit discussions about the potential for resolution, but it denies any remaining allegations.

37.

Denied.

38.

Defendant denies each of the allegations and claims for relief contained in the Prayer for Relief paragraph of the Complaint, including subparts (a) – (f).  Further, Defendant denies any allegations within paragraphs 1 through 37 of the Complaint which it did not specifically admit above.

## JURY DEMAND

Defendant Bowlero Atlantic Station, LLC hereby demands a trial by a twelve-person jury on all issues so triable.

Respectfully submitted, this 14th day of December, 2023.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

3348 Peachtree Road, NE
Suite 1400
Atlanta, GA  30326
470-419-6650 (telephone)
470-419-6651 (facsimile)
jason.stewart@wilsonelser.com
kayla.lakes@wilsonelser.com

*/s/ Jason S. Stewart*
Jason S. Stewart
Georgia Bar No. 793252
Kayla A. Lakes
GA Bar No. 144579
*Counsel for Defendant Bowlero Atlantic Station, LLC*

290826273v.1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for all parties who have appeared in this action a copy of the foregoing **ANSWER OF DEFENDANT BOWLERO ATLANTIC STATION, LLC** via statutory electronic service as follows:

Christine A. Forsythe
THE FORSYTHE LAW FIRM LLC
1050 Crown Pointe Parkway
Atlanta, GA 30358
christine@forsythethelawfirm.com
*Counsel for Plaintiff*

This 14th day of December 2023.

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**

*/s/ Jason S. Stewart*
Jason S. Stewart
Georgia Bar No. 793252
*Counsel for Defendant Bowlero Atlantic
Station, LLC*