# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EVANS DELIVERY COMPANY, INC.<br><br>Plaintiff,<br><br>v.<br><br>GFA ALABAMA, INC.,<br><br>Defendant. | CIVIL ACTION NO.: |

## COMPLAINT

Evans Delivery Company, Inc. ("Evans") hereby files this Complaint against defendant GFA Alabama, Inc. ("GFA") and avers as follows:

## PARTIES

1.  Evans is a corporation incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business in Schuylkill Haven, Pennsylvania.

2.  GFA is a corporation incorporated under the laws of the State of Alabama with its principal place of business in Valley, Alabama.

## JURISDICTION AND VENUE

3.  Jurisdiction in this matter is based upon 28 U.S.C. 1332(a) as there is

complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4. This Court has specific jurisdiction over GFA in this matter because GFA conducts business throughout Georgia and has locations, including but not limited to, in Pendergrass, Georgia, Garden City, Georgia, and West Point, Georgia.

5. The acts and omissions giving rise to this action stem from transportation services provided between Savannah, Georgia and McDonough, Georgia and this action derives from GFA's contacts with Georgia.

6. Venue properly lies in this judicial district pursuant to 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district and defendant is subject to the Court's personal jurisdiction with respect to this action.

## PREDICATE FACTS

7. Evans seeks to collect freight charges and related accessorial charges due to it for the interstate motor carrier transportation services it provided for GFA.

8. Evans is a federally licensed interstate motor carrier.

9. Beginning on or about July 2022, GFA engaged Evans to provide transportation services to and from various locations including, but not limited to, Savannah, Georgia and McDonough, Georgia.

10. In exchange for Evans providing transportation services including securing necessary equipment and incurring related costs, GFA agreed to pay Evans for the services Evans rendered and the costs Evans incurred.

11. Upon GFA's request, Evans would travel to the facility where the shipment was located, pick up the shipment and transport it to its destination.

12. After completing delivery, Evans would invoice GFA for the services it rendered and the costs it incurred.

13. On multiple occasions throughout the relevant time period, GFA failed to make payment despite representing that it intended to pay Evans for the services it rendered and the costs it incurred in rendering those services.

14. Despite its demand for payment, Evans has not been paid for the services it rendered to GFA or the costs it incurred in rendering those services.

**COUNT I – Failure to Pay Motor Carrier Freight and Accessorial Charges**

15. Evans incorporates the foregoing above as if set forth fully at length herein.

16. GFA engaged Evans to provide transportation services on behalf of itself and its customers to and from various locations throughout the United States.

17. Under the Evans Delivery Company, Inc. Tariff, the governing terms of transportation and as agreed to by and between the parties, GFA was obligated to

pay the freight charges owed for the services Evans rendered and would accrue late fees for failing to pay the charges in a timely fashion.

18. The freight and accessorial charges GFA owes to Evans for the transportation services Evans rendered exceed $75,000.00.

19. Evans performed its obligations under the governing terms of transportation for the services it rendered on behalf of GFA.

20. Evans has not received payment for the freight and accessorial charges it is owed for the services it rendered to GFA.

21. Despite Evan's demands, GFA has failed to pay the freight and accessorial charges due to Evans for the services Evans rendered.

WHEREFORE, the plaintiff, Evans Delivery Company, Inc., respectfully demands that judgment be entered in its favor and against the defendant, GFA Alabama, Inc. in an amount in excess of $75,000.00 plus other related charges which may accrue, as well as interest, costs, attorneys' fees, expenses, and such other relief as the Court deems just.

## **COUNT II – Breach of Contract (in the Alternative)**

22. Evans incorporates the foregoing above as if set forth fully at length herein.

23. Evans agreed to provide the transportation services to GFA based on GFA's agreement to pay for those services including related accessorial charges.

24. Pursuant the parties' agreement, GFA was required to pay Evans for the services Evans rendered on behalf of GFA and GFA's customers including any freight and/or accessorial charges.

25. Evans performed its obligations pursuant to the parties' agreement and ensured that the shipments were transported from their origin to the required destination according to GFA's request(s).

26. Evans invoiced the freight and accessorial charges for the services Evans rendered to GFA at the agreed-upon rates.

27. In breach of the parties' agreement, GFA failed to pay Evans for the outstanding freight and accessorial charges, and as a result, GFA's obligation to pay Evans has not been met.

28. As a direct and proximate cause of GFA's breach of its obligation to pay Evans for the services Evans rendered, Evans incurred damages in excess of $75,000.00.

29. The outstanding principal balance of the freight and accessorial charges owed to Evans exceeds $75,000.00.

WHEREFORE, the plaintiff, Evans Delivery Company, Inc., respectfully demands that judgment be entered in its favor and against the defendant GFA Alabama, Inc., in an amount in excess of $75,000.00 plus other related charges

which may accrue, as well as interest, costs, attorneys' fees, expenses, and such other relief as the Court deems just.

## **COUNT III – Unjust Enrichment (in the Alternative)**

30. Evans incorporates the foregoing above as if set forth fully at length herein.

31. Evans conferred the benefit of its motor carrier transportation and services to GFA.

32. GFA received Evans's services for the transportation of the shipments GFA requested Evans transport and realized the use and enjoyment of the services as part of its ongoing business and relationship with its customers.

33. Evans reasonably expected to be paid for the services it provided to GFA for the services it rendered.

34. GFA knew or reasonably should have known that Evans expected to be paid for the services it provided GFA.

35. The transportation services rendered by Evans have a reasonable value in excess of $75,000.00.

36. GFA has failed to pay Evans for the reasonable value of the services Evans rendered.

37. As a result, GFA has unjustly received the benefit of the services Evans provided without paying Evans for those benefits.

38. Allowing GFA to retain the benefit of the service Evans provided without paying Evans would be unjust.

WHEREFORE, the plaintiff, Evans Delivery Company, Inc., respectfully demands that judgment be entered in its favor and against the defendant GFA Alabama, Inc., in an amount in excess of $75,000.00 plus other related charges which may accrue, as well as interest, costs, attorneys' fees, expenses, and such other relief as the Court deems just.

### COUNT IV – Promissory Estoppel (in the Alternative)

39. Evans incorporates the foregoing above as if set forth fully at length herein.

40. Evans provided GFA with motor carrier transportation and services.

41. Evans reasonably relied upon the unconditional promises of GFA to Evans' eventual detriment and Evans' reliance was expected by, and foreseeable to GFA.

42. GFA failed to tender the promised compensation due and owing to Evans for the transportation services Evans provided.

43. Evans has suffered damages in excess of $75,000.00 due to its reasonable reliance on the unconditional promises of GFA.

WHEREFORE, the plaintiff, Evans Delivery Company, Inc., respectfully demands that judgment be entered in its favor and against the defendant, GFA

-8-

Alabama, Inc., in an amount in excess of $75,000.00 plus other related charges which may accrue, as well as interest, costs, attorneys' fees, expenses, and such other relief as the Court deems just.

Respectfully submitted this 15th day of December, 2023.

                                        */s/ Sean E. Boyd*
                                        John L. McKinley, Jr.
                                        Georgia Bar No. 495513
                                        Sean E. Boyd
                                        Georgia Bar No. 302874

                                        *Attorneys for Plaintiff Evans Delivery*
                                        *Company, Inc.*

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jmckinley@mfllaw.com
sboyd@mfllaw.com