# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MICHAEL VAUGHAN,

    Plaintiff,

v.

IMPLUS FOOTCARE, LLC,

    Defendant.

Civil Action File No: _____

## **NOTICE OF REMOVAL**

NOTICE IS HEREBY GIVEN that Defendant Implus Footcare, LLC hereby removes this action from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  As grounds for removal, Defendant states as follows:

1.

On November 13, 2023, Plaintiff filed a civil action in the State Court of Gwinnett County, State of Georgia, styled *Michael Vaughan v. Implus Footcare, LLC*, Civil Action File No. 23-C-08417-S1 (Attached as Exhibit A are copies of all pleadings that have been filed with the State Court of Gwinnett County to date.) Defendant is also filing the attached Notice of Filing of the Notice of Removal

with the State Court of Gwinnett County as required by 28 U.S.C. § 1446(d). (See Exhibit B).

2.

Venue in the state court action was based on the location of Defendant Implus Footcare, LLC's registered agent, which is located Gwinnett County, Georgia. (Plaintiffs' Complaint, ¶ 9). Gwinnett County is located within the jurisdiction of the Northern District of Georgia, Atlanta Division.

3.

Defendant Implus Footcare, LLC was served with a copy of Plaintiff's Complaint on November 15, 2023. This *Notice of Removal* is timely filed within the thirty (30) day period as required by 28 U.S.C. § 1446(b).

4.

Plaintiff is a citizen and domiciliary of the state of Georgia. (Plaintiffs' Complaint, ¶ 3).

5.

Implus Footcare, LLC is a foreign LLC with a principal office address in Durham, North Carolina. Its sole member, Implus LLC, is a foreign LLC.

6.

Implus LLC's sole member, IHC Intermediate Holding LLC, is a foreign

LLC.

7.

IHC Intermediate Holding LLC's sole member, IHC Holding Corp., is a Delaware corporation with a principal office address in Durham, North Carolina.

8.

The parties are citizens of different states.  Accordingly, there is complete diversity of citizenship between the parties.  This action is one over which this Court has diversity jurisdiction in accordance with 28 U.S.C. § 1332.

9.

The amount in controversy is also sufficient under 28 U.S.C. § 1332 (a). Plaintiff is seeking damages for "all actual damages, consequential damages, economic damages, non-economic damages, lost wages, lost earning capacity, mental anguish, emotional distress, [and] pain and suffering".  (See Exhibit "A"; Plaintiffs' Complaint, ¶¶ 12, 19, 27 and 35).

10.

To determine whether the jurisdictional threshold of $75,000 is met, the court must assume that Plaintiff will "prevail" on all claims, and then assess whether "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]." *Burns*

*v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994); *see also St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 288 (1937). "It must appear to a **legal certainty** that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (emphasis added); 14A Wright, Miller & Cooper, *Federal Practice and Procedure*, Sec. 3702 at 19. (emphasis added); *Locklear v. State Farm Mut. Auto. Ins. Co.*, 742 F.Supp. 679 (S.D.Ga.1989)

11.

Assuming Plaintiff was to prevail on each of the claims set forth in the Complaint, which Defendant denies, the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.00. (*See* Declaration of Barbara A. Marschalk, attached hereto as Exhibit C).

12.

Therefore, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) Plaintiff and the named Defendant are citizens of different states, and (b) the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.

13.

Defendant reserves all defenses, including those of service, venue, and

personal jurisdiction and will answer or present other defenses within the time permitted by Federal Rule of Civil Procedure 81(c).

14.

WHEREFORE, Defendant prays that this Notice of Removal and petition be filed, that said action be removed to and proceed in this Court, and that there be no further proceedings in said case in the State Court of Gwinnett County.

The undersigned has read this Notice of Removal, and to the best of her knowledge, information and belief, formed after reasonable inquiry, determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

This 15th day of December, 2023.

**DREW ECKL & FARNHAM, LLP**

*s/ Barbara A. Marschalk*
Barbara A. Marschalk
***Georgia Bar No. 324498***

303 Peachtree St., NE, Suite 3500
Atlanta, Georgia 30308
Telephone:  (404) 885-1400
Facsimile:  (404) 876-0992
E-mail:  marschalkb@deflaw.com
***Attorney for Defendant Implus Footcare, LLC***

## CERTIFICATE OF FONT COMPLIANCE

Counsel for Defendant hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 15th day of December, 2023.

                                              **DREW ECKL & FARNHAM, LLP**

                                              *s/ Barbara A. Marschalk*
                                              Barbara A. Marschalk
                                              ***State Bar of Georgia No. 324498***

303 Peachtree St., NE, Suite 3500
Atlanta, Georgia 30308
Telephone:  (404) 885-1400
Facsimile:  (404) 876-0992
E-mail:  marschalkb@deflaw.com
***Attorney for Defendant Implus Footcare, LLC***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MICHAEL VAUGHAN,

    Plaintiff,

v.

IMPLUS FOOTCARE, LLC,

    Defendant.

Civil Action File No: _____

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am counsel for Defendant Implus Footcare, LLC and that I have this day served the foregoing *Notice of Removal* upon all parties to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to the following counsel of record:

> William Maxwell Compton, Esq.
> Harris Yegelwel, Esq.
> Morgan & Morgan
> 200 Stephenson Ave., Suite 200
> Savannah, Georgia 31405

This 15th day of December, 2023.

> */s/ Barbara A. Marschalk*
> Barbara A. Marschalk
> **State Bar of Georgia No. 324498**

- 2 -

303 Peachtree St., NE, Suite 3500
Atlanta, Georgia 30308
Telephone:  (404) 885-1400
Facsimile:  (404) 876-0992
E-mail:  marschalkb@deflaw.com
***Attorney for Defendant Implus Footcare, LLC***

14023731v1
11557-272925