**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| FLOWER MAGAZINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | _____ |
| YOUNG & MEATHE | ) | |
| HOMES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF FLOWER MAGAZINE'S COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Flower Magazine, by and through counsel, and files its Complaint for Damages, stating as follows:

## I. PARTIES, JURISDICTION, AND VENUE

### 1.

Plaintiff Flower Magazine (hereinafter "Plaintiff" or "Flower Magazine") is a division of Peony Publishing, LLC, which is headquartered in Mountain Brook, Alabama. Plaintiff is in the business of publishing a monthly periodical demonstrating high quality botanical and luxury housing designs. Flower Magazine works with a wide range of vendors and clients in multiple states, including Georgia.

2.

Defendant Young & Meathe Homes, LLC (hereinafter "Defendant" or "Young & Meathe Homes") is a limited liability company formed and existing under the laws of the state of Georgia with its principal place of business located in Atlanta, Georgia. Young & Meathe Homes may be served with process by and through its registered agent for the service of process, Tanya Barker, at 1962 Howell Mill Road, Suite 220, Atlanta, Georgia 30318.

3.

This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is complete diversity of citizenship between Plaintiff and Defendant.

4.

Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to this claim occurred in the Northern District of Georgia. Specifically, the parties entered into a contractual agreement for decorating and advertising services in Atlanta, Georgia.

## II. DETAILED FACTUAL ALLEGATIONS

5.

On or about August 31, 2020, Defendant contracted with Flower Magazine, whereby Defendant would pay Flower Magazine a fee in exchange for professional promotional services to be rendered by Flower Magazine.

6.

On or about August 31, 2020, Defendant thoroughly read and executed a Promotional Services Agreement (hereinafter the "Agreement"). A true and correct copy of the "Agreement" is attached hereto as **Exhibit 1**.

7.

Upon information and belief, Defendant was substantially undercapitalized, and knew, or should have known, they were nearing insolvency at the time of executing the Agreement. Defendant did not make Flower Magazine aware of their financial struggles and fraudulently induced Flower Magazine to enter into the Agreement, despite their material awareness of their inability to comply with the payment provisions included therein.

8.

Pursuant to Paragraph 5 of the Agreement, Defendant agreed that in exchange for Flower Magazine's advertising and promotional services related to a show house

located at 389 Blackland Road NW, Atlanta, Georgia 30342 (hereinafter the "Property"), Defendant agreed to pay to Flower Magazine sums totaling $65,000.00.

9.

Pursuant to Paragraph 5 of the Agreement, Defendant agreed to pay the agreed-upon sum of $65,000.00 in three (3) separate installments: $25,000.00 due March 1, 2021, $20,000.00 due May 15, 2021, and $20,000.00 due September 1, 2021.

10.

Pursuant to the terms of the Agreement, Flower Magazine provided the bargained-for promotional and advertising services relating to the Property. Those services included: retaining interior designers for finishing and décor, hosting services of an "Open House" event which was held at the Property subject to the Agreement, marketing for the Open House, and a fully inclusive article of the high-quality construction and design of the Property to be written and published in Flower Magazine, referencing Young & Meathe Homes as the builder responsible for the Property's construction.

11.

Flower Magazine has made reasonable and necessary payments totaling $226,298.28 to third-party vendors on behalf of Defendant in matters relating to the Property's appearance and furnishing.

12.

These payments were made for the purpose of fulfilling Flower Magazine's contractual obligations under the Agreement. Pursuant to Paragraph 1(F) of the Agreement, Defendant was obligated to reimburse Flower Magazine for these payments made to third-party vendors. Paragraph 1(F) in pertinent part states, "[u]nless otherwise provided in this Agreement, Builder will provide at its sole expense all labor, materials (including Products), equipment, and other facilities and services necessary for proper construction of the House. Builder assumes all costs associated with regard to any financial assistance or benefits to be derived from the Show House concept other than those set forth in this Agreement."

13.

Defendant reaped the benefits of Flower Magazine's efforts to procure and produce materials, equipment, and other facilities and services as defined in Paragraph 1(F) and refused to tender payment as required by the terms of the Agreement.

14.

Defendant does not deny that it owes $65,000.00 to Flower Magazine in exchange for Flower Magazine's promotional services. Furthermore, Defendant does not deny that they owe $226,298.28 to Flower Magazine for reimbursement of funds paid to Third-Party Vendors. Defendant also does not deny that they owe Flower Magazine a total of $291,298.28 under the terms of the Agreement.

15.

On March 8, 2023, Flower Magazine made a formal demand to Defendant for prompt repayment of all monies due under the terms of the Agreement. A true and correct copy of this demand is attached hereto as **Exhibit 2**.

16.

Despite receiving this demand for repayment, Defendant has ignored all requests for repayment made by Flower Magazine, forcing Flower Magazine to incur substantial fees and costs associated with pursuing repayment of money contractually owed to them.

### III. CAUSES OF ACTION

### COUNT I
### *Breach of Contract*

17.

Flower Magazine reasserts and incorporates Paragraphs 1 through 16 as if fully set forth herein.

18.

The Agreement, as written and executed between the parties, is a valid and enforceable contract.

19.

Defendant breached the Agreement by failing to pay Flower Magazine the money owed under the terms of the Agreement, including payment of the principal amount owed under the Agreement and additional reimbursement to Flower Magazine for payments made to third parties.

20.

As a direct and proximate result of Defendant's breach of the Agreement, Flower Magazine has suffered, and will continue to suffer, immediate and irreparable injuries.

21.

