UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD PRODUCTS LIABILITY LITIGATION<br>This document relates to: | MDL DOCKET NO. 2974<br><br>I:20-md-02974-LMM |
| Janelle Zola<br>PLAINTIFF | Civil Action No: |
| V | |
| Teva Pharmaceuticals USA, Inc., Teva Pharmaceuticals USA, Inc., Teva Women's Health, LLC, Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc. and CooperSurgical, Inc.<br>DEFENDANT | |

## SHORT FORM COMPLAINT

Come(s) now the Plaintiff(s) named below, and for her/their Complaint against the Defendant(s) named below, incorporate(s) the Second Amended Master Personal Injury Complaint (Doc. No. 79), in MDL No. 2974 by reference. Plaintiff(s) further plead(s) as follows:

1.  Name of Plaintiff placed with Paragard:

    Janelle Zola

2.  Name of Plaintiffs Spouse (if a party to the case):

    N/A

3.  If case is brought in a representative capacity, Name of Other Plaintiff and

    capacity (i.e., administrator, executor, guardian, conservator):

4.   State of Residence of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Plaintiff's original complaint:

Illinois

5.   State of Residence of each Plaintiff at the time of Paragard placement:

Illinois

6.   State of Residence of each Plaintiff at the time of Paragard removal:

Illinois

7.   District Court and Division in which personal jurisdiction and venue would be proper:

USDC Northern District of Illinois, Eastern Division

8.   Defendants. (Check one or more of the following five (5) Defendants against whom Plaintiff's Complaint is made. The following five (5) Defendants are the only defendants against whom a Short Form Complaint may be filed. No other entity may be added as a defendant in a Short Form Complaint.):

☒ A. Teva Pharmaceuticals USA, Inc.
☒ B. Teva Women's Health, LLC
☒ C. Teva Branded Pharmaceutical Products R&D, Inc.
☒ D. The Cooper Companies, Inc.
☒ E. CooperSurgical, Inc.

9.   Basis of Jurisdiction

☒ Diversity of Citizenship (28 U.S.C. § 1332(a))

☐Other (if Other, identify below):_____

10.

| Date(s) Plaintiff had Paragard placed (DD/MM/YYYY) | Placing Physician(s) or other Health Care Provider (include City and State) | Date Plaintiffs Paragard was Removed (DD/MMNYYY)* *If multiple removal(s) or attempted removal procedures, list date of each separately. | Removal Physician(s) or other Health Care Provider (include City and State)** **If multiple removal(s) or attempted removal procedures, list information separately. |
|---|---|---|---|
| 11/05/2016 | Scott Terry Female Tinley Park Tinley Park, IL | 1/3/2022 | Scott Terry Female Frankfort Frankfort, IL |
|  |  | 01/05/2022 | Scott Terry Female Frankfort Frankfort, IL |

11. Plaintiff alleges breakage (other than thread or string breakage) of her

Paragard upon removal.

☒Yes
☐No

12.     Brief statement of injury(ies) Plaintiff is claiming:

Economic and non-economic damages (including pain and suffering) as a result of the breakage of Plaintiff's Paragard IUD and subsequent surgical procedures required to remove said Paragard IUD from Plaintiff's body.

<u>Plaintiff reserves her right to allege additional injuries and complications specific to her.</u>

13.   Product Identification:

a.   Lot Number of Paragard placed in Plaintiff (if now known):

<u>51506</u>

b.   Did you obtain your Paragard from anyone other than the HealthCare Provider who placed your Paragard:

☐ Yes
☒ No

14.   Counts in the Master Complaint brought by Plaintiff(s):

☒ Count I – Strict Liability / Design Defect
☒ Count II – Strict Liability / Failure to Warn
☒ Count III – Strict Liability / Manufacturing Defect
☒ Count IV – Negligence
☒ Count V – Negligence / Design and Manufacturing Defect
☒ Count VI – Negligence / Failure to Warn
☒ Count IX – Negligent Misrepresentation
☐ Count X – Breach of Express Warranty
☐ Count XI – Breach of Implied Warranty
☒ Count XII – Violation of Consumer Protection Laws
☒ Count XIII – Gross Negligence
☐ Count XIV – Unjust Enrichment
☒ Count XV – Punitive Damages
☐ Count XVI – Loss of Consortium
☐ Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

_____

15.   Tolling/Fraudulent  Concealment" allegations:

a.   Is Plaintiff alleging "Tolling/Fraudulent Concealment"
☒ Yes
☐ No

       b.  If Plaintiff is alleging "tolling/fraudulent concealment" beyond the facts alleged in the Master Complaint, please state the facts and legal basis applicable to the Plaintiff in support of those allegations below

16.    Count VII (Fraud & Deceit) and Count VIII (Fraud by Omission) allegations:

       a.  Is Plaintiff is bringing a claim under Count VII (Fraud & Deceit), Count VIII (Fraud by Omission), and/or any other claim for fraud or misrepresentation?

☐ Yes
☒ No

       b.  If Yes, the following information must be provided (in accordance with Federal Rule of Civil Procedure 8 and/or 9, and/or with pleading requirements applicable to Plaintiff's state law claims):

          i.    The alleged statement(s) of material fact that Plaintiff alleges was false:

          ii.    Who allegedly made the statement:

          iii.   To whom the statement was allegedly made:

      iv.   The date(s) on which the statement was allegedly made

17.    If Plaintiff is bringing any claim for manufacturing defect and alleging facts beyond those contained in the Master Complaint, the following information must be provided:

    a.  What does Plaintiff allege is the manufacturing defect in her Paragard? Plaintiff's demand for the relief sought if different than what is alleged in the Master Complaint:

_____

18.    Jury Demand:
[X] Jury Trial is demanded as to all counts
[ ] Jury Trial is NOT demanded as to any count

**s/**  C. Andrew Childers
Attorney(s) for Plaintiff

Address, phone number, email address and Bar information:

1932 North Druid Hills Road, Suite 100
Atlanta, GA 30319
404-419-9500
GA Bar No. 124398