# Exhibit F



999 Peachtree Street NE
Suite 1500
Atlanta, GA 30309
Tel 404.962.1000 Fax 404.962.1200
WWW.FOXROTHSCHILD.COM

September 1, 2023

MARSHALL KENT
Direct No: 404.962.1036
Email: MKent@Foxrothschild.com

David J. Marmins, Esq.
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363

RE: Purported August 9, 2023 Termination of Lease Agreement dated March 25, 2013 (as amended, the "Lease") between NDM (Edens), LLC ("Landlord") and Dollar Tree Stores, Inc. ("Tenant") and Apparent Breach by Landlord of Its Obligations Under the Lease and the Amendment and Relocation Agreement dated March 21, 2023 ("Amendment") with Respect to the Original Premises (Unit 200) and Relocation Premises (Unit C60) Defined Therein, at North DeKalb Mall in Decatur, Georgia

Dear Mr. Marmins:

Please be advised that this Firm represents Tenant. We are in receipt of your letter dated August 9, 2023, issued on behalf of Landlord. Therein, your client purports to terminate the Lease, based upon a claim that Tenant has somehow defaulted under the Lease by failing to pay certain alleged charges (and alleged rent) claimed by Landlord to be owed under the Lease. Those alleged charges are set forth in Exhibit "A" to your August 9th letter, as well as in Exhibits A and B to the purported Notice of Default letter dated July 6, 2023.

Curiously, a number of these alleged charges go back to the period between April and August of 2022, and supposedly relate to the Original Premises, and were neither raised nor brought to Tenant's attention during negotiation and execution of the March 21, 2023 Amendment, pursuant to which, among other things, the parties ratified the Lease and Landlord posted a Letter of Credit (LOC) in the amount of $2.0 million to secure its obligation to make available the Relocation Premises as specified to Tenant in a timely manner. Other more recent charges appear to have been assessed by Landlord to Tenant with respect to the Original Premises subsequent to the execution of the Amendment.

Pursuant to the express terms of Paragraph 2 of the Amendment (and thus the Lease), during the Period between the Closure Date (June 21, 2023) and the Relocation Date (TBD), the ongoing obligations under the Lease concerning the Original Premises and operations therein are suspended and governed solely by the Amendment. Tenant submits that this Period comprises

A Pennsylvania Limited Liability Partnership

California Colorado Delaware District of Columbia Florida Georgia Illinois Massachusetts Minnesota Missouri
Nevada New Jersey New York North Carolina Oklahoma Pennsylvania South Carolina Texas Washington

148991594.4
149032676.1



both the Period within which Landlord issued the improper Notice of Default (July 6, 2023) and the improper Notice of Termination (August 9, 2023).

Moreover, it appears that the charges that constitute the alleged basis for Landlord's claim of default are entirely improper and uncalled for under the terms of the Original Lease. As set forth in Sections A.10, E, G, and H of the Lease, this is a "Gross" Lease, such that Base Rent shall be inclusive of all CAM charges, taxes and insurance costs with respect to the Shopping Center. Simply put, Tenant has not defaulted by failing to pay any (scheduled) "Installment" of Base Rent under the Lease.

Nor are the charges set forth in your letter what can properly be classified as "Additional Rent." Utility (Electric) and Trash charges by Landlord to Tenant are not provided for under the Lease, and Tenant disputes any suggestion that it failed to pay any CAM reconciliation charges that should have been incorporated into Base Rent. As such, there appears to be no legitimate basis for assessing any of these amounts to Tenant. Nor would these charges typically be paid as "Installments," which is what is required for Landlord to declare a default under the relevant provision of the Lease it purports to cite (Section P(1)(a) of the Lease). When the parties proceeded to enter into the Amendment on March 21, 2023, subsequent undisclosed assessments relating to periods that arose prior to that date would appear waived by Landlord in accordance with that Amendment.

Nonetheless, given the actions set forth in your August 9th letter, and the August 14th letter from your colleague making demand for the return of the LOC, Landlord's actions appear to be a poorly calculated gambit to avoid or otherwise circumvent Landlord's obligations to timely deliver the Relocation Premises to Dollar Tree pursuant to the Lease and the Amendment. At this time, it certainly appears that Landlord misrepresented its present intent to deliver the Relocation Premises to Tenant, upon which Tenant relied by agreeing to move out of the Original Premises during the Existing Term of the Lease, which Tenant retains the right to extend under the Lease and Amendment.

For a multitude of reasons, including the foregoing, please be advised that Tenant takes issue with the validity of the alleged charges and denies that Tenant has defaulted under the Original or Amended Lease. Accordingly, Tenant further deems Landlord's fraudulent and inequitable attempt to terminate the Lease invalid and void ab initio. Tenant submits that Landlord is estopped from terminating the Lease, and that Landlord's actions constitute a breach of both the Lease and the Amendment.

Please be advised that Tenant treats the purported default and termination notices and the baseless demand for return of the LOC as an anticipated repudiation of Landlord's obligation under the Amendment to deliver the Relocation Premises to Tenant. Tenant hereby demands that Landlord immediately retract the purported default and termination notices and reaffirm in writing that Landlord will adhere to its contractual performance obligations. If Landlord does not do so within 10 (ten) days of receipt of this letter, Dollar Tree reserves all rights and remedies available to it for Landlord's breach, including but not limited to the right to call and collect upon the LOC.

Sincerely,

FOX ROTHSCHILD LLP

*/s/ G. Marshall Kent, Jr.*
G. Marshall Kent, Jr.

cc: David Hartnett, Esq.
Scott Kipnis, Esq.