JS44 (Rev. 10/2020 NDGA)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record.  (SEE INSTRUCTIONS ATTACHED)

| I. (a) PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Wells Fargo Bank, N.A. and Wells Fargo Delaware Trust Company, N.A. | Brian Achenbach, Nancy Belser, Andrew Costanza, Andrew Darrow, David Darrow, Jonathan Darrow, Dean Flock, Jay Grimm, Jr., Robert Krakovitz, Moshe Malka, Leon Malnik, Barry Septimus, and Phyllis Sifen |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF_____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT_____ (IN  U.S. PLAINTIFF CASES ONLY) NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF  LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS) | ATTORNEYS  (IF KNOWN) |
|---|---|
| Terry R. Weiss, Esq. Ga. Bar No. 746495 trweiss@duanemorris.com Duane Morris, LLP 1075 Peachtree NE, Ste 1700, Atlanta, GA 30309 | Saskia Olczak, Esq. Ga. Bar No. 686983 Cozen O'Connor, 1230 Peachtree Street NE, Suite 400 Atlanta, GA 30309 Tel. 404-572-2099 |

## II.  BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. GOVERNMENT PLAINTIFF

☐ 2 U.S. GOVERNMENT DEFENDANT

☑ 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)

☑ 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR  DIVERSITY CASES ONLY)

| PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|
| ☐ 1 | ☐ 1 | CITIZEN OF THIS STATE | ☐ 4 | ☐ 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| ☑ 2 | ☑ 2 | CITIZEN OF ANOTHER STATE | ☐ 5 | ☐ 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| ☐ 3 | ☐ 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐ 6 | ☐ 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X "IN ONE BOX ONLY)

☐ 1 ORIGINAL PROCEEDING

☑ 2 REMOVED FROM STATE COURT

☐ 3 REMANDED FROM APPELLATE COURT

☐ 4 REINSTATED OR REOPENED

☐ 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)

☐ 6 MULTIDISTRICT LITIGATION - TRANSFER

☐ 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT

☐ 8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE -  DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Recovery of insurance proceeds

### (IF COMPLEX, CHECK REASON BELOW)

☐ 1. Unusually large number of parties.

☐ 2. Unusually large number of claims or defenses.

☐ 3. Factual issues are exceptionally complex

☐ 4. Greater than normal volume of evidence.

☐ 5. Extended discovery period is needed.

☐ 6. Problems locating or preserving evidence

☐ 7. Pending parallel investigations or actions by government.

☐ 8. Multiple use of experts.

☐ 9.  Need for discovery outside United States boundaries.

☐ 10. Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

| FOR OFFICE USE ONLY | | | |
|---|---|---|---|
| RECEIPT # _____ | AMOUNT  $_____ | APPLYING IFP _____ | MAG. JUDGE (IFP) _____ |
| JUDGE_____ | MAG. JUDGE _____ (Referral) | NATURE OF SUIT _____ | CAUSE OF ACTION _____ |

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- [x] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 151 MEDICARE ACT
- [ ] 160 STOCKHOLDERS' SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- [ ] 365 PERSONAL INJURY - PRODUCT LIABILITY
- [ ] 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 440 OTHER CIVIL RIGHTS
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 445 AMERICANS with DISABILITIES - Employment
- [ ] 446 AMERICANS with DISABILITIES - Other
- [ ] 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- [ ] 463 HABEAS CORPUS- Alien Detainee
- [ ] 510 MOTIONS TO VACATE SENTENCE
- [ ] 530 HABEAS CORPUS
- [ ] 535 HABEAS CORPUS DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS - Filed Pro se
- [ ] 555 PRISON CONDITION(S) - Filed Pro se
- [ ] 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- [ ] 550 CIVIL RIGHTS - Filed by Counsel
- [ ] 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT. RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY and MEDICAL LEAVE ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 820 COPYRIGHTS
- [ ] 840 TRADEMARK
- [ ] 880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- [ ] 830 PATENT
- [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- [ ] 375 FALSE CLAIMS ACT
- [ ] 376 Qui Tam 31 USC 3729(a)
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 430 BANKS AND BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC.
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- [ ] 480 CONSUMER CREDIT
- [ ] 485 TELEPHONE CONSUMER PROTECTION ACT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 895 FREEDOM OF INFORMATION ACT 899
- [ ] 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- [ ] 410 ANTITRUST
- [ ] 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- [ ] 896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

---

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23    DEMAND $_____

JURY DEMAND [x] YES  [ ] NO  (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

---

## VIII. RELATED/REFILED CASE(S) IF ANY
JUDGE_____  DOCKET NO.____23-GSBC-0013____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)
- [ ] 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- [ ] 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- [ ] 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- [ ] 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____, WHICH WAS DISMISSED. This case [ ] IS  [ ] IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

