# Exhibit E

EFILED IN OFFICE
CLERK OF THE GEORGIA
STATE-WIDE BUSINESS COURT
23-GSBC-0013
JUDGE BILL HAMRICK
DEC 01, 2023 06:18 PM

Angie T. Davis, Clerk of Court
Georgia State-wide Business Court

# IN THE GEORGIA STATE-WIDE BUSINESS COURT
## STATE OF GEORGIA

| | |
|---|---|
| WELLS FARGO BANK, N.A. and WELLS FARGO DELAWARE TRUST COMPANY, N.A., <br><br> Plaintiffs, <br><br> v. <br><br> BRUCE ACHENBACH, NANCY BELSER, ANDREW COSTANZA, ANDREW DARROW, DEAN FLOCK, JAY GRIMM, JR., ROBERT KRAKOVITZ, MOSHE MALKA, LEON MALNIK, BARRY SEPTIMUS, and PHYLLIS SIFEN, <br><br> Defendants. | Civil Case No. <br><br> 23-GSBC- |

## PLAINTIFFS' MOTION TO FILE UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiffs Wells Fargo Bank, N.A. and Wells Fargo Delaware Trust Company, N.A. (together, "Wells Fargo" or "Plaintiffs"), pursuant to Business Court Rule 15-7, this Court's Standing Order §5(i), and O.C.G.A. § 9-11-7.1, hereby move that Exhibit A of its Complaint, filed today as provisionally sealed, be filed under seal permanently.

Exhibit A to Plaintiffs' Complaint is the Demand for Arbitration, Statement of Claim, and the exhibits in support of the Statement of Claim that the Defendants recently filed with the American Arbitration Association (AAA) in a private arbitration proceeding, *Achenbach, et al. v. Liberty One Funding Trust, et al.*, AAA Case No. 1-23-0004-4523 (initiated Oct. 10, 2023) (the "*Achenbach* Arbitration"). The same documents have already been sealed by this Court in a related action

1

brought by the Liberty One and Liberty Two Funding Trusts, which like Plaintiffs here, are also respondents to the *Achenbach* Arbitration. *See* Case No. 23-GSBC-0009. The same documents should remain sealed in this litigation for the same reasons.

## I.     ARGUMENT AND CITATION OF AUTHORITY

### A. Legal standards

Under the Georgia Civil Practice Act, in order to protect the rights of the parties and others, the Court may order documents filed with the Court containing confidential information sealed, with redacted versions of the document(s) filed in the public record. *See* O.C.G.A. §9-11-7.1(d), (f). When deciding whether sealing documents filed with the Court is appropriate, the Court must balance the common law right of public access against the privacy interests of the parties. *Savannah Coll. of Art & Design* v. *Sch. of Visual Arts, Inc.*, 270 Ga. 791, 792 (1999). In balancing these competing interests, the key determination is whether "the harm otherwise resulting to the privacy of a person in interest clearly outweighs the public interest." *Id.*; *see also* Standing Order of the Georgia State-Wide Business Court, at §5(i) (the "Standing Order"). The Eleventh Circuit has provided factors the Court should consider when determining that good cause exists for overcoming the common law right to public access discussed by the Georgia Supreme Court in *Savannah Coll. of Art & Design*:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of an injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero* v. *Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007).[1]

Here, Exhibit A contains private healthcare and financial information regarding the insured decedents. Further, Exhibit A also contains private information regarding Plaintiffs.

### B. The Arbitration Documents Should be Filed Under Seal

Courts routinely file under seal information submitted in confidential arbitrations. *See, e.g., Original Appalachian Artworks, Inc.* v. *Jakks Pacific, Inc.*, 2017 WL 5476798, at *4 (N.D. Ga. Mar. 6, 2017) [granting motions to seal documents filed in conjunction with a motion to confirm an arbitration award]. There, the Court found: "the information at issue, detailing a contract dispute between private parties, does not involve public officials or public concern.

---

[1] Though the Federal Rules of Civil Procedure and the Georgia Civil Practice Act differ, because the Civil Practice Act was modeled on the Federal Rules, Georgia state courts may properly look to federal decisions on discovery matters as persuasive authority. *See, e.g., McKesson HBOC, Inc. v. Adler*, 254 Ga. App. 500, 503 n.5 (2002) ("Because Georgia's Civil Practice Act is modeled on the Federal Rules of Civil Procedure, decisions of the federal courts interpreting the federal rules are persuasive authority").

