# Exhibit G



**EFILED IN OFFICE**
CLERK OF THE GEORGIA
STATE-WIDE BUSINESS COURT
**23-GSBC-0013**
JUDGE BILL HAMRICK
DEC 08, 2023 07:34 PM

*Angie T. Davis*
Angie T. Davis, Clerk of Court
Georgia State-wide Business Court

## IN THE GEORGIA STATE-WIDE BUSINESS COURT

| | |
|---|---|
| WELLS FARGO BANK, N.A. and WELLS FARGO DELAWARE TRUST COMPANY, N.A., <br><br> Plaintiffs, <br> v. <br><br> BRUCE ACHENBACH, NANCY BELSER, ANDREW COSTANZA, ANDREW DARROW, DEAN FLOCK, JAY GRIMM, JR., ROBERT KRAKOVITZ, MOSHE MALKA, LEON MALNIK, BARRY SEPTIMUS, and PHYLLIS SIFEN, <br><br> Defendants. | Case No. 23-GSBC-0013 |

### ORDER GRANTING MOTION TO SEAL EXHIBIT TO COMPLAINT

The above-styled action is before the Court on Plaintiffs' Motion to File Under Seal and Incorporated Memorandum of Law in Support Thereof ("Motion to Seal" or "Motion"). Therein, Plaintiffs Wells Fargo Bank, N.A. and Wells Fargo Delaware Trust Company, N.A. (collectively, "Wells Fargo" or "Plaintiffs"), pursuant to Code Section 9-11-7.1 and Business Court Rule 15-7,[1] move to seal

---

[1] Although Plaintiffs also cite to a former standing order of this Court in support of their Motion, the Court notes that the referenced standing order has been vacated following the passage of the

Exhibit A to Plaintiffs' complaint ("Exhibit A"), which consists of a Demand for Arbitration, Statement of Claim, and exhibits in support of the Statement of Claim that Defendants filed with the American Arbitration Association ("AAA") in a related private arbitration proceeding initiated on October 10, 2023, *Achenbach, et al. v. Liberty One Funding Tr., et al*, AAA Case No. 1-23-0004-4523 (the "*Achenbach* Arbitration").[2]  *See generally* Compl. for Dec. J., Stay of Arb., and Other Relief ("Compl.") Ex. A.

Having considered the record and relevant governing authorities, the Court finds that sufficient cause has been shown for sealing Exhibit A at this juncture and that the harm resulting to the privacy of the interested parties from the public disclosure of the foregoing exhibit clearly outweighs the public interest in accessing the Court's records. *See* BCR 15-1, 15-3.  As noted above, in addition to the Demand for Arbitration and Statement of Claim submitted in the *Achenbach* Arbitration, which have been filed under seal in the *Liberty One* Action, Exhibit A also includes

---

Rules of the Georgia State-wide Business Court (the "Business Court Rules").  *See generally In re: Georgia State-wide Business Court Cases*, No. 23-BCADMIN-0004-BH, Order Vacating Prior Standing Order (Ga. Bus. Ct. Jun. 1, 2023), https://www.georgiabusinesscourt.com/wp-content/uploads/2023/06/Order.pdf; *see also* Administrative Minutes [Approving the Business Court Rules] (Ga. May 13, 2021).

[2] This case and another action initiated in this Court but subsequently removed to federal district court—*Liberty One Funding Tr., et al. v. Achenbach, et al.* (the "*Liberty One* Action")—both arise from and seek a stay of the *Achenbach* Arbitration, among other requested relief.  *See Liberty One Funding Tr., et al. v. Achenbach, et al.*, No. 23-GSBC-0009 (Ga. Bus. Ct.) ("*Liberty One*").

the exhibits referenced in Defendants' Statement of Claim.[3] Those exhibits[4] contain sensitive and identifying information of parties and non-parties—including private health-related and financial information—as well as proprietary or commercially sensitive business information, much of which, at least at this juncture, does not appear to be directly related to the matters at issue in this action.[5] The Court further notes the narrow group of documents sought to be sealed and the confidential nature of the underlying arbitration proceedings referenced in the exhibits. *See Savannah*

---

[3] The Demand for Arbitration and Statement of Claim initiating the *Achenbach* Arbitration were also filed in the *Liberty One* Action (attached to the complaint and a motion to stay) and have been ordered to be maintained under seal in that case. *See Liberty One,* Order Granting Motions to Seal. However, all except for one of the exhibits referenced in the Statement of Claim were not attached to any filing in the *Liberty One* Action but are at issue in the instant Motion, and thus the Court considers those materials for the first time here. *See Liberty One*, Compl. Exs. A–G (including (i) as Exhibit A the Demand for Arbitration and Statement of Claim with no appended exhibits, and (ii) as Exhibits B through G six finance agreements at issue in the *Achenbach* Arbitration, which were filed under seal); *Liberty One*, Pls.' Mem. of Law in Supp. of Mot. to Stay Arb. Exs. A–I (including (i) as Exhibits A through G the same documents submitted with the *Liberty One* complaint, which have been filed under seal, and (ii) as Exhibits H through I two briefs that were submitted in an unrelated federal district court case, which have been filed publicly).

