IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JAMES ROLLINS,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br>v.<br><br>**ANYTIME HEATING COOLING & PLUMBING, LLC**<br><br>Defendant. | Case No. _____<br><br>**Collective Action Complaint**<br><br>**Jury Demand** |

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JAMES ROLLINS, ("Plaintiff"), individually and on behalf of all other similarly situated servers, sues the Defendant, ANYTIME HEATING COOLING & PLUMBING, LLC (hereinafter "AHCP"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. as a result of AHCP failing to pay Plaintiff and other installation technicians overtime compensation owed to them pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**Nature of Case**

1. Defendant owns and operates a business in the Atlanta area which offers heating, cooling and plumbing services. *See* https://

1

https://anytimehvac.com/.

2. To service customers, AHCP employs installation technicians like Plaintiff to help install equipment and provide other work.

3. AHCP pays these installation technicians a per job and/or per piece rate of pay.

4. However, AHCP does not pay overtime compensation in addition to the per job or piece rates paid.

5. Pursuant to the FLSA, employees paid on a per job or piece rate pay methodology are entitled to overtime compensation. *See* 29 C.F.R. §778.111 and 29 C.F.R. §778.112.

**Parties**

6. At all material times relevant to this Complaint, Defendant is/was a Delaware Corporation that operated and conducted business in Fulton County, Georgia.

7. At all material times, Defendant owned and/or operated AHCP located at 980 Birmingham Road, Suite 501, Alpharetta, GA 30004.

8. Plaintiff was an employee of AHCP.

9. Plaintiff worked as an installation technician for AHCP from approximately January 2021 to August 2023.

## Jurisdiction and Venue:

10. The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

11. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial party of the events or omissions giving rise to the claim occurred in this District.

## Coverage

12. Defendant, AHCP, is in the heating and cooling business throughout the Atlanta area.

13. At all material times, AHCP is/was an enterprise subject to the FLSA's provisions on minimum and overtime wages.

14. At all material times, AHCP is/was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. cooling

equipment and supplies, heating equipment and supplies, plumbing equipment and supplies, computers, phones, office equipment and other items used to run the business).

15. At all material times, AHCP has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all material times, Plaintiff was considered an "employee" of the Company.

## General Factual Allegations

17. Plaintiff was an employee who worked at AHCP within the last two plus years in Fulton County, Georgia.

18. At all times material to this cause of action, Plaintiff was a non-exempt employee.

19. Plaintiff worked as an installation technician for the Company.

20. Plaintiff was paid by the job and/or piece rate pay.

21. In fact, when Plaintiff was interviewing for the installation technician job, he was told the position was primarily paid by the job, including specific dollar amounts for system installed, Evap coils and AC, furnace or air handler installed, as well as other specific dollar amounts for certain jobs performed.

22. Plaintiff was also eligible for some small commissions for plumbing leads or items upsold during the installation process.

23. All other installation technicians of AHCP were paid in a similar manner.

24. Plaintiff worked over forty (40) hours per week on a regular basis.

25. Other installation technicians also worked overtime hours for AHCP.

26. However, Plaintiff would regularly only be paid his per job rates (mislabeled a "commission" on paystubs) without any additional overtime compensation for overtime hours worked.

27. Other installation technicians were paid in a similar manner and also did not receive full overtime compensation for overtime hours worked.

28. As a result of the improper common policies and practices, AHCP has failed to pay Plaintiff and other similarly situated installation technicians all overtime compensation owed to them.

29. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other installation technicians are in the possession and custody of AHCP.

30. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

31. All conditions precedent to this action have been performed or waived.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through thirty-one (31) above as though stated fully herein.

33. Plaintiff and the other installation technicians are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

34. During their employment with AHCP, Plaintiff and other installation technicians worked overtime hours but were not paid time and one-half compensation for same.

35. Specifically, Plaintiff and other installation technicians were typically only paid their per job and/or per piece rates for all hours worked regardless of how many overtime hours were worked in the workweek.

36. AHCP has failed to provide complete "time and one-half" premium overtime compensation to Plaintiff and other installation technicians.

37. AHCP did not have a good faith basis for its decision to not pay Plaintiff and other installation technicians full overtime compensation.

38. As a result of AHCP's intentional, willful and unlawful acts in

refusing to pay Plaintiff and other installation technicians time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and the other installation technicians have suffered damages plus incurring reasonable attorneys' fees and costs.

39.     As a result of AHCP's willful violation of the FLSA, Plaintiff and other installation technicians are entitled to liquidated damages.

WHEREFORE, Plaintiff, JAMES ROLLINS, on behalf of himself and those similarly situated installation technicians, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## Jury Demand

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 19th day of December, 2023.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
*MAILING ADDRESS:*
*P.O. Box 530244*

*Atlanta, GA 30353-0244*
T: (407) 420-1414
F: (407) 245-3401
E:  RMorgan@forthepeople.com
*Attorney for Plaintiff*