# EXHIBIT "A"
# ALL SUPERIOR COURT PROCESSES,
# PLEADINGS AND ORDERS

State Court of Fulton County
**E-FILED**
22EV004346
12/18/2023 10:29 AM
Donald Talley, Clerk
Civil Division

**TO:**         **All Judges, Clerk of Court and Counsel of Record**

**FROM:**     **Christopher T. Conway, Esq.**

**RE:**         **Notice of Leave of Absence**

**DATE:**     **December 18, 2023**

COMES NOW, Christopher T. Conway, Esq., and respectfully notifies all judges before whom he has this case pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

The period of leave during which time Applicant will be away from the practice of law are: January 15, 2024, February 15 through February 20, 2024, March 29, 2024 through April 8, 2024, April 17, 2024 through April 19, 2024. Applicant states he will be on personal business during the indicated periods of time and will be unable to participate in trials, hearings, depositions and other legal proceedings during this period.

All affected judges and opposing counsel shall have ten days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

This 18th day of December, 2023.

Respectfully submitted,

CONWAY LAW, LLC

/s/ Christopher Conway
Georgia Bar No. 823011
*Attorney for Plaintiff*

1862 Independence Square
Suite E
Dunwoody, GA 30338
(404) 334-3311
chris@chrisconwaylaw.com

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of December, 2023 a copy of the within and

foregoing **Notice of Leave of Absence** was served upon all judges, clerks and opposing counsel

by electronic filing, Email and/or depositing a copy of the same in the U.S. Mail with adequate

postage thereto.

Charles A. Dorminy, Esq.
R. Wells Littlefield, Esq.
HALL BOOTH SMITH, P.C.
3528 Darien Highway, Suite 300
Brunswick, Georgia 31525
cdorminy@hallboothsmith.com
rlittlefield@hallboothsmith.com
*Counsel for Defendants NV LNWA JIC Hotel,*
*LLC d/b/a Jekyll Island Club Resort*

James D. Burchett, Esq.
BURCHETT & KEMP, LLP
P.O. Box 2814
Waycross, Georgia 31502
james@burchettkemp.com
*Counsel for Defendants Travis Bradley Boyd*
*& Brad Boyd Construction, LLC*

April Rich, Esq.
LAW OFFICE OF ROBERT D. REAM
P.O. Box 7217
London, KY 40742
AtlantaLegalEService@libertymutual.com
*Counsel for Defendants Quality Custom*
*Remodeling & Design, Inc. and David Scott*
*McClain*

Respectfully submitted,
CONWAY LAW, LLC

*/s/ Christopher Conway*
Georgia Bar No. 823011
*Attorney for Plaintiff*

1862 Independence Square
Suite E
Dunwoody, GA 30338
(404) 334-3311
(404) 334-3331
chris@chrisconwaylaw.com

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA

**SUCV2023000112**
JP
DEC 15, 2023 03:32 PM

*Cecil Dye*
Cecil Dye, Clerk
Towns County, Georgia

IN THE SUPERIOR COURT OF TOWNS COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| GARY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. SUCV2023000112 |
| | ) | |
| FRANCIS NAVARRE and JOHN | ) | |
| DOES 1 & 2, | ) | |
| | ) | |
| Defendants. | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Rule 5.2 of the Uniform Superior Court Rules, I hereby certify that on this date

I served a copy of the following:

1. RESPONSES AND OBJECTIONS OF FRANCIS NAVARRE TO PLAINTIFF GARY DAVIS' REQUEST FOR ADMISSIONS;

2. RESPONSES AND OBJECTIONS OF FRANCIS NAVARRE TO PLAINTIFF GARY DAVIS' INTERROGATORIES; and

3. RESPONSES AND OBJECTIONS OF FRANCIS NAVARRE TO PLAINTIFF GARY DAVIS' REQUEST FOR PRODUCTION OF DOCUMENTS

via statutory electronic service to counsel of record as follows:

Ahkibah Khan, Esq.
Jan P. Cohen, Esq.
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
The Peachtree, Suite 1000
Atlanta, Georgia 30309
akhan@attorneykennugent.com
jcohen@attorneykennugent.com

I further certify that I have this day served the within and foregoing ***RULE 5.2***

***CERTIFICATE OF SERVICE OF DISCOVERY*** to the clerk of court using the *PeachCourt* E-file

system, which will automatically send electronic mail notification of such filing to counsel of record

who are system participants.  Counsel of record are:

Ahkibah Khan, Esq.
Jan P. Cohen, Esq.
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
The Peachtree, Suite 1000
Atlanta, Georgia 30309
akhan@attorneykennugent.com
jcohen@attorneykennugent.com

This 15th day of December, 2023.

FREEMAN MATHIS & GARY, LLP

/s/ Marc H. Bardack
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
AARON MILLER
Georgia Bar No. 898190
amiller@fmglaw.com

Attorneys for Defendant Francis Navarre

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 - Phone
(833) 330-3669 – Facsimile

🌸 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA

**SUCV2023000112**
JP
DEC 15, 2023 04:29 PM

*Cecil Dye*

Cecil Dye, Clerk
Towns County, Georgia

IN THE SUPERIOR COURT OF TOWNS COUNTY
STATE OF GEORGIA

GARY DAVIS,                          )
                                     )
    Plaintiff,                     )
                                     )        CIVIL ACTION FILE
v.                                   )        NO. SUCV2023000112
                                     )
FRANCIS NAVARRE and JOHN             )
DOES 1 & 2,                          )
                                     )
    Defendants.                    )

## PLAINTIFF GARY DAVIS' RESPONSE TO DEFENDANT FRANCIS NAVARRE'S FIRST REQUESTS FOR ADMISSION

NOW COMES Gary Davis, Plaintiff herein, and responds to the Defendant's First Interrogatories to Plaintiff as follows:

### REQUESTS

1.

Admit that you have been a citizen of Georgia continuously since January 5, 2022.

**RESPONSE:**

    **Admit.**

2.

Admit that the amount in controversy in this case exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**RESPONSE:**

    **Admit.**

3.

If your response to request no. 2 is anything other than an unqualified admission, admit that you or your counsel will not ask a judge or jury to award damages in excess of $75,000, exclusive of interest and costs.

**RESPONSE:**

**Deny.**

4.

If your response to request no. 2 is anything other than an unqualified admission, admit that you will not amend your complaint to seek damages in excess of $75,000.00, exclusive of interest and costs, after the expiration of one year from the date this case was commenced.

**RESPONSE:**

**Deny.**

5.

If your response to request no. 2 is anything other than an unqualified admission, admit that in the event of a verdict or judgment in excess of $75,000, exclusive of interest and costs, you will agree not to execute on any portion of the verdict or judgment that exceeds $75,000.00, exclusive of interest and costs.

**RESPONSE:**

**Deny.**

6.

If your response to request no. 2 is anything other than an unqualified admission, admit that in the event of a verdict or judgment in excess of $75,000, exclusive of interest and costs, you will agree that the verdict or judgment shall be satisfied and canceled upon payment of $75,000.00, exclusive of interest and costs.

**RESPONSE:**

**Deny.**

This 15th day of December, 2023.

KENNETH S. NUGGENT, P.C.

*/s/ Ahkibah Khan*
Ahkibah Khan, Esq.
Georgia Bar No. 416970
Jan P. Cohen
Georgia Bar No. 174337
*Attorneys for Plaintiff*

1355 Peachtree Street NE
Suite 1000
Atlanta, Georgia 30309
Phone: 404- 253-5830
akhan@attorneykennugent.com
jcohen@attorneykennugent.com

**IN THE STATE COURT OF TOWNS COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **GARY DAVIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **FILE NO.:  SUCV2023000112** |
| **FRANCIS NAVARRE and JOHN** | : | |
| **DOES 1-2,** | : | |
| | : | |
| **Defendant.** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Plaintiff's Response to Defendant's Request for Admission* upon all parties concerned by Statutory Electronic Delivery via email to each counsel of record and depositing same in the United States Mail with sufficient postage thereon to ensure proper delivery as follows:

Jason Darneille, Esq.
Gower, Wooten & Darneille, LLC
4200 Northside Parkway, NW
Suite 12
Atlanta, GA  30327
jdarneille@gwdlawfirm.com

Marc Bardack, Esq.
Freeman, Mathis & Gary
100 Galleria Parkway, Ste. 1600
Atlanta, GA  30339
mbardack@fmglaw.com

This 15th day of December, 2023.

