# EXHIBIT A

Case 1:23-mi-99999-UNA   Document 4211-1   Filed 12/19/23   Page 2 of 8

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08473-S5**
**11/9/2023 4:39 PM**
**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
# STATE OF GEORGIA

| | | |
|---|---|---|
| SHERRIKA STEGALL, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action File No.  23-C-08473-S5 |
| vs. | ) | |
| | ) | |
| ANIBAL ALBERTO LINDO, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW** SHERRIKA STEGALL, Plaintiff in the above-styled action, and brings her Complaint against the above-named Defendant, ANIBAL ALBERTO LINDO, and respectfully shows this Honorable Court as follows:

## PARTIES
## JURISDICTION AND VENUE

1. Plaintiff SHERRIKA STEGALL (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia, residing at 3110 Lumby Ct., Decatur, GA 30034, is subject to and willfully avails herself of the jurisdiction and venue of this Honorable Court.

2. Defendant ANIBAL ALBERTO LINDO is an individual residing at 715 Heartland Point Ave., North Las Vegas, NV, 89032 and can be served at his address.

3. Defendant is subject to the jurisdiction and venue of this Court.

4. Jurisdiction is proper in this Court and County. Venue is proper in this Court and County. The incident that gave rise to this lawsuit occurred in Georgia.

COMPLAINT

1

## SERVICE OF PROCESS

5. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

6. Civil service of process may be perfected upon Defendant ANIBAL ALBERTO LINDO by serving him with Summons and Complaint at his residence at 715 Heartland Point Ave., North Las Vegas, NV, 89032 or by serving Defendant's insurance company.

7. Jurisdiction and Venue are proper in this Court as to Defendant.

## FACTUAL NARRATIVE

8. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

9. On or about January 27, 2023 Plaintiff was driving her vehicle on I-85 NB at or near the intersection with Jimmy Carter Blvd. and Defendant was driving his vehicle and crashed into the Plaintiff.

10. The Defendant struck Plaintiff's vehicle causing Plaintiff's vehicle to sustain functional damage.

11. Defendant failed to keep a safe distance and maintain control of his vehicle, negligently rear ending the Plaintiff. As a result of the collision, Plaintiff was seriously injured.

12. At the time of the collision, Defendant failed to properly operate his vehicle.

13. At the time of the crash, Defendant failed to pay attention to traffic ahead of him.

14. At the time of the crash, Defendant failed to maintain a safe distance from other vehicles.

15. At the time of the crash, Defendant failed to maintain control of his vehicle.

16. At the time of the crash, Defendant was operating his vehicle in a negligent manner.

17. Defendant's negligent conduct caused a vehicle to collide into Plaintiff's vehicle.

18. Defendant's vehicle collided into the Plaintiff's vehicle with great force.

19. The impact of the collision caused extensive damage to Plaintiff's vehicle and body.

20. As a result of the collision, Plaintiff suffered severe physical and cognitive injuries.

21. As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily and emotional injuries resulting from the crash.

22. Defendant had a duty to operate his vehicle in a safe and reasonable manner, maintain a proper lookout and obey all traffic laws of the State of Georgia.

23. Defendant breached his duty of care and operated his vehicle in a negligent and reckless manner, including but not limited to the following:

   (a) Failure to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2;

   (b) Following too closely;

   (c) Failure to operate his vehicle in a safe fashion under the circumstances then existing;

   (d) Failure to take evasive or other reasonable action in order to control his vehicle and avoid the collision;

   (e) Failure to exercise ordinary care;

   (f) Failure to keep a proper look-out;

   (g) Failure to maintain control of his vehicle; and

   (h) Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

24. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred medical expenses. Plaintiff is expected to continue to incur medical expenses as a result of the injuries sustained in the collision caused by Defendants' negligence. Plaintiffs are also entitled to recover non-economic damages.

25. Defendants to date have made no reasonable offer.

26. Plaintiff has experienced mental anguish in the past as a result of her physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of her physical injuries.

27. Plaintiff has experienced physical pain and suffering in the past as a result of her physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries.

28. Plaintiff has experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

## EXPENSES OF LITIGATION/ATTORNEY FEES

29. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

30. Defendant was given a reasonable opportunity to settle this matter prior to the filing of this Complaint. Rather, Defendant has been stubbornly litigious and caused the Plaintiff unnecessary trouble and expense.

31. Such actions may be considered by the jury as evidence of bad faith, supporting Plaintiff's claim for expenses of litigation, including all costs and attorney fees, pursuant to OCGA § 13-6-11.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a judgment against Defendant as follows:

In consequence of the allegations stated herein, Plaintiffs requests as follows:

(a)   **THAT** Summons issue and Defendant be properly served with this action;

4

COMPLAINT

(b)     **THAT** Plaintiff be awarded the full value of past and future special damages in an amount to be proven at trial;

(c)     **THAT** Plaintiff recover for the full value of all past and future lost income, earnings and wages;

(d)     **THAT** Plaintiff recover for all past and future physical pain, suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(e)     **THAT** judgment be entered against Defendant and in favor of Plaintiff in an amount to be proven at trial;

(f)     **THAT** Plaintiff recover all damages allowed by law, including all general, special, compensatory, economic and non-economic damages from Defendant;

(g)     **THAT** Plaintiff recover all of Plaintiff's costs and expenses associated with bringing and maintaining this action pursuant to OCGA § 13-6-11;

(h)     **THAT** Plaintiff have Judgment against Defendant for an amount that will fairly and adequately compensate Plaintiff for the loss and damages Plaintiff has sustained and will sustain, plus interest as provided by law and costs of Court; and

(i)     **THAT** Plaintiff is granted such other and further relief as this Honorable Court deems just and proper.

(j)     **THAT** Plaintiff have a trial by a jury of twelve (12) persons

(k)     **THAT** the Court award prejudgment interest pursuant to O.C.G.A. § 51-12-14; and

(l)     for all further relief as this Court deems appropriate.

This 8th day of November, 2023.

                                        Respectfully Submitted,

                                        Nathan Wade /s/
                                        NATHAN WADE
                                        Georgia State Bar No. 390947
                                        WADE & CAMPBELL FIRM
                                        1827 Powers Ferry Road
                                        Building 25 Suite 100
                                        Atlanta, GA 30339
                                        770.303.0700 *Office*
                                        678.810.1132 *Fax*
                                        admin@wadeandcampbell.com *Email*

5

COMPLAINT

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Sherrika Stegall

Civil Action
Number 23-C-08473-S5

**Plaintiff**

VS.

Anibal Alberto Lindo

**Defendant**

*FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA.
2023 NOV 15 PM 2:42
TIANA P. GARNER, CLERK*

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Nathan J Wade
Wade Bradley & Campbell Firm
Bldg 23
1827 Powers Ferry Road
Marietta Ga  30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 15th day of November, 2023

Tiana P. Garner,
Clerk of Superior Court

By: _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev. 2011

Case 1:23-mi-99999-UNA   Document 4211-1   Filed 12/19/23   Page 8 of 8

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08473-S5**
**11/9/2023 4:39 PM**

TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of  Gwinnett  County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ MM-DD-YYYY | Case Number  **23-C-08473-S5**  _____ |

**Plaintiff(s)**
Stegall Sherrika
Last      First      Middle I.      Suffix      Prefix

**Defendant(s)**
Lindo Anibal Alberto
Last      First      Middle I.      Suffix      Prefix

Plaintiff's Attorney _____   Bar Number _____   Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number      _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.18