# EXHIBIT B



**WADE & CAMPBELL FIRM**

1827 Powers Ferry Rd. SE.
Building 25, Suite 100
Atlanta, GA 30339



CERTIFIED MAIL

7019 2970 0001 0070 9873

PM 12 L



US POSTAGE
FIRST-CLASS
$0.40
026W0004897245
2000103542
ZIP 30339
JUL 07 2023

IAT Insurance
PO Box 17449
Raleigh, NC 27619-7449



RECEIVED
JUL 13 2023
BY:

27619-744949

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE



CIVIL LITIGATION, CONTRACTS, FAMILY LAW
CRIMINAL LAW, TORTS, PERSONAL INJURY
1827 Powers Ferry Rd., Building 25 Suite 100,
Atlanta, GA 30339
 770-303-0700 Phone | 678-810-1132 Fax
admin@wadeandcampbell.com

**July 7, 2023**

**VIA CERTIFIED MAIL RR 70192970000100709873**
**Via Email to Ian.Brod@iatinsurance.com**
IAT
PO Box 17449
Raleigh, NC 27619-7449

## OFFER OF COMPROMISE WITH CONDITIONS

| | |
|---|---|
| Our Client: | Sherrika Stegall |
| Your Insured: | Planet Moving and Storage |
| Claim No.: | 202300037229 |
| Date of Incident: | January 27, 2023 |

To Whom It May Concern:

   As you know, Wade & Campbell Firm has been retained to represent Sherrika Stegall in her claim for damages arising out of an automobile collision, which occurred on January 27, 2023.  As a result of the injuries sustained from this accident, Sherrika Stegall has incurred medical expenses.

| | |
|---|---|
| Northside ER | $12,640.50 |
| Northside Radiology | $1,383.00 |
| LifePac Chiro | $2,030.00 |
| Dr. Lockhart Therapy | $600.00 |
| Ortho Sport and Spine | $77,250.88 |
| **Total Medical** | **$93,904.38** |

## OFFER OF COMPROMISE AND SETTLEMENT WITH ALL CONDITIONS CONTAINED IN THIS SETTLEMENT BROCHURE (HEREIN REFERED TO AS "THIS OFFER WITH CONDITIONS") TO IAT INSURANCE COMPANY

Sherrika Stegall has authorized me to make **This Offer With Conditions** to IAT Insurance Company in the total amount of **the policy limits** at this time. **This Offer With Conditions** is separate and independent from any of Sherrika Stegall's U/M claim.

After we settle this claim for the full amount of **IAT INSURANCE COMPANY'S** liability limits, a separate demand under Sherrika Stegall's U/M carrier will be made.

Sherrika Stegall has no power over her U/M insurer to make his U/M insurer waive the U/M insurers' subrogation rights under Georgia law.

## ANY ADDITIONAL CONDITION IS A COUNTER OFFER

The opinion of the Georgia Supreme Court in Frickey vs. Jones, 180 Ga. 573 (2006) is very helpful in our case. The Supreme Court wrote on page 574 in Frickey:

> *An answer to an offer will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. [Cit.] To constitute a contract, the offer must be accepted unequivocally and without variance of any sort…. [Cit.] A purported acceptance of a plaintiff's settlement offer which imposes conditions… will be construed as a counter offer to the offer to settle for the policy limits. [Cit.]*

That is applicable in our case. If you attach any additional condition to **This Offer With Conditions**, that will be a rejection of **This Offer With Conditions** and will serve as a counter offer.

That is why it is important that you accept or reject **This Offer With Conditions** in writing so that it will be clear what, if a ny, additional conditions have been added.

## TIME LIMIT FOR THIS OFFER WITH CONDITIONS

In order to emphasize to you the seriousness of **This Offer With Conditions** it is necessary to put a reasonable time limit on **This Offer With Conditions**.

**This Offer With Conditions** is only open until 5 p.m. on the **7th** day of August, 2023. After that date **This Offer With Conditions** is revoked in its entirety.

A condition of **This Offer With Conditions** is that you deliver to our law office no later than the time deadline of 5 p.m. on the **7th** day of August, 2023, the following documents:

    1.    "Affidavit of No Other Liability Insurance" signed and dated by your insured;

    2.    A check from **IAT Insurance** in the amount of **$policy limits** made payable to Sherrika Stegall and Attorney Nathan J. Wade.

## THIS OFFER WITH CONDITIONS IS MADE PURSUANT TO SOUTHERN GENERAL CO. V. HOLT

This settlement offer with conditions upon IAT Insurance is made pursuant to *Southern General Insurance Co. v. Holt*, 262 Ga. 267 (1992). Accordingly, I specifically request that **IAT Insurance Company** notify its insured that it is presently possible to resolve the claims of Sherrika Stegall against them within the policy limits of insurance coverage provided by **IAT Insurance Company** *alone* without resort to their personal assets. **IAT Insurance Company has a duty to exercise good faith and sound judgment in responding to settlement opportunities within the limits of coverage afforded by its insured's insurance policy.** As stated in the case frequently cited in Georgia concerning bad faith failure to settle claims:

> It is well established that the law imposes upon the insurer the duty to exercise diligence, intelligence, good faith, and honest and conscientious fidelity to the common interest of the insured as well as itself in determining whether to accept or reject an offer of settlement. While the insurer may properly give consideration to its own interest, it must in good faith give at least equal consideration to the interest of the insured, and if it fails to do so it acts in bad faith.

*Southern Mutual Automobile Ins. Co. v. Smoot*, 381 F.2d 331 (5th Cir. 1967). **IAT Insurance Company** is hereby notified that in the certain event of a recovery at trial in excess of your insured's policy limits, this comprehensive settlement demand package will serve as evidence that **IAT Insurance Company** has failed to negotiate in good faith to settle our client's injury claim within the policy limits of insurance coverage provided by **IAT Insurance Company**. If you fail to pay this amount prior to the stated deadline, Sherrika Stegall will have no choice but to pursue her rights under the subject policy and Georgia Law.

## DEMAND PURSUANT TO GEORGIA'S UNLIQUIDATED DAMAGES INTEREST ACT

Sherrika Stegall hereby makes a demand in the amount of **$the policy limits** for complete and final resolution of the case against your insured at this time and with the understanding no other coverage exists. If this case is not paid within thirty (30) days of the date of the mailing of this notice, our client shall be entitled to receive interest at the rate of 12 percent per annum (which shall begin to run from the thirtieth day following the date of the mailing of this written notice) on the claimed sum if, upon the trial of this case, the judgment is for an amount not less than **$policy limits**. This demand is made pursuant to the Georgia's Unliquidated Damages Interest Act, O.C.G.A. section 51-12-14.

In sum, the liability facts against your insured are clear. The seriousness of the injuries is known to you. We see no purpose in holding this claim open beyond the time-limit set forth above. We, therefore, make our offer, one of both time and amount, in the hope that it will be accepted by you as the fastest and most economical resolution of this claim. We have submitted proof and justification for **This Offer With Conditions**. It was the negligence of **IAT Insurance Company's** insured driver who caused the injuries to Sherrika Stegall. Of course, this letter relates to the compromises of a disputed claim and shall not be admissible in evidence against Sherrika Stegall.

*Professional Regards,*
*/s/ Nathan J. Wade, Esq.*