# EXHIBIT E

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08473-S5**

**11/9/2023 4:39 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SHERRIKA STEGALL,                    )
                                     )
Plaintiff                            )          Civil Action File No.    23-C-08473-S5
vs.                                  )
                                     )
ANIBAL ALBERTO LINDO,                )
                                     )          **JURY TRIAL DEMANDED**
                                     )
Defendant.                           )

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW** SHERRIKA STEGALL, Plaintiff in the above-styled action, and brings her Complaint against the above-named Defendant, ANIBAL ALBERTO LINDO, and respectfully shows this Honorable Court as follows:

## PARTIES
## JURISDICTION AND VENUE

1.      Plaintiff SHERRIKA STEGALL (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia, residing at 3110 Lumby Ct., Decatur, GA 30034, is subject to and willfully avails herself of the jurisdiction and venue of this Honorable Court.

2.      Defendant ANIBAL ALBERTO LINDO is an individual residing at 715 Heartland Point Ave., North Las Vegas, NV, 89032 and can be served at his address.

3.      Defendant is subject to the jurisdiction and venue of this Court.

4.      Jurisdiction is proper in this Court and County. Venue is proper in this Court and County. The incident that gave rise to this lawsuit occurred in Georgia.

COMPLAINT

1

## SERVICE OF PROCESS

5.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

6.     Civil service of process may be perfected upon Defendant ANIBAL ALBERTO LINDO by serving him with Summons and Complaint at his residence at 715 Heartland Point Ave., North Las Vegas, NV, 89032 or by serving Defendant's insurance company.

7.     Jurisdiction and Venue are proper in this Court as to Defendant.

## FACTUAL NARRATIVE

8.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

9.     On or about January 27, 2023 Plaintiff was driving her vehicle on I-85 NB at or near the intersection with Jimmy Carter Blvd. and Defendant was driving his vehicle and crashed into the Plaintiff.

10.     The Defendant struck Plaintiff's vehicle causing Plaintiff's vehicle to sustain functional damage.

11.     Defendant failed to keep a safe distance and maintain control of his vehicle, negligently rear ending the Plaintiff.  As a result of the collision, Plaintiff was seriously injured.

12.     At the time of the collision, Defendant failed to properly operate his vehicle.

13.     At the time of the crash, Defendant failed to pay attention to traffic ahead of him.

14.     At the time of the crash, Defendant failed to maintain a safe distance from other vehicles.

15.     At the time of the crash, Defendant failed to maintain control of his vehicle.

16.     At the time of the crash, Defendant was operating his vehicle in a negligent manner.

COMPLAINT

17.     Defendant's negligent conduct caused a vehicle to collide into Plaintiff's vehicle.

18.     Defendant's vehicle collided into the Plaintiff's vehicle with great force.

19.     The impact of the collision caused extensive damage to Plaintiff's vehicle and body.

20.     As a result of the collision, Plaintiff suffered severe physical and cognitive injuries.

21.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily and emotional injuries resulting from the crash.

22.     Defendant had a duty to operate his vehicle in a safe and reasonable manner, maintain a proper lookout and obey all traffic laws of the State of Georgia.

23.     Defendant breached his duty of care and operated his vehicle in a negligent and reckless manner, including but not limited to the following:

(a)     Failure to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2;

(b)     Following too closely;

(c)     Failure to operate his vehicle in a safe fashion under the circumstances then existing;

(d)     Failure to take evasive or other reasonable action in order to control his vehicle and avoid the collision;

(e)     Failure to exercise ordinary care;

(f)     Failure to keep a proper look-out;

(g)     Failure to maintain control of his vehicle; and

(h)     Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

24.     As a direct and proximate result of Defendants' negligence, Plaintiff has incurred medical expenses.  Plaintiff is expected to continue to incur medical expenses as a result of the injuries sustained in the collision caused by Defendants' negligence. Plaintiffs are also entitled to recover non-economic damages.

