# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SHERRIKA STEGALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. |
| | ) | |
| | ) | State Court of Gwinnett County |
| ANIBAL ALBERTO LINDO, | ) | CAFN: 23-C-08473-S5 |
| | ) | |
| Defendant. | ) | |

## DEFENDANT ANIBAL ALBERTO LINDO'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**COMES NOW**, Defendant ANIBAL ALBERTO LINDO (hereinafter "Defendant") in the above-captioned matter, and by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and shows this Court as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

No act or omission on the part of Defendant caused or contributed to any of the alleged injuries or damages claimed by the Plaintiff, and therefore, the Plaintiff is not entitled to recover anything from this Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are not the proximate result of any alleged act, or failure to act of Defendant; therefore, Plaintiff may not recover damages from this Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant denies that all of the injuries and damages alleged in Plaintiff's Complaint were proximately caused by any conduct on the part of this Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Any loss or damage allegedly suffered by Plaintiff, if any, may be a direct and proximate result of the superseding and intervening acts of other persons or entities, for whom Defendant is not liable.

## SIXTH AFFIRMATIVE DEFENSE

The facts not having been fully developed, Defendant would affirmatively plead the following affirmative defenses as may be applicable in this action: intervening and superseding cause.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads all affirmative defenses afforded to it under O.C.G.A. § 9-11-8(c) to the extent same may be found applicable through discovery or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any and all additional defenses that arise during the course of this litigation, and reserves the right to amend this Answer to assert such defenses.

## NINTH AFFIRMATIVE DEFENSE

Responding to the individually numbered paragraphs of the Plaintiff's Complaint, Defendant shows this Court as follows:

## ALLEGED PARTIES, JURISDICTION AND VENUE

1.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, and can therefore neither admit nor deny them.

2.

Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint. By way of further response, Defendant further states that jurisdiction and venue are also proper in the United States District Court for the Northern District of Georgia, Atlanta Division.

4.

Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint. By way of further response, Defendant further states that jurisdiction and venue are also proper in the United States District Court for the Northern District of Georgia, Atlanta Division.

**ALLEGED SERVICE OF PROCESS**

5.

Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 4 as though fully set forth herein.

6.

Defendant admits he may be served at his residence at 715 Heartland Point Avenue, North Las Vegas, Nevada, 89032. Defendant denies the remaining allegations in paragraph 6 of Plaintiff's Complaint.

7.

Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint. By way of further response, Defendant further states that venue and jurisdiction are also proper in the United States District Court for the Northern District of Georgia, Atlanta Division.

## ALLEGED FACTUAL NARRATIVE

8.

Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 7 as though fully set forth herein.

9.

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint, as pled.

10.

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint, as pled.

11.

Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint, as pled.

19.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint, and can therefore neither admit nor deny them.

20.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint, and can therefore neither admit nor deny them.

21.

Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendant admits the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint, including subsections (a) through (h).

24.

Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint, and can therefore neither admit nor deny them.

27.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint, and can therefore neither admit nor deny them.

28.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint, and can therefore neither admit nor deny them.

**ALLEGED EXPENSES OF LITIGATION/ATTORNEY FEES**

29.

Defendant reasserts and incorporates by reference its affirmative defenses and answers to paragraphs 1 through 28 as though fully set forth herein.

30.

Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.

Defendant expressly denies any and all other allegations, contingents, claims, and prayers for relief not specifically responded to above.

33.

Defendant expressly denies each and every prayer for relief contained in the "WHEREFORE" paragraph of Plaintiff's Complaint, including subsections (a) through (l).

**WHEREFORE**, having fully answered the Plaintiff's Complaint, Defendant Anibal Alberto Lindo respectfully prays as follows:

(a) That he be dismissed without cost or liability, and all costs be taxed against the Plaintiff;

(b) That he have such other and further relief as the Court deems just and proper; and

(c) That he have a trial by a jury of twelve (12) persons.

Respectfully submitted this 19th day of December, 2023.

        */s/ Ashley D. Alfonso*
        Ashley D. Alfonso
        Georgia Bar No. 195484
        Swift, Currie, McGhee & Hiers, LLP
        1420 Peachtree Street, N.E., Suite 800
        Atlanta, GA 30309-3052
        Tel: (404) 874-8800
        Fax: (404) 888-6199
        ashley.alfonso@swiftcurrie.com
        *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have filed a copy of the within and foregoing Defendant Anibal Alberto Lindo's Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of Court, which will automatically send notification of such filing to the following attorney of record:

Nathan Wade, Esq.
Wade & Campbell Firm
1827 Powers Ferry Road
Building 25 Suite 100
Atlanta, GA 30339
admin@wadeandcampbell.com

This the 19th day of December, 2023.

                                          */s/ Ashley D. Alfonso*
                                          Ashley D. Alfonso
                                          Georgia Bar No. 195484
                                          Swift, Currie, McGhee & Hiers, LLP
                                          1420 Peachtree Street, N.E., Suite 800
                                          Atlanta, GA 30309-3052
                                          Tel: (404) 874-8800
                                          Fax: (404) 888-6199
                                          ashley.alfonso@swiftcurrie.com
                                          *Attorney for Defendant*

4869-8781-1478, v. 1