## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| FOLASADE A. LOYE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EMORY UNIVERSITY d/b/a<br>EMORY UNIVERSITY SCHOOL OF<br>MEDICINE<br><br>　　　　Defendant, | )<br>)<br>)<br>)<br>)<br>)　Civil Action File No.<br>)<br>)<br>)<br>)<br>) |

---

## COMPLAINT

---

COMES NOW Plaintiff Folasade A. Loye ("Ms. Loye" or "Plaintiff") above-named, through her undersigned counsel, and files this Complaint against Emory University School of Medicine ("Emory") showing the Court as follows:

## **INTRODUCTION**

1.

This is a lawsuit for age discrimination and retaliation brought pursuant to violations of the Age Discrimination in Employment Act of 1967 "ADEA", 29 U.S.C. §621, et. seq.

2.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337.

3.

Venue is proper in this district and division under 28 U.S.C. §1391 because Defendant resides in the Northern District of Georgia, Atlanta Division, and the claims arose within the district and division of the Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.

Plaintiff timely filed a charge of discrimination against Defendant Emory, with the Equal Employment Opportunity Commission, ("EEOC") on February 13, 2023 and received a "Notice of Right to Sue" from the EEOC on September 21, 2023. True and correct copies of the Charge of Discrimination and Notice of Right to Sue are attached hereto as Exhibits A and B, respectively. Plaintiff's Charge to the EEOC served to provide notice of Charge to Defendant Emory and Defendant Emory was afforded the opportunity to participate in the investigation and conciliation of this Charge. This action is filed within ninety (90) days of the Plaintiff's receipt of the "Notice of Right to Sue."  Thus, administrative remedies have been exhausted.

## PARTIES

5.

Plaintiff is an African American, 64 year old female and is entitled to bring actions of this type and nature. She submits herself to the jurisdiction of this Court. She was, at all times relevant to this action, an "employee" within the meaning of 29 U.S.C. §630.

6.

Defendant Emory is a private non-profit company organized and registered under the laws of the state of Georgia, employing in excess of fifteen (15) employees, for each working day in each of the twenty (20) calendar weeks in the current or preceding calendar year and located in the state of Georgia, in this federal district and this division. At relevant times hereto, Emory has maintained its offices, conducting regular business in Dekalb County, Georgia and in the Northern District of Georgia, Atlanta Division.

7.

Emory may be served with process via its Registered Agent, Amy Adelman at 201 Dowman Drive, 312 Administration Building, Emory University, Atlanta, Georgia 30322.

## FACTS

### 8.

Ms. Loye was, at all times relevant to this action, an employee of Defendant Emory.

### 9.

Ms. Loye worked for Emory as a Manager of Financial Planning and Analysis (Anethesiology) from 2013 to July 2023.

### 10.

Her primary duties included providing leadership, budgeting, and financial direction to the personnel in Emory's Anesthesiology Department.

### 11.

Plaintiff's last supervisor was Matthew Drohan. Mr. Drohan's title was Senior Administrator for Defendant Emory.

### 12.

Ms. Loye was, at the time of her termination with Defendant Emory, 63 years old and the oldest employee in the department in which she worked.

### 13.

Ms. Loye was well-acquainted with working in the medical and financial field as she worked in the fields for approximately 20 years – 17 at Emory.

14.

In fact, Ms. Loye trained other less experienced employees for several years in her previous positions at Emory and was well-qualified for the position she held with the Defendant.

15.

From 2013 to 2021 Ms. Loye continually received "exceeds expectations" evaluations from her supervisors.

16.

From 2016 until April 2022 Ms. Loye reported to Sam Seifert – Senior Administrator.

17.

In 2021, Ms. Loye became aware of a reimbursement to an Associate Professor for a generator he had purchased for his home. The Professor's name was Dr. Matt Klopman.

18.

Ultimately, because of Ms. Loye's attention to operations within the Department, Dr. Klopman was required to pay for the generator out of his own funds in November of 2021.

19.

Shortly thereafter, Mr. Seifert resigned from Emory. Ms. Loye was one of several applicants for his position.

20.

Ms. Loye was the most qualified applicant to replace Mr. Seifert.

21.

Unfortunately, Mr. Seifert's position was filled by Mr. Drohan, a Caucasian 34 year old male. Mr. Drohan had worked for Emory for less time than Ms. Loye and was less qualified.

22.

On information and belief, Mr. Drohan was a close friend of Dr. Klopman and Dr. Klopman played a large role in his hire over Ms. Loye.

23.

In his first performance review of Ms. Loye in September 2022, Mr. Drohan gave her an overall rating of "needs improvement." Mr. Dorhan placed Plaintiff on a Performance Improvement Plan ("PIP") on or about May 22, 2023.

