# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM DUDLEY MULLIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| COOK INCORPORATED; | ) |
| COOK GROUP INCORPORATED; | ) |
| COOK MEDICAL LLC; and | ) |
| WILLIAM COOK EUROPE APS, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Cook Incorporated, Cook Group Incorporated, Cook Medical LLC,[1] and William Cook Europe ApS (collectively "Cook") hereby remove the stated court action entitled *Mullis v. Cook Incorporated et al.*, filed in the State Court of Gwinnett County, Georgia, Case No. 23-C-08580-S5, to the United States District Court for the Northern District of Georgia pursuant to U.S.C. § 1332 and 1441. In support thereof, Cook states as follows:

---

[1] Defendant Cook Medical LLC was incorrectly named as "Cook Medical, LLC" and "Cook Medical Incorporated" in Plaintiff's State Court Complaint ("Complaint"). *See* **Exhibit 1**, Complaint.

## BACKGROUND

1. On November 17, 2023, the plaintiff, William Dudley Mullis, Jr. ("Plaintiff") filed this civil action in the State Court of Gwinnett County, Georgia.

2. Plaintiff claims to have suffered injuries arising from the alleged failure of an inferior vena cava filter manufactured by Cook – specifically the Celect Vena Cava Filter. *See generally* **Exhibit 1**, Complaint.

3. Cook was served by personal service on its registered agent on November 20, 2023. *See* **Exhibit 1**. A true and correct copy of the Summons is attached as **Exhibit 2**.

4. Cook has not yet answered or otherwise responded to the Complaint.

5. As demonstrated below, the Court has diversity jurisdiction over this suit, and all conditions necessary to remove the action to this Court have been satisfied.

## REMOVAL IS PROPER UNDER DIVERSITY JURISDICTION

6. This action is being removed pursuant to 28 U.S.C. § 1441(b), which allows removal based on diversity of citizenship.

7. 28 U.S.C. § 1332(a) provides that diversity of citizenship exists where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."

## I. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANTS

8. Plaintiff is a citizen of Georgia. **Exhibit 1**, Complaint at ¶ 1. Additionally, Plaintiff has undergone his relevant medical care in Georgia. *See id.*, at ¶¶ 15, 26-30 (noting treatment at Wellstar Kennestone Hospital in Marietta, Georgia and Emory University Hospital in Atlanta, Georgia). Based on his residence in Georgia at all times relevant to the Complaint, Plaintiff is domiciled in Georgia and is a citizen of Georgia for purposes of determining diversity. *See Elliott v. BOKF, N.A.*, 2018 WL 8263266, at *2-4 (N.D. Ga. Dec. 19, 2018) (noting that while residence does not equate domicile, long-term residence is the prima facie domicile) (citing *Stine v. Moore*, 213 F.3d 446, 448 (5th Cir. 1954)).

9. Defendant Cook Incorporated is an Indiana corporation with its principal place of business in Indiana. Thus, for jurisdictional purposes, Cook Incorporated is a citizen of Indiana.

10. Defendant Cook Group Incorporated is an Indiana corporation with its principal place of business in Indiana. Thus, for jurisdictional purposes, Cook Group Incorporated is a citizen of Indiana.

11. Defendant Cook Medical LLC is an Indiana limited liability company with its principal place of business in Indiana. Cook Medical LLC's sole member is Cook Group Incorporated, which is a citizen of Indiana for jurisdictional purposes.

*See* **Exhibit 1**, Complaint at ¶ 8.  Thus, Cook Medical LLC is a citizen of Indiana for jurisdictional purposes.

12. Defendant William Cook Europe ApS is a foreign corporation incorporated under the laws of Denmark and with its principal place of business located in Denmark. 28 U.S.C. § 1332(c)(1) provides that a corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  Thus, for jurisdictional purposes, Defendant William Cook Europe ApS is a citizen of Denmark.

13. Plaintiff alleges in his Complaint that "[t]here is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs."  *Id.* at ¶ 11 (citing 28 U.S.C. § 1332).

14. Accordingly, diversity jurisdiction exists because the case is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a).

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. Removal is proper under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446 if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

4

16. Under section 1446(a), a defendant seeking to remove a case must include in its Notice of Removal "a short and plain statement of the grounds for removal." The United States Supreme Court has explained that "by borrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)). To satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Id.* at 551 (quoting *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192, 200 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint'").

17. In his Complaint, Plaintiff asserts six causes of action, including (1) Negligence; (2) Failure to Warn; (3) Design Defect; (4) Manufacturing Defect; (5) Breach of Implied Warranty of Merchantability; and (6) Negligent Misrepresentation. *See* Compl., at ¶¶ 43-102. Plaintiff also has pled a request for punitive damages. *See id.* at ¶¶ 103-07; WHEREFORE Paragraph (a)(6).

