Exhibit 1

# Case Information

## MULLIS, Jr. VS COOK INCORPORATED et al

23-C-08580-S5

File Into

**Location**
Gwinnett - State Court ⇄

**Case Category**
Civil

**Case Type**
Tort - Product Liability Tort*

**Case Filed Date**
11/17/2023

**Judge**
Dove, Erica K. ▾

**Case Status**
Open (Pending)

## Parties ⑥

| Type | Name | Nickname/Alias | Attorneys |
|------|------|----------------|-----------|
| Plaintiff | WILLIAM DUDLEY MULLIS, JR ▾ | | ROBERT M HAMMERS ▾ |
| Defendant | COOK INCORPORATED ▾ | | Pro Se |
| Defendant | COOK MEDICAL INCORPORATED ▾ | | Pro Se |
| Defendant | COOK MEDICAL LLC ▾ | | Pro Se |
| Defendant | WILLIAM COOK EUROPE APS ▾ | | Pro Se |
| Defendant | COOK GROUP INC ▾ | | |

## Hearings ⓪

No hearings found.

## Events ⑥

Oldest | Search events | 🔍 | ❓

➕ All | ➖ All

### Summons

**File Date**
11/17/2023

| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|---|
| William Dudley Mullis - Summons.pdf | | Public | 1 | $2.50 | 🛒 Add |

### Complaint with Jury Demand

**File Date**
11/17/2023



| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|---|
| Complaint - Dudley Mullis.pdf | | Public | 25 | $26.50 | Add |

## General Civil/Dom Relations Case Filing Form

### MULLIS, Jr. VS COOK INCORPORATED et al

23-C-08580-S5

File Date
11/17/2023

   

| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|---|
| General Civil/Dom Relations Case Filing Form.pdf | | Public | 1 | $2.50 | Add |

## SAIF

Cook Medical LLC

File Date
12/4/2023



| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|---|
| William Mullis - Service upon Cook Medical LLc.pdf | | Public | 2 | $3.50 | Add |

## SAIF

William Cook Europe APS

File Date
12/4/2023



| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|---|
| William Mullis - Service upon William Cook Europe.pdf | | Public | 2 | $3.50 | Add |

## SAIF

Cook Group Inc

File Date
12/4/2023



| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|---|
| William Mullis - Service upon Cook Group Inc.pdf | | Public | 1 | $2.50 | Add |

## SAIF

Cook Medical INC

File Date
12/4/2023



| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|---|
| William Mullis - Service upon Cook Medical inc.pdf | | Public | 2 | $3.50 | Add |

## SAIF

Cook Group INC

File Date
12/4/2023



| Name | Description | Security Description | Pages | Price | |
|------|-------------|---------------------|-------|-------|---|
| William Mullis - Service upon Cook Group inc c.o.pdf | | Public | 2 | $3.50 | Add |

© 2023 Tyler Technologies, Inc. | All Rights Reserved
Version: 2023,10,0,88

EMPOWERED BY
TYLER TECHNOLOGIES

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-08580-S5**
**11/17/2023 11:14 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| WILLIAM DUDLEY MULLIS, JR., an individual, | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| COOK INCORPORATED; COOK MEDICAL INCORPORATED; COOK GROUP INCORPORATED; COOK MEDICAL, LLC; WILLIAM COOK EUROPE APS, | ) ) ) ) ) ) |
| Defendant. | ) |

Civil Action
File NO.    23-C-08580-S5

### SUMMONS

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

**Robert M. Hammers, Jr.**
**5555 Glenridge Connector**
**Suite 975**
**Atlanta, GA 30342**

an answer to the complaint, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 17th day of November, 2023.

_____
DEPUTY CLERK

**HAMMERS LAW FIRM, LLC**

*/s/ Robert M. Hammers, Jr.*
ROBERT M. HAMMERS, JR.
State Bar No.: 337211
5555 Glenridge Connector, Suite 975
Atlanta, Georgia 30342
rob@hammerslawfirm.com
*Attorney for Plaintiff*

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08580-S5**

**11/17/2023 11:14 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| WILLIAM DUDLEY MULLIS, JR., an individual, | § § § | |
| Plaintiff, | § § | 23-C-08580-S5 |
| vs. | § § | CASE NO. _____ |
| COOK INCORPORATED; COOK MEDICAL INCORPORATED; COOK GROUP INCORPORATED; COOK MEDICAL, LLC; WILLIAM COOK EUROPE APS, | § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## COMPLAINT

Plaintiff William Dudley Mullis, Jr., by and through his undersigned attorneys, hereby sues

Defendants Cook Incorporated, Cook Medical Incorporated, Cook Group Incorporated, Cook

Medical, LLC, and William Cook Europe APS and alleges as follows:

## PARTIES

1.      Plaintiff William Dudley Mullis, Jr. ("Plaintiff") is an individual who, at all times

relevant to allegations herein, resided in, continues to reside in, and is a citizen of the State of

Georgia.

2.      Defendant Cook Incorporated, is incorporated under the laws of the State of Indiana

with its principle place of business located at 750 Daniels Way, Bloomington, Indiana 47404.

Cook Incorporated was and is a foreign corporation doing business in the State of Georgia,

including Gwinnett County.  At all times relevant to this action, Cook Incorporated designed, set

specifications, manufactured, prepared, compounded, assembled, processed, promoted, marketed,

distributed, and/or sold the inferior vena cava filter ("IVC Filter") known as the Celect™ Vena

Cava Filter (hereinafter "Cook Celect filter" or "Celect") to be implanted in patients throughout the United States, including Georgia. At all times relevant hereto, Defendant Cook Incorporated was engaged in business, has conducted substantial business activities, and derived substantial revenue from within Georgia. Defendant has also carried on solicitations or service activities in Georgia. Cook Incorporated may be served with process by delivering a Summons with a copy of this Complaint attached thereto, to its registered agent: Corporate Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

