THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SASHA TAMARA YOUNG** ) <br> **DAMINI KAREN KOTA** ) <br> **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> **UR M. JADDOU,** Dir., USCIS, ) <br> **ALEJANDRO MAYORKAS,** Secretary ) <br> of U.S. Department of Homeland Security, ) <br> **MERRICK GARLAND,** Attorney General ) <br> of the U.S., and **LOREN K. MILLER,** ) <br> Director of the U.S. Citizenship and ) <br> Immigration Services, Nebraska Service ) <br> Center. ) <br> ) <br> **Defendants.** ) <br> _____ ) | Civil Action <br><br> CASE NO.: _____ <br><br> USCIS Case No.: EAC1913051111 <br> USCIS Case No.: EAC2133351136 |

## PLANTIFFS' COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

COMES NOW, Sasha Tamara Young and her derivative daughter Damini Karen Kota, Plaintiffs, in the above-styled and numbered cause, by and through the undersigned attorney of record, and for cause of action would show this Honorable Court the following:

### PREFATORY STATEMENT

1. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiffs' Application to Adjust Status to Lawful Permanent Resident (Form I-485) without further delay.

2. The Plaintiffs were granted relief under the Violence Against Women Act (VAWA) on June 17, 2019 (*See* Exhibit A), and they properly filed an adjustment of status application with the Defendant U.S. Citizenship and Immigration Services ("USCIS") on March 15,

2019. *See* Exhibit B. The Plaintiffs' applications remain within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of the Plaintiffs.

3. The claims for mandamus and injunctive relief seek an order from the Court compelling Defendants to perform a duty that Defendants owe to Plaintiff, namely, to cause Defendants to adjudicate Plaintiffs' Application to Adjust Status to Lawful Permanent Resident (Form I-485). The claim for declaratory relief seeks a judicial declaration that Defendants are required under law to complete the adjudication process for Plaintiff.

## PARTIES

4. Plaintiffs, Sasha Tamara Young and her derivative Damini Karen Kota, who are citizens and nationals of Jamaica, residing in Atlanta, Georgia. *See* Exhibit B.

5. Defendant, Ur M. Jaddou, is the Director of USCIS. USCIS is the branch of DHS that is charged with all adjudication duties pertaining to immigration applications. Defendant is the official of USCIS generally charged with administrative and supervisory authority over all operations of USCIS including the Nebraska Service Center. Defendant Jaddou is sued in her official capacity.

6. Defendant, Alejandro Mayorkas, is the Secretary of the Department of Homeland Security (hereinafter, "DHS") which is head of the USCIS and ultimate agency adjudicator of immigration applications and petitions. Defendant Mayorkas is sued in his official capacity.

7. Defendant, Merrick B. Garland, is sued in his official capacity as the Attorney General of the United States as he is charged with the authority and duty to direct, manage, and

supervise all employees and all files and records of the Department of Justice, including the security checks required to obtain an immigration benefit.

8. Defendant, Loren K. Miller, is sued in her official capacity as the Director of the USCIS Nebraska Service Center. USCIS is an agency of the Department of Homeland Security, which is responsible for adjudicating applications submitted by aliens, and other related duties. 8 C.F.R. § 103.1(g)(2)(ii)(B).

## JURISDICTION

9. Jurisdiction, in this case, is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. § 701 et seq.; and, 28 U.S.C. § 2201 *et seq*, as well as the APA, 5 U.S.C. §§ 555(b) and 706(a). Relief is requested according to said statues.

## VENUE

10. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), insofar as this is an action against officers and agencies of the United States in their official capacities brought in the District where Plaintiffs resides, and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

11. No exhaustion requirements apply to the Plaintiffs' complaint for a Writ of Mandamus. *See generally Darby v. Cisneros*, 509 U. S. 137 (1993).

12. The Plaintiffs are owed a duty – the adjudication of the properly filed application to adjust status, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiffs' application for more than two years.

13. The Plaintiffs have no other adequate remedy available for the harm they seek to redress – the failure of USCIS to process their applications to adjust status in a timely manner.

## CAUSE OF ACTION

14. Plaintiffs, Sasha Tamara Young (hereinafter "Plaintiff A"), is a 45-year-old native of Jamaica (Alien Number: 214-028-398) and derivative, Damini Karen Kota (hereinafter "Plaintiff B"), is a 18-year-old native of Jamaica (Alien Number: 201-790-887) and derivative. *See* Exhibit(s) A-B.

