UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER SCHICHTEL | ) |
| | ) |
| | ) CIVIL ACTION FILE NO. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| VERITIV CORPORATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

# COMPLAINT

Plaintiff Christopher Schichtel ("Mr. Schichtel" or "Plaintiff") respectfully submits this Complaint for Damages and Equitable Relief:

# INTRODUCTION

1. Plaintiff files this Complaint for declaratory, injunctive, and monetary relief against Defendant for sex discrimination (inclusive of sexual orientation) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

2.      Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e4 as well as 2 U.S.C. § 1981. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

3.      The unlawful violations of Plaintiff's civil rights were committed within the Northern District of Georgia.  Venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## ADMINISTRATIVE EXHAUSTION

4.      Plaintiff has satisfied all administrative prerequisites to perfect his claims of discrimination and retaliation under Title VII. Specifically, he timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation and timely filed this lawsuit following receipt of a Notice of Right to Sue Letter for his claims under Title VII of the Civil Rights Act of 1964.

## PARTIES

5.      Plaintiff is now and was at all times relevant to this action, a citizen of the United States entitled to bring actions of this type and nature. Plaintiff is now and was at all times relevant to this action a resident of the state of Georgia.

6.      Defendant Veritiv Corporation is a foreign corporation that is registered with the Georgia Secretary of State. Its principal office address is 1000 Abernathy Road NE, Bldg 400 Suite 1700, Atlanta, GA, 30328. Its registered agent for service of process is CT Corporation System. Process can be served at 289 S Culver St, Lawrenceville, GA, 30046-4805.

## STATEMENT OF FACTS

7.      Plaintiff is a gay male.

8.      Plaintiff began his employment with Defendant in November 2018 and was promoted to a Talent Acquisition Specialist on May 1, 2019.

9.      On February 5, 2020, Plaintiff received an excellent 2019 performance review from his manager, Nancy Whatley, and they discussed his promotion to a Talent Acquisition Partner role for which there were two openings at the time and to which he had applied.

10. Also in February 2020, one of Plaintiff's co-workers, Nancy Chua, made a formal complaint to Defendant's Human Resources ("HR") Department against Whatley for discrimination.

11. During this investigation, HR interviewed Plaintiff and Darlene Hoffman (a Black female employee) who both corroborated Ms. Chua's claims.

12. When Plaintiff was interviewed on or about February 6, 2020, he told the investigator that he felt that both Whatley and Anne Reiger (another white female employee who was Whatley's friend) treated non-white employees in a discriminatory manner based on their race and gave examples of remarks they had made that he considered discriminatory.

13. Plaintiff also provided the investigator with a document wherein Whatley provided him with the password "plantation" for access to a certain system.

14. Plaintiff found this password to be offensive and told the HR representative his concerns about the connotations of the password.

15. On or about February 8, 2020, Reiger emailed Plaintiff and informed him that he had been denied the promotion.

16. Reiger subsequently told Plaintiff that he "needed to dress better and didn't look the part."

17. Plaintiff adhered to professional attire standards and has never been reprimanded for unprofessional attire.

18. Plaintiff tended to wear more colorful and form-fitting or tailored attire than that of his other male coworkers and perceived Reiger's comment to be that he is negatively perceived as a gay man or somehow appeared "too gay" for the workplace.

19. Reiger knew Plaintiff was gay at the time she made this remark because Plaintiff had previously told her so.

20. On or about February 12, 2020, Plaintiff met with Kyle Hagenau, a male who to Plaintiff's knowledge does not identify as LGBTQ.

21. Whatley had promoted Mr. Hagenau to his position (which was not posted and to which no one else was permitted to apply) a few days prior.

22. Hagenau told Plaintiff that his performance was allegedly suffering but failed to provide any examples and changed his duties so that they were in support of Hagenau's work.

23. Plaintiff had always been a top performer and was the only person in the sourcing department to support all Talent Acquisition Partners.

24. On or about April 14, 2020, Defendant furloughed Plaintiff with him scheduled to return to work in July 2020.

25. On or about July 15, 2020, shortly before Plaintiff could return to work, Defendant terminated his employment.

26. At the same time that Plaintiff was terminated, Hoffman was also terminated.

27. Whatley, Reiger, and three more junior employees—who are not known to identify as LGBTQ, and did not corroborate Ms. Chua's allegations—returned to work.

