IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GARY ENGEL,** | )<br>) |
| **Plaintiff,** | )<br>)<br>) |
| v. | )    **CIVIL ACTION NO.**<br>) |
| **RESURGENT CAPITAL SERVICES, LP,** | )<br>)<br>)<br>) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

**COMES NOW** defendant Resurgent Capital Services, LP ("Defendant"), by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy, and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, hereby gives notice of the removal of this action from the Superior Court of Cherokee County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support thereof, Defendant respectfully shows unto the Court as follows:

## I. INTRODUCTION

1. Plaintiff Gary Engel ("Plaintiff") commenced this action by filing a Complaint against Defendant in the Superior Court of Cherokee County, Georgia, Case Number 23-CVE-2091, on or about November 6, 2023. (*See* Complaint, attached hereto with the state court file as **Exhibit A**.)

2. The Complaint asserts that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390, *et seq.* (*See generally id.*)

3. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

4. Accordingly, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331.

## II. FEDERAL QUESTION JURISDICTION

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §

1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting a claim against Defendant under the FDCPA, which is a federal consumer protection statute. (*See* Compl.; *see also* 15 U.S.C. § 1681 *et seq*.)

7. Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court.

### III. SUPPLEMENTAL JURISDICTION

8. This Court can exercise supplemental jurisdiction over Plaintiff's state law claim because it forms part of the same case or controversy as Plaintiff's federal claim. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows: "[I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."

9. In the instant case, Plaintiff's state law claim for violation of the Georgia Fair Business Practices Act appears to be related to the same activity that forms the basis for her federal claim under the FDCPA and based on the same set of operative

facts. Thus, Plaintiff's state law claim in this case is "so related to claims in the action within [this Court's] original jurisdiction" that it forms part of the same case or controversy and, as such, falls squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).

10. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claim in this action to avoid an unnecessary duplication of judicial resources. *See Braswell Wood Co., Inc. v. Waste Away Group, Inc.*, No. 2:09-cv-891, 2011 WL 2292311, *3 (M.D. Ala. June 9, 2011) (recognizing that judicial economy is a consideration in whether to exercise supplemental jurisdiction). In the instant case, Plaintiff's state law claim arises from the same transaction or occurrence but does not raise novel or complex issues of state law or predominate over Plaintiff's federal claim. Therefore, this Court should exercise jurisdiction over all claims asserted in the Complaint. *See id.* at *1 (citing 28 U.S.C. § 1367(c)).

## IV. <u>ADOPTION AND RESERVATION OF DEFENSES</u>

11. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7)

the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Georgia law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.  Defendant also reserves the right to demand arbitration pursuant to any contractual agreements with Plaintiff and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

## V. PROCEDURAL REQUIREMENTS

12. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

13. True, correct, and certified copies of "all process, pleadings, and orders" from the state court action are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a).  There are no other process, pleadings, or orders served upon Defendant to date in this case.

14. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

15. Defendant has not previously sought similar relief.

16. The United States District Court for the Northern District of Georgia, Atlanta Division, is the District and Division embracing the place where this action is pending in state court.

17. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

18. Contemporaneously with the filing of this Notice of Removal, Defendant has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Superior Court of Cherokee County, Georgia. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, Defendant prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Cherokee County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 20th day of December, 2023.

*/s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5345

Attorney for Defendant
RESURGENT CAPITAL SERVICES, LP

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, in accordance with Local Rule 5.1.

*/s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com

BURR & FORMAN LLP
1075 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December, 2023, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the attorneys of record:

Richard F. Evins
The Evins Law Firm, LLC
564 S. Talbotton Street
Greenville, GA  30222


I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

NONE

                                  */s/ R. Frank Springfield*
                                  R. Frank Springfield
                                  Georgia Bar No. 316045
                                  fspringfield@burr.com