IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TOSHIA RIVERS,                         )
                                       )
   Plaintiff,                          )
                                       )        CIVIL ACTION FILE NO.:
                                       )
v.                                     )
                                       )        [Removed from
                                       )        The State Court of
WAL-MART STORES EAST, L.P..,           )        DeKalb County;
ABC CORPS #1-3, AND JOHN DOES #1-3)              Civil Action File No.
                                       )        23A01805],
                                       )
   Defendants.                         )

**DEFENDANT WAL-MART STORES EAST, L.P,'S NOTICE OF REMOVAL**

COME NOW Defendant WAL-MART STORES EAST, LP by and through counsel, and file this Notice of Removal as follows:

1.

Plaintiff Toshia Rivers (hereinafter "Plaintiff") filed a civil action against Defendant in the State Court of DeKalb County, State of Georgia, Civil Action File No. 23A01805, on April 25, 2023. A copy of the Complaint is attached hereto as Exhibit "A".

1

**Complete Diversity Jurisdiction Exists**

2.

According to her allegations in the Complaint, Plaintiff is a citizen of the State of Georgia. See, Exhibit "A", Complaint ¶ 1.

3.

For diversity jurisdiction purposes, a "limited partnership is not in its own right "citizen" of the state that created it, and the diversity determination must "be based upon the citizenship of all partners." Carden v. Arkoma Assocs., 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990).

4.

At the time of the filing of the Complaint, Defendant Wal-Mart Stores East, LP was, and currently is, a citizen of Delaware and Arkansas. Wal-Mart Stores East, LP is a Delaware limited partnership. Its sole general partner, WSE Management, LLC, is a Delaware limited liability company. Its sole limited partner, WSE Investment, LLC, is also a Delaware limited liability company. Wal-Mart Stores East, LLC is the sole member of WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is an Arkansas limited liability company. The principal place of business for all entities mentioned is Bentonville, Arkansas. See attached Exhibit "B."

5.

"A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332 (c) (1).

6.

Because Plaintiff is a citizen of Georgia and Wal-Mart Stores East, LP is a citizen of Delaware and Arkansas, complete diversity of citizenship exists between Plaintiff and the Defendants for purposes of 28 U.S.C. § 1332 (c) (1).

**The Amount in Controversy Exceeds $75,000.00**

7.

Plaintiff seeks judgment against the named-Defendants for sums in excess of $75,000.00, exclusive of interest and costs.

8.

A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

9.

In her Complaint dated April 25, 2023, Plaintiff asserts that "as a result of Defendants' negligence, Plaintiff suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; loss of consortium; lost capacity for the enjoyment of life; and other economic and non-economic damages." See, Exhibit "A", Complaint ¶ 11. (Emphasis added.) Plaintiff also asserts that her "damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future." Id. (Emphasis added.) Plaintiff further asserts that she "suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law" and will "continue to incur such losses in the future." Id. at ¶16. (Emphasis added.)

10.

On December 15, 2023, defense counsel sent a letter to plaintiff's counsel stating that "it appears that complete diversity of citizenship exists between Plaintiff and all defendants." See Exhibit "C", Letter to Plaintiff's Counsel. Defense counsel explained that defendant was going to seek removal to Federal Court, unless plaintiff confirmed, and was willing to stipulate, "that the amount in controversy is less than $75,000.00, exclusive of interest and costs." Id.

Plaintiff's Counsel failed to respond to the letter.

11.

Because Plaintiff's counsel is unwilling to say that the amount in controversy is less than $75,000, and because Plaintiff pleads that she is seeking both general and special damages for a number of claims, including bodily injury, pain and suffering, expenses of medical care, diagnosis, and treatment, loss of consortium, lost capacity for the enjoyment of life, and other economic and non-economic damages, and that that she will continue to incur such losses in the future, the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs.

**Removal is Timely and Proper**

12.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days of Defendant Wal-Mart Stores East L.P.'s. See, Fed. R. Civ. P. 6(a)(1)(C). This Notice of Removal is also timely because it is filed within thirty (30) days after receipt by Defendant Wal-Mart Stores East L.P.  of a copy of the initial pleading setting forth the claim upon which this action is based. 28 U.S.C. § 1446(b). See the Affidavit of Service Attached as Exhibit "D" showing that Defendant Wal-Mart Stores East L.P. was served on November 20, 2023.

