UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TAMAINE PRINCE | ) | |
| | ) | |
| *PLAINTIFF*, | ) | CASE NO:_____ |
| | ) | |
| vs. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *DEFENDANT*. | ) | |
| | ) | |

Plaintiff Tamaine Prince, by and through her undersigned counsel, Shaun Cade of Cade Law, PC, and for her causes of action against Defendant United States of America, hereby complains and alleges as follows:

**JURISDICTION AND VENUE**

1.

This action is brought pursuant to the Federal Tort Claims Act (FTCA 28 U.S.C. § 1346(b), 28 U.S.C. § 1402(b), 2671 et seq.) against the United States of America, which has exclusive subject matter jurisdiction of federal tort claims litigation in the federal district court.

2.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. Section United 1402(b) because the States is the Defendant and Plaintiff resides in the State of Georgia.

3.

Plaintiff timely presented an administrative tort claim to the United States Postal Service, U.S.C. § 2671 et pursuant to 28 seq., claim number NT202239364, on or about February 2, 2022.

4.

As of today, December 19, 2023, the United States Postal Service has made no offer of settlement and issued no denial of the claim.

**STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA**

5.

This case is brought against the United States pursuant to 28 U.S.C. § 2671 et seq., commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on 28 U.S.C. §§ 1346(b)(1), 2679(b)(1), 2671 et seq. because personal injuries and resulting damages that form the basis of this complaint were proximately caused by the negligence, wrongful acts, and/or omissions of an employee of the United States through its agency, the United States National Park Service, Department of the Interior. The employee was acting within the course and

scope of his office or employment, under circumstances in which the United States, if a private person, would be liable to Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Georgia.

## NATURE OF THE ACTION

6.

On or about December 30, 2021, at approximately 3:00 P.M., Plaintiff was driving her 2007 Saturn Vue. Plaintiff was traveling eastbound on Bakers Ferry Road approaching Wisteria Drive located in Atlanta, Georgia.

7.

Based on information and belief, Crystal Taylor, a USPS Delivery person, was operating a Mail Truck registered to the United States Postal Service. Crystal Taylor was travelling northbound on Wisteria Drive and approaching Bakers Ferry Road.

8.

Crystal Taylor failed to stop at the stop sign at this intersection and struck Plaintiff's vehicle.

9.

The Defendant's vehicle slammed into the rear passenger side of the Plaintiff's vehicle.

10.

Based on information and belief, Plaintiff alleges the Defendant's vehicle sustained moderate vehicle damage to the front of the vehicle and the Plaintiff's vehicle sustained major damage to the rear of the vehicle.

11.

Based on information and belief, Plaintiff alleges at all times relevant here, Crystal Taylor was acting within the course and scope of her employment, under circumstances in which the United States, if a private person, would be liable to Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Georgia.

12.

Based on information and belief, Defendant United States gave Crystal Taylor permission, express or implied, to operate the subject vehicle.

13.

Based on information and belief, Defendant United States negligently entrusted, authorized and/or ratified the operation of the motor vehicle to Crystal Taylor so as to proximately cause the collision involving Plaintiff. Operation of vehicles on public roads is a matter of public safety.

## FIRST CAUSE OF ACTION—NEGLIGENCE

14.

Plaintiff incorporates all of the paragraphs above as though fully stated here.

15.

Defendant United States is responsible for the actions of its employees pursuant to statutes, including, but not limited to 28 U.S.C. § 1402(b); 2671 et seq.; and 28 U.S.C. Section 2679(b)(1); 1346(b).

16.

As an employee of Defendant United States, Crystal Taylor breached her duty by failing to use due care, in violation of the traffic laws of the State of Georgia, including but not limited to, O.C.G.A.§ 40-6-73, failure to yield the right of way while entering a roadway.

17.

O.C.G.A.§ 40-6-73 reads as follows: "The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed."

18.

The sole and proximate cause of the aforesaid collision was due to Defendant United States.

19.

As a direct and proximate result of the negligence of Defendant United States, Plaintiff incurred personal injuries that caused Plaintiff to suffer great emotional distress, anxiety, and grief and great pain of body and mind, all or some of which conditions may be permanent and disabling, all to Plaintiff's general damages in an amount not to exceed $13,263.00.

20.

As a direct and proximate result of the negligence of Defendant United States, Plaintiff incurred medical expenses from various health care providers and shall continue to incur these expenses in the future, all in an amount presently unascertained; that in this regard, Plaintiff prays for leave of this court to insert all of these damages when the same have been fully ascertained, not to exceed an amount in excess of $11,737.00.

**SECOND CAUSE OF ACTION—PROPERTY DAMAGE**

21.

Plaintiff incorporates all of the paragraphs above as though fully stated here.

22.

As direct and proximate result of the negligence of Defendant United States, Plaintiff's vehicle was damaged that resulted in expenses incurred by Plaintiff,

including but not limited to, vehicle repair/replacement, all to Plaintiff's damage in an amount not to exceed $5,063.62.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff requests relief and judgment against Defendant United States as follows:

1. For general damages in an amount not to exceed $13,263.00;

2. For special damages in an amount to be proven at the time of trial, not to exceed $11,737.00;

3. For property damage incurred by Plaintiff as a direct result of the motor vehicle collision in an amount to be proven at the time of trial, not to exceed $5,063.62; and

4. Such further relief as the Court finds just and equitable.

Respectfully Submitted,

*s/Shaun Cade*
Shaun Cade
Georgia Bar 101209
Cade Law, PC
400 Galleria Parkway, Suite 1500
Atlanta, Georgia 30339
601-447-0384
Shaun@cade.law
Attorney for Plaintiff