*Ebony Burroughs v. The Kroger Co. State*
*Court of Fulton County, State of Georgia*
*Civil Action File Number:  23EV006980*

*Ebony Burroughs v. The Kroger Co.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number:  TBA (Removal #1:23-mi-99999)*

# EXHIBIT A: NOTICE OF REMOVAL

## <u>ALL PLEADINGS, PROCESS, AND ORDERS SERVED UPON DEFENDANT THE KROGER CO. IN THE STATE COURT OF FULTON COUNTY, STATE OF GEORGIA</u>

State Court of Fulton County
**E-FILED**
23EV006980
10/31/2023 12:53 PM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of _____ County

| For Clerk Use Only |
| --- |
| **Date Filed** _____ |
| MM-DD-YYYY |
| **Case Number** _____ |

**Plaintiff(s)**
Burroughs, Ebony

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

**Defendant(s)**
The Kroger Co.

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

| Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- |

**Plaintiff's Attorney** Keith R. Foster   **State Bar Number** 271001   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number                          Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

State Court of Fulton County
**E-FILED**
23EV006980
11/1/2023 4:07 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: _____

Ebony Burroughs
_____

1895 Phoenix Blvd, Ste. 110
_____

Atlanta Georgia 30349
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

The Kroger Co.
_____

c/o Registered Agent CSC 192 Anderson St Ste. 125
_____

Marietta   GA          30060
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: The Foster Firm ATTN: Atty. Keith Foster
_____

Address: 195 Phoenix Blvd. Ste. 110
_____

City, State, Zip Code: Atlanta, Georgia 30349          Phone No.: 404-559-8325

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED,** via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
23EV006980
10/31/2023 12:53 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

EBONY BURROUGHS,         )
                                )
     Plaintiff,         )     CIVIL ACTION
                                )     FILE NO: _____
vs.                        )
                                )
                                )
THE KROGER CO.,         )
                                )
     Defendant.       )

## COMPLAINT FOR DAMAGES

**COMES NOW,** the Plaintiff, Ebony Burroughs, (hereinafter "Plaintiff") by and through her Counsel of record Keith Foster, Attorney, and for the cause of action against The Kroger Corporation (hereinafter "Defendant") and respectfully states:

## <u>JURISDICTION AND PARTIES</u>

1.

Ebony Burroughs, Plaintiff, resides at 958 Founders Drive SW., Apartment 413, Atlanta, Georgia, 30310 and is a resident of the State of Georgia, Fulton County.

2.

The Defendant, The Kroger Corporation, is a duly organized Foreign for Profit Corporation in the State of Georgia with a principal office address of 1014 Vine Street, Cincinnati, Ohio, 45202. Service of process may be perfected on Defendant through its registered agent CSC of Cobb County, Inc. located 192 Anderson Street Southeast, Suite 125,

Marietta, Georgia, 30060, Cobb County. Kroger Corporation is subject to the venue and jurisdiction of this court.

3.

This incident of injury occurred at 3425 Cascade Road, Fulton County, Atlanta, Georgia 30311.

## STATEMENT OF THE CASE

4.

Venue's proper in Fulton County pursuant to O.C.G.A. §14-2-510 (3).

5.

On October 31, 2021, the Plaintiff visited a Kroger Grocery Store located 3425 Cascade Road, Fulton County, Atlanta, GA 30311.

6.

On the aforementioned date, the Plaintiff entered the subject Kroger as a business invitee.

7.

While walking down a grocery aisle, more particularly the bread aisle, when the Plaintiff slipped and fell on blueberries that were left on the floor.

8.

Under Georgia law §51-3-1, "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."

9.

The Kroger Corporation is the owner of the grocery store located at 3425 Cascade Road, Atlanta, GA 30311.

10.

The Kroger Corporation in its role as the owner of the subject store, invited the Plaintiff on its premises through an implied invitation.

11.

Therefore, the Defendant owed Ms. Burroughs an ordinary standard of care. This standard of care includes but is not limited to the following:

    a. Inspecting premises for possible hazards; and,

    b. Warning invitees of all known hazards.

12.

The Defendant either failed to inspect its premises for hazards and could not warn the Plaintiff of the substance on the grocery aisle; or, knew of the danger and failed to warn Ms. Burroughs.

13.

This is a clear liability case caused by the Defendant negligent conduct with no bona fide controversy related to the fact that 1) Defendant, The Kroger Corporation owns the grocery store

located at 3425 Cascade Road, Atlanta, GA 30311; 2) there were blueberries on the floor of the

subject; 3) the Defendants failed to notify its' invitees of the spill; 4) the Defendants failed to fix

any known dangers (The blueberries on the floor); 5) These failures caused the Defendant breach

their duties owed to Plaintiff; and 5) Defendant's breach of duty caused injury to the Plaintiff.

14.

The Defendant is indebted to Plaintiff for past, present and future treatment expenses;

past, present and future pain and suffering; past, present and future loss of ability to enjoy life;

past present and future lost wages, expenses of litigation, and all other damages allowed by

Georgia law.

15.

The Defendant's negligence constitutes the direct and proximate cause of the injury to

Plaintiff, Ebony Burroughs. This failure includes, but was not limited to, the following:

(a) Failing to maintain a proper look out;

(b) Failing to adhere to O.C.G.A. §51-3-1; and,

(c) Failing to exercise ordinary care and ordinary diligence;

16.

As a direct and proximate cause of Defendant's negligence and carelessness, the Plaintiff:

(a) Suffered painful and bodily injuries;

(b) Was required to undergo medical treatment and incurred medical costs and expenses

in order to alleviate injuries, pain and suffering;

(c) Otherwise was hurt, injured and caused to sustain losses;

(d) Pain and suffering, medical expenses and lost wages to continue in the future; and,

(e) Incurred special damages in the amount to be determined by this Court and shown by the evidence.

17.

**WHEREFORE**, Plaintiff respectfully prays as follows:

(a) That judgment be entered against the Defendant on Plaintiff's Complaint in an amount to be determined at trial;

(b) That all costs of this action be cast against the Defendant;

(c) That the Court grant Plaintiff such other and further relief that it deems just and proper; and

(d) Trial by Jury.

Respectfully submitted, this 31st day of October, 2023.

The Foster Firm, LLC

*/s/ Keith R. Foster*
Keith R. Foster, Esq.
Georgia State Bar No.: 271001
*Attorney for Plaintiff*

**THE FOSTER FIRM, LLC**
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
Telephone: (404) 559-8325
Facsimile: (404) 559-8335
Email: kfoster@tfflaw.net

**State Court of Fulton County**
**\*\*E-FILED\*\***
**23EV006980**
**11/28/2023 9:35 AM**
**Donald Talley, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY, STATE OF GEORGIA

| | | |
|---|---|---|
| **EBONY BURROUGHS** | | Case No.: **23EV006980** |
| | Plaintiff/Petitioner | |
| vs. | | |
| **THE KROGER CO.** | | AFFIDAVIT OF SERVICE OF |
| | Defendant/Respondent | **SUMMONS; COMPLAINT; PLAINTIFF'S FIRST INTERROGATORIES; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION; PLATINIFF'S FIRST REQUEST FOR ADMISSIONS** |

Received by **Duane Day**, on the **20th day of November, 2023 at 12:10 AM** to be served upon **The Kroger Corporation c/o CSC, Registered Agent** at 192 Anderson Street SE suite 125, **Marietta, Cobb County, GA 30060**.
On the **20th day of November, 2023 at 10:26 AM**, I, Duane Day, SERVED The Kroger Corporation c/o CSC, **Registered Agent** at 192 Anderson Street SE suite 125, **Marietta, Cobb County, GA 30060** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **RACHEL SCHNEEBERG**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to RACHEL SCHNEEBERG who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a blonde-haired white female contact 25-35 years of age, 5'10"-6'0" tall and weighing 120-140 lbs with glasses.**

Service Fee Total: **$85.00**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| NAME: | n/a | 11-22-23 |
| Duane Day | Server ID # | Date |

Notary Public: Subscribed and sworn before me on this 22 day of November in the year of 2023
Personally known to me ✓ or _____ identified by the following document:



Notary Public (Legal Signature)

REF: **REF-14188679**



State Court of Fulton County
**E-FILED**
23EV006980
12/15/2023 4:31 PM
Donald Talley, Clerk
Civil Division

TO:          All Judges, Clerks of Court, and Counsel of Record

FROM:     Keith R. Foster, Esq.
              The Foster Firm, LLC

RE:          Notice of Leave of Absence

DATE:      December 14, 2023

---

COMES NOW, Keith R. Foster and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all Opposing Counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16. See the attached Exhibit "A" for the list of pending cases.

1. The period of leave during which time applicant will be away from the practice of law is: January 12th to 22nd 2024, February 16th to 26th 2024, March 21st and 22nd 2024, April 18th and 19th 2024, May 9th to 13th 2024. The purpose of the leave is: Vacation and Professional development.

