# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **SYURII-KIAIRA SMITH,**<br><br>    Plaintiff,<br><br>v.<br><br>**BIRGE & HELD PROPERTY MANAGEMENT, LLC, and BIRGE & HELD ASSET MANAGEMENT, LLC,**<br>    Defendants. | **CIVIL ACTION FILE NO:** |

## COMPLAINT AND JURY DEMAND

**COMES NOW** Syurii-Kiaira Smith ("Ms. Smith" or "Plaintiff") by and through her undersigned attorney to hereby file this Complaint and Jury Demand for relief and damages against Birge & Held Property Management, LLC, and Birge & Held Asset Management, LLC (collectively referred to as "Defendants" or "Birge"), as follows.

## NATURE OF THE ACTION

1

1. This action is to correct unlawful employment practices by Birge, a property management, investor services, and construction development company doing business in Atlanta, Georgia. At all times concerning the events described in this Complaint, Ms. Smith worked as a full-time assistant property manager for Defendants at The Clarion Apartments, located in Decatur, Georgia. During her employment with Birge, she was discriminated against because of her race, and after complaining about this to Birge's corporate human resources ("HR") department, she was terminated shortly thereafter from her employment. Accordingly, Ms. Smith brings this lawsuit against Birge to recover damages for race discrimination and retaliation for its violation of 42 U.S.C. § 2000e *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"). Additionally, Ms. Smith brings a claim against Birge pursuant to 42 U.S.C. § 12101 *et seq.*, the Americans with Disabilities Act of 1990, *as amended by* the ADA Amendments Act of 2008 (collectively referred to as "the ADA") for terminating her employment because of a disability; as well as pursuant to Georgia law, O.C.G.A. § 34-7-20, for injuries she sustained as a result of Defendants' negligent retention and supervision.

**PARTIES**

2. Ms. Smith is an individual and a resident of the State of Georgia.

3. Defendants are a property management, asset management, investor services, and construction development company doing business in Atlanta, Georgia.

### SUBJECT MATTER JURISDICTION

4. This Court has subject matter jurisdiction concerning Plaintiff's civil action pursuant to 28 U.S.C. §§ 1331 and 1343, as the allegations in this civil action concern the laws of the United States of America and the deprivation of a right or privilege of a citizen of the United States.

### PERSONAL JURISDICTION

5. Defendants are each a foreign limited liability company doing business in the State of Georgia; as such, Defendants may each be served with process concerning this civil action upon their respective registered agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

### VENUE

6.  Venue is proper in this District (1) pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants are located in this District and the employment practices engaged in by Defendants concerning Plaintiff, which include events and omissions, occurred in this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

7.  Ms. Smith filed a Charge of Discrimination, Number 410-2022-04791, against Defendants with the Equal Employment Opportunity Commission ("EEOC") on September 13, 2023 (See Exhibit No. 1).

8.  On September 21, 2023, the EEOC issued Ms. Smith a Determination and Notice of Rights for EEOC Charge Number 410-2023-05620 ("Right-to-Sue Letter") (See Exhibit No. 2).

9.  Ms. Smith has filed this present civil action within 90 days of receiving her Right-to-Sue Letter.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference paragraphs 1 through 9 hereinabove as though set forth fully and separately herein.

## *Background*

11. Ms. Smith was hired by Defendants and began her employment with Birge on or about February 2022 at Birge's The Clarion Apartments as a leasing agent, and soon thereafter she became an assistant property manager.

12. Throughout her employment, Ms. Smith reported directly to Josette Fryer ("Ms. Fryer"), Defendants' property manager of The Clarion Apartments, as well as to Tyler Miller ("Mr. Miller"), Birge's regional manager.

13. Ms. Smith also regularly worked with the leasing agents at The Clarion Apartments.

14. Ms. Smith also regularly interacted with other The Clarion Apartments staff members and residents.

## *Ms. Smith's Disability and Birge's Knowledge*

15. During her employment with Birge, Ms. Smith, who is 31 years old, met with a therapist for mental health reasons caused by the passing of her minor son.

16. Ms. Smith would request and take approved days off on occasion for reasons concerning her mental health.

17. Birge was aware of Ms. Smith's therapy visits for mental health reasons.

18. Ms. Smith's mental health impairments substantially limited her in one or more major life activities, including but not limited to thinking and concentrating.

19. Despite her mental health impairments, Ms. Smith was able to perform the essential functions of her job as an assistant property manager.

### *Ms. Smith's Internal Complaints*

20. On or about June 6, 2022, Ms. Smith emailed Birge's Corporate HR Representative El Stewart to complain that she felt that Ms. Fryer was singling her out and mistreating her in various ways at work because of her race.

21. On June 7, 2022, Ms. Smith learned that Ms. Fryer had directed a leasing agent, Glenna Peters ("Ms. Peters"), to Ms. Smith's doctor's office to inquire about Ms. Smith's medical condition.

22.  Ms. Smith learned that Ms. Peters went to her doctor's office and asked if a doctor's note that Ms. Smith provided was real.

23.  Ms. Smith's doctors did not provide Ms. Peters with any additional medical information.

24.  After learning about this unauthorized inquiry, Ms. Smith questioned Ms. Fryer as to why she would send someone to question her medical information. In response, Ms. Fryer condescendingly said because she wanted to.

25.  Ms. Fryer also taunted Ms. Smith by sticking her tongue out, laughing, and smiling about what she had done.

26.  On a prior occasion, Ms. Fryer told Ms. Smith she could take an extra day off, and when she did, Ms. Fryer antagonistically wrote her up for no valid reason.

