# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LUIS ROSARIO GUTIERREZ DIAZ, individually and as surviving spouse of Sonia Villegas Cervantes, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CLAYTON MHP JONESBORO GA, LLC; VINEYARDS MANAGEMENT GROUP, LLC; MIRIAM BRYANT; DOE 1; DOE 2; and DOE 3,<br><br>    Defendants. | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

Defendants Clayton MHP Jonesboro GA, LLC, Vineyards Management Group, LLC, and Miriam Bryant, ("Defendants") petition for removal of the action herein from the State Court of Clayton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully show the Court the following:

1.

On December 20, 2022, Plaintiff filed a civil action in the State Court of Clayton County, Georgia styled: *Luis Rosario Gutierrez Diaz, individually and as*

1

*surviving spouse of Sonia Villegas Cervantes, deceased*, Civil Action File No. 2022CV02811. Attached hereto as **Exhibit A** are copies of all pleadings received by Defendants in such action to date. Defendants have filed a Notice of Filing Notice of Removal with the State Court of Clayton County, as required by 28 U.S.C. § 1446(d), attached as **Exhibit B.**

2.

Pursuant to 28 USC §1332, the United States District Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."

3.

Clayton County, Georgia, where this lawsuit was initiated, is located within the United States District Court for the Northern District of Georgia, Atlanta Division.

4.

Plaintiff has subjected himself to the jurisdiction of the State Court of Clayton County. (Plaintiff's Complaint ¶¶ 2, 5, 8, and 11). Based upon information and belief, Plaintiff is a citizen and resident of Mexico.

5.

Defendant Clayton MHP Jonesboro GA, LLC is a Delaware company with

2

its principal place of business in the State of Texas.

6.

Defendant Vineyards Management Group, LLC is a Utah company with its principal place of business in the State of Texas.

7.

Defendant Miriam Bryant is a citizen and resident of Henry County in the State of Georgia.

8.

There is no possibility that Plaintiff can prove the cause of action against Defendant Miriam Bryant. (Answer of Miriam Bryant; Affidavit of Miriam Bryant attached as **Exhibit C**). Miriam Bryant has moved the State Court of Clayton County for summary judgment as to all of Plaintiff's claims against her, which motion remains pending. Included with this Notice is Defendant Bryant's Motion to Dismiss and Brief in Support of same, attached as **Exhibit D.**

9.

Plaintiff's claims against Defendants sound in negligence and arise exclusively from the shooting incident at the Clayton Village Mobile Home Park located at 6347 Tara Boulevard in Jonesboro in which Sonia Villegas Cervantes was shot and killed by non-party criminal assailants on the night of April 30, 2022. (Complaint, ¶¶ 17, 19).

10.

Defendant Bryant has never resided or maintained an office at the subject premises. While she maintains an office a few miles from the subject premises where she keeps standard office hours as a Community Manager employed by Vineyards Management Group, LLC, she does not maintain evening or overnight hours in that role. (Bryant Affidavit, ¶¶ 6, 8). She has never been an owner or occupier of the subject premises.

11.

Defendant Bryant was not present at the subject premises at the time of the subject incident. Rather, she was on leave and traveling outside of the United States on the date of and around the subject incident. (Bryant Affidavit, ¶¶ 9, 10, 11).

12.

Defendant Bryant's duties have never included directing or participating in security at the subject property, and she has never made decisions regarding the engagement of security services or the implementation of security measures at the property. (Bryant Affidavit, ¶¶ 4, 5, 7).

13.

Plaintiff has failed to state any meritorious claim against Defendant Miriam Bryant; therefore, her domicile should not be considered by this Court in

determining whether diversity exists between the parties under the legal theory of fraudulent joinder. *Sellers v. Foremost Ins. Co.* 924 F. Supp. 1116 (11th Cir. 1996).

14.

Plaintiff has improperly and/or fraudulently joined Miriam Bryant in this action in an attempt to avoid diversity jurisdiction.

