# EXHIBIT A

2022CV02811

e-Filed 12/20/2022 9:01 AM

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| Luis Rosario Gutierrez Diaz, |
| Individually and as surviving spouse of |
| Sonia Villegas Cervantes, deceased |

Plaintiff

Vs.

2022CV02811

Case Number

| Vineyards Property Manager, LLC, |
| R/A: CT Corporation System |
| 289 S. Culver Street, Lawrenceville, GA 30046 |

Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Michael P. Walker
Piasta, Newbern Walker, LLC.
3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

W. Lawrence
By: _____
Deputy Clerk

2022CV02811

e-Filed 12/20/2022 9:01 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Waukecia Lawrence

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LUIS ROSARIO GUTIERREZ DIAZ, individually and as surviving spouse of Sonia Villegas Cervantes, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2022CV02811 |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| CLAYTON MHP JONESBORO GA, LLC; OZ IMPACT MOBILE COMMUNITIES MANAGER, LLC; VINEYARDS MANAGEMENT GROUP OF UTAH, LLC; VINEYARDS PROPERTY MANAGER, LLC; MIRIAM BRYANT; DOE 1; DOE 2; and DOE 3, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### COMPLAINT

COMES NOW Plaintiff in the above-styled action and hereby files his

Complaint, as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Defendant Clayton MHP Jonesboro GA, LLC ("Clayton MHP" or

"Defendant(s)") is a for-profit limited liability company registered to do business in

the state of Georgia. It may be served through its registered agent, CT Corporation

System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

2.

Jurisdiction and venue are proper as to Clayton MHP.

1

2022CV02811

3.

Clayton MHP has been properly served with process in this action.

4.

Defendant Oz Impact Mobile Communities Manager, LLC ("Oz Impact" or "Defendant(s)") is a for-profit limited liability company registered to do business in the state of Georgia. It may be served through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

5.

Jurisdiction and venue are proper as to Oz Impact.

6.

Oz Impact has been properly served with process in this action.

7.

Defendant Vineyards Management Group Of Utah, LLC ("Vineyards Management" or "Defendant(s)") is a for-profit limited liability company registered to do business in the state of Georgia. It may be served through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

8.

Jurisdiction and venue are proper as to Vineyards Management.

9.

Vineyards Management has been properly served with process in this action.

10.

Defendant Vineyards Property Manager, LLC ("Vineyards Property" or

2022CV02811

"Defendant(s)") is a for-profit limited liability company registered to do business in the state of Georgia. It may be served through its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

11.

Jurisdiction and venue are proper as to Vineyards Property.

12.

Vineyards Property has been properly served with process in this action.

13.

Defendant Miriam Bryant ("Bryant" or "Defendant(s)") is a natural person and may be served at her address, 2213 Eastwood Village Drive, Stockbridge, Georgia 30281.

14.

Jurisdiction and venue are proper as to Bryant.

15.

Bryant has been properly served with process in this action.

16.

Out of an abundance of caution, Plaintiff identifies DOE 1, DOE 2, and DOE 3 as party defendants.  The true names and capacities, whether corporate, associate, individual or otherwise are unknown to Plaintiff. Plaintiff brings claims against said defendants by fictitious names. Each defendant designated as a DOE is legally responsible in some manner for Sonia Villegas Cervantes's injuries and death under the theories of *respondent superior*, vicarious liability, agency principles, and/or joint

and several liability for the negligent security and operation of the subject mobile home park, as outlined in Plaintiff's Complaint. These DOE Defendants have received such notice of the institution of the action that they will not be prejudiced in maintaining defense on the merits. These DOE Defendants are on notice, and/or should have been on notice, except that but for a mistake as to the real party, the action would have been brought against them.

## OPERATIVE FACTS AND LEGAL CLAIMS

### 17.

At all times relevant to this action, Defendants owned, operated, controlled, and managed a mobile home park called Clayton Village Mobile Home Park, 6347 Tara Boulevard, Jonesboro, Georgia 30236.

