# EXHIBIT A
# PART 2/2

2022CV02811

e-Filed 2/2/2023 8:03 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LUIS ROSARIO GUTIERREZ DIAZ, individually and as surviving spouse of Sonia Villegas Cervantes, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CLAYTON MHP JONESBORO GA, LLC; OZ IMPACT MOBILE COMMUNITIES MANAGER, LLC; VINEYARDS MANAGEMENT GROUP OF UTAH, LLC; VINEYARDS PROPERTY MANAGER, LLC; MIRIAM BRYANT; DOE 1; DOE 2; and DOE 3,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 2022CV02811 |

### DEFENDANT VINEYARDS PROPERTY MANAGER, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Vineyards Property Manager, LLC respectfully submits this *Answer and Affirmative Defenses to Plaintiff's Complaint*.

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim against upon which relief can be granted as to this Defendant.

### SECOND DEFENSE

Pending further investigation and discovery and to preserve defenses, Defendant states that the direct and proximate causes of the damages alleged in the Complaint were the actions, non-actions, or negligence of a person or persons other than Defendant for whose actions, non-actions, or negligence Defendant is in no way liable.

2022CV02811

### THIRD DEFENSE

Defendant breached no duty owed to Plaintiff.

### FOURTH DEFENSE

Pending further investigation and discovery and to preserve defenses, no alleged breach of duty by Defendant was the direct or proximate cause of the damages alleged in the Complaint.

### FIFTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims against Defendant are barred to the extent that the damages alleged in the Complaint were caused or contributed to by the negligence, if any, of Plaintiffs' decedent, and/or Plaintiffs' decedent's failure to exercise ordinary care.

### SIXTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Defendant asserts the defenses of comparative fault, contributory negligence, and assumption of the risk.

### SEVENTH DEFENSE

While Defendant specifically denies any negligence on its part, if Defendant was negligent, the negligence of Plaintiffs' decedent or others equaled or exceeded any negligence of Defendant.

### EIGHTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Defendant states that the damages alleged in the Complaint were proximately caused by the intervening negligence of a third party for whom Defendant is not responsible.

### NINTH DEFENSE

There is no independent basis for venue against this Defendant.

2022CV02811

### TENTH DEFENSE

Plaintiffs' claims against Defendant are barred to the extent Plaintiffs' decedent had equal or superior knowledge of the alleged condition at issue in this case.

### ELEVENTH DEFENSE

Plaintiffs have failed to plead special damages with specificity in accordance with O.C.G.A. § 9-11-9(g).

### TWELFTH DEFENSE

Fault and corresponding damages, if any, must be apportioned and allocated by the jury in accordance with O.C.G.A. § 51-12-33.

### THIRTEENTH DEFENSE

Defendant denies any allegation of willful or wanton conduct, and Plaintiffs' claims for punitive damages fail as a matter of law.

### FOURTEENTH DEFENSE

Defendant denies any allegation of bad faith and/or stubborn litigiousness, and Plaintiff's claims for attorneys' fees and expenses fail as a matter of law.

### FIFTEENTH DEFENSE

Plaintiffs' suit has failed to include and/or join indispensable parties.

### SIXTEENTH DEFENSE

To the extent Plaintiffs have fraudulently joined Miriam Bryant as a Defendant in this case, Defendant preserves defenses as to personal jurisdiction and venue.

### SEVENTEENTH DEFENSE

Pending further investigation and to preserve defenses, Defendant states that it lacked superior knowledge of the alleged hazard or condition that proximately caused Plaintiffs' damages.

3

2022CV02811

<u>EIGHTEENTH DEFENSE</u>

Defendant is an improper party to Plaintiffs' suit and must be dismissed.

<u>NINETEENTH DEFENSE</u>

Defendant responds to the individually numbered paragraphs of the Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2022CV02811

7.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10.

The allegations contained in this paragraph are admitted.

11.

The allegations contained in this paragraph are denied as pled.

12.

The allegations contained in this paragraph are admitted.

13.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2022CV02811

15.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## OPERATIVE FACTS AND LEGAL CLAIMS

17.

The allegations contained in this paragraph are denied as to this Defendant.

18.

The allegations contained in this paragraph are denied.

19.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Any allegation and/or inference of negligence or liability against Defendant is denied.

20.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Any allegation and/or inference of negligence or liability against Defendant is denied.

21.

