# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUIS ROSARIO GUTIERREZ DIAZ, individually and as surviving spouse of Sonia Villegas Cervantes, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CLAYTON MHP JONESBORO GA, LLC; VINEYARDS MANAGEMENT GROUP, LLC; MIRIAM BRYANT; DOE 1; DOE 2; and DOE 3,<br><br>    Defendants. | CIVIL ACTION NO. _____ |

## DEFENDANTS' MOTION TO DISMISS MIRIAM BRYANT FOR FRAUDULENT JOINDER AND/OR FRAUDULENT MISJOINDER

Defendants Clayton MHP Jonesboro GA, LLC, Vineyards Management Group, LLC, and Miriam Bryant, ("Defendants") and without waiving any defenses, file this Motion to Dismiss Plaintiff's claims and causes of action against Defendant Miriam Bryant for Fraudulent Joinder and/or Fraudulent Misjoinder. In support of this Motion, Defendants rely upon the entire record in this action including all pleadings and documents filed with Defendant's Notice of Removal and the contemporaneously filed Brief in support of this Motion. The record shows that there is no plausible theory under which Defendant Miriam Bryant could be held liable to

Plaintiff. Therefore, Miriam Bryant should be dismissed from the case with prejudice.

Respectfully submitted this 20th day of December, 2023.

                                                **DREW ECKL & FARNHAM, LLP**

                                                *s/ William J. Martin*
                                                William J. Martin
                                                **Georgia Bar No. 387464**

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
E-mail: martinw@deflaw.com

## **CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendants hereby certifies that the foregoing has been prepared with one of the fonts and point selections approved by the Court in LR 5.1(B), Times New Roman 14 point.

This 20th day of December, 2023.

                                              **DREW ECKL & FARNHAM, LLP**

                                              */s/ William J. Martin*
                                              William J. Martin
                                              Georgia Bar No. 387464
                                              *Counsel for Defendants*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
(404) 885-6177
martinw@deflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing to be served to counsel of record for all parties through electronic filing and through email to:

>Michael P. Walker
>Piasta Walker Hagenbush
>3301 Windy Ridge Parkway
>Suite 110
>Atlanta, GA 30339
>Mike@piastawalker.com

This 20th day of December, 2023.

>DREW ECKL & FARNHAM, LLP
>
>_/s/ William J. Martin_
>William J. Martin
>Georgia Bar No. 387464
>*Counsel for Defendants*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
(404) 885-6177
martinw@deflaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUIS ROSARIO GUTIERREZ DIAZ, individually and as surviving spouse of Sonia Villegas Cervantes, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CLAYTON MHP JONESBORO GA, LLC; VINEYARDS MANAGEMENT GROUP, LLC; MIRIAM BRYANT; DOE 1; DOE 2; and DOE 3,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS MIRIAM BRYANT FOR FRAUDULENT JOINDER AND/OR FRAUDULENT MISJOINDER**

Defendants Clayton MHP Jonesboro GA, LLC, Vineyards Management Group, LLC, and Miriam Bryant, ("Defendants") and without waiving any defenses, file this Brief in Support of their Motion to Dismiss Defendant Miriam Bryant for Fraudulent Joinder and/or Fraudulent Misjoinder, showing the Court as follows:

### I. STATEMENT OF FACTS

Plaintiff's claims against Defendants, including Miriam Bryant, arise entirely from an April 30, 2022 shooting incident at the Clayton Village Mobile Home Park located at 6347 Tara Boulevard in Jonesboro in which Sonia Villegas Cervantes was

shot and killed by non-party criminal assailants. *Complaint*, ¶¶ 17, 19. Plaintiff's claims sound in negligence. *Complaint*, ¶¶ 21-35. Defendants, including Miriam Bryant, have denied Plaintiff's claims and asserted affirmative defenses, including defenses that Miriam Bryant is an improper party to the lawsuit and was fraudulently joined as a defendant. *Defendant Miriam Bryant's Answer and Affirmative Defenses to Plaintiff's Complaint*.

At present and at all times relevant to Plaintiff's claims, Miriam Bryant has been employed by Vineyards Management Group, LLC as Community Manager for a pair of mobile home properties including the subject property where the underlying incident occurred. *Bryant Affidavit*, ¶ 2. Ms. Bryant's job duties included paperwork related to the leasing of units to tenants, collection of rent from tenants, general management of the leasing office for the property during normal business hours, management of dispossessory processes, and contacting vendors to deal with certain limited maintenance issues on property, including lawn care, HVAC issues, and preparing vacated units to be turned and re-rented. *Bryant Affidavit*, ¶ 3. Ms. Bryant's duties have never included directing or participating in security at the subject property, and she has never made decisions regarding the engagement of security services or the implementation of security measures at the property. *Bryant Affidavit*, ¶¶ 4, 5, and 7.