Defendant's conduct has been willful, malicious, fraudulent, wanton, oppressive, and done with such a conscious indifference to circumstances, so as to justify an award of punitive damages in this case.

22.

Defendant's actions have been in bad faith and caused Flower Magazine unnecessary trouble and expense, so as to warrant an award of the expenses and attorneys' fees incurred by Flower Magazine in this case.

## COUNT II
### *Fraudulent Misrepresentation and Inducement*

23.

Plaintiff incorporates the allegations in Paragraph 1 through 22 as if set forth fully herein.

24.

Pursuant to the clear terms and conditions of the Agreement, as of March 1, 2021, Defendant was in breach of contract for failure to pay the first scheduled installment payment of $25,000.00.

25.

Based on representations made by Defendant regarding its willingness to comply with the terms and conditions of the Agreement, subject to certain late

payment penalties, Plaintiff continued supplying products, discounts on materials, and marketing/advertising services for the Property.

26.

Upon information and belief, Defendant knew or should have known at all times material that they were financially unable to comply with the payment obligations structured under the Agreement. Furthermore, Defendant intentionally misrepresented their financial situation in their communications with Plaintiff so as to induce their continued participation under the Agreement.

27.

Plaintiff reasonably relied upon Defendant's representations, and as a result, continued providing the bargained for services under the Agreement, rather than discontinuing their efforts.

28.

Furthermore, Defendant has refused to issue any payments owed to Plaintiff, pursuant to the terms and conditions of the Agreement.

29.

Plaintiff reasonably relied on these false representations, and as a result thereof, has suffered damages in an amount to be proven at trial.

## COUNT III
### *Unjust Enrichment*

30.

Plaintiff incorporates the allegations in Paragraph 1 through 29 as if set forth fully herein.

31.

Defendant received a material benefit from Plaintiff's provision of work, connections, discounts, and business relationships, so as to support a claim for Unjust Enrichment outside of the express provisions of the contract.

32.

At all times herein mentioned, the service provided by Flower Magazine were and are of the reasonable value of $291,298.28.

33.

Despite Flower Magazine demanding payment, no part of the $291,298.28 owed to Flower Magazine has been paid by Defendant.

34.

As a direct and proximate result of Defendant's failure and refusal to compensate and pay said balances, Flower Magazine has been damaged in an amount to be determined at trial, including attorneys' fees and other costs.

## COUNT IV
### *Punitive Damages*

35.

Plaintiff incorporates the allegations in Paragraph 1 through 34 as if set forth fully herein.

36.

Through Defendant's actions in willfully failing to pay monies due and owing to Plaintiff in an effort to harm Plaintiff's business in order to enrich themselves, particularly in light of the COVID-19 pandemic, it is clear Defendant's actions arise to willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

37.

Defendant's actions demonstrate intent to cause harm and did in fact cause substantial harm to Flower Magazine.

38.

As a result of Defendant's conduct, Flower Magazine should be awarded punitive damages in an amount to be determined at trial.

## COUNT V
### *Attorneys' Fees and Costs*

39.

Plaintiff incorporates the allegations in Paragraph 1 through 38 as if set forth fully herein.

40.

Plaintiff has made multiple attempts to resolve this matter without having to resort to litigation. Defendant has purposefully ignored these requests and have disregarded Plaintiff's efforts to resolve these issues prior to bringing suit. Defendant's actions have left Plaintiff with no other option but to initiate this action, so as to justify punitive damages the repayment of attorneys' fees.

41.

Defendant has acted in bad faith and have caused Plaintiff unnecessary trouble and expense in having to bring this action, and as a result, Plaintiff should be awarded its expenses of litigation, including its reasonable attorneys' fees.

**WHEREFORE**, Flower Magazine prays that:

(a)     Defendant be served with process in this case;

(b)     Judgment be entered against Defendant as to all damages caused to Flower Magazine as a result of Defendant's conduct;

(c)     An award of punitive damages be issued against Defendant;

(d)     Flower Magazine be awarded its expenses and attorneys' fees in this

        case; and

(e)     Flower Magazine be awarded such other and further relief as this Court

        deems appropriate.

Respectfully submitted this 15th day of December 2023.

                                          s/____Justin Connell_____
                                          Justin B. Connell
                                          Georgia Bar No. 142692
                                          Andrew C. Suarez
                                          Georgia Bar No. 895071

**ELARBEE, THOMPSON, SAPP & WILSON, LLP**
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
Telephone: (404) 659-6700//Facsimile: (404) 222-9718
connell@elarbeethompson.com
suarez@elarbeethompson.com
*Attorneys for Plaintiff Flower Magazine*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| FLOWER MAGAZINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| YOUNG & MEATHE | ) | |
| HOMES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing **Complaint for**

**Damages** has been placed in the United States First Class Mail, postage prepaid, and

addressed to Defendant as follows:

Tanya Barker, Registered Agent for Young & Meathe Homes, LLC
1962 Howell Mill Road, Suite 220
Atlanta, Georgia 30318

Young & Meathe Homes, LLC Principal Place of Business
416 East Paces Ferry Road
Atlanta, Georgia 30305

Respectfully submitted this 15th day of December 2023.

s/____Justin Connell_____
Justin B. Connell
Georgia Bar No. 142692
Andrew C. Suarez
Georgia Bar No. 895071

**ELARBEE, THOMPSON, SAPP & WILSON, LLP**
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
Telephone: (404) 659-6700//Facsimile: (404) 222-9718
connell@elarbeethompson.com
suarez@elarbeethompson.com
*Attorneys for Plaintiff Flower Magazine*