_____  12/18/2023
SIGNATURE OF ATTORNEY OF RECORD        DATE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Wells Fargo Bank, N.A. and Wells Fargo Delaware Trust Company, N.A., | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| Brian Achenbach, Nancy Belser, Andrew Costanza, Andrew Darrow, David Darrow, Jonathan Darrow, Dean Flock, Jay Grimm, Jr., Robert Krakovitz, Moshe Malka, Leon Malnik, Barry Septimus, and Phyllis Sifen | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No.: _____

## NOTICE OF REMOVAL

Defendants, Brian Achenbach, Nancy Belser, Andrew Costanza, Andrew Darrow, David Darrow, Jonathan Darrow, Dean Flock, Jay Grimm, Jr., Robert Krakovitz, Moshe Malka, Leon Malnik, Barry Septimus, and Phyllis Sifen ("Defendants"), hereby remove this action from the Georgia State-Wide Business Court, State of Georgia, to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Removal, Defendants state:

1. On or about December 1, 2023, Plaintiffs, Wells Fargo Bank, N.A. and Wells Fargo Delaware Trust Company, N.A. ("Wells Fargo" or "Plaintiffs"),

commenced an action in the Georgia State-Wide Business Court, State of Georgia, by filing a Complaint captioned *Wells Fargo Bank, N.A. and Wells Fargo Del. Trust Co., N.A. v. Achenbach, et al.*, Case No. 23-GSBC-0013 (Ga. Bus. Ct.) ("the State Court Action"). Attached hereto as Exhibit A is the Complaint.

2.      The Complaint follows the initiation of an arbitration filed by Defendants[1] on October 10, 2023 with the American Arbitration Association ("AAA")—captioned *Achenbach et al. v. Liberty One Funding Trust, Liberty Two Funding Trust, Wells Fargo Bank, N.A. and Wells Fargo Del. Trust Co., N.A.*, AAA Case No. 01-23-0004-4523 (the "Arbitration").

3.      The Complaint and the related Summons from the State Court Action were sent to Defendants' counsel on December 1, 2023, and an Acknowledgement of Service was filed in the State Court Action with regard to the Defendants[2] on December 15, 2023.

4.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders that have been served on Defendants in the State Court Action

---

[1] The Arbitration was filed on behalf of all Defendants except Brian Achenbach. The Arbitration was brought by, among others, Bruce Achenbach with regarding to claims stemming from a life insurance policy taken out on his father, Walter Achenbach. Unfortunately, Bruce Achenbach recently passed away and any claims stemming from the policy on Walter Achenbach are being pursued by Brian Achenbach, Walter's other son and Bruce's brother and sole surviving next of kin.

[2] Again, the Acknowledgement of Service was filed on behalf of all Defendants except Brian Achenbach because Brian Achenbach was not a named defendant in the State Court Action.

are attached hereto. Attached hereto as Exhibit B is Plaintiffs' contemporaneously-filed Motion and Memorandum to Stay the Arbitration with the accompanying Declaration. Attached hereto as Exhibit C is the docket. Attached hereto as Exhibit D are the summons directed to Defendants. Attached hereto as Exhibit E is Plaintiffs' Motion and Memorandum to Seal Exhibits to the Complaint. Attached hereto as Exhibit F is Plaintiffs' Corporate Disclosure Statement. Attached hereto as Exhibit G is the Order Granting Plaintiffs' Motions to Seal. Attached hereto as Exhibit H is Defendants' Acknowledgment of Service. Attached hereto as Exhibit I is the Georgia State-wise Business Court Case Information Form. Attached hereto as Exhibit J is are the *Pro Hac Vice* Motions of Wells Fargo's counsel and the orders granting those motions.

5.     The time for filing this Notice of Removal under 28 U.S.C. § 1446(b) has therefore not yet expired.

6.     Removal of this action is based on 28 U.S.C. § 1441 in that this is a civil action brought in a State court over which the district courts have original jurisdiction under 28 U.S.C. § 1332 because (i) there is complete diversity and (ii) there is a federal question.

7.     First, the removal of this action is based on the grounds that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.     There is complete diversity of citizenship between Plaintiffs and Defendants because:

A.     Wells Fargo Bank, N.A., is a national banking association with its main office in Sioux Falls, South Dakota. Wells Fargo is a citizen of South Dakota.

B.     Wells Fargo Delaware Trust Company, N.A. is a national banking association with its main office in Wilmington, Delaware. Wells Fargo is a citizen of Delaware.