3

Moreover, there are legitimate concerns involving the parties' privacy interests and the potential for reputational harm in light of the confidential arbitration." *Id.* (citing *Barkley v. Pizza Hut of Am., Inc.*, 2015 WL 5915817, at *2 (M.D. Fla. Oct. 8, 2015)). The Court also recognized that maintaining confidentiality of such documents "'promotes the voluntary execution of private arbitration agreements—a sound public policy objective.'" *Id.* (quoting *Barkley*, 2015 WL 5915817, at *2).

The Financing Agreements and other exhibits attached to the Demand for Arbitration and Statement of Claim contain sensitive identifying and personal information and highly confidential business terms. For this reason, Exhibit A to Plaintiffs' Complaint has already been filed under seal permanently in the related lawsuit filed by Liberty One Funding Trust and Liberty Two Funding Trust against these same Defendants involved in the same *Achenbach* Arbitration. (*See* Case No. 23-GSBC-0009.)

## II.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order granting its Motion allowing Exhibit A to the Complaint, currently provisionally sealed, to be filed under seal permanently. For the Court's convenience and pursuant to §5(i) of the Court's Standing Order, Plaintiffs attach a proposed order to this Motion.

Respectfully submitted this 1st day of December, 2023.

4

*Attorneys for Plaintiffs*

*/s/Terry R. Weiss*
Terry R. Weiss, Esq.
Ga. Bar No. 746495
trweiss@duanemorris.com
Catherine G. Lucas, Esq.
Ga. Bar No. 567369
klucas@duanemorris.com

**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309-3929
(404) 253-6912
(telephone) (404) 759-2158 (fax)
Words: 1285

-and-

*Jonathan P. Hersey, Esq.
Cal. Bar No. 189240
jonathan.hersey@klgates.com
*Kennedy M. Myers, Esq.
Cal. Bar No. 343152
kennedy.loenhorst@klgates.com

**K&L GATES LLP**
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
(949) 253-0900

*pro hac vice applications pending*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO FILE UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF** upon all parties to this matter by electronically filing a copy of same with the Court's electronic filing system, which will automatically send an electronic copy to all counsel of record.

This 1st day of December, 2023.

                                              Respectfully Submitted,

                                              **DUANE MORRIS LLP**

                                              */s/Catherine G. Lucas*
                                              Catherine G. Lucas, Esq.
                                              Ga. Bar No. 567369

**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309-3929
(404) 253-6912 (telephone)
(404) 601-9839 (fax)
klucas@duanemorris.com

IN THE GEORGIA STATE-WIDE BUSINESS COURT
STATE OF GEORGIA

| | |
|---|---|
| WELLS FARGO BANK, N.A. and WELLS FARGO DELAWARE TRUST COMPANY, N.A.,<br><br>  Plaintiffs,<br><br>v.<br><br>BRUCE ACHENBACH, NANCY BELSER, ANDREW COSTANZA, ANDREW DARROW, DEAN FLOCK, JAY GRIMM, JR., ROBERT KRAKOVITZ, MOSHE MALKA, LEON MALNIK, BARRY SEPTIMUS, and PHYLLIS SIFEN,<br><br>  Defendants. | Civil Case No.<br><br>23-GSBC- |

**[PROPOSED] ORDER GRANTING MOTION TO FILE UNDER SEAL**

Having considered the Motion to File Under Seal and Incorporated Memorandum of Law in Support (the "Motion") filed by plaintiffs Wells Fargo Bank, N.A. and Wells Fargo Delaware Trust Company, N.A. (together, "Wells Fargo") and for good cause shown, the Court **GRANTS** the Motion, finding the likely harm from public disclosure of the documents to the privacy and business interests of Wells Fargo and Defendants clearly outweighs the public's general right to access court filings, and therefore orders that Exhibit A to Wells Fargo's Complaint, which was filed as provisionally sealed, to be filed under seal permanently.

**IT IS SO ORDERED**, this _____ day of _____, 2023.

_____
Hon. William "Bill" Grady Hamrick, III
Georgia State-wide Business Court

*Prepared and presented by:*

Catherine G. Lucas, Esq.
Ga. Bar No. 567369
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309-3929
(404) 253-6912 (telephone)
(404) 759-2158 (fax)
klucas@duanemorris.com

*Attorney for Plaintiffs*