[4] Specifically, the Statement of Claim references seven exhibits that are attached as part of Exhibit A to the complaint in this action, *to wit*: (i) a final award issued in an arbitration before the International Centre for Dispute Resolution, *Est. of Wolinksy, et al. v. Liberty One Funding Tr., et al.*, ICDR No. 01-19-0002-4689 (Exhibit A); (ii) a partial final award issued in an arbitration before the International Centre for Dispute Resolution, *Est. of Malkin v. Sail Funding Tr. II*, ICDR No. 01-16-0000-9207 (Exhibit B); (iii) a partial final award issued in an arbitration before the AAA, *Est. of Carmel, et al. v. Sail Guernsey Funding Tr. I, et al.*, AAA No. 01-21-0003-7544 (Exhibit C); (iv) a marketing slide deck titled "The Liberty Premium Finance Program" (Exhibit D); (v) a trust instrument titled "HSW Family Irrevocable Trust" (Exhibit E); (vi) the Operating Agreement of Helen Wilkenfeld 2004, LLC (Exhibit F); (vii) the Liberty Premium Finance Program Financing Agreement between Liberty One Funding Trust and Helen Wilkenfeld, among others (Exhibit G). *See* Compl. Ex. A.

[5] The Financing Agreement related to Helen Wilkenfeld, which has been filed under seal in the *Liberty One* Action, also contains personal "Consumer Information," which is subject to a confidentiality provision given the sensitive nature of that document. *See* Compl. Ex. A, at Ex. G.

3

*Coll. of Art & Design v. Sch. of Visual Arts, Inc.*, 270 Ga. 791, 792–93 (1999); *see also Original Appalachian Artworks, Inc. v. Jakks Pac., Inc.*, 1:14-CV-02861-ELR, 2017 WL 5476798, at *4 (N.D. Ga. Mar. 6, 2017), aff'd, 718 Fed. Appx. 776 (11th Cir. 2017).  The Motion to Seal is therefore **GRANTED**.  However, to the extent that specific matters contained in Exhibit A become material to this litigation or other circumstances warrant, the Court may revisit and narrow this sealing order accordingly.  Additionally, if Defendants, once they are served and file their responsive pleading, wish to be heard with respect to this sealing order, they should advise the Court.

The Clerk of Court is directed to change the filing designation of the "Provisionally Sealed Exhibit to Complaint" filed on December 1, 2023, to "Sealed" and maintain the same under seal, visible only the parties and the appropriate courts, pending further order of the Court.  The redacted version of the Complaint, with Exhibit A redacted therefrom, shall remain on the public docket.

IT IS SO ORDERED this __7th__ day of December, 2023.

_____
HON. WILLIAM "BILL" GRADY HAMRICK, III
Georgia State-wide Business Court Judge

*Wells Fargo Bank, N.A., et al. v. Achenbach, et al. (23-GSBC-0013)*
*Order Granting Motion to Seal Exhibit to Complaint*

*Copies to*:[6]

**Terry R. Weiss**
trweiss@duanemorris.com

**Catherine G. Lucas**
klucas@duanemorris.com

DUANE MORRIS LLP
1075 Peachtree Street, N.E., Suite 1700
Atlanta, Georgia 30309-3929
Telephone: (404) 253-6912


**Jonathan P. Hersey** (admitted *pro hac vice*)
jonathan.hersey@klgates.com

**Kennedy M. Myers** (admitted *pro hac vice*)
kennedy.loenhorst@klgates.com

K&L GATES LLP
1 Park Plaza, Twelfth Floor
Irvine, California 92614
Telephone: (949) 253-0900

*Counsel for Plaintiffs*



*Wells Fargo Bank, N.A., et al. v. Achenbach, et al. (23-GSBC-0013)*
*Order Granting Motion to Seal Exhibit to Complaint*

---

[6] Plaintiffs are directed to serve a copy of this order on the named Defendants (or their counsel if formally represented in connection with this action) in accordance with Georgia law.