**KENNETH S. NUGGENT, P.C.**

1355 Peachtree Street NE
Suite 1000
Atlanta, Georgia 30309
Phone: 404- 253-5830
akhan@attorneykennugent.com
jcoheh@attorneykennugent.com

*/s/ Ahkibah Khan*
Ahkibah Khan, Esq.
Georgia Bar No. 416970
Jan P. Cohen
Georgia Bar No. 174337
*Attorneys for Plaintiff*

- 4 -

**⊛ EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA
**SUCV2023000112**
JP
DEC 01, 2023 03:01 PM

Cecil Dye, Clerk
Towns County, Georgia

IN THE SUPERIOR COURT OF TOWNS COUNTY
STATE OF GEORGIA

GARY DAVIS,                                )
                                           )
    Plaintiff,                         )
                                           )    CIVIL ACTION FILE
v.                                         )    NO. SUCV2023000112
                                           )
FRANCIS NAVARRE and JOHN                   )
DOES 1 & 2,                                )
                                           )
    Defendants.                        )

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Rule 5.2 of the Uniform Superior Court Rules, I hereby certify that on this date

I served a copy of the following:

1. DEFENDANT FRANCIS NAVARRE'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF GARY DAVIS;

2. DEFENDANT FRANCIS NAVARRE'S FIRST INTERROGATORIES TO PLAINTIFF GARY DAVIS; and

3. DEFENDANT FRANCIS NAVARRE'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF GARY DAVIS

via statutory electronic service to counsel of record as follows:

Ahkibah Khan, Esq.
Jan P. Cohen, Esq.
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
The Peachtree, Suite 1000
Atlanta, Georgia 30309
akhan@attorneykennugent.com
jcohen@attorneykennugent.com

I further certify that I have this day served the within and foregoing **RULE 5.2**

**CERTIFICATE OF SERVICE OF DISCOVERY** to the clerk of court using the *PeachCourt* E-file

system, which will automatically send electronic mail notification of such filing to counsel of record who are system participants.  Counsel of record are:

Ahkibah Khan, Esq.
Jan P. Cohen, Esq.
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
The Peachtree, Suite 1000
Atlanta, Georgia 30309
akhan@attorneykennugent.com
jcohen@attorneykennugent.com

This 1st day of December, 2023.

FREEMAN MATHIS & GARY, LLP

/s/ Marc H. Bardack
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
AARON MILLER
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendant Francis Navarre*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 - Phone
(833) 330-3669 – Facsimile

❦ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA

**SUCV2023000112**
JP
DEC 01, 2023 03:01 PM

*Cecil Dye*
Cecil Dye, Clerk
Towns County, Georgia

IN THE SUPERIOR COURT OF TOWNS COUNTY
STATE OF GEORGIA

GARY DAVIS,                         )
                                    )
    Plaintiff,                      )
                                    )          CIVIL ACTION FILE
v.                                  )          NO. SUCV2023000112
                                    )
FRANCIS NAVARRE and JOHN            )
DOES 1 & 2,                         )
                                    )
    Defendants.                     )

## ANSWER AND DEFENSES OF DEFENDANT FRANCIS NAVARRE TO PLAINTIFF GARY DAVIS' COMPLAINT FOR DAMAGES

    COMES NOW defendant Francis Navarre ("defendant Navarre") and without waiving but specifically reserving all jurisdictional defenses available to him, serves this, his answer to plaintiff Gary Davis' ("plaintiff") Complaint for Damages ("complaint") as follows:

### FIRST DEFENSE

    All or part of plaintiff's complaint fails to state a cause of action against defendant Navarre upon which relief can be granted, and defendant Navarre therefore moves to dismiss said action.

### SECOND DEFENSE

    No act or omission of defendant Navarre either proximately caused or contributed to whatever damage the plaintiff may have sustained, and, on account thereof, plaintiff is not entitled to recover any sum of defendant Navarre.

### THIRD DEFENSE

    To avoid waiving affirmative defenses which may subsequently develop, and in further answer, defendant Navarre states that plaintiff's complaint may be barred by the affirmative defenses stated in O.C.G.A. §9-11-8(c), or any one of them.

1

## FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant Navarre asserts the defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to exercise ordinary care for plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, sudden emergency, and waiver.

## FIFTH DEFENSE

Plaintiff has failed to state facts sufficient to entitle him to an award of compensatory damages or attorneys' fees and expenses from defendant Navarre.

## SIXTH DEFENSE

Plaintiff's potential claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred because defendant Navarre did not act in bad faith in the underlying transaction giving rise to this suit.

## SEVENTH DEFENSE

Plaintiff's potential claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred by the existence of a bona fide dispute as to liability and/or damages.

## EIGHTH DEFENSE

The failure to plead special damages bars their recovery. O.C.G.A. § 9-11-9(g).

2

## NINTH DEFENSE

Further answering the numbered paragraphs of plaintiff's complaint, this defendant answers as follows:

1.

Defendant Navarre lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of plaintiff's complaint but out of an abundance of caution, they are denied.

2.

Defendant Navarre denies the allegations contained in paragraph 2 of plaintiff's complaint.

3.

Defendant Navarre lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 3 of plaintiff's complaint but out of an abundance of caution, they are denied.

## RESPONSE TO SUMMARY OF FACTS

4.

Defendant Navarre admits the allegations contained in paragraph 4 of plaintiff's complaint.

5.

Defendant Navarre lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of plaintiff's complaint but out of an abundance of caution, they are denied.

6.

Defendant Navarre admits the allegations contained in paragraph 6 of plaintiff's complaint.

7.

Defendant Navarre denies the allegations contained in paragraph 7 of plaintiff's complaint.

8.

Defendant Navarre denies the allegations contained in paragraph 8 of plaintiff's complaint.

9.

Defendant Navarre denies the allegations contained in paragraph 9 of plaintiff's complaint.

10.

Defendant Navarre lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of plaintiff's complaint but out of an abundance of caution, they are denied.

11.

Defendant Navarre denies the allegations contained in paragraph 11 of plaintiff's complaint.

12.

Defendant Navarre denies the allegations contained in paragraph 12 of plaintiff's complaint.

13.

Defendant Navarre denies the allegations contained in paragraph 13 of plaintiff's complaint.

14.

Defendant Navarre lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 14 of plaintiff's complaint but out of an abundance of caution, they are denied.

15.

Defendant Navarre lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 15 of plaintiff's complaint but out of an abundance of caution, they are denied.

**RESPONSE TO COUNT I – NEGLIGENCE AND NEGLIGENCE PER SE**

16.

Defendant Navarre incorporates his responses to paragraphs 1 through 15 of the plaintiff's complaint, inclusive, by reference as if fully set forth herein.

17.

Defendant Navarre denies the allegations contained in paragraph 17 of plaintiff's complaint.

18.

Defendant Navarre denies the allegations contained in paragraph 18 of plaintiff's complaint.

19.

Defendant Navarre denies the allegations contained in paragraph 19 of plaintiff's complaint.

20.

Defendant Navarre denies the allegations contained in paragraph 20 of plaintiff's complaint.

21.

Defendant Navarre denies the allegations contained in paragraph 21 of plaintiff's complaint.

22.

Defendant Navarre lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 22 of plaintiff's complaint but out of an abundance of caution, they are denied.

23.

Defendant Navarre denies the allegations contained in paragraph 23 of plaintiff's complaint.

24.

Defendant Navarre lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 24 of plaintiff's complaint but out of an abundance of caution, they are denied.

25.

Defendant Navarre lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 25 of plaintiff's complaint but out of an abundance of caution, they are denied.

26.

Defendant Navarre lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 26 of plaintiff's complaint but out of an abundance of caution, they are denied.

27.

Defendant Navarre denies the allegations contained in paragraph 27 of plaintiff's complaint.

28.

Defendant Navarre denies the allegations contained in paragraph 28 of plaintiff's complaint.

29.

In response to the "WHEREFORE" paragraph immediately following paragraph 28 of Plaintiff's Complaint, defendant Navarre denies he is liable to Plaintiff and denies that Plaintiff is entitled to any relief from him under any theory at law or in equity.

Each and every allegation contained in plaintiff's complaint not specifically addressed above is hereby expressly denied.

WHEREFORE, Defendant Navarre, having fully answered the plaintiff's complaint, prays that he hence be discharged of the plaintiff's complaint on all the aforesaid defenses, and that judgment be entered in favor of him and against the plaintiff with all costs cast upon the plaintiff.

This 1st day of December, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
AARON MILLER
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendant Francis Navarre*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 - Phone
(833) 330-3669 – Facsimile

CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing *ANSWER AND DEFENSES OF DEFENDANT FRANCIS NAVARRE TO PLAINTIFF GARY DAVIS' COMPLAINT FOR DAMAGES* to the clerk of court using the *PeachCourt* E-file system, which will automatically send electronic mail notification of such filing to counsel of record who are system participants. Counsel of record are:

Ahkibah Khan, Esq.
Jan P. Cohen, Esq.
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
The Peachtree, Suite 1000
Atlanta, Georgia 30309
akhan@attorneykennugent.com
jcohen@attorneykennugent.com

This 1st day of December, 2023.

FREEMAN MATHIS & GARY, LLP

*/s/ Marc H. Bardack*
MARC H. BARDACK
Georgia Bar No. 037126
mbardack@fmglaw.com
AARON MILLER
Georgia Bar No. 898190
amiller@fmglaw.com

*Attorneys for Defendant Francis Navarre*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
(770) 818-0000 - Phone
(833) 330-3669 – Facsimile

8

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA

**SUCV2023000112**
JP
NOV 13, 2023 03:54 PM

Cecil Dye, Clerk
Towns County, Georgia

IN THE STATE COURT OF TOWNS COUNTY
STATE OF GEORGIA

GARY DAVIS,                              :
                                         :
          Plaintiff,                     :
                                         :
v.                                       :     CIVIL ACTION
                                         :     FILE NO.:  SUCV2023000112
FRANCIS NAVARRE and JOHN                 :
DOES 1-2,                                :
                                         :
          Defendant.                     :

---

### PLAINTIFF GARY DAVIS'S RULE 5.2 CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Plaintiff Gary Davis's Responses to Progressive Premier Insurance Company of Illinois' First Interrogatories and Request for Production of Documents* upon all parties concerned by Statutory Electronic Service via email delivery to each counsel of record via email delivery to ensure proper delivery as follows:

Jason Darneille, Esq.                          Francis Navarre
Gower, Wooten & Darneille,                     220 East Greenwood Drive
LLC                                            Haskins, OH  43525
4200 Northside Parkway, NW
Suite 12
Atlanta, GA  30327

This 13th day of November, 2023.