COMPLAINT

3

25. Defendants to date have made no reasonable offer.

26. Plaintiff has experienced mental anguish in the past as a result of her physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of her physical injuries.

27. Plaintiff has experienced physical pain and suffering in the past as a result of her physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries.

28. Plaintiff has experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

## EXPENSES OF LITIGATION/ATTORNEY FEES

29. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

30. Defendant was given a reasonable opportunity to settle this matter prior to the filing of this Complaint. Rather, Defendant has been stubbornly litigious and caused the Plaintiff unnecessary trouble and expense.

31. Such actions may be considered by the jury as evidence of bad faith, supporting Plaintiff's claim for expenses of litigation, including all costs and attorney fees, pursuant to OCGA § 13-6-11.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a judgment against Defendant as follows:

In consequence of the allegations stated herein, Plaintiffs requests as follows:

(a)    THAT Summons issue and Defendant be properly served with this action;

COMPLAINT

(b)      **THAT** Plaintiff be awarded the full value of past and future special damages in an amount to be proven at trial;

(c)      **THAT** Plaintiff recover for the full value of all past and future lost income, earnings and wages;

(d)      **THAT** Plaintiff recover for all past and future physical pain, suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(e)      **THAT** judgment be entered against Defendant and in favor of Plaintiff in an amount to be proven at trial;

(f)      **THAT** Plaintiff recover all damages allowed by law, including all general, special, compensatory, economic and non-economic damages from Defendant;

(g)      **THAT** Plaintiff recover all of Plaintiff's costs and expenses associated with bringing and maintaining this action pursuant to OCGA § 13-6-11;

(h)      **THAT** Plaintiff have Judgment against Defendant for an amount that will fairly and adequately compensate Plaintiff for the loss and damages Plaintiff has sustained and will sustain, plus interest as provided by law and costs of Court; and

(i)      **THAT** Plaintiff is granted such other and further relief as this Honorable Court deems just and proper.

(j)      **THAT** Plaintiff have a trial by a jury of twelve (12) persons

(k)      **THAT** the Court award prejudgment interest pursuant to O.C.G.A. § 51-12-14; and

(l)      for all further relief as this Court deems appropriate.

This 8th day of November, 2023.

Respectfully Submitted,

Nathan Wade /s/
NATHAN WADE
Georgia State Bar No. 390947
WADE & CAMPBELL FIRM
1827 Powers Ferry Road
Building 25 Suite 100
Atlanta, GA 30339
770.303.0700 *Office*
678.810.1132 *Fax*
admin@wadeandcampbell.com *Email*

COMPLAINT

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Sherrika Stegall

**Civil Action
Number 23-C-08473-S5**

**Plaintiff**

VS.

Anibal Alberto Lindo

**Defendant**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon
the Plaintiff's attorney, whose name and address is:

Nathan J Wade
Wade Bradley & Campbell Firm
Bldg 23
1827 Powers Ferry Road
Marietta Ga  30339

an answer to the complaint which is herewith served upon you, within 30 days after service
of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

This 15th day of November, 2023

Tiana P. Garner,
Clerk of Superior Court

By: _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if
addendum sheet is used.
SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08473-S5**

**11/9/2023 4:39 PM**

TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☐ **Superior** or ☒ **State Court of** Gwinnett _____ **County**

| For Clerk Use Only | |
|---|---|
| | 23-C-08473-S5 |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Stegall Sherrika

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Lindo Anibal Alberto

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____   **Bar Number** _____   **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐   Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                              **Case Number**

☒   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐   Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08473-S5**
**11/20/2023 2:57 PM**
TIANA P. GARNER, CLERK

# AFFIDAVIT OF SERVICE

Job # 25909

### Client Info:

Wade and Campbell Firm
Nathan Wade
1827 Powers Ferry Road
Building 25-100
Atlanta, Georgia  30339