24.

From September of 2022 until her termination on  July 26,  2023, Mr. Drohan continually harassed Ms. Loye and took issue with all aspects of Ms. Loye's job performance.

25.

For example, Mr. Drohan repeatedly told Ms. Loye "it would be better for you to resign, since you are eligible for retirement because of your age." He then added: "otherwise…" When Ms. Loye asked Mr. Drohan what he meant by "otherwise," he would not respond.

26.

Mr. Drohan also repeatedly yelled at Ms. Loye in phone calls and at meetings for petty shortcomings with her work in assembling budgets, and repeatedly threatened to fire her. Ultimately, in such a call on July 26, 2023, Mr. Drohan told Ms. Loye she was "fired."  Mr. Drohan created a hostile work environment by continuously insinuating that she should retire or resign.

27.

Defendant used the pretextual reason of "unsatisfactory" job performance for her termination.

28.

Defendant acted willfully in all the above-stated discriminatory and retaliatory actions against Ms. Loye, violating her federally protected rights.

29.

The effect of Defendant's above-stated actions has been to deprive Ms. Loye of employment opportunities, income in the form of regular wages, prospective employment benefits, and other benefits to which she would have been entitled but for Defendant's illegal actions.

## COUNT I: AGE DISCRIMINATION

30.

Ms. Loye incorporates herein by reference the allegations set for in the preceding paragraphs of the complaint as if fully set forth herein.

31.

At all times relevant herein, Emory has been an "employer" within the meaning of ADEA. 29. U.S.C. § 630 (f).

32.

At all times relevant herein, Ms. Loye was an "employee" of Emory within the meaning of 29. U.S.C. § 630 (f).

33.

Ms. Loye was entitled to ADEA protection because she was over the age of forty at all relevant times, 29 U.S.C. § 631.

34.

Emory discriminated against Ms. Loye on the basis of her age. Examples of this include Emory's zealous issuance of reprimands to Ms. Loye for minor, insignificant issues related to her job performance.

35.

Emory discriminated against Ms. Loye and created a hostile work environment by terminating her because of her age. Mr. Drohan repeatedly asked Ms. Loye if she would retire and then ultimately terminated her when she would not. Upon information and belief, younger employees were not pressured to resign, placed on PIPs, or denied the opportunity to implement PIPs.

36.

Ms. Loye has been prejudiced by the ADEA violations. She has suffered a harm remediable by either damages or equitable relief. Specifically, Ms. Loye was damaged through loss of wages, salary, employment benefits, and other compensation denied to her by reason of the violation.

37.

Ms. Loye has suffered and continues to suffer damages as a direct and proximate result of Emory's age-based discrimination.

38.

Ms. Loye is entitled to recover from Emory for at least the wages and employment benefits she has lost as a result of Emory's unlawful conduct in violation of the ADEA, and interest thereon, calculation at the prevailing rate.

39.

Ms. Loye is entitled to recover liquidated damages from Emory in addition to compensation alleged above in accordance with 29 U.S.C. § 626 (b).

40.

Ms. Loye is entitled to front pay.

## COUNT II: RETALIATION

41.

Ms. Loye incorporates herein by reference the allegations set forth in preceding paragraphs of her complaint as if fully set forth herein.

42.

At all times relevant herein, Emory has been an "employer" within the meaning of the ADEA 29 U.S.C. § 630 (f).

43.

At all times relevant herein, Ms. Loye was a protected "employee" of Emory within the meaning of the ADEA 29 U.S.C. § 630 (f), 631.

44.

Ms. Loye engaged in statutorily protected activity when she filed her EEOC charge and opposed Mr. Dorhan's campaign to force her to retire or resign.

45.

On May 22, 2023, after Plaintiff filed her EEOC Charge, Mr. Dorhan placed her on a PIP after she filed her EEOC Charge. Although Mr. Dorhan claimed that he would revisit the PIP in July, he instead summarily terminated her employment. His actions ignored Emory's stated goals of the PIP "to educate an employee and promote successful performance."

*See* Emory University, Guidelines & Templates For Performance Management Documentation,https://www.hr.emory.edu/eu/_includes/documents/sections/emplo yee-relations/performance-improvement-letter.pdf, Last Accessed December 19, 2023.

46.

Emory intentionally retaliated against Ms. Loye in the form of an adverse employee reviews, continued criticism of her job performance, and ultimately by termination.

47.

Emory impermissibly retaliated against Ms. Loye by insisting that she retire and by taking adverse employment actions described herein. Despite having a robust progressive discipline policy, Emory did not implement said policy to address Plaintiff's alleged performance issues.

48.