18. Plaintiff alleges that he "has suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, loss of enjoyment of life, disability, and other losses" due to Cook's conduct. **Exhibit 1**, Complaint at ¶¶ 13, 53, 66, 75, 81, 91, 102, 107.

19. Plaintiff further alleges that, due to the retention of a fractured filter strut in his pancreas, he "faces numerous health risks, including the risks of death . . . [and] will require ongoing medical care and monitoring for the rest of his life." *Id.* at ¶¶ 28-30.

20. Plaintiff also seeks punitive damages and alleges that Cook acted with "willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Id.* at ¶ 105.

21. Plaintiff affirmatively alleges that "the amount in controversy exceeds $75,000, exclusive of interest and costs." *Id.* at ¶ 11.

22. Although Cook intends to vigorously dispute the allegations in the Complaint, courts also often look to jury verdicts in comparable cases to determine the amount in controversy. Verdicts with damages in excess of $75,000 have resulted in cases where plaintiffs alleged that a medical product caused injury, but not death. *See, e.g.*, *Toole v. McClintock*, 999 F.2d 1430, 1432–33 (11th Cir. 1993) (addressing on appeal an award of $400,000 in compensatory damages and $5

million in punitive damages in a medical device product liability case); *Benford v. Richard's Med. Co.*, 792 F.3d 1537, 1538 (11th Cir. 1986) (discussing an award of $165,000 in compensatory and $100,000 in punitive damages in a medical device case); *Christiansen v. Wright Med. Tech., Inc.*, 2015 WL 9701334 (N.D. Ga. Nov. 24, 2015) (reporting on verdict in metal-on-metal hip case awarding the plaintiff $1 million in total compensatory damages and $10 million in punitive damages); *K.B. Pro Ami, Bunch v. Pacific Cycle, Inc. d/b/a Schwinn Bicycles*, 2015 WL 4465118 (N.D. Ga. May 7, 2015) (with respect to product liability more broadly, reporting on $550,000 verdict awarded to the plaintiff in bicycle defect case who suffered a severed femoral vein after a tip over).

23. Collectively, these allegations demonstrate that the amount in controversy is greater than $75,000, exclusive of interest and court costs. 28 U.S.C. § 1332(a).

## III. REMOVAL IS TIMELY

24. Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

25. Here, removal is timely because Plaintiff served his Complaint on Cook on November 20, 2023, and this Notice of Removal is being filed within 30 days of service. *See* **Exhibits 1** and **2.**

## IV. VENUE AND OTHER REQUIREMENTS ARE SATISFIED

26. Venue is proper for removal to this Court pursuant to 28 U.S.C. § 1391 because the State Court of Gwinnett County, where the Complaint was filed, is a state court within the Northern District of Georgia.

27. Pursuant to 28 U.S.C. § 1446(d), Cook is filing a written notice of removal with the Clerk of the State Court of Gwinnett County (attached hereto as **Exhibit 3**), which along with this Notice, is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

28. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Cook are attached as **Exhibits 1** and **2**.

WHEREFORE, Cook gives notice that the matter entitled *Mullis v. Cook Incorporated, et al.*, originally filed in the State Court of Gwinnett County, Georgia, Case No. 23-C-08580-S5, is hereby removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 19th day of December, 2023.

        */s/ Halli D. Cohn*
        Halli D. Cohn
        Georgia Bar No. 175505
        David F. Norden
        Georgia Bar No. 545647
        Frederick J. King
        Georgia Bar No. 110969

        **TROUTMAN PEPPER HAMILTON SANDERS LLP**
        600 Peachtree Street NE
        Suite 3000
        Atlanta, GA 30308
        (404) 885-3000
        halli.cohn@troutman.com
        david.norden@troutman.com
        frederick.king@troutman.com

        *Attorneys for Defendants Cook Incorporated, Cook Group Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## **<u>FONT CERTIFICATION</u>**

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing document was prepared using Times New Roman 14-point type as provided in Local Rule 5.1.

*/s/ Halli D. Cohn*
Halli D. Cohn
Georgia Bar No. 175505

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December, 2023, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served Plaintiff's counsel with a copy via U.S. Mail with adequate first class postage affixed thereto as follows:

Robert M. Hammers, Jr.<br>
Hammers Law Firm, LLC<br>
5555 Glenridge Connector<br>
Suite 975<br>
Atlanta, GA 30342

This 19th day of December, 2023.

                                            */s/ Halli D. Cohn*
                                            Halli D. Cohn
                                            Georgia Bar No. 175505