3.    Defendant Cook Incorporated is the parent company of Defendant Cook Medical Incorporated. Defendant Cook Medical Incorporated was incorporated under the laws of the State of Indiana with its principle place of business located at 1025 West Acuff Road, Bloomington, Indiana 47404. On or about Janaury 1, 2014 Cook Medical Incorporated converted into an Indiana limited liability corporation named Cook Medical, LLC. At all times relevant to this cause of action Cook Medical Incorporated was a foreign corporation doing business in the State of Georgia, including Gwinnett County. At all times relevant to this action, Cook Medical Incorporated designed, set specifications, manufactured, prepared, compounded, assembled, processed, promoted, marketed, distributed, and/or sold the IVC filter known as the Cook Celect to be implanted in patients throughout the United States, including Georgia. At all times relevant hereto, Defendant Cook Medical Incorporated was engaged in business in Georgia has conducted substantial business activities and derived substantial revenue from within Georgia. This Defendant has also carried on solicitations or service activities in Georgia. Cook Medical Incorporated may be served with process by delivering a Summons with a copy of this Complaint attached thereto, to its registered agent to its registered agent: Corporate Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

2

4.     Defendant Cook Group Incorporated, is incorporated under the laws of the State of Indiana with its principle place of business located at 750 N. Daniels Way, Bloomington, IN 47404. Cook Group Incorporated is a foreign corporation doing business in the State of Georgia, including Gwinnett County.  At all times relevant to this action, Cook Group Incorporated designed, set specifications, manufactured, prepared, compounded, assembled, processed, promoted, marketed, distributed, and sold the IVC filter known as the Celect to be implanted in patients throughout the United States, including Georgia.  At all times relevant hereto, Defendant Cook Group Incorporated was engaged in business, has conducted substantial business activities, and derived substantial revenue from within Georgia.  Defendant has also carried on solicitations or service activities in Georgia. Cook Group Incorporated may be served with process by delivering a Summons with a copy of this Complaint attached thereto, to its registered agent: Corporation Service Company located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana, 46204.

5.     Defendant Cook Incorporated is the parent company, sole shareholder, and only member of Defendant Cook Medical, LLC. Cook Incorporated is an Indiana Corporation with its principle place of business in Indiana. Cook Medical, LLC is a limited liability company incorporated under the laws of the State of Indiana with its principle place of business at 1025 West Acuff Road, Bloomington, Indiana 47404. Cook Medical, LLC is a foreign limited liability corporation which at all time relevant to this cause of action was doing business in the State of Georgia, including Gwinnett County. At all times relevant to this action, Cook Medical, LLC designed, set specifications, manufactured, prepared, compounded, assembled, processed, promoted, marketed, distributed, and/or sold the IVC filter known as the Celect to be implanted in patients throughout the United States, including Georgia.  At all times relevant hereto, Cook

3

Medical, LLC was registered to do business with Georgia.   At all times relevant hereto, Defendant Cook Medical LLC was engaged in business in Georgia, has conducted substantial business activities and derived substantial revenue from within Georgia.   Defendant has also carried on solicitations or service activities in Georgia.   Cook Medical, LLC may be served with process by delivering a Summons with a copy of this Complaint attached thereto, to its registered agent: Corporate Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

6.     Defendant William Cook Europe APS ("Defendant Cook Europe") is organized under the laws of Denmark and its business form most closely resembles that of an American corporation.   It is a foreign corporation that regularly conducts business in the State of Michigan. Defendant William Cook Europe's headquarters is based at Sandet 6 Bjaeverskov 4632, Denmark. A request to waive service will be delivered in accordance with Fed. R. Civ. P. 4(d).

7.     Defendants   Cook   Incorporated,   Cook   Incorporated   a/k/a   Cook   Medical Incorporated, Cook Group Incorporated, Cook Medical, LLC, and William Cook Europe APS shall be referred to herein individually by name or collectively as the "Cook Defendants."

8.     At all times alleged herein, Cook Defendants include and included any and all parent companies, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and organizational units of any kind, their predecessors, successors, and assigns and their officers, directors, employees, agents, representatives, and any and all other persons acting on their behalf.

9.     At all times herein mentioned, each of the Cook Defendants were the agents, servants, partners, predecessors in interest, and joint venturers of each other, and were at all times operating and acting with the purpose and scope of said agency, service, employment, partnership, joint enterprise, and/or joint venture.

## JURISDICTION AND VENUE

10.    Personal jurisdiction is proper pursuant to O.C.G.A § 9-10-91 and 28 U.S.C. § 1332. The Cook Defendants have conducted and continue to conduct substantial and systematic business activities related to their IVC filters, including the Cook Celect at issue in this case, in this jurisdiction. Such activities include, but are not limited to: (a) sales of IVC filters, including the Cook Celect filter at issue in this case, in this jurisdiction; (b) hiring, training, and deploying employees, including managers and sales representatives, in this jurisdiction; (c) advertising and marketing of their IVC filters, including the Cook Celect filter at issue in this case, in this jurisdiction; (d) maintenance of company files and equipment relating to the Cook Celect filter in this case, in this jurisdiction; (e) payment of employee salaries in this jurisdiction; and (f) maintenance of a website directed to all states, including Georgia. Defendant Cook Medical LLC is registered to do business in State of Georgia. The Cook Defendants also committed tortious acts within Georgia and caused injury to persons or property within Georgia arising out of acts or omissions by the Cook Defendant outside this state at or about the time of the Plaintiff's injury, while the Cook Defendants were engaged in solicitation or service activities within Georgia, and/or while products, materials, or things processed, serviced, or manufactured by the Cook Defendants were used or consumed within Georgia in the ordinary course of commerce, trade, or use.

11.    There is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

12.    Venue is properly laid pursuant to 28 U.S.C. § 1391(b)(2) and (d), as the Cook Defendants' Celect filter failed in Fulton County, Georgia, and the Defendants are corporations subject to personal jurisdiction in the district.

13.     Plaintiff's claims in this action are brought solely under state law. Plaintiff does not herein bring, assert, or allege, either expressly or impliedly, any causes of action arising under any federal law, statute, regulation, or provision. Thus, there is no federal jurisdiction in this action on the basis of a federal question under 28 U.S.C. § 1331.