15. Plaintiffs were granted relief under the Violence Against Women Act (VAWA), under the IB1 Classification by USCIS, on January 17, 2019. *See* Exhibit A.

16. Plaintiffs subsequently filed an I-485 Application to Adjust Status to Lawful Permanent Resident (also referred to as "I-485 application" or "Adjustment of Status Application") on March 15, 2019. *See* Exhibit C.

17. Plaintiff Sasha was scheduled for an interview regarding the I-485 Application to Adjust Status to Lawful Permanent Resident on July 8, 2021, which she attended. *See* Exhibit D.

18. Although **two and half years have passed**, Plaintiffs have not received any meaningful response from Defendants regarding their I-485, Applications for Adjustment of Status.

19. Defendants' failure to make a decision in this case has caused and continues to cause harm to Plaintiff by denying him a privilege to which he is entitled to. *See, e.g., Razik v. Perryman*, No. 02-C-5189, 2003 U.S. Dist. LEXIS 13818, *6–7 (N.D. Ill. Aug. 7, 2003) ("Courts have consistently held that [8 U.S.C. § 1255] provides [a noncitizen] with a right to have an application for an adjustment of status adjudicated and imposes a duty upon the Attorney General to adjudicate cases within a reasonable time."); *see also Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002) (stating that noncitizen plaintiffs "have a right to have their cases adjudicated").

## LEGAL BACKGROUND

20. This Court has jurisdiction to review USCIS's action concerning Plaintiffs' immigration case according to 28 U.S.C. § 1331 and Administrative Procedure Act. *See Kim v. Ashcroft*, 340 F. Supp. 2d 384 ( S.D.N.Y. 2004) (holding that subject matter jurisdiction exists pursuant to the Defendant's violation of 5 U.S.C. § 555(b) of the Administrative Procedure Act ("APA") in conjunction with the federal question statue); *Yu v. Brown*, 36 F. Supp.2d 922, 930 (D.N.M. 1999) (nothing that "courts have specifically recognized jurisdiction under § 1331 and the APA to hear challenges to INS delays in processing visas, LPR, and citizen application").

21. The APA, 5 USC §701 *et seq.* at § 704 states that acts by government agencies that are, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." There is no other appropriate remedy in this situation because USCIS has withheld action on Plaintiff's I-485 application. Thus, the only option for Plaintiff is this instant action in this court.

22. Moreover, 5 U.S.C. § 706 states:

> The reviewing court shall –
>
> **(1)** Compel agency action unlawfully withheld or unreasonably delayed; and
>
> **(2)** Hold unlawfully and set aside agency action, findings, and conclusions found to be –
>
>> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>>
>> **(B)**  contrary to constitutional right, power, privilege, or immunity;
>>
>> **(C)**  in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

   **(D)** without observance of procedure required by law;

   **(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statue; or

   **(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

23. In this case, this Court has jurisdiction to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus, this Court has jurisdiction to compel agency action unlawfully withheld or unreasonably delayed because Defendants have failed to adjudicate Plaintiff's I-485 Application.

24. Defendants' inaction in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants have willfully and unreasonably withheld action on Plaintiff's application in spite of Plaintiff's ongoing eligibility to adjust his status in the United States of America.

25. Defendants, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, have unlawfully withheld action on Plaintiff's applications and therefore, have failed to carry out the detriment of the Plaintiffs.

26. Accordingly, Plaintiff has been forced to pursue instant action.

## PRAYER FOR RELIEF

**WHEREFORE**, in view of the arguments and authority noted herein, Plaintiffs respectfully pray this Honorable Court to grant the following relief:

A. Compel Defendants and their agents to perform their duty, namely, to adjudicate Plaintiff's Adjustment of Status Application according to the law and regulations by which they are bound;

B. Enjoin Defendants from further delaying the adjudication of Plaintiff's I-485 Petition; and

C. Grant each such other and further relief as this Court to Plaintiff under the Equal Access to Justice Act.

Respectfully filed this **19th** day of **December**, 2023.

/s/ Urwah Ahmed
Urwah Ahmed, Esq.
PO BOX 2056
DACULA, GA 30019
Phone: (678) 904-4142
Fax: (678) 904-4142
Email: chlegalsol@gmail.com

3250 Peachtree Industrial Blvd #203
Duluth, GA 30096
Tel.: (678) 904-4142
Fax.: (678) 904-4142
Email: Urwahahmedesquire@gmail.com