## COUNT I
## Retaliation in Violation of Title VII

28. Paragraphs 1 through 27 are incorporated herein by reference.

29. Plaintiff was an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

30. Plaintiff was qualified for the position to which he was hired.

31. Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq*.

6

32. Plaintiff engaged in statutorily protected activity by participating in an investigation of another employee's complaint of racial discrimination and by objecting to, reporting, and complaining of race discrimination prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

33. Defendant subjected Plaintiff to unlawful retaliation for his protected conduct, including, but not limited to, disparate treatment in the workplace, denial of promotion, unjustified criticism, and termination, all in violation of Title VII.

34. Defendant undertook this unlawful conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, entitling him to recover punitive damages against Defendants.

35. Additionally, or in the alternative, Defendant undertook this unlawful conduct recklessly with respect to Plaintiff and his federally protected rights, entitling him to recover punitive damages.

36. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages including stress, inconvenience, loss of income and benefits, humiliation, and other indignities.

37. Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, punitive damages, and all other appropriate damages,

remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT II
## Retaliation in Violation of 42 U.S.C. § 1981

38. Paragraphs 1 through 27 are incorporated herein by reference.

39. At all times material to this Complaint, Plaintiff and Defendant were parties to an employment agreement under which Plaintiff worked for Defendant and Defendant compensated him for his work.

40. Plaintiff performed his obligations under his employment agreement.

41. Plaintiff engaged in protected activity by participating in an investigation of another employee's complaint of racial discrimination and by objecting to, reporting, and complaining of race discrimination prohibited by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended.

42. 42 U.S.C. § 1981 prohibits Defendant from retaliating against Plaintiff because he participated in the investigation, opposed, objected to, and complained against race discrimination prohibited by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

43. Defendant subjected Plaintiff to retaliation for his protected conduct, including, but not limited to, disparate treatment in the workplace, denial of

promotion, unjustified criticism, and termination, all in violation of 42 U.S.C. § 1981.

44. Defendant undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative, undertook such conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendant.

45. Defendant's actions constitute unlawful intentional retaliation in violation of 42 U.S.C. § 1981.

46. Defendant willfully and wantonly disregarded Plaintiff's federally protected rights and Defendant's retaliation against Plaintiff was undertaken in bad faith.

47. As a direct and proximate result of Defendant's violations of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

48. Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of his rights under 42 U.S.C. § 1981.

### COUNT III
### Sex Discrimination (Sexual Orientation) in Violation of Title VII

49. Paragraphs 1 through 27 are incorporated herein by reference.

50. Plaintiff is in a protected class based on his sex and sexual orientation.

51. Plaintiff was an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

52. Plaintiff was qualified for the position to which he was hired.

53. Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

54. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his sex and sexual orientation in violation of Title VII.

55. Defendant against Plaintiff on the basis of his sex and sexual orientation, by denying him a promotion for which he was qualified, treating him less favorably than heterosexual employees, and by terminating his employment.

56. Defendant's discriminatory actions violate Title VII.

57. The actions taken by Defendant caused Plaintiff to suffer both monetary and non-monetary losses.

58. As a result of Defendant's unlawful actions, Plaintiff has also suffered emotional distress, inconvenience, humiliation, and other indignities compensable under Title VII, for which Defendant is liable.

59. Defendant undertook its unlawful conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, entitling him to recover punitive damages against Defendants.

60. Additionally, or in the alternative, Defendant undertook its unlawful conduct recklessly with respect to Plaintiff and his federally protected rights, entitling him to recover punitive damages.

61. Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, punitive damages, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the

following relief:

 a. a declaratory judgment that Defendants violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981.

 b. a permanent injunction, prohibiting Defendants from engaging in unlawful employment practices in violation of Title VII and 42 U.S.C. § 1981;

 c. full back pay from the date of Plaintiff's unlawful termination, taking into account all raises and promotions to which he would have been entitled but for the unlawful retaliation and termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

 d. reinstatement of Plaintiff's employment with Defendant at the appropriate position and pay grade, or in the alternative, front pay to compensate Plaintiff for lost future wages and benefits;

 e. compensatory damages in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

  f. punitive damages against Defendants;

  h. attorneys' fees and costs; and

  i. all other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of December 2023.

             **BUCKLEY BALA WILSON MEW LLP**

             */s/ Thomas J. Mew*
             Thomas J. Mew
             GA Bar No. 503447
             tmew@bbwmlaw.com

600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101