## Venue is Proper in the Northern District

### 13.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1446(b), and 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants, and the matter in controversy exceeds the sum of $75,000.00.

### 14.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses DeKalb County. See 28 U.S.C. § 90(a)(2).

## Removal is Proper

### 15.

No previous application for the relief sought herein has been made to this or any other Court.

### 16.

Good and sufficient defenses to Plaintiff's claims exist.

17.

Within thirty (30) days after service on Defendant, notice is hereby given in accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

18.

Defendant has given written notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the State Court of DeKalb County. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "E".

19.

Although only persuasive, Defendant attaches a copy of an order denying remand in a similar case involving Defendant and the firm representing Plaintiff. See attached order as Exhibit F.

WHEREFORE, it is hereby requested that this Court grant the removal of this case to the United States District Court for the Northern District of Georgia, in which district this suit is pending.

Respectfully submitted on this the 20th day of December, 2023.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Ryland S. Avery

BRIAN C. MCCARTHY
Georgia Bar No.: 001322
 RYLAND S. AVERY
GEORGIA BAR NO. 190643
*Attorneys for Defendants*

900 Circle 75 Parkway, Suite 1040
Atlanta, Georgia   30339
Telephone: (770) 953-1710
Facsimile:   (770) 933-9162
bmccarthy@waldonadelman.com
ravery@waldonadelman.com

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This brief has been prepared in Times New Roman font, 14 point.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Ryland S. Avery

BRIAN C. MCCARTHY
Georgia Bar No.: 001322
 RYLAND S. AVERY
GEORGIA BAR NO. 190643
*Attorneys for Defendant Wal-Mart Stores East L.P.*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TOSHIA RIVERS, )
)
   Plaintiff, )
) CIVIL ACTION FILE NO.:
)
v. )
) [Removed from
) The State Court of
WAL-MART STORES EAST, L.P.., ) DeKalb County;
ABC CORPS #1-3, AND JOHN DOES #1-3) Civil Action File No.
) 23A01805],
)
   Defendants. )

## CERTIFICATE OF SERVICE

I hereby certify that, on this the *20th* day of December, 2023 I electronically

filed the DEFENDANT WAL-MART STORES EAST, L.P,'S NOTICE OF

REMOVAL with the Clerk of this Court using the CM/ECF system which will

automatically provide notice of such filing via electronic mail to the following

attorney(s) of record:

      Toya Perkins, Esq.
      MORGAN & MORGAN ATLANTA PLLC
      PO Box 57007
      Atlanta, GA 30343-1007
      tperkins@forthepeople.com

This 20th day of December, 2023.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

__/s/Ryland Avery_____
Brian C. McCarthy
Georgia Bar No. 001322
Ryland S. Avery
Georgia Bar No. 190643
*Attorneys for Wal-Mart*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
bmccarthy@waldonadelman.com
ravery@waldonadelman.com

# EXHIBIT A

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **TOSHIA RIVERS,**<br><br>        **Plaintiff**<br><br>**vs.**<br><br>WAL-MART STORES EAST, LP<br><br>(DELAWARE); ABC CORPS #1-3; AND<br><br>JOHN DOES #1-3<br><br><br>        **Defendants.** | **CASE ACTION**<br>**FILE NO.:** 23A01805<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

Plaintiff TOSHIA RIVERS ("Plaintiff") sues Defendants and alleges:

Parties, Jurisdiction, & Venue

1.      Plaintiff is a Georgia resident.

2.      Defendant WAL-MART STORES EAST, LP ("Defendant") is a foreign limited partnership, with a registered agent for service of process, THE CORPORATION COMPANY, located at 106 Colony Park Dr Ste 800-B, Cumming, GA 30040 in  Forsyth County. Service of process can be perfected upon Defendant at that address.

3.      Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution, and O.C.G.A. § 14-2-510, venue is proper because the cause of action originated in Dekalb County and Defendant has an office and transacts business in Dekalb County.