2. All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

Respectfully submitted this 14th day of December, 2023.


                                        /s/ Keith R. Foster____
                                        Keith R. Foster, Esq.
                                        Georgia Bar No.: 271001

**THE FOSTER FIRM, LLC**
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
Phone: (404) 559-8325
Fax: (404) 559-8335
Email: kfoster@tfflaw.net

## CERTIFICATE OF SERVICE

This is to certify that I have this date electronically e-filed via Odyssey or PeachCourt a copy of the foregoing Notice of Leave of Absence upon all Clerks of Court for the cases listed on the attached "Exhibit A".

This is to further certify that I have this date served a copy of the forgoing Notice of Leave of Absence upon all Judges and counsel of record by depositing in the United States Mail, a copy of the same in a properly addressed envelope with adequate postage affixed thereto for the cases listed on the attached "Exhibit A".

Respectfully submitted, this 14th day of December, 2023.

*/s/ Keith R. Foster*
Keith R. Foster, Esq.
Georgia Bar No.: 271001

**THE FOSTER FIRM, LLC**
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
Phone: (404) 559-8325
Fax: (404) 559-8335
Email: kfoster@tfflaw.net

State Court of Fulton County
**E-FILED**
23EV006980
12/15/2023 4:31 PM
Donald Talley, Clerk
Civil Division

| | EXHIBIT "A" FULTON COUNTY STATE COURT | |
|---|---|---|
| **Name of Case** | **Name of Judge / Case Number** | **Other Counsel / Defendant Pro Se** |
| Ebony Burroughs v. The Kroger Co. | Judge Patsy Porter Civil Action File Number 23EV006980 | No record of counsel |
| David Parish v. Chan'Quella Rozier | Judge Patsy Porter Civil Action File Number 23EV006967 | No record of counsel |
| Bertina White v. City of Atlanta and The Department of Watershed Management | Judge John R. Mather Civil Action File Number 21EV002868 | David Ware, Esq. Jacob S. O'Neal, Esq. *Hall Booth Smith, P.C.* 191 Peachtree Street NE, Suite 2900 Atlanta, GA 30303 |
| Angelita Hixon v. John Mitchell | Judge Myra Dixon Civil Action File Number 23EV007386 | No record of counsel |
| Rodregus Watts v. Juanita Hicks and Dawn Dixon | Judge Diane Bessen Civil Action File Number 23EV007406 | No record of counsel |

| | | |
|---|---|---|
| Karisha Gully<br><br>v.<br><br>Dental Care 247 Atlanta, LLC and<br><br>Dr. Walker | Judge Myra H. Dixon<br><br>Civil Action File Number<br><br>23EV006133 | No record of counsel |
| Carlethia Overstreet<br><br>v.<br><br>Southeastern Primary Care | Judge Wesley B. Tailor<br><br>Civil Action File Number<br><br>21EV000688 | Brian K. Mathis, Esq.<br><br>Christopher Brookhart, Esq.<br><br>*Huff, Powell & Bailey, LLC*<br><br>99 Peachtree Street, NE, Suite 950<br><br>Atlanta, GA 30309 |
| Waseem Choudary<br><br>v.<br><br>Hyatt Hotels Corporation<br><br>Drap Airport, LLC | Judge Patsy Y. Porter<br><br>Civil Action File Number<br><br>23EV000030 | Kristen Medwick, Esq.<br><br>(Attorney for Drap Airport)<br><br>3740 Davinci Court, Suite 460<br><br>Peachtree Corners, GA 30092 |
| Shontonius Hawkins<br><br>v.<br><br>Antonio Webb and<br><br>City of Atlanta | Judge Jay M. Roth<br><br>Civil Action File Number<br><br>23EV006325 | Connor Crum, Esq.<br><br>Hermise Pierre, Esq.<br><br>*City of Atlanta Law Department*<br><br>55 Trinity Avenue, SW, Suite 1790<br><br>Atlanta, GA 30303 |
| Maria Hernandez-Hilario<br><br>v.<br><br>The Home Depot, Inc. | Judge Wesley B. Tailor<br><br>Civil Action File Number<br><br>23EV001808 | Stephan H. Sparwath, Esq.<br><br>*Bendin Sumral & Ladner, LLC*<br><br>One Midtown Plaza, Suite 800<br><br>1360 Peachtree Street, NE<br><br>Atlanta, GA 30309 |

| Brenda Culpepper | Judge Wesley B. Tailor | Brennan Thomas, Esq. |
|---|---|---|
| v. | Civil Action File Number | Reynolds E. Pitts Jr., Esq. |
| The Hertz Corporation, | 20EV005769 | Walter Yarbrough, Esq. |
| Steven Bissada and Timothy Miller | | *Fain, Major & Brennan P.C.* |
| | | One Premier Plaza |
| | | 5605 Glenridge Dr. NE, Suite 900 |
| | | Atlanta, GA 30342 |

State Court of Fulton County
**E-FILED**
23EV006980
10/31/2023 12:53 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

EBONY BURROUGHS,          )
                                 )
      Plaintiff,            )     CIVIL ACTION
                                 )     FILE NO: _____
vs.                             )
                                 )
                                 )
THE KROGER CO.,         )
                                 )
      Defendant.       )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS OF FACT TO DEFENDANT, THE KROGER CO.

TO:    **The Kroger Co.**
       **By and through their Registered Agent, to wit:**
       **SCS of Cobb County, Inc.**
       **192 Anderson Street, S.E., Suite 125**
       **Marietta, GA 30060**

COMES NOW Plaintiff and, pursuant to O.C.G.A. §9-11-36, files and serves the within and following Plaintiff's First Requests for Admissions Of Fact, and hereby requests that this Defendant make the following admissions, for the purposes of the pending action only, of the truth of the matters hereinbelow set forth:

**Prefatory Note**

You are hereby notified, pursuant to O.C.G.A. § 9-11-37(c), that if you fail to admit the truth of any matter or the genuineness of any document as requested under O.C.G.A §9-11-36, and if this Plaintiff thereafter proves the truth of any such matter or the genuineness of any such document, this Plaintiff will apply to the Court for an order requiring you to pay this Plaintiff the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

**Special Definition**

In answering these Interrogatories you are advised of the following definition:

a.     "Premises" or Premises in question" shall refer to Kroger, which is located in 3425 Cascade Road, Atlanta, GA 30311.

b.     "Incident" or "incident in question" shall refer to the October 31, 2021 fall, which the Plaintiff experienced at Kroger located at 3425 Cascade Road, Atlanta, GA 30311 and which is more fully set forth in Plaintiff's Complaint for Damages.

c.     "Defect", "Hazard", or "Condition" refer to the blueberries on the floor, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

**Please admit or deny the truthfulness of the following:**

1. Do you admit or deny that venue for this lawsuit is proper in Fulton County?

2. Do you admit or deny that jurisdiction for this lawsuit is proper in Fulton County?

3. Do you admit or deny that this Defendant has been properly served with a copy of a Complaint in this lawsuit?

4. Do you admit or deny that The Kroger Co. was a corporation on the date of the incident in question?

5. Do you admit or deny that on the date of the incident in question, this Defendant owned and operated Kroger, 3425 Cascade Road, Atlanta, GA 30311?

6. Do you admit or deny that on October 31, 2021, the Plaintiff was an invitee on the premises in question and at the time of the incident in question?

7. Do you admit or deny that on October 31, 2021, there was a hazard, in the area in which the Plaintiff was walking, at Kroger 3425 Cascade Road, Atlanta, GA 30311?

8. Do you admit or deny that on October 31, 2021, this Defendant was responsible for the cleaning and/or maintenance of the floor, where the incident in question occurred?

9. Do you admit or deny that on October 31, 2021, the Plaintiff fell, due to the blueberries on the floor which was located on the floor, at Kroger 3425 Cascade Road, Atlanta, GA 30311?

10. Do you admit or deny that on October 31,2021, the Plaintiff sustained injuries as a result of a fall at Kroger 3425 Cascade Road, Atlanta, Georgia 30311?

11. Do you admit or deny that this Defendant, or an agent or employee thereof, had an obligation to exercise ordinary care in an effort to keep the area where the incident in question occurred, in a safe condition?

12. Do you admit or deny that this Defendant breached it's duty, as described in Request for Admission of Fact number 17?

This 31st day of October, 2023.