27.  On several prior occasions Ms. Fryer would come into Ms. Smith's office and sit on her desk, inches away from her face. Ms. Smith asked Ms. Fryer to please stop because it made her feel uncomfortable.

28. On a prior occasion, after Ms. Smith made a complaint to the regional manager, Mr. Miller, about Ms. Fryer, Ms. Fryer confronted Ms. Smith and made intimidating and threatening comments to her to deter her from making any more reports.

29. Ms. Fryer intentionally engaged in outrageous conduct toward Ms. Smith while knowing that she was being seen by a therapist for mental impairments related to the loss of her minor son.

30. Ms. Fryer's conduct caused Ms. Smith to experience severe emotional distress.

### *Ms. Smith's Termination*

31. On or about June 8, 2022, a Birge HR representative contacted Ms. Smith and informed her that she was being discharged.

### COUNT I

### (Retaliatory Termination in Violation of Title VII)

32. Ms. Smith incorporates by reference paragraphs 1 through 31 hereinabove as though set forth fully and separately herein.

33. On or about June 6, 2022, Ms. Smith emailed Birge's Corporate HR Representative El Stewart to complain that she felt that Ms. Fryer was singling her out and mistreating her in various ways at work because of her race.

34. On or about June 8, 2022, a Birge HR representative contacted Ms. Smith and informed her that she was being discharged.

35. Defendants violated 42 U.S.C.A. §2000e-3(a) because Birge terminated Ms. Smith's employment in retaliation for her engaging in the protected activity of opposing practices (i.e., race discrimination) that she reasonably believed were a violation of Title VII.

36. This unlawful termination has caused her to experience emotional distress, humiliation, embarrassment, mental anguish, lost wages, lost benefits, and other economic harm.

## COUNT II
### (Termination in Violation of the ADA)

37. Ms. Smith incorporates by reference paragraphs 1 through 36 hereinabove as though set forth fully and separately herein.

38. Ms. Smith was an individual with a disability as a result of her mental health impairments that substantially limited her concerning major life activities, including but not limited to thinking and concentrating.

39. Birge was aware that Ms. Smith was an individual with a disability, or it regarded her as an individual with a disability.

40. Notwithstanding, at the time of her termination, Ms. Smith was able to perform the essential functions of her job as an assistant property manager.

41. Birge terminated Ms. Smith's employment because of her being an individual with a disability, or because it regarded her as an individual with a disability.

42. Defendants violated the ADA because Birge terminated Ms. Smith's employment because of her being an individual with a disability, or because it regarded her as an individual with a disability.

## COUNT III

**(Negligent Retention and/or Negligent Supervision)**

43. Ms. Smith incorporates by reference paragraphs 1 through 42 hereinabove as though set forth fully and separately herein.

44. Georgia law, O.C.G.A. § 34-7-20, states that an "employer is bound to exercise ordinary care in the selection of employees and not to *retain* them after knowledge of incompetency."

45. Birge knew of Ms. Fryer's propensity to engage in harassing behavior toward Ms. Smith that was intended to inflict emotional distress by way of several complaints Ms. Smith made against Ms. Fryer.

46. Ms. Fryer and Birge were aware of Ms. Smith's vulnerable mental condition.

47. Birge negligently retained the service of Ms. Fryer, a dangerous employee, after knowing or being expected to know in the exercise of reasonable care that it was foreseeable that she would engage in harassing behavior toward Ms. Smith.

48. Ms. Fryer indeed engaged in conduct intended to cause Ms. Smith emotional distress, including but not limited to taunting her about making an unauthorized inquiry into her medical condition.

49. Defendants violated Georgia law, O.C.G.A. §34-7-20, because Birge retained an employee after gaining knowledge of the employee's incompetency, and said employee injured Ms. Smith.

## COUNT IV

### (Punitive Damages)

50. Defendants are liable to Plaintiff for punitive damages pursuant to O.C.G.A. § 51-12-5.1 to the extent that the totality of their actions shows willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care, which raises the presumption of conscious indifference to the consequences.

51. Defendants are liable to Plaintiff for punitive damages pursuant to Title VII and the ADA because Defendants engaged in discrimination with malice or reckless indifference to her federally protected rights, and the discriminatory conduct was approved or countenanced by Defendants' upper management.

52. Birge's upper management was aware of the discriminatory conduct being engaged in against Ms. Smith, and it approved and ratified the conduct.

### JURY TRIAL DEMAND

53. Plaintiff requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** based on the above-stated claims that Defendants have violated Plaintiff's rights afforded to her under Title VII, the ADA, and Georgia law, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to compensation for her emotional distress, embarrassment, mental anguish, and inconvenience;

B. Back pay and lost benefits and privileges of employment;

C. Actual losses;

D. Punitive damages to the extent allowed by law;

E. Attorneys' fees and the costs of this action;

F. Prejudgment and post-judgment interest at the highest lawful rate; and

G. Such further relief as the Court deems just and proper.

Respectfully submitted this 20th day of December 2023.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: s/ *Jermaine A. Walker*

Jermaine "Jay" A. Walker
HKM Employment Attorneys LLP
3344 Peachtree Road NE, Suite 800
Office No. 35
Atlanta, GA 30326
(Telephone) 404-301-4020
(Fax) 404-301-4020
jwalker@hkm.com

**Attorney for Plaintiff**