15.

Accordingly, there is complete diversity of citizenship as between Plaintiff and the only properly named defendants. This action is one over which this Court has diversity jurisdiction in accordance with the foregoing authority and 28 U.S.C. §1332(a).

16.

The amount in controversy is also sufficient under 28 U.S.C. §1332 (a). This is a wrongful death case. "Plaintiff seeks all compensatory and other available damages for Villegas Cervantes's wrongful death, including the full value of her life, both economic and intangible, according to the enlightened conscience of a fair and impartial jury." (Complaint, ¶ 34). Plaintiff also seeks to recover "for all injuries sustained, pain and suffering, the cost of treatment, and all other elements of damages allowed under the laws of the state of Georgia." (Complaint, ¶ 35).

17.

To determine whether the jurisdictional threshold of $75,000 is met, the court

must assume that Plaintiff will prevail on all claims, and then assess whether "an award below the jurisdictional amount would be outside the range of permissible awards…. '" *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994); *see also St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 288 (1937). "… "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.* 608 F.3d 744, 754 (11th Cir. 2010).

18.

Accordingly, assuming Plaintiff will prevail on each of the claims set forth in her Complaint, which Defendant denies, the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

19.

Therefore, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 (a) in that there is no possibility that the Plaintiff would be able to establish a cause of action against the resident Defendant Miriam Bryant in state court, and the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000. *Sellers v. Foremost Ins. Co.* 924 F. Supp. 1116 (11th Cir. 1996).

20.

"When a civil action is removed solely under § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The unanimity requirement is a "bright line" limitation that is strictly enforced. *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1049-50 (11th Cir. 2001). *Smith v. Health Center of Lake City, Inc.*, 252 F.Supp.2d 1336, 1338-39 (M.D. Fla. 2003). Each separate defendant must personally or through that defendant's own counsel confirm to the District Court, within the time permitted to seek removal, that the defendant has consented to or joined in removal. Defendants Clayton MHP Jonesboro GA, LLC, Vineyards Management Group, LLC, and Miriam Bryant each consent to the removal of this case. Accordingly, all of the consent removal requirements found in 28 U.S.C. § 1446 are satisfied.

21.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446 per the attached certificate of service.

22.

A true and correct copy of this Notice of Removal will be filed with the Clerk of State Court of Lowndes County, Georgia, as required by 28 U.S.C. § 1446.

23.

Defendants' Notice of Removal is timely filed not more than one year from the date of the commencement of the action pursuant to 28 U.S.C. §§ 1446(b)(3) and 1446(c)(1).

WHEREFORE, Defendants pray that this lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, that this Court take cognizance and jurisdiction over this claim from the State Court of Clayton County, Georgia, and that this action shall proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. §1332.

Respectfully submitted this 20th day of December, 2023.

**DREW ECKL & FARNHAM, LLP**

*s/ William J. Martin*
William J. Martin
**Georgia Bar No. 387464**

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
E-mail: martinw@deflaw.com

## **CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendants hereby certifies that the foregoing has been prepared with one of the fonts and point selections approved by the Court in LR 5.1(B), Times New Roman 14 point.

This 20th day of December, 2023.

                                            **DREW ECKL & FARNHAM, LLP**

                                            __/s/_William J. Martin_____
                                            William J. Martin
                                            Georgia Bar No. 387464
                                            *Counsel for Defendants*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
(404) 885-6177
martinw@deflaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused the foregoing to be served to counsel of record for all parties through electronic filing and through email to:

>Michael P. Walker
>Piasta Walker Hagenbush
>3301 Windy Ridge Parkway
>Suite 110
>Atlanta, GA 30339
>Mike@piastawalker.com

This 20th day of December, 2023.

>**DREW ECKL & FARNHAM, LLP**
>
>__/s/_William J. Martin_____
>William J. Martin
>Georgia Bar No. 387464
>*Counsel for Defendants*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
(404) 885-6177
martinw@deflaw.com