### 18.

Defendant Bryant managed the subject premises as the property manager during the time period at issue. Bryant made decisions concerning security policies, procedures, and practices. For example, upon information and belief, Bryant was responsible for planning, designing, implementing, monitoring, and/or facilitating a security plan to keep the premises safe for invitees from criminal attacks. Bryant actively managed the premises such that she controlled the premises at issue and acted with misfeasance.

### 19.

On or about April 30, 2022, Sonia Villegas Cervantes was an invitee visiting a friend at Clayton Village Mobile Home Park when she was the victim of an

aggravated assault and armed robbery and was shot with a deadly weapon. Villegas Cervantes endured conscious pain and suffering, became aware of her impending death, and died.

20.

Villegas Cervantes did nothing wrong and was a completely innocent victim.

21.

Defendants owed Villegas Cervantes a duty to exercise ordinary care to keep their premises and approaches safe, and to operate their business in a state consistent with due regard for the safety of its guests and invitees.

22.

Defendants breached their duty to exercise ordinary care to keep their premises and approaches safe, and negligently failed to provide adequate security, management, and control of the premises and approaches.

23.

On and before April 30, 2022, Defendants had actual and constructive knowledge of crime and criminal activity on its premises and approaches and the surrounding area.

24.

Defendants had actual knowledge of crime and criminal activity on the premises, approaches, and surrounding area due to their employees' and agents' knowledge and as a result of prior criminal activity associated with the property and surrounding area.

25.

On and before April 30, 2022, Defendants negligently maintained, inspected, secured, patrolled and managed the premises and approaches.

26.

Defendants negligently failed to maintain adequate security devices to permit proper use of the property, thereby causing an unreasonable risk of injury to its invitees, including Villegas Cervantes.

27.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity and negligently maintained the property.

28.

Because Defendants knew or should have known of its employees' and agents' unsafe propensities and negligent performance of their duties, they are liable for the negligent supervision, hiring, training, and retention of those employees and the entrustment of said property to its agents and employees.

29.

Defendants were negligent, and that negligence caused Villegas Cervantes's injuries and death, in the following ways:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

6

2022CV02811

b) In failing to properly inspect and maintain the premises and approaches;

c) In failing to warn of the latent dangers on the premises and approaches;

d) In failing to properly hire, retain, train, and supervise employees with regard to the maintenance and safety of the premises and approaches;

e) In failing to inspect, patrol, or appropriately monitor the premises and approaches; and

f) In failing to employ proper security measures in light of the history of the property and high-crime area in which the property is located.

30.

Defendants negligently failed to provide proper security protection, security personnel, or an outside security presence on the property, and negligently failed to employ proper security protections available to it.

31.

Defendants negligently failed to act on knowledge of prior crimes, and the surrounding high-crime area, and failed to act to correct, prevent, or warn of prior criminal activity and the dangerous environment of the premises and approaches.

32.

Defendants failed to take appropriate action to remedy or reduce the danger to invitees, including Villegas Cervantes and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

33.

Defendants' negligence was a cause in fact and a proximate cause of Villegas

2022CV02811

Cervantes's injuries and death.

34.

As the surviving spouse of Villegas Cervantes, Plaintiff seeks all compensatory and other available damages for Villegas Cervantes's wrongful death, including the full value of her life, both economic and intangible, according to the enlightened conscience of a fair and impartial jury.

35.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above-stated acts were the proximate cause of the damages to Villegas Cervantes and Plaintiff. Defendants are liable for all injuries sustained, pain and suffering, the cost of treatment, and all other elements of damages allowed under the laws of the state of Georgia.

36.

Plaintiffs are entitled to an award of punitive damages, without limitation or cap, because the actions of the corporate Defendants and their agents and employees showed an entire want of care, which would raise the presumption of conscious indifferent to consequences.

37.

Because the corporate Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action. (O.C.G.A. § 13-6-11).

2022CV02811

Furthermore, Plaintiff is entitled to all expenses of litigation and attorneys' fees pursuant to all other Georgia statutory and common laws.

38.