The allegations contained in this paragraph are denied as to this Defendant.

22.

The allegations contained in this paragraph are denied.

23.

The allegations contained in this paragraph are denied as to this Defendant.

24.

The allegations contained in this paragraph are denied as to this Defendant.

25.

The allegations contained in this paragraph are denied.

26.

The allegations contained in this paragraph are denied.

27.

The allegations contained in this paragraph are denied.

28.

The allegations contained in this paragraph are denied.

29.

The allegations contained in this paragraph and its subparts are denied.

30.

The allegations contained in this paragraph are denied.

31.

The allegations contained in this paragraph are denied.

32.

The allegations contained in this paragraph are denied.

33.

The allegations contained in this paragraph are denied.

2022CV02811

34.

The statements set forth in this paragraph do not appear to call for any admission, denial, or other response by Defendant.  To the extent a response is required, Defendant denies Plaintiffs are entitled to an award of damages against this Defendant.  Any allegation and/or inference of negligence or liability against Defendant is denied.

35.

The allegations contained in this paragraph are denied.

36.

The allegations contained in this paragraph are denied.

37.

The allegations contained in this paragraph are denied.

38.

The allegations contained in this paragraph, and in Plaintiffs' prayer for relief immediately following same, are denied.

39.

Any allegations contained in the Complaint not admitted, denied, or otherwise responded to above are denied.

<u>Jury Demand</u>

Defendant demands that all issues triable by a jury not otherwise dismissed or disposed of by motion be submitted to a twelve-person jury.

8

2022CV02811

This 2nd day of February, 2023.

/s/ William J. Martin
Andrew D. Horowitz
Georgia Bar No. 367815
William J. Martin
Georgia Bar No. 387464
**Attorneys for Defendant**
**Vineyards Property Manager, LLC**

DREW, ECKL & FARNHAM, LLP
303 Peachtree Street
Suite 3500
Atlanta, Georgia 30308
Telephone:  (404) 885-1400
Facsimile:  (404) 876-0992
Email:  horowitza@deflaw.com
        martinw@deflaw.com

13255811v1
29936-238856

9

2022CV02811

## CERTIFICATE OF SERVICE

I have today served the parties with *DEFENDANT VINEYARDS PROPERTY MANAGER, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* in the above-styled case by filing same through the Court's electronic filing system and by electronic email addressed as follows:

> Michael P. Walker
> Christopher B. Newbern
> Piasta Newbern Walker, LLC
> 3301 Windy Ridge Parkway
> Suite 110
> Atlanta, GA 30339
> Mike@pnwlaw.com
> chris@pnwlaw.com

This 2nd day of February, 2023.

**DREW ECKL & FARNHAM, LLP**

*/s/ William J. Martin*
William J. Martin
Georgia Bar No. 387464

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Telephone:  404-885-1400
Email:  martinw@deflaw.com

13255811v1
29936-238856

10

2022CV02811

e-Filed 2/22/2023 4:22 PM

*Tiki Brown*

**Tiki Brown**
Clerk of State Court
Clayton County, Georgia
Hannah Lowery

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LUIS ROSARIO GUTIERREZ DIAZ, individually and as surviving spouse of Sonia Villegas Cervantes, deceased, | ) ) ) |
| | ) |
| Plaintiff, | ) ) |
| | ) |
| v. | ) ) |
| CLAYTON MHP JONESBORO GA, LLC; OZ IMPACT MOBILE COMMUNITIES MANAGER, LLC; VINEYARDS MANAGEMENT GROUP OF UTAH, LLC; VINEYARDS PROPERTY MANAGER, LLC; MIRIAM BRYANT; DOE 1; DOE 2; and DOE 3, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO. 2022CV02811

### CONSENT MOTION TO SUBSTITUTE DEFENDANTS

The parties respectfully file this Consent Motion to substitute Vineyards Management Group, LLC as a party-Defendant pursuant to O.C.G.A. §§ 9-11-15 and 9-11-21 in place of the following three currently named Defendants: (1) OZ Impact Mobile Communities Manager, LLC, (2) Vineyards Management Group of Utah, LLC, and (3) Vineyards Property Manager, LLC.

1.