Ms. Bryant does not maintain an on-site office at the subject property, but keeps standard business hours Monday through Friday at a leasing office located less than three miles away. *Bryant Affidavit*, ¶ 6. Ms. Bryant has never resided at the subject property, was not at the property on the night in question when Plaintiff's decedent was attacked by non-party criminal assailants, and was actually on leave outside of the country when the underlying incident occurred. *Bryant Affidavit*, ¶¶ 6, 9, 10 and 11.

## II.   ARGUMENT AND CITATION OF AUTHORITY

Although Defendant Bryant resides in Georgia, her status as a Georgia resident does not preclude this Court's exercise of diversity jurisdiction in light of the doctrine of fraudulent joinder. The doctrine of fraudulent joinder is a judicially created "exception to the requirement of complete diversity." *Barwick v. Outback Steakhouse of Fla., LLC, No.* CV418-312, 2019 WL 1495290, at *1 (S.D. Ga. Apr. 4, 2019) (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11tth Cir. 1998)).

Courts will invoke fraudulent joinder in three situations. First, if no possibility exists that the plaintiff can prove a cause of action against the non-diverse defendant, joinder is deemed fraudulent. *Id*. Second, fraudulent joinder will be found where "outright fraud" exists in the plaintiffs' statement of jurisdictional facts. *Id*. Finally, fraudulent joinder exists "where a diverse defendant is joined with a non-diverse

defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant." *Id*. The determination of whether a resident defendant has been fraudulently joined must be based upon the Plaintiff's pleadings at the time of removal supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F. 3d 1317, 1322 (11th Cir. 2005). The standard appropriate for resolving a claim of fraudulent joinder is similar to the standard used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b). *Legg* at 1322-23.

Here, Defendants' motion to dismiss Plaintiff's claims against Miriam Bryant is warranted as no possibility exists that Plaintiff can prove a cause of action against Bryant as the sole non-diverse defendant. In Georgia, it is well-established that an officer, employee, or agent of a company cannot be personally liable simply because of management status. *Walmart Stores E.L.P. v. Benson*, 343 Ga. App. 74, 81 (2017); *Ceasar v. Shelton Land Co.*, 266 Ga. App. 271 (2004). Rather, an employee, like Miriam Bryant in the present case, "who takes no part in the commission of a tort committed by the corporation is not personally liable unless [s]he specifically directed the particular act to be done or participated or cooperated therein." *Ceasar*, supra at 272; *Dempsey v. Southeastern Industrial Contracting Co., Inc.* 309 Ga. App. 140, 144 (2011).

Here, the undisputed evidence is that Ms. Bryant was not present at the subject property at the time of the underlying incident, did not maintain an office at the subject property, and did not personally direct, supervise, or control any work at the property related to security. "Under Georgia law, an agent may be liable for ***his own*** tortious conduct. However, an agent ***is not liable*** if he is not party to the tort." *Adeley v. Marshalls Atlanta Merchants, Inc.*, 2020 WL 13310596 *5 (N.D. Ga. Nov. 3, 2020); see also *Newman v. Wal-Mart Stores East, L.P.*, 2015 WL 7258497 (M.D. Ga. Nov. 17, 2015). In *Newman*, Judge Lawson found that the store manager could not be liable for individual negligence or under a respondeat superior theory when he was not working on the day of the underlying incident, and was "therefore, not a party to the tort alleged in [the] case." *Newman*, supra at *5. Where Bryant, like the store manager in *Newman*, was on leave and not working on the day of the underlying incident, and played no role in conducting, directing, or supervising security at the premises, then she cannot be liable for any individual negligence underlying Plaintiff's claims.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully submit that this motion should be granted, and Defendant Bryant should be dismissed.

Respectfully submitted this 20th day of December, 2023.

                                   **DREW ECKL & FARNHAM, LLP**

                                   *s/ William J. Martin*
                                   William J. Martin
                                   **Georgia Bar No. 387464**

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
E-mail: martinw@deflaw.com

## **CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendants hereby certifies that the foregoing has been prepared with one of the fonts and point selections approved by the Court in LR 5.1(B), Times New Roman 14 point.

This 20th day of December, 2023.

                                          **DREW ECKL & FARNHAM, LLP**

                                          */s/ William J. Martin*
                                          William J. Martin
                                          Georgia Bar No. 387464
                                          *Counsel for Defendants*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
(404) 885-6177
martinw@deflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing to be served to counsel of record for all parties through electronic filing and through email to:

> Michael P. Walker
> Piasta Walker Hagenbush
> 3301 Windy Ridge Parkway
> Suite 110
> Atlanta, GA 30339
> Mike@piastawalker.com

This 20th day of December, 2023.

**DREW ECKL & FARNHAM, LLP**

*/s/ William J. Martin*
William J. Martin
Georgia Bar No. 387464
*Counsel for Defendants*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
(404) 885-6177
martinw@deflaw.com