C.     Defendant Brian Achenbach is a citizen of California;

D.     Defendant Nancy Belser is a citizen of Tennessee;

E.     Defendant Andrew Costanza is a citizen of New York;

F.     Defendant Andrew Darrow is a citizen of South Carolina;

G.     Defendant David Darrow is a citizen of Virginia;

H.     Defendant Jonathan Darrow is a citizen of California;

I.     Defendant Dean Flock is a citizen of Oregon;

J.     Defendant Jay Grimm, Jr. is a citizen of New York;

K.     Defendant Robert Krakovitz is a citizen of Colorado;

L.     Defendant Moshe Malka is a citizen of New Jersey;

M.     Defendant Leon Malnik is a citizen of Maryland;

N.     Defendant Barry Septimus is a citizen of New York; and

4

O.     Defendant Phyllis Sifen is a citizen of Florida;

9.     Based upon the allegations in the Complaint, the amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs.

10.     Second, removal of this action is also based on the grounds that the State Court Action presents a federal question.

11.     Plaintiffs' Complaint seeks, *inter alia*, to stay the Arbitration—pursuant to Georgia Arbitration Code O.C.G.A. § 9-9-6(b)(1)—and seeks a declaration that the Defendants' claims in the Arbitration are time-barred—pursuant to Georgia Arbitration Code O.C.G.A. § 9-9-5—under Georgia law. *See* Complaint ¶¶ 30-51. Yet, the Federal Arbitration Act ("FAA"), not the Georgia Arbitration Code, controls.

12.     Defendants' claims in the Arbitration center around illegal human life wagering policies that were effectuated by way of Financing Agreements, which contain the applicable arbitration clauses. *See* Complaint ¶¶ 29-30.

13.     Because the transactions at issue here constitute interstate commerce, the FAA controls the parties' dispute. *SunTrust Bank v. Lilliston*, 809 S.E.2d 819, 822 (Ga. 2018) ("The [FAA] applies in state and federal courts to all contracts containing an arbitration clause that involves or affects interstate commerce.") (quoting *American Gen. Financial Svcs. v. Jape* 732 S.E.2d 746 (Ga. 2012)) (cleaned up).

14.     Despite the FAA clearly governing, Plaintiffs' argue—in their Motion to Stay that was filed contemporaneously with the Complaint—that the Georgia Arbitration Code ("GAC"), not the FAA, govern. Plaintiff's Motion to Stay at 9-12. Indeed, Plaintiffs argue so despite black and white precedent that "the state [Georgia] arbitration law, due to preemption by the federal arbitration code when interstate commerce is involved, will never be applicable where one party is not from Georgia" [*Tampa Motel Management Co. v. Stratton of Fla.*, 366 S.E. 2d 804, 807 (Ga. Ct. App. 1988)], and despite the high burden that the GAC may only displace the FAA if the arbitration clause between the parties evidences "a clear intent by the parties that the [GAC] . . . control[s]." *Gulfstream Aero. Corp. v. Oceltip Aviation 1 Pty. Ltd.*, 31 F.4th 1323, 1331 (11th Cir. 2022).

15.     In fact, Plaintiffs fail to even mention the FAA in the Complaint. *See generally*, Complaint. In this way, Plaintiffs attempted an artful pleading which fails to mention a key federal preemption question in the Complaint, yet devotes significant space to that very issue in the contemporaneously-filed Motion to Stay. Of course, the artful pleading doctrine does not allow a plaintiff to "defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) ("If a court concludes that a plaintiff has 'artfully pleaded' claims . . . , it may uphold removal even though no federal question appears on the face of

the plaintiff's complaint. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim.") (cleaned up).

16.     Further, a federal question also exists on the face of the Complaint by way of Plaintiffs' argument that Defendants' federal RICO claims are time-barred under federal law. *See* Complaint ¶ 41.

17.     Venue is proper in the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this action occurred in this district and division, and at least one of the parties conducts business in, and may be found in, this district and division.

18.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal and a Notice of Filing Notice of Removal is being filed with the Georgia State-Wide Business Court, State of Georgia and is being served on Plaintiffs' counsel.

WHEREFORE, having fulfilled all statutory requirements, Defendants remove the State Court Action, and request that this Court assume full jurisdiction over the matter as provided by law, and permit this action to proceed before it as a matter properly removed thereto.

Respectfully submitted this 18th day of December, 2023.

*/s/ Saskia Olczak*
Saskia Olczak, Esq.

7

Ga. Bar No. 686983
1230 Peachtree Street NE, Suite 400
Atlanta, GA 30309
Tel. 404-572-2099
Fax 404-572-2199
**COZEN O'CONNOR**

CERTIFICATION:  The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font in accordance with LR 5.1B, N.D. Ga.