KENNETH S. NUGGENT, P.C.

*/s/ Ahkibah Khan*
Ahkibah Khan, Esq.
Georgia Bar No. 416970
Jan P. Cohen
Georgia Bar No. 174337
*Attorneys for Plaintiff*

1355 Peachtree Street NE
Suite 1000
Atlanta, Georgia 30309
Phone: 404- 253-5830
akhan@attorneykennugent.com
jcohen@attorneykennugent.com

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA

**SUCV2023000112**
JP
**NOV 08, 2023 01:35 PM**

*Cecil Dye*
Cecil Dye, Clerk
Towns County, Georgia

IN THE SUPERIOR COURT OF TOWNS COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **DAVIS, GARY** | Case No.: **SUCV2023000112** |
| Plaintiff/Petitioner | |
| vs. | |
| **NAVARRE, FRANCIS** | **AFFIDAVIT OF SERVICE OF** |
| Defendant/Respondent | **SUMMONS; COMPLAINT** |

Received by Gwendolyn Mitchell, on the 27th day of October, 2023 at 5:49 PM to be served upon **FRANCIS NAVARRE at 220 East Greenwood Drive, Haskins, Wood County, OH 43525.**
On the 1st day of November, 2023 at 10:48 AM, I, Gwendolyn Mitchell, **SERVED FRANCIS NAVARRE at 220 East Greenwood Drive, Haskins, Wood County, OH 43525** in the manner indicated below:

**SUBSTITUTE SERVICE,** by personally leaving 1 copy(ies) of the above-listed documents at his/her usual place of abode with **Jane Doe,** who is 15 years of age or older, a person residing therein of who confirmed the Defendant resides at the above address and informed that person of the contents thereof.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to an individual who refused to give their name who identified themselves as the subject's daughter, co-resident. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact 55-65 years of age, 5'8"-5'10" tall and weighing 160-180 lbs. Daughter of Francis accepted service. Subject was out working.**

Service Fee Total: **$0.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Gwendolyn Mitchell_                    _11-3-23_
Gwendolyn Mitchell                 Server ID #                    Date

Notary Public: Subscribed and sworn before me on this _3_ day of _November_ in the year of 20_23_
Personally known to me _✓_ or _____ identified by the following document:

_Sheron D Williams_
Notary Public (Legal Signature)

SHERON D WILLIAMS
My Commission Expires
February 20, 2029
County of Wayne

REF: **REF-13341070(2)**

Page 1 of 1
Tracking #: **0117238450**

✎ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA

**SUCV2023000112**
JP
OCT 09, 2023 03:44 PM

*Cecil Dye*
Cecil Dye, Clerk
Towns County, Georgia

**IN THE STATE COURT OF TOWNS COUNTY**
**STATE OF GEORGIA**

GARY DAVIS,                                           :
                                                     :
                  Plaintiff,                          :
                                                     :
vs.                                                  :   CIVIL ACTION
                                                     :   FILE NO. SUCV2023000112
FRANCIS NAVARRE and JOHN DOE 1-2,                    :
                                                     :
                  Defendants.                         :

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

This certifies, pursuant to Rule 5.2(2), U.S.C.R., that I have served all parties of record

with copies of ***Progressive Premier Insurance Company of Illinois' First Continuing***

***Interrogatories and Request for Production of Documents to Plaintiff*** by filing the same with

this Court through the designated electronic filing system and/or depositing a copy of same in the

United States mail in an appropriately addressed envelope with adequate postage thereon as

follows:

Ahkibah Khan, Esq.
Jan P. Cohen, Esq.
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
The Peachtree, Suite 1000
Atlanta, GA 30309

THIS 9th day of October 2023.

GOWER WOOTEN & DARNEILLE, LLC

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
Attorney for Progressive Premier Insurance
Company of Illinois

4200 Northside Parkway NW, Building 12
Atlanta, GA 30327
(404) 662-2333
(678) 981-5182 Fax
jdarneille@gwdlawfirm.com

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA

**SUCV2023000112**
JP
OCT 09, 2023 03:44 PM

*Cecil Dye*
Cecil Dye, Clerk
Towns County, Georgia

**IN THE STATE COURT OF TOWNS COUNTY**
**STATE OF GEORGIA**

GARY DAVIS,                                         :
                                                            :
                          Plaintiff,              :
                                                            :
vs.                                                       :      CIVIL ACTION
                                                            :      FILE NO. SUCV2023000112
FRANCIS NAVARRE and JOHN DOE 1-2,   :
                                                            :
                          Defendants.         :

**PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS' FIRST**
**INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO**
**PLAINTIFF**

**TO:**   GARY DAVIS
         And his attorneys of record
         Ahkibah Khan, Esq.
         Jan P. Cohen, Esq.
         Kenneth S. Nugent, P.C.
         1355 Peachtree Street, NE
         The Peachtree, Suite 1000
         Atlanta, GA 30309

        **COME NOW** Progressive Premier Insurance Company of Illinois and propounds the

following continuing Interrogatories to Plaintiff GARY DAVIS, to be answered under oath in

accordance with the law.

I.

INSTRUCTIONS

        You are hereby required, pursuant to O.C.G.A. § 9-11-33, to answer all of the following

interrogatories, separately and fully, in writing under oath.  Within the time allowed by law,

return your answers to the undersigned attorney at GOWER WOOTEN & DARNEILLE, LLC,

4200 Northside Parkway, Building 12, Atlanta, GA 30327.  You are under a duty to seasonably

supplement or amend your responses in compliance with O.C.G.A. § 9-11-26.

        The interrogatories to be answered by you are as follows:

II.

<u>INTERROGATORIES</u>

(1)     Please state your full name, all aliases and/or formal names you have previously used, your date of birth and social security number.

(2)     If you are married at the present, please give the complete legal name of your spouse.

(3)     Have you ever plead guilty to or been convicted of any crime?  If so, please state, the date of the plea or conviction, the nature of the crime; and the Court where the plea was entered or conviction rendered.

(4)     Have you ever been arrested?  If so, with regard to each such arrest, please state the date, the offense for which you were arrested, the place where you were arrested, the Court handling the charges, the plea you entered and the disposition of the charges.

(5)     Prior or subsequent to this litigation, were you ever a plaintiff or defendant in a lawsuit of any kind?  If so, please state whether you were plaintiff or defendant, the name of all other parties thereof, the name and address of the court where such action was filed, the year in which such action was filed and the outcome of such lawsuit.

(6)     Have you been involved in an automobile accident BEFORE or AFTER the accident which is the subject matter of this litigation?  If your answer is in the affirmative, please state the date, time, and place of occurrence, the name, address, and telephone number of all parties involved in said accident, the address of investigating police department, if there were any personal injuries from such accident, the name and address of any health care facility and physicians who have treated you for said injury(ies), a short description of how accident occurred and whether you have filed any claim for personal injury or property damage.

(7)     Identify each person whom you believe may have knowledge of facts concerning the incident, your injuries, any discoverable matter or relevant information.

(8)     Identify each person whom you expect to call as an expert witness at trial and for each such expert witness state the subject matter to which he or she is expected to testify.

(9)     Identify each person who has investigated any aspect of the incident or your claims of injury and damage.

(10)    State whether there has been a judicial inquiry (for example, a hearing on traffic charges, a commitment hearing, inquest, or previous trial) concerning or involving the incident giving rise to this litigation.  If so, please describe each such proceeding, including the date(s) and place(s); the style and case number and the outcome of the inquiry.

(11)    Describe any activity in which you could engage before the accident which you cannot engage in now as a result of the injuries received in this accident.

(12)    Please describe and list all physical and mental injuries you allege you received in this accident.

(13)    Please itemize all expenses and special damages that you claim in this litigation and including, but not limited to, medical and hospital expenses, and loss of earnings or wages.

(14)    State what medical attention you have received since the incident complained of, setting forth in particular, the name and address of every physician, surgeon, or practitioner or any healing art who has treated you; and the approximate number of visits to each such physician, surgeon, or practitioner of any healing art, including date of first and last visit.

(15)    Have you been hospitalized at any time since the incident complained of?  If so, state the name(s) and address(es) of each hospital, the date or dates of any treatment received in a

hospital, the nature of the treatment rendered in each such hospital; and the name(s) and address(es) of your attending physician(s).

(16)    To your knowledge, information, or belief, have any of the physicians, surgeons, practitioners of any healing art or hospitals referred to above, made any reports, statements, or bills concerning your medical condition?  If so, please list the providers.