### Case Info:

| | |
|---|---|
| **Plaintiff:** | State Court of Gwinnett County, State of Georgia |
| Sherrika Stegall | County of Georgia, Georgia |
| -versus- | |
| **Defendant:** | Issuance Date: 11/17/2023 Court Case # **23-C-08473-S5** |
| Anibal Alberto Lindo | |

### Service Info:

**Date Received: 11/17/2023** at **09:17 AM**
**Service:** I Served **Anibal Alberto Lindo**
With: **Case Initiation Form, Complaint, Interrogatories to Defendant, Request for Production of Documents to Defendant, Request for Admissions to Defendant, 5.2 Certificate of Service**
by leaving with **Donesha, CO-RESIDENT**

**At Residence 715 HEARTLAND POINT AVE, NORTH LAS VEGAS, NV 89032**
Latitude: **36.232360**,   Longitude: **-115.151682**

On **11/20/2023** at **08:34 AM**
**Manner of Service: SUBSTITUTE**
Substitute Service for **Anibal Alberto Lindo** was performed by leaving a true copy of this **Case Initiation Form, Complaint, Interrogatories to Defendant, Request for Production of Documents to Defendant, Request for Admissions to Defendant, 5.2 Certificate of Service**, with the date and hour of service endorsed thereon by me, with **Donesha - CO-RESIDENT**, as a person of suitable age and discretion residing at the within name person's usual place of abode at **715 Heartland Point Ave, North Las Vegas, NV 89032** and informing such person of their contents.

### Served Description:  (Approx)

Age: **35**, Sex: **Female**, Race: **Black-African American**, Height: **5' 4"**, Weight: **150**, Hair: **Black** Glasses:  **No**

I **Jacqueline T. Kohler** , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: 
**Jacqueline T. Kohler**
Lic # **R-097043**
**LV Process and Investigations, LLC**
License #2039
7181 N. Hualapai Way Suite 130-9
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **25909**    Client Ref # **Sherrika Stegall**

SUBSCRIBED AND SWORN to before me this 20 day of  November , 2023 , by  Jacqueline Kohler  ,
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

GENICE O ROJAS
Notary Public, State of Nevada
Appointment No. 14-13968-1
My Appt. Expires Jul 1, 2026


NOTARY PUBLIC for the state of Nevada



E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-08473-S5

11/9/2023 4:39 PM

TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SHERRIKA STEGALL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION |
| v. | * | FILE NO.   23-C-08473-S5 |
| | * | |
| ANIBAL ALBERTO LINDO | * | |
| | * | |
| Defendant. | * | |

## <u>RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY</u>

Notice is hereby given that Defendant was served the following discovery materials:

<u>Plaintiff's First Interrogatories and Request for Production of Documents to Defendant.</u>

Discovery request has been served upon the attorney for the opposing party via U.S. Regular Mail

and electronic filing delivery to the following address:

<div align="center">

Anibal Alberto Lindo
715 Heartland Point Avenue
North Las Vegas, Nevada 89032

</div>

This <u>8th</u> day of <u>November</u>, 2023.

Respectfully submitted,


<u>/s/ Nathan J. Wade</u>
Nathan J. Wade
Attorney for the Plaintiff
Georgia Bar No. 390947

Wade and Campbell Firm
1827 Powers Ferry Road
Building 25 Suite 100
Atlanta, Ga. 30339
(770) 303-0700 **phone**
(678) 810-1132 **fax**
**admin@wadeandcampbell.com**

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08473-S5**

**11/9/2023 4:39 PM**

**TIANA P. GARNER, CLERK**

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

SHERRIKA STEGALL,                        )
                                         )
Plaintiff                                )          Civil Action File No.        23-C-08473-S5
vs.                                      )
                                         )
ANIBAL ALBERTO LINDO,                    )
                                         )          **JURY TRIAL DEMANDED**
                                         )
Defendant.                               )

## PLAINTIFFS' FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**COMES NOW** Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiffs within a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of Wade & Campbell Firm, 1827 Powers Ferry Road, Building 25- Suite 100, Atlanta, Georgia 30339, within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.  The following definitions and instructions are applicable to each interrogatory unless negated by the context:

I.      **DEFINITIONS**

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## INTERROGATORIES

### 1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

2.