Ms. Loye has suffered and continues to suffer damages as a direct and proximate result of Emory's retaliation against her exercise of rights under the ADEA.

49.

Ms. Loye is entitled to recover from Emory for at least her wages, and employment benefits she lost as a result of Emory's unlawful conduction in violation of the ADEA, and interest thereon, calculated at the prevailing rate.

50.

Ms. Loye is entitled to recover liquidated damages from Emory in addition to the compensation alleged above in accordance with 29 U.S.C. § 626 (b).

51.

Ms. Loye is entitled to front pay.

### III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52.

Ms. Loye incorporates herein by reference the allegations set forth in preceding paragraphs of her complaint as if fully set forth herein.

53.

As a result of the conduct above-described herein Plaintiff suffered intentional infliction of emotional distress in violation of Georgia law.

54.

Defendant knew or should have known that the conduct would cause or be likely to cause severe emotional distress.

55.

Plaintiff is entitled to recover damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. Loye respectfully prays this Court to grant the following relief:

a.  That Ms. Loye has and recovers from Emory lost back pay, front pay and benefits, with prejudgment interest thereon;

b.  That Ms. Loye has and recovers liquidated damages in an amount to be determined by a jury;

c.  That Ms. Loye recovers punitive damages;

d.  That Ms. Loye recovers her attorney's fees and cost of litigation pursuant to all applicable laws; and

e.  Any and other such further relief this Court or the Finder of Fact deems equitable and just.

Dated:   December 19, 2023.

Respectfully submitted,

**DOVIN | FICKEN LLC**

_/s/ Edward J. Dovin_
Edward J. Dovin
Georgia Bar No. 227645
ejdovin@dovinficken.com

_/s/ Allison S. H. Ficken_
Allison S. H. Ficken
Georgia Bar No. 355875

ahficken@dovinficken.com

*Counsel for Plaintiffs*

Monarch Plaza
3414 Peachtree Road, NE
Suite 625
Atlanta, Georgia 30326
T: (770) 829-3869
F: (770) 829-3865

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | **410-2023-00614** |
| | | and EEOC |

*State or local Agency, if any*

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. Folasade A. Loye | (404) 409-6562 | 1959 |

Street Address

2788 Kingstream Drive

SNELLVILLE, GA 30039

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Emory University School of Medicine | 201 - 500 Employees | |

Street Address

James B. Williams Medical Education Building  100 Woodruff Circle

ATLANTA, GA 30322

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address                    City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest                         Latest |
| Age, Race, Retaliation | 12/21/2021                  09/14/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. On or about November 20, 2006, I was hired by the above employer as a Manager of Planning and Ananalysis. From on or about December 21, 2021, to the present I have been harassed by my supervisor and management. Since on or about December 21, 2021, until September 14, 2022, I have been denied several promotional opportunities. On or about September 14, 2022, I was given a poor performance evaluation. On or about March 19, 2022, I complained about the harassment, but nothing was done to stop it.

II. I was told I was no longer under consideration for the positions I applied for. Nothing was done regarding my complaint.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Ms. Folasade A. Loye** 02/13/2023                                 *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Page 1 of 3



EXHIBIT
A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 410-2023-00614 |

|  | and EEOC |
|---|---|
| *State or local Agency, if any* | |

III. I believe I have been discriminated against based on my race (African American), in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII), my age (Over 60), in violation of the Age Discrimination in Employment Act of 1967, as amended (ADEA), and subjected to retaliation for engaging in protected activity in violation of Title VII and the ADEA.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Ms. Folasade A. Loye** **02/13/2023** | SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE (*month, day, year*) |
| *Charging Party Signature* | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

### DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/21/2023

**To:** Ms. Folasade A. Loye
2788 Kingstream Drive
SNELLVILLE, GA 30039
Charge No: 410-2023-00614

EEOC Representative and email:    TREY PYLE
Sr. Federal Investigator
Trey.Pyle@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2023-00614.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
09/21/2023

Darrell E. Graham
District Director



EXHIBIT

B

**Cc:**
JonVieve Hill
Fisher & Phillips LLP
1230 PEACHTREE ST NE STE 3300
Atlanta, GA 30309

Andrea Flanagan
James B. Williams Medical Education Building  100 Woodruff Circle
ATLANTA, GA 30322

Edward J Dovin
Dovin Ficken, LLC
3414 Peachtree Road NE Suite 625
ATLANTA, GA 30326

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS -- 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request

Enclosure with EEOC Notice of Closure and Rights (01/22)

identifying your request as a "FOIA Request" for Charge Number 410-2023-00614 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30

Atlanta, GA 30303.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 410-2023-00614 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30

Atlanta, GA 30303.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.