**ALTERNATIVE ALLEGATIONS**

14.     To the extent any allegation herein is inconsistent with any other allegation, such inconsistent allegations are pleaded in the alternative pursuant to Fed. R. Civ. P. 8(d)(3).

**GENERAL FACTUAL ALLEGATIONS**

15.     Plaintiff brings this case for serious, life-threatening injuries he suffered, and will continue to suffer, as a result of the Cook Defendants' surgically implanted medical device, the Cook Celect filter, that was implanted at Wellstar Kennestone Hospital in Marietta, Georgia on May 17, 2009.

16.     Cook Defendants design, research, develop, manufacture, test, market, advertise, promote, distribute, and sell products such as IVC filters that are sold to and marketed as both permanent and retrievable devices to prevent, among other things, recurrent pulmonary embolism via placement in the vena cava. One such product is the Cook Celect filter.

17.     Cook Defendants sought Food and Drug Administration ("FDA") clearance to market the Cook Celect filter and/or its components under Section 510(k) of the Medical Device Amendment.

18.     On or about October of 2000, the Cook Defendants obtained FDA clearance to market the Cook Celect filter under Section 510(k) of the Medical Device Amendment as a permanent IVC filter.

19.     On or about October 31, 2003, the Cook Defendants obtained FDA clearance to market the Cook Celect under Section 510(k) of the Medical Device Amendment as a retrievable IVC filter.

20.     Section 510(k) allows marketing of medical devices if the manufacturer claims the device is substantially equivalent to other legally marketed predicate devices without formal review for the safety or efficacy of said device.  The device is then cleared by the FDA under Section 510(k).  The Cook Defendants claimed that the Cook Celect filter was substantially equivalent to the Greenfield and LGM Vena Tech IVC filters.

21.     An IVC filter like the Cook Celect filter is a device ostensibly designed to filter blood clots (called "thrombi") that would otherwise travel from the lower portions of the body to the heart and lungs.  IVC filters are marketed as being safely implanted, either temporarily or permanently, within the vena cava.

22.     The inferior vena cava ("IVC") is a vein that returns blood to the heart from the lower portion of the body.  In certain people, and for various reasons, thrombi travel from vessels in the legs and pelvis, through the vena cava into the lungs.  These thrombi can develop in the deep leg veins. The thrombi are called "deep vein thrombosis" or DVT.  If the thrombi reach the lungs, they are considered "pulmonary emboli" or PE.

23.     An IVC filter, like the Cook Celect filter, is ostensibly designed to prevent thromboembolic events by filtering or preventing blood clots/thrombi from traveling to the heart and/or lungs.

24.     The Cook Celect filter is a retrievable filter base on the Cook Gunther Tulip™ design.

7

25.    The Cook Celect filter has four (4) anchoring struts for fixation and eight A(8) independent secondary struts to improve self-centering and clot trapping.

26.    On or about February, 24, 2020, Plaintiff was implanted with a Cook Celect IVC filter at Emory University Hospital in Atlanta, Georgia secondarily to avoid the risk of pulmonary embolism ("PE") and deep vein thrombosis ("DVT") following a left femoral vein aneurysm procedure to stent and treat an arteriovenous fistula. The Cook Celect filter appropriately placed in Plaintiff and was stated to be appropriate for use as a permanent filter or a retrievable filter.

27.    Plaintiff presented for consult to his physician to have the Cook Celect filter removed on or about January 10, 2022, and Plaintiff then underwent a computerized tomography scan ("CT scan") of his abdomen at Emory Healthcare in Atlanta, Georgia.

28.    On or about January 10, 2022, Plaintiff was informed that the CT scan revealed that the Cook Celect filter had fractured and one of the struts were seen within the pancreatic head.

29.    Plaintiff underwent removal surgery on February 28, 2022 to remove the Cook Celect filter, but the 1.4 cm fractured strut could not be removed from the pancreatic head.

30.    Plaintiff faces numerous health risks, including the risks of death. Plaintiff will require ongoing medical care and monitoring for the rest of his life.

31.    At all times relevant hereto, the Cook Celect filter was widely advertised and promoted by the Cook Defendants as a safe and effective treatment for prevention of recurrent pulmonary embolism via placement in the vena cava.

32.    At all times relevant hereto, the Cook Defendants knew their retrievable IVC filters were defective and knew that the defect was attributable to the design's failure to withstand the normal anatomical and physiological loading cycles exerted *in vivo*.

8

33.     The Cook Defendants failed to disclose to physicians and patients, including Plaintiff and his healthcare providers, that their retrievable IVC filters, including the Cook Celect filter, were subject to breakage, collapse, causing thrombus, and/or risk of damage to the vena cava wall.

34.     At all times relevant hereto, the Cook Defendants continued to promote their retrievable IVC filters, including the Cook Celect filter, as safe and effective, even though the clinical trials that had been performed were not adequate to support long- or short-term efficacy.

35.     The Cook Defendants concealed the known risks and failed to warn of known or scientifically knowable dangers and risks associated with its IVC filters, including the Cook Celect filter, as aforesaid.

36.     At all times relevant hereto, the Cook Defendants failed to provide sufficient warnings and instructions that would have put Plaintiff and the general public on notice of the dangers and adverse effects caused by implantation of the Cook Celect filter, including, but not limited to, the design's failure to withstand the normal anatomical and physiological loading cycles exerted *in vivo*.

37.     The Cook Celect filter was designed, manufactured, distributed, sold, and/or supplied by the Cook Defendants, and was marketed while defective due to the inadequate warnings, instructions, labeling, and/or inadequate testing in light of the Cook Defendants' knowledge of the product's failure and serious adverse events.

38.     At all times relevant hereto, the officers and/or directors of the Cook Defendants named herein participated in, authorized, and/or directed the production and promotion of the aforementioned products when they knew or should have known of the hazardous and dangerous

9

propensities of said products, and thereby actively participated in the tortious conduct that resulted in the injuries suffered by Plaintiff.