4.      Defendant, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence

that injured Plaintiff. If and when entity Defendants ABC CORPS #1-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

5.      Defendant JOHN DOE #1 is a resident of Georgia and is the unidentified manager on duty of Defendant's business establishment at the time of the alleged incident at issue in this case. Defendant JOHN DOE #1 had the authority and right to control the mode and manner of operations of the business located at 4375 Lawrenceville Hwy, Tucker, GA on the date of incident and at all relevant times and as such is a joint tortfeasor. Defendant JOHN DOE #1's authority and control over operations included, but was not limited to, control over the manner in which safety procedures and protocols were implemented and enforced. The legal name of Defendant JOHN DOE #1 is known by WAL-MART STORES EAST, LP. When Defendant JOHN DOE #1 is identified by WAL-MART STORES EAST, LP, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

6.      Defendants JOHN DOES #2-3 are unidentified individuals who are potential, third-party, joint tortfeasors. Defendants JOHN DOES #2-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of WAL-MART STORES EAST, LP's business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants JOHN DOES #2-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

<u>Facts Common to Counts I & II</u>

7.      At all material times, Defendants owned, managed, operated or otherwise provided services for a business open to the public and located at 4375 Lawrenceville Hwy, Tucker, GA (the "Premises").

8.      On or about January 8, 2023, Plaintiff was lawfully on the Premises as an invitee when Plaintiff was injured (the "Incident") when Defendant negligently allowed an overhead door to fall on to Plaintiff.

9.      Defendants negligently caused the Incident and Plaintiff's injuries.

10.     At all relevant times, Plaintiff exercised reasonable care for Plaintiff's own safety.

11.     As the direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

12.     As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law.  Plaintiff will continue to incur such losses in the future.

## Count I: Active Negligence

13.     Plaintiff repeats and realleges paragraphs **[1 through 12]** above, verbatim.

14.     At all material times, Defendants controlled the mode, manner, and means by which they operated the Premises. Under Defendants' mode, manner, and means of operating its business, the Incident and similar risks were reasonably foreseeable.

15.     Defendants' chosen mode and manner of operation of the Premises required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of the Incident and similar risks and resulting injuries.

16.     Defendants owed its customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating the Premises.

17.     Defendants have a duty to develop, implement, maintain, comply with and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect customers from the foreseeable risks of harm, including fall risks arising from the operation of the Premises.

18.     Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect Plaintiff from foreseeable risks of harm.

19.     While operating the Premises, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

    (i)     Defendants failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by the Incident and similar risks;

    (ii)    Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by the Incident and similar risks;

    (iii)   Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

    (iv)    Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

    (v)     Defendants failed to supervise their employees, contractors, agents and/or

representatives to ensure compliance with their safety program; and/or

(vi)    Defendants failed to warn Plaintiff of the inherent and foreseeable risk of the Incident and similar risks and injuries arising from Defendants' chosen mode, manner, and means of operating its business.

20.    Defendants' failure to exercise reasonable care in their operations of the Premises caused a dangerous condition that created the Incident and similar risks and caused Plaintiff to suffer injuries.

21.    Defendants' negligent operation of the Premises directly and proximately caused Plaintiff's injuries.

22.    Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendants' business.   Defendants' employees, contractors, agents and representatives include, but are not limited to, Defendants JOHN DOE #1-3.

23.    Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

## Count II: Premises Liability

24.    Plaintiff repeats and realleges paragraphs **[1 through 12]** above, verbatim.

25.    At all material times, Defendants owned, occupied and was otherwise in possession and control of the Premises.

26.    At all material times, Defendants owed a non-delegable duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

27.    Defendants' duty of care included:

    a.    Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a hazard such as the Incident and similar risks;

    b.    Detecting, removing or otherwise remedying hazardous conditions on the Premises such as the one described in the Incident that posed a hazard or risk; and

    c.    Adequately warning invitees about specific hazards on the Premises, including the hazards described in the Incident, to enable invitees to avoid harm.

28.    At all material times, Plaintiff was Defendant's invitee.

29.    The dangerous condition that caused Plaintiff injuries during the Incident existed on the Premises for a sufficient length of time that Defendants knew, or in the exercise of reasonable care should have known, about the dangerous condition and failed to repair, remove or otherwise remedy the hazardous condition or defect; and/or failed to give adequate warning to invitees of the dangerous condition the defect created.

30.    Because Defendants had notice of the dangerous condition and controlled the condition of the Premises, Defendants and their employees, contractors, agents and representatives had a duty to repair the dangerous condition, remove the dangerous condition, or to warn invitees of the dangerous condition because it posed a foreseeable and an unreasonable risk of harm to invitees' safety, including Plaintiff herein.