The Foster Firm, LLC

/s/ *Keith R. Foster*
Keith R. Foster, Esq.
Georgia State Bar No.: 271001
*Attorney for Plaintiff*

**THE FOSTER FIRM, LLC**
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
Telephone: (404) 559-8325
Facsimile: (404) 559-8335
Email: kfoster@tfflaw.net

State Court of Fulton County
**E-FILED**
23EV006980
10/31/2023 12:53 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

EBONY BURROUGHS,                    )
                                    )
          Plaintiff,                )        CIVIL ACTION
                                    )        FILE NO: _____
vs.                                 )
                                    )
                                    )
THE KROGER CO.,                     )
                                    )
          Defendant.                )

### PLAINTIFF'S FIRST INTERROGATORIES
### TO DEFENDANT, THE KROGER CO.

To:    **The Kroger Co.**
       **By and through their Registered Agent, to wit:**
       **SCS of Cobb County, Inc.**
       **192 Anderson Street, S.E., Suite 125**
       **Marietta, GA 30060**

       COMES NOW, Plaintiff, pursuant to O.C.G.A. §9-11-33 submits herewith to this

Defendant, for response within thirty-three (33) days after service hereof, in the form provided by

law, the following attached Interrogatories,

**Definitions and Instructions**

1.     These discovery requests are intended to cover all information and documents in your
       possession or control, or subject to your control, wherever located.

2.     The term "person[s]" means any natural person, firm, partnership, joint venture,
       corporation, or any judicial person, or any other legal entity.

3.     The words "identify," "identity," or "identification," mean as follows:
       a.     When used in reference to a natural person, you are required to state his or her full
              name and present or last known address, his or her present or last known position and
              business affiliation.
       b.     When used in reference to a corporation, you are required to state its full name, its
              principal place of business, its state of incorporation, its date of incorporation, and its
              principal executive officer.

c.  When used in reference to a location, you are required to state the street address, city, state, suite and/or room number.

d.  When used in reference to a meeting, you are required to state the date of the meeting, the place of the meeting, the identity of each and every person present at the meeting, a general description of substance of the discussions and the decisions (if any) reached at or as a result of the meeting, the identity of each and every document concerning what occurred at the meeting, and the identity of each and every document concerning any of the subjects discussed or to be discussed at the meeting, including agenda.

e.  When used in reference to an oral conversation, you are required to state the date of the conversation, the place of the conversation, the identity of each and every person who participated in the conversation or who was present during the conversation, a general description of the substance of the conversation, and the identity of each and every document concerning the conversation.

f.  When used in reference to a document, your description should include, but not be limited to, the name, address, telephone number, occupation, job title and employer of the present custodian of the document; the date of the making of the document and the name, address, telephone number, occupation, job title and employer of each person whose testimony could be used to authenticate such document and lay the foundation for its introduction into evidence; its author, it's title (if any), its subject matter, the type of document (e.g., letter, memorandum, telegram, chart, computer input or printout, photograph, sound reproduction, etc.), its present location and the name of its present custodians, or, if the above information is not available, some other means of identifying it; and if any such document was, but is no longer, in your possession, custody or subject to your control, or in existence, state whether it is (a) missing or lost, (1)) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) otherwise disposed of, and, in each instance, explain the circumstances surrounding the reason for such disposition thereof.

4.  The words "document" and "documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or acknowledgments, diaries, reports, memoranda of telephone or in person conversations by or with any person, or any other memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data or other graphic, symbolic recorded or written materials of any nature whatsoever. Any document, which contains any comment, notation, addition, insertion, or marking of any kind that is not of another document, is to be considered a separate document.

5.  The words "concern," "concerns," or "concerning" include but are not necessarily limited to, containing, referring to, relating to, connected with, about, regarding, mentioning, discussing or describing.

6.   If you claim that the attorney-client privilege or any other privilege is applicable to any interrogatory or request, the substance of that event or information or document need not be disclosed in your answers, but you shall with respect to that document:

    a.  State the date of the event or document;

    b.  Identify each and every participation in the event or author of the document;

    c.  Identify each and every other person who participated in the event or prepared or participated in the preparation of the document;

    d.  Identify each and every person who received the document;

    e.  Identify each and every person from whom the document was received.

    f.  State the present location of the document and all copies thereof.

    g.  Identify each and every person having custody or control of the document and all copies thereof; and

    h.  Provide sufficient further information concerning the event, information or document and the circumstances thereof to explain the claim or privilege and to permit the adjudication of the propriety of that claim.

7.   If you exercise the option under O.C.G.A. §9-11-33(c) to produce business records in lieu of responding to any interrogatory, the following procedure is to be followed:

    a.  In response to each such interrogatory, you are required to identify each said document; and

    b.  In producing such document, you are required to produce said document separately and to designate the interrogatory or interrogatories to which said document responds, as well as the identification of the file(s) from which the documents were segregated.

8.   You are required to furnish all information that is available to you or subject to your reasonable inquiry including information in the possession of your agents, attorneys, accountants, advisors or other persons directly or indirectly employed by or connection with, you or your attorneys, and anyone else otherwise subject to your control.

9.   You must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If an interrogatory or request has subparts, answer each part separately in full, and do not limit the answer as a whole. If any interrogatory or requests cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer, and state whether you have information and knowledge regarding the unanswered portion.

10.  The term "knowledge" means first-hand information and/or information derived from any other source including hearsay knowledge.

11.  The term "communication[s]" means all communications of any nature whatsoever, whether oral or in writing.

12.  The term "gender" shall include the male as well as the female, and the singular pronoun shall include the plural.

Please be advised that each of the following interrogatories is continuing in nature. In the

3

event that Defendant, at any later date, shall obtain any fact, make any assumption or contention, reaches any conclusion or opinions different from or supplementary to those set forth in the answers to these interrogatories, then in such event Defendant should amend said answers promptly and sufficiently prior to trial or test, fully setting forth such information.

**Special Definition**

In answering these Interrogatories you are advised of the following definition:

a.  "Premises" or Premises in question" shall refer to The Kroger Co., which is located in 3425 Cascade Road, Atlanta, GA 30311.

b.  "Incident" or "incident in question" shall refer to the October 31, 2021 fall, which the Plaintiff experienced at Kroger, and which is more fully set forth in Plaintiff's Complaint for Damages.

c.  "Defect", "Hazard", or "Condition" refer to the pool of water, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

**Interrogatories**

1.  State the name and address of the owner of the Kroger Store 3425 Cascade Road, Atlanta, GA 30311.

2.  State the full name, address, job title, and present employer of each person answering and assisting in answering these Interrogatories on behalf of the Defendant?

3.  Has the Defendant been sued under his/its correct name? If not, please state the correct name and explain your answer so that service may be properly obtained.

4.  Does any primary and/or excess insurance agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?
    a.  If such an insurance agreement or bond does exist, what are the limits of liability contained in the terms of each such agreement?
    b.  If such an insurance agreement or bond does exist, what are the legal names of each and every party to each agreement itself and to any further or subordinate agreement, which in any way relates to the terms of any such agreement?
    c.  What is the amount of any deductible or self-insured retention as to each such agreement?

5.  State the name and address of the person or entity in control of that area of the premises where the incident in question occurred at the time of the occurrence.

4

6. State the name address and telephone number of the store manager on October 31, 2021, of The Kroger Store located at 3425 Cascade Road, Atlanta, GA 30311 which is the premises where the incident in question occurred.

7. State the name address and telephone number of the assistant store manager on October 31, 2021 of Kroger Store, 3425 Cascade Road, Atlanta, GA 30311 which is the premises where the incident in question occurred.

8. State the name and address of each person, including experts, having any knowledge of relevant facts related to the incident which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

9. State the name, address and telephone number of any persons who witnessed the occurrence in questions.

10. State the name and address of any potential party to this lawsuit, not already named as party hereto.

11. Only if you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, as to each such defense, please state:
    a. Each and every fact upon which you rely in asserting such defense;
    b. Provide a complete description of all documents which you contend support the assertions of the said defense;
    c. The name and address of all persons having custody and control of the documents described in (b) above; and
    d. Please provide the full and complete legal addresses of this Defendant's registered office and agent.

12. If you contend that any person, firm, or entity caused or contributed to the injuries to the Plaintiff, identify by name, address, job title, and employer all such persons, firms or entities and state the reasons for your contentions.

13. Please state whether or not you have a copy of any statement, which the plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody or control.

14. Identify each oral or written statement or transcript that has been taken from any person or persons purporting to have knowledge with regards to the incident or any other contention involved in this action, by stating the name of the person giving each statement, the date thereof, the type of statement (i.e. oral, written, recorded, etc.) and the name and address of the custodian of any copy thereof.

15. Describe any insurance agreement under which insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the

5

name of the person or entity insured the name of the insurer and the amount of any liability insurance coverage.

16.  Describe defendant's contentions as to how the incident which forms the basis of this suit occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

17.  Describe in detail any conversations that any employee or agent for defendant has had with the plaintiff or plaintiff's representative following the incident in question.

18.  State the full name, current address, telephone number, qualifications and present employment of each person who you expert to call as an expert witness at the trial of this case, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify and the summary of the grounds for each opinion expected to be expressed by such expert.