Plaintiff brings each and every permissible, proper, and authorized claim for damages under Georgia law for the damages and death of Sonia Villegas Cervantes. WHEREFORE, Plaintiff prays that:

a) Process issue and the Defendant be served as provided by law;

b) He have a trial by jury;

c) He be awarded general, special, compensatory, incidental, consequential, punitive and all other permissible damages in accordance with the enlightened conscience of an impartial jury;

d) He be awarded attorneys' fees and costs of litigation in an amount which will be proven through the evidence at the time of trial;

e) He be awarded interest and costs; and

f) He be awarded such other and further relief as this Court deems just and proper and permitted under Georgia law.

TRIAL BY JURY IS HEREBY DEMANDED

Dated: December 20, 2022

[signature on following page]

2022CV02811

PIASTA NEWBERN WALKER, LLC

/s/ Michael P. Walker
Michael P. Walker
Georgia Bar No. 954678
Christopher B. Newbern
Georgia Bar No. 314463
*Attorneys for Plaintiff*

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
mike@pnwlaw.com
chris@pnwlaw.com

2022CV02811

e-Filed 2/2/2023 8:03 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

LUIS ROSARIO GUTIERREZ DIAZ,                )
individually and as surviving spouse of Sonia  )
Villegas Cervantes, deceased,                )
                                             )
      Plaintiff,                            )
                                             )
v.                                           )
                                             )
CLAYTON MHP JONESBORO GA, LLC;     )  CIVIL ACTION NO. 2022CV02811
OZ IMPACT MOBILE COMMUNITIES        )
MANAGER, LLC; VINEYARDS              )
MANAGEMENT GROUP OF UTAH, LLC;     )
VINEYARDS PROPERTY MANAGER,          )
LLC; MIRIAM BRYANT; DOE 1; DOE 2;    )
and DOE 3,                                   )
                                             )
      Defendants.                           )

### DEFENDANT CLAYTON MHP JONESBORO GA, LLC'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Clayton MHP Jonesboro GA, LLC respectfully submits this *Answer and Affirmative Defenses to Plaintiff's Complaint*.

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim against upon which relief can be granted as to this Defendant.

### SECOND DEFENSE

Pending further investigation and discovery and to preserve defenses, Defendant states that the direct and proximate causes of the damages alleged in the Complaint were the actions, non-actions, or negligence of a person or persons other than Defendant for whose actions, non-actions, or negligence Defendant is in no way liable.

### THIRD DEFENSE

Defendant breached no duty owed to Plaintiff.

### FOURTH DEFENSE

Pending further investigation and discovery and to preserve defenses, no alleged breach of duty by Defendant was the direct or proximate cause of the damages alleged in the Complaint.

### FIFTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims against Defendant are barred to the extent that the damages alleged in the Complaint were caused or contributed to by the negligence, if any, of Plaintiffs' decedent, and/or Plaintiffs' decedent's failure to exercise ordinary care.

### SIXTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Defendant asserts the defenses of comparative fault, contributory negligence, and assumption of the risk.

### SEVENTH DEFENSE

While Defendant specifically denies any negligence on its part, if Defendant was negligent, the negligence of Plaintiffs' decedent or others equaled or exceeded any negligence of Defendant.

### EIGHTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Defendant states that the damages alleged in the Complaint were proximately caused by the intervening negligence of a third party for whom Defendant is not responsible.

### NINTH DEFENSE

There is no independent basis for venue against this Defendant.

## TENTH DEFENSE

Plaintiffs' claims against Defendant are barred to the extent Plaintiffs' decedent had equal or superior knowledge of the alleged condition at issue in this case.

## ELEVENTH DEFENSE

Plaintiffs have failed to plead special damages with specificity in accordance with O.C.G.A. § 9-11-9(g).

## TWELFTH DEFENSE

Fault and corresponding damages, if any, must be apportioned and allocated by the jury in accordance with O.C.G.A. § 51-12-33.

## THIRTEENTH DEFENSE

Defendant denies any allegation of willful or wanton conduct, and Plaintiffs' claims for punitive damages fail as a matter of law.

## FOURTEENTH DEFENSE

Defendant denies any allegation of bad faith and/or stubborn litigiousness, and Plaintiff's claims for attorneys' fees and expenses fail as a matter of law.