This action stems from an alleged April 30, 2022, incident at a mobile home park located at 6347 Tara Boulevard, Jonesboro, Georgia 30236. Plaintiff filed his Complaint on December 20, 2022, naming (1) OZ Impact Mobile Communities Manager, LLC, (2) Vineyards Management Group of Utah, LLC, (3) Vineyards Property Manager, LLC, (4) Clayton MHP Jonesboro GA, LLC, and (5) Miriam Bryant as Defendants.

1

2022CV02811

2.

Defendants Clayton MHP Jonesboro GA LLC, Vineyards Property Manager, LLC, and Miriam Bryant timely responded to Plaintiff's Complaint, raising affirmative defenses. OZ Impact Mobile Communities Manager, LLC and Vineyards Management Group of Utah, LLC have until March 3, 2023 in which to file their Answers or other responsive pleadings.

3.

On April 30, 2022, Vineyards Management Group, LLC managed the mobile home park where the alleged incident occurred and Clayton MHP Jonesboro GA LLC owned the premises. Defendants contend OZ Impact Mobile Communities Manager, LLC, Vineyards Management Group of Utah, LLC, and Vineyards Property Manager, LLC neither owned nor managed the mobile home park.

4.

With the consent of all parties, Plaintiff, Vineyards Management Group, LLC, and Defendants Clayton MHP Jonesboro GA LLC, Vineyards Property Manager, LLC, and Miriam Bryant respectfully request that OZ Impact Mobile Communities Manager, LLC, Vineyards Management Group of Utah, LLC, and Vineyards Property Manager, LLC be dropped from this matter and that Vineyards Management Group, LLC be substituted and added as a party-Defendant. Neither the Defendants nor Vineyards Management Group, LLC admit liability by virtue of this substitution, and they each preserve all defenses available to them in this action.

5.

By and through undersigned counsel, Vineyards Management Group, LLC hereby waives issuance of a summons and acknowledges service of process of Plaintiff's Complaint, but it does not waive any other defenses. Plaintiff and Vineyards Management Group, LLC stipulate and

2022CV02811

agree that Vineyards Management Group, LLC shall have 30 days from the date the Court signs the proposed order to answer Plaintiff's Complaint.

7.

The parties further request that the Court issue an order dismissing OZ Impact Mobile Communities Manager, LLC, Vineyards Management Group of Utah, LLC, and Vineyards Property Manager, LLC without prejudice.

8.

The new case style shall be: *Luis Rosario Gutierrez Diaz, Individually and as surviving spouse of Sonia Villegas Cervantes, deceased, Plaintiff, v. Clayton MHP Jonesboro GA, LLC, Vineyards Management Group, LLC, Miriam Bryant, and Doe 1, Doe 2, and Doe 3, Defendants,* in the State Court of Clayton County, State of Georgia, Civil Action No. 2022CV02811.

9.

A proposed Order is enclosed for the Court's consideration.

Respectfully submitted, this 22nd day of February, 2023.

**PIASTA NEWBERN & WALKER, LLC**

 */s/ Michael P. Walker*
Michael P. Walker
Georgia Bar No. 954678
**Attorney for Plaintiffs**
*Signed w/ express permission by William J. Martin*

3301 Windy Ridge Parkway
Suite 110
Atlanta, GA 30339
Telephone:  404-996-1296
Mike@pnwlaw.com

3

2022CV02811

**DREW ECKL & FARNHAM, LLP**

/s/ William J. Martin
Andrew D. Horowitz
Georgia Bar No. 367815
William J. Martin
Georgia Bar No. 387464
**Attorneys for:**
**Clayton MHP Jonesboro GA, LLC**
**Vineyards Property Manager, LLC**
**Vineyards Management Group, LLC**
 **and Miriam Bryant**

303 Peachtree Street
Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile:  (404) 876-0992
Email:  horowitza@deflaw.com
            martinw@deflaw.com

4

2022CV02811

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

LUIS ROSARIO GUTIERREZ DIAZ,  )
individually and as surviving spouse of Sonia  )
Villegas Cervantes, deceased,  )
    )
      Plaintiff,  )
    )
    )
v.  )
    )
CLAYTON MHP JONESBORO GA, LLC;  )  CIVIL ACTION NO. 2022CV02811
OZ IMPACT MOBILE COMMUNITIES  )
MANAGER, LLC; VINEYARDS  )
MANAGEMENT GROUP OF UTAH, LLC;  )
VINEYARDS PROPERTY MANAGER,  )
LLC; MIRIAM BRYANT; DOE 1; DOE 2;  )
and DOE 3,  )
    )
      Defendants.  )