(17)    Were you ever hospitalized for any reason prior to the incident complained of?  If so, state the name and address of each hospital, the date or dates of any treatment received in a hospital and the name and address of your treating physician.

(18)    State what medical surgical, psychiatric, or other therapeutic care, treatment, procedure, or examination you have received before the accident, including the date(s) of each such care, treatment, procedure or examination; the care, treatment(s) or examination(s) which you received; the names(s) and address(es) of the physician(s), surgeon(s), or other practitioner(s) of any healing art from whom you received each such care, treatment, procedure or examination.

(19)    Prior or subsequent to the incident complained of, have you ever suffered from a similar injury or medical condition?  If so, please describe such injury, state when and where such injury was sustained and whether a claim for personal injury was made by you and, if so, against whom such claim was made.

(20)    As a result of this accident, have you ever sought medical treatment and been denied treatment for any reason?  If so, please state the date of attempted treatment, the doctor and facility and the reason for denial of treatment.

(21)    Please identify all of your employers for the past ten (10) years, giving dates of employment and a brief description of your duties.

(22)   State the name and address of your employer, if any, on the date of the incident complained of and your total salary, commissions, or other compensation.

(23)   If you are claiming lost earnings, please state:

     (a)   each and every basis, fact and circumstance upon which you rely for each such claim;

     (b)   if there has been any change in your occupation(s), employer(s), duties or earnings since the accident, please describe each such change; and

     (c)   if your alleged injuries have prevented you from working at any time since the accident referenced in the complaint, state:

          (1)   the date or dates that you were unable to work because of your injuries and what earnings, if any, you lost by reason of each such date of not working; and

          (2)   whether you have received any payment (Workmen's Compensation, sick leave pay, disability insurance, income protection insurance or other) on account of any such loss of time from work or loss of earnings and the amount of source of such payment.

(24)   If you have received or are entitled to receive compensation from a third party, (including employers, personal injury protection and/or insurance companies) for any of the expenses, lost wages or damages allegedly incurred in the incident giving rise to this litigation, please provide the following information:

     (a)   identify the source of such rights of payment;

(b)    if the source was an insurance company, state the policy and/or claim number;

(c)    identify the person(s) with whom you communicated concerning payments;

(d)    itemize the payments which you have received, specifying the expenses for which compensation was paid; and

(e)    if a workers compensation claim has been made or if you have otherwise suffered a personal injury since the accident, please state the claim number, the date of the injury, and itemize all payments received as a result of that claim.

(25)    With regard to each and every (i) POLICY under which you are claiming uninsured motorist benefits and (ii) policy of insurance under which you are the named insured or have paid all or part of the policy premium, please identify the named insured(s); the issuing insurance company(s); the policy number(s); the make, model and year of each covered vehicle; the amount of uninsured motorist coverage; and the agent with whom the named insured dealt.

(26)    If there was a policy of automobile liability insurance which you contend or, on information and belief, allege provided coverage to the owner or operator of any allegedly uninsured motor vehicle involved in the referenced accident, as to each policy please identify the named insured(s); the issuing insurance company(s); the policy and claim number(s); the adjuster(s) with whom you or anyone acting on your behalf has been in contact; the limits of liability coverage(s); and any basis for a denial of coverage, a reservation of rights or a non-waiver agreement.

(27)     Please state whether any enforceable liens or subrogation rights may be asserted, and whether or not you have received notice of any such lien or subrogation right that may be enforced, against any potential settlement proceeds or judgment in this action.  For purposes of this interrogatory, the term "enforceable liens or subrogation rights" shall include but not be limited to liens claimed under O.C.G.A. §44-14-470 et. seq. (hospital liens and/or physician liens); O.C.G.A. §49-9-149 (Georgia Department of Medical Assistance Liens); O.C.G.A. §49-9-14 (State of Georgia, Department of Human Resources, Division of Rehabilitation Service liens); 42 U.S.C.A. §1395y (b)(1) or 42 U.S.C.A. §1396a (25) (subrogation rights for Medicare benefits); and 42 U.S.C.A §2651, et. seq. (subrogation rights arising under the Medical Care Recovery Act, i.e., for benefits paid pursuant to CHAMPUS), and any alleged lien, subrogation claim and right of assignment or reimbursement from any individual or group health or medical insurance company that paid any benefits to you or on your behalf.

(28)     With respect to all insurance coverage which may be available to you as a result of the incident which is the subject of this lawsuit, please state the following:

    (a)     the name and address of any insurance company which may provide insurance coverage to you, your vehicle, or the vehicle in which you were driving or riding as a passenger at the time of this accident;

    (b)     the total amount of such benefits available to you from each source referred to in sub-section (a), specifying the amount available from each source;

    (c)     whether notice of potential responsibility as a result of the incident upon which the lawsuit is based has been provided to any of the

sources listed in your response to sub-section (a) above, specifying

the date, the form, and the method of such notice;

(d) for each source described in sub-section (a) of this interrogatory,

please state in detail all facts upon which you base your contention

that the source may provide insurance benefits;

(e) the number of the policy provided by each source described in sub-

section (a) of this interrogatory which you allege may provide

coverage for the incident described in the plaintiff's complaint, and

the limits of the coverage of the policy;

(f) the name and the address of the individual or entity which paid the

premium for insurance coverage to each source listed in your

response to sub-section (a) of this interrogatory; and

(g) the named insured on any policy available from any source listed in

sub-section (a) and describe your relationship to the insured.

(29) Regarding your claim that the Defendant is uninsured or underinsured, please state all facts which support your claim, including your understanding of the limits of insurance you believe are available from Defendant as well as the name of each insurer and the policy number of each such policy of insurance available to Defendant.

(30) Please set forth in detail how the incident which forms the basis of your complaint occurred.

(31) State whether you have or have had an account with Facebook, Twitter, or any other social media websites. If so, please also state your username or the account name under which you go by on any or all social media websites subscribed to, whether or not you posted anything

relating to the subject collision and/or lawsuit on any or all of the aforementioned websites; and the content of any such posting(s).

(32)    If making a claim for attorney fees, including but not limited to a claim through an O.C.G.A § 9-11-68 offer of settlement, please state:

(a)    the legal basis for the fees;

(b)    any fee arrangement with the client;

(c)    the hours worked to date;

(d)    any expenses incurred to date; and,

(e)    any other fees which you will claim you are owed.

(33) Please identify with particularity any photographs or drawings of any person, location or physical object involved in any way in this action.

III.

<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

(1)    Any and all documents relating to any issue of liability, injuries or damages involved in this case;

(2)    Any reports, notes, narrative statements, letters and any other documents relating to any injury contended by the Plaintiff to have been sustained as a result of the accident in question;

(3)    Any photographs, diagrams or drawings of any person, place or object involved in any way in this case;

(4)    Any statements (written or transcriptions of oral statements) from any person having any knowledge or information concerning the facts surrounding the accident and/or any damages contended by the Plaintiff to have been caused as a result of the accident; and

(5)     You are hereby requested to produce your federal and state income tax returns for the calendar year preceding the date of the accident, the calendar year of the accident and the calendar year following the date of the accident if you are making a claim for lost wages.

(6)     With regard to each and every (i) POLICY under which you are claiming uninsured motorist benefits and (ii) policy of insurance under which you are the named insured or have paid all or part of the policy premium, please provide a copy of said policy or declarations page.

(7)     If there is any policy of insurance available from any member of the household or umbrella insurance policy available which could provide coverage, as to each policy please provide a copy of said policy or declarations page.

(8)     Any and all insurance agreements, including application(s) for insurance, covering your insured as an automobile owner or operator on the date of the accident forming the subject matter of this case;

(9)     Any repair bills, estimates of repairs, automobile value appraisals or rental car bills related to any damages in which you contend occurred as a result of the accident forming the subject matter of this case;

(10)    Any denial letters from an insurance company and/or medical provider or facility relating to treatment from this accident.

(11)    Any and all documents which evidence prior suits or claims against the Defendant; and

(12)    Any and all documents which evidence any type of traffic violation or criminal violation made by the Defendant as a result of the occurrence which formed the basis of the Plaintiff's Complaint or any other incident.

(13)    Any and all documents related to Plaintiff's fee arrangement with Plaintiff's

counsel.

(14)     A copy of all facebook, twitter, and/or social media home pages.

(15)     Any and all expert reports.

THIS 9th day of October 2023.

GOWER WOOTEN & DARNEILLE, LLC

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
**Attorney for Progressive Premier Insurance
Company of Illinois**

4200 Northside Parkway NW, Building 12
Atlanta, GA 30327
(404) 662-2333
jdarneille@gwdlawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon opposing counsel a copy of the within and foregoing PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS' FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF by filing the same with this Court through the designated electronic filing system and/or depositing a copy of same in the United States mail in an appropriately addressed envelope with adequate postage thereon as follows:

Ahkibah Khan, Esq.
Jan P. Cohen, Esq.
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
The Peachtree, Suite 1000
Atlanta, GA 30309

THIS 9th day of October 2023.