State the name and address of any person, including any party, who to your knowledge information or belief:

    (a)     was an eyewitness to the incident underlying this litigation;

    (b)     has some knowledge of anything upon which your defense is based; or

    (c)     has conducted any investigation relating to the incident underlying this litigation or the background, employment, medical history or activities of the Plaintiff.

3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

4.

Has any entity issued a policy of liability insurance to you or which is, or arguably should be, extending insurance coverage to you?  If so, please state for each policy:

    (a)     the name of the liability insurer and the limits of coverage; and

    (b)     the name of the insured on the policy and the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights under any such policy of liability insurance?  If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

    (a)     each eyewitness that will testify to those facts; and

    (b)     each document or tangible item that will evidence those facts.

7.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please state the subject matter on which such expert is expected to testify, state in detail the opinions held by each such expert or technician, and give a complete summary of the grounds for each opinion held.

8.

Were you an agent or employee of any person or entity at the time of the incident?  If so, please identify such person or entity, including name, address and telephone number.

9.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge.

10.

Please state each and every prior collision or prior insurance claim which you are aware the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

11.

State each and every fact supporting your contention that the Plaintiff's alleged injuries pre-existed the incident underlying this litigation and identify:

    (a)    each eyewitness that will testify to those facts; and

    (b)    each document or tangible item that will evidence those facts.

12.

State each and every fact supporting your contention that the Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation and identify:

    (a)    each eyewitness that will testify to those facts; and

    (b)    each document or tangible item that will evidence those facts.

13.

If you contend that Plaintiffs have been convicted of or pled guilty to a crime, identify:

    (a)    each eyewitness that will testify to those facts; and

    (b)    each document or tangible item that will evidence those facts.

14.

What do you contend caused the incident underlying this litigation?

15.

State each and every fact supporting your contention that you are not the sole proximate cause of the incident underlying this litigation and identify each eyewitness that will testify to those facts and each document or tangible item that will evidence those facts.

16.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the incident underlying this litigation?

17.

Do you contend that any of the named Defendants have been improperly named as parties to this action and/or that improper or incorrect agents for service were utilized to effectuate service upon the Defendants?  If your answer to either of these inquiries is "yes", please provide a detailed explanation as to why you contend that the named Defendants have been improperly

named or the agents used for service were improper and provide the complete and correct name
of the entities or individuals you contend should have been named and/or served.

18.

Do you contend that venue is improper in this court as to any of the named Defendants,
jurisdiction is lacking over any of the named Defendants in this Court, or that service of process
has been deficient on any of the named Defendants in this matter?  If so, please describe and
state with specificity all factual and legal basis supporting any such contention(s).

19.

With regard to the vehicle being operated at the time of the subject incident, identify:

    (a)     the owner of the vehicle;

    (b)     the frequency with which you drove the vehicle;

    (c)     who paid for the gas and maintenance on the vehicle; and

    (d)     if you did not own the vehicle, state whether or not you had the permission of the
            owner to be driving the vehicle at the time of the subject incident.

20.

Do you have a driver's license?  If so, please state when you first acquired any driver's license,
what type it is, and what are/were the restrictions on it.

21.

At any other time, either before or after the subject incident, have you ever been arrested for
driving under the influence or for any other drug or alcohol related charge?

22.

What is your citizenship and identify any documents supporting your contention.

23.

For each request to admit that you denied, please identify:

      (a)     each eyewitness that will testify to those facts supporting your denial; and

      (b)     each document or tangible item that will evidence facts supporting your denial.

24.

Please state whether you had a cell phone at the time of this incident and, if so please provide the cell phone provider, telephone number and the name the phone was listed in.

***This Plaintiffs' First Request for Continuing Interrogatories is served upon you together with Plaintiffs' Complaint.***

This 8th day of November, 2023.