## CORPORATE/VICARIOUS LIABILITY

39.     At all times herein mentioned, the Cook Defendants were agents, servants, partners, aiders and abettors, co-conspirators, and/or joint venturers, and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy, and/or joint venture and rendered substantial assistance and encouragement to each other, knowing that their collective conduct constituted a breach of duty owed to the Plaintiff.

40.     There exists and, at all times herein mentioned, there existed a unity of interest in ownership between the Cook Defendants such that any individuality and separateness between them have ceased and these Cook Defendants are alter egos.  Adherence to the fiction of the separate existence of these Cook Defendants as entities distinct from each other will permit an abuse of the corporate privilege and would sanction a fraud and/or would promote injustice.

41.     At all times herein mentioned, the Cook Defendants, and each of them, were engaged in the business of, or were successors in interest to, entities engaged in the business of researching, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging, prescribing, advertising for sale, and/or selling products for use by the Plaintiff.  As such, each Defendant is individually, as well as jointly and severally, liable to the Plaintiff for Plaintiff's damages.

42.     At all times herein mentioned, the officers and/or directors of the Cook Defendants participated in, authorized and/or directed the production, marketing, promotion,  and sale of the aforementioned products when they knew, or with the exercise of reasonable care and diligence

should have known, of the hazards and dangerous propensities of said products, and thereby actively participated in the tortious conduct that resulted in the injuries suffered by the Plaintiff.

## COUNT I
## NEGLIGENCE

43.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

44.     At all times relevant to this cause of action, the Cook Defendants were in the business of designing, developing, setting specifications, manufacturing, marketing, selling, and distributing the Cook Celect filter.

45.     The Cook Defendants designed, manufactured, marketed, inspected, labeled, promoted, distributed, and sold the Cook Celect filter that was implanted into Plaintiff.

46.     The Cook Defendants had a duty to exercise reasonable and prudent care in the development, testing, design, manufacture, inspection, marketing, labeling, promotion, distribution, and sale of the Cook Celect filter so as to avoid exposing others to foreseeable and unreasonable risks of harm.

47.     The Cook Defendants knew or should have known that the Cook Celect filter was dangerous or was likely to be dangerous when used in its intended or reasonably foreseeable manner.

48.     At the time of manufacture and sale of the Cook Celect filter (2000 until Present), the Cook Defendants knew or should have known that:

   a.  The Cook Celect filter was designed and manufactured in such a manner so as to present an unreasonable risk of fracture of portions of the device;

   b.  The Cook Celect filter was designed and manufactured so as to present an unreasonable risk of migration of the device and/or portions of the device;

11

  c. The Cook Celect filter was designed and manufactured so as to present an unreasonable risk of the device tilting and/or perforating the vena cava wall;

  d. The Cook Celect filter was designed and manufactured to have unreasonable and insufficient strength or structural integrity to withstand normal placement within the human body; and/or

  e. There were no clinical trials which adequately established the efficacy of filter in preventing pulmonary embolisms.

  49. At the time of manufacture and sale of the Cook Celect filter (2000 until Present), the Cook Defendants knew or should have known that using the Cook Celect filter in its intended use or in a reasonably foreseeable manner created a significant risk of a patient suffering severe health side effects, including, but not limited to: hemorrhage; cardiac/pericardial tamponade; thrombus, cardiac arrhythmia, and other symptoms similar to myocardial infraction; perforations of tissue, vessels, and organs; and other severe personal injuries and diseases, which are permanent in nature, including, but not limited to, death, physical pain and mental anguish, scarring and disfigurement, diminished enjoyment of life, continued medical care and treatment due to chronic injuries/illness proximately caused by the device; and the continued risk of requiring additional medical and surgical procedures including general anesthesia, with the attendant risk of life threatening complications.

  50. The Cook Defendants knew or should have known that consumers of the Cook Celect filter would not realize the danger associated with using the device in its intended use and/or in a reasonably foreseeable manner.

  51. The Cook Defendants breached their duty to exercise reasonable and prudent care in the development, testing, design, manufacture, inspection, marketing, labeling, promotion, distribution, and sale of the Cook Celect filter in, among others, the following ways:

12

a. Designing and distributing a product which the Cook Defendants knew or should have known that the likelihood and severity of potential harm from the product exceeded the burden of taking safety measures to reduce or avoid harm;

b. Designing and distributing a product in which they knew or should have known that the likelihood and severity of potential harm from the product exceeded the likelihood of potential harm from other devices available for the same purpose;

c. Failing to use reasonable care in manufacturing the product and producing a product that differed from their design or specifications or from other typical units from the same production line;

d. Failing to use reasonable care to warn or instruct, including pre- and post-sale, Plaintiff, Plaintiff's physicians, Plaintiff's agents, or the general health care community about the Cook Celect filter's substantially dangerous condition or about facts making the product likely to be dangerous;

e. Failing to perform reasonable pre- and post-market testing of the Cook Celect filter to determine whether or not the product was safe for its intended use;

f. Failing to provide adequate instructions, guidelines, and safety precautions, including pre- and post-sale, to those persons to whom it was reasonably foreseeable would prescribe, use, and implant the Cook Celect filter;

g. Advertising, marketing and recommending the use of the Cook Celect filter, while concealing and failing to disclose or warn of the dangers known by Cook Defendants to be connected with and inherent in the use of the Cook Celect filter;

h. Representing that the Cook Celect filter was safe for its intended use when in fact, the Cook Defendants knew and should have known the product was not safe for its intended purpose;

i. Continuing to manufacture and sell the Cook Celect filter with the knowledge that the product was dangerous and not reasonably safe;

j. Failing to use reasonable and prudent care in the design, research, manufacture, and development of the Celect filter so as to avoid the risk of serious harm associated with the use of the Cook Celect filter;

k. Advertising, marketing, promoting and selling the Cook Celect filter for uses other than as approved and indicated in the product's label;

l. Failing to establish an adequate quality assurance program used in the manufacturing of the Cook Celect filter; and,

m. Failing to establish and maintain an adequate post-market surveillance program.

13

52.     A reasonable manufacturer, distributor, or seller under the same or similar circumstances would not have engaged in the aforementioned acts and omissions.