31.    Defendants breached their duty to Plaintiff when they negligently failed to adequately repair the dangerous condition, remove the dangerous condition, and/or to warn invitees of the dangerous condition and the foreseeable and unreasonable risk of harm to the safety of Defendant's invitees, including Plaintiff.

32.     As a direct and proximate result of Defendants' negligent failure to keep the Premises safe, remove, remedy, or warn Plaintiff about the dangerous condition Plaintiff was injured in the Incident.

33.     Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

        WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

    a.     That process issue requiring Defendants to appear and answer Plaintiff's allegations;

    b.     That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

    c.     That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

    d.     That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

    e.     That Plaintiff recover general and special damages in amounts to be proved at trial;

    f.     That Plaintiff be granted Attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11; and

    g.     That this Honorable Court order such other and further relief as the Court deems just and proper.

This 20th day of April, 2023.

                        Respectfully Submitted,

_/s/Michael Johnson_
Michael A. Johnson, Esq.
Georgia Bar Number 679391
Attorney for Plaintiff

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone:     (404) 757-8572
Facsimile:     (404) 757-8727

STATE COURT OF
DEKALB COUNTY, GA.
4/25/2023 3:32 PM
E-FILED
BY: Monica Gay

# EXHIBIT B



# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
# BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **WAL-MART STORES EAST, LP (DELAWARE)** | Control Number: | **0150520** |
| Business Type: | **Foreign Limited Partnership** | Business Status: | **Active/Compliance** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **702 SW 8th St., Bentonville, AR, 72716, USA** | Date of Formation / Registration Date: | **11/16/2001** |
| Jurisdiction: | **Delaware** | Last Annual Registration Year: | **2023** |
| Principal Record Address: | **NONE** | | |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **THE CORPORATION COMPANY (FL)** |
| Physical Address: | **106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040-2794, USA** |
| County: | **Forsyth** |

### GENERAL PARTNER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| WSE MANAGEMENT,, LLC | General Partner | 702 SW 8th Street, Bentonville, AR, 72716, USA |

Back

Filing History     Name History

Return to Business Search

# EXHIBIT C

**WALDON ADELMAN CASTILLA**
**MCNAMARA & PROUT**
A LIMITED LIABILITY PARTNERSHIP
**ATTORNEYS AT LAW**

TELEPHONE (770) 953-1710          900 CIRCLE 75 PARKWAY          FACSIMILE (770) 933-9162
SUITE 1040
ATLANTA, GEORGIA 30339

Direct Dial (770) 771-6513
E-Mail: RAVERY@WALDONADELMANCOM

December 15, 2023

Sent via email tperkins@forthepeople.com
Toya Perkins, Esq.
MORGAN & MORGAN ATLANTA PLLC
11605 Haynes Bridge Road, Suite 490,
Alpharetta, GA 30009

        Re:    Toshia Rivers vs. Wal-Mart Stores East LP (Delaware). ABC Corps #1-3
              and John Does
              State Court of DeKalb County
              Civil Action File Number:  23A01805

Dear Toya:

       Brian McCarthy and I represent Wal-Mart Stores East, L.P., the defendant in the above-referenced matter. It appears that complete diversity of citizenship exists between Plaintiff and all defendants. Therefore, unless Plaintiff is willing to stipulate that the amount in controversy is less than $75,000.00, exclusive of interest and costs, we intend to remove this case to federal court. Please be aware that our client's defensive pleadings are due by December 20, 2023. Therefore, if you contend the case cannot be removed due to jurisdictional amount not being satisfied, and are willing to file an appropriate stipulation, please let me know by December 19, 2023. I have attached a proposed copy of the stipulation for your review.

       Best regards.

                         Sincerely,

                         Ryland S. Avery
                         WALDON ADELMAN CASTILLA
                         MCNAMARA & PROUT

RSA/

# EXHIBIT D

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TOSHIA RIVERS,

     Plaintiff,

                                     CIVIL ACTION
                                     FILE NO.: 23A01805

vs.

WAL-MART STORES EAST, LP
(DELAWARE); ABC CORPS #1-3; AND
JOHN DOES #1-3,

     Defendants.