19.  State whether any expert whom you expect to call as a witness has prepared a report formal or informal and if so state the date(s) of such report(s) and to whom addressed.

20.  Please state the name and address of each expert consulted whose report or work product will be relied upon in whole or in part by any expert witness whom you expect to call at the trial of this case.

21.  Please describe any claims or lawsuits that have heretofore been brought against this defendant by reason of the incident or injury at the same or similar location or a similar type of incident on the defendant's premises at some other location.

22.  For a period of one year prior to the incident in question, at October 31, 2021, of Kroger Store 3425 Cascade Road, Atlanta, GA 30311, describe any and all other instances, where this defendant detected, found or otherwise came upon an accumulation of water, which, could have been a hazardous condition for customers.

23.  Please describe in detail any changes that have been made by Defendant in a physical site of the incident or to the warning or signs relating thereto since the occurrence in question.

24.  Describe detail any repair, service or other maintenance of any kind for a period one year prior to the incident in question up to and through six months following the incident in question.

25.  Did the defendant conduct an investigation of the incident that forms the basis of this suit? If your answer is in the affirmative, please state the name of the person or persons who conducted the investigation, as well as a description of any and all results of said investigation.

26. What is the defendant's contention as to the cause of the incident that forms the basis of this lawsuit?

27. What is the defendant's contention as to the plaintiff's legal status on the premises at the time of the occurrence in question, that is, whether plaintiff was a business invitee, licensee or trespasser?

28. If you content that the plaintiff was not a business invitee at the time of the occurrence in question, please state and describe each fact document or thing upon which you base such a contention.

29. When was the date and time of the last inspection by defendant, its agents or employees, of the physical site where this incident occurred??

30. Please state whether defendant was aware of the pool of water, which plaintiff alleged to be the cause of the occurrence in question, at any time prior to the time of the incident in question.

31. Describe what efforts the defendant made to warn the public of the hazardous mat, which plaintiff alleges to be the cause of the occurrence in question, at any time prior to the time of the incident in question.

32. What is the Defendant's contention as to the Plaintiff's knowledge (before the incident), objective or subjective, of the pool of water that plaintiff alleges o be the cause of the occurrence in question

33. What efforts were made by the defendant to correct the hazardous mat which plaintiff contends caused the occurrence in question, *before* the incident in question.

34. What efforts were made by the defendant to correct the hazardous mat which plaintiff contends caused the occurrence in question, *after* the incident in question.

35. If the defendant corrected, cleaned up, repaired or fixed in any way the defect or condition which plaintiff alleges to have been the cause of the incident in question, please stat what the cost of the clean up or repairs was, the date the clean up or repairs was done, and the name address and telephone number of the person or firm carrying out such clean up or repair work.

36. Does the Defendant contend that the plaintiff consumed alcoholic beverages or drugs at the time of or immediately preceding the time of the accident?

37. Did the defendant have any procedures for regular inspection of the premises at the time of the occurrence in question: if so, please describe.

38. Please identify all photographs, motion pictures, video, TV recording, maps, drawings charts diagrams measurements, surveys, incident reports, or other

documents concerning the events and happenings made the basis of this lawsuit, the area of the occurrence made the basis of this lawsuit, persons or objects involved, either made before, at the time of or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

39.   Please state the name and address of each and every person who was employed by this Defendant and who was working in the area of the incident, at said store within a hour before and two hours after the incident in question.

40.   Fully describe the type of floor and floor covering, including brand names, that were in the area where the incident in question occurred and stat when, prior to the date of plaintiff's incident, the floor covering was installed, any maintenance (routine or otherwise) which was performed on said floor with one year prior to the incident in question, and the flooring condition at the time of the accident.

41.   Please describe what training procedures if any are followed in the course of training of the defendant's employees with regards to customers' slipping and/or falling. This includes any and all written material, slides, photographs, films, videotapes etc. which defendant utilizes in training its employees.

42.   Please describe what training devices, if any, are utilized by defendant regarding customers' spills and falls. This includes any and all written materials, slides, and photographs films videotapes and audiocassettes.

This 31st day of October, 2023.

The Foster Firm, LLC

*/s/ Keith R. Foster*
Keith R. Foster, Esq.
Georgia State Bar No.: 271001
*Attorney for Plaintiff*

**THE FOSTER FIRM, LLC**
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
Telephone: (404) 559-8325
Facsimile: (404) 559-8335
Email: kfoster@tfflaw.net

8

State Court of Fulton County
**E-FILED**
23EV006980
10/31/2023 12:53 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

EBONY BURROUGHS,                          )
                                          )
          Plaintiff,                      )        CIVIL ACTION
                                          )        FILE NO: _____
vs.                                       )
                                          )
                                          )
THE KROGER CO.,                           )
                                          )
          Defendant.                      )

## PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT, THE KROGER CO.

To:    **The Kroger Co.**
       **By and through their Registered Agent, to wit:**
       **SCS of Cobb County, Inc.**
       **192 Anderson Street, S.E., Suite 125**
       **Marietta, GA 30060**

       Pursuant to O.C.G.A. §9-11-34, you are requested to produce the following documents as required by law. The documents requested shall be produced within forty-five (45) days after service of this request at The Foster Firm, Attorney Keith R. Foster, 1895 Phoenix Boulevard, Suite 110, Atlanta, Georgia 30349 or you may comply with this request by mailing copies of the requested documents to said address.

### Definitions and Instructions

1.     These discovery requests are intended to cover all information and documents in your possession or control, or subject to your control, wherever located.

2.     The term "person[s]" means any natural person, firm, partnership, joint venture, corporation, or any judicial person, or any other legal entity.

3.     The words "document" and "documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or

acknowledgments, diaries, reports, memoranda of telephone or in person conversations by or with any person, or any other memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent, tapes, transcripts or recordings, photographs, pictures or films, computer programs or data or other graphic, symbolic recorded or written materials of any nature whatsoever. Any document which contains any comment, notation, addition, insertion, or marking of any kind that is not of another document is to be considered a separate document.

4.   The words "concern," "concerns," or "concerning" include but are not necessarily limited to, containing, referring to, relating to, connected with, about, regarding, mentioning, discussing or describing.

5.   You must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If any requested document cannot be produced in full, produce it to the extent possible, specifying the document or portion of documents being withheld and the reason the document is being withheld.

6.   You are requested to indicate which documents are produced in response to each numbered request, and to furnish an affidavit stating whether the production is complete in accordance with this request.

7.   If you claim that the attorney-client privilege or any other privilege is applicable to any request, the substance of that event or information or document need not be disclosed in your answers, but you shall with respect to that document:
   a.   State the date of the event or document;
   b.   Identify each and every participation in the event or author of the document;
   c.   Identify each and every other person who participated in the event or prepared or participated in the preparation of the document;
   d.   Identify each and every person who received the document;
   e.   Identify each and every person from whom the document was received.
   f.   State the present location of the document and all copies thereof.
   g.   Identify each and every person having custody or control of the document and all copies thereof; and
   h.   Provide sufficient further information concerning the event, information or document and the circumstances thereof to explain the claim or privilege and to permit the adjudication of the propriety of that claim.

8.   You are required to furnish all information that is available to you or subject to your reasonable inquiry including information in the possession of your agents, attorneys, accountants, advisors or other persons directly or indirectly employed by or connection with, you or your attorneys, and anyone else otherwise subject to your control.

9.   The term "knowledge" means first-hand information and/or information derived from any other source including hearsay knowledge.

10.   The term "communication[s]" means all communications of any nature whatsoever, whether oral or in writing.

11.   The term "gender" shall include the male as well as the female, and the singular pronoun

shall include the plural.

12.     Each of the following requests is continuing in nature.  In the event that Defendant, at any later date, shall obtain any fact, make any assumption or contention, reaches any conclusion or opinions different from or supplementary to those set forth in the answers to these requests then in such event Defendant should amend said answers promptly and sufficiently prior to trial or test, fully setting forth such information.

## Special Definition

In answering these Interrogatories you are advised of the following definition:

a.     "Premises" or Premises in question" shall refer to Kroger located 3425 Cascade Road, Atlanta, Georgia 30311.

b.     "Incident" or "incident in question" shall refer to the October 31, 2021 fall, which the Plaintiff experienced at Kroger, and which is more fully set forth in Plaintiff's Complaint for Damages.

c.     "Defect", "Hazard", or "Condition" refer to the pool of water, which Plaintiff contends caused her fall, and which is more fully set forth in Plaintiff's Complaint for Damages.

## Specific Requests:

1.     Any and all contracts between the defendant and any maintenance and/or repair service in effect at the time of plaintiff's injury.

2.     Any and all leases, contracts, or other agreements through which this defendant came to occupy the premises in question.

3.     Any contract between this defendant and any person or entity, including any and all co-defendants, responsible for maintaining the area of the fall, at the time of plaintiff's injuries.