## FIFTEENTH DEFENSE

Plaintiffs' suit has failed to include and/or join indispensable parties.

## SIXTEENTH DEFENSE

To the extent Plaintiffs have fraudulently joined Miriam Bryant as a Defendant in this case, Defendant preserves defenses as to personal jurisdiction and venue.

## SEVENTEENTH DEFENSE

Pending further investigation and to preserve defenses, Defendant states that it lacked superior knowledge of the alleged hazard or condition that proximately caused Plaintiffs' damages.

2022CV02811

EIGHTEENTH DEFENSE

Defendant responds to the individually numbered paragraphs of the Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

The allegations contained in this paragraph are admitted.

2.

The allegations contained in this paragraph are denied as pled.

3.

The allegations contained in this paragraph are admitted.

4.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## OPERATIVE FACTS AND LEGAL CLAIMS

17.

Defendant Clayton MHP Jonesboro GA, LLC admits only that at the time of the incident underlying Plaintiffs' claims, it owned the land and certain common element premises comprising, in part, a mobile home park located at 6347 Tara Boulevard, Jonesboro, Georgia 30236.  All other allegations contained in this paragraph are denied as to this Defendant.

18.

The allegations contained in this paragraph are denied.

19.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Any allegation and/or inference of negligence or liability against Defendant is denied.

20.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Any allegation and/or inference of negligence or liability against Defendant is denied.

21.

The allegations in this paragraph constitute a pure legal conclusion, to which no response is required. To the extent a response is required, Defendant denies breaching any legal duty owed to Plaintiffs or to Plaintiffs' decedent related to Plaintiffs' claims and causes of action. Any allegation and/or inference of negligence or liability against Defendant is denied.

22.

The allegations contained in this paragraph are denied.

23.

The allegations in this paragraph constitute a pure legal conclusion, to which no response is required. To the extent a response is required, Defendant denies actual or constructive prior knowledge of the alleged risk underlying Plaintiffs' claims. Any allegation and/or inference of negligence or liability against Defendant is denied.

24.

The allegations in this paragraph constitute a pure legal conclusion, to which no response is required. To the extent a response is required, Defendant denies actual or constructive prior knowledge of the alleged risk underlying Plaintiffs' claims. Any allegation and/or inference of negligence or liability against Defendant is denied.

25.

The allegations contained in this paragraph are denied.

26.

The allegations contained in this paragraph are denied.

27.

The allegations contained in this paragraph are denied.

2022CV02811

28.

The allegations contained in this paragraph are denied.

29.

The allegations contained in this paragraph and its subparts are denied.

30.

The allegations contained in this paragraph are denied.

31.

The allegations contained in this paragraph are denied.

32.

The allegations contained in this paragraph are denied.

33.

The allegations contained in this paragraph are denied.

34.

The statements set forth in this paragraph do not appear to call for any admission, denial, or other response by Defendant.  To the extent a response is required, Defendant denies Plaintiffs are entitled to an award of damages against this Defendant.  Any allegation and/or inference of negligence or liability against Defendant is denied.

35.

The allegations contained in this paragraph are denied.

36.

The allegations contained in this paragraph are denied.

37.

The allegations contained in this paragraph are denied.

2022CV02811

38.

The allegations contained in this paragraph, and in Plaintiffs' prayer for relief immediately following same, are denied.

39.

Any allegations contained in the Complaint not admitted, denied, or otherwise responded to above are denied.

<u>Jury Demand</u>

Defendant demands that all issues triable by a jury not otherwise dismissed or disposed of by motion be submitted to a twelve-person jury.

This 2nd day of February, 2023.