## ORDER SUBSTITUTING AND DISMISSING CERTAIN PARTIES

This matter is before the Court on the Parties' *Consent Motion to Substitute Defendants.*

Having reviewed the motion and the record of the case, and acknowledging the consent of all

Parties, that Motion is hereby GRANTED, and it is ORDERED as follows:

1.    OZ Impact Mobile Communities Manager, LLC, Vineyards Management Group of Utah,

LLC, and Vineyards Property Manager, LLC are dismissed without prejudice;

2.    Vineyards Management Group, LLC is added as a Defendant. No further action is required

with respect to service and/or process of this Defendant; and

3.    The Clerk of Court shall amend the style of this case to be reflected on the docket of the

Court as follows: *Luis Rosario Gutierrez Diaz, Individually and as surviving spouse of Sonia*

*Villegas Cervantes, deceased, Plaintiff, v. Clayton MHP Jonesboro GA, LLC, Vineyards*

5

**2022CV02811**

*Management Group, LLC, Miriam Bryant, and Doe 1, Doe 2, and Doe 3, Defendants,* in the State

Court of Clayton County, State of Georgia, Civil Action No. 2022CV02811.


So Ordered this _____ day of _____, 2023.


_____

Judge, State Court of Clayton County

6

2022CV02811

## CERTIFICATE OF SERVICE

I have today served the parties with the above and foregoing pleading in the above-styled case by filing same through the Court's electronic filing system and by electronic email addressed as follows:

> Michael P. Walker
> Christopher B. Newbern
> Piasta Newbern Walker, LLC
> 3301 Windy Ridge Parkway
> Suite 110
> Atlanta, GA 30339
> Mike@pnwlaw.com
> chris@pnwlaw.com

This 22nd day of February, 2023.

**DREW ECKL & FARNHAM, LLP**

*/s/ William J. Martin*
William J. Martin
Georgia Bar No. 387464

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Telephone: 404-885-1400
Email: martinw@deflaw.com

2022CV02811

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LUIS ROSARIO GUTIERREZ DIAZ, individually and as surviving spouse of Sonia Villegas Cervantes, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CLAYTON MHP JONESBORO GA, LLC; OZ IMPACT MOBILE COMMUNITIES MANAGER, LLC; VINEYARDS MANAGEMENT GROUP OF UTAH, LLC; VINEYARDS PROPERTY MANAGER, LLC; MIRIAM BRYANT; DOE 1; DOE 2; and DOE 3, | ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 2022CV02811 |
| Defendants. | ) | |

## ORDER SUBSTITUTING AND DISMISSING CERTAIN PARTIES

This matter is before the Court on the Parties' *Consent Motion to Substitute Defendants.*
Having reviewed the motion and the record of the case, and acknowledging the consent of all
Parties, that Motion is hereby GRANTED, and it is ORDERED as follows:

1.      OZ Impact Mobile Communities Manager, LLC, Vineyards Management Group of Utah,

LLC, and Vineyards Property Manager, LLC are dismissed without prejudice;

2.      Vineyards Management Group, LLC is added as a Defendant.  No further action is required

with respect to service and/or process of this Defendant; and

3.      The Clerk of Court shall amend the style of this case to be reflected on the docket of the

Court as follows: *Luis Rosario Gutierrez Diaz, Individually and as surviving spouse of Sonia*

*Villegas Cervantes, deceased, Plaintiff, v. Clayton MHP Jonesboro GA, LLC, Vineyards*

5

2022CV02811

*Management Group, LLC, Miriam Bryant, and Doe 1, Doe 2, and Doe 3, Defendants,* in the State

Court of Clayton County, State of Georgia, Civil Action No. 2022CV02811.

So Ordered this <u>2nd</u> day of <u>MARCH</u>, 2023.

_____
*S. George*
Judge, State Court of Clayton County

6

2022CV02811                                                    e-Filed 3/31/2023 1:10 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

LUIS ROSARIO GUTIERREZ DIAZ,          )
individually and as surviving spouse of Sonia   )
Villegas Cervantes, deceased,         )
                                       )
      Plaintiff,        )   CIVIL ACTION NO. 2022CV02811
                                       )
v.                                     )
                                       )
CLAYTON MHP JONESBORO GA, LLC;        )
VINEYARDS MANAGEMENT GROUP,           )
LLC; MIRIAM BRYANT; DOE 1; DOE 2;     )
and DOE 3,                             )
                                       )
      Defendants.      )
                                       )
                                       )
_____ )

### DEFENDANT VINEYARDS MANAGEMENT GROUP, LLC'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

    Defendant Vineyards Management Group, LLC respectfully submits this *Answer and Affirmative Defenses to Plaintiff's Complaint*.