GOWER WOOTEN & DARNEILLE, LLC

/s/ Jason D. Darneille
JASON D. DARNEILLE
Georgia Bar No. 224108
Attorney for Progressive Premier Insurance
Company of Illinois

4200 Northside Parkway NW, Building 12
Atlanta, GA 30327
(404) 662-2333
(678) 981-5182 Fax
jdarneille@gwdlawfirm.com

▓ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA

**SUCV2023000112**
JP
OCT 09, 2023 03:44 PM

*Cecil Dye*

Cecil Dye, Clerk
Towns County, Georgia

**IN THE STATE COURT OF TOWNS COUNTY
STATE OF GEORGIA**

GARY DAVIS,                                   :
                                              :
                    Plaintiff,                :
                                              :
vs.                                           :    CIVIL ACTION
                                              :    FILE NO. SUCV2023000112
FRANCIS NAVARRE and JOHN DOE 1-2,             :
                                              :
                    Defendants.               :

<u>**NOTICE OF LEAVE OF ABSENCE**</u>

**COMES NOW** Jason D. Darneille, attorney for Progressive Premier Insurance Company

of Illinois and hereby notifies the Court pursuant to Uniform Superior/State Court Rule 16.1 as

follows:

1.      Defendant's counsel will be out of town and/or on vacation and will be absent from

all proceedings including trials, hearings and depositions in the above-referenced matter during

the following dates:

**November 09, 2023, November 22, 2023-November 27, 2023, December 15,
2023-January 03, 2024 and March 01, 2024 through March 12, 2024.**

2.      All affected judges and opposing counsel shall have ten days from the date of this

Notice to object to it.  If no objections are filed, the leave shall be granted.

THIS 9th day of October 2023.

GOWER WOOTEN & DARNEILLE, LLC

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
Attorney for Progressive Premier Insurance
Company of Illinois

4200 Northside Parkway NW, Building 12
Atlanta, GA 30327
(404) 662-2333
(678) 981-5182 Fax
jdarneille@gwdlawfirm.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served upon opposing counsel a copy of the within and foregoing NOTICE OF LEAVE OF ABSENCE by filing the same with this Court through the designated electronic filing system and/or depositing a copy of same in the United States mail in an appropriately addressed envelope with adequate postage thereon as follows:

> Ahkibah Khan, Esq.
> Jan P. Cohen, Esq.
> Kenneth S. Nugent, P.C.
> 1355 Peachtree Street, NE
> The Peachtree, Suite 1000
> Atlanta, GA 30309

THIS 9th day of October 2023.

> GOWER WOOTEN & DARNEILLE, LLC
>
> /s/ Jason D. Darneille
> JASON D. DARNEILLE
> Georgia Bar No. 224108
> Attorney for Progressive Premier Insurance
> Company of Illinois

4200 Northside Parkway NW, Building 12
Atlanta, GA 30327
(404) 662-2333
(678) 981-5182 Fax
jdarneille@gwdlawfirm.com

☘ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA

**SUCV2023000112**

JP
OCT 09, 2023 03:44 PM

*Cecil Dye*

Cecil Dye, Clerk
Towns County, Georgia

**IN THE STATE COURT OF TOWNS COUNTY
STATE OF GEORGIA**

GARY DAVIS,                          :
                                     :
                Plaintiff,           :
                                     :
vs.                                  :     CIVIL ACTION
                                     :     FILE NO. SUCV2023000112
FRANCIS NAVARRE and JOHN DOE 1-2,    :
                                     :
                Defendants.          :

## ANSWER AND CROSS-CLAIM OF PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS

**COMES NOW** PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS, ostensibly served as the uninsured motorist carrier of the Plaintiff, which status it expressly denies, and files this, its Answer and Cross-Claim to the Plaintiff's Complaint, respectfully showing this Court the following facts:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state or set forth a claim against Progressive Premier Insurance Company of Illinois for which the legal relief sought can be granted.

### SECOND DEFENSE

Plaintiff's failure to specifically plead items of special damages bars his recovery in this action.

### THIRD DEFENSE

Plaintiff can make no recovery from Progressive Premier Insurance Company of Illinois until lawful service, venue, jurisdiction, and a valid judgment have been established against an "uninsured motorist."

### FOURTH DEFENSE

No damages can be recovered which were directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

## FIFTH DEFENSE

Progressive Premier Insurance Company of Illinois contends that the named Defendants in this case are neither uninsured nor underinsured as defined by Georgia Law.

## SIXTH DEFENSE

The payment of uninsured/underinsured benefits may be offset by Plaintiff's entitlement to worker's compensation benefits and/or medical payments benefits.

## SEVENTH DEFENSE

Progressive Premier Insurance Company of Illinois shows that it has the right to elect whether to defend in its own name or in the name of the Defendants and reserves the right to make that election pending the entry of a Pre-Trial Order.

## EIGHTH DEFENSE

This Court lacks jurisdiction over Progressive Premier Insurance Company of Illinois.

## NINTH DEFENSE

Venue is improper as to Progressive Premier Insurance Company of Illinois.

## TENTH DEFENSE

Responding specifically to each and every allegation of the Plaintiff's Complaint, Progressive Premier Insurance Company of Illinois shows as follows:

1.

Responding to Paragraph 1, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

2.

Responding to Paragraph 2, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

3.

Responding to Paragraph 3, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

4.

Responding to Paragraph 4, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

5.

Responding to Paragraph 5, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

6.

Responding to Paragraph 6, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

7.

Responding to Paragraph 7, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

8.

Responding to Paragraph 8, Progressive Premier Insurance Company of Illinois denies the allegations contained therein.

9.

Responding to Paragraph 9, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

10.

Responding to Paragraph 10, Progressive Premier Insurance Company of Illinois denies the allegations contained therein.

11.

Responding to Paragraph 11, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

12.

Responding to Paragraph 12, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

13.

Responding to Paragraph 13, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

14.

Responding to Paragraph 14, Progressive Premier Insurance Company of Illinois denies the allegations contained therein.

15.

Responding to Paragraph 15, Progressive Premier Insurance Company of Illinois denies the allegations contained therein.

16.

Responding to Paragraph 16, Progressive Premier Insurance Company of Illinois incorporates by reference its Answers to Paragraphs 1 through 15 as if fully set forth herein.

17.

Responding to Paragraph 17, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

18.

Responding to Paragraph 18, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

19.

Responding to Paragraph 19, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

20.

Responding to Paragraph 20, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

21.

Responding to Paragraph 21, Progressive Premier Insurance Company of Illinois is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

22.

Responding to Paragraph 22, Progressive Premier Insurance Company of Illinois denies the allegations contained therein.

23.

Responding to Paragraph 23, Progressive Premier Insurance Company of Illinois denies the allegations contained therein.

24.

Responding to Paragraph 24, Progressive Premier Insurance Company of Illinois denies the allegations contained therein.

25.

Responding to Paragraph 25, Progressive Premier Insurance Company of Illinois denies the allegations contained therein.

26.

Responding to Paragraph 26, Progressive Premier Insurance Company of Illinois denies the allegations contained therein.

27.

Responding to Paragraph 27, Progressive Premier Insurance Company of Illinois denies the allegations contained therein.

28.

Responding to Paragraph 28, Progressive Premier Insurance Company of Illinois denies the allegations contained therein.

29.

Any allegation of the Plaintiff's Complaint not specifically responded to herein is hereby denied.

CROSS-CLAIM

**COMES NOW** Progressive Premier Insurance Company of Illinois and, pursuant to O.C.G.A. § 9-11-13(g), files this, its Cross-Claim against Defendant Francis Navarre, and shows the Court as follows:

1.

Progressive Premier Insurance Company of Illinois has been served as if it were a party Defendant pursuant to O.C.G.A. § 33-7-11(d), the Georgia Uninsured Motorist Act.

2.

By serving Progressive Premier Insurance Company of Illinois, Plaintiff is alleging that the Defendant does not have sufficient liability insurance providing coverage for the claims made in this suit and that Progressive Premier Insurance Company of Illinois is liable as the uninsured/underinsured motorist insurer.

3.

Progressive Premier Insurance Company of Illinois shows that if it is found to be liable to make payment pursuant to the Georgia Uninsured Motorist Act, which liability is denied, then and

in that event, Progressive Premier Insurance Company of Illinois is entitled to recover over and against Defendant for all sums paid or payable up to its policy limit.

**WHEREFORE,** Progressive Premier Insurance Company of Illinois prays as follows:

(a)     That the Complaint against it be dismissed and that it be discharged without any liability to the Plaintiff whatsoever;

(b)     That Progressive Premier Insurance Company of Illinois has and recovers on its Cross-Claim against Defendant Francis Navarre;

(c)     That all costs of this action be cast against the Plaintiff; and,

(d)     For such other and further relief as the Court deems just under the circumstances.

THIS 9th day of October 2023.

GOWER WOOTEN & DARNEILLE, LLC

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
Attorney for Progressive Premier Insurance
Company of Illinois

4200 Northside Parkway NW, Building 12
Atlanta, GA 30327
(404) 662-2333
(678) 981-5182 Fax
jdarneille@gwdlawfirm.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served upon opposing counsel a copy of the within and foregoing ANSWER AND CROSS-CLAIM OF PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS by filing the same with this Court through the designated electronic filing system and/or depositing a copy of same in the United States mail in an appropriately addressed envelope with adequate postage thereon as follows:

Ahkibah Khan, Esq.
Jan P. Cohen, Esq.
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
The Peachtree, Suite 1000
Atlanta, GA 30309

THIS 9th day of October 2023.