                    Respectfully Submitted,

                    Nathan Wade /s/
                    NATHAN WADE, ESQ.
                    Georgia State Bar No. 390947
                    WADE & CAMPBELL FIRM
                    1827 Powers Ferry Road
                    Building 25 Suite 100
                    Atlanta, GA 30339
                    770.303.0700 *Office*
                    678.810.1132 *Fax*
                    admin@wadeandcampbell.com *Email*

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08473-S5**

**11/9/2023 4:39 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SHERRIKA STEGALL,                )
                                 )
Plaintiff                        )         Civil Action File No.     23-C-08473-S5
vs.                              )
                                 )
ANIBAL ALBERTO LINDO,            )
                                 )         **JURY TRIAL DEMANDED**
                                 )
Defendant.                       )

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT

**COMES NOW** Plaintiff and hereby requests that Defendant produce for inspection and copying the following documents in the possession, custody, or control of Defendant and its representative pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at the Wade & Campbell Firm at 1827 Powers Ferry Road, Building 25- Suite 100, Atlanta, GA 30339, or at such other time, date, and location agreed to by counsel for defendants and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

## DEFINITIONS

If a privilege is claimed as to any documents covered by this request for production, plaintiffs ask that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status.

As used herein, the terms listed below mean the following:

1. "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession,

control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2.  "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3.  If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

4.  The headers applied to these requests are for organizational purposes and for use as shorthand in meet and confer conferences.  The words in the headings are not a substitute for a full reading of the words in the actual request.

### *DOCUMENT REQUESTS*

1.

Any and all videos, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videos, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 7.

3.

Any and all medical records, videos, photographs or other evidence concerning, referencing or depicting Plaintiff.

4.

Copies of all photographs and/or videos depicting the Plaintiff doing anything.

5.

All documents obtained through a request for production of documents or subpoena.

6.

All documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

All documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical bills or lost earnings related to the subject incident.

8.

All insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

All taped or written statements taken from Plaintiffs, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendant or Defendant's insurer(s).

10.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

A copy of the title and tag registration on the vehicle you were driving at the time of the subject incident.

12.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Interrogatory No.16.

13.

A copy of all drivers' licenses you have held in the past five (5) years.

14.

All documents related to Plaintiffs' medical treatment for injuries allegedly received in the subject incident.

15.

Any and all documents related to the medical treatment Plaintiffs received prior to the subject incident.

16.

Any and all documents which you contend in any way impeach or discredit the Plaintiffs.

17.

For any document which has not been produced on grounds of privilege, please state:

(a)     the date each document was generated;

(b)     the person generating each document;

(c)     the present custodian of each document; and

(d)     a description of each document.

*Plaintiffs' First Request for Production of Documents is served upon you together with Plaintiffs' Complaint.*

This 8th day of November, 2023.

Respectfully Submitted,

Nathan Wade /s/
NATHAN WADE, ESQ.
Georgia State Bar No. 390947
WADE & CAMPBELL FIRM
1827 Powers Ferry Road
Building 25Suite 100
Atlanta, GA 30339
770.303.0700 *Office*
678.810.1132 *Fax*
admin@wadeandcampbell.com *Email*

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08473-S5**

**11/9/2023 4:39 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SHERRIKA STEGALL,                     )
                                      )
Plaintiff                             )        Civil Action File No.      23-C-08473-S5
vs.                                   )
                                      )
ANIBAL ALBERTO LINDO,                 )
                                      )        **JURY TRIAL DEMANDED**
                                      )
Defendant.                            )

### PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

**COMES NOW** Plaintiff and submits to Defendant, pursuant to O.C.G.A. § 9-11-36, for

response within 45 days after service hereof, the following request for admissions, for purposes

of the pending action, subject to all objections that may be interposed at the trial of the case:

1.

Admit that this action correctly names the party or parties to be sued in this cause.

2.

Admit that jurisdiction and venue are proper in this Court.

3.

Admit that service of process on the Defendant was proper.