53.     As a direct and proximate result of the foregoing negligent acts and omissions by the Cook Defendants, Plaintiff has suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**COUNT II**
**STRICT PRODUCTS LIABILITY – FAILURE TO WARN**

54.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

55.     The Cook Defendants designed, set specifications, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed, and sold the Cook Celect filter, including the one implanted into Plaintiff, into the stream of commerce and in the course of same, directly advertised and marketed the device to consumers or persons responsible for consumers.

56.     At the time the Cook Defendants designed, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed, and sold the device into the stream of commerce, the Cook Defendants knew or should have known the device presented an unreasonable danger to users of the product when put to its intended and reasonably anticipated use.

57.     Specifically, the Cook Defendants knew or should have known at the time they manufactured, labeled, distributed, and sold the Cook Celect filter that was implanted into Plaintiff that it posed a significant and higher risk than other similar devices of device failure (fracture, migration, tilting, and perforation of the vena cava wall) and resulting in serious injuries.

58.     Consequently, the Cook Defendants had a duty to warn of the risk of harm associated with the use of the device and to provide adequate instructions on the safe and proper use of the device.

59.     The Cook Defendants further had a duty to warn of dangers and proper safety instructions that they became aware of even after the device was distributed and implanted into Plaintiff.

60.     Despite their duties, the Cook Defendants failed to adequately warn of material facts regarding the safety and efficacy of the Celect filter, and further failed to adequately provide instructions on the safe and proper use of the device. These failures rendered the Cook Celect filter unreasonably dangerous to Plaintiff.

61.     No health care provider or patient, including Plaintiff and his healthcare providers, would have used the device in the manner directed, had those facts been made known to the prescribing healthcare providers and/or ultimate users of the device.

62.     The health risks associated with the device as described herein are of such a nature that ordinary consumers would not have readily recognized the potential harm.

63.     Plaintiff and Plaintiff's health care providers used the device in a normal, customary, intended, and foreseeable manner, namely as a surgically implanted device used to prevent pulmonary embolisms.

64.     Therefore, the Cook Celect filter implanted into Plaintiff was defective and unreasonably dangerous at the time of release into the stream of commerce due to inadequate warnings, labeling, and/or instructions accompanying the product.

65.     The Cook Celect filter implanted into Plaintiff was in the same condition as when it was manufactured, inspected, marketed, labeled, promoted, distributed, and sold by the Cook Defendants.

66.     As a direct and proximate result of the Cook Defendants' lack of sufficient warning and/or instructions, Plaintiff has suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**COUNT III**
**STRICT PRODUCTS LIABILITY – DESIGN DEFECT**

67.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

68.     At all times relevant to this action, the Cook Defendants developed, tested, designed, manufactured, inspected, labeled, promoted, distributed, and sold into the stream of commerce the Cook Celect filter, including the one implanted in Plaintiff.

69.     The Cook Celect filter was expected to, and did, reach its intended consumers without substantial change in the condition in which it was in when it left the Cook Defendants possession.  In the alternative, any changes that were made to Cook Celect filter implanted in Plaintiff were reasonably foreseeable to the Cook Defendants.

70.     The Cook Celect filter implanted into Plaintiff was defective in design in the following ways:

    a. It failed to perform as safely as persons who ordinarily use the product would have expected at the time of use; and,

    b. Its risks of harm exceeded its claimed benefits.

16

71.     The Cook Defendants knew that safer alternative designs were available, which would have prevented or significantly reduced the risk of the injury presented by Cook Celect filter. Further, it was economically and technologically feasible at the time the filter left the control of the Cook Defendants to prevent or reduce the risk of such a dangerous event by application of existing, or reasonably achievable, scientific knowledge.

72.     Plaintiff and Plaintiff's health care providers used the Cook Celect filter in a manner that was reasonably foreseeable to the Cook Defendants.

73.     Neither Plaintiff, nor Plaintiff's health care providers, could have, by the exercise of reasonable care, discovered the device's defective condition or perceived its unreasonable dangers prior to Plaintiff's implantation with the device.

74.     The defective design of the Celect filter was a producing cause of Plaintiff's injuries.

75.     As a result of the Cook Celect Filter's defective design, Plaintiff has suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

## COUNT IV
## STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT

76.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

77.     The Cook Defendants designed, set specifications, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed and sold the Cook Celect filter that was implanted into Plaintiff.

78.     The Cook Celect filter implanted into Plaintiff contained a condition or conditions, which the Cook Defendants did not intend, at the time it left the Cook Defendants' control and possession.

79.     Plaintiff and Plaintiff's health care providers used the device in a manner that was reasonably foreseeable to Cook Defendants.

80.     As a result of this condition or these conditions, the product injured Plaintiff and failed to perform as safely as the ordinary consumer would expect when used in a reasonably foreseeable manner.

81.     As a direct and proximate result of the Cook Celect filter's manufacturing defects, Plaintiff has suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**COUNT V**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

82.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

83.     At all times relevant to this action, the Cook Defendants designed, researched, developed, manufactured, tested, labeled, inspected, advertised, promoted, marketed, sold, and distributed into the stream of commerce the Cook Celect filter, including the one implanted in Plaintiff, for use as a surgically implanted device used to prevent pulmonary embolisms and for uses other than as approved and indicated in the product's instructions, warnings, and labels.

84.     At the time and place of sale, distribution, and supply of the Cook Celect filter to Plaintiff by way of Plaintiff's health care providers and medical facilities, the Cook Defendants

18

expressly represented and warranted, by labeling materials submitted with the product, that the Cook Celect filter was safe and effective for its intended and reasonably foreseeable use.

85.     The Cook Defendants knew of the intended and reasonably foreseeable use of the Cook Celect filter at the time they marketed, sold, and distributed the product for use by Plaintiff, and impliedly warranted the product to be of merchantable quality, and safe and fit for its intended use.

86.     The Cook Defendants impliedly represented and warranted to the healthcare community, Plaintiff and Plaintiff's health care providers, that the Cook Celect filter was safe and of merchantable quality and fit for the ordinary purpose for which the product was intended and marketed to be used.