## AFFIDAVIT OF JEFF DOLBIER

     On Monday November 20, 2023 at 11:45 am, I served true and correct copies of the
SUMMONS, COMPLAINT FOR DAMAGES, CIVIL COVER SHEET, RULE 5.2
CERTIFICATE OF SERVICE, NOTICE OF SUBSTITUTION OF COUNSEL, PLAINTIFF'S
1ST REQUEST FOR ADMISSIONS TO DEFENDANT, and PLAINTIFF'S 1ST SET OF
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCEMENTS TO
DEFENDANT upon Defendant Wal-Mart Stores East, LP (Delaware)'s Registered Agent The
Corporation Company, located at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040.
Mr. Dayvon Jackson, a representative of The Corporation Company, accepted service.

This _20_ day of November, 2023

                                  _____

                                  Jeff Dolbier
                                  President, Flash Delivery Inc.

     Sworn and Subscribed before
     me this _20th_ day of November 2023
     _____
     My Commission Expires: _10-4-2027_

JACOB FRIAR
NOTARY
EXPIRES
GEORGIA
10-04-2027
PUBLIC
HENRY COUNTY

# EXHIBIT E

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

TOSHIA RIVERS,                                    )
                                                  )
        Plaintiff,                                )
                                                  )        Civil Action File No.
vs.                                               )        No.: 23A01805
                                                  )
WALMART STORES EAST, LP                           )
(DELAWARE); ABC CORPS #1-3; and                   )
JOHN DOES #1-3                                    )
                                                  )
        Defendants.                               )

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendant WAL-MART STORES EAST, L.P. ("Defendant"), by and through counsel,

files this notice to all parties pursuant to 28 U.S.C. § 1446(a) that it has filed its Notice of Removal

of this action to the U.S. District Court, Northern District of Georgia, Atlanta Division, which was

contemporaneously filed with this Notice.  A copy of the Notice of Removal filed with the United

States District Court is attached hereto as Exhibit "1". Pursuant to 28 U.S.C. § 1446(d), all future

proceedings in this Court are stayed.

This 20th day of December, 2023.

                                        WALDON ADELMAN CASTILLA
                                        MCNAMARA & PROUT

                                        /s/ Ryland S. Avery
                                        _____
                                        Brian C. McCarthy
                                        (State Bar No. 001322)
                                        Ryland S. Avery
                                        (State Bar No. 190643)
                                        *Attorneys for Wal-Mart Stores East L.P.*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710

bmccarthy@waldonadelman.com
ravery@waldonadelman.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

> Toya Perkins, Esq.
> MORGAN & MORGAN ATLANTA PLLC
> PO Box 57007
> Atlanta, GA 30343-1007
> tperkins@forthepeople.com

This 20th day of December, 2023.

> WALDON ADELMAN CASTILLA
> MCNAMARA & PROUT
>
> __/s/Ryland Avery_____
> Brian C. McCarthy
> Georgia Bar No. 001322
> Ryland S. Avery
> Georgia Bar No. 190643
> *Attorneys for Wal-Mart Stores East L.P.*

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
bmccarthy@waldonadelman.com
ravery@waldonadelman.com

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TINA WETHERINGTON,

      Plaintiff,

        v.

WAL-MART STORES EAST, LP
(DELAWARE), et al.,

      Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-1929-TWT

## ORDER

This is a personal injury action in which the Plaintiff alleges that she was injured while shopping at a Wal-Mart store when soft drink bottles fell from a display rack and injured her. It is before the Court on the Plaintiff's Motion to Remand [Doc. 8]. The incident in question occurred on April 2, 2021. After the lawsuit was filed on March 10, 2023, counsel for the Defendant Coca-Cola Bottling Company wrote to Plaintiff's counsel asking that he stipulate that the amount in controversy was less than $75,000.00. Counsel for the Plaintiff responded that he could not say what Plaintiff's damages were at that time. Based upon the failure to stipulate to less than $75,000.00 in controversy and the description of the Plaintiff's injuries in the Complaint, the Defendant has met its burden of showing that the Court has diversity subject matter jurisdiction. The Plaintiff's Motion to Remand [Doc. 8] is therefore DENIED.

SO ORDERED, this ___27th___ day of July, 2023.

THOMAS W. THRASH, JR.
United States District Judge