4.     Any and all documentation regarding the ownership, operation, repair, and maintenance, of the area in question, and which is described in Plaintiff's Complaint.

5.     Any indemnity agreement between any of the parties to this case.

6.     Any indemnity agreement between any party to this case and nonparty, which is relevant to the incident and injuries made the basis of this suit.

7.     A copy of any legal documents that document defendant's status as a legal entity, corporation, partnership, sole proprietorship, or joint venture.

8.     Any joint venture agreement between the parties or between any party to this suit and any non-party regarding the ownership, operation, repair, maintenance, advertising, security or other service of or for the premises in question.

9. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, cleaning and service of the floors at Kroger 3425 Cascade Road, Atlanta, GA 30311.

10. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, cleaning and service of the freezers at Kroger 3425 Cascade Road, Atlanta, GA 30311.

11. Any and all photographs that defendant has of the scene of the incident or the resulting injuries to the plaintiff.

12. Any and all expert reports which have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

13. Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

14. Copies of any and all statements previously made by plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

15. Copies of any and all statements previously made by any person concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

16. Any and all drawings, maps, or sketches of the scene of the incident that has been made the basis of this lawsuit.

17. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

18. A copy of any surveillance movies or photographs which have been made of the scene of the incident for a period of four hours prior to the incident until four hours after the incident.

19. A copy of any surveillance movies or photographs, which have been made of the plaintiff.

20.    Any and all incident reports, report of visitor injury or other type of documentation, which purports to evidence the facts surrounding this incident and the investigation into said incident.

21.    Any and all expert reports that were or will be reviewed by any expert in this case.

22.    Any and all expert reports or things that were or will be relied upon in whole or in part by any testifying expert in this case.

23.    Any and all work papers, notes, documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

24.    All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those, which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

25.    Any treatises or authoritative literature on which any expert intends to rely in his testimony in this case.

26.    Copies of reports of all similar incidents prepared by any and all employees of the premises in question from one year prior to the incident up to and through the present.

27.    A current copy of the curriculum vitae together with any other documents in your possession pertaining to the credentials and qualifications of any and all experts to be called by Defendant to testify at trial.

28.    All materials including, but not limited to, policies, procedures, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees of this defendant, after an incident wherein an injury occurs.

29.    All materials including, but not limited to, policies, procedures, employee manuals, memoranda, and correspondence pertaining to rules and/or regulations to be followed by the employees of this defendant when in the process of cleaning, waxing, and /or performing any other type of maintenance on the floors.

30.    All materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees of this defendant when in the process of cleaning up a liquid spill or other hazardous condition on the floors of said premises.

31.    All documents pertaining to maintaining clean floors in defendant's premises.

32.    For the period of April 1, 2021 up to and through November 30, 2022, please provide copies of any and all documentation, including but not limited to cleanup orders, cleanup logs, log books, cleanup registers, journals, and/or service orders which reflect the cleaning and/or maintenance where the incident occurred, including the name, address and telephone number of the employee who effectuated the cleaning and/or maintenance.

33. For the period of April 1, 2021, up to and through November 30, 2022, please provide copies of any and all documentation, including but not limited to cleanup orders, cleanup logs, log books, cleanup registers, journals, and/or service orders which reflect the cleaning and/or maintenance of the floors at Kroger 3425 Cascade Road, Atlanta, Georgia 30311, including the name, address and telephone number of the employee who effectuated the cleaning and/or maintenance.

34. Any an all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

35. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

36. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case but which may be used as demonstrative evidence at trial.

37. Copies of any and all records (including but not limited to Plaintiff's medical records), memorandum, billing statements (including but not limited to billing statements of Plaintiff's medical providers), notes, or other documentation of any kind, which is received as a result of any and all non-party requests for the production of documents sent out by, or on behalf of, Defendant.

This 31st day of October, 2023.

Respectfully Submitted,

*/s/Keith R. Foster*
Keith R. Foster Esq.
State Bar No. 271001

**THE FOSTER FIRM, LLC**
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
404-559-8325
kfoster@tfflaw.net

State Court of Fulton County
**E-FILED**
23EV006980
12/15/2023 4:31 PM
Donald Talley, Clerk
Civil Division

TO:              All Judges, Clerks of Court, and Counsel of Record

FROM:        Keith R. Foster, Esq.
                  The Foster Firm, LLC

RE:              Notice of Leave of Absence

DATE:         December 14, 2023

COMES NOW, Keith R. Foster and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all Opposing Counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16. See the attached Exhibit "A" for the list of pending cases.

1.  The period of leave during which time applicant will be away from the practice of law is: January 12th to 22nd 2024, February 16th to 26th 2024, March 21st and 22nd 2024, April 18th and 19th 2024, May 9th to 13th 2024. The purpose of the leave is: Vacation and Professional development.

2.  All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

Respectfully submitted this 14th day of December, 2023.

/s/ Keith R. Foster
Keith R. Foster, Esq.
Georgia Bar No.: 271001

**THE FOSTER FIRM, LLC**
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
Phone: (404) 559-8325
Fax: (404) 559-8335
Email: kfoster@tfflaw.net

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date electronically e-filed via Odyssey or PeachCourt a copy of the foregoing Notice of Leave of Absence upon all Clerks of Court for the cases listed on the attached "Exhibit A".

This is to further certify that I have this date served a copy of the forgoing Notice of Leave of Absence upon all Judges and counsel of record by depositing in the United States Mail, a copy of the same in a properly addressed envelope with adequate postage affixed thereto for the cases listed on the attached "Exhibit A".

Respectfully submitted, this 14th day of December, 2023.

/s/ Keith R. Foster
Keith R. Foster, Esq.
Georgia Bar No.: 271001

**THE FOSTER FIRM, LLC**
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
Phone: (404) 559-8325
Fax: (404) 559-8335
Email: kfoster@tfflaw.net

State Court of Fulton County
**E-FILED**
23EV006980
12/15/2023 4:31 PM
Donald Talley, Clerk
Civil Division

| | EXHIBIT "A"<br>FULTON COUNTY<br>STATE COURT | |
|---|---|---|
| **Name of Case** | **Name of Judge / Case Number** | **Other Counsel / Defendant Pro Se** |
| Ebony Burroughs<br><br>v.<br><br>The Kroger Co. | Judge Patsy Porter<br><br>Civil Action File Number<br><br>23EV006980 | No record of counsel |
| David Parish<br><br>v.<br><br>Chan'Quella Rozier | Judge Patsy Porter<br><br>Civil Action File Number<br><br>23EV006967 | No record of counsel |
| Bertina White<br><br>v.<br><br>City of Atlanta and<br><br>The Department of Watershed<br><br>Management | Judge John R. Mather<br><br>Civil Action File Number<br><br>21EV002868 | David Ware, Esq.<br><br>Jacob S. O'Neal, Esq.<br><br>*Hall Booth Smith, P.C.*<br><br>191 Peachtree Street NE, Suite 2900<br><br>Atlanta, GA 30303 |
| Angelita Hixon<br><br>v.<br><br>John Mitchell | Judge Myra Dixon<br><br>Civil Action File Number<br><br>23EV007386 | No record of counsel |
| Rodregus Watts<br><br>v.<br><br>Juanita Hicks and<br><br>Dawn Dixon | Judge Diane Bessen<br><br>Civil Action File Number<br><br>23EV007406 | No record of counsel |

| Karisha Gully<br><br>v.<br><br>Dental Care 247 Atlanta, LLC and<br><br>Dr. Walker | Judge Myra H. Dixon<br><br>Civil Action File Number<br><br>23EV006133 | No record of counsel |
| --- | --- | --- |
| Carlethia Overstreet<br><br>v.<br><br>Southeastern Primary Care | Judge Wesley B. Tailor<br><br>Civil Action File Number<br><br>21EV000688 | Brian K. Mathis, Esq.<br><br>Christopher Brookhart, Esq.<br><br>*Huff, Powell & Bailey, LLC*<br><br>99 Peachtree Street, NE, Suite 950<br><br>Atlanta, GA 30309 |
| Waseem Choudary<br><br>v.<br><br>Hyatt Hotels Corporation<br><br>Drap Airport, LLC | Judge Patsy Y. Porter<br><br>Civil Action File Number<br><br>23EV000030 | Kristen Medwick, Esq.<br><br>(Attorney for Drap Airport)<br><br>3740 Davinci Court, Suite 460<br><br>Peachtree Corners, GA 30092 |
| Shontonius Hawkins<br><br>v.<br><br>Antonio Webb and<br><br>City of Atlanta | Judge Jay M. Roth<br><br>Civil Action File Number<br><br>23EV006325 | Connor Crum, Esq.<br><br>Hermise Pierre, Esq.<br><br>*City of Atlanta Law Department*<br><br>55 Trinity Avenue, SW, Suite 1790<br><br>Atlanta, GA 30303 |
| Maria Hernandez-Hilario<br><br>v.<br><br>The Home Depot, Inc. | Judge Wesley B. Tailor<br><br>Civil Action File Number<br><br>23EV001808 | Stephan H. Sparwath, Esq.<br><br>*Bendin Sumral & Ladner, LLC*<br><br>One Midtown Plaza, Suite 800<br><br>1360 Peachtree Street, NE<br><br>Atlanta, GA 30309 |

| Brenda Culpepper | Judge Wesley B. Tailor | Brennan Thomas, Esq. |
|---|---|---|
| v. | Civil Action File Number | Reynolds E. Pitts Jr., Esq. |
| The Hertz Corporation, | 20EV005769 | Walter Yarbrough, Esq. |
| Steven Bissada and Timothy Miller | | *Fain, Major & Brennan P.C.* |
| | | One Premier Plaza |
| | | 5605 Glenridge Dr. NE, Suite 900 |
| | | Atlanta, GA 30342 |