/s/ William J. Martin
Andrew D. Horowitz
Georgia Bar No. 367815
William J. Martin
Georgia Bar No. 387464
**Attorneys for Defendant**
**Clayton MHP Jonesboro GA, LLC**

DREW, ECKL & FARNHAM, LLP
303 Peachtree Street
Suite 3500
Atlanta, Georgia  30308
Telephone:  (404) 885-1400
Facsimile:  (404) 876-0992
Email:  horowitza@deflaw.com
         martinw@deflaw.com

13255689v1
29936-238856

9

2022CV02811

## CERTIFICATE OF SERVICE

I have today served the parties with *DEFENDANT CLAYTON MHP JONESBORO GA,*

*LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* in the above-

styled case by filing same through the Court's electronic filing system and by electronic email

addressed as follows:

> Michael P. Walker
> Christopher B. Newbern
> Piasta Newbern Walker, LLC
> 3301 Windy Ridge Parkway
> Suite 110
> Atlanta, GA 30339
> Mike@pnwlaw.com
> chris@pnwlaw.com

This 2nd day of February, 2023.

**DREW ECKL & FARNHAM, LLP**

*/s/ William J. Martin*
William J. Martin
Georgia Bar No. 387464

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Telephone:  404-885-1400
Email:  martinw@deflaw.com

13255689v1
29936-238856

10

2022CV02811

e-Filed 2/2/2023 8:03 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LUIS ROSARIO GUTIERREZ DIAZ, individually and as surviving spouse of Sonia Villegas Cervantes, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| CLAYTON MHP JONESBORO GA, LLC; OZ IMPACT MOBILE COMMUNITIES MANAGER, LLC; VINEYARDS MANAGEMENT GROUP OF UTAH, LLC; VINEYARDS PROPERTY MANAGER, LLC; MIRIAM BRYANT; DOE 1; DOE 2; and DOE 3, | ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 2022CV02811 |
| Defendants. | ) ) | |

## DEFENDANT MIRIAM BRYANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Miriam Bryant respectfully submits this *Answer and Affirmative Defenses to Plaintiff's Complaint*.

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim against upon which relief can be granted as to this Defendant.

### SECOND DEFENSE

Pending further investigation and discovery and to preserve defenses, Defendant states that the direct and proximate causes of the damages alleged in the Complaint were the actions, non-actions, or negligence of a person or persons other than Defendant for whose actions, non-actions, or negligence Defendant is in no way liable.

2022CV02811

### THIRD DEFENSE

Defendant breached no duty owed to Plaintiff.

### FOURTH DEFENSE

Pending further investigation and discovery and to preserve defenses, no alleged breach of duty by Defendant was the direct or proximate cause of the damages alleged in the Complaint.

### FIFTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims against Defendant are barred to the extent that the damages alleged in the Complaint were caused or contributed to by the negligence, if any, of Plaintiffs' decedent, and/or Plaintiffs' decedent's failure to exercise ordinary care.

### SIXTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Defendant asserts the defenses of comparative fault, contributory negligence, and assumption of the risk.

### SEVENTH DEFENSE

While Defendant specifically denies any negligence on her part, if Defendant was negligent, the negligence of Plaintiffs' decedent or others equaled or exceeded any negligence of Defendant.

### EIGHTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Defendant states that the damages alleged in the Complaint were proximately caused by the intervening negligence of a third party for whom Defendant is not responsible.

2022CV02811

### NINTH DEFENSE

Plaintiffs' claims against Defendant are barred to the extent Plaintiffs' decedent had equal or superior knowledge of the alleged condition at issue in this case.

### TENTH DEFENSE

Plaintiffs have failed to plead special damages with specificity in accordance with O.C.G.A. § 9-11-9(g).

### ELEVENTH DEFENSE

Fault and corresponding damages, if any, must be apportioned and allocated by the jury in accordance with O.C.G.A. § 51-12-33.

### TWELFTH DEFENSE

Defendant denies any allegation of willful or wanton conduct, and Plaintiffs' claims for punitive damages fail as a matter of law.

### THIRTEENTH DEFENSE

Defendant denies any allegation of bad faith and/or stubborn litigiousness, and Plaintiff's claims for attorneys' fees and expenses fail as a matter of law.

### FOURTEENTH DEFENSE

Plaintiffs' suit has failed to include and/or join indispensable parties.

### FIFTEENTH DEFENSE

Plaintiffs have fraudulently joined her as a Defendant in this case, and she asserts any defenses as to personal jurisdiction and venue resulting from same.

### SIXTEENTH DEFENSE

Pending further investigation and to preserve defenses, Defendant states that she lacked superior knowledge of the alleged hazard or condition that proximately caused Plaintiffs' damages.