### FIRST DEFENSE

    The Complaint fails, in whole or in part, to state a claim against upon which relief can be granted as to this Defendant.

### SECOND DEFENSE

    Pending further investigation and discovery and to preserve defenses, Defendant states that the direct and proximate causes of the damages alleged in the Complaint were the actions, non-actions, or negligence of a person or persons other than Defendant for whose actions, non-actions, or negligence Defendant is in no way liable.

2022CV02811

### THIRD DEFENSE

Defendant breached no duty owed to Plaintiff.

### FOURTH DEFENSE

Pending further investigation and discovery and to preserve defenses, no alleged breach of duty by Defendant was the direct or proximate cause of the damages alleged in the Complaint.

### FIFTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims against Defendant are barred to the extent that the damages alleged in the Complaint were caused or contributed to by the negligence, if any, of Plaintiffs' decedent, and/or Plaintiffs' decedent's failure to exercise ordinary care.

### SIXTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Defendant asserts the defenses of comparative fault, contributory negligence, and assumption of the risk.

### SEVENTH DEFENSE

While Defendant specifically denies any negligence on its part, if Defendant was negligent, the negligence of Plaintiffs' decedent or others equaled or exceeded any negligence of Defendant.

### EIGHTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Defendant states that the damages alleged in the Complaint were proximately caused by the intervening negligence of a third party for whom Defendant is not responsible.

### NINTH DEFENSE

There is no independent basis for venue against this Defendant.

## TENTH DEFENSE

Plaintiffs' claims against Defendant are barred to the extent Plaintiffs' decedent had equal or superior knowledge of the alleged condition at issue in this case.

## ELEVENTH DEFENSE

Plaintiffs have failed to plead special damages with specificity in accordance with O.C.G.A. § 9-11-9(g).

## TWELFTH DEFENSE

Fault and corresponding damages, if any, must be apportioned and allocated by the jury in accordance with O.C.G.A. § 51-12-33.

## THIRTEENTH DEFENSE

Defendant denies any allegation of willful or wanton conduct, and Plaintiffs' claims for punitive damages fail as a matter of law.

## FOURTEENTH DEFENSE

Defendant denies any allegation of bad faith and/or stubborn litigiousness, and Plaintiff's claims for attorneys' fees and expenses fail as a matter of law.

## FIFTEENTH DEFENSE

Plaintiffs' suit has failed to include and/or join indispensable parties.

## SIXTEENTH DEFENSE

To the extent Plaintiffs have fraudulently joined Miriam Bryant as a Defendant in this case, Defendant preserves defenses as to personal jurisdiction and venue.

## SEVENTEENTH DEFENSE

Pending further investigation and to preserve defenses, Defendant states that it lacked superior knowledge of the alleged hazard or condition that proximately caused Plaintiffs' damages.

2022CV02811

EIGHTEENTH DEFENSE

Defendant is an improper party to Plaintiffs' suit and must be dismissed.

NINETEENTH DEFENSE

Defendant responds to the individually numbered paragraphs of the Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4

2022CV02811

7.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13.

Defendant admits only that Miriam Bryant is a natural person and has been properly served.

14.

The allegations contained in this paragraph are denied.  Defendant Bryant is an improper party to this action.

2022CV02811

15.

The allegations contained in this paragraph are admitted.

16.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**OPERATIVE FACTS AND LEGAL CLAIMS**

17.

Defendant admits that Vineyards Management Group, LLC managed the mobile home park located at 6347 Tara Boulevard, Jonesboro, Georgia subject to the terms of the Property Management Agreement entered into on June 30, 2021 between Clayton MHP Jonesboro GA, LLC and Vineyards Management Group, LLC.

18.

The allegations contained in this paragraph are denied.

19.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Any allegation and/or inference of negligence or liability against Defendant is denied.

20.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Any allegation and/or inference of negligence or liability against Defendant is denied.

6

2022CV02811

21.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Any allegation and/or inference of negligence or liability against Defendant is denied.