GOWER WOOTEN & DARNEILLE, LLC

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
Attorney for Progressive Premier Insurance
Company of Illinois

4200 Northside Parkway NW, Building 12
Atlanta, GA 30327
(404) 662-2333
(678) 981-5182 Fax
jdarneille@gwdlawfirm.com

✤ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA

**SUCV2023000112**
JP
OCT 09, 2023 03:44 PM

*Cecil Dye*

Cecil Dye, Clerk
Towns County, Georgia

## IN THE STATE COURT OF TOWNS COUNTY
## STATE OF GEORGIA

GARY DAVIS,                          :
                                     :
                Plaintiff,           :
                                     :   CIVIL ACTION
vs.                                  :   FILE NO. SUCV2023000112
                                     :
FRANCIS NAVARRE and JOHN DOE 1-2,    :
                                     :
                Defendants.          :

### DEMAND FOR TRIAL BY JURY OF TWELVE

**COME NOW** Progressive Premier Insurance Company of Illinois and files this, its

Demand for Trial by Jury of Twelve as provided by law.

THIS 9th day of October 2023.

GOWER WOOTEN & DARNEILLE, LLC

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
Attorney for Progressive Premier Insurance
Company of Illinois

4200 Northside Parkway NW, Building 12
Atlanta, GA 30327
(404) 662-2333
(678) 981-5182 Fax
jdarneille@gwdlawfirm.com

CERTIFICATE OF SERVICE

This is to certify that I have this date served upon opposing counsel a copy of the within

and foregoing DEMAND FOR TRIAL BY JURY OF TWELVE by filing the same with this Court

through the designated electronic filing system and/or depositing a copy of same in the United

States mail in an appropriately addressed envelope with adequate postage thereon as follows:

Ahkibah Khan, Esq.
Jan P. Cohen, Esq.
Kenneth S. Nugent, P.C.
1355 Peachtree Street, NE
The Peachtree, Suite 1000
Atlanta, GA 30309

THIS 9th day of October 2023.

GOWER WOOTEN & DARNEILLE, LLC

*/s/ Jason D. Darneille*
JASON D. DARNEILLE
Georgia Bar No. 224108
Attorney for Progressive Premier Insurance
Company of Illinois

4200 Northside Parkway NW, Building 12
Atlanta, GA 30327
(404) 662-2333
(678) 981-5182 Fax
jdarneille@gwdlawfirm.com

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA

**SUCV2023000112**
JP
SEP 11, 2023 08:26 AM

*Cecil Dye*
Cecil Dye, Clerk
Towns County, Georgia

IN THE SUPERIOR COURT OF TOWNS COUNTY
STATE OF GEORGIA

**GARY DAVIS**

Plaintiff/Petitioner

vs.

**FRANCIS NAVARRE; JOHN DOES 1&2**

Defendant/Respondent

Cause No.:   **SUCV2023000112**
Hearing Date:

**DECLARATION OF SERVICE OF:**

**SUMMONS- FRANCIS; SUMMONS- PROGRESSIVE; COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATOIRES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FRANCIS NAVARRE; CERTIFICATE OF SERVICE OF DISCOVERY**

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

Documents came to hand on the _____ day of _____, 20___ at _____ o'clock ___M.

On the date and time of _____ at the address of **289 Culver Street South, Lawrenceville, Gwinnett County, GA 30046**, the undersigned served the above described documents upon:

**Progressive Premier Insurance Company of Illinois c/o CT Corporation System**

☐ **Corporate Service**
by then and there personally delivering ___ true and correct copy(ies) thereof, by then presenting to and leaving the same with

_____
*Name and Title of Person Receiving Documents*

_____
*Physical description*

**COMMENTS**

_____
_____
_____

DATED this _____ day of _____ 20 _____.

_____
*Process Server Name          Reg. State, County and ID#          Signature*

**ORIGINAL PROOF OF SERVICE**

ABC Legal Services, LLC          Page 1 of 1
633 Yesler Way
Seattle, WA 98104

Ref #: REF-13341070
Tracking #: 0111440860



SHERIFF'S ENTRY OF SERVICE                    SC-85-2                    CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

Civil Action No. __SUCV2023000112__

Date Filed __7/28/23__

| | |
|---|---|
| Superior Court ☑ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, __Towns__ COUNTY

Attorney's Address

1355 Peachtree Street NE
The Peachtree, Suite 1000
Atlanta, GA 30309

Name and Address of Party to be Served.

Progressive Premier Insurance
Company of illinois c/o ct Corporation system
289 Culver Street South
Lawrenceville, GA 30046

__Gary Davis__

Plaintiff

VS.

__Francis Navarre, John Does 1 and 2__

Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑

Served the defendant _Progressive Premier Insurance Company of Illinois_ a corporation by leaving a copy of the within action and summons with _Jame Richardson_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This __23__ day of __Aug__, 20 __23__.

_W. Coberly   SO1332_

DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

※ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA

**SUCV2023000112**
JP
**JUL 28, 2023 03:34 PM**

*Cecil Dye*
Cecil Dye, Clerk
Towns County, Georgia

**IN THE SUPERIOR COURT OF TOWNS COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| GARY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO.: _____ |
| FRANCIS NAVARRE and JOHN DOES | ) | |
| 1&2 | ) | |
| | ) | |
| Defendant. | ) | |

---

## CERTIFICATE OF SERVICE OF DISCOVERY

The undersigned hereby certifies that, pursuant to Official Code of Georgia Annotated section 9-11-29.1 and other applicable provisions of law, that she has this day delivered for service true and correct copies of Plaintiff's First Interrogatories, Request for Admissions, and Request for Production of Documents to Defendant Francis Navarre as provided by law.

Respectfully submitted this 28th day of July, 2023.

*KENNETH S. NUGENT, P.C.*

/s/ Ahkibah Khan
Ahkibah Khan
Georgia State Bar No.: 416970
Jan P. Cohen
Georgia State Bar No.: 174337
*Attorneys for Plaintiff*

1355 Peachtree St., NE
The Peachtree, Suite 1000
Atlanta, Georgia 30309
(404) 253-5830
akhan@attorneykennugent.com
jcohen@attorneykennugent.com

✾ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA
**SUCV2023000112**
JP
JUL 28, 2023 03:34 PM

*Cecil Dye*
Cecil Dye, Clerk
Towns County, Georgia

## IN THE SUPERIOR COURT OF TOWNS COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| GARY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FRANCIS NAVARRE and JOHN DOES | ) |
| 1&2 | ) |
| | ) |
| Defendant. | ) |

CIVIL ACTION

FILE NO.: _____

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATOIRES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FRANCIS NAVARRE

---

COMES NOW, Gary Davis, Plaintiff in the above-styled case, by and through his undersigned counsel of record, Kenneth S. Nugent, P.C., and herewith serves upon this Defendant the following Request for Admissions, Interrogatories and Request for Production of Documents, pursuant to the Georgia Civil Practice Act, and requires this Defendant to answer the following Request for Admissions, Interrogatories and Request for Production of Documents separately and fully in writing under oath and to serve a copy of your answers on the attorneys for the Plaintiff within forty-five (45) days from the date of service as provided by law.  You are advised that if you fail to admit any of the Request for Admissions and the Plaintiff is required to prove any fact contained in the Request at trial, the Plaintiff may seek all expenses incurred in making the proof, including reasonable attorneys' fees.

### REQUESTS FOR ADMISSIONS

1.

Admit that you have been correctly named in the instant action insofar as the legal designation of names is concerned.

2.

Admit that you were solely responsible for the collision that occurred between the vehicle driven by you and the vehicle driven by Plaintiff Gary Davis that occurred on or about January 5, 2022.

3.

Admit that Plaintiff Gary Davis was not contributorily negligent in said collision.

4.

Admit that Plaintiff Gary Davis did nothing wrong with regard to said collision.

5.

Admit that Plaintiff Gary Davis did not assume the risk of injury with regard to said collision.

6.

Admit that you failed to yield immediately before the collision in question took place.

7.

Admit that failing to yield was the proximate causes of the collision that occurred with Plaintiff.

8.

Admit that you received a citation for violating O.C.G.A. § 40-6-71 (failure to yield).

9.

Admit that you pled guilty for violating O.C.G.A. § 40-6-71.

10.

Admit that Plaintiff Gary Davis was injured in this accident.

11.

Admit that the Plaintiff Gary Davis' injuries were caused by this accident.

[2]

12.

Admit that the Plaintiff Gary Davis incurred medical expenses as a result of this accident.

13.

Admit that the charges for the medical bills that Plaintiff Gary Davis has presented to date are reasonable and customary.

14.

Admit that venue is proper in the State Court of Towns County.

18.

Admit that you were served with a copy of the Summons and Complaint.

* * *
* * *

## FIRST INTERROGATORIES

You are required to answer the following Interrogatories, under oath, and to serve a copy of your answers on the attorneys for the Plaintiff within forty-five (45) days from the date of service as provided by law.

In answering the following Interrogatories, you are requested to give full and complete answers based upon all knowledge of you and your agents, employees, servants, representatives, investigators, and others who have obtained information on your behalf.