4.

Admit that the motor vehicle operated by Defendant was owned by Defendant or was being

operated by Defendant with the knowledge and permission of its owner.

5.

Admit that Defendant was negligent in the operation of a motor vehicle which resulted in the

collision with Plaintiff's vehicle.

6.

Admit that Defendant received a citation(s) issued by the investigating law enforcement agency arising out of the collision.

7.

Admit that Defendant pled guilty to or knowingly forfeited the bond for said citation(s) in connection with the collision.

8.

Admit that Plaintiff was injured in the collision.

9.

Admit that the Plaintiff's actions did not cause or contribute to the collision.

10.

Admit that Plaintiff has incurred medical expenses due to injuries sustained in the collision, and that the medical expenses were reasonable and necessary.

11.

Admit that Defendant was Improperly Backing into Plaintiff's vehicle, causing the collision made subject of this suit.

12.

Admit that Defendant, alone, had the ability to prevent the collision made subject of this suit.

13.

Admit that Defendant saw the Plaintiff's vehicle stopped and failed to brake in time and the Defendant collided with Plaintiff's vehicle.

14.

Admit that Defendant's vision was not obstructed in any manner when she caused the collision made subject of this suit.

*2*

***This Request for Admissions is served upon you together with Plaintiff's Complaint.***

This <u>8th</u> day of <u>November</u>, 2023.

Respectfully Submitted,

<u>Nathan Wade /s/</u>
NATHAN WADE, ESQ
Georgia State Bar No. 390947
WADE & CAMPBELL FIRM
1827 Powers Ferry Road
Building 25 Suite 100
Atlanta, GA 30339
770.303.0700 *Office*
678.810.1132 *Fax*
<u>admin@wadeandcampbell.com</u> *Email*

*3*

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SHERRIKA STEGALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 23-C-08473-S5 |
| | ) | |
| ANIBAL ALBERTO LINDO, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT ANIBAL ALBERTO LINDO'S RESPONSES TO
### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS

**COMES NOW**, DEFENDANT ANIBAL ALBERTO LINDO (hereinafter "Defendant") in the above-captioned matter, and by and through undersigned attorney, hereby responds to Plaintiff's First Requests for Admissions to Defendant as follows:

1.

Admit that this action correctly names the party or parties to be sued in this cause.

**RESPONSE: Admitted.**

2.

Admit that jurisdiction and venue are proper in this Court.

**RESPONSE: Defendant admits that jurisdiction and venue are proper in this Court. Defendant further states that jurisdiction and venue are also proper in the United States District Court for the Northern District of Georgia, Atlanta Division.**

3.

Admit that service of process on the Defendant was proper.

**RESPONSE: Admitted.**

4.

Admit that the motor vehicle operated by Defendant was owned by Defendant or was being operated by Defendant with the knowledge and permission of its owner.

**RESPONSE: Defendant states he was operating a vehicle leased from Penske by the company for which he was driving at the time of the subject accident.**

5.

Admit that Defendant was negligent in the operation of a motor vehicle which resulted in the collision with Plaintiff's vehicle.

**RESPONSE: Denied.**

6.

Admit that Defendant received a citation(s) issued by the investigating law enforcement agency arising out of the collision.

**RESPONSE: Denied.**

7.

Admit that Defendant pled guilty to or knowingly forfeited the bond for said citation(s) in connection with the collision.

**RESPONSE: Denied.**

8.

Admit that Plaintiff was injured in the collision.

**RESPONSE: Defendant states that after an inquiry reasonable under the circumstances and with information known or readily available to Defendant, he can neither admit nor deny the matters as stated in Request for Admission No. 8.**

[2]

9.

Admit that the Plaintiff's actions did not cause or contribute to the collision.

**RESPONSE: Denied, as pled.**

10.

Admit that Plaintiff has incurred medical expenses due to injuries sustained in the collision, and that the medical expenses were reasonable and necessary.