87.     The representations and implied warranties made by the Cook Defendants were false, misleading, and inaccurate because the Cook Celect filter was defective, unsafe, unreasonably dangerous, and not of merchantable quality, when used in its intended and/or reasonably foreseeable manner. Specifically, at the time of Plaintiff's purchase of the Cook Celect filter from the Cook Defendants, through Plaintiff's physicians and medical facilities, it was not in a merchantable condition in that:

> a.  It was designed in such a manner so as to be prone to an unreasonably high rate of failure, including fracture, migration, excessive tilting, causing thrombosis and/or perforation of bodily organs;
>
> b.  It was designed in such a manner so as to result in an unreasonably high rate of injury to the organs and anatomy; and,
>
> c.  It was manufactured in such a manner so that the Celect filter system was inadequately, improperly and inappropriately prepared and/or finished, so as to be prone to an unreasonably high rate of failure and/or causing the device to fail.

88.     Plaintiff and Plaintiff's health care providers reasonably relied on the superior skill and judgment of the Cook Defendants as the designers, researchers, and manufacturers of the

19

product, as to whether the Cook Celect filter was of merchantable quality, safe and fit for its intended use and also relied on the implied warranty of merchantability and fitness for the particular use and purpose for which the Cook Celect filter was manufactured and sold.

89.     The Cook Defendants placed the Cook Celect filter into the stream of commerce in a defective, unsafe, and unreasonably dangerous condition, and the product was expected to and did reach Plaintiff without substantial change in the condition in which the Cook Celect filter was manufactured and sold.

90.     The Cook Defendants breached their implied warranty because their Cook Celect filter was not fit for its intended use and purpose.

91.     As a direct and proximate result of the Cook Defendants breaching their implied warranties, Plaintiff has suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

92.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

93.     At all times relevant to this cause, and as detailed above, the Cook Defendants negligently provided Plaintiff, Plaintiff's health care providers, and the general medical community with false or incorrect information, or omitted or failed to disclose material information concerning the Cook Celect filter, including, but not limited to, misrepresentations relating to the following subject areas:

      a.   safety of the Cook Celect filter;

      b.   efficacy of the Cook Celect filter;

      c.   rate of failure of the Cook Celect filter; and,

      d.   approved uses of the Cook Celect filter.

94.     The information distributed by the Cook Defendants to the public, the medical community, and Plaintiff's health care providers was in the form of reports, press releases, advertising campaigns, labeling materials, print advertisements, and commercial media containing material representations, which were false and misleading, and contained omissions and concealment of the truth about the dangers of the use of the Cook Celect filter. These materials included instructions for use and warning document that was included in the package of the Cook Celect filter that was implanted into Plaintiff.

95.     The Cook Defendants' intent and purpose in making these representations was to deceive and defraud the public and the medical community, including Plaintiff's health care providers and Plaintiff's agents; to gain the confidence of the public and the medical community, including Plaintiff's health care providers and Plaintiff's agents; to falsely assure them of the quality of the Cook Celect filter and its fitness for use; and to induce the public and the medical community, including Plaintiff's healthcare providers, to request, recommend, prescribe, implant, purchase, and continue to use the Cook Celect filter.

96.     The foregoing representations and omissions by the Cook Defendants were in fact false. The Cook Celect filter is not safe, fit, and effective for human use in its intended and reasonably foreseeable manner. The use of the Cook Celect filter is hazardous to the user's health, and said device has a serious propensity to cause users to suffer serious injuries, including without limitation, the injuries Plaintiff suffered. Further, the device has a significantly higher rate of failure and injury than do other comparable devices.

97.    In reliance upon the false and negligent misrepresentations and omissions made by the Cook Defendants, Plaintiff, Plaintiff's agents, and Plaintiff's health care providers were induced to, and did use the Cook Celect filter, thereby causing Plaintiff to sustain severe and permanent personal injuries.

98.    The Cook Defendants knew and had reason to know that Plaintiff, Plaintiff's health care providers, Plaintiff's agents, and the general medical community did not have the ability to determine the true facts intentionally and/or negligently concealed and misrepresented by the Cook Defendants, and would not have prescribed and implanted same if the true facts regarding the device had not been concealed and misrepresented by the Cook Defendants.

99.    The Cook Defendants had sole access to material facts concerning the defective nature of the product and its propensity to cause serious and dangerous side effects in the form of dangerous injuries and damages to persons who are implanted with the Cook Celect filter.

100.    At the time the Cook Defendants failed to disclose and misrepresented the foregoing facts, and at the time Plaintiff used the Cook Celect filter, Plaintiff, Plaintiff's health care providers, and the Plaintiff's agents were unaware of said the Cook Defendants' negligent misrepresentations and omissions.

101.    Plaintiff's health care providers, the Plaintiff's agents, and the general medical community reasonably relied upon the foregoing misrepresentations and omissions made by the Cook Defendants where the concealed and misrepresented facts were critical to understanding the true dangers inherent in the use of the Cook Celect filter.

102.    Plaintiff's health care providers' and Plaintiff's agents' reliance on the foregoing misrepresentations and omissions by the Cook Defendants was the direct and proximate cause of Plaintiff's injuries as described herein.  As a result of the Cook Defendants' misrepresentations

22

and omissions, Plaintiff has suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

## PUNITIVE DAMAGES CLAIM

103.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

104.    At all times relevant, the Cook Defendants owed a duty to refrain from willful and wanton misconduct and/or conduct which exhibited an indifference and/or conscious disregard to the health, safety, and well-being of Plaintiff.

105.    The conduct of each the Cook Defendant as set forth hereinabove showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of a conscious indifference to consequences. Accordingly, punitive damages should be imposed against each defendant pursuant O.C.G.A. § 51-12-5.1 and other applicable laws, to punish and deter each Defendant from repeating or continuing such unlawful conduct.