State Court of Fulton County
**E-FILED**
23EV006980
12/20/2023 2:52 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| EBONY BURROUGHS, | CIVIL ACTION FILE NO. |
| Plaintiff, | 23EV006980 |
| v. | |
| THE KROGER CO., | |
| Defendant. | |

**DEFENDANT THE KROGER CO.'S MOTION TO DISMISS WITH PREJUDICE**

**COMES NOW,** Defendant The Kroger Co. ("Kroger"), by and through undersigned counsel, and hereby files this Motion to Dismiss pursuant to O.C.G.A. §§ 9-11-12(b)(2) and 9-11-12(b)(5) with included citations to the record and to legal authority, respectfully showing this Court as follows:

1.

This is a personal injury action arising from an alleged slip-and-fall accident, which allegedly occurred on October 31, 2021, at the Kroger store located at 590 Cascade Ave SW Atlanta, GA 30310.

2.

Plaintiff Ebony Burroughs filed her Complaint with the Clerk of State Court of Fulton County on October 31, 2023.

3.

The Clerk of the State Court of Fulton County issued summons and filed the same on October 31, 2023.

4.

The relevant two-year statute of limitation expired on October 31, 2023.

5.

Plaintiff did not perfect service at least until November 20, 2023, which was twenty (20) days after the statute of limitation expired on October 31, 2023.

6.

"Where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within O.C.G.A. § 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." Giles v. State Farm Mut. Ins. Co., 330 Ga. App. 314, 318 (2014).

7.

"The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9–11–4(c) ... requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation." Corley v. Gilley, 205 Ga. App. 660, 661, 423 S.E.2d 55, 56 (1992).

9.

There is no record evidence to show Plaintiff served The Kroger Co. within five days of the filing of the complaint.

10.

There is no record evidence to show Plaintiff served The Kroger Co. within the limitation period.

11.

There is no record evidence to show service was "made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible."

12.

The Kroger Co. is a company registered with the State of Georgia and its registered agent for service of process in Georgia is posted on the Secretary of State's website.  Furthermore, Plaintiff's complaint shows that Plaintiff knew where and how to perfect service on The Kroger Co.  (Complaint ¶ 2)

13.

Despite obtaining an issued summons directed to The Kroger Co. and knowing the identity and location of The Kroger Co.'s registered agent, Plaintiff did not serve Kroger with the Summons and Complaint "as quickly as possible."

14.

For these reasons, The Kroger Co. respectfully requests the Court to dismiss the instant action against it with prejudice.

Respectfully submitted, this the 20th day of December, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:       (404) 870-7444
Facsimile:       (404) 870-1072

/s/ Jeffrey M. Wasick
Matthew G. Moffett
Georgia Bar No. 515323
Jeffrey M. Wasick
Georgia Bar No. 778423
Regina M. Taylor
Georgia Bar No. 953249
*Attorneys for Defendant The Kroger Co.*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing Motion to Dismiss with Prejudice using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

Keith R. Foster, Esq.
THE FOSTER FIRM, LLC
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
kfoster@tfflaw.net

Respectfully submitted, this the 20th day of December, 2023.

**GRAY, RUST, ST. AMAND,**                      */s/ Jeffrey M. Wasick*
**MOFFETT & BRIESKE, L.L.P.**                   Matthew G. Moffett
950 East Paces Ferry Road, N.E.                 Georgia Bar No. 515323
Suite 1700 – Salesforce Tower Atlanta           Jeffrey M. Wasick
Atlanta, Georgia 30326                          Georgia Bar No. 778423
Telephone:      (404) 870-7444                  Regina M. Taylor
Facsimile:      (404) 870-1072                  Georgia Bar No. 953249
                                                *Attorneys for Defendant The Kroger Co.*

State Court of Fulton County
**E-FILED**
23EV006980
12/20/2023 2:52 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

EBONY BURROUGHS,

     Plaintiff,

v.

THE KROGER CO.,

     Defendant.

CIVIL ACTION FILE NO.
23EV006980

---

**DEFENDANT THE KROGER CO.'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

---

**COMES NOW**, Defendant The Kroger Co., ("Kroger"), by and through undersigned counsel, and hereby files this Brief in Support of its Motion to Dismiss pursuant to O.C.G.A. §§ 9-11-12(b)(2) and 9-11-12(b)(5) with included citations to the record and to legal authority, respectfully showing this Court as follows:

## I.    <u>Introduction</u>

Pursuant O.C.G.A. §§ 9-11-12(b)(2) and 9-11-12(b)(5), Kroger moves this Court for an order dismissing Plaintiff's Complaint due to Plaintiff's failure to perfect service of process upon Kroger in accordance with O.C.G.A. § 9-11-4. The underlying lawsuit is a personal injury action arising out of an alleged slip-and-fall at a Kroger store on October 31, 2021, and the statute of limitation expired October 31, 2023 (the "SOL"). <u>See</u> O.C.G.A. § 9-3-33. Although Plaintiff filed the Complaint before the SOL expired, Plaintiff did not personally serve Kroger with the Summons and Complaint or obtained a waiver, which precludes this Court from exercising personal jurisdiction over Kroger. As such, the dismissal of Plaintiff's Complaint against Kroger is proper in this instance.

## II.  <u>Statement of Facts</u>

The relevant two-year statute of limitation for Plaintiff's claim expired on October 31, 2023. O.C.G.A. § 9-3-33. Plaintiff did not perfect service until November 20, 2023, which was twenty (20) days after the statute of limitation expired on October 31, 2023. "Where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within O.C.G.A. § 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." Giles v. State Farm Mut. Ins. Co., 330 Ga. App. 314, 318 (2014). "The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9–11–4(c) ... requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation." Corley v. Gilley, 205 Ga. App. 660, 661, 423 S.E.2d 55, 56 (1992).

There is no record evidence to show Plaintiff served The Kroger Co. within five days of the filing of the complaint. There is no record evidence to show Plaintiff served The Kroger Co. within the limitation period. There is no record evidence to show service was "made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible." Corley, 205 Ga. App. at 661.

The Kroger Co. is a company registered with the State of Georgia and its registered agent for service of process in Georgia is posted on the Secretary of State's website. Furthermore,

Plaintiff's complaint shows that Plaintiff knew where and how to perfect service on The Kroger Co. (Plaintiff's Complaint, para. 2.) Despite obtaining an issued summons directed to The Kroger Co. and knowing the identity and location of The Kroger Co.'s registered agent, Plaintiff did not serve Kroger with the Summons and Complaint "as quickly as possible."

### III. <u>Conclusion</u>

For these reasons, The Kroger Co. respectfully requests the Court to dismiss the instant action against it with prejudice.

Respectfully submitted, this the 20th day of December, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-7444
Facsimile:    (404) 870-1072

*/s/ Jeffrey M. Wasick*
Matthew G. Moffett
Georgia Bar No. 515323
Jeffrey M. Wasick
Georgia Bar No. 778423
Regina M. Taylor
Georgia Bar No. 953249
*Attorneys for Defendant The Kroger Co.*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing Motion to Dismiss Brief using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

Keith R. Foster, Esq.
THE FOSTER FIRM, LLC
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
kfoster@tfflaw.net

Respectfully submitted, this the 20th day of December, 2023.

| | |
|---|---|
| **GRAY, RUST, ST. AMAND,** | _/s/ Jeffrey M. Wasick_ |
| **MOFFETT & BRIESKE, L.L.P.** | Matthew G. Moffett |
| 950 East Paces Ferry Road, N.E. | Georgia Bar No. 515323 |
| Suite 1700 – Salesforce Tower Atlanta | Jeffrey M. Wasick |
| Atlanta, Georgia 30326 | Georgia Bar No. 778423 |
| Telephone:    (404) 870-7444 | Regina M. Taylor |
| Facsimile:    (404) 870-1072 | Georgia Bar No. 953249 |
| | _Attorneys for Defendant The Kroger Co._ |

State Court of Fulton County
**E-FILED**
23EV006980
12/20/2023 3:02 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

EBONY BURROUGHS,

      Plaintiff,

v.