2022CV02811

<u>SEVENTEENTH DEFENSE</u>

Defendant is an improper party to Plaintiffs' suit and must be dismissed.

<u>EIGHTEENTH DEFENSE</u>

Defendant responds to the individually numbered paragraphs of the Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4

2022CV02811

7.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13.

Defendant admits she is a natural person and has been properly served in this action.

14.

The allegations contained in this paragraph are denied as pled.

2022CV02811

15.

The allegations contained in this paragraph are admitted.

16.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## OPERATIVE FACTS AND LEGAL CLAIMS

17.

The allegations contained in this paragraph are denied as to this Defendant.

18.

The allegations contained in this paragraph are denied.

19.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Any allegation and/or inference of negligence or liability against Defendant is denied.

20.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Any allegation and/or inference of negligence or liability against Defendant is denied.

21.

The allegations contained in this paragraph are denied as to this Defendant.

22.

The allegations contained in this paragraph are denied.

6

2022CV02811

23.

The allegations in this paragraph constitute a pure legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies actual or constructive prior knowledge of the alleged risk underlying Plaintiffs' claims.  Any allegation and/or inference of negligence or liability against Defendant is denied.

24.

The allegations in this paragraph constitute a pure legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies actual or constructive prior knowledge of the alleged risk underlying Plaintiffs' claims.  Any allegation and/or inference of negligence or liability against Defendant is denied.

25.

The allegations contained in this paragraph are denied.

26.

The allegations contained in this paragraph are denied.

27.

The allegations contained in this paragraph are denied.

28.

The allegations contained in this paragraph are denied.

29.

The allegations contained in this paragraph and its subparts are denied.

30.

The allegations contained in this paragraph are denied.

2022CV02811

31.

The allegations contained in this paragraph are denied.

32.

The allegations contained in this paragraph are denied.

33.

The allegations contained in this paragraph are denied.

34.

The statements set forth in this paragraph do not appear to call for any admission, denial, or other response by Defendant.  To the extent a response is required, Defendant denies Plaintiffs are entitled to an award of damages against this Defendant.  Any allegation and/or inference of negligence or liability against Defendant is denied.

35.

The allegations contained in this paragraph are denied.

36.

The allegations contained in this paragraph are denied.

37.

The allegations contained in this paragraph are denied.

38.

The allegations contained in this paragraph, and in Plaintiffs' prayer for relief immediately following same, are denied.

39.

Any allegations contained in the Complaint not admitted, denied, or otherwise responded to above are denied.

8

2022CV02811

Jury Demand

Defendant demands that all issues triable by a jury not otherwise dismissed or disposed of by motion be submitted to a twelve-person jury.

This 2nd day of February, 2023.

*/s/ William J. Martin*
Andrew D. Horowitz
Georgia Bar No. 367815
William J. Martin
Georgia Bar No. 387464
**Attorneys for Defendant Miriam Bryant**

DREW, ECKL & FARNHAM, LLP
303 Peachtree Street
Suite 3500
Atlanta, Georgia 30308
Telephone:  (404) 885-1400
Facsimile:  (404) 876-0992
Email:  horowitza@deflaw.com
          martinw@deflaw.com

13255873v1
29936-238856

9

2022CV02811

## CERTIFICATE OF SERVICE

I have today served the parties with *DEFENDANT MIRIAM BRYANT'S ANSWER AND*

*AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* in the above-styled case by filing

same through the Court's electronic filing system and by electronic email addressed as follows:

> Michael P. Walker
> Christopher B. Newbern
> Piasta Newbern Walker, LLC
> 3301 Windy Ridge Parkway
> Suite 110
> Atlanta, GA 30339
> Mike@pnwlaw.com
> chris@pnwlaw.com

This 2nd day of February, 2023.

> **DREW ECKL & FARNHAM, LLP**
>
> /s/ William J. Martin
> William J. Martin
> Georgia Bar No. 387464

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Telephone:  404-885-1400
Email:  martinw@deflaw.com

13255873v1
29936-238856

10