22.

The allegations contained in this paragraph are denied.

23.

The allegations contained in this paragraph are denied as to this Defendant.

24.

The allegations contained in this paragraph are denied as to this Defendant.

25.

The allegations contained in this paragraph are denied.

26.

The allegations contained in this paragraph are denied.

27.

The allegations contained in this paragraph are denied.

28.

The allegations contained in this paragraph are denied.

29.

The allegations contained in this paragraph and its subparts are denied.

30.

The allegations contained in this paragraph are denied.

7

2022CV02811

31.

The allegations contained in this paragraph are denied.

32.

The allegations contained in this paragraph are denied.

33.

The allegations contained in this paragraph are denied.

34.

The statements set forth in this paragraph do not appear to call for any admission, denial, or other response by Defendant.  To the extent a response is required, Defendant denies Plaintiffs are entitled to an award of damages against this Defendant.  Any allegation and/or inference of negligence or liability against Defendant is denied.

35.

The allegations contained in this paragraph are denied.

36.

The allegations contained in this paragraph are denied.

37.

The allegations contained in this paragraph are denied.

38.

The allegations contained in this paragraph, and in Plaintiffs' prayer for relief immediately following same, are denied.

39.

Any allegations contained in the Complaint not admitted, denied, or otherwise responded to above are denied.

8

2022CV02811

Jury Demand

Defendant demands that all issues triable by a jury not otherwise dismissed or disposed of by motion be submitted to a twelve-person jury.

This 31st day of March, 2023.

> /s/ William J. Martin
> Andrew D. Horowitz
> Georgia Bar No. 367815
> William J. Martin
> Georgia Bar No. 387464
> **Attorneys for Defendant**
> **Vineyards Management Group, LLC**

DREW, ECKL & FARNHAM, LLP
303 Peachtree Street
Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
Email: horowitza@deflaw.com
        martinw@deflaw.com

9

2022CV02811

## CERTIFICATE OF SERVICE

I have today served the parties with *DEFENDANT VINEYARDS MANAGEMENT GROUP,*

*LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT* in the above-

styled case by filing same through the Court's electronic filing system and by electronic email

addressed as follows:

> Michael P. Walker
> Christopher B. Newbern
> Piasta Newbern Walker, LLC
> 3301 Windy Ridge Parkway
> Suite 110
> Atlanta, GA 30339
> Mike@pnwlaw.com
> chris@pnwlaw.com

This 31ST day of March, 2023.

**DREW ECKL & FARNHAM, LLP**

*/s/ William J. Martin*
William J. Martin
Georgia Bar No. 387464

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
Telephone:  404-885-1400
Email:  martinw@deflaw.com

10

2022CV02811

e-Filed 12/8/2023 8:26 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Cornelia Ramsey

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LUIS ROSARIO GUTIERREZ DIAZ, individually and as surviving spouse of Sonia Villegas Cervantes, deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>CLAYTON MHP JONESBORO GA, LLC *et al*, )<br><br>Defendants. ) | Civil Action No. 2022CV02811 |

---

### ORDER

---

Before the Court is the *Plaintiff's Motion to Compel* filed October 11, 2023. Having read and considered the briefing, and having heard oral argument, the Court **GRANTS** the motion. Defendants are hereby **ORDERED** to produce all discoverable electronically stored information, including e-mail, responsive to Plaintiff's *First Request for Production of Documents* on or before December 29, 2023.

**SO ORDERED,** this 6th day of December, 2023.

_____
*S. George*
SONJA GEORGE, JUDGE
State Court of Clayton County

Prepared by:
Michael P. Walker
*Counsel for Plaintiff*

2022CV02811

e-Filed 12/8/2023 8:14 AM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LUIS ROSARIO GUTIERREZ DIAZ, individually and as surviving spouse of Sonia Villegas Cervantes, deceased, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 2022CV02811 |
| v. | ) ) | |
| CLAYTON MHP JONESBORO GA, LLC *et al,* | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

Before the Court is the *Parties' Joint Motion to Extend Discovery*. For good cause shown, the motion is **GRANTED**. Discovery is hereby extended through and including March 29, 2024.

**SO ORDERED,** this 6th___ day of _____December_____, 2024̷.

_____*S. George*_____
SONJA GEORGE, JUDGE
State Court of Clayton County

Prepared by:
Michael P. Walker
*Counsel for Plaintiff*