These Interrogatories shall be deemed continuing in accordance with the Georgia Civil Practice Act so as to require supplemental responses if you or your attorneys or agents obtain further information between the time the responses are served and the time of trial. Any supplemental responses are to be served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information, but not later than the time of trial.

[3]

When used in these interrogatories, the term "incident" specifically refers to the crash which occurred on or about January 5, 2022 involving the Plaintiff Gary Davis and Defendant, and which forms the basis of the Complaint filed by the Plaintiff.

1.

Please state your full name, primary residence address and telephone number, date of birth and social security number.

2.

At the time of the collision which is the subject of this lawsuit, were you acting in the course and scope of your employment for any employer?  If so, identify said employer.

3.

Describe your version of the manner in which the collision occurred and all material facts and happenings prior to, at the time of, and immediately after the collision, including without limitation, where you had been prior to the collision and your destination at the time of the collision, and any efforts you made to attempt to prevent the collision.

4.

Describe in detail each act or omission on the part of Plaintiff which you contend constituted negligence that was a contributing cause of the collision in question.

5.

In the twenty-four hours preceding the collision, did you consume any alcoholic beverages or take any prescription or non-prescription medication or drugs?  If so, state what type and amount of alcoholic beverages, medication or drugs were consumed, and where and when you consumed them.

[4]

6.

At the time of the collision, were you suffering from any physical or mental condition, disability or sickness which could affect your ability to drive, and if so, please state:

    (a)    The type and manner of the condition, disability or sickness;

    (b)    The date of the onset of the condition, disability or sickness; and

    (c)    The identity of each medical practitioner who has treated you for such condition, disability or sickness.

7.

Do you wear glasses or contact lenses?  If so, state:

    (a)    Who prescribed your glasses or contacts;

    (b)    When your glasses or contacts were prescribed; and

    (c)    When and by whom your eyes were last examined.

8.

List the name, address and telephone number of each person believed or known by you, your agents, or attorneys, to have heard or who is purported to have heard Plaintiff make any statement, remark or comment concerning the collision, and the substance of each statement, remark or comment.

9.

State specifically the names, addresses and telephone numbers of all persons believed or known by you or your attorney to have any knowledge concerning the collision, and

    (a)    Designate which of these persons, if any, are expert witnesses; and

    (b)    Designate which of these persons were eyewitnesses to the collision; and

    (c)    Specify the subject matter about which the witness has knowledge.

10.

Identify all photographs taken of any person or thing in connection with the collision.  With respect to each such photograph, state:

(a)     The name and address of the person who took the photograph;

(b)     What is depicted in the photograph; and

(c)     The name and address of the person now having custody or possession of the negative of said photograph and of the positive prints thereof.

11.

Give the name and address of each person from whom you or your agents or attorneys have obtained statements (whether oral, recorded, or written).

12.

As to the vehicle driven by you at the time of the collision state:

(a)     The name, address, home and business telephone numbers of all persons or corporations who were the registered title owners of said vehicle; and

(b)     The year, make, model, body color, and license plate number of said vehicle.

13.

Did any mechanical defect in the motor vehicle you were driving at the time of the collision contribute to the occurrence of the collision, and if so, what was the nature of the defect?

14.

Were you charged with a violation of any law, ordinance or crime in connection with the collision?  If so, for each such charge, please state:

(a)     A complete description of the charge;

(b)     The name and address of the court before which the charge was brought;

(c)     What plea you entered to the charge; and

[6]

(d)     The ultimate disposition of the charge.

15.

Have you ever pled guilty to or been convicted of any crime?  If so state:

(a)     The name and address of the court where the proceeding took place; and

(b)     The charge of which you were convicted.

16.

Have you ever been involved in any other legal action, either as a Plaintiff or a Defendant?  If so, state the date and place of each such lawsuit, giving the name of the court, the names of the other parties involved, and the names of the attorneys representing each party.

17.

Have you ever been involved as a driver in any automobile collision besides the subject collision?  If so, with respect to each such collision, please state:

(a)     The date of the collision;

(b)     The location of the collision; and

(c)     The names of the other parties involved in the collision.

18.

Have you ever been charged or convicted of the violation of any traffic law or ordinance?  If so, with respect to each such violation, please state:

(a)     A complete description of the charge;

(b)     The date of the incident on which the charge was based;

(c)     The name and address of the court before which the charge was brought;

(d)     What plea you entered to the charge; and

(e)     The ultimate disposition of the charge.

[7]

19.

Did you own a mobile telephone / cell phone, or have one in your possession on the date of the collision? If so, please identify the name in which the telephone was registered, the provider of services for that telephone and state if you were talking, texting emailing or otherwise using that telephone at the time of the subject collision.

20.

For each person you intend to call as an expert witness at the trial of the above-styled matter, please state the following:

(a)     His or her name, address and telephone number;

(b)     His or her qualifications as an expert;

(c)     The subject matter to which said person is expected to testify;

(d)     The substance of the facts and opinions to which such person is expected to testify; and

(e)     A summary of the grounds for each opinion.

21.

On the date of the collision, were you covered by any policy (or policies) of (i) motor vehicle insurance; (ii) general liability insurance; or (iii) umbrella or excess insurance? If so, please state:

(a)     The name and address of the company which issued the policy or policies;

(b)     The number of the policy or policies;

(c)     The named insured(s) and their relationship to you; and

(d)     The liability limits of coverage under each such policy.

22.

Was the vehicle being driven by you on the date of the collision covered by a policy or policies of motor vehicle insurance? If so, please state:

[8]

(a)     The name and address of the company which issued the policy or policies;

(b)     The number of the policy or policies;

(c)     The named insured(s) and their relationship to you; and

(d)     The liability limits of coverage under each such policy or policies.

23.

For each policy of insurance identified in response to the preceding interrogatories, please

state:

(a)     Whether any such company has denied insurance coverage;

(b)     Whether any such insurance company is defending under a reservation of rights letter
        or agreement; and

(c)     Whether, to your knowledge, there are any coverage questions regarding any such
        policy mentioned above.

24.

Please identify all documents in your possession, custody or control which relate to the subject

matter of this action.

25.

Do you contend that the bills incurred by Plaintiff as a result of this accident were not

reasonable and/or customary in their amount?  If so, please specifically identify which charges

incurred by Plaintiff as a result of this accident were not reasonable and/or customary.

26.

For each of the charges referenced in the answer to the preceding Interrogatory, please state

the basis for your contention that the charge was not reasonable and/or customary in their amount.

* * *

[9]

## REQUEST FOR PRODUCTION OF DOCUMENTS

You are required to produce the documents requested herein and to permit the Plaintiff, or someone acting on her behalf to inspect them and copy such of them as they may desire, within forty-five (45) days from the date of service as provided by law. You may produce such documents by mailing copies of same to the undersigned at the office of Kenneth S. Nugent, P.C., 1355 Peachtree St., NE, Suite 1000 Atlanta, Georgia 30309. YOU ARE FURTHER NOTICED TO PRODUCE THE DOCUMENTS AT ANY DEPOSITION, HEARING OR TRIAL OF THIS MATTER PURSUANT TO O.C.G.A. § 24-10-26.

This Request for the Production of Documents and other things shall be deemed continuing so as to require further and supplemental production of any and all documents and other things learned of or received after the time of compliance herewith, the production of which would otherwise have been required.

The term "documents" is intended in the broad and literal sense, and means any and all forms of written, typed, printed, recorded, graphic, or computer matter, however produced, processed or reproduced, of any kind and description and whether an original, master, duplicate or copy, including but not limited to agreements, amendments, analysis, appointment books, bank checks, bills, canceled checks, communications (including inter-office and intra-office), corporate records, correspondence, drafts, drawings, films, letters, lists, memoranda, microfiche, microfilm, newspapers, notebooks, notes, orders, photographs, sound recordings, videotapes, things similar to any of the foregoing, and notes, transcriptions or sound recordings of any type of personal or telephone conversations, and all other physical things containing information, including preliminary drafts of and marginal or other notes, notations or comments appearing on any document, however denominated or described.

[10]

If you dispute the genuineness of any documents produced in response to this Request for Production of Documents, please provide information sufficient to locate and obtain the original of such document.

1.

Please produce a copy of your Georgia driver's license.

2.

Please produce any and all photographs, drawings, diagrams and/or illustrations of any person, place or thing related to the accident which gives rise to the present lawsuit, including but not limited to, any photographs of any of the vehicles taken after the incident giving rise to the present lawsuit, and any photographs of the scene of the occurrence of the collision.

3.

Please produce any written or recorded statement of any witness or party in connection with the incident giving rise to the present lawsuit.

4.

Please produce any and all correspondence between the parties in connection with the incident giving rise to the present lawsuit.

5.

Please produce the transcript of any judicial or quasi-judicial hearing in connection with the subject occurrence.

6.

Please produce a copy of any accident report of any other vehicular accident in which you have been involved, exclusive of the accident giving rise to the present lawsuit.

[11]

7.

Please produce a copy of any civil complaint in which you have been named as a party other than the lawsuit herein.

8.