**RESPONSE: Defendant states that after an inquiry reasonable under the circumstances and with information known or readily available to Defendant, he can neither admit nor deny the matters as stated in Request for Admission No. 10.**

11.

Admit that Defendant was Improperly Backing into Plaintiffs vehicle, causing the collision made subject of this suit.

**RESPONSE: Denied.**

12.

Admit that Defendant, alone, had the ability to prevent the collision made subject of this suit.

**RESPONSE: Denied, as pled.**

13.

Admit that Defendant saw the Plaintiff's vehicle stopped and failed to brake in time and the Defendant collided with Plaintiffs vehicle.

**RESPONSE: Denied.**

[3]

14.

Admit that Defendant's vision was not obstructed in any manner when she caused the collision made subject of this suit.

**RESPONSE: Denied, as pled.**

Respectfully submitted this 19th day of December, 2023.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Ashley D. Alfonso*
Ashley D. Alfonso
Georgia Bar No. 195484
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3052
Tel: (404) 874-8800
Fax: (404) 888-6199
ashley.alfonso@swiftcurrie.com
*Attorney for Defendant*

[4]

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this 19th day of December, 2023, electronically served a copy of Defendant Anibal Alberto Lindo's Responses to Plaintiff's First Requests for Admissions using Odyssey eFileGA, which will automatically send e-mail notification to the following attorney of record:

Nathan Wade
Wade & Campbell Firm
1827 Powers Ferry Road
Building 25, Suite 100
Atlanta, GA 30339
admin@wadeandcampbell.com
*Attorney for Plaintiff*

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Ashley D. Alfonso*
Ashley D. Alfonso
Georgia Bar No. 195484
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3052
Tel: (404) 874-8800
Fax: (404) 888-6199
ashley.alfonso@swiftcurrie.com
*Attorney for Defendant*

[5]

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08473-S5**

**12/19/2023 10:02 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SHERRIKA STEGALL,                         )
                                          )
     Plaintiff,                          )
                                          )          CIVIL ACTION FILE
v.                                        )          NO. 23-C-08473-S5
                                          )
ANIBAL ALBERTO LINDO,                     )
                                          )
     Defendant.                          )

## RULE 5.2 CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this 19th day of December, 2023, electronically served a copy of Defendant Anibal Alberto Lindo's Responses to Plaintiff's First Requests for Admissions using Odyssey eFileGA, which will automatically send e-mail notification to the following attorney of record:

<div align="center">

Nathan Wade
Wade & Campbell Firm
1827 Powers Ferry Road
Building 25, Suite 100
Atlanta, GA 30339
admin@wadeandcampbell.com
*Attorney for Plaintiff*

</div>

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Ashley D. Alfonso*
Ashley D. Alfonso
Georgia Bar No. 195484
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3052
Tel: (404) 874-8800
Fax: (404) 888-6199
ashley.alfonso@swiftcurrie.com
*Attorney for Defendant*

4873-9902-4535, v. 1

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08473-S5**

**12/19/2023 10:02 AM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SHERRIKA STEGALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 23-C-08473-S5 |
| | ) | |
| ANIBAL ALBERTO LINDO, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT ANIBAL ALBERTO LINDO'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**COMES NOW**, ANIBAL ALBERTO LINDO (hereinafter "Defendant"), Defendant in

the above-captioned matter, by and through the undersigned attorney, and hereby answers

Plaintiff's Complaint, showing the Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be

granted.

### SECOND AFFIRMATIVE DEFENSE

No act or omission on the part of Defendant caused or contributed to any of the alleged

injuries or damages claimed by the Plaintiff, and therefore, the Plaintiff is not entitled to recover

anything from this Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are not the proximate result of any alleged act, or failure to act

of Defendant; therefore, Plaintiff may not recover damages from this Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Defendant denies that all of the injuries and damages alleged in Plaintiff's Complaint were

proximately caused by any conduct on the part of the Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Any loss or damage allegedly suffered by Plaintiff, if any, may be a direct and proximate result of the superseding and intervening acts of other persons or entities, for whom Defendant is not liable.