106.    The Cook Defendants had knowledge of, and were in possession of evidence demonstrating that, the Cook Celect filter was defective, unreasonably dangerous, and had a substantially higher failure rate than did other similar devices on the market. Despite their knowledge, the Cook Defendants failed to, among other purposeful acts, inform or warn Plaintiff, Plaintiff's agents, or his health care providers of the dangers, establish and maintain an adequate quality and post-market surveillance system, and recall the Cook Celect filter from the market.

107.    As a direct, proximate, and legal result of the Cook Defendants' acts and omissions as described herein, Plaintiff has suffered and will continue to suffer serious physical injuries, pain

and suffering, mental anguish, medical expenses, loss of enjoyment of life, disability, and other

losses, in an amount to be determined at trial.

## PRAYER FOR DAMAGES

**WHEREFORE**, Plaintiff, William Ginther, prays for relief on the entire complaint, as

follows:

a.   Judgment to be entered against all Cook Defendants on all causes of action of this Complaint, including but not limited to:

1.   Physical pain and suffering in the past and which, in reasonable probability, he will continue to suffer in the future;

2.   Physical impairment and incapacity in the past and which, in reasonable probability, he will continue to suffer in the future;

3.   Mental anguish in the past and which, in reasonable probability, he will sustain in the future;

4.   Reasonable and necessary medical expenses for treatment received in the past and, based upon reasonable medical probability, the reasonable medical expenses he will need in the future;

5.   Disfigurement in the past and which, in reasonable probability, he will continue to suffer in the future; and,

6.   Punitive damages.

b.   Plaintiff be awarded full, fair, and complete recovery for all claims and causes of action relevant to this action;

c.   Plaintiff be awarded all appropriate costs, fees, expenses, and pre-judgment and post judgment interest pursuant to the laws of the State of Georgia as authorized by law on the judgments entered in Plaintiff's behalf; and,

d.   Such other relief the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues.

24

Dated: November 17, 2023

Respectfully submitted,

*/s/ Robert M. Hammers, Jr.*
Robert M. Hammers, Jr.
Georgia Bar No. 337211
SCHNEIDER HAMMERS
5555 Glenridge Connector, Suite 975
Atlanta, GA 30342
Telephone: 770-900-9000
Facsimile: 404-600-2626
rob@schneiderhammers.com

***Attorney for Plaintiff***

25

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

23-C-08580-S5
11/17/2023 11:14 AM

TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __Gwinnett State Court__ County

| For Clerk Use Only | 23-C-08580-S5 |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Mullis, William D Jr

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Cook Incorporated

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Cook Medical Incorporated

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Cook Medical, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

William Cook Europe APS

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** __Robert Hammers__   **State Bar Number** __337211__   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☒ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                 **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08580-S5**

**12/4/2023 11:15 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

**WILLIAM DUDLEY MULLIS JR.**

Plaintiff/Petitioner

vs.

**COOK INCORPORATED; ET AL.**

Defendant/Respondent

Case No.:     **23-C-08580-S5**

AFFIDAVIT OF SERVICE OF
**Summons and Complaint**

Received by **Dana Faulkner**, on the **17th day of November, 2023 at 8:51 PM** to be served upon **William Cook Europe APS** at **2 Sun Ct, suite 400, Peachtree Corners, Gwinnett County, GA 30092.**
On the **20th day of November, 2023 at 10:28 AM**, I, **Dana Faulkner**, **SERVED William Cook Europe APS** at **2 Sun Ct, suite 400, Peachtree Corners, Gwinnett County, GA 30092** in the manner indicated below:

**INDIVIDUAL SERVICE**, by personally delivering 1 copy(ies) of the above-listed documents to **William Cook Europe APS**.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to William Cook Europe APS with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 25-35 years of age, 5'6"-5'8" tall and weighing 140-160 lbs.  Alisha M Smith,  Coordinator,  Authorized to Accept.**

Service Fee Total: **$85.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Dana Faulkner_          260          **NOV 2 0 2023**
Dana Faulkner                      Server ID #              Date

Notary Public: Subscribed and sworn before me on this _____ day of __NOV 2 0 2023__ in the year of 20__
Personally known to me _X_ or _____ identified by the following document:

_Marsha Lausman_
Notary Public (Legal Signature)

MARSHA LAUSMAN
NOTARY
EXPIRES
GEORGIA
01-16-2025
PUBLIC
GWINNETT COUNTY

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2022 DEC 16 PM 2:31

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:

## 22 C 06986-1

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this _13th_ day of _December_ , 20_22_ .

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name _DANA FAUlKNer_

Address _3769 Tupelo Trail_

_Auburn GA 30011_

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08580-S5**

**12/4/2023 11:15 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

**WILLIAM DUDLEY MULLIS JR.**

Plaintiff/Petitioner

vs.

**COOK INCORPORATED; ET AL.**

Defendant/Respondent

Case No.:      **23-C-08580-S5**

AFFIDAVIT OF SERVICE OF
**Summons and Complaint**

Received by **Dana Faulkner**, on the **17th day of November, 2023 at 8:50 PM** to be served upon **Cook Medical, LLC** at **2 Sun Ct, suite 400, Peachtree Corners, Gwinnett County, GA 30092.**
On the **20th day of November, 2023 at 10:28 AM**, I, **Dana Faulkner**, SERVED Cook Medical, LLC at **2 Sun Ct, suite 400, Peachtree Corners, Gwinnett County, GA 30092** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **William Cook Europe APS**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to William Cook Europe APS with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 25-35 years of age, 5'6"-5'8" tall and weighing 140-160 lbs. Alisha M Smith, Coordinator, Authorized to Accept.**

Service Fee Total: **$85.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Dana Faulkner_          260          NOV 2 0 2023
          Dana Faulkner                    Server ID #          Date

Notary Public: Subscribed and sworn before me on this _____ day of NOV 2 0 2023 in the year of 20___
Personally known to me  X  or _____ identified by the following document:

_Marsha Lausman_
Notary Public (Legal Signature)

MARSHA LAUSMAN
NOTARY
EXPIRES
GEORGIA
01-16-2025
GWINNETT COUNTY
PUBLIC

REF: **REF-14202073**

Page 1 of 1
Tracking #: **0118501579**

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY

2022 DEC 16 PM 2:31

STATE OF GEORGIA

TIANA P. GARNER, CLERK

IN RE: Permanent Process Servers

Case Number:

## 22 C 06986-1

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___13th___ day of ___December___, 20_22_.