THE KROGER CO.,

      Defendant.

CIVIL ACTION FILE NO.
23EV006980

---

### DEFENDANT THE KROGER CO.'S AMENDED MOTION TO DISMISS WITH PREJUDICE

---

**COMES NOW,** Defendant The Kroger Co. ("Kroger"), by and through undersigned counsel, and hereby files this Motion to Dismiss pursuant to O.C.G.A. §§ 9-11-12(b)(2) and 9-11-12(b)(5) with included citations to the record and to legal authority, respectfully showing this Court as follows:

1.

This is a personal injury action arising from an alleged slip-and-fall accident, which allegedly occurred on October 31, 2021, at the Kroger store located at 590 Cascade Ave SW Atlanta, GA 30310.

2.

Plaintiff Ebony Burroughs filed her Complaint with the Clerk of State Court of Fulton County on October 31, 2023.

3.

The Clerk of the State Court of Fulton County issued summons and filed the same on October 31, 2023.

4.

The relevant two-year statute of limitation expired on October 31, 2023.

5.

Plaintiff did not perfect service at least until November 20, 2023, which was twenty (20) days after the statute of limitation expired on October 31, 2023.

6.

"Where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within O.C.G.A. § 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." Giles v. State Farm Mut. Ins. Co., 330 Ga. App. 314, 318 (2014).

7.

"The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9–11–4(c) ... requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation." Corley v. Gilley, 205 Ga. App. 660, 661, 423 S.E.2d 55, 56 (1992).

9.

There is no record evidence to show Plaintiff served The Kroger Co. within five days of the filing of the complaint.

10.

There is no record evidence to show Plaintiff served The Kroger Co. within the limitation period.

11.

There is no record evidence to show service was "made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible."

12.

The Kroger Co. is a company registered with the State of Georgia and its registered agent for service of process in Georgia is posted on the Secretary of State's website.  Furthermore, Plaintiff's complaint shows that Plaintiff knew where and how to perfect service on The Kroger Co.  (Complaint ¶ 2)

13.

Despite obtaining an issued summons directed to The Kroger Co. and knowing the identity and location of The Kroger Co.'s registered agent, Plaintiff did not serve Kroger with the Summons and Complaint "as quickly as possible."

14.

For these reasons, The Kroger Co. respectfully requests the Court to dismiss the instant action against it with prejudice.

Respectfully submitted, this the 20th day of December, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:      (404) 870-7444
Facsimile:      (404) 870-1072

*/s/ Regina Taylor*
Matthew G. Moffett
Georgia Bar No. 515323
Sarah Raquel L. Lisle
Georgia Bar No. 778423
Regina M. Taylor
Georgia Bar No. 953249
*Attorneys for Defendant The Kroger Co.*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing Defendant Kroger's Amended Motion to Dismiss with Prejudice using the Court's electronic filing-and-service system, which will send electronic notification to all parties having appeared of record in this action:

Keith R. Foster, Esq.
THE FOSTER FIRM, LLC
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
kfoster@tfflaw.net

Respectfully submitted, this the 20th day of December, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:       (404) 870-7444
Facsimile:       (404) 870-1072

_/s/ Regina Taylor_____
Matthew G. Moffett
Georgia Bar No. 515323
Sarah Raquel L. Lisle
Georgia Bar No. 778423
Regina M. Taylor
Georgia Bar No. 953249
_Attorneys for Defendant The Kroger Co._

State Court of Fulton County
**E-FILED**
23EV006980
12/20/2023 3:02 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| EBONY BURROUGHS, | |
| Plaintiff, | CIVIL ACTION FILE NO. 23EV006980 |
| v. | |
| THE KROGER CO., | |
| Defendant. | |

## DEFENDANT THE KROGER CO.'S AMENDED BRIEF IN SUPPORT OF MOTION TO DISMISS

**COMES NOW**, Defendant The Kroger Co., ("Kroger"), by and through undersigned counsel, and hereby files this Brief in Support of its Motion to Dismiss pursuant to O.C.G.A. §§ 9-11-12(b)(2) and 9-11-12(b)(5) with included citations to the record and to legal authority, respectfully showing this Court as follows:

### I.    Introduction

Pursuant O.C.G.A. §§ 9-11-12(b)(2) and 9-11-12(b)(5), Kroger moves this Court for an order dismissing Plaintiff's Complaint due to Plaintiff's failure to perfect service of process upon Kroger in accordance with O.C.G.A. § 9-11-4. The underlying lawsuit is a personal injury action arising out of an alleged slip-and-fall at a Kroger store on October 31, 2021, and the statute of limitation expired October 31, 2023 (the "SOL"). See O.C.G.A. § 9-3-33. Although Plaintiff filed the Complaint before the SOL expired, Plaintiff did not personally serve Kroger with the Summons and Complaint or obtained a waiver, which precludes this Court from exercising personal jurisdiction over Kroger. As such, the dismissal of Plaintiff's Complaint against Kroger is proper in this instance.

## II. **Statement of Facts**

The relevant two-year statute of limitation for Plaintiff's claim expired on October 31, 2023. O.C.G.A. § 9-3-33. Plaintiff did not perfect service until November 20, 2023, which was twenty (20) days after the statute of limitation expired on October 31, 2023. "Where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within O.C.G.A. § 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." Giles v. State Farm Mut. Ins. Co., 330 Ga. App. 314, 318 (2014). "The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9–11–4(c) ... requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation." Corley v. Gilley, 205 Ga. App. 660, 661, 423 S.E.2d 55, 56 (1992).

There is no record evidence to show Plaintiff served The Kroger Co. within five days of the filing of the complaint. There is no record evidence to show Plaintiff served The Kroger Co. within the limitation period. There is no record evidence to show service was "made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible." Corley, 205 Ga. App. at 661.

The Kroger Co. is a company registered with the State of Georgia and its registered agent for service of process in Georgia is posted on the Secretary of State's website.   Furthermore, Plaintiff's complaint shows that Plaintiff knew where and how to perfect service on The Kroger Co.  (Plaintiff's Complaint, para. 2.)  Despite obtaining an issued summons directed to The Kroger Co. and knowing the identity and location of The Kroger Co.'s registered agent, Plaintiff did not serve Kroger with the Summons and Complaint "as quickly as possible."

### III. <u>Conclusion</u>

For these reasons, The Kroger Co. respectfully requests the Court to dismiss the instant action against it with prejudice.

Respectfully submitted, this the 20th day of December, 2023.

**GRAY, RUST, ST. AMAND,**          <u>*/s/ Regina Taylor*</u>
**MOFFETT & BRIESKE, L.L.P.**       Matthew G. Moffett
950 East Paces Ferry Road, N.E.       Georgia Bar No. 515323
Suite 1700 – Salesforce Tower Atlanta    Sarah Raquel L. Lisle
Atlanta, Georgia 30326              Georgia Bar No. 778423
Telephone:    (404) 870-7444         Regina M. Taylor
Facsimile:     (404) 870-1072         Georgia Bar No. 953249
                                 *Attorneys for Defendant The Kroger Co.*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing Defendant the Kroger

Co.'s Amended Brief in Support of Defendant's Motion using the Court's electronic filing-and-

service system, which will send electronic notification to all parties having appeared of record in

this action:

Keith R. Foster, Esq.
THE FOSTER FIRM, LLC
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
kfoster@tfflaw.net

Respectfully submitted, this the 20th day of December, 2023.


**GRAY, RUST, ST. AMAND,**              /s/ Regina Taylor_____
**MOFFETT & BRIESKE, L.L.P.**            Matthew G. Moffett
950 East Paces Ferry Road, N.E.          Georgia Bar No. 515323
Suite 1700 – Salesforce Tower Atlanta    Sarah Raquel L. Lisle
Atlanta, Georgia 30326                   Georgia Bar No. 778423
Telephone:    (404) 870-7444             Regina M. Taylor
Facsimile:    (404) 870-1072             Georgia Bar No. 953249
                                         *Attorneys for Defendant The Kroger Co.*

DEFENDANT KROGER'S ANSWER FILED IN STATE COURT

State Court of Fulton County
**E-FILED**
23EV006980
12/20/2023 2:52 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

EBONY BURROUGHS,

      Plaintiff,

v.

THE KROGER CO.,

      Defendant.