Please produce any and all documents and tangible items, including but not limited to, reports, memoranda, paper, notes, studies, photographs, videotapes, graphs, charts, tabulations, analysis, summaries, data sheets, statistical or information accumulations, data processing cards or worksheets and computer-generated documents, including drafts or preliminary revisions of any of the above, prepared in connection with this litigation by or under the direction or supervision of any witness whom you expect to call as an expert witness at the trial of this matter.

9.

Please produce any and all photographs in your possession, custody or control relating to the subject matter of this lawsuit, including without limitation, photographs of the vehicle driven by you at the time of the collision and photographs of the vehicle driven by Plaintiff at the time of the collision.

10.

Please produce copies of all insurance policies (including declaration pages) that are identified in your responses to Plaintiff's First Interrogatories.

11.

Please produce any and all repair bills or estimates of damage for the vehicle involved in the collision which were made as a result of the collision forming the subject matter of Plaintiff's Complaint.

[12]

12.

Please produce any and all documents referring to any claim made against Defendant by Plaintiff.

13.

Please produce all other documents referred to or used in the preparation of your responses to Plaintiff's First Interrogatories.

14.

Please produce any documents evidencing the reason you were traveling in the vehicle you were driving at the time of the subject occurrence.

15.

Please produce any documents showing the route or directions you planned to take or follow had the collision not occurred.

16.

Please produce any and all medical records or medical information concerning Plaintiff which are in your possession, custody or control.

17.

Please produce any citations you received and any disposition of such citations as a result of the motor vehicle accident complained of in Plaintiff's Complaint.

18.

Please produce any books, documents or other tangible things evidencing any facts or circumstances upon which your defenses to the Plaintiff's allegations of negligence, causation and damages are based, or upon which you rely to demonstrate and support relevant facts pertaining to the allegations contained in Plaintiff's Complaint and your Answer thereto.

[13]

19.

Please produce a declaration page for each and every insurance policy which could possibly provide coverage in relation to this incident.

20.

Please produce any Event Data Recorder for Defendant's vehicle.

21.

Please produce your cell phone records for the date of the accident.

22.

Please produce any and all evidence supporting your contention that the charges referenced in your answers to Interrogatories 25 and 26 were not reasonable and/or customary in their amount, including but not limited to, any charts, graphs, statements, estimates, comparable billing, and/or correspondence with medical providers and/or health insurance companies.

Respectfully submitted this 28th day of July, 2023.


**KENNETH S. NUGENT, P.C.**

By: */s/Ahkibah Khan*
    Ahkibah Khan
    Georgia Bar No.  416970
    Jan P. Cohen
    Georgia Bar No. 174337
    Attorneys for Plaintiff

1355 Peachtree Street, NE
The Peachtree, Suite 1000
Atlanta, Georgia  30309
(404) 253-5830
akhan@attorneykennugent.com
jcohen@attorneykennugent.com

[14]

✦ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
TOWNS COUNTY, GEORGIA

**SUCV2023000112**
JP
JUL 28, 2023 03:34 PM

*Cecil Dye*
Cecil Dye, Clerk
Towns County, Georgia

## IN THE SUPERIOR COURT OF TOWNS COUNTY
## STATE OF GEORGIA

GARY DAVIS,                                )
                                           )
    Plaintiff,                         )
                                           )    CIVIL ACTION
vs.                                        )
                                           )    FILE NO.: _____
FRANCIS NAVARRE and JOHN DOES              )
1&2                                        )
                                           )
    Defendant.                         )

## COMPLAINT FOR DAMAGES

COMES Gary Davis, Plaintiff in the above styled action, by and through the undersigned counsel, Kenneth S. Nugent, P.C., and hereby files this, his Complaint (the "Complaint") against Defendant, Francis Navarre, and shows this Honorable Court as follows:

1.

Plaintiff Gary Davis ("Plaintiff") is a resident of the State of Georgia and is currently residing at 220 Sugar Creek Road, Blairsville, GA, 30512. For purposes of the instant action, Plaintiff subjects himself to the jurisdiction and venue of this Court.

2.

The Defendant, Francis Navarre ("Defendant") is a resident of North Carolina, and may be served with the complaint and summons in this action at the following address, to wit: 20 Deerbrook Circle, Hayesville, Clay County, NC, 26904, and is subject to the jurisdiction and venue of this Court.

3.

Defendants JOHN DOES 1 and 2 are fictitious defendants who are unknown at the time, affiliated in some way with one or more of the defendants and responsible in some way for the allegations in the Complaint.

## SUMMARY OF FACTS

4.

On or about January 5, 2022, Plaintiff was the driver of a 2021 Subaru Outback automobile that was traveling west on GA2 in the area of Highway 17N.

5.

At all times relevant hereto, Plaintiff operated his vehicle in a safe, reasonable, and prudent fashion.

6.

On or about January 5, 2022, Defendant Navarre was the driver of a 2009 Cadillac CTS, traveling east on GA2 in the area of Highway 17N.

7.

On or about said time and place, Defendant failed to yield while turning and struck Plaintiff's vehicle on the left front end, and caused Plaintiff to hit another vehicle driven by non-party Eugene Freeman.

8.

On or about said time and place, Defendant failed to yield and without warning struck the Plaintiff's vehicle, causing damage to both vehicles and injuries to Plaintiff.

9.

At said time and place the Defendant failed to act in the manner expected of a reasonable and prudent driver by failing to yield.

10.

As a result of the collision, Plaintiff sustained injuries to his back and neck.

11.

Defendant's failure to obey traffic laws by failing to yield was a violation of O.C.G.A. § 40-6-71.

12.

Because Defendant violated O.C.G.A. § 40-6-71, Defendant's action constitutes negligence per se, as well as ordinary negligence.

13.

Defendant's negligent action was the sole, direct, and proximate cause of the collision.

14.

The aforesaid collision was not the result of any negligence on the part of Plaintiff.

15.

As a result of the injuries Plaintiff sustained in the collision, he has incurred significant physical and mental pain and suffering as well as extensive costs and expenses.

## COUNT I
## NEGLIGENCE AND NEGLIGENCE PER SE

16.

Plaintiff reincorporates and re-alleges Paragraphs 1 - 15 of this Complaint as if fully set forth herein in their entirety.

17.

Defendant failed to exercise the appropriate degree of care for the safety of others in the operation of his vehicle.

18.

Such failure to exercise ordinary care in the operation of his vehicle constitutes ordinary negligence.

19.

Defendant violated O.C.G.A. § 40-6-71 when he failed to yield and caused Plaintiff's vehicle to collide into Defendant's vehicle.

20.

Defendant's violation of O.C.G.A. § 40-6-71 constitutes negligence per-se.

21.

The above described acts of negligence and negligence per-se caused the vehicle driven by Defendant to collide into Plaintiff's vehicle.

22.

Due to the collision between Defendant and Plaintiff, Plaintiff suffered bodily injuries, incurred medical expenses, and endured physical and emotional pain and suffering, past, present, and future.

23.

The sole proximate cause of the injuries and damages to Plaintiff were the acts and omissions of the Defendant as set forth herein.

24.

Plaintiff has incurred the following medical expenses:

| | | |
|---|---|---|
| Allegiance Imaging & Radiology | 02/11/22 – 02/11/22 | $  4,700.00 |
| Benchmark Rehab Partners | 05/09/22 –  08/09/22 | $  2,947.50 |
| Center For Pain Management | 01/27/22 – 02/17/22 | $     726.00 |
| Northside Cherokee Hospital | 03/23/22 – 03/23/22 | $  5,117.00 |
| Pickens County Chiropractic Center | 01/14/22 – 05/02/22` | $  3,030.00 |
| Northside Radiology Associates | 03/23/22 – 03/23/22 | $     784.00 |
| Craniospinal Institute of Georgia | 03/09/22 – 07/07/22 | $ 22,950..00 |
| North Georgia Family Medicine | 01/10/22 – 01/10/22 | $     261.00 |

[4]

|                    |               |
| ------------------ | ------------- |
| ***Total Expenses*** | ***$40,515.50*** |

25.

The charges for the above referenced bills are reasonable and customary for the treatment that Plaintiff received.

26.

The above referenced charges were necessary to treat the injuries Plaintiff suffered as a result of this accident.

27.

Defendant is therefore liable to Plaintiff for past special damages in the amount of $40,515.50.

28.

Defendant is further liable to Plaintiff for general damages in an amount to be proven by the evidence at trial.

WHEREFORE, Plaintiff, Gary Davis prays that he have judgment against the Defendant as follows:

a) that process be served upon Defendant in accordance with the law;

b) that a jury trial be had on all issues;

c) that judgment be awarded for Plaintiff against Defendant for general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury.

d) that judgment be awarded for Plaintiff against Defendant for those special damages proven at trial;

e) that Defendant be required to pay all court costs; and

f) that Plaintiff have such other and further relief as this Court deems appropriate.

[5]

This 28th day of July, 2023.

KENNETH S. NUGENT, P.C.

By: */s/Ahkibah Khan*
    Ahkibah Khan
    Georgia Bar No.  416970
    Jan P. Cohen
    Georgia Bar No. 174337
    Attorneys for Plaintiff

1355 Peachtree Street, NE
The Peachtree, Suite 1000
Atlanta, Georgia  30309
(404) 253-5830
akhan@attorneykennugent.com
jcohen@attorneykennugent.com

[6]