## SIXTH AFFIRMATIVE DEFENSE

The facts not having been fully developed, Defendant would affirmatively plead the following affirmative defenses as may be applicable in this action: intervening and superseding cause.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads all affirmative defenses afforded to it under O.C.G.A. § 9-11-8(c) to the extent that the same may be found applicable through discovery or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any and all additional defenses that arise during the course of this litigation and the right to amend this Answer to assert such defenses.

## NINTH AFFIRMATIVE DEFENSE

Responding to the individually numbered paragraphs of the Plaintiff's Complaint, Defendant shows this Court as follows:

## ALLEGED PARTIES, JURISDICTION AND VENUE

1.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, and can therefore neither admit nor deny them.

2.

Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.  By way of further response, Defendant further states that jurisdiction and venue are also proper in the United States District Court for the Northern District of Georgia, Atlanta Division.

4.

Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.  By way of further response, Defendant further states that jurisdiction and venue are also proper in the United States District Court for the Northern District of Georgia, Atlanta Division.

**ALLEGED SERVICE OF PROCESS**

5.

Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 4 as though fully set forth herein.

6.

Defendant admits he may be served at his residence at 715 Heartland Point Avenue, North Las Vegas, Nevada, 89032.  Defendant denies the remaining allegations in paragraph 6 of Plaintiff's Complaint.

7.

Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.  By way of further response, Defendant further states that venue and jurisdiction are also proper in the United States District Court for the Northern District of Georgia, Atlanta Division.

## ALLEGED FACTUAL NARRATIVE

8.

Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 7 as though fully set forth herein.

9.

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint, as pleaded.

10.

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint, as pled.

11.

Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint, as pled.

19.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint, and can therefore neither admit nor deny them.

20.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint, and can therefore neither admit nor deny them.

21.

Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendant admits the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint, including subsections (a) through (h).

24.

Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint, and can therefore neither admit nor deny them.

27.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint, and can therefore neither admit nor deny them.

28.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint, and can therefore neither admit nor deny them.

## **ALLEGED EXPENSES OF LITIGATION/ATTORNEY FEES**

29.

Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 28 as though fully set forth herein.

30.

Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.

Defendant expressly denies any and all other allegations, contingents, claims, and prayers for relief not specifically responded to above.

33.

Defendant expressly denies each and every prayer for relief contained in the "WHEREFORE" paragraph of Plaintiff's Complaint, including subsections (a) through (l).

**WHEREFORE**, having fully answered the Plaintiff's Complaint, Defendant Anibal Alberto Lindo respectfully prays as follows:

(a)     That he be dismissed without cost or liability, and all costs be taxed against the Plaintiff;

(b)     That he have such other and further relief as the Court deems just and proper; and

(c)     That he have a trial by a jury of twelve (12) persons.

Respectfully submitted this 19th day of December, 2023.

<div style="margin-left:45%">

*/s/ Ashley D. Alfonso*
Ashley D. Alfonso
Georgia Bar No. 195484
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3052
Tel: (404) 874-8800
Fax: (404) 888-6199
ashley.alfonso@swiftcurrie.com
*Attorney for Defendant*

</div>

~ 7 ~

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this 19th day of December, 2023, electronically served the foregoing Anibal Alberto Lindo's Answer and Affirmative Defenses to Plaintiff's Complaint using Odyssey eFileGA, which will automatically send e-mail notification to the following attorney of record:

Nathan Wade
Wade & Campbell Firm
1827 Powers Ferry Road
Building 25, Suite 100
Atlanta, GA 30339
admin@wadeandcampbell.com
*Attorney for Plaintiff*

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Ashley D. Alfonso*
Ashley D. Alfonso
Georgia Bar No. 195484
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3052
Tel: (404) 874-8800
Fax: (404) 888-6199
ashley.alfonso@swiftcurrie.com
*Attorney for Defendant*

4878-5666-1143, v. 1

~ 8 ~