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name        DANA FAUlKNer

Address     3769 Tupelo Trail

            Auburn GA  30011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08580-S5**

**12/4/2023 11:15 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

**WILLIAM DUDLEY MULLIS JR.**

Plaintiff/Petitioner

vs.

**COOK INCORPORATED; ET AL.**

Defendant/Respondent

Case No.:    **23-C-08580-S5**

AFFIDAVIT OF SERVICE OF
**Summons and Complaint**

Received by **Dana Faulkner**, on the **17th day of November, 2023 at 8:48 PM** to be served upon **Cook Incorporated c/o c/o Corporate Service Company, Registered Agent at 2 Sun Ct, suite 400, Peachtree Corners, Gwinnett County, GA 30092.**
On the **20th day of November, 2023 at 10:28 AM**, I, **Dana Faulkner, SERVED Cook Incorporated c/o c/o Corporate Service Company, Registered Agent at 2 Sun Ct, suite 400, Peachtree Corners, Gwinnett County, GA 30092** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **William Cook Europe APS**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to William Cook Europe APS with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 25-35 years of age, 5'6"-5'8" tall and weighing 140-160 lbs.  Alisha M Smith,  Coordinator,  Authorized to Accept.**

Service Fee Total: **$85.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NOV 2 0 2023

NAME: _~~Dana Faulkner~~_      260

Dana Faulkner                    Server ID #                Date

Notary Public: Subscribed and sworn before me on this _____ day of _NOV 2 0 2023_ in the year of 20__
Personally known to me __X__ or _____ identified by the following document:

_Marsha Lausman_

Notary Public (Legal Signature)

MARSHA LAUSMAN
NOTARY
EXPIRES
**GEORGIA**
01-16-2025
PUBLIC
GWINNETT COUNTY

REF: **REF-14202073**

Page 1 of 1

Tracking #: **0118501635**

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY

2022 DEC 16 PM 2:31

STATE OF GEORGIA

TIANA P. GARNER, CLERK

IN RE: Permanent Process Servers

Case Number:

## 22 C 06986-1

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this 13ᵗʰ day of December, 2022.

Presiding Judge
Gwinnett County State Court

Applicant:

Name     DANA FAULKNer

Address   3769 Tupelo Trail

          Auburn GA  30011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08580-S5**

**12/4/2023 11:15 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

**WILLIAM DUDLEY MULLIS JR.**

Case No.:   **23-C-08580-S5**

Plaintiff/Petitioner

vs.

**COOK INCORPORATED; ET AL.**

AFFIDAVIT OF SERVICE OF

Defendant/Respondent   **Summons and Complaint**

Received by **Dana Faulkner**, on the **17th day of November, 2023 at 8:49 PM** to be served upon **Cook Medical Incorporated** at 2 Sun Ct, suite 400, Peachtree Corners, Gwinnett County, GA 30092.
On the **20th day of November, 2023 at 10:28 AM**, I, **Dana Faulkner**, **SERVED Cook Medical Incorporated** at 2 Sun Ct, suite 400, Peachtree Corners, Gwinnett County, GA 30092 in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **William Cook Europe APS**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to William Cook Europe APS with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 25-35 years of age, 5'6"-5'8" tall and weighing 140-160 lbs.  Alisha M Smith,  Coordinator,  Authorized to Accept.**

Service Fee Total: **$85.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NOV 2 0 2023

NAME: _Dana Faulkner_                            260

Dana Faulkner                     Server ID #        NOV 2 0 2023        Date

Notary Public: Subscribed and sworn before me on this _____ day of   NOV 2 0 2023   in the year of 20___
Personally known to me __X__ or _____ identified by the following document:

_Marsha Lausman_

Notary Public (Legal Signature)

MARSHA LAUSMAN
NOTARY
EXPIRES
GEORGIA
01-16-2025
GWINNETT COUNTY
PUBLIC

REF: **REF-14202073**

Tracking #: **0118501599**

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2022 DEC 16  PM 2: 31

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:

## 22  C  06986-1

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2024.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___13th___ day of ___December___, 20_22_.

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name      DANA FAULKNer

Address   3769 Tupelo Trail

Auburn GA  30011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-08580-S5**

**12/4/2023 11:15 AM**

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY, STATE OF GEORGIA

| | |
|---|---|
| **WILLIAM DUDLEY MULLIS JR.** | Case No.:    **23-C-08580-S5** |
| Plaintiff/Petitioner | |
| vs. | |
| **COOK INCORPORATED; ET AL.** | **AFFIDAVIT OF SERVICE OF** |
| Defendant/Respondent | **Summons and Complaint** |

Received by **Tolulope Akintokun**, on the **17th day of November, 2023 at 3:50 PM** to be served upon **Cook Group Incorporated** at 135 N Pennsylvania St, Suite 1610, Indianapolis, Marion County, IN 46204. On the **20th day of November, 2023 at 11:47 AM**, I, Tolulope Akintokun, **SERVED Cook Group Incorporated** at 135 N Pennsylvania St, Suite 1610, Indianapolis, Marion County, IN 46204 in the manner indicated below:

**CORPORATE SERVICE,** by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **alex stanley**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to alex stanley who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a blonde-haired white female contact 25-35 years of age, 5'8"-5'10" tall and weighing 160-180 lbs with an accent.**

Service Fee Total: **$85.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____     Nov 20   23
            Tolulope Akintokun          Server ID #            Date

Notary Public:  Subscribed and sworn before me on this ___1___ day of _DECEMBER_____ in the year of 20_23_
Personally known to me _____ or __✓__ identified by the following document:

_____
Notary Public (Legal Signature)

Notary Public
State of Indiana
Dabrion Braxton
Commission Number NP727266
My Commission Expires
06/16/2028