CIVIL ACTION FILE NO.
23EV006980

---

### DEFENDANT THE KROGER CO.'S ANSWER AND DEFENSES
### TO PLAINTIFF'S COMPLAINT FOR DAMAGES BY SPECIAL APPEARANCE

---

COMES NOW The Kroger Co., named as a Defendant in the *Complaint for Damages* of Plaintiff Ebony Burroughs (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and files this, its *Answer and Defenses by Special Appearance* thereto, further showing this Honorable Court as follows:

### FIRST DEFENSE

For a first defense, The Kroger Co. ("Defendant" or "Kroger") responds to the enumerated paragraphs of Plaintiff's *Complaint for Damages* (henceforth referred to as "Plaintiff's *Complaint*") as follows:

### JURISDICTION AND PARTIES

#### 1.

Admitted.

#### 2.

Admitted.

3.

Denied.  The alleged incident was reported at Kroger Store #412 located at 590 Cascade Road, Atlanta, Georgia 30310.

## STATEMENT OF THE CASE

4.

Admitted.

5.

In response to the averments alleged in this Paragraph 5 of Plaintiff's *Complaint,* Defendant states that it understands that on October 31, 2021, Plaintiff Ebony Burroughs reportedly was present at Kroger Store #412 located at 590 Cascade Road, Atlanta, Georgia 30310. The remaining averments are denied.

6.

In response to the averments alleged in this Paragraph 6 of Plaintiff's *Complaint,* Defendant states that it understands that on October 31, 2021, Plaintiff Ebony Burroughs reportedly was present at Kroger Store #412 located at 590 Cascade Road, Atlanta, Georgia 30310.

7.

Defendant is without knowledge or information to either admit or deny the averments alleged in this paragraph; Defendant admits that Plaintiff Ebony Burroughs reported falling at Kroger Store #412 located at 590 Cascade Road, Atlanta, Georgia 30310 on October 31, 2021, as a result of blueberries on the floor.  Defendant denies all allegations in this Paragraph of Plaintiff's *Complaint* which it has not expressly admitted.

2

8.

Paragraph 8 calls for no response.  Defendant admits that it was subject to applicable legal duties as was Plaintiff.  Defendant denies the averments alleged in this Paragraph 8 of Plaintiff's Complaint which it has not expressly admitted.

9.

Defendant admits that it is the owner of the Kroger grocery store located at 3425 Cascade Road, Atlanta, Georgia 30311.  Defendant denies that Kroger grocery store is involved with the subject incident.

10.

Defendant admits it operated the Kroger Store #412 located at 590 Cascade Road, Atlanta, Georgia 30310 on October 31, 2021, as a lease tenant on the date specified.  Defendant admits that it was subject to applicable legal duties as was Plaintiff.  Defendant denies the averments alleged in this Paragraph 10 of Plaintiff's Complaint which it has not expressly admitted.

11.

Defendant admits that it was subject to applicable legal duties as was Plaintiff.  Defendant denies the averments, including subparts, alleged in this Paragraph 11 of Plaintiff's Complaint which it has not expressly admitted.

12.

The averments alleged in this Paragraph 12 of Plaintiff's Complaint are denied, and strict proof therefore is hereby demanded.

13.

The averments alleged in this Paragraph 13 of Plaintiff's Complaint are denied, and strict proof therefore is hereby demanded.

14.

The averments alleged in this Paragraph 14 of Plaintiff's Complaint are denied, and strict proof therefore is hereby demanded.

15.

The averments alleged in this Paragraph 15 of Plaintiff's Complaint are denied, and strict proof therefore is hereby demanded.

16.

The averments alleged in this Paragraph 16 of Plaintiff's Complaint are denied, and strict proof therefore is hereby demanded.

17.

For a response to any averments alleged in the "WHEREFORE" paragraph of Plaintiff's *Complaint*, Defendant denies same as written and demands strict proof thereof.

18.

Any averment contained in Plaintiff's *Complaint* which has not been expressly admitted by Defendant in this, its *Answer and Defenses*, is hereby denied and strict proof thereof is hereby demanded.

## **SECOND DEFENSE**

Plaintiff's *Complaint* fails to state a claim upon which relief can be granted, in whole or in part.

## THIRD DEFENSE

No action or omission on the part of Defendant proximately caused the accident at issue or the alleged injuries and damages of Plaintiff, and therefore Plaintiff cannot recover from Defendant.

## FOURTH DEFENSE

Defendant breached no legal duty owing Plaintiff, and therefore Plaintiff cannot recover from Defendant.  At all times, Defendant exercised that degree of care required by law; therefore, Plaintiff may not recover from Defendant in any sum or manner whatsoever.

## FIFTH DEFENSE

Defendant asserts that the defenses of contributory and comparative negligence may bar Plaintiff from recovery or shall apply such that any recovery awarded her must be reduced in proportion to her negligence with respect to the purported accident at issue.

## SIXTH DEFENSE

Plaintiff did not timely perfect service of process upon Defendant and thus Plaintiff's Complaint should be dismissed pursuant to O.C.G.A. §§ 9-11-12(b)(5) and 9-11-4.

## SEVENTH DEFENSE

To the extent applicable, Plaintiff's claims are barred by the defenses set forth in O.C.G.A. § 9-11-8(c), including the doctrines of estoppel, laches, license, waiver, and statute of limitations.

## EIGHTH DEFENSE

Defendant reserves the right to set forth further and/or additional defenses as may be revealed via discovery.

WHEREFORE, having fully responded to the averments in Plaintiff's *Complaint*, Defendant The Kroger Co. respectfully prays:

(a)    That judgment is rendered in favor of Kroger and against Plaintiff;

(b)    That Kroger be discharged with all costs cast against Plaintiff;

(c)    That this matter be tried by a jury of twelve persons regarding any issues not subject to summary adjudication; and

(d)    For such other and further relief as is just and proper.

Respectfully submitted, this the 20th day of December, 2023.

**GRAY, RUST, ST. AMAND,**          */s/ Sarah Raquel L. Lisle*
**MOFFETT & BRIESKE, L.L.P.**       Matthew G. Moffett
950 East Paces Ferry Road, N.E.     Georgia Bar No. 515323
Suite 1700 – Salesforce Tower Atlanta   Sarah Raquel L. Lisle
Atlanta, Georgia 30326              Georgia Bar No. 412593
Telephone:    (404) 870-7444        *Attorneys for Defendant The Kroger Co.*
Facsimile:     (404) 870-1072

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing DEFENDANT THE

KROGER CO.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR

DAMAGES using the Court's electronic filing-and-service system, which will send electronic

notification to all parties having appeared of record in this action:

Keith R. Foster, Esq.
THE FOSTER FIRM, LLC
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
kfoster@tfflaw.net

Respectfully submitted, this the 20th day of December, 2023.

**GRAY, RUST, ST. AMAND,**                    */s/ Sarah Raquel L. Lisle*
**MOFFETT & BRIESKE, L.L.P.**                  Matthew G. Moffett
950 East Paces Ferry Road, N.E.               Georgia Bar No. 515323
Suite 1700 – Salesforce Tower Atlanta         Sarah Raquel L. Lisle
Atlanta, Georgia 30326                        Georgia Bar No. 412593
Telephone:    (404) 870-7444                  *Attorneys for Defendant The Kroger Co.*
Facsimile:    (404) 870-1072
Email:        mmoffett@grsmb.com
              slisle@grsmb.com

7

DEF KROGER'S JURY DEMAND FILED IN STATE COURT

State Court of Fulton County
**E-FILED**
23EV006980
12/20/2023 2:52 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

EBONY BURROUGHS,

      Plaintiff,

v.

THE KROGER CO.,

      Defendant.

Civil Action File No.:
23EV006980

JURY TRIAL DEMANDED

---

### DEFENDANT THE KROGER CO.'S JURY DEMAND

---

COMES NOW Defendant The Kroger Co. ("Kroger"), named as defendant in the *Complaint for Damages* of Plaintiff Ebony Burroughs, by and through undersigned counsel, pursuant to O.C.G.A. § 15-12-122(a)(2), and hereby demands that this case be tried by a jury of twelve persons.

Respectfully submitted, this the 20th day of December, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:    (404) 870-7444
Facsimile:    (404) 870-1072

*/s/ Sarah Raquel L. Lisle*
Matthew G. Moffett
Georgia Bar No. 515323
Sarah Raquel L. Lisle
Georgia Bar No. 412593
*Attorneys for Defendant The Kroger Co.*

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing DEFENDANT THE KROGER CO.'S JURY DEMAND with the Clerk of Court using the Odyssey electronic filing system, which will send electronic notification to the following:

Keith R. Foster, Esq.
THE FOSTER FIRM, LLC
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
kfoster@tfflaw.net

Respectfully submitted, this the 20th day of December, 2023.

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, N.E.
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone:     (404) 870-7444
Facsimile:     (404) 870-1072

*/s/ Sarah Raquel L. Lisle*
Matthew G. Moffett
Georgia Bar No. 515323
Sarah Raquel L. Lisle
Georgia Bar No. 412593
*Attorneys for Defendant The Kroger Co.*